Robert P. Goe - State Bar No. 137019
Brandon J. Iskander – State Bar No. 300916
**GOE FORSYTHE & HODGES LLP**
18101 Von Karman Avenue, Suite 1200
Irvine, CA 92612
rgoe@goeforlaw.com
biskander@goeforlaw.com

Telephone: (949) 798-2460
Facsimile: (949) 955-9437

Attorneys for The Huntington Beach Gables Homeowners Association

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>JAMIE LYNN GALLIAN,<br><br><br><br>Debtor. | Case No. 8:21-bk-11710-ES<br><br>Chapter 7<br><br>**THE HUNTINGTON BEACH GABLES HOMEOWNERS ASSOCIATION'S REPLY TO DEBTOR'S OPPOSITION TO MOTION OBJECTING TO DEBTOR'S CLAIMED HOMESTEAD EXEMPTION**<br><br>Hearing Date: July 21, 2022<br>Time:         10:30 a.m.<br>Courtroom:    5A |

The Huntington Beach Gables Homeowners Association ("HOA") hereby files its Reply to Debtor's Opposition to Motion Objecting to Debtor's Claimed Homestead Exemption, filed June 1, 2022, as Docket No. 105 ("Opposition").

In a long and meandering brief, the Debtor admits that on the Petition Date, her LLC was the title owner of the real property located at 16222 Monterey Lane, Space 376, Huntington Beach, CA 92649 ("Property") but that she was holding onto a release of title that she allegedly executed from herself as manager of her LLC to herself individually months before (Opposition, at 4:3-20).  Based on this admission, Debtor argues that although exemptions are fixed on the

1

Petition date, she need not be title owner of real property in order to claim a homestead exemption and that her entitlement to the homestead exemption is proven by residency alone.

However, these arguments have already been considered at length and rejected in a published decision of the Ninth Circuit Bankruptcy Appellate Panel ("BAP") in *Schaefers v. Blizzard Energy, Inc. (In re Schaefers),* 623 B.R. 777 (B.A.P. 9th Cir. 2020).

In *Schaefers*, the chapter 7 debtors' limited liability company was the title owner of their California residence. *Id.* at 779-80. Blizzard Energy, the Schaefers' largest creditor, objected to the homestead exemption claim on the ground that the Debtors did not have an interest in the residence, their LLC did. *Id.* at 781. The Schaefers argued, like Debtor does in the Opposition, that mere residence alone is sufficient to establish a homestead exemption. *Id.* at 783. The BAP rejected that very argument because, as a matter of California law, the members of an LLC have no interest in LLC property. *Id.* at 783. Consequently, residency alone is not sufficient to maintain a valid homestead exemption. The BAP further explained why the Court should not permit a debtor to exempt property of a separate and distinct legal entity:

> The California requirement that the debtor must have some interest in the homestead property is consistent with the scope of the Bankruptcy Code's exemption statute, which only applies to property of the estate. *See* § 522(b)(1); *see also Schwab*, 560 U.S. at 774 (holding that unopposed exemption claims "exclude the subject property from the estate"). Aside from certain nuances not relevant here, property of the estate only includes property in which the debtor has a legal, equitable, or community property interest. § 541(a); *see also Jess v. Carey (In re Jess)*, 169 F.3d 1204, 1207 (9th Cir. 1999) ("Notwithstanding certain specified exceptions, the bankruptcy estate includes all legal and equitable interests in property held by the debtor at the time of filing."). Schaefers failed to prove that he held any equitable or legal interest in the Property. Accordingly, it is not property of the estate, and he cannot claim any exemption in it. *See In re Breece*, 487 B.R. 599, 2013 WL 197399 at *9.

*Id.* at 784.

The HOA respectfully submits that there is no material difference between the facts of the BAP's decision and the case at bar. Accordingly, Debtor is entitled to no homestead exemption in the Property and her homestead exemption claim must be disallowed in its entirety. Alternatively, the exemption must be capped at $170,350 pursuant to 11 U.S.C. § 522(p)).

| | | |
|---|---|---|
| 1 | Dated: July 7, 2022 | Respectfully submitted, |
| 2 | | **GOE FORSYTHE & HODGES, LLP** |
| 3 | | |
| 4 | | By: /s/ Robert P. Goe |
| 5 | | Robert P. Goe<br>Brandon J. Iskander<br>Attorneys for Huntington Beach Gables<br>Homeowners Association |

**PROOF OF SERVICE OF DOCUMENT**

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 18101 Von Karman Avenue, Suite 1200, Irvine, CA 92612

A true and correct copy of the foregoing document entitled (*specify*): **THE HUNTINGTON BEACH GABLES HOMEOWNERS ASSOCIATION'S REPLY TO DEBTOR'S OPPOSITION TO MOTION OBJECTING TO DEBTOR'S CLAIMED HOMESTEAD EXEMPTION** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) July 7, 2022, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Aaron E DE Leest**   adeleest@DanningGill.com, danninggill@gmail.com;adeleest@ecf.inforuptcy.com
- **Robert P Goe**   kmurphy@goeforlaw.com, rgoe@goeforlaw.com;goeforecf@gmail.com
- **Jeffrey I Golden (TR)**   lwerner@wgllp.com, jig@trustesolutions.net;kadele@wgllp.com
- **D Edward Hays**   ehays@marshackhays.com, ehays@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@marshackhays.com; cmendoza@ecf.courtdrive.com
- **Brandon J Iskander**   biskander@goeforlaw.com, kmurphy@goeforlaw.com
- **Eric P Israel**   eisrael@DanningGill.com, danninggill@gmail.com;eisrael@ecf.inforuptcy.com
- **Laila Masud**   lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com
- **Mark A Mellor**   mail@mellorlawfirm.com, mellormr79158@notify.bestcase.com
- **Valerie Smith**   claims@recoverycorp.com
- **United States Trustee (SA)**   ustpregion16.sa.ecf@usdoj.gov

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) July 7, 2022, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows: Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

| | | |
|---|---|---|
| Jamie Lynn Gallian | Janine Jasso | Michael D Poole |
| 16222 Monterey Ln Unit 376 | PO Box 370161 | Feldsott & Lee |
| Huntington Beach, CA 92649 | El Paso, TX 79937 | 23161 Mill Creek Dr Ste 300 |
| | | Laguna Hills, CA 92653 |

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL**: (state the method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) July 7, 2022, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows: Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

- The Honorable Erithe A. Smith, USBC, 411 West Fourth Street, Santa Ana, CA 92701
- (SUSPENDED DUE TO COVID-19 PROTOCOLS)

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

July 7, 2022         Susan C. Stein                          /s/Susan C. Stein
*Date*               *Printed Name*                          *Signature*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28