D. EDWARD HAYS, #162507
ehays@marshackhays.com
LAILA MASUD, #311731
lmasud@marshackhays.com
BRADFORD N. BARNHARDT, #328705
bbarnhardt@marshackhays.com
MARSHACK HAYS LLP
870 Roosevelt
Irvine, CA 92620
Telephone: (949) 333-7777
Facsimile: (949) 333-7778

Attorneys for Movant and Creditor,
HOUSER BROS. CO. dba RANCHO DEL
REY MOBILE HOME ESTATES

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>JAMIE LYNN GALLIAN,<br><br>      Debtor. | Case No. 8:21-bk-11710-ES<br><br>Chapter 7<br><br>REPLY TO DEBTOR'S OPPOSITION TO MOTION OBJECTING TO CLAIMED HOMESTEAD EXEMPTION; DECLARATION OF D. EDWARD HAYS IN SUPPORT<br><br>Date:  July 21, 2022<br>Time:  10:30 a.m.<br>Ctrm:  5A[1]<br>Location: 411 W. Fourth Street, Santa Ana, CA 92701 |

/ / /

/ / /

---

[1] To continue to aid in the mitigation of the spread of the COVID-19 virus and in light of the response of the Bar to continue virtual appearances, Judge Smith will continue to hold the majority of her hearings remotely using ZoomGov audio and video. However, beginning September 1, 2021, Judge Smith will allow the option for in-person hearings and/or hybrid proceedings for trial and evidentiary hearings only.

# TABLE OF CONTENTS

**MEMORANDUM OF POINTS AND AUTHORITIES**................................................................2

1.     SUMMARY OF ARGUMENT .............................................................................2

2.     FACTUAL BACKGROUND ...............................................................................3

     A.      Homestead Exemption Objection ...............................................................3

3.     LEGAL ARGUMENT .........................................................................................4

     A.      Debtor bears the burden of proof to show entitlement to the ...................4

     homestead exemption........................................................................................4

     B.      Houser Bros. has standing to bring the Motion. ........................................6

     C.      The date of recordation is the relevant date for determining a debtor's entitlement to a homestead exemption.....................................................7

     D.      Even if the transfer date were the relevant date for determining entitlement to a homestead exemption, Debtor provides no credible evidence that she acquired an interest from the LLC on February 25, 2021, or any other date prior to bankruptcy.................................................................................10

     E.      Debtor's filing of a declaration of homestead is irrelevant to this case because declared homesteads do not help debtors in bankruptcy cases. ...........13

     F.      Debtor provides no evidence in support of her equitable estoppel argument, which appears to be entirely irrelevant to the arguments raised in the Motion. ....14

     G.      Debtor's Opposition does not address the argument that 11 U.S.C. § 522(p) imposes a $170,350 cap on any exemption. .........................................14

     H.      Debtor did not have any legal or equitable interest in the Property to support a homestead. ..........................................................................................15

4.     CONCLUSION .................................................................................................15

DECLARATION OF D. EDWARD HAYS..........................................................................17

REPLY IN SUPPORT OF MOTION OBJECTING TO DEBTOR'S CLAIMED HOMESTEAD EXEMPTION

4880-1284-8131,v.1

# TABLE OF AUTHORITIES

## CASES

*Banayan v. Mesbahi (In re Mesbahi)*, Nos. LA 03-39268 TD, LA 05-01139 TD, 2005
    Bankr. LEXIS 2510, at *7 (Bankr. C.D. Cal. Dec. 13, 2005)...................................................12

*Diaz v. Kosmala (In re Diaz)*,
    547 B.R. 329, 336-37 (B.A.P. 9th Cir. 2016) ........................................................................5

*Eleiwa v. Whitmore (In re Eleiwa)*,
    2013 Bankr.LEXIS 5746, at *7-8 (B.A.P. 9th Cir. June 5, 2013) ...........................................2

*Hayden v. Chalfant Press, Inc.*,
    281 F.2d 543, 546 (9th Cir. 1960)] ......................................................................................12

*Heintz v. Carey (In re Heintz)*,
    198 B.R. 581, 586 (B.A.P. 9th Cir. 1996)...........................................................................2, 9

*In re Archuletta*,
    614 B.R. 892, 895-96 (Bankr. D.N.M. 2020) ........................................................................7

*In re Farokhirad*,
    8:21-bk-10026-MW, ECF No. 98 (Bankr. C.D. Cal. Apr. 29, 2021), ....................................8

*In re Sain*,
    584 B.R. 325, 329 (Bankr. S.D. Cal. 2018) ......................................................................5, 13

*In re Tallerico*,
    532 B.R. 774, 780 (Bankr. E.D. Cal. 2015)............................................................................5

*In re Tallerico*,
    532 B.R. 774, 780 (Bankr. E.D. Cal. 2015). CCP § 704.780(a)(1) ...........................................4

*Kashkashian v. Lerner (In re Kashkashian)*,
    544 B.R. 824, 832 n.8 (Bankr. E.D. Pa. 2016) ............................................................2, 9, 12

*Kelly v. Locke (In re Kelley)*,
    300 B.R. 11, 21 (B.A.P. 9th Cir. 2003) ............................................................................5, 13

*Matter of Southmark Corp.*,
    62 F.3d 104, 106 (5th Cir. 1995) ...........................................................................................7

*Owen v. Owen*,
    500 U.S. 305 (1991)...............................................................................................................9

*Raleigh v. Ill. Dep't of Revenue*,
    530 U.S. 15 (2000).................................................................................................................5

*Salven v. Galli (In re Pass),*
 553 B.R. 749, 757 (B.A.P. 9th Cir. 2016)..................................................................... 9

*Schaefers v. Blizzard Energy, Inc. (In re Schaefers),*
 623 B.R. 777, 783, 785 (B.A.P. 9th Cir. 2020) ...............................................2, 9, 12

*Star Fabrics, Inc. v. Ross Stores, Inc.,*
 2017 U.S.Dist.LEXIS 225597, at *6-7 (C.D. Cal. Nov. 20, 2017)............................ 14

*Thorp v. Gugino (In re Thorp)*, 2009 U.S.Dist.LEXIS 71435, at *5-6 (D. Idaho Aug.
 12, 2009) ...................................................................................................................... 6


## STATUTES

11 U.S.C. § 522(l) ................................................................................................................ 6

11 U.S.C. § 522(p) ............................................................................................................. 14

11 U.S.C. § 541(a) ...................................................................................................2, 9, 12

Cal. Civ. Proc. Code § 704.780(a) ...................................................................................... 5

Cal. Code Civ. P. § 704.780(a)(1) ....................................................................................... 5

CCP § 703.740 .................................................................................................................. 14

CCP § 704.730 .................................................................................................................... 8

CCP § 704.780(a) ................................................................................................................ 5

CCP § 704.780(a)(1) ........................................................................................................... 5

CCP §§ 704.910-704.995 ................................................................................................. 13


## OTHER AUTHORITIES

4 COLLIER ON BANKRUPTCY P 522.05 n.11 ......................................................................... 6

4 COLLIER ON BANKRUPTCY P 522.13[1] (2022) ............................................................... 14


## RULES

Fed. R. Bankr. P. 4003(b) .................................................................................................... 6

Loc. Bankr. R. 9013-1(f)(2) .............................................................................................. 14

Rule 4003(c) ........................................................................................................................ 5

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

REPLY IN SUPPORT OF MOTION OBJECTING TO DEBTOR'S CLAIMED HOMESTEAD EXEMPTION
4880-1284-8131,v.1

1    TO THE HONORABLE ERITHE A. SMITH, UNITED STATES BANKRUPTCY JUDGE, THE

2    DEBTOR, AND ALL INTERESTED PARTIES:

3         Houser Bros. Co., dba Rancho Del Rey Mobile Home Estates ("Houser Bros.") files this

4    reply ("Reply") in support of the Motion objecting to Debtor's claimed homestead exemption

5    ("Motion"), filed on May 12, 2022, as Dk. No. 95.

## Memorandum of Points and Authorities

### 1.    Summary of Argument

Exemptions only apply to property of the estate, which is limited to property owned by the debtor as of the commencement of the case. *Kashkashian v. Lerner (In re Kashkashian)*, 544 B.R. 824, 832 n.8 (Bankr. E.D. Pa. 2016) (citing 11 U.S.C. § 541(a)); *see also Eleiwa v. Whitmore (In re Eleiwa)*, 2013 Bankr.LEXIS 5746, at *7-8 (B.A.P. 9th Cir. June 5, 2013) (indicating, in ruling on a homestead exemption objection under California law, that property cannot be exempted unless it is first property of the estate) (citing *Heintz v. Carey (In re Heintz)*, 198 B.R. 581, 586 (B.A.P. 9th Cir. 1996)). As shown in the Motion, the record owner of the subject Property on the petition date was Debtor's single-member LLC, J-Sandcastle LLC.[2] But, assets of an LLC are not assets of Debtor personally, and Debtor therefore cannot claim the Property as exempt. *Schaefers v. Blizzard Energy, Inc. (In re Schaefers)*, 623 B.R. 777, 783, 785 (B.A.P. 9th Cir. 2020) (holding that a debtor could not claim a homestead exemption in the property where he resided because he admitted that the property was owned by his LLC).

Debtor, who bears the burden of proof, provides no evidence to show that she was the owner of record on the Petition Date. Debtor instead insists that J-Sandcastle LLC released title to her personally on February 25, 2021, as evidenced by a notary public's acknowledgment attached to the purported release. Houser Bros., however, obtained a declaration from the notary whose book shows no record of notarizing any HCD documents for Debtor. Instead, the notary's book shows that he notarized two unrelated documents for Debtor on February 25, 2021, with the notary pages on those

---

[2] Capitalized terms not otherwise defined in this Reply brief shall have the meaning ascribed to them in the Motion.

REPLY IN SUPPORT OF MOTION OBJECTING TO DEBTOR'S CLAIMED HOMESTEAD EXEMPTION
4880-1284-8131,v.1

documents perfectly matching Debtor's alleged proof as to when the transfer occurred. In other words, ***Debtor has perjured herself and forged the subject document in an attempt to defraud the Court***. Because there is no credible evidence establishing that Debtor held a sufficient interest in the Property on the petition date, there are no grounds upon which an exemption can be allowed.

Because all evidence shows that J-Sandcastle LLC rather than Debtor owned the Property, she is not entitled to the claimed exemption. When Debtor purchased the Property with her individual funds, she chose to place title in the name of an LLC as part of an effort to hinder, delay, and defraud creditors. She then admitted to paying rent to the LLC. Sustaining the objection to exemption based on the facts of this case is the consequence of Debtor's gamesmanship and fraud on creditors.[3]

## 2.    Factual Background

### A.    Homestead Exemption Objection

On May 12, 2022, Houser Bros. filed a "Notice of Motion and Motion Objecting to Debtor's Claimed Homestead Exemption" (defined above as the "Motion"). Docket No. 95. A true and correct copy of the CM/ECF Docket in this case is attached to the Declaration of D. Edward Hays ("Hays Declaration") as **Exhibit 1**. The Motion was set for hearing on June 2, 2022. Docket No. 99.

On May 13, 2022, The Huntington Beach Gables Homeowners Association ("HOA") filed a "Joinder to Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates' Motion Objecting to Debtor's Claimed Homestead Exemption." Docket No. 98.

On May 16, 2022, Janine Jasso ("Ms. Jasso") filed a "Joinder to Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates' Motion Objecting to Debtor's Claimed Homestead Exemption." Docket No. 100.

On June 30, 2022, Chapter 7 Trustee Jeffrey I. Golden ("Trustee," and together with the HOA and Ms. Jasso, the "Joining Parties") filed "Trustee's Joinder in Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates' Motion Objecting to Debtor's Claimed Homestead Exemption." Docket No. 128.

---

[3] This result in consistent with Section 522(g) which prohibits exemptions after avoidance of fraudulent transfers.

REPLY IN SUPPORT OF MOTION OBJECTING TO DEBTOR'S CLAIMED HOMESTEAD EXEMPTION
4880-1284-8131,v.1

On June 1, 2022—the day before the scheduled hearing on the Motion—Debtor filed a "Reply Opposition, Memorandum of Points and Authorities to Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates' Motion Objecting to Debtor's Claimed Homestead Exemption and Joinder Parties Huntington Beach Gables HOA; Janine Jasso" ("Opposition"). Docket No. 105. In support of the Opposition, Debtor filed a "Declaration of Jamie Lynn Gallian" ("Gallian Declaration"). *Id.*

Before the June 2, 2022, hearing, the Court posted a tentative ruling to continue the hearing on the Motion to July 21, 2022 ("TR"). And, on June 23, 2022, as Docket No. 124, the Court entered an "Order Continuing Hearing on Motion Objecting to Debtor's Claimed Homestead Exemption" ("Scheduling Order"). A true and correct copy of the Court's Scheduling Order, which attaches as an exhibit a copy of the TR, is attached to the Hays Declaration as **Exhibit 2**. The Scheduling Order provided as follows:

1) The hearing on the Motion is continued to July 21, 2022, at 10:30 a.m., to allow Houser Bros. and/or the Joining Parties to file a reply/replies to Debtor's late opposition filed on June 1, 2022;

2) Any replies by Houser Bros. or the Joining Parties must be filed by July 7, 2022; and

3) No other pleadings may be filed regarding the Motion.

Hays Decl. Ex. 2 at 35.

## 3.    Legal Argument

### A.    Debtor bears the burden of proof to show entitlement to the homestead exemption.

As discussed in the Motion, California, by statute, regulates the burden of proof regarding its exemptions. *In re Tallerico*, 532 B.R. 774, 780 (Bankr. E.D. Cal. 2015). CCP § 704.780(a)(1) provides:

> The burden of proof at the hearing is determined in the following manner: (1) If the records of the county tax assessor indicate that there is a current homeowner's exemption or disabled veteran's exemption for the dwelling claimed by the judgment debtor or the judgment debtor's spouse, the judgment creditor has the burden of proof that the dwelling is not a homestead. If the records of the county tax assessor indicate that there is not a current homeowner's exemption or disabled veteran's exemption for the dwelling claimed by the judgment debtor or the judgment debtor's spouse, the

REPLY IN SUPPORT OF MOTION OBJECTING TO DEBTOR'S CLAIMED HOMESTEAD EXEMPTION
4880-1284-8131,v.1

> burden of proof that the dwelling is a homestead is on the person who claims that the dwelling is a homestead.

California law allocates the burden of proof on a homestead based on the records of the county tax assessor. CCP § 704.780(a); *see also In re Tallerico*, 532 B.R. 774, 780 (Bankr. E.D. Cal. 2015); *Diaz v. Kosmala (In re Diaz)*, 547 B.R. 329, 336-37 (B.A.P. 9th Cir. 2016) (holding that where a state law exemption statute specifically allocates the burden of proof to the debtor, Rule 4003(c) does not change that allocation) (citing *Raleigh v. Ill. Dep't of Revenue*, 530 U.S. 15 (2000)).

In this case, the records of the Orange County Treasurer-Tax Collector do not show that there is a "current homeowner's exemption or disabled veteran's exemption" for the Property. *See* Motion Ex. 24 at 223 (copy of the 2021-22 tax bill for the Property).[4] Ms. Gallian provides no evidence to the contrary, and she misstates the law, quoted above, when she argues that "[p]ursuant to Cal. Civ. Proc. Code § 704.780(a), the burden to show a debtor's entitlement to a homestead exemption rests with the debtor, **[unless]** a declared homestead has been recorded." Opposition at 14 (emphasis in original). Further, as explained in the Motion, the Homestead Declaration that Debtor claims to have filed was done with the Orange County Clerk-Recorder, not the Orange County Treasurer-Tax Collector, and a declaration of homestead does not pertain to the automatic homestead exemption. *See Kelly v. Locke (In re Kelley)*, 300 B.R. 11, 21 (B.A.P. 9th Cir. 2003) (noting that in the bankruptcy context, a debtor's declaration of homestead "helps him not at all, as the additional benefits conferred in Article 5 [Sections 704.910-704.995] would benefit him only in the situation of a voluntary sale") (emphasis in original); *In re Sain*, 584 B.R. 325, 329 (Bankr. S.D. Cal. 2018) (indicating that only the automatic homestead was available to a debtor who held a recorded declaration of homestead, because the debtor had not elected a declared homestead exemption in his

---

[4] Debtor highlights that she sold "unencumbered real property with a Homestead Exemption noted on the 2018-2019 Secured Tax Assessors Bill of the debtors [sic] previous residence A.P.N. 937-630-53, commonly described as 4476 Alderport Drive, Unit 53, Huntington Beach, CA 92649, sold on October 31, 2018 . . . ." Opposition at 6. CCP § 704.780(a)(1), however, looks to whether the records of the county tax assessor indicate that there is "a current homeowner's exemption . . . for *the dwelling claimed by the judgment debtor* . . . ." Cal. Code Civ. P. § 704.780(a)(1) (emphasis added).

1  schedules, and declared homesteads are not applicable to sales by bankruptcy trustees); *see also*

2  Motion at 12-13 n.6 & 15 n.7 (discussing homestead declarations and the burden of proof). [5]

3  ## B.    Houser Bros. has standing to bring the Motion.

4  To claim property as exempt, a debtor must file a list of property claimed as exempt and,

5  "[u]nless a party in interest objects, the property claimed as exempt on such list is exempt." *Thorp v.*

6  *Gugino (In re Thorp)*, 2009 U.S.Dist.LEXIS 71435, at *5-6 (D. Idaho Aug. 12, 2009) (quoting 11

7  U.S.C. § 522(l)); *see also* Fed. R. Bankr. P. 4003(b) (providing that a "party in interest" may file an

8  objection to the list of property claimed by debtor as exempt); 4 COLLIER ON BANKRUPTCY P 522.05

9  n.11 (indicating that Rule 4003(b) was amended in 2000, replacing the words "trustee or creditor"

10  with "party in interest" to conform to § 522(l), which permits a party in interest to object to claimed

11  exemptions).

12  Houser Bros., which owns and operates a mobilehome park at which the Property is located,

13  has an interest in Debtor's removal from the premises and is a creditor for the damages caused by

14  Debtor's trespass. Further, in her Ninth Amended Schedules, Debtor listed Houser Bros. as a

15  creditor, with a contingent, unliquidated, disputed claim against the Property of unknown amount.

16  Motion at 111 (Ninth Amended Schedules).

17  On January 2, 2019, Houser Bros. filed a "Complaint for Forcible Entry/Detainer

18  (Mobilehome Park)" ("OCSC Complaint") against Debtor in Orange County Superior Court, Case

19  No. 30-2019-01041423-CL-UD-CJC ("OCSC Action"). A true and correct copy of the OCSC

20  Complaint is attached to the Hays Declaration as **Exhibit 3**. The OCSC Complaint seeks, among

21  other relief, damages at a rate of $36.20 per day as a reasonable rental value of the Property from

22  and after the date of possession until judgment and for so long as Debtor's occupation of the

23  Property continues.[6] Hays Decl. Ex. 3 at 41.

24

25  [5] Although Debtor contends that her "declared homestead declaration does not prevent [her] from
the benefit or use of the automatic homestead exemption . . . ," Opposition at 16, this argument

26  misses the point, that in the bankruptcy context, a homestead declaration does not help a debtor.

27  [6] The OCSC Complaint alleges that the reasonable rental value of the premises is at least $36.20 per
day, and damages caused by Defendants' forcible detention will accrue at said rate so long as

28  the mobilehome remains in possession of said premises. Hays Decl. Ex. 3 at 41.

REPLY IN SUPPORT OF MOTION OBJECTING TO DEBTOR'S CLAIMED HOMESTEAD EXEMPTION
4880-1284-8131,v.1

1    Debtor's claimed homestead exemption, if allowed, will bind Houser Bros., and potentially

2    removes a valuable asset from Trustee's administration upon which it could receive ratable

3    distributions. Houser Bros. is therefore a creditor or other party in interest in this case, with standing

4    to object to the claimed homestead exemption. *See In re Archuletta*, 614 B.R. 892, 895-96 (Bankr.

5    D.N.M. 2020) (finding that a neighborhood association had standing to object to a debtor's claimed

6    homestead exemption because it had sued the debtor to collect on unpaid assessments against the

7    property, and the debtor could seek to avoid any judgment lien the association might obtain to the

8    extent it impaired the homestead exemption).

9    Houser Bros. is likewise the plaintiff in *Houser Bros. Co. dba Rancho Del Rey Mobile Home*

10   *Estates v. Gallian (In re Gallian)*, Adversary Proceeding No. 8:21-ap-01097-ES ("AP"). A true and

11   correct copy of the "First Amended Complaint to (1) Determine Dischargeability of Debt Pursuant to

12   11 U.S.C. §§ 523(a)(2)(A) and (a)(6); (2) Deny Discharge Pursuant to 11 U.S.C. §§ 727(a)(2)(A),

13   (a)(4), and (a)(5)," filed as Docket No. 3 in the AP ("AP Complaint"), is attached to the Hays

14   Declaration as **Exhibit 4**.

15   In challenging Houser Bros.'s standing to bring the Motion, Debtor cites *Matter of*

16   *Southmark Corp.*, 62 F.3d 104, 106 (5th Cir. 1995), for the proposition that "a party to an executory

17   contract has a claim against the debtor [only] when the [debtor has rejected] the contract."

18   Opposition at 8. But, there is no suggestion of an executory contract here. In fact, Debtor

19   acknowledges moving onto the premises knowing that Houser Bros. rejected her application to

20   become a tenant in the park. Debtor's citation to *Matter of Southmark* is unavailing.

21   Lastly, another creditor with prepetition judgments against Debtor and the Chapter 7 trustee

22   have filed joinders in the Motion. See, Dk. Nos. 98 and 100. There is no doubt that creditors and

23   parties-in-interest have standing to challenge the claimed exemption.

24   ## C.    The date of recordation is the relevant date for determining a

25   ## debtor's entitlement to a homestead exemption.

