JAMIE LYNN GALLIAN
16222 MONTEREY LANE UNIT 376
HUNTINGTON BEACH, CA 92649

United States Bankruptcy Court, Central

District (Santa Ana) of California.

IN RE:                                    Case No. 8:21-bk-11710-ES

                                          Declaration of of Jamie Lynn
Jamie Lynn GALLIAN, Debtor.               Gallian in support of Granted all Huntington
                                          Beach Gables Liens be avoided

### Declaration of Jamie Lynn Gallian

Debtor's prays her Motion  be granted and the Huntington Beach Gables liens be avoided.

**Jurisdiction**

The Court has jurisdiction of this case pursuant to 28 U.S.C. § 157(a). Disputes regarding the avoidance of liens and impairment of claimed exemptions are core proceedings pursuant to 28 U.S.C. § 157(b)(2)(B) and (K).

**I, Jamie Lynn Gallian declare the following,,**

1.     The Huntington Beach Gables Homeowners Association filed an "Abstract of Judgment" in the amount of $3070.00, on November 19, 2018, with the Office of the Clerk Recorder, County for Orange County, State of California, Doc    #    2018000435011    ("Abstract    of    Judgment-No.    F").

2.     The Huntington Beach Gables Homeowners Association filed an "Abstract of Judgment" in the amount of $46,138.00, on December 14, 2018, with the Office of the Clerk    Recorder,    County    for    Orange    County,    State    of    California, Doc # 2018000467142 ("Abstract of Judgment-No. G").

3.      The Huntington Beach Gables Homeowners Association filed an "Abstract of Judgment" in the amount of $9265.00, on May 03, 2019, with the Office of the Clerk Recorder, County for Orange County, State of California,

Doc # 2019000148568 ("Abstract of Judgment-No. H").

4.      The Huntington Beach Gables Homeowners Association filed an "Abstract of Judgment" in the amount of $319,653.59, on May 16, 2019, with the Office of the Clerk Recorder, County for Orange County, State of California,

Doc # 2019000165259 ("Abstract of Judgment-No. I").

5.      The Huntington Beach Gables Homeowners Association filed an "Abstract of Judgment" in the amount of $319,653.59, on May 16, 2019, with the Office of the Clerk Recorder, County for Orange County, State of California,

Doc # 2019000166068 ("Abstract of Judgment-No. J").

7.      On September 10, 2020, The Huntington Beach Gables Homeowners Association filed a **Release of Abstract of Judgment** Instrument No, 2019000166068 in the amount of $319,653.59, on May 16, 2019.

Doc # 2020000481922 (Release Abstract of Judgment-No. K).

8.      The Debtor filed a Chapter 7 Voluntary Petition on July 09, 2021, in the United States Bankruptcy Court for the Central District (Santa Ana) of California, Case No. 8:21-bk-11710-ES (the "Bankruptcy Case").

9.      At the time of the filing of the Debtor's Chapter 7 Voluntary Petition, the Debtor resided in the home as her personal residence and held an interest in real property located at 16222 Monterey Lane, Unit 376, Huntington Beach, CA 92649 (the "Residence").

2

10.    The    Debtor    listed    the    Residence    on    her    filed    Schedule    A/B,
noting    that    the property was    subject    to    a    "$175,000    UCC    filing 1/14/2019,    Initial
Financing    Statement File    Number    197691916827.    Jamie    Lynn    Gallian    is
the    Lender    under    a    Security Agreement    and    Promissory    Note    executed
November    16,    2018,    with    J-Sandcastle    Co LLC, Debtor's sole member, non filing entity.

11.    Jamie    Lynn    Gallian    is    the    Registered    owner    of    the    2014    Skyline    Custom
Villa Manufactured    Home,    Decal    No.    LBM    1081,    installed    on    Lot    376    of    Unit
4    of Tract 10542    in    July    2014, pursuant to Health & Safety Code §§18551,    under    an
unexpired    Ground    Lease,    [a    short    form    memorandum    recorded October 18, 1979,
Instrument No,    32442 and 32443.]
Debtor claimed the Residence as fully exempt on her filed Schedule C.

