JAMIE LYNN GALLIAN
16222 MONTEREY LANE UNIT 376
HUNTINGTON BEACH, CA 92649

United States Bankruptcy Court, Central District (Santa Ana) of California.

| | |
|---|---|
| IN RE:<br><br>Jamie Lynn GALLIAN, Debtor. | Case No. 8:21-bk-11710-ES<br>Declaration of of Jamie Lynn Gallian in support of Granted all Huntington Beach Gables Liens be avoided |

**Declaration of Jamie Lynn Gallian**

Debtor's prays her Motion be granted and the Huntington Beach Gables liens be avoided.

**Jurisdiction**

The Court has jurisdiction of this case pursuant to 28 U.S.C. § 157(a). Disputes regarding the avoidance of liens and impairment of claimed exemptions are core proceedings pursuant to 28 U.S.C. § 157(b)(2)(B) and (K).

**I, Jamie Lynn Gallian declare the following,,**

1. The Huntington Beach Gables Homeowners Association filed an "Abstract of Judgment" in the amount of $3070.00, on November 19, 2018, with the Office of the Clerk Recorder, County for Orange County, State of California, Doc # 2018000435011 ("Abstract of Judgment-No. F").

2. The Huntington Beach Gables Homeowners Association filed an "Abstract of Judgment" in the amount of $46,138.00, on December 14, 2018, with the Office of the Clerk Recorder, County for Orange County, State of California, Doc # 2018000467142 ("Abstract of Judgment-No. G").

1

3. The Huntington Beach Gables Homeowners Association filed an "Abstract of Judgment" in the amount of $9265.00, on May 03, 2019, with the Office of the Clerk Recorder, County for Orange County, State of California,

Doc # 2019000148568 ("Abstract of Judgment-No. H").

4. The Huntington Beach Gables Homeowners Association filed an "Abstract of Judgment" in the amount of $319,653.59, on May 16, 2019, with the Office of the Clerk Recorder, County for Orange County, State of California,

Doc # 2019000165259 ("Abstract of Judgment-No. I").

5. The Huntington Beach Gables Homeowners Association filed an "Abstract of Judgment" in the amount of $319,653.59, on May 16, 2019, with the Office of the Clerk Recorder, County for Orange County, State of California,

Doc # 2019000166068 ("Abstract of Judgment-No. J").

7. On September 10, 2020, The Huntington Beach Gables Homeowners Association filed a **Release of Abstract of Judgment** Instrument No, 2019000166068 in the amount of $319,653.59, on May 16, 2019.

Doc # 2020000481922 (Release Abstract of Judgment-No. K).

8. The Debtor filed a Chapter 7 Voluntary Petition on July 09, 2021, in the United States Bankruptcy Court for the Central District (Santa Ana) of California, Case No. 8:21-bk-11710-ES (the "Bankruptcy Case").

9. At the time of the filing of the Debtor's Chapter 7 Voluntary Petition, the Debtor resided in the home as her personal residence and held an interest in real property located at 16222 Monterey Lane, Unit 376, Huntington Beach, CA 92649 (the "Residence").

10. The Debtor listed the Residence on her filed Schedule A/B, noting that the property was subject to a "$175,000 UCC filing 1/14/2019, Initial Financing Statement File Number 197691916827. Jamie Lynn Gallian is the Lender under a Security Agreement and Promissory Note executed November 16, 2018, with J-Sandcastle Co LLC, Debtor's sole member, non filing entity.

11. Jamie Lynn Gallian is the Registered owner of the 2014 Skyline Custom Villa Manufactured Home, Decal No. LBM 1081, installed on Lot 376 of Unit 4 of Tract 10542 in July 2014, pursuant to Health & Safety Code §§18551, under an unexpired Ground Lease, [a short form memorandum recorded October 18, 1979, Instrument No, 32442 and 32443.]

Debtor claimed the Residence as fully exempt on her filed Schedule C.

12. The Debtor listed Huntington Beach Gables Homeowners Association as an unsecured, non-priority debt in the approx. combined amount of $413,000.00 on her filed Schedule E/F.

13. The appointed Chapter 7 Panel Trustee, Jeffrey Golden filed a "Report of Asset Distribution" in the Bankruptcy Case on May 3, 2022, DOC 90, without Notice to Debtor.

14. The deadline to object to the exemptions claimed by the Debtor has not been set.

15. On May 12, 2022, DOC 92, in the Bankruptcy Case Houser Bros Co dba Rancho Del Rey Mobilehome Estates, an interested party, filed an objection to Debtor's Declared Homestead filed July 9, 2021, with the Office of the Clerk Recorder, County for Orange County, State of California, DOC 95

3

16. The Huntington Beach Gables Homeowners Association filed a joinder to the Houser Bros Co Motion on May 13, 2022.

10. Janine Jasso, Esq. filed a joinder to the Houser Bros Co Motion on May 16, 2022.

Trustee Jeffrey Golden, filed a joinder to the Houser Bros Co Motion on July 1, 2022.

