| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| D. EDWARD HAYS, #162507<br>ehays@marshackhays.com<br>LAILA MASUD, #311731<br>lmasud@marshackhays.com<br>BRADFORD N. BARNHARDT, #328705<br>bbarnhardt@marshackhays.com<br>MARSHACK HAYS LLP<br>870 Roosevelt<br>Irvine, CA 92620<br>Telephone: (949) 333-7777<br><br>☐ Individual *appearing without an attorney*<br>☒ Attorney for: Houser Bros. Co. | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION**

| In re:<br>JAMIE LYNN GALLIAN,<br><br><br><br><br><br>Debtor(s) | CASE NO.: 8:21-bk-11710-ES<br>CHAPTER: 7<br><br>**(AMENDED)**<br>**NOTICE OF LODGMENT OF ORDER IN BANKRUPTCY CASE RE:** (*title of motion*[1]):<br>Motion Objecting to Debtor's Claimed Homestead Exemption |
|---|---|

PLEASE TAKE NOTE that the order titled Order Granting Houser Bros. Co. dba Rancho Del Rey Mobile Home Estate's Motion Objecting to Debtor's Claimed Homestead Exemption in 16222 Monterey Lane, Space, #376, Huntington Beach, CA 92649
was lodged on (*date*) 07/26/2022 and is attached. This order relates to the motion which is docket number 95.

---

[1] Please abbreviate if title cannot fit into text field.

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2012*    Page 1    **F 9021-1.2.BK.NOTICE.LODGMENT**



**Bankruptcy LODGED ORDER UPLOAD FORM**

Tuesday, July 26, 2022

CONFIRMATION :

Your Lodged Order Info:
( **11222702.docx** )
 A new order and exhibit has been added

- **Office**:  Santa Ana
- **Case Title**:  Jamie Lynn Gallian
- **Case Number**:  21-11710
- **Judge Initial**:  ES
- **Case Type**:  bk ( Bankruptcy )
- **Document Number**:  95
- **On Date**:  07/26/2022 @ 03:01 PM

Thank You!

---

United States Bankruptcy Court
Central District of California
Edward R. Roybal Federal Building and Courthouse
255 East Temple Street
Los Angeles, CA 90012

D. EDWARD HAYS, #162507
ehays@marshackhays.com
LAILA MASUD, #311731
lmasud@marshackhays.com
BRADFORD N. BARNHARDT, #328705
bbarnhardt@marshackhays.com
MARSHACK HAYS LLP
870 Roosevelt
Irvine, CA 92620
Telephone: (949) 333-7777
Facsimile: (949) 333-7778

Attorneys for Movant and Creditor,
HOUSER BROS. CO. dba RANCHO DEL REY MOBILE HOME ESTATES

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>JAMIE LYNN GALLIAN,<br><br>Debtor. | Case No. 8:21-bk-11710-ES<br><br>Chapter 7<br><br>ORDER GRANTING HOUSER BROS. CO. DBA RANCHO DEL REY MOBILE HOME ESTATES'S MOTION OBJECTING TO DEBTOR'S CLAIMED HOMESTEAD EXEMPTION IN 16222 MONTEREY LANE, SPACE #376, HUNTINGTON BEACH, CA 92649, DOCKET NO. 95<br><br><u>HEARING DATE</u><br>Date:  July 21, 2022<br>Time:  10:30 a.m.<br>Ctrm:  5A<br>Location: 411 W. Fourth Street, Santa Ana, CA 92701 |

On May 12, 2022, Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates ("Houser Bros.") filed a "Motion Objecting to Debtor's Claimed Homestead Exemption" ("Motion"). Docket No. 95. The Motion was set for hearing on June 2, 2022, at 10:30 a.m. Docket No. 99.

On May 13, 2022, The Huntington Beach Gables Homeowners Association ("HOA") filed a "Joinder to Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates' Motion Objecting to Debtor's Claimed Homestead Exemption" ("HOA Joinder"). Docket No. 98.

