| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| ☐ *Individual appearing without attorney*<br>☐ *Attorney for:* | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - _____ DIVISION**

| In re:<br><br><br><br>Debtor(s). | CASE NO.:<br><br>ADVERSARY NO.:<br>(*if applicable*)<br><br>CHAPTER: |
|---|---|
| <br><br>Plaintiff(s) (*if applicable*).<br>vs.<br><br><br><br>Defendant(s) (*if applicable*). | **NOTICE OF APPEAL<br>AND STATEMENT OF ELECTION** |

**Part 1: Identify the appellant(s)**

1. Name(s) of appellant(s): _____

2. Position of appellant(s) in the adversary proceeding or bankruptcy case that is the subject of this appeal:

For appeals in an adversary proceeding.
☐ Plaintiff
☐ Defendant
☐ Other (*describe*):

For appeals in a bankruptcy case and not in an adversary proceeding.
☐ Debtor
☐ Creditor
☐ Trustee
☐ Other (*describe*):

---

December 2018             Page 1             Official Form 417A

**Part 2: Identify the subject of this appeal**

1. Describe the judgment, order, or decree appealed from:

2. The date the judgment, order, or decree was entered: _____

**Part 3: Identify the other parties to the appeal**

List the names of all parties to the judgment, order, or decree appealed from and the names, addresses, and telephone numbers of their attorneys (*attach additional pages if necessary*):

1. Party:

    Attorney:

2. Party:

    Attorney:

**Part 4: Optional election to have appeal heard by District Court (applicable only in certain districts)**

If a Bankruptcy Appellate Panel is available in this judicial district, the Bankruptcy Appellate Panel will hear this appeal unless, pursuant to 28 U.S.C. § 158(c)(1), a party elects to have the appeal heard by the United States District Court. If an appellant filing this notice wishes to have the appeal heard by the United States District Court, check below. Do not check the box if the appellant wishes the Bankruptcy Appellate Panel to hear the appeal.

☐ Appellant(s) elect to have the appeal heard by the United States District Court rather than by the Bankruptcy Appellate Panel.

**Part 5: Sign below**

_Jamie Lynn Gallian_ _____    Date: _____
Signature of attorney for appellant(s) (or appellant(s)
if not represented by an attorney)

Fee waiver notice: If appellant is a child support creditor or its representative and appellant has filed the form specified in § 304(g) of the Bankruptcy Reform Act of 1994, no fee is required.

**[Note to inmate filers:** If you are an inmate filer in an institution and you seek the timing benefit of Fed. R. Bankr. P. 8002(c)(1), complete Director's Form 4170 (Declaration of Inmate Filing) and file that declaration along with the Notice of Appeal.]

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

A true and correct copy of the foregoing document entitled: **NOTICE OF APPEAL AND STATEMENT OF ELECTION** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. <u>TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)</u>**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

**2. <u>SERVED BY UNITED STATES MAIL</u>:**
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. <u>SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL</u> (state method for each person or entity served):** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

*Robert McLelland*

| Date | Printed Name | Signature |
|---|---|---|

1. <u>**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**</u>: CONTINUED:
    - **ATTORNEY FOR TRUSTEE JEFFREY I GOLDEN (TR):** Aaron E DE Leest adeleest@DanningGill.com, danninggill@gmail.com; adeleest@ecf.inforuptcy.com
    - **ATTORNEY FOR CREDITOR and PLAINTIFF THE HUNTINGTON BEACH GABLES HOMEOWNERS ASSOCIATION:** Robert P Goe kmurphy@goeforlaw.com, rgoe@goeforlaw.com; goeforecf@gmail.com
    - **TRUSTEE JEFFREY I GOLDEN (TR):** Jeffrey I Golden (TR lwerner@wgllp.com, jig@trustesolutions.net; kadele@wgllp.com
    - **ATTORNEY FOR PLAINTIFF HOUSER BROS. CO.:** D Edward Hays ehays@marshackhays.com, ehays@ecf.courtdrive.com; kfrederick@ecf.courtdrive.com; cmendoza@marshackhays.com; cmendoza@ecf.courtdrive.com
    - **ATTORNEY FOR CREDITOR and PLAINTIFF THE HUNTINGTON BEACH GABLES HOMEOWNERS ASSOCIATION:** Brandon J Iskander biskander@goeforlaw.com, kmurphy@goeforlaw.com
    - **ATTORNEY FOR TRUSTEE JEFFREY I GOLDEN (TR):** Eric P Israel eisrael@DanningGill.com, danninggill@gmail.com; eisrael@ecf.inforuptcy.com
    - **ATTORNEY FOR PLAINTIFF HOUSER BROS. CO.:** Laila Masud lmasud@marshackhays.com, lmasud@ecf.courtdrive.com; kfrederick@ecf.courtdrive.com
    - **ATTORNEY FOR DEFENDANT RANDALL L NICKEL:** Mark A Mellor mail@mellorlawfirm.com, mellormr79158@notify.bestcase.com
    - **INTERESTED PARTY COURTESY NEF:** Valerie Smith claims@recoverycorp.com
    - **U.S. TRUSTEE:** United States Trustee (SA) ustpregion16.sa.ecf@usdoj.gov

