D. EDWARD HAYS, #162507
ehays@marshackhays.com
LAILA MASUD, #311731
lmasud@marshackhays.com
BRADFORD N. BARNHARDT, #328705
bbarnhardt@marshackhays.com
MARSHACK HAYS LLP
870 Roosevelt
Irvine, CA 92620
Telephone: (949) 333-7777
Facsimile: (949) 333-7778

Attorneys for Creditor,
HOUSER BROS. CO. dba RANCHO DEL
REY MOBILE HOME ESTATES

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| In re | Case No. 8:21-bk-11710-ES |
|---|---|
| JAMIE LYNN GALLIAN, | Chapter 7 |
| Debtor. | RESPONSE TO DEBTOR'S NOTICE OF AND MOTION FOR RECONSIDERATION OF 7.21.22 ORDER SUSTAINING HOUSER BROS. CO. DBA RANCHO DEL REY MOBILE HOME ESTATE'S OBJECTION TO DEBTOR'S CLAIMED HOMESTEAD EXEMPTION; DECLARATION OF D. EDWARD HAYS IN SUPPORT |
| | Date:   August 18, 2022 |
| | Time:   10:30 a.m. |
| | Ctrm:   5A[1] |
| | Location: 411 W. Fourth Street, Santa Ana, CA 92701 |

/ / /

/ / /

---

[1] To continue to aid in the mitigation of the spread of the COVID-19 virus and in light of the response of the Bar to continue virtual appearances, Judge Smith will continue to hold the majority of her hearings remotely using ZoomGov audio and video. However, beginning September 1, 2021, Judge Smith will allow the option for in-person hearings and/or hybrid proceedings for trial and evidentiary hearings only.

1

RESPONSE TO DEBTOR'S MOTION FOR RECONSIDERATION

4880-1284-8131,v.1

# TABLE OF CONTENTS

1.    SUMMARY OF ARGUMENT ................................................................. 2

2.    FACTUAL BACKGROUND ................................................................. 3

3.    LEGAL ARGUMENT ................................................................. 6

    A.    This Court lacks jurisdiction to rule on the Motion. ................................................. 6

    B.    Legal Standard for Motions for Reconsideration ................................................. 6

    C.    Debtor has not met her burden of showing that relief is justified pursuant to Rule 60(b)(2) based on newly discovered evidence. ................................................. 8

        i.    Debtor has not submitted newly discovered evidence within the ............... 9
meaning of Rule 60(b)(2) .................................................................................... 9

        ii.    There are no facts to suggest that Debtor exercised due ............................ 11
diligence to discover the Assessor Document (or any other evidence). ............... 11

        iii.    Debtor's alleged newly submitted evidence would not have changed the result of the hearing on the Homestead Motion .................................. 11

    D.    Debtor has not met her high burden of showing, based on clear and ................... 14
convincing evidence, that relief from judgment is appropriate based .............................. 14
on fraud, misrepresentation, or other misconduct ................................................. 14

    E.    Debtor's Motion does not address the argument that 11 U.S.C. § 522(p) imposes a $170,350 cap on any exemption. ................................................. 15

4.    CONCLUSION ................................................................. 16

# TABLE OF AUTHORITIES

## CASES

*Bryant v. Thomas*,
    2015 U.S.Dist.LEXIS 120079, at *6 (S.D. Cal. June 18, 2015) ................................. 7

*Coastal Delivery Corp. v. U.S. Customs Serv.*,
    272 F.Supp.2d 958, 966-67 (C.D. Cal. 2003) ................................................. 6

*Diaz v. Kosmala (In re Diaz)*,
    547 B.R. 329, 336-37 (B.A.P. 9th Cir. 2016) ................................................. 11

i

*Fantasyland Video, Inc. v. Cty. of San Diego*,

    505 F.3d 996, 1005 (9th Cir. 2007) ........................................................................ 8

*Harrington v. Ainsworth (In re Harrington)*,

    2005 Bankr.LEXIS 3379, at *8 (B.A.P. 9th Cir. Aug. 22, 2005) ........................... 12

*In re Reade*,
    2014 Bankr.LEXIS 1391, at *10 (Bankr. C.D. Cal. Mar. 28, 2014) ...................... 12

*In re Tallerico*,
    532 B.R. 774, 780 (Bankr. E.D. Cal. 2015) ........................................................... 11

*In re Wavelength, Inc.*,
    61 B.R. 614, 618 (9th Cir. 1986) ............................................................................. 6

*Johnson v. Caliber Home Loans*, 2021

    U.S.Dist.LEXIS 204465, at *8 (C.D. Cal. Feb. 3, 2021) .................................. 7, 15

*Nishimoto v. Cty. of San Diego*,
    850 Fed.Appx. 493, 497 (9th Cir. 2021) ............................................................. 8, 10

*Raleigh v. Ill. Dep't of Revenue*,
    530 U.S. 15 (2000) ................................................................................................ 12

*Smith v. Lujan*,
    588 F.2d 1304 (9th Cir. 1979) ................................................................................. 6

*Sundby v. Marquee Funding Grp., Inc.*,
     2021 U.S.Dist.LEXIS 223123, at *6 (S.D. Cal. Nov. 18, 2021) ............................. 8

*Trendsettah USA, Inc. v. Swisher Int'l, Inc.*,

    31 F.4th 1124, 1136 (9th Cir. 2022) .................................................................. 8, 14

*Utzman v. Suntrust Mortg., Inc. (In re Utzman)*,
    2016 Bankr.LEXIS 2927, at *13 (B.A.P. 9th Cir. Aug. 9, 2016) ................... 2, 7, 15

**STATUTES**

11 U.S.C. § 522(p) ...................................................................................................... 15, 16

11 U.S.C. § 704.730(a) ...................................................................................................... 12

Cal. Const. Art. XIII § 3(k) ............................................................................................... 12

Cal. Rev. & Tax Code § 218(a) ........................................................................................ 12

RESPONSE TO DEBTOR'S MOTION FOR RECONSIDERATION

4880-1284-8131,v.1

CCP § 704.730(a)............................................................................................................. 12

CCP § 704.780(a)............................................................................................................. 11

CCP § 704.780(a)(1)........................................................................................................ 11

CCP § 798.74 ................................................................................................................... 15

**OTHER AUTHORITIES**

4 Collier on Bankruptcy P 522.13[1] (2022) ............................................................... 15

**RULES**

Fed. R. Civ. P. 9023 .......................................................................................................... 7

Fed. R. Civ. P 59 ................................................................................................................ 2

LBR 9013-4 ........................................................................................................................ 7

LBR 9013-4(b)(3) ............................................................................................................... 7

Fed. R. Civ. P 60(b)(3)............................................................................................ 2, 14, 15

Fe. R. Civ. P 60(b) ....................................................................................... 6, 7, 8, 15

RESPONSE TO DEBTOR'S MOTION FOR RECONSIDERATION

4880-1284-8131,v.1

1  TO THE HONORABLE ERITHE A. SMITH, UNITED STATES BANKRUPTCY JUDGE, THE

2  DEBTOR, AND ALL INTERESTED PARTIES:

3          Houser Bros. Co., dba Rancho Del Rey Mobile Home Estates ("Houser Bros.") files this

4  opposition to Debtor's Notice of and Motion for Reconsideration of 7.21.22 Order Sustaining

5  Houser Bros. Co. DBA Rancho Del Rey Mobile Home Estates Objection to Debtor's Claimed

6  Homestead Exemption ("Motion"), filed on July 26, 2022, as Dk. No. 157.

7  **1.      Summary of Argument**

8          A party may not seek relief from an order under Rule 60(b) of the Federal Rules of Civil

9  Procedure (applicable pursuant to FRBP 9024) to raise legal arguments or allege new facts that

10  "could have been raised at the prior hearing or to rehash arguments already presented to the

11  bankruptcy court." *Utzman v. Suntrust Mortg., Inc. (In re Utzman)*, 2016 Bankr.LEXIS 2927, at *13

12  (B.A.P. 9th Cir. Aug. 9, 2016). The same is true for a motion for new trial filed under FRCP 59

13  (applicable pursuant to FRBP 9023) and LBR 9013-4. Notwithstanding these clear rules, Debtor's

14  Motion is based on evidence that could have been presented in her opposition to the underlying

15  objection and is nothing more than a rehash of arguments she has already raised and lost.

16          The Motion does not clearly specify the basis on which Debtor seeks relief from the Court's

17  ruling disallowing her homestead exemption, but it appears that she is moving under Rule 60(b)(2),

18  based on newly discovered evidence, and Rule 60(b)(3), based on alleged fraud. Even if the Court

19  views the motion as one filed under FRCP 59, it fails for the same reasons.

20          Any "newly discovered" evidence Debtor submitted could have been discovered and

21  submitted to the Court well in advance of the continued hearing on Houser Bros.'s homestead

22  exemption objection had Debtor acted diligently. And, even if the Court had considered Debtor's

23  additional documentation, it would not have changed the outcome of the hearing. The evidence at

24  most would have shifted the burden to Houser Bros. regarding Debtor's homestead exemption, and

25  Houser Bros. would have sustained its burden for the reasons set forth in the previous briefing.

26          Debtor also makes a summary allegation of fraud which is totally lacking in merit and which

27  falls far short of the high burden for obtaining relief based on clear and convincing evidence.

28  Because Debtor fails to satisfy the standards for relief from judgment or for a new trial, the Motion

RESPONSE TO DEBTOR'S MOTION FOR RECONSIDERATION

4880-1284-8131,v.1

should be denied. If the Court does not enforce the standards for reconsideration, then every motion decided will need to be decided twice.

Lastly, Debtor has filed an appeal of the order from which she seeks reconsideration. The pending appeal deprives the Court of jurisdiction to decide the Motion on the merits.

## 2.    Factual Background

On July 9, 2021 ("Petition Date"), Jamie Lynn Gallian filed a voluntary petition under Chapter 7 of Title 11 of the United States Code. A true and correct copy of the CM/ECF docket in this case is attached to the Declaration of D. Edward Hays ("Hays Declaration") as **Exhibit 1**.

On May 12, 2022, Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates ("Houser Bros.") filed a "Motion Objecting to Debtor's Claimed Homestead Exemption" ("Homestead Motion"). Docket No. 95. The Motion was set for hearing on June 2, 2022, at 10:30 a.m. Docket No. 99.

On May 13, 2022, The Huntington Beach Gables Homeowners Association ("HOA") filed a "Joinder to Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates' Motion Objecting to Debtor's Claimed Homestead Exemption" ("HOA Joinder"). Docket No. 98.

On May 16, 2022, Janine Jasso ("Ms. Jasso," and together with the HOA, the "Joining Parties") filed a "Joinder to Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates' Motion Objecting to Debtor's Claimed Homestead Exemption" ("Jasso Joinder"). Docket No. 100.

On June 1, 2022, Debtor filed "Debtors Reply Opposition, Memorandum of Points and Authorities to Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates' Motion Objecting to Debtor's Claimed Homestead Exemption and Joinder Parties Huntington Beach Gables HOA; Janine Jasso" ("Homestead Opposition"). Docket No. 105.

On June 2, 2022, at 10:30 a.m., the Court conducted a hearing on the Homestead Motion. Before the hearing, the Court published a tentative ruling to continue the hearing on the Homestead Motion to July 21, 2022, at 10:30 a.m. to allow Houser Bros. and the Joining Parties to file a reply to Debtor's late opposition. The Court's tentative ruling cautioned that "[n]o other pleadings may be filed," and that "in the future, the court will not consider any pleadings filed by Debtor after the day they are due."

RESPONSE TO DEBTOR'S MOTION FOR RECONSIDERATION

4880-1284-8131,v.1

On June 23, 2022, the Court entered an "Order Continuing Hearing on Motion Objecting to Debtor's Claimed Homestead Exemption" ("June 23, 2022, Order"), which attached a copy of the Court's tentative ruling for the June 2, 2022, hearing. Docket No. 124. The June 23, 2022, Order, provided as follows:

1)    The hearing on the Motion is continued to July 21, 2022, at 10:30 a.m. to allow Houser Bros. and/or the Joining Parties to file a reply/replies to Debtor's late opposition filed on June 1, 2022;

2)    Any replies by Houser Bros. or the Joining Parties must be filed by July 7, 2022; and

3)    No other pleadings may be filed regarding the Motion. Docket No. 124.

On June 30, 2022, Chapter 7 Trustee Jeffrey I. Golden filed "Trustee's Joinder in Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates' Motion Objecting to Debtor's Claimed Homestead Exemption" ("Trustee Joinder"). Docket No. 128.

On July 7, 2022, the HOA filed a "Reply to Debtor's Opposition to Motion Objecting to Debtor's Claimed Homestead Exemption" ("HOA Reply"). Docket No. 129.

That same day, Houser Bros. filed:

1)    "Reply to Debtor's Opposition to Motion Objecting to Claimed Homestead Exemption" ("Houser Bros. Homestead Reply"), Docket No. 130;[2]

2)    "Declaration of Vivienne J. Alston Re: Motion Objecting to Debtor's Claimed Homestead Exemption" ("Alston Declaration"), Docket No. 131;

3)    "Declaration of Greg Buysman Re: Motion Objecting to Debtor's Claimed Homestead Exemption" ("Buysman Declaration"), Docket No. 132; and

4)    "Declaration of Chris Houser Re: Motion Objecting to Debtor's Claimed Homestead Exemption" ("Houser Declaration"), Docket No. 133.

---

[2] On July 20, 2022, Houser Bros. filed a "Notice of Lodgment of Excerpts of Certified Transcript in Support of Reply to Debtor's Opposition to Motion Objecting to Claimed Homestead Exemption." Docket No. 138.

RESPONSE TO DEBTOR'S MOTION FOR RECONSIDERATION

4880-1284-8131,v.1

On July 8, 2022, Debtor filed an unauthorized "Reply to Greg Buysman, CA Notary Public Commission Number 2341449; Owner & Operator the UPS Store, Edinger/Springdale." Docket No. 134.[3]

Before the July 21, 2022, hearing, the Court published a tentative ruling to grant the Motion ("July 21 TR"). A true and correct copy of the July 21 TR is attached to the Hays Declaration as **Exhibit 2**.

On July 21, 2022, at 10:30 a.m., the Court held a continued hearing on the Motion. During the hearing, the Court orally granted the Homestead Motion for the reasons stated in its tentative ruling.

On July 21, 2022, at 11:50 a.m., Debtor filed a "Notice of Lodgment of Orange County Tax Assessors [sic] Proof of Debtors [sic] Homestead Exemption Effective 2/25/2021 in Support of Opposition to Motion Objecting to Claimed Homestead Exemption" ("First NOL"). Docket No. 139.

That same day, at 2:11 p.m., Debtor filed a "Notice of Lodgment of Orange County Tax Assessors [sic] Proof of Debtors [sic] Homestead Exemption Effective 2/25/2021 in Support of Opposition to Motion Objecting to Claimed Homestead Exemption" ("Second NOL"). Docket No. 140.

On July 21, 2022, Debtor filed a "Notice of Appeal and Statement of Election" ("Notice of Appeal") regarding a "7/21/2022 Order Denying Debtors [sic] Declared Homestead and Debtors [sic] Homeowners Exemption Effective February 25, 2021 with the Orange County Tax Assessor Pursuant to California Department of Housing and Community Development Certificate of Title Perfected February 25, 2021." Docket No. 143. Debtor's appeal was referred to the Bankruptcy Appellate Panel based on Debtor's election. Docket No. 161.

On July 26, 2022, Debtor filed the Motion. Docket No. 157.

---

[3] The Court did not formally consider this pleading because Debtor filed it in violation of the June 23, 2022, Order's requirement that no other pleadings were to be filed other than replies by Houser Bros. and the Joining Parties. Hays Decl. Ex. 2 at 42 (July 21 TR, defined below). The Court indicated that even if it were to consider this improper pleading, the evidence presented therein would have been insufficient to alter or change the Court's ruling. *Id.*

1    On August 1, 2022, Debtor filed a "Motion for Leave from the Bankruptcy Appeal [sic]

2  Panel to Permit the Bankruptcy Court to Consider Debtor's Motion for Re-Consideration [Doc 157]

3  on August 18, 2022" ("Motion for Leave"). Docket No. 167. Debtor's Motion for Leave has not

4  been set for hearing.

5    On August 2, 2022, Houser Bros. filed an "Optional Appellee Statement of Election to

6  Proceed in District Court." Docket No. 168.

7    Counsel for Houser Bros. has informed Debtor that the pending appeal deprives the Court of

8  jurisdiction to decide her Motion. Counsel offered to enter a stipulation for the appeal to be

9  dismissed without prejudice and which specifically provided that Debtor's time to appeal the

10  original order and any order on reconsideration would be 14 days from entry of the order on

11  reconsideration pursuant to FRBP 8002(b). Debtor, however, refused to enter such stipulation. Hays

12  Decl. ¶¶ 9-12 & Exs. 3-4.

13  **3.    Legal Argument**

14    **A.    This Court lacks jurisdiction to rule on the Motion.**

15    A notice of appeal divests the district court of jurisdiction over matters related to the appeal.

16  *Coastal Delivery Corp. v. U.S. Customs Serv.*, 272 F.Supp.2d 958, 966-67 (C.D. Cal. 2003) (citing

17  *Smith v. Lujan*, 588 F.2d 1304 (9th Cir. 1979)); *see also In re Wavelength, Inc.*, 61 B.R. 614, 618

18  (9th Cir. 1986) (noting that the bankruptcy court did not have jurisdiction to rule on a Rule 60(b)

19  motion for reconsideration after the notice of appeal from the underlying order had been filed). In

20  the Ninth Circuit, a district court "does not have jurisdiction at all" to act on a Rule 60(b) motion

21  once a notice of appeal has been filed. *Coastal Delivery*, 272 F.Supp.2d at 677.

22    Here, Debtor filed the Notice of Appeal regarding the Court's decision to grant the

23  Homestead Motion on July 21, 2022. Docket No. 143. She filed this Motion, however, five days

24  later. Docket No. 157. The Notice of Appeal divested this Court of jurisdiction over matters related

25  to the appeal, including this Motion.

