United States Bankruptcy Court

Central District of California

In re:                                                                                    Case No. 21-11710-ES

Jamie Lynn Gallian                                                                        Chapter 7

    Debtor

# CERTIFICATE OF NOTICE

| District/off: 0973-8 | User: admin | Page 1 of 2 |
|---|---|---|
| Date Rcvd: Aug 05, 2022 | Form ID: pdf042 | Total Noticed: 1 |

The following symbols are used throughout this certificate:

**Symbol**     **Definition**

\+            Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Aug 07, 2022:**

NONE

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|
| db | + Email/PDF: jamiegallian@gmail.com | Aug 06 2022 00:12:00 | Jamie Lynn Gallian, 16222 Monterey Ln Unit 376, Huntington Beach, CA 92649-2258 |

TOTAL: 1

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, \*duplicate of an address listed above, \*P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Aug 07, 2022           Signature:       /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on August 5, 2022 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| Aaron E DE Leest | on behalf of Trustee Jeffrey I Golden (TR) adeleest@DanningGill.com  danninggill@gmail.com;adeleest@ecf.inforuptcy.com |
| Bert Briones | on behalf of Debtor Jamie Lynn Gallian bb@redhilllawgroup.com helpdesk@redhilllawgroup.com;RedHillLawGroup@jubileebk.net |
| Brandon J Iskander | on behalf of Plaintiff The Huntington Beach Gables Homeowners Association biskander@goeforlaw.com kmurphy@goeforlaw.com |
| Brandon J Iskander | on behalf of Creditor The Huntington Beach Gables Homeowners Association biskander@goeforlaw.com kmurphy@goeforlaw.com |

District/off: 0973-8                          User: admin                                Page 2 of 2
Date Rcvd: Aug 05, 2022                       Form ID: pdf042                             Total Noticed: 1

D Edward Hays
    on behalf of Creditor Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates ehays@marshackhays.com
    ehays@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com

D Edward Hays
    on behalf of Interested Party Courtesy NEF ehays@marshackhays.com
    ehays@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com

D Edward Hays
    on behalf of Plaintiff Houser Bros. Co. ehays@marshackhays.com
    ehays@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com

Eric P Israel
    on behalf of Trustee Jeffrey I Golden (TR) eisrael@DanningGill.com  danninggill@gmail.com;eisrael@ecf.inforuptcy.com

Jeffrey I Golden (TR)
    lwerner@wgllp.com  jig@trustesolutions.net;kadele@wgllp.com

Laila Masud
    on behalf of Plaintiff Houser Bros. Co. lmasud@marshackhays.com  lmasud@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com

Laila Masud
    on behalf of Creditor Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates lmasud@marshackhays.com
    lmasud@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com

Laila Masud
    on behalf of Interested Party Courtesy NEF lmasud@marshackhays.com
    lmasud@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com

Mark A Mellor
    on behalf of Interested Party Courtesy NEF mail@mellorlawfirm.com  mellormr79158@notify.bestcase.com

Mark A Mellor
    on behalf of Defendant Randall L Nickel mail@mellorlawfirm.com  mellormr79158@notify.bestcase.com

Robert P Goe
    on behalf of Plaintiff The Huntington Beach Gables Homeowners Association kmurphy@goeforlaw.com
    rgoe@goeforlaw.com;goeforecf@gmail.com

Robert P Goe
    on behalf of Creditor The Huntington Beach Gables Homeowners Association kmurphy@goeforlaw.com
    rgoe@goeforlaw.com;goeforecf@gmail.com

United States Trustee (SA)
    ustpregion16.sa.ecf@usdoj.gov

Valerie Smith
    on behalf of Interested Party Courtesy NEF claims@recoverycorp.com


TOTAL: 18

D. EDWARD HAYS, #162507
ehays@marshackhays.com
LAILA MASUD, #311731
lmasud@marshackhays.com
BRADFORD N. BARNHARDT, #328705
bbarnhardt@marshackhays.com
MARSHACK HAYS LLP
870 Roosevelt
Irvine, CA 92620
Telephone: (949) 333-7777
Facsimile: (949) 333-7778

Attorneys for Movant and Creditor,
HOUSER BROS. CO. dba RANCHO DEL
REY MOBILE HOME ESTATES

