From: **Cruz, Sylvia@HCD**
Subject: Title Search - LBM1081
Date: January 18, 2019 at 8:17 AM
To: Jamie Gallian

Hello Ms. Gallian,

Here is the transfer information you can use to show the unit has been transferred until the original Title goes out from our Sacramento District Office.

Sylvia

STATE OF CALIFORNIA - BUSINESS, CONSUMER SERVICES, AND HOUSING GAVIN NEWSOM, Governor
**DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT**
**DIVISION OF CODES AND STANDARDS**

## Title Search

Date Printed: Jan 18, 2019

| | | | |
|---|---|---|---|
| Decal #: | LBM1081 | Use Code: | SFD |
| Manufacturer: | SKYLINE HOMES INC | Original Price Code: | BVH |
| Tradename: | CUSTOM VILLA | Rating Year: | |
| Model: | | Tax Type: | LPT |
| Manufactured Date: | 05/29/2014 | Last ILT Amount: | |
| Registration Exp: | | Date ILT Fees Paid: | |
| First Sold On: | 07/28/2014 | ILT Exemption: | NONE |

| Serial Number | HUD Label / Insignia | Length | Width |
|---|---|---|---|
| AC7V710394GA | PFS1130282 | 60' | 15' 2" |
| AC7V710394GB | PFS1130281 | 56' | 15' 2" |

Registered Owner:

J-SANDCASTLE CO LLC
16222 MONTEREY LANE ROOM 376
HUNTINGTON BEACH, CA 92649

**Last Title Date:** 09/10/2014
**Last Reg Card:** Pending Reg Card
**Sale/Transfer Info:** Price $175,000.00 Transferred on 11/01/2018

Situs Address:

16222 MONTEREY LN SPACE 376
HUNTINGTON BEACH, CA 92649
Situs County: ORANGE

***END OF TITLE SEARCH***

STATE OF CALIFORNIA - BUSINESS, CONSUMER SERVICES, AND HOUSING — GAVIN NEWSOM, Governor

DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT
DIVISION OF CODES AND STANDARDS

# Title Search

Date Printed: Jan 18, 2019

| | | | |
|---|---|---|---|
| Decal #: | LBM1081 | Use Code: | SFD |
| Manufacturer: | SKYLINE HOMES INC | Original Price Code: | BVH |
| Tradename: | CUSTOM VILLA | Rating Year: | |
| Model: | | Tax Type: | LPT |
| Manufactured Date: | 05/29/2014 | Last ILT Amount: | |
| Registration Exp: | | Date ILT Fees Paid: | |
| First Sold On: | 07/28/2014 | ILT Exemption: | NONE |

| Serial Number | HUD Label / Insignia | Length | Width |
|---|---|---|---|
| AC7V710394GA | PFS1130282 | 60' | 15' 2" |
| AC7V710394GB | PFS1130281 | 56' | 15' 2" |

Registered Owner:

J-SANDCASTLE CO LLC
16222 MONTEREY LANE ROOM 376
HUNTINGTON BEACH, CA 92649

**Last Title Date:** 09/10/2014

**Last Reg Card:** Pending Reg Card

**Sale/Transfer Info:** Price $175,000.00 Transferred on 11/01/2018

Situs Address:

16222 MONTEREY LN SPACE 376
HUNTINGTON BEACH, CA 92649
Situs County: ORANGE

***END OF TITLE SEARCH***

address.

Thank you,

Sylvia

**From:** Jamie Gallian [mailto:jamiegallian@gmail.com]
**Sent:** Friday, January 18, 2019 7:45 AM
**To:** Cruz, Sylvia@HCD <Sylvia.Cruz@hcd.ca.gov>
**Subject:** Re: Proof of ownership request Re: Decal LBM1081
**Importance:** High

Thank you so much, if I can get the document prior to 8:30a, I have an exparte hearing with the Judge to try and stop the WRIT OF POSSESSION. I AM VERY GRATEFUL..
When it is ready, will or can it be emailed to my email address with a call to my cell number. Please advise.

JAMIE GALLIAN
714-321-3449

> On Jan 18, 2019, at 7:41 AM, Cruz, Sylvia@HCD <Sylvia.Cruz@hcd.ca.gov> wrote:
>
> Good morning Ms. Gallian,
>
> The application will be done first thing this morning. I can email you a Title Search showing the unit has been transferred to J-Sandcastle CO LLC.
>
> Thank you,
>
> Sylvia
>
> **From:** Jamie Gallian [mailto:jamiegallian@gmail.com]
> **Sent:** Thursday, January 17, 2019 4:04 PM
> **To:** Cruz, Sylvia@HCD <Sylvia.Cruz@hcd.ca.gov>
> **Subject:** Fwd: Proof of ownership request Re: Decal LBM1081
>
> Begin forwarded message:
>
> **From:** Jamie Gallian <jamiegallian@gmail.com>

 **Jamie Gallian <jamiegallian@gmail.com>**

---

**Urgent Please call Proof of ownership request Re: Decal LBM1081**
4 messages

---

**Jamie Gallian** <jamiegallian@gmail.com> Fri, Jan 18, 2019 at 8:26 AM
To: "Cruz, Sylvia@HCD" <Sylvia.Cruz@hcd.ca.gov>

Can you call me, it is very important. I just noticed possibly an error on the title.

Jamie 714-321-3449

> On Jan 18, 2019, at 8:24 AM, Cruz, Sylvia@HCD <Sylvia.Cruz@hcd.ca.gov> wrote:
>
> Your welcomed!
>
> **From:** Jamie Gallian [mailto:jamiegallian@gmail.com]
> **Sent:** Friday, January 18, 2019 8:19 AM
> **To:** Cruz, Sylvia@HCD <Sylvia.Cruz@hcd.ca.gov>
> **Subject:** Re: Thank you Re: Proof of ownership request Re: Decal LBM1081
> **Importance:** High
>
> I see it thank you so much.
>
> Jamie
>
> On Jan 18, 2019, at 8:17 AM, Cruz, Sylvia@HCD <Sylvia.Cruz@hcd.ca.gov> wrote:
>
> Hi Ms. Gallian,
>
> I just emailed the title search – let me know if you did not get it.
>
> **From:** Jamie Gallian [mailto:jamiegallian@gmail.com]
> **Sent:** Friday, January 18, 2019 8:04 AM
> **To:** Cruz, Sylvia@HCD <Sylvia.Cruz@hcd.ca.gov>
> **Subject:** Thank you Re: Proof of ownership request Re: Decal LBM1081
> **Importance:** High
>
> Thank you kindly.
>
> Jamie Gallian
>
> On Jan 18, 2019, at 7:53 AM, Cruz, Sylvia@HCD <Sylvia.Cruz@hcd.ca.gov> wrote:
>
> Hello Ms. Gallian,
>
> We are working on it right now. I will email the proof to your above

116

| TO (Name and Address): Lisa Ryan<br><br>16222 Monterey Lane Space 376<br>Huntington Beach, CA 92649 | LEVYING OFFICER (Name and Address):<br>Orange County Sheriff's Office<br>Sheriff's Civil Division<br>Suite 2<br>909 N. Main Street<br>Santa Ana, CA 92701<br><br>(714) 569-3700<br>Fax: (714) 569-2368<br><br>California Relay Service Number<br>(800) 735-2929 TDD or 711 |
|---|---|
| NAME OF COURT, JUDICIAL DISTRICT or BRANCH COURT, IF ANY:<br>Orange County Superior Court<br>700 Civic Center Drive West<br>Santa Ana, CA 92701<br>Central Justice Center | |
| PLAINTIFF: Houser Bros Co<br>DEFENDANT: Lisa Ryan | COURT CASE NO.: 30 2018 01013682 CLUDCJC |
| **Eviction Restoration Notice** | LEVYING OFFICER FILE NO.: 2018517508 |

To: Evicted Tenants, Property Owners, Their Agents and The Local Police:

By virtue of a Writ of Execution for Possession of Real Property, the following property was restored to the landlord on:

| **Eviction Date:** | 3/64/19 12:30 PM |
|---|---|
| **Eviction Address:** | 16222 Monterey Lane Space 376<br>Huntington Beach, CA 92649 |

Pursuant to Penal Code Sections 419 and 602, and judgment debtor, any persons removed by the Sheriff or Marshal, or any person not authorized by the landlord, who enters the real property after eviction, may be subject to arrest.

