Jamie Lynn Gallian
16222 Monterey Lane, Space #376
Huntington Beach, CA 92649
Telephone: (714) 321-3449
jamiegallian@gmail.com

IN PRO PER

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| JAMIE LYNN GALLIAN, | Case No: 8:21-bk-11710-SC |
| Debtor. | Chapter 7 |
| | **OPPOSITION TO APPLICATION OF THE CHAPTER 7 TRUSTEE TO EMPLOY REAL ESTATE BROKER COLDWELL BANKER REALTY AND AGENTS WILLIAM FRIEDMAN AND GREG BINGHAM PURSUANT TO 11 U.S. §§ 327 AND 328; DOC 128 DECLARATION JAMIE LYNN GALLIAN ISO OF OPPOSITION.** |
| | Hearing<br>Date: September 13, 2022<br>Time: 11:00 a.m.<br>Dept.: 5C – Via ZoomGov |

TO THE HONORABLE SCOTT CLARKSON,

OFFICE OF THE UNITED STATES TRUSTEE AND ALL PARTIES IN INTEREST:

Debtor, Jamie Lynn Gallian, (hereinafter "DEBTOR") respectfully submits the following

opposition to the Trustee's application to employ a real estate broker to sell her personal residence

at 16222 Monterey Lane, Space #376, Huntington Beach, CA 92649 (hereinafter the "Property").

Debtor purchased and occupied the residence since November 2018 and currently lives in the home.

1. The basis for the opposition is the fact that the Honorable Erithe A. Smith has ruled that

1
OPPOSITION TO APPLICATION

1

the Property is not part of the bankruptcy estate of Debtor said Property having been registered in the name of J. Sandcastle LLC as of the petition date of July 9, 2021 and that the Debtor's acquisition of title to the Property occurred post-petition. Debtor disagrees.  As a result, Debtor was determined not to have a homestead exemption. (Judge Smith's Order of August 5, 2022 is attached hereto as **Exhibit A** for this court's ready reference.) J. Sandcastle Co LLC is a separate entity that is not a party to this proceeding and there has been no determination that the transfer to Debtor was improper in any way.

**NOTE:**   Debtor strenuously disagrees with the 7.21.22 TR of Judge Smith's ruling and a Motion For Reconsideration DOC 157, is set to be heard on Noticed Hearing, DOC 200, September 22, 2022 before Judge Erithe A. Smith.  Houser Bros and Debtor Stipulated to Continue the MOT. Lodg.ATT

At a minimum this application is premature and should be denied on that basis alone.

2.  If Judge Erithe A, Smith's ruling survives the Reconsideration Motion DOC 157, and any subsequent appeal by Debtor, then the Property is not part of the estate.   Most property acquired post-petition by a debtor does not become part of the bankruptcy estate and is not subject to prepetition creditor claims. *Patrick A. Casey, P.A. v. Hochman* (10th Cir.1992) 963 F.2d 1347,1351. Exceptions to that rule are found in 11 USC 541 (a)(5) and none here apply. (Property acquired by bequest, devise or inheritance; property acquired through marital settlement agreement or marital dissolution judgment or, life insurance or death benefits within 180 days of the petition.)

3.  Judge Smith's ruling was obtained by way of 5/12/22, Motion by Interested Party (Houser Bros.) DOC 95, and the Trustee bringing this Application, joined in the interested parties motion on 6/30/22, DOC 128.  As matters currently stand (subject to change in the near future) the Property is not part of the estate and is Debtor's personal residence she resides in, and owned by Debtor. Therefore, the Trustee's Application DOC 162, to hire a broker should be DENIED, as the Property [is not] subject to creditor's claims as a result of the relief sought before Judge Erithe A. Smith, and joined in by the Chapter 7 Trustee on June 30, 2022, DOC 128. Debtor believes the Trustee may be [attempting] a §724(b) distribution scheme.

Dated: August 26, 2022

By:   *Jamie Lynn Gallian*
Respectfully submitted,
Jamie Lynn Gallian, In pro per

2

# EXHIBIT "A"

D. EDWARD HAYS, #162507
ehays@marshackhays.com
LAILA MASUD, #311731
lmasud@marshackhays.com
BRADFORD N. BARNHARDT, #328705
bbarnhardt@marshackhays.com
MARSHACK HAYS LLP
870 Roosevelt
Irvine, CA 92620
Telephone: (949) 333-7777
Facsimile: (949) 333-7778

Attorneys for Movant and Creditor,
HOUSER BROS. CO. dba RANCHO DEL
REY MOBILE HOME ESTATES

```
┌─────────────────────────────────┐
│        FILED & ENTERED          │
│                                 │
│         AUG 05 2022             │
│                                 │
│   CLERK U.S. BANKRUPTCY COURT   │
│   Central District of California│
│   BY jle         DEPUTY CLERK   │
└─────────────────────────────────┘
```

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re | Case No. 8:21-bk-11710-ES |
| JAMIE LYNN GALLIAN, | Chapter 7 |
| Debtor. | ORDER GRANTING HOUSER BROS. CO. DBA RANCHO DEL REY MOBILE HOME ESTATES'S MOTION OBJECTING TO DEBTOR'S CLAIMED HOMESTEAD EXEMPTION IN 16222 MONTEREY LANE, SPACE #376, HUNTINGTON BEACH, CA 92649, DOCKET NO. 95 |
| | HEARING DATE<br>Date:    July 21, 2022<br>Time:    10:30 a.m.<br>Ctrm:    5A<br>Location: 411 W. Fourth Street, Santa Ana, CA 92701 |

On May 12, 2022, Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates

("Houser Bros.") filed a "Motion Objecting to Debtor's Claimed Homestead Exemption"

("Motion"). Docket No. 95. The Motion was set for hearing on June 2, 2022, at 10:30 a.m.

Docket No. 99.

On May 13, 2022, The Huntington Beach Gables Homeowners Association ("HOA")

filed a "Joinder to Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates' Motion

Objecting to Debtor's Claimed Homestead Exemption" ("HOA Joinder"). Docket No. 98.

1

On May 16, 2022, Janine Jasso ("Ms. Jasso," and together with the HOA, the "Joining Parties") filed a "Joinder to Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates' Motion Objecting to Debtor's Claimed Homestead Exemption" ("Jasso Joinder"). Docket No. 100.

On June 1, 2022, Jamie Lynn Gallian ("Debtor") filed "Debtors Reply Opposition, Memorandum of Points and Authorities to Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates' Motion Objecting to Debtor's Claimed Homestead Exemption and Joinder Parties Huntington Beach Gables HOA; Janine Jasso" ("Opposition"). Docket No. 105.

On June 2, 2022, at 10:30 a.m., the Court conducted a hearing on the Motion. All appearances were as noted on the record. Before the hearing, the Court published a tentative ruling to continue the hearing on the Motion to July 21, 2022, at 10:30 a.m. to allow Houser Bros. and the Joining Parties to file a reply to Debtor's late Opposition. The Court's tentative ruling cautioned that "[n]o other pleadings may be filed," and that "in the future, the court will not consider any pleadings filed by Debtor after the day they are due."

On June 23, 2022, the Court entered an "Order Continuing Hearing on Motion Objecting to Debtor's Claimed Homestead Exemption" ("June 23, 2022, Order"), which attached a copy of the Court's tentative ruling for the June 2, 2022, hearing. Docket No. 124. The June 23, 2022, Order, provided as follows:

1) The hearing on the Motion is continued to July 21, 2022, at 10:30 a.m. to allow Houser Bros. and/or the Joining Parties to file a reply/replies to Debtor's late opposition filed on June 1, 2022;

2) Any replies by Houser Bros. or the Joining Parties must be filed by July 7, 2022; and

3) No other pleadings may be filed regarding the Motion. Docket No. 124.

On June 30, 2022, Chapter 7 Trustee Jeffrey I. Golden filed "Trustee's Joinder in Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates' Motion Objecting to Debtor's Claimed Homestead Exemption" ("Trustee Joinder"). Docket No. 128.

