ERIC P. ISRAEL (State Bar No. 132426)
eisrael@DanningGill.com
AARON E. DE LEEST (State Bar No. 216832)
adeleest@DanningGill.com
DANNING, GILL, ISRAEL & KRASNOFF, LLP
1901 Avenue of the Stars, Suite 450
Los Angeles, California 90067-6006
Telephone:  (310) 277-0077
Facsimile:  (310) 277-5735

Attorneys for Jeffrey I. Golden,
Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>JAMIE LYNN GALLIAN,<br><br>            Debtor. | Case No. 8:21-bk-11710-SC<br><br>Chapter 7<br><br>**CHAPTER 7 TRUSTEE'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF APPLICATION TO EMPLOY REAL ESTATE BROKER AND TO ENTER INTO EXCLUSIVE LISTING AGREEMENT; AND REQUEST FOR JUDICIAL NOTICE IN SUPPORT THEREOF**<br><br>Date:    September 13, 2022<br>Time:    11:00 a.m.<br>Place:   Courtroom "5C"<br>            411 W. 4th Street<br>            Santa Ana, California 92701 |

TO THE HONORABLE SCOTT C. CLARKSON, UNITED STATES BANKRUPTCY

JUDGE, AND INTERESTED PARTIES:

Jeffrey I. Golden, as Chapter 7 Trustee for the bankruptcy estate (the "Estate") of Jamie

Lynn Gallian (the "Debtor), hereby replies to the Debtor's opposition (*docket no. 208*) (the

"Opposition") to the Trustee's Application to Employ Real Estate Broker Coldwell Banker Realty

1692431.1  27064                                1

and Agents William Friedman and Greg Bingham Pursuant to 11 U.S.C. §§ 327 and 328 (*docket no. 162*) (the "Application"), as follows:

The Debtor's Opposition to the Application appears to be based on the Debtor's mistaken belief that the Trustee and the Debtor's estate have no interest in the manufactured home located at 16222 Monterey Lane, Space #376, Huntington Beach, California 92649 ("Property"), which is the Debtor's residence, the Debtor's incorrect interpretation of the Court's order denying her claimed exemption in the Property, and the Debtor's incorrect assumptions on what may or may not happen in the future with respect to a sale of the Property. As discussed below, the Debtor's arguments are without merit and do not support denial of the Application to employ the Broker.

1. As an initial matter, the Trustee has a duty to collect and reduce to money property of the estate for which the Trustee serves. 11 U.S.C. § 704(a). With the Court's approval, the Trustee may employ professionals to assist the Trustee in carrying out his duties. 11 U.S.C. § 327(a). Here, the Trustee seeks to employ Coldwell Banker Realty and Agents William Friedman and Greg Bingham (the "Broker") to facilitate the sale of the Property and assist the Trustee in administering the equity in the Property for the benefit of the estate's creditors. As discussed below, the Debtor's estate is the 100% owner of J-Sandcastle Co, LLC ("Sandcastle"), which held title to the Property on the petition date. The Application clearly establishes that the Broker (and its agents) is highly qualified to represent the estate in connection with the sale of the Property and is disinterested as required by 11 U.S.C. §§ 327 and 328. Thus, the standard for employment of the Broker has been satisfied, and the Court should approve the Application as requested.

2. The Debtor's arguments that the estate has no interest in the Property and that the Trustee cannot administer the Property (or its equity) are incorrect. On the Petition Date, title to the Property was vested in Sandcastle, an LLC wholly owned by the Debtor. *See* Exemption Order, docket no. 177, at p. 12 of 12.

Pursuant to 11 U.S.C. § 541(a)(1), all of Debtor's contractual rights and interest in Sandcastle became property of the estate by operation of law when the Debtor filed bankruptcy. As a result, on the petition date, the Debtor's 100% membership interest in Sandcastle became property of the estate and the Trustee stepped into the Debtor's shoes, succeeding to all of her

rights in Sandcastle, including the right to control it. *Fursman v. Ulrich (In re First Protection, Inc.)*, 440 B.R. 821, 830-32 (B.A.P. 9th Cir. 2010). Thus, to the extent that the Trustee is required to do so, there is no restriction on the Trustee acting as sole member and manager of Sandcastle and causing Sandcastle to sell the Property, subject to Court approval on notice to the Debtor and creditors, of course.

Moreover, the Debtor caused Sandcastle to deed the Property to herself post-petition.[1] *See* Exemption Order, docket no. 177, at p. 10 of 12. Accordingly, whether title is held by Sandcastle or the Debtor, the Trustee believes that he will be able to transfer title to a third party purchaser after filing a sale motion,

3. The Debtor's additional arguments that there may be insufficient equity in the Property to permit a sale, some of which arguments are raised only in her declaration attached to the Objection,[2] are not a basis to deny employment of the Broker. As set forth above, whether there is equity in the Property is not a basis under 11 U.S.C. § 327(a) to deny the Trustee's Application to employ the Broker. The Trustee believes that based on the valuation provided by the Broker, that there will be equity for creditors. However, the Property has not yet been exposed to the market and the Trustee needs to employ the Broker and list the Property in order to determine whether a buyer can be found and whether a sale is warranted. It is also irrelevant for the Debtor to speculate how the Trustee will address any alleged liens that may be on the Property.[3] Either the sale motion will address the equity analysis and any purported liens on the Property, or

---

[1] The Debtor's reliance on *Patrick A. Casey, P.A. v. Hochman*, 963 F.2d 1347, 1351 (10th Cir. 1992) is misplaced. Sandcastle's transfer of title to the Property to the Debtor post-petition is not akin to a debtor's post-petition invention of a patentable device that did not exist on the petition date, which was the issue in *Casey*. Rather, here, on the petition date the Debtor owned a membership interest in Sandcastle, and Sandcastle was on title as the owner the Property. The Debtor then caused Sandcastle post-petition to transfer title to the Property to the Debtor.

