1  ERIC P. ISRAEL (State Bar No. 132426)
   *eisraels@DanningGill.com*
2  AARON E. DE LEEST (State Bar No. 216832)
   *adeleest@DanningGill.com*
3  DANNING, GILL, ISRAEL & KRASNOFF, LLP
   1901 Avenue of the Stars, Suite 450
4  Los Angeles, California 90067-6006
   Telephone: (310) 277-0077
5  Facsimile: (310) 277-5735

6  Attorneys for Jeffrey I. Golden,
   Chapter 7 Trustee
7

8                UNITED STATES BANKRUPTCY COURT

9                CENTRAL DISTRICT OF CALIFORNIA

10                    SANTA ANA DIVISION

11

12 In re                                  Case No. 8:21-bk-11710-SC

13 JAMIE LYNN GALLIAN,                     Chapter 7

14        Debtor.                          **EVIDENTIARY OBJECTIONS TO
                                           DECLARATION OF JAMIE LYNN
15                                         GALLIAN IN SUPPORT OF
                                           OPPOSITION TO APPLICATION OF
16                                         THE CHAPTER 7 TRUSTEE TO
                                           EMPLOY REAL ESTATE BROKER
17                                         COLDWELL BANKER REALTY AND
                                           AGENTS WILLIAM FRIEDMAN AND
18                                         GREG BINGHAM PURSUANT TO
                                           11 U.S.C. §§ 327 AND 328**
19
                                           Date:    September 13, 2022
20                                         Time:    11:00 a.m.
                                           Place:   Courtroom 5C
21                                                  411 W. Fourth Street
                                                    Santa Ana, California 92701
22

23        Jeffrey I. Golden, the Chapter 7 Trustee for the bankruptcy estate of Jamie Lynn Gallian

24 (the "Debtor"), hereby objects to the Declaration of Jamie Lynn Gallian filed in support of the

25 Opposition to Application of the Chapter 7 Trustee to Employ Real Estate Broker Coldwell Banker

26 Realty and Agents William Friedman and Greg Bingham pursuant to 11 U.S.C. §§ 327 and 328

27 (*docket no. 208*), filed by Debtor, as follows:

28

| Statement and Exhibit: | Objections: | Sustained or Overruled |
|---|---|---|
| "The Chapter 7 Trustee, Jeffrey Golden, along with Interested Parties Huntington Beach Gables Homeowners Association joined in the Motion Objecting to Debtors Homeowners Exemption. No claims were raised in the MOT that the property in question is not the Debtors personal residence, since November 2018. Debtor and her family still live in the home."<br><br>Declaration at page 16. | Irrelevant, Fed. R. Evid. 401, 402 | Sustained _____<br><br>Overruled _____ |
| "If the Court had deemed Debtors' homestead exemption to be valid, then the secondary plan by interested parties Houser Bros Co, and the joinders back up plan was sought to limit her homeowners exemption to the statutory cap of $170,675 under § 522(p)(1). Debtor resides in and purchased the property in question on November 1, 2018 and 11 U.S.C. 522 (p)(2)(b) is applicable to the proceeds from her sale of her previous home on October 31 2018, used to purchase Debtors 2014 Manufactured Home."<br><br>Declaration at page 16. | Irrelevant, Fed. R. Evid. 401, 402<br><br>Best Evidence Rule (Document Speaks For Itself), Fed. R. Evid. 1002<br><br>Legal Conclusion<br><br>Speculative<br><br>Argument | Sustained _____<br><br>Overruled _____ |
| "Interested parties Houser Bros Co dba Rancho Del Rey, The Huntington Beach Gables HOA and former Gables HOA attorney Janine Jasso, argued that Debtor acquired an interest in the 2014 Skyline Manufactured Home property within the meaning of §522(p)(1) because the LLC by releasing signature on the Certificate of Title, transferred registration back to Debtor, on February 25, 2021, for no consideration, during the 1215– day period preceding the date of Debtor's Chapter 7 Petition on July 9, 2021, DOC 1."<br><br>Declaration at page 16-17. | Irrelevant, Fed. R. Evid. 401, 402<br><br>Best Evidence Rule (Document Speaks For Itself), Fed. R. Evid. 1002 | Sustained _____<br><br>Overruled _____ |

| | | |
|---|---|---|
| "Debtor asserts she qualified for the homeowners exemption because the home is where debtor has lived for several years and currently resides since acquiring the property on November 1, 2018, with the funds from the home she sold October 31, 2018, under the same Unexpired 80-year Ground Leasehold, burdening Parcel 1 & Parcel 2, APN 178-011-01, recorded December 6, 1979. in the Records of the Clerk Recorder, Orange County, Document No(s). 8346 & 8347." <br><br> Declaration at page 17. | Irrelevant, Fed. R. Evid. 401, 402 <br><br> Improper Lay Opinion, Fed. R. Evid., 701 <br><br> Legal Conclusion <br><br> Argument | Sustained _____ <br><br> Overruled _____ |
| "Debtor also asserted that the limitation under § 522(p)(1) was not triggered since she retained a beneficial and equitable interest in the Unit and the Ground Leasehold real property at all times despite transfer of the HCD Certificate of Title Registration of the Personal Property LBM1081, a 2014 Manufactured Home to and from the LLC with CA Department of Housing and Community Development due to negative effects put upon debtor by Houser Bros Co dba Rancho Del Rey Mobilehome Estates." <br><br> Declaration at page 17. | Irrelevant, Fed. R. Evid. 401, 402 <br><br> Improper Lay Opinion, Fed. R. Evid., 701 <br><br> Legal Conclusion | Sustained _____ <br><br> Overruled _____ |
| "On July 21, 2022, the bankruptcy court posted a TR, sustained Interested party Houser Bros Co dba Rancho Del Rey Mobilehome Estates MOT Objecting to Debtors Homeowenrs Exemption, with joinders The Huntington Beach Gables Homeowners Association and former HOA attorney Janine Jasso. The Chapter 7 Trustee, Jeffrey Golden joined the objection to Debtors Homestead Exemption on June 30, 2022, DOC 128, without specific supporting argument." <br><br> Declaration at page 17. | Irrelevant, Fed. R. Evid. 401, 402 <br><br> Best Evidence Rule (Document Speaks For Itself), Fed. R. Evid. 1002 | Sustained _____ <br><br> Overruled _____ |

1692316.1  27064

3

| | | |
|---|---|---|
| "Debtor timely moved for Reconsideration set on calendar, August 18, 2022, DOC 157, continued to September 22, 2022, upon an Agreed Signed Stipulation for Debtor to Dismiss Her Appeals without prejudice, at the BAP and District Court, August 18, 2022, on the Record with Honorable Erithe A. Smith, finalized and signed Stipulation between Houser Bros Co attorney D. Edward Hays and Debtor, so Honorable Erithe A. Smith can consider Debtor's Motion for Reconsideration on the Merits aftert the Stipulated and Continued hearing August 18, 2022, to September 22, 2022." <br><br> Declaration at page 17 - 18. | Irrelevant, Fed. R. Evid. 401, 402 | Sustained _____ <br><br> Overruled _____ |
| Debtor recorded a Declared Homestead pre-petition, with the Office of the Clerk Recorder, Co. of Orange, DOC 74." <br><br> Declaration at page 18. | Irrelevant, Fed. R. Evid. 401, 402 | Sustained _____ <br><br> Overruled _____ |
| ""The Debtor claimed a homestead exemption in the Property" (Trustee Appl. Pg. 2, Line 21) in her FIRST AMENDMENT Amended Schedule C, DOC 16. The Chapter 7 Trustee's Application seeks to sell the Debtor's personal residence (Trustee Appl, pg. 2 line 19) "she has lived in since November 1, 2018, DOC 1, and use the proceeds to "pay claims of creditors and expenses of administration" (Trustee Appl. Pg. 2, Line 28) and a dividend, DOC 142, to the Interested Parties and their unsecured claims namely, The Huntington Beach Gables Homeowners Association and Interested Party Houser Bros Co dba Rancho Del Rey Mobilehome Estates against "the equity in the Property upon further court order" ("Trustee Appl. Pg. 2, Line 18) or portion of the sale proceeds to Debtor's estate, assuming there is anything left." <br><br> Declaration at page 18. | Irrelevant, Fed. R. Evid. 401, 402 <br><br> Best Evidence Rule (Document Speaks For Itself), Fed. R. Evid. 1002 | Sustained _____ <br><br> Overruled _____ |

