ERIC P. ISRAEL (State Bar No. 132426)
eisrael@DanningGill.com
AARON E. DE LEEST (State Bar No. 216832)
adeleest@DanningGill.com
DANNING, GILL, ISRAEL & KRASNOFF, LLP
1901 Avenue of the Stars, Suite 450
Los Angeles, California 90067-6006
Telephone:   (310) 277-0077
Facsimile:    (310) 277-5735

Attorneys for Jeffrey I. Golden,
Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>JAMIE LYNN GALLIAN,<br><br>           Debtor. | Case No. 8:21-bk-11710-SC<br><br>Chapter 7<br><br>**TRUSTEE'S OBJECTION TO DEBTOR'S NOTICE OF LODGMENT OF ORDER AND PROPOSED ORDER RE: DEBTOR'S NOTICE TO TRUSTEE TO ABANDON ESTATE'S INTEREST IN REINVESTED FUNDS FROM SALE OF UNIT 53, 10/31/2018 APN 937-630-53 TO PURCHASE LBM1081 ON NOVEMBER 1, 2018, AND AGAINST JAMIE LYNN GALLIAN RELATING TO THE PURCHASE IN THE PERSONAL PROPERTY COMMONLY KNOWN AS 16222 MONTEREY LN #376, HUNTINGTON BEACH, CALIFORNIA 92649; REQUEST FOR JUDICIAL NOTICE IN SUPPORT THEREOF**<br><br>[NO HEARING SET] |

Jeffrey I. Golden, the Chapter 7 Trustee for the bankruptcy estate (the "Estate") of Jamie Lynn Gallian (the "Debtor), hereby objects to the Debtor's Notice of Lodgment of Order (*docket no. 225*) (the "Notice of Lodgment") and attached proposed Order (*docket no. 225-1*) (the "Proposed Order") approving the Debtor's Notice to Trustee to Abandon Estate's Interest in

Reinvested Funds from Sale of Unit 53, 10/31/2018 APN 937-630-53 to Purchase LBM1081 on November 1, 2018, and Against Jamie Lynn Gallian Relating to the Purchase in the Personal Property Commonly Known as 16222 Monterey Ln #376, Huntington Beach, California 92649 (*docket no. 203*) (the "Notice to Abandon").

    The Proposed Order was improperly lodged by the Debtor in contravention of Local Bankruptcy Rule 6007-1(d), (e) and 9013-1(o)(3) and falsely states that there was no objection to the Debtor's Notice to Abandon, which there was. Accordingly, as discussed in more detail below, the Court should not enter the Proposed Order lodged by the Debtor.

    1.    The Debtor is not entitled to use the notice of intention to abandon procedure set forth in Local Bankruptcy Rule 6007-1(a) to obtain entry of the Proposed Order. Local Bankruptcy Rule 6007-1(a) provides that "only a trustee or debtor in possession who desires to abandon property of the estate may seek to do so by a notice of intent to abandon, without the necessity for filing a motion to abandon." LBR 6007-1(a). Here, the Debtor in this chapter 7 case is neither the Trustee or a debtor in possession and cannot seek to obtain entry of the Proposed Order utilizing such Rule.

    2.    The Trustee timely filed and served an objection and request for a hearing with respect to the Debtor's Notice to Abandon (*docket no. 222*) (the "Trustee's Objection"), on September 8, 2022. The Huntington Beach Gables Homeowners Association ("HOA") timely filed and served a joinder (*docket no. 223*) in the Trustee's Objection (the "Joinder") on September 9, 2022. Both The Trustee's Objection and the HOA's Joinder were filed and served within 14 days of the Debtor's filing (and service by NEF) of the Notice to Abandon. Pursuant to Local Bankruptcy Rule 6007-1(e), when a timely opposition or objection is filed to a notice to abandon, the Debtor is required to set the notice to abandon for hearing. Here, notwithstanding that the Trustee's Objection and HOA's Joinder were filed, the Debtor has not set the Notice to Abandon for hearing, which, if she wants such relief, she is now required to do. The Court now should not enter the Proposed Order until there has been a hearing.

