1  **JAMIE LYNN GALLIAN**
   **16222 MONTEREY LN. UNIT 376**
2  **HUNTINGTON BEACH CA 92649**
   **(714)321-3449**
3  **JAMIEGALLIAN@GMAIL.COM**

4  **IN PRO PER**

5

6                    **UNITED STATES BANKRUPTCY**

7                    **COURT CENTRAL DISTRICT OF**

8                    **CALIFORNIA SANTA ANA DIVISION**

9

10  In re                                    Case No. 8:21-bk-11710-SC

11  JAMIE LYNN GALLIAN,                      Chapter 7

12                                           **DEBTOR JAMIE LYNN GALLIAN'S**
                                             **REPLY TO  TRUSTEE'S OBJECTION**
13             Debtor.                       **[DOC 226]**
                                             **TO DEBTOR'S [DOC 225] NOTICE OF**
14                                           **LODGMENT OF ORDER AND PROPOSED**
                                             **ORDER [DOC 225-1]  RE: DEBTOR'S**
15                                           **NOTICE TO TRUSTEE TO ABANDON**
                                             **ESTATE'S INTEREST IN REINVESTED**
16                                           **FUNDS FROM SALE OF UNIT 53,**
                                             **10/31/2018 APN 937-630-53 TO PURCHASE**
17                                           **LBM1081 ON NOVEMBER 1, 2018, AND**
                                             **AGAINST JAMIE LYNN GALLIAN**
18                                           **RELATING TO THE PURCHASE IN THE**
                                             **PERSONAL PROPERTY COMMONLY**
19                                           **KNOWN AS 16222 MONTEREY LN #376,**
                                             **HUNTINGTON BEACH, CALIFORNIA**
20                                           **92649.  [DOC 203]**

21                                           [NO HEARING SET]

22       On the early morning of September 12, 2022, Debtor uploaded into the Bankruptcy Court

23  Electronic "Dropbox" for IN PRO PER individuals, Debtor's Notice of Lodgment of Order (docket

24  no. 225) (the "Notice of Lodgment") and attached proposed Order (docket no. 225-1) (the

25  "Proposed Order") approving the Debtor's Notice to Trustee to Abandon Estate's Interest in Jeffrey

26  I. Golden, the Chapter 7 Trustee for the bankruptcy estate (the "Estate")  of Jamie Lynn Gallian

27  (the "Debtor),  On September 12, 2022,  Trustee filed an objection to Debtor's Notice of Lodgment

28  of Order (DOC 225) (the "Notice of Lodgment") and 1 attached proposed Order (DOC 225-1) (the

"Proposed Order") approving the Debtor's Notice to Trustee to Abandon Estate's Interest in

Reinvested Funds from Sale of Unit 53, 10/31/2018 APN

937-630-53 to Purchase LBM1081 on November 1, 2018, and Against Jamie Lynn Gallian Relating

to the Purchase in the Personal Property Commonly Known as 16222 Monterey Ln #376,

Huntington Beach, California 92649 (*docket no. 203*) (the "Notice to Abandon").

The Proposed Order was timely and properly lodged by the Debtor and accurately stated that

there was no objection served to this IN PRO PER Debtor's NOTICE TO TRUSTEE TO

ABANDON ESTATE'S INTEREST IN REINVESTED FUNDS FROM SALE OF UNIT 53,

10/31/2018 APN 937-630-53 TO PURCHASE LBM1081 ON NOVEMBER 1, 2018, AND

AGAINST JAMIE LYNN GALLIAN RELATING TO THE PURCHASE IN THE PERSONAL

PROPERTY COMMONLY KNOWN AS 16222 MONTEREY LN #376, HUNTINGTON

BEACH, CALIFORNIA 92649;  within the prescribed time frame in the Notice to Abandon.

Accordingly, as discussed in more detail below, the Court should enter the Proposed Order lodged

by the Debtor on September 12, 2022. DOC 225-1.

1.      The Debtor is entitled to use the notice of intention to abandon procedure set forth in

Local Bankruptcy Rule 6007-1(a)  to obtain entry of the Proposed Order.

Local Bankruptcy Rule 6007-1(a)  provides that "only a trustee or **debtor in possession** who

desires to abandon property of the estate may seek to do so by a notice of intent to abandon, without

the necessity for filing a motion to abandon." LBR 6007-1(a).

Here, the Debtor in this chapter 7 case is a debtor in possession and can seek to obtain entry

of the Proposed Order utilizing such Rule.

