| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| JAMIE LYNN GALLIAN<br>16222 Monterey Lane Unit 376<br>Huntington Beach, CA 92649<br>(714)321-3449<br>jamiegallian@gmail.com | |
| ☒ *Movant(s) appearing without an attorney*<br>☐ *Attorney for Movant(s)* | |

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION

| In re:<br>JAMIE LYNN GALLIAN | CASE NO.: 8:21-bk-11710-SC |
|---|---|
| | CHAPTER: 7 |
| | **DECLARATION THAT NO PARTY**<br>**REQUESTED A HEARING ON MOTION**<br>**LBR 9013-1(o)(3)** |
| Debtor(s). | [No Hearing Required] |

1. I am the ☒ Movant(s) or ☐ attorney for Movant(s) or ☐ employed by attorney for Movant(s).

2. On (*date*): 10/07/2022 Movant(s) filed a motion or application (Motion) entitled: Debtor's Notice Of Motion And Motion To Avoid Lien Under 11 U.S.C. § 522(f) Real Property Amended; Notice of Opport. to Request a Hearing.

3. A copy of the Motion and notice of motion is attached to this declaration.

4. On (*date*): 10/07/2022 Movant(s), served a copy of ☐ the notice of motion or ☒ the Motion and notice of motion on required parties using the method(s) identified on the Proof of Service of the notice of motion.

5. Pursuant to LBR 9013-1(o), the notice of motion provides that the deadline to file and serve a written response and request for a hearing is 14 days after the date of service of the notice of motion, plus 3 additional days if served by mail, or pursuant to F.R.Civ.P. 5(b)(2)(D) or (F).

6. More than 14 days have passed after Movant(s) served the notice of motion.

7. I checked the docket for this bankruptcy case and/or adversary proceeding, and no response and request for hearing was timely filed.

8. No response and request for hearing was timely served on Movant(s) via Notice of Electronic Filing, or at the street address, email address, or facsimile number specified in the notice of motion.

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

9. Based on the foregoing, and pursuant to LBR 9013-1(o), a hearing is not required.

Movant(s) requests that the court grant the motion and enter an order without a hearing.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Date: 10/21/2022

Signature

JAMIE LYNN GALLIAN
Printed name

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2016                              Page 2                    F 9013-1.2.NO.REQUEST.HEARING.DEC

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
5801 SKYLAB ROAD HUNTINGTON BEACH, CA 92649

A true and correct copy of the foregoing document entitled: **DECLARATION THAT NO PARTY REQUESTED A HEARING ON MOTION [LBR 9013-1(o)(3)]** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 10/21/2022 , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) 10/21/2022 , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.
Hon. Scott C. Clarkson
United States Bankruptcy Court
411 West Fourth Street, 5060
Santa Ana, CA 92701

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) 10/21/2022 , I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.
Janine Jasso, Esq.
Email Address: j9_jasso@yahoo.com

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 10/21/2022 | ROBERT MCLELLAND | *Robert McLelland* |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2016                    Page 3                    F 9013-1.2.NO.REQUEST.HEARING.DEC

Mailing Information for Case 8:21-bk-11710-SC

**Electronic Mail Notice List**

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- **Aaron E DE Leest**   adeleest@DanningGill.com,
  danninggill@gmail.com;adeleest@ecf.inforuptcy.com
- **Robert P Goe**   kmurphy@goeforlaw.com, rgoe@goeforlaw.com;goeforecf@gmail.com
- **Jeffrey I Golden (TR)**   lwerner@wgllp.com, jig@trustesolutions.net;kadele@wgllp.com
- **D Edward Hays**   ehays@marshackhays.com,
  ehays@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@marshackhays.com; c
  mendoza@ecf.courtdrive.com
- **Brandon J Iskander**   biskander@goeforlaw.com, kmurphy@goeforlaw.com
- **Eric P Israel**   eisrael@DanningGill.com,
  danninggill@gmail.com;eisrael@ecf.inforuptcy.com
- **Laila Masud**   lmasud@marshackhays.com,
  lmasud@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com
- **Mark A Mellor**   mail@mellorlawfirm.com, mellormr79158@notify.bestcase.com
- **Valerie Smith**   claims@recoverycorp.com
- **United States Trustee (SA)**   ustpregion16.sa.ecf@usdoj.gov

| Attorney or Party Name, Address, Telephone & FAX Numbers, State Bar Number & Email Address | FOR COURT USE ONLY |
|---|---|
| JAMIE LYNN GALLIAN<br>16222 MONTEREY LANE UNIT 376<br>HUNTINGTON BEACH, CA 92649<br>(714) 321-3449<br>jamiegallian@gmail.com<br><br><br>☒ *Debtor appearing without attorney*<br>☐ *Attorney for Debtor* | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION**

| In re:<br><br>JAMIE LYNN GALLIAN<br><br><br><br><br>Debtor(s). | CASE NUMBER: 8:21-bk-11710-ES SC<br>CHAPTER: 7<br><br>**DEBTOR'S NOTICE OF MOTION AND MOTION TO AVOID LIEN UNDER 11 U.S.C. § 522(f) (REAL PROPERTY)**<br>AMENDED<br><br>[No hearing required unless requested under LBR 9013-1(o)] |
|---|---|
| **Creditor Name:**<br>The Huntington Beach Gables Homeowners Association | |

**TO THE CREDITOR, ATTORNEY FOR CREDITOR AND OTHER INTERESTED PARTIES:**

1. **NOTICE IS HEREBY GIVEN** that Debtor moves this court for an order, pursuant to LBR 9013-1(o) upon notice of opportunity to request a hearing (*i.e.*, without a hearing unless requested), avoiding a lien on the grounds set forth below.

2. **Deadline for Opposition Papers:**
Pursuant to LBR 9013-1(o), any party opposing the motion may file and serve a written opposition and request a hearing on this motion. If you fail to file a written response within 14 days of the date of service of this notice of motion and motion, plus an additional 3 days unless this notice of motion and motion was served by personal delivery or posting as described in Federal Rules of Civil Procedure 5(b)(2)(A)-(B), the court may treat such failure as a waiver of your right to oppose this motion and may grant the requested relief.

---

*"Bankruptcy Code" and "11 U.S.C." refer to the United States Bankruptcy Code, Title 11 of the United States Code.*
*"FRBP" refers to the Federal Rules of Bankruptcy Procedure. "LBR" and "LBRs" refer to the Local Bankruptcy Rule(s) of this court.*

---

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

3. **Type of Case:**

   a. ☒ A voluntary petition under Chapter    ☒ 7   ☐ 11   ☐ 12   ☐ 13 was filed on: _07/09/2021_

   b. ☐ An involuntary petition under Chapter    ☐ 7   ☐ 11 was filed on: _____

        ☐ An order of relief under Chapter        ☐ 7   ☐ 11 was entered on: _____

   c. ☐ An order of conversion to Chapter    ☐ 7   ☐ 11   ☐ 12   ☐ 13 was entered on: _____

   d. ☐ Other:

4. **Procedural Status:**

   a. ☒ Name of Trustee appointed *(if any)*: JEFFREY GOLDEN

   b. ☒ Name of Attorney for Trustee *(if any)*: Danning, Gill, Israel & Krasnoff, L.L.P.

5. Debtor claims an exemption in the subject real property under:

   a. ☒ California Code of Civil Procedure § 704.930 _____ (Homestead): Exemption amount claimed on
         schedules: $ 600,000.00

   b. ☐ California Code of Civil Procedure § _____ Exemption amount claimed on
         schedules: $ _____

   c. ☒ Other statute *(specify)*: Declared Homestead filed 7/9/2021

6. Debtor's entitlement to an exemption is impaired by a judicial lien, the details of the lien are as follows:

   a. Date of entry of judgment *(specify)*: _____
   b. Case name *(specify)*: See Attachment A
   c. Name of court: Orange County Superior Court
   d. Docket number *(specify)*: ___ See Att. A
   e. Date *(specify)*: _____ and place *(specify)* See Att. A
       of recordation of lien
   f. Recorder's instrument number *(specify)*: See Att. A

7. The property claimed to be exempt is as follows:

   a. Street address, city, county and state, where located, *(specify)*: 16222 Monterey Lane Unit 376
      Huntington Beach, CA 92649 (Fair Market Value Debtors interest $235,000.00)

   b. Legal description *(specify)*: See Attachment B

                                                ☐ See attached page

8. Debtor acquired the property claimed as exempt on the following date *(specify)*: 11/01/2018 _11 U.S.C. §§522(P)(2)(B)

9. Debtor alleges that the fair market value of the property claimed exempt is: $ 235,000.00

10. The subject property is encumbered with the following liens (*list mortgages and other liens in order of priority and place an "X" as to the lien to be avoided by this motion):*

| Name of Lienholder | "X" | Date Lien Recorded | Original Lien Amount | Current Lien Amount | Date of Current Lien |
|---|---|---|---|---|---|
| None | ☐ | | $ | $ | |
| | ☐ | | $ | $ | |
| | ☐ | | $ | $ | |
| | ☐ | | $ | $ | |

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

11. Debtor attaches copies of the following documents in support of the motion (as appropriate):

  a.  ☒ Schedule C to bankruptcy petition listing all exemptions claimed by Debtor

  b.  ☐ Appraisal of the property

  c.  ☐ Documents showing current balance due as to the liens specified in paragraph 11 above

  d.  ☒ Recorded Abstract of Judgment

  e.  ☒ Recorded Declaration of Homestead (Homestead Exemption)

  f.  ☒ Declaration(s)

  g.  ☒ Other (*specify*):
     Preliminary Title Report dated October 18, 2018, sold 10/31/2018, APN 937-630-53, debtors previous home w/o
     any Huntingting Beach Gables Homeowners Association liens att. to property; Curr. HCD Certificate of Title.

12. Total number of attached pages of supporting documentation: _____

13. Debtor declares under penalty of perjury under the laws of the United States of America that the foregoing is true and
    correct [28 U.S.C. § 1746(1) and (2)].

WHEREFORE, Debtor requests that this court issue an order avoiding Creditor's lien in the form of the **Attachment** to this
motion.

**10/7/2022**

Executed on (date): XXXXXXXXX

*Jamie Lynn Gallian*

_____
Signature of Debtor

JAMIE LYNN GALLIAN
Printed name of Debtor

Date: _____

_____
Signature of Attorney for Debtor

_____
Printed name of Attorney for Debtor

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2017*                    Page 3                    F 4003-2.1.AVOID.LIEN.RP.MOTION

3

## ATTACHMENT TO MOTION/ORDER
### (11 U.S.C. § 522(f): AVOIDANCE OF REAL PROPERTY JUDICIAL LIENS)

This court makes the following findings of fact and conclusions of law:

1.  **Creditor Lienholder/Servicer:** The Huntington Beach Gables Homeowners Assoiction .

2.  **Subject Lien:** Date and place of recordation of lien (*specify*): Orange County Superior Court – See Attached

    recording dates and recorder's instrument numbers (See Attachment A)

    Recorder's instrument number or document recording number: (See Attachment A) .

3.  **Collateral:** Street address, city, county and state, where located, legal description and/or map/book/page number, including county of recording:
    16222 Monterey Lane Unit 376 Huntington Beach, CA 92649 (See Attachment B)
    ☐ See attached page.

4.  **Secured Claim Amount**
    a. Value of Collateral: ................................................................. $ 235,000.00
    b. Amounts of Senior Liens (reducing equity in the property to which the subject lien can attach):
        (1) First lien: ............................................... ($_____)
        (2) Second lien: ............................................ ($_____)
        (3) Third lien: ............................................. ($_____)
        (4) Additional senior liens (*attach list*): .................. ($_____)
    c. Amount of Debtor's exemption(s): .................................. ($ 600,000.00 )
    d. Subtotal: .............................................................. ($ 600,000.00 )
    e. Secured Claim Amount (negative results should be listed as -$0-): $ 0.00
    Unless otherwise ordered, any allowed claim in excess of this Secured Claim Amount is to be treated as a nonpriority unsecured claim and is to be paid pro rata with all other nonpriority unsecured claims (in Chapter 13 cases, Class 5A of the Plan).

5.  **Lien avoidance:** Debtor's request to avoid the Subject Lien is granted as follows. The fixing of the Subject Lien impairs an exemption to which Debtor would otherwise be entitled under 11 U.S.C. § 522(b). The Subject Lien is not a judicial lien that secures a debt of a kind that is specified in 11 U.S.C. § 523(a)(5) (domestic support obligations). The Subject Lien is void and unenforceable except to the extent of the Secured Claim Amount, if any, listed in paragraph 4.e. above.

☐ See attached page(s) for more liens/provisions.

---

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

# HOMESTEAD DECLARATION

BDE-266 (P1) REV. 13 (05-20)



**CLAUDE PARRISH**
**ORANGE COUNTY ASSESSOR**
500 S. MAIN ST, FIRST FLOOR, SUITE 103
ORANGE, CA 92868-4512  or
P.O. BOX 628
SANTA ANA, CA 92702-0628
PHONE: (714) 834-3821
FAX: (714) 834-2565
www.ocgov.com/assessor

## CLAIM FOR HOMEOWNERS' PROPERTY TAX EXEMPTION

*If eligible, sign and file this form with the Assessor on or before February 15 or on or before the 30th day following the date of notice of supplemental assessment, whichever comes first.*

**SEE INSTRUCTIONS BEFORE COMPLETING**

NAME AND MAILING ADDRESS
*(Make necessary corrections to the printed name and mailing address)*

891-569-62
GALLIAN, JAMIE LYNN
16222 MONTEREY LN, SPC 376
HUNTINGTON BEACH, CA 92649

| FOR ASSESSOR'S USE ONLY | |
|---|---|
| Received | |
| Approved | |
| Denied | |
| Reason for denial | |
| M-2085154 | NO |

**PROPERTY DESCRIPTION**

Parcel No. 891-569-62

Address of dwelling
16222 MONTEREY LN, UNIT 376
HUNTINGTON BEACH
TR   RANDRE   BLK 376
LOT        UN

Print your social security number and name here ➡

SSN: XXX-XX-3936
NAME: JAMIE L GALLIAN

Print co-owner's or spouse's social security number and name when this property is also his/her principal residence ➡

SSN: - -
NAME:

### STATEMENTS

This claim may be used to file for the Homeowners' Exemption for the Assessment Roll and the Supplemental Assessment Roll. A new owner must file a claim even if the property is already receiving the homeowners' exemption. Please carefully read the information and instructions before answering the questions listed below.

1. When did you acquire this property? 11-1-2018
   *(month/day/year)*

2. Date you occupied this property as your principal residence (see instructions): 11-1-2018
   *(month/day/year)*

3. Do you own another property that is, or was, your principal place of residence in California? ☒ YES ☐ NO
   If YES, please provide the address below, and the date you **MOVED OUT**, if no longer your principal place of residence:

   Address: 4476 Alderport Drive HB 92649   10/31/2018
   Street address       City       Zip Code       month/day/year

Only the owners or their spouses who occupy the above-described property (including a purchaser under contract of sale) or his or her legal representative may sign this claim. (If the property comprises more than one dwelling unit, other co-owner occupants may wish to file separate claims; however, only one exemption will be allowed per dwelling unit.)

**If you are buying this property under an unrecorded contract of sale and the Assessor does not have a copy of the contract, you must attach a copy to this claim.**

### CERTIFICATION

*I certify (or declare) under penalty of perjury under the laws of the State of California that the foregoing and all information hereon, including any accompanying statements or documents, is true, correct, and complete to the best of my knowledge and belief.*

| SIGNATURE OF OWNER-OCCUPANT | DATE |
|---|---|
| ► *Jamie L Gallian* | |
| SIGNATURE OF OCCUPANT'S SPOUSE OR CO-OWNER-OCCUPANT | DATE |
| ► | |

EMAIL ADDRESS  Jamiegallian@gmail.com

DAYTIME TELEPHONE NUMBER (714) 321-3447

**IF YOU DO NOT OCCUPY THIS PARCEL AS YOUR PRINCIPAL RESIDENCE, PLEASE DISCARD THIS FORM.**
*If you occupy this parcel at a later date, contact the Assessor at that time.*

**THIS DOCUMENT IS NOT SUBJECT TO PUBLIC INSPECTION**

A002-985 (P1) (R 01/21)



0001120- 1

500 S. Main Street, First Floor, Suite 103
Orange, CA 92868-4512
or
P. O. Box 628
Santa Ana, CA 92702-0628

COUNTY OF ORANGE
CALIFORNIA

ESTABLISHED 1889

CLAUDE PARRISH
COUNTY ASSESSOR
Telephone: (714) 834-3821
FAX: (714) 834-2565
www.ocassessor.gov

July 21, 2022

OFFICE OF THE ASSESSOR

891-569-62   HX

GALLIAN, JAMIE LYNN
16222 MONTEREY LN, SPC 376
HUNTINGTON BEACH, CA 92649

SUBJECT: Assessor Parcel Number: 891-569-62

Property Address: 16222 MONTEREY LN, UNIT 376, HUNTINGTON BEACH

The Homeowners' Exemption on the above property has been active in Orange County as of **02-25-2021**

**Claimant Name:** GALLIAN, JAMIE LYNN

If you have any questions, please call our office at (714) 834-3821.

Sincerely,

CLAUDE PARRISH
County Assessor

By
        Exemptions Division

I HEREBY CERTIFY THAT THIS IS A TRUE
AND CORRECT COPY OF A PERMANENT
RECORD OF THE ASSESSOR'S OFFICE,
ORANGE COUNTY, CALIFORNIA

CLAUDE PARRISH
COUNTY ASSESSOR
BY Neil Bal

2022 JUL 21 PM 2: 22
CLAUDE PARRISH
ORANGE COUNTY ASSESSOR

A002-994 (R 09/19)

| **2022-23  Secured Assessment Roll** | **CLAUDE PARRISH, ORANGE COUNTY ASSESSOR** |
|---|---|

Full Parcel Report: Page 1 of 1                                      As of January 1st, 2022

| Parcel No: 891-569-62 | Tax Rate Area: 04-902 | Property Type: MOBILE HOME |
|---|---|---|

### Owner / Mailing Address

**Assessee:** GALLIAN, JAMIE LYNN

**Address:** 16222 MONTEREY LN, SPC, 376

**City, State:** HUNTINGTON BEACH, CA

**Zip:** 92649

### Description

| Assessed Value | | Exemptions | Dates | |
|---|---|---|---|---|
| **Land:** | 0 | **Exe Type:** HOMEOWNER | **Land BaseYear:** | 2021 |
| **Improvement:** | 0 | | **Improvement Base Year:** | 2021 |
| **Personal Property:** | 86,339 | | **Tax Lien Status:** | |
| **Other:** | 0 | | | |
| **Gross:** | 86,339 | | | |
| **Less Exemption:** | 7,000 | | | |
| **Net:** | 79,339 | | | |

### Sale History

**Reference Number:** M2085154

### Additional Information

**Legal Description:** T MHP RANDRE MSP 376



I HEREBY CERTIFY THAT THIS IS A TRUE
AND CORRECT COPY OF A PERMANENT
RECORD OF THE ASSESSOR'S OFFICE.
ORANGE COUNTY, CALIFORNIA

CLAUDE PARRISH
COUNTY ASSESSOR
BY

2022 JUL 21  PM 2: 18

CLAUDE PARRISH
ORANGE COUNTY ASSESSOR

1

Case 8:21-bk-11710-SC   Doc 253   Filed 10/21/22   Entered 10/21/22 11:16:39   Desc
Case 8:21-bk-11710-SC   Main Document   Filed 10/07/22   Entered 10/07/22 17:24:54   Desc
Main Document   Page 9 of 256

Case 8:21-bk-11710-ES   Doc 74   Filed 03/11/22   Entered 03/14/22 10:54:06   Desc
Main Document   Page 3 of 4

18

Recording Requested by :

J-SANDCASTLE CO LLC

JAMIE LYNN GALLIAN
16222 MONTEREY LANE #376
HUNTINGTON BEACH, CA 92649

Recorded in Official Records, Orange County
Hugh Nguyen, Clerk-Recorder

88.00

* 3 R 0 0 1 2 9 8 0 9 5 6 3 *
2021000443659 12:48 pm 07/09/21
18 414A D04   2
0.00 0.00 0.00 0.00 3.00 0.00 0.000.0075.00 3.00

When recorded mail to:

JAMIE LYNN GALLIAN
16222 MONTEREY LANE #376
HUNTINGTON BEACH, CA 92649

IT
2P
SB
PF

SPACE ABOVE THIS LINE FOR RECORDER USE ONLY

# HOMESTEAD DECLARATION
CCP §704.930

APN#: 891-569-62

1. Name(s) of Declared Homestead owners:

JAMIE LYNN GALLIAN                                     , do hereby claim a Declared
Homestead in the following real property located in:

the City of HUNTINGTON BEACH, CA     , County of ORANGE     , State of California,

more commonly known as:

16222 MONTEREY LANE SPACE 376 HUNTINGTON BEACH, CA 92649

(Insert Common Street Address Above)

and more particularly described as follows:

2014 SKYLINE CUSTOM VILLA DECAL NO. LBM1081 SERIAL NO. AC7V710394GB; AC7V710394GA; LOCATED ON LOT 376
ON APN 178-011-16, TRACT 10542, UNIT 4, PARCEL MAP BOOK 108, PG(S) 47 & 48

(Insert Property Legal Description Above)

2. The Declared Homestead is the principal dwelling of the Declared Homestead Owner(s) listed above or
such person(s) spouse.

3. The Declared Homestead Owner(s) listed above, or such person(s) spouse, resides in the Declared
Homestead on the date this Homestead Declaration is recorded.

4. The facts stated in this Homestead Declaration are known to be true as of the personal knowledge of the
person(s) below executing and acknowledging this Homestead Declaration.

Dated: 07/08/2021

(Signature of Declared Homestead Owner or Spouse)

(Signature of Declared Homestead Owner of Spouse)

JAMIE LYNN GALLIAN
(Printed Name of Declared Homestead Owner or Spouse)

Jamie LYNN GAlliaN:
(Printed Name of Declared Homestead Owner or Spouse)
( See Attached Acknowledgment )

8

Case 8:21-bk-11710-SC    Doc 253    Filed 10/21/22    Entered 10/21/22 11:16:39    Desc
Case 8:21-bk-11710-SC    Main Document    Filed 10/07/22    Entered 10/07/22 17:24:54    Desc
Main Document        Page 10 of 256

Case 8:21-bk-11710-ES    Doc 74    Filed 03/11/22    Entered 03/14/22 10:54:06    Desc
Main Document    Page 4 of 4

**ACKNOWLEDGMENT**

A notary public or other officer completing this
certificate verifies only the identity of the individual
who signed the document to which this certificate is
attached, and not the truthfulness, accuracy, or
validity of that document.

State of California
County of ___O-65L___ )

On __7/9/21__ before me, _Greg Buysman, Notary Public_
(insert name and title of the officer)

personally appeared __Jamie Lynn Galligan__
who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are
subscribed to the within instrument and acknowledged to me that he/she/they executed the same in
his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the
person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing
paragraph is true and correct.

WITNESS my hand and official seal.

GREG BUYSMAN
COMM # 2341449
ORANGE County
California Notary Public
Comm Exp Feb. 5, 2025

Signature_____    (Seal)

9

# EXHIBIT A

# EXHIBIT A

Fill in this information to identify your case and this filing:

| Debtor 1 | **Jamie Lynn Gallian** | | |
|---|---|---|---|
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the:   CENTRAL DISTRICT OF CALIFORNIA–SANTA ANA DIVISION

Case number   **8:21-bk-11710-ES**

☑ Check if this is an amended filing

## Official Form 106A/B
## Schedule A/B: Property                                            12/15

In each category, separately list and describe items. List an asset only once. If an asset fits in more than one category, list the asset in the category where you think it fits best. Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

**Part 1:   Describe Each Residence, Building, Land, or Other Real Estate You Own or Have an Interest In**

1. Do you own or have any legal or equitable interest in any residence, building, land, or similar property?

☐ No. Go to Part 2.
☑ Yes. Where is the property?

1.1

**16222 Monterey Ln. Unit 376**
Street address, if available, or other description

**Huntington Beach   CA   92649-0000**
City                  State      ZIP Code

**Orange**
County

**What is the property?** Check all that apply
☐ Single-family home
☐ Duplex or multi-unit building
☐ Condominium or cooperative
☑ Manufactured or mobile home
☐ Land
☐ Investment property
☐ Timeshare
☐ Other

**Who has an interest in the property?** Check one
☑ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

Other information you wish to add about this item, such as local property identification number:   LPT 891-569-62

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

| Current value of the entire property? | Current value of the portion you own? |
|---|---|
| $ unknown | $235,000.00 |

Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.

Existing 1979 80 year Ground Leasehold Parcel 1 & 2 Tract 10542, Unit(s) 1,2,3,4

☐ Check if this is community property (see instructions)

2. Add the dollar value of the portion you own for all of your entries from Part 1, including any entries for pages you have attached for Part 1. Write that number here.......................................==>   | $235,000.00 |

**Part 2:   Describe Your Vehicles**

Do you own, lease, or have legal or equitable interest in any vehicles, whether they are registered or not? Include any vehicles you own that someone else drives. If you lease a vehicle, also report it on *Schedule G: Executory Contracts and Unexpired Leases.*

Official Form 106A/B                         Schedule A/B: Property                                    page 1

Software Copyright (c) 1996-2021 Best Case, LLC - www.bestcase.com
Best Case Bankruptcy

11

| Debtor 1 | Jamie Lynn Gallian | Case number (if known) | 8:21-bk-11710-ES |
|---|---|---|---|

**3. Cars, vans, trucks, tractors, sport utility vehicles, motorcycles**

■ No
☐ Yes

**4. Watercraft, aircraft, motor homes, ATVs and other recreational vehicles, other vehicles, and accessories**
*Examples:* Boats, trailers, motors, personal watercraft, fishing vessels, snowmobiles, motorcycle accessories

■ No
☐ Yes

5   Add the dollar value of the portion you own for all of your entries from Part 2, including any entries for
pages you have attached for Part 2. Write that number here................................................=>           **$0.00**

**Part 3:   Describe Your Personal and Household Items**

Do you own or have any legal or equitable interest in any of the following items?                          Current value of the
                                                                                                          portion you own?
                                                                                                          Do not deduct secured
                                                                                                          claims or exemptions.

**6. Household goods and furnishings**
*Examples:* Major appliances, furniture, linens, china, kitchenware
☐ No
■ Yes.  Describe.....

| | |
|---|---|
| Misc. household goods and furnishings<br>Location: 16222 Monterey Lane, Space 376, Huntington Beach CA<br>92649 | $3,500.00 |
| waterford crystal set red and white wine glasses | $1,000.00 |

**7. Electronics**
*Examples:* Televisions and radios; audio, video, stereo, and digital equipment; computers, printers, scanners; music collections; electronic devices
including cell phones, cameras, media players, games
☐ No
■ Yes.  Describe.....

| | |
|---|---|
| Wall television, computer, printer and peripherals<br>Location: 16222 Monterey Lane, Space 376, Huntington Beach CA<br>92649 | $500.00 |

**8. Collectibles of value**
*Examples:* Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; stamp, coin, or baseball card collections;
other collections, memorabilia, collectibles
☐ No
■ Yes.  Describe.....

| | |
|---|---|
| Lladro figurine collection (20) | $1,900.00 |

**9. Equipment for sports and hobbies**
*Examples:* Sports, photographic, exercise, and other hobby equipment; bicycles, pool tables, golf clubs, skis; canoes and kayaks; carpentry tools;
musical instruments
■ No
☐ Yes.  Describe.....

**10. Firearms**
*Examples:* Pistols, rifles, shotguns, ammunition, and related equipment
■ No
☐ Yes.  Describe.....

Official Form 106A/B                              Schedule A/B: Property                                    page 2

Software Copyright (c) 1996-2021 Best Case, LLC - www.bestcase.com                                         Best Case Bankruptcy

Case 8:21-bk-11710-SC    Doc 253    Filed 10/21/22    Entered 10/21/22 11:16:39    Desc
Case 8:21-bk-11710-SC    Main Document    Page 18 of 260 Entered 10/07/22 17:24:54    Desc
Main Document    Page 14 of 256

Case 8:21-bk-11710-ES    Doc 72    Filed 03/11/22    Entered 03/14/22 09:54:23    Desc
Main Document    Page 15 of 64

Debtor 1    Jamie Lynn Gallian    Case number (if known)    8:21-bk-11710-ES

### 11. Clothes
*Examples:* Everyday clothes, furs, leather coats, designer wear, shoes, accessories
☐ No
■ Yes. Describe....

| | |
|---|---|
| Misc. clothing<br>Location: 16222 Monterey Lane, Space 376, Huntington Beach CA 92649 | $1,000.00 |

### 12. Jewelry
*Examples:* Everyday jewelry, costume jewelry, engagement rings, wedding rings, heirloom jewelry, watches, gems, gold, silver
☐ No
■ Yes. Describe.....

| | |
|---|---|
| Movado wrist watch (20 yrs. old); costume jewelry, misc. non-gold chains/bracelets, and earrings.<br>Location: 16222 Monterey Lane, Space 376, Huntington Beach CA 92649 | $1,000.00 |

### 13. Non-farm animals
*Examples:* Dogs, cats, birds, horses
☐ No
■ Yes. Describe....

| | |
|---|---|
| 5-year old Wired Terrier Dog | $25.00 |

### 14. Any other personal and household items you did not already list, including any health aids you did not list
■ No
☐ Yes. Give specific information......

### 15. Add the dollar value of all of your entries from Part 3, including any entries for pages you have attached for Part 3. Write that number here .......................................................    $8,925.00

### Part 4: Describe Your Financial Assets

Do you own or have any legal or equitable interest in any of the following?

Current value of the portion you own?
Do not deduct secured claims or exemptions.

### 16. Cash
*Examples:* Money you have in your wallet, in your home, in a safe deposit box, and on hand when you file your petition
■ No
☐ Yes.......................................................

### 17. Deposits of money
*Examples:* Checking, savings, or other financial accounts; certificates of deposit; shares in credit unions, brokerage houses, and other similar institutions. If you have multiple accounts with the same institution, list each.
☐ No
■ Yes.......................

Institution name:

| | | | |
|---|---|---|---|
| 17.1. | EDD Debit account | Bank of America | $3,793.00 |
| 17.2. | Savings | Alliant Credit Union--Only funds are Covid-19 relief funds from the government. | $1,407.00 |

13

| Debtor 1 | Jamie Lynn Gallian | | Case number *(if known)* | 8:21-bk-11710-ES |
|---|---|---|---|---|

| | 17.3. Savings | Alliant Credit Union--Only funds are Covid-19 relief funds from the government. | $2,600.00 |
|---|---|---|---|

**18. Bonds, mutual funds, or publicly traded stocks**
*Examples:* Bond funds, investment accounts with brokerage firms, money market accounts

■ No
☐ Yes................. Institution or issuer name:

**19. Non-publicly traded stock and interests in incorporated and unincorporated businesses, including an interest in an LLC, partnership, and joint venture**

☐ No
■ Yes. Give specific information about them....... Name of entity:                     % of ownership:

19.1  J-Sandcastle Co, LLC- Assets include a bank account of less than $1,000. Debtor peacefully resided at 4476 Alderport since 11/23/2009.  On 8/5/2018, debtor was battered at her home in HOA. Criminal charges PC §242 were filed; trial is pending 19WM00951. Request for victim restitution.  Debtor moved out of the HOA-Alderport home out of fear on 9/11/18. On 9/11/2018, a three year residential property lease 5782 Pinon Dr signed. Debtors Alderport home sold on 10/31/2018.  Debtor purchased investment rental property on 11/1/2018 within TRACT 10542 APN 178-011-01 located in Huntington Harbour with proceeds from unencumbered sale of her Alderport with the intent of living in the property at the end of the signed lease commitment.  Debtors Retirement Funds were completely depleted from 2016-2019 legal expenses incurred defending Gables HOA civil complaints filed against her   On 11/8/18, ST Court denied Gables HOA MOTION to freeze debtors equity in the Alderport sale.  Debtor executed a Security Agreement and Promissory Note with the LLC dated 11/16/2018, perfected HCD Certificate of Title and UCC-1 on 1/14/2019 No. 19-7691916827. Debtor continued on medical LOA and never returned to her 20 year employment as a Flight Attendant due to the 8/5/18 battery with severe nerve injury. On February 1, 2019, Debtor successfully terminated the 3 year Pinon Drive lease agreement with Landlord Henry Newton.  Debtors primary residence is 16222 Monterey Ln. Unit 376, Located on Lot 2 Tract 10542 Unit 4 per 8/7/1979 City of HB.     100 %                     $1,000.00

19.2  J-PAD, LLC. has a bank account of around $ 500.00                     100 %     $ 500.00

**20. Government and corporate bonds and other negotiable and non-negotiable instruments**
*Negotiable instruments* include personal checks, cashiers' checks, promissory notes, and money orders.
*Non-negotiable instruments* are those you cannot transfer to someone by signing or delivering them.

■ No
☐ Yes. Give specific information about them
Issuer name:

**21. Retirement or pension accounts**
*Examples:* Interests in IRA, ERISA, Keogh, 401(k), 403(b), thrift savings accounts, or other pension or profit-sharing plans

☐ No
■ Yes. List each account separately.
Type of account:          Institution name:

IRA          Fidelity          $7,400.00

**22. Security deposits and prepayments**
Your share of all unused deposits you have made so that you may continue service or use from a company
*Examples:* Agreements with landlords, prepaid rent, public utilities (electric, gas, water), telecommunications companies, or others

■ No
☐ Yes................... Institution name or individual:

**23. Annuities (A contract for a periodic payment of money to you, either for life or for a number of years)**
■ No
☐ Yes............. Issuer name and description.

**24. Interests in an education IRA, in an account in a qualified ABLE program, or under a qualified state tuition program.**
26 U.S.C. §§ 530(b)(1), 529A(b), and 529(b)(1).

| Debtor 1 | Jamie Lynn Gallian | Case number *(if known)* | 8:21-bk-11710-ES |

☑ No
☐ Yes............        Institution name and description. Separately file the records of any interests. 11 U.S.C. § 521(c):

**25. Trusts, equitable or future interests in property (other than anything listed in line 1), and rights or powers exercisable for your benefit**
☑ No
☐ Yes. Give specific information about them...

**26. Patents, copyrights, trademarks, trade secrets, and other intellectual property**
*Examples:* Internet domain names, websites, proceeds from royalties and licensing agreements
☑ No
☐ Yes. Give specific information about them...

**27. Licenses, franchises, and other general intangibles**
*Examples:* Building permits, exclusive licenses, cooperative association holdings, liquor licenses, professional licenses
☑ No
☐ Yes. Give specific information about them...

**Money or property owed to you?**

**Current value of the portion you own?**
Do not deduct secured claims or exemptions.

**28. Tax refunds owed to you**
☑ No
☐ Yes. Give specific information about them, including whether you already filed the returns and the tax years.......

**29. Family support**
*Examples:* Past due or lump sum alimony, spousal support, child support, maintenance, divorce settlement, property settlement
☑ No
☐ Yes. Give specific information......

**30. Other amounts someone owes you**
*Examples:* Unpaid wages, disability insurance payments, disability benefits, sick pay, vacation pay, workers' compensation, Social Security benefits; unpaid loans you made to someone else
☑ No
☐ Yes. Give specific information..

**31. Interests in insurance policies**
*Examples:* Health, disability, or life insurance; health savings account (HSA); credit, homeowner's, or renter's insurance
☑ No
☐ Yes. Name the insurance company of each policy and list its value.

| Company name: | Beneficiary: | Surrender or refund value: |

**32. Any interest in property that is due you from someone who has died**
If you are the beneficiary of a living trust, expect proceeds from a life insurance policy, or are currently entitled to receive property because someone has died.
☐ No
☑ Yes. Give specific information..

| 32.1 | Probate estate of Charles J. Bradley, Jr. Case No. 30-2017-00915711. Uncertain what, if any, proceeds will pass to debtor. | | Unknown |

| 32.2 | "Creditor's claim" in probate estate of Charles Bradley filed by debtor for $1 million. Unknown whether any recovery will be awarded or available. | | Unknown |

Official Form 106A/B            Schedule A/B: Property            page 5
Software Copyright (c) 1996-2021 Best Case, LLC - www.bestcase.com            Best Case Bankruptcy

15

Case 8:21-bk-11710-SC    Doc 253    Filed 10/21/22    Entered 10/21/22 11:16:39    Desc
Case 8:21-bk-11710-SC    Main Document    Filed 10/07/22    Page 21 Entered 10/07/22 17:24:54    Desc
Main Document    Page 17 of 256

Case 8:21-bk-11710-ES    Doc 72    Filed 03/11/22    Entered 03/14/22 09:54:23    Desc
Main Document    Page 18 of 64

Debtor 1    Jamie Lynn Gallian                                      Case number (if known)    8:21-bk-11710-ES

**33. Claims against third parties, whether or not you have filed a lawsuit or made a demand for payment**
*Examples: Accidents, employment disputes, insurance claims, or rights to sue*
■ No
☐ Yes. Describe each claim.........

**34. Other contingent and unliquidated claims of every nature, including counterclaims of the debtor and rights to set off claims**
☐ No
■ Yes. Describe each claim.........

| | | |
|---|---|---|
| 34.1 | Potential claim for bad faith denial of insurance against Mercury Insurance Company failure to defend/indemnify HOA Civil Action filed 4/11/2017, 18 days after title recorded. Debtor purchased homeowners insurance policy on 3/22/17 | Unknown |
| 34.2 | Potential Victim Restitution Award from Jesus Jesus Jr, for battery 8/5/2018.  Criminal Case pending 19WM09951. Estimated economic damages exceed $73,000.00 | Unknown |
| 34.3 | Claim against Houser Bros Co. dba Rancho Del Rey Mobilehome Estates  for Violation(s) of Davis Stirling Act, MRL §798, et seq. multiple acts of retaliation, discrimination, trespassing/unlawful entry; forcible detainer, wrongful eviction, failure to timely pursue/prosecute frivolous UD claim pending since 1/2/19.  Failure to apply to CA Covid19 Relief after debtor delivered 9/7/20 Declaration of Covid afflictions and hardship.                          No lawsuit yet filed. | Unknown |
| 34.4 | Personal Injury claim against Huntington Beach Gables HOA; Jesus Jasso, Jr.  Case No. 30-2020-01153679. Estimated damages $195,000. | Unknown |

34.5  Potential Claim against Master Lessor, Houser Company, Lessor(s) BS Investors, LP, S4 I, GP  due to overpayment of Ground Leasehold fees charged to Consumers.  Master Lessor Houser Company recorded Annexation approx. 8/17/1979.  The Original Tenant Robert P. Warmington, an Ind., ro Sublessor RPW, Co. and Houser Bros Co dba Rancho Del Rey MHE misrepresent to consumers Fee Interest vs. Air-Space Condominium Project within Parcel 1 & Parcel 2; Ground Leases recorded in violation of known City of Huntington Beach Ordinance from City Attorney. Master Lessor, Tenant, & RPW, Co recorded 1979 Ground Lease and Subcondominium Lease on APN 178-011-01, and not APN 178-771-03.  Only easements were recorded.  Additionally, Lessors Amended CC&Rs 8/5/1980 after Final Subdivision Report was issued by DRE July 1980, without Notice to Consumers or providing NT of Copy of Rec,  First Amendment to CC&Rs Doc No. 1980-5002.  Subsequently in 2005, Craig Houser, RDRMHE  recorded Amendment to all 80 Ground Leases without Notice to Park Consumers or Gables HOA Consumers.  Huntington Beach Gables HOA has a cross-complaint pending in the ST. Court Case Randall Nickels vs. Huntington Beach Gables HOA, et al. 30-2020-01163055-CU-OR-CJC which the HOA seeks a voiding of the sale and Assignment of unexpired term of Subcondominium Leasehold APN 937-63-053, on October 31, 2018, from Debtor to bona fide purchaser Randall Nickels.    Potential Cross-Petition not yet filed.    Unknown

**35. Any financial assets you did not already list**
☐ No
■ Yes.  Give specific information..

| | | |
|---|---|---|
| | CA COVID-19 Rent Relief Award10/27/2021, post petition tendered to Houser Bros Co.  Ck No. 58066665    $ 24,301.55. Not property of the estate. | $    0.00 |
| 35.1  ■ Yes | Bank of America Cashier's Check [uncashed] tendered rent chk Houser Bros Co. Not property of the estate.                              $ 14,118.00 | $    0.00 |

**36.  Add the dollar value of all of your entries from Part 4, including any entries for pages you have attached for Part 4. Write that number here...................................................................................................**    $ 16,700.00

**Part 5:** Describe Any Business-Related Property You Own or Have an Interest In. List any real estate in Part 1.

Official Form 106A/B                          Schedule A/B: Property                                          page 6

Software Copyright (c) 1996-2021 Best Case, LLC - www.bestcase.com                          Best Case Bankruptcy

16

Case 8:21-bk-11710-SC    Doc 253    Filed 10/21/22    Entered 10/21/22 11:16:39    Desc
Case 8:21-bk-11710-SC    Main Document    Filed 10/07/22    Entered 10/07/22 17:24:54    Desc
Main Document    Page 18 of 256

Case 8:21-bk-11710-ES    Doc 72    Filed 03/11/22    Entered 03/14/22 09:54:23    Desc
Main Document    Page 19 of 64

Debtor 1    Jamie Lynn Gallian                                    Case number *(if known)*    8:21-bk-11710-ES

37. Do you own or have any legal or equitable interest in any business-related property?
- ☑ No. Go to Part 6.
- ☐ Yes. Go to line 38.

**Part 6:**    Describe Any Farm- and Commercial Fishing-Related Property You Own or Have an Interest In.
If you own or have an interest in farmland, list it in Part 1

46. Do you own or have any legal or equitable interest in any farm- or commercial fishing-related property?
- ☑ No. Go to Part 7.
- ☐ Yes. Go to line 47.

**Part 7:**    Describe All Property You Own or Have an Interest in That You Did Not List Above

53. Do you have other property of any kind you did not already list?
*Examples:* Season tickets, country club membership
- ☑ No
- ☐ Yes. Give specific information.........

54. Add the dollar value of all of your entries from Part 7. Write that number here .....................................    $0.00

**Part 8:**    List the Totals of Each Part of this Form

| | | |
|---|---|---|
| 55. Part 1: Total real estate, line 2 ................................................................... | | $235,000.00 |
| 56. Part 2: Total vehicles, line 5 | $0.00 | |
| 57. Part 3: Total personal and household items, line 15 | $ 8,925.00 | |
| 58. Part 4: Total financial assets, line 36 | $ 16,700.00 | |
| 59. Part 5: Total business-related property, line 45 | $0.00 | |
| 60. Part 6: Total farm- and fishing-related property, line 52 | $0.00 | |
| 61. Part 7: Total other property not listed, line 54          + | $0.00 | |
| 62. Total personal property. Add lines 56 through 61... | $25,625.00    Copy personal property total | $25,625.00 |
| 63. Total of all property on Schedule A/B. Add line 55 + line 62 | | $260,625.00 |

Case 8:21-bk-11710-SC    Doc 253    Filed 10/21/22    Entered 10/21/22 11:16:39    Desc
Case 8:21-bk-11710-SC    Main Document    Filed 10/07/22    Page 23 of 260    Entered 10/07/22 17:24:54    Desc
Case 8:21-bk-11710-SC    Main Document    Filed 07/22/22    Page 219 of 260    Entered 07/22/22 16:42:54    Desc
Part 2 - Amended Motion    Page 182 of 258



# EXHIBIT

## A

**10/16/1979 Executed Unrecorded MASTER Ground Lease Houser Bros Co, LANDLORD, and Robert P. Warmington, a married man, TENANT**

## GROUND LEASE

THIS GROUND LEASE (herein termed the "Lease"), is made as of this 19th day of _October_ , 19__, by and between HOUSER BROS. CO., a limited partnership organized and existing under the laws of the State of California in which Clifford C. Houser and Vernon F. Houser constitute the sole general partners (herein termed the "Landlord"), whose address is Suite 204, 610 East Seventeenth Street, Santa Ana, California 92701 and ROBERT P. WARMINGTON, a married man (herein termed the "Tenant"), whose address is 16592 Hale Avenue, Irvine, California 92714 upon the following terms and conditions:

### ARTICLE I
### THE LEASED LAND

For and in consideration of the payment of the rentals, taxes and other charges covenanted to be paid by Tenant and of the performance of all the covenants and conditions hereinafter covenanted and provided to be observed and performed by Tenant, the Landlord hereby leases to Tenant and Tenant hereby hires from Landlord that certain parcel of real property (herein termed the "leased land"; the term "leased land" and "leased premises" may be used interchangeably), situated in the County of Orange, State of California, described on Exhibit A attached hereto and by this reference made a part hereof for the term, at the rental, for the uses and purposes, and upon and subject to the covenants, conditions and restrictions hereinafter set forth. The demise of the leased land is made subject to taxes and assessments for the current fiscal year, not yet delinquent and subject to covenants, conditions, reservations, restrictions, easements, rights and rights-of-way of record.

### ARTICLE II
### TERM

The term of this Lease shall be for a period of eighty (80) years commencing on the date first above written and continuing until the anniversary of the eightieth (80th) year thereafter, unless sooner terminated, as hereinafter provided. Tenant shall have no option to extend the term of this Lease. This Lease shall terminate as to any portion of the leased land which is Sold and Conveyed as hereinafter provided. As hereinafter provided, this Lease shall terminate as to any portion of the leased land which is Sold and Conveyed unless Tenant elects to enter into an Affiliate Sublease or a Consumer Sublease.

### ARTICLE III
### USE AND DEVELOPMENT

3.01  Use.

At all times during the term of this Lease, Tenant shall be entitled to use the leased land, buildings and

HOU 000746

4

Case 8:21-bk-11710-SC    Doc 253    Filed 10/21/22    Entered 10/21/22 11:16:39    Desc
Case 8:21-bk-11710-SC    Main Document    Filed 10/07/22    Page 25 of 260    10/07/22 17:24:54    Desc
Case 8:21-bk-11710-SC    Main Document    Filed 07/22/22    Page 221 of 258    07/22/22 16:42:54    Desc
Part 2 - Amended Motion    Page 184 of 258

other improvements constructed thereon for single family residential use and for other purposes incidental thereto, including, without limitation, recreational facilities and sales offices, and Tenant may subdivide the leased land in connection with such single family residential use and development. Tenant covenants and agrees that it will not use or suffer or permit the leased land, buildings and other improvements constructed thereon to be used in a manner which would constitute waste or which would constitute a public or private nuisance. It is expressly understood and agreed that Tenant's construction activities upon the leased land shall not be deemed to constitute waste. As used in the foregoing, "single family residential use" includes condominiums, planned unit developments and other multiple unit developments of a similar nature.

### 3.02  Compliance with Laws.

Tenant covenants that during the lease term, Tenant will comply, at no cost or expense to Landlord, with all laws, ordinances, orders, rules, regulations and requirements of all federal, state and municipal governments and appropriate departments, commissions, boards and officers thereof, which may be applicable to the leased land, buildings and other improvements constructed thereon, or the use or manner of use of the leased land. Tenant accepts the leased land in the actual condition of the same as of the date of this Lease.

### 3.03  Contest.

Tenant shall have the right, after notice to Landlord, to contest by appropriate legal proceedings, without cost or expense to Landlord, the validity of any law, ordinance, order, rule, regulation or requirement of the nature herein referred to and to postpone compliance with the same, provided such contest shall be promptly and diligently prosecuted by and at the expense of Tenant and so long as Landlord shall not thereby suffer any civil, or be subject to any criminal penalties or sanctions, and Tenant shall properly protect and save harmless Landlord against any liability and claims for any such noncompliance or postponement of compliance.

### 3.04  Development of the Leased Land; Dedications.

#### 3.04.01  Lessor's Cooperation; Power of Attorney.

(a)    Landlord and Tenant (at no expense to Landlord other than Landlord's time) shall take such actions and shall execute such instruments, documents, applications and/or certificates as Tenant may deem reasonably necessary or desirable to obtain requisite governmental approvals for the proposed development of the leased land or any portion thereof and/or to facilitate use and development of all or any portion of the leased land for the use permitted in Section 3.01 above, including, but not limited to, execution and delivery of the following:

-2-

HOU 000747

(i)  Instruments of dedication conforming with the provisions of this Section 3.04;

(ii)  Public utility conveyances;

(iii)  Applications to federal, state and local governmental agencies, together with all other instruments and documents reasonably necessary in order to obtain permits, reports, public reports, zoning, conditional use permits, variances and similar type items necessary for the proposed use and development; and

(iv)  Certificates to be affixed to subdivision maps, parcel maps, condominium plans and plans pertaining to the residential development.

(b)  Without limiting the foregoing, Landlord agrees to cooperate with Tenant in the development of the leased land in the manner of development set forth in Section 3.01 above, including, without limitation, attending a reasonable number of meetings with Tenant and/or jurisdictional government agencies.

(c)  In furtherance of paragraph (a) above, Landlord will, within three (3) days of a request from Tenant, execute, by one of its general partners who are named as signatories to this Lease, all of the documents or instruments described in paragraph (a).  If one of said named individuals has not executed such documents on behalf of Landlord within said period of time because of their unavailability or otherwise, Landlord, as provided in the Ground Lease (Short Form - Memorandum) executed by the parties concurrently herewith, hereby appoints Tenant as Landlord's attorney-in-fact to sign any and all of such documents.  Notwithstanding the execution of any of such documents by Tenant as Landlord's attorney-in-fact, Landlord agrees to execute any and all of such documents upon request therefor by Tenant.  In any event, Tenant shall promptly supply Landlord with copies of any document signed by Tenant as Landlord's attorney-in-fact.

3.04.02  Dedications.  In connection with the subdivision and development of the leased land, Tenant may cause subdivision tract maps to be filed of record which will show streets within the subdivision intended for use of the "Buyers of Lots", as such terms are defined herein, and their licensees, invitees, tenants, and servants; and, with respect to such streets, and all utility easements and rights-of-way, Tenant may, at its option, offer for dedication for public use thereof only its respective leasehold interest therein, in which event Landlord shall be required to offer for dedication for public use its respective leasehold interest therein; provided, however, that the reversionary interest of Landlord in the fee simple estate of the real property comprising the leased land therein will not be offered for dedication for public use upon the recording of any such subdivision tract maps or public

-3-

HOU 000748

utility conveyances unless required by the utility or the
City of Huntington Beach; or, provided further, Landlord
shall complete the dedications of the property of Landlord
pursuant to proceedings for Tentative Parcel Map No. 77-7
dated June 8, 1977 (subject to the undertakings of Tenant,
at no cost to Landlord to improve such areas within Edinger
Avenue required pursuant to the proceedings for Tentative
Parcel Map 77-7).

3.05  Construction.

     Except as to offsite improvements which Tenant shall
construct pursuant to the proceedings under Tentative Parcel
Map No. 77-7, during the term of this Lease Tenant shall
have the right, but not the duty, to construct buildings and
improvements upon the leased land.   All buildings and
improvements now or hereafter constructed  or located on the
leased premises by Tenant shall be the property of Tenant.

     Landlord shall have the right to approve, for architec-
tural treatment, color and external appearance of materials
and the elevation design of the improvements which Tenant
intends to construct on the leased land prior to the com-
mencement of the construction of such improvements.   Land-
lord shall not unreasonably withhold such approval and
Landlord's sole consideration for granting or withholding
such approval shall be the preservation of the esthetics of
the leased land in reasonable harmony with the improvements
to Landlord's adjoining mobile home park.   Within thirty
(30) days of delivery to Landlord of plans showing the
foregoing, Landlord shall either approve such plans in
writing or give written notice to Tenant of Landlord's
disapproval, specifying the reasons therefor.  Failure to so
disapprove such plans within such time period shall be
deemed approval thereof.   In the event of such disapproval,
Tenant shall submit revised plans for Landlord's approval as
aforesaid, except that Landlord's time for approving or
disapproving said plans shall be shortened to ten (10)
days.  If Landlord disapproves the revised plans, all rental
payments hereunder shall abate until the revised plans are
either approved or deemed approved pursuant to the aforesaid
procedure for revised plans.  If such plans are not approved
or deemed approved within ninety (90) days of their original
submission to Landlord, Tenant may, at its option, terminate
this Lease by written notice to Landlord.  After such plans
are approved or deemed approved as aforesaid, Tenant shall
have the right, without the necessity of obtaining Land-
lord's consent, to make minor changes to such plans which
do not substantially affect the esthetic harmony of the
improvements to be built on the leased land with Landlord's
adjacent mobile home park.  However, Tenant shall promptly
deliver to Landlord copies of all such changes as they are
made.

     Construction of improvements to the leased premises
shall be made in all cases subject to the following condi-
tions which Tenant covenants and agrees to observe and
perform:  (a) no construction shall be undertaken until
Tenant shall have procured and paid for, so far as the same

-4-

HOU 000749

Case 8:21-bk-11710-SC    Doc 253    Filed 10/21/22    Entered 10/21/22 11:16:39    Desc
Case 8:21-bk-11710-SC    Main Document    Filed 10/07/22    Page 28 of 260    Entered 10/07/22 17:24:54    Desc
Case 8:21-bk-11710-SC    Main Document    Filed 07/22/22    Page 224 of 258    Entered 07/22/22 16:42:54    Desc
Part 2 - Amended Motion    Page 187 of 258

may be required from time to time, all municipal and other
governmental permits and any authorizations of the various
municipal departments and government subdivisions having
jurisdiction, and the Landlord agrees to join, at the
expense of the Tenant, in the application for any such
permits or authorizations whenever such action is necessary;
and (b) all work done in connection with such construction
shall be done promptly using quality materials and in a
good and workmanlike manner at no cost or expense to Land-
lord and in compliance with the applicable municipal build-
ing and zoning laws and with all other laws, ordinances,
orders, rules, regulations and requirements of federal,
state and municipal governments and appropriate departments,
commissions, boards and officers thereof; the cost of all
construction shall be paid in cash or its equivalent, so
that the leased land shall at all times be free of liens for
labor and materials supplied to the leased land.

Tenant agrees to (i) indemnify Landlord against and
to hold Landlord harmless from any and all damages of any
nature suffered by owners of adjacent property (including
Landlord) by reason of the acts or negligence of Tenant
on the leased land; and (ii) protect the land and improve-
ments of adjoining owners (including Landlord) against
damage caused by said construction and improvements of the
leased land as required by law.

Landlord shall have the right at any time and from time
to time to post and maintain on the leased land such
notices as may be necessary to protect the leased land
and Landlord from mechanic's liens, materialmen's liens or
liens of a similar nature.  On or before ten (10) days
prior to the commencement of any work of improvement by
Tenant on the leased land, Tenant shall give notice thereof
to Landlord and with the date expected by Tenant for the
commencement of such construction.

Tenant may at any time alter, improve or remodel any
building, structure or other improvement constructed or
placed by Tenant on the leased land.

3.06  Residential Leases.

    3.06.01  Definitions.

        (a)  The term "Placed under Development" for
purposes of this Lease shall mean all those portions of the
leased land which shall, subsequent to the date hereof, be
made the subject of a recorded subdivision map or parcel map
(including all streets, easements and rights-of-way within
the areas covered by any such subdivision map or parcel
map), together with those portions of the leased land
hereafter conveyed or dedicated by Tenant for public utility
purposes.

        (b)  The term "Lot" shall mean any lot into
which the leased land or any portion thereof has been
subdivided, and as used herein, shall include, without
limitation, any condominium into which the leased land or

-5-

HOU 000750

Case 8:21-bk-11710-SC    Doc 253    Filed 10/21/22    Entered 10/21/22 11:16:39    Desc
Case 8:21-bk-11710-SC    Main Document    Filed 10/07/22    Page 29 of 260    Entered 10/07/22 17:24:54    Desc
Case 8:21-bk-11710-SC    Main Document    Filed 07/22/22    Page 225 of 258    Entered 07/22/22 16:42:54    Desc
Part 2 - Amended Motion    Page 188 of 258

any portion thereof has been divided pursuant to the pro-
visions of Section 1350, et seq., of the California Civil
Code.

(c)    The term "Buyer" is defined to mean any
person, firm or corporation who is a purchaser of any
structure located or to be located upon any Lot and who
executes a Residential Lease or a Consumer Sublease as
lessee.

(d)    The term "Sold and Conveyed", as used
herein, is defined to mean the execution and delivery of a
Residential Lease or a Consumer Sublease, the term of which
shall (i) commence concurrently with delivery; (ii) in the
case of a Residential Lease be equivalent with the then
remaining term of this Lease; and (iii) in the case of a
Consumer Sublease be equivalent to the then remaining term
of this Lease less one (1) day.

(e)    The term "Residential Lease", as used
herein, shall mean a lease between Landlord and any Buyer
(and the homeowners association in the case of common
facilities with appropriate modifications) in the form
attached hereto as Exhibit "B", and by this reference
incorporated herein and made a part hereof as if set forth
in full herein, with appropriate modification if the im-
provements are sold as condominiums.

(f)    The term "Consumer Sublease" shall be
defined in Section 3.08(b) below.

3.06.02    Execution of Residential Leases.

(a)    After Tenant shall have first obtained
the appropriate governmental approvals, Tenant may offer the
Lots be Sold and Conveyed to the general public together
with, at the election of Tenant, an appurtenant membership
in any homeowners association organized and incorporated
to be the lessee of a Residential Lease of the common
facilities, hereafter provided and/or to administer subdivi-
sion servitudes.    It is the intention of the parties that
Tenant shall sell the building and other improvements it
constructs on the Lots to Buyers.    All amounts received by
Tenant upon the sale of improvements shall be the sole
property of Tenant, and the Landlord shall not be entitled
to any portion thereof.

(b)    When each Lot is Sold and Conveyed
Landlord will execute, within fifteen (15) days following
the request of Tenant, individual Residential Leases with
the Buyers.    Each Residential Lease shall be subject to no
monetary encumbrances other than current taxes; however each
Lot shall, at the election of Tenant, be subject to sub-
division servitudes (if such be the case, such servitudes
shall be mutually approved in writing by Landlord, who
agrees not to unreasonably withhold its consent, and by
Tenant) and each Buyer's estate shall be subject to appro-
priate assessments for upkeep and replacement of common

-6-

HOU 000751

Case 8:21-bk-11710-SC   Doc 253   Filed 10/21/22   Entered 10/21/22 11:16:39   Desc
Case 8:21-bk-11710-SC   Main Document   Filed 10/07/22   Page 30 of 260   Entered 10/07/22 17:24:54   Desc
Case 8:21-bk-11710-SC   Main Document   Filed 07/22/22   Page 226 of 250   Entered 07/22/22 16:42:54   Desc
Part 2 - Amended Motion   Page 189 of 258

facilities. This Lease shall, upon the commencement of the lease term of each Residential Lease, terminate as to the real property covered by the Residential Lease. The improvements on any Lot shall remain the sole property of the Buyer. This Lease shall also terminate upon the conveyance or dedication of any portion of the leased land to a public entity or public utility.

(c)   At all times the total of the basic rental remaining payable under this Lease and the basic rental payable under the aggregate of the Residential Leases shall be equal to the rental payable under Article IV of this Lease as if no Lots had been Sold and Conveyed. For the purposes of the foregoing, each Residential Lease, which may be terminated by Landlord, as lessor, by reason of an event of default by the Buyer under a Residential Lease, shall nevertheless for the purposes of this provision be deemed to still be in effect and the rental which would have been paid thereunder shall be accounted for with respect to the foregoing determinations. It is anticipated by the parties that the basic rental as provided for herein shall be uniformly divided among the Lots. Tenant shall be discharged and exonerated under this Lease as to each Lot Sold and Conveyed; however, Tenant shall nevertheless remain obligated with respect to all covenants made by Tenant with Buyers and for all warranties and representations, express or implied, in favor of the Buyers; Tenant shall indemnify and hold Landlord free and harmless from all liability with respect to such covenants, warranties and representations in favor of Buyer whether or not disclosed to Landlord.

3.07  Common Facilities.

Tenant may choose to construct within portions of the leased land Placed under Development recreational or other common facilities (which shall include streets) for the use and enjoyment of Buyers and convey such facilities to an association organized and incorporated to acquire the same. Upon such conveyance and upon request of Tenant, Landlord shall execute a Residential Lease or Consumer Sublease, as lessor, with such association, as lessee, for a term equivalent to the unexpired period of this Lease, at basic rental of ONE ($1) DOLLAR per year. The land area of such recreational or common facilities (exclusive of streets) shall not exceed twenty-six thousand eight hundred (26,800) square feet without Landlord's prior written approval if a multi-phase development is elected. No Lot or Lots of the common facilities shall be Sold and Conveyed unless and until the following conditions shall have occurred:

(a)   Tenant shall have first obtained the governmental approvals necessary to permit all Lots (or in the case of a multi-phase development, the Lots within the initial phase) benefited by such common facilities to be Sold and Conveyed to Buyers.

(b)   No less than forty (40%) percent of all buildings and other improvements to the Lots (or in the case

-7-

HOU 000752

of a multi-phase development, no less than forty (40%) percent of the lots within the initial phase) benefited by such common facilities shall have been substantially completed, or, in the event a condominium development is elected, completion assured by surety arrangements approved by the California Department of Real Estate).

(c)   The mortgagee, as that term is hereafter defined, shall have executed and delivered a reconveyance of any lien on the Lot or Lots of the common facilities so conveyed to such association.

(d)   The construction of the common facilities shall have been fully completed or completion assured by surety arrangements approved by the California Department of Real Estate.

3.08  Tenant's Right to New Leases; Consumer Subleases.

(a)   Tenant, at any time and from time to time may at its election designate certain parcels of the leased land to be subject to separate leases between Tenant and Landlord.   Without limiting the generality of the foregoing, Tenant may obtain hereunder separate leases for some or all of the Lots into which the leased land is divided.   These parcels shall comply with all requirements of the Subdivision Map Act and all other applicable laws.   Upon written request by Tenant, Landlord shall execute new leases to parcels of the leased land as designated by Tenant and shall amend this Lease to reflect that such parcels are no longer subject to this Lease.   The terms and conditions of the new leases and this Lease, as amended, shall be the same as the terms and conditions of this Lease with the exception that the annual rent shall be divided among the leases based on the proportion which the square footage of the parcel governed by any such lease bears to the total square footage of the leased land.   Notwithstanding the foregoing, in the event that Tenant designates a Lot for a separate lease hereunder, the annual rent payable under the lease for such Lot shall be equal to the annual rent payable under this Lease multiplied by a fraction, the numerator of which is one and the denominator of which is the total number of Lots into which the leased land is divided.

(b)   As to such Lots for which Tenant has obtained separate leases, and notwithstanding any other provision of this Article III, Tenant may elect to enter into a sublease with the Buyer of any such Lot in the form attached hereto as Exhibit D with appropriate amendments if the Lots are Sold and Conveyed as condominiums (referred to in this Lease as a "Consumer Sublease") instead of causing such Lot to be Sold and Conveyed pursuant to a Residential Lease.   This Lease shall not terminate when any such Lot is Sold and Conveyed pursuant to a Consumer Sublease.   Tenant, or its permitted development sublessee, as provided in Section 6.01.03 below, may offer Lots to be Sold and Conveyed to the public as provided in Section 1.06.02(a), but reading "Consumer Sublease" for "Residential Lease" therein.   Tenant may sublease common facilities Lots to a homeowners associa-

-8-

HOU 000753

Case 8:21-bk-11710-SC    Doc 253    Filed 10/21/22    Entered 10/21/22 11:16:39    Desc
Case 8:21-bk-11710-SC    Main Document    Filed 10/07/22    Page 32 of 260    Entered 10/07/22 17:24:54    Desc
Case 8:21-bk-11710-SC    Main Document    Filed 07/22/22    Page 228 of 250    Entered 07/22/22 16:42:54    Desc
Part 2 - Amended Motion    Page 191 of 258

May-01-02  04:17pm   From-RUTAN & TUCKER LLP.                    714-546-9035            T-234  P.10/28  F-870

tion formed from among Buyers under Consumer Subleases as
appropriately modified, but subject to the restrictions of
Section 3.07 above. The use of Consumer Subleases shall not
affect, among other things, Landlord's obligation under
Section 3.04.02 or Tenant's ability to impose subdivision
servitudes providing for assessments against Buyers as
provided in Section 3.06.02(b).

(c)  Tenant shall be solely liable with respect to
all covenants made by Tenant with Buyers and for all warran-
ties and representations, express or implied, in favor of
the Buyers under the Consumer Subleases. Tenant shall
indemnify and hold Landlord free and harmless from all
liability with respect to such covenants, warranties and
representations in favor of Buyer whether or not disclosed
to Landlord.

(d)  Landlord hereby agrees with Tenant for the
benefit of all Buyers under Consumer Subleases that:

(i)  So long as such Buyer is not in default
in the payment of rental or other charges due under the
Consumer Sublease or in the performance of any of the
other terms, covenants or conditions of the Consumer
Sublease on such Buyer's part to be performed, such
Buyer's possession of the Lot subject to such Consumer
Sublease and such Buyer's other rights and privileges
under the Consumer Sublease shall not be interfered
with by the Landlord, its successors or assigns.

(ii)  Should this Lease be terminated prior
to the expiration of the term hereof or any extensions
of said term for any reason whatsoever, including
without limitation, as a result of Tenant's breach
thereof or default thereunder, the Consumer Sublease
shall continue in full force and effect as a direct
lease between Landlord and the Buyer under the Consumer
Sublease, upon and subject to all of the terms, cove-
nants and conditions of the Consumer Sublease for the
balance of the term thereof remaining, provided that
such Buyer attorns to Landlord in writing. Notwith-
standing the foregoing, Landlord shall not be bound by
any act or omission of Tenant as the prior sublessor
under the Consumer Sublease. Landlord shall not be
bound by any prepayment of rent (other than through
the Payment Agreement referred to in subparagraph
3.08(d)(iv)) or other charges which such Buyer might
have paid for more than three (3) months in advance to
Tenant as the prior sublessor, and Landlord shall not
be bound by any amendment to or modification of any
Consumer Sublease or by any waiver or forbearance on
the part of Tenant as the prior sublessor thereunder
made or given without the written consent of Landlord.

(iii)  If, the provisions of the foregoing
notwithstanding, a Consumer Sublease is terminated by
reason of any termination of this Lease, it is hereby
agreed that the Buyer under such Consumer Sublease and

—9—

HOU 000754

Case 8:21-bk-11710-SC    Doc 253    Filed 10/21/22    Entered 10/21/22 11:16:39    Desc
Case 8:21-bk-11710-SC    Main Document 10/07/22    Page 33 of 260    Entered 10/07/22 17:24:54    Desc
Case 8:21-bk-11710-SC    Main Document 07/22/22    Page 229 of 258    Entered 07/22/22 16:42:54    Desc
Part 2 - Amended Motion    Page 192 of 258

May-01-02  04:18pm    From-RUTAN & TUCKER LLP,                714-546-9035              T-234   P.11/28   F-670

Landlord shall enter into a new lease upon the terms
and conditions of the Consumer Sublease for the then
remaining balance of the term of the Consumer Sublease.

(iv) In the event that such Consumer Sub-
leases shall call for the payment of rent less fre-
quently than quarter annually, the provisions of
subparagraph 3.08(d)(ii) shall only be applicable if
Landlord and Tenant enter into a Payment Agreement
under the terms of which all rental to be paid by
Buyers under the terms of the Consumer Sublease will be
paid to a neutral depository, such as a bank, savings
and loan, trust company or escrow company. Such
neutral depository shall be instructed to remit
to lessor from such sum collected the amount due under
this Lease attributable to the Lot subject to the
Consumer Sublease and to remit the balance to the
Tenant.

## ARTICLE IV
### RENTAL

### 4.01  Basic Rental.

Tenant agrees to pay to Landlord as basic rental for
the use and occupancy of the leased land, an annual sum of
SEVENTY-TWO THOUSAND TWO HUNDRED TWENTY ($72,220.00) DOLLARS
calculated at TEN THOUSAND ($10,000.00) DOLLARS per acre,
multiplied by 7.222 acres, being the number of acres within
Parcel 1 of Parcel Map recorded in Book 108, pages 47 and
48, inclusive, Official Records of Orange County, Cali-
fornia, subject to adjustment as provided in Section 4.03
below. Basic rental shall be payable in twelve (12)
equal monthly installments of SIX THOUSAND EIGHTEEN DOLLARS
AND THIRTY-THREE CENTS ($6,018.33) each, due and payable in
advance on the first day of each calendar month during the
term hereof, without deduction or offset, in lawful money of
the United States of America at such place as Landlord from
time to time shall direct in writing to Tenant.

### 4.02  Commencement of Rentals.

Rental payments shall commence on the first day of
the calendar month next following the date first above
written if such date be a date other than the first day of a
calendar month. In addition to the first full month's rent,
Tenant shall pay at such time an additional pro rata rent
representing the period between the term commencement date
and the first day of the next succeeding calendar month,
based on a thirty (30) day month and a three hundred sixty
(360) day year.

### 4.03  Adjusted Rental.

(a) When a Residential Lease, but not a Consumer
Sublease, is Sold and Conveyed, the basic rental payable by
Tenant shall be reduced by the amount of rental payable to
Landlord under such Residential Lease.

-10-

HOU 000755

May-01-02  04:18pm   From-RUTAN & TUCKER LLP,                    714-546-8035      T-234  P.12/28  F-670

(b)  Upon the expiration of the twentieth (20th), fortieth (40th) and sixtieth (60th) year of the term of this Lease, the rental payable hereunder shall be adjusted to a sum equal to eight (8%) percent of the unimproved fair market value of the leased land, or any portion then remaining subject to this Lease, at the end of said twentieth (20th), fortieth (40th) or sixtieth (60th) year, as the case may be.  After any such adjustment of rental, Tenant shall pay to Landlord such rental as so adjusted during the period applicable thereto at the times and in the manner provided in Section 4.01 above; provided, however, in no event shall the rental as so adjusted be less than an annual rental at least equal to TEN THOUSAND ($10,000.00) DOLLARS per acre for the portion of the leased land then subject to this Lease (calculated to exclude the area of the reserved easement described in Exhibit A).  If, upon the expiration of the twentieth (20th), fortieth (40th) or sixtieth (60th) year, as the case may be, the parties hereto shall have failed to agree upon such adjusted rental, the fair market value of the leased land (or portion thereof then subject to this Lease), as unimproved, and the adjusted rental, shall be determined by arbitration pursuant to subparagraph (c) of this Section.

(c)  Within ten (10) days of the expiration of the twentieth (20th), fortieth (40th) or sixtieth (60th) year of the term of this Lease, as the case may be, each of the parties hereto shall appoint in writing an arbitrator and give written notice thereof to the other party; or, in case of the failure of either party so to do, the other party may apply to the Superior Court of Orange County, California, to appoint an arbitrator to represent the defaulting party in the manner prescribed in the then existing statutes of the State of California, applicable to arbitration, the provisions of which statutes shall apply to and govern the arbitration herein provided for with the same effect as though incorporated herein.  Within ten (10) days after the appointment of said two (2) arbitrators (in either manner), they shall appoint, in writing, a third arbitrator and give written notice thereto to Landlord and Tenant and, if they shall fail to do so, then either party hereto may make application to said Superior Court to appoint such third arbitrator in the manner prescribed in said arbitration statutes.

The three (3) arbitrators so appointed (in either manner) shall promptly fix a convenient time and place in the County of Orange for hearing the matter to be arbitrated and shall give reasonable written notice thereof to each of the parties hereto and with reasonable diligence shall hear and determine the matter in accordance with the provisions hereof and of said arbitration statutes, and shall execute and acknowledge their award thereon in writing and cause a copy thereof to be delivered to each of the parties hereto, and the award of a majority of said arbitrators shall determine the question arbitrated, and a judgment may be rendered by said Superior Court confirming said award, or the same may be vacated, modified or corrected by said Court

-11-

HOU 000756

Case 8:21-bk-11710-SC    Doc 253    Filed 10/21/22    Entered 10/21/22 11:16:39    Desc
Case 8:21-bk-11710-SC    Main Document    Page 35 of 260    Entered 10/07/22 17:24:54    Desc
Case 8:21-bk-11710-SC    Main Document    Page 231 of 260    Entered 07/22/22 16:42:54    Desc
Part 2 - Amended Motion    Page 194 of 258

May-01-02  04:19pm    From-RUTAN & TUCKER LLP,    714-546-9035    T-234  P.13/28  F-870

at the instance of either of the parties hereto, in accordance with said arbitration statutes, and said judgment shall have the force and effect as provided in said statutes.

Each of the parties hereto shall pay for the services of its appointee, attorneys and witnesses and one-half (1/2) of all other proper costs of arbitration. Pending the final decision of such adjusted rental, Tenant shall pay to Landlord the amount of rent previously payable under Section 4.01 above as adjusted pursuant to Section 4.03(a) above. If such adjusted rental, as finally determined, shall exceed the amount of the previous rental, the excess amount accruing during the interim period shall be paid by Tenant to Landlord within thirty (30) days after the final determination of said adjusted rental.  If such adjusted rental, as finally determined, shall be less than such previous rental, the amount of any excess paid by Tenant during said interim period shall be credited against the first rentals thereafter payable hereunder.

### ARTICLE V
### TAXES AND ASSESSMENTS

#### 5.01   Tenant to Pay Taxes and Assessments.

In addition to the basic rental, Tenant shall pay and discharge all taxes and general and special assessments which may be levied upon or assessed against the leased land (or the portion thereof being subject to this Lease at the time such taxes become payable), and all interest therein and all improvements and other property thereon, and upon all rentals payable on this Lease (in the event that county secured real property taxes be assessed in whole or in part either on an ad valorem basis upon the leased land or upon rentals payable under the terms of the Lease thereof) as such taxes and assessments become due and payable during the term of this Lease.  Taxes and assessments for the current fiscal year shall be prorated between Landlord and Tenant to the term commencement date.  Tenant shall pay each installment of said taxes and assessments not later than the delinquency date thereof.  Notwithstanding the foregoing, if Tenant shall, in good faith, contest the validity of said taxes and assessments, then Tenant, upon furnishing a sufficient surety bond to Landlord, may withhold payment pending settlement of its claim or may pay the same under protest and, in either case and at Tenant's expense, shall defend itself and Landlord against the same and shall pay and satisfy any adverse judgment that may be rendered thereon before the enforcement thereof against Landlord or the leased land.  Landlord shall remain responsible for its income tax payable on revenue derived from this Lease and all estate, inheritance, gift taxes and taxes of a similar nature.

#### 5.02   Tenant's Indemnity Re Taxes and Assessments.

Tenant agrees to protect and hold harmless Landlord and the leased land and all improvements in, on and about

-12-

HOU 000757

Case 8:21-bk-11710-SC    Doc 253    Filed 10/21/22    Entered 10/21/22 11:16:39    Desc
Case 8:21-bk-11710-SC    Main Document    Page 36 of 260    Entered 10/07/22 17:24:54    Desc
Case 8:21-bk-11710-SC    Main Document    Page 232 of 258    Entered 07/22/22 16:42:54    Desc
Part 2 - Amended Motion    Page 195 of 258

the leased land from all liability for any taxes and as-
sessments for which Tenant is obligated pursuant to Section
5.01 above, together with any interest, penalties or other
charges imposed and from any sale or other proceeding to
enforce payment thereof.

### 5.03  Lack of Separate Assessment.

Tenant's obligations pursuant to Section 5.01 presume
that the county tax assessor will separately assess the
leased land and will send the tax bill therefor directly to
Tenant.   If the assessor sends the tax bill to Landlord,
Tenant agrees to make the payments required under Section
5.01 within ten (10) days after Tenant's receipt from
Landlord of a copy of any tax bill received by Landlord.

### 5.04  Tenant Entitled to Refund.

It is agreed that any refund made in any taxes or as-
sessments paid by Tenant pursuant to this Article shall be
the sole property of Tenant, and if any such refund is mis-
takenly paid to Landlord, Landlord agrees to immediately,
and in no event later than three (3) days, pay the same
over to Tenant.

### 5.05  Installment Election for Assessments.

Notwithstanding any other provision of this Article,
Tenant may elect, as to any assessment levied against the
leased land during the term of this Lease, to take advan-
tage of the ability to cause such assessments to be payable
in installments instead of in a lump sum.   In such event,
Tenant shall only be responsible to pay the installments
which come due and payable during the term hereof.

### ARTICLE VI
### ASSIGNMENT AND ENCUMBRANCE

### 6.01  When Landlord's Consent Required.

6.01.01  Landlord's Consent Required.   Except as
provided in Article III and in this Article VI, Tenant shall
not encumber, assign or othewise transfer this Lease, or
sublet the whole or any part of the leased land without the
prior written consent and approval of Landlord, which
consent shall not be unreasonably withheld.   Except as
otherwise so permitted in this Lease, no assignment or other
transfer, whether voluntary or involuntary, by operation of
law, under legal process, by receivership, in bankruptcy, or
otherwise, shall be valid or effective without the express
prior written consent and approval of Landlord.

6.01.02  Assignments For Which Landlord's Consent
Not Required.

(a)(1)  If the Tenant be Robert P. Warming-
ton, Tenant shall have the right, without obtaining Land-

-13-

HOU 000758

May-01-02  04:19pm    From-RUTAN & TUCKER LLP,                714-546-9035            T-234  P.15/28  F-670

lord's consent, to assign its interest under this Lease
to The Robert P. Warmington Co., a California corporation
(as used herein The Robert P. Warmington Co. includes any
corporation which succeeds to the assets of such corporation
by merger, consolidation or purchase), to any other corpora-
tion in which Tenant (or The Robert P. Warmington Co.) has
greater than a fifty (50%) percent proprietary interest, to
any partnership or joint venture in which Tenant (or The
Robert P. Warmington Co.) or any such other corporation or
entity is the managing partner and to the heirs, devisees
and personal representatives of Optionee.

            (a)(2)   If the Tenant be The Robert P.
Warmington Co., a California corporation (or successor as
provided in subsection (a)(1) above), Tenant shall have the
right, without obtaining Landlord's consent, to assign its
interest under this Lease to Robert P. Warmington, an
individual, to any corporation in which Tenant or said
individual has greater than a fifty (50%) percent proprie-
tary interest, to any partnership or joint venture in which
Tenant or said individual or any such corporation or
entity is the managing partner, and to any corporation
or other entity which succeeds to Tenant's interest by
merger, consolidation or by sale of all or substantially all
of Tenant's assets.

            (b)   Tenant shall further have the right to
assign its interest under this Lease to any individual,
corporation or entity which, at the time of the assignment,
has a net worth of not less than THREE MILLION ($3,000,000)
DOLLARS and has experience substantially equal to that of
Tenant in building and marketing single-family residences of
the type to be built on the leased land.  Robert P. Warming-
ton and The Robert P. Warmington Co. shall each be consider-
ed as having identical experience.

            (c)   In the event of any assignment which
complies with the foregoing, the assignor shall be released
of any and all liability arising under this Lease from and
after the effective date of the assignment.

            (d)   Notwithstanding the foregoing, within ten
(10) days of a request therefor, Landlord shall execute an
instrument in recordable form consenting to any assignment
or other transfer made without its consent pursuant hereto.

6.02  Hypothecation.

     Landlord agrees and consents that Tenant may, without
Landlord's prior consent, at any time and from time to time,
mortgage, encumber, assign and hypothecate by mortgage
or deed of trust (either of which is herein termed a "mort-
gage") all right, title and interest of Tenant in the
leasehold estate created by this Lease to a lender (herein
called "mortgagee").  Notwithstanding the foregoing, within
ten (10) days of a request therefor from Tenant, Landlord
agrees to execute an instrument in recordable form consent-
ing to any such mortgage, encumbrance, assignment or hypo-

-14-

HOU 000759

Case 8:21-bk-11710-SC    Doc 253    Filed 10/21/22    Entered 10/21/22 11:16:39    Desc
Case 8:21-bk-11710-SC    Main Document    Filed 10/07/22    Page 38 of 260    10/07/22 17:24:54    Desc
Case 8:21-bk-11710-SC    Main Document    Filed 07/22/22    Page 234 of 250    07/22/22 16:42:54    Desc
Part 2 - Amended Motion    Page 197 of 258

thecation. If, notwithstanding the foregoing, Tenant's leasehold interest hereunder terminates under such foreclosure, assignment in lieu of foreclosure, the mortgagee shall be entitled to a new lease upon the same terms as this Lease and subject only to those things caused, created or consented to by Landlord to which Tenant's leasehold estate hereunder is subject as of the date of the recordation of the mortgage.

Except as hereinafter otherwise provided, the mortgage and all rights thereunder shall be subject to each and every of the covenants, conditions and restrictions of this Lease, and the same shall be subject to all rights and interest of Landlord, none of which shall be deemed waived by the foregoing consent. Tenant agrees to furnish to Landlord copies of all instruments, indentures or agreements executed by Tenant, and to be recorded, to perfect the hypothecation of the leasehold estate to a mortgagee.

Any mortgagee shall have the right at any time during the term hereof while this Lease is in full force and effect:

(a)  To do any act required of Tenant hereunder, and all such acts done or performed shall be effective to prevent a forfeiture of Tenant's rights hereunder as if the same had been done or performed by Tenant; and

(b)  To rely on the security afforded by the leasehold estate and to acquire and to succeed to the interest of Tenant hereunder by foreclosure, whether by judicial sale, by power of sale contained in any security instrument, or by assignment given in lieu of foreclosure, and thereafter convey or assign title to the leasehold estate so acquired to any other person, firm or corporation without the consent of Landlord as to the such initial transfer.

Landlord shall give written notice to mortgagee of any default by Tenant. Landlord shall not terminate this Lease by reason of such default of Tenant if the mortgagee shall:

(i)  Cure such default within sixty (60) days after service on mortgagee of written notice from Landlord of Landlord's intention to terminate this Lease, except, however, (if the same cannot be cured by payment of rent, taxes, assessments and insurance premiums and other cash charges payable by Tenant hereunder within sixty (60) days) mortgagee shall have a reasonable time after sixty (60) days within which to cure such default so long as mortgagee is proceeding to cure such default with reasonable diligence, or

(ii)  Undertake on or before the expiration of said sixty (60) days or said reasonable time, in writing to perform all covenants of this Lease capable

-15-

HOU 000760

Case 8:21-bk-11710-SC    Doc 253    Filed 10/21/22    Entered 10/21/22 11:16:39    Desc
Case 8:21-bk-11710-SC    Main Document    Page 39 of 260    Entered 10/07/22 17:24:54    Desc
Case 8:21-bk-11710-SC    Main Document    Page 235 of 258    Entered 07/22/22 16:42:54    Desc
Part 2 - Amended Motion    Page 198 of 258

May-01-02  04:20pm  From-RUTAN & TUCKER LLP,          714-546-9035          T-234  P.17/28  F-670

of performance by mortgagee. In the event of such undertaking, or in the event such default is not susceptible of being cured by mortgagee, such default shall be deemed cured if mortgagee shall proceed in a timely and diligent manner to accomplish the foreclosure of Tenant's interest; provided, however, that if said foreclosure proceedings shall be subject to leave of any court (as in the case of a bankruptcy proceeding) and such leave shall have been applied for but not obtained by mortgagee, such default shall be deemed cured nevertheless, if mortgagee shall have attempted to obtain such leave in a timely and diligent manner. The obligation of mortgagee for the performance of the terms of this Lease shall terminate upon the sale, transfer or assignment of the right, title and interest of mortgagee in the leasehold estate to any other person, firm or corporation.

Any provisions contained in this Lease to the contrary notwithstanding, any mortgagee or its assignee may enforce such mortgage and acquire title to the leasehold estate in any lawful manner and, pending foreclosure of any such mortgage, may take possession of and rent the leased land and upon foreclosure of such mortgage may, without further consent of Landlord, sell, transfer or assign the leasehold estate or sublet the leased land. Any purchase money, mortgage or deed of trust delivered in connection with any such assignment or transfer shall be entitled to the benefit of all of the provisions of this Lease regarding the rights of a mortgagee. Any person acquiring the leasehold estate from mortgagee shall, as a condition precedent to the enjoyment of the leasehold estate, assume in writing the liability for the performance of the obligations imposed upon Tenant by the terms of this Lease. Mortgagee shall furnish Landlord with an executed copy of the instrument of assignment or transfer and a copy of the undertaking made in accordance with the foregoing provisions. Upon said assumption the assignor shall be released from all obligations for performance of the terms of this Lease.

The foregoing provisions do not give any person the right to mortgage, hypothecate or otherwise encumber or to cause any liens to be placed upon the freehold estate of Landlord, nor shall the foregoing provisions in any event be construed as resulting in a subordination in whole or in part of the freehold estate of Landlord to any indebtedness of Tenant.

Notwithstanding the foregoing provisions, until such time as the indebtedness of Tenant to mortgagee shall have been fully paid, Landlord shall not, without the prior written consent of mortgagee first had and obtained, accept any surrender of this Lease, consent to any modification hereof or consent to the assignment hereof, or of any part or portion, of the term created thereby or of any interest therein; provided, however, at the time a Lot is Sold and Conveyed by a Residential Lease, there shall be recorded a reconveyance of the lien of the mortgagee covering such Lot Sold and Conveyed by a Residential Lease.

-16-

HOU 000761

Case 8:21-bk-11710-SC    Doc 253    Filed 10/21/22    Entered 10/21/22 11:16:39    Desc
Case 8:21-bk-11710-SC    Main Document 10/07/22    Page 40 of 260    Entered 10/07/22 17:24:54    Desc
Case 8:21-bk-11710-SC    Main Document 07/22/22    Page 236 of 258    Entered 07/22/22 16:42:54    Desc
Part 2 - Amended Motion    Page 199 of 258

May-01-02  04:21pm    From-RUTAN & TUCKER LLP,                    714-545-9035          T-234   P.18/28   F-870

6.03  Subleases For Which Landlord's Consent Not Required.

(a)   Landlord's consent shall not be required for
any Consumer Subleases or for any subsequent transfer of the
subleasehold estate thereunder.

(b)   Tenant shall have the right, without Land-
lord's prior consent, to sublease its leasehold estate
hereunder to any person or entity described in Section
6.01.02(a)(1).  Said sublease is herein referred to as an
"Affiliate Sublease".

ARTICLE VII
LIENS

Tenant shall not suffer or permit to be enforced
against the leased land, or any part thereof, any
mechanics', laborers', materialmen's, contractors', subcon-
tractors', or any other liens arising from or any claim for
damages growing out of any work of construction or improve-
ment, or any other claim or demand howsoever the same may
arise, but Tenant shall pay or cause to be paid all of said
liens, claims and demands before any action is brought to
enforce the same against the leased land, and Tenant hereby
indemnifies and agrees to hold Landlord and the leased land
free and harmless from all liability for any and all such
liens, claims and demands, together with all costs and
expenses, including, but not limited to, attorneys' fees and
court costs incurred by Landlord in connection therewith,
and Landlord shall have the right, at any time and from time
to time, to post and maintain on the leased land, or any
part thereof, such notices of nonresponsibility as desired
by Landlord or as may be provided by law.  Notwithstanding
anything to the contrary contained in this paragraph, if
Tenant shall, in good faith, contest the validity of any
such lien, claim or demand, then Tenant shall, at its
expense, defend itself and Landlord against the same and
shall pay and satisfy any adverse judgment that may be
rendered thereon before the enforcement thereof against
Landlord or the leased land, and if Landlord shall require,
Tenant shall furnish to Landlord a surety bond satisfactory
to Landlord in an amount equal to such contested lien, claim
or demand indemnifying Landlord against liability for same;
or, if Landlord shall request, Tenant shall procure and
record the bond provided for in the Civil Code of the State
of California, or any comparable statute hereafter enacted
providing for a bond freeing the leased land from the effect
of such lien or claim or action thereon.

ARTICLE VIII
INDEMNIFICATION AND INSURANCE

8.01  Indemnity.

Landlord shall not be liable for any loss, damage,
injury or claim of any kind or character to any person
(including a Buyer) or property arising from or caused by

-17-                HOU 000762

the use or development of the leased land and the construc-
tion of improvements thereon, including, without limitation,
any such loss, damage, injury or claim arising from or
caused by (i) any use of the leased land, or any part
thereof; (ii) any defect in the design, construction of or
material in any structure or other improvement upon the
leased land or in any other facility therein; (iii) any
defect in soils or in the preparation of soils or in the
design and accomplishment of grading; (iv) any act or
omission of Tenant or any of its agents, employees,
licensees, invitees or contractors; (v) any accident on the
leased land or other casualty thereon; (vi) any represen-
tations by Tenant or any of its agents or employees; (vii) a
violation or alleged violation by Tenant, its employees or
agents, of any law now or hereafter enacted; (viii) any
other cause whatsoever in connection with Tenant's use of
the leased land; or (ix) the application of the principles
of strict liability with respect to any act or omission
during the term of this Lease of Tenant or its agents,
employees, licensees, invitees or contractors in connection
with the leased land, and Tenant, as a material part of the
consideration of this Lease, except to the extent occasioned
by the sole act or negligence or willful misconduct of
Landlord or its employees, hereby waives on its behalf all
claims and demands against Landlord for any such loss,
damage or injury of Tenant, and hereby indemnifies and
agrees to hold Landlord entirely free and harmless from all
liability for any such loss, damage, injury or claim with
respect to any person or property made by other persons, and
with respect to any such violations or charges arising
therefrom, including, without limitation, attorneys' fees
and court costs incurred by Landlord in connection there-
with.

8.02  Insurance.

    Tenant shall maintain at all times during the term
of the Lease, at its expense and in companies acceptable to
Landlord:

        (a)  Workmen's compensation insurance and employ-
er's liability insurance.

        (b)  Comprehensive liability insurance, with limits
of not less than FIVE HUNDRED THOUSAND ($500,000) DOLLARS
for any one person; ONE MILLION ($1,000,000) DOLLARS for any
one occurrence as to bodily injury or death; and ONE HUNDRED
THOUSAND ($100,000) DOLLARS per occurrence as to property
damage.

    Each policy of insurance shall be issued by insurers of
recognized responsibility, qualified to do business in
California, acceptable to Landlord and which has, at the
execution hereof, a rating at least equal to AXV by Best's
Insurance Guide (or other equivalent rating if such Guide be
discontinued) and shall name Landlord as an additional
insured.  Prior to the time of commencement of this Lease,
Tenant shall deliver certificates of insurance carriers of

Case 8:21-bk-11710-SC   Doc 253   Filed 10/21/22   Entered 10/21/22 11:16:39   Desc
Case 8:21-bk-11710-SC   Main Document   Page 42 of 260   Entered 10/07/22 17:24:54   Desc
Case 8:21-bk-11710-SC   Main Document   Page 238 of 258   Entered 07/22/22 16:42:54   Desc
Part 2 - Amended Motion   Page 201 of 258

May-01-02   04:21pm   From-RUTAN & TUCKER LLP,                    714-546-9035            T-234   P.20/28   F-670

each policy of insurance as evidence of compliance with the
above requirements and stating that not less than ten (10)
days' written notice will be given to Landlord prior to
cancellation or reduction in coverage or amount.

### 8.03  Landlord's Indemnity.

The parties agree that Tenant shall have no liability
by reason of the fact that a portion of Monterey Lane lies
within an easement on the leased land as described on
Exhibit A.   Landlord hereby agrees to indemnify and hold
Tenant and any community association formed by Tenant to
service the residents of the leased land absolutely free and
harmless from any loss, damage, injury, claim or cause of
action of any kind arising out of the use, improvement or
maintenance of said Monterey Lane, including, without
limitation, attorneys' fees and court costs.

ARTICLE IX
REMOVAL

Upon the expiration of the term of this Lease, Tenant
shall quit and surrender possession of the leased land to
Landlord.   Upon the expiration of the term of this Lease,
Tenant shall have the right to remove from the leased land
any improvements erected on the leased land by Tenant and
which, at the time of such expiration, remain the property
of Tenant.   Tenant shall promptly repair any damage to the
leased land caused by such removal.   If Tenant has not
completed such removal within sixty (60) days of the
expiration of the term hereof, all of such improvements
shall automatically become the property of Landlord without
the payment of any consideration therefor.   In addition,
before surrendering possession of the leased land as afore-
said, Tenant shall, without expense to Landlord, remove or
cause to be removed from said leased land all movable signs,
furnishings, equipment, trade fixtures, merchandise and
other movable personal property installed or placed therein,
and all debris and rubbish, and Tenant shall repair all
damage to the leased land resulting from such removal.   Upon
such expiration, and if requested by Landlord, Tenant shall,
within five (5) days of a request therefor, execute, ac-
knowledge and deliver to Landlord an instrument in writing
releasing and quitclaiming to Landlord all right, title and
interest of Tenant in and to said leased land by reason of
this Lease or otherwise.   If Tenant fails to remove any of
its signs, furnishings, equipment, trade fixtures, mer-
chandise or other personal property within thirty (30) days
after the expiration or earlier termination of this Lease,
then Landlord may, at its sole option, (i) deem any or all
of such items abandoned as the sole property of Land-
lord; or (ii) remove any or all of such items and dispose of
same in any manner or store same for Tenant, in which event
the expense of such disposition or storage shall be borne by
Tenant and shall be immediately due and payable.

-19-

HOU 000764

Case 8:21-bk-11710-SC    Doc 253    Filed 10/21/22    Entered 10/21/22 11:16:39    Desc
Case 8:21-bk-11710-SC    Main Document    Page 43 of 260    Entered 10/07/22 17:24:54    Desc
Case 8:21-bk-11710-SC    Main Document    Page 239 of 258    Entered 07/22/22 16:42:54    Desc
Part 2 - Amended Motion    Page 202 of 258

May-01-02  04:22pm    From-RUTAN & TUCKER LLP,                714-546-9035        T-234   P.21/28   F-670

### ARTICLE X
### CONDEMNATION

The words "condemnation" or "condemned", as used
in this paragraph, shall mean the exercise of, or intent to
exercise, the power of eminent domain expressed in writing,
as well as the filing of any action or proceeding for such
purpose, by any person, entity, body, agency or authority
having the right or power of eminent domain (the "condemning
authority" herein), and shall include a voluntary sale to
any such condemning authority, either under the threat of
condemnation or while condemnation proceedings are pending,
and the condemnation shall be deemed to occur in point of
time upon the actual physical taking of possession pursuant
to the exercise of said power of eminent domain.  All award
or compensation paid upon condemnation shall be allocated as
follows:  (1) Prior to the time the leased land or any
portion is Placed under Development, the entire award shall
be allocated, paid to and be the sole property of Landlord,
except for Tenant's hard costs which shall be paid out of
said award to Tenant, and (2) after the time the leased land
or any portion thereof has been Placed under Development the
entire award shall be allocated as follows:  (a) to Tenant,
a sum equal to the total of (i) the then fair market value
of the buildings and other improvements constructed or
installed by Tenant on the leased land; and (ii) the then
fair market value of Tenant's leasehold interest in the
leased land representing the present value of the aggre-
gate of the difference, if any, between (a) the economic
rental and (b) the basic rental, for the unexpired period
prior to a basic rental adjustment as provided in Article
IV; and (b) to Landlord, the remainder.  Landlord may,
with Tenant's written consent, agree to sell and/or convey
the leased land or portion thereof to the condemning author-
ity without first requiring that action or proceeding shall
be instituted or, if any such action or proceeding shall be
instituted, without requiring any trial or hearing thereof.
All amounts paid by the condemning authority upon such
voluntary sale or conveyance shall be allocated as provided
above.

In determining the portion of a condemnation award
or a payment for voluntary sale or conveyance under threat
of condemnation, any appraisal performed by the condemning
authority in connection with such award or conveyance shall
be controlling.  In the absence of such appraisal or agree-
ment between Landlord and Tenant as to such amounts, each
shall appoint an appraiser and the two shall select a third
appraiser, and all three shall appraise the property for the
purpose of such allocation of compensation for a condem-
nation with the average of the two appraisals which are the
closest controlling.

If only a portion of the leased land is condemned, this
Lease shall terminate if the mortgagee shall consent thereto
in writing and if Tenant shall notify Landlord, within sixty
(60) days of the condemnation, that the portion of the
leased land remaining after the condemnation cannot be
developed in the manner chosen by Tenant.  If Tenant fails

-20-

HOU 000765

Case 8:21-bk-11710-SC    Doc 253    Filed 10/21/22    Entered 10/21/22 11:16:39    Desc
Case 8:21-bk-11710-SC    Main Document    Page 44 of 260    Entered 10/07/22 17:24:54    Desc
Case 8:21-bk-11710-SC    Main Document    Page 240 of 258    Entered 07/22/22 16:42:54    Desc
Part 2 - Amended Motion    Page 203 of 258

to timely give such notice, this Lease shall remain in full
force and effect as to the remaining portion of the leased
land, except that (a) the basic rental payable by Tenant
shall be reduced in the proportion that the area of the
portion taken bears to the area of the entire leased land,
and (b) Tenant shall be entitled to use the award payable on
such partial condemnation to repair any damage to the
remaining portion of the leased land and improvements
thereon.

As used in the foregoing, "Tenant's hard costs" shall
mean all of Tenant's direct out-of-pocket expenses incurred
with regard to the development or intended development of
the leased land and shall include, without limitation, the
following but shall not include any charge for overhead or
other administrative expenses: engineering, architectural,
environmental, legal, accounting and other consultants, de-
velopment fees paid to governmental authorities, the cost of
preparing and/or reproducing plans and specifications for
such development, and the contract cost of improving the
leased land (or Tenant's direct costs if such improvement is
done by Tenant's employees).

## ARTICLE XI
### DEFAULT AND REMEDIES IN EVENT OF DEFAULT

11.01  Events of Default.

Tenant shall be deemed in default under the terms of
this Lease should Tenant:

(a)  Use the leased land or suffer the same to
be used for any purpose other than as authorized in this
Lease for more than thirty (30) days after notice from
Landlord specifying the unauthorized use; provided, however,
if such unauthorized use is not capable of being cured
within said thirty (30) day period, Tenant shall not be
deemed in default hereunder so long as it commences to cure
such unauthorized use within said period and thereafter
diligently and continuously prosecutes the same to comple-
tion; or

(b)  Default in the payment of any basic rental
payment and such default shall continue for ten (10) days
after notice thereof is given to Tenant; or

(c)  Fail to pay or cause to be paid any tax,
assessment, insurance premium, lien, claim, demand, judgment
or other charge provided in this Lease to be paid or caused
to be paid by Tenant at the times and in the manner herein-
above provided and such breach or default shall continue for
thirty (30) days after notice thereof is given to Tenant;
provided, however, the foregoing shall not prejudice Ten-
ant's right to contest any claim or lien pursuant to Article
VII above; or

(d)  File a voluntary petition in bankruptcy
or be adjudicated a bankrupt or insolvent or shall file

-21-                          HOU 000766

Case 8:21-bk-11710-SC    Doc 253    Filed 10/21/22    Entered 10/21/22 11:16:39    Desc
Case 8:21-bk-11710-SC    Main Document    Filed 10/07/22    Page 45 of 260    10/07/22 17:24:54    Desc
Case 8:21-bk-11710-SC    Main Document    Filed 07/22/22    Page 241 of 250    07/22/22 16:42:54    Desc
Part 2 - Amended Motion    Page 204 of 258

any petition or answer seeking or acquiescing in any reorganization, dissolution or similar relief for itself under any present or future federal, state or other statute, law or regulation relating to bankruptcy, insolvency or other relief for debtors, or shall seek or consent to or acquiesce on the appointment of any trustee, receiver or liquidator or shall make a general assignment for the benefit of creditors, or shall admit in writing its inability to pay its debts generally as they become due; or

(e)  A court of competent jurisdiction shall enter an order, judgment or decree approving a petition filed against Tenant seeking any reorganization, dissolution or similar relief under any present or future federal, state or other statute, law or regulation relating to bankruptcy, insolvency or other relief for debtors, and such order, judgment or decree shall remain unvacated and unstayed for an aggregate of ninety (90) days (whether or not consecutive) from the first day of entry thereof; or any trustee, receiver, or liquidator of Tenant shall be appointed without the consent or acquiescence of Tenant and if such appointment shall remain unvacated and unstayed for an aggregate of ninety (90) days (whether or not consecutive); or

(f)  Default in the performance of or breach of any other covenant, undertaking, duty, condition or restriction provided in this Lease to be kept and performed by Tenant thirty (30) days after written notice from Landlord specifying the nature of such default or breach; provided, however, if the nature of such default or breach is such that it is incapable of being cured within said thirty (30) day period, then Tenant shall not be deemed in default under this Lease if Tenant commences to cure the same within said thirty (30) day period and thereafter diligently and continuously (taking into account the nature of the default or breach) prosecutes such cure to completion.

11.02  Remedies.

In the event of Tenant's default, Landlord may, at Landlord's option:

(a)  Continue this Lease in effect without terminating Tenant's right to possession, even though Tenant has breached this Lease and abandoned the leased land; and to enforce all of Landlord's rights and remedies under this Lease, including the right to recover, by suit or otherwise, all sums and installments required to be paid in accordance with the provisions of Article IV above, or other monetary performance as it becomes due hereunder, or to enforce, by suit or otherwise, any other term or provision hereof on the part of Tenant required to be performed, it being specifically agreed that the aggregate unpaid installment indebtedness shall bear simple interest at the rate of ten (10%) percent per annum from the date thereof until paid, provided, however, that Landlord may, at any time thereafter, elect to terminate this Lease for such previous breach by notifying Tenant in writing that Tenant's right to possession of the leased land has been terminated; or

-22-

HOU 000767

Case 8:21-bk-11710-SC    Doc 253    Filed 10/21/22    Entered 10/21/22 11:16:39    Desc
Case 8:21-bk-11710-SC    Main Document    Page 46 of 260    Entered 10/07/22 17:24:54    Desc
Case 8:21-bk-11710-SC    Main Document    Page 242 of 258    Entered 07/22/22 16:42:54    Desc
Part 2 - Amended Motion    Page 205 of 258

May-01-02  04:23pm    From-RUTAN & TUCKER LLP.                714-546-8035              1-234  P.24/28  F-670

(b)  By written notice to Tenant, Landlord may declare this Lease at an end, re-enter the leased land by process of the law, eject all parties in possession thereof therefrom and repossess said leased land, in which event, Landlord shall have the right to recover from Tenant:

(i)  The worth at the time of award of the unpaid rent which has been earned at the time of termination;

(ii)  The worth at the time of award of the amount by which the unpaid rent which would have been earned after termination until the time of award exceeds the amount of such rental loss that the Tenant proves could have been reasonably avoided;

(iii)  The worth at the time of award of the amount by which the unpaid rent for the balance of the term after the time of award exceeds the amount of such rental loss for the same period that the Tenant proves could be reasonably avoided;

(iv)  All other amounts necessary to compensate Landlord for all the detriment proximately caused by Tenant's failure to perform its obligations hereunder or which in the ordinary course of things are likely to result therefrom; and

(v)  In computing "worth at the time of award" Landlord shall be allowed interest at the rate of ten (10%) percent per annum.

The remedies of Landlord, as hereinabove provided, are cumulative and in addition to and not exclusive of any other remedy of Landlord herein given or which may be permitted by law.  The remedies of Landlord are subject to the provisions of Section 6.02.

<u>11.03  Termination on Default.</u>

Upon such termination, Tenant, if required by Landlord so to do by written notice to Tenant, shall within sixty (60) days, cause all improvements, structures and appurtenances thereto belonging to Tenant or those claiming under Tenant, to be removed from the leased land (or the portion of the leased land being then the subject of this Lease) and Tenant shall cause any excavations to be filled and all foundations, debris and other parts to be removed and the premises thereof surrendered in a clean and orderly condition.  In the event any such improvements shall not be removed within the time period as provided in this Section 11.03, the same shall, at the option of the Landlord, become the property of Landlord, without any requirement for the payment of consideration therefor; provided, however, that any such termination of this Lease shall not relieve the Tenant or its successors and assigns, if any, from liability for damages which Landlord may incur by reason of Tenant's

-23-

HOU 000768

default in failing to remove all structures, improvements
and appurtenances (excluding the aforementioned type of
improvements and installations) and to remove all debris
within said time period.

### 11.04  Quitclaim.

Upon such termination of this Lease, Tenant, following
Landlord's request, shall execute, acknowledge and deliver
to Landlord a quitclaim deed quitclaiming all right, title
and interest of Tenant in and to the leased land.

## ARTICLE XII
## MISCELLANEOUS

### 12.01    Short Form.

This Lease shall not be recorded, but the Ground
Lease (Short Form-Memorandum), in the form attached hereto
as Exhibit C and by this reference made a part hereof, shall
be executed and recorded by the parties hereto upon the
execution of this Lease.

### 12.02    Landlord's Cooperation.

Landlord agrees to cooperate with Tenant in de-
veloping the leased land in the manner chosen by Tenant,
including, without limitation, attending a reasonable number
of meetings with Tenant and/or jurisdictional government
agencies.

### 12.03    Construction of Lease.

The language in all parts of this Lease shall, in all
cases, be construed as a whole and in accordance with its
fair meaning and not restricted for or against either
Landlord or Tenant.  The captions of the paragraphs and
subparagraphs of this Lease are for convenience only and
shall not be considered or referred to in resolving ques-
tions or construction.

### 12.04    Severability.

If any provision of this Lease shall be adjudged to be
invalid, void or illegal, it shall in no way affect, impair
or invalidate any other provision hereof, the parties hereby
agreeing that they would have entered into the remaining
portion of this Lease notwithstanding the omission of the
portion or portions adjudged invalid, void or illegal.

### 12.05    Relationship of the Parties.

The relationship of the parties hereto is that of
Landlord and Tenant, and it is expressly understood and
agreed that Landlord does not in any way nor for any purpose
become a partner of Tenant or a joint venturer with Tenant
in the conduct of Tenant's business or otherwise, and that

-24-

HOU 000769

Case 8:21-bk-11710-SC    Doc 253    Filed 10/21/22    Entered 10/21/22 11:16:39    Desc
Case 8:21-bk-11710-SC    Main Document    Page 48 of 260    Entered 10/07/22 17:24:54    Desc
Case 8:21-bk-11710-SC    Main Document    Page 244 of 258    Entered 07/22/22 16:42:54    Desc
Part 2 - Amended Motion    Page 207 of 258

May-01-02  04:24pm  From-RUTAN & TUCKER LLP,        714-546-9035        T-234  P.26/28  F-670

the provisions of any agreement between Landlord and Tenant
relating to rent are made solely for the purpose of pro-
viding a method whereby rental and purchase payments
are to be measured and ascertained.

### 12.06  Notices.

Any notice to be given or other document to be deliver-
ed by either party, or all payments of rental, may be
delivered in person to either party or may be deposited in
the United States mail in the State of California, duly
certified, return receipt requested, with postage prepaid,
and addressed to the party for whom intended at the address
appearing at the head of this Lease.  In the event that
Landlord has received notice of the hypothecation by Tenant
of his leasehold estate with a mortgage, all notices to be
sent by Landlord to Tenant hereunder shall be effective only
if a copy thereof is sent to the Mortgagee at the address
supplied to Landlord by Tenant or such Mortgagee.

Either party hereto may from time to time by written
notice to the other party designate a different address
which shall be substituted for the one above specified.  If
any notice or other document is sent by registered or
certified mail, as aforesaid, the same shall be deemed
served or delivered forty-eight (48) hours after the mailing
in the County of Orange, as above provided.

### 12.07  Attorneys' Fees.

In the event of any dispute between the parties hereto
involving the covenants or conditions contained in this
Lease or arising out of the subject matter of this Lease,
the prevailing party shall be entitled to recover reasonable
expenses, attorneys' fees and costs.

In the event Landlord is made a party to litigation
arising out of acts or negligence by Tenant regarding
the subject matter of this Lease, Landlord shall be entitled
to recover from Tenant its reasonable expenses, attorneys'
fees and costs incurred in such litigation.  Tenant hereby
indemnifies and agrees to hold Landlord harmless of and
from all liabilities, costs and expenses arising from any
such litigation.

### 12.08  Waiver.

No delay or omission by either party hereto in exercis-
ing any right or power accruing upon the noncompliance or
failure to perform by the other party hereto under the
provisions of this Lease shall impair any such right or
power or be construed to be a waiver thereof.  A waiver by
either party hereto of any of the covenants, conditions or
agreements hereof to be performed by the other party shall
not be construed as a waiver of any succeeding breach of
the same or other covenants, agreements, restrictions and
conditions hereof.

-25-

HOU 000770

Case 8:21-bk-11710-SC    Doc 253    Filed 10/21/22    Entered 10/21/22 11:16:39    Desc
Case 8:21-bk-11710-SC    Main Document    Page 49 of 260    Entered 10/07/22 17:24:54    Desc
Case 8:21-bk-11710-SC    Main Document    Page 245 of 258    Entered 07/22/22 16:42:54    Desc
Part 2 - Amended Motion    Page 208 of 258

May-01-02  04:24pm   From-RUTAN & TUCKER LLP,                   714-546-9035          T-234   P.27/28   F-670

### 12.09  Inspection.

Landlord reserves the right for Landlord and Land-
lord's agents and representatives to enter upon the leased
land at any reasonable time following reasonable notice for
the purpose of attending to Landlord's interest hereunder,
and to inspect the leased premises.

### 12.10  Covenants and Conditions.

Each of the covenants in this Lease shall be deemed
and construed as conditions and each and every covenant
shall be deemed covenants running with the land.

### 12.11  Entire Agreement.

This Lease contains the entire agreement of the parties
hereto with respect to the matters covered hereby, and
no other previous agreement, statement or promise made by
any party hereto which is not contained herein shall be
binding or valid.

### 12.12  Non-disturbance.

No mortgage or deed of trust placed on the leased land
by Landlord shall be superior to the interest of Tenant
herein, unless Landlord and Tenant execute an agreement in
recordable form satisfactory to the Tenant that in the event
of judicial or private foreclosure, or deed in lieu of
foreclosure, or any other action taken by such mortgagee or
beneficiary, this Lease and the rights of Tenant hereunder
shall not be disturbed by reason of any such foreclosure or
other action, but shall continue in full force and effect so
long as this Lease shall remain in full force and effect
and that in the event of any conflict between the terms of
this Lease and any such mortgage or deed of trust with
regard to insurance or condemnation proceeds or any other
provisions of the Lease or the mortgage or the deed of
trust, the terms and provisions of this Lease shall prevail.

### 12.13  Estoppel Certificates.

Landlord and Tenant shall at any time and from time
to time, upon not less than ten (10) days prior written
request by the other party or parties to this Lease, exe-
cute, acknowledge and deliver to such party or parties a
statement in writing certifying that this Lease is un-
modified and in full force and effect (or if there has been
any modification thereof that the same is in full force and
effect as modified and stating the modification or modi-
fications) and that there are no defaults existing (or if
there is any claimed default stating the nature and extent
thereof); and stating the dates to which the rent and other
charges have been paid in advance.  It is expressly under-
stood and agreed that any such statement delivered pursuant
to this section may be relied upon by any prospective
assignee or sublessee of the leasehold estate, or estates

-26-

HOU 000771

May-01-02  04:24pm  From-RUTAN & TUCKER LLP,                    714-546-8035          T-234  P.28/28  F-870

of Tenant, or any prospective purchaser of the estate of
Landlord, or any lender or prospective assignee of any
lender on the security of the leased land or the fee estate
or any part thereof, or upon the leasehold estate of Tenant
or any part thereof, and any third person.

12.14  Signs.

Tenant shall be entitled to place on the leased land
such advertising signs as it deems necessary or proper for
the development and marketing of the leased land.

12.15  Merger.

There shall be no merger of this Lease or the lease-
hold estate hereunder with the fee estate in the leased land
by reason of the fact that the Lease or any interest here-
under may be held for the account of a person or entity who
is the owner of the fee estate in the leased land or any
portion thereof, unless a written instrument effectuating
such merger is recorded.

IN WITNESS WHEREOF, each of the parties hereto has
caused this Lease to be executed as of the day and year
first above written.

HOUSER BROS. CO.
A California Limited Partnership

By _____
   CLIFFORD C. HOUSER,
   General Partner

By _____
   VERNON F. HOUSER,
   General Partner

                                "Landlord"


_____
   ROBERT P. WARMINGTON

                                "Tenant"


                    -27-              HOU 000772

# Title Chain & Lien Report

**16222 Monterey Ln, Huntington Beach, CA 92649-6214**

APN: 178-011-16

Orange County Data as of: 08/03/2020

| Search Start Date: | 01/01/1967 | Start Date: | 01/01/1967 |
| Search End Date: | 08/19/2020 | End Date: | 08/19/2020 |

| Date | Type | Grantor | Grantee | Document # | Doc Ref. |
|------|------|---------|---------|-----------|----------|
| 10/22/1979 | Lease | Warmington Robert | Robert P Warmington | 13362.317 | |
| 10/22/1979 | Lease | Houser Bros | Warmington Robert | 13362.320 | |
| 11/06/1979 | Cancellation | Houser Bros | | 13383.1868 | |
| 12/06/1979 | Lease | Houser Bros | Warmington Robert | 13424.499 | |
| 12/06/1979 | Lease | Warmington Robert | Robert P Warmington | 13424.504 | |
| 09/02/1980 | Plat, County Miscellaneous Plat | | | 13726.1096 | |
| 09/02/1980 | Plat, County Miscellaneous Plat | | | 13726.1330 | |
| 09/02/1980 | Plat, County Miscellaneous Plat | | | 13726.1166 | |
| 09/02/1980 | Plat, County Miscellaneous Plat | | | 13726.1202 | |
| 09/02/1980 | Plat, County Miscellaneous Plat | | | 13726.1232 | |
| 09/02/1980 | Plat, County Miscellaneous Plat | | | 13726.1268 | |
| 09/02/1980 | Plat, County Miscellaneous Plat | | | 13726.1304 | |
| 09/02/1980 | Plat, County Miscellaneous Plat | | | 13726.1340 | |
| 09/02/1980 | Plat, County Miscellaneous Plat | | | 13726.1099 | |
| 09/02/1980 | Plat, County Miscellaneous Plat | | | 13726.1133 | |
| 09/02/1980 | Plat, County Miscellaneous Plat | | | 13726.1169 | |
| 09/02/1980 | Plat, County Miscellaneous Plat | | | 13726.1205 | |
| 09/02/1980 | Plat, County Miscellaneous Plat | | | 13726.1235 | |
| 09/02/1980 | Plat, County Miscellaneous Plat | | | 13726.1271 | |
| 09/02/1980 | Plat, County Miscellaneous Plat | | | 13726.1307 | |
| 09/02/1980 | Plat, County Miscellaneous Plat | | | 13726.1343 | |
| 09/08/1980 | Plat, County Miscellaneous Plat | | | 13733.192 | |
| 09/08/1980 | Plat, County Miscellaneous Plat | | | 13733.272 | |
| 09/08/1980 | Plat, County Miscellaneous Plat | | | 13733.195 | |

| Date | Type | | | Document # | Doc Ref. |
|---|---|---|---|---|---|
| 09/08/1980 | Plat, County Miscellaneous Plat | | | 13733.275 | |
| 09/26/1980 | Plat, County Miscellaneous Plat | | | 13760.957 | |
| 10/03/1980 | Release | | | 13773.4 | |
| 10/03/1980 | Release | | | 13773.7 | |
| 10/10/1980 | Plat, County Miscellaneous Plat | | | 13783.1726 | |
| 10/10/1980 | Plat, County Miscellaneous Plat | | | 13783.1779 | |
| 10/10/1980 | Plat, County Miscellaneous Plat | | | 13783.1729 | |
| 10/10/1980 | Plat, County Miscellaneous Plat | | | 13783.1782 | |
| 10/14/1980 | Plat, County Miscellaneous Plat | | | 13787.1775 | |
| 10/14/1980 | Plat, County Miscellaneous Plat | | | 13787.1828 | |
| 10/14/1980 | Plat, County Miscellaneous Plat | | | 13787.1778 | |
| 10/14/1980 | Plat, County Miscellaneous Plat | | | 13787.1831 | |
| 10/17/1980 | Plat, County Miscellaneous Plat | | | 13793.949 | |
| 10/17/1980 | Plat, County Miscellaneous Plat | | | 13793.952 | |
| 07/06/1990 | Deed | Houser Bros | Houser Bros | 1990.357100 | |
| 07/06/1990 | Deed Of Trust | Houser Bros | Union Bank | 1990.357101 | 342851 |
| ^ 07/21/1997 | Amendment | Houser Bros | | 1997.342851 | |
| 10/08/1993 | Deed | Malmborg Jack N & | Malmberg Jack N & | 1993.678726 | |
| 10/08/1993 | Declaration Of Homestead | Sullivan John L | | 1993.686386 | |
| 01/27/1994 | Declaration Of Homestead | Gibbons Robert L | | 1994.66495 | |
| 07/13/1994 | Declaration Of Homestead | Hunn Nancy C | | 1994.461177 | |
| 01/28/1997 | Declaration Of Homestead | Rounds Royal E | | 1997.40615 | |
| 07/31/1998 | Reconveyance | | | 1998.492256 | |
| 06/19/2000 | Declaration Of Homestead | Newton Carol A | | 2000.321481 | |
| 08/23/2007 | Declaration Of Homestead | Moomau Linda Charl | | 2007.523219 | |
| 09/15/2014 | Declaration Of Homestead | Radzinski Linda M | | 2014.372099 | |
| 05/22/2017 | Declaration Of Homestead | Vanzyl Yvonne H | | 2017.208348 | |

## Liens, Filings & Judgments
16222 Monterey Ln, Huntington Beach, CA 92649-6214

| Search Start Date: | 01/01/1967 | Name(s) Searched: | Houser Bros Co, Houser Bros Co Trust |
|---|---|---|---|
| Search End Date: | 08/19/2020 | Match: | Exact |

| Date | Type | Subject Name | Document # | Doc Ref. |
|---|---|---|---|---|



© 2020 FIRST AMERICAN DATA TREE AND/OR ITS AFFILIATES. ALL RIGHTS RESERVED.

| Date | Document Type | Party | Number | |
|---|---|---|---|---|
| 06/10/1971 | Certificate Of Partnership | Houser | 9672.175 | |
| 07/31/1972 | Certificate Of Partnership | Houser Bros | 10251.992 | |
| 08/17/1976 | Amendment | Houser | 11854.900 | |
| 09/23/1980 | Plat, County Miscellaneous Plat | Houser Bros | 13754.281 | |
| 09/23/1980 | Plat, County Miscellaneous Plat | Houser Bros | 13754.291 | |
| 11/04/1983 | Lien | Houser Bros | 1983.499211 | 282543 |
| ^ 07/31/1985 | Release | Houser Bros | 1985.282543 | |
| 05/02/1989 | Amendment | Houser | 1089.232116 | |
| 07/06/1990 | Deed Of Trust | Houser Bros | 1990.357101 | 342851 |
| ^ 07/21/1997 | Amendment | | 1997.342851 | |
| 07/09/1990 | Certificate Of Partnership | Houser Bros | 1990.361238 | |
| 07/31/1998 | Reconveyance | | 1998.499256 | |
| 11/09/2004 | Certificate Of Delinquency Of Personal Property Tax | Houser Bros CX | 2004.1008431 | |
| 11/09/2004 | Certificate Of Delinquency Of Personal Property Tax | Houser Bros CX | 2004.1008432 | |
| 04/03/2006 | State Tax Lien | Houser Brothers | 2006.219506 | 409646 |
| ^ 07/30/2009 | Release | Houser Brothers | 2009.409646 | |
| 12/03/2008 | State Tax Lien | Houser Brothers | 2008.557266 | 409647 |
| ^ 07/30/2009 | Release | Houser Brothers | 2009.409647 | |
| 07/01/2009 | Release | Houser Brothers | 2009.347624 | |
| 12/03/2010 | State Tax Lien | Houser Brothers | 2010.652383 | 157636 |
| ^ 03/28/2011 | Release | Houser Brothers | 2011.157636 | |
| 06/14/2011 | Release | Houser | 2011.290442 | |
| 12/06/2011 | Certificate Of Delinquency Of Personal Property Tax | Houser Bros | 2011.636007 | |
| 12/06/2011 | Certificate Of Delinquency Of Personal Property Tax | Houser Bros | 2011.636008 | |
| 11/07/2014 | Certificate Of Delinquency Of Personal Property Tax | Houser Bros Co | 2014.469087 | |
| 11/07/2014 | Certificate Of Delinquency Of Personal Property Tax | Houser Bros Co | 2014.469088 | |
| 11/08/2016 | Certificate Of Delinquency Of Personal Property Tax | Houser Bros Co | 2016.564698 | |
| 11/19/2019 | Certificate Of Delinquency Of Personal Property Tax | Houser Bros Co | 2019.480965 | 8699 |
| ^ 01/08/2020 | Release | Houser Bros Co | 2020.8699 | |



BK 13362 PG 317

RECORDING REQUESTED BY AND
WHEN RECORDED RETURN TO:

32442

The Robert P. Warmington Co.
16592 Hale Avenue
Irvine, California  92714        $5.00

RECORDED AT REQUEST OF
FIRST AMER. TITLE INS. CO.
IN OFFICIAL RECORDS OF
ORANGE COUNTY, CALIFORNIA
8:01 A.M. OCT 22 1979
LEE A. BRANCH, County Recorder

Space Above This Line for Recorder's Use Only

GROUND SUBLEASE
(SHORT FORM—MEMORANDUM)

THIS GROUND SUBLEASE (SHORT FORM—MEMORANDUM) is made this
19th day of October, 1979, by and between ROBERT P.
WARMINGTON (hereinafter "Landlord") and THE ROBERT P. WARMINGTON CO.,
a California Corporation (hereinafter "Tenant"), upon the following
terms and conditions:

W I T N E S S E T H:

1. Landlord leases to Tenant that certain real property
(the "leased land") located in the City of Huntington Beach, County of
Orange, State of California, which leased land is described on
Exhibit "A" attached hereto and made a part hereof, at the rental and
upon all of the terms and conditions set forth in that certain unrecorded
Ground Sublease of even date between Landlord and Tenant which is
incorporated herein by this reference.

2. The Property is leased for a term of eighty (80) years,
commencing as of October 19, 1979 and ending
October 18, 2059. The aforementioned incorporated Ground Sublease
provides, among other things, that it shall terminate as to the real
property covered by a Consumer Sublease (as defined in said incorporated
Ground Sublease) upon the commencement of the term of such Consumer
Sublease.

3. The aforementioned incorporated Ground Sublease provides,
among other things, that the Tenant shall pay all taxes, general and
special assessments and other charges which, during the term of this
lease, may be levied upon or assessed against the leased land and all
interests therein.

4. The aforementioned incorporated Ground Sublease also
provides, among other things, that Tenant shall not encumber, assign or
otherwise transfer said Sublease, or sublet the whole or any part of
the leased land without the prior written consent and approval of
Landlord, except as otherwise expressly permitted in said incorporated
Ground Sublease.

5. Landlord hereby irrevocably makes, constitutes and
appoints Tenant as Landlord's true and lawful attorney for him and
in his name, place and stead and for his use and benefit to exercise
any or all of the following powers as to the leased land, any interest
therein and/or any building or other improvement thereon: To undertake
any and all construction activities on or in connection with the leased
land and to execute on behalf of Landlord if Landlord has not executed
the same, as provided and within the time period set forth in said
incorporated Ground Sublease, any map, permit, application, survey,
report, approval, easement deed or other documents as are necessary or
convenient to obtain the required approvals, permits or other action of
the City of Huntington Beach, the County of Orange, California, and

BK 13362 PG 318

other governmental and quasi governmental authorities, including public utilities, for the development of the leased land in the manner contemplated by said incorporated Ground Sublease, giving and granting unto his said attorney full power and authority to do and perform all and every act and thing whatsoever requisite, necessary or appropriate to be done in and about the leased land as fully to all intents and purposes as he might or could do if personally present, hereby ratifying all that his said attorney shall lawfully do or cause to be done by virtue of these presents. It is expressly agreed and understood that the foregoing power of attorney is coupled with an interest.

6. Should there be any inconsistency between the terms of this instrument and the Ground Sublease incorporated herein, the terms of said incorporated Ground Sublease shall prevail.

IN WITNESS WHEREOF, each of the parties hereto has caused this Short Form-Memorandum of Ground Sublease to be duly executed as of the day and year first above written.

LANDLORD:

_____
Robert P. Warmington

TENANT:

The Robert P. Warmington Co.,
a California Corporation

By _____
Roger D. Darnell
Vice President

STATE OF CALIFORNIA) ss:
COUNTY OF ORANGE )
On __October 19__, 1979, before me, the undersigned, a Notary Public in and for said State, personally appeared ROBERT P. WARMINGTON, known to me to be the person whose name is subscribed to the within instrument and acknowledged to me that he executed the same.
WITNESS my hand and official seal.

[seal: OFFICIAL SEAL / PEARL L. HUNT / NOTARY PUBLIC-CALIFORNIA / ORANGE COUNTY / My Commission Expires Mar 25, 1983]

_____
Pearl L. Hunt

STATE OF CALIFORNIA) ss:
COUNTY OF ORANGE )
On __October 19__, 1979, before me, the undersigned, a Notary Public in and for said State, personally appeared ROGER D. DARNELL, known to me to be the Vice President of the Corporation that executed the within instrument, and known to me to be the person who executed the within instrument on behalf of the Corporation therein named, and acknowledged to me that such Corporation executed the within instrument pursuant to its by-laws or a resolution of its Board of Directors.
WITNESS my hand and official seal.

[seal: OFFICIAL SEAL / PEARL L. HUNT / NOTARY PUBLIC-CALIFORNIA / ORANGE COUNTY / My Commission Expires Mar 25, 1983]

[seal: OFFICIAL SEAL / PEARL L. HUNT / NOTARY PUBLIC-CALIFORNIA / ORANGE COUNTY / My Commission Expires Mar 25, 1983]

_____
Pearl L. Hunt

-2-



BK 13362 PG 319

EXHIBIT "A"

PARCEL A:   Parcel 1 as per Parcel Map recorded in
Book 108, Pages 47 and 48, inclusive,
Official Records of Orange County,
California.

EXCEPTING and reserving a non-exclusive
easement for ingress and egress within
and upon the Westerly 30.00 feet there-
of appurtenant to Parcel 2 as Per Map
recorded in Book 108, Pages 47 and 48,
inclusive, Official Records of Orange
County, California within the private
street known as "Monterey Lane".

PARCEL B:   A non-exclusive easement for ingress
and egress within and upon an area 30.00
feet in width within the private street
known as "Monterey Lane", within Parcel
2 as per Map recorded in Book 108, Pages
47 and 48, inclusive, Official Records of
Orange County, California the Easterly
boundary of which shall be Co-Terminus
with the Westerly boundary of said Parcel
1.

EXHIBIT "A"

RECORDED IN

Branch :A14,User :2004                     Comment:                        Station Id :M3Y7

RECORDING REQUESTED BY
AND WHEN RECORDED MAIL TO:

BK 13362 PG. 320

The Robert P. Warmington Co.   32443
1659 Hale Avenue
Irvine, California  92714
Attention: Roger D. Darnell      $6.00

RECORDED AT REQUEST OF
FIRST AMER. TITLE INS. CO.
IN OFFICIAL RECORDS OF
ORANGE COUNTY, CALIFORNIA

8:01 A.M. OCT 22 1979

LEE A. BRANCH, County Recorder

(Space above line for Recorder's use only)

## GROUND LEASE

(SHORT FORM — MEMORANDUM)

THIS GROUND LEASE (SHORT FORM — MEMORANDUM) is made
this 19th day of   October   , 1979, by and between
HOUSER BROS. CO., a limited partnership, organized and
existing under the laws of the State of California (herein-
after "Landlord"), and ROBERT P. WARMINGTON, a married man
(hereinafter "Tenant"), upon the following terms and con-
ditions:

### W I T N E S S E T H :

1.   Landlord leases to Tenant that certain real prop-
erty (the "leased land") located in the City of Hunting-
ton Beach, County of Orange, State of California, which leased
land is described in Exhibit A attached hereto and made a
part hereof, at the rental and upon all the terms and condi-
tions set forth in that certain unrecorded ground lease of
even date between Landlord and Tenant which is incorporated
herein by this reference.

2.   The property is leased for a term of eighty (80)
years, commencing as of the date first above written and
continuing until the anniversary of the eightieth (80th)
year thereafter. The aforementioned incorporated ground
lease provides, among other things, that it shall terminate
as to the real property covered by a Residential Lease (as
defined in said incorporated ground lease) upon the com-
mencement of the term of such Residential Lease, but not as
to the real property covered by a Consumer Sublease or
Affiliate Sublease (as defined in said incorporated ground
lease).

3.   The aforementioned incorporated ground lease pro-
vides, among other things, that the Tenant shall pay all
taxes, general and special assessments and other charges
which, during the term of this lease, may be levied upon or
assessed against the leased land and all interests therein.

4.   The aforementioned incorporated ground lease al-
so provides, among other things, that Tenant shall not en-
cumber, assign or otherwise transfer said lease, or sublet
the whole or any part of the leased land without the prior
written consent and approval of Landlord, except as other-
wise expressly permitted in said incorporated ground lease.

-1-

Branch :A14,User :2004                    Comment:                    Station Id :M3Y7

BK 13362 PG 321

5.   Landlord hereby irrevocably makes, constitutes and appoints Tenant as landlord's true and lawful attorney for it and in its name, place and stead and for its use and benefit to exercise any/or all of the following powers as to the leased land, any interest therein and/or any building or other improvement thereon:  To undertake any and all construction activities on or ine connection with the leased land and to execute on behalf of Landlord it Landlord has not executed the same, as provided and within the time period set forth in said incorporated ground lease, any map, permit, application, survey, report, approval, easement deed, or other documents as are necessary or convenient to obtain the required approvals, permits or other action of the City of Huntington Beach, the County of Orange, California, and other governmental and quasi governmental authorities, including public utilities, for the development of the leased land in the manner contemplated by said incorporated ground lease, giving and granting unto its said attorney full power and authority to do and perform all and every act and thing whatsoever requisite, necessary or appropriate to be done in and about the leased land as fully to all intents and purposes as it might or could do if personally present, hereby ratifying all that its said attorney shall lawfully do or cause to be done by virtue of these presents.  It is expressly agreed and understood that the foregoing power of attorney is coupled with an interest.

6.   Should there be any inconsistency between the terms of this instrument and the ground lease incorporated herein, the terms of said incorporated ground lease shall prevail.

IN WITNESS WHEREOF, each of the parties hereto has caused this Short Form - Memorandum of Lease to be duly executed as of the day and year first above written.

HOUSER BROS. CO., a California
limited partnership by its
general partners.

By _____
Clifford C. Houser,
General Partner

By _____
Vernon F. Houser,
General Partner

"Landlord"

_____
Robert P. Warmington

"Tenant"

-2-

Branch :A14,User :2004                                    Comment:                                    Station Id :M3Y7



BK 13362 PG 322

EXHIBIT "A"

PARCEL A:    Parcel 1 as per Parcel Map recorded in
Book 108, Pages 47 and 48, inclusive,
Official Records of Orange County,
California.

EXCEPTING and reserving a non-exclusive
easement for ingress and egress within
and upon the Westerly 30.00 feet there-
of appurtenant to Parcel 2 as Per Map
recorded in Book 108, Pages 47 and 48,
inclusive, Official Records of Orange
County, California within the private
street known as "Monterey Lane".

PARCEL B:    A non-exclusive easement for ingress
and egress within and upon an area 30.00
feet in width within the private street
known as "Monterey Lane", within Parcel
2 as per Map recorded in Book 108, Pages
47 and 48, inclusive, Official Records of
Orange County, California the Easterly
boundary of which shall be Co-Terminus
with the Westerly boundary of said Parcel
1.

EXHIBIT "A"

ORANGE,CA
Document: LS 13362.320

Branch :A14,User :2004                    Comment:                    Station Id :M3Y7

BK 13362 PG 323

STATE OF CALIFORNIA    )
                                          ) ss.
COUNTY OF ORANGE )

On this 19th day of OCTOBER            , 1979,
before me, a Notary Public, personally appeared Clifford C.
Houser and Vernon F. Houser, known to be to be the general
partners of the partnership that executed the within instru-
ment, and acknowledged to me that such partnership executed
the same.

WITNESS my hand and official seal.



Christine Anne Belmonte
Notary Public in and for said
County and State

STATE OF CALIFORNIA )
                                          ) ss.
COUNTY OF   ORANGE )

On this 19th day of   October      , 1979, before me, the
undersigned, a Notary Public in and for said State, person-
ally appeared Robert P. Warmington, known to me to be the
person whose name is subscribed to the within instrument,
and acknowledged to me that he executed the same.

WITNESS my hand and official seal.

Pearl L. Hunt
Notary Public in and for said
County and State

-3-

RECORDED IN

ORANGE,CA
Document: LS 13362.320                    Page 4 of 4



RECORDING REQUESTED BY    8346
AND WHEN RECORDED MAIL TO:

The Robert P. Warmington Co.
16592 Hale Avenue
Irvine, California  92714
Attention:  Roger D. Darnell.

BK 13362 PG  320

BK 13424 PG  498

RECORDED AT REQUEST OF
FIRST AMER TITLE INS. CO.
IN OFFICIAL RECORDS OF
ORANGE COUNTY, CALIFORNIA
8.01 A.M. OCT 22 1979
LEE A. BRANCH, County Recorder

(Space above line for Recorder's use only)

RECORDING REQUESTED BY
FIRST AMERICAN TITLE INS. CO.

GROUND LEASE

RECORDED IN OFFICIAL RECORDS
OF ORANGE COUNTY, CALIFORNIA

(SHORT FORM — MEMORANDUM)    3 32 PM DEC  6 1979

LEE A. BRANCH, County Recorder

        THIS GROUND LEASE (SHORT FORM — MEMORANDUM) is made
this 19th day of    October    , 1979, by and between
HOUSER BROS. CO., a limited partnership, organized and
existing under the laws of the State of California (herein-
after "Landlord"), and ROBERT P. WARMINGTON, a married man
(hereinafter "Tenant"), upon the following terms and con-
ditions:

                W I T N E S S E T H:

        1.    Landlord leases to Tenant that certain real prop-
erty (the "leased land") located in the City of Huntington
Beach, County of Orange, State of California, which leased
land is described in Exhibit A attached hereto and made a
part hereof, at the rental and upon all the terms and condi-
tions set forth in that certain unrecorded ground lease of
even date between Landlord and Tenant which is incorporated
herein by this reference.

        2.    The property is leased for a term of eighty (80)
years, commencing as of the date first above written and
continuing until the anniversary of the eightieth (80th)
year thereafter.   The aforementioned incorporated ground
lease provides, among other things, that it shall terminate,
as to the real property covered by a Residential Lease (as
defined in said incorporated ground lease) upon the com-
mencement of the term of such Residential Lease, but not as
to the real property covered by a Consumer Sublease or
Affiliate Sublease (as defined in said incorporated ground
lease).

        3.    The aforementioned incorporated ground lease pro-
vides, among other things, that the Tenant shall pay all
taxes, general and special assessments and other charges
which, during the term of this lease, may be levied upon or
assessed against the leased land and all interests therein.

        4.    The aforementioned incorporated ground lease al-
so provides, among other things, that Tenant shall not en-
cumber, assign or otherwise transfer said lease, or sublet
the whole or any part of the leased land without the prior
written consent and approval of Landlord, except as other-
wise expressly permitted in said incorporated ground lease.

                        -1-

BK 13362 PG 321

BK 13424 PG 500

5.    Landlord hereby irrevocably makes, constitutes, and appoints Tenant as Landlord's true and lawful attorney for it and in its name, place and stead and for its use and benefit to exercise any or all of the following powers as to the leased land, any interest therein and/or any building or other improvement thereon:  To undertake any and all construction activities on or in connection with the leased land and to execute on behalf of Landlord if Landlord has not executed the same, as provided and within the time period set forth in said incorporated ground lease, any map, permit, application, survey, report, approval, easement deed or other documents as are necessary or convenient to obtain the required approvals, permits or other action of the City of Huntington Beach, the County of Orange, California, and other governmental and quasi governmental authorities, including public utilities, for the development of the leased land in the manner contemplated by said incorporated ground lease, giving and granting unto its said attorney full power and authority to do and perform all and every act and thing whatsoever requisite, necessary or appropriate to be done in and about the leased land as fully to all intents and purposes as it might or could do if personally present, hereby ratifying all that its said attorney shall lawfully do or cause to be done by virtue of these presents.  It is expressly agreed and understood that the foregoing power of attorney is coupled with an interest.

6.    Should there be any inconsistency between the terms of this instrument and the ground lease incorporated herein, the terms of said incorporated ground lease shall prevail.

IN WITNESS WHEREOF, each of the parties hereto has caused this Short Form - Memorandum of Lease to be duly executed as of the day and year first above written.

HOUSER BROS. CO., a California limited partnership by its general partners

By _____
Clifford E. Houser,
General Partner

By _____
Vernon F. Houser,
General Partner

"Landlord"

_____
Robert P. Warmington

"Tenant"

-2-



BK 13362 PG 322
BK 13424 PG 501

EXHIBIT "A"

PARCEL A:   Tract No. 10542, as shown on a Map recorded
in book 456, pages 49 and 50 of Miscellaneous
Maps, records of Orange County, California.

EXCEPTING and reserving a non-exclusive
easement for ingress and egress within
and upon the Westerly 30.00 feet there-
of appurtenant to Parcel 2 as Per Map
recorded in Book 108, Pages 47 and 48,
inclusive, Official Records of Orange
County, California within the private
street known as "Monterey Lane".

PARCEL B:   A non-exclusive easement for ingress
and egress within and upon an area 30.00
feet in width within the private street
known as "Monterey Lane", within Parcel
2 as per Map recorded in Book 108, Pages
47 and 48, inclusive, Official Records of
Orange County, California the Easterly
boundary of which shall be Co-Terminus
with the Westerly boundary of said Parcel
1.

**THIS DOCUMENT IS RE-RECORDED TO CORRECT THE LEGAL DESCRIPTION
OF PARCEL A.

EXHIBIT "A"

BK 13362 PG 323
BK 13424 PG 502

STATE OF CALIFORNIA    )
                       )  ss.
COUNTY OF *ORANGE*     )

On this 19th day of *OCTOBER* _____, 1979, before me, a Notary Public, personally appeared Clifford C. Houser and Vernon P. Houser, known to be to be the general partners of the partnership that executed the within instrument, and acknowledged to me that such partnership executed the same.

WITNESS my hand and official seal.

OFFICIAL SEAL
CHRISTINE A. BELMONTE
Notary Public-California
ORANGE COUNTY
My Commission Expires March 14, 1981

_Christine Anne Belmonte_
Notary Public in and for said
County and State

STATE OF CALIFORNIA    )
                       )  ss.
COUNTY OF    ORANGE    )

On this 19th day of    October    , 1979, before me, the undersigned, a Notary Public in and for said State, personally appeared Robert P. Warmington, known to me to be the person whose name is subscribed to the within instrument, and acknowledged to me that he executed the same.

WITNESS my hand and official seal.

OFFICIAL SEAL
PEARL L. HUNT
NOTARY PUBLIC-CALIFORNIA
ORANGE COUNTY
My Commission Expires May 22, 1981

_Pearl L. Hunt_
Notary Public in and for said
County and State

-3-

STATE OF CALIFORNIA
COUNTY OF    **Orange**                                BK 13424 PG 503

On _____ before me, the undersigned, a Notary Public in and for
said State, personally appeared

**Clifford C. Houser and Vernon F. Houser,**

_____

known to me to be **all of** the partners of the partnership
that executed the within instrument and acknowledged to me that
such partnership executed the same.

WITNESS my hand and official seal.

Signature  _Kerry K. Hoffman_

_Kerry K. Hoffman_
Name (Typed or Printed)

OFFICIAL SEAL
KERRY K. HOFFMAN
NOTARY PUBLIC-CALIFORNIA
ORANGE COUNTY
My Commission Exp. Oct. 25, 1983

(This area for official notarial seal)

---

STATE OF CALIFORNIA
COUNTY OF    **Orange**

On **December 6, 1979**, before me, the undersigned, a Notary Public in and for
said State, personally appeared

**Robert P. Warmington**

_____

known to me to be the person_ whose name **is**
subscribed to the within instrument, and acknowledged to me
that **he** executed the same.

WITNESS my hand and official seal.

Signature  _Pearl L. Hunt_

_Pearl L. Hunt_
Name (Typed or Printed)

OFFICIAL SEAL
PEARL L. HUNT
NOTARY PUBLIC-CALIFORNIA
ORANGE COUNTY
My Commission Expires May 25, 1982

(This area for official notarial seal)



RECORDING REQUESTED BY AND
WHEN RECORDED RETURN TO:

8347

32442

BK 13362PG 317
BK 13424PG 504

The Robert P. Warmington Co.
16592 Hale Avenue
Irvine, California 92714

$5.00

RECORDED AT REQUEST OF
FIRST AMER TITLE INS. CO.
IN OFFICIAL RECORDS OF
ORANGE COUNTY, CALIFORNIA

8:01 A.M. OCT 22 1979

LEE A. BRANCH, County Recorder

$6.00
C1

Space Above This Line for Recorder's Use Only

RECORDING REQUESTED BY
FIRST AMERICAN TITLE INS. CO.

GROUND SUBLEASE
(SHORT FORM—MEMORANDUM)

RECORDED IN OFFICIAL RECORDS
OF ORANGE COUNTY, CALIFORNIA

-3 22 PM DEC 6 1979

LEE A. BRANCH, County Recorder

THIS GROUND SUBLEASE (SHORT FORM—MEMORANDUM) is made this
19th day of October, 1979, by and between ROBERT F.
WARMINGTON (hereinafter "Landlord") and THE ROBERT P. WARMINGTON CO.,
a California Corporation (hereinafter "Tenant"), upon the following
terms and conditions:

W I T N E S S E T H :

1. Landlord leases to Tenant that certain real property
(the "leased land") located in the City of Huntington Beach, County of
Orange, State of California, which leased land is described on
Exhibit "A" attached hereto and made a part hereof, at the rental and
upon all of the terms and conditions set forth in that certain unrecorded
Ground Sublease of even date between Landlord and Tenant which is
incorporated herein by this reference.

2. The Property is leased for a term of eighty (80) years,
commencing as of October 19, 19 79 and ending
October 18, 2059. The aforementioned incorporated Ground Sublease
provides, among other things, that it shall terminate as to the real
property covered by a Consumer Sublease (as defined in said incorporated
Ground Sublease) upon the commencement of the term of such Consumer
Sublease.

3. The aforementioned incorporated Ground Sublease provides,
among other things, that the Tenant shall pay all taxes, general and
special assessments and other charges which, during the term of this
lease, may be levied upon or assessed against the leased land and all
interests therein.

4. The aforementioned incorporated Ground Sublease also
provides, among other things, that Tenant shall not encumber, assign or
otherwise transfer said Sublease, or sublet the whole or any part of
the leased land without the prior written consent and approval of
Landlord, except as otherwise expressly permitted in said incorporated
Ground Sublease.

5. Landlord hereby irrevocably makes, constitutes and
appoints Tenant as Landlord's true and lawful attorney for him and
in his name, place and stead and for his use and benefit to exercise
any or all of the following powers as to the leased land, any interest
therein and/or any building or other improvement thereon: To undertake
any and all construction activities on or in connection with the leased
land and to execute on behalf of Landlord if Landlord has not executed
the same, as provided and within the time period set forth in said
incorporated Ground Sublease, any map, permit, application, survey,
report, approval, easement deed or other documents as are necessary or
convenient to obtain the required approvals, permits or other action of
the City of Huntington Beach, the County of Orange, California, and

BK 13362 PG 314
BK 13424 PG 505

other governmental and quasi governmental authorities, including public utilities, for the development of the leased land in the manner contemplated by said incorporated Ground Sublease, giving and granting unto his said attorney full power and authority to do and perform all and every act and thing whatsoever requisite, necessary or appropriate to be done in and about the leased land as fully to all intents and purposes as he might or could do if personally present, hereby ratifying all that his said attorney shall lawfully do or cause to be done by virtue of these presents. It is expressly agreed and understood that the foregoing power of attorney is coupled with an interest.

6. Should there be any inconsistency between the terms of this instrument and the Ground Sublease incorporated herein, the terms of said incorporated Ground Sublease shall prevail.

IN WITNESS WHEREOF, each of the parties hereto has caused this Short Form Memorandum of Ground Sublease to be duly executed as of the day and year first above written.

LANDLORD:

_____
Robert P. Warmington

TENANT:

The Robert P. Warmington Co.,
a California Corporation

By _____
Roger D. Darnell
Vice President

STATE OF CALIFORNIA)
COUNTY OF ORANGE ) ss:
On _____ October 19____, 1979, before me, the undersigned, a Notary Public in and for said State, personally appeared ROBERT P. WARMINGTON known to me to be the person whose name is subscribed to the within instrument and acknowledged to me that he executed the same.
WITNESS my hand and official seal.

OFFICIAL SEAL
PEARL L. HUNT
NOTARY PUBLIC-CALIFORNIA
ORANGE COUNTY
My Commission Expires Mar 25, 1983

_____
Pearl L. Hunt

STATE OF CALIFORNIA )
COUNTY OF ORANGE ) ss:
On _____ October 19____, 1979, before me, the undersigned, a Notary Public in and for said State, personally appeared ROGER D. DARNELL known to me to be the Vice President of the Corporation that executed the within instrument, and known to me to be the person who executed the within instrument on behalf of the Corporation therein named, and acknowledged to me that such Corporation executed the within instrument pursuant to its by-laws or a resolution of its Board of Directors.
WITNESS my hand and official seal.

OFFICIAL SEAL
PEARL L. HUNT
NOTARY PUBLIC-CALIFORNIA
ORANGE COUNTY
My Commission Expires Mar 25, 1983

_____
Pearl L. Hunt

OFFICIAL SEAL
PEARL L. HUNT
NOTARY PUBLIC-CALIFORNIA
ORANGE COUNTY
My Commission Expires Mar 25, 1983

-2-



STATE OF CALIFORNIA
COUNTY OF **Orange**                                    BK 13424 PG 506

On **December 6, 1979** before me, the undersigned, a Notary Public in and for
said State, personally appeared

**Robert P. Warmington**

known to me to be the person _____ whose name _____ **is**
subscribed to the within instrument and acknowledged to me
that **he** executed the same.
WITNESS my hand and official seal.

Signature _Pearl L. Hunt_

PEARL L. HUNT
Name (Typed or Printed)

OFFICIAL SEAL
PEARL L. HUNT
NOTARY PUBLIC · CALIFORNIA
ORANGE COUNTY
My Commission Expires Mar 25, 1983

(This area for official notarial seal)

---

STATE OF CALIFORNIA
COUNTY OF **Orange**

On **December 6, 1979** before me, the undersigned, a Notary Public in and for
said State, personally appeared **Roger D. Darnell**
known to me to be the **vice** President, **&&**
_____ of the corporation that executed the within instrument,
and known to me to be the persons who executed the within
instrument on behalf of the corporation therein named, and ac-
knowledged to me that such corporation executed the within
instrument pursuant to its by-laws or a resolution of its board of
directors.

WITNESS my hand and official seal.

Signature _Pearl L. Hunt_

PEARL L. HUNT
Name (Typed or Printed)

OFFICIAL SEAL
PEARL L. HUNT
NOTARY PUBLIC · CALIFORNIA
ORANGE COUNTY
My Commission Expires Mar 25, 1983

(This area for official notarial seal)



BK 13424 PG 507

BK 13362 PG 319

EXHIBIT "A"

PARCEL A:    Tract No. 10542, as shown on a Map recorded
             in book 456, pages 49 and 50 of Miscellaneous
             Maps, records of Orange County, California.

             EXCEPTING and reserving a non-exclusive
             easement for ingress and egress within
             and upon the Westerly 30.00 feet there-
             of appurtenant to Parcel 2 as Per Map
             recorded in Book 108, Pages 47 and 48,
             inclusive, Official Records of Orange
             County, California within the private
             street known as "Monterey Lane".

PARCEL B:    A non-exclusive easement for ingress
             and egress within and upon an area 30.00
             feet in width within the private street
             known as "Monterey Lane", within Parcel
             2 as per Map recorded in Book 108, Pages
             47 and 48, inclusive, Official Records of
             Orange County, California the Easterly
             boundary of which shall be Co-Terminus
             with the Westerly boundary of said Parcel
             1.

**THIS DOCUMENT IS RE-RECORDED TO CORRECT THE LEGAL DESCRIPTION
OF PARCEL A.

EXHIBIT "A"

ORANGE,CA                        Page 4 of 4                Printed on 10/31/2019 3:47:54 PM
Document: LS 13424.504



RECORDING REQUESTED BY
AND WHEN RECORDED MAIL TO:

BK 13362 PG. 320

The Robert P. Warmington Co. : 32443
1659 Hale Avenue
Irvine, California  92714
Attention: Roger D. Darnell    **$6.00**

RECORDED AT REQUEST OF
FIRST AMER. TITLE INS. CO.
IN OFFICIAL RECORDS OF
ORANGE COUNTY, CALIFORNIA

8:01 A.M. OCT 22 1979

LEE A. BRANCH, County Recorder

(Space above line for Recorder's use only)

GROUND LEASE

(SHORT FORM - MEMORANDUM)

THIS GROUND LEASE (SHORT FORM — MEMORANDUM) is made
this 19th day of October , 1979, by and between
HOUSER BROS. CO., a limited partnership, organized and
existing under the laws of the State of California (herein-
after "Landlord"), and ROBERT P. WARMINGTON, a married man
(hereinafter "Tenant"), upon the following terms and con-
ditions:

W I T N E S S E T H:

1.    Landlord leases to Tenant that certain real prop-
erty (the "leased land") located in the City of Huntington
Beach, County of Orange, State of California, which leased
land is described in Exhibit A attached hereto and made a
part hereof, at the rental and upon all the terms and condi-
tions set forth in that certain unrecorded ground lease of
even date between Landlord and Tenant which is incorporated
herein by this reference.

2.    The property is leased for a term of eighty (80)
years, commencing as of the date first above written and
continuing until the anniversary of the eightieth (80th)
year thereafter.    The aforementioned incorporated ground
lease provides, among other things, that it shall terminate
as to the real property covered by a Residential Lease (as
defined in said incorporated ground lease) upon the com-
mencement of the term of such Residential Lease, but not as
to the real property covered by a Consumer Sublease or
Affiliate Sublease (as defined in said incorporated ground
lease).

3.    The aforementioned incorporated ground lease pro-
vides, among other things, that the Tenant shall pay all
taxes, general and special assessments and other charges
which, during the term of this lease, may be levied upon or
assessed against the leased land and all interests therein.

4.    The aforementioned incorporated ground lease al-
so provides, among other things, that Tenant shall not en-
cumber, assign or otherwise transfer said lease, or sublet
the whole or any part of the leased land without the prior
written consent and approval of Landlord, except as other-
wise expressly permitted in said incorporated ground lease.

-1-

BK 13362 PG 321

5.    Landlord hereby irrevocably makes, constitutes and appoints Tenant as Landlord's true and lawful attorney for it and in its name, place and stead and for its use and benefit to exercise any/or all of the following powers as to the leased land, any interest therein and/or any building or other improvement thereon: To undertake any and all construction activities on or line connection with, the leased land and to execute on behalf of Landlord if Landlord has not executed the same, as provided and within the time period set forth in said incorporated ground lease, any map, permit, application, survey, report, approval, easement deed or other documents as are necessary or convenient to obtain the required approvals, permits or other action of the City of Huntington Beach, the County of Orange, California, and other governmental and quasi governmental authorities, including public utilities, for the development of the leased land in the manner contemplated by said incorporated ground lease, giving and granting unto its said attorney full power and authority to do and perform all and every act and thing whatsoever requisite, necessary or appropriate to be done in and about the leased land as fully to all intents and purposes as it might or could do if personally present, hereby ratifying all that its said attorney shall lawfully do or cause to be done by virtue of these presents. It is expressly agreed and understood that the foregoing power of attorney is coupled with an interest.

6.    Should there be any inconsistency between the terms of this instrument and the ground lease incorporated herein, the terms of said incorporated ground lease shall prevail.

IN WITNESS WHEREOF, each of the parties hereto has caused this Short Form - Memorandum of Lease to be duly executed as of the day and year first above written.

HOUSER BROS. CO., a California
limited partnership by its
general partners

By _____
   Clifford E. Houser,
   General Partner

By _____
   Vernon F. Houser,
   General Partner

                              "Landlord"


_____
Robert P. Warmington

                              "Tenant"


-2-



BK 13362 PG 322

__EXHIBIT "A"__

PARCEL A:    Parcel 1 as per Parcel Map recorded in
            Book 108, Pages 47 and 48, inclusive,
            Official Records of Orange County,
            California.

            EXCEPTING and reserving a non-exclusive
            easement for ingress and egress within
            and upon the Westerly 30.00 feet there-
            of appurtenant to Parcel 2 as Per Map
            recorded in Book 108, Pages 47 and 48,
            inclusive, Official Records of Orange
            County, California within the private
            street known as "Monterey Lane".

PARCEL B:    A non-exclusive easement for ingress
            and egress within and upon an area 30.00
            feet in width within the private street
            known as "Monterey Lane", within Parcel
            2 as per Map recorded in Book 108, Pages
            47 and 48, inclusive, Official Records of
            Orange County, California the Easterly
            boundary of which shall be Co-Terminus
            with the Westerly boundary of said Parcel
            1.

__EXHIBIT "A"__

Case 8:21-bk-11710-SC    Doc 253    Filed 10/21/22    Entered 10/21/22 11:16:39    Desc
Case 8:21-bk-11710-SC    Main Document    Filed 10/07/22    Page 73 of 260    Entered 10/07/22 17:24:54    Desc
Case 8:21-bk-11710-SC    Main Document    Filed 07/22/22    Page 269 of 258    Entered 07/22/22 16:42:54    Desc
Branch :AT4,User :2004                                                                                   Station Id :M3Y7
Part 2 - Amended Motion    Page 170 of 258

BK 13362 PG  323

STATE OF CALIFORNIA    )
                       )  ss.
COUNTY OF  *ORANGE*    )

    On this *19th* day of *OCTOBER*, 1979,
before me, a Notary Public, personally appeared Clifford C.
Houser and Vernon F. Houser, known to be to be the general
partners of the partnership that executed the within instru-
ment, and acknowledged to me that such partnership executed
the same.

    WITNESS my hand and official seal.

    [OFFICIAL SEAL
    CHRISTINE A. BELMONTE
    Notary Public-California
    ORANGE COUNTY
    My Commission Expires March 14, 1981]

                              *Christine Anne Belmonte*
                              Notary Public in and for said
                              County and State


STATE OF CALIFORNIA  )
                     )  ss.
COUNTY OF  ORANGE    )

    On this 19th day of  October , 1979, before me, the
undersigned, a Notary Public in and for said State, person-
ally appeared Robert P. Warmington, known to me to be the
person whose name is subscribed to the within instrument,
and acknowledged to me that he executed the same.

    WITNESS my hand and official seal.

    [OFFICIAL SEAL
    PEARL L. HUNT
    NOTARY PUBLIC - CALIFORNIA
    ORANGE COUNTY
    My Commission Expires May 28, 1982]

                              *Pearl L. Hunt*
                              Notary Public in and for said
                              County and State


                              -3-


RECORDED IN

RECORDING REQUESTED BY
AND WHEN RECORDED MAIL TO:                        BK 13383 PG 1868

ROBERT P. WARMINGTON
16592 Hale Avenue
Irvine, California 92714

                                          ┌─────────────────────────────┐
                    $5.00                 │ RECORDED AT REQUEST OF       │
                                          │ FIRST AMER. TITLE INS. CO.   │
                                          │ IN OFFICIAL RECORDS OF       │
                                          │ ORANGE COUNTY, CALIFORNIA    │
                                          │ 8:01 A.M.  NOV 6 1979        │
                                          │ LEE A. BRANCH, County Recorder│
                                          └─────────────────────────────┘

─────────────────────────────────────────────────────────────

              (Space above line for Recorder's use only)

             COVENANT RUNNING WITH THE LAND

     THIS INSTRUMENT is made this *19th* day of *October*,
1979, by HOUSER BROS. CO., a California limited partnership
("Houser") whose sole general partners are Clifford C.
Houser and Vernon F. Houser.

                        RECITALS

     A.   Houser is the owner of certain real property in
the City of Huntington Beach, County of Orange, State of
California, described as Parcels 1 and 2 as shown on a Par-
cel Map recorded in Book 108, Pages 47 and 48, inclusive, of
Parcel Maps in the Office of the County Recorder of said
County (hereinafter "Parcel 1" and "Parcel 2" respectively).

     B.   Concurrently herewith, Houser is leasing Parcel 1
to ROBERT P. WARMINGTON, a married man ("Warmington") by a
Ground Lease of even date herewith (the "Ground Lease"), a
memorandum of which is being recorded concurrently or
substantially concurrently with this instrument.

     C.   Pursuant to the Ground Lease, Warmington may use
Parcel 1 to develop thereon single-family residences or con-
dominiums.  The Ground Lease further provides that access
to Parcel 1 from Edinger Avenue (the abutting public street)
is to be had over a portion of Monterey Lane, a private
street located on right-of-way easements on either side of
the southerly boundary of Parcel 1 with Parcel 2.  The
maintenance of the portion of Monterey Lane as to which
Warmington (and the residents of homes or condominiums to
be built by Warmington on Parcel 1) has easement rights is
the responsibility of Houser as Landlord under the Ground
Lease as provided therein.

     D.   It is the intention of Houser and Warmington that
Houser's obligations under the Ground Lease also run with
and bind a portion of Parcel 2 and the successive owners
thereof as described in this instrument.

     NOW, THEREFORE, in consideration of the foregoing and
other good and valuable consideration, the receipt of which
is hereby acknowledged, including without limitation, Warm-
ington's execution of the Ground Lease, Houser hereby cov-
enants, declares and agrees that Houser's obligations as

                           -1-

Case 8:21-bk-11710-SC    Doc 253    Filed 10/21/22    Entered 10/21/22 11:16:39    Desc
Case 8:21-bk-11710-SC    Main Document    Filed 10/07/22    Page 75 of 260    Entered 10/07/22 17:24:54    Desc
Branch :AT4,User :2004    Case 8:21-bk-11710-SC    Main Document    Filed 07/22/22    Page 271 of 258    Entered 07/22/22 16:42:54    Desc    Station Id :M3Y7
Part 2 - Amended Motion    Page 172 of 258

BK 13383 PG 1869

Landlord concerning Monterey Lane as set forth in Section 7.9 of the unrecorded Option Agreement between Landlord and Tenant, as optionor and optionee respectively, which preceded the execution of the Ground Lease, hereby incorporated herein by reference, are also covenants running with the portion of Parcel 2 described by extending the southerly boundary of Parcel 1 parallel to Edinger Avenue to the westerly boundary of Parcel 2, and every portion of the area so described (the "Covenant Area"), and shall bind the Covenant Area, Houser and Houser's heirs, assigns, representatives and successors in interest for the benefit of Warmington and the leasehold estate in Parcel 1 under the Ground Lease and any portions into which it may be divided, by Residential Leases (as defined in the Ground Lease) or otherwise. In the event of a breach of the foregoing covenants, or any of them, Warmington may seek any remedy available at law or in equity, including without limitation an action seeking damages, to seek specific enforcement thereof, or to enjoin the breach or continued breach thereof. It is specifically understood that any of the foregoing remedies may be employed at the option of Warmington, and the failure to do so upon any one or more of any such breach shall not be a waiver of the right to employ any of such remedies upon the continuance of such breach or any subsequent breach. As used in the foregoing, "Warmington" shall include any of Warmington's heirs, successors or representatives as well as any assignee or sublessee of Warmington's leasehold estate under the Ground Lease in Parcel 1 or any portion into which it may be divided and any leasee under a Residential Lease, Consumer Sublease or Affiliate Sublease (as defined in the Ground Lease); provided, however, lessees under such Residential Leases and sublessees under such Consumer Subleases shall not have the right to enforce such covenant except on the majority vote of the association of such lessees or sublessees formed by Warmington to manage Parcel 1. If Warmington or such lessees under such Residential Leases acquire the fee interest in all or a portion of Parcel 1, the benefit of the covenant described above shall run in favor of such fee interests and their successors therein, but subject to the same restriction concerning enforceability by residents of Parcel 1 set forth above. Nothing herein shall relieve Warmington or lessees under such Residential Leases or sublessees under such Consumer Subleases from their obligations to pay for a share in the maintenance of the portion of Monterey Lane used to gain access to Parcel 1.

IN WITNESS WHEREOF, Houser has executed this instrument on the day and year first above written.

HOUSER BROS. CO., a California
limited partnership by its
general partners

By _____
Clifford C. Houser

By _____
Vernon F. Houser

Case 8:21-bk-11710-SC    Doc 253    Filed 10/21/22    Entered 10/21/22 11:16:39    Desc
Case 8:21-bk-11710-SC    Main Document    Page 76 of 260    Entered 10/07/22 17:24:54    Desc
Case 8:21-bk-11710-SC    Main Document    Page 272 of 260    Entered 07/22/22 16:42:54    Desc
Part 2 - Amended Motion    Page 173 of 258

BK 13383 PG 1870

STATE OF CALIFORNIA )
                     )  ss.
COUNTY OF ORANGE     )

On this *19th* day of *October*, 1979, before me, a Notary Public, personally appeared Clifford C. Houser and Vernon F. Houser, known to me to be the general partners of the partnership that executed the within instrument, and acknowledged to me that such partnership executed the same.

WITNESS my hand and official seal.

OFFICIAL SEAL
CHRISTINE A. BELMONTE
Notary Public-California
ORANGE COUNTY
My Commission Expires March 14, 1981

*Christine A. Belmonte*
Notary Public in and for said
County and State

- 3 -

# EXHIBIT B

# EXHIBIT B

STATE OF CALIFORNIA - BUSINESS, CONSUMER SERVICES AND HOUSING AGENCY      **GAVIN NEWSOM, Governor**

**DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT**
DIVISION OF CODES AND STANDARDS



## Title Search

Date Printed: Jul 27, 2021

| | | | |
|---|---|---|---|
| Decal #: | LBM1081 | Use Code: | SFD |
| Manufacturer: | SKYLINE HOMES INC | Original Price Code: | BVH |
| Tradename: | CUSTOM VILLA | Rating Year: | |
| Model: | | Tax Type: | LPT |
| Manufactured Date: | 05/29/2014 | Last ILT Amount: | |
| Registration Exp: | | Date ILT Fees Paid: | |
| First Sold On: | 07/28/2014 | ILT Exemption: | NONE |

| Serial Number | HUD Label / Insignia | Length | Width |
|---|---|---|---|
| AC7V710394GA | PFS1130282 | 60' | 15' 2" |
| AC7V710394GB | PFS1130281 | 56' | 15' 2" |

Record Conditions:

- An application for title or registration change is pending with the department. For information regarding this application, please call 1-800-952-8356 and request to speak with a customer representative.

Registered Owner:

JAMIE LYNN GALLIAN
16222 MONTEREY LN SPACE 376
HUNTINGTON BEACH, CA 92649

| Last Title Date: | 02/24/2021 |
|---|---|
| Last Reg Card: | Pending Reg Card |
| Sale/Transfer Info: | Price $.00 Transferred on 02/25/2021 |

Situs Address:

16222 MONTEREY LN SPACE 376
HUNTINGTON BEACH, CA 92649
Situs County: ORANGE

Legal Owner:

JPAD LLC
RONALD J PIERPONT
Tenants in Common Or
16222 MONTEREY LN SPACE 376
HUNTINGTON BEACH, CA 92649

| Lien Perfected On: | 02/25/21 10:11:00 |
|---|---|

Title Searches:

JANINE JASSO
PO BOX 370161
EL PASO, TX 79937

| Title File No: | LBM1081 |
|---|---|

# STATE OF CALIFORNIA - DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT
## CERTIFICATE OF TITLE

Manufactured Home                                    **Decal:  LBM1081**

| Manufacturer ID/Name | Trade Name | Model | | DOM | DFS | RY |
|---|---|---|---|---|---|---|
| 90002    SKYLINE HOMES INC | CUSTOM VILLA | | | 05/29/2014 | 07/28/2014 | |

| Serial Number | Label/Insignia Number | Weight | Length | Width | Issued | |
|---|---|---|---|---|---|---|
| AC7V710394GB | PFS1130281 | 22,383 | 56' | 15' 2" | Aug 12, 2021 | |
| AC7V710394GA | PFS1130282 | 25,068 | 60' | 15' 2" | | |

**Addressee**

J-PAD LLC
21742 ANZA AVE
TORRANCE, CA 90503

**Registered Owner(s)**

JAMIE LYNN GALLIAN
16222 MONTEREY LN SPACE 376
HUNTINGTON BEACH, CA 92649

**Situs Address**

16222 MONTEREY LN SPACE 376
HUNTINGTON BEACH, CA 92649

**Legal Owner(s)**

J-PAD LLC
21742 ANZA AVE
TORRANCE, CA 90503

Lien Perfected On:        01/14/19 15:22:00

**IMPORTANT**
THE OWNER INFORMATION SHOWN ABOVE MAY NOT REFLECT ALL LIENS RECORDED WITH THE
DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT AGAINST THE DESCRIBED UNIT.  THE
CURRENT TITLE STATUS OF THE UNIT MAY BE CONFIRMED THROUGH THE DEPARTMENT.

DTN: 12339739                                                        08122021 - 2

19

# UCC FINANCING STATEMENT

FOLLOW INSTRUCTIONS

**A. NAME & PHONE OF CONTACT AT FILER (optional)**
Jamie Gallian
714-321-3449

**B. E-MAIL CONTACT AT FILER (optional)**

**C. SEND ACKNOWLEDGMENT TO: (Name and Address)**
Jamie Lynn Gallian
16222 Monterey Ln #376
Huntington Beach, CA 92649
USA

**DOCUMENT NUMBER:** 76027940003
**FILING NUMBER:** 19-7691916827
**FILING DATE:** 01/14/2019 09:10

IMAGE GENERATED ELECTRONICALLY FOR WEB FILING
THE ABOVE SPACE IS FOR CA FILING OFFICE USE ONLY

---

1. DEBTOR'S NAME: Provide only one Debtor name (1a or 1b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 1b, leave all of item 1 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| | | | | | |
|---|---|---|---|---|---|
| **1a. ORGANIZATION'S NAME** J-SANDCASTLE CO LLC | | | | | |
| OR **1b. INDIVIDUAL'S SURNAME** | FIRST PERSONAL NAME | | ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX |
| **1c. MAILING ADDRESS** 16222 MONTEREY LN #376 | CITY HUNTINGTON BEACH | STATE CA | POSTAL CODE 92649 | | COUNTRY USA |

2. DEBTOR'S NAME: Provide only one Debtor name (2a or 2b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 2b, leave all of item 2 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| | | | | | |
|---|---|---|---|---|---|
| **2a. ORGANIZATION'S NAME** | | | | | |
| OR **2b. INDIVIDUAL'S SURNAME** | FIRST PERSONAL NAME | | ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX |
| **2c. MAILING ADDRESS** | CITY | STATE | POSTAL CODE | | COUNTRY |

3. SECURED PARTY'S NAME (or NAME of ASSIGNEE of ASSIGNOR SECURED PARTY): Provide only one Secured Party name (3a or 3b)

| | | | | | |
|---|---|---|---|---|---|
| **3a. ORGANIZATION'S NAME** J-Pad, LLC - CA SOS Entity No. 201804010750 | | | | | |
| OR **3b. INDIVIDUAL'S SURNAME** | FIRST PERSONAL NAME | | ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX |
| **3c. MAILING ADDRESS** 2702 N GAFF ST | CITY ORANGE | STATE CA | POSTAL CODE 92865 | | COUNTRY USA |

4. COLLATERAL: This financing statement covers the following collateral:
LOCATED ON PROPERTY RECORDED IN ORANGE COUNTY CLERK RECORDERS OFFICE IN CALIFORNIA PARCEL MAP
RECORDED IN BOOK 108, PG(S) 47-48.

ASSESSORS PARCEL NUMBER 891-569-62
SERIAL NUMBERS AC7V710394GB, AC7V710394GA; DECAL NUMBER LBM1081

---

5. Check only if applicable and check only one box: Collateral is ☐ held in a Trust (see UCC1Ad, item 17 and Instructions)    ☐ being administered by a Decedent's Personal Representative

**6a.** Check only if applicable and check only one box:
☐ Public-Finance Transaction    ☑ Manufactured-Home Transaction    ☐ A Debtor is a Transmitting Utility

**6b.** Check only if applicable and check only one box:
☐ Agricultural Lien    ☐ Non-UCC Filing

7. ALTERNATIVE DESIGNATION (if applicable):    ☐ Lessee/Lessor    ☐ Consignee/Consignor    ☐ Seller/Buyer    ☐ Bailee/Bailor    ☐ Licensee/Licensor

8. OPTIONAL FILER REFERENCE DATA:

**FILING OFFICE COPY**

Page 2

# UCC FINANCING STATEMENT ADDENDUM

FOLLOW INSTRUCTIONS

| 9. NAME OF FIRST DEBTOR: Same as line 1a or 1b on Financing Statement; if line 1b was left blank because individual Debtor name did not fit, check here ☐ | |
|---|---|
| OR | 9a. ORGANIZATION'S NAME **J-SANDCASTLE CO LLC** |
| | 9b. INDIVIDUAL'S SURNAME |
| | FIRST PERSONAL NAME |
| | ADDITIONAL NAME(S)/INITIAL(S) |
| | SUFFIX |

DOCUMENT NUMBER: 76027940003

IMAGE GENERATED ELECTRONICALLY FOR WEB FILING
THE ABOVE SPACE IS FOR CA FILING OFFICE USE ONLY

| 10. DEBTOR'S NAME: Provide (10a or 10b) only one additional Debtor name or Debtor name that did not fit in line 1b or 2b of the Financing Statement (Form UCC1) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name) and enter the mailing address in line 10c | | | | |
|---|---|---|---|---|
| OR | 10a. ORGANIZATION'S NAME | | | |
| | 10b. INDIVIDUAL'S SURNAME | | | |
| | INDIVIDUAL'S FIRST PERSONAL NAME | | | |
| | INDIVIDUAL'S ADDITIONAL NAME(S)/INITIAL(S) | | | SUFFIX |
| 10c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |

| 11. ☐ ADDITIONAL SECURED PARTY'S NAME or ☑ ASSIGNOR SECURED PARTY'S NAME: Provide only one name (11a or 11b) | | | | |
|---|---|---|---|---|
| OR | 11a. ORGANIZATION'S NAME | | | |
| | 11b. INDIVIDUAL'S SURNAME **GALLIAN** | FIRST PERSONAL NAME **JAMIE** | ADDITIONAL NAME(S)/INITIAL(S) **LYNN** | SUFFIX |
| 11c. MAILING ADDRESS **16222 MONTEREY LANE #376** | CITY **HUNTINGTON BEACH** | STATE **CA** | POSTAL CODE **92649** | COUNTRY **USA** |

| 12. ADDITIONAL SPACE FOR ITEM 4 (collateral): |
|---|
| |

| 13. ☐ This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS (if applicable) | 14. This FINANCING STATEMENT: ☐ covers timber to be cut    ☐ covers as-extracted collateral    ☐ is filed as a fixture filing |
|---|---|
| 15. Name and address of RECORD OWNER of real estate described in item 16 (if Debtor does not have a record interest): | 16. Description of real estate: |

| 17. MISCELLANEOUS: |
|---|
| |

FILING OFFICE COPY

STATE OF CALIFORNIA
BUSINESS, CONSUMER SERVICES AND HOUSING AGENCY
DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT
DIVISION OF CODES AND STANDARDS
REGISTRATION AND TITLING PROGRAM
PO Box 277820 Sacramento, CA 95827
1-800-952-8356
www.hcd.ca.gov



## NOTICE OF SALE OR TRANSFER

**ATTENTION: THIS FORM IS TO BE USED ONLY WHEN YOU SELL OR TRANSFER YOUR MANUFACTURED HOME/MOBILEHOME OR COMMERCIAL MODULAR. AT THAT TIME COMPLETE, SIGN, AND RETURN TO THE ADDRESS STATED ABOVE TO REPORT THE CHANGE OF OWNERSHIP. A COMPLETE TRANSFER APPLICATION PACKET MUST BE SENT IN TO COMPLETE THE TRANSFER OF TITLE.**

**SECTION I:** Enter the following information that describes your unit: Decal/License plate number(s), Serial(s) number, and Trade name of unit.

**SECTION II:** Enter the sale price and the date of sale/transfer including the month, day, and year.

**SECTION III:** Enter the full name and mailing address of the new owner/buyer(s).

**SECTION IV:** Enter date, city, and state indicating where and when this form is being executed. SELLER(S) MUST SIGN and print their names(s).

### SECTION I.   DESCRIPTION OF UNIT

| Decal Number(s) | Serial Number(s) | Trade Name |
|---|---|---|
| LBM1081 | AC7V710394GA; AC7V710394GA | SKYLINE CUSTOM VILLA |
| | | |
| | | |

### SECTION II.   SALE OR TRANSFER INFORMATION

For the sum of $ _____ 0 the receipt of which is hereby acknowledged, I/we did sell, transfer and deliver to the purchaser/owner named below, on 02/25/2021 _____, my/our right title and interest in the unit described above.
*Date of Transfer*

### SECTION III.   NAME OF PURCHASER/NEW OWNER

Name:
JAMIE LYNN GALLIAN AND J-SANDCASTLE, CO LLC

Address:
16222 MONTEREY LN #376

| City: | State: | Zip Code: |
|---|---|---|
| HUNTINGTON BEACH | CALIFORNIA | 92649-0000 |

### SECTION IV.   CERTIFICATION AND RELEASE OF SELLER(S)

I/We certify under penalty of perjury under the laws of the State of California that: 1) I/we are the lawful owner(s) of the unit, and 2) I/we have the right to sell it, and 3) I/we guarantee and will defend the title to the unit against the claims and demands of any and all persons arising prior to this date, and 4) the unit is free of all liens and encumbrances.

I/We certify under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed On 02/25/2021 _____ at HUNTINGTON BEACH _____, CALIFORNIA
*Date*                                    *City*                                    *State*

Signature of Seller: *Jane Lynn Gallian, It's member.*

Signature of Seller: _____

Printed Name(s): J-SANDCASTLE CO LLC

HCD RT 476.8 (Rev. 03/21)

# ACKNOWLEDGMENT

A notary public or other officer completing this
certificate verifies only the identity of the individual
who signed the document to which this certificate is
attached, and not the truthfulness, accuracy, or
validity of that document.

State of California

County of ___Orange___ )

On ___2/25/21___ before me, ___Greg Buysman Notary Public___

(insert name and title of the officer)

personally appeared ___Jamie Lynn Gallian___,

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are
subscribed to the within instrument and acknowledged to me that he/she/they executed the same in
his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the
person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing
paragraph is true and correct.

WITNESS my hand and official seal.

**GREG BUYSMAN**
COMM # 2341449
ORANGE County
California Notary Public
Comm Exp Feb. 5, 2025

Signature _____    (Seal)

500 S. Main Street, First Floor, Suite 103
Orange, CA 92868-4512
or
P. O. Box 628
Santa Ana, CA 92702-0628

**CLAUDE PARRISH**
COUNTY ASSESSOR
Telephone: (714) 834-3821
FAX: (714) 834-2565
www.ocassessor.gov

ESTABLISHED 1889

**OFFICE OF THE ASSESSOR**

July 21, 2022

891-569-62    HX

GALLIAN, JAMIE LYNN
16222 MONTEREY LN, SPC 376
HUNTINGTON BEACH, CA 92649

SUBJECT: **Assessor Parcel Number: 891-569-62**

Property Address: **16222 MONTEREY LN, UNIT 376, HUNTINGTON BEACH**

The Homeowners' Exemption on the above property has been active in Orange County as of **02-25-2021**

**Claimant Name:** GALLIAN, JAMIE LYNN

If you have any questions, please call our office at (714) 834-3821.

Sincerely,

CLAUDE PARRISH
County Assessor

By
Exemptions Division

I HEREBY CERTIFY THAT THIS IS A TRUE
AND CORRECT COPY OF A PERMANENT
RECORD OF THE ASSESSOR'S OFFICE.
ORANGE COUNTY, CALIFORNIA

CLAUDE PARRISH
COUNTY ASSESSOR
BY

2022 JUL 21 PM 2: 22

CLAUDE PARRISH
ORANGE COUNTY ASSESSOR

A002-994 (R 09/19)

| **2022-23  Secured Assessment Roll** | **CLAUDE PARRISH, ORANGE COUNTY ASSESSOR** |
|---|---|

Full Parcel Report: Page 1 of 1                                        As of January 1st, 2022

| **Parcel No:** 891-569-62 | **Tax Rate Area:** 04-902 | **Property Type:** MOBILE HOME |
|---|---|---|

### Owner / Mailing Address

**Assessee:** GALLIAN, JAMIE LYNN

**Address:** 16222 MONTEREY LN, SPC, 376

**City, State:** HUNTINGTON BEACH, CA

**Zip:** 92649

### Description

| **Assessed Value** | | **Exemptions** | | **Dates** | |
|---|---|---|---|---|---|
| **Land:** | 0 | **Exe Type:** HOMEOWNER | | **Land BaseYear:** | 2021 |
| **Improvement:** | 0 | | | **Improvement Base Year:** | 2021 |
| **Personal Property:** | 86,339 | | | **Tax Lien Status:** | |
| **Other:** | 0 | | | | |
| **Gross:** | 86,339 | | | | |
| **Less Exemption:** | 7,000 | | | | |
| **Net:** | 79,339 | | | | |

### Sale History

**Reference Number:** M2085154

### Additional Information

**Legal Description:** T MHP RANDRE MSP 376

I HEREBY CERTIFY THAT THIS IS A TRUE
AND CORRECT COPY OF A PERMANENT
RECORD OF THE ASSESSOR'S OFFICE.
ORANGE COUNTY, CALIFORNIA

CLAUDE PARRISH
COUNTY ASSESSOR

BY

2022 JUL 21 PH 2:18

ORANGE COUNTY ASSESSOR
CLAUDE PARRISH

1



**Shari L. Freidenrich, CPA**
Orange County Treasurer-Tax Collector
P.O. BOX 1438 • Santa Ana, CA 92702-1438
601 N. Ross Street, Building 16, Santa Ana
Office Hours: 8:00 AM-5:00 PM Monday - Friday
Phone Hours: 9:00 AM-5:00 PM (714) 834-3411
octreasurer.com/octaxbill

## DID YOU KNOW?

Sign up to receive a text/email due date reminder at octreasurer.com/securedreminders
Pay online at octreasurer.com/octaxbill to receive same day credit, no service fee by eCheck and an emailed receipt.
Mailed payments must have a USPS postmark on or before the last timely payment date. If you wait until the last day to mail your payment, get your envelope hand-stamped with a postmark to ensure it is timely. See octreasurer.com/postmarks.

# 2021-22 SECURED PROPERTY TAX BILL

For Fiscal Year Beginning July 1, 2021 and Ending June 30, 2022

0000210-0000210 STMT----- 344031 OCT017
#BWNLBHV ********AUTO**ALL FOR AADC 926
#8915 6962 2021 1#

GALLIAN, JAMIE LYNN
16222 MONTEREY LN SPC 376
HUNTINGTON BEACH CA 92649-2258

**PROPERTY LOCATION**

16222 MONTEREY LN 376 HUNTINGTON BEACH



| ASSESSED VALUES & EXEMPTIONS AS OF JANUARY 1, 2021 | | |
|---|---|---|
| DESCRIPTION | FULL VALUE | COMPUTED TAX |
| PERSONAL PROPERTY - OTHER | 86,339 | |

**OWNER OF RECORD AS OF 12:01 AM, JANUARY 1, 2021**

J-SANDCASTLE CO LLC

| | | |
|---|---|---|
| TOTAL VALUES: | 86,339 | 946.92 |
| TOTAL NET TAXABLE VALUE: | 86,339 | 946.92 |

## MOBILE HOME

| PARCEL NO (APN) | TAX RATE AREA | 1st Installment DUE 11/1/21 | | 2nd Installment DUE 2/1/22 | | TO PAY BOTH INSTALLMENTS BY 12/10/21 |
|---|---|---|---|---|---|---|
| 891-569-62 | 04-902 | $473.46 | + | $473.46 | = | $946.92 |

### IMPORTANT INFORMATION

**INFORMATION COPY**

Taxes were pre-paid at the time of purchase and will be credited towards this tax bill.

| VOTER APPROVED TAXES AND SPECIAL ASSESSMENTS | | | |
|---|---|---|---|
| SERVICE AGENCY | RATE | VALUE | TAXES |
| BASIC LEVY RATE | 1.00000 | 86,339 | 863.39 |
| COAST COMM COLLEGE DIST | .03119 | 86,339 | 26.92 |
| OCEAN VIEW SCHOOL DIST | .02796 | 86,339 | 24.14 |
| HUNTINGTON BCH UNION HS | .02260 | 86,339 | 19.52 |
| HUNTINGTON BEACH EMPLOYEE RETIREME | .01500 | 86,339 | 12.95 |
| TOTAL CHARGED | 1.09675 | | 946.92 |

F074-4S3 (2021)

**FOR DETAILS OF TAX TYPES, VISIT OUR WEBPAGE AT OCTREASURER.COM/OCTAXBILL**

THERE WILL BE A $26.00 FEE FOR EACH PAYMENT RETURNED UNPAID BY YOUR BANK FOR ANY REASON

| FIRST INSTALLMENT DUE 11/1/21 → | $.00 | SECOND INSTALLMENT DUE 2/1/22 → | $.00 | TOTAL DUE AND PAYABLE → | $.00 |
|---|---|---|---|---|---|

SUPERIOR COURT OF CALIFORNIA,
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

MINUTE ORDER

DATE: 03/06/2019            TIME: 08:30:00 AM        DEPT: C61

COMMISSIONER: Carmen Luege
CLERK: Ryan Castillo
REPORTER/ERM:
BAILIFF/COURT ATTENDANT: C. Gonzalez

CASE NO: **30-2018-01013582-CL-UD-CJC**  CASE INIT.DATE: 08/21/2018
CASE TITLE: **Houser Bros. Co. vs. Ryan**
CASE CATEGORY: Civil - Limited        CASE TYPE: Unlawful Detainer - Residential

EVENT ID/DOCUMENT ID: 72999194
**EVENT TYPE**: Ex Parte
MOVING PARTY: Jamie L Gallan
CAUSAL DOCUMENT/DATE FILED: Ex Parte Application - Other, 03/05/2019

EVENT ID/DOCUMENT ID: 72999195
**EVENT TYPE**: Ex Parte
MOVING PARTY: Jamie L Gallan
CAUSAL DOCUMENT/DATE FILED: Ex Parte Application - Other, 03/05/2019

**APPEARANCES**
Vivienne J. Alston, from Alston, Alston & Diebold Attorneys at Law, present for Plaintiff(s).
Jamie L Gallan, self represented Interested Party, present.

Proceedings recorded electronically.

Ex-Parte application for reconsideration to intervene and TRO to stay writ of possession is requested by
Jaime Gallion.

Ex-parte Application is read and considered.

The Court having fully considered the arguments of all parties, both written and oral, as well as the
evidence presented, now rules as follows:

The motion for reconsideration to intervene and TRO to stay writ of possession is GRANTED .

The Court allows Gallian to intervene as to the writ of possession execution in this case. The Court finds
there was improper execution as the judgment was against Lisa Ryan and all unknown occupants. On
1/2/2019, Plaintiff filed an unlawful detainer for the premises address in this matter against Jamie
Gallian. The Court finds on these facts, Jamie Gallian is NOT an unknown occupant.

The Court orders Plaintiff to place Jamie Gallian back in possession by 5:00 PM today.

DATE: 03/06/2019                    MINUTE ORDER                    Page 1
DEPT: C61                                                    Calendar No.

EJ-130

ATTORNEY OR PARTY WITHOUT ATTORNEY        STATE BAR NO. 170746

NAME: VIVIENNE J ALSTON

FIRM NAME: ALSTON ALSTON & DIEBOLD

STREET ADDRESS: 27201 PUERTA REAL, STE 300

CITY: MISSION VIEJO    STATE: CA    ZIP CODE: 92691

TELEPHONE NO.: 714 556 9400    FAX NO.: 714 556 9500

E-MAIL ADDRESS: valston@aadlawyers.com

ATTORNEY FOR (name): HOUSER BROS. CO.

[X] ORIGINAL JUDGMENT CREDITOR    [ ] ASSIGNEE OF RECORD

FOR COURT USE ONLY

Pursuant to California Government Code § 68150(d), the Clerk of the Court hereby certifies this document accurately reflects the official court record. The electronic signature and seal on this document have the same validity and legal force and effect as an original clerk's signature and court seal. California Government Code § 68150(g).

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE

STREET ADDRESS: 700 CIVIC CENTER DRIVE WEST

MAILING ADDRESS:

CITY AND ZIP CODE: SANTA ANA  CA  92701

BRANCH NAME: CENTRAL JUSTICE CENTER

Plaintiff: HOUSER BROS. CO.

Defendant: LISA RYAN

CASE NUMBER
30 2018 01013582 CLUDCJC

WRIT OF    [ ] EXECUTION (Money Judgment)
           [X] POSSESSION OF    [ ] Personal Property
           [ ] SALE               [X] Real Property

[X] Limited Civil Case (including Small Claims)
[ ] Unlimited Civil Case (including Family and Probate)

1. To the Sheriff or Marshal of the County of: ORANGE COUNTY
   You are directed to enforce the judgment described below with daily interest and your costs as provided by law.

2. To any registered process server: You are authorized to serve this writ only in accordance with CCP 699.080 or CCP 715.040.

3. (Name): HOUSER BROS. CO., a California general partnership dba RANCHO DEL REY MOBILE HOME ESTATES
   is the [X] original judgment creditor [ ] assignee of record  whose address is shown on this form above the court's name.

4. Judgment debtor (name, type of legal entity if not a natural person, and last known address):

   LISA RYAN
   16222 Monterey Lane, Space 376
   Huntington Beach, California 92649

   [ ] Additional judgment debtors on next page

5. Judgment entered on (date):
   10- 18 -2018  ✱

6. [ ] Judgment renewed on (dates):

7. Notice of sale under this writ
   a. [X] has not been requested.
   b. [ ] has been requested (see next page).

8. [ ] Joint debtor information on next page.

(SEAL)

9. [X] See next page for information on real or personal property to be delivered under a writ of possession or sold under a writ of sale.

10. [ ] This writ is issued on a sister-state judgment.

For Items 11–17, see form MC-012 and form MC-013-INFO.

11. Total judgment (as entered or renewed)    $
12. Costs after judgment (CCP 685.090)        $
13. Subtotal (add 11 and 12)                  $
14. Credits to principal (after credit to interest)  $
15. Principal remaining due (subtract 14 from 13) $
16. Accrued interest remaining due per CCP 685.050(b) (not on GC 6103.5 fees)  $
17. Fee for issuance of writ                  $25.00
18. Total (add 15, 16, and 17)                $25.00

19. Levying officer:
   a. Add daily interest from date of writ (at the legal rate on 16) (not on GC 6103.5 fees) . . . . . . . . . . . . . $
   b. Pay directly to court costs included in 11 and 17 (GC 6103.5, 68637; CCP 699.520(i)) . . . . . . . . . . . . $

20. [ ] The amounts called for in items 11–19 are different for each debtor. These amounts are stated for each debtor on Attachment 20.

David H. Yamasaki, Clerk of the Court

Issued on (date): 11/14/2018    Clerk, by _____, Deputy

D.Cuevas

NOTICE TO PERSON SERVED: SEE PAGE 3 FOR IMPORTANT INFORMATION.

Page 1 of 3

Form Approved for Optional Use
Judicial Council of California
EJ-130 [Rev. January 1, 2018]

WRIT OF EXECUTION

Code of Civil Procedure, §§ 699.520, 712.010, 715.010
Government Code, § 6103.5
www.courts.ca.gov

(vertical right margin) 2018 NOV    O.C. SHERIFF'S DEPT. CENTRAL COURT SERVICES  A  O  R  RECEIVED

| | EJ-130 |
|---|---|
| Plaintiff: HOUSER BROS. CO.<br>Defendant: LISA RYAN | CASE NUMBER<br>30 2018 01013582 CLUDCJC |

21. ☐ Additional judgment debtor (name, type of legal entity
if not a natural person, and last known address):

22. ☐ Notice of sale has been requested by (name and address):

23. ☐ Joint debtor was declared bound by the judgment (CCP 989–994)
  a. on (date):                           a. on (date):
  b. name, type of legal entity if not a natural person, and      b. name, type of legal entity if not a natural person, and
     last known address of joint debtor:               last known address of joint debtor:

  c. ☐ Additional costs against certain joint debtors are itemized: ☐ Below ☐ On Attachment 23c

24. ☒ (Writ of Possession or Writ of Sale) Judgment was entered for the following:
  a. ☒ Possession of real property: The complaint was filed on (date): 8-21-2018
     (Check (1) or (2). Check (3) if applicable. Complete (4) if (2) or (3) have been checked.)

    (1) ☒ The Prejudgment Claim of Right to Possession was served in compliance with CCP 415.46. The judgment includes
        all tenants, subtenants, named claimants, and other occupants of the premises.

    (2) ☐ The Prejudgment Claim of Right to Possession was NOT served in compliance with CCP 415.46.

    (3) ☐ The unlawful detainer resulted from a foreclosure sale of a rental housing unit. (An occupant not named in the
        judgment may file a Claim of Right to Possession at any time up to and including the time the levying officer returns
        to effect eviction, regardless of whether a Prejudgment Claim of Right to Possession was served.) (See CCP 415.46
        and 1174.3(a)(2).)

    (4) If the unlawful detainer resulted from a foreclosure (item 24a(3)), or if the Prejudgment Claim of Right to Possession was
       not served in compliance with CCP 415.46 (item 24a(2)), answer the following:

      (a)   The daily rental value on the date the complaint was filed was  $36.20

      (b)   The court will hear objections to enforcement of the judgment under CCP 1174.3 on the following dates (specify):

  b. ☐ Possession of personal property.
      ☐ If delivery cannot be had, then for the value (itemize in 24e) specified in the judgment or supplemental order.
  c. ☐ Sale of personal property.
  d. ☐ Sale of real property.
  e. The property is described: ☒ Below ☐ On Attachment 24e

    16222 Monterey Lane, Space 378, Huntington Beach, California 92649

EJ-130 [Rev. January 1, 2016]               **WRIT OF EXECUTION**               Page 2 of 3

22

EJ-130

| Plaintiff: HOUSER BROS. CO. | CASE NUMBER: |
| Defendant: LISA RYAN | 30 2018 01013582 CLUDCJC |

### NOTICE TO PERSON SERVED

WRIT OF EXECUTION OR SALE. Your rights and duties are indicated on the accompanying *Notice of Levy* (form EJ-150).

WRIT OF POSSESSION OF PERSONAL PROPERTY. If the levying officer is not able to take custody of the property, the levying officer will demand that you turn over the property. If custody is not obtained following demand, the judgment may be enforced as a money judgment for the value of the property specified in the judgment or in a supplemental order.

WRIT OF POSSESSION OF REAL PROPERTY. If the premises are not vacated within five days after the date of service on the occupant or, if service is by posting, within five days after service on you, the levying officer will remove the occupants from the real property and place the judgment creditor in possession of the property. Except for a mobile home, personal property remaining on the premises will be sold or otherwise disposed of in accordance with CCP 1174 unless you or the owner of the property pays the judgment creditor the reasonable cost of storage and takes possession of the personal property not later than 15 days after the time the judgment creditor takes possession of the premises.

EXCEPTION IF RENTAL HOUSING UNIT WAS FORECLOSED. If the residential property that you are renting was sold in a foreclosure, you have additional time before you must vacate the premises. If you have a lease for a fixed term, such as for a year, you may remain in the property until the term is up. If you have a periodic lease or tenancy, such as from month-to-month, you may remain in the property for 90 days after receiving a notice to quit. A blank form *Claim of Right to Possession and Notice of Hearing* (form CP10) accompanies this writ. You may claim your right to remain on the property by filling it out and giving it to the sheriff or levying officer.

EXCEPTION IF YOU WERE NOT SERVED WITH A FORM CALLED PREJUDGMENT CLAIM OF RIGHT TO POSSESSION. If you were not named in the judgment for possession and you occupied the premises on the date on which the unlawful detainer case was filed, you may object to the enforcement of the judgment against you. You must complete the form *Claim of Right to Possession and Notice of Hearing* (form CP10) and give it to the sheriff or levying officer. A blank form accompanies this writ. You have this right whether or not the property you are renting was sold in a foreclosure.

EJ-130 [Rev. January 1, 2018]                    **WRIT OF EXECUTION**                    Page 3 of 3

| TO (Name and Address)<br>Lisa Ryan<br><br>16222 Monterey Lane Space 376<br>Huntington Beach, CA 92649 | LEVYING OFFICER (Name and Address)<br>Orange County Sheriff's Office<br>Sheriff's Civil Division<br>Suite 2<br>909 N. Main Street<br>Santa Ana, CA 92701 |
|---|---|
| NAME OF COURT, JUDICIAL DISTRICT or BRANCH COURT, IF ANY:<br>Orange County Superior Court<br>700 Civic Center Drive West<br>Santa Ana, CA 92701<br>Central Justice Center | (714) 569-3700<br>Fax: (714) 569-2368<br><br>California Relay Service Number<br>(800) 735-2929 TDD or 711 |
| PLAINTIFF:<br>Houser Bros Co<br>DEFENDANT:<br>Lisa Ryan | COURT CASE NO.:<br><br>30 2018 01013582 CLUDCJC |
| **Notice to Vacate** | LEVYING OFFICER FILE NO.:<br><br>2018517508 |

By virtue of the Writ of Execution for Possession/Real Property (eviction), issued out of the above court, you are hereby ordered to vacate the premises described on the writ.

| Eviction Address: | 16222 Monterey Lane Space 376<br>Huntington Beach, CA 92649 |
|---|---|

Final notice is hereby given that possession of the property must be turned over to the landlord on or before:

| Final notice is hereby given that possession of the property must be turned over to the landlord on or before: | Monday, December 03, 2018 6:01 AM |
|---|---|

Should you fail to vacate the premises within the allotted time, I will immediately enforce the writ by removing you from the premises. All personal property upon the premises at the time will be turned over to the landlord, who must return said personal property to you upon your payment of the reasonable cost incurred by the landlord in storing the property from the date of eviction to the date of payment. If the property is stored on the landlord's premises, the reasonable cost of storage is the fair rental value of the space necessary for the time of storage. If you do not pay the reasonable storage costs and take possession within fifteen (15) days, the landlord may either sell your property at a public sale and keep from the proceeds of the sale the costs of storage and of the sale (1988 CCC), or, if the property is valued at less than $700.00, the landlord may dispose of your property or retain it for his own use. (715.010(b)(3), 1174 CCP)

If you claim a right of possession of the premises that accrued prior to the commencement of this action, or if you were in possession of the premises on the date of the filing of the action and you are not named on the writ, complete and file the attached Claim of Right of Possession form with this office. No claim of right to possession can be filed if box 24a(1) located on the back of the writ is checked.



Sandra Hutchens
Sheriff-Coroner

By: _____
Sheriff's Authorized Agent

CPM Form 8.32
11/30/2009 (Revised)

Original

24

### SUPERIOR COURT OF CALIFORNIA,
### COUNTY OF ORANGE
### CIVIL COMPLEX CENTER

#### MINUTE ORDER

DATE: 12/04/2018                    TIME: 01:30:00 PM        DEPT: CX103

JUDICIAL OFFICER PRESIDING: Ronald L. Bauer
CLERK:  Larry S Brown
REPORTER/ERM: None
BAILIFF/COURT ATTENDANT:

CASE NO: **30-2018-01035730-CU-PT-CJC**  CASE INIT.DATE: 12/04/2018
CASE TITLE: **Gallian vs. Bros**
CASE CATEGORY: Civil - Unlimited       CASE TYPE: Petitions - Other

---

EVENT ID/DOCUMENT ID: 72940663,107089011
**EVENT TYPE:** Ex Parte
MOVING PARTY: Jamie L Gallian
CAUSAL DOCUMENT/DATE FILED: Ex Parte Application - Other For Temporary Restraining Order,
12/04/2018

---

APPEARANCES
Jamie L Gallian, self represented Petitioner, present.
Vivienne J. Alston from Alston, Alston & Diebold present for Deft. Houser Bros.
Kathryn Curtiss of Houser Bros, present

---

Plaintiff's Ex Parte Application for (1) Temporary Restraining Order to Prevent Civil Harassment and
Order to Show Cause for Permanent Injunction (2) Acknowledgment of Satisfaction of Judgment
(3) to Determine the Rightful Owner and Possession of Personal Property, the Manufactured Home
located at 16222 Monterey Lane, #376, Huntington Beach, CA 92649

The Court having fully considered the arguments of all parties, both written and oral, as well as the
evidence presented, now rules as follows: the Ex Parte Application is granted

The Court issues a Temporary Restraining Order against eviction of Plaintiff by Defendant, pending a
hearing on Preliminary Injunction to be held on 01/02/2019 at 9:00 a.m. in Department CX103.

Opposition to be filed by 12/21/2018.

The formal order was signed this date.

Parties waive notice.

---

DATE: 12/04/2018                    MINUTE ORDER                    Page 1
DEPT: CX103                                                       Calendar No.

25

ELAINE B. ALSTON
VIVIENNE J. ALSTON
DONALD A. DIEBOLD

## ALSTON, ALSTON & DIEBOLD

TELEPHONE (714) 556-9400
FACSIMILE (714) 556-9500

27201 PUERTA REAL
SUITE 300
MISSION VIEJO, CALIFORNIA 92691

OUR FILE NO:    1510.

December 10, 2018

## FIVE (5) DAY DEMAND
## FOR SURRENDER OF POSSESSION OF SITE

To:    **Jamie Gallian and All Unlawful Occupants and Persons in Possession Without a Signed Rental Agreement ("Occupants"):**

**NOTICE IS HEREBY GIVEN** that management of the mobilehome park commonly known as:

Rancho Del Rey
16222 Monterey Lane
Huntington Beach, CA 92649
(referred to as "Park" herein)

HEREBY DEMANDS that the Occupants named above, and each of them, quit the premises in the Park and surrender possession thereof commonly described as:

Space 376
(referred to as "site" herein)

WITHIN FIVE (5) DAYS FROM AND AFTER SERVICE OF THIS NOTICE, and that said surrender of the mobilehome site be made to the park manager(s), who is authorized to receive the same on behalf of the management.

Civil Code Section 798.75 authorizes forcible detainer proceedings against any occupant of a mobilehome park who does not have rights of tenancy and is not otherwise entitled to occupy the premises, upon failure of the occupants to quit the premises within five (5) days after service of a demand for surrender of the site.

This notice is served with reference to the following facts, inter alia, upon which said demand is now hereby made:

That you have actual and physical possession of the site, without permission from park management, and without right or authority under a rental agreement or otherwise. Based upon the foregoing facts, management is authorized to pursue its legal remedies to obtain possession of the site from all such Occupants having no right of tenancy or possession.

26

J Gallian
and All Unlawful Occupants
December 10, 2018
Page 2


**THIS NOTICE IS INTENDED AS A FIVE (5) DAY DEMAND TO SURRENDER POSSESSION AND NOTICE TO QUIT AS PER <u>CIVIL CODE</u> SECTION 798.75. SHOULD YOU FAIL TO QUIT AND SURRENDER POSSESSION AS HEREBY DEMANDED, LEGAL PROCEEDINGS SHALL BE INSTITUTED FOR RESTITUTION OF POSSESSION OF THE PREMISES, REASONABLE RENTAL VALUE, DAMAGES INCIDENTAL TO OCCUPANTS WRONGFUL UNLAWFUL OCCUPATION OF THE SITE, AND ATTORNEYS' FEES AND COSTS, AND STATUTORY DAMAGES.**

                                        ALSTON, ALSTON & DIEBOLD

Dated:  December 10, 2018                By: _____
                                        VIVIENNE J. ALSTON
                                        Authorized Agent for Owner


cc:     Client
        Park Manager


27

| TO (Name and Address): Lisa Ryan<br><br>16222 Monterey Lane Space 376<br>Huntington Beach, CA 92649 | LEVYING OFFICER (Name and Address):<br><br>**Orange County Sheriff's Office**<br>**Sheriff's Civil Division**<br>Suite 2<br>909 N. Main Street<br>Santa Ana, CA 92701 |
|---|---|
| NAME OF COURT, JUDICIAL DISTRICT or BRANCH COURT, IF ANY:<br><br>**Orange County Superior Court**<br>**700 Civic Center Drive West**<br>**Santa Ana, CA 92701**<br>**Central Justice Center** | **(714) 569-3700**<br>Fax: (714) 569-2368<br><br>**California Relay Service Number**<br>**(800) 735-2929 TDD or 711** |
| PLAINTIFF:<br>Houser Bros Co<br>DEFENDANT:<br>Lisa Ryan | COURT CASE NO.:<br><br>30 2018 01013582 CLUDCJC |
| **Notice to Vacate** | LEVYING OFFICER FILE NO.:<br><br>2018517508 |

By virtue of the Writ of Execution for Possession/Real Property (eviction), issued out of the above court, you are hereby ordered to vacate the premises described on the writ.

| Eviction Address: | 16222 Monterey Lane Space 376<br>Huntington Beach, CA  92649 |
|---|---|

Final notice is hereby given that possession of the property must be turned over to the landlord on or before:

| Final notice is hereby given that possession of the property must be turned over to the landlord on or before: | Sunday, January 20, 2019 6:01 AM |
|---|---|

Should you fail to vacate the premises within the allotted time, I will immediately enforce the writ by removing you from the premises. All personal property upon the premises at the time will be turned over to the landlord, who must return said personal property to you upon your payment of the reasonable cost incurred by the landlord in storing the property from the date of eviction to the date of payment. If the property is stored on the landlord's premises, the reasonable cost of storage is the fair rental value of the space necessary for the time of storage. If you do not pay the reasonable storage costs and take possession within fifteen (15) days, the landlord may either sell your property at a public sale and keep from the proceeds of the sale the costs of storage and of the sale (1988 CCC), or, if the property is valued at less than $700.00, the landlord may dispose of your property or retain it for his own use. (715.010(b)(3), 1174 CCP)

If you claim a right of possession of the premises that accrued prior to the commencement of this action, or if you were in possession of the premises on the date of the filing of the action and you are not named on the writ, complete and file the attached Claim of Right of Possession form with this office. No claim of right to possession can be filed if box 24a(1) located on the back of the writ is checked.



**Don Barnes**
**Sheriff-Coroner**

By: *Renee #646*
Sheriff's Authorized Agent

CPM Form 8.32
11/30/2009 (Revised)

**Original**

28

| TO (Name and Address): | LEVYING OFFICER (Name and Address): |
|---|---|
| Lisa Ryan<br><br>16222 Monterey Lane Space 376<br>Huntington Beach, CA 92649 | Orange County Sheriff's Office<br>Sheriff's Civil Division<br>Suite 2<br>909 N. Main Street<br>Santa Ana, CA 92701 |
| NAME OF COURT, JUDICIAL DISTRICT or BRANCH COURT, IF ANY:<br>Orange County Superior Court<br>700 Civic Center Drive West<br>Santa Ana, CA 92701<br>Central Justice Center | (714) 569-3700<br>Fax: (714) 569-2368<br><br>California Relay Service Number<br>(800) 735-2929 TDD or 711 |
| PLAINTIFF:<br>Houser Bros Co<br>DEFENDANT:<br>Lisa Ryan | COURT CASE NO.:<br>30 2018 01013582 CLUDCJC |
| **Eviction Restoration Notice** | LEVYING OFFICER FILE NO.:<br>2018517508 |

To: Evicted Tenants, Property Owners, Their Agents and The Local Police:

By virtue of a Writ of Execution for Possession of Real Property, the following property was restored to the landlord on:

| Eviction Date: | 3/04/19        12:30 PM |
|---|---|
| Eviction Address: | 16222 Monterey Lane Space 376<br>Huntington Beach, CA 92649 |

Pursuant to Penal Code Sections 419 and 602, and judgment debtor, any persons removed by the Sheriff or Marshal, or any person not authorized by the landlord, who enters the real property after eviction, may be subject to arrest.

Pursuant to California Civil Procedure sections 715.010(b)(3) and 715.030, all personal property left on the premises has been turned over to the landlord. The landlord is responsible for the safe keeping of tenant's property for fifteen (15) days from the date of eviction. The landlord may charge a reasonable fee for removal and storage of the property. However, upon demand of the tenant, the landlord must return the tenant's property if the tenant pays all costs incurred by the property owner for storage and maintenance. If the costs are not paid by the tenant and the tenant does not take possession of the property left behind before the end of the fifteen (15) day period, the landlord may either sell the property at public sale and keep from the proceeds of the sale the costs of storage and of the sale (1988 CCC), if the property is valued at less than $700.00, the landlord may dispose of the property or retain it for his own use. (1174 CCP)

Date: 3/14/19



Don Barnes
Sheriff-Coroner

By: _____
Sheriff's Authorized Agent

CPM Form 8.33
12/19/2012 (Revised)

543455

SUPERIOR COURT OF CALIFORNIA,
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

MINUTE ORDER

DATE: 03/06/2019              TIME: 08:30:00 AM        DEPT: C61

COMMISSIONER: Carmen Luege
CLERK: Ryan Castillo
REPORTER/ERM:
BAILIFF/COURT ATTENDANT: C. Gonzalez

CASE NO: 30-2018-01013582-CL-UD-CJC   CASE INIT.DATE: 08/21/2018
CASE TITLE: Houser Bros. Co. vs. Ryan
CASE CATEGORY: Civil - Limited        CASE TYPE: Unlawful Detainer - Residential

EVENT ID/DOCUMENT ID: 72999194
EVENT TYPE: Ex Parte
MOVING PARTY: Jamie L Gallan
CAUSAL DOCUMENT/DATE FILED: Ex Parte Application - Other, 03/05/2019

EVENT ID/DOCUMENT ID: 72999195
EVENT TYPE: Ex Parte
MOVING PARTY: Jamie L Gallan
CAUSAL DOCUMENT/DATE FILED: Ex Parte Application - Other, 03/05/2019

APPEARANCES
Vivienne J. Alston, from Alston, Alston & Diebold Attorneys at Law, present for Plaintiff(s).
Jamie L Gallan, self represented Interested Party, present.

Proceedings recorded electronically.

Ex-Parte application for reconsideration to intervene and TRO to stay writ of possession is requested by
Jaime Gallion.

Ex-parte Application is read and considered.

The Court having fully considered the arguments of all parties, both written and oral, as well as the
evidence presented, now rules as follows:

The motion for reconsideration to intervene and TRO to stay writ of possession is GRANTED .

The Court allows Gallian to intervene as to the writ of possession execution in this case. The Court finds
there was improper execution as the judgment was against Lisa Ryan and all unknown occupants. On
1/2/2019, Plaintiff filed an unlawful detainer for the premises address in this matter against Jamie
Gallian. The Court finds on these facts, Jamie Gallian is NOT an unknown occupant.

The Court orders Plaintiff to place Jamie Gallian back in possession by 5:00 PM today.

DATE: 03/06/2019                    MINUTE ORDER                           Page 1
DEPT: C61                                                           Calendar No.



# TAX CLEARANCE CERTIFICATE

☒ **Mobile Home**                                    ☐ **Floating Home**

### COUNTY OF ORANGE

| | |
|---|---|
| SERIAL NUMBER/HULL NUMBER | DECAL NUMBER/CF NUMBER |
| AC7V710394GA, AC7V710394GB | LBM1081 |
| LOCATION OF HOME | ASSESSOR'S PARCEL NUMBER |
| 16222 MONTEREY LN 376 HUNTINGTON BEACH | 891-569-62 |
| CURRENT REGISTERED OWNER | APPLICANT |
| J-SANDCASTLE CO LLC<br>16222 MONTEREY LN<br>SPC 376<br>HUNTINGTON BEACH CA 92649 | J-SANDCASTLE CO LLC & JAMIE L. GALLIAN<br>16222 MONTEREY LN #376<br>HUNTINGTON BEACH CA 92649 |

I hereby certify that the following has been paid:

☐  Delinquent license fees

☐  Property taxes applicable to the home identified above through the fiscal year

☒  A security deposit for payment of the property taxes for the fiscal year 2021-2022

☒  No taxes due or payable at this time.

There may be a supplemental assessment not covered by this "Tax Clearance Certificate" which may create an additional bill.

### THIS CERTIFICATE IS VOID ON AND AFTER SEPTEMBER 7, 2021.

Executed on July 9, 2021 at Santa Ana.
Treasurer-Tax Collector for Orange County, State of California.

Issued on July 9, 2021 _____
                                                                    (Signature)

§2189.8, 5832 R & T Code                                                    TDL 10-01 (7-87)

STATE OF CALIFORNIA
BUSINESS, CONSUMER SERVICES AND HOUSING AGENCY
DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT
DIVISION OF CODES AND STANDARDS
REGISTRATION AND TITLING PROGRAM



**LIEN SATISFIED**

---

**SECTION I.      DESCRIPTION OF UNIT**

This unit is a:

☑ Manufactured Home/Mobilehome  ☐ Commercial Modular  ☐ Floating Home  ☐ Truck Camper

The Decal (License) No.(s) of the unit is: LBM1081

The Trade Name of the unit is: CUSTOM VILLA

The Serial No.(s) of the unit is: AC7V710394GB/AC7V710394GA

---

**SECTION II.      DEBTOR(S) NAME(S)**

Name of Debtor(s): J-SANDCASTLE CO, LLC

---

**SECTION III.      LIENHOLDER'S CERTIFICATION**

This is to certify that our/my lien in the name(s) of the debtor(s) shown above against the described unit has been fully satisfied and has not been assigned to any other party.

I/We certify under penalty of perjury that the foregoing is true and correct.

Print or Type Name of Legal Owner or Jr. Lienholder (Lender):

J-PAD LLC or RONALD J. PIERPONT

Signature of Legal Owner, Jr. Lienholder (Lender) or their Authorized Agent:

*Ronald J. Pierpont*                                                Date 7/9/2021

Address _____16222 MONTEREY LN. #376_____   HUNTINGTON BEACH,   CA   92649
            Street Address or P.O. Box                    City            State      Zip

HCD RT 475.3 (Rev. 07/16)

STATE OF CALIFORNIA - BUSINESS, CONSUMER SERVICES AND HOUSING AGENCY                GAVIN NEWSOM, Governor

**DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT**
DIVISION OF CODES AND STANDARDS



## Title Search

Date Printed: Aug 11, 2021

| | | | |
|---|---|---|---|
| Decal #: | LBM1081 | Use Code: | SFD |
| Manufacturer: | SKYLINE HOMES INC | Original Price Code: | BVH |
| Tradename: | CUSTOM VILLA | Rating Year: | |
| Model: | | Tax Type: | LPT |
| Manufactured Date: | 05/29/2014 | Last ILT Amount: | |
| Registration Exp: | | Date ILT Fees Paid: | |
| First Sold On: | 07/28/2014 | ILT Exemption: | NONE |

| Serial Number | HUD Label / Insignia | Length | Width |
|---|---|---|---|
| AC7V710394GA | PFS1130282 | 60' | 15' 2" |
| AC7V710394GB | PFS1130281 | 56' | 15' 2" |

Registered Owner:

JAMIE LYNN GALLIAN
16222 MONTEREY LN SPACE 376
HUNTINGTON BEACH, CA 92649

**Last Title Date:**        08/03/2021

**Last Reg Card:**          08/03/2021

**Sale/Transfer Info:**     Price $.00 Transferred on 02/25/2021

Situs Address:

16222 MONTEREY LN SPACE 376
HUNTINGTON BEACH, CA  92649
Situs County: ORANGE

Legal Owner:

J-PAD LLC
21742 ANZA AVE
TORRANCE, CA 90503

**Lien Perfected On:**       01/14/19 15:22:00

Title Searches:

JANINE JASSO
PO BOX 370161
EL PASO, TX 79937

**Title File No:**           LBM1081

JAMIE GALLIAN
16222 MONTEREY LANE SPACE 376
HUNTINGTN BCH, CA 92649

**Title File No:**           LBM1081

JAMIE GALLIAN
16222 MONTEREY LANE SPACE 376
HUNTINGTN BCH, CA 92649

**Title File No:**           LBM1081

# EXHIBIT C

# EXHIBIT C

**Fill in this information to identify your case:**

| | | | |
|---|---|---|---|
| Debtor 1 | **Jamie Lynn Gallian** | | |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse if, filing) | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the:   CENTRAL DISTRICT OF CALIFORNIA–SANTA ANA DIVISION

Case number   **8:21-bk-11710-ES**
(if known)

■ Check if this is an amended filing

## Official Form 106C

# Schedule C: The Property You Claim as Exempt

4/19

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. Using the property you listed on *Schedule A/B: Property* (Official Form 106A/B) as your source, list the property that you claim as exempt. If more space is needed, fill out and attach to this page as many copies of *Part 2: Additional Page* as necessary. On the top of any additional pages, write your name and case number (if known).

For each item of property you claim as exempt, you must specify the amount of the exemption you claim. One way of doing so is to state a specific dollar amount as exempt. Alternatively, you may claim the full fair market value of the property being exempted up to the amount of any applicable statutory limit. Some exemptions—such as those for health aids, rights to receive certain benefits, and tax-exempt retirement funds—may be unlimited in dollar amount. However, if you claim an exemption of 100% of fair market value under a law that limits the exemption to a particular dollar amount and the value of the property is determined to exceed that amount, your exemption would be limited to the applicable statutory amount.

**Part 1:**   **Identify the Property You Claim as Exempt**

1.  **Which set of exemptions are you claiming?** *Check one only, even if your spouse is filing with you.*

■ You are claiming state and federal nonbankruptcy exemptions.   11 U.S.C. § 522(b)(3)

☐ You are claiming federal exemptions.   11 U.S.C. § 522(b)(2)

2.  **For any property you list on** *Schedule A/B* **that you claim as exempt, fill in the information below.**

| Brief description of the property and line on *Schedule A/B* that lists this property | Current value of the portion you own<br>Copy the value from *Schedule A/B* | Amount of the exemption you claim<br>*Check only one box for each exemption.* | | Specific laws that allow exemption |
|---|---|---|---|---|
| **16222 Monterey Ln. Spc 376 Huntington Beach, CA 92649 Orange County** **APN: 891-569-62; 2014 Skyline Custom Villa Manufactured Home. Decal No. LBM1081. Serial Number AC7V710394GB 56'x15'2"; Serial Number AC7V710394GA 60'x15'2".** Line from *Schedule A/B:* **1.1** | $235,000.00 | ■ $600,000.00 | ☐ 100% of fair market value, up to any applicable statutory limit | C.C.P. § 704.730 |
| **Misc. household goods and furnishings** **Location: 16222 Monterey Lane, Space 376, Huntington Beach CA 92649** Line from *Schedule A/B:* **6.1** | $3,500.00 | ■ $3,500.00 | ☐ 100% of fair market value, up to any applicable statutory limit | C.C.P. § 704.020 |
| **waterford crystal set red and white wine glasses** Line from *Schedule A/B:* **6.2** | $1,000.00 | ■ $1,000.00 | ☐ 100% of fair market value, up to any applicable statutory limit | C.C.P. § 704.040 |

Software Copyright (c) 1996-2021 Best Case, LLC - www.bestcase.com   Best Case Bankruptcy

Debtor 1   **Jamie Lynn Gallian**                                          Case number (if known)   **8:21-bk-11710-ES**

| Brief description of the property and line on *Schedule A/B* that lists this property | Current value of the portion you own<br>Copy the value from *Schedule A/B* | Amount of the exemption you claim<br>*Check only one box for each exemption.* | | Specific laws that allow exemption |
|---|---|---|---|---|
| Wall television, computer, printer and peripherals<br>Location: 16222 Monterey Lane, Space 376, Huntington Beach CA 92649<br>Line from *Schedule A/B:* **7.1** | $500.00 | ■ | $500.00<br>☐ 100% of fair market value, up to any applicable statutory limit | C.C.P. § 704.020 |
| Lladro figurine collection (20)<br>Line from *Schedule A/B:* **8.1** | $1,900.00 | ■ | $1,900.00<br>☐ 100% of fair market value, up to any applicable statutory limit | C.C.P. § 704.040 |
| Misc. clothing<br>Location: 16222 Monterey Lane, Space 376, Huntington Beach CA 92649<br>Line from *Schedule A/B:* **11.1** | $1,000.00 | ■ | $1,000.00<br>☐ 100% of fair market value, up to any applicable statutory limit | C.C.P. § 704.020 |
| Movado wrist watch (20 yrs. old); costume jewelry, misc. non-gold chains/bracelets, and earrings.<br>Location: 16222 Monterey Lane, Space 376, Huntington Beach CA 92649<br>Line from *Schedule A/B:* **12.1** | $1,000.00 | ■ | $1,000.00<br>☐ 100% of fair market value, up to any applicable statutory limit | C.C.P. § 704.040 |
| 5-year old Wired Terrier Dog<br>Line from *Schedule A/B:* **13.1** | $25.00 | ■ | $25.00<br>☐ 100% of fair market value, up to any applicable statutory limit | C.C.P. § 704.020 |
| EDD Debit account: Bank of America<br>Line from *Schedule A/B:* **17.1** | $3,793.00 | ■ | $3,793.00<br>☐ 100% of fair market value, up to any applicable statutory limit | C.C.P. § 704.225 |
| Savings: Alliant Credit Union--Only funds are Covid-19 relief funds from the government.<br>Line from *Schedule A/B:* **17.2** | $1,407.00 | ■ | $1,407.00<br>☐ 100% of fair market value, up to any applicable statutory limit | C.C.P. § 704.220 |
| Savings: Alliant Credit Union--Only funds are Covid-19 relief funds from the government.<br>Line from *Schedule A/B:* **17.3** | $2,600.00 | ■ | $381.00<br>☐ 100% of fair market value, up to any applicable statutory limit | C.C.P. § 704.220 |
| Savings: Alliant Credit Union--Only funds are Covid-19 relief funds from the government.<br>Line from *Schedule A/B:* **17.3** | $2,600.00 | ■ | $2,219.00<br>☐ 100% of fair market value, up to any applicable statutory limit | C.C.P. § 704.225 |
| IRA: Fidelity<br>Line from *Schedule A/B:* **21.1** | $7,400.00 | ■ | $7,400.00<br>☐ 100% of fair market value, up to any applicable statutory limit | C.C.P. § 704.115(a)(1) & (2), (b) |

Case 8:21-bk-11710-SC   Doc 253   Filed 10/21/22   Entered 10/21/22 11:16:39   Desc
Case 8:21-bk-11710-SC   Main Document   Page 100 of 256   Entered 10/07/22 17:24:54   Desc
Main Document   Page 100 of 256

Case 8:21-bk-11710-ES   Doc 72   Filed 03/11/22   Entered 03/14/22 09:54:23   Desc
Main Document   Page 22 of 64

Debtor 1   **Jamie Lynn Gallian**                                       Case number (if known)   **8:21-bk-11710-ES**

| Brief description of the property and line on *Schedule A/B* that lists this property | Current value of the portion you own   Copy the value from *Schedule A/B* | Amount of the exemption you claim   *Check only one box for each exemption.* | Specific laws that allow exemption |
|---|---|---|---|
| **IRA: Fidelity** Line from *Schedule A/B*: **21.1** | **$7,400.00** | ■             **$7,400.00**  ☐ 100% of fair market value, up to any applicable statutory limit | **11 U.S.C. § 522(b)(3)(C)** |
| **Personal Injury claim against Huntington Beach Gables HOA; Jesus Jasso, Jr. Case No. 30-2020-01153679. Estimated damages $195,000.** Line from *Schedule A/B*: **34.4** | **Unknown** | ■         **$195,000.00**  ☐ 100% of fair market value, up to any applicable statutory limit | **C.C.P. § 704.140** |
| **Potential Victim Restitution Order Jesus Jasso, Jr, OCSC 19WM09951** Line from *Schedule A/B*: **34.2** | **Unknown** | XX       **$73,000.00**  100% of fair market value, up to any applicable statutory limit | **C.C.P. § 704.140** |

3.  **Are you claiming a homestead exemption of more than $170,350?**
    (Subject to adjustment on 4/01/22 and every 3 years after that for cases filed on or after the date of adjustment.)

    ☐  No
    ■  Yes. Did you acquire the property covered by the exemption within 1,215 days before you filed this case?

        ☐  No
        ■  Yes

# Attachment B

### LEGAL DESCRIPTION

Case 8:21-bk-11710-SC   Doc 241   Filed 10/07/22   Entered 10/07/22 17:24:54   Desc
Main Document    Page 106 of 260

EXHIBIT A (LEGAL)

Parcel 1:

Units 1 through     inclusive as shown and defined on a Condominium Plan (the "Condominium
Plan") recorded in Book 13358, Pages 1193 and following of Official Records of Orange
County, California, excepting that portion consisting of buildings and other
improvements.

Parcel 2:

An undivided eighty/eightieths (80/80) interest in the Common Area of Lots 1 and 2 of
Tract No. 10542, in the City of Huntington Beach, County of Orange, State of California, as
shown on a map recorded in Book 456, Pages 49 and 50 of Miscellaneous Maps, records of
Orange County, California, as shown and defined on the Condominium Plan, excepting that
portion consisting of buildings and other improvements.

Parcel 3:

Those portions of Units 1 through     inclusive, as shown and defined on the Condominium
Plan, consisting of buildings and other improvements.

Parcel 4:

An undivided                          interest in and to those portions of the Common
Area as shown and defined on the Condominium Plan, consisting of buildings or other
improvements.

Parcel 5:

An easement for the exclusive use and occupancy of those portions of the restricted
Common Area, as defined on said Condominium Plan for entry and staircases and attic space
relating to said units.

Parcel 6:

A non-exclusive easement and right to use the Common Area as defined on said Condominium
Plan, except the restricted Common Area.

# EXHIBIT B (ESTATE)

The Estate of Interest in the land is described as follows:

A Ground Leasehold Estate as to Parcels 1 and 2, said Estate being more particularly described as the Lessee's Interest under those certain Ground Leases set forth in Subparagraph (A) herein below.

A remainder interest in a determinable Fee Estate as to Parcels 3 and 4;

An easement as to Parcels 5 and 6;

(A)  Those certain Ground Leases, dated August 1, 1980, executed by Houser Bros. Co., a limited partnership organized under the laws of the State of California, in which Clifford C. Houser and Vernon F. Houser Constitute the sole General Partners, as Landlord, and by Robert P. Warmington, as Tenant, for the term ending December 31, 2059, upon the Terms, Covenants and Conditions therein contained, recorded as following in Official Records of said Orange County;

Note 1:

The Lessee's interest under said Leases has been assigned to G/HB Investors, a California limited partnership by Assignment which recorded September 30, 1986 as Instrument No. 86-456266 of Official Records; reference being hereby made to the record thereof for full particulars.

Note 2:

An undivided 78.34% of the Lessee's interest under said Leases has been assigned to Barry Brief Family Trust dated May 11, 1993, by Assignment which recorded September 24, 1998 as Instrument No. 19980644010 of Official Records; reference being made to the record thereof for full particulars.



Units 1, 2, 3 and 4 of Lot 2 of the following:

All that certain land situated in the State of California, County
of Orange, City of Huntington Beach, described as follows:

Proposed Tract No. 10542, being a subdivision of the following:

A portion of the northeast one quarter (1/4) of the northwest
one quarter (1/4) of Section 20, Township 5 south, Range 11 west,
in the Rancho Las Bolsa Chica, as shown on a map recorded in book
51, page 13 of Miscellaneous Maps, records of said Orange County,
being described as follows:

Parcel 1 of a map filed in book 108, page 48 of Parcel Maps.

## NOTICE OF COMPLIANCE WITH CONDITIONS ON TRACT

## AUTHORIZATION FOR RELEASE FOR RECORDING

TO:       City Clerk                    Date _____

FROM:     PLANNING DEPARTMENT
          James W. Palin

TRACT NO. _____

RECREATION & PARKS FEES PAID _____

Other: _____

                              _____
                                 (Signature)



10B 47

SHEET I OF 2 SHEETS
T.P.M. 77-7
2 PARCELS
58.362 ACRES

T.P.M. 77-7
R.S.T. 8931

# PARCEL MAP

## IN THE CITY OF HUNTINGTON BEACH, COUNTY OF ORANGE, STATE OF CALIFORNIA.

BEING A PORTION OF THE E 1/2 OF THE NW 1/4 OF SECTION 20, T.5.S, R.11W,
IN THE RANCHO LA BOLSA CHICA, AS SHOWN ON A MAP RECORDED IN BOOK
51, PAGE 13 OF MISCELLANEOUS MAPS, RECORDS OF ORANGE COUNTY, CALIFORNIA.

DEC 23 1977      27127
108   47

VALLEY CONSULTANTS, INC.
SAM F. KNISS, R.C.E. NO. 17377
DATE OF SURVEY: JAN. 3, 1977

### OWNERSHIP CERTIFICATE

### ENGINEER'S CERTIFICATE

### CITY ENGINEER'S CERTIFICATE

### CITY CLERK'S CERTIFICATE

### COUNTY SURVEYOR'S CERTIFICATE

### SIGNATURE OMISSIONS

### IMPROVEMENT NOTICE

Case 8:21-bk-11710-SC    Doc 253    Filed 10/21/22    Entered 10/21/22 11:16:39    Desc
Case 8:21-bk-11710-SC    Main Document    Filed 10/07/22    Page 215 of 258    10/07/22 17:24:54    Desc
Case 8:21-bk-11710-SC    Main Document    Filed 07/22/22    Page 108 of 258    07/22/22 16:42:54    Desc
Part 2 - Amended Motion    Page 52 of 258



213

Tax Map - myFirstAm

https://www.myfirstam.com/Polygon/MapSearch



 **Tax Map**          **16222 Monterey Ln #376, Huntington Beach, CA 92649**



**Tax Map**          **16222 Monterey Ln #376, Huntington Beach, CA 92649**          **11/15/2019**

This report is only for the myFirstAm user who applied for it. No one else can rely on it. As a myFirstAm user, you already agreed to our disclaimer regarding third party property information accuracy. You can view it here: www.myfirstam.com/Security/ShowEULA. ©2005-2019 First American Financial Corporation and/or its affiliates. All rights reserved.

# EXHIBIT "E"



**Cheryl Sharpe** / Senior Loan Processor

**U.S. Financial Network. Inc.**
Office: (800) 655-9044 / Fax: (800) 442-5233
http://www.usfinancialnet.com

[Quoted text hidden]

---

**Jamie Gallian** <jamiegallian@gmail.com>                                    Sun, Mar 20, 2022 at 9:26 PM
To: Jeff Golden <jgolden@wgllp.com>, Ed Hays <EHays@marshackhays.com>
Cc: Jamie Gallian <jamiegallian@gmail.com>

Mr. Golden, Mr. Hays

I received this comprehensive report compiling the last two years of sales of homes here at Rancho Del Rey and the next closest park Skandia.

Please note the last page of each report.

The average sales price for a home in Rancho Del Rey is $240,000.00, during the period 3/14/2020 through 3/14/2022 .

I disclosed on my Schedule A, an estimated figure of $235,000.00. That does not include any value of the leasehold in the ground underneath the home.
On Schedule A, I entered unknown for the entire value combined.

If the Trustee would like me to amend Schedule A, please let me know.
[Quoted text hidden]

---

**Jamie Gallian** <jamiegallian@gmail.com>                                    Sun, Mar 20, 2022 at 9:32 PM
To: Jeff Golden <jgolden@wgllp.com>, Ed Hays <EHays@marshackhays.com>, Vivienne Alston <valston@aadlawyers.com>, Lori Werner <lwerner@wgllp.com>, Jamie Gallian <jamiegallian@gmail.com>

File attached,

Sorry.

Sincerely,

Jamie Gallian
714-321-3449
jamiegallian@gmail.com

--------- Forwarded message ---------
From: **Cheryl Sharpe** <Cheryl@usfinancialnet.com>
Date: Mon, Mar 14, 2022 at 12:17 PM
Subject: RANCHO DEL REY; SKANDIA
To: Jamie Gallian <jamiegallian@gmail.com>

Case 8:21-bk-11710-SC   Doc 253   Filed 10/21/22   Entered 10/21/22 11:16:39   Desc
Case 8:21-bk-11710-SC   Main Document   Filed 10/07/22   Entered 10/07/22 17:24:54   Desc
Main Document   Page 116 of 256

Gmail - RANCHO DEL REY; SKANDIA
https://mail.google.com/mail/u/0/?ik=aef1322bfe&view=pt&search=...



# RANCHO DEL REY; SKANDIA

**Cheryl Sharpe** <Cheryl@usfinancialnet.com>                    Mon, Mar 14, 2022 at 12:16 PM
To: Jamie Gallian <jamiegallian@gmail.com>, Joseph Arroyo <josephamh@outlook.com>

Please see attached
Have a wonderful day

Thank you,

Cheryl Sharpe



**Cheryl Sharpe** / Senior Loan Processor

**U.S. Financial Network, Inc.**
Office: (800) 655-9044 / Fax: (800) 442-5233
http://www.usfinancialnet.com

📄 **copier_20220314_115321.pdf**
247K

---

**Jamie Gallian** <jamiegallian@gmail.com>                       Mon, Mar 14, 2022 at 12:43 PM
To: Cheryl Sharpe <Cheryl@usfinancialnet.com>
Cc: Joseph Arroyo <josephamh@outlook.com>

Received, thank you.
Sincerely,

Jamie Gallian
714-321-3449
jamiegallian@gmail.com

[Quoted text hidden]

---

**Cheryl Sharpe** <Cheryl@usfinancialnet.com>                    Mon, Mar 14, 2022 at 12:58 PM
To: Jamie Gallian <jamiegallian@gmail.com>

You are very welcome

Thank you,

Cheryl Sharpe

Park Name : **RANCHO DEL REY MOBILE ESTATES**

Park Address : 16222 MONTEREY L HUNTINGTON BEACH, CA 92649

Spaces : 379
From : 3/14/2020 to 3/14/2022
Report date : 3/14/2022

| Address City | Mfd Date MFG Trade | Original Current Sales Date | Decal Legal Dealer | Wd Lt | Total sq Ft Per Sq Ft |
|---|---|---|---|---|---|
| 16222 MONTEREY LN #315 HUNTINGTON BEACH | 03/29/2006 DELAWARE WESTERN HOMES CORP SILVERCREST | $365,000.00 $325,000.00 12/03/2021 | LBI5646 | 15.5 61 14.8333 61 | 1880.33 $175.64 |
| 16222 MONTEREY LN #105 HUNTINGTON BEACH | 11/20/2009 CMH MANUFACTURING WEST INC CHATEAU SERIES | $148,195.00 $285,000.00 10/15/2021 | LBK6772 5 STAR HOMES | 14.8333 54 14.8333 54 | 1602 $177.90 |
| 16222 MONTEREY LN #81 HUNTINGTON BEACH | 01/01/1965 MONTCLAIR MOBILE HOMES BONANZA | $3,300.00 $149,000.00 10/08/2021 | LBB4900 5 STAR HOMES | 10 48 10 48 | 960 $155.21 |
| 16222 MONTEREY LN #23 HUNTINGTON BEACH | 04/18/1997 FLEETWOOD HM CALIF INC SUNPOINTE VVS | $64,235.00 $135,000.00 10/01/2021 | LAX7136 5 STAR HOMES | 11.75 57.3333 11.75 56 | 1331.67 $101.38 |
| 16222 MONTEREY LN #310 HUNTINGTON BEACH | 12/04/2003 CHAMPION HOME BUILDERS COMPANY RESIDENTIAL | $153,325.00 $319,500.00 09/28/2021 | LBF6142 | 13.3333 58 13.3333 60 | 1573.33 $203.07 |
| 16222 MONTEREY LN #25 HUNTINGTON BEACH | 08/27/2004 SKYLINE HOMES INC OAKMANOR | $271,050.00 $270,000.00 09/15/2021 | LBG5840 5 STAR HOMES | 13.3333 59 13.3333 60.3333 | 1581.11 $169.69 |
| 16222 MONTEREY LN #150 HUNTINGTON BEACH | 11/03/2005 SKYLINE HOMES INC OAKMANOR | $289,637.00 $280,000.00 09/08/2021 | LBH7988 5 STAR HOMES | 13.3333 56 13.3333 56 | 1493.33 $187.50 |
| 16222 MONTEREY LN #159 HUNTINGTON BEACH | 01/01/1965 SKYLINE SKYLINE | $3,100.00 $75,000.00 07/29/2021 | LBO7483 5 STAR HOMES | 10 52 | 520 $144.23 |
| 16222 MONTEREY LN #316 HUNTINGTON BEACH | 02/01/2013 CMH MANUFACTURING WEST INC GOLDEN WEST | $148,572.00 $100,000.00 07/27/2021 | LBN2518 | 13.5 60 13.5 60 | 1620 $61.73 |
| 16222 MONTEREY LN #277 HUNTINGTON BEACH | 01/01/1968 ROLLAWAY | $10,999.00 $162,000.00 07/21/2021 | LBC7654 5 STAR HOMES | 12 57 12 57 | 1368 $118.42 |
| 16222 MONTEREY LN #70 HUNTINGTON BEACH | PTHSE | $9,300.00 $48,000.00 06/30/2021 | ABA2836 | 10 56 10 56 | 1120 $42.86 |

| | | | | | |
|---|---|---|---|---|---|
| 16222 MONTEREY LN #128<br>HUNTINGTON BEACH | 07/24/2000<br>DELAWARE WESTERN HOMES CORP<br>SILVERCREST | $113,000.00<br>**$215,000.00**<br>06/30/2021 | LBC1704<br><br>5 STAR HOMES | 12 53.3333<br>12 53.3333 | 1280<br>$167.97 |
| 16222 MONTEREY LN #30<br>HUNTINGTON BEACH | 10/04/1999<br>DELAWARE WESTERN HOMES CORP<br>SILVERCREST | $102,199.00<br>**$169,000.00**<br>05/13/2021 | LBA2954<br><br>5 STAR HOMES | 13.5 56<br>12.8333 56 | 1474.67<br>$114.60 |
| 16222 MONTEREY LANE SP 22<br>HUNTINGTON BEACH | 11/11/2013<br>CMH MANUFACTURING WEST INC<br>GOLDEN WEST | $130,000.00<br>**$212,000.00**<br>05/10/2021 | LBL8405<br><br>5 STAR HOMES | 11.8333 58<br>11.8333 58 | 1372.67<br>$154.44 |
| 16222 MONTEREY LANE #282<br>HUNTINGTON BEACH | 11/07/2013<br>CMH MANUFACTURING WEST INC<br>CMH | $202,858.00<br>**$330,000.00**<br>05/07/2021 | LBL7735<br><br>5 STAR HOMES | 14.8333 60<br>14.8333 58 | 1750.33<br>$188.54 |
| 16222 MONTEREY LN #221<br>HUNTINGTON BEACH | 02/28/2010<br>CMH MANUFACTURING WEST INC<br>CASTLE LIMITED | $225,000.00<br>**$319,500.00**<br>04/29/2021 | EAGLE COMMUNITY CREDIT UNION<br>J/R MOBILEHOME SALES<br>BK5051 | 11.8333 60<br>9.83333 56<br>11.8333 56 | 1923.33<br>$166.12 |
| 16222 MONTEREY LANE #10<br>HUNTINGTON BEACH | 08/14/2006<br>DELAWARE WESTERN HOMES CORP<br>SILVERCREST | $239,153.00<br>**$330,000.00**<br>04/23/2021 | LBI7633<br><br>5 STAR HOMES | 13.5 62.6667<br>13.5 61.3333<br>13.5 27 | 2038.5<br>$161.88 |
| 16222 MONTEREY LN #50<br>HUNTINGTON BEACH | 07/11/1991<br>HALLMARK SOUTHWEST CORP<br>WINCHESTER II | $55,000.00<br>**$105,000.00**<br>04/07/2021 | LAT2541<br><br>5 STAR HOMES | 12 56<br>12 56 | 1344<br>$78.12 |
| 16222 MONTEREY LN #274<br>HUNTINGTON BEACH | 01/01/1968<br>VIKING<br>EDGEWOOD | $15,700.00<br>**$187,000.00**<br>03/30/2021 | LBN5869<br>EAGLE COMMUNITY CREDIT UNION<br>BLUE CARPET MANUFACTURED HOMES | 12 57<br>12 57 | 1388<br>$136.70 |
| 16222 MONTEREY LN #254<br>HUNTINGTON BEACH | 01/01/1968<br>CORNELL<br>CORNELL | $14,100.00<br>**$109,000.00**<br>03/17/2021 | LBO5799<br><br>5 STAR HOMES | 12 57<br>12 57 | 1388<br>$79.68 |
| 16222 MONTEREY LN #325<br>HUNTINGTON BEACH | 08/01/2008<br>SKYLINE HOMES INC<br>PALMSPRINGS | $199,600.00<br>**$270,000.00**<br>03/12/2021 | LBJ9095<br><br>5 STAR HOMES | 13.3333 60<br>13.3333 58 | 1573.33<br>$171.61 |
| 16222 MONTEREY LN #192<br>HUNTINGTON BEACH | 06/03/2003<br>DELAWARE WESTERN HOMES CORP<br>SILVERCREST | $205,000.00<br>**$205,000.00**<br>03/01/2021 | LBF4183 | 13.5 56<br>12.8333 58 | 1474.67<br>$139.01 |
| 16222 MONTEREY LN #266<br>HUNTINGTON BEACH | 11/10/2020<br>CHAMPION HOME BUILDERS INC<br>SKYLINE | $306,641.00<br>**$306,641.00**<br>01/08/2021 | LBO4991<br><br>J/R MOBILEHOME SALES | 13.3333 60<br>13.3333 60 | 1600<br>$191.65 |
| 16222 MONTEREY LN #109<br>HUNTINGTON BEACH | 03/27/2020<br>CMH MANUFACTURING WEST INC<br>CLAYTON | $212,000.00<br>**$212,000.00**<br>12/15/2020 | LBO4666<br><br>MACY HOMES INC | 11.6667 56<br>11.6667 56 | 1308.67<br>$162.24 |

| | | | | | |
|---|---|---|---|---|---|
| 16222 MONTEREY LN #213 HUNTINGTON BEACH | 04/13/2004 SKYLINE HOMES INC OAKMANOR | $227,489.00 $262,500.00 11/24/2020 | LBF9757 | 11.8333 52 11.8333 56 11.8333 56 | 1940.67 $135.26 |
| 16222 MONTEREY LN #119 HUNTINGTON BEACH | SKYLINE SKYLINE | $17,899.00 $135,000.00 10/30/2020 | LAZ5405 | 12 56 12 56 | 1344 $100.45 |
| 16222 MONTEREY LN #343 HUNTINGTON BEACH | 01/21/2013 CMH MANUFACTURING WEST INC GOLDEN WEST | $133,709.00 $205,000.00 10/29/2020 | LBL4819 5 STAR HOMES | 13.5 58 13.5 58 | 1586 $130.91 |
| 16222 MONTEREY LN #57 HUNTINGTON BEACH | 08/02/2011 CMH MANUFACTURING WEST INC GOLDEN WEST | $105,500.00 $190,000.00 10/27/2020 | LBK0621 5 STAR HOMES | 11.8333 56 11.8333 56 | 1325.33 $143.36 |
| 16222 MONTEREY LN #157 HUNTINGTON BEACH | 09/27/2004 CHAMPION HOME BUILDERS COMPANY WELLINGTON MANOR | $0.00 $137,000.00 10/02/2020 | LBH5292 J/R MOBILEHOME SALES | 11.8667 56 11.6667 56 | 1306.67 $104.85 |
| 16222 MONTEREY LN #296 HUNTINGTON BEACH | 01/29/2015 SKYLINE HOMES INC SUNSET RIDGE | $206,587.00 $271,000.00 09/24/2020 | LBM2824 5 STAR HOMES | 13.3333 62.6667 13.3333 60 | 1635.56 $165.69 |
| 16222 MONTEREY LN #231 HUNTINGTON BEACH | 07/13/2004 DELAWARE WESTERN HOMES CORP SILVERCREST | $269,000.00 $199,900.00 09/17/2020 | LBI2401 | 13.5 56 12.8333 56 | 1474.67 $135.56 |
| 16222 MONTEREY LANE #269 HUNTINGTON BEACH | 06/08/2000 SKYLINE HOMES INC OAKMANOR | $98,681.00 $240,000.00 09/11/2020 | LBB5768 5 STAR HOMES | 11.8333 52 11.8333 56 11.8333 62 | 2011.67 $119.30 |
| 16222 MONTEREY LN #108 HUNTINGTON BEACH | 06/26/2007 PALM HARBOR HOMES INC PALM HARBOR | $275,000.00 $265,000.00 08/12/2020 | LBJ3686 EAGLE COMMUNITY CREDIT UNION 5 STAR HOMES | 13.3333 56 13.3333 59 | 1533.33 $172.83 |
| 16222 MONTEREY LN #280 HUNTINGTON BEACH | 05/17/2006 CMH MANUFACTURING WEST INC GOLDEN WEST | $298,000.00 $200,000.00 08/12/2020 | LBJ1431 5 STAR HOMES | 11.8333 54 9.83333 53.3333 11.8333 46 | 1707.78 $117.11 |
| 16222 MONTEREY LN #311 HUNTINGTON BEACH | 11/18/2013 SKYLINE HOMES INC SUNSET RIDGE | $157,911.00 $278,000.00 07/08/2020 | LBL8007 5 STAR HOMES | 13.3333 56 13.3333 58.6667 | 1528.89 $181.83 |
| 16222 MONTEREY LN SP 133 HUNTINGTON BEACH | 01/01/1973 SILVERCREST SILVERCREST | $22,100.00 $107,000.00 06/23/2020 | LBO3342 5 STAR HOMES | 12 64 12 64 | 1536 $69.66 |
| 16222 MONTEREY LANE #82 HUNTINGTON BEACH | 12/14/1998 SKYLINE HOMES INC GLENHAVEN | $92,000.00 $245,000.00 05/15/2020 | LAZ2767 | 11.8333 62 11.8333 62 11.8333 46 | 1798.67 $136.21 |
| 16222 MONTEREY LN #14 HUNTINGTON BEACH | 07/26/2011 CMH MANUFACTURING WEST INC GOLDEN WEST | $109,647.00 $204,500.00 05/08/2020 | LBK9624 | 11.8333 56 11.8333 56 | 1325.33 $154.30 |
| 16222 MONTEREY LN #53 HUNTINGTON BEACH | 07/10/2019 CHAMPION HOME BUILDERS INC SUNSET RIDGE | $230,000.00 $230,000.00 06/04/2020 | LBO3276 T K M HOME SALES INC. | 10 56 11.8333 54 | 1199 $191.83 |

| | Original | Resale |
|---|---|---|
| Total | $5,738,487.00 | $8,288,541.00 |
| Average | $147,140.69 | $212,526.69 |
| Max | $365,000.00 | $330,000.00 |
| Min | $0.00 | $48,000.00 |
| Avg $SqFt | $93.81 | $141.27 |
| Avg SqFt | 1491 | 1491 |
| Number of records | 39 | |

Park Name : **SKANDIA MOBILE CC**

Park Address : 16444 BOLSA CHICA
HUNTINGTON BEACH, CA
92649

Spaces : 167

From : 3/14/2020 to 3/14/2022

Report date : 3/14/2022

| Address<br>City | Mfd Date<br>MFG<br>Trade | Original<br>Current<br>Sales Date | Decal<br>Legal<br>Dealer | Wd Lt | Total sq Ft<br>Per Sq Ft |
|---|---|---|---|---|---|
| 16444 BOLSA CHICA #12<br>HUNTINGTON BEACH | 06/21/2021<br>CHAMPION HOME BUILDERS INC-COR<br>SILVERCREST | $287,850.00<br>$287,850.00<br>09/24/2021 | LBO7177<br><br>BLUE CARPET MANUFACTURED HOMES | 11.8333 57.3333<br>11.8333 57.3333 | 1366.69<br>$212.14 |
| 16444 BOLSA CHICA ST #14<br>HUNTINGTON BEACH | 07/29/2011<br>SKYLINE HOMES INC<br>PALMSPRINGS | $182,015.00<br>$268,555.00<br>08/20/2021 | LBK9472<br> | 13.3333 60<br>13.3333 60 | 1600<br>$167.85 |
| 16444 BOLSA CHICA RD #140<br>HUNTINGTON BEACH | 10/29/2004<br>SKYLINE HOMES INC<br>OAKMANOR | $197,108.00<br>$185,000.00<br>08/03/2021 | LBG6541<br> | 13.3333 56<br>13.3333 56 | 1493.33<br>$123.88 |
| 16444 BOLSA CHICA RD #8<br>HUNTINGTON BEACH | 10/21/2003<br>SKYLINE HOMES INC<br>OAKMANOR | $160,875.00<br>$274,500.00<br>07/06/2021 | LBF5580<br> | 13.3333 56<br>13.3333 56 | 1493.33<br>$183.82 |
| 16444 BOLSA CHICA #81<br>HUNTINGTON BEACH | 11/30/2004<br>DELAWARE WESTERN HOMES CORP<br>SILVERCREST | $228,396.00<br>$189,900.00<br>03/12/2021 | LBG7635<br><br>J/R MOBILEHOME SALES | 12 60<br>12 60 | 1440<br>$131.88 |
| 16444 BOLSA CHICA ST SP 141<br>HUNTINGTON BEACH | 04/01/2005<br>DELAWARE WESTERN HOMES CORP<br>SILVERCREST | $235,000.00<br>$189,000.00<br>12/22/2020 | LBH3077<br><br>EAGLE COMMUNITY CREDIT UNION | 13.5 55<br>12.8333 55 | 1448.33<br>$130.49 |
| 16444 BOLSA CHICA ST #125<br>HUNTINGTON BEACH | 01/23/2013<br>CMH MANUFACTURING WEST INC<br>GOLDEN WEST | $136,000.00<br>$220,000.00<br>11/18/2020 | LBL5145<br> | 13.5 58<br>13.5 58 | 1566<br>$140.49 |
| 16444 BOLSA CHICA #34<br>HUNTINGTON BEACH | 02/13/2002<br>SKYLINE HOMES INC<br>OAKMANOR | $130,705.00<br>$289,500.00<br>10/14/2020 | LBD6797<br><br>5 STAR HOMES | 13.3333 58.6667<br>13.3333 58.6667 | 1564.44<br>$185.05 |
| 16444 BOLSA CHICA ST #57<br>HUNTINGTON BEACH | 08/29/2007<br>SKYLINE HOMES INC<br>OAKMANOR | $210,000.00<br>$195,000.00<br>10/08/2020 | LBJ5268<br><br>5 STAR HOMES | 11.8333 56<br>11.8333 45.6667 | 1203.06<br>$162.09 |
| 16444 BOLSA CHICA RD #7<br>HUNTINGTON BEACH | 01/28/2004<br>SKYLINE HOMES INC<br>OAKMANOR | $169,900.00<br>$215,000.00<br>09/28/2020 | LBF7355<br> | 13.3333 56<br>13.3333 56 | 1493.33<br>$143.97 |
| 16444 BOLSA CHICA RD #149<br>HUNTINGTON BEACH | 07/17/2020<br>CHAMPION HOME BUILDERS INC<br>SUNSET RIDGE | $239,000.00<br>$239,000.00<br>09/16/2020 | LBO5092<br><br>J/R MOBILEHOME SALES | 13.3333 56<br>13.3333 54 | 1466.67<br>$162.95 |

| 16444 BOLSA CHICA ST #126 | 07/21/2020 | $268,353.00 | LBO3916 | 13.3333 58 | 1520 |
| HUNTINGTON BEACH | CHAMPION HOME BUILDERS INC | $268,353.00 | | 13.3333 56 | $176.55 |
| | SILVERCREST | 08/07/2020 | BLUE CARPET MANUFACTURED HOMES | | |
| 16444 BOLSA CHICA #98 | 02/07/2020 | $289,000.00 | LBO3158 | 13.3333 56 | 1466.67 |
| HUNTINGTON BEACH | CHAMPION HOME BUILDERS INC | $289,000.00 | | 13.3333 54 | $197.05 |
| | SUNSET RIDGE | 06/17/2020 | J/R MOBILEHOME SALES | | |
| 16444 BOLSA CHICA #122 | 08/14/2015 | $191,800.00 | LBM5043 | 13.5 58 | 1566 |
| HUNTINGTON BEACH | CMH MANUFACTURING WEST INC | $254,500.00 | | 13.5 58 | $162.52 |
| | GOLDEN WEST | 04/03/2020 | BLUE CARPET MANUFACTURED HOMES | | |

| | Original | Resale |
|---|---|---|
| Total | $2,915,802.00 | $3,365,158.00 |
| Average | $208,271.57 | $240,368.43 |
| Max | $289,000.00 | $289,500.00 |
| Min | $130,705.00 | $185,000.00 |
| Avg $SqFt | $142.67 | $162.91 |
| Avg SqFt | 1477 | 1477 |
| Number of records | 14 | |

MH Online Value/Price Report Receipt
July 27, 2021 at 8:55 AM

# MH Online Receipt

## Order Information

**Description:**        Basic Value Report

**Invoice Number:**     448119-VIR

**Billing Information**
Jamie Gallian
16222 Monterey Ln #376
Huntington Beach, CA 92649
jamiegallian@gmail.com
714-321-3449

| | |
|---|---|
| **Basic Value Report:** | $30.00 |
| **CC Surcharge @ 2%:** | 0.60 |
| **Total Amount Charged:** | $30.60(USD) |

## Payment Information

**Date/Time:**          2021-07-27 15:55:06

**Transaction ID:**     6274013055746473204275

**Payment Method:**     Visa XXXX7357

**Transaction Type:**   Purchase

## Merchant Contact Information

**NADAguides.com**
Costa Mesa, CA 92626
United States
nag-dl-mhonlinereports@jdpa.com

 **J.D. POWER**     **Used Manufactured Home Value Report**

| Reference Number 448119 | | Edition July-Aug 2021 | | Date 07/27/2021 | |
|---|---|---|---|---|---|

| Year Mfg'd | Manufacturer | Trade Name | State | Region |
|---|---|---|---|---|
| 2014 | SKYLINE | CUSTOM VILLA | CA | PA |

Floor Areas: Triple-Wide

| | Width | | Length | Total Value |
|---|---|---|---|---|
| Main Floor Area: | 54 | x | 60 | $171,168.00 |

| | | | |
|---|---|---|---|
| 1. | **Base Structure Value** | | **$171,168.00** |
| 2. | State Location Adjustment | x | 107 % |
| 3. | Total Guide Book Retail Value (in average condition) | | $183,149.76 |
| 4. | Condition Adjustment Selected: Good | x | 109 % |
| 5. | Condition Adjusted Value | | $199,633.24 |
| 6. | **Total Adjusted Value of Home** | | **$199,633.24** |
| 7. | Total Additional Features | + | $10,363.32 |
| 8. | **Total Adjusted (Retail) Value of Home and Optional Equipment** | | **$209,996.56** |

Comments: This value report was produced by using NADAguides.com's Manufactured Housing Online Request Form. This is an automated valuation tool that generates value reports based on user-selected home criteria.

The value indication of this value report represents the depreciated replacement cost of the home and added features in retail dollars, and does not include adjustments for land, community "in place location value", or local market comparable sales.

This is not an appraisal form.

Disclaimer
All values and related content contained within this product are the opinions of our editorial staff and may vary from home to home. Valuations will vary depending on market conditions, home condition, specifications or other circumstances that may be particular to a home transaction or parties involved with the transaction. NADAguides values and products may not be copied or reproduced, nor distributed for reasons that may exploit the information content or the company. NADAguides, its subsidiaries and affiliated entities, make no warranty express or implied, including without limitation, any warranty of merchantability or fitness for a particular purpose and they assume no responsibility for the accuracy of the values or other information published herein. NADAguides, its subsidiaries and affiliated entities, will not be liable for any special, incidental or consequential damages resulting from any use of this value report, including, without limitation, lost profits. No part of this report may be reproduced, stored in a retrieval system, or transmitted, in any form or by any means, electronic, mechanical, photocopying, recording or otherwise without prior written permission of NADAguides.

® 2021 J.D. Power. All rights reserved. ® A registered trademark of the National Automobile Dealers Association, under license to J.D. Power.

 

## Used Manufactured Home Value Report

Reference Number 448119          Edition July-Aug 2021          Date 07/27/2021

| Year Mfg'd | Manufacturer | Trade Name | State | Region |
|---|---|---|---|---|
| 2014 | SKYLINE | CUSTOM VILLA | CA | PA |

## ADDITIONAL FEATURES

| Description | Quantity | Unit of Measure | Age | Unit Price | Total Value |
|---|---|---|---|---|---|
| **Components** | | | | | |
| BATH FIXTURES | | | | | |
| Fiberglass Shower Stall | 1 | ea. | 5+ Yrs | $136.00 | $136.00 |
| Garden Tub (Skirted) | 1 | ea. | 5+ Yrs | $226.00 | $226.00 |
| Fiberglass Tub - Combo | 1 | ea. | 5+ Yrs | $191.00 | $191.00 |
| Total BATH FIXTURES | | | | | $553.00 |
| DOORS | | | | | |
| Deluxe House Type Exterior Door | 2 | ea. | 5+ Yrs | $99.00 | $198.00 |
| Total DOORS | | | | | $198.00 |
| ELECTRICAL | | | | | |
| Electric Home - Total | 1 | ea. | 5+ Yrs | $363.00 | $363.00 |
| Total ELECTRICAL | | | | | $363.00 |
| FAN | | | | | |
| Ceiling Paddle Fan | 3 | ea. | 5+ Yrs | $67.00 | $201.00 |
| Total FAN | | | | | $201.00 |
| FLOORING | | | | | |
| T & G Plywood Sub-Flooring | 3240 | sq. ft. | 5+ Yrs | $0.25 | $810.00 |
| Total FLOORING | | | | | $810.00 |
| HOUSE TYPE ROOFING | | | | | |
| Multi-wide | 1 | home | 5+ Yrs | $431.00 | $431.00 |
| Third/Tag-A-Long Section | 1 | home | 5+ Yrs | $123.00 | $123.00 |
| Total HOUSE TYPE ROOFING | | | | | $554.00 |
| HOUSE TYPE SIDING | | | | | |
| Multi-wide | 1 | home | 5+ Yrs | $833.00 | $833.00 |
| Third/Tag-A-Long Section | 1 | home | 5+ Yrs | $343.00 | $343.00 |
| Total HOUSE TYPE SIDING | | | | | $1,176.00 |

© 2021 J.D. Power. All rights reserved. ® A registered trademark of the National Automobile Dealers Association, under license to J.D. Power.



## J.D. POWER

# Used Manufactured Home Value Report

| Reference Number 448119 | | Edition July-Aug 2021 | | Date 07/27/2021 | |
|---|---|---|---|---|---|
| **Year Mfg'd** | **Manufacturer** | | **Trade Name** | **State** | **Region** |
| 2014 | SKYLINE | | CUSTOM VILLA | CA | PA |

**Components**

| | | | | | |
|---|---|---|---|---|---|
| **INTERIOR** | | | | | |
| Cathedral/Vaulted Ceiling Rooms | 6 | ea. | 5+ Yrs | $121.00 | $726.00 |
| Total INTERIOR | | | | | $726.00 |
| **KITCHEN APPLIANCES** | | | | | |
| 22 CF Refrigerator | 1 | ea. | 5+ Yrs | $485.00 | $485.00 |
| Dishwasher | 1 | ea. | 5+ Yrs | $177.00 | $177.00 |
| Garbage Disposal | 1 | ea. | 5+ Yrs | $80.00 | $80.00 |
| Total KITCHEN APPLIANCES | | | | | $742.00 |
| **MISCELLANEOUS** | | | | | |
| Clothes Washer | 1 | ea. | 5+ Yrs | $199.00 | $199.00 |
| Clothes Dryer | 1 | ea. | 5+ Yrs | $221.00 | $221.00 |
| Fireplace (Built-In/Permanent) | 1 | ea. | 5+ Yrs | $1,011.00 | $1,011.00 |
| Total MISCELLANEOUS | | | | | $1,431.00 |
| **PLUMBING** | | | | | |
| Stainless Steel Sink | 1 | ea. | 5+ Yrs | $92.00 | $92.00 |
| Total PLUMBING | | | | | $92.00 |
| **WINDOWS** | | | | | |
| Skylight | 2 | ea. | 5+ Yrs | $133.00 | $266.00 |
| Total WINDOWS | | | | | $266.00 |
| **Total Components** | | | | | **$7,112.00** |

**Accessories**

| | | | | | |
|---|---|---|---|---|---|
| PORCHES/DECKS (Measure Width x Length Including Carpet & Rails) | | | | | |
| Elevated - Wood w/Rails | 120 | sq. ft. | 5+ Yrs | $6.78 | $813.60 |
| Total PORCHES/DECKS (Measure Width x Length Including Carpet & Rails) | | | | | $813.60 |
| SKIRTING TO 30" HIGH (Measure Around Perimeter) | | | | | |
| Shiplap (Horizontal) | 228 | lin. ft. | 5+ Yrs | $6.24 | $1,422.72 |
| Total SKIRTING TO 30" HIGH (Measure Around Perimeter) | | | | | $1,422.72 |

© 2021 J.D. Power. All rights reserved. ® A registered trademark of the National Automobile Dealers Association, under license to J.D. Power.



**J.D. POWER**

## Used Manufactured Home Value Report

Reference Number 448119          Edition July-Aug 2021          Date 07/27/2021

| Year Mfg'd | Manufacturer | Trade Name | State | Region |
|---|---|---|---|---|
| 2014 | SKYLINE | CUSTOM VILLA | CA | PA |

**Accessories**

STEPS

| | | | | | |
|---|---|---|---|---|---|
| Wood - 3 Steps | 5 | ea. | 5+ Yrs | $203.00 | $1,015.00 |
| Total STEPS | | | | | $1,015.00 |

| | |
|---|---|
| **Total Accessories** | **$3,251.32** |

| | |
|---|---|
| **Total Additional Features** | **$10,363.32** |

© 2021 J.D. Power. All rights reserved. ® A registered trademark of the National Automobile Dealers Association, under license to J.D. Power.

16222 Monterey Ln #376, Huntington Beach, CA 92649 | Redfin   https://www.redfin.com/CA/Huntington-Beach/16222-Monterey-Ln-...



# Home Values Near 16222 Monterey Ln #376

Data from public records.

| Address | Redfin Estimate | Address | Redfin Estimate | Address | Redfin Estimate |
|---|---|---|---|---|---|
| 16222 Monterey Lane Unit 1<br>Huntington Beach, CA<br>- Beds \| - Baths \| - Sq. Ft. | — | 16222 Monterey Lane Unit 111<br>Huntington Beach, CA<br>2 Beds \| - Baths \| 1060 Sq. Ft. | — | 16222 Monterey Lane Unit 147<br>Huntington Beach, CA<br>- Beds \| - Baths \| - Sq. Ft. | — |
| 16222 Monterey Lane Unit 261<br>Huntington Beach, CA<br>- Beds \| - Baths \| - Sq. Ft. | — | 16222 Monterey Lane Unit 62<br>Huntington Beach, CA<br>2 Beds \| 2 Baths \| 1340 Sq. Ft. | — | 16222 Monterey Lane Unit 86<br>Huntington Beach, CA<br>- Beds \| - Baths \| - Sq. Ft. | $145,367 |
| 16222 Monterey Lane Unit 322<br>Huntington Beach, CA<br>- Beds \| - Baths \| - Sq. Ft. | — | 16222 Monterey Lane Unit 210<br>Huntington Beach, CA<br>3 Beds \| 2 Baths \| 1493 Sq. Ft. | — | 16222 Monterey Lane Unit 337<br>Huntington Beach, CA<br>- Beds \| - Baths \| - Sq. Ft. | $174,321 |
| 16222 Monterey Lane Unit 310<br>Huntington Beach, CA<br>- Beds \| - Baths \| - Sq. Ft. | — | 16222 Monterey Lane Unit 93<br>Huntington Beach, CA<br>3 Beds \| 2 Baths \| 1600 Sq. Ft. | — | 16222 Monterey Lane Unit 204<br>Huntington Beach, CA<br>- Beds \| - Baths \| - Sq. Ft. | $248,280 |
| 16222 Monterey Lane Unit 150<br>Huntington Beach, CA<br>- Beds \| - Baths \| - Sq. Ft. | — | 16222 Monterey Lane Unit 260<br>Huntington Beach, CA<br>- Beds \| - Baths \| - Sq. Ft. | — | 16222 Monterey Lane Unit 24<br>Huntington Beach, CA<br>- Beds \| - Baths \| - Sq. Ft. | $253,024 |
| 16222 Monterey Lane Unit 320<br>Huntington Beach, CA<br>3 Beds \| 2 Baths \| 1727 Sq. Ft. | $328,497 | 16222 Monterey Lane Unit 294<br>Huntington Beach, CA<br>- Beds \| - Baths \| - Sq. Ft. | — | 16222 Monterey Lane Unit 201<br>Huntington Beach, CA<br>- Beds \| - Baths \| - Sq. Ft. | — |
| 16222 Monterey Lane Unit 313<br>Huntington Beach, CA<br>- Beds \| - Baths \| - Sq. Ft. | — | 16222 Monterey Lane Unit 99<br>Huntington Beach, CA<br>- Beds \| - Baths \| - Sq. Ft. | — | 16222 Monterey Lane Unit 256<br>Huntington Beach, CA<br>- Beds \| - Baths \| - Sq. Ft. | $185,331 |

Show Less ^

16222 Monterey Ln #376, Huntington Beach, CA 92491 Redfin          https://www.redfin.com/CA/Huntington-Beach/16222-Monterey-Ln-...

**16222 Monterey Ln #376,** Huntington Beach, CA 92649



**View Owner Dashboard**

| $296,642 | 2 | 2 | 1,566 |
|---|---|---|---|
| Redfin Estimate | Beds | Baths | Sq Ft |

Off Market

## About This Home

16222 Monterey Ln #376 is a 1,566 square foot home with 2 bedrooms and 2 bathrooms. This home is currently off market. Based on Redfin's Huntington Beach data, we estimate the home's value is $296,642.
Redfin last checked: over 7 days ago. Source: Public Records

## Redfin Estimate for 16222 Monterey Ln #376

Edit Home Facts to improve accuracy.

Create an Owner Estimate

### $296,642

See estimate history
Redfin Estimate based on recent home sales.





SOLD APR 26, 2022

SOLD JAN 18, 2022

**$285,000** Sold Price                        A

3 Beds  2 Baths  1,824 Sq. Ft.
16222 Monterey Ln #375, Huntington Beach, CA 92649

— $33/sq ft

↓ 12 years older

**$300,000** Sold Price

3 Beds  2 Baths  1,566 Sq. Ft.
16222 Monterey Ln #314, Huntington Beach, CA 92649

+ $3/sq ft

↓ 1 year older

View comparables on map ⌄

## Homeowner Tools



Edit home facts
Review property details and add renovations.

Case 8:21-bk-11710-SC   Doc 253   Filed 10/21/22   Entered 10/21/22 11:16:39   Desc
Case 8:21-bk-11710-SC   Main Document   Page 131 of 260   Desc
Main Document   Page 127 of 256

16222 Monterey Ln #376, Huntington Beach, CA 92649 | Redfin          https://www.redfin.com/CA/Huntington-Beach/16222-Monterey-Ln-...



**Manage photos**
Update home photos or make them private.

**Create an Owner Estimate**
Select recent home sales to estimate your home's value.

**View Owner Dashboard**
Track your estimate and nearby sale activity.

## Home Facts

| Status | Off Market | Property Type | Mobile/Manufactured Home |
|---|---|---|---|
| Year Built | 2014 | | |

**Price Insights**

| Redfin Estimate | $296,642 | Price/Sq.Ft. | $189 |
|---|---|---|---|



Advertisement                                                          Hide this ad

## Property Details for 16222 Monterey Ln #376

**Exterior Features, Taxes / Assessments**

**Mobile Home Information**
• Is Mobile Home

**Assessor Information**
• Assessment Year: 2021

**Property / Lot Details**

16222 Monterey Ln #376, Huntington Beach, CA 92649 | Redfin    https://www.redfin.com/CA/Huntington-Beach/16222-Monterey-Ln-...

**Property Information**
- Legal Description: T-MHP: RANDRE MSP: 376

**Lot Information**
- # of Buildings: 1
- County Use Description: MOBILE HOME

This data may not show owner updates. Learn more.

## Sale & Tax History for 16222 Monterey Ln #376

**Sale History**   Tax History

**Today**

| Dec 17, 2018 | Delisted (Withdrawn) | — |
| Date | CRMLS #OC18179029 | Price |

| Dec 16, 2018 | Relisted (Active) | — |
| Date | CRMLS #OC18179029 | Price |

| Dec 2, 2018 | Relisted (Active) | — |
| Date | CRMLS #OC18179029 | Price |

| Dec 2, 2018 | Delisted (Hold Do Not Show) | — |
| Date | CRMLS #OC18179029 | Price |

| Nov 21, 2018 | Delisted (Hold Do Not Show) | — |
| Date | CRMLS #OC18179029 | Price |

| Nov 10, 2018 | Price Changed | * |
| Date | CRMLS #OC18179029 | Price |

| Oct 19, 2018 | Price Changed | * |
| Date | CRMLS #OC18179029 | Price |

| Oct 5, 2018 | Price Changed | * |
| Date | CRMLS #OC18179029 | Price |

| Aug 8, 2018 | Price Changed | * |
| Date | CRMLS #OC18179029 | Price |

| Jul 25, 2018 | Listed (Active) | * |
| Date | CRMLS #OC18179029 | Price |

    

Listing provided courtesy of CRMLS

Advertisement

Hide this ad

Case 8:21-bk-11710-SC   Doc 253   Filed 10/21/22   Entered 10/21/22 11:16:39   Desc
Case 8:21-bk-11710-SC   Main Document   10/07/22   Page 13530 of 260   10/07/22 17:24:54   Desc

16222 Monterey Ln #376, Huntington Beach, CA 92649 | Redfin          https://www.redfin.com/CA/Huntington-Beach/16222-Monterey-Ln-...

## Public Facts for 16222 Monterey Ln #376

**Edit Facts**

| | | | |
|---|---|---|---|
| Beds | 2 | Style | Mobile/Manufactured Home |
| Baths | 2 | Year Built | 2014 |
| Sq. Ft. | 1,566 | Year Renovated | — |
| Stories | 1 | County | Orange County |
| Parking Spaces | 3 | APN | 89156962 |
| Basement | No | HOA Dues | — |
| Accessible | No | Garage | No |
| Lot Size | — | Features | — |

Home facts updated by owner on May 16, 2022. View Public Records

## Schools

GreatSchools Summary Rating

| | | | | |
|---|---|---|---|---|
| 7/10 | Harbour View Elementary Sc...<br>Public, K-5 · Serves this home | 687<br>Students | 0.4mi<br>Distance | 40 reviews |
| 6/10 | Marine View Middle School<br>Public, 6-8 · Serves this home | 730<br>Students | 1.7mi<br>Distance | 11 reviews |
| 9/10 | Marina High School<br>Public, 9-12 · Serves this home | 2443<br>Students | 1.4mi<br>Distance | 9 reviews |

School data is provided by GreatSchools, a nonprofit organization. Redfin recommends buyers and renters use GreatSchools information and ratings as a first step, and conduct their own investigation to determine their desired schools or school districts, including by contacting and visiting the schools themselves.

Redfin does not endorse or guarantee this information. School service boundaries are intended to be used as a reference only; they may change and are not guaranteed to be accurate. To verify school enrollment eligibility, contact the school district directly.

## Around This Home

Case 8:21-bk-11710-SC    Doc 253    Filed 10/21/22    Entered 10/21/22 11:16:39    Desc
Case 8:21-bk-11710-SC    Main Document    Page 134 of 260    10/07/22 17:24:54    Desc
                         Main Document    Page 130 of 256

16222 Monterey Ln #376, Huntington Beach, CA 92649 | Redfin    https://www.redfin.com/CA/Huntington-Beach/16222-Monterey-Ln-...

## Transportation in 92649

**27**/100                      **28**/100                      **66**/100

Car-Dependent                   Some Transit                    Bikeable
Walk Score®                     Transit Score®                  Bike Score®

## Recommended For You

Based on homes you've looked at.







**$114,999**

2 Beds  2 Baths  800 Sq. Ft.

7887 Lampson Ave #88, Garden Grove, CA 92841

**$115,000**

2 Beds  2 Baths  1,248 Sq. Ft.

8111 Stanford Ave #38, Garden Grove, CA 92841

**$196,900**

4 Beds  2 Baths  1,392 Sq. Ft.

20701 Beach Blvd #298, Huntington Beach, CA 92648







**$154,800**

3 Beds  2 Baths  1,100 Sq. Ft.

5772 Garden Grove Blvd #52, Westminster, CA 92683

**$129,000**

2 Beds  2 Baths  1,250 Sq. Ft.

7271 Katella Ave #97, Stanton, CA 90680

**$183,900**

2 Beds  2 Baths  1,440 Sq. Ft.

20701-31 Beach Blvd #31, Huntington Beach, CA 92648

## Nearby Similar Homes

Sorry, we don't have any nearby similar homes to display. See all homes for sale in 92649

## Nearby Recently Sold Homes

Nearby homes similar to 16222 Monterey Ln #376 have recently sold between $90K to $300K at an average of $125 per square foot.

Case 8:21-bk-11710-SC   Doc 253   Filed 10/21/22   Entered 10/21/22 11:16:39   Desc
Case 8:21-bk-11710-SC   Main Document   Filed 10/07/22   Page 135 of 260   10/07/22 17:24:54   Desc
Main Document        Page 131 of 256

16222 Monterey Ln #376, Huntington Beach, CA 92649 | Redfin          http://www.redfin.com/CA/Huntington-Beach/16222-Monterey-Ln-...







**$99,000** Last Sold Price
2 Beds  2 Baths  1,300 Sq. Ft.
16222 Monterey Ln #158, Huntington Beach, CA 92649

**$130,000** Last Sold Price
2 Beds  2 Baths  1,620 Sq. Ft.
16444 Bolsa Chica St #109, Huntington Beach, CA 9264!

**$90,000** Last Sold Price
3 Beds  2 Baths  1,640 Sq. Ft.
16444 Bolsa Chica St #11, Huntington Beach, CA 92649

---

View More Recently Sold Homes

## Home Values Near 16222 Monterey Ln #376

Data from public records.

| Address | Redfin Estimate |
|---|---|
| 16222 Monterey Lane Unit 1, Huntington Beach, CA<br>- Beds \| - Baths \| - Sq. Ft. | — |
| 16222 Monterey Lane Unit 261, Huntington Beach, CA<br>- Beds \| - Baths \| - Sq. Ft. | — |
| 16222 Monterey Lane Unit 322, Huntington Beach, CA<br>- Beds \| - Baths \| - Sq. Ft. | — |
| 16222 Monterey Lane Unit 310, Huntington Beach, CA<br>- Beds \| - Baths \| - Sq. Ft. | — |
| 16222 Monterey Lane Unit 150, Huntington Beach, CA<br>- Beds \| - Baths \| - Sq. Ft. | — |
| 16222 Monterey Lane Unit 320, Huntington Beach, CA<br>3 Beds \| 2 Baths \| 1727 Sq. Ft. | $328,497 |
| 16222 Monterey Lane Unit 313, Huntington Beach, CA<br>- Beds \| - Baths \| - Sq. Ft. | — |
| Address | Redfin Estimate |
| 16222 Monterey Lane Unit 111, Huntington Beach, CA<br>2 Beds \| - Baths \| 1060 Sq. Ft. | $145,367 |
| 16222 Monterey Lane Unit 62, Huntington Beach, CA<br>2 Beds \| 2 Baths \| 1340 Sq. Ft. | $174,321 |
| 16222 Monterey Lane Unit 210, Huntington Beach, CA<br>3 Beds \| 2 Baths \| 1493 Sq. Ft. | $248,280 |
| 16222 Monterey Lane Unit 93, Huntington Beach, CA<br>3 Beds \| 2 Baths \| 1600 Sq. Ft. | $253,024 |
| 16222 Monterey Lane Unit 260, Huntington Beach, CA<br>- Beds \| - Baths \| - Sq. Ft. | — |
| 16222 Monterey Lane Unit 294, Huntington Beach, CA<br>- Beds \| - Baths \| - Sq. Ft. | $185,331 |
| 16222 Monterey Lane Unit 99, Huntington Beach, CA<br>- Beds \| - Baths \| - Sq. Ft. | — |
| Address | Redfin Estimate |
| 16222 Monterey Lane Unit 147, Huntington Beach, CA<br>- Beds \| - Baths \| - Sq. Ft. | — |

16222 Monterey Ln #376, Huntington Beach, CA 92649 | Redfin                https://www.redfin.com/CA/Huntington-Beach/16222-Monterey-Ln-...

| Address | Redfin Estimate |
| --- | --- |
| 16222 Monterey Lane Unit 86, Huntington Beach, CA<br>- Beds \| - Baths \| - Sq. Ft. | — |
| 16222 Monterey Lane Unit 337, Huntington Beach, CA<br>- Beds \| - Baths \| - Sq. Ft. | — |
| 16222 Monterey Lane Unit 204, Huntington Beach, CA<br>- Beds \| - Baths \| - Sq. Ft. | — |
| 16222 Monterey Lane Unit 24, Huntington Beach, CA<br>- Beds \| - Baths \| - Sq. Ft. | — |
| 16222 Monterey Lane Unit 201, Huntington Beach, CA<br>- Beds \| - Baths \| - Sq. Ft. | — |
| 16222 Monterey Lane Unit 256, Huntington Beach, CA<br>- Beds \| - Baths \| - Sq. Ft. | — |

Show Less ∧

## More Real Estate Resources

### New Listings in 92649

16178 Mariner Dr #14

3586 Bravata Dr

16573 Pescado Ln

16672 Pacific Coast Unit A

16222 Monterey Ln #356

4951 Maui Cir

Show More ∨

### Neighborhoods

**Westside Costa Mesa** homes for sale

**Mesa Verde** homes for sale

**Huntington Harbour** homes for sale

**Bolsa Chica** homes for sale

**Senior Landmark Living** homes for sale

### Nearby Cities

**Pasadena** homes for sale

**Los Angeles** homes for sale

**Anaheim** homes for sale

**Whittier** homes for sale

**Newport Beach** homes for sale

**Yorba Linda** homes for sale

Show More ∨

### Zip Codes

**92683** homes for sale

Case 8:21-bk-11710-SC    Doc 253    Filed 10/21/22    Entered 10/21/22 11:16:39    Desc
Case 8:21-bk-11710-SC    Main Document    Page 137 of 260   10/07/22 17:24:54    Desc
                         Main Document      Page 133 of 256

16222 Monterey Ln #376, Huntington Beach, CA 92649 | Redfin          https://www.redfin.com/CA/Huntington-Beach/16222-Monterey-Ln-...

92708 homes for sale

92646 homes for sale

92647 homes for sale

92648 homes for sale

**Popular Searches**

Luxury homes in Huntington Beach

Homes with pools in Huntington Beach

Single story homes in Huntington Beach

Open houses in Huntington Beach

New listings in Huntington Beach

Condos in Huntington Beach

Show More ∨

## Frequently Asked Questions for 16222 Monterey Ln #376

| | |
|---|---|
| What is 16222 Monterey Ln #376? | How competitive is the market for this home? |
| How many photos are available for this home? | What comparable homes are near this home? |
| How much is this home worth? | What's the full address of this home? |
| When was this home built and last sold? | |

**Join us**

Be a Redfin Agent

Get referrals

See all jobs

**About us**

Our Mission

Press

Investors

Blog

Real Estate News

**Find us**

Redfin App

Contact Us

Help

Countries

United States

Canada

Updated June 2022: By searching, you agree to the Terms of Use, and Privacy Policy.

Do Not Sell My Personal Information

REDFIN IS COMMITTED TO AND ABIDES BY THE FAIR HOUSING ACT AND EQUAL OPPORTUNITY ACT. READ REDFIN'S FAIR HOUSING POLICY.

Copyright: © 2022 Redfin. All rights reserved. Patent pending.

REDFIN and all REDFIN variants, TITLE FORWARD, WALK SCORE, and the R logos, are trademarks of Redfin Corporation, registered or pending in the USPTO.

California DRE #01521930

NY Standard Operating Procedures

TREC: Info About Brokerage Services, Consumer Protection Notice

If you are using a screen reader, or having trouble reading this website, please call Redfin Customer Support for help at 1-844-759-7732.

GreatSchools Ratings provided by GreatSchools.org.

**Attachment A – Liens To be Avoided**

### HUNTINGTON BEACH GABLES HOMEOWNERS ASSOCIATION

Re: 16222 Monterey Lane #376, Huntington Beach, CA 92649

APN 891-569-62, Tract 10542, Unit 4, Lot 376 on APN 178-011-01

| Preliminary Exception No. | Judgment Entry Date | Judgment Recording Date | Official Records of Orange County Instrument Number | Court | Case |
|---|---|---|---|---|---|
| "Exception F" | 09/27/2018 | 11/19/18 | 2018-000435011 | Orange County Superior Court | *Gables HOA v. Bradley, et al Jamie Gallian* (30-2017-00913985 ("2017 Arc Action") |
| "Exception G" | 12/04/18 | 12/14/2018 | 2018-000467142 | Same | 2017 Arc Action |
| "Exception H" | 03/21/2019 | 05/03/2019 | 2019-000148568 | Same | 2017 "Slapp" 30-17-00962999 |
| "Exception I" | 05/06/2019 | 05/16/2019 | 2019-000165259 | Same | 2017 Arc Action |
| "Exception J" | 05/06/2019 | 05/16/2019 | 2019-000166068 | Same | 2017 Arc Action |
| "Exception K" | RELEASE | 05/16/2019 | 2020-000481922 | Same | Gables HOA v. Bradley, et al Jamie Gallian 30-2017-00913985 |
| | | | | | |

**DEBTOR'S MOTION TO AVOID LIEN UNDER 11 U.S.C. § 522(f) (REAL PROPERTY)**

# Attachment A

6.      Debtor's entitlement to an exemption is impaired by a judicial lien(s), the details of the lien(s) are as follows:

    a.      Date of Entry of judgment:   09/27/2018
    b.      Case name: Huntington Beach Gables vs. Sandra L. Bradley, et al
    c.      Name of Court:  Superior Court of CA., County of Orange
    d.      Docket Number:  30-2017-00913985
    e.      Date and place of recordation of lien:  11/19/2018, in Orange County
    f.      Recorder's instrument number:  2018000435011
    Exception #_F-1,2

    a.      Date of Entry of judgment: 12/04/2018
    b.      Case name:  Huntington Beach Gables vs. Sandra L. Bradley, et al
    c.      Name of Court:  Superior Court of CA., County of Orange
    d.      Docket Number:  30-2017-00913985
    e.      Date and place of recordation of lien:  12/14/2018, in Orange County
    f.      Recorder's instrument number:  2018000467142
    Exception #_G-1,2

    a.      Date of Entry of judgment: 3/21/2019
    b.      Case name: Huntington Beach Gables vs. Jamie L. Gallian
    c.      Name of Court:  Superior Court of CA., County of Orange
    d.      Docket Number: 30-2017-00962999
    e.      Date and place of recordation of lien: 05/03/2019, in Orange County
    f.      Recorder's instrument number: 2019000148568
    Exception #_H-1,2

    a.      Date of Entry of judgment: 05/6/2019
    b.      Case name: Huntington Beach Gables vs. Sandra L. Bradley, et al
    c.      Name of Court:  Superior Court of CA., County of Orange
    d.      Docket Number: 30-2017-00913985
    e.      Date and place of recordation of lien: 05/16/2019 in Orange County
    f.      Recorder's instrument number: 2019000165259
    Exception #_I-1,2

    a.      Date of Entry of judgment: 05/6/2019
    b.      Case name: Huntington Beach Gables vs. Sandra L. Bradley, et al
    c.      Name of Court:  Superior Court of CA., County of Orange
    d.      Docket Number: 30-2017-00913985
    e.      Date and place of recordation of lien: 05/16/2019, in Orange County
    f.      Recorder's instrument number: 2019000166068
    Exception #_J-1,2

Case 8:21-bk-11710-SC    Doc 253    Filed 10/21/22    Entered 10/21/22 11:16:39    Desc
Case 8:21-bk-11710-SC    Main Document    Filed 10/07/22    Page 140 of 260    Entered 10/07/22 17:24:54    Desc
Case 8:21-bk-11710-SC    Main Document    Filed 07/22/22    Page 136 of 260    Entered 07/22/22 16:42:54    Desc
Part 2 - Amended Motion    Page 89 of 258

Attachment A-Continued

6.    Debtor's entitlement to an exemption is impaired by a judicial lien, the details of the lien are as follows:

    a.    Date of Entry of judgment:
    b.    Case name:  Huntington Beach Gables vs. Sandra L. Bradley, et al
    c.    Name of Court:  Superior Court of CA., County of Orange
    d.    Docket Number: 30-2017-00913985
    e.    Date and place of recordation of **RELEASE OF JUDGMENT: 09/10/2020,**
           filed by _Huntington Beach Gables Homeowners Association,_
           Official Records County of Orange.
    f.    Recorder's instrument number: 2020000481922
    Exception #_K-1____

# EXHIBIT F

# EXHIBIT F

# EXHIBIT F

Exception No. 1

**SUPERIOR COURT OF CALIFORNIA,**
**COUNTY OF ORANGE**
**CENTRAL JUSTICE CENTER**

**MINUTE ORDER**

DATE: 09/27/2018                    TIME: 01:30:00 PM          DEPT: C33

JUDICIAL OFFICER PRESIDING: James Crandall
CLERK: P. Rief
REPORTER/ERM: (ACRPT) Cheri Violette CSR# 3584
BAILIFF/COURT ATTENDANT: Julie Carney

CASE NO: **30-2017-00913985-CU-CO-CJC** CASE INIT.DATE: 04/11/2017
CASE TITLE: **The Huntington Beach Gables Homeowners Association vs. Bradley**
CASE CATEGORY: Civil - Unlimited      CASE TYPE: Contract - Other

---

EVENT ID/DOCUMENT ID: 72875934

**EVENT TYPE:** Motion to Compel Response to Requests for Admissions
MOVING PARTY: The Huntington Beach Gables Homeowners Association
CAUSAL DOCUMENT/DATE FILED: Motion to Compel Answers to Request for Admissions, 08/23/2018

EVENT ID/DOCUMENT ID: 72875943

**EVENT TYPE:** Motion to Compel Answers to Special Interrogatories
MOVING PARTY: The Huntington Beach Gables Homeowners Association
CAUSAL DOCUMENT/DATE FILED: Motion to Compel Answers to Interrogatories Special, 08/23/2018

EVENT ID/DOCUMENT ID: 72875946

**EVENT TYPE:** Motion to Compel Answers to Form Interrogatories
MOVING PARTY: The Huntington Beach Gables Homeowners Association
CAUSAL DOCUMENT/DATE FILED: Motion to Compel Answers to Interrogatories Form, 08/23/2018
Additional events listed on last page.

---

**APPEARANCES**
Pejman D. Kharrazian, Esq., from Epsten Grinnell & Howell, APC, present for Cross -
Defendant,Plaintiff(s).
Jamie L. Gallian, self represented Cross - Defendant, present.
David R. Flyer, Esq., specially appearing.

Tentative Ruling posted on the Internet.

The court hears oral argument. The court, having fully considered the arguments of all parties, both
written and oral, as well as the evidence presented, now rules as follows: The Tentative Ruling, as
amended, will become the final ruling of the court. Plaintiff's requests for sanctions as to the motions to
compel further responses are denied.

The court rules as follows:

**1. Motion by Plaintiff The Huntington Beach Gables Homeowners Association for an Order to**
**Compel Responses to Form Interrogatories (Set One) from Defendant Jamie Gallian and Request**

---

DATE: 09/27/2018                              MINUTE ORDER                              Page 1
DEPT: C33                                                                      Calendar No.

CASE TITLE: The Huntington Beach Gables         CASE NO: **30-2017-00913985-CU-CO-CJC**
Homeowners Association vs. Bradley

for **Sanctions:**

Plaintiff The Huntington Beach Gables Homeowners Association's unopposed Motion to Compel Responses to Form Interrogatories and Imposition of Sanctions is GRANTED. (See Code Civ. Proc. § 2030.290, subd. (a)).

Defendant Jamie L. Gallian is ordered to serve verified responses without objections to Plaintiff's Form Interrogatories, Set No. One, within ten days. The court imposes monetary sanctions against Defendant Jamie L. Gallian in the amount of $1,535.00, payable to counsel for Plaintiff within thirty days.

**2. Motion by Plaintiff The Huntington Beach Gables Homeowners Association for an Order to Compel Further Responses to Special Interrogatories (Set One) and Request for Sanctions:**

The court GRANTS Plaintiff's Request For Judicial Notice.

Plaintiff The Huntington Beach Gables Homeowners Association's Motion to Compel Further Responses to Plaintiff's Special Interrogatories Set No. 1 is GRANTED. (See Code Civ. Proc. § 2030.300).

The court finds that Defendant is equitably estopped from asserting that the Plaintiff's motions are not timely filed, because these motions were initially timely filed, and ordered off calendar by the court in reliance upon a settlement between the parties placed on the record before the court. Once it became clear that defendant was unwilling to live up to the terms reached before the court, Plaintiff timely renewed the motions.

Defendant Jamie L. Gallian is ordered to serve further, non-evasive responses to Plaintiff's Special Interrogatories Set No. 1 without objections within ten days.

The request for monetary sanctions against Defendant Jamie L. Gallian is denied.

**3. Motion by Plaintiff The Huntington Beach Gables Homeowners Association for an Order to Compel Responses to Request for Production of Documents (Set One) and Request for Sanctions:**

Plaintiff's Request For Judicial Notice is GRANTED.

Plaintiff The Huntington Beach Gables Homeowners Association's Motion to Compel Responses to Inspection Demands and Imposition of Sanctions is GRANTED. (See Code Civ. Proc. § 2031.300, subd. (a)).

Defendant Jamie L. Gallian is ordered to serve verified responses without objections to Plaintiff's Inspection Demand, Set No. One, which fully complies with Code Civ. Proc. § 2031.210(a), and all responsive documents (whatever their source), within ten days.

The court also imposes monetary sanctions against Defendant Jamie L. Gallian in the amount of $1,535.00, payable to counsel for Plaintiff within thirty days. (See Code Civ. Proc. § 2031.300, subd. (h)).

**4. Motion by Plaintiff The Huntington Beach Gables Homeowners Association for an Order to Compel Further Responses to Request for Admissions (Set One) and Request for Sanctions:**

DATE: 09/27/2018                           MINUTE ORDER                            Page 2
DEPT: C33                                                                   Calendar No.

CASE TITLE: The Huntington Beach Gables
Homeowners Association vs. Bradley

CASE NO: **30-2017-00913985-CU-CO-CJC**

Plaintiff The Huntington Beach Gables Homeowners Association's Motion to Compel to Further Responses to Plaintiff's Requests For Admissions, Set No. 1, is GRANTED. (See Code Civ. Proc. § 2033.290).

The court finds that Defendant is equitably estopped from asserting that the Plaintiff's motions are not timely filed, because these motions were initially timely filed and ordered off calendar by the court in reliance upon a settlement between the parties placed on the record before the court. Once it became clear that defendant was unwilling to live up to the terms reached before the court, Plaintiff timely renewed the motions.

Defendant Jamie L. Gallian is ordered to serve further, non-evasive responses to Plaintiff's Requests For Admissions Set No. 1 without objections within ten days.

The request for monetary sanctions against Defendant Jamie L. Gallian is denied.

Defendant's request for imposition of monetary sanctions is denied.

Defendant to give notice.


A Mandatory Settlement Conference is scheduled for 10/05/2018 at 09:00 AM in Department C33.

Defendant Jamie L. Gallian's oral Ex Parte Request to advance the hearing date on her Motion for Judgment on the Pleadings, set for 12/13/2018, is granted.

The Motion by Defendant Jamie L. Gallian for Judgment on the Pleadings, set for 12/13/2018, is ordered advanced to 12/06/2018 at 01:30 PM in this department.

Court orders defendant to give notice.

CASE TITLE: The Huntington Beach Gables
Homeowners Association vs. Bradley

CASE NO: **30-2017-00913985-CU-CO-CJC**

ADDITIONAL EVENTS:

EVENT ID/DOCUMENT ID: 72875949
**EVENT TYPE:** Motion to Compel Production
MOVING PARTY: The Huntington Beach Gables Homeowners Association
CAUSAL DOCUMENT/DATE FILED: Motion to Compel Production/Inspection of Documents or Things,
08/23/2018

Exception No. 1 (Part 2)

Recorded in Official Records, Orange County
Hugh Nguyen, Clerk-Recorder

**EJ-001**

**97.00**

*$R001048049 1$*

2018000435011  2:30 pm  11/19/18

7 413 A03   2

0.00 0.00 0.00 0.00 3.00 10.00 0.000.0075.00 3.00

Recording Requested by and When Recorded Mail to
Joyce J. Kapsal          SBN: 091950
Epsten Grinnell & Howell, APC
10200 WILLOW CREEK ROAD, SUITE 100
SAN DIEGO, CA 92131
TEL NO.: 858-527-0111   FAX NO. (optional): 858-527-1531
E-MAIL ADDRESS (Optional):

[X] ATTORNEY FOR   [X] JUDGMENT CREDITOR   [ ] ASSIGNEE OF RECORD

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **ORANGE**
STREET ADDRESS: **700 Civic Center Drive West**
MAILING ADDRESS: **700 Civic Center Drive West**
CITY AND ZIP CODE: **Santa Ana, CA 92701**
BRANCH NAME: **Central Justice Center**

FOR RECORDER'S USE ONLY

PLAINTIFF: The Huntington Beach Gables Homeowners Association
DEFENDANT: Jamie L. Gallian

| CASE NUMBER |
|---|
| 30-2017-00913985-CU-CO-CJC |

**ABSTRACT OF JUDGMENT—CIVIL
AND SMALL CLAIMS**   [ ] Amended

FOR COURT USE ONLY

Pursuant to California Government Code § 68150(f), the Clerk of the Court hereby certifies this document accurately reflects the official court record. The electronic signature and seal on this document have the same validity and legal force and effect as an original clerk's signature and court seal. California Government Code § 68150(g).

1. The [X] judgment creditor  [ ] assignee of record applies for an abstract of judgment and represents the following:
   a. Judgment debtor's
      Name and last known address

      ┌─────────────────────────────┐
      │ Jamie L. Gallian            │
      │ 4476 Alderport Drive #53    │
      │ Huntington Beach, CA 92649  │
      └─────────────────────────────┘

   b. Driver's license no. [last 4 digits] and state: 0742 / CA   [ ] Unknown
   c. Social security no. [last 4 digits]: xxx-xx-3936   [ ] Unknown
   d. Summons or notice of entry of sister-state judgment was personally served or mailed to (name and address):

      Jamie L. Gallian, 4476 Alderport Drive #53, Huntington Beach, CA 92649

2. [ ] Information on additional judgment debtors is shown on page 2.
3. Judgment creditor (name and address):
   The Huntington Beach Gables Homeowners Association
   c/o Epsten Grinnell & Howell, 10200 Willow
   Creek Rd, Ste 100, San Diego, CA 92131
   Date: November 9, 2018

   Joyce J. Kapsal
   (TYPE OR PRINT NAME)

4. [ ] Information on additional judgment creditors is shown on page 2.
5. [ ] Original abstract recorded in this county:
   a. Date:
   b. Instrument No.:

   ▶ _(SIGNATURE OF APPLICANT OR ATTORNEY)_

6. Total amount of judgment as entered or last renewed:
   $ 3,070.00
7. All judgment creditors and debtors are listed on this abstract.
8. a. Judgment entered on (date): 9/27/2018 [sanctions]
   b. Renewal entered on (date):
9. [ ] This judgment is an installment judgment.

10. [ ] An [ ] execution lien [ ] attachment lien is endorsed on the judgment as follows:
    a. Amount: $
    b. In favor of (name and address):

11. A stay of enforcement has
    a. [X] not been ordered by the court.
    b. [ ] been ordered by the court effective until (date):

12. a. [X] I certify that this is a true and correct abstract of the judgment entered in this action.
    b. [ ] A certified copy of the judgment is attached.

David H. Yamasaki, Clerk of the Court

This abstract issued on (date):
11/16/2018

Clerk, by _____ , Deputy
S.Wilson

Form Adopted for Mandatory Use
Judicial Council of California
EJ-001 [Rev. July 1, 2014]

**ABSTRACT OF JUDGMENT—CIVIL
AND SMALL CLAIMS**

Page 1 of 2
Code of Civil Procedure, §§ 488.480, 674, 700.190
Westlaw Doc & Form Builder

| PLAINTIFF: The Huntington Beach Gables Homeowners Association | COURT CASE NO.: |
|---|---|
| DEFENDANT: Jamie L. Gallian | 30-2017-00913985-CU-CO-CJC |

NAMES AND ADDRESSES OF ADDITIONAL JUDGMENT CREDITORS:

13. Judgment creditor *(name and address)*:

14. Judgment creditor *(name and address)*:

15. ☐ Continued on Attachment 15.

INFORMATION ON ADDITIONAL JUDGMENT DEBTORS:

16. ⌐ Name and last known address ¬

Driver's license no. [last 4 digits] and state: ☐ Unknown

Social security no. [last 4 digits]: ☐ Unknown

Summons was personally served at or mailed to *(address)*:

17. ⌐ Name and last known address ¬

Driver's license no. [last 4 digits] and state: ☐ Unknown

Social security no. [last 4 digits]: ☐ Unknown

Summons was personally served at or mailed to *(address)*:

18. ⌐ Name and last known address ¬

Driver's license no. [last 4 digits] and state: ☐ Unknown

Social security no. [last 4 digits]: ☐ Unknown

Summons was personally served at or mailed to *(address)*:

19. ⌐ Name and last known address ¬

Driver's license no. [last 4 digits] and state: ☐ Unknown

Social security no. [last 4 digits]: ☐ Unknown

Summons was personally served at or mailed to *(address)*:

20. ☐ Continued on Attachment 20.

EJ-001 [Rev. July 1, 2014]

**ABSTRACT OF JUDGMENT—CIVIL
AND SMALL CLAIMS**

Page 2 of 2

# EXHIBIT G

# EXHIBIT G

# EXHIBIT G

## Exception No. 2

ELECTRONICALLY RECEIVED
Superior Court of California,
County of Orange
11/09/2018 at 10:23:23 AM
Clerk of the Superior Court
By eClerk, Deputy Clerk

3728619

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

**DEC 0 4 2018**

DAVID H. YAMASAKI, Clerk of the Court

BY_____,DEPUTY

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF ORANGE, CENTRAL JUSTICE CENTER

| | |
|---|---|
| THE HUNTINGTON BEACH GABLES HOMEOWNERS ASSOCIATION, a California Nonprofit Mutual Benefit Corporation, <br><br> Plaintiff, <br><br> v. <br><br> SANDRA L. BRADLEY, individually and as Trustee of the Sandra L. Bradley Trust; JAMIE L. GALLIAN, an individual; and DOES 1 through 25, inclusive, <br><br> Defendants. <br><br>―――――――――――――――― <br><br> AND RELATED CROSS-ACTIONS. | Case No. 30-2017-00913985-CU-CO-CJC <br><br> *Honorable James L. Crandall* <br><br> [~~PROPOSED~~] **JUDGMENT FOR ATTORNEYS' FEES** <br><br> FAC Filed: May 16, 2017 <br> Trial Date: December 10, 2018 |

-1-

[~~PROPOSED~~] JUDGMENT FOR ATTORNEYS' FEES

1    The above-captioned matter came on regularly for hearing on Cross-Defendants Lee

2   Gragnano, Ted Phillips, Lindy Beck, Jennifer Paulin, Janine Jasso, and Lori Burrett's Motion for

3   Attorneys' Fees and Costs on November 1, 2018 and November 8, 2018, in Department C33 of

4   the Superior Court in and for the State of California, County of Orange, the Honorable James L.

5   Crandall presiding.

6       Cross-Defendants Lee Gragnano, Ted Phillips, Lindy Beck, Jennifer Paulin, Janine Jasso,

7   and Lori Burrett appeared by and through its attorneys, Brenda Radmacher of Gordon & Rees,

8   LLP.  Cross-Complainant Jamie L. Gallian, in pro per, appeared on behalf of herself.  After

9   hearing evidence and arguments, and good cause appearing;

10      **NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED** that Cross-

11   Defendants Lee Gragnano, Ted Phillips, Lindy Beck, Jennifer Paulin, Janine Jasso, and Lori

12   Burrett are awarded their attorneys' fees in the amount of $46,138.00 against Cross-Complainant

13   Jamie L. Gallian. Post-judgment interest at a rate of ten (10) percent annum from the date hereof,

14   till paid, shall accrue on the amount above.

15      **IT IS SO ORDERED, ADJUDGED AND DECREED.**

16

17

18   Dated: _12 - 4 -_, 2018                      _____

19                                             Honorable James L. Crandall
                                               Judge of the Superior Court
20

21

22

23

24

25

26

27

28
11(1)304/11288820v1

-2-
[PROPOSED] JUDGMENT FOR ATTORNEYS' FEES

Exception No. 2 (Part 2)

Recording Requested By

Name: James E. Hawley (SBN: 299723)

Address: GORDON REES SCULLY & MANSUKHANI
633 W. 5th Street, 52nd Floor

City, State, Zip Code
Los Angeles, CA 90071

Recorded in Official Records, Orange County
Hugh Nguyen, Clerk-Recorder

103.00

* $ R 0 0 1 0 5 2 8 9 4 2 $ *
2018000467142 8:58 am 12/14/18
7 413 A03  4
0.00 0.00 0.00 0.00 9.00 10.00 0.000.0075.00 3.00

SPACE ABOVE THIS LINE FOR RECORDER'S USE

## Title of Document

### ABSTRACT OF JUDGEMENT

EJ-001

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, address, State bar number, and telephone number):
Recording requested by and return to:
James E. Hawley (SBN: 299723)
GORDON REES SCULLY & MANSUKHANI
633 W. 5th Street, 52nd Floor
Los Angeles, CA 90071
TEL NO: (213) 576-5000    FAX NO. (Optional) (877) 306-0043
E-MAIL ADDRESS (Optional):
☒ ATTORNEY FOR    ☐ JUDGMENT CREDITOR    ☐ ASSIGNEE OF RECORD

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Orange
STREET ADDRESS: 700 W. Civic Center Dr.
MAILING ADDRESS:
CITY AND ZIP CODE: Santa Ana, 92701
BRANCH NAME: Central Justice Center

PLAINTIFF: The Huntington Beach Gables Homeowners Association
DEFENDANT: Sandra L. Bradley; Jamie L. Gallian et al.

FOR RECORDER'S USE ONLY

CASE NUMBER
30-2017-00913985-CU-CO-CJC

ABSTRACT OF JUDGMENT—CIVIL
AND SMALL CLAIMS          ☐ Amended

FOR COURT USE ONLY

Pursuant to California Government Code § 68150(f), the Clerk of the Court hereby certifies this document accurately reflects the official court record. The electronic signature and seal on this document have the same validity and legal force and effect as an original clerk's signature and court seal. California Government Code § 68150(g).

1. The ☒ judgment creditor ☐ assignee of record applies for an abstract of judgment and represents the following:
   a. Judgment debtor's
      Name and last known address

      Jamie L. Gallian
      5782 Pinon Drive
      Huntington Beach, CA 92649

   b. Driver's license no. [last 4 digits] and state:          ☒ Unknown
   c. Social security no. [last 4 digits]: 3936          ☐ Unknown
   d. Summons or notice of entry of sister-state judgment was personally served or mailed to (name and address):

      Jamie L. Gallian, 5782 Pinon Drive, Huntington Beach, CA 92649

2. ☐ Information on additional judgment debtors is shown on page 2.
3. Judgment creditor (name and address):
   Janine Jasso
   4469 Chase Dr.
   Huntington Beach, CA 92649
   Date: December 7, 2018
   James E. Hawley
   (TYPE OR PRINT NAME)

4. ☒ Information on additional judgment creditors is shown on page 2.
5. ☐ Original abstract recorded in this county:
   a. Date:
   b. Instrument No.:

   ► (SIGNATURE OF APPLICANT OR ATTORNEY)

6. Total amount of judgment as entered or last renewed:
   $46,138.00
7. All judgment creditors and debtors are listed on this abstract.
8. a. Judgment entered on (date): December 4, 2018
   b. Renewal entered on (date):
9. ☐ This judgment is an installment judgment.

[SEAL] David H Yamasaki Clerk of the Court
This abstract issued on (date):
12/13/2018

10. ☐ An ☐ execution lien ☐ attachment lien is endorsed on the judgment as follows:
    a. Amount: $
    b. In favor of (name and address):

11. A stay of enforcement has
    a. ☒ not been ordered by the court.
    b. ☐ been ordered by the court effective until (date):
12. a. ☒ I certify that this is a true and correct abstract of the judgment entered in this action.
    b. ☐ A certified copy of the judgment is attached.
    Clerk, by _____ S.Wilson Deputy

Form Adopted for Mandatory Use
Judicial Council of California
EJ-001 (Rev. July 1, 2014)

ABSTRACT OF JUDGMENT—CIVIL
AND SMALL CLAIMS

Page 1 of 2
Code of Civil Procedure, §§ 488.480, 674, 700.190

| PLAINTIFF: The Huntington Beach Gables Homeowners Association | COURT CASE NO : |
|---|---|
| DEFENDANT: Sandra L. Bradley; Jamie L. Gallian et al. | 30-2017-00913985-CU-CO-CJC |

**NAMES AND ADDRESSES OF ADDITIONAL JUDGMENT CREDITORS:**

13. Judgment creditor *(name and address)*:

Jennifer Paulin
4446 Alderport Dr.
Huntington Beach, CA 92649

14. Judgment creditor *(name and address)*:

Lori Burrett
16107 Warmington Lane
Huntington Beach, CA 92649

15. ☒ Continued on Attachment 15.

**INFORMATION ON ADDITIONAL JUDGMENT DEBTORS:**

16.       Name and last known address

17.       Name and last known address

Driver's license no. [last 4 digits] and state:
    ☐ Unknown

Social security no. [last 4 digits]:
    ☐ Unknown

Summons was personally served at or mailed to *(address)*:

Driver's license no. [last 4 digits] and state:
    ☐ Unknown

Social security no. [last 4 digits]:
    ☐ Unknown

Summons was personally served at or mailed to *(address)*:

18.       Name and last known address

19.       Name and last known address

Driver's license no. [last 4 digits] and state:
    ☐ Unknown

Social security no. [last 4 digits]:
    ☐ Unknown

Summons was personally served at or mailed to *(address)*:

Driver's license no. [last 4 digits] and state:
    ☐ Unknown

Social security no. [last 4 digits]:
    ☐ Unknown

Summons was personally served at or mailed to *(address)*:

20. ☐ Continued on Attachment 20.

EJ-001 [Rev. January 1, 2014]

**ABSTRACT OF JUDGMENT—CIVIL
AND SMALL CLAIMS**

Page 2 of 2

American LegalNet, Inc.
www.FormsWorkFlow.com

MC-025

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| The Huntington Beach Gables HOA v. Bradley; Gallian | 30-2017-00913985-CU-CO-CJC |

**ATTACHMENT** *(Number):* 15

*(This Attachment may be used with any Judicial Council form.)*

Additional Judgment Creditors

Lee Gragnano
16062 Warmington Ave.
Huntington Beach, CA 92649

Lindy Beck
4443 Chase Drive
Huntington Beach, CA 92649

Ted Phillips
4447 Chase Drive
Huntington Beach, CA 92649

---

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

Page __1__ of __1__

*(Add pages as required)*

Form Approved for Optional Use
Judicial Council of California
MC-025 (Rev. July 1, 2009)

**ATTACHMENT**
to Judicial Council Form

CEB
www.ceb.com

www.courtinfo.ca.gov

Exception No. 2 (Part 3)

U200003862424



**STATE OF CALIFORNIA**
*Office of the Secretary of State, Alex Padilla*
**NOTICE OF JUDGMENT LIEN (JL 1)**
California Secretary of State
1500 11th Street
Sacramento, California 95814
(916) 653-3516

| For Office Use Only |
| :---: |
| **-FILED-** |
| File #: U200003862424 |
| Date Filed: 7/23/2020 |

**Submitter Information:**

Contact Name

Organization Name

Phone Number

Email Address

Address                                         None

**Judgment Debtor Information:**

| Judgment Debtor Name | Mailing Address |
| --- | --- |
| Jamie Gallian | 16222 Monterey Ln Spc 376<br>Huntington Beach, CA 92649 |

**Judgment Creditor Information:**

| Judgment Creditor Name | Mailing Address |
| --- | --- |
| Janine Jasso | 16025 Warmington Lane<br>Huntington Beach, CA 92649 |

**Judgment Information:**

A. Name of Court Where Judgment Was Entered      Orange County Superior Court

B. Title of the Action      The Huntington Beach Gables HOA v. Bradley, Gallian, et al.

C. Case Number      30-2017-00913985-CU-CO-CJC

D. Date Judgment Was Entered      12/04/2018

| E. Date(s) of Subsequent Renewal of Judgment (if any) |
| :---: |
| None Entered |

F. Date of This Notice      07/23/2020

G. Amount Required to Satisfy Judgment at This Date of Notice      $53,684.41

All property subject to enforcement of a Money Judgment against the Judgment Debtor to which a Judgment Lien on personal property may attach under Section 697.530 of the Code of Civil Procedure is subject to this Judgment Lien.

**Declaration and Signature:**

Declaration:      I am a Judgment Creditor listed on the Judgment Lien.

☒ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

| *Janine Jasso* | 07/23/2020 |
| --- | --- |
| Sign Here | Date |

Page 1 of 1

B0303-7141  07/23/2020  3:55 PM  Received by California Secretary of State

# EXHIBIT H

# EXHIBIT H

# EXHIBIT H

Exception No. 3

1    Joyce J. Kapsal (SBN: 091950)
     Pejman D. Kharrazian (SBN: 279260)
2    EPSTEN GRINNELL & HOWELL, APC
     10200 Willow Creek Road, Suite 100
3    San Diego, CA 92131
     Phone: (858) 527-0111 / Facsimile: (858) 527-1531
4    jkapsal@epsten.com / pkharrazian@epsten.com

5    Attorneys for Petitioner
     THE HUNTINGTON BEACH GABLES HOMEOWNERS ASSOCIATION

6

7

8             **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9         **FOR THE COUNTY OF ORANGE, CENTRAL JUSTICE CENTER**

10    THE HUNTINGTON BEACH GABLES    ) Case No. 2017-00962999
     HOMEOWNERS ASSOCIATION,         )
11                               ) Judge: Hon. Sherri Honer
                              ) Dept.: C66
12              Petitioner,         )
                              ) **NOTICE OF RULING ON PETITIONER'S**
13        v.                       ) **MOTION FOR AWARD OF ATTORNEYS'**
                              ) **FEES**
14    JAMIE LYNN GALLIAN,          )
                              )
15             Respondent.      ) Hearing Date: March 21, 2019
                              ) Hearing Time: 1:30 p.m.
16                               ) Dept.:      C-66
                              )
17     _____)

18

19    **TO RESPONDENT JAMIE L. GALLIAN AND TO HER ATTORNEY OF RECORD:**

20        **PLEASE TAKE NOTICE** that on March 21, 2019, in Department C-66 of the above

21 entitled court, Petitioner's Motion for an Award of Attorneys' Fees against Respondent

22 JAMIE LYNN GALLIAN ("Gallian") came on regularly for hearing before the Hon. Sherri

23 Honer, Judge presiding. Steven Fink, Esq. appeared for Respondent and Joyce J. Kapsal, Esq.

24 appeared for Petitioner.

25        After considering the arguments of counsel, the Court confirmed its tentative ruling

26 which became the Order of the Court. Petitioner, THE HUNTINGTON BEACH GABLES

27 HOMEOWNERS ASSOCIATION, was awarded $9,265.00 in attorneys' fees.

28    ///

1    A true and correct copy of the Court's tentative ruling, which became the Order of the

2    Court, is attached hereto as Exhibit A and incorporated herein by reference.

3

4    Dated: March 22, 2019                    EPSTEN GRINNELL & HOWELL, APC

5

6                                            By: _____

7                                            Joyce J. Kapsal / Rejman D. Kharrazian
                                             Attorneys for Petitioner THE
8                                            HUNTINGTON BEACH GABLES
                                             HOMEOWNERS ASSOCIATION

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

Dept C66 Law and Motion
Tentative Rulings
3/21/19

---

**Cal #1**     **Huntington Beach Gables Homeowners Assoc. v. Gallian**     **17-00962999**

Petitioner's motion for attorney fees is GRANTED. Petitioner is awarded $9,265.00 in attorney fees.

"With respect to attorney fees, section 425.16 provides in relevant part at subdivision (c): 'If the court finds that a special motion to strike is frivolous or is solely intended to cause unnecessary delay, the court *shall* award costs and reasonable attorney's fees to a plaintiff prevailing on the motion, pursuant to Section 128.5.' (Italics added.) Thus, the imposition of sanctions for a frivolous anti-SLAPP motion is mandatory. [Citation.]" (*Moore v. Shaw* (2004) 116 Cal.App.4th 182, 198-199.)

"The reference to section 128.5 in section 425.16, subdivision (c) means a court must use the procedures and apply the substantive standards of section 128.5 in deciding whether to award attorney fees under the anti-SLAPP statute. [Citation.] ... A determination of frivolousness requires a finding the anti-SLAPP 'motion is totally and completely without merit [citation], that is, *any reasonable attorney would agree such motion is totally devoid of merit.*" (*Moore, supra,* 116 Cal.App.4th at 199, internal quotations omitted.)

Here, the court finds respondent's anti-SLAPP motion was frivolous and brought solely for delay. The untimely motion was filed 8 months after the request for restraining order had been filed and was filed on the day set for the hearing on the request for restraining order. Moreover, for the reasons stated in denying respondent's anti-SLAPP motion, any reasonable attorney would find the motion totally devoid of merit. Although the request for restraining order refers to pending litigation with respondent, the conduct sought to be retrained was alleged threatening and harassing behavior and destruction of board members' personal property. Neither vandalism nor harassment are constitutionally protected speech.

Based on a review of the breakdown of legal work provided in counsel's supplemental declaration, petitioner seeks $10,050 for legal work related to preparing for the hearing on the restraining order, which was unrelated to opposing the anti-SLAPP motion. Additionally, petitioner billed 5 hours for attending a hearing on the anti-SLAPP motion, which could have been conducted via court call in no more than 1 hour (as was the hearing on the motion for attorney fees). Accordingly, the court finds attorney fees of $325 to be reasonable for attending the hearing on the anti-SLAPP motion and reduces the total amount of attorney fees awarded accordingly.

**Cal. #2    Orange County Transportation Authority (OCTA) v. Carrera         18-01026567**

Petitioner OCTA's unopposed motion to set aside the dismissal entered on November 20, 2018 is GRANTED.

Petitioner has demonstrated the dismissal entered on November 20, 2018 was the result of its counsel's inadvertence or excusable mistake. (Code Civ. Proc., § 473(b); Su Decl., ¶ 2.) Petitioner acted diligently in promptly moving for relief, accordingly, relief is mandatory.

Moreover, based on Nancy Su's declaration filed in support of the motion, OCTA has corrected the deficiency resulting in the OSC re dismissal initially being set. Specifically, the court scheduled the OSC due to an unexplained discrepancy between the address to which the notice of violations and the notice of intent to enter judgment were sent. Per Ms. Su's declaration, OCTA mailed the Notice of Intent to Enter Judgment to 11780 Hazeldell Dr. because it believes it is the current mailing address for respondents. (Su Decl., ¶ 3.) OCTA received this address through a skip trace after mail sent to respondents' previous address was returned. (Id.) The 11780 Hazeldell Dr. address is different than the address to which the 2014 Notice of Toll Evasion Violation was sent because it has been updated. (Id.) OCTA also provided evidence that it has not received returned mail from 11780 Hazeldell Dr. (Id. at ¶ 4.)

Respondents have failed to file an opposition to contest OCTA's account of the facts.

Moving party to give notice.

**Cal #3         Huntington Beach Gables Homeowners Assoc. v. Gallian         17-00962999**

Petitioner's motion for attorney fees is continued to 3/21/19 at 1:30 p.m. to allow for proper service. According to the proof of service, the declarant "caused" the documents to be served on respondent via email. A proof of service must be signed by the person actually serving the documents, not be someone "causing" the documents to be served. Moreover, there is no indication in the court file that respondent has agreed to accept electronic service (CCP § 1010.6(2)(A)(i)), and no email address was provided to the court when respondent filed a substitution of attorney on 12/4/18 updating her service address. (The court further notes the physical service address listed on the proof of service differs from the physical address noted in the substitution of attorney, which is the latest document filed by respondent in the action.)

In addition to continuing the motion to allow for service, the court further continues the motion to allow for the filing of detailed billing records, as it appears petitioner is seeking recovery of fees unrelated to opposing the anti-SLAPP motion. Accordingly, pursuant to *Christian Research Inst. v. Alnor* (2008) 165 Cal. App. 4th 1315, 1320, the court orders the petitioner to submit detailed billing records by 2/19/19. Assuming respondent is timely served by mail no later than 2/22/19, respondent's opposition is due 3/8/19.

POS-050/EFS-050

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY   STATE BAR NO: 91950/ 279260<br>NAME: Joyce J. Kapsal / Pejman D. Kharrazian, Esq.<br>FIRM NAME: EPSTEN GRINNELL & HOWELL, APC<br>STREET ADDRESS: 10200 WILLOW CREEK ROAD, SUITE 100<br>CITY: SAN DIEGO   STATE: CA   ZIP CODE: 92131<br>TELEPHONE NO.: 858-527-0111   FAX NO: 858-527-1531<br>E-MAIL ADDRESS: jkapsal@epsten.com / pkharrazian@epsten.com<br>ATTORNEY FOR (name): Huntington Beach Gables Homeowners Association | FOR COURT USE ONLY |

| | |
|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF   ORANGE<br>STREET ADDRESS: 700 Civic Center Drive West<br>MAILING ADDRESS: 700 Civic Center Drive West<br>CITY AND ZIP CODE: Santa Ana, CA 92701<br>BRANCH NAME: Central Justice Center | |
| PLAINTIFF/PETITIONER: The Huntington Beach Gables Homeowners Association | CASE NUMBER:<br>2017-00962999-CU-HR-CJC |
| DEFENDANT/RESPONDENT: Jamie L. Gallian | JUDICIAL OFFICER:<br>Hon. Sherri Honer |
| **PROOF OF ELECTRONIC SERVICE** | DEPARTMENT:<br>C-66 |

1. I am at least 18 years old.

   a. My residence or business address is *(specify):* 10200 Willow Creek Road, Suite 100, San Diego, CA 92131

   b. My electronic service address is *(specify):* shart@epsten.com

2. I electronically served the following documents *(exact titles):* Notice of Ruling on Petitioner's Motion for Award of
   Attorneys' Fee

   [ X ] The documents served are listed in an attachment. *(Form POS-050(D)/EFS-050(D) may be used for this purpose.)*

3. I electronically served the documents listed in 2 as follows:

   a. Name of person served: Steven A. Fink

      On behalf of *(name or names of parties represented, if person served is an attorney):*
      Jamie L. Gallian

   b. Electronic service address of person served : sfink@stevefinklaw.com

   c. On *(date):* March 22, 2019

      [  ] The documents listed in item 2 were served electronically on the persons and in the manner described in an attachment.
      *(Form POS-050(P)/EFS-050(P) may be used for this purpose.)*

Date:   March 22, 2019

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Stephanie Hart                                          ▶   *S Hart*
_____                              _____
(TYPE OR PRINT NAME OF DECLARANT)                            (SIGNATURE OF DECLARANT)

Page 1 of 1

Form Approved for Optional Use
Judicial Council of California
POS-050/EFS-050 [Rev. February 1, 2017]

**PROOF OF ELECTRONIC SERVICE**
**(Proof of Service/Electronic Filing and Service)**

Cal. Rules of Court, rule 2.251
www.courts.ca.gov
Westlaw Doc & Form Builder™

Exception No. 3 (Part 2)

105

**RECORDING REQUESTED BY:**

THE HUNTINGTON BEACH GABLES
HOMEOWNERS ASSOCIATION

**WHEN RECORDED MAIL TO:**

THE HUNTINGTON BEACH GABLES
HOMEOWNERS ASSOCIATION
Epsten Grinnell & Howell, APC
10200 Willow Creek Road, Suite 100
San Diego, CA 92131-1138

**Recorded in Official Records, Orange County**
**Hugh Nguyen, Clerk-Recorder**

||||| 103.00
* S R 0 0 1 0 8 1 1 4 2 8 $ *
2019000148568 4:19 pm 05/03/19
105 417 A03   4
0.00 0.00 0.00 0.00 9.00 10.00 0.000.0075.00 3.00

π
AP
FF
Id
Sb
OF

**Title:**

ABSTRACT OF JUDGMENT

THE HUNTINGTON BEACH GABLES HOMEOWNERS ASSOCIATION

v.

JAMIE LYNN GALLIAN

**30-2017-00962999-CU-HR-CJC**

EJ-001

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, address, and State Bar number)*: After recording, return to: | |
|---|---|
| Joyce J. Kapsal/Pejman D. | SBN: 091950/279260 |
| EPSTEN GRINNELL & HOWELL, APC | |
| 10200 WILLOW CREEK ROAD, SUITE 100, | |
| SAN DIEGO, CA 92131 | |

TEL NO: 858-527-0111    FAX NO *(Optional)*: 858-527-1531
E-MAIL ADDRESS *(Optional)*: jkapsal@epsten.com

[X] ATTORNEY FOR    [X] JUDGMENT CREDITOR    [ ] ASSIGNEE OF RECORD

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE
STREET ADDRESS: 700 Civic Center Drive W091950/est/
MAILING ADDRESS: 700 Civic Center Drive West
CITY AND ZIP CODE: Santa Ana, CA 92701-4045
BRANCH NAME: Central Justice Center

FOR RECORDER'S USE ONLY

| PLAINTIFF: The Huntington Beach Gables Homeowners Association | CASE NUMBER |
|---|---|
| DEFENDANT: Jamie Lynn Gallian | 30-2017-00962999-CU-HR-CJC |

**ABSTRACT OF JUDGMENT—CIVIL AND SMALL CLAIMS**    [ ] Amended

FOR COURT USE ONLY

Pursuant to California Government Code § 68150(f), the Clerk of the Court hereby certifies this document accurately reflects the official court record. The electronic signature and seal on this document have the same validity and legal force and effect as an original clerk's signature and court seal. California Government Code § 68150(g).

1. The [X] judgment creditor    [ ] assignee of record applies for an abstract of judgment and represents the following:
   a. Judgment debtor's
      Name and last known address

   ┌─────────────────────────────────┐
   │ Jamie L. Gallian                │
   │ 16222 Monterey Lane, #376       │
   │ Huntington Beach, CA  92649     │
   └─────────────────────────────────┘

   b. Driver's license no. [last 4 digits] and state: 0742/CA    [ ] Unknown
   c. Social security no. [last 4 digits]: xx-xx-3936    [ ] Unknown
   d. Summons or notice of entry of sister-state judgment was personally served or mailed to *(name and address)*:
      Jamie L. Gallian, 16222 Monterey Lane, #376
      Huntington Beach, CA  92649

2. [ ] Information on additional judgment debtors is shown on page 2.

3. Judgment creditor *(name and address)*:
   The Huntington Beach Gables Homeowners Association
   C/o Epsten Grinnell & Howell, 10200 Willow Creek
   Road, San Diego, CA  92131

Date: April 3, 2019

Joyce J. Kapsal
(TYPE OR PRINT NAME)

4. [ ] Information on additional judgment creditors is shown on page 2.

5. [ ] Original abstract recorded in this county:
   a. Date:
   b. Instrument No.:

► _(signature)_
(SIGNATURE OF APPLICANT OR ATTORNEY)

6. Total amount of judgment as entered or last renewed:
   $ 9265.00

7. All judgment creditors and debtors are listed on this abstract.

8. a. Judgment entered on *(date)*: March 21, 2019
   b. Renewal entered on *(date)*:

9. [ ] This judgment is an installment judgment.

[SEAL]
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE

David H. Yamasaki, Clerk of the Court

This abstract issued on *(date)*:
04/30/2019

10. [ ] An [ ] execution lien [ ] attachment lien is endorsed on the judgment as follows:
    a. Amount: $
    b. in favor of *(name and address)*:

11. A stay of enforcement has
    a. [X] not been ordered by the court.
    b. [ ] been ordered by the court effective until *(date)*:

12. a. [X] I certify that this is a true and correct abstract of the judgment entered in this action.
    b. [ ] A certified copy of the judgment is attached.

S. Wilson
Clerk, by _(signature)_ , Deputy

Form Adopted for Mandatory Use
Judicial Council of California
EJ-001 [Rev. July 1, 2014]

**ABSTRACT OF JUDGMENT—CIVIL AND SMALL CLAIMS**

Page 1 of 2
Code of Civil Procedure, §§ 488.480, 674, 700.190
Westlaw Doc & Form Builder*

<table>
<tr><td>PLAINTIFF: The Huntington Beach Gables Homeowners Association<br>DEFENDANT: Jamie Lynn Gallian</td><td>COURT CASE NO:<br>30-2017-00962999-CU-HR-CJC</td></tr>
</table>

NAMES AND ADDRESSES OF ADDITIONAL JUDGMENT CREDITORS:

13. Judgment creditor *(name and address)*:

14. Judgment creditor *(name and address)*:

15. ☐ Continued on Attachment 15.

INFORMATION ON ADDITIONAL JUDGMENT DEBTORS:

16.         Name and last known address

Driver's license no. [last 4 digits] and state:
    ☐ Unknown
Social security no. [last 4 digits]:
    ☐ Unknown
Summons was personally served at or mailed to *(address)*:

17.         Name and last known address

Driver's license no. [last 4 digits] and state:
    ☐ Unknown
Social security no. [last 4 digits]:
    ☐ Unknown
Summons was personally served at or mailed to *(address)*:

18.         Name and last known address

Driver's license no. [last 4 digits] and state:
    ☐ Unknown
Social security no. [last 4 digits]:
    ☐ Unknown
Summons was personally served at or mailed to *(address)*:

19.         Name and last known address

Driver's license no. [last 4 digits] and state:
    ☐ Unknown
Social security no. [last 4 digits]:
    ☐ Unknown
Summons was personally served at or mailed to *(address)*:

20. ☐ Continued on Attachment 20.

EJ-001 [Rev. July 1, 2014]

**ABSTRACT OF JUDGMENT—CIVIL
AND SMALL CLAIMS**

Page 2 of 2

# EXHIBIT I

# EXHIBIT I

# EXHIBIT I

Exception No. 4

ELECTRONICALLY RECEIVED
Superior Court of California,
County of Orange
04/02/2019 at 09:43:37 AM
Clerk of the Superior Court
By Natasha Dorfman,Deputy Clerk

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

MAY 0 6 2019

DAVID H. YAMASAKI, Clerk of the Court

BY:_____DEPUTY

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF ORANGE, CENTRAL JUSTICE CENTER

| | |
|---|---|
| THE HUNTINGTON BEACH GABLES HOMEOWNERS ASSOCIATION, a California Nonprofit Mutual Benefit Corporation,<br><br>Plaintiff,<br><br>v.<br><br>SANDRA L. BRADLEY, individually and as Trustee of the Sandra L. Bradley Trust; JAMIE L. GALLIAN, an individual; and DOES 1 through 25, inclusive,<br><br>Defendants. | CASE NO.  37-2017-00913985-CU-CO-CJC<br><br>Judge: James L. Crandall<br>Dept.: C33<br><br>[PROPOSED] JUDGMENT IN FAVOR OF PLAINTIFF THE HUNTINGTON BEACH GABLES HOMEOWNERS ASSOCIATION AND AGAINST DEFENDANT JAMIE L. GALLIAN<br><br>Complaint Filed: April 11, 2017<br>First Amended Complaint filed: May 16, 2017<br>Trial Date: September 9, 2019 |

In this action for Breach of Governing Documents (Architectural Violations) and Nuisance Defendant Jamie L. Gallian was personally served with the Summons and Complaint on May 24, 2017. Defendant Gallian filed an answer to the Complaint, and to the First Amended Complaint. Subsequently, due to her failure to timely respond to discovery, on February 13, 2019 the Court ordered that Defendant's Answer to the Plaintiff's First Amended Complaint be stricken, and on February 13, 2019 entered the default against Defendant. Pursuant to the Court's order of February 13, 2019, Plaintiff The Huntington Beach Gables Homeowners Association has presented evidence of its costs for abating the nuisance caused by Defendant Gallian, as alleged in the First Amended Complaint.

1    Upon the Application of Plaintiff, The Huntington Beach Gables Homeowners

2  Association for judgment against Defendant, and upon having reviewed the evidence and

3  declarations, and proof having been made to the satisfaction of this Court, the Court finds in

4  favor of Plaintiff, The Huntington Beach Gables Homeowners Association ("Association"), and

5  against Defendant, Jamie L. Gallian ("Defendant") on all causes of action in the First Amended

6  Complaint filed herein on May 16, 2017.

7    IT IS HEREBY ADJUDGED, ORDERED AND DECREED, as follows:

8    1.    As to the First Cause of Action for Breach of Contract, the Court finds that

9  Defendant breached the Association's Governing Documents, including the "Declaration of

10  Covenants, Conditions and Restrictions for Huntington Beach Gables" containing the covenants,

11  conditions and restrictions which governing the properties located within the Association,

12  which was recorded on May 28, 1980, as Document No. 1980-28926 ("CC&Rs");

13    2.    At all times mentioned herein, Defendant was the tenant of, resident of, and/or

14  claimed some interest in the condominium unit located within the Association commonly known

15  as 4476 Alderport Drive, Unit 53, Huntington Beach, CA 92649 ("Subject Property");

16    3.    As a result of Defendant's breach of contract, Plaintiff's damages include the cost

17  of repairing damage to the Common Area caused by Defendant's failing to adhere to the

18  architectural guidelines and specifications with respect to the construction of the patio cover and

19  by constructing a concrete pad and installing an air conditioning unit on the exterior of

20  Defendant's Subject Property which encroached upon the Association's common area and

21  destroying the Association's landscaping;

22    4.    As the Second Cause of Action for Nuisance, the Court finds that Defendant

23  created conditions on the Subject Property that are an annoyance and nuisance to the Association

24  and its residents, and as a result, the Association has incurred attorneys' fees and costs in

25  connection with abating the nuisance;

26    5.    Plaintiff is entitled to recover its reasonable attorneys' fees and costs from

27  Defendant pursuant to Civil Code section 5975(c) and Article XIV, Section 14. 7 of the

28  Association's CC&Rs;

3808902v1

JUDGMENT IN FAVOR OF PLAINTIFF AND AGAINST DEFENDANT JAMIE L. GALLIAN

6.    Plaintiff is further entitled to recover its costs to repair damage to the Common Area caused by unauthorized installation of the concrete pad and air conditioning unit, causing extensive damage to the landscaping pursuant to the CC&Rs, Article XIV, Section 14.8 as well as costs for removal of the concrete pad and landscaping repairs;

7.    Association as Plaintiff, as the prevailing party in the action and pursuant to Civil Code section 5975(c) and Article XIV, Section 14. 7 of the Association's CC&Rs, shall recover from Defendant its legal costs in the amount of $ *10,693.12* and attorneys' fees in the amount of $ *178,362.* Plaintiff shall also recover concrete removal and landscaping repair costs in the amount of $1,295.00;

8.    Association as Cross-Defendant, as the prevailing party in the action and pursuant to Civil Code section 5975(c) and Article XIV, Section 14. 7 of the Association's CC&Rs, shall recover from Cross-Complainant its legal costs in the amount of $ *6,050.47* and attorneys' fees in the amount of $ *120,183*

9.    Judgment is hereby entered in favor of Plaintiff The Huntington Beach Gables Homeowners Association for recovery of its attorney's fees and costs, and costs for concrete removal and landscaping repair costs, against Defendant Jamie L. Gallian, and Defendant is ordered to pay said sums to Plaintiff;

10.    Plaintiff The Huntington Beach Gables Homeowners Association is awarded judgment in the **total amount of $** *315,288.59,* which will accrue interest at the rate of ten (10%) per annum from the date judgment is entered herein, until paid in full; and

11.    Pursuant to Code of Civil Procedure §§ 685.040, 685.080, Defendant Jamie L. Gallian shall pay to Plaintiff any and all sums reasonably incurred by Plaintiff in enforcing the Judgment.

**IT IS SO ORDERED.**

Dated: *5 - 6 -*          , 2019

The Honorable James L. Crandall
Judge of the Superior Court

3

JUDGMENT IN FAVOR OF PLAINTIFF AND AGAINST DEFENDANT JAMIE L. GALLIAN

SUPERIOR COURT OF CALIFORNIA,
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

MINUTE ORDER

DATE: 05/07/2019                    TIME: 11:49:00 AM        DEPT: C33
JUDICIAL OFFICER PRESIDING: James Crandall
CLERK: P. Rief
REPORTER/ERM: None
BAILIFF/COURT ATTENDANT: None

CASE NO: **30-2017-00913985-CU-CO-CJC** CASE INIT.DATE: 04/11/2017
CASE TITLE: **The Huntington Beach Gables Homeowners Association vs. Bradley**
CASE CATEGORY: Civil - Unlimited        CASE TYPE: Contract - Other

EVENT ID/DOCUMENT ID: 73041107
EVENT TYPE: Nunc Pro Tunc Minutes

APPEARANCES

There are no appearances by any party.

It appears to the court, the Judgment entered 05/06/2019 contained a mathematical error. Said Judgment is ordered corrected Nunc Pro Tunc as of 05/06/2019, as follows:

*10. Plaintiff The Huntington Beach Gables Homeowners Association is awarded judgment in the <u>total amount of $316,583.59</u>, which will accrue interest at the rate of ten (10%) per annum from the date judgment is entered herein, until paid in full*

All other portions of the judgment remain.

The clerk is ordered to give notice to plaintiff by electronic service.

DATE: 05/07/2019                    MINUTE ORDER                    Page 1
DEPT: C33                                              Calendar No.

Exception No. 4 (Part 2)

48

**EJ-001**

Recording Requested by and When Recorded Mail to
Joyce J. Kapsal / Pejman D.   SBN: 091950 / 279260
EPSTEN GRINNELL & HOWELL, APC
10200 Willow Creek Road, Suite 100
San Diego, CA 92131
TEL NO: 858-527-0111   FAX NO. (optional): 858-527-1531
E-MAIL ADDRESS (Optional): jkapsal@epsten.com /
[X] ATTORNEY  [X] JUDGMENT   [ ] ASSIGNEE
    FOR        CREDITOR       OF RECORD

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE
STREET ADDRESS: 700 Civic Center Drive West
MAILING ADDRESS: 700 Civic Center Drive West
CITY AND ZIP CODE: Santa Ana, CA 92701
BRANCH NAME: Central Justice Center

**Recorded in Official Records, Orange County**
**Hugh Nguyen, Clerk-Recorder**

90.00

* $ R 0 0 1 0 8 3 8 3 3 9 $ *
2019000165259 12:56 pm 05/16/19
48 401 A03  3
0.00 0.00 0.00 0.00 6.00 0.00 0.000075.00 3.00

FOR RECORDER'S USE ONLY

PLAINTIFF: The Huntington Beach Gables Homeowners Association
DEFENDANT: Sandra Bradley, et al.

CASE NUMBER:
30-2017-00913985-CU-CO-CJC

**ABSTRACT OF JUDGMENT—CIVIL**
**AND SMALL CLAIMS**   [X] Amended

FOR COURT USE ONLY

Pursuant to California Government
Code § 68150(f), the Clerk of the
Court hereby certifies this document
accurately reflects the official court
record. The electronic signature and
seal on this document have the
same validity and legal force and
effect as an original clerk's
signature and court seal. California
Government Code § 68150(g).

Π
30
BB
FF
CF

1. The [X] judgment creditor   [ ] assignee of record
   applies for an abstract of judgment and represents the following:
   a.   Judgment debtor's
        Name and last known address
        
        Jamie L. Gallian
        4476 Alderport Drive #53
        Huntington Beach, CA 92649

   b.   Driver's license no. [last 4 digits] and state: 0742 / CA   [ ] Unknown
   c.   Social security no. [last 4 digits]: xxx-xx-3936   [ ] Unknown
   d.   Summons or notice of entry of sister-state judgment was personally served or mailed to (name and address):
        4476 Alderport Drive #53, Huntington Beach, CA 92649

2. [ ] Information on additional judgment debtors is
      shown on page 2.
3. Judgment creditor (name and address):
   The Huntington Beach Gables Homeowners Association
   c/o Epsten Grinnell & Howell, 10200 Willow
   Creek Rd, Ste 100, San Diego, CA 92131
   Date: May 8, 2019
   Joyce J. Kapsal
   _____
   (TYPE OR PRINT NAME)

4. [ ] Information on additional judgment creditors is
      shown on page 2.
5. [ ] Original abstract recorded in this county:
   a.   Date:
   b.   Instrument No.:

   ▶ _____
     (SIGNATURE OF APPLICANT OR ATTORNEY)

6.   Total amount of judgment as entered or last renewed:
     $ 319,653.59
7.   All judgment creditors and debtors are listed on this abstract.
8. a.   Judgment entered on (date): 5/6/2019 [9/27/2018 sanctions]
   b.   Renewal entered on (date):

9. [ ] This judgment is an installment judgment.

[SEAL]

David H. Yamasaki, Clerk of the Court

This abstract issued on (date):
May 14, 2019

10. [ ] An [ ] execution lien  [ ] attachment lien
       is endorsed on the judgment as follows:
    a.   Amount: $
    b.   In favor of (name and address):

11.   A stay of enforcement has
      a. [X] not been ordered by the court.
      b. [ ] been ordered by the court effective until
             (date):
12. a. [X] I certify that this is a true and correct abstract of
           the judgment entered in this action.
    b. [ ] A certified copy of the judgment is attached.

Clerk, by   Mary Johnson   Mary M Johnson
                                   , Deputy

Form Adopted for Mandatory Use
Judicial Council of California
EJ-001 [Rev. July 1, 2014]

**ABSTRACT OF JUDGMENT—CIVIL**
**AND SMALL CLAIMS**

Page 1 of 2
Code of Civil Procedure, §§ 488.480,
674, 700.190
Westlaw Doc & Form Builder

| PLAINTIFF: The Huntington Beach Gables Homeowners Association | COURT CASE NO.: |
|---|---|
| DEFENDANT: Sandra Bradley, et al. | 30-2017-00913985-CU-CO-CJC |

NAMES AND ADDRESSES OF ADDITIONAL JUDGMENT CREDITORS:

13.  Judgment creditor *(name and address):*

14.  Judgment creditor *(name and address):*

15.  ☐ Continued on Attachment 15.

INFORMATION ON ADDITIONAL JUDGMENT DEBTORS:

16.            Name and last known address

17.            Name and last known address

Driver's license no. [last 4 digits] and state:              ☐ Unknown

Social security no. [last 4 digits]:              ☐ Unknown

Summons was personally served at or mailed to *(address):*

Driver's license no. [last 4 digits] and state:              ☐ Unknown

Social security no. [last 4 digits]:              ☐ Unknown

Summons was personally served at or mailed to *(address):*

18.            Name and last known address

19.            Name and last known address

Driver's license no. [last 4 digits] and state:              ☐ Unknown

Social security no. [last 4 digits]:              ☐ Unknown

Summons was personally served at or mailed to *(address):*

Driver's license no. [last 4 digits] and state:              ☐ Unknown

Social security no. [last 4 digits]:              ☐ Unknown

Summons was personally served at or mailed to *(address):*

20.  ☐ Continued on Attachment 20.

EJ-001 [Rev. July 1, 2014]

**ABSTRACT OF JUDGMENT—CIVIL
AND SMALL CLAIMS**

Page 2 of 2

# EXHIBIT J

# EXHIBIT J

# EXHIBIT J

Exception No. 5

ELECTRONICALLY RECEIVED
Superior Court of California,
County of Orange
04/02/2019 at 05:43:37 AM
Clerk of the Superior Court
By Natasha Dorfman,Deputy Clerk

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

**MAY 0 6 2019**

DAVID H. YAMASAKI, Clerk of the Court

BY:_____DEPUTY

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF ORANGE, CENTRAL JUSTICE CENTER

| | |
|---|---|
| THE HUNTINGTON BEACH GABLES HOMEOWNERS ASSOCIATION, a California Nonprofit Mutual Benefit Corporation,<br><br>Plaintiff,<br><br>v.<br><br>SANDRA L. BRADLEY, individually and as Trustee of the Sandra L. Bradley Trust; JAMIE L. GALLIAN, an individual; and DOES 1 through 25, inclusive,<br><br>Defendants. | CASE NO. 37-2017-00913985-CU-CO-CJC<br><br>Judge: James L. Crandall<br>Dept.: C33<br><br>[PROPOSED] JUDGMENT IN FAVOR OF PLAINTIFF THE HUNTINGTON BEACH GABLES HOMEOWNERS ASSOCIATION AND AGAINST DEFENDANT JAMIE L. GALLIAN<br><br>Complaint Filed: April 11, 2017<br>First Amended Complaint filed: May 16, 2017<br>Trial Date: September 9, 2019 |

In this action for Breach of Governing Documents (Architectural Violations) and Nuisance Defendant Jamie L. Gallian was personally served with the Summons and Complaint on May 24, 2017. Defendant Gallian filed an answer to the Complaint, and to the First Amended Complaint. Subsequently, due to her failure to timely respond to discovery, on February 13, 2019 the Court ordered that Defendant's Answer to the Plaintiff's First Amended Complaint be stricken, and on February 13, 2019 entered the default against Defendant. Pursuant to the Court's order of February 13, 2019, Plaintiff The Huntington Beach Gables Homeowners Association has presented evidence of its costs for abating the nuisance caused by Defendant Gallian, as alleged in the First Amended Complaint.

3808992v1

JUDGMENT IN FAVOR OF PLAINTIFF AND AGAINST DEFENDANT JAMIE L. GALLIAN

1       Upon the Application of Plaintiff, The Huntington Beach Gables Homeowners

2  Association for judgment against Defendant, and upon having reviewed the evidence and

3  declarations, and proof having been made to the satisfaction of this Court, the Court finds in

4  favor of Plaintiff, The Huntington Beach Gables Homeowners Association ("Association"), and

5  against Defendant, Jamie L. Gallian ("Defendant") on all causes of action in the First Amended

6  Complaint filed herein on May 16, 2017.

7       IT IS HEREBY ADJUDGED, ORDERED AND DECREED, as follows:

8      1.    As to the First Cause of Action for Breach of Contract, the Court finds that

9  Defendant breached the Association's Governing Documents, including the "Declaration of

10  Covenants, Conditions and Restrictions for Huntington Beach Gables" containing the covenants,

11  conditions and restrictions which governing the properties located within the Association,

12  which was recorded on May 28, 1980, as Document No. 1980-28926 ("CC&Rs");

13      2.    At all times mentioned herein, Defendant was the tenant of, resident of, and/or

14  claimed some interest in the condominium unit located within the Association commonly known

15  as 4476 Alderport Drive, Unit 53, Huntington Beach, CA 92649 ("Subject Property");

16      3.    As a result of Defendant's breach of contract, Plaintiff's damages include the cost

17  of repairing damage to the Common Area caused by Defendant's failing to adhere to the

18  architectural guidelines and specifications with respect to the construction of the patio cover and

19  by constructing a concrete pad and installing an air conditioning unit on the exterior of

20  Defendant's Subject Property which encroached upon the Association's common area and

21  destroying the Association's landscaping;

22      4.    As the Second Cause of Action for Nuisance, the Court finds that Defendant

23  created conditions on the Subject Property that are an annoyance and nuisance to the Association

24  and its residents, and as a result, the Association has incurred attorneys' fees and costs in

25  connection with abating the nuisance;

26      5.    Plaintiff is entitled to recover its reasonable attorneys' fees and costs from

27  Defendant pursuant to Civil Code section 5975(c) and Article XIV, Section 14. 7 of the

28  Association's CC&Rs;

2

6.    Plaintiff is further entitled to recover its costs to repair damage to the Common Area caused by unauthorized installation of the concrete pad and air conditioning unit, causing extensive damage to the landscaping pursuant to the CC&Rs, Article XIV, Section 14.8 as well as costs for removal of the concrete pad and landscaping repairs;

7.    Association as Plaintiff, as the prevailing party in the action and pursuant to Civil Code section 5975(c) and Article XIV, Section 14.7 of the Association's CC&Rs, shall recover from Defendant its legal costs in the amount of $ *10,693.12* and attorneys' fees in the amount of $ *178,362* Plaintiff shall also recover concrete removal and landscaping repair costs in the amount of $1,295.00;

8.    Association as Cross-Defendant, as the prevailing party in the action and pursuant to Civil Code section 5975(c) and Article XIV, Section 14.7 of the Association's CC&Rs, shall recover from Cross-Complainant its legal costs in the amount of $ *6,050.47* and attorneys' fees in the amount of $ *120,183*

9.    Judgment is hereby entered in favor of Plaintiff The Huntington Beach Gables Homeowners Association for recovery of its attorney's fees and costs, and costs for concrete removal and landscaping repair costs, against Defendant Jamie L. Gallian, and Defendant is ordered to pay said sums to Plaintiff;

10.    Plaintiff The Huntington Beach Gables Homeowners Association is awarded judgment in the **total amount of** $ *315,288.59*, which will accrue interest at the rate of ten (10%) per annum from the date judgment is entered herein, until paid in full; and

11.    Pursuant to Code of Civil Procedure §§ 685.040, 685.080, Defendant Jamie L. Gallian shall pay to Plaintiff any and all sums reasonably incurred by Plaintiff in enforcing the Judgment.

**IT IS SO ORDERED.**

Dated: _5 - 6 -_____, 2019

_____
The Honorable James L. Crandall
Judge of the Superior Court

3

SUPERIOR COURT OF CALIFORNIA,
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

MINUTE ORDER

DATE: 05/07/2019                TIME: 11:49:00 AM        DEPT: C33

JUDICIAL OFFICER PRESIDING: James Crandall
CLERK: P. Rief
REPORTER/ERM: None
BAILIFF/COURT ATTENDANT: None

CASE NO: 30-2017-00913985-CU-CO-CJC CASE INIT.DATE: 04/11/2017
CASE TITLE: **The Huntington Beach Gables Homeowners Association vs. Bradley**
CASE CATEGORY: Civil - Unlimited       CASE TYPE: Contract - Other

EVENT ID/DOCUMENT ID: 73041107
EVENT TYPE: Nunc Pro Tunc Minutes

APPEARANCES

There are no appearances by any party.

It appears to the court, the Judgment entered 05/06/2019 contained a mathematical error. Said Judgment is ordered corrected Nunc Pro Tunc as of 05/06/2019, as follows:

*10. Plaintiff The Huntington Beach Gables Homeowners Association is awarded judgment in the **total amount of $316,583.59**, which will accrue interest at the rate of ten (10%) per annum from the date judgment is entered herein, until paid in full*

All other portions of the judgment remain.

The clerk is ordered to give notice to plaintiff by electronic service.

DATE: 05/07/2019                      MINUTE ORDER                        Page 1
DEPT: C33                                                        Calendar No.

Exception No. 5 (Part 2)

EJ-001

Recording Requested by and When Recorded Mail to
Joyce J. Kapsal / Pejman D.   SBN: 091950 / 279260
EPSTEN GRINNELL & HOWELL, APC
10200 Willow Creek Road, Suite 100
San Diego, CA 92131
TEL NO 858-527-0111   FAX NO. (optional): 858-527-1531
E-MAIL ADDRESS (Optional): jkapsal@epsten.com /
[X] ATTORNEY  [X] JUDGMENT   [ ] ASSIGNEE
    FOR          CREDITOR         OF RECORD

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE
STREET ADDRESS 700 Civic Center Drive West
MAILING ADDRESS 700 Civic Center Drive West
CITY AND ZIP CODE: Santa Ana, CA 92701
BRANCH NAME: Central Justice Center

**Recorded in Official Records, Orange County**
**Hugh Nguyen, Clerk-Recorder**

|||||| 97.00

* S R O O 1 O 8 3 9 3 4 7 * $ *
2019000166068 3:10 pm 05/16/19
105 417 A03   2
0.00 0.00 0.00 0.00 3.00 10.00 0.000.0075.00 3.00

FOR RECORDER'S USE ONLY

PLAINTIFF: The Huntington Beach Gables Homeowners Association
DEFENDANT: Sandra Bradley, et al.

CASE NUMBER
30-2017-00913985-CU-CO-CJC

ABSTRACT OF JUDGMENT—CIVIL
AND SMALL CLAIMS          [X] Amended

FOR COURT USE ONLY

Pursuant to California Government
Code § 68150(f), the Clerk of the
Court hereby certifies this document
accurately reflects the official court
record. The electronic signature and
seal on this document have the
same validity and legal force and
effect as an original clerk's
signature and court seal. California
Government Code § 68150(g).

1. The [X] judgment creditor   [ ] assignee of record
   applies for an abstract of judgment and represents the following:
   a.   Judgment debtor's
        Name and last known address

        Jamie L. Gallian
        4476 Alderport Drive #53
        Huntington Beach, CA 92649

   b.   Driver's license no. [last 4 digits] and state: 0742 / CA     [ ] Unknown
   c.   Social security no. [last 4 digits]: xxx-xx-3936              [ ] Unknown
   d.   Summons or notice of entry of sister-state judgment was personally served or mailed to (name and address):
        4476 Alderport Drive #53, Huntington Beach, CA 92649

2. [ ]  Information on additional judgment debtors is
        shown on page 2.
3. Judgment creditor (name and address):
   The Huntington Beach Gables Homeowners Association
   c/o Epsten Grinnell & Howell, 10200 Willow
   Creek Rd, Ste 100, San Diego, CA 92131
Date: May 8, 2019
Joyce J. Kapsal
        (TYPE OR PRINT NAME)

4. [ ]  Information on additional judgment creditors is
        shown on page 2.
5. [ ]  Original abstract recorded in this county:
   a. Date:
   b. Instrument No.:

        ▶ _____
          (SIGNATURE OF APPLICANT OR ATTORNEY)

6. Total amount of judgment as entered or last renewed:
   $ 319,653.59
7. All judgment creditors and debtors are listed on this abstract.
8. a.   Judgment entered on (date): 5/6/2019 [9/27/2018 sanctions]
   b.   Renewal entered on (date):

9. [ ]  This judgment is an installment judgment.

[SEAL]

David H Yamasaki, Clerk of the Court

This abstract issued on (date):
May 14, 2019

10. [ ] An [ ] execution lien [ ] attachment lien
        is endorsed on the judgment as follows:
    a.  Amount: $
    b.  In favor of (name and address):

11. A stay of enforcement has
    a. [X]  not been ordered by the court.
    b. [ ]  been ordered by the court effective until
            (date):
12. a. [X]  I certify that this is a true and correct abstract of
            the judgment entered in this action.
    b. [ ]  A certified copy of the judgment is attached.

Clerk, by   Mary Johnson                    Mary M Johnson
                                            , Deputy

Form Adopted for Mandatory Use
Judicial Council of California
EJ-001 [Rev July 1, 2014]

ABSTRACT OF JUDGMENT—CIVIL
AND SMALL CLAIMS

Page 1 of 2
Code of Civil Procedure, §§ 488.480,
674 700.190
Westlaw Doc & Form Builder™

| PLAINTIFF: The Huntington Beach Gables Homeowners Association | COURT CASE NO. |
|---|---|
| DEFENDANT: Sandra Bradley, et al. | 30-2017-00913985-CU-CO-CJC |

**NAMES AND ADDRESSES OF ADDITIONAL JUDGMENT CREDITORS:**

13. Judgment creditor *(name and address)*:

14. Judgment creditor *(name and address)*:

15. ☐ Continued on Attachment 15.

**INFORMATION ON ADDITIONAL JUDGMENT DEBTORS:**

16.     Name and last known address

Driver's license no. [last 4 digits] and state:     ☐ Unknown

Social security no. [last 4 digits]:     ☐ Unknown

Summons was personally served at or mailed to *(address)*.

17.     Name and last known address

Driver's license no. [last 4 digits] and state:     ☐ Unknown

Social security no. [last 4 digits]:     ☐ Unknown

Summons was personally served at or mailed to *(address)*.

18.     Name and last known address

Driver's license no. [last 4 digits] and state:     ☐ Unknown

Social security no. [last 4 digits]:     ☐ Unknown

Summons was personally served at or mailed to *(address)*.

19.     Name and last known address

Driver's license no. [last 4 digits] and state:     ☐ Unknown

Social security no. [last 4 digits]:     ☐ Unknown

Summons was personally served at or mailed to *(address)*.

20. ☐ Continued on Attachment 20.

**ABSTRACT OF JUDGMENT—CIVIL
AND SMALL CLAIMS**

# EXHIBIT K

# EXHIBIT K

# EXHIBIT K

Exception No. 6

ELECTRONICALLY RECEIVED
Superior Court of California,
County of Orange
04/02/2015 at 09:43:37 AM
Clerk of the Superior Court
By Natasha Dorfman, Deputy Clerk

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

MAY 06 2019

DAVID H. YAMASAKI, Clerk of the Court

BY:_____DEPUTY

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF ORANGE, CENTRAL JUSTICE CENTER

| | |
|---|---|
| THE HUNTINGTON BEACH GABLES HOMEOWNERS ASSOCIATION, a California Nonprofit Mutual Benefit Corporation,<br><br>          Plaintiff,<br><br>     v.<br><br>SANDRA L. BRADLEY, individually and as Trustee of the Sandra L. Bradley Trust; JAMIE L. GALLIAN, an individual; and DOES 1 through 25, inclusive,<br><br>          Defendants. | CASE NO.  37-2017-00913985-CU-CO-CJC<br><br>Judge: James L. Crandall<br>Dept.: C33<br><br>[PROPOSED] JUDGMENT IN FAVOR OF PLAINTIFF THE HUNTINGTON BEACH GABLES HOMEOWNERS ASSOCIATION AND AGAINST DEFENDANT JAMIE L. GALLIAN<br><br>Complaint Filed: April 11, 2017<br>First Amended Complaint filed: May 16, 2017<br>Trial Date: September 9, 2019 |

In this action for Breach of Governing Documents (Architectural Violations) and Nuisance Defendant Jamie L. Gallian was personally served with the Summons and Complaint on May 24, 2017.  Defendant Gallian filed an answer to the Complaint, and to the First Amended Complaint.  Subsequently, due to her failure to timely respond to discovery, on February 13, 2019 the Court ordered that Defendant's Answer to the Plaintiff's First Amended Complaint be stricken, and on February 13, 2019 entered the default against Defendant. Pursuant to the Court's order of February 13, 2019, Plaintiff The Huntington Beach Gables Homeowners Association has presented evidence of its costs for abating the nuisance caused by Defendant Gallian, as alleged in the First Amended Complaint.

1

1    Upon the Application of Plaintiff, The Huntington Beach Gables Homeowners

2    Association for judgment against Defendant, and upon having reviewed the evidence and

3    declarations, and proof having been made to the satisfaction of this Court, the Court finds in

4    favor of Plaintiff, The Huntington Beach Gables Homeowners Association ("Association"), and

5    against Defendant, Jamie L. Gallian ("Defendant") on all causes of action in the First Amended

6    Complaint filed herein on May 16, 2017.

7         IT IS HEREBY ADJUDGED, ORDERED AND DECREED, as follows:

8         1.    As to the First Cause of Action for Breach of Contract, the Court finds that

9    Defendant breached the Association's Governing Documents, including the "Declaration of

10   Covenants, Conditions and Restrictions for Huntington Beach Gables" containing the covenants,

11   conditions and restrictions which governing the properties located within the Association,

12   which was recorded on May 28, 1980, as Document No. 1980-28926 ("CC&Rs");

13        2.    At all times mentioned herein, Defendant was the tenant of, resident of, and/or

14   claimed some interest in the condominium unit located within the Association commonly known

15   as 4476 Alderport Drive, Unit 53, Huntington Beach, CA 92649 ("Subject Property");

16        3.    As a result of Defendant's breach of contract, Plaintiff's damages include the cost

17   of repairing damage to the Common Area caused by Defendant's failing to adhere to the

18   architectural guidelines and specifications with respect to the construction of the patio cover and

19   by constructing a concrete pad and installing an air conditioning unit on the exterior of

20   Defendant's Subject Property which encroached upon the Association's common area and

21   destroying the Association's landscaping;

22        4.    As the Second Cause of Action for Nuisance, the Court finds that Defendant

23   created conditions on the Subject Property that are an annoyance and nuisance to the Association

24   and its residents, and as a result, the Association has incurred attorneys' fees and costs in

25   connection with abating the nuisance;

26        5.    Plaintiff is entitled to recover its reasonable attorneys' fees and costs from

27   Defendant pursuant to Civil Code section 5975(c) and Article XIV, Section 14. 7 of the

28   Association's CC&Rs;

2

1     6.     Plaintiff is further entitled to recover its costs to repair damage to the Common

2  Area caused by unauthorized installation of the concrete pad and air conditioning unit, causing

3  extensive damage to the landscaping pursuant to the CC&Rs, Article XIV, Section 14.8 as well

4  as costs for removal of the concrete pad and landscaping repairs;

5     7.     Association as Plaintiff, as the prevailing party in the action and pursuant to Civil

6  Code section 5975(c) and Article XIV, Section 14.7 of the Association's CC&Rs, shall recover

7  from Defendant its legal costs in the amount of $ _10,693.12_ and attorneys' fees in the amount of

8  $ _178,362_ Plaintiff shall also recover concrete removal and landscaping repair costs in the

9  amount of $1,295.00; ✗

10    8.     Association as Cross-Defendant, as the prevailing party in the action and

11  pursuant to Civil Code section 5975(c) and Article XIV, Section 14.7 of the Association's

12  CC&Rs, shall recover from Cross-Complainant its legal costs in the amount of $ _6,050.47_

13  and attorneys' fees in the amount of $ _120,183_

14    9.     Judgment is hereby entered in favor of Plaintiff The Huntington Beach Gables

15  Homeowners Association for recovery of its attorney's fees and costs, and costs for concrete

16  removal and landscaping repair costs, against Defendant Jamie L. Gallian, and Defendant is

17  ordered to pay said sums to Plaintiff;

18    10.    Plaintiff The Huntington Beach Gables Homeowners Association is awarded

19  judgment in the **total amount of** $ ~~375,583.91~~, *$316,583.59* which will accrue interest at the rate of

20  ten (10%) per annum from the date judgment is entered herein, until paid in full; and

21    11.    Pursuant to Code of Civil Procedure §§ 685.040, 685.080, Defendant Jamie L.

22  Gallian shall pay to Plaintiff any and all sums reasonably incurred by Plaintiff in enforcing the

23  Judgment.

24    **IT IS SO ORDERED.**

25

26  Dated: _5-6-_, 2019

27                     The Honorable James L. Crandall

28                     Judge of the Superior Court

3

<table>
<tr><td>

1

2 **Recording Requested by and
When Recorded Return to:**

3 Joyce J. Kapsal, Bar No. 091950
jkapsal@epsten.com

4 Pejman D. Kharrazian, Bar No. 279260
pkharrazian@epsten.com

5 EPSTEN, APC
10200 Willow Creek Road, Suite 100

6 San Diego, California 92131
(858) 527-0111/ Fax (858) 527-1531

7 Attorneys for Plaintiff, Cross-Defendant
THE HUNTINGTON BEACH GABLES

8 HOMEOWNERS ASSOCIATION
</td>
<td>
Recorded in Official Records, Orange County
Hugh Nguyen, Clerk-Recorder

91.00

* $ R 0 0 1 2 0 2 0 7 0 1 $ *
2020000481922 1:58 pm 09/10/20
94 401A R12   3
0.00 0.00 0.00 0.00 6.00 0.00 0.000.0075.00 3.00
</td></tr>
</table>

9                SUPERIOR COURT OF THE STATE OF CALIFORNIA

10               COUNTY OF ORANGE, CENTRAL JUSTICE CENTER

11   THE HUNTINGTON BEACH GABLES          CASE NO.  30-2017-00913985-CU-CO-CJC
     HOMEOWNERS ASSOCIATION, a
12   California Nonprofit Mutual Benefit        **RELEASE OF ABSTRACT OF
     Corporation,                                **JUDGMENT RECORDED IN ORANGE
13                                               **COUNTY ON MAY 16, 2019 AS
                   Plaintiff,                    **DOCUMENT NO. 2019000166068**
14
            v.
15
     SANDRA L. BRADLEY, individually and
16   as Trustee of the Sandra L. Bradley Trust;
     JAMIE L. GALLIAN, an individual; and
17   DOES 1 through 25, inclusive,
18                 Defendants.
19

20        On May 6, 2019, a Judgment in the amount of $319,653.59 was entered in favor of

21   Plaintiff-Judgment Creditor THE HUNTINGTON BEACH GABLES HOMEOWNERS

22   ASSOCIATION and against Defendant-Judgment Debtor JAMIE L. GALLIAN in the records

23   of the above-captioned court.  Judgment Creditor summarily created a judgment lien on real

24   property owned by Judgment Debtor by recording an Abstract of Judgment in the Office of the

25   County Recorder of Orange County on May 16, 2019, at 12:56 p.m. as Document No.

26   201900016259.  Also, on May 16, 2019, at 3:10 p.m., another original of the same Abstract of

27   Judgment was recorded in the Office of the County Recorder of Orange County as Document

28   No. 201900016608.

1

4283330v1        Release of Abstract of Judgment Recorded on May 16, 2019 as Document No. 2019000166068

1    **NOTICE IS HEREBY GIVEN** that Judgment Creditor hereby withdraws and rescinds

2    the second Abstract of Judgment (*only the second*) which was recorded on May 16, 2019, at

3    3:10 p.m., in the official records in the Office of the Recorder of Orange County, California, as

4    Document No. 201900016608. *The Abstract of Judgment recorded in the Office of the County*

5    *Recorder of Orange County on May 16, 2019, at 12:56 p.m. as Document No. 201900016259*

6    *is to remain in full force and effect.*

7    **NOTICE IS FURTHER GIVEN** that the Abstract of Judgment recorded in the Office

8    of the County Recorder of Orange County, on May 16, 2019, at 12:56 p.m. as Document No.

9    201900016259 is still valid, enforceable, and secures as a lien against any and all real property

10    owned by Defendant-Judgment Debtor JAMIE L. GALLIAN, which is located within the

11    County of Orange, which was levied upon as a result of the recording of the Abstract of

12    Judgment.

13    Dated: August 20, 2020                    EPSTEN, APC

14

15                                             By: _____

16                                             Joyce J. Klapsal
                                               Attorneys for Plaintiff Judgment Creditor
                                               THE HUNTINGTON BEACH GABLES
                                               HOMEOWNERS ASSOCIATION

17

18

19

20

21

22

23

24

25

26

27

28

2

| | |
|---|---|
| 1 | |
| 2 | A Notary Public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document. |
| 3 | |
| 4 | STATE OF CALIFORNIA    ) |
| 5 | COUNTY OF SAN DIEGO  ) |
| 6 | On August 20, 2020, before me, _Olivia M. Castro_, Notary Public, personally |
| 7 | appeared Joyce J. Kapsal, who proved to me on the basis of satisfactory evidence to be the |
| 8 | person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me |
| 9 | that he/she/they executed the same in his/her/their authorized capacity(ies), and that by |
| | his/her/their signatures(s) on the instrument the person(s), or the entity upon behalf of which |
| 10 | the person(s) acted, executed the instrument. |
| 11 | I certify under PENALTY OF PERJURY under the laws of the State of California that |
| 12 | the foregoing paragraph is true and correct. |
| 13 | |
| 14 | WITNESS my hand and official seal. |
| 15 | |
| 16 | Notary Public |



OLIVIA M. CASTRO
Notary Public - California
San Diego County
Commission # 2323642
My Comm. Expires Mar 10, 2024

4283330v1    Release of Abstract of Judgment Recorded on May 16, 2019 as Document No. 2019000166068

Notice to Purchaser - In the event that this check is lost, misplaced or
stolen, a sworn statement and 90-day waiting period will be required
prior to replacement. This check should be negotiated within 90 days

Cashier's Check - Customer Copy

Void After 90 Days        91-170/1221

No. 1161511203

Date 09/11/18 04:15:52 PM

SPRINGDALE/EDINGER
0006    0000961    0082

NAZ

Pay

BANK OF
AMERICA

SIX
2 6 5 5 00
Two Five Five CTSCTS

**$6,255.00**

**Six Thousand Two Hundred Fifty Five and 00/100 Dollars**

To The
Order Of    H NEWTON

5782 PINON DR HUNTINGTON BEACH CA 92649

Remitter (Purchased By):    JAMIE LYNN GALLIAN

Not-Negotiable
Customer Copy
Retain for your Records

Bank of America, N.A.
PHOENIX, AZ

457002931717

Case 8:21-bk-11710-SC    Doc 253    Filed 10/21/22    Entered 10/21/22 11:16:39    Desc
Case 8:21-bk-11710-SC    Main Document    Filed 10/07/22    Page 205 of 260    10/07/22 17:24:54    Desc
Case 8:21-bk-11710-SC    Main Document    Filed 07/22/22    Page 196 of 260    07/22/22 16:42:54    Desc
Part 2 - Amended Motion    Page 211 of 258

## ✺ RENTAL AGREEMENT AND/OR LEASE ✺

Landlord/Lessor/Agent: HENRY NEWTON
Tenant(s)/Lessee: Jamie Gillian
Tenant(s)/Lessee:
Apartment Number:
Apartment Address: 5782 Pinon Drive
City: Huntington Bch    State: CA    Zip: 92649
Monthly Rental Rate: $ 3400.00    This Agreement shall commence on 9-11-18    and continue: (check one below)
Rental Due Rate: 1st    A. ☐ Month to Month Agreement 9-10-18
Security Deposit: $ 3400.00    B. ☑ Until 3 year 2021 at which time thereafter shall become a month to
Late Charge: $ 150.00 after 5 day    month tenancy upon written approval of the landlord. If Tenant should move from premises prior to the
Parking Space: Garage    expiration date, he shall be liable for all the rent due until such time the apartment is occupied
Storage Space: Shed    by a Landlord-approved resident and/or expiration of said time period, whichever is shorter.

Apartment Number:

1. This Rental Agreement and/or Lease shall evidence the complete terms and conditions under which the parties whose signatures appear below have agreed. Landlord/Lessor/Agent shall be referred to as "OWNER" and Tenant(s)/Lessee(s) shall be referred to as "RESIDENT." As consideration for this agreement, OWNER agrees to rent/lease to RESIDENT and RESIDENT agrees to rent/lease from OWNER for use SOLELY AS A PRIVATE RESIDENCE, the premises listed above. RESIDENT acknowledges that any false statements found in RESIDENT's application shall constitute a non-curable breach of this agreement. RESIDENT hereby agrees to complete an updated application, including a census as to the occupants in the unit seven days request of OWNER.

2. PAYMENTS: Rent and/or other charges are to be paid at the office or apartment of the manager of the building or at such other place designated in writing by OWNER. For the safety of the manager, all payments are to be made by check or money order and no cash shall be acceptable. OWNER acknowledges receipt of the First month's rent of: $ 2260.00 and a Security Deposit of $ 3400.00. All payments are to be made payable to: Henry Newton and delivered to Bank of America / checking Acc # 00277120011 California, Telephone Number 714-015-3574 who is usually available on the following days: during the following hours:

3. LATE CHARGE/RETURNED CHECKS: Resident acknowledges that Owner will incur certain administrative costs in connection with a late Rental payment, and that the amount of such administrative costs would be extremely difficult or impractical to ascertain. Therefore, Parties agree that if Resident fails to pay the rent in full by the end of the 5th day after it is due, Resident shall pay a late charge of $ 150 per day and the parties agree that that amount is a reasonable amount for such administrative costs. Resident further agrees that such administrative costs are deemed additional rent. If Owner elects to accept rent after the tenth day after it is due, payment in a form other than by personal check may be required. Owner does not waive the right to insist on payment of rent in full on the day it is due. In the event Resident's check is dishonored by the bank for any reason, Resident shall pay a returned check charge of $ as additional rent. The same late charge stated above will be imposed as additional rent if the returned check causes the rent to be late. Owner may require future payments to be in a form other than a personal check in the event of a returned check.

4. SECURITY DEPOSITS: The Security Deposit shall not exceed two times the monthly rent for unfurnished apartments or three times the monthly rent for furnished apartments. The total of the above deposits shall secure compliance with the terms and conditions of this agreement and shall be refunded to RESIDENT within 21 days after the premises have been completely vacated less any amount necessary to pay OWNER: a) any unpaid rent, b) cleaning costs, c) key replacement costs, d) costs for repair of damages to apartment and/or common areas above ordinary wear and tear, and e) any other amount legally allowable under the terms of this agreement. A written accounting of said charges shall be presented to RESIDENT within 21 days of move-out. If deposits do not cover such costs and damages, the RESIDENT shall immediately pay said additional costs for damages to OWNER. During the term of tenancy, RESIDENT agrees to increase the deposit upon 30 days written notice by an amount equal to any future increases in rent and/or an amount necessary to cover the cost of rectifying any damage or expense for which RESIDENT is responsible. Security deposit is not to be used as last month's rent.

5. UTILITIES: RESIDENT agrees to pay for all utilities and/or services based upon occupancy of the premises except all Utilities, Cable

6. OCCUPANTS: Guest(s) staying over 14 days cumulative or longer during any 12-month period, without the OWNER's written consent, shall be considered a breach of this agreement. ONLY the following listed individuals and/or animals, AND NO OTHERS shall occupy the subject apartment for more than 14 days unless the expressed written consent of OWNER is obtained in advance, (the 14 day period may be extended by local Rent Control Laws): RESIDENT shall pay additional rent at the rate of $100.00 per month or 25% (or the amount allowed under rent control) of the current monthly rent; whichever amount is greater, for the period of time that each additional guest in excess of the above named shall occupy the premises. RESIDENT shall pay the same additional monthly rent for each additional animal in excess of the above named animal(s), which shall occupy the premises. Acceptance of additional rent or approval of a guest shall not waive any requirement of this agreement or convert the status of any 'guest' into a RESIDENT.

7. PETS AND FURNISHINGS: Furnishings - No liquid-filled furniture of any kind may be kept on the premises. If the structure was built in 1973 or later RESIDENT may possess a waterbed if he maintains waterbed insurance valued at $100,000.00 or more. RESIDENT must furnish OWNER with proof of said insurance. RESIDENT must also comply with Civil Code Section 1940.5. Resident shall not keep on premises a receptacle containing more than ten gallons of liquid, highly combustible materials or other items which may cause a hazard or affect insurance rates such as musical instruments or other item(s) of unusual weight or dimension. RESIDENT also agrees to carry insurance deemed appropriate by OWNER to cover possible losses caused by using said items. Pets – No animal, fowl, fish, reptile, and/or pet of any kind shall be kept on or about the premises, for any amount of time, without obtaining the prior written consent and meeting the requirements of the OWNER. Said consent, if granted, shall be revocable at OWNER's option upon giving a 30-day written notice. In the event laws are passed or permission is granted to have any item prohibited by this agreement or if for any reason such item exists on the premises, there shall be minimum additional rent of $25.00 a month for each such item if another amount is not stated in this agreement. In the event laws are passed or permission is granted to have a pet and/or animal of any kind, an additional deposit in the amount of $ 400.00 shall be required along with the signing of OWNER's "PET AGREEMENT."

8. PARKING/STORAGE: When and if RESIDENT is assigned a parking space of OWNER's property, the parking space shall be used exclusively for parking of passenger automobiles and/or those approved vehicles listed on RESIDENT's "Application to Rent/Lease" or attached hereto. RESIDENT may not wash, repair, or paint in this parking space or at any other common areas on the premises. (RESIDENT may not assign, sublet, or allow RESIDENT's guest(s) to use this or any other parking space.) RESIDENT is responsible for oil leaks and other vehicle discharges for which RESIDENT shall be charged for cleaning if deemed necessary by OWNER. Only vehicles that are operational may park in their assigned space.

9. NOISE / ACTIVITY: RESIDENT agrees not to cause or allow any noise or activity on the premises that might disturb the peace and quiet enjoyment of another RESIDENT. RESIDENT shall not violate any law or use the premises for the use, storage, possession, manufacturing or selling of illicit drugs. Said noise and/or activity shall be a breach of this Agreement.

Case 8:21-bk-11710-SC    Doc 253    Filed 10/21/22    Entered 10/21/22 11:16:39    Desc
Case 8:21-bk-11710-SC    Main Document    Filed 10/07/22    Entered 10/07/22 17:24:54    Desc
Case 8:21-bk-11710-SC    Main Document    Filed 07/22/22    Entered 07/22/22 16:42:54    Desc
Part 2 - Amended Motion    Page 212 of 258

10. LOITERING AND PLAY: Lounging, playing, or unnecessary loitering in the halls, on the front steps, or in the common areas in such a way as to interfere with the free use and enjoyment, passage or convenience of another RESIDENT is prohibited.

11. DESTRUCTION OF PREMISES: If the premises become totally or partially destroyed during the term of this Agreement so that RESIDENT'S use is seriously impaired, RESIDENT or OWNER may terminate this Agreement immediately upon three-day written notice to the other.

12. CONDITION OF PREMISES: RESIDENT acknowledges that he has examined the premises and that said premises, all furnishings, fixtures, furniture, plumbing, heating, electrical facilities, all items listed on the attached inventory sheet, if any, and/or all other items provided by OWNER are all clean, and in good satisfactory condition except as may be indicated elsewhere in this Agreement. RESIDENT agrees to keep the premises and all items in good order and condition and to immediately pay for costs to repair and/or replace any portion of the above damaged by RESIDENT, his guests and/or invitees, except as provided by law. At the termination of this Agreement, all of the above-enumerated items in this provision shall be returned to OWNER in clean and good condition except for reasonable wear and tear; the premises shall be free of all personal property and trash not belonging to OWNER. It is agreed that all dirt, holes, tears, burns, or stains of any size or amount in the carpets, drapes, walls, fixtures, and/or any other part of the premises, do not constitute reasonable wear and tear.

13. MAINTENANCE AND ALTERATIONS: RESIDENT shall not paint, wallpaper, alter or redecorate, change or install locks, install antenna or other equipment, screws, fastening devices, excessively large nails, or adhesive materials, place signs, displays, or other exhibits, on or in any portion of the premises without the written consent of the OWNER except as may be provided by law. RESIDENT shall deposit all garbage and waste in a clean and sanitary manner into the proper receptacles as provided and shall cooperate in keeping the garbage area neat and clean. RESIDENT shall be responsible for disposing of items of such size or nature as is not normally acceptable by the garbage hauler for the building. RESIDENT shall be responsible for keeping the garbage disposal clean of chicken bones, toothpicks, match sticks, celery, pits, grease, metal vegetable ties, and all other items that may tend to cause stoppage of the mechanism. RESIDENT shall pay for the cleaning out of any plumbing fixture that may need to be cleared of stoppage and for the expense or damage caused by the stopping of waste pipes or overflow from bathtubs, washbasins, toilets, or sinks, if caused by negligence or misuse by RESIDENT or their guests. Tenant must notify landlord with a written notice stating what item(s) need service or repair and give landlord a reasonable opportunity to service or repair that item(s). Should any charges be incurred by the City as a result of not notifying the Landlord in writing of such needed service or repairs, tenant shall be responsible for a minimum of $201.50 for each occurrence plus any additional fines or inspection fees imposed by a government office as a result of RESIDENT not notifying OWNER in writing of any deficiencies with the residence.

14. SMOKE/CARBON MONOXIDE DETECTORS: The rental unit is equipped with properly functioning smoke and carbon monoxide detectors. Resident agrees to test the smoke and carbon monoxide detectors in the rental unit monthly for proper function. Resident agrees not to interfere with their normal function or disable any detectors in any manner.

15. HOUSE, POOL, AND LAUNDRY RULES: RESIDENT shall comply with all house, pool, pet, and laundry rules attached to this agreement which may be changed from time to time. These rules shall apply to, but are not limited to, noise, odors, disposal of trash, pets, parking, use of common areas, and storage of toys, bicycles, tools, and other personal items (including signs and laundry), which must be kept inside and out of view. OWNER shall not be liable to RESIDENT for any violation of such rules by any other RESIDENTS or persons. Rights of usage and maintenance of the laundry room and/or pool and pool area are gratuitous and subject to revocation by OWNER at any time.

16. CHANGE OF TERMS: The terms and conditions of this agreement are subject to future change by OWNER after the expiration of the agreed lease period upon 30 days written notice setting forth such change and delivered to RESIDENT. Any changes are subject to laws in existence at the time of the Notice of Change of Terms.

17. TERMINATION: After expiration of the leasing period, this agreement is automatically renewed from month-to-month upon written approval of the landlord, but may be terminated by either party with a written 30-day notice of intention to terminate. If tenancy exceeds one year, the owner shall give a written 60-day notice to terminate. Where laws require "just cause," such just cause shall be so stated on said notice. The premises shall be considered vacated only after all areas including storage areas are clear of all RESIDENT'S belongings, and keys and other property furnished for RESIDENT'S use are returned to OWNER. Should the RESIDENT hold over beyond the termination date or fail to vacate all possessions on or before the termination date, RESIDENT shall be liable for additional rent and damages, which may include damages due to OWNER'S loss of prospective new RENTERS.

18. POSSESSION: If OWNER is unable to deliver possession of the Apartment to RESIDENT on the agreed date, because of the loss or destruction of the Apartment or because of the failure of the prior RESIDENT to vacate or for any other reason, the RESIDENT and/or OWNER may immediately cancel and terminate this agreement upon written notice to the other party at their last known address, whereupon neither party shall have liability to the other, and any sums paid under this Agreement shall be refunded in full. If neither party cancels, this Agreement shall be pro-rated and begin on the date of actual possession.

19. INSURANCE: RESIDENT acknowledges that OWNER'S insurance does not cover personal property damage caused by fire, theft, rain, war, acts of God, acts of others, and/or any other causes, nor shall OWNER be held liable for such losses. RESIDENT HEREBY AGREES TO OBTAIN HIS OWN INSURANCE POLICY TO COVER ANY PERSONAL LOSSES. This does not waive OWNER'S duty to prevent personal injury or property damage where that duty is imposed by law, however, RESIDENT'S failure to maintain said policy shall be a complete waiver of RESIDENT'S rights to seek damages against OWNER for above stated losses.

20. RIGHT OF ENTRY AND INSPECTION: OWNER or OWNER'S Agent by themselves or with others, may enter, inspect and/or repair the premises at any time in case of emergency or suspected abandonment. OWNER shall give 24 hours advance notice and may enter for the purpose of showing the premises during normal business hours to prospective renters, buyers, lenders, for smoke alarm inspections, and/or for normal inspection and repairs. OWNER is permitted to make all alterations, repairs and maintenance that in OWNER'S judgment is necessary to perform. In addition, OWNER has the right to enter pursuant to Civil Code Section 1954. If the work performed requires that RESIDENT temporarily vacate the unit, then RESIDENT shall vacate for this temporary period upon being served a 7-day notice by OWNER. RESIDENT agrees that in such event RESIDENT will be solely compensated by a corresponding reduction in the rent for those many days that RESIDENT was temporarily displaced. No other compensation shall be due to the RESIDENT. If the work to be performed requires the cooperation of the RESIDENT to perform certain tasks, then RESIDENT shall perform those tasks upon receiving a 24-hour written notice. (EXAMPLE: removing food items from cabinets so that the unit may be sprayed for pests.) Upon 24 hours notice, RESIDENT hereby agrees to lend OWNER the keys to the premises for the purpose of having a duplicate made for OWNER'S use.

21. ASSIGNMENT: RESIDENT agrees not to transfer, assign or sublet the premises or any part thereof and hereby appoints and authorizes the OWNER as his agent and/or by OWNER'S own authority to evict any person claiming possession by way of any alleged assignment or subletting.

22. PARTIAL INVALIDITY: Nothing contained in this Agreement shall be construed as waiving any of RESIDENT'S or OWNER'S rights under the law. If any part of this Agreement shall be in conflict with the law, that part shall be void to the extent that it is in conflict, but shall not invalidate this Agreement nor shall it affect the validity or enforceability of any other provision of this Agreement.

23. NO WAIVER: OWNER'S acceptance of rent with knowledge of any default by RESIDENT or waiver by OWNER of any breach of any term or condition of this Agreement shall not constitute a waiver of subsequent breaches. Failure to require compliance or to exercise any right shall not be construed as a waiver of said term, condition, and/or right, and shall not affect the validity or enforceability of any other provision of this Agreement.

24. ATTORNEY'S FEES: If any legal action or proceeding be brought by either party to this agreement, the prevailing party shall be reimbursed for all reasonable attorneys' fees up to but not more than $500 in addition to other damages awarded.

25. ABANDONMENT: California Civil Code Section 1951.2 shall govern Abandonment. If any rent has remained unpaid for 14 or more consecutive days and the OWNER has a reasonable belief of abandonment of the premises, OWNER shall give 18 days written notice to RESIDENT at any place (including the rented premises) that OWNER has reason to believe RESIDENT may receive said notice of OWNER'S intention to declare the premises abandoned. RESIDENT'S failure to respond to said notice as required by law shall allow OWNER to reclaim the premises.

26. The undersigned RESIDENTS are jointly and severally responsible and liable for all obligations under this agreement and shall indemnify OWNER for liability caused by the action (omission or commission) of RESIDENTS, their guests and invitees.

27. Pursuant to Section 1785.26 of the California Civil Code, as required by law, you are hereby notified that a negative credit report reflecting on your credit history may be submitted to a credit reporting agency, if you fail to fulfill the terms of your credit obligation. RESIDENT expressly authorizes OWNER/AGENT (including a collection agency) to obtain Resident's consumer credit report, which OWNER/AGENT may use if attempting to collect past due rent payments, late fees, or other charges from Resident, both during the term of the Agreement and thereafter.

28. Lead Warning Statement: Housing built before 1978 may contain lead-based paint. Lead from paint, paint chips and dust pose health hazards if not managed properly. Lead

Case 8:21-bk-11710-SC    Doc 253    Filed 10/21/22    Entered 10/21/22 11:16:39    Desc
Case 8:21-bk-11710-SC    Main Document    Page 202 of 260    Entered 10/07/22 17:24:54    Desc
Case 8:21-bk-11710-SC    Main Document    Page 198 of 260    Filed 07/22/22 16:42:54    Desc
Part 2 - Amended Motion    Page 213 of 258

exposure is especially harmful to young children and pregnant woman. Before renting pre-1978 housing, OWNERS must disclose the presence of known lead-based paint hazards in the dwelling. RESIDENTS must also receive a federally approved pamphlet on lead poisoning prevention.

**OWNER/AGENT DISCLOSURE** (initial)

☐ ___ OWNER'S initials (on left) mean OWNER has no knowledge of lead-based paint and/or lead-based hazards in or on the Premises and OWNER has no reports or records pertaining to lead-based paint and/or lead-based paint hazards in or on the Premises, and

☐ ___ RENTER's initial (on left) indicate that RENTER has received a copy of a "Protect Your Family from Lead in Your Home", and that RENTER shall notify OWNER promptly in writing of any deteriorating and/or peeling paint.

29. **MOLD:** The OWNER/AGENT has inspected the unit prior to lease and knows of no damp or wet building materials and knows of no mold contamination. Resident agrees to accept full responsibility and maintain the premises in a manner that prevents the occurrence of an infestation of mold in the premises. Resident also agrees to immediately report to the OWNER/AGENT any evidence of water leaks, excessive moisture or lack of proper ventilation and evidence of mold that cannot be removed by cleaning.

30. ADDITIONS AND EXCEPTIONS: _____
_____
_____
_____

31. **NOTICES:** All notices to RESIDENT shall be served at RESIDENT'S apartment / house whether or not RESIDENT is present at the time of delivery and all notices to OWNER / AUTHORIZED PERSON shall be served by first class mailing to:

Person Authorized To Manage Property:

Name _____ Address _____
Phone Number _____

Owner of property or a person who is authorized to act for and on behalf of the owner for the purpose of service of process and for the purpose of receiving and receipting for all notices and demands.

Name _HENRY NEWTON_ Address _6641 BEACHVIEW DR. HUNTINGTON BEACH_
Phone Number (714) 615-3574                                    CA 92648

Person or Entity Authorized to Receive Payment of Rent:
Name _____ Address _____
Phone Number _____

32. **INVENTORY:** The Apartment contains the following items for use by RESIDENT: _____

RESIDENT further acknowledges that the subject premises are furnished with the additional furnishings listed on the attached inventory and that said attached inventory is hereby made part of this agreement.

33. RESIDENT acknowledges receipt of the following, which shall be deemed a part of this Agreement: (Please check)

☐ Information About Bed Bugs     ☐ Pest Control/Bed Bug Addendum     ☐ Mold Addendum          ☐ Apartment Keys
☐ Flood Disclosure Addendum      ☐ Move-in/Move-out Inspection        ☐ Smoke Free Addendum    ☐ Mailbox Keys
☐ Lead Based Paint Disclosure    ☐ Pet Agreement/Comfort Animal Addendum  ☐ Parking Agreement  ☐ Common Area Keys
☐ House Rules                     ☐ Satellite Dish Addendum            ☐ Other: _____         ☐ Garage Remotes
☐ Pool Rules                      ☐ Smoke Detector Addendum            ☐ Other: _____

34. **ENTIRE AGREEMENT:** This Agreement constitutes the entire Agreement between OWNER and RESIDENT. No oral agreements have been entered into, and all modifications or notices shall be in writing to be valid. The undersigned Residents are jointly and severally responsible for all obligations under this agreement and shall indemnify Owner for liability caused by the actions (omission or commission) of residents, their guests and invitees. Renter has relied on his own judgment in entering into this agreement.

35. **NOTICE:** Pursuant to Section 290.46 of the Penal Code, information about specified registered sex offenders is made available to the public via an Internet Web site maintained by the Department of Justice at www.meganslaw.ca.gov. Depending on an offender's criminal history, this information will include either the address at which the offender resides or the community of residence and ZIP Code in which he or she resides.

36. **RECEIPT OF AGREEMENT:** The undersigned RESIDENT hereby certifies that he/she is fluent in the English language and has read and completely understands this Agreement and hereby acknowledges receipt of a copy of this "Rental Agreement and/or Lease." (___) RESIDENT'S Initials:

OR Pursuant to California Civil Code 1632, which requires translation of specified contracts or agreements that are negotiated in Spanish, Chinese, Vietnamese, Tagalog or Korean:

(___) Resident's initials on left hereby acknowledge that this agreement was translated and interpreted in their foreign language of: _____

Printed Name of Interpreter _____     Signature of Interpreter _____     Date _9/11/18_

Owner/Agent _HENRY NEWTON_ Date _9/11/18_        Resident _____     Date _____

Owner/Agent _____ Date _____          Resident _____     Date _____

Owner/Agent _____ Date _____          Resident _____     Date _____

*NO REPRESENTATION IS MADE AS TO THE LEGAL VALIDITY OR THE ADEQUACY OF ANY PROVISION IN THIS AGREEMENT. IF YOU DESIRE LEGAL ADVICE, CONSULT YOUR ATTORNEY.*

AOA Form No. 101 (Revised 07/15) - Copyright 2010 - Apartment Owners Association of California, Inc. - www.aoausa.com
- San Fernando Valley (818) 988-9200 • Los Angeles (323) 937-8811 • Long Beach (562) 597-2422 • Garden Grove (714) 539-6000 • San Diego (619) 280-7007 • Northern California (510) 769-7521

Case 8:21-bk-11710-SC    Doc 253    Filed 10/21/22    Entered 10/21/22 11:16:39    Desc
Case 8:21-bk-11710-SC    Main Document    Filed 10/07/22    Page 203 of 260    Entered 10/07/22 17:24:54    Desc
Case 8:21-bk-11710-SC    Main Document    Filed 07/22/22    Page 199 of 260    Entered 07/22/22 16:42:54    Desc
Part 2 - Amended Motion    Page 214 of 258

CODES: NEW – Brand New • CLN – Clean • STN – Stained • SCR – Scratched • REP – Needs Repair • RPL – Needs Replacement
F PNT – Needs Full Paint • T/U PNT – Needs Touch-up Paint • F CLN – Needs Full Clean • T/U CLN – Needs Touch-up Cleaning

| Bathroom #1  4½ | Move-In | Pre-Walk Through | Move-Out |
|---|---|---|---|
| Walls and Ceiling | Not New Paint | | |
| Floor/Floor Covering | ✓ | | |
| Counters | ✓ | | |
| Sink, Faucet | ✓ | | |
| Shower/Tub, Faucet | ✓ | | |
| Drains, Plumbing | ✓ | | |
| Shower Door | ✓ | | |
| Toilet, Seat | ✓ | | |
| Caulking | ✓ | | |
| Towel Rack(s) | ✓ | | |
| Medicine Cab/Mirror | Rust | ✓ | |
| Exhaust Fan | Older Dust | | |
| Cabinet/Linen Closet | ✓ | | |
| Light Fixture(s), Bulb(s) | ✓ | | |
| Light Switches, Outlets | ✓ | | |
| Linen Closet/Cabinet | ✓ | | |
| Door & Door Hardware | ✓ | | |
| Window(s) & Screen(s) | ✓ | | |
| Bathroom #2 | | | |
| Walls and Ceiling | Not New paint | | |
| Floor/Floor Covering | ✓ | | |
| Counters | ✓ | | |
| Sink, Faucet | ✓ | | |
| Shower/Tub, Faucet | ✓ | | |
| Drains, Plumbing | ✓ | | |
| Shower Door | | | |
| Toilet, Seat | ✓ | | |
| Caulking | ✓ | | |
| Towel Rack(s) | | | |
| Medicine Cab/Mirror | Rust | | |
| Exhaust Fan | Dust | | |
| Cabinet/Linen Closet | ✓ | | |
| Light Fixture(s), Bulb(s) | ✓ | | |
| Light Switches, Outlets | ✓ | | |
| Linen Closet/Cabinet | ✓ | | |
| Door & Door Hardware | ✓ | | |
| Window(s) & Screen(s) | ✓ | | |

| Other – List Below | Move-In | Pre-Walk Through | Move-Out |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| Keys to Unit - # Issued | # Issued | | # Received |
| Front Door | | | |
| Dead Bolt | | | |
| Mailbox | | | |
| Common Area | | | |
| Remote | | | |
| Other: | | | |

*Under California State Law, the landlord may use a tenant's
security deposit for four purposes:
• For unpaid rent;
• For cleaning the rental unit when the tenant moves out to
make the unit as clean as it was when the tenant first moved in;
• For repair of damages, other than normal wear and tear,
caused by the tenant or the tenant's guests; and
• If the lease or rental agreement allows it, for the cost of
restoring or replacing furniture, furnishings, or other items of
personal property (including keys), other than because of normal
wear and tear.

The Preliminary Walk-Through (AB2330) must be conducted no
sooner than two weeks prior to the actual move-out date. The
purpose of this inspection is to notify the tenant what
corrections must be made before the actual move-out date. This
gives residents the opportunity to restore the property to its
actual move-in condition to avoid deductions from their security
deposit.

| MOVE-IN INSPECTION | | PRELIMINARY WALK-THROUGH | | FINAL INSPECTION | |
|---|---|---|---|---|---|
| _David Allen_ 9/11/18 | | | | | |
| Resident | Date | Resident | Date | Resident | Date |
| | | | | | |
| Resident | Date | Resident | Date | Resident | Date |
| _signature_ 09/11/18 | | | | | |
| Owner/Agent | Date | Owner | Date | Owner | Date |



**OLD REPUBLIC**
T I T L E   C O M P A N Y

18565 Jamboree Road, Suite 275
Irvine, CA 92612
(949) 476-5757

## PRELIMINARY REPORT

Update 2

Star Commercial Properties

Our Order Number  2930005415-61

Attention: DAVID PERRY

When Replying Please Contact:

Property Address:

Martin Vique
title.orange@ortc.com
Ph:(949)476-5755
Efax:(949)266-9509
Direct line: (855) 563-3827

4476 Alderport Unit 53, Huntington Beach, CA 92649

In response to the above referenced application for a policy of title insurance, OLD REPUBLIC TITLE COMPANY, as issuing Agent of Old Republic National Title Insurance Company, hereby reports that it is prepared to issue, or cause to be issued, as of the date hereof, a Policy or Policies of Title Insurance describing the land and the estate or interest therein hereinafter set forth, insuring against loss which may be sustained by reason of any defect, lien or encumbrance not shown or referred to as an Exception below or not excluded from coverage pursuant to the printed Schedules, Conditions and Stipulations of said policy forms.

The printed Exceptions and Exclusions from the coverage and Limitations on Covered Risks of said Policy or Policies are set forth in Exhibit I attached. The policy to be issued may contain an arbitration clause. When the Amount of Insurance is less than that set forth in the arbitration clause, all arbitrable matters shall be arbitrated at the option of either the Company or the Insured as the exclusive remedy of the parties. Limitations on Covered Risks applicable to the Homeowner's Policy of Title Insurance which establish a Deductible Amount and a Maximum Dollar Limit of Liability for certain coverages are also set forth in Exhibit I. Copies of the Policy forms should be read. They are available from the office which issued this report.

**Please read the exceptions shown or referred to below and the exceptions and exclusions set forth in Exhibit I of this report carefully. The exceptions and exclusions are meant to provide you with notice of matters which are not covered under the terms of the title insurance policy and should be carefully considered.**
**It is important to note that this preliminary report is not a written representation as to the condition of title and may not list all liens, defects, and encumbrances affecting title to the land.**

This report (and any supplements or amendments hereto) is issued solely for the purpose of facilitating the issuance of a policy of title insurance and no liability is assumed hereby. If it is desired that liability be assumed prior to the issuance of a policy of title insurance, a Binder or Commitment should be requested.

Dated as of  October 16, 2018, at 7:30 AM

### OLD REPUBLIC TITLE COMPANY
For Exceptions Shown or Referred to, See Attached

ORT 3158-A (Rev. 08/07/08)

OLD REPUBLIC TITLE COMPANY
**ORDER NO.** 2930005415-61
Update 2

The form of policy of title insurance contemplated by this report is:

Homeowner's Policy of Title Insurance - 2013; and ALTA Loan Policy - 2006.  A specific request should be made if another form or additional coverage is desired.

The estate or interest in the land hereinafter described or referred or covered by this Report is:

A CONDOMINIUM, AS DEFINED IN SECTION 783 OF THE CALIFORNIA CIVIL CODE, FOR A TERM OF YEARS AS SET FORTH IN THAT CERTAIN CONDOMINIUM SUBLEASE RECORDED NOVEMBER 7, 1980 AS FILE NO. 8696, IN BOOK 13824 PAGE 1294, OFFICIAL RECORDS, UPON AND SUBJECT TO ALL THE PROVISIONS THEREIN CONTAINED AND AS MODIFIED THEREOF RECORDED AUGUST 28, 2003 AS INSTRUMENT NO. 03-1044770, OFFICIAL RECORDS.

Title to said estate or interest at the date hereof is vested in:

JAMIE L. GALLIAN, A SINGLE WOMAN

The land referred to in this Report is situated in the County of Orange, City of Huntington Beach, State of California, and is described as follows:

PARCEL 1:

UNIT 53, IN THE CITY OF HUNTINGTON BEACH, COUNTY OF ORANGE, STATE OF CALIFORNIA, AS SHOWN AND DEFINED ON THAT CERTAIN CONDOMINIUM PLAN {"THE CONDOMINIUM PLAN"), RECORDED OCTOBER 18, 1979 IN BOOK 13358 PAGE 1193, ET SEQ., OFFICIAL RECORDS.

EXCEPT THEREFROM ALL OIL, GAS, MINERALS AND OTHE HYDROCARBON SUBSTANCES LYING BELOW A DEPTH OF 500 FEET WITHOUT ANY RIGHT TO ENTER UPON THE SURFACE OR THE SUBSURFACE OF SAID LAND ABOVE A DEPTH OF 500 FEET, AS PROVIDED IN INSTRUMENTS OF RECORD.

PARCEL 2:

AN UNDIVIDED 1/80TH INTEREST IN AND TO LOTS 1 AND 2 OF TRACT NO. 10542, IN THE CITY OF HUNTINGTON BEACH, COUNTY OF ORANGE, STATE OF CALIFORNIA, AS SHOWN ON A MAP RECORDED IN BOOK 456 PAGES 49 AND 50 OF MISCELLANEOUS MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY TOGETHER WITH THOSE PORTIONS OF THE COMMON AREA AS SHOWN AND DEFINED ON THE CONDOMINIUM PLAN, CONSISTING OF BUILDINGS AND OTHER IMPROVEMENTS.

EXCEPTING THEREFROM CONDOMINIUM UNITS 1 THROUGH 80 INCLUSIVE, LOCATED THEREON.

PARCEL 3:

AN EXCLUSIVE EASEMENT FOR THE USE AND OCCUPANCY OF THOSE PORTIONS OF RESTRICTED COMMON AREA AS DEFINED ON THE CONDOMINIUM PLAN FOR ENTRY AND STAIRCASES AND ATTIC SPACE RELATING TO SAID UNIT.

PARCEL 4:

ORT 3158-B

OLD REPUBLIC TITLE COMPANY
**ORDER NO.** 2930005415-61
Update 2

NON-EXCLUSIVE EASEMENT AND RIGHT TO USE THOSE PORTIONS OF THE COMMON AREA AS DEFINED ON THE CONDOMINIUM PLAN, EXCEPT RESTRICTED COMMON AREA.

APN: 937-630-53

At the date hereof exceptions to coverage in addition to the Exceptions and Exclusions in said policy form would be as follows:

1.  Taxes and assessments, general and special, for the fiscal year 2019 - 2020, a lien, but not yet due or payable.

2.  Taxes and assessments, general and special, for the fiscal year 2018 - 2019, as follows:

    | Assessor's Parcel No | : | 937-630-53 | |
    |---|---|---|---|
    | Code No. | : | 04-007 | |
    | 1st Installment | : | $1,888.50 | NOT Marked Paid |
    | 2nd Installment | : | $1,888.50 | NOT Marked Paid |
    | Land Value | : | $197,735.00 | |
    | Imp. Value | : | $121,658.00 | |

3.  The lien of supplemental taxes, if any, assessed pursuant to the provisions of Section 75, et seq., of the Revenue and Taxation Code of the State of California.

4.  Water rights, claims or title to water, whether or not shown by the public records.

5.  Matters in various instruments of record which contain among other things easements and rights of way in, on, over and under the common area for the purpose of constructing, erecting, operating or maintaining thereon or thereunder overhead or underground lines, cables, wires, conduits, or other devices for electricity, telephone, storm water drains and pipes, water systems, sprinkling systems, water, heating and gas lines or pipes, and similar public or quasi-public improvements or facilities. also the right of use and enjoyment in and to and throughout the common area as well as the non-exclusive easements and rights for ingress, egress to the owner herein described.

    Reference is hereby being made to various documents and maps of record for full and further particulars.

    Affects the common area.

ORT 3158-B

**OLD REPUBLIC TITLE COMPANY**
**ORDER NO.** 2930005415-61
Update 2

6.     The fact that the ownership of said land does not include rights of access to or from the street or highway abutting said land, such rights having been relinquished by the map of said tract.

Affects: Edinger avenue abutting common areas

Said land however, abuts upon a public thoroughfare other than the road referred to above, over which rights of vehicular ingress and egress have not been relinquished.

7.     Matters in an instrument that, among other things, contain or provide for easements, assessments, liens and their subordination; provisions relating to partition, restrictions on severability of component interest, covenants, conditions and restrictions, which provide that no violation thereof and no enforcement of any lien provided for therein shall defeat or render invalid the lien of a mortgage or deed of trust made in good faith and for value, but omitting any covenants or restrictions if any, based upon race, color, religion, sex, handicap, familial status, or national origin unless and only to the extent that said covenant (a) is exempt under Title 42, Section 3607 of the United States Code or (b) relates to handicap but does not discriminate against handicapped persons.

Recorded          :   May 28, 1980 in Book 13618 of Official Records, Page 982

Modification thereof, but omitting any covenants or restrictions if any, based upon race, color, religion, sex, handicap, familial status, or national origin unless and only to the extent that said covenant (a) is exempt under Title 42, Section 3607 of the United States Code or (b) relates to handicap but does not discriminate against handicapped persons.

Recorded          :   August 5, 1980 in Book 13690 of Official Records, Page 1091

8.     A lease affecting the premises herein described, executed by and between the parties herein named, with certain terms, covenants, conditions and provisions set forth therein.

lessor:       Houser Bros, Co., a Limited Partnership
lessee:       Robert P. Warrington
recorded:    October 24, 1980 in book 13803, page 640, official records

The present ownership of the leasehold created by said lease and other matters affecting the interest of the lessee are not shown herein.

9.     We find no open Deeds of Trust of record.  Please verify by inquiry of Escrow Personnel and/or Agents whether or not we have overlooked something and advise the Title Department accordingly prior to closing.

ORT 3158-B

Case 8:21-bk-11710-SC   Doc 253   Filed 10/21/22   Entered 10/21/22 11:16:39   Desc
Case 8:21-bk-11710-SC   Main Document   Page 220 of 260   Entered 10/07/22 17:24:54   Desc
Case 8:21-bk-11710-SC   Main Document   Page 204 of 260   Entered 07/22/22 16:42:54   Desc
Part 2 - Amended Motion   Page 219 of 258

OLD REPUBLIC TITLE COMPANY
**ORDER NO.** 2930005415-61
Update 2

10.   Abstract of Judgment for the amount herein stated and any other amounts due.

| | | |
|---|---|---|
| Creditor | : | TD Bank |
| Debtor | : | Jamie L. Gallian |
| Entered | : | October 4, 2016 |
| Court | : | Superior Court of California County of Orange |
| Case No. | : | 30-2013-00863489-CL-CL-CJC |
| Amount | : | $2,179.25 |
| Dated | : | February 10, 2017 |
| Recorded | : | March 9, 2017 in Official Records as Instrument Number 2017-00096952 |

11.   Abstract of Judgment for the amount herein stated and any other amounts due.

| | | |
|---|---|---|
| Creditor | : | Capital One Bank |
| Debtor | : | Jamie L. Galiian |
| Entered | : | August 15, 2017 |
| Court | : | Superior Court of California County of Orange |
| Case No. | : | 30-2017-00925831-CL-CL-CJC |
| Amount | : | $4,332.92 |
| Dated | : | August 17, 2017 |
| Recorded | : | September 6, 2017 in Official Records as Instrument Number 2017-000378355 |

12.   The requirement that this Company be provided with an opportunity to inspect the land. The Company reserves the right to make additional exceptions and/or requirements upon completion of its inspection.

13.   The Homeowner's Policy applies only if each insured named in Schedule A is a Natural Person (as Natural Person is defined in said policy). If each insured to be named in Schedule A is not such a Natural Person, contact the Title Department immediately.

14.   The effect of instruments, proceedings, liens, decrees or other matters which do not specifically describe said land but which, if any do exist, may affect the title or impose liens or encumbrances thereon. The name search necessary to ascertain the existence of such matters has not been completed and, in order to do so, we require a signed Statement of Identity from or on behalf of Jamie L. Gallian.

ORT 3158-B

**OLD REPUBLIC TITLE COMPANY**
**ORDER NO.** 2930005415-61
Update 2

-------------------- **Informational Notes** --------------------

A.  The applicable rate(s) for the policy(s) being offered by this report or commitment appears to be section(s) 1.1 and 2.1.

B.  The above numbered report (including any supplements or amendments thereto) is hereby modified and/or supplemented to reflect the following additional items relating to the issuance of an American Land Title Association loan form policy:

NONE

NOTE: Our investigation has been completed and there is located on said land a condominium known as 4476 Alderport Unit 53, Huntington Beach, CA 92649.

The ALTA loan policy, when issued, will contain the CLTA 100 Endorsement and 116 series Endorsement.

Unless shown elsewhere in the body of this report, there appear of record no transfers or agreements to transfer the land described herein within the last three years prior to the date hereof, except as follows:

NONE

C.  All transactions that close on or after March 1, 2015 will include a $20.00 minimum recording service fee, plus actual charges required by the County Recorder.

ORT 3158-B

Case 8:21-bk-11710-SC   Doc 253   Filed 10/21/22   Entered 10/21/22 11:16:39   Desc
Case 8:21-bk-11710-SC   Main Document   Page 221 of 260   Entered 10/07/22 17:24:54   Desc
Case 8:21-bk-11710-SC   Main Document   Page 206 of 260   Entered 07/22/22 16:42:54   Desc
Part 2 - Amended Motion   Page 221 of 258

**ORDER NO. :** 2930005415

# EXHIBIT A

The land referred to is situated in the County of Orange, City of Huntington Beach, State of California, and is described as follows:

PARCEL 1:

UNIT 53, IN THE CITY OF HUNTINGTON BEACH, COUNTY OF ORANGE, STATE OF CALIFORNIA, AS SHOWN AND DEFINED ON THAT CERTAIN CONDOMINIUM PLAN {"THE CONDOMINIUM PLAN"), RECORDED OCTOBER 18, 1979 IN BOOK 13358 PAGE 1193, ET SEQ., OFFICIAL RECORDS.

EXCEPT THEREFROM ALL OIL, GAS, MINERALS AND OTHE HYDROCARBON SUBSTANCES LYING BELOW A DEPTH OF 500 FEET WITHOUT ANY RIGHT TO ENTER UPON THE SURFACE OR THE SUBSURFACE OF SAID LAND ABOVE A DEPTH OF 500 FEET, AS PROVIDED IN INSTRUMENTS OF RECORD.

PARCEL 2:

AN UNDIVIDED 1/80TH INTEREST IN AND TO LOTS 1 AND 2 OF TRACT NO. 10542, IN THE CITY OF HUNTINGTON BEACH, COUNTY OF ORANGE, STATE OF CALIFORNIA, AS SHOWN ON A MAP RECORDED IN BOOK 456 PAGES 49 AND 50 OF MISCELLANEOUS MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY TOGETHER WITH THOSE PORTIONS OF THE COMMON AREA AS SHOWN AND DEFINED ON THE CONDOMINIUM PLAN, CONSISTING OF BUILDINGS AND OTHER IMPROVEMENTS.

EXCEPTING THEREFROM CONDOMINIUM UNITS 1 THROUGH 80 INCLUSIVE, LOCATED THEREON.

PARCEL 3:

AN EXCLUSIVE EASEMENT FOR THE USE AND OCCUPANCY OF THOSE PORTIONS OF RESTRICTED COMMON AREA AS DEFINED ON THE CONDOMINIUM PLAN FOR ENTRY AND STAIRCASES AND ATTIC SPACE RELATING TO SAID UNIT.

PARCEL 4:

NON-EXCLUSIVE EASEMENT AND RIGHT TO USE THOSE PORTIONS OF THE COMMON AREA AS DEFINED ON THE CONDOMINIUM PLAN, EXCEPT RESTRICTED COMMON AREA.

APN: 937-630-53

Jamie Gallian
Payoff Target
To:

Check Image



Jamie Gallian
Sent from my iPhone

RECORDING REQUESTED BY

WHEN RECORDED MAIL TO

HUNT & HENRIQUES
ATTORNEYS AT LAW
151 BERNAL RD, STE 8
SAN JOSE, CA 95119

Recorded in Official Records, Orange County
Hugh Nguyen, Clerk-Recorder

93.00

* S R 0 0 1 0 3 7 4 0 9 5 5 *

2018000351111 8:37 am 09/26/18

105 410 A45   4

0.00 0.00 0.00 0.00 9.00 0.00 0.000.0075.00 3.00

SPACE ABOVE THIS LINE RESERVED FOR RECORDER'S USE

## TITLE

ACKNOWLEDGMENT OF SATISFACTION OF JUDGMENT

**EJ-100**

| |
|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, address and State Bar number)*<br>After recording return to:<br>**Hunt & Henriques, Attorneys at Law**<br>Michael S. Hunt #99804 | Janalie Henriques #111589<br>151 Bernal Road Suite 8<br>San José CA 95119-1306<br>TEL NO. 800-680-2426     FAX NO. (optional) 408-362-2299<br>E-MAIL ADDRESS *(Optional)* info@hunthenriques.com |

| | |
|---|---|
| ☑ ATTORNEY FOR | ☑ JUDGMENT CREDITOR | ☐ ASSIGNEE OF RECORD |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**

STREET ADDRESS:   700 Civic Center Drive West, Rm D-110

MAILING ADDRESS:

CITY AND ZIP CODE:   Santa Ana CA 92701

BRANCH NAME:   Central Justice Center, Civil Division

FOR RECORDER'S OR SECRETARY OF STATE'S USE ONLY

| | |
|---|---|
| PLAINTIFF:   CAPITAL ONE BANK (USA), N.A. | CASE NUMBER:<br>30-2017-00925831-CL-CL-CJC |
| DEFENDANT:   JAMIE L GALLIAN | |

| | |
|---|---|
| **ACKNOWLEDGMENT OF SATISFACTION OF JUDGMENT**<br>☑ FULL   ☐ PARTIAL   ☐ MATURED INSTALLMENT | FOR COURT USE ONLY |

1. Satisfaction of the judgment is acknowledged as follows:
   a. ☑ Full satisfaction
      (1) ☑ Judgment is satisfied in full.
      (2) ☐ The judgment creditor has accepted payment or performance
          other than that specified in the judgment in full satisfaction of the
          judgment.
   b. ☐ Partial satisfaction
      The amount received in partial
      satisfaction of the judgment is $
   c. ☐ Matured installment
      All matured installments under the installment judgment have been satisfied as of *(date)*

2. Full name and address of judgment creditor:*
   Capital One Bank (USA), N.A. % Hunt & Henriques
   151 Bernal Road, Suite 8, San José CA 95119-1306

3. Full name and address of assignee of record, if any:

4. Full name and address of judgment debtor being fully or partially released:*
   JAMIE L GALLIAN
   4476 ALDERPORT DR, HUNTINGTON BEACH CA 92649-2288

5. a. Judgment entered on *(date)*: August 15, 2017
   b. ☐ Renewal entered on *(date)*:

6. ☑ An ☑ abstract of judgment ☐ certified copy of the judgment has been recorded as follows *(complete all information for each county where recorded)*:

| COUNTY | DATE OF RECORDING | INSTRUMENT NUMBER |
|---|---|---|
| ORANGE | 09/06/2017 | 2017000378355 |

7. ☐ A notice of judgment lien has been filed in the office of the Secretary of State as file number *(specify)*:

**NOTICE TO JUDGMENT DEBTOR:** If this is an acknowledgment of full satisfaction of judgment, it will have to be recorded in each county shown in item 6 above, if any, in order to release the judgment lien, and will have to be filed in the office of the Secretary of State to terminate any judgment lien on personal property.

Date:

**SEP 1 2 2018**                    Donald Sherrill #266038          *(SIGNATURE OF JUDGMENT CREDITOR OR ASSIGNEE OF CREDITOR OR ATTORNEY)*

*The names of the judgment creditor and judgment debtor must be stated as shown in any Abstract of Judgment which was recorded and is being released by this satisfaction. ** A separate notary acknowledgment must be attached for each signature.

| | | |
|---|---|---|
| Form Approved for Optional Use<br>Judicial Council of California<br>EJ-100 [Rev. July 1, 2014] | **ACKNOWLEDGEMENT OF SATISFACTION OF JUDGMENT** | Page 1 of 1<br>Code of Civil Procedure §§ 724.060,<br>724.120, 724.250 |
| DD00029B | | 1208212.001 |

# ACKNOWLEDGMENT

> A notary public or other officer completing this
> certificate verifies only the identity of the individual
> who signed the document to which this certificate is
> attached, and not to the truthfulness, accuracy, or
> validity of that document.

State of California
County of _____Santa Clara_____ )

On _____SEP 1 2 2018_____ before me, _____Mary Mackenzie_____, notary public
                                        (insert name and title of the officer)

personally appeared _____Donald Sherrill #266038_____
who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are
subscribed to the within instrument and acknowledged to me that he/she/they executed the same in
his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the
person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing
paragraph is true and correct.

WITNESS my hand and official seal.

MARY MACKENZIE
COMM. #2189377
Notary Public - California
Santa Clara County
My Comm. Expires Apr. 1, 2021

Signature _____ (Seal)

Optional Section
[✓] Acknowledgment of Satisfaction of
[ ] Judgment
    Release of Judgment Lien
Other: _____
Case / Reference #: _____
Date of Doc: _____

DD00029D                                                              1208212.001

# PROOF OF SERVICE

### SUPERIOR COURT OF CALIFORNIA. COUNTY OF ORANGE
### CENTRAL JUSTICE CENTER, CIVIL DIVISION

Re:   Capital One Bank (USA), N.A. v. JAMIE L GALLIAN
      Court Case Number: 30-2017-00925831-CL-CL-CJC

     I am a citizen of the United States and employed in the County of Santa Clara, State of California; I am over the age of 18 years and not a party to the within entitled action; my business address is 151 Bernal Road Suite 8, San José, California 95119-1306.

On  **SEP 1 3 2018**  , I served the foregoing documents, described as **ACKNOWLEDGMENT OF SATISFACTION OF JUDGMENT** on the interested parties to said action by the following means:

__X__   (By Mail)      By placing a true copy thereof, enclosed in a sealed envelope with postage thereon fully prepaid, for collection and mailing on that date following ordinary business practices, in the United States Mail at the offices of Hunt & Henriques, California, addressed as shown below. I am readily familiar with this business's practice for collection and processing of correspondence for mailing with the U.S. Postal Service, and in the ordinary course of business correspondence would be deposited with the U.S. Postal Service the same day it was placed for collection and processing.

_____   (By Mail)      By placing a true copy thereof, enclosed in a sealed envelope with postage thereon fully prepaid, in the United States Mail at San José, California, addressed as shown below.

_____   (By Hand Delivery)      By causing a true copy thereof, enclosed in a sealed envelope, to be delivered by hand to the addresses shown below.

_____   (By Personal Service)      By personally delivering a true copy thereof, enclosed in a sealed envelope, to the addresses shown below.

_____   (By Overnight Delivery)      By placing a true copy thereof, enclosed in a sealed envelope, with delivery charges prepaid, to be sent by _____, addressed as shown below.

_____   (By Facsimile Transmission)      By transmitting a true copy thereof by facsimile transmission from facsimile number (408) 362-2299, to the interested parties to said action; the transmission was reported as complete and without error, and a copy of the transmission report, which was properly issued by the transmitting facsimile machine, is attached hereto and incorporated herein by reference. Said documents were transmitted to the interested parties as shown below at _____ a.m. / p.m.

I declare under penalty of perjury that the foregoing is true and correct, and that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

Executed on  **SEP 1 3 2018**  , in San José, Santa Clara County, California.

Amalia Alvarez

**NAME AND ADDRESS OF EACH PERSON SERVED:**

JAMIE L GALLIAN
4476 ALDERPORT DR
HUNTINGTON BEACH CA 92649-2288

DD00029B

1208212.001

Case 8:21-bk-11710-SC    Doc 253    Filed 10/21/22    Entered 10/21/22 11:16:39    Desc
Case 8:21-bk-11710-SC    Main Document    Page 216 of 260 10/07/22 17:24:54    Desc
Case 8:21-bk-11710-SC    Main Document    Page 212 of 260 07/22/22 16:42:54    Desc
Part 2 - Amended Motion    Page 227 of 258



**Shari L. Freidenrich, CPA**
**Orange County Treasurer - Tax Collector**
P.O. BOX 1438 • Santa Ana, CA 92702-1438
625 N. Ross Street, Building 11, Room G58, Santa Ana
Office Hours: 8:00 AM-5:00 PM Monday - Friday
Phone Hours: 8:00 AM-5:00 PM (714) 834-3411
ocgov.com/octaxbill

**DID YOU KNOW?**

Sign up to receive a text/email due date reminder at ocgov.com/taxreminder

Pay online at ocgov.com/octaxbill to receive same day credit, no service fee by eCheck and an emailed receipt.

Mailed payments must have a USPS postmark on or before the last timely payment date. If you wait until the last day to mail your payment, get your envelope hand-stamped with a postmark to ensure it is timely.

Major construction has eliminated close parking to our office - please pay online!

## 2018-19 SECURED PROPERTY TAX BILL

For Fiscal Year Beginning July 1, 2018 and Ending June 30, 2019
0000442-0000442 STMT——— 740701 OCT026
BWNLBHV *******AUTO**ALL FOR AADC 926
#9376 3053 0020 183#

HOUSER BROS CO
GALLIAN JAMIE L
4476 ALDERPORT DR UNIT 53
HUNTINGTON BEACH CA 92649-2288

4476 ALDERPORT 53 HUNTINGTON BEACH

| DESCRIPTION | FULL VALUE | COMPUTED TAX |
|---|---|---|
| LAND | 197,735 | |
| IMPROVEMENTS - BUILDING | 121,658 | |
| | | |
| TOTAL VALUES: | 319,393 | 3,853.78 |
| HOMEOWNER EXEMPTION | -7,000 | -76.78 |
| TOTAL NET TAXABLE VALUE: | 312,393 | 3,777 |

HOUSER BROS CO

## CORRECTED SECURED TAX BILL

| PARCEL NO. | TAX RATE AREA | DUE | 2nd Installment DUE | TOTAL DUE |
|---|---|---|---|---|
| 937-630-53 | 04-007 | $1,888.50 | $1,888.50 | $3,777.00 |

**IMPORTANT INFORMATION**

If you sold this property or no longer own it, you can disregard this bill. Property taxes are the responsibility of the new owner. Contact the Office of the Assessor at (714) 834-2727 regarding ownership changes.

Enrollment date 10/04/18.

ORDER # REVISION 01 DATE 08/30/18 2018 CORRECTION OF ASSESSOR ASMNT INFO

Corrected Billing

| VOTED INDEBTEDNESS TAXES AND DIRECT ASSESSMENTS | | | |
|---|---|---|---|
| TAXING AGENCY | RATE | VALUE | TAXES |
| BASIC LEVY RATE | 1.00000 | 312,393 | 3,123.93 |
| COAST COMM COLLEGE DIST | .03052 | 312,393 | 95.34 |
| OCEAN VIEW SD 2016, SR 2017A | .02404 | 312,393 | 75.10 |
| HUNTINGTON BCH UNION HS | .02388 | 312,393 | 74.60 |
| HUNTINGTON BEACH EMPLOYEE RETIREME | .01500 | 312,393 | 46.86 |
| METRO WATER D-MWDOC | .00350 | 312,393 | 10.93 |
| | | | |
| SPECIAL ASSESSMENT CHARGES | | PHONE NO. | |
| MOSQ,FIRE ANT ASSNT | | (800)273-5167 | 4.49 |
| VECTOR CONTROL CHG | | (800)273-5167 | 0.67 |
| MWD WATER STDBY CHG | | (866)807-6864 | 10.08 |
| OCSD SEWER USER FEE | | (714)593-7281 | 335.00 |
| | | | |
| TOTAL CHARGED | 1.09694 | | 3,777.00 |

FOR DETAILS OF TAX TYPES, VISIT OUR WEBSITE AT OCGOV.COM/OCTAXBILL

THERE WILL BE A $26.00 FEE FOR EACH PAYMENT RETURNED UNPAID BY YOUR BANK FOR ANY REASON
RETAIN TOP PORTION FOR YOUR RECORDS – IF PAYING BY CHECK, YOUR CANCELLED CHECK IS YOUR RECEIPT OR PAY ONLINE AND RECEIVE AN EMAILED RECEIPT



**Shari L. Freidenrich, CPA**
Orange County Treasurer - Tax Collector
P.O. BOX 1438 • Santa Ana, CA 92702-1438
625 N. Ross Street, Building 11, Room 650, Santa Ana
Office Hours: 8:00 AM-5:00 PM Monday - Friday
Phone Hours: 9:00 AM-5:00 PM (714) 834-3411
ocgov.com/octaxbill

### DID YOU KNOW?

Don't wait in line, pay online at ocgov.com/octaxbill, receive same day credit and an emailed receipt. There is no cost to pay by eCheck! Also, due to construction, parking at the Civic Center is not close to our office.

Mailed payments must have a USPS postmark on or before the delinquent date. If you wait until the last day to mail your payment, get your envelope hand-stamped with a postmark to ensure it is timely.

Sign up to receive a due date reminder email at ocgov.com/taxreminder.

## 2017–18 SECURED PROPERTY TAX BILL

For Fiscal Year Beginning July 1, 2017 and Ending June 30, 2018

001S097-001S097 STMT------    ------6-8990 OCT013
#BWNLBHV ***********AUTO**5-DIGIT 92649
#9376 3053 2017 4#

HOUSER BROS CO
GALLIAN JAMIE L
4476 ALDERPORT DR UNIT 53
HUNTINGTON BEACH CA 92649-2288

**PROPERTY LOCATION**

4476 ALDERPORT 53 HUNTINGTON BEACH

**OWNER OF RECORD AS OF 12:01 AM JANUARY 1, 2017**

HOUSER BROS CO
GALLIAN, JAMIE L

**ASSESSED VALUES & EXEMPTIONS AS OF JANUARY 1, 2017**

| DESCRIPTION | FULL VALUE | COMPUTED TAX |
|---|---|---|
| LAND | 193,858 | |
| IMPROVEMENTS - BUILDING | 115,559 | |
| TOTAL VALUES: | 309,417 | 3,752.48 |
| TOTAL NET TAXABLE VALUE: | 309,417 | 3,752.48 |



| PARCEL NO. (APN) | TAX RATE AREA | 1st INSTALLMENT DUE 11/1/17 | | 2nd INSTALLMENT DUE 2/1/18 | | TO PAY BOTH INSTALLMENTS BY 12/11/17 |
|---|---|---|---|---|---|---|
| 937-630-53 | 04-007 | $1,876.24 | + | $1,876.24 | = | $3,752.48 |

## IMPORTANT INFORMATION

If you sold this property or no longer own it, you can disregard this bill. Property taxes are the responsibility of the _new owner_. Contact the Office of the Assessor at (714) 834-2727 regarding ownership changes.

LOCATED ON AP 178-771-03

**VOTER APPROVED TAXES AND SPECIAL ASSESSMENTS**

| SERVICE AGENCY | RATE | VALUE | TAXES |
|---|---|---|---|
| BASIC LEVY RATE | 1.00000 | 309,417 | 3,094.16 |
| COAST COMM COLLEGE DIST | .03145 | 309,417 | 97.31 |
| OCEAN VIEW SD 2016, SR 2017A | .02703 | 309,417 | 83.63 |
| HUNTINGTON BCH UNION HS | .02403 | 309,417 | 74.35 |
| HUNTINGTON BEACH EMPLOYEE RETIREME | .01500 | 309,417 | 46.42 |
| METRO WATER D-MWDOC | .00350 | 309,417 | 10.83 |
| | | PHONE NO. | |
| SPECIAL ASSESSMENT CHARGES | | | |
| MOSQ,FIRE ANT ASSMT | | (800)273-5167 | 4.03 |
| VECTOR CONTROL CHG | | (800)273-5167 | 0.67 |
| MWD WATER STDBY CHG | | (866)807-6864 | 10.08 |
| OCSD SEWER USER FEE | | (714)593-7281 | 331.00 |
| TOTAL CHARGED | 1.10101 | | 3,752.48 |

FOR DETAILS OF TAX TYPES, VISIT OUR WEBSITE AT OCGOV.COM/OCTAXBILL

THERE WILL BE A $26.00 FEE FOR EACH PAYMENT RETURNED UNPAID BY YOUR BANK FOR ANY REASON
RETAIN TOP PORTION FOR YOUR RECORDS - IF PAYING BY CHECK, YOUR CANCELLED CHECK IS YOUR RECEIPT OR PAY ONLINE AND RECEIVE AN EMAILED RECEIPT

F024-653 (2017)

# BS-INVESTORS - HB GABLES

c/o Triage Management Inc | 949.250.0700
1340 Reynolds Ave, Ste 116
Irvine, CA 92614

**Statement**

| | |
|---|---|
| Account: | ghb - 053 - 053gal |
| Date: | 06/19/17 |
| Payment: | _____ |

Jamie Gallian
4476 Alderport Drive
Huntington Beach, CA  92649

JUL-SEP 2017 3RD QTR GROUND RENT
DELINQUENT IF NOT RECEIVED BY JULY 10, 2017

| Date | Description | Charges | Payments | Balance |
|---|---|---|---|---|
| | Balance Forward | | | -2,144.73 |
| 07/01/17 | Ground Rent (07/2017) | 2,144.73 | | 0.00 |

The terms of your Condominium Sublease require that your quarterly ground rent payments be kept current to avoid default on your Sublease.

Your account becomes delinquent after the 10th day of the first month of the quarter. Delinquent accounts will be subject to a late fee, interest, and if applicable, collection costs and legal fees.

Delinquent accounts will be handled as follows: A SIXTY DAY NOTICE TO PAY OR QUIT will be served at your property and copies sent to all lenders of record. If you are served and fail to pay the amount demanded in the Notice (plus interest, fees and costs) or to vacate and deliver the premises to the person or entity identified in the Notice within sixty (60) days of service of the Notice upon you, our attorney will commence legal proceedings against you to (1) declare a forfeiture of the Sublease; (2) recover possession of the Premises; (3) recover the rent/costs demanded therein, (4) recover damages for each day that you occupy the Premises after the Notice, plus any additional costs or legal fees.

We have included a remittance invoice and return envelope for your convenience. Please make your check payable to:        **BS INVESTORS-GABLES HB**

Thank you
Triage Management

| Current | 30 Days | 60 Days | 90 Days | Amount Due |
|---|---|---|---|---|
| 0.00 | 0.00 | -2,144.73 | 0.00 | 0.00 |

## BS INVESTORS - HB GABLES

c/o Triage Management Inc | 949.250.0700
1340 Reynolds Ave, Ste 116
Irvine, CA 92614

**Statement**

Account:    ghb - 053 - 053gal

Date:    09/14/17

Jamie Gallian
**4476 Alderport Drive**
**Huntington Beach, CA   92649**

Payment:    _____

· 4th QTR - Oct-Dec 2017
DELINQUENT IF NOT RECEIVED BY 10/10/2017

| Date | Description | Charges | Payments | Balance |
|------|-------------|---------|----------|---------|
| | Balance Forward | | | 0.00 |
| 10/01/17 | Ground Rent (10/2017) | 2,144.73 | | 2,144.73 |

The terms of your Condominium Sublease require that your quarterly ground rent payments be kept current to avoid default on your Sublease.

Your account becomes delinquent after the 10th day of the first month of the quarter. Delinquent accounts will be subject to a late fee, interest, and if applicable, collection costs and legal fees.

Delinquent accounts will be handled as follows: A SIXTY DAY NOTICE TO PAY OR QUIT will be served at your property and copies sent to all lenders of record. If you are served and fail to pay the amount demanded in the Notice (plus interest, fees and costs) or to vacate and deliver the premises to the person or entity identified in the Notice within sixty (60) days of service of the Notice upon you, our attorney will commence legal proceedings against you to (1) declare a forfeiture of the Sublease; (2) recover possession of the Premises; (3) recover the rent/costs demanded therein, (4) recover damages for each day that you occupy the Premises after the Notice, plus any additional costs or legal fees.

We have included a remittance invoice and return envelope for your convenience. Please make your check payable to:    **BS INVESTORS-GABLES HB**

Thank you
Triage Management

| Current | 30 Days | | | 60 Days | 90 Days | Amount Due |
|---------|---------|--|--|---------|---------|------------|
| 0.00 | 0.00 | | | 0.00 | 0.00 | 2,144.73 |

Case 8:21-bk-11710-SC    Doc 253    Filed 10/21/22    Entered 10/21/22 11:16:39    Desc
Case 8:21-bk-11710-SC    Main Document    Page 225 of 260    Entered 10/07/22 17:24:54    Desc
Case 8:21-bk-11710-SC    Main Document    Filed 07/22/22    Page 216 of 260    Entered 07/22/22 16:42:54    Desc
Part 2 - Amended Motion    Page 231 of 258

# BS INVESTORS - HB GABLES

c/o Triage Management Inc | 949.250.0700
1340 Reynolds Ave, Ste 116
Irvine, CA 92614

**Statement**

| | |
|---|---|
| Account: | ghb - 053 - 053gal |
| Date: | 12/18/17 |
| Payment: | _____ |

**Jamie Gallian**
**4476 Alderport Drive**
**Huntington Beach, CA  92649**

. 1st QTR Jan-Mar 2018
Delinquent if not received by January 10, 2018

| Date | Description | Charges | Payments | Balance |
|---|---|---|---|---|
| | Balance Forward | | | 0.00 |
| 01/01/18 | Ground Rent (01/2018) | 2,211.22 | | 2,211.22 |

1st QUARTER 2018 GROUND RENT ($2,144.73 + $66.49 CPI INCREASE)
TOTAL = $2,211.22

ENCLOSURES:

(1)  Schedule entitled "Calculation of Rent Increase 1/1/2018" (see reverse side)
(2)  U.S. Department of Labor, Bureau of Labor Statistics Consumer Price Index
(3)  Excerpt from First Amendment to Condominium Sublease

The terms of your Condominium Sublease require that your quarterly ground rent payments be kept current to avoid default on your Sublease.

Your account becomes delinquent after the 10th day of the first month of the quarter. Delinquent accounts will be subject to a late fee, interest, and if applicable, collection costs and legal fees.

Delinquent accounts will be handled as follows: A SIXTY DAY NOTICE TO PAY OR QUIT will be served at your property and copies sent to all lenders of record. If you are served and fail to pay the amount demanded in the Notice (plus interest, fees and costs) or to vacate and deliver the premises to the person or entity identified in the Notice within sixty (60) days of service of the Notice upon you, our attorney will commence legal proceedings against you to (1) declare a forfeiture of the Sublease; (2) recover possession of the Premises; (3) recover the rent/costs demanded therein, (4) recover damages for each day that you occupy the Premises after the Notice, plus any additional costs or legal fees.

We have included a remittance invoice and return envelope for your convenience. Please make your check payable to:    **BS INVESTORS-GABLES HB**

Thank you and Happy Holidays from
Triage Management

| Current | 30 Days | | | 60 Days | 90 Days | Amount Due |
|---|---|---|---|---|---|---|
| 0.00 | 0.00 | | | 0.00 | 0.00 | 2,211.22 |

# BS INVESTORS - HB GABLES

c/o Triage Management Inc | 949.250.0700
1340 Reynolds Ave, Ste 116
Irvine, CA 92614

**Statement**

Account:    ghb - 053 - 053gal

Date:    03/15/18

**Jamie Gallian**
**4476 Alderport Drive**
**Huntington Beach, CA  92649**

Payment:    _____

2nd QTR Apr-Jun 2018
Delinquent if not received by April 10, 2018

| Date | Description | Charges | Payments | Balance |
|------|-------------|---------|----------|---------|
| | Balance Forward | | | 0.00 |
| 04/01/18 | Ground Rent (04/2018) | 2,211.22 | | 2,211.22 |

The terms of your Condominium Sublease require that your quarterly ground rent payments be kept current to avoid default on your Sublease.

Your account becomes delinquent after the 10th day of the first month of the quarter.  Delinquent accounts will be subject to a late fee, interest, and if applicable, collection costs and legal fees.

Delinquent accounts will be handled as follows: A SIXTY DAY NOTICE TO PAY OR QUIT will be served at your property and copies sent to all lenders of record. If you are served and fail to pay the amount demanded in the Notice (plus interest, fees and costs) or to vacate and deliver the premises to the person or entity identified in the Notice within sixty (60) days of service of the Notice upon you, our attorney will commence legal proceedings against you to (1) declare a forfeiture of the Sublease; (2) recover possession of the Premises; (3) recover the rent/costs demanded therein, (4) recover damages for each day that you occupy the Premises after the Notice, plus any additional costs or legal fees.

We have included a remittance invoice and return envelope for your convenience. Please make your check payable to:        **BS INVESTORS-GABLES HB**

Thank you
Triage Management

| Current | 30 Days | | 60 Days | 90 Days | Amount Due |
|---------|---------|--|---------|---------|------------|
| 0.00 | 0.00 | | 0.00  . | 0.00 | 2,211.22 |

Case 8:21-bk-11710-SC   Doc 253   Filed 10/21/22   Entered 10/21/22 11:16:39   Desc
Case 8:21-bk-11710-SC   Main Document   Page 222 of 260 10/07/22 17:24:54   Desc
Case 8:21-bk-11710-SC   Main Document   Page 218 of 260 07/22/22 16:42:54   Desc
Part 2 - Amended Motion   Page 233 of 258

# ~~BS~~ INVESTORS - HB GABLES

c/o Triage Management Inc | 949.250.0700
1340 Reynolds Ave, Ste 116
Irvine, CA 92614

**Statement**

Account:  ghb - 053 - 053gal

Date:  06/15/18

**Jamie Gallian**
**4476 Alderport Drive**
**Huntington Beach, CA  92649**

Payment:  _____

Jul-Sep 2018 Quarterly Ground Rent
Delinquent if not received by July 10, 2018

| Date | Description | Charges | Payments | Balance |
|------|-------------|---------|----------|---------|
| | Balance Forward | | | -0.78 |
| 07/01/18 | Ground Rent (07/2018) | 2,211.22 | | 2,210.44 |

The terms of your Condominium Sublease require that your quarterly ground rent payments be kept current to avoid default on your Sublease.

Your account becomes delinquent after the 10th day of the first month of the quarter. Delinquent accounts will be subject to a late fee, interest, and if applicable, collection costs and legal fees.

Delinquent accounts will be handled as follows: A SIXTY DAY NOTICE TO PAY OR QUIT will be served at your property and copies sent to all lenders of record. If you are served and fail to pay the amount demanded in the Notice (plus interest, fees and costs) or to vacate and deliver the premises to the person or entity identified in the Notice within sixty (60) days of service of the Notice upon you, our attorney will commence legal proceedings against you to (1) declare a forfeiture of the Sublease; (2) recover possession of the Premises; (3) recover the rent/costs demanded therein, (4) recover damages for each day that you occupy the Premises after the Notice, plus any additional costs or legal fees.

We have included a remittance invoice and return envelope for your convenience. Please make your check payable to:     **BS INVESTORS-GABLES HB**

Thank you
Triage Management

| Current | 30 Days | | 60 Days | 90 Days | Amount Due |
|---------|---------|--|---------|---------|------------|
| 0.00 | 0.00 | | 0.00 | 0.00 | 2,210.44 |

Case 8:21-bk-11710-SC   Doc 253   Filed 10/21/22   Entered 10/21/22 11:16:39   Desc
Case 8:21-bk-11710-SC   Main Document   Filed 10/07/22   Page 223 of 260 10/07/22 17:24:54   Desc
Case 8:21-bk-11710-SC   Main Document   Filed 07/22/22   Page 219 of 260 07/22/22 16:42:54   Desc
Part 2 - Amended Motion   Page 234 of 258

# BS INVESTORS - HB GABLES

c/o Triage Management Inc | 949.250.0700
1340 Reynolds Ave, Ste 116
Irvine, CA 92614

**Statement**

| | |
|---|---|
| Account: | ghb - 053 - 053gal |
| Date: | 09/15/18 |
| Payment: | _____ |

**Jamie Gallian**
**4476 Alderport Drive**
**Huntington Beach, CA  92649**

Oct-Dec 2018 Quarterly Ground Rent
Delinquent if not received by Oct 10, 2018

| Date | Description | Charges | Payments | Balance |
|---|---|---|---|---|
| | Balance Forward | | | 0.00 |
| 10/01/18 | Ground Rent (10/2018) | 2,211.22 | | 2,211.22 |

The terms of your Condominium Sublease require that your quarterly ground rent payments be kept current to avoid default on your Sublease.

Your account becomes delinquent after the 10th day of the first month of the quarter. Delinquent accounts will be subject to a late fee, interest, and if applicable, collection costs and legal fees.

Delinquent accounts will be handled as follows: A SIXTY DAY NOTICE TO PAY OR QUIT will be served at your property and copies sent to all lenders of record. If you are served and fail to pay the amount demanded in the Notice (plus interest, fees and costs) or to vacate and deliver the premises to the person or entity identified in the Notice within sixty (60) days of service of the Notice upon you, our attorney will commence legal proceedings against you to (1) declare a forfeiture of the Sublease; (2) recover possession of the Premises; (3) recover the rent/costs demanded therein, (4) recover damages for each day that you occupy the Premises after the Notice, plus any additional costs or legal fees.

We have included a remittance invoice and return envelope for your convenience. Please make your check payable to:   **BS INVESTORS-GABLES HB**

Thank you
Triage Management

| Current | 30 Days | | 60 Days | 90 Days | Amount Due |
|---|---|---|---|---|---|
| 0.00 | 0.00 | | 0.00 | 0.00 | 2,211.22 |

# Title Chain & Lien Report

**4476 Alderport Dr #53, Huntington Beach, CA 92649-2288**

APN: 937-630-53

Orange County Data as of: 07/14/2020

| Search Start Date: | 01/01/1967 | Start Date: | 01/01/1967 |
| Search End Date: | 08/03/2020 | End Date: | 08/03/2020 |

| Date | Type | Grantor | Grantee | Document # | Doc Ref. |
|---|---|---|---|---|---|
| 11/07/1980 | Plat, County Miscellaneous Plat | Houser Bros | Warmington Robert | 13824.1253 | |
| 11/07/1980 | Plat, County Miscellaneous Plat | Warmington Robert | Robert P Warmington | 13824.1256 | |
| 11/07/1980 | Lease | Houser Bros | Warmington Robert | 13824.1259 | 121726 |
| 03/22/1983 | Assignment Of Lease Or Sublease | Turner John F | Cal State | 1983.121726 | |
| 11/07/1980 | Lease | Warmington Robert | Turner John F | 13824.1274 | 331538 |
| 05/22/2007 | Assignment Of Lease Or Sublease | Walther Virginia | Rider Larry W | 2007.331538 | |
| 11/07/1980 | Deed | Robert P Warmington | Warmington Robert | 13824.1291 | |
| 11/07/1980 | Deed | Robert P Warmington | Turner John F | 13824.1294 | |
| 11/07/1980 | Deed Of Trust | Turner John F | 4476 Alderport | 13824.1299 | 160268 |
| 04/18/1983 | Assignment | | | 1983.160268 | |
| 11/07/1980 | Plat, County Miscellaneous Plat | Houser Bros | Warmington Robert | 13824.1306 | |
| 11/07/1980 | Plat, County Miscellaneous Plat | Warmington Robert | Robert P Warmington | 13824.1309 | |
| 01/25/1982 | Lien | Turner John F | | 1982.28038 | 229508 |
| 04/27/1987 | Release | Turner John F | | 1987.229508 | |
| 03/22/1983 | Deed Of Trust | Turner John F | Cal State | 1983.121725 | 158849 |
| 04/15/1983 | Request For Notice | | | 1983.158849 | |
| 09/15/1986 | Assignment | | | 1986.422792 | |
| 02/03/1987 | Office Information, (Additional Document Information) | Ticor | | N/A | |
| 04/23/1987 | Deed Of Trust | Turner John F | Mercury Sav | 1987.223072 | 452800 |
| 08/22/1991 | Assignment | | | 1991.452800 | |
| 04/27/1987 | Substitution Of Trustee | | | 1987.229509 | |
| 04/27/1987 | Reconveyance | | | 1987.229510 | |
| 04/27/1987 | Assignment | Cal State | Turner John F | 1987.229511 | |
| 08/20/1987 | Reconveyance | | | 1987.473448 | |
| 09/24/1998 | Assignment Of Lease Or Sublease | G HB Investors | Wertin Trust | 1998.644009 | |
| 09/24/1998 | Assignment Of Lease Or Sublease | Wertin Trust | Brief Trust | 1998.644010 | |
| 07/23/1999 | Assignment Of Lease Or Sublease | Ghb Investors & | BS Investors LLC | 1999.542301 | |



© 2020 FIRST AMERICAN DATA TREE AND/OR ITS AFFILIATES. ALL RIGHTS RESERVED.

PAGE 1 OF 4

**RECORDING REQUESTED BY:**

Mr. Randy Nickel
4476 Alderport Drive
Huntington Beach, CA 92649

**MAIL TAX STATEMENTS TO:**

Mr. Randy Nickel
4476 Alderport Drive.
Huntington Beach, CA 92649

Lease from Present to 2059

---

Recorded in Official Records, Orange County
Hugh Nguyen, Clerk-Recorder

96.00

* $R 0 0 1 0 4 4 6 0 2 6 $ *

2018000395579 2:35 pm 10/31/18

227 415 A34    5

0.00 0.00 0.00 0.00 12.00 0.00 0.000.0075.00 3.00

**TITLE OF DOCUMENT:**    **ASSIGNMENT OF CONDOMINIUM SUBLEASE**

**WHEN RECORDED MAIL TO:**
**(Assignee's Name & Address)**
**MR. RANDALL L. NICKEL**
**4476 ALDERPORT DRIVE**
**HUNTINGTON BEACH, CA 92649**

**Mail tax statements to:**
**MR. RANDALL L NICKEL**
**4476 ALDERPORT DRIVE**
**HUNTINGTON BEACH, CA 92649**

---

(Space Above this Line for Recorder's Use)

## ASSIGNMENT OF GROUND LEASE & CONDOMINIUM SUBLEASE

No Consideration. Term of Lease Less Than 99 years.

**WHEREAS**
**HOUSER BROS. CO., a limited partnership, as Landlord and ROBERT P. WARMINGTON, as Tenant,** entered into that certain **GROUND LEASE** also known as the **MASTER LEASE dated October 19, 1979,** a Short Form Memorandum recorded in the Office of the Orange County, California Clerk Recorder in Book 13424, Page 499 inclusive.

**WHEREAS**
**HOUSER BROS. CO., a limited partnership, as Landlord and ROBERT P. WARMINGTON, as Tenant,** entered into a **PARTIAL CANCELLATION OF MASTER LEASE dated November 7, 1980** for that certain **MASTER LEASE dated October 19, 1979;** recorded in the Office of the Orange County, California Clerk Recorder in Book 13424, Pg(s) 1253-1255, **Instrument No. 8691.**

**WHEREAS**
**HOUSER BROS. CO., a limited partnership, as Landlord and ROBERT P. WARMINGTON, as Tenant,** entered into that certain **SUBLEASE dated October 19, 1979,** a Short Form Memorandum recorded in the Office of the Orange County, California Clerk Recorder in Book 13424, Page 504, inclusive, with respect to those portions of Lots 1 and 2 of Tract No. 10542 in the City of Huntington Beach, California as shown on Miscellaneous Map(s) recorded in Book 456, Page(s) 49 and 50, in the Office of the Orange County, California Clerk Recorder.

**WHEREAS**
**HOUSER BROS. CO., a limited partnership, as Landlord and ROBERT P. WARMINGTON, as Tenant,** entered into a **PARTIAL CANCELLATION OF SUBLEASE dated October 19, 1979;** for that certain SUBLEASE dated November 7, 1980, a Short Form Memorandum recorded in the Office of the Orange County, California Clerk Recorder in Book 13824, Pg(s) 1256-1258, with respect to those portions of Lots 1 and 2 of Tract No. 10542 in the City of Huntington Beach, California recorded in Book 456, Page(s) 49 and 50 of Miscellaneous Maps, in the Office of the Orange County, California Clerk Recorder, **Instrument No. 8692;**

**WHEREAS**
For valuable consideration, receipt of which is hereby acknowledged, the undersigned **JAMIEL GALLIAN, hereby transfers and assigns to RANDALL L NICKEL, a married man, as his sole and separate property** all right, title and interest of the undersigned, as Tenant, in and under that certain **MASTER LEASE/ Ground Lease, dated November 7, 1980,** recorded in the Office of the Orange County, California Clerk Recorder in Book 13824, Pg(s) 1259-1273, **Instrument No. 8693;**

Case 8:21-bk-11710-SC   Doc 253   Filed 10/21/22   Entered 10/21/22 11:16:39   Desc
Case 8:21-bk-11710-SC   Main Document   Page 227 of 260   Entered 10/07/22 17:24:54   Desc
Case 8:21-bk-11710-SC   Main Document   Page 223 of 260   Filed 07/07/22 16:42:54   Desc
Part 2 - Amended Motion   Page 238 of 258

**JAMIE L GALLIAN**, hereby transfers and assigns to **RANDALL L NICKEL, a married man, as his sole and separate property,** all right, title and interest of the undersigned, as Tenant, in and under that certain **CONDOMINIUM SUBLEASE, dated August 1, 1980,** by and between ROBERT P. WARMINGTON, as Landlord, and **JOHN F. TURNER AND VIRGINIA H. TURNER, HUSBAND AND WIFE AS JOINT TENANT,** recorded on November 7, 1980, Office of the Orange County, California Clerk Recorder in Book 13824, Pg(s) 1274-1290, **\*\*Instrument No. 8694;**

As amended by the **FIRST AMENDMENT TO CONDOMINIUM SUBLEASE** effective January 1, 2003, recorded in the Office of the Orange County, California Clerk Recorder as Document No. 2003-001044770 on August 28, 2003.

**JAMIE L GALLIAN**, hereby transfers and assigns to **RANDALL L NICKEL, a married man, as his sole and separate property** all right, title and interest of the undersigned, as Tenant, in and under that certain **CONVEYANCE OF REMAINDER INTEREST, dated November 7, 1980,** recorded in the Office of the Orange County, California Clerk Recorder in Book 13824, Pg(s) 1291-1293, **\*\*Instrument No. 8695;**

**JAMIE L GALLIAN**, hereby transfers and assigns to **RANDALL L NICKEL, a married man, as his sole and separate property,** all right, title and interest of the undersigned, as Tenant, in and under that certain **CONDOMINIUM SUBLEASE (SHORT FORM – MEMORANDUM AND GRANT DEED, dated November 7, 1980,** recorded in the Office of the Orange County, California Clerk Recorder in Book 13824, Pg(s) 1294-1298, **\*\*Instrument No. 8696.**

DATED: ___10/31/18___                        _____

                                                       ASSIGNOR JAMIE L GALLIAN


STATE OF CALIFORNIA        )
                                         ) ss.
COUNTY OF ORANGE

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

On ___10/31/2018___, before me, ___Paul Dyer, Notary Public___

Personally appeared ___Jamie L Gallian___

Who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that she executed the same in her authorized capacity, and that by her signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

```
PAUL DYER
Notary Public – California
Riverside County
Commission # 2211938
My Comm. Expires Aug 28, 2021
```

_____                        (This space for Notary Seal)

Signature of Notary Public

2

## ASSIGNMENT OF CONDOMINIUM SUBLEASE
### ACCEPTANCE AND AGREEMENT

The undersigned Assignee named in the foregoing Assignment hereby Accepts said Assignment and hereby agrees with for the benefit of the Master Lessor, Sublessor/Landlord, Tenant and under the Original Condominium Sublease commonly referred to throughout this document as "Condominium Sublease", described in said Assignment, to keep, perform and be bound by all the terms, covenants and conditions contained in said Condominium Sublease and as amended by the First Amendment to Condominium Sublease on the part of the Master Lessor, Sublessor/Landlord and Condominium Sublease Tenant therein to be kept and performed, to all intents and purposes as though the undersigned Assignee was the Original Condominium Sublease Tenant there under.

Assignee agrees to pay Sublessor/Landlord a late fee equal to 6% of any rent or other payment due under the Condominium Sublease, which is not received by Sublessor/Landlord within ten (10) days of its due date. Said late fee is in addition to the interest due on unpaid installment indebtedness of 10% as provided in Article 17(A) of the Condominium Sublease. The undersigned Assignee agrees to pay attorneys fees and costs incurred by Landlord to collect rent or other payment under the Condominium Sublease or to otherwise enforce Sublessor/Landlord rights under the Condominium Sublease.

DATED: _10·31·18_                     _____
                                      ASSIGNEE RANDALL L NICKEL

STATE OF CALIFORNIA        )
                           ) ss.
COUNTY OF ORANGE
A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

On _10/31/2018_ before me, _Paul Dyer, Notary Public_ ,
Personally appeared _Randall L Nickel_ ,

Who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his authorized capacity, and that by his signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

                                                    PAUL DYER
                                              Notary Public - California
                                                 Riverside County
                                              Commission # 2211938
                                           My Comm. Expires Aug 28, 2021

_____                    (This space for Notary Seal)
Signature of Notary Public

3

Case 8:21-bk-11710-SC   Doc 253   Filed 10/21/22   Entered 10/21/22 11:16:39   Desc
Case 8:21-bk-11710-SC   Main Document   Page 229 of 260   Entered 10/07/22 17:24:54   Desc
Case 8:21-bk-11710-SC   Main Document   Page 225 of 260   Entered 07/22/22 16:42:54   Desc
Part 2 - Amended Motion    Page 240 of 258

# EXHIBIT A (LEGAL)

The estate or interest in the land described:

A Ground leasehold and Condominium Sublease hold estate as to Parcels 1 and 2, said estate being more particularly described as the Lessees' interest under that certain Ground Lease set forth in subparagraph (A) herein below:

(A)     That certain Ground Lease dated August 1, 1980, executed by Houser Bros. Co, A Limited Partnership organized under the Laws of the State of California, in which Clifford C. Houser and Vernon F. Houser constitute the sole General Partners, as Landlord, and by Robert P. Warmington, as Tenant, for the term ending December 31, 2059. Upon the Terms, Covenants and Conditions therein contained, recorded as follows in Official Records of said Orange County:   **Book 13824 Page 1259-1273**
        **APN: 937-63-053, Unit 53.**

(B)     That certain Condominium Sublease dated August 1, 1980, executed by Robert P. Warmington, as Sub-lessor and John F. Turner and Virginia H. Turner (Original Sublessee) for the term ending December 31, 2059. Upon the Terms, Covenants and Conditions therein contained, recorded as follows in Official Records of said Orange County: **Book 13824 Page 1274-1290**
        **APN: 937-63-053, Unit 53.**

All that certain land interest situated in the State of California, County of Orange and is described as follows:

Parcel   1:
Unit 53 as shown and defined on a Condominium Plan (the **"Condominium Plan"**) recorded in Book 13358 Page(s) 1193, et seq., Official Records of Orange County, California, excepting that portion consisting of buildings and other improvements;

Parcel   2:
An undivided one-eightieth (1/80th) interest as Tenants in Common in the Common Area of Lots 1 and 2 Tract No. 10542, in the City of Huntington Beach, County of Orange, State of California as shown on a map recorded in Book 456, Page(s) 49 and 50 of Miscellaneous Map, records of Orange County, California, as shown on the Condominium Plan, excepting that portion consisting of buildings and other improvements.

Except there from all minerals, oil, gas and other hydrocarbon substances lying below a depth of 500 feet below the surface of said Land without the right of surface entry above the depth of 500 feet from the surface, as reserved in deeds of record.

Parcel   3:
Those portions of Unit 53, building 14, inclusive, as shown and defined on the Condominium Plan, Consisting of buildings and other improvements.

Parcel   4:
An undivided one-eightieth (1/80th) interest as Tenants in Common, in and to those portions of the Common Area as shown and defined on the Condominium Plan, consisting of buildings or other improvements.

Parcel   5:
An easement for the exclusive use and occupancy of those portions of the restricted Common Area, as defined on said Condominium Plan for ground level entry, courtyard entry, staircases, garages, and attic space relating to said units.

Parcel   6:
A non-exclusive easement and right to use the Common Area as defined on said Condominium Plan, except the restricted Common Area(s).

4

Case 8:21-bk-11710-SC    Doc 253    Filed 10/21/22    Entered 10/21/22 11:16:39    Desc
Case 8:21-bk-11710-SC    Main Document    Page 230 of 260    Entered 10/07/22 17:24:54    Desc
Case 8:21-bk-11710-SC    Main Document    Page 226 of 260    Entered 07/22/22 16:42:54    Desc
Part 2 - Amended Motion    Page 241 of 258

Order No. 210-2010875-15



# Orange Coast Title Company of Southern California - Inland Empire Division

1845 Business Center Drive, Suite 218
San Bernardino, CA 92408
909-825-8800

## PRELIMINARY REPORT

Mellor Law Firm
6800 Indiana Ave Suite 222
Riverside, CA 92506

| | | | |
|---|---|---|---|
| **Attention:** | Judy Taylor | **Your no.:** | 4476 |
| **Property address:** | 4476 Alderport, #53, Huntington Beach, CA 92649 | **Order no.:** | 210-2010875-15 |
| **Dated:** | June 5, 2019 | | |

In response to the above referenced application for a policy of title insurance, **Orange Coast Title Company of Southern California - Inland Empire Division** hereby reports that it is prepared to issue, or cause to be issued, as of the date hereof, a Policy or Policies of Title Insurance describing the land and the estate or interest therein hereinafter set forth, insuring against loss which may be sustained by reason of any defect, lien or encumbrance not shown or referred to as an Exception below or not excluded from coverage pursuant to the printed Schedules, Conditions and Stipulations of said Policy forms.

The printed Exceptions and Exclusions from the coverage and Limitations on Covered Risks of said policy or policies are set forth in Exhibit B attached. The policy to be issued may contain an arbitration clause. When the Amount of Insurance is less than that set forth in the arbitration clause, all arbitrable matters shall be arbitrated at the option of either the Company or the Insured as the exclusive remedy of the parties. Limitations on Covered Risks applicable to the CLTA and ALTA Homeowner's Policies of Title Insurance which establish a Deductible Amount and a Maximum Dollar Limit of Liability for certain coverages are also set forth in Exhibit B. Copies of the policy forms should be read. They are available from the office which issued this report.

**Please read the exceptions shown or referred to below and the exceptions and exclusions set forth in Exhibit B of this report carefully. The exceptions and exclusions are meant to provide you with notice of matters, which are not covered under the terms of the title insurance policy and should be carefully considered.**

**It is important to note that this preliminary report is not a written representation as the condition of title and may not list all liens, defects, and encumbrances affecting title to the land.**

This report (and any supplements or amendments hereto) is issued solely for the purpose of facilitating the issuance of a policy of title insurance and no liability is assumed hereby. If it is desired that liability be assumed prior to the issuance of a policy of title insurance, a Binder or Commitment should be requested.

Dated as of May 22, 2019 at 7:30 AM

Greg Gullotta, Title Officer
Ph: 909-825-8800
Email: unit15@octitle.com

Order No. 210-2010875-15

**The form of policy of title insurance contemplated by this report is:**

A.L.T.A Homeowner's Policy (2/03/10) and A.L.T.A. Loan Policy (06-17-06)

**The Policy of Title Insurance, if issued, will be underwritten by:** Real Advantage Title Insurance Company, a subsidiary of Orange Coast Title Company. See attached disclosure.
**NOTE: The premium for a policy of Title Insurance, if issued, will be based on:**

A liability of    TBD    Subject to any filed rate increases and/or changes in the liability.

## Schedule "A"

**The estate or interest in the land hereinafter described or referred to covered by this report is:**

A Condominium Leasehold Estate as created by that certain lease, upon and subject to the terms, covenants and provisions therein provided, recorded November 7, 1980 in Book 13824 Page 1274, Official Records.
Dated:    August 1, 1980
Term:    years ending December 31, 2059.
Lessor:    Robert P. Warmington, an individual
Lessee:    John F. Turner and Virginia H. Turner, husband and wife as joint tenants

An Assignment of said Condominium Sublease was recorded October 31, 2018 as Instrument No. 2018-0395579 Official Records

**Title to said estate or interest at the date hereof is vested in:**

Randall L. Nickel, a married man, as his sole and separate property

**The land referred to in this report is situated in the City of Huntington Beach, the County of Orange, State of California, and is described as follows:**

A Condominium Leasehold Estate as created by that certain lease, upon and subject to the terms, covenants and provisions therein provided, recorded November 7, 1980 in Book 13824 Page 1274, Official Records.
Dated:    August 1, 1980
Term:    years ending December 31, 2059.
Lessor:    Robert P. Warmington, an individual
Lessee:    John F. Turner and Virginia H. Turner, husband and wife as joint tenants

An Assignment of said Condominium Sublease was recorded October 31, 2018 as Instrument No. 2018-0395579 Official Records.

Parcel 1:

Unit 53 as shown and defined on a Condominium Plan (the "Condominium Plan") recorded in Book 13358 Page(s) 1193, et seq., Official Records of Orange County, California, excepting that portion consisting of buildings and other improvements;

Parcel 2:

An undivided one-eightieth (1/80th) interest as tenants in common in the common area of Lots 1 and 2 Tract No. 10542, in the City of Huntington Beach, County of Orange, State of California as shown on a Map recorded in Book 456, Page(s) 49 and 50 of Miscellaneous Maps, Records of Orange County, California, as shown on the Condominium Plan, excepting that portion consisting of buildings and other improvements.
Except there from all minerals, oil, gas and other hydrocarbon substances lying below a depth of 500 feet below the surface of said land without the right of surface entry above the depth of 500 feet from the surface, as reserved in Deeds of Record.

Page 2

Case 8:21-bk-11710-SC    Doc 253    Filed 10/21/22    Entered 10/21/22 11:16:39    Desc
Case 8:21-bk-11710-SC    Main Document    Page 232 of 260    Entered 10/07/22 17:24:54    Desc
Case 8:21-bk-11710-SC    Main Document    Page 228 of 260    Entered 07/22/22 16:42:54    Desc
Part 2 - Amended Motion    Page 243 of 258

Order No. 210-2010875-15

Parcel 3:

Those portions of Unit 53, Building 14, inclusive, as shown and defined on the Condominium Plan, consisting of buildings and other improvements.

Parcel 4:

An undivided one-eightieth (1/80th) interest as Tenants in Common, in and to those portions of the Common Area as shown and defined on the Condominium Plan, consisting of buildings or other improvements.

Parcel 5:

An easement for the exclusive use and occupancy of those portions of the restricted Common Area, as defined on said Condominium Plan for ground level entry, courtyard entry, staircases, garages, and attic space relating to said units.

Parcel 6:

A non-exclusive easement and right to use the Common Area as defined on said Condominium Plan, except the restricted Common Area(s).

Assessor's Parcel Numbers(s): 937-630-53

Page 3

Case 8:21-bk-11710-SC    Doc 253    Filed 10/21/22    Entered 10/21/22 11:16:39    Desc
Case 8:21-bk-11710-SC    Main Document    Page 233 of 260    Entered 10/07/22 17:24:54    Desc
Case 8:21-bk-11710-SC    Main Document    Page 229 of 260    Entered 07/22/22 16:42:54    Desc
Part 2 - Amended Motion    Page 244 of 258

Order No. 210-2010875-15

## Schedule "B"

**At the date hereof exceptions to coverage in addition to the printed exceptions and exclusions contained in said policy form would be as follows:**

1    General and Special taxes for the fiscal year 2019-2020, including any assessments collected with taxes.  A lien not yet payable.

First installment due and payable 11/01/2019, delinquent if not paid by 12/10/2019
Second installment due and payable 02/01/2020, delinquent if not paid by 04/10/2020

2    General and Special taxes for the fiscal year 2018-2019, including any assessments collected with current taxes.

| | |
|---|---|
| Total amount | $3,777.01 |
| 1st installment | $1,888.51, paid with penalty |
| Penalty | $188.85 (after 12/10/2018) |
| 2nd installment | $1,888.50, paid |
| Penalty | $211.85 (after 4/10/2019) |
| Code area | 04-007 - City of Huntington Beach |
| Parcel No. | 937-630-53 |
| Exemption | $not shown |

NOTE: Taxes above mentioned have all been paid and are reported for proration purposes only.

3    Supplemental taxes including special assessments and/or personal property taxes if any, for the fiscal year 2018 - 2019.

| | |
|---|---|
| Total amount | 0.00 |
| 1st installment: | 0.00 No tax due |
| 2nd installment: | 0.00 No tax due |
| Parcel no. | 937-630-53.0100 |

4    The Lien of future supplemental taxes, if any, assessed pursuant to the provisions of section 75, et seq of the revenue and taxation code of the State of California

5    Easements for ingress and egress, parking, pipeline, drainage, sanitary sewers, public utilities, slopes and rights incidental thereto, as disclosed by instruments of record and the map of said tract, affecting only the common area shown in that certain condominium plan recorded 10/18/1979, in Book 13358 Page 1193, of Official Records.

6    Matters in an instrument which among other things may contain or make provisions for assessments and liens and the subordination thereof; provisions relating to partition; restrictions on severability of component interests; provisions for certain easements and/or encroachments; and containing covenants, conditions and restrictions which provide that a violation thereof shall not defeat or render invalid the lien of any mortgage or Deed of Trust in good faith and for value, recorded 5/28/1980, in Book 13618 Page 982, Official Records, but omitting any covenants or restrictions, if any, based upon race, color, religion, sex, handicap, familial status, or national origin unless and only to the extent that said covenant (a) is exempt under chapter 42, section 3604 of the United States code or (b) relates to handicap but does not discriminate against handicapped persons.

"NOTE: section 12955 of the government code provide the following: if this document contains any restriction based on race, color, religion, sex, familial status, marital status, disability, national origin, or ancestry, that restriction violates state and federal fair housing laws and is void, and may be removed pursuant to Section 12955 of the government code. Lawful restriction under state and federal law on the age of occupants in senior housing for older persons shall not be construed as restriction based on familial status."

Notwithstanding the mortgagee protection clause contained in the above mentioned covenants, conditions and restrictions, they provide that the liens and charges for upkeep and maintenance are subordinate only to a first mortgage.

Said instrument may provide for levying regular as well as special assessments.

An instrument declaring a modification thereof was recorded 8/5/1980, in Book 13690 Page 1091, Official Records

Order No. 210-2010875-15

7    Any assessments due the current managing Association(s).

8    A Lease of said land upon the terms, covenants and provisions therein provided
   Recorded:              10/24/1980, in Book 13803 Page 640 , Official Records.
   Dated:                8/1/1980
   Term:                 As provided therein years from 12/31/2059
   Lessor:               Houser Bros. co, a Limited Partnership
   Lessee:               Robert P. Warmington

   The present ownership of said Leasehold and other matters affecting the interest of the Lessee are not shown herein.

9    Any facts, rights, interest or claims which are not shown by the public records but which could be ascertained by making inquiry of the lessor(s) in the lease or leases described or referred to herein.

10   The effect of any failure to comply with the terms, covenants and provisions of the lease or leases described or referred to herein.

11   The requirement that The Huntington Beach Gables Homeowners Association consent to any document transferring or encumbering the estate described herein.

12   "NOTE: Please be advised that our search did not disclose any open Deeds of Trust of record. If you should have knowledge of any outstanding obligation, please contact your title officer immediately for further review".

13   A claim of lien pursuant to the terms and provisions of the declaration of covenants, conditions and restrictions affecting said land
   Recorded:              12/17/2018 as Instrument No. 2018-469842, Official Records.
   Claimant:             The Huntington Beach Gables Homeowners Association
   Amount:               $525.00

14   NOTE:  It may be necessary for the spouse of Randall L. Nickel , to join in the execution of any instrument required to convey or encumber said land.

**End of Schedule B**

Page 5

Order No. 210-2010875-15

## NOTE NO. 2

California Revenue and Taxation Code Section 18662, effective January 1, 1994 and by amendment effective January 1, 2003, provides that the buyer in all sales of California Real Estate may be required to withhold 3 and 1/3% of the total sales price as California State Income Tax, subject to the various provisions of the law as therein contained.

## NOTE NO. 3 PAYOFF INFORMATION:

Note: this company does require current beneficiary demands prior to closing.
If the demand is expired and a correct demand cannot be obtained, our requirements will be as follows:

A.     If this company accepts a verbal update on the demand, we may hold an amount equal to one monthly mortgage payment. The amount of this hold will be over and above the verbal hold the lender may have stipulated.

B.     If this company cannot obtain a verbal update on the demand, will either pay off the expired demand or wait for the amended demand, at the discretion of the escrow.

C.     In the event that a payoff is being made to a servicing agent for the beneficiary, this company will require a complete copy of the servicing agreement prior to close.

## NOTE NO. 4

If this company is requested to disburse funds in connection with this transaction, chapter 598, statutes of 1989 mandates hold periods for checks deposited to escrow or sub-escrow accounts. The mandatory hold is one business day after the day deposited. Other checks require a hold period from three to seven business days after the day deposited.

### Notice Regarding Your Deposit of Funds

California Insurance Code Sections 12413 *et. Seq.* Regulates the disbursement of escrow and sub-escrow funds by title companies. The law requires that funds be deposited in the title company escrow and sub-escrow accounts and be available for withdrawal prior to disbursement. Funds deposited with the Company by wire transfer may be disbursed upon receipt. Funds deposited with the Company via cashier's checks drawn on a California based bank may be disbursed the next business day after the day of deposit. If funds are deposited with by other methods, recording or disbursement may be delayed. All escrow and sub-escrow funds received by the Company will be deposited with other funds in one or more non-interest bearing escrow accounts of the Company in a financial institution selected by the Company. The Company and/or its parent company may receive certain direct or indirect benefits from the financial institution by reason of the deposit of such funds or the maintenance of such accounts with the financial institution, and the Company shall have no obligation to account to the depositing party in any manner for the value of, or to pay such party, any benefit received by the Company and/or its parent Company. Those benefits may include, without limitation, credits allowed by such financial institution on loans to the Company and/or its parent company and earnings on investments made on the proceeds of such loans, accounting, reporting and other services and products of such financial institution. Such benefits shall be deemed additional compensation of the Company for its services in connection with the escrow or sub-escrow.

Page 7

Case 8:21-bk-11710-SC    Doc 253    Filed 10/21/22    Entered 10/21/22 11:16:39    Desc
Case 8:21-bk-11710-SC    Main Document    Page 236 of 260    Entered 10/07/22 17:24:54    Desc
Case 8:21-bk-11710-SC    Main Document    Page 232 of 260    Entered 07/22/22 16:42:54    Desc
Part 2 - Amended Motion    Page 247 of 258

Order No. 210-2010875-15

"NOTES AND REQUIREMENTS SECTION"

ORANGE COAST TITLE COMPANY
OF SOUTHERN CALIFORNIA

NOTE NO. 1

## AFFILIATED BUSINESS ARRANGEMENT DISCLOSURE STATEMENT NOTICE

This is to give you notice that Orange Coast Title Company is a shareholder in Orange Coast Title
Company of Southern California and Orange Coast Title Company owns an interest in Real Advantage
Title Insurance Company.  This underwriter may be chosen by Orange Coast Title Company of Southern
California and this referral may provide Orange Coast Title Company a financial or other benefit.

You are NOT required to use the listed provider as a condition for settlement of your loan or purchase,
sale or refinance of the subject property and you have the opportunity to select any of the Orange Coast
Title Company of Southern California title insurance underwriters for your transaction.  THERE ARE
FREQUENTLY OTHER SETTLEMENT SERVICE PROVIDERS AVAILABLE WITH SIMILAR
SERVICES.  YOU ARE FREE TO SHOP AROUND TO DETERMINE THAT YOU ARE RECEIVING
THE BEST SERVICES AND THE BEST RATE FOR THESE SERVICES

Notes section continued on next page…

Page 6

Order No. 210-2010875-15



# Orange Coast Title Company of Southern California -
# Inland Empire Division

1845 Business Center Drive, Suite 218
San Bernardino, CA 92408
909-825-8800

Attention:
Borrower:

**Lenders supplemental report**

The above numbered report (including any supplements or amendments thereto) is hereby modified and/or supplemented in order to reflect the following additional items relating to the issuance of an American Land Title Association loan policy form as follows:

A.    This report is preparatory to this issuance of an American Land Title Association loan policy of title insurance. This report discloses nothing, which would preclude the issuance of said American land title association loan policy of title insurance with endorsement no. 100 attached thereto.

B.    The improvements on said land are designated as:

   A condominium

   4476 Alderport, #53, in the City of Huntington Beach, County of Orange, State of California.

C.    Our search of the public records revealed conveyance(s) affecting said land recorded within 24 months of the date of this report are as follows:

   None.

Page 8

Order No. 210-2010875-15

## Attention

Please note that this preliminary report now has an extra copy of the legal description on a separate sheet of paper. There are no markings on the page. The idea is to provide you with a legal description that can be attached to other documents as needed. That legal description page immediately follows this page.

Thank you for your support of **Orange Coast Title Company of Southern California - Inland Empire Division.** We hope that this makes your job a little easier.

Page 9

Case 8:21-bk-11710-SC    Doc 253    Filed 10/21/22    Entered 10/21/22 11:16:39    Desc
Case 8:21-bk-11710-SC    Main Document    Page 250 of 260    Entered 10/07/22 17:24:54    Desc
Case 8:21-bk-11710-SC    Main Document    Page 235 of 260    Entered 07/22/22 16:42:54    Desc
Part 2 - Amended Motion    Page 250 of 258

Order No. 210-2010875-15

## Exhibit "A"

A Condominium Leasehold Estate as created by that certain lease, upon and subject to the terms, covenants and provisions therein provided, recorded November 7, 1980 in Book 13824 Page 1274, Official Records.

Dated:    August 1, 1980
Term:     years ending December 31, 2059.
Lessor:   Robert P. Warmington, an individual
Lessee:   John F. Turner and Virginia H. Turner, husband and wife as joint tenants

An Assignment of said Condominium Sublease was recorded October 31, 2018 as Instrument No. 2018-0395579 Official Records.

Parcel 1:

Unit 53 as shown and defined on a Condominium Plan (the "Condominium Plan") recorded in Book 13358 Page(s) 1193, et seq., Official Records of Orange County, California, excepting that portion consisting of buildings and other improvements;

Parcel 2:

An undivided one-eightieth (1/80th) interest as tenants in common in the common area of Lots 1 and 2 Tract No. 10542, in the City of Huntington Beach, County of Orange, State of California as shown on a Map recorded in Book 456, Page(s) 49 and 50 of Miscellaneous Maps, Records of Orange County, California, as shown on the Condominium Plan, excepting that portion consisting of buildings and other improvements.

Except there from all minerals, oil, gas and other hydrocarbon substances lying below a depth of 500 feet below the surface of said land without the right of surface entry above the depth of 500 feet from the surface, as reserved in Deeds of Record.

Parcel 3:

Those portions of Unit 53, Building 14, inclusive, as shown and defined on the Condominium Plan, consisting of buildings and other improvements.

Parcel 4:

An undivided one-eightieth (1/80th) interest as Tenants in Common, in and to those portions of the Common Area as shown and defined on the Condominium Plan, consisting of buildings or other improvements.

Parcel 5:

An easement for the exclusive use and occupancy of those portions of the restricted Common Area, as defined on said Condominium Plan for ground level entry, courtyard entry, staircases, garages, and attic space relating to said units.

Parcel 6:

A non-exclusive easement and right to use the Common Area as defined on said Condominium Plan, except the restricted Common Area(s).

Page 10

**The Huntington Beach Gables
Homeowners Association**

5267 WarnerAve., #263
Huntington Beach, CA 92649

| Invoice Date | Invoice # |
|---|---|
| 8/21/2020 | 1069 |

# INVOICE

**Property:**

4476 Alderport

**Bill To:**

Jamie Gallian
4476 Alderport
Huntington Beach, CA 92649

☐ Please check box if address is incorrect or has changed, and indicate change(s) on reverse side.

**PLEASE PAY
THIS AMOUNT** ▶▶▶▶ $412,958.11

| Make checks payable to: | The Huntington Beach Gables Homeowners Assoc. 5267 Warner Ave., #263 Huntington Beach, CA 92649 |
|---|---|

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

The Huntington Beach Gables
Homeowners Association

5267 WarnerAve., #263
Huntington Beach, CA 92649

PLEASE DETACH AND RETURN TOP PORTION WITH PAYMENT

| | Due Date | Account # |
|---|---|---|
| | 9/1/2020 | 22034 |

| Transaction | Amount | Amount |
|---|---|---|
| September Assessment | 350.00 | 350.00 |

Case 8:21-bk-11710-SC   Doc 253   Filed 10/21/22   Entered 10/21/22 11:16:39   Desc
Case 8:21-bk-11710-SC   Main Document   Page 241 of 260
Case 8:21-bk-11710-SC   Doc 244   Filed 10/07/22   Entered 10/07/22 17:24:54   Desc
Main Document   Page 237 of 260
Case 8:21-bk-11710-SC   Doc 180   Filed 07/22/22   Entered 07/22/22 16:42:54   Desc
Part 2 - Amended Motion   Page 252 of 258
Case 8:21-bk-11710-ES   Doc 7   Filed 07/11/21   Entered 07/11/21 21:17:44   Desc
Imaged Certificate of Notice   Page 1 of 5

United States Bankruptcy Court

Central District of California

In re:
Jamie Lynn Gallian
    Debtor

Case No. 21-11710-ES
Chapter 7

# CERTIFICATE OF NOTICE

| | |
|---|---|
| District/off: 0973-8 | User: admin |
| Date Rcvd: Jul 09, 2021 | Form ID: 309A |

Page 1 of 2
Total Noticed: 41

The following symbols are used throughout this certificate:

| Symbol | Definition |
|---|---|
| + | Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP. |

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jul 11, 2021:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | Jamie Lynn Gallian, 16222 Monterey Ln SP #376, Huntington Beach, CA 92649-2258 |
| 40861531 | + | David R. Flyer, 4120 Birch St. Ste. 101,, Newport Beach, CA 92660-2228 |
| 40861532 | + | Feldsott & Lee, 23161 Mill Creek Drive Ste 300, Laguna Hills, CA 92653-7907 |
| 40861533 | + | Frank Satalino, 19 Velarde Ct., Rancho Santa Margarita, CA 92688-8502 |
| 40861535 | + | Gordon Rees Scully & Mansukhani, 633 W 5th Street, 52nd Floor, Los Angeles, CA 90071-2005 |
| 40861534 | + | Gordon Rees Scully & Mansukhani, 5 Park Plaza Ste. 1100, Irvine, CA 92614-8502 |
| 40861536 | + | Houser Bros. Co., DBA Rancho Del Rey Estates, 16222 Monterey Ln, Huntington Beachr CA 92649-6214 |
| 40861537 | + | Houser Bros. Co.dba Rancho Del, Rey Mobile Home Estates, 17610 Beach Blvd Ste. 32, Huntington Beach, CA 92647-6876 |
| 40861538 | + | Huntington Harbor Village, 16400 Saybrook, Huntington Beach, CA 92649-2277 |
| 40861540 | + | J-pad, LLC, 2702 N Gaff Street, Orange, CA 92865-2417 |
| 40861541 | + | James H Cosello, Casello & Lincoln., 525 N Cabrillo Park Dr. Ste 104, Santa Ana, CA 92701-5017 |
| 40861530 | + | Jamie Lynn Gallian, 16222 Monterey Ln #376, Huntington Beach, CA 92649-2258 |
| 40861543 | + | Janine Jasso, P.O. Box 370161, El Paso, TX 79937-0161 |
| 40861542 | + | Janine Jasso, c/o Gordon Rees Scully &, Mansukhani, 633 W 5th Street, 52nd Floor, Los Angeles, CA 90071-2005 |
| 40861544 | + | Jennifer Ann Paulin, c/o Gordon Rees Scully &, Mansukhani, 633 W 5th Street, 52nd Floor, Los Angeles, CA 90071-2005 |
| 40861545 | + | Kia Motors Finance, PO Box 20815, Fountain Valley, CA 92728-0815 |
| 40861546 | + | Lee S. Gragnano, c/o Gordon Rees Scully &, Mansukhani, 633 W 5th Street, 52nd Floor, Los Angeles, CA 90071-2005 |
| 40861547 | + | Linda Jean "Lindy" Beck, c/o Gordon Rees Scully &, Mansukhani, 633 W 5th Street, 52nd Floor, Los Angeles, CA 90071-2005 |
| 40861548 | + | Lisa T. Ryan, 20949 Lassen St. Apt 208, Chatsworth, CA 91311-4239 |
| 40861549 | + | Lori Ann Burrett, c/o Gordon Rees Scully &, Mansukhani, 633 W 5th Street, 52nd Floor, Los Angeles, CA 90071-2005 |
| 40861550 | | Mark A.Mellor Mellor Law Firm, c/o Randall Nickell, 6800 Indiana Ave., Riverside, CA 92506-4267 |
| 40861552 | | Michael S. Devereux, Wex Law, 9171 Wilshire Blvd. Ste. 500, Beverly Hills, CA 90210-5536 |
| 40861553 | + | Nationwide Reconveyance, LLC, c/o Feldsott & Lee, 23161 Mill Creek Drive Ste 300, Laguna Hills, CA 92653-7908 |
| 40861554 | | Orange County Tax Assessor, P.O. Box 149, Santa Ana, CA 92701 |
| 40861555 | + | Patricia Ryan, 20949 Lassen St. Apt 208, Chatsworth, CA 91311-4239 |
| 40861557 | + | People of the St of CA, 8141 13th Street, Westminster, CA 92683-4576 |
| 40861558 | + | Randall Nickel, 11619 Inwood Drive,, Riverside, CA 92503-5000 |
| 40861556 | + | Raquel Flyer-Dashner, 4120 Birch St. Ste. 101,, Newport Beach, CA 92660-2228 |
| 40861560 | + | Stanley Feldsott: Esq, Feldsott & Lee, 23161 Mill Creek Drive, Laguna Hills, CA 92653-7907 |
| 40861561 | + | Steven A. Fink, 13 Corporate Plaza Ste, 150, Newport Beach, CA 92660-7919 |
| 40861559 | + | Superior Default Services Inc, c/o Feldsott & Lee, 23161 Mill Creek Drive Ste 300, Laguna Hills, CA 92653-7908 |
| 40861563 | + | The Huntington Beach Gables, Homeowners Association, c/o Epsten Grinnell & Howell APC, 10200 Willow Creek Road, Ste 100, San Diego, CA 92131-1669 |
| 40861562 | | The Huntington Beach Gables, Homeowners Association, c/o Epsten Grinnell & Howell,, APC 10200 Willow Creek Road,, Ste 100 San Diego, CA 92131 |
| 40861564 | + | Theodore R "Ted" Phillips, c/o Gordon Rees Scully &, Mansukhani, 633 W 5th Street, 52nd Floor, Los Angeles, CA 90071-2005 |
| 40861565 | | United Airlines, P.O. Box 0675, Carol Stream, 60132-0675 |
| 40861567 | + | Vivienne J Alston, Alston, Alston & Diebold, 27201 Puerta Real Ste 300, Mission Viejo, CA 92691-8590 |

TOTAL: 36

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|
| tr | EDI: FJIGOLDEN.COM | Jul 10 2021 03:38:00 | Jeffrey I Golden (TR), Weiland Golden Goodrich LLP, P.O. Box 2470, Costa Mesa, CA 92628-2470 |
| smg | EDI: EDD.COM | Jul 10 2021 03:38:00 | Employment Development Dept., Bankruptcy |

Case 8:21-bk-11710-SC    Doc 253    Filed 10/21/22    Entered 10/21/22 11:16:39    Desc
Case 8:21-bk-11710-SC    Main Document    Filed 10/07/22    Entered 10/07/22 17:24:54    Desc
Case 8:21-bk-11710-SC    Main Document    Filed 07/22/22    Entered 07/22/22 16:42:54    Desc
Part 2 - Amended Motion    Page 253 of 258
Case 8:21-bk-11710-ES    Doc 7    Filed 07/11/21    Entered 07/11/21 21:17:44    Desc
Imaged Certificate of Notice    Page 2 of 5

| District/off: 0973-8 | User: admin | Page 2 of 2 |
| Date Rcvd: Jul 09, 2021 | Form ID: 309A | Total Noticed: 41 |

| | | | | Group MIC 92E, P.O. Box 826880, Sacramento, CA 94280-0001 |
| smg | EDI: CALTAX.COM | | Jul 10 2021 03:38:00 | Franchise Tax Board, Bankruptcy Section MS: A-340, P.O. Box 2952, Sacramento, CA 95812-2952 |
| 40861539 | EDI: IRS.COM | | Jul 10 2021 03:38:00 | Internal Revenue Service, PO Box 7346, Philadelphia, 19101-7346 |
| 40861566 | EDI: USBANKARS.COM | | Jul 10 2021 03:38:00 | US Bank NA, PO Box 64799, Saint Paul, MN 55164 |

TOTAL: 5

## BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

| Recip ID | Bypass Reason | Name and Address |
| 40861568 | | 4 |
| 40861551 | | Michael Chulak-tunknown), Mchulak@MTcLaw.com |

TOTAL: 2 Undeliverable, 0 Duplicate, 0 Out of date forwarding address

## NOTICE CERTIFICATION

I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.

Date: Jul 11, 2021        Signature:        /s/Joseph Speetjens

Case 8:21-bk-11710-SC    Doc 253    Filed 10/21/22    Entered 10/21/22 11:16:39    Desc
Case 8:21-bk-11710-SC    Main Document    Page 243 of 260    Entered 10/07/22 17:24:54    Desc
Case 8:21-bk-11710-SC    Main Document    Page 239 of 260    Entered 07/22/22 16:42:54    Desc
Part 2 - Amended Motion    Page 254 of 258
Case 8:21-bk-11710-ES    Doc 7    Filed 07/11/21    Entered 07/11/21 21:17:44    Desc
Imaged Certificate of Notice    Page 3 of 5

| Information to identify the case: | | |
|---|---|---|
| Debtor 1 | Jamie Lynn Gallian<br>First Name    Middle Name    Last Name | Social Security number or ITIN   xxx–xx–3936<br>EIN   __–_____ |
| Debtor 2<br>(Spouse, if filing) | First Name    Middle Name    Last Name | Social Security number or ITIN   ____<br>EIN   __–_____ |
| United States Bankruptcy Court   **Central District of California** | | |
| Case number:   **8:21–bk–11710–ES** | | Date case filed for chapter  7  7/9/21 |

### Official Form 309A (For Individuals or Joint Debtors)
## Notice of Chapter 7 Bankruptcy Case — No Proof of Claim Deadline   10/20

For the debtors listed above, a case has been filed under chapter 7 of the Bankruptcy Code. An order for relief has been entered.

This notice has important information about the case for creditors, debtors, and trustees, including information about the meeting of creditors and deadlines. Read all pages carefully.

The filing of the case imposed an automatic stay against most collection activities. This means that creditors generally may not take action to collect debts from the debtors or the debtors' property. For example, while the stay is in effect, creditors cannot sue, garnish wages, assert a deficiency, repossess property, or otherwise try to collect from the debtors. Creditors cannot demand repayment from debtors by mail, phone, or otherwise. Creditors who violate the stay can be required to pay actual and punitive damages and attorney's fees. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although debtors can ask the court to extend or impose a stay.

The debtors are seeking a discharge. Creditors who assert that the debtors are not entitled to a discharge of any debts or who want to have a particular debt excepted from discharge may be required to file a complaint in the bankruptcy clerk's office within the deadlines specified in this notice. (See line 9 for more information.)

To protect your rights, consult an attorney. All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below or through PACER (Public Access to Court Electronic Records at https://pacer.uscourts.gov).

**The staff of the bankruptcy clerk's office cannot give legal advice.**

To help creditors correctly identify debtors, debtors submit full Social Security or Individual Taxpayer Identification Numbers, which may appear on a version of this notice. However, the full numbers must not appear on any document filed with the court.

Do not file this notice with any proof of claim or other filing in the case. Do not include more than the last four digits of a Social Security or Individual Taxpayer Identification Number in any document, including attachments, that you file with the court.

| | | About Debtor 1: | About Debtor 2: |
|---|---|---|---|
| 1. | Debtor's full name | Jamie Lynn Gallian | |
| 2. | All other names used in the last 8 years | aka Jamie L Gallian | |
| 3. | Address | 16222 Monterey Ln SP #376<br>Huntington Beach, CA 92649 | |
| 4. | Debtor's attorney<br>Name and address | Jamie Lynn Gallian<br>16222 Monterey Ln SP #376<br>Huntington Beach, CA 92649 | Contact phone 714–321–3449<br>Email _____ |
| 5. | Bankruptcy trustee<br>Name and address | Jeffrey I Golden (TR)<br>Weiland Golden Goodrich LLP<br>P.O. Box 2470<br>Costa Mesa, CA 92628–2470 | Contact phone (714) 966–1000<br>Email _____ |

6/

Case 8:21-bk-11710-SC    Doc 253    Filed 10/21/22    Entered 10/21/22 11:16:39    Desc
Case 8:21-bk-11710-SC    Main Document    Page 244 of 260    Entered 10/07/22 17:24:54    Desc
Case 8:21-bk-11710-SC    Main Document    Page 240 of 260    Entered 10/07/22 16:42:54    Desc
Part 2 - Amended Motion    Page 255 of 258
Case 8:21-bk-11710-ES    Doc 7    Filed 07/11/21    Entered 07/11/21 21:17:44    Desc
Imaged Certificate of Notice    Page 4 of 5

Debtor  **Jamie Lynn Gallian**                                               Case number **8:21-bk-11710-ES**

---

| 6. **Bankruptcy clerk's office** | 411 West Fourth Street, Suite 2030, Santa Ana, CA 92701-4593 | Hours Open: 9:00 AM - 4:00 PM |
|---|---|---|
| Documents in this case may be filed at this address. You may inspect all records filed in this case at this office or online at https://pacer.uscourts.gov. | | Contact phone 855-460-9641 |
| | | Dated: 7/9/21 |

| 7. **Meeting of creditors** | **August 18, 2021 at 09:00 AM** | Location: |
|---|---|---|
| Debtors must attend the meeting to be questioned under oath by the trustee and by creditors. In a joint case, both spouses must attend. Creditors may attend, but are not required to do so. | The meeting may be continued or adjourned to a later date. If so, the date will be on the court docket. The trustee is designated to preside at the meeting of creditors. The case is covered by the chapter 7 blanket bond on file with the court. | **TELEPHONIC MEETING, FOR INSTRUCTIONS, CONTACT THE TRUSTEE** |

| 8. **Presumption of abuse** | The presumption of abuse does not arise. |
|---|---|
| If the presumption of abuse arises, you may have the right to file a motion to dismiss the case under 11 U.S.C. § 707(b). Debtors may rebut the presumption by showing special circumstances. | |

| 9. **Deadlines** | **File by the deadline to object to discharge or to challenge whether certain debts are dischargeable:** | **Filing deadline: 10/18/21** |
|---|---|---|
| The bankruptcy clerk's office must receive these documents and any required filing fee by the following deadlines. | **You must file a complaint:** • if you assert that the debtor is not entitled to receive a discharge of any debts under any of the subdivisions of 11 U.S.C. § 727(a)(2) through (7), or • if you want to have a debt excepted from discharge under 11 U.S.C § 523(a)(2), (4), or (6). **You must file a motion:** • If you assert that the discharge should be denied under § 727(a)(8) or (9). | |
| | **Deadline to object to exemptions:** The law permits debtors to keep certain property as exempt. If you believe that the law does not authorize an exemption claimed, you may file an objection. | **Filing deadline:** 30 days after the *conclusion* of the meeting of creditors |

| 10. **Proof of claim** | No property appears to be available to pay creditors. Therefore, please do not file a proof of claim now. If it later appears that assets are available to pay creditors, the clerk will send you another notice telling you that you may file a proof of claim and stating the deadline. |
|---|---|
| Please do not file a proof of claim unless you receive a notice to do so. | |

| 11. **Creditors with a foreign address** | If you are a creditor receiving a notice mailed to a foreign address, you may file a motion asking the court to extend the deadlines in this notice. Consult an attorney familiar with United States bankruptcy law if you have any questions about your rights in this case. |
|---|---|

| 12. **Exempt property** | The law allows debtors to keep certain property as exempt. Fully exempt property will not be sold and distributed to creditors. Debtors must file a list of property claimed as exempt. You may inspect that list at the bankruptcy clerk's office or online at https://pacer.uscourts.gov. If you believe that the law does not authorize an exemption that the debtors claim, you may file an objection. The bankruptcy clerk's office must receive the objection by the deadline to object to exemptions in line 9. |
|---|---|

**For more information, see pages 1 and 3 >**

Official Form 309A (For Individuals or Joint Debtors) **Notice of Chapter 7 Bankruptcy Case — No Proof of Claim Deadline**                     page 2

Case 8:21-bk-11710-SC    Doc 253    Filed 10/21/22    Entered 10/21/22 11:16:39    Desc
Case 8:21-bk-11710-SC    Main Document 10/07/22    Page 250 10/07/22 17:24:54    Desc
Case 8:21-bk-11710-SC    Main Document    Page 241 of 260    07/22/22 16:42:54    Desc
Part 2 - Amended Motion    Page 256 of 258
Case 8:21-bk-11710-ES    Doc 7    Filed 07/11/21    Entered 07/11/21 21:17:44    Desc
Imaged Certificate of Notice    Page 5 of 5

Debtor **Jamie Lynn Gallian**                                      Case number **8:21–bk–11710–ES**

| 13. Proof of Debtor Identification (ID) and Proof of Social Security Number(SSN) | The U.S. Trustee requires that individual debtors must provide to the trustee at the meeting of creditors an original picture ID and proof of SSN. Failure to do so may result in the U.S. Trustee bringing a motion to dismiss the case. Permissible forms of ID include a valid state driver's license, government or state–issued picture ID, student ID, military ID, U.S. Passport or legal resident alien card. Proof of SSN includes Social Security Card, current W–2 form, pay stub, payment advice, IRS Form 1099, Social Security Administration Report, or other official document which indicates name and SSN. |
|---|---|
| 14. Failure to File a Statement and/or Schedule(s) | **IF THE DEBTOR HAS NOT FILED A STATEMENT AND/OR SCHEDULE(S) AND/OR OTHER REQUIRED DOCUMENTS**, the debtor must do so, or obtain an extension of time to do so, within 14 days of the petition filing date. Failure to comply with this requirement, or failure to appear at the initial section 341(a) meeting of creditors and any continuance, may result in dismissal of the case, unless leave of court is first obtained. If the debtor's case has not already been dismissed, AND DEBTOR FAILS TO DO ONE OF THE FOLLOWING WITHIN 45 DAYS AFTER THE PETITION DATE, subject to the provisions of Bankruptcy Code section 521(i)(4), the court WILL dismiss the case effective on the 46th day after the petition date without further notice: (1) file all documents required by Bankruptcy Code section 521(a)(1); or (2) file and serve a motion for an order extending the time to file the documents required by this section.

**SI EL DEUDOR NO HA PRESENTADO UNA DECLARACIÓN Y/O LISTA(S) DE ACREEDORES Y/U OTROS DOCUMENTOS REQUERIDOS**, tendrá que hacerlo dentro de un plazo de 14 días a partir de la fecha de presentación de la petición o tendrá que obtener una extensión del plazo para hacerlo. Si no cumple usted este requisito, o si no comparece a la junta 341(a) inicial de acreedores o a cualquier aplazamiento, esto resultará en que se declare sin lugar el caso, a menos de que obtenga un permiso del tribunal. Si no se ha declarado sin lugar el caso del acreedor, Y EL ACREEDOR NO HACE UNA DE LAS SIGUIENTES COSAS DENTRO DE UN PLAZO DE 45 DÍAS A PARTIR DE LA FECHA DE LA PETICIÓN, de acuerdo con lo dispuesto en la sección 521(i)(4) del Código de Quiebras, el juez DECLARARÁ el caso sin lugar a partir de el 46o día después de la fecha de presentación de petición sin más notificación: (1) registrar en actas todos los documentos que requiere la sección 521(a)(1) del Código de Quiebras; o (2) registrar y hacer entrega formal de una moción para pedir una orden que extienda el tiempo en que se pueden registrar en actas los documentos que requiere dicha sección. |
| 15. Bankruptcy Fraud and Abuse | Any questions or information relating to bankruptcy fraud or abuse should be addressed to the Fraud Complaint Coordinator, Office of the United States Trustee, 411 West Fourth Street, Suite 7160, Santa Ana, CA 92701. |

                                                                    **For more information, see pages 1 and 2 >**

Official Form 309A (For Individuals or Joint Debtors) **Notice of Chapter 7 Bankruptcy Case — No Proof of Claim Deadline**                    page 3

Case 8:21-bk-11710-SC    Doc 253    Filed 10/21/22    Entered 10/21/22 11:16:39    Desc
Case 8:21-bk-11710-SC    Main Document    Page 246 of 260    10/07/22 17:24:54    Desc
Case 8:21-bk-11710-SC    Main Document    Page 242 of 250    07/22/22 16:42:54    Desc
Part 2 - Amended Motion    Page 257 of 258

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

5801 SKYLAB ROAD
HUNTINGTON BEACH, CA 92647

A true and correct copy of the foregoing document entitled: <u>AMENDED</u>
<u>DEBTOR'S NOTICE OF MOTION AND MOTION TO AVOID</u>
<u>LIEN UNDER 11 U.S.C. § 522(f) (REAL PROPERTY)</u> will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (date) 07/22/2022 , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Jeffrey Golden (TR)  lwerner@wgllp.com,  jig@trustesolutions.net

United States Trustee (SA)  ustpregion16.sa.ecf@usdoj.gov

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL:**
On (date) 7/22/2022   I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Huntington Beach Gables Homeowners Association
230 Commerce Ste. 250
Irvine, CA 92602

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (date)  7.22.2022, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Huntington Beach Gables Homeowners Association
Michael Poole, Esq  mpoole@cahoalaw.com
Stanely Feldsott, Esq. feldsott@gmail.com
Janine Jasso, Esq   j9_jasso@yahoo.com

**Hon, Erithe A, Smith**
**United States Bankruptcy Court**
**411 West Fourth Street**
**Santa Ana, CA 92701**

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 7/22/2022 | Robert McLelland | *Robert McLelland* |
|---|---|---|
| Date | Printed Name | Signature |

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2017                    Page 5                    F 4003-2.1.AVOID.LIEN.RP.MOTION

**ADDITIONAL SERVICE INFORMATION (if needed):**

1. **SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**

Aaron E DE Leest on behalf of Trustee Jeffrey I Golden (TR)
adeleest@DanningGill.com, danninggill@gmail.com;adeleest@ecf.inforuptcy.com

Robert P Goe on behalf of Creditor The Huntington Beach Gables Homeowners Association
kmurphy@goeforlaw.com, rgoe@goeforlaw.com;goeforecf@gmail.com

Robert P Goe on behalf of Plaintiff The Huntington Beach Gables Homeowners Association
kmurphy@goeforlaw.com, rgoe@goeforlaw.com;goeforecf@gmail.com

Jeffrey I Golden (TR)    lwerner@wgllp.com, jig@trustesolutions.net;kadele@wgllp.com

D Edward Hays on behalf of Creditor Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates
ehays@marshackhays.com,
ehays@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com

D Edward Hays on behalf of Interested Party Courtesy NEF
ehays@marshackhays.com,
ehays@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com

D Edward Hays on behalf of Plaintiff Houser Bros. Co.
ehays@marshackhays.com,
ehays@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com

Brandon J Iskander on behalf of Creditor The Huntington Beach Gables Homeowners Association
biskander@goeforlaw.com, kmurphy@goeforlaw.com

Brandon J Iskander on behalf of Plaintiff The Huntington Beach Gables Homeowners Association
biskander@goeforlaw.com, kmurphy@goeforlaw.com

Eric P Israel on behalf of Trustee Jeffrey I Golden (TR)
eisrael@DanningGill.com, danninggill@gmail.com;eisrael@ecf.inforuptcy.com

Laila Masud on behalf of Interested Party Courtesy NEF
lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com

Laila Masud on behalf of Plaintiff Houser Bros. Co.
lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com

Mark A Mellor on behalf of Defendant Randall L Nickel
mail@mellorlawfirm.com, mellormr79158@notify.bestcase.com

Mark A Mellor on behalf of Interested Party Courtesy NEF    mail@mellorlawfirm.com, mellormr79158@notify.bestcase.com

Valerie Smith on behalf of Interested Party Courtesy NEF    claims@recoverycorp.com

United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov

Case 8:21-bk-11710-SC   Doc 253   Filed 10/21/22   Entered 10/21/22 11:16:39   Desc
Case 8:21-bk-11710-SC   Main Document   Page 248 of 260   10/07/22 17:24:54   Desc
Case 8:21-bk-11710-SC   Main Document   Page 244 of 250   07/22/22 16:42:54   Desc
Part 3 - Declaration   Page 1 of 11

JAMIE LYNN GALLIAN
16222 MONTEREY LANE UNIT 376
HUNTINGTON BEACH, CA 92649

United States Bankruptcy Court, Central

District (Santa Ana) of California.

IN RE:                                   Case No. 8:21-bk-11710-ES

Jamie Lynn GALLIAN, Debtor.              Declaration of of Jamie Lynn
                                         Gallian in support of Granted all Huntington
                                         Beach Gables Liens be avoided

### Declaration of Jamie Lynn Gallian

Debtor's prays her Motion be granted and the Huntington Beach Gables liens be

avoided.

### Jurisdiction

The Court has jurisdiction of this case pursuant to 28 U.S.C. § 157(a). Disputes

regarding the avoidance of liens and impairment of claimed exemptions are core

proceedings pursuant to 28 U.S.C. § 157(b)(2)(B) and (K).

### I, Jamie Lynn Gallian declare the following,,

1.    The Huntington Beach Gables Homeowners Association filed an

"Abstract of Judgment" in the amount of $3070.00, on November 19, 2018, with the

Office of the Clerk Recorder, County for Orange County, State of California,

Doc      #      2018000435011      ("Abstract      of      Judgment-No.      F").

2.    The Huntington Beach Gables Homeowners Association filed an "Abstract

of Judgment" in the amount of $46,138.00, on December 14, 2018, with the Office of the

Clerk   Recorder,   County   for   Orange   County,   State   of   California,

Doc # 2018000467142 ("Abstract of Judgment-No. G").

1

Case 8:21-bk-11710-SC    Doc 253    Filed 10/21/22    Entered 10/21/22 11:16:39    Desc
Case 8:21-bk-11710-SC    Main Document    Page 249 of 260    Entered 10/07/22 17:24:54    Desc
Case 8:21-bk-11710-SC    Main Document    Page 245 of 250    Filed 07/22/22 16:42:54    Desc
Part 3 - Declaration    Page 2 of 11

3.    The Huntington Beach Gables Homeowners Association filed an "Abstract of Judgment" in the amount of $9265.00, on May 03, 2019, with the Office of the Clerk Recorder, County for Orange County, State of California,

Doc # 2019000148568 ("Abstract of Judgment-No. H").

4.    The Huntington Beach Gables Homeowners Association filed an "Abstract of Judgment" in the amount of $319,653.59, on May 16, 2019, with the Office of the Clerk Recorder, County for Orange County, State of California,

Doc # 2019000165259 ("Abstract of Judgment-No. I").

5.    The Huntington Beach Gables Homeowners Association filed an "Abstract of Judgment" in the amount of $319,653.59, on May 16, 2019, with the Office of the Clerk Recorder, County for Orange County, State of California,

Doc # 2019000166068 ("Abstract of Judgment-No. J").

7.    On September 10, 2020, The Huntington Beach Gables Homeowners Association filed a **Release of Abstract of Judgment** Instrument No, 2019000166068 in the amount of $319,653.59, on May 16, 2019.

Doc # 2020000481922 (Release Abstract of Judgment-No. K).

8.    The Debtor filed a Chapter 7 Voluntary Petition on July 09, 2021, in the United States Bankruptcy Court for the Central District (Santa Ana) of California, Case No. 8:21-bk-11710-ES (the "Bankruptcy Case").

9.    At the time of the filing of the Debtor's Chapter 7 Voluntary Petition, the Debtor resided in the home as her personal residence and held an interest in real property located at 16222 Monterey Lane, Unit 376, Huntington Beach, CA 92649 (the "Residence").

2

10.    The   Debtor   listed   the   Residence   on   her   filed   Schedule   A/B, noting   that   the property was   subject   to   a   "$175,000 UCC   filing 1/14/2019,   Initial Financing   Statement   File   Number   197691916827.   Jamie   Lynn   Gallian   is the   Lender   under   a   Security Agreement   and   Promissory   Note   executed November   16,   2018,   with   J-Sandcastle   Co LLC, Debtor's sole member, non filing entity.

11.    Jamie   Lynn   Gallian   is   the   Registered   owner   of   the   2014   Skyline   Custom Villa Manufactured   Home, Decal   No.   LBM   1081,   installed   on   Lot   376   of   Unit 4   of Tract 10542   in   July   2014, pursuant to Health & Safety Code §§18551,   under   an unexpired   Ground   Lease,   [a   short   form   memorandum recorded October 18, 1979, Instrument No,  32442 and 32443.]

Debtor claimed the Residence as fully exempt on her filed Schedule C.

12.    The   Debtor   listed   Huntington   Beach   Gables   Homeowners Association as   an unsecured, non-priority debt in the approx. combined amount of $413,000.00 on her filed Schedule E/F.

13.    The   appointed   Chapter   7   Panel   Trustee, Jeffrey Golden   filed   a   "Report  of Asset Distribution"   in the Bankruptcy Case on May 3, 2022, DOC 90, without Notice to Debtor.

14.    The   deadline   to   object   to   the   exemptions   claimed   by   the   Debtor   has not been set.

15.    On   May 12, 2022, DOC 92, in the Bankruptcy Case Houser Bros Co dba Rancho Del Rey Mobilehome Estates, an interested party, filed an objection to Debtor's Declared Homestead filed July 9, 2021, with the Office of the Clerk Recorder, County for Orange County, State of California, DOC 95

Case 8:21-bk-11710-SC    Doc 253    Filed 10/21/22    Entered 10/21/22 11:16:39    Desc
Case 8:21-bk-11710-SC    Main Document    Filed 10/07/22    Page 247 of 260    10/07/22 17:24:54    Desc
Case 8:21-bk-11710-SC    Main Document    Filed 0    Page 247 of 260    07/22/22 16:42:54    Desc
Part 3 - Declaration    Page 4 of 11

16.     The Huntington Beach Gables Homeowners Association filed a joinder to the Houser Bros Co Motion on May 13, 2022.

10.     Janine Jasso, Esq. filed a joinder to the Houser Bros Co Motion on May 16, 2022.

Trustee Jeffrey Golden, filed a joinder to the Houser Bros Co Motion on July 1, 2022.

11.     The Court will hear the Motion on July 21, 2022.

12.     The Houser Bros Co Motion states that J-Sandcastle Co, LLC ("J-Sandcastle Co LLC") was the registered title holder of the Residence on the date of the filing of the petition and therefore seeks judgment that the Homestead was effectively owned by J-Sandcastle Co, LLC, not the debtor.

20.     J-Sandcastle Co LLC was administratively dissolved with the CA Secretary of State after a unanimous vote of all the Members on November 22, 2021.

21.     The Debtor filed a *Motion to Avoid Lien (522(f))* in the Bankruptcy Case on July 8, 2022, for the purposes of avoiding the judgment lien(s) filed by The Huntington Beach Gables Homeowners Association.

22.     On November 1, 2018, Debtor, a bona fide purchaser for value, purchased and obtained the Release of Unencumbered Interest, Certificate of Title from Registered Legal Owner, Ms. Lisa Ryan, of a 2014 Skyline Custom Villa Manufactured Home, Decal No. LBM 1081, located in TRACT 10542, Unit 4, Lot 376, on APN 178-011-16, adjacent to the mutli-family residential community Debtor sold her previous residence, Unit 53, 4476 Alderport Drive Huntington Beach, CA 92649, 937-63-053, on October 31, 2018.

4

Case 8:21-bk-11710-SC    Doc 253    Filed 10/21/22    Entered 10/21/22 11:16:39    Desc
Case 8:21-bk-11710-SC    Main Document    Filed 10/07/22    Page 252 of 260    10/07/22 17:24:54    Desc
Case 8:21-bk-11710-SC    Document    Filed 07/22/22    Page 248 of 250    07/22/22 16:42:54    Desc
Part 3 - Declaration    Page 5 of 11

23.     Debtor sold her previous residence unencumbered home on October 31, 2018, to a bona fide purchaser for value, recorded in the Official Records of the Clerk Recorder, County of Orange, Instrument No. 2018000395579, legally described as Project No. 937-30 TRACT 10542, Lot 1 & Lot 2. APN 178-771-03, a 1966 subdivision recorded in Parcel Map Book 108, page 47-48, approximately 58 acres was subdivided into Parcel 1 & 2. Located on Parcel 2, 16222 Monterey Lane, Lot 376, Huntington Beach, CA 92649. Debtor moved into the Residence in approximately November 2018 after purchasing the manufactured home with the proceeds pursuant to §§522(P)(2)(b), from the unencumbered sale of her previous home, Unit 53, on October 31, 2018, APN 937-63-053, recorded in the Official Records of the Clerk Recorder Document No. 2018000395579.

24      Both homes are subject to various governing document whether of record or not, under an eighty (80) year unexpired Ground Leasehold and Subcondominium Lease, recorded on October 22, 1979, Instrument No. 32242 and Instrument No 32243, and re-recorded on December 5, 1979, Document No. 8246 and Instrument No. 8247. The total number of lots 459.

25.     The Huntington Beach Gables Homeowners Association received notice of Debtor's bankruptcy when it was filed on July 9, 2021.

26.     No Proof of Claims have been filed.

5

Case 8:21-bk-11710-SC    Doc 253    Filed 10/21/22    Entered 10/21/22 11:16:39    Desc
Case 8:21-bk-11710-SC    Main Document    Page 253 of 260    Entered 10/07/22 17:24:54    Desc
Case 8:21-bk-11710-SC    Doc 143-2    Filed 07/22/22    Page 249 of 250    Filed 07/22/22 16:42:54    Desc
Part 3 - Declaration    Page 6 of 11

27.    Houser Bros Co dba Rancho Del Rey Mobilehome Estates has no ownership interest in the Ground Lease and additionally lacks standing to bring this Motion. There are no Judgments against debtor in favor of Houser Bros Co.

28.    The    Certificate of Title to the 2014 Skyline Manufactured Home registered through the CA Department of Housing and Community Development. ("HCD") to Jamie Lynn Gallian. Jamie Lynn Gallian has continuously lived in the residence.

29.    Debtor    seeks    to    avoid    Huntington    Beach    Gables Homeowners Association judgment lien(s) pursuant to 11 U.S.C. § 522(f). The applicable portions of that statute provide that the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is

(A) a judicial lien, other than a judicial lien that secures a debt potentially of a kind that is specified in section 523(a)(5).

30.    Debtor    has    established    that    The    Huntington    Beach    Gables Homeowners Associations' (5) judicial lien impairs an exemption she would be entitled to but for the lien(s).

31.    Lien avoidance is part of the overall scheme under federal bankruptcy law to provide debtors with a fresh start by allowing a debtor to emerge from bankruptcy free

6

Case 8:21-bk-11710-SC    Doc 253    Filed 10/21/22    Entered 10/21/22 11:16:39    Desc
Case 8:21-bk-11710-SC    Main Document    Page 25 of 250    Entered 10/07/22 17:24:54    Desc
Case 8:21-bk-11710-SC    Main Document    Page 250 of 250    Filed 07/22/22 16:42:54    Desc
Part 3 - Declaration    Page 7 of 11

from certain liens that encumbered their exempt property. *See In re Richardson*, 224 B.R.
804, 808-09 (Bankr. N.D. Okla. 1998).

32.    CA State law determines the type of property that is exempt; that is, the specific
property it reserves to its residents "exempt from attachment or execution and ... forced
sale for the payment of debts ..." including "[t]he home of such person, provided that
such home is the principal residence of such person...."

Debtor held an interest in the Residence when she filed this Chapter 7 case. Debtor filed a
Declared Homestead with the Orange County Clerk Recorder, the Official Records prior to
filing her Chapter 7 petition. Debtor claimed the property exempt as her homestead
on schedule C.    33.    The Huntington Beach Gables Homeowners Association
registered its judgment liens against Debtor in Orange County, California and filed
the judgments in the land records to operate as a judicial lien against any real
property residence. The Huntington Beach Gables Homeowners Associations' 4-5 liens
did not impair Debtor's claim of exemption.


Debtor listed the value of her exemption as $600,000.00, Debtor indicated that the
sum of The Huntington Beach Gables Homeowners Association lien(s) of:
$ 3070.00; $ 46,138.99; $ 9265.00; and $ 319,653.59, recorded twice on the same day,
exceed the value of debtors property.

34.    The HOAs liens would exceed Debtor's interest in the property and impair
her exemption pursuant to the formula for calculating impairment in § 522(f)(2)(A).

Case 8:21-bk-11710-SC    Doc 253    Filed 10/21/22    Entered 10/21/22 11:16:39    Desc
Case 8:21-bk-11710-SC    Main Document    Page 255 of 260    10/07/22 17:24:54    Desc
Case 8:21-bk-11710-SC    Main Document    Filed 07/22/22    Page 251 of 250    07/22/22 16:42:54    Desc
Part 3 - Declaration    Page 8 of 11

Based on the fact that the existence of the HOAs (5) liens impair debtors right to the claimed exemption, Debtor has satisfied her burden to avoid The Huntington Beach  Gables Homeowners Associations' lien(s).

Debtor moved into the Residence in November 2018, several years before she filed Chapter 7 bankruptcy on July 9, 2021.

The Huntington Beach Gables Homeowners Association had notice of Debtor's bankruptcy, that Debtor had listed onr possible Lien interest in the Residence on Schedule A/B, and had claimed the Residence exempt as her homestead on Schedule C.

Debtor holds an interest in the Residence, noting that she did not believe that her claimed homestead exemption was an issue during the case, and that no challenge to Debtor's exemption pursuant to Fed. R. Bankr. P. 4003(b)(1) would arise. The Huntington Beach Gables Homeowners Association believed that their lien that began in 2019, could not be discharged in bankruptcy.

There is no deadline identified in the Bankruptcy Code or Rules for filing a motion to avoid lien. See Fed. R. Bankr. P. 4003. As clearly stated in § 522(f)(1)(A) and in Fed. R. Bankr. P. 4003(b)(1), a judicial lien is avoidable if it impairs an exemption to which a debtor would be entitled, and a creditor may challenge a claim of exemption when debtor seeks to avoid its lien.

Case 8:21-bk-11710-SC    Doc 253    Filed 10/21/22    Entered 10/21/22 11:16:39    Desc
Case 8:21-bk-11710-SC    Main Document    Page 256 of 260    Entered 10/07/22 17:24:54    Desc
Case 8:21-bk-11710-SC    Doc 148-2    Filed 07/22/22    Page 252 of 255    Filed 07/22/22 16:42:54    Desc
Part 3 - Declaration    Page 9 of 11

While Congress has allowed states to determine what property its residents may claim as exempt, "federal law exclusively governs the field of lien avoidance...." *Richardson*, 224 B.R. at 808. Courts considering motions to avoid liens or ownership interests are often called on to consider and apply state law within the framework of the Bankruptcy Code. The Court routinely encounters exemption claims under California law and is very familiar with the California exemptions for homestead and personal property.

Huntington Beach Gables Homeowners Association provided no evidence challenging the Debtor's homestead exemption. Debtor claimed the exemption on Schedule C. Debtor has lived in the Residence since November 2018. Debtor has lived anywhere else or claimed any other property as her home from 2018 to the present. Debtor has always designated and occupied this property as her homestead. *See* 4 Collier on Bankruptcy P 522.10 (16th 2020).

The only requirement for claiming a homestead exemption under the California exemption statute is that the home claimed be "the principal residence of such person." Record title to the homestead is not required to claim a homestead exemption in the property.

Homestead is not an incidence of ownership. Nor does its presence or non-presence change ownership of the land. Nothing like it is known at common law. It is a special and peculiar interest in real property, the domicile of the family, which vests for the

benefit of the entire family although the title to the land may be entirely in a named leaseholder.

Debtors homestead interest is a creature of the Constitution and statutes. Homestead rights may attach to any possessionary interest in real estate which constitutes the dwelling place of the family regardless of the nature or character of the title or of the estate therein. Naked possession without any title or interest whatsoever may, under some circumstances, be sufficient as against all the world except the true owners and those claiming under them.

California law is instructive regarding property interests that debtors may possess at filing which are included in the bankruptcy estate as defined in § 541 of the Bankruptcy Code. To avoid a lien, it must impair an interest a debtor has in an exempt asset.

Debtor has always had an interest in the Residence she purchased with the funds she sold her previous residence the day before; when she filed bankruptcy; the cited California law and cases affirm that a homestead right is an interest in real property. *See* California Const., Art. 12, §§ 1 & 2. As the U.S. Supreme Court defines it, property of the estate consists of "all the interests in property, legal and equitable, possessed by the debtor at the time of filing ..." *Owen v. Owen,* 500 U.S. 305, 308 (1991). This definition is extremely broad.

Schedule A/B requires debtors to list any ownership interest or legal or equitable interest in any residence, building, land or similar property. Debtor answered "Yes" on Schedule A/B to indicate and disclose that she owned a legal or equitable interest in the

10

Residence, with what she believed a $235,000.00 value on the home with an unknown value in an unexpired 80 year leasehold in the ground describing it as a possible interest of unknown value.

Debtor has not changed her position in this case regarding an interest in the Residence. I disclosed all interests in Schedule A/B in addition to filing a Hoestead Declaration prior to filing the Chapter 7 petition.

Debtor listed Huntington Beach Gables Homeowners Association as a creditor and HOA acknowledges that it received notice of and monitored debtors case.

The purpose of bankruptcy is to give debtors a fresh start by shedding debts that they owed but cannot pay. Part of the fresh start includes lien avoidance on exempt assets. *See Richardson*, 224 B.R. at 808.[2]

Debtor respectfully requests this Honorable Court to find that debtor has met her burden of proof to prevail on her Motion to avoid Huntington Beach Gables Homeowners Associations' liens on her homestead.

I declare under the penalty of perjury by the Laws of the State of California, the following to be true and correct.                   RESPECTFULLY,

*Jamie Lynn Gallian*
JAMIE LYNN GALLIAN

Signed this 8th day of July 2020, at Huntington Beach CA County of Orange.

11

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 5801 Skylab Road Huntington Beach, CA 92647

A true and correct copy of the foregoing document entitled: **DEBTOR'S NOTICE OF MOTION AND MOTION TO AVOID LIEN UNDER 11 U.S.C. §522(f)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **OCTOBER 7, 2022**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒    Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**: On **OCTOBER 7, 2022**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **OCTOBER 7, 2022**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**PRESIDING JUDGE'S COPY**
HONORABLE SCOTT C. CLARKSON
UNITED STATES BANKRUPTCY COURT, CENTRAL DISTRICT OF CALIFORNIA
RONALD REAGAN FEDERAL BUILDING AND COURTHOUSE
411 WEST FOURTH STREET, SUITE 5130 / COURTROOM 5C
SANTA ANA, CA 92701-4593

☒    Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| October 7, 2022 | Robert McLelland | *Robert McLelland* |
|---|---|---|
| Date | Printed Name | Signature |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                   **F 9013-3.1.PROOF.SERVICE**

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: CONTINUED:

- **ATTORNEY FOR TRUSTEE JEFFREY I GOLDEN (TR):** Aaron E DE Leest adeleest@DanningGill.com, danninggill@gmail.com; adeleest@ecf.inforuptcy.com
- **ATTORNEY FOR CREDITOR and PLAINTIFF THE HUNTINGTON BEACH GABLES HOMEOWNERS ASSOCIATION:** Robert P Goe kmurphy@goeforlaw.com, rgoe@goeforlaw.com; goeforecf@gmail.com
- **TRUSTEE JEFFREY I GOLDEN (TR):** Jeffrey I Golden (TR lwerner@wgllp.com, jig@trustesolutions.net; kadele@wgllp.com
- **ATTORNEY FOR PLAINTIFF HOUSER BROS. CO.:** D Edward Hays ehays@marshackhays.com, ehays@ecf.courtdrive.com; kfrederick@ecf.courtdrive.com; cmendoza@marshackhays.com; cmendoza@ecf.courtdrive.com
- **ATTORNEY FOR CREDITOR and PLAINTIFF THE HUNTINGTON BEACH GABLES HOMEOWNERS ASSOCIATION:** Brandon J Iskander biskander@goeforlaw.com, kmurphy@goeforlaw.com
- **ATTORNEY FOR TRUSTEE JEFFREY I GOLDEN (TR):** Eric P Israel eisrael@DanningGill.com, danninggill@gmail.com; eisrael@ecf.inforuptcy.com
- **ATTORNEY FOR PLAINTIFF HOUSER BROS. CO.:** Laila Masud lmasud@marshackhays.com, lmasud@ecf.courtdrive.com; kfrederick@ecf.courtdrive.com
- **ATTORNEY FOR DEFENDANT RANDALL L NICKEL:** Mark A Mellor mail@mellorlawfirm.com, mellormr79158@notify.bestcase.com
- **INTERESTED PARTY COURTESY NEF:** Valerie Smith claims@recoverycorp.com
- **U.S. TRUSTEE:** United States Trustee (SA) ustpregion16.sa.ecf@usdoj.gov


**By Email:  Janine Jasso**
**j9_jasso@yahoo.com**

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                        **F 9013-3.1.PROOF.SERVICE**