Robert P. Goe – State Bar No. 137019
Brandon J. Iskander – State Bar No. 300916
**GOE FORSYTHE & HODGES LLP**
17701 Cowan Avenue, Suite 210
Irvine, CA 92614
rgoe@goeforlaw.com
biskander@goeforlaw.com

Telephone: (949) 798-2460
Facsimile:  (949) 955-9437

Attorneys for The Huntington Beach Gables Homeowners Association

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>JAMIE LYNN GALLIAN,<br><br>Debtor. | Case No. 8:21-bk-11710-SC<br><br>Chapter 7 Proceeding<br><br>**OPPOSITION TO DEBTOR'S AMENDED NOTICE OF MOTION AND MOTION TO AVOID LIEN UNDER 11 U.S.C. § 522(f) AND REQUEST FOR HEARING; REQUEST FOR JUDICIAL NOTICE AND EVIDENTIARY OBJECTIONS SUBMITTED CONCURRENTLY THEREWITH**<br><br>**[OPPOSING DOCKET NOS. 244, 245, 246, 247, 252, 257 & 258]**<br><br><u>Zoom Hearing:</u><br>Date:          November 15, 2022<br>Time:         11:00 a.m.<br>Place.:        Courtroom 5C<br>                   U.S. Bankruptcy Court<br>                   411 W. Fourth Street<br>                   Santa Ana, CA 92708 |

TO THE HONORABLE SCOTT C. CLARKSON, UNITED STATES BANKRUPTCY JUDGE, THE DEBTOR IN PRO PER, THE OFFICE OF THE UNITED STATES TRUSTEE, THE TRUSTEE AND HIS COUNSEL, AND ALL PARTIES IN INTEREST:

1

The Huntington Beach Gables Homeowners Association ("HOA") hereby opposes ("Opposition") Jamie Lynn Gallian's ("Debtor's") Amended Motion to Avoid Lien under 11 U.S.C. § 522(f) [Docket No. 244] ("Amended Motion"), along with all papers filed by Debtor in connection with the Amended Motion, including Docket Nos. 245, 246, 247, 252, 257 & 258 and respectfully represents as follows:

I. **SUMMARY OF OPPOSITION**

Debtor cannot amend a motion that has already been adjudicated on the merits (Docket No. 147). Debtor may file a new motion that comports with the Local Rules that is supported by competent evidence, however, until and unless the Court determines that Debtor "would have been entitled" to any exemption in the Property under Section 522(b) of the Bankruptcy Code, any such motion is futile, repetitive, abusive, and a waste of the parties' and the Court's resources, and should be denied.

Under well-settled California law, Debtor bears the burden of proving that she has a homestead exemption that she is entitled to. This issue was resolved against the Debtor by the Court in its Order Granting Houser Bros. Co. dba Rancho Del Rey Mobile Home Estate's Motion Objecting to Debtor's Claimed Homestead Exemption in 16222 Monterey Lane, Space #376, Huntington Beach, CA 92649, Docket No. 95 (Docket No. 177). A motion for reconsideration is now pending determination by the Court (Docket No. 157) and no motion to avoid liens based on the disallowed exemption should be up for consideration until and unless the Court first rules on the motion for reconsideration.

The Debtor puts the cart before the horse and seeks lien avoidance as impairing her homestead exemption claim, which has been disallowed.[1] However, just as Debtor cannot prove her entitlement to a homestead exemption, she cannot prove her entitlement here. Debtor relies on her false statements (1) in filing a Homestead Declaration certifying that she was the owner of the Property when an LLC was the owner instead, (2) in claiming a Homeowner's Exemption when in

---

[1] Indeed, Debtor effectively concedes this in her pending Motion for Reconsideration of Order Sustaining Homestead Objection: "Part of the fresh start includes lien avoidance on exempt assets." (Motion for Reconsideration, Docket No. 157, at 1:27.) Since Debtor failed to demonstrate that 16222 Monterey Lane, Space 376, Huntington Beach, CA 92649 is an exempt asset, she is not entitled to lien avoidance.

