1

2

3

4

5

6

7

FILED & ENTERED

DEC 19 2022

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY mccall    DEPUTY CLERK

8

9

10

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SANTA ANA DIVISION

11

12    In re

13    JAMIE LYNN GALLIAN,

14

15                    Debtor.

16

17

18

19

Chapter 7

Case No. 8:21-bk-11710-SC

**MEMORANDUM OF DECISION REGARDING DEBTOR'S MOTION FOR RECONSIDERATION OF THE COURT'S AUGUST 5, 2022 ORDER SUSTAINING OBJECTION TO DEBTOR'S HOMESTEAD EXEMPTION**

Date:    September 22, 2022
Time:    10:00 a.m.
Place:   Courtroom 5A – via zoom

20

21

22

23

24

25

26

27

28

On July 26, 2022, Jamie Lynn Gallian ("Debtor") filed "Debtors [sic] Notice of and Motion for Reconsideration of 7.21.22 Order Sustaining Houser Bros. Co. DBA Rancho Del Rey Mobile Home Estates [sic] Objection to Debtor's Claimed Homestead Exemption and Joinder Parties Huntington Beach Gables HOA; Janine Jasso" [dkt # 157] (the "Motion"). Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates ("Houser Bros") filed a "Response to Debtor's Notice of and Motion for Reconsideration of 7.21.22 Order Sustaining Houser Bros. Co. DBA Rancho Del Rey Mobile Home Estate's [sic] Objection

to Debtor's Claimed Homestead Exemption" [dkt # 170] (the "Response") on August 4, 2022. Jeffrey Golden, the Chapter 7 Trustee ("Trustee"), filed "Trustee's Joinder in Houser Bros. Co. DBA Rancho Del Rey Mobile Home Estates' Response to Debtor's Notice of and Motion for Reconsideration of 7.21.22 Order Sustaining Houser Bros. Co. DBA Rancho Del Rey Mobile Home Estate's [sic] Objection to Debtor's Claimed Homestead Objection" [dkt 171] (the "Trustee's Joinder") on August 4, 2022. Also on August 4, 2022, the Huntington Beach Gables Homeowners Association (the "HOA") filed "The Huntington Beach Gables Homeowners Association's Joinder to Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates' Response to Debtor's Motion for Reconsideration" [dkt #173] (the "HOA Joinder"). Debtor filed a "Reply to Houser Bros Co DBA Rancho Del Rey MobileHome [sic] Estates [sic] Opposition to Debtors [sic] Motion for Consideration [sic] of 7/21/22 Order Sustaining Houser Bros Co DBA Rancho Del Rey Mobilehome [sic] Estates [sic] Objection to Debtor's Claimed Homestead Exemption" [dkt #185] (the "Reply").  The Motion initially came on for hearing before the Honorable Erithe A. Smith on August 18, 2022 at 10:30 a.m. The hearing was subsequently continued to September 22, 2022 for further oral argument.  Appearances were made as noted on the Court's record. After the hearing, the matter was taken under advisement.[1]

<u>Procedural Background</u>

On May 12, 2022, Houser Bros filed a "Motion Objecting to Debtor's Claimed Homestead Exemption" ("Homestead Motion"). Dkt. 95.  Joinders to the Homestead Motion were filed by the HOA, creditor Janine Jasso ("Jasso"), and chapter 7 trustee

---

[1] This case was transferred to the Honorable Scott Clarkson on September 1, 2022 due to the retirement of the undersigned, Judge Erithe Smith, on October 29, 2022. However, as Judge Smith issued the underlying order sustaining Trustee's objection to Debtor's homestead exemption, presided over the hearing on Debtor's instant motion for reconsideration, and continues to serve as a recalled bankruptcy judge, she has authority and jurisdiction to rule on this motion for reconsideration.

Jeffrey Golden ("Trustee")[2] (collectively, the "Joining Parties"). Dkts. 98, 100. The

Homestead Motion was set for hearing on June 2, 2022, at 10:30 a.m. Dkt. 99. Debtor

filed a late opposition to the Homestead Motion ("Homestead Opposition") on June 1,

2022, just one day prior to the hearing. Dkt. 105.

On June 2, 2022, the Court conducted a hearing on the Homestead Motion

and continued the hearing to July 21, 2022  in order to allow the Joining Parties to

respond to Debtor's late-filed Homestead Opposition.  On June 23, 2022, the Court

entered its "Order Continuing Hearing on Motion Objecting to Debtor's Claimed

Homestead Exemption" ("June 23, 2022 Order"), which attached a copy of the

Court's tentative ruling for the hearing on June 2, 2022. Dkt. 124. The June 23,

2022 Order provided that the hearing on the Homestead Motion was continued to

July 21, 2022, at 10:30 a.m. to allow Houser Bros and the Joining Parties to file

replies to Debtor's late opposition by July 7, 2022 and that no further pleadings

were to be filed regarding the Motion. Dkt. 124.

Timely reply briefs were filed by Houser Bros and the HOA. Dkts. 129, 130,

131, 132, 133. On July 8, 2022, Debtor filed an unauthorized "Reply to Greg

Buysman, CA Notary Public Commission Number 2341449; Owner & Operator the

UPS Store, Edinger/Springdale." Dkt. 134.

The Court held a continued hearing on the Homestead Motion on July 21,

2022, at which time it orally granted the same for the reasons stated in its posted

tentative ruling. That same day, on July 21, 2022, Debtor filed a "Notice of

Lodgment of Orange County Tax Assessors [sic] Proof of Debtors [sic] Homestead

Exemption Effective 2/25/2021 in Support of Opposition to Motion Objecting to

---

[2] Trustee's joinder was not filed until June 30, 2022. Dkt. 128.

Claimed Homestead Exemption" ("First NOL"). Dkt. 139. Later that same day, Debtor

also filed a "Notice of Lodgment of Orange County Tax Assessors [sic] Proof of Debtors

[sic] Homestead Exemption Effective 2/25/2021 in Support of Opposition to Motion

Objecting to Claimed Homestead Exemption" ("Second NOL"). Dkt. 140. Finally, on July

21, 2022,  Debtor filed a "Notice of Appeal and Statement of Election" ("Notice of

Appeal") regarding a "7/21/2022 Order Denying Debtors [sic] Declared Homestead and

Debtors [sic] Homeowners Exemption Effective February 25, 2021 with the Orange

County Tax Assessor Pursuant to California Department of Housing and Community

Development Certificate of Title Perfected February 25, 2021." Dkt. 143. Debtor's appeal

was referred to the Bankruptcy Appellate Panel based on Debtor's election. Dkt. 161.

However, the Court's "Order Granting Houser Bros. Co. dba Rancho Del Rey Mobile

Home Estates's Motion Objecting to Debtor's Claimed Homestead Exemption in 16222

Monterey Lane, Space 376, Huntington Beach, CA 92649" ("Homestead Order") was not

entered until August 5, 2022. Dkt. 177.

On July 26, 2022, Debtor filed the Motion. Dkt. 157.  Shortly thereafter, on August

1, 2022, Debtor filed a "Motion for Leave from the Bankruptcy Appeal [sic] Panel to

Permit the Bankruptcy Court to Consider Debtor's Motion for Re-Consideration [dkt. 157]

on August 18, 2022." Dkt. 167. The following day, on August 2, 2022, Houser Bros filed

an "Optional Appellee Statement of Election to Proceed in District Court." Dkt. 168. A

Notice of Transfer of Appeal to District Court was filed on the docket by the Debtor on

August 8, 2022. Dkt. 180. Debtor also filed a Notice Regarding Appeal From Bankruptcy

Court that was entered on August 11, 2022. Dkt. 184.  Ultimately, the District Court Case,

no. 8:22-cv-1462-RGK was dismissed by Debtor, thereby eliminating any issue regarding

this Court's jurisdiction over the Motion. *See* Dkt. 215.

<u>Standards for Relief Under Federal Rules of Civil Procedure 59(e) and 60(b)</u>

Federal Rules of Civil Procedure (FRCP) 59(e) and 60(b) are applicable to bankruptcy cases pursuant to Federal Rules of Bankruptcy Procedure 9023 and 9024 respectively.

A motion brought under FRCP 59 involves reconsideration on the merits and generally should not be granted unless it is based on at least one of the following grounds: (1) to correct manifest errors of law or fact upon which the judgment is based; (2) to allow the moving party the opportunity to present newly discovered or previously unavailable evidence; (3) to prevent manifest injustice; or (4) to reflect an intervening change in controlling law. *In re Oak Park Calabasas Condominium Ass'n*, 302 B.R. 682, 683 (Bankr.C.D.Cal.2003), *citing McDowell v. Calderon,* 197 F.3d 1253, 1255 (9th Cir.1999), *cert. denied,* 529 U.S. 1082, 120 S.Ct. 1708, 146 L.Ed.2d 511 (2000) (cit. omitted). The term "manifest error" is "an error that is plain and indisputable, and that amounts to a complete disregard of the controlling law or the credible evidence in the record." *Oak Park* at 783. A "manifest injustice" is defined as "an error in the trial court that is direct, obvious, and observable, such as a defendant's guilty plea that is involuntary or that is based on a plea agreement that the prosecution rescinds." *Id.*

A motion brought under FRCP 59 "may seek a reconsideration of the correctness and merits of the trial court's underlying judgment." *In re Wylie*, 349 B.R. 204, 209 (9th Cir. BAP 2006). A motion based on FRCP 59 may not be used "to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters., Inc. v. Estate of Bishop,* 229 F.3d 877, 890 (9th Cir.2000). Further, such a motion may not be used to present a new legal theory for the first time, to raise legal arguments which

could have been raised in connection with the original motion, or "to rehash the same arguments presented the first time or simply express the opinion that the court was wrong." *In re JSJF Corp.,* 344 B.R. 94, 103 (9th Cir. BAP 2006), *aff'd and remanded*, 277 Fed.Appx. 718 (9th Cir. 2008).

Under FRCP 60(b), a party may seek relief from a final judgment or order on the following enumerated grounds: 1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Factual Background

This matter involves a dispute over Debtor's claimed homestead exemption in the manufactured home located at 16222 Monterey Lane, Unit 376, Huntington Beach, CA (the "Property"). The underlying facts are complex and are set forth in the pleadings filed in connection with the Homestead Motion and the instant Motion and are incorporated herein by reference. However, due to the narrow scope of this Memorandum, such facts will not be fully discussed except as relevant to the Court's findings and conclusions.

The pleadings filed in connection with the Homestead Motion focused primarily on whether Debtor had an ownership interest in the Property as of the petition date, i.e., July 9, 2021.  It is undisputed that shortly after the acquisition of the Property in November 2018, its registered owner was J-Sandcastle LLC ("Sandcastle"), an entity wholly owned by Debtor.  Thereafter, Ron Pierpont and J-Pad LLC were added as the Property's legal

owners.  According to Debtor, Sandcastle's interest in the Property was transferred to her on February 21, 2021; according to Houser Bros the transfer did not occur and/or did not become effective until *after* July 9, 2021.  In her opposition to the Homestead Motion, Debtor argued, among other things, that she qualified for the automatic homestead exemption permitted under California law because she had continuously resided on the Property as her principal residence since 2018 to the present. Debtor's Opposition to Homestead Motion at pp.15, 20. Dkt. 105. There was no evidence presented by the Joining Parties that disputed Debtor's residency claim.

Oral argument at the hearing on the Homestead Motion also focused on the issue of ownership as of the filing of the bankruptcy petition.  Indeed, the Court's ruling on the Homestead Motion exclusively relied on matters relating to ownership, as reflected in the following excerpts from the Homestead Order:

> In In re *Shaefers*[3], the Ninth Circuit BAP found that a Chapter 7 debtor cannot claim homestead exemption in limited liability company (LLC) that he owned, which owned real property at which debtor resided; debtor did not identify any beneficial or equitable interest in the property, and LLC members such as debtor had no interest in the company's assets, rather, debtor's interest in LLC was a personal property interest outside the statutory definition of a homestead. 623 B.R. 777 (B.A.P. 9th Cir. 2020).
>
> Here, Debtor has failed to meet her burden that the Property is subject to exemption. First, the HCD records show that J-Sandcastle LLC, not Debtor, was the Property's owner of record on the Petition Date. As of June 7, 2021— about a month before the Petition Date—the Property's registered owner was J-Sandcastle LLC, and the legal owners were Pierpont and J-Pad LLC. Hays Decl., Ex. 17 at 142. The HCD webpage indicates that "documents and fees" must be submitted to the HCD to

---

[3] *In re Shaefers* was subsequently vacated by the Ninth Circuit on August 31, 2022 due to the dismissal of the bankruptcy case.  *In re Schaefers* ("*Schaefers II*"), 2022 WL 3973920, at *1 (9th Cir. Aug. 31, 2022) (vacating decision). The BAP decision therefore has "no precedential authority whatsoever." *See O'Connor v. Donaldson*, 422 U.S. 563, 578 n. 2, 95 S.Ct. 2486, 2495 n. 2, 45 L.Ed.2d 396 (1975) . It's availability for citation for any purpose is, therefore, uncertain.  In any event, the Court notes that 1) in *Shaefers*, the debtor asserted an interest in the LLC itself and not in the real property owned by the LLC, and 2) as discussed *supra* herein, an equitable interest in real property may be shown by occupancy.

transfer ownership of a manufactured home or manufactured home. The June 7, 2021, Title Search did not note any pending applications for title or registration change that might have added Debtor as the registered or legal owner of the Property before the Petition Date. And, Debtor paid no fees to the HCD between June 7, 2021, and the Petition Date that could have effectuated a title change. See Hays Decl., Ex. 26.

Moreover, the July 2021 HCD Transaction had a transaction date of July 14, 2021—five days after the Petition Date—and included a certificate of title showing J-Sandcastle LLC as the Property's registered owner and Pierpont and J-Pad LLC as the Property's legal owners. Hays Decl., Ex. 21 at 171. Included in this post-petition transaction was a document to add Debtor as the Property's "New Registered Owner." Id. at 172. Also attached was a County of Orange "Tax Clearance Certificate" issued and executed on the Petition Date, which gave the Property's "Current Registered Owner" as J1Sandcastle LLC. Id. at 191. The August 2021 HCD Transaction did include a certificate of title showing Debtor as the Property's registered owner, but according to the certificate, title was issued on August 3, 2021, nearly a month after the Petition Date. Hays Decl., Ex. 22 at 195.

Second, between February 1, 2021, and the Petition Date, all payments that Debtor submitted to Houser Bros. listed J-Sandcastle LLC as the payor/were on behalf of J-Sandcastle LLC. Only after the Petition Date did Debtor submit a payment on her own behalf. See Hays Decl. Ex. 23 at 203-222.

Third, Debtor provides no credible evidence that she acquired an interest from the LLC on February 25, 2021. In Debtor's Original Schedules, filed on the Petition Date (July 9, 2021), Debtor provided, under penalty of perjury, that "Registered Title with HCD Debtor's single member LLC, J1Sandcastle Co, LLC." Motion at 33 (Exhibit 2). In addition, Debtor, in the Opposition, asserts J-Sandcastle LLC's executed a notarized release of title document, claiming: "On the petition date July 9, 2021, the registered title owner of the manufactured home located at 16222 Monterey Lane, Unit #376, Huntington Beach, CA 92649 ('Property') was Jamie Lynn Gallian as of February 25, 2021, the date J-Sandcastle Co LLC signed and dated to release the Certificate of Title to Jamie Lynn Gallian, notarized the same date." Opp'n., 29. However, Mr. Buysman did not actually notarize these documents. Instead, Mr. Buysman's notary book shows that on February 25, 2021, he notarized for Debtor an "Affidavit of Death" and a "Transfer Grant Deed." Buysman Decl., ¶7-11. Mr. Buysman did not notarize the July 2021 HCD Submission either. Id. Debtor's improperly filed July 8 response, even if considered by the court, would be insufficient to counter the statements and documentary evidence set forth in the Buysman Declaration.

-------------------------------

1

2          In conclusion, Debtor failed to carry her burden because, on the
Petition Date, the Property's registered owner was J-Sandcastle LLC, and
3     the legal owners were Pierpont and J-Pad, LLC. As a result, the Property
was not part of the estate and not eligible for an exemption.

4          Neither the Court's ruling at the hearing or the Homestead Order includes a full or

5

6     proper analysis of Debtor's claimed automatic homestead exemption under Cal. Civ Proc.

7     Code § 704.720(a).  The Court believes such oversight was in error.

8          <u>Relief Under Either FRCP 59(e) or FRCP 60(b) is Warranted Because Debtor has</u>

9     <u>Demonstrated Entitlement to an Automatic Homestead Exemption Under Cal.Civ.Proc.</u>

10    <u>Code §704.720(a)</u>

11         Though the Motion does not specifically cite FRCP 59(e) or FRCP 60(b),

12

13    the substance of the arguments therein is consistent with either Rule and Debtor clarifies

14    in her Reply brief that she is seeking relief under both Rules. Debtor's Reply brief at 5.

15    As previously noted, it is undisputed that Debtor has resided continuously on the Property

16    as her principal residence from November 2018 to through the petition date and beyond.

17    As a matter of law, Debtor meets the requirements for an automatic homestead

18    exemption under Cal. Civ. Proc. Code §§ 704.710(c) and 704.720(a).

19         In *In re Gilman*, 887 F.3d 956, 964-965 (9th Cir. 2018), the Ninth Circuit held

20    as follows:

21

22          California provides for an "automatic" homestead
exemption. Cal. Civ. Proc. Code § 704.720(a). The automatic
23     homestead exemption protects a debtor "who resides (or who is
related to one who resides) in the homestead property at the time
24     of a forced judicial sale of the dwelling." *In re Anderson*, 824 F.2d
754, 757 (9th Cir. 1987); *see also Diaz*, 547 B.R. at 334 ("The filing
25     of a bankruptcy petition constitutes a forced sale for purposes of
the automatic homestead exemption.").
26

27          Under Cal. Civ. Proc. Code § 704.710(c), a "homestead" is
"the principal dwelling (1) in which the judgment debtor or the
28     judgment debtor's spouse resided on the date the judgment

9

creditor's lien attached to the dwelling, and (2) in which the judgment debtor or the judgment debtor's spouse resided continuously thereafter until the date of the court determination that the dwelling is a homestead." This "requires only that the judgment debtor *reside* in the property as his or her principal dwelling at the time the judgment creditor's lien attaches and continuously thereafter until the court determines the dwelling a homestead." *In re Elliott*, 523 B.R. 188, 196 (BAP 9th Cir. 2014) (quoting *Tarlesson*, 184 Cal. App. 4th at 937, 109 Cal.Rptr.3d 319). It does not require that the debtor continuously own the property. *Id.*

To determine whether a debtor resides in a property for homestead purposes, courts consider the debtor's physical occupancy of the property and the intent to reside there. *Diaz*, 547 B.R. at 335; *Ellsworth v. Marshall*, 196 Cal.App. 2d 471, 474, 16 Cal.Rptr. 588 (1961) ("The physical fact of the occupancy and the intention with which the premises are occupied 'are both elements to be considered in determining the actual residence.' ") (quoting *Lakas v. Archambault*, 38 Cal.App. 365, 372, 176 P. 180 (1918)).

California law rejects Phillips' argument that title to the property is necessary to claim a homestead exemption. For instance, *Tarlesson* held that "judgment debtors who continuously reside in their dwellings retain a sufficient equitable interest in the property to claim a homestead exemption even when they have conveyed title to another." 184 Cal.App. 4th at 937, 109 Cal.Rptr.3d 319. The court further noted that "[s]uch a result is consistent with the purpose of California's homestead exemption to protect one's dwelling against creditors." *Id.* Likewise, *Elliott* held that conveyance to a third party does not defeat a debtor's right to an automatic exemption, "because continuous residency, rather than continuous ownership," controls the analysis. 523 B.R. at 196.

Importantly, *Gilman* cites with favor the case of *Tarlesson v. Broadway Foreclosure Investments, LLC*, 184 Cal.App.4th 931 (2010). In analyzing the interplay between Cal. Civ. Proc. Code §§ 703.720 and 704.710(c), the Tarlesson Court explained:

Broadway bases its argument in substantial part on the language of section 703.020 which provides that statutory exemptions "apply only to property of a natural person." Broadway reads section 703.020 to imply a requirement of ownership. But the authorities Broadway cites do not support its argument. While section 703.020, subdivision (a) states generally that "[t]he exemptions provided by this chapter apply only to property of a natural person," the statutory definition of "homestead" provided in section 704.710 requires only that the judgment debtor reside in the property as his or her principal dwelling at the time the judgment creditor's lien attaches and continuously thereafter until the court determines the dwelling is a homestead. (§ 704.710, subd. (c).) There is no requirement in section 704.710 that the judgment debtor continuously

own the property, and we do not read section 703.020 to impose
such a requirement. 184 Cal.App.4th at 937.

Further, the Court in *Tarlesson* recognized that "debtors who continuously

reside in their dwellings retain a sufficient equitable interest in the property to claim

a homestead exemption even when they have conveyed title to another." *Id.*

(citations omitted).  Accordingly, the Court finds and concludes that Debtor

satisfied her burden of establishing entitlement to an automatic homestead

exemption under California law and that the Court erred in not recognizing such

entitlement in its Homestead Order.

## Debtor's Homestead Exemption in the Amount of $600,000 Allowed by Cal. Civ. Proc. Code § 704.730(a) is Not Limited by § 522(p)(1)

In its Response to the Motion, Houser Bros requests that if the Court grants

the Motion to allow Debtor a homestead exemption, such exemption should be

limited to $170,350 pursuant to 11 U.S.C. § 522(p)(1) because, according to

Debtor, she acquired an ownership interest in the Property on February 21, 2022

(less than 180 days before the bankruptcy filing).  Section 522(p)(1) limits a

debtor's ability to take advantage of homestead exemptions under state law.

Specifically, § 522(p)(1) provides that a debtor "may not exempt any amount of

interest *that was acquired by the debtor* during the 1215-day period preceding the

date of the filing of the petition that exceeds . . . $170,350 in value in real or

personal property that the debtor . . . uses as a residence." (emphasis added)  A

majority of courts have held that § 522(p)(1) applies to "opt-out" states such as

California.  See, *In re Virissimo*, 332 B.R. 201, 207 (Bankr. D.Nev.2005); *Kane v.

Zions Bancorporation, N.A.*, 2022 WL 4591787 (September 29, 2022). This Court

11

agrees with the majority view regarding the application of § 522(p)(1) to exemptions allowed under California law.

The Ninth Circuit has held that "it appears that Congress intended 'acquire' to mean 'gaining possession or control' by purchasing or gaining an ownership interest, either legal or equitable." *In re Greene*, 583 F.3d 614, 623 (9th Cir.2009).  California law provides for an automatic homestead exemption, which protects a debtor "who resides . . . in the homestead property at the time of a forced judicial sale of the dwelling." *Gilman*, 887 F.3d at 964.  The filing of a bankruptcy petition has been held to constitute a forced sale that triggers the application of the automatic homestead exemption.  *In re Elliott,* 523 B.R. 188, 195 (9th Cir. BAP 2014).  As previously noted, in California, title to the property is not necessary to claim an automatic homestead exemption. *Gilman* at 965 ("To determine whether a debtor resides in a property for homestead purposes, courts consider the debtor's physical occupancy of the property and the intent to reside there.")

Here, Debtor has sufficiently demonstrated both continuous occupancy of the Property as well as her intent to reside there. Consequently, she qualifies for the homestead exemption provided under Cal. Civ. Proc. Code § 704.720(a) without regard to, and irrespective of, her subsequent acquisition of legal title. Accordingly, the amount of her exemption permitted under Cal. Civ Proc. Code § 704.730(a) is not affected by the restriction imposed by § 522(p)(1).

Conclusion

Based upon the foregoing, the Court finds and concludes that 1) Debtor's continuous possession and occupation of the Property as her principal residence (irrespective of ownership) constitutes an equitable interest that is sufficient to establish her entitlement to the automatic homestead exemption provided by Cal. Civ. Proc. Code

§§ 704.720(a) and 704.730(a), 2) the Motion should be granted under FRCP 59(e) on the basis of manifest error of law and under FRCP 60(b)(6); 3) the Court's Homestead Order entered on August 5, 2022 should be vacated and the underlying Homestead Motion related thereto should be deemed denied; and 4) Debtor is entitled to a homestead exemption in the amount of $600,000.

###

Date: December 19, 2022

Erithe Smith
United States Bankruptcy Judge