| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| D. EDWARD HAYS, #162507<br>ehays@marshackhays.com<br>LAILA MASUD, #311731<br>lmasud@marshackhays.com<br>BRADFORD N. BARNHARDT, #328705<br>bbarnhardt@marshackhays.com<br>MARSHACK HAYS LLP<br>870 Roosevelt<br>Irvine, CA 92620<br>Telephone: (949) 333-7777<br>Facsimile: (949) 333-7778<br><br>☐ *Individual appearing without attorney*<br>☒ *Attorney for:* Houser Bros. Co. | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA -  SANTA ANA DIVISION**

| In re:<br><br>JAMIE LYNN GALLIAN<br><br><br><br><br><br><br>Debtor(s). | CASE NO.: 8:21-bk-11710-SC<br><br>CHAPTER: 7 |
|---|---|
| | **NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY OR FOR ORDER CONFIRMING THAT THE AUTOMATIC STAY DOES NOT APPLY UNDER 11 U.S.C. § 362(I)**<br>**(with supporting declarations)**<br>**(UNLAWFUL DETAINER)** |
| | DATE: 01/18/2023<br>TIME: 10:00 am<br>COURTROOM: 5C |

| **Movant**: Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates |
|---|

1. **Hearing Location**:

   ☐ 255 East Temple Street, Los Angeles, CA 90012       ☒ 411 West Fourth Street, Santa Ana, CA 92701

   ☐ 21041 Burbank Boulevard, Woodland Hills, CA 91367   ☐ 1415 State Street, Santa Barbara, CA 93101

   ☐ 3420 Twelfth Street, Riverside, CA 92501

2. Notice is given to the Debtor and trustee (*if any*)(Responding Parties), their attorneys (*if any*), and other interested parties that on the date and time and in the courtroom stated above, Movant will request that this court enter an order granting relief from the automatic stay as to Debtor and Debtor's bankruptcy estate on the grounds set forth in the attached Motion.

3. To file a response to the motion, you may obtain an approved court form at www.cacb.uscourts.gov/forms for use in preparing your response (optional LBR form F 4001-1.RFS.RESPONSE), or you may prepare your response using the format required by LBR 9004-1 and the Court Manual.

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2014*                    Page 1                    **F 4001-1.RFS.UD.MOTION**

4.  When serving a response to the motion, serve a copy of it upon the Movant's attorney (or upon Movant, if the motion was filed by an unrepresented individual) at the address set forth above.

5.  If you fail to timely file and serve a written response to the motion, or fail to appear at the hearing, the court may deem such failure as consent to granting of the motion.

6.  ☒ This motion is being heard on REGULAR NOTICE pursuant to LBR 9013-1(d).  If you wish to oppose this motion, you must file and serve a written response to this motion no later than 14 days before the hearing and appear at the hearing.

7.  ☐ This motion is being heard on SHORTENED NOTICE pursuant to LBR 9075-1(b).  If you wish to oppose this motion, you must file and serve a response no later than (*date*) _____ and (*time*) _____; and, you may appear at the hearing.

a.  ☐ An application for order setting hearing on shortened notice was not required (according to the calendaring procedures of the assigned judge).

b.  ☐ An application for order setting hearing on shortened notice was filed and was granted by the court and such motion and order have been or are being served upon the Debtor and upon the trustee (if any).

c.  ☐ An application for order setting hearing on shortened notice was filed and remains pending.  After the court rules on that application, you will be served with another notice or an order that specifies the date, time and place of the hearing on the attached motion and the deadline for filing and serving a written opposition to the motion.

Date: _12/28/2022_

MARSHACK HAYS LLP
_____
Printed name of law firm (if applicable)

D. EDWARD HAYS
_____
Printed name of individual Movant or attorney for Movant

/s/ D. Edward Hays
_____
Signature of individual Movant or attorney for Movant

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY OR FOR ORDER
## CONFIRMING THAT THE AUTOMATIC STAY DOES NOT APPLY
### (Unlawful Detainer)

**1. Movant is the:**

a. ☒ Owner of the Property
b. ☐ Authorized Agent of the owner of the Property
c. ☐ Other (*specify*):

**2. The Property at Issue (Property):**

Type of Property: ☒ Residential   ☐ Nonresidential

*Street Address*: 16222 Monterey Lane
*Unit/Suite Number*: Space 376
*City, State, Zip Code*: Huntington Beach, CA 92647

**3. Bankruptcy Case History:**

a. ☒ A voluntary   ☐ An involuntary   petition under chapter   ☒ 7 ☐ 11 ☐ 12 ☐ 13
was filed on (*date*): 07/09/2021

b. ☐ An order to convert this case to chapter   ☐ 7 ☐ 11 ☐ 12 ☐ 13
was entered on (*date*):

c. ☐ A plan was confirmed on (*date*):

**4. Pursuant to 11.U.S.C. § 362(b)(22) and (23) there is no stay because (*check all that apply*):**

a. ☐ Movant commenced an eviction, unlawful detainer action or similar proceeding against the Debtor involving residential property in which the Debtor resides and:

(1) ☐ The Debtor has not filed and served on Movant the certification required under 11 U.S.C. § 362(l)(1).

(2) ☐ The Debtor or adult dependent of the Debtor has not deposited with the clerk any rent that would become due during the 30-day period after the filing of the petition.

(3) ☐ The Debtor or adult dependent of the Debtor has not filed and served on Movant the further certification required under 11 U.S.C. § 362(l)(2) that the entire monetary default that gave rise to the judgment has been cured.

(4) ☐ Movant filed and served an objection to the Debtor's certification.  A copy of the objection is attached as Exhibit _____.  A hearing on this objection is set for (*date*) _____.

**5. Grounds for Relief from Stay: (*check all that apply*)**

a. ☒ Pursuant to 11 U.S.C. § 362(d)(1), cause exists because, as of the bankruptcy petition date, the Debtor had no right to continued occupancy of the premises, as follows:

(1) ☒ Movant caused a notice to quit to be served on the Debtor.

(2) ☒ An unlawful detainer proceeding was commenced on (*date*) _01/02/2019_.

(3) ☐ An unlawful detainer judgment was entered on (*date*) _____.

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2014*                    Page 3                    **F 4001-1.RFS.UD.MOTION**

(4) ☐ Movant acquired title to the Property by foreclosure sale before the bankruptcy petition was filed and recorded the deed within the period provided by state law for perfection.

(5) ☐ Movant acquired title to the Property by foreclosure sale after the bankruptcy petition was filed and recorded the deed within the period provided by state law for perfection.

b. ☐ Pursuant to 11 U.S.C. § 362(d)(1) the Debtor's right to possession should be terminated because (*check all that apply*):

(1) ☐ The lease or other right of occupancy expired by its terms on (*date*) _____.

(2) ☐ The lease has matured, been rejected or deemed rejected by operation of law on (*date*) _____.

(3) ☐ Lease payments have not been made after the filing of the bankruptcy petition.

(4) ☐ An unlawful detainer action was filed to obtain possession of the Property on grounds of endangerment of the Property or because of illegal use of controlled substances on the Property and Movant filed and served upon the Debtor a certification that ☐ such an action was filed or
☐ that within the 30 days preceding the certification, the Debtor has endangered the subject Property or illegally allowed the use of controlled substances on the Property. A copy of Movant's certification is attached as Exhibit _____. The Debtor ☐ has ☐ has not filed an objection to Movant's certification. A copy of the Debtor's objection, if any, is attached as Exhibit _____. A hearing on this objection is set for (*date*) _____.

(5) ☐ The bankruptcy case was filed in bad faith:

(A) ☐ Movant is the only creditor or one of few creditors listed in the Debtor's case commencement documents.

(B) ☐ Other bankruptcy cases have been filed in which an interest in the Property was asserted.

(C) ☐ The Debtor filed only a few case commencement documents. No schedules or statement of financial affairs (or chapter 13 plan, if appropriate) has been filed.

(D) ☐ There was a recent transfer of all or part ownership of, or other interest in the Property without the consent of the Movant or court approval.

c. ☒ Pursuant to 11 U.S.C. § 362(d)(2)(A), the Debtor has no equity in the Property; and pursuant to 11 U.S.C. § 362(d)(2)(B), the Property is not necessary to an effective reorganization.

6. **Grounds for Annulment of the Stay.** Movant took postpetition actions against the Property or the Debtor:

a. ☐ These actions were taken before Movant knew the bankruptcy petition was filed, and Movant would have been entitled to relief from stay to proceed with these actions.

b. ☐ Movant knew the bankruptcy case had been filed, but Movant previously obtained relief from stay to proceed with these enforcement actions in prior bankruptcy cases affecting the Property as set forth in Exhibit _____.

c. ☐ Other:

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2014*                                    Page 4                                    **F 4001-1.RFS.UD.MOTION**

7.   **Evidence in Support of Motion:** (*Important Note: Declaration(s) in support of the Motion MUST be signed under penalty of perjury and attached to this motion.*)

   a.   The UNLAWFUL DETAINER DECLARATION on page 7.

   b.   ☒  Supplemental declaration(s).

   c.   ☐  Other (*specify*):

**Movant requests the following relief.**

1.   Relief from stay pursuant to:   ☒ 11 U.S.C. § 362(d)(1)   ☒ 11 U.S.C. § 362(d)(2)

2.   ☒  Movant (and any successors or assigns) may proceed under applicable nonbankruptcy law to enforce its remedies to obtain possession of the Property.

3.   ☐  Confirmation that there is no stay in effect.

4.   ☐  The stay is annulled retroactive to the bankruptcy petition date.  Any postpetition acts taken by Movant to enforce its remedies regarding the Property shall not constitute a violation of the stay.

5.   ☐  The co-debtor stay of 11 U.S.C. § 1201(a) or § 1301(a) is terminated, modified or annulled as to the co-debtor, on the same terms and conditions as to the Debtor.

6.   ☒  The 14-day stay prescribed by FRBP 4001(a)(3) is waived.

7.   ☐  A designated law enforcement officer may evict the Debtor and any other occupant from the Property regardless of any future bankruptcy filing concerning the Property for a period of 180 days from the hearing of this motion:
   ☐  without further notice.
   ☐  upon recording of a copy of the order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

8.   ☐  Relief from stay is granted under 11 U.S.C. § 362(d)(4), if the order granting this motion is recorded in compliance with state laws governing notices of interest or liens in real property, the order is binding in any other case under this title purporting to affect the Property filed not later than two years after the date of entry of such order, except that a debtor in a subsequent case under this title may move for relief from the order based upon changed circumstances or for good cause shown, after notice and a hearing.

9.   ☐  The order is binding and effective in any bankruptcy case commenced by or against any debtor who claims any interest in the Property for a period of 180 days from the hearing of this Motion:
   ☐  without further notice.
   ☐  upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

10.  ☐  The order is binding in any other bankruptcy case purporting to affect the Property filed not later than 2 years after the date of entry of such order, except that a debtor in a subsequent case may move for relief from the order based upon changed circumstances or for good cause shown, after notice and hearing.

11.  ☐  The order is binding and effective in any bankruptcy case commenced by or against the Debtor for a period of 180 days, so that no further automatic stay shall arise in that case as to the Property.

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

12. ☐ If relief from stay is not granted with respect to the Property because the Property is the subject of a lease that may be assumable;

   a. ☐ Establishment of a deadline for assumption or rejection of the lease.

   b. ☐ Adequate protection in the form of regular payments at the lease rate from petition date until assumption or rejection of the lease.

13. ☒ Other relief requested.

Date: 12/28/2022

MARSHACK HAYS LLP
Print name of law firm (*if applicable*)

D. EDWARD HAYS
Print name of individual Movant or attorney for Movant (*if applicable*)

/s/ D. Edward Hays
Signature of individual Movant or attorney for Movant

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2014*                         Page 6                         **F 4001-1.RFS.UD.MOTION**

# UNLAWFUL DETAINER DECLARATION

I, (*name of declarant*) _CHRIS HOUSER_____ , declare as follows:

1. I have personal knowledge of the matters set forth in this declaration and, if called upon to testify, I could and would competently testify thereto.  I am over 18 years of age.  I have knowledge regarding Movant's interest in the Property because (*specify*):

   a. ☐  I am the Movant and owner of the Property.

   b. ☒  I manage the Property as the authorized agent for the Movant.

   c. ☐  I am employed by Movant as (*title and capacity*):

   d. ☐  Other (*specify*):

2. a. ☒  I am one of the custodians of the books, records and files of Movant as to those books, records and files that pertain to the rental of this Property.  I have personally worked on books, records and files, and as to the following facts, I know them to be true of my own knowledge or I have gained knowledge of them from the business records of Movant on behalf of Movant, which were made at or about the time of the events recorded, and which are maintained in the ordinary course of Movant's business at or near the time of the acts, conditions or events to which they relate. Any such document was prepared in the ordinary course of business of Movant by a person who had personal knowledge of the event being recorded and had or has a business duty to record accurately such event.  The business records are available for inspection and copies can be submitted to the court if required.

   b. ☐  Other (see attached):

3. The Property is:

   ☒ Residential   ☐ Nonresidential

   *Street Address*: 16222 Monterey Lane
   *Unit/Suite Number*: Space 376
   *City, State, Zip Code*: Huntington Beach, CA 92647

4. Movant is the   ☒ legal owner of the Property, or   ☐ the owner's legally authorized agent.  A true and correct copy of the trustee's deed upon sale, lease, rental agreement, or other document evidencing Movant's interest in the Property is attached as Exhibit _A____.  A true and correct copy of the applicable document establishing Movant's authority as agent for the owner is attached as Exhibit _____.

5. The Debtor asserts a possessory interest in the Property based upon:

   (1) ☐  a month-to-month tenancy

   (2) ☐  a lease that is in default

   (3) ☐  after a foreclosure sale that was held on (*date*): _____.

   (4) ☒  other (*specify*): occupation of Property, there is no lease agreement.

6. The Debtor failed to pay:

   a. ☐  The monthly rent of $_____ beginning on (*date*): _____.

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

b. ☒ Other obligations including:

    (1) ☐ Common area maintenance charges

    (2) ☐ Property taxes

    (3) ☒ Other obligations (*specify*):
    In the unlawful detainer action, Movant seeks damages for, among other things, lost rental income and actual consumption of utilities during Debtor's occupation of the premises.

7. Procedural status

a. ☐ The lease matured or was rejected on (*date*) _____:

    (1) ☐ by operation of law.

    (2) ☐ by order of the court.

b. ☒ Movant caused a notice to quit to be served upon the Debtor on (*date*) _12/11/2018__, and a true and correct copy is attached as Exhibit _B___.

c. ☒ Before the bankruptcy petition was filed:

    (1) ☒ Movant filed a complaint for unlawful detainer against the Debtor on (*date*) _01/02/2019_____, and a true and correct copy is attached as Exhibit _C___.

    (2) ☐ Trial was held on (*date*) _____.

    (3) ☐ Trial was continued to (*date*) _____.

    (4) ☐ An unlawful detainer judgment against the Debtor was entered on the complaint for unlawful detainer on (*date*) _____, and a true and correct copy is attached as Exhibit _____.

    (5) ☐ A writ of possession for the Property was issued on (*date*) _____, and a true and correct copy is attached as Exhibit _____.

d. After the bankruptcy petition was filed:

    (1) ☐ The Debtor has not filed and served on the Movant the certification required under 11 U.S.C. § 362(l)(1).

    (2) ☐ The Debtor or adult dependent of the Debtor has not deposited with the clerk any rent that would become due during the 30-day period after the filing of the bankruptcy petition.

    (3) ☐ The Debtor or adult dependent of the Debtor has not filed and served on the Movant the further certification required under 11 U.S.C. § 362(l)(2) that the entire monetary default that gave rise to the judgment has been cured.

    (4) ☐ The Debtor filed and served on the Movant the certification required under 11 U.S.C. § 362(d)(1).

        (A) ☐ Movant filed and served an objection a copy of which is attached as Exhibit _____.  A hearing on this objection is set for (*date*) _____.

        (B) ☐ Movant has not filed and served an objection.

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

(5) ☐ An unlawful detainer action was filed to obtain possession of the Property on grounds of endangerment of the Property or because of illegal use of controlled substances on the Property and Movant has filed a certification that ☐ such action was filed or ☐ that the Debtor has endangered the Property within 30 days preceding the certification or allowed the illegal use of controlled substances on the Property. A copy of Movant's certification is attached hereto as Exhibit _____.  The Debtor ☐ has ☐ has not filed an objection to Movant's certification.  A copy of the Debtor's objection, if filed, is attached as Exhibit ____.  A hearing on this objection is set for: _____.

(6) ☐ Regular lease payments have not been made after the bankruptcy petition was filed.

8. ☐ The Debtor does not have an interest in the Property that could be assumed or assigned under 11 U.S.C. § 365.

9. ☒ The Property is not necessary to an effective reorganization because it is:

  a. ☒ Residential, and is not producing income for the Debtor.

  b. ☐ Commercial, but no reorganization is reasonably in prospect.

  c. ☐ No longer property of the estate.

  d. ☒ Other (specify):
  Debtor filed this case as Chapter 7.

10. ☐ The bankruptcy case was filed in bad faith:

  a. ☐ Movant is the only creditor or one of few creditors listed in the Debtor's case commencement documents.

  b. ☐ Other bankruptcy cases have been filed in which an interest in the Property was asserted.

  c. ☐ The Debtor filed only a few case commencement documents.  Schedules and a statement of financial affairs (or chapter 13 plan, if appropriate) have not been filed.

  d. ☐ Other (specify):

11. ☐ The filing of the bankruptcy petition was part of a scheme to delay, hinder or defraud creditors that involved:

  a. ☐ The transfer of all or part ownership of, or other interest in, the Property without the consent of Movant or court approval.  See attached continuation page of facts establishing the scheme.

  b. ☐ Multiple bankruptcy cases affecting the Property include:
  (1) Case name: _____
      Chapter: _____    Case number: _____
      Date filed: _____        Date discharged: _____        Date dismissed: _____
      Relief from stay regarding the Property ☐ was ☐ was not  granted.

  (2) Case name: _____
      Chapter: _____    Case number: _____
      Date filed: _____        Date discharged: _____        Date dismissed: _____
      Relief from stay regarding the Property ☐ was ☐ was not  granted.

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                              Page 9                              F 4001-1.RFS.UD.MOTION

(3) Case name: _____

    Chapter: _____    Case number: _____

    Date filed: _____    Date discharged: _____    Date dismissed: _____

    Relief from stay regarding the Property ☐ was ☐ was not granted.

☐ See attached continuation page for information about other bankruptcy cases affecting the Property.

☐ See attached continuation page for additional facts establishing that the multiple bankruptcy cases were part of a scheme to delay, hinder, or defraud creditors.

12. ☐ Enforcement actions taken after the bankruptcy petition was filed are specified in the attached supplemental declaration(s).

  a. ☐ These actions were taken before Movant knew the bankruptcy petition was filed, and Movant would have been entitled to relief from stay to proceed with these actions.

  b. ☐ Movant knew the bankruptcy case had been filed, but Movant previously obtained relief from stay to proceed with these enforcement actions in prior bankruptcy cases affecting the Property as set forth in Exhibit _____.

  c. ☐ For other facts justifying annulment, see attached continuation page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| 12/28/2022 | CHRIS HOUSER | _[signature]_ |
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2014*                                     Page 10                                     **F 4001-1.RFS.UD.MOTION**

# TABLE OF CONTENTS

UNLAWFUL DETAINER DECLARATION..................................................................10

MEMORANDUM OF POINTS AND AUTHORITIES ...............................................11

1.   Summary of Argument ............................................................................................11

2.   Factual Background .................................................................................................11

    A.   Forcible Entry / Detainer Action..................................................................11

    B.   Bankruptcy Case ............................................................................................12

3.   Legal Argument .......................................................................................................12

    A.   Legal Standard for Relief from Stay ............................................................12

    B.   Cause for Relief Exists under Section 362(d)(1) .........................................13

        i.   Considerations of Judicial Economy (*Kronemyer* Factor #1 and *Curtis* Factor #s 10-11).......................................................................15

        ii.   Expertise of the State Court (*Kronemyer* Factor #2) ......................15

        iii.   Prejudice to the Parties (*Kronemyer* Factor #3 and *Curtis* Factor #12)...........16

        iv.   Whether Exclusively Bankruptcy Issues Are Involved (*Kronemyer* Factor #4)...............................................................................16

        v.   Whether the Relief Will Result in a Partial or Complete Resolution of the Issues (*Curtis* Factor #1) ......................................16

        vi.   The Lack of Any Connection with or Interference with the Bankruptcy Case (*Curtis* Factor #2)...................................................17

        vii.   Whether a Specialized Tribunal Has Been Established to Hear the Particular Cause of Action and that Tribunal Has the Expertise to Hear Such Cases (*Curtis* Factor #4) ...........................................17

        viii.   Whether Litigation in Another Forum Would Prejudice the Interests of Other Creditors, the Creditors' Committee and Other Interested Parties (*Curtis* Factor #7)...........................................18

        ix.   Whether the Movant's Success in the Foreign Proceeding Would Result in a Judicial Lien Avoidable by the Debtor under 11 U.S.C. § 522(f) (*Curtis* Factor #9) ..................................................18

    C.   Section 362(d)(2) Relief Is Warranted.........................................................18

i

4.    Conclusion ............................................................................................................19

Declaration of Vivienne Alston ....................................................................................20

# TABLE OF AUTHORITIES

**Cases**

*Bank of N.Y. Mellon v. Brewer,*
   2012 U.S.Dist.LEXIS 128578, at *13 (N.D. Cal. Sept. 7, 2012) ............................. 15, 17

*Cal. Franchise Tax Bd. v. Kendall (In re Jones),*
   657 F.3d 921, 927 ....................................................................................... 17

*Citigroup, Inc. v. Pac. Inv. Mgmt. Co.*
   *(In re Enron Corp.),*
   296 B.R. 505, 509 (C.D. Cal. 2003) ........................................................... 15

*Dangcil v. JPMorgan Chase Bank, N.A. (In re Dangcil),*
   2017 Bankr.LEXIS 760, at *14-15 (B.A.P. 9th Cir. Mar. 21, 2017) ........................... 14

*First Yorkshire Holdings, Inc. v. Pacifica L 22, LLC (In re First Yorkshire Holdings, Inc.),*
   470 B.R. 864, 869 (B.A.P. 9th Cir. 2012) ................................................... 18

*In re Curtis,*
   40 B.R. at 799-800 ..................................................................................... 13, 14

*In re James Fall Flowers & Produce, Ltd.,*
   2012 Bankr.LEXIS 934, at *7 (Bankr. N.D. Ohio Mar. 2, 2012) ........................... 12, 13

*In re Kronemyer,*
   405 B.R. at 921. ........................................................................................ 13, 14

*In re Polla,*
   2015 Bankr.LEXIS 1941, at *5 ................................................................. 19

*In re Valdez,*
   338 B.R. 97, 98 (N.D. Cal. 2006) ............................................................. 16

*Kruger v. Reyes,*
   232 Cal.App.4th Supp. 10, 16 (2014) ........................................................ 15, 17, 18

MOTION FOR RELIEF FROM THE AUTOMATIC STAY

*MBIA Ins. Corp. v. Indymac ABS, Inc.*,

2009 U.S.Dist.LEXIS 126567, at *8 (C.D. Cal. Dec. 23, 2009) ...................................... 15

*Miles v. Wesley*,

801 F.3d 1060, 1065 (9th Cir. 2015) ...................................................................... 15, 17

*Palacios v. Upside Invs. LP (In re Palacios)*,

2013 Bankr.LEXIS 3943, at *8 (B.A.P. 9th Cir. Apr. 15, 2013) .......................... 13, 14

*Ripon Self Storage, LLC v. Exchange Bank (In re Ripon Self Storage, LLC)*,

at *15 (B.A.P. 9th Cir. Apr. 1, 2011) ............................................................................ 18

*Salisbury v. Caritas Acquisitions V, LLC*,

2019 U.S.Dist.LEXIS 212799, at *17 (C.D. Cal. Dec. 10, 2019) .............................. 16

*Silva v. Public Storage*,

2010 U.S.Dist.LEXIS 130413, at *6 (S.D. Cal. Dec. 9, 2010) .................................. 17

*Tran v. Select Portfolio Servicing*,

2015 U.S.Dist.LEXIS 51108, at *6 (N.D. Cal. Apr. 16, 2015) .................................. 15

*U.S. Bank N.A. v. Mustafa (In re Mustafa)*,

2019 Bankr.LEXIS 3711, at *1 (Bankr. C.D. Cal. Dec. 3, 2019) .............................. 14

**Statutes**

11 U.S.C. § 362(a)(6) ...................................................................................................... 17

11 U.S.C. § 362(c), (d) .................................................................................................... 12

11 U.S.C. § 362(d)(1) ...................................................................................... 11, 13, 14, 19

11 U.S.C. § 362(d)(2) .............................................................................................. 11, 18, 19

11 U.S.C. § 522(f) ........................................................................................................... 18

Cal. Civ. Code § 798.55(a) ............................................................................................. 16

Cal. Civ. Code § 798.75(b), (c) ...................................................................................... 16

Cal. Code Civ. P. § 1179a ............................................................................................... 17

Cal. Code Civ. P. § 798.75 ............................................................................................. 15

Cal. Code Civ. P. §§ 798........................................................................................................... 16

**Rules**

Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure ....................................................... 19

iv

# MEMORANDUM OF POINTS AND AUTHORITIES

## 1.    Summary of Argument

Relief from the automatic stay under 11 U.S.C. § 362(d)(1) may be granted "for cause," which is assessed on a case-by-case basis. In this case, Houser Bros. seeks relief from stay to continue prosecuting an unlawful detainer action that it filed in January 2019 against Jamie Lynn Gallian ("Debtor"), in which Houser Bros. alleges that Debtor is an unlawful occupant on space within Houser Bros.'s mobilehome park. The unlawful detainer action involves issues of state law and will be expedited for trial in state court. If stay relief is not granted, Houser Bros. will continue to be damaged in the form of lost rental income and utilities paid.

Further, stay relief under 11 U.S.C. § 362(d)(2) is appropriate where a debtor has no equity in the property, and the property is not necessary for an effective reorganization. Here, Debtor has no equity in the mobilehome space, and she filed this bankruptcy case under Chapter 7.

Relief from stay is warranted, and Houser Bros. requests that the Court grant it such relief.

## 2.    Factual Background

### A.    Forcible Entry / Detainer Action

On January 2, 2019, Houser Bros. filed a "Complaint for Forcible Entry/Detainer (Mobilehome Park)" ("Complaint") against Debtor and all other occupants and persons in possession without a signed lease agreement. A true and correct copy of the Complaint is attached to the Declaration of Chris Houser ("Houser Declaration") as **Exhibit C**. The filing of the complaint commenced *Houser Bros. Co. v. Gallian*, Orange County Superior Court ("OCSC") Case No. 30-2019-01041423-CL-UD-CJC ("Forcible Entry Action").

As set forth in the Complaint, Houser Bros. manages a mobilehome park which includes the site commonly known as 16222 Monterey Lane, Space 376, Huntington Beach, California 92647 ("Property"). Debtor applied to be a tenant at the Property but her application was denied due to her poor financial condition, a material falsehood, and her past conduct. *Id.* ¶ 6. Debtor nevertheless unlawfully took possession of the Property without the consent of Houser Bros. Complaint ¶¶ 4-6. Because Debtor has no right of tenancy, she is an "unlawful occupant" within the meaning of

MOTION FOR RELIEF FROM THE AUTOMATIC STAY

California Civil Code § 798.75. *Id.* ¶ 7. An unlawful occupant who fails to surrender the site to the

mobilehome park management is subject to forcible entry proceedings commencing with CCP

§ 1159.

The Complaint prays for:

1) Restitution of the Property;

2) Damages at a rate of $36.20/day as a reasonable rental value of the Property from and

    after the date Debtor unlawfully took possession, and until judgment for so long as

    Debtor continues to occupy the Property;

3) Damages for actual consumption of utilities during Debtor's occupation of the Property;

    and

4) Treble damages, attorney's fees, costs of suit, and interest at the legal rate on judgment.

Although the Forcible Entry Action was stayed when Debtor filed bankruptcy, counsel who

is prosecuting the Forcible Entry Action on behalf of Houser Bros, believes the trial can commence

as early as spring 2023. *See*, Declaration of Vivienne Alston ("Alston Declaration"), ¶11.

## B.    Bankruptcy Case

On July 9, 2021 ("Petition Date"), Debtor filed a voluntary petition under Chapter 7 of Title

11 of the United States Code. Docket No. 1. The filing of the petition commenced *In re Jamie Lynn*

*Gallian*, Case No. 8:21-bk-11710 ("Bankruptcy Case").

In her petition, Debtor gives her residential address as 16222 Monterey Ln. SP #376,

Huntington Beach, California 92649 (*i.e.*, the Property). Docket No. 1. Although Debtor has

amended her schedules several times, she has never indicated that she lives elsewhere.

## 3.    Legal Argument

## A.    Legal Standard for Relief from Stay

Upon commencement of a bankruptcy case, an automatic stay arises. 11 U.S.C. § 362(a). The

stay, however, does not continue in perpetuity and a party in interest may seek relief from stay. 11

U.S.C. § 362(c), (d)); *see also Palacios v. Upside Invs. LP (In re Palacios)*, 2013 Bankr.LEXIS

MOTION FOR RELIEF FROM THE AUTOMATIC STAY

4859-3129-3464v.2-1451-007

1  3943, at *8 (B.A.P. 9th Cir. Apr. 15, 2013) (providing that under § 362(d), a party in interest may

2  request relief from the automatic stay).

3      Section[1] 362(d) sets forth four grounds under which a creditor may obtain stay relief,

4  including § 362(d)(1) and § 362(d)(2). *In re James Fall Flowers*, 2012 Bankr.LEXIS 934, at *7.

5      The party requesting relief from stay has the burden on the issue of a debtor's equity in

6  property; the opposing party has the burden on all other issues. *In re Palacios*, 2013 Bankr.LEXIS

7  3943, at *8 (citing 11 U.S.C. § 362(g)).

8      **B.    Cause for Relief Exists under Section 362(d)(1)**

9      Section 362(d)(1) authorizes relief from stay "for cause." *In re Palacios*, 2013 Bankr.LEXIS

10  3943, at *8. It provides:

11      On request of a party in interest and after notice and a hearing, the court shall grant

12      relief from the stay provided under subsection (a) of this section, such as by

13      terminating, annulling, modifying, or conditioning such stay—(1) for cause . . . .

14  11 U.S.C. § 362(d)(1). "Cause" has no clear definition and is determined on a case-by-case basis. *In*

15  *re Palacios*, 2013 Bankr.LEXIS 3943, at *8; *see also Kronemyer v. Am. Contrs. Indem. Co. (In re*

16  *Kronemyer)*, 405 B.R. 915, 921 (B.A.P. 9th Cir. 2009).

17      In *Kronemyer*, the Ninth Circuit Bankruptcy Appellate Panel ("BAP") set forth the following

18  factors in considering whether relief from the automatic stay should be granted to allow state court

19  proceedings to continue:

20      1)  Considerations of judicial economy;

21      2)  The expertise of the state court;

22      3)  Prejudice to the parties; and

23      4)  Whether exclusively bankruptcy issues are involved (collectively, the "*Kronemyer*

24          Factors").

25  *In re Kronemyer*, 405 B.R. at 921. The BAP further endorsed the factors articulated in *In re Curtis*,

26  40 B.R. 795, 799-800 (Bankr. D. Utah 1984) ("*Curtis* Factors"), as "appropriate, nonexclusive,

27  _____

28  [1] Unless otherwise indicated all section references are to Title 11 of the United States Code.

factors to consider in deciding whether to grant relief from the automatic stay to allow pending

litigation to continue in another forum." *Id.* The *Curtis* Factors are as follows:

1) Whether the relief will result in a partial or complete resolution of the issues;
2) The lack of any connection with or interference with the bankruptcy case;
3) Whether the foreign proceeding involves the debtor as a fiduciary;
4) Whether a specialized tribunal has been established to hear the particular cause of action and that tribunal has the expertise to hear such cases;
5) Whether the debtor's insurance carrier has assumed full financial responsibility for defending the litigation;
6) Whether the action essentially involves third parties, and the debtor functions only as a bailee or conduit for the goods or proceeds in question;
7) Whether litigation in another forum would prejudice the interests of other creditors, the creditors' committee and other interested parties;
8) Whether the judgment claim arising from the foreign action is subject to equitable subordination under 11 U.S.C. § 510(c);
9) Whether the movant's success in the foreign proceeding would result in a judicial lien avoidable by the debtor under 11 U.S.C. § 522(f);
10) The interest of judicial economy and the expeditious and economical determination of litigation for the parties;
11) Whether the foreign proceedings have progressed to the point where the parties are prepared for trial; and
12) The impact of the stay on the parties and the "balance of hurt."

*In re Curtis*, 40 B.R. at 799-800.

Bankruptcy courts in this district routinely grant stay relief for parties to proceed with state-court unlawful detainer proceedings. *See, e.g.*, *U.S. Bank N.A. v. Mustafa (In re Mustafa)*, 2019 Bankr.LEXIS 3711, at *1 (Bankr. C.D. Cal. Dec. 3, 2019) (indicating that the court had granted a motion for relief from stay to proceed with a California Superior Court eviction proceeding).

The party seeking § 362(d)(1) relief must first establish a *prima facie* case that "cause" exists. *Dangcil v. JPMorgan Chase Bank, N.A. (In re Dangcil)*, 2017 Bankr.LEXIS 760, at *14-15 (B.A.P. 9th Cir. Mar. 21, 2017). Once a *prima facie* case has been established, the burden shifts to the debtor to show that relief from stay is unwarranted. *Id.* at *15; *see also In re Palacios*, 2013 Bankr.LEXIS 3943, at *8 (noting that if the movant establishes a *prima facie* case, the burden shifts to the debtor to prove adequate protection).

Here, there is cause for § 362(d)(1) relief based on both the *Kronemyer* Factors and the *Curtis* Factors. As an initial note, to the extent that the two sets of factors overlap, this Motion will

MOTION FOR RELIEF FROM THE AUTOMATIC STAY
4859-3129-3464v.2-1451-007

1  only analyze the factor once. Further, not every *Curtis* Factor applies here, including factor numbers

2  3, 5, 6, and 8.

3     **i.    Considerations of Judicial Economy (*Kronemyer* Factor #1 and *Curtis* Factor**

4          **#s 10-11)**

5          Here, Houser Bros. filed the Forcible Entry Action on January 2, 2019. Houser Decl. Ex. 1.

6  The parties in the Forcible Entry Action are mid-way through discovery. Houser Bros.'s state-court

7  counsel expects that trial could begin as early as spring 2023, *see* Alston Declaration, especially in

8  light of the expedited nature of actions to recover possession of real property. *See* Cal. Code Civ. P.

9  § 1179a (providing that proceedings brought to recover the possession of real property shall have

10 precedence in being set for hearing or trial, and that such actions shall be "quickly heard and

11 determined"); *see also Bank of N.Y. Mellon v. Brewer*, 2012 U.S.Dist.LEXIS 128578, at *13 (N.D.

12 Cal. Sept. 7, 2012) (noting that unlawful detainer actions are meant to pass through the courts in an

13 expedited manner and are given precedence in trial setting).

14     **ii.    Expertise of the State Court (*Kronemyer* Factor #2)**

15         In the Forcible Entry Action, Houser Bros. alleges that Debtor has no right of tenancy and is

16 an unlawful occupant within the meaning of California Civil Code § 798.75. The OCSC will have

17 expertise in this matter of California real property law. *See Tran v. Select Portfolio Servicing*, 2015

18 U.S.Dist.LEXIS 51108, at *6 (N.D. Cal. Apr. 16, 2015) (recognizing the California courts' "unique

19 expertise" in interpreting California law); *MBIA Ins. Corp. v. Indymac ABS, Inc.*, 2009

20 U.S.Dist.LEXIS 126567, at *8 (C.D. Cal. Dec. 23, 2009) (noting that California courts have "more

21 expertise in interpreting California law") (quoting *Citigroup, Inc. v. Pac. Inv. Mgmt. Co. (In re*

22 *Enron Corp.)*, 296 B.R. 505, 509 (C.D. Cal. 2003)). In fact, unlawful detainer actions are "high-

23 volume civil cases" within the California Superior Court. *Miles v. Wesley*, 801 F.3d 1060, 1065 (9th

24 Cir. 2015). And, the California Court of Appeal has described unlawful detainer as a "highly

25 specialized form of litigation." *Kruger v. Reyes*, 232 Cal.App.4th Supp. 10, 16 (2014).

26         Further, the OCSC will have expertise in the Forcible Entry Action itself given that the case

27 has been pending since January 2019 (albeit stayed since the Petition Date).

28

**MOTION FOR RELIEF FROM THE AUTOMATIC STAY**
4859-3129-3464v.2-1451-007

### iii. Prejudice to the Parties (*Kronemyer* Factor #3 and *Curtis* Factor #12)

Under the California Mobilehome Residency Law, California Civil Code §§ 798 *et seq.* ("MRL"), in the event a transferee fails to execute a rental agreement, the transferee shall not have any rights of tenancy, and if the transferee ignores a notice to surrender the site, she becomes an "unlawful occupant." *Salisbury v. Caritas Acquisitions V, LLC*, 2019 U.S.Dist.LEXIS 212799, at *17 (C.D. Cal. Dec. 10, 2019) (citing Cal. Civ. Code § 798.75(b), (c)). If relief from stay is not granted, Houser. Bros. will be unable to get a determination in the Forcible Entry Action whether Debtor has a right to remain on its Property. Not only will Houser Bros. be out the litigation costs it has expended in the Forcible Entry Action, but it will continue to incur damages every day for lost rental income and utilities as alleged in the Complaint. Houser Bros. requests that it be allowed to seek a determination whether Debtor is, in fact, an "unlawful occupant" with no rights of tenancy.

If stay relief is granted, Debtor will be able to assert any defenses she may have in the Forcible Entry Action. And, in fact, mobilehome parks in California are "highly regulated" under the MRL. *In re Valdez*, 338 B.R. 97, 98 (N.D. Cal. 2006). Under the MRL, many lease terms normally left to the discretion of the contracting parties' intent are prescribed by statute. *Id.* The California Legislature expressly found that because of the high cost of moving mobilehomes, "the owners of mobilehomes occupied within mobilehome parks [must] be provided with the unique protection from actual or constructive eviction afforded by the provisions of this chapter." *Id.* (quoting Cal. Civ. Code § 798.55(a)). Given the "unique protection" of the MRL, Houser Bros. submits Debtor will not be prejudiced in continuing forward with the Forcible Entry Action.

### iv. Whether Exclusively Bankruptcy Issues Are Involved (*Kronemyer* Factor #4)

As discussed, the Forcible Entry Action involves 100% state law issues regarding Debtor's right to occupy the Property under the California MRL.

### v. Whether the Relief Will Result in a Partial or Complete Resolution of the Issues (*Curtis* Factor #1)

Stay relief will completely determine whether Debtor is an "unlawful occupant" with no right to remain at the Property. To the extent that the OCSC awards damages for pre-petition losses,

16

1  Houser Bros. will, of course, only seek collection through this Bankruptcy Case. But, to the extent

2  that the OCSC awards any damages for post-petition losses, Houser Bros. requests that it be allowed

3  to collect against property of Debtor. *See Silva v. Public Storage*, 2010 U.S.Dist.LEXIS 130413, at

4  *6 (S.D. Cal. Dec. 9, 2010) (indicating that the automatic stay prohibits a creditor from commencing

5  or continuing an action against the debtor to collect a pre-petition debt, but a creditor is not

6  prohibited from collecting a post-petition debt, although in doing so, the creditor cannot pursue

7  property of the debtor's estate) (citing 11 U.S.C. § 362(a)(6)); *see also Cal. Franchise Tax Bd. v.*

8  *Kendall (In re Jones)*, 657 F.3d 921, 927 (noting that § 362 does not stay collection activities by

9  post-petition creditors against property of the debtor).

10       **vi.    The Lack of Any Connection with or Interference with the Bankruptcy Case**

11              **(*Curtis* Factor #2)**

12       Houser Bros. only seeks to litigate the Forcible Entry Action for a finding that Debtor is an

13  unlawful occupant, and for a determination of damages. *See Kruger v. Reyes*, 232 Cal.App.4th Supp.

14  10, 16 (2014) (indicating that an unlawful detainer action is founded upon unlawful occupation, and

15  the principal relief sought is early possession of the property, with damages and rent incidental

16  thereto recoverable because the statute so provides).

17       **vii.   Whether a Specialized Tribunal Has Been Established to Hear the Particular**

18              **Cause of Action and that Tribunal Has the Expertise to Hear Such Cases**

19              **(*Curtis* Factor #4)**

20       While California has not exactly established a special tribunal for unlawful detainer cases, as

21  noted above, unlawful detainer actions are "high-volume civil cases" within the California Superior

22  Court, *Miles v. Wesley*, 801 F.3d 1060, 1065 (9th Cir. 2015), and are a "highly specialized form of

23  litigation." *Kruger v. Reyes*, 232 Cal.App.4th Supp. 10, 16 (2014). Further, in California, actions to

24  recover possession of real property are expedited. *See* Cal. Code Civ. P. § 1179a; *Bank of N.Y.*

25  *Mellon v. Brewer*, 2012 U.S.Dist.LEXIS 128578, at *13 (N.D. Cal. Sept. 7, 2012).

26

27

28

MOTION FOR RELIEF FROM THE AUTOMATIC STAY
4859-3129-3464v.2-1451-007

viii.    **Whether Litigation in Another Forum Would Prejudice the Interests of Other Creditors, the Creditors' Committee and Other Interested Parties (*Curtis* Factor #7)**

Here, the primary purpose of the Forcible Entry Action is to determine Debtor's right to remain on the Property, which is essentially a two-party dispute that should not prejudice any other creditors or interested parties. *See Kruger v. Reyes*, 232 Cal.App.4th Supp. 10, 16 (2014) (noting that the "primary purpose" of an unlawful detainer action is to obtain the possession of real property in the situations specified by statute). To the extent Houser Bros. is awarded damages for pre-petition losses, it will seek collection through the Bankruptcy Case. Houser Bros. only requests to be able to seek collection of damages for post-petition losses against property of Debtor, not the estate.

ix.    **Whether the Movant's Success in the Foreign Proceeding Would Result in a Judicial Lien Avoidable by the Debtor under 11 U.S.C. § 522(f) (*Curtis* Factor #9)**

Again, the primary purpose of the Forcible Entry Action is to determine Debtor's right to remain at the Property. And, Houser Bros. will not seek collection against any property of the estate. Because the only lien that Houser Bros. will seek will be for post-petition damages, there will not be any lien that Debtor could avoid under Section 522(f) (which provision only applies to prepetition liens impairing an exemption to which the debtor would have been entitled).

## C. Section 362(d)(2) Relief Is Warranted

"Section 362(d)(2) requires the bankruptcy court, on request of a party in interest, to grant relief from the automatic stay when debtor has no equity in the property, and the property is not necessary to debtor's effective reorganization." *First Yorkshire Holdings, Inc. v. Pacifica L 22, LLC (In re First Yorkshire Holdings, Inc.)*, 470 B.R. 864, 869 (B.A.P. 9th Cir. 2012). The standards for stay relief under § 362(d)(1) and § 362(d)(2) are "independent and alternative." *Ripon Self Storage, LLC v. Exchange Bank (In re Ripon Self Storage, LLC)*, at *15 (B.A.P. 9th Cir. Apr. 1, 2011).

Here, Houser Bros. operates a mobilehome park on the Property and Debtor does not have any leasehold rights. As such, Debtor has no equity in the land or the right to lease the site. The

residential mobilehome site thus cannot be necessary to an effective reorganization in this Chapter 7 case. *See In re Polla*, 2015 Bankr.LEXIS 1941, at *5 (noting that in a Chapter 7 case, if § 362(d)(2) is appropriately pled, the sole issue is equity).

## 4.    Conclusion

For the reasons stated above, Houser Bros. requests that the Court enter an order:

1)    Granting this Motion;

2)    Finding cause for relief from the automatic stay under 11 U.S.C. § 362(d)(1);

3)    Finding that Debtor has no equity in the Property and that the Property is not necessary to an effective reorganization for relief from the automatic stay under 11 U.S.C. § 362(d)(2);

4)    Lifting the stay for Houser Bros. to proceed to judgment in the Forcible Entry Action;

5)    Authorizing Houser Bros. to seek collection against property of Debtor for any post-petition damages;

6)    Waiving the 14-day stay of Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure; and

7)    Awarding such other relief as the Court deems just and proper.

Dated:  December 28, 2022

MARSHACK HAYS LLP

By:  */s/ D. Edward Hays*

D. EDWARD HAYS
LAILA MASUD
BRADFORD N. BARNHARDT
Attorneys for HOUSER BROS. CO. DBA
RANCHO DEL REY MOBILE HOME
ESTATES

19

MOTION FOR RELIEF FROM THE AUTOMATIC STAY

4859-3129-3464v.2-1451-007

## Declaration of Vivienne Alston

I, VIVIENNE ALSTON, declare as follows:

1.      I am an individual over 18 years of age and competent to make this Declaration.

2.      If called upon to do so, I could and would competently testify as to the facts set forth in this Declaration.

3.      The facts set forth below are true of my personal knowledge.

4.      I am a licensed attorney duly admitted to practice before all California courts.

5.      I make this Declaration in support of the Motion for Relief from the Automatic Stay ("Motion") filed by Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates ("Houser Bros."). Capitalized terms not defined herein shall have the meaning ascribed to them in the Motion.

6.      I am a partner in Alston, Alston & Diebold.

7.      I practice civil litigation with an emphasis in real estate law, mobile home law, and landlord tenant litigation.

8.      I represent Houser Bros. in the Forcible Entry Action.

9.      On January 2, 2019, I filed, on behalf of Houser Bros., a "Complaint for Forcible Entry/Detainer (Mobilehome Park)" against Debtor.

10.     When Debtor filed her bankruptcy petition, the parties were mid-way through discovery in the Forcible Entry Action.

11.     Although the Forcible Entry Action has been stayed since the Petition Date, I believe, based on my experience in real estate litigation, that if stay relief were granted in January 2023, a trial could be set in spring 2023.

I declare under penalty of perjury that the foregoing is true and correct. Executed on December 28, 2022.

VIVIENNE ALSTON

MOTION FOR RELIEF FROM THE AUTOMATIC STAY
4859-3129-3464v.2-1451-007

**EXHIBIT A**

# Property Detail Report

**16222 Monterey Ln, Huntington Beach, CA 92649-6214**
APN: 178-011-16

Reference ID: 1588832515TSP141722
Orange County Data as of: 04/14/2020

## Owner Information

| | | | |
|---|---|---|---|
| Owner Name: | Houser Bros Co | | |
| Vesting: | Corporation | | |
| Mailing Address: | 17610 Beach Blvd #32, Huntington Beach, CA 92647-6876 | Occupancy: | Absentee Owner |

## Location Information

| | | | |
|---|---|---|---|
| Legal Description: | P Bk 108 Pg 47 Par 2 | County: | Orange, CA |
| APN: | 178-011-16 | Alternate APN: | |
| Munic / Twnshp: | | Twnshp-Rng-Sec: | Census Tract / Block: 099508 / 4002 |
| Subdivision: | | Tract #: | Legal Lot / Block: |
| Neighborhood: | Huntington Beach | | Legal Book / Page: |
| Elementary School: | Harbour View Eleme... | School District: | Huntington Beach Union High School District |
| Latitude: | 33.72674 | Middle School: | Marine View Middle... | High School: | Marina High School |
| | | Longitude: | -118.05258 | | |

## Last Transfer / Conveyance - Current Owner

| | | | |
|---|---|---|---|
| Transfer / Rec Date: | 06/08/1990 / 07/06/1990 | Price: | Transfer Doc #: | 1990.357100 |
| Buyer Name: | Houser Bros Co | Seller Name: | Houser Bros Co | Deed Type: | Quitclaim |

## Last Market Sale

| | | | |
|---|---|---|---|
| Sale / Rec Date: | | Sale Price / Type: | Deed Type: |
| Multi / Split Sale: | | Price / Sq. Ft.: | New Construction: |
| 1st Mtg Amt / Type: | | 1st Mtg Rate / Type: | 1st Mtg Doc #: | N/A |
| 2nd Mtg Amt / Type: | | 2nd Mtg Rate / Type: | Sale Doc #: | N/A |
| Seller Name: | | | |
| Lender: | | | Title Company: |

## Prior Sale Information

| | | | |
|---|---|---|---|
| Sale / Rec Date: | | Sale Price / Type: | Prior Deed Type: |
| 1st Mtg Amt / Type: | | 1st Mtg Rate / Type: | Prior Sale Doc #: | N/A |
| Prior Lender: | | | |

## Property Characteristics

| | | | | | |
|---|---|---|---|---|---|
| Gross Living Area: | 9,832 Sq. Ft. | Total Rooms: | 0 | Year Built / Eff: | 1965 |
| Living Area: | 9,832 Sq. Ft. | Bedrooms: | | Stories: | 1 |
| Total Adj. Area: | | Baths (F / H): | | Parking Type: | |
| Above Grade: | 9832 | Pool: | | Garage #: | |
| Basement Area: | | Fireplace: | | Garage Area: | |
| Style: | | Cooling: | | Porch Type: | |
| Foundation: | | Heating: | | Patio Type: | |
| Quality: | | Exterior Wall: | | Roof Type: | |
| Condition: | | Construction Type: | | Roof Material: | |

## Site Information

| | | | | | |
|---|---|---|---|---|---|
| Land Use: | Commercial (NEC) | Lot Area: | 2,192,299 Sq. Ft. | Zoning: | |
| State Use: | | Lot Width / Depth: | | # of Buildings: | 1 |
| County Use: | 3 - Commercial | Usable Lot: | | Res / Comm Units: | 379 / 379 |
| Site Influence: | | Acres: | 50.328 | Water / Sewer Type: | |
| Flood Zone Code: | X | Flood Map #: | 06059C0231K | Flood Map Date: | 03/21/2019 |
| Community Name: | City Of Huntington Beach | Flood Panel #: | 0231K | Inside SFHA: | False |

## Tax Information

| | | | | | |
|---|---|---|---|---|---|
| Assessed Year: | 2019 | Assessed Value: | $5,555,950 | Market Total Value: | |
| Tax Year: | 2019 | Land Value: | $3,347,001 | Market Land Value: | |
| Tax Area: | 04-007 | Improvement Value: | $2,208,949 | Market Imprv Value: | |
| Property Tax: | $126,187.98 | Improved %: | 39.76% | Market Imprv %: | |
| Exemption: | | Delinquent Year: | | | |



© 2020 FIRST AMERICAN DATA TREE AND/OR ITS AFFILIATES. ALL RIGHTS RESERVED.    PAGE 1 OF 1

EXHIBIT A, PAGE 21

**Disclaimer:** This report: (i) is not an insured product or service or an abstract, legal opinion or a representation of the condition of title to real property, and (ii) is issued exclusively for the benefit of First American Data Tree LLC (Data Tree) customers and may not be used or relied upon by any other person. Estimated property values are: (i) based on available data; (ii) are not guaranteed or warranted; (iii) do not constitute an appraisal; and (iv) should not be relied upon in lieu of an appraisal. Data Tree does not represent or warrant that the information is complete or free from error, and expressly disclaims any liability to any person or entity for loss or damage caused by errors or omissions in the report. If the "verified" logo () is displayed, or a record is designated "verified," Data Tree's algorithm matched fields from two or more data sources to confirm source data.

Boundary and context data provided by Maponics® ©2019. Duplication is strictly prohibited.

RECORDING REQUESTED BY

Rutan & Tucker

AND WHEN RECORDED MAIL TO

Rutan & Tucker
611 Anton Boulevard
Suite 1400
Costa Mesa, CA  92626
Attn:  Linda L. Dalton

MAIL TAX STATEMENTS TO

Houser Bros. Co.
17610 Beach Blvd., Ste 32
Huntington Beach, CA 92647

90-357100

RECORDING REQUESTED BY
CHICAGO TITLE INS. CO.

$5.00
C12

RECORDED IN OFFICIAL RECORDS
OF ORANGE COUNTY, CALIFORNIA

-11 15 AM    JUL 6 '90

*Lee A. Branch* RECORDER

SURVEY
MON FUND
FEE $20.00

SPACE ABOVE THIS LINE FOR RECORDER'S USE

## Partnership Grant Deed

THIS FORM FURNISHED BY TICOR TITLE INSURERS

TO 1925 CA (12-78)   616333-7                              A.P.N. 178-011-16

CORRECTION OF NAME ONLY

The undersigned grantor(s) declare(s):

Documentary transfer tax is $ -0- NO CONSIDERATION

( ) computed on full value of property conveyed, or
( ) computed on full value less value of liens and encumbrances remaining at time of sale.
( ) Unincorporated area: ( X ) City of   Huntington Beach           , and

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,

Houser Bros. Co., a Partnership

a                              partnership organized under the laws of the State of  California
hereby GRANTS to

Houser Bros. Co., a California Limited Partnership

the following described real property in the
County of   Orange                         , State of California:

Parcel 2 as per Parcel Map recorded in Book 108,
Pages 47 and 48, in the City of Huntington Beach,
County of Orange, State of California, inclusive,
Official Records of Orange County, California.

Dated: *July 5- 1990*

STATE OF CALIFORNIA

COUNTY OF ORANGE          } SS.

On *July 5, 1990*           before me, the under-
signed, a Notary Public in and for said State, personally appeared
Clifford C. Houser,

known to me to be the general    of the partners of the
partnership that executed the within instrument, and acknowledged
to me that such partnership executed the same.
WITNESS my hand and official seal.

Signature *Linda L. Dalton*

OFFICIAL SEAL
LINDA L. DALTON
NOTARY PUBLIC - CALIFORNIA
ORANGE COUNTY
My comm. expires NOV 22, 1993   (area for official notarial seal)

Houser Bros. Co., a Partnership

By *Clifford C. Houser*
Clifford C. Houser, General Partner

By                                        Partner

OFFICIAL SEAL
LINDA L. DALTON
NOTARY PUBLIC - CALIFORNIA
ORANGE COUNTY
My comm. expires NOV 22, 1993

Title Order No.                    Escrow or Loan No.

ANNUAL

PERMIT TO OPERATE

December 6, 2021

**State of California**
## DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT
### DIVISION OF CODES AND STANDARDS

Park ID No.

30-0198-MP

| Inc or Unc | Mobilehome Lots With Drains | Recreational Vehicle Lots With Drains | Lots Without Drains | Total Lots |
|---|---|---|---|---|
| I | 379 | 0 | 0 | 379 |

**OPERATOR**

HOUSER BROTHERS CO
17610 BEACH BLVD#32
HUNTINGTON BEACH, CA 92647

**PARK NAME & ADDRESS**

RANCHO DEL REY MOBILE ESTATES
16222 MONTEREY L
HUNTINGTON BEACH, CA 92649

**CONDITIONAL USES**

LOCAL FIRE PROTECTION AGENCY - September 30, 2002
CITY OF HUNTINGTON BEACH FIRE DEPARTMENT
2000 MAIN STREET
HUNTINGTON BEACH, CA 92648
(714) 536-5411

Emergency Preparedness Plan - September 27, 2010

Fire Hydrant System Status: Local Enforcement of Fire Code

**THIS PERMIT EXPIRES November 30, 2022**

**THIS PERMIT IS ISSUED IN ACCORDANCE WITH THE PROVISIONS OF THE CALIFORNIA HEALTH AND SAFETY CODE AND IS SUBJECT TO SUSPENSION OR REVOCATION AS PROVIDED THEREIN.  THIS PERMIT IS NOT TRANSFERABLE.  THE DEPARTMENT SHALL BE NOTIFIED WITHIN 30 DAYS OF ANY CHANGE OF NAME, OWNERSHIP OR OPERATOR.**

P.O. Box 278180
Sacramento, CA 95827-8180
(916) 445-9471
From TDD Phones: 1-800-735-2929
From Voice Phones: 1-800-735-2922

**POST IN A CONSPICUOUS PLACE**

HCD-MP 503 (Rev. 03/2000)

EXHIBIT A, PAGE 24

**EXHIBIT B**

ELAINE B. ALSTON
VIVIENNE J. ALSTON
DONALD A. DIEBOLD

ALSTON, ALSTON & DIEBOLD

TELEPHONE (714) 556-9400
FACSIMILE (714) 556-9500

27201 PUERTA REAL
SUITE 300
MISSION VIEJO, CALIFORNIA 92691

OUR FILE NO:   1510.

December 10, 2018

## FIVE (5) DAY DEMAND
## FOR SURRENDER OF POSSESSION OF SITE

To:    Jamie Gallian and All Unlawful Occupants and Persons in Possession Without a Signed Rental Agreement ("Occupants"):

**NOTICE IS HEREBY GIVEN** that management of the mobilehome park commonly known as:

Rancho Del Rey
16222 Monterey Lane
Huntington Beach, CA 92649
(referred to as "Park" herein)

HEREBY DEMANDS that the Occupants named above, and each of them, quit the premises in the Park and surrender possession thereof commonly described as:

Space376
(referred to as "site" herein)

WITHIN FIVE (5) DAYS FROM AND AFTER SERVICE OF THIS NOTICE, and that said surrender of the mobilehome site be made to the park manager(s), who is authorized to receive the same on behalf of the management.

Civil Code Section 798.75 authorizes forcible detainer proceedings against any occupant of a mobilehome park who does not have rights of tenancy and is not otherwise entitled to occupy the premises, upon failure of the occupants to quit the premises within five (5) days after service of a demand for surrender of the site.

This notice is served with reference to the following facts, inter alia, upon which said demand is now hereby made:

That you have actual and physical possession of the site, without permission from park management, and without right or authority under a rental agreement or otherwise. Based upon the foregoing facts, management is authorized to pursue its legal remedies to obtain possession of the site from all such Occupants having no right of tenancy or possession.

EXHIBIT B, PAGE 25

J Gallian
and All Unlawful Occupants
December 10, 2018
Page 2

**THIS NOTICE IS INTENDED AS A FIVE (5) DAY DEMAND TO SURRENDER POSSESSION AND NOTICE TO QUIT AS PER CIVIL CODE SECTION 798.75. SHOULD YOU FAIL TO QUIT AND SURRENDER POSSESSION AS HEREBY DEMANDED, LEGAL PROCEEDINGS SHALL BE INSTITUTED FOR RESTITUTION OF POSSESSION OF THE PREMISES, REASONABLE RENTAL VALUE, DAMAGES INCIDENTAL TO OCCUPANTS WRONGFUL UNLAWFUL OCCUPATION OF THE SITE, AND ATTORNEYS' FEES AND COSTS, AND STATUTORY DAMAGES.**

ALSTON, ALSTON & DIEBOLD

Dated:  December 10, 2018

By: _____
VIVIENNE J. ALSTON
Authorized Agent for Owner

cc:    Client
       Park Manager

EXHIBIT B, PAGE 26

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address) | TELEPHONE NUMBER | FOR COURT USE ONLY |
|---|---|---|
| Vivienne J. Alston SBN 170746<br>ALSTON, ALSTON & DIEBOLD<br>27201 Puerta Real ste 300<br>Mission Viejo, CA 92691<br>ATTORNEY FOR  **Plaintiff** | **(714) 556-9400** | |

| SHORT TITLE OF CASE:<br>Rancho Del Rey v. Gallian, Jamie | |
|---|---|
| DATE:          TIME:          DEP./DIV. | CASE NUMBER:<br>Not Applicable |
| **Declaration of Service of Notice to Tenant** | Ref. No. or File No:<br>1510 |

I, the undersigned, declare that I served the tenant with the: **Five (5) Day Demand for Surrender of Possessin of site.;**

Constructive Service

After unsuccessfully attempting to personally serve said Notice(s) on each of the named parties on **12/11/2018** at **05:39 PM**, I completed service by serving said notice(s) as authorized by C.C.P. Section 1162 (2,3). In the manner set forth below.

To: **Jamie Gallian**

On: **12/11/2018**          At: **05:39 PM**

**By posting** a copy for each tenant in a conspicuous place on the property therein described, there being no person of suitable age or discretion to be found at the property where situated, **and mailing** a copy to said tenant(s) by depositing said copies in the United States Mail in a sealed envelope with postage fully prepaid, addressed to the tenant  on **12/11/2018** from **Garden Grove** at the address where served: **16222 Monterey Lane 376  Huntington Beach, CA 92649**

Person Who served papers:
  a. Name: **Cesar Gonzalez**
  b. Address: **840 N. Birch St, Santa Ana, CA 92701**
  c. Telephone number: **714-953-9451**
  d. **The fee for this service was: 129.50**
  e. I am:
  (3) [X] a registered California process server:
     (i) [X] Independent Contractor
     (ii) Registration No.: **2729**
     (iii) County: **Orange**

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.



_____
**Cesar Gonzalez**          Date: **12/12/2018**

Declaration of Service of Notice to Tenant

Invoice #: 2305520-01

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address)<br>**Vivienne J. Alston SBN 170746**<br>**ALSTON, ALSTON & DIEBOLD**<br>**27201 Puerta Real ste 300**<br>**Mission Viejo, CA 92691**<br>ATTORNEY FOR **Plaintiff** | TELEPHONE NUMBER<br>**(714) 556-9400** | FOR COURT USE ONLY |
|---|---|---|
| SHORT TITLE OF CASE:<br>Rancho Del Rey v. Gallian, Jamie | | CASE NUMBER:<br>Not Applicable |
| DATE:          TIME:          DEP./DIV. | | |
| **Declaration of Service of Notice to Tenant** | | Ref. No. or File No:<br>**1510** |

I, the undersigned, declare that I served the tenant with the: **Five (5) Day Demand for Surrender of Possessin of site.;**

Constructive Service

After unsuccessfully attempting to personally serve said Notice(s) on each of the named parties on **12/11/2018** at **05:39 PM**, I completed service by serving said notice(s) as authorized by C.C.P. Section 1162 (2,3). In the manner set forth below.

To: **All Other Occupants**

On: **12/11/2018**          At: **05:39 PM**

**By posting** a copy for each tenant in a conspicuous place on the property therein described, there being no person of suitable age or discretion to be found at the property where situated, **and mailing** a copy to said tenant(s) by depositing said copies in the United States Mail in a sealed envelope with postage fully prepaid, addressed to the tenant on **12/11/2018** from **Garden Grove** at the address where served: **16222 Monterey Lane 376  Huntington Beach, CA 92649**

Person Who served papers:
a. Name: **Cesar Gonzalez**
b. Address: **840 N. Birch St, Santa Ana, CA 92701**
c. Telephone number: **714-953-9451**
d. **The fee** for this service was: **39.50**
e. I am:
(3) [X] a registered California process server:
    (i) [X] Independent Contractor
    (ii) Registration No.: **2729**
    (iii) County: **Orange**

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.



_____          _____
**Cesar Gonzalez**                    Date: **12/12/2018**

---

EXHIBIT B, PAGE 28

## VERIFICATION

STATE OF CALIFORNIA, COUNTY OF ORANGE

I have read the foregoing COMPLAINT _____ and know its contents.

### CHECK APPLICABLE PARAGRAPHS

☐ I am a party to this action. The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

☒ I am ☐ an Officer ☒ a partner _____ a _____ of HOUSER BROS CO.

a party to this action, and am authorized to make this verification for and on its behalf, and I make this verification for that reason. ☐ I am informed and believe and on that ground allege that the matters stated in the foregoing document are true. ☒ The matters stated in the foregoing document are true of my own knowledge, except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

☐ I am one of the attorneys for _____

a party to this action. Such party is absent from the county of aforesaid where such attorneys have their offices, and I make this verification for and on behalf of that party for that reason. I am informed and believe and on that ground allege that the matters stated in the foregoing document are true.

Executed on December 19, 2018, at HUNTINGTON BEACH, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

_Christopher C. Houser_
Type or Print Name                                    Signature

### PROOF OF SERVICE
1013a (3) CCP Revised 5/1/88

STATE OF CALIFORNIA, COUNTY OF _____, State of California.

I am employed in the county of _____

I am over the age of 18 and not a party to the within action; my business address is: _____

On _____, I served the foregoing document described as _____

_____ on _____ in this action

☐ by placing the true copies thereof enclosed in sealed envelopes addressed as stated on the attached mailing list.
☐ by placing ☐ the original ☐ a true copy thereof enclosed in sealed envelopes addressed as follows:

☐ **BY MAIL**
☐ *I deposited such envelope in the mail at _____, California.
The envelope was mailed with postage thereon fully prepaid.
☐ As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at _____ California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.
Executed on _____, at _____, California.

☐ **(BY PERSONAL SERVICE)** I delivered such envelope by hand to the offices of the addressee.
Executed on _____, at _____, California.
☐ (State)    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.
☐ (Federal)    I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_____                              _____
Type or Print Name                                    Signature

*(BY MAIL SIGNATURE MUST BE OF PERSON DEPOSITING ENVELOPE IN MAIL SLOT, BOX, OR BAG)
**(FOR PERSONAL SERVICE SIGNATURE MUST BE THAT OF MESSENGER)

Legal
Solutions
Plus                                                  Rev. 7/99

EXHIBIT B, PAGE 29

**EXHIBIT C**

1    ELAINE B. ALSTON, Bar No. 134139,
     VIVIENNE J. ALSTON, Bar No. 170746

2    Members of
     **ALSTON, ALSTON & DIEBOLD**

3      Attorneys at Law
     27201 Puerta Real, Suite 300

4    Mission Viejo, California 92691
     (714) 556-9400 – FAX (714) 556-9500

5

6    Attorney for Plaintiff

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange

**01/02/2019** at 08:00:00 AM
Clerk of the Superior Court
By Diana Cuevas, Deputy Clerk

7

8            SUPERIOR COURT, STATE OF CALIFORNIA

9               COUNTY OF ORANGE,

10

11   HOUSER BROS. CO., a California limited
partnership dba RANCHO DEL REY MOBILE

12   HOME ESTATES

             Plaintiff,

13

14        vs.

15   JAMIE GALLIAN AND ALL OTHER
OCCUPANTS AND PERSONS IN POSSESSION

16   WITHOUT A SIGNED LEASE AGREEMENT,
and DOES 1 to 10, inclusive,

17              Defendant

Case No.:  30-2019-01041423-CL-UD-CJC

COMPLAINT FOR FORCIBLE ENTRY/
DETAINER (MOBILEHOME PARK)

[CIVIL CODE §798.75 AND CODE OF
CIVIL PROCEDURE §§1159, et seq.]

**DOES NOT EXCEED $10,000.00**

18

19   COMES NOW, the Plaintiff herein, and alleges as follows:

20      1.     Plaintiff, HOUSER BROS. CO., a California limited partnership doing business in the

21   County of Orange State of California, under the fictitious name of RANCHO DEL REY MOBILE

22   HOME ESTATES.  Plaintiff has filed the statements and published the notices required by §§17900, et

23   seq., of the Business and Professions Code.

24      2.     Defendants, JAMIE GALLIAN AND ALL OTHER OCCUPANTS AND PERSONS

25   IN POSSESSION WITHOUT A SIGNED LEASE AGREEMENT, are individuals residing in the City

26   of Huntington Beach, County of Orange State of California

27      3.     The true names and capacities of Defendants sued herein as DOES 1 through 10,

28   inclusive, whether individual, corporate, associate or otherwise, are unknown to Plaintiff, who

                   1

**COMPLAINT FOR FORCIBLE ENTRY/DETAINER**

1  therefore sues said Defendants by said fictitious names.  Plaintiff will amend this Complaint to insert

2  said Defendants' true names and capacities when the same have been ascertained.

3          4.      The premises which are the subject of this action are located in the judicial district in

4  which this action is brought.   Said premises are situated at 16222 Monterey Lane. Space 376,

5  Huntington Beach, California 92647  (the "Premises").

6          5.      Plaintiff is the owner of said Premises and has a superior right to possession thereof.

7          6.      Defendants entered into possession of the subject Premises without the consent of

8  Plaintiff.  No rental agreement has been entered into between Plaintiff and Defendants. Defendant's

9  application was denied due to her poor financial condition.  Defendant also made a material falsehood

10  on her application, and her prior conduct indicates she will not comply with the Rules and Regulations

11  governing the mobilehome park.

12          7.      Due to the failure of Defendants to execute a rental agreement prior to taking possession

13  of the Premises, Defendants have no right of tenancy and are unlawful occupants within the meaning of

14  Civil Code §798.75.

15          8.      On or about December 11, 2018 Plaintiff caused to be served on Defendants a Five (5)

16  Day Notice to Quit Premises.  A copy of said Notice is attached hereto as Exhibit "1" and incorporated

17  herein by this reference.

18          9.      Defendants remain in possession of the subject Premises as of this date, and said

19  possession is without Plaintiff's consent.

20          10.     Defendants continue in willful, malicious, obstinate and/or intentional possession of said

21  Premises without Plaintiff's consent and refuse to surrender possession of same to Plaintiff.

22          11.     The reasonable rental value of the Premises is at least Thirty-Six Dollars and Twenty

23  Cents ($36.20) per day, and damages caused by Defendants' forcible detention will accrue at said rate so

24  long as Defendants' mobilehome remains in possession of said Premises.

25          12.     The reasonable value of utilities consumed is the amount evidenced by the meters

26  installed on the Premises, and damages caused by Defendants' forcible detention will accrue at said

27  rates so long as Defendants' mobilehome remains in possession of the said Premises.

28

2

**COMPLAINT FOR FORCIBLE ENTRY/DETAINER**

13.    The reasonable value for trash removal and sewage charges are the amounts charged by the suppliers for these services, and damages caused by Defendants' forcible detention will accrue at said rate so long as Defendants, or any of them, remain in possession of said premises.

14.    California Civil Code §798.85 states as follows:

"In any action arising out of the provisions of this chapter the prevailing party shall be entitled to reasonable attorneys' fees and costs."

15.    Plaintiff has been compelled to commence this action for recovery of possession of said Premises and for default in payment of rent and utilities, and Plaintiff has thereby incurred and been required to expend money for attorneys' fees.

16.    Plaintiff has been compelled to commence this action for recovery of possession of said Premises and for default in payment of rent, utilities and other charges, and to otherwise enforce Plaintiff's rights under Exhibit "1," and Plaintiff has thereby incurred and been required to expend money for attorneys' fees.

WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, as follows:

(1)    For restitution of said Premises;

(2)    For damages at the rate of Thirty-Six Dollars and Twenty Cents ($36.20) per day as a reasonable rental value of the Premises from and after the date Defendants went into possession according to proof, and until judgment and for so long as Defendants, or any of them, continue to occupy said Premises;

(3)    For actual consumption of utilities commencing from and after the date Defendants went into possession according to proof, and until judgment and for so long as Defendants, or any of them, continue in possession of said Premises;

(4)    For treble the amount above;

(5)    For attorneys' fees incurred herein;

(6)    For costs of suit incurred herein;

(7)    For interest at the legal rate on judgment; and

3

**COMPLAINT FOR FORCIBLE ENTRY/DETAINER**

EXHIBIT C, PAGE 33

1    (8)    For such other and further relief as the Court may deem just and proper, except that

2    Plaintiff remits all damages in excess of the jurisdiction of this Court.

3

4    DATED: December _18_, 2018      By:    _____

5                        Vivienne J. Alston
                            Attorney for Plaintiff

4

**COMPLAINT FOR FORCIBLE ENTRY/DETAINER**

EXHIBIT C, PAGE 34

**EXHIBIT 1**

| | | |
|---|---|---|
| ELAINE B. ALSTON<br>VIVIENNE J. ALSTON<br>DONALD A. DIEBOLD | ALSTON, ALSTON & DIEBOLD | TELEPHONE (714) 556-9400<br>FACSIMILE (714) 556-9500 |

27201 PUERTA REAL
SUITE 300
MISSION VIEJO, CALIFORNIA 92691

OUR FILE NO:  1510.

December 10, 2018

### FIVE (5) DAY DEMAND
### FOR SURRENDER OF POSSESSION OF SITE

**To:**    Jamie Gallian and All Unlawful Occupants and Persons in Possession Without a Signed Rental
Agreement ("Occupants"):

**NOTICE IS HEREBY GIVEN** that management of the mobilehome park commonly known as:

Rancho Del Rey
16222 Monterey Lane
Huntington Beach, CA 92649
(referred to as "Park" herein)

HEREBY DEMANDS that the Occupants named above, and each of them, quit the premises in the Park and
surrender possession thereof commonly described as:

Space376
(referred to as "site" herein)

WITHIN FIVE (5) DAYS FROM AND AFTER SERVICE OF THIS NOTICE, and that said surrender of the
mobilehome site be made to the park manager(s), who is authorized to receive the same on behalf of the
management.

Civil Code Section 798.75 authorizes forcible detainer proceedings against any occupant of a mobilehome park
who does not have rights of tenancy and is not otherwise entitled to occupy the premises, upon failure of the
occupants to quit the premises within five (5) days after service of a demand for surrender of the site.

This notice is served with reference to the following facts, inter alia, upon which said demand is now hereby made:

That you have actual and physical possession of the site, without permission from park management, and without
right or authority under a rental agreement or otherwise. Based upon the foregoing facts, management is authorized
to pursue its legal remedies to obtain possession of the site from all such Occupants having no right of tenancy or
possession.

EXHIBIT C, PAGE 36

J Gallian
and All Unlawful Occupants
December 10, 2018
Page 2

**THIS NOTICE IS INTENDED AS A FIVE (5) DAY DEMAND TO SURRENDER POSSESSION AND
NOTICE TO QUIT AS PER CIVIL CODE SECTION 798.75. SHOULD YOU FAIL TO QUIT AND
SURRENDER POSSESSION AS HEREBY DEMANDED, LEGAL PROCEEDINGS SHALL BE
INSTITUTED FOR RESTITUTION OF POSSESSION OF THE PREMISES, REASONABLE RENTAL
VALUE, DAMAGES INCIDENTAL TO OCCUPANTS WRONGFUL UNLAWFUL OCCUPATION OF
THE SITE, AND ATTORNEYS' FEES AND COSTS, AND STATUTORY DAMAGES.**

ALSTON, ALSTON & DIEBOLD

Dated: December 10, 2018

By: _____
VIVIENNE J. ALSTON
Authorized Agent for Owner

cc:    Client
       Park Manager

EXHIBIT C, PAGE 37

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address)<br>**Vivienne J. Alston SBN 170746**<br>**ALSTON, ALSTON & DIEBOLD**<br>**27201 Puerta Real ste 300**<br>**Mission Viejo, CA 92691**<br>ATTORNEY FOR  **Plaintiff** | TELEPHONE NUMBER<br>**(714) 556-9400** | FOR COURT USE ONLY |
|---|---|---|
| SHORT TITLE OF CASE:<br>Rancho Del Rey v. Gallian, Jamie | | |
| DATE:            TIME:            DEP./DIV. | | CASE NUMBER:<br>Not Applicable |
| **Declaration of Service of Notice to Tenant** | | Ref. No. or File No:<br>1510 |

I, the undersigned, declare that I served the tenant with the: **Five (5) Day Demand for Surrender of Possessin of site.;**

Constructive Service

After unsuccessfully attempting to personally serve said Notice(s) on each of the named parties on **12/11/2018** at **05:39 PM**, I completed service by serving said notice(s) as authorized by C.C.P. Section 1162 (2,3). In the manner set forth below.

To: **Jamie Gallian**

On: **12/11/2018**            At: **05:39 PM**

**By posting** a copy for each tenant in a conspicuous place on the property therein described, there being no person of suitable age or discretion to be found at the property where situated, **and mailing** a copy to said tenant(s) by depositing said copies in the United States Mail in a sealed envelope with postage fully prepaid, addressed to the tenant  on **12/11/2018** from **Garden Grove** at the address where served: **16222 Monterey Lane 376  Huntington Beach, CA 92649**

Person Who served papers:
   a. Name: **Cesar Gonzalez**
   b. Address: **840 N. Birch St, Santa Ana, CA 92701**
   c. Telephone number: **714-953-9451**
   d. **The fee for this service was: 129.50**
   e. I am:
   (3) [X] a registered California process server:
        (i) [X] Independent Contractor
        (ii) Registration No.: **2729**
        (iii) County: **Orange**

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.



_____
**Cesar Gonzalez**            Date: **12/12/2018**

---

Declaration of Service of Notice to Tenant            Invoice #: 2305520-01

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address) | TELEPHONE NUMBER | FOR COURT USE ONLY |
|---|---|---|
| Vivienne J. Alston SBN 170746<br>ALSTON, ALSTON & DIEBOLD<br>27201 Puerta Real ste 300<br>Mission Viejo, CA 92691<br>ATTORNEY FOR **Plaintiff** | **(714) 556-9400** | |

| SHORT TITLE OF CASE:<br>Rancho Del Rey v. Gallian, Jamie | | |
|---|---|---|
| DATE: | TIME: | DEP./DIV. | CASE NUMBER:<br>Not Applicable |
| **Declaration of Service of Notice to Tenant** | | Ref. No. or File No:<br>1510 |

I, the undersigned, declare that I served the tenant with the: **Five (5) Day Demand for Surrender of Possessin of site.;**

Constructive Service

After unsuccessfully attempting to personally serve said Notice(s) on each of the named parties on **12/11/2018** at **05:39 PM**, I completed service by serving said notice(s) as authorized by C.C.P. Section 1162 (2,3). In the manner set forth below.

To: **All Other Occupants**

On: **12/11/2018**          At: **05:39 PM**

**By posting** a copy for each tenant in a conspicuous place on the property therein described, there being no person of suitable age or discretion to be found at the property where situated, **and mailing** a copy to said tenant(s) by depositing said copies in the United States Mail in a sealed envelope with postage fully prepaid, addressed to the tenant  on **12/11/2018** from **Garden Grove** at the address where served: **16222 Monterey Lane 376  Huntington Beach, CA 92649**

Person Who served papers:
  a. Name: **Cesar Gonzalez**
  b. Address: **840 N. Birch St, Santa Ana, CA 92701**
  c. Telephone number: **714-953-9451**
  d. **The fee** for this service was: **39.50**
  e. I am:
    (3) [X] a registered California process server:
      (i) [X] Independent Contractor
      (ii) Registration No.: **2729**
      (iii) County: **Orange**

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.



Cesar Gonzalez          Date: **12/12/2018**

Declaration of Service of Notice to Tenant                                    Invoice #: 2305520-02

EXHIBIT C, PAGE 39

## VERIFICATION

STATE OF CALIFORNIA, COUNTY OF ORANGE

I have read the foregoing COMPLAINT _____ and know its contents.

### CHECK APPLICABLE PARAGRAPHS

[ ]    I am a party to this action. The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

[X]    I am [ ] an Officer [X] a partner _____ a _____ of HOUSER BROS CO. _____ a party to this action, and am authorized to make this verification for and on its behalf, and I make this verification for that reason. [ ] I am informed and believe and on that ground allege that the matters stated in the foregoing document are true. [X] The matters stated in the foregoing document are true of my own knowledge, except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

[ ]    I am one of the attorneys for _____ a party to this action. Such party is absent from the county of aforesaid where such attorneys have their offices, and I make this verification for and on behalf of that party for that reason. I am informed and believe and on that ground allege that the matters stated in the foregoing document are true.

Executed on ___December 19, 2018___, at HUNTINGTON BEACH _____, California. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

_Christopher C. Houser_
Type or Print Name

_____
Signature

## PROOF OF SERVICE
1013a (3) CCP Revised 5/1/88

STATE OF CALIFORNIA, COUNTY OF _____, State of California.

I am employed in the county of _____, State of California.
I am over the age of 18 and not a party to the within action; my business address is: _____

_____

On, _____    I served the foregoing document described as _____

_____

_____ on _____ in this action

[ ] by placing the true copies thereof enclosed in sealed envelopes addressed as stated on the attached mailing list:
[ ] by placing [ ] the original [ ] a true copy thereof enclosed in sealed envelopes addressed as follows:

[ ] BY MAIL

[ ]    *I deposited such envelope in the mail at _____, California.
The envelope was mailed with postage thereon fully prepaid.

[ ]    As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at _____ California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.
Executed on _____, at _____, California.

[ ] **(BY PERSONAL SERVICE) I delivered such envelope by hand to the offices of the addressee.
Executed on _____, at _____, California.

[ ] (State)    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.
[ ] (Federal)  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_____
Type or Print Name

_____
Signature

*(BY MAIL SIGNATURE MUST BE OF PERSON DEPOSITING ENVELOPE IN MAIL SLOT, BOX, OR BAG)
**(FOR PERSONAL SERVICE SIGNATURE MUST BE THAT OF MESSENGER)

Legal
Solutions
Plus          Rev. 7/99

EXHIBIT C, PAGE 40

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
870 Roosevelt, Irvine, CA 92620.

A true and correct copy of the foregoing document entitled: **NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY OR FOR ORDER CONFIRMING THAT THE AUTOMATIC STAY DOES NOT APPLY UNDER 11 U.S.C. § 362(I) (UNLAWFUL DETAINER)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **December 28, 2022**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**: On **December 28, 2022**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**DEBTOR**
JAMIE LYNN GALLIAN
16222 MONTEREY LN UNIT 376
HUNTINGTON BEACH, CA 92649

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **December 28, 2022**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**VIA PERSONAL DELIVERY:**
**PRESIDING JUDGE'S COPY**
HONORABLE SCOTT C. CLARKSON
UNITED STATES BANKRUPTCY COURT, CENTRAL DISTRICT OF CALIFORNIA
RONALD REAGAN FEDERAL BUILDING AND COURTHOUSE
411 WEST FOURTH STREET, SUITE 5130 / COURTROOM 5C
SANTA ANA, CA 92701-4593

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| December 28, 2022 | Layla Buchanan | /s/ Layla Buchanan |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                  **F 9013-3.1.PROOF.SERVICE**

**1**. <u>**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**</u>: CONTINUED:

- ATTORNEY FOR DEBTOR JAMIE GALLIAN: **Bert Briones**    bb@redhilllawgroup.com, helpdesk@redhilllawgroup.com;RedHillLawGroup@jubileebk.net
- **ATTORNEY FOR TRUSTEE JEFFREY I GOLDEN (TR):** Aaron E DE Leest adeleest@DanningGill.com, danninggill@gmail.com; adeleest@ecf.inforuptcy.com
- **ATTORNEY FOR CREDITOR and PLAINTIFF THE HUNTINGTON BEACH GABLES HOMEOWNERS ASSOCIATION:** Robert P Goe kmurphy@goeforlaw.com, rgoe@goeforlaw.com; goeforecf@gmail.com
- **TRUSTEE JEFFREY I GOLDEN (TR):** Jeffrey I Golden (TR lwerner@wgllp.com, jig@trustesolutions.net; kadele@wgllp.com
- **ATTORNEY FOR PLAINTIFF HOUSER BROS. CO.:** D Edward Hays ehays@marshackhays.com, ehays@ecf.courtdrive.com; kfrederick@ecf.courtdrive.com; cmendoza@marshackhays.com; cmendoza@ecf.courtdrive.com
- **ATTORNEY FOR CREDITOR and PLAINTIFF THE HUNTINGTON BEACH GABLES HOMEOWNERS ASSOCIATION:** Brandon J Iskander biskander@goeforlaw.com, kmurphy@goeforlaw.com
- **ATTORNEY FOR TRUSTEE JEFFREY I GOLDEN (TR):** Eric P Israel eisrael@DanningGill.com, danninggill@gmail.com; eisrael@ecf.inforuptcy.com
- **ATTORNEY FOR PLAINTIFF HOUSER BROS. CO.:** Laila Masud lmasud@marshackhays.com, lmasud@ecf.courtdrive.com; kfrederick@ecf.courtdrive.com
- **ATTORNEY FOR DEFENDANT RANDALL L NICKEL:** Mark A Mellor mail@mellorlawfirm.com, mellormr79158@notify.bestcase.com
- **INTERESTED PARTY COURTESY NEF:** Valerie Smith claims@recoverycorp.com
- **U.S. TRUSTEE:** United States Trustee (SA) ustpregion16.sa.ecf@usdoj.gov

4854-0747-1414, v. 1

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                 **F 9013-3.1.PROOF.SERVICE**