| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Robert P. Goe – State Bar No. 137019<br>Brandon J. Iskander – State Bar No. 300916<br>GOE FORSYTHE & HODGES LLP<br>17701 Cowan Avenue, Suite 210<br>Irvine, CA 92614<br>rgoe@goeforlaw.com<br>biskander@goeforlaw.com<br>Telephone: (949) 798-2460<br>Facsimile: (949) 955-9437<br><br>☐ *Individual appearing without attorney*<br>☒ Attorney for: Huntington Beach Gables HOA | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION**

| In re:<br><br>JAMIE LYNN GALLIAN,<br><br><br><br><br>Debtor(s). | CASE NO.: 8:21-bk-11710-SC<br>CHAPTER: 7<br><br>**NOTICE OF OPPOSITION AND REQUEST FOR A HEARING** |
|---|---|

1. TO (*specify name*): Jamie Lynn Gallian, Debtor

2. NOTICE IS HEREBY GIVEN that The Huntington Beach Gables Homeowners Association,
   a party in interest, hereby opposes the following request (*specify that which is opposed*):
   Notice of Motion and Motion to Avoid Lien Under 11 U.S.C. § 522(f) (Docket No. 277) filed December 22, 2022.

3. This opposition is based upon the following grounds (*specify grounds*):
   1. Court lacks jurisdiction to grant requested relief.
   2. Debtor seeks to avoid more than one lien in violation of statute, federal rules, and Local Rules.
   3. Debtor fails to serve all lienholders in violation of Local Rules.
   4. Debtor's failure to follow Local Rule 9013-1(l) subjects her to sanctions, including denial of the Motion.

---

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2012    Page 1    F 9013-1.3.OPPOSITION.REQ.HEARING

4. Attached hereto are the following documents in support of this opposition which are admissible under the Federal Rules of Evidence (*specify declarations and exhibits by name or description*):
   N/A

5. ☒ *(Optional)* Attached hereto is a Memorandum of Points and Authorities upon which opposing party will rely.

6. Total number of attached pages of supporting documentation: 6

Any reply to this opposition must be filed with the court and served on this opposing party not later than 7 days prior to the hearing on the motion.

WHEREFORE, the undersigned prays that this court deny the subject request and set this matter for a hearing.

Date: 01/05/2023

Respectfully submitted,

GOE FORSYTHE & HODGES LLP
Printed name of law firm

/s/ Brandon J. Iskander
Signature

Brandon J. Iskander
Printed name

Attorney for: Huntington Beach Gables HOA

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2012                                    Page 2                    F 9013-1.3.OPPOSITION.REQ.HEARING

Robert P. Goe – State Bar No. 137019
Brandon J. Iskander – State Bar No. 300916
**GOE FORSYTHE & HODGES LLP**
17701 Cowan Avenue, Suite 210
Irvine, CA 92614
rgoe@goeforlaw.com
biskander@goeforlaw.com

Telephone: (949) 798-2460
Facsimile:  (949) 955-9437

Attorneys for The Huntington Beach Gables Homeowners Association

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION**

| | |
|---|---|
| In re:<br><br>JAMIE LYNN GALLIAN,<br><br>    Debtor. | Case No. 8:21-bk-11710-SC<br><br>Chapter 7 Proceeding<br><br>**OPPOSITION TO DEBTOR'S NOTICE OF MOTION AND MOTION TO AVOID LIEN UNDER 11 U.S.C. § 522(f) AND REQUEST FOR HEARING**<br><br>**[OPPOSING DOCKET NO. 277]** |

**TO THE HONORABLE SCOTT C. CLARKSON, UNITED STATES BANKRUPTCY JUDGE, THE DEBTOR IN PRO PER, THE OFFICE OF THE UNITED STATES TRUSTEE, THE TRUSTEE AND HIS COUNSEL, AND ALL PARTIES IN INTEREST**:

The Huntington Beach Gables Homeowners Association ("HOA") hereby opposes ("Opposition") Jamie Lynn Gallian's ("Debtor's") Motion to Avoid Lien under 11 U.S.C. § 522(f) [Docket No. 277] ("Motion"), requests a hearing on the same, and respectfully represents as follows:

I. **LACK OF JURISDICTION**

The Debtor puts the cart before the horse and seeks lien avoidance as impairing her homestead exemption claim, which is the subject of a pending appeal.[1] As a result, the Court lacks jurisdiction to grant the Debtor's requested relief. The filing of a notice of appeal is an event of jurisdictional significance -- it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal. *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58, 103 S. Ct. 400, 402 (1982) (abrogated on other grounds). When an appeal is pending, the Court may only implement or enforce its order while on appeal, but it may not alter or *expand upon* the order. *Sherman v. SEC (In re Sherman)*, 491 F.3d 948, 967 (9th Cir. 2007) (citing *Neary v. Padilla (In re Padilla)*, 222 F.3d 1184, 1190 (9th Cir. 2000) (abrogated on other grounds)). In other words, the lower court only retains jurisdiction over any matter *unrelated* to the appeal. *See In re Ahmed*, 420 B.R. 518, 523 (Bankr. C.D. Cal. 2009) (emphasis added).

Here, however, lien avoidance is directly related to the appeal. *See Polk v. Cty. of Contra Costa*, No. 1:12-CV-0290, 2014 U.S. Dist. LEXIS 111713, at *22 (E.D. Cal. Aug. 11, 2014) (granting or denying a Section 522(f) motion is an "issue[] regarding a homestead exemption."). The existence of a homestead exemption is the matter currently on appeal to the U.S. District Court. Thus, this Court lacks jurisdiction to adjudicate any matter related to the Debtor's disputed homestead exemption.

II. **FAILURE TO FOLLOW THE LOCAL RULES**

This is the fifth time the Debtor has filed essentially the same Motion, which suffers from all of the same flaws, chief among them that a Motion to Avoid Lien, by definition, is a motion to avoid one single lien, which requires identifying with particularity what lien Debtor seeks to avoid. See 11 U.S.C. § 522(f) (emphasis added) ("the debtor may avoid the fixing of ***a lien***"); FRBP 4003(d) (emphasis added) ("A proceeding under § 522(f) to avoid ***a lien*** or other transfer of property

---

[1] On December 29, 2022, creditor Houser Bros. Co. filed a notice of appeal of the Court's Order Granting Debtor's Motion for Reconsideration of the Court's August 5, 2022 Order Sustaining Objection to Debtor's Homestead Exemption (Docket No. 280).

1  exempt under Code shall be commenced by motion in the manner provided by Rule 9014 . . . .");
2  LBR 4003-2(a) (emphasis added) ("The requirements of LBR 9013-1 through LBR 9013-4 apply
3  to a motion to avoid *a lien* . . . . (1) A motion to avoid *a lien* or other transfer of property under 11
4  U.S.C. § 522(f) may be brought under either LBR 9013-1(d) or (o).")

5        Here, Debtor fails to specify which lien (singular) she seeks to avoid in the Motion and in
6  fact admits that she improperly seeks to avoid multiple liens in contravention of statute, federal
7  rules, and the Local Rules: "**2. Subject Lien:** Date and place of recordation of lien (*specify*): Orange
8  County Superior Court – See Attached recording ***dates*** and recorder's instrument ***numbers*** (See
9  Attachment A).")"  (Motion, at 8 (emphasis added).)  The haphazard arrangement of the Motion
10 does not shed any light on what lien Debtor seeks to avoid.  If "Attachment A" identified in the
11 Motion is to be believed (i.e., the blurry document contained at pages 120-21), then Debtor seeks to
12 avoid six (6) different liens in one motion, which is prohibited.  Debtor's declaration in support of
13 the Motion, in which Debtor simultaneously refers to herself in the first and third person, further
14 sheds no light.

15       Moreover, Debtor violates Local Bankruptcy Rule 4003-1(c)(2) by failing to serve all parties
16 with a lien on the real property, such as J-Pad, LLC. (*Compare* Motion, at 6 *with* Motion, at 220-
17 21.)  Finally, after filing the same flawed Motion time after time, each time being denied, the Debtor
18 continues to violate Local Bankruptcy Rule 9013-1(*l*) which subjects a repeat filer to sanctions for
19 failing to set forth all of the required information contained therein.

20 / / /
21 / / /
22 / / /
23 / / /
24 / / /
25 / / /
26 / / /
27
28

**III.   CONCLUSION**

The HOA most respectfully submits that this Court lacks jurisdiction to adjudicate the "homestead exemption issue" of lien avoidance while the existence of a homestead exemption is on appeal before the U.S. District Court.  Further, even if the Court decided that it did have jurisdiction, the Motion violates the very statute under which it is authorized as well as the federal rules, the Local Rules, and is also sanctionable.  Based on the foregoing, the HOA respectfully requests that the Motion be denied.

Respectfully submitted,

DATED:  January 5, 2023                    **GOE FORSYTHE & HODGES LLP**

               By: /s/ Brandon J. Iskander
                 Robert P. Goe
                 Brandon J. Iskander
                 Attorneys for The Huntington Beach
                 Gables Homeowners' Association

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

17701 Cowan, Suite 210, Irvine, CA 92614

A true and correct copy of the foregoing document entitled: **Notice of Opposition and Request for a Hearing** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (date) 01/05/2023 , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

[X] Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (date) 01/05/2023 , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

[X] Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (date) 01/06/2023 , I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Document Delivery to Court Suspended General Order 21-05

[ ] Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 01/05/2023 | Arthur E. Johnston | /s/ Arthur E. Johnston |
|---|---|---|
| Date | Printed Name | Signature |

---

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2012                    Page 3                    F 9013-1.3.OPPOSITION.REQ.HEARING

NOTICE OF OPPOSITION AND REQUEST FOR HEARING - PAGE 000027

1. <u>TO BE SERVED BY THE COURT VIA NOTICEOF ELECTRONIC FILING (NEF)</u>:

   - **Bradford Barnhardt**   bbarnhardt@marshackhays.com, bbarnhardt@ecf.courtdrive.com,kfrederick@ecf.courtdrive.com
   - **Aaron E. DE Leest**   adeleest@DanningGill.com, danninggill@gmail.com;adeleest@ecf.inforuptcy.com
   - **Robert P Goe**   kmurphy@goeforlaw.com, rgoe@goeforlaw.com;goeforecf@gmail.com
   - **Jeffrey I Golden (TR)**   lwerner@go2.law, jig@trustesolutions.net;kadele@go2.law
   - **D Edward Hays**   ehays@marshackhays.com, ehays@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com
   - **Brandon J Iskander**   biskander@goeforlaw.com, kmurphy@goeforlaw.com
   - **Eric P Israel**   eisrael@DanningGill.com, danninggill@gmail.com;eisrael@ecf.inforuptcy.com
   - **Laila Masud**   lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com
   - **Mark A Mellor**   mail@mellorlawfirm.com, mellormr79158@notify.bestcase.com
   - **Valerie Smith**   claims@recoverycorp.com
   - **United States Trustee (SA)**   ustpregion16.sa.ecf@usdoj.gov

2. <u>SERVED BY UNITED STATES MAIL:</u>

Jamie Lynn Gallian  
16222 Monterey Ln Unit 376  
Huntington Beach, CA 92649

Janine Jasso  
PO Box 370161  
El Paso, CA 79937

Michael D Poole  
Feldsott & Lee  
23161 Mill Creek Dr Ste 300  
Laguna Hills, CA 92653