| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| JAMIE LYNN GALLIAN<br>16222 MONTEREY LN. UNIT 376<br>HUNTINGTON BEACH, CA 92649<br>(714)321-3449<br>JAMIEGALLIAN@GMAIL.COM<br><br><br><br>☒ *Respondent appearing without attorney*<br>☐ *Attorney for Respondent:* | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION**

| In re:<br>JAMIE LYNN GALLIAN | CASE NO.: 8:21-BK-11710-SC |
|---|---|
| | CHAPTER: 7 |
| | **RESPONSE TO MOTION REGARDING THE AUTOMATIC STAY AND DECLARATION(S) IN SUPPORT** |
| | DATE: 02/01/2023<br>TIME: 9:30 am<br>COURTROOM: 5C Via Zoom<br>PLACE: 411 West Fourth Street<br>Santa Ana, CA 92701 |
| Debtor(s). | |
| **Movant:** HOUSER BROS CO DBA RANCHO DEL REY MOBILEHOME ESTATES | |

**Respondent:**  ☒ Debtor  ☐ trustee  ☐ other:

> NOTE REGARDING FILING AND SERVICE OF RESPONSE, EXHIBITS AND DECLARATIONS:
>
> A copy of the Response, exhibit(s) and declaration(s) must be served upon:
>
> (1) Movant's attorney (or Movant, if Movant does not have an attorney);
> (2) the trustee; and
> (3) the judge who presides over this bankruptcy case.
>
> Then the document must be filed with the court.

1. ☐ **NONOPPOSITION**

The Respondent does not oppose the granting of the Motion.

---

This form is optional. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014                                Page 1                                **F 4001-1.RFS.RESPONSE**

2. ☐ **LIMITED OPPOSITION**

   a. ☐ Respondent opposes the Motion only to the extent that it seeks immediate relief from stay. Respondent requests that no lock out, foreclosure, or repossession take place before (*date*): _____ and the reason for this request is (*specify*):

   b. ☐ As set forth in the attached declaration of the Respondent or the Debtor, the motion is opposed only to the extent that it seeks a specific finding that the Debtor was involved in a scheme to hinder, delay or defraud creditors.

      The Debtor:
      (1) ☐ has no knowledge of the Property.
      (2) ☐ has no interest in the Property.
      (3) ☐ has no actual possession of the Property.
      (4) ☐ was not involved in the transfer of the Property.

   c. ☐ Respondent opposes the Motion and will request a continuance of the hearing since there is an application for a loan modification under consideration at this time. Evidence of a pending loan modification is attached as Exhibit _____.

3. ☒ **OPPOSITION:** The Respondent opposes granting of the Motion for the reasons set forth below.

   a. ☐ The Motion was not properly served (*specify*):

      (1) ☐ Not all of the required parties were served.
      (2) ☐ There was insufficient notice of the hearing.
      (3) ☐ An incorrect address for service of the Motion was used for (*specify*):

   b. ☒ Respondent disputes the allegations/evidence contained in the Motion and contends as follows:

      (1) ☒ The value of the Property is $ 235,000.00_____, based upon (*specify*): *CHAPTER 7 PETITION SCH A.*

      (2) ☐ Total amount of debt (loans) on the Property is $ _____.

      (3) ☒ More payments have been made to Movant than the Motion accounts for. True and correct copies of canceled checks proving the payments that have been made are attached as Exhibit 2____.

      (4) ☐ There is a loan modification agreement in effect that lowered the amount of the monthly payments. A true and correct copy of the loan modification agreement is attached as Exhibit _____.

      (5) ☐ The Property is necessary for an effective reorganization. Respondent filed or intends to file a plan of reorganization that requires use of the Property. A true and correct copy of the plan is attached as Exhibit _____.

      (6) ☐ The Property is fully provided for in the chapter 13 plan and all postpetition plan payments are current. A true and correct copy of the chapter 13 plan is attached as Exhibit _____ and proof that the plan payments are current through the chapter 13 trustee is attached as Exhibit _____.

      (7) ☒ The Property is insured. Evidence of current insurance is attached as Exhibit _____.
EVIDENCE OF INSURANCE PROVIDED TO CHAPTER 7 TRUSTEE JEFFREY GOLDEN.

This form is optional. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2014*                                Page 2                                **F 4001-1.RFS.RESPONSE**

***Moving party has provided no explanation as why they have waited 18 months to bring this motion. Nor does it explain that having two actions pending that it claims results in "judicial economy".

(8) ☒ Movant's description of the status of the unlawful detainer proceeding is not accurate.

(9) ☒ Respondent denies that this bankruptcy case was filed in bad faith.

(10) ☒ The Debtor will be prejudiced if the Nonbankruptcy Action is allowed to continue the nonbankruptcy forum. The Movant should not be given two bites of the apple. Debtor prejudiced by having to defend two cases.

(11) ☒ Other (*specify*):
The parties filed a joint stipulation approved by the Court on October 5, 2022. The Court set trial for

February 23, 2023, at 9:30am to hear the same identical issues. Debtor would be highly prejudiced to the extent that the UD case was filed 1/2/2019, Plaintiff failed to request trial.

c.   ☒ Respondent asserts the following as shown in the declaration(s) filed with this Response:

(1) ☐ The bankruptcy case was converted from chapter ____ to chapter ____.

(2) ☐ All postpetition arrearages will be cured by the hearing date on this motion.

(3) ☐ The Property is fully provided for in the chapter 13 plan and all postpetition plan payments
☐ are current, or ☐ will be cured by the hearing date on this motion.

(4) ☒ The Debtor has equity in the Property in the amount of $ 235,000.00 .

(5) ☐ Movant has an equity cushion of $ _____ or _____% which is sufficient to provide adequate protection.

(6) ☒ The Property is necessary for an effective reorganization because (*specify*):
The property is debtors personal residence where she lives with a roommate who pays rent to debtor for income. Declaration of income filed in March 2021 main bankruptcy case.

(7) ☒ The motion should be denied because (*specify*):
The court ruled on 12/19/22, debtor has a homestead exemption in her personal residence of $600,000 Dkt.273/Dkt 274, after Movant objected to debtors claimed homestead. This RFS motion was filed in bad faith, on the eve of trial where these same issues will be decided on February 23, 2023, 9:30a.

(8) ☒ An optional memorandum of points and authorities is attached in support of this Response to be filed under separate cover.

4. **EVIDENCE TO AUTHENTICATE EXHIBITS AND TO SUPPORT FACTS INSERTED IN THE RESPONSE:**

Attached are the following documents in support of this Response:

☒ Declaration by the Debtor                    ☐ Declaration by the Debtor's attorney
☐ Declaration by trustee                        ☐ Declaration by trustee's attorney
☐ Declaration by appraiser                      ☐ Other (*specify*):

Date: 01/18/2023

_____
Printed name of law firm for Respondent (if applicable)

JAMIE LYNN GALLIAN
_____
Printed name of individual Respondent or attorney for Respondent

*Jamie Lynn Gallian*
_____
Signature of individual Respondent or attorney for Respondent

This form is optional. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014                          Page 3                          F 4001-1.RFS.RESPONSE

1  D. EDWARD HAYS, #162507
   ehays@marshackhays.com
2  LAILA MASUD, #311731
   lmasud@marshackhays.com
3  BRADFORD N. BARNHARDT, #328705
   bbarnhardt@marshackhays.com
4  MARSHACK HAYS LLP
   870 Roosevelt
5  Irvine, CA 92620
   Telephone: (949) 333-7777
6  Facsimile: (949) 333-7778

7  Attorneys for Plaintiff,
   HOUSER BROS. CO. dba RANCHO DEL
8  REY MOBILE HOME ESTATES

9              UNITED STATES BANKRUPTCY COURT

10       CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

11 | In re                              | Case No. 8:21-bk-11710-SC

12 | JAMIE LYNN GALLIAN,                 | Chapter 7

13 |          Debtor.                    | Adv. No. 8:21-ap-01097-SC

14 | HOUSER BROS. CO. dba RANCHO DEL REY | JOINT PRETRIAL STIPULATION
   | MOBILE HOME ESTATES,
15 |                                     | Pretrial Conference
   |          Plaintiff,                 | Date:    September 27, 2022
16 |                                     | Time:    1:30 p.m.
   | v.                                  | Ctrm:    5C
17 |                                     | Address: 411 W. Fourth Street
   |                                     | Santa Ana, CA 92701
18 | JAMIE LYNN GALLIAN,

19 |          Defendant.

20

21

22 TO THE HONORABLE SCOTT C. CLARKSON, UNITED STATES BANKRUPTCY JUDGE,

23 AND ALL INTERESTED PARTIES:

24        Plaintiff, HOUSER BROS. CO., a California limited partnership dba RANCHO DEL REY

25 MOBILE HOME ESTATES ("Houser Bros." or "Plaintiff"), together with Defendant, Jamie Lynn

26 Gallian ("Debtor," and together with Houser Bros., the "Parties") and through their attorneys of

27 record, submit this joint pretrial stipulation in compliance with the Local Bankruptcy Rules ("LBR")

28 and as required by Dk. No. 26, entered by the Court on June 14, 2022, as follows:

4886-1591-1427,v.1

A.    <u>Undisputed Facts:</u>

The following facts are admitted and require no proof:

1.    Debtor was involved in litigation with the Gables concerning real property at 4476 Alderport Drive, Unit 53, Huntington Beach, California 92649 ("4476 Alderport").

2.    On October 31, 2018, Debtor sold 4476 Alderport to Randall Nickel for $379,000, which was paid by cashier's checks made payable to Debtor individually.

3.    The litigation resulted in a judgment of over $316,583.59 ("Gables Judgment") in favor of the Gables which was formally entered on May 6, 2019.

4.    Debtor deposited the proceeds from the sale of 4476 Alderport with Chase Bank, in an account in her name.

5.    The Gables has separately filed an adversary complaint against Debtor seeking to except the Gables Judgment from discharge as well as to deny Debtor a discharge, Adversary Proceeding No. 8:21-ap-01095.

6.    JSC is Debtor's single-member LLC, and she has always been the 100% owner.

7.    Debtor formed JSC on or around October 18, 2018.

8.    On the same day (November 20, 2018), Debtor called the Park office to discuss the Denial Letter.

9.    In October 2018, Defendant was sued by The BS Investors LP for unlawful detainer, as Case No. 30-2018-01024401 ("BS Investors Action").

10.    On January 14, 2019, Debtor filed a UCC Financing Statement against JSC, Document No. 76027940002.

11.    On January 14, 2019, Debtor filed a UCC Financing Statement against JSC, Document No. 76027940003.

12.    On January 14, 2019, Debtor filed a UCC Financing Statement against Craig Houser and Kathryn Curtiss, Document No. 7602794004.

13.    On February 22, 2019, Defendant filed an answer to the OCSC Complaint.

4886-1591-1427,v.1

14. On March 17, 2022, as BK Docket[1] No. 77, Debtor filed a "Corporate Ownership Statement . . ." indicating that on November 22, 2021, she filed with the California Secretary of State certificates of cancellation for both J-Pad and JSC.

15. Ronald Pierpont is Debtor's ex-husband.

16. On July 9, 2021 ("Petition Date"), Debtor filed a voluntary petition ("Petition") for relief under Chapter 7 of Title 11 of the United States Code, commencing Case No. 8:21-bk-11710 ("Bankruptcy Case").

17. Debtor filed her initial Schedules and Statements ("Original Schedules") on the Petition Date.

18. Since filing her Original Schedules, Debtor has filed no fewer than ten amendments to her schedules: BK Docket Nos. 15, 16, 17, 22, 37, 38, 39, 42, 72, and 75.

19. Debtor signed her Petition, her Original Schedules, and all amended schedules under penalty of perjury, acknowledging that the information provided therein was true and correct.

20. On May 12, 2022, as BK Docket No. 95, Houser Bros. filed a "Motion Objecting to Debtor's Claimed Homestead Exemption" ("Exemption Motion").

21. On May 13, 2022, the Association filed a joinder to the Exemption Motion. BK Docket No. 98.

22. On May 16, 2022, Janine Jasso filed a joinder to the Exemption Motion. BK Docket No. 100.

23. On June 1, 2022, as BK Docket No. 105, Debtor filed a "Reply Opposition, Memorandum of Points and Authorities to Houser Bros. Co. DBA Rancho Del Rey Mobile Home Estates' Motion Objecting to Debtor's Claimed Homestead Exemption and Joinder Parties Huntington Beach Gables HOA; Janine Jasso" ("Exemption Opposition").

24. On June 30, 2022, as BK Docket No. 128, Chapter 7 Trustee Jeffrey I. Golden ("Trustee") filed "Trustee's Joinder in Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates' Motion Objecting to Debtor's Claimed Homestead Exemption."

---

[1] All references to BK Docket are to the docket in the Bankruptcy Case (defined below). All references to AP Docket are to the docket in the AP (defined below).

JOINT PRETRIAL STIPULATION
4886-1591-1427,v.1

25.     On July 7, 2022, Houser Bros. filed a "Reply to Debtor's Opposition to Motion Objecting to Claimed Homestead Exemption" ("Exemption Reply"), with supporting declarations of Vivienne J. Alston, Greg Buysman, and Chris Houser. BK Docket Nos. 130-133.

26.     On July 28, 2022, as BK Docket No. 162, Trustee filed an "Application of the Chapter 7 Trustee to Employ Real Estate Broker Coldwell Banker Realty and Agents William Friedman and Greg Bingham Pursuant to 11 U.S.C. §§ 327 and 328" ("Employment Application").

27.     On August 5, 2022, as BK Docket No. 177, the Court entered an "Order Granting Houser Bros. Co. DBA Rancho Del Rey Mobile Home Estates's Motion Objecting to Debtor's Claimed Homestead Exemption in 16222 Monterey Lane, Space #376, Huntington Beach, CA 92649, Docket No. 95" ("Exemption Order").

28.     Debtor has not received a discharge in the Bankruptcy Case.

29.     On October 18, 2021, Houser Bros. filed a "Complaint to (1) Determine Dischargeability of Debt Pursuant to 11 U.S.C. §§ 523(a)(2)(A) and (a)(6); (2) Deny Discharge Pursuant to 11 U.S.C. §§ 727(a)(2)(A), (a)(4), and (a)(5)," commencing Adversary Proceeding No. 8:21-ap-01097 ("AP").

30.     On October 22, 2021, as AP Docket No. 3, Houser Bros. filed a "First Amended Complaint to (1) Determine Dischargeability of Debt Pursuant to 11 U.S.C. §§ 523(a)(2)(A) and (a)(6); (2) Deny Discharge Pursuant to 11 U.S.C. §§ 727(a)(2)(A), (a)(4), and (a)(5)" ("Complaint").

31.     On October 28, 2021, as AP Docket No. 6, Debtor filed an "Answer to Complaint/Defendant Jamie Lynn Gallian, Affirmative Defenses to Complaint to Determine Dischargeability of Debt" ("Answer").

32.     On August 19, 2022, the Parties attended mediation with Thomas C. Watts, III, Esq., regarding the Complaint's § 523(a) claims. During the mediation, the Parties did not resolve their dispute.

33.     Debtor is an individual residing in Huntington Beach, California. At all relevant times Debtor maintained a principal place of residence in the state of California. By filing a voluntary Petition for relief in the Bankruptcy Court, Debtor has consented to the personal jurisdiction of this Court.

4886-1591-1427,v.1

34.     The Court has jurisdiction over this AP pursuant to 28 U.S.C. §§ 157 and 1334 in that this action arises in and relates to the Bankruptcy Case.

35.     Venue properly lies in the Central District of California in that this AP arises in or is related to a case under Title 11 of the United State Code as provided in 28 U.S.C. § 1409.

B.     Disputed Facts:

The following issues of fact, and no others, remain to be litigated:

1.     Houser Bros. is the owner of and/or has a right of possession regarding several acres of real property in Huntington Beach California. The real property has been improved with both (a) a senior mobilehome park known as Rancho Del Rey Mobile Home Estates (hereinafter referred to as the "Park") and (b) an 80-unit condominium complex known as The Huntington Beach Gables (the "Gables"). The Park is operated by Houser Bros. and the condominium community sub-leases the real property and is operated by an independent Homeowners Association ("Association"). Both the Park and the Gables are enclosed in a six-foot perimeter wall and traffic to both communities is controlled by the same gate with a manned gatehouse. Once a person is past the gatehouse, they have complete and unfettered access to both communities.

2.     On August 21, 2018, Houser Bros. filed a complaint ("Ryan Complaint") against an individual by the name of Lisa Ryan ("Ms. Ryan") in Orange County Superior Court ("OCSC") for failure to pay rent stemming from Ms. Ryan's tenancy at the Park – namely 16222 Monterey Lane, Space 376, Huntington Beach, CA 92649 ("Space 376" or "Property"). The filing of the Ryan Complaint commenced Case No. 30-2018-01013582-CL-UD-CJC ("Ryan State Court Action").[2] Subsequently, Ms. Ryan and the Park entered into a stipulated judgment ("Stipulated Judgment") resolving the Ryan Complaint and providing for turnover of Space 376. Specifically:

(a)     No later than November 3, 2018, Ms. Ryan was to vacate Space 376;

(b)     The Park was entitled to a Writ of Possession provided no lock-out could occur prior to November 4, 2018;

(c)     Ms. Ryan had 120 days to market and sell her mobilehome located at Space 376

---

[2] On March 6, 2019, in the Ryan State Court Action the Court granted Plaintiff's motion for reconsideration to intervene and TRO to stay writ of possession.

5

4886-1591-1427,v.1

or the mobilehome would be subject to a warehouse lien auction;

    (d) The Park was to review any prospective buyers in accordance with Mobilehome Residency Law ("MRL");

    (e) The sale of the mobilehome was to proceed via escrow; and

    (f) Ms. Ryan was to pay a money judgment of not less than $8,437.07 plus judicial interest.

3. On November 1, 2018, Debtor and Ms. Ryan executed a release form to release title of the Property to J-Sandcastle Co., LLC ("JSC"), with the "Date of Release" and "Purchase Date or Transfer Date" as November 1, 2018 ("Ryan Release Form").

4. On November 1, 2018, Ms. Ryan executed a "Notice of Sale or Transfer" regarding the Property, showing JSC as the "Purchaser/New Owner," with November 1, 2018, as the date of transfer ("Ryan Notice of Sale or Transfer").

5. The purchase price of the Property paid to Ms. Ryan by Debtor/JSC was $185,000. Debtor/JSC paid the $185,000 from the account into which Debtor had deposited the sales proceeds of 4476 Alderport.

6. The transfer from Ms. Ryan to JSC was not made pursuant to any written purchase agreement.

7. On November 19, 2018, Debtor emailed an application ("Application") to the management office for the Park.

8. On November 20, 2018, the Park (a) mailed a letter informing Debtor of the denial of her Application ("Denial Letter"); and (b) verbally informed Debtor's real estate agent of the Denial Letter.

9. Defendant admits that there (a) exists a security agreement ("Security Agreement") between JSC and herself where she lent JSC $225,000 in exchange for a security interest in the Premises; and (b) accompanying the agreement is a secured promissory note ("Note") for $225,000, dated November 16, 2018, between JSC and J-Pad LLC ("J-Pad") – which LLC Debtor also held an ownership interest in at the time.

10. JSC did not pay money or give any other asset in exchange for receiving title to the mobilehome.

11. J-Pad did not pay money or give any other asset or thing of value to purchase the Note and lien.

12. Prior to bankruptcy, Debtor made multiple transfers of her interest in property including, but not limited to, using the Alderport sales proceeds to purchase the mobilehome titled in the name of JSC, granting a lien and the rights of the legal owner of the mobilehome to J-Pad, and transferring her membership interests in JSC and J-Pad to family and friends.

13. All of the foregoing transfers were made for less than reasonably equivalent value while Debtor was insolvent.

14. All of the foregoing transfers were made by Debtor with actual intent to hinder, delay, or defraud her creditors.

15. In December 2018, the Park caused to be served on Defendant a Five-Day Notice to Quit Premises ("NTQ").

16. On January 2, 2019, the Park filed a complaint ("OCSC Complaint") against Defendant for forcible entry/detainer (mobilehome park), Case No. 30-2019-01041423-CL-UD-CJC ("OCSC Action").

17. On January 14, 2019, Debtor filed a UCC Financing Statement against JSC, Document No. 76027030002.

18. In her attempted defense of the OCSC Complaint and Plaintiff's efforts to remove her from its premises, Debtor has made knowingly false representations regarding her alleged right to occupy the premises.

19. Debtor's defense of the OCSC Complaint and Plaintiff's other efforts to remove her from its premises have been relied upon by the Superior Court in not previously entering a judgment for possession in Plaintiff's favor which delay has caused Plaintiff damage.

20. Brian, Steven, and Justin Gallian are Debtor's sons.

JOINT PRETRIAL STIPULATION
4886-1591-1427,v.1

21. Debtor's ten sets of amended schedules and/or statements of financial affairs, all signed under penalty of perjury, demonstrate that she has made multiple false oaths regarding her assets and liens.

22. Debtor's statements of financial affairs contain false oaths because such statements fail to disclose all of Debtor's transfers of property.

23. Debtor's Schedules also reflect a ground lease with Houser Bros. Chris Houser when no such lease exists and Debtor application for residency was rejected as set forth in the Denial Letter.

24. Prior to the deadline to object to discharge, Debtor failed to satisfactorily explain her loss or deficiency of assets to meet her liabilities including her disposition of the $379,000 in proceeds from the sale of Alderport when only $185,000 was used to purchase the mobilehome in the name of JSC, and her other transfers of assets, liens, and use of her LLCs to defraud creditors and/or conceal her alleged interest and equity in the mobilehome.

25. In her Exemption Opposition and her later motion for reconsideration, Debtor contends that she retained a secret interest in the mobilehome notwithstanding placing title in the name of JSC and naming J-Pad as its legal owner pursuant to an alleged lien.

26. In her Exemption Opposition, Debtor fraudulently presented the Buysman notarizations as alleged evidence of when title to the mobilehome was transferred from JSC to herself.

27. Mr. Buysman never notarized the documents used by Debtor in the Exemption Opposition.

28. Debtor has been in possession of and resided at the Property since November 2018, and she continues to reside at the Property despite her application being rejected.

29. Debtor moved into the Property without the permission of Plaintiff and remains there knowing that Plaintiff has asked her to leave.

30. Debtor trespassed and took possession of the Premises without Plaintiff's consent or approval, and no rental agreement was entered into between Plaintiff and Defendant.

31. Debtor misrepresented facts in her Application regarding the BS Investors UD Action filed against her a month before turning in the Application.

32. Debtor is willfully and maliciously trespassing on Plaintiff's property which action has

4886-1591-1427,v.1

caused Plaintiff damage including but not limited to not receiving rent from an approved tenant, attorneys' fees arising from Debtor's trespass, and other costs.

33. This AP is a core proceeding under 28 U.S.C. § 157(b)(2)(I) (dischargeability of particular debts) and 28 U.S.C. § 157(b)(2)(J) (objections to discharge). To the extent any claim for relief contained in this AP is determined to be non-core or involve a *Stern*-claim, all Parties consent to the entry of final orders and judgments by the Bankruptcy Court.

C. <u>The Following Issues of Law are Stipulated</u>

**First Claim for Relief – 523(a)(2) Fraud.**

1. "A discharge under . . . this title does not discharge an individual debtor from any debt—(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—(A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition." 11 U.S.C. § 523(a)(2)(A).

2. "The Bankruptcy Code has long prohibited debtors from discharging liabilities on account of their fraud, embodying a basic policy animating the Code of affording relief only to an 'honest but unfortunate debtor.'" *Cohen v. De La Crus*, 523 U.S. 213, 217 (1998).

3. "Section 523(a)(2)(A) continues the tradition, excepting from discharge 'any debt . . . for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by . . . false pretenses, a false representation, or actual fraud…'" *Id.* at 218.

4. A plaintiff bears the burden of proving the applicability of § 523(a)(2)(A) by a preponderance of the evidence by demonstrating five elements:

    a) The debtor made representations;

    b) That at the time he or she knew they were false;

    c) That he or she made them with the intention and purpose of deceiving the creditor;

    d) That the creditor relied on such representations; and

    e) That the creditor sustained the alleged loss and damage as the proximate result of the misrepresentations having been made.

*Ghomeshi v. Sabban (In re Sabban)*, 600 F.3d 1219, 1222 (9th Cir. 2010).

9

5.      Typically, a finding of a debt due to fraud is all that is necessary to satisfy § 523(a)(2)(A) to establish that the debt is nondischargeable in bankruptcy. *Muegler v. Bening*, 413 F.3d 980, 983 (9th Cir. 2005).

**Second Claim for Relief – 523(a)(6) Willful and Malicious Injury.**

6.      "A discharge . . . does not discharge an individual debtor from any debt– for willful and malicious injury by the debtor to another entity or to the property of another entity." 11 U.S.C. §523(a)(6); *see also Hunter v. Martin (In re Martin)*, 2019 Bankr.LEXIS 2073, at *26 (Bankr. C.D. Cal. July 10, 2019).

7.      The "willful" and "malicious" requirements are conjunctive and subject to separate analysis. *Id.*

8.      The injury-producing conduct must be tortious to be exempted from discharge under § 523(a)(6). *Id.* at *27.

9.      Conduct is tortious under § 523(a)(6) only if it constitutes a tort under state law. *Id.* (citing *Lockerby v. Sierra*, 535 F.3d 1038, 1040 (9th Cir. 2008)).

10.     Trespass is a tort under California law.

11.     Trespass is an unlawful interference with possession of property. The elements of trespass are: (1) the plaintiff's ownership or control of the property;(2) the defendant's intentional, reckless, or negligent entry onto the property; (3)lack of permission for the entry or acts in excess of permission; (4) harm; and (5) the defendant's conduct was a substantial factor in causing the harm. *Ralphs Grocery Co.*, 17 Cal.App.5th 245, 261-262.

12.     It is a well-settled proposition that the proper party plaintiff in an action for trespass to real property is the person in actual possession. No averment of title in plaintiff is necessary. [Citations.]' . . . 'A defendant who is a mere stranger to the title will not be allowed to question the title of a plaintiff in possession of the land. It is only where the trespasser claims title himself, or claims under the real owner, that he is allowed to attack the title of the plaintiff whose peaceable possession he has disturbed.' *Veiseh v. Stapp* (2019) 35 Cal.App.5th 1099, 1104.

13.     The tort of trespass is the type of tort that is covered by Section 523(a)(6). *Simas v. Powell*, 635 B.R. 366, 375-76 (N.D. Cal. 2021) ["The court found that appellant's continued use of

10

4886-1591-1427,v.1

1  the Property after appellees asked him to leave constituted trespass and conversion and was thus a

2  sufficient basis for nondischargeability under Section 523(a)(6)."].

3     14.     The language of § 523(a)(6) also extends to the tort of conversion. *State Farm Mut.*

4  *Auto Ins. Co. v. Rodriguez (In re Rodriguez)*, 568 B.R. 328, 342 (Bankr. S.D. Cal. 2017). But,

5  whether a defendant's actions amount to conversion under California law is not dispositive regarding

6  whether the underlying claims are nondischargeable under § 523(a)(6). *Id.*

7     15.     To prevail on a § 523(a)(6) conversion claim, a plaintiff must "first establish that a

8  conversion has occurred under California law, and second that the conversion is willful and

9  malicious." *Id.* at 343; *see also Zeeb v. Farah (In re Zeeb)*, 2019 Bankr.LEXIS 2477, at *16 (B.A.P.

10  9th Cir. Aug. 9, 2019) (noting that a creditor seeking to exempt a debt from discharge under

11  § 523(a)(6) must also prove that the conversion was undertaken willfully and maliciously).

12     16.     Conversion, under California law, is the "wrongful exercise of dominion over the

13  property of another." *Mendoza v. Continental Sales Co.*, 140 Cal.App.4th 1395, 1404-05 (2006). The

14  elements of a conversion claim are: 1) The plaintiff's ownership or right to possession of the

15  property; 2) The defendant's conversion by a wrongful act or disposition of property rights; and 3)

16  Damages. *Id.* at 1405.

17     17.     An injury is "willful" when a debtor "harbors either subjective intent to harm, or a

18  subjective belief that harm is substantially certain." *Hunter v. Martin (In re Martin)*, 2019

19  Bankr.LEXIS 2073, at *26 (Bankr. C.D. Cal. July 10, 2019).

20     18.     The injury must be "deliberate or intentional, not merely a deliberate or intentional

21  act that leads to injury." *Id.*

22     19.     A debtor acts "knowingly" if he or she acts "deliberately and consciously." *Retz v.*

23  *Samson (In re Retz)*, 606 F.3d 1189, 1198 (9th Cir. 2010).

24     20.     An injury is "malicious" if it involves: 1) A wrongful act, 2) Done intentionally, 3)

25  Which necessarily causes injury, and 4) Is done without just cause or excuse. *Hunter v. Martin (In re*

26  *Martin)*, 2019 Bankr.LEXIS 2073, at *27 (Bankr. C.D. Cal. July 10, 2019); *see also Carrillo v. Su*

27  *(In re Su)*, 290 F.3d 1140, 1146-47 (9th Cir. 2002) (same).

28     21.     Malice may be inferred based on the nature of the wrongful act. *Ormsby v. First Am.*

4886-1591-1427,v.1

1  *Title Co. (In re Ormsby)*, 591 F.3d 1199, 1207 (9th Cir. 2010).

2      22.    The intentional conversion of another's property without its knowledge or consent and

3  without justification and excuse constitutes a willful and malicious injury within the meaning of 11

4  U.S.C. § 523(a)(6). *Petralia v. Jercich (In re Jercich)*, 238 F.3d 1202, 1203 (9th Cir. 2001); *In re*

5  *Bailey*, 197 F.3d. 997, (9th Cir. 1999).

6      **Third Claim for Relief – 727(a)(2)(A) Transfer or Concealment of Property**

7      23.    "The court shall grant the debtor a discharge, unless—the debtor, with intent to

8  hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under

9  this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be

10  transferred, removed, destroyed, mutilated, or concealed— property of the debtor, within one year

11  before the date of the filing of the petition." 11 U.S.C. § 727(a)(2)(A).

12      24.    A party seeking denial of discharge under § 727(a)(2)(A) must prove:

13      1.    A disposition of property, such as a transfer or concealment;

14      2.    A subjective intent on the debtor's part to "hinder, delay or defraud a creditor

15          through the act [of] disposing of the property;" and

16      3.    It must occur within one year before filing bankruptcy.

17  *Retz v. Samson (In re Retz)*, 606 F.3d 1189, 1200 (9th Cir. 2010); *Faith v. Miller (In re Miller)*, 2015

18  Bankr.LEXIS 1929, at *6 (Bankr. C.D. Cal. June 12, 2015) (Caroll, J.).

19      25.    A debtor's intent need not be identical to the fraudulent intent under a common-law

20  tort standard to meet the requirements of § 727(a)(2)(A). *Retz v. Samson (In re Retz)*, 606 F.3d 1189,

21  1200 (9th Cir. 2010).

22      26.    It suffices if the debtor's intent is to "hinder or delay a creditor." *Id.*; *see also Faith v.*

23  *Miller (In re Miller)*, 2015 Bankr.LEXIS 1929, at *6 (Bankr. C.D. Cal. June 12, 2015) (same).

24      27.    Lack of injury to creditors is irrelevant regarding denying a discharge in bankruptcy.

25  *In re Retz*, 606 F.3d at 1200; *In re Miller*, 2015 Bankr.LEXIS 1929, at *6.

26      28.    The intent to hinder or delay is a factual question that requires the trier of fact to

27  "delve into the mind of the debtor" and may be inferred from surrounding circumstances. *JP Morgan*

28  *Chase Bank, N.A. v. Ellison (In re Ellison)*, 2016 Bankr.LEXIS 3475, at *24 (Bankr. C.D. Cal. Sept.

JOINT PRETRIAL STIPULATION
4886-1591-1427,v.1

23, 2016).

29.     In examining the circumstances of a transfer under § 727(a)(2)(A), certain "badges of fraud" may support a finding of fraudulent intent:

> These factors, not all of which need be present, include (1) a close relationship between the transferor and the transferee; (2) that the transfer was in anticipation of a pending suit; (3) that the transferor Debtor was insolvent or in poor financial condition at the time; (4) that all or substantially all of the Debtor's property was transferred; (5) that the transfer so completely depleted the Debtor's assets that the creditor has been hindered or delayed in recovering any part of the judgment; and (6) that the Debtor received inadequate consideration for the transfer.

*In re Retz*, 606 F.3d at 1200. A "course of conduct" may also be "probative" regarding intent. *In re Ellison*, 2016 Bankr.LEXIS 3475, at *25.

30.     If a transfer occurred more than one year prior to bankruptcy but a debtor's concealed interest in such property extended into the one year period prior to bankruptcy, then discharge should be denied. *In re Lawson*, 122 F.3d 1237 (9th Cir. 1997) [The court adopted the "continuing concealment" doctrine and held that defendant's transfer, made more than a year before her petition, provided evidence of defendant's active concealment of property in which she continued to retain a secret interest.].

31.     If a debtor's income funds all mortgage, insurance, and maintenance payments on property held in the name of another party, she may be found to have fraudulently concealed her interest in such property. *In re Martin*, 698 F.2d 883 (7th Cir. 1983).

### Fourth Claim for Relief – 727(a)(4) False Oath

32.     "The Court shall grant the debtor a discharge, unless-the debtor knowingly and fraudulently, in or in connection with the case-made a false oath or account." 11 U.S.C. § 727(a)(4).

33.     To prevail on a § 727(a)(4)(A) claim, a plaintiff must show, by a preponderance of the evidence, that:

> A.      The debtor made a false oath in connection with the case;

13

4886-1591-1427,v.1

B.     The oath related to a material fact;

C.     The oath was made knowingly; and

D.     The oath was made fraudulently.

*Retz v. Samson (In re Retz)*, 606 F.3d 1189, 1197 (9th Cir. 2010); *Roberts v. Erhard (In re Roberts)*, 331 B.R. 876, 882 (B.A.P. 9th Cir. 2005).

34.     The "fundamental purpose" of § 727(a)(4)(A) is to insure that the trustee and creditors have "accurate information without having to conduct costly investigations." *In re Retz*, 606 F.3d at 1196.

35.     "Materiality" is broadly defined. *Roberts v. Erhard (In re Roberts)*, 331 B.R. 876, 883 (B.A.P. 9th Cir. 2005).

36.     A fact is "material" if it "bears a relationship to the debtor's business transactions or estate, or concerns the discovery of assets, business dealings, or the existence and disposition of the debtor's property." Retz v. Samson (In re Retz), 606 F.3d 1189, 1198 (9th Cir. 2010).

37.     An omission or misstatement that "detrimentally affects administration of the estate" is material. Id.

38.     A false statement or omission may be material even without "direct financial prejudice to creditors." *In re Roberts*, 331 B.R. at 883.

39.     A debtor acts "knowingly" if he or she acts "deliberately and consciously." *Retz v. Samson (In re Retz)*, 606 F.3d 1189, 1198 (9th Cir. 2010).

40.     A demonstration of fraudulent intent requires a showing that: 1) The debtor made the representations (e.g., a false statement or omission in the schedules); 2) At the time the debtor knew they were false; and 3) The debtor made them with intention and purpose of deceiving the creditors. *Retz v. Samson (In re Retz)*, 606 F.3d 1189, 1198-99 (9th Cir. 2010).

41.     Intent is usually proven by circumstantial evidence or inferences drawn from the debtor's conduct. Id. at 1199.

42.     "Reckless indifference or disregard for the truth" may be circumstantial evidence of intent. *Id. See also, Khalil v. Developers Sur. & Indem. Co. (In re Khalil)*, 379 B.R. 163 (B.A.P. 9th Cir. 2007).

4886-1591-1427,v.1

43.     The existence of "more than one falsehood, together with a debtor's failure to take advantage of the opportunity to clear up all inconsistencies and omissions, such as when filing amended schedules, can be found to constitute reckless indifference to the truth satisfying the requisite finding of intent to deceive." *Ravasia v. U.S. Tr. (In re Ravasia)*, 2021 Bankr.LEXIS 1033, at \*18 (B.A.P. 9th Cir. Apr. 16, 2021).

### Fifth Claim for Relief – 727(a)(5) Failure to Explain Loss of Assets

44.     "The court shall grant the debtor a discharge, unless— (5) the debtor has failed to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet the debtor's liabilities." 11 U.S.C. § 727(a)(5). *Retz v. Samson (In re Retz)*, 606 F.3d 1189, 1205 (9th Cir. 2010).

45.     Once the creditor has made a prima facie case, the debtor must offer "credible evidence" regarding the disposition of the missing assets. *Id.*

46.     Whether a debtor has satisfactorily explained a loss of assets is a question of fact for the bankruptcy court. *Id.*

D.     <u>The Following Issues of Law, and no others, Remain to be Litigated (LBR 7016-1(b)(2)(C)):</u>

1.     First Claim for Relief: Should all amounts owed to Plaintiff under the Judgment in this AP be excepted from discharge pursuant to 11 U.S.C. § 523(a)(2)(A)?

2.     Second Claim for Relief: Should all amounts owed to Plaintiff under the Judgment in this AP be excepted from discharge pursuant to 11 U.S.C. § 523(a)(6)?

3.     Third Claim for Relief: Should Debtor's discharge be denied pursuant to 11 U.S.C. § 727(a)(2)(A)?

4.     Fourth Claim for Relief: Should Debtor's discharge be denied pursuant to 11 U.S.C. § 727(a)(4)?

5.     Fifth Claim for Relief: Should Debtor's discharge be denied pursuant to 11 U.S.C. § 727(a)(5)?

6.     Does the First Claim for Relief state a valid claim for relief?   No, it does not identify any  creditor who was defrauded nor is there any such creditor.  It also fails to allege with

4886-1591-1427,v.1

any  specificity any of the elements required by 11 USC 523(a)(2)(A).  Debtor's 25th

Affirmative Defense is a valid bar to this claim.

7. Does the Second Claim for relief state a valid claim for conversion?   Under California Law

conversion is the wrongful exercise of dominion over personal property of another.   Moore

v. Regents of Univ. of Calif. (1990) 51 C3d 120,137. Simas v.Powell 635 B.R.366 holds that

a trespass can give rise to a claim of conversion of the personal property on the real property

of Plaintiff and does not stand for the proposition that a trespass on real property is also a

conversion unless plaintiff can prove that it was deprived of that personal property with a

superior right to possession.  The Second Claim does not identify any personal property that

the debtor has allegedly converted and therefor fails to state a valid claim of conversion or a

valid claim for relief and is barred by Debtor's 25th affirmative defense.

8. Is the Second Claim for relief based on trespass barred by the doctrines of waiver ,

estoppel  and unclean hands as a result of Plaintiff's failure to comply with Civil Code

Section 798.74?  Debtor submitted an application for residency on November 19,2018 on

behalf of J.Sandcastle.   Plaintiff never responded to that application but instead claimed that

Debtor's credit score was insufficient although she was not the applicant. California Civil

Code 798.74 that was in effect on that date required that Plaintiff respond within 15 business

days to the prospective homeowner (J. Sandcastle) with the reason for the acceptance or

rejection.   Approval cannot be withheld if the purchaser has the ability to pay the rent and

charges of the park. unless management  reasonably determines the purchaser will not

comply with the rules and regulations of the park.  Plaintiff did not comply with its

mandatory obligations after receiving J. Sandcastle's application but responded only with a

classic non sequitur that did not address the issue of financial ability to pay of the purchaser

nor did assert any claim that its rules and regulations would not be followed.   California

Civil Code 3529 provides: "That which ought to have been done is to be regarded as done, in

favor of him to whom, and against him from whom, performance is due." Plaintiff failed its

mandatory, statutory duty to respond and cannot now be heard to say that no tenancy was

created.   It clearly waived its right to deny tenancy to J.Sandcastle and comes before the

16

4886-1591-1427,v.1

court with unclean hands in claiming that J.Sandcastle had no right to have debtor occupy the premises.  They are also estopped to assert same.  Debtor's affirmative defenses numbers 22,49 and 54 are well taken.   Note:  Plaintiff had 2 1/2 years to bring the unlawful/forcible detainer case against debtor to trial in state court before the filing of the Petition.   Clearly it expected (rightfully) to lose. Debtor is clearly not a trespasser and this claim for relief fails.

9.   Does the Third Claim for Relief state a valid claim for relief?   This claim does not identify the property supposedly transferred or concealed or when it occurred.  It therefor fails to state of claim for relief.   See debtor's 25th affirmative defense.

10.  Does the Fourth Claim for Relief  state a valid claim for relief?   Again, this claim does not identify the false oath or account and therefor fails to state a claim for relief.  See debtor's 25th affirmative defense.

11.  Does the Fifth Claim for Relief state a valid claim for relief?   Again, this claim does not identify the assets supposedly missing and therefor fails to state a claim for relief.  See debtor's 25th affirmative defense.

E.    <u>Exhibits</u>[3]

Set forth below is a list of exhibits intended to be offered at the trial by each party, other than exhibits to be used for impeachment only. Plaintiff has provided all exhibits to Defendant. Defendant has agreed to provide all exhibits to Plaintiff no later than September 15, 2022.

<u>Plaintiff's Exhibit List:</u>

Unless otherwise noted, the Parties stipulate to the admission into evidence of the following documents and no additional foundation or authenticity shall be required:

1.      The Gables Judgment. <u>No objection</u>.

2.      The Ryan Complaint. <u>No objection</u>.

3.      The Stipulated Judgment. <u>No objection</u>.

4.      The Ryan Release Form. <u>No objection</u>.

5.      The Ryan Notice of Sale or Transfer. <u>No objection</u>.

---

[3] See Defendant's Exhibit List attached here as Exhibit "1."

17

JOINT PRETRIAL STIPULATION

4886-1591-1427,v.1

6.  The Application. <u>No objection</u>.

7.  The Denial Letter. <u>No objection</u>.

8.  The complaint in the BS Investors Action. <u>No objection</u>.

9.  The docket in the BS Investors Action. <u>No objection</u>.

10. The Security Agreement, accompanied by the Note. <u>No objection</u>.

11. The NTQ. <u>No objection</u>.

12. The OCSC Complaint. <u>No objection</u>.

13. The docket in the OCSC Action. <u>No objection</u>.

14. A January 14, 2019, UCC Financing Statement that Debtor filed against JSC, Document No. 76027030002. <u>No objection</u>.

15. A January 14, 2019, UCC Financing Statement that Debtor filed against JSC, Document No. 76027940002. <u>No objection</u>.

16. A January 14, 2019, UCC Financing Statement that Debtor filed against JSC, Document No. 76027940003. <u>No objection</u>.

17. A January 14, 2019, UCC Financing Statement that Debtor filed against Craig Houser and Kathryn Curtiss, Document No. 7602794004. <u>No objection</u>.

18. A January 18, 2019, California Department of Housing and Community Development ("HCD") "Title Search" regarding the Property. <u>No objection</u>.

19. A July 23, 2020, HCD "Title Search" regarding the Property. <u>No objection</u>.

20. A June 7, 2021, HCD "Title Search" regarding the Property. <u>No objection</u>.

21. An August 10, 2021, HCD "Title Search" regarding the Property. <u>No objection</u>.

22. A September 21, 2021, HCD "Title Search" regarding the Property. <u>No objection</u>.

23. An HCD "Correspondence" with Transaction Date November 20, 2018, regarding the Property. <u>No objection</u>.

24. An HCD "R/O Transfer – Private Sale" with Transaction Date November 16, 2018, regarding the Property. <u>No objection</u>.

25. An HCD "L/O Assignment" with Transaction Date February 1, 2021, regarding the Property. <u>No objection</u>.

JOINT PRETRIAL STIPULATION

26. An HCD "R/O Transfer – No Sale" with Transaction Date July 14, 2021, regarding the Property. <u>No objection</u>.

27. An HCD "L/O Addition" with Transaction Date August 10, 2021, regarding the Property. <u>No objection</u>.

28. Debtor's Petition and Original Schedules (including Statement of Financial Affairs), filed on July 9, 2021, as BK Docket No. 1. <u>No objection</u>.

29. Debtor's amended schedules filed on September 7, 2021, as BK Docket No. 15. <u>No objection</u>.

30. Debtor's amended schedules filed on September 22, 2021, as BK Docket No. 16. <u>No objection</u>.

31. Debtor's amended schedules filed on September 22, 2021, as BK Docket No. 17. <u>No objection</u>.

32. Debtor's amended schedules filed on October 14, 2021, as BK Docket No. 22. <u>No objection</u>.

33. Debtor's amended schedules filed on November 16, 2021, as BK Docket No. 37. <u>No objection</u>.

34. Debtor's amended schedules filed on November 22, 2021, as BK Docket No. 38. <u>No objection</u>.

35. Debtor's amended schedules filed on November 23, 2021, as BK Docket No. 39. <u>No objection</u>.

36. Debtor's amended schedules filed on December 1, 2021, as BK Docket No. 42. <u>No objection</u>.

37. Debtor's amended schedules filed on March 11, 2022, as BK Docket No. 72. <u>No objection</u>.

38. Debtor's amended schedules filed on March 15, 2022, as BK Docket No. 75. <u>No objection</u>.

39. The Exemption Motion. <u>No objection</u>.

40. The Exemption Opposition. <u>No objection</u>.

JOINT PRETRIAL STIPULATION

41. The Exemption Reply. No objection.

42. "Declaration of Greg Buysman Re: Motion Objecting to Debtor's Claimed Homestead Exemption," filed on July 7, 2022, as BK Docket No. 132. No objection.

43. The Employment Application. No objection.

44. The Exemption Order. No objection.

45. The Complaint. No objection.

46. The Answer. No objection.

## F.   Witnesses

The parties have exchanged a list of witnesses to be called at trial, and the witnesses to be called at the trial are set forth below. No party may call any witness not disclosed on this pretrial stipulation.

Plaintiff's Witness List:

1. Chris Houser, who will testify about Debtor's application to live at the Property, as well as her continued occupation of the Property and Houser Bros.'s damages therefrom.

2. Craig Houser, regarding Plaintiff's ownership and operation of the mobilehome park and its right to possession of the premises in the absence of leases with approved tenants.

3. Kathryn Houser-Curtiss, if necessary, to testify about Debtor's application to live at the Property.

4. Debtor, who will testify about her conduct including knowingly trespassing and converting Plaintiff's property and her transfers of assets and liens.

5. Janine Jasso, if necessary.

6. Greg Buysman, if necessary.

7. Vivienne Alston, if necessary.

Debtor's Witness List:

1. See Debtor's Witness List attached as Exhibit "2."

## G.   Other Matters

4886-1591-1427,v.1

1    Other matters that might affect the trial such as anticipated motions in limine, motions to

2    withdraw reference due to timely jury trial demand pursuant to LBR 9015-2, or other pretrial

3    motions:

4        1.

5  H.    Discovery

6        All discovery is complete.

7  I.    Readiness for Trial

8        The Parties are ready for trial.

9  J.    Estimated Length of Trial

10       The estimated length of trial is two days.

11  / / /

12  / / /

13  / / /

14  / / /

15  / / /

16  K.    Binding Admissions

17       The foregoing admissions have been made by the Parties, and the Parties have specified the

18  foregoing issues of fact and law remaining to be litigated. Once approved by the Court, this

19  stipulation supersedes the pleadings and governs the course of trial of this cause, unless modified to

20  prevent manifest injustice.

21    DATED: September 13, 2022          MARSHACK HAYS LLP

22

23                                            /s/ D. Edward Hays
                                      By:_____
24                                        D. EDWARD HAYS
                                          LAILA MASUD
25                                        BRADFORD N. BARNHARDT
                                          Attorneys for Plaintiff,
26                                        HOUSER BROS. CO. dba RANCHO DEL
                                          REY MOBILE HOME ESTATES
27

28

JOINT PRETRIAL STIPULATION
4886-1591-1427,v.1

DATED: September _13__, 2022       By: _____

_Jamie Lynn Gallian_

JAMIE LYNN GALLIAN

Subject to Debtors Witness List to Be Added.

Subject to Debtors Additional Exhibits List to be incorporated.

JOINT PRETRIAL STIPULATION

4886-1591-1427,v.1

**EXHIBIT 1**

**Debtor/Defendant's Additional Exhibits to include:**

1.  Debtor's Reply to Greg Buysman Declaration filed July 7, 2022.

2.  Gallian's Opposition to Houser Bros Co dba Rancho Del Rey Mobilehome Estates Objection to Debtors

Homestead Exemption.

3.  Gallian's Opposition to Trustee Jeffrey Golden's Employment of General Counsel.

4.  Huntington Beach Gables Homeowners Association vs Sandra L. Bradley, et al. OCSC Case No. 30-

2017-00913985

  a.  Complaint 4/11/2017

  b.  FAC 5/16/2017

  c.  Minute Order 3/2/2018

    . Reporters Transcript of MSC 3/2/2018.

  d.  Minute Order 6/4/2018

    Reporter's Transcript of 6/4/2018, OSC regarding dismissal.

  e.  Huntington Beach Gables Homeowners Association Conformed Motion to Enforce Settlement

Agreement under §§ 664.6.

  f.  Minute Order 7/19/2018

    1.  Reporters Transcript of HOAs MOT 7/19/2018

  g.  11/16/2018 Security Agreement & Promissory Note(s)

    1.  Lender

    2.  Holder, Jamie L Gallian

    3. Holder, J-Pad, LLC.

  h.  Huntington Beach Gables Homeowners Association Conformed November 8, 2018, Exparte

Application  to Continue Jury Trial; Minute Order November 8, 2018

  i.  Huntington Beach Gables Homeowners Association Conformed November 9, 2018, Exparte

Application for Gallian deposit at least approx. $46,138.00. Freeze Gallian's sale proceeds.

  j.  Huntington Beach Gables Homeowners Association Conformed Motion to Enforce Settlement

Agreement under §§ 664.6.

EXHIBIT 1, PAGE 23

k. Huntington Beach Gables Homeowners Association Conformed April 2019 Default Package, Declarations, Exhibits.

l. May 6, 2019 Huntington Beach Gables Homeowners Association Conformed Order.

m. Gallian payment by personal check to Law Office of Epsten, Grinnel & Howell of "damage award per May 6, 2019 Order approximately $1215.00.

n. Huntington Beach Gables Homeowners Association.[Proposed] Settlement Agreement included with filed Motion under 664.6.

0. Signed Letter of Settlement dated 6/4/2018, Lee Gragnano, Janine Jasso.

p. Signed Copy of 3/2/2018 Reporters Transcript dated 6/4/2018, witnessed by Hon. James L. Crandall in jury room with HOA attorneys present.

q. Copy of $15,000.00 Cashiers Check to HOA from Gallian as agreed on the record 3/2/2018 MSC.

r. Huntington Beach Gables Homeowners Association  Minute Order 12/6/2018, vacating jury trial.

s. Email from Gorden May dated November 1, 2018.

5. Preliminary Title Report October 2018 Old Republic Title Co.

6. Copy of October 2018, Fed EX Demand Letter with expedited 1-day fee paid to Elite Management, Linn Joslyn for Gable HOA Minutes, Disclosures, Insurance Decl. , Report of Financial Docs. balance of membership for Unit 53.

7. Houser Bros Co WRIT in the name of Lisa Ryan,  Houser v Ryan OCSC dated November 14, 2018

8. Notice to Vacate December 3, 2018 in the name of Lisa Ryan.

9. Notice to Vacate January 20, 2019, in the name of Lisa Ryan.

10. Email Gorden Maym Esq. Vivienne Alston,  Notice of Exparte Hearing to obtain TRO to prevent unlawful eviction.

11. Minute Order December 4, 2018, Hon. Ronald Bauer, Granting Temporary Retraining Order against eviction of Jamie Gallian by Houser Bros Co.

12. Copy of Conformed December 3, 2018, Notice of Dismissal of Unlawful Detainer OCSC filed by BS.Investors, Gorden May, Esq.

13. 5 Day Notice to Vacate Robert McLelland, September 2019,sent by Houser Bros Co.

14.  Signed 1/1/2006 Ryan Mobilehome Rental Agreement for a 2014 Skyline Custom Villa executed
Assignment to J-Sandcastle Co. LLC  on 11/16/2018, signed by Lisa Ryan, Seller, and Jamie Lynn Gallian,
Member J-Sandcastle Co.

15.  Copy of Signed 1/1/2019 Mobilehome Lot Agreement signed by Jamie Gallian, Member of J-
Sandcastle Co, LLC.

16.  Copy of June 2019, signed Mobilehome Lot Rental Agreement by J-Sandcastle Co.

17.  Copy of September 2019, Mobilehome Lot Rental Agreement by J-Sandcastle Co and Robert
McLelland.

18.  March 4, 2019 Copy of Execution of WRIT in the name of Lisa Ryan against a bona fide purchaser
Jamie Gallian by Orange County Sheriff Department.

19.  Photos of Locksmith, Houser Bros Co trespassed into the home occupied by Jamie Gallian and her
family and brought Locksmith in her home to change the locks to all of the doors without permission to
enter by J-Sandcastle Co LLC or Jamie Gallian.

20.  March 6, 2019, Minute Order. 30-2018-01013582 Hon. Carmen Luege. Returned possession of
home to Jamie Gallian.

21.  March 6, 2019 Reporters Transcript from Motion to Intervene filed by Jamie Gallian 30-2018-
01013582 Houser Bros v Lisa Ryan.

22.  Unlawful Detainer OCSC Answer to Houser Bros v Jamie Gallian UD Complaint 30-2018-01014123
filed February 2019.

23.  Preliminary Title Report prepared for Randall Nickel, Owner, 4476 Alderport Drive.

EXHIBIT 1, PAGE 25

**EXHIBIT 2**

**Debtor's /Defendant's Witness List**:

1.    Hugh Saddington

2.    Barbara Wertin-Saddington

3.    Sandra Bradley

4.    Craig Houser

5.    Kathryn Curtiss

6.    Ronald Pierpont

7.    Robert McLelland

8.    Greg Buysman

9.    Lindy Beck

10.    Lee Gragnano

11.    Janine Jasso

12.    Pejman Kharrazian

13.    Jamie Lynn Gallian

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
870 Roosevelt, Irvine, CA 92620.

A true and correct copy of the foregoing document entitled: **JOINT PRETRIAL STIPULATION** will be served or was
served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated
below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General
Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On
**September 13, 2022**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined
that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated
below:

- **TRUSTEE JEFFREY I GOLDEN (TR):** Jeffrey I Golden (TR) lwerner@wgllp.com, jig@trustesolutions.net;
  kadele@wgllp.com
- **ATTORNEY FOR PLAINTIFF HOUSER BROS. CO.:** D Edward Hays ehays@marshackhays.com,
  ehays@ecf.courtdrive.com; kfrederick@ecf.courtdrive.com; cmendoza@marshackhays.com;
  cmendoza@ecf.courtdrive.com
- **ATTORNEY FOR PLAINTIFF HOUSER BROS. CO.:** Laila Masud lmasud@marshackhays.com,
  lmasud@ecf.courtdrive.com; kfrederick@ecf.courtdrive.com
- **U.S. TRUSTEE:** United States Trustee (SA) ustpregion16.sa.ecf@usdoj.gov

☐  Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**: On **September 13, 2022**, I served the following persons and/or entities at the
last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a
sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here
constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**DEBTOR AND DEFENDANT**
JAMIE LYNN GALLIAN
16222 MONTEREY LANE, SP #376
HUNTINGTON BEACH, CA 92649

☐  Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL**: Pursuant to
F.R.Civ.P. 5 and/or controlling LBR, on **September 13, 2022**, I served the following persons and/or entities by personal
delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission
and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the
judge will be completed no later than 24 hours after the document is filed.

Honorable Scott C. Clarkson
United States Bankruptcy Court
Central District of California
Ronald Reagan Federal Building and Courthouse
411 West Fourth Street, Suite 5130
Santa Ana, CA 92701-4593

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| September 13, 2022 | Layla Buchanan | /s/ Layla Buchanan |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                            **F 9013-3.1.PROOF.SERVICE**

D. EDWARD HAYS, #162507
ehays@marshackhays.com
LAILA MASUD, #311731
lmasud@marshackhays.com
BRADFORD N. BARNHARDT, #328705
bbarnhardt@marshackhays.com
MARSHACK HAYS LLP
870 Roosevelt
Irvine, CA 92620
Telephone: (949) 333-7777
Facsimile: (949) 333-7778

Attorneys for Plaintiff,
HOUSER BROS. CO. dba RANCHO DEL
REY MOBILE HOME ESTATES

FILED & ENTERED

OCT 05 2022

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bolte        DEPUTY CLERK

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>JAMIE LYNN GALLIAN,<br><br>        Debtor. | Case No. 8:21-bk-11710-SC<br><br>Chapter 7<br><br>Adv. No. 8:21-ap-01097-SC |
| HOUSER BROS. CO. dba RANCHO DEL REY MOBILE HOME ESTATES,<br><br>        Plaintiff,<br><br>v.<br><br>JAMIE LYNN GALLIAN,<br><br>        Defendant. | ORDER APPROVING JOINT PRETRIAL STIPULATION, AND SCHEDULING ORDER<br><br><u>Pretrial Conference:</u><br><br>Date: September 27, 2022<br>Time: 1:30 p.m.<br>Ctrm: 5C<br>Address: 411 W. Fourth Street<br>Santa Ana, CA 92701<br><br><u>Trial:</u><br>Date: February 23, 2023<br>Time: 9:30 a.m.<br>Ctrm: 5C<br>Address: 411 W. Fourth Street<br>Santa Ana, CA 92701 |

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

1

On September 27, 2022, at 1:30 p.m., the Court held a pretrial conference in this adversary proceeding. Appearances were as stated on the record. The Court, for good cause and the reasons stated on the record during the pretrial conference, HEREBY ORDERS:

1. The "Joint Pretrial Stipulation," Docket No. 37, is approved;

2. An in-person trial will begin on February 23, 2023, at 9:30 a.m., in Courtroom 5C;

3. The Court's following posted procedures will apply and be strictly enforced:

    ☐   Judge Clarkson's Procedures for Trial by Declaration; or

    ☒   Judge Clarkson's Regular Procedures for Trials and Evidentiary Hearings

4. Trial briefs must be filed no later than 14 days prior to trial;

5. All witnesses must be present at the start of trial;

6. Jamie Lynn Gallian ("Ms. Gallian") must submit all of her trial exhibits to counsel for Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates ("Houser Bros.," and together with Ms. Gallian, the "Parties") by October 7, 2022;

7. The Parties shall submit a joint exhibit book, containing each Party's trial exhibits, to the Court no later than one week prior to trial;

8. The Parties' deadline to file dispositive motions including Ms. Gallian's intended motion for judgment on the pleadings is October 4, 2022, at 5:00 p.m.;

9. Any oppositions to Ms. Gallian's motion for judgment on the pleadings must be filed by October 18, 2022;

10. Any replies to the motion for judgment on the pleadings must be filed by October 25, 2022; and

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

ORDER APPROVING JOINT PRETRIAL STIPULATION, AND SCHEDULING ORDER
4876-3232-1333v.1

11. The hearing on Ms. Gallian's motion for judgment on the pleadings will be held via Zoom
    on November 1, 2022, at 1:30 p.m.

IT IS SO ORDERED.

### ###

Date: October 5, 2022

Scott C. Clarkson
United States Bankruptcy Judge

ORDER APPROVING JOINT PRETRIAL STIPULATION, AND SCHEDULING ORDER
4876-3232-1333v.1

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
5801 Skylab Road
Huntington Beach, CA 92649

A true and correct copy of the foregoing document entitled: **RESPONSE TO MOTION REGARDING THE AUTOMATIC STAY AND DECLARATION(S) IN SUPPORT with BOOKMARKED EXHIBITS**
 will be served or was served **(a)** on the judge in chambers in the form and
manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)
__1/18/2023__     I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.
Janine Jasso, Esq.
Email Address: j9_jasso@yahoo.com

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| __1/18/2023__ | __Robert McLelland__ | *Robert McLelland* |
| *Date* | *Printed Name* | *Signature* |

This form is optional.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2014*                                          Page 4                                    **F 4001-1.RFS.RESPONSE**

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: CONTINUED:
   - ATTORNEY FOR DEBTOR JAMIE GALLIAN: **Bert Briones**    bb@redhilllawgroup.com,
     helpdesk@redhilllawgroup.com;RedHillLawGroup@jubileebk.net
   - **ATTORNEY FOR TRUSTEE JEFFREY I GOLDEN (TR):** Aaron E DE Leest adeleest@DanningGill.com,
     danninggill@gmail.com; adeleest@ecf.inforuptcy.com
   - **ATTORNEY FOR CREDITOR and PLAINTIFF THE HUNTINGTON BEACH GABLES HOMEOWNERS
     ASSOCIATION:** Robert P Goe kmurphy@goeforlaw.com, rgoe@goeforlaw.com; goeforecf@gmail.com
   - **TRUSTEE JEFFREY I GOLDEN (TR):** Jeffrey I Golden (TR lwerner@wgllp.com, jig@trustesolutions.net;
     kadele@wgllp.com
   - **ATTORNEY FOR PLAINTIFF HOUSER BROS. CO.:** D Edward Hays ehays@marshackhays.com,
     ehays@ecf.courtdrive.com; kfrederick@ecf.courtdrive.com; cmendoza@marshackhays.com;
     cmendoza@ecf.courtdrive.com
   - **ATTORNEY FOR CREDITOR and PLAINTIFF THE HUNTINGTON BEACH GABLES HOMEOWNERS
     ASSOCIATION:** Brandon J Iskander biskander@goeforlaw.com, kmurphy@goeforlaw.com
   - **ATTORNEY FOR TRUSTEE JEFFREY I GOLDEN (TR):** Eric P Israel eisrael@DanningGill.com,
     danninggill@gmail.com; eisrael@ecf.inforuptcy.com
   - **ATTORNEY FOR PLAINTIFF HOUSER BROS. CO.:** Laila Masud lmasud@marshackhays.com,
     lmasud@ecf.courtdrive.com; kfrederick@ecf.courtdrive.com
   - **ATTORNEY FOR DEFENDANT RANDALL L NICKEL:** Mark A Mellor mail@mellorlawfirm.com,
     mellormr79158@notify.bestcase.com
   - **INTERESTED PARTY COURTESY NEF:** Valerie Smith claims@recoverycorp.com
   - **U.S. TRUSTEE:** United States Trustee (SA) ustpregion16.sa.ecf@usdoj.gov

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.