Robert P. Goe – State Bar No. 137019
Brandon J. Iskander – State Bar No. 300916
**GOE FORSYTHE & HODGES LLP**
17701 Cowan Avenue, Suite 210
Irvine, CA 92614
rgoe@goeforlaw.com
biskander@goeforlaw.com

Telephone: (949) 798-2460
Facsimile:  (949) 955-9437

Attorneys for The Huntington Beach Gables Homeowners Association

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION**

| | |
|---|---|
| In re:<br><br>JAMIE LYNN GALLIAN,<br><br>Debtor. | Case No. 8:21-bk-11710-SC<br><br>Chapter 7 Proceeding<br><br>**OMNIBUS OPPOSITION TO DEBTOR'S NOTICE OF MOTION AND MOTION TO AVOID LIEN UNDER 11 U.S.C. § 522(f)**<br><br>**[OPPOSING DOCKET NOS. 294 & 297]**<br><br>Zoom Hearing:<br>Date:           February 8, 2023<br>Time:          11:00 a.m.<br>Place:         Courtroom 5C<br>                   U.S. Bankruptcy Court<br>                   411 W. Fourth Street<br>                   Santa Ana, CA 92701 |

**TO THE HONORABLE SCOTT C. CLARKSON, UNITED STATES BANKRUPTCY JUDGE, THE DEBTOR IN PRO PER, THE OFFICE OF THE UNITED STATES TRUSTEE, THE TRUSTEE AND HIS COUNSEL, AND ALL PARTIES IN INTEREST**:

The Huntington Beach Gables Homeowners Association ("HOA") hereby opposes ("Omnibus Opposition") Jamie Lynn Gallian's ("Debtor's") Motion to Avoid Lien under 11 U.S.C. § 522(f) [Docket Nos. 294 & 297] ("Motions"), and respectfully represents as follows:

## I.  LACK OF JURISDICTION

The Debtor puts the cart before the horse and seeks lien avoidance as impairing her homestead exemption claim, which is the subject of a pending appeal.[1]  As a result, the Court lacks jurisdiction to grant the Debtor's requested relief.  The filing of a notice of appeal is an event of jurisdictional significance -- it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.  *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58, 103 S. Ct. 400, 402 (1982) (abrogated on other grounds).  When an appeal is pending, the Court may only implement or enforce its order while on appeal, but it may not alter or *expand upon* the order.  *Sherman v. SEC (In re Sherman)*, 491 F.3d 948, 967 (9th Cir. 2007) (citing *Neary v. Padilla (In re Padilla)*, 222 F.3d 1184, 1190 (9th Cir. 2000) (abrogated on other grounds)).  In other words, the lower court only retains jurisdiction over any matter *unrelated* to the appeal.  *See In re Ahmed*, 420 B.R. 518, 523 (Bankr. C.D. Cal. 2009) (emphasis added).

Here, however, lien avoidance is directly related to the appeal.  *See Polk v. Cty. of Contra Costa*, No. 1:12-CV-0290, 2014 U.S. Dist. LEXIS 111713, at *22 (E.D. Cal. Aug. 11, 2014) (granting or denying a Section 522(f) motion is an "issue[] regarding a homestead exemption.").  Indeed, this Court in a tentative ruling posted for January 17, 2022 at 11:00 a.m. in *In re Maria Anaya Garcia*, Case No. 8:22-bk-11326-SC cited *In re Nolan*, 618 B.R. 860, 868 (Bankr. C.D. Cal. 2020) for the proposition that "[t]he automatic homestead exemption was meant to encompass any interest subject to an enforcement lien."  Thus, any motion to avoid HOA's enforcement lien is directly related to the existence of an automatic homestead exemption, a matter currently on appeal to the U.S. District Court.  Consequently, this Court lacks jurisdiction to adjudicate the Motions.

## II.  FAILURE TO FOLLOW THE LOCAL RULES

This is the sixth and seventh time the Debtor has filed essentially the same Motion, which suffers from all of the same flaws, chief among them that a Motion to Avoid Lien, by definition, is

---

[1] On December 29, 2022, creditor Houser Bros. Co. filed a notice of appeal of the Court's Order Granting Debtor's Motion for Reconsideration of the Court's August 5, 2022 Order Sustaining Objection to Debtor's Homestead Exemption [Docket No. 280].

2

a motion to avoid one single lien, which requires identifying with particularity what lien Debtor seeks to avoid. See 11 U.S.C. § 522(f) (emphasis added) ("the debtor may avoid the fixing of ***a lien***"); FRBP 4003(d) (emphasis added) ("A proceeding under § 522(f) to avoid ***a lien*** or other transfer of property exempt under Code shall be commenced by motion in the manner provided by Rule 9014 . . . ."); LBR 4003-2(a) (emphasis added) ("The requirements of LBR 9013-1 through LBR 9013-4 apply to a motion to avoid ***a lien*** . . . . (1) A motion to avoid ***a lien*** or other transfer of property under 11 U.S.C. § 522(f) may be brought under either LBR 9013-1(d) or (o).")

Here, Debtor fails to specify which lien (singular) she seeks to avoid in the Motion and in fact admits that she improperly seeks to avoid multiple liens in contravention of statute, federal rules, and the Local Rules: "**2. Subject Lien:** Date and place of recordation of lien (*specify*): Orange County Superior Court – See Attached recording ***dates*** and recorder's instrument ***numbers*** (See Attachment A).")" (Motion, Docket No. 294, at 15; Motion, Docket No. 297, at 4 (emphasis added).) The haphazard arrangement of the Motion does not shed any light on what lien Debtor seeks to avoid. If "Attachment A" identified in the Motions is to be believed (i.e., the blurry document contained at pages 128-29 of Docket No. 294 and pages 117-18 of Docket No. 297), then Debtor seeks to avoid six (6) different liens in one motion, which is prohibited. Debtor's declaration in support of the Motion, in which Debtor simultaneously refers to herself in the first and third person, further sheds no light.

Moreover, Debtor violates Local Bankruptcy Rule 4003-1(c)(2) by failing to serve all parties with a lien on the real property, such as J-Pad, LLC. (*Compare* Motion, Docket No. 294, at 13 *with* Motion, Docket No. 294, at 241-42; *compare* Motion, Docket No. 297, at 2 *with* Motion, Docket No. 297, at 217-18.) Finally, after filing the same flawed Motion time after time, each time being denied, the Debtor continues to violate Local Bankruptcy Rule 9013-1(*l*) which subjects a repeat filer to sanctions for failing to set forth all of the required information contained therein.

/ / /

/ / /

/ / /

3

### III. CONCLUSION

The HOA most respectfully submits that this Court lacks jurisdiction to adjudicate the "homestead exemption issue" of lien avoidance while the existence of a homestead exemption is on appeal before the U.S. District Court.  Further, even if the Court decided that it did have jurisdiction, the Motions violate the very statute under which it is authorized as well as the federal rules, the Local Rules, and is also sanctionable.  Based on the foregoing, the HOA respectfully requests that the Motions be denied.

Respectfully submitted,

DATED: January 20, 2023   **GOE FORSYTHE & HODGES LLP**

By: /s/ Brandon J. Iskander
    Robert P. Goe
    Brandon J. Iskander
    Attorneys for The Huntington Beach
    Gables Homeowners' Association

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 17701 Cowan, Bldg. D, Suite 210, Irvine, CA 92614

A true and correct copy of the foregoing document entitled (*specify*): **OMNIBUS OPPOSITION TO DEBTOR'S NOTICE OF MOTION AND MOTION TO AVOID LIEN UNDER 11 U.S.C. § 522(f) G** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On January 20, 2023, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) January 20, 2023, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Jamie Lynn Gallian
16222 Monterey Ln Unit 376
Huntington Beach, CA 92649

Janine Jasso
PO Box 370161
El Paso, CA 79937

Michael D Poole
Feldsott & Lee
23161 Mill Creek Dr Ste 300
Laguna Hills, CA 92653

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) January 20, 2023, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

- The Honorable Scott C. Clarkson, USBC, 411 West Fourth Street, Santa Ana, CA 92701

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| January 20, 2023 | Susan C. Stein | /s/Susan C. Stein |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

Mailing Information for Case 8:21-bk-11710-ES

**Electronic Mail Notice List**

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- **Bradford Barnhardt    bbarnhardt@marshackhays.com, bbarnhardt@ecf.courtdrive.com,kfrederick@ecf.courtdrive.com**
- **Aaron E. DE Leest    adeleest@DanningGill.com, danninggill@gmail.com;adeleest@ecf.inforuptcy.com**
- **Robert P Goe    kmurphy@goeforlaw.com, rgoe@goeforlaw.com;goeforecf@gmail.com**
- **Jeffrey I Golden (TR)    lwerner@go2.law, jig@trustesolutions.net;kadele@go2.law**
- **D Edward Hays    ehays@marshackhays.com, ehays@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@marshackhays.com; cmendoza@ecf.courtdrive.com**
- **Brandon J Iskander    biskander@goeforlaw.com, kmurphy@goeforlaw.com**
- **Eric P Israel    eisrael@DanningGill.com, danninggill@gmail.com;eisrael@ecf.inforuptcy.com**
- **Laila Masud    lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com**
- **Mark A Mellor    mail@mellorlawfirm.com, mellormr79158@notify.bestcase.com**
- **Valerie Smith    claims@recoverycorp.com**
- **United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov**