D. EDWARD HAYS, #162507
ehays@marshackhays.com
LAILA MASUD, #311731
lmasud@marshackhays.com
BRADFORD N. BARNHARDT, #328705
bbarnhardt@marshackhays.com
MARSHACK HAYS LLP
870 Roosevelt
Irvine, CA 92620
Telephone: (949) 333-7777
Facsimile: (949) 333-7778

Attorneys for Movant and Creditor,
HOUSER BROS. CO. dba RANCHO DEL
REY MOBILE HOME ESTATES

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>JAMIE LYNN GALLIAN,<br><br>    Debtor. | Case No. 8:21-bk-11710-SC<br><br>Chapter 7<br><br>REPLY IN SUPPORT OF MOTION FOR RELIEF FROM THE AUTOMATIC STAY OR FOR ORDER CONFIRMING THAT THE AUTOMATIC STAY DOES NOT APPLY UNDER 11 U.S.C. § 362(l)<br><br>Date:   February 1, 2023<br>Time:   9:30 a.m.<br>Ctrm:   5C[1]<br>Location: 411 W. Fourth Street, Santa Ana, CA 92701 |

TO THE HONORABLE SCOTT C. CLARKSON, UNITED STATES BANKRUPTCY JUDGE,

THE DEBTOR, AND ALL INTERESTED PARTIES:

/ / /

---

[1] Notwithstanding the opening of the Courthouse to in-person proceedings, in light of the overwhelming support by the Bar for continued virtual appearances, Judge Clarkson will continue utilizing ZoomGov in a hybrid format, holding the majority of hearings by video, with an option for in-person hearings. Please see the Court's tentative rulings on the Court's webpage to determine whether this hearing is virtual or in-person.

Houser Bros. Co., dba Rancho Del Rey Mobile Home Estates ("Houser Bros.") files this reply ("Reply") in support of the Motion for Relief from the Automatic Stay ("Motion"),[2] filed on December 28, 2022, as Dk. No. 278.

## Memorandum of Points and Authorities

## 1.    Summary of Argument

As indicated in the Motion, the Ninth Circuit BAP has set forth four factors in considering whether relief from the automatic stay should be granted to allow state court proceedings to continue, and has further endorsed the 12 *Curtis* Factors. Rather than address these factors in response to the Motion, Debtor instead seeks to litigate the entire Forcible Entry Action. Debtor, however, provides no authority to show that this Court should weigh the merits of the underlying state-court claims in deciding whether cause for stay relief exists, and most of her argument is entirely irrelevant to the issue of stay relief.

The only factor Debtor does address is prejudice, claiming that the Forcible Entry Action involves the same issues as Houser Bros.'s pending adversary proceeding against her. But, the primary purpose of the Forcible Entry Action is restitution of the Property, whereas the adversary proceeding involves issues of debt dischargeability. Without regard to whether the Court determines Debtor's liability to Houser Bros. is excepted from discharge, Houser Bros. will still need to proceed in OCSC to litigate whether it has the right to have Debtor removed from its Property.

## 2.    Factual Background

On December 28, 2022, Houser Bros. filed the Motion, with supporting declarations of Chris Houser ("Houser Declaration") and Vivienne Alston ("Alston Declaration"). Docket No. 278. Houser Bros. set the Motion for hearing on January 18, 2023. Docket No. 279.

On January 4, 2023, Chapter 7 Trustee Jeffrey I. Golden ("Trustee") filed "Trustee's Response to the Motion for Relief from the Automatic Stay filed by Houser Bros. Co. DBA Rancho Del Rey Mobile Home Estates" ("Trustee Response"). Docket No. 282. In the Trustee Response, Trustee indicates that he "does not oppose granting relief from stay to permit the State Court Matter

---

[2] Capitalized terms not otherwise defined in this Reply shall have the meaning ascribed to them in the Motion.

REPLY IN SUPPORT OF MOTION FOR RELIEF FROM THE AUTOMATIC STAY
4880-1284-8131,v.1

1  to proceed to judgment in the OCSC provided that the order states that the OCSC will not determine

2  title/ownership of the Debtor's underlying mobile home and/or whether the Debtor's mobile home is

3  property of the bankruptcy estate."[3] *Id.*

4       On January 10, 2023, Houser Bros. filed a "Stipulation to Continue Hearing on Motion for

5  Relief from the Automatic Stay (Dk. No. 278), from January 18, 2023, to February 1, 2023." Docket

6  No. 286.

7       That same day, the Court entered an "Order Approving Stipulation to Continue Hearing on

8  Motion for Relief from the Automatic Stay (Dk. No. 278), from January 18, 2023, to February 1,

9  2023, at 9:30 a.m." Docket No. 287.

10       On January 28, 2023, Debtor filed a "Response to Motion Regarding the Automatic Stay and

11  Declaration(s) in Support" ("Response"). Docket Nos. 298-302.

12  ### 3.    Legal Argument

13      **A.    Cause for relief exists under Section 362(d)(1).**

14       As noted in the Motion, the Ninth Circuit BAP has set forth four factors in considering

15  whether relief from the automatic stay should be granted to allow state court proceedings to

16  continue, and has further endorsed the 12 *Curtis* Factors. *Kronemyer v. Am. Contrs. Indem. Co. (In*

17  *re Kronemyer)*, 405 B.R. 915, 921 (B.A.P. 9th Cir. 2009). In the Motion, Houser Bros. addresses

18  each of the applicable factors and demonstrates that they weigh in favor of stay relief. Yet, in her

19  Response, Debtor hardly addresses the applicable standard for stay relief. She instead filed a 25-page

20  "Memorandum of Points & Authorities" ("P&A") (not including the hundreds of pages of exhibits),

21  that reads more like a trial brief in the underlying Forcible Entry Action than a Response to a relief

22  from stay motion. Debtor unsurprisingly provides no authority to show that this Court should weigh

23  the merits of the underlying state-court claims in deciding whether cause for stay relief exists; it

24  would be unworkable if bankruptcy courts had to adjudicate the merits of the underlying action on

25  every relief from stay motion to proceed with nonbankruptcy litigation. And, in fact, none of the

26

27     [3] Houser Bros. has no objection to Trustee's requested language and agrees to incorporate it into

28  any proposed form of order granting the Motion.

1    *Kronemyer* or *Curtis* Factors direct the Court to assess the merits and case law makes it clear that the

2    merits should not be adjudicated on a motion for relief from stay which is a summary proceeding:

3
>    Given the limited grounds for obtaining a motion for relief from stay, read in
>    conjunction with the expedited schedule for a hearing on the motion, most courts hold
4    that motion for relief from stay hearings should not involve an adjudication of the
>    merits of claims, defenses, or counterclaims, but simply determine whether the
5    creditor has a colorable claim to the property of the estate. *See In re Johnson*, 756
>    F.2d 738, 740 (9th Cir.), cert. denied, 474 U.S. 828, 88 L. Ed. 2d 72, 106 S. Ct. 88
6    (1985) ("Hearings on relief from the automatic stay are thus handled in a summary
>    fashion. The validity of the claim or contract underlying [**13] the claim is not
7    litigated during the hearing.") (citation omitted); *In re Ellis*, 60 B.R. 432, 436 (9th
>    Cir. BAP 1985) ("In any case, stay litigation is not the proper vehicle for
8    determination of the nature and extent of those rights."); *Grella*, 42 F.3d at 33 ("We
>    find that a hearing on a motion for relief from stay is merely a summary proceeding
9    of limited effect, and . . . a court hearing a motion for relief from stay should seek
>    only to determine whether the party seeking relief has a colorable claim to property of
10    the estate.")

11    *Biggs v. Stovin (In re Luz Int'l)*, 219 B.R. 837, 842 (B.A.P. 9th Cir. 1998).

12        Virtually the entirety of Debtor's P&A is therefore irrelevant to the issue before the Court:

13    stay relief.[4] The only *Kronemyer* and *Curtis* Factor that Debtor's Response addresses is prejudice to

14    the parties. Although Debtor claims that the February 23, 2023, trial in *Houser Bros. v. Gallian*,

15    Case No. 8:21-ap-01097-SC ("AP"), will involve "the same identical issues," she is incorrect. The

16    AP ultimately involves the issue of whether Debtor's debt to Houser Bros. is excepted from

17    discharge under certain subsections of 11 U.S.C. § 523, and whether Debtor's discharge should be

18    denied pursuant to certain subsections of 11 U.S.C. § 727. The Forcible Entry Action, on the other

19    hand, primarily seeks restitution of the Property. Houser Decl. Ex. C. An unlawful detainer action is

20    a "summary proceeding, the primary purpose of which is to obtain the possession of real property in

21    the situations specified by statute." *Underwood v. Corsino*, 133 Cal.App.4th 132, 135 (2005). The

22    statutory procedure must be "strictly followed." *Id.* Further, mobilehome evictions must be pursuant

23    to the California MRL. *See In re Valdez*, 338 B.R. 97, 98 (Bankr. N.D. Cal. 2006) (noting that

24    owners of mobilehomes occupied within mobilehome parks must be provided with the "unique

25

26    _____
[4] Houser Bros. objects to many of the factual and legal contentions set forth in Debtor's Response
27    and P&A. But, because those contentions are not properly before the Court, Houser Bros. will not
waste several pages responding to those arguments. Houser Bros. reserves all rights to object to
28    Debtor's contentions at the proper time.

protection from actual or constructive eviction afforded by the provisions of this chapter" (*i.e.*, Cal. Civ. Code §§ 798-798.88)) (quoting Cal. Civ. Code § 798.55(a)). The AP is simply not an eviction proceeding, whereas the Forcible Entry action is.

That said, to the extent this Court makes any findings during the February 23, 2023, trial in either party's favor, that party will be able to take whatever steps it deems appropriate in the context of the Forcible Entry Action (i.e. file a motion for summary judgment or summary adjudication based on issue or claim preclusion). As noted in the Alston Declaration, the parties were mid-way through discovery in the Forcible Entry Action when Debtor filed her bankruptcy petition, and trial would likely be set in spring 2023, Alston Decl. ¶¶ 10-11, after resolution of the AP.  But, Houser Bros. will need to proceed with the Forcible Entry Action to obtain restitution of the space that Debtor occupies. As long as Debtor remains on the Property, Houser Bros. will be prejudiced by the presence of an unlawful occupant.

## B.    Section 362(d)(2) relief is warranted.

As set forth in the Motion, Houser Bros. operates a mobilehome park on the Property, and Debtor has no equity in the land or right to lease the site. Debtor, in the Response, does not clearly address Houser Bros.'s § 362(d)(2) argument, nor does she provide evidence that she has equity in the Property (other than unsubstantiated assertions). Houser Bros. therefore requests that the Court grant stay relief pursuant to § 362(d)(2).

/ / /

/ / /

/ / /

/ / /

/ / /

REPLY IN SUPPORT OF MOTION FOR RELIEF FROM THE AUTOMATIC STAY
4880-1284-8131,v.1

## 4.    Conclusion

For the reasons set forth in the Motion and above, Houser Bros. respectfully requests that the

Court grant the Motion in its entirety.

DATED: January 25, 2023                MARSHACK HAYS LLP

                                                            /s/ D. Edward Hays
                                           By: _____
                                                D. EDWARD HAYS
                                                LAILA MASUD
                                                BRADFORD N. BARNHARDT
                                                Attorneys for Movant and Creditor,
                                                HOUSER BROS. CO. dba RANCHO DEL
                                                REY MOBILE HOME ESTATES

REPLY IN SUPPORT OF MOTION FOR RELIEF FROM THE AUTOMATIC STAY

4880-1284-8131,v.1

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
870 Roosevelt, Irvine, CA 92620.

A true and correct copy of the foregoing document entitled: **REPLY IN SUPPORT OF MOTION FOR RELIEF FROM THE
AUTOMATIC STAY OR FOR ORDER CONFIRMING THAT THE AUTOMATIC STAY DOES NOT APPLY UNDER 11
U.S.C. § 362(L)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-
2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General
Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **January
25, 2023**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the
following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**: On _____, I served the following persons and/or entities at the
last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a
sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here
constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL**: Pursuant to
F.R.Civ.P. 5 and/or controlling LBR, on **January 25, 2023**, I served the following persons and/or entities by personal
delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission
and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the
judge will be completed no later than 24 hours after the document is filed.

| DEBTOR  - VIA OVERNIGHT DELIVERY<br>JAMIE LYNN GALLIAN<br>16222 MONTEREY LN UNIT 376<br>HUNTINGTON BEACH, CA 92649 | VIA PERSONAL DELIVERY:<br>**PRESIDING JUDGE'S COPY**<br>HONORABLE SCOTT C. CLARKSON<br>UNITED STATES BANKRUPTCY COURT, CENTRAL<br>DISTRICT OF CALIFORNIA<br>RONALD REAGAN FEDERAL BUILDING AND<br>COURTHOUSE<br>411 WEST FOURTH STREET, SUITE 5130 /<br>COURTROOM 5C<br>SANTA ANA, CA 92701-4593 |
|---|---|

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| January 25, 2023 | Layla Buchanan | */s/ Layla Buchanan* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                **F 9013-3.1.PROOF.SERVICE**

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: CONTINUED:
   - **ATTORNEY FOR CREDITOR AND PLAINTIFF HOUSER BROS. CO.:** Bradford Barnhardt
     bbarnhardt@marshackhays.com, bbarnhardt@ecf.courtdrive.com, kfrederick@ecf.courtdrive.com
   - **ATTORNEY FOR TRUSTEE JEFFREY I GOLDEN (TR):** Aaron E DE Leest adeleest@DanningGill.com,
     danninggill@gmail.com; adeleest@ecf.inforuptcy.com
   - **ATTORNEY FOR CREDITOR AND PLAINTIFF THE HUNTINGTON BEACH GABLES HOMEOWNERS'
     ASSOCIATION:** Robert P Goe kmurphy@goeforlaw.com, rgoe@goeforlaw.com; goeforecf@gmail.com
   - **TRUSTEE JEFFREY I GOLDEN (TR):** Jeffrey I Golden (TR lwerner@wgllp.com, jig@trustesolutions.net;
     kadele@wgllp.com
   - **ATTORNEY FOR CREDITOR AND PLAINTIFF HOUSER BROS. CO. and CREDITOR HOUSER BROS. CO.
     DBA RANCHO DEL REY MOBILE HOME ESTATES:** D Edward Hays ehays@marshackhays.com,
     ehays@ecf.courtdrive.com; kfrederick@ecf.courtdrive.com; cmendoza@marshackhays.com;
     cmendoza@ecf.courtdrive.com
   - **ATTORNEY FOR CREDITOR AND PLAINTIFF THE HUNTINGTON BEACH GABLES HOMEOWNERS'
     ASSOCIATION:** Brandon J Iskander biskander@goeforlaw.com, kmurphy@goeforlaw.com
   - **ATTORNEY FOR TRUSTEE JEFFREY I GOLDEN (TR):** Eric P Israel eisrael@DanningGill.com,
     danninggill@gmail.com; eisrael@ecf.inforuptcy.com
   - **ATTORNEY FOR CREDITOR AND PLAINTIFF HOUSER BROS. CO. and CREDITOR HOUSER BROS. CO.
     DBA RANCHO DEL REY MOBILE HOME ESTATES:** Laila Masud lmasud@marshackhays.com,
     lmasud@ecf.courtdrive.com; kfrederick@ecf.courtdrive.com
   - **ATTORNEY FOR DEFENDANT RANDALL L NICKEL:** Mark A Mellor mail@mellorlawfirm.com,
     mellormr79158@notify.bestcase.com
   - **INTERESTED PARTY COURTESY NEF:** Valerie Smith claims@recoverycorp.com
   - **U.S. TRUSTEE:** United States Trustee (SA) ustpregion16.sa.ecf@usdoj.gov

4879-0465-9015, v. 1

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                              **F 9013-3.1.PROOF.SERVICE**