1  ERIC P. ISRAEL (State Bar No. 132426)
   *eisrael@DanningGill.com*
2  AARON E. DE LEEST (State Bar No. 216832)
   *adeleest@DanningGill.com*
3  DANNING, GILL, ISRAEL & KRASNOFF, LLP
   1901 Avenue of the Stars, Suite 450
4  Los Angeles, California 90067-6006
   Telephone:   (310) 277-0077
5  Facsimile:    (310) 277-5735

6  Attorneys for Jeffrey I. Golden,
   Chapter 7 Trustee

7

8              **UNITED STATES BANKRUPTCY COURT**

9              **CENTRAL DISTRICT OF CALIFORNIA**

10                   **SANTA ANA DIVISION**

11

12 | In re                          | Case No. 8:21-bk-11710-SC
13 | JAMIE LYNN GALLIAN,            | Chapter 7
14 |                                | **TRUSTEE'S NOTICE OF OPPOSITION AND OPPOSITION TO DEBTOR'S**
15 |            Debtor.             | **NOTICE OF HEARING AND MOTION REQUESTING THE TRUSTEE**
16 |                                | **ABANDON ESTATE'S INTEREST IN DEBTOR'S PRIMARY RESIDENCE,**
17 |                                | **SPACE 376 2014 SKYLINE MANUFACTURED HOME LBM1981;**
18 |                                | **MEMORANDUM OF POINTS AND AUTHORITIES AND REQUEST FOR**
19 |                                | **JUDICIAL NOTICE IN SUPPORT THEREOF**
20 |                                |
21 |                                | Date:  February 15, 2023
   |                                | Time: 11:00 a.m.
22 |                                | Place: Courtroom 5C -Virtual
   |                                |        411 W. Fourth Street,
23 |                                |        Santa Ana, California 92701

24         PLEASE TAKE NOTICE that Jeffrey I. Golden, as the Chapter 7 Trustee for the

25 bankruptcy estate (the "Estate") of Jamie Lynn Gallian (the "Debtor), hereby submits this

26 opposition to the Debtor's Notice of Hearing and Motion Requesting the Trustee Abandon Estate's

27 Interest in Debtor's Primary Residence, Space 376 2014 Skyline Manufactured Home LBM1981

28 (*docket nos. 307, 308, 309 and 312*).

1705999.1  27064                              1

1    PLEASE TAKE FURTHER NOTICE that any reply to this opposition must be in writing,

2 filed with the Clerk of the Bankruptcy Court and served upon counsel for the Trustee named in the

3 upper left-hand corner of this notice not less than seven calendar days before the hearing.

4

5 DATED:  February 1, 2023                    DANNING, GILL, ISRAEL & KRASNOFF, LLP

6

7                                        By:    /s/ Aaron E. de Leest

8                                            AARON E. DE LEEST
                                            Attorneys for Jeffrey I. Golden, Chapter 7 Trustee
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

The Debtor's Notice of Hearing and Motion Requesting the Trustee Abandon Estate's

Interest in Debtor's Primary Residence, Space 376 2014 Skyline Manufactured Home LBM1981

(*docket nos. 307, 308, 309 and 312*) (collectively, the "Motion"), requests that Jeffrey I. Golden, as

the Chapter 7 Trustee (the "Trustee") for the Debtor's bankruptcy estate (the "Estate")

> abandon the estates (*sic*) interest in Debtor's primary residency, space
> 376 2014 Skyline Manufactured home LBM1081 located at 16222
> Monterey Lane Dr. Unit 376, Huntington Beach, California 92649
> [(the "Property")].  Motion, p. 1.

However, the Motion does not cite any authority or offer any evidence in support of the requested

relief and must be denied.  In addition, on the merits, the Property is not burdensome or of

inconsequential value to the estate.  Abandonment is also not appropriate at this time because the

order granting the Debtor's claimed homestead exemption in the Property is on appeal and the

appeal has not yet been fully resolved.  Thus, it would be premature for the Court to rule on

abandonment, and outside the Court's jurisdiction to do so, while the appeal is pending.

Accordingly, as discussed further below, the Court should deny the Motion at this time.

 

    1.    The Motion is Defective on its Face

Fed. R. Bankr. P. 9013 provides that a "motion shall state with particularity the grounds

therefore, and shall set forth the relief or order sought."  Fed. R. Bankr. P. 9013.  Local Bankruptcy

Rule 9013-1(c)(3) further requires that a motion must be served and filed with:

> (A) Duly authenticated copies of all photographs and documentary
> evidence that  the moving party intends to submit in support of the
> motion, in addition to the declarations required or permitted by FRBP
> 9006(d); and

> (B) A written statement of all reasons in support thereof, together
> with a memorandum of the points and authorities upon which the
> moving party will rely.

LBR 9013-1(c)(3).

 

Here, in violation of Fed. Bankr. R. 9013 and Local Bankruptcy Rule 9013-1(c)(3), the

Debtor filed the Motion without any evidence or memorandum of points and authorities.  All that is

1  provided is a plain notice and a copy of the Court's Order Granting the Debtor's Motion for

2  Reconsideration of the Court's August 5, 2022 Order Sustaining Objection to Debtor's Homestead

3  Exemption *(docket no. 274)* (the "Homestead Order"), attached to the notice.  There is simply no

4  evidence or any written statement setting forth with particularity why the Court should compel the

5  requested abandonment of the Property.  Without evidence or a memorandum of points and

6  authorities the Motion is defective on its face and the relief requested must be denied.

7       The Debtor also does not appear to have paid the required fee associated with filing a

8  motion to compel abandonment.  *See* https://www.cacb.uscourts.gov/filing-fees and 28 U.S.C. §

9  1930.  The Court should not condone the Debtor's failure to pay the required fee.

10

11       2.       The Motion Should Also Be Denied on the Merits

12       To the extent that the Court looks past the Debtor's procedural failures with the Motion, the

13  Court should deny the Motion on the merits.  As a preliminary matter, it is the Debtor's burden to

14  compel abandonment under 11 U.S.C. § 554(b).  *In re Gill*, 574 B.R. 709, 714 (B.A.P. 9th Cir.

15  2017) ("The moving party has the burden of establishing that the property at issue is burdensome or

16  of inconsequential value and benefit to the estate").   Section 554(b) only permits a court to order a

17  trustee to abandon property of the estate where the property is "burdensome to the estate or that is

18  of inconsequential value and benefit to the estate." 11 U.S.C. § 554(b).  An order to compel

19  abandonment is "the exception, not the rule" and it is the burden of the party seeking to compel

20  abandonment (i.e., the Debtor) to prove that the asset has no value.  *Id.*   The Debtor, without any

21  evidence, cannot meet her burden.  The Debtor has not offered any evidence relevant to whether

22  the Property is burdensome or of inconsequential value to the estate, including the value of the

23  Property or the lack of equity in the Property for the Trustee to administer.  All that she offers is the

24  Homestead Order, which the Debtor fails to mention is on appeal and not fully resolved.

25  Therefore, because the Debtor cannot meet her burden and has failed to do so, the relief requested

26  in the Motion must be denied.

27       Although the Debtor has not met her burden, the evidence available to the Trustee

28  demonstrates that there may indeed be value in the Property for the estate, and that abandonment is

1705999.1  27064                                    4

1  not appropriate at this time.  In particular, the Trustee obtained an opinion that the Property is

2  valued at or near $300,000.  *See* Declaration of Greg Bingham,¶ 2, filed in support of the Trustee's

3  Application to Employ Coldwell Banker (*docket no. 162*) a copy of which declaration is attached as

4  Exhibit "1" hereto.  In addition, the Court entered the Homestead Order on December 19, 2022, but

5  on December 29, 2022, creditor Houser Bros. Co., filed a timely notice of appeal (*docket no. 280*),

6  which appeal is now pending before the District Court as Case No. 8:23-cv-00001-DSF (the

7  "Homestead Appeal").  As such, the Debtor's claim of exemption in the Property has not yet been

8  fully resolved and, if the Homestead Order were reversed on appeal, the Debtor's claimed

9  homestead exemption will be disallowed and the equity in the Property will be available for the

10  estate and its creditors.

11        Furthermore, the California Department of Housing and Community Development (where

12  liens on manufactured homes are to be recorded, *see* Cal. Health & Safety Code § 18100.5 *et seq.*)

13  only lists the lien of J-Pad LLC on the Property.[1]  Copies of the title transaction documents for the

14  Property are attached, collectively, as Exhibit "2" hereto.  The Debtor has previously admitted in

15  the bankruptcy case and a related adversary proceeding that the Debtor is (and has been) the sole

16  member of J-Pad LLC, since October 18, 2018,[2] and that J-Pad LLC's lien is for $175,000.[3]  The

17  Trustee disputes that J-Pad LLC's lien of $175,000 is valid and, if necessary, will challenge the

18  purported lien if the Homestead Order is reversed on appeal.  However, even if the lien were valid,

19  the estate owns the Debtor's sole membership interest in J-Pad LLC, and there still may be equity

20

21  _____

22  [1]  To the extent there are other lienholders that assert liens on the Property that are not of record
with the California Department of Housing and Community Development, the Trustee does not

23  believe that such liens have attached to the Property.  *See* Cal. Code Civ. P. § 697.310 (providing
that a judgement lien is created on real property by recording an abstract of a money judgment with

24  the county recorder) and Cal. Code Civ. P. § 697.530(d) (providing that a judgment lien on
personal property does not attach to a mobilehome or commercial coach required to be registered

25  pursuant to the Cal. Health & Safety Code).

26  [2]  *See* Declaration of Jamie Lynn Gallian, filed on March 16, 2022, in adv. no. 8:21-ap-01096 -
Jasso v. Gallian et al , adv. docket no. 29, attached as Exhibit "3" hereto.

27  [3]  *See* Motion to Avoid Lien Under 11 U.S.C. Section 522(f) and Declaration of Jamie Lynn
Gallian, filed on January 13, 2022, docket no. 297, and attached Gallian Declaration at ¶ 10.

28

1    in the Property even if the homestead is valid, since the lien trumps a claim of exemption.[4]

2          In light of the above facts, there is no justification for the request to compel the Trustee to

3    abandon the Property.

4

5          3.      The Court Lacks Jurisdiction to Rule on Abandonment at this Time

6          The Debtor's Motion and the requested relief to abandon the Property are directly related to

7    the Homestead Appeal.  As a result, the Court lacks jurisdiction to grant the Debtor's requested

8    relief to abandon the Property pending the disposition of the Homestead Appeal.  The filing of a

9    notice of appeal is an event of jurisdictional significance -- it confers jurisdiction on the court of

10   appeals and divests the trial court of its control over those aspects of the case involved in the

11   appeal. *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58, 103 S. Ct. 400, 402 (1982)

12   (abrogated on other grounds).  When an appeal is pending, the Court may only implement or

13   enforce its order while on appeal, but it may not alter or expand upon the order. *Sherman v. SEC*

14   *(In re Sherman)*, 491 F.3d 948, 967 (9th Cir. 2007) (citing *Neary v. Padilla (In re Padilla)*, 222

15   F.3d 1184, 1190 (9th Cir. 2000) (abrogated on other grounds)).  Thus, this Court only retains

16   jurisdiction over matters unrelated to the appeal.  *See In re Ahmed*, 420 B.R. 518, 523 (Bankr. C.D.

17   Cal. 2009) (emphasis added).  Here, however, the Debtor's requested abandonment is tied directly

18   to the Court's ruling with respect to the Homestead Order.  In fact, the Homestead Order is

19   attached to the Motion and it is the sole cited basis upon with the Debtor has requested

20   abandonment of the Property.  Accordingly, because the requested abandonment is directly related

21   to the Homestead Order, which is currently on appeal to the District Court, this Court lacks

22   jurisdiction to adjudicate the Motion.

23

24

25

26   ───────────────────

27   [4]  J-Pad LLC, was terminated with the California Secretary of State on November 22, 2021.  A
     copy of the termination is attached as Exhibit "4" hereto.

28

1

4.    <u>Conclusion</u>

2    The Debtor's Motion should be denied because the Debtor has not met her burden to

3 establish that the Property is burdensome or of inconsequential value to the estate.  Indeed, she

4 offers no analysis of the equity in the Property and the Property may indeed have equity for the

5 estate.  Furthermore, abandonment is also not appropriate at this time because the Homestead

6 Order, which is the sole basis for the requested relief, is on appeal and the appeal has not yet been

7 fully resolved.  Therefore, the Court should deny the relief requested in the Motion its entirety.

8 The Trustee prays for all other appropriate relief under the circumstances.

9

10    DATED:  February 1, 2023                   DANNING, GILL, ISRAEL & KRASNOFF, LLP

11

12
                                             By:    _____/s/ Aaron E. de Leest_____
13                                                      AARON E. DE LEEST
                                                         Attorneys for Jeffrey I. Golden, Chapter 7 Trustee
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1705999.1  27064                              7

**<u>REQUEST FOR JUDICIAL NOTICE</u>**

Jeffrey I. Golden, as Chapter 7 Trustee (the "Trustee") for the bankruptcy estate of Jamie Lynn Gallian (the "Debtor), requests that the Court take judicial notice of the following facts.

1.    On or about July 28, 2022, the Trustee filed his Application of the Chapter 7 Trustee to Employ Real Estate Broker Coldwell Banker Realty and Agents William Friedman and Greg Bingham Pursuant to 11 U.S.C. 327 and 328; Memorandum of Points and Authorities; and Declarations of William Friedman and Greg Bingham in Support (*docket no. 162*).  A true and correct copy Greg Bingham's declaration is attached as Exhibit "1" hereto and incorporated herein by this reference.

2.    On or about August 5, 2022, the Court entered its Order Granting Houser Bros. Co. dba Rancho Del Rey Mobile Home Estate's Motion Objecting to Debtor's Claimed Homestead Exemption in , docket No. 95 (*docket no. 177*), disallowing any claim of exemption by the Debtor in such property.

3.    On December 19, 2022, the Court entered its Order Granting the Debtor's Motion for Reconsideration of the Court's August 5, 2022 Order Sustaining Objection to Debtor's Homestead Exemption *(docket no. 274)*.

4.    On December 29, 2022, creditor Houser Bros. Co., filed a timely notice of appeal (*docket no. 280*), which appeal is now pending before the District Court as Case No. 8:23-cv-00001-DSF.

5.    The California Department of Housing and Community Development only lists the lien of J-Pad LLC on the Property.  True and correct copies of the title transaction documents for the Property are attached as Exhibit "2" hereto.

6.    The Debtor admitted in the Declaration of Jamie Lynn Gallian, adv. no. 8:21-ap-01096 - Jasso v. Gallian et al., *adv. docket no. 29*, filed on March 16, 2022, that the Debtor has been the sole member of J-Pad LLC, since October 18, 2018.  A true and correct copy of the Debtor's Declaration is attached as Exhibit "3" hereto.

7.    The Debtor admitted in her Motion to Avoid Lien Under 11 U.S.C. Section 522(f) and Declaration of Jamie Lynn Gallian at ¶ 10, filed on January 13, 2022, *docket no. 297,* that J-

1    Pad LLC's lien is for $175,000.

2        8.    J-Pad LLC, was terminated with the California Secretary of State on November 22,

3    2021.  A true and correct copy of the termination is attached as Exhibit "4" hereto.

4

5    DATED:  February 1, 2023                    DANNING, GILL, ISRAEL & KRASNOFF, LLP

6

7                                    By:    _____/s/ Aaron E. de Leest_____

8                                           AARON E. DE LEEST
                                            Attorneys for Jeffrey I. Golden, Chapter 7 Trustee
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT 1

**Weiland Golden Goodrich LLP**
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel (714) 966-1000  Fax (714) 966-1002

## DECLARATION OF GREG BINGHAM

I, Greg Bingham, declare:

1.      I am a real estate agent licensed in the State of California.  I know each of the following facts to be true of my own personal knowledge or information and belief and, if called as a witness, I could and would competently testify with respect thereto.  I am an agent of Coldwell Banker, located at 840 Newport Center Drive, Suite 100, Newport Beach, California 92660.  I am submitting this Declaration in support of the *Application of the Chapter 7 Trustee to Employ Real Estate Broker Coldwell Banker Realty and Agents William Friedman and Greg Bingham Pursuant to 11 U.S.C. §§ 327 and 328* ("Application").  Any capitalized terms not expressly defined herein shall have the meanings provided in the Application.

2.      I have advised the Trustee that the current market value of the Property is at or near $300,000.

3.      The Broker and I are qualified to represent the Trustee and the Estate in connection with the marketing and sale of the Property.  A true and correct copy of the Listing Agreement is attached as **Exhibit 1**.  A true and correct copy of my profile is attached as **Exhibit 2**.

4.      On behalf of the Broker, I have agreed to accept employment on the terms and conditions set forth in the Application.

5.      The Broker and I are employed by the Trustee in other unrelated matters. In addition, Danning, Gill, Israel & Krasnoff, LLP, the Trustee's general counsel, and attorney-trustees at that firm, have worked with the Broker and me in other cases not involving the Debtor.

6.      To the best of my knowledge, except as provided above, the Broker and I:

        a.      have no connection with the Debtor, the Debtor's principals, insiders, creditors, the Trustee, any other party or parties in interest, their respective

**EXHIBIT 1**                                                                        **10**

DocuSign Envelope ID: 474AA91A-DD6D-4B23-ASD8-G319B468294A

attorneys and accountants, or any person employed in the Office of the United

States Trustee;

b.      are not creditors, equity security holders or insiders of the Debtor;

c.      are not and were not, within two (2) years before the date of the filing

of the petition herein, directors, officers or employees of the Debtor;

d.      do not represent an individual or entity which holds an interest

adverse to the Estate;

e.      are not related to the United States Trustee or to the Bankruptcy

Judge assigned to this case;

f.      are disinterested within the meaning of 11 U.S.C. §§ 327(a) 101(14);

g.      have no fee sharing arrangement, understanding or compensation

sharing arrangement with any other entity, except for the customary division of the

commission from the sale of a property between the listing broker and the selling

broker, as provided for in the Listing Agreement; and

h.      will not receive a retainer in this case.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this __28__ day of July, 2022, at Newport Beach, California.



Greg Bingham

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel (714) 966-1000  Fax (714) 966-1002

1373973.1

10

EMPLOYMENT APPLICATION

EXHIBIT 2



DTN:            **12339739**

Decal:          **LBM1081**

Unit ID:        252606085

Trans Type:     L/O Addition

Trans Date:     08/10/2021

Trade Name:     CUSTOM VILLA

Serial #:       AC7V710394GA, AC7V710394GB

Insignia #      PFS1130281, PFS1130282

Status Date:    08/11/2021    User Name:    CRUZ, SYLVIA

**EXHIBIT 2**        **12**

STATE OF CALIFORNIA – DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT
CERTIFICATE OF TITLE
Manufactured Home

**Decal:** **LBM1081**

| Manufacturer ID/Name | Trade Name | Model | | DOM 05/29/2014 | DFS 07/28/2014 | RY |
|---|---|---|---|---|---|---|
| 90002    SKYLINE HOMES INC | CUSTOM VILLA | | | | | |

| Serial Number | Label/Insignia Number | Weight | Length | Width | Issued | |
|---|---|---|---|---|---|---|
| AC7V710394GB | PFS1130281 | 22,383 | 56' | 15' 2" | Aug 03, 2021 | |
| AC7V710394GA | PFS1130282 | 25,068 | 60' | 15' 2" | | |

**Addressee**

JAMIE LYNN GALLIAN
16222 MONTEREY LN SPACE 376
HUNTINGTON BEACH, CA  92649

**Registered Owner(s)**

JAMIE LYNN GALLIAN
16222 MONTEREY LN SPACE 376
HUNTINGTON BEACH, CA 92649

**Situs Address**

16222 MONTEREY LN SPACE 376
HUNTINGTON BEACH, CA 92649

**IMPORTANT**
THE OWNER INFORMATION SHOWN ABOVE MAY NOT REFLECT ALL LIENS RECORDED WITH THE
DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT AGAINST THE DESCRIBED UNIT.  THE
CURRENT TITLE STATUS OF THE UNIT MAY BE CONFIRMED THROUGH THE DEPARTMENT.

DTN: 12313525

08032021 - 2

AUG 1 0 2021

14

12339139

## SECTION A - SMOKE DETECTOR AND WATER HEATER SEISMIC BRACING CERTIFICATION

California Health and Safety Code (HSC) Sections 18029.6 and 18031.7 require that on the date of transfer of title all used manufactured homes, used mobilehomes, and used multifamily manufactured homes: 1) be equipped with an operable smoke detector in each room designed for sleeping, and 2) all fuel-gas-burning water heater appliances be seismically braced, anchored, or strapped pursuant to existing codes. A declaration may be signed within 45 days prior to the date of transfer of title stating that these requirements have been met.

I/We further agree to indemnify and save harmless the Director of the State of California, Department of Housing and Community Development, and subsequent purchasers of said unit, for any loss they may suffer resulting from registration of the unit in California or from issuance of a California Certificate of Title covering the same. I/We certify under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on_____ at_____ _____ ,
　　　　　　　　　　Date　　　　　　　　　　　City　　　　　　　　　　　　　　　State

_____　_____
　　　　　Signature　　　　　　　　　　　　　　　　　　　　　　　Printed Name

## SECTION B - RELEASING SIGNATURES

1a. _____　Date of Release _____
　　　Releasing Signature of Registered Owner

1b. _____　Date of Release _____
　　　Releasing Signature of Registered Owner

2. _____ ☐ **Release**　☐ **Retain**　*☐ **Assign Interest**
　　Legal Owner of Record (if any) sign and check appropriate box　　　　　(* If Assign Interest is checked - Complete New Legal Owner Below)

## SECTION C - NEW OWNER INFORMATION

### NEW REGISTERED OWNER - Please Print or Type Clearly

3a. _____　3c. _____
　　　New Registered Owners Name　　　　　　　　　　　　　　New Registered Owners Name

3b. _____　3d. _____
　　　New Registered Owners Name　　　　　　　　　　　　　　New Registered Owners Name

If more than one New Owner going onto title, please check the appropriate Co-owner term box.

☐ **Joint Tenants with Right of Survivorship**　☐ **Tenants In Common OR**　*☐ **Trust/Trustee(s)**
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　(* If this box is checked-Complete HCD 476.6B)

☐ **Tenants In Common AND**　☐ **Community Property**　☐ **Community Property with Right of Survivorship**

4. _____ _____ _____
　　Mailing Address of New Registered Owner　　　　　　City/State　　　　　　　　Zip Code

5. _____ _____ _____
　　Actual Location Address of Unit　　　　　　　　　　　City/State　　　　　　　　Zip Code

6. _____ _____
　　Purchase Price or check box if Gift-☐　　Purchase Date or Transfer Date

7a. _____　7c. _____
　　**Signature** of New Registered Owners　　　　　　　　**Signature** of New Registered Owners

7b. _____　7d. _____
　　**Signature** of New Registered Owners　　　　　　　　**Signature** of New Registered Owners

### NEW LEGAL OWNER - Please Print or Type Clearly

8a. _____　8b. _____
　　New Legal Owners Name　　　　　　　　　　　　　　　New Legal Owners Name

If more than one New Lender going onto title, please check the appropriate Co-owner term box below.

☐ **Joint Tenants with Right of Survivorship**　☐ **Tenants In Common OR**　*☐ **Trust/Trustee(s)**
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　(* If this box is checked-Complete HCD 476.6B)

☐ **Tenants In Common AND**　☐ **Community Property**　☐ **Community Property with Right of Survivorship**

9. _____ _____ _____
　　Mailing Address of New Legal Owner　　　　　　　　City/State　　　　　　　　Zip Code

### NEW JUNIOR LIENHOLDER - Please Print or Type Clearly

10a. _____　10b. _____
　　　New Junior Lienholder Name　　　　　　　　　　　　　　New Junior Lienholder Name

11. _____ _____ _____
　　Mailing Address of New Junior Lienholder　　　　　　City/State　　　　　　　Zip Code

## SECTION D – RELEASE OF DEALERS

12. _____ _____
　　　Signature of Selling Dealer　　　　　　　　　　　Print Dealers Name and Dealer Number

OSP 20 149325

15

# STATE OF CALIFORNIA - DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT
## REGISTRATION CARD

Manufactured Home

**Decal: LBM1081**

| Manufacturer ID/Name | Trade Name | Model | DOM | DFS | RY | Exp. Date |
|---|---|---|---|---|---|---|
| 90002    SKYLINE HOMES INC | CUSTOM VILLA | | 05/29/2014 | 07/28/2014 | | |

| Serial Number | Label/Insignia Number | Weight | Length | Width | Issued |
|---|---|---|---|---|---|
| AC7V710394GB | PFS1130281 | 22,383 | 56' | 15' 2" | Aug 03, 2021 |
| AC7V710394GA | PFS1130282 | 25,068 | 60' | 15' 2" | |

**Addressee**

JAMIE LYNN GALLIAN
16222 MONTEREY LN SPACE 376
HUNTINGTON BEACH, CA 92649



**Registered Owner(s)**

JAMIE LYNN GALLIAN
16222 MONTEREY LN SPACE 376
HUNTINGTON BEACH, CA 92649

**Situs Address**

16222 MONTEREY LN SPACE 376
HUNTINGTON BEACH, CA 92649

*************************************************
### ATTENTION OWNER:

THIS IS THE REGISTRATION CARD FOR THE
UNIT DESCRIBED ABOVE. PLEASE KEEP THIS
CARD IN A SAFE PLACE WITHIN THE UNIT.

### INSTRUCTIONS FOR RENEWAL:

REGISTRATION FOR THIS UNIT EXPIRES ON THE
DATE INDICATED ABOVE IN THE BOX LABELED
"Exp. Date". THERE ARE SUBSTANTIAL
PENALTIES FOR DELINQUENCY. IF YOU DO NOT
RECEIVE A RENEWAL NOTICE WITHIN 10 DAYS
PRIOR TO THE EXPIRATION DATE, CONTACT
H.C.D. FOR RENEWAL INSTRUCTIONS.
*************************************************

### IMPORTANT
THE OWNER INFORMATION SHOWN ABOVE MAY NOT REFLECT ALL LIENS RECORDED WITH THE
DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT AGAINST THE DESCRIBED UNIT. THE
CURRENT TITLE STATUS OF THE UNIT MAY BE CONFIRMED THROUGH THE DEPARTMENT.

DTN: 12313525

08032021 - 1

16

STATE OF CALIFORNIA
BUSINESS, CONSUMER SERVICES AND HOUSING AGENCY
DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT
DIVISION OF CODES AND STANDARDS
REGISTRATION AND TITLING PROGRAM



# STATEMENT OF FACTS

This unit is a: ☑ Manufactured Home / Mobilehome  ☐ Commercial Modular  ☐ Floating Home  ☐ Truck Camper

| Decal (License) No.(s): | Trade Name: | Serial No.(s): |
|---|---|---|
| LBM1081 | CUSTOM VILLA | AC7V710394GB/GA |

I/We, the undersigned, hereby state:

Jamie L. Gallian, say that J-Pad, LLC is the Legal Owner and perfected their lien 1/14/2019.

The correct Address for the Legal Owner – J-Pad LLC
21742 Anza Ave, Torrance, CA 90503

I/We further agree to indemnify and save harmless the Director of the Department of Housing and Community Development, State of California, and subsequent purchasers of said unit, for any loss they may suffer resulting from registration of the above-described unit in California, or from issuance of a California Certificate of Title covering the same.

I/We certify under penalty of perjury that the foregoing is true and correct.

Executed on  8/6/2021  at  Huntington Beach  ,  CA
          *Date*              *City*                        *State*

Signature(s):                        Printed name(s):

Jamie Lynn Gallian

Address  16222 Monterey Ln #376

City  Huntington Beach                    State  CA 92649

HCD RT 476.6 (Rev. 07/16)                                      18

STATE OF CALIFORNIA
BUSINESS, CONSUMER SERVICES AND HOUSING AGENCY
DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT
DIVISION OF CODES AND STANDARDS
REGISTRATION AND TITLING PROGRAM



## STATEMENT TO ENCUMBER

| **SECTION I.** | **DESCRIPTION OF UNIT** |
|---|---|

This unit is a (check one):

☒ Manufactured Home, Mobilehome, Multifamily Manufactured Home   ☐ Commercial Modular   ☐ Truck Camper   ☐ Floating Home

The Decal (License) Number(s) is: **LBM1081**

The Trade Name is: **SKYLINE HOMES-CUSTOM VILLA**

The Serial Number(s) is: **AC7V710394GB; AC7V710394GA**

| **SECTION II.** | **LEGAL OWNER INFORMATION** |
|---|---|

I/We are releasing legal owner interest in the above-described unit to encumber the title (record a lien) in favor of:

J-PAD, LLC - SOS ENTITY NO. 201804010750

*(Name of New Legal Owner)*

*Address:*   2702 N. GAFF STREET            ORANGE,            CA            92865
            *Street Address or P.O. Box*            *City*            *State*            *Zip*

| **SECTION III.** | **CERTIFICATION** |
|---|---|

I/We certify under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on   1/14/2019           at      HUNTINGTON BEACH,   CALIFORNIA, CO. OF ORANGE
            *Date*                        *City*                        *State*

Signature of each registered owner:          Printed name of each registered owner:

*[signature]*                               J-SANDCASTLE CO LLC

Address:   16222 MONTEREY LN  376    HUNTINGTON BEACH,       CA      92649
         *Street Address or P. O. Box*        *City*            *State*    *Zip*

HCD 484.7 (Rev. 11/14)

20

EXHIBIT 3

JAMIE LYNN GALLIAN
16222 MONTEREY LN. #376
HUNTINGTON BEACH, CA 92649
(714) 321-3449
JAMIEGALLIAN@GMAIL.COM

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA

In re:  JAMIE LYNN GALLIAN                    CASE NO, 8:21-bk-11710-ES

                                              ADV CASE NO. 8:21-ap-01096

---

JANINE JASSO, ESQ.                            DECLARATION JAMIE LYNN GALLIAN
        PLAINTIFF

VS

JAMIE LYNN GALLIAN
J-PAD, LLC
J-SANDCASTLE, CO. LLC

---

I, Jamie Lynn Gallian, declare under penalty of perjury under the Laws of the State of California the foregoing statement to be true and correct.

On October 18, 2018, Articles of Incorporation were amended to reflect I was the sole member of J-Pad, LLC.  There are no other Members of J-Pad, LLC.  There were two managers with authority to act in my absence only, namely Robert McLelland and/or Ronald Pierpont.

On October 18, 2018, the Articles of Incorporation were filed reflecting I was the sole Member of J-Sandcastle Co. LLC.  There are no other Members of J-Sandcastle Co. LLC.  There were two managers with authority to act in my absence only, namely Robert McLelland and/or Ronald Pierpont.

1

EXHIBIT 3     22

In re:   JAMIE LYNN GALLIAN                                   CASE NO, 8:21-bk-11710-ES

                                                             ADV CASE NO. 8:21-ap-01096


On November 22, 2021, I filed with the California Secretary of State CERTIFICATE OF CANCELLATION for both entities, J-Pad, LLC and J-Sandcastle Co. LLC, respectively.

Due to the Members financial circumstances caused by a physical injury event to the Member, and the afflictions of the Global Pandemic, the single member entities could not conceptually operate as anticipated.  The original purpose of the entity's to acquire and manage company assets.  The company never got off the ground as planned.

The sole Member of J-Pad, LLC and J-Sandcastle Co. LLC  made the decision to file the Certificate of Cancellation on November 22, 2021, before the end of the year to remain in Good Standing with the California Secretary of State.


DATE:  March 15, 2022

                                         JAMIE LYNN GALLIAN, MEMBER J-PAD LLC

                                         JAMIE LYNN GALLIAN, MEMBER, J-SANDCASTLE CO., LLC


2

23

EXHIBIT 4



# California Secretary of State
## Electronic Filing



## LLC Termination – Certificate of Cancellation

| | |
|---|---|
| Entity Name: | J-PAD, LLC. |

| | |
|---|---|
| Entity (File) Number: | 201804010750 |
| File Date: | 11/22/2021 |

Detailed Filing Information

**Dissolution**
The Dissolution was made by a vote of ALL of the members of the California Limited Liability Company.

**Tax Liability Statement**
All final returns required pursuant to the California Revenue and Taxation Code have been or will be filed with the California Franchise Tax Board.

**Cancellation Statement**
Upon the effective date of this Certificate of Cancellation, the Limited Liability Company's registration is cancelled and its powers, rights and privileges will cease in California.

By signing this document, I certify that the information is true and correct and that I am authorized by California law to sign.

**Electronic Signature(s):**

Jamie Gallian

**EXHIBIT 4**

Use bizfile.sos.ca.gov for online filings, searches, business records, and resources.

24

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 1901 Avenue of the Stars, Suite 450, Los Angeles, CA 90067-6006.

A true and correct copy of the foregoing document entitled (*specify*): TRUSTEE'S NOTICE OF OPPOSITION AND OPPOSITION TO DEBTOR'S NOTICE OF HEARING AND MOTION REQUESTING THE TRUSTEE ABANDON ESTATE'S INTEREST IN DEBTOR'S PRIMARY RESIDENCE, SPACE 376 2014 SKYLINE MANUFACTURED HOME LBM1981; MEMORANDUM OF POINTS AND AUTHORITIES AND REQUEST FOR JUDICIAL NOTICE IN SUPPORT THEREOF will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)  February 1, 2023 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

⊠ Service information continued on attached page.

**2.  SERVED BY UNITED STATES MAIL**:  On February 1, 2023, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by causing to be placed a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

⊠ Service information continued on attached page.

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| February 1, 2023 | Beverly Lew | /s/ Beverly Lew |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                    **F 9013-3.1.PROOF.SERVICE**

ADDITIONAL SERVICE INFORMATION (if needed):

**1.  SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**

Bradford Barnhardt on behalf of Interested Party Courtesy NEF
bbarnhardt@marshackhays.com, bbarnhardt@ecf.courtdrive.com,kfrederick@ecf.courtdrive.com

Bradford Barnhardt on behalf of Plaintiff Houser Bros. Co.
bbarnhardt@marshackhays.com, bbarnhardt@ecf.courtdrive.com,kfrederick@ecf.courtdrive.com

Aaron E. DE Leest on behalf of Trustee Jeffrey I Golden (TR)
adeleest@DanningGill.com, danninggill@gmail.com;adeleest@ecf.inforuptcy.com

Robert P Goe on behalf of Creditor The Huntington Beach Gables Homeowners Association
kmurphy@goeforlaw.com, rgoe@goeforlaw.com;goeforecf@gmail.com

Robert P Goe on behalf of Plaintiff The Huntington Beach Gables Homeowners Association
kmurphy@goeforlaw.com, rgoe@goeforlaw.com;goeforecf@gmail.com

Jeffrey I Golden (TR)
lwerner@go2.law, jig@trustesolutions.net;kadele@go2.law

D Edward Hays on behalf of Creditor Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates
ehays@marshackhays.com,
ehays@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@marshackhays.com;cmend
oza@ecf.courtdrive.com

D Edward Hays on behalf of Interested Party Courtesy NEF
ehays@marshackhays.com,
ehays@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@marshackhays.com;cmend
oza@ecf.courtdrive.com

D Edward Hays on behalf of Plaintiff Houser Bros. Co.
ehays@marshackhays.com,
ehays@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@marshackhays.com;cmend
oza@ecf.courtdrive.com

Brandon J Iskander on behalf of Creditor The Huntington Beach Gables Homeowners Association
biskander@goeforlaw.com, kmurphy@goeforlaw.com

Brandon J Iskander on behalf of Plaintiff The Huntington Beach Gables Homeowners Association
biskander@goeforlaw.com, kmurphy@goeforlaw.com

Eric P Israel on behalf of Trustee Jeffrey I Golden (TR)
eisrael@DanningGill.com, danninggill@gmail.com;eisrael@ecf.inforuptcy.com

Laila Masud on behalf of Creditor Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates
lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com

Laila Masud on behalf of Interested Party Courtesy NEF
lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                    **F 9013-3.1.PROOF.SERVICE**

Laila Masud on behalf of Plaintiff Houser Bros. Co.
lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com

Mark A Mellor on behalf of Defendant Randall L Nickel
mail@mellorlawfirm.com, mellormr79158@notify.bestcase.com

Mark A Mellor on behalf of Interested Party Courtesy NEF
mail@mellorlawfirm.com, mellormr79158@notify.bestcase.com

Valerie Smith on behalf of Interested Party Courtesy NEF
claims@recoverycorp.com

United States Trustee (SA)
ustpregion16.sa.ecf@usdoj.gov


## 2. **SERVED BY U.S. MAIL**

Debtor                                          The Honorable Scott C. Clarkson
Jamie Lynn Gallian                              U.S. Bankruptcy Court
16222 Monterey Ln Unit 376                      411 W. Fourth Street, Suite 5130
Huntington Beach, CA 92649                      Santa Ana, CA  92701

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                    **F 9013-3.1.PROOF.SERVICE**