JAMIE LYNN GALLIAN
16222 MONTEREY LANE UNIT 376
HUNTINGTON BEACH, CA 92649
(714)321-3449
JAMIEGALLIAN@GMAIL.COM

DEBTOR, IN PRO PER

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

IN RE:

JAMIE LYNN GALLIAN,
    DEBTOR

CASE NO. 8:21-BK-11710-SC

DECLARATION OF JAMIE LYNN
GALLIAN IN SUPPORT OF OBJECTION
TO THE CONTENTS OF DOC 323,
SPECIFICALLY ITEM NO. 5, PAGE 2,
F 4001-1.RFS.UD.ORDER;
ORDER GRANTING MOTION FOR
RELIEF FROM STAY UNDER 11 U.S.C.
§ 362.

[DOC 323] NOTICE OF LODGMENT
OF ORDER IN BANKRUPTCY CASE RE:
MOTION FOR RELIEF FROM STAY
UNDER 11 U.S.C. SECTION 362

PRE-PETITION FILING ON 1.2.2019,
OCSC 30-2019-01041423,
FORCIBLE ENTRY/DETAINER
COMPLAINT, UNPROSECUTED AS OF
DATE OF DEBTOR'S CHAPTER 7
PETITION FILED JULY 9, 2021.

TO THE HONORABLE SCOTT C. CLARKSON, UNITED STATES BANKRUTCY

JUDGE, CHAPTER 7 BANKRUPTCY TRUSTEE, JEFFREY I. GOLDEN

On February 2, 2023, HOUSER BROS CO dba RANCHO DEL REY

MOBILEHOME ESTATES filed Document No. 323, NOTICE OF LODGMENT

OF ORDER IN BANKRUPTCY CASE RE: MOTION FOR RELIEF FROM STAY

UNDER 11 U.S.C. SECTION 362. Doc 278

On February 2, 2023, the Bankruptcy Court specifically asked Houser Bros Co.

attorney D. Edward Hays of MARSHCK HAYS, the following:

1.   Are the Forcible Entry/Detainer Claims in the ADVERSARY COMPLAINT *:21-ap-

01097, set for Trial on February 23, 2023, in Department 5C, United States Bankruptcy

Court [the same] claims stated in the Forcible Entry/Detainer State Court Case, **filed

1/2/2019**, Case No. 30-2019-01041423.

Attorney D. Edward Hays replied to United States Bankruptcy Judge,

Scott C. Clarkson, **"They are completely different and not the same."**

2.   the Forcible Entry/Detainer State Court Case, **filed 1/2/2019**, Case No. 30-2019-

01041423, remained [unprosecuted] for over 18 months prior the World Global

Pandemic that began in April 2020.

3.   Attorney Hays lied to a United States Bankruptcy Judge.  The claims are identical.

4.   Next the Court asked Attorney D. Edward Hays, if Ms. Gallian would be afforded each

and every right and remedy and [would not]  be waiving any right if the Relief From

Automatic Stay were GRANTED, allowing Houser Bros Co. to continue to prosecute

[after 20 months] an unprosecuted Forcible Entry/Detainer Complaint filed by Houser

Bros Co dba Rancho Del Rey Mobilehome Estates in State Court on 1/2/2019 in the
Superior Court Case No. 30-2019-01041423.

When Ms. Gallian reviewed  DOC 323, Notice of Lodgment of Order in
Bankruptcy Case RE: Relief from Stay specifically **Page 2 Item 5, F 9021-
1.2.BK.NOTICE. LODGEMENT**, Ms. Gallian became very alarmed, SCARED and
panicked for good cause.

**On March 4, 2019,** after Houser Bros Co filed the OCSC Forcible Entry/Detainer
Complaint on January 2, 2019, Houser Bros through their Attorney Vivienne Alston
delivered to the Orange County Sheriff Department a WRIT OF POSSESSION, dated
November 14, 2018, in the name of LISA RYAN, previous homeowner of the 2014
Skyline Manufactured Home purchased by Ms. Gallian on November 1, 2018,
unencumbered, by surrendered Certificate of Title with Releasing Signature of Lisa
Ryan executed on November 1, 2018.

On March 4, 2019, Ms. Gallian and her family members with two animals were forcibly
removed from the her home by 6 Sheriff Deputies.  As the Deputies escorted Ms.
Gallian and her family out of the home, Ms. Gallian witnessed Chris Houser and Craig
Houser, Rancho Del Rey Park Managers, walk a Locksmith inside Ms Gallians home
and changed the locks to every door of the home without her permission or consent.

Ms. Gallian and her family were in a hotel under on March 6, 2019, Ms. Gallian's
Motion To Intervene Case No. 30-2018-01013582 was heard by the Honorble Carmen
Luege.

Houser Bros Co was ORDERED to return possession of the 2014 Skyline
Manufactured Home to Ms. Gallian immediately.

The purpose of this Declaration of Jamie Gallian is to share Ms. Gallian concern of another horrible mistake.

HOUSER BROS are the party that committed the FORCIBLE ENTRY/DETAINER on March 4, 2019 against Ms. Gallian, a bona fide purchaser for value.

The unlawful WRIT OF POSSESSION in the name of LISA RYAN executed against Ms. Gallian, even after Houser Bros filed the 1/2/2019 FORCIBLE ENTRY/DETAINER on January 2, 2019 in the name of the sole defendant Jamie Gallian.

The unconscionable act by an Officer of the Court cannot be condoned.

Ms. Gallian respectfully requests this Honorable Court carefully review the ORDER Lodged on 2/2/2023, by Houser Bros Attorney D. Edward Hays, to make certain, the ORDER executed is exactly what the Bankruptcy Court meant.

I declare under penalty of perjury the foregoing statement is true and correct.

Signed this 7th day of February, 2023 at Huntington Beach, CA.

Respectfully submitted,

*Jamie Lynn Gallian*

Jamie Gallian

EJ-130

| ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NO. 170746 | FOR COURT USE ONLY |
|---|---|---|

NAME: VIVIENNE J ALSTON
FIRM NAME: ALSTON ALSTON & DIEBOLD
STREET ADDRESS: 27201 PUERTA REAL, STE 300
CITY: MISSION VIEJO    STATE: CA    ZIP CODE: 92691
TELEPHONE NO.: 714 556 9400    FAX NO: 714 556 9500
E-MAIL ADDRESS: valston@aadlawyers.com
ATTORNEY FOR (name): HOUSER BROS. CO.
[X] ORIGINAL JUDGMENT CREDITOR    [ ] ASSIGNEE OF RECORD

Pursuant to California Government Code § 68150(I), the Clerk of the Court hereby certifies this document accurately reflects the official court record. The electronic signature and seal on this document have the same validity and legal force and effect as an original Clerk's signature and court seal. California Government Code § 68150(g).

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE
STREET ADDRESS: 700 CIVIC CENTER DRIVE WEST
MAILING ADDRESS:
CITY AND ZIP CODE: SANTA ANA CA 92701
BRANCH NAME: CENTRAL JUSTICE CENTER

Plaintiff: HOUSER BROS. CO.
Defendant: LISA RYAN

CASE NUMBER: 30 2018 01013582 CLUDCJC

| WRIT OF | [ ] EXECUTION (Money Judgment) | [X] Limited Civil Case (Including Small Claims) |
|---|---|---|
| | [X] POSSESSION OF    [ ] Personal Property | [ ] Unlimited Civil Case (Including Family and Probate) |
| | [ ] SALE    [X] Real Property | |

1. To the Sheriff or Marshal of the County of: ORANGE COUNTY
   You are directed to enforce the judgment described below with daily interest and your costs as provided by law.
2. To any registered process server: You are authorized to serve this writ only in accordance with CCP 699.080 or CCP 715.040.
3. (Name): HOUSER BROS. CO., a California general partnership dba RANCHO DEL REY MOBILE HOME ESTATES
   is the [X] original judgment creditor    [ ] assignee of record    whose address is shown on this form above the court's name.
4. Judgment debtor (name, type of legal entity if not a natural person, and last known address):

   LISA RYAN
   16222 Monterey Lane, Space 376
   Huntington Beach, California 92649

   [ ] Additional judgment debtors on next page

5. Judgment entered on (date):
   10- 18 -2018 M
6. [ ] Judgment renewed on (dates):

7. Notice of sale under this writ
   a. [X] has not been requested.
   b. [ ] has been requested (see next page).
8. [ ] Joint debtor information on next page.

[SEAL]

9. [X] See next page for information on real or personal property to be delivered under a writ of possession or sold under a writ of sale.
10. [ ] This writ is issued on a sister-state judgment.
   For items 11-17, see form MC-012 and form MC-013-INFO
11. Total judgment (as entered or renewed) $
12. Costs after judgment (CCP 685.090) $
13. Subtotal (add 11 and 12) $
14. Credits to principal (after credit to interest) $
15. Principal remaining due (subtract 14 from 13) $
16. Accrued interest remaining due per CCP 685.050(b) (not on GC 6103.5 fees) $
17. Fee for issuance of writ $25.00
18. Total (add 15, 16, and 17) $25.00
19. Levying officer:
   a. Add daily interest from date of writ (at the legal rate on 15) (not on GC 6103.5 fees) . . . . . . . . . . . . . $
   b. Pay directly to court costs included in 11 and 17 (GC 6103.5, 68637; CCP 699.520(I)) . . . . . . . . . . $
20. [ ] The amounts called for in items 11-19 are different for each debtor. These amounts are stated for each debtor on Attachment 20.

David H. Yamasaki, Clerk of the Court
Issued on (date): 11/14/2018    Clerk, by _____, Deputy

NOTICE TO PERSON SERVED: SEE PAGE 3 FOR IMPORTANT INFORMATION.

Form Approved for Optional Use
Judicial Council of California
EJ-130 [Rev. January 1, 2016]

WRIT OF EXECUTION

Code of Civil Procedure, §§ 699.520, 712.010, 715.010
Government Code, § 6103.5
www.courts.ca.gov

Page 1 of 3

**EJ-130**

| Plaintiff: HOUSER BROS. CO. | CASE NUMBER: |
|---|---|
| Defendant: LISA RYAN | 30 2018 01013582 CLUDCJC |

21. ☐ Additional judgment debtor (name, type of legal entity
if not a natural person, and last known address):

22. ☐ Notice of sale has been requested by (name and address):

23. ☐ Joint debtor was declared bound by the judgment (CCP 989–994)
   a.  on (date):            a.  on (date):
   b.  name, type of legal entity if not a natural person, and      b.  name, type of legal entity if not a natural person, and
      last known address of joint debtor:             last known address of joint debtor:

   c.  ☐  Additional costs against certain joint debtors are itemized:   ☐ Below  ☐ On Attachment 23c

24. ☒ (Writ of Possession or Writ of Sale) Judgment was entered for the following:
   a. ☒  Possession of real property: The complaint was filed on (date): 8-21-2018
        (Check (1) or (2). Check (3) if applicable. Complete (4) if (2) or (3) have been checked.)

      (1) ☒  The Prejudgment Claim of Right to Possession was served in compliance with CCP 415.46. The judgment includes
            all tenants, subtenants, named claimants, and other occupants of the premises.

      (2) ☐  The Prejudgment Claim of Right to Possession was NOT served in compliance with CCP 415.46.

      (3) ☐  The unlawful detainer resulted from a foreclosure sale of a rental housing unit. (An occupant not named in the
            judgment may file a Claim of Right to Possession at any time up to and including the time the levying officer returns
            to effect eviction, regardless of whether a Prejudgment Claim of Right to Possession was served.) (See CCP 415.46
            and 1174.3(a)(2).)

      (4)  If the unlawful detainer resulted from a foreclosure (item 24a(3)), or if the Prejudgment Claim of Right to Possession was
          not served in compliance with CCP 415.46 (item 24a(2)), answer the following:

         (a)  The daily rental value on the date the complaint was filed was  $36.20
         (b)  The court will hear objections to enforcement of the judgment under CCP 1174.3 on the following dates (specify):

   b. ☐  Possession of personal property.
         ☐ If delivery cannot be had, then for the value (itemize in 24e) specified in the judgment or supplemental order.
   c. ☐  Sale of personal property.
   d. ☐  Sale of real property.
   e.  The property is described: ☒ Below  ☐ On Attachment 24e

      16222 Monterey Lane, Space 376, Huntington Beach, California 92649

EJ-130 [Rev. January 1, 2016]           **WRIT OF EXECUTION**           Page 3 of 3

EJ-130

| Plaintiff: HOUSER BROS. CO.<br>Defendant: LISA RYAN | CASE NUMBER:<br>30 2018 01013582 CLUDCJC |
|---|---|

## NOTICE TO PERSON SERVED

**WRIT OF EXECUTION OR SALE.** Your rights and duties are indicated on the accompanying *Notice of Levy* (form EJ-150).

**WRIT OF POSSESSION OF PERSONAL PROPERTY.** If the levying officer is not able to take custody of the property, the levying officer will demand that you turn over the property. If custody is not obtained following demand, the judgment may be enforced as a money judgment for the value of the property specified in the judgment or in a supplemental order.

**WRIT OF POSSESSION OF REAL PROPERTY.** If the premises are not vacated within five days after the date of service on the occupant or, if service is by posting, within five days after service on you, the levying officer will remove the occupants from the real property and place the judgment creditor in possession of the property. Except for a mobile home, personal property remaining on the premises will be sold or otherwise disposed of in accordance with CCP 1174 unless you or the owner of the property pays the judgment creditor the reasonable cost of storage and takes possession of the personal property not later than 15 days after the time the judgment creditor takes possession of the premises.

**EXCEPTION IF RENTAL HOUSING UNIT WAS FORECLOSED.** If the residential property that you are renting was sold in a foreclosure, you have additional time before you must vacate the premises. If you have a lease for a fixed term, such as for a year, you may remain in the property until the term is up. If you have a periodic lease or tenancy, such as from month-to-month, you may remain in the property for 90 days after receiving a notice to quit. A blank form *Claim of Right to Possession and Notice of Hearing* (form CP10) accompanies this writ. You may claim your right to remain on the property by filling it out and giving it to the sheriff or levying officer.

**EXCEPTION IF YOU WERE NOT SERVED WITH A FORM CALLED PREJUDGMENT CLAIM OF RIGHT TO POSSESSION.** If you were not named in the judgment for possession and you occupied the premises on the date on which the unlawful detainer case was filed, you may object to the enforcement of the judgment against you. You must complete the form *Claim of Right to Possession and Notice of Hearing* (form CP10) and give it to the sheriff or levying officer. A blank form accompanies this writ. You have this right whether or not the property you are renting was sold in a foreclosure.

EJ-130 [Rev. January 1, 2016]                              **WRIT OF EXECUTION**                              Page 3 of 3

232

| TO (Name and Address): Lisa Ryan<br><br>**16222 Monterey Lane Space 376**<br>**Huntington Beach, CA 92649** | LEVYING OFFICER (Name and Address): **Orange County Sheriff's Office**<br>**Sheriff's Civil Division**<br>**Suite 2**<br>**909 N. Main Street**<br>**Santa Ana, CA 92701** |
|---|---|
| NAME OF COURT, JUDICIAL DISTRICT or BRANCH COURT, IF ANY: **Orange County Superior Court**<br>**700 Civic Center Drive West**<br>**Santa Ana, CA 92701**<br>**Central Justice Center** | **(714) 569-3700**<br>Fax: **(714) 569-2368**<br><br>California Relay Service Number **(800) 735-2929 TDD or 711** |
| PLAINTIFF: **Houser Bros Co**<br>DEFENDANT: **Lisa Ryan** | COURT CASE NO.: **30 2018 01013582 CLUDCJC** |
| **Notice to Vacate** | LEVYING OFFICER FILE NO.: **2018517508** |

By virtue of the Writ of Execution for Possession/Real Property (eviction), issued out of the above court, you are hereby ordered to vacate the premises described on the writ.

| **Eviction Address:** | **16222 Monterey Lane Space 376**<br>**Huntington Beach, CA 92649** |
|---|---|

Final notice is hereby given that possession of the property must be turned over to the landlord on or before:

| **Final notice is hereby given that possession of the property must be turned over to the landlord on or before:** | **Monday, December 03, 2018 6:01 AM** |
|---|---|

Should you fail to vacate the premises within the allotted time, I will immediately enforce the writ by removing you from the premises. All personal property upon the premises at the time will be turned over to the landlord, who must return said personal property to you upon your payment of the reasonable cost incurred by the landlord in storing the property from the date of eviction to the date of payment. If the property is stored on the landlord's premises, the reasonable cost of storage is the fair rental value of the space necessary for the time of storage. If you do not pay the reasonable storage costs and take possession within fifteen (15) days, the landlord may either sell your property at a public sale and keep from the proceeds of the sale the costs of storage and of the sale (1988 CCC), or, if the property is valued at less than $700.00, the landlord may dispose of your property or retain it for his own use. (715.010(b)(3), 1174 CCP)

If you claim a right of possession of the premises that accrued prior to the commencement of this action, or if you were in possession of the premises on the date of the filing of the action and you are not named on the writ, complete and file the attached Claim of Right of Possession form with this office. No claim of right to possession can be filed if box 24a(1) located on the back of the writ is checked.



Sandra Hutchens
Sheriff-Coroner

By: _____
Sheriff's Authorized Agent

CPM Form 8.32
11/30/2009 (Revised)

Original

| TO (Name and Address):<br>Lisa Ryan<br><br>16222 Monterey Lane Space 376<br>Huntington Beach, CA 92649 | LEVYING OFFICER (Name and Address):<br>**Orange County Sheriff's Office<br>Sheriff's Civil Division<br>Suite 2<br>909 N. Main Street<br>Santa Ana, CA 92701** |
|---|---|
| NAME OF COURT, JUDICIAL DISTRICT or BRANCH COURT, IF ANY:<br>**Orange County Superior Court<br>700 Civic Center Drive West<br>Santa Ana, CA 92701<br>Central Justice Center** | **(714) 569-3700**<br>Fax: (714) 569-2368<br><br>**California Relay Service Number**<br>(800) 735-2929 TDD or 711 |
| PLAINTIFF:<br>Houser Bros Co<br>DEFENDANT:<br>Lisa Ryan | COURT CASE NO.:<br><br>**30 2018 01013582 CLUDCJC** |
| **Notice to Vacate** | LEVYING OFFICER FILE NO.:<br><br>**2018517508** |

By virtue of the Writ of Execution for Possession/Real Property (eviction), issued out of the above court, you are hereby ordered to vacate the premises described on the writ.

| **Eviction Address:** | **16222 Monterey Lane Space 376<br>Huntington Beach, CA 92649** |
|---|---|

Final notice is hereby given that possession of the property must be turned over to the landlord on or before:

| **Final notice is hereby given that possession of the property must be turned over to the landlord on or before:** | **Sunday, January 20, 2019 6:01 AM** |
|---|---|

Should you fail to vacate the premises within the allotted time, I will immediately enforce the writ by removing you from the premises. All personal property upon the premises at the time will be turned over to the landlord, who must return said personal property to you upon your payment of the reasonable cost incurred by the landlord in storing the property from the date of eviction to the date of payment. If the property is stored on the landlord's premises, the reasonable cost of storage is the fair rental value of the space necessary for the time of storage. If you do not pay the reasonable storage costs and take possession within fifteen (15) days, the landlord may either sell your property at a public sale and keep from the proceeds of the sale the costs of storage and of the sale (1988 CCC), or, if the property is valued at less than $700.00, the landlord may dispose of your property or retain it for his own use. (715.010(b)(3), 1174 CCP)

If you claim a right of possession of the premises that accrued prior to the commencement of this action, or if you were in possession of the premises on the date of the filing of the action and you are not named on the writ, complete and file the attached Claim of Right of Possession form with this office. No claim of right to possession can be filed if box 24a(1) located on the back of the writ is checked.



**Don Barnes<br>Sheriff-Coroner**

By: *Renee #6446*
Sheriff's Authorized Agent

CPM Form 8.32<br>11/30/2009 (Revised)

**Original**

241

| TO (Name and Address):<br>Lisa Ryan<br><br>16222 Monterey Lane Space 376<br>Huntington Beach, CA 92649 | LEVYING OFFICER (Name and Address):<br>Orange County Sheriff's Office<br>Sheriff's Civil Division<br>Suite 2<br>909 N. Main Street<br>Santa Ana, CA 92701 |
|---|---|
| NAME OF COURT, JUDICIAL DISTRICT or BRANCH COURT, IF ANY:<br>Orange County Superior Court<br>700 Civic Center Drive West<br>Santa Ana, CA 92701<br>Central Justice Center | (714) 569-3700<br>Fax: (714) 569-2368<br><br>California Relay Service Number<br>(800) 735-2929 TDD or 711 |
| PLAINTIFF:<br>Houser Bros Co<br>DEFENDANT:<br>Lisa Ryan | COURT CASE NO.:<br>30 2018 01013582 CLUDCJC |
| **Eviction Restoration Notice** | LEVYING OFFICER FILE NO.:<br>2018517508 |

To: Evicted Tenants, Property Owners, Their Agents and The Local Police:

By virtue of a Writ of Execution for Possession of Real Property, the following property was restored to the landlord on:

| Eviction Date: | 3/04/19    12:30 PM |
|---|---|
| Eviction Address: | 16222 Monterey Lane Space 376<br>Huntington Beach, CA 92649 |

Pursuant to Penal Code Sections 419 and 602, and judgment debtor, any persons removed by the Sheriff or Marshal, or any person not authorized by the landlord, who enters the real property after eviction, may be subject to arrest.

Pursuant to California Civil Procedure sections 715.010(b)(3) and 715.030, all personal property left on the premises has been turned over to the landlord. The landlord is responsible for the safe keeping of tenant's property for fifteen (15) days from the date of eviction. The landlord may charge a reasonable fee for removal and storage of the property. However, upon demand of the tenant, the landlord must return the tenant's property if the tenant pays all costs incurred by the property owner for storage and maintenance. If the costs are not paid by the tenant and the tenant does not take possession of the property left behind before the end of the fifteen (15) day period, the landlord may either sell the property at public sale and keep from the proceeds of the sale the costs of storage and of the sale (1988 CCC). If the property is valued at less than $700.00, the landlord may dispose of the property or retain it for his own use. (1174 CCP)

Date: 3/14/19



Don Barnes
Sheriff-Coroner

By: _____ 6252 _____
Sheriff's Authorized Agent

CPM Form 8.33
12/19/2012 (Revised)

543455

285

**SUPERIOR COURT OF CALIFORNIA,
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER**

**MINUTE ORDER**

DATE: 03/06/2019               TIME: 08:30:00 AM        DEPT:  C61

COMMISSIONER: Carmen Luege
CLERK:  Ryan Castillo
REPORTER/ERM:
BAILIFF/COURT ATTENDANT:  C. Gonzalez

CASE NO: **30-2018-01013582-CL-UD-CJC**  CASE INIT.DATE: 08/21/2018
CASE TITLE: **Houser Bros. Co. vs. Ryan**
CASE CATEGORY: Civil - Limited          CASE TYPE: Unlawful Detainer - Residential

EVENT ID/DOCUMENT ID: 72999194
**EVENT TYPE**: Ex Parte
MOVING PARTY: Jamie L Gallan
CAUSAL DOCUMENT/DATE FILED: Ex Parte Application - Other, 03/05/2019

EVENT ID/DOCUMENT ID: 72999195
**EVENT TYPE**: Ex Parte
MOVING PARTY: Jamie L Gallan
CAUSAL DOCUMENT/DATE FILED: Ex Parte Application - Other, 03/05/2019

**APPEARANCES**
Vivienne J. Alston, from Alston, Alston & Diebold Attorneys at Law, present for Plaintiff(s).
Jamie L Gallan, self represented Interested Party, present.

Proceedings recorded electronically.

Ex-Parte application for reconsideration to intervene and TRO to stay writ of possession is requested by
Jaime Gallion.

Ex-parte Application is read and considered.

The Court having fully considered the arguments of all parties, both written and oral, as well as the
evidence presented, now rules as follows:

The motion for reconsideration to intervene and TRO to stay writ of possession is GRANTED .

The Court allows Gallian to intervene as to the writ of possession execution in this case. The Court finds
there was improper execution as the judgment was against Lisa Ryan and all unknown occupants. On
1/2/2019, Plaintiff filed an unlawful detainer for the premises address in this matter against Jamie
Gallian. The Court finds on these facts, Jamie Gallian is NOT an unknown occupant.

The Court orders Plaintiff to place Jamie Gallian back in possession by 5:00 PM today.



DATE: 03/06/2019                    MINUTE ORDER                          Page 1
DEPT:  C61                                                          Calendar No.

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF ORANGE

DEPARTMENT C61

|  |  |  |
|---|---|---|
| HOUSER BROS COMPANY | ) | |
| PLAINTIFF, | ) | |
| V. | ) | NO. 30-2018-01013582 |
| LISA RYAN, AN INDIVIDUAL, | ) | |
| DEFENDANT. | ) | |

HONORABLE CARMEN R. LUEGE, JUDGE PRESIDING

REPORTER'S TRANSCRIPT

MARCH 6, 2019

APPEARANCES OF COUNSEL:

FOR PLAINTIFF:      ALSTON, ALSTON & DIEBOLD
                    BY:  VIVIENNE J. ALSTON, ESQ.

FOR DEFENDANT:      *(NO APPEARANCE.)

FOR INTERESTED PARTY:   JAMIE LYNN GALLIAN,
                        IN PROPRIA PERSONA

PATRICK R. BREZNA, CSR #5288
CERTIFIED REALTIME REPORTER,
REGISTERED PROFESSIONAL REPORTER

287

2

1      SANTA ANA, CALIFORNIA - WEDNESDAY, MARCH 6, 2019

2              (MORNING SESSION)

3           (THE FOLLOWING PROCEEDINGS WERE HAD IN

4      OPEN COURT AND ARE BASED ON AN AUDIO

5      RECORDING:)

6      **THE COURT:** JAMIE GALLIAN.

7      **MS. ALSTON:** GOOD MORNING.

8           VIVIENNE ALSTON APPEARING ON BEHALF OF THE

9      PLAINTIFFS, HOUSER BROTHERS.  I HAVE WITH ME KATHERINE

10     CURTISS, A MEMBER OF HOUSER BROTHERS.

11     **THE COURT:** ALL RIGHT.  THIS CASE IS ELECTRONICALLY

12     RECORDED AND CREATES AN OFFICIAL RECORD OF THE

13     PROCEEDINGS.

14           WHO'S HERE FOR THE PLAINTIFFS?

15     **MS. ALSTON:** VIVIENNE ALSTON APPEARING ON BEHALF OF

16     THE PLAINTIFFS, HOUSER BROTHERS.

17     **THE COURT:** GO AHEAD AND STATE YOUR APPEARANCE.

18     **JAMIE LYNN GALLIAN:** GOOD MORNING, YOUR HONOR.

19           JAMIE GALLIAN.

20     **THE COURT:** ALL RIGHT.  SO DO WE HAVE A TRIAL DATE ON

21     THIS CASE, THE UNLAWFUL DETAINER THAT IS PENDING AGAINST

22     MS. GALLIAN?

23     **MS. ALSTON:** NO, YOUR HONOR, WE DON'T HAVE A TRIAL

24     DATE.

25     **JAMIE LYNN GALLIAN:** NO.

26     **THE COURT:** EXCUSE ME.

3

1       MS. ALSTON:  NO, YOUR HONOR, WE DO NOT HAVE A TRIAL

2  DATE.

3       THE COURT:  WHY NOT?

4       MS. ALSTON:  BECAUSE SHE ANSWERED WITHIN THE LAST, I

5  THINK, NINE DAYS.  WE STILL HAVE DISCOVERY TO GO THROUGH

6  BEFORE A TRIAL DATE IS SET.

7       THE COURT:  SO HERE'S MY PROBLEM.  I HAVE A TENTATIVE

8  ALREADY IN MIND.  AND MY TENTATIVE IS THAT I'M GOING TO

9  STAY EXECUTION OF ANY WRIT IN THIS CASE, IN THIS CASE

10  WHICH IS AGAINST MS. RYAN, NOT AGAINST MS. GALLIAN, THIS

11  DEFENDANT.  AND I'M GOING TO ALLOW YOU, BECAUSE I KNOW

12  YOU HAVE A PENDING CASE AGAINST MS. GALLIAN FOR UNLAWFUL

13  DETAINER, TO LITIGATE THAT IN C66.

14       AND THE REASON I SAY THAT, THE WRIT IN THIS

15  CASE WAS AGAINST LISA RYAN.  THE WAY THAT -- THAT SHE --

16  THAT MS. GALLIAN GETS INVOLVED IN THIS SITUATION IS THAT,

17  BETWEEN THE PERIOD THAT THE COURT ISSUES JUDGMENT AGAINST

18  RYAN, RYAN SELLS THE PROPERTY TO GALLIAN, OKAY.

19       NOW, ONE OF THE THINGS THAT I THINK IS

20  ENCOURAGED IN CASES INVOLVING MOBILE HOMES IS THAT WHEN

21  THE PERSON WHO OWNS THE MOBILE HOME IS OUSTED FROM THERE,

22  OF THE PARK, IS USUALLY BECAUSE THEY'RE BEHIND IN RENT

23  PAYMENTS ON THE SPACE, OR SOMETIMES FOR OTHER CAUSES

24  BECAUSE YOU HAVE TO HAVE CAUSE FOR A MOBILE HOME REMOVAL.

25  IT'S THE SPACE THAT IS AT ISSUE, NOT THE MOBILE HOME

26  ITSELF.  BUT THE MOBILE HOME OFTENTIMES CANNOT BE MOVED,

1   EITHER BECAUSE OF THE EXPENSE PROHIBITS IT, OR BECAUSE

2   MAYBE THE MOBILE HOME PARK DO NOT ACCEPT OLDER MOBILE

3   HOMES.  I HAVE HAD EXPERTS IN HERE TESTIFY COST CAN BE IN

4   EXCESS OF $10,000.

5          AND SO, UH, THE REALITY BECOMES THAT WHAT

6   HAPPENS WHEN YOU SAY, OKAY, THE PLAINTIFF IS ENTITLED TO

7   THE SPACE IN THERE, THE MOBILE HOME CANNOT BE MOVED.  AND

8   USUALLY WHAT HAPPENS, OFTEN HAPPENS, IS THAT THE MOBILE

9   HOME PARK, THEY MOVE THE PERSON OUT AND THEY SELL THE

10  PROPERTY THEMSELVES.  THAT'S ONE OPTION.  THE OTHER

11  OPTION IS GIVING ENOUGH TIME FOR THE OWNER OF THE MOBILE

12  HOME TO SELL.

13         NOW, IN THIS PARTICULAR INSTANCE, WE HAVE AN

14  INTERESTING SITUATION WHICH, BY THE WAY, I HAVEN'T SEEN

15  IT IN THE EIGHT YEARS I'VE BEEN SITTING HERE, WHERE THE

16  ACTUAL MOBILE HOME IS SOLD, PRESUMABLY, IN THE TIME

17  PERIOD THAT IS BETWEEN THE JUDGMENT AND THE EXECUTION OF

18  THE WRIT, WHICH REALLY IS WHAT THE WHOLE FRAMEWORK OF

19  THIS ENCOURAGES; THAT THE HOMEOWNER, THE PRIOR, MS. RYAN,

20  WILL FIND A BUYER AND SELL IT.  AND THAT'S EXACTLY WHAT

21  HAPPENED.  THAT'S HOW GALLIAN CAME INTO POSSESSION.

22         NOW, I KNOW THAT SHE MADE A MOTION TO INTERVENE

23  BEFORE IT CAME TO THIS DIRE SITUATION WE HAVE NOW.  AND

24  AT THE TIME, I DIDN'T WANT HER TO BE INTERVENING BECAUSE

25  THIS CASE HAS REALLY NOTHING TO DO WITH HER, AS FAR AS I

26  CAN TELL.  MY THOUGHT WAS THAT ONCE SHE BOUGHT THE

1   PROPERTY, THAT THERE WILL BE A PROCESS.  BECAUSE I KNOW

2   THAT PEOPLE ARE ENTITLED TO DUE PROCESS IN THE MOBILE

3   HOME CONTEXT; OTHERWISE, THERE WOULD BE AN ASSESSMENT

4   MADE WHETHER OR NOT SHE'S A GOOD CANDIDATE TO BECOME A

5   MEMBER OF THE PARK.

6        AND THAT'S WHERE MY WHOLE THOUGHT IS AT; THAT

7   AT THE TIME OF THE SITUATION, I DIDN'T THINK -- AND I

8   THINK I MAY HAVE TOLD HER -- I DIDN'T EXPECT THAT THE

9   WRIT THAT I HAD ISSUED IN THIS CASE WOULD BE USED AGAINST

10  ANY OWNER OF THE MOBILE HOME BECAUSE I THOUGHT THAT THERE

11  WOULD BE A PROCESS BY WHICH THE MOBILE HOME PARK WOULD

12  MAKE A DETERMINATION OF WHETHER OR NOT SHE SATISFIES THE

13  REQUIREMENTS THEY HAVE TO BECOME A PARK MEMBER.

14       I GATHERED THAT NOW, FOR WHATEVER REASONS, THE

15  PARK HAS DECIDED THAT SHE'S NOT A GOOD TENANT THERE.

16  THEY DON'T WANT HER AS A TENANT, SO THEY'RE NOT WILLING

17  TO APPROVE.  SO NOW WE HAVE A SITUATION WHERE MS. GALLIAN

18  OWNS THE MOBILE HOME, BUT THE PARK IS NOT GIVING HER

19  AUTHORIZATION TO STAY IN THIS SPACE BECAUSE SHE'S NOT A

20  TENANT THAT THEY WANT TO HAVE THERE.  THAT'S WHAT I THINK

21  IS HAPPENING HERE.

22       AND I'M OKAY WITH THAT, BUT I'M NOT GOING TO

23  LITIGATE THAT ISSUE HERE.  SO I'M STILL ALLOWING HER TO

24  INTERVENE BECAUSE I DON'T THINK IT SHOULD BE LITIGATED

25  HERE.  THE ISSUE OF WHETHER OR NOT GALLIAN HAS THE RIGHT

26  TO POSSESSION NEEDS TO BE DETERMINED IN THE CASE THAT IS

1   PENDING IN C66.

2   AND PERHAPS ONE OF THE ISSUES THAT WILL BE

3   LITIGATED THERE IS THE QUESTION OF, ONE, DID SHE ACTUALLY

4   BUY THE PROPERTY; DID SHE BECOME THE OWNER OF THE MOBILE

5   HOME.  AND THE SECOND ISSUE IS, MY THOUGHT IS, UNDER THE

6   MOBILE HOME LAW, YOU KNOW, YOU HAVE TO HAVE GOOD CAUSE TO

7   REJECT A TENANT.  YOU CANNOT JUST WILLY-NILLY START

8   REJECTING PEOPLE.  SO I THINK THAT THERE ARE REGULATIONS

9   AND RULES THAT COME INTO PLAY.  AND IT COULD BE LITIGATED

10  IN THE OTHER CASE AGAINST MS. GALLIAN WHETHER THE PARK

11  FOLLOWED CORRECT PROCEDURE, WHETHER, YOU KNOW -- I DON'T

12  KNOW.  IT'S OPEN TO LITIGATION, I THINK.

13  SO FOR ALL THOSE REASONS, I THINK IT WOULD BE

14  PREMATURE AT THIS MOMENT TO SAY MS. GALLIAN NEEDS TO BE

15  EVICTED ON THE WRIT ISSUED IN THIS CASE BECAUSE WE

16  ALREADY KNOW THAT, IN SHORT NOTICE, YOU'RE GOING TO HAVE

17  A TRIAL IN HER CASE.  AND I THINK THAT JUDGE HONER WAS

18  RIGHT WHEN SHE SAID THAT SHE COULD STOP EXECUTION OF THE

19  WRIT I ISSUED, BECAUSE I ISSUED IT IN THIS MATTER.

20  BUT I HAVE THE DISCRETION, ON THESE FACTS, I

21  THINK, TO STAY EXECUTION OF THIS WRIT AGAINST MS. GALLIAN

22  AS AN UNKNOWN OCCUPANT, WHICH IS THE ONLY WAY YOU GUYS

23  CAN GET HER OUT BECAUSE SHE IS NOT A NAMED DEFENDANT.

24  BUT EVEN AS AN UNKNOWN OCCUPANT, I HAVE THE DISCRETION TO

25  STOP THAT AND GIVE HER THE OPPORTUNITY TO GIVE HER THE

26  TRIAL THAT SHE'S ENTITLED TO HAVE.

7

1      THOSE ARE MY THOUGHTS.  THAT'S MY TENTATIVE.

2      **MS. ALSTON:**  YOUR HONOR, FIRST OF ALL, I WANT TO MAKE

3  SURE THE COURT IS AWARE THAT THE WRIT HAS BEEN EXECUTED.

4      **THE COURT:**  NO.  I KNOW.

5      **MS. ALSTON:**  OKAY.

6      **THE COURT:**  I'M AWARE.  BUT I'M GOING TO PUT IT BACK,

7  WHICH IS RARE, BUT...

8      **MS. ALSTON:**  AND I DON'T THINK --

9      **THE COURT:**  IT'S A RARE CASE IN MANY WAYS, BECAUSE I

10  DON'T UNDERSTAND --

11     **MS. ALSTON:**  BUT --

12     **THE COURT:**  CAN I SAY WHAT I DON'T UNDERSTAND?

13         IF YOU HAVE A CASE AGAINST MS. RYAN, AND YOU

14  KNOW THAT RYAN SOLD THE PROPERTY TO GALLIAN, I DON'T

15  UNDERSTAND WHY YOU'RE TRYING TO EXECUTE THIS WRIT THAT'S

16  ISSUED IN THIS CASE.  AND THE PROBLEM IS THAT YOU DON'T

17  THINK THAT GALLIAN QUALIFIES, THEN I THINK IT'S --

18     **MS. ALSTON:**  WE DON'T BELIEVE THAT SHE QUALIFIES,

19  YOUR HONOR --

20     **THE COURT:**  I UNDERSTAND.  BUT --

21     **MS. ALSTON:**  -- AND WE WILL FIGHT THAT OUT AS TO

22  POSSESSION OF THE PROPERTY BY THE OCCUPATION OF

23  THE MOBILE HOME.  HOWEVER, WE EXECUTED THE WRIT AGAINST

24  MS. GALLIAN AS AN UNKNOWN OCCUPANT.  THIS COURT ALLOWED

25  IT.

26     **THE COURT:**  NO, NO.  THIS COURT -- NO, NO, I DID NOT

293

8

```
1    I ALLOW IT.  WHAT IT WAS IS, SHE COULDN'T INTERVENE WHEN
2    I THOUGHT THERE WOULD BE A PROCESS.  I -- I -- I DID NOT
3    EXPECT -- PART OF THE PROBLEM IS THAT EVEN AT THE TIME
4    THAT YOU EXECUTED IT, BECAUSE IT WAS AFTER THE HEARING,
5    SHE'S NOT EVEN AN UNKNOWN OCCUPANT AT THE TIME.  SHE IS A
6    KNOWN OCCUPANT.  IN FACT, YOU WENT AND FILED THE OTHER
7    CASE.
8              SO THAT'S WHY I DON'T THINK THAT THE SHERIFF
9    CAN EXECUTE AN UNKNOWN OCCUPANT WRIT IN THIS CASE AGAINST
10   WHAT NOW IS A KNOWN OCCUPANT.  AND AT THE TIME OF THE
11   EXECUTION OF THE WRIT, SHE IS A KNOWN OCCUPANT, NOT AN
12   UNKNOWN ONE.  AND YOU ALREADY HAVE ACKNOWLEDGED THAT
13   BECAUSE YOU HAVE FILED THE CASE AGAINST HER AS A KNOWN
14   OCCUPANT IN THE U.D. YOU FILED AGAINST MS. GALLIAN.
15       MS. ALSTON:  I BELIEVE THAT SHE IS AN OWNER OCCUPANT,
16   YOUR HONOR.  I MEAN, WE HAD -- BUT SHE HAS OBTAINED
17   POSSESSION OF THE PROPERTY THROUGH MS. RYAN, PLACED HER
18   IN POSSESSION OF THE HOME, AND --
19       THE COURT:  WHO SOLD THE HOME TO HER?
20       MS. ALSTON:  BUT THE SALE OF THE HOME DOES NOT GIVE
21   HER ANY POSSESSORY RIGHTS OF THE LAND.
22       THE COURT:  NO, NOT OF THE LAND.  BUT THAT'S WHY I
23   MADE THE PREMISE I MADE, BECAUSE IN THE CONTEXT OF MOBILE
24   HOME LAW, ONCE THE PERSON'S GOING TO BUY THE PROPERTY,
25   THERE'S A PROCESS THAT SHE HAS TO BE AN ACCEPTABLE
26   TENANT.  I UNDERSTAND THAT.  AND I SAID TO THE TENANT, "I
```

294

1   UNDERSTAND THAT."  THAT HAS TO BE LITIGATED IN THIS

2   PARTICULAR CASE.

3            BECAUSE, THINK ABOUT IT.  I DON'T KNOW HOW MANY

4   TIMES I DO MOBILE HOME UNLAWFUL DETAINER CASES WHERE WHAT

5   I'M ENCOURAGING THE DEFENDANT TO DO IS TO ACTUALLY DO

6   WHAT THE DEFENDANT DID HERE.  BECAUSE THAT'S THE WHOLE

7   GOAL.  I THINK YOU SELL IT, AND PART OF THE MONEY IS USED

8   TO COVER WHATEVER IS OWED, AND THEN THE OTHER NEW PERSON

9   BECOMES THE NEW TENANT IN THE PARK.  I MEAN, THAT'S THE

10  IDEAL SITUATION.  I DON'T KNOW WHY YOU'RE DOING THAT

11  HERE, BUT I DON'T WANT TO LITIGATE THAT HERE.

12       MS. ALSTON:  WELL, IT DIDN'T WORK HERE BECAUSE --

13  WELL, IT DIDN'T WORK HERE, YOUR HONOR, BECAUSE THEY

14  DIDN'T FOLLOW THE STIPULATED JUDGMENT.  THE STIPULATED

15  JUDGMENT HAD A LIST OF THINGS -- OF TERMS THAT THEY WERE

16  PROVISIONS THEY WERE SUPPOSED TO FOLLOW IN THE SALE, AND

17  THEY COMPLETELY BREACHED THOSE.

18       THE COURT:  "THEY" WHO; MS. RYAN?

19       MS. ALSTON:  MS. RYAN AND MS. GALLIAN.

20       THE COURT:  WELL, MS. GALLIAN IS NOT A PARTY TO THAT

21  AGREEMENT.

22       MS. ALSTON:  BUT SHE WAS BUYING IT FROM MS. RYAN.

23       THE COURT:  I KNOW.  BUT --

24       MS. ALSTON:  AND GOES FOR --

25       THE COURT:  BUT SHE -- NO.  BUT SHE'S NOT AN OWNER

26  OCCUPANT.

10

1    **MS. ALSTON:** I THINK THAT SHE IS, YOUR HONOR. AND I

2    THINK PRACTICALLY -- I MEAN, I'VE NOT BRIEFED IT, AND I

3    DON'T HAVE CASES AND STATUTES THAT I CAN POINT TO IN THIS

4    ISSUE BEFORE THE COURT --

5    **THE COURT:** WHAT ISSUES?

6    **MS. ALSTON:** THE ISSUE OF OWNER OCCUPANCY.

7    **THE COURT:** WELL, IF THE ISSUE OF UNKNOWN OCCUPANT IS

8    NOT BEFORE THE COURT, I DON'T UNDERSTAND, BECAUSE THE

9    ONLY WAY THAT THE PLAINTIFF IN YOUR CASE GETS TO EXECUTE

10   THIS WRIT AGAINST MS. GALLIAN IS BECAUSE OF THE

11   NONOCCUPANT.

12   **MS. ALSTON:** YES.

13   **THE COURT:** THE ISSUE WAS AGAINST RYAN.

14   **MS. ALSTON:** YES, AND ALL UNKNOWN OCCUPANTS.

15   **THE COURT:** THEN YOU'RE SAYING SHE IS AN UNKNOWN

16   OCCUPANT?

17   **MS. ALSTON:** WHAT I'M SAYING IS THAT I DON'T HAVE A

18   BRIEF TO PRESENT TO THIS COURT BECAUSE I WASN'T AWARE

19   THAT THIS WAS GOING TO BE THE WAY THE COURT WAS GOING TO

20   MOVE. AND IT WASN'T IN THE DOCUMENTS, SO IT'S TAKEN ME A

21   LITTLE BIT UNAWARE.

22           HOWEVER, WHAT THE COURT IS CONTEMPLATING IS

23   THAT ANYTIME THIS PERSON WHO IS GIVEN A JUDGMENT -- GETS

24   A JUDGMENT, THAT THEY CAN SIMPLY TRANSFER THE UNIT OVER

25   TO -- WHETHER IT'S AN APARTMENT, MOBILE HOME OR R.V., OR

26   WHATEVER IT IS THAT THEY HAVE THAT IS LOCATED ON THE

1   PROPERTY, AND THEN TAKE THE -- THE PERSON TAKES

2   POSSESSION OF THE UNIT, AND THEN THE WRIT CAN'T BE

3   EXECUTED.

4       **THE COURT:**  YOU MEAN, AS TO THAT PERSON.  NO.  THAT'S

5   MY WHOLE POINT.

6       **MS. ALSTON:**  I DON'T BELIEVE THE LAW WORKS THAT WAY,

7   YOUR HONOR, BECAUSE THIS IS NEVER-ENDING POSSESSION OR

8   OCCUPATION THAT PREVENTS THE PLAINTIFF FROM OBTAINING

9   POSSESSION OF THE PROPERTY.

10      **THE COURT:**  I AM CONCERNED ABOUT IT -- AND I

11  UNDERSTAND YOUR POINT -- BUT I'VE DONE THIS FOR YEARS.

12  SO IT'S UNCOMMON, FIRST, SO I'M TRYING TO ADDRESS ALL

13  FUTURE OCCUPATION PROBLEMS.  I'M ONLY TRYING TO ADDRESS

14  THE PROBLEMS IN THIS PARTICULAR CASE ON THESE PARTICULAR

15  FACTS.

16      WHAT I UNDERSTAND IS THAT GALLIAN BOUGHT THE

17  PROPERTY FROM RYAN.  AND I WANT TO EMPHASIS THAT.  IT'S

18  NOT RYAN BROUGHT SOME OTHER PERSON TO LIVE WITH HER.  MY

19  UNDERSTANDING IS, RYAN MOVED OUT, AND SORT OF ANTICIPATED

20  BY THE STIPULATION, RYAN SOLD THE PROPERTY, ALL RIGHT,

21  THE MOBILE HOME TO GALLIAN.  AND NOW KNOWING THAT, WHAT

22  I'M BEING ASKED TO SAY IS, IT'S OKAY TO USE THE WRIT IN

23  THIS CASE AGAINST GALLIAN AS AN UNKNOWN OCCUPANT.  THAT'S

24  THE PROBLEM I HAD.

25      MY ANALYSIS SIMPLY SAYS TO ME, I AM NOT GOING

26  TO DO THAT BECAUSE GALLIAN DOES -- IF I DID THAT, GALLIAN

1    DOES NOT GET TO LITIGATE THE QUESTION OF WHETHER THE

2    HOME -- MOBILE HOME PARK IS CORRECT IN SAYING THAT SHE

3    DOESN'T QUALIFY.  I DON'T KNOW WHETHER SHE -- I DON'T

4    KNOW WHETHER SHE QUALIFIES.

5          BUT I DO KNOW THIS IN MY HEAD:  I WANT TO BE

6    SURE THAT GALLIAN'S RIGHT TO LITIGATE WHETHER OR NOT,

7    WHETHER OR NOT SHE QUALIFIES TO BE A TENANT AT THE PARK,

8    BECAUSE THERE ARE PROVISIONS IN THE MOBILE HOME PARK THAT

9    HAVE TO BE FOLLOWED TO DENY THAT.  I WANT TO BE SURE

10   THAT'S -- THAT SHE HAS A PLACE TO ARGUE THAT.  NOW, I

11   DON'T KNOW WHETHER MS. GALLIAN'S GOING TO WIN OR NOT, BUT

12   WHAT I WANT IS TO CREATE A PROCESS THAT DOES NOT

13   IMPEDE -- THAT DOES NOT INTERFERE WITH HER ABILITY TO

14   LITIGATE THAT ISSUE.

15         AND IF YOU'RE RIGHT THAT MS. GALLIAN DOESN'T

16   QUALIFY, THEN I'M ASSUMING YOU'RE GOING TO WIN THE CASE

17   ACROSS THE HALL.  AND IF YOU'RE WRONG AND THE JUDGE FINDS

18   THAT SHE DOES QUALIFY, THEN MAYBE SHE GETS TO CONTINUE TO

19   BE IN POSSESSION.

20         AND THIS IS PARTICULARLY IMPORTANT IN MOBILE

21   HOME PARK SITUATIONS BECAUSE OF THE SPECIAL CIRCUMSTANCES

22   THAT I JUST FINISHED EXPLAINING THAT APPLIES TO MOBILE

23   HOMES, WHICH IS THE REASON WHY THE LEGISLATURE IMPOSES SO

24   MANY REGULATIONS ON THE WAY YOU CAN EVICT, ON THE WAY

25   THAT -- YOU KNOW, IT'S SORT OF LIKE A WHOLE DIFFERENT

26   SYSTEM PARALLEL TO THE REGULAR EVICTION STATUTES THAT ARE

13

1   MUCH MORE ONEROUS AND COMPLICATED.  I THINK THAT THAT'S

2   MOTIVATED BY WANTING TO PROTECT OWNERS IN MOBILE HOME

3   PARKS.

4           SO THAT'S ALL I WANT, TO BE SURE -- I WANT TO

5   BE SURE SHE GETS A SHOT.  AND I DON'T THINK THERE'S ANY

6   HUGE DETRIMENT TO THE PLAINTIFF BECAUSE SHE'S IN THE

7   PARK, YOU ALREADY HAVE FILED THE CASE, SO THAT'S PENDING.

8   I NOTICE THAT THERE IS AN ANSWER.  AND I NOTICE --

9   BRIEFLY I WAS LOOKING TO SEE IF THERE WAS A TRIAL IN THE

10  OTHER CASE.  I THINK THERE'S NO TRIAL, BUT WE KNOW THAT

11  WITHIN 21 DAYS OF YOU'RE MAKING YOUR REQUEST, YOU'RE

12  GOING TO HAVE A TRIAL DATE.  SO I THINK THIS IS ALL GOING

13  TO GET RESOLVED VERY PROMPTLY IN THE OTHER CASE.

14          NOW, I'M LIMITING MY RULING ACCORDING TO THIS.

15  I'M NOT TRYING TO GO ACROSS THE BOARD BECAUSE I COULD

16  IMAGINE THAT SOMEONE COULD DO WHAT YOU JUST DESCRIBED,

17  WHICH IS ABUSE THE PROCESS, RIGHT.  SOMEBODY WHO IS AN

18  ILL-INTENDED TENANT COULD BE GOING FOR POSSESSION, AND

19  THEN YOU SAY THEY'RE NOT OWNER OCCUPANTS.  I GET THAT.

20  SO I AM NOT TRYING TO COME UP HERE WITH A RULING THAT'S

21  GOING TO BE APPLYING ACROSS THE BOARD BECAUSE THAT IS NOT

22  MY INTENT AT ALL.  THIS IS VERY FACT-SPECIFIC IN WHAT I

23  THINK IS A HIGHLY UNUSUAL CASE BECAUSE I HAVEN'T SEEN IT

24  HAPPEN BEFORE.

25      MS. ALSTON:  THIS HAS BEEN LITIGATED, YOUR HONOR.

26  MS. GALLIAN BROUGHT A T.R.O., AND IT WAS GRANTED.  THEY

299

1   WENT THROUGH A PRELIMINARY INJUNCTION.  AND AT THE

2   PRELIMINARY INJUNCTION, THE COURT MADE A RULING AS TO HER

3   RIGHT TO POSSESSION, AND IT DETERMINED THAT SHE DIDN'T

4   HAVE ANY.

5        THE COURT:  I JUST SAID -- I READ THE RULINGS, BY THE

6   WAY.  THE PROBLEM THAT I WASN'T SATISFIED WITH IS WHETHER

7   OR NOT SHE GOT TO LITIGATE THE QUESTION OF WHETHER THERE

8   HAD BEEN COMPLIANCE WITH THE REGULATIONS OF MOBILE HOME

9   PARKS, AND WHETHER SHE WAS A TENANT THAT MET THE

10  REQUIREMENTS OF THE PARK SO THAT THEY COULD NOT --

11       MS. ALSTON:  SHE DID.

12       THE COURT:  THAT'S NOT APPARENT FROM THE

13  MOVING PAPERS.  THAT'S WHAT I HAVE.  AND IF I DID HAVE

14  THAT, THEN THE CASE NEXT DOOR IS GOING TO BE EVEN FASTER

15  BECAUSE IN THE CASE NEXT DOOR, YOU'RE GOING TO HAVE

16  COLLATERAL ESTOPPEL, AND YOU'RE GOING TO BE ABLE TO SAY,

17  "OH, THIS AS ALREADY LITIGATED, SO WE DON'T HAVE TO

18  LITIGATE IT."

19       MS. ALSTON:  I THINK THE COURT DID ADDRESS IT.  IT'S

20  THERE, YOUR HONOR.  BUT I DO BELIEVE IT IS THERE WHEN IT

21  SAYS THAT MS. GALLIAN'S POSSESSION OF THE SUBJECT MOBILE

22  HOME WAS NEVER AUTHORIZED BY THE DEFENDANT, AND SHE IS,

23  IN ESSENCE, A SQUATTER.

24       THE COURT:  EXCUSE ME.  I'M GOING TO TAKE ISSUE WITH

25  THAT.  I DON'T KNOW WHETHER THAT MEANS THAT SHE BECAME

26  THE OWNER WITHOUT THE PERMISSION.  AND I UNDERSTAND

1   THAT -- HOWEVER, I DON'T KNOW IF SHE GOT TO LITIGATE

2   WHETHER THE PERMISSION WAS RIGHTFULLY OR WRONGFULLY

3   DENIED.  AND IT SEEMS TO ME THAT, IN THE CONTEXT OF

4   ISSUING A TEMPORARY RESTRAINING ORDER OR NOT, THAT

5   PROBABLY WOULDN'T BE THE BEST FORUM TO DO THAT.  SHE

6   PROBABLY NEEDS TO GO TO TRIAL.

7          BUT YOU DON'T HAVE TO CONVINCE ME OF THAT

8   BECAUSE, AGAIN, THIS IS A SHORT DELAY.  IF YOU'RE RIGHT,

9   YOU'RE GOING TO GET A WRIT RIGHT ACROSS THE DOOR FROM

10  HERE IN THAT COURTROOM WHEN YOU LITIGATE IT.  AND IF YOU

11  BELIEVE IT WAS LITIGATED, AND YOU BELIEVE YOU ALREADY

12  HAVE A RULING ON THAT ISSUE, THEN YOU CAN ARGUE THAT WITH

13  JUDGE HONER.  BUT ALL I WANT TO DO IS STOP THIS

14  PROCESS -- IN MY CASE, THAT'S ALL I CARE, IS TO GIVE

15  MS. GALLIAN THE FULL OPPORTUNITY TO ARGUE WHETHER SHE HAS

16  THE RIGHT TO POSSESSION IN THE CASE THAT YOU ALREADY

17  FILED.

18     MS. ALSTON:  I WOULD LIKE TO REQUEST THAT THE COURT

19  TAKE JUDICIAL NOTICE OF THE RULINGS MADE IN FRONT OF

20  JUDGE BAUER.  AND THE CASE NUMBER IS -- I THINK I HAVE

21  THE CASE NUMBER ON THE MINUTE ORDER.

22     THE COURT:  I TAKE JUDICIAL NOTICE OF THE CASES IN

23  THE ORANGE COUNTY SUPERIOR COURT.

24     MS. ALSTON:  BUT SHE DID HAVE --

25     THE COURT:  WHAT IS IT THAT YOU'RE LOOKING AT?

26     MS. ALSTON:  I'M LOOKING AT MY DOCUMENTS, YOUR HONOR,

1  WHICH IS WHAT I QUOTED.

2      THE COURT:  I HAVE SEEN IT.  I JUST WANT TO BE SURE I

3  KNOW WHAT I'M LOOKING AT, OKAY.

4      MS. ALSTON:  BUT, YOUR HONOR --

5      THE COURT:  WAIT A MINUTE.  I THINK YOU DID HAVE AN

6  ORDER.  SO THE MINUTE ORDER BY JUDGE BAUER ISSUED

7  1/4/2019 -- WHICH, BY THE WAY, THE OTHER WAY I HAVE OF

8  LOOKING AT THIS --

9      JAMIE LYNN GALLIAN:  I HAVE A COPY OF IT, YOUR HONOR,

10  IF YOU WANT TO SEE IT.

11      THE COURT:  -- WHICH, YOU KNOW, AGAIN, PRIOR TO

12  EXECUTION OF THE WRIT, WHICH MEANS, IF ANYTHING, THAT BY

13  THE EXECUTION OF THE WRIT, IT JUST MEANS, BECAUSE OF HER

14  EFFORTS, SHE IS AN UNKNOWN OCCUPANT.  I'M STILL CONCERNED

15  ABOUT THAT.

16      BUT I DON'T EVEN HAVE TO GO ON THAT POINT.  I'M

17  NOT TRYING TO GO ON THAT POINT, EITHER.  I JUST WANT YOU

18  TO UNDERSTAND, ALL I'M GOING TO DO IS STAY PROCEEDINGS

19  BASED ON MY WRIT TO SEE WHAT HAPPENS IN THE CASE IN FRONT

20  OF JUDGE HONER, AND THEN WE'LL SEE WHERE WE'RE AT.

21      MS. ALSTON:  THE POINT I WANTED TO MAKE, SHE DID HAVE

22  AN ATTORNEY PRESENT, AND IT WAS LITIGATED.  THE COURT DID

23  HAVE A NUMBER OF DECLARATIONS REGARDING EXPRESSLY

24  EXPLAINING ALL OF THE REASONS THAT HER APPLICATION WAS

25  DENIED.  SO THAT HAD TO COME BEFORE A JUDGE, THAT HAS

26  BEEN RULED UPON BY A JUDGE.

1      THE COURT:  I DON'T UNDERSTAND.

2          WHAT IS THE DETRIMENT OF JUST, LIKE -- THIS IS

3 GOING TO GET RESOLVED WITHIN THE NEXT 30 DAYS.  IF YOU

4 RIGHT NOW GO DOWNSTAIRS AND YOU ASK FOR THAT TRIAL, YOU

5 GET A TRIAL IS WITHIN 30 DAYS.  I DON'T UNDERSTAND.

6          WHAT IS THE DETRIMENT?

7          I'M TRYING TO UNDERSTAND.

8          IF I SAY THAT SHE'S IN POSSESSION OF THIS

9 MOBILE HOME WHILE THE OTHER CASE IS BEING LITIGATED, WHAT

10 IS THE DETRIMENT?

11     MS. ALSTON:  THERE ARE A NUMBER OF DETRIMENTS.  FIRST

12 OF ALL, SHE'S HARASSING THE NEXT-DOOR NEIGHBORS, SHE'S

13 ATTACHING FENCING TO THAT PROPERTY, AND THEY'RE HAVING

14 FIGHTS OVER THAT AND SCREAMING MATCHES OVER THAT.  THERE

15 IS A T.R.O. IN PLACE AGAINST MS. GALLIAN WHERE SHE IS NOT

16 SUPPOSED TO COME WITHIN --

17     THE COURT:  THERE'S A T.R.O. OF HOW FAR?

18     MS. ALSTON:  THREE HUNDRED FEET.

19     JAMIE LYNN GALLIAN:  TEN YARDS, MA'AM.  AND IT WAS

20 FROM A PREVIOUS, UH -- THE MOBILE HOME PARK SHARES THE

21 SAME SECURITY GATE WITH ANOTHER COMMUNITY THAT I SOLD MY

22 PROPERTY.  I LIVED THERE FOR OVER TEN YEARS, AND IT WAS

23 TEN YARDS T.R.O. OF A BOARD MEMBER.  TEN YARDS IS 30

24 FEET, SO IT HAS NOTHING TO DO WITH THIS CASE.  IT'S NO

25 VIOLENCE, NO NOTHING, RIGHT?

26     MS. ALSTON:  WELL, THE T.R.O. HAS BEEN GRANTED.  THE

1   INJUNCTION, IT'S A FIVE-YEAR INJUNCTION TO STAY AWAY OVER

2   THAT ISSUE.

3       JAMIE LYNN GALLIAN:  SHE FILED IT ON --

4       THE COURT:  WHAT'S THE ISSUE?

5       MS. ALSTON:  IT WAS APPROXIMATELY SIX, EIGHT WEEKS

6   AGO, YOUR HONOR.

7       THE COURT:  WHAT TYPE OF CASE IS THAT?

8       JAMIE LYNN GALLIAN:  IT'S RIGHT ACROSS AT JUDGE

9   HONER'S.

10      MS. ALSTON:  IT WAS SHERRI HONER'S COURT, YOUR HONOR.

11      THE COURT:  WAS THAT A CIVIL HARASSMENT CASE?

12      MS. ALSTON:  YES, IT WAS A CIVIL HARASSMENT CASE.

13  THERE WERE TWO -- EVERY TIME THAT SHE'S IN -- GOES

14  THROUGH THE GATE, SHE VIOLATES THAT T.R.O.

15      JAMIE LYNN GALLIAN:  NO, THAT IS NOT TRUE, MA'AM.

16      MS. ALSTON:  AND SHE HAS A CRIMINAL CASE PENDING

17  AGAINST HER AS WELL FOR VIOLATIONS OF ANOTHER T.R.O.

18  AGAINST A YOUNG CHILD.

19          SO THESE ARE CONTINUING HARASSMENTS THAT ARE

20  ONGOING.  SO THE DETRIMENT IS THAT SHE'S VIOLATING A

21  T.R.O., SHE'S HARASSING HER NEIGHBORS.  I UNDERSTAND THAT

22  THIS WILL BE HAPPENING QUICKLY, BUT SHE HAS THE COURT'S

23  CONCERN THAT SHE HASN'T HAD AN OPPORTUNITY TO PRESENT HER

24  CASE TO THE COURT AND DETERMINE WHETHER OR NOT HER

25  OCCUPATION IS PROPER BECAUSE SHE WAS NOT APPROVED HAS

26  BEEN LITIGATED AND HAS BEEN ADJUDGED BY THE COURT.

THE COURT HAS HAD --

**THE COURT:** WHEN DID YOU FILE THE OTHER CASE?

**MS. ALSTON:** THE OTHER CASE WAS FILED --

**THE COURT:** THE CASE, MA'AM?

**JAMIE LYNN GALLIAN:** JANUARY 2ND.

**MS. ALSTON:** YOUR HONOR, IT WAS JANUARY.

**THE COURT:** JANUARY 2ND?

**MS. ALSTON:** I DON'T KNOW THE DATE.

**JAMIE LYNN GALLIAN:** JANUARY 2ND, YOUR HONOR.  IT WAS SERVED FEBRUARY 5TH ON ME.  I HAVE IT RIGHT HERE, YOUR HONOR, IF YOU'D LIKE TO SEE IT.

(PAUSE IN PROCEEDINGS.)

**THE COURT:** THAT'S WHAT I MEAN.  THAT'S MY WHOLE PROBLEM WITH THIS CASE.  SHE'S NOT AN UNKNOWN OCCUPANT. THAT'S THE PROBLEM.  SO I'M STILL BACK TO THIS PROBLEM. ON JANUARY 2ND, YOU FILED THE CASE.  YOU KNOW SHE'S IN POSSESSION.  AND SHE TOOK POSSESSION UNDER COLOR OF SOME RIGHTS BECAUSE SHE BOUGHT THE PROPERTY.  AND YOU KNEW IN ORDER -- IN ORDER -- THE ONLY WAY THE WRIT IN THIS CASE AGAINST RYAN GETS TO BE EXECUTED AGAINST GALLIAN IS IF SHE IS AN UNKNOWN OCCUPANT.

AND WHEN THAT WRIT IS EXECUTED, SHE IS NOT AN UNKNOWN OCCUPANT.  YOU HAVE FILED AN UNLAWFUL DETAINER ON JANUARY 2ND, WHICH MEANS TO ME SHE'S NOT AN UNKNOWN OCCUPANT.  I AM NOT -- I -- THE BEST I CAN DO HERE IS, I'M PRETTY SURE I CAN RULE HERE THAT THE WRIT HERE IS NOT

20

1   EFFECTIVE, WHICH I THINK I'M ABOUT TO DO, OR I CAN JUST

2   SAY IT'S WAITING FOR PROCEEDINGS NEXT DOOR.

3         BUT I WILL NOT HAVE THIS PERSON EVICTED UNDER

4   THE UMBRELLA OF AN UNKNOWN OCCUPANT WHEN YOU FILED AN

5   UNLAWFUL DETAINER ON JANUARY 2ND.  AND BY THEN, SHE'S NO

6   LONGER AN UNKNOWN OCCUPANT.  SO BY THE TIME THIS GETS

7   EXECUTED, SHE'S NOT AN UNKNOWN OCCUPANT.  I THINK THAT'S

8   A LOGICAL ISSUE OF WHAT AN UNKNOWN OCCUPANT IS.  A

9   NONOCCUPANT IS, THEY OPEN THE DOOR AND FIND FIVE PEOPLE

10  LIVING THERE; THEY ONLY HAVE THE NAME OF RYAN.  THEY

11  DON'T HAVE THE FIVE PEOPLE TO GET OUT.  THAT'S NOT WHAT

12  HAPPENED IN THIS CASE.  THAT'S NOT HERE BEFORE ME.

13      **MS. ALSTON:**  YOUR HONOR, I DO BELIEVE THAT SHE

14  QUALIFIES AS AN OWNER OCCUPANT.  I DO BELIEVE THAT MY

15  CONCERNS -- AND I KNOW THE COURT DOESN'T WANT TO RULE ON

16  THIS MATTER, BUT AGAIN, IT'S A CONCERN IF ONE PERSON

17  SAYS, "I'M GOING TO BE LOCKED OUT.  I'M GOING TO PUT

18  ANOTHER PERSON IN."  AND --

19      **THE COURT:**  IF YOU WANT TO LITIGATE -- IF YOU'RE

20  ASKING ME TO LITIGATE WHETHER OR NOT SHE'S AN UNKNOWN

21  OCCUPANT, SURE, WE CAN HAVE A BRIEFING SCHEDULE.  I JUST

22  THINK THE SOONER YOU GET OVER THERE, THE SOONER THIS CASE

23  GETS DONE.  I DON'T WANT TO HAVE AN ISSUE THAT STAYS --

24  WHICH SAYS THAT THE STAY IS GOING TO BE BEYOND THE COURT

25  RULES IN THIS UNLAWFUL DETAINER, OR IF YOU WANT TO

26  LITIGATE WHETHER OR NOT YOU CAN EXECUTE A WRIT AGAINST

1   THIS PARTICULAR INDIVIDUAL AS AN UNKNOWN OCCUPANT, YOU

2   CAN GIVE ME -- COME UP WITH A BRIEFING SCHEDULE.  BUT YOU

3   GET TIME, SHE GETS TIME, BECAUSE THIS GOES TO THAT.

4       **JAMIE LYNN GALLIAN:**  YOUR HONOR, I HAVE ONE MORE

5   THING.

6       **MS. ALSTON:**  YOUR HONOR, I AM CONCERNED.  I DON'T

7   WANT TO MAKE PEOPLE -- YOU KNOW, I DON'T WANT TO

8   UNNECESSARILY EXPEND ATTORNEYS' FEES FOR MY CLIENT.  IF

9   THE COURT IS NOT GOING TO EXECUTE THE WRIT AT THIS TIME,

10  I THINK IT WOULD BE BEST FOR US TO PROCEED.  I DO,

11  HOWEVER, HAVE GRAVE CONCERNS THAT THIS COURT IS

12  OVERRULING JUDGE BAUER'S DECISION THAT'S BEEN LITIGATED.

13      **THE COURT:**  IT'S NOT MY INTENT TO OVERRULE ANYBODY.

14  IN FACT, I DON'T HAVE THE POWER TO OVERRULE ANYBODY.  I

15  ONLY HAVE THE POWER TO MAKE AN ASSESSMENT ABOUT THIS

16  PARTICULAR CASE.

17      **MS. ALSTON:**  THAT'S WHAT'S HAPPENING.  AND I JUST

18  WANT TO PRESENT THAT TO THE COURT.

19      **THE COURT:**  I'M NOT OVERRULING JUDGE BAUER.  I THINK

20  HE FOUND THAT THE INJUNCTIVE RELIEF WAS NOT AVAILABLE IN

21  THAT OTHER CASE.  I'M NOT RULING ON THAT HERE.  I DON'T

22  EVEN KNOW THE IN'S AND OUT'S OF THAT.

23      MY RULING IS SIMPLY THAT, IN THIS -- AND I AM

24  GOING TO RULE ON IT.  IN THIS PARTICULAR CASE WHEN THE

25  CASE WAS FILED, JAMIE GALLIAN WAS NOT A DEFENDANT.  ONLY

26  LISA RYAN WAS A DEFENDANT.  LISA RYAN EXECUTED THE

1   STIPULATION.  THE STIPULATION CONTEMPLATED HER TO STAY IN

2   THE MOBILE HOME.  THE MOBILE HOME -- LISA RYAN VACATED

3   THE PROPERTY PURSUANT TO THE STIPULATION; THE MOBILE HOME

4   WAS SOLD TO JAMIE GALLIAN.

5       MS. ALSTON:  SHE DID NOT VACATE ON A TIMELY BASIS.

6       THE COURT:  I DON'T WANT TO ARGUE THAT, AND THAT'S

7   NOT BEFORE ME.  SO PER THE STIPULATION, JAMIE GALLIAN

8   PURCHASED THE PROPERTY FROM MS. RYAN AND MOVED INTO THE

9   MOBILE HOME THAT MS. RYAN USED TO OCCUPY.  AND ON JANUARY

10  2ND, 2019, THE PLAINTIFF IN THIS CASE, HOUSER BROTHERS,

11  FILED AN UNLAWFUL DETAINER AGAINST MS. GALLIAN,

12  PRESUMABLY BECAUSE THEY BELIEVE THAT SHE DOESN'T QUALIFY

13  TO BE A PARK TENANT.  AND THEY MAY HAVE OTHER REASONS FOR

14  THAT.  THAT'S NOT BEFORE THIS COURT.

15       WHAT IS BEFORE THIS COURT IS THAT AFTER FILING

16  THAT UNLAWFUL DETAINER IN CASE NUMBER 2019-01041423,

17  AFTER FILING THAT UNLAWFUL DETAINER, THE PLAINTIFFS HAVE

18  SOUGHT TO EXECUTE IN THIS CASE A WRIT THAT WAS ISSUED IN

19  THIS CASE -- IN THE CASE THAT I'M PRESIDING OVER -- WHICH

20  IS 3582.

21       AND THE COURT FINDS THAT THAT'S NOT A PROPER

22  EXECUTION OF THE WRIT.  AND IT'S GOING TO ALLOW

23  MS. GALLIAN TO INTERVENE FOR THE PURPOSE OF CHALLENGING

24  THE EXECUTION OF THE WRIT AGAINST HER, WHICH HAD NOT

25  OCCURRED, BACK IN JANUARY WHEN SHE TRIED TO INTERVENE.

26  AT THAT POINT, SHE DIDN'T HAVE ANY INTEREST IN THE CASE.

23

1   AT THIS POINT, BECAUSE PLAINTIFF CHOSE TO EXECUTE THE

2   WRIT AGAINST MS. GALLIAN, SHE NOW HAS THE RIGHT TO

3   INTERVENE.

4        SO THE COURT HAS CONSIDERED THE MOTION THAT SHE

5   WAS NOT PROPERLY EVICTED IN THIS CASE, BASED ON THIS

6   CASE.  AND THE COURT IS GOING TO RULE THAT THAT WAS

7   IMPROPER EXECUTION OF THE WRIT, THE WRIT THAT WAS ISSUED

8   BY MY COURT.  THE WRIT ISSUED WAS CASE NUMBER 01013852 --

9   THE CASE IN FRONT OF ME -- AGAINST LISA RYAN.

10        AND THE ONLY WAY THAT JAMIE GALLIAN WOULD BE

11   EVICTED WITH THAT WRIT, YOU KNOW, THE COURT FINDS THAT

12   SHE'S NOT AN UNKNOWN OCCUPANT WHEN THE WRIT WAS EXECUTED,

13   BECAUSE PLAINTIFF ALREADY KNEW THAT SHE WAS TRYING TO

14   INTERVENE TO STOP EVICTION ON THIS WRIT.  AND, IN FACT,

15   THEY -- THERE HAD BEEN A PRIOR RULING ON THE INJUNCTIVE

16   RELIEF IN A SEPARATE CASE IN WHICH PLAINTIFFS WERE

17   WELL-AWARE SHE'S NOT A NONOWNER OCCUPANT AND PURCHASED

18   THE PROPERTY -- THE MOBILE HOME -- FROM MS. RYAN.

19        AND THEY FILED THEIR OWN UNLAWFUL DETAINER

20   AGAINST MS. GALLIAN JANUARY 2ND.  AND WHEN THEY EXECUTED

21   THAT WRIT A FEW DAYS AGO -- YESTERDAY, I THINK -- WHEN

22   THEY EXECUTED THE WRIT, MS. GALLIAN WAS NOT AN UNKNOWN

23   OCCUPANT.  AND THAT WRIT DID NOT EXTEND TO HER.  FOR THAT

24   REASON, THE COURT IS GOING TO HOLD THAT THE PARK HAS

25   MS. GALLIAN BACK IN POSSESSION OF THE MOBILE HOME.

26        THE ISSUE OF WHETHER OR NOT SHE'S A TENANT THAT

1   QUALIFIES UNDER PARK RULES TO BECOME A PERMANENT TENANT

2   OF THE PARK, THAT IS GOING TO BE LITIGATED IN THE CASE

3   PENDING UNDER CASE NUMBER 2019-01041423.  SO THE

4   LITIGATION WILL CONTINUE.

5          AND THIS RESULT, TO THE COURT, IS NOT ONLY TO

6   THE EXTENT BECAUSE OF THE RULINGS I MAKE, BUT IT ALSO

7   PROTECTS MS. GALLIAN'S DUE PROCESS RIGHTS TO LITIGATE THE

8   QUESTION OF WHETHER OR NOT THE PARK PROPERLY EXERCISED

9   ITS DISCRETION IN DECIDING THAT SHE WAS NOT A PROPER

10  TENANT.  SHE GETS TO LITIGATE THAT.

11         SO FOR ALL THOSE REASONS, THE COURT ORDERS THE

12  PARK TO RETURN POSSESSION BY --

13         CAN YOU DO IT BY 5:00 P.M. TODAY?

14     **MS. ALSTON:**  YES, YOUR HONOR.

15     **THE COURT:**  SO THE ORDER IS THAT POSSESSION IS

16  RETURNED TO MS. GALLIAN BY 5:00 P.M. TODAY.

17         ALL RIGHT.  THIS IS GOING BACK TO COUNSEL, AND

18  THIS IS GOING BACK TO THE DEFENDANT.  AND I'M DONE WITH

19  THIS CASE.  THANK YOU VERY MUCH.

20         (PROCEEDINGS CONCLUDED.)

21

22

23

24

25

26

**REPORTER'S CERTIFICATE**

STATE OF CALIFORNIA )
                     } SS.
COUNTY OF ORANGE     )


      I, PATRICK R. BREZNA, CSR NO. 5288, CERTIFIED
REALTIME REPORTER, REGISTERED PROFESSIONAL REPORTER, DO
HEREBY CERTIFY THAT THE FOREGOING REPORTER'S TRANSCRIPT IS
A FULL, TRUE AND CORRECT TRANSCRIPTION OF MY SHORTHAND
NOTES THEREOF, AND A FULL, TRUE AND CORRECT STATEMENT OF
THE PROCEEDINGS HAD IN SAID CAUSE BASED ON AN ELECTRONIC
RECORDING SUBMITTED TO ME BY JAMIE LYNN GALLIAN.

      DATED AT ORANGE, CALIFORNIA, THIS 7TH DAY OF
SEPTEMBER, 2020.


               PATRICK R. BREZNA, CSR NO. 5288,
               CERTIFIED REALTIME REPORTER,
               REGISTERED PROFESSIONAL REPORTER

| | |
|---|---|
| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address<br><br>D. EDWARD HAYS, #162507<br>ehays@marshackhays.com<br>LAILA MASUD, #311731<br>lmasud@marshackhays.com<br>BRADFORD N. BARNHARDT, #328705<br>bbarnhardt@marshackhays.com<br>MARSHACK HAYS LLP<br>870 Roosevelt<br>Irvine, CA 92620<br>Telephone: (949) 333-7777<br><br>☐ Individual *appearing without an attorney*<br>☒ Attorney for: Houser Bros.Co. | FOR COURT USE ONLY |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION**

| | |
|---|---|
| In re:<br>JAMIE LYNN GALLIAN,<br><br><br><br><br><br><br>Debtor(s) | CASE NO.: 8:21-bk-11710-SC<br>CHAPTER: 7<br><br>**NOTICE OF LODGMENT OF ORDER IN BANKRUPTCY CASE RE:** *(title of motion[1])*:<br>Motion for Relief from Stay Under 11<br>U.S.C. Section 362 (Unlawful Detainer) |

PLEASE TAKE NOTE that the order titled Order Granting Motion for Relief from Stay Under 11 U.S.C. Section 362 (Unlawful Detainer)

was lodged on *(date)* 02/02/2023 and is attached. This order relates to the motion which is docket number 278 .

---

[1] Please abbreviate if title cannot fit into text field.

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2012*        Page 1        **F 9021-1.2.BK.NOTICE.LODGMENT**



**Bankruptcy LODGED ORDER UPLOAD FORM**

Thursday, February 02, 2023

CONFIRMATION :

Your Lodged Order Info:
( **11263638.doc** )
  A new order and exhibit has been added

- **Office**: Santa Ana
- **Case Title**: Jamie Lynn Gallian
- **Case Number**: 21-11710
- **Judge Initial**: SC
- **Case Type**: bk ( Bankruptcy )
- **Document Number**: 278
- **On Date**: 02/02/2023 @ 11:21 AM

Thank You!

United States Bankruptcy Court
Central District of California
Edward R. Roybal Federal Building and Courthouse
255 East Temple Street
Los Angeles, CA 90012

Attorney or Party Name, Address, Telephone & FAX
Nos., State Bar No. & Email Address

D. EDWARD HAYS, #162507
ehays@marshackhays.com
LAILA MASUD, #311731
lmasud@marshackhays.com
BRADFORD N. BARNHARDT, #328705
bbarnhardt@marshackhays.com
MARSHACK HAYS LLP
870 Roosevelt
Irvine, CA 92620
Telephone: (949) 333-7777
Facsimile: (949) 333-7778

FOR COURT USE ONLY

☒ **Attorney for Movant**
☐ **Movant appearing without an attorney**

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA -_SANTA ANA_ DIVISION**

In re:

JAMIE LYNN GALLIAN,

CASE NO.: 8:21-bk-11710-SC

CHAPTER: 7

**ORDER GRANTING MOTION FOR RELIEF**
**FROM STAY UNDER 11 U.S.C. § 362**
**(UNLAWFUL DETAINER)**

DATE: 02/01/2023
TIME: 10:00 am
COURTROOM: 5C
PLACE: 411 W. Fourth Street, Santa Ana, California

Debtor(s).

**Movant:** Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates

1. The Motion was:  ☒ Opposed   ☐ Unopposed   ☐ Settled by stipulation

2. This order applies to the following real property (Property):
   Type of property: ☒ Residential   ☐ Nonresidential
   *Street Address:* 16222 Monterey Lane
   *Unit/Suite number:* Space 376
   *City, State, Zip Code:* Huntington Beach, CA 92649

3. The Motion is granted under:
   a. ☒ 11 U.S.C. § 362(d)(1)
   b. ☒ 11 U.S.C. § 362(d)(2)

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014                                          Page 1                                          **F 4001-1.RFS.UD.ORDER**

Case 8:21-bk-11710-SC    Doc 323    Filed 02/02/23    Entered 02/02/23 11:32:03    Desc
Main Document    Page 4 of 11

c. ☐ 11 U.S.C. § 362(d)(4). The filing of the bankruptcy petition was part of a scheme to hinder, delay, or defraud creditors that involved:

   (1) ☐ The transfer of all or part ownership of, or other interest in, the Property without the consent of the secured creditor or court approval; and/or

   (2) ☐ Multiple bankruptcy cases affecting the Property.

   (3) ☐ The court ☐ makes ☐ does not make ☐ cannot make a finding that the Debtor was involved in this scheme.

   (4) If recorded in compliance with applicable state laws governing notices of interests or liens in real property, this order is binding in any other case under this title commenced by or against any debtor who claims any interest in the Property purporting to affect such real property filed not later than 2 years after the date of the entry of this order by the court, except that a debtor in a subsequent case under this title may move for relief from this order based upon changed circumstances or for good cause shown, after notice and a hearing. Any federal, state or local government unit that accepts notices of interests or liens in real property shall accept any certified copy of this order for indexing and recording.

4. ☐ As to Movant, its successors, transferees and assigns, the stay of 11 U.S.C. § 362(a) is:

   a. ☐ Terminated as to the Debtor and the Debtor's bankruptcy estate.

   b. ☐ Modified or conditioned as set forth in Exhibit _____ to this order.

   c. ☐ Annulled retroactive to the bankruptcy petition date. Any postpetition acts taken by or at the request of the Movant to enforce its remedies regarding the Property, including without limitation entry of any order, judgment or writ, do not constitute a violation of the stay.

5. ☒ Movant may enforce its remedies to obtain possession of the Property, including lockout, in accordance with applicable nonbankruptcy law, but may not pursue any monetary claim against the Debtor or property of the estate for amounts attributable to the period before the bankruptcy was filed except by filing a proof of claim pursuant to 11 U.S.C. § 501.

6. ☐ Movant shall not cause the Debtor to be locked out before (*date*) _____.

7. ☐ The co-debtor stay of 11 U.S.C. § 1201(a) or § 1301(a) is terminated, modified or annulled as to the co-debtor, on the same terms and conditions as to the Debtor.

8. ☒ The 14-day stay prescribed by FRBP 4001(a)(3) is waived.

9. This order is binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of the Bankruptcy Code.

10. ☐ This order is binding in any other bankruptcy case commenced by or against any debtor who claims any interest in the Property, or purporting to affect the Property filed not later than 2 years after the date of entry of this order, except that a debtor in a subsequent case may move for relief from this order based upon changed circumstances or for good cause shown, after notice and hearing.

11. ☐ This order is binding and effective in any bankruptcy commenced by or against the Debtor for a period of 180 days from the hearing of this Motion.

12. ☐ This order is binding and effective in *any* bankruptcy commenced by or against *any* debtor who claims any interest in the Property for a period of 180 days from the hearing of this Motion.

   a. ☐ without further notice.

   b. ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014

Page 2

F 4001-1.RFS.UD.ORDER

13. ☐ A designated law enforcement officer may evict the Debtor and any other occupant from the Property regardless of any future bankruptcy case concerning the Property for a period of 180 days from the hearing of this Motion.

   a. ☐ without further notice.

   b. ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

14. ☒ Other (*specify*): The motion is granted for the reasons set forth in the motion and reply and as set forth by the Court in its tentative ruling attached as Exhibit "1" and as stated on the record.

###

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014                        Page 3                  F 4001-1.RFS.UD.ORDER

EXHIBIT  1

# United States Bankruptcy Court
## Central District of California
### Santa Ana
### Scott Clarkson, Presiding
### Courtroom 5C Calendar

Wednesday, February 1, 2023                                              **Hearing Room    5C**

<u>9:30 AM</u>
**8:21-11710    Jamie Lynn Gallian**                                         **Chapter 7**

#1.00    CONT'D Hearing RE:  Motion for relief from stay [Unlawful Detainer]

Houser Bros. Co., dba Rancho Del Rey Mobile Home Estates vs. DEBTOR
(Motion filed 12/28/2022)

**[RE: 16222 Monterey Lane, Space 376, Huntington Beach, CA 92647]**

FR: 1-18-23

Docket    278

**Tentative Ruling:**

Tentative for 2/1/23 is to GRANT.

In order to determine if cause exists to modify the automatic stay and allow pending litigation to continue in another forum, several courts have come up with lists of "factors" to be weighed. The court in *Truebro, Inc. v. Plumberex Specialty Products, Inc. (In re Plumberex Specialty Products, Inc.),* 311 B.R. 551, 559 (Bankr. C.D. Cal. 2004), listed twelve nonexclusive factors.

Having carefully applied the *Plumberex* factors to the facts before this Court, and noting that the Chapter 7 Trustee does not oppose the granting of relief from stay [Dk. 282] and Debtor's Opposition does not properly address such factors [Dk. 298], this Court is inclined to GRANT the Motion. Primarily, and despite Debtor's contentions otherwise, the relief requested will not interfere with the bankruptcy or pending adversary proceeding, or prejudice the interests of other creditors and interested parties, and would result in judicial economy and more expeditious determination for the benefit of all of the relevant parties. Moreover, "[h]earings on relief from stay are handled in a summary fashion. The validity of the claim or contract underlying the claim is not litigated during the hearing." *Johnson v. Righetti (In re Johnson),* 756 F.2d 738, 740-41 (9th Cir. 1985).

EXHIBIT 1, PAGE 4

**United States Bankruptcy Court**
**Central District of California**
Santa Ana
Scott Clarkson, Presiding
Courtroom 5C Calendar

Wednesday, February 1, 2023                                      Hearing Room        5C

9:30 AM
CONT...        **Jamie Lynn Gallian**                                            Chapter 7

Virtual appearances are required. The courtroom will be locked; parties will
not be permitted to appear in the courtroom. The hearing will take place using
Zoom for Government, a free service that provides audioconference and
videoconference capabilities.

Participants may connect to the videoconference through an Internet browser
by entering the Videoconference URL shown below, as well as the meeting ID
and password, when prompted.

Videoconference URL:      https://cacb.zoomgov.com/j/1602445842

Meeting ID:               160 244 5842

Password:                 091470

If a participant is unable to send and receive audio through his/her computer,
or join the videoconference through an Internet browser for any reason, the
audio of the hearing may be accessed by telephone using the following audio
conference information:

Audioconference Tel. No.: +1 (669) 254 5252 or +1 (646) 828 7666

Meeting ID:               160 244 5842

Password:                 091470

For further details, please consult the instructions on the Court's website
https://www.cacb.uscourts.gov/judges/honorable-scott-c-clarkson.

Please note that default matters may be called prior to the videoconference,
so there may be a slight delay to the official start time of the videoconference
hearing.

As noted in the Court's Zoom Video Hearing Guide, located at
https://www.cacb.uscourts.gov/node/7890, all persons are strictly prohibited
from making any recording of court proceedings, whether by video, audio,

1/27/2023 7:52:49 AM                        Page 2 of 7

EXHIBIT 1, PAGE 5

# United States Bankruptcy Court
## Central District of California
### Santa Ana
### Scott Clarkson, Presiding
### Courtroom 5C Calendar

Wednesday, February 1, 2023                        **Hearing Room        5C**

9:30 AM
CONT...    **Jamie Lynn Gallian**                              **Chapter 7**

"screenshot," or otherwise. Violation of this prohibition may result in the
imposition of monetary and non-monetary sanctions.

| Party Information |
|---|

**Debtor(s):**

Jamie Lynn Gallian                        Pro Se

**Movant(s):**

Houser Bros. Co. dba Rancho Del           Represented By
                                          D Edward Hays
                                          Laila  Masud

**Trustee(s):**

Jeffrey I Golden (TR)                     Represented By
                                          Aaron E. DE Leest
                                          Eric P Israel

EXHIBIT 1, PAGE 6

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
870 Roosevelt, Irvine, CA 92620.

A true and correct copy of the foregoing document entitled: **NOTICE OF LODGMENT** will be served or was served **(a)** on
the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.   TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General
Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On
**February 2, 2023**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that
the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated
below:

⊠  Service information continued on attached page

**2.   SERVED BY UNITED STATES MAIL**: On **February 2, 2023**, I served the following persons and/or entities at the last
known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed
envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here
constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**VIA REGULAR MAIL:**
**DEBTOR**
JAMIE LYNN GALLIAN
16222 MONTEREY LN UNIT 376
HUNTINGTON BEACH, CA 92649

☐  Service information continued on attached page

**3.   SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL**: Pursuant to
F.R.Civ.P. 5 and/or controlling LBR, on **February 2, 2023**, I served the following persons and/or entities by personal
delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission
and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the
judge will be completed no later than 24 hours after the document is filed.

**VIA PERSONAL DELIVERY:**
**PRESIDING JUDGE'S COPY**
HONORABLE SCOTT C. CLARKSON
UNITED STATES BANKRUPTCY COURT, CENTRAL DISTRICT OF CALIFORNIA
RONALD REAGAN FEDERAL BUILDING AND COURTHOUSE
411 WEST FOURTH STREET, SUITE 5130 / COURTROOM 5C
SANTA ANA, CA 92701-4593

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| February 2, 2023 | Layla Buchanan | /s/ Layla Buchanan |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**

June 2012

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: CONTINUED:
   - **ATTORNEY FOR CREDITOR AND PLAINTIFF HOUSER BROS. CO.:** Bradford Barnhardt bbarnhardt@marshackhays.com, bbarnhardt@ecf.courtdrive.com, kfrederick@ecf.courtdrive.com
   - **ATTORNEY FOR TRUSTEE JEFFREY I GOLDEN (TR):** Aaron E DE Leest adeleest@DanningGill.com, danninggill@gmail.com; adeleest@ecf.inforuptcy.com
   - **ATTORNEY FOR CREDITOR AND PLAINTIFF THE HUNTINGTON BEACH GABLES HOMEOWNERS' ASSOCIATION:** Robert P Goe kmurphy@goeforlaw.com, rgoe@goeforlaw.com; goeforecf@gmail.com
   - **TRUSTEE JEFFREY I GOLDEN (TR):** Jeffrey I Golden (TR lwerner@wgllp.com, jig@trustesolutions.net; kadele@wgllp.com
   - **ATTORNEY FOR CREDITOR AND PLAINTIFF HOUSER BROS. CO. and CREDITOR HOUSER BROS. CO. DBA RANCHO DEL REY MOBILE HOME ESTATES:** D Edward Hays ehays@marshackhays.com, ehays@ecf.courtdrive.com; kfrederick@ecf.courtdrive.com, cmendoza@marshackhays.com; cmendoza@ecf.courtdrive.com
   - **ATTORNEY FOR CREDITOR AND PLAINTIFF THE HUNTINGTON BEACH GABLES HOMEOWNERS' ASSOCIATION:** Brandon J Iskander biskander@goeforlaw.com, kmurphy@goeforlaw.com
   - **ATTORNEY FOR TRUSTEE JEFFREY I GOLDEN (TR):** Eric P Israel eisrael@DanningGill.com, danninggill@gmail.com; eisrael@ecf.inforuptcy.com
   - **ATTORNEY FOR CREDITOR AND PLAINTIFF HOUSER BROS. CO. and CREDITOR HOUSER BROS. CO. DBA RANCHO DEL REY MOBILE HOME ESTATES:** Laila Masud lmasud@marshackhays.com, lmasud@ecf.courtdrive.com; kfrederick@ecf.courtdrive.com
   - **ATTORNEY FOR DEFENDANT RANDALL L NICKEL:** Mark A Mellor mail@mellorlawfirm.com, mellormr79158@notify.bestcase.com
   - **INTERESTED PARTY COURTESY NEF:** Valerie Smith claims@recoverycorp.com
   - **U.S. TRUSTEE:** United States Trustee (SA) ustpregion16.sa.ecf@usdoj.gov

4879-0465-9015, v. 1

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

F 9013-3.1.PROOF.SERVICE

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
5801 Skylab Road
Huntington Beach, CA 92649

A true and correct copy of the foregoing document entitled: Declaration of Jamie Lynn Gallian Objection to Doc 323, Lodged Order, Page 2, Item 5  will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On *(date)* 2/7/2023, checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL:**
On *(date)* _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served):** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on *(date)* _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| 2/7/2023 | Robert McLelland | *Robert McLelland* |
| Date | Printed Name | Signature |

This form is optional. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014                                    Page 4                          **F 4001-1.RFS.RESPONSE**

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: CONTINUED:
   - ATTORNEY FOR DEBTOR JAMIE GALLIAN: **Bert Briones**    bb@redhilllawgroup.com,
     helpdesk@redhilllawgroup.com;RedHillLawGroup@jubileebk.net
   - **ATTORNEY FOR TRUSTEE JEFFREY I GOLDEN (TR):** Aaron E DE Leest adeleest@DanningGill.com,
     danninggill@gmail.com; adeleest@ecf.inforuptcy.com
   - **ATTORNEY FOR CREDITOR and PLAINTIFF THE HUNTINGTON BEACH GABLES HOMEOWNERS
     ASSOCIATION:** Robert P Goe kmurphy@goeforlaw.com, rgoe@goeforlaw.com; goeforecf@gmail.com
   - **TRUSTEE JEFFREY I GOLDEN (TR):** Jeffrey I Golden (TR lwerner@wgllp.com, jig@trustesolutions.net;
     kadele@wgllp.com
   - **ATTORNEY FOR PLAINTIFF HOUSER BROS. CO.:** D Edward Hays ehays@marshackhays.com,
     ehays@ecf.courtdrive.com; kfrederick@ecf.courtdrive.com; cmendoza@marshackhays.com;
     cmendoza@ecf.courtdrive.com
   - **ATTORNEY FOR CREDITOR and PLAINTIFF THE HUNTINGTON BEACH GABLES HOMEOWNERS
     ASSOCIATION:** Brandon J Iskander biskander@goeforlaw.com, kmurphy@goeforlaw.com
   - **ATTORNEY FOR TRUSTEE JEFFREY I GOLDEN (TR):** Eric P Israel eisrael@DanningGill.com,
     danninggill@gmail.com; eisrael@ecf.inforuptcy.com
   - **ATTORNEY FOR PLAINTIFF HOUSER BROS. CO.:** Laila Masud lmasud@marshackhays.com,
     lmasud@ecf.courtdrive.com; kfrederick@ecf.courtdrive.com
   - **ATTORNEY FOR DEFENDANT RANDALL L NICKEL:** Mark A Mellor mail@mellorlawfirm.com,
     mellormr79158@notify.bestcase.com
   - **INTERESTED PARTY COURTESY NEF:** Valerie Smith claims@recoverycorp.com
   - **U.S. TRUSTEE:** United States Trustee (SA) ustpregion16.sa.ecf@usdoj.gov

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

**F 9013-3.1.PROOF.SERVICE**