JAMIE LYNN GALLIAN

16222 MONTEREY LANE UNIT 376

HUNTINGTON BEACH, CA 92649

(714)321-3449

JAMIEGALLIAN@GMAIL.COM

DEFENDANT IN PRO SE

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA DIVISION

| | |
|---|---|
| In re: | Bankruptcy Case No.: 8:21-bk-11710-SC |
| JAMIE LYNN GALLIAN, | Docket Number 30. |
| Debtor. | |
| HOUSER BROS CO, A CALIFORNIA GENERAL PARTNERSHIP, dba Rancho Del Rey Mobilehome Estates | ANSWER OF JAMIE LYNN GALLIAN |
| Plaintiff, | |
| vs. | **JURY TRIAL REQUESTED**. |
| JAMIE LYNN GALLIAN, | Judge:  Scott C. Clarkson |
| Defendant. | |

## ADMISSIONS AND DENIALS

Defendant Jamie Lynn Gallian  answers the complaint for non-dischargeability of debt filed by Plaintiff HOUSER BROS CO, A CALIFORNIA GENERAL PARTNERSHIP, dba Rancho Del Rey Mobilehome Estates, filed in the main bankruptcy case on October 18, 2021. Docket No. 30.

1. Defendant admits the allegations in paragraphs 5, 12, and 16, 19, 20, 22, 23, 24, 25, 26, 27

2. Defendant denies the allegations in paragraphs 8, 9, 10, 11, 13, 15, 17, 18, 29, 30, 31, 32, 33,

3. Defendant has no information that the allegations in paragraphs 1, 2, 3, 4, 6, 14, 21, 28,34,35,36,37,38,39,40,41,42,43,44,45,46,47,48,49,50,51,52,53,54,55,56,57,58,59, 60,61,62,63,64,65,66,67,68,69,70, and 71 are true so defendant denies them.

4. Except as expressly admitted herein, defendant denies all of the allegations of the complaint.

## AFFIRMATIVE DEFENSES

1. Plaintiff lacks standing to prosecute the complaint. Neither is plaintiff a creditor nor an interested party.

2. Plaintiff is affirmatively responsible for payment of some or all of defendant's debts, if any, in accord with plaintiff's defalcations as trustee, breach of fiduciary duty and wrongful diminishment of defendant's trust entitlement.

3. Plaintiff has directly and proximately caused defendant to incur some or all of defendant's debts, if any, including without exclusion, attorney's fees for litigation pertaining to plaintiff's wrongful misconduct.

4. Plaintiff is estopped to claim relief due to plaintiff's affirmative misconduct and omissions.

5. Plaintiff is prevented in equity from obtaining relief due to, without limitation, unclean hands.

Defendant respectfully demands trial by jury.

Dated: 6/20/2023

JAMIE LYNN GALLIAN,
DEFENDANT, IN PRO SE

2

**EXHIBIT 1**

B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| PLAINTIFFS<br><br>HOUSER BROS. CO. dba RANCHO DEL<br>REY MOBILE HOME ESTATES, | DEFENDANTS<br><br>JAMIE LYNN GALLIAN, |
|---|---|
| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>MARSHACK HAYS LLP - 870 Roosevelt, Irvine, CA<br>92620; Tel. (949) 333-7777 | ATTORNEYS (If Known) |

| PARTY (Check One Box Only)<br>□ Debtor          □ U.S. Trustee/Bankruptcy Admin<br>X Creditor        □ Other<br>□ Trustee | PARTY (Check One Box Only)<br>X Debtor          □ U.S. Trustee/Bankruptcy Admin<br>□ Creditor        □ Other<br>□ Trustee |
|---|---|

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

COMPLAINT TO (1) DETERMINE DISCHARGEABILITY OF DEBT PURSUANT TO 11 U.S.C. §§ 523(a)(2)(A) and
(a)(6); (2) DENY DISCHARGE PURSUANT TO 11 U.S.C. §§ 727(a)(2)(A), (a)(4), and (a)(5)

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
□ 11-Recovery of money/property - §542 turnover of property
□ 12-Recovery of money/property - §547 preference
□ 13-Recovery of money/property - §548 fraudulent transfer
□ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
□ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
□ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
□ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
□ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
□ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
□ 62-Dischargeability - §523(a)(2), false pretenses, false representation,
     actual fraud
□ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
□ 61-Dischargeability - §523(a)(5), domestic support
□ 68-Dischargeability - §523(a)(6), willful and malicious injury
□ 63-Dischargeability - §523(a)(8), student loan
□ 64-Dischargeability - §523(a)(15), divorce or separation obligation
     (other than domestic support)
□ 65-Dischargeability - other    Sections 727(a)(2)(A), (a)(4), and
                                                  (a)(5)

**FRBP 7001(7) – Injunctive Relief**
□ 71-Injunctive relief – imposition of stay
□ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
□ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
□ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
□ 01-Determination of removed claim or cause

**Other**
□ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
□ 02-Other (e.g. other actions that would have been brought in state court
     if unrelated to bankruptcy case)

| □ Check if this case involves a substantive issue of state law | □ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| □ Check if a jury trial is demanded in complaint | Demand $ |
| Other Relief Sought | |

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>JAMIE LYNN GALLIAN | BANKRUPTCY CASE NO.<br> 8:21-bk-11710-ES | |
| DISTRICT IN WHICH CASE IS PENDING<br> CENTRAL DISTRICT OF CALIFORNIA | DIVISION OFFICE<br>SANTA ANA | NAME OF JUDGE<br>Hon. Erithe A. Smith |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** | | |
| PLAINTIFF | DEFENDANT | ADVERSARY<br>PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br><br> /s/ Laila Masud | | |
| DATE<br><br>October 18, 2021 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br><br> LAILA MASUD | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

D. EDWARD HAYS, #162507
ehays@marshackhays.com
LAILA MASUD, #311731
lmasud@marshackhays.com
MARSHACK HAYS LLP
870 Roosevelt
Irvine, CA 92620
Telephone: (949) 333-7777
Facsimile: (949) 333-7778

Attorneys for Plaintiff,
HOUSER BROS. CO. dba RANCHO DEL REY
MOBILE HOME ESTATES

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re | Case No. 8:21-bk-11710-ES |
| JAMIE LYNN GALLIAN, | Chapter 7 |
| Debtor. | Adv. No. |
| HOUSER BROS. CO. dba RANCHO DEL REY MOBILE HOME ESTATES, | COMPLAINT TO<br>(1) DETERMINE DISCHARGEABILITY OF DEBT PURSUANT TO 11 U.S.C. §§ 523 (a)(2)(A) and (a)(6);<br>(2) DENY DISCHARGE PURSUANT TO 11 U.S.C. §§ 727(a)(2)(A), (a)(4), and (a)(5) |
| Plaintiff, | |
| v. | |
| JAMIE LYNN GALLIAN, | Status Conference |
| Defendant. | [TO BE SET BY COURT] |

TO THE HONORABLE ERITHE A. SMITH, UNITED STATES BANKRUPTCY JUDGE,

DEFENDANT AND HER ATTORNEY OF RECORD, AND TO ALL INTERESTED PARTIES:

Plaintiff, HOUSER BROS. CO., a California limited partnership dba RANCHO DEL REY

MOBILE HOME ESTATES ("Houser Bros." or "Plaintiff"), files this Complaint against Debtor,

Jaime Lynn Gallian ("Defendant" or "Debtor"), and alleges as follows:

## Statement of Jurisdiction and Venue

1.      The court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C.

§§ 157 and 1334 in that this action arises in and relates to the bankruptcy case pending in the United

4842-2871-2959,v.1

1 │ States Bankruptcy Court for the Central District of California, Santa Ana Division, entitled *Jaime*

2 │ *Lynn Gallian*, Case Number 8:21-bk-11710-ES on the docket of the Court.

3 │      2.     This adversary proceeding is a core proceeding under 28 U.S.C. § 157(b)(2)(I)

4 │ (dischargeability of particular debts) and 28 U.S.C. § 157(b)(2)(J) (objections to discharge). To the

5 │ extent any claim for relief contained in this proceeding is determined to be non-core or involve a

6 │ *Stern*-claim, Plaintiff consents to the entry of final orders and judgments by the Bankruptcy Court.

7 │      3.     Venue properly lies in the Central District of California in that this adversary

8 │ proceeding arises in or is related to a case under Title 11 of the United State Code as provided in

9 │ 28 U.S.C. § 1409.

## Parties

11 │      4.     Plaintiff is a California general partnership doing business in the County of Orange,

12 │ State of California, under the fictitious name of Rancho Del Rey Mobile Home Estates.

13 │      5.     Plaintiff is informed and believes, and thereon alleges that Defendant is an individual

14 │ residing in Huntington Beach, California.

## General Allegations

## The Parties and Their Background

17 │      6.     Houser Bros. Co. owns several acres of real property in Huntington Beach

18 │ California. The real property has been improved with both (a) a senior mobilehome park known as

19 │ Rancho Del Re Mobile Home Estates (hereinafter referred to as "The Park" or "Plaintiff") and

20 │ (b) an 80-unit condominium complex known as The Huntington Beach Gables ("The Gables").[1]

21 │ The Park is operated by Plaintiff and the condominium community leases the real property and is

22 │ operated by an independent Homeowners Association ("Association"). Both The Park and the

23 │ Gables are enclosed in a six-foot perimeter wall and traffic to both communities is controlled by the

---

25 │ [1] Defendant was involved in hotly-contested litigation with the Gables concerning property located
at 4476 Alderport Drive, Unit 53, Huntington Beach, California 92649 ("4476 Alderport"). The
26 │ litigation spawned a judgment of over $316,583.59 ("Gables Judgment") in favor of the Gables
which was formally entered on May 6, 2019. To that end, the Gables has separately filed an
27 │ adversary action against Defendant seeking to except the Gables Judgment from discharge as well as
to deny Debtor a discharge. *See*, Dk. No. 57 in Case No., 8:21-bk-11710-ES ("Gables Adversary
28 │ Complaint"). By this reference, Plaintiff incorporates all allegations in the Gables Adversary
Complaint as if specifically set forth herein.

4842-2871-2959,v.1

1  same gate with a manned gatehouse. Once a person is past the gatehouse, they have complete and

2  unfettered access to both communities.

3        7.      In February 2018, Defendant came to The Park's leasing office to inquire whether

4  there were any mobilehomes for sale. At this meeting, Defendant neither requested an application

5  packet nor any information as to The Park's requirements for tenancy and its application

6  procedures.

7        8.      Separately, on August 21, 2018, Plaintiff filed a complaint ("Ryan Complaint")

8  against an individual by the name of Lisa Ryan in Orange County Superior Court for failure to pay

9  rent stemming from Ms. Ryan's tenancy at the Park – namely 16222 Monterey Lane, Space 376,

10 Huntington Beach, CA 92649 ("Space 376" or "Premises").[2] Subsequently, Ms. Ryan and The Park

11 entered into a stipulated judgment ("Stipulated Judgment") resolving the Ryan Complaint and

12 providing for turnover of Space 376. Specifically:

13        (a)     No later than November 3, 2018, Ms. Ryan was to vacate Space 376;

14        (b)     The Park was entitled to a Writ of Possession provided no lock-out could occur prior

15                to November 4, 2018;

16        (c)     Ms. Ryan had 120 days to market and sell her mobilehome located at Space 376 or

17                the mobilehome would be subject to a warehouse lien auction;

18        (d)     The Park was to review any prospective buyers in accordance with Mobilehome

19                Residency Law ("MRL");

20        (e)     The sale of the mobilehome was to proceed via escrow; and

21        (f)     Ms. Ryan was to pay a money judgment of not less than $8,437.07 plus judicial

22                interest.

23        9.      On November 19, 2018, Defendant emailed an outdated application ("Application")

24 to the management office for The Park. At this time, the minimum requirements for tenancy at The

25 Park were as follows:

26

27

28 [2] *See*, Case No. 30-2018-01013582-CL-UD-CJC ("Ryan State Court Action"). On March 6, 2019, in
the Ryan State Court Action the Court granted Plaintiff's motion for reconsideration to intervene and
TRO to stay writ of possession.

1     (a)    At least 55 years of age;

2     (b)    Credit worthiness including a credit score of not less than 650;

3     (c)    Three times the subject rent in monthly income; and

4     (d)    Investigation of prior tenancies (lack of prior holdovers, unlawful detainers etc.).

10.    The Park reviewed the Application and found Defendant (a) did not meet the minimum financial requirements for tenancy; (b) had a credit score of 523; and (c) had numerous collections and charge offs as bad debts.

11.    Accordingly, on November 20, 2018, the Park (a) mailed a letter informing Defendant of the denial of her Application ("Denial Letter"); and (b) verbally informed Defendant's real estate agent of the Denial Letter. On the same day, Defendant called the The Park office to discuss the Denial Letter.

12.    On November 21, 2018, Defendant physically came to The Park office and tendered a cashier's check in the amount of $8,743.07 ("Cashier's Check"). The Cashier's Check (a) was in the name of J-Sandcastle Co, LLC; (b) made payable to RDR Mobile Home Estates; (c) contained no indication of the intended purpose. Subsequently, a game of "hot potato" with the Cashier's Check occurred between The Park and Defendant, where The Park finally returned to Defendant the Cashier's Check by certified mail.

13.    In December 2018, The Park found a second cashier's check from Defendant ("2nd Cashier's Check"). Again, the 2nd Cashier's Check was also returned by The Park to Defendant by certified mail.

14.    Subsequently, The Park learned Defendant lied on the Application. Specifically, when Defendant was asked "[h]ave you been asked to terminate your residency elsewhere or have you ever been evicted?" she answered in the negative. Yet, in October 2018 - *one month prior to turning in the Application* - Defendant was sued by The Gables Association for unlawful detainer.[3]

15.    From what The Park could ascertain, on or around November 1, 2018, Ms. Ryan allegedly transferred her interest in her mobilehome located at the Premises to an LLC owned by

---

[3] *See*, Case No. 30-2018-01024401.

4842-2871-2959,v.1

1 Defendant called J-Sandcastle Co., LLC ("JSC"). But the transfer was not done pursuant to any

2 written purchase agreement.

3      16.    Rather, Defendant asserts there (a) exists a security agreement between JSC and

4 Defendant where Defendant allegedly lent JSC $225,000 in exchange for a security interest in the

5 Premises; (b) accompanying the agreement is a secured promissory note ("Note") for $225,000,[4]

6 dated November 16, 2018, between JSC and J-Pad LLC ("JP") – which LLC Debtor also holds

7 some vague ownership interest in.

8      17.    Importantly, Defendant was never approved by the Park to be a tenant for Space

9 376.[5]

10      18.    In December 2018, The Park caused to be served on Defendant a Five-Day Notice of

11 Quit Premises.

12      19.    On January 2, 2019, The Park filed a complaint ("Complaint") against Defendant for

13 forcible entry/detainer (mobilehome park).[6]

14      20.    On February 22, 2019, Defendant filed her answer to the Complaint.

15      21.    In August 2020, title to the mobilehome located on the Premises was transferred to

16 Ron Pierpont. Subsequently, title to the Premises was also transferred to Defendant's children.

17      22.    Subsequently, the title certificate for the mobilehome on the Premises was further

18 changed to show Defendant as the registered owner.

19                      **The Bankruptcy Filing**

20      23.    On July 9, 2021, Defendant filed a voluntary petition for relief under Chapter 7 of

21 Title 11 of the United States Bankruptcy Code ("Petition Date") commencing Case No. 8:21-bk-

22 11710-ES.

23

24

_____

25 [4] Shortly after execution of the Note, on January 14, 2019, JP filed a UCC Financing Statement in
favor of itself with the Debtor listed as the JSC and Defendant with the collateral being the Premises.
26 In sum, in January 2019, the JSC was the registered owner and JP was the legal owner-holder of the
Note.
27 [5] Reasonable daily rental value of the Premises is at least $36.20.
[6] *See*, Case No. 30-2019-01041423-CL-UD-CJC ("State Court Action"). A true and correct copy of
28 the State Court Action is attached as **Exhibit 1**. Plaintiff incorporates by reference the allegations in
the State Court Action into this Complaint.

COMPLAINT

24.     On September 7, 2021, as Dk. No. 15, Defendant filed amended schedules: Amended Schedule A/B Individual: Property, Amended Schedule C: The Property You Claimed as Exempt, Schedule G Individual: Executory Contracts and Unexpired Leases, Schedule H Individual: Your Codebtors, Amended Schedule I Individual: Your Income, Statement of Financial Affairs for Individual Filing for Bankruptcy, Statement of Intention for Individuals Filing Under Chapter 7, Chapter 7 Statement of Your Current Monthly Income.

25.     On September 22, 2021, as Dk. No. 16, Defendant filed First Amended Schedule C: The Property You Claimed as Exempt, Amended Schedule I Individual: Your Income, Amended Schedule G Individual: Executory Contracts and Unexpired Leases, Amended Statement of Financial Affairs for Individual Filing for Bankruptcy, Amended Statement of Intention for Individuals Filing Under Chapter 7, Amended Statement of Related Cases, and Amended Chapter 7 Statement of Your Current Monthly Income.

26.     On the same day, as Dk. No. 17, Defendant filed Amended Schedules (D) and (E/F), Amended List of Creditors (Master Mailing List of Creditors), and Amended Verification of Master Mailing List of Creditors.

27.     On October 14, 2021, as Dk. No. 22, Defendant filed Amended Schedule A/B Individual: Property, Amended Schedule C: The Property You Claimed as Exempt, Amended Schedules (D) (E/F), Schedule G Individual: Executory Contracts and Unexpired Leases, Schedule H Individual: Your Codebtors, and Statement of Intention for Individuals Filing Under Chapter 7.

## First Claim for Relief

### (11 U.S.C. § 523(a)(2)(A))

28.     Plaintiff incorporates by reference, paragraphs 1 through 27 and realleges these paragraphs as though set forth in full.

29.     Defendant trespassed and took possession of the subject Premises without the consent of Plaintiff. No rental agreement has been entered into between Plaintiff and Defendant. Defendant's Application was denied due to her poor financial condition. Defendant also made a material falsehood on her Application.

4842-2871-2959,v.1

1    30.    Due to the failure of Defendant to execute a rental agreement prior to taking

2 possession of the Premises, Defendant has no right of tenancy and is an unlawful occupant within

3 the meaning o14 Civil Code §798.75.

4    31.    Defendant remains in possession of the subject Premises as of this date, and said

5 possession is without Plaintiff's consent.

6    32.    Defendant continues in willful, malicious, obstinate and/or intentional possession of

7 said Premises without Plaintiff's consent and refuse to surrender possession of same to Plaintiff.

8    33.    The reasonable rental value of the Premises is at least Thirty-Six Dollars and Twenty

9 Cents ($36.20) per day, and damages caused by Defendants' forcible detention will accrue at said

10 rates long as Defendants' mobilehome remains in possession of said Premises.

11    34.    The reasonable value of utilities consumed is the amount evidenced by the meter

12 installed on the Premises, and damages caused by Defendant's forcible detention will accrue at said

13 rates so long as Defendant's mobilehome remains in possession of said Premises.

14    35.    The reasonable value for trash removal and sewage charges are the amounts charged

15 by the suppliers for these services, and damages caused by Defendant's forcible detention will

16 accrue a said rate so long as Defendants, or any of them, remain in possession of said premises.

17    36.    As a direct and proximate result of Defendant's false pretenses, false representations,

18 or actual fraud, Plaintiff has suffered damages in an amount that exceeds $50,000.

19    37.    In short, Defendant trespassed, refuses to leave and this has caused Damage to

20 Plaintiff.

21    38.    Defendant further fraudulently represents that she has a right to be at the Premises

22 that is false and fraudulent resulting in her willfully and maliciously causing damage to Plaintiff.

23    39.    By reason of the foregoing, all amounts due to Plaintiff under the Judgment must be

24 excepted from any discharge received by the Debtor pursuant to 11 U.S.C. § 523(a)(2)(A).

25                              **Second Claim for Relief**

26                              (11 U.S.C. §523(a)(6))

27    40.    Plaintiff incorporates by reference paragraphs 1 through 39 and realleges these

28 paragraphs as though set forth in full.

4842-2871-2959,v.1

41.     Defendant knowingly, willfully, and/or intentionally converted Plaintiff's property, namely the Premises, for her own use while depriving Plaintiff of its right to the Premises.

42.     Defendant's actions were malicious.

43.     Defendant knew that the Premises were not her property and that she had no permission or right to be there.

44.     Defendant failed to return the Premises to Plaintiff despite demand. Defendant's conversion was willful and malicious and not innocent or technical.

45.     As a result of Debtor's willful and malicious actions, Plaintiff incurred damages in the amount of at least $50,000, exclusive of interest, costs, and attorney's fees.

46.     By reason of the foregoing, all amounts due to Plaintiff under the Judgment must be excepted from any discharge to be received by Debtor pursuant to 11 U.S.C. § 523(a)(6).

### Third Claim for Relief

### Debtor Took Actions to Hinder, Delay, and Defraud Creditors

### [11 U.S.C. § 727(a)(2)(A)]

47.     Plaintiff incorporates by reference all allegations of Paragraphs 1 through 46, inclusive, of this complaint as though fully set forth herein.

48.     Pursuant to 11 U.S.C. § 727(a)(2)(A), a debtor shall not receive a discharge if "the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed—property of the debtor, within one year before the date of the filing of the petition." *See, e.g., In re Lawson*, 122 F.3d 1237, 1240 (9th Cir. 1997).

49.     Within one year of the Petition Date, Debtor transferred or disposed of the Premises ("Transfer").

50.     When making the Transfer, Debtor subjectively intended to hinder, delay, or defraud creditors through the act of the Transfer.

4842-2871-2959,v.1

51.     Specifically, Debtor engaged in the Transfer at a time when creditors were attempting collection and unlawful detainer efforts, such that collection efforts by Debtor's creditors were hindered, delayed, or frustrated.

52.     Additionally, certain badges of fraud accompanied the Transfer, including that (a) there was a close relationship between JPS, JP and Debtor, as Debtor hold some ownership interest in both LLCs; (b) the Transfer, and subsequent transfers, were made in response to a pending lawsuit filed by Defendant and other creditors; (c) prior to the Transfer or as a result of the Transfer, Debtor was or was rendered insolvent; (d) substantially all of Debtor's property was transferred as a result of the transfers of the Premises; (e) Plaintiff is informed and believes that Debtor received no consideration for the Transfer, or any subsequent transfers. *See Retz v. Samson (In re Retz)*, 606 F.3d 1189, 1200 (9th Cir. 2010).

53.     Additionally, Debtor concealed her interest in the Premises by paying for the purchase of the Premises but placing title in the name of one or more LLCs and/or other individuals.

54.     Defendant's concealed interest in the Property continued into the one year period prior to bankruptcy.

55.     Accordingly, Debtor is not entitled to a discharge pursuant to 11 U.S.C. § 727(a)(2).

## Fourth Claim for Relief

## False Oaths

## [11 U.S.C. § 727(a)(4)]

56.     Plaintiff incorporates by reference all allegations of Paragraph 1 through 55, inclusive, of this complaint as though fully set forth herein.

57.     Pursuant to 11 U.S.C. § 727(a)(4)(A), a debtor shall not receive a discharge if "the debtor knowingly and fraudulently, in or in connection with the case—made a false oath or account." *See Retz*, 606 F.3d at 1196-99 (9th Cir. 2010).

58.     Debtor signed her Chapter 7 Petition, Bankruptcy Schedules, Statements of Financial Affairs and other documents filed with the Court under penalty of perjury, acknowledging that the information provided therein was true and correct, even though she knew some of the information provided was not true or correct.

4842-2871-2959,v.1

59.     At her initial 341(a) meeting of creditors, under penalty of perjury, Debtor answered in the affirmative that she signed, read and was personally familiar with the petition, schedules, statement of financial affairs and related documents, and that there were no errors or omissions. Debtor nevertheless made several material omissions and false oaths.

60.     First, on Debtor's Schedule A/B, she stated that originally that she held a 1/3 interest in JP. Subsequently, Debtor stated that she held a 1/7 interest in JP. Now, Debtor claims a 70% ownership interest without accounting for the change in interest/value.

61.     Second, Debtor transferred title to the Premises in and out of her name including transferring it to an JSC to conceal her alleged interest at a time when she was facing an adverse judgment in favor of the Gables. This omission is a false oath and is material because it is relevant to Debtor's financial affairs and business dealings, which Trustee must assess in order to properly administer the estate.

62.     Third, on Debtor's statement of financial affairs, she stated that she had not sold, traded, or otherwise transferred any property to anyone outside the ordinary course of business within the past two years prior to bankruptcy. This is contrary to the fact Debtor engaged in a series of transfers, through the Petition Date, involving the Premises. All transfers were outside the ordinary course of business. As stated above, this omission and false oath is material because it conceals a fraudulent transfer of estate property worth approximately $300,000. Without knowledge of this transfer, Trustee would be unable to pursue a fraudulent transfer action to recover up to $300,000 for the benefit of the estate and its creditors.

63.     Fourth, Defendant states in the schedules that she has an unexpired ground lease with Defendant when one does not exist.[8]

64.     Fifth, at her 341(a) meeting of creditors, Defendant stated that JSC and Defendant are the same and not legally distinct entities. Yet, Debtor provided alleged loan documents between

---

[8] Allegedly involving Tract 10542, Unit 4, Lot 376 16222 Monterey Lane. There is no ground lease on the MHP. There is a ground lease between BS Investors and Defendant for the condominium complex known as the HB Gables Tract 10542.

1  herself, JSC and JP as if all were distinct legal entities. Moreover, the date on the public notary page

2  has been removed and there are no dates or signatures on these documents.[9]

3      65.    Debtor made the foregoing omissions and false oaths knowingly by acting

4  deliberately and consciously. Debtor deliberately and consciously signed the schedules and

5  statement of financial affairs knowing that the information provided was not completely true and

6  correct. Thereafter, at her 11 U.S.C. § 341(a) meeting of creditors, Debtor testified under penalty of

7  perjury that there were no inaccuracies in her schedules or statement of financial affairs. This

8  supports a finding that Debtor acted knowingly in making the omissions and false oaths.

9      66.    Accordingly, Debtor is not entitled to a discharge pursuant to 11 U.S.C. § 727(a)(4).

10              **Fifth Claim for Relief**

11          **Objection to Debtor's Discharge**

12              **[11 U.S.C. § 727(a)(5)]**

13     67.    Plaintiff realleges and incorporates herein by this reference, the allegations contained

14  in Paragraphs 1 through 66 inclusive, as though fully set forth herein.

15     68.    Defendant has failed to explain satisfactorily the purchase and series of transfers

16  involving the Premises, including but not limited to the circumstances surrounding the alleged loan

17  of $225,000 between JP, JSC, and Defendant for the purchase of the mobilehome located on the

18  Premises.

19     69.    Defendant has failed to explain satisfactorily, namely produce any documentation,

20  evidencing that there exists any lease agreement – ground or otherwise - between Defendant and

21  Plaintiff.

22     70.    Defendant has been unable to explain how much she sold 4476 Alderport for and

23  where the proceeds went, including any agreements between herself and the subsequent purchaser.

24     71.    As a result of her failure to explain satisfactorily material issues related to the

25  Premises, any lease or purchase agreements, Debtor should be denied a discharge pursuant to 11

26  U.S.C. § 727(a)(5).

27  _____

28  [9] Interestingly, the notary page references "Anthony Calderon" which Plaintiff believes was
Defendant's ex-husband's boss who transferred JP to Defendant in 2018.

4842-2871-2959,v.1

**ON THE FIRST CLAIM FOR RELIEF**

1.      For a determination that all amounts owed to Plaintiff under the Judgment be excepted from discharge pursuant to 11 U.S.C. § 523(a)(2)(A);

**ON THE SECOND CLAIM FOR RELIEF**

2.      For a determination that all amounts owed to Plaintiff under the Judgment be excepted from discharge pursuant to 11 U.S.C. § 523(a)(6);

**ON THE THIRD CLAIM FOR RELIEF**

3.      For a determination that Debtor should be denied a discharge pursuant to 11 U.S.C. § 727(a)(2);

**ON THE FOURTH CLAIM FOR RELIEF**

4.      For a determination that Debtor should be denied a discharge pursuant to 11 U.S.C. § 727(a)(4);

**ON THE FIFTH CLAIM FOR RELIEF**

5.      For a determination that Debtor should be denied a discharge pursuant to 11 U.S.C. § 727(a)(5);

**ON ALL CLAIMS FOR RELIEF**

6.      For costs of suit incurred, including attorneys' fees as provided by applicable case law, statute, and/or agreement of the parties; and

7.      For such other relief as the Court deems just and proper.


DATED: October 18, 2021             MARSHACK HAYS LLP


By: */s/ Laila Masud*
                                    D. EDWARD HAYS
                                    LAILA MASUD
                                    Attorneys for Plaintiff,
                                    HOUSER BROS. CO. dba RANCHO DEL REY
                                    MOBILE HOME ESTATES

12

COMPLAINT

**EXHIBIT 1**

| | |
|---|---|
| 1 | ELAINE B. ALSTON, Bar No. 134139,<br>VIVIENNE J. ALSTON, Bar No. 170746 |
| 2 | Members of |
| 3 | **ALSTON, ALSTON & DIEBOLD**<br>Attorneys at Law |
| 4 | 27201 Puerta Real, Suite 300<br>Mission Viejo, California 92691 |
| 5 | (714) 556-9400 – FAX (714) 556-9500 |
| 6 | Attorney for Plaintiff |

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange

**01/02/2019** at 08:00:00 AM
Clerk of the Superior Court
By Diana Cuevas,Deputy Clerk

7

8    SUPERIOR COURT, STATE OF CALIFORNIA

9    COUNTY OF ORANGE,

10

| | |
|---|---|
| HOUSER BROS. CO., a California limited partnership dba RANCHO DEL REY MOBILE HOME ESTATES | Case No.: 30-2019-01041423-CL-UD-CJC |
| Plaintiff, | COMPLAINT FOR FORCIBLE ENTRY/ DETAINER (MOBILEHOME PARK) |
| vs. | [CIVIL CODE §798.75 AND CODE OF CIVIL PROCEDURE §§1159, et seq.] |
| JAMIE GALLIAN AND ALL OTHER OCCUPANTS AND PERSONS IN POSSESSION WITHOUT A SIGNED LEASE AGREEMENT, and DOES 1 to 10, inclusive, | **DOES NOT EXCEED $10,000.00** |
| Defendant | |

19    COMES NOW, the Plaintiff herein, and alleges as follows:

20        1.    Plaintiff, HOUSER BROS. CO., a California limited partnership doing business in the

21    County of Orange State of California, under the fictitious name of RANCHO DEL REY MOBILE

22    HOME ESTATES.  Plaintiff has filed the statements and published the notices required by §§17900, et

23    seq., of the Business and Professions Code.

24        2.    Defendants, JAMIE GALLIAN AND ALL OTHER OCCUPANTS AND PERSONS

25    IN POSSESSION WITHOUT A SIGNED LEASE AGREEMENT, are individuals residing in the City

26    of Huntington Beach, County of Orange State of California

27        3.    The true names and capacities of Defendants sued herein as DOES 1 through 10,

28    inclusive, whether individual, corporate, associate or otherwise, are unknown to Plaintiff, who

1

**COMPLAINT FOR FORCIBLE ENTRY/DETAINER**

EXHIBIT 1, PAGE 13

1   therefore sues said Defendants by said fictitious names.  Plaintiff will amend this Complaint to insert

2   said Defendants' true names and capacities when the same have been ascertained.

3       4.      The premises which are the subject of this action are located in the judicial district in

4   which this action is brought.  Said premises are situated at 16222 Monterey Lane. Space 376,

5   Huntington Beach, California 92647  (the "Premises").

6       5.      Plaintiff is the owner of said Premises and has a superior right to possession thereof.

7       6.      Defendants entered into possession of the subject Premises without the consent of

8   Plaintiff.  No rental agreement has been entered into between Plaintiff and Defendants. Defendant's

9   application was denied due to her poor financial condition.  Defendant also made a material falsehood

10  on her application, and her prior conduct indicates she will not comply with the Rules and Regulations

11  governing the mobilehome park.

12      7.      Due to the failure of Defendants to execute a rental agreement prior to taking possession

13  of the Premises, Defendants have no right of tenancy and are unlawful occupants within the meaning of

14  Civil Code §798.75.

15      8.      On or about December 11, 2018 Plaintiff caused to be served on Defendants a Five (5)

16  Day Notice to Quit Premises.  A copy of said Notice is attached hereto as Exhibit "1" and incorporated

17  herein by this reference.

18      9.      Defendants remain in possession of the subject Premises as of this date, and said

19  possession is without Plaintiff's consent.

20      10.     Defendants continue in willful, malicious, obstinate and/or intentional possession of said

21  Premises without Plaintiff's consent and refuse to surrender possession of same to Plaintiff.

22      11.     The reasonable rental value of the Premises is at least Thirty-Six Dollars and Twenty

23  Cents ($36.20) per day, and damages caused by Defendants' forcible detention will accrue at said rate so

24  long as Defendants' mobilehome remains in possession of said Premises.

25      12.     The reasonable value of utilities consumed is the amount evidenced by the meters

26  installed on the Premises, and damages caused by Defendants' forcible detention will accrue at said

27  rates so long as Defendants' mobilehome remains in possession of the said Premises.

28

2

**COMPLAINT FOR FORCIBLE ENTRY/DETAINER**

1     13.    The reasonable value for trash removal and sewage charges are the amounts charged by

2   the suppliers for these services, and damages caused by Defendants' forcible detention will accrue at

3   said rate so long as Defendants, or any of them, remain in possession of said premises.

4     14.    California Civil Code §798.85 states as follows:

5         "In any action arising out of the provisions of this chapter the prevailing
          party shall be entitled to reasonable attorneys' fees and costs."
6

7     15.    Plaintiff has been compelled to commence this action for recovery of possession of said

8   Premises and for default in payment of rent and utilities, and Plaintiff has thereby incurred and been

9   required to expend money for attorneys' fees.

10    16.    Plaintiff has been compelled to commence this action for recovery of possession of said

11  Premises and for default in payment of rent, utilities and other charges, and to otherwise enforce

12  Plaintiff's rights under Exhibit "1," and Plaintiff has thereby incurred and been required to expend

13  money for attorneys' fees.

14

15    WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, as follows:

16    (1)    For restitution of said Premises;

17    (2)    For damages at the rate of Thirty-Six Dollars and Twenty Cents ($36.20) per day as a

18    reasonable rental value of the Premises from and after the date Defendants went into

19    possession according to proof, and until judgment and for so long as Defendants, or any of

20    them, continue to occupy said Premises;

21    (3)    For actual consumption of utilities commencing from and after the date Defendants

22    went into possession according to proof, and until judgment and for so long as Defendants, or

23    any of them, continue in possession of said Premises;

24    (4)    For treble the amount above;

25    (5)    For attorneys' fees incurred herein;

26    (6)    For costs of suit incurred herein;

27    (7)    For interest at the legal rate on judgment; and

28

3

**COMPLAINT FOR FORCIBLE ENTRY/DETAINER**

1      (8)    For such other and further relief as the Court may deem just and proper, except that

2    Plaintiff remits all damages in excess of the jurisdiction of this Court.

3

4    DATED: December  _18_ , 2018        By:  _____

5                                      Vivienne J. Alston

6                                      Attorney for Plaintiff

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4

**COMPLAINT FOR FORCIBLE ENTRY/DETAINER**

EXHIBIT 1, PAGE 16

**EXHIBIT 1**

ELAINE B. ALSTON
VIVIENNE J. ALSTON
DONALD A. DIEBOLD

## ALSTON, ALSTON & DIEBOLD

TELEPHONE (714) 556-9400
FACSIMILE (714) 556-9500

27201 PUERTA REAL
SUITE 300
MISSION VIEJO, CALIFORNIA 92691

OUR FILE NO:   1510.

December 10, 2018

## FIVE (5) DAY DEMAND
## FOR SURRENDER OF POSSESSION OF SITE

**To:**   **Jamie Gallian and All Unlawful Occupants and Persons in Possession Without a Signed Rental Agreement ("Occupants"):**

**NOTICE IS HEREBY GIVEN** that management of the mobilehome park commonly known as:

Rancho Del Rey
16222 Monterey Lane
Huntington Beach, CA 92649
(referred to as "Park" herein)

HEREBY DEMANDS that the Occupants named above, and each of them, quit the premises in the Park and surrender possession thereof commonly described as:

Space376
(referred to as "site" herein)

WITHIN FIVE (5) DAYS FROM AND AFTER SERVICE OF THIS NOTICE, and that said surrender of the mobilehome site be made to the park manager(s), who is authorized to receive the same on behalf of the management.

Civil Code Section 798.75 authorizes forcible detainer proceedings against any occupant of a mobilehome park who does not have rights of tenancy and is not otherwise entitled to occupy the premises, upon failure of the occupants to quit the premises within five (5) days after service of a demand for surrender of the site.

This notice is served with reference to the following facts, inter alia, upon which said demand is now hereby made:

That you have actual and physical possession of the site, without permission from park management, and without right or authority under a rental agreement or otherwise. Based upon the foregoing facts, management is authorized to pursue its legal remedies to obtain possession of the site from all such Occupants having no right of tenancy or possession.

EXHIBIT 1, PAGE 18

J Gallian
and All Unlawful Occupants
December 10, 2018
Page 2


**THIS NOTICE IS INTENDED AS A FIVE (5) DAY DEMAND TO SURRENDER POSSESSION AND
NOTICE TO QUIT AS PER** CIVIL CODE **SECTION 798.75. SHOULD YOU FAIL TO QUIT AND
SURRENDER POSSESSION AS HEREBY DEMANDED, LEGAL PROCEEDINGS SHALL BE
INSTITUTED FOR RESTITUTION OF POSSESSION OF THE PREMISES, REASONABLE RENTAL
VALUE, DAMAGES INCIDENTAL TO OCCUPANTS WRONGFUL UNLAWFUL OCCUPATION OF
THE SITE, AND ATTORNEYS' FEES AND COSTS, AND STATUTORY DAMAGES.**

ALSTON, ALSTON & DIEBOLD

Dated:  December 10, 2018                    By: _____
                                            VIVIENNE J. ALSTON
                                            Authorized Agent for Owner


cc:    Client
       Park Manager

EXHIBIT 1, PAGE 19

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address) | TELEPHONE NUMBER | FOR COURT USE ONLY |
|---|---|---|
| Vivienne J. Alston SBN 170746<br>ALSTON, ALSTON & DIEBOLD<br>27201 Puerta Real ste 300<br>Mission Viejo, CA 92691<br>ATTORNEY FOR  **Plaintiff** | **(714) 556-9400** | |

| SHORT TITLE OF CASE: | |
|---|---|
| Rancho Del Rey v. Gallian, Jamie | |

| DATE: | TIME: | DEP./DIV. | CASE NUMBER:<br>Not Applicable |
|---|---|---|---|
| **Declaration of Service of Notice to Tenant** | | | Ref. No. or File No:<br>**1510** |

I, the undersigned, declare that I served the tenant with the: **Five (5) Day Demand for Surrender of Possessin of site.;**

Constructive Service

After unsuccessfully attempting to personally serve said Notice(s) on each of the named parties on **12/11/2018** at **05:39 PM**, I completed service by serving said notice(s) as authorized by C.C.P. Section 1162 (2,3). In the manner set forth below.

To: **Jamie Gallian**

On: **12/11/2018**        At: **05:39 PM**

**By posting** a copy for each tenant in a conspicuous place on the property therein described, there being no person of suitable age or discretion to be found at the property where situated, **and mailing** a copy to said tenant(s) by depositing said copies in the United States Mail in a sealed envelope with postage fully prepaid, addressed to the tenant  on **12/11/2018** from **Garden Grove** at the address where served: **16222 Monterey Lane 376  Huntington Beach, CA 92649**

Person Who served papers:
  a. Name: **Cesar Gonzalez**
  b. Address: **840 N. Birch St, Santa Ana, CA 92701**
  c. Telephone number: **714-953-9451**
  d. **The fee for this service was: 129.50**
  e. I am:
  (3) [X] a registered California process server:
      (i) [X] Independent Contractor
      (ii) Registration No.: **2729**
      (iii) County: **Orange**

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.



_____
**Cesar Gonzalez**          Date: **12/12/2018**

| Declaration of Service of Notice to Tenant | Invoice #: 2305520-01 |
|---|---|

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address) | TELEPHONE NUMBER | FOR COURT USE ONLY |
|---|---|---|
| **Vivienne J. Alston SBN 170746**<br>**ALSTON, ALSTON & DIEBOLD**<br>**27201 Puerta Real ste 300**<br>**Mission Viejo, CA 92691**<br>ATTORNEY FOR  **Plaintiff** | **(714) 556-9400** | |

| SHORT TITLE OF CASE:<br>Rancho Del Rey v. Gallian, Jamie | | |
|---|---|---|
| DATE: | TIME: | DEP./DIV. |

| | CASE NUMBER:<br>Not Applicable |
|---|---|
| **Declaration of Service of Notice to Tenant** | Ref. No. or File No:<br>1510 |

I, the undersigned, declare that I served the tenant with the: **Five (5) Day Demand for Surrender of Possessin of site.;**

Constructive Service

After unsuccessfully attempting to personally serve said Notice(s) on each of the named parties on **12/11/2018** at **05:39 PM**, I completed service by serving said notice(s) as authorized by C.C.P. Section 1162 (2,3). In the manner set forth below.

To: **All Other Occupants**

On: **12/11/2018**       At: **05:39 PM**

**By posting** a copy for each tenant in a conspicuous place on the property therein described, there being no person of suitable age or discretion to be found at the property where situated, **and mailing** a copy to said tenant(s) by depositing said copies in the United States Mail in a sealed envelope with postage fully prepaid, addressed to the tenant  on **12/11/2018** from **Garden Grove** at the address where served: **16222 Monterey Lane 376  Huntington Beach, CA 92649**

Person Who served papers:
  a. Name: **Cesar Gonzalez**
  b. Address: **840 N. Birch St, Santa Ana, CA 92701**
  c. Telephone number: **714-953-9451**
  d. **The fee** for this service was: **39.50**
  e. I am :
  (3) [X] a registered California process server:
    (i) [X] Independent Contractor
    (ii) Registration No.: **2729**
    (iii) County: **Orange**

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.



JANNEY & JANNEY
LEGAL SUPPORT SERVICE

**Cesar Gonzalez**          Date: **12/12/2018**

Declaration of Service of Notice to Tenant                                    Invoice #: 2305520-02

EXHIBIT 1, PAGE 21

## VERIFICATION

STATE OF CALIFORNIA, COUNTY OF ORANGE

I have read the foregoing COMPLAINT _____

_____ and know its contents.

☐ **CHECK APPLICABLE PARAGRAPHS**

☐    I am a party to this action. The matters stated in the foregoing document are true of my own knowledge except as to
those matters which are stated on information and belief, and as to those matters I believe them to be true.

☒    I am ☐ an Officer ☒ a partner _____ ☐ a _____ of HOUSER BROS CO.

a party to this action, and am authorized to make this verification for and on its behalf, and I make this verification for that
reason. ☐  I am informed and believe and on that ground allege that the matters stated in the foregoing document are
true. ☒ The matters stated in the foregoing document are true of my own knowledge, except as to those matters which are
stated on information and belief, and as to those matters I believe them to be true.

☐    I am one of the attorneys for _____

a party to this action. Such party is absent from the county of aforesaid where such attorneys have their offices, and I make
this verification for and on behalf of that party for that reason. I am informed and believe and on that ground allege that
the matters stated in the foregoing document are true.

Executed on    December 19 , 2018 _____ , at HUNTINGTON BEACH _____ , California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

_Christopher C Houser_

Type or Print Name                                                               Signature

## PROOF OF SERVICE
1013a (3) CCP Revised 5/1/88

STATE OF CALIFORNIA, COUNTY OF

I am employed in the county of _____ , State of California.

I am over the age of 18 and not a party to the within action; my business address is: _____

_____

On. _____ I served the foregoing document described as _____

_____

_____

_____ on _____ in this action

☐ by placing the true copies thereof enclosed in sealed envelopes addressed as stated on the attached mailing list:

☐ by placing ☐ the original ☐ a true copy thereof enclosed in sealed envelopes addressed as follows:

☐ **BY MAIL**

☐ *I deposited such envelope in the mail at _____ , California.
The envelope was mailed with postage thereon fully prepaid.

☐ As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.
Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at
_____ California in the ordinary course of business. I am aware that on motion of the
party served. service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of
deposit for mailing in affidavit.

Executed on _____ , at _____ , California.

☐ **(BY PERSONAL SERVICE) I delivered such envelope by hand to the offices of the addressee.

Executed on _____ , at _____ , California.

☐ (State)    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☐ (Federal)  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was
made.

_____            _____
Type or Print Name                                    Signature

*(BY MAIL SIGNATURE MUST BE OF PERSON DEPOSITING ENVELOPE IN
MAIL SLOT, BOX, OR BAG)
**(FOR PERSONAL SERVICE SIGNATURE MUST BE THAT OF MESSENGER)

Legal
Solutions    Rev. 7/99
Plus

EXHIBIT 1, PAGE 22

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 5801 Skylab Road Huntington Beach, CA 92647

A true and correct copy of the foregoing document entitled (*specify*): COMPLAINT TO
(1) DETERMINE DISCHARGEABILITY OF DEBT PURSUANT TO 11 U.S.C. §§ 523 (a)(2)(A) and (a)(6);
(2) DENY DISCHARGE PURSUANT TO 11 U.S.C. §§ 727(a)(2)(A), (a)(4), and (a)(5) will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **June 20, 2023**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Jeffrey I Golden (TR)**   lwerner@wgllp.com, jig@trustesolutions.net;kadele@wgllp.com
- **D Edward Hays**   ehays@marshackhays.com,
  ehays@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.court drive.com
- **Laila Masud**   lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com
- **United States Trustee (SA)**   ustpregion16.sa.ecf@usdoj.gov

☐  Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐  Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **June 20, 2023**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.
Honorable Scott C. Clarkson
United States Bankruptcy Court
Central District of California
Ronald Reagan Federal Building and Courthouse
411 West Fourth Street, Suite 5040
Santa Ana, CA 92701-4593

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| June 20, 2023   Robert McLelland | | *Robert McLelland* |
| Date     Printed Name | | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.