| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| JAMIE LYNN GALLIAN<br>16222 MONTEREY LANE UNIT 376<br>HUNTINGTON BEACH, CA 92649<br>714-321-3449<br>JAMIEGALLIAN@GMAIL.COM<br><br>☒ *Individual appearing without attorney*<br>☐ Attorney for: | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION**

| In re:<br>IN RE<br><br>JAMIE LYNN GALLIAN<br><br><br><br>Debtor(s). | CASE NO.: 8:21-bk-11710-SC<br>CHAPTER: 7<br><br>**NOTICE OF MOTION FOR:**<br>Notice Of Motion and Motion to Dismiss Chapter 7 Petition Without Prejudice Pursuant to 11 U.S.C. §707<br><br><br>***(Specify name of Motion)***<br><br>DATE: 7.20.2023<br>TIME: 11:00 a.m.<br>COURTROOM: 5C via Zoom.gov<br>PLACE: 411 West Fourth Street<br>             Santa Ana, CA 92701 |

1. TO (*specify name*): ALL INTERESTED PARTIES

2. NOTICE IS HEREBY GIVEN that on the following date and time and in the indicated courtroom, Movant in the above-captioned matter will move this court for an Order granting the relief sought as set forth in the Motion and accompanying supporting documents served and filed herewith. Said Motion is based upon the grounds set forth in the attached Motion and accompanying documents.

3. **Your rights may be affected.** You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

4. **Deadline for Opposition Papers:** This Motion is being heard on regular notice pursuant to LBR 9013-1. If you wish to oppose this Motion, you must file a written response with the court and serve a copy of it upon the Movant or Movant's attorney at the address set forth above no less than fourteen (14) days prior to the above hearing date. If you fail to file a written response to this Motion within such time period, the court may treat such failure as a waiver of your right to oppose the Motion and may grant the requested relief.

5. **Hearing Date Obtained Pursuant to Judge's Self-Calendaring Procedure:** The undersigned hereby verifies that the above hearing date and time were available for this type of Motion according to the judge's self-calendaring procedures.

Date: 06/27/2023

Printed name of law firm

_[signature]_
Signature

JAMIE LYNN GALLIAN, IN PRO SE
Printed name of attorney

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2012          Page 2          F 9013-1.1.HEARING.NOTICE

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
5801 SKYLAB ROAD HUNTINGTON BEACH, CA 92647

A true and correct copy of the foregoing document entitled: **NOTICE OF MOTION FOR** (*specify name of motion*)
MOTION TO DISMISS CHAPTER 7 PETITION WITHOUT PREJUDICE PURSUANT TO 11 U.S.C. §707

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 06/27/2023, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) 6.27.23, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

JANINE B. JASSO EMAIL ADDRESS: j9-jasso@yahoo.com

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 06/27/2023 | ROBERT MCLELLAND | *Robert McLelland* |
|---|---|---|
| Date | Printed Name | Signature |

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: CONTINUED:
   - **ATTORNEY FOR HOUSER BROS. CO. DBA RANCHO DEL REY MOBILE HOME ESTATES:.:** Bradford Barnhardt bbarnhardt@marshackhays.com, bbarnhardt@ecf.courtdrive.com, kfrederick@ecf.courtdrive.com
   - **ATTORNEY FOR TRUSTEE JEFFREY I GOLDEN (TR):** Aaron E DE Leest adeleest@DanningGill.com, danninggill@gmail.com; adeleest@ecf.inforuptcy.com
   - **ATTORNEY FOR THE HUNTINGTON BEACH GABLES HOMEOWNERS' ASSOCIATION:** Robert P Goe kmurphy@goeforlaw.com, rgoe@goeforlaw.com; goeforecf@gmail.com
   - **TRUSTEE JEFFREY I GOLDEN (TR):** Jeffrey I Golden (TR lwerner@wgllp.com, jig@trustesolutions.net; kadele@wgllp.com
   - **ATTORNEY FOR HOUSER BROS. CO. DBA RANCHO DEL REY MOBILE HOME ESTATES:** D Edward Hays ehays@marshackhays.com, ehays@ecf.courtdrive.com; kfrederick@ecf.courtdrive.com; cmendoza@marshackhays.com; cmendoza@ecf.courtdrive.com
   - **ATTORNEY FOR TRUSTEE JEFFREY I GOLDEN (TR):** Eric P Israel eisrael@DanningGill.com, danninggill@gmail.com; eisrael@ecf.inforuptcy.com
   - **ATTORNEY FOR HOUSER BROS. CO. DBA RANCHO DEL REY MOBILE HOME ESTATES:** Laila Masud lmasud@marshackhays.com, lmasud@ecf.courtdrive.com; kfrederick@ecf.courtdrive.com

   - **U.S. TRUSTEE:** United States Trustee (SA) ustpregion16.sa.ecf@usdoj.gov

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                    F 9013-3.1.PROOF.SERVICE

JAMIE LYNN GALLIAN
16222 Monterey Lane Unit 376
Huntington Beach, CA 92649
(714) 321-3449
jamiegallian@gmail.com

In PRO PER

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>JAMIE LYNN GALLIAN,<br><br>Debtor. | Case No. 8:21-bk-11710-SC<br><br>Chapter 7<br><br>**DEBTORS NOTICE OF MOTION AND MOTION TO DISMISS CHAPTER 7 PETITION WITHOUT PREJUDICE PURSUANT TO 11 U.S.C. §707**<br><br>Hearing Date: July 20, 2022<br>Time:           11:00 a.m.<br>Courtroom:  5C via Zoom.Gov<br><br>411 West Fourth Street<br>Santa Ana, CA 92701 |

TO THE HONORABLE SCOTT C. CLARKSON, CHAPTER 7 TRUSTEE, UNITED STATES TRUSTEE, ALL PARTIES AND THEIR ATTORNEY'S OF RECORD:

JAMIE LYNN GALLIAN, DEBTOR, FILES THIS NOTICE OF MOTION AND MOTION TO DISMISS CHAPTER 7 PETITION PURSUANT TO 11 U.S.C. §707. The legislative purpose of bankruptcy relief is to give debtors a fresh start by shedding debts that they owed but cannot pay. There are no secured creditor money judgments filed in the Official Records of the Clerk Recorder, County of Orange against Debtor's 2014 Skyline Manufactured personal property home, Decal LBM 1081.registered with the California Department of Housing and Community Development. Debtor resides in the 2014 Skyline manufactured home as her permanent residence since November 2018, with a filed Declared Homestead pre-petition with the Clerk of the Court, County of Orange.

1

## INTRODUCTION

Jamie Lynn Gallian filed a chapter 7 bankruptcy on July 09, 2021, Case No. 8:21-BK-11710-SC. Debtor owes approximately $ 400,000.00 in unsecured debt to The Huntington Beach Gables Homeowners Association. The second unsecured Creditor, Houser Bros Co a California limited partnership dba Rancho Del Rey Mobilehome Estates purports to be a interested party in Ms. Gallian's Chapter 7. Neither a creditor or interested party.

The United States Trustee (UST) has not filed any motion to dismiss Jamie Lynn Gallian's chapter 7 petition in bad faith pursuant to 11 U.S.C. § 707(b)(3)(A).

No portion of Ms. Gallian's debt was incurred in an effort to help her family in a time of financial difficulty, None of Ms. Gallian's debt was incurred in illegitimate or unscrupulous activities of her attorneys she alleged to have paid several thousands of dollars in retainer payments to. Various factors in the evidence weigh in favor of GRANTING of the Debtor's motion to dismiss her chapter 7 petition without prejudice.. Many factors suggest that Ms. Gallian's filing of her chapter 7 petition was done with good faith on her part, with no indication of abuse of the bankruptcy code pursuant to 11 U.S.C. § 707(b)(3)(A) or B). In consideration of the "totality of the circumstances" analysis, there is no showing of abuse of the bankruptcy process pursuant to 11 U.S.C. § 707(b)(3)(B). The Debtor's motion should be granted.

## FACTS

Commencing in 2018, Ms. Gallian was severally injured causing her to be away from her 20 year carreer as a flight attendant on a medical leave of absence for approximately 4 years. Ms. Gallian's statement of filed tax return for 2018 indicates that she earned $32,000 for the first half of 2018. Ms. Gallian remained unemployed at the time of her petition. In February of 2022, Ms. Gallian accepted employment with Walgreens Co. She was subsequently laid off 6 months later and looked for other employment. She did not file for unemployment; instead she accepted a position with VONS Companies and continues to be employed there at this time. Since July 2022, Ms. Gallian continues to be employed on a parttime basis and currently brings home $375.00 per week after deductions.

2

Ms. Gallian rents a room to a renter in her home for additional income disclosed to the bankruptcy court in March 2022, Docket No. 80. Unfortunately, since 2018 when debtor sustained severe crushing injury to her left foot with severe nerve impingement and damage after she was battered in August 2018, (Criminal Case Pending 19WM09951 *People of the State of California vs Jesus Jasso Jr.* ) Ms. Gallian has been unemployed from her usual 20+ year career as a flight attendant. Due to the ongoing complications from the crushing injury she will never return to her coveted job as a flight attendant. Debtor lives with her roommate, Robert McLelland in the Space 376 2014 Manufactured Home she purchased in the same TRACT 10542 she previously sold her homestead, A.P.N. 937-630-53, 4476 Alderport Dr. Unit 53 Huntington Beach, CA.

In October 2018, after debtor stopped working as a flight attendant due to the injury in August 2018, Debtor experienced a general sense of financial panic due to the $9,000.00 yearly Ground Leasehold in violation of the Municipal Code of the City of Huntington Beach within a Condominium Project, $ 3800.00 County Tax Assessment on the Ground leasehold and building where debtor owned her home in fee simple with an undivided interest as tenant in common in the common area of Lot 1 & Lot 2 of Parcel Map Book 108, pg 47-48, and Tract Map recorded in Misc. Maps Book 456, Pg 49-50; $3700.00 HOA yearly fees. In September 2018, debtor sold her homestead at 4476 Alderport home and quickly signed a Lease Agreement on with the \Landlord Henry Newton on 9/11/2018. Debtor vacated the Alderport home and moved to 5782 Pinon Drive in Huntington Beach, CA. The sale never closed. On October 30, 2018, debtor was contacted by a second purchaser of Alderport while in the hospital. Debtor sold the Alderport property to Randall Nickel on October 31 2018, for $379,000.00, received two cashiers checks deposited into debtors Chase Account.

Debtor states in her schedules that she loaned her single member entity J-Sandastle Co approximately $175,000 and $80,000.00 secured with an 11/16/2018 Promissory Note and a Security Agreement signed by Debtor disclosed in her schedules and UCC filing 1/14/2019.  The money was used for attorney's fees to defend two Unlawful Detainer actions pending, two 4th District Court of Appeal(s) Attorney Fee Bills and attorney consultains, various cosmetic procedures and Space 376 home improvements.  Debtor successfully terminated the 3 year Pinon Drive lease and moved to Space 376 MH unit as her permanent home with the intent of entering into a Lease Agreement for the unexpired term of the GroundLease Gallian was already subject to as the owner of Unit 53.

    Gallian did not spend monies for any unnecessary items;  nor did she misuse her credit available by taking cash advances on her credit cards.  There are no sale proceed not accounted for, or any funds received from her 401k disbursements. Debtor has provided any and all bank statements to the Bankruptcy Trustee and has accounted for all sale proceeds from the sale of Gallian's Alderport home.

    In July 2021. Gallian had no credit cards debt.  Her credit score was 745, Thus, in July 2021, Gallian did not incur credit card debt, arguably either for business purposes or for any personal reasons.

    Debtor did not use her credit cards in November or December 2018 to pay for various contractor services, for the remodeling or upgrade of the Space 376 new investment property expenses.

    Gallian used her credit card to pay for the PACER Account quarterly invoices.

    Gallian's Schedule F enumerates 1 credit cards with individual card debt of $9000 which was for a US Bank Credit Card belonging to her sister.

4

**DISCUSSION**

In considering whether a chapter 7 case should be dismissed under the provisions of chapter 7, courts may consider (a) whether the debtor filed the petition in good faith; or (b) whether the totality of the circumstances of the debtor's financial situation demonstrates abuse.  11 U.S.C. § 707(b)(3)(A) and (B).  The Bankruptcy Trustee has not moved to dismiss Ms. Gallian's chapter 7 pursuant to § 707(b)(3)(A) or (B).

**A. There is no bad faith warranting Dismissal Under 707(b)(3)(A)**

Section 707(b)(3) was added to the Bankruptcy Code by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (BAPCPA). Since BAPCPA, the Ninth Circuit has not established a standard for determining a finding of "bad faith" in chapter 7 cases under § 707(b)(3)(A).  However, a few bankruptcy courts have addressed the issue.  See, e.g., In re Mitchell, 357 B.R. 142 (Bankr. C.D.Cal. 2006).  The court in Mitchell, a chapter 7 case, used a nine-part test borrowing both from the Ninth Circuit's pre-BAPCPA "substantial abuse" test and from chapter 11 and 13 bad faith cases.  Id. at 153-156 (citing: In re Price, 353 F.3d 1135, 1139-40 (9th Cir. 2003) (using a six factor "totality of the circumstances test" to determine "substantial abuse" under pre-BAPCPA 707(b)); In re Leavitt, 171 F.3d 1219 (9th Cir. 1999)(dismissing a chapter 13 for cause under §§ 349(a) and 1307(c), after a finding of bad faith employing a four part "totality of the circumstances" test)).

The court in Mitchell considered the following nine factors in determining whether "the debtor's intention in filing bankruptcy is inconsistent with the Chapter 7 goals of providing a 'fresh start' to debtors and maximizing return to creditors" and whether the case should thus be dismissed under § 707(b)(3)(A):

1. Whether the chapter 7 debtor has a likelihood of sufficient future income to fund a chapter 11, 12, or 13 plan which would pay a substantial portion of the unsecured claims;

2. Whether debtor's petition was filed as a consequence of illness, disability, unemployment, or other calamity;

3. Whether debtor obtained cash advances and consumer goods on credit exceeding his or her ability to repay;

4. Whether debtor's proposed family budget is excessive or extravagant;

5. Whether debtor's statement of income and expenses misrepresents debtor's financial condition;

6. Whether debtor made eve of bankruptcy purchases;

7. Whether debtor has a history of bankruptcy petition filings and dismissals;

8. Whether debtor has invoked the automatic stay for improper purposes, such as to delay or defeat state court litigation;

9. Whether egregious behavior is present.

Mitchell at 154-55. To be sure, no single factor is considered dispositive, Id. at 155 (citing: In re Powers, 135 B.R. 980, 991-92 (Bankr. C.D.Cal. 1991); In re Marshall, 298 B.R. 670, 681 (Bankr. C.D.Cal. 2003)), and fraudulent intent is not required for a finding of bad faith. Id. (citing Leavitt, 171 F.3d at 1224).

**1. There is no Likelihood that the chapter 7 debtor will have sufficient future income to fund a chapter 11 or 13 plan.** Ms. Gallian does not currently have income to fund a chapter 11 or 13. According to the pleadings, such future income is not foreseeable. This fact supports Gallian's position and request for dismissal.

**2. Consequence of illness, disability, unemployment or other calamity.**

Ms. Gallian claims, in part, that the bankruptcy petition was filed as a consequence of the disability of herself from the disability she sustained from the criminal battery in August 2018, her loss of her 20+ year career employment. Her disability and substanial loss of earning capacity caused financial panic, in response to which she sold her Alderport real property to get out from under the Ground leasehold, HOA fees and the Tax Assessor Land and building assessments. Debtor purchased a 2014 Manufactured home "in place" next door in the mobilehome senior park of the project. Ms. Gallian used over 50% from the sale of her previous homestead. The remaining 50% was used to fund a loan under an agreement that promised her 5.5% interest of return on her money. However, attorney fees were paid and has received no money in return for her investment.

Ms. Gallian onset of MS in 2016, her left foot crushing injury and nerve disability, her new unemployment at minimum wage and the pandemic are all contributing factors to Ms. Gallian economic condition not withstanding her mental health deteriotion notwithstanding the frontal lobe injuries she sustained twice in her lifetime contributing to mental health deficit. Ms. Gallian financial picture does not include grand expenditures or a misuse of credit. There has been significant change in Ms. Gallian health status after 2021.

Further, there is nothing in Ms. Gallian's bankruptcy picture that suggests that Ms. Gallian incurred thousands of dollars of new credit card debt, a new car for herself, extravagant vacations and luxurious hotel stays, or any other consumer items. The the alleged period of financial distress began to occur when Houser Bros Co and Huntington Beach Gables conspired to hold Ms. Gallian hostage in the mobilehome park by not approving any potential applicant for a space lease to allow Ms. Gallian to sell her 2014 mobilehome in place.

**3.** **Ms. Gallian did not take cash advances** or purchase consumer goods on credit.Ms. Gallian purchased no luxury consumer items on credit beyond her ability to repay at the expense of any creditor.

**4. Excessive or extravagant proposed family budget.** Ms. Gallian budget appears to be reasonable.  In Schedules I and J, she claims average monthly income of $3,100 and average monthly expenditures of $2600.00,  IThere is no significant gap between her monthly income and budget  suggestive of good faith on her part.

**5. Statement of income and expenses representing financial condition.** The petition and schedules have not alleged any misrepresentation in Gallian's statement of financial condition.

**6. Eve of bankruptcy purchases.**  Gallian made no purchases on the eve of bankruptcy in favor of a finding of good faith.

**7.** **Bankruptcy history.**  Ms. Gallian had a previous bankruptcy in 2003.

**8.** **Improper purpose for automatic stay:** state litigation.  There is no evidence that Ms. Gallian invoked the automatic stay for an improper purpose, such as to defeat the 2019 state court unlawful detainer litigation that remains unprosecuted.  .

**9. Egregious behavior.** Ms. Gallian argues that rather than exhibiting egregious behavior, the facts illustrate bad financial luck. She points to the fact that she has had a hard time finding a job post covid. Ms. Gallian has limited education and training. In the end, she claims that despite her honest efforts to improve her income, she has been unlucky and, thus, is unable to pay off the May 5, 2019 unsecured Huntington Beach Gables attorney fee judgment/debts.

The factors stated, Ms. Gallian's lack of spending as detailed above, Ms. Gallian's low rate of income over a four-year period preceding bankruptcy, there is no history of cash advance debt, or unreasonable expenditures appear to be in line under the circumstances.

Thus, analysis pursuant to nine of nine <u>Mitchell</u> factors, support a finding of a Chapter 7 petition filed in good faith.

**B. Dismissal Under 707(b)(3)(B) is not warranted: Totality of the Circumstances**

Additionally, dismissal would not appear appropriate under § 707(b)(3)(B), considering the "totality of the circumstances" due to the lack evidence. Bankruptcy courts that have addressed § 707(b)(3) since the enactment of BAPCPA have found that the "totality of the circumstances" tests that were applicable under the former § 707(b) remain applicable under BAPCPA. Mitchell, 357 B.R. at 150, 153; In re Richie, 353 B.R. 569, 575 (Bankr. E.D. Wis. 2006). BAPCPA made changes, however, making it easier for a Trustee or Creditor to prove a case for abuse because (a) there is a presumption in favor of granting relief to a debtor, and (b) the standard for dismissal is reduced from "substantial abuse" to mere "abuse." In re Colgate, 2007 WL 1649103 at *3 (Bankr. E.D.N.Y. 2007); Mitchell, 357 B.R. at 153; Richie, 353 B.R. at 574.The Price "totality of the circumstances" test includes the following six factors:

1. Whether there is a likelihood of future income to fund debtor's chapter 11, 12, or 13 plan;
2. Whether the petition was filed as a consequence of illness, disability, unemployment, or other calamity;
3. Whether the schedules suggest debtor obtained cash advances and consumer goods without the ability to repay;
4. Whether debtor's proposed family budget is excessive or extravagant;
5. Whether debtor's papers misrepresent his or her financial condition; and
6. Whether debtor engaged in eve of bankruptcy purchases.

Price, 353 F.3d at 1139-40.

Here, Price factors are favorable to Ms. Gallian, indicating a

good faith intent and no support for any conclusion of abuse under § 707(b)(3)(B).

**1. Future income to fund a chapter 11 or 13 plan.** Ms. Gallian has no foreseeable likelihood of future income to fund a chapter 11 or 13.

**2. Consequence of illness, disability, unemployment, or calamity.** This factor is favorable to Ms. Gallian because Ms. Gallian has presented evidence that she herself experiences a severe illness and injury, change in employment status, disability from Covid-19 pandemic, the excess of her debt over her income.

**3. There is no evidence of Cash advances and or consumer good purchases without ability to repay.** As discussed above, Ms. Gallian did not incur credit card debt which may have been incurred in the attempt to improve her financial situation. Ms. Gallian did not misuse her credit. Thus, this factor weighs in her favor.

**4. Excessive or extravagant family budget.** As discussed above, Ms. Gallian's monthly income is very close to her monthly spending, which includes rent she receives from a person renting a room in her home. Her budget is not excessive and suggestive of a good faith attempt at bankruptcy relief.

**5. Misrepresentation of financial condition.** There are no alleged misrepresentation in Ms. Gallian's bankruptcy schedules or papers as to her financial condition.

**6. Eve of bankruptcy purchases.** As discussed above, Ms. Gallian did not apply or receive or open any credit cards in July of 2021. These facts are suggestive of good faith in her bankruptcy filing.

**C. Request for Dismissal without prejudice with a One-Year Bar Against Refiling**

A bankruptcy court may, for cause, dismiss a bankruptcy case without prejudice with a bar against later discharge of debt. 11 U.S.C. § 349(a); Leavitt, 171 F.3d at 1223.

A finding of bad faith based on egregious behavior can justify dismissal with prejudice or without prejudice. Leavitt, 171 F.3d at 1224. The bankruptcy court should consider the following factors when considering barring later discharge for bad faith:

> 1. Whether debtor misrepresented facts in her petition, unfairly manipulated the bankruptcy code, or otherwise filed in an inequitable manner;
>
> 2. Debtor's filing history;
>
> 3. Whether debtor only intended to defeat state court litigation;
>
> 4. Whether egregious behavior is present. Leavitt, 171 F.3d at 1224.

There is no history of egregious behavior by debtor present. Ms. Gallian disclosed a prior bankruptcy 20 years ago, and disclosed a pending 2019 unprosecuted state court UD litigation along with three other state court cases including a probate case and personal injury case.

Under the egregious circumstances outlined, it would not be appropriate to bar Ms. Gallian from refiling a bankruptcy petition at any later time.

**CONCLUSION**

Ms. Gallian has a history of responsible use of her credit cards notwithstanding financial difficulties. She never used her credit cards for personal expenditures pre- bankruptcy, to purchase consumer goods or services, or to obtain cash advances. There is no record of significant misuse or evidence of excessive expenditures. Pursuant to 11 U.S.C. §§ 707, Ms. Gallian respectfully requests the court GRANT her motion and Dismiss the chapter 7 petition filed July 9, 2021, filed in good faith and not impose any bar on future bankruptcy filings by or against Ms. Gallian.

For all of the above states the reasons, request if hereby made to dismiss debtors Chapter 7 petition without prejudice.

Signed this 27th day of June, 2023, at Huntington Beach, California, County of Orange.

DATED: June 27, 2023    *Jamie Lynn Gallian*
                        JAMIE LYNN GALLIAN

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
5801 SKYLAB ROAD HUNTINGTON BEACH, CA 92647

A true and correct copy of the foregoing document entitled: **NOTICE OF MOTION FOR** (*specify name of motion*) MOTION TO DISMISS CHAPTER 7 PETITION WITHOUT PREJUDICE PURSUANT TO 11 U.S.C. §707

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 06/27/2023, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL:**
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) 6.27.2023, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Janine B. Jasso email address j9__jasso@yahoo.com

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 06/27/2023 | ROBERT MCLELLAND | *Robert McLelland* |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: CONTINUED:
   - **ATTORNEY FOR HOUSER BROS. CO. DBA RANCHO DEL REY MOBILE HOME ESTATES:.:** Bradford Barnhardt bbarnhardt@marshackhays.com, bbarnhardt@ecf.courtdrive.com, kfrederick@ecf.courtdrive.com
   - **ATTORNEY FOR TRUSTEE JEFFREY I GOLDEN (TR):** Aaron E DE Leest adeleest@DanningGill.com, danninggill@gmail.com; adeleest@ecf.inforuptcy.com
   - **ATTORNEY FOR THE HUNTINGTON BEACH GABLES HOMEOWNERS' ASSOCIATION:** Robert P Goe kmurphy@goeforlaw.com, rgoe@goeforlaw.com; goeforecf@gmail.com
   - **TRUSTEE JEFFREY I GOLDEN (TR):** Jeffrey I Golden (TR lwerner@wgllp.com, jig@trustesolutions.net; kadele@wgllp.com
   - **ATTORNEY FOR HOUSER BROS. CO. DBA RANCHO DEL REY MOBILE HOME ESTATES:** D Edward Hays ehays@marshackhays.com, ehays@ecf.courtdrive.com; kfrederick@ecf.courtdrive.com; cmendoza@marshackhays.com; cmendoza@ecf.courtdrive.com
   - **ATTORNEY FOR TRUSTEE JEFFREY I GOLDEN (TR):** Eric P Israel eisrael@DanningGill.com, danninggill@gmail.com; eisrael@ecf.inforuptcy.com
   - **ATTORNEY FOR HOUSER BROS. CO. DBA RANCHO DEL REY MOBILE HOME ESTATES:** Laila Masud lmasud@marshackhays.com, lmasud@ecf.courtdrive.com; kfrederick@ecf.courtdrive.com

   - **U.S. TRUSTEE:** United States Trustee (SA) ustpregion16.sa.ecf@usdoj.gov

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                F 9013-3.1.PROOF.SERVICE