Robert P. Goe – State Bar No. 137019
Brandon J. Iskander – State Bar No. 300916
**GOE FORSYTHE & HODGES LLP**
17701 Cowan Avenue, Suite 210
Irvine, CA 92614
rgoe@goeforlaw.com
biskander@goeforlaw.com

Telephone: (949) 798-2460
Facsimile:  (949) 955-9437

Attorneys for The Huntington Beach Gables Homeowners Association

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION**

| | |
|---|---|
| In re:<br><br>JAMIE LYNN GALLIAN,<br><br><br>Debtor. | Case No. 8:21-bk-11710-SC<br><br>Chapter 7 Proceeding<br><br>**OPPOSITION TO DEBTOR'S AMENDED MOTION TO DISMISS CHAPTER 7 PETITION WITHOUT PREJUDICE PURSUANT TO 11 U.S.C. § 707**<br><br>Zoom Hearing:<br>Date:         July 19, 2023<br>Time:        10:00 a.m.<br>Place:       Courtroom 5C<br>                  U.S. Bankruptcy Court<br>                  411 W. Fourth Street<br>                  Santa Ana, CA 92701 |

**TO THE HONORABLE SCOTT C. CLARKSON, UNITED STATES BANKRUPTCY JUDGE, THE DEBTOR IN PRO PER, THE OFFICE OF THE UNITED STATES TRUSTEE, THE TRUSTEE AND HIS COUNSEL, AND ALL PARTIES IN INTEREST**:

The Huntington Beach Gables Homeowners Association ("HOA") hereby opposes ("Opposition") Jamie Lynn Gallian's ("Debtor's") Amended Motion to Dismiss Chapter 7 Petition without Prejudice Pursuant to 11 U.S.C. § 707, and respectfully represents as follows:

1

## I. SUMMARY OF OPPOSITION

Debtor misunderstands the rules governing dismissal of a Chapter 7 bankruptcy case where bad faith (e.g., 11 U.S.C. § 707(b)) is not at issue. When a debtor's bad faith in filing a Chapter 7 is not at issue, then a motion to dismiss must be analyzed under 11 U.S.C. § 707(a), i.e., that there is "cause" to dismiss. However, nothing in the Debtor's Motion addresses "cause" to dismiss, nor could it. Debtors may not simply enter and exit Chapter 7 bankruptcy at their convenience.

## II. LEGAL STANDARDS

### A. Cause to Dismiss Under 11 U.S.C. § 707(a) Only Exists When There Will Be No Prejudice to Creditors

A debtor's voluntary dismissal of a chapter 7 case is governed by § 707(a), which provides that "[t]he court may dismiss a case under this chapter only after notice and a hearing an only for cause[.]" *Bartee v. Ainsworth (In re Bartee)*, 317 B.R. 362, 366 (B.A.P. 9th Cir. 2004). In determining whether cause exists, the test is whether the dismissal will cause "legal prejudice" to interested parties. *Schroeder v. International Airport Inn Partnership (In re International Airport Inn Partnership)*, 517 F.2d 510, 512 (9th Cir. 1975). "Debtors bear the burden of proving that dismissal would not prejudice their creditors." *Bartee*, 317 B.R. at 366.

In *Bartee*, the debtors requested that their case be dismissed to allow them to make repayment arrangements with their creditors outside of bankruptcy. *Id.* at 364. The debtors in *Bartee* stated in their motion to dismiss that their business partner had offered to pay $92,000.00 for the debtors' share of their business, which was sufficient to pay their creditors in full. However, the debtors did not support these assertions with any documentary evidence or affidavits. *Id.* at 364-65. The trustee opposed the motion to dismiss, stating the debtors had been less than candid about their financial affairs and could not be counted upon to follow through with the promises made in their motion. The bankruptcy court entered an order denying the motion to dismiss. *Id.* In its review of the bankruptcy court's decision, the Bankruptcy Appellate Panel found that "[d]ismissal of debtors' case would have prejudiced [debtors'] creditors, because there is no guarantee that debtors will pay their debts outside of bankruptcy." *Id.* at 366.

///

2

### B. Even A Change of Heart about Paying Debts is not Cause

Courts have found that even when a debtor is willing and able to pay his/her debts, and has made arrangements for those payments outside of bankruptcy, that in itself is not cause for dismissal under Section 707(a) of the Bankruptcy Code. *See In re Turpen*, 244 B.R. 431, 435 (8th Cir. 2000) (citing *Kirby v. Spatz (In re Spatz)*, 221 B.R. 992, 994 (Bankr. M.D. Fla. 1998) ("It is well established and supported by Legislative History that the fact that a debtor is willing and able to pay his debts outside of bankruptcy does not constitute adequate cause for dismissal under Section 707(a).")).

Moreover, the fact that a debtor has changed his/her mind or has had a change of heart about invoking bankruptcy jurisdiction is not sufficient cause to voluntarily dismiss a bankruptcy. *See Hickman v. Hana (In re Hickman)*, 384 B.R. 832 (B.A.P. 9th Cir. 2008) (holding that "when a debtor's choice to commence a chapter 7 case backfires, a debtor is not entitled to escape by awarding himself a dismissal either by declining to perform his statutory duties or by recanting the commitment to have debtor-creditor relations adjusted in equitable proceedings.").

Accordingly, to prevail on a motion to dismiss, the Debtor must show cause. Changing one's mind about seeking bankruptcy protection and/or simply declaring that there are no unsecured creditors is not cause for dismissal.

### C. Debtors Cannot Simply Enter and Exit Chapter 7 Bankruptcy

Debtors may not simply enter and exit bankruptcy. The fact that a debtor has changed his/her mind or has a change of heart about invoking bankruptcy jurisdiction is not sufficient cause to voluntarily dismiss a bankruptcy. As the court held in *Hickman*, "when a debtor's choice to commence a chapter 7 case backfires, a debtor is not entitled to escape by awarding himself a dismissal either by declining to perform his statutory duties or by recanting the commitment to have debtor-creditor relations adjusted in equitable proceedings." *Hickman*, 384 B.R. at 842.

## III. ARGUMENT

### A. Dismissal Will Prejudice Creditors

First, not only has the Debtor not identified any cause for dismissal, she has repeatedly

3

represented in the Motion that she has no ability or intent to pay her bills.  Since she has admitted that she does not have the resources to pay her debts and there is no alternative source of funds, the Debtor cannot meet her burden of proving that her creditors will not suffer prejudice by dismissal.  On the contrary, in Chapter 7 bankruptcy is exactly where Debtor belongs.

### B.  The Debtor's Unfulfilled Desire to Have A Speedy Discharge is not Cause

Thousands of debtors, every day around the country, obtain speedy discharges in Chapter 7 bankruptcy where they take their duties to disclose their assets and financial affairs under 11 U.S.C. § 521 seriously and they do not commit acts that violate 11 U.S.C. § 727.  Here, this Debtor has demonstrated only a desire to obtain a discharge without any of the responsibilities of making full disclosures of her assets and financial affairs.  But for Debtor's own actions, she may well have had the opportunity to obtain a "speedy" discharge.  Having forfeited her discharge due to her own actions, she may not now forgo the associated burdens of being a debtor.  The Trustee must administer the Estate, including actions to unwind fraudulent transfers and sell assets of the Estate.

Even if Debtor was ill-advised in seeking debt relief by filing for Chapter 7 bankruptcy when it was her intention to make false oaths and to deceive the Trustee and the Court about her financial affairs, that does not obviate the need for bankruptcy jurisdiction and an orderly liquidation of her assets.  Given that Debtor has admitted her lack of ability (or desire) to repay her creditors, that responsibility appropriately falls to the Chapter 7 trustee.

In *Bartee*, where the debtors represented that they could sell an asset for a substantial sum, the court still found that there was no cause for dismissal because they had been less than candid about their financial affairs. That is the case here as well.  Debtor has had her discharge denied for transferring and/or concealing assets of the Estate with intent to hinder, delay, or defraud creditors, making false oaths, and failing to satisfactorily explain the loss of assets or deficiency of assets to meet her liabilities.  Even setting aside the Court's denial of Debtor's discharge, the Court need only look to Debtor's mendacious conduct throughout this case to determine that Debtor cannot be trusted to do right by her creditors.[1]  Debtor has consistently misrepresented facts and doubled down on

---

[1] *See, e.g.*, Docket Nos. 227 & 228 (Debtor falsely declared under penalty of perjury that there were no timely oppositions to her motion to abandon her residence); Docket Nos. 263 & 264 (Debtor falsely declared under penalty of

4

those misrepresentations when it served her self-interest. It is simply impossible at this point for Debtor to credibly represent that no creditor would be harmed by dismissal of the bankruptcy. Based on Debtor's voluntary actions in this case, there is no guarantee that even if she did come into a source of funds to pay her creditors that she would do so.

### C. The Debtor's Change of Heart About Bankruptcy Appears to be Motivated by the Discovery of her Fraudulent Schemes

While intentions can change, the facts and circumstances surrounding the Debtor's bankruptcy filing cannot; they all indicate her need and intention to file and seek the benefit of a bankruptcy discharge, even as she concealed her assets and financial affairs. Had Houser Bros. Co. not sued Debtor to deny her discharge and uncovered her fraudulent scheme to encumber property of the Estate and frustrate her creditors, the Debtor would not have gratuitously come to Court to seek dismissal of her bankruptcy. Moreover, any decision on whether cause exists to dismiss the bankruptcy should wait until after any deadline for the Trustee to seek to avoid Debtor's fraudulent transfers.

### D. The Debtor Cannot Simply Enter and Exit Chapter 7 Bankruptcy

The HOA understands that the Debtor may have misapprehended the consequences of bankruptcy and the consequences of her deceitful conduct. However, the Debtor's creditors cannot be punished for that misapprehension. Setting aside the question of innocence or sincerity, the Claims Register reflects claims exceeding $900,000, including claims by the HOA for over half a million dollars based on judgments that demand payment. Similarly, the Debtor encumbered a mobile home in a manner giving rise to the Trustee's avoidance powers. The HOA also notes that Debtor filed this bankruptcy on the eve of the California Superior Court entering a bench warrant for her arrest after she failed to attend a judgment debtor examination noticed by the HOA.

The Debtor made a choice to voluntarily file bankruptcy and has benefitted from the automatic stay (even as she now opposes relief from the automatic stay for the HOA to pursue

---

perjury that she checked the docket and there was no opposition or request for hearing on her amended motion to avoid lien (Docket No. 244)).

fraudulent transfers claims against Randall Nickel that the Trustee specifically abandoned). Now that she has reaped the benefit of bankruptcy protection, she cannot simply change her mind because she does not like the consequences of her actions. Outside of bankruptcy, the HOA will have to seek to compel Debtor to cooperate with additional judgment debtor examinations and to seek the appointment of a receiver and the aid of others to marshal assets to pay its judgments. Here, the Trustee is already empowered to marshal Estate assets and to avoid transfers and obligations incurred by Debtor. Moreover, the automatic stay prevents Debtor from making additional unlawful transfers in the meantime. When the Trustee succeeds in avoiding Debtor's prepetition and post-petition transfers, there will be significant assets in the Estate to administer for the benefit of creditors, including the HOA.

Debtor's creditors have a right to be paid the full amount owed or as much as possible. Dismissing the case, on the other hand, guarantees that Debtor's creditors will be prejudiced as Debtor will continue to dissemble and deceive about the assets available to pay creditors. As the predominant creditor of the Estate, the HOA will have a much better chance of receiving payment if the case is not dismissed.

## IV. <u>CONCLUSION</u>

**WHEREFORE**, the HOA respectfully requests that the Motion be denied.

                                    Respectfully submitted,

DATED: July 5, 2023                **GOE FORSYTHE & HODGES LLP**

                                    By: <u>/s/ Brandon J. Iskander</u>
                                         Robert P. Goe
                                         Brandon J. Iskander
                                         Attorneys for The Huntington Beach
                                         Gables Homeowners' Association

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 17701 Cowan, Bldg. D, Suite 210, Irvine, CA 92614

A true and correct copy of the foregoing document entitled (*specify*): **OPPOSITION TO DEBTOR'S AMENDED MOTION TO DISMISS CHAPTER 7 PETITION WITHOUT PREJUDICE PURSUANT TO 11 U.S.C. § 707** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On July 5, 2023, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) July 5, 2023, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Jamie Lynn Gallian
16222 Monterey Ln Unit 376
Huntington Beach, CA 92649

Janine Jasso
PO Box 370161
El Paso, CA 79937

Michael D Poole
Feldsott & Lee
23161 Mill Creek Dr Ste 300
Laguna Hills, CA 92653

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) July 5, 2023, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

- The Honorable Scott C. Clarkson, USBC, 411 West Fourth Street, Santa Ana, CA 92701

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| July 5, 2023 | Susan C. Stein | /s/Susan C. Stein |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

Mailing Information for Case 8:21-bk-11710-SC

**Electronic Mail Notice List**

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- **Bradford Barnhardt**  bbarnhardt@marshackhays.com, bbarnhardt@ecf.courtdrive.com,kfrederick@ecf.courtdrive.com
- **Aaron E. DE Leest**  adeleest@DanningGill.com, danninggill@gmail.com;adeleest@ecf.inforuptcy.com
- **Robert P Goe**  kmurphy@goeforlaw.com, rgoe@goeforlaw.com;goeforecf@gmail.com
- **Jeffrey I Golden (TR)**  lwerner@go2.law, jig@trustesolutions.net;kadele@go2.law;C205@ecfcbis.com
- **D Edward Hays**  ehays@marshackhays.com, ehays@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com
- **Brandon J Iskander**  biskander@goeforlaw.com, kmurphy@goeforlaw.com
- **Eric P Israel**  eisrael@danninggill.com, danninggill@gmail.com;eisrael@ecf.inforuptcy.com
- **Laila Masud**  lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com
- **Mark A Mellor**  mail@mellorlawfirm.com, mellormr79158@notify.bestcase.com
- **Valerie Smith**  claims@recoverycorp.com
- **United States Trustee (SA)**  ustpregion16.sa.ecf@usdoj.gov