1   ERIC P. ISRAEL (State Bar No. 132426)
    *eisrael@DanningGill.com*
2   AARON E. DE LEEST (State Bar No. 216832)
    *adeleest@DanningGill.com*
3   DANNING, GILL, ISRAEL & KRASNOFF, LLP
    1901 Avenue of the Stars, Suite 450
4   Los Angeles, California 90067-6006
    Telephone:   (310) 277-0077
5   Facsimile:   (310) 277-5735

6   Attorneys for Jeffrey I. Golden,
    Chapter 7 Trustee
7

8                  **UNITED STATES BANKRUPTCY COURT**

9                  **CENTRAL DISTRICT OF CALIFORNIA**

10                      **SANTA ANA DIVISION**

11

| | |
|---|---|
| 12  In re | Case No. 8:21-bk-11710-SC |
| 13  JAMIE LYNN GALLIAN, | Chapter 7 |
| 14 | **TRUSTEE'S NOTICE OF OPPOSITION AND OPPOSITION TO DEBTOR'S MOTION TO DISMISS AND AMENDED MOTION TO DISMISS CHAPTER 7 PETITION WITHOUT PREJUDICE; MEMORANDUM OF POINTS AND AUTHORITIES; REQUEST FOR JUDICIAL NOTICE AND DECLARATION OF AARON E. DE LEEST IN SUPPORT THEREOF** |
| 15                 Debtor. |
| 16 |
| 17 |
| 18 |
| 19 | Date:  July 19, 2023 |
| 20 | Time:  10:00 a.m. |
|    | Place: Courtroom 5C |
| 21 |        411 W. Fourth Street, |
|    |        Santa Ana, California 92701 |
| 22 |

23          PLEASE TAKE NOTICE that Jeffrey I. Golden, as the Chapter 7 Trustee for the

24   bankruptcy estate (the "Estate") of Jamie Lynn Gallian (the "Debtor), hereby submits this

25   opposition to the Debtor's Motion to Dismiss Chapter 7 Petition Without Prejudice (*docket no.*

26   *345)* and Amended Motion To Dismiss Chapter 7 Petition Without Prejudice (*docket no. 351*).

27   / / /

28   / / /

1719927.2  27064                              1

1    PLEASE TAKE FURTHER NOTICE that any reply to this opposition must be in writing,

2   filed with the Clerk of the Bankruptcy Court and served upon counsel for the Trustee named in the

3   upper left-hand corner of this notice not less than seven calendar days before the hearing.

4

5   DATED:  July 5, 2023                              DANNING, GILL, ISRAEL & KRASNOFF, LLP

6

7                                                     By:    _____/s/ Aaron E. de Leest_____

8                                                            AARON E. DE LEEST
                                                             Attorneys for Jeffrey I. Golden, Chapter 7 Trustee
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

The Debtor's Motion to Dismiss Chapter 7 Petition Without Prejudice (*docket no. 345*) and Amended Motion To Dismiss Chapter 7 Petition Without Prejudice (*docket no. 351*) (collectively, the "Dismissal Motion") must be denied because it seeks relief that is highly prejudicial to creditors who are entitled to an orderly liquidation of the assets of the Debtor's estate.  The bankruptcy estate assets include a manufactured home located at 16222 Monterey Lane, Space #376, Huntington Beach, CA 92649 (the "Property") and avoidance claims against insiders of the Debtor.  The Dismissal Motion is further deficient because it is not supported by any evidence and because the Debtor failed to serve notice of the Dismissal Motion, as required, on all creditors.  For all of these reasons, the Court should deny the Dismissal Motion.

## II.

## STATEMENT OF FACTS

**A.    Bankruptcy Background**

On July 9, 2021 (the "Petition Date"), Jaime Lynn Gallian (the "Debtor") filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code (the "Code").

Jeffrey I. Golden was thereafter appointed and now serves as the Chapter 7 trustee (the "Trustee") for the Debtor's bankruptcy estate (the "Estate").

Pursuant to an order entered by the Court on or about June 1, 2022, the Trustee employed Danning, Gill, Israel & Krasnoff, LLP ("Danning Gill"), as his general counsel in this matter.

According to the Court's claims register, a copy of which is attached as Exhibit "1" hereto, the Debtor's creditors consist of $903,752.13 of filed proofs of claim, which amount does not include the accrued administrative expenses of the Trustee and his professional Danning Gill.

On or about May 23, 2023, the Court issued a memorandum of decision denying the Debtor's discharge.  The Court entered its memorandum of decision following a trial on claims brought by Houser Bros. Co., dba Rancho Del Rey Mobile Home Estates ("Houser") seeking to

1  deny the Debtor's discharge under 11 U.S.C. §§ 727(a)(2)(A), (a)(4) and (a)(5) in adversary

2  proceeding no. 8:21-ap-01097-SC.  The Court's judgment denying the Debtor's discharge has not

3  yet been entered.

4

5  **B.**    **The Property**

6          The Debtor's schedules list her interest in the Property as an asset of the Estate (*docket no.*

7  *39*).  The Debtor's schedules also include a claimed homestead exemption in the Property in the

8  amount of $600,000 (*docket no. 39*) .

9          On or about May 12, 2022, Houser timely filed a motion objecting to the Debtor's

10  homestead exemption in the Property (*docket no. 95*) (the "Exemption Motion"), which was set for

11  hearing on July 21, 2022.  The Trustee joined in the Exemption Motion.

12          On or about July 21, 2022, the Court granted the Exemption Motion and sustained Houser's

13  objection to the Debtor's homestead exemption on the record at the hearing.

14          On or about July 26, 2022, before the Court's order on the Exemption Motion could be

15  entered, the Debtor filed her motion for reconsideration (*docket no. 157*) (the "Motion for

16  Reconsideration").

17          On or about August 5, 2022, the Court entered its order granting Houser's Exemption

18  Motion and denying the Debtor's claim of exemption in the Property (the "Exemption Order")

19  (*docket no. 177*).

20          The Motion for Reconsideration was initially heard by the Court on August 18, 2022, and

21  again September 22, 2022, at which time it was taken under submission.

22          Thereafter, on or about December 19, 2022, the Court entered its order granting the

23  Debtor's Motion for Reconsideration and allowing the Debtor's homestead exemption in the

24  amount of $600,000 (*docket no. 274*) (the "Reconsideration Order") .

25          On or about December 29, 2022, Houser filed a timely notice of appeal from the

26  Reconsideration Order (*docket no. 280*), which appeal is now pending before the District Court as

27  Case No. 8:23-cv-00001-DSF (the "Homestead Appeal").

28

**C.    The Trustee's Adversary Proceeding**

On or about June 30, 2023, the Trustee filed a complaint against a number of the Debtor's insiders, commencing adversary proceeding no. 8:23-ap-01064-SC (the "Adversary Proceeding"), seeking to avoid, recover, and preserve various transfers that the Debtor made to her insiders relating to the Property.  A copy of the Trustee's complaint is attached as Exhibit "2" hereto.

The Adversary Proceeding also seeks to recover $225,000 from the Debtor's single member LLC, J-Pad LLC.

**D.    Administration of the Property**

In the event that the Homestead Appeal and/or Adversary proceeding are successful, the Trustee believes that there is equity in the Property and he intends to administer the Property for the benefit of the Estate and its creditors.[1]  Even if the homestead exemption were allowed, the Trustee believes that there will be funds in the estate from the Property and/or the Adversary Proceeding.

III.

ARGUMENT

**A.    The Debtor Failed to Serve the Dismissal Motion on All Creditors.**

Federal Rule of Bankruptcy Procedure 2002(a)(4) requires that notice of the hearing on the dismissal of a Chapter 7 case be given, among others, to all creditors.  The Debtor failed to serve the Dismissal Motion and related notice (*docket no. 346*) to all creditors.  Thus, the Dismissal Motion should be denied as procedurally defective.

---

[1] In July 2022, at the time the Trustee' filed his application to employ a broker to sell the Property (*docket no. 162*), which was denied without prejudice, the Trustee was advised that the fair market value of the Property was at or near $300,000.

**B.** **The Dismissal Motion Should Be Denied for Lack of Evidence**

A motion must be supported by evidence.  Local Bankr. Rule 9013-1(i).  The Debtor has offered no evidence supporting the Dismissal Motion.  Accordingly, the Dismissal Motion should be denied based on a lack of evidence.

**C.** **A Debtor Must Demonstrate Cause to Dismiss**

On the merits, a case under Chapter 7 of the Bankruptcy Code may be dismissed only for cause and only after notice and a hearing.  11 U.S.C. § 707(a).  Thus, a debtor in a Chapter 7 case does not have an absolute right to dismissal similar to that set forth under 11 U.S.C. § 1307(b) with respect to Chapter 13 debtors.  *In re Bartee*, 317 B.R. 362, 366 (B.A.P. 9th Cir. 2004).  While Section 707 sets forth three instances of cause warranting dismissal, the "legislative history . . . provides that the stated causes . . . are not exhaustive, but merely illustrative."  *In re Hall*, 15 B.R. 913, 916 (B.A.P. 9th Cir. 1981)(citations omitted).  In addition, the Bankruptcy Code does not otherwise define the term "for cause."

The decision whether to dismiss a case "rests within the sound discretion of the court . . . ." *In re Hickman*, 384 B.R. 832, 840 (B.A.P. 9th Cir. 2008) (citations omitted).  In the Ninth Circuit, a "case will not be dismissed on the motion of a debtor if such dismissal would cause 'some plain legal prejudice' to a creditor."  *Hickman*, 384 B.R. at 840 (citing *Schroeder v. Int'l Airport Inn P'ship*, 517 F.2d 510, 512 (9th Cir. 1975); *In re Leach*, 130 B.R. 855, 857-58 (9th Cir. B.A.P. 1991)).  Such prejudice "may be evaluated using both legal and equitable considerations." *Hickman*, 384 B.R. at 840 (citing *In re Leach*, 130 B.R. at 856).  Debtors seeking dismissal bear the "burden of proving that dismissal would not prejudice their creditors."  *Bartee*, 317 B.R. at 366 (citations omitted).

Cases interpreting section 707(a) include a variety of situations where debtors sought dismissal to avoid the administration of assets or other consequences of the bankruptcy filing.

For example, in *Hall*, the trustee objected to the debtors' homestead objection.  *Hall*, 15 B.R. at 917.  If sustained, the objection would have resulted in free and clear funds.  In response to the objection, the debtors requested dismissal of their case.  The court concluded that the facts

1   clearly evidenced prejudice.

2       In *Leach*, the debtor filed a chapter 7 petition within 240 days of an income tax assessment

3   by the Internal Revenue Service.  The debtor filed a motion to dismiss with supporting affidavits

4   stating that:

5       1) Leach had no pressing reason to file for bankruptcy when he did, 2) Leach's
        original counsel incorrectly advised him that his tax liabilities were non-
6       dischargeable, 3) Leach realized only after filing for bankruptcy that the tax
        liabilities would have been dischargeable had he waited a few months to file his
7       petition, 4) Leach moved to dismiss for the sole purpose of discharging the tax
        liabilities, and 5) if the motion were granted, Leach would re-file for bankruptcy as
8       soon as the 240–day period had run.

9   *Leach*, 130 B.R. at 856.  Although the bankruptcy court sympathized with the fact that the debtor

10  had received poor legal advice, the court denied the motion to dismiss.  *Id*. at 858.  The Bankruptcy

11  Appellate Panel affirmed and found that dismissal would have resulted in legal prejudice to the

12  United States as a creditor.  *Id*.

13      In *Bartee*, the debtors filed a motion to dismiss after the trustee filed a "report of asset

14  case."  *Bartee*, 317 B.R. at 364.  The debtors asserted that their bankruptcy filing was the result of

15  bad legal advice and that they intended to generate funds to pay their creditors outside of

16  bankruptcy by selling a share of their business.  *Id*.  The court denied the motion because the

17  debtor's plan was too speculative and there was no mechanism in place to ensure that creditors and

18  administrative expenses were paid in full, whereas the estate had assets with which to pay such

19  claims.  *Id*.

20      Here, the Dismissal Motion must be denied because the Debtor cannot meet her burden and

21  prove that dismissal would not prejudice her creditors.  In fact, creditors will actually be prejudiced

22  because the Dismissal Motion provides no plan or mechanism to pay creditors, which creditors

23  consist of filed claims and the administrative expenses of Trustee and his professionals.  If granted,

24  creditors (and the Estate's professionals) will receive nothing from the Debtor's assets and no

25  distribution from the Estate with respect to their claims.  However, if the case were not dismissed,

26  the Trustee has a plan to administer the Estate's assets for the benefit of its creditors.  In particular,

27  if the pending Homestead Appeal and/or the Adversary Proceeding are successful, the Trustee

28  believes that there will be equity in the Property available for creditors and will act expeditiously to

1  sell the Property and distribute the proceeds for the benefit of creditors.  The Dismissal Motion

2  would trade a situation where there are assets in the Estate with which to pay creditors , to a

3  situation where they have no possibility of ever being paid by the Debtor.  Thus, grave prejudice

4  would result from dismissal.  The fact that her discharge has been denied is not a basis to dismiss

5  her case.

6          The Debtor has failed to meet her burden to show "cause" and the Dismissal Motion should

7  be denied.

8

9                                        **IV.**

10                                  <u>**CONCLUSION**</u>

11         The Trustee respectfully requests that the Court deny the Dismissal Motion.  The Trustee

12  requests such other and further relief that this Court may deem just and proper.

13

14  DATED:  July 5, 2023                        DANNING, GILL, ISRAEL & KRASNOFF, LLP

15

16                                By:  _____*/s/ Aaron E. de Leest*_____

17                                     AARON E. DE LEEST
                                       Attorneys for Jeffrey I. Golden, Chapter 7 Trustee
18

19

20

21

22

23

24

25

26

27

28

## REQUEST FOR JUDICIAL NOTICE

Jeffrey I. Golden, as Chapter 7 Trustee (the "Trustee") for the bankruptcy estate of Jamie Lynn Gallian (the "Debtor), requests that the Court take judicial notice of the following facts.

1. On July 9, 2021 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code (the "Code").

2. Jeffrey I. Golden was thereafter appointed and now serves as the Chapter 7 trustee for the Debtor's bankruptcy estate.

3. Pursuant to an order entered by the Court on or about June 1, 2022, the Trustee employed Danning, Gill, Israel & Krasnoff, LLP ("Danning Gill"), as his general counsel.

4. According to the Court's claims register, a copy of which is attached as Exhibit "1" hereto, the Debtor's creditors consist of $903,752.13 in filed proofs of claim, which amount does not include the accrued administrative expenses of the Trustee and his professional Danning Gill.

5. The Debtor scheduled her interest in 16222 Monterey Lane, Space #376, Huntington Beach, CA 92649 (the "Property") as an asset of the Estate (*docket no. 39*).

6. The Debtor claimed a homestead exemption in the Property of $600,000 on her schedules (*docket no. 39*) .

7. On or about May 12, 2022, Houser Bros. Co., dba Rancho Del Rey Mobile Home Estates ("Houser") timely filed a motion objecting to the Debtor's homestead exemption in the Property (*docket no. 95*) (the "Exemption Motion"), which was set for hearing on July 21, 2022.

8. On or about July 21, 2022, the Court granted the Exemption Motion and sustained Houser's objection to the Debtor's homestead exemption on the record at the hearing.

9. On or about July 26, 2022, before the Court's order on the Exemption Motion could be entered, the Debtor filed her motion for reconsideration (*docket no. 157*) (the "Motion for Reconsideration").

10. On or about August 5, 2022, the Court entered its order granting Houser's Exemption Motion and denying the Debtor's claim of exemption in the Property (the "Exemption Order") (*docket no. 177*).

11. The Motion for Reconsideration was initially heard by the Court on or about August

18, 2022, and again September 22, 2022, at which time it was taken under submission.

12.     Thereafter, on or about December 19, 2022, the Court entered its order granting the Debtor's Motion for Reconsideration and allowing the Debtor's homestead exemption in the amount of $600,000 (*docket no. 274*) (the "Reconsideration Order") .

13.     On or about December 29, 2022, Houser filed a timely notice of appeal from the Reconsideration Order (*docket no. 280*), which appeal is now pending before the District Court as Case No. 8:23-cv-00001-DSF (the "Homestead Appeal").

14.     On or about June 30, 2023, the Trustee filed a complaint against a number of the Debtor's insiders, commencing adversary proceeding no. 8:23-ap-01064-SC (the "Adversary Proceeding"), seeking to avoid, recover, and preserve various transfers that the Debtor made to her insiders relating to the Property.  A copy of the Trustee's complaint, commencing the Adversary Proceeding, is attached as Exhibit "2' hereto.

15.     On or about May 23, 2023, the Court issued a memorandum of decision denying the Debtor's discharge.  The Court entered its memorandum of decision following a trial on claims brought by Houser Bros. Co., dba Rancho Del Rey Mobile Home Estates ("Houser") seeking to deny the Debtor's discharge under 11 U.S.C. §§ 727(a)(2)(A), (a)(4) and (a)(5) in adversary proceeding no. 8:21-ap-01097-SC.  The Court's judgment denying the Debtor's discharge has not yet been entered.

DATED:  July 5, 2023                    DANNING, GILL, ISRAEL & KRASNOFF, LLP


                                        By:  _____/s/ Aaron E. de Leest_____
                                             AARON E. DE LEEST
                                             Attorneys for Jeffrey I. Golden, Chapter 7 Trustee

1719927.2  27064                    10

## DECLARATION OF AARON E. DE LEEST

I, Aaron E. de Leest, declare as follows:

1.      I have personal knowledge of each of the facts herein, except those set forth on information and belief and, as to those matters, I believe them to be true.  If called as a witness, I could and would testify competently with respect to such facts.

2.      I am an attorney employed by the law firm of Danning, Gill, Israel & Krasnoff, LLP ("Danning Gill"), general bankruptcy counsel for Jeffrey I. Golden, the chapter 7 trustee for the bankruptcy estate of Jamie Lynn Gallian (the "Debtor).  I make this declaration in support of the above opposition to the Debtor's motion to dismiss the bankruptcy case (the "Dismissal Motion").

3.      Danning Gill has incurred substantial administrative expenses in this case.  In the event that the case is dismissed, there will be no ability to pay those fees or expenses.  The Debtor has not proposed to pay creditors or administrative expenses.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 5, 2023, at Los Angeles, California.

_____
Aaron E. de Leest

# EXHIBIT "1"

# Central District of California
# Claims Register

### [8:21-bk-11710-SC Jamie Lynn Gallian](#)

**Judge:** Scott C Clarkson      **Chapter:** 7

**Office:** Santa Ana      **Last Date to file claims:** 10/25/2022

**Trustee:** Jeffrey I Golden (TR)      **Last Date to file (Govt):** 01/05/2022

| | | |
|---|---|---|
| *Creditor:* (41226475)<br>The Huntington Beach Gables Homeowners Association<br>c/o Goe Forsythe & Hodges LLP<br>18101 Von Karman Ave, Suite 1200<br>Irvine, CA 92612 | **Claim No: 1**<br>*Original Filed Date*: 07/05/2022<br>*Original Entered Date*: 07/05/2022<br>*Last Amendment Filed*: 10/25/2022<br>*Last Amendment Entered*: 10/25/2022 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Robert P Goe<br>*Modified:* |

Amount claimed: $553774.84

Secured claimed: $553774.84

*History:*

| | | |
|---|---|---|
| Details | 1-1 | 07/05/2022 Claim #1 filed by The Huntington Beach Gables Homeowners Association, Amount claimed: (Goe, Robert) |
| Details | 1-2 | 10/25/2022 Amended Claim #1 filed by The Huntington Beach Gables Homeowners Association, Amount claimed: $553774.84 (Goe, Robert) |

*Description:*

*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (40861539)<br>Internal Revenue Service<br>PO Box 7346<br>Philadelphia, 19101-7346 | **Claim No: 2**<br>*Original Filed Date*: 08/11/2022<br>*Original Entered Date*: 08/11/2022<br>*Last Amendment Filed*: 12/16/2022<br>*Last Amendment Entered*: 12/16/2022 | *Status:*<br>*Filed by:* CR<br>*Entered by:* Timothy C Schakow<br>*Modified:* |

Amount claimed: $0.00

Secured claimed: $0.00

Priority claimed: $0.00

*History:*

| | | |
|---|---|---|
| Details | 2-1 | 08/11/2022 Claim #2 filed by Internal Revenue Service, Amount claimed: $3416.58 (Schakow, Timothy) |
| Details | 2-2 | 12/16/2022 Amended Claim #2 filed by Internal Revenue Service, Amount claimed: $0.00 (Schakow, Timothy) |

*Description:*

*Remarks:*

| | | |
|---|---|---|
| *Creditor:* (40861536)<br>Houser Bros. Co.<br>DBA Rancho De1 Rey Estates | **Claim No: 3**<br>*Original Filed Date*: 10/25/2022 | *Status:*<br>*Filed by:* CR |

*History:*

| | | |
|---|---|---|
| Details | 3-1 | 10/25/2022 Claim #3 filed by Houser Bros. Co., Amount claimed: $280927.63 (Hays, D) |

*Description:*

*Remarks:*

000013

16222 Monterey Ln
Huntington Beachr CA 92649

*Original Entered*
*Date*: 10/25/2022

*Entered by:* D Edward Hays
*Modified:*

Amount claimed: $280927.63

*History:*

| Details | ⊕ | 3-1 | 10/25/2022 Claim #3 filed by Houser Bros. Co., Amount claimed: $280927.63 (Hays, D) |

*Description:*

*Remarks:*

---

*Creditor:* (41322710)
Janine Jasso, Jennifer Paulin, Lori Burrett et al.
c/o Goe Forsythe & Hodges LLP
17701 Cowan, Suite 210
Irvine, CA 92614

**Claim No: 4**
*Original Filed*
*Date*: 10/25/2022
*Original Entered*
*Date*: 10/25/2022

*Status:*
*Filed by:* CR
*Entered by:* Robert P Goe
*Modified:*

Amount  claimed: $69049.66

Secured claimed: $69049.66

*History:*

| Details | ⊕ | 4-1 | 10/25/2022 Claim #4 filed by Janine Jasso, Jennifer Paulin, Lori Burrett et al., Amount claimed: $69049.66 (Goe, Robert) |

*Description:*

*Remarks:*

# Claims Register Summary

**Case Name:** Jamie Lynn Gallian
**Case Number:** 8:21-bk-11710-SC
**Chapter:** 7
**Date Filed:** 07/09/2021
**Total Number Of Claims:** 4

| Total Amount Claimed* | $903752.13 |
|---|---|
| Total Amount Allowed* | |

*Includes general unsecured claims

**The values are reflective of the data entered. Always refer to claim documents for actual amounts.**

| | Claimed | Allowed |
|---|---|---|
| Secured | $622824.50 | |
| Priority | $0.00 | |
| Administrative | | |

---

| **PACER Service Center** | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 07/05/2023 16:10:50 | | | |
| **PACER Login:** | aeddgdk37 | **Client Code:** | Gallian - 27064 |

| Description: | Claims Register | Search Criteria: | 8:21-bk-11710-SC Filed or Entered From: 6/15/2000 Filed or Entered To: 1/2/2024 |
|---|---|---|---|
| Billable Pages: | 1 | Cost: | 0.10 |

# EXHIBIT "2"

1  ERIC P. ISRAEL (State Bar No. 132426)
   *eisrael@DanningGill.com*
2  AARON E. DE LEEST (State Bar No. 216832)
   *adeleest@DanningGill.com*
3  DANNING, GILL, ISRAEL & KRASNOFF, LLP
   1901 Avenue of the Stars, Suite 450
4  Los Angeles, California 90067-6006
   Telephone: (310) 277-0077
5  Facsimile: (310) 277-5735

6  Attorneys for Plaintiff Jeffrey I. Golden,
   Chapter 7 Trustee
7

8                  UNITED STATES BANKRUPTCY COURT
9
                   CENTRAL DISTRICT OF CALIFORNIA
10
                        SANTA ANA DIVISION
11

| | |
|---|---|
| In re | Case No. 8:21-bk-11710-SC |
| JAMIE LYNN GALLIAN, | Chapter 7 |
| Debtor. | Adv. No. |
| | CHAPTER 7 TRUSTEE'S COMPLAINT: (1) TO AVOID AND RECOVER FRAUDULENT TRANSFERS; (2) TO AVOID AND RECOVER POSTPETITION TRANSFERS; (3) FOR DECLARATORY RELIEF; (4) FOR BREACH OF CONTRACT; (5) FOR MONEY HAD AND RECEIVED; AND (6) UNJUST ENRICHMENT |
| JEFFREY I. GOLDEN, Chapter 7 Trustee, | |
| Plaintiff, | |
| vs. | |
| J-SANDCASTLE CO., LLC; J-PAD LLC; STEVEN D. GALLIAN; BRIAN J. GALLIAN; JUSTIN BARCLAY; RONALD J. PIERPONT; ROBERT J. MCLELLAND; AND E. J. GALLIAN, | Date:     [SEE SUMMONS] Time:     [SEE SUMMONS] Place:    [SEE SUMMONS] |
| Defendants. | |

23        Plaintiff alleges:

24                         **JURISDICTION**

25        1.      This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C.

26  §§ 157(b) and 1334(b).  This action is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A),

27  (E), (H), (K), and (O).  This adversary proceeding is brought pursuant to 11 U.S.C. §§ 542, 544,

28  548, 549, 550 and 551 and Rule 7001 of the Federal Rules of Bankruptcy Procedure.  This

1719769.2  27064                        1                                    000017

1    adversary proceeding arises in and under and relates to the bankruptcy case under Chapter 7 of the

2    Bankruptcy Code (the "Code") entitled *In Jamie Lynn Gallian,* Case No. 8:21-bk-11710-SC (the

3    "Bankruptcy Case"), which is presently pending before the United States Bankruptcy Court for the

4    Central District of California, Santa Ana Division.  Plaintiff consents to and the Court can and

5    should enter a final judgment herein.  If and to the extent that the Court determines that it lacks

6    jurisdiction or authority to enter a final judgment, Plaintiff requests that the Court submit findings

7    of fact and conclusions of law for consideration by the District Court.

8

9                                     **PARTIES**

10        2.       Plaintiff in this adversary proceeding is Jeffrey I. Golden, the Chapter 7 trustee

11   ("Plaintiff" or the "Trustee") of the bankruptcy estate of Jamie Lynn Gallian, the debtor in the

12   Bankruptcy Case (the "Debtor").  Plaintiff brings this adversary proceeding solely in his capacity

13   as the Chapter 7 Trustee of the Debtor's bankruptcy estate.

14        3.       Plaintiff is informed and believes, and based thereon alleges, that J-Sandcastle Co.,

15   LLC ("J-Sandcastle") was a California limited liability company, with its principal place of

16   business located in in the County of Orange, State of California.  The Debtor is the sole member

17   and manager of J-Sandcastle.

18        4.       Plaintiff is informed and believes, and based thereon alleges, that J-Pad LLC ("J-

19   Pad") was a California limited liability company, with its principal place of business located in in

20   the County of Orange, State of California.  The Debtor is the sole member and manager of J-Pad.

21        5.       Plaintiff is informed and believes, and based thereon alleges, that Steven D. Gallian

22   is an individual residing in the County of Orange, State of California.  Plaintiff is further informed

23   and believes that Steven D. Gallian is the Debtor's son.

24        6.       Plaintiff is informed and believes, and based thereon alleges, that Brian J. Gallian is

25   an individual residing in the County of Orange, State of California.  Plaintiff is further informed

26   and believes that Brian J. Gallian is the Debtor's son.

27

28

1        7.      Plaintiff is informed and believes, and based thereon alleges, that E. J. Gallian is an individual residing in the County of Orange, State of California.  Plaintiff is further informed and believes that E. J. Gallian is the Debtor's granddaughter.

8.      Plaintiff is informed and believes, and based thereon alleges, that Justin Barclay is an individual residing in the County of Orange, State of California.  Plaintiff is further informed and believes that Justin Barclay is the Debtor's son.

9.      Plaintiff is informed and believes, and based thereon alleges, that Ronald J. Pierpont is an individual residing in the County of Orange, State of California.  Plaintiff is further informed and believes that Ronald J. Pierpont is the Debtor's ex-husband.

10.      Plaintiff is informed and believes, and based thereon alleges, that Robert J. McLelland is an individual residing in the County of Orange, State of California.  Plaintiff is further informed and believes that Robert J. McLelland is the Debtor's roommate.

11.      Plaintiff is further informed and believes, and based thereon alleges, that J-Sandcastle, J-Pad, Steven Gallian, Brian Gallian, Justin Barclay, and Ronald Pierpont are all "insiders" of the Debtor pursuant to § 101(31) of the Code.

## GENERAL ALLEGATIONS

12.      On or about July 9, 2021 (the "Petition Date"), the Debtor commenced this case by filing a voluntary petition for relief under Chapter 7 of the Code.

13.      Jeffrey I. Golden thereafter accepted appointment as the Chapter 7 trustee for the Debtor's bankruptcy estate and continues to serve in that capacity for the benefit of creditors.

The J-Sandcastle Transfer

14.      Up to and until about October 31, 2018, the Debtor lived at 4476 Alderport Drive, Unit 53, Huntington Beach, CA 92649 ("Alderport Property"), which she received as a gift in 2017 from her stepmother, Sandra Bradley ("Ms. Bradley").  The Debtor always held title to the Alderport Property in her own name.

15.      On or about October 31, 2018, the Debtor sold the Alderport Property to Randall Nickell for $379,000, which he paid for in two cashier's checks payable to the Debtor, individually.

1719769.2  27064

3

1       16.    The Debtor deposited the funds from Mr. Nickell for the Alderport Property into a

2 Chase Bank account in her name.

3       17.    Thereafter, the Debtor used $185,000 of the proceeds from the sale of the Alderport

4 Property to purchase a manufactured home located at 16222 Monterey Lane, Space #376,

5 Huntington Beach, CA 92649 (the "Property") from Lisa Ryan.

6       18.    The Debtor paid Ms. Ryan the first $10,000 on November 1, 2018, and the $175,000

7 balance of the purchase price for the Property on November 17, 2018.

8       19.    Even though the Debtor paid for the Property with proceeds of her Alderport

9 Property deposited into a bank account in her own name, the Debtor transferred title to, and the

10 beneficial interest in, the Property to J-Sandcastle.

11      20.    At the time Debtor transferred the Property to J-Sandcastle, she was being sued in

12 multiple actions and judgments were later entered against her as follows:

13          a.    On November 8, 2018, in Case No. 30-2017-00913985, the Orange County

14 Superior Court ("OCSC") granted a motion by the Huntington Beach Gables Homeowners

15 Association ("HOA") for attorney's fees against the Debtor, and on December 4, 2018, the OCSC

16 entered an order on the motion, which reflected that the HOA had been awarded $46,138 of

17 attorney's fees against the Debtor, plus interest.

18          b.    On May 6, 2019, in Case No. 30-2017-00913985, the HOA obtained

19 judgment against the Debtor in excess of $315,000.

20          c.    On September 27, 2018, in Case No. 30-2017-00962999, the OCSC imposed

21 $3,070 of sanctions against the Debtor.

22          d.    On March 21, 2019, in Case No. 30-2017-00962999, the HOA obtained a

23 money judgment against the Debtor for $9,265.

24          e.    To date, the Debtor has paid approximately $1,295 on account of all these

25 judgments and orders.

26      21.    On November 1, 2018, Ms. Ryan executed a "Notice of Sale or Transfer" for the

27 Property with the Debtor, "Jamie Lynn Gallian," identified as the "Purchaser/New Owner."

28      22.    On November 15, 2018, however, Ms. Ryan whited-out the Debtor's name and

4

1 replaced it with "J-Sandcastle Co, LLC Its Manager Jamie L. Gallian," pursuant to a discussion the

2 Debtor and Ms. Ryan had on that day (the "First J-Sandcastle Transfer").

3      23.    The fully executed "Notice of Sale or Transfer" of the Property reflecting that J-

4 Sandcastle was the owner of the Property was transmitted to the California Department of Housing

5 and Community Development (the "HCD"), which handles the registering and titling of

6 manufactured and mobilehomes, on or about November 20, 2018 (the "Second J-Sandcastle

7 Transfer"). The First J-Sandcastle Transfer and Second J-Sandcastle Transfer are, collectively, the

8 "J-Sandcastle Transfers".

9      24.    J-Sandcastle paid no consideration to the Debtor for the J-Sandcastle Transfers or in

10 connection with receiving title to and the beneficial interest in the Property. J-Sandcastle did not

11 have any business other than its ownership of the Property.

12      25.    On the Petition Date, title to the Property remained with J-Sandcastle, and not the

13 Debtor.

14      26.    On or about July 28, 2021 (postpetition), however, the Debtor caused J-Sandcastle

15 to transfer title to herself personally. Accordingly, as of August 10, 2021, the HCD records were

16 changed to reflect that the Property's registered owner was "Jamie Lynn Gallian". By receiving

17 this transfer from J-Sandcastle, the Debtor is a subsequent transferee that did not take for value, in

18 good faith, and without knowledge of the voidability of the initial fraudulent transfer to J-

19 Sandcastle.

20     <u>The J-Pad Transfers</u>

21      27.    At about the time that the Debtor purchased the Property, she sought to conceal the

22 equity in the Property by granting a lien for $225,000 on the Property in favor of J-Pad.

23      28.    Accordingly, on November 16, 2018, the Debtor, as the sole member of J-

24 Sandcastle the "borrower", executed a secured promissory note in the amount of $225,000 in favor

25 of J-Pad. The secured promissory note is secured by a separate security agreement dated

26 November 16, 2018, reflecting a security interest in the Property between J-Sandcastle and J-Pad

27 (the "First J-Pad Transfer").

28      29.    In addition, on November 16, 2018, the Debtor, individually as the "borrower", also

1    executed a secured promissory note in the amount of $225,000 in favor of J-Pad.  The secured

2    promissory note with the Debtor also purports to be secured by a separate security agreement dated

3    November 16, 2018, between the Debtor and J-Pad (the "Second J-Pad Transfer").  It is unknown if

4    the separate security agreement exists.

5        30.    Notwithstanding that the secured promissory notes were for $225,000, J-Sandcastle

6    did not advance or loan any money to J-Pad at any point in time.  The Debtor, however, advanced

7    $175,000 to J-Pad at about the time of the First J-Pad Transfer, with the balance of $50,000 coming

8    from the Debtor later (collectively, the "Third J-Pad Transfer").

9        31.    Despite the two secured promissory notes, the $225,000 was not owed to J-Pad.

10   Rather, the $225,000 was owed by J-Pad to the Debtor (who had in fact advanced the funds from

11   her personal accounts).

12       32.    On January 14, 2019, the Debtor individually and through J-Pad filed not less than

13   three UCC-1 Financing Statements with the California Secretary of State listing J-Pad as the

14   secured party and the collateral as the Property (collectively, the "Fourth J-Pad Transfer"). A UCC

15   filing failed to perfect liens against the Property.

16       33.    Thereafter, on August 20, 2020, the Debtor signed a "Statement to Encumber" that

17   was submitted to the HCD to add the Debtor's ex-husband, Ronald J. Pierpont, and J-Pad as

18   lienholders on the certificate of title for the Property (the "Fifth J-Pad Transfer").

19       34.    Thereafter, as of February 24, 2021, the certificate of title to the Property reflected

20   that Mr. Pierpont and J-Pad were the "legal owners" (i.e., the lienholders) on the Property.

21       35.    On or about July 9, 2021, however, Mr. Pierpont submitted a signed "Lien

22   Satisfied" form to the HCD removing Mr. Pierpont and J-Pad as the lienholders on the Property.

23       36.    Thereafter, as of August 3, 2021, the certificate of title to the Property did not reflect

24   any "legal owners" (i.e., lienholders) on the Property.

25       37.    On or about August 6, 2021 (postpetition), the Debtor, individually, signed and

26   submitted a "Statement of Facts" to the HCD stating that the legal owner of the Property was J-Pad

27   and that J-Pad perfected its lien on January 14, 2019 (the "Sixth J-Pad Transfer").

28       38.    The Debtor also submitted with the August 6, 2021, Statement of Facts a "Statement

1   to Encumber" purportedly signed on January 14, 2019, reflecting that the "legal owner" of the

2   Property was only J-Pad (the "Seventh J-Pad Transfer").

3        39.    The First, Second, Third, Fourth, Fifth, Sixth, and Seventh J-Pad Transfers are

4   collectively referred to as the "J-Pad Transfers".

5        40.    J-Pad paid no consideration for the J-Pad Transfers.

6   <u>The Steven and Brian Gallian Transfers</u>

7        41.    On August 20, 2020, the Debtor, as the member of J-Sandcastle, signed a

8   "Statement to Encumber" that was submitted to the HCD to add her sons Steven Gallian and Brian

9   Gallian as legal owners (i.e., lienholders) on the certificate of title for the Property (the "First

10  Steven and Brian Transfer").

11       42.    In addition, on December 4, 2020, the Debtor, as the member of J-Pad, filed a UCC

12  Financing Statement Amendment (UCC3) with the California Secretary of State listing Steven and

13  Brian Gallian as additional secured parties with respect to the Property (the "Second Steven and

14  Brian Transfer").  The UCC filings failed to perfect liens against the Property. The First Steven and

15  Brian Transfer and the Second Steven and Brian Transfer are collectively, the "Steven and Brian

16  Transfers".

17       43.    Steven and Brian Gallian paid no consideration for the Steven and Brian Transfers.

18  <u>Additional Postpetition Liens</u>

19       44.    In addition to the UCC Financing Statement Amendment (UCC3) filed on

20  December 4, 2020, with respect to Steven and Brian Gallian, on September 8, 2021, September 12,

21  2021, and September 24, 2021, the Debtor, individually and/or through J-Pad or J-Sandcastle,

22  purported to perfect or create additional liens on the Property in favor of J-Pad, Steven Gallian,

23  Brian Gallian, Justin Barclay, Ronald J. Pierpont, Robert J. McLelland, and E. J. Gallian by filing

24  multiple UCC Financing Statement Amendments (UCC3) with the California Secretary of State

25  listing J-Pad, Steven Gallian, Brian Gallian, Justin Barclay, Mr. Pierpont, Robert J. Mclelland, and

26  E. J. Gallian as additional secured parties (collectively, the "Postpetition Transfers"). The UCC

27  filings failed to perfect liens against the Property.

28       45.    J-Pad, Steven Gallian, Brian Gallian, Justin Barclay, Mr. Pierpont, Robert J.

1 | McLelland, and E. J. Gallian paid no consideration for Postpetition Transfers or to be added as

2 | additional secured parties with respect to the Property.

3 |      46.    The J-Sandcastle Transfers, J-Pad Transfers, Steven and Brian Transfers, and the

4 | Postpetition Transfers are collectively referred to as the "Transfers".

5 |      47.    The Trustee is informed and believes, and based thereon alleges, that on the Petition

6 | Date, there existed in this case one or more creditors holding unsecured claims allowable under

7 | § 502 of the Code or that are not allowable only under § 502(e), that could have avoided the

8 | Transfers under applicable law.

9 |

10 | **<u>FIRST CLAIM FOR RELIEF</u>**

11 | **(To Avoid and Recover Fraudulent Transfers under 11 U.S.C. §§ 544(b) and/or 548 and 550,**

12 | **and California Civil Code §§ 3439.04, 3439.07 and 3439.08)**

13 | **(Against All Defendants)**

14 |      48.    Plaintiff refers to and incorporates herein by reference each and every allegation

15 | contained in paragraphs 1 through 47, inclusive, of this Complaint as though fully set forth herein.

16 |      49.    Plaintiff is informed and believes, and based thereon alleges, that the Debtor made

17 | the Transfers with the actual intent to hinder, delay, or defraud one or more of her creditors.

18 |      50.    Pursuant to 11 U.S.C. §§ 544 and/or 548, California Civil Code § 3439.04(a), and

19 | other applicable law, Plaintiff is entitled to avoid the Transfers as not being perfected or as

20 | fraudulent.

21 |      51.    Pursuant to Section 550(a) of the Bankruptcy Code, Plaintiff may recover the

22 | Transfers from the initial transferees and any subsequent transferees.

23 |      52.    Specifically, Plaintiff may recover the Property from J-Sandcastle, or the value

24 | thereof, plus interest thereon at the maximum legal rate.

25 |      53.    Additionally, Plaintiff may recover the Third J-Pad Transfer (i.e., $225,000) from J-

26 | Pad, plus interest thereon at the maximum legal rate.

27 |      54.    Pursuant to the provisions of § 550 and § 551 of the Bankruptcy Code, all avoided

28 | Transfers, including title to and liens against the Property, are preserved for the benefit of the

Debtor's estate.

## SECOND CLAIM FOR RELIEF

**(To Avoid and Recover Fraudulent Transfers under 11 U.S.C. §§ 544(b) and/or 548 and 550, and California Civil Code §§ 3439.05, 3439.07 and 3439.08)**

**(Against All Defendants)**

55. Plaintiff refers to and incorporates herein by reference each and every allegation contained in paragraphs 1 through 47, inclusive, of this Complaint as though fully set forth herein.

56. Plaintiff is informed and believes, and based thereon alleges, that the Debtor received less than a reasonably equivalent value in exchange for the Transfers.

57. Plaintiff is informed and believes, and based thereon alleges, that at the time the Transfers were made, the Debtor was either insolvent or became insolvent as a result of the Transfers.

58. Pursuant to Sections 544(b) and/or 548 of the Bankruptcy Code, California Civil Code California Civil Code §§ 3439.05 and 3439.07, and other applicable law, Plaintiff is entitled to avoid the Transfers as not being properly perfected or as fraudulent.

59. Pursuant to Section 550(a) of the Bankruptcy Code, Plaintiff may recover the Transfers from the initial transferees and any subsequent transferees.

60. Specifically, Plaintiff may recover the Property from J-Sandcastle, or the value thereof, plus interest thereon at the maximum legal rate.

61. Additionally, Plaintiff may recover the Third J-Pad Transfer (i.e., $225,000) from J-Pad, plus interest thereon at the maximum legal rate.

62. Pursuant to the provisions of § 550 and § 551 of the Bankruptcy Code, all avoided Transfers, including title to and liens against the Property, are preserved for the benefit of the Debtor's estate.

**THIRD CLAIM FOR RELIEF**

**(To Avoid and Recover Fraudulent Transfers under 11 U.S.C. §§ 544(b) and/or 548 and 550, and California Civil Code §§ 3439.04(a), 3439.07, and 3439.08)**

**(Against all Defendants)**

63.     Plaintiff refers to and incorporates herein by reference each and every allegation contained in paragraphs 1 through 47, inclusive, and paragraph 56, of this Complaint as though fully set forth herein.

64.     Plaintiff alleges that at the time of the Transfers, the Debtor was engaged, or was about to engage, in business or a transaction or transactions for which her remaining assets were unreasonably small in relation to the business or transaction.

65.     Pursuant to Sections 544(b) and/or 548 of the Bankruptcy Code, California Civil Code California Civil Code §§ 3439.05 and 3439.07, and other applicable law, Plaintiff is entitled to avoid the Transfers as either not being properly perfected or as fraudulent.

66.     Pursuant to Section 550(a) of the Bankruptcy Code, Plaintiff may recover the Transfers from the initial transferees and any subsequent transferees.

67.     Specifically, Plaintiff may recover the Property from J-Sandcastle, or the value thereof, plus interest thereon at the maximum legal rate.

68.     Additionally, Plaintiff may recover the Third J-Pad Transfer (i.e., $225,000) from J-Pad, plus interest thereon at the maximum legal rate.

69.     Pursuant to the provisions of § 550 and § 551 of the Bankruptcy Code, all avoided Transfers, including title to and liens against the Property, are preserved for the benefit of the Debtor's estate.

**FOURTH CLAIM FOR RELIEF**

**(To Avoid and Recover Fraudulent Transfers under 11 U.S.C. §§ 544(b) and/or 548 and 550, and California Civil Code §§ 3439.04(a), 3439.07, and 3439.08)**

**(Against all Defendants)**

70.     Plaintiff refers to and incorporates herein by reference each and every allegation

1  contained in paragraphs 1 through 47, inclusive, and paragraph 56, of this Complaint as though

2  fully set forth herein.

3        71.    Plaintiff alleges that the Debtor intended to incur, or believed or reasonably should

4  have believed that she would incur, debts that would be beyond her ability to pay as such debts

5  became due.

6        72.    Pursuant to Sections 544(b) and/or 548 of the Bankruptcy Code, California Civil

7  Code California Civil Code §§ 3439.04(a) and 3439.07, and other applicable law, Plaintiff is

8  entitled to avoid the Transfers as either not being properly perfected or as fraudulent.

9        73.    Pursuant to Section 550(a) of the Bankruptcy Code, Plaintiff may recover the

10  Transfers from the initial transferees and any subsequent transferees.

11        74.    Specifically, Plaintiff may recover the Property from J-Sandcastle, or the value

12  thereof, plus interest thereon at the maximum legal rate.

13        75.    Additionally, Plaintiff may recover the Third J-Pad Transfer (i.e., $225,000) from J-

14  Pad, plus interest thereon at the maximum legal rate.

15        76.    Pursuant to the provisions of § 550 and § 551 of the Bankruptcy Code, all avoided

16  Transfers, including title to and liens against the Property, are preserved for the benefit of the

17  Debtor's estate.

18

19                                **FIFTH CLAIM FOR RELIEF**

20          **(To Avoid and Recover Postpetition Transfers under 11 U.S.C. § 549(a))**

21                              **(Against All Defendants)**

22        77.    Plaintiff hereby incorporates by this reference all of his allegations in Paragraphs

23  1 through 76, inclusive, of this Complaint as though fully set forth herein.

24        78.    The Sixth J-Pad Transfer, Seventh J-Pad Transfer, and the Postpetition Transfers

25  were not authorized under the Bankruptcy Code or by the Court.

26        79.    Pursuant to § 549 of the Code, the Trustee is entitled to avoid the Sixth J-Pad

27  Transfer, Seventh J-Pad Transfer, and the Postpetition Transfers.

28        80.    Pursuant to the provisions of § 550 and § 551 of the Bankruptcy Code, any liens

1 relating to Sixth J-Pad Transfer, Seventh J-Pad Transfer, and the Postpetition Transfers are

2 preserved for the benefit of the Debtor's estate.

3

4 **SIXTH CLAIM FOR RELIEF**

5 **(For Declaratory Relief)**

6 **(Against All Defendants)**

7      81.    Plaintiff hereby incorporates by this reference all of his allegations in Paragraphs

8 1 through 80, inclusive, of this Complaint as though fully set forth herein.

9      82.    An actual controversy exists in that Plaintiff contends that the Defendants do not

10 have valid, perfected, and unavoidable liens on the Property.

11      83.    Pursuant to 11 U.S.C. § 544(a)(2) and other applicable law, the Trustee is entitled to

12 a judgment determining that the Defendants do not have valid, perfected, and unavoidable liens on

13 the Property.

14

15 **SEVENTH CLAIM FOR RELIEF**

16 **(For Turnover – 11 U.S.C. § 542)**

17 **(Against all Defendants)**

18      84.    Plaintiff refers to and incorporates herein by reference each and every allegation

19 contained in paragraphs 1 through 83, inclusive, of this Complaint as though fully set forth herein.

20      85.    Upon avoidance, recovery, and preservation, the Property will be property of the

21 Debtor's bankruptcy estate.

22      86.    The Trustee may use, sell, or lease the Property under 11 U.S.C. § 363.

23      87.    Pursuant to 11 U.S.C. § 542, the Trustee is entitled to the turnover by the

24 Defendants of the Property.

25

26

27

28

**EIGHTH CLAIM FOR RELIEF**

**(For Breach of Contract)**

**(Against J-Pad)**

88.    Plaintiff refers to and incorporates herein by reference each and every allegation contained in paragraphs 1 through 87, inclusive, of this Complaint as though fully set forth herein.

89.    Plaintiff alleges that the Debtor loaned $225,000 to J-Pad.

90.    Plaintiff alleges that the Debtor performed all of the terms and obligations on her part to be performed with respect to the terms of such loan.

91.    Plaintiff alleges that J-Pad has defaulted under the terms of the loan including, without limitation, its failure to repay all amounts owed.

92.    As of the date hereof, the outstanding principal balance owed to the Debtor by J-Pad is $225,000, plus interest.


**NINTH CLAIM FOR RELIEF**

**(To Avoid Unjust Enrichment)**

**(Against J-Pad)**

93.    Plaintiff refers to and incorporates herein by reference each and every allegation contained in paragraphs 1 through 92, inclusive, of this Complaint as though fully set forth herein.

94.    Plaintiff alleges that as a result of the J-Pad Transfers, J-Pad has been unjustly enriched, so that Plaintiff is entitled to recover from J-Pad money, in a sum of not less than $225,000, plus interest.


**TENTH CLAIM FOR RELIEF**

**(To Avoid Unjust Enrichment)**

**(Against J-Pad)**

95.    Plaintiff refers to and incorporates herein by reference each and every allegation contained in paragraphs 1 through 94, inclusive, of this Complaint as though fully set forth herein

96.    J-Pad owes the Debtor the principal sum of $225,000 for money had and received

by J-Pad from the Debtor.

97.     The Trustee is entitled to recover damages from J-Pad in the sum of not less than $225,000, plus interest.


WHEREFORE, the Plaintiff prays for judgment against the Defendants as follows:

ON THE FIRST THROUGH FOURTH CLAIMS FOR RELIEF:

1.     For judgment in favor of the Plaintiff and against the Defendants avoiding the Transfers;

2.     For a judgment in favor of the Plaintiff and against all transferees for the Trustee to recover the transferred property;

3.     For a judgment in favor of the Plaintiff and against J-Sandcastle for the Trustee to recover the Property from J-Sandcastle;

4.     For a judgment in favor of the Plaintiff and against J-Pad for the Trustee to recover the Third J-Pad Transfer (i.e., $225,000) from J-Pad;

5.     For a judgment in favor of the Plaintiff and against the Defendants preserving any avoided Transfers, including title to and liens against the Property, for the benefit of the Debtor's estate.

6.     For an award of interest at the legal rate on all sums awarded to Plaintiff from and after the date of the Transfers.

ON THE FIFTH CLAIM FOR RELIEF:

7.     For judgment in favor of the Plaintiff and against the Defendants avoiding and recovering the Sixth J-Pad Transfer, Seventh J-Pad Transfer, and the Postpetition Transfers;

8.     For a judgment in favor of the Plaintiff and against the Defendants preserving any liens relating to the J-J-Pad Transfers, Steven and Brian Transfers, and the Postpetition Transfers for the benefit of the Debtor's estate.

ON THE SIXTH CLAIM FOR RELIEF:

9.     For a judgment determining that the Defendants do not have valid liens on the Property.

1719769.2  27064

14

000030

1   <u>ON THE SEVENTH CLAIM FOR RELIEF</u>:

2       10.    For a judgment for turnover of the Property to the Trustee.

3   <u>ON THE EIGHTH, NINTH, AND TENTH CLAIMS FOR RELIEF</u>:

4       11.    For the sum of $225,000, together with interest thereon as allowed by contract and

5   law.

6   <u>ON ALL CLAIMS FOR RELIEF</u>:

7       12.    For costs of suit incurred herein; and

8       13.    For all other and further relief as the Court deems just and proper.

9

10   DATED:  June 30, 2023           DANNING, GILL, ISRAEL & KRASNOFF, LLP

11

12                           By:      /s/ Aaron E. de Leest

13                                 AARON E. DE LEEST

14                                 Attorneys for Plaintiff Jeffrey I. Golden, Chapter 7
                                Trustee

15

16

17

18

19

20

21

22

23

24

25

26

27

28

B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|

| PLAINTIFFS JEFFREY I. GOLDEN, Chapter 7 Trustee | DEFENDANTS J-SANDCASTLE CO., LLC; J-PAD LLC; STEVEN D. GALLIAN; BRIAN J. GALLIAN; JUSTIN BARCLAY; RONALD J. PIERPONT; ROBERT J. MCLELLAND; AND E. J. GALLIAN |
|---|---|

| ATTORNEYS (Firm Name, Address, and Telephone No.) DANNING, GILL, ISRAEL & KRASNOFF, LLP 1901 AVENUE OF THE STARS, SUITE 450 LOS ANGELES, CA  90067-6006       310-277-0077 | ATTORNEYS (If Known) |
|---|---|

| PARTY (Check One Box Only) □ Debtor          □ U.S. Trustee/Bankruptcy Admin □ Creditor        □ Other ☒ Trustee | PARTY (Check One Box Only) □ Debtor          □ U.S. Trustee/Bankruptcy Admin ☒ Creditor        □ Other □ Trustee |
|---|---|

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

(1)TO AVOID AND RECOVER FRAUDULENT TRANSFERS; (2) TO AVOID AND RECOVER POSTPETITION TRANSFERS; (3) FOR DECLARATORY RELIEF; (4) FOR BREACH OF CONTRACT; (5) FOR MONEY HAD AND RECEIVED; AND (6) UNJUST ENRICHMENT

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
□ 11-Recovery of money/property - §542 turnover of property
□ 12-Recovery of money/property - §547 preference
☐ [1] 13-Recovery of money/property - §548 fraudulent transfer
□ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ [2] 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
□ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
□ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
□ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
□ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
□ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
□ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
□ 61-Dischargeability - §523(a)(5), domestic support
□ 68-Dischargeability - §523(a)(6), willful and malicious injury
□ 63-Dischargeability - §523(a)(8), student loan
□ 64-Dischargeability - §523(a)(15), divorce or separation obligation
    (other than domestic support)
□ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
□ 71-Injunctive relief – imposition of stay
□ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
□ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ [3] 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
□ 01-Determination of removed claim or cause

**Other**
□ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ [4] 02-Other (e.g. other actions that would have been brought in state court
    if unrelated to bankruptcy case)

| □ Check if this case involves a substantive issue of state law | □ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| □ Check if a jury trial is demanded in complaint | Demand $  225,000 |

Other Relief Sought

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>JAMIE LYNN GALLIAN | BANKRUPTCY CASE NO.<br>8:21-bk-11710-SC | |
| DISTRICT IN WHICH CASE IS PENDING<br>CENTRAL | DIVISION OFFICE<br>SANTA ANA | NAME OF JUDGE<br>SCOTT C. CLARKSON |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>/s/ Aaron E. de Leest | | |
| DATE<br><br>JUNE 30, 2023 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br><br>Aaron E. de Leest | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 1901 Avenue of the Stars, Suite 450, Los Angeles, CA 90067-6006.

A true and correct copy of the foregoing document entitled (*specify*): TRUSTEE'S NOTICE OF OPPOSITION AND OPPOSITION TO DEBTOR'S MOTION TO DISMISS AND AMENDED MOTION TO DISMISS CHAPTER 7 PETITION WITHOUT PREJUDICE; MEMORANDUM OF POINTS AND AUTHORITIES; REQUEST FOR JUDICIAL NOTICE AND DECLARATION OF AARON E. DE LEEST IN SUPPORT THEREOF will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. <u>TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)</u>**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) July 5, 2023 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page.

**2.  <u>SERVED BY UNITED STATES MAIL</u>**:  On July 5, 2023, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by causing to be placed a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☒ Service information continued on attached page.

**3. <u>SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL</u>** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| July 5, 2023 | Vivian Servin | */s/ Vivian Servin* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

ADDITIONAL SERVICE INFORMATION (if needed):

1. **SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**

- **Bradford Barnhardt**   bbarnhardt@marshackhays.com,
  bbarnhardt@ecf.courtdrive.com,kfrederick@ecf.courtdrive.com

- **Aaron E. DE Leest**   adeleest@DanningGill.com,
  danninggill@gmail.com;adeleest@ecf.inforuptcy.com

- **Robert P Goe**   kmurphy@goeforlaw.com, rgoe@goeforlaw.com;goeforecf@gmail.com

- **Jeffrey I Golden (TR)**   lwerner@go2.law,
  jig@trustesolutions.net;kadele@go2.law;C205@ecfcbis.com

- **D Edward Hays**   ehays@marshackhays.com,
  ehays@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com

- **Brandon J Iskander**   biskander@goeforlaw.com, kmurphy@goeforlaw.com

- **Eric P Israel**   eisrael@danninggill.com,
  danninggill@gmail.com;eisrael@ecf.inforuptcy.com

- **Laila Masud**   lmasud@marshackhays.com,
  lmasud@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com

- **Mark A Mellor**   mail@mellorlawfirm.com, mellormr79158@notify.bestcase.com

- **Valerie Smith**   claims@recoverycorp.com

**United States Trustee (SA)**   ustpregion16.sa.ecf@usdoj.gov

2. **SERVED BY U.S. MAIL**

Debtor
Jamie Lynn Gallian
16222 Monterey Ln Unit 376
Huntington Beach, CA 92649

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                 **F 9013-3.1.PROOF.SERVICE**