| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| D. EDWARD HAYS, #162507<br>ehays@marshackhays.com<br>BRADFORD N. BARNHARDT, #328705<br>bbarnhardt@marshackhays.com<br>MARSHACK HAYS WOOD LLP<br>870 Roosevelt<br>Irvine, CA 92620<br>Telephone: (949) 333-7777<br>Facsimile: (949) 333-7778 | |
| ☐ *Individual appearing without attorney*<br>☒ *Attorney for:* Houser Bros. Co. | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION**

| In re:<br><br>JAMIE LYNN GALLIAN | CASE NO.: 8:21-bk-11710-SC<br><br>CHAPTER: 7 |
|---|---|
| | **NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY OR FOR ORDER CONFIRMING THAT THE AUTOMATIC STAY DOES NOT APPLY UNDER 11 U.S.C. § 362(l)**<br>**(with supporting declarations)**<br>**(UNLAWFUL DETAINER)** |
| Debtor(s). | DATE: 09/27/2023<br>TIME: 10:00 am<br>COURTROOM: 5C |
| **Movant**: Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates | |

1. **Hearing Location**:

   ☐ 255 East Temple Street, Los Angeles, CA 90012        ☒ 411 West Fourth Street, Santa Ana, CA 92701

   ☐ 21041 Burbank Boulevard, Woodland Hills, CA 91367   ☐ 1415 State Street, Santa Barbara, CA 93101

   ☐ 3420 Twelfth Street, Riverside, CA 92501

2. Notice is given to the Debtor and trustee (*if any*)(Responding Parties), their attorneys (*if any*), and other interested parties that on the date and time and in the courtroom stated above, Movant will request that this court enter an order granting relief from the automatic stay as to Debtor and Debtor's bankruptcy estate on the grounds set forth in the attached Motion.

3. To file a response to the motion, you may obtain an approved court form at www.cacb.uscourts.gov/forms for use in preparing your response (optional LBR form F 4001-1.RFS.RESPONSE), or you may prepare your response using the format required by LBR 9004-1 and the Court Manual.

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2014*                          Page 1                          **F 4001-1.RFS.UD.MOTION**

4.  When serving a response to the motion, serve a copy of it upon the Movant's attorney (or upon Movant, if the motion was filed by an unrepresented individual) at the address set forth above.

5.  If you fail to timely file and serve a written response to the motion, or fail to appear at the hearing, the court may deem such failure as consent to granting of the motion.

6.  ☒  This motion is being heard on REGULAR NOTICE pursuant to LBR 9013-1(d).  If you wish to oppose this motion, you must file and serve a written response to this motion no later than 14 days before the hearing and appear at the hearing.

7.  ☐  This motion is being heard on SHORTENED NOTICE pursuant to LBR 9075-1(b).  If you wish to oppose this motion, you must file and serve a response no later than (*date*) _____ and (*time*) _____; and, you may appear at the hearing.

    a.  ☐  An application for order setting hearing on shortened notice was not required (according to the calendaring procedures of the assigned judge).

    b.  ☐  An application for order setting hearing on shortened notice was filed and was granted by the court and such motion and order have been or are being served upon the Debtor and upon the trustee (if any).

    c.  ☐  An application for order setting hearing on shortened notice was filed and remains pending.  After the court rules on that application, you will be served with another notice or an order that specifies the date, time and place of the hearing on the attached motion and the deadline for filing and serving a written opposition to the motion.

Date:  09/06/2023

MARSHACK HAYS WOOD LLP
_____
Printed name of law firm (if applicable)

D. EDWARD HAYS
_____
Printed name of individual Movant or attorney for Movant


/s/ D. Edward Hays
_____
Signature of individual Movant or attorney for Movant

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY OR FOR ORDER
## CONFIRMING THAT THE AUTOMATIC STAY DOES NOT APPLY
### (Unlawful Detainer)

**1. Movant is the:**

a. ☒ Owner of the Property
b. ☐ Authorized Agent of the owner of the Property
c. ☐ Other (*specify*):

**2. The Property at Issue (Property):**

Type of Property: ☒ Residential ☐ Nonresidential

*Street Address*: 16222 Monterey Lane
*Unit/Suite Number*: Space 376
*City, State, Zip Code*: Huntington Beach, CA 92649

**3. Bankruptcy Case History:**

a. ☒ A voluntary ☐ An involuntary petition under chapter ☒ 7 ☐ 11 ☐ 12 ☐ 13
was filed on (*date*): 07/09/2021

b. ☐ An order to convert this case to chapter ☐ 7 ☐ 11 ☐ 12 ☐ 13
was entered on (*date*):

c. ☐ A plan was confirmed on (*date*):

**4. Pursuant to 11.U.S.C. § 362(b)(22) and (23) there is no stay because (*check all that apply*):**

a. ☐ Movant commenced an eviction, unlawful detainer action or similar proceeding against the Debtor involving residential property in which the Debtor resides and:

(1) ☐ The Debtor has not filed and served on Movant the certification required under 11 U.S.C. § 362(l)(1).

(2) ☐ The Debtor or adult dependent of the Debtor has not deposited with the clerk any rent that would become due during the 30-day period after the filing of the petition.

(3) ☐ The Debtor or adult dependent of the Debtor has not filed and served on Movant the further certification required under 11 U.S.C. § 362(l)(2) that the entire monetary default that gave rise to the judgment has been cured.

(4) ☐ Movant filed and served an objection to the Debtor's certification. A copy of the objection is attached as Exhibit _____. A hearing on this objection is set for (*date*) _____.

**5. Grounds for Relief from Stay: (*check all that apply*)**

a. ☐ Pursuant to 11 U.S.C. § 362(d)(1), cause exists because, as of the bankruptcy petition date, the Debtor had no right to continued occupancy of the premises, as follows:

(1) ☐ Movant caused a notice to quit to be served on the Debtor.

(2) ☐ An unlawful detainer proceeding was commenced on (*date*) _____.

(3) ☐ An unlawful detainer judgment was entered on (*date*) _____.

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2014*    Page 3    **F 4001-1.RFS.UD.MOTION**

(4) ☐ Movant acquired title to the Property by foreclosure sale before the bankruptcy petition was filed and recorded the deed within the period provided by state law for perfection.

(5) ☐ Movant acquired title to the Property by foreclosure sale after the bankruptcy petition was filed and recorded the deed within the period provided by state law for perfection.

b. ☐ Pursuant to 11 U.S.C. § 362(d)(1) the Debtor's right to possession should be terminated because (*check all that apply*):

(1) ☐ The lease or other right of occupancy expired by its terms on (*date*) _____.

(2) ☐ The lease has matured, been rejected or deemed rejected by operation of law on (*date*) _____.

(3) ☐ Lease payments have not been made after the filing of the bankruptcy petition.

(4) ☐ An unlawful detainer action was filed to obtain possession of the Property on grounds of endangerment of the Property or because of illegal use of controlled substances on the Property and Movant filed and served upon the Debtor a certification that ☐ such an action was filed or
☐ that within the 30 days preceding the certification, the Debtor has endangered the subject Property or illegally allowed the use of controlled substances on the Property.  A copy of Movant's certification is attached as Exhibit _____.  The Debtor ☐ has ☐ has not  filed an objection to Movant's certification. A copy of the Debtor's objection, if any, is attached as Exhibit _____.  A hearing on this objection is set for (*date*) _____.

(5) ☐ The bankruptcy case was filed in bad faith:

(A) ☐ Movant is the only creditor or one of few creditors listed in the Debtor's case commencement documents.

(B) ☐ Other bankruptcy cases have been filed in which an interest in the Property was asserted.

(C) ☐ The Debtor filed only a few case commencement documents.  No schedules or statement of financial affairs (or chapter 13 plan, if appropriate) has been filed.

(D) ☐ There was a recent transfer of all or part ownership of, or other interest in the Property without the consent of the Movant or court approval.

c. ☐ Pursuant to 11 U.S.C. § 362(d)(2)(A), the Debtor has no equity in the Property; and pursuant to 11 U.S.C. § 362(d)(2)(B), the Property is not necessary to an effective reorganization.

6. **Grounds for Annulment of the Stay.**  Movant took postpetition actions against the Property or the Debtor:

a. ☐ These actions were taken before Movant knew the bankruptcy petition was filed, and Movant would have been entitled to relief from stay to proceed with these actions.

b. ☐ Movant knew the bankruptcy case had been filed, but Movant previously obtained relief from stay to proceed with these enforcement actions in prior bankruptcy cases affecting the Property as set forth in Exhibit _____.

c. ☐ Other:

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

7.   **Evidence in Support of Motion:** (***Important Note: Declaration(s) in support of the Motion MUST be signed under penalty of perjury and attached to this motion.***)

     a.   The UNLAWFUL DETAINER DECLARATION on page 7.

     b.   ☒  Supplemental declaration(s).

     c.   ☐  Other (*specify*):

**Movant requests the following relief.**

1.   Relief from stay pursuant to:    ☐ 11 U.S.C. § 362(d)(1)    ☐ 11 U.S.C. § 362(d)(2)

2.   ☐  Movant (and any successors or assigns) may proceed under applicable nonbankruptcy law to enforce its remedies to obtain possession of the Property.

3.   ☒  Confirmation that there is no stay in effect.

4.   ☐  The stay is annulled retroactive to the bankruptcy petition date.  Any postpetition acts taken by Movant to enforce its remedies regarding the Property shall not constitute a violation of the stay.

5.   ☐  The co-debtor stay of 11 U.S.C. § 1201(a) or § 1301(a) is terminated, modified or annulled as to the co-debtor, on the same terms and conditions as to the Debtor.

6.   ☒  The 14-day stay prescribed by FRBP 4001(a)(3) is waived.

7.   ☐  A designated law enforcement officer may evict the Debtor and any other occupant from the Property regardless of any future bankruptcy filing concerning the Property for a period of 180 days from the hearing of this motion:
     ☐  without further notice.
     ☐  upon recording of a copy of the order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

8.   ☐  Relief from stay is granted under 11 U.S.C. § 362(d)(4), if the order granting this motion is recorded in compliance with state laws governing notices of interest or liens in real property, the order is binding in any other case under this title purporting to affect the Property filed not later than two years after the date of entry of such order, except that a debtor in a subsequent case under this title may move for relief from the order based upon changed circumstances or for good cause shown, after notice and a hearing.

9.   ☐  The order is binding and effective in any bankruptcy case commenced by or against any debtor who claims any interest in the Property for a period of 180 days from the hearing of this Motion:
     ☐  without further notice.
     ☐  upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

10.  ☐  The order is binding in any other bankruptcy case purporting to affect the Property filed not later than 2 years after the date of entry of such order, except that a debtor in a subsequent case may move for relief from the order based upon changed circumstances or for good cause shown, after notice and hearing.

11.  ☐  The order is binding and effective in any bankruptcy case commenced by or against the Debtor for a period of 180 days, so that no further automatic stay shall arise in that case as to the Property.

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

12. ☐ If relief from stay is not granted with respect to the Property because the Property is the subject of a lease that may be assumable;

   a. ☐ Establishment of a deadline for assumption or rejection of the lease.

   b. ☐ Adequate protection in the form of regular payments at the lease rate from petition date until assumption or rejection of the lease.

13. ☒ Other relief requested.

Date: __09/06/2023__

 

MARSHACK HAYS WOOD LLP
Print name of law firm (*if applicable*)

D. EDWARD HAYS
Print name of individual Movant or attorney for Movant (*if applicable*)

/s/ D. Edward Hays
Signature of individual Movant or attorney for Movant

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

## UNLAWFUL DETAINER DECLARATION

I, (*name of declarant*) CHRIS HOUSER                                                          , declare as follows:

1.  I have personal knowledge of the matters set forth in this declaration and, if called upon to testify, I could and would competently testify thereto.  I am over 18 years of age.  I have knowledge regarding Movant's interest in the Property because (*specify*):

    a. ☐  I am the Movant and owner of the Property.

    b. ☒  I manage the Property as the authorized agent for the Movant.

    c. ☐  I am employed by Movant as (*title and capacity*):

    d. ☐  Other (*specify*):

2.  a. ☒  I am one of the custodians of the books, records and files of Movant as to those books, records and files that pertain to the rental of this Property.  I have personally worked on books, records and files, and as to the following facts, I know them to be true of my own knowledge or I have gained knowledge of them from the business records of Movant on behalf of Movant, which were made at or about the time of the events recorded, and which are maintained in the ordinary course of Movant's business at or near the time of the acts, conditions or events to which they relate.  Any such document was prepared in the ordinary course of business of Movant by a person who had personal knowledge of the event being recorded and had or has a business duty to record accurately such event.  The business records are available for inspection and copies can be submitted to the court if required.

    b. ☐  Other (see attached):

3.  The Property is:

    ☒ Residential   ☐ Nonresidential

    *Street Address*: 16222 Monterey Lane
    *Unit/Suite Number*: Space 376
    *City, State, Zip Code*: Huntington Beach, CA 92649

4.  Movant is the   ☒ legal owner of the Property, or   ☐ the owner's legally authorized agent.  A true and correct copy of the trustee's deed upon sale, lease, rental agreement, or other document evidencing Movant's interest in the Property is attached as Exhibit A____.  A true and correct copy of the applicable document establishing Movant's authority as agent for the owner is attached as Exhibit _____.

5.  The Debtor asserts a possessory interest in the Property based upon:

    (1) ☐  a month-to-month tenancy

    (2) ☐  a lease that is in default

    (3) ☐  after a foreclosure sale that was held on (*date*): _____.

    (4) ☒  other (*specify*): occupying the Property; there is no lease agreement.

6.  The Debtor failed to pay:

    a. ☐  The monthly rent of $_____ beginning on (*date*): _____.

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

b. ☒ Other obligations including:

    (1) ☐ Common area maintenance charges

    (2) ☐ Property taxes

    (3) ☒ Other obligations (*specify*):
        In the unlawful detainer action, Movant seeks damages for, among other things, lost rental income and actual consumption of utilities during Debtor's occupancy of the premises.

7. Procedural status

a. ☐ The lease matured or was rejected on (*date*) _____:

    (1) ☐ by operation of law.

    (2) ☐ by order of the court.

b. ☒ Movant caused a notice to quit to be served upon the Debtor on (*date*) _12/11/2018_, and a true and correct copy is attached as Exhibit _B_.

c. ☒ Before the bankruptcy petition was filed:

    (1) ☒ Movant filed a complaint for unlawful detainer against the Debtor on (*date*) _01/02/2019_, and a true and correct copy is attached as Exhibit _C_.

    (2) ☐ Trial was held on (*date*) _____.

    (3) ☐ Trial was continued to (*date*) _____.

    (4) ☐ An unlawful detainer judgment against the Debtor was entered on the complaint for unlawful detainer on (*date*) _____, and a true and correct copy is attached as Exhibit _____.

    (5) ☐ A writ of possession for the Property was issued on (*date*) _____, and a true and correct copy is attached as Exhibit _____.

d. After the bankruptcy petition was filed:

    (1) ☐ The Debtor has not filed and served on the Movant the certification required under 11 U.S.C. § 362(l)(1).

    (2) ☐ The Debtor or adult dependent of the Debtor has not deposited with the clerk any rent that would become due during the 30-day period after the filing of the bankruptcy petition.

    (3) ☐ The Debtor or adult dependent of the Debtor has not filed and served on the Movant the further certification required under 11 U.S.C. § 362(l)(2) that the entire monetary default that gave rise to the judgment has been cured.

    (4) ☐ The Debtor filed and served on the Movant the certification required under 11 U.S.C. § 362(d)(1).

        (A) ☐ Movant filed and served an objection a copy of which is attached as Exhibit _____. A hearing on this objection is set for (*date*) _____.

        (B) ☐ Movant has not filed and served an objection.

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

    (5) ☐ An unlawful detainer action was filed to obtain possession of the Property on grounds of endangerment of the Property or because of illegal use of controlled substances on the Property and Movant has filed a certification that ☐ such action was filed or ☐ that the Debtor has endangered the Property within 30 days preceding the certification or allowed the illegal use of controlled substances on the Property. A copy of Movant's certification is attached hereto as Exhibit _____.  The Debtor ☐ has ☐ has not filed an objection to Movant's certification.  A copy of the Debtor's objection, if filed, is attached as Exhibit ___.  A hearing on this objection is set for: _____.

    (6) ☐ Regular lease payments have not been made after the bankruptcy petition was filed.

8. ☐ The Debtor does not have an interest in the Property that could be assumed or assigned under 11 U.S.C. § 365.

9. ☒ The Property is not necessary to an effective reorganization because it is:

    a. ☒ Residential, and is not producing income for the Debtor.

    b. ☐ Commercial, but no reorganization is reasonably in prospect.

    c. ☐ No longer property of the estate.

    d. ☐ Other (specify):


10. ☐ The bankruptcy case was filed in bad faith:

    a. ☐ Movant is the only creditor or one of few creditors listed in the Debtor's case commencement documents.

    b. ☐ Other bankruptcy cases have been filed in which an interest in the Property was asserted.

    c. ☐ The Debtor filed only a few case commencement documents.  Schedules and a statement of financial affairs (or chapter 13 plan, if appropriate) have not been filed.

    d. ☐ Other (specify):


11. ☐ The filing of the bankruptcy petition was part of a scheme to delay, hinder or defraud creditors that involved:

    a. ☐ The transfer of all or part ownership of, or other interest in, the Property without the consent of Movant or court approval.  See attached continuation page of facts establishing the scheme.

    b. ☐ Multiple bankruptcy cases affecting the Property include:

      (1) Case name: _____

        Chapter: _____   Case number: _____

        Date filed: _____   Date discharged: _____   Date dismissed: _____.

        Relief from stay regarding the Property ☐ was ☐ was not  granted.

      (2) Case name: _____

        Chapter: _____   Case number: _____

        Date filed: _____   Date discharged: _____   Date dismissed: _____

        Relief from stay regarding the Property ☐ was ☐ was not  granted.

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                                        Page 9                                        F 4001-1.RFS.UD.MOTION

(3) Case name: _____

    Chapter: _____    Case number: _____

    Date filed: _____    Date discharged: _____    Date dismissed: _____

    Relief from stay regarding the Property  ☐ was  ☐ was not  granted.

    ☐ See attached continuation page for information about other bankruptcy cases affecting the Property.

    ☐ See attached continuation page for additional facts establishing that the multiple bankruptcy cases were part of a scheme to delay, hinder, or defraud creditors.

12. ☐ Enforcement actions taken after the bankruptcy petition was filed are specified in the attached supplemental declaration(s).

    a.  ☐ These actions were taken before Movant knew the bankruptcy petition was filed, and Movant would have been entitled to relief from stay to proceed with these actions.

    b.  ☐ Movant knew the bankruptcy case had been filed, but Movant previously obtained relief from stay to proceed with these enforcement actions in prior bankruptcy cases affecting the Property as set forth in Exhibit _____.

    c.  ☐ For other facts justifying annulment, see attached continuation page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| 09/06/2023 | CHRIS HOUSER | |
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014

Page 10

F 4001-1.RFS.UD.MOTION

# TABLE OF CONTENTS

UNLAWFUL DETAINER DECLARATION...................................**Error! Bookmark not defined.**

MEMORANDUM OF POINTS AND AUTHORITIES ...................................................................11

1.    Summary of Argument ...........................................................................................11

2.    Factual Background ...............................................................................................11

    A.    2019 Forcible Entry / Detainer Action.........................................................11

    B.    Bankruptcy Case ...........................................................................................12

    C.    Adversary Proceeding ...................................................................................13

    D.    2023 Forcible Entry Action ..........................................................................14

3.    Legal Argument .....................................................................................................15

    A.    Legal Standard for Relief from Stay .............................................................15

4.    Conclusion .............................................................................................................17

Declaration of D. Edward Hays ...................................................................................18

# TABLE OF AUTHORITIES

**Cases**

*In re James Fall Flowers & Produce, Ltd.*,

    2012 Bankr.LEXIS 934, at *7 (Bankr. N.D. Ohio Mar. 2, 2012) (citing 11 U.S.C. § 362(a)....... 15

*In re Williams*,

    188 B.R. 713, 715 n.1 (Bankr. D.R.I. 1995) ................................................................................ 16

*Palacios v. Upside Invs. LP (In re Palacios)*,

    2013 Bankr.LEXIS 3943, at *8 (B.A.P. 9th Cir. Apr. 15, 2013) ................................................. 15

*Red River Res., Inc. v. Collazo*, 2015 U.S.Dist.LEXIS 46117, at *24 (N.D. Cal. Apr. 8, 2015) ....... 16

**Statutes**

11 U.S.C. § 362(c)(2)(C) ................................................................................................................... 16

11 U.S.C. § 362(c), (d).......................................................................................................................15

11 U.S.C. § 727(a)(2)(A), (a)(4), and (a)(5) ..................................................................................... 16

i

1   Civil Code § 798.75 ................................................................................................................ 12

2   **Rules**

3   Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure ........................................... 16

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MOTION FOR RELIEF FROM THE AUTOMATIC STAY

4859-3129-3464v.2-1451-007

# MEMORANDUM OF POINTS AND AUTHORITIES

## 1.    Summary of Argument

Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates ("Houser Bros.") previously obtained stay relief to continue prosecution of a forcible entry/detainer action against Jamie Lynn Gallian ("Debtor") to obtain possession of the premises she unlawfully occupies. The Court's relief from stay order, however, provided that Houser Bros. could not "pursue any monetary claim against the Debtor or property of the estate for amounts attributable to the period before the bankruptcy was filed except by filing a proof of claim . . . ." Docket No. 334.

Since entry of the relief from stay order, the Court has denied Debtor's discharge pursuant to 11 U.S.C. § 727(a)(2)(A), (a)(4), and (a)(5). The automatic stay of proceedings to recover pre-petition claims against a debtor automatically terminates upon the entry of an order denying the debtor's discharge. Therefore, the automatic stay has terminated, and Houser Bros. requests confirmation that it may proceed to judgment in the forcible entry action regarding prepetition damages (notwithstanding the language of the previous Order). Such relief will obviate the need for a hearing or trial before this Court regarding the amount of Houser Bros.'s prepetition claim against Debtor.

## 2.    Factual Background

### A.    2019 Forcible Entry / Detainer Action

On January 2, 2019, Houser Bros. filed a "Complaint for Forcible Entry/Detainer (Mobilehome Park)" ("2019 Complaint") against Debtor and all other occupants and persons in possession without a signed lease agreement. A true and correct copy of the 2019 Complaint is attached to the Declaration of D. Edward Hays ("Hays Declaration") as **Exhibit D**. The filing of the complaint commenced *Houser Bros. Co. v. Gallian*, Orange County Superior Court ("OCSC") Case No. 30-2019-01041423-CL-UD-CJC ("2019 Forcible Entry Action").

As set forth in the 2019 Complaint, Houser Bros. manages a mobilehome park which includes the site commonly known as 16222 Monterey Lane, Space 376, Huntington Beach, California 92649 ("Property"). Hays Decl. Ex. D at 39 (2019 Complaint ¶ 4). Debtor applied to be a

MOTION FOR RELIEF FROM THE AUTOMATIC STAY

tenant at the Property, but her application was denied due to her poor financial condition, a material

falsehood, and her past conduct. *Id.* at 6 (2019 Complaint ¶ 6). Debtor nevertheless unlawfully took

possession of the Property without the consent of Houser Bros. *Id.* at 9 (2019 Complaint ¶¶ 4-6).

Because Debtor has no right of tenancy, she is an "unlawful occupant" within the meaning of

California Civil Code § 798.75. *Id.* at 7 (2019 Complaint ¶ 7). An unlawful occupant who fails to

surrender the site to the mobilehome park management is subject to forcible entry proceedings

commencing with California Code of Civil Procedure § 1159.

The 2019 Complaint prayed for:

1)  Restitution of the Property;

2)  Damages at a rate of $36.20/day as a reasonable rental value of the Property from and
    after the date Debtor unlawfully took possession, and until judgment for so long as
    Debtor continues to occupy the Property;

3)  Damages for actual consumption of utilities during Debtor's occupancy of the Property;
    and

4)  Treble damages, attorney's fees, costs of suit, and interest at the legal rate on judgment.

## B.    Bankruptcy Case

On July 9, 2021 ("Petition Date"), Debtor filed a voluntary petition ("Petition") under

Chapter 7 of Title 11 of the United States Code. A true and correct copy of the Petition is attached to

the Hays Declaration as **Exhibit E**. The filing of the petition commenced *In re Jamie Lynn Gallian*,

Case No. 8:21-bk-11710 ("Bankruptcy Case").

In her petition, Debtor gives her residential address as 16222 Monterey Ln. SP #376,

Huntington Beach, California 92649 (*i.e.*, the Property). Hays Decl. Ex. E at 59. Although Debtor

has amended her schedules several times, she has never indicated that she lives elsewhere.

On December 28, 2022, Houser Bros. filed a "Motion for Relief from the Automatic Stay or

for Order Confirming that the Automatic Stay Does Not Apply Under 11 U.S.C. § 362(I)" ("2022

RFS Motion"). A true and correct copy of the 2022 RFS Motion is attached to the Hays Declaration

MOTION FOR RELIEF FROM THE AUTOMATIC STAY
4859-3129-3464v.2-1451-007

1   as **Exhibit F**. In the 2022 RFS Motion, Houser Bros. sought relief from stay pursuant to 11 U.S.C.

2   § 362(d)(1) and 11 U.S.C. § 362(d)(2) to obtain possession of the Property.

3          On February 17, 2023, as Docket No. 334, the Court entered an "Order Granting Motion for

4   Relief from Stay Under 11 U.S.C. § 362" ("RFS Order"). A true and correct copy of the RFS Order

5   is attached to the Hays Declaration as **Exhibit G**. The RFS Order granted stay relief pursuant to 11

6   U.S.C. § 362(d)(1) and 11 U.S.C. § 362(d)(2) and contained the following language in Section 5:

7          Movant may enforce its remedies to obtain possession of the Property, including

8          lockout, in accordance with applicable nonbankruptcy law, but may not pursue any

9          monetary claim against the Debtor or property of the estate for amounts attributable

10         to the period before the bankruptcy was filed except by filing a proof of claim

11         pursuant to 11 U.S.C. § 501.

12  Hays Decl. Ex. G at 158.

13         **C. Adversary Proceeding**

14         On October 18, 2021, Houser Bros. filed a "Complaint to (1) Determine Dischargeability of

15  Debt Pursuant to 11 U.S.C. §§ 523(a)(2)(A) and (a)(6); (2) Deny Discharge Pursuant to 11 U.S.C.

16  §§ 727(a)(2)(A), (a)(4), and (a)(5)," against Debtor, commencing *Houser Bros Co. dba Rancho Del*

17  *Rey Mobile Home Estates v. Jamie Lynn Gallian (In re Jamie Lynn Gallian)*, Adversary Proceeding

18  No. 8:21-ap-01097 ("AP"). A true and correct copy of the CM/ECF Docket in the AP is attached to

19  the Hays Declaration as **Exhibit H**. Four days later, Houser Bros. filed a first amended complaint.

20  AP Docket No. 3.

21         On April 27, 2023, a bifurcated trial was held on the § 727 claims in the AP.[1] AP Docket No.

22  69. Following post-trial briefing, the Court issued a "Memorandum Decision After Trial Regarding

23  § 727 Claims" ("MOD") on May 23, 2023, as AP Docket No. 81. A true and correct copy of the

24  MOD is attached to the Hays Declaration as **Exhibit I**. In the MOD, the Court found in favor of

25

26

27  [1] Pursuant to a February 15, 2023, order, Houser Bros.'s § 523 claims were bifurcated to be tried at a
    later date as necessary. *See* AP Docket No. 58 ("Order Granting Motion in Limine to Exclude
28  Debtor's Trial Exhibits; Bifurcating Claims for Trial and Setting Status Conference on Remaining
    Claims").

MOTION FOR RELIEF FROM THE AUTOMATIC STAY
4859-3129-3464v.2-1451-007

1  Houser Bros. and against Debtor pursuant to 11 U.S.C. §§ 727(a)(2)(A), (a)(4), and (a)(5). Hays

2  Decl. Ex. I at 194.

3      On May 29, 2023, Debtor filed a notice of appeal regarding the MOD, commencing *In re*

4  *Jamie Lynn Gallian*, District Court Case No. 8:23-cv-00961-WLH ("Appeal"). AP Docket No. 83.

5      On July 7, 2023, this Court entered:

6      1)  "Judgment Denying Debtor's Discharge Pursuant to 11 U.S.C. §§ 727(a)(2)(A), (a)(4),

7          and (a)(5)" ("Judgment"), AP Docket No. 100; and

8      2)  "Order After Status Conference Re: 11 U.S.C. § 523 Claims" ("523 Order"), AP Docket

9          No. 101.

10     A true and correct copy of the Judgment is attached to the Hays Declaration as **Exhibit J**. A

11 true and correct copy of the 523 Order is attached to the Hays Declaration as **Exhibit K**. The 523

12 Order provides that Houser Bros.'s § 523 claims will be held in abeyance, and after the Judgment

13 becomes final and no longer subject to appeal, Houser Bros. shall file a statement advising the Court

14 as to its intent regarding those claims. Hays Decl. Ex. K at 199.

15     Debtor's Appeal of the decision to deny her discharge remains pending. The Judgment has

16 not been stayed pending the Appeal.

17     **D. 2023 Forcible Entry Action**

18     After entry of the RFS Order, Houser Bros. filed a "Complaint for Forcible Entry/Detainer

19 (Mobilehome Park)" in the OCSC ("2023 Complaint"). A true and correct copy of the 2023

20 Complaint is attached to the Hays Declaration as **Exhibit L**. The filing of the 2023 Complaint

21 commenced *Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates v. Jamie Gallian, et al.*,

22 OCSC Case No. 30-2023-01316057-CL-UD-CJC ("2023 Forcible Entry Action").

23     In the 2023 Forcible Entry Action, Houser Bros.'s prayer includes a request for the following

24 relief:

25     1)  For restitution of said Premises [i.e., the Property];

26     2)  For damages at the rate of Fifty-Four Dollars and Eighteen Cents ($54.18) per day as a

27         reasonable rental value of the Premises from and after the date Defendants went into

28

14

MOTION FOR RELIEF FROM THE AUTOMATIC STAY

possession according to proof, and until judgment and for so long as Defendants, or any

of them, continue to occupy said Premises as permitted under the U.S. Bankruptcy Court

[RFS] Order;

3) For actual consumption of utilities commencing from and after the date Defendants went

into possession according to proof, and until judgment and for so long as Defendants, or

any of them, continue in possession of said Premises as permitted under the U.S.

Bankruptcy Court [RFS] Order;

4) For treble the amount above as permitted under the U.S. Bankruptcy Court [RFS] Order;

5) For attorneys' fees incurred herein;

6) For costs of suit incurred herein; and

7) For interest at the legal rate on judgment.

Hays Decl. Ex. L at 203.

## 3.    Legal Argument

### A.    Legal Standard for Relief from Stay

Upon commencement of a bankruptcy case, an automatic stay arises. 11 U.S.C. § 362(a). The

stay, however, does not continue in perpetuity. 11 U.S.C. § 362(c), (d)); *see also Palacios v. Upside*

*Invs. LP (In re Palacios)*, 2013 Bankr.LEXIS 3943, at *8 (B.A.P. 9th Cir. Apr. 15, 2013) (providing

that under § 362(d), a party in interest may request relief from the automatic stay). Rather, 11 U.S.C.

§ 362(c) provides:

Except as provided in subsections (d), (e), (f), and (h) of this section—

(1) the stay of an act against property of the estate under subsection (a) of this

section continues until such property is no longer property of the estate;

(2) the stay of any other act under subsection (a) of this section continues until

the earliest of—

(A) the time the case is closed;

(B) the time the case is dismissed; or

15

MOTION FOR RELIEF FROM THE AUTOMATIC STAY

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

(C) if the case is a case under chapter 7 of this title concerning an

individual or a case under chapter 9, 11, 12, or 13 of this title, the time

a discharge is granted or denied[.] . . .

In other words, "when a debtor is denied discharge, the automatic stay of proceedings to recover pre-petition claims against the debtor is lifted." *Red River Res., Inc. v. Collazo*, 2015 U.S.Dist.LEXIS 46117, at *24 (N.D. Cal. Apr. 8, 2015) (citing 11 U.S.C. § 362(c)(2)(C)); *accord In re Williams*, 188 B.R. 713, 715 n.1 (Bankr. D.R.I. 1995) (explaining that pursuant to 11 U.S.C. § 362(c)(2)(C), the automatic stay is lifted upon granting or denial of the discharge).

Here, the Court has rendered Judgment to deny Debtor's discharge pursuant to 11 U.S.C. § 727(a)(2)(A), (a)(4), and (a)(5). Hays Decl. Ex. J at 197. There is therefore no stay in effect regarding proceedings to recover prepetition claims against Debtor. *See* 11 U.S.C. § 362(c)(2)(C). That said, the RFS Order provides that Movant, "may not pursue any monetary claim against the Debtor or property of the estate for amounts attributable to the period before the bankruptcy was filed except by filing a proof of claim pursuant to 11 U.S.C. § 501."

Out of respect for the language of the Court's Order, Houser Bros. seeks entry of an order confirming no stay exists regarding its efforts to pursue entry of judgment and collection of its prepetition claim. Entry of an order confirming termination of the stay is specifically provided for in Section 362(j) ["On request of a party in interest, the court shall issue an order under subsection (c) confirming that the automatic stay has been terminated."].

Alternatively, Houser Bros. requests relief from stay or entry of an amended order clarifying that it may proceed to judgment in the 2023 Forcible Entry Action regarding any monetary claim against Debtor for amounts attributable to the period before the Bankruptcy Case was filed. Confirming that the stay no longer applies for this purpose will allow the OCSC to determine the amount of Houser Bros.'s prepetition damages without the need for this Court to conduct a hearing or trial on the amount of Houser Bros.'s claim.

/ / /

/ / /

MOTION FOR RELIEF FROM THE AUTOMATIC STAY

4859-3129-3464v.2-1451-007

**4.    Conclusion**

For the reasons stated above, Houser Bros. requests that the Court enter an order:

1)    Granting this Motion;

2)    Confirming that pursuant to 11 U.S.C. § 362(c)(2)(C) there is no automatic stay in effect and the language of the RFS Order does not bar Houser Bros. from seeking to obtain and enforce a judgment for its prepetition claims;

3)    Authorizing Houser Bros. to proceed to judgment in the 2023 Forcible Entry Action regarding any monetary claim against Debtor for amounts attributable to the period before the Bankruptcy Case was filed;

4)    Waiving the 14-day stay of Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure; and

5)    Awarding such other relief as the Court deems just and proper.

Dated:  September 6, 2023

MARSHACK HAYS WOOD LLP

By:  */s/ D. Edward Hays*
D. EDWARD HAYS
BRADFORD N. BARNHARDT
Attorneys for HOUSER BROS. CO. DBA
RANCHO DEL REY MOBILE HOME
ESTATES

17

MOTION FOR RELIEF FROM THE AUTOMATIC STAY

4859-3129-3464v.2-1451-007

# Declaration of D. Edward Hays

I, D. EDWARD HAYS, declare as follows:

1.      I am an individual over 18 years of age and competent to make this Declaration.

2.      If called upon to do so, I could and would competently testify as to the facts set forth in this Declaration.

3.      The facts set forth below are true of my personal knowledge.

4.      I am a licensed attorney duly admitted to practice before this Court and all courts of the State of California.

5.      I am a founding partner in the law firm of Marshack Hays Wood LLP, formerly known as Marshack Hays LLP.

6.      I make this Declaration in support of the Motion for Relief from the Automatic Stay ("Motion") filed by Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates ("Houser Bros."). Capitalized terms not defined herein shall have the meaning ascribed to them in the Motion.

7.      A true and correct copy of the 2019 Complaint, provided to me, is attached as **Exhibit D**.

8.      A true and correct copy of the Petition is attached as **Exhibit E**.

9.      A true and correct copy of the 2022 RFS Motion is attached as **Exhibit F**.

10.     A true and correct copy of the RFS Order is attached as **Exhibit G**.

11.     A true and correct copy of the CM/ECF Docket in the AP is attached as **Exhibit H**.

12.     A true and correct copy of the MOD is attached as **Exhibit I**.

13.     A true and correct copy of the Judgment is attached as **Exhibit J**.

14.     A true and correct copy of the 523 Order is attached as **Exhibit K**.

15.     A true and correct copy of the 2023 Complaint, provided to me, is attached as **Exhibit L**.

I declare under penalty of perjury that the foregoing is true and correct. Executed on September 6, 2023.

/s/ D. Edward Hays

D. EDWARD HAYS

18

MOTION FOR RELIEF FROM THE AUTOMATIC STAY

4859-3129-3464v.2-1451-007

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MOTION FOR RELIEF FROM THE AUTOMATIC STAY

4859-3129-3464v.2-1451-007

# PROOF OF SERVICE OF DOCUMENT

4856-2085-1070, v. 1

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**EXHIBIT A**

# Property Detail Report

**16222 Monterey Ln, Huntington Beach, CA 92649-6214**
APN: 178-011-16

Reference ID: 1588832515TSP141722
Orange County Data as of: 04/14/2020

## Owner Information

| | | | |
|---|---|---|---|
| Owner Name: | Houser Bros Co | | |
| Vesting: | Corporation | | |
| Mailing Address: | 17610 Beach Blvd #32, Huntington Beach, CA 92647-6876 | Occupancy: | Absentee Owner |

## Location Information

| | | | |
|---|---|---|---|
| Legal Description: | P Bk 108 Pg 47 Par 2 | | County: | Orange, CA |
| APN: | 178-011-16 | Alternate APN: | | Census Tract / Block: | 099508 / 4002 |
| Munic / Twnshp: | | Twnshp-Rng-Sec: | | Legal Lot / Block: | |
| Subdivision: | | Tract #: | | Legal Book / Page: | |
| Neighborhood: | Huntington Beach | | School District: | Huntington Beach Union High School District |
| Elementary School: | Harbour View Eleme... | Middle School: | Marine View Middle... | High School: | Marina High School |
| Latitude: | 33.72674 | Longitude: | -118.05258 | | |

## Last Transfer / Conveyance - Current Owner

| | | | | | |
|---|---|---|---|---|---|
| Transfer / Rec Date: | 06/08/1990 / 07/06/1990 | Price: | | Transfer Doc #: | 1990.357100 |
| Buyer Name: | Houser Bros Co | Seller Name: | Houser Bros Co | Deed Type: | Quitclaim |

## Last Market Sale

| | | | | | |
|---|---|---|---|---|---|
| Sale / Rec Date: | | Sale Price / Type: | | Deed Type: | |
| Multi / Split Sale: | | Price / Sq. Ft.: | | New Construction: | |
| 1st Mtg Amt / Type: | | 1st Mtg Rate / Type: | | 1st Mtg Doc #: | N/A |
| 2nd Mtg Amt / Type: | | 2nd Mtg Rate / Type: | | Sale Doc #: | N/A |
| Seller Name: | | | | | |
| Lender: | | | | Title Company: | |

## Prior Sale Information

| | | | | | |
|---|---|---|---|---|---|
| Sale / Rec Date: | | Sale Price / Type: | | Prior Deed Type: | |
| 1st Mtg Amt / Type: | | 1st Mtg Rate / Type: | | Prior Sale Doc #: | N/A |
| Prior Lender: | | | | | |

## Property Characteristics

| | | | | | |
|---|---|---|---|---|---|
| Gross Living Area: | 9,832 Sq. Ft. | Total Rooms: | 0 | Year Built / Eff: | 1965 |
| Living Area: | 9,832 Sq. Ft. | Bedrooms: | | Stories: | 1 |
| Total Adj. Area: | | Baths (F / H): | | Parking Type: | |
| Above Grade: | 9832 | Pool: | | Garage #: | |
| Basement Area: | | Fireplace: | | Garage Area: | |
| Style: | | Cooling: | | Porch Type: | |
| Foundation: | | Heating: | | Patio Type: | |
| Quality: | | Exterior Wall: | | Roof Type: | |
| Condition: | | Construction Type: | | Roof Material: | |

## Site Information

| | | | | | |
|---|---|---|---|---|---|
| Land Use: | Commercial (NEC) | Lot Area: | 2,192,299 Sq. Ft. | Zoning: | |
| State Use: | | Lot Width / Depth: | | # of Buildings: | 1 |
| County Use: | 3 - Commercial | Usable Lot: | | Res / Comm Units: | 379 / 379 |
| Site Influence: | | Acres: | 50.328 | Water / Sewer Type: | |
| Flood Zone Code: | X | Flood Map #: | 06059C0231K | Flood Map Date: | 03/21/2019 |
| Community Name: | City Of Huntington Beach | Flood Panel #: | 0231K | Inside SFHA: | False |

## Tax Information

| | | | | | |
|---|---|---|---|---|---|
| Assessed Year: | 2019 | Assessed Value: | $5,555,950 | Market Total Value: | |
| Tax Year: | 2019 | Land Value: | $3,347,001 | Market Land Value: | |
| Tax Area: | 04-007 | Improvement Value: | $2,208,949 | Market Imprv Value: | |
| Property Tax: | $126,187.98 | Improved %: | 39.76% | Market Imprv %: | |
| Exemption: | | Delinquent Year: | | | |



© 2020 FIRST AMERICAN DATA TREE AND/OR ITS AFFILIATES. ALL RIGHTS RESERVED.

EXHIBIT A, PAGE 19

**Disclaimer:** This report: (i) is not an insured product or service or an abstract, legal opinion or a representation of the condition of title to real property, and (ii) is issued exclusively for the benefit of First American Data Tree LLC (Data Tree) customers and may not be used or relied upon by any other person. Estimated property values are: (i) based on available data; (ii) are not guaranteed or warranted; (iii) do not constitute an appraisal; and (iv) should not be relied upon in lieu of an appraisal. Data Tree does not represent or warrant that the information is complete or free from error, and expressly disclaims any liability to any person or entity for loss or damage caused by errors or omissions in the report. If the "verified" logo () is displayed, or a record is designated "verified," Data Tree's algorithm matched fields from two or more data sources to confirm source data.

Boundary and context data provided by Maponics® ©2019. Duplication is strictly prohibited.

EXHIBIT A, PAGE 20

RECORDING REQUESTED BY

Rutan & Tucker

90-357100

AND WHEN RECORDED MAIL TO

Rutan & Tucker
611 Anton Boulevard
Suite 1400
Costa Mesa, CA  92626
Attn:  Linda L. Dalton

RECORDING REQUESTED BY
CHICAGO TITLE INS. CO.

$5.00
C12

RECORDED IN OFFICIAL RECORDS
OF ORANGE COUNTY, CALIFORNIA

-11 15 AM    JUL 6 '90

*Lee A. Branch* RECORDER

SURVEY
MON FUND
FEE $20.00

MAIL TAX STATEMENTS TO

Houser Bros. Co.
17610 Beach Blvd., Ste 32
Huntington Beach, CA 92647

SPACE ABOVE THIS LINE FOR RECORDER'S USE

## Partnership Grant Deed

TO 1925 CA (12-78) 616333-7        THIS FORM FURNISHED BY TICOR TITLE INSURERS        A.P.N. 178-011-16

CORRECTION OF NAME ONLY

The undersigned grantor(s) declare(s):

Documentary transfer tax is $ -0- _NO Consideration_ .

(   ) computed on full value of property conveyed, or
(   ) computed on full value less value of liens and encumbrances remaining at time of sale.
(   ) Unincorporated area: ( X ) City of  Huntington Beach , and

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,

          Houser Bros. Co., a Partnership

a                                   partnership organized under the laws of the State of California
hereby GRANTS to

          Houser Bros. Co., a California Limited Partnership

the following described real property in the
County of   Orange                           , State of California:

          Parcel 2 as per Parcel Map recorded in Book 108,
          Pages 47 and 48, in the City of Huntington Beach,
          County of Orange, State of California, inclusive,
          Official Records of Orange County, California.

Dated: July 3 - 1990

STATE OF CALIFORNIA
COUNTY OF ORANGE        } SS.
On July 5, 1990           before me, the under-
signed, a Notary Public in and for said State, personally appeared
    Clifford C. Houser,

known to me to be the general        of the partners of the
partnership that executed the within instrument, and acknowledged
to me that such partnership executed the same.
WITNESS my hand and official seal.

Signature *Linda L. Dalton*

Houser Bros. Co., a Partnership

By *Clifford C. Houser*
Clifford C. Houser, General Partner

By _____
                              Partner

OFFICIAL SEAL
LINDA L. DALTON
NOTARY PUBLIC - CALIFORNIA
ORANGE COUNTY
My comm. expires NOV 22, 1993

OFFICIAL SEAL
LINDA L. DALTON
NOTARY PUBLIC - CALIFORNIA
ORANGE COUNTY
My comm. expires NOV 22, 1993     (area for official notarial seal)

Title Order No.                        Escrow or Loan No.

**State of California**
## DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT
### DIVISION OF CODES AND STANDARDS

ANNUAL

PERMIT TO OPERATE

December 6, 2021

Park ID No.

30-0198-MP

| Inc or Unc | Mobilehome Lots With Drains | Recreational Vehicle Lots With Drains | Lots Without Drains | Total Lots |
|---|---|---|---|---|
| I | 379 | 0 | 0 | 379 |

**OPERATOR**

HOUSER BROTHERS CO
17610 BEACH BLVD#32
HUNTINGTON BEACH, CA 92647

**PARK NAME & ADDRESS**

RANCHO DEL REY MOBILE ESTATES
16222 MONTEREY L
HUNTINGTON BEACH, CA 92649

**CONDITIONAL USES**

LOCAL FIRE PROTECTION AGENCY - September 30, 2002
CITY OF HUNTINGTON BEACH FIRE DEPARTMENT
2000 MAIN STREET
HUNTINGTON BEACH, CA 92648
(714) 536-5411

Emergency Preparedness Plan - September 27, 2010

Fire Hydrant System Status: Local Enforcement of Fire Code

**THIS PERMIT EXPIRES November 30, 2022**

THIS PERMIT IS ISSUED IN ACCORDANCE WITH THE PROVISIONS OF THE CALIFORNIA HEALTH AND
SAFETY CODE AND IS SUBJECT TO SUSPENSION OR REVOCATION AS PROVIDED THEREIN. THIS PERMIT
IS NOT TRANSFERABLE. THE DEPARTMENT SHALL BE NOTIFIED WITHIN 30 DAYS OF ANY CHANGE OF
NAME, OWNERSHIP OR OPERATOR.

P.O. Box 278180
Sacramento, CA 95827-8180
(916) 445-9471
From TDD Phones: 1-800-735-2929
From Voice Phones: 1-800-735-2922

**POST IN A CONSPICUOUS PLACE**

HCD-MP 503 (Rev. 03/2000)

EXHIBIT A, PAGE 22

**EXHIBIT B**

ELAINE B. ALSTON
VIVIENNE J. ALSTON
DONALD A. DIEBOLD

ALSTON, ALSTON & DIEBOLD

TELEPHONE (714) 556-9400
FACSIMILE (714) 556-9500

27201 PUERTA REAL
SUITE 300
MISSION VIEJO, CALIFORNIA 92691

OUR FILE NO:   1510.

December 10, 2018

**FIVE (5) DAY DEMAND
FOR SURRENDER OF POSSESSION OF SITE**

To:   **Jamie Gallian and All Unlawful Occupants and Persons in Possession Without a Signed Rental
Agreement ("Occupants"):**

**NOTICE IS HEREBY GIVEN** that management of the mobilehome park commonly known as:

Rancho Del Rey
16222 Monterey Lane
Huntington Beach, CA 92649
(referred to as "Park" herein)

HEREBY DEMANDS that the Occupants named above, and each of them, quit the premises in the Park and
surrender possession thereof commonly described as:

Space376
(referred to as "site" herein)

WITHIN FIVE (5) DAYS FROM AND AFTER SERVICE OF THIS NOTICE, and that said surrender of the
mobilehome site be made to the park manager(s), who is authorized to receive the same on behalf of the
management.

Civil Code Section 798.75 authorizes forcible detainer proceedings against any occupant of a mobilehome park
who does not have rights of tenancy and is not otherwise entitled to occupy the premises, upon failure of the
occupants to quit the premises within five (5) days after service of a demand for surrender of the site.

This notice is served with reference to the following facts, inter alia, upon which said demand is now hereby made:

That you have actual and physical possession of the site, without permission from park management, and without
right or authority under a rental agreement or otherwise. Based upon the foregoing facts, management is authorized
to pursue its legal remedies to obtain possession of the site from all such Occupants having no right of tenancy or
possession.

EXHIBIT B, PAGE 23

J Gallian
and All Unlawful Occupants
December 10, 2018
Page 2

**THIS NOTICE IS INTENDED AS A FIVE (5) DAY DEMAND TO SURRENDER POSSESSION AND NOTICE TO QUIT AS PER CIVIL CODE SECTION 798.75. SHOULD YOU FAIL TO QUIT AND SURRENDER POSSESSION AS HEREBY DEMANDED, LEGAL PROCEEDINGS SHALL BE INSTITUTED FOR RESTITUTION OF POSSESSION OF THE PREMISES, REASONABLE RENTAL VALUE, DAMAGES INCIDENTAL TO OCCUPANTS WRONGFUL UNLAWFUL OCCUPATION OF THE SITE, AND ATTORNEYS' FEES AND COSTS, AND STATUTORY DAMAGES.**

ALSTON, ALSTON & DIEBOLD

Dated:  December 10, 2018

By:
VIVIENNE J. ALSTON
Authorized Agent for Owner

cc:    Client
       Park Manager

EXHIBIT B, PAGE 24

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address)<br>Vivienne J. Alston SBN 170746<br>**ALSTON, ALSTON & DIEBOLD**<br>**27201 Puerta ste 300**<br>**Mission Viejo, CA 92691**<br>ATTORNEY FOR **Plaintiff** | TELEPHONE NUMBER<br>**(714) 556-9400** | FOR COURT USE ONLY |
|---|---|---|
| SHORT TITLE OF CASE:<br>Rancho Del Rey v. Gallian, Jamie | | |
| DATE:        TIME:        DEP./DIV. | | CASE NUMBER:<br>Not Applicable |
| **Declaration of Service of Notice to Tenant** | | Ref. No. or File No:<br>1510 |

I, the undersigned, declare that I served the tenant with the: **Five (5) Day Demand for Surrender of Possessin of site.;**

### Constructive Service

After unsuccessfully attempting to personally serve said Notice(s) on each of the named parties on **12/11/2018** at **05:39 PM**, I completed service by serving said notice(s) as authorized by C.C.P. Section 1162 (2,3). In the manner set forth below.

To: **Jamie Gallian**

On: **12/11/2018**        At: **05:39 PM**

**By posting** a copy for each tenant in a conspicuous place on the property therein described, there being no person of suitable age or discretion to be found at the property where situated, **and mailing** a copy to said tenant(s) by depositing said copies in the United States Mail in a sealed envelope with postage fully prepaid, addressed to the tenant  on **12/11/2018** from **Garden Grove** at the address where served: **16222 Monterey Lane 376  Huntington Beach, CA 92649**

Person Who served papers:
   a. Name: **Cesar Gonzalez**
   b. Address: **840 N. Birch St, Santa Ana, CA 92701**
   c. Telephone number: **714-953-9451**
   d. **The fee** for this service was: **129.50**
   e. I am:
   (3) [X] a registered California process server:
        (i) [X] Independent Contractor
        (ii) Registration No.: **2729**
        (iii) County: **Orange**

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.



JANNEY & JANNEY
LEGAL SUPPORT SERVICE

_____
**Cesar Gonzalez**        Date: **12/12/2018**

Declaration of Service of Notice to Tenant        Invoice #: 2305520-01

EXHIBIT B, PAGE 25

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address) | TELEPHONE NUMBER | FOR COURT USE ONLY |
|---|---|---|
| Vivienne J. Alston SBN 170746<br>ALSTON, ALSTON & DIEBOLD<br>27201 Puerta Real ste 300<br>Mission Viejo, CA 92691<br>ATTORNEY FOR **Plaintiff** | **(714) 556-9400** | |

| SHORT TITLE OF CASE:<br>Rancho Del Rey v. Gallian, Jamie | | | |
|---|---|---|---|
| DATE: | TIME: | DEP./DIV. | CASE NUMBER:<br>Not Applicable |
| **Declaration of Service of Notice to Tenant** | | | Ref. No. or File No:<br>1510 |

I, the undersigned, declare that I served the tenant with the: **Five (5) Day Demand for Surrender of Possessin of site.;**

Constructive Service

After unsuccessfully attempting to personally serve said Notice(s) on each of the named parties on **12/11/2018** at **05:39 PM**, I completed service by serving said notice(s) as authorized by C.C.P. Section 1162 (2,3). In the manner set forth below.

To: **All Other Occupants**

On: **12/11/2018**         At: **05:39 PM**

**By posting** a copy for each tenant in a conspicuous place on the property therein described, there being no person of suitable age or discretion to be found at the property where situated, **and mailing** a copy to said tenant(s) by depositing said copies in the United States Mail in a sealed envelope with postage fully prepaid, addressed to the tenant  on **12/11/2018** from **Garden Grove** at the address where served: **16222 Monterey Lane 376  Huntington Beach, CA 92649**

Person Who served papers:
  a. Name: **Cesar Gonzalez**
  b. Address: **840 N. Birch St, Santa Ana, CA 92701**
  c. Telephone number: **714-953-9451**
  d. **The fee** for this service was: **39.50**
  e. I am:
  (3) [X] a registered California process server:
     (i) [X] Independent Contractor
     (ii) Registration No.: **2729**
     (iii) County: **Orange**

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.



Cesar Gonzalez         Date: **12/12/2018**

Declaration of Service of Notice to Tenant                                    Invoice #: 2305520-02

EXHIBIT B, PAGE 26

## VERIFICATION

**STATE OF CALIFORNIA, COUNTY OF** ORANGE

I have read the foregoing COMPLAINT _____ and know its contents.

### CHECK APPLICABLE PARAGRAPHS

[ ] I am a party to this action. The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

[X] I am [ ] an Officer [X] a partner _____ a _____ of HOUSER BROS CO. _____, a party to this action, and am authorized to make this verification for and on its behalf, and I make this verification for that reason. [ ] I am informed and believe and on that ground allege that the matters stated in the foregoing document are true. [X] The matters stated in the foregoing document are true of my own knowledge, except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

[ ] I am one of the attorneys for _____ a party to this action. Such party is absent from the county of aforesaid where such attorneys have their offices, and I make this verification for and on behalf of that party for that reason. I am informed and believe and on that ground allege that the matters stated in the foregoing document are true.

Executed on December 19, 2018 ____, at HUNTINGTON BEACH _____, California.
I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

_Christopher C. Houser_
**Type or Print Name**                    **Signature**

### PROOF OF SERVICE
1013a (3) CCP Revised 5/1/88

**STATE OF CALIFORNIA, COUNTY OF** _____, State of California.
I am employed in the county of _____
I am over the age of 18 and not a party to the within action; my business address is: _____

On, _____ I served the foregoing document described as _____

on _____ in this action

[ ] by placing the true copies thereof enclosed in sealed envelopes addressed as stated on the attached mailing list:
[ ] by placing [ ] the original [ ] a true copy thereof enclosed in sealed envelopes addressed as follows:

[ ] **BY MAIL**
[ ] *I deposited such envelope in the mail at _____, California.
The envelope was mailed with postage thereon fully prepaid.
[ ] As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at _____ California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.
Executed on _____, at _____, California.
[ ] **(BY PERSONAL SERVICE)** I delivered such envelope by hand to the offices of the addressee.
Executed on _____, at _____, California.
[ ] (State)    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.
[ ] (Federal)    I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_____                    _____
**Type or Print Name**                    **Signature**

*(BY MAIL SIGNATURE MUST BE OF PERSON DEPOSITING ENVELOPE IN MAIL SLOT, BOX, OR BAG)
**(FOR PERSONAL SERVICE SIGNATURE MUST BE THAT OF MESSENGER)

Legal Solutions Plus                    Rev. 7/99

**EXHIBIT C**

1  ELAINE B. ALSTON, Bar No. 134139,
   VIVIENNE J. ALSTON, Bar No. 170746
2  Members of
   **ALSTON, ALSTON & DIEBOLD**
3      Attorneys at Law
   27201 Puerta Real, Suite 300
4  Mission Viejo, California 92691
   (714) 556-9400 – FAX (714) 556-9500
5
   Attorney for Plaintiff
6

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange

**01/02/2019** at 08:00:00 AM

Clerk of the Superior Court
By Diana Cuevas, Deputy Clerk

7

8                    SUPERIOR COURT, STATE OF CALIFORNIA

9                         COUNTY OF ORANGE,

10

11  HOUSER BROS. CO., a California limited       Case No.:  30-2019-01041423-CL-UD-CJC
    partnership dba RANCHO DEL REY MOBILE
    HOME ESTATES
12                                               COMPLAINT FOR FORCIBLE ENTRY/
                                                 DETAINER (MOBILEHOME PARK)
13            Plaintiff,
                                                 [CIVIL CODE §798.75 AND CODE OF
14      vs.                                      CIVIL PROCEDURE §§1159, et seq.]

15  JAMIE GALLIAN AND ALL OTHER
    OCCUPANTS AND PERSONS IN POSSESSION          **DOES NOT EXCEED $10,000.00**
16  WITHOUT A SIGNED LEASE AGREEMENT,
    and DOES 1 to 10, inclusive,
17
              Defendant
18

19  COMES NOW, the Plaintiff herein, and alleges as follows:

20       1.     Plaintiff, HOUSER BROS. CO., a California limited partnership doing business in the

21  County of Orange State of California, under the fictitious name of RANCHO DEL REY MOBILE

22  HOME ESTATES.  Plaintiff has filed the statements and published the notices required by §§17900, et

23  seq., of the Business and Professions Code.

24       2.     Defendants, JAMIE GALLIAN AND ALL OTHER OCCUPANTS AND PERSONS

25  IN POSSESSION WITHOUT A SIGNED LEASE AGREEMENT, are individuals residing in the City

26  of Huntington Beach, County of Orange State of California

27       3.     The true names and capacities of Defendants sued herein as DOES 1 through 10,

28  inclusive, whether individual, corporate, associate or otherwise, are unknown to Plaintiff, who

                                                 1
                    **COMPLAINT FOR FORCIBLE ENTRY/DETAINER**

1 therefore sues said Defendants by said fictitious names.  Plaintiff will amend this Complaint to insert

2 said Defendants' true names and capacities when the same have been ascertained.

3         4.      The premises which are the subject of this action are located in the judicial district in

4 which this action is brought.   Said premises are situated at 16222 Monterey Lane. Space 376,

5 Huntington Beach, California 92647  (the "Premises").

6         5.      Plaintiff is the owner of said Premises and has a superior right to possession thereof.

7         6.      Defendants entered into possession of the subject Premises without the consent of

8 Plaintiff.  No rental agreement has been entered into between Plaintiff and Defendants. Defendant's

9 application was denied due to her poor financial condition.  Defendant also made a material falsehood

10 on her application, and her prior conduct indicates she will not comply with the Rules and Regulations

11 governing the mobilehome park.

12         7.      Due to the failure of Defendants to execute a rental agreement prior to taking possession

13 of the Premises, Defendants have no right of tenancy and are unlawful occupants within the meaning of

14 Civil Code §798.75.

15         8.      On or about December 11, 2018 Plaintiff caused to be served on Defendants a Five (5)

16 Day Notice to Quit Premises.  A copy of said Notice is attached hereto as Exhibit "1" and incorporated

17 herein by this reference.

18         9.      Defendants remain in possession of the subject Premises as of this date, and said

19 possession is without Plaintiff's consent.

20         10.     Defendants continue in willful, malicious, obstinate and/or intentional possession of said

21 Premises without Plaintiff's consent and refuse to surrender possession of same to Plaintiff.

22         11.     The reasonable rental value of the Premises is at least Thirty-Six Dollars and Twenty

23 Cents ($36.20) per day, and damages caused by Defendants' forcible detention will accrue at said rate so

24 long as Defendants' mobilehome remains in possession of said Premises.

25         12.     The reasonable value of utilities consumed is the amount evidenced by the meters

26 installed on the Premises, and damages caused by Defendants' forcible detention will accrue at said

27 rates so long as Defendants' mobilehome remains in possession of the said Premises.

28

2

**COMPLAINT FOR FORCIBLE ENTRY/DETAINER**

13.    The reasonable value for trash removal and sewage charges are the amounts charged by the suppliers for these services, and damages caused by Defendants' forcible detention will accrue at said rate so long as Defendants, or any of them, remain in possession of said premises.

14.    California Civil Code §798.85 states as follows:

"In any action arising out of the provisions of this chapter the prevailing party shall be entitled to reasonable attorneys' fees and costs."

15.    Plaintiff has been compelled to commence this action for recovery of possession of said Premises and for default in payment of rent and utilities, and Plaintiff has thereby incurred and been required to expend money for attorneys' fees.

16.    Plaintiff has been compelled to commence this action for recovery of possession of said Premises and for default in payment of rent, utilities and other charges, and to otherwise enforce Plaintiff's rights under Exhibit "1," and Plaintiff has thereby incurred and been required to expend money for attorneys' fees.

WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, as follows:

(1)    For restitution of said Premises;

(2)    For damages at the rate of Thirty-Six Dollars and Twenty Cents ($36.20) per day as a reasonable rental value of the Premises from and after the date Defendants went into possession according to proof, and until judgment and for so long as Defendants, or any of them, continue to occupy said Premises;

(3)    For actual consumption of utilities commencing from and after the date Defendants went into possession according to proof, and until judgment and for so long as Defendants, or any of them, continue in possession of said Premises;

(4)    For treble the amount above;

(5)    For attorneys' fees incurred herein;

(6)    For costs of suit incurred herein;

(7)    For interest at the legal rate on judgment; and

3

**COMPLAINT FOR FORCIBLE ENTRY/DETAINER**

EXHIBIT C, PAGE 30

1    (8)    For such other and further relief as the Court may deem just and proper, except that

2    Plaintiff remits all damages in excess of the jurisdiction of this Court.

3

4    DATED: December _18_, 2018        By:    _____

5                                            Vivienne J. Alston
                                            Attorney for Plaintiff
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4

**COMPLAINT FOR FORCIBLE ENTRY/DETAINER**

EXHIBIT C, PAGE 31

**EXHIBIT 1**

ELAINE B. ALSTON
VIVIENNE J. ALSTON
DONALD A. DIEBOLD

**ALSTON, ALSTON & DIEBOLD**

TELEPHONE (714) 556-9400
FACSIMILE (714) 556-9500

27201 PUERTA REAL
SUITE 300
MISSION VIEJO, CALIFORNIA 92691

OUR FILE NO: ___1510.___

December 10, 2018

### FIVE (5) DAY DEMAND
### FOR SURRENDER OF POSSESSION OF SITE

To:    Jamie Gallian and All Unlawful Occupants and Persons in Possession Without a Signed Rental
       Agreement ("Occupants"):

**NOTICE IS HEREBY GIVEN** that management of the mobilehome park commonly known as:

Rancho Del Rey
16222 Monterey Lane
Huntington Beach, CA 92649
(referred to as "Park" herein)

HEREBY DEMANDS that the Occupants named above, and each of them, quit the premises in the Park and
surrender possession thereof commonly described as:

Space376
(referred to as "site" herein)

WITHIN FIVE (5) DAYS FROM AND AFTER SERVICE OF THIS NOTICE, and that said surrender of the
mobilehome site be made to the park manager(s), who is authorized to receive the same on behalf of the
management.

Civil Code Section 798.75 authorizes forcible detainer proceedings against any occupant of a mobilehome park
who does not have rights of tenancy and is not otherwise entitled to occupy the premises, upon failure of the
occupants to quit the premises within five (5) days after service of a demand for surrender of the site.

This notice is served with reference to the following facts, inter alia, upon which said demand is now hereby made:

That you have actual and physical possession of the site, without permission from park management, and without
right or authority under a rental agreement or otherwise.  Based upon the foregoing facts, management is authorized
to pursue its legal remedies to obtain possession of the site from all such Occupants having no right of tenancy or
possession.

EXHIBIT C, PAGE 33

J Gallian
and All Unlawful Occupants
December 10, 2018
Page 2

**THIS NOTICE IS INTENDED AS A FIVE (5) DAY DEMAND TO SURRENDER POSSESSION AND NOTICE TO QUIT AS PER CIVIL CODE SECTION 798.75. SHOULD YOU FAIL TO QUIT AND SURRENDER POSSESSION AS HEREBY DEMANDED, LEGAL PROCEEDINGS SHALL BE INSTITUTED FOR RESTITUTION OF POSSESSION OF THE PREMISES, REASONABLE RENTAL VALUE, DAMAGES INCIDENTAL TO OCCUPANTS WRONGFUL UNLAWFUL OCCUPATION OF THE SITE, AND ATTORNEYS' FEES AND COSTS, AND STATUTORY DAMAGES.**

ALSTON, ALSTON & DIEBOLD

Dated:  December 10, 2018

By:_____
VIVIENNE J. ALSTON
Authorized Agent for Owner

cc:     Client
        Park Manager

EXHIBIT C, PAGE 34

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address) | TELEPHONE NUMBER | FOR COURT USE ONLY |
|---|---|---|
| Vivienne J. Alston SBN 170746<br>**ALSTON, ALSTON & DIEBOLD**<br>**27201 Puerta Real ste 300**<br>**Mission Viejo, CA 92691**<br>ATTORNEY FOR  **Plaintiff** | **(714) 556-9400** | |

| SHORT TITLE OF CASE:<br>Rancho Del Rey v. Gallian, Jamie | | |
|---|---|---|
| DATE:        TIME:        DEP./DIV. | | CASE NUMBER:<br>Not Applicable |
| **Declaration of Service of Notice to Tenant** | | Ref. No. or File No:<br>**1510** |

I, the undersigned, declare that I served the tenant with the: **Five (5) Day Demand for Surrender of Possessin of site.;**

### Constructive Service

After unsuccessfully attempting to personally serve said Notice(s) on each of the named parties on **12/11/2018** at **05:39 PM**, I completed service by serving said notice(s) as authorized by C.C.P. Section 1162 (2,3). In the manner set forth below.

To: **Jamie Gallian**

On: **12/11/2018**        At: **05:39 PM**

**By posting** a copy for each tenant in a conspicuous place on the property therein described, there being no person of suitable age or discretion to be found at the property where situated, **and mailing** a copy to said tenant(s) by depositing said copies in the United States Mail in a sealed envelope with postage fully prepaid, addressed to the tenant  on **12/11/2018** from **Garden Grove** at the address where served: **16222 Monterey Lane 376  Huntington Beach, CA 92649**

Person Who served papers:
  a. Name: **Cesar Gonzalez**
  b. Address: **840 N. Birch St, Santa Ana, CA 92701**
  c. Telephone number: **714-953-9451**
  d. **The fee** for this service was: **129.50**
  e. I am:
  (3) [X] a registered California process server:
     (i) [X] Independent Contractor
     (ii) Registration No.: **2729**
     (iii) County: **Orange**

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.



            **Cesar Gonzalez**        Date: **12/12/2018**

---

Declaration of Service of Notice to Tenant                Invoice #: 2305520-01

EXHIBIT C, PAGE 35

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address) | TELEPHONE NUMBER | FOR COURT USE ONLY |
|---|---|---|
| Vivienne J. Alston SBN 170746<br>ALSTON, ALSTON & DIEBOLD<br>27201 Puerta Real ste 300<br>Mission Viejo, CA 92691<br>ATTORNEY FOR **Plaintiff** | **(714) 556-9400** | |

| SHORT TITLE OF CASE:<br>Rancho Del Rey v. Gallian, Jamie | | | |
|---|---|---|---|
| DATE: | TIME: | DEP./DIV. | CASE NUMBER:<br>Not Applicable |
| **Declaration of Service of Notice to Tenant** | | | Ref. No. or File No:<br>1510 |

I, the undersigned, declare that I served the tenant with the: **Five (5) Day Demand for Surrender of Possessin of site.;**

Constructive Service

After unsuccessfully attempting to personally serve said Notice(s) on each of the named parties on **12/11/2018** at **05:39 PM**, I completed service by serving said notice(s) as authorized by C.C.P. Section 1162 (2,3). In the manner set forth below.

To: **All Other Occupants**

On: **12/11/2018**          At: **05:39 PM**

**By posting** a copy for each tenant in a conspicuous place on the property therein described, there being no person of suitable age or discretion to be found at the property where situated, **and mailing** a copy to said tenant(s) by depositing said copies in the United States Mail in a sealed envelope with postage fully prepaid, addressed to the tenant on **12/11/2018** from **Garden Grove** at the address where served: **16222 Monterey Lane 376 Huntington Beach, CA 92649**

Person Who served papers:
  a. Name: **Cesar Gonzalez**
  b. Address: **840 N. Birch St, Santa Ana, CA 92701**
  c. Telephone number: **714-953-9451**
  d. **The fee** for this service was: **39.50**
  e. I am:
  (3) [X] a registered California process server:
    (i) [X] Independent Contractor
    (ii) Registration No.: **2729**
    (iii) County: **Orange**

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.



_____
**Cesar Gonzalez**          Date: **12/12/2018**

Declaration of Service of Notice to Tenant                                    Invoice #: 2305520-02

EXHIBIT C, PAGE 36

# VERIFICATION

**STATE OF CALIFORNIA, COUNTY OF** ORANGE
 I have read the foregoing COMPLAINT _____ and know its contents.

## ☐ CHECK APPLICABLE PARAGRAPHS

☐  I am a party to this action.  The matters stated in the foregoing document are true of my own knowledge except as to
those matters which are stated on information and belief, and as to those matters I believe them to be true.

☒  I am ___ an Officer ☒ a partner _____ a _____ of HOUSER BROS CO.
a party to this action, and am authorized to make this verification for and on its behalf, and I make this verification for that
reason. ☐  I am informed and believe and on that ground allege that the matters stated in the foregoing document are
true. ☒ The matters stated in the foregoing document are true of my own knowledge, except as to those matters which are
stated on information and belief, and as to those matters I believe them to be true.

☐  I am one of the attorneys for _____
a party to this action.  Such party is absent from the county of aforesaid where such attorneys have their offices, and I make
this verification for and on behalf of that party for that reason.  I am informed and believe and on that ground allege that
the matters stated in the foregoing document are true.

Executed on December 19 , 2018 ___ , at HUNTINGTON BEACH _____ , California.
I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

_Christopher C. Hauser_
**Type or Print Name**

**Signature**

## PROOF OF SERVICE
1013a (3) CCP Revised 5/1/88

**STATE OF CALIFORNIA, COUNTY OF** _____ , State of California.
 I am employed in the county of _____
I am over the age of 18 and not a party to the within action; my business address is: _____
_____
 On, _____ , I served the foregoing document described as _____
_____
_____ on _____ in this action
☐ by placing the true copies thereof enclosed in sealed envelopes addressed as stated on the attached mailing list:
☐ by placing ☐ the original ☐ a true copy thereof enclosed in sealed envelopes addressed as follows:

☐ **BY MAIL**
  ☐ *I deposited such envelope in the mail at _____ , California.
  The envelope was mailed with postage thereon fully prepaid.
  ☐ As follows:  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.
Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at
_____ California in the ordinary course of business.  I am aware that on motion of the
party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of
deposit for mailing in affidavit.
  Executed on _____ , at _____ , California.
☐ **(BY PERSONAL SERVICE)** I delivered such envelope by hand to the offices of the addressee.
  Executed on _____ , at _____ , California.
☐ (State)    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.
☐ (Federal)    I declare that I am employed in the office of a member of the bar of this court at whose direction the service was
    made.

_____
**Type or Print Name**

**Signature**

*(BY MAIL SIGNATURE MUST BE OF PERSON DEPOSITING ENVELOPE IN
MAIL SLOT, BOX, OR BAG)
**(FOR PERSONAL SERVICE SIGNATURE MUST BE THAT OF MESSENGER)

Legal
Solutions
Plus        Rev. 7/99

EXHIBIT C, PAGE 37

**EXHIBIT D**

1   ELAINE B. ALSTON, Bar No. 134139,
2   VIVIENNE J. ALSTON, Bar No. 170746
    Members of
3   **ALSTON, ALSTON & DIEBOLD**
        Attorneys at Law
4   27201 Puerta Real, Suite 300
    Mission Viejo, California 92691
5   (714) 556-9400 – FAX (714) 556-9500

6   Attorney for Plaintiff

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange

**01/02/2019** at 08:00:00 AM

Clerk of the Superior Court
By Diana Cuevas,Deputy Clerk

7

8                   SUPERIOR COURT, STATE OF CALIFORNIA

9                            COUNTY OF ORANGE,

10

11  HOUSER BROS. CO., a California limited          Case No.:  30-2019-01041423-CL-UD-CJC
    partnership dba RANCHO DEL REY MOBILE
12  HOME ESTATES
                                                    COMPLAINT FOR FORCIBLE ENTRY/
13          Plaintiff,                              DETAINER (MOBILEHOME PARK)

14      vs.                                         [CIVIL CODE §798.75 AND CODE OF
                                                    CIVIL PROCEDURE §§1159, et seq.]
15  JAMIE GALLIAN AND ALL OTHER
    OCCUPANTS AND PERSONS IN POSSESSION             **DOES NOT EXCEED $10,000.00**
16  WITHOUT A SIGNED LEASE AGREEMENT,
    and DOES 1 to 10, inclusive,
17
            Defendant
18

19  COMES NOW, the Plaintiff herein, and alleges as follows:

20          1.      Plaintiff, HOUSER BROS. CO., a California limited partnership doing business in the

21  County of Orange State of California, under the fictitious name of RANCHO DEL REY MOBILE

22  HOME ESTATES.  Plaintiff has filed the statements and published the notices required by §§17900, et

23  seq., of the Business and Professions Code.

24          2.      Defendants, JAMIE GALLIAN AND ALL OTHER OCCUPANTS AND PERSONS

25  IN POSSESSION WITHOUT A SIGNED LEASE AGREEMENT, are individuals residing in the City

26  of Huntington Beach, County of Orange State of California

27          3.      The true names and capacities of Defendants sued herein as DOES 1 through 10,

28  inclusive, whether individual, corporate, associate or otherwise, are unknown to Plaintiff, who

                                                1
                    **COMPLAINT FOR FORCIBLE ENTRY/DETAINER**

1 | therefore sues said Defendants by said fictitious names.  Plaintiff will amend this Complaint to insert

2 | said Defendants' true names and capacities when the same have been ascertained.

3 |     4.    The premises which are the subject of this action are located in the judicial district in

4 | which this action is brought.  Said premises are situated at 16222 Monterey Lane. Space 376,

5 | Huntington Beach, California 92647  (the "Premises").

6 |     5.    Plaintiff is the owner of said Premises and has a superior right to possession thereof.

7 |     6.    Defendants entered into possession of the subject Premises without the consent of

8 | Plaintiff.  No rental agreement has been entered into between Plaintiff and Defendants. Defendant's

9 | application was denied due to her poor financial condition.  Defendant also made a material falsehood

10 | on her application, and her prior conduct indicates she will not comply with the Rules and Regulations

11 | governing the mobilehome park.

12 |     7.    Due to the failure of Defendants to execute a rental agreement prior to taking possession

13 | of the Premises, Defendants have no right of tenancy and are unlawful occupants within the meaning of

14 | Civil Code §798.75.

15 |     8.    On or about December 11, 2018 Plaintiff caused to be served on Defendants a Five (5)

16 | Day Notice to Quit Premises.  A copy of said Notice is attached hereto as Exhibit "1" and incorporated

17 | herein by this reference.

18 |     9.    Defendants remain in possession of the subject Premises as of this date, and said

19 | possession is without Plaintiff's consent.

20 |     10.    Defendants continue in willful, malicious, obstinate and/or intentional possession of said

21 | Premises without Plaintiff's consent and refuse to surrender possession of same to Plaintiff.

22 |     11.    The reasonable rental value of the Premises is at least Thirty-Six Dollars and Twenty

23 | Cents ($36.20) per day, and damages caused by Defendants' forcible detention will accrue at said rate so

24 | long as Defendants' mobilehome remains in possession of said Premises.

25 |     12.    The reasonable value of utilities consumed is the amount evidenced by the meters

26 | installed on the Premises, and damages caused by Defendants' forcible detention will accrue at said

27 | rates so long as Defendants' mobilehome remains in possession of the said Premises.

28 |

2

**COMPLAINT FOR FORCIBLE ENTRY/DETAINER**

EXHIBIT D, PAGE 39

13.    The reasonable value for trash removal and sewage charges are the amounts charged by the suppliers for these services, and damages caused by Defendants' forcible detention will accrue at said rate so long as Defendants, or any of them, remain in possession of said premises.

14.    California Civil Code §798.85 states as follows:

"In any action arising out of the provisions of this chapter the prevailing party shall be entitled to reasonable attorneys' fees and costs."

15.    Plaintiff has been compelled to commence this action for recovery of possession of said Premises and for default in payment of rent and utilities, and Plaintiff has thereby incurred and been required to expend money for attorneys' fees.

16.    Plaintiff has been compelled to commence this action for recovery of possession of said Premises and for default in payment of rent, utilities and other charges, and to otherwise enforce Plaintiff's rights under Exhibit "1," and Plaintiff has thereby incurred and been required to expend money for attorneys' fees.

WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, as follows:

(1)    For restitution of said Premises;

(2)    For damages at the rate of Thirty-Six Dollars and Twenty Cents ($36.20) per day as a reasonable rental value of the Premises from and after the date Defendants went into possession according to proof, and until judgment and for so long as Defendants, or any of them, continue to occupy said Premises;

(3)    For actual consumption of utilities commencing from and after the date Defendants went into possession according to proof, and until judgment and for so long as Defendants, or any of them, continue in possession of said Premises;

(4)    For treble the amount above;

(5)    For attorneys' fees incurred herein;

(6)    For costs of suit incurred herein;

(7)    For interest at the legal rate on judgment; and

3

**COMPLAINT FOR FORCIBLE ENTRY/DETAINER**

1      (8)    For such other and further relief as the Court may deem just and proper, except that

2    Plaintiff remits all damages in excess of the jurisdiction of this Court.

3

4    DATED: December _18_, 2018       By: _____

5                                 Vivienne J. Alston

                                  Attorney for Plaintiff

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4

**COMPLAINT FOR FORCIBLE ENTRY/DETAINER**

EXHIBIT D, PAGE 41

**EXHIBIT 1**

ELAINE B. ALSTON
VIVIENNE J. ALSTON
DONALD A. DIEBOLD

## ALSTON, ALSTON & DIEBOLD

TELEPHONE (714) 556-9400
FACSIMILE (714) 556-9500

27201 PUERTA REAL
SUITE 300
MISSION VIEJO, CALIFORNIA 92691

OUR FILE NO:    1510.

December 10, 2018

### FIVE (5) DAY DEMAND
### FOR SURRENDER OF POSSESSION OF SITE

To:    **Jamie Gallian and All Unlawful Occupants and Persons in Possession Without a Signed Rental Agreement ("Occupants"):**

**NOTICE IS HEREBY GIVEN** that management of the mobilehome park commonly known as:

Rancho Del Rey
16222 Monterey Lane
Huntington Beach, CA 92649
(referred to as "Park" herein)

HEREBY DEMANDS that the Occupants named above, and each of them, quit the premises in the Park and surrender possession thereof commonly described as:

Space376
(referred to as "site" herein)

WITHIN FIVE (5) DAYS FROM AND AFTER SERVICE OF THIS NOTICE, and that said surrender of the mobilehome site be made to the park manager(s), who is authorized to receive the same on behalf of the management.

Civil Code Section 798.75 authorizes forcible detainer proceedings against any occupant of a mobilehome park who does not have rights of tenancy and is not otherwise entitled to occupy the premises, upon failure of the occupants to quit the premises within five (5) days after service of a demand for surrender of the site.

This notice is served with reference to the following facts, inter alia, upon which said demand is now hereby made:

That you have actual and physical possession of the site, without permission from park management, and without right or authority under a rental agreement or otherwise. Based upon the foregoing facts, management is authorized to pursue its legal remedies to obtain possession of the site from all such Occupants having no right of tenancy or possession.

J Gallian
and All Unlawful Occupants
December 10, 2018
Page 2

**THIS NOTICE IS INTENDED AS A FIVE (5) DAY DEMAND TO SURRENDER POSSESSION AND NOTICE TO QUIT AS PER <u>CIVIL CODE</u> SECTION 798.75. SHOULD YOU FAIL TO QUIT AND SURRENDER POSSESSION AS HEREBY DEMANDED, LEGAL PROCEEDINGS SHALL BE INSTITUTED FOR RESTITUTION OF POSSESSION OF THE PREMISES, REASONABLE RENTAL VALUE, DAMAGES INCIDENTAL TO OCCUPANTS WRONGFUL UNLAWFUL OCCUPATION OF THE SITE, AND ATTORNEYS' FEES AND COSTS, AND STATUTORY DAMAGES.**

ALSTON, ALSTON & DIEBOLD

Dated:  December 10, 2018

By: _____
VIVIENNE J. ALSTON
Authorized Agent for Owner

cc:    Client
       Park Manager

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address)<br>Vivienne J. Alston SBN 170746<br>**ALSTON, ALSTON & DIEBOLD**<br>**27201 Puerta Real ste 300**<br>**Mission Viejo, CA 92691**<br>ATTORNEY FOR  **Plaintiff** | TELEPHONE NUMBER<br>**(714) 556-9400** | FOR COURT USE ONLY |
|---|---|---|
| SHORT TITLE OF CASE:<br>Rancho Del Rey v. Gallian, Jamie | | |
| DATE:        TIME:        DEP./DIV. | | CASE NUMBER:<br>Not Applicable |
| **Declaration of Service of Notice to Tenant** | | Ref. No. or File No:<br>1510 |

I, the undersigned, declare that I served the tenant with the: **Five (5) Day Demand for Surrender of Possessin of site.;**

Constructive Service

After unsuccessfully attempting to personally serve said Notice(s) on each of the named parties on **12/11/2018** at **05:39 PM**, I completed service by serving said notice(s) as authorized by C.C.P. Section 1162 (2,3). In the manner set forth below.

To: **Jamie Gallian**

On: **12/11/2018**        At: **05:39 PM**

**By posting** a copy for each tenant in a conspicuous place on the property therein described, there being no person of suitable age or discretion to be found at the property where situated, **and mailing** a copy to said tenant(s) by depositing said copies in the United States Mail in a sealed envelope with postage fully prepaid, addressed to the tenant  on **12/11/2018** from **Garden Grove** at the address where served: **16222 Monterey Lane 376  Huntington Beach, CA 92649**

Person Who served papers:
   a. Name: **Cesar Gonzalez**
   b. Address: **840 N. Birch St, Santa Ana, CA 92701**
   c. Telephone number: **714-953-9451**
   d. **The fee for this service was: 129.50**
   e. I am:
   (3) [X] a registered California process server:
      (i) [X] Independent Contractor
      (ii) Registration No.: **2729**
      (iii) County: **Orange**

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.



JANNEY & JANNEY
LEGAL SUPPORT SERVICE

          **Cesar Gonzalez**        Date: **12/12/2018**

Declaration of Service of Notice to Tenant        Invoice #: 2305520-01

EXHIBIT D, PAGE 45

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address)<br>Vivienne J. Alston SBN 170746<br>ALSTON, ALSTON & DIEBOLD<br>27201 Puerta Real ste 300<br>Mission Viejo, CA 92691<br>ATTORNEY FOR  Plaintiff | TELEPHONE NUMBER<br>(714) 556-9400 | FOR COURT USE ONLY |
|---|---|---|
| SHORT TITLE OF CASE:<br>Rancho Del Rey v. Gallian, Jamie | | |
| DATE:          TIME:          DEP./DIV. | | CASE NUMBER:<br>Not Applicable |
| **Declaration of Service of Notice to Tenant** | | Ref. No. or File No:<br>1510 |

I, the undersigned, declare that I served the tenant with the: **Five (5) Day Demand for Surrender of Possessin of site.;**

Constructive Service

After unsuccessfully attempting to personally serve said Notice(s) on each of the named parties on **12/11/2018** at **05:39 PM**, I completed service by serving said notice(s) as authorized by C.C.P. Section 1162 (2,3). In the manner set forth below.

To: **All Other Occupants**

On: **12/11/2018**          At: **05:39 PM**

**By posting** a copy for each tenant in a conspicuous place on the property therein described, there being no person of suitable age or discretion to be found at the property where situated, **and mailing** a copy to said tenant(s) by depositing said copies in the United States Mail in a sealed envelope with postage fully prepaid, addressed to the tenant  on **12/11/2018** from **Garden Grove** at the address where served: **16222 Monterey Lane 376  Huntington Beach, CA 92649**

Person Who served papers:
  a. Name: **Cesar Gonzalez**
  b. Address: **840 N. Birch St, Santa Ana, CA 92701**
  c. Telephone number: **714-953-9451**
  d. **The fee** for this service was: **39.50**
  e. I am:
  (3) [X] a registered California process server:
    (i) [X] Independent Contractor
    (ii) Registration No.: **2729**
    (iii) County: **Orange**

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.



JANNEY & JANNEY
LEGAL SUPPORT SERVICE

Cesar Gonzalez          Date: 12/12/2018

Declaration of Service of Notice to Tenant                    Invoice #: 2305520-02

# VERIFICATION

STATE OF CALIFORNIA, COUNTY OF ORANGE

I have read the foregoing COMPLAINT _____
_____ and know its contents.

## ☐ CHECK APPLICABLE PARAGRAPHS

☐    I am a party to this action. The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

☒    I am ☐ an Officer ☒ a partner _____ ☐ a _____ of HOUSER BROS CO.

a party to this action, and am authorized to make this verification for and on its behalf, and I make this verification for that reason. ☐ I am informed and believe and on that ground allege that the matters stated in the foregoing document are true. ☒ The matters stated in the foregoing document are true of my own knowledge, except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

☐    I am one of the attorneys for _____
a party to this action. Such party is absent from the county of aforesaid where such attorneys have their offices, and I make this verification for and on behalf of that party for that reason. I am informed and believe and on that ground allege that the matters stated in the foregoing document are true.

Executed on    December 19, 2018    , at HUNTINGTON BEACH    , California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

_Christopher C Houser_
Type or Print Name                          Signature

## PROOF OF SERVICE
1013a (3) CCP Revised 5/1/88

STATE OF CALIFORNIA, COUNTY OF

I am employed in the county of _____ , State of California.
I am over the age of 18 and not a party to the within action; my business address is: _____
_____

On, _____ I served the foregoing document described as _____
_____
_____ on _____ in this action

☐ by placing the true copies thereof enclosed in sealed envelopes addressed as stated on the attached mailing list:
☐ by placing ☐ the original ☐ a true copy thereof enclosed in sealed envelopes addressed as follows:

☐ BY MAIL

☐ *I deposited such envelope in the mail at _____ , California.
The envelope was mailed with postage thereon fully prepaid.

☐ As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at _____ California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on _____ , at _____ , California.

☐ **(BY PERSONAL SERVICE) I delivered such envelope by hand to the offices of the addressee.

Executed on _____ , at _____ , California.

☐ (State)    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.
☐ (Federal)    I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_____        _____
Type or Print Name                          Signature

*(BY MAIL SIGNATURE MUST BE OF PERSON DEPOSITING ENVELOPE IN
MAIL SLOT, BOX, OR BAG)
**(FOR PERSONAL SERVICE SIGNATURE MUST BE THAT OF MESSENGER)

Legal
Solutions          Rev. 7/99
Plus

EXHIBIT D, PAGE 47

**EXHIBIT E**

**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

CENTRAL DISTRICT OF CALIFORNIA

Case number (if known) _____

Chapter you are filing under:

■ Chapter 7
☐ Chapter 11
☐ Chapter 12
☐ Chapter 13

```
┌─────────────────────────────┐
│        FILED                │
│      JUL - 9 2021           │
│  CLERK U.S. BANKRUPTCY COURT│
│  CENTRAL DISTRICT OF        │
│  CALIFORNIA                 │
│  BY: ___    Deputy Clerk    │
└─────────────────────────────┘
```

☐ Check if this is an amended filing

# Official Form 101
# Voluntary Petition for Individuals Filing for Bankruptcy    04/20

The bankruptcy forms use *you* and *Debtor 1* to refer to a debtor filing alone. A married couple may file a bankruptcy case together—called a *joint case*—and in joint cases, these forms use *you* to ask for information from both debtors. For example, if a form asks, "Do you own a car," the answer would be *yes* if either debtor owns a car. When information is needed about the spouses separately, the form uses *Debtor 1* and *Debtor 2* to distinguish between them. In joint cases, one of the spouses must report information as *Debtor 1* and the other as *Debtor 2*. The same person must be *Debtor 1* in all of the forms.

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

## Part 1:    Identify Yourself

|  |  | About Debtor 1: | About Debtor 2 (Spouse Only in a Joint Case): |
|---|---|---|---|
| **1.** | **Your full name** | | |
| | Write the name that is on your government-issued picture identification (for example, your driver's license or passport). | **Jamie**<br>First name | _____<br>First name |
| | | **Lynn**<br>Middle name | _____<br>Middle name |
| | Bring your picture identification to your meeting with the trustee. | **Gallian**<br>Last name and Suffix (Sr., Jr., II, III) | _____<br>Last name and Suffix (Sr., Jr., II, III) |
| **2.** | **All other names you have used in the last 8 years**<br>Include your married or maiden names. | **Jamie L Gallian** | |
| **3.** | **Only the last 4 digits of your Social Security number or federal Individual Taxpayer Identification number (ITIN)** | xxx-xx-3936 | |

EXHIBIT E, PAGE 48

Debtor 1   **Jamie Lynn Gallian**                                                    Case number *(if known)* _____

|  | About Debtor 1: | About Debtor 2 (Spouse Only in a Joint Case): |
|---|---|---|
| **4. Any business names and Employer Identification Numbers (EIN) you have used in the last 8 years**<br><br>Include trade names and *doing business as* names | ■ I have not used any business name or EINs.<br><br>Business name(s) _____<br><br>EIN _____ | ☐ I have not used any business name or EINs.<br><br>Business name(s) _____<br><br>EIN _____ |

| **5. Where you live** | | If Debtor 2 lives at a different address: |
|---|---|---|
| | **16222  Monterey  Ln. SP#376**<br>**Huntington  Beach,  CA  92649**<br>Number, Street, City, State & ZIP Code<br><br>**Orange**<br>County<br><br>If your mailing address is different from the one above, fill it in here. Note that the court will send any notices to you at this mailing address.<br><br>_____<br>Number, P.O. Box, Street, City, State & ZIP Code | _____<br>Number, Street, City, State & ZIP Code<br><br>_____<br>County<br><br>If Debtor 2's mailing address is different from yours, fill it in here. Note that the court will send any notices to this mailing address.<br><br>_____<br>Number, P.O. Box, Street, City, State & ZIP Code |

| **6. Why you are choosing *this district* to file for bankruptcy** | *Check one:* | *Check one:* |
|---|---|---|
| | ■ Over the last 180 days before filing this petition, I have lived in this district longer than in any other district.<br><br>☐ I have another reason.<br>Explain. (See 28 U.S.C. § 1408.) | ☐ Over the last 180 days before filing this petition, I have lived in this district longer than in any other district.<br><br>☐ I have another reason.<br>Explain. (See 28 U.S.C. § 1408.) |

EXHIBIT E, PAGE 49

Debtor 1    Jamie Lynn Gallian                                        Case number (if known) _____

| Part 2: | Tell the Court About Your Bankruptcy Case |
|---------|--------------------------------------------|

**7.    The chapter of the Bankruptcy Code you are choosing to file under**

Check one. (For a brief description of each, see *Notice Required by 11 U.S.C. § 342(b) for Individuals Filing for Bankruptcy (Form 2010)*). Also, go to the top of page 1 and check the appropriate box.

- ■ Chapter 7
- ☐ Chapter 11
- ☐ Chapter 12
- ☐ Chapter 13

**8.    How you will pay the fee**

- ■ **I will pay the entire fee when I file my petition.** Please check with the clerk's office in your local court for more details about how you may pay. Typically, if you are paying the fee yourself, you may pay with cash, cashier's check, or money order. If your attorney is submitting your payment on your behalf, your attorney may pay with a credit card or check with a pre-printed address.

- ☐ **I need to pay the fee in installments.** If you choose this option, sign and attach the *Application for Individuals to Pay The Filing Fee in Installments* (Official Form 103A).

- ☐ **I request that my fee be waived** (You may request this option only if you are filing for Chapter 7. By law, a judge may, but is not required to, waive your fee, and may do so only if your income is less than 150% of the official poverty line that applies to your family size and you are unable to pay the fee in installments). If you choose this option, you must fill out the *Application to Have the Chapter 7 Filing Fee Waived* (Official Form 103B) and file it with your petition.

**9.    Have you filed for bankruptcy within the last 8 years?**

- ■ No.
- ☐ Yes.

| | | | | | |
|---|---|---|---|---|---|
| District | _____ | When | _____ | Case number | _____ |
| District | _____ | When | _____ | Case number | _____ |
| District | _____ | When | _____ | Case number | _____ |

**10.    Are any bankruptcy cases pending or being filed by a spouse who is not filing this case with you, or by a business partner, or by an affiliate?**

- ■ No
- ☐ Yes.

| | | | | | |
|---|---|---|---|---|---|
| Debtor | _____ | | | Relationship to you | _____ |
| District | _____ | When | _____ | Case number, if known | _____ |
| Debtor | _____ | | | Relationship to you | _____ |
| District | _____ | When | _____ | Case number, if known | _____ |

**11.    Do you rent your residence?**

- ■ No.    Go to line 12.
- ☐ Yes.    Has your landlord obtained an eviction judgment against you?
  - ☐    No. Go to line 12.
  - ☐    Yes. Fill out *Initial Statement About an Eviction Judgment Against You* (Form 101A) and file it as part of this bankruptcy petition.

EXHIBIT E, PAGE 50

Case 8:21-bk-11710-ES    Doc 1    Filed 07/09/21    Entered 07/09/21 14:15:51    Desc
Main Document    Page 4 of 60

Debtor 1   Jamie Lynn Gallian                                                    Case number *(if known)*

---

**Part 3:**   **Report About Any Businesses You Own as a Sole Proprietor**

12.  **Are you a sole proprietor of any full- or part-time business?**

■ No.   Go to Part 4.

☐ Yes.   Name and location of business

A sole proprietorship is a business you operate as an individual, and is not a separate legal entity such as a corporation, partnership, or LLC.

Name of business, if any

If you have more than one sole proprietorship, use a separate sheet and attach it to this petition.

Number, Street, City, State & ZIP Code

*Check the appropriate box to describe your business:*

☐   Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐   Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐   Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐   Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐   None of the above

---

13.  **Are you filing under Chapter 11 of the Bankruptcy Code, and are you a *small business debtor* or a debtor as defined in 11 U.S.C. § 1182(1)?**

For a definition of *small business debtor*, see 11 U.S.C. § 101(51D).

*If you are filing under Chapter 11, the court must know whether you are a small business debtor or a debtor choosing to proceed under Subchapter V so that it can set appropriate deadlines. If you indicate that you are a small business debtor or you are choosing to proceed under Subchapter V, you must attach your most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).*

■ No.   I am not filing under Chapter 11.

☐ No.   I am filing under Chapter 11, but I am NOT a small business debtor according to the definition in the Bankruptcy Code.

☐ Yes.   I am filing under Chapter 11, I am a small business debtor according to the definition in the Bankruptcy Code, and I do not choose to proceed under Subchapter V of Chapter 11.

☐ Yes.   I am filing under Chapter 11, I am a debtor according to the definition in § 1182(1) of the Bankruptcy Code, and I choose to proceed under Subchapter V of Chapter 11.

---

**Part 4:**   **Report if You Own or Have Any Hazardous Property or Any Property That Needs Immediate Attention**

14.  **Do you own or have any property that poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety? Or do you own any property that needs immediate attention?**

*For example, do you own perishable goods, or livestock that must be fed, or a building that needs urgent repairs?*

■ No.

☐ Yes.   What is the hazard?

If immediate attention is needed, why is it needed?

Where is the property?

Number, Street, City, State & Zip Code

---

EXHIBIT E, PAGE 51

Case 8:21-bk-11710-ES    Doc 1    Filed 07/09/21    Entered 07/09/21 14:15:51    Desc
Main Document      Page 5 of 60

Debtor 1    Jamie Lynn Gallian                                              Case number (if known)

| Part 5: | Explain Your Efforts to Receive a Briefing About Credit Counseling |

**15. Tell the court whether you have received a briefing about credit counseling.**

The law requires that you receive a briefing about credit counseling before you file for bankruptcy. You must truthfully check one of the following choices. If you cannot do so, you are not eligible to file.

If you file anyway, the court can dismiss your case, you will lose whatever filing fee you paid, and your creditors can begin collection activities again.

**About Debtor 1:**

You must check one:

■ I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, and I received a certificate of completion.

Attach a copy of the certificate and the payment plan, if any, that you developed with the agency.

☐ I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, but I do not have a certificate of completion.

Within 14 days after you file this bankruptcy petition, you MUST file a copy of the certificate and payment plan, if any.

☐ I certify that I asked for credit counseling services from an approved agency, but was unable to obtain those services during the 7 days after I made my request, and exigent circumstances merit a 30-day temporary waiver of the requirement.

To ask for a 30-day temporary waiver of the requirement, attach a separate sheet explaining what efforts you made to obtain the briefing, why you were unable to obtain it before you filed for bankruptcy, and what exigent circumstances required you to file this case.

Your case may be dismissed if the court is dissatisfied with your reasons for not receiving a briefing before you filed for bankruptcy. If the court is satisfied with your reasons, you must still receive a briefing within 30 days after you file. You must file a certificate from the approved agency, along with a copy of the payment plan you developed, if any. If you do not do so, your case may be dismissed.

Any extension of the 30-day deadline is granted only for cause and is limited to a maximum of 15 days.

☐ I am not required to receive a briefing about credit counseling because of:

  ☐ **Incapacity.**
  I have a mental illness or a mental deficiency that makes me incapable of realizing or making rational decisions about finances.

  ☐ **Disability.**
  My physical disability causes me to be unable to participate in a briefing in person, by phone, or through the internet, even after I reasonably tried to do so.

  ☐ **Active duty.**
  I am currently on active military duty in a military combat zone.

If you believe you are not required to receive a briefing about credit counseling, you must file a motion for waiver credit counseling with the court.

**About Debtor 2 (Spouse Only in a Joint Case):**

You must check one:

☐ I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, and I received a certificate of completion.

Attach a copy of the certificate and the payment plan, if any, that you developed with the agency.

☐ I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, but I do not have a certificate of completion.

Within 14 days after you file this bankruptcy petition, you MUST file a copy of the certificate and payment plan, if any.

☐ I certify that I asked for credit counseling services from an approved agency, but was unable to obtain those services during the 7 days after I made my request, and exigent circumstances merit a 30-day temporary waiver of the requirement.

To ask for a 30-day temporary waiver of the requirement, attach a separate sheet explaining what efforts you made to obtain the briefing, why you were unable to obtain it before you filed for bankruptcy, and what exigent circumstances required you to file this case.

Your case may be dismissed if the court is dissatisfied with your reasons for not receiving a briefing before you filed for bankruptcy.

If the court is satisfied with your reasons, you must still receive a briefing within 30 days after you file. You must file a certificate from the approved agency, along with a copy of the payment plan you developed, if any. If you do not do so, your case may be dismissed.

Any extension of the 30-day deadline is granted only for cause and is limited to a maximum of 15 days.

☐ I am not required to receive a briefing about credit counseling because of:

  ☐ **Incapacity.**
  I have a mental illness or a mental deficiency that makes me incapable of realizing or making rational decisions about finances.

  ☐ **Disability.**
  My physical disability causes me to be unable to participate in a briefing in person, by phone, or through the internet, even after I reasonably tried to do so.

  ☐ **Active duty.**
  I am currently on active military duty in a military combat zone.

If you believe you are not required to receive a briefing about credit counseling, you must file a motion for waiver of credit counseling with the court.

EXHIBIT E, PAGE 52

Debtor 1    Jamie Lynn Gallian    Case number *(if known)* _____

| Part 6: | Answer These Questions for Reporting Purposes |
|---|---|

**16. What kind of debts do you have?**

**16a.** Are your debts primarily consumer debts? *Consumer debts* are defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."

☐ No. Go to line 16b.

■ Yes. Go to line 17.

**16b.** Are your debts primarily business debts? *Business debts* are debts that you incurred to obtain money for a business or investment or through the operation of the business or investment.

☐ No. Go to line 16c.

☐ Yes. Go to line 17.

**16c.** State the type of debts you owe that are not consumer debts or business debts _____

---

**17. Are you filing under Chapter 7?**

☐ No. I am not filing under Chapter 7. Go to line 18.

**Do you estimate that after any exempt property is excluded and administrative expenses are paid that funds will be available for distribution to unsecured creditors?**

■ Yes. I am filing under Chapter 7. Do you estimate that after any exempt property is excluded and administrative expenses are paid that funds will be available to distribute to unsecured creditors?

■ No

☐ Yes

---

**18. How many Creditors do you estimate that you owe?**

| | | |
|---|---|---|
| ■ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than100,000 |
| ☐ 200-999 | | |

---

**19. How much do you estimate your assets to be worth?**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ■ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

---

**20. How much do you estimate your liabilities to be?**

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ■ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

---

| Part 7: | Sign Below |
|---|---|

**For you**

I have examined this petition, and I declare under penalty of perjury that the information provided is true and correct.

If I have chosen to file under Chapter 7, I am aware that I may proceed, if eligible, under Chapter 7, 11,12, or 13 of title 11, United States Code. I understand the relief available under each chapter, and I choose to proceed under Chapter 7.

If no attorney represents me and I did not pay or agree to pay someone who is not an attorney to help me fill out this document, I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I understand making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

_____    _____
**Jamie Lynn Gallian**    Signature of Debtor 2
Signature of Debtor 1

Executed on  7/9/2021    Executed on _____
           MM / DD / YYYY         MM / DD / YYYY

---

EXHIBIT E, PAGE 53

Debtor 1    **Jamie Lynn Gallian** _____    Case number *(if known)* _____

---

**For your attorney, if you are represented by one**

**If you are not represented by an attorney, you do not need to file this page.**

I, the attorney for the debtor(s) named in this petition, declare that I have informed the debtor(s) about eligibility to proceed under Chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each chapter for which the person is eligible.  I also certify that I have delivered to the debtor(s) the notice required by 11 U.S.C. § 342(b) and, in a case in which § 707(b)(4)(D) applies, certify that I have no knowledge after an inquiry that the information in the schedules filed with the petition is incorrect.

_____        Date _____
Signature of Attorney for Debtor                        MM / DD / YYYY

_____

_____
Firm name

_____
Number, Street, City, State & ZIP Code
Contact phone _____    Email address _____

_____
Bar number & State

---

EXHIBIT E, PAGE 54

Debtor 1 _____   Case number (if known)_____
         First Name    Middle Name    Last Name

| | |
|---|---|
| **For you if you are filing this bankruptcy without an attorney** | The law allows you, as an individual, to represent yourself in bankruptcy court, but **you should understand that many people find it extremely difficult to represent themselves successfully. Because bankruptcy has long-term financial and legal consequences, you are strongly urged to hire a qualified attorney.** |
| **If you are represented by an attorney, you do not need to file this page.** | To be successful, you must correctly file and handle your bankruptcy case. The rules are very technical, and a mistake or inaction may affect your rights. For example, your case may be dismissed because you did not file a required document, pay a fee on time, attend a meeting or hearing, or cooperate with the court, case trustee, U.S. trustee, bankruptcy administrator, or audit firm if your case is selected for audit. If that happens, you could lose your right to file another case, or you may lose protections, including the benefit of the automatic stay. |

You must list all your property and debts in the schedules that you are required to file with the court. Even if you plan to pay a particular debt outside of your bankruptcy, you must list that debt in your schedules. If you do not list a debt, the debt may not be discharged. If you do not list property or properly claim it as exempt, you may not be able to keep the property. The judge can also deny you a discharge of all your debts if you do something dishonest in your bankruptcy case, such as destroying or hiding property, falsifying records, or lying. Individual bankruptcy cases are randomly audited to determine if debtors have been accurate, truthful, and complete. **Bankruptcy fraud is a serious crime; you could be fined and imprisoned.**

If you decide to file without an attorney, the court expects you to follow the rules as if you had hired an attorney. The court will not treat you differently because you are filing for yourself. To be successful, you must be familiar with the United States Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the local rules of the court in which your case is filed. You must also be familiar with any state exemption laws that apply.

Are you aware that filing for bankruptcy is a serious action with long-term financial and legal consequences?

☒ No
☐ Yes

Are you aware that bankruptcy fraud is a serious crime and that if your bankruptcy forms are inaccurate or incomplete, you could be fined or imprisoned?

☒ No
☐ Yes

Did you pay or agree to pay someone who is not an attorney to help you fill out your bankruptcy forms?

☒ No
☐ Yes. Name of Person_____
     Attach *Bankruptcy Petition Preparer's Notice, Declaration, and Signature* (Official Form 119).

By signing here, I acknowledge that I understand the risks involved in filing without an attorney. I have read and understood this notice, and I am aware that filing a bankruptcy case without an attorney may cause me to lose my rights or property if I do not properly handle the case.

| | |
|---|---|
| ✗ _~signature~_ | ✗ _____ |
| Signature of Debtor 1 | Signature of Debtor 2 |
| Date   7/9/2021 | Date   _____ |
|        MM / DD / YYYY |        MM / DD / YYYY |
| Contact phone _____ | Contact phone _____ |
| Cell phone  714-321-3449 | Cell phone _____ |
| Email address _____ | Email address _____ |

EXHIBIT E, PAGE 55

## STATEMENT OF RELATED CASES
## INFORMATION REQUIRED BY LBR 1015-2
## UNITED STATES BANKRUPTCY COURT, CENTRAL DISTRICT OF CALIFORNIA

1.  A petition under the Bankruptcy Act of 1898 or the Bankruptcy Reform Act of 1978 has previously been filed by or
    against the debtor, his/her spouse, his or her current or former domestic partner, an affiliate of the debtor, any
    copartnership or joint venture of which debtor is or formerly was a general or limited partner, or member, or any
    corporation of which the debtor is a director, officer, or person in control, as follows: (Set forth the complete number
    and title of each such of prior proceeding, date filed, nature thereof, the Bankruptcy Judge and court to whom
    assigned, whether still pending and, if not, the disposition thereof. If none, so indicate. Also, list any real property
    included in Schedule A/B that was filed with any such prior proceeding(s).)
    **None.**

2.  (If petitioner is a partnership or joint venture) A petition under the Bankruptcy Act of 1898 or the Bankruptcy Reform
    Act of 1978 has previously been filed by or against the debtor or an affiliate of the debtor, or a general partner in the
    debtor, a relative of the general partner, general partner of, or person in control of the debtor, partnership in which the
    debtor is a general partner, general partner of the debtor, or person in control of the debtor as follows: (Set forth the
    complete number and title of each such prior proceeding, date filed, nature of the proceeding, the Bankruptcy Judge
    and court to whom assigned, whether still pending and, if not, the disposition thereof. If none, so indicate. Also, list
    any real property included in Schedule A/B that was filed with any such prior proceeding(s).)
    **None.**

3.  (If petitioner is a corporation) A petition under the Bankruptcy Act of 1898 or the Bankruptcy Reform Act of 1978 has
    previously been filed by or against the debtor, or any of its affiliates or subsidiaries, a director of the debtor, an officer
    of the debtor, a person in control of the debtor, a partnership in which the debtor is general partner, a general partner
    of the debtor, a relative of the general partner, director, officer, or person in control of the debtor, or any persons, firms
    or corporations owning 20% or more of its voting stock as follows: (Set forth the complete number and title of each
    such prior proceeding, date filed, nature of proceeding, the Bankruptcy Judge and court to whom assigned, whether
    still pending, and if not, the disposition thereof. If none, so indicate. Also, list any real property included in Schedule
    A/B that was filed with any such prior proceeding(s).)
    **None.**

4.  (If petitioner is an individual) A petition under the Bankruptcy Reform Act of 1978, including amendments thereof, has
    been filed by or against the debtor within the last 180 days: (Set forth the complete number and title of each such prior
    proceeding, date filed, nature of proceeding, the Bankruptcy Judge and court to whom assigned, whether still
    pending, and if not, the disposition thereof. If none, so indicate. Also, list any real property included in Schedule A/B
    that was filed with any such prior proceeding(s).)
    **8:03-bk-1856-JB; Chapter 7; Central District of California - Santa Ana; Filed 08/04/2003; Discharged 11/17/2003**

I declare, under penalty of perjury, that the foregoing is true and correct.

Executed at   **Santa Ana**                        , California.

Date:        **7/9/2021**

_____
**Jamie Lynn Gallian**
Signature of Debtor 1

_____
Signature of Debtor 2

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*October 2018*                    Page 1              **F 1015-2.1.STMT.RELATED.CASES**

EXHIBIT E, PAGE 56

**Fill in this information to identify your case:**

| | | | |
|---|---|---|---|
| Debtor 1 | **Jamie Lynn Gallian** | | |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse if, filing) | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for the: | CENTRAL DISTRICT OF CALIFORNIA | | |
| Case number (if known) | | | |

☐ Check if this is an amended filing

## Official Form 106Sum
## Summary of Your Assets and Liabilities and Certain Statistical Information   12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. Fill out all of your schedules first; then complete the information on this form. If you are filing amended schedules after you file your original forms, you must fill out a new *Summary* and check the box at the top of this page.

**Part 1:   Summarize Your Assets**

| | Your assets Value of what you own |
|---|---|

1. **Schedule A/B: Property** (Official Form 106A/B)
   1a. Copy line 55, Total real estate, from Schedule A/B.................................................................... $ **235,000.00**

   1b. Copy line 62, Total personal property, from Schedule A/B........................................................... $ **19,634.34**

   1c. Copy line 63, Total of all property on Schedule A/B..................................................................... $ **254,634.34**

**Part 2:   Summarize Your Liabilities**

| | Your liabilities Amount you owe |
|---|---|

2. *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 106D)
   2a. Copy the total you listed in Column A, *Amount of claim*, at the bottom of the last page of Part 1 of *Schedule D*... $ **561,789.00**

3. *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 106E/F)
   3a. Copy the total claims from Part 1 (priority unsecured claims) from line 6e of *Schedule E/F*.................... $ **0.00**

   3b. Copy the total claims from Part 2 (nonpriority unsecured claims) from line 6j of *Schedule E/F*............... $ **427,177.76**

| Your total liabilities | $ **988,966.76** |
|---|---|

**Part 3:   Summarize Your Income and Expenses**

4. *Schedule I: Your Income* (Official Form 106I)
   Copy your combined monthly income from line 12 of *Schedule I*.......................................................... $ **1,000.00**

5. *Schedule J: Your Expenses* (Official Form 106J)
   Copy your monthly expenses from line 22c of *Schedule J*.................................................................. $ **2,676.00**

**Part 4:   Answer These Questions for Administrative and Statistical Records**

6. **Are you filing for bankruptcy under Chapters 7, 11, or 13?**

   ☐ No. You have nothing to report on this part of the form. Check this box and submit this form to the court with your other schedules.

   ■ Yes

7. **What kind of debt do you have?**

   ■ **Your debts are primarily consumer debts.** *Consumer debts* are those "incurred by an individual primarily for a personal, family, or household purpose." 11 U.S.C. § 101(8). Fill out lines 8-9g for statistical purposes. 28 U.S.C. § 159.

   ☐ **Your debts are not primarily consumer debts.** You have nothing to report on this part of the form. *Check this box* and submit this form to the court with your other schedules.

Official Form 106Sum      **Summary of Your Assets and Liabilities and Certain Statistical Information**      page 1 of 2

Software Copyright (c) 1996-2021 Best Case, LLC - www.bestcase.com

Best Case Bankruptcy

Debtor 1    **Jamie Lynn Gallian**                                           Case number *(if known)*

8.    From the *Statement of Your Current Monthly Income:* Copy your total current monthly income from Official Form
      122A-1 Line 11; **OR,** Form 122B Line 11; **OR,** Form 122C-1 Line 14.                                         $          1,000.00

9.    Copy the following special categories of claims from Part 4, line 6 of *Schedule E/F:*

| From Part 4 on *Schedule E/F,* copy the following: | Total claim |
|---|---|
| 9a. Domestic support obligations (Copy line 6a.) | $ 0.00 |
| 9b. Taxes and certain other debts you owe the government. (Copy line 6b.) | $ 0.00 |
| 9c. Claims for death or personal injury while you were intoxicated. (Copy line 6c.) | $ 0.00 |
| 9d. Student loans. (Copy line 6f.) | $ 0.00 |
| 9e. Obligations arising out of a separation agreement or divorce that you did not report as priority claims. (Copy line 6g.) | $ 0.00 |
| 9f. Debts to pension or profit-sharing plans, and other similar debts. (Copy line 6h.) | +$ 0.00 |
| 9g. **Total.** Add lines 9a through 9f. | $ 0.00 |

EXHIBIT E, PAGE 58

Fill in this information to identify your case and this filing:

| | | | |
|---|---|---|---|
| Debtor 1 | **Jamie Lynn Gallian** | | |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the:    CENTRAL DISTRICT OF CALIFORNIA

Case number _____

☐ Check if this is an amended filing

## Official Form 106A/B
# Schedule A/B: Property

12/15

In each category, separately list and describe items. List an asset only once. If an asset fits in more than one category, list the asset in the category where you think it fits best. Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

**Part 1:    Describe Each Residence, Building, Land, or Other Real Estate You Own or Have an Interest In**

1. Do you own or have any legal or equitable interest in any residence, building, land, or similar property?

☐ No. Go to Part 2.

☑ Yes. Where is the property?

## Located on APN 178-011-16, Space No. 376

**1.1**

| | | |
|---|---|---|
| **16222 Monterey Ln Space #376** | **What is the property?** Check all that apply | |
| Street address, if available, or other description | ☐ Single-family home | Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.* |
| | ☐ Duplex or multi-unit building | |
| | ☐ Condominium or cooperative | |
| | ☑ Manufactured or mobile home | |
| **Huntington Beach  CA    92649-0000** | ☐ Land | Current value of the entire property? |
| City            State    ZIP Code | ☐ Investment property | Current value of the portion you own? |
| | ☐ Timeshare | **$235,000.00**       **$235,000.00** |
| | ☐ Other | **Describe the nature of your ownership interest** (such as fee simple, tenancy by the entireties, or a life estate), if known. |
| **Orange** | **Who has an interest in the property?** Check one | **Fee simple** |
| County | ☑ Debtor 1 only | |
| Personal Residence of Debtor since 11/1/2018 | ☐ Debtor 2 only | |
| 2014 Skyline Custom Villa Manufactured Home | ☐ Debtor 1 and Debtor 2 only | |
| Decal No. LBM1081 | ☐ At least one of the debtors and another | ☐ Check if this is community property (see instructions) |
| Serial Number AC7V710394GB 56'x15'2" | **Other information you wish to add about this item, such as local property identification number:** LPT APN  891-569-62 | |
| Serial Number AC7V710394GA 60'x15'2" | | |

**Registered Title with HCD Debtor's single member LLC, J-Sandcastle Co, LLC**

2. Add the dollar value of the portion you own for all of your entries from Part 1, including any entries for pages you have attached for Part 1. Write that number here............................................=>    **$235,000.00**

**Part 2:    Describe Your Vehicles**

Do you own, lease, or have legal or equitable interest in any vehicles, whether they are registered or not? Include any vehicles you own that someone else drives. If you lease a vehicle, also report it on *Schedule G: Executory Contracts and Unexpired Leases.*

EXHIBIT E, PAGE 59

Debtor 1    **Jamie Lynn Gallian**    Case number *(if known)* _____

3. **Cars, vans, trucks, tractors, sport utility vehicles, motorcycles**

☐ No

■ Yes

| 3.1 | Make: **Kia** | Who has an interest in the property? Check one | Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.* |
|---|---|---|---|

Model: **Sportage**

Year: **2020**

Approximate mileage: _____

Other information:

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

|  | Current value of the entire property? | Current value of the portion you own? |
|---|---|---|

Location: 16222 Monterey Ln #376, Huntington Beach CA 92649 (LEASE)

☐ Check if this is community property (see instructions)

$0.00     $0.00

4. **Watercraft, aircraft, motor homes, ATVs and other recreational vehicles, other vehicles, and accessories**
   *Examples:* Boats, trailers, motors, personal watercraft, fishing vessels, snowmobiles, motorcycle accessories

■ No

☐ Yes

5. Add the dollar value of the portion you own for all of your entries from Part 2, including any entries for pages you have attached for Part 2. Write that number here.........................................................=>     $0.00

**Part 3:    Describe Your Personal and Household Items**

Do you own or have any legal or equitable interest in any of the following items?

Current value of the portion you own?
Do not deduct secured claims or exemptions.

6. **Household goods and furnishings**
   *Examples:* Major appliances, furniture, linens, china, kitchenware
   ☐ No
   ■ Yes. Describe.....

| Location: 16222 Monterey Ln #376, Huntington Beach CA 92649 | $4,500.00 |
|---|---|

7. **Electronics**
   *Examples:* Televisions and radios; audio, video, stereo, and digital equipment; computers, printers, scanners; music collections; electronic devices including cell phones, cameras, media players, games
   ■ Yes. Describe    **Wall Television, Computer, Printer.**     $ 500.00
   ☐ No.
   Location: 16222 Monterey Ln #376, Huntington Beach CA 92649

8. **Collectibles of value**
   *Examples:* Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; stamp, coin, or baseball card collections; other collections, memorabilia, collectibles
   ■ No
   ☐ Yes. Describe.....

9. **Equipment for sports and hobbies**
   *Examples:* Sports, photographic, exercise, and other hobby equipment; bicycles, pool tables, golf clubs, skis; canoes and kayaks; carpentry tools; musical instruments
   ■ No
   ☐ Yes. Describe.....

10. **Firearms**
    *Examples:* Pistols, rifles, shotguns, ammunition, and related equipment
    ■ No
    ☐ Yes. Describe.....

EXHIBIT E, PAGE 60

Debtor 1     __Jamie Lynn Gallian_____     Case number *(if known)* _____

### 11. Clothes
*Examples:* Everyday clothes, furs, leather coats, designer wear, shoes, accessories

☐ No

■ Yes.  Describe.....

| | |
|---|---|
| Location: 16222 Monterey Ln #376, Huntington Beach CA 92649 | $1,000.00 |

### 12. Jewelry
*Examples:* Everyday jewelry, costume jewelry, engagement rings, wedding rings, heirloom jewelry, watches, gems, gold, silver

■ Yes. Describe       **20 year old Movado Wrist-watch 40th birthday gift; Costume jewelry from Mother and**
☐ No                       **Grandmother Misc/ sized rings, various non-gold chains and bracelets, earrings.**     $1,000.00

**Location: 16222 Monterey Ln #376, Huntington Beach CA 92649**

### 13. Non-farm animals
*Examples:* Dogs, cats, birds, horses

■ Yes. Describe       **5-year old Rescued Wired Terrier Dog-White "Ammie"**
☐ No.                      **Location: 16222 Monterey Ln #376, Huntington Beach CA 92649**

### 14. Any other personal and household items you did not already list, including any health aids you did not list
■ No

☐ Yes.  Give specific information.....

### 15. Add the dollar value of all of your entries from Part 3, including any entries for pages you have attached for Part 3. Write that number here ................................................................

$7,000.00

---

**Part 4:**   **Describe Your Financial Assets**

Do you own or have any legal or equitable interest in any of the following?

Current value of the portion you own?
Do not deduct secured claims or exemptions.

### 16. Cash
*Examples:* Money you have in your wallet, in your home, in a safe deposit box, and on hand when you file your petition

■ No

☐ Yes..................................................................................................

### 17. Deposits of money
*Examples:* Checking, savings, or other financial accounts; certificates of deposit; shares in credit unions, brokerage houses, and other similar institutions. If you have multiple accounts with the same institution, list each.

☐ No

■ Yes......................

| | | Institution name: | |
|---|---|---|---|
| 17.1 | **Checking and savings** | **J-Sandcastle Co LLC - Chase - Un-cashed Tendered Space 376 Rent Checks** | **$ 8,050.00** |
| | | **Alliant Credit Union (Personal) Stimulus Ck** | **$ 4,048.34** |

### 18. Bonds, mutual funds, or publicly traded stocks
*Examples:* Bond funds, investment accounts with brokerage firms, money market accounts

■ No

☐ Yes..................     Institution or issuer name:

### 19. Non-publicly traded stock and interests in incorporated and unincorporated businesses, including an interest in an LLC, partnership, and joint venture
☐ No

■ Yes.  Give specific information about them...................

| Name of entity: | % of ownership: | |
|---|---|---|
| **J-Sandcastle Co., LLC - Debtor's single member LLC** | | |
| **(Purpose is to hold Registered title with HCD, to Debtor's primary residence)  LBM1081** | **100    %** | **$0.00** |

---

Official Form 106A/B                          Schedule A/B: Property                                    page 3

Debtor 1    Jamie Lynn Gallian    Case number *(if known)*

| | | |
|---|---|---|
| **J-Pad, LLC**<br>(Debtor owns 1/3 interest in LLC; only purpose<br>is to hold a note and UCC-1 filing on Debtor's<br>primary residence) LBM1081 | 33.33 % | $0.00 |

**20. Government and corporate bonds and other negotiable and non-negotiable instruments**
*Negotiable instruments* include personal checks, cashiers' checks, promissory notes, and money orders.
*Non-negotiable instruments* are those you cannot transfer to someone by signing or delivering them.

■ No

☐ Yes. Give specific information about them
Issuer name:

**21. Retirement or pension accounts**
*Examples:* Interests in IRA, ERISA, Keogh, 401(k), 403(b), thrift savings accounts, or other pension or profit-sharing plans

☐ No

■ Yes. List each account separately.

| Type of account: | Institution name: | |
|---|---|---|
| IRA | Fidelity | $7,400.00 |

**22. Security deposits and prepayments**
Your share of all unused deposits you have made so that you may continue service or use from a company
*Examples:* Agreements with landlords, prepaid rent, public utilities (electric, gas, water), telecommunications companies, or others

No

■ Yes. ...................... Institution name or individual:
Houser Bros Co. dba Rancho Del Rey Mobilehome Estates
Ground Lease Deposit (Ryan) Agreement Space 376 - 1/1/2006    **$ 686.00**

**23. Annuities** (A contract for a periodic payment of money to you, either for life or for a number of years)

■ No

☐ Yes............. Issuer name and description.

**24. Interests in an education IRA, in an account in a qualified ABLE program, or under a qualified state tuition program.**
26 U.S.C. §§ 530(b)(1), 529A(b), and 529(b)(1).

■ No

☐ Yes............. Institution name and description. Separately file the records of any interests. 11 U.S.C. § 521(c):

**25. Trusts, equitable or future interests in property (other than anything listed in line 1), and rights or powers exercisable for your benefit**

■ No

☐ Yes.  Give specific information about them...

**26. Patents, copyrights, trademarks, trade secrets, and other intellectual property**
*Examples:* Internet domain names, websites, proceeds from royalties and licensing agreements

■ No

☐ Yes.  Give specific information about them...

**27. Licenses, franchises, and other general intangibles**
*Examples:* Building permits, exclusive licenses, cooperative association holdings, liquor licenses, professional licenses

■ No

☐ Yes.  Give specific information about them...

Money or property owed to you?

Current value of the
portion you own?
Do not deduct secured
claims or exemptions.

**28. Tax refunds owed to you**

■ No

☐ Yes. Give specific information about them, including whether you already filed the returns and the tax years.......

**29. Family support**
*Examples:* Past due or lump sum alimony, spousal support, child support, maintenance, divorce settlement, property settlement

■ No

Official Form 106A/B    Schedule A/B: Property    page 4

EXHIBIT E, PAGE 62

Debtor 1     **Jamie Lynn Gallian**                                                    Case number *(if known)*

☐ Yes. Give specific information......

30. **Other amounts someone owes you**
   *Examples:* Unpaid wages, disability insurance payments, disability benefits, sick pay, vacation pay, workers' compensation, Social Security
   benefits; unpaid loans you made to someone else

   ■ No
   ☐ Yes. Give specific information..

31. **Interests in insurance policies**
   *Examples:* Health, disability, or life insurance; health savings account (HSA); credit, homeowner's, or renter's insurance

   ■ No
   ☐ Yes. Name the insurance company of each policy and list its value.

   | Company name: | Beneficiary: | Surrender or refund value: |
   |---|---|---|

32. **Any interest in property that is due you from someone who has died**
   If you are the beneficiary of a living trust, expect proceeds from a life insurance policy, or are currently entitled to receive
   property because someone has died.

   No
   ☒ Yes. Give specific information..   **Father, DOD 6/17/2000, Charles J. Bradley, Jr.  Probate OCSC
   30-2017-00915711**                                                           $ unknown

33. **Claims against third parties, whether or not you have filed a lawsuit or made a demand for payment**
   *Examples:* Accidents, employment disputes, insurance claims, or rights to sue

   No
   ■ Yes.  Describe each claim..........   **Personal Injury: Against HOA Date of Injury 8/5/2018;  Severe nerve injury to
   top of left foot and left wrist injury; occurred in the HOA common area of APN
   178-771-03, located on  APN 178-011-16,**                                    $ unknown

34. **Other contingent and unliquidated claims of every nature, including counterclaims of the debtor and rights to set off claims**

   ☐ No
   ■ Yes.  Describe each claim..........   **Personal injury claims against Huntington Beach Gables
   Homeowner's Association and Ind. Jesus Jasso Jr.;
   DOI: 8/5/2018; Case No.: 30-2020-01153679**                                  $ unknown

   **Potential insurance bad faith claim against Mercury
   Insurance Failure to Indemnify; No lawsuit filed yet.
   Related to Case No(s).: 30-2017-00913985, 30-2017-00962999**                 $ unknown

   **Real estate failure to disclose, claim against previous
   homeowner Sandra Bradley; DOI: 04/11/2017; No lawsuit
   filed yet.**                                                                 $ unknown

   **Houser Bros Co GP dba Rancho Del Rey Mobilehome Estates
   Retaliation; Trespassing/Unlawful Entry; Wrongful Eviction;
   Forcible Detainer; Cruelty to an animal causing death.
   Failure to offer and execute rental agreement.**                            $ unknown

35. **Any financial assets you did not already list**
   ■ No
   ☐ Yes. Give specific information..

36. Add the dollar value of all of your entries from Part 4, including any entries for pages you have attached
   for Part 4. Write that number here.................................................................................................................   | $20,184.34 |

**Part 5:**  Describe Any Business-Related Property You Own or Have an Interest in. List any real estate in Part 1.

37. **Do you own or have any legal or equitable interest in any business-related property?**
   ■ No. Go to Part 6.
   ☐ Yes. Go to line 38.

Official Form 106A/B                         Schedule A/B: Property                                            page 5

Debtor 1    **Jamie Lynn Gallian**                                               Case number *(if known)*

---

**Part 6**    Describe Any Farm- and Commercial Fishing-Related Property You Own or Have an Interest In.
If you own or have an interest in farmland, list it in Part 1.

46. **Do you own or have any legal or equitable interest in any farm- or commercial fishing-related property?**
    ■ No. Go to Part 7.
    ☐ Yes. Go to line 47.

**Part 7:**    Describe All Property You Own or Have an Interest in That You Did Not List Above

53. **Do you have other property of any kind you did not already list?**
    *Examples:* Season tickets, country club membership
    ■ No
    ☐ Yes. Give specific information.........

54. **Add the dollar value of all of your entries from Part 7. Write that number here** ..................................... | $0.00 |

**Part 8:**    List the Totals of Each Part of this Form

| | | |
|---|---|---|
| 55. **Part 1: Total real estate, line 2** .......................................................................................... | | **$235,000.00** |
| 56. **Part 2: Total vehicles, line 5** | $0.00 | |
| 57. **Part 3: Total personal and household items, line 15** | $ 7,000.00 | |
| 58. **Part 4: Total financial assets, line 36** | $ 20,184.34 | |
| 59. **Part 5: Total business-related property, line 45** | $0.00 | |
| 60. **Part 6: Total farm- and fishing-related property, line 52** | $0.00 | |
| 61. **Part 7: Total other property not listed, line 54** | + $0.00 | |
| 62. **Total personal property. Add lines 56 through 61...** | $27,184.34   Copy personal property total | $27,184.34 |
| 63. **Total of all property on Schedule A/B. Add line 55 + line 62** | | $262,184.34 |

EXHIBIT E, PAGE 64

Fill in this information to identify your case:

| | | | |
|---|---|---|---|
| Debtor 1 | Jamie Lynn Gallian | | |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse if, filing) | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for the: | CENTRAL DISTRICT OF CALIFORNIA | | |
| Case number (if known) | | | |

☐ Check if this is an
amended filing

## Official Form 106C

# Schedule C: The Property You Claim as Exempt

4/19

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. Using the property you listed on *Schedule A/B: Property* (Official Form 106A/B) as your source, list the property that you claim as exempt. If more space is needed, fill out and attach to this page as many copies of *Part 2: Additional Page* as necessary. On the top of any additional pages, write your name and case number (if known).

For each item of property you claim as exempt, you must specify the amount of the exemption you claim. One way of doing so is to state a specific dollar amount as exempt. Alternatively, you may claim the full fair market value of the property being exempted up to the amount of any applicable statutory limit. Some exemptions—such as those for health aids, rights to receive certain benefits, and tax-exempt retirement funds—may be unlimited in dollar amount. However, if you claim an exemption of 100% of fair market value under a law that limits the exemption to a particular dollar amount and the value of the property is determined to exceed that amount, your exemption would be limited to the applicable statutory amount.

### Part 1:    Identify the Property You Claim as Exempt

1. Which set of exemptions are you claiming? *Check one only, even if your spouse is filing with you.*

   ■ You are claiming state and federal nonbankruptcy exemptions.  11 U.S.C. § 522(b)(3)

   ☐ You are claiming federal exemptions.  11 U.S.C. § 522(b)(2)

2. For any property you list on *Schedule A/B* that you claim as exempt, fill in the information below.

| Brief description of the property and line on *Schedule A/B* that lists this property | Current value of the portion you own<br><br>Copy the value from *Schedule A/B* | Amount of the exemption you claim<br><br>*Check only one box for each exemption.* | | Specific laws that allow exemption |
|---|---|---|---|---|
| **Location: 16222 Monterey Ln #376, Huntington Beach CA 92649**<br>Line from *Schedule A/B*: **6.1** | $7,000.00 | ■ | $,000.00 | C.C.P. § 704.020 |
| | | ☐ | 100% of fair market value, up to any applicable statutory limit | |
| **Checking and savings: Alliant Credit= Union          Stimulous Cks**<br>Line from *Schedule A/B*: **17.1** | $4,048.34 | ■ | $4,048.34 | 11 U.S.C. § 541(b)(11) |
| | | ☐ | 100% of fair market value, up to any applicable statutory limit | |
| **Checking and savings: Chase Bank**<br>Line from *Schedule A/B*: **17.1**<br>**8 months uncashed rent checks tendered to Houser Bros. dba Rancho Del Rey MHE/Fidelity 401K** | $8,050.00 | ■ | $8,050 | C.C.P. § 704.070 |
| | | ☐ | 100% of fair market value, up to any applicable statutory limit | |
| **J-Sandcastle Co., LLC - Debtor's single member LLC**<br>**(Purpose is to hold Registered title with HCD to Debtor's primary residence)**<br>**100 % ownership**<br>Line from *Schedule A/B*: **19.1** | $0.00 | ■ | $0.00 | C.C.P. § 704.060 |
| | | ☐ | 100% of fair market value, up to any applicable statutory limit | |

EXHIBIT E, PAGE 65

Debtor 1    **Jamie Lynn Gallian**                                                Case number (if known)

| Brief description of the property and line on *Schedule A/B* that lists this property | Current value of the portion you own  Copy the value from *Schedule A/B* | Amount of the exemption you claim  Check only one box for each exemption. | Specific laws that allow exemption |
|---|---|---|---|
| **J-Pad, LLC**  **(Debtor owns 1/3 interest in LLC; only purpose is to hold a note and UCC-1 filing on Debtor's primary residence)**  **33.33 % ownership**  Line from *Schedule A/B:* **19.2** | $0.00 | ■ $0.00  □ 100% of fair market value, up to any applicable statutory limit | C.C.P. § 704.060 |
| **IIRA: Fidelity IRA**  Line from *Schedule A/B:* **21.1** | $7400.00 | ■ 100%  □ 100% of fair market value, up to any applicable statutory limit | C.C.P. § 704.115(a)(1) & (2), (b) |
| **Personal injury claims against Huntington Beach Gables Homeowner's Association and Jesus Jasso Jr.; DOI:  8/5/2018; Case No.: 30-2020-01153679**  Line from *Schedule A/B:* **34.1** | unknown $0.00 | ■ 100%  □ 100% of fair market value, up to any applicable statutory limit | C.C.P. § 704.140 |
| **Potential insurance bad faith claim against Mercury Insurance related to claim against Huntington Beach Gables Homeowner's Association; No lawsuit filed yet.  Related to Case Nos.: 30-2017-00913985, 30-2017-00962999**  Line from *Schedule A/B:* **34.2** | unknnown $0.00 | ■ 100%  □ 100% of fair market value, up to any applicable statutory limit | C.C.P. § 704.140 |
| **Real estate fraud; Failure to disclose, claim against Sandra Bradley; DOI: 04/11/2017; No lawsuit filed yet.** Line from *Schedule A/B:* **34.3** | unknown $0.00 | ■ 100%  □ 100% of fair market value, up to any applicable statutory limit | C.C.P. § 704.140 |
| **Restitution claim against Jesus Jasso Jr. from PC §242 OCDA Case no.: 19WM09951**  Line from *Schedule A/B:* **34.4** | Unknown $0.00 | ■ 100%  □ 100% of fair market value, up to any applicable statutory limit | C.C.P. § 704.140 |

3. **Are you claiming a homestead exemption of more than $170,350?**
   (Subject to adjustment on 4/01/22 and every 3 years after that for cases filed on or after the date of adjustment.)

   ■ No

   □ Yes. Did you acquire the property covered by the exemption within 1,215 days before you filed this case?

      □ No

      □ Yes

---

EXHIBIT E, PAGE 66

Fill in this information to identify your case:

| | | | |
|---|---|---|---|
| Debtor 1 | **Jamie Lynn Gallian** | | |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse if, filing) | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for the: | CENTRAL DISTRICT OF CALIFORNIA | | |
| Case number (if known) | | | |

☐ Check if this is an amended filing

## Official Form 106D

## Schedule D: Creditors Who Have Claims Secured by Property

12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the Additional Page, fill it out, number the entries, and attach it to this form. On the top of any additional pages, write your name and case number (if known).

1. Do any creditors have claims secured by your property?

☐ No. Check this box and submit this form to the court with your other schedules. You have nothing else to report on this form.

■ Yes. Fill in all of the information below.

**Part 1:    List All Secured Claims**

2. **List all secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim. If more than one creditor has a particular claim, list the other creditors in Part 2. As much as possible, list the claims in alphabetical order according to the creditor's name.

| | | Column A Amount of claim Do not deduct the value of collateral. | Column B Value of collateral that supports this claim | Column C Unsecured portion If any |
|---|---|---|---|---|
| **2.1  Houser Bros. Co.** | Describe the property that secures the claim: | $0.00 | $235,000.00 | $0.00 |

Creditor's Name
**DBA Rancho Del Rey Mobilehome Estates 16222 Monterey Ln Huntington Beach, CA 92649**

| |
|---|
| **16222 Monterey Ln #376 Huntington Beach, CA 92649  Orange County Registered HCD Title held by Debtor's single member LLC - J-Sandcastle Co, LLC** |

Number, Street, City, State & Zip Code

As of the date you file, the claim is: Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

**Who owes the debt?** Check one.

■ Debtor 1 and another (J-Sandcastle Co, LLC)
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim relates to a community debt

**Nature of lien.** Check all that apply.

☐ An agreement you made (such as mortgage or secured car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
■ Other (including a right to offset)  Unexpired term of 80-yr. Ground Leasehold - Tract No. 10542, Unit 4, Space 376.

Date debt was incurred    11/1/2018 ongoing    Last 4 digits of account number    0376

EXHIBIT E, PAGE 67

Debtor 1    **Jamie Lynn Gallian**
    First Name        Middle Name        Last Name        Case number (if known) _____

| 2.2 | **J-Pad, LLC** | Describe the property that secures the claim: | $175,000.00 | $235,000.00 | $0.00 |
|---|---|---|---|---|---|

**J-Pad, LLC**
Creditor's Name
4519 Ponderosa Way
Yorba Linda, CA 92886
Number, Street, City, State & Zip Code

Describe the property that secures the claim:

16222 Monterey Ln #376 Huntington
Beach, CA 92649  Orange County, HCD
Title held by Debtor's single member
LLC - J-Sandcastle Co, LLC

**Ron Pierpont**
Creditor's Name
4519 Ponderosa Way
Yorba Linda, CA 92886

As of the date you file, the claim is: Check all that apply

☐ Contingent
☐ Unliquidated
☐ Disputed

**Who owes the debt?** Check one.

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim relates to a
   community debt

Nature of lien. Check all that apply.

☑ An agreement you made (such as mortgage or secured
   car loan)  Manufactured Home Financing Note
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
■ Other (including a right to offset)   UCC-1 File No. 19-7691905279  Filing Date: 1/14/2019;
   Encumbrance; HCD Lien perfected 8/20/2020, Ronald J. Pierpont (Loan WJC 8/7/2019, 1/27/2020)

Date debt was incurred    1/14/2019;
                8/20/2020.

Last 4 digits of account number    LBM1081 _____

---

| 2.3 | **Kia Motors Finance** | Describe the property that secures the claim: | $4,186.00 | $0.00 | $4,186.00 |
|---|---|---|---|---|---|

**Kia Motors Finance**
Creditor's Name

PO Box 20815
Fountain Valley, CA
92728
Number, Street, City, State & Zip Code

Describe the property that secures the claim:

2020 Kia Sportage
Location: 16222 Monterey Ln #376,
Huntington Beach CA 92649
(LEASE)

As of the date you file, the claim is: Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

**Who owes the debt?** Check one.

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim relates to a
   community debt

Nature of lien. Check all that apply.

☐ An agreement you made (such as mortgage or secured
   car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
■ Other (including a right to offset)   **Auto Lease**

Date debt was incurred _____

Last 4 digits of account number    9742

---

| 2.4 | **Orange County Tax Assessor** | Describe the property that secures the claim: | $0.00 | $235,000.00 | $0.00 |
|---|---|---|---|---|---|

**Orange County Tax
Assessor**
Creditor's Name

P.O. Box 149
Santa Ana, CA 92702
Number, Street, City, State & Zip Code

Describe the property that secures the claim:

16222 Monterey Ln #376 Huntington
Beach, CA 92649  Orange County Title
held by Debtor's single member LLC - J-
Sandcastle Co, LLC, APN 891-569-62

As of the date you file, the claim is: Check all that apply.

☐ Contingent
☐ Unliquidated
☐ Disputed

**Who owes the debt?** Check one.

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim relates to a
   community debt

Nature of lien. Check all that apply.

☐ An agreement you made (such as mortgage or secured
   car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
■ Other (including a right to offset)   **Property Taxes**

Date debt was incurred _____

Last 4 digits of account number    Decal LBM 1081; APN: 891-569-62

---

Official Form 106D     Additional Page of **Schedule D: Creditors Who Have Claims Secured by Property**     page 2 of 4

EXHIBIT E, PAGE 68

Case 8:21-bk-11710-ES    Doc 1    Filed 07/09/21    Entered 07/09/21 14:15:51    Desc
Main Document      Page 22 of 60

Debtor 1   __Jamie Lynn Gallian_____    Case number (if known) _____
        First Name    Middle Name    Last Name

| 2.5 | The Huntington Beach Gables Homeowners Association | Describe the property that secures the claim: | $319,653.59 | $235,000.00 | $241,319.59 |

Creditor's Name
c/o Epsten Grinnell & Howell, APC
10200 Willow Creek Road, Ste 100
San Diego, CA 92131;
c/o Feldsott & Lee
23161 Mill Creek Drive Ste 300
Laguna Hills, CA 92653
Number, Street, City, State & Zip Code

Describe the property that secures the claim:

16222 Monterey Ln #376 Huntington Beach, CA 92649  Orange County HCD Title held by Debtor's single member LLC - J-Sandcastle Co, LLC

As of the date you file, the claim is: Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

Who owes the debt? Check one.
■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim relates to a community debt

Nature of lien. Check all that apply.
☐ An agreement you made (such as mortgage or secured car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
■ Judgment lien from a lawsuit
☐ Other (including a right to offset)

EJ-1

Date debt was incurred   __May 6, 2019__    Last 4 digits of account number   OCJC 30-2017-00913985

| 2.6 | The Huntington Beach Gables Homeowners Association | Describe the property that secures the claim: | $9,265.00 | $235,000.00 | $9,265.00 |

Creditor's Name
c/o Epsten Grinnell & Howell, APC
10200 Willow Creek Road, Ste 100
San Diego, CA 92131;
c/o Feldsott & Lee
23161 Mill Creek Drive Ste 300
Laguna Hills, CA 92653


Number, Street, City, State & Zip Code

Describe the property that secures the claim:

16222 Monterey Ln #376 Huntington Beach, CA 92649  Orange County HCD Title held by Debtor's single member LLC - J-Sandcastle Co, LLC

As of the date you file, the claim is: Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

Who owes the debt? Check one.
■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim relates to a community debt

Nature of lien. Check all that apply.
☐ An agreement you made (such as mortgage or secured car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
■ Judgment lien from a lawsuit
☐ Other (including a right to offset)

EJ-001 2019000148568 – filed OC REC. 5/3/2019

Date debt was incurred   __March 21, 2019__    Last 4 digits of account number   OCJC 30-2017-00962999

Software Copyright (c) 1996-2021 Best Case, LLC - www.bestcase.com                         Best Case Bankruptcy

EXHIBIT E, PAGE 69

| Debtor 1 | **Jamie Lynn Gallian** | | | Case number (if known) | | |
|---|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | | | |

| 2.7 | **Huntington Beach Gables Homeowners Association** | **Describe the property that secures the claim:** | $53,684.41 | $235,000.00 | $53,684.41 |
|---|---|---|---|---|---|

Creditor's Name:

Jasso; Gragnano; Phillips; Beck;
Paulin; Burrett.
c/o Gordon Rees Scully & Mansukhani
633 W 5th Street, 52nd Floor
Los Angeles, CA 90071
c/o Epsten Grinnell & Howell, APC
10200 Willow Creek Road, Ste 100
San Diego, CA 92131;

Number, Street, City, State & Zip Code

**16222 Monterey Ln #376 Huntington Beach, CA 92649  Orange County HCD Title held by Debtor's single member LLC - J-Sandcastle Co, LLC**

**As of the date you file, the claim is:** Check all that apply.

☐ Contingent

☐ Unliquidated

☐ Disputed

**Who owes the debt?** Check one.

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim relates to a community debt

**Nature of lien.** Check all that apply.

☐ An agreement you made (such as mortgage or secured car loan)

☐ Statutory lien (such as tax lien, mechanic's lien)

☐ Judgment lien from a lawsuit

■ Other (including a right to offset)   **Judgment Lien (JL1)  File # U200003862424 -7/26/2020**

Date debt was incurred   Dec. 4, 2018      Last 4 digits of account number   OCJC 30-2017-00913985

---

Add the dollar value of your entries in Column A on this page. Write that number here:    | $561,789.00 |

If this is the last page of your form, add the dollar value totals from all pages.
Write that number here:    | $561,789.00 |

**Part 2:  List Others to Be Notified for a Debt That You Already Listed**

Use this page only if you have others to be notified about your bankruptcy for a debt that you already listed in Part 1. For example, if a collection agency is trying to collect from you for a debt you owe to someone else, list the creditor in Part 1, and then list the collection agency here. Similarly, if you have more than one creditor for any of the debts that you listed in Part 1, list the additional creditors here. If you do not have additional persons to be notified for any debts in Part 1, do not fill out or submit this page.

EXHIBIT E, PAGE 70

**Fill in this information to identify your case:**

| | | | |
|---|---|---|---|
| Debtor 1 | **Jamie Lynn Gallian** | | |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse if, filing) | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for the: | CENTRAL DISTRICT OF CALIFORNIA | | |
| Case number (if known) | | | |

☐ Check if this is an amended filing

Official Form 106E/F

## Schedule E/F: Creditors Who Have Unsecured Claims

12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY claims and Part 2 for creditors with NONPRIORITY claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on Schedule A/B: Property (Official Form 106A/B) and on Schedule G: Executory Contracts and Unexpired Leases (Official Form 106G). Do not include any creditors with partially secured claims that are listed in Schedule D: Creditors Who Have Claims Secured by Property. If more space is needed, copy the Part you need, fill it out, number the entries in the boxes on the left. Attach the Continuation Page to this page. If you have no information to report in a Part, do not file that Part. On the top of any additional pages, write your name and case number (if known).

### Part 1: List All of Your PRIORITY Unsecured Claims

1. Do any creditors have priority unsecured claims against you?

☑ No. Go to Part 2.

☐ Yes.

### Part 2: List All of Your NONPRIORITY Unsecured Claims

3. Do any creditors have nonpriority unsecured claims against you?

☐ No. You have nothing to report in this part. Submit this form to the court with your other schedules.

☑ Yes.

4. List all of your nonpriority unsecured claims in the alphabetical order of the creditor who holds each claim. If a creditor has more than one nonpriority unsecured claim, list the creditor separately for each claim. For each claim listed, identify what type of claim it is. Do not list claims already included in Part 1. If more than one creditor holds a particular claim, list the other creditors in Part 3.If you have more than three nonpriority unsecured claims fill out the Continuation Page of Part 2.

| | | | Total claim |
|---|---|---|---|
| **4.1** | **BS Investors, LP**<br>**G/HB** | Last 4 digits of account number   **0376** | **Unknown** |
| | Nonpriority Creditor's Name | | |
| | **18201 Von Karmen Ste. 450** | When was the debt incurred?   **11/1/2018-present** | |
| | **Irvine, CA 92612** | | |
| | Number Street City State Zip Code | As of the date you file, the claim is: Check all that apply | |

Who incurred the debt? Check one.

☑ Debtor 1 only

☐ Debtor 2 only

☐ Debtor 1 and Debtor 2 only

☐ At least one of the debtors and another

☐ Check if this claim is for a community debt

Is the claim subject to offset?

☑ No

☐ Yes

☐ Contingent

☐ Unliquidated

☐ Disputed

Type of NONPRIORITY unsecured claim:

☐ Student loans

☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims

☐ Debts to pension or profit-sharing plans, and other similar debts

☑ Other. Specify   OCSC Filed 1/2/2019   30-2019-0101423

EXHIBIT E, PAGE 71

Debtor 1   Jamie Lynn Gallian                                    Case number (if known) _____

| 4.2 | Gordon Rees Scully & Mansukhani | Last 4 digits of account number _____ | Unknown |
|---|---|---|---|

Nonpriority Creditor's Name
633 W 5th Street, 52nd Floor
Los Angeles, CA 90071
Number Street City State Zip Code

When was the debt incurred?   **12/4/2018; 5/6/2019**

Who incurred the debt? Check one.

As of the date you file, the claim is: Check all that apply

- ■ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another
- ☐ Check if this claim is for a community debt

☐ Contingent
☐ Unliquidated
☐ Disputed

Type of NONPRIORITY unsecured claim:

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts

Is the claim subject to offset?

- ■ No
- ☐ Yes

■ Other. Specify   OCSC Case No. 30-2017-00913985   Huntington Beach Gables Homeowners Association; Lee Gragnano; Ted Phillips; Lindy Beck; Janine Jasso; Jennifer Paulin; Lori Burrett

| 4.3 | Houser Bros. Co. | Last 4 digits of account number   0376 | Unknown |
|---|---|---|---|

Nonpriority Creditor's Name
dba Rancho Del Rey Mobile Home Estates
17610 Beach Blvd Ste. 32
Huntington Beach, CA 92647
Number Street City State Zip Code

When was the debt incurred?   **11/1/2018-present**

Who incurred the debt? Check one.

As of the date you file, the claim is: Check all that apply

- ■ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another
- ☐ Check if this claim is for a community debt

☐ Contingent
☐ Unliquidated
☐ Disputed

Type of NONPRIORITY unsecured claim:

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts

Is the claim subject to offset?

- ■ No
- ☐ Yes

■ Other. Specify   Unlawful Detainer Lawsuit Filed 1/2/2019   OCSC 30-2019-01041423

| 4.4 | Internal Revenue Service | Last 4 digits of account number _____ | $3,361.00 |
|---|---|---|---|

Nonpriority Creditor's Name
PO Box 7346
Philadelphia, PA 19101-7346
Number Street City State Zip Code

When was the debt incurred? _____

Who incurred the debt? Check one.

As of the date you file, the claim is: Check all that apply

- ■ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another
- ☐ Check if this claim is for a community debt

☐ Contingent
☐ Unliquidated
☐ Disputed

Type of NONPRIORITY unsecured claim:

☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts

Is the claim subject to offset?

- ■ No
- ☐ Yes

■ Other. Specify   Income Taxes

EXHIBIT E, PAGE 72

Debtor 1    Jamie Lynn Gallian                                          Case number (if known) _____

---

**4.5** | **James H Casello** | Last 4 digits of account number _____ _____ | Unknown

Nonpriority Creditor's Name
**Caseflo & Lincoln, Attorneys at Law**
**525 N Cabrillo Park Drive Ste 104**
**Santa Ana, CA 92701**

When was the debt incurred? _____

Number Street City State Zip Code
Who incurred the debt? Check one.

As of the date you file, the claim is: Check all that apply

- ■ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another
- ☐ Check if this claim is for a community debt

Is the claim subject to offset?
- ■ No
- ☐ Yes

- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

Type of NONPRIORITY unsecured claim:
- ☐ Student loans
- ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- ☐ Debts to pension or profit-sharing plans, and other similar debts
- ■ Other. Specify **Misc. Debt.**

---

**4.6** | **Janine Jasso c/o Huntington Beach Gables Homeowners Association:** | Last 4 digits of account number _____ _____ | $46,138.00

Nonpriority Creditor's Name:
**Gordon Rees Scully & Mansukhani**
**633 W 5th Street, 52nd Floor**
**Los Angeles, CA 90071**

When was the debt incurred?    **12/4/2018**

Number Street City State Zip Code
Who incurred the debt? Check one.

As of the date you file, the claim is: Check all that apply

- ■ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another
- ☐ Check if this claim is for a community debt

Is the claim subject to offset?
- ■ No
- ☐ Yes

- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

Type of NONPRIORITY unsecured claim:
- ☐ Student loans
- ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- ☐ Debts to pension or profit-sharing plans, and other similar debts
- ■ Other. Specify  EJ-1 2018000467142, FILED 12/14/18 OC CLK REC
OCSC Case No. 30-2017-00913985  Huntington  Beach Gables Homeowners Association;
Lee Gragnano, Ted Phillips, Lindy Beck, Janine Jasso, Jennifer Paulin, Lori Burrett

---

**4.7** | **Jennifer Ann Paulin c/o Huntington Beach Gables Homeowners Association:** | Last 4 digits of account number _____ _____ | $0.00

Nonpriority Creditor's Name
**c/o Gordon Rees Scully & Mansukhani**
**633 W 5th Street, 52nd Floor**
**Los Angeles, CA 90071**

When was the debt incurred? _____

Number Street City State Zip Code
Who incurred the debt? Check one.

As of the date you file, the claim is: Check all that apply

- ■ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another
- ☐ Check if this claim is for a community debt

Is the claim subject to offset?
- ■ No
- ☐ Yes

- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

Type of NONPRIORITY unsecured claim:
- ☐ Student loans
- ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- ☐ Debts to pension or profit-sharing plans, and other similar debts
- ■ Other. Specify  EJ-1 2018000467142, FILED 12/14/18 OC CLK REC;   OCSC Case No.
30-2017-00913985  Huntington  Beach Gables Homeowners Association;

---

EXHIBIT E, PAGE 73

Debtor 1  Jamie Lynn Gallian

Case number (if known) _____

---

**4.8**

**Lee S Gragnano c/o Huntington Beach Gables Homeowners Association**

Nonpriority Creditor's Name
c/o Gordon Rees Scully & Mansukhani
633 W 5th Street, 52nd Floor
Los Angeles, CA 90071

Number Street City State Zip Code

Who incurred the debt? Check one.
■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim is for a community debt

Is the claim subject to offset?
■ No
☐ Yes

Last 4 digits of account number _____  **$0.00**

When was the debt incurred? _____

As of the date you file, the claim is: Check all that apply
☐ Contingent
☐ Unliquidated
☐ Disputed
Type of NONPRIORITY unsecured claim:
☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify  EJ-1 2018000467142, FILED 12/14/18 OC CLK REC;  OCSC Case No. 30-2017-00913985  Huntington Beach Gables Homeowners Association;

---

**4.9**

**Lindy Beck c/o Huntington Beach Gables Homeowners Association**

Nonpriority Creditor's Name
c/o Gordon Rees Scully & Mansukhani
633 W 5th Street, 52nd Floor
Los Angeles, CA 90071

Number Street City State Zip Code

Who incurred the debt? Check one.
■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim is for a community debt

Is the claim subject to offset?
■ No
☐ Yes

Last 4 digits of account number _____  **$0.00**

When was the debt incurred? _____

As of the date you file, the claim is: Check all that apply
☐ Contingent
☐ Unliquidated
☐ Disputed
Type of NONPRIORITY unsecured claim:
☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify  EJ-1 2018000467142, FILED 12/14/18 OC CLK REC;  OCSC Case No. 30-2017-00913985  Huntington Beach Gables Homeowners Association;

---

**4.10**

**Lisa Ryan**

Nonpriority Creditor's Name

20949 Lassen St. Apt 208
Chattsworth, CA 91311

Number Street City State Zip Code

Who incurred the debt? Check one.
■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim is for a community debt

Is the claim subject to offset?
■ No
☐ Yes

Last 4 digits of account number _____  **$8,743.02**

When was the debt incurred?  10-18-2018

As of the date you file, the claim is: Check all that apply
☐ Contingent
☐ Unliquidated
☐ Disputed
Type of NONPRIORITY unsecured claim:
☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify  30-2018-01013582  Misc Debt

---

EXHIBIT E, PAGE 74

Debtor 1   Jamie Lynn Gallian _____     Case number (if known) _____

| 4.1 1 | **Lori Burrett Huntington Beach Gables Homeowners Association** | Last 4 digits of account number _____ | $0.00 |

**Lori Burrett Huntington Beach Gables Homeowners Association**
Nonpriority Creditor's Name
c/o Gordon Rees Scully & Mansukhani
633 W 5th Street, 52nd Floor
Los Angeles, CA 90071
Number Street City State Zip Code

Last 4 digits of account number _____        $0.00

When was the debt incurred? _____

Who incurred the debt? Check one.
■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another ☐
Check if this claim is for a community debt
Is the claim subject to offset?
■ No
☐ Yes

As of the date you file, the claim is: Check all that apply
☐ Contingent
☐ Unliquidated
☐ Disputed
Type of NONPRIORITY unsecured claim:
☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify  EJ-1 2018000467142, FILED 12/14/18 OC CLK REC;   OCSC Case No. 30-2017-00913985, Huntington Beach Gables Homeowners Association

---

| 4.1 2 | **Nationwide Reconveyance, LLC** | Last 4 digits of account number _____ | $0.00 |

**Nationwide Reconveyance, LLC**
Nonpriority Creditor's Name
c/o Feldsott & Lee
23161 Mill Creek Drive Ste 300
Lagina Hills, CA 92653
Number Street City State Zip Code

Last 4 digits of account number _____        $0.00

When was the debt incurred? _____

Who incurred the debt? Check one.
■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim is for a community debt
Is the claim subject to offset?
■ No
☐ Yes

As of the date you file, the claim is: Check all that apply
☐ Contingent
☐ Unliquidated
☐ Disputed
Type of NONPRIORITY unsecured claim:
☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify  Lawsuit - Case No. 30-2020-01163055-CU-OR-CJC

---

| 4.1 3 | **Patricia C. Ryan** | Last 4 digits of account number _____ | Unknown |

**Patricia C. Ryan**
Nonpriority Creditor's Name

20949 Lassen St. Apt 208
Chattsworth, CA 91311
Number Street City State Zip Code

Last 4 digits of account number _____        Unknown

When was the debt incurred? _____

Who incurred the debt? Check one.
■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim is for a community debt
Is the claim subject to offset?
■ No
☐ Yes

As of the date you file, the claim is: Check all that apply
☐ Contingent
☐ Unliquidated
☐ Disputed
Type of NONPRIORITY unsecured claim:
☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify  Lawsuit - Houser v Ryan UD

---

Official Form 106 E/F                              Schedule E/F: Creditors Who Have Unsecured Claims                    Page 5 of 11

Software Copyright (c) 1996-2021 Best Case, LLC - www.bestcase.com                                                   Best Case Bankruptcy

EXHIBIT E, PAGE 75

Debtor 1   **Jamie Lynn Gallian**                                                          Case number (if known) _____

| 4.1 4 | **Rancho Bernard Condominium Management** | | | $0.00 |
|---|---|---|---|---|

Nonpriority Creditor's Name

Last 4 digits of account number _____

**dba Elite Community Management**
**c/o Gordon Rees Scully Mansukhani**
**5 Park Plaza Ste 1100**
**Irvine, CA 92614**

When was the debt incurred? _____

Number Street City State Zip Code

As of the date you file, the claim is: Check all that apply

**Who incurred the debt? Check one.**

- ■ Debtor 1 only
- □ Debtor 2 only
- □ Debtor 1 and Debtor 2 only
- □ At least one of the debtors and another
- □ Check if this claim is for a community debt

**Is the claim subject to offset?**

- ■ No
- □ Yes

- □ Contingent
- □ Unliquidated
- □ Disputed

**Type of NONPRIORITY unsecured claim:**

- □ Student loans
- □ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- □ Debts to pension or profit-sharing plans, and other similar debts
- ■ Other. Specify   **Lawsuit   Case No. 30-2020-01163055**

---

| 4.1 5 | **Randall Nickell** | | | Unknown |
|---|---|---|---|---|

Nonpriority Creditor's Name

Last 4 digits of account number _____

**4476 Alderport Dr**
**Huntington Beach, CA 92649**

When was the debt incurred? _____

Number Street City State Zip Code

As of the date you file, the claim is: Check all that apply

**Who incurred the debt? Check one.**

- ■ Debtor 1 only
- □ Debtor 2 only
- □ Debtor 1 and Debtor 2 only
- □ At least one of the debtors and another
- □ Check if this claim is for a community debt

**Is the claim subject to offset?**

- ■ No
- □ Yes

- □ Contingent
- □ Unliquidated
- □ Disputed

**Type of NONPRIORITY unsecured claim:**

- □ Student loans
- □ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- □ Debts to pension or profit-sharing plans, and other similar debts
- ■ Other. Specify   **Lawsuit - Case No 30-2020-01163055-CU-OR-CJC**

---

| 4.1 6 | **Orange County Superior Court Bench Citation  (Civil C-33)** | Last 4 digits of account number  17-00913985 | | $5,000.00 |
|---|---|---|---|---|

Nonpriority Creditor's Name

When was the debt incurred?   7/8/2021

**c/o Feldsott & Lee**
**23161 Mill Creek Drive Ste 300**
**Laguna Hills, CA 92653**

Number Street City State Zip Code

As of the date you file, the claim is: Check all that apply

**Who incurred the debt? Check one.**

- ■ Debtor 1 only
- □ Debtor 2 only
- □ Debtor 1 and Debtor 2 only
- □ At least one of the debtors and another
- □ Check if this claim is for a community debt

**Is the claim subject to offset?**

- ■ No
- □ Yes

- □ Contingent
- □ Unliquidated
- □ Disputed

**Type of NONPRIORITY unsecured claim:**

- □ Student loans
- □ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- □ Debts to pension or profit-sharing plans, and other similar debts
- ■ Other. Specify   **MISC DEBT Collection Case 30-2017-00913985**

---

EXHIBIT E, PAGE 76

Debtor 1    Jamie Lynn Gallian                                          Case number (if known)

| 4.1 7 | People of the State Of California 18WM05278 | Last 4 digits of account number _____ | $ 13,229.24 |
|---|---|---|---|

Nonpriority Creditor's Name

West Justice Center
8141 13th Street
Westminster, CA 91683

When was the debt incurred? _____

Number Street City State Zip Code

As of the date you file, the claim is: Check all that apply

Who incurred the debt? Check one.
■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim is for a community debt
Is the claim subject to offset?
■ No
☐ Yes

☐ Contingent
☐ Unliquidated
☐ Disputed
Type of NONPRIORITY unsecured claim:
☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify   Misc. Debt - 2021000348287   Filed 05/27/2021;  OC Clerk Recorder

| 4.1 8 | Superior Default Services Inc | Last 4 digits of account number _____ | $0.00 |
|---|---|---|---|

Nonpriority Creditor's Name

c/o Feldsott & Lee
23161 Mill Creek Drive Ste 300
Laguna Hills, CA 92653

When was the debt incurred? _____

Number Street City State Zip Code

As of the date you file, the claim is: Check all that apply

Who incurred the debt? Check one.
■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim is for a community debt
Is the claim subject to offset?
■ No
☐ Yes

☐ Contingent
☐ Unliquidated
☐ Disputed
Type of NONPRIORITY unsecured claim:
☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify   Lawsuit 30-2020-01163055

| 4.1 9 | The Huntington Beach Gables | Last 4 digits of account number _____ | $319,653.59 |
|---|---|---|---|

Nonpriority Creditor's Name

Homeowners Association
c/o Epsten Grinnell & Howell, APC
10200 Willow Creek Road, Ste 100
San Diego, CA 92131

When was the debt incurred?    5/6/2019

Number Street City State Zip Code

As of the date you file, the claim is: Check all that apply

Who incurred the debt? Check one.
■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim is for a community debt
Is the claim subject to offset?
■ No
☐ Yes

☐ Contingent
☐ Unliquidated
☐ Disputed
Type of NONPRIORITY unsecured claim:
☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts
■ Other. Specify   EJ-001  2019000165259,  FILED  05/16/2019  OC  CLERK  RECORDER;
OCSC No. 30-2017-00913985; Huntington Beach Gables Homeowners Association;

EXHIBIT E, PAGE 77

Debtor 1  **Jamie Lynn Gallian**                                       Case number (if known) _____

| 4.2 0 | **The Huntington Beach Gables** | Last 4 digits of account number _____ | $9,265.00 |

Nonpriority Creditor's Name
**Homeowners Association
c/o Epsten Grinnell & Howell, APC
10200 Willow Creek Road, Ste 100
San Diego, CA 92131**

When was the debt incurred?    **March 21, 2019**

Number Street City State Zip Code

As of the date you file, the claim is: Check all that apply

Who incurred the debt? Check one.

☐ Contingent
☐ Unliquidated
☐ Disputed

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim is for a community debt

Type of NONPRIORITY unsecured claim:
☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts

Is the claim subject to offset?

■ No
☐ Yes

■ Other. Specify **EJ-001 2019000148568, FILED 05/03/2019 OC CLERK RECORDER; OCSC Case No. 30-2017-00962999, Huntington Beach Gables Homeowners Association**

| 4.2 1 | **The Huntington Beach Gables** | Last 4 digits of account number _____ | $3,070.00 |

Nonpriority Creditor's Name
**Homeowners Association
c/o Epsten Grinnell & Howell APC
10200 Willow Creek Road, Ste 100 San Diego, CA 92131**

When was the debt incurred?    **September 27, 2018**

Number Street City State Zip Code

As of the date you file, the claim is: Check all that apply

Who incurred the debt? Check one.

☐ Contingent
☐ Unliquidated
☐ Disputed

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim is for a community debt

Type of NONPRIORITY unsecured claim:
☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts

Is the claim subject to offset?

■ No
☐ Yes

■ Other. Specify **EJ-001 2018000435011, FILED 11/19/2018 OC CLERK RECORDER; OCSC No. 30-2017-00913985, Huntington Beach Gables Homeowners Association**

| 4.2 2 | **Ted Phillips c/o Huntington Beach Gables Homeowners Association** | Last 4 digits of account number _____ | $0.00 |

Nonpriority Creditor's Name
**c/o Gordon Rees Scully & Mansukhani
633 W 5th Street, 52nd Floor
Los Angeles, CA 90071**

When was the debt incurred?

Number Street City State Zip Code

As of the date you file, the claim is: Check all that apply

Who incurred the debt? Check one.

☐ Contingent
☐ Unliquidated
☐ Disputed

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another
☐ Check if this claim is for a community debt

Type of NONPRIORITY unsecured claim:
☐ Student loans
☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
☐ Debts to pension or profit-sharing plans, and other similar debts

Is the claim subject to offset?

■ No
☐ Yes

■ Other. Specify **EJ-001 2018000467142, FILED 12/14/2018 OC CLERK RECORDER; OCSC No. 30-2017-00913985, Huntington Beach Gables Homeowners Association**

EXHIBIT E, PAGE 78

Case 8:21-bk-11710-ES    Doc 1    Filed 07/09/21    Entered 07/09/21 14:15:51    Desc
Main Document    Page 32 of 60

Debtor 1    Jamie Lynn Gallian                                              Case number (if known) _____

| 4.2 3 | The Huntington Beach Gables Homeowners Association | | |
|---|---|---|---|

Nonpriority Creditor's Name
c/o Feldsott & Lee
23161 Mill Creek Drive Ste 300
Laguna Hills, CA 92653
Number Street City State Zip Code=

**Who incurred the debt? Check one.**
- ☑ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another
- ☐ Check if this claim is for a community debt

**Is the claim subject to offset?**
- ☑ No
- ☐ Yes

Last 4 digits of account number _____        **Unknown**

When was the debt incurred? _____

As of the date you file, the claim is: Check all that apply
- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

Type of NONPRIORITY unsecured claim:
- ☐ Student loans
- ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- ☐ Debts to pension or profit-sharing plans, and other similar debts
- ☑ Other. Specify  OCSC CX Complaint Lawsuit 30-2020-01163055  Filed (11/9/2020)
  Nickel vs. Huntington Beach Gables Homeowners Association

---

| 4.2 4 | United Airlines | 10092 | $9,572.91 |
|---|---|---|---|

Nonpriority Creditor's Name
PO Box 0675
Carol Stream, IL 60132-0675

Number Street City State Zip Code=
**Who incurred the debt? Check one.**
- ☑ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another
- ☐ Check if this claim is for a community= debt

**Is the claim subject to offset?**
- ☑ No
- ☐ Yes

Last 4 digits of account number  10092        **$9,572.91**

When was the debt incurred? _____

As of the date you file, the claim is: Check all that apply
- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

Type of NONPRIORITY unsecured claim:
- ☐ Student loans
- ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- ☐ Debts to pension or profit-sharing plans, and other similar debts
- ☑ Other. Specify  Misc Debt COBRA

---

| 4.2 5 | US Bank NA | 6482 | $9,145.00 |
|---|---|---|---|

Nonpriority Creditor's Name
PO Box 64799
Saint Paul, MN 55164

Number Street City State Zip Code
**Who incurred the debt? Check one.**
- ☑ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another
- ☐ Check if this claim is for a community debt

**Is the claim subject to offset?**
- ☑ No
- ☐ Yes

Last 4 digits of account number  6482        **$9,145.00**

When was the debt incurred? _____

As of the date you file, the claim is: Check all that apply
- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

Type of NONPRIORITY unsecured claim:
- ☐ Student loans
- ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- ☐ Debts to pension or profit-sharing plans, and other similar debts
- ☑ Other. Specify=  **Collection**

---

**Part 3:    List Others to Be Notified About a Debt That You Already Listed**

5. Use this page only if you have others to be notified about your bankruptcy, for a debt that you already listed in Parts 1 or 2. For example, if a collection agency is trying to collect from you for a debt you owe to someone else, list the original creditor in Parts 1 or 2, then list the collection agency here. Similarly, if you have more than one creditor for any of the debts that you listed in Parts 1 or 2, list the additional creditors here. If you do not have additional persons to be notified for any debts in Parts 1 or 2, do not fill out or submit this page.

EXHIBIT E, PAGE 79

Debtor 1   Jamie Lynn Gallian                                          Case number *(if known)*

| Name and Address | |
|---|---|
| **Feldsott & Lee**<br>23161 Mill Creek Drive Ste 300<br>Laguna Hills, CA 92653 | On which entry in Part 1 or Part 2 did you list the original creditor?<br>Line **4.23** of (Check one):<br>☐ Part 1: Creditors with Priority Unsecured Claims<br>■ Part 2: Creditors with Nonpriority Unsecured Claims<br><br>Last 4 digits of account number |
| **Feldsott & Lee**<br>23161 Mill Creek Drive Ste 300<br>Laguna Hills, CA 92653 | On which entry in Part 1 or Part 2 did you list the original creditor?<br>Line **4.12** of (Check one):<br>☐ Part 1: Creditors with Priority Unsecured Claims<br>■ Part 2: Creditors with Nonpriority Unsecured Claims<br><br>Last 4 digits of account number |
| **Feldsott & Lee**<br>23161 Mill Creek Drive Ste 300<br>Laguna Hills, CA 92653 | On which entry in Part 1 or Part 2 did you list the original creditor?<br>Line **4.18** of (Check one):<br>☐ Part 1: Creditors with Priority Unsecured Claims<br>■ Part 2: Creditors with Nonpriority Unsecured Claims<br><br>Last 4 digits of account number |
| **Gorden G May**<br>Grant, Genovese & Baratta, LLP<br>2030 Main Street, Ste. 1600<br>irvine, CA 92614 | On which entry in Part 1 or Part 2 did you list the original creditor?<br>Line **4.1** of (Check one):<br>☐ Part 1: Creditors with Priority Unsecured Claims<br>■ Part 2: Creditors with Nonpriority Unsecured Claims<br><br>Last 4 digits of account number |
| **Gordon Rees Scully & Mansukhani**<br>5 Park Plaza Ste. 1100<br>Irvine, CA 92614 | On which entry in Part 1 or Part 2 did you list the original creditor?<br>Line **4.14** of (Check one):<br>☐ Part 1: Creditors with Priority Unsecured Claims<br>■ Part 2: Creditors with Nonpriority Unsecured Claims<br><br>Last 4 digits of account number |
| **Gordon Rees Scully & Mansukhani**<br>633 W 5th Street, 52nd Floor<br>Los Angeles, CA 90071 | On which entry in Part 1 or Part 2 did you list the original creditor?<br>Line **4.2** of (Check one):<br>4.6; 4.7; 4.8; 4.9, 4.11; 4.22<br>☐ Part 1: Creditors with Priority Unsecured Claims<br>■ Part 2: Creditors with Nonpriority Unsecured Claims<br><br>Last 4 digits of account number |
| **Mark Mellor**<br>Mellor Law Firm<br>6800 Indiana Avenue Ste. 220<br>Riverside, CA 92506 | On which entry in Part 1 or Part 2 did you list the original creditor?<br>Line **4.15** of (Check one):<br>☐ Part 1: Creditors with Priority Unsecured Claims<br>■ Part 2: Creditors with Nonpriority Unsecured Claims<br><br>Last 4 digits of account number |
| **Vivian J. Alston**<br>Alston, Alston, & Diebold<br>27201 Puerta Real, Ste. 300<br>Mission Viejo, CA 92691 | On which entry in Part 1 or Part 2 did you list the original creditor?<br>Line **4.3** of (Check one):<br>☐ Part 1: Creditors with Priority Unsecured Claims<br>■ Part 2: Creditors with Nonpriority Unsecured Claims<br><br>Last 4 digits of account number |

**Part 4:    Add the Amounts for Each Type of Unsecured Claim**

6. Total the amounts of certain types of unsecured claims. This information is for statistical reporting purposes only. 28 U.S.C. §159. Add the amounts for each type of unsecured claim.

| | | | | Total Claim |
|---|---|---|---|---|
| Total claims from Part 1 | 6a. | Domestic support obligations | 6a. | $ 0.00 |
| | 6b. | Taxes and certain other debts you owe the government | 6b. | $ 0.00 |
| | 6c. | Claims for death or personal injury while you were intoxicated | 6c. | $ 0.00 |
| | 6d. | Other. Add all other priority unsecured claims. Write that amount here. | 6d. | $ 0.00 |
| | 6e. | **Total Priority.** Add lines 6a through 6d. | 6e. | $ 0.00 |
| | | | | Total Claim |
| Total claims from Part 2 | 6f. | Student loans | 6f. | $ 0.00 |
| | 6g. | Obligations arising out of a separation agreement or divorce that you did not report as priority claims | 6g. | $ 0.00 |
| | 6h. | Debts to pension or profit-sharing plans, and other similar debts | 6h. | $ 0.00 |

Official Form 106 E/F                  Schedule E/F: Creditors Who Have Unsecured Claims                  Page 10 of 11

Software Copyright (c) 1996-2021 Best Case, LLC - www.bestcase.com                                        Best Case Bankruptcy

EXHIBIT E, PAGE 80

Case 8:21-bk-11710-ES    Doc 1    Filed 07/09/21    Entered 07/09/21 14:15:51    Desc
Main Document      Page 34 of 60

| Debtor 1 | **Jamie Lynn Gallian** | | Case number *(if known)* | |
|---|---|---|---|---|

| 6i. | **Other.** Add all other nonpriority unsecured claims. Write that amount here. | 6i. | $ | 427,177.76 |
|---|---|---|---|---|
| 6j. | **Total Nonpriority.** Add lines 6f through 6i. | 6j. | $ | 427,177.76 |

EXHIBIT E, PAGE 81

Fill in this information to identify your case:

| Debtor 1 | Jamie Lynn Gallian | | |
|---|---|---|---|
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse if, filing) | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for the: | CENTRAL DISTRICT OF CALIFORNIA | | |
| Case number (if known) | | | |

☐ Check if this is an amended filing

## Official Form 106G
## Schedule G: Executory Contracts and Unexpired Leases

12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the additional page, fill it out, number the entries, and attach it to this page. On the top of any additional pages, write your name and case number (if known).

1. Do you have any executory contracts or unexpired leases?

   ■ No. Check this box and file this form with the court with your other schedules. You have nothing else to report on this form.

   ☐ Yes. Fill in all of the information below even if the contacts of leases are listed on *Schedule A/B:Property* (Official Form 106 A/B).

2. List separately each person or company with whom you have the contract or lease. Then state what each contract or lease is for (for example, rent, vehicle lease, cell phone). See the instructions for this form in the instruction booklet for more examples of executory contracts and unexpired leases.

| | Person or company with whom you have the contract or lease | State what the contract or lease is for |
|---|---|---|
| | Name, Number, Street, City, State and ZIP Code | |
| 2.1 | **Kia Motors** <br> Name <br> **P.O. Box 20815** <br> Number     Street <br> **Fountain Valley, CA 92708** <br> City     State     ZIP Code | Kia Sportage Car Lease |
| 2.2 | **Robert P. Warmington Co** <br> Name <br> **3090 Pullman St.** <br> Number     Street <br> **Costa Mesa, CA 92626** <br> City     State     ZIP Code | Unexpired Ground Leasehold Located on APN 178-011-01, Unit 4, Tract 10542, Space 376. Expires 12/31/2059 |
| 2.3 | **BS Investors, LP** <br> Name <br> **18201 Von Karman Ste. 450** <br> Number     Street <br> **Irvine, CA     92612** <br> City     State     ZIP Code | Unexpired Ground Leasehold Located on APN 178-011-01. Unit 4, Tract 10542, Space 376. Expires 12/31/2059 |
| 2.4 | **Houser Bros Co dba Rancho Del Rey Mobilehome Estates** <br> Name <br> **16222 Monterey Ln** <br> Number     Street <br> **Huntington Beach CA 92649** <br> City     State     ZIP Code | Unexpired Ground Leasehold, Located on APN 178-011-01. Unit 4, Tract 10542, Space 376. Expires 12/31/2059 |
| 2.5 | Name <br> Number     Street <br> City     State     ZIP Code | |

EXHIBIT E, PAGE 82

Fill in this information to identify your case:

| | | | |
|---|---|---|---|
| Debtor 1 | Jamie Lynn Gallian | | |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse if, filing) | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for the: | CENTRAL DISTRICT OF CALIFORNIA | | |
| Case number (if known) | | | |

☐ Check if this is an amended filing

## Official Form 106H
## Schedule H: Your Codebtors

12/15

Codebtors are people or entities who are also liable for any debts you may have. Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the Additional Page, fill it out, and number the entries in the boxes on the left. Attach the Additional Page to this page. On the top of any Additional Pages, write your name and case number (if known). Answer every question.

1. **Do you have any codebtors?** (If you are filing a joint case, do not list either spouse as a codebtor.)

■ No
☐ Yes

2. **Within the last 8 years, have you lived in a community property state or territory?** (*Community property states and territories* include Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, and Wisconsin.)

☐ No. Go to line 3.
■ Yes. Did your spouse, former spouse, or legal equivalent live with you at the time?

   ■ No
   ☐ Yes.

   In which community state or territory did you live?    **-NONE-**    Fill in the name and current address of that person.

   _____
   Name of your spouse, former spouse, or legal equivalent
   Number, Street, City, State & Zip Code

3. In Column 1, list all of your codebtors. Do not include your spouse as a codebtor if your spouse is filing with you. List the person shown in line 2 again as a codebtor only if that person is a guarantor or cosigner. Make sure you have listed the creditor on Schedule D (Official Form 106D), Schedule E/F (Official Form 106E/F), or Schedule G (Official Form 106G). Use Schedule D, Schedule E/F, or Schedule G to fill out Column 2.

| Column 1: **Your codebtor** | Column 2: **The creditor to whom you owe the debt** |
|---|---|
| Name, Number, Street, City, State and ZIP Code | Check all schedules that apply: |

3.1  _____
     Name

☐ Schedule D, line _____
☐ Schedule E/F, line _____
☐ Schedule G, line _____

     Number    Street
     City          State          ZIP Code

3.2  _____
     Name

☐ Schedule D, line _____
☐ Schedule E/F, line _____
☐ Schedule G, line _____

     Number    Street
     City          State          ZIP Code

EXHIBIT E, PAGE 83

Fill in this information to identify your case:

Debtor 1          Jamie Lynn Gallian

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court for the:    CENTRAL DISTRICT OF CALIFORNIA

Case number
(If known)

Check if this is:

☐ An amended filing
☐ A supplement showing postpetition chapter
   13 income as of the following date:

   _____
   MM / DD/ YYYY

## Official Form 106I

## Schedule I: Your Income                                                              12/15

Be as complete and accurate as possible. If two married people are filing together (Debtor 1 and Debtor 2), both are equally responsible for
supplying correct information. If you are married and not filing jointly, and your spouse is living with you, include information about your
spouse. If you are separated and your spouse is not filing with you, do not include information about your spouse. If more space is needed,
attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1:    Describe Employment

| 1. | Fill in your employment information. | | Debtor 1 | Debtor 2 or non-filing spouse |
|---|---|---|---|---|
| | If you have more than one job, attach a separate page with information about additional employers. | **Employment status** | ☐ Employed ■ Not employed | ☐ Employed ☐ Not employed |
| | Include part-time, seasonal, or self-employed work. | **Occupation** | **Unemployed/Disabled;date of Injury 8/5/2018, severe crushing injury left foot, with nerve impingment, protruding interior bone left interior portion foot.** | |
| | | **Employer's name** | | |
| | Occupation may include student or homemaker, if it applies. | **Employer's address** | | |
| | | | **Flight Attendant-United Airlines** | |
| | | **How long employed there?** | **22 years Last day; worked 10/26/2018** | |

### Part 2:    Give Details About Monthly Income

Estimate monthly income as of the date you file this form. If you have nothing to report for any line, write $0 in the space. Include your non-filing
spouse unless you are separated.

If you or your non-filing spouse have more than one employer, combine the information for all employers for that person on the lines below. If you need
more space, attach a separate sheet to this form.

| | | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|---|
| 2. | List monthly gross wages, salary, and commissions (before all payroll deductions). If not paid monthly, calculate what the monthly wage would be. | 2. | $        0.00 | $        N/A |
| 3. | Estimate and list monthly overtime pay. | 3. | +$        0.00 | +$        N/A |
| 4. | Calculate gross Income. Add line 2 + line 3. | 4. | $        0.00 | $        N/A |

EXHIBIT E, PAGE 84

Debtor 1    **Jamie Lynn Gallian**                  Case number *(if known)*

|  |  | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|---|
| Copy line 4 here | 4. | $ | 0.00 | $ N/A |

5. List all payroll deductions:

| | | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|---|
| 5a. | Tax, Medicare, and Social Security deductions | 5a. | $ 0.00 | $ N/A |
| 5b. | Mandatory contributions for retirement plans | 5b. | $ 0.00 | $ N/A |
| 5c. | Voluntary contributions for retirement plans | 5c. | $ 0.00 | $ N/A |
| 5d. | Required repayments of retirement fund loans | 5d. | $ 0.00 | $ N/A |
| 5e. | Insurance | 5e. | $ 0.00 | $ N/A |
| 5f. | Domestic support obligations | 5f. | $ 0.00 | $ N/A |
| 5g. | Union dues | 5g. | $ 0.00 | $ N/A |
| 5h. | Other deductions. Specify: | 5h.+ | $ 0.00 + | $ N/A |

6. **Add the payroll deductions.** Add lines 5a+5b+5c+5d+5e+5f+5g+5h.    6.   $ 0.00    $ N/A

7. **Calculate total monthly take-home pay.** Subtract line 6 from line 4.    7.   $ 0.00    $ N/A

8. List all other income regularly received:

| | | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|---|
| 8a. | Net income from rental property and from operating a business, profession, or farm Attach a statement for each property and business showing gross receipts, ordinary and necessary business expenses, and the total monthly net income. | 8a. | $ 1,000.00 | $ N/A |
| 8b. | Interest and dividends | 8b. | $ 0.00 | $ N/A |
| 8c. | Family support payments that you, a non-filing spouse, or a dependent regularly receive Include alimony, spousal support, child support, maintenance, divorce settlement, and property settlement. | 8c. | $ 0.00 | $ N/A |
| 8d. | Unemployment compensation | 8d. | $ 0.00 | $ N/A |
| 8e. | Social Security | 8e. | $ 0.00 | $ N/A |
| 8f. | Other government assistance that you regularly receive Include cash assistance and the value (if known) of any non-cash assistance that you receive, such as food stamps (benefits under the Supplemental Nutrition Assistance Program) or housing subsidies. Specify: | 8f. | $ 0.00 | $ N/A |
| 8g. | Pension or retirement income | 8g. | $ 0.00 | $ N/A |
| 8h. | Other monthly income. Specify: | 8h.+ | $ 0.00 + | $ N/A |

9. **Add all other income.** Add lines 8a+8b+8c+8d+8e+8f+8g+8h.    9.   $ 1,000.00    $ N/A

10. **Calculate monthly income.** Add line 7 + line 9.    10.   $ 1,000.00 + $ N/A = $ 1,000.00
Add the entries in line 10 for Debtor 1 and Debtor 2 or non-filing spouse.

11. State all other regular contributions to the expenses that you list in *Schedule J.*
Include contributions from an unmarried partner, members of your household, your dependents, your roommates, and other friends or relatives.
Do not include any amounts already included in lines 2-10 or amounts that are not available to pay expenses listed in *Schedule J.*
Specify:      11. +$ 0.00

12. **Add the amount in the last column of line 10 to the amount in line 11.** The result is the combined monthly income.
Write that amount on the *Summary of Schedules* and *Statistical Summary of Certain Liabilities* and Related *Data,* if it applies      12.   $ 1,000.00

                                                              Combined
                                                              monthly income

13. Do you expect an increase or decrease within the year after you file this form?
■ No.
☐ Yes. Explain:

Official Form 106I                Schedule I: Your Income               page 2

EXHIBIT E, PAGE 85

| Fill in this information to identify your case: | | Check if this is: |
|---|---|---|

| Debtor 1 | Jamie Lynn Gallian |
|---|---|

Check if this is:
☐ An amended filing
☐ A supplement showing postpetition chapter 13 expenses as of the following date:

| Debtor 2 | |
|---|---|
| (Spouse, if filing) | |

| United States Bankruptcy Court for the: | CENTRAL DISTRICT OF CALIFORNIA |
|---|---|

MM / DD / YYYY

| Case number | |
|---|---|
| (If known) | |

## Official Form 106J

## Schedule J: Your Expenses

12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach another sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1.    Describe Your Household

1.  **Is this a joint case?**

    ■ No. Go to line 2.

    ☐ Yes. **Does Debtor 2 live in a separate household?**

        ☐ No

        ☐ Yes. Debtor 2 must file Official Form 106J-2, *Expenses for Separate Household* of Debtor 2.

2.  **Do you have dependents?**    ■ No

| Do not list Debtor 1 and Debtor 2. | ☐ Yes. Fill out this information for each dependent............ | Dependent's relationship to Debtor 1 or Debtor 2 | Dependent's age | Does dependent live with you? |
|---|---|---|---|---|
| Do not state the dependents names. | | | | ☐ No ☐ Yes |
| | | | | ☐ No ☐ Yes |
| | | | | ☐ No ☐ Yes |
| | | | | ☐ No ☐ Yes |

3.  **Do your expenses include expenses of people other than yourself and your dependents?**    ■ No    ☐ Yes

### Part 2:    Estimate Your Ongoing Monthly Expenses

Estimate your expenses as of your bankruptcy filing date unless you are using this form as a supplement in a Chapter 13 case to report expenses as of a date after the bankruptcy is filed. If this is a supplemental *Schedule J*, check the box at the top of the form and fill in the applicable date.

Include expenses paid for with non-cash government assistance if you know the value of such assistance and have included it on *Schedule I: Your Income* (Official Form 106I.)

| | | | **Your expenses** |
|---|---|---|---|
| 4. | The rental or home ownership expenses for your residence. Include first mortgage payments and any rent for the ground or lot. | 4. $ | 0.00 |
| | If not included in line 4: | | |
| 4a. | Real estate taxes | 4a. $ | 100.00 |
| 4b. | Property, homeowner's, or renter's insurance | 4b. $ | 100.00 |
| 4c. | Home maintenance, repair, and upkeep expenses | 4c. $ | 100.00 |
| 4d. | Homeowner's association or condominium dues | 4d. $ | 0.00 |
| 5. | Additional mortgage payments for your residence, such as home equity loans | 5. $ | 100.00 |

EXHIBIT E, PAGE 86

Debtor 1    Jamie Lynn Gallian                                    Case number (if known)

| | | | | | |
|---|---|---|---|---|---|
| 6. | **Utilities:** | | | | |
| | 6a. | Electricity, heat, natural gas | 6a. | $ | 200.00 |
| | 6b. | Water, sewer, garbage collection | 6b. | $ | 60.00 |
| | 6c. | Telephone, cell phone, Internet, satellite, and cable services | 6c. | $ | 160.00 |
| | 6d. | Other. Specify:= **Space #376 Rent** | 6d. | $ | 1,086.00 |
| 7. | **Food and housekeeping supplies** | | 7. | $ | 500.00 |
| 8. | **Childcare and children's education costs** | | 8. | $ | 0.00 |
| 9. | **Clothing, laundry, and dry cleaning** | | 9. | $ | 0.00 |
| 10. | **Personal care products and services** | | 10. | $ | 30.00 |
| 11. | **Medical and dental expenses** | | 11. | $ | 125.00 |
| 12. | **Transportation.** Include gas, maintenance, bus or train fare. Do not include car payments. | | 12. | $ | 100.00 |
| 13. | **Entertainment, clubs, recreation, newspapers, magazines, and books** | | 13. | $ | 0.00 |
| 14. | **Charitable contributions and religious donations** | | 14. | $ | 0.00 |
| 15. | **Insurance.** Do not include insurance deducted from your pay or included in lines 4 or 20. | | | | |
| | 15a. | Life insurance | 15a. | $ | 0.00 |
| | 15b. | Health insurance | 15b. | $ | 0.00 |
| | 15c. | Vehicle insurance | 15c. | $ | 175.00 |
| | 15d. | Other insurance. Specify: | 15d. | $ | 0.00 |
| 16. | **Taxes.** Do not include taxes deducted from your pay or included in lines 4 or 20. Specify: | | 16. | $ | 0.00 |
| 17. | **Installment or lease payments:** | | | | |
| | 17a. | Car payments for Vehicle 1 | 17a. | $ | 240.00 |
| | 17b. | Car payments for Vehicle 2 | 17b. | $ | 0.00 |
| | 17c. | Other. Specify: | 17c. | $ | 0.00 |
| | 17d. | Other. Specify: | 17d. | $ | 0.00 |
| 18. | **Your payments of alimony, maintenance, and support that you did not report as deducted from your pay on line 5, *Schedule I, Your Income* (Official Form 106I).** | | 18. | $ | 0.00 |
| 19. | **Other payments you make to support others who do not live with you.** Specify: | | 19. | | |
| 20. | **Other real property expenses not included in lines 4 or 5 of this form or on *Schedule I: Your Income*.** | | | | |
| | 20a. | Mortgages on other property | 20a. | $ | 0.00 |
| | 20b. | Real estate taxes | 20b. | $ | 0.00 |
| | 20c. | Property, homeowner's, or renter's insurance | 20c. | $ | 0.00 |
| | 20d. | Maintenance, repair, and upkeep expenses | 20d. | $ | 0.00 |
| | 20e. | Homeowner's association or condominium dues | 20e. | $ | 0.00 |
| 21. | **Other:** Specify: | | 21. | +$ | 0.00 |

22. **Calculate your monthly expenses**

| | | | |
|---|---|---|---|
| 22a. Add lines 4 through 21. | | $ | 2,676.00 |
| 22b. Copy line 22 (monthly expenses for Debtor 2), if any, from Official Form 106J-2= | | $ | |
| 22c. Add line 22a and 22b. The result is your monthly expenses. | | $ | 2,676.00 |

23. **Calculate your monthly net income.**

| | | | |
|---|---|---|---|
| 23a.= Copy line 12 *(your combined monthly income)* from Schedule I. | 23a. | $ | 1,000.00 |
| 23b.= Copy your monthly expenses from line 22c above. | 23b. | -$ | 2,676.00 |
| 23c. Subtract your monthly expenses from your monthly income. The result is your *monthly net income*. | 23c. | $ | -1,676.00 |

24. **Do you expect an increase or decrease in your expenses within the year after you file this form?**
For example, do you expect to finish paying for your car loan within the year or do you expect your mortgage payment to increase or decrease because of a modification to the terms of your mortgage?

■ No.

☐ Yes.      Explain here:

EXHIBIT E, PAGE 87

Fill in this information to identify your case:

| Debtor 1 | **Jamie Lynn Gallian** | | |
|---|---|---|---|
| | First Name | Middle Name | Last Name |
| Debtor 2 (Spouse if, filing) | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the:    CENTRAL DISTRICT OF CALIFORNIA

Case number (if known) _____

☐ Check if this is an amended filing

Official Form 106Dec

# Declaration About an Individual Debtor's Schedules

12/15

If two married people are filing together, both are equally responsible for supplying correct information.

You must file this form whenever you file bankruptcy schedules or amended schedules. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

## Sign Below

Did you pay or agree to pay someone who is NOT an attorney to help you fill out bankruptcy forms?

☒ No

☐ Yes. Name of person _____    Attach *Bankruptcy Petition Preparer's Notice, Declaration, and Signature* (Official Form 119)

Under penalty of perjury, I declare that I have read the summary and schedules filed with this declaration and that they are true and correct.

X _____    X _____
Jamie Lynn Gallian
Signature of Debtor 1    Signature of Debtor 2

Date    7/9/2021    Date _____

Official Form 106Dec    **Declaration About an Individual Debtor's Schedules**

Software Copyright (c) 1996-2021 Best Case, LLC - www.bestcase.com    Best Case Bankruptcy

EXHIBIT E, PAGE 88

Fill in this information to identify your case:

| Debtor 1 | Jamie Lynn Gallian | | |
|---|---|---|---|
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse if, filing) | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the:    CENTRAL DISTRICT OF CALIFORNIA

Case number
(if known)

☐ Check if this is an
amended filing

## Official Form 107
## Statement of Financial Affairs for Individuals Filing for Bankruptcy

4/19

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1:    Give Details About Your Marital Status and Where You Lived Before

1.  **What is your current marital status?**

    ☐ Married
    ■ Not married

2.  **During the last 3 years, have you lived anywhere other than where you live now?**

    ■ No
    ☐ Yes. List all of the places you lived in the last 3 years. Do not include where you live now.

| Debtor 1 Prior Address: | Dates Debtor 1 lived there | Debtor 2 Prior Address: | Dates Debtor 2 lived there |
|---|---|---|---|

3.  **Within the last 8 years, did you ever live with a spouse or legal equivalent in a community property state or territory?** (*Community property states and territories* include Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington and Wisconsin.)

    ■ No
    ☐ Yes. Make sure you fill out *Schedule H: Your Codebtors* (Official Form 106H).

### Part 2    Explain the Sources of Your Income

4.  **Did you have any income from employment or from operating a business during this year or the two previous calendar years?**
    Fill in the total amount of income you received from all jobs and all businesses, including part-time activities.
    If you are filing a joint case and you have income that you receive together, list it only once under Debtor 1.

    ☐ No
    ■ Yes. Fill in the details.

| | Debtor 1 | | Debtor 2 | |
|---|---|---|---|---|
| | Sources of income Check all that apply. | Gross income (before deductions and exclusions) | Sources of income Check all that apply. | Gross income (before deductions and exclusions) |
| For last calendar year: (January 1 to December 31, 2020 ) | ■ Wages, commissions, bonuses, tips | $1,408.00 | ☐ Wages, commissions, bonuses, tips | |
| | ☐ Operating a business | | ☐ Operating a business | |

Official Form 107                Statement of Financial Affairs for Individuals Filing for Bankruptcy                page 1

Software Copyright (c) 1996-2021 Best Case, LLC - www.bestcase.com                Best Case Bankruptcy

Debtor 1    Jamie Lynn Gallian                                    Case number (if known) _____

| | Debtor 1 Sources of income Check all that apply. | Gross income (before deductions and exclusions) | Debtor 2 Sources of income Check all that apply. | Gross income (before deductions and exclusions) |
|---|---|---|---|---|
| For the calendar year before that: (January 1 to December 31, 2019 ) | ■ Wages, commissions, bonuses, tips | $3,375.00 | ☐ Wages, commissions, bonuses, tips | |
| | ☐ Operating a business | | ☐ Operating a business | |

**5.** **Did you receive any other income during this year or the two previous calendar years?**
Include income regardless of whether that income is taxable. Examples of *other income* are alimony; child support; Social Security, unemployment, and other public benefit payments; pensions; rental income; interest; dividends; money collected from lawsuits; royalties; and gambling and lottery winnings. If you are filing a joint case and you have income that you received together, list it only once under Debtor 1.

List each source and the gross income from each source separately. Do not include income that you listed in line 4.

☐ No

■ Yes. Fill in the details.

| | Debtor 1 Sources of income Describe below. | Gross income from each source (before deductions and exclusions) | Debtor 2 Sources of income Describe below. | Gross income (before deductions and exclusions) |
|---|---|---|---|---|
| From January 1 of current year until the date you filed for bankruptcy: | Unemployment | $0.00 | | |
| For last calendar year: (January 1 to December 31, 2020 ) | Unemployment | $21,227.00 | | |
| | Retirement | $31,922.58 | | |

**Part 3:** **List Certain Payments You Made Before You Filed for Bankruptcy**

**6.** **Are either Debtor 1's or Debtor 2's debts primarily consumer debts?**

☐ No.    **Neither Debtor 1 nor Debtor 2 has primarily consumer debts.** *Consumer debts* are defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."

During the 90 days before you filed for bankruptcy, did you pay any creditor a total of $6,825* or more?

☐ No.    Go to line 7.

☐ Yes    List below each creditor to whom you paid a total of $6,825* or more in one or more payments and the total amount you paid that creditor. Do not include payments for domestic support obligations, such as child support and alimony. Also, do not include payments to an attorney for this bankruptcy case.
* Subject to adjustment on 4/01/22 and every 3 years after that for cases filed on or after the date of adjustment.

■ Yes.    **Debtor 1 or Debtor 2 or both have primarily consumer debts.**
During the 90 days before you filed for bankruptcy, did you pay any creditor a total of $600 or more?

■ No.    Go to line 7.

☐ Yes    List below each creditor to whom you paid a total of $600 or more and the total amount you paid that creditor. Do not include payments for domestic support obligations, such as child support and alimony. Also, do not include payments to an attorney for this bankruptcy case.

| Creditor's Name and Address | Dates of payment | Total amount paid | Amount you still owe | Was this payment for ... |
|---|---|---|---|---|
| | | | | |

EXHIBIT E, PAGE 90

Debtor 1    **Jamie Lynn Gallian** _____    Case number *(if known)* _____

7.  **Within 1 year before you filed for bankruptcy, did you make a payment on a debt you owed anyone who was an insider?**
    *Insiders* include your relatives; any general partners; relatives of any general partners; partnerships of which you are a general partner; corporations of which you are an officer, director, person in control, or owner of 20% or more of their voting securities; and any managing agent, including one for a business you operate as a sole proprietor. 11 U.S.C. § 101. Include payments for domestic support obligations, such as child support and alimony.

    ■ No
    ☐ Yes. List all payments to an insider.

    | Insider's Name and Address | Dates of payment | Total amount paid | Amount you still owe | Reason for this payment |
    |---|---|---|---|---|

8.  **Within 1 year before you filed for bankruptcy, did you make any payments or transfer any property on account of a debt that benefited an insider?**
    Include payments on debts guaranteed or cosigned by an insider.

    ■ No
    ☐ Yes. List all payments to an insider

    | Insider's Name and Address | Dates of payment | Total amount paid | Amount you still owe | Reason for this payment Include creditor's name |
    |---|---|---|---|---|

---

**Part 4:    Identify Legal Actions, Repossessions, and Foreclosures**

9.  **Within 1 year before you filed for bankruptcy, were you a party in any lawsuit, court action, or administrative proceeding?**
    List all such matters, including personal injury cases, small claims actions, divorces, collection suits, paternity actions, support or custody modifications, and contract disputes.

    ☐ No
    ■ Yes. Fill in the details.

    | Case title Case number | Nature of the case | Court or agency | Status of the case |
    |---|---|---|---|
    | Filed 1/2/2019 Houser Bros Co v Jamie Gallian 30-2019-01041423-CI-UD-CJC | Unlawful Detainer | Orange County Superior Court 700 W Civic Center West Santa Ana, CA 92701 | ■ Pending ☐ On appeal ☐ Concluded |
    | Filed 11/8/2020 Randall L Nickell v. The Huntington Beach Gabels HOA, etal 30-2020-01163055-CU-OR-CJC | Civil | Orange County Superior Court 700 Civic Center Drive West Santa Ana, CA 92701 | ■ Pending ☐ On appeal ☐ Concluded |
    | Filed 4/11/2017 Huntington Beach Gables Homeowners Association vs. Sandra Bradley et al. 30-2017-00913985-CU-CO-CJC | Collections | Orange County Superior Court 700 Civic Center Drive West Santa Ana, CA 92701 | ☐ Pending ☐ On appeal ☐ Concluded |
    | Filed 12/22/2017 Huntington Beach Gables Homeowners Association vs. Jamie Lynn Gallian 30-2017-00962999-CU-HR-CJC | Collections | Orange County Superior Court 700 Civic Center Drive West Santa Ana, CA 92701 | ☐ Pending ☐ On appeal ☐ Concluded |
    | | | | ☐ Pending ☐ On appeal ☐ Concluded |

EXHIBIT E, PAGE 91

Debtor 1    Jamie Lynn Gallian                                          Case number *(if known)*

---

10. Within 1 year before you filed for bankruptcy, was any of your property repossessed, foreclosed, garnished, attached, seized, or levied?
Check all that apply and fill in the details below.

☒ No. Go to line 11.    **A WRIT dated 11/19/18, in the name of LISA T. RYAN, Case No. 30-2018-01013582 was UNLAWFULLY executed by Park Mgr., Houser Bros Co GP on 3/4/2019, against the bona fide purchase of Ryan home LBM1081 on 11/1/2018.**

☐ Yes. Fill in the information below. · **Possession returned to bona fide buyer by Judicial Officer Judge Carmen Luege. on 3/6/19, OCJC.**

| Creditor Name and Address | Describe the Property **LBM 1081** | Date **3/6/2019** | Value of the property |
|---|---|---|---|
| **Houser Bros Co GP**<br>**dba RDRMHE** | Explain what happened | **Resident Gallian was removed from her home by force on 3/4/19, Park Manager changed Locks unlawfully. Possession ret. to Gallian.** | |

11. Within 90 days before you filed for bankruptcy, did any creditor, including a bank or financial institution, set off any amounts from your accounts or refuse to make a payment because you owed a debt?

☒ No
☐ Yes. Fill in the details.

| Creditor Name and Address | Describe the action the creditor took | Date action was taken | Amount |
|---|---|---|---|

12. Within 1 year before you filed for bankruptcy, was any of your property in the possession of an assignee for the benefit of creditors, a court-appointed receiver, a custodian, or another official?

☒ No
☐ Yes

---

**Part 5:    List Certain Gifts and Contributions**

13. Within 2 years before you filed for bankruptcy, did you give any gifts with a total value of more than $600 per person?

☒ No
☐ Yes. Fill in the details for each gift.

| Gifts with a total value of more than $600 per person | Describe the gifts | Dates you gave the gifts | Value |
|---|---|---|---|

Person to Whom You Gave the Gift and Address:

14. Within 2 years before you filed for bankruptcy, did you give any gifts or contributions with a total value of more than $600 to any charity?

☒ No
☐ Yes. Fill in the details for each gift or contribution.

| Gifts or contributions to charities that total more than $600 | Describe what you contributed | Dates you contributed | Value |
|---|---|---|---|

Charity's Name
Address (Number, Street, City, State and ZIP Code)

---

**Part 6:    List Certain Losses**

15. Within 1 year before you filed for bankruptcy or since you filed for bankruptcy, did you lose anything because of theft, fire, other disaster, or gambling?    **Unemployment due to Covid 19 pandemic massive layoffs in airline industry and other industries; California Governors Stay at Home Orders. Unable to procure sustainable employment. Apply for Covid 19 Rent Relief State Programs.**

☐ No
☒ Yes. Fill in the details.

| Describe the property you lost and how the loss occurred | Describe any insurance coverage for the loss<br>Include the amount that insurance has paid. List pending insurance claims on line 33 of *Schedule A/B: Property.* | Date of your loss | Value of property lost |
|---|---|---|---|

---

**Part 7:    List Certain Payments or Transfers**

16. Within 1 year before you filed for bankruptcy, did you or anyone else acting on your behalf pay or transfer any property to anyone you consulted about seeking bankruptcy or preparing a bankruptcy petition?
Include any attorneys, bankruptcy petition preparers, or credit counseling agencies for services required in your bankruptcy.

☐ No
☒ Yes. Fill in the details.

| Person Who Was Paid<br>Address<br>Email or website address<br>Person Who Made the Payment, If Not You | Description and value of any property transferred | Date payment or transfer was made | Amount of payment |
|---|---|---|---|

Official Form 107                Statement of Financial Affairs for Individuals Filing for Bankruptcy                page 4

EXHIBIT E, PAGE 92

Debtor 1   Jamie Lynn Gallian                                    Case number (if known)

| Person Who Was Paid; Address; Email address | | Description and value of any property transferred | Date payment or transfer was made | Amount of payment |
|---|---|---|---|---|
| James H. Casello Esq. | SBN 76021 | Client Trust Account for Atty Fees | 2019-2020 | $ 43,000.00 |
| Michael Chulak, Esq. SBN | 194744 (suspended) | Client Trust Account for Atty Fees | 2018-2019 | $ 8,700.00 |
| Michael S. Devereux, Esq. | SBN 225240 | Client Trust Account for Atty Fees | 2018-2019 | $ 5,000.00 |
| Steven A. Fink, Esq. | SBN 93762 | Client Trust Account for Atty Fees | 2019-2020 | $ 30,000.00 |
| David R. Flyer, Esq. | SBN 10069 | Client Trust Account for Atty Fees | 2018-2019 | $ 17,000.00 |
| Raquel Flyer-Dashner Esq. | SBN 282248 | Client Trust Account for Atty Fees | 2018 | $ 5,000.00 |
| Frank A. Satalino, Esq. | SBN 143444 | Client Trust Account for Atty Fees | 2018 | $ 5,000.00 |
| | | | TOTAL | $ 113,700.00 |

17. **Within 1 year before you filed for bankruptcy, did you or anyone else acting on your behalf pay or transfer any property to anyone who promised to help you deal with your creditors or to make payments to your creditors?**
Do not include any payment or transfer that you listed on line 16.

■ No
☐ Yes. Fill in the details.

| Person Who Was Paid Address | Description and value of any property transferred | Date payment or transfer was made | Amount of payment |
|---|---|---|---|
| | | | |

18. **Within 2 years before you filed for bankruptcy, did you sell, trade, or otherwise transfer any property to anyone, other than property transferred in the ordinary course of your business or financial affairs?**
Include both outright transfers and transfers made as security (such as the granting of a security interest or mortgage on your property). Do not include gifts and transfers that you have already listed on this statement.

☐ No
■ Yes. Fill in the details.

| Person Who Received Transfer Address Person's relationship to you | Description and value of property transferred | Describe any property or payments received or debts paid in exchange | Date transfer was made |
|---|---|---|---|
| Randall Nickell 4476 Alderport Dr. Unit 53 Huntington Beach, CA 92649 Bona fide purchaser for Value. | Primary residence sold Leasehold on 10/31/2018 4476 Alderport Drive #53, Huntington Beach, CA 92649 APN 937-63-053 | $379,000 | 10/31/2018 |

19. **Within 10 years before you filed for bankruptcy, did you transfer any property to a self-settled trust or similar device of which you are a beneficiary?** (These are often called asset-protection devices.)

■ No
☐ Yes. Fill in the details.

| Name of trust | Description and value of the property transferred | Date Transfer was made |
|---|---|---|
| | | |

**Part 8:    List of Certain Financial Accounts, Instruments, Safe Deposit Boxes, and Storage Units**

20. **Within 1 year before you filed for bankruptcy, were any financial accounts or instruments held in your name, or for your benefit, closed, sold, moved, or transferred?**
Include checking, savings, money market, or other financial accounts; certificates of deposit; shares in banks, credit unions, brokerage houses, pension funds, cooperatives, associations, and other financial institutions.

■ No
☐ Yes. Fill in the details.

| Name of Financial Institution and Address (Number, Street, City, State and ZIP Code) | Last 4 digits of account number | Type of account or instrument | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|
| | | | | |

EXHIBIT E, PAGE 93

Debtor 1    Jamie Lynn Gallian _____    Case number (if known) _____

21. **Do you now have, or did you have within 1 year before you filed for bankruptcy, any safe deposit box or other depository for securities, cash, or other valuables?**

■ No
☐ Yes. Fill in the details.

| Name of Financial Institution Address (Number, Street, City, State and ZIP Code) | Who else had access to it? Address (Number, Street, City, State and ZIP Code) | Describe the contents | Do you still have it? |
|---|---|---|---|

22. **Have you stored property in a storage unit or place other than your home within 1 year before you filed for bankruptcy?**

■ No
☐ Yes. Fill in the details.

| Name of Storage Facility Address (Number, Street, City, State and ZIP Code) | Who else has or had access to it? Address (Number, Street, City, State and ZIP Code) | Describe the contents | Do you still have it? |
|---|---|---|---|

### Part 9:    Identify Property You Hold or Control for Someone Else

23. **Do you hold or control any property that someone else owns? Include any property you borrowed from, are storing for, or hold in trust for someone.**

■ No
☐ Yes. Fill in the details.

| Owner's Name Address (Number, Street, City, State and ZIP Code) | Where is the property? (Number, Street, City, State and ZIP Code) | Describe the property | Value |
|---|---|---|---|

### Part 10:    Give Details About Environmental Information

For the purpose of Part 10, the following definitions apply:

■ *Environmental law* means any federal, state, or local statute or regulation concerning pollution, contamination, releases of hazardous or toxic substances, wastes, or material into the air, land, soil, surface water, groundwater, or other medium, including statutes or regulations controlling the cleanup of these substances, wastes, or material.

■ *Site* means any location, facility, or property as defined under any environmental law, whether you now own, operate, or utilize it or used to own, operate, or utilize it, including disposal sites.

■ *Hazardous material* means anything an environmental law defines as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, contaminant, or similar term.

Report all notices, releases, and proceedings that you know about, regardless of when they occurred.

24. **Has any governmental unit notified you that you may be liable or potentially liable under or in violation of an environmental law?**

■ No
☐ Yes. Fill in the details.

| Name of site Address (Number, Street, City, State and ZIP Code) | Governmental unit Address (Number, Street, City, State and ZIP Code) | Environmental law, if you know it | Date of notice |
|---|---|---|---|

25. **Have you notified any governmental unit of any release of hazardous material?**

■ No
☐ Yes. Fill in the details.

| Name of site Address (Number, Street, City, State and ZIP Code) | Governmental unit Address (Number, Street, City, State and ZIP Code) | Environmental law, if you know it | Date of notice |
|---|---|---|---|

EXHIBIT E, PAGE 94

Debtor 1   Jamie Lynn Gallian                                                       Case number (if known)

26. **Have you been a party in any judicial or administrative proceeding under any environmental law? Include settlements and orders.**

- ■ No
- ☐ Yes. Fill in the details.

| Case Title<br>Case Number | Court or agency<br>Name<br>Address (Number, Street, City, State and ZIP Code) | Nature of the case | Status of the case |
|---|---|---|---|

---

**Part 11:   Give Details About Your Business or Connections to Any Business**

27. **Within 4 years before you filed for bankruptcy, did you own a business or have any of the following connections to any business?**

- ☐ A sole proprietor or self-employed in a trade, profession, or other activity, either full-time or part-time
- ■ A member of a limited liability company (LLC) or limited liability partnership (LLP)
- ☐ A partner in a partnership
- ☐ An officer, director, or managing executive of a corporation
- ☐ An owner of at least 5% of the voting or equity securities of a corporation

- ☐ No. None of the above applies. Go to Part 12.
- ■ Yes. Check all that apply above and fill in the details below for each business.

| Business Name<br>Address<br>(Number, Street, City, State and ZIP Code) | Describe the nature of the business<br><br>Name of accountant or bookkeeper | Employer identification number<br>Do not include Social Security number or ITIN.<br><br>Dates business existed |
|---|---|---|
| J-Sandcastle Co., LLC<br>16222 Monterey Lane #376<br>Huntington Beach, CA 92649 | Residential Management | EIN: 83-2453659<br><br>From-To  10/19/2018 - Present |
| J-Pad, LLC<br>16222 Monterey Lane #376<br>Huntington Beach, CA 92649 | Residential Management | EIN:<br><br>From-To  02/09/2018 - Present |

28. **Within 2 years before you filed for bankruptcy, did you give a financial statement to anyone about your business? Include all financial institutions, creditors, or other parties.**

- ■ No
- ☐ Yes. Fill in the details below.

| Name<br>Address<br>(Number, Street, City, State and ZIP Code) | Date Issued |
|---|---|

---

**Part 12:   Sign Below**

I have read the answers on this *Statement of Financial Affairs* and any attachments, and I declare under penalty of perjury that the answers are true and correct. I understand that making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both.
18 U.S.C. §§ 152, 1341, 1519, and 3571.

Jamie Lynn Gallian
Signature of Debtor 1                                    Signature of Debtor 2

Date   7/9/20 21                                         Date

Did you attach additional pages to *Your Statement of Financial Affairs for Individuals Filing for Bankruptcy* (Official Form 107)?
- ■ No
- ☐ Yes

Did you pay or agree to pay someone who is not an attorney to help you fill out bankruptcy forms?
- ■ No

Official Form 107                 Statement of Financial Affairs for Individuals Filing for Bankruptcy                    page 7

EXHIBIT E, PAGE 95

Debtor 1    **Jamie Lynn Gallian**                                      Case number *(if known)*

☐ Yes. Name of Person _____. Attach the *Bankruptcy Petition Preparer's Notice, Declaration, and Signature* (Official Form 119).

EXHIBIT E, PAGE 96

Fill in this information to identify your case:

| Debtor 1 | Jamie Lynn Gallian | | |
| --- | --- | --- | --- |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse if, filing) | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for the: | CENTRAL DISTRICT OF CALIFORNIA | | |
| Case number (if known) | | | |

☐ Check if this is an amended filing

## Official Form 108
# Statement of Intention for Individuals Filing Under Chapter 7          12/15

If you are an individual filing under chapter 7, you must fill out this form if:
■ creditors have claims secured by your property, or
■ you have leased personal property and the lease has not expired.
You must file this form with the court within 30 days after you file your bankruptcy petition or by the date set for the meeting of creditors, whichever is earlier, unless the court extends the time for cause. You must also send copies to the creditors and lessors you list on the form

If two married people are filing together in a joint case, both are equally responsible for supplying correct information. Both debtors must sign and date the form.

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known).

### Part 1:   List Your Creditors Who Have Secured Claims

1. For any creditors that you listed in Part 1 of Schedule D: Creditors Who Have Claims Secured by Property (Official Form 106D), fill in the information below.

| Identify the creditor and the property that is collateral | What do you intend to do with the property that secures a debt? | Did you claim the property as exempt on Schedule C? |
| --- | --- | --- |
| Creditor's name: **Houser Bros. Co. dba Rancho Del Rey Mobile-home Estates** | | |
| **Space #376, Unexpired Ground leasehold until 2059, located on APN 178-011-16; Parcel Map Book 108, Pg. 47 & 48, County of Orange** | ☐ Surrender the property.<br>☐ Retain the property and redeem it.<br>☒ Retain the property and enter into a Reaffirmation Agreement. | ☐ No<br><br>■ Yes |
| Description of property securing debt: **16222 Monterey Ln. Space #376 Huntington Beach, CA 92649 Orange County. APN 891-569-62 Decal No. LBM1081  Title held by Debtor's single member LLC J-Sandcastle Co, LLC** | ■ Retain the property and [explain]:<br><br>**Debtor will retain collateral & continue to make Monthly Ground Space Payments #376, located on APN 178-011-16** | |
| Creditor's name: **J-Pad, LLC** | ☐ Surrender the property.<br>☐ Retain the property and redeem it.<br>☐ Retain the property and enter into a Reaffirmation Agreement. | ☐ No<br><br>■ Yes |
| Description of property securing debt: **16222 Monterey Ln. Space #376 Huntington Beach, CA 92649 Orange County. APN-891-569-62, Decal No. LBM1081  Title held by Debtor's single member LLC J-Sandcastle Co, LLC** | ■ Retain the property and [explain]:<br><br>**Debtor will retain collateral & continue to make regular principal payments.** | |

Official Form 108                Statement of Intention for Individuals Filing Under Chapter 7                page 1

EXHIBIT E, PAGE 97

Debtor 1    Jamie Lynn Gallian                                                     Case number (if known)

| | | | |
|---|---|---|---|
| Creditor's name: | **Kia Motors Finance** | ☐ Retain the property and redeem it. | No |
| Description of property securing debt: | **2020 Kia Sportage Location: 16222 Monterey Ln #376, Huntington Beach CA 92649 (LEASE)** | ■ Retain the property and enter into a *Reaffirmation Agreement.* ☐ Retain the property and [explain]: | ■ Yes |

| | | | |
|---|---|---|---|
| Creditor's name: | **Orange County Tax Assessor** | ☐ Surrender the property. ☐ Retain the property and redeem it. ☐ Retain the property and enter into a *Reaffirmation Agreement.* ■ Retain the property and [explain]: | ☐ No |
| Description of property securing debt: | **16222 Monterey Ln #376 Huntington Beach, CA 92649 Orange County. APN 891-569-62 Decal No. LBM1081  Title held by Debtor's single member LLC J-Sandcastle Co, LLC** | **Debtor will retain collateral & continue to make regular payments.** | ■ Yes |

| | | | |
|---|---|---|---|
| Creditor's name: | **The Huntington Beach Gables Homeowners Association** | ☐ Surrender the property. ☐ Retain the property and redeem it. ☐ Retain the property and enter into a *Reaffirmation Agreement.* ■ Retain the property and [explain]: | ☐ No |
| Description of property securing debt: | **16222 Monterey Ln #376 Huntington Beach, CA 92649 Orange County. APN 891-569-62 Decal No. LBM1081  Title held by Debtor's single member LLC J-Sandcastle Co, LLC** | **avoid lien using 11 U.S.C. § 522(f)** | ■ Yes |

| | | | |
|---|---|---|---|
| Creditor's name: | **The Huntington Beach Gables Homeowners Association** | ☐ Surrender the property. ☐ Retain the property and redeem it. ☐ Retain the property and enter into a *Reaffirmation Agreement.* ■ Retain the property and [explain]: | ☐ No |
| Description of property securing debt: | **16222 Monterey Ln #376 Huntington Beach, CA 92649 Orange County. APN 891-569-62 Decal No. LBM1081  Title held by Debtor's single member LLC J-Sandcastle Co, LLC** | **avoid lien using 11 U.S.C. § 522(f)** | ■ Yes |

| | | | |
|---|---|---|---|
| Creditor's name: | **The Huntington Beach Gables Homeowners Association** | ☐ Surrender the property. ☐ Retain the property and redeem it. ☐ Retain the property and enter into a *Reaffirmation Agreement.* ■ Retain the property and [explain]: | ☐ No |
| Description of property securing debt: | **16222 Monterey Ln #376 Huntington Beach, CA 92649 Orange County. APN 891-569-62 Decal No. LBM1081  Title held by Debtor's single member LLC J-Sandcastle Co, LLC** | **avoid lien using 11 U.S.C. § 522(f)** | ■ Yes |

**Part 2:    List Your Unexpired Personal Property Leases**

For any unexpired personal property lease that you listed in Schedule G: Executory Contracts and Unexpired Leases (Official Form 106G), fill in the information below. Do not list real estate leases. Unexpired leases are leases that are still in effect; the lease period has not yet ended. You may assume an unexpired personal property lease if the trustee does not assume it. 11 U.S.C. § 365(p)(2).

**Describe your unexpired personal property leases**                                 **Will the lease be assumed?**

Official Form 108                       Statement of Intention for Individuals Filing Under Chapter 7                       page 2

Software Copyright (c) 1996-2021 Best Case, LLC - www.bestcase.com                                          Best Case Bankruptcy

EXHIBIT E, PAGE 98

Debtor 1    Jamie Lynn Gallian                                                    Case number (if known)

| Lessor's name:<br>Description of leased<br>Property: | Houser Bros Co, dba Rancho Del Rey Mobile Home Estates<br>Ground Leasehold until 2059, Space #376, located upon APN 178-011-01<br>2014 Skyline Villa - Manufactured Home Installed on Space 376<br>July 2, 2014, LBM1081 | ☐ No<br>☒ Yes |
|---|---|---|
| Lessor's name:<br>Description of leased<br>Property: | BS Investor, LP<br>Ground Leasehold until 2059, Space #376, located upon APN 178-011-01<br>2014 Skyline Villa - Manufactured Home installed on Space 376,<br>July 2, 2014, LBM1081 | ☐ No<br>☒ Yes |
| Lessor's name:<br>Description of leased<br>Property: | Kia Motors Finance<br>2020 Kia Sportage | ☐ No<br>☒ Yes |
| Lessor's name:<br>Description of leased<br>Property: | | ☐ No<br>☐ Yes |
| Lessor's name:<br>Description of leased<br>Property: | | ☐ No<br>☐ Yes |
| Lessor's name:<br>Description of leased<br>Property: | | ☐ No<br>☐ Yes |
| Lessor's name:<br>Description of leased<br>Property: | | ☐ No<br>☐ Yes |

**Part 3    Sign Below**

Under penalty of perjury, I declare that I have indicated my intention about any property of my estate that secures a debt and any personal property that is subject to an unexpired lease.

X _____    X _____
Jamie Lynn Gallian                          Signature of Debtor 2
Signature of Debtor 1

Date _____7/9/2021_____    Date _____

Software Copyright (c) 1996-2021 Best Case, LLC - www.bestcase.com    Best Case Bankruptcy

EXHIBIT E, PAGE 99

| Fill in this information to identify your case: | Check one box only as directed in this form and in Form 122A-1Supp. |
|---|---|
| **Debtor 1**  Jamie Lynn Gallian |  |
| **Debtor 2**  (Spouse, if filing) | ■ 1. There is no presumption of abuse |
| United States Bankruptcy Court for the:  Central District of California | ☐ 2. The calculation to determine if a presumption of abuse applies will be made under *Chapter 7 Means Test Calculation* (Official Form 122A-2). |
| **Case number**  (if known) | ☐ 3. The Means Test does not apply now because of qualified military service but it could apply later. |
|  | ☐ Check if this is an amended filing |

## Official Form 122A - 1

## Chapter 7 Statement of Your Current Monthly Income                    04/20

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for being accurate. If more space is needed, attach a separate sheet to this form. Include the line number to which the additional information applies. On the top of any additional pages, write your name and case number (if known). If you believe that you are exempted from a presumption of abuse because you do not have primarily consumer debts or because of qualifying military service, complete and file *Statement of Exemption from Presumption of Abuse Under § 707(b)(2)* (Official Form 122A-1Supp) with this form.

### Part 1:    Calculate Your Current Monthly Income

1. **What is your marital and filing status?** Check one only.

   ■ **Not married.** Fill out Column A, lines 2-11.

   ☐ **Married and your spouse is filing with you.** Fill out both Columns A and B, lines 2-11.

   ☐ **Married and your spouse is NOT filing with you.** You and your spouse are:

   ☐ **Living in the same household and are not legally separated.** Fill out Column A, lines 2-11.

   ☐ **Living separately or are legally separated.** Fill out Column A, lines 2-11; do not fill out Column B. By checking this box, you declare under penalty of perjury that you and your spouse are legally separated under nonbankruptcy law that applies or that you and your spouse are living apart for reasons that do not include evading the Means Test requirements. 11 U.S.C § 707(b)(7)(B).

Fill in the average monthly income that you received from all sources, derived during the 6 full months before you file this bankruptcy case. 11 U.S.C. § 101(10A). For example, if you are filing on September 15, the 6-month period would be March 1 through August 31. If the amount of your monthly income varied during the 6 months, add the income for all 6 months and divide the total by 6. Fill in the result. Do not include any income amount more than once. For example, if both spouses own the same rental property, put the income from that property in one column only. If you have nothing to report for any line, write $0 in the space.

|  |  | Column A  Debtor 1 | Column B  Debtor 2 or  non-filing spouse |
|---|---|---|---|
| 2. | **Your gross wages, salary, tips, bonuses, overtime, and commissions** (before all payroll deductions). | $    0.00 | $ |
| 3. | **Alimony and maintenance payments.** Do not include payments from a spouse if Column B is filled in. | $    0.00 | $ |
| 4. | **All amounts from any source which are regularly paid for household expenses of you or your dependents, including child support.** Include regular contributions from an unmarried partner, members of your household, your dependents, parents, and roommates. Include regular contributions from a spouse only if Column B is not filled in. Do not include payments you listed on line 3. | $    0.00 | $ |

5. **Net income from operating a business, profession, or farm**

|  | Debtor 1 |  |  |  |
|---|---|---|---|---|
| Gross receipts (before all deductions) | $    0.00 |  |  |  |
| Ordinary and necessary operating expenses | -$    0.00 |  |  |  |
| Net monthly income from a business, profession, or farm $    0.00  Copy here -> | $    0.00 | $ |  |  |

6. **Net income from rental and other real property**

|  | Debtor 1 |  |  |  |
|---|---|---|---|---|
| Gross receipts (before all deductions) | $    1,000.00 |  |  |  |
| Ordinary and necessary operating expenses | -$    0.00 |  |  |  |
| Net monthly income from rental or other real property | $    1,000.00  Copy here -> | $    1,000.00 | $ |  |

| 7. | **Interest, dividends, and royalties** | $    0.00 | $ |
|---|---|---|---|

EXHIBIT E, PAGE 100

Debtor 1   **Jamie Lynn Gallian**                                    Case number (if known)

|  | | Column A<br>Debtor 1 | Column B<br>Debtor 2 or<br>non-filing spouse |
|---|---|---|---|

8. **Unemployment compensation** — $ 0.00   $ _____

Do not enter the amount if you contend that the amount received was a benefit under
the Social Security Act. Instead, list it here:

For you _____ $ _____
For your spouse _____ $ 0.00

9. **Pension or retirement income.** Do not include any amount received that was a
benefit under the Social Security Act. Also, except as stated in the next sentence, do
not include any compensation, pension, pay, annuity, or allowance paid by the
United States Government in connection with a disability, combat-related injury or
disability, or death of a member of the uniformed services. If you received any retired
pay paid under chapter 61 of title 10, then include that pay only to the extent that it
does not exceed the amount of retired pay to which you would otherwise be entitled
if retired under any provision of title 10 other than chapter 61 of that title.   $ 0.00   $ _____

10. **Income from all other sources not listed above.** Specify the source and amount.
Do not include any benefits received under the Social Security Act; payments made
under the Federal law relating to the national emergency declared by the President
under the National Emergencies Act (50 U.S.C. 1601 et seq.) with respect to the
coronavirus disease 2019 (COVID-19); payments received as a victim of a war
crime, a crime against humanity, or international or domestic terrorism; or
compensation  pension, pay, annuity, or allowance paid by the United States
Government in connection with a disability, combat-related injury or disability, or
death of a member of the uniformed services. If necessary, list other sources on a
separate page and put the total below..

_____ $ 0.00   $ _____
_____ $ 0.00   $ _____
Total amounts from separate pages, if any. + $ 0.00   $ _____

11. **Calculate your total current monthly income.** Add lines 2 through 10 for
each column. Then add the total for Column A to the total for Column B.   $ 1,000.00   + $ _____  = $ 1,000.00

Total current monthly Income

**Part 2:   Determine Whether the Means Test Applies to You**

12. **Calculate your current monthly income for the year.** Follow these steps:

12a. Copy your total current monthly income from line 11 _____   Copy line 11 here=>   $ 1,000.00

Multiply by 12 (the number of months in a year)   x 12

12b. The result is your annual income for this part of the form   12b. $ 12,000.00

13. **Calculate the median family income that applies to you.** Follow these steps:

Fill in the state in which you live.   **CA**

Fill in the number of people in your household.   **1**

Fill in the median family income for your state and size of household.   13. $ 62,938.00
To find a list of applicable median income amounts, go online using the link specified in the separate instructions
for this form. This list may also be available at the bankruptcy clerk's office.

14. **How do the lines compare?**

14a. ☐ Line 12b is less than or equal to line 13. On the top of page 1, check box 1, *There is no presumption of abuse.*
Go to Part 3. Do NOT fill out or file Official Form 122A-2.

14b. ☐ Line 12b is more than line 13. On the top of page 1, check box 2, *The presumption of abuse is determined by Form 122A-2.*
Go to Part 3 and fill out Form 122A–2.

**Part 3:   Sign Below**

By signing here, I declare under penalty of perjury that the information on this statement and in any attachments is true and correct.

X _~~signature~~_  7/9/2021

Jamie Lynn Gallian

Official Form 122A-1          Chapter 7 Statement of Your Current Monthly Income          page 2
Software Copyright (c) 1996-2021 Best Case, LLC - www.bestcase.com          Best Case Bankruptcy

EXHIBIT E, PAGE 101

Debtor 1    **Jamie Lynn Gallian**                                            Case number (if known)

_____
Signature of Debtor 1

Date _____
MM / DD / YYYY

If you checked line 14a, do NOT fill out or file Form 122A-2.

If you checked line 14b, fill out Form 122A-2 and file it with this form.

EXHIBIT E, PAGE 102

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| **Jamie Lynn Gallian**<br>**16222 Monterey Ln. #376**<br>**Huntington Beach, CA 92649**<br>**714-321-3449**<br>**jamiegallian@gmail.com** | |

☒  *Debtor(s) appearing without an attorney*

☐  *Attorney for Debtor*

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA

| In re:<br><br>    Jamie Lynn Gallian<br><br><br><br>                                  Debtor(s). | CASE NO.:<br>CHAPTER: **7**<br><br><br>**VERIFICATION OF MASTER<br>MAILING LIST OF CREDITORS**<br><br>**[LBR 1007-1(a)]** |
|---|---|

Pursuant to LBR 1007-1(a), the Debtor, or the Debtor's attorney if applicable, certifies under penalty of perjury that the master mailing list of creditors filed in this bankruptcy case, consisting of __**4**__ sheet(s) is complete, correct, and consistent with the Debtor's schedules and I/we assume all responsibility for errors and omissions.

Date: _____7/9/2021_____        _____
                                        Signature of Debtor 1

Date: _____        _____
                                        Signature of Debtor 2 (joint debtor) ) (if applicable)

Date: _____        _____
                                        Signature of Attorney for Debtor (if applicable)

---

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2015*                                **F 1007-1.MAILING.LIST.VERIFICATION**

Jamie Lynn Gallian
16222 Monterey Ln #376
Huntington Beach, CA 92649


David R. Flyer
4120 Birch St. Ste. 101,
Newport Beach, CA 92660


Feldsott & Lee
23161 Mill Creek Drive Ste 300
Laguna Hills, CA 92653


Frank Satalino
19 Velarde Ct.
Rancho Santa Margarita, CA
92688


Gordon Rees Scully & Mansukhani
5 Park Plaza Ste. 1100
Irvine, CA 92614


Gordon Rees Scully & Mansukhani
633 W 5th Street, 52nd Floor
Los Angeles, CA 90071


Houser Bros. Co.
DBA Rancho Del Rey Estates
16222 Monterey Ln
Huntington Beach, CA 92649


Houser Bros. Co.dba Rancho Del
Rey Mobile Home Estates
17610 Beach Blvd Ste. 32
Huntington Beach, CA 92647


Huntington Harbor Village
16400 Saybrook
Huntington Beach, CA 92649


Internal Revenue Service
PO Box 7346
Philadelphia, PA 19101-7346

EXHIBIT E, PAGE 104

J-Pad, LLC
2702 N Gaff Street
Orange, CA 92865


James H Cosello
Casello & Lincoln,
525 N Cabrillo Park Dr. Ste 104
Santa Ana, CA 92701

Janine Jasso
c/o Gordon Rees Scully &
Mansukhani
633 W 5th Street, 52nd Floor
Los Angeles, CA 90071

Janine Jasso
P.O. Box 370161
El Paso, TX 79937


Jennifer Ann Paulin
c/o Gordon Rees Scully &
Mansukhani
633 W 5th Street, 52nd Floor
Los Angeles, CA 90071


Kia Motors Finance
PO Box 20815
Fountain Valley, CA 92728


Lee S. Gragnano
c/o Gordon Rees Scully &
Mansukhani
633 W 5th Street, 52nd Floor
Los Angeles, CA 90071


Linda Jean "Lindy" Beck
c/o Gordon Rees Scully &
Mansukhani
633 W 5th Street, 52nd Floor
Los Angeles, CA 90071


Lisa T. Ryan
20949 Lassen St. Apt 208
Chattsworth, CA 91311

2

EXHIBIT E, PAGE 105

Lori Ann Burrett
c/o Gordon Rees Scully &
Mansukhani
633 W 5th Street, 52nd Floor
Los Angeles, CA 90071


Mark A.Mellor Mellor Law Firm
c/o Randall Nickell
6800 Indiana Ave.
Riverside, CA 92506-4267


Michael Chulak-(Unknown)
MChulak@MTCLaw.com


Michael S. Devereux
Wex Law
9171 Wilshire Blvd. Ste. 500
Beverly Hills, CA 90210-5536


Nationwide Reconveyance, LLC
c/o Feldsott & Lee
23161 Mill Creek Drive Ste 300
Laguna Hills, CA 92653


Orange County Tax Assessor
P.O. Box 149
Santa Ana, CA 92701


Patricia Ryan
20949 Lassen St. Apt 208
Chattsworth, CA 91311


Raquel Flyer-Dashner
4120 Birch St. Ste. 101,
Newport Beach, CA 92660


People of the St of CA
8141 13th Street
Westminster, CA 92683


Randall Nickel
11619 Inwood Drive,
Riverside, CA 92503

3

EXHIBIT E, PAGE 106

Superior Default Services Inc
c/o Feldsott & Lee
23161 Mill Creek Drive Ste 300
Laguna Hills, CA 92653

Stanley Feldsott, Esq
Feldsott & Lee
23161 Mill Creek Drive
Laguna Hills, CA 92653

Steven A. Fink
13 Corporate Plaza Ste. 150
Newport Beach, CA 92660

The Huntington Beach Gables
Homeowners Association
c/o Epsten Grinnell & Howell,
APC 10200 Willow Creek Road,
Ste 100
San Diego, CA 92131

The Huntington Beach Gables
Homeowners Association
c/o Epsten Grinnell & Howell APC
10200 Willow Creek Road, Ste 100
San Diego, CA 92131

Theodore R "Ted" Phillips
c/o Gordon Rees Scully &
Mansukhani
633 W 5th Street, 52nd Floor
Los Angeles, CA 90071

United Airlines
P.O. Box 0675
Carol Stream, IL 60132-0675

US Bank NA
PO Box 64799
Saint Paul, MN 55164

Vivienne J Alston
Alston, Alston & Diebold
27201 Puerta Real Ste 300
Mission Viejo, CA 92691

4

EXHIBIT E, PAGE 107

**EXHIBIT F**

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| D. EDWARD HAYS, #162507<br>ehays@marshackhays.com<br>LAILA MASUD, #311731<br>lmasud@marshackhays.com<br>BRADFORD N. BARNHARDT, #328705<br>bbarnhardt@marshackhays.com<br>MARSHACK HAYS LLP<br>870 Roosevelt<br>Irvine, CA 92620<br>Telephone: (949) 333-7777<br>Facsimile: (949) 333-7778<br><br>☐ *Individual appearing without attorney*<br>☒ *Attorney for:* Houser Bros. Co. | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA -  SANTA ANA DIVISION**

| In re:<br><br>JAMIE LYNN GALLIAN | CASE NO.: 8:21-bk-11710-SC<br><br>CHAPTER: 7 |
|---|---|
| | **NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY OR FOR ORDER CONFIRMING THAT THE AUTOMATIC STAY DOES NOT APPLY UNDER 11 U.S.C. § 362(l)**<br>**(with supporting declarations)**<br>**(UNLAWFUL DETAINER)** |
| Debtor(s). | DATE: 01/18/2023<br>TIME: 10:00 am<br>COURTROOM: 5C |
| **Movant**: Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates | |

1. **Hearing Location**:

   ☐ 255 East Temple Street, Los Angeles, CA 90012          ☒ 411 West Fourth Street, Santa Ana, CA 92701
   ☐ 21041 Burbank Boulevard, Woodland Hills, CA 91367     ☐ 1415 State Street, Santa Barbara, CA 93101
   ☐ 3420 Twelfth Street, Riverside, CA 92501

2. Notice is given to the Debtor and trustee (*if any*)(Responding Parties), their attorneys (*if any*), and other interested parties that on the date and time and in the courtroom stated above, Movant will request that this court enter an order granting relief from the automatic stay as to Debtor and Debtor's bankruptcy estate on the grounds set forth in the attached Motion.

3. To file a response to the motion, you may obtain an approved court form at www.cacb.uscourts.gov/forms for use in preparing your response (optional LBR form F 4001-1.RFS.RESPONSE), or you may prepare your response using the format required by LBR 9004-1 and the Court Manual.

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

4. When serving a response to the motion, serve a copy of it upon the Movant's attorney (or upon Movant, if the motion was filed by an unrepresented individual) at the address set forth above.

5. If you fail to timely file and serve a written response to the motion, or fail to appear at the hearing, the court may deem such failure as consent to granting of the motion.

6. ☒ This motion is being heard on REGULAR NOTICE pursuant to LBR 9013-1(d).  If you wish to oppose this motion, you must file and serve a written response to this motion no later than 14 days before the hearing and appear at the hearing.

7. ☐ This motion is being heard on SHORTENED NOTICE pursuant to LBR 9075-1(b).  If you wish to oppose this motion, you must file and serve a response no later than (*date*) _____ and (*time*) _____; and, you may appear at the hearing.

    a. ☐ An application for order setting hearing on shortened notice was not required (according to the calendaring procedures of the assigned judge).

    b. ☐ An application for order setting hearing on shortened notice was filed and was granted by the court and such motion and order have been or are being served upon the Debtor and upon the trustee (if any).

    c. ☐ An application for order setting hearing on shortened notice was filed and remains pending.  After the court rules on that application, you will be served with another notice or an order that specifies the date, time and place of the hearing on the attached motion and the deadline for filing and serving a written opposition to the motion.

Date: 12/28/2022

MARSHACK HAYS LLP
Printed name of law firm (if applicable)

D. EDWARD HAYS
Printed name of individual Movant or attorney for Movant

/s/ D. Edward Hays
Signature of individual Movant or attorney for Movant

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2014*                                    Page 2                          **F 4001-1.RFS.UD.MOTION**

EXHIBIT F, PAGE 109

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY OR FOR ORDER
## CONFIRMING THAT THE AUTOMATIC STAY DOES NOT APPLY
### (Unlawful Detainer)

1. **Movant is the:**

   a. ☒ Owner of the Property
   b. ☐ Authorized Agent of the owner of the Property
   c. ☐ Other (*specify*):

2. **The Property at Issue (Property):**

   Type of Property: ☒ Residential   ☐ Nonresidential

   *Street Address*: 16222 Monterey Lane
   *Unit/Suite Number*: Space 376
   *City, State, Zip Code*: Huntington Beach, CA 92647

3. **Bankruptcy Case History:**

   a. ☒ A voluntary   ☐ An involuntary   petition under chapter   ☒ 7 ☐ 11 ☐ 12 ☐ 13
      was filed on (*date*): 07/09/2021

   b. ☐ An order to convert this case to chapter   ☐ 7 ☐ 11 ☐ 12 ☐ 13
      was entered on (*date*):

   c. ☐ A plan was confirmed on (*date*):

4. **Pursuant to 11.U.S.C. § 362(b)(22) and (23) there is no stay because (*check all that apply*):**

   a. ☐ Movant commenced an eviction, unlawful detainer action or similar proceeding against the Debtor involving residential property in which the Debtor resides and:

      (1) ☐ The Debtor has not filed and served on Movant the certification required under 11 U.S.C. § 362(l)(1).

      (2) ☐ The Debtor or adult dependent of the Debtor has not deposited with the clerk any rent that would become due during the 30-day period after the filing of the petition.

      (3) ☐ The Debtor or adult dependent of the Debtor has not filed and served on Movant the further certification required under 11 U.S.C. § 362(l)(2) that the entire monetary default that gave rise to the judgment has been cured.

      (4) ☐ Movant filed and served an objection to the Debtor's certification. A copy of the objection is attached as Exhibit _____. A hearing on this objection is set for (*date*) _____.

5. **Grounds for Relief from Stay: (*check all that apply*)**

   a. ☒ Pursuant to 11 U.S.C. § 362(d)(1), cause exists because, as of the bankruptcy petition date, the Debtor had no right to continued occupancy of the premises, as follows:

      (1) ☒ Movant caused a notice to quit to be served on the Debtor.

      (2) ☒ An unlawful detainer proceeding was commenced on (*date*) _01/02/2019_.

      (3) ☐ An unlawful detainer judgment was entered on (*date*) _____.

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

(4) ☐ Movant acquired title to the Property by foreclosure sale before the bankruptcy petition was filed and recorded the deed within the period provided by state law for perfection.

(5) ☐ Movant acquired title to the Property by foreclosure sale after the bankruptcy petition was filed and recorded the deed within the period provided by state law for perfection.

b. ☐ Pursuant to 11 U.S.C. § 362(d)(1) the Debtor's right to possession should be terminated because (*check all that apply*):

(1) ☐ The lease or other right of occupancy expired by its terms on (*date*) _____.

(2) ☐ The lease has matured, been rejected or deemed rejected by operation of law on (*date*) _____.

(3) ☐ Lease payments have not been made after the filing of the bankruptcy petition.

(4) ☐ An unlawful detainer action was filed to obtain possession of the Property on grounds of endangerment of the Property or because of illegal use of controlled substances on the Property and Movant filed and served upon the Debtor a certification that ☐ such an action was filed or ☐ that within the 30 days preceding the certification, the Debtor has endangered the subject Property or illegally allowed the use of controlled substances on the Property. A copy of Movant's certification is attached as Exhibit _____. The Debtor ☐ has ☐ has not filed an objection to Movant's certification. A copy of the Debtor's objection, if any, is attached as Exhibit _____. A hearing on this objection is set for (*date*) _____.

(5) ☐ The bankruptcy case was filed in bad faith:

(A) ☐ Movant is the only creditor or one of few creditors listed in the Debtor's case commencement documents.

(B) ☐ Other bankruptcy cases have been filed in which an interest in the Property was asserted.

(C) ☐ The Debtor filed only a few case commencement documents. No schedules or statement of financial affairs (or chapter 13 plan, if appropriate) has been filed.

(D) ☐ There was a recent transfer of all or part ownership of, or other interest in the Property without the consent of the Movant or court approval.

c. ☒ Pursuant to 11 U.S.C. § 362(d)(2)(A), the Debtor has no equity in the Property; and pursuant to 11 U.S.C. § 362(d)(2)(B), the Property is not necessary to an effective reorganization.

6. **Grounds for Annulment of the Stay.** Movant took postpetition actions against the Property or the Debtor:

a. ☐ These actions were taken before Movant knew the bankruptcy petition was filed, and Movant would have been entitled to relief from stay to proceed with these actions.

b. ☐ Movant knew the bankruptcy case had been filed, but Movant previously obtained relief from stay to proceed with these enforcement actions in prior bankruptcy cases affecting the Property as set forth in Exhibit _____.

c. ☐ Other:

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2014*                                    Page 4                                    **F 4001-1.RFS.UD.MOTION**

EXHIBIT F, PAGE 111

7. **Evidence in Support of Motion:** (*Important Note: Declaration(s) in support of the Motion MUST be signed under penalty of perjury and attached to this motion.*)

    a.  The UNLAWFUL DETAINER DECLARATION on page 7.

    b.  ☒ Supplemental declaration(s).

    c.  ☐ Other (*specify*):


**Movant requests the following relief.**

1.  Relief from stay pursuant to:  ☒ 11 U.S.C. § 362(d)(1)    ☒ 11 U.S.C. § 362(d)(2)

2.  ☒ Movant (and any successors or assigns) may proceed under applicable nonbankruptcy law to enforce its remedies to obtain possession of the Property.

3.  ☐ Confirmation that there is no stay in effect.

4.  ☐ The stay is annulled retroactive to the bankruptcy petition date.  Any postpetition acts taken by Movant to enforce its remedies regarding the Property shall not constitute a violation of the stay.

5.  ☐ The co-debtor stay of 11 U.S.C. § 1201(a) or § 1301(a) is terminated, modified or annulled as to the co-debtor, on the same terms and conditions as to the Debtor.

6.  ☒ The 14-day stay prescribed by FRBP 4001(a)(3) is waived.

7.  ☐ A designated law enforcement officer may evict the Debtor and any other occupant from the Property regardless of any future bankruptcy filing concerning the Property for a period of 180 days from the hearing of this motion:
    ☐ without further notice.
    ☐ upon recording of a copy of the order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

8.  ☐ Relief from stay is granted under 11 U.S.C. § 362(d)(4), if the order granting this motion is recorded in compliance with state laws governing notices of interest or liens in real property, the order is binding in any other case under this title purporting to affect the Property filed not later than two years after the date of entry of such order, except that a debtor in a subsequent case under this title may move for relief from the order based upon changed circumstances or for good cause shown, after notice and a hearing.

9.  ☐ The order is binding and effective in any bankruptcy case commenced by or against any debtor who claims any interest in the Property for a period of 180 days from the hearing of this Motion:
    ☐ without further notice.
    ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

10. ☐ The order is binding in any other bankruptcy case purporting to affect the Property filed not later than 2 years after the date of entry of such order, except that a debtor in a subsequent case may move for relief from the order based upon changed circumstances or for good cause shown, after notice and hearing.

11. ☐ The order is binding and effective in any bankruptcy case commenced by or against the Debtor for a period of 180 days, so that no further automatic stay shall arise in that case as to the Property.

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2014*                          Page 5                          **F 4001-1.RFS.UD.MOTION**

EXHIBIT F, PAGE 112

12. ☐ If relief from stay is not granted with respect to the Property because the Property is the subject of a lease that may be assumable;

   a. ☐ Establishment of a deadline for assumption or rejection of the lease.

   b. ☐ Adequate protection in the form of regular payments at the lease rate from petition date until assumption or rejection of the lease.

13. ☒ Other relief requested.

Date: 12/28/2022

                                 MARSHACK HAYS LLP
                                 Print name of law firm (*if applicable*)

                                 D. EDWARD HAYS
                                 Print name of individual Movant or attorney for Movant (*if applicable*)

                                 /s/ D. Edward Hays
                                 Signature of individual Movant or attorney for Movant

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

EXHIBIT F, PAGE 113

# UNLAWFUL DETAINER DECLARATION

I, (*name of declarant*) <u>CHRIS HOUSER</u>, declare as follows:

1. I have personal knowledge of the matters set forth in this declaration and, if called upon to testify, I could and would competently testify thereto.  I am over 18 years of age.  I have knowledge regarding Movant's interest in the Property because (*specify*):

   a. ☐ I am the Movant and owner of the Property.

   b. ☒ I manage the Property as the authorized agent for the Movant.

   c. ☐ I am employed by Movant as (*title and capacity*):

   d. ☐ Other (*specify*):

2. a. ☒ I am one of the custodians of the books, records and files of Movant as to those books, records and files that pertain to the rental of this Property.  I have personally worked on books, records and files, and as to the following facts, I know them to be true of my own knowledge or I have gained knowledge of them from the business records of Movant on behalf of Movant, which were made at or about the time of the events recorded, and which are maintained in the ordinary course of Movant's business at or near the time of the acts, conditions or events to which they relate. Any such document was prepared in the ordinary course of business of Movant by a person who had personal knowledge of the event being recorded and had or has a business duty to record accurately such event.  The business records are available for inspection and copies can be submitted to the court if required.

   b. ☐ Other (see attached):

3. The Property is:

   ☒ Residential   ☐ Nonresidential

   *Street Address*: 16222 Monterey Lane
   *Unit/Suite Number*: Space 376
   *City, State, Zip Code*: Huntington Beach, CA 92647

4. Movant is the  ☒ legal owner of the Property, or  ☐ the owner's legally authorized agent.  A true and correct copy of the trustee's deed upon sale, lease, rental agreement, or other document evidencing Movant's interest in the Property is attached as Exhibit <u>A</u>.  A true and correct copy of the applicable document establishing Movant's authority as agent for the owner is attached as Exhibit _____.

5. The Debtor asserts a possessory interest in the Property based upon:

   (1) ☐ a month-to-month tenancy
   (2) ☐ a lease that is in default
   (3) ☐ after a foreclosure sale that was held on (*date*): _____.
   (4) ☒ other (*specify*): occupation of Property, there is no lease agreement.

6. The Debtor failed to pay:

   a. ☐ The monthly rent of $_____ beginning on (*date*): _____.

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2014*                    Page 7                    **F 4001-1.RFS.UD.MOTION**

EXHIBIT F, PAGE 114

b. ☒ Other obligations including:

    (1) ☐ Common area maintenance charges

    (2) ☐ Property taxes

    (3) ☒ Other obligations (*specify*):
    In the unlawful detainer action, Movant seeks damages for, among other things, lost rental income and actual consumption of utilities during Debtor's occupation of the premises.

7. Procedural status

a. ☐ The lease matured or was rejected on (*date*) _____:

    (1) ☐ by operation of law.

    (2) ☐ by order of the court.

b. ☒ Movant caused a notice to quit to be served upon the Debtor on (*date*) _12/11/2018_ , and a true and correct copy is attached as Exhibit _B_ .

c. ☒ Before the bankruptcy petition was filed:

    (1) ☒ Movant filed a complaint for unlawful detainer against the Debtor on (*date*) _01/02/2019_ , and a true and correct copy is attached as Exhibit _C_ .

    (2) ☐ Trial was held on (*date*) _____.

    (3) ☐ Trial was continued to (*date)* _____.

    (4) ☐ An unlawful detainer judgment against the Debtor was entered on the complaint for unlawful detainer on (*date*) _____, and a true and correct copy is attached as Exhibit _____.

    (5) ☐ A writ of possession for the Property was issued on (*date*) _____, and a true and correct copy is attached as Exhibit _____.

d. After the bankruptcy petition was filed:

    (1) ☐ The Debtor has not filed and served on the Movant the certification required under 11 U.S.C. § 362(l)(1).

    (2) ☐ The Debtor or adult dependent of the Debtor has not deposited with the clerk any rent that would become due during the 30-day period after the filing of the bankruptcy petition.

    (3) ☐ The Debtor or adult dependent of the Debtor has not filed and served on the Movant the further certification required under 11 U.S.C. § 362(l)(2) that the entire monetary default that gave rise to the judgment has been cured.

    (4) ☐ The Debtor filed and served on the Movant the certification required under 11 U.S.C. § 362(d)(1).

        (A) ☐ Movant filed and served an objection a copy of which is attached as Exhibit _____. A hearing on this objection is set for (*date*) _____.

        (B) ☐ Movant has not filed and served an objection.

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2014*                                Page 8                    **F 4001-1.RFS.UD.MOTION**

EXHIBIT F, PAGE 115

(5) ☐ An unlawful detainer action was filed to obtain possession of the Property on grounds of endangerment of the Property or because of illegal use of controlled substances on the Property and Movant has filed a certification that ☐ such action was filed or ☐ that the Debtor has endangered the Property within 30 days preceding the certification or allowed the illegal use of controlled substances on the Property. A copy of Movant's certification is attached hereto as Exhibit _____. The Debtor ☐ has ☐ has not filed an objection to Movant's certification. A copy of the Debtor's objection, if filed, is attached as Exhibit ____. A hearing on this objection is set for: _____.

(6) ☐ Regular lease payments have not been made after the bankruptcy petition was filed.

8. ☐ The Debtor does not have an interest in the Property that could be assumed or assigned under 11 U.S.C. § 365.

9. ☒ The Property is not necessary to an effective reorganization because it is:

   a. ☒ Residential, and is not producing income for the Debtor.

   b. ☐ Commercial, but no reorganization is reasonably in prospect.

   c. ☐ No longer property of the estate.

   d. ☒ Other (specify):
      Debtor filed this case as Chapter 7.

10. ☐ The bankruptcy case was filed in bad faith:

   a. ☐ Movant is the only creditor or one of few creditors listed in the Debtor's case commencement documents.

   b. ☐ Other bankruptcy cases have been filed in which an interest in the Property was asserted.

   c. ☐ The Debtor filed only a few case commencement documents. Schedules and a statement of financial affairs (or chapter 13 plan, if appropriate) have not been filed.

   d. ☐ Other (specify):

11. ☐ The filing of the bankruptcy petition was part of a scheme to delay, hinder or defraud creditors that involved:

   a. ☐ The transfer of all or part ownership of, or other interest in, the Property without the consent of Movant or court approval. See attached continuation page of facts establishing the scheme.

   b. ☐ Multiple bankruptcy cases affecting the Property include:
      (1) Case name: _____
          Chapter: _____   Case number: _____
          Date filed: _____   Date discharged: _____   Date dismissed: _____
          Relief from stay regarding the Property ☐ was ☐ was not granted.

      (2) Case name: _____
          Chapter: _____   Case number: _____
          Date filed: _____   Date discharged: _____   Date dismissed: _____
          Relief from stay regarding the Property ☐ was ☐ was not granted.

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                          Page 9                          F 4001-1.RFS.UD.MOTION

EXHIBIT F, PAGE 116

(3) Case name: _____

    Chapter: _____    Case number: _____

    Date filed: _____    Date discharged: _____    Date dismissed: _____

    Relief from stay regarding the Property ☐ was ☐ was not granted.

☐ See attached continuation page for information about other bankruptcy cases affecting the Property.

☐ See attached continuation page for additional facts establishing that the multiple bankruptcy cases were part of a scheme to delay, hinder, or defraud creditors.

12. ☐ Enforcement actions taken after the bankruptcy petition was filed are specified in the attached supplemental declaration(s).

  a. ☐ These actions were taken before Movant knew the bankruptcy petition was filed, and Movant would have been entitled to relief from stay to proceed with these actions.

  b. ☐ Movant knew the bankruptcy case had been filed, but Movant previously obtained relief from stay to proceed with these enforcement actions in prior bankruptcy cases affecting the Property as set forth in Exhibit _____.

  c. ☐ For other facts justifying annulment, see attached continuation page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 12/28/2022 | CHRIS HOUSER | _signature_ |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                 Page 10                F 4001-1.RFS.UD.MOTION

EXHIBIT F, PAGE 117

**TABLE OF CONTENTS**

UNLAWFUL DETAINER DECLARATION..................................................................................10

MEMORANDUM OF POINTS AND AUTHORITIES ...............................................................11

1.    Summary of Argument .................................................................................................11

2.    Factual Background ......................................................................................................11

    A.    Forcible Entry / Detainer Action...............................................................................11

    B.    Bankruptcy Case .....................................................................................................12

3.    Legal Argument .............................................................................................................12

    A.    Legal Standard for Relief from Stay..........................................................................12

    B.    Cause for Relief Exists under Section 362(d)(1) .......................................................13

        i.    Considerations of Judicial Economy (*Kronemyer* Factor #1 and *Curtis* Factor #s 10-11).................................................................................................15

        ii.    Expertise of the State Court (*Kronemyer* Factor #2) ......................................15

        iii.    Prejudice to the Parties (*Kronemyer* Factor #3 and *Curtis* Factor #12)...........16

        iv.    Whether Exclusively Bankruptcy Issues Are Involved (*Kronemyer* Factor #4)...............................................................................................................16

        v.    Whether the Relief Will Result in a Partial or Complete Resolution of the Issues (*Curtis* Factor #1) ..........................................................................16

        vi.    The Lack of Any Connection with or Interference with the Bankruptcy Case (*Curtis* Factor #2)..................................................................................17

        vii.    Whether a Specialized Tribunal Has Been Established to Hear the Particular Cause of Action and that Tribunal Has the Expertise to Hear Such Cases (*Curtis* Factor #4) .......................................................................17

        viii.    Whether Litigation in Another Forum Would Prejudice the Interests of Other Creditors, the Creditors' Committee and Other Interested Parties (*Curtis* Factor #7)..........................................................................................18

        ix.    Whether the Movant's Success in the Foreign Proceeding Would Result in a Judicial Lien Avoidable by the Debtor under 11 U.S.C. § 522(f) (*Curtis* Factor #9)..............................................................................18

    C.    Section 362(d)(2) Relief Is Warranted.......................................................................18

i

MOTION FOR RELIEF FROM THE AUTOMATIC STAY

4859-3129-3464v.2-1451-007

4.    Conclusion ........................................................................................................ 19

Declaration of Vivienne Alston .................................................................................. 20

**TABLE OF AUTHORITIES**

**Cases**

*Bank of N.Y. Mellon v. Brewer*,

    2012 U.S.Dist.LEXIS 128578, at *13 (N.D. Cal. Sept. 7, 2012) ............................. 15, 17

*Cal. Franchise Tax Bd. v. Kendall (In re Jones)*,

    657 F.3d 921, 927 ..................................................................................... 17

*Citigroup, Inc. v. Pac. Inv. Mgmt. Co.*

    *(In re Enron Corp.)*,

    296 B.R. 505, 509 (C.D. Cal. 2003) ............................................................. 15

*Dangcil v. JPMorgan Chase Bank, N.A. (In re Dangcil)*,

    2017 Bankr.LEXIS 760, at *14-15 (B.A.P. 9th Cir. Mar. 21, 2017) ............................. 14

*First Yorkshire Holdings, Inc. v. Pacifica L 22, LLC (In re First Yorkshire Holdings, Inc.)*,

    470 B.R. 864, 869 (B.A.P. 9th Cir. 2012) ..................................................... 18

*In re Curtis*,

    40 B.R. at 799-800 .............................................................................. 13, 14

*In re James Fall Flowers & Produce, Ltd.*,

    2012 Bankr.LEXIS 934, at *7 (Bankr. N.D. Ohio Mar. 2, 2012) .......................... 12, 13

*In re Kronemyer*,

    405 B.R. at 921 .................................................................................. 13, 14

*In re Polla*,

    2015 Bankr.LEXIS 1941, at *5 ..................................................................... 19

*In re Valdez*,

    338 B.R. 97, 98 (N.D. Cal. 2006) ............................................................... 16

*Kruger v. Reyes*,

    232 Cal.App.4th Supp. 10, 16 (2014) ..................................................... 15, 17, 18

ii

MOTION FOR RELIEF FROM THE AUTOMATIC STAY

4859-3129-3464v.2-1451-007

1  *MBIA Ins. Corp. v. Indymac ABS, Inc.,*

2    2009 U.S.Dist.LEXIS 126567, at *8 (C.D. Cal. Dec. 23, 2009) .................................... 15

3  *Miles v. Wesley,*

4    801 F.3d 1060, 1065 (9th Cir. 2015) ..................................................................... 15, 17

5  *Palacios v. Upside Invs. LP (In re Palacios),*

6    2013 Bankr.LEXIS 3943, at *8 (B.A.P. 9th Cir. Apr. 15, 2013) ........................... 13, 14

7  *Ripon Self Storage, LLC v. Exchange Bank (In re Ripon Self Storage, LLC),*

8    at *15 (B.A.P. 9th Cir. Apr. 1, 2011) ...................................................................... 18

9  *Salisbury v. Caritas Acquisitions V, LLC,*

10    2019 U.S.Dist.LEXIS 212799, at *17 (C.D. Cal. Dec. 10, 2019) ........................... 16

11  *Silva v. Public Storage,*

12    2010 U.S.Dist.LEXIS 130413, at *6 (S.D. Cal. Dec. 9, 2010) ................................ 17

13  *Tran v. Select Portfolio Servicing,*

14    2015 U.S.Dist.LEXIS 51108, at *6 (N.D. Cal. Apr. 16, 2015) ............................... 15

15

16  *U.S. Bank N.A. v. Mustafa (In re Mustafa),*

17    2019 Bankr.LEXIS 3711, at *1 (Bankr. C.D. Cal. Dec. 3, 2019) ........................... 14

18  **Statutes**

19  11 U.S.C. § 362(a)(6) ............................................................................................. 17

20  11 U.S.C. § 362(c), (d) ........................................................................................... 12

21  11 U.S.C. § 362(d)(1) ................................................................................... 11, 13, 14, 19

22  11 U.S.C. § 362(d)(2) ........................................................................................ 11, 18, 19

23  11 U.S.C. § 522(f) ................................................................................................... 18

24  Cal. Civ. Code § 798.55(a) .................................................................................... 16

25  Cal. Civ. Code § 798.75(b), (c) ............................................................................. 16

26  Cal. Code Civ. P. § 1179a ..................................................................................... 17

27  Cal. Code Civ. P. § 798.75 .................................................................................... 15

28

iii
MOTION FOR RELIEF FROM THE AUTOMATIC STAY
4859-3129-3464v.2-1451-007

Cal. Code Civ. P. §§ 798.................................................................................................... 16

**Rules**

Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure ....................................... 19

iv

MOTION FOR RELIEF FROM THE AUTOMATIC STAY

4859-3129-3464v.2-1451-007

1  **MEMORANDUM OF POINTS AND AUTHORITIES**

2  **1.    Summary of Argument**

3         Relief from the automatic stay under 11 U.S.C. § 362(d)(1) may be granted "for cause,"

4  which is assessed on a case-by-case basis. In this case, Houser Bros. seeks relief from stay to

5  continue prosecuting an unlawful detainer action that it filed in January 2019 against Jamie Lynn

6  Gallian ("Debtor"), in which Houser Bros. alleges that Debtor is an unlawful occupant on space

7  within Houser Bros.'s mobilehome park. The unlawful detainer action involves issues of state law

8  and will be expedited for trial in state court. If stay relief is not granted, Houser Bros. will continue

9  to be damaged in the form of lost rental income and utilities paid.

10        Further, stay relief under 11 U.S.C. § 362(d)(2) is appropriate where a debtor has no equity in

11 the property, and the property is not necessary for an effective reorganization. Here, Debtor has no

12 equity in the mobilehome space, and she filed this bankruptcy case under Chapter 7.

13        Relief from stay is warranted, and Houser Bros. requests that the Court grant it such relief.

14 **2.    Factual Background**

15       **A.    Forcible Entry / Detainer Action**

16        On January 2, 2019, Houser Bros. filed a "Complaint for Forcible Entry/Detainer

17 (Mobilehome Park)" ("Complaint") against Debtor and all other occupants and persons in possession

18 without a signed lease agreement. A true and correct copy of the Complaint is attached to the

19 Declaration of Chris Houser ("Houser Declaration") as **Exhibit C**. The filing of the complaint

20 commenced *Houser Bros. Co. v. Gallian*, Orange County Superior Court ("OCSC") Case No. 30-

21 2019-01041423-CL-UD-CJC ("Forcible Entry Action").

22        As set forth in the Complaint, Houser Bros. manages a mobilehome park which includes the

23 site commonly known as 16222 Monterey Lane, Space 376, Huntington Beach, California 92647

24 ("Property"). Debtor applied to be a tenant at the Property but her application was denied due to her

25 poor financial condition, a material falsehood, and her past conduct. *Id.* ¶ 6. Debtor nevertheless

26 unlawfully took possession of the Property without the consent of Houser Bros. Complaint ¶¶ 4-6.

27 Because Debtor has no right of tenancy, she is an "unlawful occupant" within the meaning of

28

MOTION FOR RELIEF FROM THE AUTOMATIC STAY
4859-3129-3464v.2-1451-007

EXHIBIT F, PAGE 122

California Civil Code § 798.75. *Id.* ¶ 7. An unlawful occupant who fails to surrender the site to the mobilehome park management is subject to forcible entry proceedings commencing with CCP § 1159.

The Complaint prays for:

1) Restitution of the Property;

2) Damages at a rate of $36.20/day as a reasonable rental value of the Property from and after the date Debtor unlawfully took possession, and until judgment for so long as Debtor continues to occupy the Property;

3) Damages for actual consumption of utilities during Debtor's occupation of the Property; and

4) Treble damages, attorney's fees, costs of suit, and interest at the legal rate on judgment.

Although the Forcible Entry Action was stayed when Debtor filed bankruptcy, counsel who is prosecuting the Forcible Entry Action on behalf of Houser Bros, believes the trial can commence as early as spring 2023. *See*, Declaration of Vivienne Alston ("Alston Declaration"), ¶11.

## B.    Bankruptcy Case

On July 9, 2021 ("Petition Date"), Debtor filed a voluntary petition under Chapter 7 of Title 11 of the United States Code. Docket No. 1. The filing of the petition commenced *In re Jamie Lynn Gallian*, Case No. 8:21-bk-11710 ("Bankruptcy Case").

In her petition, Debtor gives her residential address as 16222 Monterey Ln. SP #376, Huntington Beach, California 92649 (*i.e.*, the Property). Docket No. 1. Although Debtor has amended her schedules several times, she has never indicated that she lives elsewhere.

## 3.    Legal Argument

### A.    Legal Standard for Relief from Stay

Upon commencement of a bankruptcy case, an automatic stay arises. 11 U.S.C. § 362(a). The stay, however, does not continue in perpetuity and a party in interest may seek relief from stay. 11 U.S.C. § 362(c), (d)); *see also Palacios v. Upside Invs. LP (In re Palacios)*, 2013 Bankr.LEXIS

12

MOTION FOR RELIEF FROM THE AUTOMATIC STAY

EXHIBIT F, PAGE 123

1 | 3943, at *8 (B.A.P. 9th Cir. Apr. 15, 2013) (providing that under § 362(d), a party in interest may

2 | request relief from the automatic stay).

3 |     Section[1] 362(d) sets forth four grounds under which a creditor may obtain stay relief,

4 | including § 362(d)(1) and § 362(d)(2). *In re James Fall Flowers*, 2012 Bankr.LEXIS 934, at *7.

5 |     The party requesting relief from stay has the burden on the issue of a debtor's equity in

6 | property; the opposing party has the burden on all other issues. *In re Palacios*, 2013 Bankr.LEXIS

7 | 3943, at *8 (citing 11 U.S.C. § 362(g)).

8 | **B.    Cause for Relief Exists under Section 362(d)(1)**

9 |     Section 362(d)(1) authorizes relief from stay "for cause." *In re Palacios*, 2013 Bankr.LEXIS

10 | 3943, at *8. It provides:

11 |     On request of a party in interest and after notice and a hearing, the court shall grant

12 |     relief from the stay provided under subsection (a) of this section, such as by

13 |     terminating, annulling, modifying, or conditioning such stay—(1) for cause . . . .

14 | 11 U.S.C. § 362(d)(1). "Cause" has no clear definition and is determined on a case-by-case basis. *In*

15 | *re Palacios*, 2013 Bankr.LEXIS 3943, at *8; *see also Kronemyer v. Am. Contrs. Indem. Co. (In re*

16 | *Kronemyer)*, 405 B.R. 915, 921 (B.A.P. 9th Cir. 2009).

17 |     In *Kronemyer*, the Ninth Circuit Bankruptcy Appellate Panel ("BAP") set forth the following

18 | factors in considering whether relief from the automatic stay should be granted to allow state court

19 | proceedings to continue:

20 |     1)  Considerations of judicial economy;

21 |     2)  The expertise of the state court;

22 |     3)  Prejudice to the parties; and

23 |     4)  Whether exclusively bankruptcy issues are involved (collectively, the "*Kronemyer*

24 |     Factors").

25 | *In re Kronemyer*, 405 B.R. at 921. The BAP further endorsed the factors articulated in *In re Curtis*,

26 | 40 B.R. 795, 799-800 (Bankr. D. Utah 1984) ("*Curtis* Factors"), as "appropriate, nonexclusive,

27 | ───────────────

28 | [1] Unless otherwise indicated all section references are to Title 11 of the United States Code.

MOTION FOR RELIEF FROM THE AUTOMATIC STAY
4859-3129-3464v.2-1451-007

factors to consider in deciding whether to grant relief from the automatic stay to allow pending

litigation to continue in another forum." *Id.* The *Curtis* Factors are as follows:

1) Whether the relief will result in a partial or complete resolution of the issues;
2) The lack of any connection with or interference with the bankruptcy case;
3) Whether the foreign proceeding involves the debtor as a fiduciary;
4) Whether a specialized tribunal has been established to hear the particular cause of action and that tribunal has the expertise to hear such cases;
5) Whether the debtor's insurance carrier has assumed full financial responsibility for defending the litigation;
6) Whether the action essentially involves third parties, and the debtor functions only as a bailee or conduit for the goods or proceeds in question;
7) Whether litigation in another forum would prejudice the interests of other creditors, the creditors' committee and other interested parties;
8) Whether the judgment claim arising from the foreign action is subject to equitable subordination under 11 U.S.C. § 510(c);
9) Whether the movant's success in the foreign proceeding would result in a judicial lien avoidable by the debtor under 11 U.S.C. § 522(f);
10) The interest of judicial economy and the expeditious and economical determination of litigation for the parties;
11) Whether the foreign proceedings have progressed to the point where the parties are prepared for trial; and
12) The impact of the stay on the parties and the "balance of hurt."

*In re Curtis*, 40 B.R. at 799-800.

Bankruptcy courts in this district routinely grant stay relief for parties to proceed with state-court unlawful detainer proceedings. *See, e.g.*, *U.S. Bank N.A. v. Mustafa (In re Mustafa)*, 2019 Bankr.LEXIS 3711, at *1 (Bankr. C.D. Cal. Dec. 3, 2019) (indicating that the court had granted a motion for relief from stay to proceed with a California Superior Court eviction proceeding).

The party seeking § 362(d)(1) relief must first establish a *prima facie* case that "cause" exists. *Dangcil v. JPMorgan Chase Bank, N.A. (In re Dangcil)*, 2017 Bankr.LEXIS 760, at *14-15 (B.A.P. 9th Cir. Mar. 21, 2017). Once a *prima facie* case has been established, the burden shifts to the debtor to show that relief from stay is unwarranted. *Id.* at *15; *see also In re Palacios*, 2013 Bankr.LEXIS 3943, at *8 (noting that if the movant establishes a *prima facie* case, the burden shifts to the debtor to prove adequate protection).

Here, there is cause for § 362(d)(1) relief based on both the *Kronemyer* Factors and the *Curtis* Factors. As an initial note, to the extent that the two sets of factors overlap, this Motion will

14

MOTION FOR RELIEF FROM THE AUTOMATIC STAY

4859-3129-3464v.2-1451-007

EXHIBIT F, PAGE 125

1  only analyze the factor once. Further, not every *Curtis* Factor applies here, including factor numbers

2  3, 5, 6, and 8.

3       i.      **Considerations of Judicial Economy (*Kronemyer* Factor #1 and *Curtis* Factor**

4               **#s 10-11)**

5          Here, Houser Bros. filed the Forcible Entry Action on January 2, 2019. Houser Decl. Ex. 1.

6  The parties in the Forcible Entry Action are mid-way through discovery. Houser Bros.'s state-court

7  counsel expects that trial could begin as early as spring 2023, *see* Alston Declaration, especially in

8  light of the expedited nature of actions to recover possession of real property. *See* Cal. Code Civ. P.

9  § 1179a (providing that proceedings brought to recover the possession of real property shall have

10  precedence in being set for hearing or trial, and that such actions shall be "quickly heard and

11  determined"); *see also Bank of N.Y. Mellon v. Brewer*, 2012 U.S.Dist.LEXIS 128578, at *13 (N.D.

12  Cal. Sept. 7, 2012) (noting that unlawful detainer actions are meant to pass through the courts in an

13  expedited manner and are given precedence in trial setting).

14       ii.      **Expertise of the State Court (*Kronemyer* Factor #2)**

15          In the Forcible Entry Action, Houser Bros. alleges that Debtor has no right of tenancy and is

16  an unlawful occupant within the meaning of California Civil Code § 798.75. The OCSC will have

17  expertise in this matter of California real property law. *See Tran v. Select Portfolio Servicing*, 2015

18  U.S.Dist.LEXIS 51108, at *6 (N.D. Cal. Apr. 16, 2015) (recognizing the California courts' "unique

19  expertise" in interpreting California law); *MBIA Ins. Corp. v. Indymac ABS, Inc.*, 2009

20  U.S.Dist.LEXIS 126567, at *8 (C.D. Cal. Dec. 23, 2009) (noting that California courts have "more

21  expertise in interpreting California law") (quoting *Citigroup, Inc. v. Pac. Inv. Mgmt. Co. (In re*

22  *Enron Corp.)*, 296 B.R. 505, 509 (C.D. Cal. 2003)). In fact, unlawful detainer actions are "high-

23  volume civil cases" within the California Superior Court. *Miles v. Wesley*, 801 F.3d 1060, 1065 (9th

24  Cir. 2015). And, the California Court of Appeal has described unlawful detainer as a "highly

25  specialized form of litigation." *Kruger v. Reyes*, 232 Cal.App.4th Supp. 10, 16 (2014).

26          Further, the OCSC will have expertise in the Forcible Entry Action itself given that the case

27  has been pending since January 2019 (albeit stayed since the Petition Date).

28

15

MOTION FOR RELIEF FROM THE AUTOMATIC STAY

4859-3129-3464v.2-1451-007

### iii.    Prejudice to the Parties (*Kronemyer* Factor #3 and *Curtis* Factor #12)

Under the California Mobilehome Residency Law, California Civil Code §§ 798 *et seq.* ("MRL"), in the event a transferee fails to execute a rental agreement, the transferee shall not have any rights of tenancy, and if the transferee ignores a notice to surrender the site, she becomes an "unlawful occupant." *Salisbury v. Caritas Acquisitions V, LLC*, 2019 U.S.Dist.LEXIS 212799, at *17 (C.D. Cal. Dec. 10, 2019) (citing Cal. Civ. Code § 798.75(b), (c)). If relief from stay is not granted, Houser. Bros. will be unable to get a determination in the Forcible Entry Action whether Debtor has a right to remain on its Property. Not only will Houser Bros. be out the litigation costs it has expended in the Forcible Entry Action, but it will continue to incur damages every day for lost rental income and utilities as alleged in the Complaint. Houser Bros. requests that it be allowed to seek a determination whether Debtor is, in fact, an "unlawful occupant" with no rights of tenancy.

If stay relief is granted, Debtor will be able to assert any defenses she may have in the Forcible Entry Action. And, in fact, mobilehome parks in California are "highly regulated" under the MRL. *In re Valdez*, 338 B.R. 97, 98 (N.D. Cal. 2006). Under the MRL, many lease terms normally left to the discretion of the contracting parties' intent are prescribed by statute. *Id.* The California Legislature expressly found that because of the high cost of moving mobilehomes, "the owners of mobilehomes occupied within mobilehome parks [must] be provided with the unique protection from actual or constructive eviction afforded by the provisions of this chapter." *Id.* (quoting Cal. Civ. Code § 798.55(a)). Given the "unique protection" of the MRL, Houser Bros. submits Debtor will not be prejudiced in continuing forward with the Forcible Entry Action.

### iv.    Whether Exclusively Bankruptcy Issues Are Involved (*Kronemyer* Factor #4)

As discussed, the Forcible Entry Action involves 100% state law issues regarding Debtor's right to occupy the Property under the California MRL.

### v.    Whether the Relief Will Result in a Partial or Complete Resolution of the Issues (*Curtis* Factor #1)

Stay relief will completely determine whether Debtor is an "unlawful occupant" with no right to remain at the Property. To the extent that the OCSC awards damages for pre-petition losses,

16

1  Houser Bros. will, of course, only seek collection through this Bankruptcy Case. But, to the extent

2  that the OCSC awards any damages for post-petition losses, Houser Bros. requests that it be allowed

3  to collect against property of Debtor. *See Silva v. Public Storage*, 2010 U.S.Dist.LEXIS 130413, at

4  *6 (S.D. Cal. Dec. 9, 2010) (indicating that the automatic stay prohibits a creditor from commencing

5  or continuing an action against the debtor to collect a pre-petition debt, but a creditor is not

6  prohibited from collecting a post-petition debt, although in doing so, the creditor cannot pursue

7  property of the debtor's estate) (citing 11 U.S.C. § 362(a)(6)); *see also Cal. Franchise Tax Bd. v.*

8  *Kendall (In re Jones)*, 657 F.3d 921, 927 (noting that § 362 does not stay collection activities by

9  post-petition creditors against property of the debtor).

10              **vi.     The Lack of Any Connection with or Interference with the Bankruptcy Case**

11                        (***Curtis* Factor #2)**

12              Houser Bros. only seeks to litigate the Forcible Entry Action for a finding that Debtor is an

13  unlawful occupant, and for a determination of damages. *See Kruger v. Reyes*, 232 Cal.App.4th Supp.

14  10, 16 (2014) (indicating that an unlawful detainer action is founded upon unlawful occupation, and

15  the principal relief sought is early possession of the property, with damages and rent incidental

16  thereto recoverable because the statute so provides).

17              **vii.    Whether a Specialized Tribunal Has Been Established to Hear the Particular**

18                        **Cause of Action and that Tribunal Has the Expertise to Hear Such Cases**

19                        (***Curtis* Factor #4)**

20              While California has not exactly established a special tribunal for unlawful detainer cases, as

21  noted above, unlawful detainer actions are "high-volume civil cases" within the California Superior

22  Court, *Miles v. Wesley*, 801 F.3d 1060, 1065 (9th Cir. 2015), and are a "highly specialized form of

23  litigation." *Kruger v. Reyes*, 232 Cal.App.4th Supp. 10, 16 (2014). Further, in California, actions to

24  recover possession of real property are expedited. *See* Cal. Code Civ. P. § 1179a; *Bank of N.Y.*

25  *Mellon v. Brewer*, 2012 U.S.Dist.LEXIS 128578, at *13 (N.D. Cal. Sept. 7, 2012).

26

27

28

MOTION FOR RELIEF FROM THE AUTOMATIC STAY
4859-3129-3464v.2-1451-007

EXHIBIT F, PAGE 128

**viii.   Whether Litigation in Another Forum Would Prejudice the Interests of Other Creditors, the Creditors' Committee and Other Interested Parties (*Curtis* Factor #7)**

Here, the primary purpose of the Forcible Entry Action is to determine Debtor's right to remain on the Property, which is essentially a two-party dispute that should not prejudice any other creditors or interested parties. *See Kruger v. Reyes*, 232 Cal.App.4th Supp. 10, 16 (2014) (noting that the "primary purpose" of an unlawful detainer action is to obtain the possession of real property in the situations specified by statute). To the extent Houser Bros. is awarded damages for pre-petition losses, it will seek collection through the Bankruptcy Case. Houser Bros. only requests to be able to seek collection of damages for post-petition losses against property of Debtor, not the estate.

**ix.   Whether the Movant's Success in the Foreign Proceeding Would Result in a Judicial Lien Avoidable by the Debtor under 11 U.S.C. § 522(f) (*Curtis* Factor #9)**

Again, the primary purpose of the Forcible Entry Action is to determine Debtor's right to remain at the Property. And, Houser Bros. will not seek collection against any property of the estate. Because the only lien that Houser Bros. will seek will be for post-petition damages, there will not be any lien that Debtor could avoid under Section 522(f) (which provision only applies to prepetition liens impairing an exemption to which the debtor would have been entitled).

## C. Section 362(d)(2) Relief Is Warranted

"Section 362(d)(2) requires the bankruptcy court, on request of a party in interest, to grant relief from the automatic stay when debtor has no equity in the property, and the property is not necessary to debtor's effective reorganization." *First Yorkshire Holdings, Inc. v. Pacifica L 22, LLC (In re First Yorkshire Holdings, Inc.)*, 470 B.R. 864, 869 (B.A.P. 9th Cir. 2012). The standards for stay relief under § 362(d)(1) and § 362(d)(2) are "independent and alternative." *Ripon Self Storage, LLC v. Exchange Bank (In re Ripon Self Storage, LLC)*, at *15 (B.A.P. 9th Cir. Apr. 1, 2011).

Here, Houser Bros. operates a mobilehome park on the Property and Debtor does not have any leasehold rights. As such, Debtor has no equity in the land or the right to lease the site. The

residential mobilehome site thus cannot be necessary to an effective reorganization in this Chapter 7 case. *See In re Polla*, 2015 Bankr.LEXIS 1941, at *5 (noting that in a Chapter 7 case, if § 362(d)(2) is appropriately pled, the sole issue is equity).

**4.    Conclusion**

For the reasons stated above, Houser Bros. requests that the Court enter an order:

1)    Granting this Motion;

2)    Finding cause for relief from the automatic stay under 11 U.S.C. § 362(d)(1);

3)    Finding that Debtor has no equity in the Property and that the Property is not necessary to an effective reorganization for relief from the automatic stay under 11 U.S.C. § 362(d)(2);

4)    Lifting the stay for Houser Bros. to proceed to judgment in the Forcible Entry Action;

5)    Authorizing Houser Bros. to seek collection against property of Debtor for any post-petition damages;

6)    Waiving the 14-day stay of Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure; and

7)    Awarding such other relief as the Court deems just and proper.


Dated:  December 28, 2022

                        MARSHACK HAYS LLP

                        By:  */s/ D. Edward Hays*
                             D. EDWARD HAYS
                             LAILA MASUD
                             BRADFORD N. BARNHARDT
                             Attorneys for HOUSER BROS. CO. DBA
                             RANCHO DEL REY MOBILE HOME
                             ESTATES

19
MOTION FOR RELIEF FROM THE AUTOMATIC STAY
4859-3129-3464v.2-1451-007

### Declaration of Vivienne Alston

I, VIVIENNE ALSTON, declare as follows:

1.    I am an individual over 18 years of age and competent to make this Declaration.

2.    If called upon to do so, I could and would competently testify as to the facts set forth in this Declaration.

3.    The facts set forth below are true of my personal knowledge.

4.    I am a licensed attorney duly admitted to practice before all California courts.

5.    I make this Declaration in support of the Motion for Relief from the Automatic Stay ("Motion") filed by Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates ("Houser Bros."). Capitalized terms not defined herein shall have the meaning ascribed to them in the Motion.

6.    I am a partner in Alston, Alston & Diebold.

7.    I practice civil litigation with an emphasis in real estate law, mobile home law, and landlord tenant litigation.

8.    I represent Houser Bros. in the Forcible Entry Action.

9.    On January 2, 2019, I filed, on behalf of Houser Bros., a "Complaint for Forcible Entry/Detainer (Mobilehome Park)" against Debtor.

10.    When Debtor filed her bankruptcy petition, the parties were mid-way through discovery in the Forcible Entry Action.

11.    Although the Forcible Entry Action has been stayed since the Petition Date, I believe, based on my experience in real estate litigation, that if stay relief were granted in January 2023, a trial could be set in spring 2023.

I declare under penalty of perjury that the foregoing is true and correct. Executed on December 28, 2022.

VIVIENNE ALSTON

20

MOTION FOR RELIEF FROM THE AUTOMATIC STAY
4859-3129-3464v.2-1451-007

# EXHIBIT A

Case 8:21-bk-11710-SC    Doc 278    Filed 12/28/22    Entered 12/28/22 18:37:32    Desc
Main Document      Page 26 of 49

EXHIBIT F, PAGE 133

# Property Detail Report

**16222 Monterey Ln, Huntington Beach, CA 92649-6214**
APN: 178-011-16

Reference ID: 1588832515TSP141722
Orange County Data as of: 04/14/2020

## Owner Information

| | | | |
|---|---|---|---|
| Owner Name: | Houser Bros Co | | |
| Vesting: | Corporation | | |
| Mailing Address: | 17610 Beach Blvd #32, Huntington Beach, CA 92647-6876 | Occupancy: | Absentee Owner |

## Location Information

| | | | |
|---|---|---|---|
| Legal Description: | P Bk 108 Pg 47 Par 2 | | County: | Orange, CA |
| APN: | 178-011-16 | Alternate APN: | Census Tract / Block: | 099508 / 4002 |
| Munic / Twnshp: | | Twnshp-Rng-Sec: | Legal Lot / Block: | |
| Subdivision: | | Tract #: | Legal Book / Page: | |
| Neighborhood: | Huntington Beach | School District: | Huntington Beach Union High School District | |
| Elementary School: | Harbour View Eleme... | Middle School: | Marine View Middle... | High School: | Marina High School |
| Latitude: | 33.72674 | Longitude: | -118.05258 | |

## Last Transfer / Conveyance - Current Owner

| | | | |
|---|---|---|---|
| Transfer / Rec Date: | 06/08/1990 / 07/06/1990 | Price: | | Transfer Doc #: | 1990.357100 |
| Buyer Name: | Houser Bros Co | Seller Name: | Houser Bros Co | Deed Type: | Quitclaim |

## Last Market Sale

| | | | |
|---|---|---|---|
| Sale / Rec Date: | | Sale Price / Type: | | Deed Type: | |
| Multi / Split Sale: | | Price / Sq. Ft.: | | New Construction: | |
| 1st Mtg Amt / Type: | | 1st Mtg Rate / Type: | | 1st Mtg Doc #: | N/A |
| 2nd Mtg Amt / Type: | | 2nd Mtg Rate / Type: | | Sale Doc #: | N/A |
| Seller Name: | | | | |
| Lender: | | | Title Company: | |

## Prior Sale Information

| | | | |
|---|---|---|---|
| Sale / Rec Date: | | Sale Price / Type: | | Prior Deed Type: | |
| 1st Mtg Amt / Type: | | 1st Mtg Rate / Type: | | Prior Sale Doc #: | N/A |
| Prior Lender: | | | | |

## Property Characteristics

| | | | |
|---|---|---|---|
| Gross Living Area: | 9,832 Sq. Ft. | Total Rooms: | 0 | Year Built / Eff: | 1965 |
| Living Area: | 9,832 Sq. Ft. | Bedrooms: | | Stories: | 1 |
| Total Adj. Area: | | Baths (F / H): | | Parking Type: | |
| Above Grade: | 9832 | Pool: | | Garage #: | |
| Basement Area: | | Fireplace: | | Garage Area: | |
| Style: | | Cooling: | | Porch Type: | |
| Foundation: | | Heating: | | Patio Type: | |
| Quality: | | Exterior Wall: | | Roof Type: | |
| Condition: | | Construction Type: | | Roof Material: | |

## Site Information

| | | | |
|---|---|---|---|
| Land Use: | Commercial (NEC) | Lot Area: | 2,192,299 Sq. Ft. | Zoning: | |
| State Use: | | Lot Width / Depth: | | # of Buildings: | 1 |
| County Use: | 3 - Commercial | Usable Lot: | | Res / Comm Units: | 379 / 379 |
| Site Influence: | | Acres: | 50.328 | Water / Sewer Type: | |
| Flood Zone Code: | X | Flood Map #: | 06059C0231K | Flood Map Date: | 03/21/2019 |
| Community Name: | City Of Huntington Beach | Flood Panel #: | 0231K | Inside SFHA: | False |

## Tax Information

| | | | |
|---|---|---|---|
| Assessed Year: | 2019 | Assessed Value: | $5,555,950 | Market Total Value: | |
| Tax Year: | 2019 | Land Value: | $3,347,001 | Market Land Value: | |
| Tax Area: | 04-007 | Improvement Value: | $2,208,949 | Market Imprv Value: | |
| Property Tax: | $126,187.98 | Improved %: | 39.76% | Market Imprv %: | |
| Exemption: | | Delinquent Year: | | | |



EXHIBIT A, PAGE 21
EXHIBIT F, PAGE 134

**Disclaimer:** This report: (i) is not an insured product or service or an abstract, legal opinion or a representation of the condition of title to real property, and (ii) is issued exclusively for the benefit of First American Data Tree LLC (Data Tree) customers and may not be used or relied upon by any other person. Estimated property values are: (i) based on available data; (ii) are not guaranteed or warranted; (iii) do not constitute an appraisal; and (iv) should not be relied upon in lieu of an appraisal. Data Tree does not represent or warrant that the information is complete or free from error, and expressly disclaims any liability to any person or entity for loss or damage caused by errors or omissions in the report. If the "verified" logo (✓) is displayed, or a record is designated "verified," Data Tree's algorithm matched fields from two or more data sources to confirm source data.

Boundary and context data provided by Maponics® ©2019. Duplication is strictly prohibited.

EXHIBIT A, PAGE 22

EXHIBIT F, PAGE 135



RECORDING REQUESTED BY

Rutan & Tucker

AND WHEN RECORDED MAIL TO

Rutan & Tucker
611 Anton Boulevard
Suite 1400
Costa Mesa, CA  92626
Attn:  Linda L. Dalton

MAIL TAX STATEMENTS TO

Houser Bros. Co.
17610 Beach Blvd., Ste 32
Huntington Beach, CA 92647

90-357100

$5.00
C12

SURVEY
MON FUND
FEE $20.00

RECORDING REQUESTED BY
CHICAGO TITLE INS. CO.

RECORDED IN OFFICIAL RECORDS
OF ORANGE COUNTY, CALIFORNIA

-II 15 AM    JUL 6 '90

Lee A. Branch RECORDER

SPACE ABOVE THIS LINE FOR RECORDER'S USE

## Partnership Grant Deed

THIS FORM FURNISHED BY TICOR TITLE INSURERS

TO 1925 CA (12-78)  616333-7

A.P.N. 178-011-16

CORRECTION OF NAME ONLY

The undersigned grantor(s) declare(s):
Documentary transfer tax is $ -0- , NO CONSIDERATION .
(  ) computed on full value of property conveyed, or
(  ) computed on full value less value of liens and encumbrances remaining at time of sale.
(  ) Unincorporated area: ( X ) City of  Huntington Beach , and

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,

Houser Bros. Co., a Partnership

a                          partnership organized under the laws of the State of California
hereby GRANTS to

Houser Bros. Co., a California Limited Partnership

the following described real property in the
County of  Orange                          , State of California:

Parcel 2 as per Parcel Map recorded in Book 108,
Pages 47 and 48, in the City of Huntington Beach,
County of Orange, State of California, inclusive,
Official Records of Orange County, California.

Dated: July 5- 1990

STATE OF CALIFORNIA        } SS.
COUNTY OF ORANGE
On July 5, 1990        before me, the under-
signed, a Notary Public in and for said State, personally appeared
Clifford C. Houser,

known to me to be the general        partners of the
partnership that executed the within Instrument, and acknowledged
to me that such partnership executed the same.
WITNESS my hand and official seal.

Signature Linda L. Dalton

Houser Bros. Co., a Partnership

By Clifford C. Houser
Clifford C. Houser, General Partner
By
Partner

OFFICIAL SEAL
LINDA L. DALTON
NOTARY PUBLIC - CALIFORNIA
ORANGE COUNTY
My comm. expires NOV 22, 1993

OFFICIAL SEAL
LINDA L. DALTON
NOTARY PUBLIC - CALIFORNIA
ORANGE COUNTY
My comm. expires NOV 22, 1993

(area for official notarial seal)

Title Order No.                          Escrow or Loan No.

ANNUAL

PERMIT TO OPERATE

December 6, 2021

**State of California**
**DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT**
**DIVISION OF CODES AND STANDARDS**

Park ID No.

30-0198-MP

| Inc or Unc | Mobilehome Lots With Drains | Recreational Vehicle Lots With Drains | Lots Without Drains | Total Lots |
|---|---|---|---|---|
| I | 379 | 0 | 0 | 379 |

**OPERATOR**

HOUSER BROTHERS CO
17610 BEACH BLVD#32
HUNTINGTON BEACH, CA 92647

**PARK NAME & ADDRESS**

RANCHO DEL REY MOBILE ESTATES
16222 MONTEREY L
HUNTINGTON BEACH, CA 92649

**CONDITIONAL USES**

LOCAL FIRE PROTECTION AGENCY - September 30, 2002
CITY OF HUNTINGTON BEACH FIRE DEPARTMENT
2000 MAIN STREET
HUNTINGTON BEACH, CA 92648
(714) 536-5411

Emergency Preparedness Plan - September 27, 2010

Fire Hydrant System Status: Local Enforcement of Fire Code

**THIS PERMIT EXPIRES November 30, 2022**

**THIS PERMIT IS ISSUED IN ACCORDANCE WITH THE PROVISIONS OF THE CALIFORNIA HEALTH AND SAFETY CODE AND IS SUBJECT TO SUSPENSION OR REVOCATION AS PROVIDED THEREIN.  THIS PERMIT IS NOT TRANSFERABLE.  THE DEPARTMENT SHALL BE NOTIFIED WITHIN 30 DAYS OF ANY CHANGE OF NAME, OWNERSHIP OR OPERATOR.**

P.O. Box 278180
Sacramento, CA 95827-8180
(916) 445-9471
From TDD Phones: 1-800-735-2929
From Voice Phones: 1-800-735-2922

**POST IN A CONSPICUOUS PLACE**

HCD-MP 503 (Rev. 03/2000)

EXHIBIT A, PAGE 24
EXHIBIT F, PAGE 137

**EXHIBIT B**

ELAINE B. ALSTON
VIVIENNE J. ALSTON
DONALD A. DIEBOLD

### ALSTON, ALSTON & DIEBOLD

TELEPHONE (714) 556-9400
FACSIMILE (714) 556-9500

27201 PUERTA REAL
SUITE 300
MISSION VIEJO, CALIFORNIA 92691

OUR FILE NO:    1510.

December 10, 2018

### FIVE (5) DAY DEMAND
### FOR SURRENDER OF POSSESSION OF SITE

**To:**    **Jamie Gallian and All Unlawful Occupants and Persons in Possession Without a Signed Rental Agreement ("Occupants"):**

NOTICE IS HEREBY GIVEN that management of the mobilehome park commonly known as:

Rancho Del Rey
16222 Monterey Lane
Huntington Beach, CA 92649
(referred to as "Park" herein)

HEREBY DEMANDS that the Occupants named above, and each of them, quit the premises in the Park and surrender possession thereof commonly described as:

Space376
(referred to as "site" herein)

WITHIN FIVE (5) DAYS FROM AND AFTER SERVICE OF THIS NOTICE, and that said surrender of the mobilehome site be made to the park manager(s), who is authorized to receive the same on behalf of the management.

Civil Code Section 798.75 authorizes forcible detainer proceedings against any occupant of a mobilehome park who does not have rights of tenancy and is not otherwise entitled to occupy the premises, upon failure of the occupants to quit the premises within five (5) days after service of a demand for surrender of the site.

This notice is served with reference to the following facts, inter alia, upon which said demand is now hereby made:

That you have actual and physical possession of the site, without permission from park management, and without right or authority under a rental agreement or otherwise. Based upon the foregoing facts, management is authorized to pursue its legal remedies to obtain possession of the site from all such Occupants having no right of tenancy or possession.

EXHIBIT B, PAGE 25
EXHIBIT F, PAGE 139

J Gallian
and All Unlawful Occupants
December 10, 2018
Page 2

**THIS NOTICE IS INTENDED AS A FIVE (5) DAY DEMAND TO SURRENDER POSSESSION AND NOTICE TO QUIT AS PER CIVIL CODE SECTION 798.75.  SHOULD YOU FAIL TO QUIT AND SURRENDER POSSESSION AS HEREBY DEMANDED, LEGAL PROCEEDINGS SHALL BE INSTITUTED FOR RESTITUTION OF POSSESSION OF THE PREMISES, REASONABLE RENTAL VALUE, DAMAGES INCIDENTAL TO OCCUPANTS WRONGFUL UNLAWFUL OCCUPATION OF THE SITE, AND ATTORNEYS' FEES AND COSTS, AND STATUTORY DAMAGES.**

ALSTON, ALSTON & DIEBOLD

Dated:  December 10, 2018

By: _____
VIVIENNE J. ALSTON
Authorized Agent for Owner

cc:    Client
       Park Manager

EXHIBIT B, PAGE 26
EXHIBIT F, PAGE 140

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address) | TELEPHONE NUMBER | FOR COURT USE ONLY |
|---|---|---|
| Vivienne J. Alston SBN 170746<br>ALSTON, ALSTON & DIEBOLD<br>27201 Puerta Real ste 300<br>Mission Viejo, CA 92691<br>ATTORNEY FOR  Plaintiff | (714) 556-9400 | |

| SHORT TITLE OF CASE:<br>Rancho Del Rey v. Gallian, Jamie | | |
|---|---|---|
| DATE:      TIME:      DEP./DIV. | | CASE NUMBER:<br>Not Applicable |
| **Declaration of Service of Notice to Tenant** | | Ref. No. or File No:<br>1510 |

I, the undersigned, declare that I served the tenant with the: **Five (5) Day Demand for Surrender of Possessin of site.**;

Constructive Service

After unsuccessfully attempting to personally serve said Notice(s) on each of the named parties on **12/11/2018** at **05:39 PM**, I completed service by serving said notice(s) as authorized by C.C.P. Section 1162 (2,3). In the manner set forth below.

To: **Jamie Gallian**

On: **12/11/2018**      At: **05:39 PM**

**By posting** a copy for each tenant in a conspicuous place on the property therein described, there being no person of suitable age or discretion to be found at the property where situated, **and mailing** a copy to said tenant(s) by depositing said copies in the United States Mail in a sealed envelope with postage fully prepaid, addressed to the tenant  on **12/11/2018** from **Garden Grove** at the address where served: **16222 Monterey Lane 376  Huntington Beach, CA 92649**

Person Who served papers:
 a. Name: **Cesar Gonzalez**
 b. Address: **840 N. Birch St, Santa Ana, CA 92701**
 c. Telephone number: **714-953-9451**
 d. **The fee** for this service was: **129.50**
 e. I am:
 (3) [X] a registered California process server:
      (i) [X] Independent Contractor
      (ii) Registration No.: **2729**
      (iii) County: **Orange**

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.



_____
**Cesar Gonzalez**      Date: **12/12/2018**

EXHIBIT B, PAGE 27
EXHIBIT F, PAGE 141

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address) | TELEPHONE NUMBER | FOR COURT USE ONLY |
|---|---|---|
| Vivienne J. Alston SBN 170746<br>ALSTON, ALSTON & DIEBOLD<br>27201 Puerta Real ste 300<br>Mission Viejo, CA 92691<br>ATTORNEY FOR  Plaintiff | (714) 556-9400 | |

| SHORT TITLE OF CASE:<br>Rancho Del Rey v. Gallian, Jamie | | |
|---|---|---|
| DATE:          TIME:          DEP./DIV. | | CASE NUMBER:<br>Not Applicable |
| **Declaration of Service of Notice to Tenant** | | Ref. No. or File No:<br>1510 |

I, the undersigned, declare that I served the tenant with the: **Five (5) Day Demand for Surrender of Possessin of site.;**

Constructive Service

After unsuccessfully attempting to personally serve said Notice(s) on each of the named parties on **12/11/2018** at **05:39 PM**, I completed service by serving said notice(s) as authorized by C.C.P. Section 1162 (2,3). In the manner set forth below.

To: **All Other Occupants**

On: **12/11/2018**          At: **05:39 PM**

**By posting** a copy for each tenant in a conspicuous place on the property therein described, there being no person of suitable age or discretion to be found at the property where situated, **and mailing** a copy to said tenant(s) by depositing said copies in the United States Mail in a sealed envelope with postage fully prepaid, addressed to the tenant  on **12/11/2018** from **Garden Grove** at the address where served: **16222 Monterey Lane 376  Huntington Beach, CA 92649**

Person Who served papers:
  a. Name: **Cesar Gonzalez**
  b. Address: **840 N. Birch St, Santa Ana, CA 92701**
  c. Telephone number: **714-953-9451**
  d. **The fee for this service was: 39.50**
  e. I am:
    (3) [X] a registered California process server:
      (i) [X] Independent Contractor
      (ii) Registration No.: **2729**
      (iii) County: **Orange**

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.



                                 **Cesar Gonzalez**          Date: **12/12/2018**

Declaration of Service of Notice to Tenant          Invoice #: 2305520-02

EXHIBIT B, PAGE 28
EXHIBIT F, PAGE 142

## VERIFICATION

STATE OF CALIFORNIA, COUNTY OF ORANGE

I have read the foregoing COMPLAINT _____ and know its contents.

☐ CHECK APPLICABLE PARAGRAPHS

☐ I am a party to this action. The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

☒ I am ___ an Officer ☒ a partner ___ a _____ of HOUSER BROS CO. _____, a party to this action, and am authorized to make this verification for and on its behalf, and I make this verification for that reason. ☐ I am informed and believe and on that ground allege that the matters stated in the foregoing document are true. ☒ The matters stated in the foregoing document are true of my own knowledge, except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

☐ I am one of the attorneys for _____ , a party to this action. Such party is absent from the county of aforesaid where such attorneys have their offices, and I make this verification for and on behalf of that party for that reason. I am informed and believe and on that ground allege that the matters stated in the foregoing document are true.

Executed on December 19, 2018 , at HUNTINGTON BEACH _____, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

_Christopher C. Houser_                                          _____
Type or Print Name                                                    Signature

## PROOF OF SERVICE
1013a (3) CCP Revised 5/1/88

STATE OF CALIFORNIA, COUNTY OF _____ , State of California.

I am employed in the county of _____
I am over the age of 18 and not a party to the within action; my business address is: _____

On. _____ I served the foregoing document described as _____

_____ on _____ in this action

☐ by placing the true copies thereof enclosed in sealed envelopes addressed as stated on the attached mailing list:
☐ by placing ☐ the original ☐ a true copy thereof enclosed in sealed envelopes addressed as follows:

☐ BY MAIL
☐ *I deposited such envelope in the mail at _____ , California.
The envelope was mailed with postage thereon fully prepaid.
☐ As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at _____ California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.
Executed on _____ , at _____ , California.
☐ **(BY PERSONAL SERVICE) I delivered such envelope by hand to the offices of the addressee.
Executed on _____ , at _____ , California.
☐ (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.
☐ (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_____                          _____
Type or Print Name                                      Signature

*(BY MAIL SIGNATURE MUST BE OF PERSON DEPOSITING ENVELOPE IN MAIL SLOT, BOX, OR BAG)
**(FOR PERSONAL SERVICE SIGNATURE MUST BE THAT OF MESSENGER)

Legal
Solutions
Plus                 Rev. 7/99

**EXHIBIT C**

| | |
|---|---|
| 1 | ELAINE B. ALSTON, Bar No. 134139,<br>VIVIENNE J. ALSTON, Bar No. 170746 | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of Orange |
| 2 | Members of<br>**ALSTON, ALSTON & DIEBOLD** | |
| 3 | Attorneys at Law<br>27201 Puerta Real, Suite 300 | **01/02/2019** at 08:00:00 AM<br>Clerk of the Superior Court |
| 4 | Mission Viejo, California 92691<br>(714) 556-9400 – FAX (714) 556-9500 | By Diana Cuevas, Deputy Clerk |

1   ELAINE B. ALSTON, Bar No. 134139,
2   VIVIENNE J. ALSTON, Bar No. 170746
    Members of
3   **ALSTON, ALSTON & DIEBOLD**
        Attorneys at Law
4   27201 Puerta Real, Suite 300
    Mission Viejo, California 92691
5   (714) 556-9400 – FAX (714) 556-9500

6   Attorney for Plaintiff

7

8                    SUPERIOR COURT, STATE OF CALIFORNIA

9                           COUNTY OF ORANGE,

10

11  HOUSER BROS. CO., a California limited       Case No.:  30-2019-01041423-CL-UD-CJC
    partnership dba RANCHO DEL REY MOBILE
12  HOME ESTATES
                                                 COMPLAINT FOR FORCIBLE ENTRY/
13          Plaintiff,                           DETAINER (MOBILEHOME PARK)

14      vs.                                      [CIVIL CODE §798.75 AND CODE OF
                                                 CIVIL PROCEDURE §§1159, et seq.]
15  JAMIE GALLIAN AND ALL OTHER
    OCCUPANTS AND PERSONS IN POSSESSION          **DOES NOT EXCEED $10,000.00**
16  WITHOUT A SIGNED LEASE AGREEMENT,
    and DOES 1 to 10, inclusive,

17          Defendant

18

19  COMES NOW, the Plaintiff herein, and alleges as follows:

20          1.      Plaintiff, HOUSER BROS. CO., a California limited partnership doing business in the

21  County of Orange State of California, under the fictitious name of RANCHO DEL REY MOBILE

22  HOME ESTATES.  Plaintiff has filed the statements and published the notices required by §§17900, et

23  seq., of the Business and Professions Code.

24          2.      Defendants, JAMIE GALLIAN AND ALL OTHER OCCUPANTS AND PERSONS

25  IN POSSESSION WITHOUT A SIGNED LEASE AGREEMENT, are individuals residing in the City

26  of Huntington Beach, County of Orange State of California

27          3.      The true names and capacities of Defendants sued herein as DOES 1 through 10,

28  inclusive, whether individual, corporate, associate or otherwise, are unknown to Plaintiff, who

                                        1
                        **COMPLAINT FOR FORCIBLE ENTRY/DETAINER**

1  therefore sues said Defendants by said fictitious names.  Plaintiff will amend this Complaint to insert

2  said Defendants' true names and capacities when the same have been ascertained.

3      4.      The premises which are the subject of this action are located in the judicial district in

4  which this action is brought.  Said premises are situated at 16222 Monterey Lane. Space 376,

5  Huntington Beach, California 92647  (the "Premises").

6      5.      Plaintiff is the owner of said Premises and has a superior right to possession thereof.

7      6.      Defendants entered into possession of the subject Premises without the consent of

8  Plaintiff.  No rental agreement has been entered into between Plaintiff and Defendants. Defendant's

9  application was denied due to her poor financial condition.  Defendant also made a material falsehood

10  on her application, and her prior conduct indicates she will not comply with the Rules and Regulations

11  governing the mobilehome park.

12      7.      Due to the failure of Defendants to execute a rental agreement prior to taking possession

13  of the Premises, Defendants have no right of tenancy and are unlawful occupants within the meaning of

14  Civil Code §798.75.

15      8.      On or about December 11, 2018 Plaintiff caused to be served on Defendants a Five (5)

16  Day Notice to Quit Premises.  A copy of said Notice is attached hereto as Exhibit "1" and incorporated

17  herein by this reference.

18      9.      Defendants remain in possession of the subject Premises as of this date, and said

19  possession is without Plaintiff's consent.

20      10.     Defendants continue in willful, malicious, obstinate and/or intentional possession of said

21  Premises without Plaintiff's consent and refuse to surrender possession of same to Plaintiff.

22      11.     The reasonable rental value of the Premises is at least Thirty-Six Dollars and Twenty

23  Cents ($36.20) per day, and damages caused by Defendants' forcible detention will accrue at said rate so

24  long as Defendants' mobilehome remains in possession of said Premises.

25      12.     The reasonable value of utilities consumed is the amount evidenced by the meters

26  installed on the Premises, and damages caused by Defendants' forcible detention will accrue at said

27  rates so long as Defendants' mobilehome remains in possession of the said Premises.

28

2

**COMPLAINT FOR FORCIBLE ENTRY/DETAINER**

EXHIBIT C, PAGE 32
EXHIBIT F, PAGE 146

13.    The reasonable value for trash removal and sewage charges are the amounts charged by the suppliers for these services, and damages caused by Defendants' forcible detention will accrue at said rate so long as Defendants, or any of them, remain in possession of said premises.

14.    California Civil Code §798.85 states as follows:

> "In any action arising out of the provisions of this chapter the prevailing party shall be entitled to reasonable attorneys' fees and costs."

15.    Plaintiff has been compelled to commence this action for recovery of possession of said Premises and for default in payment of rent and utilities, and Plaintiff has thereby incurred and been required to expend money for attorneys' fees.

16.    Plaintiff has been compelled to commence this action for recovery of possession of said Premises and for default in payment of rent, utilities and other charges, and to otherwise enforce Plaintiff's rights under Exhibit "1," and Plaintiff has thereby incurred and been required to expend money for attorneys' fees.

WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, as follows:

(1)    For restitution of said Premises;

(2)    For damages at the rate of Thirty-Six Dollars and Twenty Cents ($36.20) per day as a reasonable rental value of the Premises from and after the date Defendants went into possession according to proof, and until judgment and for so long as Defendants, or any of them, continue to occupy said Premises;

(3)    For actual consumption of utilities commencing from and after the date Defendants went into possession according to proof, and until judgment and for so long as Defendants, or any of them, continue in possession of said Premises;

(4)    For treble the amount above;

(5)    For attorneys' fees incurred herein;

(6)    For costs of suit incurred herein;

(7)    For interest at the legal rate on judgment; and

3

**COMPLAINT FOR FORCIBLE ENTRY/DETAINER**

(8)    For such other and further relief as the Court may deem just and proper, except that

Plaintiff remits all damages in excess of the jurisdiction of this Court.

DATED: December _18_, 2018                    By: _____

Vivienne J. Alston
Attorney for Plaintiff

4

**COMPLAINT FOR FORCIBLE ENTRY/DETAINER**

**EXHIBIT 1**

EXHIBIT C, PAGE 35
EXHIBIT F, PAGE 149

ELAINE B. ALSTON
VIVIENNE J. ALSTON
DONALD A. DIEBOLD

## ALSTON, ALSTON & DIEBOLD

TELEPHONE (714) 556-9400
FACSIMILE (714) 556-9500

27201 PUERTA REAL
SUITE 300
MISSION VIEJO, CALIFORNIA 92691

OUR FILE NO:  1510.

December 10, 2018

### FIVE (5) DAY DEMAND
### FOR SURRENDER OF POSSESSION OF SITE

To:   **Jamie Gallian and All Unlawful Occupants and Persons in Possession Without a Signed Rental Agreement ("Occupants"):**

**NOTICE IS HEREBY GIVEN** that management of the mobilehome park commonly known as:

Rancho Del Rey
16222 Monterey Lane
Huntington Beach, CA 92649
(referred to as "Park" herein)

**HEREBY DEMANDS** that the Occupants named above, and each of them, quit the premises in the Park and surrender possession thereof commonly described as:

Space376
(referred to as "site" herein)

WITHIN FIVE (5) DAYS FROM AND AFTER SERVICE OF THIS NOTICE, and that said surrender of the mobilehome site be made to the park manager(s), who is authorized to receive the same on behalf of the management.

Civil Code Section 798.75 authorizes forcible detainer proceedings against any occupant of a mobilehome park who does not have rights of tenancy and is not otherwise entitled to occupy the premises, upon failure of the occupants to quit the premises within five (5) days after service of a demand for surrender of the site.

This notice is served with reference to the following facts, inter alia, upon which said demand is now hereby made:

That you have actual and physical possession of the site, without permission from park management, and without right or authority under a rental agreement or otherwise. Based upon the foregoing facts, management is authorized to pursue its legal remedies to obtain possession of the site from all such Occupants having no right of tenancy or possession.

EXHIBIT C, PAGE 36
EXHIBIT F, PAGE 150

J Gallian
and All Unlawful Occupants
December 10, 2018
Page 2

**THIS NOTICE IS INTENDED AS A FIVE (5) DAY DEMAND TO SURRENDER POSSESSION AND NOTICE TO QUIT AS PER <u>CIVIL CODE</u> SECTION 798.75. SHOULD YOU FAIL TO QUIT AND SURRENDER POSSESSION AS HEREBY DEMANDED, LEGAL PROCEEDINGS SHALL BE INSTITUTED FOR RESTITUTION OF POSSESSION OF THE PREMISES, REASONABLE RENTAL VALUE, DAMAGES INCIDENTAL TO OCCUPANTS WRONGFUL UNLAWFUL OCCUPATION OF THE SITE, AND ATTORNEYS' FEES AND COSTS, AND STATUTORY DAMAGES.**

ALSTON, ALSTON & DIEBOLD

Dated:  December 10, 2018

By: _____
VIVIENNE J. ALSTON
Authorized Agent for Owner

cc:    Client
       Park Manager

EXHIBIT C, PAGE 37
EXHIBIT F, PAGE 151

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address) | TELEPHONE NUMBER | FOR COURT USE ONLY |
|---|---|---|
| Vivienne J. Alston SBN 170746<br>ALSTON, ALSTON & DIEBOLD<br>27201 Puerta Real ste 300<br>Mission Viejo, CA 92691<br>ATTORNEY FOR  Plaintiff | (714) 556-9400 | |

| SHORT TITLE OF CASE:<br>Rancho Del Rey v. Gallian, Jamie | | |
|---|---|---|
| DATE:          TIME:          DEP./DIV. | | CASE NUMBER:<br>Not Applicable |
| **Declaration of Service of Notice to Tenant** | | Ref. No. or File No:<br>1510 |

I, the undersigned, declare that I served the tenant with the: **Five (5) Day Demand for Surrender of Possessin of site.;**

Constructive Service

After unsuccessfully attempting to personally serve said Notice(s) on each of the named parties on **12/11/2018** at **05:39 PM**, I completed service by serving said notice(s) as authorized by C.C.P. Section 1162 (2,3). In the manner set forth below.

To: **Jamie Gallian**

On: **12/11/2018**        At: **05:39 PM**

**By posting** a copy for each tenant in a conspicuous place on the property therein described, there being no person of suitable age or discretion to be found at the property where situated, **and mailing** a copy to said tenant(s) by depositing said copies in the United States Mail in a sealed envelope with postage fully prepaid, addressed to the tenant  on **12/11/2018** from **Garden Grove** at the address where served: **16222 Monterey Lane 376  Huntington Beach, CA 92649**

Person Who served papers:
 a. Name: **Cesar Gonzalez**
 b. Address: **840 N. Birch St, Santa Ana, CA 92701**
 c. Telephone number: **714-953-9451**
 d. **The** fee for this service was: **129.50**
 e. I am:
 (3) [X] a registered California process server:
     (i) [X] Independent Contractor
     (ii) Registration No.: **2729**
     (iii) County: **Orange**

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.



_____
**Cesar Gonzalez**              Date: **12/12/2018**

EXHIBIT C, PAGE 38
EXHIBIT F, PAGE 152

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address) | TELEPHONE NUMBER | FOR COURT USE ONLY |
|---|---|---|
| **Vivienne J. Alston SBN 170746**<br>**ALSTON, ALSTON & DIEBOLD**<br>**27201 Puerta Real ste 300**<br>**Mission Viejo, CA 92691**<br>ATTORNEY FOR  **Plaintiff** | **(714) 556-9400** | |

SHORT TITLE OF CASE:
Rancho Del Rey v. Gallian, Jamie

| DATE: | TIME: | DEP./DIV. | CASE NUMBER:<br>Not Applicable |
|---|---|---|---|
| **Declaration of Service of Notice to Tenant** | | | Ref. No. or File No:<br>1510 |

I, the undersigned, declare that I served the tenant with the: **Five (5) Day Demand for Surrender of Possessin of site.;**

Constructive Service

After unsuccessfully attempting to personally serve said Notice(s) on each of the named parties on **12/11/2018** at **05:39 PM**, I completed service by serving said notice(s) as authorized by C.C.P. Section 1162 (2,3). In the manner set forth below.

To: **All Other Occupants**

On: **12/11/2018**        At: **05:39 PM**

**By posting** a copy for each tenant in a conspicuous place on the property therein described, there being no person of suitable age or discretion to be found at the property where situated, **and mailing** a copy to said tenant(s) by depositing said copies in the United States Mail in a sealed envelope with postage fully prepaid, addressed to the tenant  on **12/11/2018** from **Garden Grove** at the address where served: **16222 Monterey Lane 376  Huntington Beach, CA 92649**

Person Who served papers:
 a. Name: **Cesar Gonzalez**
 b. Address: **840 N. Birch St, Santa Ana, CA 92701**
 c. Telephone number: **714-953-9451**
 d. **The fee for this service was: 39.50**
 e. I am:
 (3) [X] a registered California process server:
     (i) [X] Independent Contractor
     (ii) Registration No.: **2729**
     (iii) County: **Orange**

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.



Cesar Gonzalez          Date: **12/12/2018**

Declaration of Service of Notice to Tenant                    Invoice #: 2305520-02

EXHIBIT C, PAGE 39
EXHIBIT F, PAGE 153

## VERIFICATION

STATE OF CALIFORNIA, COUNTY OF ORANGE

I have read the foregoing COMPLAINT _____ and know its contents.

### ☐ CHECK APPLICABLE PARAGRAPHS

☐ I am a party to this action. The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

☒ I am ☐ an Officer ☒ a partner ☐ a _____ of HOUSER BROS CO.,
a party to this action, and am authorized to make this verification for and on its behalf, and I make this verification for that reason. ☐ I am informed and believe and on that ground allege that the matters stated in the foregoing document are true. ☒ The matters stated in the foregoing document are true of my own knowledge, except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

☐ I am one of the attorneys for _____
a party to this action. Such party is absent from the county of aforesaid where such attorneys have their offices, and I make this verification for and on behalf of that party for that reason. I am informed and believe and on that ground allege that the matters stated in the foregoing document are true.

Executed on December 19, 2018, at HUNTINGTON BEACH, California.
I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Christopher C. Houser
Type or Print Name                                    Signature

### PROOF OF SERVICE
1013a (3) CCP Revised 5/1/88

STATE OF CALIFORNIA, COUNTY OF _____, State of California.

I am employed in the county of _____
I am over the age of 18 and not a party to the within action; my business address is: _____

On. _____ I served the foregoing document described as _____
_____ on _____ in this action

☐ by placing the true copies thereof enclosed in sealed envelopes addressed as stated on the attached mailing list:
☐ by placing ☐ the original ☐ a true copy thereof enclosed in sealed envelopes addressed as follows:

☐ BY MAIL
☐ *I deposited such envelope in the mail at _____, California.
The envelope was mailed with postage thereon fully prepaid.
☐ As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at _____ California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.
Executed on _____, at _____, California.
☐ **(BY PERSONAL SERVICE) I delivered such envelope by hand to the offices of the addressee.
Executed on _____, at _____, California.
☐ (State)   I declare under penalty of perjury under the laws of the State of California that the above is true and correct.
☐ (Federal)   I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_____                                    _____
Type or Print Name                                    Signature

*(BY MAIL SIGNATURE MUST BE OF PERSON DEPOSITING ENVELOPE IN MAIL SLOT, BOX, OR BAG)
**(FOR PERSONAL SERVICE SIGNATURE MUST BE THAT OF MESSENGER)

Legal Solutions Plus         Rev. 7/99

EXHIBIT C, PAGE 40
EXHIBIT F, PAGE 154

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
870 Roosevelt, Irvine, CA 92620.

A true and correct copy of the foregoing document entitled: **NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY OR FOR ORDER CONFIRMING THAT THE AUTOMATIC STAY DOES NOT APPLY UNDER 11 U.S.C. § 362(I) (UNLAWFUL DETAINER)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **December 28, 2022**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

⊠ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**: On **December 28, 2022**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

**DEBTOR**
JAMIE LYNN GALLIAN
16222 MONTEREY LN UNIT 376
HUNTINGTON BEACH, CA 92649

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **December 28, 2022**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

**VIA PERSONAL DELIVERY:**
**PRESIDING JUDGE'S COPY**
HONORABLE SCOTT C. CLARKSON
UNITED STATES BANKRUPTCY COURT, CENTRAL DISTRICT OF CALIFORNIA
RONALD REAGAN FEDERAL BUILDING AND COURTHOUSE
411 WEST FOURTH STREET, SUITE 5130 / COURTROOM 5C
SANTA ANA, CA 92701-4593

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| December 28, 2022 | Layla Buchanan | */s/ Layla Buchanan* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                        **F 9013-3.1.PROOF.SERVICE**

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: CONTINUED:
- ATTORNEY FOR DEBTOR JAMIE GALLIAN: **Bert Briones**    bb@redhilllawgroup.com, helpdesk@redhilllawgroup.com;RedHillLawGroup@jubileebk.net
- **ATTORNEY FOR TRUSTEE JEFFREY I GOLDEN (TR):** Aaron E DE Leest adeleest@DanningGill.com, danninggill@gmail.com; adeleest@ecf.inforuptcy.com
- **ATTORNEY FOR CREDITOR and PLAINTIFF THE HUNTINGTON BEACH GABLES HOMEOWNERS ASSOCIATION:** Robert P Goe kmurphy@goeforlaw.com, rgoe@goeforlaw.com; goeforecf@gmail.com
- **TRUSTEE JEFFREY I GOLDEN (TR):** Jeffrey I Golden (TR lwerner@wgllp.com, jig@trusteesolutions.net; kadele@wgllp.com
- **ATTORNEY FOR PLAINTIFF HOUSER BROS. CO.:** D Edward Hays ehays@marshackhays.com, ehays@ecf.courtdrive.com; kfrederick@ecf.courtdrive.com; cmendoza@marshackhays.com; cmendoza@ecf.courtdrive.com
- **ATTORNEY FOR CREDITOR and PLAINTIFF THE HUNTINGTON BEACH GABLES HOMEOWNERS ASSOCIATION:** Brandon J Iskander biskander@goeforlaw.com, kmurphy@goeforlaw.com
- **ATTORNEY FOR TRUSTEE JEFFREY I GOLDEN (TR):** Eric P Israel eisrael@DanningGill.com, danninggill@gmail.com; eisrael@ecf.inforuptcy.com
- **ATTORNEY FOR PLAINTIFF HOUSER BROS. CO.:** Laila Masud lmasud@marshackhays.com, lmasud@ecf.courtdrive.com; kfrederick@ecf.courtdrive.com
- **ATTORNEY FOR DEFENDANT RANDALL L NICKEL:** Mark A Mellor mail@mellorlawfirm.com, mellormr79158@notify.bestcase.com
- **INTERESTED PARTY COURTESY NEF:** Valerie Smith claims@recoverycorp.com
- **U.S. TRUSTEE:** United States Trustee (SA) ustpregion16.sa.ecf@usdoj.gov

4854-0747-1414, v. 1

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**

**EXHIBIT G**

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| D. EDWARD HAYS, #162507<br>ehays@marshackhays.com<br>LAILA MASUD, #311731<br>lmasud@marshackhays.com<br>BRADFORD N. BARNHARDT, #328705<br>bbarnhardt@marshackhays.com<br>MARSHACK HAYS LLP<br>870 Roosevelt<br>Irvine, CA 92620<br>Telephone: (949) 333-7777<br>Facsimile: (949) 333-7778<br><br>☒ *Attorney for Movant*<br>☐ *Movant appearing without an attorney* | **FILED & ENTERED**<br><br>**FEB 17 2023**<br><br>**CLERK U.S. BANKRUPTCY COURT**<br>**Central District of California**<br>**BY bolte      DEPUTY CLERK**<br><br>**CHANGES MADE BY COURT** |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA -*SANTA ANA* DIVISION**

| In re:<br><br><br>JAMIE LYNN GALLIAN,<br><br><br><br><br><br><br><br><br><br>Debtor(s). | CASE NO.: 8:21-bk-11710-SC<br><br>CHAPTER: 7<br><br>**ORDER GRANTING MOTION FOR RELIEF FROM STAY UNDER 11 U.S.C. § 362 (UNLAWFUL DETAINER)**<br><br>DATE: 02/01/2023<br>TIME: 10:00 am<br>COURTROOM: 5C<br>PLACE: 411 W. Fourth Street, Santa Ana, California |
|---|---|

| **Movant:** Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates |
|---|

1. The Motion was:        ☒ Opposed    ☐ Unopposed    ☐ Settled by stipulation

2. This order applies to the following real property (Property):

   Type of property: ☒ Residential    ☐ Nonresidential

   *Street Address:  16222 Monterey Lane*
   *Unit/Suite number: Space 376*
   *City, State, Zip Code: Huntington Beach, CA 92649*

3. The Motion is granted under:

   a.  ☒  11 U.S.C. § 362(d)(1)

   b.  ☒  11 U.S.C. § 362(d)(2)

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2014*                           Page 1                    **F 4001-1.RFS.UD.ORDER**

EXHIBIT G, PAGE 157

Case 8:21-bk-11710-SC    Doc 334    Filed 02/17/23    Entered 02/17/23 12:35:09    Desc
Main Document    Page 2 of 3

c. ☐ 11 U.S.C. § 362(d)(4).  The filing of the bankruptcy petition was part of a scheme to hinder, delay, or defraud creditors that involved:

(1) ☐ The transfer of all or part ownership of, or other interest in, the Property without the consent of the secured creditor or court approval; and/or

(2) ☐ Multiple bankruptcy cases affecting the Property.

(3) ☐ The court ☐ makes ☐ does not make ☐ cannot make a finding that the Debtor was involved in this scheme.

(4) If recorded in compliance with applicable state laws governing notices of interests or liens in real property, this order is binding in any other case under this title commenced by or against any debtor who claims any interest in the Property purporting to affect such real property filed not later than 2 years after the date of the entry of this order by the court, except that a debtor in a subsequent case under this title may move for relief from this order based upon changed circumstances or for good cause shown, after notice and a hearing.  Any federal, state or local government unit that accepts notices of interests or liens in real property shall accept any certified copy of this order for indexing and recording.

4. ☐ As to Movant, its successors, transferees and assigns, the stay of 11 U.S.C. § 362(a) is:

a. ☐ Terminated as to the Debtor and the Debtor's bankruptcy estate.

b. ☐ Modified or conditioned as set forth in Exhibit _____ to this order.

c. ☐ Annulled retroactive to the bankruptcy petition date.  Any postpetition acts taken by or at the request of the Movant to enforce its remedies regarding the Property, including without limitation entry of any order, judgment or writ, do not constitute a violation of the stay.

5. ☒ Movant may enforce its remedies to obtain possession of the Property, including lockout, in accordance with applicable nonbankruptcy law, but may not pursue any monetary claim against the Debtor or property of the estate for amounts attributable to the period before the bankruptcy was filed except by filing a proof of claim pursuant to 11 U.S.C. § 501.

6. ☐ Movant shall not cause the Debtor to be locked out before (*date*) _____.

7. ☐ The co-debtor stay of 11 U.S.C. § 1201(a) or § 1301(a) is terminated, modified or annulled as to the co-debtor, on the same terms and conditions as to the Debtor.

8. ☒ The 14-day stay prescribed by FRBP 4001(a)(3) is waived.

9. This order is binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of the Bankruptcy Code.

10. ☐ This order is binding in any other bankruptcy case commenced by or against any debtor who claims any interest in the Property, or purporting to affect the Property filed not later than 2 years after the date of entry of this order, except that a debtor in a subsequent case may move for relief from this order based upon changed circumstances or for good cause shown, after notice and hearing.

11. ☐ This order is binding and effective in any bankruptcy commenced by or against the Debtor for a period of 180 days from the hearing of this Motion.

12. ☐ This order is binding and effective in *any* bankruptcy commenced by or against *any* debtor who claims any interest in the Property for a period of 180 days from the hearing of this Motion.

a. ☐ without further notice.

b. ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014                                    Page 2                          **F 4001-1.RFS.UD.ORDER**

EXHIBIT G, PAGE 158

13. ☐ A designated law enforcement officer may evict the Debtor and any other occupant from the Property regardless of any future bankruptcy case concerning the Property for a period of 180 days from the hearing of this Motion.

   a. ☐ without further notice.

   b. ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

14. ☒ Other (*specify*): The motion is granted for the reasons set forth in the motion and reply and as set forth by the Court as stated on the record at the hearing, as well as by the Court on the record at the February 14, 2023 hearing in adversary proceeding 8:21-ap-01096, which resulted in the issuance of an order entered February 15, 2023, which, *inter alia*, bifurcated Movant's §523 and §727 claims to address any overlap with this motion.

Additionally, the Orange County Superior Court will not determine title/ownership of the Debtor's underlying mobile home and/or whether the Debtor's mobile home is property of the bankruptcy estate.

###

4867-3602-7728, v. 1

Date: February 17, 2023

Scott C. Clarkson
United States Bankruptcy Judge

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2014*                              Page 3                              **F 4001-1.RFS.UD.ORDER**

EXHIBIT G, PAGE 159

**EXHIBIT H**

**APLDIST, APPEAL, 727OBJ**

# U.S. Bankruptcy Court
## Central District of California (Santa Ana)
## Adversary Proceeding #: 8:21-ap-01097-SC

*Assigned to:* Scott C Clarkson                          *Date Filed:* 10/18/21
*Lead BK Case:* 21-11710
*Lead BK Title:* Jamie Lynn Gallian
*Lead BK Chapter:* 7
*Demand:*

*Nature[s] of Suit:*  62  Dischargeability - 523(a)(2), false pretenses, false representation, actual fraud
                      68  Dischargeability - 523(a)(6), willful and malicious injury
                      65  Dischargeability - other
                      424 Obj/Revocation Discharge 727

### Plaintiff
-----------------------
**Houser Bros. Co.**                          represented by **Bradford Barnhardt**
*dba* **Rancho Del Rey Mobile Home Estates**                 Marshack Hays LLP
                                                             870 Roosevelt
                                                             Irvine, CA 92620
                                                             404-587-6205
                                                             Email: bbarnhardt@marshackhays.com

                                              **D Edward Hays**
                                                             Marshack Hays LLP
                                                             870 Roosevelt
                                                             Irvine, CA 92620
                                                             949-333-7777
                                                             Fax : 949-333-7778
                                                             Email: ehays@marshackhays.com
                                                             *LEAD ATTORNEY*

                                              **Laila Masud**
                                                             Marshack Hays LLP
                                                             870 Roosevelt
                                                             Irvine, CA 92620
                                                             949-333-777
                                                             Fax : 949-333-7778
                                                             Email: lmasud@marshackhays.com

V.

### Defendant
-----------------------
**Jamie Lynn Gallian**                        represented by **Jamie Lynn Gallian**
16222 Monterey Ln SP #376                                    PRO SE
Huntington Beach, CA 92649

EXHIBIT H, PAGE 160

714-321-3449
SSN / ITIN: xxx-xx-3936

*Trustee*
-----------------------
**Jeffrey I Golden (TR)**
Golden Goodrich LLP
3070 Bristol Street, Suite 640
Costa Mesa, CA 92626
(714) 966-1000


*U.S. Trustee*
-----------------------
**United States Trustee (SA)**
411 W Fourth St., Suite 7160
Santa Ana, CA 92701-4593
(714) 338-3400

| Filing Date | # | Docket Text |
|---|---|---|
| 10/18/2021 | 1 <br> (25 pgs; 2 docs) | Adversary case 8:21-ap-01097. Complaint by Houser Bros. Co., a California general partnership against Jamie Lynn Gallian. Fee Amount $350 *Complaint to (1) Determine Dischargeability of Debt Pursuant to 11 U.S.C. Sections 523 (a)(2)(A) and (a)(6); (2) Deny Discharge Pursuant to 11 U.S.C. Sections 727 (a)(2)(A), (a)(4), and (a)(5)* (Attachments: # 1 Adversary Proceeding Cover Sheet) Nature of Suit: (62 (Dischargeability - 523(a)(2), false pretenses, false representation, actual fraud)),(68 (Dischargeability - 523(a)(6), willful and malicious injury)),(65 (Dischargeability - other)) (Masud, Laila) (Entered: 10/18/2021) |
| 10/18/2021 | | Receipt of Complaint( 8:21-ap-01097-ES) [cmp,cmp] ( 350.00) Filing Fee. Receipt number A53512667. Fee amount 350.00. (re: Doc# 1) (U.S. Treasury) (Entered: 10/18/2021) |
| 10/19/2021 | 2 <br> (4 pgs) | Summons Issued on Jamie Lynn Gallian Date Issued 10/19/2021, Answer Due 11/18/2021 (RE: related document(s)1 Complaint filed by Plaintiff Houser Bros. Co.). Status hearing to be held on 1/6/2022 at 09:30 AM at Crtrm 5A, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Erithe A. Smith (Duarte, Tina) (Entered: 10/19/2021) |
| 10/22/2021 | 3 <br> (25 pgs) | Amended Complaint *First Amended Complaint to (1) Determine Dischargeability of Debt Pursuant to 11 U.S.C. Sections 523 (a)(2)(A) and (a)(6); (2) Deny Discharge Pursuant to 11 U.S.C. Sections 727 (a)(2)(A), (a)(4), and (a)(5)* by Laila Masud on behalf of Houser Bros. Co. against Jamie Lynn Gallian. (RE: related document(s)1 Adversary case 8:21-ap-01097. Complaint by Houser Bros. Co., a California general partnership against Jamie Lynn Gallian. Fee Amount $350 *Complaint to (1) Determine Dischargeability of Debt Pursuant to 11 U.S.C. Sections 523 (a)(2)(A) and (a)(6); (2) Deny Discharge Pursuant to 11 U.S.C. Sections 727 (a)(2)(A), (a)(4), and (a)(5)* (Attachments: # 1 Adversary Proceeding Cover Sheet) Nature of Suit: (62 (Dischargeability - 523(a)(2), false pretenses, false representation, actual fraud)),(68 (Dischargeability - 523(a)(6), willful and |

EXHIBIT H, PAGE 161

|  |  |  |
|---|---|---|
|  |  | malicious injury)),(65 (Dischargeability - other)) filed by Plaintiff Houser Bros. Co.). (Masud, Laila) (Entered: 10/22/2021) |
| 10/25/2021 | 4 (15 pgs) | Notice *to Defendant re: Compliance with Rule 7026 of the Federal Rules of Bankruptcy Procedure and Rule 7026-1 of the Local Bankruptcy Rules; with Proof of Service* Filed by Plaintiff Houser Bros. Co.. (Masud, Laila) (Entered: 10/25/2021) |
| 10/25/2021 | 5 (6 pgs) | Summons Service Executed on Jamie Lynn Gallian 10/25/2021 (Masud, Laila) (Entered: 10/25/2021) |
| 10/28/2021 | 6 (26 pgs) | Answer to Complaint/ Defendant Jamie Lynn Gallian, Affirmative Defenses to Complaint to Determine Dischargeablity of Debt, Filed by Jamie Lynn Gallian [EDB]. (Duarte, Tina) (Entered: 10/28/2021) |
| 12/22/2021 | 7 (4 pgs) | Notice *Supplemental Notice of Hearing to be Held Remotely Using ZoomGov Audio and Video; with Proof of Service* Filed by Plaintiff Houser Bros. Co. (RE: related document(s)2 Summons Issued on Jamie Lynn Gallian Date Issued 10/19/2021, Answer Due 11/18/2021 (RE: related document(s)1 Complaint filed by Plaintiff Houser Bros. Co.). Status hearing to be held on 1/6/2022 at 09:30 AM at Crtrm 5A, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Erithe A. Smith). (Hays, D) (Entered: 12/22/2021) |
| 12/24/2021 | 8 (6 pgs) | Status report *Joint Status Report; with Proof of Service* Filed by Plaintiff Houser Bros. Co. (RE: related document(s)2 Summons Issued). (Masud, Laila) (Entered: 12/24/2021) |
| 01/06/2022 | 9 | Status Conference Hearing Rescheduled/Continued (RE: related document(s)1 Complaint filed by Plaintiff Houser Bros. Co.). Deadline to complete discovery: 3/31/2022. Deadline to attend mandatory mediation as to the 523(a) claims only: 4/29/2022. Deadline to file Joint Pretrial Stipulation: 6/2/2022. Pre-Trial Conference set for 6/16/2022 at 09:30 AM at Crtrm 5A, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Erithe A. Smith (Duarte, Tina) (Entered: 01/13/2022) |
| 01/20/2022 | 10 (17 pgs) | Notice of lodgment of Ruling in State Court Exparte Proceeding, Case No. 30-2021-01236940; Filed by Defendant Jamie Lynn Gallian [EDB] (RE: related document(s)1 Complaint). (Duarte, Tina) (Entered: 01/21/2022) |
| 01/24/2022 | 11 (17 pgs) | Declaration Setting Forth Postpetition: 1. CA Covid-19 Rent Relief Award 10/27/2021, Payment $24,301.55 to Houser Bros Co dba Rancho Del Rey Mobilehome Estates; 2. Payment $13,709.45 to Houser Bros Co. dba Rancho Del Rey Mobilehome Estate; Filed by Defendant Jamie Lynn Gallian [EDB]. (Duarte, Tina) Modified on 1/25/2022 (Duarte, Tina). (Entered: 01/24/2022) |
| 01/25/2022 | 12 (157 pgs) | Motion and Notice of Motion for an Order Directed to Plaintiff Houser Bros Co. dba Rancho Del Rey Mobilehome Estates to Endorse and Deposit Into Houser Bros Co. Bank Account 1. CA Covid-19 Check No. 58066665; 2. Bank of America Cashier's Check No. 1161518213 Prior to February 4, 2022; 2. Houser Bros Co Ordered to File Proof of Deposit with This Court, Filed by Defendant Jamie Lynn Gallian [EDB] (Duarte, Tina) (Entered: 01/25/2022) |
| 01/25/2022 | 13 (21 pgs) | Application for Order Setting Hearing on Shortened Notice; Filed by Defendant Jamie Lynn Gallian [EDB] (Duarte, Tina) (Entered: |

EXHIBIT H, PAGE 162

| | | 01/25/2022) |
|---|---|---|
| 01/31/2022 | [14](#)<br>(4 pgs) | Order Denying Application for Order Setting Hearing on Shortened Notice. Debtor Jamie Lynn Gallian has not Provided Any Relevant or Applicable Legal Authority Supporting this Court's Authority to Grant the Relief Sought in the Motion and the Court is Not Aware of Any Such Authority (BNC-PDF) (Related Doc # [13](#) ) Signed on 1/31/2022 (Duarte, Tina) (Entered: 01/31/2022) |
| 02/02/2022 | [15](#)<br>(6 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)[14](#) ORDER shortening time (BNC-PDF)) No. of Notices: 0. Notice Date 02/02/2022. (Admin.) (Entered: 02/02/2022) |
| 02/15/2022 | [16](#)<br>(2 pgs) | Status Conference And Scheduling Order (BNC-PDF) Signed on 2/15/2022. Pre-Trial Conference set for 6/16/2022 at 09:30 AM at Crtrm 5A, 411 W Fourth St., Santa Ana, CA 92701. The last day for discovery to be completed, including receiving responses to discovery requests, is 3/31/2022. Pre-trial Stipulation must be filed by 6/2/2022. Deadline to attend mandatory mediation as to the 11 USC Section 523(a) claims only is 04/29/2022. The case judge is Erithe A. Smith. (Daniels, Sally) (Entered: 02/15/2022) |
| 02/17/2022 | [17](#)<br>(4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)[16](#) Scheduling Order (BNC-PDF)) No. of Notices: 0. Notice Date 02/17/2022. (Admin.) (Entered: 02/17/2022) |
| 05/12/2022 | [18](#)<br>(169 pgs) | Motion *Notice of Motion and Motion for Entry of an Order (1) Compelling Attendance of Defendant Jamie Lynn Gallian at Deposition, and for Monetary Sanctions, and (2) Compelling Attendance at Mandatory Mediation Session; Memorandum of Points and Authorities; Declaration of D. Edward Hays; with Proof of Service [Hearing 6/2/22 at 10:30 a.m.]* Filed by Plaintiff Houser Bros. Co. (Hays, D) (Entered: 05/12/2022) |
| 05/12/2022 | [19](#)<br>(3 pgs) | Notice *Supplemental Notice of Hearing To Be Held Remotely Using ZoomGov Audio and Video; with proof of service* Filed by Plaintiff Houser Bros. Co. (RE: related document(s)[18](#) Motion *Notice of Motion and Motion for Entry of an Order (1) Compelling Attendance of Defendant Jamie Lynn Gallian at Deposition, and for Monetary Sanctions, and (2) Compelling Attendance at Mandatory Mediation Session; Memorandum of Points and Authorities; Declaration of D. Edward Hays; with Proof of Service [Hearing 6/2/22 at 10:30 a.m.]* Filed by Plaintiff Houser Bros. Co. filed by Plaintiff Houser Bros. Co.). (Hays, D) (Entered: 05/12/2022) |
| 05/12/2022 | 20 | Hearing Set (RE: related document(s)[18](#) Motion for Entry of an Order (1) Compelling Attendance of Defendant Jamie Lynn Gallian at Deposition, and for Monetary Sanctions, and (2) Compelling Attendance at Mandatory Mediation Session, filed by Plaintiff Houser Bros. Co.). The Hearing date is set for 6/2/2022 at 10:30 AM at Crtrm 5A, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Erithe A. Smith (TD8) (Entered: 05/13/2022) |
| 06/02/2022 | 21 | Hearing Held (RE: related document(s)[18](#) Motion for Entry of an Order (1) Compelling Attendance of Defendant Jamie Lynn Gallian at Deposition, and for Monetary Sanctions, and (2) Compelling Attendance at Mandatory Mediation Session, filed by Plaintiff Houser Bros. Co.) - Grant the Motion as follows: all relief requested in the Motion is granted except that the award of attorneys fees and costs is reduced to $4,000.00. If Debtor appears and fully participates in the rescheduled deposition and appears at the mandatory mediation, the award of $4,000.00 will be |

EXHIBIT H, PAGE 163

CM/ECF - U.S. Bankruptcy Court (NG 1.7.1.1 - LIVE)

| | | |
|---|---|---|
| | | payable within 45 days after the conclusion of the mediation. If Debtor fails to appear for the deposition or the mediation, the award shall be due 10 business days following such failure to appear. Movant shall not be required to pay for captioning software re the deposition. (TD8) (Entered: 06/03/2022) |
| 06/06/2022 | 22 (193 pgs) | Motion *Notice of Motion and Motion to Continue pretrial conference; with proof of service* Filed by Plaintiff Houser Bros. Co. (Hays, D) (Entered: 06/06/2022) |
| 06/08/2022 | 23 (146 pgs) | Opposition to Houser Bros Motion to Continue Pre-Trial Conference Past July 14, 2022; Request to Consolidate the Date All Three Adversary Pretrial Conference to July 14, 2022, All Closely Related and Overlap (related document(s): 22 Motion *Notice of Motion and Motion to Continue pretrial conference; with proof of service* filed by Plaintiff Houser Bros. Co.) Filed by Defendant Jamie Lynn Gallian 'EDB' (JL) (Entered: 06/08/2022) |
| 06/09/2022 | 24 (9 pgs) | Notice of lodgment Filed by Plaintiff Houser Bros. Co. (RE: related document(s)18 Motion *Notice of Motion and Motion for Entry of an Order (1) Compelling Attendance of Defendant Jamie Lynn Gallian at Deposition, and for Monetary Sanctions, and (2) Compelling Attendance at Mandatory Mediation Session; Memorandum of Points and Autho). (Hays, D) (Entered: 06/09/2022)* |
| 06/10/2022 | 25 (8 pgs) | Revised [Amended] Notice of lodgment, Filed by Defendant Jamie Lynn Gallian [EDB] (RE: related document(s)18 Motion *Notice of Motion and Motion for Entry of an Order (1) Compelling Attendance of Defendant Jamie Lynn Gallian at Deposition, and for Monetary Sanctions, and (2) Compelling Attendance at Mandatory Mediation Session; Memorandum of Points and Autho). (TD8). (Entered: 06/10/2022)* |
| 06/14/2022 | 26 (2 pgs) | Order Granting Motion to Continue Pretrial Conference. IT IS ORDERED: The Pretrial Conference is CONTINUED From June 16, 2022, to September 22, 2022 at 10:00 a.m. (See Order For Further Ruling) (BNC-PDF) (Related Doc # 22 ) Signed on 6/14/2022 (TD8) (Entered: 06/14/2022) |
| 06/16/2022 | 28 | Hearing Rescheduled/Continued (RE: related document(s)1 PRE-TRIAL CONFERENCE RE: Complaint to (1) Determine Dischargeability of Debt Pursuant to 11 U.S.C. §§523(a)(2)(A) and (a)(6); (2) Deny Discharge Pursuant to 11 U.S.C. §§727(a)(2)(A),(a)(4) and (a)(5) filed by Plaintiff Houser Bros. Co.) CONTINUED TO 9/22/2022 AT 10:00 A.M., Per Order Entered 6/14/2022. (JL) (Entered: 06/22/2022) |
| 06/17/2022 | 27 (4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)26 Order on Generic Motion (BNC-PDF)) No. of Notices: 0. Notice Date 06/17/2022. (Admin.) (Entered: 06/17/2022) |
| 06/24/2022 | 29 (6 pgs) | Order Granting Motion for Entry of an Order (1) Compelling Attendance of Defendant Jamie Lynn Gallian at Deposition and for Monetary Sanctions, and (2) Compelling Attendance at Mandatory Mediation Session (See Order for Further Ruling) (BNC-PDF) (Related Doc # 18 ) Signed on 6/24/2022 (JL) (Entered: 06/24/2022) |
| 06/26/2022 | 30 (8 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)29 Order on Generic Motion (BNC-PDF)) No. of Notices: 0. Notice Date |

EXHIBIT H, PAGE 164

| | | 06/26/2022. (Admin.) (Entered: 06/26/2022) |
|---|---|---|
| 06/28/2022 | 31 (4 pgs) | Stipulation By Houser Bros. Co. and *Defendant Extending Mediation Completion Deadline to Allow for Mediation with Thomas C. Watts, III, Esq.; with Proof of Service* Filed by Plaintiff Houser Bros. Co. (Hays, D) (Entered: 06/28/2022) |
| 06/29/2022 | 32 (2 pgs) | Order Approving Stipulation Extending Mediation Completion Deadline to Allow for Mediation with Thomas C. Watts II, Esq - Deadline Extended to August 19, 2022. (BNC-PDF) (Related Doc # 31 ) Signed on 6/29/2022 (JL) (Entered: 06/29/2022) |
| 07/01/2022 | 33 (4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)32 Stipulation and ORDER thereon (BNC-PDF)) No. of Notices: 0. Notice Date 07/01/2022. (Admin.) (Entered: 07/03/2022) |
| 09/01/2022 | 34 | In accordance with the Administrative Order 22-17 dated 8/16/2022, this case is hereby reassigned from Judge Erithe A. Smith to Judge Scott C Clarkson. (JL) (Entered: 09/01/2022) |
| 09/01/2022 | 35 (1 pg) | Order Continuing Pretrial Hearing. IT IS ORDERED: The Pre-Trial Conference Scheduled For September 22, 2022, At 10:00 A.M. Is Hereby CONTINUED TO SEPTEMBER 27, 2022, AT 1:30 P.M. In Courtroom 5C-Virtual, Located At 411 West Fourth Street, Santa Ana, CA 92701. (Virtual Accessibility Information Will Be Posted Into The Tentative Ruling Prior To The Hearing.) (BNC-PDF) (Related Doc # doc ) Signed on 9/1/2022 (NB8) (Entered: 09/01/2022) |
| 09/04/2022 | 36 (3 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)35 ORDER to continue/reschedule hearing (BNC-PDF)) No. of Notices: 0. Notice Date 09/04/2022. (Admin.) (Entered: 09/04/2022) |
| 09/13/2022 | 37 (29 pgs) | Pre Trial Stipulation By Houser Bros. Co. and *Defendant* Filed by Plaintiff Houser Bros. Co. (Hays, D) (Entered: 09/13/2022) |
| 09/21/2022 | 38 (2 pgs) | BAP ORDER Dismissing Appeals RE: Appeal BAP Number: CC-22-1146 - (filed at United States Bankruptcy Appellate Panel of the Ninth Circuit on 9/16/2022) - DOCKET IN INCORRECT CASE - SEE CASE NO. 8:21-bk-11710-SC (NB8) Modified on 9/21/2022 (NB8). (Entered: 09/21/2022) |
| 09/22/2022 | 39 | Hearing Rescheduled/Continued (RE: related document(s)1 Complaint filed by Plaintiff Houser Bros. Co.) HEARING TO RESCHEDULED BEFORE JUDGE CLARKSON TO SEPTEMBER 27, 2022, AT 1:30 P.M. In Courtroom 5C-Virtual, Located At 411 West Fourth Street, Santa Ana, CA 92701. (JL) (Entered: 09/23/2022) |
| 09/27/2022 | 40 | Hearing Held On Pre-Trial Conference (RE: related document(s) 3 First Amended Complaint To (1) Determine Dischargeability Of Debt Pursuant To 11 U.S.C. Sections 523(a)(2)(A) And (a)(6); (2) Deny Discharge Pursuant To 11 U.S.C. Sections 727(a)(2)(A), (a)(4), And (a)(5) filed by Plaintiff Houser Bros. Co.) - EXHIBITS TO BE PROVIDED ON OCTOBER 7, 2022. MOTION FOR JUDGMENT ON PLEADINGS TO BE FILED ON OCTOBER 4, 2022. HEARING FOR JUDGMENT ON PLEADINGS ON NOVEMBER 1, 2022 AT 1:30 P.M. TRIAL SET FOR FEBRUARY 23, 2023 AT 9:30 A.M. IN COURTROOM 5C, LOCATED |

EXHIBIT H, PAGE 165

| | | AT 411 WEST FOURTH STREET, SANTA ANA, CA 92701. Modified on 9/30/2022 (NB8). (Entered: 09/30/2022) |
|---|---|---|
| 10/05/2022 | 41<br>(3 pgs) | Order Approving Joint Pretrial Stipulation, And Scheduling Order. IT IS ORDERED: The "Joint Pre-Trial Stipulation "Docket No. 37 ) IS APPROVED. An In-Person TRIAL Will Begin On FEBRUARY 23, 2023, At 9:30 A.M. In Courtroom 5C, Located At 411 West Fourth Street, Santa Ana, CA 92701. The Court's Following Posted Procedures Will Apply And Be Strictly Enforced: Judge Clarkson's Regular Procedures For Trials And Evidentiary Hearings. Trial Briefs Must Be Filed No Later Than 14 Days Prior To Trial. The Hearing On Ms. Gallian's Motion For Judgment On The Pleadings Will Be Held Via Zoom On November 1, 2022, At 1:30 P.M. In Courtroom 5C-Virtual, Located At 411 West Fourth Street, Santa Ana, CA 9201. (SEE ORDER FOR FURTHER RULINGS) (BNC-PDF) (Related Doc # 37 ) Signed on 10/5/2022 (NB8) (Entered: 10/05/2022) |
| 10/07/2022 | 42<br>(5 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)41 ORDER to continue/reschedule hearing (BNC-PDF)) No. of Notices: 0. Notice Date 10/07/2022. (Admin.) (Entered: 10/07/2022) |
| 10/14/2022 | 43<br>(1 pg) | Request for courtesy Notice of Electronic Filing (NEF) Filed by Barnhardt, Bradford. (Barnhardt, Bradford) (Entered: 10/14/2022) |
| 01/18/2023 | 44<br>(381 pgs) | Defendant Jamie L. Gallian's Lodgment Of Exhibits Filed by Defendant Jamie Lynn Gallian . [EDB] (NB8) (Entered: 01/19/2023) |
| 01/18/2023 | 45<br>(381 pgs) | Defendant Jamie L. Gallian's Lodgment Of Exhibits In Support Of Opposition To Houser Bros Co Motion For Relief From The Automatic Stay, (Dkt. 278). Memorandum Points & Authorities ISO Opposition Filed Under Separate Cover Filed by Defendant Jamie Lynn Gallian . [EDB] (NB8) (Entered: 01/19/2023) |
| 01/27/2023 | 46<br>(1 pg) | Request for Recording of Court Proceedings . Fee Amount $32, Filed by Plaintiff Houser Bros. Co.. (Hays, D) (Entered: 01/27/2023) |
| 01/27/2023 | | Receipt of Request for Recording of Court Proceedings (fee)( 8:21-ap-01097-SC) [misc,rrcp] ( 32.00) Filing Fee. Receipt number A55086505. Fee amount 32.00. (re: Doc# 46) (U.S. Treasury) (Entered: 01/27/2023) |
| 02/01/2023 | 47<br>(96 pgs) | Motion *Notice of Motion and Motion in Limine to Exclude Debtor's Trial Exhibits; Memorandum of Points and Authorities; Declaration of D. Edward Hays in Support; with Proof of Service* Filed by Plaintiff Houser Bros. Co. (Hays, D) [ORDER SHORTENING TIME GRANTED 2-2-2023. HEARING ON MOTION SET FOR FEBRUARY 14, 2023 AT 1:30 P.M. IN COURTROOM 5C-VIRTUAL - ATTORNEY TO GIVE NOTICE] Modified on 2/2/2023 (NB8). (Entered: 02/01/2023) |
| 02/01/2023 | 48<br>(4 pgs) | Application shortening time Filed by Plaintiff Houser Bros. Co. (Hays, D) (Entered: 02/01/2023) |
| 02/02/2023 | 49<br>(4 pgs) | Order Granting Application And Setting Hearing On Shortened Notice. The Hearing On Motion In Limine To Exclude Debtor's Trial Exhibits Will Take Place On February 14, 2023 At 1:30 P.M. In Courtroom 5C-Virtual (Accessibility Information Will Be Posted Into The Court's Tentative Ruling Prior To The Hearing) Located At 411 West Fourth Street, Santa |

EXHIBIT H, PAGE 166

CM/ECF - U.S. Bankruptcy Court (NG 1.7.1.1 - LIVE)

| | | |
|---|---|---|
| | | Ana, CA 92701. (BNC-PDF) (Related Doc # 48 ) Signed on 2/2/2023 (NB8) (Entered: 02/02/2023) |
| 02/02/2023 | 50 | Hearing Set (RE: related document(s)47 Motion In Limine To Exclude Debtor's Trial Exhibits filed by Plaintiff Houser Bros. Co.) The Hearing date is set for 2/14/2023 at 01:30 PM at Crtrm 5C-Virtual, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Scott C Clarkson (NB8) (Entered: 02/02/2023) |
| 02/02/2023 | 51 (8 pgs) | Notice of Hearing Filed by Plaintiff Houser Bros. Co. (RE: related document(s)47 Motion *Notice of Motion and Motion in Limine to Exclude Debtor's Trial Exhibits; Memorandum of Points and Authorities; Declaration of D. Edward Hays in Support; with Proof of Service* Filed by Plaintiff Houser Bros. Co. (Hays, D) [ORDER SHORTENING TIME GRANTED 2-2-2023. HEARING ON MOTION SET FOR FEBRUARY 14, 2023 AT 1:30 P.M. IN COURTROOM 5C-VIRTUAL - ATTORNEY TO GIVE NOTICE] Modified on 2/2/2023 (NB8). filed by Plaintiff Houser Bros. Co.). (Hays, D) (Entered: 02/02/2023) |
| 02/02/2023 | 52 (2 pgs) | Proof of service *(RE: related document(s)49 and Filed by Plaintiff Houser Bros. Co. (RE: related document(s)47 Motion *Notice of Motion and Motion in Limine to Exclude Debtor's Trial Exhibits; Memorandum of Points and Authorities; Declaration of D. Edward Hays in Support; with Proof of Service*). (Hays, D) (Entered: 02/02/2023) |
| 02/04/2023 | 53 (6 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)49 ORDER shortening time (BNC-PDF)) No. of Notices: 0. Notice Date 02/04/2023. (Admin.) (Entered: 02/04/2023) |
| 02/09/2023 | 54 (33 pgs) | Defendants' Trial Brief Filed by Defendant Jamie Lynn Gallian . [EDB] (NB8) (Entered: 02/09/2023) |
| 02/09/2023 | 55 (31 pgs) | Brief *Plaintiff's Trial Brief; with Proof of Service* Filed by Plaintiff Houser Bros. Co. (RE: related document(s)41 ORDER to continue/reschedule hearing (BNC-PDF)). (Hays, D) (Entered: 02/09/2023) |
| 02/09/2023 | 56 (123 pgs) | Notice *and Compendium of Unpublished Authority Filed in Support of: Plaintiff's Trial Brief; with Proof of Service* Filed by Plaintiff Houser Bros. Co. (RE: related document(s)55 Brief *Plaintiff's Trial Brief; with Proof of Service* Filed by Plaintiff Houser Bros. Co. (RE: related document(s)41 ORDER to continue/reschedule hearing (BNC-PDF)). filed by Plaintiff Houser Bros. Co.). (Hays, D) (Entered: 02/09/2023) |
| 02/10/2023 | 57 (6 pgs) | Declaration re: *Telephonic Notice and Service of Notice of Hearing on Shortened Time re: Motion in Limine to Exclude Debtor's Trial Exhibits* Filed by Plaintiff Houser Bros. Co. (RE: related document(s)47 Motion *Notice of Motion and Motion in Limine to Exclude Debtor's Trial Exhibits; Memorandum of Points and Authorities; Declaration of D. Edward Hays in Support; with Proof of Service*). (Hays, D) (Entered: 02/10/2023) |
| 02/14/2023 | 61 | Hearing Held On Motion (RE: related document(s)47 Motion In Limine To Exclude Debtor's Trial Exhibits filed by Plaintiff Houser Bros. Co.) - ORDER BY ATTORNEY - MOTION GRANTED (NB8) (Entered: 02/21/2023) |
| 02/15/2023 | 58 (6 pgs) | Order Granting Motion In Limine To Exclude Debtor's Trial Exhibits: Bifurcating Claims For Trial And Setting Status Conference On |

EXHIBIT H, PAGE 167

| | | |
|---|---|---|
| | | Remaining Claims. IT IS ORDERED: The Motion Is GRANTED As Set Forth Herein. Plaintiff's Claims For Relief Under 11 U.S.C. Section 727 Will Proceed To Trial On February 23, 2023, At 9:30 A.M. Plaintiff's Claims For Relief Under 11 U.S.C. Section 523 Are Bifurcated And Will Be Tried At A Later Date, To Be Set By Further Order Of This Court Following A Decision Of The Orange County Superior Court In Houser Bros. Co. V. Jamie Gallian, Case No. 30-2019-01041423-CL-UD-CJC. This Court Will Conduct A Status Conference Regarding The Status Of The Foregoing Orange County Superior Court Case As It Pertains To Plaintiff's Claims For Relief Under 11 U.S.C. Section 523 On July 18, 2023, At 1:30 P.M. A Joint Status Report Is Due 14 Days In Advance. (SEE ORDER FOR FURTHER RULING) (BNC-PDF) (Related Doc # 47) Signed on 2/15/2023 (NB8) (Entered: 02/15/2023) |
| 02/15/2023 | 59 | Hearing Set (RE: related document 58 Status Conference hearing to be held on 7/18/2023 at 01:30 PM at Crtrm 5C, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Scott C Clarkson (NB8) (Entered: 02/15/2023) |
| 02/17/2023 | 60 (8 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)58 Order on Generic Motion (BNC-PDF)) No. of Notices: 0. Notice Date 02/17/2023. (Admin.) (Entered: 02/17/2023) |
| 02/21/2023 | 62 (4 pgs) | Notice *Request to Continue February 23, 2023 Trial to April 26-27, 2023; Declaration of D. Edward Hays in Support; with Proof of Service* Filed by Plaintiff Houser Bros. Co. (RE: related document(s)41 Order Approving Joint Pretrial Stipulation, And Scheduling Order. IT IS ORDERED: The "Joint Pre-Trial Stipulation "Docket No. 37) IS APPROVED. An In-Person TRIAL Will Begin On FEBRUARY 23, 2023, At 9:30 A.M. In Courtroom 5C, Located At 411 West Fourth Street, Santa Ana, CA 92701. The Court's Following Posted Procedures Will Apply And Be Strictly Enforced: Judge Clarkson's Regular Procedures For Trials And Evidentiary Hearings. Trial Briefs Must Be Filed No Later Than 14 Days Prior To Trial. The Hearing On Ms. Gallian's Motion For Judgment On The Pleadings Will Be Held Via Zoom On November 1, 2022, At 1:30 P.M. In Courtroom 5C-Virtual, Located At 411 West Fourth Street, Santa Ana, CA 9201. (SEE ORDER FOR FURTHER RULINGS) (BNC-PDF) (Related Doc # 37) Signed on 10/5/2022 (NB8)). (Hays, D) (Entered: 02/21/2023) |
| 02/22/2023 | 63 (3 pgs) | Opposition To Continue February 23, 2023, Trial To April 26-27, 2003; Declaration Of Jamie Lynn Gallian (related document(s): 62 Notice filed by Plaintiff Houser Bros. Co.) Filed by Defendant Jamie Lynn Gallian [EDB] (NB8) (Entered: 02/22/2023) |
| 02/22/2023 | 64 (2 pgs) | Order Continuing Trial To April 26-27, 2023. IT IS ORDERED: The Trial Is CONTINUED From February 23, 2023, TO APRIL 26-27, 2023, At 9:30 A.M., In Courtroom 5C, Located At 411 West Fourth Street, Santa Ana, CA 92701. (BNC-PDF) Signed on 2/22/2023 (RE: related document(s)62 Notice filed by Plaintiff Houser Bros. Co.). (NB8) (Entered: 02/22/2023) |
| 02/23/2023 | 65 | Hearing Continued On Trial (RE: related document(s)3 : First Amended Complaint To (2) Deny Discharge Pursuant To 11 U.S.C. Sections 727(a) (2)(A), (a)(4), And (a)(5) filed by Plaintiff Houser Bros. Co.) TRIAL CONTINUED TO APRIL 26, 2023 AND APRIL 27, 2023 AT 9:30 A.M. PER ORDER CONTINUING TRIAL ENTERED 2-22-2023 - (DOCKET NO. 64). (NB8) (Entered: 02/23/2023) |

CM/ECF - U.S. Bankruptcy Court (NG 1.7.1.1 - LIVE)

| | | |
|---|---|---|
| 02/24/2023 | 66<br>(4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)64 Order (Generic) (BNC-PDF)) No. of Notices: 0. Notice Date 02/24/2023. (Admin.) (Entered: 02/24/2023) |
| 04/26/2023 | 68 | Hearing Held On Trial (RE: related document(s)3 First Amended Complaint To(2) Deny Discharge Pursuant To 11 U.S.C. Sections 727(a)(2)(A), (a)(4), And(a)(5) - [Trial only as to 727 action] filed by Plaintiff Houser Bros. Co.) - MATTER TAKEN UNDER SUBMISSION - ORDER BY CHAMBERS (NB8) (Entered: 04/27/2023) |
| 04/26/2023 | 80<br>(5 pgs) | Exhibit register and notice re disposition of exhibits. Register for Plaintiff for proceeding ending on 4/26/23. Notice RE Dispositon of Exhibits due by 6/26/2023. (JL) (Entered: 05/19/2023) |
| 04/27/2023 | 67<br>(1 pg) | Transcript Order Form, regarding Hearing Date 04/26/2023 Filed by Plaintiff Houser Bros. Co.. (Hays, D) (Entered: 04/27/2023) |
| 04/27/2023 | 69 | Hearing Held On Trial - RE: related document 3 First Amended Complaint To(2) Deny Discharge Pursuant To 11 U.S.C. Sections 727(a)(2)(A), (a)(4), And(a)(5) - [Trial only as to 727 action] filed by Plaintiff Houser Bros. Co.) - TRIAL OFF CALENDAR - TRIAL WAS COMPLETED ON 4-26-2023 (NB8) (Entered: 04/27/2023) |
| 04/28/2023 | 70 | Transcript Record Transmittal (Court transcript records have been uploaded to FDS). For Order Number: 23-SC-15. RE Hearing Date: 04/26/2023, [TRANSCRIPTION SERVICE PROVIDER: Briggs Reporting, Telephone number 310-410-4151.] (RE: related document(s)67 Transcript Order Form (Public Request) filed by Plaintiff Houser Bros. Co.) (AM) (Entered: 04/28/2023) |
| 05/01/2023 | 71<br>(4 pgs) | Declaration Of Jamie Lynn Gallian As Requested By The Honorable Scott C. Clarkson, United States Bankruptcy Judge, In Support Debtors Reduction In Sale Proceeds From Debtors Previous Homestead Sold 10/31/2018, Located At 4476 Alderport Drive, Huntington Beach, CA 92649 Filed by Defendant Jamie Lynn Gallian . [EDB] (NB8) (Entered: 05/02/2023) |
| 05/03/2023 | 72<br>(420 pgs) | Transcript regarding Hearing Held 04/26/23 RE: CONT'D TRIAL RE: FIRST AMENDED COMPLAINT TO (2) DENY DISCHARGE PURSUANT TO 11 U.S.C. SECTIONS 727(A)(2)(A), (A)(4), AND (A)(5) (COMPLAINT FILED 10/22/2021) (FIRST AMENDED COMPLAINT FILED 10/22/2021) [CASE TRANSFERRED FROM ES ON 9/1/2022] (SET AT SC HELD 1-6-22) (TRIAL SET AT HEARING HELD 9/27/2022) [TRIAL ONLY AS TO 727 ACTION] [IN-PERSON HEARING]. Remote electronic access to the transcript is restricted until 08/1/2023. The transcript may be viewed at the Bankruptcy Court Clerk's Office on a public terminal **or** purchased through the Transcription Service Provider before the transcript access restriction has ended. [TRANSCRIPTION SERVICE PROVIDER: BRIGGS REPORTING COMPANY, INC., Telephone number 310-410-4151.]. Notice of Intent to Request Redaction Deadline Due By 5/10/2023. Redaction Request Due By 05/24/2023. Redacted Transcript Submission Due By 06/5/2023. Transcript access will be restricted through 08/1/2023. (Steinhauer, Holly) (Entered: 05/03/2023) |
| 05/08/2023 | 73<br>(121 pgs) | Declaration of Jamie Lynn Gallian as Requested by the Honorable Scott C. Clarkson, United States Bankruptcy Judge, in Support Debtors Reduction |

EXHIBIT H, PAGE 169

9/6/23, 2:46 PM

CM/ECF - U.S. Bankruptcy Court (NG 1.7.1.1 - LIVE)

| | | |
|---|---|---|
| | | in Sale Proceeds from Debtors Previous Homestead Sold 10/31/2018, Located at 4476 Alderport Dr. Huntington Beach, CA 92649 Filed by Defendant Jamie Lynn Gallian 'EDB' (RE: related document(s)3 Amended Complaint). (JL) (Entered: 05/09/2023) |
| 05/10/2023 | 74 (25 pgs) | Brief *Plaintiff's Post-Trial Closing Brief; with Proof of Service* Filed by Plaintiff Houser Bros. Co.. (Hays, D) (Entered: 05/10/2023) |
| 05/10/2023 | 75 (127 pgs) | Notice *of Compendium of Unpublished Authority re: Plaintiff's Post-Trial Closing Brief; with Proof of Service* Filed by Plaintiff Houser Bros. Co. (RE: related document(s)74 Brief *Plaintiff's Post-Trial Closing Brief; with Proof of Service* Filed by Plaintiff Houser Bros. Co.. filed by Plaintiff Houser Bros. Co.). (Hays, D) (Entered: 05/10/2023) |
| 05/10/2023 | 76 (69 pgs) | Motion to Amend (related document(s)3 Amended Complaint) *Notice of Motion and Motion to Amend Complaint; Memorandum of Points and Authorities; Declaration of D. Edward Hays in Support; with Proof of Service* Filed by Plaintiff Houser Bros. Co. (Hays, D) (Entered: 05/10/2023) |
| 05/10/2023 | 77 (22 pgs) | Debtor's Post Trial Brief in support of Debtor Receiving a Chapter 7 Discharge Filed by Defendant Jamie Lynn Gallian [EDB] . (AM) (Entered: 05/11/2023) |
| 05/11/2023 | 78 | Hearing Set (RE: related document(s)76 Motion to Amend filed by Plaintiff Houser Bros. Co.) The Hearing date is set for 6/1/2023 at 11:00 AM at Crtrm 5C, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Scott C Clarkson (AM) (Entered: 05/11/2023) |
| 05/17/2023 | 79 (384 pgs) | Opposition To Houser Bros Co Motion To Amend First Amended Complaint Filed October 6, 2021; Memorandum Of Points And Authorities; Declaration Of Jamie Lynn Gallian In Support (related document(s): 76 Motion to Amend (related document(s)3 Amended Complaint) *Notice of Motion and Motion to Amend Complaint; Memorandum of Points and Authorities; Declaration of D. Edward Hays in Support; with Proof of Service* filed by Plaintiff Houser Bros. Co.) Filed by Defendant Jamie Lynn Gallian [EDB] (NB8) (Entered: 05/18/2023) |
| 05/23/2023 | 81 (19 pgs) | Order (1) Order Denying Motion To Amend And Vacating Hearing; (2) Memorandum Decision After Trial Regarding Section 727 Claims; And (3) Setting Status Conference On Remaining Section 523 Claims. IT IS ORDERED: The Court Finds Good Cause To Enter The Following Order DENYING The Motion To Amend, VACATING The Hearing On The Motion To Amend, And Finding In Favor Of Plaintiff And Against Defendant Pursuant To 11 U.S.C. Sections 727(a)(2)(A), (a)(4), And (a)(5). Judgment, however, Cannot Yet Be Issued As There Remain Pending Section 523 Claims. Accordingly, The Court Hereby Sets A Status Conference On June 27, 2023, At 1:30 P.M., With A Status Report Due 14 Days In Advance. The Status Report Must Advise The Court How The Parties Wish To Proceed In Light Of The Issuance Of This Memorandum Decision. (SEE ORDER FOR FURTHER RULING) (BNC-PDF) (Related Doc # doc ) Signed on 5/23/2023 (NB8) (Entered: 05/23/2023) |
| 05/25/2023 | 82 (21 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)81 Order on Generic Motion (BNC-PDF)) No. of Notices: 0. Notice Date 05/25/2023. (Admin.) (Entered: 05/25/2023) |

EXHIBIT H, PAGE 170

| | | |
|---|---|---|
| 05/29/2023 | [83](#)<br>(24 pgs) | Notice of Appeal and Statement of Election to United States District Court.(Official Form 417A) . Fee Amount $298 Filed by Defendant Jamie Lynn Gallian (RE: related document(s)[82](#) BNC Certificate of Notice - PDF Document). Appellant Designation due by 6/13/2023. [EDB] (NB8) (Entered: 05/30/2023) |
| 05/30/2023 | [84](#)<br>(37 pgs; 5 docs) | Notice Of Referral Of Appeal To United States District Court with certificate of mailing (RE: related document(s)[83](#) Notice of Appeal and Statement of Election (Official Form 417A) filed by Defendant Jamie Lynn Gallian) (Attachments: # [1](#) Notice of Appeal and Statement of Election # [2](#) Notice of Transcript(s) Designated for an Appeal # [3](#) Transcript Order Form # [4](#) Amended Order Continuing The Bankruptcy Appellate Panel of the Ninth Circuit) (NB8) (Entered: 05/30/2023) |
| 06/01/2023 | 85 | Hearing Held On Motion (RE: related document(s)[76](#) Motion To Amend Complaint filed by Plaintiff Houser Bros. Co.) - HEARING ON MOTION OFF CALENDAR PER (1) ORDER DENYING MOTION TO AMEND AND VACATING HEARING; (2) MEMORANDUM DECISION AFTER TRIAL REGARDING SECTION 727 CLAIMS; AND (3) SETTING STATUS CONFERENCE ON REMAINING SECTION 523 CLAIMS ENTERED 5-23-2023 - (DOCKET NO. [81](#)) (NB8) (Entered: 06/02/2023) |
| 06/12/2023 | [86](#)<br>(3 pgs) | Notice Of Transcript(s) Designated For An Appeal; Hearing Date(s): 04/26/2023 - Docket No. 338 ; 02/08/2023 - Docket No. 333 ; 02/01/2023 - Docket No. 317 ; 02/15/2023 - Docket No. 336 ; And 01/24/2023 - Docket No. 306 Filed by Defendant Jamie Lynn Gallian (RE: related document(s)[83](#) Notice of Appeal and Statement of Election (Official Form 417A)). [EDB] (NB8) (Entered: 06/12/2023) |
| 06/12/2023 | [87](#)<br>(4 pgs) | AMENDED Notice Of Transcript(s) Designated For An Appeal; Hearing Date(s): 04/26/2023 - Docket No. 338 ; 02/08/2023 - Docket No. 333 ; 02/01/2023 - Docket No. 317 ; 02/15/2023 - Docket No. 336 ; And 01/24/2023 - Docket No. 306 Filed by Defendant Jamie Lynn Gallian (RE: related document(s)[83](#) Notice of Appeal and Statement of Election (Official Form 417A)). [EDB] (NB8) (Entered: 06/12/2023) |
| 06/12/2023 | [88](#)<br>(2 pgs) | Assignment notice of USDC case/judge to appeal - Assigned USDC Case No.: 8:23-cv-00961-WLH (filed at united States District Court on 6/7/2023) (RE: related document(s)[83](#) Notice of Appeal and Statement of Election (Official Form 417A) filed by Defendant Jamie Lynn Gallian) (NB8) (Entered: 06/12/2023) |
| 06/12/2023 | | Receipt of Appeal/Cross Appeal Filing Fee - $298.00 by 20. Receipt Number 20247792 (admin) (Entered: 06/12/2023) |
| 06/14/2023 | [89](#)<br>(161 pgs) | Status report (Unilateral) Filed by Defendant Jamie Lynn Gallian (RE: related document(s)[3](#) Amended Complaint). [EDB] (NB8) (Entered: 06/14/2023) |
| 06/14/2023 | [90](#)<br>(13 pgs) | Status report *Unilateral Status Report; with Proof of Service* Filed by Plaintiff Houser Bros. Co. (RE: related document(s)[81](#) Order on Generic Motion (BNC-PDF)). (Hays, D) - See docket entry no.: 91 for corrections - Modified on 6/15/2023 (NB8). (Entered: 06/14/2023) |
| 06/15/2023 | 91 | Notice to Filer of Error and/or Deficient Document **Incorrect hearing date/time/location was selected. THE FILER IS INSTRUCTED TO FILE A NOTICE OF ERRATA WITH THE CORRECT HEARING** |

| | | |
|---|---|---|
| | | **INFORMATION, WHICH IS: JUNE 27, 2023 AT 1:30 P.M. IN COURTROOM 5C, LOCATED AT 411 WEST FOURTH STREET, SANTA ANA, CA 92701.** (RE: related document(s)90 Status report filed by Plaintiff Houser Bros. Co.) (NB8) (Entered: 06/15/2023) |
| 06/16/2023 | 92 (3 pgs) | Errata *Notice of Errata re: Unilateral Status Report to Correct Time of Status Conference; with Proof of Service* Filed by Plaintiff Houser Bros. Co. (RE: related document(s)90 Status report). (Barnhardt, Bradford) (Entered: 06/16/2023) |
| 06/20/2023 | 93 (29 pgs) | Answer Of Jamie Lynn Gallian Filed by Jamie Lynn Gallian (RE: related document 1). [EDB] (NB8) (Entered: 06/20/2023) |
| 06/23/2023 | 96 (4 pgs) | Appellant's Statement Of Issues On Appeal RE: Order Finding In Favor Of [Unnamed] "Plaintiff" and Against Defendant Pursuant To 11 U.S.C. 727(a)92)(A); (a)(4); (a)(5) Without Proof of Article III Standing; Complaint Doc 3, Filed In Violation Of FRCP 4003 Filed by Defendant Jamie Lynn Gallian (RE: related document(s)83 Notice of Appeal and Statement of Election (Official Form 417A)). [EDB] (NB8) (Entered: 06/26/2023) |
| 06/26/2023 | 94 (5 pgs) | Designation Of Record And Statement Of Issues On Appeal Filed by Defendant Jamie Lynn Gallian (RE: related document(s)83 Notice of Appeal and Statement of Election (Official Form 417A)). Appellee designation due by 7/10/2023. Transmission of Designation Due by 7/26/2023. [EDB] (NB8) (Entered: 06/26/2023) |
| 06/26/2023 | 95 (6 pgs) | AMENDED Designation Of Record, Statement Of Issues on Appeal Filed by Defendant Jamie Lynn Gallian (RE: related document(s)83 Notice of Appeal and Statement of Election (Official Form 417A)). Appellee designation due by 7/10/2023. Transmission of Designation Due by 7/26/2023. [EDB](NB8) (Entered: 06/26/2023) |
| 06/27/2023 | 106 | Hearing Continued On Status Conference (RE: related document 3 Status Of Orange County Superior Court Case In Houser Bros. Co. v. Jamie Gallian, Case No. 30-2019-01041423- or Relief Under 11 U.S.C. Section 523) - STATUS CONFERENCE HEARING CONTINUED TO DECEMBER 5, 2023 AT 1:30 P.M. IN COURTROOM 5C, LOCATED AT 411 WEST FOURTH STREET, SANTA ANA, CA 92701. STATUS REPORT DUE FOURTEEN (14) DAYS IN ADVANCE. The case judge is Scott C Clarkson (NB8) (Entered: 07/11/2023) |
| 06/29/2023 | 97 (2 pgs) | Notice of Hearing *Notice of Continued Status Conference; with Proof of Service* Filed by Plaintiff Houser Bros. Co.. (Hays, D) (Entered: 06/29/2023) |
| 06/29/2023 | 98 (5 pgs) | Notice of lodgment Filed by Plaintiff Houser Bros. Co. (RE: related document(s)3 Amended Complaint). (Hays, D) (Entered: 06/29/2023) |
| 06/29/2023 | 99 (6 pgs) | Notice of lodgment Filed by Plaintiff Houser Bros. Co. (RE: related document(s)3 Amended Complaint). (Hays, D) (Entered: 06/29/2023) |
| 07/07/2023 | 100 (3 pgs) | JUDGMENT Denying Debtor's Discharge Pursuant To 11 U.S.C. Sections 727(a)(2)(A), (a)(4), And (a)(5). IT IS HEREBY ORDERED, ADJUDGED AND DECREED That Judgment Is Entered In Favor Of Plaintiff And Against Defendant On The Third Claim For Relief And That Debtor's Discharge Is DENIED Pursuant To 11 U.S.C. Section 727(a)(2)(A). IT IS HEREBY ORDERED, ADJUDGED AND DECREED That Judgment Is Entered In Favor |

EXHIBIT H, PAGE 172

| | | |
|---|---|---|
| | | Of Plaintiff And Against Defendant On The Fourth Claim For Relief And That Debtor's Discharge Is DENIED Pursuant To 11 U.S.C. Section 727(a)(4). IT IS HEREBY ORDERED, ADJUDGED AND DECREED That Judgment Is Entered In Favor Of Plaintiff And Against Defendant On The Fifth Claim For Relief And That Debtor's Discharge Is DENIED Pursuant To 11 U.S.C. Section 727(a)(5). (BNC-PDF) (Related Doc # 3 ) Signed on 7/7/2023 (NB8) (Entered: 07/07/2023) |
| 07/07/2023 | 101 (2 pgs) | Order After Status Conference RE: 11 U.S.C. Section 523 Claims. IT IS ORDERED: 1. Pursuant To Rule 54(b) Of The Federal Rules of Civil Procedure, The Court Expressly Finds That Good Cause Exists For, And That There Is No Just Reason To Delay, Entry Of A Final Judgment On The Section 727 Claims And The Courts Decision To Deny Discharge (Judgment); 2. Pending The Judgment Becoming Final And No Longer Subject To Appeal, Plaintiffs Remaining Claims Under 11 U.S.C. Setcion 523 Claims (Claims) Shall Be Held In Abeyance. After The Judgment Becomes Final And No Longer Subject To Appeal, Plaintiff Shall File A Statement Advising The Court As To Its Intent Regarding The Claims. The Court Retains Jurisdiction To Adjudicate The Claims Even If This Adversary Proceeding Be Closed Pending Resolution Of Debtors Appeal Of the Judgment; 3. The Status Conference On The Claims Currently Set For July 18, 2023, At 1:30 P.M., Shall Be Vacated, And No Appearances Will Be Required; And 4. The Status Conference Held On June 27, 2023, Is Continued To December 5, 2023, At 1:30 P.M. As A Holding Date On The Abeyance And Status Of Any Appeal(s) Of The Judgment. Under Local Bankruptcy Rule 7026-1(a), The Parties Must File A Joint Status Report No Later Than 14 Days Prior To The Hearing. (BNC-PDF) Signed on 7/7/2023. (NB8) (Entered: 07/07/2023) |
| 07/09/2023 | 102 (5 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)100 JUDGMENT (BNC-PDF)) No. of Notices: 0. Notice Date 07/09/2023. (Admin.) (Entered: 07/09/2023) |
| 07/09/2023 | 103 (4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)101 Order (Generic) (BNC-PDF)) No. of Notices: 0. Notice Date 07/09/2023. (Admin.) (Entered: 07/09/2023) |
| 07/10/2023 | 104 (4 pgs) | Appellee Designation of Contents for Inclusion in Record of Appeal Filed by Plaintiff Houser Bros. Co. (RE: related document(s)83 Notice of Appeal and Statement of Election (Official Form 417A)). (Hays, D) (Entered: 07/10/2023) |
| 07/11/2023 | 105 (7 pgs) | SECOND AMENDED - Appellant's Additional Designation Of Items To Be Included In The Record On Appeal RE: (1) Order Denying Motion To Amend And Vacating Hearing; (2) Memorandum Decision After Trial Regarding Section 727 Claims; And (3) Setting Status Conference On Remaining Section 523 Claims Filed by Defendant Jamie Lynn Gallian (RE: related document(s)83 Notice of Appeal and Statement of Election (Official Form 417A)). Appellee designation due by 7/25/2023. Transmission of Designation Due by 8/10/2023. [EDB] (NB8) (Entered: 07/11/2023) |
| 07/11/2023 | 107 (121 pgs) | Motion to strike *Notice of Motion and Motion to Strike Debtor's Post-Trial Answer Filed Without Leave of Court; Memorandum of Points and Authorities; Declaration of D. Edward Hays in Support; with Proof of Service* Filed by Plaintiff Houser Bros. Co. (Hays, D) (Entered: 07/11/2023) |
| 07/11/2023 | 108 | Hearing Set (RE: related document(s)107 Motion To Strike Debtor's Post-Trial Answer Filed Without Leave Of Court filed by Plaintiff Houser Bros. Co.) The Hearing date is set for 8/14/2023 at 10:30 AM at Crtrm 5C, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Scott C Clarkson (NB8) (Entered: 07/12/2023) |

EXHIBIT H, PAGE 173

9/6/23, 2:46 PM                                       CM/ECF - U.S. Bankruptcy Court (NG 1.7.1.1 - LIVE)

| | | |
|---|---|---|
| 07/14/2023 | 109<br>(3 pgs) | Appellants AMENDED Notice Of Transcript(s) Designated For An Appeal: Hearing Date(s): 04/26/2023 - Docket No. 338 Filed by Defendant Jamie Lynn Gallian (RE: related document(s)83 Notice of Appeal and Statement of Election (Official Form 417A)). [EDB] (NB8) (Entered: 07/14/2023) |
| 07/14/2023 | 110<br>(7 pgs) | THIRD AMENDED - Appellant's Additional Designation Of Items To Be Included In The Record On Appeal RE: (1) Order Denying Motion To Amend And Vacating Hearing; (2) Memorandum Decision After Trial Regarding Section 727 Claims; And (3) Setting Status Conference On Remaining Section 523 Claims Filed by Defendant Jamie Lynn Gallian (RE: related document(s)83 Notice of Appeal and Statement of Election (Official Form 417A)). Appellee designation due by 7/28/2023. Transmission of Designation Due by 8/14/2023. [EDB] (NB8) (Entered: 07/14/2023) |
| 07/14/2023 | 111<br>(2 pgs) | Certificate Of Readiness And Completion Of Record On Appeal To United States District Court RE: USDC Case No. 8:23-cv-00961-WLH (RE: related document(s)83 Notice of Appeal and Statement of Election (Official Form 417A) filed by Defendant Jamie Lynn Gallian) (NB8) (Entered: 07/14/2023) |
| 07/17/2023 | 112<br>(1 pg) | Notice RE: Bankruptcy Record Complete - RE: Appeal RE: USDC Case No.: 8:23-cv-00961-WLH (filed at United States District Court on 7/17/2023) (RE: related document(s)83 Notice of Appeal and Statement of Election (Official Form 417A) filed by Defendant Jamie Lynn Gallian) (NB8) (Entered: 07/17/2023) |
| 07/18/2023 | 113 | Hearing Continued On Status Conference (RE: related document 3 Status Of Orange County Superior Court Case In Houser Bros. Co. v. Jamie Gallian, Case No. 30-2019-01041423-CL-UD-CJC As It Pertains To Plaintiff's Claims For Relief Under 11 U.S.C.Section 523 - STATUS CONFERENCE HEARING CONTINUED TO DECEMBER 5, 2023 AT 1:30 P.M. IN COURTROOM 5C, LOCATED AT 411 WEST FOURTH STREET, SANTA ANA, CA 92701 PER ORDER AFTER STATUS CONFERENCE RE: 11 U.S.C. SECTION 523 CLAIMS ENTERED 7-7-2023 - (DOCKET NO. 101) The case judge is Scott C Clarkson (NB8) Modified on 7/24/2023 (NB8). (Entered: 07/24/2023) |
| 08/02/2023 | 114<br>(189 pgs) | Opposition To Strike Debtor's Answer To Doc 1; Memorandum Of Points And Authorities; Declaration Of Jamie Lynn Gallian (related document(s): 107 Motion to strike *Notice of Motion and Motion to Strike Debtor's Post-Trial Answer Filed Without Leave of Court; Memorandum of Points and Authorities; Declaration of D. Edward Hays in Support; with Proof of Service* filed by Plaintiff Houser Bros. Co.) Filed by Defendant Jamie Lynn Gallian [EDB] (NB8) (Entered: 08/02/2023) |
| 08/07/2023 | 115<br>(17 pgs) | Reply to (related document(s): 107 Motion to strike *Notice of Motion and Motion to Strike Debtor's Post-Trial Answer Filed Without Leave of Court; Memorandum of Points and Authorities; Declaration of D. Edward Hays in Support; with Proof of Service* filed by Plaintiff Houser Bros. Co.) Filed by Plaintiff Houser Bros. Co. (Hays, D) (Entered: 08/07/2023) |
| 08/14/2023 | 118 | Hearing Held On Motion (RE: related document(s)107 Motion To Strike Debtor's Post-Trial Answer Filed Without Leave Of Court filed by Plaintiff Houser Bros. Co.) - ORDER BY ATTORNEY - MOTION GRANTED (NB8) (Entered: 08/22/2023) |
| 08/21/2023 | 116<br>(3 pgs) | Notice of lodgment Filed by Plaintiff Houser Bros. Co. (RE: related document(s)107 Motion to strike *Notice of Motion and Motion to Strike Debtor's Post-Trial Answer Filed Without Leave of Court; Memorandum of Points and* |

EXHIBIT H, PAGE 174

|  |  |  |
|---|---|---|
|  |  | *Authorities; Declaration of D. Edward Hays in Support; with Proof of Service* Filed by Plaintiff Houser Bros. Co. filed by Plaintiff Houser Bros. Co.). (Hays, D) (Entered: 08/21/2023) |
| 08/22/2023 | 117 (2 pgs) | Proof of service Filed by Plaintiff Houser Bros. Co. (RE: related document(s)116 Notice of Lodgment). (Hays, D) (Entered: 08/22/2023) |
| 08/29/2023 | 119 (2 pgs) | Order Granting Motion To Strike Debtor's Post-Trial Answer Filed Without Leave Of Court. IT IS ORDERED: The Motion Is GRANTED. The "Answer Of Jamie Lynn Gallian," Docket No. 93 , Shall Be Stricken. (BNC-PDF) (Related Doc # 107 ) Signed on 8/29/2023 (NB8) (Entered: 08/29/2023) |
| 08/31/2023 | 120 (4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)119 Order on Generic Motion (BNC-PDF)) No. of Notices: 0. Notice Date 08/31/2023. (Admin.) (Entered: 08/31/2023) |

<table>
<tr><td colspan="4" align="center">**PACER Service Center**</td></tr>
<tr><td colspan="4" align="center">**Transaction Receipt**</td></tr>
<tr><td colspan="4" align="center">09/06/2023 14:35:05</td></tr>
<tr><td>**PACER Login:**</td><td>attydeh162507</td><td>**Client Code:**</td><td>9999-001</td></tr>
<tr><td>**Description:**</td><td>Docket Report</td><td>**Search Criteria:**</td><td>8:21-ap-01097-SC Fil or Ent: filed From: 6/8/2021 To: 9/6/2023 Doc From: 0 Doc To: 99999999 Term: included Format: html Page counts for documents: included</td></tr>
<tr><td>**Billable Pages:**</td><td>13</td><td>**Cost:**</td><td>1.30</td></tr>
</table>

EXHIBIT H, PAGE 175

**EXHIBIT I**

FILED & ENTERED

MAY 23 2023

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bolte        DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>Jamie Lynn Gallian,<br><br><br><br>Debtor(s). | Case No.:  8:21-bk-11710-SC<br><br>CHAPTER 7<br><br>Adv No:   8:21-ap-01097-SC<br><br>**(1) ORDER DENYING MOTION TO AMEND AND VACATING HEARING;**<br>**(2) MEMORANDUM DECISION AFTER TRIAL REGARDING §727 CLAIMS; AND**<br>**(3) SETTING STATUS CONFERENCE ON REMAINING § 523 CLAIMS** |
| Houser Bros. Co., dba Rancho Del Rey<br>Mobile Home Estates,<br><br><br>Plaintiff(s),<br>    v.<br><br>Jamie Lynn Gallian,<br><br><br>Defendant(s). | §727 Trial:<br>Date:        April 26, 2023<br>Time:        9:30 a.m.<br>Courtroom:  5C |

-1-

1    On April 26, 2023, a trial was held in the above captioned adversary proceeding

2    ("April 26 Trial"). D. Edward Hays, Esq. and Bradford Barnhardt, Esq. appeared on

3    behalf of Plaintiff Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates

4    ("Plaintiff"), as did Christopher Houser, who appeared and testified as Plaintiff's

5    representative. Greg Buysman was also called as a witness by Plaintiff. Defendant

6    Jamie Lynn Gallian ("Defendant" or "Debtor") appeared pro se and testified. All

7    witnesses were cross-examined by the opposing party.

8    During trial, Plaintiff presented its case, seeking the denial of Defendant's

9    discharge under 11 U.S.C. §§727(a)(2)(A), (a)(4), and (a)(5).[1] Plaintiff did not include a

10    cause of action for §727(a)(2)(B)[2] in its complaint; however, after the parties had rested,

11    and after the close of evidence, Plaintiff orally moved to amend the complaint to

12    conform to the evidence presented at trial (i.e., Defendant's admissions of her attempts

13    to perfect post-petition liens). While the Court permitted the parties to address

14    §727(a)(2)(B) in their closing statements and post-trial briefs, it did so concurrently with

15    the expressed requirement that Plaintiff file a written motion to amend, to be heard on

16    regular notice, which would need to be granted before the Court would consider the

17    inclusion of the new cause of action. Plaintiff filed its written motion to amend the

18    complaint on May 10, 2023 [Dk. 76] ("Motion to Amend"), setting the matter for hearing

19    on June 1, 2023. On May 18, 2023, Defendant filed her opposition [Dk. 79].[3]

20    Additionally, the Court granted Defendant the opportunity to file a supplemental

21

22    _____

23    [1] The Court bifurcated Plaintiff's claims for relief under 11 U.S.C. § 523 and ordered that the trial would
proceed only as it relates to Plaintiff's claims for relief under § 727. *See* Dk. 58.

24    [2] § 727(a)(2)(B) states: "The court shall grant the debtor a discharge, unless— (2) the debtor, with intent
to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under

25    this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred,
removed, destroyed, mutilated, or concealed—(B) property of the estate, after the date of the filing of the

26    petition."

27    [3] The Court notes that Defendant improperly raised the issue of standing by attaching what appears to be
recycled from a prior pleading related to a motion for relief from stay filed earlier in the case. *See*

28    Opposition to Motion to Amend filed May 17, 2023, Dk. 79, Pg. 9. The Court will address the issue of
Plaintiff's standing herein, briefly, but not in connection with the motion to amend which is denied herein.

EXHIBIT I, PAGE 177

1    declaration accounting for her expenditures in greater detail, which Defendant provided

2    twice: on May 1, 2023 [Dk. 71] and May 8, 2023 [Dk. 73].[4] Moreover, the Court

3    requested post-trial briefs from both parties, which briefs were timely filed on May 10,

4    2023 [Dks. 74 and 77].

5          After considering the arguments of the parties, the pleadings filed prior to and

6    after trial, all evidence admitted during trial and based upon the discussion on the

7    record at trial, and for the reasons more fully explained below, the Court finds good

8    cause to enter the following order DENYING the Motion to Amend, VACATING the

9    hearing on the Motion to Amend, and rendering judgment in favor of Plaintiff and

10    against Defendant on each of its original § 727 causes of action (i.e., 11 U.S.C. §§

11    727(a)(2)(A), (a)(4) and (a)(5)).

12        **I.**      **Plaintiff's Standing**

13          As a preliminary matter, the Court finds that, contrary to the repeated assertions

14    of Defendant, Plaintiff has proper standing to pursue this action.

15          Under Section 727(c)(1), a creditor has standing to object to the granting of a

16    discharge under Section 727(a). *See* 11 U.S.C. § 727(c)(1) ("The trustee, a creditor, or

17    the United States trustee may object to the granting of a discharge . . ."). A creditor is

18    defined under the Bankruptcy Code as an "entity that has a claim against the debtor that

19    arose at the time of or before the order for relief concerning the debtor." 11 U.S.C. §

20    101(10). A claim is a "right to a payment, whether or not such right is reduced to

21    judgment, liquidated, fixed, contingent, matured, unmatured, *disputed*, undisputed,

22    legal, equitable, secured or unsecured." 11 U.S.C. § 101(5) (emphasis added).

23          Plaintiff is a creditor of Debtor's estate, having filed a proof of claim (Claim #3) on

24    October 23, 2022. That the facts underlying Plaintiff's claim against Debtor are disputed

25    by Debtor is insufficient to deprive Plaintiff of standing to bring this action. *See* S*paich v.*

26    *Smith (In re Spaich)*, 2005 Bankr. LEXIS 3431, at *3 (B.A.P. 9th Cir. 2005) ("[T]here is

27

28    _____
[4] The latter filing contained improperly authenticated documentary evidence, presumably intended to
corroborate certain of the expenditures. The Court has reviewed and considered both documents, despite
the fact that both declarations were filed outside of the timeframe ordered by the Court.

EXHIBIT I, PAGE 178

1  nothing in the Code or the Rules which suggest that only creditors with proven claims

2  may file such an action, and case law suggests the contrary.") Moreover, "lack of injury

3  to creditors is irrelevant for purposes of denying a discharge in bankruptcy." *Retz v.*

4  *Samson (In re Retz)*, 606 F.3d 1189, 1200 (9th Cir. 2010). Accordingly, Defendant's

5  objections with regard to Plaintiff's standing to bring this action against her are

6  OVERRULED.

7      **II.**     **Plaintiff's Motion to Amend**

8      Rule 15(b)(2) of the Federal Rules of Civil Procedure (FRCP) is made applicable

9  to this adversary proceeding by Rule 7015 of the Federal Rules of Bankruptcy

10  Procedure (FRBP), and permits a party to "move – at any time, even after judgment – to

11  amend the pleadings to conform them to the evidence and to raise an unpleaded issue."

12  Fed. R. Civ. P. 15(b)(2).

13      "To amend a pleading under rule 15(b)(2) a party must show that an issue was

14  tried by the parties' express or implied consent… **and** that amendment would not cause

15  substantial prejudice to the opposing party." *Phila. Indem. Ins. Co. v. Danco Builders*,

16  2017 U.S. Dist. LEXIS 136338, at *9 (N.D. Cal. 2017) (internal citations and quotations

17  omitted) (emphasis added).

18      During Plaintiff's examination of Defendant at the April 26 Trial, Defendant

19  admitted to gifting post-petition liens against her residence to her son, granddaughter,

20  ex-husband, and roommate with the stated purpose of "getting her affairs in order."

21  Plaintiff seeks to amend its complaint to include a § 727(a)(2)(B) cause of action

22  because Defendant admitted certain facts at trial regarding post-petition liens. Plaintiff

23  appears to argue that Defendant impliedly consented to try the issue because

24  Defendant did not object to Plaintiff's counsel's questions regarding post-petition liens

25  during her examination, and Defendant addressed Plaintiff's allegations with regard to

26  the post-petition liens during the presentation of her defense. Plaintiff further argues that

27  Defendant articulated no prejudice which would result from Plaintiff's proposed

28  amendment, and that there would, in fact, be no prejudice to Defendant because *inter*

EXHIBIT I, PAGE 179

*alia*, the standard for denial of discharge is the same as § 727(a)(2)(A) (which cause of action was originally plead) except with respect to the timing of the disposition of estate property (i.e., before or after the petition date). In short, Plaintiff asserts that because § 727(a)(2)(B) is not "a wildly new legal theory", there is no prejudice to Defendant in addressing it herein. The Court disagrees.

The purpose of Rule 15(b) is to freely allow the pleadings to be amended "to reflect the actual issues upon which a case was tried." *Prieto v. Paul Revere Life Ins. Co.*, 354 F.3d 1005, 1012 (9th Cir. 2004). However, "[t]he rule does not permit amendments to include issues which may be inferentially suggested by incidental evidence in the record." *Consol. Data Terminals v. Applied Dig. Data Sys.*, 708 F.2d 385, 396 (9th Cir. 1983) (internal quotations omitted). [A] trial court may not base its decision upon an issue that was tried inadvertently." *Id.* at 397.

"An adverse party cannot be expected to object to the introduction of evidence that is only tangentially related to the issues actually pleaded prior to trial **unless** the party has notice that the evidence is being introduced as proof on some other unpleaded issue." *Id.* (emphasis added). Therefore, "to establish implied consent, the plaintiff must demonstrate that the defendant understood evidence had been introduced to prove the new issue and that the new issue had been directly addressed, not merely inferentially raised by incidental evidence." *Jaurigui v. Jaurugui (In re Swing House Rehearsal & Recording, Inc.)*, 2022 Bankr. LEXIS 702, at *4-5 (Bankr. C.D. Cal. 2022).

That Defendant did not object to questioning regarding the post-petition liens and that after her admissions regarding the post-petition liens, Defendant replied in her defense to Plaintiff's assertions raised in closing argument, is in this Court's view, insufficient to demonstrate that Defendant impliedly consented to try the §727(a)(2)(B) cause of action. It is Plaintiff's burden to demonstrate that Defendant understood at trial that the evidence was being introduced to prove §727(a)(2)(B) specifically, and that § 727(a)(2)(B) would be directly addressed. That was not the case here.

Plaintiff offers no explanation for why it did not seek to add this cause of action

EXHIBIT I, PAGE 180

1  until trial, except stating that "Debtor had not disclosed the post-petition transfers and

2  Houser Bros. only discovered them during the [adversary] case." Motion to Amend, Dk.

3  76, Pg. 3:8-12.[5] However, the Court notes that it was well-understood, before trial, that

4  the issue of Debtor's post-petition transfers would be raised. Plaintiff's trial brief

5  referenced such transfers as evidence supporting Plaintiff's §727(a)(2)**(A)** cause of

6  action. Plaintiff's Trial Brief filed February 9, 2023, Dk. 55, Pgs. 20:22-21:21 (emphasis

7  added). No mention of §727(a)(2)(B) was raised in that brief, despite Plaintiff's clear

8  knowledge of the transfers. Plaintiff and Defendant agreed to the admission of various

9  UCC Amendments (including Exhibit 14 evidencing the existence of post-petition liens

10  to Debtor's sons), in the pre-trial stipulation filed September 13, 2022 [Dk. 37, Pg. 18],

11  and Plaintiff's questioning at the April 26 Trial indicates that the pre-petition liens were

12  discussed in Defendant's pre-trial deposition, which Defendant testified occurred in

13  June of 2022. Trial transcript, Dk. 72, Pg. 88:2-25 and 74:22-24. While the

14  §§727(a)(2)(A) and (a)(2)(B) causes of action are similar, they are also distinct and

15  separate statutory grounds upon which to object to discharge. To allow Plaintiff to raise

16  the issue in connection with §727(a)(2)(A), and then merely summarize the facts

17  incidentally obtained therewith at the close of proceedings to pile on an additional, but

18  different, cause of action that had not been mentioned in the nearly 2 years leading up

19  to trial against Defendant is prejudicial, and not, in this Court's view, fitting with the

20  purpose of Rule 15(b).

21      For the foregoing reasons, Plaintiff has not met its burden. Accordingly, the

22  Motion to Amend is DENIED and the hearing VACATED.

23      **III.    April 26 Trial**

24      Trial on Plaintiff's operative complaint seeking the denial of Defendant's

25  discharge under 11 U.S.C. §§ 727(a)(2)(A), (a)(4) and (a)(5) was held on April 26, 2023.

26

27  _____

28  [5] It is unclear precisely when Plaintiff became aware of the post-petition liens; however, the Court
observes that the admitted post-petition liens were placed in September 2021 – well before the discovery
deadline of March 31, 2022, and nearly two years before the April 26 Trial. *See* Order entered February
15, 2022, Dk. 16.

-6-

EXHIBIT I, PAGE 181

1    "Those objecting to discharge bear the burden of proving by a preponderance of the

2    evidence that [the debtor's] discharge should be denied." *Retz v. Samson (In re Retz)*,

3    606 F.3d 1189, 1196 (9th Cir. 2010) (citing *Khalil v. Developers Sur. & Indem. Co. (In re*

4    *Khalil)*, 379 B.R. 163, 172 (B.A.P. 9th Cir. 2007), aff'd, 578 F.3d 1167, 1168 (9th Cir.

5    2009). "In keeping with the 'fresh start' purposes behind the Bankruptcy Code, courts

6    should construe § 727 liberally in favor of debtors and strictly against parties objecting

7    to discharge." *Id.* (citing *Bernard v. Sheaffer (In re Bernard),* 96 F.3d 1279, 1281 (9th

8    Cir. 1996)).

9        During the April 26 Trial, which lasted one day,[6] evidence was introduced and

10    _____

11    [6] The Court recognizes that the April 26 Trial was a long affair, beginning at 9:30 a.m., and concluding
     around 8:00 p.m. (with breaks). Given the seriousness of the allegations, and the lack of credibility of

12    Defendant's testimony, the Court determined that conducting the trial in a single day was of paramount
     importance. A court's litigation decisions are reviewed for abuse of discretion. *See Sekera v. Allstate Ins.*

13    *Co.*, 763 Fed. Appx. 629, 630 (9th Cir. 2019) ("We review a district court's decision concerning the
     management of litigation for abuse of discretion. *Preminger v. Peake*, 552 F.3d 757, 769 n.11 (9th Cir.

14    2008) (citing *FTC v. Enforma Nat. Prods., Inc.*, 362 F.3d 1204, 1212 (9th Cir. 2004)"). *See also Coe v.
     Fanday (In re Fanday)*, 538 Fed. Appx. 748, 749 (9th Cir. 2013) ("… bankruptcy court's management of

15    Coe's questioning was far from an abuse of discretion. [internal citations omitted]). Such discretion is
     broad, and as noted by the Third Circuit, such discretion may include imposition of time limits at trial:

16        Notably, we have recognized that a district court may impose limits on the parties' presentation

17        time at trial, so long as the court both "mak[es] an informed analysis based on a review of the
         parties' proposed witness lists and proffered testimony" and "allocates trial time evenhandedly."

18        *Duquesne Light Co.*, 66 F.3d at 610. Other circuits have likewise concluded that a district court
         may, in its discretion, set reasonable trial time limits. S*ee, e.g., United States v. DeCologero*, 364

19        F.3d 12, 25 (1st Cir. 2004) ("[L]imits on witnesses and the time allowed to each side are
         permissible measures.") (citations omitted); *Deus v. Allstate Ins. Co.*, 15 F.3d 506, 520 (5th Cir.

20        1994) ("In the management of its docket, the court has an inherent right to place reasonable
         limitations on the time allotted to any given trial.") (citing *United States v. Reaves*, 636 F. Supp.

21        1575, 1577 (E.D. Ky. 1986)); *Sutkiewicz v. Monroe Cnty. Sheriff*, 110 F.3d 352, 361 (6th Cir.
         1997) ("[A] district court has broad discretion to place limits on the presentation of evidence to

22        prevent delay, waste of time, and needless presentation of cumulative evidence.") (citing
         *Duquesne Light Co.*, 66 F.3d at 609); *MCI Commc'ns Corp.*, 708 F.2d at 1172-73 (holding that

23        reasonable trial time limits do not violate the right to a fair trial); *Johnson v. Ashby*, 808 F.2d 676,
         678 (8th Cir. 1987) ("Trial courts have discretion to place reasonable limits on the presentation of

24        evidence . . . .") (citations omitted); *Gen. Signal Corp. v. MCI Telecomms. Corp.*, 66 F.3d 1500,
         1508 (9th Cir. 1995) ("Generally, a district court may impose reasonable time limits on a trial.")

25        (citations omitted).

26    *In re Baldwin*, 700 F.3d 122, 129 (3rd Cir. 2012).

27    After the presentation of testimony at the April 26 Trial was complete, and in recognition of the parties'
     efforts throughout the day and in the interest of alleviating any perceptions of unfairness, the Court

28    provided both parties the opportunity to file post-trial briefings containing argument summarizing the
     evidence proffered throughout the day. Moreover, Defendant was provided the opportunity to submit
     additional evidence, in the form of an accounting. As more fully noted herein, both parties took advantage

EXHIBIT I, PAGE 182

1  both sides were presented the opportunity to provide written closing statements to the

2  Court. Moreover, witness testimony was taken, during which the Court engaged in a

3  credibility analysis. A credible witness is a witness who comes across as competent and

4  worthy of belief. This Court determines witness credibility on many factors. The

5  substance of the testimony is tantamount, as well as the amount of detail and the

6  accuracy of recall of past events, which affect the Court's credibility determination.

7  Witness contradiction plays a part in the credibility determination. How the testimony is

8  delivered also has an impact. Factors which include body language, eye contact, and

9  whether the responses are direct or appear to be evasive, unresponsive, or incomplete

10 are considered by this Court. In addition, when deciding cases, the Court is permitted to

11 take into consideration its knowledge and impressions founded upon experiences in

12 everyday walks of life.

13       Under this backdrop, the Court finds the testimony of Plaintiff's witnesses, Mr.

14 Houser and Mr. Buysman, forthright and credible. On the other hand, the Court finds the

15 testimony of Defendant not credible. In reaching these credibility determinations, the

16 Court considered each witness's demeanor as they testified, including the way they held

17 themselves, whether they made or did not make inconsistent statements, and their

18 directness or evasiveness.

19       Now, having reviewed all pleadings, considering the arguments of counsels, and

20 having weighed the evidence admitted during the trial, the Court concludes that Plaintiff

21 has met its burden as to each of the § 727 causes of action asserted in Plaintiff's

22 operative complaint, as set forth in greater detail below.

23              **a.  11 U.S.C. § 727(a)(2)(A)**

24       Under § 727(a)(2)(A), a discharge shall be granted unless "the debtor, with intent

25 to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of

26 property under this title, has transferred, removed, destroyed, mutilated, or concealed,

27 or has permitted to be transferred, removed, destroyed, mutilated, or concealed…

28 _____
of the aforementioned opportunities.

-8-

1  property of the debtor, within one year before the date of the filing of the petition." 11

2  U.S.C. § 727(a)(2)(A).

3        "The term transfer 'means every mode, direct or indirect, absolute or conditional,

4  voluntary or involuntary, of disposing of or parting with property or with an interest in

5  property, including retention of title as a security interest and foreclosure of the debtor's

6  equity of redemption." *Eckard Brandes, Inc. v. Riley (In re Riley)*, Nos. 01-4452, 02-

7  00013 (citing 11 U.S.C. § 101(54)). "Under this definition, any transfer of an interest in

8  property is a transfer, including a transfer of possession, custody, or control even if

9  there is no transfer of title, because possession, custody, and control are interests in

10  property." "The transfer to the corporation of assets in which the debtors had

11  partnership interests constitutes a 'transfer' of 'property of the debtor' for purposes of

12  section 727(a)." *Eckard Brandes, Inc. v. Riley (In re Riley)*, Nos. 01-4452, 02-00013,

13  2004 Bankr. LEXIS 1656, at *8-9 (Bankr. D. Haw. 2004) (internal quotations and

14  citations omitted).

15        To satisfy intent, "the court must find that the Debtors harbored actual intent to

16  hinder, delay, or defraud a creditor…The existence of this intent is a finding of fact

17  reviewable for clear error. We may infer the intent from the circumstances surrounding

18  the transaction." *In re Woodfield*, 978 F.2d 516, 518 (9th Cir. 1992). "A debtor's intent

19  need not be fraudulent to meet the requirements of § 727(a)(2). Because the language

20  of the statute is in the disjunctive it is sufficient if the debtor's intent is to hinder or delay

21  a creditor." *Retz v. Samson (In re Retz)*, 606 F.3d 1189, 1200 (9th Cir. 2010) (internal

22  quotations and citations omitted).

23        "In examining the circumstances of a transfer under § 727(a)(2), certain 'badges

24  of fraud' may support a finding of fraudulent intent. These factors, not all of which need

25  be present, include (1) a close relationship between the transferor and the transferee;

26  (2) that the transfer was in anticipation of a pending suit; (3) that the transferor Debtor

27  was insolvent or in poor financial condition at the time; (4) that all or substantially all of

28  the Debtor's property was transferred; (5) that the transfer so completely depleted the

-9-

1  Debtor's assets that the creditor has been hindered or delayed in recovering any part of

2  the judgment; and (6) that the Debtor received inadequate consideration for the

3  transfer." *Retz v. Samson (In re Retz)*, 606 F.3d 1189, 1200 (9th Cir. 2010) (internal

4  quotations and citations omitted).

5  Moreover, "[u]nder the 'continuing concealment' doctrine, a transfer made and

6  recorded more than one year prior to filing may serve as evidence of the requisite act of

7  concealment where the debtor retains a secret benefit of ownership in the transferred

8  property within the year prior to filing." *In re Lawson*, 122 F.3d 1237, 1240 (9th Cir.

9  1997).

10  The evidence presented at trial demonstrates that in late 2018 while Defendant

11  was engaged in state court lawsuits that could possibly result in money judgments

12  against her [Trial Transcript, Dk. 72, Pg. 43-51], she sold a residence held in her own

13  name and used the proceeds from that sale to purchase a mobile home.[7] Trial

14  Transcript, Dk. 72, Pg. 24- 27. Despite using proceeds that belonged to her individually,

15  she directed the seller to replace her name with the name of her solely owned and

16  managed company, J-Sandcastle Company, LLC. ("J-Sandcastle"), on the notice of sale

17  documentation.[8] Pre-trial stipulation, Dk. Paragraph 6; Trial Transcript, Dk. 72, Pg. 37-

18  40. She further testified that she directed the replacement of her name with J-

19  Sandcastle on November 15, 2018, days after a state court granted a motion for

20  attorney's fees against her. Trial Transcript, Dk. 72, Pg. 36-37 and 49-51. On the date of

21

22

_____

23  [7] As an example of Defendant's lack of credibility, she was unable to cogently describe the payments that were made to purchase the mobile home from the seller; the payments did not add up to the $185,000 purchase price, which price Defendant further admitted was different from the $225,000 price stated on the notice of sale. Trial Transcript, Dk. 72, Pg. 26-33. Defendant offered no explanation for the discrepancy and her failure to accurately describe the payments.

25  [8] Defendant's testimony regarding this issue was likewise an example of her lack of credibility. After initially testifying that she did not direct the seller to place title in the name of J-Sandcastle Company, LLC., [Trial Transcript, Dk. 72, Pg. 37], she later admitted that her name was previously listed on the document and that she did, in fact, later ask the seller to replace her own name with J-Sandcastle Company, LLC. as the buyer. Trial Transcript, Dk. 72, Pg. 39-40. Moreover, later in the trial, when asked by the Court to confirm that she purchased the property with her own money and put it in the name of J-Sandcastle, she initially answered in the negative, conceding only after continued questioning and reminders of that to which she had previously testified. Trial Transcript, Dk. 72, Pg. 323-325.

-10-

EXHIBIT I, PAGE 185

1  Debtor's petition, July 9, 2021, the property was still being held in the name of J-

2  Sandcastle, and not in Defendant's name.

3  　　　　The Court observes that this act alone (i.e., Defendant directing title to the

4  property she purchased to be placed in the name of her wholly owned entity) is rife with

5  multiple badges of fraud, including Defendant's close relationship to the entity she

6  directed title to, the timing of providing such direction in light of pending litigation, and

7  the lack of consideration involved. It is clear to the Court that Defendant placed her

8  asset into the name of J-Sandcastle for the purpose of protecting her asset,[9] effectively

9  hindering, delaying, and defrauding her potential creditors from reaching the property.

10  Moreover, Defendant's strategy of concealing this asset continued through the petition

11  date, satisfying the elements of § 727(a)(2)(A).

12  　　　　Additionally, facts were presented to the Court demonstrating that Defendant

13  further concealed her equity in the property through the granting of liens to her business

14  entities and family members, which liens existed during the relevant time period. For

15  example, in late 2018, Defendant also executed a promissory note and security

16  agreement on the mobile home by and between two entities that she managed, J-

17  Sandcastle and J-Pad, LLC. ("J-Pad"). J-Sandcastle was the borrower and J-Pad the

18  lender. The agreement required J-Sandcastle to pay J-Pad $225,000 for a purported

19  loan; however, J-Pad did not loan any money to J-Sandcastle. Trial Transcript, Dk. 72,

20  Pg. 66. Defendant herself made the loan to J-Sandcastle, though the loan was initially in

21  the amount of $175,000 Defendant did not fund the balance of the $225,000 loan until

22  approximately 6 months later. Trial Transcript, Dk. 72, Pg. 65-66.[10] None of the

23

24  _____
[9] Defendant testified that she "didn't believe that putting a home in an LLC that I owned solely was doing
anything wrong" and that "[a]t the time when the home was transferred, or registered, to so speak, in the
25  LLC's name, [her] potential exposure was…$46,138 and $3,070." Trial Transcript, Dk. 72, Pg. 328:5-13.
In short, Defendant testified that she thought that it was her money, and that she could do what she
26  wanted with it. *Id.* The Court finds this testimony to be unpersuasive in light of the deflective and
incredible manner that Defendant answered questions related to the transfers, as well as the pending
27  lawsuits and her general financial situation at the time of the transfers.

28  [10] The Court notes that Defendant's inability to account for the specific amounts paid and timing of said
payments during her testimony further underscores her lack of credibility. Trial Transcript, Dk. 72, Pg. 65-
66.

EXHIBIT I, PAGE 186

1  foregoing information regarding the timing of funding, or source of funding, was

2  reflected in the executed documents. In her petition, Defendant scheduled J-Pad as a

3  secured creditor, continuing the ongoing concealment of her true interest in the loan.

4  Additionally, within the year prior to the petition, liens in favor of Defendant's two adult

5  sons, Steven and Brian Gallian, were placed on the property, despite the fact that

6  neither had paid any consideration. Trial Transcript, Dk. 72, Pg. 72-73.

7          While Defendant attempted to provide explanations for the foregoing to the Court

8  *in camera* and on the record, the Court finds such explanations to be insufficient to

9  refute the overwhelming evidence demonstrating that Defendant had the requisite intent

10  to hinder, delay, or defraud her creditor, when she transferred and concealed her

11  interests in the property described above.

12          Accordingly, Plaintiff is entitled to judgment against Defendant on its §

13  727(a)(2)(A) cause of action.

14          **b.  11 U.S.C. § 727(a)(4)**

15          Under § 727(a)(4), a debtor's discharge shall be granted unless "the debtor

16  knowingly and fraudulently, in or in connection with the case – (A) made a false oath or

17  account." To prevail on a § 727(a)(4)(A) claim, a plaintiff must show, by a

18  preponderance of the evidence, that: "(1) the debtor made a false oath in connection

19  with the case; (2) the oath related to a material fact; (3) the oath was made knowingly;

20  and (4) the oath was made fraudulently." *Retz v. Samson (In re Retz)*, 606 F.3d 1189,

21  1197 (9th Cir. 2010).

22          A false oath can be made in written submissions to the Court or under oath at a §

23  341 meeting, deposition, or trial:

24          "A debtor's petition, schedules, statement of financial affairs, statements made at
           a 341 meeting, testimony given at a Federal Rule of Bankruptcy Procedure 2004
25         examination, and answers to interrogatories all constitute statements under oath
           for purposes of § 727(a)(4)[(A)]. The same holds true for deposition testimony
26         and testimony at other hearings during the course of the bankruptcy case. The
           false oath also need not be an affirmative misstatement; knowing and fraudulent
27         omissions will also suffice."

28

-12-

EXHIBIT I, PAGE 187

1  *In re Jayme*, 2018 Bankr. LEXIS 1987, 2018 WL 3218104, at *9 (Bankr. D.N.M.)

2  (internal citations omitted).

3        Moreover, the standard for what constitutes a "material" fact is very broad. As

4  stated by the Ninth Circuit, "[a] fact is material if it bears a relationship to the debtor's

5  business transactions or estate, or concerns the discovery of assets, business dealings,

6  or the existence and disposition of the debtor's property. An omission or misstatement

7  that detrimentally affects administration of the estate is material." *Retz v. Samson (In re*

8  *Retz),* 606 F.3d 1189, 1198 (9th Cir. 2010) (internal quotations and citations omitted);

9  *See also Joudeh v. Truppa (In re Truppa*), 2017 Bankr. LEXIS 1157, at *1 (B.A.P. 9th

10  Cir. 2017).

11        In the context of § 727(a)(4), a distinction is made between reckless disregard for

12  the truth, which is sufficient to form intent under the statute, and mere mistake or

13  inadvertence, which is not. *Retz v. Samson (In re Retz*), 606 F.3d 1189, 1199 (9th Cir.

14  2010) ("Reckless indifference or disregard for the truth may be circumstantial evidence

15  of intent, but is not sufficient, alone, to constitute fraudulent intent."). Something more

16  must be presented in order to meet the standard.

17      "Neither sloppiness nor an absence of effort by the debtor supports, by itself, an
18  inference of fraud. Courts which hold otherwise are simply devising a court-made
    prophylactic rule that the debtor must make substantial effort to provide accurate
19      and complete schedules. Had the Congress intended to make such a rule, it
    could have done so easily, as it did with § 727(a)(3) (failure to keep adequate
20      books and records), and (a)(5) (failure to adequately explain the loss of assets),
    neither of which have an express element of fraudulent intent. [Citation omitted.]
21      But the Congress did not do so, and it is not for the courts to create new bars to
    discharge under § 727(a), or to so distort a requisite element as to make it no
22      element at all. The essential point is that there must be something about the
    adduced facts and circumstances which suggest that the debtor intended to
23      defraud creditors or the estate. **For instance, multiple omissions of material**
    **assets or information may well support an inference of fraud if the nature**
24      **of the assets or transactions suggests that the debtor was aware of them at**
    **the time of preparing the schedules and that there was something about**
25      **the assets or transactions which, because of their size or nature, a debtor**
    **might want to conceal."**
26

27

28  *Khalil v. Developers Sur. & Indem. Co. (In re Khalil)*, 379 B.R. 163, 174-75 (B.A.P. 9th

EXHIBIT I, PAGE 188

1   Cir. 2007) (citing *Coombs*, 193 B.R. at 565-66) (emphasis added).

2           In keeping with the foregoing, a pattern of half-truths, inconsistencies, and

3   omissions in filed schedules, even if the schedules are ultimately amended to reflect the

4   true assets of the debtor, can be sufficient evidence of fraudulent intent under the

5   statute. *See Joudeh v. Truppa (In re Truppa*), No. CC-16-1281-KuFL, 2017 Bankr.

6   LEXIS 1157, at *1 (B.A.P. 9th Cir. 2017) ("the court may infer fraudulent intent based on

7   a 'pattern of falsity.'"); *Trainor v. Evans (In re Evans*), No. CC-16-1356-KuFTa, 2017

8   Bankr. LEXIS 2232, at *1 (B.A.P. 9th Cir. 2017) (noting that "a pattern of falsity, a

9   reckless indifference to the truth and a failure to amend bankruptcy commencement

10  documents to correct known errors and omissions all can be probative of intent to

11  deceive"); *Cummings v. UST- United States Trustee (In re Cummings*), 595 Fed. Appx.

12  707, 709-710 (9th Cir. 2015) ("Debtors' eventual disclosure of their interest … does not

13  negate their initial fraud… To the contrary, the sequence of debtors' filings substantiates

14  the presence of fraud: they elected, twice, to amend their [schedules], and disclosed

15  [the omitted fact] only after the issuance of an order granting the Trustee additional time

16  to investigate."); *ML Manager, LLC v. Pinsonneault (In re Pinsonneault*), 2017 Bankr.

17  LEXIS 253, *38 (Bankr. S.D. Cal 2017) ("A false oath is complete when made. A

18  debtor's eventual amendment of their schedules to disclose assets that they knowingly

19  omitted does not negate their initial intent to defraud....The very nature and magnitude

20  of the assets belies the too facile defense that they were simply overlooked or

21  forgotten."). *See also Jin Min Lee v. Joo Yoon Yeom (In re Joo Yoon Yeom),* 2017 U.S.

22  Dist. LEXIS 177347, *10-11 (No. Mariana Isl. DC 2017) ("This repeated failure not only

23  demonstrates a conscious decision to omit the information from the bankruptcy filing

24  and therefore establishes the false oath was made knowingly, but it also demonstrates

25  an intent to deceive. Defendant's interest in the business was significant—first as half-

26  owner and later as full owner—and her recurring failure to disclose it, especially given

27  that she agreed to become the full owner of the Poseidon Bar after she filed for

28  bankruptcy, demonstrates that she intended to deceive her creditors.").

EXHIBIT I, PAGE 189

1    Since July 9, 2021, Debtor has filed 10 sets of schedules in this case. In the first

2   five of the amended schedules, which were filed over a span of approximately 2

3   months, Debtor disclosed her interest in J-Pad as "33.33%" [First Amended Schedule

4   filed September 7, 2021, Dk. 15], then "1/7 interest" [Second Amended Schedule filed

5   September 22, 2021, Dk. 16-17], then "70%" [Third Amended Schedule filed October

6   14, 2021, Dk. 22], then "33-1/3%" [Fourth Amended Schedule filed November 16, 2021,

7   Dk. 37], then "100%" [Fifth Amended Schedule filed November 22, 2021, Dk. 38].

8    Despite the foregoing, Defendant testified at trial that as of October 30, 2018, she

9   owned 100% of J-Pad.[11] Trial Transcript, Dk. 72, Pg. 154. Her explanation for the

10   varying amounts of interest scheduled over the short period of time was that she owed

11   people money and made a mistake. Trial Transcript, Dk. 72, Pg. 153. The Court is

12   unconvinced. Defendant owns and/or manages multiple companies, and has presented

13   herself though the pendency of her case as a person that is not unsophisticated. It is

14   _____

15   [11] The Court notes that Defendant was at first non-responsive to questioning about her ownership of J-Pad. It was not until the Court reminded Defendant that her credibility was on trial, and that she had

16   earlier provided testimony of her ownership, that she answered the question regarding her ownership of J-Pad. Trial Transcript, Dk. 72, Pg. 153-154.

17    THE COURT: … Why were you making all of these random -- putting down all these random numbers?

18    THE WITNESS: Because I owed people money.
     THE COURT: Why were you putting down all of those random numbers? We know you owed

19   people money. Why were you saying they owned part of that membership?
     THE WITNESS: I guess I made a mistake, and at the time –

20    THE COURT: So you just don't know? I'm really looking at your credibility. You've signed several

21   documents, including your first petition, under oath, that it was true and correct, not to the best of your ability, but that it was true and correct, and yet you can't tell me today how much of that

22   percentage you owe, although you've already testified several times today that you own 100 percent?

23    THE WITNESS: That's correct.
     THE COURT: Okay. When do you think you started owning 100 percent?

24    THE WITNESS: And these aren't in the documents, I don't believe. I didn't see it.
     THE COURT: I don't care if they are. When did you start believing you owned 100 percent of that

25   LLC?
     THE WITNESS: When I was the one that donated most of the money.

26    THE COURT: When did you do that?
     THE WITNESS: It wasn't recorded, but the day before I –

27    THE COURT: When did you do that?
     THE WITNESS: The 30th of October.

28    THE COURT: What year?
     THE WITNESS: 2018.

-15-

EXHIBIT I, PAGE 190

wholly unbelievable to the Court that Defendant, with her ability and knowledge,
somehow did not understand her ownership interest in J-Pad or her obligation to report
accurate ownership interests in her schedules. As noted previously, J-Pad was the
holder of a $22,000 promissory note. Defendant herself executed the promissory note
on J-Pad's behalf, knowing full well of the asset. It is this Court's view that $225,000 is a
significant amount of money, and Defendant's failure to properly schedule her interest in
J-Pad, the note and lienholder of a significant asset, is a material, false oath made
knowingly and fraudulently. So too was Defendant's failure to schedule a value for J-
Pad, who held a significant asset in the form of the aforementioned note and lien on the
mobile home.

The foregoing, coupled with the evidence presented by Plaintiff of Defendant's
other glaring omissions and false oaths,[12] are sufficient to demonstrate that Plaintiff is
entitled to judgment against Defendant on its § 727(a)(4) cause of action.

### c.  11 U.S.C. § 727(a)(5)

Under § 727(a)(5), a debtor's discharge may be denied if the debtor has failed to
explain satisfactorily any loss of assets or deficiency of assets to meet the debtor's
liabilities. 11 U.S.C. § 727(a)(5).

The plaintiff bears the burden to demonstrate that: "(1) debtor at one time, not too
remote from the bankruptcy petition date, owned identifiable assets; (2) on the date the
bankruptcy petition was filed or order of relief granted, the debtor no longer owned the
assets; and (3) the bankruptcy pleadings or statement of affairs do not reflect an
adequate explanation for the disposition of the assets." *In re Retz*, 606 F.3d 1189, 1205
(9th Cir. 2010). "Once the creditor has made a *prima facie* case, the debtor must offer
credible evidence regarding the disposition of the missing assets." *Id.*

As previously noted, several years before her petition was filed, Defendant sold

---

[12] *See* Plaintiff's post-trial brief filed May 10, 2023, Dk. 74, which is incorporated herein. For example, Defendant testified that she did not pay rent to J-Sandcastle, despite having previously testified during her deposition that she did pay rent. Trial Transcript, Dk. 72, Pg. 129. After some hesitation and continued follow up questions from the Court, Defendant ultimately admitted that she lied at the deposition about whether she paid rent to J-Sandcastle. Trial Transcript, Dk. 72, Pg. 130-131.

-16-

1  property for $379,000. Trial Transcript, Dk. 72, Pg. 201. Thereafter, she spent a total of

2  $165,000[13] of the sale proceeds to purchase a mobile home, with $214,000 remaining.

3  At trial, when asked about the disposition of the remaining $214,000 in sale proceeds,

4  Defendant testified that she loaned $175,000 of the $214,000 to J-Sandcastle. Trial

5  Transcript, Dk. 72, Pg. 202. Defendant further testified that the remainder of the funds

6  were converted to cashier's checks that were ultimately paid to attorneys. Trial

7  Transcript, Dk. 72, Pg. 206. Defendant originally testified that she spent close to

8  $150,000 on attorneys [Trial Transcript, Dk. 72, Pg. 206], despite scheduling only

9  $113,700 on her bankruptcy schedules. Trial Transcript, Dk. 72, Pg. 207. At trial,

10  Defendant was unable to account for the approximately $37,000 discrepancy. Trial

11  Transcript, Dk. 72, Pg. 207-209.  When questioned about the discrepancy, Defendant

12  began to list other expenses that she incurred, including cosmetic and medical

13  procedures, which the Court perceived as being non-responsive to the question of

14  which attorneys were paid the remaining $37,000. Trial Transcript, Dk. 72, Pg. 208.

15  Eventually, Defendant clarified that she "just threw out a number and said about

16  $150,000," [Trial Transcript, Dk. 72, Pg. 210], and that she misspoke, stating again that

17  she spent the remaining funds on cosmetic and medical procedures.

18      Finding that Plaintiff had met its burden to demonstrate a *prima facie* case, and

19  that the entirety of Defendant's testimony on this matter was confusing and entirely

20  lacking in credibility, the Court provided the Debtor with the opportunity to file a

21  complete accounting by April 28, 2023, at 5 p.m. in order to explain further the

22  disposition of the pre-petition sale proceeds.

23      Defendant did not timely file a complete accounting by the deadline set by the

24  Court; however, Defendant did file an untimely declaration on May 1, 2023 [Dk. 71]

25  ("First Declaration"), and again on May 8, 2023 [Dk. 73] ("Second Declaration")

26  (together, "Declarations"). In the interest of justice, and in recognition that Defendant is

27

28  ───────────────
[13] Defendant testified that a cashier's check for $20,000 (of the $185,000 purchase price) was returned to her, so the net cost of Defendant's purchase of the mobile home was $165,000. Trial Transcript, Dk. 72, Pg. 201.

-17-

EXHIBIT I, PAGE 192

1  a pro-se litigant without permissions to electronically file, the Court has considered the

2  Declarations despite the fact that they were untimely filed. Regrettably, they are

3  insufficient to adequately explain the disposition of Debtor's assets.

4       The Declarations contain a rudimentary and incomplete[14] accounting which is

5  entirely unhelpful to the Court. The lists contained therein have no dates, partial

6  descriptions, and appear to be summary values (all ending in -.00). Moreover, the

7  Declarations are completely devoid of properly authenticated evidence.[15] Lastly, even if

8  the foregoing issues were somehow resolved, the accounting provided is entirely

9  inconsistent with the testimony provided by Defendant at trial and in the Declarations

10  themselves.

11       For example, at trial, when asked about the disposition of the $379,000 in sale

12  proceeds, Defendant testified that $165,000 was spent on the mobile home, [Trial

13  Transcript, Dk. 72, Pg. 201], and $175,000 of the remaining $214,000 was paid to J-

14  Sandcastle. Trial Transcript, Dk. 72, Pg. 202. The accounting attached to Pg. 3 of the

15  First Declaration, which appears identical to the accounting attached to the Second

16  Declaration as Pg. 12, amounts to approximately $190,000 in charges, but does not

17  include either the $165,000 spent on the mobile home or the $175,000 paid to J-

18  Sandcastle.[16] It is not mathematically possible that Defendant used sale proceeds

19  totaling $395,000 on a $175,000 loan, a $165,000 mobile home, **and** the $190,000

20  contained in her accountings (all of which total $530,000).

21       As noted above, Defendant was required to offer "credible evidence regarding

22  the disposition of the missing assets." *In re Retz*, 606 F.3d 1189, 1205 (9th Cir. 2010).

23

24  [14] Paragraph 5 of the Declarations state that: "THE LIST IS NOT AN EXHUASTIVE LIST OF THE SALE PROCEEDS SPENT…" Declarations filed May 1, 2023, and May 8, 2023, Dks. 71 and 73 respectively.

25
26  [15] While Defendant attached various documents to the Second Declaration, the documents are cumbersome, lack any explanation as to relevance, and are not properly authenticated by Defendant's declaration. Pursuant to the Federal Rules of Evidence, in order "[t]o satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." Fed. Rules Evid. R 901. Defendant did not do so.

27

28  [16] $395,000 less approximately $190,000 = approximately $205,000.

-18-

1  She has not met her burden. Therefore, Plaintiff is entitled to judgment against

2  Defendant on its § 727(a)(5) cause of action.

3  **IV.    Conclusion**

4  For the reasons more fully explained herein, the Court finds good cause to enter

5  the following order DENYING the Motion to Amend, VACATING the hearing on the

6  Motion to Amend, and finding in favor of Plaintiff and against Defendant pursuant to 11

7  U.S.C. §§727(a)(2)(A), (a)(4), and (a)(5). Judgment, however, cannot yet be issued as

8  there remain pending § 523 claims. Accordingly, the Court hereby sets a status

9  conference on June 27, 2023, at 1:30 p.m., with a status report due 14 days in advance.

10  The status report must advise the Court how the parties wish to proceed in light of the

11  issuance of this Memorandum Decision.

12  **IT IS SO ORDERED.**

25  Date: May 23, 2023

Scott C. Clarkson
United States Bankruptcy Judge

-19-

**EXHIBIT J**

1  D. EDWARD HAYS, #162507
   ehays@marshackhays.com
2  LAILA MASUD, #311731
   lmasud@marshackhays.com
3  BRADFORD N. BARNHARDT, #328705
   bbarnhardt@marshackhays.com
4  MARSHACK HAYS LLP
   870 Roosevelt
5  Irvine, CA 92620
   Telephone: (949) 333-7777
6  Facsimile: (949) 333-7778

7  Attorneys for Plaintiff,
   HOUSER BROS. CO. dba RANCHO DEL
8  REY MOBILE HOME ESTATES

FILED & ENTERED

JUL 07 2023

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bolte        DEPUTY CLERK

9              UNITED STATES BANKRUPTCY COURT

10       CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

11  In re                              Case No. 8:21-bk-11710-SC

12  JAMIE LYNN GALLIAN,                Chapter 7

13          Debtor.                    Adv. No. 8:21-ap-01097-SC

14  HOUSER BROS. CO. dba RANCHO DEL REY    JUDGMENT DENYING DEBTOR'S
    MOBILE HOME ESTATES,                    DISCHARGE PURSUANT TO 11 U.S.C.
15                                          §§ 727(a)(2)(A), (a)(4), AND (a)(5)

16          Plaintiff,                 Trial:
                                       Date: April 26, 2023
17  v.                                 Time: 9:30 a.m.
                                       Courtroom: 5C
18  JAMIE LYNN GALLIAN,

19          Defendant.

20

21

22      On April 26, 2023, a trial was held in the above captioned adversary proceeding ("April 26

23  Trial") on Plaintiff's three claims pursuant to 11 U.S.C. § 727. D. Edward Hays, Esq. and Bradford

24  N. Barnhardt, Esq. appeared on behalf of Plaintiff Houser Bros. Co. dba Rancho Del Rey Mobile

25  Home Estates ("Plaintiff"), as did Chris Houser, who appeared and testified as Plaintiff's

26  representative. Greg Buysman was also called as a witness by Plaintiff. Defendant, Jamie Lynn

27  Gallian ("Defendant" or "Debtor"), appeared pro se and testified. All parties were afforded an

28  opportunity to cross-examine witnesses. Plaintiff and Defendant were permitted the opportunity to

                                        1

1   present evidence in support of their case and defense. Witnesses were sworn and testimony and

2   documentary evidence was received and admitted into evidence.

3       The Court having heard the testimony and oral argument, having examined the evidence

4   offered by the parties and admitted into evidence, and having reviewed the parties' briefs, as well as

5   Defendant's post-trial declaration filed on May 1, 2023, as Dk. No. 71, and based upon all the

6   evidence, and for the reasons set forth in the Court's Memorandum Decision After Trial Regarding

7   § 727 Claims, entered on May 23, 2023, as Dk. No. 81, the Court has determined that cause exists

8   for Defendant's discharge to be denied. Pursuant to a separate order entered by the Court after a

9   status conference held on June 27, 2023, the Court found that good cause exists and that there is no

10   just reason for delay in entering a final judgment denying Debtor's discharge under 11 U.S.C. § 727

11   pursuant to Rule 54(b) of the Federal Rules of Civil Procedure applicable here pursuant to Rule

12   7054(a) of the Federal Rules of Bankruptcy Procedure. Accordingly, the Court enters final Judgment

13   in favor of Plaintiff as follows:

14       IT IS HEREBY ORDERED, ADJUDGED AND DECREED that Judgment is entered in

15   favor of Plaintiff and against Defendant on the Third Claim for Relief and that Debtor's discharge is

16   denied pursuant to 11 U.S.C. § 727(a)(2)(A);

17       IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Judgment is entered in

18   favor of Plaintiff and against Defendant on the Fourth Claim for Relief and that Debtor's discharge

19   is denied pursuant to 11 U.S.C. § 727(a)(4); and

20   / / /

21     / / /

22

23

24

25

26

27

28

2

1      IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Judgment is entered in

2  favor of Plaintiff and against Defendant on the Fifth Claim for Relief and that Debtor's discharge is

3  denied pursuant to 11 U.S.C. § 727(a)(5).

4                 # # #

Date: July 7, 2023

Scott C. Clarkson
United States Bankruptcy Judge

3

**EXHIBIT K**

1 | D. EDWARD HAYS, #162507
ehays@marshackhays.com
2 | LAILA MASUD, #311731
lmasud@marshackhays.com
3 | BRADFORD N. BARNHARDT, #328705
bbarnhardt@marshackhays.com
4 | MARSHACK HAYS LLP
870 Roosevelt
5 | Irvine, CA 92620
Telephone: (949) 333-7777
6 | Facsimile: (949) 333-7778

7 | Attorneys for Plaintiff,
HOUSER BROS. CO. dba RANCHO DEL
8 | REY MOBILE HOME ESTATES

**FILED & ENTERED**

**JUL 07 2023**

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bolte        DEPUTY CLERK

9 | UNITED STATES BANKRUPTCY COURT

10 | CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| 11 | In re | Case No. 8:21-bk-11710-SC |
| 12 | JAMIE LYNN GALLIAN, | Chapter 7 |
| 13 | Debtor. | Adv. No. 8:21-ap-01097-SC |
| 14 | HOUSER BROS. CO. dba RANCHO DEL REY MOBILE HOME ESTATES, | ORDER AFTER STATUS CONFERENCE RE: 11 U.S.C. § 523 CLAIMS |
| 15 | | |
| 16 | Plaintiff, | Date: June 27, 2023 Time: 1:30 p.m. Courtroom: 5C |
| 17 | v. | |
| 18 | JAMIE LYNN GALLIAN, | |
| 19 | Defendant. | |
| 20 | | |

21

22        On April 26, 2023, the Court held a bifurcated trial on the claims of Houser Bros. Co. dba

23 | Rancho Del Rey Mobile Home Estates ("Plaintiff") under 11 U.S.C. § 727.

24        On May 23, 2023, as Dk. No. 81, the Court entered "(1) Order Denying Motion to Amend

25 | and Vacating Hearing; (2) Memorandum of Decision After Trial Regarding § 727 Claims; and

26 | (3) Setting Status Conference on Remaining § 523 Claims" ("Order"). One issue to be decided at the

27 | Status Conference was the disposition of Plaintiff's remaining claims under 11 U.S.C. § 523 in light

28 | of the Court's decision after trial to deny Debtor's discharge. In advance of the Status Conference,

1

EXHIBIT K, PAGE 198

1  the parties each filed status reports. In Plaintiff's report, it requested that the Court enter an order

2  making a Rule 54(b) finding to permit entry of a final judgment on the Section 727 claims and

3  holding the Section 523(a) claims in abeyance (given that Debtor has filed an appeal of the Order

4  even though judgment has not yet been entered). The status conference was held on June 27, 2023, at

5  1:30 p.m. D. Edward Hays, Esq., appeared on behalf of Plaintiff. Jamie Lynn Gallian ("Defendant")

6  appeared pro se. The Court, having read and considered the status reports filed by the parties, and the

7  statements made on the record during the status conference, orders as follows:

8       IT IS ORDERED that:

9       1.    Pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Court expressly

10  finds that good cause exists for, and that there is no just reason to delay, entry of a final judgment on

11  the Section 727 claims and the Court's decision to deny discharge ("Judgment");

12       2.    Pending the Judgment becoming final and no longer subject to appeal, Plaintiff's

13  remaining claims under 11 U.S.C. § 523 claims ("Claims") shall be held in abeyance. After the

14  Judgment becomes final and no longer subject to appeal, Plaintiff shall file a statement advising the

15  Court as to its intent regarding the Claims. The Court retains jurisdiction to adjudicate the Claims

16  even if this adversary proceeding be closed pending resolution of Debtor's appeal of the Judgment;

17       3.    The status conference on the Claims currently set for July 18, 2023, at 1:30 p.m., shall

18  be vacated, and no appearances will be required; and

19       4.    The status conference held on June 27, 2023, is continued to December 5, 2023, at

20  1:30 p.m. as a holding date on the abeyance and status of any appeal(s) of the Judgment. Under

21  Local Bankruptcy Rule 7026-1(a), the parties must file a joint status report no later than 14 days

22  prior to the hearing.

23    Date: July 7, 2023

24                         Scott C. Clarkson
                           United States Bankruptcy Judge

25

26

27

28

EXHIBIT K, PAGE 199

**EXHIBIT L**

Electronically Filed by Superior Court of California, County of Orange, 03/28/2023 08:00:00 AM.
30-2023-01316057-CL-UD-CJC - ROA # 2 - DAVID H. YAMASAKI, Clerk of the Court By T. Merck, Deputy Clerk.

1  ELAINE B. ALSTON, Bar No. 134139,
   VIVIENNE J. ALSTON, Bar No. 170746
2  Members of
   **ALSTON, ALSTON & DIEBOLD**
3     Attorneys at Law
   27201 Puerta Real, Suite 300
4  Mission Viejo, California 92691
   (714) 556-9400 – FAX (714) 556-9500
5
   Attorney for Plaintiff
6

7

8                    SUPERIOR COURT, STATE OF CALIFORNIA

9                            COUNTY OF ORANGE,

10                          Assigned for All Purposes   Commissioner Robert Kohler

11 HOUSER BROS. CO., a California limited      Case No.:   30-2023-01316057-CL-UD-CJC
   partnership dba RANCHO DEL REY MOBILE
12 HOME ESTATES
                                              COMPLAINT FOR FORCIBLE ENTRY/
13          Plaintiff,                        DETAINER (MOBILEHOME PARK)

14      vs.                                   [CIVIL CODE §798.75 AND CODE OF
                                              CIVIL PROCEDURE §§1159, et seq.]
15 JAMIE GALLIAN AND ALL OTHER
   OCCUPANTS AND PERSONS IN POSSESSION        **DOES NOT EXCEED $ 25,000.00**
16 WITHOUT A SIGNED LEASE AGREEMENT,
   and DOES 1 to 10, inclusive,
17
            Defendant
18

19 COMES NOW, the Plaintiff herein, and alleges as follows:

20      1.     Plaintiff, HOUSER BROS. CO., a California limited partnership doing business in the

21 County of Orange State of California, under the fictitious name of RANCHO DEL REY MOBILE

22 HOME ESTATES.  Plaintiff has filed the statements and published the notices required by §§17900, et

23 seq., of the Business and Professions Code.

24      2.     Defendants, JAMIE GALLIAN AND ALL OTHER OCCUPANTS AND PERSONS

25 IN POSSESSION WITHOUT A SIGNED LEASE AGREEMENT, are individuals residing in the City

26 of Huntington Beach, County of Orange State of California

27      3.     The true names and capacities of Defendants sued herein as DOES 1 through 10,

28 inclusive, whether individual, corporate, associate or otherwise, are unknown to Plaintiff, who

                                              1
                    **COMPLAINT FOR FORCIBLE ENTRY/DETAINER**

1    therefore sues said Defendants by said fictitious names.  Plaintiff will amend this Complaint to insert

2    said Defendants' true names and capacities when the same have been ascertained.

3         4.      The premises which are the subject of this action are located in the judicial district in

4    which this action is brought.  Said premises are situated at 16222 Monterey Lane. Space 376,

5    Huntington Beach, California 92649  (the "Premises").

6         5.      Plaintiff is the owner of said Premises and has a superior right to possession thereof.

7         6.      Defendants entered into possession of the subject Premises without the consent of

8    Plaintiff on or about November  2018.  No rental agreement has been entered into between Plaintiff and

9    Defendants. Defendant's application was denied due to her poor financial condition, a material

10    falsehood on Defendant's application, and Defendant's conduct at a previous tenancy indicates she will

11    not comply with the Rules and Regulations governing the mobilehome park.  Since Defendant has been

12    in occupation of the Premises, Defendant has violated the park rules and regulations by trespassing onto

13    other resident's spaces, harassing and verbally fighting with other residents in the mobilehome park,

14    allowing several unknown persons onto the space without right or authority from park management, and

15    installed fencing in violation of the park rules which prevent park access to the utility meters on the

16    Premises.  Due to her poor financial condition Defendant has also filed for bankruptcy protections,

17    which placed the mobilehome and any rights to possession or occupancy to the Premises she may have

18    had into the control of the Bankruptcy Trustee.  The Bankruptcy Trustee subsequently rejected any

19    unexpired executory lease rights to the Premises. On February 17, 2023, the Bankruptcy Court entered

20    an "Order Granting Motion for Relief from Stay Under 11 U.S.C. § 362" ("RFS Order"), as Docket

21    No. 334 in *In re Jamie Lynn Gallian*, U.S. Bankruptcy Court, Central District of California, Case

22    No. 8:21-bk-11710-SC. The RFS Order was not appealed and is a final order of the Bankruptcy

23    Court. A true and correct copy of said Order  is attached hereto as Exhibit "2" and incorporated herein

24    by this reference.

25         7.      Due to the failure of Defendants inability to qualify for a rental agreement prior to taking

26    possession of the Premises, the subsequent violations of park rules and regulations and conduct

27    constituting a substantial annoyance during her improper occupation, and the subsequent rejection of

28

2

**COMPLAINT FOR FORCIBLE ENTRY/DETAINER**

1   any lease rights by the Bankruptcy Trustee, Defendant and Does 1 through 10 have no right of tenancy

2   and are unlawful occupants within the meaning of Civil Code §798.75.

3        8.    On or about March 17, 2023, Plaintiff caused to be served on Defendants a Five (5) Day

4   Notice to Quit Premises. A copy of said Notice is attached hereto as Exhibit "1" and incorporated

5   herein by this reference.

6        9.    Defendants remain in possession of the subject Premises as of this date, and said

7   possession is without Plaintiff's consent.

8        10.   Defendants continue in willful, malicious, obstinate and/or intentional possession of said

9   Premises without Plaintiff's consent and refuse to surrender possession of same to Plaintiff.

10       11.   The reasonable rental value of the Premises is at least Fifty-Four Dollars and Eighteen

11   Cents ($54.18) per day, and damages caused by Defendants' forcible detention will accrue at said rate

12   so long as Defendants' mobilehome remains in possession of said Premises.

13       12.   The reasonable value of utilities consumed is the amount evidenced by the meters

14   installed on the Premises, and damages caused by Defendants' forcible detention will accrue at said

15   rates so long as Defendants' mobilehome remains in possession of the said Premises.

16       13.   The reasonable value for trash removal and sewage charges are the amounts charged by

17   the suppliers for these services, and damages caused by Defendants' forcible detention will accrue at

18   said rate so long as Defendants, or any of them, remain in possession of said premises.

19       14.   California Civil Code §798.85 states as follows:

20          "In any action arising out of the provisions of this chapter the prevailing
               party shall be entitled to reasonable attorneys' fees and costs."

21

22       15.   Plaintiff has been compelled to commence this action for recovery of possession of said

23   Premises, and Plaintiff has thereby incurred and been required to expend money for attorneys' fees.

24       16.   Plaintiff has been compelled to commence this action for recovery of possession of said

25   Premises and payment of rental value, utilities and other charges to the fullest extent permitted under

26   the U.S. Bankruptcy Court RSF Order, and to otherwise enforce Plaintiff's rights under Exhibit "1," and

27   Plaintiff has thereby incurred and been required to expend money for attorneys' fees.

28

3

**COMPLAINT FOR FORCIBLE ENTRY/DETAINER**

WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, as follows:

(1)    For restitution of said Premises;

(2)    For damages at the rate of Fifty-Four Dollars and Eighteen Cents ($54.18) per day as a reasonable rental value of the Premises from and after the date Defendants went into possession according to proof, and until judgment and for so long as Defendants, or any of them, continue to occupy said Premises as permitted under the U.S. Bankruptcy Court RSF Order

(3)    For actual consumption of utilities commencing from and after the date Defendants went into possession according to proof, and until judgment and for so long as Defendants, or any of them, continue in possession of said Premises as permitted under the U.S. Bankruptcy Court RSF Order;

(4)    For treble the amount above as permitted under the U.S. Bankruptcy Court RSF Order;

(5)    For attorneys' fees incurred herein;

(6)    For costs of suit incurred herein;

(7)    For interest at the legal rate on judgment; and

(8)    For such other and further relief as the Court may deem just and proper, except that Plaintiff remits all damages in excess of the jurisdiction of this Court.


DATED: March  27, 2023          By:    _____
                                        Vivienne J. Alston
                                        Attorney for Plaintiff

4

**COMPLAINT FOR FORCIBLE ENTRY/DETAINER**

# EXHIBIT 1

ELAINE B. ALSTON
VIVIENNE J. ALSTON
DONALD A. DIEBOLD

**ALSTON, ALSTON & DIEBOLD**

TELEPHONE (714) 556-9400
FACSIMILE (714) 556-9500

27201 PUERTA REAL
SUITE 300
MISSION VIEJO, CALIFORNIA 92691

OUR FILE NO:   1510.

December 10, 2018

## FIVE (5) DAY DEMAND
## FOR SURRENDER OF POSSESSION OF SITE

**To:**   **Jamie Gallian and All Unlawful Occupants and Persons in Possession Without a Signed Rental Agreement ("Occupants"):**

**NOTICE IS HEREBY GIVEN** that management of the mobilehome park commonly known as:

Rancho Del Rey
16222 Monterey Lane
Huntington Beach, CA 92649
(referred to as "Park" herein)

HEREBY DEMANDS that the Occupants named above, and each of them, quit the premises in the Park and surrender possession thereof commonly described as:

Space 376
(referred to as "site" herein)

WITHIN FIVE (5) DAYS FROM AND AFTER SERVICE OF THIS NOTICE, and that said surrender of the mobilehome site be made to the park manager(s), who is authorized to receive the same on behalf of the management.

Civil Code Section 798.75 authorizes forcible detainer proceedings against any occupant of a mobilehome park who does not have rights of tenancy and is not otherwise entitled to occupy the premises, upon failure of the occupants to quit the premises within five (5) days after service of a demand for surrender of the site.

This notice is served with reference to the following facts, inter alia, upon which said demand is now hereby made:

That you have actual and physical possession of the site, without permission from park management, and without right or authority under a rental agreement or otherwise.  You took possession of the premises after your application for residency was denied due to the following reasons:

1.      Your financial wherewithal is insufficient due to poor credit and low credit scores

EXHIBIT L, PAGE 205

J Gallian
and All Unlawful Occupants
March 17, 2023
Page 2

2.    Your previous conduct in the condominium community known as The Huntington Beach Gables demonstrates that you will not to comply with the Rules and Regulations governing the mobilehome park.  The conduct includes, but is not limited to, the following events:

a.)    You engaged in the systematic and continued harassment of a member of the community and her young family which ultimately resulted in five (5) year restraining order against you.    You subsequently violated this restraining order resulting in a criminal conviction against you.

b.)    You physically attacked a neighbor. You trespassed on to your neighbor's property and physically assaulted her by punching her in the face causing injuries requiring medical attention.

c.)    You trespassed onto a neighbor's property and willfully and deliberately destroyed approximately $800.00 worth of another resident's property.

3.    You made a materially false statement on your Application For Residency submitted in November 19, 2018. You denied being asked to terminate your residency elsewhere.  This is a material falsehood, as you were served with a Termination Notice on or about September 26, 2018 and on October 24, 2018 you were personally served with a Complaint for unlawful detainer by The Huntington Beach Gables Homeowners Association    (Orange County Superior Court Case No. 30 2018 01024401).    At the time of the application, the eviction action was still pending.

Since you been in occupation of the premises described above, you have continued in your course of non-compliance with the rules and regulations of the community.

You have constructed fencing preventing park management from accessing the utility meters at your space in violation of Park Rules.

You have trespassed on to resident spaces by attaching  part of your fence to another resident's awning

You have repeatedly trespassed onto other resident's spaces by allowing your dogs to urinate and defecate on other resident's spaces asserting that their spaces are "common areas".  .

You have harassed and engaged in verbal fights with several other residents.

You have also demonstrated your poor financial situation by filing for Bankruptcy protections on July 9, 2021 (case number 8:21 bk 11710-ES).

Any possessory rights you may have had to the premises were rejected by the Bankruptcy Trustee during the bankruptcy proceedings.

J Gallian
and All Unlawful Occupants
March 17, 2023
Page 3


Based upon the foregoing facts, management is authorized to pursue its legal remedies to obtain possession of the site from all such Occupants having no right of tenancy or possession.


**THIS NOTICE IS INTENDED AS A FIVE (5) DAY DEMAND TO SURRENDER POSSESSION AND NOTICE TO QUIT AS PER <u>CIVIL CODE</u> SECTION 798.75.  SHOULD YOU FAIL TO QUIT AND SURRENDER POSSESSION AS HEREBY DEMANDED, LEGAL PROCEEDINGS SHALL BE INSTITUTED FOR RESTITUTION OF POSSESSION OF THE PREMISES, REASONABLE RENTAL VALUE, DAMAGES INCIDENTAL TO OCCUPANTS WRONGFUL UNLAWFUL OCCUPATION OF THE SITE, AND ATTORNEYS' FEES AND COSTS, AND STATUTORY DAMAGES.**

ALSTON, ALSTON & DIEBOLD

Dated:  March 17, 2023                       By: _____
                                                VIVIENNE J. ALSTON
                                                Authorized Agent for Owner


cc:     Client
        Park Manager

EXHIBIT L, PAGE 207

## DECLARATION OF SERVICE OF NOTICE TO UNAPPROVED OCCUPANT

I, the undersigned, declare that at the time of service of the papers herein referred to, I was at least EIGHTEEN (18) years of age, and I served the following checked notice:

### FIVE (5) DAY NOTICE TO SURRENDER SITE

on the following occupant(s):  Jamie Gallian and All Occupants and Persons in Possession
without a Signed Rental Agreement
16222 Monterey Lane, Space 376
Huntington Beach, CA 92649

On the _17th_ day of March 2023.

X     **BY DELIVERING** a copy of the Notice to _Jamie Gallian_ the above-named occupant(s) **PERSONALLY**.

**OR**

____     **BY LEAVING** a copy for each of the above-named occupant(s) with a person of suitable age and discretion a the residence or usual place of business of the occupant(s), said tenant(s) being absent thereof:
**AND MAILING** by first class mail on said date a copy to each occupant by depositing said copies in the United States Mail in a sealed envelope, with postage fully prepaid, addressed to the above-named occupant(s) at their place of residence.

**OR**

____     **BY POSTING** a copy for each of the above-named occupant(s) in a conspicuous place on the property therein described there being no person of suitable age or discretion to be found at any known place of residence or business of said occupant(s).
**AND MAILING** by first class mail on the same day as posted, a copy to each said occupant by depositing said copies in the United States Mail, in a sealed envelope with postage fully prepaid, addressed to the occupant(s) at the place where the property is situated.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed this _17th_ day of March 2023 at Huntington Beach, California.

_signature_

# EXHIBIT 2

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| D. EDWARD HAYS, #162507<br>ehays@marshackhays.com<br>LAILA MASUD, #311731<br>lmasud@marshackhays.com<br>BRADFORD N. BARNHARDT, #328705<br>bbarnhardt@marshackhays.com<br>MARSHACK HAYS LLP<br>870 Roosevelt<br>Irvine, CA 92620<br>Telephone: (949) 333-7777<br>Facsimile: (949) 333-7778 | **FILED & ENTERED**<br><br>FEB 17 2023<br><br>CLERK U.S. BANKRUPTCY COURT<br>Central District of California<br>BY bolte      DEPUTY CLERK<br><br>CHANGES MADE BY COURT |
| ☒ *Attorney for Movant*<br>☐ *Movant appearing without an attorney* | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA -*SANTA ANA* DIVISION**

| In re:<br><br>JAMIE LYNN GALLIAN,<br><br><br><br><br><br><br>Debtor(s). | CASE NO.: 8:21-bk-11710-SC<br>CHAPTER: 7 |
|---|---|
| | **ORDER GRANTING MOTION FOR RELIEF FROM STAY UNDER 11 U.S.C. § 362 (UNLAWFUL DETAINER)** |
| | DATE: 02/01/2023<br>TIME: 10:00 am<br>COURTROOM: 5C<br>PLACE: 411 W. Fourth Street, Santa Ana, California |

**Movant:** Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates

1. The Motion was:    ☒ Opposed    ☐ Unopposed    ☐ Settled by stipulation

2. This order applies to the following real property (Property):

   Type of property: ☒ Residential    ☐ Nonresidential

   *Street Address: 16222 Monterey Lane*
   *Unit/Suite number: Space 376*
   *City, State, Zip Code: Huntington Beach, CA 92649*

3. The Motion is granted under:

   a.   ☒   11 U.S.C. § 362(d)(1)

   b.   ☒   11 U.S.C. § 362(d)(2)

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2014*                          Page 1                          **F 4001-1.RFS.UD.ORDER**

EXHIBIT L, PAGE 210

c. ☐ 11 U.S.C. § 362(d)(4). The filing of the bankruptcy petition was part of a scheme to hinder, delay, or defraud creditors that involved:

(1) ☐ The transfer of all or part ownership of, or other interest in, the Property without the consent of the secured creditor or court approval; and/or

(2) ☐ Multiple bankruptcy cases affecting the Property.

(3) ☐ The court ☐ makes ☐ does not make ☐ cannot make a finding that the Debtor was involved in this scheme.

(4) If recorded in compliance with applicable state laws governing notices of interests or liens in real property, this order is binding in any other case under this title commenced by or against any debtor who claims any interest in the Property purporting to affect such real property filed not later than 2 years after the date of the entry of this order by the court, except that a debtor in a subsequent case under this title may move for relief from this order based upon changed circumstances or for good cause shown, after notice and a hearing. Any federal, state or local government unit that accepts notices of interests or liens in real property shall accept any certified copy of this order for indexing and recording.

4. ☐ As to Movant, its successors, transferees and assigns, the stay of 11 U.S.C. § 362(a) is:

a. ☐ Terminated as to the Debtor and the Debtor's bankruptcy estate.

b. ☐ Modified or conditioned as set forth in Exhibit _____ to this order.

c. ☐ Annulled retroactive to the bankruptcy petition date. Any postpetition acts taken by or at the request of the Movant to enforce its remedies regarding the Property, including without limitation entry of any order, judgment or writ, do not constitute a violation of the stay.

5. ☒ Movant may enforce its remedies to obtain possession of the Property, including lockout, in accordance with applicable nonbankruptcy law, but may not pursue any monetary claim against the Debtor or property of the estate for amounts attributable to the period before the bankruptcy was filed except by filing a proof of claim pursuant to 11 U.S.C. § 501.

6. ☐ Movant shall not cause the Debtor to be locked out before (*date*) _____.

7. ☐ The co-debtor stay of 11 U.S.C. § 1201(a) or § 1301(a) is terminated, modified or annulled as to the co-debtor, on the same terms and conditions as to the Debtor.

8. ☒ The 14-day stay prescribed by FRBP 4001(a)(3) is waived.

9. This order is binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of the Bankruptcy Code.

10. ☐ This order is binding in any other bankruptcy case commenced by or against any debtor who claims any interest in the Property, or purporting to affect the Property filed not later than 2 years after the date of entry of this order, except that a debtor in a subsequent case may move for relief from this order based upon changed circumstances or for good cause shown, after notice and hearing.

11. ☐ This order is binding and effective in any bankruptcy commenced by or against the Debtor for a period of 180 days from the hearing of this Motion.

12. ☐ This order is binding and effective in *any* bankruptcy commenced by or against *any* debtor who claims any interest in the Property for a period of 180 days from the hearing of this Motion.

a. ☐ without further notice.

b. ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2014*                                    Page 2                          **F 4001-1.RFS.UD.ORDER**

EXHIBIT L, PAGE 211

13. ☐ A designated law enforcement officer may evict the Debtor and any other occupant from the Property regardless of any future bankruptcy case concerning the Property for a period of 180 days from the hearing of this Motion.

   a. ☐ without further notice.

   b. ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

14. ☒ Other (*specify*): The motion is granted for the reasons set forth in the motion and reply and as set forth by the Court as stated on the record at the hearing, as well as by the Court on the record at the February 14, 2023 hearing in adversary proceeding 8:21-ap-01096, which resulted in the issuance of an order entered February 15, 2023, which, *inter alia*, bifurcated Movant's §523 and §727 claims to address any overlap with this motion.

Additionally, the Orange County Superior Court will not determine title/ownership of the Debtor's underlying mobile home and/or whether the Debtor's mobile home is property of the bankruptcy estate.

4867-3602-7728, v. 1

###

Date: February 17, 2023

Scott C. Clarkson
United States Bankruptcy Judge

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014                                    Page 3                          F 4001-1.RFS.UD.ORDER

EXHIBIT L, PAGE 212

## VERIFICATION

I am an agent of the Plaintiff in this proceeding and have read this Complaint. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: March 27, 2023

_____

Craig Houser, General Partner

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
870 Roosevelt, Irvine, CA 92620.

A true and correct copy of the foregoing document entitled: **NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY OR FOR ORDER CONFIRMING THAT THE AUTOMATIC STAY DOES NOT APPLY UNDER 11 U.S.C. § 362(L) (WITH SUPPORTING DECLARATIONS) (UNLAWFUL DETAINER)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **September 6, 2023**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**: On **September 6, 2023**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**DEBTOR**
JAMIE LYNN GALLIAN
16222 MONTEREY LN UNIT 376
HUNTINGTON BEACH, CA 92649

**SECURED CREDITOR**
J-PAD, LLC
ATTN: OFFICER, A MANAGING OR GENERAL AGENT, OR TO ANY OTHER AGENT AUTHORIZED BY APPOINTMENT OR LAW TO RECEIVE SERVICE OF PROCESS
4519 PONDEROSA WAY
YORBA LINDA, CA 92886

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **September 6, 2023**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**VIA PERSONAL DELIVERY:**
**PRESIDING JUDGE'S COPY**
HONORABLE SCOTT C. CLARKSON
UNITED STATES BANKRUPTCY COURT, CENTRAL DISTRICT OF CALIFORNIA
RONALD REAGAN FEDERAL BUILDING AND COURTHOUSE
411 WEST FOURTH STREET, SUITE 5130 / COURTROOM 5C
SANTA ANA, CA 92701-4593

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| September 6, 2023 | Layla Buchanan | /s/ Layla Buchanan |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: CONTINUED:

- **ATTORNEY FOR CREDITOR AND PLAINTIFF HOUSER BROS. CO.:** Bradford Barnhardt bbarnhardt@marshackhays.com, bbarnhardt@ecf.courtdrive.com, kfrederick@ecf.courtdrive.com
- **ATTORNEY FOR TRUSTEE JEFFREY I GOLDEN (TR):** Aaron E DE Leest adeleest@DanningGill.com, danninggill@gmail.com; adeleest@ecf.inforuptcy.com
- **ATTORNEY FOR CREDITOR AND PLAINTIFF THE HUNTINGTON BEACH GABLES HOMEOWNERS' ASSOCIATION:** Robert P Goe kmurphy@goeforlaw.com, rgoe@goeforlaw.com; goeforecf@gmail.com
- **CHAPTER 7 TRUSTEE JEFFREY I GOLDEN (TR):** Jeffrey I Golden (TR lwerner@wgllp.com, jig@trustesolutions.net; kadele@wgllp.com
- **ATTORNEY FOR CREDITOR AND PLAINTIFF HOUSER BROS. CO. and CREDITOR HOUSER BROS. CO. DBA RANCHO DEL REY MOBILE HOME ESTATES:** D Edward Hays ehays@marshackhays.com, ehays@ecf.courtdrive.com; kfrederick@ecf.courtdrive.com; cmendoza@marshackhays.com; cmendoza@ecf.courtdrive.com
- **ATTORNEY FOR CREDITOR AND PLAINTIFF THE HUNTINGTON BEACH GABLES HOMEOWNERS' ASSOCIATION:** Brandon J Iskander biskander@goeforlaw.com, kmurphy@goeforlaw.com
- **ATTORNEY FOR TRUSTEE JEFFREY I GOLDEN (TR):** Eric P Israel eisrael@DanningGill.com, danninggill@gmail.com; eisrael@ecf.inforuptcy.com
- **ATTORNEY FOR CREDITOR AND PLAINTIFF HOUSER BROS. CO. and CREDITOR HOUSER BROS. CO. DBA RANCHO DEL REY MOBILE HOME ESTATES:** Laila Masud lmasud@marshackhays.com, lmasud@ecf.courtdrive.com; kfrederick@ecf.courtdrive.com
- **ATTORNEY FOR DEFENDANT RANDALL L NICKEL:** Mark A Mellor mail@mellorlawfirm.com, mellormr79158@notify.bestcase.com
- **INTERESTED PARTY COURTESY NEF:** Valerie Smith claims@recoverycorp.com
- **U.S. TRUSTEE:** United States Trustee (SA) ustpregion16.sa.ecf@usdoj.gov

4879-0465-9015, v. 1

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                    **F 9013-3.1.PROOF.SERVICE**