JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re:<br><br>Jamie Lynn Gallian,<br><br>　　　　Debtor.<br>――――――――――――<br>Houser Bros. Co.,<br>　　Appellant,<br><br>　　　　v.<br><br>Jamie Lynn Gallian,<br>　　Appellee | 8:23-cv-00001-DSF<br>8:21-bk-11710-SC<br><br>**ORDER REVERSING THE ORDER OF THE BANKRUPTCY COURT AND REMANDING FOR FURTHER PROCEEDINGS** |

　　Appellant Houser Bros Co. dba Rancho Del Rey Mobile Home Estates appeals the bankruptcy court's December 19, 2022 Order granting debtor/appellee Jamie Lynn Gallian's motion for reconsideration of its objection to Gallian's automatic homestead exemption.

　　The appeal concerns the manufactured home located at 16222 Monterey Lane, Unit 376, Huntington Beach, CA (the Property) acquired in November 2018. Dkt. 12-20 (Ex. 20) (Mem.) at 6. Shortly after, J-Sandcastle LLC (the LLC) registered as the property owner. Id. The LLC was wholly owned by Gallian. Id. From November 2018 onwards, Gallian used the Property as her principal residence. Id. at 7.

Gallian insists that the LLC transferred its interest in the Property to her in February 2021. Id. In July 2021, Gallian filed for Chapter 7 Bankruptcy. Bankruptcy Docket, Dkt 1-1 at 2.

She then claimed an automatic homestead exemption in the Property as part of her amended Schedule C filed in March 2022. See Dkt. 1-72 at 20. She valued the property at $235,000 but claimed an exemption up to $600,000 in the proceeds from its sale. Id.

Houser Bros. Co. is a creditor and the owner of the mobile park where the Property sits. Dkt 1-30 at 2-4. It holds a lien on the Property and objected to Gallian's claimed homestead exemption. Dkt. 1-75, Amending Schedules at 11; Dkt. 12-15 (Ex. 15), July 21, 2022 Order Granting Obj. at 12 (Order Grant Obj.).

The bankruptcy court found that the LLC was the registered owner on the petition date, not Gallian. Order Grant Obj. at 12. The court concluded that because Gallian was not the registered owner at the petition date, she was not entitled to the homestead exemption. Id. Gallian filed a Motion for Reconsideration, which was granted. See Dkt. 1-1 (Ex. 1), (Order Grant Recons.) at 3.

The bankruptcy court then issued a decision vacating its previous order and explained that – after more careful review – it concluded Gallian was entitled to the automatic homestead exemption because of her continuous occupancy of the Property, irrespective of legal title. See Mem. at 12–13. Houser Bros. appealed.

A district court has jurisdiction to hear appeals from a bankruptcy court's final judgments, orders, and decrees. 28 U.S.C. § 158(a)(1). An order affirming an exemption is a final, appealable order. In re Gilman, 887 F.3d 956, 963 (9th Cir. 2018).

"The right of a debtor to claim an exemption is a question of law reviewed de novo." Kane v. Zions Bancorporation, N.A., 631 F. Supp. 3d 854, 859 (N.D. Cal. 2022), appeal dismissed, No. 22-16674, 2023 WL 3075944 (9th Cir. Feb. 28, 2023). "The bankruptcy court's factual

2

findings regarding a claimed exemption, including a debtor's intent, are reviewed for clear error." Id.

However, the bankruptcy court's factual findings have been vacated, and have no precedential weight. See Zeneca Ltd. v. Novopharm Ltd., 919 F. Supp. 193, 196 (D. Md. 1996) ("As a general rule, a vacated judgment and the factual findings underlying it have no preclusive effect; the judgment is a legal nullity.").

The Court cannot review whether the homestead exemption and federal statutory cap apply until the bankruptcy court issues findings concerning the nature of Gallian's interest in the Property, including whether Gallian ever acquired (and retained) an equitable interest in the Property and whether title was transferred to her prior to the petition date.[1] The bankruptcy court's order is REVERSED and the case is REMANDED.

IT IS SO ORDERED.

Date: November 1, 2023

Dale S. Fischer
United States District Judge

---

[1] Gallian filed a brief arguing that Houser Bros. lacks standing and that the case should be dismissed for lack of subject matter jurisdiction. See Dkt. 29. Houser Bros. is a creditor. It has a "pecuniary interest and practical stake" in whether an exemption can be claimed that is sufficient to support Article III standing. In re Sobczak, 369 B.R. 512, 518 (B.A.P. 9th Cir. 2007).

3