1  ERIC P. ISRAEL (State Bar No. 132426)
   eisrael@DanningGill.com
2  AARON E. DE LEEST (State Bar No. 216832)
   adeleest@DanningGill.com
3  DANNING, GILL, ISRAEL & KRASNOFF, LLP
   1901 Avenue of the Stars, Suite 450
4  Los Angeles, California 90067-6006
   Telephone:  (310) 277-0077
5  Facsimile:   (310) 277-5735

6  Attorneys for Jeffrey I. Golden,
   Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SANTA ANA DIVISION

| | |
|---|---|
| In re | Case No. 8:21-bk-11710-SC |
| JAMIE LYNN GALLIAN, | Chapter 7 |
| Debtor. | **THIRD STIPULATION BETWEEN THE CHAPTER 7 TRUSTEE AND THE HUNTINGTON BEACH GABLES HOMEOWNERS ASSOCIATION TO TOLL STATUTES OF LIMITATIONS**<br><br>[No Hearing Required] |

This stipulation to toll statutes of limitations (the "Agreement"), dated as of April 2, 2024, is entered into by and between Jeffrey I. Golden, as the Chapter 7 Trustee (the "Trustee") for the bankruptcy estate of Jamie Lynn Gallian (the "Debtor), on the one hand, and The Huntington Beach Gables Homeowners Association (the "HOA"), on the other hand (collectively the "Parties" and each a "Party").

WHEREAS, on July 9, 2021 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 7 of title 11 of the United States Code (the "Bankruptcy Code"), Bankruptcy Case No. 8:21-bk-11710-SC (the "Bankruptcy Case"), which case is currently pending in the Santa Ana Division of the United States Bankruptcy Court for the Central District of California, and Jeffrey I. Golden was appointed as the Chapter 7 trustee for the Debtor's bankruptcy estate.

WHEREAS, pursuant to Sections 108 and 546 of the Bankruptcy Code, the Trustee may have been required to bring certain claims and causes of action within two years of the Petition Date.

WHEREAS, pursuant to a stipulation dated July 6, 2023, and order entered on July 13, 2023, the date by which the Trustee may have been required to file certain claims against the HOA was extended to October 9, 2023.

WHEREAS, pursuant to a second stipulation dated October 2, 2023, and order entered on October 3, 2023, the date by which the Trustee may have been required to file certain claims against the HOA was extended to April 9, 2024.

NOW, THEREFORE, the Parties agree and stipulate as follows:

1. Capitalized terms in this Agreement not defined elsewhere shall have the following meanings:

(a) "Claim" and/or "Claims" means any and all debts, duties, obligations, agreements, contracts, promises, covenants, representations, warranties, guaranties, breaches, defaults, damages, injuries, losses, demands, allegations, causes of action, actions, claims for relief, orders, judgments, liens, encumbrances, levies, charges, costs, expenses, attorneys' fees and other claims or liabilities of any kind, whether at law or in equity, whether known or unknown, and whether concealed or revealed that could be asserted by the Trustee or the Debtor's bankruptcy estate against the HOA. Without limiting the foregoing definition, which is intended to be construed as broadly as possible to include any and all claims of any kind or nature, the definition of "Claim" and/or "Claims" includes any and all claims under Sections 542 through 550, inclusive, of the Bankruptcy Code.

(b) "Limitations Period" means any statute of limitations, statute of repose, period of prescription, contractual period of limitation, laches, and any other rule or doctrine, at law or in equity, relating to the timeliness of any Claim(s).

2. The running of any Limitations Period that would otherwise apply to any Claims that the Trustee or the Debtor's bankruptcy estate may have against the HOA is hereby tolled through **October 9, 2024** (the "Expiration Date") and the HOA hereby waives the invocation of

any such Limitations Period as a defense only in the event, and provided that, the Claims are asserted or alleged against the HOA by action or proceeding brought in any court of competent jurisdiction on or before the Expiration Date, and the HOA hereby agrees that such action or proceeding will be deemed to have been commenced and the Claims legally interposed as of the date hereof for all purposes, including, without limitation, for purposes of any Limitations Period.

3. This Agreement will remain in effect during the period from the date hereof until the Expiration Date (the "Tolling Period"), and any extensions thereof. The HOA agrees to waive and shall not assert any defenses against the Trustee or the Debtor's bankruptcy estate based on the passage of time during the Tolling Period as to Claims asserted or alleged by action or proceeding in any court of competent jurisdiction against the HOA on or before the Expiration Date.

4. If, after the Tolling Period, a Party brings an action against another, no Party may put forward or rely upon the time that elapses during the Tolling Period in any way in defending against any Claims.

5. Nothing herein shall constitute or be deemed to constitute an admission, acknowledgment, waiver or election on behalf of any Party as to any liability or wrongdoing, or the applicability of any Limitations Period, nor shall the tolling of the Limitations Period, as provided herein, serve to revive any Limitations Period that may have expired as of the date hereof. Nothing herein shall constitute or be deemed to constitute an admission or acknowledgment on behalf of any Party as to the existence or viability of any Claims. Moreover, nothing herein shall be deemed a waiver of the automatic or any other stay otherwise in place in the Bankruptcy Case.

6. Each of the undersigned represents that he or she has the authority to execute this Agreement on behalf of the Party for whom it is executed.

7. This Agreement cannot be offered or received in evidence in any legal action among the Parties except to enforce the terms of the Agreement.

8. This Agreement shall be binding upon and inure to the benefit of the Trustee, the HOA, and each of their respective successors and assigns.

9. A facsimile or emailed copy of the executed Agreement shall serve as an original.

10. Except as expressly provided herein, this Agreement shall not constitute a waiver or

release of any rights, claims or defenses by any Party hereto.

11. This Agreement constitutes the entire and integrated agreement of the Parties with respect to the subject matters hereof, and may not be altered, modified or amended, except in a writing signed by the Parties.

12. Each Party represents and warrants that it has taken all necessary corporate and legal action required to duly approve the making and performance of this Agreement and that no further action is necessary to make this stipulation binding and legally enforceable, except for the Bankruptcy Court approval contemplated herein, and the undersigned counsel represent and warrant that they have been and are duly authorized by the respective Parties to sign this Agreement on their behalf.

13. The Trustee shall lodge an order approving and giving effect to this Agreement.

IN WITNESS OF THE FOREGOING, the Parties, by and through their counsel, have executed, or caused to be executed, this Agreement as of the date first written above.

DANNING, GILL, DIAMOND & KOLLITZ, LLP

By:     /s/ Aaron E. de Leest
AARON E. DE LEEST
Attorneys for Jeffrey I. Golden, Chapter 7 Trustee for the bankruptcy estate of Jamie Lynn Gallian

GOE FORSYTHE & HODGES LLP

By: _____
ROBERT P. GOE
Attorneys for The Huntington Beach Gables Homeowners Association

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 1901 Avenue of the Stars, Suite 450, Los Angeles, CA 90067-6006.

A true and correct copy of the foregoing document entitled (*specify*): THIRD STIPULATION BETWEEN THE CHAPTER 7 TRUSTEE AND THE HUNTINGTON BEACH GABLES HOMEOWNERS ASSOCIATION TO TOLL STATUTES OF LIMITATIONS will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On April 2, 2024 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page.

**2. SERVED BY UNITED STATES MAIL**: On April 2, 2024, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by causing to be placed a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page.

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| April 2, 2024 | Beverly Lew | /s/ Beverly Lew |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

**ADDITIONAL SERVICE INFORMATION (if needed):**

## 1. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")

Bradford Barnhardt on behalf of Interested Party Courtesy NEF
bbarnhardt@marshackhays.com, bbarnhardt@ecf.courtdrive.com,alinares@ecf.courtdrive.com

Bradford Barnhardt on behalf of Plaintiff Houser Bros. Co.
bbarnhardt@marshackhays.com, bbarnhardt@ecf.courtdrive.com,alinares@ecf.courtdrive.com

Aaron E. DE Leest on behalf of Plaintiff Jeffrey I. Golden
adeleest@DanningGill.com, danninggill@gmail.com;adeleest@ecf.inforuptcy.com

Aaron E. DE Leest on behalf of Trustee Jeffrey I Golden (TR)
adeleest@DanningGill.com, danninggill@gmail.com;adeleest@ecf.inforuptcy.com

Robert P Goe on behalf of Creditor The Huntington Beach Gables Homeowners Association
kmurphy@goeforlaw.com, rgoe@goeforlaw.com;goeforecf@gmail.com

Robert P Goe on behalf of Interested Party The Huntington Beach Gables Homeowners Association
kmurphy@goeforlaw.com, rgoe@goeforlaw.com;goeforecf@gmail.com

Robert P Goe on behalf of Plaintiff The Huntington Beach Gables Homeowners Association
kmurphy@goeforlaw.com, rgoe@goeforlaw.com;goeforecf@gmail.com

Jeffrey I Golden (TR)
lwerner@go2.law, jig@trustesolutions.net;kadele@go2.law;C205@ecfcbis.com

D Edward Hays on behalf of Creditor Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates
ehays@marshackhays.com, ehays@ecf.courtdrive.com;alinares@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com

D Edward Hays on behalf of Interested Party Courtesy NEF
ehays@marshackhays.com, ehays@ecf.courtdrive.com;alinares@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com

D Edward Hays on behalf of Plaintiff Houser Bros. Co.
ehays@marshackhays.com, ehays@ecf.courtdrive.com;alinares@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com

Brandon J. Iskander on behalf of Creditor The Huntington Beach Gables Homeowners Association
biskander@goeforlaw.com, kmurphy@goeforlaw.com

Brandon J. Iskander on behalf of Plaintiff The Huntington Beach Gables Homeowners Association
biskander@goeforlaw.com, kmurphy@goeforlaw.com

Eric P Israel on behalf of Trustee Jeffrey I Golden (TR)
eisrael@danninggill.com, danninggill@gmail.com;eisrael@ecf.inforuptcy.com

Shantal Malmed on behalf of Trustee Jeffrey I Golden (TR)
smalmed@danninggill.com

Laila Masud on behalf of Creditor Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates
lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;lbuchanan@marshackhays.com;alinares@ecf.courtdrive.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                          F 9013-3.1.PROOF.SERVICE

Laila Masud on behalf of Interested Party Courtesy NEF
lmasud@marshackhays.com,
lmasud@ecf.courtdrive.com;lbuchanan@marshackhays.com;alinares@ecf.courtdrive.com

Laila Masud on behalf of Plaintiff Houser Bros. Co.
lmasud@marshackhays.com,
lmasud@ecf.courtdrive.com;lbuchanan@marshackhays.com;alinares@ecf.courtdrive.com

Mark A Mellor on behalf of Defendant Randall L Nickel
mail@mellorlawfirm.com, mellormr79158@notify.bestcase.com

Mark A Mellor on behalf of Interested Party Courtesy NEF
mail@mellorlawfirm.com, mellormr79158@notify.bestcase.com

Valerie Smith on behalf of Interested Party Courtesy NEF
claims@recoverycorp.com

United States Trustee (SA)
ustpregion16.sa.ecf@usdoj.gov

**2. SERVED BY U.S. MAIL**

| | |
|---|---|
| Debtor<br>Jamie Lynn Gallian<br>16222 Monterey Ln Unit 376<br>Huntington Beach, CA 92649 | The Honorable Scott C. Clarkson<br>U.S. Bankruptcy Court<br>411 W. Fourth Street, Suite 5130<br>Santa Ana, CA  92701 |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                                           **F 9013-3.1.PROOF.SERVICE**