1

2

3

4

5

6

7



FILED & ENTERED

MAY 15 2024

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY jle        DEPUTY CLERK**

8          **UNITED STATES BANKRUPTCY COURT**

9          **CENTRAL DISTRICT OF CALIFORNIA**

10          **SANTA ANA DIVISION**

11 | In re                                                      | 8:23-CV-00001-DSF
                                                                  Case No. 8:21-bk-11710-SC

12 | **JAMIE LYNN GALLIAN**

13 |          Debtor,                                          Chapter: 7

14 |                                                              **ORDER REGARDING "ORDER**
                                                                  **REVERSING THE ORDER OF THE**
15 |                                                              **BANKRUPTCY COURT AND**
                                                                  **REMANDING FOR FURTHER**
16 |                                                              **PROCEEDINGS" ENTERED BY THE**
                                                                  **DISTRICT COURT ON NOVEMBER 1,**
17 |                                                              **2023**

18

19

20          On December 29, 2022, Houser Bros. Co. dba Rancho Del Rey Mobile Estates

("Houser Bros.) appealed this Court's Order Granting Debtor's Motion for
21
Reconsideration of the Court's August 5, 2022 Order Sustaining Objection to Debtor's
22
Homestead Exemption entered on December 19, 2022 ("Reconsideration Order") in the
23
above referenced bankruptcy case.  Houser Bros. elected to have its appeal heard by the
24
United States District Court ("District Court").  On November 1, 2023, the District Court
25
entered its Order Reversing the Order of the Bankruptcy Court and Remanding for
26
Further Proceedings ("Reversal Order").
27

28

1    The Reversal Order directs this Court to issue findings concerning 1) the nature of

2    the Debtor Jamie Lynn Gallian's ("Debtor") interest in the 2014 Skyline Custom Villa

3    manufactured home located at 16222 Monterey Lane, Unit 376, Huntington Beach,

4    California (the "Property"), including whether Debtor ever acquired (and retained) an

5    equitable interest in the Property, and 2) whether title was transferred to her prior to the

6    date the bankruptcy petition was filed.  The within findings constitute the Court's

7    response to the remand directive of the Reversal Order.[1]

8    I.    Background

9    This matter involves a dispute over Debtor's claimed homestead exemption in the

10    Property.  On or about November 1, 2018, Debtor purchased the Property from

11    registered owner, Lisa Ryan ("Ryan") with proceeds Debtor received from the sale of her

12    previous home. Debtor's Motion for Reconsideration at 15.  [Dkt. 157].  However, on this

13    same date, Debtor caused Ryan to transfer the Certificate of Title regarding the Property

14    to her single-member limited liability company, J-Sandcastle Co LLC ("Sandcastle"),

15    which Certificate of Title was recorded by Debtor at the Department of Housing and

16    Community Development on November 16, 2018.  *Id.* at 26; Houser Bros.' Motion

17    Objecting to Debtor's Claimed Homestead Exemption, Exhs. 13 and 14 [Dkt 95].

18    A. Houser Bros.'s Motion Objecting to Debtor's Claimed Homestead Exemption

19    On May 12, 2022, Houser Bros. filed its "Motion Objecting to Debtor's Claimed

20    Homestead Exemption" (Homestead Motion").  [Dkt.95].  Various other parties joined in

21    the Homestead Motion.  [Dkts. 98, 100].  The pleadings filed in support of the Homestead

22    Motion focused primarily on the argument that Debtor did not hold legal title to the

23

24    [1] The underlying bankruptcy case was transferred to the Honorable Scott Clarkson on

25    September 1, 2022 due to the retirement of the undersigned, Judge Erithe Smith, on

26    October 29, 2022. However, as Judge Smith presided over the hearing on Debtor's

Motion for Reconsideration and issued the Reconsideration Order in her capacity as a

27    recalled bankruptcy judge (effective until October 31, 2024), she has authority and

28    jurisdiction to issue the within findings.

2

1    Property as of the date the bankruptcy petition was filed, i.e., July 9, 2021 (the "Petition

2    Date") and, therefore, she was not entitled to claim a homestead exemption.

3         Debtor opposed the Homestead Motion, asserting that Sandcastle had transferred

4    its interest in the Property to her on or about February 25, 2021, prior to the Petition Date.

5    Debtor also argued that she was entitled to an automatic homestead exemption under

6    Cal. Civ. Proc. Code §§ 704.710(c) and 704.720(a) as she had continuously resided on

7    the Property since November 2018 through the Petition Date and had intended the same

8    to be her principal residence during such time.

9         The final hearing on the Homestead Motion was held on July 21, 2022.  At that

10   hearing, oral argument focused on the issue of legal ownership as of the Petition Date.

11   On August 5, 2022, this Court entered its Order Granting Houser Bros. Co. dba Rancho

12   Del Rey Mobile Home Estate's Motion Objecting to Debtor's Claimed Exemption in 16222

13   Monterey Lane, Space 376, Huntington Beach, CA 92649" [Dkt. 177] ("Homestead

14   Order") on the ground that Debtor did not hold legal title to the Property as of the Petition

15   and, therefore, was not entitled to a homestead exemption under Cal Civ. Pro. Code

16   §704.30.  This Court ruled that

17             . . . Debtor failed to meet her burden that the Property is

18        subject to exemption.  First, the HC records show that J-Sandcastle LLC,

19        not Debtor, was the owner of record, on the Petition Date.  As of June 7, 2021 –

20        about a month before the Petition Date – the Property's registered owner

21        was J-Sandcastle LLC, and the legal owners were Ron Pierpoint and J-Pad LLC.

22        Hays Decl., Ex. 17 at 142.

23   Homestead Order, Exh. 1 at 10.

24        The Court did not, however, rule on Debtor's claim to an automatic homestead

25   exemption under Cal. Civ. Proc. Code §§ 704.710(c) and 704.720(a).

26        B.  Debtor's Motion for Reconsideration of the Homestead Order

27        On July 26, 2022, Debtor filed her "Motion for Reconsideration of 7.21.22 Order

28

3

1  [sic] Sustaining Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates Objection to

2  Debtor's Claimed Homestead Objection, etc." ("Reconsideration Motion") [Dkt.157]. [2]

3  Debtor reiterated her claimed status as legal owner, as well as entitlement to an

4  automatic homestead exemption. Opposition pleadings to the Reconsideration Motion

5  were filed by Houser Bros. and other interested parties.

6        On December 19, 2022, this Court entered its Reconsideration Order on the

7  ground that Debtor was entitled to an automatic homestead exemption.  [Dkt 274].  Also

8  on December 19, 2022, the Court entered its "Memorandum of Decision Regarding

9  Debtor's Motion for Reconsideration of the Court's August 5, 2022 Order Sustaining

10  Objection to Debtor's Homestead Exemption ("Memorandum of Decision"). [Dkt. 273].[3]

11      II.      Findings in Response to the District Court's Reversal Order

12          A.  Did Debtor Have an Equitable Interest in the Property as of the Petition Date?

13        Yes.  This Court finds that, notwithstanding the fact that Sandcastle was the

14  registered owner and Ron Pierpont and J-Pad LLC were the legal owners of the Property,

15  Debtor held an equitable interest in the Property as of the date of the Petition that

16  satisfied the requirements for an automatic homestead exemption under Cal. Civ. Proc.

17  Code §§ 704.10(c) and 704.720(a).[4]

18        In *In re Gilman*, 887 F.3d 956-965 (9th Cir. 2018), the Ninth Circuit provides a clear

19  analysis of California's automatic homestead laws, to wit:

20          California provides for an 'automatic' homestead
           exemption. Cal. Civ. Proc. Code § 704.720(a). The automatic
21          homestead exemption protects a debtor 'who resides (or who is
           related to one who resides) in the homestead property at the time of
22          a forced judicial sale of the dwelling.' *In re Anderson*, 824 F.2d 754,

23  _____

[2] Debtor filed the Reconsideration Motion prior to the entry of the Homestead Order on August 5, 2022.

24
[3] The Memorandum of Decision was intended to serve as the Court's findings of fact and conclusions of

25  law in support of the Reconsideration Order and was incorporated by reference in the Reconsideration

26  Order.

[4] A "manufactured home together with the outbuildings and land upon which they are

27   situated" is eligible for a homestead exemption. Cal. Code Civ. Proc. § 704.710(a)(2)

28  (defining "dwelling").

757 (9th Cir. 1987); *see also Diaz*, 547 B.R. at 334 ("The filing of a bankruptcy petition constitutes a forced sale for purposes of the automatic homestead exemption.").

Under Cal. Civ. Proc. Code § 704.710(c), a 'homestead' is 'the principal dwelling (1) in which the judgment debtor or the judgment debtor's spouse resided on the date the judgment creditor's lien attached to the dwelling, and (2) in which the judgment debtor or the judgment debtor's spouse resided continuously thereafter until the date of the court determination that the dwelling is a homestead.' This "requires only that the judgment debtor *reside* in the property as his or her principal dwelling at the time the judgment creditor's lien attaches and continuously thereafter until the court determines the dwelling is a homestead." *In re Elliott*, 523 B.R. 188, 196 (BAP 9th Cir. 2014) (quoting *Tarlesson*, 184 Cal. App. 4th at 937, 109 Cal.Rptr.3d 319). It does not require that the debtor continuously own the property. *Id.*

To determine whether a debtor resides in a property for homestead purposes, courts consider the debtor's physical occupancy of the property and the intent to reside there. *Diaz*, 547 B.R. at 335; *Ellsworth v. Marshall*, 196 Cal.App. 2d 471, 474, 16 Cal.Rptr. 588 (1961) ('The physical fact of the occupancy and the intention with which the premises are occupied 'are both elements to be considered in determining the actual residence.') (quoting *Lakas v. Archambault*, 38 Cal.App. 365, 372, 176 P. 180 (1918)).

**California law rejects [the] argument that title to the property is necessary to claim a homestead exemption. For instance, *Tarlesson* held that** 'judgment debtors who continuously reside in their dwellings retain a sufficient equitable interest in the property to claim a homestead exemption even when they have conveyed title to another' 184 Cal.App. 4th at 937, 109 Cal.Rptr.3d 319. The court further noted that "[s]uch a result is consistent with the purpose of California's homestead exemption to protect one's dwelling against creditors." *Id.* Likewise, *Elliott* held that **conveyance to a third party does not defeat a debtor's right to an automatic exemption, 'because continuous residency, rather than continuous ownership,' controls the analysis**. 523 B.R. at 196.

(emphasis added)

According to the record, which is undisputed, Debtor used her own personal funds to purchase the Property. More importantly, it is also undisputed that Debtor has continuously resided on the Property since November 2018 through and beyond the Petition Date. Finally, there was no persuasive evidence presented by those in

1   opposition to the Reconsideration Motion to refute Debtor's position that she intended to

2   reside on the Property as her principal residence during the same period.  Accordingly,

3   this Court finds that by her continuous possession and use of the Property as her

4   principal residence since November 2018, Debtor held a sufficient equitable interest in

5   the Property to claim an automatic homestead exemption under Cal. Civ. Proc. Code

6   § 704.720(a). *Gilman*, 887 F.3d at 964; *Tarlesson,* 184 Cal. App. 4th at 937.

7           B.  <u>Was Title Transferred to Debtor Prior to the Petition Date?</u>

8           No. The Reconsideration Motion was granted <u>solely</u> on the basis of Debtor's

9   *equitable* interest in the Property.  The Reconsideration Order did not in any way alter,

10  change or modify the Court's finding in the Homestead Order regarding Debtor's lack of

11  *legal* title as of the Petition Date.  None of the evidence presented by Debtor in the

12  Reconsideration Motion persuaded the Court to reverse its finding in that regard.

13  Specifically, Debtor presented no credible evidence that the certificate of title showing

14  Sandcastle as the registered owner of the Property was transferred to her prior to the

15  Petition Date.  On the contrary, Houser Bros. presented documentation establishing that

16  a certificate of title showing Debtor as the new registered owner of the Property was not

17  issued until August 3, 2021, nearly a month after the Petition Date.  See Homestead

18  Motion, Hays Decl., Exh. 22 at 195.  Based on the record presented, the Court finds that

19  title to the Property was not transferred to Debtor prior to the Petition Date.

20  //

21  //

22  //

23  //

24  //

25  //

26  //

27  //

28  //

1    III.    Conclusion

2        The Court finds that Debtor held a sufficient equitable interest in the Property to

3    claim an automatic homestead exemption under Cal. Civ. Proc. Code § 704.720(a).

4                                    ###

Date: May 15, 2024

Erithe Smith
United States Bankruptcy Judge