1  JAMIE LYNN GALLIAN
   16222 MONTEREY LN. UNIT 376
2  HUNTINGTON BEACH, CA 92649
   (714-321-3449
3  JAMIEGALLIAN@GMAIL.COM

4  DEBTOR, In Pro se

5

6

7

8            **UNITED STATES BANKRUPTCY COURT**

9            **CENTRAL DISTRICT OF CALIFORNIA**

10                **SANTA ANA DIVISION**

11

12  In re                          | Case No. 8:21-bk-11710-SC

13  JAMIE LYNN GALLIAN,            | Chapter 7

14

15        Debtor.                   | Date:  JULY 30, 2024
                                    | Time: 11:00 a.m.
16                                  | Place: Courtroom 5C -Virtual

17                                  | OPPOSITION TO TRUSTEE'S DOC 395
                                    | Application to Employ Real Estate Broker
18                                  | Coldwell Banker Realty and Agents
                                    | William Friedman and Greg Bingham
19                                  | Pursuamt To 11 U.S.C. §§327 And §§328;
                                    | Memorandum Of Points and Authorities;
20                                  | and Declarations Jamie Lynn Gallian,
                                    | Ronald J. Pierpont;
21                                  | Request For Judicial Notice.

22                                  |     411 W. Fourth Street,
                                    |     Santa Ana, California 92701
23

24        PLEASE TAKE NOTICE that JAMIE LYNN GALLIAN hereby submits this opposition

25  to Trustee's Notice Of Application and Application to Employ Real Estate Broker Coldwell

26  Banker Realty and Agents William Friedman and Greg Bingham Pursuamt To 11 U.S.C. §§327

27  And §§328; Memorandum Of Points and Authorities; and Declarations of William Friedman and

28  Greg Bingham; Request For Judicial Notice, Memorandum of Points and Authorities, Declaration
    of Jamie Gallian; Ronald Pierpont..

                              1

                                                                    001

## MEMORANDUM OF POINTS AUTHORITIES
## LAW OF THE CASE

The law of the case doctrine has binding application after an action between the same parties takes a detour to an appellate court that decides an issue, or issues, on the merits. Otherwise, courts are free to discretionarily apply the doctrine for the sake of policy and convenience. Having an understanding of the doctrine is key for deciding whether it's worthwhile to revisit a court's prior ruling, or whether to plow ahead with new and different arguments.

There are a handful of legal doctrines ~~that~~ can be difficult to comprehend, ~~but the~~ law of the case doctrine shouldn't be one of them. Yet, time and again, the doctrine seems to perplex litigants, especially when deciding whether it is binding or discretionary, and whether it has any application to a trial court's own prior rulings. The answers to both of these questions are important to understand before asking a court to revisit a prior ruling.

The basic rule is this: a ruling or holding stated in an appellate court opinion is binding on all inferior courts in all subsequent proceedings related to the same parties in the same action. (Morohoshi v. Pacific Home (2004) 34 Cal.4th 482, 491.)

The doctrine is invoked when a party takes an appeal, or writ petition, to an appellate court that decides the issues presented on the merits and remands the matter to the lower court for further proceedings. Consequently, the summary denial of a writ petition does not become law of the case on any of the substantive issues raised because it is not a decision on the merits. (Kowis v. Howard (1992) 3 Cal.4th 888, 894.)

The doctrine is strongest when flowing vertically, down to the inferior courts. A ruling or holding of the California Supreme Court is binding on the Court of Appeal, the Appellate Division of the Superior Court, and the Superior Court. A ruling or holding of the Court of Appeal is binding on the Appellate Division of the Superior Court, and the Superior Court. And a ruling or holding of the Appellate Division of the Superior Court is binding on the Superior Court.

But the law of the case doctrine can also have horizontal application. For example, an appellate court will generally follow the law of the case doctrine when asked to revisit an issue that it previously decided in an earlier appeal between the same parties in the same action. (Santa Clarita Organization for Planning the Environment v. County of Los Angeles (2007) 157 Cal.App.4th 149, 156.) "This is true even if the court that issued the opinion becomes convinced in a subsequent consideration that the former opinion is erroneous." (Ibid.) However, appellate courts can exercise discretion not to apply the doctrine when necessary to avoid an injustice, or when there is an intervening change in applicable law made after the prior appeal. (Morohoshi, supra, 34 Cal.4th 482, 491-492.) What would rise to an "injustice" is open for interpretation but, presumably, it would involve some form of prejudicial error. In any event, because there is no horizontal stare decisis within the Court of Appeal, the doctrine would not apply in the rare event that the subsequent appeal returns to a different district or division, or a different panel of the same division. (See Cedar-Sinai Medical Center v. Superior Court (1998) 18 Cal.4th 1, 21.)

Interestingly, the California Supreme Court has recognized that the doctrine can have reverse vertical application. This happens when a District Court of Appeal renders a decision, the case is remanded to the trial court for further proceedings, and instead of prosecuting another appeal to the Court of Appeal, the Supreme Court grants a petition.

# Declaration of Jamie Lynn Gallian

I, Jamie Lynn Gallian, say and declare as follows:

1.       I am an individual over 18 years of age and competent to make this Declaration.

2.       If called upon to do so, I could and would competently testify as to the facts herein.

3.       On November 7, 2018, I deposited $175,000, into J-Sandcastle Co Chase Acct. 0860

4.       There is one 11/16/2018 Security Agreement with EX. A Promissory Note between the Lender/Holder Jamie Lynn Gallian and Borrower, J-Sandcastle Co LLC.,

5.       The collateral identified in the Security Agreement is the Personal Property LBM 1081.

There is no Deed of Trust for any Real Property, Space 376. with the mobilehome park. Houser Bros attorney Vivienne Alston and Chris Houser said the MH LBM 1081 could not be sold in place. A 2019, email to Gallian's real estate agent was also told the home could not be sold in place.

6.       I make this Declaration in support of Debtor's Opposition to the Trustee's Application to Employ Real Estate Brokers Coldwell Banker. DOC 396

7.       Debtor **incorporates Doc 208 her 2022 Opposition to Trustee's First Application.** Homest ad. Doc 128 On Jun

8.       e 30, 2022, the Trustee filed Trustee's Joinder to Houser Bros Objection to Debtors

9.       On August 4, 2022, Trustee filed Trustees Joinder in Houser Bros Co response to Debtors Motion For Reconsideration of TR Order 7.21.22.  DOC 173.

I declare under penalty of perjury that the foregoing is true and correct. Executed on  JULY 16,, 2024. at Huntington Beach, CA County of Orange.

*Jamie Lynn Gallian*

JAMIE LYNN GALLIAN

The Trustee joined Houser Bros Co Objection and accepted the outcome. the Appeal is final. Trustee did not challenge the Honorable Erithe A. Smith December 16, 2022, MOD and Orders DOC 273, 274. Trustee did not challenge Judge Smith "Remand" Order entered May 15, 2024, DOC 393, 394. Houser Bros Co did not appeal the Orders. The Orders are final. There have been too many "do-overs" by very seasoned attorneys. This Chapter 7 case is now over three years old and remains open. Debtor should be entitled to her full homestead exemption without interference from the Trustee because he came up with a new theory. Debtor filed her final amended petition and schedules March 22, 2022. Debtor did not list her any Secured Interests because non exist. The Trustee should not be able to sell the personal property manufactured home if Houser Bros. Park Operators have not let debtor sell the home in place since 2019 and refuse to enter into a Space 376 Agreement and have an unprosecuted 1/2/2019 Unlawful Detainer case still open. There are overlapping issues with the State Court UD case set for 8/30/2024, 30-2019-01041423

                                          **Jamie Gallian <jamiegallian@gmail.com>**

---

## Fw: Rancho Del Rey Space 376
6 messages

---

**Chief Arroyo** <josephamh@outlook.com>                    Tue, May 18, 2021 at 9:40 AM
To: Jamie Gallian <jamiegallian@gmail.com>

Good Morning
Take a look a what I just received from Chris this morning.
Thank you
Joseph

*Joseph Arroyo*
*Owner*



**AMERICAN** Manufactured & Mobile Home Sales
977 S. Santa Fe, Suite 1
Vista, CA 92083
Cell:          760.845.7368
Vista:        760.758.7653
Menifee:   951.672.7944
Fax:          760.758.7652
Josephamh@outlook.com
VISIT OUR WEBSITE AT – WWW.AMH-SALES.COM

*Celebrating 74 Years In Business*

*"See your home listed on MHVillage, Trulia, Zillow, Postel and 16 other listing sites!"*

---

**From:** Rancho Del Rey Office <office@ranchodelreymhe.com>
**Sent:** Tuesday, May 18, 2021 4:34 PM
**To:** Josephamh@outlook.com <Josephamh@outlook.com>
**Subject:** Rancho Del Rey Space 376

Hi Joseph,
I would like to follow up on your call 5/14/2021 in regard to Space 376 in Rancho Del Rey Mobile Home Estates. Due to pending litigation, space 376 is not currently eligible to be sold in place. As we discussed on the phone, if a settlement agreement can be reached, we would be able to start the application process for the buyer that you had referenced.

Please let me know if you have any questions.

Sincerely,
Chris

Chris Houser
**Rancho Del Rey Mobile Home Estates**
16222 Monterey Ln. OFC
Huntington Beach, CA 92649
Office: (714) 846-1429
www.ranchodelreymhe.com

CONFIDENTIALITY NOTICE: The contents of this email message and any attachments are intended solely for the addressee(s) and may
contain confidential and/or privileged information and may be legally protected from disclosure. If you are not the intended recipient of this
message or their agent, or if this message has been addressed to you in error, please immediately alert the sender by reply email and then
delete this message and any attachments. If you are not the intended recipient, you are hereby notified that any use, dissemination, copying, or
storage of this message or its attachments is strictly prohibited.

---

**Jamie Gallian** <jamiegallian@gmail.com>                     Tue, May 18, 2021 at 9:47 AM
To: Joseph Arroyo <josephamh@outlook.com>

CALL ME!
[Quoted text hidden]

---

**Jamie Gallian** <jamiegallian@gmail.com>                    Tue, May 18, 2021 at 10:12 AM
To: Joseph Arroyo <josephamh@outlook.com>

Begin forwarded message:
[Quoted text hidden]

---

**Chief Arroyo** <Josephamh@outlook.com>                Tue, May 18, 2021 at 10:55 AM
To: Jamie Gallian <jamiegallian@gmail.com>

Give me five min okay

*Joseph Arroyo*
*Owner*



AMERICAN Manufactured & Mobile Home Sales
977 S. Santa Fe, Suite 1
Vista, CA 92083
Cell:       760.845.7368
Vista:      760.758.7653
Menifee:   951.672.7944
Fax:       760.758.7652
Josephamh@outlook.com

VISIT OUR WEBSITE AT – WWW.AMH-SALES.COM

*Celebrating 74 Years In Business*

*"See your home listed on MHVillage, Trulia, Zillow, Postel and 16 other listing sites!"*

---

**From:** Jamie Gallian <jamiegallian@gmail.com>
**Sent:** Tuesday, May 18, 2021 5:12 PM
**To:** Joseph Arroyo <josephamh@outlook.com>
**Subject:** Fwd: Rancho Del Rey Space 376

[Quoted text hidden]

---

**Jamie Gallian** <jamiegallian@gmail.com>                    Sat, Jul 13, 2024 at 3:09 PM
To: Joseph Arroyo <jarroyo@amh-sales.com>
Cc: Jamie Gallian <jamiegallian@gmail.com>

Per your request.

Sincerely,


Jamie Gallian
714-321-3449
jamiegallian@gmail.com




[Quoted text hidden]

---

**Jamie Gallian** <jamiegallian@gmail.com>                    Mon, Jul 15, 2024 at 12:26 PM
To: Joseph Arroyo <josephamh@outlook.com>, Jamie Gallian <jamiegallian@gmail.com>

[Quoted text hidden]

## DECLARATION OF RONALD J. PIERPONT

**1.**     I, RONALD J. PIERPONT, declare

2.     I am an individual over 18 years of age and competent to make this Declaratio.

3.     The facts set forth below are true of my personal knowledge.

4.     I make this Declaration in support of the Motion to Compel and Order to the Trustee and his Counsel to remove and cancel the Application to Transfer Certificate of Title for -zero- consideration.

5.     A true and correct copy 2/24/2021 State of California - Department of Housing and Community Development -
**CERTIFICATE OF TITLE  LEGAL OWNERS RONALD J. PIERPONT OR J-PAD**
**Exhibit D-2**

6.     A true and correct copy State of California - Department of Housing and Community Development - **FORM HCD R/T 475.3 LIEN SATISFIED**
**EXECUTED by Ronald J. Pierpont on 7/9/2021**
**Legal Owner(s) RONALD J. PIERPONT (OR) J_PAD, LLC**
**DTN 12313525, Jul 14, 2021**
**DOC 132;**
**HOUSER BROS TRIAL EXHIBIT 42, PAGE 1602**
**Exhibit D-3**

Dated this 11th day of July, at Huntington Beach, CA under penalty of perjury.

*Ronald J Pierpont*

RONALD J. PIERPONT

STATE OF CALIFORNIA
BUSINESS, CONSUMER SERVICES AND HOUSING AGENCY
DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT
DIVISION OF CODES AND STANDARDS
REGISTRATION AND TITLING PROGRAM



## LIEN SATISFIED

---

**SECTION I.          DESCRIPTION OF UNIT**

---

This unit is a:

☑ Manufactured Home/Mobilehome   ☐ Commercial Modular   ☐ Floating Home   ☐ Truck Camper

The Decal (License) No.(s) of the unit is: LBM1081

The Trade Name of the unit is: CUSTOM VILLA

The Serial No.(s) of the unit is: AC7V710394GB/AC7V710394GA

---

**SECTION II.          DEBTOR(S) NAME(S)**

---

Name of Debtor(s): J-SANDCASTLE CO, LLC

---

**SECTION III.          LIENHOLDER'S CERTIFICATION**

---

This is to certify that our/my lien in the name(s) of the debtor(s) shown above against the described
unit has been fully satisfied and has not been assigned to any other party.

I/We certify under penalty of perjury that the foregoing is true and correct.

Print or Type Name of Legal Owner or Jr. Lienholder (Lender):

J-PAD LLC or RONALD J. PIERPONT

Signature of Legal Owner, Jr. Lienholder (Lender) or their Authorized Agent:

*Ronald J Pierpont*                                          Date 7/9/2021

Address     16222 MONTEREY LN. #376          HUNTINGTON BEACH,          CA          92649
            Street Address or P.O. Box                          City                    State          Zip

HCD RT 475.3 (Rev. 07/16)

EXHIBIT 42, PAGE 1602

STATE OF CALIFORNIA
BUSINESS, CONSUMER SERVICES AND HOUSING AGENCY
DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT
DIVISION OF CODES AND STANDARDS
REGISTRATION AND TITLING PROGRAM



## STATEMENT OF FACTS

This unit is a: ☑ Manufactured Home / Mobilehome  ☐ Commercial Modular  ☐ Floating Home  ☐ Truck Camper

| Decal (License) No.(s): | Trade Name: | Serial No.(s): |
|---|---|---|
| LBM 1081 | | |

I/We, the undersigned, hereby state:

I spoke with Jamie Gallian and she states the unit should be registered as Jamie Gallian as sole registered owner. The lien has been satisfied and there is no legal owner at this time. Jamie advised the county and was told there was no need to revise the Tax Clearance certificate.

I/We further agree to indemnify and save harmless the Director of the Department of Housing and Community Development, State of California, and subsequent purchasers of said unit, for any loss they may suffer resulting from registration of the above-described unit in California, or from issuance of a California Certificate of Title covering the same.

I/We certify under penalty of perjury that the foregoing is true and correct.

Executed on ___7/28/21___ at ___Sacramento___, ___CA___
                    *Date*                    *City*                    *State*

Signature(s):                          Printed name(s):
*Rebecca M. O'Loughlin*          Rebecca M O'Loughlin, Program Tech II

Address _____

City _____  State _____

HCD RT 476.6 (Rev. 07/16)

EXHIBIT 42, PAGE 1608

# TAX CLEARANCE CERTIFICATE

☒ **Mobile Home**

☐ **Floating Home**

## COUNTY OF ORANGE

| SERIAL NUMBER/HULL NUMBER | DECAL NUMBER/CF NUMBER |
|---|---|
| AC7V710394GA, AC7V710394GB | LBM1081 |

| LOCATION OF HOME | ASSESSOR'S PARCEL NUMBER |
|---|---|
| 16222 MONTEREY LN 376 HUNTINGTON BEACH | 891-569-62 |

| CURRENT REGISTERED OWNER | APPLICANT |
|---|---|
| J-SANDCASTLE CO LLC<br>16222 MONTEREY LN<br>SPC 376<br>HUNTINGTON BEACH CA 92649 | J-SANDCASTLE CO LLC & JAMIE L. GALLIAN<br>16222 MONTEREY LN #376<br>HUNTINGTON BEACH CA 92649 |

I hereby certify that the following has been paid:

☐ Delinquent license fees

☐ Property taxes applicable to the home identified above through the fiscal year

☒ A security deposit for payment of the property taxes for the fiscal year 2021-2022

☒ No taxes due or payable at this time.

There may be a supplemental assessment not covered by this "Tax Clearance Certificate" which may create an additional bill.

**THIS CERTIFICATE IS VOID ON AND AFTER SEPTEMBER 7, 2021.**

Executed on July 9, 2021 at Santa Ana.
Treasurer-Tax Collector for Orange County, State of California.

Issued on July 9, 2021 _____     _____
(Signature)

§2189.8, 5832 R & T Code

TDL 10-01 (7-87)

DECLARATION OF JAMIE LYNN GALLIAN
REQUEST FOR JUDICIAL NOTICE

1.      On July 9, 2021 ("Petition Date"), the Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code, including her bankruptcy schedules ("Schedules"). Jeffrey I. Golden was appointed the Chapter 7 Trustee and held the §341 Meeting on August 18, 2021. The §341 meetings concluded on November 10, 2021, as no other business was announced or was there a request to continue from any creditor made.

2.      On September 21, 2021, Debtor filed her FIRST AMENDMENT, SCHEDULE C, Claiming her full homestead exemption CCP §704.930. Dkt. 16
Pre-petition Debtor filed her Declared Homestead OC Clerk Recorder. Dkt. 72

3.      On  July 9, 2021, pre-petition, Ronald J. Pierpont, debtors husband executed Lien Satisfied HCD Form 475.3, DTN 12313525 releasing all Legal owner(s) against the MH Decal LBM 1081. Original copy 7/9/2021 Lien Satisfied in the official records of the Sacramento, CA Department of Housing and Community Development Office

4.      The internal records of HCD owner of LBM 1081, Certificate of Title is Jamie Lynn Gallian, the manufactured home situs 16222 Monterey Lane, Space 376, Huntington Beach, California 92649, According to the internal official Housing and Community Development records, Certificate of Title was lawfully transferred to Jamie Lynn Gallian from J-Sandcastle Co. on February 25, 2021. The HCD also notifies the Orange County Tax Assessor of the date for their Local Property Tax Records which also reflect February 25, 2021 as the date Jamie Lynn Gallian exemption has been active in Orange County.

5.      The Legal owners Ronald Pierpont [or] J-Pad, LLC were removed from the Certificate of Title by HCD DTN 12313525. On July 27, 2021, HCD Title Search showed Jamie Lynn Gallian as Registered Owner as of February 25, 2021 and all previous Legal Owners Ronald Pierpont or J-PAD, LLC removed by the executed Lien Satisfied HCD Form on  July 9, 2021, supported by HCD affidavit *See Docket 132, pg.53.*

6.      The Debtors First Amendment Schedule.C  September 21, 2021, claimed a homestead exemption in the Property in the amount of $600,000.  No objections were filed by the Trustee or any interested party within 30 days of Debtors First Amendment Schedule. C  The September 21, 2021, First Amendment Schedule C became final after 30 days without objection.§522(l).

7.      Over eight months later on May 12, 2022, Houser Bros. Co., dba Rancho Del Rey Mobile Home Estates,Park Operator filed an untimely Motion Objecting to Debtor's Claimed Homestead Exemption (Dkt. 95, "Motion").

8.      Debtor filed (Dkt 105 "Opposition") to Houser Bros Motion on June 1, 2022.
Debtor filed the only Security Agreement Lender Jamie Gallian and Borrower JSC 11/16/18 EX A. Promissory Note

9.      On June 30, 2022, Trustee filed Trustee's Joinder in Houser Bros Co dba Rancho Del Rey Mobilehome Estates' Motion Objecting to Debtor's Claimed Homestead Exemption. Docket 128

10.      The hearing on the Exemption Motion was continued June 2, 2022 to July 21, 2022 to allow Houser and the joinders, Trustee Golden, Huntington Beach Gables, and Janine Jasso to Reply to Debtors Opposition.

11.      On    7/7/22    Houser Bros Co. filed (5) Reply and Declarations  Dkt(s). 130-134. Specifically. Doc. 132, Pg. 37, 47, are Tonald Pierpont's 7/9/2021 Lien Satisfied HCD Form 473.5 LBM 1081, DTN receipt 12313525, served by ECF on the Chapter 7 Trustee, US Trustee, amongst others.

004

12.     On July 21, 2022, the Court adopted its Tentative Ruling to Grant Houser's Bros. Motion based solely on Houser Bros Co Exemption Motion because the Court opined it did not properly consider or have an opportunity to fully consider Debtors late filed "Opposition" Dkt. 105. *See MOD Dkt.273.*

13.     On July 26, 2022, Debtor filed her Motion for Reconsideration of 7.21.22 TR Order Sustaining Houser Bros Co. dba Rancho Del Rey Mobilehome Estates Objection to Debtors Claimed Homestead Exemption and Joinder parties Chapter 7 Trustee, Huntington Beach Gables HOA and Janine Jasso.

14.     On July 28, 2022, Trustee filed Application to Employ Coldwell Banker Realty as Real Estate Broker Application Of The Chapter 7 Trustee To Employ Real Estate Broker Coldwell Banker Realty And Agents William Friedman And Greg Bingham Pursuant To 11 U.S.C. §§ 327 And 328; Memorandum Of Points And Authorities; And Declarations Of William Friedman And Greg Bingham In Support . Dkt. 162. The Notice of Hearing by Trustee was defective and Court requested Trustee to contact Court for date. Dkt. 166

15.     On August 4, 2022, Houser Bros Co filed Response to Debtors Motion for Reconsideration. Dkt. 170

16.     On August 4, 2022, Trustee Jeffrey Golden filed Statement- Trustee's Joinder in Houser Bros Co dba Rancho Del Rey Mobilehome Estates' Response to Debtor's Notice of Motion for Reconsideration of 7.21.22 TR Order Sustaining Houser Bros Co dba Rancho Del Rey Mobilehome Estate's Objection to Debtor's Claimed Homestead Exemption. Dkt.  173.

17.     On August 5, 2022, the Court entered its Order Granting Houser Bros Motion Objecting to Homestead Exemption. Dkt. 177

18.     On August 18, 2022, on the Courts own Motion the Hearing on Debtors Motion for Reconsideration of 7.21.22 TR Order Sustaining Houser Bros Co dba Rancho Del Rey Mobilehome Estate's Objection to Debtor's Claimed Homestead Exemption.set for 8/18/22, is continued to 9/22/2022 10:00 am, for Oral Argument. Dkt. 193.

19.     On August 22, 2022, Trustee set Hearing Set (RE: related document(s)162 Application to Employ Real Estate Broker Coldwell Banker Realty and Agents William Friedman and Greg Bingham filed by Trustee Jeffrey I Golden (TR)) The Hearing date is set for 9/13/2022 at 11:00AM at Crtrm 5C, 411 W Fourth St., Santa Ana, CA 92701. The hearing judge is Scott C Clarkson (JL) (Entered: 08/22/2022) Dkt. 197

20.     On August 25, 2022, Debtor filed Debtor's Notice to Trustee to Abandon Estate's Interest in Reinvested Funds From Sale of Unit 53, 10/31/2018 APN 937-630-53 to Purchase LBM1081 on November 1, 2018, and Against Jamie Lynn Gallian Relating to the Purchase in the Personal Property Commonly Known as 16222 Monterey Ln #376, Huntington Beach, California 92649. Dkt.  203

3

21.    On August 30, 2022, Debtor filed comprehensive Argument to the Opposition to Application of the Chapter 7 Trustee to Employ Real Estate Broker Coldwell Banker Realty and Agents William Friedman and Greg Bingham Pursuant to 11 U.S. Section 327 and 328 (related document(s): 162 Application to Employ Coldwell Banker Realty as Real Estate Broker Application Of The Chapter 7 Trustee To Employ Real Estate Broker Coldwell Banker Realty And Agents William Friedman And Greg Bingham Pursuant To 11 U.S.C. §§ 327 And 328. Dkt. 208

22.    On September 13, 2022, Hearing Held On Motion (RE: related document(s)162 Application Of The Chapter 7 Trustee To Employ Real Estate Broker Coldwell Banker Realty And Agents William Friedman And Greg Bingham Pursuant To 11 U.S.C. Sections 327 And 328 filed by Trustee Jeffrey I Golden (TR)) - MOTION DENIED WITHOUT PREJUDICE - ORDER BY ATTORNEY Dkt.

23.    On September 22, 2022, Hearing Held (RE: related document(s)157 Motion to Reconsider filed by Debtor Jamie Lynn Gallian) MATTER TAKEN UNDER ADVISEMENT. Dkt. 237

24.    On December 19, 2022, the Honorable Erithe A. Smith published Memorandum and Decision regarding Debtor's Motion for Reconsideration of the Court's August 5, 2022 Order Sustaining Objection to Debtor's Homestead Exemption (See Order for Further Rulings) (BNC-PDF) Signed on 12/19/2022. (Entered: 12/19/2022) Dkt. 273

25.    On December 19, 2022, the Honorable Erithe A. Smith entered Order Granting Debtor's Motion for Reconsideration of the Court's August 5, 2022 Order Sustaining Objection to Debtor's Homestead Exemption (See Order for Further Rulings) (BNC-PDF) Signed on 12/19/2022 (RE: related document(s)157 Motion to Reconsider filed by Debtor Jamie Lynn Gallian). (AM) (Entered: 12/19/2022) Dkt. 274

26.    On December 29, 2022, Houser Bros Co dba Rancho Del Rey Mbilehome Estates filed Notice of Appeal and Statement of Election to U.S. District Court. (Official Form 417A) . Fee Amount \$298 Filed by Creditor Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates (RE: related document(s)274 Order (Generic) (BNC-PDF)). Appellant Designation due by 01/12/2023. (Hays, D) (Entered: 12/29/2022) Dkt.280

27.    Opposition to (related document(s): 307 Motion filed by Debtor Jamie Lynn Gallian, 308 Motion filed by Debtor Jamie Lynn Gallian, 309 Notice of motion/application filed by Debtor Jamie Lynn Gallian, 312 Notice of motion/application filed by Debtor Jamie Lynn Gallian) - Trustee's Notice of Opposition and Opposition to Debtor's Notice of Hearing and Motion Requesting Trustee Abandon Estate's Interest in Debtor's Primary Residence, Space 376 2014 Skyline Manufactured Home LBM1981; Memorandum of Points and Authorities and Request for Judicial Notice in Support Thereof; proof of service Filed by Trustee Jeffrey I Golden (TR) (DE Leest, Aaron) (Entered: 02/01/2023) Dkt. 318.

4

28.     House Bros. Co. Opposition Document(s): 308 Motion filed by Debtor Jamie Lynn Gallian) Filed by Creditor Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates (Hays, D) (Entered: 02/01/2023) Dkt. 319

29.     Assignment notice of USDC case/judge to appeal RE: USDC Case No.: 8:23-cv-000001-DSF (filed at United States District Cout on 1/5/2023) (RE: related document(s)280 Notice of Appeal and Statement of Election (Official Form 417A) filed by Creditor Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates) (NB8) (Entered: 02/06/2023) Doc. 325

30.     Order Denying Motion Requesting The Trustee Abandon Estate's Interest In Debtor's Primary Residence And Vacating Hearing. IT IS ORDERED: The Court Finds Good Cause To DENY The Motion Without Prejudice For The Reasons Stated In The Well-Taken Oppositions, And VACATE The February 15, 2023 Hearing. When The Matter Of Debtor's Homestead Exemption, Which Is The Subject Of A Pending Appeal, Is Resolved, Debtor May File A Renewed Motion; Dkt. 326

31.     Hearing Held On Motion (RE: related document(s)308 Motion Requesting The Trustee Abandon Estate's Interest In Debtor's Primary Residence, Space 376 2014 Skyline Manufactured Home LBM1981; Court GRANTED Debtors Homestead Exemption Docket 274 filed by Debtor Jamie Lynn Gallian) HEARING ON MOTION OFF CALENDAR PER ORDER DENYING MOTION REQUESTING THE TRUSTEE ABANDON ESTATE'S INTEREST IN DEBTOR'S PRIMARY RESIDENCE AND VACATING HEARING ENTERED 2-7-2023 - **(DOCKET NO. 9)** (NB8) (Entered: 02/21/2023) Dky. 336

32.     Order Granting Motion for relief from stay UNLAWFUL DETAINER To Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates (RE: 16222 Monterey Lane, Space 376, Huntington Beach, CA 92649) (BNC-PDF) (Related Doc # 278 ) Signed on 2/17/2023 (NB8) (Entered: 02/17/2023)  DKT. 334

33.     Filed at United States District Court on November 1, 2023, Order Reversing The Order Of The Bankruptcy Court And Remanding For Further Proceedings. RE : Appeal USDC Number: 21-cv-00001-DSF - RULING: The Bankruptcy Court's Order Is REVERSED And The Case is REMANDED. (filed at United States District Court on 11/1/2023) (related document [274] Order Granting Debtor's Motion for Reconsideration of the Court's August 5, 2022 Order Sustaining Objection to Debtor's Homestead Exemption) AND (280 Notice of Appeal and Statement of Election) (NB8) (Entered: 11/01/2023 **Dkt. 387**

34.     On May 15, 2024, Honorable Erithe A. Smith entered Order Regarding "Order Reversing the Order of the Bankruptcy Court and Remanding for Further Proceedings" Entered by the District Court on November 1, 2023. (BNC-PDF) (Related Doc # 387 ) Signed on 5/15/2024 (JL) (Entered: 05/15/2024) **Dkt. 393, 394**

35.     On July 1, 2024, Trustee filed second Application to Employ Real Estate Broker Coldwell Banker Realty and Agents William Friedman and Greg Bingham as Real Estate Broker Trustee's Notice of Application and Application to Employ Real Estate Broker Coldwell Banker Realty and Agents William Friedman and Greg Bingham Pursuant to 11 U.S.C. §§ 327 and 328. Doc. 396

I declare under penalty of perjury the foregoing is true and correct  of my own personal knowlegde. Signed this 16 day of July, 2024 at Huntington Beach, Ca.  Jamie Lynn Gallian

EXHIBIT A



## Terms and Conditions (Remitter and Payee):

* Please keep this copy for your record of the transaction
* The laws of a specific state will consider these funds to be "abandoned"
   if the Cashier's Check is not cashed by a certain time
      - Please cash/deposit this Cashier's Check as soon as possible to
      prevent this from occurring
      - In most cases, the funds will be considered "abandoned"
      before the "Void After" Date
* Placing a Stop Payment on a Cashier's Check
      - Stop Payment can only be placed if the Cashier's Check
      is lost, stolen, or destroyed
      - We may not re-issue or refund the funds after the stop payment has
      been placed until 90 days after the original check was issued
* Please visit a Chase branch to report a lost, stolen, or destroyed Cashier's Check
   or for any other information about this item

FOR YOUR PROTECTION SAVE THIS COPY     **Customer Copy**
**CASHIER'S CHECK**                      1085245498

                                       11/07/2018
                                       Void after 7 years

**Remitter:**    JAMIE L GALLIAN

                                              $** 175,000.00 **

**Pay To The**   J SANDCASTLE CO LLC
**Order Of:**

Memo:—                                 Drawer: **JPMORGAN CHASE BANK, N.A.**
Note: For information only. Comment has no effect on bank's payment.    **NON NEGOTIABLE**

                                                        282111107 NEW 01/08 8810004305
HOLD DOCUMENT UP TO THE LIGHT TO VIEW TRUE WATERMARK    **CASHIER'S CHECK**    HOLD DOCUMENT UP 1085245498
                                                                                           1221
**CHASE**                                          Date   11/07/2018   Void after 7 years
**Remitter:**    JAMIE L GALLIAN

**Pay To The**   J SANDCASTLE CO LLC
**Order Of:**

**Pay:**   ONE HUNDRED SEVENTY FIVE THOUSAND          $** 175,000.00 **
           DOLLARS AND 00 CENTS

                                       Drawer: **JPMORGAN CHASE BANK, N.A.**
        Do not write outside this box
                                       Sol Gindi
Memo:—                                 Sol Gindi, Chief Administrative Officer
Note: For information only. Comment has no effect on bank's payment.    JPMorgan Chase Bank, N.A.
                                       Phoenix, AZ

⑾1085245498⑾ ⑆122100024⑆ 80600 2234⑾

009



DEPOSIT/DEPÓSITO

CHASE ⬤ DEPOSIT / DEPÓSITO

SAVINGS/AHORROS ☐
CHASE LIQUID ☐

R/T 500001020

Today's Date/Fecha
11-7-18

Customer Name (Please Print)/Nombre del cliente (en letra de molde)
J- SandCastle Co, LLC

Sign Here (If cash is received from this deposit)/
Firme aquí (si recibe efectivo de este depósito)
X
H13/65-CH (Rev. 07/13)    80087835    05/13

Start your account number here/
▼ Empiece su número de cuenta aquí

351897860

| | |
|---|---|
| CASH / EFECTIVO ▶ | |
| CHECK / CHEQUE ▶ | 175000.00 |
| TOTAL FROM OTHER SIDE / TOTAL DEL REVERSO ▶ | |
| SUBTOTAL ▶ | |
| LESS CASH / MENOS EFECTIVO RECIBIDO ▶ | |
| TOTAL $ | 175000.00 |

⑈098009 2148⑈ ⑆50000 1020⑇



2021111/07 NEW-01/08 65*0004300

CASHIER'S CHECK    1085245498

HOLD DOCUMENT UP TO THE LIGHT TO VIEW TRUE WATERMARK

CHASE ⬤    Date  11/07/2018    Void after 7 years    1221

Remitter  JAMIE L GALLIAN

Pay To The
Order Of:    J SANDCASTLE CO LLC

Pay:  ONE HUNDRED SEVENTY FIVE THOUSAND    $** 175,000.00 **
DOLLARS AND 00 CENTS

Drawer: JPMORGAN CHASE BANK, N.A.

Do not write outside this box

Memo:                                              Sol Gindi, Chief Administrative Officer
Note: For information only. Comment has no effect on bank's payment.    JPMorgan Chase Bank, N A
                                                   Phoenix, AZ

⑈1085245498⑈ ⑆122100024⑆ 806002234⑈

1380473863

010

# Security Agreement

This security agreement is between J-SANDCASTLE CO. LLC, a(n) California limited liability company (the **"Borrower"**) and

JAMIE LYNN GALLIAN, an individual (the **"Lender"**).

The Borrower is indebted to the Lender in the amount of $225000 (the **"Loan"**). The Loan is evidenced by a promissory note

effective on the same date as this agreement (the **"Note"**), a copy of which is attached as **Exhibit A**. The Note and this agreement

are collectively referred to as the **"Loan Documents."**

To induce the Lender to provide Loan to the Borrower as evidenced by the Note, the Borrower has agreed to enter into this security

agreement for the benefit of the Lender and to grant the Lender a security interest in the Secured Property (as defined below) to

secure the prompt payment, performance, and discharge in full of the Borrower's obligations under the Note.

The parties therefore agree as follows:

## 1. GRANT OF SECURITY INTEREST.

The Borrower grants to the Lender a security interest in the Secured Property (as defined in section 2 below) to secure payment of

the Loan.

## 2. SECURED PROPERTY.

The secured property consists of all of the Borrower's interest as of the effective date of this agreement in the following properties

and rights, wherever located, whether now owned or existing or later acquired and arising (the **"Secured Property"**): SERIAL

NUMBER AC7V710394GB, AC7V710394GA; DECAL NUMBER LBM1081; ASSESSOR'S PARCEL NUMBER 891-569-62

## 3. INDEBTEDNESS.

This agreement is made to secure payment when due of the Loan. The Loan includes:

    (a) all obligations of the Borrower to the Lender under the Note;

(b) all amendments, renewals, or extensions of the above;

(c) all costs incurred by the Lender in establishing, determining, continuing, or defending the validity or priority of its security interest, or in pursuing its rights under this agreement or any other Loan Document or in connection with any proceeding involving the Lender as a result of any financial accommodation to the Borrower; and

(d) all other costs of collecting the Loan, including attorneys' fees.

The Borrower shall reimburse the Lender for these expenses immediately on demand, and until paid all costs shall bear interest at the highest per year rate applicable to the Loan and permitted by law.

## 4. REAFFIRMATION OF LOAN.

The Borrower hereby reaffirms its obligation for the full and punctual payment and performance of the Note and all other obligations of the Borrower under the Note.

## 5. BORROWER'S OBLIGATIONS.

(a) The Borrower shall pay the Loan at the time and in the manner provided in the Note;

(b) The Borrower shall ensure that the Secured Property remains free of all security interests other than the rights of the Lender created by this agreement;

(c) The Borrower will defend the Lender's interest in the Secured Property against the claims of all other persons; and

(d) The Borrower may not transfer any Secured Property while this agreement is in effect without the prior written consent of the Lender, which consent may be withheld or given in the Lender's sole discretion.

## 6. RECORDING OF AGREEMENT.

On the effective date of this agreement, the Borrower will record this agreement and any security instrument creating a security interest on the Secured Property as required by law to protect the security interest of the Lender on the Secured Property. The Borrower shall pay all filing fees and associated expenses incident to this recordation.

012

## 7. EVENTS OF DEFAULT.

The Borrower will be in default under this agreement if any of the following occurs:

(a) A default in the payment of the Loan or any of the obligations contained in this agreement or in the Loan Documents;

(b) Any representation made to the Lender by the Borrower proving to have been false in any material respect when made;

(c) Loss, theft, substantial damage, or destruction, or any sale or encumbrance to which the Lender did not consent in writing, of the Secured Property, or the making of a levy, seizure, or attachment on that property; or

(d) An Event of Default, as defined in the Note.

## 8. REMEDIES FOR EVENTS OF DEFAULT.

If an Event of Default occurs, the Lender may declare the Loan immediately due. In addition, the Lender will have all of the remedies set forth below, and these remedies are cumulative, so that the Lender may exercise one or more of these remedies until the Loan is paid in full without right of reinstatement, disgorgement, or repayment by reason of a preference, other creditor action, or by operation of law:

(a) cause all or any portion of the Secured Property to be registered in its name or the name of its nominee, designee, or assignee;

(b) have the exclusive right to receive all distributions with respect to the Secured Property;

(c) dispose of the Secured Property, at private or public sale, without advertisement of the time or place of the sale (or any adjournment), free of any right of redemption by the Borrower (this right of redemption being expressly waived by the Borrower), at the price, in the manner, and to the purchaser (including the Lender) that the Lender determines in its sole discretion. The proceeds of this sale will be applied to the Loan and the sale expenses (and the Borrower will remain liable for any deficiencies); or

(d) all other rights and remedies arising under this agreement or applicable law.

## 9. RESPONSIBILITY FOR SECURED PROPERTY.

The Borrower assumes all responsibility for the Secured Property, and the Loan will not be affected by the loss, destruction,

013

damage, or theft of any of the Secured Property or its unavailability for any reason. The Lender

(a) has no duty (either before or after an Event of Default) to collect any amounts related to the Secured Property or to preserve

any rights relating to the Secured Property, and

(b) has no obligation to clean up or otherwise prepare the Secured Property for sale.

The Borrower remains obligated under each agreement included in the Secured Property. The exercise of the Lender of any rights

under this agreement does not release the Borrower from its obligations under the agreements included in the Secured Property.

The Lender has no liability under the agreements included in the Secured Property.

## 10. TERMINATION.

This agreement and all rights of the Lender under this agreement will terminate when the Lender is satisfied that the Loan and all

other obligations of the Borrower under the Loan Documents are paid and performed in full without reinstatement, disgorgement, or

repayment by reason of a preference, other credit or action, or operation of law.

## 11. INCONSISTENCIES.

If any provision of this agreement is inconsistent with any provision in the Note, the provisions of this agreement will control.

## 12. GOVERNING LAW.

(a) **Choice of Law.** The laws of the state of California govern this agreement (without giving effect to its conflicts of law principles).

(b) **Choice of Forum.** Both parties consent to the personal jurisdiction of the state and federal courts in ORANGE, California.

## 13. AMENDMENTS.

No amendment to this agreement will be effective unless it is in writing and signed by both parties.

## 14. ASSIGNMENT AND DELEGATION.

(a) **No Assignment.** The Borrower may not assign any of its rights under this note. All voluntary assignments of rights are limited

014

by this subsection.

(b) **No Delegation.** The Borrower may not delegate any performance under this note.

(c) **Enforceability of an Assignment or Delegation.** If a purported assignment or purported delegation is made, or if both are

made, in violation of this section, it is void and they are void.

## 15. COUNTERPARTS; ELECTRONIC SIGNATURES.

(a) **Counterparts.** The parties may execute this agreement in any number of counterparts, each of which is an original but all of

which constitute one and the same instrument.

(b) **Electronic Signatures.** This agreement, agreements ancillary to this agreement, and related documents entered into in

connection with this agreement are signed when a party's signature is delivered by facsimile, email, or other electronic medium.

These signatures must be treated in all respects as having the same force and effect as original signatures.

## 16. SEVERABILITY.

If any one or more of the provisions contained in this agreement is, for any reason, held to be invalid, illegal, or unenforceable in

any respect, that invalidity, illegality, or unenforceability will not affect any other provisions of this agreement, but this agreement will

be construed as if those invalid, illegal, or unenforceable provisions had never been contained in this agreement, unless the

deletion of those provisions would result in such a material change as to cause completion of the transactions contemplated by this

agreement to be unreasonable.

## 17. NOTICES.

(a) **Writing; Permitted Delivery Methods.** Each party giving or making any notice, request, demand, or other communication

required or permitted by this agreement shall give that notice in writing and use one of the following types of delivery, each of which

is a writing for purposes of this agreement: personal delivery, mail (registered or certified mail, postage prepaid, return-receipt

requested), nationally recognized overnight courier (fees prepaid), facsimile, or email.

(b) **Addresses.** A party shall address notices under this section to a party at the following addresses:

015

If to the Borrower:

J-SANDCASTLE CO. LLC

5782 Pinon Drive

Huntington Beach, California 92649

jamiegallian@gmail.com

If to the Lender:

JAMIE LYNN GALLIAN

16222 Monterey Ln Sp. 376

Huntington Beach, California 92649

jamiegallian@gmail.com

(c) **Effectiveness.** A notice is effective only if the party giving notice complies with subsections (a) and (b) and if the recipient receives the notice.

**18. WAIVER.**

No waiver of a breach, failure of any condition, or any right or remedy contained in or granted by the provisions of this agreement will be effective unless it is in writing and signed by the party waiving the breach, failure, right, or remedy. No waiver of any breach, failure, right, or remedy will be deemed a waiver of any other breach, failure, right, or remedy, whether or not similar, and no waiver will constitute a continuing waiver, unless the writing so specifies.

**19. ENTIRE AGREEMENT.**

This agreement, together with the other Loan Documents, constitutes the final agreement of the parties. It is the complete and exclusive expression of the parties' agreement with respect to the subject matter of this agreement. All prior and contemporaneous

016

communications, negotiations, and agreements between the parties relating to the subject matter of this agreement are expressly

merged into and superseded by this agreement. The provisions of this agreement may not be explained, supplemented, or qualified

by evidence of trade usage or a prior course of dealings. Neither party was induced to enter this agreement by, and neither party is

relying on, any statement, representation, warranty, or agreement of the other party except those set forth expressly in this

agreement. Except as set forth expressly in this agreement, there are no conditions precedent to this agreement's effectiveness.

## 20. HEADINGS.

The descriptive headings of the sections and subsections of this agreement are for convenience only, and do not affect this

agreement's construction or interpretation.

## 21. EFFECTIVENESS.

This agreement will become effective when all parties have signed it. The date this agreement is signed by the last party to sign it

(as indicated by the date associated with that party's signature) will be deemed the date of this agreement.

## 22. NECESSARY ACTS; FURTHER ASSURANCES.

Each party shall use all reasonable efforts to take, or cause to be taken, all actions necessary or desirable to consummate and

make effective the transactions this agreement contemplates or to evidence or carry out the intent and purposes of this agreement.

[SIGNATURE PAGE FOLLOWS]

Each party is signing this agreement on the date stated opposite that party's signature.

J-SANDCASTLE CO. LLC

Date:_____    By:_____

Name: JAMIE L GALLIAN
Title: MEMBER

74

017

## ATTACHEMENT

I, JAMIE L. GALLIAN, MEMBER of J-Sandcastle Co, LLC certify under

penalty of perjury that the contents of this Document are true.

I declare I am the person who executed this instrument in my capacity

as the sole Member of J-Sandcastle Co, LLC which execution is my act

and deed.

Signed this 16th day of November, 2018, at Huntington Beach, CA 92649

*(signature)*

Jamie L. Gallian

MEMBER, J-Sandcastle Co LLC

018

Date:_____       By:_____

                                    Name: JAMIE LYNN GALLIAN

## ATTACHEMENT

I, JAMIE L. GALLIAN, certify under penalty of perjury,

that the contents of this Document are true.

I declare I am the person who executed this instrument, which execution

is my act and deed.

Signed this 16th day of November, 2018, at Huntington Beach, CA 92649

Jamie L. Gallian

EXHIBIT A

Attach copy of promissory note

# Secured Promissory Note (Fully Amortized)

$225000                                                                                          11/16/2018

                                                                              Huntington Beach, California


On or before 12/31/2048, for value received, the undersigned J-SANDCASTLE CO. LLC (the **"Borrower"**) promises to pay to the

order of JAMIE LYNN GALLIAN (the **"Holder"**), in the manner and at the place provided below, the principal sum of $225000.

## 1. PAYMENT.

All payments of principal and interest under this note will be made in lawful money of the United States, without offset, deduction, or

counterclaim, by wire transfer of immediately available funds to an account designated by the Holder in writing at least 10 days

after the effective date of this note or, if this designation is not made, by check mailed to the Holder at 16222 Monterey Ln Sp. 376,

Huntington Beach, California, 92649, or at such other place as the Holder may designate in writing.

## 2. MONTHLY INSTALLMENT PAYMENTS.

Principal and interest will be payable in 360 consecutive monthly installments of $1278.00, beginning on or before 12/15/2018 and

continuing on the 15th day of each month, until the principal and interest have been paid in full. Each payment will be credited first

to interest and then to principal, and interest will cease to accrue on any principal paid. Acceptance by the Holder of any payment

differing from the designated installment payment listed above does not relieve the Borrower of the obligation to honor the

requirements of this note.

## 3. INTEREST.

Interest on the unpaid principal balance of this note is payable from the date of this note until this note is paid in full, at the rate of

5.5% per year, or the maximum amount allowed by applicable law, whichever is less. Accrued interest will be computed on the

basis of a 365-day or 366-day year, as the case may be, based on the actual number of days elapsed in the period in which it

accrues.

022

## 4. PREPAYMENT.

The Borrower may prepay this note, in whole or in part, at any time before maturity without penalty or premium. Any partial prepayment will be credited first to accrued interest, then to principal. No prepayment extends or postpones the maturity date of this note.

## 5. SECURITY FOR PAYMENT.

This note is secured by certain assets of the Borrower in accordance with a separate security agreement dated 11/16/2018 between the Holder and the Borrower (the **"Security Agreement"**). If an Event of Default (defined below) occurs, the Holder will have the rights set forth below and in the Security Agreement.

## 6. EVENTS OF DEFAULT.

Each of the following constitutes an **"Event of Default"** under this note:

(a) the Borrower's failure to make any payment when due under the terms of this note, including the final payment due under this note when fully amortized;

(b) the filing of any voluntary or involuntary petition in bankruptcy by or regarding the Borrower or the initiation of any proceeding under bankruptcy or insolvency laws against the Borrower;

(c) an assignment made by the Borrower for the benefit of creditors; or

(d) the appointment of a receiver, custodian, trustee, or similar party to take possession of the Borrower's assets or property.

## 7. ACCELERATION; REMEDIES ON DEFAULT.

If any Event of Default occurs, all principal and other amounts owed under this note will become immediately due without any action by the Holder, the Borrower, or any other person. The Holder, in addition to any rights and remedies available to the Holder under this note, may, in its sole discretion, pursue any legal or equitable remedies available to it under applicable law or in equity, including taking any of the following actions:

023

(a) personally, or by agents or attorneys (in compliance with applicable law), take immediate possession of the collateral. To that end, the Holder may pursue the collateral where it may be found, and enter the Borrower's remises, with or without notice, demand, process of law, or legal procedure if this can be done without breach of the peace. If the premises on which any part of the collateral is located are not under the Borrower's direct control, the Borrower will exercise its best efforts to ensure that the Holder is promptly provided right of access to those premises. To the extent that the Borrower's consent would otherwise be required before a right of access could be granted, the Borrower hereby irrevocably grants that consent;

(b) require the Borrower to assemble the collateral and make it available to the Holder at a placeto be designated by the Holder that is reasonably convenient to both parties (it being acknowledged that the Borrower's premises are reasonably convenient to the Borrower);

(c) sell, lease, or dispose of the collateral or any part of it in any manner permitted by applicable law or by contract; and

(d) exercise all rights and remedies of a secured party under applicable law.

## 8. WAIVER OF PRESENTMENT; DEMAND.

The Borrower hereby waives presentment, demand, notice of dishonor, notice of default or delinquency, notice of protest and nonpayment, notice of costs, expenses or losses and interest on those, notice of interest on interest and late charges, and diligence in taking any action to collect any sums owing under this note, including (to the extent permitted by law) waiving the pleading of any statute of limitations as a defense to any demand against the undersigned. Acceptance by the Holder or any other holder of this note of any payment differing from the designated payments listed does not relieve the undersigned of the obligation to honor the requirements of this note.

## 9. GOVERNING LAW.

(a) **Choice of Law.** The laws of the state of California govern this note (without giving effect to its conflicts of law principles).

(b) **Choice of Forum.** Both parties consent to the personal jurisdiction of the state and federal courts in Orange, California.

## 10. COLLECTION COSTS AND ATTORNEYS' FEES.

024

The Borrower shall pay all expenses of the collection of indebtedness evidenced by this note, including reasonable attorneys' fees and court costs in addition to other amounts due.

## 11. ASSIGNMENT AND DELEGATION.

(a) **No Assignment.** The Borrower may not assign any of its rights under this note. All voluntary assignments of rights are limited by this subsection.

(b) **No Delegation.** The Borrower may not delegate any performance under this note.

(c) **Enforceability of an Assignment or Delegation.** If a purported assignment or purported delegation is made in violation of this section, it is void.

## 12. SEVERABILITY.

If any one or more of the provisions contained in this note is, for any reason, held to be invalid, illegal, or unenforceable in any respect, that invalidity, illegality, or unenforceability will not affect any other provisions of this note, but this note will be construed as if those invalid, illegal, or unenforceable provisions had never been contained in it, unless the deletion of those provisions would result in such a material change so as to cause completion of the transactions contemplated by this note to be unreasonable.

## 13. NOTICES.

(a) **Writing; Permitted Delivery Methods.** Each party giving or making any notice, request, demand, or other communication required or permitted by this note shall give that notice in writing and use one of the following types of delivery, each of which is a writing for purposes of this note: personal delivery, mail (registered or certified mail, postage prepaid, return-receipt requested), nationally recognized overnight courier (fees prepaid), facsimile, or email.

(b) **Addresses.** A party shall address notices under this section to a party at the following addresses:

If to the Borrower:

J-Sandcastle Co. LLC

5782 Pinon Drive

Huntington Beach, California 92649

jamiegallian@gmail.com

If to the Holder:

Jamie Lynn Gallian

16222 Monterey Ln Sp. 376

Huntington Beach, California 92649

jamiegallian@gmail.com

(c) **Effectiveness.** A notice is effective only if the party giving notice complies with subsections (a) and (b) and if the recipient receives the notice.

## 14. WAIVER.

No waiver of a breach, failure of any condition, or any right or remedy contained in or granted by the provisions of this note will be effective unless it is in writing and signed by the party waiving the breach, failure, right, or remedy. No waiver of any breach, failure, right, or remedy will be deemed a waiver of any other breach, failure, right, or remedy, whether or not similar, and no waiver will constitute a continuing waiver, unless the writing so specifies.

## 15. HEADINGS.

The descriptive headings of the sections and subsections of this note are for convenience only, and do not affect this note's construction or interpretation.

[SIGNATURE PAGE FOLLOWS]

026

Each party is signing this agreement on the date stated opposite that party's signature.


J-Sandcastle Co. LLC

Date:_____   By:_____

Name: Jamie L Gallian

Title: Member



Date:_____   By:_____

Name: Jamie Lynn Gallian

# ATTACHEMENT

I, JAMIE L. GALLIAN, MEMBER of J-Sandcastle Co, LLC certify under

penalty of perjury that the contents of this Document are true.

I declare I am the person who executed this instrument in my capacity

as the sole Member of J-Sandcastle Co, LLC which execution is my act

and deed.

Signed this 16th day of November, 2018, at Huntington Beach, CA 92649

Jamie L. Gallian

MEMBER, J-Sandcastle Co LLC

## ATTACHEMENT

I, JAMIE L. GALLIAN, certify under penalty of perjury,

that the contents of this Document are true.

I declare I am the person who executed this instrument, which execution

is my act and deed.

Signed this 16th day of November, 2018, at Huntington Beach, CA 92649

Jamie L. Gallian

029





500 S. Main Street, First Floor, Suite 103
Orange, CA 92868-4512
or
P. O. Box 628
Santa Ana, CA 92702-0628

**CLAUDE PARRISH**
COUNTY ASSESSOR
Telephone: (714) 834-3821
FAX: (714) 834-2565
www.ocassessor.gov

ESTABLISHED 1889

July 21, 2022                    **OFFICE OF THE ASSESSOR**

891-569-62  HX

GALLIAN, JAMIE LYNN
16222 MONTEREY LN, SPC 376
HUNTINGTON BEACH, CA 92649

**SUBJECT: Assessor Parcel Number: 891-569-62**

**Property Address: 16222 MONTEREY LN, UNIT 376, HUNTINGTON BEACH**

The Homeowners' Exemption on the above property has been active in Orange County as of **02-25-2021**

**Claimant Name: GALLIAN, JAMIE LYNN**

If you have any questions, please call our office at (714) 834-3821.

Sincerely,

CLAUDE PARRISH
County Assessor

By

    Exemptions Division

I HEREBY CERTIFY THAT THIS IS A TRUE
AND CORRECT COPY OF A PERMANENT
RECORD OF THE ASSESSOR'S OFFICE.
ORANGE COUNTY, CALIFORNIA



CLAUDE PARRISH
COUNTY ASSESSOR
BY

2022 JUL 21 PM 2: 22

CLAUDE PARRISH
ORANGE COUNTY ASSESSOR

A002-994 (R 09/19)

031

2022-23  Secured Assessment Roll   CLAUDE PARRISH, ORANGE COUNTY ASSESSOR

Full Parcel Report: Page 1 of 1                                    As of January 1st, 2022

| Parcel No: 891-569-62 | Tax Rate Area: 04-902 | Property Type: MOBILE HOME |
|---|---|---|

### Owner / Mailing Address

Assessee: GALLIAN, JAMIE LYNN

Address: 16222 MONTEREY LN, SPC, 376

City, State: HUNTINGTON BEACH, CA

Zip: 92649

### Description

| Assessed Value | | Exemptions | Dates |
|---|---|---|---|
| Land: | 0 | Exe Type: HOMEOWNER | Land BaseYear: 2021 |
| Improvement: | 0 | | Improvement Base Year: 2021 |
| Personal Property: | 86,339 | | Tax Lien Status: |
| Other: | 0 | | |
| Gross: | 86,339 | | |
| Less Exemption: | 7,000 | | |
| Net: | 79,339 | | |

### Sale History

Reference Number: M2085154

### Additional Information

Legal Description: T MHP RANDRE MSP 376

I HEREBY CERTIFY THAT THIS IS A TRUE AND CORRECT COPY OF A PERMANENT RECORD OF THE ASSESSOR'S OFFICE. ORANGE COUNTY, CALIFORNIA

CLAUDE PARRISH COUNTY ASSESSOR BY

EXHIBIT B

033

# STATE OF CALIFORNIA - DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT
## CERTIFICATE OF TITLE

### Manufactured Home

**Decal:  LBM1081**

| Manufacturer ID/Name | Trade Name | Model | DOM | DFS | RY |
|---|---|---|---|---|---|
| 90002    SKYLINE HOMES INC | CUSTOM VILLA | | 05/29/2014 | 07/28/2014 | |

| Serial Number | Label/Insignia Number | Weight | Length | Width | Issued |
|---|---|---|---|---|---|
| AC7V710394GB | PFS1130281 | 22,383 | 56' | 15' 2" | Aug 12, 2021 |
| AC7V710394GA | PFS1130282 | 25,068 | 60' | 15' 2" | |

**Addressee**

J-PAD LLC
21742 ANZA AVE
TORRANCE, CA  90503

**Registered Owner(s)**

JAMIE LYNN GALLIAN
16222 MONTEREY LN SPACE 376
HUNTINGTON BEACH, CA 92649

**Situs Address**

16222 MONTEREY LN SPACE 376
HUNTINGTON BEACH, CA 92649

**Legal Owner(s)**

J-PAD LLC
21742 ANZA AVE
TORRANCE, CA 90503

Lien Perfected On:        01/14/19 15:22:00

**IMPORTANT**
THE OWNER INFORMATION SHOWN ABOVE MAY NOT REFLECT ALL LIENS RECORDED WITH THE
DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT AGAINST THE DESCRIBED UNIT. THE
CURRENT TITLE STATUS OF THE UNIT MAY BE CONFIRMED THROUGH THE DEPARTMENT.

034

DTN:  12339739                                                                                                          08122021 - 2

O'Loughlin, Rebecca@HCD <Rebecca.OLoughlin@hcd.ca.gov>   Mon, Feb 22, 2021 at 10:33 AM
To: Jamie Gallian <jamiegallian@gmail.com>

Jamie,

.

Since there is a company and a person, you cannot choose the option of JTRS (Joint Tenants with Right of
Survivorship). I need you to state if the legal owner wants to be TENCOM AND or TENCOM OR:

TENCOM AND (Tenants in Common with the names joined by the word AND): Each tenant in common may transfer
his or her individual interest without the signature of the other tenant(s) in common. The signature of each tenant in
common is required to transfer full interest in the unit to a new registered owner or to encumber the title.

TENCOM OR (Tenants in Common with the names joined by the word OR): Any one of the tenants in common may
transfer full ownership interest in the unit to a new registered owner without the signature of the other tenant(s) in
common. The signature of each tenant in common is required to encumber the title.

Please advise.

Thank you,

Rebecca

916-562-5948

035

## STATE OF CALIFORNIA - DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT
## REGISTRATION CARD

Manufactured Home

Decal: **LBM1081**

| Manufacturer ID/Name | Trade Name | Model | | DOM | | DFS | RY | Exp. Date |
|---|---|---|---|---|---|---|---|---|
| 90002   SKYLINE HOMES INC | CUSTOM VILLA | | | 05/29/2014 | | 07/28/2014 | | |
| Serial Number | Label/Insignia Number | | Weight | Length | Width | Issued | | |
| AC7V7I0394GB | PFS1130281 | | 22,383 | 56' | 15' 2" | Feb 24, 2021 | | |
| AC7V7I0394GA | PFS1130282 | | 25,068 | 60' | 15' 2" | | | |

**Addressee**
RONALD J PIERPONT
16222 MONTEREY LN SPACE 376
HUNTINGTON BEACH, CA 92649



**Registered Owner(s)**
J-SANDCASTLE CO LLC
16222 MONTEREY LANE ROOM 376
HUNTINGTON BEACH, CA 92649

**Situs Address**
16222 MONTEREY LN SPACE 376
HUNTINGTON BEACH, CA 92649

**Legal Owner(s)**
RONALD J PIERPONT
JPAD LLC
Tenants in Common Or
16222 MONTEREY LN SPACE 376
HUNTINGTON BEACH, CA 92649

**LEGAL OWNER COPY**
**INFORMATION ONLY**

Lien Perfected On:   08/20/20 11:58:00

**IMPORTANT**
THE OWNER INFORMATION SHOWN ABOVE MAY NOT REFLECT ALL LIENS RECORDED WITH THE
DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT AGAINST THE DESCRIBED UNIT. THE
CURRENT TITLE STATUS OF THE UNIT MAY BE CONFIRMED THROUGH THE DEPARTMENT.

DTN: 12153896

02242021 - 1

036

# STATE OF CALIFORNIA - DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT
## CERTIFICATE OF TITLE

Manufactured Home                                          Decal:    **LBM1081**

| Manufacturer ID/Name | Trade Name | Model | | DOM 05/29/2014 | DFS 07/28/2014 | RY |
|---|---|---|---|---|---|---|
| 90002    SKYLINE HOMES INC | CUSTOM VILLA | | | | | |

| Serial Number | Label/Insignia Number | Weight | Length | Width | Issued | |
|---|---|---|---|---|---|---|
| AC7V710394GB | PFS1130281 | 22,383 | 56' | 15' 2" | Feb 24, 2021 | |
| AC7V710394GA | PFS1130282 | 25,068 | 60' | 15' 2" | | |

**Addressee**

RONALD J PIERPONT
16222 MONTEREY LN SPACE 376
HUNTINGTON BEACH, CA 92649

JUL 14 2021

**Registered Owner(s)**

J-SANDCASTLE CO LLC
16222 MONTEREY LANE ROOM 376
HUNTINGTON BEACH, CA 92649

**Situs Address**

16222 MONTEREY LN SPACE 376
HUNTINGTON BEACH, CA 92649

**Legal Owner(s)**

RONALD J PIERPONT
JPAD LLC
Tenants in Common Or
16222 MONTEREY LN SPACE 376
HUNTINGTON BEACH, CA 92649

Lien Perfected On:       08/20/20 11:58:00

12313525

**IMPORTANT**
**THE OWNER INFORMATION SHOWN ABOVE MAY NOT REFLECT ALL LIENS RECORDED WITH THE**
**DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT AGAINST THE DESCRIBED UNIT.  THE**
**CURRENT TITLE STATUS OF THE UNIT MAY BE CONFIRMED THROUGH THE DEPARTMENT.**

DTN: 12153896                                              02242021 - 2

## SECTION A - SMOKE DETECTOR AND WATER HEATER SEISMIC BRACING CERTIFICATION

California Health and Safety Code (HSC) Sections 18029.6 and 18031.7 require that on the date of transfer of title all used manufactured homes, used mobilehomes, and used multifamily manufactured homes: 1) be equipped with an operable smoke detector in each room designed for sleeping, and 2) all fuel-gas-burning water heater appliances be seismically braced, anchored, or strapped pursuant to existing codes. A declaration may be signed within 45 days prior to the date of transfer of title stating that these requirements have been met.

I/We further agree to indemnify and save harmless the Director of the State of California, Department of Housing and Community Development, and subsequent purchasers of said unit, for any loss they may suffer resulting from registration of the unit in California or from issuance of a California Certificate of Title covering the same. I/We certify under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on _2/25/2021_ at _Huntington Beach_ _CALIFORNIA_
                                              City                State

Signature: _James Sellen, it menber_     Printed Name: _J. SANDCASTLE COLLC_

## SECTION B - RELEASING SIGNATURES

1a. _J. Sandcastle CoLLC_ _James Sellen, trustee_    Date of Release _2/25/2021_
Releasing Signature of Registered Owner

1b. _____    Date of Release _____
Releasing Signature of Registered Owner

2. _____    ☒ Release   ☐ Retain   ° ☐ Assign Interest
Legal Owner of Record (if any) sign and check appropriate box        (* If Assign Interest is checked - Complete New Legal Owner Below)

## SECTION C - NEW OWNER INFORMATION

### NEW REGISTERED OWNER - Please Print or Type Clearly

3a. _JANIC LYNN GALLIAN_                3c. _J. SANDCASTLE COLLC_
New Registered Owners Name                    New Registered Owners Name

3b. _SANDCASTLE TD LLC_                3d. _____
New Registered Owners Name                    New Registered Owners Name

*If more than one New Owner going onto title, please check the appropriate Co-owner term box.*

☐ Joint Tenants with Right of Survivorship   ☐ Tenants In Common OR   *☐ Trust/Trustee(s) (* If this box is checked-Complete HCD 476.6B)

☒ Tenants In Common AND   ☐ Community Property   ☐ Community Property with Right of Survivorship

4. _16222 Monterey Ln #376_         _Huntington Beach, CA_    _92649_
Mailing Address of New Registered Owner    City/State                        Zip Code

5. _16222 Monterey Ln #376_         _Huntington Beach, CA_    _92649_
Actual Location Address of Unit            City/State                        Zip Code

6. _$0_                        _2/25/2021_
Purchase Price or check box if Gift ☒    Purchase Date or Transfer Date    _James Lynn Sellen, its menber._

7a. _James Lynn Gallian_             7c. _J. SANDCASTLE COLLC_
Signature of New Registered Owners        Signature of New Registered Owners

7b. _Sandcastle TD LLC - James Sellen, menber_
Signature of New Registered Owner            Signature of New Registered Owners

### NEW LEGAL OWNER - Please Print or Type Clearly

8a. _J. PADI LLC_                8b. _____
New Legal Owners Name                        New Legal Owners Name

*If more than one New Lender going onto title, please check the appropriate Co-owner term box below.*

☐ Joint Tenants with Right of Survivorship   ☐ Tenants In Common OR   *☐ Trust/Trustee(s) (* If this box is checked-Complete HCD 476.6B)

☐ Tenants In Common AND   ☐ Community Property   ☐ Community Property with Right of Survivorship

9. _16222 Monterey Ln #376_         _Huntington Beach, CA_    _92649_
Mailing Address of New Legal Owner         City/State                        Zip Code

### NEW JUNIOR LIENHOLDER - Please Print or Type Clearly

10a. _____    10b. _____
New Junior Lienholder Name                    New Junior Lienholder Name

11. _____
Mailing Address of New Junior Lienholder    City/State                        Zip Code

## SECTION D - RELEASE OF DEALERS

12. _____
Signature of Selling Dealer                Print Dealers Name and Dealer Number

OSP 20 149325



DTN:                    12313525

Decal:                  LBM1081

Unit ID:                252606085

Trans Type:             R/O Transfer - No Sale

Trans Date:             07/14/2021

Trade Name:             CUSTOM VILLA

Serial #:               AC7V710394GA, AC7V710394GB

Insignia #              PFS1130281, PFS1130282

Status Date:    08/02/2021    User Name:    SHAH, KIRAN

039

STATE OF CALIFORNIA
BUSINESS, CONSUMER SERVICES AND HOUSING AGENCY
DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT
DIVISION OF CODES AND STANDARDS
REGISTRATION AND TITLING PROGRAM



## LIEN SATISFIED

| SECTION I. | DESCRIPTION OF UNIT |

This unit is a:

☑ Manufactured Home/Mobilehome ☐ Commercial Modular ☐ Floating Home ☐ Truck Camper

The Decal (License) No.(s) of the unit is: LBM1081

The Trade Name of the unit is: CUSTOM VILLA

The Serial No.(s) of the unit is: AC7V710394GB/AC7V710394GA

| SECTION II. | DEBTOR(S) NAME(S) |

Name of Debtor(s): J-SANDCASTLE CO, LLC

| SECTION III. | LIENHOLDER'S CERTIFICATION |

This is to certify that our/my lien in the name(s) of the debtor(s) shown above against the described
unit has been fully satisfied and has not been assigned to any other party.

I/We certify under penalty of perjury that the foregoing is true and correct.

Print or Type Name of Legal Owner or Jr. Lienholder (Lender):

J-PAD LLC or RONALD J. PIERPONT

Signature of Legal Owner, Jr. Lienholder (Lender) or their Authorized Agent:

*Ronald J Pierpont*                                          Date 7/9/2021

Address    16222 MONTEREY LN. #376          HUNTINGTON BEACH,    CA       92649
           Street Address or P.O. Box              City            State      Zip

HCD RT 475.3 (Rev. 07/16)

STATE OF CALIFORNIA
BUSINESS, CONSUMER SERVICES AND HOUSING AGENCY
DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT
DIVISION OF CODES AND STANDARDS
REGISTRATION AND TITLING PROGRAM



## STATEMENT OF FACTS

This unit is a: ☑ Manufactured Home / Mobilehome   ☐ Commercial Modular   ☐ Floating Home   ☐ Truck Camper

| Decal (License) No.(s): | Trade Name: | Serial No.(s): |
|---|---|---|
| LBM1081 | | |

I/We, the undersigned, hereby state:

I spoke with Jamie Gallian and she states the unit should be registered
as Jamie Gallian as sole registered owner. The lien has been satisfied
and there is no legal owner at this time. Jamie advised the county
and was told there was no need to revise the Tax Clearance certificate.

I/We further agree to indemnify and save harmless the Director of the Department of Housing and
Community Development, State of California, and subsequent purchasers of said unit, for any loss
they may suffer resulting from registration of the above-described unit in California, or from issuance
of a California Certificate of Title covering the same.

I/We certify under penalty of perjury that the foregoing is true and correct.

Executed on __7/28/21__ at __Sacramento__ . __CA__
            Date                    City                State

Signature(s):                       Printed name(s):
                                    Tiberca M O'Loughlin, Program Tech II

Address _____

City _____   State _____

HCD RT 476.6 (Rev. 07/16)

041

STATE OF CALIFORNIA - BUSINESS, CONSUMER SERVICES AND HOUSING AGENCY      **GAVIN NEWSOM, Governor**

**DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT**
**DIVISION OF CODES AND STANDARDS**



# Title Search

Date Printed:  Jul 27, 2021

| Decal #: | LBM1081 | Use Code: | SFD |
|---|---|---|---|
| Manufacturer: | SKYLINE HOMES INC | Original Price Code: | BVH |
| Tradename: | CUSTOM VILLA | Rating Year: | |
| Model: | | Tax Type: | LPT |

| Manufactured Date: 05/29/2014 | | Last ILT Amount: | |
| Registration Exp: | | Date ILT Fees Paid: | |
| First Sold On: 07/28/2014 | | ILT Exemption: | NONE |

| Serial Number | HUD Label / Insignia | Length | Width |
|---|---|---|---|
| AC7V710394GA | PFS1130282 | 60' | 15' 2" |
| AC7V710394GB | PFS1130281 | 56' | 15' 2" |

Record Conditions:

- An application for title or registration change is pending with the department. For information regarding this application, please call 1-800-952-8356 and request to speak with a customer representative.

Registered Owner:

JAMIE LYNN GALLIAN
16222 MONTEREY LN SPACE 376
HUNTINGTON BEACH, CA 92649

| **Last Title Date:** | 02/24/2021 |
|---|---|
| **Last Reg Card:** | Pending Reg Card |
| **Sale/Transfer Info:** | Price $.00 Transferred on 02/25/2021 |

Situs Address:

16222 MONTEREY LN SPACE 376
HUNTINGTON BEACH, CA  92649
Situs County:  ORANGE

Legal Owner:

JPAD LLC
RONALD J PIERPONT
Tenants in Common Or
16222 MONTEREY LN SPACE 376
HUNTINGTON BEACH, CA 92649

| **Lien Perfected On:** | 02/25/21  10:11:00 |
|---|---|

Title Searches:

JANINE JASSO
PO BOX 370161
EL PASO, TX 79937

| **Title File No:** | LBM1081 |
|---|---|

Manufactured Home

**Decal: LBM1081**

| Manufacturer ID/Name | Trade Name | Model | | DOM | DFS | RY | Exp. Date |
|---|---|---|---|---|---|---|---|
| 90002　　SKYLINE HOMES INC | CUSTOM VILLA | | | 05/29/2014 | 07/28/2014 | | |

| Serial Number | Label/Insignia Number | Weight | Length | Width | Issued |
|---|---|---|---|---|---|
| AC7V710394GB | PFS1130281 | 22,383 | 56' | 15' 2" | Aug 03, 2021 |
| AC7V710394GA | PFS1130282 | 25,068 | 60' | 15' 2" | |

### Addressee

JAMIE LYNN GALLIAN
16222 MONTEREY LN SPACE 376
HUNTINGTON BEACH, CA 92649



### Registered Owner(s)

JAMIE LYNN GALLIAN
16222 MONTEREY LN SPACE 376
HUNTINGTON BEACH, CA 92649

### Situs Address

16222 MONTEREY LN SPACE 376
HUNTINGTON BEACH, CA 92649

*************************************************
**ATTENTION OWNER:**

THIS IS THE REGISTRATION CARD FOR THE
UNIT DESCRIBED ABOVE. PLEASE KEEP THIS
CARD IN A SAFE PLACE WITHIN THE UNIT.

**INSTRUCTIONS FOR RENEWAL:**

REGISTRATION FOR THIS UNIT EXPIRES ON THE
DATE INDICATED ABOVE IN THE BOX LABELED
"Exp. Date". THERE ARE SUBSTANTIAL
PENALTIES FOR DELINQUENCY. IF YOU DO NOT
RECEIVE A RENEWAL NOTICE WITHIN 10 DAYS
PRIOR TO THE EXPIRATION DATE, CONTACT
H.C.D. FOR RENEWAL INSTRUCTIONS.
*************************************************

**IMPORTANT**
THE OWNER INFORMATION SHOWN ABOVE MAY NOT REFLECT ALL LIENS RECORDED WITH THE
DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT AGAINST THE DESCRIBED UNIT. THE
CURRENT TITLE STATUS OF THE UNIT MAY BE CONFIRMED THROUGH THE DEPARTMENT.

DTN: 12313525

08032021 - 1

043

**STATE OF CALIFORNIA - DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT**

**CERTIFICATE OF TITLE**

Manufactured Home

Decal:    **LBM1081**

| Manufacturer ID/Name | Trade Name | Model | | DOM 05/29/2014 | DFS 07/28/2014 | RY |
|---|---|---|---|---|---|---|
| 90002    SKYLINE HOMES INC | CUSTOM VILLA | | | | | |

| Serial Number | Label/Insignia Number | Weight | Length | Width | Issued | |
|---|---|---|---|---|---|---|
| AC7V710394GB | PFS1130281 | 22,383 | 56' | 15' 2" | Aug 03, 2021 | |
| AC7V710394GA | PFS1130282 | 25,068 | 60' | 15' 2" | | |

**Addressee**

JAMIE LYNN GALLIAN
16222 MONTEREY LN SPACE 376
HUNTINGTON BEACH, CA  92649

**Registered Owner(s)**

JAMIE LYNN GALLIAN
16222 MONTEREY LN SPACE 376
HUNTINGTON BEACH, CA 92649

**Situs Address**

16222 MONTEREY LN SPACE 376
HUNTINGTON BEACH, CA 92649

**IMPORTANT**
**THE OWNER INFORMATION SHOWN ABOVE MAY NOT REFLECT ALL LIENS RECORDED WITH THE
DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT AGAINST THE DESCRIBED UNIT. THE
CURRENT TITLE STATUS OF THE UNIT MAY BE CONFIRMED THROUGH THE DEPARTMENT.**

DTN: 12313525

08032021 - 2    044

AUG 1 0 2021

12339039

## SECTION A - SMOKE DETECTOR AND WATER HEATER SEISMIC BRACING CERTIFICATION

California Health and Safety Code (HSC) Sections 18029.6 and 18031.7 require that on the date of transfer of title all used manufactured homes, used mobilehomes, and used multifamily manufactured homes: 1) be equipped with an operable smoke detector in each room designed for sleeping, and 2) all fuel-gas-burning water heater appliances be seismically braced, anchored, or strapped pursuant to existing codes. A declaration may be signed within 45 days prior to the date of transfer of title stating that these requirements have been met.

I/We further agree to indemnify and save harmless the Director of the State of California, Department of Housing and Community Development, and subsequent purchasers of said unit, for any loss they may suffer resulting from registration of the unit in California or from issuance of a California Certificate of Title covering the same. I/We certify under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on _____ at _____
Date                            City                                        State

_____                    _____
Signature                                               Printed Name

## SECTION B - RELEASING SIGNATURES

1a. _____                    Date of Release _____
Releasing Signature of Registered Owner

1b. _____                    Date of Release _____
Releasing Signature of Registered Owner

2. _____      ☐ Release      ☐ Retain      *☐ Assign Interest
Legal Owner of Record (if any) sign and check appropriate box        (* If Assign Interest is checked - Complete New Legal Owner Below)

## SECTION C - NEW OWNER INFORMATION

### NEW REGISTERED OWNER - Please Print or Type Clearly

3a. _____          3c. _____
New Registered Owners Name                          New Registered Owners Name

3b. _____          3d. _____
New Registered Owners Name                          New Registered Owners Name

If more than one New Owner going onto title, please check the appropriate Co-owner term box.

☐ Joint Tenants with Right of Survivorship    ☐ Tenants In Common OR    *☐ Trust/Trustee(s)
(* If this box is checked-Complete HCD 476.6B)

☐ Tenants In Common AND    ☐ Community Property    ☐ Community Property with Right of Survivorship

4. _____          _____    _____
Mailing Address of New Registered Owner              City/State                  Zip Code

5. _____          _____    _____
Actual Location Address of Unit                      City/State                  Zip Code

6. _____          _____
Purchase Price or check box if Gift-☐        Purchase Date or Transfer Date

7a. _____          7c. _____
Signature of New Registered Owners                  Signature of New Registered Owners

7b. _____          7d. _____
Signature of New Registered Owners                  Signature of New Registered Owners

### NEW LEGAL OWNER - Please Print or Type Clearly

8a. _____          8b. _____
New Legal Owners Name                               New Legal Owners Name

If more than one New Lender going onto title, please check the appropriate Co-owner term box below.

☐ Joint Tenants with Right of Survivorship    ☐ Tenants In Common OR    *☐ Trust/Trustee(s)
(* If this box is checked-Complete HCD 476.6B)

☐ Tenants In Common AND    ☐ Community Property    ☐ Community Property with Right of Survivorship

9. _____          _____    _____
Mailing Address of New Legal Owner                   City/State                  Zip Code

### NEW JUNIOR LIENHOLDER - Please Print or Type Clearly

10a. _____         10b. _____
New Junior Lienholder Name                          New Junior Lienholder Name

11. _____          _____    _____
Mailing Address of New Junior Lienholder             City/State                  Zip Code

## SECTION D - RELEASE OF DEALERS

12. _____          _____
Signature of Selling Dealer                          Print Dealers Name and Dealer Number



DTN:                            **12339739**

Decal:                          **LBM1081**

Unit ID:                        252606085

Trans Type:                     L/O Addition

Trans Date:                     08/10/2021

Trade Name:                     CUSTOM VILLA

Serial #:                       AC7V710394GA, AC7V710394GB

Insignia #                      PFS1130281, PFS1130282

Status Date:        08/11/2021        User Name:        CRUZ, SYLVIA

STATE OF CALIFORNIA - BUSINESS, CONSUMER SERVICES AND HOUSING AGENCY          GAVIN NEWSOM, Governor

**DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT**
DIVISION OF CODES AND STANDARDS



## Title Search

Date Printed: Aug 11, 2021

| | | | |
|---|---|---|---|
| Decal #: | LBM1081 | Use Code: | SFD |
| Manufacturer: | SKYLINE HOMES INC | Original Price Code: | BVH |
| Tradename: | CUSTOM VILLA | Rating Year: | |
| Model: | | Tax Type: | LPT |
| Manufactured Date: | 05/29/2014 | Last ILT Amount: | |
| Registration Exp: | | Date ILT Fees Paid: | |
| First Sold On: | 07/28/2014 | ILT Exemption: | NONE |

| Serial Number | HUD Label / Insignia | Length | Width |
|---|---|---|---|
| AC7V710394GA | PFS1130282 | 60' | 15' 2" |
| AC7V710394GB | PFS1130281 | 56' | 15' 2" |

Registered Owner:

JAMIE LYNN GALLIAN
16222 MONTEREY LN SPACE 376
HUNTINGTON BEACH, CA 92649

**Last Title Date:**      08/03/2021

**Last Reg Card:**       08/03/2021

**Sale/Transfer Info:**      Price $.00 Transferred on 02/25/2021

Situs Address:

16222 MONTEREY LN SPACE 376
HUNTINGTON BEACH, CA 92649
Situs County: ORANGE

Legal Owner:

J-PAD LLC
21742 ANZA AVE
TORRANCE, CA 90503

**Lien Perfected On:**      01/14/19 15:22:00

Title Searches:

JANINE JASSO
PO BOX 370161
EL PASO, TX 79937

**Title File No:**          LBM1081

JAMIE GALLIAN
16222 MONTEREY LANE SPACE 376
HUNTINGTN BCH, CA 92649

**Title File No:**          LBM1081

JAMIE GALLIAN
16222 MONTEREY LANE SPACE 376
HUNTINGTN BCH, CA 92649

**Title File No:**          LBM1081

Manufactured Home

Decal: **LBM1081**

| Manufacturer ID/Name | Trade Name | Model | DOM | DFS | RY | Exp. Date |
|---|---|---|---|---|---|---|
| 90002    SKYLINE HOMES INC | CUSTOM VILLA | | 05/29/2014 | 07/28/2014 | | |

| Serial Number | Label/Insignia Number | Weight | Length | Width | Issued | | |
|---|---|---|---|---|---|---|---|
| AC7V710394GB | PFS1130281 | 22,383 | 56' | 15' 2" | Aug 12, 2021 | | |
| AC7V710394GA | PFS1130282 | 25,068 | 60' | 15' 2" | | | |

**Addressee**

J-PAD LLC
21742 ANZA AVE
TORRANCE, CA 90503



**Registered Owner(s)**

JAMIE LYNN GALLIAN
16222 MONTEREY LN SPACE 376
HUNTINGTON BEACH, CA 92649

**Situs Address**

16222 MONTEREY LN SPACE 376
HUNTINGTON BEACH, CA 92649

**Legal Owner(s)**

J-PAD LLC
21742 ANZA AVE
TORRANCE, CA 90503

Lien Perfected On:    01/14/19 15:22:00

**LEGAL OWNER COPY
INFORMATION ONLY**

**IMPORTANT**

**THE OWNER INFORMATION SHOWN ABOVE MAY NOT REFLECT ALL LIENS RECORDED WITH THE DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT AGAINST THE DESCRIBED UNIT. THE CURRENT TITLE STATUS OF THE UNIT MAY BE CONFIRMED THROUGH THE DEPARTMENT.**

DTN: 12339739

08122021 - 1

048

EXHIBIT C

049

<table>
<tr><td>
Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. &<br>
Email Address<br>
<b>JAMIE LYNN GALLIAN</b><br>
16222 MONTEREY LN #376<br>
HUNTINGTON BEACH, CA 92649<br>
(714)321-3449<br>
jamiegallian@gmail.com
</td><td>FOR COURT USE ONLY</td></tr>
</table>

☐ *Attorney for:* Debtor appearing without attorney

## UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION DIVISION

| | |
|---|---|
| In re:<br>JAMIE LYNN GALLIAN | CASE NO.: 8:21-bk-11710-ES<br>ADVERSARY NO.: 8:21-ap-01096<br>CHAPTER: 7 |
| Debtor(s). | |
| JANINE JASSO, ESQ.<br><br>Plaintiff(s), | **CORPORATE OWNERSHIP STATEMENT PURSUANT TO FRBP 1007(a)(1) and 7007.1, and LBR 1007-4** |
| JAMIE LYNN GALLIAN<br>J-SANDCASTLE CO LLC<br>J-PAD, LLC<br>Defendant(s). | [No hearing] |

*Pursuant to FRBP 1007(a)(1) and 7007.1, and LBR 1007-4, any corporation, other than a governmental unit, that is a debtor in a voluntary case or a party to an adversary proceeding or a contested matter shall file this Statement identifying all its parent corporations and listing any publicly held company, other than a governmental unit, that directly or indirectly own 10% or more of any class of the corporation's equity interest, or state that there are no entities to report. This Corporate Ownership Statement must be filed with the initial pleading filed by a corporate entity in a case or adversary proceeding. A supplemental statement must promptly be filed upon any change in circumstances that renders this Corporate Ownership Statement inaccurate.*

I, *(Printed name of attorney or declarant)* __JAMIE LYNN GALLIAN_____, the undersigned in the above-captioned case, hereby declare under penalty of perjury under the laws of the United States that the following is true and correct:

---

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2012    Page 1    **F 1007-4.CORP.OWNERSHIP.STMT**
050

**[Check the appropriate boxes and, if applicable, provide the required information.]**

1. I have personal knowledge of the matters set forth in this Statement because:

     ☐ I am the president or other officer or an authorized agent of the Debtor corporation

     ☒ I am a party to an adversary proceeding

     ☐ I am a party to a contested matter

     ☐ I am the attorney for the Debtor corporation

2.a. ☐ The following entities, other than the Debtor or a governmental unit, directly or indirectly own 10% or more of any class of the corporation's(s') equity interests:

_____

_____

_____

[For additional names, attach an addendum to this form.]

b. ☒ There are no entities that directly or indirectly own 10% or more of any class of the corporation's equity interest.

Date: 3/15/22

By: _____
Signature of Debtor, or attorney for Debtor

Name: JAMIE LYNN GALLIAN
Printed name of Debtor, or attorney for Debtor

---

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

JAMIE LYNN GALLIAN
16222 MONTEREY LN. #376
HUNTINGTON BEACH, CA 92649
(714) 321-3449
JAMIEGALLIAN@GMAIL.COM

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA

In re:   JAMIE LYNN GALLIAN

CASE NO, 8:21-bk-11710-ES

ADV CASE NO. 8:21-ap-01096

JANINE JASSO, ESQ.
PLAINTIFF

DECLARATION JAMIE LYNN GALLIAN

VS

JAMIE LYNN GALLIAN
J-PAD, LLC
J-SANDCASTLE, CO. LLC

I, Jamie Lynn Gallian, declare under penalty of perjury under the Laws of the State of California the foregoing statement to be true and correct.

On October 18, 2018, Articles of Incorporation were amended to reflect I was the sole member of J-Pad, LLC. There are no other Members of J-Pad, LLC. There were two managers with authority to act in my absence only, namely Robert McLelland and/or Ronald Pierpont.

On October 18, 2018, the Articles of Incorporation were filed reflecting I was the sole Member of J-Sandcastle Co. LLC. There are no other Members of J-Sandcastle Co. LLC. There were two managers with authority to act in my absence only, namely Robert McLelland and/or Ronald Pierpont.

1

052

In re: JAMIE LYNN GALLIAN

CASE NO, 8:21-bk-11710-ES

ADV CASE NO. 8:21-ap-01096

On November 22, 2021, I filed with the California Secretary of State CERTIFICATE OF CANCELLATION for both entities, J-Pad, LLC and J-Sandcastle Co. LLC, respectively.

Due to the Members financial circumstances caused by a physical injury event to the Member, and the afflictions of the Global Pandemic, the single member entities could not conceptually operate as anticipated. The original purpose of the entity's to acquire and manage company assets. The company never got off the ground as planned.

The sole Member of J-Pad, LLC and J-Sandcastle Co. LLC made the decision to file the Certificate of Cancellation on November 22, 2021, before the end of the year to remain in Good Standing with the California Secretary of State.

DATE: March 15, 2022

JAMIE LYNN GALLIAN, MEMBER J-PAD,LLC

JAMIE LYNN GALLIAN, MEMBER, J-SANDCASTLE CO., LLC

2

053



**California Secretary of State**
Electronic Filing

**FILED**

Secretary of State
State of California

# LLC Termination – Certificate of Cancellation

Entity Name:     J-PAD, LLC.

Entity (File) Number:     201804010750
File Date:     11/22/2021

Detailed Filing Information

**Dissolution**
The Dissolution was made by a vote of ALL of the members of the California Limited Liability Company.

**Tax Liability Statement**
All final returns required pursuant to the California Revenue and Taxation Code have been or will be filed with the California Franchise Tax Board.

**Cancellation Statement**
Upon the effective date of this Certificate of Cancellation, the Limited Liability Company's registration is cancelled and its powers, rights and privileges will cease in California.

By signing this document, I certify that the information is true and correct and that I am authorized by California law to sign.

**Electronic Signature(s):**

Jamie Gallian



**California Secretary of State**
Electronic Filing

# FILED

Secretary of State
State of California

## LLC Termination – Certificate of Cancellation

Entity Name:    J-SANDCASTLE CO, LLC

Entity (File) Number:    201829810053
File Date:    11/22/2021

Detailed Filing Information

### Dissolution
The Dissolution was made by a vote of ALL of the members of the California
Limited Liability Company.

### Tax Liability Statement
All final returns required pursuant to the California Revenue and Taxation Code
have been or will be filed with the California Franchise Tax Board.

### Cancellation Statement
Upon the effective date of this Certificate of Cancellation, the Limited Liability
Company's registration is cancelled and its powers, rights and privileges will
cease in California.

By signing this document, I certify that the information is true and correct and that
I am authorized by California law to sign.

### Electronic Signature(s):
Jamie L. Gallian

055

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
5801 SKYLAB ROAD
HUNTINGTON BEACH, CA 92649

A true and correct copy of the foregoing document entitled (*specify*): CORPORATE OWNERSHIP STATEMENT
DECLARATION OF JAMIE LYNN GALLIAN, MEMBER J-PAD, LLC; MEMBER OF J-SANDCASTLE CO. LLC;
CERTIFICATE OF CANCELLATION FILED NOVEMBER 22, 2021, J-PAD, LLC
CERTIFICATE OF CANCELLATION FILED NOVEMBER 22, 2021, J-SANDCASTLE CO LLC

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)
3/11/2022 , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☑ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL:**
On (*date*) 3/15/2022 , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.
JANINE JASSO, ESQ.
16025 WARMINGTON LANE
HUNTINGTON BEACH, CA 92649
P.O. BOX 37106
EL PASO, TX 79937-0161

☑ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) , I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 3/15/22 | ROBERT MCLELLAND | *Robert McLelland* |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**
056

## 1. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")

Aaron E DE Leest on behalf of Trustee Jeffrey I Golden (TR)
adeleest@DanningGill.com, danninggill@gmail.com; adeleest@ecf.inforuptcy.com

Jeffrey I Golden (TR)    lwerner@wgllp.com, jig@trusteesolutions.net; kadele@wgllp.com

D Edward Hays on behalf of Interested Party Courtesy NEF
ehays@marshackhays.com,
ehays@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.
com

D Edward Hays on behalf of Plaintiff Houser Bros. Co.
ehays@marshackhays.com,
ehays@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.
com

Eric P Israel on behalf of Trustee Jeffrey I Golden (TR)
eisrael@DanningGill.com, danninggill@gmail.com;eisrael@ecf.inforuptcy.com

Laila Masud on behalf of Interested Party Courtesy NEF
lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com

Laila Masud on behalf of Plaintiff Houser Bros. Co.
lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com

Mark A Mellor on behalf of Defendant Randall L Nickel
mail@mellorlawfirm.com, mellormr79158@notify.bestcase.com

Mark A Mellor on behalf of Interested Party Courtesy NEF
mail@mellorlawfirm.com, mellormr79158@notify.bestcase.com

Valerie Smith on behalf of Interested Party Courtesy NEF          claims@recoverycorp.com

United States Trustee (SA)       ustpregion16.sa.ecf@usdoj.gov

## 2. SERVED BY U.S. MAIL

Jamie Lynn Gallian
16222 Monterey Ln. Unit 376
Huntington Beach, CA 92649

The Honorable Erithe A. Smith
U.S. Bankruptcy Court
411 West Fourth Street, Suite 5040
Santa Ana, CA 92701-4593

United States Trustee (SA)
411 W Fourth St., Suite 7160
Santa Ana, CA 92701-4500

Santa Ana Division
411 West Fourth Street, Suite 2030,
Santa Ana, CA 92701-4500

Feldsott & Lee
23161 Mill Creek Drive, Ste.
300 Laguna Hills, CA
92653-7907

Janine Jasso
16025 Warmington Lane
Huntington Beach, CA 92649

Janine Jasso
P.O Box 37106
El Paso TX 79937-0161

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                          **F 9013-3.1.PROOF.SERVICE**

057

EXHIBIT D

1   ERIC P. ISRAEL (State Bar No. 132426)
    *eisrael@DanningGill.com*
2   AARON E. DE LEEST (State Bar No. 216832)
    *adeleest@DanningGill.com*
3   DANNING, GILL, ISRAEL & KRASNOFF, LLP
    1901 Avenue of the Stars, Suite 450
4   Los Angeles, California 90067-6006
    Telephone:   (310) 277-0077
5   Facsimile:    (310) 277-5735

6   Attorneys for Jeffrey I. Golden,
    Chapter 7 Trustee
7

8                  UNITED STATES BANKRUPTCY COURT

9                  CENTRAL DISTRICT OF CALIFORNIA

10                      SANTA ANA DIVISION

11

12   In re                                   Case No. 8:21-bk-11710-ES

13   JAMIE LYNN GALLIAN,                      Chapter 7

14                                            **TRUSTEE'S JOINDER IN HOUSER
                                              BROS. CO. dba RANCHO DEL REY**
15            Debtor.                         **MOBILE HOME ESTATES' MOTION
                                              OBJECTING TO DEBTOR'S CLAIMED**
16                                            **HOMESTEAD EXEMPTION**

17                                            DATE:  July 21, 2022
                                             TIME:       10:30 a.m.
18                                            PLACE:    Courtroom "5A"
                                                        411 W. Fourth Street
19                                                      Santa Ana, California
                                                        VIA ZOOM
20

21

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

1686862.1  27064                    1

1    Jeffrey I. Golden, Chapter 7 Trustee for the bankruptcy estate (the "Estate") of Jamie Lynn

2  Gallian (the "Debtor), hereby joins in Houser Bros. Co. dba Rancho Del Rey Mobile Home

3  Estates' Motion Objecting to Debtor's Claimed Homestead Exemption, filed May 12, 2022 (*docket*

4  *no. 95).*

5
   DATED:  June 30, 2022                    DANNING, GILL, ISRAEL & KRASNOFF, LLP
6

7

8                                      By:    ___/s/ Aaron E. de Leest___
                                              AARON E. DE LEEST
9                                             Attorneys for Jeffrey I. Golden, Chapter 7 Trustee

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1686862.1  27064                              2

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 1901 Avenue of the Stars, Suite 450, Los Angeles, CA 90067-6006.

A true and correct copy of the foregoing document entitled (*specify*): TRUSTEE'S JOINDER IN HOUSER BROS. CO. dba RANCHO DEL REY MOBILE HOME ESTATES' MOTION OBJECTING TO DEBTOR'S CLAIMED HOMESTEAD EXEMPTION will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On June 30, 2022  I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page.

**2.  SERVED BY UNITED STATES MAIL**:  On  June 30, 2022 , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by causing to be placed a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page.

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| June 30, 2022 | Beverly Lew | /s/ Beverly Lew |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

1686861.1  27064 This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                        **F 9013-3.1.PROOF.SERVICE**
                                                                                                              061

**ADDITIONAL SERVICE INFORMATION (if needed):**

1.  **SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**

Aaron E DE Leest on behalf of Trustee Jeffrey I Golden (TR)
adeleest@DanningGill.com, danninggill@gmail.com;adeleest@ecf.inforuptcy.com

Robert P Goe on behalf of Creditor The Huntington Beach Gables Homeowners Association
kmurphy@goeforlaw.com, rgoe@goeforlaw.com;goeforecf@gmail.com

Robert P Goe on behalf of Plaintiff The Huntington Beach Gables Homeowners Association
kmurphy@goeforlaw.com, rgoe@goeforlaw.com;goeforecf@gmail.com

Jeffrey I Golden (TR)        lwerner@wgllp.com, jig@trustesolutions.net;kadele@wgllp.com

D Edward Hays on behalf of Creditor Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates
ehays@marshackhays.com,
ehays@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com

D Edward Hays on behalf of Interested Party Courtesy NEF
ehays@marshackhays.com,
ehays@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com

D Edward Hays on behalf of Plaintiff Houser Bros. Co.
ehays@marshackhays.com,
ehays@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com

Brandon J Iskander on behalf of Creditor The Huntington Beach Gables Homeowners Association
biskander@goeforlaw.com, kmurphy@goeforlaw.com

Brandon J Iskander on behalf of Plaintiff The Huntington Beach Gables Homeowners Association
biskander@goeforlaw.com, kmurphy@goeforlaw.com

Eric P Israel on behalf of Trustee Jeffrey I Golden (TR)
eisrael@DanningGill.com, danninggill@gmail.com;eisrael@ecf.inforuptcy.com

Laila Masud on behalf of Interested Party Courtesy NEF
lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com

Laila Masud on behalf of Plaintiff Houser Bros. Co.
lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com

Mark A Mellor on behalf of Defendant Randall L Nickel
mail@mellorlawfirm.com, mellormr79158@notify.bestcase.com

Mark A Mellor on behalf of Interested Party Courtesy NEF    mail@mellorlawfirm.com, mellormr79158@notify.bestcase.com

Valerie Smith on behalf of Interested Party Courtesy NEF    claims@recoverycorp.com

United States Trustee (SA)        ustpregion16.sa.ecf@usdoj.gov

2.  **SERVED BY U.S. MAIL**

Jamie Lynn Gallian
16222 Monterey Ln Unit 376
Huntington Beach, CA 92649

---

1686861.1  27064 This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                 **F 9013-3.1.PROOF.SERVICE**

1  ERIC P. ISRAEL (State Bar No. 132426)
   *eisrael@DanningGill.com*
2  AARON E. DE LEEST (State Bar No. 216832)
   *adeleest@DanningGill.com*
3  DANNING, GILL, ISRAEL & KRASNOFF, LLP
   1901 Avenue of the Stars, Suite 450
4  Los Angeles, California 90067-6006
   Telephone:   (310) 277-0077
5  Facsimile:    (310) 277-5735

6  Attorneys for Jeffrey I. Golden,
   Chapter 7 Trustee
7

8              **UNITED STATES BANKRUPTCY COURT**

9               **CENTRAL DISTRICT OF CALIFORNIA**

10                   **SANTA ANA DIVISION**

11

12  In re                          Case No. 8:21-bk-11710-ES

13  JAMIE LYNN GALLIAN,            Chapter 7

14                                 TRUSTEE'S JOINDER IN HOUSER BROS.
                                   CO. DBA RANCHO DEL REY MOBILE
15         Debtor.                 HOME ESTATES' RESPONSE TO
                                   DEBTOR'S NOTICE OF AND MOTION
16                                 FOR RECONSIDERATION OF 7.21.22
                                   ORDER SUSTAINING HOUSER BROS. CO.
17                                 DBA RANCHO DEL REY MOBILE HOME
                                   ESTATE'S OBJECTION TO DEBTOR'S
18                                 CLAIMED HOMESTEAD EXEMPTION

19                                 DATE:     August 18, 2022
                                   TIME:     10:30 a.m.
20                                 PLACE:    Courtroom "5A"
                                             411 W. Fourth Street
21                                           Santa Ana, California
                                             VIA ZOOM
22

23  ///

24  ///

25  ///

26  ///

27  ///

28

1690453.1  27064                      1

063

1        Jeffrey I. Golden, Chapter 7 Trustee for the bankruptcy estate (the "Estate") of Jamie Lynn

2   Gallian (the "Debtor), hereby joins in Houser Bros. Co. dba Rancho Del Rey Mobile Home

3   Estates' Response to Debtor's Notice of and Motion for Reconsideration of 7.21.22 Order

4   Sustaining Houser Bros. Co. dba Rancho Del Rey Mobile Home Estate's Objection to Debtor's

5   Claimed Homestead Exemption, filed August 4, 2022 (*docket no. 170*).

6
7   DATED:  August 4, 2022                    DANNING, GILL, ISRAEL & KRASNOFF, LLP

8
9                                            By:      */s/ Aaron E. de Leest*
10                                                  AARON E. DE LEEST
                                                   Attorneys for Jeffrey I. Golden, Chapter 7 Trustee
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 1901 Avenue of the Stars, Suite 450, Los Angeles, CA 90067-6006.

A true and correct copy of the foregoing document entitled (*specify*): TRUSTEE'S JOINDER IN HOUSER BROS. CO. DBA RANCHO DEL REY MOBILE HOME ESTATES' RESPONSE TO DEBTOR'S NOTICE OF AND MOTION FOR RECONSIDERATION OF 7.21.22 ORDER SUSTAINING HOUSER BROS. CO. DBA RANCHO DEL REY MOBILE HOME ESTATE'S OBJECTION TO DEBTOR'S CLAIMED HOMESTEAD EXEMPTION will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. <u>TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)</u>:**  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)  August 4, 2022  I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page.

**2.  <u>SERVED BY UNITED STATES MAIL</u>:**  On  August 4, 2022 , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by causing to be placed a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☒ Service information continued on attached page.

**3. <u>SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL</u>** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| August 4, 2022 | Beverly Lew | */s/ Beverly Lew* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                     **F 9013-3.1.PROOF.SERVICE**

ADDITIONAL SERVICE INFORMATION (if needed):

## 1. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")

Aaron E DE Leest on behalf of Trustee Jeffrey I Golden (TR)
adeleest@DanningGill.com, danninggill@gmail.com;adeleest@ecf.inforuptcy.com

Robert P Goe on behalf of Creditor The Huntington Beach Gables Homeowners Association
kmurphy@goeforlaw.com, rgoe@goeforlaw.com;goeforecf@gmail.com

Robert P Goe on behalf of Plaintiff The Huntington Beach Gables Homeowners Association
kmurphy@goeforlaw.com, rgoe@goeforlaw.com;goeforecf@gmail.com

Jeffrey I Golden (TR)      lwerner@wgllp.com, jig@trustesolutions.net;kadele@wgllp.com

D Edward Hays on behalf of Creditor Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates
ehays@marshackhays.com,
ehays@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com

D Edward Hays on behalf of Interested Party Courtesy NEF
ehays@marshackhays.com,
ehays@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com

D Edward Hays on behalf of Plaintiff Houser Bros. Co.
ehays@marshackhays.com,
ehays@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com

Brandon J Iskander on behalf of Creditor The Huntington Beach Gables Homeowners Association
biskander@goeforlaw.com, kmurphy@goeforlaw.com

Brandon J Iskander on behalf of Plaintiff The Huntington Beach Gables Homeowners Association
biskander@goeforlaw.com, kmurphy@goeforlaw.com

Eric P Israel on behalf of Trustee Jeffrey I Golden (TR)
eisrael@DanningGill.com, danninggill@gmail.com;eisrael@ecf.inforuptcy.com

Laila Masud on behalf of Creditor Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates
lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com

Laila Masud on behalf of Interested Party Courtesy NEF
lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com

Laila Masud on behalf of Plaintiff Houser Bros. Co.
lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com

Mark A Mellor on behalf of Defendant Randall L Nickel      mail@mellorlawfirm.com, mellormr79158@notify.bestcase.com

Mark A Mellor on behalf of Interested Party Courtesy NEF   mail@mellorlawfirm.com, mellormr79158@notify.bestcase.com

Valerie Smith on behalf of Interested Party Courtesy NEF   claims@recoverycorp.com

United States Trustee (SA)   ustpregion16.sa.ecf@usdoj.gov

## 2. SERVED BY U.S. MAIL

Debtor in pro se
Jamie Lynn Gallian
16222 Monterey Ln Unit 376
Huntington Beach, CA 92649

The Honorable Erithe A. Smith
U.S. Bankruptcy Court
Ronald Reagan Federal Building
411 W. Fourth Street, Suite 5040
Santa Ana, CA 92701

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                    F 9013-3.1.PROOF.SERVICE

EXHIBIT F

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



FILED & ENTERED

DEC 19 2022

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY mccall     DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SANTA ANA DIVISION

In re

JAMIE LYNN GALLIAN,

            Debtor.

Chapter 7

Case No. 8:21-bk-11710-SC

**MEMORANDUM OF DECISION
REGARDING DEBTOR'S MOTION FOR
RECONSIDERATION OF THE COURT'S
AUGUST 5, 2022 ORDER SUSTAINING
OBJECTION TO DEBTOR'S
HOMESTEAD EXEMPTION**

Date:    September 22, 2022
Time:    10:00 a.m.
Place:   Courtroom 5A – via zoom

On July 26, 2022, Jamie Lynn Gallian ("Debtor") filed "Debtors [sic] Notice of and

Motion for Reconsideration of 7.21.22 Order Sustaining Houser Bros. Co. DBA Rancho

Del Rey Mobile Home Estates [sic] Objection to Debtor's Claimed Homestead Exemption

and Joinder Parties Huntington Beach Gables HOA; Janine Jasso" [dkt # 157] (the

"Motion"). Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates ("Houser Bros")

filed a "Response to Debtor's Notice of and Motion for Reconsideration of 7.21.22 Order

Sustaining Houser Bros. Co. DBA Rancho Del Rey Mobile Home Estate's [sic] Objection

067

to Debtor's Claimed Homestead Exemption" [dkt # 170] (the "Response") on August 4,
2022. Jeffrey Golden, the Chapter 7 Trustee ("Trustee"), filed "Trustee's Joinder in
Houser Bros. Co. DBA Rancho Del Rey Mobile Home Estates' Response to Debtor's
Notice of and Motion for Reconsideration of 7.21.22 Order Sustaining Houser Bros. Co.
DBA Rancho Del Rey Mobile Home Estate's [sic] Objection to Debtor's Claimed
Homestead Objection" [dkt 171] (the "Trustee's Joinder") on August 4, 2022. Also on
August 4, 2022, the Huntington Beach Gables Homeowners Association (the "HOA") filed
"The Huntington Beach Gables Homeowners Association's Joinder to Houser Bros. Co.
dba Rancho Del Rey Mobile Home Estates' Response to Debtor's Motion for
Reconsideration" [dkt #173] (the "HOA Joinder"). Debtor filed a "Reply to Houser Bros Co
DBA Rancho Del Rey MobileHome [sic] Estates [sic] Opposition to Debtors [sic[ Motion
for Consideration [sic] of 7/21/22 Order Sustaining Houser Bros Co DBA Rancho Del Rey
Mobilehome [sic] Estates [sic] Objection to Debtor's Claimed Homestead Exemption" [dkt
#185] (the "Reply").  The Motion initially came on for hearing before the Honorable Erithe
A. Smith on August 18, 2022 at 10:30 a.m. The hearing was subsequently continued to
September 22, 2022 for further oral argument.  Appearances were made as noted on the
Court's record. After the hearing, the matter was taken under advisement.[1]

Procedural Background

On May 12, 2022, Houser Bros filed a "Motion Objecting to Debtor's Claimed
Homestead Exemption" ("Homestead Motion"). Dkt. 95.  Joinders to the Homestead
Motion were filed by the HOA, creditor Janine Jasso ("Jasso"), and chapter 7 trustee

---

[1] This case was transferred to the Honorable Scott Clarkson on September 1, 2022 due to the retirement of
the undersigned, Judge Erithe Smith, on October 29, 2022. However, as Judge Smith issued the underlying
order sustaining Trustee's objection to Debtor's homestead exemption, presided over the hearing on
Debtor's instant motion for reconsideration, and continues to serve as a recalled bankruptcy judge, she has
authority and jurisdiction to rule on this motion for reconsideration.

068

1    Jeffrey Golden ("Trustee")[2] (collectively, the "Joining Parties"). Dkts. 98, 100. The

2    Homestead Motion was set for hearing on June 2, 2022, at 10:30 a.m. Dkt. 99. Debtor

3    filed a late opposition to the Homestead Motion ("Homestead Opposition") on June 1,

4    2022, just one day prior to the hearing. Dkt. 105.

5          On June 2, 2022, the Court conducted a hearing on the Homestead Motion

6    and continued the hearing to July 21, 2022  in order to allow the Joining Parties to

7    respond to Debtor's late-filed Homestead Opposition.  On June 23, 2022, the Court

8    entered its "Order Continuing Hearing on Motion Objecting to Debtor's Claimed

9    Homestead Exemption" ("June 23, 2022 Order"), which attached a copy of the

10   Court's tentative ruling for the hearing on June 2, 2022. Dkt. 124. The June 23,

11   2022 Order provided that the hearing on the Homestead Motion was continued to

12   July 21, 2022, at 10:30 a.m. to allow Houser Bros and the Joining Parties to file

13   replies to Debtor's late opposition by July 7, 2022 and that no further pleadings

14

15   were to be filed regarding the Motion. Dkt. 124.

16

17         Timely reply briefs were filed by Houser Bros and the HOA. Dkts. 129, 130,

18   131, 132, 133. On July 8, 2022, Debtor filed an unauthorized "Reply to Greg

19   Buysman, CA Notary Public Commission Number 2341449; Owner & Operator the

20   UPS Store, Edinger/Springdale." Dkt. 134.

21

22         The Court held a continued hearing on the Homestead Motion on July 21,

23   2022, at which time it orally granted the same for the reasons stated in its posted

24   tentative ruling. That same day, on July 21, 2022, Debtor filed a "Notice of

25   Lodgment of Orange County Tax Assessors [sic] Proof of Debtors [sic] Homestead

26   Exemption Effective 2/25/2021 in Support of Opposition to Motion Objecting to

27   ───────────────
     [2] Trustee's joinder was not filed until June 30, 2022. Dkt. 128.

28

Claimed Homestead Exemption" ("First NOL"). Dkt. 139. Later that same day, Debtor

also filed a "Notice of Lodgment of Orange County Tax Assessors [sic] Proof of Debtors

[sic] Homestead Exemption Effective 2/25/2021 in Support of Opposition to Motion

Objecting to Claimed Homestead Exemption" ("Second NOL"). Dkt. 140. Finally, on July

21, 2022,  Debtor filed a "Notice of Appeal and Statement of Election" ("Notice of

Appeal") regarding a "7/21/2022 Order Denying Debtors [sic] Declared Homestead and

Debtors [sic] Homeowners Exemption Effective February 25, 2021 with the Orange

County Tax Assessor Pursuant to California Department of Housing and Community

Development Certificate of Title Perfected February 25, 2021." Dkt. 143. Debtor's appeal

was referred to the Bankruptcy Appellate Panel based on Debtor's election. Dkt. 161.

However, the Court's "Order Granting Houser Bros. Co. dba Rancho Del Rey Mobile

Home Estates's Motion Objecting to Debtor's Claimed Homestead Exemption in 16222

Monterey Lane, Space 376, Huntington Beach, CA 92649" ("Homestead Order") was not

entered until August 5, 2022. Dkt. 177.

On July 26, 2022, Debtor filed the Motion. Dkt. 157.  Shortly thereafter, on August

1, 2022, Debtor filed a "Motion for Leave from the Bankruptcy Appeal [sic] Panel to

Permit the Bankruptcy Court to Consider Debtor's Motion for Re-Consideration [dkt. 157]

on August 18, 2022." Dkt. 167. The following day, on August 2, 2022, Houser Bros filed

an "Optional Appellee Statement of Election to Proceed in District Court." Dkt. 168. A

Notice of Transfer of Appeal to District Court was filed on the docket by the Debtor on

August 8, 2022. Dkt. 180. Debtor also filed a Notice Regarding Appeal From Bankruptcy

Court that was entered on August 11, 2022. Dkt. 184.  Ultimately, the District Court Case,

no. 8:22-cv-1462-RGK was dismissed by Debtor, thereby eliminating any issue regarding

this Court's jurisdiction over the Motion. *See* Dkt. 215.

070

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

<u>Standards for Relief Under Federal Rules of Civil Procedure 59(e) and 60(b)</u>

Federal Rules of Civil Procedure (FRCP) 59(e) and 60(b) are applicable to bankruptcy cases pursuant to Federal Rules of Bankruptcy Procedure 9023 and 9024 respectively.

A motion brought under FRCP 59 involves reconsideration on the merits and generally should not be granted unless it is based on at least one of the following grounds: (1) to correct manifest errors of law or fact upon which the judgment is based; (2) to allow the moving party the opportunity to present newly discovered or previously unavailable evidence; (3) to prevent manifest injustice; or (4) to reflect an intervening change in controlling law.  *In re Oak Park Calabasas Condominium Ass'n*, 302 B.R. 682, 683 (Bankr.C.D.Cal.2003), *citing McDowell v. Calderon,* 197 F.3d 1253, 1255 (9th Cir.1999), *cert. denied,* 529 U.S. 1082, 120 S.Ct. 1708, 146 L.Ed.2d 511 (2000) (cit. omitted).  The term "manifest error" is "an error that is plain and indisputable, and that amounts to a complete disregard of the controlling law or the credible evidence in the record." *Oak Park* at 783.  A "manifest injustice" is defined as "an error in the trial court that is direct, obvious, and observable, such as a defendant's guilty plea that is involuntary or that is based on a plea agreement that the prosecution rescinds."  *Id.*

A motion brought under FRCP 59 "may seek a reconsideration of the correctness and merits of the trial court's underlying judgment."  *In re Wylie*, 349 B.R. 204, 209 (9th Cir. BAP 2006).  A motion based on FRCP 59 may not be used "to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters., Inc. v. Estate of Bishop,* 229 F.3d 877, 890 (9th Cir.2000). Further, such a motion may not be used to present a new legal theory for the first time, to raise legal arguments which

071

1   could have been raised in connection with the original motion, or "to rehash the same

2   arguments presented the first time or simply express the opinion that the court was

3   wrong." *In re JSJF Corp.,* 344 B.R. 94, 103 (9th Cir. BAP 2006), *aff'd and remanded*, 277

4   Fed.Appx. 718 (9th Cir. 2008).

5
        Under FRCP 60(b), a party may seek relief from a final judgment or order on the
6
    following enumerated grounds: 1) mistake, inadvertence, surprise, or excusable neglect;
7
8   (2) newly discovered evidence that, with reasonable diligence, could not have been

9   discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously

10  called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4)

11  the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is
12
    based on an earlier judgment that has been reversed or vacated; or applying it
13
    prospectively is no longer equitable; or (6) any other reason that justifies relief.
14

15                                   Factual Background

16       This matter involves a dispute over Debtor's claimed homestead exemption in the

17  manufactured home located at 16222 Monterey Lane, Unit 376, Huntington Beach, CA

18  (the "Property"). The underlying facts are complex and are set forth in the pleadings filed
19
    in connection with the Homestead Motion and the instant Motion and are incorporated
20
21  herein by reference. However, due to the narrow scope of this Memorandum, such facts

22  will not be fully discussed except as relevant to the Court's findings and conclusions.

23       The pleadings filed in connection with the Homestead Motion focused primarily on

24  whether Debtor had an ownership interest in the Property as of the petition date, i.e., July

25  9, 2021.  It is undisputed that shortly after the acquisition of the Property in November
26
    2018, its registered owner was J-Sandcastle LLC ("Sandcastle"), an entity wholly owned
27
    by Debtor.  Thereafter, Ron Pierpont and J-Pad LLC were added as the Property's legal
28

072

owners.  According to Debtor, Sandcastle's interest in the Property was transferred to her

on February 21, 2021; according to Houser Bros the transfer did not occur and/or did not

become effective until *after* July 9, 2021.  In her opposition to the Homestead Motion,

Debtor argued, among other things, that she qualified for the automatic homestead

exemption permitted under California law because she had continuously resided on the

Property as her principal residence since 2018 to the present. Debtor's Opposition to

Homestead Motion at pp.15, 20. Dkt. 105. There was no evidence presented by the

Joining Parties that disputed Debtor's residency claim.

Oral argument at the hearing on the Homestead Motion also focused on the issue

of ownership as of the filing of the bankruptcy petition.  Indeed, the Court's ruling on the

Homestead Motion exclusively relied on matters relating to ownership, as reflected in the

following excerpts from the Homestead Order:

> In In re *Shaefers*[3], the Ninth Circuit BAP found that a Chapter 7
> debtor cannot claim homestead exemption in limited liability company
> (LLC) that he owned, which owned real property at which debtor resided;
> debtor did not identify any beneficial or equitable interest in the property,
> and LLC members such as debtor had no interest in the company's
> assets, rather, debtor's interest in LLC was a personal property interest
> outside the statutory definition of a homestead. 623 B.R. 777 (B.A.P. 9th
> Cir. 2020).

> Here, Debtor has failed to meet her burden that the Property is
> subject to exemption. First, the HCD records show that J-Sandcastle LLC,
> not Debtor, was the Property's owner of record on the Petition Date. As of
> June 7, 2021— about a month before the Petition Date—the Property's
> registered owner was J-Sandcastle LLC, and the legal owners were
> Pierpont and J-Pad LLC. Hays Decl., Ex. 17 at 142. The HCD webpage
> indicates that "documents and fees" must be submitted to the HCD to

---

[3] *In re Shaefers* was subsequently vacated by the Ninth Circuit on August 31, 2022 due to the dismissal of the bankruptcy case.  *In re Schaefers* ("*Schaefers II*"), 2022 WL 3973920, at *1 (9th Cir. Aug. 31, 2022) (vacating decision). The BAP decision therefore has "no precedential authority whatsoever." *See O'Connor v. Donaldson*, 422 U.S. 563, 578 n. 2, 95 S.Ct. 2486, 2495 n. 2, 45 L.Ed.2d 396 (1975) . It's availability for citation for any purpose is, therefore, uncertain. In any event, the Court notes that 1) in *Shaefers*, the debtor asserted an interest in the LLC itself and not in the real property owned by the LLC, and 2) as discussed *supra* herein, an equitable interest in real property may be shown by occupancy.

073

1    transfer ownership of a manufactured home or manufactured home. The
2    June 7, 2021, Title Search did not note any pending applications for title or
     registration change that might have added Debtor as the registered or
3    legal owner of the Property before the Petition Date. And, Debtor paid no
     fees to the HCD between June 7, 2021, and the Petition Date that could
4    have effectuated a title change. See Hays Decl., Ex. 26.

5        Moreover, the July 2021 HCD Transaction had a transaction date of
     July 14, 2021—five days after the Petition Date—and included a certificate
6    of title showing J-Sandcastle LLC as the Property's registered owner and
     Pierpont and J-Pad LLC as the Property's legal owners. Hays Decl., Ex.
7    21 at 171. Included in this post-petition transaction was a document to add
8    Debtor as the Property's "New Registered Owner." Id. at 172. Also
     attached was a County of Orange "Tax Clearance Certificate" issued and
9    executed on the Petition Date, which gave the Property's "Current
     Registered Owner" as J1Sandcastle LLC. Id. at 191. The August 2021
10   HCD Transaction did include a certificate of title showing Debtor as the
11   Property's registered owner, but according to the certificate, title was
     issued on August 3, 2021, nearly a month after the Petition Date. Hays
12   Decl., Ex. 22 at 195.

13       Second, between February 1, 2021, and the Petition Date, all
14   payments that Debtor submitted to Houser Bros. listed J-Sandcastle LLC
     as the payor/were on behalf of J-Sandcastle LLC. Only after the Petition
15   Date did Debtor submit a payment on her own behalf. See Hays Decl. Ex.
     23 at 203-222.
16
17       Third, Debtor provides no credible evidence that she acquired an
     interest from the LLC on February 25, 2021. In Debtor's Original
18   Schedules, filed on the Petition Date (July 9, 2021), Debtor provided,
     under penalty of perjury, that "Registered Title with HCD Debtor's single
19   member LLC, J1Sandcastle Co, LLC." Motion at 33 (Exhibit 2). In addition,
20   Debtor, in the Opposition, asserts J-Sandcastle LLC's executed a
     notarized release of title document, claiming: "On the petition date July 9,
21   2021, the registered title owner of the manufactured home located at
     16222 Monterey Lane, Unit #376, Huntington Beach, CA 92649
22   ('Property') was Jamie Lynn Gallian as of February 25, 2021, the date J-
     Sandcastle Co LLC signed and dated to release the Certificate of Title to
23   Jamie Lynn Gallian, notarized the same date." Opp'n., 29. However, Mr.
24   Buysman did not actually notarize these documents. Instead, Mr.
     Buysman's notary book shows that on February 25, 2021, he notarized for
25   Debtor an "Affidavit of Death" and a "Transfer Grant Deed." Buysman
     Decl., ¶7-11. Mr. Buysman did not notarize the July 2021 HCD
26   Submission either. Id. Debtor's improperly filed July 8 response, even if
     considered by the court, would be insufficient to counter the statements
27   and documentary evidence set forth in the Buysman Declaration.

28       ------------------------------

In conclusion, Debtor failed to carry her burden because, on the Petition Date, the Property's registered owner was J-Sandcastle LLC, and the legal owners were Pierpont and J-Pad, LLC. As a result, the Property was not part of the estate and not eligible for an exemption.

Neither the Court's ruling at the hearing or the Homestead Order includes a full or proper analysis of Debtor's claimed automatic homestead exemption under Cal. Civ Proc. Code § 704.720(a).  The Court believes such oversight was in error.

<u>Relief Under Either FRCP 59(e) or FRCP 60(b) is Warranted Because Debtor has Demonstrated Entitlement to an Automatic Homestead Exemption Under Cal.Civ.Proc. Code §704.720(a)</u>

Though the Motion does not specifically cite FRCP 59(e) or FRCP 60(b), the substance of the arguments therein is consistent with either Rule and Debtor clarifies in her Reply brief that she is seeking relief under both Rules. Debtor's Reply brief at 5. As previously noted, it is undisputed that Debtor has resided continuously on the Property as her principal residence from November 2018 to through the petition date and beyond. As a matter of law, Debtor meets the requirements for an automatic homestead exemption under Cal. Civ. Proc. Code §§ 704.710(c) and 704.720(a).

In *In re Gilman*, 887 F.3d 956, 964-965 (9th Cir. 2018), the Ninth Circuit held as follows:

California provides for an "automatic" homestead exemption. Cal. Civ. Proc. Code § 704.720(a). The automatic homestead exemption protects a debtor "who resides (or who is related to one who resides) in the homestead property at the time of a forced judicial sale of the dwelling." *In re Anderson*, 824 F.2d 754, 757 (9th Cir. 1987); *see also Diaz*, 547 B.R. at 334 ("The filing of a bankruptcy petition constitutes a forced sale for purposes of the automatic homestead exemption.").

Under Cal. Civ. Proc. Code § 704.710(c), a "homestead" is "the principal dwelling (1) in which the judgment debtor or the judgment debtor's spouse resided on the date the judgment

075

1    creditor's lien attached to the dwelling, and (2) in which the judgment
2    debtor or the judgment debtor's spouse resided continuously thereafter
     until the date of the court determination that the dwelling is a homestead."
3    This "requires only that the judgment debtor *reside* in the property as his
     or her principal dwelling at the time the judgment creditor's lien attaches
4    and continuously thereafter until the court determines the dwelling is a
     homestead." *In re Elliott*, 523 B.R. 188, 196 (BAP 9th Cir.
5    2014) (quoting *Tarlesson*, 184 Cal. App. 4th at 937, 109 Cal.Rptr.3d 319).
     It does not require that the debtor continuously own the property. *Id.*
6
7         To determine whether a debtor resides in a property for homestead
     purposes, courts consider the debtor's physical occupancy of the property
8    and the intent to reside there. *Diaz*, 547 B.R. at 335; *Ellsworth v. Marshall*,
     196 Cal.App. 2d 471, 474, 16 Cal.Rptr. 588 (1961) ("The physical fact of
9    the occupancy and the intention with which the premises are occupied 'are
     both elements to be considered in determining the actual residence.' ")
10   (quoting *Lakas v. Archambault*, 38 Cal.App. 365, 372, 176 P. 180 (1918)).
11
12        California law rejects Phillips' argument that title to the property is
     necessary to claim a homestead exemption. For instance, *Tarlesson* held
13   that "judgment debtors who continuously reside in their dwellings retain a
     sufficient equitable interest in the property to claim a homestead
14   exemption even when they have conveyed title to another." 184 Cal.App.
     4th at 937, 109 Cal.Rptr.3d 319. The court further noted that "[s]uch a
15   result is consistent with the purpose of California's homestead exemption
     to protect one's dwelling against creditors." *Id.* Likewise, *Elliott* held that
16   conveyance to a third party does not defeat a debtor's right to an
     automatic exemption, "because continuous residency, rather than
17   continuous ownership," controls the analysis. 523 B.R. at 196.
18        Importantly, *Gilman* cites with favor the case of *Tarlesson v. Broadway*
19   *Foreclosure Investments, LLC*, 184 Cal.App.4th 931 (2010).  In analyzing the interplay
20   between Cal. Civ. Proc. Code §§ 703.720 and 704.710(c), the Tarlesson Court explained:
21
22        Broadway bases its argument in substantial part on the language
     of section 703.020 which provides that statutory exemptions "apply only
23   to property of a natural person." Broadway reads section 703.020 to imply
     a requirement of ownership. But the authorities Broadway cites do not
24   support its argument. While section 703.020, subdivision (a) states
     generally that "[t]he exemptions provided by this chapter apply only to
25   property of a natural person," the statutory definition of "homestead"
     provided in section 704.710 requires only that the judgment debtor reside
26   in the property as his or her principal dwelling at the time the judgment
     creditor's lien attaches and continuously thereafter until the court
27   determines the dwelling is a homestead. (§ 704.710, subd. (c).) There is
     no requirement in section 704.710 that the judgment debtor continuously
28

10

076

1
2

own the property, and we do not read section 703.020 to impose
such a requirement. 184 Cal.App.4th at 937.

3
4
5
6
7
8
9
10

Further, the Court in *Tarlesson* recognized that "debtors who continuously

reside in their dwellings retain a sufficient equitable interest in the property to claim

a homestead exemption even when they have conveyed title to another." *Id.*

(citations omitted).  Accordingly, the Court finds and concludes that Debtor

satisfied her burden of establishing entitlement to an automatic homestead

exemption under California law and that the Court erred in not recognizing such

entitlement in its Homestead Order.

11
12

Debtor's Homestead Exemption in the Amount of $600,000 Allowed by Cal.

Civ. Proc. Code § 704.730(a) is Not Limited by § 522(p)(1)

13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

In its Response to the Motion, Houser Bros requests that if the Court grants

the Motion to allow Debtor a homestead exemption, such exemption should be

limited to $170,350 pursuant to 11 U.S.C. § 522(p)(1) because, according to

Debtor, she acquired an ownership interest in the Property on February 21, 2022

(less than 180 days before the bankruptcy filing).  Section 522(p)(1) limits a

debtor's ability to take advantage of homestead exemptions under state law.

Specifically, § 522(p)(1) provides that a debtor "may not exempt any amount of

interest *that was acquired by the debtor* during the 1215-day period preceding the

date of the filing of the petition that exceeds . . . $170,350 in value in real or

personal property that the debtor . . . uses as a residence." (emphasis added)  A

majority of courts have held that § 522(p)(1) applies to "opt-out" states such as

California.  See, *In re Virissimo*, 332 B.R. 201, 207 (Bankr. D.Nev.2005); *Kane v.*

*Zions Bancorporation, N.A.*, 2022 WL 4591787 (September 29, 2022). This Court

28

077

agrees with the majority view regarding the application of § 522(p)(1) to exemptions

allowed under California law.

The Ninth Circuit has held that "it appears that Congress intended 'acquire' to

mean 'gaining possession or control' by purchasing or gaining an ownership interest,

either legal or equitable." *In re Greene*, 583 F.3d 614, 623 (9th Cir.2009).  California law

provides for an automatic homestead exemption, which protects a debtor "who resides . .

. in the homestead property at the time of a forced judicial sale of the dwelling." *Gilman*,

887 F.3d at 964.  The filing of a bankruptcy petition has been held to constitute a forced

sale that triggers the application of the automatic homestead exemption.  *In re Elliott,* 523

B.R. 188, 195 (9th Cir. BAP 2014).  As previously noted, in California, title to the property

is not necessary to claim an automatic homestead exemption. *Gilman* at 965 ("To

determine whether a debtor resides in a property for homestead purposes, courts

consider the debtor's physical occupancy of the property and the intent to reside there.")

Here, Debtor has sufficiently demonstrated both continuous occupancy of the

Property as well as her intent to reside there. Consequently, she qualifies for the

homestead exemption provided under Cal. Civ. Proc. Code § 704.720(a) without regard

to, and irrespective of, her subsequent acquisition of legal title. Accordingly, the amount

of her exemption permitted under Cal. Civ Proc. Code § 704.730(a) is not affected by the

restriction imposed by § 522(p)(1).

Conclusion

Based upon the foregoing, the Court finds and concludes that 1) Debtor's

continuous possession and occupation of the Property as her principal residence

(irrespective of ownership) constitutes an equitable interest that is sufficient to establish

her entitlement to the automatic homestead exemption provided by Cal. Civ. Proc. Code

078

1 §§ 704.720(a) and 704.730(a), 2) the Motion should be granted under FRCP 59(e) on the

2 basis of manifest error of law and under FRCP 60(b)(6); 3) the Court's Homestead Order

3 entered on August 5, 2022 should be vacated and the underlying Homestead Motion

4 related thereto should be deemed denied; and 4) Debtor is entitled to a homestead

5 exemption in the amount of $600,000.

6

7

8 ###

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23 Date: December 19, 2022

24 Erithe Smith
United States Bankruptcy Judge

25

26

27

28

079

EXHIBIT D



FILED & ENTERED

DEC 19 2022

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY mccall    DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SANTA ANA DIVISION

| In re | Chapter 7 |
|---|---|
| JAMIE LYNN GALLIAN, | Case No. 8:21-bk-11710-SC |
| Debtor. | **ORDER GRANTING DEBTOR'S MOTION FOR RECONSIDERATION OF THE COURT'S AUGUST 5, 2022 ORDER SUSTAINING OBJECTION TO DEBTOR'S HOMESTEAD EXEMPTION** |
| | Date:    September 22, 2022<br>Time:    10:00 a.m.<br>Place:    Courtroom 5A – via zoom |

On July 26, 2022, Jamie Lynn Gallian ("Debtor") filed "Debtors [sic] Notice of and Motion for Reconsideration of 7.21.22 Order Sustaining Houser Bros. Co. DBA Rancho Del Rey Mobile Home Estates [sic] Objection to Debtor's Claimed Homestead Exemption and Joinder Parties Huntington Beach Gables HOA; Janine Jasso" [dkt # 157] (the "Motion"). Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates ("Houser Bros") filed a "Response to Debtor's Notice of and Motion for Reconsideration of 7.21.22 Order Sustaining Houser Bros. Co. DBA Rancho Del Rey Mobile Home Estate's [sic] Objection to Debtor's Claimed Homestead Exemption" [dkt # 170] (the "Response") on August 4,

081

2022. Jeffrey Golden, the Chapter 7 Trustee ("Trustee"), filed "Trustee's Joinder in Houser Bros. Co. DBA Rancho Del Rey Mobile Home Estates' Response to Debtor's Notice of and Motion for Reconsideration of 7.21.22 Order Sustaining Houser Bros. Co. DBA Rancho Del Rey Mobile Home Estate's [sic] Objection to Debtor's Claimed Homestead Objection" [dkt 171] (the "Trustee's Joinder") on August 4, 2022. Also on August 4, 2022, the Huntington Beach Gables Homeowners Association (the "HOA") filed "The Huntington Beach Gables Homeowners Association's Joinder to Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates' Response to Debtor's Motion for Reconsideration" [dkt #173] (the "HOA Joinder"). Debtor filed a "Reply to Houser Bros Co DBA Rancho Del Rey MobileHome [sic] Estates [sic] Opposition to Debtors [sic[ Motion for Consideration [sic] of 7/21/22 Order Sustaining Houser Bros Co DBA Rancho Del Rey Mobilehome [sic] Estates [sic] Objection to Debtor's Claimed Homestead Exemption" [dkt #185] (the "Reply").  The Motion initially came on for hearing before the Honorable Erithe A. Smith, United States Bankruptcy Judge, on August 18, 2022 at 10:30 a.m. The hearing was subsequently continued to September 22, 2022 for further oral argument. Appearances were made as noted on the Court's record. After the hearing, the matter was taken under advisement.[1]

For the reasons set forth in the Memorandum of Decision Regarding Debtor's Motion for Reconsideration of the Court's August 5, 2022 Order Sustaining the Objection to Debtor's Homestead Exemption entered on December 19, 2022 [Dkt. 273], it is hereby ordered that:

---

[1] This case was transferred to the Honorable Scott Clarkson on September 1, 2022 due to the retirement of the undersigned, Judge Erithe Smith on October 29, 2022. However, as Judge Smith issued the underlying order sustaining Trustee's objection to Debtor's homestead exemption, presided over the hearing on Debtor's instant motion for reconsideration, and continues to serve as a recalled bankruptcy judge, she has authority and jurisdiction to rule on the motion for reconsideration.

1        1.       The Motion is granted under FRCP 59(e) on the basis of manifest

2  error of law and under FRCP 60(b)(6);

3        2.       The Court's Homestead Order entered on August 5, 2022 [Dkt. 177] is

4  vacated and, as such, Houser Bros' Homestead Motion is deemed denied; and

5

6        3.       Debtor is entitled to a homestead exemption in the amount of

$600,000 pursuant to Cal. Civ. Proc. Code.  §§ 704.720(a) and 704.730(a).

###

Date: December 19, 2022

Erithe Smith
United States Bankruptcy Judge

083

EXHIBIT E

1

2

3

4

5

6

FILED & ENTERED

MAY 15 2024

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY jle        DEPUTY CLERK

7

8          **UNITED STATES BANKRUPTCY COURT**

9          **CENTRAL DISTRICT OF CALIFORNIA**

10          **SANTA ANA DIVISION**

11    In re                                        8:23-CV-00001-DSF
                                                   Case No. 8:21-bk-11710-SC
12      **JAMIE LYNN GALLIAN**
                                                   Chapter: 7
13             Debtor,
                                                   **ORDER REGARDING "ORDER**
14                                                 **REVERSING THE ORDER OF THE**
                                                   **BANKRUPTCY COURT AND**
15                                                 **REMANDING FOR FURTHER**
                                                   **PROCEEDINGS" ENTERED BY THE**
16                                                 **DISTRICT COURT ON NOVEMBER 1,**
                                                   **2023**
17

18

19

20          On December 29, 2022, Houser Bros. Co. dba Rancho Del Rey Mobile Estates

21    ("Houser Bros.) appealed this Court's Order Granting Debtor's Motion for

22    Reconsideration of the Court's August 5, 2022 Order Sustaining Objection to Debtor's

23    Homestead Exemption entered on December 19, 2022 ("Reconsideration Order") in the

24    above referenced bankruptcy case.  Houser Bros. elected to have its appeal heard by the

25    United States District Court ("District Court").  On November 1, 2023, the District Court

26    entered its Order Reversing the Order of the Bankruptcy Court and Remanding for

27    Further Proceedings ("Reversal Order").

28

085

The Reversal Order directs this Court to issue findings concerning 1) the nature of the Debtor Jamie Lynn Gallian's ("Debtor") interest in the 2014 Skyline Custom Villa manufactured home located at 16222 Monterey Lane, Unit 376, Huntington Beach, California (the "Property"), including whether Debtor ever acquired (and retained) an equitable interest in the Property, and 2) whether title was transferred to her prior to the date the bankruptcy petition was filed.  The within findings constitute the Court's response to the remand directive of the Reversal Order.[1]

I.    Background

This matter involves a dispute over Debtor's claimed homestead exemption in the Property.  On or about November 1, 2018, Debtor purchased the Property from registered owner, Lisa Ryan ("Ryan") with proceeds Debtor received from the sale of her previous home. Debtor's Motion for Reconsideration at 15.  [Dkt. 157].  However, on this same date, Debtor caused Ryan to transfer the Certificate of Title regarding the Property to her single-member limited liability company, J-Sandcastle Co LLC ("Sandcastle"), which Certificate of Title was recorded by Debtor at the Department of Housing and Community Development on November 16, 2018.  *Id.* at 26; Houser Bros.' Motion Objecting to Debtor's Claimed Homestead Exemption, Exhs. 13 and 14 [Dkt 95].

A.  Houser Bros.'s Motion Objecting to Debtor's Claimed Homestead Exemption

On May 12, 2022, Houser Bros. filed its "Motion Objecting to Debtor's Claimed Homestead Exemption" (Homestead Motion").  [Dkt.95].  Various other parties joined in the Homestead Motion.  [Dkts. 98, 100].  The pleadings filed in support of the Homestead Motion focused primarily on the argument that Debtor did not hold legal title to the

---

[1] The underlying bankruptcy case was transferred to the Honorable Scott Clarkson on September 1, 2022 due to the retirement of the undersigned, Judge Erithe Smith, on October 29, 2022. However, as Judge Smith presided over the hearing on Debtor's Motion for Reconsideration and issued the Reconsideration Order in her capacity as a recalled bankruptcy judge (effective until October 31, 2024), she has authority and jurisdiction to issue the within findings.

2

1  Property as of the date the bankruptcy petition was filed, i.e., July 9, 2021 (the "Petition

2  Date") and, therefore, she was not entitled to claim a homestead exemption.

3       Debtor opposed the Homestead Motion, asserting that Sandcastle had transferred

4  its interest in the Property to her on or about February 25, 2021, prior to the Petition Date.

5  Debtor also argued that she was entitled to an automatic homestead exemption under

6  Cal. Civ. Proc. Code §§ 704.710(c) and 704.720(a) as she had continuously resided on

7  the Property since November 2018 through the Petition Date and had intended the same

8  to be her principal residence during such time.

9       The final hearing on the Homestead Motion was held on July 21, 2022.  At that

10  hearing, oral argument focused on the issue of legal ownership as of the Petition Date.

11  On August 5, 2022, this Court entered its Order Granting Houser Bros. Co. dba Rancho

12  Del Rey Mobile Home Estate's Motion Objecting to Debtor's Claimed Exemption in 16222

13  Monterey Lane, Space 376, Huntington Beach, CA 92649" [Dkt. 177] ("Homestead

14  Order") on the ground that Debtor did not hold legal title to the Property as of the Petition

15  and, therefore, was not entitled to a homestead exemption under Cal Civ. Pro. Code

16  §704.30.  This Court ruled that

17          . . . Debtor failed to meet her burden that the Property is

18       subject to exemption.  First, the HC records show that J-Sandcastle LLC,

19       not Debtor, was the owner of record, on the Petition Date.  As of June 7, 2021 –

20       about a month before the Petition Date – the Property's registered owner

21       was J-Sandcastle LLC, and the legal owners were Ron Pierpoint and J-Pad LLC.

22       Hays Decl., Ex. 17 at 142.

23  Homestead Order, Exh. 1 at 10.

24       The Court did not, however, rule on Debtor's claim to an automatic homestead

25  exemption under Cal. Civ. Proc. Code §§ 704.710(c) and 704.720(a).

26       B.  Debtor's Motion for Reconsideration of the Homestead Order

27       On July 26, 2022, Debtor filed her "Motion for Reconsideration of 7.21.22 Order

28

3

087

1  [sic] Sustaining Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates Objection to

2  Debtor's Claimed Homestead Objection, etc." ("Reconsideration Motion") [Dkt.157]. [2]

3  Debtor reiterated her claimed status as legal owner, as well as entitlement to an

4  automatic homestead exemption. Opposition pleadings to the Reconsideration Motion

5  were filed by Houser Bros. and other interested parties.

6       On December 19, 2022, this Court entered its Reconsideration Order on the

7  ground that Debtor was entitled to an automatic homestead exemption.  [Dkt 274].  Also

8  on December 19, 2022, the Court entered its "Memorandum of Decision Regarding

9  Debtor's Motion for Reconsideration of the Court's August 5, 2022 Order Sustaining

10 Objection to Debtor's Homestead Exemption ("Memorandum of Decision"). [Dkt. 273].[3]

11     II.     Findings in Response to the District Court's Reversal Order

12          A. Did Debtor Have an Equitable Interest in the Property as of the Petition Date?

13          Yes.  This Court finds that, notwithstanding the fact that Sandcastle was the

14 registered owner and Ron Pierpont and J-Pad LLC were the legal owners of the Property,

15 Debtor held an equitable interest in the Property as of the date of the Petition that

16 satisfied the requirements for an automatic homestead exemption under Cal. Civ. Proc.

17 Code §§ 704.10(c) and 704.720(a).[4]

18          In In re Gilman, 887 F.3d 956-965 (9th Cir. 2018), the Ninth Circuit provides a clear

19 analysis of California's automatic homestead laws, to wit:

20          California provides for an 'automatic' homestead
21          exemption. Cal. Civ. Proc. Code § 704.720(a). The automatic
            homestead exemption protects a debtor 'who resides (or who is
22          related to one who resides) in the homestead property at the time of
            a forced judicial sale of the dwelling.' In re Anderson, 824 F.2d 754,

23 _____

24 [2] Debtor filed the Reconsideration Motion prior to the entry of the Homestead Order on August 5, 2022.

   [3] The Memorandum of Decision was intended to serve as the Court's findings of fact and conclusions of
25 law in support of the Reconsideration Order and was incorporated by reference in the Reconsideration

26 Order.

   [4] A "manufactured home together with the outbuildings and land upon which they are
27 situated" is eligible for a homestead exemption. Cal. Code Civ. Proc. § 704.710(a)(2)

28 (defining "dwelling").

757 (9th Cir. 1987); *see also Diaz*, 547 B.R. at 334 ("The filing of a bankruptcy petition constitutes a forced sale for purposes of the automatic homestead exemption.").

Under Cal. Civ. Proc. Code § 704.710(c), a 'homestead' is 'the principal dwelling (1) in which the judgment debtor or the judgment debtor's spouse resided on the date the judgment creditor's lien attached to the dwelling, and (2) in which the judgment debtor or the judgment debtor's spouse resided continuously thereafter until the date of the court determination that the dwelling is a homestead.' This "requires only that the judgment debtor *reside* in the property as his or her principal dwelling at the time the judgment creditor's lien attaches and continuously thereafter until the court determines the dwelling is a homestead." *In re Elliott*, 523 B.R. 188, 196 (BAP 9th Cir. 2014) (quoting *Tarlesson*, 184 Cal. App. 4th at 937, 109 Cal.Rptr.3d 319). It does not require that the debtor continuously own the property. *Id.*

To determine whether a debtor resides in a property for homestead purposes, courts consider the debtor's physical occupancy of the property and the intent to reside there. *Diaz*, 547 B.R. at 335; *Ellsworth v. Marshall*, 196 Cal.App. 2d 471, 474, 16 Cal.Rptr. 588 (1961) ('The physical fact of the occupancy and the intention with which the premises are occupied 'are both elements to be considered in determining the actual residence.') (quoting *Lakas v. Archambault*, 38 Cal.App. 365, 372, 176 P. 180 (1918)).

**California law rejects [the] argument that title to the property is necessary to claim a homestead exemption. For instance,** *Tarlesson* **held that 'judgment debtors who continuously reside in their dwellings retain a sufficient equitable interest in the property to claim a homestead exemption even when they have conveyed title to another'** 184 Cal.App. 4th at 937, 109 Cal.Rptr.3d 319. The court further noted that "[s]uch a result is consistent with the purpose of California's homestead exemption to protect one's dwelling against creditors." *Id.* Likewise, *Elliott* held that **conveyance to a third party does not defeat a debtor's right to an automatic exemption, 'because continuous residency, rather than continuous ownership,' controls the analysis**. 523 B.R. at 196.

(emphasis added)

According to the record, which is undisputed, Debtor used her own personal funds to purchase the Property.  More importantly, it is also undisputed that Debtor has continuously resided on the Property since November 2018 through and beyond the Petition Date.  Finally, there was no persuasive evidence presented by those in

1  opposition to the Reconsideration Motion to refute Debtor's position that she intended to

2  reside on the Property as her principal residence during the same period.  Accordingly,

3  this Court finds that by her continuous possession and use of the Property as her

4  principal residence since November 2018, Debtor held a sufficient equitable interest in

5  the Property to claim an automatic homestead exemption under Cal. Civ. Proc. Code

6  § 704.720(a). *Gilman*, 887 F.3d at 964; *Tarlesson,* 184 Cal. App. 4th at 937.

7         B.  Was Title Transferred to Debtor Prior to the Petition Date?

8         No. The Reconsideration Motion was granted solely on the basis of Debtor's

9  *equitable* interest in the Property.  The Reconsideration Order did not in any way alter,

10  change or modify the Court's finding in the Homestead Order regarding Debtor's lack of

11  *legal* title as of the Petition Date.  None of the evidence presented by Debtor in the

12  Reconsideration Motion persuaded the Court to reverse its finding in that regard.

13  Specifically, Debtor presented no credible evidence that the certificate of title showing

14  Sandcastle as the registered owner of the Property was transferred to her prior to the

15  Petition Date.  On the contrary, Houser Bros. presented documentation establishing that

16  a certificate of title showing Debtor as the new registered owner of the Property was not

17  issued until August 3, 2021, nearly a month after the Petition Date.  See Homestead

18  Motion, Hays Decl., Exh. 22 at 195.  Based on the record presented, the Court finds that

19  title to the Property was not transferred to Debtor prior to the Petition Date.

20  //

21  //

22  //

23  //

24  //

25  //

26  //

27  //

28  //

6

III.    Conclusion

      The Court finds that Debtor held a sufficient equitable interest in the Property to claim an automatic homestead exemption under Cal. Civ. Proc. Code § 704.720(a).

###

Date: May 15, 2024

Erithe Smith
United States Bankruptcy Judge

7

091

United States Bankruptcy Court

Central District of California

In re:                                                              Case No. 21-11710-SC

Jamie Lynn Gallian                                                  Chapter 7

    Debtor

# CERTIFICATE OF NOTICE

| District/off: 0973-8 | User: admin | Page 1 of 2 |
|---|---|---|
| Date Rcvd: May 15, 2024 | Form ID: pdf042 | Total Noticed: 1 |

The following symbols are used throughout this certificate:

| Symbol | Definition |
|---|---|
| + | Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP. |

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on May 17, 2024:**

NONE

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|
| db | + Email/PDF: jamiegallian@gmail.com | May 16 2024 00:12:00 | Jamie Lynn Gallian, 16222 Monterey Ln Unit 376, Huntington Beach, CA 92649-2258 |

TOTAL: 1

# BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: May 17, 2024                  Signature:        /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on May 15, 2024 at the address(es) listed below:

| Name | Email Address |
|---|---|
| Aaron E. DE Leest | on behalf of Plaintiff Jeffrey I. Golden adeleest@DanningGill.com  danninggill@gmail.com;adeleest@ecf.inforuptcy.com |
| Aaron E. DE Leest | on behalf of Trustee Jeffrey I Golden (TR) adeleest@DanningGill.com  danninggill@gmail.com;adeleest@ecf.inforuptcy.com |
| Bradford Barnhardt | on behalf of Plaintiff Houser Bros. Co. bbarnhardt@marshackhays.com  bbarnhardt@ecf.courtdrive.com,alinares@ecf.courtdrive.com |
| Bradford Barnhardt | on behalf of Interested Party Courtesy NEF bbarnhardt@marshackhays.com  bbarnhardt@ecf.courtdrive.com,alinares@ecf.courtdrive.com |
| Brandon J. Iskander | |

092

on behalf of Plaintiff The Huntington Beach Gables Homeowners Association biskander@goeforlaw.com kmurphy@goeforlaw.com

Brandon J. Iskander

on behalf of Creditor The Huntington Beach Gables Homeowners Association biskander@goeforlaw.com kmurphy@goeforlaw.com

D Edward Hays

on behalf of Creditor Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates ehays@marshackhays.com ehays@ecf.courtdrive.com;alinares@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com

D Edward Hays

on behalf of Interested Party Courtesy NEF ehays@marshackhays.com ehays@ecf.courtdrive.com;alinares@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com

D Edward Hays

on behalf of Plaintiff Houser Bros. Co. ehays@marshackhays.com ehays@ecf.courtdrive.com;alinares@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com

Eric P Israel

on behalf of Trustee Jeffrey I Golden (TR) eisrael@danninggill.com  danninggill@gmail.com;eisrael@ecf.inforuptcy.com

Jeffrey I Golden (TR)

lwerner@go2.law  jig@trusteesolutions.net;kadele@go2.law;C205@ecfcbis.com

Laila Masud

on behalf of Plaintiff Houser Bros. Co. lmasud@marshackhays.com lmasud@ecf.courtdrive.com;lbuchanan@marshackhays.com;alinares@ecf.courtdrive.com

Laila Masud

on behalf of Creditor Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates lmasud@marshackhays.com lmasud@ecf.courtdrive.com;lbuchanan@marshackhays.com;alinares@ecf.courtdrive.com

Laila Masud

on behalf of Interested Party Courtesy NEF lmasud@marshackhays.com lmasud@ecf.courtdrive.com;lbuchanan@marshackhays.com;alinares@ecf.courtdrive.com

Mark A Mellor

on behalf of Interested Party Courtesy NEF mail@mellorlawfirm.com  mellormr79158@notify.bestcase.com

Mark A Mellor

on behalf of Defendant Randall L Nickel mail@mellorlawfirm.com  mellormr79158@notify.bestcase.com

Robert P Goe

on behalf of Creditor The Huntington Beach Gables Homeowners Association kmurphy@goeforlaw.com rgoe@goeforlaw.com;goeforecf@gmail.com

Robert P Goe

on behalf of Interested Party The Huntington Beach Gables Homeowners Association kmurphy@goeforlaw.com rgoe@goeforlaw.com;goeforecf@gmail.com

Robert P Goe

on behalf of Plaintiff The Huntington Beach Gables Homeowners Association kmurphy@goeforlaw.com rgoe@goeforlaw.com;goeforecf@gmail.com

Shantal Malmed

on behalf of Trustee Jeffrey I Golden (TR) smalmed@danninggill.com

Shantal Malmed

on behalf of Plaintiff Jeffrey I. Golden smalmed@danninggill.com

United States Trustee (SA)

ustpregion16.sa.ecf@usdoj.gov

Valerie Smith

on behalf of Interested Party Courtesy NEF claims@recoverycorp.com

TOTAL: 23

EXHIBIT G

095

EXHIBIT H

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 16222 MONTEREY LANE UNIT 378 HUNTINGTON BEACH, CA 92649

A true and correct copy of the foregoing document entitled (*specify*): DEBTOR'S NOTICE OF OPPOSITION AND OPPOSITION TO TRUSTEE'S APPLICATION TO EMPLOY REAL ESTATE BROKERS CALDWELL BANKER , SPACE 376 2014 SKYLINE MANUFACTURED HOME LBM1981; MEMORANDUM OF POINTS AND AUTHORITIES AND REQUEST FOR JUDICIAL NOTICE IN SUPPORT THEREOF will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) July 16, 2024 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page.

**2. SERVED BY UNITED STATES MAIL**: On July 17, 2024 I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by causing to be placed a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page.

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| July 16, 2024 | Joseph Clark | *Joseph Clark* |
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                  F 9013-3.1.PROOF.SERVICE
097

## 1. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")

Bradford Barnhardt on behalf of Interested Party Courtesy NEF
bbarnhardt@marshackhays.com, bbarnhardt@ecf.courtdrive.com,kfrederick@ecf.courtdrive.com

Bradford Barnhardt on behalf of Plaintiff Houser Bros. Co.
bbarnhardt@marshackhays.com, bbarnhardt@ecf.courtdrive.com,kfrederick@ecf.courtdrive.com

Aaron E. DE Leest on behalf of Trustee Jeffrey I Golden (TR)
adeleest@DanningGill.com, danninggill@gmail.com;adeleest@ecf.inforuptcy.com

Robert P Goe on behalf of Creditor The Huntington Beach Gables Homeowners Association
kmurphy@goeforlaw.com, rgoe@goeforlaw.com;goeforecf@gmail.com

Robert P Goe on behalf of Plaintiff The Huntington Beach Gables Homeowners Association
kmurphy@goeforlaw.com, rgoe@goeforlaw.com;goeforecf@gmail.com

Jeffrey I Golden (TR)
lwerner@go2.law, jig@trustesolutions.net;kadele@go2.law

D Edward Hays on behalf of Creditor Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates
ehays@marshackhays.com,
ehays@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@marshackhays.com;cmend
oza@ecf.courtdrive.com

D Edward Hays on behalf of Interested Party Courtesy NEF
ehays@marshackhays.com,
ehays@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@marshackhays.com;cmend
oza@ecf.courtdrive.com

D Edward Hays on behalf of Plaintiff Houser Bros. Co.
ehays@marshackhays.com,
ehays@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@marshackhays.com;cmend
oza@ecf.courtdrive.com

Brandon J Iskander on behalf of Creditor The Huntington Beach Gables Homeowners Association
biskander@goeforlaw.com, kmurphy@goeforlaw.com

Brandon J Iskander on behalf of Plaintiff The Huntington Beach Gables Homeowners Association
biskander@goeforlaw.com, kmurphy@goeforlaw.com

Eric P Israel on behalf of Trustee Jeffrey I Golden (TR)
eisrael@DanningGill.com, danninggill@gmail.com;eisrael@ecf.inforuptcy.com

Laila Masud on behalf of Creditor Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates
lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com

Laila Masud on behalf of Interested Party Courtesy NEF
lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                          F 9013-3.1.PROOF.SERVICE

Laila Masud on behalf of Plaintiff Houser Bros. Co.
lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com

Mark A Mellor on behalf of Defendant Randall L Nickel
mail@mellorlawfirm.com, mellormr79158@notify.bestcase.com

Mark A Mellor on behalf of Interested Party Courtesy NEF
mail@mellorlawfirm.com, mellormr79158@notify.bestcase.com

Valerie Smith on behalf of Interested Party Courtesy NEF
claims@recoverycorp.com

United States Trustee (SA)
ustpregion16.sa.ecf@usdoj.gov

## 2. **SERVED BY U.S. MAIL**

The Honorable Scott C. Clarkson U.S. Bankruptcy Court
411 W. Fourth Street, Suite 5130 Santa Ana, CA  92701

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                              F 9013-3.1.PROOF.SERVICE

**SERVED BY UNITED STATES MAIL:**
Internal Revenue Service
PO Box 7346
Philadelphia, 19101-7346

Gordon Rees Scully & Mansukhani
5 Park Plaza Ste. 1100
Irvine, CA 92614-8502

Houser Bros. Co. dba Rancho Del Rey Mobile H
c/o Marshack Hays LLP
870 Roosevelt
Irvine, CA 92620-3663

Houser Bros. Co.
DBA Rancho De1 Rey Estates
16222 Monterey Ln
Huntington Beachr CA 92649-6214

Huntington Beach Gables H0A
c/o Feldsott & Lee
23161 Mill Creek Dr. Ste. 300 Laguna
Hills, CA 92653-7907

Huntington Beach Gables Homeowners
Association
Epstein, Grinnel & Howell, APC
10200 Willow Creek Rd Ste 100
San Diego CA 92131-1655

James H Cosello
Casello & Lincoln,
525 N Cabrillo Park Dr. Ste 1O4
Santa Ana, CA 92701-5017

Feldsott & Lee
23161 Mill Creek Drive Ste 30O
Laguna Hills, CA 92653-7907

Danning, Gill, Israel & Krasnoff LLP
1901 Ave of The Stars, Ste
Los Angeles CA 90067-6006

Lisa T. Ryan
20949 Lassen St. Apt 208
Chattsworth, CA 91311-4239

Orange County Alternate Defender
600 Santa Ana Blvd, Ste 600
Santa Ana CA 92701-4552

Patricia Ryan
20949 Lassen St. Apt 208
Chattsworth, CA 91311-4239

Robert P. Warmington Co.
c/o BS Investors
18201 Von Karmen Ste. 450
Irvine, CA 92612-1195

Randall Nickel
11619 Inwood Drive,
Riverside, CA 92503-5000

Randall Nickell
4476 Alderport Dr.
Huntington Beach. CA 92649-2288

Randell Nickel
c/o Mark Mellor, Esq.
6800 Indiana Ave. Ste. 220
Riverside, CA 92506-4267

United Airlines
233 S. Hacker Dr.
Chicago, IL 60606-6462

United Airlines
P.O. Box 0675
Carol Stream, 60132-0675

(p)US BANK
PO BOX 5229
CINCINNATI OH 45201-5229

Robert P. Warmington Co.
c/o BS Investors
18201 Von Karmen Ste. 450
Irvine, CA 92612-1195

S4 A California Limited Partnership
1001 Cove St Ste 230
Newport Beach CA 92660

LPL Asset Management Co.
18201 Von Karmen Ste. 450
Irvine, CA 92612-1195

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012　　　　　　　　　　　　　**F 9013-3.1.PROOF.SERVICE**
106