JAMIE LYNN GALLIAN
16222 MONTEREY LN. UNIT 376
HUNTINGTON BEACH, CA 92649
(714-321-3449
JAMIEGALLIAN@GMAIL.COM

DEBTOR, In Pro se

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>JAMIE LYNN GALLIAN,<br><br>Debtor. | Case No. 8:21-bk-11710-SC<br><br>Chapter 7<br><br>Date: JULY 30, 2024<br>Time: 11:00 a.m.<br>Place: Courtroom 5C - Virtual<br><br>OPPOSITION TO TRUSTEE'S DOC 395<br><br>Request For Judicial Notice.<br><br>411 W. Fourth Street,<br>Santa Ana, California 92701 |

PLEASE TAKE NOTICE that JAMIE LYNN GALLIAN hereby submits this opposition to Trustee's Notice Of Application and Application to Employ Real Estate Broker Coldwell Banker Realty and Agents William Friedman and Greg Bingham Pursuamt To 11 U.S.C. §§327 And §§328; Memorandum Of Points and Authorities; and Declarations of William Friedman and Greg Bingham; Request For Judicial Notice, Memorandum of Points and Authorities,

1

001

## Declaration of Jamie Lynn Gallian

I, Jamie Lynn Gallian, say and declare as follows:

1. I am an individual over 18 years of age and competent to make this Declaration.

2. If called upon to do so, I could and would competently testify as to the facts herein.

3. On November 7, 2018, I deposited $175,000, into J-Sandcastle Co Chase Acct. 0860

4. There is one 11/16/2018 Security Agreement with EX. A Promissory Note between the Lender/Holder Jamie Lynn Gallian and Borrower, J-Sandcastle Co LLC.,

5. The collateral identified in the Security Agreement is the Personal Property LBM 1081. There is no Deed of Trust for any Real Property, Space 376. with the mobi;ehome park. Houser Bros attorney Vivienne Alston and Chris Houser said the MH LBM 1081 could not be sold in place. A 2019, email to Gallian's real estate agent was also told the home could not be sold in place.

6. I make this Declaration in support of Debtor's Opposition to the Trustee's Application to Employ Real Estate Brokers Coldwell Banker. DOC 396

7. Debtor **incorporates Doc 208 her 2022 Opposition to Trustee's First Application.** Homest ad. Doc 128

8. On June 30, 2022, the Trustee filed Trustee's Joinder to Houser Bros Objection to Debtors

9. On August 4, 2022, Trustee filed Trustees Joinder in Houser Bros Co response to Debtors Motion For Reconsideration of TR Order 7.21.22. DOC 173.

I declare under penalty of perjury that the foregoing is true and correct. Executed on JULY 16,, 2024. at Huntington Beach, CA County of Orange.

*Jamie Lynn Gallian*
JAMIE LYNN GALLIAN

The Trustee joined Houser Bros Co Objection and accepted the outcome. the Appeal is final. Trustee did not challenge the Honorable Erithe A. Smith December 16, 2022, MOD and Orders DOC 273, 274. Trustee did not challenge Judge Smith "Remand" Order entered May 15, 2024, DOC 393, 394. Houser Bros Co did not appeal the Orders. The Orders are final. There have been too many "do-overs" by very seasoned attorneys. This Chapter 7 case is now over three years old and remains open. Debtor should be entitled to her full homestead exemption without interference from the Trustee because he came up with a new theory. Debtor filed her final amended petition and schedules March 22, 2022. Debtor did not list her any Secured Interests because non exist. The Trustee should not be able to sell the personal property manufactured home if Houser Bros. Park Operators have not let debtor sell the home in place since 2019 and refuse to enter into a Space 376 Agreement and have an unprosecuted 1/2/2019 Unlawful Detainer case still open. There are overlapping issues with the State Court UD case set for 8/30/2024, 30-2019-01041423

# MEMORANDUM OF POINTS & AUTHORITIES

## Law of the Case

*2013 (September Term)*

United States v. Danylo, 73 M.J. 183 (the law of the case doctrine states that a trial court is bound by the ruling of a higher appellate court remanding the case).

*2010 (September Term)*

United States v. Savala, 70 M.J. 70 (when a party does not appeal a ruling, the ruling of the lower court normally becomes the law of the case).

(the law-of-the-case doctrine involves the exercise of appellate discretion rather than binding legal doctrine; the law-of-the-case doctrine does not preclude an appellate court from examining the legal ruling of a subordinate court in a case where the JAG has not certified the issue; however, such a court is reluctant to exercise this power and, as a rule, reserves it for those cases where the lower court's decision is clearly erroneous and would work a manifest injustice if the parties were bound by it).

*2007*

United States v. Erickson, 65 M.J. 221 (where neither party appeals a ruling of the court below, that ruling will normally be regarded as law of the case and binding upon the parties; where there is no appeal, a superior court will not review the lower court's ruling unless the lower court's decision is clearly erroneous and would work a manifest injustice if the parties were bound by it).

*2006*

United States v. Lewis, 63 M.J. 405 (where neither party appeals a ruling of the court below, that ruling will normally be regarded as law of the case and binding upon the parties).

(the law of the case doctrine is a matter of discretionary appellate policy and does not prohibit a higher appellate court from reviewing the ruling of the court below).

(the lower court's determination that there was unlawful command influence was the law of this case, and a higher appellate court will not review that determination where the government did not carry its burden of establishing that the ruling of lower court was clearly erroneous or that adhering to its ruling would create a manifest injustice).

United States v. Parker, 62 M.J. 459 (when a party does not appeal a ruling, the ruling of the lower court normally becomes the law of the case; the law-of-the-case doctrine, however, is a matter of appellate policy, not a binding legal doctrine; because the law-of-the-case doctrine is discretionary, it need not be applied when the lower court's decision is clearly erroneous and would work a manifest injustice).

(given the discretionary nature of the law-of-the-case doctrine, an appellate court will decline to apply it in a manner that would be contrary to the sound administration of justice).

(applying the law-of-the-case doctrine would be manifestly unjust under the circumstances of the present appeal where the Government had little incentive to appeal, where the decision of the court below was clearly erroneous, and where reliance on the doctrine would permit appellant to benefit from that erroneous ruling

and require a convening authority to provide appellant with the very relief that he had rejected on numerous occasions).

United States v. Wolford, 62 M.J. 418 (if instructional error is found and there are constitutional dimensions at play, the instructional claims must be tested for prejudice under the standard of harmless beyond a reasonable doubt; the inquiry for determining whether constitutional error is harmless beyond a reasonable doubt is whether, beyond a reasonable doubt, the error did not contribute to the accused's conviction or sentence).

(in this case, the military judge erred in his affirmative defense instruction with respect to sending, receiving, and reproducing child pornography by using the phrase "conveys the impression," language found by the Supreme Court to be unconstitutional; however, this error was harmless beyond a reasonable doubt where there was no evidence in the record of a possible affirmative defense and the defense counsel agreed that no instruction was needed).

United States v. Gaston, 62 M.J. 404 (the military judge's error in finding the accused guilty of a UA terminated by apprehension rather than a UA terminated by surrender was harmless as to sentencing where this change had no impact on the maximum authorized sentence in this case which was limited by the jurisdiction of a SPCM and where in arguing on sentencing, trial counsel did not focus on the nature of the accused's return to military control).

United States v. Gonzalez, 62 M.J. 303 (harmless beyond a reasonable doubt is a high standard, but it is not an impossible standard for the government to meet).

(the government's failure in a urinalysis drug use case to turn over a laboratory discrepancy report is error and will be treated as prejudicial error when the other available evidence does not constitute independent evidence of illegal drug use; where there is sufficient independent evidence of illegal drug use, the government's error may be treated as harmless).

(in this drug use case, the government's failure to turn over a laboratory discrepancy report was erroneous, but the error was harmless beyond a reasonable doubt where in addition to the positive drug test, the prosecution introduced independent evidence of drug use including evidence that appellant had drug paraphernalia associated with the drug both in his car and at his work station, that he had used this paraphernalia, that he admitted that he had attended at least one rave party and had fliers for thirteen rave parties in his car, and that he also admitted to prior drug use and to possession; although the missing discrepancy report may have raised some questions about the accuracy of the testing process at the lab, appellant's urine sample was subjected to four different tests, each of which showed positive for drug use; when the missing report is balanced with the evidence arrayed against appellant, the scales tip strongly in favor of his conviction; furthermore, although the discrepancy report was not produced, the defense counsel had sufficient information to attack the reliability of the laboratory testing process when during the cross-examination of the government expert, the defense counsel elicited testimony that approximately two percent of internal blind aliquots were reported as false positives or with other incorrect results; while the government's failure to produce the discrepancy report remains error, the evidence the defense would have introduced if it had the discrepancy report would have been to some degree cumulative of the overall false positive rate already in evidence; accordingly, it is unlikely that the missing discrepancy report would have had a substantial impact on the findings in light of the four different positive test results that were also in evidence).

(in this case, appellant did not receive ineffective assistance of counsel because there was no reasonable

probability that a missing laboratory discrepancy report would have produced a different result if counsel had requested a copy; there was enough independent evidence that appellant used the alleged drug that his counsel's failure to identify and request a copy of the report was not prejudicial; because appellant had not established that his counsel's performance prejudiced the outcome of his case, he had not established that his Sixth Amendment right to counsel was violated).

[United States v. Lonnette](), 62 M.J. 296 (if a servicemember on appeal alleges error in the application of a sentence that involves forfeitures, the servicemember must demonstrate that the alleged error was prejudicial; to establish prejudice, an appellant bears the burden of demonstrating that he or she was entitled to pay and allowances at the time of the alleged error).

(in this case, appellant failed to meet his burden of demonstrating that he was entitled to pay and allowances when the convening authority approved forfeiture of all pay and allowances after he was released from confinement; the critical data regarding entitlement to pay and allowances involves information that is well within the personal knowledge of members of the armed forces -- that is, the date of release from confinement, the commencement date of any voluntary excess leave, and the termination date of an obligated period of service; to the extent that a servicemember is unable to recall specific dates, the data normally is retained in military records; appellant has not alleged that he was unable to recall these dates, that he attempted to obtain the appropriate military records, or that he was unable to obtain access to any records; he has not provided the information necessary to determine whether he was entitled to pay and allowances on the pertinent dates; accordingly, he has not established prejudice under Article 59(a)).

(in this case, on the date appellant was released from confinement, his duty status was changed to present for duty; however, forty-five minutes later, he was placed on voluntary excess leave; a servicemember on voluntary excess leave is not entitled to pay and allowances; appellant has not presented any evidence that he subsequently entered a status for which he would have been entitled to pay and allowances; assuming that appellant was on active duty for forty-five minutes, the burden is on him to demonstrate that he was entitled to pay and allowances on that date, that forfeitures were erroneously taken, and that if there was error, it was prejudicial; appellant has not done so; the speculative possibility that appellant might have been entitled to an undefined amount of pay and allowances on a single day is not sufficient to establish prejudice under Article 59(a)).

[United States v. Capers](), 62 M.J. 268 (with respect to an error in an SJA's post-trial recommendation, the prejudice prong involves a relatively low threshold -- a demonstration of some colorable showing of possible prejudice; although the colorable showing threshold is low, the prejudice must bear a reasonable relationship to the error, and it must involve a reasonably available remedy).

(given his inability to identify a reasonably available alternative remedy related to the SJA's erroneous advice with respect to forfeitures, appellant failed to make a colorable showing of possible prejudice).

[United States v. Rosenthal](), 62 M.J. 261 (error in failing to submit post-trial clemency matter is tested for prejudice; because clemency is a highly discretionary Executive function, there is material prejudice to the substantial rights of an appellant if there is an error and the appellant makes some colorable showing of possible prejudice; appellant's unrebutted affidavit provides evidence relevant to clemency regarding changes in appellant's circumstances during the two-year period between the convening authority's first and second actions; appellant stated that he had matured, ceased his drug use, was studying for a commodity broker's license, and wished to stay in the Marine Corps; the decision as to whether any or all of these matters would warrant clemency is a matter committed to the discretion of the convening authority under Article 60(c), UCMJ, 10 USC § 860(c), and RCM 1107; for purpose of this appeal, appellant has demonstrated a colorable

showing of possible prejudice).

*2002*

[United States v. Alameda](), 57 MJ 190 (where government has not contested holding by court below held that certain evidence was not sufficiently connected to appellant to be relevant, and where reviewing court is satisfied that it is not clearly erroneous, nor would it work a manifest injustice if the parties were bound by it, the holding by the court below is the law of the case).

*2000*

[United States v. George](), 52 MJ 259 (where court below concluded that military judge erred, and the government conceded that the prosecution committed constitutional error by smuggling hearsay into the sentencing proceeding, the lower court's conclusion that the military judge erred is the law of the case).

*1999*

[United States v. Riley](), 50 MJ 410 (where Court of Criminal Appeals found evidence factually insufficient to support conviction of unpremeditated murder, lesser offenses relying on theory of culpability not presented to the trier of fact may not be affirmed as a matter of due process).

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 16222 MONTEREY LANE UNIT 378 HUNTINGTON BEACH, CA 92649

A true and correct copy of the foregoing document entitled (*specify*): DEBTOR'S NOTICE OF OPPOSITION AND OPPOSITION TO TRUSTEE'S APPLICATION TO EMPLOY REAL ESTATE BROKERS CALDWELL BANKER , SPACE 376 2014 SKYLINE MANUFACTURED HOME LBM1981; MEMORANDUM OF POINTS AND AUTHORITIES AND REQUEST FOR JUDICIAL NOTICE IN SUPPORT THEREOF will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) July 17, 2024 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page.

**2. SERVED BY UNITED STATES MAIL**: On July 17, 2024 I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by causing to be placed a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page.

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

July 17, 2024          Joseph Clark                         /s/ Joseph Clark
Date                   Printed Name                         Signature

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                F 9013-3.1.PROOF.SERVICE
097

## ADDITIONAL SERVICE INFORMATION

### 1. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")

Bradford Barnhardt on behalf of Interested Party Courtesy NEF
bbarnhardt@marshackhays.com, bbarnhardt@ecf.courtdrive.com,kfrederick@ecf.courtdrive.com

Bradford Barnhardt on behalf of Plaintiff Houser Bros. Co.
bbarnhardt@marshackhays.com, bbarnhardt@ecf.courtdrive.com,kfrederick@ecf.courtdrive.com

Aaron E. DE Leest on behalf of Trustee Jeffrey I Golden (TR)
adeleest@DanningGill.com, danninggill@gmail.com;adeleest@ecf.inforuptcy.com

Robert P Goe on behalf of Creditor The Huntington Beach Gables Homeowners Association
kmurphy@goeforlaw.com, rgoe@goeforlaw.com;goeforecf@gmail.com

Robert P Goe on behalf of Plaintiff The Huntington Beach Gables Homeowners Association
kmurphy@goeforlaw.com, rgoe@goeforlaw.com;goeforecf@gmail.com

Jeffrey I Golden (TR)
lwerner@go2.law, jig@trustesolutions.net;kadele@go2.law

D Edward Hays on behalf of Creditor Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates
ehays@marshackhays.com,
ehays@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com

D Edward Hays on behalf of Interested Party Courtesy NEF
ehays@marshackhays.com,
ehays@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com

D Edward Hays on behalf of Plaintiff Houser Bros. Co.
ehays@marshackhays.com,
ehays@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com

Brandon J Iskander on behalf of Creditor The Huntington Beach Gables Homeowners Association
biskander@goeforlaw.com, kmurphy@goeforlaw.com

Brandon J Iskander on behalf of Plaintiff The Huntington Beach Gables Homeowners Association
biskander@goeforlaw.com, kmurphy@goeforlaw.com

Eric P Israel on behalf of Trustee Jeffrey I Golden (TR)
eisrael@DanningGill.com, danninggill@gmail.com;eisrael@ecf.inforuptcy.com

Laila Masud on behalf of Creditor Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates
lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com

Laila Masud on behalf of Interested Party Courtesy NEF
lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                    F 9013-3.1.PROOF.SERVICE

008

Laila Masud on behalf of Plaintiff Houser Bros. Co.
lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com

Mark A Mellor on behalf of Defendant Randall L Nickel
mail@mellorlawfirm.com, mellormr79158@notify.bestcase.com

Mark A Mellor on behalf of Interested Party Courtesy NEF
mail@mellorlawfirm.com, mellormr79158@notify.bestcase.com

Valerie Smith on behalf of Interested Party Courtesy NEF
claims@recoverycorp.com

United States Trustee (SA)
ustpregion16.sa.ecf@usdoj.gov

2. **SERVED BY U.S. MAIL**

The Honorable Scott C. Clarkson U.S. Bankruptcy Court
411 W. Fourth Street, Suite 5130 Santa Ana, CA  92701

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                              F 9013-3.1.PROOF.SERVICE