26   Although Debtor summarily argues that "[r]ecord title to the homestead is not required to

27   claim a homestead exemption in the property," Opposition at 3, she cites no authority in support,

28   and, in fact, *In re Farokhirad*, cited in the Motion, shows otherwise. In *In re Farokhirad*, 8:21-bk-

7

10026-MW, ECF No. 98 (Bankr. C.D. Cal. Apr. 29, 2021), the court sustained a Chapter 7 trustee's objection to individual debtors' claimed homestead exemption where an LLC held title to the property, and an attempt to transfer title was not recorded. Ardeshir and Fariba Farokhirad filed a voluntary Chapter 7 petition on January 7, 2021, and they claimed a homestead exemption in real property under CCP § 704.730. *Id.* at 2. Both debtors resided at the property, but Bolzano LLC, which was Ardeshir Farokhirad's single-member LLC, held title to it. *Id.* The operating agreement for Bolzano LLC, dated February 25, 2019, purported to give Ardeshir Farokhirad "an interest in real property." *Id.* at 2-3. It further provided that "such real property shall be deemed held and owned in the name of the Undersigned even though 'record' ownership or title, in some instances, may, presently or in the future, be registered the Company's name, in which event such record ownership shall hereafter be deemed held by the Undersigned even though such ownership remains undisclosed." *Id.* at 3.

In ruling on the trustee's exemption objection, the Court noted that under California law, a debtor must have some legal or equitable interest in the subject real property to claim a homestead exemption, and assets of an LLC belong to the LLC, not the debtor/member. *Id.* at 3. The court further indicated that at common law and under the statutory law of most states, ownership and title to real property is transferred by deed, and unrecorded deeds may be effective as between the grantor and the grantee, but such conveyances in the absence of recordation are often ineffective against other parties. *Id.* at 4. The court noted that the Bolzano LLC operating agreement purported to transfer ownership of the property from Bolzano LLC to Ardeshir Farokhirad, without a deed. *Id.* And, the court noted that an unrecorded deed would not be effective as against a Chapter 7 trustee. *Id.* The court therefore sustained the trustee's exemption objection. *Id.* at 5.

Based on *Farokhirad*, any changes in title to the Property between Debtor and J-Sandcastle LLC are ineffective against third parties, absent recordation. And, because the HCD records show that J-Sandcastle LLC was the owner of record on the Petition Date as set forth in the Motion, and Debtor, who bears the burden of proof, has presented no evidence to the contrary, she is not entitled to claim a homestead exemption in the Property. Further, the court's decision in *Farokhirad* to sustain a homestead exemption objection in debtors' residence dispels Debtor's argument, that she is

8

entitled to her claimed exemption because she has resided at the Property since its acquisition on November 1, 2018. Opposition at 3, 15; *see also Schaefers v. Blizzard Energy, Inc. (In re Schaefers)*, 623 B.R. 777, 783, 785 (B.A.P. 9th Cir. 2020) (holding that a debtor could not claim a homestead exemption in the property where he resided because he admitted that the property was owned by an LLC); *see generally Eleiwa v. Whitmore (In re Eleiwa)*, 2013 Bankr.LEXIS 5746, at *7-8 (B.A.P. 9th Cir. June 5, 2013) (indicating, in ruling on a homestead exemption objection under California law, that property cannot be exempted unless it is first property of the estate) (citing *Heintz v. Carey (In re Heintz)*, 198 B.R. 581, 586 (B.A.P. 9th Cir. 1996)); *Kashkashian v. Lerner (In re Kashkashian)*, 544 B.R. 824, 832 n.8 (Bankr. E.D. Pa. 2016) (noting that exemptions only apply to property of the estate, and property of the estate is limited to property owned by the debtor as of the commencement of the case) (citing 11 U.S.C. § 541(a)).[7] And, Debtor's reliance on *Salven v. Galli (In re Pass)*, 553 B.R. 749, 757 (B.A.P. 9th Cir. 2016), is misplaced because it did not involve a situation where a debtor's LLC acquired real property that the debtor tried to claim as exempt in bankruptcy.

Because J-Sandcastle LLC was the Property's owner, Debtor is not entitled to her claimed homestead exemption, and the objection should be sustained. *See Owen v. Owen*, 500 U.S. 305 (1991) ("Property that is properly exempted under § 522 is (with some exceptions) immunized against liability for prebankruptcy debts. § 522(c). No property can be exempted (and thereby immunized), however, unless it first falls *within* the bankruptcy estate.") (emphasis in original).

/ / /

/ / /

---

[7] Although Debtor contends that she purchased the Property "with exempt funds, claimed as exempt," title to the Property was held by J-Sandcastle LLC. Motion at 116-17 (Ex. 13, the Ryan Release Form, showing that Lisa Ryan released the Property to J-Sandcastle LLC on November 1, 2018); Motion at 118-19 (the Notice of Sale, indicating that on November 1, 2018, Lisa Ryan sold, transferred, and delivered the mobilehome to J-Sandcastle LLC). And, under California law, a limited liability company is a separate and distinct legal entity from its owners or members, and LLC members have no interest in the company's assets. *In re Schaefers*, 623 B.R. at 783.

REPLY IN SUPPORT OF MOTION OBJECTING TO DEBTOR'S CLAIMED HOMESTEAD EXEMPTION
4880-1284-8131,v.1

**D.    Even if the transfer date were the relevant date for determining entitlement to a homestead exemption, Debtor provides no credible evidence that she acquired an interest from the LLC on February 25, 2021, or any other date prior to bankruptcy.**

Debtor, in the Opposition, makes much of J-Sandcastle LLC's execution of a notarized release of title document, claiming: "On the petition date July 9, 2021, the registered title owner of the manufactured home located at 16222 Monterey Lane, Unit #376, Huntington Beach, CA 92649 ('Property') was Jamie Lynn Gallian as of February 25, 2021, the date J-Sandcastle Co LLC signed and dated to release the Certificate of Title to Jamie Lynn Gallian, ***notarized the same date***." Opposition at 29 (emphasis added); *see also* Opposition at 4 (contending that Debtor disclosed under penalty of perjury on July 9, 2021, that J-Sandcastle Co LLC "executed Release of Title, signed *and notarized* by Jamie Lynn Gallian, its Member on February 25, 2021") (emphasis added);[8] Opposition at 4 (referring to a "copy of the Notarized Release on the Certificate of Title, released dated February 25, 2021, and a copy of a NOTICE OF SALE OR TRANSFER, dated February 25, 2021) (capitalization in original); Opposition at 5 (contending that Houser Bros.'s own documents "establish that ownership of Unit 376 was released by J-Sandcastle Co LLC, signed and notarized by its Member Jamie Lynn Gallian on February 25, 2021).

In support of her claim that J-Sandcastle LLC transferred the Property to her individually on February 25, 2021, Debtor relies exclusively on the "notarized" title documents. She cites "Moving party's own documents" as her evidence that "ownership of Unit 376 was released by J-Sandcastle Co LLC, signed and notarized by its Member Jamie Lynn Gallian on February 25, 2021." Opposition at 5. And, she questions: "To the extent petitioners are arguing that HCD's Certificate of Title Documents and/or the Registration Card Document are conclusive evidence on this issue, then why aren't they stuck with the conclusion that HCD's transfer date is binding as well." *Id.* at 5.

---

[8] In Debtor's Original Schedules, filed on the Petition Date (July 9, 2021), Debtor provided, under penalty of perjury, that "Registered Title with HCD Debtor's single member LLC, J-Sandcastle Co, LLC." Motion at 33 (Exhibit 2).

REPLY IN SUPPORT OF MOTION OBJECTING TO DEBTOR'S CLAIMED HOMESTEAD EXEMPTION
4880-1284-8131,v.1

The HCD documents submitted in support of the Motion include a "R/O Transfer – No Sale" transaction, with a "Trans Date" of July 14, 2021 (defined in the Motion as the July 2021 HCD Transaction). *See* Motion at 169-92 (Ex. 21). Contained in the documents are a release of title from J-Sandcastle LLC to Debtor, dated February 25, 2021, and a "Statement of Facts" dated February 25, 2021, which provides that "Jamie Lynn Gallian is the sole registered owner of 2014 home. . . ." Motion at 172-73, 181-83. Both the release of title document and the statement of facts attach an "Acknowledgment" of California Notary Public Greg Buysman ("Mr. Buysman") also dated February 25, 2021. *Id.*

The problem for Ms. Gallian, however, is that ***Mr. Buysman did not actually notarize these documents***. Instead, Mr. Buysman's notary book shows that on February 25, 2021, he notarized for Debtor an "Affidavit of Death" and a "Transfer Grant Deed." A true and correct copy of Mr. Buysman's notary book for February 25, 2021, is attached to the Declaration of Greg Buysman ("Buysman Declaration") as **Exhibit 1**. In other words, ***Debtor has attempted to commit a fraud on this Court by backdating documents and attaching notarizations for unrelated documents in furtherance of her efforts to mislead this Court and creditors***.

Houser Bros. has obtained the "Affidavit of Death" ("Affidavit of Death") and "Affidavit, Death of Grantor of Interfamily Transfer Grant Deed" ("Transfer Grant Deed"), which Mr. Buysman did notarize. A true and correct copy of the Affidavit of Death is attached to the Buysman Declaration as **Exhibit 2**. A true and correct copy of the Transfer Grant Deed is attached to the Buysman Declaration as **Exhibit 3**.

Mr. Buysman notarized these two documents, and he in fact wrote "See Attached Acknowledgment" on the first page of each one. Buysman Decl. ¶¶ 9-10. Mr. Buysman did not, however, notarize the July 2021 HCD Submission, which he confirmed after being provided with a copy of it by Houser Bros. Buysman Decl. ¶ 11 and Ex. 4. And, a close examination of the acknowledgment pages on the July 2021 HCD Transaction, which Debtor relies on exclusively in arguing that she obtained title to the Property on February 25, 2021, shows that they perfectly match the acknowledgment pages that Mr. Buysman actually signed for the Affidavit of Death and Transfer Grant Deed. *Compare* Buysman Decl. Ex. 2 at 6 (acknowledgment page for Affidavit of Death),

11

*with* Motion at 183 (acknowledgment page for Statement of Facts in July 2021 HCD Transaction); *compare* Buysman Decl. Ex. 3 at 21 (acknowledgment page for Transfer Grant Deed), *with* Motion at 173 (acknowledgment page for release document in July 2021 HCD Transaction).

In other words, the evidence shows that on February 25, 2021, Debtor had Mr. Buysman notarize the Affidavit of Death and Transfer Grant Deed. Only when she needed to try to prove that the back-dated transfer date was prior to bankruptcy, did she peel off the notary pages from those documents so that she could try to prove a transfer date for the Property of February 25, 2021. But, without Mr. Buysman's notarization, there is no acknowledgment that this transfer actually occurred on February 25, 2021. Debtor's perjured and forged evidence cannot be trusted and should be completely disregarded. *Banayan v. Mesbahi (In re Mesbahi)*, Nos. LA 03-39268 TD, LA 05-01139 TD, 2005 Bankr. LEXIS 2510, at *7 (Bankr. C.D. Cal. Dec. 13, 2005) ["Evidence can be disregarded if the credibility of the witness is in question" citing *Hayden v. Chalfant Press, Inc.*, 281 F.2d 543, 546 (9th Cir. 1960)].

Debtor, who bears the burden of demonstrating entitlement to a homestead exemption, has not provided any credible or admissible evidence that she received an interest in the Property before the Petition Date that became property of the estate and upon which she could claim an exemption. *See Kashkashian v. Lerner (In re Kashkashian)*, 544 B.R. 824, 832 n.8 (Bankr. E.D. Pa. 2016) (noting that exemptions only apply to property of the estate, and property of the estate is limited to property owned by the debtor as of the commencement of the case) (citing 11 U.S.C. § 541(a)); *see also Schaefers v. Blizzard Energy, Inc. (In re Schaefers)*, 623 B.R. 777, 783, 785 (B.A.P. 9th Cir. 2020) (holding that a debtor could not claim a homestead exemption in the property where he resided because he admitted that the property was owned by an LLC).

The conclusion that J-Sandcastle LLC did not release title to Debtor on February 25, 2021, is completely consistent with the attempted payments to Houser Bros. As shown in the Motion, from February 1, 2021, to July 30, 2021, which covers the purported February 25, 2021, transfer date, seven attempted payments were made to Houser Bros., the first six of which were submitted on behalf of J-Sandcastle LLC. Motion at 203-22 (Ex. 23). Only on July 30, 2021 (which date is post-petition), did Debtor first try to submit a payment for the Property to Houser Bros. on her own

12

behalf. *Id.* Given Debtor's attempted fraud on the court, she lacks all credibility, and she has failed to produce any documentary evidence which contradicts the clear record that it was the LLC that held title and was tendering payments to movant at all times prior to bankruptcy.

Lastly, during her deposition on June 28, 2022, Debtor admitted that title was not in her individual name as of the petition date. Specifically, she testified that she was trying to change the title to herself individually on the same day that she filed bankruptcy but that she failed to have all required documents including a Tax Statement completed. Instead, the Tax Statement was not obtained until the Petition Date, on July 9, 2021, and Debtor did not believe that the HCD began processing her HCD submission until July 14, 2021 (which date is post-petition). *See*, excerpts of deposition transcript on pages 68-73 which are attached as **Exhibit 5**[9] to the Hays Declaration.

**E.      Debtor's filing of a declaration of homestead is irrelevant to this case because declared homesteads do not help debtors in bankruptcy cases.**

In the Opposition, Debtor highlights her filing of a "Declared Homestead on July 9, 2021" and asserts that the "California homestead exemption statute entitles her to claim that exemption for bankruptcy purposes." Opposition at 13. Debtor cites no authority in support of this proposition, and, as set forth in footnote 6 of the Motion, a debtor's declaration of homestead "helps [her] not at all" in the bankruptcy context, because the additional benefits conferred in CCP §§ 704.910-704.995 (the declared homestead exemption) would benefit her only in the situation of a voluntary sale. *Kelley v. Locke (In re Kelley)*, 300 B.R. 11, 17-18 (B.A.P. 9th Cir. 2003); *see also In re Sain*, 584 B.R. 325, 329 (Bankr. S.D. Cal. 2018) (indicating that only the automatic homestead was available to a debtor who held a recorded declaration of homestead, because the debtor had not elected a declared homestead exemption in his schedules, and declared homesteads are not applicable to sales by bankruptcy trustees).

---

[9] The actual transcript was not ready at the time of filing of the Reply and this is a rough draft of transcript. The actual transcript will be filed with the Court prior to the hearing on the Motion.

REPLY IN SUPPORT OF MOTION OBJECTING TO DEBTOR'S CLAIMED HOMESTEAD EXEMPTION
4880-1284-8131,v.1

**F.      Debtor provides no evidence in support of her equitable estoppel argument, which appears to be entirely irrelevant to the arguments raised in the Motion.**

Debtor seems to claim that after entering into "a contract" with Houser Bros.'s state-court counsel in August 2019, J-Sandcastle Co LLC tendered a cashier's check for $10,860 to the park manager "to obtain a signed Lot 376 agreement with J-Sandcastle Co LLC." Opposition at 18. She further contends that the park manager accepted the check and gave it to the bookkeeper "for processing on the books." *Id.* Debtor cites no evidence to substantiate any of these facts, and it is further unclear how any of this narrative relates to the issue before the Court; namely, Debtor's entitlement to claim a homestead exemption in the Property pursuant to CCP § 703.740. If anything, this argument supports that it was the LLC and not Debtor that owned the Property. And, Houser Bros. and its state-court counsel, Vivienne Alston, deny entering into a contract with Debtor in August 2019 or accepting any money from Debtor.

**G.      Debtor's Opposition does not address the argument that 11 U.S.C. § 522(p) imposes a $170,350 cap on any exemption.**

11 U.S.C. § 522(p) imposes a monetary limit of $170,350 on the amount of a debtor's interest in homestead property that may be exempted to the extent that there has been an acquisition of a homestead interest within a period of 1,215 days before the commencement of the case. *See also* 4 COLLIER ON BANKRUPTCY P 522.13[1] (2022) (same). Even assuming that the Court accepted Debtor's claimed acquisition date of February 2021 (notwithstanding the forged notarizations), such date was only approximately five months prior to bankruptcy. As such, Section 522(p) caps the amount of any allowed exemption.

Moreover, Debtor fails to refute Houser Bros.'s argument, that any allowed exemption must be limited to $170,350 pursuant to 11 U.S.C. § 522(p). As such, she has waived any argument to the contrary. *See Star Fabrics, Inc. v. Ross Stores, Inc.*, 2017 U.S.Dist.LEXIS 225597, at *6-7 (C.D. Cal. Nov. 20, 2017) (indicating that where a party does not oppose arguments made in a motion, a court may find that the party has conceded those arguments or otherwise consented to granting the motion); *see also* Loc. Bankr. R. 9013-1(f)(2) ("Oppositions and Responses to Motions: Contents of

14

Response," providing that a response must be a "*complete* written statement of *all reasons* in opposition thereto . . .") (emphasis added).[10]

### H.    Debtor did not have any legal or equitable interest in the Property to support a homestead.

Debtor claims, in the Opposition, that she "owned a legal or equitable interest in [the Property]," with a "$235,000 value, Fee simple." Opposition at 3. But, during Debtor's deposition on June 28, 2022, Debtor disclosed that she paid rent on the Property to J-Sandcastle LLC from November 2018 until February 25, 2021, Hays Decl. Ex. 5 at 86. If Debtor's interest was only that of renter under a month-to-month tenancy, then Trustee's sale of the Property itself (and not any tenancy or leasehold rights), then Debtor would not be entitled to exempt any portion of the proceeds of sale. *See*, excerpts of deposition transcript on pages 90-92 which are attached as **Exhibit 5** to the Hays Declaration wherein she admits to paying rent to the LLC.

### 4.    Conclusion

For the reasons set forth in the Motion and above, Houser Bros. respectfully requests that the Court grant the Motion and disallow or cap Debtor's claimed homestead exemption in the Property. As set forth in Debtor's ten sets of amended schedules, she has been involved in litigation with her creditors for years and fraudulently transferred the Property to her LLC in an effort to hinder, delay, or defraud creditors. On July 5, 2022, while this Reply was being prepared, The Huntington Beach Gables Homeowners Association filed a proof of claim attaching multiple prepetition money judgments it obtained and abstracts it recorded against Debtor. The evidence is clear that Debtor transferred the Property to her LLC in an effort to avoid such judgments and judgment liens.

Debtor now tries to defraud this Court into believing that she acquired an interest in the Property prior to bankruptcy by forging the notary's signatures on documents he did not notarize so that she can continue to defraud her creditors by exempting the Property she previously transferred. By granting this Motion, the Court will pave the way for the Trustee to administer the Property so

---

[10] Debtor's arguments regarding fraudulent transfers, Opposition at 30-33, are entirely irrelevant to the Motion, which involves an objection to Debtor's claimed homestead exemption.

REPLY IN SUPPORT OF MOTION OBJECTING TO DEBTOR'S CLAIMED HOMESTEAD EXEMPTION
4880-1284-8131,v.1

1  that creditors will finally receive distributions on account of their substantial claims. Bankruptcy is

2  for the honest, but unfortunate debtor. In this case, Ms. Gallian is neither honest, nor unfortunate.

3

4

5  DATED: July 7, 2022                        MARSHACK HAYS LLP

6                                                       /s/ D. Edward Hays
                                              By: _____
7                                                   D. EDWARD HAYS
8                                                   LAILA MASUD
                                                    BRADFORD N. BARNHARDT
9                                                   Attorneys for Movant and Creditor,
                                                    HOUSER BROS. CO. dba RANCHO DEL
10                                                  REY MOBILE HOME ESTATES

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

REPLY IN SUPPORT OF MOTION OBJECTING TO DEBTOR'S CLAIMED HOMESTEAD EXEMPTION
4880-1284-8131,v.1

# Declaration of D. Edward Hays

I, D. EDWARD HAYS, say and declare as follows:

1.      I am an individual over 18 years of age and competent to make this Declaration.

2.      If called upon to do so, I could and would competently testify as to the facts set forth in this Declaration.

3.      The facts set forth below are true of my personal knowledge.

4.      I am an attorney at law duly admitted to practice before this Court and all courts of the State of California.

5.      I am a partner in the law firm of Marshack Hays LLP, attorneys of record for Houser Bros. Co., dba Rancho Del Rey Mobile Home Estates ("Houser Bros.").

6.      I make this Declaration in support of the Reply in Support of Motion Objecting to Debtor's Claimed Homestead Exemption ("Reply").

7.      Capitalized terms not defined in this Declaration have the meaning ascribed to them in the Reply.

8.      A true and correct copy of the CM/ECF docket in this case is attached as Exhibit 1.

9.      A true and correct copy of the Scheduling Order is attached as Exhibit 2.

10.     A true and correct copy of the OCSC Complaint is attached as Exhibit 3.

11.     A true and correct copy of the AP Complaint is attached as Exhibit 4.

12.     On June 28, 2022, I conducted a deposition of Debtor in the AP. A true and correct copy of excerpts from a draft of the deposition transcript, provided to me, is attached as Exhibit 5.

I declare under penalty of perjury that the foregoing is true and correct. Executed on July 7, 2022.

/s/ D. Edward Hays

_____

D. EDWARD HAYS

4873-3244-8261, v. 5

**EXHIBIT 1**

CM/ECF - U.S. Bankruptcy Court (NG 1.6.3 - LIVE)

**727OBJ, NODISCH**

# U.S. Bankruptcy Court
# Central District of California (Santa Ana)
# Bankruptcy Petition #: 8:21-bk-11710-ES

|  |  |
|---|---|
| | *Date filed:* 07/09/2021 |
| | *341 meeting:* 04/29/2022 |
| | *Deadline for objecting to discharge:* 10/18/2021 |
| | *Deadline for financial mgmt. course:* 10/18/2021 |

*Assigned to:* Erithe A. Smith
Chapter 7
Voluntary
Asset

*Debtor*                                              represented by **Jamie Lynn Gallian**
**Jamie Lynn Gallian**                                               PRO SE
16222 Monterey Ln Unit 376
Huntington Beach, CA 92649
ORANGE-CA
714-321-3449
SSN / ITIN: xxx-xx-3936
*aka* **Jamie L Gallian**
*dba* **J-Sandcastle Co, LLC**
*dba* **J-PAD, LLC**

*Trustee*                                             represented by **Aaron E DE Leest**
**Jeffrey I Golden (TR)**                                            Danning, Gill, Israel & Krasnoff,
Weiland Golden Goodrich LLP                                          LLP
P.O. Box 2470                                                        1901 Avenue of the Stars
Costa Mesa, CA 92628-2470                                            Suite 450
(714) 966-1000                                                       Los Angeles, CA 90067-6006
                                                                     310-277-0077
                                                                     Fax : 310-277-5735
                                                                     Email: adeleest@DanningGill.com

                                                                     **Eric P Israel**
                                                                     Danning Gill Israel & Krasnoff,
                                                                     LLP
                                                                     1901 Avenue of the Stars, Suite
                                                                     450
                                                                     Los Angeles, CA 90067-6006
                                                                     310-277-0077
                                                                     Fax : 310-277-5735
                                                                     Email: eisrael@DanningGill.com

*U.S. Trustee*
**United States Trustee (SA)**
411 W Fourth St., Suite 7160
Santa Ana, CA 92701-4593
(714) 338-3400

| Filing Date | # | Docket Text |
|---|---|---|

EXHIBIT 1, PAGE 18

| | | |
|---|---|---|
| 07/09/2021 | 1<br>(60 pgs) | Chapter 7 Voluntary Petition for Individuals . Fee Amount $338 Filed by Jamie Lynn Gallian (Nguyen, Vi) (Entered: 07/09/2021) |
| 07/09/2021 | 2 | Statement About Your Social Security Number (Official Form 121) Filed by Debtor Jamie Lynn Gallian . (Nguyen, Vi) (Entered: 07/09/2021) |
| 07/09/2021 | 3<br>(1 pg) | Certificate of Credit Counseling Filed by Debtor Jamie Lynn Gallian . (Nguyen, Vi) (Entered: 07/09/2021) |
| 07/09/2021 | 4<br>(2 pgs) | Declaration by Debtor as to Whether Debtor(s) Received Income From an Employer Within 60 Days of Petition (LBR Form F1002-1) Filed by Debtor Jamie Lynn Gallian . (Nguyen, Vi) (Entered: 07/09/2021) |
| 07/09/2021 | 5<br>(3 pgs) | Meeting of Creditors with 341(a) meeting to be held on 8/18/2021 at 09:00 AM at TR 7, TELEPHONIC MEETING. FOR INSTRUCTIONS CONTACT THE TRUSTEE. for Debtor and Joint Debtor (if joint case) Cert. of Financial Management due by 10/18/2021. Last day to oppose discharge or dischargeability is 10/18/2021. (Scheduled Automatic Assignment, shared account) (Entered: 07/09/2021) |
| 07/09/2021 | 6 | Debtor's Request to Activate Electronic Noticing (DeBN) Filed by Debtor Jamie Lynn Gallian . (Nguyen, Vi) (Entered: 07/09/2021) |
| 07/09/2021 | | Receipt of Chapter 7 Filing Fee - $338.00 by 16. Receipt Number 80075587. (admin) (Entered: 07/09/2021) |
| 07/11/2021 | 7<br>(5 pgs) | BNC Certificate of Notice (RE: related document(s)5 Meeting (AutoAssign Chapter 7)) No. of Notices: 36. Notice Date 07/11/2021. (Admin.) (Entered: 07/11/2021) |
| 07/12/2021 | 8<br>(1 pg) | Request for courtesy Notice of Electronic Filing (NEF) Filed by Smith, Valerie. (Smith, Valerie) (Entered: 07/12/2021) |
| 07/13/2021 | 9<br>(1 pg) | Request for courtesy Notice of Electronic Filing (NEF) Filed by Mellor, Mark. (Mellor, Mark) (Entered: 07/13/2021) |
| 07/26/2021 | 10<br>(1 pg) | Personal Financial Management Course Certificate for Debtor 1 (Official Form 423) (Lazar, Orsolya) (Entered: 07/26/2021) |
| 08/18/2021 | 11 | Continuance of Meeting of Creditors (Rule 2003(e)) (Trustee's 341 Filings) 341(a) Meeting Continued to be held on 9/22/2021 at 01:30 PM at TR 7, TELEPHONIC MEETING. FOR INSTRUCTIONS CONTACT THE TRUSTEE. (Golden (TR), Jeffrey) (Entered: 08/18/2021) |
| 08/18/2021 | 12<br>(1 pg) | Notice of continued meeting of creditors and appearance of debtor (11 USC 341(a)) Filed by Trustee Jeffrey I Golden (TR). (Golden (TR), Jeffrey) (Entered: 08/18/2021) |
| 08/23/2021 | 13<br>(1 pg) | Request for courtesy Notice of Electronic Filing (NEF) Filed by Masud, Laila. (Masud, Laila) (Entered: 08/23/2021) |
| 08/23/2021 | 14<br>(1 pg) | Request for courtesy Notice of Electronic Filing (NEF) Filed by Hays, D. (Hays, D) (Entered: 08/23/2021) |

EXHIBIT 1, PAGE 19

CM/ECF - U.S. Bankruptcy Court (NG 1.6.3 - LIVE)

| | | |
|---|---|---|
| 09/07/2021 | **15**<br>(29 pgs) | Amended Schedule A/B Individual: Property (Official Form 106A/B or 206A/B) , Amended Schedule C: The Property You Claimed as Exempt (Official Form 106C) , Schedule G Individual: Executory Contracts and Unexpired Leases (Official Form 106G or 206G) , Schedule H Individual: Your Codebtors (Official Form 106H or 206H) , Amended Schedule I Individual: Your Income (Official Form 106I) , Statement of Financial Affairs for Individual Filing for Bankruptcy (Official Form 107 or 207) , Statement of Intention for Individuals Filing Under Chapter 7 (Official Form 108) , Chapter 7 Statement of Your Current Monthly Income (Official Form 122A-1) (BNC Option) Filed by Debtor Jamie Lynn Gallian . [EDB] (Law, Tamika) (Entered: 09/07/2021) |
| 09/22/2021 | **16**<br>(29 pgs) | Amended Schedule A/B Individual: Property (Official Form 106A/B or 206A/B) , FIRST AMENDMENT Amended Schedule C: The Property You Claimed as Exempt (Official Form 106C) , Amended Schedule I Individual: Your Income (Official Form 106I) , Amended Schedule G Individual: Executory Contracts and Unexpired Leases (Official Form 106G or 206G) , Amended Statement of Financial Affairs for Individual Filing for Bankruptcy (Official Form 107 or 207) ,Amended Statement of Intention for Individuals Filing Under Chapter 7 (Official Form 108) , Amended Statement of Related Cases (LBR Form 1015-2.1) , Amended Chapter 7 Statement of Your Current Monthly Income (Official Form 122A-1) (BNC Option) , Proof of service Filed by Debtor Jamie Lynn Gallian . (Nguyen, Vi) (Entered: 09/22/2021) |
| 09/22/2021 | **17**<br>(15 pgs) | Amending Schedules (D) and (E/F) ,Amended List of Creditors (Master Mailing List of Creditors) , Amended Verification of Master Mailing List of Creditors (LBR Form F1007-1), Proof of Service. Filed by Debtor Jamie Lynn Gallian . (Nguyen, Vi) (Entered: 09/22/2021) |
| 09/22/2021 | 18 | Continuance of Meeting of Creditors (Rule 2003(e)) (Trustee's 341 Filings) 341(a) Meeting Continued to be held on 10/6/2021 at 01:30 PM at TR 7, TELEPHONIC MEETING. FOR INSTRUCTIONS CONTACT THE TRUSTEE. (Golden (TR), Jeffrey) (Entered: 09/22/2021) |
| 09/22/2021 | **19**<br>(1 pg) | Notice of continued meeting of creditors and appearance of debtor (11 USC 341(a) Filed by Trustee Jeffrey I Golden (TR). (Golden (TR), Jeffrey) (Entered: 09/22/2021) |
| 09/22/2021 | | Receipt of Amendment Filing Fee - $32.00 by 16. Receipt Number 80075677. (admin) (Entered: 09/22/2021) |
| 10/07/2021 | 20 | Continuance of Meeting of Creditors (Rule 2003(e)) (Trustee's 341 Filings) 341(a) Meeting Continued to be held on 10/14/2021 at 03:00 PM at TR 7, TELEPHONIC MEETING. FOR INSTRUCTIONS CONTACT THE TRUSTEE. (Golden (TR), Jeffrey) (Entered: 10/07/2021) |
| 10/07/2021 | **21**<br>(1 pg) | Notice of continued meeting of creditors and appearance of debtor (11 USC 341(a) Filed by Trustee Jeffrey I Golden (TR). (Golden (TR), Jeffrey) (Entered: 10/07/2021) |
| 10/14/2021 | **22**<br>(31 pgs) | Amended Schedule A/B Individual: Property (Official Form 106A/B or 206A/B) , Amended Schedule C: The Property You Claimed as Exempt (Official Form 106C) , Amending Schedules (D) (E/F) , Schedule G Individual: Executory Contracts and Unexpired Leases (Official Form 106G or 206G) , Schedule H Individual: Your Codebtors (Official Form 106H or 206H) , Statement of Intention for Individuals Filing Under |

EXHIBIT 1, PAGE 20

| | | Chapter 7 (Official Form 108) [EDB] Filed by Debtor Jamie Lynn Gallian . (Law, Tamika) (Entered: 10/14/2021) |
|---|---|---|
| 10/14/2021 | 23 (1 pg) | Notice of Deficiency of Filing Fees Required to Add Additional Creditors (BNC) (RE: related document(s)22 Schedule A/B: Property (Official Form 106A/B or 206A/B) filed by Debtor Jamie Lynn Gallian, Schedule C: The Property You Claimed as Exempt (Official Form 106C), Amending Schedules D and/or E/F (Official Form 106D, 106E/F, 206D, or 206E/F) (Fee), Schedule G: Executory Contracts and Unexpired Leases (Official Form 106G or 206G), Schedule H: Your Codebtors (Official Form 106H or 206H), Statement of Intention for Individuals Filing Under Chapter 7 (Official Form B8, or 108)) (Law, Tamika) (Entered: 10/14/2021) |
| 10/15/2021 | 24 | Continuance of Meeting of Creditors (Rule 2003(e)) (Trustee's 341 Filings) 341(a) Meeting Continued to be held on 11/10/2021 at 03:00 PM at TR 7, TELEPHONIC MEETING. FOR INSTRUCTIONS CONTACT THE TRUSTEE. (Golden (TR), Jeffrey) (Entered: 10/15/2021) |
| 10/15/2021 | 25 (1 pg) | Notice of continued meeting of creditors and appearance of debtor (11 USC 341(a)) Filed by Trustee Jeffrey I Golden (TR). (Golden (TR), Jeffrey) (Entered: 10/15/2021) |
| 10/16/2021 | 26 (3 pgs) | BNC Certificate of Notice (RE: related document(s)23 Notice of Deficiency of Filing Fees Required to Add Additional Creditors (BNC)) No. of Notices: 1. Notice Date 10/16/2021. (Admin.) (Entered: 10/16/2021) |
| 10/18/2021 | 27 (74 pgs; 2 docs) | Adversary case 8:21-ap-01095. Complaint by The Huntington Beach Gables Homeowners Association against Jamie Lynn Gallian , Randall L Nickel . Fee Amount $350 (Attachments: # 1 Adv Cover Sheet) Nature of Suit: (41 (Objection / revocation of discharge - 727(c),(d),(e))) ,(21 (Validity, priority or extent of lien or other interest in property)) ,(62 (Dischargeability - 523(a)(2), false pretenses, false representation, actual fraud)) (Law, Tamika) (Entered: 10/18/2021) |
| 10/18/2021 | 28 (93 pgs; 2 docs) | Adversary case 8:21-ap-01096. Complaint by Janine Jasso against Jamie Lynn Gallian . Fee Amount $350 (Attachments: # 1 Adv Cover Sheet) Nature of Suit: (41 (Objection / revocation of discharge - 727(c),(d),(e))) , (65 (Dischargeability - other)) ,(13 (Recovery of money/property - 548 fraudulent transfer)) ,(62 (Dischargeability - 523(a)(2), false pretenses, false representation, actual fraud)) - Original not signed - (Law, Tamika) (Entered: 10/18/2021) |
| 10/18/2021 | 29 (3 pgs) | Stipulation By Jeffrey I Golden (TR) and *Stipulation to Extend Time to File a Complaint Objecting to Debtors Discharge Pursuant to 11 U.S.C. § 727 and Federal Rule of Bankruptcy Procedure 4004 (with Proof of Service)* Filed by Trustee Jeffrey I Golden (TR). (Golden (TR), Jeffrey) (Entered: 10/18/2021) |
| 10/18/2021 | 30 (25 pgs; 2 docs) | Adversary case 8:21-ap-01097. Complaint by Houser Bros. Co., a California general partnership against Jamie Lynn Gallian. Fee Amount $350 *Complaint to (1) Determine Dischargeability of Debt Pursuant to 11 U.S.C. Sections 523 (a)(2)(A) and (a)(6); (2) Deny Discharge Pursuant to 11 U.S.C. Sections 727 (a)(2)(A), (a)(4), and (a)(5)* (Attachments: # 1 Adversary Proceeding Cover Sheet) Nature of Suit: (62 (Dischargeability - 523(a)(2), false pretenses, false representation, actual fraud)),(68 (Dischargeability - 523(a)(6), willful and malicious injury)),(65 (Dischargeability - other)) (Masud, Laila) (Entered: 10/18/2021) |

EXHIBIT 1, PAGE 21

| | | |
|---|---|---|
| 10/19/2021 | 31<br>(2 pgs) | Order Approving Stipulation to Extend Time to File a Complaint Objecting to Debtor's Discharge Pursuant to 11 U.S.C. Section 727 and Federal Rule of Bankruptcy Procedure 4004. The Deadline for the Trustee, or United States Trustee, to file a Complaint Objecting to the Debtor's Discharge under 11 U.S.C. Section 727 is Extended to and Including November 17, 2021 (BNC-PDF) (Related Doc # 29 ) Signed on 10/19/2021 (Duarte, Tina) (Entered: 10/19/2021) |
| 10/20/2021 | 32 | Debtor's Request to Activate Electronic Noticing (DeBN) Filed by Debtor Jamie Lynn Gallian [EDB] (Law, Tamika) (Entered: 10/20/2021) |
| 10/21/2021 | 33<br>(4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)31 Order on Motion to Extend Time (Generic) (BNC-PDF)) No. of Notices: 1. Notice Date 10/21/2021. (Admin.) (Entered: 10/21/2021) |
| 11/10/2021 | 34 | Continuance of Meeting of Creditors (Rule 2003(e)) (Trustee's 341 Filings) 341(a) Meeting Continued to be held on 12/1/2021 at 11:00 AM at TR 7, TELEPHONIC MEETING. FOR INSTRUCTIONS CONTACT THE TRUSTEE. (Golden (TR), Jeffrey) (Entered: 11/10/2021) |
| 11/10/2021 | 35<br>(1 pg) | Notice of continued meeting of creditors and appearance of debtor (11 USC 341(a)) Filed by Trustee Jeffrey I Golden (TR). (Golden (TR), Jeffrey) (Entered: 11/10/2021) |
| 11/16/2021 | 36<br>(2 pgs) | Declaration by Debtor as to Whether Debtor(s) Received Income From an Employer Within 60 Days of Petition (LBR Form F1002-1) [EDB] Filed by Debtor Jamie Lynn Gallian . (Law, Tamika) (Entered: 11/17/2021) |
| 11/16/2021 | 37<br>(26 pgs) | Amended Schedule A/B Individual: Property (Official Form 106A/B or 206A/B) , Amended Schedule C: The Property You Claimed as Exempt (Official Form 106C) , Schedule G Individual: Executory Contracts and Unexpired Leases (Official Form 106G or 206G) , Schedule H Individual: Your Codebtors (Official Form 106H or 206H) , Amended Schedule I Individual: Your Income (Official Form 106I) , Statement of Financial Affairs for Individual Filing for Bankruptcy (Official Form 107 or 207) , Statement of Intention for Individuals Filing Under Chapter 7 (Official Form 108) [EDB] Filed by Debtor Jamie Lynn Gallian . (Law, Tamika) (Entered: 11/17/2021) |
| 11/22/2021 | 38<br>(23 pgs) | Amended Schedule A/B Individual: Property (Official Form 106A/B or 206A/B) , Amended Schedule C: The Property You Claimed as Exempt (Official Form 106C) , Schedule G Individual: Executory Contracts and Unexpired Leases (Official Form 106G or 206G) , Statement of Financial Affairs for Individual Filing for Bankruptcy (Official Form 107 or 207) , Statement of Intention for Individuals Filing Under Chapter 7 (Official Form 108) [EDB] Filed by Debtor Jamie Lynn Gallian . (Law, Tamika) (Entered: 11/23/2021) |
| 11/23/2021 | 39<br>(26 pgs) | Amended Schedule A/B Individual: Property (Official Form 106A/B or 206A/B) , Amended Schedule C: The Property You Claimed as Exempt (Official Form 106C) , Schedule G Individual: Executory Contracts and Unexpired Leases (Official Form 106G or 206G) , Statement of Financial Affairs for Individual Filing for Bankruptcy (Official Form 107 or 207) , Statement of Intention for Individuals Filing Under Chapter 7 (Official Form 108) [EDB] Filed by Debtor Jamie Lynn Gallian . (Law, Tamika) (Entered: 11/23/2021) |

EXHIBIT 1, PAGE 22

| | | |
|---|---|---|
| 12/01/2021 | 40 | Continuance of Meeting of Creditors (Rule 2003(e)) (Trustee's 341 Filings) 341(a) Meeting Continued to be held on 12/15/2021 at 10:00 AM at TR 7, TELEPHONIC MEETING. FOR INSTRUCTIONS CONTACT THE TRUSTEE. (Golden (TR), Jeffrey) (Entered: 12/01/2021) |
| 12/01/2021 | 41 (1 pg) | Notice of continued meeting of creditors and appearance of debtor (11 USC 341(a)) Filed by Trustee Jeffrey I Golden (TR). (Golden (TR), Jeffrey) (Entered: 12/01/2021) |
| 12/01/2021 | 42 (15 pgs) | Amending Schedules (D) (E/F) Filed by Debtor Jamie Lynn Gallian . (Law, Tamika) (Entered: 12/01/2021) |
| 12/01/2021 | | Receipt of Amendment Filing Fee - $32.00 by 08. Receipt Number 80075783. (admin) Paid in reference to dock #22 (Deficiency Ntc dock #23). Modified on 12/3/2021 (Law, Tamika). (Entered: 12/02/2021) |
| 12/01/2021 | | Receipt of Amendment Filing Fee - $32.00 by 08. Receipt Number 80075784. (admin) (Entered: 12/02/2021) |
| 12/15/2021 | 43 | Continuance of Meeting of Creditors (Rule 2003(e)) (Trustee's 341 Filings) 341(a) Meeting Continued to be held on 1/7/2022 at 03:00 PM at TR 7, TELEPHONIC MEETING. FOR INSTRUCTIONS CONTACT THE TRUSTEE. (Golden (TR), Jeffrey) (Entered: 12/15/2021) |
| 12/15/2021 | 44 (1 pg) | Notice of continued meeting of creditors and appearance of debtor (11 USC 341(a)) Filed by Trustee Jeffrey I Golden (TR). (Golden (TR), Jeffrey) (Entered: 12/15/2021) |
| 12/22/2021 | 45 (16 pgs) | Notice of motion and motion for relief from automatic stay with supporting declarations ACTION IN NON-BANKRUPTCY FORUM RE: Randall I. Nickel vs. The Huntington Beach Gables HOA et al., Superior Court of California, County of Orange, Central Justice Center Docket Number: 30-2020-01163055-CU-OR-CJC . Fee Amount $188, Filed by Creditor The Huntington Beach Gables Homeowners Association [NOTE: Attorney Michael Poole Notified via voice mail and e-mail to file supplemental notice of hearing to be held remotely using Zoomgov audio and video hearing] (Duarte, Tina) (Entered: 12/22/2021) |
| 12/22/2021 | 46 (112 pgs) | Memorandum of Points and Authorities in Support of Creditor The Huntington Beach Gables Homeowners Association's Motion for Relief from the Automatic Stay; Filed by Creditor The Huntington Beach Gables Homeowners Association. [NOTE: Attorney Michael Poole Notified via voice mail and e-mail to file supplemental notice of hearing to be held remotely using Zoomgov audio and video hearing] (Duarte, Tina) (Entered: 12/22/2021) |
| 12/22/2021 | | Receipt of Motion Filing Fee - $188.00 by 08. Receipt Number 80075831. (admin) (Entered: 12/22/2021) |
| 12/29/2021 | 47 (3 pgs) | Supplemental Notice of Hearing to Be Held Remotely Using Zoomgov Audio and Video, Filed by Creditor The Huntington Beach Gables Homeowners Association [Filed by FAX] (RE: related document(s)45 Notice of motion and motion for relief from automatic stay with supporting declarations ACTION IN NON-BANKRUPTCY FORUM RE: Randall I. Nickel vs. The Huntington Beach Gables HOA et al., Superior Court of California, County of Orange, Central Justice Center Docket Number: 30-2020-01163055-CU-OR-CJC . Fee Amount $188, Filed by |

EXHIBIT 1, PAGE 23

| | | |
|---|---|---|
| | | Creditor The Huntington Beach Gables Homeowners Association [NOTE: Attorney Michael Poole Notified via voice mail and e-mail to file supplemental notice of hearing to be held remotely using Zoomgov audio and video hearing] filed by Creditor The Huntington Beach Gables Homeowners Association). The Hearing date is set for 1/20/2022 at 10:00 AM at Crtrm 5A, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Erithe A. Smith. NOTE: [NOTE: This document is to be docketed in the main bankruptcy case. Attorney Michael Poole Notified via voice mail and e-mail to file supplemental notice of hearing to be held remotely using Zoomgov audio and video hearing using the correct form for bankruptcy] (Duarte, Tina). (Entered: 12/29/2021) |
| 12/29/2021 | 48 | Hearing Set (RE: related document(s)45 Motion for Relief from Stay - ACTION IN NON-BANKRUPTCY FORUM filed by Creditor The Huntington Beach Gables Homeowners Association). The Hearing date is set for 1/20/2022 at 10:00 AM at Crtrm 5A, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Erithe A. Smith (Duarte, Tina) (Entered: 12/29/2021) |
| 01/04/2022 | 49 (3 pgs) | Supplemental Notice of Hearing to be Held Remotely Using Zoomgov Audio and Video; Filed by Creditor The Huntington Beach Gables Homeowners Association [By FAX] (RE: related document(s)45 Notice of motion and motion for relief from automatic stay with supporting declarations ACTION IN NON-BANKRUPTCY FORUM RE: Randall I. Nickel vs. The Huntington Beach Gables HOA et al., Superior Court of California, County of Orange, Central Justice Center Docket Number: 30-2020-01163055-CU-OR-CJC . Fee Amount $188, Filed by Creditor The Huntington Beach Gables Homeowners Association [NOTE: Attorney Michael Poole Notified via voice mail and e-mail to file supplemental notice of hearing to be held remotely using Zoomgov audio and video hearing]). The Hearing date is set for 1/20/2022 at 10:00 AM at Crtrm 5A, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Erithe A. Smith (Duarte, Tina) (Entered: 01/04/2022) |
| 01/07/2022 | 50 | Continuance of Meeting of Creditors (Rule 2003(e)) (Trustee's 341 Filings) 341(a) Meeting Continued to be held on 1/24/2022 at 03:00 PM at TR 7, TELEPHONIC MEETING. FOR INSTRUCTIONS CONTACT THE TRUSTEE. (Golden (TR), Jeffrey) (Entered: 01/07/2022) |
| 01/07/2022 | 51 (1 pg) | Notice of continued meeting of creditors and appearance of debtor (11 USC 341(a) Filed by Trustee Jeffrey I Golden (TR). (Golden (TR), Jeffrey) (Entered: 01/07/2022) |
| 01/14/2022 | 52 (3 pgs) | Notice of Continuance of Hearing of Creditor The Huntington Beach Gables Homeowners Association's Motion for Relief from the Automatic Stay; Filed by Creditor The Huntington Beach Gables Homeowners Association [By FAX] (RE: related document(s)45 Notice of motion and motion for relief from automatic stay with supporting declarations ACTION IN NON-BANKRUPTCY FORUM RE: Randall I. Nickel vs. The Huntington Beach Gables HOA et al., Superior Court of California, County of Orange, Central Justice Center Docket Number: 30-2020-01163055-CU-OR-CJC . Fee Amount $188, Filed by Creditor The Huntington Beach Gables Homeowners Association [NOTE: Attorney Michael Poole Notified via voice mail and e-mail to file supplemental notice of hearing to be held remotely using Zoomgov audio and video hearing]). The Hearing date is CONTINUED TO 2/17/2022 at 10:30 AM at Crtrm 5A, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Erithe A. Smith (Duarte, Tina) (Entered: 01/14/2022) |

| | | |
|---|---|---|
| 01/14/2022 | **53**<br>(3 pgs) | Supplemental Notice of Hearing to Be Held Remotely Using Zoomgov Audio and Video; Filed by Creditor The Huntington Beach Gables Homeowners Association [By FAX] (RE: related document(s)45 Notice of motion and motion for relief from automatic stay with supporting declarations ACTION IN NON-BANKRUPTCY FORUM RE: Randall I. Nickel vs. The Huntington Beach Gables HOA et al., Superior Court of California, County of Orange, Central Justice Center Docket Number: 30-2020-01163055-CU-OR-CJC . Fee Amount $188, Filed by Creditor The Huntington Beach Gables Homeowners Association [NOTE: Attorney Michael Poole Notified via voice mail and e-mail to file supplemental notice of hearing to be held remotely using Zoomgov audio and video hearing]). The Hearing date is set for 2/17/2022 at 10:30 AM at Crtrm 5A, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Erithe A. Smith (Duarte, Tina) (Entered: 01/14/2022) |
| 01/20/2022 | 56 | Hearing Rescheduled/Continued (RE: related document(s)45 Motion for Relief from Stay - ACTION IN NON-BANKRUPTCY FORUM filed by Creditor The Huntington Beach Gables Homeowners Association). The Hearing is CONTINUED TO 2/17/2022 at 10:30 AM at Crtrm 5A, 411 W Fourth St., Santa Ana, CA 92701, Per Hearing Held 1/13/2022. The case judge is Erithe A. Smith (Duarte, Tina) (Entered: 01/25/2022) |
| 01/24/2022 | 54 | Continuance of Meeting of Creditors (Rule 2003(e)) (Trustee's 341 Filings) 341(a) Meeting Continued to be held on 2/14/2022 at 09:00 AM at TR 7, TELEPHONIC MEETING. FOR INSTRUCTIONS CONTACT THE TRUSTEE. (Golden (TR), Jeffrey) (Entered: 01/24/2022) |
| 01/24/2022 | **55**<br>(1 pg) | Notice of continued meeting of creditors and appearance of debtor (11 USC 341(a)) Filed by Trustee Jeffrey I Golden (TR). (Golden (TR), Jeffrey) (Entered: 01/24/2022) |
| 02/04/2022 | **57**<br>(8 pgs) | Notice of Proposed Abandonment of Property of the Estate *Trustee's Notice of Intent to Abandon Estate's Interest in an Unscheduled Check, With Proof of Service* Filed by Trustee Jeffrey I Golden (TR). (DE Leest, Aaron) (Entered: 02/04/2022) |
| 02/04/2022 | **58**<br>(1 pg) | Request for courtesy Notice of Electronic Filing (NEF) Filed by Israel, Eric. (Israel, Eric) (Entered: 02/04/2022) |
| 02/07/2022 | **59**<br>(3 pgs) | Notice -*Notice of Withdrawal re: Trustee's Notice of Intent to Abandon Estate's Interest in an Unscheduled Check; proof of service* Filed by Trustee Jeffrey I Golden (TR) (RE: related document(s)57 Notice of Proposed Abandonment of Property of the Estate *Trustee's Notice of Intent to Abandon Estate's Interest in an Unscheduled Check, With Proof of Service* Filed by Trustee Jeffrey I Golden (TR). (DE Leest, Aaron)). (DE Leest, Aaron) (Entered: 02/07/2022) |
| 02/11/2022 | **60**<br>(8 pgs) | Notice of Proposed Abandonment of Property of the Estate -*Trustee's Notice of Intent to Abandon Estate's Interest in Debtor's Covid 19 Rent Relief Check; proof of service* Filed by Trustee Jeffrey I Golden (TR). (DE Leest, Aaron) (Entered: 02/11/2022) |
| 02/11/2022 | **61**<br>(115 pgs) | Response to Motion Regarding the Automatic Stay and Declarations In Support; Memorandum of Points and Authorities in Opposition of Creditor The Huntington Beach Gables Homeowners Associations' Motion for Relief from the Automatic Stay 'EDB' (related document(s): 45 Notice of motion and motion for relief from automatic stay with supporting declarations ACTION IN NON-BANKRUPTCY FORUM RE: |

| | | |
|---|---|---|
| | | Randall I. Nickel vs. The Huntington Beach Gables HOA et al., Superior Court of California, County of Orange, Central Justice Cen filed by Creditor The Huntington Beach Gables Homeowners Association) Filed by Debtor Jamie Lynn Gallian (Le, James) Warning: Item subsequently amended by docket entry no:62 Modified on 2/11/2022 (Le, James). (Entered: 02/11/2022) |
| 02/11/2022 | 62 (241 pgs) | Amended Response to Motion Regarding the Automatic Stay and Declarations In Support; Memorandum of Points and Authorities in Opposition of Creditor The Huntington Beach Gables Homeowners Associations' Motion for Relief from the Automatic Stay 'EDB'(related document(s): 45 Notice of motion and motion for relief from automatic stay with supporting declarations ACTION IN NON-BANKRUPTCY FORUM RE: Randall I. Nickel vs. The Huntington Beach Gables HOA et al., Superior Court of California, County of Orange, Central Justice Cen filed by Creditor The Huntington Beach Gables Homeowners Association) Filed by Debtor Jamie Lynn Gallian (Le, James) (Entered: 02/11/2022) |
| 02/15/2022 | 63 | Continuance of Meeting of Creditors (Rule 2003(e)) (Trustee's 341 Filings) 341(a) Meeting Continued to be held on 2/28/2022 at 03:00 PM at TR 7, TELEPHONIC MEETING. FOR INSTRUCTIONS CONTACT THE TRUSTEE. (Golden (TR), Jeffrey) (Entered: 02/15/2022) |
| 02/15/2022 | 64 (1 pg) | Notice of continued meeting of creditors and appearance of debtor (11 USC 341(a)) Filed by Trustee Jeffrey I Golden (TR). (Golden (TR), Jeffrey) (Entered: 02/15/2022) |
| 02/17/2022 | 65 | Hearing Held (RE: related document(s)45 Motion for Relief from Stay - ACTION IN NON-BANKRUPTCY FORUM filed by Creditor The Huntington Beach Gables Homeowners Association) - Deny motion without prejudice to re-filing the motion if the cause of action for voidable transfer is abandoned or deemed abandoned by the chapter 7 trustee pursuant to 11 U.S.C. 554. (Daniels, Sally) (Entered: 02/28/2022) |
| 02/28/2022 | 66 | Continuance of Meeting of Creditors (Rule 2003(e)) (Trustee's 341 Filings) 341(a) Meeting Continued to be held on 3/21/2022 at 03:00 PM at TR 7, TELEPHONIC MEETING. FOR INSTRUCTIONS CONTACT THE TRUSTEE. (Golden (TR), Jeffrey) (Entered: 02/28/2022) |
| 02/28/2022 | 67 (1 pg) | Notice of continued meeting of creditors and appearance of debtor (11 USC 341(a)) Filed by Trustee Jeffrey I Golden (TR). (Golden (TR), Jeffrey) (Entered: 02/28/2022) |
| 03/03/2022 | 68 (12 pgs) | Declaration That No Party Requested a Hearing on Motion (LBR 9013-1(o)(3)) 60; proof of service Filed by Trustee Jeffrey I Golden (TR). (DE Leest, Aaron) (Entered: 03/03/2022) |
| 03/03/2022 | 69 (6 pgs) | Notice of lodgment of Order in Bankruptcy Case; proof of service Filed by Trustee Jeffrey I Golden (TR) (RE: related document(s)60 Notice of Proposed Abandonment of Property of the Estate -Trustee's Notice of Intent to Abandon Estate's Interest in Debtor's Covid 19 Rent Relief Check; proof of service Filed by Trustee Jeffrey I Golden (TR). (DE Leest, Aaron). (DE Leest, Aaron) (Entered: 03/03/2022) |
| 03/04/2022 | 70 (2 pgs) | Order Authorizing Trustee's Abandonment of Estate's Interest in Debtor's Covid 19 Rent Relief Check (BNC-PDF) (Related Doc # 60 ) Signed on 3/4/2022 (Duarte, Tina) (Entered: 03/04/2022) |

EXHIBIT 1, PAGE 26

| Date | Doc | Description |
|---|---|---|
| 03/06/2022 | 71<br>(4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)70 Order on Motion to Abandon (BNC-PDF)) No. of Notices: 0. Notice Date 03/06/2022. (Admin.) (Entered: 03/06/2022) |
| 03/11/2022 | 72<br>(64 pgs) | Addendum to voluntary petition , Statement of Related Cases (LBR Form 1015-2.1) , Amended Schedule A/B Individual: Property (Official Form 106A/B or 206A/B) , Amended Schedule C: The Property You Claimed as Exempt (Official Form 106C) , Schedule G Individual: Executory Contracts and Unexpired Leases (Official Form 106G or 206G) , Schedule H Individual: Your Codebtors (Official Form 106H or 206H) , Amended Schedule I Individual: Your Income (Official Form 106I) , Declaration About an Individual Debtor's Schedules (Official Form 106Dec) , Statement of Financial Affairs for Individual Filing for Bankruptcy (Official Form 107 or 207) , Statement of Intention for Individuals Filing Under Chapter 7 (Official Form 108) , Chapter 7 Statement of Your Current Monthly Income (Official Form 122A-1) (BNC Option) , Verification of Master Mailing List of Creditors (LBR Form F1007-1), Proof of service. Verification of Declaration of Homestead filed with Orange County Clerk Recorder. Filed by Debtor Jamie Lynn Gallian . (Nguyen, Vi) (Entered: 03/14/2022) |
| 03/11/2022 | 73<br>(11 pgs) | Addendum to voluntary petition to amend Debtor's DBA, Item #11 pg 3, Item #16b pg6. Filed by Debtor Jamie Lynn Gallian . (Nguyen, Vi) (Entered: 03/14/2022) |
| 03/11/2022 | 74<br>(4 pgs) | Document re Verification of Declaration of Homestead. Filed by Debtor Jamie Lynn Gallian (RE: related document(s)72 Addendum to Vol Pet filed by Debtor Jamie Lynn Gallian, Statement of Related Cases (LBR Form 1015-2.1), Schedule A/B: Property (Official Form 106A/B or 206A/B), Schedule C: The Property You Claimed as Exempt (Official Form 106C), Schedule G: Executory Contracts and Unexpired Leases (Official Form 106G or 206G), Schedule H: Your Codebtors (Official Form 106H or 206H), Schedule I: Your Income (Official Form 106I), Declaration About an Individual Debtor's Schedules (Official Form 106Dec), Statement of Financial Affairs (Official Form 107 or 207) (Official Form 107 or 207), Statement of Intention for Individuals Filing Under Chapter 7 (Official Form B8, or 108), Chapter 7 Statement of Your Current Monthly Income (Official Form 122A-1) (BNC Option), Verification of Master Mailing List of Creditors (LBR F1007-1)) (Nguyen, Vi) (Entered: 03/14/2022) |
| 03/15/2022 | 75<br>(22 pgs) | Amending Schedules (D) and (E/F) Filed by Debtor Jamie Lynn Gallian . (Nguyen, Vi) (Entered: 03/15/2022) |
| 03/15/2022 | | Receipt of Amendment Filing Fee - $32.00 by 16. Receipt Number 80075964. (admin) (Entered: 03/15/2022) |
| 03/16/2022 | 76<br>(105 pgs) | Proof of service of Amended Schedules Filed by Debtor Jamie Lynn Gallian . [EDB] (Law, Tamika) (Entered: 03/16/2022) |
| 03/16/2022 | 77<br>(8 pgs) | Statement of Corporate Ownership -none listed Filed by Debtor Jamie Lynn Gallian . [EDB] (Law, Tamika) (Entered: 03/17/2022) |
| 03/21/2022 | 78 | Continuance of Meeting of Creditors (Rule 2003(e)) (Trustee's 341 Filings) 341(a) Meeting Continued to be held on 4/4/2022 at 03:00 PM at TR 7, TELEPHONIC MEETING. FOR INSTRUCTIONS CONTACT THE TRUSTEE. (Golden (TR), Jeffrey) (Entered: 03/21/2022) |

EXHIBIT 1, PAGE 27

| 03/21/2022 | 79<br>(1 pg) | Notice of continued meeting of creditors and appearance of debtor (11 USC 341(a) Filed by Trustee Jeffrey I Golden (TR). (Golden (TR), Jeffrey) (Entered: 03/21/2022) |
|---|---|---|
| 03/22/2022 | 80<br>(6 pgs) | Chapter 7 Statement of Your Current Monthly Income (Official Form 122A-1) (BNC Option) Filed by Debtor Jamie Lynn Gallian . [EDB] (Law, Tamika) (Entered: 03/23/2022) |
| 04/04/2022 | 81 | Continuance of Meeting of Creditors (Rule 2003(e)) (Trustee's 341 Filings) 341(a) Meeting Continued to be held on 4/11/2022 at 03:00 PM at TR 7, TELEPHONIC MEETING. FOR INSTRUCTIONS CONTACT THE TRUSTEE. (Golden (TR), Jeffrey) (Entered: 04/04/2022) |
| 04/04/2022 | 82<br>(1 pg) | Notice of continued meeting of creditors and appearance of debtor (11 USC 341(a) Filed by Trustee Jeffrey I Golden (TR). (Golden (TR), Jeffrey) (Entered: 04/04/2022) |
| 04/11/2022 | 83 | Continuance of Meeting of Creditors (Rule 2003(e)) (Trustee's 341 Filings) 341(a) Meeting Continued to be held on 4/22/2022 at 03:00 PM at TR 7, TELEPHONIC MEETING. FOR INSTRUCTIONS CONTACT THE TRUSTEE. (Golden (TR), Jeffrey) (Entered: 04/11/2022) |
| 04/11/2022 | 84<br>(1 pg) | Notice of continued meeting of creditors and appearance of debtor (11 USC 341(a) Filed by Trustee Jeffrey I Golden (TR). (Golden (TR), Jeffrey) (Entered: 04/11/2022) |
| 04/26/2022 | 85 | Continuance of Meeting of Creditors (Rule 2003(e)) (Trustee's 341 Filings) 341(a) Meeting Continued to be held on 4/29/2022 at 01:30 PM at TR 7, TELEPHONIC MEETING. FOR INSTRUCTIONS CONTACT THE TRUSTEE. (Golden (TR), Jeffrey) (Entered: 04/26/2022) |
| 04/26/2022 | 86<br>(1 pg) | Notice of continued meeting of creditors and appearance of debtor (11 USC 341(a) Filed by Trustee Jeffrey I Golden (TR). (Golden (TR), Jeffrey) (Entered: 04/26/2022) |
| 05/02/2022 | 87<br>(1 pg) | Request for courtesy Notice of Electronic Filing (NEF) Filed by Iskander, Brandon. (Iskander, Brandon) (Entered: 05/02/2022) |
| 05/02/2022 | 88<br>(1 pg) | Request for courtesy Notice of Electronic Filing (NEF) Filed by Goe, Robert. (Goe, Robert) (Entered: 05/02/2022) |
| 05/02/2022 | 89<br>(6 pgs) | Notice *Trustees Notice Of Intent To Abandon Estates Interest In Probate Claims (with Proof of Service)* Filed by Trustee Jeffrey I Golden (TR). (Golden (TR), Jeffrey) (Entered: 05/02/2022) |
| 05/03/2022 | 90<br>(2 pgs) | Notice of Assets (no bar date for claims is required) *with proof of service* Filed by Trustee Jeffrey I Golden (TR). (Golden (TR), Jeffrey) (Entered: 05/03/2022) |
| 05/03/2022 | 91 | Meeting of Creditors Held and Concluded (Chapter 7 Asset) Filed by Trustee Jeffrey I Golden (TR) (RE: related document(s) 83 Continuance of Meeting of Creditors (Rule 2003(e)) (Trustee's 341 Filings) 341(a) Meeting Continued to be held on 4/22/2022 at 03:00 PM at TR 7, TELEPHONIC MEETING. FOR INSTRUCTIONS CONTACT THE TRUSTEE. (Golden (TR), Jeffrey)). (Golden (TR), Jeffrey) (Entered: 05/03/2022) |

| | | |
|---|---|---|
| 05/11/2022 | [92](#)<br>(38 pgs) | Application to Employ Danning, Gill, Israel & Krasnoff, LLP as General Bankruptcy Counsel *Chapter 7 Trustees Notice Of Application And Application To Employ Danning, Gill, Israel & Krasnoff, LLP As General Bankruptcy Counsel Effective As Of January 27, 2022; Declaration Of Eric P. Israel; And Statement Of Disinterestedness, with Proof of Service* Filed by Trustee Jeffrey I Golden (TR) (Israel, Eric) (Entered: 05/11/2022) |
| 05/11/2022 | [93](#)<br>(2 pgs) | Notification of Discrepancy of Conclusion of Whether or Not No Asset Case (Claims Bar Dar Date Should Be Required); Filed by Debtor Jamie Lynn Gallian (EDB) (RE: related document(s)[90](#) Notice of Assets (no bar date for claims is required) filed by Trustee Jeffrey I Golden (TR)) (TD8) (Entered: 05/11/2022) |
| 05/12/2022 | [94](#)<br>(10 pgs) | Amended Schedule I Individual: Your Income (Official Form 106I) , Amended Schedule J: Your Expenses (Official Form 106J) , Chapter 7 Statement of Your Current Monthly Income (Official Form 122A-1) (BNC Option) , Declaration About an Individual Debtor's Schedules (Official Form 106Dec) Filed by Debtor Jamie Lynn Gallian . [EDB] (TL) (Entered: 05/12/2022) |
| 05/12/2022 | [95](#)<br>(259 pgs) | Objection to Homestead Exemption *Notice of Motion and Motion Objecting to Debtor's Claimed Homestead Exemption; Memorandum of Points and Authorities; Declaration of D. Edward Hays in Support; with Proof of Service [Hrg. 6/2/22 at 10:30 a.m.]* Filed by Creditor Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates. (Hays, D) (Entered: 05/12/2022) |
| 05/12/2022 | [96](#)<br>(4 pgs) | Notice *Supplemental Notice of Hearing to be Held Remotely Using Zoomgov Audio and Video; with Proof of Service* Filed by Creditor Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates (RE: related document(s)[95](#) Objection to Homestead Exemption *Notice of Motion and Motion Objecting to Debtor's Claimed Homestead Exemption; Memorandum of Points and Authorities; Declaration of D. Edward Hays in Support; with Proof of Service [Hrg. 6/2/22 at 10:30 a.m.]* Filed by Creditor Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates.). (Hays, D) (Entered: 05/12/2022) |
| 05/12/2022 | [97](#)<br>(31 pgs) | Declaration of Debtor RE Postpetition Income and Expenses as of the Following Date 05/11/2022 Filed by Debtor Jamie Lynn Gallian . [EDB] (TL) . (Entered: 05/13/2022) |
| 05/12/2022 | 99 | Hearing Set (related document # [95](#) Motion Objecting to Debtor's Claimed Homestead Exemption filed by Creditor Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates). The Hearing date is set for 6/2/2022 at 10:30 AM at Crtrm 5A, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Erithe A. Smith (TD8) (Entered: 05/13/2022) |
| 05/13/2022 | [98](#)<br>(3 pgs) | Statement *The Huntington Beach Gables Homeowners Associations Joinder To Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates Motion Objecting To Debtors Claimed Homestead Exemption with proof of service* Filed by Creditor The Huntington Beach Gables Homeowners Association. (Goe, Robert) (Entered: 05/13/2022) |
| 05/16/2022 | [100](#)<br>(2 pgs) | Janine Jasso's Joinder to Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates' Motion Objecting to Debtor's Claimed Homestead Exemption Filed by Creditor Janine Jasso 'EDB' (RE: related |

EXHIBIT 1, PAGE 29

| | | |
|---|---|---|
| | | document(s)95 Objection to Homestead Exemption filed by Creditor Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates) (JL) (Entered: 05/16/2022) |
| 05/26/2022 | | Receipt of Motion Filing Fee - $188.00 by 16. Receipt Number 80076089. (admin) (Entered: 05/26/2022) |
| 05/26/2022 | 101 (317 pgs; 4 docs) | Motion Confirming That No Stay is in effect for Criminal Restitution Case, or, If an Automatic Stay Exists, then for Relief from Stay . Fee Amount $188, Filed by Creditor Janine Jasso (Attachments: # 1 2 of 4 Motion # 2 3 of 4 Motion # 3 4 of 4 Motion) (AM) (Entered: 05/27/2022) |
| 05/26/2022 | 103 (2 pgs) | Notice of motion/application Filed by Creditor Janine Jasso (RE: related document(s)101 Motion Confirming That No Stay is in effect for Criminal Restitution Case, or, If an Automatic Stay Exists, then for Relief from Stay . Fee Amount $188, Filed by Creditor Janine Jasso (Attachments: # 1 2 of 4 Motion # 2 3 of 4 Motion # 3 4 of 4 Motion) (AM)). (AM) (Entered: 05/27/2022) |
| 05/27/2022 | 102 | Hearing Set (RE: related document(s)101 Motion for Relief - Order Confirming Termination of Stay or That no Stay is in Effect filed by Creditor Janine Jasso) The Hearing date is set for 6/16/2022 at 10:00 AM at Crtrm 5A, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Erithe A. Smith (AM) (Entered: 05/27/2022) |
| 05/27/2022 | 104 (3 pgs) | Supplemental Notice of Hearing To Be Held Remotely Using Zoomgov Audio and Video Filed by Creditor Janine Jasso (RE: related document(s)101 Motion Confirming That No Stay is in effect for Criminal Restitution Case, or, If an Automatic Stay Exists, then for Relief from Stay . Fee Amount $188, Filed by Creditor Janine Jasso (Attachments: # 1 2 of 4 Motion # 2 3 of 4 Motion # 3 4 of 4 Motion) (AM)). The Hearing date is set for 6/16/2022 at 10:00 AM at Crtrm 5A, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Erithe A. Smith [EDB] (AM) (Entered: 05/27/2022) |
| 06/01/2022 | 105 (361 pgs; 2 docs) | Debtors Reply Opposition, Memorandum of Points and Authorities to Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates' Motion Objecting to Debtor's Claimed Homestead Exemption and Joinder Parties Huntington Beach Gables HOA; Janine Jasso (related document(s): 95 Objection to Homestead Exemption filed by Creditor Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates), Filed by Debtor Jamie Lynn Gallian [EDB] (TD8) Additional attachment(s) added on 6/1/2022 (TD8). (Entered: 06/01/2022) |
| 06/01/2022 | 106 (43 pgs) | Declaration That No Party Requested a Hearing on Motion (LBR 9013-1(o)(3)) *with Proof of Service* Filed by Trustee Jeffrey I Golden (TR) (RE: related document(s)92 Application to Employ Danning, Gill, Israel & Krasnoff, LLP as General Bankruptcy Counsel *Chapter 7 Trustees Notice Of Application And Application To Employ Danning, Gill, Israel & Krasnoff, LLP As General Bankruptcy Counsel Effective As Of January 2). (Israel, Eric)* (Entered: 06/01/2022) |
| 06/01/2022 | 107 (10 pgs) | Declaration That No Party Requested a Hearing on Motion (LBR 9013-1(o)(3)) *Declaration that No Party Requested a Hearing on Trustees Notice Of Intent To Abandon Estates Interest In Probate Claims (with Proof of Service)* Filed by Trustee Jeffrey I Golden (TR). (Golden (TR), Jeffrey) (Entered: 06/01/2022) |

| 06/01/2022 | 108 (2 pgs) | Order Granting Chapter 7 Trustee's Application to Employ Danning, Gill, Israel & Krasnoff, LLP as his General Bankruptcy Counsel [Doc. No. 92] (BNC-PDF) (Related Doc # 92) Signed on 6/1/2022. (TD8) (Entered: 06/01/2022) |
| 06/01/2022 | 109 (2 pgs) | Order Authorizing Trustee's Abandonment of Estate's Interest in Probate Claims (BNC-PDF) (Related Doc # 89 ) Signed on 6/1/2022 (TD8) (Entered: 06/01/2022) |
| 06/01/2022 | 111 (29 pgs) | Opposition to Chapter 7 Trustee's (related document(s): 92 Application to Employ Danning, Gill, Israel & Krasnoff, LLP as General Bankruptcy Counsel *Chapter 7 Trustees Notice Of Application And Application To Employ Danning, Gill, Israel & Krasnoff, LLP As General Bankruptcy Counsel Effective As Of January 2 filed by Trustee Jeffrey I Golden (TR); Filed by Debtor Jamie Lynn Gallian [Request for Hearing] [EDB] (Filed at 9:33 pm) (TD8). (Entered: 06/02/2022)* |
| 06/02/2022 | 110 (8 pgs) | Opposition to (related document(s): 101 Notice of Motion and Motion in Individual Case for Order Confirming Termination of Stay under 11 U.S.C. 362(j) or That No Stay is in Effect under 11 U.S.C. 362(c)(4)(A) (ii). Fee Amount $188, filed by Creditor Janine Jasso) -*Trustee's Notice of Opposition and Opposition to Motion Confirming that No Stay is in Effect for Criminal Restitution Case, or, if an Automatic Stay Exists, then for Relief from Stay filed by Creditor Janine Jasso; Memorandum of Points and Authorities in Support Thereof; proof of service* Filed by Trustee Jeffrey I Golden (TR) (DE Leest, Aaron) (Entered: 06/02/2022) |
| 06/02/2022 | 112 (39 pgs) | Debtor's Notice of Opposition and Opposition to Motion Confirming that No Stay is in Effect for Criminal Restitution Case, or, if an Automatic Stay Exists, Then for Relief from Stay filed by Interested Party Janine Jasso (related document(s): 101 Notice of Motion and Motion in Individual Case for Order Confirming Termination of Stay under 11 U.S.C. 362(j) or That No Stay is in Effect under 11 U.S.C. 362(c)(4)(A) (ii). Fee Amount $188, filed by Creditor Janine Jasso) Filed by Debtor Jamie Lynn Gallian 'EDB' (JL) (Entered: 06/03/2022) |
| 06/02/2022 | 113 | Hearing Rescheduled/Continued (related document # 95 Creditor Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates Motion Objecting to Debtor's Claimed Homestead Exemption). The Hearing is CONTINUED TO 7/21/2022 at 10:30 AM at Crtrm 5A, 411 W Fourth St., Santa Ana, CA 92701 to allow Movant/Joining Parties to file a reply to Debtor's late opposition filed on June 1, 2022, which reply(ies) must be filed by July 7, 2022. No other pleadings may be filed. The case judge is Erithe A. Smith (TD8) (Entered: 06/03/2022) |
| 06/03/2022 | 114 (4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)108 Order on Application to Employ (BNC-PDF)) No. of Notices: 0. Notice Date 06/03/2022. (Admin.) (Entered: 06/03/2022) |
| 06/03/2022 | 116 (322 pgs) | Amended Motion Confirming That No Stay is in effect for Criminal Restitution Case, or, If an Automatic Stay Exists, then for Relief from Stay (Updated Proof of Service) 'EDB' (related document(s): 101 Notice of Motion and Motion in Individual Case for Order Confirming Termination of Stay under 11 U.S.C. 362(j) or That No Stay is in Effect under 11 U.S.C. 362(c)(4)(A)(ii). Fee Amount $188, filed by Creditor Janine Jasso) Filed by Creditor Janine Jasso (JL) (Entered: 06/06/2022) |
| 06/03/2022 | 117 | Amended Supplemental Notice of Hearing To Be Held Remotely Using |

|  | (8 pgs) | Zoomgov Audio and Video Filed by Creditor Janine Jasso (Updated Proof of Service) 'EDB' (RE: related document(s)104) (Filed by Creditor Janine Jasso . (JL) (Entered: 06/06/2022) |
|---|---|---|
| 06/04/2022 | 115 (4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)109 Order on Motion to Abandon (BNC-PDF)) No. of Notices: 0. Notice Date 06/04/2022. (Admin.) (Entered: 06/04/2022) |
| 06/09/2022 | 118 (23 pgs) | Reply to Trustee's and Debtor's Opposition to Motion Confirming that No Stay is in Effect for Criminal Restitution Case, or, if an Automatic Stay Exists, Then for Relief From Stay (related document(s): 110 Opposition filed by Trustee Jeffrey I Golden (TR), 112 Opposition filed by Debtor Jamie Lynn Gallian) Filed by Creditor Janine Jasso 'EDB' (JL) NOTE: Filed with incorrect caption and lists adversary number; this document belongs in the main bankruptcy case 8:21-bk-11710-ES. Modified on 6/10/2022 (TD8). (Entered: 06/09/2022) |
| 06/09/2022 | 119 (9 pgs) | Notice of lodgment Filed by Creditor Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates (RE: related document(s)95 Objection to Homestead Exemption *Notice of Motion and Motion Objecting to Debtor's Claimed Homestead Exemption; Memorandum of Points and Authorities; Declaration of D. Edward Hays in Support; with Proof of Service [Hrg. 6/2/22 at 10:30 a.m.]* Filed by Creditor Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates.). (Hays, D) (Entered: 06/09/2022) |
| 06/10/2022 | 120 (8 pgs) | Amended Notice of lodgment, Filed by Debtor Jamie Lynn Gallian [EDB] (RE: related document(s)95 Objection to Homestead Exemption). (TD8) (Entered: 06/10/2022) |
| 06/10/2022 | 121 (8 pgs) | Notice of Lodgment Filed by Debtor Jamie Lynn Gallian 'EDB' (RE: related document(s)95 Objection to Homestead Exemption). (JL) (Entered: 06/13/2022) |
| 06/16/2022 | 123 | Hearing Held (RE: related document(s)101 Motion for Relief - Order Confirming Termination of Stay or That no Stay is in Effect filed by Creditor Janine Jasso) Motion Denied Without Prejudice. (JL) (Entered: 06/22/2022) |
| 06/17/2022 | 122 (8 pgs) | Notice of lodgment, Filed by Creditor Janine Jasso [EDB] (RE: related document(s)101 Notice of Motion and Motion in Individual Case for Order Confirming Termination of Stay under 11 U.S.C. 362(j) or That No Stay is in Effect under 11 U.S.C. 362(c)(4)(A)(ii). Fee Amount $188,). (TD8) (Entered: 06/21/2022) |
| 06/23/2022 | 124 (5 pgs) | Order Continuing Hearing on Motion Objecting to Debtor's Claimed Homestead Exemption. IT IS ORDERED that: The Hearing on the Motion is CONTINUED TO July 21, 2022, at 10:30 a.m. to Allow Houser Bros and/or the Joining Parties to File a Reply/Replies to Debtor's Late Opposition filed on June 1, 2022 (See Order for Further Ruling) (BNC-PDF) (Related Doc # 95 ) Signed on 6/23/2022 (TD8) (Entered: 06/23/2022) |
| 06/25/2022 | 125 (7 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)124 Order on Generic Motion (BNC-PDF)) No. of Notices: 0. Notice Date 06/25/2022. (Admin.) (Entered: 06/25/2022) |

EXHIBIT 1, PAGE 32

7/7/22, 11:07 AM                          CM/ECF - U.S. Bankruptcy Court (NG 1.6.3 - LIVE)

| 06/27/2022 | [126](#)<br>(2 pgs) | Order Denying Motion for Relief from the Automatic Stay Under 11 U.S.C. Section 362 (BNC-PDF) Signed on 6/27/2022 (RE: related document(s)[101](#) Motion for Relief - Order Confirming Termination of Stay or That no Stay is in Effect filed by Creditor Janine Jasso). (TD8) (Entered: 06/27/2022) |
| 06/29/2022 | [127](#)<br>(4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)[126](#) Order (Generic) (BNC-PDF)) No. of Notices: 0. Notice Date 06/29/2022. (Admin.) (Entered: 06/29/2022) |
| 06/30/2022 | [128](#)<br>(4 pgs) | Statement -*Trustee's Joinder in Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates' Motion Objecting to Debtor's Claimed Homestead Exemption; proof of service [95](#)* Filed by Trustee Jeffrey I Golden (TR). (DE Leest, Aaron) (Entered: 06/30/2022) |

| **PACER Service Center** | | |
|---|---|---|
| **Transaction Receipt** | | |
| 07/07/2022 11:07:00 | | |
| **PACER Login:** | atty272406 | **Client Code:** | 9999-001 |
| **Description:** | Docket Report | **Search Criteria:** | 8:21-bk-11710-ES Fil or Ent: filed From: 4/8/2000 To: 7/7/2022 Doc From: 0 Doc To: 99999999 Term: included Format: html Page counts for documents: included |
| **Billable Pages:** | 12 | **Cost:** | 1.20 |

EXHIBIT 1, PAGE 33

# EXHIBIT 2

1  D. EDWARD HAYS, #162507
   ehays@marshackhays.com
2  LAILA MASUD, #311731
   lmasud@marshackhays.com
3  BRADFORD N. BARNHARDT, #328705
   bbarnhardt@marshackhays.com
4  MARSHACK HAYS LLP
   870 Roosevelt
5  Irvine, CA 92620
   Telephone: (949) 333-7777
6  Facsimile: (949) 333-7778

7

8  Attorneys for Movant and Creditor,
   HOUSER BROS. CO. dba RANCHO DEL
9  REY MOBILE HOME ESTATES

**FILED & ENTERED**

**JUN 23 2022**

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY duarte      DEPUTY CLERK

10              UNITED STATES BANKRUPTCY COURT

11        CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

12  In re                                  Case No. 8:21-bk-11710-ES

13  JAMIE LYNN GALLIAN,                     Chapter 7

14          Debtor.                         ORDER CONTINUING HEARING ON
                                            MOTION OBJECTING TO DEBTOR'S
15                                          CLAIMED HOMESTEAD EXEMPTION

16                                          PREVIOUS HEARING DATE
                                            Date:   June 2, 2022
17                                          Time:   10:30 a.m.
                                            Ctrm:   5A
18                                          Location: 411 W. Fourth Street, Santa Ana, CA
                                            92701
19
                                            CONTINUED HEARING DATE
20                                          Date:   July 21, 2022
                                            Time:   10:30 a.m.
21                                          Ctrm:   5A[1]
                                            Location: 411 W. Fourth Street, Santa Ana, CA
22                                          92701

23

24

25

26  _____
    [1] To continue to aid in the mitigation of the spread of the COVID-19 virus and in light of the response of the Bar to
27      continue virtual appearances, Judge Smith will continue to hold the majority of her hearings remotely using
        ZoomGov audio and video. However, beginning September 1, 2021, Judge Smith will allow the option for in-
28      person hearings and/or hybrid proceedings for trial and evidentiary hearings only.

                                         1

On June 2, 2022, at 10:30 a.m., the Court conducted a hearing on the Motion objecting to Debtor's claimed homestead exemption ("Motion"), filed by Houser Bros. Co., dba Rancho Del Rey Mobile Home Estates ("Houser Bros.") on May 12, 2022, as Dk No. 95. All appearances were as noted on the record. Prior to the hearing, the Court published a tentative ruling regarding the Motion, which is attached as Exhibit "1" and incorporated as the final ruling of the Court.

The Court, having read and considered the Motion, declaration, supporting evidence, and memorandum of points and authorities, filed by Houser Bros.; the Debtor's late filed opposition to the Motion, Dk. No. 105; the joinders to the Motion filed by The Huntington Beach Gables Homeowners Associations ("HOA"), Dk. No. 98, and by Janine Jasso ("Ms. Jasso," and collectively with HOA the "Joining Parties"), Dk. No. 100; and all other pleadings and papers filed in this case, and having heard the statements of counsel, the Court orders as follows:

IT IS ORDERED that:

1. The hearing on the Motion is continued to July 21, 2022, at 10:30 a.m. to allow Houser Bros. and/or the Joining Parties to file a reply/replies to Debtor's late opposition filed on June 1, 2022.

2. Any replies by Houser Bros. or the Joining Parties must be filed by July 7, 2022.

3. No other pleadings may be filed regarding the Motion.

# # #

Date: June 23, 2022

_Erithe A. Smith_
Erithe Smith
United States Bankruptcy Judge

2

**EXHIBIT 1**

EXHIBIT 2, PAGE 36

# United States Bankruptcy Court
## Central District of California
### Santa Ana
### Erithe Smith, Presiding
### Courtroom 5A Calendar

---

**Thursday, June 2, 2022**                                    **Hearing Room      5A**

---

<u>10:30 AM</u>
**8:21-11710    Jamie Lynn Gallian**                                    **Chapter 7**

**#30.00**    Hearing RE: Creditor Houser Bros. Co. dba Rancho Del Rey Mobile Home
Estates Motion Objecting to Debtor's Claimed Homestead Exemption

Docket        95

**Courtroom Deputy:**

- NONE LISTED -

**Tentative Ruling:**

**June 2, 2022**

Continue hearing to July 21, 2022 at 10:30 a.m. to allow Movant/Joining
Parties to file a reply to Debtor's late opposition filed on June 1, 2022, which
reply(ies) must be filed by July 7, 2022.  No other pleadings may be filed.

<u>Basis for Tentative Ruling</u>:

1.  Because Debtor filed her opposition one day prior to the hearing, the court
has not had an opportunity to review it and the Movant was not afforded the
opportunity to file a reply to the opposition. Under the Local Bankruptcy
Rules, the court may exclude late-filed pleadings and not consider them at all.
On this one occassion, the court will make an exception and allow the
opposition.  <u>However</u>, in the future, the court will not consider any pleadings
filed by Debtor after the day they are due.

2.  Based solely on the timely filed Motion and joinders, the court would be
inclined to grant the Motion.

| Party Information |
|---|

**<u>Debtor(s):</u>**

    Jamie Lynn Gallian                            Pro Se

**<u>Trustee(s):</u>**

    Jeffrey I Golden (TR)                          Represented By

---

EXHIBIT 1, PAGE 3
EXHIBIT 2, PAGE 37

## United States Bankruptcy Court
## Central District of California
### Santa Ana
### Erithe Smith, Presiding
### Courtroom 5A Calendar

---

**Thursday, June 2, 2022**                                    **Hearing Room    5A**

---

<u>10:30 AM</u>
**CONT...    Jamie Lynn Gallian**                                    **Chapter 7**

                             Aaron E DE Leest
                             Eric P Israel

---

EXHIBIT 1, PAGE 4
EXHIBIT 2, PAGE 38

**EXHIBIT 3**

1  | ELAINE B. ALSTON, Bar No. 134139,

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange

2  | VIVIENNE J. ALSTON, Bar No. 170746
   | Members of

**01/02/2019** at 08:00:00 AM
Clerk of the Superior Court
By Diana Cuevas, Deputy Clerk

3  | **ALSTON, ALSTON & DIEBOLD**
   |     Attorneys at Law

4  | 27201 Puerta Real, Suite 300
   | Mission Viejo, California 92691

5  | (714) 556-9400 – FAX (714) 556-9500

6  | Attorney for Plaintiff

7

8  |                    SUPERIOR COURT, STATE OF CALIFORNIA

9  |                          COUNTY OF ORANGE,

10

11  | HOUSER BROS. CO., a California limited
    | partnership dba RANCHO DEL REY MOBILE
    | HOME ESTATES

Case No.:  30-2019-01041423-CL-UD-CJC

12  |                 Plaintiff,

COMPLAINT FOR FORCIBLE ENTRY/
DETAINER (MOBILEHOME PARK)

13

14  |          vs.

[CIVIL CODE §798.75 AND CODE OF
CIVIL PROCEDURE §§1159, et seq.]

15  | JAMIE GALLIAN AND ALL OTHER
    | OCCUPANTS AND PERSONS IN POSSESSION
    | WITHOUT A SIGNED LEASE AGREEMENT,

**DOES NOT EXCEED $10,000.00**

16  | and DOES 1 to 10, inclusive,

17  |                 Defendant

18

19  | COMES NOW, the Plaintiff herein, and alleges as follows:

20  |        1.      Plaintiff, HOUSER BROS. CO., a California limited partnership doing business in the

21  | County of Orange State of California, under the fictitious name of RANCHO DEL REY MOBILE

22  | HOME ESTATES.  Plaintiff has filed the statements and published the notices required by §§17900, et

23  | seq., of the Business and Professions Code.

24  |        2.      Defendants, JAMIE GALLIAN AND ALL OTHER OCCUPANTS AND PERSONS

25  | IN POSSESSION WITHOUT A SIGNED LEASE AGREEMENT, are individuals residing in the City

26  | of Huntington Beach, County of Orange State of California

27  |        3.      The true names and capacities of Defendants sued herein as DOES 1 through 10,

28  | inclusive, whether individual, corporate, associate or otherwise, are unknown to Plaintiff, who

1

**COMPLAINT FOR FORCIBLE ENTRY/DETAINER**

EXHIBIT 3, PAGE 39

1  therefore sues said Defendants by said fictitious names.  Plaintiff will amend this Complaint to insert

2  said Defendants' true names and capacities when the same have been ascertained.

3      4.    The premises which are the subject of this action are located in the judicial district in

4  which this action is brought.   Said premises are situated at 16222 Monterey Lane. Space 376,

5  Huntington Beach, California 92647  (the "Premises").

6      5.    Plaintiff is the owner of said Premises and has a superior right to possession thereof.

7      6.    Defendants entered into possession of the subject Premises without the consent of

8  Plaintiff.  No rental agreement has been entered into between Plaintiff and Defendants. Defendant's

9  application was denied due to her poor financial condition.  Defendant also made a material falsehood

10  on her application, and her prior conduct indicates she will not comply with the Rules and Regulations

11  governing the mobilehome park.

12      7.    Due to the failure of Defendants to execute a rental agreement prior to taking possession

13  of the Premises, Defendants have no right of tenancy and are unlawful occupants within the meaning of

14  Civil Code §798.75.

15      8.    On or about December 11, 2018 Plaintiff caused to be served on Defendants a Five (5)

16  Day Notice to Quit Premises.  A copy of said Notice is attached hereto as Exhibit "1" and incorporated

17  herein by this reference.

18      9.    Defendants remain in possession of the subject Premises as of this date, and said

19  possession is without Plaintiff's consent.

20      10.    Defendants continue in willful, malicious, obstinate and/or intentional possession of said

21  Premises without Plaintiff's consent and refuse to surrender possession of same to Plaintiff.

22      11.    The reasonable rental value of the Premises is at least Thirty-Six Dollars and Twenty

23  Cents ($36.20) per day, and damages caused by Defendants' forcible detention will accrue at said rate so

24  long as Defendants' mobilehome remains in possession of said Premises.

25      12.    The reasonable value of utilities consumed is the amount evidenced by the meters

26  installed on the Premises, and damages caused by Defendants' forcible detention will accrue at said

27  rates so long as Defendants' mobilehome remains in possession of the said Premises.

28

2

**COMPLAINT FOR FORCIBLE ENTRY/DETAINER**

13.    The reasonable value for trash removal and sewage charges are the amounts charged by the suppliers for these services, and damages caused by Defendants' forcible detention will accrue at said rate so long as Defendants, or any of them, remain in possession of said premises.

14.    California Civic Code §798.85 states as follows:

"In any action arising out of the provisions of this chapter the prevailing party shall be entitled to reasonable attorneys' fees and costs."

15.    Plaintiff has been compelled to commence this action for recovery of possession of said Premises and for default in payment of rent and utilities, and Plaintiff has thereby incurred and been required to expend money for attorneys' fees.

16.    Plaintiff has been compelled to commence this action for recovery of possession of said Premises and for default in payment of rent, utilities and other charges, and to otherwise enforce Plaintiff's rights under Exhibit "1," and Plaintiff has thereby incurred and been required to expend money for attorneys' fees.

WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, as follows:

(1)    For restitution of said Premises;

(2)    For damages at the rate of Thirty-Six Dollars and Twenty Cents ($36.20) per day as a reasonable rental value of the Premises from and after the date Defendants went into possession according to proof, and until judgment and for so long as Defendants, or any of them, continue to occupy said Premises;

(3)    For actual consumption of utilities commencing from and after the date Defendants went into possession according to proof, and until judgment and for so long as Defendants, or any of them, continue in possession of said Premises;

(4)    For treble the amount above;

(5)    For attorneys' fees incurred herein;

(6)    For costs of suit incurred herein;

(7)    For interest at the legal rate on judgment; and

3

**COMPLAINT FOR FORCIBLE ENTRY/DETAINER**

EXHIBIT 3, PAGE 41

1    (8)    For such other and further relief as the Court may deem just and proper, except that

2    Plaintiff remits all damages in excess of the jurisdiction of this Court.

3

4    DATED: December _18_, 2018        By: _____

5                                              Vivienne J. Alston
                                              Attorney for Plaintiff

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4

**COMPLAINT FOR FORCIBLE ENTRY/DETAINER**

**EXHIBIT 1**

ELAINE B. ALSTON
VIVIENNE J. ALSTON
DONALD A. DIEBOLD

ALSTON, ALSTON & DIEBOLD

TELEPHONE (714) 556-9400
FACSIMILE (714) 556-9500

27201 PUERTA REAL
SUITE 300
MISSION VIEJO, CALIFORNIA 92691

OUR FILE NO: 1510.

December 10, 2018

## FIVE (5) DAY DEMAND
## FOR SURRENDER OF POSSESSION OF SITE

To:    Jamie Gallian and All Unlawful Occupants and Persons in Possession Without a Signed Rental
Agreement ("Occupants"):

NOTICE IS HEREBY GIVEN that management of the mobilehome park commonly known as:

Rancho Del Rey
16222 Monterey Lane
Huntington Beach, CA 92649
(referred to as "Park" herein)

HEREBY DEMANDS that the Occupants named above, and each of them, quit the premises in the Park and
surrender possession thereof commonly described as:

Space376
(referred to as "site" herein)

WITHIN FIVE (5) DAYS FROM AND AFTER SERVICE OF THIS NOTICE, and that said surrender of the
mobilehome site be made to the park manager(s), who is authorized to receive the same on behalf of the
management.

Civil Code Section 798.75 authorizes forcible detainer proceedings against any occupant of a mobilehome park
who does not have rights of tenancy and is not otherwise entitled to occupy the premises, upon failure of the
occupants to quit the premises within five (5) days after service of a demand for surrender of the site.

This notice is served with reference to the following facts, inter alia, upon which said demand is now hereby made:

That you have actual and physical possession of the site, without permission from park management, and without
right or authority under a rental agreement or otherwise.  Based upon the foregoing facts, management is authorized
to pursue its legal remedies to obtain possession of the site from all such Occupants having no right of tenancy or
possession.

J Gallian
and All Unlawful Occupants
December 10, 2018
Page 2

**THIS NOTICE IS INTENDED AS A FIVE (5) DAY DEMAND TO SURRENDER POSSESSION AND NOTICE TO QUIT AS PER <u>CIVIL CODE</u> SECTION 798.75. SHOULD YOU FAIL TO QUIT AND SURRENDER POSSESSION AS HEREBY DEMANDED, LEGAL PROCEEDINGS SHALL BE INSTITUTED FOR RESTITUTION OF POSSESSION OF THE PREMISES, REASONABLE RENTAL VALUE, DAMAGES INCIDENTAL TO OCCUPANTS WRONGFUL UNLAWFUL OCCUPATION OF THE SITE, AND ATTORNEYS' FEES AND COSTS, AND STATUTORY DAMAGES.**

ALSTON, ALSTON & DIEBOLD

Dated:  December 10, 2018

By: _____
VIVIENNE J. ALSTON
Authorized Agent for Owner

cc:    Client
       Park Manager

EXHIBIT 3, PAGE 45

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address) | TELEPHONE NUMBER | FOR COURT USE ONLY |
|---|---|---|
| **Vivienne J. Alston** SBN 170746<br>**ALSTON, ALSTON & DIEBOLD**<br>**27201 Puerta Real ste 300**<br>**Mission Viejo, CA 92691**<br>ATTORNEY FOR  **Plaintiff** | **(714) 556-9400** | |

| SHORT TITLE OF CASE:<br>Rancho Del Rey v. Gallian, Jamie | | |
|---|---|---|
| DATE:  TIME:  DEP./DIV. | | CASE NUMBER:<br>Not Applicable |
| **Declaration of Service of Notice to Tenant** | | Ref. No. or File No:<br>1510 |

I, the undersigned, declare that I served the tenant with the: **Five (5) Day Demand for Surrender of Possessin of site.;**

Constructive Service

After unsuccessfully attempting to personally serve said Notice(s) on each of the named parties on **12/11/2018** at **05:39 PM**, I completed service by serving said notice(s) as authorized by C.C.P. Section 1162 (2,3). In the manner set forth below.

To: **Jamie Gallian**

On: **12/11/2018**     At: **05:39 PM**

**By posting** a copy for each tenant in a conspicuous place on the property therein described, there being no person of suitable age or discretion to be found at the property where situated, **and mailing** a copy to said tenant(s) by depositing said copies in the United States Mail in a sealed envelope with postage fully prepaid, addressed to the tenant  on **12/11/2018** from **Garden Grove** at the address where served: **16222 Monterey Lane 376  Huntington Beach, CA 92649**

Person Who served papers:
  a. Name: **Cesar Gonzalez**
  b. Address: **840 N. Birch St, Santa Ana, CA 92701**
  c. Telephone number: **714-953-9451**
  d. **The fee** for this service was: **129.50**
  e. I am:
  (3) [X] a registered California process server:
        (i) [X] Independent Contractor
        (ii) Registration No.: **2729**
        (iii) County: **Orange**

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.



                                                                    _____
                                                                    **Cesar Gonzalez**     Date: **12/12/2018**

---

Declaration of Service of Notice to Tenant                    Invoice #: 2305520-01

EXHIBIT 3, PAGE 46

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address)<br>Vivienne J. Alston SBN 170746<br>ALSTON, ALSTON & DIEBOLD<br>27201 Puerta Real ste 300<br>Mission Viejo, CA 92691<br>ATTORNEY FOR  Plaintiff | TELEPHONE NUMBER<br>(714) 556-9400 | FOR COURT USE ONLY |
|---|---|---|
| SHORT TITLE OF CASE:<br>Rancho Del Rey v. Gallian, Jamie | | |
| DATE:           TIME:           DEP./DIV. | | CASE NUMBER:<br>Not Applicable |
| **Declaration of Service of Notice to Tenant** | | Ref. No. or File No:<br>1510 |

I, the undersigned, declare that I served the tenant with the: **Five (5) Day Demand for Surrender of Possessin of site.;**

Constructive Service

After unsuccessfully attempting to personally serve said Notice(s) on each of the named parties on **12/11/2018** at **05:39 PM**, I completed service by serving said notice(s) as authorized by C.C.P. Section 1162 (2,3). In the manner set forth below.

To: **All Other Occupants**

On: **12/11/2018**           At: **05:39 PM**

**By posting** a copy for each tenant in a conspicuous place on the property therein described, there being no person of suitable age or discretion to be found at the property where situated, **and mailing** a copy to said tenant(s) by depositing said copies in the United States Mail in a sealed envelope with postage fully prepaid, addressed to the tenant  on **12/11/2018** from **Garden Grove** at the address where served: **16222 Monterey Lane 376  Huntington Beach, CA 92649**

Person Who served papers:
  a. Name: **Cesar Gonzalez**
  b. Address: **840 N. Birch St, Santa Ana, CA 92701**
  c. Telephone number: **714-953-9451**
  d. **The fee** for this service was: **39.50**
  e. I am:
    (3) [X] a registered California process server:
       (i) [X] Independent Contractor
       (ii) Registration No.: **2729**
       (iii) County: **Orange**

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.



**Cesar Gonzalez**           Date: **12/12/2018**

---

Declaration of Service of Notice to Tenant                    Invoice #: 2305520-02

## VERIFICATION

STATE OF CALIFORNIA, COUNTY OF ORANGE

I have read the foregoing COMPLAINT _____ and know its contents.

□ **CHECK APPLICABLE PARAGRAPHS**

☐ I am a party to this action. The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

X I am ☐ an Officer X a partner _____ ☐ a _____ of HOUSER BROS CO.

a party to this action, and am authorized to make this verification for and on its behalf, and I make this verification for that reason. ☐ I am informed and believe and on that ground allege that the matters stated in the foregoing document are true. X The matters stated in the foregoing document are true of my own knowledge, except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

☐ I am one of the attorneys for _____

a party to this action. Such party is absent from the county of aforesaid where such attorneys have their offices, and I make this verification for and on behalf of that party for that reason. I am informed and believe and on that ground allege that the matters stated in the foregoing document are true.

Executed on December 19, 2018, at HUNTINGTON BEACH, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

_Christopher C. Houser_
Type or Print Name

_signature_

### PROOF OF SERVICE
1013a (3) CCP Revised 5/1/88

STATE OF CALIFORNIA, COUNTY OF

I am employed in the county of _____, State of California.

I am over the age of 18 and not a party to the within action; my business address is: _____

On. _____ I served the foregoing document described as _____

_____ on _____ in this action

☐ by placing the true copies thereof enclosed in sealed envelopes addressed as stated on the attached mailing list:

☐ by placing ☐ the original ☐ a true copy thereof enclosed in sealed envelopes addressed as follows:

☐ **BY MAIL**

☐ *I deposited such envelope in the mail at _____, California.

The envelope was mailed with postage thereon fully prepaid.

☐ As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at _____ California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on _____, at _____, California.

☐ **(BY PERSONAL SERVICE)** I delivered such envelope by hand to the offices of the addressee.

Executed on _____, at _____, California.

☐ (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☐ (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_____
Type or Print Name

_____
Signature

*(BY MAIL SIGNATURE MUST BE OF PERSON DEPOSITING ENVELOPE IN MAIL SLOT, BOX, OR BAG)
**(FOR PERSONAL SERVICE SIGNATURE MUST BE THAT OF MESSENGER)

Legal
Solutions
Plus          Rev. 7/99

EXHIBIT 3, PAGE 48

**EXHIBIT 4**



1  D. EDWARD HAYS, #162507
   ehays@marshackhays.com
2  LAILA MASUD, #311731
   lmasud@marshackhays.com
3  MARSHACK HAYS LLP
   870 Roosevelt
4  Irvine, CA 92620
   Telephone: (949) 333-7777
5  Facsimile: (949) 333-7778

6  Attorneys for Plaintiff,
   HOUSER BROS. CO. dba RANCHO DEL REY
7  MOBILE HOME ESTATES

8                UNITED STATES BANKRUPTCY COURT

9          CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

10

11  In re                                  Case No. 8:21-bk-11710-ES

12  JAMIE LYNN GALLIAN,                     Chapter 7

13          Debtor.                         Adv. No. 8:21-ap-01097-ES

14  ─────────────────────────              FIRST AMENDED COMPLAINT TO
                                              (1) DETERMINE
15  HOUSER BROS. CO. dba RANCHO DEL              DISCHARGEABILITY OF DEBT
    REY MOBILE HOME ESTATES,                     PURSUANT TO 11 U.S.C. §§ 523
16                                               (a)(2)(A) and (a)(6);
            Plaintiff,                        (2) DENY DISCHARGE PURSUANT
17                                               TO 11 U.S.C. §§ 727(a)(2)(A),
    v.                                           (a)(4), and (a)(5)
18
    JAMIE LYNN GALLIAN,
19
            Defendant.                       Status Conference
20  ─────────────────────────              Hearing: January 6, 2022
                                            Time: 9:30 a.m.
21                                          Ctrm: 5A
                                            Location: 411 W. Fourth St., Santa Ana, CA
22                                          92701

23  TO THE HONORABLE ERITHE A. SMITH, UNITED STATES BANKRUPTCY JUDGE,

24  DEFENDANT AND HER ATTORNEY OF RECORD, AND TO ALL INTERESTED PARTIES:

25          Plaintiff, HOUSER BROS. CO., a California limited partnership dba RANCHO DEL REY

26  MOBILE HOME ESTATES ("Houser Bros." or "Plaintiff"), files this First Amended Complaint

27  against Debtor, Jaime Lynn Gallian ("Defendant" or "Debtor"), and alleges as follows:

28

                                   1
                        FIRST AMENDED COMPLAINT
    4842-2871-2959,v.1

## Statement of Jurisdiction and Venue

1.      The court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334 in that this action arises in and relates to the bankruptcy case pending in the United States Bankruptcy Court for the Central District of California, Santa Ana Division, entitled *Jaime Lynn Gallian*, Case Number 8:21-bk-11710-ES on the docket of the Court.

2.      This adversary proceeding is a core proceeding under 28 U.S.C. § 157(b)(2)(I) (dischargeability of particular debts) and 28 U.S.C. § 157(b)(2)(J) (objections to discharge). To the extent any claim for relief contained in this proceeding is determined to be non-core or involve a *Stern*-claim, Plaintiff consents to the entry of final orders and judgments by the Bankruptcy Court.

3.      Venue properly lies in the Central District of California in that this adversary proceeding arises in or is related to a case under Title 11 of the United State Code as provided in 28 U.S.C. § 1409.

## Parties

4.      Plaintiff is a California limited partnership doing business in the County of Orange, State of California, under the fictitious name of Rancho Del Rey Mobile Home Estates.

5.      Plaintiff is informed and believes, and thereon alleges that Defendant is an individual residing in Huntington Beach, California.

## General Allegations

## The Parties and Their Background

6.      Houser Bros. Co. owns several acres of real property in Huntington Beach California. The real property has been improved with both (a) a senior mobilehome park known as Rancho Del Re Mobile Home Estates (hereinafter referred to as "The Park" or "Plaintiff") and (b) an 80-unit condominium complex known as The Huntington Beach Gables ("The Gables").[1]

---

[1] Defendant was involved in hotly-contested litigation with the Gables concerning property located at 4476 Alderport Drive, Unit 53, Huntington Beach, California 92649 ("4476 Alderport"). The litigation spawned a judgment of over $316,583.59 ("Gables Judgment") in favor of the Gables which was formally entered on May 6, 2019. To that end, the Gables has separately filed an adversary action against Defendant seeking to except the Gables Judgment from discharge as well as to deny Debtor a discharge. *See*, Dk. No. 57 in Case No., 8:21-bk-11710-ES ("Gables Adversary Complaint"). By this reference, Plaintiff incorporates all allegations in the Gables Adversary Complaint as if specifically set forth herein.

2

FIRST AMENDED COMPLAINT

EXHIBIT 4, PAGE 50

The Park is operated by Plaintiff and the condominium community sub-leases the real property and is operated by an independent Homeowners Association ("Association"). Both The Park and the Gables are enclosed in a six-foot perimeter wall and traffic to both communities is controlled by the same gate with a manned gatehouse. Once a person is past the gatehouse, they have complete and unfettered access to both communities.

7.    In February 2018, Defendant came to The Park's leasing office to inquire whether there were any mobilehomes for sale. At this meeting, Defendant neither requested an application packet nor any information as to The Park's requirements for tenancy and its application procedures.

8.    Separately, on August 21, 2018, Plaintiff filed a complaint ("Ryan Complaint") against an individual by the name of Lisa Ryan in Orange County Superior Court for failure to pay rent stemming from Ms. Ryan's tenancy at the Park – namely 16222 Monterey Lane, Space 376, Huntington Beach, CA 92649 ("Space 376" or "Premises").[2] Subsequently, Ms. Ryan and The Park entered into a stipulated judgment ("Stipulated Judgment") resolving the Ryan Complaint and providing for turnover of Space 376. Specifically:

(a)    No later than November 3, 2018, Ms. Ryan was to vacate Space 376;

(b)    The Park was entitled to a Writ of Possession provided no lock-out could occur prior to November 4, 2018;

(c)    Ms. Ryan had 120 days to market and sell her mobilehome located at Space 376 or the mobilehome would be subject to a warehouse lien auction;

(d)    The Park was to review any prospective buyers in accordance with Mobilehome Residency Law ("MRL");

(e)    The sale of the mobilehome was to proceed via escrow; and

(f)    Ms. Ryan was to pay a money judgment of not less than $8,437.07 plus judicial interest.

---

[2] *See*, Case No. 30-2018-01013582-CL-UD-CJC ("Ryan State Court Action"). On March 6, 2019, in the Ryan State Court Action the Court granted Plaintiff's motion for reconsideration to intervene and TRO to stay writ of possession.

3
FIRST AMENDED COMPLAINT

EXHIBIT 4, PAGE 51

9. On November 19, 2018, Defendant emailed an outdated application ("Application") to the management office for The Park. At this time, the minimum requirements for tenancy at The Park were as follows:

(a) At least 55 years of age;

(b) Credit worthiness including a credit score of not less than 650;

(c) Three times the subject rent in monthly income; and

(d) Investigation of prior tenancies (lack of prior holdovers, unlawful detainers etc.).

10. The Park reviewed the Application and found Defendant (a) did not meet the minimum financial requirements for tenancy; (b) had a credit score of 523; and (c) had numerous collections and charge offs as bad debts.

11. Accordingly, on November 20, 2018, the Park (a) mailed a letter informing Defendant of the denial of her Application ("Denial Letter"); and (b) verbally informed Defendant's real estate agent of the Denial Letter. On the same day, Defendant called the The Park office to discuss the Denial Letter.

12. On November 21, 2018, Defendant physically came to The Park office and tendered a cashier's check in the amount of $8,743.07 ("Cashier's Check"). The Cashier's Check (a) was in the name of J-Sandcastle Co, LLC; (b) made payable to RDR Mobile Home Estates; (c) contained no indication of the intended purpose. Subsequently, a game of "hot potato" with the Cashier's Check occurred between The Park and Defendant, where The Park finally returned to Defendant the Cashier's Check by certified mail.

13. In December 2018, The Park found a second cashier's check from Defendant ("2nd Cashier's Check"). Again, the 2nd Cashier's Check was also returned by The Park to Defendant by certified mail.

14. Subsequently, The Park learned Defendant lied on the Application. Specifically, when Defendant was asked "[h]ave you been asked to terminate your residency elsewhere or have you ever been evicted?" she answered in the negative. Yet, in October 2018 - *one month prior to*

1  *turning in the Application* - Defendant was sued by The BS Investors LP for unlawful detainer.[3]

2       15.    From what The Park could ascertain, on or around November 1, 2018, Ms. Ryan

3  allegedly transferred her interest in her mobilehome located at the Premises to an LLC owned by

4  Defendant called J-Sandcastle Co., LLC ("JSC"). But the transfer was not done pursuant to any

5  written purchase agreement.

6       16.    Rather, Defendant asserts there (a) exists a security agreement between JSC and

7  Defendant where Defendant allegedly lent JSC $225,000 in exchange for a security interest in the

8  Premises; (b) accompanying the agreement is a secured promissory note ("Note") for $225,000,[4]

9  dated November 16, 2018, between JSC and J-Pad LLC ("JP") – which LLC Debtor also holds

10  some vague ownership interest in.

11       17.    Importantly, Defendant was never approved by the Park to be a tenant for Space

12  376.[5]

13       18.    In December 2018, The Park caused to be served on Defendant a Five-Day Notice of

14  Quit Premises.

15       19.    On January 2, 2019, The Park filed a complaint ("Complaint") against Defendant for

16  forcible entry/detainer (mobilehome park).[6]

17       20.    On January 14, 2019, the Defendant filed a UCC Financing Statement against J-

18  Sandcastle Co LLC, Document No. 76027030002.

19       21.    On January 14, 2019, the Defendant filed a UCC Financing Statement against J-

20  Sandcastle Co LLC, Document No. 76027940002.

21  / / /

22

23  _____

24  [3] *See*, Case No. 30-2018-01024401.
   [4] Shortly after execution of the Note, on January 14, 2019, JP filed a UCC Financing Statement in
25  favor of itself with the Debtor listed as the JSC and Defendant with the collateral being the Premises.
   In sum, in January 2019, the JSC was the registered owner and JP was the legal owner-holder of the
   Note.
26  [55] Reasonable daily rental value of the Premises is at least $36.20 or $1,086 monthly. This is the
   amount Ms. Ryan was charged in 2018. Since then the amount has increased with move in rates for
27  The Park as follows: (a) 2019 $1372; (b) 2020 $1420; and (c) 2021 $1460.
   [6] *See*, Case No. 30-2019-01041423-CL-UD-CJC ("State Court Action"). A true and correct copy of
28  the State Court Action is attached as **Exhibit 1**. Plaintiff incorporates by reference the allegations in
   the State Court Action into this Complaint.

FIRST AMENDED COMPLAINT

4842-2871-2959,v.1

22.     On January 14, 2019, the Defendant filed a UCC Financing Statement against J-Sandcastle Co LLC, Document No. 76027940003.

23.     On January 14, 2019, the Defendant filed a UCC Financing Statement against Craig Houser and Kathryn Curtiss, Document No. 7602794004.

24.     On February 22, 2019, Defendant filed her answer to the Complaint.

25.     In August 2020, title to the mobilehome located on the Premises was transferred to Ron Pierpont. Subsequently, title to the Premises was also transferred to Defendant's children.

26.     Subsequently, the title certificate for the mobilehome on the Premises was further changed to show Defendant as the registered owner.

## The Bankruptcy Filing

27.     On July 9, 2021, Defendant filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Bankruptcy Code ("Petition Date") commencing Case No. 8:21-bk-11710-ES.

28.     On September 7, 2021, as Dk. No. 15, Defendant filed amended schedules: Amended Schedule A/B Individual: Property, Amended Schedule C: The Property You Claimed as Exempt, Schedule G Individual: Executory Contracts and Unexpired Leases, Schedule H Individual: Your Codebtors, Amended Schedule I Individual: Your Income, Statement of Financial Affairs for Individual Filing for Bankruptcy, Statement of Intention for Individuals Filing Under Chapter 7, Chapter 7 Statement of Your Current Monthly Income.

29.     On September 22, 2021, as Dk. No. 16, Defendant filed First Amended Schedule C: The Property You Claimed as Exempt, Amended Schedule I Individual: Your Income, Amended Schedule G Individual: Executory Contracts and Unexpired Leases, Amended Statement of Financial Affairs for Individual Filing for Bankruptcy, Amended Statement of Intention for Individuals Filing Under Chapter 7, Amended Statement of Related Cases, and Amended Chapter 7 Statement of Your Current Monthly Income.

30.     On the same day, as Dk. No. 17, Defendant filed Amended Schedules (D) and (E/F), Amended List of Creditors (Master Mailing List of Creditors), and Amended Verification of Master Mailing List of Creditors.

FIRST AMENDED COMPLAINT

4842-2871-2959,v.1

EXHIBIT 4, PAGE 54

31.     On October 14, 2021, as Dk. No. 22, Defendant filed Amended Schedule A/B Individual: Property, Amended Schedule C: The Property You Claimed as Exempt, Amended Schedules (D) (E/F), Schedule G Individual: Executory Contracts and Unexpired Leases, Schedule H Individual: Your Codebtors, and Statement of Intention for Individuals Filing Under Chapter 7.

## First Claim for Relief

### (11 U.S.C. § 523(a)(2)(A))

32.     Plaintiff incorporates by reference, paragraphs 1 through 27 and realleges these paragraphs as though set forth in full.

33.     Defendant trespassed and took possession of the subject Premises without the consent of Plaintiff. No rental agreement has been entered into between Plaintiff and Defendant. Defendant's Application was denied due to her poor financial condition. Defendant also made a material falsehood on her Application.

34.     Due to the failure of Defendant to execute a rental agreement prior to taking possession of the Premises, Defendant has no right of tenancy and is an unlawful occupant within the meaning of 11 Civil Code §798.75.

35.     Defendant remains in possession of the subject Premises as of this date, and said possession is without Plaintiff's consent.

36.     Defendant continues in willful, malicious, obstinate and/or intentional possession of said Premises without Plaintiff's consent and refuse to surrender possession of same to Plaintiff.

37.     The reasonable rental value of the Premises is at least Thirty-Six Dollars and Twenty Cents ($36.20) per day or $1,086 monthly[7], and damages caused by Defendants' forcible detention will accrue at said rates long as Defendants' mobilehome remains in possession of said Premises.

38.     The reasonable value of utilities consumed is the amount evidenced by the meter installed on the Premises, and damages caused by Defendant's forcible detention will accrue at said rates so long as Defendant's mobilehome remains in possession of said Premises.

/ / /

_____

[7] *Supra*, Fn. 5

7

FIRST AMENDED COMPLAINT

4842-2871-2959,v.1

39.     The reasonable value for trash removal and sewage charges are the amounts charged by the suppliers for these services, and damages caused by Defendant's forcible detention will accrue a said rate so long as Defendants, or any of them, remain in possession of said premises.

40.     As a direct and proximate result of Defendant's false pretenses, false representations, or actual fraud, Plaintiff has suffered damages in an amount that exceeds $50,000.

41.     In short, Defendant trespassed, refuses to leave and this has caused Damage to Plaintiff.

42.     Defendant further fraudulently represents that she has a right to be at the Premises that is false and fraudulent resulting in her willfully and maliciously causing damage to Plaintiff.

43.     By reason of the foregoing, all amounts due to Plaintiff under the Judgment must be excepted from any discharge received by the Debtor pursuant to 11 U.S.C. § 523(a)(2)(A).

## Second Claim for Relief

### (11 U.S.C. §523(a)(6))

44.     Plaintiff incorporates by reference paragraphs 1 through 39 and realleges these paragraphs as though set forth in full.

45.     Defendant knowingly, willfully, and/or intentionally converted Plaintiff's property, namely the Premises, for her own use while depriving Plaintiff of its right to the Premises.

46.     Defendant's actions were malicious.

47.     Defendant knew that the Premises were not her property and that she had no permission or right to be there.

48.     Defendant failed to return the Premises to Plaintiff despite demand. Defendant's conversion was willful and malicious and not innocent or technical.

49.     As a result of Debtor's willful and malicious actions, Plaintiff incurred damages in the amount of at least $50,000, exclusive of interest, costs, and attorney's fees.

50.     By reason of the foregoing, all amounts due to Plaintiff under the Judgment must be excepted from any discharge to be received by Debtor pursuant to 11 U.S.C. § 523(a)(6).

/ / /

FIRST AMENDED COMPLAINT

4842-2871-2959,v.1

EXHIBIT 4, PAGE 56

## Third Claim for Relief

### Debtor Took Actions to Hinder, Delay, and Defraud Creditors

### [11 U.S.C. § 727(a)(2)(A)]

51.     Plaintiff incorporates by reference all allegations of Paragraphs 1 through 46, inclusive, of this complaint as though fully set forth herein.

52.     Pursuant to 11 U.S.C. § 727(a)(2)(A), a debtor shall not receive a discharge if "the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed—property of the debtor, within one year before the date of the filing of the petition." *See, e.g., In re Lawson*, 122 F.3d 1237, 1240 (9th Cir. 1997).

53.     Within one year of the Petition Date, Debtor transferred or disposed of the Premises ("Transfer").

54.     When making the Transfer, Debtor subjectively intended to hinder, delay, or defraud creditors through the act of the Transfer.

55.     Specifically, Debtor engaged in the Transfer at a time when creditors were attempting collection and unlawful detainer efforts, such that collection efforts by Debtor's creditors were hindered, delayed, or frustrated.

56.     Additionally, certain badges of fraud accompanied the Transfer, including that (a) there was a close relationship between JPS, JP and Debtor, as Debtor hold some ownership interest in both LLCs; (b) the Transfer, and subsequent transfers, were made in response to a pending lawsuit filed by Defendant and other creditors; (c) prior to the Transfer or as a result of the Transfer, Debtor was or was rendered insolvent; (d) substantially all of Debtor's property was transferred as a result of the transfers of the Premises; (e) Plaintiff is informed and believes that Debtor received no consideration for the Transfer, or any subsequent transfers. *See Retz v. Samson (In re Retz)*, 606 F.3d 1189, 1200 (9th Cir. 2010).

57.     Additionally, Debtor concealed her interest in the Premises by paying for the purchase of the Premises but placing title in the name of one or more LLCs and/or other individuals.

4842-2871-2959,v.1

EXHIBIT 4, PAGE 57

58.     Defendant's concealed interest in the Property continued into the one year period prior to bankruptcy.

59.     Accordingly, Debtor is not entitled to a discharge pursuant to 11 U.S.C. § 727(a)(2).

**Fourth Claim for Relief**

**False Oaths**

**[11 U.S.C. § 727(a)(4)]**

60.     Plaintiff incorporates by reference all allegations of Paragraph 1 through 55, inclusive, of this complaint as though fully set forth herein.

61.     Pursuant to 11 U.S.C. § 727(a)(4)(A), a debtor shall not receive a discharge if "the debtor knowingly and fraudulently, in or in connection with the case—made a false oath or account." *See Retz*, 606 F.3d at 1196-99 (9th Cir. 2010).

62.     Debtor signed her Chapter 7 Petition, Bankruptcy Schedules, Statements of Financial Affairs and other documents filed with the Court under penalty of perjury, acknowledging that the information provided therein was true and correct, even though she knew some of the information provided was not true or correct.

63.     At her initial 341(a) meeting of creditors, under penalty of perjury, Debtor answered in the affirmative that she signed, read and was personally familiar with the petition, schedules, statement of financial affairs and related documents, and that there were no errors or omissions. Debtor nevertheless made several material omissions and false oaths.

64.     First, on Debtor's Schedule A/B, she stated that originally that she held a 1/3 interest in JP. Subsequently, Debtor stated that she held a 1/7 interest in JP. Now, Debtor claims a 70% ownership interest without accounting for the change in interest/value.

65.     Second, Debtor transferred title to the Premises in and out of her name including transferring it to an JSC to conceal her alleged interest at a time when she was facing an adverse judgment in favor of the Gables. This omission is a false oath and is material because it is relevant to Debtor's financial affairs and business dealings, which Trustee must assess in order to properly administer the estate.

4842-2871-2959,v.1

EXHIBIT 4, PAGE 58

66.     Third, on Debtor's statement of financial affairs, she stated that she had not sold, traded, or otherwise transferred any property to anyone outside the ordinary course of business within the past two years prior to bankruptcy. This is contrary to the fact Debtor engaged in a series of transfers, through the Petition Date, involving the Premises. All transfers were outside the ordinary course of business. As stated above, this omission and false oath is material because it conceals a fraudulent transfer of estate property worth approximately $300,000. Without knowledge of this transfer, Trustee would be unable to pursue a fraudulent transfer action to recover up to $300,000 for the benefit of the estate and its creditors.

67.     Fourth, Defendant states in the schedules that she has an unexpired ground lease with Defendant when one does not exist.[8]

68.     Fifth, at her 341(a) meeting of creditors, Defendant stated that JSC and Defendant are the same and not legally distinct entities. Yet, Debtor provided alleged loan documents between herself, JSC and JP as if all were distinct legal entities. Moreover, the date on the public notary page has been removed and there are no dates or signatures on these documents.[9]

69.     Debtor made the foregoing omissions and false oaths knowingly by acting deliberately and consciously. Debtor deliberately and consciously signed the schedules and statement of financial affairs knowing that the information provided was not completely true and correct. Thereafter, at her 11 U.S.C. § 341(a) meeting of creditors, Debtor testified under penalty of perjury that there were no inaccuracies in her schedules or statement of financial affairs. This supports a finding that Debtor acted knowingly in making the omissions and false oaths.

70.     Accordingly, Debtor is not entitled to a discharge pursuant to 11 U.S.C. § 727(a)(4).

/ / /

_____

[8] Allegedly involving Tract 10542, Unit 4, Lot 376 16222 Monterey Lane. There is no ground lease on the MHP. There is a ground lease between BS Investors and Defendant for the condominium complex known as the HB Gables Tract 10542.
[9] Interestingly, the notary page references "Anthony Calderon" which Plaintiff believes was Defendant's ex-husband's boss who transferred JP to Defendant in 2018. Further Plaintiff believes that the signature appears to be a "copy paste" from a Secretary of State Filing.

11

FIRST AMENDED COMPLAINT

## Fifth Claim for Relief

## Objection to Debtor's Discharge

## [11 U.S.C. § 727(a)(5)]

71.     Plaintiff realleges and incorporates herein by this reference, the allegations contained in Paragraphs 1 through 66 inclusive, as though fully set forth herein.

72.     Defendant has failed to explain satisfactorily the purchase and series of transfers involving the Premises, including but not limited to the circumstances surrounding the alleged loan of $225,000 between JP, JSC, and Defendant for the purchase of the mobilehome located on the Premises.

73.     Defendant has failed to explain satisfactorily, namely produce any documentation, evidencing that there exists any lease agreement – ground or otherwise - between Defendant and Plaintiff.

74.     Defendant has been unable to explain how much she sold 4476 Alderport for and where the proceeds went, including any agreements between herself and the subsequent purchaser.

75.     As a result of her failure to explain satisfactorily material issues related to the Premises, any lease or purchase agreements, Debtor should be denied a discharge pursuant to 11 U.S.C. § 727(a)(5).

**ON THE FIRST CLAIM FOR RELIEF**

1.     For a determination that all amounts owed to Plaintiff under the Judgment be excepted from discharge pursuant to 11 U.S.C. § 523(a)(2)(A);

**ON THE SECOND CLAIM FOR RELIEF**

2.     For a determination that all amounts owed to Plaintiff under the Judgment be excepted from discharge pursuant to 11 U.S.C. § 523(a)(6);

**ON THE THIRD CLAIM FOR RELIEF**

3.     For a determination that Debtor should be denied a discharge pursuant to 11 U.S.C. § 727(a)(2);

FIRST AMENDED COMPLAINT

4842-2871-2959,v.1

EXHIBIT 4, PAGE 60

**ON THE FOURTH CLAIM FOR RELIEF**

4.    For a determination that Debtor should be denied a discharge pursuant to 11 U.S.C. § 727(a)(4);

**ON THE FIFTH CLAIM FOR RELIEF**

5.    For a determination that Debtor should be denied a discharge pursuant to 11 U.S.C. § 727(a)(5);

**ON ALL CLAIMS FOR RELIEF**

6.    For costs of suit incurred, including attorneys' fees as provided by applicable case law, statute, and/or agreement of the parties; and

7.    For such other relief as the Court deems just and proper.

DATED: October 22, 2021              MARSHACK HAYS LLP


                                     By: */s/ Laila Masud*_____
                                         D. EDWARD HAYS
                                         LAILA MASUD
                                         Attorneys for Plaintiff,
                                         HOUSER BROS. CO. dba RANCHO DEL REY
                                         MOBILE HOME ESTATES

---

13
FIRST AMENDED COMPLAINT

4842-2871-2959,v.1

# EXHIBIT 1

EXHIBIT 4, PAGE 62

1   ELAINE B. ALSTON, Bar No. 134139,
2   VIVIENNE J. ALSTON, Bar No. 170746
    Members of
3   **ALSTON, ALSTON & DIEBOLD**
       Attorneys at Law
4   27201 Puerta Real, Suite 300
    Mission Viejo, California 92691
5   (714) 556-9400 – FAX (714) 556-9500

6   Attorney for Plaintiff

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange

**01/02/2019** at 08:00:00 AM
Clerk of the Superior Court
By Diana Cuevas, Deputy Clerk

7

8              SUPERIOR COURT, STATE OF CALIFORNIA

9                      COUNTY OF ORANGE,

10

11  HOUSER BROS. CO., a California limited
    partnership dba RANCHO DEL REY MOBILE
12  HOME ESTATES

             Plaintiff,
13

14           vs.

15  JAMIE GALLIAN AND ALL OTHER
    OCCUPANTS AND PERSONS IN POSSESSION
16  WITHOUT A SIGNED LEASE AGREEMENT,
    and DOES 1 to 10, inclusive,

17           Defendant

Case No.:  30-2019-01041423-CL-UD-CJC

COMPLAINT FOR FORCIBLE ENTRY/
DETAINER (MOBILEHOME PARK)

[CIVIL CODE §798.75 AND CODE OF
CIVIL PROCEDURE §§1159, et seq.]

**DOES NOT EXCEED $10,000.00**

18

19  COMES NOW, the Plaintiff herein, and alleges as follows:

20      1.      Plaintiff, HOUSER BROS. CO., a California limited partnership doing business in the

21  County of Orange State of California, under the fictitious name of RANCHO DEL REY MOBILE

22  HOME ESTATES.  Plaintiff has filed the statements and published the notices required by §§17900, et

23  seq., of the Business and Professions Code.

24      2.      Defendants, JAMIE GALLIAN AND ALL OTHER OCCUPANTS AND PERSONS

25  IN POSSESSION WITHOUT A SIGNED LEASE AGREEMENT, are individuals residing in the City

26  of Huntington Beach, County of Orange State of California

27      3.      The true names and capacities of Defendants sued herein as DOES 1 through 10,

28  inclusive, whether individual, corporate, associate or otherwise, are unknown to Plaintiff, who

1

**COMPLAINT FOR FORCIBLE ENTRY/DETAINER**

EXHIBIT 4, PAGE 63

1   therefore sues said Defendants by said fictitious names.  Plaintiff will amend this Complaint to insert

2   said Defendants' true names and capacities when the same have been ascertained.

3        4.    The premises which are the subject of this action are located in the judicial district in

4   which this action is brought.  Said premises are situated at 16222 Monterey Lane. Space 376,

5   Huntington Beach, California 92647  (the "Premises").

6        5.    Plaintiff is the owner of said Premises and has a superior right to possession thereof.

7        6.    Defendants entered into possession of the subject Premises without the consent of

8   Plaintiff.  No rental agreement has been entered into between Plaintiff and Defendants. Defendant's

9   application was denied due to her poor financial condition.  Defendant also made a material falsehood

10  on her application, and her prior conduct indicates she will not comply with the Rules and Regulations

11  governing the mobilehome park.

12       7.    Due to the failure of Defendants to execute a rental agreement prior to taking possession

13  of the Premises, Defendants have no right of tenancy and are unlawful occupants within the meaning of

14  Civil Code §798.75.

15       8.    On or about December 11, 2018 Plaintiff caused to be served on Defendants a Five (5)

16  Day Notice to Quit Premises.  A copy of said Notice is attached hereto as Exhibit "1" and incorporated

17  herein by this reference.

18       9.    Defendants remain in possession of the subject Premises as of this date, and said

19  possession is without Plaintiff's consent.

20       10.   Defendants continue in willful, malicious, obstinate and/or intentional possession of said

21  Premises without Plaintiff's consent and refuse to surrender possession of same to Plaintiff.

22       11.   The reasonable rental value of the Premises is at least Thirty-Six Dollars and Twenty

23  Cents ($36.20) per day, and damages caused by Defendants' forcible detention will accrue at said rate so

24  long as Defendants' mobilehome remains in possession of said Premises.

25       12.   The reasonable value of utilities consumed is the amount evidenced by the meters

26  installed on the Premises, and damages caused by Defendants' forcible detention will accrue at said

27  rates so long as Defendants' mobilehome remains in possession of the said Premises.

28

2

**COMPLAINT FOR FORCIBLE ENTRY/DETAINER**

13.    The reasonable value for trash removal and sewage charges are the amounts charged by the suppliers for these services, and damages caused by Defendants' forcible detention will accrue at said rate so long as Defendants, or any of them, remain in possession of said premises.

14.    California Civil Code §798.85 states as follows:

> "In any action arising out of the provisions of this chapter the prevailing party shall be entitled to reasonable attorneys' fees and costs."

15.    Plaintiff has been compelled to commence this action for recovery of possession of said Premises and for default in payment of rent and utilities, and Plaintiff has thereby incurred and been required to expend money for attorneys' fees.

16.    Plaintiff has been compelled to commence this action for recovery of possession of said Premises and for default in payment of rent, utilities and other charges, and to otherwise enforce Plaintiff's rights under Exhibit "1," and Plaintiff has thereby incurred and been required to expend money for attorneys' fees.

WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, as follows:

(1)    For restitution of said Premises;

(2)    For damages at the rate of Thirty-Six Dollars and Twenty Cents ($36.20) per day as a reasonable rental value of the Premises from and after the date Defendants went into possession according to proof, and until judgment and for so long as Defendants, or any of them, continue to occupy said Premises;

(3)    For actual consumption of utilities commencing from and after the date Defendants went into possession according to proof, and until judgment and for so long as Defendants, or any of them, continue in possession of said Premises;

(4)    For treble the amount above;

(5)    For attorneys' fees incurred herein;

(6)    For costs of suit incurred herein;

(7)    For interest at the legal rate on judgment; and

3

**COMPLAINT FOR FORCIBLE ENTRY/DETAINER**

EXHIBIT 4, PAGE 65

1    (8)    For such other and further relief as the Court may deem just and proper, except that

2    Plaintiff remits all damages in excess of the jurisdiction of this Court.

3

4    DATED: December _18_, 2018          By: _____

5                                           Vivienne J. Alston
                                            Attorney for Plaintiff

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4

**COMPLAINT FOR FORCIBLE ENTRY/DETAINER**

**EXHIBIT 1**

ELAINE B. ALSTON
VIVIENNE J. ALSTON
DONALD A. DIEBOLD

## ALSTON, ALSTON & DIEBOLD

TELEPHONE (714) 556-9400
FACSIMILE (714) 556-9500

27201 PUERTA REAL
SUITE 300
MISSION VIEJO, CALIFORNIA 92691

OUR FILE NO:  1510.

December 10, 2018

## FIVE (5) DAY DEMAND
## FOR SURRENDER OF POSSESSION OF SITE

To:    **Jamie Gallian and All Unlawful Occupants and Persons in Possession Without a Signed Rental
       Agreement ("Occupants"):**

**NOTICE IS HEREBY GIVEN** that management of the mobilehome park commonly known as:

Rancho Del Rey
16222 Monterey Lane
Huntington Beach, CA 92649
(referred to as "Park" herein)

HEREBY DEMANDS that the Occupants named above, and each of them, quit the premises in the Park and
surrender possession thereof commonly described as:

Space376
(referred to as "site" herein)

WITHIN FIVE (5) DAYS FROM AND AFTER SERVICE OF THIS NOTICE, and that said surrender of the
mobilehome site be made to the park manager(s), who is authorized to receive the same on behalf of the
management.

Civil Code Section 798.75 authorizes forcible detainer proceedings against any occupant of a mobilehome park
who does not have rights of tenancy and is not otherwise entitled to occupy the premises, upon failure of the
occupants to quit the premises within five (5) days after service of a demand for surrender of the site.

This notice is served with reference to the following facts, inter alia, upon which said demand is now hereby made:

That you have actual and physical possession of the site, without permission from park management, and without
right or authority under a rental agreement or otherwise.  Based upon the foregoing facts, management is authorized
to pursue its legal remedies to obtain possession of the site from all such Occupants having no right of tenancy or
possession.

EXHIBIT 4, PAGE 68

J Gallian
and All Unlawful Occupants
December 10, 2018
Page 2


**THIS NOTICE IS INTENDED AS A FIVE (5) DAY DEMAND TO SURRENDER POSSESSION AND NOTICE TO QUIT AS PER <u>CIVIL CODE</u> SECTION 798.75. SHOULD YOU FAIL TO QUIT AND SURRENDER POSSESSION AS HEREBY DEMANDED, LEGAL PROCEEDINGS SHALL BE INSTITUTED FOR RESTITUTION OF POSSESSION OF THE PREMISES, REASONABLE RENTAL VALUE, DAMAGES INCIDENTAL TO OCCUPANTS WRONGFUL UNLAWFUL OCCUPATION OF THE SITE, AND ATTORNEYS' FEES AND COSTS, AND STATUTORY DAMAGES.**

ALSTON, ALSTON & DIEBOLD

Dated:  December 10, 2018                By: _____
                                        VIVIENNE J. ALSTON
                                        Authorized Agent for Owner


cc:     Client
        Park Manager


EXHIBIT 4, PAGE 69

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address) | TELEPHONE NUMBER | FOR COURT USE ONLY |
|---|---|---|
| **Vivienne J. Alston SBN 170746**<br>**ALSTON, ALSTON & DIEBOLD**<br>**27201 Puerta Real ste 300**<br>**Mission Viejo, CA 92691**<br>ATTORNEY FOR  **Plaintiff** | **(714) 556-9400** | |

| SHORT TITLE OF CASE:<br>Rancho Del Rey v. Gallian, Jamie | | |
|---|---|---|
| DATE:          TIME:          DEP./DIV. | | CASE NUMBER:<br>Not Applicable |
| **Declaration of Service of Notice to Tenant** | | Ref. No. or File No:<br>1510 |

I, the undersigned, declare that I served the tenant with the: **Five (5) Day Demand for Surrender of Possessin of site.;**

Constructive Service

After unsuccessfully attempting to personally serve said Notice(s) on each of the named parties on **12/11/2018** at **05:39 PM**, I completed service by serving said notice(s) as authorized by C.C.P. Section 1162 (2,3). In the manner set forth below.

To: **Jamie Gallian**

On: **12/11/2018**          At: **05:39 PM**

**By posting** a copy for each tenant in a conspicuous place on the property therein described, there being no person of suitable age or discretion to be found at the property where situated, **and mailing** a copy to said tenant(s) by depositing said copies in the United States Mail in a sealed envelope with postage fully prepaid, addressed to the tenant  on **12/11/2018** from **Garden Grove** at the address where served: **16222 Monterey Lane 376  Huntington Beach, CA 92649**

Person Who served papers:
  a. Name: **Cesar Gonzalez**
  b. Address: **840 N. Birch St, Santa Ana, CA 92701**
  c. Telephone number: **714-953-9451**
  d. **The fee** for this service was: **129.50**
  e. I am:
  (3) [X] a registered California process server:
    (i) [X] Independent Contractor
    (ii) Registration No.: **2729**
    (iii) County: **Orange**

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.



JANNEY & JANNEY
LEGAL SUPPORT SERVICE

**Cesar Gonzalez**          Date: **12/12/2018**

Declaration of Service of Notice to Tenant                    Invoice #: 2305520-01

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address) | TELEPHONE NUMBER | FOR COURT USE ONLY |
|---|---|---|
| Vivienne J. Alston SBN 170746<br>ALSTON, ALSTON & DIEBOLD<br>27201 Puerta Real ste 300<br>Mission Viejo, CA 92691<br>ATTORNEY FOR  Plaintiff | (714) 556-9400 | |

| SHORT TITLE OF CASE:<br>Rancho Del Rey v. Gallian, Jamie | | |
|---|---|---|
| DATE:           TIME:           DEP./DIV. | | CASE NUMBER:<br>Not Applicable |
| **Declaration of Service of Notice to Tenant** | | Ref. No. or File No:<br>1510 |

I, the undersigned, declare that I served the tenant with the: **Five (5) Day Demand for Surrender of Possessin of site.;**

Constructive Service

After unsuccessfully attempting to personally serve said Notice(s) on each of the named parties on **12/11/2018** at **05:39 PM**, I completed service by serving said notice(s) as authorized by C.C.P. Section 1162 (2,3). In the manner set forth below.

To: **All Other Occupants**

On: **12/11/2018**           At: **05:39 PM**

**By posting** a copy for each tenant in a conspicuous place on the property therein described, there being no person of suitable age or discretion to be found at the property where situated, **and mailing** a copy to said tenant(s) by depositing said copies in the United States Mail in a sealed envelope with postage fully prepaid, addressed to the tenant  on **12/11/2018** from **Garden Grove** at the address where served: **16222 Monterey Lane 376  Huntington Beach, CA 92649**

Person Who served papers:
  a. Name: **Cesar Gonzalez**
  b. Address: **840 N. Birch St, Santa Ana, CA 92701**
  c. Telephone number: **714-953-9451**
  d. **The fee** for this service was: **39.50**
  e. I am:
  (3) [X] a registered California process server:
      (i) [X] Independent Contractor
      (ii) Registration No.: **2729**
      (iii) County: **Orange**

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.



JANNEY & JANNEY
LEGAL SUPPORT SERVICE

                        **Cesar Gonzalez**           Date: **12/12/2018**

EXHIBIT 4, PAGE 71

## VERIFICATION

**STATE OF CALIFORNIA, COUNTY OF** ORANGE

I have read the foregoing COMPLAINT

and know its contents.

### ☐ CHECK APPLICABLE PARAGRAPHS

☐  I am a party to this action. The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

☒  I am ☐ an Officer ☒ a partner _____ ☐ a _____ of HOUSER BROS CO.
a party to this action, and am authorized to make this verification for and on its behalf, and I make this verification for that reason. ☐ I am informed and believe and on that ground allege that the matters stated in the foregoing document are true. ☒ The matters stated in the foregoing document are true of my own knowledge, except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

☐  I am one of the attorneys for _____
a party to this action. Such party is absent from the county of aforesaid where such attorneys have their offices, and I make this verification for and on behalf of that party for that reason. I am informed and believe and on that ground allege that the matters stated in the foregoing document are true.

Executed on December 19, 2018, at HUNTINGTON BEACH, California.
I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

_Christopher C. Houser_
Type or Print Name

Signature

### PROOF OF SERVICE
1013a (3) CCP Revised 5/1/88

**STATE OF CALIFORNIA, COUNTY OF**
I am employed in the county of _____, State of California.
I am over the age of 18 and not a party to the within action; my business address is: _____

On. _____ I served the foregoing document described as _____

on _____ in this action
☐ by placing the true copies thereof enclosed in sealed envelopes addressed as stated on the attached mailing list:
☐ by placing ☐ the original ☐ a true copy thereof enclosed in sealed envelopes addressed as follows:

☐ **BY MAIL**
☐ *I deposited such envelope in the mail at _____, California.
The envelope was mailed with postage thereon fully prepaid.
☐ As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at _____ California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.
Executed on _____, at _____, California.
☐ **(BY PERSONAL SERVICE)** I delivered such envelope by hand to the offices of the addressee.
Executed on _____, at _____, California.
☐ (State)    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.
☐ (Federal)    I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_____
Type or Print Name

_____
Signature
*(BY MAIL SIGNATURE MUST BE OF PERSON DEPOSITING ENVELOPE IN MAIL SLOT, BOX, OR BAG)
**(FOR PERSONAL SERVICE SIGNATURE MUST BE THAT OF MESSENGER)

Legal
Solutions
Plus    Rev. 7/99

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
870 Roosevelt, Irvine, CA 92620

A true and correct copy of the foregoing document entitled (*specify*): FIRST AMENDED COMPLAINT TO
(1) DETERMINE DISCHARGEABILITY OF DEBT PURSUANT TO 11 U.S.C. §§ 523 (a)(2)(A) and (a)(6);
(2) DENY DISCHARGE PURSUANT TO 11 U.S.C. §§ 727(a)(2)(A), (a)(4), and (a)(5) will be served or was served **(a)** on
the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General
Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)
<u>**October 22, 2021**</u>, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that
the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated
below:

- **Jeffrey I Golden (TR)**    lwerner@wgllp.com, jig@trustesolutions.net;kadele@wgllp.com
- **D Edward Hays**    ehays@marshackhays.com,
  ehays@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.court
  drive.com
- **Laila Masud**    lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com
- **United States Trustee (SA)**    ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy
case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail,
first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the
judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method
for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **October 22, 2021**, I served
the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to
such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration
that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is
filed.
Honorable Erithe A. Smith
United States Bankruptcy Court
Central District of California
Ronald Reagan Federal Building and Courthouse
411 West Fourth Street, Suite 5040
Santa Ana, CA 92701-4593

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| October 22, 2021   Layla Buchanan | /s/ Layla Buchanan |
|---|---|
| *Date*    *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*
**F 9013-3.1.PROOF.SERVICE**

EXHIBIT 4, PAGE 73

**EXHIBIT 5**

Gallian Jamie 6-28-22rough

1

P R O C E E D I N G S.

June 28, 2022

---oOo---

ROUGH DRAFT

The information on this disk/email is being

provided by the reporter as a litigation support

tool using realtime computer technology. This is a ROUGH

DRAFT and cannot be quoted in any pleadings or for  any

other purpose and may not be filed with any court.

Please be aware that page and line references in this

draft will not coincide with the official transcript.

When the reporter's computer software doesn't

recognize a shorthand symbol, it will not translate it.

The symbol will appear in the text looking something

Page 1

Gallian Jamie 6-28-22rough

Q.  And?

A.  It was notarized twice.

Q.  And you've provided the us with that notary acknowledgement in the documents correct?

A.  Yes, I have.

Q.  And?

A.  It's in your it's in your documents as well.

Q.  And I'll I think I have it up on the screen here so let me see if I'm smart enough to do a screen share.

A.  And I think that I believe I asked sent you back your documents yesterday and put page numbers if we could use the page numbers so that I can get to it easily.

Q.  It's page 5 of 461.

A.  Okay.

Q.  In the PDF.  And that's an acknowledgement of

ROUGH, UNCERTIFIED DRAFT; YET TO BE PROOFREAD; NOT FOR CITING

68

February 25, 2021, by a notary Greg BU san is that correct?

A.  Yeah he's at the local UPS store here.

Page 84

EXHIBIT 5, PAGE 75

Gallian Jamie 6-28-22rough

Q.  Buy men I see it's spelled out B-U-Y-S-M-A-N.

And so you went into the UPS store and had this notary acknowledge that this document this certificate of title was being signed on February 25th of 2021, correct?

A.  That's correct.  However.  If you stop scrolling for a second, what he notarized go up a little bit no up up up up.  Okay okay so what he's notarizing I'm sorry can you show me the first line under the signature -- no.  Go go well I guess down is that what you're -- okay stop.  So what he's notarizing is this section here the date that I released section B is what he's what he's you see the two TA right here.

Q.  Yeah I see it so that's what's notarized and then ultimately submitted to HCD correct?

A.  Yes. However don't forget the.

(Reporter clarification.)

THE WITNESS:  It's called the tax clearance certificate.

BY MR. HAYS:

Q.  So why don't you tell us what this is and why it was a nightmare?

ROUGH, UNCERTIFIED DRAFT; YET TO BE PROOFREAD; NOT FOR CITING
Page 85

EXHIBIT 5, PAGE 76

Gallian Jamie 6-28-22rough

♀

69

A.  Well because the HCD does not change a -- change
a certificate of title without paying the current taxes
and a year in advance and I didn't have the money for
that and that's why there's such a difference between
you see this date right here is July 9th.

Q.  Of 2021 correct?

A.  That's right that's the day that I filed
bankruptcy that's when I had that's the only time I had
the money to pay all that I didn't realize they they
charge so they they I go why are you charging me like 2
or 3 years that's our policy I'm like that can't be the
policy but it's it's what they do.

Q.  So you submitted the request for the title to be
reissued?

A.  Uh-huh.

Q.  Based on the February 2021 release?

A.  Right but I didn't have a tax clearance
certificate.

Q.  And then you were notified that they would not
reissue the title until you get this tax clearance
certificate?

Page 86

EXHIBIT 5, PAGE 77

Gallian Jamie 6-28-22rough

A.  That's correct and that's why finally when I got everything that's why I believed that July 14th stamp is finally on when they started when they finally officially started making the change.

ROUGH, UNCERTIFIED DRAFT; YET TO BE PROOFREAD; NOT FOR CITING

♀

70

Q.  And so when what resulted in this tax clearance surrogating issued you submitted some money?

A.  Yeah you have to pay the current plus a year in advance.

Q.  And the money that you paid was paid on July 9th?

A.  Correct.

Q.  2021?

A.  That's correct.

Q.  And in what form did you pay it?

A.  My capital one charge card my VISA card.

Q.  Did you have to submit any other paperwork on that date or was it just make the payments?

A.  No. You order it on line and you go and pick it up with and you know obviously besides give the money

Page 87

EXHIBIT 5, PAGE 78

Gallian Jamie 6-28-22rough

but that's it.

Q.  So on July 9th you go on line on the computer?

A.  And order it again because see it's son-in-law

good for -- when you order it, I ordered it in you know

a long time ago but I didn't know they were going to

charge me two years.  So I never went and picked it up

the first time.  And then it wasn't until the ninth that

I had all the money I went down there I paid it and then

that certificate is good for 90 days.

Q.  Okay.  Let me stop you right there.  You said


ROUGH, UNCERTIFIED DRAFT; YET TO BE PROOFREAD; NOT FOR CITING

☿

71

you went down and paid it and earlier I thought you said

you paid on line with your charge card?

A.  No you order it you order the certificate you

don't you have to order it you can go to the Orange

County tax assessor and you drop down to the mobile home

and you type in there and you order this tax clearance

certificate and they call you and tell you when it's

ready or you can follow up and say hey you know what

I've been waiting a long time you know can you possibly

Gallian Jamie 6-28-22rough

find the time to do this today and I went down to the

office the tax clearance or the tax assessor's office

and paid the bill with my capital one VISA card.

Q.   So?

A.   And then they give you this document.

Q.   So on July 9th of 2021 you were standing in the

tax collect ERZ office with a charge card paying the

money that they required?

A.   Yes. Before I filed bankruptcy it was in the

morning that I was there and the the I don't know

Bankruptcy Court was in the afternoon like two or

something.

Q.   And then when you got this piece of paper?

A.   Uh-huh.

Q.   Handed to you this original piece of paper with

the stamp on it?


   ROUGH, UNCERTIFIED DRAFT; YET TO BE PROOFREAD; NOT FOR CITING

♀

                                                    72


A.   Yep.

Q.   What do you do with that?

A.   You have to send it up to Sacramento.

               Page 89

EXHIBIT 5, PAGE 80

Gallian Jamie 6-28-22rough

Q. So you then mailed it to Sacramento?

A. Or I could have scanned it into my computer either one. I don't remember which how how it got there but they have the original so I think I followed up with the original.

Q. So you think you mailed the original to them and that's why on July 1, '45 days later they finally put a stamp on it like they're now processing all these?

A. That's correct.

Q. Okay. And then some time after July 14th you get the brand new original certificate of title back in the mail?

A. Yeah well but I think what I said was is that I had thought you know what is taking so long I didn't realize that Sacramento is the only one that -- that processes original, you know, so to speak, these big pink slips. So any way. So that's what happened. So I remember I said that I had to wait because I noticed on the what do you call it the title search that whoever processed it took J pad and Ron Pierpont off and that was not the intent.

Q. I understand. So the I want to make sure that

ROUGH, UNCERTIFIED DRAFT; YET TO BE PROOFREAD; NOT FOR CITING
Page 90

EXHIBIT 5, PAGE 81

Gallian Jamie 6-28-22rough

♀

73

the documents are that we've been referring to are

clearly marked as exhibits and so?

    A.  They are but they're out of order and you've got

and that's why I wanted to do the page numbers so that.

    Q.  If we can but just hold hold on?

    A.  Go ahead I'm sorry.

    Q.  I'm trying to ask a question and we need to?

    A.  I'm sorry.

    Q.  Happy with both of us.

    So the first piece of paper that shows the

July 14th stamp is now up on the screen it's page of 3

of 461 is that the front page of the title that got

issued after the tax clearance certificate?

    A.  No. That's the that's the original certificate

of title the February 24 th 12021 if you look down here

at the bottom if you go up a little bit tiny tiny print

there should be okay see right there underneath the word

department see right those those numbers down there 0224

way down underneath the word important.

    Q.  Yes yes?

    A.  That's the day I come to find out or come to

Page 91

EXHIBIT 5, PAGE 82

Gallian Jamie 6-28-22rough

learn that's their little date on there where they mail

this document but that's just my own I don't Wong there

so I don't know what they do.

    Q.  So?


    ROUGH, UNCERTIFIED DRAFT; YET TO BE PROOFREAD; NOT FOR CITING

♀

74


    A.  I kind of figure out that's must be what that

means.

    Q.  Hold on hold on.  I'm trying to figure out

because all of this is in one big PDF?

    A.  Uh-huh.

    Q.  Was the first page of the title is this the

first page?

    A.  Correct.

    Q.  Okay.  And is it a one-page document?

    A.  This is the back.

    Q.  So the back of page 3 of 461 is what's up on the

screen now which is page 4 of 461?

    A.  Correct but that -- that -- this document that

was submitted to HCD wasn't -- well let's see no.  Okay.

So because the tax clearance certificate had J

Page 92

EXHIBIT 5, PAGE 83

Gallian Jamie 6-28-22rough

though it was not a named party, correct?

A.  Well because that's where all the money is I

mean there was only you know as you said in the very

beginning there was only $379,000 okay well if 185 of it

ROUGH, UNCERTIFIED DRAFT; YET TO BE PROOFREAD; NOT FOR CITING

⚥

90

went over here you know what's left and 175 went over

here okay well you know I took money out of my 401(k)

because all the money is gone there is no more and so

the problem I think I think let me just let me just say

this.  What's convoluted about all of this is the fact

that I've been trying to be very, very frugal in trying

to not spend money that I believe didn't belong to me

meaning that I AMZ I was J Sandcastle's tenant okay and

I was paying rent to J Sandcastle so you know y'all

though I'm the member also, I in my mind they are

separate -- separate and it's I paid rent just as if a

stranger off the street like I said that if I was forced

to have to to rent this place that's that's why that

$9,000 was there it's like it's not it doesn't belong to

Jimmy Gallian any more it's rent paid to J Sandcastle

Page 112

EXHIBIT 5, PAGE 84

Gallian Jamie 6-28-22rough

because they are the legal owner whose trying to pay the

debt of the space so it just gets so convoluted to doing

I know we've been very patient with each other however

it's not simple it's not a simple answer because it's

been almost five years.

Q.  So let me clarify something you just said I

believe you said you've been paying rent to J Sandcastle

is that correct?

A.  That's correct until February 25th.

Q.  And so from November of 2018 through February of

ROUGH, UNCERTIFIED DRAFT; YET TO BE PROOFREAD; NOT FOR CITING

91

2021 you were making monthly payments to J Sandcastle

for rent?

A.  Yeah or I would make -- give deposits to them so

that you know I was the tenant okay they're still

entitled to be paid rent for the person who lives in --

in the unit and that's the way I was trying to treat it

is that the the rent goes to them and.

Q.  So so on a monthly  basis you would pay rent?

A.  Yes.

Page 113

Gallian Jamie 6-28-22rough

Q.  And what was the amount of the rent?

A.  1,086 exactly what the ground lease or what the last ground lease payment or amount was here that was in the UD action.

Q.  So from November of 2018 through February of 2021 that's a little bit more than two years?

A.  Correct.

Q.  It's about two years and 3 or 4 months?

A.  Yes.

Q.  And at just over a thousand dollars a month, that's roughly $25,000 give or take, correct?

A.  That's that's correct that's correct.

Q.  So?

A.  However -- okay however, circumstances changed okay where there were many months that I couldn't pay that because I lost my job okay and my disability was

ROUGH, UNCERTIFIED DRAFT; YET TO BE PROOFREAD; NOT FOR CITING

♀

92

exhausted.  Okay thanks God you know COVID relief money came.  So yeah about 20.

Q.  Is there?

Page 114

EXHIBIT 5, PAGE 86

Gallian Jamie 6-28-22rough

A.  About $20,000 is is about what I believe that I
have set aside specifically that is due houser because
of the rent that I need to pay that I set aside for J
Sandcastle who should have paid J houser so now I'm
paying J pad.

Q.  Let me let me clarify.  So on a monthly  basis
you would take the money from a Jamie Gallian account
and transfer it over to a J Sandcastle account?

A.  Pretty much Oregon if there was a lump sum that
I put into that account, meaning I think there was 1 or
2 when my career ended at united the 401(k) payments so
those FWOENT J Sandcastle so that's why I'm so
interested in getting with the CPA to figure out you
know this money was paid on my behalf for the purpose
because I was their tenant and that's the way I had
always intended to treat it, if that makes sense.

Q.  But again whether it was each and every month or
periodically you paid rent by transferring money from
your account to a J Sandcastle's account over this
period of time?

A.  Yes.

Q.  And then the rent stopped in February of 2021

ROUGH, UNCERTIFIED DRAFT; YET TO BE PROOFREAD; NOT FOR CITING
Page 115

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
870 Roosevelt, Irvine, CA 92620.

A true and correct copy of the foregoing document entitled: **REPLY TO DEBTOR'S OPPOSITION TO MOTION OBJECTING TO CLAIMED HOMESTEAD EXEMPTION; DECLARATION OF D. EDWARD HAYS IN SUPPORT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **July 7, 2022**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**: On **_____**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **July 7, 2022**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

PURSUANT TO THE COURTROOM POLICIES AND PROCEDURES OF THE HONORABLE ERITHE A. SMITH, COURTROOM 5A, §VIII. JUDGES' OR COURTESY COPIES, EXCEPT FOR DOCUMENTS 200 PAGES OR OVER, INCLUDING EXHIBITS, JUDGE SMITH **DOES NOT** REQUIRE JUDGES' COPIES.

**DEBTOR – VIA OVERNIGHT DELIVERY**
JAMIE LYNN GALLIAN
16222 MONTEREY LN UNIT 376
HUNTINGTON BEACH, CA 92649

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| July 7, 2022 | Layla Buchanan | /s/ Layla Buchanan |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                    **F 9013-3.1.PROOF.SERVICE**