12.    The    Debtor    listed    Huntington    Beach    Gables    Homeowners
Association    as    an unsecured, non-priority debt in the approx. combined amount of
$413,000.00 on her filed Schedule E/F.

13.    The    appointed    Chapter    7    Panel    Trustee, Jeffrey Golden    filed    a    "Report    of Asset
Distribution"    in the Bankruptcy Case on May 3, 2022, DOC 90, without Notice to Debtor.

14.    The    deadline    to    object    to    the    exemptions    claimed    by    the    Debtor    has
not been set.

15.    On    May    12,    2022,    DOC    92,    in    the    Bankruptcy    Case    Houser    Bros    Co    dba Rancho
Del Rey Mobilehome    Estates,    an interested party,    filed an objection to Debtor's Declared
Homestead filed July 9, 2021, with the    Office of the Clerk    Recorder, County for    Orange
County, State of California, DOC 95

16.    The Huntington Beach Gables Homeowners Association filed a joinder to the Houser Bros Co Motion on May 13, 2022.

10.    Janine Jasso, Esq. filed a joinder to the Houser Bros Co Motion on May 16, 2022.

Trustee Jeffrey Golden, filed a joinder to the Houser Bros Co Motion on July 1, 2022.

11.    The Court will hear the Motion on July 21, 2022.

12.    The Houser Bros Co Motion states that J-Sandcastle Co, LLC ("J-Sandcastle Co LLC") was the registered title holder of the Residence on the date of the filing of the petition and therefore seeks judgment that the Homestead was effectively owned by J-Sandcastle Co, LLC, not the debtor.

20.    J-Sandcastle Co LLC was administratively dissolved with the CA Secretary of State after a unanimous vote of all the Members on November 22, 2021.

21.    The Debtor filed a *Motion to Avoid Lien (522(f)* in the Bankruptcy Case on July 8, 2022, for the purposes of avoiding the judgment lien(s) filed by The Huntington Beach Gables Homeowners Association.

22.    On November 1, 2018, Debtor, a bona fide purchaser for value, purchased and obtained the Release of Unencumbered Interest, Certificate of Title from Registered Legal Owner, Ms. Lisa Ryan, of a 2014 Skyline Custom Villa Manufactured Home, Decal No. LBM 1081, located in TRACT 10542, Unit 4, Lot 376, on APN 178-011-16, adjacent to the mutli-family residential community Debtor sold her previous residence, Unit 53, 4476 Alderport Drive Huntington Beach, CA 92649, 937-63-053, on October 31, 2018.

4

23.    Debtor sold her previous residence unencumbered home on October 31, 2018, to a bona fide purchaser for value, recorded in the Official Records of the Clerk Recorder, County of Orange, Instrument No. 2018000395579, legally described as Project No. 937-30 TRACT 10542, Lot 1 & Lot 2. APN 178-771-03, a 1966 subdivision recorded in Parcel Map Book 108, page 47-48, approximately 58 acres was subdivided into Parcel 1 & 2. Located on Parcel 2, 16222 Monterey Lane, Lot 376, Huntington Beach, CA 92649. Debtor moved into the Residence in approximately November 2018 after purchasing the manufactured home with the proceeds pursuant to §§522(P)(2)(b), from the unencumbered sale of her previous home, Unit 53, on October 31, 2018, APN 937-63-053, recorded in the Official Records of the Clerk Recorder Document No. 2018000395579.

24    Both homes are subject to various governing document whether of record or not, under an eighty (80) year unexpired Ground Leasehold and Subcondominium Lease, recorded on October 22, 1979, Instrument No. 32242 and Instrument No 32243, and re-recorded on December 5, 1979, Document No. 8246 and Instrument No. 8247. The total number of lots 459.

25.    The Huntington Beach Gables Homeowners Association received notice of Debtor's bankruptcy when it was filed on July 9, 2021.

26.    No Proof of Claims have been filed.

27.    Houser Bros Co dba Rancho Del Rey Mobilehome Estates has no ownership interest in the Ground Lease and additionally lacks standing to bring this Motion. There are no Judgments against debtor in favor of Houser Bros Co.

28.    The    Certificate of Title to the 2014 Skyline Manufactured  Home registered through the CA Department of Housing and Community Development. ("HCD") to Jamie Lynn Gallian. Jamie Lynn Gallian has continuously lived in the residence.

29.    Debtor    seeks    to    avoid    Huntington    Beach    Gables Homeowners Association judgment lien(s)  pursuant to 11 U.S.C. § 522(f). The applicable portions of that statute provide that the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is

   (A) a judicial lien, other than a judicial lien that secures a debt potentially of  a  kind that  is specified in section 523(a)(5).

30.    Debtor    has    established    that    The    Huntington    Beach    Gables Homeowners Associations' (5) judicial lien impairs an exemption she would be entitled to but for the lien(s).

31.    Lien avoidance is part of the overall scheme under federal bankruptcy law to provide debtors with a fresh start by allowing a debtot to emerge from bankruptcy free

from certain liens that encumbered their exempt property. *See In re Richardson*, 224 B.R. 804, 808-09 (Bankr. N.D. Okla. 1998).

32.    CA State law determines the type of property that is exempt; that is, the specific property it reserves to its residents "exempt from attachment or execution and ... forced sale for the payment of debts ..." including "[t]he home of such person, provided that such home is the principal residence of such person...."

Debtor held an interest in the Residence when she filed this Chapter 7 case. Debtor filed a Declared Homestead with the Orange County Clerk Recorder, the Official Records prior to filing her Chapter 7 petition. Debtor claimed the property exempt as her homestead on schedule C.    33.    The Huntington Beach Gables Homeowners Association registered its judgment liens against Debtor in Orange County, California and filed the judgments in the land records to operate as a judicial lien against any real property residence. The Huntington Beach Gables Homeowners Associations' 4-5 liens did not impair Debtor's claim of exemption.


Debtor listed the value of her exemption as $600,000.00, Debtor indicated that the sum of The Huntington Beach Gables Homeowners Association lien(s) of:

$ 3070.00; $ 46,138.99; $ 9265.00; and $ 319,653.59, recorded twice on the same day, exceed the value of debtors property.

34.    The HOAs liens would exceed Debtor's interest in the property and impair her exemption pursuant to the formula for calculating impairment in § 522(f)(2)(A).

Based on the fact that the existence of the HOAs (5) liens impair debtors right
to the claimed exemption, Debtor has satisfied her burden to avoid The
Huntington Beach  Gables Homeowners Associations' lien(s).

Debtor moved into the Residence in November 2018, several years before she
filed Chapter 7 bankruptcy on July 9, 2021.

The Huntington Beach Gables Homeowners Association had notice of
Debtor's bankruptcy, that Debtor had listed onr possible Lien interest in the
Residence on Schedule A/B, and had claimed the Residence exempt as her homestead on
Schedule C.

Debtor holds an interest in the Residence, noting that she did not believe that
her claimed homestead exemption was an issue during the case, and that no challenge to
Debtor's exemption pursuant to Fed. R. Bankr. P. 4003(b)(1) would arise.
The Huntington Beach Gables Homeowners Association believed that their lien that
began in 2019, could not be discharged in bankruptcy.

There is no deadline identified in the Bankruptcy Code or Rules for filing a motion to avoid lien.
See Fed. R. Bankr. P. 4003. As clearly stated in § 522(f)(1)(A) and in Fed. R. Bankr. P. 4003(b)
(1), a judicial lien is avoidable if it impairs an exemption to which a debtor would be entitled, and
a creditor may challenge a claim of exemption when debtor seeks to avoid its lien.

8

While Congress has allowed states to determine what property its residents may claim as exempt, "federal law exclusively governs the field of lien avoidance...." *Richardson*, 224 B.R. at 808. Courts considering motions to avoid liens or ownership interests are often called on to consider and apply state law within the framework of the Bankruptcy Code. The Court routinely encounters exemption claims under California law and is very familiar with the California exemptions for homestead and personal property.

Huntington Beach Gables Homeowners Association provided no evidence challenging the Debtor's homestead exemption. Debtor claimed the exemption on Schedule C. Debtor has lived in the Residence since November 2018. Debtor has lived anywhere else or claimed any other property as her home from 2018 to the present. Debtor has always designated and occupied this property as her homestead. *See* 4 Collier on Bankruptcy P 522.10 (16th 2020).

The only requirement for claiming a homestead exemption under the California exemption statute is that the home claimed be "the principal residence of such person." Record title to the homestead is not required to claim a homestead exemption in the property.

Homestead is not an incidence of ownership. Nor does its presence or non-presence change ownership of the land. Nothing like it is known at common law. It is a special and peculiar interest in real property, the domicile of the family, which vests for the

9

benefit of the entire family although the title to the land may be entirely in a named leaseholder.

Debtors homestead interest is a creature of the Constitution and statutes. Homestead rights may attach to any possessionary interest in real estate which constitutes the dwelling place of the family regardless of the nature or character of the title or of the estate therein. Naked possession without any title or interest whatsoever may, under some circumstances, be sufficient as against all the world except the true owners and those claiming under them.

California law is instructive regarding property interests that debtors may possess at filing which are included in the bankruptcy estate as defined in § 541 of the Bankruptcy Code. To avoid a lien, it must impair an interest a debtor has in an exempt asset.

Debtor has always had an interest in the Residence she purchased with the funds she sold her previous residence the day before; when she filed bankruptcy; the cited California law and cases affirm that a homestead right is an interest in real property. *See* California Const., Art. 12, §§ 1 & 2. As the U.S. Supreme Court defines it, property of the estate consists of "all the interests in property, legal and equitable, possessed by the debtor at the time of filing ..." *Owen v. Owen,* 500 U.S. 305, 308 (1991). This definition is extremely broad.

Schedule A/B requires debtors to list any ownership interest or legal or equitable interest in any residence, building, land or similar property. Debtor answered "Yes" on Schedule A/B to indicate and disclose that she owned a legal or equitable interest in the

10

Residence, with what she believed a $235,000.00 value on the home with an unknown value in an unexpired 80 year leasehold in the ground describing it as a possible interest of unknown value.

Debtor has not changed her position in this case regarding an interest in the Residence. I disclosed all interests in Schedule A/B in addition to filing a Hoestead Declaration prior to filing the Chapter 7 petition.

Debtor listed Huntington Beach Gables Homeowners Association as a creditor and HOA acknowledges that it received notice of and monitored debtors case.

The purpose of bankruptcy is to give debtors a fresh start by shedding debts that they owed but cannot pay. Part of the fresh start includes lien avoidance on exempt assets. *See Richardson*, 224 B.R. at 808.[2]

Debtor respectfully requests this Honorable Court to find that debtor has met her burden of proof to prevail on her Motion to avoid Huntington Beach Gables Homeowners Associations' liens on her homestead.

I declare under the penalty of perjury by the Laws of the State of California, the following to be true and correct.                    RESPECTFULLY,

*Jamie Lynn Gallian*
JAMIE LYNN GALLIAN

Signed this 8th day of July 2020, at Huntington Beach CA County of Orange.

# PROOF OF SERVICE OF DOCUMENT

· I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

5801 SKYLAB ROAD
HUNTINGTON BEACH, CA 92647

A true and correct copy of the foregoing document entitled: **DEBTOR'S DECLARATION IN SUPPORT OF MOTION TO AVOID LIEN UNDER 11 U.S.C. § 522(f) (REAL PROPERTY)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 07/08/2022 __,I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Jeffrey Golden (TR)  lwerner@wgllp.com,  jig@trustesolutions.net

United States Trustee (SA)  ustpregion16.sa.ecf@usdoj.gov

☒ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL:**
On (*date*) 07/08/2022 __, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Huntington Beach Gables Homeowners Association
230 Commerce Ste. 250
Irvine, CA 92602

Hon, Erithe A. Smith
United States Bankruptcy Court
411 West Fourth Street
Santa Ana,
Ca92701-4593

☒ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) 7.8.22 __, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Huntington Beach Gables Homeowners Association
Michael Poole, Esq  mpoole@cahoalaw.com
Stanely Feldsott, Esq. feldsott@gmail.com
Janine Jasso, Esq  j9_jasso@yahoo.com

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 07/08/2022 | Robert McLelland | *Robert McLelland* |
|---|---|---|
| Date | Printed Name | Signature |

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2017                                    Page 5                          **F 4003-2.1.AVOID.LIEN.RP.MOTION**

**ADDITIONAL SERVICE INFORMATION (if needed):**

## 1.  SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")

Aaron E DE Leest on behalf of Trustee Jeffrey I Golden (TR)
adeleest@DanningGill.com, danninggill@gmail.com;adeleest@ecf.inforuptcy.com

Robert P Goe on behalf of Creditor The Huntington Beach Gables Homeowners Association
kmurphy@goeforlaw.com, rgoe@goeforlaw.com;goeforecf@gmail.com

Robert P Goe on behalf of Plaintiff The Huntington Beach Gables Homeowners Association
kmurphy@goeforlaw.com, rgoe@goeforlaw.com;goeforecf@gmail.com

Jeffrey I Golden (TR)        lwerner@wgllp.com, jig@trustesolutions.net;kadele@wgllp.com

D Edward Hays on behalf of Creditor Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates
ehays@marshackhays.com,
ehays@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com

D Edward Hays on behalf of Interested Party Courtesy NEF
ehays@marshackhays.com,
ehays@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com

D Edward Hays on behalf of Plaintiff Houser Bros. Co.
ehays@marshackhays.com,
ehays@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com

Brandon J Iskander on behalf of Creditor The Huntington Beach Gables Homeowners Association
biskander@goeforlaw.com, kmurphy@goeforlaw.com

Brandon J Iskander on behalf of Plaintiff The Huntington Beach Gables Homeowners Association
biskander@goeforlaw.com, kmurphy@goeforlaw.com

Eric P Israel on behalf of Trustee Jeffrey I Golden (TR)
eisrael@DanningGill.com, danninggill@gmail.com;eisrael@ecf.inforuptcy.com

Laila Masud on behalf of Interested Party Courtesy NEF
lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com

Laila Masud on behalf of Plaintiff Houser Bros. Co.
lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com

Mark A Mellor on behalf of Defendant Randall L Nickel
mail@mellorlawfirm.com, mellormr79158@notify.bestcase.com

Mark A Mellor on behalf of Interested Party Courtesy NEF    mail@mellorlawfirm.com, mellormr79158@notify.bestcase.com

Valerie Smith on behalf of Interested Party Courtesy NEF    claims@recoverycorp.com

United States Trustee (SA)        ustpregion16.sa.ecf@usdoj.gov

## 2.  SERVED BY U.S. MAIL

Feldsott & Lee
23161 Mill Creek Drive Ste 300
Laguna Hills, CA 92653-7907

The Honorable Erithe Smith
U.S. Bankruptcy Court
411 West Fourth Street, Suite 5040
Santa Ana, CA 92701-4593

United States Trustee (SA)
411 W Fourth St., Suite 7160
Santa Ana, CA 92701-4500

Janine Jasso
16025 Warmington Lane
Huntington Beach, CA 92649-2278

Janine Jasso
P.O.        BOX        37106
EL PASO TX 79937-0161

Santa Ana Division
411 West Fourth Street, Suite 2030,
Santa Ana, CA 92701-4500

t of California.

**F 9013-3.1.PROOF.SERVICE**