11. The Court will hear the Motion on July 21, 2022.

12. The Houser Bros Co Motion states that J-Sandcastle Co, LLC ("J-Sandcastle Co LLC") was the registered title holder of the Residence on the date of the filing of the petition and therefore seeks judgment that the Homestead was effectively owned by J-Sandcastle Co, LLC, not the debtor.

20. J-Sandcastle Co LLC was administratively dissolved with the CA Secretary of State after a unanimous vote of all the Members on November 22, 2021.

21. The Debtor filed a *Motion to Avoid Lien (522(f)* in the Bankruptcy Case on July 8, 2022, for the purposes of avoiding the judgment lien(s) filed by The Huntington Beach Gables Homeowners Association.

22. On November 1, 2018, Debtor, a bona fide purchaser for value, purchased and obtained the Release of Unencumbered Interest, Certificate of Title from Registered Legal Owner, Ms. Lisa Ryan, of a 2014 Skyline Custom Villa Manufactured Home, Decal No. LBM 1081, located in TRACT 10542, Unit 4, Lot 376, on APN 178-011-16, adjacent to the mutli-family residential community Debtor sold her previous residence, Unit 53, 4476 Alderport Drive Huntington Beach, CA 92649, 937-63-053, on October 31, 2018.

23. Debtor sold her previous residence unencumbered home on October 31, 2018, to a bona fide purchaser for value, recorded in the Official Records of the Clerk Recorder, County of Orange, Instrument No. 2018000395579, legally described as Project No. 937-30 TRACT 10542, Lot 1 & Lot 2. APN 178-771-03, a 1966 subdivision recorded in Parcel Map Book 108, page 47-48, approximately 58 acres was subdivided into Parcel 1 & 2. Located on Parcel 2, 16222 Monterey Lane, Lot 376, Huntington Beach, CA 92649. Debtor moved into the Residence in approximately November 2018 after purchasing the manufactured home with the proceeds pursuant to §§522(P)(2)(b), from the unencumbered sale of her previous home, Unit 53, on October 31, 2018, APN 937-63-053, recorded in the Official Records of the Clerk Recorder Document No. 2018000395579.

24    Both homes are subject to various governing document whether of record or not, under an eighty (80) year unexpired Ground Leasehold and Subcondominium Lease, recorded on October 22, 1979, Instrument No. 32242 and Instrument No 32243, and re-recorded on December 5, 1979, Document No. 8246 and Instrument No. 8247. The total number of lots 459.

25. The Huntington Beach Gables Homeowners Association received notice of Debtor's bankruptcy when it was filed on July 9, 2021.

26. No Proof of Claims have been filed.

27. Houser Bros Co dba Rancho Del Rey Mobilehome Estates has no ownership interest in the Ground Lease and additionally lacks standing to bring this Motion. There are no Judgments against debtor in favor of Houser Bros Co.

28. The Certificate of Title to the 2014 Skyline Manufactured Home registered through the CA Department of Housing and Community Development. ("HCD") to Jamie Lynn Gallian. Jamie Lynn Gallian has continuously lived in the residence.

29. Debtor seeks to avoid Huntington Beach Gables Homeowners Association judgment lien(s) pursuant to 11 U.S.C. § 522(f). The applicable portions of that statute provide that the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is

(A) a judicial lien, other than a judicial lien that secures a debt potentially of a kind that is specified in section 523(a)(5).

30. Debtor has established that The Huntington Beach Gables Homeowners Associations' (5) judicial lien impairs an exemption she would be entitled to but for the lien(s).

31. Lien avoidance is part of the overall scheme under federal bankruptcy law to provide debtors with a fresh start by allowing a debtot to emerge from bankruptcy free

6

from certain liens that encumbered their exempt property. *See In re Richardson*, 224 B.R. 804, 808-09 (Bankr. N.D. Okla. 1998).

32. CA State law determines the type of property that is exempt; that is, the specific property it reserves to its residents "exempt from attachment or execution and ... forced sale for the payment of debts ..." including "[t]he home of such person, provided that such home is the principal residence of such person...."

Debtor held an interest in the Residence when she filed this Chapter 7 case. Debtor filed a Declared Homestead with the Orange County Clerk Recorder, the Official Records prior to filing her Chapter 7 petition. Debtor claimed the property exempt as her homestead on schedule C. 33. The Huntington Beach Gables Homeowners Association registered its judgment liens against Debtor in Orange County, California and filed the judgments in the land records to operate as a judicial lien against any real property residence. The Huntington Beach Gables Homeowners Associations' 4-5 liens did not impair Debtor's claim of exemption.

Debtor listed the value of her exemption as $600,000.00, Debtor indicated that the sum of The Huntington Beach Gables Homeowners Association lien(s) of:
$ 3070.00; $ 46,138.99; $ 9265.00; and $ 319,653.59, recorded twice on the same day, exceed the value of debtors property.

34. The HOAs liens would exceed Debtor's interest in the property and impair her exemption pursuant to the formula for calculating impairment in § 522(f)(2)(A).

7

Based on the fact that the existence of the HOAs (5) liens impair debtors right to the claimed exemption, Debtor has satisfied her burden to avoid The Huntington Beach Gables Homeowners Associations' lien(s).

Debtor moved into the Residence in November 2018, several years before she filed Chapter 7 bankruptcy on July 9, 2021.

The Huntington Beach Gables Homeowners Association had notice of Debtor's bankruptcy, that Debtor had listed onr possible Lien interest in the Residence on Schedule A/B, and had claimed the Residence exempt as her homestead on Schedule C.

Debtor holds an interest in the Residence, noting that she did not believe that her claimed homestead exemption was an issue during the case, and that no challenge to Debtor's exemption pursuant to Fed. R. Bankr. P. 4003(b)(1) would arise.
The Huntington Beach Gables Homeowners Association believed that their lien that began in 2019, could not be discharged in bankruptcy.

There is no deadline identified in the Bankruptcy Code or Rules for filing a motion to avoid lien. See Fed. R. Bankr. P. 4003. As clearly stated in § 522(f)(1)(A) and in Fed. R. Bankr. P. 4003(b)(1), a judicial lien is avoidable if it impairs an exemption to which a debtor would be entitled, and a creditor may challenge a claim of exemption when debtor seeks to avoid its lien.

8

While Congress has allowed states to determine what property its residents may claim as exempt, "federal law exclusively governs the field of lien avoidance...." *Richardson*, 224 B.R. at 808. Courts considering motions to avoid liens or ownership interests are often called on to consider and apply state law within the framework of the Bankruptcy Code. The Court routinely encounters exemption claims under California law and is very familiar with the California exemptions for homestead and personal property.

Huntington Beach Gables Homeowners Association provided no evidence challenging the Debtor's homestead exemption. Debtor claimed the exemption on Schedule C. Debtor has lived in the Residence since November 2018. Debtor has lived anywhere else or claimed any other property as her home from 2018 to the present. Debtor has always designated and occupied this property as her homestead. *See* 4 Collier on Bankruptcy P 522.10 (16th 2020).
The only requirement for claiming a homestead exemption under the California exemption statute is that the home claimed be "the principal residence of such person." Record title to the homestead is not required to claim a homestead exemption in the property.

> Homestead is not an incidence of ownership. Nor does its presence or non-presence change ownership of the land. Nothing like it is known at common law. It is a special and peculiar interest in real property, the domicile of the family, which vests for the

9

benefit of the entire family although the title to the land may be entirely in a named leaseholder.

Debtors homestead interest is a creature of the Constitution and statutes. Homestead rights may attach to any possessionary interest in real estate which constitutes the dwelling place of the family regardless of the nature or character of the title or of the estate therein. Naked possession without any title or interest whatsoever may, under some circumstances, be sufficient as against all the world except the true owners and those claiming under them.

California law is instructive regarding property interests that debtors may possess at filing which are included in the bankruptcy estate as defined in § 541 of the Bankruptcy Code. To avoid a lien, it must impair an interest a debtor has in an exempt asset.

Debtor has always had an interest in the Residence she purchased with the funds she sold her previous residence the day before; when she filed bankruptcy; the cited California law and cases affirm that a homestead right is an interest in real property. *See* California Const., Art. 12, §§ 1 & 2. As the U.S. Supreme Court defines it, property of the estate consists of "all the interests in property, legal and equitable, possessed by the debtor at the time of filing ..." *Owen v. Owen,* 500 U.S. 305, 308 (1991). This definition is extremely broad.

Schedule A/B requires debtors to list any ownership interest or legal or equitable interest in any residence, building, land or similar property. Debtor answered "Yes" on Schedule A/B to indicate and disclose that she owned a legal or equitable interest in the

Residence, with what she believed a $235,000.00 value on the home with an unknown value in an unexpired 80 year leasehold in the ground describing it as a possible interest of unknown value.

Debtor has not changed her position in this case regarding an interest in the Residence. I disclosed all interests in Schedule A/B in addition to filing a Hoestead Declaration prior to filing the Chapter 7 petition.

Debtor listed Huntington Beach Gables Homeowners Association as a creditor and HOA acknowledges that it received notice of and monitored debtors case.

The purpose of bankruptcy is to give debtors a fresh start by shedding debts that they owed but cannot pay. Part of the fresh start includes lien avoidance on exempt assets. *See Richardson*, 224 B.R. at 808.[2]

Debtor respectfully requests this Honorable Court to find that debtor has met her burden of proof to prevail on her Motion to avoid Huntington Beach Gables Homeowners Associations' liens on her homestead.

I declare under the penalty of perjury by the Laws of the State of California, the following to be true and correct.    RESPECTFULLY,

*Jamie Lynn Gallian*
JAMIE LYNN GALLIAN

Signed this 8th day of July 2020, at Huntington Beach CA County of Orange.

11