1

On May 16, 2022, Janine Jasso ("Ms. Jasso," and together with the HOA, the "Joining Parties") filed a "Joinder to Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates' Motion Objecting to Debtor's Claimed Homestead Exemption" ("Jasso Joinder"). Docket No. 100.

On June 1, 2022, Jamie Lynn Gallian ("Debtor") filed "Debtors Reply Opposition, Memorandum of Points and Authorities to Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates' Motion Objecting to Debtor's Claimed Homestead Exemption and Joinder Parties Huntington Beach Gables HOA; Janine Jasso" ("Opposition"). Docket No. 105.

On June 2, 2022, at 10:30 a.m., the Court conducted a hearing on the Motion. All appearances were as noted on the record. Before the hearing, the Court published a tentative ruling to continue the hearing on the Motion to July 21, 2022, at 10:30 a.m. to allow Houser Bros. and the Joining Parties to file a reply to Debtor's late Opposition. The Court's tentative ruling cautioned that "[n]o other pleadings may be filed," and that "in the future, the court will not consider any pleadings filed by Debtor after the day they are due."

On June 23, 2022, the Court entered an "Order Continuing Hearing on Motion Objecting to Debtor's Claimed Homestead Exemption" ("June 23, 2022, Order"), which attached a copy of the Court's tentative ruling for the June 2, 2022, hearing. Docket No. 124. The June 23, 2022, Order, provided as follows:

1) The hearing on the Motion is continued to July 21, 2022, at 10:30 a.m. to allow Houser Bros. and/or the Joining Parties to file a reply/replies to Debtor's late opposition filed on June 1, 2022;

2) Any replies by Houser Bros. or the Joining Parties must be filed by July 7, 2022; and

3) No other pleadings may be filed regarding the Motion. Docket No. 124.

On June 30, 2022, Chapter 7 Trustee Jeffrey I. Golden filed "Trustee's Joinder in Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates' Motion Objecting to Debtor's Claimed Homestead Exemption" ("Trustee Joinder"). Docket No. 128.

2

1     On July 7, 2022, the HOA filed a "Reply to Debtor's Opposition to Motion Objecting to Debtor's Claimed Homestead Exemption" ("HOA Reply"). Docket No. 129.

    That same day, Houser Bros. filed:

1)     "Reply to Debtor's Opposition to Motion Objecting to Claimed Homestead Exemption" ("Houser Bros. Reply"), Docket No. 130;

2)     "Declaration of Vivienne J. Alston Re: Motion Objecting to Debtor's Claimed Homestead Exemption" ("Alston Declaration"), Docket No. 131;

3)     "Declaration of Greg Buysman Re: Motion Objecting to Debtor's Claimed Homestead Exemption" ("Buysman Declaration"), Docket No. 132; and

4)     "Declaration of Chris Houser Re: Motion Objecting to Debtor's Claimed Homestead Exemption" ("Houser Declaration"), Docket No. 133.

    On July 8, 2022, Debtor filed an unauthorized "Reply to Greg Buysman, CA Notary Public Commission Number 2341449; Owner & Operator the UPS Store, Edinger/Springdale." Docket No. 134.[1]

    Before the July 21, 2022, hearing, the Court published a tentative ruling to grant the Motion. A true and correct copy of the Court's tentative ruling for the July 21, 2022, hearing is attached as **Exhibit 1**.

    On July 21, 2022, at 10:30 a.m., the Court held a continued hearing on the Motion. Appearances were as noted on the record. During the hearing, all parties were given an opportunity to be heard. The Court, having read and considered the Motion, the HOA Joinder, the Jasso Joinder, the Opposition, the Trustee Joinder, the HOA Reply, the Houser Bros. Reply, the Alston Declaration, the Buysman Declaration, and the Houser Declaration, and all other pleadings and papers filed in this case, and having heard the arguments made on the record during the July 21, 2022, hearing, for the set forth in the motion and reply papers, the attached tentative ruling, and on the record during the hearing, the Court enters its order as follows:

---

[1] The Court did not formally consider this pleading because Debtor filed it in violation of the June 23, 2022, Order's requirement that no other pleadings were to be filed other than replies by Houser Bros. and the Joining Parties. Even if the Court were to consider this improper pleading, the evidence presented therein would have been insufficient to alter or change the Court's ruling.

3

1  IT IS ORDERED that the Motion is granted and Houser Bros.'s objection in the Motion
2  to Debtor's claimed homestead exemption in 16222 Monterey Lane, Space #376, Huntington
3  Beach, CA 92649 pursuant to § 704.730 of the California Code of Civil Procedure is sustained.
4  Any claim of exemption by Debtor in the Property is disallowed.
5                                          # # #
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT 1**

# United States Bankruptcy Court
# Central District of California
Santa Ana
Erithe Smith, Presiding
Courtroom 5A Calendar

---

**Thursday, July 21, 2022**                                                                       **Hearing Room     5A**

**10:30 AM**
**8:21-11710    Jamie Lynn Gallian**                                                              **Chapter 7**

#32.00    CON'TD Hearing RE: Creditor Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates Motion Objecting to Debtor's Claimed Homestead Exemption

FR: 6-2-22

Docket    95

**Courtroom Deputy:**

- NONE LISTED -

**Tentative Ruling:**

**June 2, 2022**

Continue hearing to July 21, 2022 at 10:30 a.m. to allow Movant/Joining Parties to file a reply to Debtor's late opposition filed on June 1, 2022, which reply(ies) must be filed by July 7, 2022. No other pleadings may be filed.

Basis for Tentative Ruling:

1. Because Debtor filed her opposition one day prior to the hearing, the court has not had an opportunity to review it and the Movant was not afforded the opportunity to file a reply to the opposition. Under the Local Bankruptcy Rules, the court may exclude late-filed pleadings and not consider them at all. On this one occassion, the court will make an exception and allow the opposition. However, in the future, the court will not consider any pleadings filed by Debtor after the day they are due.

2. Based solely on the timely filed Motion and joinders, the court would be inclined to grant the Motion.
-------------------------------------------------------------------------------

**July 21, 2022**

Grant the Motion objecting to Debtor's homestead exemption claim.

# United States Bankruptcy Court
# Central District of California
Santa Ana
Erithe Smith, Presiding
Courtroom 5A Calendar

---

**Thursday, July 21, 2022**     **Hearing Room**     **5A**

---

**10:30 AM**
**CONT...**     **Jamie Lynn Gallian**     **Chapter 7**

Preliminary Comments re the Tentative Ruling:

This hearing was continued from June 2, 2022 solely because Debtor filed a late opposition *one day* prior to the hearing on June 1, 2022. The continuance was to allow the Movant and Joining Parties to file a reply to the June 1 opposition by July 7, 2022. The court expressly ruled that *no other pleadings were to be filed*. Notwithstanding that ruling, Debtor filed an additional pleading on July 8, 2022 [dkt. 134] without obtaining leave from the court (with notice to the Movant and Joining Parties) to do so. Accordingly, the pleading will not be formally considered by the court. The court notes parenthetically that even if it were to consider the improper pleading, the evidence presented therein would be insufficient to alter or change the court's ruling.

Basis for Tentative Ruling:

    A.   The Motion is Timely

The court must first determine whether the objection was timely. *In re Smith*, 235 F.3d 472, 475 (9th Cir. 2000) (stating that before reaching the merits of debtor's purported exemption, the court must determine whether the Creditors' objections were timely). An objection to an exemption must be filed within 30 days after the conclusion of a debtor's meeting of creditors or the filing of any exemption amendment. Fed. R. Bankr. P. 4003(b)(1). Here, the Motion was timely filed on May 12, 2022, as the Debtor's meeting of creditors concluded on May 3, 2022.

    B.   Movant has provided evidence sufficient to grant the Motion

At the time a petition for bankruptcy is filed, "all legal or equitable interests of the debtor in property" become available to satisfy creditors' claims and costs of the proceedings unless the assets are "'exempted' from use in satisfying claims of creditors and other authorized charges." *In re Sewell*, 180 F.3d 707, 710 (5th Cir. 1999); FRBP § 541(a)(1). The applicable state law determines bankruptcy exemptions on the date of the filing of the

# United States Bankruptcy Court
# Central District of California
Santa Ana
Erithe Smith, Presiding
Courtroom 5A Calendar

**Thursday, July 21, 2022**　　　　　　　　　　　　　　　　　　　　　　Hearing Room　　5A

<u>10:30 AM</u>
**CONT...**　　**Jamie Lynn Gallian**　　　　　　　　　　　　　　　　　　　　Chapter 7

original bankruptcy petition. *In re Bassin*, 637 F.2d 668, 670 (9th Cir. 1980). California has, per FRBP § 522(b)(1), has "opted out" of the federal exemption scheme and therefore California debtors may claim only those exemptions allowable under California law.

　　1.　<u>Houser Bros has standing to bring the Motion</u>

　　FRBP 4003(b) provides that a party in interest may filed an objection to the list of property claimed by debtor as exempt. Fed. R. Bankr. P. 4003(b). Here, Houser Bros is certainly a party in interest. First, Houser Bros is a creditor. In her Amended Schedules [dkt. 75], Debtor listed Houser Bros. as a creditor, with a contingent, unliquidated, disputed claim against the Property of unknown amount. Second, On January 2, 2019, Houser Bros. filed a "Complaint for Forcible Entry/Detainer (Mobilehome Park)" ("OCSC Complaint") against Debtor in Orange County Superior Court, Case No. 30-2019-01041423-CL-UD-CJC ("OCSC Action"). Hays Declaration, Ex. 3. Debtor's claimed homestead exemption, if allowed, will bind Houser Bros. Reply, 7.

　　2.　<u>There is no applicable recorded homestead</u>

　　Generally, claimed exemptions are "presumptively valid" and the objecting party thus bears the burden of proving that the exemption is improper. *In re Carter*, 182 F.3d 1027, 1029 n. 3 (9th Cir.1999); FRBP § 4003(c). However, the Supreme Court in *Raleigh v. Illinois Dept of Revenue*, 530 US 15, 20-21 (2000) held that because burden of proof is substantive, in the absence of a federal interest requiring a different result, the state law allocation of the burden should apply in bankruptcy objection to claims. The Ninth Circuit Bankruptcy Appellate Panel concluded that, where a state law exemption statute specifically allocates the burden of proof to the debtor, FRBP § 4003(c) does not change that allocation. *In re Diaz,* 547 B.R. 329, 337 (B.A.P. 9th Cir. 2016). *In re Diaz* is persuasive given the U.S. Supreme Court's holding in *Raleigh*. California has placed the ultimate burden of proof on the party claiming the exemption. CCP §§ 703.580(b), 704.780(a). Although the burden of proof lies with the party claiming the exemption, exemption statutes are generally construed in favor of the debtor. *Kono v. Meeker K,* 196 Cal. App. 4th 81, 86 (2011).

# United States Bankruptcy Court
# Central District of California
Santa Ana
Erithe Smith, Presiding
Courtroom 5A Calendar

**Thursday, July 21, 2022**                                                                 **Hearing Room    5A**

10:30 AM
**CONT...**     **Jamie Lynn Gallian**                                                               **Chapter 7**

Pursuant to Cal. Civ. Proc. Code § 704.780(a), the burden to show a debtor's entitlement to a homestead exemption rests with the debtor, unless a declared homestead has been recorded. Cal. Civ. Proc. Code § 704.780(a). The objecting party need only provide evidence sufficient to meet the "preponderance of the evidence" standard. *In re Kelley,* 300 B.R. 11, 16 (9th Cir. B.A.P. 2003). If the objecting party produces evidence to rebut the claimed exemption, the burden of production then shifts to the debtor to demonstrate the exemption is proper. Fed. R. Evid. R. 301. The debtor's standard of proof is also "preponderance of the evidence." *United States ex rel. Farmers Home Admin. v. Arnold & Baker Farms,* 177 B.R. 648, 654 (9th Cir. BAP 1994).

Here, Debtor bears the burden of proof to show entitlement to the homestead exemption because the Orange County Treasurer-Tax Collector records do not indicate that there is a "current homeowner's exemption or disabled veteran's exemption" for the Property. A copy of the 2021-22 tax bill for the Property is attached to the Hays Declaration as Exhibit 24.

Although Debtor claims to have recorded a Homestead Declaration, she did so with the Orange County Clerk-Recorder, not the Orange County Treasurer-Tax Collector. Declared homesteads are not applicable to sales by a bankruptcy trustee. *See In re Sain*, 584 B.R. 325, 329 (Bankr. S.D. Cal. 2018) (indicating that only the automatic homestead was available to a debtor who held a recorded declaration of homestead, because the debtor had not elected a declared homestead exemption in his schedules, and declared homesteads are not applicable to sales by bankruptcy trustees); *see also See Kelley v. Locke (In re Kelley),* 300 B.R. 11, 21 (B.A.P. 9th Cir. 2003) (noting that in the bankruptcy context, a debtor's declaration of homestead "helps him not at all, as the additional benefits conferred in Article 5 [Sections 704.910-704.995] would benefit him only in the situation of a voluntary sale"). Therefore, Debtor bears the burden of proof for the homestead exemption.

   3.    <u>Debtor failed to meet her burden that the Property is subject to exemption</u>

In *In re Shaefers,* the Ninth Circuit BAP found that a  Chapter 7 debtor

## United States Bankruptcy Court
## Central District of California
Santa Ana
Erithe Smith, Presiding
Courtroom 5A Calendar

**Thursday, July 21, 2022**                                                                 **Hearing Room    5A**

<u>10:30 AM</u>
**CONT...    Jamie Lynn Gallian**                                                              **Chapter 7**

cannot claim homestead exemption in limited liability company (LLC) that he owned, which owned real property at which debtor resided; debtor did not identify any beneficial or equitable interest in the property, and LLC members such as debtor had no interest in the company's assets, rather, debtor's interest in LLC was a personal property interest outside the statutory definition of a homestead. 623 B.R. 777 (B.A.P. 9th Cir. 2020).

      Here, Debtor has failed to meet her burden that the Property is subject to exemption. First, the HCD records show that J-Sandcastle LLC, not Debtor, was the Property's owner of record on the Petition Date. As of June 7, 2021— about a month before the Petition Date—the Property's registered owner was J-Sandcastle LLC, and the legal owners were Pierpont and J-Pad LLC. Hays Decl., Ex. 17 at 142. The HCD webpage indicates that "documents and fees" must be submitted to the HCD to transfer ownership of a manufactured home or manufactured home. The June 7, 2021, Title Search did not note any pending applications for title or registration change that might have added Debtor as the registered or legal owner of the Property before the Petition Date. And, Debtor paid no fees to the HCD between June 7, 2021, and the Petition Date that could have effectuated a title change. *See* Hays Decl., Ex. 26.

      Moreover, the July 2021 HCD Transaction had a transaction date of July 14, 2021—five days after the Petition Date—and included a certificate of title showing J-Sandcastle LLC as the Property's registered owner and Pierpont and J-Pad LLC as the Property's legal owners. Hays Decl., Ex. 21 at 171. Included in this post-petition transaction was a document to add Debtor as the Property's "New Registered Owner." *Id*. at 172. Also attached was a County of Orange "Tax Clearance Certificate" issued and executed on the Petition Date, which gave the Property's "Current Registered Owner" as J-Sandcastle LLC. *Id*. at 191. The August 2021 HCD Transaction did include a certificate of title showing Debtor as the Property's registered owner, but according to the certificate, title was issued on August 3, 2021, nearly a month after the Petition Date. Hays Decl., Ex. 22 at 195.

      Second, between February 1, 2021, and the Petition Date, all payments that Debtor submitted to Houser Bros. listed J-Sandcastle LLC as the payor/were on behalf of J-Sandcastle LLC. Only after the Petition Date

# United States Bankruptcy Court
## Central District of California
Santa Ana
Erithe Smith, Presiding
Courtroom 5A Calendar

**Thursday, July 21, 2022**                                                                 **Hearing Room**   **5A**

**10:30 AM**
**CONT...    Jamie Lynn Gallian                                                                          Chapter 7**

did Debtor submit a payment on her own behalf. *See* Hays Decl. Ex. 23 at 203-222.

Third, Debtor provides no credible evidence that she acquired an interest from the LLC on February 25, 2021. In Debtor's Original Schedules, filed on the Petition Date (July 9, 2021), Debtor provided, under penalty of perjury, that "Registered Title with HCD Debtor's single member LLC, J-Sandcastle Co, LLC." Motion at 33 (Exhibit 2). In addition, Debtor, in the Opposition, asserts J-Sandcastle LLC's executed a notarized release of title document, claiming: "On the petition date July 9, 2021, the registered title owner of the manufactured home located at 16222 Monterey Lane, Unit #376, Huntington Beach, CA 92649 ('Property') was Jamie Lynn Gallian as of February 25, 2021, the date J-Sandcastle Co LLC signed and dated to release the Certificate of Title to Jamie Lynn Gallian, notarized the same date." Opp'n., 29. However, Mr. Buysman did not actually notarize these documents. Instead, Mr. Buysman's notary book shows that on February 25, 2021, he notarized for Debtor an "Affidavit of Death" and a "Transfer Grant Deed." Buysman Decl., ¶7-11. Mr. Buysman did not notarize the July 2021 HCD Submission either. *Id*. Debtor's improperly filed July 8 response, even if considered by the court, would be insufficient to counter the statements and documentary evidence set forth in the Buysman Declaration.

Fourth, any alleged unrecorded transfer of title to Debtor personally was ineffective. *See In re Farokhirad*, Case No. 8:21-bk-10026-MW, ECF No. 98 (Bankr. C.D. Cal. Apr. 29, 2021) (sustaining a trustee's objection to an individual debtor's claimed homestead exemption in property held by a wholly owned LLC, and indicating that a provision of the LLC agreement purporting to transfer an interest in the property to the debtor prepetition was ineffective because an unrecorded deed could not bind the trustee). In California, unperfected (i.e. unrecorded) liens against real property are unenforceable against a bona fide purchaser for value, and Trustee is "clothed with the status of a hypothetical bona fide purchaser of real property under Section 544(a)(3). *In re Tleel,* 79 B.R. 883, 887 (B.A.P. 9th Cir. 1987); Cal.Civ.Code §§ 1214, 1217. Section 544, however, must be applied "without regard to any knowledge of the trustee or of any creditor." 11 U.S.C. § 544(a). Therefore, actual notice cannot overcome the Trustee's bona fide purchaser status. *In re Tleel*, 876 F.2d 769, 772 (9th Cir. 1989). Pursuant to Section 544, the trustee

# United States Bankruptcy Court
# Central District of California
Santa Ana
Erithe Smith, Presiding
Courtroom 5A Calendar

**Thursday, July 21, 2022**      Hearing Room    **5A**

**10:30 AM**
**CONT...**     **Jamie Lynn Gallian**      **Chapter 7**

is treated as a lien creditor and/or bona fide purchaser as of the date of the commencement of the case. *In re Tleel*, 79 B.R. 883, 886 (B.A.P. 9th Cir. 1987).

While Debtor asserts the Property was actually transferred from J-Sandcastle LLC to Debtor on February 25, 2021, the transfer was not recorded until after the Petition Date. Hays Decl., Ex. 19 at 145. As such, Trustee would be treated as a bona fide purchaser as of the Petition Date.

In conclusion, Debtor failed to carry her burden because, on the Petition Date, the Property's registered owner was J-Sandcastle LLC, and the legal owners were Pierpont and J-Pad, LLC. As a result, the Property was not part of the estate and not eligible for an exemption. The court, therefore, need not address Movant's alternative argument re 11 U.S.C. 522(p) except to say that had Debtor provided sufficient evidence of a transfer on February 25, 2021, the limitations of 522(p) would have applied.

| Party Information |
|---|

**Debtor(s):**

    Jamie Lynn Gallian                       Pro Se

**Trustee(s):**

    Jeffrey I Golden (TR)                Represented By
                                                                Aaron E DE Leest
                                                                Eric P Israel

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
870 Roosevelt, Irvine, CA 92620.

A true and correct copy of the foregoing document entitled: **NOTICE OF LODGMENT OF ORDER IN BANKRUPTCY CASE** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **July 26, 2022**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**: On **July 26, 2022**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**DEBTOR**
JAMIE LYNN GALLIAN
16222 MONTEREY LN UNIT 376
HUNTINGTON BEACH, CA 92649

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on , I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

PURSUANT TO THE COURTROOM POLICIES AND PROCEDURES OF THE HONORABLE ERITHE A. SMITH, COURTROOM 5A, §VIII. JUDGES' OR COURTESY COPIES, EXCEPT FOR DOCUMENTS 200 PAGES OR OVER, INCLUDING EXHIBITS, JUDGE SMITH **DOES NOT** REQUIRE JUDGES' COPIES.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| July 26, 2022 | Layla Buchanan | /s/ Layla Buchanan |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: CONTINUED:
    - **ATTORNEY FOR TRUSTEE JEFFREY I GOLDEN (TR):** Aaron E DE Leest adeleest@DanningGill.com, danninggill@gmail.com; adeleest@ecf.inforuptcy.com
    - **ATTORNEY FOR CREDITOR and PLAINTIFF THE HUNTINGTON BEACH GABLES HOMEOWNERS ASSOCIATION:** Robert P Goe kmurphy@goeforlaw.com, rgoe@goeforlaw.com; goeforecf@gmail.com
    - **TRUSTEE JEFFREY I GOLDEN (TR):** Jeffrey I Golden (TR lwerner@wgllp.com, jig@trustesolutions.net; kadele@wgllp.com
    - **ATTORNEY FOR PLAINTIFF HOUSER BROS. CO.:** D Edward Hays ehays@marshackhays.com, ehays@ecf.courtdrive.com; kfrederick@ecf.courtdrive.com; cmendoza@marshackhays.com; cmendoza@ecf.courtdrive.com
    - **ATTORNEY FOR CREDITOR and PLAINTIFF THE HUNTINGTON BEACH GABLES HOMEOWNERS ASSOCIATION:** Brandon J Iskander biskander@goeforlaw.com, kmurphy@goeforlaw.com
    - **ATTORNEY FOR TRUSTEE JEFFREY I GOLDEN (TR):** Eric P Israel eisrael@DanningGill.com, danninggill@gmail.com; eisrael@ecf.inforuptcy.com
    - **ATTORNEY FOR PLAINTIFF HOUSER BROS. CO.:** Laila Masud lmasud@marshackhays.com, lmasud@ecf.courtdrive.com; kfrederick@ecf.courtdrive.com
    - **ATTORNEY FOR DEFENDANT RANDALL L NICKEL:** Mark A Mellor mail@mellorlawfirm.com, mellormr79158@notify.bestcase.com
    - **INTERESTED PARTY COURTESY NEF:** Valerie Smith claims@recoverycorp.com
    - **U.S. TRUSTEE:** United States Trustee (SA) ustpregion16.sa.ecf@usdoj.gov

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*    **F 9013-3.1.PROOF.SERVICE**