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                 F 9013-3.1.PROOF.SERVICE

# EXHIBIT A

# TENTATIVE RULING
# 7.21.2022

# United States Bankruptcy Court
## Central District of California
Santa Ana
Erithe Smith, Presiding
Courtroom 5A Calendar

---

**Thursday, July 21, 2022**                                                      **Hearing Room    5A**

---

**10:30 AM**
**8:21-11710    Jamie Lynn Gallian**                                              **Chapter 7**

**#32.00**    CON'TD Hearing RE: Creditor Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates Motion Objecting to Debtor's Claimed Homestead Exemption

FR: 6-2-22

                    Docket    95

**Courtroom Deputy:**

- NONE LISTED -

**Tentative Ruling:**

**June 2, 2022**

Continue hearing to July 21, 2022 at 10:30 a.m. to allow Movant/Joining Parties to file a reply to Debtor's late opposition filed on June 1, 2022, which reply(ies) must be filed by July 7, 2022. No other pleadings may be filed.

<u>Basis for Tentative Ruling</u>:

1. Because Debtor filed her opposition one day prior to the hearing, the court has not had an opportunity to review it and the Movant was not afforded the opportunity to file a reply to the opposition. Under the Local Bankruptcy Rules, the court may exclude late-filed pleadings and not consider them at all. On this one occassion, the court will make an exception and allow the opposition. <u>However</u>, in the future, the court will not consider any pleadings filed by Debtor after the day they are due.

2. Based solely on the timely filed Motion and joinders, the court would be inclined to grant the Motion.

---

**July 21, 2022**

Grant the Motion objecting to Debtor's homestead exemption claim.

**United States Bankruptcy Court**
**Central District of California**
Santa Ana
Erithe Smith, Presiding
Courtroom 5A Calendar

Thursday, July 21, 2022      Hearing Room    5A

10:30 AM
**CONT...**     **Jamie Lynn Gallian**                                        Chapter 7

Preliminary Comments re the Tentative Ruling:

This hearing was continued from June 2, 2022 solely because Debtor filed a late opposition *one day* prior to the hearing on June 1, 2022. The continuance was to allow the Movant and Joining Parties to file a reply to the June 1 opposition by July 7, 2022. The court expressly ruled that *no other pleadings were to be filed*. Notwithstanding that ruling, Debtor filed an additional pleading on July 8, 2022 [dkt. 134] without obtaining leave from the court (with notice to the Movant and Joining Parties) to do so. Accordingly, the pleading will not be formally considered by the court. The court notes parenthetically that even if it were to consider the improper pleading, the evidence presented therein would be insufficient to alter or change the court's ruling.

Basis for Tentative Ruling:

    A. The Motion is Timely

    The court must first determine whether the objection was timely. *In re Smith*, 235 F.3d 472, 475 (9th Cir. 2000) (stating that before reaching the merits of debtor's purported exemption, the court must determine whether the Creditors' objections were timely). An objection to an exemption must be filed within 30 days after the conclusion of a debtor's meeting of creditors or the filing of any exemption amendment. Fed. R. Bankr. P. 4003(b)(1). Here, the Motion was timely filed on May 12, 2022, as the Debtor's meeting of creditors concluded on May 3, 2022.

    B. Movant has provided evidence sufficient to grant the Motion

    At the time a petition for bankruptcy is filed, "all legal or equitable interests of the debtor in property" become available to satisfy creditors' claims and costs of the proceedings unless the assets are "'exempted' from use in satisfying claims of creditors and other authorized charges." *In re Sewell*, 180 F.3d 707, 710 (5th Cir. 1999); FRBP § 541(a)(1). The applicable state law determines bankruptcy exemptions on the date of the filing of the

**United States Bankruptcy Court**
**Central District of California**
Santa Ana
**Erithe Smith, Presiding**
**Courtroom 5A Calendar**

---

**Thursday, July 21, 2022**                 **Hearing Room**    **5A**

---

10:30 AM
**CONT...**     **Jamie Lynn Gallian**                                     **Chapter 7**

original bankruptcy petition. *In re Bassin*, 637 F.2d 668, 670 (9th Cir. 1980). California has, per FRBP § 522(b)(1), has "opted out" of the federal exemption scheme and therefore California debtors may claim only those exemptions allowable under California law.

       1. <u>Houser Bros has standing to bring the Motion</u>

       FRBP 4003(b) provides that a party in interest may filed an objection to the list of property claimed by debtor as exempt. Fed. R. Bankr. P. 4003(b). Here, Houser Bros is certainly a party in interest. First, Houser Bros is a creditor. In her Amended Schedules [dkt. 75], Debtor listed Houser Bros. as a creditor, with a contingent, unliquidated, disputed claim against the Property of unknown amount. Second, On January 2, 2019, Houser Bros. filed a "Complaint for Forcible Entry/Detainer (Mobilehome Park)" ("OCSC Complaint") against Debtor in Orange County Superior Court, Case No. 30-2019-01041423-CL-UD-CJC ("OCSC Action"). Hays Declaration, Ex. 3. Debtor's claimed homestead exemption, if allowed, will bind Houser Bros. Reply, 7.

       2. <u>There is no applicable recorded homestead</u>

       Generally, claimed exemptions are "presumptively valid" and the objecting party thus bears the burden of proving that the exemption is improper. *In re Carter*, 182 F.3d 1027, 1029 n. 3 (9th Cir.1999); FRBP § 4003(c). However, the Supreme Court in *Raleigh v. Illinois Dept of Revenue*, 530 US 15, 20-21 (2000) held that because burden of proof is substantive, in the absence of a federal interest requiring a different result, the state law allocation of the burden should apply in bankruptcy objection to claims. The Ninth Circuit Bankruptcy Appellate Panel concluded that, where a state law exemption statute specifically allocates the burden of proof to the debtor, FRBP § 4003(c) does not change that allocation. *In re Diaz,* 547 B.R. 329, 337 (B.A.P. 9th Cir. 2016). *In re Diaz* is persuasive given the U.S. Supreme Court's holding in *Raleigh*. California has placed the ultimate burden of proof on the party claiming the exemption. CCP §§ 703.580(b), 704.780(a). Although the burden of proof lies with the party claiming the exemption, exemption statutes are generally construed in favor of the debtor. *Kono v. Meeker K,* 196 Cal. App. 4th 81, 86 (2011).

**United States Bankruptcy Court**
**Central District of California**
Santa Ana
Erithe Smith, Presiding
Courtroom 5A Calendar

---

**Thursday, July 21, 2022**                                                                      **Hearing Room    5A**

10:30 AM
**CONT...**    **Jamie Lynn Gallian**                                                                      **Chapter 7**

Pursuant to Cal. Civ. Proc. Code § 704.780(a), the burden to show a debtor's entitlement to a homestead exemption rests with the debtor, unless a declared homestead has been recorded. Cal. Civ. Proc. Code § 704.780(a). The objecting party need only provide evidence sufficient to meet the "preponderance of the evidence" standard. *In re Kelley*, 300 B.R. 11, 16 (9th Cir. B.A.P. 2003). If the objecting party produces evidence to rebut the claimed exemption, the burden of production then shifts to the debtor to demonstrate the exemption is proper. Fed. R. Evid. R. 301. The debtor's standard of proof is also "preponderance of the evidence." *United States ex rel. Farmers Home Admin. v. Arnold & Baker Farms*, 177 B.R. 648, 654 (9th Cir. BAP 1994).

Here, Debtor bears the burden of proof to show entitlement to the homestead exemption because the Orange County Treasurer-Tax Collector records do not indicate that there is a "current homeowner's exemption or disabled veteran's exemption" for the Property. A copy of the 2021-22 tax bill for the Property is attached to the Hays Declaration as Exhibit 24.

Although Debtor claims to have recorded a Homestead Declaration, she did so with the Orange County Clerk-Recorder, not the Orange County Treasurer-Tax Collector. Declared homesteads are not applicable to sales by a bankruptcy trustee. *See In re Sain*, 584 B.R. 325, 329 (Bankr. S.D. Cal. 2018) (indicating that only the automatic homestead was available to a debtor who held a recorded declaration of homestead, because the debtor had not elected a declared homestead exemption in his schedules, and declared homesteads are not applicable to sales by bankruptcy trustees); see also See *Kelley v. Locke (In re Kelley)*, 300 B.R. 11, 21 (B.A.P. 9th Cir. 2003) (noting that in the bankruptcy context, a debtor's declaration of homestead "helps him not at all, as the additional benefits conferred in Article 5 [Sections 704.910-704.995] would benefit him only in the situation of a voluntary sale"). Therefore, Debtor bears the burden of proof for the homestead exemption.

3. <u>Debtor failed to meet her burden that the Property is subject to exemption</u>

In *In re Shaefers,* the Ninth Circuit BAP found that a Chapter 7 debtor

**United States Bankruptcy Court**
**Central District of California**
Santa Ana
**Erithe Smith, Presiding**
**Courtroom 5A Calendar**

| | |
|---|---|
| **Thursday, July 21, 2022** | **Hearing Room    5A** |

10:30 AM
**CONT...    Jamie Lynn Gallian**                                            **Chapter 7**

cannot claim homestead exemption in limited liability company (LLC) that he owned, which owned real property at which debtor resided; debtor did not identify any beneficial or equitable interest in the property, and LLC members such as debtor had no interest in the company's assets, rather, debtor's interest in LLC was a personal property interest outside the statutory definition of a homestead. 623 B.R. 777 (B.A.P. 9th Cir. 2020).

Here, Debtor has failed to meet her burden that the Property is subject to exemption. First, the HCD records show that J-Sandcastle LLC, not Debtor, was the Property's owner of record on the Petition Date. As of June 7, 2021— about a month before the Petition Date—the Property's registered owner was J-Sandcastle LLC, and the legal owners were Pierpont and J-Pad LLC. Hays Decl., Ex. 17 at 142. The HCD webpage indicates that "documents and fees" must be submitted to the HCD to transfer ownership of a manufactured home or manufactured home. The June 7, 2021, Title Search did not note any pending applications for title or registration change that might have added Debtor as the registered or legal owner of the Property before the Petition Date. And, Debtor paid no fees to the HCD between June 7, 2021, and the Petition Date that could have effectuated a title change. See Hays Decl., Ex. 26.

Moreover, the July 2021 HCD Transaction had a transaction date of July 14, 2021—five days after the Petition Date—and included a certificate of title showing J-Sandcastle LLC as the Property's registered owner and Pierpont and J-Pad LLC as the Property's legal owners. Hays Decl., Ex. 21 at 171. Included in this post-petition transaction was a document to add Debtor as the Property's "New Registered Owner." *Id.* at 172. Also attached was a County of Orange "Tax Clearance Certificate" issued and executed on the Petition Date, which gave the Property's "Current Registered Owner" as J-Sandcastle LLC. *Id.* at 191. The August 2021 HCD Transaction did include a certificate of title showing Debtor as the Property's registered owner, but according to the certificate, title was issued on August 3, 2021, nearly a month after the Petition Date. Hays Decl., Ex. 22 at 195.

Second, between February 1, 2021, and the Petition Date, all payments that Debtor submitted to Houser Bros. listed J-Sandcastle LLC as the payor/were on behalf of J-Sandcastle LLC. Only after the Petition Date

**United States Bankruptcy Court**
**Central District of California**
Santa Ana
Erithe Smith, Presiding
Courtroom 5A Calendar

---

**Thursday, July 21, 2022**                                                                 **Hearing Room    5A**

---

10:30 AM
**CONT...    Jamie Lynn Gallian**                                                                   **Chapter 7**

did Debtor submit a payment on her own behalf. *See* Hays Decl. Ex. 23 at 203-222.

   Third, Debtor provides no credible evidence that she acquired an interest from the LLC on February 25, 2021. In Debtor's Original Schedules, filed on the Petition Date (July 9, 2021), Debtor provided, under penalty of perjury, that "Registered Title with HCD Debtor's single member LLC, J-Sandcastle Co, LLC." Motion at 33 (Exhibit 2). In addition, Debtor, in the Opposition, asserts J-Sandcastle LLC's executed a notarized release of title document, claiming: "On the petition date July 9, 2021, the registered title owner of the manufactured home located at 16222 Monterey Lane, Unit #376, Huntington Beach, CA 92649 ('Property') was Jamie Lynn Gallian as of February 25, 2021, the date J-Sandcastle Co LLC signed and dated to release the Certificate of Title to Jamie Lynn Gallian, notarized the same date." Opp'n., 29. However, Mr. Buysman did not actually notarize these documents. Instead, Mr. Buysman's notary book shows that on February 25, 2021, he notarized for Debtor an "Affidavit of Death" and a "Transfer Grant Deed." Buysman Decl., ¶7-11. Mr. Buysman did not notarize the July 2021 HCD Submission either. *Id.* Debtor's improperly filed July 8 response, even if considered by the court, would be insufficient to counter the statements and documentary evidence set forth in the Buysman Declaration.

   Fourth, any alleged unrecorded transfer of title to Debtor personally was ineffective. *See In re Farokhirad*, Case No. 8:21-bk-10026-MW, ECF No. 98 (Bankr. C.D. Cal. Apr. 29, 2021) (sustaining a trustee's objection to an individual debtor's claimed homestead exemption in property held by a wholly owned LLC, and indicating that a provision of the LLC agreement purporting to transfer an interest in the property to the debtor prepetition was ineffective because an unrecorded deed could not bind the trustee). In California, unperfected (i.e. unrecorded) liens against real property are unenforceable against a bona fide purchaser for value, and Trustee is "clothed with the status of a hypothetical bona fide purchaser of real property under Section 544(a)(3). *In re Tleel*, 79 B.R. 883, 887 (B.A.P. 9th Cir. 1987); Cal.Civ.Code §§ 1214, 1217. Section 544, however, must be applied "without regard to any knowledge of the trustee or of any creditor." 11 U.S.C. § 544(a). Therefore, actual notice cannot overcome the Trustee's bona fide purchaser status. *In re Tleel*, 876 F.2d 769, 772 (9th Cir. 1989). Pursuant to Section 544, the trustee

# United States Bankruptcy Court
## Central District of California
### Santa Ana
### Erithe Smith, Presiding
### Courtroom 5A Calendar

---

**Thursday, July 21, 2022**　　　　　　　　　　　　　　　　　　　　　　**Hearing Room    5A**

---

**10:30 AM**
**CONT...    Jamie Lynn Gallian**　　　　　　　　　　　　　　　　　　　**Chapter 7**

is treated as a lien creditor and/or bona fide purchaser as of the date of the commencement of the case. *In re Tleel*, 79 B.R. 883, 886 (B.A.P. 9th Cir. 1987).

　　While Debtor asserts the Property was actually transferred from J-Sandcastle LLC to Debtor on February 25, 2021, the transfer was not recorded until after the Petition Date. Hays Decl., Ex. 19 at 145. As such, Trustee would be treated as a bona fide purchaser as of the Petition Date.

　　In conclusion, Debtor failed to carry her burden because, on the Petition Date, the Property's registered owner was J-Sandcastle LLC, and the legal owners were Pierpont and J-Pad, LLC. As a result, the Property was not part of the estate and not eligible for an exemption. The court, therefore, need not address Movant's alternative argument re 11 U.S.C. 522(p) except to say that had Debtor provided sufficient evidence of a transfer on February 25, 2021, the limitations of 522(p) would have applied.

| Party Information |
|---|

**Debtor(s):**

　　Jamie Lynn Gallian　　　　　　　　　　Pro Se

**Trustee(s):**

　　Jeffrey I Golden (TR)　　　　　　　　　Represented By
　　　　　　　　　　　　　　　　　　　　　　Aaron E DE Leest
　　　　　　　　　　　　　　　　　　　　　　Eric P Israel