26    **B.    Legal Standard for Motions for Reconsideration**

27    Rule 60(b) of the Federal Rules of Civil Procedure ("FRCP"), made applicable by Rule 9024

28  of the Federal Rules of Bankruptcy Procedure ("FRBP"), provides:

RESPONSE TO DEBTOR'S MOTION FOR RECONSIDERATION

4880-1284-8131,v.1

GROUNDS FOR RELIEF FROM A FINAL JUDGMENT, ORDER, OR PROCEEDING. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

> **(1)** mistake, inadvertence, surprise, or excusable neglect;

> **(2)** newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

> **(3)** fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

> **(4)** the judgment is void;

> **(5)** the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

> **(6)** any other reason that justifies relief.

Fed. R. Civ. P. 60(b). The burden of proof is on the party bringing the Rule 60(b) motion. *Bryant v. Thomas*, 2015 U.S.Dist.LEXIS 120079, at *6 (S.D. Cal. June 18, 2015).

A party may not seek relief from an order under Rule 60(b) to raise legal arguments or allege new facts that "could have been raised at the prior hearing or to rehash arguments already presented to the bankruptcy court." *Utzman v. Suntrust Mortg., Inc. (In re Utzman)*, 2016 Bankr.LEXIS 2927, at *13 (B.A.P. 9th Cir. Aug. 9, 2016); *see also Johnson v. Caliber Home Loans*, 2021 U.S.Dist.LEXIS 204465, at *8 (C.D. Cal. Feb. 3, 2021) (indicating that reconsideration motions "are not the proper vehicles for rehashing old arguments," "are not intended to given an unhappy litigant one additional chance to sway the judge," and are "improper vehicle[s] for bringing new claims not previously raised"). Further, a party's disagreement "is not a ground for vacating a final judgment." *Johnson*, 2021 U.S.Dist.LEXIS 204465, at *8.

The same standards apply to motions for a new trial under FRCP 59 (applicable under FRBP 9023) and LBR 9013-4. Specifically, LBR 9013-4(b)(3) requires exacting evidence regarding why such allegedly new evidence could not be produced prior to the original hearing.

RESPONSE TO DEBTOR'S MOTION FOR RECONSIDERATION

4880-1284-8131,v.1

1      As an initial note, Debtor's Motion, for the most part, reads as a regurgitation of her

2  Homestead Opposition, which the Court already found unavailing in ruling on the Homestead

3  Motion. Houser Bros. need not, and will not, address each of these arguments for a second time, and

4  simply incorporates by reference the arguments already presented in the Homestead Motion and

5  Houser Bros. Homestead Reply.

6      Although Debtor's Motion does not specify under which subsection Debtor seeks relief from

7  the Homestead Order (nor does it cite Rules 60(b) or 59 at all for that matter), it appears that she is

8  moving under Subsections (b)(2), based on newly discovered evidence, and (b)(3), based on alleged

9  fraud of FRCP 60(b). Motion at 8, 14. Neither subsection provides Debtor with a basis for relief.

## C.   Debtor has not met her burden of showing that relief is justified pursuant to Rule 60(b)(2) based on newly discovered evidence.

12  Relief from judgment based on newly discovered evidence is warranted if:

13    1)    The moving party can show the evidence relied on in fact constitutes newly

14          discovered evidence within the meaning of Rule 60(b);

15    2)    The moving party exercised due diligence to discover this evidence; and

16    3)    The newly discovered evidence must be of such magnitude that production of it

17          earlier would have been likely to change the disposition of the case.

18  *Trendsettah USA, Inc. v. Swisher Int'l, Inc.*, 31 F.4th 1124, 1136 (9th Cir. 2022). Evidence is not

19  "newly discovered" under the FRCP if it "could have been discovered with reasonable diligence."

20  *Nishimoto v. Cty. of San Diego*, 850 Fed.Appx. 493, 497 (9th Cir. 2021); *see also Sundby v.*

21  *Marquee Funding Grp., Inc.*, 2021 U.S.Dist.LEXIS 223123, at \*6 (S.D. Cal. Nov. 18, 2021)

22  (indicating that newly discovered evidence is that which "existed at the time of the judgment but was

23  not discoverable with reasonable diligence") (citing *Fantasyland Video, Inc. v. Cty. of San Diego*,

24  505 F.3d 996, 1005 (9th Cir. 2007)). The moving party must show that the discovery materials

25  constitute "newly discovered evidence" within the meaning of Rule 60(b)(2). *Nishimoto v. Cty. of*

26  *San Diego*, 850 Fed.Appx. 493, 497 (9th Cir. 2021); *see also* LBR 9013-4(b).

27      The main thrust of Debtor's Motion seems to be a request that the Court should reconsider its

28  ruling based on a letter dated July 21, 2022, that she purportedly received from the Orange County

1  Assessor providing: "The Homeowners' Exemption on the above property [*i.e.*, 16222 Monterey Ln,

2  Spc 376, Huntington Beach, CA 92649] has been active in Orange County as of **02-25-2021**"

3  ("Assessor Document"). Motion at 14, 35; *see also* Docket No. 139 (First NOL, attaching an

4  unexecuted copy of a letter dated July 21, 2022, from the Orange County Assessor, regarding the

5  homeowners' exemption); Docket No. 140 (Second NOL, same). The Second NOL further contains

6  (among several irrelevant documents) a "Notice of Sale or Transfer" and a "Claim for Homeowners'

7  Property Tax Exemption." Docket No. 140 at 7-8, 12. Debtor cannot meet her burden of showing

8  that any of the elements for Rule 60(b)(2) relief are met by this letter.

9           **i.        Debtor has not submitted newly discovered evidence within the**

10                      **meaning of Rule 60(b)(2).**

11          The unauthenticated Assessor Document, on its face, provides: "The Homeowners'

12  Exemption on the above property [*i.e.*, 16222 Monterey Ln, Unit 376, Huntington Beach] has been

13  active in Orange County as of **02-25-2021**." Motion at 35 (emphasis in original). The Motion

14  contains no facts or argument to show that the evidence of the homeowners' exemption was

15  undiscoverable before the Court ruled on the Homestead Motion. Debtor fails to present any

16  evidence why this letter could not have been presented in her original opposition which was filed 19

17  days after the objection (which date was 12 days after it was due). Moreover, Debtor neither sought

18  a continuance of the original hearing to provide additional time to obtain such allegedly crucial

19  evidence as permitted under LBR 9013-1(m) nor did she seek relief from the Court's order

20  continuing the hearing from June 2, 2022, to July 21, 2022, to present additional evidence or

21  argument.

22          Houser Bros. filed the Homestead Motion on May 12, 2022, and set it for hearing on June 2,

23  2022, at 10:30 a.m. Docket No. 95. The Homestead Motion clearly provided that California law

24  allocates the burden on a homestead based on the records of the county tax assessor, and it attached

25  as an exhibit a copy of the 2021-22 tax bill for the Property, which did not reflect a $7,000

26  homeowners' exemption. Homestead Motion at 14-15.

27          Debtor filed her Homestead Opposition on June 1, 2022, nearly two weeks late, and one day

28  before the scheduled June 2, 2022, hearing on the Homestead Motion. Docket No. 105. Despite

9

1   Debtor's claim now that she has a homeowners' exemption with the Orange County Assessor that

2   has been active in Orange County as of February 25, 2021, she did not mention this detail in her

3   Homestead Opposition. Following the very untimely filing of the Homestead Opposition, the Court

4   continued the hearing date to July 21, 2022, at 10:30 a.m. Docket No. 124 (June 23, 2022, Order).

5   The Court further gave Houser Bros. or the other joining parties until July 7, 2022, to file any

6   replies. Docket No. 124. Houser Bros. timely filed its reply brief on July 7, 2022. Docket No. 130.

7       On July 21, 2022, at 11:50 a.m.—after the hearing on the Homestead Motion had

8   commenced—Debtor filed the First NOL, which attached a screenshot of what appears to be an

9   unexecuted copy of a letter from the Orange County Assessor. Docket No. 139. And, attached to the

10  Motion is an executed copy of the Assessor Document, stamped "2022 JUL 21 PM 2:22." Motion at

11  35-36. In other words, Debtor appears to have obtained an executed copy of the Assessor Document

12  on the day of the hearing on July 21, 2022. But, she offers no explanation why she could not get the

13  letter earlier during the more than two-month period when the Homestead Motion was pending.

14  Thus, it is clear that Debtor chose to wait until the day of the continued hearing to obtain the

15  Assessor Document. Had she acted with reasonable diligence, she could have obtained the filing

16  before the date of the continued hearing (which was only continued based on another eleventh-hour

17  filing by Debtor). In other words, the Assessor Document is not "newly discovered" evidence. *See*

18  *Nishimoto v. Cty. of San Diego*, 850 Fed.Appx. 493, 497 (9th Cir. 2021) (explaining that evidence is

19  not "newly discovered" under the FRCP if it "could have been discovered with reasonable

20  diligence").

21      Debtor's Second NOL also contains a "Notice of Sale or Transfer" dated February 25, 2021,

22  which attaches an acknowledgment of Greg Busyman dated that same day. Docket No. 140 at 7-8.

23  Debtor does not seem to cite to this document in her Motion, nor does she explain why she could not

24  have submitted it with her Homestead Opposition filed on June 1, 2022, when the document is

25  purportedly dated February 25, 2021. (As discussed below, Houser Bros. disputes the February 25,

26  2021, date of this document as well.)

27      Finally, the Second NOL contains an undated "Claim for Homeowners' Property Tax

28  Exemption," with no evidence of the date of receipt by the Assessor (if there is such a date), or even

the date on which Debtor signed the document. Docket No. 140 at 12. Debtor does not even attempt

to articulate how this document constitutes newly discovered evidence, and given that Debtor claims

to have a homeowners' exemption on the Property with the Orange County Assessor, active as of

February 25, 2021, it seems almost certain that this document was in her possession—or at least

accessible—before she filed her Homestead Opposition on June 1, 2022, or at least before the July

21, 2022, hearing.

> **ii.** **There are no facts to suggest that Debtor exercised due diligence to discover the Assessor Document (or any other evidence).**

As noted above, Houser Bros. filed the Homestead Motion on May 12, 2022. Docket No. 95.

Although Debtor submitted her purported "newly discovered" evidence on July 21, 2022, she offers

no explanation of what steps she undertook to obtain this evidence before the July 21, 2022, hearing.

And, for the reasons stated above, Debtor cannot meet her burden of showing diligence because she

could have obtained all of these documents before the June 2, 2022, hearing, and certainly before the

continued July 21, 2022, hearing. *See* LBR 9013-4(b).

> **iii.** **Debtor's alleged newly submitted evidence would not have changed the result of the hearing on the Homestead Motion**

As set forth in the Homestead Motion, California law regulates the burden of proof regarding

its exemptions. *In re Tallerico*, 532 B.R. 774, 780 (Bankr. E.D. Cal. 2015). CCP § 704.780(a)(1)

provides:

> The burden of proof at the hearing is determined in the following manner: (1) If the records of the county tax assessor indicate that there is a current homeowner's exemption or disabled veteran's exemption for the dwelling claimed by the judgment debtor or the judgment debtor's spouse, the judgment creditor has the burden of proof that the dwelling is not a homestead. If the records of the county tax assessor indicate that there is not a current homeowner's exemption or disabled veteran's exemption for the dwelling claimed by the judgment debtor or the judgment debtor's spouse, the burden of proof that the dwelling is a homestead is on the person who claims that the dwelling is a homestead.

California law allocates the burden of proof on a homestead based on the records of the

county tax assessor. CCP § 704.780(a). *See also In re Tallerico*, 532 B.R. 774, 780 (Bankr. E.D. Cal.

2015); *Diaz v. Kosmala (In re Diaz)*, 547 B.R. 329, 336-37 (B.A.P. 9th Cir. 2016) (holding that

RESPONSE TO DEBTOR'S MOTION FOR RECONSIDERATION

4880-1284-8131,v.1

where a state law exemption statute specifically allocates the burden of proof to the debtor, Rule

4003(c) does not change that allocation) (citing *Raleigh v. Ill. Dep't of Revenue*, 530 U.S. 15

(2000)).

In the Homestead Motion, Houser Bros. submitted a copy of the 2021-22 tax bill for the

Property to show that Debtor bears the burden of proof in showing entitlement to the homestead

exemption because the Orange County Treasurer-Tax Collector records did not reflect a "current

homeowner's exemption or disabled veteran's exemption" for the Property. Homestead Motion at

15, 223. Debtor provided no contrary evidence to show that there was a current homeowner's

exemption, and the Court, in ruling on the Homestead Motion, properly put the burden of proof on

Debtor to show entitlement to a homestead exemption in bankruptcy.

Although Debtor has now submitted alleged evidence from the Orange County Assessor to

try to show that she has had an active homeowner's exemption since February 25, 2021, the update

must have been made after the Petition Date, such that it would not shift the burden. Pursuant to the

California Constitution, "$7,000 of the full value of a dwelling, as defined by the Legislature, when

occupied by *an owner* as his principal residence . . ." is exempt from property taxation. Cal. Const.

Art. XIII § 3(k) (emphasis added); *see also* Cal. Rev. & Tax Code § 218(a) ("Homeowners'

Exemption," providing that the homeowners' property tax exemption shall be in the amount of

$7,000 of the full value of the dwelling). Both parties' evidence shows that on the Petition Date, the

"Current Registered Owner" of the Property with the Orange County Treasurer-Tax Collector was J-

Sandcastle Co. LLC. Motion at 191 (Orange County Treasurer-Tax Collector "Tax Clearance

Certificate" executed on July 9, 2021); *see also* Docket No. 140 at 9 (Second NOL, same).

As such, Debtor was not eligible for a homeowners' exemption with the Orange County Tax

Collector on the Petition Date, which is the relevant date for determining her entitlement to a

homestead exemption under § 704.730(a) of the California Code of Civil Procedure ("CCP"). *See In

re Reade*, 2014 Bankr.LEXIS 1391, at *10 (Bankr. C.D. Cal. Mar. 28, 2014) (indicating that a

debtor's right to claim an exemption is determined as of the petition date); *see also Harrington v.

Ainsworth (In re Harrington)*, 2005 Bankr.LEXIS 3379, at *8 (B.A.P. 9th Cir. Aug. 22, 2005)

(noting that the homestead exemptions set forth in CCP § 704.730(a) depend on whether the debtor

RESPONSE TO DEBTOR'S MOTION FOR RECONSIDERATION

1   is eligible for an exemption as of the petition date). Therefore, to the extent that the Orange County

2   Assessor or Treasurer-Tax Collector records show that Debtor has a $7,000 homeowners' exemption

3   for the Property, the exemption must have been added after the Petition Date, with the retroactive

4   "effective" date of February 25, 2021. But, such a retroactive addition of the homeowners'

5   exemption cannot shift the burden for purposes of Debtor's homestead exemption in bankruptcy,

6   which is assessed as of the Petition Date. And, Debtor's $7,000 homeowners' exemption is

7   otherwise distinct from her claimed homestead exemption in bankruptcy.

8          The "Claim for Homeowners' Property Tax Exemption" likewise does not help Debtor shift

9   the burden, because the document is undated, and it does not even indicate if or when the Orange

10  County Assessor received it.

11          Even if Debtor's Assessor Document did show that Debtor had a homeowners' exemption on

12  the Property on the Petition Date, it would only shift the burden regarding her claimed homestead

13  exemption in bankruptcy, which Houser Bros. would have met. For the reasons set forth in the

14  Homestead Motion and Houser Bros. Homestead Reply, Houser Bros.'s evidence shows that J-

15  Sandcastle LLC owned the Property on the Petition Date. Debtor has *still* provided no admissible

16  evidence to show otherwise. Apparently, her "newly discovered" evidence now is a "Notice of Sale

17  or Transfer" regarding a February 25, 2021, transfer of the Property from J-Sandcastle LLC to

18  Debtor and J-Sandcastle LLC. Docket No. 140 at 7-8. But, Debtor's proof that this transfer occurred

19  is an acknowledgement by Greg Buysman, who previously represented under penalty of perjury that

20  on February 25, 2021, he only notarized two probate court documents for Debtor. *See* Docket No.

21  140 at 8 (purported "Acknowledgment" by Greg Buysman); *see also* Docket No. 132 (Buysman

22  Declaration, representing that on February 25, 2021, he notarized two probate court documents for

23  Debtor). The copy of Greg Buysman's notary book for February 25, 2021, does not show that he

24  notarized a "Notice of Sale or Transfer" document for Debtor. Buysman Decl. Ex. 1 at 3-4. And, the

25  acknowledgment page attached to the "Notice of Sale or Transfer" looks identical to the

26  acknowledgment page attached to the "Affidavit of Death" that Greg Buysman actually did notarize

27  on February 25, 2021. *Compare* Docket No. 132 at 6 (Exhibit 2 to the Buysman Declaration,

28  containing an acknowledgment for an "Affidavit of Death"); *with* Docket No. 140 at 8 (Debtor's

13

RESPONSE TO DEBTOR'S MOTION FOR RECONSIDERATION

1  purported acknowledgment page for the "Notice of Sale or Transfer"). In other words, Debtor has

2  doubled-down on her fraud on the Court after it did not work in her Homestead Opposition. Houser

3  Bros. requests that the Court not countenance such behavior and find that there is no evidence of a

4  February 25, 2021, transfer from Debtor to J-Sandcastle LLC.

5      **D.    Debtor has not met her high burden of showing, based on clear and**

6          **convincing evidence, that relief from judgment is appropriate based**

7          **on fraud, misrepresentation, or other misconduct.**

8          Rule 60(b)(3) permits a losing party to move for relief from judgment based on fraud,

9  misrepresentation, or other misconduct of an adverse party. *Trendsettah USA, Inc. v. Swisher Int'l,*

10  *Inc.*, 31 F.4th 1124, 1136 (9th Cir. 2022). To prevail, the moving party must prove by clear and

11  convincing evidence that the verdict was obtained through "fraud, misrepresentation, or other

12  misconduct and the conduct complained of prevented the losing party from fully and fairly

13  presenting the defense." *Id.* Rule 60(b)(3) is aimed at judgments which were "unfairly obtained, not

14  at those which are factually incorrect." *Id.*

15          Here, Debtor alleges: "**HOUSER BROS AND THEIR ATTORNEY CAME INTO THIS**

16  **COURT WITH UNCLEAN HANDS WITH A FALSE DOCUMENT FROM THE**

17  **INTERNET AND PASSED IT AS TRUTH. GALLIAN PROPERLY CLAIMED HER**

18  **HOMESTEAD EXEMPTION AND IS RECORDED AT THE CO OF ORANGE TAX**

19  **ASSESSOR.**" Motion at 8 (emphasis and capitalization in original). Far from showing fraud by

20  clear and convincing evidence, Debtor does not even specify which document is false. To the extent

21  she means the 2021-22 tax bill for the Property, attached as Exhibit 24 to the Homestead Motion, the

22  Declaration of D. Edward Hays in support of the Homestead Motion properly authenticated this

23  document, explained that it was available on the Orange County Treasurer-Tax Collector's website,

24  and even provided a link to access it. Homestead Motion at 23 (Declaration of D. Edward Hays,

25  ¶ 31).

26

27

28

1    Further, while Debtor accuses Houser Bros. of violating "CCP § 798.74" by refusing to enter

2   into a lease agreement with her for almost five years, no such section seems to exist it in the CCP,[4]

3   and besides, a party may not seek relief from an order under Rule 60(b) to raise legal arguments or

4   allege new facts that "could have been raised at the prior hearing or to rehash arguments already

5   presented to the bankruptcy court." *Utzman v. Suntrust Mortg., Inc. (In re Utzman)*, 2016

6   Bankr.LEXIS 2927, at *13 (B.A.P. 9th Cir. Aug. 9, 2016); *see also Johnson v. Caliber Home Loans*,

7   2021 U.S.Dist.LEXIS 204465, at *8 (C.D. Cal. Feb. 3, 2021) (indicating that reconsideration

8   motions "are not the proper vehicles for rehashing old arguments," "are not intended to given an

9   unhappy litigant one additional chance to sway the judge," and are "improper vehicle[s] for bringing

10  new claims not previously raised").

11    If there is any fraud, misrepresentation, or misconduct, it is Debtor's insistence that she got

12  the transfer documents notarized on February 25, 2021, when the Buysman Declaration proves

13  otherwise. *See* Motion at 5, 29 (arguing that ownership of the Property was released by J-Sandcastle

14  LLC, "signed and notarized by its Member Jamie Lynn Gallian on February 25, 2021"); *see also*

15  Docket No. 132 (Buysman Declaration). Debtor, in short, has not met her high burden of showing

16  that relief is warranted under Rule 60(b)(3), based on clear and convincing evidence of fraud.

17    **E.    Debtor's Motion does not address the argument that 11 U.S.C.**

18    **§ 522(p) imposes a $170,350 cap on any exemption.**

19    Title 11 U.S.C. § 522(p) imposes a monetary limit of $170,350 on the amount of a debtor's

20  interest in homestead property that may be exempted to the extent that there has been an acquisition

21  of a homestead interest within a period of 1,215 days before the commencement of the case. *See also*

22  4 Collier on Bankruptcy P 522.13[1] (2022) (same). Even assuming that the Court accepted

23  Debtor's claimed acquisition date of February 25, 2021 (notwithstanding the forged notarizations),

24  such date was only approximately five months prior to bankruptcy. As such, § 522(p) caps the

25  amount of any allowed exemption.

26  ─────────────────

27    [4] Section 798.74 of the California Civil Code governs "Management approval of purchaser;
    Notices and information." Debtor's or J-Sandcastle LLC's efforts to obtain a lease agreement with
28  Houser Bros. are not at issue before the Court in the context of the Homestead Motion.

1    The Court, in fact, recognized in its July 21 TR that "had Debtor provided sufficient evidence

2  of a transfer on February 25, 2021, the limitations of 522(p) would have applied." Hays Decl. Ex. 2

3  at 47. Debtor's Motion does not address the § 522(p) issue, and Houser Bros. requests that, in the

4  event the Court grants Debtor's Motion, it limit any homestead exemption to $170,350. As set forth

5  in the original objection to exemption, Debtor's interest in the Property at all times prior to

6  bankruptcy was that of a tenant of J-Sandcastle and it was J-Sandcastle that tendered all rent

7  payments to Houser Bros.

8  **4.    Conclusion**

9    Property of a bankruptcy estate and exemptions are determined as of the petition date. In this

10  case, as the Court already found in sustaining the objection to exemption, Debtor's interest in the

11  Property was that of a tenant of J-Sandcastle. As held by the Supreme Court, in order to exempt

12  property it must first be property of the estate. Because Debtor had no interest in the Property other

13  than that of a tenant (due to her fraud on creditors of placing title in the name of her J-Sandcastle

14  LLC and then recording liens against it in favor of her J-Pad LLC), she may not claim any

15  exemption in the Property itself.

16    Because Debtor has failed to meet her burden of proof justifying reconsideration under any

17  standard, Houser Bros. requests that the Court enter an order denying Debtor's Motion in its entirety.

18  Also, the Motion must be denied because the Court lacks jurisdiction due to Debtor's pending

19  appeal.

20

21  DATED: August 4, 2022                    MARSHACK HAYS LLP

22

23                                    */s/ D. Edward Hays*
                            By: _____
24                                D. EDWARD HAYS
                                  LAILA MASUD
25                                BRADFORD N. BARNHARDT
                                  Attorneys for Movant and Creditor,
26                                HOUSER BROS. CO. dba RANCHO DEL
                                  REY MOBILE HOME ESTATES
27

28

# Declaration of D. Edward Hays

I, D. EDWARD HAYS, say and declare as follows:

1.      I am an individual over 18 years of age and competent to make this Declaration.

2.      If called upon to do so, I could and would competently testify as to the facts set forth in this Declaration.

3.      The facts set forth below are true of my personal knowledge.

4.      I am an attorney at law duly admitted to practice before this Court and all courts of the State of California.

5.      I am a partner in the law firm of Marshack Hays LLP, attorneys of record for Houser Bros. Co., dba Rancho Del Rey Mobile Home Estates ("Houser Bros.").

6.      I make this Declaration in support of Houser Bros.'s Response to Debtor's Notice of and Motion for Reconsideration of 7.21.22 Order Sustaining Houser Bros.'s Objection to Debtor's Claimed Exemption ("Response"). All capitalized terms not otherwise defined in this Declaration shall have the meaning ascribed to them in the Response.

7.      A true and correct copy of the CM/ECF Docket in this case is attached as **Exhibit 1**.

8.      A true and correct copy of the July 21 TR is attached as **Exhibit 2**.

9.      On July 27, 2022, I e-mailed Debtor to inform her that the pending appeal deprives the Court of jurisdiction to decide her Motion. I offered to enter a stipulation for the appeal to be dismissed without prejudice and which specifically provided that Debtor's time to appeal the original order and any order on reconsideration would be 14 days from entry of the order on reconsideration pursuant to FRBP 8002(b). A true and correct copy of my July 27, 2022, e-mail to Debtor is attached as **Exhibit 3**.

10.      On July 28, 2022, I spoke with Debtor by phone about the proposed stipulation to dismiss the appeal so that the Court could decide the Motion on the merits.

11.      On July 31, 2022, I sent Debtor a text message asking her to advise if she will agree to dismiss the appeal without prejudice and reserving the right to re-file it if the Court does not reconsider its ruling. A true and correct copy of my July 31, 2022, text message to Debtor is attached as **Exhibit 4**.

12.    Debtor has refused to enter into the requested stipulation. Instead, on August 1, 2022, as Docket No. 167, she filed the Motion for Leave.

I declare under penalty of perjury that the foregoing is true and correct. Executed on August 4, 2022.

/s/ D. Edward Hays

_____

D. EDWARD HAYS

RESPONSE TO DEBTOR'S MOTION FOR RECONSIDERATION

4880-1284-8131,v.1

**EXHIBIT 1**

CM/ECF - U.S. Bankruptcy Court (NG 1.6.3 - LIVE)

**727OBJ, NODISCH, APLDIST, APPEAL**

# U.S. Bankruptcy Court
## Central District of California (Santa Ana)
## Bankruptcy Petition #: 8:21-bk-11710-ES

|  |  |
|---|---|
| *Date filed:* | 07/09/2021 |
| *341 meeting:* | 04/29/2022 |
| *Deadline for filing claims:* | 10/25/2022 |
| *Deadline for filing claims (govt.):* | 01/05/2022 |
| *Deadline for objecting to discharge:* | 10/18/2021 |
| *Deadline for financial mgmt. course:* | 10/18/2021 |

*Assigned to:* Erithe A. Smith
Chapter 7
Voluntary
Asset

*Debtor*                                              represented by **Jamie Lynn Gallian**
**Jamie Lynn Gallian**                                          PRO SE
16222 Monterey Ln Unit 376
Huntington Beach, CA 92649
ORANGE-CA
714-321-3449
SSN / ITIN: xxx-xx-3936
*aka* **Jamie L Gallian**
*dba* **J-Sandcastle Co, LLC**
*dba* **J-PAD, LLC**

*Trustee*                                             represented by **Aaron E DE Leest**
**Jeffrey I Golden (TR)**                                       Danning, Gill, Israel & Krasnoff,
Weiland Golden Goodrich LLP                                     LLP
P.O. Box 2470                                                  1901 Avenue of the Stars
Costa Mesa, CA 92628-2470                                      Suite 450
(714) 966-1000                                                Los Angeles, CA 90067-6006
                                                              310-277-0077
                                                              Fax : 310-277-5735
                                                              Email: adeleest@DanningGill.com

                                                              **Eric P Israel**
                                                              Danning Gill Israel & Krasnoff,
                                                              LLP
                                                              1901 Avenue of the Stars, Suite
                                                              450
                                                              Los Angeles, CA 90067-6006
                                                              310-277-0077
                                                              Fax : 310-277-5735
                                                              Email: eisrael@DanningGill.com

*U.S. Trustee*
**United States Trustee (SA)**
411 W Fourth St., Suite 7160
Santa Ana, CA 92701-4593
(714) 338-3400

| Filing Date | # | Docket Text |
|---|---|---|

EXHIBIT 1, PAGE 19

| | | |
|---|---|---|
| 07/09/2021 | 1<br>(60 pgs) | Chapter 7 Voluntary Petition for Individuals . Fee Amount $338 Filed by Jamie Lynn Gallian (Nguyen, Vi) (Entered: 07/09/2021) |
| 07/09/2021 | 2 | Statement About Your Social Security Number (Official Form 121) Filed by Debtor Jamie Lynn Gallian . (Nguyen, Vi) (Entered: 07/09/2021) |
| 07/09/2021 | 3<br>(1 pg) | Certificate of Credit Counseling Filed by Debtor Jamie Lynn Gallian . (Nguyen, Vi) (Entered: 07/09/2021) |
| 07/09/2021 | 4<br>(2 pgs) | Declaration by Debtor as to Whether Debtor(s) Received Income From an Employer Within 60 Days of Petition (LBR Form F1002-1) Filed by Debtor Jamie Lynn Gallian . (Nguyen, Vi) (Entered: 07/09/2021) |
| 07/09/2021 | 5<br>(3 pgs) | Meeting of Creditors with 341(a) meeting to be held on 8/18/2021 at 09:00 AM at TR 7, TELEPHONIC MEETING. FOR INSTRUCTIONS CONTACT THE TRUSTEE. for Debtor and Joint Debtor (if joint case) Cert. of Financial Management due by 10/18/2021. Last day to oppose discharge or dischargeability is 10/18/2021. (Scheduled Automatic Assignment, shared account) (Entered: 07/09/2021) |
| 07/09/2021 | 6 | Debtor's Request to Activate Electronic Noticing (DeBN) Filed by Debtor Jamie Lynn Gallian . (Nguyen, Vi) (Entered: 07/09/2021) |
| 07/09/2021 | | Receipt of Chapter 7 Filing Fee - $338.00 by 16. Receipt Number 80075587. (admin) (Entered: 07/09/2021) |
| 07/11/2021 | 7<br>(5 pgs) | BNC Certificate of Notice (RE: related document(s)5 Meeting (AutoAssign Chapter 7)) No. of Notices: 36. Notice Date 07/11/2021. (Admin.) (Entered: 07/11/2021) |
| 07/12/2021 | 8<br>(1 pg) | Request for courtesy Notice of Electronic Filing (NEF) Filed by Smith, Valerie. (Smith, Valerie) (Entered: 07/12/2021) |
| 07/13/2021 | 9<br>(1 pg) | Request for courtesy Notice of Electronic Filing (NEF) Filed by Mellor, Mark. (Mellor, Mark) (Entered: 07/13/2021) |
| 07/26/2021 | 10<br>(1 pg) | Personal Financial Management Course Certificate for Debtor 1 (Official Form 423) (Lazar, Orsolya) (Entered: 07/26/2021) |
| 08/18/2021 | 11 | Continuance of Meeting of Creditors (Rule 2003(e)) (Trustee's 341 Filings) 341(a) Meeting Continued to be held on 9/22/2021 at 01:30 PM at TR 7, TELEPHONIC MEETING. FOR INSTRUCTIONS CONTACT THE TRUSTEE. (Golden (TR), Jeffrey) (Entered: 08/18/2021) |
| 08/18/2021 | 12<br>(1 pg) | Notice of continued meeting of creditors and appearance of debtor (11 USC 341(a)) Filed by Trustee Jeffrey I Golden (TR). (Golden (TR), Jeffrey) (Entered: 08/18/2021) |
| 08/23/2021 | 13<br>(1 pg) | Request for courtesy Notice of Electronic Filing (NEF) Filed by Masud, Laila. (Masud, Laila) (Entered: 08/23/2021) |
| 08/23/2021 | 14<br>(1 pg) | Request for courtesy Notice of Electronic Filing (NEF) Filed by Hays, D. (Hays, D) (Entered: 08/23/2021) |

EXHIBIT 1, PAGE 20

| Date | Doc | Description |
|---|---|---|
| 09/07/2021 | **15**<br>(29 pgs) | Amended Schedule A/B Individual: Property (Official Form 106A/B or 206A/B) , Amended Schedule C: The Property You Claimed as Exempt (Official Form 106C) , Schedule G Individual: Executory Contracts and Unexpired Leases (Official Form 106G or 206G) , Schedule H Individual: Your Codebtors (Official Form 106H or 206H) , Amended Schedule I Individual: Your Income (Official Form 106I) , Statement of Financial Affairs for Individual Filing for Bankruptcy (Official Form 107 or 207) , Statement of Intention for Individuals Filing Under Chapter 7 (Official Form 108) , Chapter 7 Statement of Your Current Monthly Income (Official Form 122A-1) (BNC Option) Filed by Debtor Jamie Lynn Gallian. [EDB] (Law, Tamika) (Entered: 09/07/2021) |
| 09/22/2021 | **16**<br>(29 pgs) | Amended Schedule A/B Individual: Property (Official Form 106A/B or 206A/B) , FIRST AMENDMENT Amended Schedule C: The Property You Claimed as Exempt (Official Form 106C) , Amended Schedule I Individual: Your Income (Official Form 106I) , Amended Schedule G Individual: Executory Contracts and Unexpired Leases (Official Form 106G or 206G) , Amended Statement of Financial Affairs for Individual Filing for Bankruptcy (Official Form 107 or 207) ,Amended Statement of Intention for Individuals Filing Under Chapter 7 (Official Form 108) , Amended Statement of Related Cases (LBR Form 1015-2.1) , Amended Chapter 7 Statement of Your Current Monthly Income (Official Form 122A-1) (BNC Option) , Proof of service Filed by Debtor Jamie Lynn Gallian . (Nguyen, Vi) (Entered: 09/22/2021) |
| 09/22/2021 | **17**<br>(15 pgs) | Amending Schedules (D) and (E/F) ,Amended List of Creditors (Master Mailing List of Creditors) , Amended Verification of Master Mailing List of Creditors (LBR Form F1007-1), Proof of Service. Filed by Debtor Jamie Lynn Gallian . (Nguyen, Vi) (Entered: 09/22/2021) |
| 09/22/2021 | 18 | Continuance of Meeting of Creditors (Rule 2003(e)) (Trustee's 341 Filings) 341(a) Meeting Continued to be held on 10/6/2021 at 01:30 PM at TR 7, TELEPHONIC MEETING. FOR INSTRUCTIONS CONTACT THE TRUSTEE. (Golden (TR), Jeffrey) (Entered: 09/22/2021) |
| 09/22/2021 | **19**<br>(1 pg) | Notice of continued meeting of creditors and appearance of debtor (11 USC 341(a) Filed by Trustee Jeffrey I Golden (TR). (Golden (TR), Jeffrey) (Entered: 09/22/2021) |
| 09/22/2021 | | Receipt of Amendment Filing Fee - $32.00 by 16. Receipt Number 80075677. (admin) (Entered: 09/22/2021) |
| 10/07/2021 | 20 | Continuance of Meeting of Creditors (Rule 2003(e)) (Trustee's 341 Filings) 341(a) Meeting Continued to be held on 10/14/2021 at 03:00 PM at TR 7, TELEPHONIC MEETING. FOR INSTRUCTIONS CONTACT THE TRUSTEE. (Golden (TR), Jeffrey) (Entered: 10/07/2021) |
| 10/07/2021 | **21**<br>(1 pg) | Notice of continued meeting of creditors and appearance of debtor (11 USC 341(a) Filed by Trustee Jeffrey I Golden (TR). (Golden (TR), Jeffrey) (Entered: 10/07/2021) |
| 10/14/2021 | **22**<br>(31 pgs) | Amended Schedule A/B Individual: Property (Official Form 106A/B or 206A/B) , Amended Schedule C: The Property You Claimed as Exempt (Official Form 106C) , Amending Schedules (D) (E/F) , Schedule G Individual: Executory Contracts and Unexpired Leases (Official Form 106G or 206G) , Schedule H Individual: Your Codebtors (Official Form 106H or 206H) , Statement of Intention for Individuals Filing Under |

EXHIBIT 1, PAGE 21

|  |  |  |
|---|---|---|
|  |  | Chapter 7 (Official Form 108) [EDB] Filed by Debtor Jamie Lynn Gallian . (Law, Tamika) (Entered: 10/14/2021) |
| 10/14/2021 | [23](#)<br>(1 pg) | Notice of Deficiency of Filing Fees Required to Add Additional Creditors (BNC) (RE: related document(s)22 Schedule A/B: Property (Official Form 106A/B or 206A/B) filed by Debtor Jamie Lynn Gallian, Schedule C: The Property You Claimed as Exempt (Official Form 106C), Amending Schedules D and/or E/F (Official Form 106D, 106E/F, 206D, or 206E/F) (Fee), Schedule G: Executory Contracts and Unexpired Leases (Official Form 106G or 206G), Schedule H: Your Codebtors (Official Form 106H or 206H), Statement of Intention for Individuals Filing Under Chapter 7 (Official Form B8, or 108)) (Law, Tamika) (Entered: 10/14/2021) |
| 10/15/2021 | 24 | Continuance of Meeting of Creditors (Rule 2003(e)) (Trustee's 341 Filings) 341(a) Meeting Continued to be held on 11/10/2021 at 03:00 PM at TR 7, TELEPHONIC MEETING. FOR INSTRUCTIONS CONTACT THE TRUSTEE. (Golden (TR), Jeffrey) (Entered: 10/15/2021) |
| 10/15/2021 | [25](#)<br>(1 pg) | Notice of continued meeting of creditors and appearance of debtor (11 USC 341(a)) Filed by Trustee Jeffrey I Golden (TR). (Golden (TR), Jeffrey) (Entered: 10/15/2021) |
| 10/16/2021 | [26](#)<br>(3 pgs) | BNC Certificate of Notice (RE: related document(s)23 Notice of Deficiency of Filing Fees Required to Add Additional Creditors (BNC)) No. of Notices: 1. Notice Date 10/16/2021. (Admin.) (Entered: 10/16/2021) |
| 10/18/2021 | [27](#)<br>(74 pgs; 2 docs) | Adversary case 8:21-ap-01095. Complaint by The Huntington Beach Gables Homeowners Association against Jamie Lynn Gallian , Randall L Nickel . Fee Amount $350 (Attachments: # [1](#) Adv Cover Sheet) Nature of Suit: (41 (Objection / revocation of discharge - 727(c),(d),(e))) ,(21 (Validity, priority or extent of lien or other interest in property)) ,(62 (Dischargeability - 523(a)(2), false pretenses, false representation, actual fraud)) (Law, Tamika) (Entered: 10/18/2021) |
| 10/18/2021 | [28](#)<br>(93 pgs; 2 docs) | Adversary case 8:21-ap-01096. Complaint by Janine Jasso against Jamie Lynn Gallian . Fee Amount $350 (Attachments: # [1](#) Adv Cover Sheet) Nature of Suit: (41 (Objection / revocation of discharge - 727(c),(d),(e))) , (65 (Dischargeability - other)) ,(13 (Recovery of money/property - 548 fraudulent transfer)) ,(62 (Dischargeability - 523(a)(2), false pretenses, false representation, actual fraud)) - Original not signed - (Law, Tamika) (Entered: 10/18/2021) |
| 10/18/2021 | [29](#)<br>(3 pgs) | Stipulation By Jeffrey I Golden (TR) and *Stipulation to Extend Time to File a Complaint Objecting to Debtors Discharge Pursuant to 11 U.S.C. § 727 and Federal Rule of Bankruptcy Procedure 4004 (with Proof of Service)* Filed by Trustee Jeffrey I Golden (TR) (Golden (TR), Jeffrey) (Entered: 10/18/2021) |
| 10/18/2021 | [30](#)<br>(25 pgs; 2 docs) | Adversary case 8:21-ap-01097. Complaint by Houser Bros. Co., a California general partnership against Jamie Lynn Gallian. Fee Amount $350 *Complaint to (1) Determine Dischargeability of Debt Pursuant to 11 U.S.C. Sections 523 (a)(2)(A) and (a)(6); (2) Deny Discharge Pursuant to 11 U.S.C. Sections 727 (a)(2)(A), (a)(4), and (a)(5)* (Attachments: # [1](#) Adversary Proceeding Cover Sheet) Nature of Suit: (62 (Dischargeability - 523(a)(2), false pretenses, false representation, actual fraud)),(68 (Dischargeability - 523(a)(6), willful and malicious injury)),(65 (Dischargeability - other)) (Masud, Laila) (Entered: 10/18/2021) |

EXHIBIT 1, PAGE 22

| | | |
|---|---|---|
| 10/19/2021 | 31<br>(2 pgs) | Order Approving Stipulation to Extend Time to File a Complaint Objecting to Debtor's Discharge Pursuant to 11 U.S.C. Section 727 and Federal Rule of Bankruptcy Procedure 4004. The Deadline for the Trustee, or United States Trustee, to file a Complaint Objecting to the Debtor's Discharge under 11 U.S.C. Section 727 is Extended to and Including November 17, 2021 (BNC-PDF) (Related Doc # 29 ) Signed on 10/19/2021 (Duarte, Tina) (Entered: 10/19/2021) |
| 10/20/2021 | 32 | Debtor's Request to Activate Electronic Noticing (DeBN) Filed by Debtor Jamie Lynn Gallian [EDB] (Law, Tamika) (Entered: 10/20/2021) |
| 10/21/2021 | 33<br>(4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)31 Order on Motion to Extend Time (Generic) (BNC-PDF)) No. of Notices: 1. Notice Date 10/21/2021. (Admin.) (Entered: 10/21/2021) |
| 11/10/2021 | 34 | Continuance of Meeting of Creditors (Rule 2003(e)) (Trustee's 341 Filings) 341(a) Meeting Continued to be held on 12/1/2021 at 11:00 AM at TR 7, TELEPHONIC MEETING. FOR INSTRUCTIONS CONTACT THE TRUSTEE. (Golden (TR), Jeffrey) (Entered: 11/10/2021) |
| 11/10/2021 | 35<br>(1 pg) | Notice of continued meeting of creditors and appearance of debtor (11 USC 341(a)) Filed by Trustee Jeffrey I Golden (TR). (Golden (TR), Jeffrey) (Entered: 11/10/2021) |
| 11/16/2021 | 36<br>(2 pgs) | Declaration by Debtor as to Whether Debtor(s) Received Income From an Employer Within 60 Days of Petition (LBR Form F1002-1) [EDB] Filed by Debtor Jamie Lynn Gallian . (Law, Tamika) (Entered: 11/17/2021) |
| 11/16/2021 | 37<br>(26 pgs) | Amended Schedule A/B Individual: Property (Official Form 106A/B or 206A/B) , Amended Schedule C: The Property You Claimed as Exempt (Official Form 106C) , Schedule G Individual: Executory Contracts and Unexpired Leases (Official Form 106G or 206G) , Schedule H Individual: Your Codebtors (Official Form 106H or 206H) , Amended Schedule I Individual: Your Income (Official Form 106I) , Statement of Financial Affairs for Individual Filing for Bankruptcy (Official Form 107 or 207) , Statement of Intention for Individuals Filing Under Chapter 7 (Official Form 108) [EDB] Filed by Debtor Jamie Lynn Gallian . (Law, Tamika) (Entered: 11/17/2021) |
| 11/22/2021 | 38<br>(23 pgs) | Amended Schedule A/B Individual: Property (Official Form 106A/B or 206A/B) , Amended Schedule C: The Property You Claimed as Exempt (Official Form 106C) , Schedule G Individual: Executory Contracts and Unexpired Leases (Official Form 106G or 206G) , Statement of Financial Affairs for Individual Filing for Bankruptcy (Official Form 107 or 207) , Statement of Intention for Individuals Filing Under Chapter 7 (Official Form 108) [EDB] Filed by Debtor Jamie Lynn Gallian . (Law, Tamika) (Entered: 11/23/2021) |
| 11/23/2021 | 39<br>(26 pgs) | Amended Schedule A/B Individual: Property (Official Form 106A/B or 206A/B) , Amended Schedule C: The Property You Claimed as Exempt (Official Form 106C) , Schedule G Individual: Executory Contracts and Unexpired Leases (Official Form 106G or 206G) , Statement of Financial Affairs for Individual Filing for Bankruptcy (Official Form 107 or 207) , Statement of Intention for Individuals Filing Under Chapter 7 (Official Form 108) [EDB] Filed by Debtor Jamie Lynn Gallian . (Law, Tamika) (Entered: 11/23/2021) |

| | | |
|---|---|---|
| 12/01/2021 | 40 | Continuance of Meeting of Creditors (Rule 2003(e)) (Trustee's 341 Filings) 341(a) Meeting Continued to be held on 12/15/2021 at 10:00 AM at TR 7, TELEPHONIC MEETING. FOR INSTRUCTIONS CONTACT THE TRUSTEE. (Golden (TR), Jeffrey) (Entered: 12/01/2021) |
| 12/01/2021 | 41 (1 pg) | Notice of continued meeting of creditors and appearance of debtor (11 USC 341(a)) Filed by Trustee Jeffrey I Golden (TR). (Golden (TR), Jeffrey) (Entered: 12/01/2021) |
| 12/01/2021 | 42 (15 pgs) | Amending Schedules (D) (E/F) Filed by Debtor Jamie Lynn Gallian . (Law, Tamika) (Entered: 12/01/2021) |
| 12/01/2021 | | Receipt of Amendment Filing Fee - $32.00 by 08. Receipt Number 80075783. (admin) Paid in reference to dock #22 (Deficiency Ntc dock #23). Modified on 12/3/2021 (Law, Tamika). (Entered: 12/02/2021) |
| 12/01/2021 | | Receipt of Amendment Filing Fee - $32.00 by 08. Receipt Number 80075784. (admin) (Entered: 12/02/2021) |
| 12/15/2021 | 43 | Continuance of Meeting of Creditors (Rule 2003(e)) (Trustee's 341 Filings) 341(a) Meeting Continued to be held on 1/7/2022 at 03:00 PM at TR 7, TELEPHONIC MEETING. FOR INSTRUCTIONS CONTACT THE TRUSTEE. (Golden (TR), Jeffrey) (Entered: 12/15/2021) |
| 12/15/2021 | 44 (1 pg) | Notice of continued meeting of creditors and appearance of debtor (11 USC 341(a)) Filed by Trustee Jeffrey I Golden (TR). (Golden (TR), Jeffrey) (Entered: 12/15/2021) |
| 12/22/2021 | 45 (16 pgs) | Notice of motion and motion for relief from automatic stay with supporting declarations ACTION IN NON-BANKRUPTCY FORUM RE: Randall I. Nickel vs. The Huntington Beach Gables HOA et al., Superior Court of California, County of Orange, Central Justice Center Docket Number: 30-2020-01163055-CU-OR-CJC . Fee Amount $188, Filed by Creditor The Huntington Beach Gables Homeowners Association [NOTE: Attorney Michael Poole Notified via voice mail and e-mail to file supplemental notice of hearing to be held remotely using Zoomgov audio and video hearing] (Duarte, Tina) (Entered: 12/22/2021) |
| 12/22/2021 | 46 (112 pgs) | Memorandum of Points and Authorities in Support of Creditor The Huntington Beach Gables Homeowners Association's Motion for Relief from the Automatic Stay; Filed by Creditor The Huntington Beach Gables Homeowners Association. [NOTE: Attorney Michael Poole Notified via voice mail and e-mail to file supplemental notice of hearing to be held remotely using Zoomgov audio and video hearing] (Duarte, Tina) (Entered: 12/22/2021) |
| 12/22/2021 | | Receipt of Motion Filing Fee - $188.00 by 08. Receipt Number 80075831. (admin) (Entered: 12/22/2021) |
| 12/29/2021 | 47 (3 pgs) | Supplemental Notice of Hearing to Be Held Remotely Using Zoomgov Audio and Video, Filed by Creditor The Huntington Beach Gables Homeowners Association [Filed by FAX] (RE: related document(s)45 Notice of motion and motion for relief from automatic stay with supporting declarations ACTION IN NON-BANKRUPTCY FORUM RE: Randall I. Nickel vs. The Huntington Beach Gables HOA et al., Superior Court of California, County of Orange, Central Justice Center Docket Number: 30-2020-01163055-CU-OR-CJC . Fee Amount $188, Filed by |

| | | |
|---|---|---|
| | | Creditor The Huntington Beach Gables Homeowners Association [NOTE: Attorney Michael Poole Notified via voice mail and e-mail to file supplemental notice of hearing to be held remotely using Zoomgov audio and video hearing] filed by Creditor The Huntington Beach Gables Homeowners Association). The Hearing date is set for 1/20/2022 at 10:00 AM at Crtrm 5A, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Erithe A. Smith. NOTE: [NOTE: This document is to be docketed in the main bankruptcy case. Attorney Michael Poole Notified via voice mail and e-mail to file supplemental notice of hearing to be held remotely using Zoomgov audio and video hearing using the correct form for bankruptcy] (Duarte, Tina). (Entered: 12/29/2021) |
| 12/29/2021 | 48 | Hearing Set (RE: related document(s)45 Motion for Relief from Stay - ACTION IN NON-BANKRUPTCY FORUM filed by Creditor The Huntington Beach Gables Homeowners Association). The Hearing date is set for 1/20/2022 at 10:00 AM at Crtrm 5A, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Erithe A. Smith (Duarte, Tina) (Entered: 12/29/2021) |
| 01/04/2022 | 49 (3 pgs) | Supplemental Notice of Hearing to be Held Remotely Using Zoomgov Audio and Video; Filed by Creditor The Huntington Beach Gables Homeowners Association [By FAX] (RE: related document(s)45 Notice of motion and motion for relief from automatic stay with supporting declarations ACTION IN NON-BANKRUPTCY FORUM RE: Randall I. Nickel vs. The Huntington Beach Gables HOA et al., Superior Court of California, County of Orange, Central Justice Center Docket Number: 30-2020-01163055-CU-OR-CJC . Fee Amount $188, Filed by Creditor The Huntington Beach Gables Homeowners Association [NOTE: Attorney Michael Poole Notified via voice mail and e-mail to file supplemental notice of hearing to be held remotely using Zoomgov audio and video hearing]). The Hearing date is set for 1/20/2022 at 10:00 AM at Crtrm 5A, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Erithe A. Smith (Duarte, Tina) (Entered: 01/04/2022) |
| 01/07/2022 | 50 | Continuance of Meeting of Creditors (Rule 2003(e)) (Trustee's 341 Filings) 341(a) Meeting Continued to be held on 1/24/2022 at 03:00 PM at TR 7, TELEPHONIC MEETING. FOR INSTRUCTIONS CONTACT THE TRUSTEE. (Golden (TR), Jeffrey) (Entered: 01/07/2022) |
| 01/07/2022 | 51 (1 pg) | Notice of continued meeting of creditors and appearance of debtor (11 USC 341(a) Filed by Trustee Jeffrey I Golden (TR). (Golden (TR), Jeffrey) (Entered: 01/07/2022) |
| 01/14/2022 | 52 (3 pgs) | Notice of Continuance of Hearing of Creditor The Huntington Beach Gables Homeowners Association's Motion for Relief from the Automatic Stay; Filed by Creditor The Huntington Beach Gables Homeowners Association [By FAX] (RE: related document(s)45 Notice of motion and motion for relief from automatic stay with supporting declarations ACTION IN NON-BANKRUPTCY FORUM RE: Randall I. Nickel vs. The Huntington Beach Gables HOA et al., Superior Court of California, County of Orange, Central Justice Center Docket Number: 30-2020-01163055-CU-OR-CJC . Fee Amount $188, Filed by Creditor The Huntington Beach Gables Homeowners Association [NOTE: Attorney Michael Poole Notified via voice mail and e-mail to file supplemental notice of hearing to be held remotely using Zoomgov audio and video hearing]). The Hearing date is CONTINUED to 2/17/2022 at 10:30 AM at Crtrm 5A, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Erithe A. Smith (Duarte, Tina) (Entered: 01/14/2022) |

EXHIBIT 1, PAGE 25

CM/ECF - U.S. Bankruptcy Court (NG 1.6.3 - LIVE)

| | | |
|---|---|---|
| 01/14/2022 | [53](#) (3 pgs) | Supplemental Notice of Hearing to Be Held Remotely Using Zoomgov Audio and Video; Filed by Creditor The Huntington Beach Gables Homeowners Association [By FAX] (RE: related document(s)[45](#) Notice of motion and motion for relief from automatic stay with supporting declarations ACTION IN NON-BANKRUPTCY FORUM RE: Randall I. Nickel vs. The Huntington Beach Gables HOA et al., Superior Court of California, County of Orange, Central Justice Center Docket Number: 30-2020-01163055-CU-OR-CJC . Fee Amount $188, Filed by Creditor The Huntington Beach Gables Homeowners Association [NOTE: Attorney Michael Poole Notified via voice mail and e-mail to file supplemental notice of hearing to be held remotely using Zoomgov audio and video hearing]). The Hearing date is set for 2/17/2022 at 10:30 AM at Crtrm 5A, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Erithe A. Smith (Duarte, Tina) (Entered: 01/14/2022) |
| 01/20/2022 | 56 | Hearing Rescheduled/Continued (RE: related document(s)[45](#) Motion for Relief from Stay - ACTION IN NON-BANKRUPTCY FORUM filed by Creditor The Huntington Beach Gables Homeowners Association). The Hearing is CONTINUED TO 2/17/2022 at 10:30 AM at Crtrm 5A, 411 W Fourth St., Santa Ana, CA 92701, Per Hearing Held 1/13/2022. The case judge is Erithe A. Smith (Duarte, Tina) (Entered: 01/25/2022) |
| 01/24/2022 | 54 | Continuance of Meeting of Creditors (Rule 2003(e)) (Trustee's 341 Filings) 341(a) Meeting Continued to be held on 2/14/2022 at 09:00 AM at TR 7, TELEPHONIC MEETING. FOR INSTRUCTIONS CONTACT THE TRUSTEE. (Golden (TR), Jeffrey) (Entered: 01/24/2022) |
| 01/24/2022 | [55](#) (1 pg) | Notice of continued meeting of creditors and appearance of debtor (11 USC 341(a)) Filed by Trustee Jeffrey I Golden (TR). (Golden (TR), Jeffrey) (Entered: 01/24/2022) |
| 02/04/2022 | [57](#) (8 pgs) | Notice of Proposed Abandonment of Property of the Estate *Trustee's Notice of Intent to Abandon Estate's Interest in an Unscheduled Check, With Proof of Service* Filed by Trustee Jeffrey I Golden (TR). (DE Leest, Aaron) (Entered: 02/04/2022) |
| 02/04/2022 | [58](#) (1 pg) | Request for courtesy Notice of Electronic Filing (NEF) Filed by Israel, Eric. (Israel, Eric) (Entered: 02/04/2022) |
| 02/07/2022 | [59](#) (3 pgs) | Notice -*Notice of Withdrawal re: Trustee's Notice of Intent to Abandon Estate's Interest in an Unscheduled Check; proof of service* Filed by Trustee Jeffrey I Golden (TR) (RE: related document(s)[57](#) Notice of Proposed Abandonment of Property of the Estate *Trustee's Notice of Intent to Abandon Estate's Interest in an Unscheduled Check, With Proof of Service* Filed by Trustee Jeffrey I Golden (TR). (DE Leest, Aaron)). (DE Leest, Aaron) (Entered: 02/07/2022) |
| 02/11/2022 | [60](#) (8 pgs) | Notice of Proposed Abandonment of Property of the Estate -*Trustee's Notice of Intent to Abandon Estate's Interest in Debtor's Covid 19 Rent Relief Check; proof of service* Filed by Trustee Jeffrey I Golden (TR). (DE Leest, Aaron) (Entered: 02/11/2022) |
| 02/11/2022 | [61](#) (115 pgs) | Response to Motion Regarding the Automatic Stay and Declarations In Support; Memorandum of Points and Authorities in Opposition of Creditor The Huntington Beach Gables Homeowners Associations' Motion for Relief from the Automatic Stay 'EDB' (related document(s): [45](#) Notice of motion and motion for relief from automatic stay with supporting declarations ACTION IN NON-BANKRUPTCY FORUM RE: |

|  |  |  |
|---|---|---|
|  |  | Randall I. Nickel vs. The Huntington Beach Gables HOA et al., Superior Court of California, County of Orange, Central Justice Cen filed by Creditor The Huntington Beach Gables Homeowners Association) Filed by Debtor Jamie Lynn Gallian (Le, James) Warning: Item subsequently amended by docket entry no:62 Modified on 2/11/2022 (Le, James). (Entered: 02/11/2022) |
| 02/11/2022 | 62 (241 pgs) | Amended Response to Motion Regarding the Automatic Stay and Declarations In Support; Memorandum of Points and Authorities in Opposition of Creditor The Huntington Beach Gables Homeowners Associations' Motion for Relief from the Automatic Stay 'EDB'(related document(s): 45 Notice of motion and motion for relief from automatic stay with supporting declarations ACTION IN NON-BANKRUPTCY FORUM RE: Randall I. Nickel vs. The Huntington Beach Gables HOA et al., Superior Court of California, County of Orange, Central Justice Cen filed by Creditor The Huntington Beach Gables Homeowners Association) Filed by Debtor Jamie Lynn Gallian (Le, James) (Entered: 02/11/2022) |
| 02/15/2022 | 63 | Continuance of Meeting of Creditors (Rule 2003(e)) (Trustee's 341 Filings) 341(a) Meeting Continued to be held on 2/28/2022 at 03:00 PM at TR 7, TELEPHONIC MEETING. FOR INSTRUCTIONS CONTACT THE TRUSTEE. (Golden (TR), Jeffrey) (Entered: 02/15/2022) |
| 02/15/2022 | 64 (1 pg) | Notice of continued meeting of creditors and appearance of debtor (11 USC 341(a)) Filed by Trustee Jeffrey I Golden (TR). (Golden (TR), Jeffrey) (Entered: 02/15/2022) |
| 02/17/2022 | 65 | Hearing Held (RE: related document(s)45 Motion for Relief from Stay - ACTION IN NON-BANKRUPTCY FORUM filed by Creditor The Huntington Beach Gables Homeowners Association) - Deny motion without prejudice to re-filing the motion if the cause of action for voidable transfer is abandoned or deemed abandoned by the chapter 7 trustee pursuant to 11 U.S.C. 554. (Daniels, Sally) (Entered: 02/28/2022) |
| 02/28/2022 | 66 | Continuance of Meeting of Creditors (Rule 2003(e)) (Trustee's 341 Filings) 341(a) Meeting Continued to be held on 3/21/2022 at 03:00 PM at TR 7, TELEPHONIC MEETING. FOR INSTRUCTIONS CONTACT THE TRUSTEE. (Golden (TR), Jeffrey) (Entered: 02/28/2022) |
| 02/28/2022 | 67 (1 pg) | Notice of continued meeting of creditors and appearance of debtor (11 USC 341(a)) Filed by Trustee Jeffrey I Golden (TR). (Golden (TR), Jeffrey) (Entered: 02/28/2022) |
| 03/03/2022 | 68 (12 pgs) | Declaration That No Party Requested a Hearing on Motion (LBR 9013-1(o)(3)) 60; proof of service Filed by Trustee Jeffrey I Golden (TR). (DE Leest, Aaron) (Entered: 03/03/2022) |
| 03/03/2022 | 69 (6 pgs) | Notice of lodgment of Order in Bankruptcy Case; proof of service Filed by Trustee Jeffrey I Golden (TR) (RE: related document(s)60 Notice of Proposed Abandonment of Property of the Estate -Trustee's Notice of Intent to Abandon Estate's Interest in Debtor's Covid 19 Rent Relief Check; proof of service Filed by Trustee Jeffrey I Golden (TR). (DE Leest, Aaron). (DE Leest, Aaron) (Entered: 03/03/2022) |
| 03/04/2022 | 70 (2 pgs) | Order Authorizing Trustee's Abandonment of Estate's Interest in Debtor's Covid 19 Rent Relief Check (BNC-PDF) (Related Doc # 60 ) Signed on 3/4/2022 (Duarte, Tina) (Entered: 03/04/2022) |

| Date | Doc | Description |
|---|---|---|
| 03/06/2022 | 71 (4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)70 Order on Motion to Abandon (BNC-PDF)) No. of Notices: 0. Notice Date 03/06/2022. (Admin.) (Entered: 03/06/2022) |
| 03/11/2022 | 72 (64 pgs) | Addendum to voluntary petition , Statement of Related Cases (LBR Form 1015-2.1) , Amended Schedule A/B Individual: Property (Official Form 106A/B or 206A/B) , Amended Schedule C: The Property You Claimed as Exempt (Official Form 106C) , Schedule G Individual: Executory Contracts and Unexpired Leases (Official Form 106G or 206G) , Schedule H Individual: Your Codebtors (Official Form 106H or 206H) , Amended Schedule I Individual: Your Income (Official Form 106I) , Declaration About an Individual Debtor's Schedules (Official Form 106Dec) , Statement of Financial Affairs for Individual Filing for Bankruptcy (Official Form 107 or 207) , Statement of Intention for Individuals Filing Under Chapter 7 (Official Form 108) , Chapter 7 Statement of Your Current Monthly Income (Official Form 122A-1) (BNC Option) , Verification of Master Mailing List of Creditors (LBR Form F1007-1), Proof of service. Verification of Declaration of Homestead filed with Orange County Clerk Recorder. Filed by Debtor Jamie Lynn Gallian . (Nguyen, Vi) (Entered: 03/14/2022) |
| 03/11/2022 | 73 (11 pgs) | Addendum to voluntary petition to amend Debtor's DBA, Item #11 pg 3, Item #16b pg6. Filed by Debtor Jamie Lynn Gallian . (Nguyen, Vi) (Entered: 03/14/2022) |
| 03/11/2022 | 74 (4 pgs) | Document re Verification of Declaration of Homestead. Filed by Debtor Jamie Lynn Gallian (RE: related document(s)72 Addendum to Vol Pet filed by Debtor Jamie Lynn Gallian, Statement of Related Cases (LBR Form 1015-2.1), Schedule A/B: Property (Official Form 106A/B or 206A/B), Schedule C: The Property You Claimed as Exempt (Official Form 106C), Schedule G: Executory Contracts and Unexpired Leases (Official Form 106G or 206G), Schedule H: Your Codebtors (Official Form 106H or 206H), Schedule I: Your Income (Official Form 106I), Declaration About an Individual Debtor's Schedules (Official Form 106Dec), Statement of Financial Affairs (Official Form 107 or 207) (Official Form 107 or 207), Statement of Intention for Individuals Filing Under Chapter 7 (Official Form B8, or 108), Chapter 7 Statement of Your Current Monthly Income (Official Form 122A-1) (BNC Option), Verification of Master Mailing List of Creditors (LBR F1007-1)) (Nguyen, Vi) (Entered: 03/14/2022) |
| 03/15/2022 | 75 (22 pgs) | Amending Schedules (D) and (E/F) Filed by Debtor Jamie Lynn Gallian . (Nguyen, Vi) (Entered: 03/15/2022) |
| 03/15/2022 | | Receipt of Amendment Filing Fee - $32.00 by 16. Receipt Number 80075964. (admin) (Entered: 03/15/2022) |
| 03/16/2022 | 76 (105 pgs) | Proof of service of Amended Schedules Filed by Debtor Jamie Lynn Gallian . [EDB] (Law, Tamika) (Entered: 03/16/2022) |
| 03/16/2022 | 77 (8 pgs) | Statement of Corporate Ownership -none listed Filed by Debtor Jamie Lynn Gallian . [EDB] (Law, Tamika) (Entered: 03/17/2022) |
| 03/21/2022 | 78 | Continuance of Meeting of Creditors (Rule 2003(e)) (Trustee's 341 Filings) 341(a) Meeting Continued to be held on 4/4/2022 at 03:00 PM at TR 7, TELEPHONIC MEETING. FOR INSTRUCTIONS CONTACT THE TRUSTEE. (Golden (TR), Jeffrey) (Entered: 03/21/2022) |

EXHIBIT 1, PAGE 28

CM/ECF - U.S. Bankruptcy Court (NG 1.6.3 - LIVE)

| 03/21/2022 | 79 (1 pg) | Notice of continued meeting of creditors and appearance of debtor (11 USC 341(a) Filed by Trustee Jeffrey I Golden (TR). (Golden (TR), Jeffrey) (Entered: 03/21/2022) |
|---|---|---|
| 03/22/2022 | 80 (6 pgs) | Chapter 7 Statement of Your Current Monthly Income (Official Form 122A-1) (BNC Option) Filed by Debtor Jamie Lynn Gallian . [EDB] (Law, Tamika) (Entered: 03/23/2022) |
| 04/04/2022 | 81 | Continuance of Meeting of Creditors (Rule 2003(e)) (Trustee's 341 Filings) 341(a) Meeting Continued to be held on 4/11/2022 at 03:00 PM at TR 7, TELEPHONIC MEETING. FOR INSTRUCTIONS CONTACT THE TRUSTEE. (Golden (TR), Jeffrey) (Entered: 04/04/2022) |
| 04/04/2022 | 82 (1 pg) | Notice of continued meeting of creditors and appearance of debtor (11 USC 341(a)) Filed by Trustee Jeffrey I Golden (TR). (Golden (TR), Jeffrey) (Entered: 04/04/2022) |
| 04/11/2022 | 83 | Continuance of Meeting of Creditors (Rule 2003(e)) (Trustee's 341 Filings) 341(a) Meeting Continued to be held on 4/22/2022 at 03:00 PM at TR 7, TELEPHONIC MEETING. FOR INSTRUCTIONS CONTACT THE TRUSTEE. (Golden (TR), Jeffrey) (Entered: 04/11/2022) |
| 04/11/2022 | 84 (1 pg) | Notice of continued meeting of creditors and appearance of debtor (11 USC 341(a)) Filed by Trustee Jeffrey I Golden (TR). (Golden (TR), Jeffrey) (Entered: 04/11/2022) |
| 04/26/2022 | 85 | Continuance of Meeting of Creditors (Rule 2003(e)) (Trustee's 341 Filings) 341(a) Meeting Continued to be held on 4/29/2022 at 01:30 PM at TR 7, TELEPHONIC MEETING. FOR INSTRUCTIONS CONTACT THE TRUSTEE. (Golden (TR), Jeffrey) (Entered: 04/26/2022) |
| 04/26/2022 | 86 (1 pg) | Notice of continued meeting of creditors and appearance of debtor (11 USC 341(a)) Filed by Trustee Jeffrey I Golden (TR). (Golden (TR), Jeffrey) (Entered: 04/26/2022) |
| 05/02/2022 | 87 (1 pg) | Request for courtesy Notice of Electronic Filing (NEF) Filed by Iskander, Brandon. (Iskander, Brandon) (Entered: 05/02/2022) |
| 05/02/2022 | 88 (1 pg) | Request for courtesy Notice of Electronic Filing (NEF) Filed by Goe, Robert. (Goe, Robert) (Entered: 05/02/2022) |
| 05/02/2022 | 89 (6 pgs) | Notice *Trustees Notice Of Intent To Abandon Estates Interest In Probate Claims (with Proof of Service)* Filed by Trustee Jeffrey I Golden (TR). (Golden (TR), Jeffrey) (Entered: 05/02/2022) |
| 05/03/2022 | 90 (2 pgs) | Notice of Assets (no bar date for claims is required) *with proof of service* Filed by Trustee Jeffrey I Golden (TR). (Golden (TR), Jeffrey) (Entered: 05/03/2022) |
| 05/03/2022 | 91 | Meeting of Creditors Held and Concluded (Chapter 7 Asset) Filed by Trustee Jeffrey I Golden (TR) (RE: related document(s) 83 Continuance of Meeting of Creditors (Rule 2003(e)) (Trustee's 341 Filings) 341(a) Meeting Continued to be held on 4/22/2022 at 03:00 PM at TR 7, TELEPHONIC MEETING. FOR INSTRUCTIONS CONTACT THE TRUSTEE. (Golden (TR), Jeffrey)). (Golden (TR), Jeffrey) (Entered: 05/03/2022) |

EXHIBIT 1, PAGE 29

| | | |
|---|---|---|
| 05/11/2022 | 92<br>(38 pgs) | Application to Employ Danning, Gill, Israel & Krasnoff, LLP as General Bankruptcy Counsel *Chapter 7 Trustees Notice Of Application And Application To Employ Danning, Gill, Israel & Krasnoff, LLP As General Bankruptcy Counsel Effective As Of January 27, 2022; Declaration Of Eric P. Israel; And Statement Of Disinterestedness, with Proof of Service* Filed by Trustee Jeffrey I Golden (TR) (Israel, Eric) (Entered: 05/11/2022) |
| 05/11/2022 | 93<br>(2 pgs) | Notification of Discrepancy of Conclusion of Whether or Not No Asset Case (Claims Bar Dar Date Should Be Required); Filed by Debtor Jamie Lynn Gallian (EDB) (RE: related document(s)90 Notice of Assets (no bar date for claims is required) filed by Trustee Jeffrey I Golden (TR)) (TD8) (Entered: 05/11/2022) |
| 05/12/2022 | 94<br>(10 pgs) | Amended Schedule I Individual: Your Income (Official Form 106I) , Amended Schedule J: Your Expenses (Official Form 106J) , Chapter 7 Statement of Your Current Monthly Income (Official Form 122A-1) (BNC Option) , Declaration About an Individual Debtor's Schedules (Official Form 106Dec) Filed by Debtor Jamie Lynn Gallian . [EDB] (TL) (Entered: 05/12/2022) |
| 05/12/2022 | 95<br>(259 pgs) | Objection to Homestead Exemption *Notice of Motion and Motion Objecting to Debtor's Claimed Homestead Exemption; Memorandum of Points and Authorities; Declaration of D. Edward Hays in Support; with Proof of Service [Hrg. 6/2/22 at 10:30 a.m.]* Filed by Creditor Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates. (Hays, D) (Entered: 05/12/2022) |
| 05/12/2022 | 96<br>(4 pgs) | Notice *Supplemental Notice of Hearing to be Held Remotely Using Zoomgov Audio and Video; with Proof of Service* Filed by Creditor Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates (RE: related document(s)95 Objection to Homestead Exemption *Notice of Motion and Motion Objecting to Debtor's Claimed Homestead Exemption; Memorandum of Points and Authorities; Declaration of D. Edward Hays in Support; with Proof of Service [Hrg. 6/2/22 at 10:30 a.m.]* Filed by Creditor Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates.). (Hays, D) (Entered: 05/12/2022) |
| 05/12/2022 | 97<br>(31 pgs) | Declaration of Debtor RE Postpetition Income and Expenses as of the Following Date 05/11/2022 Filed by Debtor Jamie Lynn Gallian . [EDB] (TL) . (Entered: 05/13/2022) |
| 05/12/2022 | 99 | Hearing Set (related document # 95 Motion Objecting to Debtor's Claimed Homestead Exemption filed by Creditor Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates). The Hearing date is set for 6/2/2022 at 10:30 AM at Crtrm 5A, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Erithe A. Smith (TD8) (Entered: 05/13/2022) |
| 05/13/2022 | 98<br>(3 pgs) | Statement *The Huntington Beach Gables Homeowners Associations Joinder To Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates Motion Objecting To Debtors Claimed Homestead Exemption with proof of service* Filed by Creditor The Huntington Beach Gables Homeowners Association. (Goe, Robert) (Entered: 05/13/2022) |
| 05/16/2022 | 100<br>(2 pgs) | Janine Jasso's Joinder to Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates' Motion Objecting to Debtor's Claimed Homestead Exemption Filed by Creditor Janine Jasso 'EDB' (RE: related |

EXHIBIT 1, PAGE 30

| | | |
|---|---|---|
| | | document(s)95 Objection to Homestead Exemption filed by Creditor Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates) (JL) (Entered: 05/16/2022) |
| 05/26/2022 | | Receipt of Motion Filing Fee - $188.00 by 16. Receipt Number 80076089. (admin) (Entered: 05/26/2022) |
| 05/26/2022 | 101 (317 pgs; 4 docs) | Motion Confirming That No Stay is in effect for Criminal Restitution Case, or, If an Automatic Stay Exists, then for Relief from Stay . Fee Amount $188, Filed by Creditor Janine Jasso (Attachments: # 1 2 of 4 Motion # 2 3 of 4 Motion # 3 4 of 4 Motion) (AM) (Entered: 05/27/2022) |
| 05/26/2022 | 103 (2 pgs) | Notice of motion/application Filed by Creditor Janine Jasso (RE: related document(s)101 Motion Confirming That No Stay is in effect for Criminal Restitution Case, or, If an Automatic Stay Exists, then for Relief from Stay . Fee Amount $188, Filed by Creditor Janine Jasso (Attachments: # 1 2 of 4 Motion # 2 3 of 4 Motion # 3 4 of 4 Motion) (AM)). (AM) (Entered: 05/27/2022) |
| 05/27/2022 | 102 | Hearing Set (RE: related document(s)101 Motion for Relief - Order Confirming Termination of Stay or That no Stay is in Effect filed by Creditor Janine Jasso) The Hearing date is set for 6/16/2022 at 10:00 AM at Crtrm 5A, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Erithe A. Smith (AM) (Entered: 05/27/2022) |
| 05/27/2022 | 104 (3 pgs) | Supplemental Notice of Hearing To Be Held Remotely Using Zoomgov Audio and Video Filed by Creditor Janine Jasso (RE: related document(s)101 Motion Confirming That No Stay is in effect for Criminal Restitution Case, or, If an Automatic Stay Exists, then for Relief from Stay . Fee Amount $188, Filed by Creditor Janine Jasso (Attachments: # 1 2 of 4 Motion # 2 3 of 4 Motion # 3 4 of 4 Motion) (AM)). The Hearing date is set for 6/16/2022 at 10:00 AM at Crtrm 5A, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Erithe A. Smith [EDB] (AM) (Entered: 05/27/2022) |
| 06/01/2022 | 105 (361 pgs; 2 docs) | Debtors Reply Opposition, Memorandum of Points and Authorities to Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates' Motion Objecting to Debtor's Claimed Homestead Exemption and Joinder Parties Huntington Beach Gables HOA; Janine Jasso (related document(s): 95 Objection to Homestead Exemption filed by Creditor Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates), Filed by Debtor Jamie Lynn Gallian [EDB] (TD8) Additional attachment(s) added on 6/1/2022 (TD8). (Entered: 06/01/2022) |
| 06/01/2022 | 106 (43 pgs) | Declaration That No Party Requested a Hearing on Motion (LBR 9013-1(o)(3)) *with Proof of Service* Filed by Trustee Jeffrey I Golden (TR) (RE: related document(s)92 Application to Employ Danning, Gill, Israel & Krasnoff, LLP as General Bankruptcy Counsel *Chapter 7 Trustees Notice Of Application And Application To Employ Danning, Gill, Israel & Krasnoff, LLP As General Bankruptcy Counsel Effective As Of January 2). (Israel, Eric) (Entered: 06/01/2022)* |
| 06/01/2022 | 107 (10 pgs) | Declaration That No Party Requested a Hearing on Motion (LBR 9013-1(o)(3)) *Declaration that No Party Requested a Hearing on Trustees Notice Of Intent To Abandon Estates Interest In Probate Claims (with Proof of Service)* Filed by Trustee Jeffrey I Golden (TR). (Golden (TR), Jeffrey) (Entered: 06/01/2022) |

EXHIBIT 1, PAGE 31

| 06/01/2022 | 108<br>(2 pgs) | Order Granting Chapter 7 Trustee's Application to Employ Danning, Gill, Israel & Krasnoff, LLP as his General Bankruptcy Counsel [Doc. No. 92] (BNC-PDF) (Related Doc # 92) Signed on 6/1/2022. (TD8) (Entered: 06/01/2022) |
|---|---|---|
| 06/01/2022 | 109<br>(2 pgs) | Order Authorizing Trustee's Abandonment of Estate's Interest in Probate Claims (BNC-PDF) (Related Doc # 89 ) Signed on 6/1/2022 (TD8) (Entered: 06/01/2022) |
| 06/01/2022 | 111<br>(29 pgs) | Opposition to Chapter 7 Trustee's (related document(s): 92 Application to Employ Danning, Gill, Israel & Krasnoff, LLP as General Bankruptcy Counsel *Chapter 7 Trustees Notice Of Application And Application To Employ Danning, Gill, Israel & Krasnoff, LLP As General Bankruptcy Counsel Effective As Of January 2 filed by Trustee Jeffrey I Golden (TR); Filed by Debtor Jamie Lynn Gallian [Request for Hearing] [EDB] (Filed at 9:33 pm)* (TD8). (Entered: 06/02/2022) |
| 06/02/2022 | 110<br>(8 pgs) | Opposition to (related document(s): 101 Notice of Motion and Motion in Individual Case for Order Confirming Termination of Stay under 11 U.S.C. 362(j) or That No Stay is in Effect under 11 U.S.C. 362(c)(4)(A)(ii). Fee Amount $188, filed by Creditor Janine Jasso) -*Trustee's Notice of Opposition and Opposition to Motion Confirming that No Stay is in Effect for Criminal Restitution Case, or, if an Automatic Stay Exists, then for Relief from Stay filed by Creditor Janine Jasso; Memorandum of Points and Authorities in Support Thereof; proof of service* Filed by Trustee Jeffrey I Golden (TR) (DE Leest, Aaron) (Entered: 06/02/2022) |
| 06/02/2022 | 112<br>(39 pgs) | Debtor's Notice of Opposition and Opposition to Motion Confirming that No Stay is in Effect for Criminal Restitution Case, or, if an Automatic Stay Exists, Then for Relief from Stay filed by Interested Party Janine Jasso (related document(s): 101 Notice of Motion and Motion in Individual Case for Order Confirming Termination of Stay under 11 U.S.C. 362(j) or That No Stay is in Effect under 11 U.S.C. 362(c)(4)(A)(ii). Fee Amount $188, filed by Creditor Janine Jasso) Filed by Debtor Jamie Lynn Gallian 'EDB' (JL) (Entered: 06/03/2022) |
| 06/02/2022 | 113 | Hearing Rescheduled/Continued (related document # 95 Creditor Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates Motion Objecting to Debtor's Claimed Homestead Exemption). The Hearing is CONTINUED TO 7/21/2022 at 10:30 AM at Crtrm 5A, 411 W Fourth St., Santa Ana, CA 92701 to allow Movant/Joining Parties to file a reply to Debtor's late opposition filed on June 1, 2022, which reply(ies) must be filed by July 7, 2022. No other pleadings may be filed. The case judge is Erithe A. Smith (TD8) (Entered: 06/03/2022) |
| 06/03/2022 | 114<br>(4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)108 Order on Application to Employ (BNC-PDF)) No. of Notices: 0. Notice Date 06/03/2022. (Admin.) (Entered: 06/03/2022) |
| 06/03/2022 | 116<br>(322 pgs) | Amended Motion Confirming That No Stay is in effect for Criminal Restitution Case, or, If an Automatic Stay Exists, then for Relief from Stay (Updated Proof of Service) 'EDB' (related document(s): 101 Notice of Motion and Motion in Individual Case for Order Confirming Termination of Stay under 11 U.S.C. 362(j) or That No Stay is in Effect under 11 U.S.C. 362(c)(4)(A)(ii). Fee Amount $188, filed by Creditor Janine Jasso) Filed by Creditor Janine Jasso (JL) (Entered: 06/06/2022) |
| 06/03/2022 | 117 | Amended Supplemental Notice of Hearing To Be Held Remotely Using |

| | | |
|---|---|---|
| | (8 pgs) | Zoomgov Audio and Video Filed by Creditor Janine Jasso (Updated Proof of Service) 'EDB' (RE: related document(s)104) (Filed by Creditor Janine Jasso . (JL) (Entered: 06/06/2022) |
| 06/04/2022 | 115 (4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)109 Order on Motion to Abandon (BNC-PDF)) No. of Notices: 0. Notice Date 06/04/2022. (Admin.) (Entered: 06/04/2022) |
| 06/09/2022 | 118 (23 pgs) | Reply to Trustee's and Debtor's Opposition to Motion Confirming that No Stay is in Effect for Criminal Restitution Case, or, if an Automatic Stay Exists, Then for Relief From Stay (related document(s): 110 Opposition filed by Trustee Jeffrey I Golden (TR), 112 Opposition filed by Debtor Jamie Lynn Gallian) Filed by Creditor Janine Jasso 'EDB' (JL) NOTE: Filed with incorrect caption and lists adversary number; this document belongs in the main bankruptcy case 8:21-bk-11710-ES. Modified on 6/10/2022 (TD8). (Entered: 06/09/2022) |
| 06/09/2022 | 119 (9 pgs) | Notice of lodgment Filed by Creditor Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates (RE: related document(s)95 Objection to Homestead Exemption *Notice of Motion and Motion Objecting to Debtor's Claimed Homestead Exemption; Memorandum of Points and Authorities; Declaration of D. Edward Hays in Support; with Proof of Service [Hrg. 6/2/22 at 10:30 a.m.]* Filed by Creditor Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates.). (Hays, D) (Entered: 06/09/2022) |
| 06/10/2022 | 120 (8 pgs) | Amended Notice of lodgment, Filed by Debtor Jamie Lynn Gallian [EDB] (RE: related document(s)95 Objection to Homestead Exemption). (TD8) (Entered: 06/10/2022) |
| 06/10/2022 | 121 (8 pgs) | Notice of Lodgment Filed by Debtor Jamie Lynn Gallian 'EDB' (RE: related document(s)95 Objection to Homestead Exemption). (JL) (Entered: 06/13/2022) |
| 06/16/2022 | 123 | Hearing Held (RE: related document(s)101 Motion for Relief - Order Confirming Termination of Stay or That no Stay is in Effect filed by Creditor Janine Jasso) Motion Denied Without Prejudice. (JL) (Entered: 06/22/2022) |
| 06/17/2022 | 122 (8 pgs) | Notice of lodgment, Filed by Creditor Janine Jasso [EDB] (RE: related document(s)101 Notice of Motion and Motion in Individual Case for Order Confirming Termination of Stay under 11 U.S.C. 362(j) or That No Stay is in Effect under 11 U.S.C. 362(c)(4)(A)(ii). Fee Amount $188,). (TD8). (Entered: 06/21/2022) |
| 06/23/2022 | 124 (5 pgs) | Order Continuing Hearing on Motion Objecting to Debtor's Claimed Homestead Exemption. IT IS ORDERED that: The Hearing on the Motion is CONTINUED TO July 21, 2022, at 10:30 a.m. to Allow Houser Bros and/or the Joining Parties to File a Reply/Replies to Debtor's Late Opposition filed on June 1, 2022 (See Order for Further Ruling) (BNC-PDF) (Related Doc # 95 ) Signed on 6/23/2022 (TD8) (Entered: 06/23/2022) |
| 06/25/2022 | 125 (7 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)124 Order on Generic Motion (BNC-PDF)) No. of Notices: 0. Notice Date 06/25/2022. (Admin.) (Entered: 06/25/2022) |

| | | |
|---|---|---|
| 06/27/2022 | [126](#)<br>(2 pgs) | Order Denying Motion for Relief from the Automatic Stay Under 11 U.S.C. Section 362 (BNC-PDF) Signed on 6/27/2022 (RE: related document(s)[101](#) Motion for Relief - Order Confirming Termination of Stay or That no Stay is in Effect filed by Creditor Janine Jasso). (TD8) (Entered: 06/27/2022) |
| 06/29/2022 | [127](#)<br>(4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)[126](#) Order (Generic) (BNC-PDF)) No. of Notices: 0. Notice Date 06/29/2022. (Admin.) (Entered: 06/29/2022) |
| 06/30/2022 | [128](#)<br>(4 pgs) | Statement -*Trustee's Joinder in Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates' Motion Objecting to Debtor's Claimed Homestead Exemption; proof of service* [95](#) Filed by Trustee Jeffrey I Golden (TR). (DE Leest, Aaron) (Entered: 06/30/2022) |
| 07/07/2022 | [129](#)<br>(5 pgs) | Reply to (related document(s): [105](#) Reply filed by Debtor Jamie Lynn Gallian) *The Huntington Beach Gables Homeowners Association's Reply to Debtor's Opposition to Motion Objecting to Debtor's Claimed Homestead Exemption with Proof of Service* Filed by Creditor The Huntington Beach Gables Homeowners Association (Goe, Robert) (Entered: 07/07/2022) |
| 07/07/2022 | [130](#)<br>(96 pgs) | Reply to (related document(s): [105](#) Reply filed by Debtor Jamie Lynn Gallian) *Reply to Debtor's Opposition to Motion Objecting to Claimed Homestead Exemption; Declaration of D. Edward Hays in Support; with Proof of Service* Filed by Creditor Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates (Hays, D) (Entered: 07/07/2022) |
| 07/07/2022 | [131](#)<br>(4 pgs) | Declaration re: *Declaration of Vivienne J. Alston re: Motion Objecting to Debtor's Claimed Homestead Exemption; with Proof of Service* Filed by Creditor Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates (RE: related document(s)[130](#) Reply). (Hays, D) (Entered: 07/07/2022) |
| 07/07/2022 | [132](#)<br>(62 pgs) | Declaration re: *Declaration of Greg Buysman re: Motion Objecting to Debtor's Claimed Homestead Exemption; with Proof of Service* Filed by Creditor Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates (RE: related document(s)[130](#) Reply). (Hays, D) (Entered: 07/07/2022) |
| 07/07/2022 | [133](#)<br>(4 pgs) | Declaration re: *Declaration of Chris Houser re: Motion Objecting to Debtor's Claimed Homestead Exemption; with Proof of Service* Filed by Creditor Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates (RE: related document(s)[130](#) Reply). (Hays, D) (Entered: 07/07/2022) |
| 07/08/2022 | [134](#)<br>(13 pgs) | Reply to Greg Buysman, CA Notary Public Commission Number 2341449; Owner & Operator the UPS Store, Edinger/Springdage (related document(s): [95](#) Objection to Homestead Exemption filed by Creditor Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates) Filed by Debtor Jamie Lynn Gallian [EDB] (AM) (Entered: 07/08/2022) |
| 07/08/2022 | [135](#)<br>(224 pgs; 6 docs) | Motion to Avoid Lien (Real Property) with The Huntington Beach Gables Homeowners Association Filed by Debtor Jamie Lynn Gallian [EDB] (Attachments: # [1](#) Part 2 # [2](#) Part 3 # [3](#) Part 4) (AM) Modified on 7/8/2022 (AM). Additional attachment(s) added on 7/8/2022 (TL). (Entered: 07/08/2022) |
| 07/08/2022 | [136](#)<br>(228 pgs; 7 docs) | Notice of Opportunity to Request a Hearing On Motion Filed by Debtor Jamie Lynn Gallian . [EDB] (AM) Modified on 7/8/2022 (AM) (RE: |

| | | |
|---|---|---|
| | | related document(s)135 Motion to Avoid Lien Property Lien with The Huntington Beach Gables Homeowners Association). Additional attachment(s) added on 7/11/2022 (TL). Modified on 7/11/2022 (TL). (Entered: 07/08/2022) |
| 07/08/2022 | 137 | Motion to Avoid Lien Real Property with The Huntington Beach Gables Homeowners Association Filed by Debtor Jamie Lynn Gallian (Attachments: # 1 Part 2 # 2 Part 3 # 3 Part 4 # 4 Part 5 # 5 Part 6) [EDB] (AM) Modified on 7/8/2022 (AM). Docketed in error. Motion terminated. See docket entry 135 for correct Motion. Modified on 7/11/2022 (TL). (Entered: 07/08/2022) |
| 07/20/2022 | 138 (20 pgs) | Notice of Lodgment of Excerpts of Certified Transcript in Support of Reply to Debtor's Opposition to Motion Objecting to Claimed Homestead Exemption; with Proof of Service Filed by Creditor Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates (RE: related document(s)130 Reply to (related document(s): 105 Reply filed by Debtor Jamie Lynn Gallian) Reply to Debtor's Opposition to Motion Objecting to Claimed Homestead Exemption; Declaration of D. Edward Hays in Support; with Proof of Service Filed by Creditor Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates). (Hays, D) (Entered: 07/20/2022) |
| 07/21/2022 | 139 (6 pgs) | Notice of Lodgment of Orange County Tax Assessors Proof of Debtors Homestead Exemption Effective 2/25/2021 in Support of Opposition to Motion Objecting to Claimed Homestead Exemption, Filed by Debtor Jamie Lynn Gallian [EDB] (RE: related document(s)95 Objection to Homestead Exemption). (TD8) (Entered: 07/21/2022) |
| 07/21/2022 | 140 (33 pgs) | Amended Notice of Lodgment of Orange County Tax Assessors Proof of Debtors Homestead Exemption Effective 2/25/2021 in Support of Opposition to Motion Objecting to Claimed Homestead Exemption Filed by Debtor Jamie Lynn Gallian 'EDB' (RE: related document(s)130 Reply to (related document(s): 105 Reply filed by Debtor Jamie Lynn Gallian) Reply to Debtor's Opposition to Motion Objecting to Claimed Homestead Exemption; Declaration of D. Edward Hays in Support; with Proof of Service Filed by Creditor Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates, 139 Notice of Lodgment of Orange County Tax Assessors Proof of Debtors Homestead Exemption Effective 2/25/2021 in Support of Opposition to Motion Objecting to Claimed Homestead Exemption, Filed by Debtor Jamie Lynn Gallian [EDB] (RE: related document(s)95 Objection to Homestead Exemption). (TD8)). (JL) (Entered: 07/21/2022) |
| 07/21/2022 | 143 (6 pgs) | Notice of Appeal and Statement of Election to Bankruptcy Appellate Panel.(Official Form 417A) . Fee Amount $298 NOT PAID Filed by Debtor Jamie Lynn Gallian . Appellant Designation due by 8/4/2022. (NB8) (Entered: 07/22/2022) |
| 07/21/2022 | 153 | Hearing Held (related document # 95 Creditor Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates Motion Objecting to Debtor's Claimed Homestead Exemption) - Motion Granted objecting to Debtor's homestead exemption claim. (TD8) (Entered: 07/25/2022) |
| 07/22/2022 | 141 (63 pgs) | Opposition to (related document(s): 135 Motion to Avoid Lien Property Lien with The Huntington Beach Gables Homeowners Association filed by Debtor Jamie Lynn Gallian, 136 Notice of motion/application filed by Debtor Jamie Lynn Gallian, 137 Motion to Avoid Lien Real Property with The Huntington Beach Gables Homeowners Association filed by Debtor Jamie Lynn Gallian Omnibus Opposition to Debtor's Notice of |

|  |  | *Motion and Motion to Avoid Lien Under 11 U.S.C. § 522(f) and Request for Hearing; Declaration of Robert P. Goe in Support Thereof; Notice of Opposition and Request for a Hearing with Proof of Service* Filed by Creditor The Huntington Beach Gables Homeowners Association (Goe, Robert) (Entered: 07/22/2022) |
|---|---|---|
| 07/22/2022 | 142<br>(3 pgs; 2 docs) | Notice of Assets filed by trustee and court's notice of possible dividend (BNC) *with proof of service* Filed by Trustee Jeffrey I Golden (TR). Proofs of Claims due by 10/25/2022. Government Proof of Claim due by 1/5/2022. (Golden (TR), Jeffrey) (Entered: 07/22/2022) |
| 07/22/2022 | 144<br>(1 pg) | Deficiency letter to Appellant: Appeal Is Deficient For the Following Reasons: $298.00 Filing Fee For Appeal Was Not Paid; Does Not Include The Entered Date Of Order, Judgment, Or Decree; Does Not Include Entered Stamped Copy Of Order, Judgment, Or Decree; Does Not Include the Telephone Number(s) Of The Opposing Parties (RE: related document(s)143 Notice of Appeal and Statement of Election (Official Form 417A) filed by Debtor Jamie Lynn Gallian) (NB8) (Entered: 07/22/2022) |
| 07/22/2022 | 145 | Request for a Certified Copy Fee Amount $11. The document will be sent via email to :gestrada@wgllp.com: Filed by Trustee Jeffrey I Golden (TR) (RE: related document(s)1 Voluntary Petition (Chapter 7)). (Golden (TR), Jeffrey) (Entered: 07/22/2022) |
| 07/22/2022 |  | Receipt of Request for a Certified Copy( 8:21-bk-11710-ES) [misc,paycert] ( 11.00) Filing Fee. Receipt number A54475197. Fee amount 11.00. (re: Doc# 145 ) (U.S. Treasury) (Entered: 07/22/2022) |
| 07/22/2022 | 146<br>(1 pg) | Transcript Order Form related to an Appeal, regarding Hearing Date 07/21/2022 at 10:30 a.m. Filed by Debtor Jamie Lynn Gallian [EDB] (RE: related document(s)95 Objection to Homestead Exemption). (TD8) (Entered: 07/22/2022) |
| 07/22/2022 | 147<br>(269 pgs; 2 docs) | Amended Motion (related document(s): 135 Motion to Avoid Lien Property Lien with The Huntington Beach Gables Homeowners Association filed by Debtor Jamie Lynn Gallian) Filed by Debtor Jamie Lynn Gallian [EDB] (Attachments: # 1 Part 2) (TD8) (Entered: 07/22/2022) |
| 07/22/2022 | 148<br>(273 pgs; 3 docs) | Notice of Opportunity To Request a Hearing On Motion (LBR 9013-1(o)) Filed by Debtor Jamie Lynn Gallian [EDB] (RE: related document(s)135 Motion to Avoid Lien (Real Property) with The Huntington Beach Gables Homeowners Association Filed by Debtor Jamie Lynn Gallian [EDB] (Attachments: # 1 Part 2 # 2 Part 3 # 3 Part 4) (AM) Modified on 7/8/2022 (AM). Additional attachment(s) added on 7/8/2022 (TL)., 147 Amended Motion (related document(s): 135 Motion to Avoid Lien Property Lien with The Huntington Beach Gables Homeowners Association filed by Debtor Jamie Lynn Gallian) Filed by Debtor Jamie Lynn Gallian [EDB] (Attachments: # 1 Part 2) (TD8)). (Attachments: # 1 Part 2 - Amended Motion # 2 Part 3 - Declaration) (TD8) (Entered: 07/22/2022) |
| 07/22/2022 | 149 | Certified Copy Emailed to gestrada@wgllp.com (Entered: 07/22/2022) |
| 07/22/2022 | 150<br>(16 pgs) | Notice of lodgment Filed by Creditor Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates (RE: related document(s)95 Objection to |

| | | |
|---|---|---|
| | | Homestead Exemption *Notice of Motion and Motion Objecting to Debtor's Claimed Homestead Exemption; Memorandum of Points and Authorities; Declaration of D. Edward Hays in Support; with Proof of Service [Hrg. 6/2/22 at 10:30 a.m.]* Filed by Creditor Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates.). (Hays, D) (Entered: 07/22/2022) |
| 07/24/2022 | [151](#) (5 pgs) | BNC Certificate of Notice (RE: related document(s)[142](#) Notice of Assets filed by trustee and court's notice of possible dividend (BNC) filed by Trustee Jeffrey I Golden (TR)) No. of Notices: 75. Notice Date 07/24/2022. (Admin.) (Entered: 07/24/2022) |
| 07/25/2022 | 152 | Transcript Record Transmittal (Court transcript records have been uploaded to FDS). For Order Number: 22-ES-22. RE Hearing Date: 07/21/22, [TRANSCRIPTION SERVICE PROVIDER: ECHO REPORTING, INC., Telephone number Ph: (858) 453-7590.] (RE: related document(s)[146](#) Transcript Order Form (Public Request) filed by Debtor Jamie Lynn Gallian) (JL) (Entered: 07/25/2022) |
| 07/25/2022 | [154](#) (61 pgs) | Opposition to (related document(s): [135](#) Motion to Avoid Lien Property Lien with The Huntington Beach Gables Homeowners Association filed by Debtor Jamie Lynn Gallian, [136](#) Notice of motion/application filed by Debtor Jamie Lynn Gallian, [137](#) Motion to Avoid Lien Real Property with The Huntington Beach Gables Homeowners Association filed by Debtor Jamie Lynn Gallian) *141 Amended Omnibus Opposition to Debtor's Notice of Motion and Motion to Avoid Lien Under 11 U.S.C. § 522(f) and Request for Hearing; Declaration of Robert P. Goe in Support Thereof with Proof of Service* Filed by Creditor The Huntington Beach Gables Homeowners Association (Iskander, Brandon) (Entered: 07/25/2022) |
| 07/25/2022 | [155](#) (63 pgs) | Opposition to (related document(s): [135](#) Motion to Avoid Lien Property Lien with The Huntington Beach Gables Homeowners Association filed by Debtor Jamie Lynn Gallian, [136](#) Notice of motion/application filed by Debtor Jamie Lynn Gallian, [137](#) Motion to Avoid Lien Real Property with The Huntington Beach Gables Homeowners Association filed by Debtor Jamie Lynn Gallian) *141[154 filer error] Amended Omnibus Opposition to Debtor's Notice of Motion and Motion to Avoid Lien Under 11 U.S.C. § 522(f) and Request for Hearing; Declaration of Robert P. Goe in Support Thereof; Notice of Opposition and Request for a Hearing with Proof of Service* Filed by Creditor The Huntington Beach Gables Homeowners Association (Goe, Robert) (Entered: 07/25/2022) |
| 07/26/2022 | [156](#) (16 pgs) | Notice of lodgment *(Amended) Notice of Lodgment* Filed by Creditor Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates (RE: related document(s)[150](#) Notice of lodgment Filed by Creditor Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates (RE: related document(s)[95](#) Objection to Homestead Exemption *Notice of Motion and Motion Objecting to Debtor's Claimed Homestead Exemption; Memorandum of Points and Authorities; Declaration of D. Edward Hays in Support; with Proof of Service [Hrg. 6/2/22 at 10:30 a.m.]* Filed by Creditor Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates.).). (Hays, D) (Entered: 07/26/2022) |
| 07/26/2022 | [157](#) (332 pgs; 2 docs) | Debtor's Notice of and Motion for Reconsideration of 7.21.22 Order Sustaining Houser Bros. Co. DBA Rancho Del Rey Mobile Home Estates Objection to Debtor's Claimed Homestead Exemption and Joinder Parties Huntington Beach Gables HOA; Janine Jasso. Filed by |

| | | |
|---|---|---|
| | | Debtor Jamie Lynn Gallian (Attachments: # 1 Part 2) 'EDB' (RE: related document(s)95) (JL) (Entered: 07/26/2022) |
| 07/26/2022 | 158 (4 pgs) | Supplemental Notice of Hearing to be Held Remotely Using ZOOMGOV Audio and Video Filed by Debtor Jamie Lynn Gallian 'EDB' (RE: related document(s)157 Debtor's Notice of and Motion for Reconsideration of 7.21.22 Order Sustaining Houser Bros. Co. DBA Rancho Del Rey Mobile Home Estates Objection to Debtor's Claimed Homestead Exemption and Joinder Parties Huntington Beach Gables HOA; Janine Jasso. Filed by Debtor Jamie Lynn Gallian (Attachments: # 1 Part 2) 'EDB' (RE: related document(s)95) (JL)). (JL) (Entered: 07/26/2022) |
| 07/26/2022 | 159 | Hearing Set (RE: related document(s)157 Motion to Reconsider filed by Debtor Jamie Lynn Gallian) The Hearing date is set for 8/18/2022 at 10:30 AM at Crtrm 5A, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Erithe A. Smith (JL) (Entered: 07/26/2022) |
| 07/28/2022 | 160 | Trustee Certification of Services Rendered Under 11 U.S.C. Section 330(e). I rendered the following service in the case and am eligible for payment under 11 U.S.C. Section 330(e): Filed a Notice of Assets. I declare under penalty of perjury that the foregoing is true and correct. (Executed on 7/28/2022). Filed by Trustee Jeffrey I Golden (TR) (RE: related document(s)90 Notice of Assets (no bar date for claims is required) *with proof of service* Filed by Trustee Jeffrey I Golden (TR). (Golden (TR), Jeffrey) filed by Trustee Jeffrey I Golden (TR)). (Golden (TR), Jeffrey) (Entered: 07/28/2022) |
| 07/28/2022 | 161 (12 pgs) | Notice Of Appeal And Statement of Election To Bankruptcy Appellate Panel.(Official Form 417A) . Fee Amount $298 NOT PAID Filed by Debtor Jamie Lynn Gallian. Appellant Designation due by 8/11/2022. - [EDB] - APPEAL FEE OF $298 PAID 7/29/2022 - RECEIPT NO. 80076183 (NB8) Modified on 7/29/2022 (NB8). (Entered: 07/28/2022) |
| 07/28/2022 | 162 (25 pgs) | Application to Employ Coldwell Banker Realty as Real Estate Broker *Application Of The Chapter 7 Trustee To Employ Real Estate Broker Coldwell Banker Realty And Agents William Friedman And Greg Bingham Pursuant To 11 U.S.C. §§ 327 And 328; Memorandum Of Points And Authorities; And Declarations Of William Friedman And Greg Bingham In Support (with Proof of Service)* Filed by Trustee Jeffrey I Golden (TR) (Golden (TR), Jeffrey) - WARNING: See docket entry no. 166 for corrections - Modified on 7/29/2022 (TD8). (Entered: 07/28/2022) |
| 07/28/2022 | 163 (5 pgs) | Notice of Hearing *Application Of The Chapter 7 Trustee To Employ Real Estate Broker Coldwell Banker Realty And Agents William Friedman And Greg Bingham Pursuant To 11 U.S.C. §§ 327 And 328; Memorandum Of Points And Authorities; And Declarations Of William Friedman And Greg Bingham In Support (with Proof of Service)* Filed by Trustee Jeffrey I Golden (TR) (RE: related document(s)162 Application to Employ Coldwell Banker Realty as Real Estate Broker *Application Of The Chapter 7 Trustee To Employ Real Estate Broker Coldwell Banker Realty And Agents William Friedman And Greg Bingham Pursuant To 11 U.S.C. §§ 327 And 328; Memorandum Of Points And Authorities; And Declarations Of William Friedman And Greg Bingham In Support (with Proof of Service)* Filed by Trustee Jeffrey I Golden (TR) (Golden (TR), Jeffrey)). (Golden (TR), Jeffrey) - WARNING: See docket entry no. 166 for corrections - Modified on 7/29/2022 (TD8). (Entered: 07/28/2022) |

EXHIBIT 1, PAGE 38

| 07/28/2022 | 164<br>(4 pgs) | Supplemental *Supplemental Notice Of Hearing To Be Held Remotely Using Zoomgov Audio And Video (with Proof of Service)* Filed by Trustee Jeffrey I Golden (TR). (Golden (TR), Jeffrey) - WARNING: See docket entry no. 166 for corrections - Modified on 7/29/2022 (TD8). (Entered: 07/28/2022) |
| 07/28/2022 | 165<br>(1 pg) | Deficiency letter to Appellant: Appeal Is Deficient For the Following Reasons: $298.00 Filing Fee For Appeal Was Not Paid And Does Not Include Entered Stamped Copy Of Order, Judgment, Or Decree (RE: related document(s)161 Notice of Appeal and Statement of Election (Official Form 417A) filed by Debtor Jamie Lynn Gallian) (NB8) (Entered: 07/28/2022) |
| 07/28/2022 | | Receipt of Appeal Late Filing Fee - $0.00 by 12. Receipt Number 80076180. (admin) (Entered: 07/28/2022) |
| 07/28/2022 | | Receipt of Appeal Late Noticing Filing Fee - $0.00 by 12. Receipt Number 80076180. (admin) (Entered: 07/28/2022) |
| 07/29/2022 | 166 | Notice to Filer of Error and/or Deficient Document **Hearing date/time selected is no longer available. THE FILER IS INSTRUCTED TO CONTACT JUDGE SMITH'S COURTROOM DEPUTY FOR AN AVAILABLE HEARING DATE/TIME AND SUBSEQUENTLY FILE AN AMENDED NOTICE OF MOTION/HEARING WITH THE CORRECT HEARING INFORMATION.** (RE: related document(s)162 Application to Employ filed by Trustee Jeffrey I Golden (TR), 163 Notice of Hearing (BK Case) filed by Trustee Jeffrey I Golden (TR), 164 Supplemental filed by Trustee Jeffrey I Golden (TR)) (TD8) (Entered: 07/29/2022) |
| 07/29/2022 | | Receipt of Appeal Late Noticing Filing Fee - $5.00 by 16. Receipt Number 80076183. (admin) (Entered: 07/29/2022) |
| 07/29/2022 | | Receipt of Appeal Late Filing Fee - $293.00 by 16. Receipt Number 80076183. (admin) (Entered: 07/29/2022) |
| 08/01/2022 | 167<br>(160 pgs; 2 docs) | Notice of Motion Motion For Leave From The Bankruptcy Appeal Panel To Permit The Bankruptcy Court To Consider Debtor's Motion For Re-Consideration [Doc 157] On August 18, 2022 Filed by Debtor Jamie Lynn Gallian (Attachments: # 1 Motion For Reconsideration) (GD) [EDB] Modified on 8/1/2022 (GD). (Entered: 08/01/2022) |
| 08/02/2022 | 168<br>(4 pgs) | Optional Appellee Statement of Election to Proceed in U.S. District Court (Official Form 417B) Filed by Creditor Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates (RE: related document(s)143 Notice of Appeal and Statement of Election (Official Form 417A), 161 Notice of Appeal and Statement of Election (Official Form 417A)). (Masud, Laila) (Entered: 08/02/2022) |

**PACER Service Center**

**Transaction Receipt**

EXHIBIT 1, PAGE 39

8/4/22, 12:45 PM                        CM/ECF - U.S. Bankruptcy Court (NG 1.6.3 - LIVE)

| 08/04/2022 12:45:30 | | | |
|---|---|---|---|
| **PACER Login:** | attydeh162507 | **Client Code:** | 9999-001 |
| **Description:** | Docket Report | **Search Criteria:** | 8:21-bk-11710-ES Fil or Ent: filed From: 5/6/2000 To: 8/4/2022 Doc From: 0 Doc To: 99999999 Term: included Format: html Page counts for documents: included |
| **Billable Pages:** | 18 | **Cost:** | 1.80 |

EXHIBIT 1, PAGE 40

**EXHIBIT 2**

# United States Bankruptcy Court
## Central District of California
### Santa Ana
### Erithe Smith, Presiding
### Courtroom 5A Calendar

---

**Thursday, July 21, 2022**                                    **Hearing Room      5A**

---

<u>10:30 AM</u>
**8:21-11710    Jamie Lynn Gallian**                                           **Chapter 7**

#### #32.00    CON'TD Hearing RE: Creditor Houser Bros. Co. dba Rancho Del Rey Mobile
Home Estates Motion Objecting to Debtor's Claimed Homestead Exemption

FR: 6-2-22

Docket      95

**Courtroom Deputy:**

- NONE LISTED -

**Tentative Ruling:**

**June 2, 2022**

Continue hearing to July 21, 2022 at 10:30 a.m. to allow Movant/Joining
Parties to file a reply to Debtor's late opposition filed on June 1, 2022, which
reply(ies) must be filed by July 7, 2022.  No other pleadings may be filed.

<u>Basis for Tentative Ruling</u>:

1.  Because Debtor filed her opposition one day prior to the hearing, the court
has not had an opportunity to review it and the Movant was not afforded the
opportunity to file a reply to the opposition. Under the Local Bankruptcy
Rules, the court may exclude late-filed pleadings and not consider them at all.
On this one occassion, the court will make an exception and allow the
opposition.  <u>However</u>, in the future, the court will not consider any pleadings
filed by Debtor after the day they are due.

2.  Based solely on the timely filed Motion and joinders, the court would be
inclined to grant the Motion.
--------------------------------------------------------------------------------

**July 21, 2022**

Grant the Motion objecting to Debtor's homestead exemption claim.

---

EXHIBIT 2, PAGE 41

# United States Bankruptcy Court
## Central District of California
### Santa Ana
### Erithe Smith, Presiding
### Courtroom 5A Calendar

---

**Thursday, July 21, 2022**                                      **Hearing Room      5A**

---

<u>10:30 AM</u>
**CONT...**      **Jamie Lynn Gallian**                                      **Chapter 7**

<u>Preliminary Comments re the Tentative Ruling</u>:

This hearing was continued from June 2, 2022 solely because Debtor filed a late opposition *one day* prior to the hearing on June 1, 2022.  The continuance was to allow the Movant and Joining Parties to file a reply to the June 1 opposition by July 7, 2022.  The court expressly ruled that *no other pleadings were to be filed*.   Notwithstanding that ruling, Debtor filed an additional pleading on July 8, 2022  [dkt. 134] without obtaining leave from the court (with notice to the Movant and Joining Parties) to do so. Accordingly, the pleading will not be formally considered by the court. The court notes parenthetically that even if it were to consider the improper pleading, the evidence presented therein would be insufficient to alter or change the court's ruling.

<u>Basis for Tentative Ruling</u>:

    A.  <u>The Motion is Timely</u>

       The court must first determine whether the objection was timely. *In re Smith*, 235 F.3d 472, 475 (9th Cir. 2000) (stating that before reaching the merits of debtor's purported exemption, the court must determine whether the Creditors' objections were timely). An objection to an exemption must be filed within 30 days after the conclusion of a debtor's meeting of creditors or the filing of any exemption amendment. Fed. R. Bankr. P. 4003(b)(1). Here, the Motion was timely filed on May 12, 2022, as the Debtor's meeting of creditors concluded on May 3, 2022.

    B.  <u>Movant has provided evidence sufficient to grant the Motion</u>

       At the time a petition for bankruptcy is filed, "all legal or equitable interests of the debtor in property" become available to satisfy creditors' claims and costs of the proceedings unless the assets are '"exempted' from use in satisfying claims of creditors and other authorized charges." *In re Sewell*, 180 F.3d 707, 710 (5th Cir. 1999); FRBP § 541(a)(1). The applicable state law determines bankruptcy exemptions on the date of the filing of the

---

## United States Bankruptcy Court
## Central District of California
### Santa Ana
### Erithe Smith, Presiding
### Courtroom 5A Calendar

---

**Thursday, July 21, 2022**                                      **Hearing Room        5A**

---

<u>10:30 AM</u>
CONT...        **Jamie Lynn Gallian**                                                    **Chapter 7**

original bankruptcy petition. *In re Bassin*, 637 F.2d 668, 670 (9th Cir. 1980).
California has, per FRBP § 522(b)(1), has "opted out" of the federal
exemption scheme and therefore California debtors may claim only those
exemptions allowable under California law.

### 1.  <u>Houser Bros has standing to bring the Motion</u>

FRBP 4003(b) provides that a party in interest may filed an objection to
the list of property claimed by debtor as exempt. Fed. R. Bankr. P. 4003(b).
Here, Houser Bros is certainly a party in interest. First, Houser Bros is a
creditor. In her Amended Schedules [dkt. 75], Debtor listed Houser Bros. as a
creditor, with a contingent, unliquidated, disputed claim against the Property
of unknown amount. Second, On January 2, 2019, Houser Bros. filed a
"Complaint for Forcible Entry/Detainer (Mobilehome Park)" ("OCSC
Complaint") against Debtor in Orange County Superior Court, Case No.
30-2019-01041423-CL-UD-CJC ("OCSC Action"). Hays Declaration, Ex. 3.
Debtor's claimed homestead exemption, if allowed, will bind Houser Bros.
Reply, 7.

### 2.  <u>There is no applicable recorded homestead</u>

Generally, claimed exemptions are "presumptively valid" and the
objecting party thus bears the burden of proving that the exemption is
improper. *In re Carter*, 182 F.3d 1027, 1029 n. 3 (9th Cir.1999); FRBP §
4003(c). However, the Supreme Court in *Raleigh v. Illinois Dept of Revenue*,
530 US 15, 20-21 (2000) held that because burden of proof is substantive, in
the absence of a federal interest requiring a different result, the state law
allocation of the burden should apply in bankruptcy objection to claims. The
Ninth Circuit Bankruptcy Appellate Panel concluded that, where a state law
exemption statute specifically allocates the burden of proof to the debtor,
FRBP § 4003(c) does not change that allocation. *In re Diaz*, 547 B.R. 329,
337 (B.A.P. 9th Cir. 2016). *In re Diaz* is persuasive given the U.S. Supreme
Court's holding in *Raleigh*. California has placed the ultimate burden of proof
on the party claiming the exemption. CCP §§ 703.580(b), 704.780(a).
Although the burden of proof lies with the party claiming the exemption,
exemption statutes are generally construed in favor of the debtor. *Kono v.
Meeker K,* 196 Cal. App. 4th 81, 86 (2011).

---

EXHIBIT 2, PAGE 43

# United States Bankruptcy Court
## Central District of California
### Santa Ana
### Erithe Smith, Presiding
### Courtroom 5A Calendar

---

**Thursday, July 21, 2022**                                  **Hearing Room      5A**

---

<u>10:30 AM</u>
**CONT...**        **Jamie Lynn Gallian**                                  **Chapter 7**

Pursuant to Cal. Civ. Proc. Code § 704.780(a), the burden to show a debtor's entitlement to a homestead exemption rests with the debtor, unless a declared homestead has been recorded. Cal. Civ. Proc. Code § 704.780(a). The objecting party need only provide evidence sufficient to meet the "preponderance of the evidence" standard.   *In re Kelley,* 300 B.R. 11, 16 (9th Cir. B.A.P. 2003). If the objecting party produces evidence to rebut the claimed exemption, the burden of production then shifts to the debtor to demonstrate the exemption is proper. Fed. R. Evid. R. 301. The debtor's standard of proof is also "preponderance of the evidence." *United States ex rel. Farmers Home Admin. v. Arnold & Baker Farms,*  177 B.R. 648, 654 (9th Cir. BAP 1994).

Here, Debtor bears the burden of proof to show entitlement to the homestead exemption because the Orange County Treasurer-Tax Collector records do not indicate that there is a "current homeowner's exemption or disabled veteran's exemption" for the Property. A copy of the 2021-22 tax bill for the Property is attached to the Hays Declaration as Exhibit 24.

Although Debtor claims to have recorded a Homestead Declaration, she did so with the Orange County Clerk-Recorder, not the Orange County Treasurer-Tax Collector. Declared homesteads are not applicable to sales by a bankruptcy trustee. *See In re Sain*, 584 B.R. 325, 329 (Bankr. S.D. Cal. 2018) (indicating that only the automatic homestead was available to a debtor who held a recorded declaration of homestead, because the debtor had not elected a declared homestead exemption in his schedules, and declared homesteads are not applicable to sales by bankruptcy trustees); *see also See Kelley v. Locke (In re Kelley),* 300 B.R. 11, 21 (B.A.P. 9th Cir. 2003) (noting that in the bankruptcy context, a debtor's declaration of homestead "helps him not at all, as the additional benefits conferred in Article 5 [Sections 704.910-704.995] would benefit him only in the situation of a voluntary sale"). Therefore, Debtor bears the burden of proof for the homestead exemption.

        3.   <u>Debtor failed to meet her burden that the Property is
             subject to exemption</u>

In *In re Shaefers,* the Ninth Circuit BAP found that a  Chapter 7 debtor

---

EXHIBIT 2, PAGE 44

**United States Bankruptcy Court**
**Central District of California**
**Santa Ana**
**Erithe Smith, Presiding**
**Courtroom 5A Calendar**

---

Thursday, July 21, 2022                                    Hearing Room    **5A**

---

10:30 AM
CONT...        **Jamie Lynn Gallian**                                **Chapter 7**

cannot claim homestead exemption in limited liability company (LLC) that he
owned, which owned real property at which debtor resided; debtor did not
identify any beneficial or equitable interest in the property, and LLC members
such as debtor had no interest in the company's assets, rather, debtor's
interest in LLC was a personal property interest outside the statutory
definition of a homestead. 623 B.R. 777 (B.A.P. 9th Cir. 2020).

    Here, Debtor has failed to meet her burden that the Property is subject
to exemption. First, the HCD records show that J-Sandcastle LLC, not Debtor,
was the Property's owner of record on the Petition Date. As of June 7, 2021—
about a month before the Petition Date—the Property's registered owner was
J-Sandcastle LLC, and the legal owners were Pierpont and J-Pad LLC. Hays
Decl., Ex. 17 at 142. The HCD webpage indicates that "documents and fees"
must be submitted to the HCD to transfer ownership of a manufactured home
or manufactured home. The June 7, 2021, Title Search did not note any
pending applications for title or registration change that might have added
Debtor as the registered or legal owner of the Property before the Petition
Date. And, Debtor paid no fees to the HCD between June 7, 2021, and the
Petition Date that could have effectuated a title change. *See* Hays Decl., Ex.
26.

    Moreover, the July 2021 HCD Transaction had a transaction date of
July 14, 2021—five days after the Petition Date—and included a certificate of
title showing J-Sandcastle LLC as the Property's registered owner and
Pierpont and J-Pad LLC as the Property's legal owners. Hays Decl., Ex. 21 at
171. Included in this post-petition transaction was a document to add Debtor
as the Property's "New Registered Owner." *Id*. at 172. Also attached was a
County of Orange "Tax Clearance Certificate" issued and executed on the
Petition Date, which gave the Property's "Current Registered Owner" as J-
Sandcastle LLC. *Id*. at 191. The August 2021 HCD Transaction did include a
certificate of title showing Debtor as the Property's registered owner, but
according to the certificate, title was issued on August 3, 2021, nearly a
month after the Petition Date. Hays Decl., Ex. 22 at 195.

    Second, between February 1, 2021, and the Petition Date, all
payments that Debtor submitted to Houser Bros. listed J-Sandcastle LLC as
the payor/were on behalf of J-Sandcastle LLC. Only after the Petition Date

EXHIBIT 2, PAGE 45

# United States Bankruptcy Court
## Central District of California
### Santa Ana
### Erithe Smith, Presiding
### Courtroom 5A Calendar

---

**Thursday, July 21, 2022**                                    **Hearing Room    5A**

---

10:30 AM
**CONT...**      **Jamie Lynn Gallian**                                    **Chapter 7**

did Debtor submit a payment on her own behalf. *See* Hays Decl. Ex. 23 at
203-222.

      Third, Debtor provides no credible evidence that she acquired an
interest from the LLC on February 25, 2021. In Debtor's Original Schedules,
filed on the Petition Date (July 9, 2021), Debtor provided, under penalty of
perjury, that "Registered Title with HCD Debtor's single member LLC, J-
Sandcastle Co, LLC." Motion at 33 (Exhibit 2). In addition, Debtor, in the
Opposition, asserts J-Sandcastle LLC's executed a notarized release of title
document, claiming: "On the petition date July 9, 2021, the registered title
owner of the manufactured home located at 16222 Monterey Lane, Unit #376,
Huntington Beach, CA 92649 ('Property') was Jamie Lynn Gallian as of
February 25, 2021, the date J-Sandcastle Co LLC signed and dated to
release the Certificate of Title to Jamie Lynn Gallian, notarized the same
date." Opp'n., 29. However, Mr. Buysman did not actually notarize these
documents. Instead, Mr. Buysman's notary book shows that on February 25,
2021, he notarized for Debtor an "Affidavit of Death" and a "Transfer Grant
Deed." Buysman Decl., ¶7-11. Mr. Buysman did not notarize the July 2021
HCD Submission either. *Id*.  Debtor's improperly filed July 8 response, even if
considered by the court, would be insufficient to counter the statements and
documentary evidence set forth in the Buysman Declaration.

      Fourth, any alleged unrecorded transfer of title to Debtor personally
was ineffective. *See In re Farokhirad*, Case No. 8:21-bk-10026-MW, ECF No.
98 (Bankr. C.D. Cal. Apr. 29, 2021) (sustaining a trustee's objection to an
individual debtor's claimed homestead exemption in property held by a wholly
owned LLC, and indicating that a provision of the LLC agreement purporting
to transfer an interest in the property to the debtor prepetition was ineffective
because an unrecorded deed could not bind the trustee). In California,
unperfected (i.e. unrecorded) liens against real property are unenforceable
against a bona fide purchaser for value, and Trustee is "clothed with the
status of a hypothetical bona fide purchaser of real property under Section
544(a)(3). *In re Tleel,* 79 B.R. 883, 887 (B.A.P. 9th Cir. 1987); Cal.Civ.Code
§§ 1214, 1217. Section 544, however, must be applied "without regard to any
knowledge of the trustee or of any creditor." 11 U.S.C. § 544(a). Therefore,
actual notice cannot overcome the Trustee's bona fide purchaser status. *In re
Tleel*, 876 F.2d 769, 772 (9th Cir. 1989). Pursuant to Section 544, the trustee

---

EXHIBIT 2, PAGE 46

# United States Bankruptcy Court
## Central District of California
### Santa Ana
### Erithe Smith, Presiding
### Courtroom 5A Calendar

---

**Thursday, July 21, 2022**                                    **Hearing Room**        **5A**

---

10:30 AM
**CONT...        Jamie Lynn Gallian**                                                 **Chapter 7**

is treated as a lien creditor and/or bona fide purchaser as of the date of the commencement of the case. *In re Tleel*, 79 B.R. 883, 886 (B.A.P. 9th Cir. 1987).

While Debtor asserts the Property was actually transferred from J-Sandcastle LLC to Debtor on February 25, 2021, the transfer was not recorded until after the Petition Date. Hays Decl., Ex. 19 at 145. As such, Trustee would be treated as a bona fide purchaser as of the Petition Date.

In conclusion, Debtor failed to carry her burden because, on the Petition Date, the Property's registered owner was J-Sandcastle LLC, and the legal owners were Pierpont and J-Pad, LLC. As a result, the Property was not part of the estate and not eligible for an exemption.  The court, therefore, need not address Movant's alternative argument re 11 U.S.C. 522(p) except to say that had Debtor provided sufficient evidence of a transfer on February 25, 2021, the limitations of 522(p) would have applied.

| Party Information |
|---|

**Debtor(s):**

Jamie Lynn Gallian                          Pro Se

**Trustee(s):**

Jeffrey I Golden (TR)                        Represented By
                                             Aaron E DE Leest
                                             Eric P Israel

EXHIBIT 2, PAGE 47

**EXHIBIT 3**

| | |
|---|---|
| **From:** | Ed Hays <EHays@MarshackHays.com> |
| **Sent:** | Wednesday, July 27, 2022 9:20 AM |
| **To:** | Jamie Gallian; Bradford N. Barnhardt; Laila Masud |
| **Subject:** | Gallian |

Jamie:

Last week, you filed a notice of appeal. An appeal generally divests the trial court from having jurisdiction over the matters covered in the appealed order. The pendency of the appeal will prevent the court from reaching the merits of the motion for reconsideration you filed yesterday. A motion for reconsideration is also known as a motion to alter or amend a judgment.

I suggest that we enter a stipulation that provides that the appeal will be dismissed without prejudice so that the court can hear your motion for reconsideration. Your time to appeal the original order and any order on reconsideration runs from the date of entry of the order on reconsideration.

(1) *In General*. If a party files in the bankruptcy court any of the following motions and does so within the time allowed by these rules, the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion:
*\*\*\**
(B) to alter or amend the judgment under Rule 9023;

FRBP 8002.

While we do not believe that the court will grant your motion for reconsideration, we do not object to the court resolving the motion on the merits.

Please let me know if you agree and, if so, we can send you a proposed stipulation. If you do not agree, then our opposition to your motion for reconsideration will have to point out to the court that it does not have jurisdiction to decide the motion.

Thank you.

Ed

EXHIBIT 3, PAGE 48

# EXHIBIT 4



**New iMessage**                    Cancel

To: Jamie Gallian

Sunday 6:45 PM

Hi, Jamie. Sorry to interrupt your Sunday. At your convenience, please advise if you will agree to dismiss the appeal without prejudice and reserving the right to re-file it if the court doesn't reconsider its ruling. We need to know whether to start a response on the merits or just to advise the court that it currently lacks jurisdiction. Thanks.

**Delivered**



iMessage

2

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
870 Roosevelt, Irvine, CA 92620.

A TRUE AND CORRECT COPY OF THE FOREGOING DOCUMENT ENTITLED: RESPONSE TO DEBTOR'S
NOTICE OF AND MOTION FOR RECONSIDERATION OF 7.21.22 ORDER SUSTAINING HOUSER
BROS. CO. DBA RANCHO DEL REY MOBILE HOME ESTATE'S OBJECTION TO DEBTOR'S
CLAIMED HOMESTEAD EXEMPTION; DECLARATION OF D. EDWARD HAYS IN SUPPORT
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in
the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General
Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **August
4, 2022**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the
following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**: On **August 4, 2022**, I served the following persons and/or entities at the last
known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed
envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here
constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**DEBTOR**
JAMIE LYNN GALLIAN
16222 MONTEREY LN UNIT 376
HUNTINGTON BEACH, CA 92649

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL**: Pursuant to
F.R.Civ.P. 5 and/or controlling LBR, on **August 4,  2022**, I served the following persons and/or entities by personal
delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission
and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the
judge will be completed no later than 24 hours after the document is filed.

PURSUANT TO THE COURTROOM POLICIES AND PROCEDURES OF THE HONORABLE ERITHE A. SMITH,
COURTROOM 5A, §VIII. JUDGES' OR COURTESY COPIES, EXCEPT FOR DOCUMENTS 200 PAGES OR OVER,
INCLUDING EXHIBITS, JUDGE SMITH **DOES NOT** REQUIRE JUDGES' COPIES.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| August 4, 2022 | Layla Buchanan | /s/ Layla Buchanan |
|---|---|---|
| Date | Printed Name | Signature |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: CONTINUED:
   - **ATTORNEY FOR TRUSTEE JEFFREY I GOLDEN (TR):** Aaron E DE Leest adeleest@DanningGill.com, danninggill@gmail.com; adeleest@ecf.inforuptcy.com
   - **ATTORNEY FOR CREDITOR and PLAINTIFF THE HUNTINGTON BEACH GABLES HOMEOWNERS ASSOCIATION:** Robert P Goe kmurphy@goeforlaw.com, rgoe@goeforlaw.com; goeforecf@gmail.com
   - **TRUSTEE JEFFREY I GOLDEN (TR):** Jeffrey I Golden (TR lwerner@wgllp.com, jig@trustesolutions.net; kadele@wgllp.com
   - **ATTORNEY FOR PLAINTIFF HOUSER BROS. CO.:** D Edward Hays ehays@marshackhays.com, ehays@ecf.courtdrive.com; kfrederick@ecf.courtdrive.com; cmendoza@marshackhays.com; cmendoza@ecf.courtdrive.com
   - **ATTORNEY FOR CREDITOR and PLAINTIFF THE HUNTINGTON BEACH GABLES HOMEOWNERS ASSOCIATION:** Brandon J Iskander biskander@goeforlaw.com, kmurphy@goeforlaw.com
   - **ATTORNEY FOR TRUSTEE JEFFREY I GOLDEN (TR):** Eric P Israel eisrael@DanningGill.com, danninggill@gmail.com; eisrael@ecf.inforuptcy.com
   - **ATTORNEY FOR PLAINTIFF HOUSER BROS. CO.:** Laila Masud lmasud@marshackhays.com, lmasud@ecf.courtdrive.com; kfrederick@ecf.courtdrive.com
   - **ATTORNEY FOR DEFENDANT RANDALL L NICKEL:** Mark A Mellor mail@mellorlawfirm.com, mellormr79158@notify.bestcase.com
   - **INTERESTED PARTY COURTESY NEF:** Valerie Smith claims@recoverycorp.com
   - **U.S. TRUSTEE:** United States Trustee (SA) ustpregion16.sa.ecf@usdoj.gov

4884-4060-6253, v. 1

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.