FILED & ENTERED

AUG 05 2022

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY jle          DEPUTY CLERK

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| In re | Case No. 8:21-bk-11710-ES |
|---|---|
| JAMIE LYNN GALLIAN, | Chapter 7 |
| Debtor. | ORDER GRANTING HOUSER BROS. CO. DBA RANCHO DEL REY MOBILE HOME ESTATES'S MOTION OBJECTING TO DEBTOR'S CLAIMED HOMESTEAD EXEMPTION IN 16222 MONTEREY LANE, SPACE #376, HUNTINGTON BEACH, CA 92649, DOCKET NO. 95 |
| | HEARING DATE<br>Date:   July 21, 2022<br>Time:  10:30 a.m.<br>Ctrm:  5A<br>Location: 411 W. Fourth Street, Santa Ana, CA 92701 |

On May 12, 2022, Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates

("Houser Bros.") filed a "Motion Objecting to Debtor's Claimed Homestead Exemption"

("Motion"). Docket No. 95. The Motion was set for hearing on June 2, 2022, at 10:30 a.m.

Docket No. 99.

On May 13, 2022, The Huntington Beach Gables Homeowners Association ("HOA")

filed a "Joinder to Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates' Motion

Objecting to Debtor's Claimed Homestead Exemption" ("HOA Joinder"). Docket No. 98.

1

On May 16, 2022, Janine Jasso ("Ms. Jasso," and together with the HOA, the "Joining Parties") filed a "Joinder to Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates' Motion Objecting to Debtor's Claimed Homestead Exemption" ("Jasso Joinder"). Docket No. 100.

On June 1, 2022, Jamie Lynn Gallian ("Debtor") filed "Debtors Reply Opposition, Memorandum of Points and Authorities to Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates' Motion Objecting to Debtor's Claimed Homestead Exemption and Joinder Parties Huntington Beach Gables HOA; Janine Jasso" ("Opposition"). Docket No. 105.

On June 2, 2022, at 10:30 a.m., the Court conducted a hearing on the Motion. All appearances were as noted on the record. Before the hearing, the Court published a tentative ruling to continue the hearing on the Motion to July 21, 2022, at 10:30 a.m. to allow Houser Bros. and the Joining Parties to file a reply to Debtor's late Opposition. The Court's tentative ruling cautioned that "[n]o other pleadings may be filed," and that "in the future, the court will not consider any pleadings filed by Debtor after the day they are due."

On June 23, 2022, the Court entered an "Order Continuing Hearing on Motion Objecting to Debtor's Claimed Homestead Exemption" ("June 23, 2022, Order"), which attached a copy of the Court's tentative ruling for the June 2, 2022, hearing. Docket No. 124. The June 23, 2022, Order, provided as follows:

1) The hearing on the Motion is continued to July 21, 2022, at 10:30 a.m. to allow Houser Bros. and/or the Joining Parties to file a reply/replies to Debtor's late opposition filed on June 1, 2022;

2) Any replies by Houser Bros. or the Joining Parties must be filed by July 7, 2022; and

3) No other pleadings may be filed regarding the Motion. Docket No. 124.

On June 30, 2022, Chapter 7 Trustee Jeffrey I. Golden filed "Trustee's Joinder in Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates' Motion Objecting to Debtor's Claimed Homestead Exemption" ("Trustee Joinder"). Docket No. 128.

On July 7, 2022, the HOA filed a "Reply to Debtor's Opposition to Motion Objecting to Debtor's Claimed Homestead Exemption" ("HOA Reply"). Docket No. 129.

That same day, Houser Bros. filed:

1)    "Reply to Debtor's Opposition to Motion Objecting to Claimed Homestead Exemption" ("Houser Bros. Reply"), Docket No. 130;

2)    "Declaration of Vivienne J. Alston Re: Motion Objecting to Debtor's Claimed Homestead Exemption" ("Alston Declaration"), Docket No. 131;

3)    "Declaration of Greg Buysman Re: Motion Objecting to Debtor's Claimed Homestead Exemption" ("Buysman Declaration"), Docket No. 132; and

4)    "Declaration of Chris Houser Re: Motion Objecting to Debtor's Claimed Homestead Exemption" ("Houser Declaration"), Docket No. 133.

On July 8, 2022, Debtor filed an unauthorized "Reply to Greg Buysman, CA Notary Public Commission Number 2341449; Owner & Operator the UPS Store, Edinger/Springdale." Docket No. 134.[1]

Before the July 21, 2022, hearing, the Court published a tentative ruling to grant the Motion. A true and correct copy of the Court's tentative ruling for the July 21, 2022, hearing is attached as **Exhibit 1**.

On July 21, 2022, at 10:30 a.m., the Court held a continued hearing on the Motion. Appearances were as noted on the record. During the hearing, all parties were given an opportunity to be heard. The Court, having read and considered the Motion, the HOA Joinder, the Jasso Joinder, the Opposition, the Trustee Joinder, the HOA Reply, the Houser Bros. Reply, the Alston Declaration, the Buysman Declaration, and the Houser Declaration, and all other pleadings and papers filed in this case, and having heard the arguments made on the record during the July 21, 2022, hearing, for the set forth in the motion and reply papers, the attached tentative ruling, and on the record during the hearing, the Court enters its order as follows:

---

[1] The Court did not formally consider this pleading because Debtor filed it in violation of the June 23, 2022, Order's requirement that no other pleadings were to be filed other than replies by Houser Bros. and the Joining Parties. Even if the Court were to consider this improper pleading, the evidence presented therein would have been insufficient to alter or change the Court's ruling.

IT IS ORDERED that the Motion is granted and Houser Bros.'s objection in the Motion to Debtor's claimed homestead exemption in 16222 Monterey Lane, Space #376, Huntington Beach, CA 92649 pursuant to § 704.730 of the California Code of Civil Procedure is sustained. Any claim of exemption by Debtor in the Property is disallowed.

# # #

Date: August 5, 2022

Erithe Smith
United States Bankruptcy Judge

4

EXHIBIT  1

**United States Bankruptcy Court**
**Central District of California**
**Santa Ana**
**Erithe Smith, Presiding**
**Courtroom 5A Calendar**

---

**Thursday, July 21, 2022**                                                 **Hearing Room      5A**

<u>10:30 AM</u>
**8:21-11710    Jamie Lynn Gallian**                                                      **Chapter 7**

**#32.00**    CON'TD Hearing RE: Creditor Houser Bros. Co. dba Rancho Del Rey Mobile
Home Estates Motion Objecting to Debtor's Claimed Homestead Exemption

FR: 6-2-22

                                      Docket        95

**Courtroom Deputy:**

    - NONE LISTED -

**Tentative Ruling:**


**June 2, 2022**

Continue hearing to July 21, 2022 at 10:30 a.m. to allow Movant/Joining
Parties to file a reply to Debtor's late opposition filed on June 1, 2022, which
reply(ies) must be filed by July 7, 2022.  No other pleadings may be filed.

<u>Basis for Tentative Ruling</u>:

1.  Because Debtor filed her opposition one day prior to the hearing, the court
has not had an opportunity to review it and the Movant was not afforded the
opportunity to file a reply to the opposition. Under the Local Bankruptcy
Rules, the court may exclude late-filed pleadings and not consider them at all.
On this one occassion, the court will make an exception and allow the
opposition.  <u>However</u>, in the future, the court will not consider any pleadings
filed by Debtor after the day they are due.

2.  Based solely on the timely filed Motion and joinders, the court would be
inclined to grant the Motion.
--------------------------------------------------------------------------------

**July 21, 2022**

Grant the Motion objecting to Debtor's homestead exemption claim.

EXHIBIT 1, PAGE 5

**United States Bankruptcy Court**
**Central District of California**
Santa Ana
Erithe Smith, Presiding
Courtroom 5A Calendar

---

**Thursday, July 21, 2022**                                    **Hearing Room      5A**

---

10:30 AM
CONT...      **Jamie Lynn Gallian**                                    **Chapter 7**

Preliminary Comments re the Tentative Ruling:

This hearing was continued from June 2, 2022 solely because Debtor filed a
late opposition *one day* prior to the hearing on June 1, 2022.  The
continuance was to allow the Movant and Joining Parties to file a reply to the
June 1 opposition by July 7, 2022.  The court expressly ruled that *no other
pleadings were to be filed*.   Notwithstanding that ruling, Debtor filed an
additional pleading on July 8, 2022 [dkt. 134] without obtaining leave from
the court (with notice to the Movant and Joining Parties) to do so.
Accordingly, the pleading will not be formally considered by the court. The
court notes parenthetically that even if it were to consider the improper
pleading, the evidence presented therein would be insufficient to alter or
change the court's ruling.

Basis for Tentative Ruling:

    A.  The Motion is Timely

        The court must first determine whether the objection was timely. *In re
Smith*, 235 F.3d 472, 475 (9th Cir. 2000) (stating that before reaching the
merits of debtor's purported exemption, the court must determine whether the
Creditors' objections were timely). An objection to an exemption must be filed
within 30 days after the conclusion of a debtor's meeting of creditors or the
filing of any exemption amendment. Fed. R. Bankr. P. 4003(b)(1). Here, the
Motion was timely filed on May 12, 2022, as the Debtor's meeting of creditors
concluded on May 3, 2022.

    B.  Movant has provided evidence sufficient to grant the Motion

        At the time a petition for bankruptcy is filed, "all legal or equitable
interests of the debtor in property" become available to satisfy creditors'
claims and costs of the proceedings unless the assets are '"exempted' from
use in satisfying claims of creditors and other authorized charges."  *In re
Sewell*, 180 F.3d 707, 710 (5th Cir. 1999); FRBP § 541(a)(1). The applicable
state law determines bankruptcy exemptions on the date of the filing of the

---

EXHIBIT 1, PAGE 6

**United States Bankruptcy Court**
**Central District of California**
Santa Ana
Erithe Smith, Presiding
Courtroom 5A Calendar

---

**Thursday, July 21, 2022**                                    **Hearing Room      5A**

---

<u>10:30 AM</u>
**CONT...       Jamie Lynn Gallian**                                              **Chapter 7**

original bankruptcy petition. *In re Bassin*, 637 F.2d 668, 670 (9th Cir. 1980).
California has, per FRBP § 522(b)(1), has "opted out" of the federal
exemption scheme and therefore California debtors may claim only those
exemptions allowable under California law.

            1.  <u>Houser Bros has standing to bring the Motion</u>

            FRBP 4003(b) provides that a party in interest may filed an objection to
the list of property claimed by debtor as exempt. Fed. R. Bankr. P. 4003(b).
Here, Houser Bros is certainly a party in interest. First, Houser Bros is a
creditor. In her Amended Schedules [dkt. 75], Debtor listed Houser Bros. as a
creditor, with a contingent, unliquidated, disputed claim against the Property
of unknown amount. Second, On January 2, 2019, Houser Bros. filed a
"Complaint for Forcible Entry/Detainer (Mobilehome Park)" ("OCSC
Complaint") against Debtor in Orange County Superior Court, Case No.
30-2019-01041423-CL-UD-CJC ("OCSC Action"). Hays Declaration, Ex. 3.
Debtor's claimed homestead exemption, if allowed, will bind Houser Bros.
Reply, 7.

            2.  <u>There is no applicable recorded homestead</u>

            Generally, claimed exemptions are "presumptively valid" and the
objecting party thus bears the burden of proving that the exemption is
improper. *In re Carter*, 182 F.3d 1027, 1029 n. 3 (9th Cir.1999); FRBP §
4003(c). However, the Supreme Court in *Raleigh v. Illinois Dept of Revenue*,
530 US 15, 20-21 (2000) held that because burden of proof is substantive, in
the absence of a federal interest requiring a different result, the state law
allocation of the burden should apply in bankruptcy objection to claims. The
Ninth Circuit Bankruptcy Appellate Panel concluded that, where a state law
exemption statute specifically allocates the burden of proof to the debtor,
FRBP § 4003(c) does not change that allocation.  *In re Diaz*, 547 B.R. 329,
337 (B.A.P. 9th Cir. 2016). *In re Diaz* is persuasive given the U.S. Supreme
Court's holding in *Raleigh*. California has placed the ultimate burden of proof
on the party claiming the exemption. CCP §§ 703.580(b), 704.780(a).
Although the burden of proof lies with the party claiming the exemption,
exemption statutes are generally construed in favor of the debtor.  *Kono v.
Meeker K*, 196 Cal. App. 4th 81, 86 (2011).

---

                                                           EXHIBIT 1, PAGE 7

### United States Bankruptcy Court
### Central District of California
#### Santa Ana
#### Erithe Smith, Presiding
#### Courtroom 5A Calendar

---

**Thursday, July 21, 2022**                                             **Hearing Room      5A**

---

<u>10:30 AM</u>
**CONT...      Jamie Lynn Gallian**                                                       **Chapter 7**

Pursuant to Cal. Civ. Proc. Code § 704.780(a), the burden to show a debtor's entitlement to a homestead exemption rests with the debtor, unless a declared homestead has been recorded. Cal. Civ. Proc. Code § 704.780(a). The objecting party need only provide evidence sufficient to meet the "preponderance of the evidence" standard.   *In re Kelley,* 300 B.R. 11, 16 (9th Cir. B.A.P. 2003). If the objecting party produces evidence to rebut the claimed exemption, the burden of production then shifts to the debtor to demonstrate the exemption is proper. Fed. R. Evid. R. 301. The debtor's standard of proof is also "preponderance of the evidence." *United States ex rel. Farmers Home Admin. v. Arnold & Baker Farms,*  177 B.R. 648, 654 (9th Cir. BAP 1994).

Here, Debtor bears the burden of proof to show entitlement to the homestead exemption because the Orange County Treasurer-Tax Collector records do not indicate that there is a "current homeowner's exemption or disabled veteran's exemption" for the Property. A copy of the 2021-22 tax bill for the Property is attached to the Hays Declaration as Exhibit 24.

Although Debtor claims to have recorded a Homestead Declaration, she did so with the Orange County Clerk-Recorder, not the Orange County Treasurer-Tax Collector. Declared homesteads are not applicable to sales by a bankruptcy trustee. *See In re Sain,* 584 B.R. 325, 329 (Bankr. S.D. Cal. 2018) (indicating that only the automatic homestead was available to a debtor who held a recorded declaration of homestead, because the debtor had not elected a declared homestead exemption in his schedules, and declared homesteads are not applicable to sales by bankruptcy trustees); *see also See Kelley v. Locke (In re Kelley),* 300 B.R. 11, 21 (B.A.P. 9th Cir. 2003) (noting that in the bankruptcy context, a debtor's declaration of homestead "helps him not at all, as the additional benefits conferred in Article 5 [Sections 704.910-704.995] would benefit him only in the situation of a voluntary sale"). Therefore, Debtor bears the burden of proof for the homestead exemption.

3.   <u>Debtor failed to meet her burden that the Property is
subject to exemption</u>

In *In re Shaefers,* the Ninth Circuit BAP found that a  Chapter 7 debtor

---

EXHIBIT 1, PAGE 8

**United States Bankruptcy Court**
**Central District of California**
Santa Ana
Erithe Smith, Presiding
Courtroom 5A Calendar

---

Thursday, July 21, 2022                                              Hearing Room          5A

---

10:30 AM
CONT...        Jamie Lynn Gallian                                                    Chapter 7

cannot claim homestead exemption in limited liability company (LLC) that he
owned, which owned real property at which debtor resided; debtor did not
identify any beneficial or equitable interest in the property, and LLC members
such as debtor had no interest in the company's assets, rather, debtor's
interest in LLC was a personal property interest outside the statutory
definition of a homestead. 623 B.R. 777 (B.A.P. 9th Cir. 2020).

Here, Debtor has failed to meet her burden that the Property is subject
to exemption. First, the HCD records show that J-Sandcastle LLC, not Debtor,
was the Property's owner of record on the Petition Date. As of June 7, 2021—
about a month before the Petition Date—the Property's registered owner was
J-Sandcastle LLC, and the legal owners were Pierpont and J-Pad LLC. Hays
Decl., Ex. 17 at 142. The HCD webpage indicates that "documents and fees"
must be submitted to the HCD to transfer ownership of a manufactured home
or manufactured home. The June 7, 2021, Title Search did not note any
pending applications for title or registration change that might have added
Debtor as the registered or legal owner of the Property before the Petition
Date. And, Debtor paid no fees to the HCD between June 7, 2021, and the
Petition Date that could have effectuated a title change. *See* Hays Decl., Ex.
26.

Moreover, the July 2021 HCD Transaction had a transaction date of
July 14, 2021—five days after the Petition Date—and included a certificate of
title showing J-Sandcastle LLC as the Property's registered owner and
Pierpont and J-Pad LLC as the Property's legal owners. Hays Decl., Ex. 21 at
171. Included in this post-petition transaction was a document to add Debtor
as the Property's "New Registered Owner." *Id*. at 172. Also attached was a
County of Orange "Tax Clearance Certificate" issued and executed on the
Petition Date, which gave the Property's "Current Registered Owner" as J-
Sandcastle LLC. *Id*. at 191. The August 2021 HCD Transaction did include a
certificate of title showing Debtor as the Property's registered owner, but
according to the certificate, title was issued on August 3, 2021, nearly a
month after the Petition Date. Hays Decl., Ex. 22 at 195.

Second, between February 1, 2021, and the Petition Date, all
payments that Debtor submitted to Houser Bros. listed J-Sandcastle LLC as
the payor/were on behalf of J-Sandcastle LLC. Only after the Petition Date

---

EXHIBIT 1, PAGE 9

## United States Bankruptcy Court
## Central District of California
### Santa Ana
### Erithe Smith, Presiding
### Courtroom 5A Calendar

**Thursday, July 21, 2022**                                     **Hearing Room      5A**

<u>10:30 AM</u>
**CONT...      Jamie Lynn Gallian**                                         **Chapter 7**

did Debtor submit a payment on her own behalf. *See* Hays Decl. Ex. 23 at
203-222.

        Third, Debtor provides no credible evidence that she acquired an
interest from the LLC on February 25, 2021. In Debtor's Original Schedules,
filed on the Petition Date (July 9, 2021), Debtor provided, under penalty of
perjury, that "Registered Title with HCD Debtor's single member LLC, J-
Sandcastle Co, LLC." Motion at 33 (Exhibit 2). In addition, Debtor, in the
Opposition, asserts J-Sandcastle LLC's executed a notarized release of title
document, claiming: "On the petition date July 9, 2021, the registered title
owner of the manufactured home located at 16222 Monterey Lane, Unit #376,
Huntington Beach, CA 92649 ('Property') was Jamie Lynn Gallian as of
February 25, 2021, the date J-Sandcastle Co LLC signed and dated to
release the Certificate of Title to Jamie Lynn Gallian, notarized the same
date." Opp'n., 29. However, Mr. Buysman did not actually notarize these
documents. Instead, Mr. Buysman's notary book shows that on February 25,
2021, he notarized for Debtor an "Affidavit of Death" and a "Transfer Grant
Deed." Buysman Decl., ¶7-11. Mr. Buysman did not notarize the July 2021
HCD Submission either. *Id*.  Debtor's improperly filed July 8 response, even if
considered by the court, would be insufficient to counter the statements and
documentary evidence set forth in the Buysman Declaration.

        Fourth, any alleged unrecorded transfer of title to Debtor personally
was ineffective. *See In re Farokhirad*, Case No. 8:21-bk-10026-MW, ECF No.
98 (Bankr. C.D. Cal. Apr. 29, 2021) (sustaining a trustee's objection to an
individual debtor's claimed homestead exemption in property held by a wholly
owned LLC, and indicating that a provision of the LLC agreement purporting
to transfer an interest in the property to the debtor prepetition was ineffective
because an unrecorded deed could not bind the trustee). In California,
unperfected (i.e. unrecorded) liens against real property are unenforceable
against a bona fide purchaser for value, and Trustee is "clothed with the
status of a hypothetical bona fide purchaser of real property under Section
544(a)(3). *In re Tleel*, 79 B.R. 883, 887 (B.A.P. 9th Cir. 1987); Cal.Civ.Code
§§ 1214, 1217. Section 544, however, must be applied "without regard to any
knowledge of the trustee or of any creditor." 11 U.S.C. § 544(a). Therefore,
actual notice cannot overcome the Trustee's bona fide purchaser status. *In re
Tleel*, 876 F.2d 769, 772 (9th Cir. 1989). Pursuant to Section 544, the trustee

EXHIBIT 1, PAGE 10

# United States Bankruptcy Court
## Central District of California
### Santa Ana
### Erithe Smith, Presiding
### Courtroom 5A Calendar

---

**Thursday, July 21, 2022**                                        **Hearing Room        5A**

---

<u>10:30 AM</u>
**CONT...       Jamie Lynn Gallian**                                                   **Chapter 7**

is treated as a lien creditor and/or bona fide purchaser as of the date of the commencement of the case. *In re Tleel*, 79 B.R. 883, 886 (B.A.P. 9th Cir. 1987).

While Debtor asserts the Property was actually transferred from J-Sandcastle LLC to Debtor on February 25, 2021, the transfer was not recorded until after the Petition Date. Hays Decl., Ex. 19 at 145. As such, Trustee would be treated as a bona fide purchaser as of the Petition Date.

In conclusion, Debtor failed to carry her burden because, on the Petition Date, the Property's registered owner was J-Sandcastle LLC, and the legal owners were Pierpont and J-Pad, LLC. As a result, the Property was not part of the estate and not eligible for an exemption. The court, therefore, need not address Movant's alternative argument re 11 U.S.C. 522(p) except to say that had Debtor provided sufficient evidence of a transfer on February 25, 2021, the limitations of 522(p) would have applied.

| Party Information |
|---|

**<u>Debtor(s):</u>**

Jamie Lynn Gallian                          Pro Se

**<u>Trustee(s):</u>**

Jeffrey I Golden (TR)                       Represented By
                                            Aaron E DE Leest
                                            Eric P Israel

---

EXHIBIT 1, PAGE 11