Pursuant to California Civil Procedure sections 715.010(b)(3) and 715.030, all personal property left on the premises has been turned over to the landlord. The landlord is responsible for the safe keeping of tenant's property for fifteen (15) days from the date of eviction. The landlord may charge a reasonable fee for removal and storage of the property. However, upon demand of the tenant, the landlord must return the tenant's property if the tenant pays all costs incurred by the property owner for storage and maintenance. If the costs are not paid by the tenant and the tenant does not take possession of the property left behind before the end of the fifteen (15) day period, the landlord may either sell the property at public sale and keep from the proceeds of the sale the costs of storage and of the sale (1988 CCC). If the property is valued at less than $700.00, the landlord may dispose of the property or retain it for his own use. (1174 CCP)




Date: 3/14/19

Don Barnes
Sheriff-Coroner

By: [signature] 6252
Sheriff's Authorized Agent

GPM Form 6.33
12/19/2012 (Revised)

543455

118

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE CENTRAL JUSTICE CENTER**

**MINUTE ORDER**

DATE: 03/06/2019 TIME: 08:30:00 AM DEPT: C61

COMMISSIONER: Carmen Luege
CLERK: Ryan Castillo
REPORTER/ERM:
BAILIFF/COURT ATTENDANT: C. Gonzalez

CASE NO: **30-2018-01013582-CL-UD-CJC** CASE INIT.DATE: 08/21/2018
CASE TITLE: **Houser Bros. Co. vs. Ryan**
CASE CATEGORY: Civil - Limited CASE TYPE: Unlawful Detainer - Residential

EVENT ID/DOCUMENT ID: 72999194
**EVENT TYPE**: Ex Parte
MOVING PARTY: Jamie L Gallan
CAUSAL DOCUMENT/DATE FILED: Ex Parte Application - Other, 03/05/2019

EVENT ID/DOCUMENT ID: 72999195
**EVENT TYPE**: Ex Parte
MOVING PARTY: Jamie L Gallan
CAUSAL DOCUMENT/DATE FILED: Ex Parte Application - Other, 03/05/2019

**APPEARANCES**
Vivienne J. Alston, from Alston, Alston & Diebold Attorneys at Law, present for Plaintiff(s).
Jamie L Gallan, self represented Interested Party, present.

Proceedings recorded electronically.

Ex-Parte application for reconsideration to intervene and TRO to stay writ of possession is requested by Jaime Gallion.

Ex-parte Application is read and considered.

The Court having fully considered the arguments of all parties, both written and oral, as well as the evidence presented, now rules as follows:

The motion for reconsideration to intervene and TRO to stay writ of possession is GRANTED .

The Court allows Gallian to intervene as to the writ of possession execution in this case. The Court finds there was improper execution as the judgment was against Lisa Ryan and all unknown occupants. On 1/2/2019, Plaintiff filed an unlawful detainer for the premises address in this matter against Jamie Gallian. The Court finds on these facts, Jamie Gallian is NOT an unknown occupant.

The Court orders Plaintiff to place Jamie Gallian back in possession by 5:00 PM today.

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF ORANGE

DEPARTMENT C61

HOUSER BROS COMPANY
PLAINTIFF,
V.
LISA RYAN, AN INDIVIDUAL,
DEFENDANT.

NO. 30-2018-01013582

HONORABLE CARMEN R. LUEGE, JUDGE PRESIDING

REPORTER'S TRANSCRIPT

MARCH 6, 2019

APPEARANCES OF COUNSEL:

FOR PLAINTIFF: ALSTON, ALSTON & DIEBOLD
BY: VIVIENNE J. ALSTON, ESQ.

FOR DEFENDANT: *(NO APPEARANCE.)

FOR INTERESTED PARTY: JAMIE LYNN GALLIAN, IN PROPRIA PERSONA

PATRICK R. BREZNA, CSR #5288
CERTIFIED REALTIME REPORTER,
REGISTERED PROFESSIONAL REPORTER

SANTA ANA, CALIFORNIA - WEDNESDAY, MARCH 6, 2019

(MORNING SESSION)

(THE FOLLOWING PROCEEDINGS WERE HAD IN OPEN COURT AND ARE BASED ON AN AUDIO RECORDING:)

**THE COURT:** JAMIE GALLIAN.

**MS. ALSTON:** GOOD MORNING.

VIVIENNE ALSTON APPEARING ON BEHALF OF THE PLAINTIFFS, HOUSER BROTHERS. I HAVE WITH ME KATHERINE CURTISS, A MEMBER OF HOUSER BROTHERS.

**THE COURT:** ALL RIGHT. THIS CASE IS ELECTRONICALLY RECORDED AND CREATES AN OFFICIAL RECORD OF THE PROCEEDINGS.

WHO'S HERE FOR THE PLAINTIFFS?

**MS. ALSTON:** VIVIENNE ALSTON APPEARING ON BEHALF OF THE PLAINTIFFS, HOUSER BROTHERS.

**THE COURT:** GO AHEAD AND STATE YOUR APPEARANCE.

**JAMIE LYNN GALLIAN:** GOOD MORNING, YOUR HONOR.

JAMIE GALLIAN.

**THE COURT:** ALL RIGHT. SO DO WE HAVE A TRIAL DATE ON THIS CASE, THE UNLAWFUL DETAINER THAT IS PENDING AGAINST MS. GALLIAN?

**MS. ALSTON:** NO, YOUR HONOR, WE DON'T HAVE A TRIAL DATE.

**JAMIE LYNN GALLIAN:** NO.

**THE COURT:** EXCUSE ME.

**MS. ALSTON:** NO, YOUR HONOR, WE DO NOT HAVE A TRIAL DATE.

**THE COURT:** WHY NOT?

**MS. ALSTON:** BECAUSE SHE ANSWERED WITHIN THE LAST, I THINK, NINE DAYS. WE STILL HAVE DISCOVERY TO GO THROUGH BEFORE A TRIAL DATE IS SET.

**THE COURT:** SO HERE'S MY PROBLEM. I HAVE A TENTATIVE ALREADY IN MIND. AND MY TENTATIVE IS THAT I'M GOING TO STAY EXECUTION OF ANY WRIT IN THIS CASE, IN THIS CASE WHICH IS AGAINST MS. RYAN, NOT AGAINST MS. GALLIAN, THIS DEFENDANT. AND I'M GOING TO ALLOW YOU, BECAUSE I KNOW YOU HAVE A PENDING CASE AGAINST MS. GALLIAN FOR UNLAWFUL DETAINER, TO LITIGATE THAT IN C66.

AND THE REASON I SAY THAT, THE WRIT IN THIS CASE WAS AGAINST LISA RYAN. THE WAY THAT -- THAT SHE -- THAT MS. GALLIAN GETS INVOLVED IN THIS SITUATION IS THAT, BETWEEN THE PERIOD THAT THE COURT ISSUES JUDGMENT AGAINST RYAN, RYAN SELLS THE PROPERTY TO GALLIAN, OKAY.

NOW, ONE OF THE THINGS THAT I THINK IS ENCOURAGED IN CASES INVOLVING MOBILE HOMES IS THAT WHEN THE PERSON WHO OWNS THE MOBILE HOME IS OUSTED FROM THERE, OF THE PARK, IS USUALLY BECAUSE THEY'RE BEHIND IN RENT PAYMENTS ON THE SPACE, OR SOMETIMES FOR OTHER CAUSES BECAUSE YOU HAVE TO HAVE CAUSE FOR A MOBILE HOME REMOVAL. IT'S THE SPACE THAT IS AT ISSUE, NOT THE MOBILE HOME ITSELF. BUT THE MOBILE HOME OFTENTIMES CANNOT BE MOVED,

EITHER BECAUSE OF THE EXPENSE PROHIBITS IT, OR BECAUSE MAYBE THE MOBILE HOME PARK DO NOT ACCEPT OLDER MOBILE HOMES. I HAVE HAD EXPERTS IN HERE TESTIFY COST CAN BE IN EXCESS OF $10,000.

AND SO, UH, THE REALITY BECOMES THAT WHAT HAPPENS WHEN YOU SAY, OKAY, THE PLAINTIFF IS ENTITLED TO THE SPACE IN THERE, THE MOBILE HOME CANNOT BE MOVED. AND USUALLY WHAT HAPPENS, OFTEN HAPPENS, IS THAT THE MOBILE HOME PARK, THEY MOVE THE PERSON OUT AND THEY SELL THE PROPERTY THEMSELVES. THAT'S ONE OPTION. THE OTHER OPTION IS GIVING ENOUGH TIME FOR THE OWNER OF THE MOBILE HOME TO SELL.

NOW, IN THIS PARTICULAR INSTANCE, WE HAVE AN INTERESTING SITUATION WHICH, BY THE WAY, I HAVEN'T SEEN IT IN THE EIGHT YEARS I'VE BEEN SITTING HERE, WHERE THE ACTUAL MOBILE HOME IS SOLD, PRESUMABLY, IN THE TIME PERIOD THAT IS BETWEEN THE JUDGMENT AND THE EXECUTION OF THE WRIT, WHICH REALLY IS WHAT THE WHOLE FRAMEWORK OF THIS ENCOURAGES; THAT THE HOMEOWNER, THE PRIOR, MS. RYAN, WILL FIND A BUYER AND SELL IT. AND THAT'S EXACTLY WHAT HAPPENED. THAT'S HOW GALLIAN CAME INTO POSSESSION.

NOW, I KNOW THAT SHE MADE A MOTION TO INTERVENE BEFORE IT CAME TO THIS DIRE SITUATION WE HAVE NOW. AND AT THE TIME, I DIDN'T WANT HER TO BE INTERVENING BECAUSE THIS CASE HAS REALLY NOTHING TO DO WITH HER, AS FAR AS I CAN TELL. MY THOUGHT WAS THAT ONCE SHE BOUGHT THE

PROPERTY, THAT THERE WILL BE A PROCESS. BECAUSE I KNOW THAT PEOPLE ARE ENTITLED TO DUE PROCESS IN THE MOBILE HOME CONTEXT; OTHERWISE, THERE WOULD BE AN ASSESSMENT MADE WHETHER OR NOT SHE'S A GOOD CANDIDATE TO BECOME A MEMBER OF THE PARK.

AND THAT'S WHERE MY WHOLE THOUGHT IS AT; THAT AT THE TIME OF THE SITUATION, I DIDN'T THINK -- AND I THINK I MAY HAVE TOLD HER -- I DIDN'T EXPECT THAT THE WRIT THAT I HAD ISSUED IN THIS CASE WOULD BE USED AGAINST ANY OWNER OF THE MOBILE HOME BECAUSE I THOUGHT THAT THERE WOULD BE A PROCESS BY WHICH THE MOBILE HOME PARK WOULD MAKE A DETERMINATION OF WHETHER OR NOT SHE SATISFIES THE REQUIREMENTS THEY HAVE TO BECOME A PARK MEMBER.

I GATHERED THAT NOW, FOR WHATEVER REASONS, THE PARK HAS DECIDED THAT SHE'S NOT A GOOD TENANT THERE. THEY DON'T WANT HER AS A TENANT, SO THEY'RE NOT WILLING TO APPROVE. SO NOW WE HAVE A SITUATION WHERE MS. GALLIAN OWNS THE MOBILE HOME, BUT THE PARK IS NOT GIVING HER AUTHORIZATION TO STAY IN THIS SPACE BECAUSE SHE'S NOT A TENANT THAT THEY WANT TO HAVE THERE. THAT'S WHAT I THINK IS HAPPENING HERE.

AND I'M OKAY WITH THAT, BUT I'M NOT GOING TO LITIGATE THAT ISSUE HERE. SO I'M STILL ALLOWING HER TO INTERVENE BECAUSE I DON'T THINK IT SHOULD BE LITIGATED HERE. THE ISSUE OF WHETHER OR NOT GALLIAN HAS THE RIGHT TO POSSESSION NEEDS TO BE DETERMINED IN THE CASE THAT IS

PENDING IN C66.

AND PERHAPS ONE OF THE ISSUES THAT WILL BE LITIGATED THERE IS THE QUESTION OF, ONE, DID SHE ACTUALLY BUY THE PROPERTY; DID SHE BECOME THE OWNER OF THE MOBILE HOME. AND THE SECOND ISSUE IS, MY THOUGHT IS, UNDER THE MOBILE HOME LAW, YOU KNOW, YOU HAVE TO HAVE GOOD CAUSE TO REJECT A TENANT. YOU CANNOT JUST WILLY-NILLY START REJECTING PEOPLE. SO I THINK THAT THERE ARE REGULATIONS AND RULES THAT COME INTO PLAY. AND IT COULD BE LITIGATED IN THE OTHER CASE AGAINST MS. GALLIAN WHETHER THE PARK FOLLOWED CORRECT PROCEDURE, WHETHER, YOU KNOW -- I DON'T KNOW. IT'S OPEN TO LITIGATION, I THINK.

SO FOR ALL THOSE REASONS, I THINK IT WOULD BE PREMATURE AT THIS MOMENT TO SAY MS. GALLIAN NEEDS TO BE EVICTED ON THE WRIT ISSUED IN THIS CASE BECAUSE WE ALREADY KNOW THAT, IN SHORT NOTICE, YOU'RE GOING TO HAVE A TRIAL IN HER CASE. AND I THINK THAT JUDGE HONER WAS RIGHT WHEN SHE SAID THAT SHE COULD STOP EXECUTION OF THE WRIT I ISSUED, BECAUSE I ISSUED IT IN THIS MATTER.

BUT I HAVE THE DISCRETION, ON THESE FACTS, I THINK, TO STAY EXECUTION OF THIS WRIT AGAINST MS. GALLIAN AS AN UNKNOWN OCCUPANT, WHICH IS THE ONLY WAY YOU GUYS CAN GET HER OUT BECAUSE SHE IS NOT A NAMED DEFENDANT. BUT EVEN AS AN UNKNOWN OCCUPANT, I HAVE THE DISCRETION TO STOP THAT AND GIVE HER THE OPPORTUNITY TO GIVE HER THE TRIAL THAT SHE'S ENTITLED TO HAVE.

THOSE ARE MY THOUGHTS. THAT'S MY TENTATIVE.

**MS. ALSTON:** YOUR HONOR, FIRST OF ALL, I WANT TO MAKE SURE THE COURT IS AWARE THAT THE WRIT HAS BEEN EXECUTED.

**THE COURT:** NO. I KNOW.

**MS. ALSTON:** OKAY.

**THE COURT:** I'M AWARE. BUT I'M GOING TO PUT IT BACK, WHICH IS RARE, BUT...

**MS. ALSTON:** AND I DON'T THINK --

**THE COURT:** IT'S A RARE CASE IN MANY WAYS, BECAUSE I DON'T UNDERSTAND --

**MS. ALSTON:** BUT --

**THE COURT:** CAN I SAY WHAT I DON'T UNDERSTAND?

IF YOU HAVE A CASE AGAINST MS. RYAN, AND YOU KNOW THAT RYAN SOLD THE PROPERTY TO GALLIAN, I DON'T UNDERSTAND WHY YOU'RE TRYING TO EXECUTE THIS WRIT THAT'S ISSUED IN THIS CASE. AND THE PROBLEM IS THAT YOU DON'T THINK THAT GALLIAN QUALIFIES, THEN I THINK IT'S --

**MS. ALSTON:** WE DON'T BELIEVE THAT SHE QUALIFIES, YOUR HONOR --

**THE COURT:** I UNDERSTAND. BUT --

**MS. ALSTON:** -- AND WE WILL FIGHT THAT OUT AS TO POSSESSION OF THE PROPERTY BY THE OCCUPATION OF THE MOBILE HOME. HOWEVER, WE EXECUTED THE WRIT AGAINST MS. GALLIAN AS AN UNKNOWN OCCUPANT. THIS COURT ALLOWED IT.

**THE COURT:** NO, NO. THIS COURT -- NO, NO, I DID NOT

I ALLOW IT. WHAT IT WAS IS, SHE COULDN'T INTERVENE WHEN I THOUGHT THERE WOULD BE A PROCESS. I -- I -- I DID NOT EXPECT -- PART OF THE PROBLEM IS THAT EVEN AT THE TIME THAT YOU EXECUTED IT, BECAUSE IT WAS AFTER THE HEARING, SHE'S NOT EVEN AN UNKNOWN OCCUPANT AT THE TIME. SHE IS A KNOWN OCCUPANT. IN FACT, YOU WENT AND FILED THE OTHER CASE.

SO THAT'S WHY I DON'T THINK THAT THE SHERIFF CAN EXECUTE AN UNKNOWN OCCUPANT WRIT IN THIS CASE AGAINST WHAT NOW IS A KNOWN OCCUPANT. AND AT THE TIME OF THE EXECUTION OF THE WRIT, SHE IS A KNOWN OCCUPANT, NOT AN UNKNOWN ONE. AND YOU ALREADY HAVE ACKNOWLEDGED THAT BECAUSE YOU HAVE FILED THE CASE AGAINST HER AS A KNOWN OCCUPANT IN THE U.D. YOU FILED AGAINST MS. GALLIAN.

**MS. ALSTON**: I BELIEVE THAT SHE IS AN OWNER OCCUPANT, YOUR HONOR. I MEAN, WE HAD -- BUT SHE HAS OBTAINED POSSESSION OF THE PROPERTY THROUGH MS. RYAN, PLACED HER IN POSSESSION OF THE HOME, AND --

**THE COURT**: WHO SOLD THE HOME TO HER?

**MS. ALSTON**: BUT THE SALE OF THE HOME DOES NOT GIVE HER ANY POSSESSORY RIGHTS OF THE LAND.

**THE COURT**: NO, NOT OF THE LAND. BUT THAT'S WHY I MADE THE PREMISE I MADE, BECAUSE IN THE CONTEXT OF MOBILE HOME LAW, ONCE THE PERSON'S GOING TO BUY THE PROPERTY, THERE'S A PROCESS THAT SHE HAS TO BE AN ACCEPTABLE TENANT. I UNDERSTAND THAT. AND I SAID TO THE TENANT, "I

UNDERSTAND THAT." THAT HAS TO BE LITIGATED IN THIS PARTICULAR CASE.

BECAUSE, THINK ABOUT IT. I DON'T KNOW HOW MANY TIMES I DO MOBILE HOME UNLAWFUL DETAINER CASES WHERE WHAT I'M ENCOURAGING THE DEFENDANT TO DO IS TO ACTUALLY DO WHAT THE DEFENDANT DID HERE. BECAUSE THAT'S THE WHOLE GOAL. I THINK YOU SELL IT, AND PART OF THE MONEY IS USED TO COVER WHATEVER IS OWED, AND THEN THE OTHER NEW PERSON BECOMES THE NEW TENANT IN THE PARK. I MEAN, THAT'S THE IDEAL SITUATION. I DON'T KNOW WHY YOU'RE DOING THAT HERE, BUT I DON'T WANT TO LITIGATE THAT HERE.

**MS. ALSTON:** WELL, IT DIDN'T WORK HERE BECAUSE -- WELL, IT DIDN'T WORK HERE, YOUR HONOR, BECAUSE THEY DIDN'T FOLLOW THE STIPULATED JUDGMENT. THE STIPULATED JUDGMENT HAD A LIST OF THINGS -- OF TERMS THAT THEY WERE PROVISIONS THEY WERE SUPPOSED TO FOLLOW IN THE SALE, AND THEY COMPLETELY BREACHED THOSE.

**THE COURT:** "THEY" WHO; MS. RYAN?

**MS. ALSTON:** MS. RYAN AND MS. GALLIAN.

**THE COURT:** WELL, MS. GALLIAN IS NOT A PARTY TO THAT AGREEMENT.

**MS. ALSTON:** BUT SHE WAS BUYING IT FROM MS. RYAN.

**THE COURT:** I KNOW. BUT --

**MS. ALSTON:** AND GOES FOR --

**THE COURT:** BUT SHE -- NO. BUT SHE'S NOT AN OWNER OCCUPANT.

**MS. ALSTON:** I THINK THAT SHE IS, YOUR HONOR. AND I THINK PRACTICALLY -- I MEAN, I'VE NOT BRIEFED IT, AND I DON'T HAVE CASES AND STATUTES THAT I CAN POINT TO IN THIS ISSUE BEFORE THE COURT --

**THE COURT:** WHAT ISSUES?

**MS. ALSTON:** THE ISSUE OF OWNER OCCUPANCY.

**THE COURT:** WELL, IF THE ISSUE OF UNKNOWN OCCUPANT IS NOT BEFORE THE COURT, I DON'T UNDERSTAND, BECAUSE THE ONLY WAY THAT THE PLAINTIFF IN YOUR CASE GETS TO EXECUTE THIS WRIT AGAINST MS. GALLIAN IS BECAUSE OF THE NONOCCUPANT.

**MS. ALSTON:** YES.

**THE COURT:** THE ISSUE WAS AGAINST RYAN.

**MS. ALSTON:** YES, AND ALL UNKNOWN OCCUPANTS.

**THE COURT:** THEN YOU'RE SAYING SHE IS AN UNKNOWN OCCUPANT?

**MS. ALSTON:** WHAT I'M SAYING IS THAT I DON'T HAVE A BRIEF TO PRESENT TO THIS COURT BECAUSE I WASN'T AWARE THAT THIS WAS GOING TO BE THE WAY THE COURT WAS GOING TO MOVE. AND IT WASN'T IN THE DOCUMENTS, SO IT'S TAKEN ME A LITTLE BIT UNAWARE.

HOWEVER, WHAT THE COURT IS CONTEMPLATING IS THAT ANYTIME THIS PERSON WHO IS GIVEN A JUDGMENT -- GETS A JUDGMENT, THAT THEY CAN SIMPLY TRANSFER THE UNIT OVER TO -- WHETHER IT'S AN APARTMENT, MOBILE HOME OR R.V., OR WHATEVER IT IS THAT THEY HAVE THAT IS LOCATED ON THE

PROPERTY, AND THEN TAKE THE -- THE PERSON TAKES POSSESSION OF THE UNIT, AND THEN THE WRIT CAN'T BE EXECUTED.

**THE COURT:** YOU MEAN, AS TO THAT PERSON. NO. THAT'S MY WHOLE POINT.

**MS. ALSTON:** I DON'T BELIEVE THE LAW WORKS THAT WAY, YOUR HONOR, BECAUSE THIS IS NEVER-ENDING POSSESSION OR OCCUPATION THAT PREVENTS THE PLAINTIFF FROM OBTAINING POSSESSION OF THE PROPERTY.

**THE COURT:** I AM CONCERNED ABOUT IT -- AND I UNDERSTAND YOUR POINT -- BUT I'VE DONE THIS FOR YEARS. SO IT'S UNCOMMON, FIRST, SO I'M TRYING TO ADDRESS ALL FUTURE OCCUPATION PROBLEMS. I'M ONLY TRYING TO ADDRESS THE PROBLEMS IN THIS PARTICULAR CASE ON THESE PARTICULAR FACTS.

WHAT I UNDERSTAND IS THAT GALLIAN BOUGHT THE PROPERTY FROM RYAN. AND I WANT TO EMPHASIS THAT. IT'S NOT RYAN BROUGHT SOME OTHER PERSON TO LIVE WITH HER. MY UNDERSTANDING IS, RYAN MOVED OUT, AND SORT OF ANTICIPATED BY THE STIPULATION, RYAN SOLD THE PROPERTY, ALL RIGHT, THE MOBILE HOME TO GALLIAN. AND NOW KNOWING THAT, WHAT I'M BEING ASKED TO SAY IS, IT'S OKAY TO USE THE WRIT IN THIS CASE AGAINST GALLIAN AS AN UNKNOWN OCCUPANT. THAT'S THE PROBLEM I HAD.

MY ANALYSIS SIMPLY SAYS TO ME, I AM NOT GOING TO DO THAT BECAUSE GALLIAN DOES -- IF I DID THAT, GALLIAN

DOES NOT GET TO LITIGATE THE QUESTION OF WHETHER THE HOME -- MOBILE HOME PARK IS CORRECT IN SAYING THAT SHE DOESN'T QUALIFY. I DON'T KNOW WHETHER SHE -- I DON'T KNOW WHETHER SHE QUALIFIES.

BUT I DO KNOW THIS IN MY HEAD: I WANT TO BE SURE THAT GALLIAN'S RIGHT TO LITIGATE WHETHER OR NOT, WHETHER OR NOT SHE QUALIFIES TO BE A TENANT AT THE PARK, BECAUSE THERE ARE PROVISIONS IN THE MOBILE HOME PARK THAT HAVE TO BE FOLLOWED TO DENY THAT. I WANT TO BE SURE THAT'S -- THAT SHE HAS A PLACE TO ARGUE THAT. NOW, I DON'T KNOW WHETHER MS. GALLIAN'S GOING TO WIN OR NOT, BUT WHAT I WANT IS TO CREATE A PROCESS THAT DOES NOT IMPEDE -- THAT DOES NOT INTERFERE WITH HER ABILITY TO LITIGATE THAT ISSUE.

AND IF YOU'RE RIGHT THAT MS. GALLIAN DOESN'T QUALIFY, THEN I'M ASSUMING YOU'RE GOING TO WIN THE CASE ACROSS THE HALL. AND IF YOU'RE WRONG AND THE JUDGE FINDS THAT SHE DOES QUALIFY, THEN MAYBE SHE GETS TO CONTINUE TO BE IN POSSESSION.

AND THIS IS PARTICULARLY IMPORTANT IN MOBILE HOME PARK SITUATIONS BECAUSE OF THE SPECIAL CIRCUMSTANCES THAT I JUST FINISHED EXPLAINING THAT APPLIES TO MOBILE HOMES, WHICH IS THE REASON WHY THE LEGISLATURE IMPOSES SO MANY REGULATIONS ON THE WAY YOU CAN EVICT, ON THE WAY THAT -- YOU KNOW, IT'S SORT OF LIKE A WHOLE DIFFERENT SYSTEM PARALLEL TO THE REGULAR EVICTION STATUTES THAT ARE

MUCH MORE ONEROUS AND COMPLICATED. I THINK THAT THAT'S MOTIVATED BY WANTING TO PROTECT OWNERS IN MOBILE HOME PARKS.

SO THAT'S ALL I WANT, TO BE SURE -- I WANT TO BE SURE SHE GETS A SHOT. AND I DON'T THINK THERE'S ANY HUGE DETRIMENT TO THE PLAINTIFF BECAUSE SHE'S IN THE PARK, YOU ALREADY HAVE FILED THE CASE, SO THAT'S PENDING. I NOTICE THAT THERE IS AN ANSWER. AND I NOTICE -- BRIEFLY I WAS LOOKING TO SEE IF THERE WAS A TRIAL IN THE OTHER CASE. I THINK THERE'S NO TRIAL, BUT WE KNOW THAT WITHIN 21 DAYS OF YOU'RE MAKING YOUR REQUEST, YOU'RE GOING TO HAVE A TRIAL DATE. SO I THINK THIS IS ALL GOING TO GET RESOLVED VERY PROMPTLY IN THE OTHER CASE.

NOW, I'M LIMITING MY RULING ACCORDING TO THIS. I'M NOT TRYING TO GO ACROSS THE BOARD BECAUSE I COULD IMAGINE THAT SOMEONE COULD DO WHAT YOU JUST DESCRIBED, WHICH IS ABUSE THE PROCESS, RIGHT. SOMEBODY WHO IS AN ILL-INTENDED TENANT COULD BE GOING FOR POSSESSION, AND THEN YOU SAY THEY'RE NOT OWNER OCCUPANTS. I GET THAT. SO I AM NOT TRYING TO COME UP HERE WITH A RULING THAT'S GOING TO BE APPLYING ACROSS THE BOARD BECAUSE THAT IS NOT MY INTENT AT ALL. THIS IS VERY FACT-SPECIFIC IN WHAT I THINK IS A HIGHLY UNUSUAL CASE BECAUSE I HAVEN'T SEEN IT HAPPEN BEFORE.

**MS. ALSTON:** THIS HAS BEEN LITIGATED, YOUR HONOR. MS. GALLIAN BROUGHT A T.R.O., AND IT WAS GRANTED. THEY

WENT THROUGH A PRELIMINARY INJUNCTION. AND AT THE PRELIMINARY INJUNCTION, THE COURT MADE A RULING AS TO HER RIGHT TO POSSESSION, AND IT DETERMINED THAT SHE DIDN'T HAVE ANY.

**THE COURT**: I JUST SAID -- I READ THE RULINGS, BY THE WAY. THE PROBLEM THAT I WASN'T SATISFIED WITH IS WHETHER OR NOT SHE GOT TO LITIGATE THE QUESTION OF WHETHER THERE HAD BEEN COMPLIANCE WITH THE REGULATIONS OF MOBILE HOME PARKS, AND WHETHER SHE WAS A TENANT THAT MET THE REQUIREMENTS OF THE PARK SO THAT THEY COULD NOT --

**MS. ALSTON**: SHE DID.

**THE COURT**: THAT'S NOT APPARENT FROM THE MOVING PAPERS. THAT'S WHAT I HAVE. AND IF I DID HAVE THAT, THEN THE CASE NEXT DOOR IS GOING TO BE EVEN FASTER BECAUSE IN THE CASE NEXT DOOR, YOU'RE GOING TO HAVE COLLATERAL ESTOPPEL, AND YOU'RE GOING TO BE ABLE TO SAY, "OH, THIS AS ALREADY LITIGATED, SO WE DON'T HAVE TO LITIGATE IT."

**MS. ALSTON**: I THINK THE COURT DID ADDRESS IT. IT'S THERE, YOUR HONOR. BUT I DO BELIEVE IT IS THERE WHEN IT SAYS THAT MS. GALLIAN'S POSSESSION OF THE SUBJECT MOBILE HOME WAS NEVER AUTHORIZED BY THE DEFENDANT, AND SHE IS, IN ESSENCE, A SQUATTER.

**THE COURT**: EXCUSE ME. I'M GOING TO TAKE ISSUE WITH THAT. I DON'T KNOW WHETHER THAT MEANS THAT SHE BECAME THE OWNER WITHOUT THE PERMISSION. AND I UNDERSTAND

THAT -- HOWEVER, I DON'T KNOW IF SHE GOT TO LITIGATE WHETHER THE PERMISSION WAS RIGHTFULLY OR WRONGFULLY DENIED. AND IT SEEMS TO ME THAT, IN THE CONTEXT OF ISSUING A TEMPORARY RESTRAINING ORDER OR NOT, THAT PROBABLY WOULDN'T BE THE BEST FORUM TO DO THAT. SHE PROBABLY NEEDS TO GO TO TRIAL.

BUT YOU DON'T HAVE TO CONVINCE ME OF THAT BECAUSE, AGAIN, THIS IS A SHORT DELAY. IF YOU'RE RIGHT, YOU'RE GOING TO GET A WRIT RIGHT ACROSS THE DOOR FROM HERE IN THAT COURTROOM WHEN YOU LITIGATE IT. AND IF YOU BELIEVE IT WAS LITIGATED, AND YOU BELIEVE YOU ALREADY HAVE A RULING ON THAT ISSUE, THEN YOU CAN ARGUE THAT WITH JUDGE HONER. BUT ALL I WANT TO DO IS STOP THIS PROCESS -- IN MY CASE, THAT'S ALL I CARE, IS TO GIVE MS. GALLIAN THE FULL OPPORTUNITY TO ARGUE WHETHER SHE HAS THE RIGHT TO POSSESSION IN THE CASE THAT YOU ALREADY FILED.

**MS. ALSTON:** I WOULD LIKE TO REQUEST THAT THE COURT TAKE JUDICIAL NOTICE OF THE RULINGS MADE IN FRONT OF JUDGE BAUER. AND THE CASE NUMBER IS -- I THINK I HAVE THE CASE NUMBER ON THE MINUTE ORDER.

**THE COURT:** I TAKE JUDICIAL NOTICE OF THE CASES IN THE ORANGE COUNTY SUPERIOR COURT.

**MS. ALSTON:** BUT SHE DID HAVE --

**THE COURT:** WHAT IS IT THAT YOU'RE LOOKING AT?

**MS. ALSTON:** I'M LOOKING AT MY DOCUMENTS, YOUR HONOR,

WHICH IS WHAT I QUOTED.

**THE COURT**: I HAVE SEEN IT. I JUST WANT TO BE SURE I KNOW WHAT I'M LOOKING AT, OKAY.

**MS. ALSTON**: BUT, YOUR HONOR --

**THE COURT**: WAIT A MINUTE. I THINK YOU DID HAVE AN ORDER. SO THE MINUTE ORDER BY JUDGE BAUER ISSUED 1/4/2019 -- WHICH, BY THE WAY, THE OTHER WAY I HAVE OF LOOKING AT THIS --

**JAMIE LYNN GALLIAN**: I HAVE A COPY OF IT, YOUR HONOR, IF YOU WANT TO SEE IT.

**THE COURT**: -- WHICH, YOU KNOW, AGAIN, PRIOR TO EXECUTION OF THE WRIT, WHICH MEANS, IF ANYTHING, THAT BY THE EXECUTION OF THE WRIT, IT JUST MEANS, BECAUSE OF HER EFFORTS, SHE IS AN UNKNOWN OCCUPANT. I'M STILL CONCERNED ABOUT THAT.

BUT I DON'T EVEN HAVE TO GO ON THAT POINT. I'M NOT TRYING TO GO ON THAT POINT, EITHER. I JUST WANT YOU TO UNDERSTAND, ALL I'M GOING TO DO IS STAY PROCEEDINGS BASED ON MY WRIT TO SEE WHAT HAPPENS IN THE CASE IN FRONT OF JUDGE HONER, AND THEN WE'LL SEE WHERE WE'RE AT.

**MS. ALSTON**: THE POINT I WANTED TO MAKE, SHE DID HAVE AN ATTORNEY PRESENT, AND IT WAS LITIGATED. THE COURT DID HAVE A NUMBER OF DECLARATIONS REGARDING EXPRESSLY EXPLAINING ALL OF THE REASONS THAT HER APPLICATION WAS DENIED. SO THAT HAD TO COME BEFORE A JUDGE, THAT HAS BEEN RULED UPON BY A JUDGE.

**THE COURT**: I DON'T UNDERSTAND.

WHAT IS THE DETRIMENT OF JUST, LIKE -- THIS IS GOING TO GET RESOLVED WITHIN THE NEXT 30 DAYS. IF YOU RIGHT NOW GO DOWNSTAIRS AND YOU ASK FOR THAT TRIAL, YOU GET A TRIAL IS WITHIN 30 DAYS. I DON'T UNDERSTAND.

WHAT IS THE DETRIMENT?

I'M TRYING TO UNDERSTAND.

IF I SAY THAT SHE'S IN POSSESSION OF THIS MOBILE HOME WHILE THE OTHER CASE IS BEING LITIGATED, WHAT IS THE DETRIMENT?

**MS. ALSTON**: THERE ARE A NUMBER OF DETRIMENTS. FIRST OF ALL, SHE'S HARASSING THE NEXT-DOOR NEIGHBORS, SHE'S ATTACHING FENCING TO THAT PROPERTY, AND THEY'RE HAVING FIGHTS OVER THAT AND SCREAMING MATCHES OVER THAT. THERE IS A T.R.O. IN PLACE AGAINST MS. GALLIAN WHERE SHE IS NOT SUPPOSED TO COME WITHIN --

**THE COURT**: THERE'S A T.R.O. OF HOW FAR?

**MS. ALSTON**: THREE HUNDRED FEET.

**JAMIE LYNN GALLIAN**: TEN YARDS, MA'AM. AND IT WAS FROM A PREVIOUS, UH -- THE MOBILE HOME PARK SHARES THE SAME SECURITY GATE WITH ANOTHER COMMUNITY THAT I SOLD MY PROPERTY. I LIVED THERE FOR OVER TEN YEARS, AND IT WAS TEN YARDS T.R.O. OF A BOARD MEMBER. TEN YARDS IS 30 FEET, SO IT HAS NOTHING TO DO WITH THIS CASE. IT'S NO VIOLENCE, NO NOTHING, RIGHT?

**MS. ALSTON**: WELL, THE T.R.O. HAS BEEN GRANTED. THE

INJUNCTION, IT'S A FIVE-YEAR INJUNCTION TO STAY AWAY OVER THAT ISSUE.

**JAMIE LYNN GALLIAN:** SHE FILED IT ON --

**THE COURT:** WHAT'S THE ISSUE?

**MS. ALSTON:** IT WAS APPROXIMATELY SIX, EIGHT WEEKS AGO, YOUR HONOR.

**THE COURT:** WHAT TYPE OF CASE IS THAT?

**JAMIE LYNN GALLIAN:** IT'S RIGHT ACROSS AT JUDGE HONER'S.

**MS. ALSTON:** IT WAS SHERRI HONER'S COURT, YOUR HONOR.

**THE COURT:** WAS THAT A CIVIL HARASSMENT CASE?

**MS. ALSTON:** YES, IT WAS A CIVIL HARASSMENT CASE. THERE WERE TWO -- EVERY TIME THAT SHE'S IN -- GOES THROUGH THE GATE, SHE VIOLATES THAT T.R.O.

**JAMIE LYNN GALLIAN:** NO, THAT IS NOT TRUE, MA'AM.

**MS. ALSTON:** AND SHE HAS A CRIMINAL CASE PENDING AGAINST HER AS WELL FOR VIOLATIONS OF ANOTHER T.R.O. AGAINST A YOUNG CHILD.

SO THESE ARE CONTINUING HARASSMENTS THAT ARE ONGOING. SO THE DETRIMENT IS THAT SHE'S VIOLATING A T.R.O., SHE'S HARASSING HER NEIGHBORS. I UNDERSTAND THAT THIS WILL BE HAPPENING QUICKLY, BUT SHE HAS THE COURT'S CONCERN THAT SHE HASN'T HAD AN OPPORTUNITY TO PRESENT HER CASE TO THE COURT AND DETERMINE WHETHER OR NOT HER OCCUPATION IS PROPER BECAUSE SHE WAS NOT APPROVED HAS BEEN LITIGATED AND HAS BEEN ADJUDGED BY THE COURT.

THE COURT HAS HAD --

**THE COURT:** WHEN DID YOU FILE THE OTHER CASE?

**MS. ALSTON:** THE OTHER CASE WAS FILED --

**THE COURT:** THE CASE, MA'AM?

**JAMIE LYNN GALLIAN:** JANUARY 2ND.

**MS. ALSTON:** YOUR HONOR, IT WAS JANUARY.

**THE COURT:** JANUARY 2ND?

**MS. ALSTON:** I DON'T KNOW THE DATE.

**JAMIE LYNN GALLIAN:** JANUARY 2ND, YOUR HONOR. IT WAS SERVED FEBRUARY 5TH ON ME. I HAVE IT RIGHT HERE, YOUR HONOR, IF YOU'D LIKE TO SEE IT.

(PAUSE IN PROCEEDINGS.)

**THE COURT:** THAT'S WHAT I MEAN. THAT'S MY WHOLE PROBLEM WITH THIS CASE. SHE'S NOT AN UNKNOWN OCCUPANT. THAT'S THE PROBLEM. SO I'M STILL BACK TO THIS PROBLEM. ON JANUARY 2ND, YOU FILED THE CASE. YOU KNOW SHE'S IN POSSESSION. AND SHE TOOK POSSESSION UNDER COLOR OF SOME RIGHTS BECAUSE SHE BOUGHT THE PROPERTY. AND YOU KNEW IN ORDER -- IN ORDER -- THE ONLY WAY THE WRIT IN THIS CASE AGAINST RYAN GETS TO BE EXECUTED AGAINST GALLIAN IS IF SHE IS AN UNKNOWN OCCUPANT.

AND WHEN THAT WRIT IS EXECUTED, SHE IS NOT AN UNKNOWN OCCUPANT. YOU HAVE FILED AN UNLAWFUL DETAINER ON JANUARY 2ND, WHICH MEANS TO ME SHE'S NOT AN UNKNOWN OCCUPANT. I AM NOT -- I -- THE BEST I CAN DO HERE IS, I'M PRETTY SURE I CAN RULE HERE THAT THE WRIT HERE IS NOT

EFFECTIVE, WHICH I THINK I'M ABOUT TO DO, OR I CAN JUST SAY IT'S WAITING FOR PROCEEDINGS NEXT DOOR.

BUT I WILL NOT HAVE THIS PERSON EVICTED UNDER THE UMBRELLA OF AN UNKNOWN OCCUPANT WHEN YOU FILED AN UNLAWFUL DETAINER ON JANUARY 2ND. AND BY THEN, SHE'S NO LONGER AN UNKNOWN OCCUPANT. SO BY THE TIME THIS GETS EXECUTED, SHE'S NOT AN UNKNOWN OCCUPANT. I THINK THAT'S A LOGICAL ISSUE OF WHAT AN UNKNOWN OCCUPANT IS. A NONOCCUPANT IS, THEY OPEN THE DOOR AND FIND FIVE PEOPLE LIVING THERE; THEY ONLY HAVE THE NAME OF RYAN. THEY DON'T HAVE THE FIVE PEOPLE TO GET OUT. THAT'S NOT WHAT HAPPENED IN THIS CASE. THAT'S NOT HERE BEFORE ME.

**MS. ALSTON:** YOUR HONOR, I DO BELIEVE THAT SHE QUALIFIES AS AN OWNER OCCUPANT. I DO BELIEVE THAT MY CONCERNS -- AND I KNOW THE COURT DOESN'T WANT TO RULE ON THIS MATTER, BUT AGAIN, IT'S A CONCERN IF ONE PERSON SAYS, "I'M GOING TO BE LOCKED OUT. I'M GOING TO PUT ANOTHER PERSON IN." AND --

**THE COURT:** IF YOU WANT TO LITIGATE -- IF YOU'RE ASKING ME TO LITIGATE WHETHER OR NOT SHE'S AN UNKNOWN OCCUPANT, SURE, WE CAN HAVE A BRIEFING SCHEDULE. I JUST THINK THE SOONER YOU GET OVER THERE, THE SOONER THIS CASE GETS DONE. I DON'T WANT TO HAVE AN ISSUE THAT STAYS -- WHICH SAYS THAT THE STAY IS GOING TO BE BEYOND THE COURT RULES IN THIS UNLAWFUL DETAINER, OR IF YOU WANT TO LITIGATE WHETHER OR NOT YOU CAN EXECUTE A WRIT AGAINST

THIS PARTICULAR INDIVIDUAL AS AN UNKNOWN OCCUPANT, YOU CAN GIVE ME -- COME UP WITH A BRIEFING SCHEDULE. BUT YOU GET TIME, SHE GETS TIME, BECAUSE THIS GOES TO THAT.

**JAMIE LYNN GALLIAN:** YOUR HONOR, I HAVE ONE MORE THING.

**MS. ALSTON:** YOUR HONOR, I AM CONCERNED. I DON'T WANT TO MAKE PEOPLE -- YOU KNOW, I DON'T WANT TO UNNECESSARILY EXPEND ATTORNEYS' FEES FOR MY CLIENT. IF THE COURT IS NOT GOING TO EXECUTE THE WRIT AT THIS TIME, I THINK IT WOULD BE BEST FOR US TO PROCEED. I DO, HOWEVER, HAVE GRAVE CONCERNS THAT THIS COURT IS OVERRULING JUDGE BAUER'S DECISION THAT'S BEEN LITIGATED.

**THE COURT:** IT'S NOT MY INTENT TO OVERRULE ANYBODY. IN FACT, I DON'T HAVE THE POWER TO OVERRULE ANYBODY. I ONLY HAVE THE POWER TO MAKE AN ASSESSMENT ABOUT THIS PARTICULAR CASE.

**MS. ALSTON:** THAT'S WHAT'S HAPPENING. AND I JUST WANT TO PRESENT THAT TO THE COURT.

**THE COURT:** I'M NOT OVERRULING JUDGE BAUER. I THINK HE FOUND THAT THE INJUNCTIVE RELIEF WAS NOT AVAILABLE IN THAT OTHER CASE. I'M NOT RULING ON THAT HERE. I DON'T EVEN KNOW THE IN'S AND OUT'S OF THAT.

MY RULING IS SIMPLY THAT, IN THIS -- AND I AM GOING TO RULE ON IT. IN THIS PARTICULAR CASE WHEN THE CASE WAS FILED, JAMIE GALLIAN WAS NOT A DEFENDANT. ONLY LISA RYAN WAS A DEFENDANT. LISA RYAN EXECUTED THE

STIPULATION. THE STIPULATION CONTEMPLATED HER TO STAY IN THE MOBILE HOME. THE MOBILE HOME -- LISA RYAN VACATED THE PROPERTY PURSUANT TO THE STIPULATION; THE MOBILE HOME WAS SOLD TO JAMIE GALLIAN.

**MS. ALSTON:** SHE DID NOT VACATE ON A TIMELY BASIS.

**THE COURT:** I DON'T WANT TO ARGUE THAT, AND THAT'S NOT BEFORE ME. SO PER THE STIPULATION, JAMIE GALLIAN PURCHASED THE PROPERTY FROM MS. RYAN AND MOVED INTO THE MOBILE HOME THAT MS. RYAN USED TO OCCUPY. AND ON JANUARY 2ND, 2019, THE PLAINTIFF IN THIS CASE, HOUSER BROTHERS, FILED AN UNLAWFUL DETAINER AGAINST MS. GALLIAN, PRESUMABLY BECAUSE THEY BELIEVE THAT SHE DOESN'T QUALIFY TO BE A PARK TENANT. AND THEY MAY HAVE OTHER REASONS FOR THAT. THAT'S NOT BEFORE THIS COURT.

WHAT IS BEFORE THIS COURT IS THAT AFTER FILING THAT UNLAWFUL DETAINER IN CASE NUMBER 2019-01041423, AFTER FILING THAT UNLAWFUL DETAINER, THE PLAINTIFFS HAVE SOUGHT TO EXECUTE IN THIS CASE A WRIT THAT WAS ISSUED IN THIS CASE -- IN THE CASE THAT I'M PRESIDING OVER -- WHICH IS 3582.

AND THE COURT FINDS THAT THAT'S NOT A PROPER EXECUTION OF THE WRIT. AND IT'S GOING TO ALLOW MS. GALLIAN TO INTERVENE FOR THE PURPOSE OF CHALLENGING THE EXECUTION OF THE WRIT AGAINST HER, WHICH HAD NOT OCCURRED, BACK IN JANUARY WHEN SHE TRIED TO INTERVENE. AT THAT POINT, SHE DIDN'T HAVE ANY INTEREST IN THE CASE.

AT THIS POINT, BECAUSE PLAINTIFF CHOSE TO EXECUTE THE WRIT AGAINST MS. GALLIAN, SHE NOW HAS THE RIGHT TO INTERVENE.

SO THE COURT HAS CONSIDERED THE MOTION THAT SHE WAS NOT PROPERLY EVICTED IN THIS CASE, BASED ON THIS CASE. AND THE COURT IS GOING TO RULE THAT THAT WAS IMPROPER EXECUTION OF THE WRIT, THE WRIT THAT WAS ISSUED BY MY COURT. THE WRIT ISSUED WAS CASE NUMBER 01013852 -- THE CASE IN FRONT OF ME -- AGAINST LISA RYAN.

AND THE ONLY WAY THAT JAMIE GALLIAN WOULD BE EVICTED WITH THAT WRIT, YOU KNOW, THE COURT FINDS THAT SHE'S NOT AN UNKNOWN OCCUPANT WHEN THE WRIT WAS EXECUTED, BECAUSE PLAINTIFF ALREADY KNEW THAT SHE WAS TRYING TO INTERVENE TO STOP EVICTION ON THIS WRIT. AND, IN FACT, THEY -- THERE HAD BEEN A PRIOR RULING ON THE INJUNCTIVE RELIEF IN A SEPARATE CASE IN WHICH PLAINTIFFS WERE WELL-AWARE SHE'S NOT A NONOWNER OCCUPANT AND PURCHASED THE PROPERTY -- THE MOBILE HOME -- FROM MS. RYAN.

AND THEY FILED THEIR OWN UNLAWFUL DETAINER AGAINST MS. GALLIAN JANUARY 2ND. AND WHEN THEY EXECUTED THAT WRIT A FEW DAYS AGO -- YESTERDAY, I THINK -- WHEN THEY EXECUTED THE WRIT, MS. GALLIAN WAS NOT AN UNKNOWN OCCUPANT. AND THAT WRIT DID NOT EXTEND TO HER. FOR THAT REASON, THE COURT IS GOING TO HOLD THAT THE PARK HAS MS. GALLIAN BACK IN POSSESSION OF THE MOBILE HOME.

THE ISSUE OF WHETHER OR NOT SHE'S A TENANT THAT

QUALIFIES UNDER PARK RULES TO BECOME A PERMANENT TENANT OF THE PARK, THAT IS GOING TO BE LITIGATED IN THE CASE PENDING UNDER CASE NUMBER 2019-01041423. SO THE LITIGATION WILL CONTINUE.

AND THIS RESULT, TO THE COURT, IS NOT ONLY TO THE EXTENT BECAUSE OF THE RULINGS I MAKE, BUT IT ALSO PROTECTS MS. GALLIAN'S DUE PROCESS RIGHTS TO LITIGATE THE QUESTION OF WHETHER OR NOT THE PARK PROPERLY EXERCISED ITS DISCRETION IN DECIDING THAT SHE WAS NOT A PROPER TENANT. SHE GETS TO LITIGATE THAT.

SO FOR ALL THOSE REASONS, THE COURT ORDERS THE PARK TO RETURN POSSESSION BY --

CAN YOU DO IT BY 5:00 P.M. TODAY?

**MS. ALSTON:** YES, YOUR HONOR.

**THE COURT:** SO THE ORDER IS THAT POSSESSION IS RETURNED TO MS. GALLIAN BY 5:00 P.M. TODAY.

ALL RIGHT. THIS IS GOING BACK TO COUNSEL, AND THIS IS GOING BACK TO THE DEFENDANT. AND I'M DONE WITH THIS CASE. THANK YOU VERY MUCH.

(PROCEEDINGS CONCLUDED.)

## REPORTER'S CERTIFICATE

STATE OF CALIFORNIA )
) SS.
COUNTY OF ORANGE )

I, PATRICK R. BREZNA, CSR NO. 5288, CERTIFIED REALTIME REPORTER, REGISTERED PROFESSIONAL REPORTER, DO HEREBY CERTIFY THAT THE FOREGOING REPORTER'S TRANSCRIPT IS A FULL, TRUE AND CORRECT TRANSCRIPTION OF MY SHORTHAND NOTES THEREOF, AND A FULL, TRUE AND CORRECT STATEMENT OF THE PROCEEDINGS HAD IN SAID CAUSE BASED ON AN ELECTRONIC RECORDING SUBMITTED TO ME BY JAMIE LYNN GALLIAN.

DATED AT ORANGE, CALIFORNIA, THIS 7TH DAY OF SEPTEMBER, 2020.

PATRICK R. BREZNA, CSR NO. 5288,
CERTIFIED REALTIME REPORTER,
REGISTERED PROFESSIONAL REPORTER

.

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE<br>STREET ADDRESS: 700 W. Civic Center DRIVE<br>MAILING ADDRESS: 700 W. Civic Center DRIVE<br>CITY AND ZIP CODE: Santa Ana 92701<br>BRANCH NAME: Central Justice Center | FOR COURT USE ONLY<br>FILED<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF ORANGE<br>Aug 05, 2019<br>Clerk of the Superior Court<br>By: Debra Lamm, Deputy |
|---|---|
| PLAINTIFF: Houser Bros. Co. | |
| DEFENDANT: Jamie Gallian | |
| SHORT TITLE: HOUSER BROS. CO. VS. GALLIAN | |
| **NOTICE OF DISMISSAL** | CASE NUMBER:<br>30-2019-01041423-CL-UD-CJC |

Date: 08/05/2019

Judicial Officer: Sherri Honer

On the Court's own motion, case dismissed pursuant to the Superior Court of California, County of Orange local rules.

Clerk of the Court

Dated: 08/05/2019

By Debra Lamm Deputy Clerk

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**

Central Justice Center
700 W. Civic Center DRIVE
Santa Ana 92701

**SHORT TITLE:** HOUSER BROS. CO. VS. GALLIAN

| CLERK'S CERTIFICATE OF SERVICE BY MAIL | CASE NUMBER: 30-2019-01041423-CL-UD-CJC |
|---|---|

I certify that I am not a party to this cause. I certify that a true copy of the above NOTICE OF DISMISSAL has been placed for collection and mailing so as to cause it to be mailed in a sealed envelope with postage fully prepaid pursuant to standard court practice and addressed as indicated below. The certification occurred at Santa Ana, California on 08/05/2019. Following standard court practice the mailing will occur at Sacramento, California on 08/06/2019.

Clerk of the Court, by: Debra Lamm, Deputy

JAMIE GALLIAN
16222 MONTEREY LANE # 376
HUNTINGTON BEACH, CA 92647

ALSTON, ALSTON & DIEBOLD ATTORNEYS AT LAW
27201 PUERTA REAL # 300
MISSION VIEJO, CA 92691

LAW OFFICE OF CASELLO & LINCOLN
525 N CABRILLO PARK DRIVE # 104
SANTA ANA, CA 92701



**Terms and Conditions (Remitter and Payee):**

* Please keep this copy for your record of the transaction
* The laws of a specific state will consider these funds to be "abandoned" if the Cashier's Check is not cashed by a certain time
  - Please cash/deposit this Cashier's Check as soon as possible to prevent this from occurring
  - In most cases, the funds will be considered "abandoned" before the "Void After" Date
* Placing a Stop Payment on a Cashier's Check
  - Stop Payment can only be placed if the Cashier's Check is lost, stolen, or destroyed
  - We may not re-issue or refund the funds after the stop payment has been placed until 90 days after the original check was issued
* Please visit a Chase branch to report a lost, stolen, or destroyed Cashier's Check or for any other information about this item

**FOR YOUR PROTECTION SAVE THIS COPY**
**CASHIER'S CHECK**

**Customer Copy**
1085736261

08/23/2019
Void after 7 years

**Remitter:** J-SANDCASTLE CO. LLC

**Pay To The Order Of:** HOUSER BROS CO.
SP. 376 11-1-18-8-30-19

$** 10,860.00 **

Memo:------------------------------------------------------------
Note: For information only. Comment has no effect on bank's payment.

Drawer: **JPMORGAN CHASE BANK, N.A.**
NON NEGOTIABLE

CIV-110

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Jamie Gallian, in pro per
16222 Monterey Lane, Space 376
Huntington Beach, CA 92647

TELEPHONE NO.: 714-321-3449 FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name): Jamie Gallian

FOR COURT USE ONLY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Orange
STREET ADDRESS: 700 Civic Center Drive West
MAILING ADDRESS:
CITY AND ZIP CODE: Santa Ana, CA 92701
BRANCH NAME: Central Justice Center

PLAINTIFF/PETITIONER: Katherine Curtiss et al.

DEFENDANT/RESPONDENT: Jamie Gallian

## REQUEST FOR DISMISSAL

[ ] Personal Injury, Property Damage, or Wrongful Death
[ ] Motor Vehicle [ ] Other
[ ] Family Law [ ] Eminent Domain
[X] Other (specify): Wrongful Eviction

CASE NUMBER: 30-2019-01052642-CU-WE-CJC

**- A conformed copy will not be returned by the clerk unless a method of return is provided with the document. -**

1. TO THE CLERK: Please **dismiss** this action as follows:
   a. (1) [ ] With prejudice (2) [X] Without prejudice
   b. (1) [ ] Complaint (2) [ ] Petition
   (3) [ ] Cross-complaint filed by (name): on (date):
   (4) [ ] Cross-complaint filed by (name): on (date):
   (5) [X] Entire action of all parties and all causes of action
   (6) [ ] Other (specify):*

2. (Complete in all cases except family law cases.)
   [ ] Court fees and costs were waived for a party in this case. (This information may be obtained from the clerk. If this box is checked, the declaration on the back of this form must be completed).

Date: August 30, 2019

Jamie Gallian, in pro per
(TYPE OR PRINT NAME OF [ ] ATTORNEY [X] PARTY WITHOUT ATTORNEY)

▶ ______________________________
(SIGNATURE)

Attorney or party without attorney for:
[ ] Plaintiff/Petitioner [ ] Defendant/Respondent
[ ] Cross - complainant

*If dismissal requested is of specified parties only of specified causes of action only, or of specified cross-complaints only, so state and identify the parties, causes of action, or cross-complaints to be dismissed.

3. TO THE CLERK: Consent to the above dismissal is hereby given.**
   Date:

______________________________
(TYPE OR PRINT NAME OF [ ] ATTORNEY [ ] PARTY WITHOUT ATTORNEY)

▶ ______________________________
(SIGNATURE)

Attorney or party without attorney for:
[ ] Plaintiff/Petitioner [ ] Defendant/Respondent
[ ] Cross - Complainant

** If a cross-complaint – or Response (Family Law) seeking affirmative relief – is on file, the attorney for cross-complainant (respondent) must sign this consent if required by Code of Civil Procedure section 581 (i) or (j).

(To be completed by clerk)
4. [ ] Dismissal entered as requested on (date):
5. [ ] Dismissal entered on (date): as to only (name):
6. [ ] Dismissal **not entered** as requested for the following reasons (specify):

7. a. [ ] Attorney or party without attorney notified on (date):
   b. [ ] Attorney or party without attorney not notified. Filing party failed to provide
   [ ] a copy to be conformed [ ] means to return conformed copy

Date: Clerk, by ______________________________, Deputy

Form Adopted for Mandatory use
Judicial Council of California
CIV-110 [Rev. July 1, 2009]

**REQUEST FOR DISMISSAL**

Legal Solutions Plus

Page 1 of 2
Code of Civil Procedure, § 581 et seq.; Gov. Code, § 68637(c); Cal. Rules of Court, rule 3.1390

97

150

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**
**CENTRAL JUSTICE CENTER**

**MINUTE ORDER**

DATE: 08/31/2020 TIME: 01:30:00 PM DEPT: C62

JUDICIAL OFFICER PRESIDING: Kimberly A. Knill
CLERK: K. Gates
REPORTER/ERM:
BAILIFF/COURT ATTENDANT: None, Ashlee Wilson

CASE NO: **30-2019-01041423-CL-UD-CJC** CASE INIT.DATE: 01/02/2019
CASE TITLE: **Houser Bros. Co. vs. Gallian**
CASE CATEGORY: Civil - Limited CASE TYPE: Unlawful Detainer - Residential

---

EVENT ID/DOCUMENT ID: 73329504
**EVENT TYPE:** Order to Show Cause re: Dismissal
MOVING PARTY: Houser Bros. Co.
CAUSAL DOCUMENT/DATE FILED: Complaint, 01/02/2019

---

**APPEARANCES**
Vivienne Alston, from Alston, Alston & Diebold Attorneys at Law, present for Plaintiff(s).
James Casello, from Casello & Lincoln, present for Defendant(s).

---

Remote hearing held.

Plaintiff informs the Court possession is still at issue.

Oral motion by Plaintiff to reclassify case to unlimited is heard.

The Court trails the motion to reclassify case to be heard with Plaintiff's Motion for Terminations of Sanctions set for 09/10/2020 at 1:30 PM in Department C62.

Order to Show Cause re: Dismissal continued to 10/28/2020 at 01:30 PM in this department pursuant to Court's motion.

Please take notice that the scheduled hearing is a Remote Court Hearing.

Parties and witnesses MUST NOT personally appear at the courthouse. Instead, parties and witnesses MUST appear remotely.

Before your hearing date, please visit the Court's website to review the Remote Hearing Instructions.

1. Visit the Court's website at www.occourts.org
2. Click on the COVID-19 button.
3. Scroll down to the blue buttons and click on the Civil button to see the Remote Hearing Instructions.
4. Click the Remote Hearing Instructions button to open the document.
5. If you or your witnesses do not have access to the internet or cannot follow the Remote Hearing Instructions, you MUST call (657) 622-8513 as soon as possible.

Court orders Clerk to give notice.

153