1    On July 7, 2022, the HOA filed a "Reply to Debtor's Opposition to Motion Objecting to

2  Debtor's Claimed Homestead Exemption" ("HOA Reply"). Docket No. 129.

3    That same day, Houser Bros. filed:

4    1)    "Reply to Debtor's Opposition to Motion Objecting to Claimed Homestead

5        Exemption" ("Houser Bros. Reply"), Docket No. 130;

6    2)    "Declaration of Vivienne J. Alston Re: Motion Objecting to Debtor's Claimed

7        Homestead Exemption" ("Alston Declaration"), Docket No. 131;

8    3)    "Declaration of Greg Buysman Re: Motion Objecting to Debtor's Claimed

9        Homestead Exemption" ("Buysman Declaration"), Docket No. 132; and

10    4)    "Declaration of Chris Houser Re: Motion Objecting to Debtor's Claimed

11        Homestead Exemption" ("Houser Declaration"), Docket No. 133.

12    On July 8, 2022, Debtor filed an unauthorized "Reply to Greg Buysman, CA Notary

13  Public Commission Number 2341449; Owner & Operator the UPS Store, Edinger/Springdale."

14  Docket No. 134.[1]

15    Before the July 21, 2022, hearing, the Court published a tentative ruling to grant the

16  Motion. A true and correct copy of the Court's tentative ruling for the July 21, 2022, hearing is

17  attached as **Exhibit 1**.

18    On July 21, 2022, at 10:30 a.m., the Court held a continued hearing on the Motion.

19  Appearances were as noted on the record. During the hearing, all parties were given an

20  opportunity to be heard. The Court, having read and considered the Motion, the HOA Joinder,

21  the Jasso Joinder, the Opposition, the Trustee Joinder, the HOA Reply, the Houser Bros. Reply,

22  the Alston Declaration, the Buysman Declaration, and the Houser Declaration, and all other

23  pleadings and papers filed in this case, and having heard the arguments made on the record

24  during the July 21, 2022, hearing, for the set forth in the motion and reply papers, the attached

25  tentative ruling, and on the record during the hearing, the Court enters its order as follows:

26  ────────────────

27  [1] The Court did not formally consider this pleading because Debtor filed it in violation of the June
    23, 2022, Order's requirement that no other pleadings were to be filed other than replies by Houser

28  Bros. and the Joining Parties. Even if the Court were to consider this improper pleading, the
    evidence presented therein would have been insufficient to alter or change the Court's ruling.

1    IT IS ORDERED that the Motion is granted and Houser Bros.'s objection in the Motion

2    to Debtor's claimed homestead exemption in 16222 Monterey Lane, Space #376, Huntington

3    Beach, CA 92649 pursuant to § 704.730 of the California Code of Civil Procedure is sustained.

4    Any claim of exemption by Debtor in the Property is disallowed.

5                                              # # #

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23    Date: August 5, 2022

24    Erithe Smith
      United States Bankruptcy Judge

25

26

27

28

4

7

EXHIBIT 1

# United States Bankruptcy Court
## Central District of California
### Santa Ana
### Erithe Smith, Presiding
### Courtroom 5A Calendar

---

**Thursday, July 21, 2022**                                    **Hearing Room**      **5A**

---

<u>10:30 AM</u>
**8:21-11710**    **Jamie Lynn Gallian**                              **Chapter 7**

 **#32.00**    CON'TD Hearing RE: Creditor Houser Bros. Co. dba Rancho Del Rey Mobile
               Home Estates Motion Objecting to Debtor's Claimed Homestead Exemption

               FR: 6-2-22

                              Docket      95

**Courtroom Deputy:**

   - NONE LISTED -

**Tentative Ruling:**

   **June 2, 2022**

   Continue hearing to July 21, 2022 at 10:30 a.m. to allow Movant/Joining
   Parties to file a reply to Debtor's late opposition filed on June 1, 2022, which
   reply(ies) must be filed by July 7, 2022.  No other pleadings may be filed.

   <u>Basis for Tentative Ruling</u>:

   1.  Because Debtor filed her opposition one day prior to the hearing, the court
   has not had an opportunity to review it and the Movant was not afforded the
   opportunity to file a reply to the opposition. Under the Local Bankruptcy
   Rules, the court may exclude late-filed pleadings and not consider them at all.
   On this one occassion, the court will make an exception and allow the
   opposition.  <u>However</u>, in the future, the court will not consider any pleadings
   filed by Debtor after the day they are due.

   2.  Based solely on the timely filed Motion and joinders, the court would be
   inclined to grant the Motion.
   -------------------------------------------------------------------------

   **July 21, 2022**

   Grant the Motion objecting to Debtor's homestead exemption claim.

---

EXHIBIT 1, PAGE 5

9

## United States Bankruptcy Court
## Central District of California
### Santa Ana
### Erithe Smith, Presiding
### Courtroom 5A Calendar

---

**Thursday, July 21, 2022**                                    **Hearing Room    5A**

---

<u>10:30 AM</u>
**CONT...      Jamie Lynn Gallian**                                           **Chapter 7**

<u>Preliminary Comments re the Tentative Ruling:</u>

This hearing was continued from June 2, 2022 solely because Debtor filed a
late opposition *one day* prior to the hearing on June 1, 2022. The
continuance was to allow the Movant and Joining Parties to file a reply to the
June 1 opposition by July 7, 2022. The court expressly ruled that *no other
pleadings were to be filed.* Notwithstanding that ruling, Debtor filed an
additional pleading on July 8, 2022 [dkt. 134] without obtaining leave from
the court (with notice to the Movant and Joining Parties) to do so.
Accordingly, the pleading will not be formally considered by the court. The
court notes parenthetically that even if it were to consider the improper
pleading, the evidence presented therein would be insufficient to alter or
change the court's ruling.

<u>Basis for Tentative Ruling:</u>

   A. <u>The Motion is Timely</u>

     The court must first determine whether the objection was timely. *In re
Smith*, 235 F.3d 472, 475 (9th Cir. 2000) (stating that before reaching the
merits of debtor's purported exemption, the court must determine whether the
Creditors' objections were timely). An objection to an exemption must be filed
within 30 days after the conclusion of a debtor's meeting of creditors or the
filing of any exemption amendment. Fed. R. Bankr. P. 4003(b)(1). Here, the
Motion was timely filed on May 12, 2022, as the Debtor's meeting of creditors
concluded on May 3, 2022.

   B. <u>Movant has provided evidence sufficient to grant the Motion</u>

     At the time a petition for bankruptcy is filed, "all legal or equitable
interests of the debtor in property" become available to satisfy creditors'
claims and costs of the proceedings unless the assets are "'exempted' from
use in satisfying claims of creditors and other authorized charges." *In re
Sewell*, 180 F.3d 707, 710 (5th Cir. 1999); FRBP § 541(a)(1). The applicable
state law determines bankruptcy exemptions on the date of the filing of the

---

EXHIBIT 1, PAGE 6

# 10

# United States Bankruptcy Court
## Central District of California
### Santa Ana
### Erithe Smith, Presiding
### Courtroom 5A Calendar

---

**Thursday, July 21, 2022**                                    **Hearing Room        5A**

---

<u>10:30 AM</u>
**CONT...      Jamie Lynn Gallian**                                      **Chapter 7**
original bankruptcy petition. *In re Bassin*, 637 F.2d 668, 670 (9th Cir. 1980).
California has, per FRBP § 522(b)(1), has "opted out" of the federal
exemption scheme and therefore California debtors may claim only those
exemptions allowable under California law.

### 1.  Houser Bros has standing to bring the Motion

        FRBP 4003(b) provides that a party in interest may filed an objection to
the list of property claimed by debtor as exempt. Fed. R. Bankr. P. 4003(b).
Here, Houser Bros is certainly a party in interest. First, Houser Bros is a
creditor. In her Amended Schedules [dkt. 75], Debtor listed Houser Bros. as a
creditor, with a contingent, unliquidated, disputed claim against the Property
of unknown amount. Second, On January 2, 2019, Houser Bros. filed a
"Complaint for Forcible Entry/Detainer (Mobilehome Park)" ("OCSC
Complaint") against Debtor in Orange County Superior Court, Case No.
30-2019-01041423-CL-UD-CJC ("OCSC Action"). Hays Declaration, Ex. 3.
Debtor's claimed homestead exemption, if allowed, will bind Houser Bros.
Reply, 7.

### 2.  There is no applicable recorded homestead

        Generally, claimed exemptions are "presumptively valid" and the
objecting party thus bears the burden of proving that the exemption is
improper. *In re Carter*, 182 F.3d 1027, 1029 n. 3 (9th Cir.1999); FRBP §
4003(c). However, the Supreme Court in *Raleigh v. Illinois Dept of Revenue*,
530 US 15, 20-21 (2000) held that because burden of proof is substantive, in
the absence of a federal interest requiring a different result, the state law
allocation of the burden should apply in bankruptcy objection to claims. The
Ninth Circuit Bankruptcy Appellate Panel concluded that, where a state law
exemption statute specifically allocates the burden of proof to the debtor,
FRBP § 4003(c) does not change that allocation. *In re Diaz*, 547 B.R. 329,
337 (B.A.P. 9th Cir. 2016). *In re Diaz* is persuasive given the U.S. Supreme
Court's holding in *Raleigh*. California has placed the ultimate burden of proof
on the party claiming the exemption. CCP §§ 703.580(b), 704.780(a).
Although the burden of proof lies with the party claiming the exemption,
exemption statutes are generally construed in favor of the debtor. *Kono v.
Meeker K*, 196 Cal. App. 4th 81, 86 (2011).

---

                                                          **EXHIBIT 1, PAGE 7**

**United States Bankruptcy Court**
**Central District of California**
**Santa Ana**
**Erithe Smith, Presiding**
**Courtroom 5A Calendar**

_____

**Thursday, July 21, 2022**                                    **Hearing Room**        **5A**

_____

<u>10:30 AM</u>
**CONT...**        **Jamie Lynn Gallian**                                    **Chapter 7**

Pursuant to Cal. Civ. Proc. Code § 704.780(a), the burden to show a debtor's entitlement to a homestead exemption rests with the debtor, unless a declared homestead has been recorded. Cal. Civ. Proc. Code § 704.780(a). The objecting party need only provide evidence sufficient to meet the "preponderance of the evidence" standard.   *In re Kelley,* 300 B.R. 11, 16 (9th Cir. B.A.P. 2003). If the objecting party produces evidence to rebut the claimed exemption, the burden of production then shifts to the debtor to demonstrate the exemption is proper. Fed. R. Evid. R. 301. The debtor's standard of proof is also "preponderance of the evidence." *United States ex rel. Farmers Home Admin. v. Arnold & Baker Farms,* 177 B.R. 648, 654 (9th Cir. BAP 1994).

Here, Debtor bears the burden of proof to show entitlement to the homestead exemption because the Orange County Treasurer-Tax Collector records do not indicate that there is a "current homeowner's exemption or disabled veteran's exemption" for the Property. A copy of the 2021-22 tax bill for the Property is attached to the Hays Declaration as Exhibit 24.

Although Debtor claims to have recorded a Homestead Declaration, she did so with the Orange County Clerk-Recorder, not the Orange County Treasurer-Tax Collector. Declared homesteads are not applicable to sales by a bankruptcy trustee. *See In re Sain,* 584 B.R. 325, 329 (Bankr. S.D. Cal. 2018) (indicating that only the automatic homestead was available to a debtor who held a recorded declaration of homestead, because the debtor had not elected a declared homestead exemption in his schedules, and declared homesteads are not applicable to sales by bankruptcy trustees); *see also See Kelley v. Locke (In re Kelley),* 300 B.R. 11, 21 (B.A.P. 9th Cir. 2003) (noting that in the bankruptcy context, a debtor's declaration of homestead "helps him not at all, as the additional benefits conferred in Article 5 [Sections 704.910-704.995] would benefit him only in the situation of a voluntary sale"). Therefore, Debtor bears the burden of proof for the homestead exemption.

3.    <u>Debtor failed to meet her burden that the Property is subject to exemption</u>

In *In re Shaefers,* the Ninth Circuit BAP found that a  Chapter 7 debtor

_____

EXHIBIT 1, PAGE 8

**12**

# United States Bankruptcy Court
## Central District of California
### Santa Ana
### Erithe Smith, Presiding
### Courtroom 5A Calendar

---

**Thursday, July 21, 2022**                                    **Hearing Room        5A**

---

<u>10:30 AM</u>
**CONT...    Jamie Lynn Gallian**                                            **Chapter 7**

cannot claim homestead exemption in limited liability company (LLC) that he
owned, which owned real property at which debtor resided; debtor did not
identify any beneficial or equitable interest in the property, and LLC members
such as debtor had no interest in the company's assets, rather, debtor's
interest in LLC was a personal property interest outside the statutory
definition of a homestead. 623 B.R. 777 (B.A.P. 9th Cir. 2020).

Here, Debtor has failed to meet her burden that the Property is subject
to exemption. First, the HCD records show that J-Sandcastle LLC, not Debtor,
was the Property's owner of record on the Petition Date. As of June 7, 2021—
about a month before the Petition Date—the Property's registered owner was
J-Sandcastle LLC, and the legal owners were Pierpont and J-Pad LLC. Hays
Decl., Ex. 17 at 142. The HCD webpage indicates that "documents and fees"
must be submitted to the HCD to transfer ownership of a manufactured home
or manufactured home. The June 7, 2021, Title Search did not note any
pending applications for title or registration change that might have added
Debtor as the registered or legal owner of the Property before the Petition
Date. And, Debtor paid no fees to the HCD between June 7, 2021, and the
Petition Date that could have effectuated a title change. *See* Hays Decl., Ex.
26.

Moreover, the July 2021 HCD Transaction had a transaction date of
July 14, 2021—five days after the Petition Date—and included a certificate of
title showing J-Sandcastle LLC as the Property's registered owner and
Pierpont and J-Pad LLC as the Property's legal owners. Hays Decl., Ex. 21 at
171. Included in this post-petition transaction was a document to add Debtor
as the Property's "New Registered Owner." *Id.* at 172. Also attached was a
County of Orange "Tax Clearance Certificate" issued and executed on the
Petition Date, which gave the Property's "Current Registered Owner" as J-
Sandcastle LLC. *Id.* at 191. The August 2021 HCD Transaction did include a
certificate of title showing Debtor as the Property's registered owner, but
according to the certificate, title was issued on August 3, 2021, nearly a
month after the Petition Date. Hays Decl., Ex. 22 at 195.

Second, between February 1, 2021, and the Petition Date, all
payments that Debtor submitted to Houser Bros. listed J-Sandcastle LLC as
the payor/were on behalf of J-Sandcastle LLC. Only after the Petition Date

---

EXHIBIT 1, PAGE 9

**13**

# United States Bankruptcy Court
## Central District of California
### Santa Ana
### Erithe Smith, Presiding
### Courtroom 5A Calendar

---

**Thursday, July 21, 2022**                                    **Hearing Room      5A**

---

<u>10:30 AM</u>
**CONT...      Jamie Lynn Gallian**                                          **Chapter 7**

did Debtor submit a payment on her own behalf. *See* Hays Decl. Ex. 23 at 203-222.

Third, Debtor provides no credible evidence that she acquired an interest from the LLC on February 25, 2021. In Debtor's Original Schedules, filed on the Petition Date (July 9, 2021), Debtor provided, under penalty of perjury, that "Registered Title with HCD Debtor's single member LLC, J-Sandcastle Co, LLC." Motion at 33 (Exhibit 2). In addition, Debtor, in the Opposition, asserts J-Sandcastle LLC's executed a notarized release of title document, claiming: "On the petition date July 9, 2021, the registered title owner of the manufactured home located at 16222 Monterey Lane, Unit #376, Huntington Beach, CA 92649 ('Property') was Jamie Lynn Gallian as of February 25, 2021, the date J-Sandcastle Co LLC signed and dated to release the Certificate of Title to Jamie Lynn Gallian, notarized the same date." Opp'n., 29. However, Mr. Buysman did not actually notarize these documents. Instead, Mr. Buysman's notary book shows that on February 25, 2021, he notarized for Debtor an "Affidavit of Death" and a "Transfer Grant Deed." Buysman Decl., ¶7-11. Mr. Buysman did not notarize the July 2021 HCD Submission either. *Id*. Debtor's improperly filed July 8 response, even if considered by the court, would be insufficient to counter the statements and documentary evidence set forth in the Buysman Declaration.

Fourth, any alleged unrecorded transfer of title to Debtor personally was ineffective. *See In re Farokhirad*, Case No. 8:21-bk-10026-MW, ECF No. 98 (Bankr. C.D. Cal. Apr. 29, 2021) (sustaining a trustee's objection to an individual debtor's claimed homestead exemption in property held by a wholly owned LLC, and indicating that a provision of the LLC agreement purporting to transfer an interest in the property to the debtor prepetition was ineffective because an unrecorded deed could not bind the trustee). In California, unperfected (i.e. unrecorded) liens against real property are unenforceable against a bona fide purchaser for value, and Trustee is "clothed with the status of a hypothetical bona fide purchaser of real property under Section 544(a)(3). *In re Tleel*, 79 B.R. 883, 887 (B.A.P. 9th Cir. 1987); Cal.Civ.Code §§ 1214, 1217. Section 544, however, must be applied "without regard to any knowledge of the trustee or of any creditor." 11 U.S.C. § 544(a). Therefore, actual notice cannot overcome the Trustee's bona fide purchaser status. *In re Tleel*, 876 F.2d 769, 772 (9th Cir. 1989). Pursuant to Section 544, the trustee

---

EXHIBIT 1, PAGE 10

14

# United States Bankruptcy Court
## Central District of California
### Santa Ana
### Erithe Smith, Presiding
### Courtroom 5A Calendar

---

**Thursday, July 21, 2022**                                        **Hearing Room    5A**

---

10:30 AM
**CONT...    Jamie Lynn Gallian**                                              **Chapter 7**

is treated as a lien creditor and/or bona fide purchaser as of the date of the
commencement of the case. *In re Tleel*, 79 B.R. 883, 886 (B.A.P. 9th Cir.
1987).

While Debtor asserts the Property was actually transferred from J-
Sandcastle LLC to Debtor on February 25, 2021, the transfer was not
recorded until after the Petition Date. Hays Decl., Ex. 19 at 145. As such,
Trustee would be treated as a bona fide purchaser as of the Petition Date.

In conclusion, Debtor failed to carry her burden because, on the
Petition Date, the Property's registered owner was J-Sandcastle LLC, and the
legal owners were Pierpont and J-Pad, LLC. As a result, the Property was not
part of the estate and not eligible for an exemption. The court, therefore,
need not address Movant's alternative argument re 11 U.S.C. 522(p) except
to say that had Debtor provided sufficient evidence of a transfer on February
25, 2021, the limitations of 522(p) would have applied.

| Party Information | | |
| --- | --- | --- |

**Debtor(s):**

Jamie Lynn Gallian                          Pro Se

**Trustee(s):**

Jeffrey I Golden (TR)                       Represented By
                                            Aaron E DE Leest
                                            Eric P Israel

EXHIBIT 1, PAGE 11

15

## DECLARATION OF JAMIE LYNN GALLIAN

I, JAMIE LYNN GALLIAN, DECLARE under penalty of perjury by the Laws of The State of California, the following to be true and correct to the best of my ability. If called upon to testify, I would and could provide testimony to the same. I file this declaration In support. I am not an attorney and am filing this opposition IN PRO PER.

Interested Party and Movant Houser Bros Co. dba Rancho Del Rey Mobilehome Estates filed a MOT Objection, DOC 95, to Debtors prepetition Declared Homestead and Debtor homeowners exemption listed in Debtor's First Amendment Amended Schedule C California homestead exemption in the amount of $600,000 scheduled by debtor Jamie Lynn Gallian (Debtor). DOC 16, Debtor filed a Declared Homestead with the Santa Ana Clerk Recorders Office, County of Orange, prepetition. DOC 74

The Chapter 7 Trustee, Jeffrey Golden, along with Interested Parties Huntington Beach Gables Homeowners Association joined in the Motion Objecting to Debtors Homeowners Exemption. No claims were raised in the MOT that the property in question is not the Debtors personal residence, since November 2018. Debtor and her family still live in the home.

If the Court had deemed Debtors' homestead exemption to be valid, then the secondary plan by interested parties Houser Bros Co, and the joinders back up plan was sought to limit her homeowners exemption to the statutory cap of $170,675 under § 522(p)(1). Debtor resides in and purchased the property in question on November 1, 2018 and 11 U.S.C. 522 (p)(2)(b) is applicable to the proceeds from her sale of her previous home on October 31 2018, used to purchase Debtors 2014 Manufactured Home.

Interested parties Houser Bros Co dba Rancho Del Rey, The Huntington Beach Gables HOA and former Gables HOA attorney Janine Jasso, argued that Debtor acquired an interest in the 2014 Skyline Manufactured Home property within the meaning of §

16

522(p)(1) because the LLC by releasing signature on the Certificate of Title, transferred registration back to Debtor, on February 25, 2021, for no consideration, during the 1215–day period preceding the date of Debtor's Chapter 7 Petition on July 9, 2021, DOC 1.

Debtor asserts she qualified for the homeowners exemption because the home is where debtor has lived for several years and currently resides since acquiring the property on November 1, 2018, with the funds from the home she sold October 31, 2018, under the same Unexpired 80-year Ground Leasehold, burdening Parcel 1 & Parcel 2, APN 178-011-01, recorded December 6, 1979. in the Records of the Clerk Recorder, Orange County, Document No(s). 8346 & 8347.

Debtor also asserted that the limitation under § 522(p)(1) was not triggered since she retained a beneficial and equitable interest in the Unit and the Ground Leasehold real property at all times despite transfer of the HCD Certificate of Title Registration of the Personal Property LBM1081, a 2014 Manufactured Home to and from the LLC with CA Department of Housing and Community Development due to negative effects put upon debtor by Houser Bros Co dba Rancho Del Rey Mobilehome Estates.

On July 21, 2022, the bankruptcy court posted a TR, sustained Interested party Houser Bros Co dba Rancho Del Rey Mobilehome Estates MOT Objecting to Debtors Homeowenrs Exemption, with joinders The Huntington Beach Gables Homeowners Association and former HOA attorney Janine Jasso.
The Chapter 7 Trustee, Jeffrey Golden joined the objection to Debtors Homestead Exemption on June 30, 2022, DOC 128, without specific supporting argument.

Debtor timely moved for Reconsideration set on calendar, August 18, 2022,  DOC 157, continued to September 22, 2022, upon an Agreed Signed Stipulation for Debtor to Dismiss Her Appeals without prejudice, at the BAP and District Court, August 18, 2022, on the Record with Honorable Erithe A. Smith, finalized and signed Stipulation between Houser Bros Co attorney D.

Edward Hays and Debtor, so Honorable  Erithe A. Smith can consider Debtor's Motion for
Reconsideration on the Merits aftert the Stipulated and Continued hearing August 18, 2022, to
September 22, 2022.

The Chapter 7 Trustee, Attorney Jefferey I Golden, filed Application of The Chapter 7
Trustee To Employ Real Estate Broker Coldwell Banker Realty And Agents William Friedman
And Greg Bingham Pursuant to 11 U.S.C. §§ 327 and 328: Memorandum Of Points And
Authorities; and Declarations Of William Friedman And Greg Bingham In Support on
July 28, 2022,  DOC 162, and DOC 166.  Trustee's corrected Notice of Hearing was filed on
August 22, 2022, DOC 195.  Debtor recorded a Declared Homestead pre-petition, with the
Office of the Clerk Recorder, Co. of Orange, DOC 74.

"The Debtor claimed a homestead exemption in the Property" (Trustee Appl. Pg. 2, Line
21) in her FIRST AMENDMENT Amended Schedule C, DOC 16.
The Chapter 7 Trustee's Application seeks to sell the Debtor's personal residence (Trustee Appl,
pg. 2 line 19) she has lived in since November 1, 2018, DOC 1, and use the proceeds to "pay
claims of creditors and expenses of administration" (Trustee Appl. Pg. 2, Line 28) and a
dividend, DOC 142, to the Interested Parties and their unsecured claims namely, The Huntington
Beach Gables Homeowners Association and Interested Party Houser Bros Co dba Rancho Del
Rey Mobilehome Estates against "the equity in the Property upon further court order" ("Trustee
Appl. Pg. 2, Line 18) or portion of the sale proceeds to Debtor's estate, assuming there is
anything left.

At its most basic level, a Chapter 7 trustee's job is to liquidate the property of a debtor's
estate and then distribute the proceeds among the debtor's creditors pursuant to the Bankruptcy
Code's priority scheme. 6 COLLIER ON BANKRUPTCY ¶ 700.04 (16th ed. 2021).

The Trustee's Application to Employ Real Estate Broker…DOC 162, and ultimately
"administer the equity in the Property upon further Court Order" a precursor to a subsequent
MOTION to Sell the personal residence debtor resides in with her family, than the [Trustee's
Application] appears to readily disclose or the Trustee's Joinder MOT.

18

This Trustees Application DOC 162, quickly becomes this Courts more complicated consideration and decision than the basic concepts.

Debtor believes the sale of the Debtor's personal residence she resides in and has for years, violate the core principles of bankruptcy law, and the Debtor prays the court deny Trustee's Application DOC 162, and a looming subsequent MOT to Sell and the proposed transaction to sell debtors home to pay….   "…expenses of administration."  (Trustee Appl. Pg. 2 Line 28.)

A Chapter 7 trustee only may seek to sell a debtor's real property when there is available equity over any Perfected Claim on the face of California Certificate of Title secured by the property and any exemptions available to the debtor.

The debtor is keenly aware of the bankruptcy court TR on 7/21/2022, that the Property [is not] part of the bankruptcy estate of Debtor said Property having been registered in the name of J-Sandcastle Co LLC as of the petition date of July 9, 2021. TR on 7/21/2022,

Bankruptcy trustees (like executing judgment creditors outside bankruptcy) ordinarily must satisfy liens secured by the property and pay a debtor's exemption prior to reaching funds available for paying their administrative claims and distribution to the rest of the creditor body. **See DeGiacomo v. Traverse (In re Traverse), 753 F.3d 19, 29 (1st Cir. 2014)** ("Bankruptcy courts have defined the equity that justifies a sale of property, consistently and explicitly, in one way: the value remaining for unsecured creditors above any secured claims and the debtor's exemption." (citations omitted)).

Using the Debtor's estimate for the value of the Debtor's home, DOC 1, there does not appear to be any equity in the property over Perfected Face of the Certificate of Title.

The Debtor scheduled the value of her residence at 16222 Monterey Ln. Unit 376, Huntington Beach, CA 92649, in Huntington Beach, California at $235,000.00 based on the last

24 months of recorded comparable home sales within the Rancho Del Rey Mobilehome Park and within Skandia Mobilehome Park.  The Orange County Tax Assessor listed the 2021-2022 tax value at $79,000.00 with a $-7,000.00 homeowners exemption in Orange County, and the Trustee reports in his Motion that a realtor valued the 2014 Skyline Manufactured Home installed pursuant to Health & Safety Code 18551§§, as personal property, at $300,000.00, after an exterior-only review.

The Debtor disclosed in her DOC 1, a 11/16/2018, Security Agreement & Promissory Note with a balance of $225,000.00 at 5.5% interest per year, Manufactured-Home Transaction UCC Financing Statement Filing Date 01/14/2019 09:10a.m., Document Number 76027940003, Filing Number 19-7691916827.  The Trustee's Application does not disclose whether the Trustee verified a payoff.

This would usually be the end of the analysis for a Chapter 7 trustee, and any Application to Employ and any subsequent Motion to Sell the Debtors home would end up in front of the Court.

Even using the Trustee's numbers in his Application and without considering the Debtor's homestead exemption, MOT for Reconsideration set on September 22, 2022, there does not appear to be any equity available for the Debtor's estate, as the total amount subject to liens ($225,000.00) + (approximately $20,000, in interest) exceeds the value of the property as estimated by the Trustee's realtor and debtors homestead exemption and any potential final sales price.

Since there is no equity available for the estate, the Trustee should not normally pursue a sale.   If a Chapter 7 Trustee wanted to sell the property despite the lack of equity, the court would not let him, as courts do not allow trustees to administer bankruptcy estates solely for the benefit of secured creditors. See Joseph v. Cooper, 539 B.R. 489, 497 (W.D.N.C. 2015) ("In order to authorize the sale, the Bankruptcy Court must determine whether such a sale would benefit the estate after considering any encumbrances and the debtors declared homestead filed prepetition.

20

A sale benefits the estate when the proceeds generate equity that can be distributed among secured creditors." (citing Reeves v. Calloway, 546 F. App'x 235, 241 (4th Cir. 2013))); In re Fontana, Ch. 7 Case No. 14-30773, 2015 Bankr. LEXIS 3771, at *4 (Bankr. W.D.N.C. Nov. 4, 2015) ("This result is consistent with the longstanding principle that Chapter 7 trustees are not to pursue claims for individual creditors." (citing In re Miller, 197 B.R. 810, 814–15 (W.D.N.C. 1996))); In re Marko, Ch. 7 Case No. 11-31287, 2014 WL 948492, at *5 (Bankr. W.D.N.C. Mar. 11, 2014)

"The Bankruptcy Code generally contemplates that over encumbered property [not be] sold." (citing 11 U.S.C. § 363(f)(2).

Since there does not appear to be any equity in the Debtor's residence, the Trustee appears to be attempting a different slight of hand and may be potentially successful in an attempt invoking a Chapter 7 exception to the normal order of distribution of sale proceeds as part of the justification for this Application and then a looming subsequent MOT for proposed Sale.

Section 724(b) of the Bankruptcy Code allows Chapter 7 trustees to subordinate some types of tax liens in order to pay particular priority claims. 11 U.S.C. § 724(b); COLLIER ¶ 724.03.  Debtor is not currently aware of any tax liens by the IRS.

This section of the U.S.C. is an unusual provision in the Bankruptcy Code that allows a Chapter 7 trustee to administer encumbered property for the benefit of certain priority claimants and includes an alternate distribution scheme. See COLLIER ¶ 724.03[5], [7].

Distributions pursuant to the alternate distribution scheme begin as they would without § 724(b), by paying any liens senior to the tax lien that will be subordinated. § 724(b)(1).

The alternate distributions begin at the next step, as claimants holding certain types of priority claims [substitute in] for the tax lien to the extent of the tax lien. § 724(b)(2).

Third, the tax lien is paid to the extent that it exceeds the payments to priority creditors under § 724(b)(2). § 724(b)(3).

Next, any liens that are junior to the tax lien are paid. § 724(b)(4).

To the extent that the subordinated tax lien has not already been paid, it is satisfied after the junior liens. § 724(b)(5).

Finally, any remaining proceeds go to the debtor's estate. § 724(b)(6).

Since there are [no tax liens] against the Debtor's residence in this case, Trustee's potential undisclosed attempt [is not] appropriate for subordination pursuant to § 724(b).

Since this Debtor does not owe any tax liens, the [Trustee's] slight of hand becomes the [one significant potential exception], as Debtor does not owe any of the types of priority claims that can be paid pursuant to § 724(b).  See § 724(b)(2) (listing, by reference to 11 U.S.C. § 507, certain priority claims, including domestic support obligations and wages, salaries, or commissions owed, that can be paid ahead of the subordinated tax claims).

The one type of priority claim that the Trustee [would be] able to pay is [his own] [compensation], which would be entirely (or at least primarily) related to the sale. See id. (including the administrative expenses of a Chapter 7 trustee pursuant to § 507(a)(1)(C) and 507(a)(2)).

A corollary of the rule against allowing trustees to administer estates with no available equity, and a problem for the Trustee here, is [not] to allow trustees to potentially dupe this Court, and potentially administer this estate for their own benefit. See In re Sunbum5 Enters., LLC, Ch. 7 Case No. 09-14839, Adv. Nos. 10-1268, 10-1269, 2011 WL 4529648, at *9 (M.D. Fla. Sept. 30, 2011) ("[T]he recognized purpose of § 554(b) is to prevent trustees from unnecessarily administering assets that bring no value to the estate and to thwart the practice of trustees increasing their own commissions by not abandoning valueless property on their own." (citing In re Paolella, 79 B.R. 607, 609 (Bankr. E.D. Pa. 1987))); COLLIER ¶ 704.02[1] ("[T]he legislative history of the Code made clear Congress's displeasure with prior practices under which trustees' administration of 'nominal asset cases' benefited only the trustees themselves."

22

(citing H.R. REP. No. 595, 95th Cong., 1st Sess. 93 (1977))).   But see In re Reeves, Ch. 7 Case No. 10-2562-8, 2011 WL 841238, at *3 (Bankr. E.D.N.C. Mar. 8, 2011), aff'd sub nom. Reeves v. Callaway, No. 11-CV-280, 2012 WL 10180780 (E.D.N.C. Aug. 14, 2012), aff'd 546 F. App'x 235 (4th Cir. 2013) (unpublished per curiam) ("[T]rustees frequently liquidate fully secured property for the benefit of the secured creditor where the trustee is authorized to recover his costs of disposal of the property pursuant to § 506(c).").

The Application of the Trustee, and any subsequent sale motion, however, I believe would fail to explain or disclose any negotiated "carve outs" with the [Interested Party] to allow undisclosed % of the sale proceeds that would normally be paid on perfected liens to instead go to unsecured claims, presumably to increase the likelihood that the court would approve the subsequent  MOT for sale, and said Motion proposes a modification of the § 724(b) distribution scheme.

Under the Trustee's proposed modified § 724(b) distribution scheme, the sale proceeds should first satisfy the perfected 1/14/2019 lien on the residence.

The Trustee fails to disclose proposed payment amount $____ in Trustee's administrative expenses, his commission, the fees and expenses of his professionals, realtor and/or auctioneer fees and expenses, and closing costs.

The Trustee fails to disclose what __% of the sale would pay the liens held by the Interested Parties.

The undisclosed potential __% carve out of the Interested Parties liens would be used to pay priority unsecured claims in full with the remainder disbursed pro rata among the general unsecured creditors.

Due to the amounts of the Huntington Beach Gables HOA creditor claim, at best an Interested Party,  (Money Judgments recorded in 2019 of over $561,000.00) and the HOUSER BROS CO unsecured potential claim ($50,000.00) would get the vast majority of the funds

distributed to the other unsecured claimants would also receive some [unknown] dividend on their claims.

Anything left after the modified § 724(b) distributions would go to the Debtor's estate. Distributions pursuant to § 724(b), both as codified and as modified by the Trustee, raise a question about the payment of a debtor's (or the Debtor's) homestead exemption, as the statute [does not] mention exemptions at all.   See In re Christensen, 561 B.R. 195, 213 (Bankr. D. Utah 2016), aff'd sub nom. Jubber v. Bird (In re Bird), 577 B.R. 365 (B.A.P. 10th Cir. 2017) The Court may take note that there is an apparent tension between § 724 and the clear intent of § 522, which allows debtors to exempt property to assist in their fresh start."); COLLIER ¶ 724.03[3]

"If this DEBTOR'S HYPOTHETICAL tax lien in question is an IRS lien that encumbers the debtor's state law homestead, applying section 724(b) is not straightforward."). However, as previously stated, Debtor does not have any IRS tax liens.

The Chapter 7 Trustee ordered and received a Certified Copy of Debtors July 9, 2021, DOC 1, on 7/22/2022, DOC 145.

However, Debtor testified under oath at the first Meeting of Creditors with 341(a), held on August 18, 2021, DOC 5, that Debtors July 9, 2021, DOC 1, Chapter 7 Petition [was not] accurate and debtor would be filing Amended Schedules.

Debtors FIRST AMENDMENT Amended Schedule A/B, FIRST AMENDMENT Amended Schedule C, was filed September 22, 2021, DOC 16.

Prior to the Houser Bros MOT objecting to debtors homestead exemption hearing July 21, 2022, brought by Interested Party Houser Bros Co dba Rancho Del Rey Mobilehome Estates, who has no recorded judgments, unpaid claims or liens against debtor), Motion Objecting to Debtor's Claimed Homestead DOC 95, (Debtor's filed and Recorded pre-petition Declared Homestead DOC 74)

Debtor believes the bankruptcy court was under the impression that the Chapter 7 Trustee intended for his June 30, 2022, joinder, DOC 128, to play a role in allowing the sale without payment of the Debtor's homestead exemption.

It appears the Trustee may have taken the position that the Trustee's Joinder DOC 128 was only relevant to any net proceeds to the Debtor's estate after the payment of claims pursuant to Trustee's potentially undisclosed modification of the § 724(b) distribution scheme.

Since the Trustee did not expect a great deal of net proceeds to go to the Debtor's estate, the Trustee downplayed to Debtor the importance of the Joinder and to the Hon. Erithe A. Smith.

The Trustee's Joinder DOC 128,  did not argue points and despite the lack of explicit statutory guidance, the Trustee's position appeared to be silent, in that distributions pursuant to § 724(b), even as modified by a Trustee to pay general unsecured creditors in addition to (and, other than his own expenses, instead of) the priority claimants that § 724(b) normally benefits, [are not] subject to the Debtor's homestead exemption.

Since California opted out of the federal exemptions in the Bankruptcy Code, state law generally controls the analysis of exemptions.

Under California law, a debtor who properly records her Article 5 homestead declaration while residing at the subject property, is entitled to her declared homestead and the additional benefits debtor is also automatically entitled to of the Article 4 automatic homestead exemption and its protections against a forced sale.   In re Kelley, 9th Cir.BAP (Cal.)2003, 300 B.R. 11.

There is a long-standing precedent in California of construing exemptions liberally. In re Rolland, Bkrtcy.C.D.Cal.2004, 317 B.R. 402

("The North Carolina Supreme Court has cautioned that 'provisions which restrict a debtor's access to her exemptions should be construed narrowly.'
Thus, debtors have long been 'allowed a great deal of flexibility in claiming and maintaining their exemptions' under the state's law." (quoting Household Fin. Corp. v. Ellis, 107 N.C. App. 262, 266 (1992), aff'd 333 N.C. 785 (1993))).

Given the importance of the California homestead exemption in providing shelter to debtors and their families, see Cook, 2003 WL 21790296, at *2 ("The language of the California homestead exemption statute suggests that its purpose is to secure debtors and their families the shelter of a homestead."), it is not surprising that it "is a favorite of the law and will be sustained whenever possible," In re Bryant, Ch. 7 Case No. 94-10476, slip op. at 4 (Bankr. W.D.N.C. Feb. 2, 1995) (citing Pence v. Price, 211 N.C. 707 (1937)).

When other courts have considered the interplay of carve outs, § 724(b), and/or exemptions, the results have not been consistent, except in the inconsistency in results and rationales. Some courts conclude that carve outs of a secured creditor's proceeds for distributions to unsecured creditors do not implicate a debtor's exemptions. E.g., In re Stark, Ch. 7 Case No. 8-20-70948, 2020 WL 5778400, at *2 (Bankr. E.D.N.Y. Sept. 25, 2020), rev'd Stark v. Pryor (In re Stark), No. 20-CV-4766 (E.D.N.Y. June 28, 2022) ("[T]he funds generated for the benefit of the estate by a chapter 7 trustee pursuant to potentially an [undisclosed] [carve-out] agreement potentially applicable in this case are not attributable to a debtor's equity interest in a homestead, or are they [not] attributable to the trustee's exercise of his powers to negotiate with the Certificate of Title Perfected Holder, of the 30-year Security Interest and Promissory Note perfected on the face of the Department of Housing & Community Development Certificate of Title to gain some benefit for the estate.")

In re Bunn-Rodemann, 491 B.R. 132, 136 (Bankr. E.D. Cal. 2013) ("To the extent that a creditor elects to pay a portion of the sales proceeds subject to its lien as an 'investment payment' for the bankruptcy estate to conduct a short-sale of this Debtor's Property, such monies of the creditor are not assets in which the Debtor may claim an exemption.").

Similarly, some courts hold that distributions pursuant to § 724(b) are not subject to a debtor's exemptions, e.g., Grochocinski v. Laredo (In re Laredo), 334 B.R. 401, 415 (Bankr. N.D. Ill. 2005) (holding that the IRS's lien (pursuant to § 522(c)(2)(B)) and the priority claims described in § 507(a)(1)–(7) (pursuant to § 724(b)) are superior to the debtors' homestead

26

exemption), and allow a § 724(b) sale even when a [trustee's costs] are the only priority claims that will potentially be paid.

Some courts do not see a problem with combining carve outs and § 724(b) as it appears the Debtor's believes the future Trustee's Motion to Sell Debtor's home will attempt. E.g., Reeves, 2011 WL 841238, at *3 ("The key point is lengthy commentary by Debtor: is the Trustee's attempt at a carve out for the benefit of unsecured creditors really for the benefit of a hypothetical lien held by the IRS, [as stated this Debtor does not have any IRS liens] not from a creditor who would be subject to the debtor's exemption." (citing In re World Health Alts., Inc., 344 B.R. 291, 297 (Bankr. D. Del. 2006))).

Other courts reach the opposite conclusions in each of these situations. While carve outs are frequently used in bankruptcy, they are not universally allowed to defeat debtors' exemptions. See, e.g., In re Anderson, 603 B.R. 564, 570–71 (Bankr. W.D. Va. 2019) (refusing to allow carve out of sale proceeds of property owned tenancy by the entireties for the benefit of individual unsecured creditors); In re Wilson, 494 B.R. 502, 506 (Bankr. C.D. Cal. 2013) ("It does not matter how funds are generated by the estate through a Section 363 sale, including if derived from a 'tip' [a/k/a carve out] from Bank of America or Wachovia so that they will not have to undertake a foreclosure proceeding under California law.
Funds derived from these sales are property of the estate and are subject to valid exemptions.").

Some courts hold that distributions pursuant to § 724(b) are subject to a debtor's exemptions. See, e.g., In re Selander, 592 B.R. 729, 735 (Bankr. W.D. Wash. 2018) ("Though cloaked in a subordination agreement, effectively the Trustee fails to explain an attempt to do more than his claim of the ability to pull exempt property back into the estate and surcharge the exemption.

The Debtor prays and respectfully requests this Court  agree this is not a result Congress intended with the enactment of § 724(b).")   Although as pointed out above, some courts raise questions about a trustee using § 724(b) solely to pay his own fees and expenses. E.g., Sheehan v. Posin, Ch. 7 Case No. 11-CV-160, 2012 WL 1413020, at *5 n.1 (N.D. W. Va. Apr. 23, 2012)

(suggesting that the bankruptcy court below could examine whether a sale that only paid administrative costs was "an attempt by the trustee to churn property worthless to the estate just to increase fees" (quoting In re K.C. Mach. & Tool Co., 816 F.2d 238, 246 (6th Cir. 1987))); Oakland Cnty. Treasurer v. Allard (In re Kerton Indus.), 151 B.R. 101, 101–02 (E.D. Mich. 1991) (holding that a sale pursuant to § 724(b) that only resulted in the payment of administrative expenses related to the sale did not benefit the bankruptcy estate); see In re Fialkowski, 483 B.R. 590, 594 (Bankr. W.D.N.Y. 2012)

"The full scope of § 724(b) would best be understood in a case in which there are pre-petition priority unsecured claims that would benefit from the administration of the collateral.".

In re Christensen, the case thoroughly examines the relevant issues and rejects the combination of § 724(b) and a carve out. While in the context of a Chapter 7 trustee's application for compensation, Christensen involves two bankruptcy cases with liens that exceed the value of the debtors' properties, proposed carve outs of the IRS's liens, attempts to use § 724(b) to pay a trustee's fees and costs, and no proposed distribution on the debtors' exemptions. 561 B.R. at 197–98.

Relying on the Handbook for Chapter 7 Trustees prepared by the Office of the United States Trustee, the Christensen case concludes that the proposed sales were not mandatory due to the lack of equity in the properties. Id. at 203–05.  Since the Bankruptcy Code did not require the trustee to sell the properties, the trustee needed to show a benefit to the unsecured creditors of the debtors' estates to support his fee applications. Id. at 205–06.
The Trustee could not, largely because Christensen concludes that the funds carved out of the sale proceeds were subject to the debtors' homestead exemptions. Id. at 210–11

("Carve-outs are not a means for secured creditors to dictate payments to other creditors. The Trustee and the IRS cannot, simply by agreement, defeat junior lien interests or the Debtors' homestead exemptions, nor can a stipulation between the Trustee and the IRS bind the Court with respect to questions of law." (footnote omitted)).

The Utah court decided the trustee's agreement with the IRS was a sham that was not really intended to benefit the unsecured creditors of the debtors but instead to allow the IRS to offer a "tip" to the trustee for liquidating the debtors' property, noting that the IRS would also be a significant beneficiary of the distribution to the unsecured creditors. Id. at 212 ("[T]he provision that the tip [a/k/a the carve out] will go to unsecured creditors allows the trustee to come before the court armed with the argument that in administering this asset, he is fulfilling his statutory duty by benefitting unsecured creditors, thereby insulating the arrangement from scrutiny.

This argument is facile and belies the true nature and purpose of the transaction."). See Christensen, 561 B.R. at 214. Christensen also notes that the arrangement between the IRS and the trustee would allow the IRS to obtain a result it could not outside of bankruptcy, as 26 U.S.C. § 6334(a)(13)(B) "specifically exempts a taxpayer's principal residence from levy." Id. at 205 n.40. Section 724(b) does not provide any additional support for the proposal "because properly exempted property is not subject to the provisions of § 724." Id. at 213.

See Christensen, 561 B.R. at 214. Christensen forcefully and persuasively rejects a trustee's sale that combines a carve out and § 724(b). In addition, Christensen is one of the few cases discussed in it's order that even mentions the impact of the Supreme Court's holding in Law v. Siegel, 571 U.S. 415 (2014), on the issues at play, and, in its Bird opinion affirming Christensen, the Bankruptcy Appellate Panel for the Tenth Circuit provides the most thorough examination of Law in this context.

In the course of holding that bankruptcy courts cannot surcharge a debtor's exemption for bad faith conduct, Law notes that subsection (k) of the Bankruptcy Code's exemption statute says exempted property is "not liable for payment of any administrative expense." Id. at 420–22 (quoting § 522(k)).

There are "two narrow exceptions" to that "general rule," but both of the statutory exceptions relate to the costs of avoiding a transfer and were not at issue in Law. Id. at 422 n.2.

The Court then recalls its previous observation that § 522 balances "the difficult choices that exemption limits impose on debtors with the economic harm that exemptions visit on

creditors," id. at 426–27 (quoting Schwab v. Reilly, 560 U.S. 770, 791 (2010)), and adds that "[t]he same can be said of the limits imposed on recovery of administrative expenses by trustees," id. at 427.

While the factual situation here concerning Debtor jas not yet reached this analysis, Debtor believes it is important and distinguishable from the one before the Court in Law, "it would nonetheless have the same effect—to deprive [the Debtor] of [her] homestead exemption [ ] on a basis other than one enumerated in the Code." Bird, 577 B.R. at 386.   Law holds that a debtor cannot be deprived of a homestead exemption to pay administrative expenses even when a bankruptcy court found that a trustee had to incur over $500,000 in attorney's fees due to the debtor's fraud. **Law, 571 U.S. at 420.**

As in Bird/Christensen, the Trustee's current Application before this court and potential subsequent Motion to Sell, is not based on any allegation of misbehavior by the Debtor. See Bird, 577 B.R. at 386 ("Debtors in these cases do not stand accused of any fraudulent or contemptuous behavior."). Law does allow that state law could provide for the disallowance of an exemption created by the state, 571 U.S. at 425 (citing In re Sholdan, 217 F.3d 1006, 1008 (8th Cir. 2000); COLLIER ¶ 522.08[1]–[2]).  Trustee did not assert any state law basis for ignoring the Debtor's homestead exemption other than the Trustee's Joinder DOC 128, which hypothetically, did not believe was necessary to allow his subsequent proposed modified distributions pursuant to § 724(b), in a Motion to Sell.

Given the lack of an explicit statutory basis facing the Trustee subsequent Motion to Sell, and potential payment of administrative expenses pursuant to § 724(b), not being subject to a debtor's exemptions seems questionable at best after Law. See Christensen, 561 B.R. at 214 ("[I]t is inconsistent with § 522(k) if exempted property is subject to distribution under § 724(b) and used to pay administrative expenses.").

Finally, the Debtor asks this Court to consider the Trustee's Application to hire a Broker proposal and contract attached to the Motion, in light of the Debtors pending Motion for

Reconsideration overruling Interested Party Houser Bros MOT Obejcting to Debtors

Homeostead Exemption in a home she purchased and resides in since November 2018,

one of the primary purposes of bankruptcy: the offer of a fresh start to the Debtor. See Cent. Va.

Cmty. Coll. v. Katz, 546 U.S. 356, 363–64 (2006) ("Critical features of every bankruptcy

proceeding are the exercise of exclusive jurisdiction over all of the debtor's property, the

equitable distribution of that property among the debtor's creditors, and the ultimate discharge

that gives the debtor a 'fresh start' by releasing him, her, or it from further liability for old

debts." (citing Loc. Loan Co. v. Hunt, 292 U.S. 234, 244 (1934))); Hunt, 292 U.S. at 244 ("One

of the primary purposes of the Bankruptcy Act is to 'relieve the honest debtor from the weight of

oppressive indebtedness, and permit him to start afresh free from the obligations and

responsibilities consequent upon business misfortunes.' " (quoting Williams v. U.S. Fid. & Guar.

Co., 236 U.S. 549, 554–55 (1915))).


Rhe Trustee's Motion, fails to discuss "any negative impact on the Debtor from the sale

of her home or how this Application and subsequent MOT to Sell,  assists the Debtor with her

"fresh start."


Moreover, the Debtor respectfully wishes to inform this Court that the Debtors attempts to sell

her home since 2019, Houser Bros Co holding debtor "hostage" under an unprosecuted 1/2/2019,

Unlawful Detainer Case filed by Houser Bros Co against a 11/1/2018, bona fide purchaser for

value of a 2014 Manufactured Home, would have received an even better version of the Trustee's

potential picture of a "type of fresh start" if Debtor had been allowed to sell her home on her

own without filing bankruptcy.


If the court approves any version of Trustee's Application and subsequent Motion To

Sell, before the Honorable Erithe A. Smith is permitted to consider debtors Motion for

Reconsideration on September 22, 2022, DOC 157, the Debtor at least 60 years old, would begin

her "fresh start" in need of a new home while still subject to significant liens.


Debtor believes the burden of a Trustee's 724(b) disguised proposal would actually be shifted to

the Debtor, see Christensen, 561 B.R. at 214 ("[D]ebtors may be burdened with tax debt that

could have been satisfied from the property—in effect, they could also be saddled with the **administrative expenses of this case.").** SEE Trustee's May 12, 2022, Motion to Employ Danning, Gill, Israel, & Krasnoff, LLP, Nunc Pro Tunc to January 27, 2022,  DOC 92, after Debtor sent Trustee a Text Message in February 2022, inquiring why the Trustee has not submitted an Application to the Bankruptcy Court to employ General Counsel for a Chapter 7 Trustee and Bankruptcy Attorney for almost 30 years.

Despite the Trustee's insistence to the contrary, the Debtor does not see this Application to Employ a Broker to sell debtor's personal residence since 2018 supporting the Debtor's fresh start.

Debtor suggest here, a hypothetical Trustee's proposal that potentially could arise her, would not benefit the Debtor's estate and would violate the principle that trustees should not administer property solely for the benefit of themselves.

Any potential carve outs and novel distribution scheme solve the benefit to the estate problem, but the proposal only works if the court ignores the September 22, 2022, Debtor's Motion for Reconsideration DOC 157, sustaining interested parties objection to debtors homestead exemption (for reasons that the Trustee did not explain in his joinder). DOC 128.

Given the strong protection of exemptions in California, particularly the homestead exemption, and the Supreme Court's instruction about the limited reasons for paying administrative expenses with exempt property, which are not present in this case, the court believes the Debtor's exemptions deserve more respect than the Trustee premature Application to Employ a Broker provides.

In addition, Congress created a precise scheme for distributions pursuant to § 724(b) that differs from the normal priorities applied in almost all bankruptcy cases, and it is not appropriate for the Trustee to create a new version of that distribution scheme by agreement of certain creditors or otherwise.

32

Adding general unsecured creditors to the § 724(b) distribution scheme would be a significant rewrite of the statutory language.

If the debtors objection to this Application is viewed as an adjunct of the potential Motion to Sell and the Trustee's overall subsequent proposal, the respectfully asks this Court to broadly consider this IN PRO PER and the reasons discussed above.
 The Trustee filed the the Joinder separately from (and prior to) this Motion, and even though the Trustee's Joinder DOC 128, appeared noncontroversial on its face, this debtor respectfully asks this Court to allow Debtors Motion for Reconsideration Hearing set on September 22, 2022, DOC 200, to be considered by the Honorable Erithe A. Smith.

Several courts have considered and overruled similar objections. See Fontana, 2015 Bankr. LEXIS 3771, at *3–4 (citing In re Ruppel, 368 B.R. 42, 44 (Bankr. D. Or. 2007); In re Quezada, 368 B.R. 44, 47 (Bankr. S.D. Fla. 2007); In re Vandeventer, 368 B.R. 50, 54 (Bankr. C.D. Ill. 2007)).

These cases make a distinction between an exemption not applying to certain types of claims or creditors, on the one hand, and disallowing the exemption altogether, on the other. Id. (citations omitted); see also Christensen, 561 B.R. at 213 (noting that property remaining liable for certain claims does not mean that an exemption is disallowed (citing In re Covington, 368 B.R. 38, 40 (Bankr. E.D. Cal. 2006))).

Since the property in question in Debtors Motion for Reconsideration DOC 157, may still be exempt (except as to certain claims/creditors), the Court should deny Trustee's Application to Employ a Broker as premature and any attempts to begin to administer it.

Ruppel, Quezada, Vandeventer, and Covington all examine changes to § 522 pursuant to the Bankruptcy Abuse Prevention and Consumer Protection Act ("BAPCPA"), Trustee did not provide a state-specific reason to deny the Debtor's exemption in his Joinder DOC 128.

Executed this 30th day of August 2022, at Huntington Beach, CA., County of Orange.

33

Respectfully,

*Jamie Lynn Gallian*

JAMIE LYNN GALLIAN

34

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
5801 SKYLAB ROAD
HUNTINGTON BEACH, CA 92649

A true and correct copy of the foregoing document entitled (*specify*):  DEBTOR'S
OPPOSITION TO APPLICATION OF THE CHAPTER 7 TRUSTEE TO EMPLOY REAL ESTATE BROKER
BANKER REALTY AND AGENTS WILLIAM FRIEDMAN AND GREG BINGHAM PURUSUANT TO 11 U.S.C §§327 AND
DECLARATION OF JAMIE LYNN GALLIAN ISO OF OPPOSITION.
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in
the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General
Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)
08/30/2022_____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that
the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated
below:

☑ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy
case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail,
first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the
judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method
for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _08/30/2022_____, I served
the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to
such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration
that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is
filed.
ATTORNEY JANINE JASSO, ESQ.
EMAIL ADDRESS:  J9_JASSO@YAHOO.COM

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| 08/30/2022 | ROBERT MCLELLAND | *Robert McLelland* |
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                          **F 9013-3.1.PROOF.SERVICE**

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: CONTINUED:
   - **ATTORNEY FOR TRUSTEE JEFFREY I GOLDEN (TR)**: Aaron E DE Leest adeleest@DanningGill.com,
     danninggill@gmail.com; adeleest@ecf.inforuptcy.com
   - **ATTORNEY FOR CREDITOR and PLAINTIFF THE HUNTINGTON BEACH GABLES HOMEOWNERS
     ASSOCIATION**: Robert P Goe kmurphy@goeforlaw.com, rgoe@goeforlaw.com; goeforecf@gmail.com
   - **TRUSTEE JEFFREY I GOLDEN (TR)**: Jeffrey I Golden (TR lwerner@wgllp.com, jig@trustesolutions.net;
     kadele@wgllp.com
   - **ATTORNEY FOR PLAINTIFF HOUSER BROS. CO.**: D Edward Hays ehays@marshackhays.com,
     ehays@ecf.courtdrive.com; kfrederick@ecf.courtdrive.com; cmendoza@marshackhays.com;
     cmendoza@ecf.courtdrive.com
   - **ATTORNEY FOR CREDITOR and PLAINTIFF THE HUNTINGTON BEACH GABLES HOMEOWNERS
     ASSOCIATION**: Brandon J Iskander biskander@goeforlaw.com, kmurphy@goeforlaw.com
   - **ATTORNEY FOR TRUSTEE JEFFREY I GOLDEN (TR)**: Eric P Israel eisrael@DanningGill.com,
     danninggill@gmail.com; eisrael@ecf.inforuptcy.com
   - **ATTORNEY FOR PLAINTIFF HOUSER BROS. CO.**: Laila Masud lmasud@marshackhays.com,
     lmasud@ecf.courtdrive.com; kfrederick@ecf.courtdrive.com
   - **ATTORNEY FOR DEFENDANT RANDALL L NICKEL**: Mark A Mellor mail@mellorlawfirm.com,
     mellormr79158@notify.bestcase.com
   - **INTERESTED PARTY COURTESY NEF**: Valerie Smith claims@recoverycorp.com
   - **U.S. TRUSTEE**: United States Trustee (SA) ustpregion16.sa.ecf@usdoj.gov

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**