[2] Concurrently herewith the Trustee is filing evidentiary objections to the Debtor's declaration.

[3] The Trustee will, however, point out that the Debtor neglects to inform the Court that the Debtor is also the 100% owner and manager of J-Pad, LLC, which purports to have a lien on the Property. *See* docket nos. 38, 39, and 72 (Debtor's amended schedules). The Debtor's ownership interest and rights in relation to J-Pad, LLC, also became property of the estate when the Debtor filed bankruptcy.

1692431.1 27064                                            3

the Property will not be able to be sold.  The Debtor never sought or obtained a stay of the Exemption Order, so that order is effective at this time, and there is no exemption in the Property.  The Debtor should not be given a free stay while her appeal is pending.

Based upon the foregoing, the Court should disregard the Debtor's Opposition, approve the Application and authorize the Trustee to employ the Broker, as the Trustee's real estate broker to list and aid the Trustee in marketing and selling the Property.  The Trustee further requests such other relief as is just and proper.

DATED:  September 6, 2022              DANNING, GILL, ISRAEL & KRASNOFF, LLP


By:       */s/ Aaron E. de Leest*
     AARON E. DE LEEST
     Attorneys for Jeffrey I. Golden, Chapter 7 Trustee

**REQUEST FOR JUDICIAL NOTICE**

Jeffrey I. Golden, as Chapter 7 Trustee for the bankruptcy estate (the "Estate") of Jamie Lynn Gallian (the "Debtor), requests that the Court take judicial notice of the following facts.

1. The Debtor's amended schedules list that the Debtor is the 100% owner of J-Sandcastle Co, LLC and J-Pad, LLC. *See* docket nos. 38, 39, and 72 (Debtor's amended schedule A/B, # 19).

DATED: September 6, 2022 DANNING, GILL, ISRAEL & KRASNOFF, LLP


 By: */s/ Aaron E. de Leest*
 AARON E. DE LEEST
 Attorneys for Jeffrey I. Golden, Chapter 7 Trustee

1692431.1  27064

5

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 1901 Avenue of the Stars, Suite 450, Los Angeles, CA 90067-6006.

A true and correct copy of the foregoing document entitled (*specify*):  CHAPTER 7 TRUSTEE'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF APPLICATION TO EMPLOY REAL ESTATE BROKER AND TO ENTER INTO EXCLUSIVE LISTING AGREEMENT; AND REQUEST FOR JUDICIAL NOTICE IN SUPPORT THEREOF  will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On  September 6, 2022  I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page.

**2.  SERVED BY UNITED STATES MAIL**:  On September 6, 2022 , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page.

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on  September 6, 2022 , I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| September 6, 2022 | Beverly Lew | /s/ Beverly Lew |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                                              F 9013-3.1.PROOF.SERVICE

**ADDITIONAL SERVICE INFORMATION (if needed):**

## 1. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")

Aaron E DE Leest on behalf of Trustee Jeffrey I Golden (TR)
adeleest@DanningGill.com, danninggill@gmail.com;adeleest@ecf.inforuptcy.com

Robert P Goe on behalf of Creditor The Huntington Beach Gables Homeowners Association
kmurphy@goeforlaw.com, rgoe@goeforlaw.com;goeforecf@gmail.com

Robert P Goe on behalf of Plaintiff The Huntington Beach Gables Homeowners Association
kmurphy@goeforlaw.com, rgoe@goeforlaw.com;goeforecf@gmail.com

Jeffrey I Golden (TR)     lwerner@go2.law, jig@trustesolutions.net;kadele@go2.law

D Edward Hays on behalf of Creditor Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates
ehays@marshackhays.com,
ehays@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com

D Edward Hays on behalf of Interested Party Courtesy NEF
ehays@marshackhays.com,
ehays@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com

D Edward Hays on behalf of Plaintiff Houser Bros. Co.
ehays@marshackhays.com,
ehays@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com

Brandon J Iskander on behalf of Creditor The Huntington Beach Gables Homeowners Association
biskander@goeforlaw.com, kmurphy@goeforlaw.com

Brandon J Iskander on behalf of Plaintiff The Huntington Beach Gables Homeowners Association
biskander@goeforlaw.com, kmurphy@goeforlaw.com

Eric P Israel on behalf of Trustee Jeffrey I Golden (TR)
eisrael@DanningGill.com, danninggill@gmail.com;eisrael@ecf.inforuptcy.com

Laila Masud on behalf of Creditor Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates
lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com

Laila Masud on behalf of Interested Party Courtesy NEF
lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com

Laila Masud on behalf of Plaintiff Houser Bros. Co.
lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com

Mark A Mellor on behalf of Defendant Randall L Nickel
mail@mellorlawfirm.com, mellormr79158@notify.bestcase.com

Mark A Mellor on behalf of Interested Party Courtesy NEF
mail@mellorlawfirm.com, mellormr79158@notify.bestcase.com

Valerie Smith on behalf of Interested Party Courtesy NEF     claims@recoverycorp.com

United States Trustee (SA)     ustpregion16.sa.ecf@usdoj.gov

## 3. SERVED BY OVERNIGHT MAIL

| | |
|---|---|
| Debtor, in pro per | The Honorable Scott C. Clarkson |
| Jamie Lynn Gallian | U.S. Bankruptcy Court |
| 16222 Monterey Lane, Space #376 | 411 W. Fourth Street, Suite 5130 |
| Huntington Beach, CA 92649 | Santa Ana, CA 92701 |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.