| | | |
|---|---|---|
| "Debtor believes the sale of the Debtor's personal residence she resides in and has for years, violate the core principles of bankruptcy law, and the Debtor prays the court deny Trustee's Application DOC 162, and a looming subsequent MOT to Sell and the proposed transaction to sell debtors home to pay.... "...expenses of administration." (Trustee Appl. Pg. 2 Line 28.)"<br><br>Declaration at page 19. | Irrelevant, Fed. R. Evid. 401, 402<br><br>Lack of Personal Knowledge, Fed. R. Evid, 602<br><br>Improper Lay Opinion, Fed. R. Evid., 701<br><br>Legal Conclusion<br><br>Argument | Sustained _____<br><br>Overruled _____ |
| "A Chapter 7 trustee only may seek to sell a debtor's real property when there is available equity over any Perfected Claim on the face of California Certificate of Title secured by the property and any exemptions available to the debtor."<br><br>Declaration at page 19. | Irrelevant, Fed. R. Evid. 401, 402<br><br>Lack of Personal Knowledge, Fed. R. Evid, 602<br><br>Improper Lay Opinion, Fed. R. Evid., 701<br><br>Legal Conclusion<br><br>Argument | Sustained _____<br><br>Overruled _____ |
| "The debtor is keenly aware of the bankruptcy court TR on 7/21/2022, that the Property [is not] part of the bankruptcy estate of Debtor said Property having been registered in the name of J-Sandcastle Co LLC as of the petition date of July 9, 2021. TR on 7/21/2022,"<br><br>Declaration at page 19. | Irrelevant, Fed. R. Evid. 401, 402<br><br>Best Evidence Rule (Document Speaks For Itself), Fed. R. Evid. 1002<br><br>Legal Conclusion<br><br>Argument | Sustained _____<br><br>Overruled _____ |

| | | |
|---|---|---|
| "Bankruptcy trustees (like executing judgment creditors outside bankruptcy) ordinarily must satisfy liens secured by the property and pay a debtor's exemption prior to reaching funds available for paying their administrative claims and distribution to the rest of the creditor body. **See DeGiacomo v. Traverse (In re Traverse), 753 F.3d 19, 29 (1st Cir. 2014)** ("Bankruptcy courts have defined the equity that justifies a sale of property, consistently and explicitly, in one way: the value remaining for unsecured creditors above any secured claims and the debtor's exemption." (citations omitted))."<br><br>Declaration at page 19. | Irrelevant, Fed. R. Evid. 401, 402<br><br>Lack of Personal Knowledge, Fed. R. Evid, 602<br><br>Improper Lay Opinion, Fed. R. Evid., 701<br><br>Legal Conclusion<br><br>Argument | Sustained _____<br><br>Overruled _____ |
| "Using the Debtor's estimate for the value of the Debtor's home, DOC 1, there does not appear to be any equity in the property over Perfected Face of the Certificate of Title."<br><br>Declaration at page 19. | Irrelevant, Fed. R. Evid. 401, 402<br><br>Legal Conclusion | Sustained _____<br><br>Overruled _____ |
| "The Debtor scheduled the value of her residence at 16222 Monterey Ln. Unit 376, Huntington Beach, CA 92649, in Huntington Beach, California at $235,000.00 based on the last 24 months of recorded comparable home sales within the Rancho Del Rey Mobilehome Park and within Skandia Mobilehome Park. The Orange County Tax Assessor listed the 2021-2022 tax value at $79,000.00 with a $-7,000.00 homeowners exemption in Orange County, …<br><br>Declaration at page 19 – 20. | Irrelevant, Fed. R. Evid. 401, 402 | Sustained _____<br><br>Overruled _____ |
| "The Debtor disclosed in her DOC 1, a 11/16/2018, Security Agreement & Promissory Note with a balance of $225,000.00 at 5.5% interest per year, Manufactured-Home Transaction UCC Financing Statement Filing Date 01/14/2019 09:10a.m., Document Number 76027940003, Filing Number 19-7691916827. The Trustee's Application does not disclose whether the Trustee verified a payoff."<br><br>Declaration at page 20. | Irrelevant, Fed. R. Evid. 401, 402<br><br>Best Evidence Rule (Document Speaks For Itself), Fed. R. Evid. 1002 | Sustained _____<br><br>Overruled _____ |

| | | |
|---|---|---|
| "This would usually be the end of the analysis for a Chapter 7 trustee, and any Application to Employ and any subsequent Motion to Sell the Debtors home would end up in front of the Court."<br><br>Declaration at page 20. | Irrelevant, Fed. R. Evid. 401, 402<br><br>Lack of Personal Knowledge, Fed. R. Evid, 602<br><br>Improper Lay Opinion, Fed. R. Evid., 701<br><br>Legal Conclusion<br><br>Argument | Sustained _____<br><br>Overruled _____ |
| "Even using the Trustee's numbers in his Application and without considering the Debtor's homestead exemption, MOT for Reconsideration set on September 22, 2022, there does not appear to be any equity available for the Debtor's estate, as the total amount subject to liens ($225,000.00) + (approximately $20,000, in interest) exceeds the value of the property as estimated by the Trustee's realtor and debtors homestead exemption and any potential final sales price."<br><br>Declaration at page 20. | Irrelevant, Fed. R. Evid. 401, 402<br><br>Lack of Personal Knowledge, Fed. R. Evid, 602<br><br>Improper Lay Opinion, Fed. R. Evid., 701<br><br>Legal Conclusion<br><br>Argument | Sustained _____<br><br>Overruled _____ |
| "Since there is no equity available for the estate, the Trustee should not normally pursue a sale. If a Chapter 7 Trustee wanted to sell the property despite the lack of equity, the court would not let him, as courts do not allow trustees to administer bankruptcy estates solely for the benefit of secured creditors. See Joseph v. Cooper, 539 B.R. 489, 497 (W.D.N.C. 2015) ("In order to authorize the sale, the Bankruptcy Court must determine whether such a sale would benefit the estate after considering any encumbrances and the debtors declared homestead filed prepetition."<br><br>Declaration at page 20. | Irrelevant, Fed. R. Evid. 401, 402<br><br>Lack of Personal Knowledge, Fed. R. Evid, 602<br><br>Improper Lay Opinion, Fed. R. Evid., 701<br><br>Legal Conclusion<br><br>Argument | Sustained _____<br><br>Overruled _____ |

| | | |
|---|---|---|
| "A sale benefits the estate when the proceeds generate equity that can be distributed among secured creditors." (citing Reeves v. Calloway, 546 F. App'x 235, 241 (4th Cir. 2013))); In re Fontana, Ch. 7 Case No. 14-30773, 2015 Bankr. LEXIS 3771, at *4 (Bankr. W.D.N.C. Nov. 4, 2015) ("This result is consistent with the longstanding principle that Chapter 7 trustees are not to pursue claims for individual creditors." (citing In re Miller, 197 B.R. 810, 814–15 (W.D.N.C. 1996))); In re Marko, Ch. 7 Case No. 11-31287, 2014 WL 948492, at *5 (Bankr. W.D.N.C. Mar. 11, 2014) "The Bankruptcy Code generally contemplates that over encumbered property [not be] sold." (citing 11 U.S.C. § 363(f)(2)." Declaration at page 21. | Irrelevant, Fed. R. Evid. 401, 402 Lack of Personal Knowledge, Fed. R. Evid, 602 Improper Lay Opinion, Fed. R. Evid., 701 Legal Conclusion Argument | Sustained _____ Overruled _____ |
| "Since there does not appear to be any equity in the Debtor's residence, the Trustee appears to be attempting a different slight of hand and may be potentially successful in an attempt invoking a Chapter 7 exception to the normal order of distribution of sale proceeds as part of the justification for this Application and then a looming subsequent MOT for proposed Sale." Declaration at page 21. | Irrelevant, Fed. R. Evid. 401, 402 Lack of Personal Knowledge, Fed. R. Evid, 602 Improper Lay Opinion, Fed. R. Evid., 701 Legal Conclusion Argument | Sustained _____ Overruled _____ |
| "Section 724(b) of the Bankruptcy Code allows Chapter 7 trustees to subordinate some types of tax liens in order to pay particular priority claims. 11 U.S.C. § 724(b); COLLIER ¶ 724.03. Debtor is not currently aware of any tax liens by the IRS." Declaration at page 21. | Irrelevant, Fed. R. Evid. 401, 402 Lack of Personal Knowledge, Fed. R. Evid, 602 Improper Lay Opinion, Fed. R. Evid., 701 Legal Conclusion Argument | Sustained _____ Overruled _____ |

| | | |
|---|---|---|
| "This section of the U.S.C. is an unusual provision in the Bankruptcy Code that allows a Chapter 7 trustee to administer encumbered property for the benefit of certain priority claimants and includes an alternate distribution scheme. See COLLIER ¶ 724.03[5], [7]." <br><br> Declaration at page 21. | Irrelevant, Fed. R. Evid. 401, 402 <br><br> Lack of Personal Knowledge, Fed. R. Evid, 602 <br><br> Improper Lay Opinion, Fed. R. Evid., 701 <br><br> Legal Conclusion <br><br> Argument | Sustained _____ <br><br> Overruled _____ |
| "Distributions pursuant to the alternate distribution scheme begin as they would without § 724(b), by paying any liens senior to the tax lien that will be subordinated. § 724(b)(1)." <br><br> Declaration at page 21. | Irrelevant, Fed. R. Evid. 401, 402 <br><br> Lack of Personal Knowledge, Fed. R. Evid, 602 <br><br> Improper Lay Opinion, Fed. R. Evid., 701 <br><br> Legal Conclusion <br><br> Argument | Sustained _____ <br><br> Overruled _____ |
| "The alternate distributions begin at the next step, as claimants holding certain types of priority claims [substitute in] for the tax lien to the extent of the tax lien. § 724(b)(2)." <br><br> Declaration at page 21. | Irrelevant, Fed. R. Evid. 401, 402 <br><br> Lack of Personal Knowledge, Fed. R. Evid, 602 <br><br> Improper Lay Opinion, Fed. R. Evid., 701 <br><br> Legal Conclusion <br><br> Argument | Sustained _____ <br><br> Overruled _____ |

| | | |
|---|---|---|
| "Third, the tax lien is paid to the extent that it exceeds the payments to priority creditors under § 724(b)(2). § 724(b)(3). Next, any liens that are junior to the tax lien are paid. § 724(b)(4)." <br><br> Declaration at page 22. | Irrelevant, Fed. R. Evid. 401, 402 <br><br> Lack of Personal Knowledge, Fed. R. Evid, 602 <br><br> Improper Lay Opinion, Fed. R. Evid., 701 <br><br> Legal Conclusion <br><br> Argument | Sustained _____ <br><br> Overruled _____ |
| "To the extent that the subordinated tax lien has not already been paid, it is satisfied after the junior liens. § 724(b)(5). Finally, any remaining proceeds go to the debtor's estate. § 724(b)(6)." <br><br> Declaration at page 22. | Irrelevant, Fed. R. Evid. 401, 402 <br><br> Lack of Personal Knowledge, Fed. R. Evid, 602 <br><br> Improper Lay Opinion, Fed. R. Evid., 701 <br><br> Legal Conclusion <br><br> Argument | Sustained _____ <br><br> Overruled _____ |
| "Since there are [no tax liens] against the Debtor's residence in this case, Trustee's potential undisclosed attempt [is not] appropriate for subordination pursuant to § 724(b)." <br><br> Declaration at page 22. | Irrelevant, Fed. R. Evid. 401, 402 <br><br> Improper Lay Opinion, Fed. R. Evid., 701 <br><br> Legal Conclusion <br><br> Argument | Sustained _____ <br><br> Overruled _____ |
| "Since this Debtor does not owe any tax liens, the [Trustee's] slight of hand becomes the [one significant potential exception], as Debtor does not owe any of the types of priority claims that can be paid pursuant to § 724(b). See § 724(b)(2) (listing, by reference to 11 U.S.C. § 507, certain priority claims, including domestic support obligations and wages, salaries, or commissions owed, that can be paid ahead of the subordinated tax claims)." <br><br> Declaration at page 22. | Irrelevant, Fed. R. Evid. 401, 402 <br><br> Improper Lay Opinion, Fed. R. Evid., 701 <br><br> Legal Conclusion <br><br> Argument | Sustained _____ <br><br> Overruled _____ |

| | | |
|---|---|---|
| "The one type of priority claim that the Trustee [would be] able to pay is [his own] [compensation], which would be entirely (or at least primarily) related to the sale. See id. (including the administrative expenses of a Chapter 7 trustee pursuant to § 507(a)(1)(C) and 507(a)(2))."<br><br>Declaration at page 22. | Irrelevant, Fed. R. Evid. 401, 402<br><br>Lack of Personal Knowledge, Fed. R. Evid, 602<br><br>Improper Lay Opinion, Fed. R. Evid., 701<br><br>Legal Conclusion<br><br>Argument | Sustained _____<br><br>Overruled _____ |
| "A corollary of the rule against allowing trustees to administer estates with no available equity, and a problem for the Trustee here, is [not] to allow trustees to potentially dupe this Court, and potentially administer this estate for their own benefit. See In re Sunbum5 Enters., LLC, Ch. 7 Case No. 09-14839, Adv. Nos. 10-1268, 10-1269, 2011 WL 4529648, at *9 (M.D. Fla. Sept. 30, 2011) ("[T]he recognized purpose of § 554(b) is to prevent trustees from unnecessarily administering assets that bring no value to the estate and to thwart the practice of trustees increasing their own commissions by not abandoning valueless property on their own." (citing In re Paolella, 79 B.R. 607, 609 (Bankr. E.D. Pa. 1987))); COLLIER ¶ 704.02[1] ("[T]he legislative history of the Code made clear Congress's displeasure with prior practices under which trustees' administration of 'nominal asset cases' benefited only the trustees themselves." (citing H.R. REP. No. 595, 95th Cong., 1st Sess. 93 (1977))). But see In re Reeves, Ch. 7 Case No. 10-2562-8, 2011 WL 841238, at *3 (Bankr. E.D.N.C. Mar. 8, 2011), aff'd sub nom. Reeves v. Callaway, No. 11-CV-280, 2012 WL 10180780 (E.D.N.C. Aug. 14, 2012), aff'd 546 F. App'x 235 (4th Cir. 2013) (unpublished per curiam) ("[T]rustees frequently liquidate fully secured property for the benefit of the secured creditor where the trustee is authorized to recover his costs of disposal of the property pursuant to § 506(c).")."<br><br>Declaration at page 22 – 23. | Irrelevant, Fed. R. Evid. 401, 402<br><br>Lack of Personal Knowledge, Fed. R. Evid, 602<br><br>Improper Lay Opinion, Fed. R. Evid., 701<br><br>Legal Conclusion<br><br>Argument | Sustained _____<br><br>Overruled _____ |

| | | |
|---|---|---|
| "The Application of the Trustee, and any subsequent sale motion, however, I believe would fail to explain or disclose any negotiated "carve outs" with the [Interested Party] to allow undisclosed % of the sale proceeds that would normally be paid on perfected liens to instead go to unsecured claims, presumably to increase the likelihood that the court would approve the subsequent MOT for sale, and said Motion proposes a modification of the § 724(b) distribution scheme."<br><br>Declaration at page 23. | Irrelevant, Fed. R. Evid. 401, 402<br><br>Lack of Personal Knowledge, Fed. R. Evid, 602<br><br>Improper Lay Opinion, Fed. R. Evid., 701<br><br>Legal Conclusion<br><br>Argument | Sustained _____<br><br>Overruled _____ |
| "Under the Trustee's proposed modified § 724(b) distribution scheme, the sale proceeds should first satisfy the perfected 1/14/2019 lien on the residence.<br>The Trustee fails to disclose proposed payment amount $_____ in Trustee's administrative expenses, his commission, the fees and expenses of his professionals, realtor and/or auctioneer fees and expenses, and closing costs."<br><br>Declaration at page 23. | Irrelevant, Fed. R. Evid. 401, 402<br><br>Improper Lay Opinion, Fed. R. Evid., 701<br><br>Legal Conclusion<br><br>Argument | Sustained _____<br><br>Overruled _____ |
| "The Trustee fails to disclose what __% of the sale would pay the liens held by the Interested Parties."<br><br>Declaration at page 23. | Irrelevant, Fed. R. Evid. 401, 402<br><br>Argument | Sustained _____<br><br>Overruled _____ |
| "The undisclosed potential __% carve out of the Interested Parties liens would be used to pay priority unsecured claims in full with the remainder disbursed pro rata among the general unsecured creditors."<br><br>Declaration at page 23. | Irrelevant, Fed. R. Evid. 401, 402<br><br>Lack of Personal Knowledge, Fed. R. Evid, 602<br><br>Improper Lay Opinion, Fed. R. Evid., 701<br><br>Legal Conclusion<br><br>Argument | Sustained _____<br><br>Overruled _____ |

| | | |
|---|---|---|
| "Due to the amounts of the Huntington Beach Gables HOA creditor claim, at best an Interested Party, (Money Judgments recorded in 2019 of over $561,000.00) and the HOUSER BROS CO unsecured potential claim ($50,000.00) would get the vast majority of the funds distributed to the other unsecured claimants would also receive some [unknown] dividend on their claims."<br><br>Declaration at page 23 – 24. | Irrelevant, Fed. R. Evid. 401, 402<br><br>Improper Lay Opinion, Fed. R. Evid., 701<br><br>Legal Conclusion<br><br>Argument | Sustained _____<br><br>Overruled _____ |
| "Anything left after the modified § 724(b) distributions would go to the Debtor's estate. Distributions pursuant to § 724(b), both as codified and as modified by the Trustee, raise a question about the payment of a debtor's (or the Debtor's) homestead exemption, as the statute [does not] mention exemptions at all. See In re Christensen, 561 B.R. 195, 213 (Bankr. D. Utah 2016), aff'd sub nom. Jubber v. Bird (In re Bird), 577 B.R. 365 (B.A.P. 10th Cir. 2017)<br>The Court may take note that there is an apparent tension between § 724 and the clear intent of § 522, which allows debtors to exempt property to assist in their fresh start."); COLLIER ¶ 724.03[3]<br><br>"If this DEBTOR'S HYPOTHETICAL tax lien in question is an IRS lien that encumbers the debtor's state law homestead, applying section 724(b) is not straightforward."). However, as previously stated, Debtor does not have any IRS tax liens."<br><br>Declaration at page 24. | Irrelevant, Fed. R. Evid. 401, 402<br><br>Lack of Personal Knowledge, Fed. R. Evid, 602<br><br>Improper Lay Opinion, Fed. R. Evid., 701<br><br>Legal Conclusion<br><br>Argument | Sustained _____<br><br>Overruled _____ |
| "However, Debtor testified under oath at the first Meeting of Creditors with 341(a), held on August 18, 2021, DOC 5, that Debtors July 9, 2021, DOC 1, Chapter 7 Petition [was not] accurate and debtor would be filing Amended Schedules.<br>Debtors FIRST AMENDMENT Amended Schedule A/B, FIRST AMENDMENT Amended Schedule C, was filed September 22, 2021, DOC 16."<br><br>Declaration at page 24. | Irrelevant, Fed. R. Evid. 401, 402 | Sustained _____<br><br>Overruled _____ |

| | | |
|---|---|---|
| "Prior to the Houser Bros MOT objecting to debtors homestead exemption hearing July 21, 2022, brought by Interested Party Houser Bros Co dba Rancho Del Rey Mobilehome Estates, who has no recorded judgments, unpaid claims or liens against debtor), Motion Objecting to Debtor's Claimed Homestead DOC 95, (Debtor's filed and Recorded pre-petition Declared Homestead DOC 74)"<br><br>Declaration at page 24. | Irrelevant, Fed. R. Evid. 401, 402 | Sustained _____<br><br>Overruled _____ |
| "Debtor believes the bankruptcy court was under the impression that the Chapter 7 Trustee intended for his June 30, 2022, joinder, DOC 128, to play a role in allowing the sale without payment of the Debtor's homestead exemption.<br>It appears the Trustee may have taken the position that the Trustee's Joinder DOC 128 was only relevant to any net proceeds to the Debtor's estate after the payment of claims pursuant to Trustee's potentially undisclosed modification of the § 724(b) distribution scheme."<br><br>Declaration at page 25. | Irrelevant, Fed. R. Evid. 401, 402<br><br>Lack of Personal Knowledge, Fed. R. Evid, 602<br><br>Improper Lay Opinion, Fed. R. Evid., 701<br><br>Legal Conclusion<br><br>Argument | Sustained _____<br><br>Overruled _____ |
| "Since the Trustee did not expect a great deal of net proceeds to go to the Debtor's estate, the Trustee downplayed to Debtor the importance of the Joinder and to the Hon. Erithe A. Smith."<br><br>Declaration at page 25. | Irrelevant, Fed. R. Evid. 401, 402<br><br>Argument<br><br>Speculative | Sustained _____<br><br>Overruled _____ |
| "The Trustee's Joinder DOC 128, did not argue points and despite the lack of explicit statutory guidance, the Trustee's position appeared to be silent, in that distributions pursuant to § 724(b), even as modified by a Trustee to pay general unsecured creditors in addition to (and, other than his own expenses, instead of) the priority claimants that § 724(b) normally benefits, [are not] subject to the Debtor's homestead exemption."<br><br>Declaration at page 25. | Irrelevant, Fed. R. Evid. 401, 402<br><br>Improper Lay Opinion, Fed. R. Evid., 701<br><br>Legal Conclusion<br><br>Argument | Sustained _____<br><br>Overruled _____ |

| | | |
|---|---|---|
| "Since California opted out of the federal exemptions in the Bankruptcy Code, state law generally controls the analysis of exemptions. Under California law, a debtor who properly records her Article 5 homestead declaration while residing at the subject property, is entitled to her declared homestead and the additional benefits debtor is also automatically entitled to of the Article 4 automatic homestead exemption and its protections against a forced sale. In re Kelley, 9th Cir.BAP (Cal.)2003, 300 B.R. 11. There is a long-standing precedent in California of construing exemptions liberally. In re Rolland, Bkrtcy.C.D.Cal.2004, 317 B.R. 402" <br><br> Declaration at page 25. | Irrelevant, Fed. R. Evid. 401, 402 <br><br> Lack of Personal Knowledge, Fed. R. Evid, 602 <br><br> Improper Lay Opinion, Fed. R. Evid., 701 <br><br> Legal Conclusion <br><br> Argument | Sustained _____ <br><br> Overruled _____ |
| "("The North Carolina Supreme Court has cautioned that 'provisions which restrict a debtor's access to her exemptions should be construed narrowly.' Thus, debtors have long been 'allowed a great deal of flexibility in claiming and maintaining their exemptions' under the state's law." (quoting Household Fin. Corp. v. Ellis, 107 N.C. App. 262, 266 (1992), aff'd 333 N.C. 785 (1993)))." <br><br> Declaration at page 25. | Irrelevant, Fed. R. Evid. 401, 402 <br><br> Lack of Personal Knowledge, Fed. R. Evid, 602 <br><br> Improper Lay Opinion, Fed. R. Evid., 701 <br><br> Legal Conclusion <br><br> Argument | Sustained _____ <br><br> Overruled _____ |
| "Given the importance of the California homestead exemption in providing shelter to debtors and their families, see Cook, 2003 WL 21790296, at *2 ("The language of the California homestead exemption statute suggests that its purpose is to secure debtors and their families the shelter of a homestead."), it is not surprising that it "is a favorite of the law and will be sustained whenever possible," In re Bryant, Ch. 7 Case No. 94-10476, slip op. at 4 (Bankr. W.D.N.C. Feb. 2, 1995) (citing Pence v. Price, 211 N.C. 707 (1937))." <br><br> Declaration at page 26. | Irrelevant, Fed. R. Evid. 401, 402 <br><br> Lack of Personal Knowledge, Fed. R. Evid, 602 <br><br> Improper Lay Opinion, Fed. R. Evid., 701 <br><br> Legal Conclusion <br><br> Argument | Sustained _____ <br><br> Overruled _____ |

| | | |
|---|---|---|
| "When other courts have considered the interplay of carve outs, § 724(b), and/or exemptions, the results have not been consistent, except in the inconsistency in results and rationales. Some courts conclude that carve outs of a secured creditor's proceeds for distributions to unsecured creditors do not implicate a debtor's exemptions. E.g., In re Stark, Ch. 7 Case No. 8-20-70948, 2020 WL 5778400, at *2 (Bankr. E.D.N.Y. Sept. 25, 2020), rev'd Stark v. Pryor (In re Stark), No. 20-CV-4766 (E.D.N.Y. June 28, 2022) ("[T]he funds generated for the benefit of the estate by a chapter 7 trustee pursuant to potentially an [undisclosed] [carve-out] agreement potentially applicable in this case are not attributable to a debtor's equity interest in a homestead, or are they [not] attributable to the trustee's exercise of his powers to negotiate with the Certificate of Title Perfected Holder, of the 30-year Security Interest and Promissory Note perfected on the face of the Department of Housing & Community Development Certificate of Title to gain some benefit for the estate.")." <br><br> Declaration at page 26. | Irrelevant, Fed. R. Evid. 401, 402 <br><br> Lack of Personal Knowledge, Fed. R. Evid, 602 <br><br> Improper Lay Opinion, Fed. R. Evid., 701 <br><br> Legal Conclusion <br><br> Argument | Sustained _____ <br><br> Overruled _____ |
| "In re Bunn-Rodemann, 491 B.R. 132, 136 (Bankr. E.D. Cal. 2013) ("To the extent that a creditor elects to pay a portion of the sales proceeds subject to its lien as an 'investment payment' for the bankruptcy estate to conduct a short-sale of this Debtor's Property, such monies of the creditor are not assets in which the Debtor may claim an exemption.")." <br><br> Declaration at page 26. | Irrelevant, Fed. R. Evid. 401, 402 <br><br> Lack of Personal Knowledge, Fed. R. Evid, 602 <br><br> Improper Lay Opinion, Fed. R. Evid., 701 <br><br> Legal Conclusion <br><br> Argument | Sustained _____ <br><br> Overruled _____ |

| | | |
|---|---|---|
| "Similarly, some courts hold that distributions pursuant to § 724(b) are not subject to a debtor's exemptions, e.g., Grochocinski v. Laredo (In re Laredo), 334 B.R. 401, 415 (Bankr. N.D. Ill. 2005) (holding that the IRS's lien (pursuant to § 522(c)(2)(B)) and the priority claims described in § 507(a)(1)–(7) (pursuant to § 724(b)) are superior to the debtors' homestead exemption), and allow a § 724(b) sale even when a [trustee's costs] are the only priority claims that will potentially be paid."<br><br>Declaration at page 26 – 27. | Irrelevant, Fed. R. Evid. 401, 402<br><br>Lack of Personal Knowledge, Fed. R. Evid, 602<br><br>Improper Lay Opinion, Fed. R. Evid., 701<br><br>Legal Conclusion<br><br>Argument | Sustained _____<br><br>Overruled _____ |
| "Some courts do not see a problem with combining carve outs and § 724(b) as it appears the Debtor's believes the future Trustee's Motion to Sell Debtor's home will attempt. E.g., Reeves, 2011 WL 841238, at *3 ("The key point is lengthy commentary by Debtor: is the Trustee's attempt at a carve out for the benefit of unsecured creditors really for the benefit of a hypothetical lien held by the IRS, [as stated this Debtor does not have any IRS liens] not from a creditor who would be subject to the debtor's exemption." (citing In re World Health Alts., Inc., 344 B.R. 291, 297 (Bankr. D. Del. 2006)))."<br><br>Declaration at page 27. | Irrelevant, Fed. R. Evid. 401, 402<br><br>Lack of Personal Knowledge, Fed. R. Evid, 602<br><br>Improper Lay Opinion, Fed. R. Evid., 701<br><br>Legal Conclusion<br><br>Argument | Sustained _____<br><br>Overruled _____ |
| "Other courts reach the opposite conclusions in each of these situations. While carve outs are frequently used in bankruptcy, they are not universally allowed to defeat debtors' exemptions. See, e.g., In re Anderson, 603 B.R. 564, 570–71 (Bankr. W.D. Va. 2019) (refusing to allow carve out of sale proceeds of property owned tenancy by the entireties for the benefit of individual unsecured creditors); In re Wilson, 494 B.R. 502, 506 (Bankr. C.D. Cal. 2013) ("It does not matter how funds are generated by the estate through a Section 363 sale, including if derived from a 'tip' [a/k/a carve out] from Bank of America or Wachovia so that they will not have to undertake a foreclosure proceeding under California law.<br>Funds derived from these sales are property of the estate and are subject to valid exemptions.")."<br><br>Declaration at page 27. | Irrelevant, Fed. R. Evid. 401, 402<br><br>Lack of Personal Knowledge, Fed. R. Evid, 602<br><br>Improper Lay Opinion, Fed. R. Evid., 701<br><br>Legal Conclusion<br><br>Argument | Sustained _____<br><br>Overruled _____ |

| | | |
|---|---|---|
| "Some courts hold that distributions pursuant to § 724(b) are subject to a debtor's exemptions. See, e.g., In re Selander, 592 B.R. 729, 735 (Bankr. W.D. Wash. 2018) ("Though cloaked in a subordination agreement, effectively the Trustee fails to explain an attempt to do more than his claim of the ability to pull exempt property back into the estate and surcharge the exemption." Declaration at page 27. | Irrelevant, Fed. R. Evid. 401, 402<br><br>Lack of Personal Knowledge, Fed. R. Evid, 602<br><br>Improper Lay Opinion, Fed. R. Evid., 701<br><br>Legal Conclusion<br><br>Argument | Sustained _____<br><br>Overruled _____ |
| "The Debtor prays and respectfully requests this Court agree this is not a result Congress intended with the enactment of § 724(b)."). Although as pointed out above, some courts raise questions about a trustee using § 724(b) solely to pay his own fees and expenses. E.g., Sheehan v. Posin, Ch. 7 Case No. 11-CV-160, 2012 WL 1413020, at *5 n.1 (N.D. W. Va. Apr. 23, 2012) (suggesting that the bankruptcy court below could examine whether a sale that only paid administrative costs was "an attempt by the trustee to churn property worthless to the estate just to increase fees" (quoting In re K.C. Mach. & Tool Co., 816 F.2d 238, 246 (6th Cir. 1987))); Oakland Cnty. Treasurer v. Allard (In re Kerton Indus.), 151 B.R. 101, 101–02 (E.D. Mich. 1991) (holding that a sale pursuant to § 724(b) that only resulted in the payment of administrative expenses related to the sale did not benefit the bankruptcy estate); see In re Fialkowski, 483 B.R. 590, 594 (Bankr. W.D.N.Y. 2012)"<br><br>Declaration at page 27 -28. | Irrelevant, Fed. R. Evid. 401, 402<br><br>Lack of Personal Knowledge, Fed. R. Evid, 602<br><br>Improper Lay Opinion, Fed. R. Evid., 701<br><br>Legal Conclusion<br><br>Argument | Sustained _____<br><br>Overruled _____ |
| ""The full scope of § 724(b) would best be understood in a case in which there are pre-petition priority unsecured claims that would benefit from the administration of the collateral."."<br><br>Declaration at page 28. | Irrelevant, Fed. R. Evid. 401, 402<br><br>Lack of Personal Knowledge, Fed. R. Evid, 602<br><br>Improper Lay Opinion, Fed. R. Evid., 701<br><br>Legal Conclusion<br><br>Argument | Sustained _____<br><br>Overruled _____ |

| | | |
|---|---|---|
| "In re Christensen, the case thoroughly examines the relevant issues and rejects the combination of § 724(b) and a carve out. While in the context of a Chapter 7 trustee's application for compensation, Christensen involves two bankruptcy cases with liens that exceed the value of the debtors' properties, proposed carve outs of the IRS's liens, attempts to use § 724(b) to pay a trustee's fees and costs, and no proposed distribution on the debtors' exemptions. 561 B.R. at 197–98."<br><br>Declaration at page 28. | Irrelevant, Fed. R. Evid. 401, 402<br><br>Lack of Personal Knowledge, Fed. R. Evid, 602<br><br>Improper Lay Opinion, Fed. R. Evid., 701<br><br>Legal Conclusion<br><br>Argument | Sustained _____<br><br>Overruled _____ |
| "Relying on the Handbook for Chapter 7 Trustees prepared by the Office of the United States Trustee, the Christensen case concludes that the proposed sales were not mandatory due to the lack of equity in the properties. Id. at 203–05. Since the Bankruptcy Code did not require the trustee to sell the properties, the trustee needed to show a benefit to the unsecured creditors of the debtors' estates to support his fee applications. Id. at 205–06. The Trustee could not, largely because Christensen concludes that the funds carved out of the sale proceeds were subject to the debtors' homestead exemptions. Id. at 210–11"<br><br>Declaration at page 28. | Irrelevant, Fed. R. Evid. 401, 402<br><br>Lack of Personal Knowledge, Fed. R. Evid, 602<br><br>Improper Lay Opinion, Fed. R. Evid., 701<br><br>Legal Conclusion<br><br>Argument | Sustained _____<br><br>Overruled _____ |
| "("Carve-outs are not a means for secured creditors to dictate payments to other creditors. The Trustee and the IRS cannot, simply by agreement, defeat junior lien interests or the Debtors' homestead exemptions, nor can a stipulation between the Trustee and the IRS bind the Court with respect to questions of law." (footnote omitted))."<br><br>Declaration at page 28. | Irrelevant, Fed. R. Evid. 401, 402<br><br>Lack of Personal Knowledge, Fed. R. Evid, 602<br><br>Improper Lay Opinion, Fed. R. Evid., 701<br><br>Legal Conclusion<br><br>Argument | Sustained _____<br><br>Overruled _____ |

| | | |
|---|---|---|
| "The Utah court decided the trustee's agreement with the IRS was a sham that was not really intended to benefit the unsecured creditors of the debtors but instead to allow the IRS to offer a "tip" to the trustee for liquidating the debtors' property, noting that the IRS would also be a significant beneficiary of the distribution to the unsecured creditors. Id.  at 212 ("[T]he provision that the tip [a/k/a the carve out] will go to unsecured creditors allows the trustee to come before the court armed with the argument that in administering this asset, he is fulfilling his statutory duty by benefitting unsecured creditors, thereby insulating the arrangement from scrutiny." Declaration at page 29. | Irrelevant, Fed. R. Evid. 401, 402  Lack of Personal Knowledge, Fed. R. Evid, 602  Improper Lay Opinion, Fed. R. Evid., 701  Legal Conclusion  Argument | Sustained _____  Overruled _____ |
| "This argument is facile and belies the true nature and purpose of the transaction."). See Christensen, 561 B.R. at 214. Christensen also notes that the arrangement between the IRS and the trustee would allow the IRS to obtain a result it could not outside of bankruptcy, as 26  U.S.C. § 6334(a)(13)(B) "specifically exempts a taxpayer's principal residence from levy." Id.  at 205 n.40. Section 724(b) does not provide any additional support for the proposal "because properly exempted property is not subject to the provisions of § 724." Id. at 213."  Declaration at page 29. | Irrelevant, Fed. R. Evid. 401, 402  Lack of Personal Knowledge, Fed. R. Evid, 602  Improper Lay Opinion, Fed. R. Evid., 701  Legal Conclusion  Argument | Sustained _____  Overruled _____ |

| | | |
|---|---|---|
| "See Christensen, 561 B.R. at 214. Christensen forcefully and persuasively rejects a trustee's sale that combines a carve out and § 724(b). In addition, Christensen is one of the few cases discussed in it's order that even mentions the impact of the Supreme Court's holding in Law v. Siegel, 571 U.S. 415 (2014), on the issues at play, and, in its Bird opinion affirming Christensen, the Bankruptcy Appellate Panel for the Tenth Circuit provides the most thorough examination of Law in this context.<br>In the course of holding that bankruptcy courts cannot surcharge a debtor's exemption for bad faith conduct, Law notes that subsection (k) of the Bankruptcy Code's exemption statute says exempted property is "not liable for payment of any administrative expense." Id. at 420–22 (quoting § 522(k))."<br><br>Declaration at page 29. | Irrelevant, Fed. R. Evid. 401, 402<br><br>Lack of Personal Knowledge, Fed. R. Evid, 602<br><br>Improper Lay Opinion, Fed. R. Evid., 701<br><br>Legal Conclusion<br><br>Argument | Sustained _____<br><br>Overruled _____ |
| "There are "two narrow exceptions" to that "general rule," but both of the statutory exceptions relate to the costs of avoiding a transfer and were not at issue in Law. Id. at 422 n.2."<br><br>Declaration at page 29. | Irrelevant, Fed. R. Evid. 401, 402<br><br>Lack of Personal Knowledge, Fed. R. Evid, 602<br><br>Improper Lay Opinion, Fed. R. Evid., 701<br><br>Legal Conclusion<br><br>Argument | Sustained _____<br><br>Overruled _____ |
| "The Court then recalls its previous observation that § 522 balances "the difficult choices that exemption limits impose on debtors with the economic harm that exemptions visit on creditors," id. at 426–27 (quoting Schwab v. Reilly, 560 U.S. 770, 791 (2010)), and adds that "[t]he same can be said of the limits imposed on recovery of administrative expenses by trustees," id. at 427."<br><br>Declaration at page 29 – 30. | Irrelevant, Fed. R. Evid. 401, 402<br><br>Lack of Personal Knowledge, Fed. R. Evid, 602<br><br>Improper Lay Opinion, Fed. R. Evid., 701<br><br>Legal Conclusion<br><br>Argument | Sustained _____<br><br>Overruled _____ |

| | | |
|---|---|---|
| "While the factual situation here concerning Debtor jas not reached this analysis, Debtor believes it is important and distinguishable from the one before the Court in Law, "it would nonetheless have the same effect—to deprive [the Debtor] of [her] homestead exemption [ ] on a basis other than one enumerated in the Code." Bird, 577 B.R. at 386. Law holds that a debtor cannot be deprived of a homestead exemption to pay administrative expenses even when a bankruptcy court found that a trustee had to incur over $500,000 in attorney's fees due to the debtor's fraud. Law, 571 U.S. at 420."<br><br>Declaration at page 30. | Irrelevant, Fed. R. Evid. 401, 402<br><br>Improper Lay Opinion, Fed. R. Evid., 701<br><br>Legal Conclusion<br><br>Argument | Sustained _____<br><br>Overruled _____ |
| "As in Bird/Christensen, the Trustee's current Application before this court and potential subsequent Motion to Sell, is not based on any allegation of misbehavior by the Debtor. See Bird, 577 B.R. at 386 ("Debtors in these cases do not stand accused of any fraudulent or contemptuous behavior."). Law does allow that state law could provide for the disallowance of an exemption created by the state, 571 U.S. at 425 (citing In re Sholdan, 217 F.3d 1006, 1008  (8th Cir. 2000); COLLIER ¶ 522.08[1]–[2]). Trustee did not assert any state law basis for ignoring the Debtor's homestead exemption other than the Trustee's Joinder DOC 128, which hypothetically, did not believe was necessary to allow his subsequent proposed modified distributions pursuant to § 724(b), in a Motion to Sell."<br><br>Declaration at page 30. | Irrelevant, Fed. R. Evid. 401, 402<br><br>Lack of Personal Knowledge, Fed. R. Evid, 602<br><br>Improper Lay Opinion, Fed. R. Evid., 701<br><br>Legal Conclusion<br><br>Argument | Sustained _____<br><br>Overruled _____ |
| "Given the lack of an explicit statutory basis facing the Trustee subsequent Motion to Sell, and potential payment of administrative expenses pursuant to § 724(b), not being subject to a debtor's exemptions seems questionable at best after Law. See Christensen, 561 B.R. at 214 ("[I]t is inconsistent with § 522(k) if exempted property is subject to distribution under § 724(b) and used to pay administrative expenses.")."<br><br>Declaration at page 30. | Irrelevant, Fed. R. Evid. 401, 402<br><br>Lack of Personal Knowledge, Fed. R. Evid, 602<br><br>Improper Lay Opinion, Fed. R. Evid., 701<br><br>Legal Conclusion<br><br>Argument | Sustained _____<br><br>Overruled _____ |

| | | |
|---|---|---|
| "Finally, the Debtor asks this Court to consider the Trustee's Application to hire a Broker proposal and contract attached to the Motion, in light of the Debtors pending Motion forReconsideration overruling Interested Party Houser Bros MOT Obejcting to Debtors Homeostead Exemption in a home she purchased and resides in since November 2018, one of the primary purposes of bankruptcy: the offer of a fresh start to the Debtor. See Cent. Va. Cmty. Coll. v. Katz, 546 U.S. 356, 363–64 (2006) ("Critical features of every bankruptcy proceeding are the exercise of exclusive jurisdiction over all of the debtor's property, the equitable distribution of that property among the debtor's creditors, and the ultimate discharge that gives the debtor a 'fresh start' by releasing him, her, or it from further liability for old debts." (citing Loc. Loan Co. v. Hunt, 292 U.S. 234, 244 (1934))); Hunt, 292 U.S. at 244 ("One of the primary purposes of the Bankruptcy Act is to 'relieve the honest debtor from the weight of oppressive indebtedness, and permit him to start afresh free from the obligations and responsibilities consequent upon business misfortunes.' " (quoting Williams v. U.S. Fid. & Guar. Co., 236 U.S. 549, 554–55 (1915)))."

Declaration at page 30 – 31. | Irrelevant, Fed. R. Evid. 401, 402

Lack of Personal Knowledge, Fed. R. Evid, 602

Improper Lay Opinion, Fed. R. Evid., 701

Legal Conclusion

Argument | Sustained _____

Overruled _____ |
| "Rhe Trustee's Motion, fails to discuss "any negative impact on the Debtor from the sale of her home or how this Application and subsequent MOT to Sell, assists the Debtor with her "fresh start."""

Declaration at page 31. | Irrelevant, Fed. R. Evid. 401, 402

Argument | Sustained _____

Overruled _____ |
| "Moreover, the Debtor respectfully wishes to inform this Court that the Debtors attempts to sell her home since 2019, Houser Bros Co holding debtor "hostage" under an unprosecuted 1/2/2019, Unlawful Detainer Case filed by Houser Bros Co against a 11/1/2018, bona fide purchaser for value of a 2014 Manufactured Home, would have received an even better version of the Trustee's potential picture of a "type of fresh start" if Debtor had been allowed to sell her home on her own without filing bankruptcy."

Declaration at page 31. | Irrelevant, Fed. R. Evid. 401, 402

Argument

Speculative | Sustained _____

Overruled _____ |

| | | |
|---|---|---|
| "If the court approves any version of Trustee's Application and subsequent Motion To Sell, before the Honorable Erithe A. Smith is permitted to consider debtors Motion for Reconsideration on September 22, 2022, DOC 157, the Debtor at least 60 years old, would begin her "fresh start" in need of a new home while still subject to significant liens."<br><br>Declaration at page 31. | Irrelevant, Fed. R. Evid. 401, 402<br><br>Lack of Foundation<br><br>Argument | Sustained \_\_\_\_\_<br><br>Overruled \_\_\_\_\_ |
| "Debtor believes the burden of a Trustee's 724(b) disguised proposal would actually be shifted to the Debtor,  see Christensen, 561 B.R. at 214 ("[D]ebtors may be burdened with tax debt that could have been satisfied from the property—in effect, they could also be saddled with the administrative expenses of this case."). SEE Trustee's May 12, 2022, Motion to Employ Danning, Gill, Israel, & Krasnoff, LLP, Nunc Pro Tunc to January 27, 2022, DOC 92, after Debtor sent Trustee a Text Message in February 2022, inquiring why the Trustee has not submitted an Application to the Bankruptcy Court to employ General Counsel for a Chapter 7 Trustee and Bankruptcy Attorney for almost 30 years."<br><br>Declaration at page 31 – 32. | Irrelevant, Fed. R. Evid. 401, 402<br><br>Improper Lay Opinion, Fed. R. Evid., 701<br><br>Legal Conclusion<br><br>Argument | Sustained \_\_\_\_\_<br><br>Overruled \_\_\_\_\_ |
| "Despite the Trustee's insistence to the contrary, the Debtor does not see this Application to Employ a Broker to sell debtor's personal residence since 2018 supporting the Debtor's fresh start."<br><br>Declaration at page 32. | Irrelevant, Fed. R. Evid. 401, 402<br><br>Improper Lay Opinion, Fed. R. Evid., 701<br><br>Legal Conclusion<br><br>Argument | Sustained \_\_\_\_\_<br><br>Overruled \_\_\_\_\_ |
| "Debtor suggest here, a hypothetical Trustee's proposal that potentially could arise her, would not benefit the Debtor's estate and would violate the principle that trustees should not administer property solely for the benefit of themselves."<br><br>Declaration at page 32. | Irrelevant, Fed. R. Evid. 401, 402<br><br>Improper Lay Opinion, Fed. R. Evid., 701<br><br>Legal Conclusion<br><br>Argument | Sustained \_\_\_\_\_<br><br>Overruled \_\_\_\_\_ |

| | | |
|---|---|---|
| "Any potential carve outs and novel distribution scheme solve the benefit to the estate problem, but the proposal only works if the court ignores the September 22, 2022, Debtor's Motion for Reconsideration DOC 157, sustaining interested parties objection to debtors homestead exemption (for reasons that the Trustee did not explain in his joinder). DOC 128." <br><br> Declaration at page 32. | Irrelevant, Fed. R. Evid. 401, 402 <br><br> Improper Lay Opinion, Fed. R. Evid., 701 <br><br> Legal Conclusion <br><br> Argument | Sustained _____ <br><br> Overruled _____ |
| "Given the strong protection of exemptions in California, particularly the homestead exemption, and the Supreme Court's instruction about the limited reasons for paying administrative expenses with exempt property, which are not present in this case, the court believes the Debtor's exemptions deserve more respect than the Trustee premature Application to Employ a Broker provides." <br><br> Declaration at page 32. | Irrelevant, Fed. R. Evid. 401, 402 <br><br> Lack of Personal Knowledge, Fed. R. Evid, 602 <br><br> Improper Lay Opinion, Fed. R. Evid., 701 <br><br> Legal Conclusion <br><br> Argument | Sustained _____ <br><br> Overruled _____ |
| "In addition, Congress created a precise scheme for distributions pursuant to § 724(b) that differs from the normal priorities applied in almost all bankruptcy cases, and it is not appropriate for the Trustee to create a new version of that distribution scheme by agreement of certain creditors or otherwise." <br><br> Declaration at page 32. | Irrelevant, Fed. R. Evid. 401, 402 <br><br> Lack of Personal Knowledge, Fed. R. Evid, 602 <br><br> Improper Lay Opinion, Fed. R. Evid., 701 <br><br> Legal Conclusion <br><br> Argument | Sustained _____ <br><br> Overruled _____ |
| "Adding general unsecured creditors to the § 724(b) distribution scheme would be a significant rewrite of the statutory language." <br><br> Declaration at page 33. | Irrelevant, Fed. R. Evid. 401, 402 <br><br> Lack of Personal Knowledge, Fed. R. Evid, 602 <br><br> Improper Lay Opinion, Fed. R. Evid., 701 <br><br> Legal Conclusion <br><br> Argument | Sustained _____ <br><br> Overruled _____ |

| | | |
|---|---|---|
| "If the debtors objection to this Application is viewed as an adjunct of the potential Motion to Sell and the Trustee's overall subsequent proposal, the respectfully asks this Court to broadly consider this IN PRO PER and the reasons discussed above.<br>The Trustee filed the the Joinder separately from (and prior to) this Motion, and even though the Trustee's Joinder DOC 128, appeared noncontroversial on its face, this debtor respectfully asks this Court to allow Debtors Motion for Reconsideration Hearing set on September 22, 2022, DOC 200, to be considered by the Honorable Erithe A. Smith."<br><br>Declaration at page 33. | Irrelevant, Fed. R. Evid. 401, 402<br><br>Argument | Sustained _____<br><br>Overruled _____ |
| "Several courts have considered and overruled similar objections. See Fontana, 2015 Bankr. LEXIS 3771, at *3–4 (citing In re Ruppel, 368 B.R. 42, 44 (Bankr. D. Or. 2007); In re Quezada, 368 B.R. 44, 47 (Bankr. S.D. Fla. 2007); In re Vandeventer, 368 B.R. 50, 54 (Bankr. C.D. Ill. 2007))."<br><br>Declaration at page 33. | Irrelevant, Fed. R. Evid. 401, 402<br><br>Lack of Personal Knowledge, Fed. R. Evid, 602<br><br>Improper Lay Opinion, Fed. R. Evid., 701<br><br>Legal Conclusion<br><br>Argument | Sustained _____<br><br>Overruled _____ |
| "These cases make a distinction between an exemption not applying to certain types of claims or creditors, on the one hand, and disallowing the exemption altogether, on the other. Id. (citations omitted); see also Christensen, 561 B.R. at 213 (noting that property remaining liable for certain claims does not mean that an exemption is disallowed (citing In re Covington, 368 B.R. 38, 40 (Bankr. E.D. Cal. 2006)))."<br><br>Declaration at page 33. | Irrelevant, Fed. R. Evid. 401, 402<br><br>Lack of Personal Knowledge, Fed. R. Evid, 602<br><br>Improper Lay Opinion, Fed. R. Evid., 701<br><br>Legal Conclusion<br><br>Argument | Sustained _____<br><br>Overruled _____ |
| "Since the property in question in Debtors Motion for Reconsideration DOC 157, may still be exempt (except as to certain claims/creditors), the Court should deny Trustee's Application to Employ a Broker as premature and any attempts to begin to administer it."<br><br>Declaration at page 33. | Irrelevant, Fed. R. Evid. 401, 402<br><br>Legal Conclusion<br><br>Argument | Sustained _____<br><br>Overruled _____ |

| "Ruppel, Quezada, Vandeventer, and Covington all examine changes to § 522 pursuant to the Bankruptcy Abuse Prevention and Consumer Protection Act ("BAPCPA"), Trustee did not provide a state-specific reason to deny the Debtor's exemption in his Joinder DOC 128."<br><br>Declaration at page 33. | Irrelevant, Fed. R. Evid. 401, 402<br><br>Argument | Sustained _____<br><br>Overruled _____ |
|---|---|---|

DATED:  September 6, 2022                    DANNING, GILL, ISRAEL & KRASNOFF, LLP


By:        _/s/ Aaron E. de Leest_____
           AARON E. DE LEEST
           Attorneys for Jeffrey I. Golden,
           Chapter 7 Trustee

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 1901 Avenue of the Stars, Suite 450, Los Angeles, CA 90067-6006.

A true and correct copy of the foregoing document entitled (*specify*): EVIDENTIARY OBJECTIONS TO DECLARATION OF JAMIE LYNN GALLIAN IN SUPPORT OF OPPOSITION TO APPLICATION OF THE CHAPTER 7 TRUSTEE TO EMPLOY REAL ESTATE BROKER COLDWELL BANKER REALTY AND AGENTS WILLIAM FRIEDMAN AND GREG BINGHAM PURSUANT TO 11 U.S.C. §§ 327 AND 328 will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On  September 6, 2022, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page.

**2.  SERVED BY UNITED STATES MAIL**:  On  September 6, 2022 , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by causing to be placed a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page.

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on September 6, 2022, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| September 6, 2022 | Beverly Lew | /s/ Beverly Lew |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                    **F 9013-3.1.PROOF.SERVICE**

<u>**ADDITIONAL SERVICE INFORMATION**</u> (if needed):

## 1. <u>SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")</u>

Aaron E DE Leest on behalf of Trustee Jeffrey I Golden (TR)
adeleest@DanningGill.com, danninggill@gmail.com;adeleest@ecf.inforuptcy.com

Robert P Goe on behalf of Creditor The Huntington Beach Gables Homeowners Association
kmurphy@goeforlaw.com, rgoe@goeforlaw.com;goeforecf@gmail.com

Robert P Goe on behalf of Plaintiff The Huntington Beach Gables Homeowners Association
kmurphy@goeforlaw.com, rgoe@goeforlaw.com;goeforecf@gmail.com

Jeffrey I Golden (TR) lwerner@go2.law, jig@trustesolutions.net;kadele@go2.law

D Edward Hays on behalf of Creditor Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates
ehays@marshackhays.com,
ehays@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com

D Edward Hays on behalf of Interested Party Courtesy NEF
ehays@marshackhays.com,
ehays@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com

D Edward Hays on behalf of Plaintiff Houser Bros. Co.
ehays@marshackhays.com,
ehays@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com

Brandon J Iskander on behalf of Creditor The Huntington Beach Gables Homeowners Association
biskander@goeforlaw.com, kmurphy@goeforlaw.com

Brandon J Iskander on behalf of Plaintiff The Huntington Beach Gables Homeowners Association
biskander@goeforlaw.com, kmurphy@goeforlaw.com

Eric P Israel on behalf of Trustee Jeffrey I Golden (TR)
eisrael@DanningGill.com, danninggill@gmail.com;eisrael@ecf.inforuptcy.com

Laila Masud on behalf of Creditor Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates
lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com

Laila Masud on behalf of Interested Party Courtesy NEF
lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com

Laila Masud on behalf of Plaintiff Houser Bros. Co.
lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                    **F 9013-3.1.PROOF.SERVICE**

Mark A Mellor on behalf of Defendant Randall L Nickel
mail@mellorlawfirm.com, mellormr79158@notify.bestcase.com

Mark A Mellor on behalf of Interested Party Courtesy NEF
mail@mellorlawfirm.com, mellormr79158@notify.bestcase.com

Valerie Smith on behalf of Interested Party Courtesy NEF    claims@recoverycorp.com

United States Trustee (SA)      ustpregion16.sa.ecf@usdoj.gov

## 2. **SERVED BY OVERNIGHT MAIL**

Debtor, in pro per                          The Honorable Scott C. Clarkson
Jamie Lynn Gallian                          U.S. Bankruptcy Court
16222 Monterey Lane, Space #376             411 W. Fourth Street, Suite 5130
Huntington Beach, CA 92649                  Santa Ana, CA  92701

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.