    3.    Even if there was no objection to the Notice to Abandon, which there was, the Debtor still has not followed the correct procedure for entry of the Proposed Order. Although the

Trustee and HOA did file their objection and joinder to the Notice to Abandon, in the absence of an objection the Debtor must still comply with Local Bankruptcy Rule 6007-1(e), which requires the Debtor to follow the procedure in Local Bankruptcy Rule 9013-1(o)(3)(A), and file a declaration of service and no response

> attesting that: (i) no timely response and request for hearing was served upon the moving party; and (ii) that the declarant has checked the docket of the bankruptcy case or the adversary proceeding and no response and request for hearing was timely filed. A copy of the motion, notice, and proof of service of the notice and motion must be attached as exhibits to the declaration.

LBR 9013-1(o)(3)(A).  Here, the Debtor did not file any such declaration because, if she had done so, any such statements in the declaration would be false.  As set forth above, the Trustee and HOA filed and served their respective objection and joinder timely on September 8 and 9, 2022, and both are clearly reflected on the Court's docket.

       4.       The Proposed Order falsely states that there was "no objections or requests for hearing" to the Debtor's Notice to Abandon, which there was.  As set forth above, the Trustee timely filed his objection and the HOA timely filed its joinder.

WHEREFORE, the Court should not enter the Proposed Order because the Debtor (1) is not permitted to use the notice of intent to abandon procedure to obtain such order; (2) the Trustee and HOA timely objected and, if the Debtor wants the relief, the Debtor must set the matter for hearing; (3) even if there were no objection to the Notice to Abandon (which there was) the Court should not enter the Proposed Order because the Debtor did not file a declaration of service and no response; and (4) the Proposed Order falsely states that there were no objections or requests for

hearing, which there were. Therefore, the Court should not enter the Proposed Order lodged by the Debtor. The Trustee prays for all other appropriate relief under the circumstances.

DATED:  September 12, 2022            DANNING, GILL, ISRAEL & KRASNOFF, LLP

By:  ___/s/ Aaron E. de Leest_____
AARON E. DE LEEST
Attorneys for Jeffrey I. Golden, Chapter 7 Trustee

1693359.1  27064

4

# REQUEST FOR JUDICIAL NOTICE

Jeffrey I. Golden, as Chapter 7 Trustee (the "Trustee") for the bankruptcy estate of Jamie Lynn Gallian (the "Debtor), requests that the Court take judicial notice of the following facts.

1. The Debtor's Notice to Trustee to Abandon Estate's Interest in Reinvested Funds from Sale of Unit 53, 10/31/2018 APN 937-630-53 to Purchase LBM1081 on November 1, 2018, and Against Jamie Lynn Gallian Relating to the Purchase in the Personal Property Commonly Known as 16222 Monterey Ln #376, Huntington Beach, California 92649 (*docket no. 203*) (the "Notice to Abandon") was filed on August 26, 2022.

2. The Notice to Abandon was served on August 26, 2022, on the Trustee and all other registered ECF users by NEF.

3. On September 8, 2022, the Trustee filed and served an objection and request for a hearing with respect to the Debtor's Notice to Abandon (*docket no. 222*).

4. On September 9, 2022. the Huntington Beach Gables Homeowners Association ("HOA") filed and served a joinder (*docket no. 223*) in the Trustee's Objection.

5. No declaration of service and no response was filed by the Debtor in relation to the Debtor's Notice of Lodgment of Order (*docket no. 225*) and attached proposed Order (*docket no. 225-1*) approving the Debtor's Notice to Trustee to Abandon Estate's Interest in Reinvested Funds from Sale of Unit 53, 10/31/2018 APN 937-630-53 to Purchase LBM1081 on November 1, 2018, and Against Jamie Lynn Gallian Relating to the Purchase in the Personal Property Commonly Known as 16222 Monterey Ln #376, Huntington Beach, California 92649 (*docket no. 203*).

DATED: September 12, 2022          DANNING, GILL, ISRAEL & KRASNOFF, LLP


                                   By:     /s/ Aaron E. de Leest
                                         AARON E. DE LEEST
                                         Attorneys for Jeffrey I. Golden, Chapter 7 Trustee

1693359.1  27064                           5

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 1901 Avenue of the Stars, Suite 450, Los Angeles, CA 90067-6006.

A true and correct copy of the foregoing document entitled (*specify*): TRUSTEE'S OBJECTION TO DEBTOR'S NOTICE OF LODGMENT OF ORDER AND PROPOSED ORDER RE: DEBTOR'S NOTICE TO TRUSTEE TO ABANDON ESTATE'S INTEREST IN REINVESTED FUNDS FROM SALE OF UNIT 53, 10/31/2018 APN 937-630-53 TO PURCHASE LBM1081 ON NOVEMBER 1, 2018, AND AGAINST JAMIE LYNN GALLIAN RELATING TO THE PURCHASE IN THE PERSONAL PROPERTY COMMONLY KNOWN AS 16222 MONTEREY LN #376, HUNTINGTON BEACH, CALIFORNIA 92649; REQUEST FOR JUDICIAL NOTICE IN SUPPORT THEREOF will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) September 12, 2022 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page.

**2. SERVED BY UNITED STATES MAIL**: On September 12, 2022, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page.

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| September 12, 2022 | Beverly Lew | /s/ Beverly Lew |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                    F 9013-3.1.PROOF.SERVICE

**ADDITIONAL SERVICE INFORMATION (if needed):**

1. **SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**

Aaron E DE Leest on behalf of Trustee Jeffrey I Golden (TR)
adeleest@DanningGill.com, danninggill@gmail.com;adeleest@ecf.inforuptcy.com

Robert P Goe on behalf of Creditor The Huntington Beach Gables Homeowners Association
kmurphy@goeforlaw.com, rgoe@goeforlaw.com;goeforecf@gmail.com

Robert P Goe on behalf of Plaintiff The Huntington Beach Gables Homeowners Association
kmurphy@goeforlaw.com, rgoe@goeforlaw.com;goeforecf@gmail.com

Jeffrey I Golden (TR)
lwerner@go2.law, jig@trustesolutions.net;kadele@go2.law

D Edward Hays on behalf of Creditor Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates
ehays@marshackhays.com, ehays@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com

D Edward Hays on behalf of Interested Party Courtesy NEF
ehays@marshackhays.com, ehays@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com

D Edward Hays on behalf of Plaintiff Houser Bros. Co.
ehays@marshackhays.com, ehays@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com

Brandon J Iskander on behalf of Creditor The Huntington Beach Gables Homeowners Association
biskander@goeforlaw.com, kmurphy@goeforlaw.com

Brandon J Iskander on behalf of Plaintiff The Huntington Beach Gables Homeowners Association
biskander@goeforlaw.com, kmurphy@goeforlaw.com

Eric P Israel on behalf of Trustee Jeffrey I Golden (TR)
eisrael@DanningGill.com, danninggill@gmail.com;eisrael@ecf.inforuptcy.com

Laila Masud on behalf of Creditor Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates
lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com

Laila Masud on behalf of Interested Party Courtesy NEF
lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com

Laila Masud on behalf of Plaintiff Houser Bros. Co.
lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com

Mark A Mellor on behalf of Defendant Randall L Nickel
mail@mellorlawfirm.com, mellormr79158@notify.bestcase.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                    F 9013-3.1.PROOF.SERVICE

Mark A Mellor on behalf of Interested Party Courtesy NEF
mail@mellorlawfirm.com, mellormr79158@notify.bestcase.com

Valerie Smith on behalf of Interested Party Courtesy NEF
claims@recoverycorp.com

United States Trustee (SA)
ustpregion16.sa.ecf@usdoj.gov

**2. SERVED BY U.S. MAIL**

Debtor
Jamie Lynn Gallian
16222 Monterey Ln Unit 376
Huntington Beach, CA 92649

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                 **F 9013-3.1.PROOF.SERVICE**