2.      The Trustee did not timely file and serve this IN PRO PER  any timely objection and

request for a hearing with respect to the Debtor's Notice to Abandon.   The Huntington Beach

Gables Homeowners Association ("HOA")  did not timely file and serve this IN PRO PER  any

timely joinder to the Trustee's Objection and no timely service.

Both The Trustee's Objection and the HOA's Joinder were not filed and serve within 14 days of the

Debtor's filing.  Debtor [is not] served  by NEF.

Pursuant to Local Bankruptcy Rule 6007-1(e), when a timely opposition or objection is filed and served by NEF (of which debtor [is not] served due to debtor being IN PRO PER) any notice to abandon, the Debtor cannot be required to set the notice to abandon for hearing because she would not have been served in a timely manner.  Here, notwithstanding that the Trustee's Objection and HOA's Joinder were filed, they were not timely served on Debtor nor docketed  Proof of Service.

3.    There were no timely objections to the Notice to Abandon, the Debtor followed the correct procedure for entry of the Proposed Order.

Trustee and HOA [did not] timely file and serve through i.e. personal courier or timely US MAIL their objection and joinder to the Notice to Abandon. remained untimely were filed and not served.

Debtor attached the conformed copy of the motion, notice, and proof of service of the notice and motion as exhibits to the [Proposed Order. DOC 225-1.

The Trustee and HOA did not file and [did not timely serve this IN PRO PER] their respective objection and joinder timely on September 8 and 9, 2022, and service to this IN PRO PER [are not] reflected on the Court's docket, as Debtor, IN PRO PER is not on the COURTS NEF System and the Attorneys with over 80 years of combined experience are aware of this fact.

4.    The Proposed Order truthfuly states that there was no objections or requests timely served for hearing to the Debtor's Notice to Abandon.

Debtor, IN PRO PER, was not timely served, did not timely receive any objections or requests for hearing and is not served through the Courts NEF system.

As set forth above, the Trustee failed to timely serve his objection and the HOA failed to timely serve its joinder.

WHEREFORE, the Court should sign and enter the Proposed Order the Debtor Lodged DOC 225-1 on September 12, 2022.

(1) the  Trustee and  HOA did not timely object and properly serve an objection  to Debtors Notice to Abandon, DOC  the Court should enter the Proposed Order and

(2) the  Proposed Order truthfully states that there were no objections or requests for hearing, timely served on Debtor. IN PRO PER.  Debtor as an IN PRO PER is not served through the Courts NEF.

1

2        Therefore, the Debtor respectfully requests this Court should sign the Proposed Order

3   lodged by the Debtor.  The Debtor prays for all other appropriate relief under the circumstances.

4

5        I declare under penalty of perjury the foregoing to be true and correct. Signed this

6        13th day of September at Huntington Beach, CA County of Orange.

7

8                                        Respectfully submitted

9   DATED:  September 13, 2022

10                                       *Jamie Lynn Gallian*

11                                        JAMIE LYNN GALLIAN, Debtor
                                         IN PRO PER
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1693359.1  27064                              4

**REQUEST FOR JUDICIAL NOTICE**

I, Jamie Lynn Gallian am (the "Debtor") in the bankruptcy estate 8:21-bk-11710-SC.

I Jamie Lynn Gallian  request that the Court take judicial notice of the following facts.

1.     The Debtor's Notice to Trustee to Abandon Estate's Interest in Reinvested Funds from Sale of Unit 53, 10/31/2018 APN 937-630-53 to Purchase LBM1081 on November 1, 2018, and Against Jamie Lynn Gallian Relating to the Purchase in the Personal Property Commonly Known as 16222 Monterey Ln #376, Huntington Beach, California 92649 (*docket no. 203*) (the "Notice to Abandon") was filed on August 26, 2022.

2.     The Notice to Abandon was served on August 26, 2022, on the Trustee and all other registered ECF users by NEF.

3.     On September 8, 2022, the Trustee allegedly filed but [did not] properly serve debtor in a timely manner any objection and request for a hearing with respect to the Debtor's Notice to Abandon.

4.     On September 9, 2022. the Huntington Beach Gables Homeowners Association ("HOA") filed but [did not] properly serve debtor in a timely manner their joinder (*docket no. 223*) in the Trustee's Objection.

5.     Debtor filed and served  Debtor's Notice of Lodgment of Order (*docket no. 225*) and attached proposed Order (*docket no. 225-1*) approving the Debtor's Notice to Trustee to Abandon Estate's Interest in Reinvested Funds from Sale of Unit 53, 10/31/2018 APN 937-630-53 to Purchase LBM1081 on November 1, 2018, and Against Jamie Lynn Gallian Relating to the Purchase in the Personal Property Commonly Known as 16222 Monterey Ln #376, Huntington Beach, California 92649 (*docket no. 203*).

DATED:  September 13, 2022            By: _____
                                          JAMIE LYNN GALLIAN

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 5801 Skyab, Huntington Beach, CA 92647

A true and correct copy of the foregoing document entitled (*specify*): DEBTOR'S REPLY TO TRUSTEE'S OBJECTION TO DEBTOR'S NOTICE OF LODGMENT OF ORDER AND PROPOSED ORDER RE: DEBTOR'S NOTICE TO TRUSTEE TO ABANDON ESTATE'S INTEREST IN REINVESTED FUNDS FROM SALE OF UNIT 53, 10/31/2018 APN 937-630-53 TO PURCHASE LBM1081 ON NOVEMBER 1, 2018, AND AGAINST JAMIE LYNN GALLIAN RELATING TO THE PURCHASE IN THE PERSONAL PROPERTY COMMONLY KNOWN AS 16222 MONTEREY LN #376, HUNTINGTON BEACH, CALIFORNIA 92649; REQUEST FOR JUDICIAL NOTICE IN SUPPORT THEREOF will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)  September 13, 2022  I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page.

**2.  SERVED BY UNITED STATES MAIL**:  On             I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page.

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| September 13, 2022 | ROBERT MCLELLAND | *Robert McLelland* |
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

**F 9013-3.1.PROOF.SERVICE**

ADDITIONAL SERVICE INFORMATION (if needed):

## 1. **SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**

Aaron E DE Leest on behalf of Trustee Jeffrey I Golden (TR)
adeleest@DanningGill.com, danninggill@gmail.com;adeleest@ecf.inforuptcy.com

Robert P Goe on behalf of Creditor The Huntington Beach Gables Homeowners Association
kmurphy@goeforlaw.com, rgoe@goeforlaw.com;goeforecf@gmail.com

Robert P Goe on behalf of Plaintiff The Huntington Beach Gables Homeowners Association
kmurphy@goeforlaw.com, rgoe@goeforlaw.com;goeforecf@gmail.com

Jeffrey I Golden (TR)
lwerner@go2.law, jig@trustesolutions.net;kadele@go2.law

D Edward Hays on behalf of Creditor Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates
ehays@marshackhays.com,
ehays@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@marshackhays.com;cmend
oza@ecf.courtdrive.com

D Edward Hays on behalf of Interested Party Courtesy NEF
ehays@marshackhays.com,
ehays@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@marshackhays.com;cmend
oza@ecf.courtdrive.com

D Edward Hays on behalf of Plaintiff Houser Bros. Co.
ehays@marshackhays.com,
ehays@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@marshackhays.com;cmend
oza@ecf.courtdrive.com

Brandon J Iskander on behalf of Creditor The Huntington Beach Gables Homeowners Association
biskander@goeforlaw.com, kmurphy@goeforlaw.com

Brandon J Iskander on behalf of Plaintiff The Huntington Beach Gables Homeowners Association
biskander@goeforlaw.com, kmurphy@goeforlaw.com

Eric P Israel on behalf of Trustee Jeffrey I Golden (TR)
eisrael@DanningGill.com, danninggill@gmail.com;eisrael@ecf.inforuptcy.com

Laila Masud on behalf of Creditor Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates
lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com

Laila Masud on behalf of Interested Party Courtesy NEF
lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com

Laila Masud on behalf of Plaintiff Houser Bros. Co.
lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com

Mark A Mellor on behalf of Defendant Randall L Nickel
mail@mellorlawfirm.com, mellormr79158@notify.bestcase.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                **F 9013-3.1.PROOF.SERVICE**

Mark A Mellor on behalf of Interested Party Courtesy NEF
mail@mellorlawfirm.com, mellormr79158@notify.bestcase.com

Valerie Smith on behalf of Interested Party Courtesy NEF
claims@recoverycorp.com

United States Trustee (SA)
ustpregion16.sa.ecf@usdoj.gov

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                 F 9013-3.1.PROOF.SERVICE