1 fact an LLC was the sole owner, and (3) in asserting there were no timely oppositions to this current Amended Motion when in fact the Amended Motion is set for hearing on November 15th, making the deadline to timely oppose November 1st.  Debtor's false statements does the Debtor no good when the fact remains that an LLC was the owner of the Property on the Petition Date and an LLC member has no specific interest in LLC property.  Moreover, longstanding case law holds that the existence of declared homestead is an irrelevant fact in bankruptcy and lien avoidance contexts because the filing of a bankruptcy is already treated as a forced sale from which automatic homestead protections arise.

Debtor cannot claim to have exercised control over her LLCs postpetition to transfer the Property back to the estate.  Well-settled case law establishes that only the Trustee can exercise control over a Chapter 7 debtor's single member LLCs and only the Trustee can return the Property back to the estate.  *See In re First Protection, Inc.*, 440 B.R. 821, 830 (B.A.P. 9th Cir. 2010); *see also In re Wallace*, 2013 Bankr. LEXIS 1609, 2013 WL 1681780, at *3 (Bankr. D. Idaho Apr. 17, 2013).  Any action by Debtor to exercise control over the LLCs postpetition is a stay violation and is void as a matter of law.  11 U.S.C. § 362(a)(3); *In re Schwartz*, 954 F.2d 569, 571 (9th Cir. 1992) ("violations of the automatic stay are void, not voidable.").  Thus, ownership of the Property still remains with J-Sandcastle Co., LLC to this day until and unless the Trustee takes action with respect to it.  Finally, Debtor's fraudulent transfer scheme with respect to the Property puts the requested relief out of her hands because it is also well-settled California law that the grantor in a deed made to defraud creditors cannot be relieved against its operation.

**II.    CASE BACKGROUND**

The HOA has been a creditor of the Debtor since 2017 at the latest, when it filed suit against her in the Orange County Superior Court, Case No. 30-2017-00913985-CU-CO-CJC.  (A true and correct copy of the Orange County Superior Court Docket, in *Huntington Beach Gables Homeowners Association v. Bradley, et. al*, Case No. Case No. 30-2017-00913985-CU-CO-CJC is attached to the HOA's Request for Judicial Notice ("RJN") filed concurrently herewith as Exhibit ("Ex.") "A.")  By March 2021, after entry of judgments against Debtor, the HOA filed an Application and Order for Appearance and Examination of Judgment Debtor, scheduling the

3

1  examination for June 3, 2021. (*See id.*) The judgment debtor exam was continued several times for
2  Debtor's nonappearance until a bench warrant was issued for her arrest on July 8, 2021. (*See id.*)
3        The next day, on July 9, 2021, Debtor filed her voluntary petition under Chapter 7 of the
4  Bankruptcy Code ("Petition Date").  On her bankruptcy petition [Docket No. 1 (RJN, Ex. B)],
5  Debtor listed under penalty of perjury that she lived at 16222 Monterey Lane, Space 376, Huntington
6  Beach, CA 92649 ("Property").  At page 9 of the same Petition, under the section explaining
7  Debtor's responsibilities and duties as a party before the Court, Debtor responded "No," to "Are
8  you aware that bankruptcy fraud is a serious crime and that if your bankruptcy forms are inaccurate
9  or incomplete, you could be fined or imprisoned?" [RJN, Ex. B, at 8.] On Schedule A/B filed with
10 the Petition, Debtor listed an interest in the Property with the clarification that she "Registered Title
11 with HCD Debtor's single member LLC, J-Sandcastle Co, LLC." [RJN, Ex. B, at 12.] Similarly,
12 she scheduled a 100% ownership interest in J-Sandcastle Co., LLC, whose "Purpose is to hold
13 Registered title with HCD, to Debtor's primary residence." [RJN, Ex. B, at 14.] Likewise,
14 throughout Schedule D, Debtor repeatedly admitted that title to the Property was held by an LLC,
15 not Debtor individually. [RJN, Ex. B, at 20-23.]
16       On Debtor's Statement of Financial Affairs filed with the Petition, Debtor failed to disclose
17 any asset protection devices she used within the last ten (10) years. [RJN, Ex. B, at 46.] Likewise,
18 Debtor failed to disclose the transfer of any interest in the Property to any other entity on the same
19 document. (*Id.*) Since the Petition Date, Debtor has amended her Schedules at least eleven (11)
20 times. (*See* Docket Nos. 15, 16, 17, 22, 37, 38, 39, 42, 72, 75, and 94.)
21       On May 12, 2022, creditor Houser Bros. Co. filed a Notice of Motion Objecting to Debtor's
22 Claimed Homestead Exemption [Docket No. 95] ("Homestead Objection"). The HOA joined in the
23 Homestead Objection [Docket No. 98] ("Homestead Joinder"). In the Homestead Joinder, the HOA
24 cited California Corporations Code § 17300 through *PacLink Communications Internat., Inc. v.*
25 *Superior Court*, 90 Cal. App. 4th 960, 964 (2001) for the proposition that an LLC's member does
26 not have any specific interest in property that the LLC owns. Although Section 17300 was repealed
27 and recodified as Section 17701.04 ("(a) A limited liability company is an entity distinct from its
28 members."), California's high courts continue to cite Section 17300 as the binding rule respecting

limited liability companies. *See Swart Enters., Inc. v. Franchise Tax Bd.*, 7 Cal. App. 5th 497, 510, 212 Cal. Rptr. 3d 670, 679 (2017). Accordingly, any court of the Ninth Circuit must follow this rule as well. "We must defer to the California Court of Appeal's interpretation of [state law] unless there is convincing evidence that the California Supreme Court would decide the matter differently." *In re Watts*, 298 F.3d 1077, 1082 (9th Cir. 2002) (explaining that the Ninth Circuit is "bound to follow" the California Court of Appeal's interpretation of California law "absent convincing evidence that the California Supreme Court would reject the interpretation"). Given that exemptions are fixed on the Petition Date, it follows that since Debtor did not have any specific interest in the Property on the Petition Date, Debtor had no interest to exempt, which was the Court's ruling (See RJN, Ex. D.).

### III. ARGUMENT

#### A. Debtor's Motion has Already Been Adjudicated on the Merits and this "Amended" Motion Must Accordingly Be Denied

The prior Amended Motion (Docket No. 147) was denied pursuant to Local Bankruptcy Rule 9013-1(o)(4). Bankruptcy Rule 9014 applies several rules governing adversary proceedings to contested matters before the Court, including Bankruptcy Rule 7041, which makes Federal Rule of Civil Procedure 41 applicable to contested matters. Federal Rule of Civil Procedure 41(b) in turn provides as follows:

> (b) INVOLUNTARY DISMISSAL; EFFECT. If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits.

Fed. R. Civ. P. 41. Accordingly, when the Court denied Debtor's Amended Motion for failure to set a hearing in compliance with the Local Rules, the denial was an adjudication on the merits. Further, Ninth Circuit case law is clear that when a party purports to file an amended pleading when the prior pleading was denied without prejudice, the amended filing does not "relate back" under FRCP 15 and cannot properly be deemed an amendment:

> [T]here is no "original pleading" for the "amendment" to relate back to when the action in which the original pleading was filed has been dismissed. Rather, where a plaintiff files a second complaint to start a new case, that complaint cannot "relate back" to any prior complaint because the second complaint was not an "amendment" of the first complaint but rather was a separate pleading commencing a new action.

*Wolkowitz v. Hai Ou Yang (In re Interworks Unlimited Inc.)*, BAP CC-22-1027-STL, *9 (B.A.P. 9th Cir. Aug. 19, 2022) (citing *O'Donnell v. Vencor Inc.*, 466 F.3d 1104, 1111 (9th Cir. 2006)). As the Bankruptcy Rules apply adversary rules to contested matters, there is no distinction between the above analysis and the facts of this case. Because the prior Amended Motion was already adjudicated on the merits by its denial under FRCP 41(b), there is nothing for Debtor to amend and this "Amended" Motion must be denied. Moreover, the Amended Motion does not comply with Local Bankruptcy Rule 9013-1(*l*) and subjects Debtor to possible sanctions. (See RJN, Ex. E.)

### B. Debtor's Amended Motion Improperly Seeks Avoidance of the Liens of Nonparties to the Motion

By evidentiary objections filed contemporaneously herewith, the Amended Motion fails to include any declaration establishing why the information attached to it is not hearsay, is authenticated, or even relevant in any way. What little can be gleaned from the Amended Motion is that it seeks to avoid liens of nonparties to the Amended Motion, including the liens of Janine Jasso, Jennifer Paulin, Lori Burrett, Lee Gragnano, Lindy Beck, and Ted Phillips, whose lien is owned separate and apart from the HOA. (See Proof of Claim 4 filed by Janine Jasso, et. al.) The Amended Motion by its very instructions requires Debtor to "specify" which lien it seeks to avoid, but having failed to comply, it is clear that Debtor seeks to notice only the HOA of a motion to avoid liens owned by individual board members of the HOA that she sued was ruled against prepetition. (See Docket No. 244, at 152-54.) In addition to the Amended Motion being an improper filing, it does not specify which liens are sought to be avoided and is not served on all parties whose liens Debtor seeks to avoid. Accordingly, the Amended Motion must be denied for lack of proper service.

///

///

6

**C.    Debtor's Amended Motion is Futile Because She Must First Show Entitlement to an Exemption that Would Be Impaired by the HOA's Liens**

Section 522(f) of the Bankruptcy Code provides in pertinent part as follows:

> (1) Notwithstanding any waiver of exemptions but subject to paragraph (3), <u>the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs **an exemption to which the debtor would have been entitled** under subsection (b) of this section, if such lien is—</u>
> (A) <u>a judicial lien</u>, other than a judicial lien that secures a debt of a kind that is specified in section 523(a)(5); . . . .

11 U.S.C. § 522(f) (emphasis added). That is, the Debtor must first show entitlement to an exemption before she can avoid a lien as impairing it. The burden to prove entitlement to a homestead exemption claim rests squarely with the Debtor. *See Diaz v. Kosmala (In re Diaz)*, 547 B.R. 329, 337 (B.A.P. 9th Cir. 2016).

However, the Motion suffers from the same flaws as Debtor's Opposition to the Homestead Objection. Residency at a dwelling alone *is not* sufficient to prove entitlement to a homestead exemption claim when an LLC, not the debtor, is the owner of the subject property.

Apparently conceding that she did not own any interest in the Property on the Petition Date because J-Sandcastle, LLC owned it instead, Debtor now maintains that the basis of a homestead exemption that she can claim in this case is the recordation of a Homestead Declaration approximately two hours before she filed the Petition. She is mistaken as the Court has already ruled against Debtor.

**D.    The Filing of a False Homestead Declaration is Irrelevant to the Merits of the Amended Motion**

The purpose of recording a declared homestead is to protect an owner's equity against subsequently recorded judicial liens in the event of a *voluntary* sale. *See In re Pike*, 243 B.R. 66, 70 (B.A.P. 9th Cir. 1999). However, in the context of an *involuntary* sale, the declared homestead is irrelevant:

> Katz places great significance on his lien status in a voluntary sale context, but such status is irrelevant to this chapter 7 case and lien avoidance proceeding. This is because the filing of a bankruptcy petition is the functional equivalent of a forced or

7

involuntary sale under California law, thus allowing a claiming debtor to have the rights, benefits and protections of the automatic homestead provisions. In a forced or involuntary sale context, the practical effect of the homestead, whether declared or automatic, is the same under California law . . . .

*Id.* (internal citations omitted).

Thus, the homestead declaration Debtor recorded just two hours before filing the bankruptcy petition is not evidence of her entitlement to a homestead exemption or proof that she has an exemption that is impaired by any liens. It is an entirely irrelevant fact to the Motion.

**E.    Even if the False Homestead Declaration Could be Relevant, Debtor Falsely Certified that she was the Homestead Owner as she also did on the Alleged Homeowner's Exemption Claim**

Persons eligible to execute and record a Homestead Declaration under California law are (1) the Declared Homestead Owner, (2) his/her spouse, (3) the guardian or conservator of the foregoing persons, or (4) a person acting under power of attorney for the foregoing persons. Cal. Civ. Proc. Code § 704.930(a)(1). A Declared Homestead Owner, by definition, is *the owner of an interest* in the declared homestead who is also named as a declared homestead owner in the homestead declaration. Cal. Civ. Proc. Code § 704.910(b)(1) (emphasis added); *Swart Enters., Inc. v. Franchise Tax Bd.*, 7 Cal. App. 5th 497, 510, 212 Cal. Rptr. 3d 670, 679 (2017); *In re Watts*, 298 F.3d 1077, 1082 (9th Cir. 2002).

Here, although Debtor identifies herself as the Declared Homestead Owner in the Homestead Declaration, she had no interest in the Property for the very same reason her homestead exemption claim under Cal. Civ. Proc. Code § 704.730 must fail: an LLC member has no specific interest in LLC property. Cal. Corp. Code § 17300; *Swart Enters., Inc. v. Franchise Tax Bd.*, 7 Cal. App. 5th 497, 510, 212 Cal. Rptr. 3d 670, 679 (2017). Alternatively, if Debtor would have the Court pierce the corporate veil and have her wholly owned LLCs be deemed at all times to be alter egos of the Debtor, the HOA would gladly prepare a statement under penalty of perjury for Debtor to so sign.

Similarly, assuming for the sake of argument only that Debtor had submitted a Claim for Homeowners' Property Tax Exemption prepetition, that would also have been a false statement by Debtor under penalty of perjury. The Claim at Page 6 of 256 of the Amended Motion (Docket No. 244) (emphasis added) clearly states: "*Only the owners* or their spouses who occupy the above-

8

described property . . . or his or her legal representative may sign this claim." However, Debtor signed the Claim individually, and not in the name of the LLC which actually owned the Property up until the Petition Date.

Until the Debtor admits under penalty of perjury that all of the LLCs she created were her alter egos with no separate existence from her, and even if the falsified Homeowner's Exemption Claim and Homestead Declaration were relevant to this case or Motion, they are of no aid to her. Consideration of the Amended Motion should be a search for the truth, not a search for Debtor's most convenient fib. Neither the Homestead Declaration nor the Homeowner's Exemption claim are evidence of entitlement to a homestead exemption or a lien avoidance order. They are simply invalid, irrelevant documents when that fact remains that Debtor did not own any interest in the Property on the Petition Date.

### F. Debtor Cannot Be Rewarded By Her Fraudulent Transfer Scheme

At the outset of this case, Debtor simultaneously and in bad faith claimed to own an interest in the Property while admitting that she registered title with J-Sandcastle LLC. Under California law, when a debtor transfers title to properties with intent to hinder, delay or defraud creditors, there are serious consequences that, in a court of equity, debtor cannot be relieved from. As the California Supreme Court has held:

> The contention embodies a correct statement of the law. The grantor in a deed made for the purpose of defrauding, hindering, or delaying his creditors cannot be relieved against its operation. As to him, it is valid. Such a conveyance vests the legal title in the grantee. It is good against the grantor, his heirs, executors, administrators, and persons claiming under him, and as to all persons except creditors of the grantor who may question it in a proper proceeding.

*Moore v. Schneider*, 196 Cal. 380, 385 (1925) (internal citations omitted).

Here, the Debtor went to great lengths to concoct a scheme by which title to the Property was kept out of her name while the HOA was seeking collection on its judgment by, among other things, conducting her judgment debtor exam. She voluntarily transferred the Property to her LLC and cannot now have the Court believe that the Property was really hers to exempt. Indeed, Debtor cannot even pretend to have validly transferred ownership back to herself postpetition because only the Chapter 7 Trustee may control J-Sandcastle LLC. *See In re First Protection, Inc.*, 440 B.R. 821,

9

830 (B.A.P. 9th Cir. 2010); *see also In re Wallace*, 2013 Bankr. LEXIS 1609, 2013 WL 1681780, at *3 (Bankr. D. Idaho Apr. 17, 2013). Under longstanding equitable principles, Debtor's transfer of the Property to the LLC has consequences, remains valid as to her, and only the LLC owns an interest in the Property. Because Debtor is equitably estopped from claiming an interest in the Property on the Petition Date, she cannot prove her entitlement to a homestead exemption that would be impaired by the HOA's liens. Consequently, and for the reasons stated in the Homestead Objection sustained by the Court, the Motion must be denied.

## IV. CONCLUSION

Based on the foregoing, the HOA respectfully requests that the Motion be denied.

Respectfully submitted,

DATED: November 1, 2022  **GOE FORSYTHE & HODGES LLP**

By: /s/ Brandon J. Iskander
　　Robert P. Goe
　　Brandon J. Iskander
　　Attorneys for The Huntington Beach
　　Gables Homeowners' Association

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 17701 Cowan, Suite 210, Irvine, CA 92614
\
A true and correct copy of the foregoing document entitled (*specify*): **OPPOSITION TO DEBTOR'S AMENDED NOTICE OF MOTION AND MOTION TO AVOID LIEN UNDER 11 U.S.C. § 522(f) AND REQUEST FOR HEARING; REQUEST FOR JUDICIAL NOTICE AND EVIDENTIARY OBJECTIONS SUBMITTED CONCURRENTLY THEREWITH** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On November 1, 2022, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) November 1, 2022, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

Jamie Lynn Gallian  
16222 Monterey Ln Unit 376  
Huntington Beach, CA 92649  

Janine Jasso  
PO Box 370161  
El Paso, CA 79937  

Michael D Poole  
Feldsott & Lee  
23161 Mill Creek Dr Ste 300  
Laguna Hills, CA 92653  

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) November 1, 2022, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

- The Honorable Scott Clarkson, USBC, 411 West Fourth Street, Santa Ana, CA 92701

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| November 1, 2022 | Susan C. Stein | /s/Susan C. Stein |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

Mailing Information for Case 8:21-bk-11710-ES

**Electronic Mail Notice List**

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- **Bradford Barnhardt    bbarnhardt@marshackhays.com, bbarnhardt@ecf.courtdrive.com,kfrederick@ecf.courtdrive.com**
- **Aaron E. DE Leest    adeleest@DanningGill.com, danninggill@gmail.com;adeleest@ecf.inforuptcy.com**
- **Robert P Goe    kmurphy@goeforlaw.com, rgoe@goeforlaw.com;goeforecf@gmail.com**
- **Jeffrey I Golden (TR)    lwerner@go2.law, jig@trustesolutions.net;kadele@go2.law**
- **D Edward Hays    ehays@marshackhays.com, ehays@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@marshackhays.com; cmendoza@ecf.courtdrive.com**
- **Brandon J Iskander    biskander@goeforlaw.com, kmurphy@goeforlaw.com**
- **Eric P Israel    eisrael@DanningGill.com, danninggill@gmail.com;eisrael@ecf.inforuptcy.com**
- **Laila Masud    lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com**
- **Mark A Mellor    mail@mellorlawfirm.com, mellormr79158@notify.bestcase.com**
- **Valerie Smith    claims@recoverycorp.com**
- **United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov**