JAMIE LYNN GALLIAN
16222 Monterey Lane Unit 376
Huntington Beach, CA 92649
(714) 321-3449
jamiegallian@gmail.com

Debtor, In Pro Se

**UNITED STATES BANKTUPTCY COURT**

**CENTER DISTRICT OF CALIFORIA – SANTA ANA DIVISION**

| | |
|---|---|
| **IN RE** | CASE NO: 8:21-bk-11710-SC |
| **JAMIE LYNN GALLIAN** | CHAPTER 7 |
| **DEBTOR** | DATE 7/30/2024 |
| | TIME: 11:00a |
| | PLACE: 5C VIA ZOOM |
| | 411 EAST FOURTH STREET, |
| | SANTA ANA, CA 92701 |
| | |
| | **REQUEST FOR JUDICIAL NOTICE PURSUANT TO FED. R. EVID. 201(B)(2);** |
| | **MEMORANDUM OF POINTS & AUTHORITIES CAL. COM. CODE §17707.08; DECL. OF JAMIE LYNN GALLIAN ISO FILED UNDER SEPARATE COVER WITH EXHIBITS ; ORDER ENTERED 5/15/2024, DOCKET 383, HONORABLE ERITHE A. SMITH, GRANTING DEBTOR HOMESTEAD EXEMPTION §704.720; §704.930;** |

REQUEST FOR JUDICIAL NOTICE PURSUANT TO FED. R. EVID. 201(B)(2); MEMORANDUM OF POINTS & AUTHORITIES CAL. COM. CODE §17707.08; DECL. OF JAMIE LYNN GALLIAN ISO FILED UNDER SEPARATE COVER WITH EXHIBITS ; ORDER ENTERED 5/15/2024, DOCKET 383, HONORABLE ERITHE A. SMITH, GRANTING DEBTOR HOMESTEAD EXEMPTION §704.720; §704.930;  - 1

**TO THE HONORABLE SCOTT C. CLARKSON, UNITED STATES**

**BANKRUPTCY JUDGE, UNITED STATES TRUSTEE AND ALL INTERESTED**

**PARTIES**

**STATEMENT OF THE ISSUE:**

**A.     Trustee's Fraudulent Transfer Adversary Action 8:23-01064-SC
to Recover Debtor's Property Determined [Not] To Be Part of Debtor's
Bankruptcy Estate On Petition Date; Orders entered by Honorable Erithe A.
Smith DOC 273, 284, 383;**
**Trustee's Fraudulent Transfer Adversary Action 8:23-01064-SC
Against Cancelled Entities,, California Secretary of State J-Pad, LLC and J-
Sandcastle Co. November 22, 2021. DOC 77**
**That Impact Of Trustee's Action(s) on Debtors Automatic Homestead**

On June 30, 2023, Trustee filed a "Complaint: (1) to Avoid and alleged Recover

Fraudulent Transfers; (2) to Avoid and Recover Post-petition Transfers; (3) for Declaratory

Relief; (4) for Breach of Contract; (5) for Money Had and Received; and (6) Unjust Enrichment"

("Trustee's Complaint"), against cancelled entities with California Secretary of State effective

November 22, 2021, (Docket 77) J-Sandcastle Co. LLC, J-Pad LLC, respectively.

Additionally, Debtor's three sons and granddaughter, Steven D. Gallian, Brian J. Gallian, Justin

Barclay, E.J. Gallian, Ronald Pierpont, and Robert McLelland. A true and correct copy of

Trustee's Complaint is attached to the Gallian Declaration as Exhibit ___.

The filing of Trustee's Complaint commenced Golden v. J-Sandcastle Co., LLC et al., Adversary

Proceeding No. 8:23-ap-01064-SC.

The Trustee alleges, the Transfers sought to be avoided first occurred in November 2018. The

statute of limitations on a fraudulent transfer action is generally four years.

REQUEST FOR JUDICIAL NOTICE PURSUANT TO FED. R. EVID. 201(B)(2); MEMORANDUM OF POINTS
& AUTHORITIES CAL. COM. CODE §17707.08; DECL. OF JAMIE LYNN GALLIAN ISO FILED UNDER
SEPARATE COVER WITH EXHIBITS ; ORDER ENTERED 5/15/2024, DOCKET 383, HONORABLE ERITHE
A. SMITH, GRANTING DEBTOR HOMESTEAD EXEMPTION §704.720; §704.930;  - 2

Because the transfers Trustee seeks to be avoided started in November 1, 2018, and the four-year

limitations would be October 31, 2022, well past the date on such claims by Trustee especially

against a J-Sandcastle Co LLC and J-Pad, LLC, Cancelled entities with the California Secretary

of State November 22, 2021.

JAMIE LYNN GALLIAN, ("Debtor") requests this Honorable Court take judicial

notice of several documents, including:

1. **Docket 77 03/16/2022 CASE NO. 8:21-bk-11710-SC**

**Entity Name:  J-PAD, LLC, - Termination - Certificate of Cancellation,**

File Date 11/22/2021; Entity (File) Number 201804010750.  *See Decl. Jamie Lynn*

*Gallian EX:  ____.*

2. **Docket 29 3/16/2022 CASE NO. 8:21-ap-01096-SC**

**Entity Name:  J-PAD, LLC, - Termination - Certificate of Cancellation,**

File Date 11/22/2021; Entity (File) Number 201804010750.  *See Decl. Jamie Lynn*

*Gallian EX:  ___*

3. **Docket 318, Page 28, 02/01/2023 CASE NO. 8:21-bk-11710-SC**

**Entity Name:  J-PAD, LLC, - Termination - Certificate of Cancellation,**

File Date 11/22/2021; Entity (File) Number 201804010750.

Copy of Certificate of Cancellation filed [within] the Trustee's own pleading as exhibit 4,

almost 5 months [before] Trustee filed Trustee's Adversary Complaint on June 30, 2023

against Defendant J-Pad, LLC a Cancelled entity Docket 1 8:23-ap-01064-SC

*See Decl. Jamie Lynn Gallian **EX:** ____*

   4. **Docket 29, 03/16/2022 CASE NO. 8:21-ap-01096-SC**

**Entity Name: J-SANDCASTLE CO LLC**-Termination - **Certificate of Cancellation**

File Date: 11/22/2021; Entity (File) Number: 201829810053.

Records within Case No. 8:21-ap-01096-SC Docket 29, Page 6.

Proof of Service (NEF), Pg. 8,; Jeffrey I. Golden (TR)

See Declaration of Jamie Lynn Gallian EX:____

   Confirmation of the above by using the California Secretary of State public

website, readily available to the Chapter 7 Trustee and his attorney's prior to filing any

pleadings against Defendants J-Pad, LLC and J-Sandcastle Co LLC, two Cancelled

entities Trustee and his counsel were aware of.  By filing numerous Request For Default

on Cancelled entities who could not defend or be part of the Pllaintiff Trustee Adversary

Complaint,  Trustee and his attorney's Danning, Gill, Israel & Krasnoff knew beforehand

would cause harm and detrimentally affect Debtors' right to her full awarded Claimed

Homestead proceeds for shelter for herself and her family [after years of this pro se

Debtor's efforts to protect her homestead, was she finally granted her full homestead].

Docket 273, 274, 394. *Decl. Jamie Lynn Gallian EX:____*

   Additionally, 5 months before the Chapter 7 Trustee Adv. And other pleadings, he

and his attorneys Danning, Gill, Israel & Krasnoff LLP were aware of California

Secretary of State, Cancellation of J-Pad, LLC prior to the filing of Trustee Adversary

REQUEST FOR JUDICIAL NOTICE PURSUANT TO FED. R. EVID. 201(B)(2); MEMORANDUM OF POINTS
& AUTHORITIES CAL. COM. CODE §17707.08; DECL. OF JAMIE LYNN GALLIAN ISO FILED UNDER
SEPARATE COVER WITH EXHIBITS ; ORDER ENTERED 5/15/2024, DOCKET 383, HONORABLE ERITHE
A. SMITH, GRANTING DEBTOR HOMESTEAD EXEMPTION §704.720; §704.930;  - 4

Complaint (as Trustee's own filing, (docket 318) included a copy of J-Pad-LLC

California Secretary of State,  Certificate of Cancellation as Exhibit 4,  Docket No. 318,

2/1/2023, filed in the main bk case 8:21-bk-11710-SC).

Trustee and his professionals knowingly and willing conspired to cause the most

severe heart retching pain to this mother's heart, by his egregious actions involving

debtors family, her precious three sons, granddaughter, ex-husband and an endearing

friend, accusations based on filing false information that devasted the family relationship,

caused Debtors sons, Justin, Brian, Steven, to spend thousands of dollars on an attorney

and debtors best friend of over 15 years Robert McLelland, to spend thousand of dollars

to hire an attorney and continued to perpetrate  and continue the false filings related to the

false Causes of Action against all the defendants, but against two Cancelled entities J-

Pad, LLC and J-Sandcastle Co LLC for his own benefit, up to three years after Debtor

filed for bankruptcy protection under Chapter 7.  Knowing that the only way to recover

his administrative costs for himself and his attorneys, Trustee Jeffrey I. Golden and his

attorneys, Danning, Gill, Israel & Krasnoff, conspired willfully and knowingly to file a

false Adversary Complaint, in Federal Court, Case No. 8:23-ap-01064-SC Docket 1,

pursuant to 11 U.S.C. §§ 542, 544, 548, 549, 550 and 551 and Rule 7001 of the Federal

Rules of Bankruptcy Procedure presented false pleadings to this Court which the Court

depended on from Officers of the Court, for making its ruling And did nothing to correct

the record or stop the harm caused to Debtor and her sons Justin, Brian and Steven and

REQUEST FOR JUDICIAL NOTICE PURSUANT TO FED. R. EVID. 201(B)(2); MEMORANDUM OF POINTS
& AUTHORITIES CAL. COM. CODE §17707.08; DECL. OF JAMIE LYNN GALLIAN ISO FILED UNDER
SEPARATE COVER WITH EXHIBITS ; ORDER ENTERED 5/15/2024, DOCKET 383, HONORABLE ERITHE
A. SMITH, GRANTING DEBTOR HOMESTEAD EXEMPTION §704.720; §704.930;  - 5

loss of their money for an unnecessary attorney to defend them.

**STATE BAR OF CALIFORNIA**

**Rule 3.3 Candor Toward the Tribunal\***

**(Rule Approved by the Supreme Court, Effective November 1, 2018)**

(a) A lawyer shall not:

   (1) knowingly\* make a false statement of fact or law to a tribunal\* or fail to

correct a false statement of material fact or law previously made to the

tribunal\* by the lawyer;

   (2) fail to disclose to the tribunal\* legal authority in the controlling

jurisdiction known\* to the lawyer to be directly adverse to the position of the

client and not disclosed by opposing counsel, or knowingly\* misquote to a

tribunal\* the language of a book, statute, decision or other authority; or

*See Decl. Jamie Lynn Gallian EX.____*

## **MEMORANDUM OF POINTS & AUTHORITIES**

   Courts may take judicial notice of any fact not subject to reasonable dispute that

can be immediately and accurately determined by reliable sources. Fed. R. Evid.

201(b)(2).  Pursuant to this rule, courts frequently take judicial notice of public filings,

including documents filed with secretaries of state. See, e.g., Hall v. Live Nation

Worldwide, Inc., 146 F. Supp. 3d 1187, 1192 (C.D. Cal. 2015) (taking judicial notice of

merger documents filed with the Delaware Secretary of State).

**FACTUAL BACKROUND**

      The Chapter 7 Trustee Jeffrey Golden, and his attorney Danning, Gill, Israel and Krasnoff, LLP filed a false adversary complaint Case No. 8:23-ap-01064-SC ("Complaint") Docket 1, against several Defendant(s) including J-Pad, LLC and J-Sandcastle Co LLC, cancelled entities, California Secretary of State, on or about June 30, 2023, with service of the complaint(s) by U.S. Mail, on the Managing Member of J-Pad, LLC and J-Sandcastle Co. LLC, Jamie Lynn Gallian without adding the managing member as the proper party of a Cancelled LLC complaint.

      Ms. Gallians' due process was severely impacted as a result of Trustees complaint and the effect of improper Service because J-Pad, LLC and J-Sandcastle Co LLC are cancelled LLCs, and therefore cannot be joined in Plaintiff's Adversary Complaint. *See* Cal. Com. Code § 17707.08(c).

      The bankruptcy court record reflects that J-Pad, LLC and J-Sandcastle Co LLC were cancelled LLCs in California on November 22, 2021, Docket 77, before Plaintiff, Chapter 7 Trustee, Jeffrey Golden served both complaint(s) on J-Pad, LLC and J-Sandcastle Co LLC, by US mail on or about July 6, 2023.

      J-Pad, LLC, and J-Sandcastle Co. LLC filed a certificate of cancellation with the California Secretary of State in November 2021. Decl. Jamie Lynn Gallian, Ex. _____

      Plaintiff served J-Pad, LLC on or about July 6, 2023. Gallian Decl., Ex. ___.

Service was improper because J-Pad, LLC and J-Sandcastle Co. LLC are cancelled

LLCs, and therefore cannot be joined to Plaintiff's Adversary action.

The bankruptcy case record reflects that J-Pad, LLC and J-Sandcastle Co

LLC became cancelled LLCs in its domiciles before Plaintiff served his complaint

improperly and ineffectively to join J-Pad and J-Sandcastle Co LLC.

J-Pad, LLC filed a certificate of cancellation with the California Secretary

of State on November 22, 2021.  Gallian Decl., Ex. ___.  J-Sandcastle Co LLC filed a

certificate of cancellation with the California Secretary of State on November 22, 2021.

According to California State's Secretary of State's website. *See* St. of CA. Entity

Search, https://icis.corp.california.gov/ecorp/entitysearch/namesearch.aspx.

## MEMORANDUM, POINTS & AUTHORITIES

Federal Rule of Civil Procedure 17 states that courts should rely on the "law of the

state where the court is located" to determine whether an LLC can sue or be sued. Fed R.

Civ. P. 17(b)(3).  California law therefore controls the determination.

Based on two decisions from courts in this District interpreting California law,

cancelled LLCs are incapable of suing or being sued. *See Best Tire & Serv. Ctrs., LLC v.

Goodyear Tire & Rubber Co.*, 2017 WL 1017642, at *3 (C.D. Cal. Feb. 14, 2017);

*Mirshafiei v. Legal Recovery Law Officers, Inc.*, 2016 WL 11464745, at *6 (C.D. Cal.

Oct. 5, 2016). But both *Best Tire* and *Mirshafiei* concerned actions by or against LLCs

that became cancelled before January 1, 2016, when material amendments to California's

REQUEST FOR JUDICIAL NOTICE PURSUANT TO FED. R. EVID. 201(B)(2); MEMORANDUM OF POINTS
& AUTHORITIES CAL. COM. CODE §17707.08; DECL. OF JAMIE LYNN GALLIAN ISO FILED UNDER
SEPARATE COVER WITH EXHIBITS ; ORDER ENTERED 5/15/2024, DOCKET 383, HONORABLE ERITHE
A. SMITH, GRANTING DEBTOR HOMESTEAD EXEMPTION §704.720; §704.930;  - 8

corporate code had not yet taken effect. *Best Tire*, 2017 WL 1017642 at *2 (LLC

cancelled in 2014); *Mirshafiei*, 2016 WL 11464745 at *6 (LLC cancelled as of 2014).

Prior to 2016, an LLC that had filed a certificate of *dissolution* still existed in order

to, *inter alia*, wind up its affairs and "prosecute and defend certain actions by or against it."

Cal. Corp. Code § 17707.06 (effective Jan. 1, 2014 to Dec. 31, 2015).

In contrast, once an LLC filed a certificate of *cancellation*, the "limited liability

company [is] cancelled and its powers, rights, and privileges shall cease." Cal. Corp. Code

§ 17707.08(c).  In other words, prior to 2016, California law distinguished between

dissolved and cancelled LLCs: the former could, in some circumstances, sued and be sued,

while the latter could not.

California Legislature amended the corporate code such that, as of January 1, 2016,

an LLC that has filed a certificate of *cancellation* "nevertheless continues to exist for the

purpose of winding up its affairs [and] prosecuting and defending actions by or against it

in order to collect and discharge obligations ...."  Cal. Corp. Code § 17707.06(a) (effective

Jan. 1, 2016).  However, the Legislature left unamended section 17707.08, which still

indicates that cancelled LLCs have no right to participate in litigation under any

circumstances. Cal. Corp. Code § 17707.08(c).

Before the amendment, the California Court of Appeal held that "[a] non-existent

entity may not be effectively served with summons as a named defendant." *Omega Video

Inc. v. Superior Court*, 146 Cal. App. 3d 470, 477 (1983).  If a cancelled LLC can

REQUEST FOR JUDICIAL NOTICE PURSUANT TO FED. R. EVID. 201(B)(2); MEMORANDUM OF POINTS
& AUTHORITIES CAL. COM. CODE §17707.08; DECL. OF JAMIE LYNN GALLIAN ISO FILED UNDER
SEPARATE COVER WITH EXHIBITS ; ORDER ENTERED 5/15/2024, DOCKET 383, HONORABLE ERITHE
A. SMITH, GRANTING DEBTOR HOMESTEAD EXEMPTION §704.720; §704.930;  - 9

"continue to exist" for purposes of winding up, the inverse inference is that it ceases to exist for all other purposes in light of section 17707.08(c).

Since the Trustee's adversary case does not concern J-Pad, LLC or J-Sandcastle Co LLC winding up, pre-amendment authority, such as *Omega Video, Best Tire & Serv. Ctrs.*, and *Mirshafieito,* suggest that J-Pad LLC and J-Sandcastle Co LLC  did not exist for purposes of service of process of the Trustee's Adversary Complaint.

Review of post-amendment case law has not revealed any decision from any court that directly addresses the seemingly contradictory provisions in sections 17707.06(a) and 17707.08(c).

The Bankruptcy Court must therefore turn to canons of statutory interpretation to reconcile them, to the extent that the amendment has affected the continued validity of the pre-amendment authority cited above.

The "general/specific" canon dictates that courts should give effect to narrowly-drawn statutory provisions when they conflict with more general provisions. *See Brown v. Gen. Servs. Admin.*, 425 U.S. 820, 834 (1976).  Applied to this case, the rule suggests that the Bankruptcy Court should effectuate the newly-amended section 17707.06, as it more specifically pertains to whether a cancelled LLC may sue or be sued. *Compare* Cal. Corp. Code § 17707.06(a) (stating that a cancelled LLC continues to exist for the specific purpose of "prosecuting and defending actions by or against it"), *with* Cal. Corp. Code § 17707.08(c) (stating more generally that a cancelled LLC loses its "powers,

rights, and privileges"). Multiple other canons, however, militate against applying section 17707.06 at the expense of 17707.08.

Whenever possible, courts should enforce statutes in a way that harmonizes them rather than places them in conflict. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997) (courts should "accord more coherence" to disparate statutory provisions where possible); *See also* Antonin Scalia & Bryan Garner, *Reading Law: The Interpretation of Legal Texts* 189 (2012) (detailing the "Harmonious-Reading Canon"). Permitting section 17707.06 to entirely supplant section 17707.08's mandate that cancelled LLCs forfeit all rights and privileges would run counter to this canon.

Reading the two sections not as mutually exclusive provisions, but as components of a larger statutory framework, is helpful in avoiding that result. *See United States v. Morton*, 467 U.S. 822, 828 (1984) ("We do not ... construe statutory phrases in isolation, we read them as a whole."); Scalia & Garner, *supra*, at 167 (describing the "Whole-Text Canon"). Section 17707.06's terms make clear that it relates primarily to the "winding up" of a cancelled LLC's affairs and assets. *See* Cal. Corp. Code § 17707.06(a) ("A limited liability company that has filed a certificate of cancellation nevertheless continues to exist *for the purpose of winding up its affairs* [and] prosecuting and defending actions by or against it in order to collect and discharge obligations .... A limited liability company *shall not continue business except so far as necessary for its winding up.*") (emphasis added). It is therefore possible to read section 17707.06(a) as

REQUEST FOR JUDICIAL NOTICE PURSUANT TO FED. R. EVID. 201(B)(2); MEMORANDUM OF POINTS & AUTHORITIES CAL. COM. CODE §17707.08; DECL. OF JAMIE LYNN GALLIAN ISO FILED UNDER SEPARATE COVER WITH EXHIBITS ; ORDER ENTERED 5/15/2024, DOCKET 383, HONORABLE ERITHE A. SMITH, GRANTING DEBTOR HOMESTEAD EXEMPTION §704.720; §704.930;  - 11

announcing the following narrow exception to section 17707.08(c)'s broader rule:

cancelled LLCs lose all rights and privileges, except that they may participate in lawsuits

for the purpose of winding up their affairs.

Additionally, where statutory language is ambiguous or contested, courts should

favor a construction that furthers the apparent purpose of the enacting legislature.

*See* William N. Eskridge, Jr. et al., *Cases and Materials on Legislation and Regulation:*

*Statutes and the Creation of Public Policy* 1210 (5th ed. 2014) (articulating the

importance of purposive construction).

It appears that the California Legislature amended section 17707.06 to clarify

when a dissolution occurs (rather than to clarify the scope of an LLC's rights after

cancellation). *See* Rutter Group Cal. Prac. Guide Pass-Through Entities, at ¶ 6:822

("The amendment [to section 17707.06] was requested by the [California] Secretary of

State, apparently out of concern over when a dissolution occurs ...."). This context

suggests that the Court should limit section 17707.06's application to cases concerning an

LLC's dissolution or "winding up" process.

With the context and purpose of section 17707.06 in mind, it would be

inappropriate to construe the 2016 amendment broadly to fundamentally alter all LLCs'

rights after cancellation.  Instead, a narrower reading of 17707.06 is appropriate:

a cancelled LLC may sue or be sued, but only where such litigation concerns the winding

up of an LLC's affairs] or the question of when or whether an LLC was dissolved or

REQUEST FOR JUDICIAL NOTICE PURSUANT TO FED. R. EVID. 201(B)(2); MEMORANDUM OF POINTS
& AUTHORITIES CAL. COM. CODE §17707.08; DECL. OF JAMIE LYNN GALLIAN ISO FILED UNDER
SEPARATE COVER WITH EXHIBITS ; ORDER ENTERED 5/15/2024, DOCKET 383, HONORABLE ERITHE
A. SMITH, GRANTING DEBTOR HOMESTEAD EXEMPTION §704.720; §704.930;  - 12

cancelled. The Trustee's adversary complaint is not such a case. Instead, this case arises

out of a dispute_____

*See* Complaint at ¶¶ _____. Further, there can be no dispute as to when J-Pad, LLC and J-

Sandcastle Co LLC were cancelled, as publicly available documents make clear J-Pad,

LLC and J-Sandcastle Co LLC were cancelled in November of 2021 in California.  *See*

Gallian Decl., Ex.__; St. of California. Entity Search,

https://icis.corp.california.gov/ecorp/entitysearch/namesearch.aspx.

## **CONCLUSION**

Therefore request is respectfully made to conclude:

1.      The Court lacked jurisdiction.

2.      The Trustee Jeffrey Golden (TR) willfully and knowingly violated Cal.

Com. Code section §17707.08(c);

3.      Find that Cal. Com. Code § 17707.08(c) controls and;

4.       J-Pad, LLC and J-Sandcastle Co LLC had no ability to participate in the

REQUEST FOR JUDICIAL NOTICE PURSUANT TO FED. R. EVID. 201(B)(2); MEMORANDUM OF POINTS
& AUTHORITIES CAL. COM. CODE §17707.08; DECL. OF JAMIE LYNN GALLIAN ISO FILED UNDER
SEPARATE COVER WITH EXHIBITS ; ORDER ENTERED 5/15/2024, DOCKET 383, HONORABLE ERITHE
A. SMITH, GRANTING DEBTOR HOMESTEAD EXEMPTION §704.720; §704.930;  - 13

Trustee's Adversary action and were not properly served.  *See* Cal. Com. Code §

17707.08(c).

5.      Jamie Lynn Gallian, was a necessary party to the Trustee's Adversary

Complaint because the Trustee was trying to get something from cancelled entities and;

6.      Jamie Lynn Gallian due process rights were violated because Trustee

entered defaults against cancelled entities, therefore he believed he could take Jamie

Lynn Gallian's Homestead Exemption from her, therefore enriching his own pockets

unlawfully.

Signed this 19th day of July, 2024, at Huntington Beach, CA County of Orange

DATED: JULY 19, 2024,

*Jamie Lynn Gallian*
_____
JAMIE LYNN GALLIAN
Debtor, In Pro Se

REQUEST FOR JUDICIAL NOTICE PURSUANT TO FED. R. EVID. 201(B)(2); MEMORANDUM OF POINTS
& AUTHORITIES CAL. COM. CODE §17707.08; DECL. OF JAMIE LYNN GALLIAN ISO FILED UNDER
SEPARATE COVER WITH EXHIBITS ; ORDER ENTERED 5/15/2024, DOCKET 383, HONORABLE ERITHE
A. SMITH, GRANTING DEBTOR HOMESTEAD EXEMPTION §704.720; §704.930;  - 14

EXHIBIT A

Case 8:21-bk-11710-SC    Doc 407    Filed 07/19/24    Entered 07/22/24 09:30:05    Desc
Case 8:21-bk-11710-SC    Main Document    Page 16 of 108    Entered 05/17/24 21:22:13    Desc
Imaged Certificate of Notice    Page 3 of 9

FILED & ENTERED

MAY 15 2024

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY jle          DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SANTA ANA DIVISION

In re

**JAMIE LYNN GALLIAN**

Debtor,

8:23-CV-00001-DSF
Case No. 8:21-bk-11710-SC

Chapter: 7

**ORDER REGARDING "ORDER REVERSING THE ORDER OF THE BANKRUPTCY COURT AND REMANDING FOR FURTHER PROCEEDINGS" ENTERED BY THE DISTRICT COURT ON NOVEMBER 1, 2023**

On December 29, 2022, Houser Bros. Co. dba Rancho Del Rey Mobile Estates ("Houser Bros.) appealed this Court's Order Granting Debtor's Motion for Reconsideration of the Court's August 5, 2022 Order Sustaining Objection to Debtor's Homestead Exemption entered on December 19, 2022 ("Reconsideration Order") in the above referenced bankruptcy case. Houser Bros. elected to have its appeal heard by the United States District Court ("District Court"). On November 1, 2023, the District Court entered its Order Reversing the Order of the Bankruptcy Court and Remanding for Further Proceedings ("Reversal Order").

Case 8:21-bk-11710-SC    Doc 407    Filed 07/19/24    Entered 07/22/24 09:30:05    Desc
Case 8:21-bk-11710-SC    Main Document    Filed 05/17/24    Page 1 of 9    Entered 05/17/24 21:22:13    Desc
Imaged Certificate of Notice    Page 4 of 9

The Reversal Order directs this Court to issue findings concerning 1) the nature of the Debtor Jamie Lynn Gallian's ("Debtor") interest in the 2014 Skyline Custom Villa manufactured home located at 16222 Monterey Lane, Unit 376, Huntington Beach, California (the "Property"), including whether Debtor ever acquired (and retained) an equitable interest in the Property, and 2) whether title was transferred to her prior to the date the bankruptcy petition was filed.  The within findings constitute the Court's response to the remand directive of the Reversal Order.[1]

I.    Background

This matter involves a dispute over Debtor's claimed homestead exemption in the Property.  On or about November 1, 2018, Debtor purchased the Property from registered owner, Lisa Ryan ("Ryan") with proceeds Debtor received from the sale of her previous home. Debtor's Motion for Reconsideration at 15.  [Dkt. 157].  However, on this same date, Debtor caused Ryan to transfer the Certificate of Title regarding the Property to her single-member limited liability company, J-Sandcastle Co LLC ("Sandcastle"), which Certificate of Title was recorded by Debtor at the Department of Housing and Community Development on November 16, 2018.  *Id.* at 26; Houser Bros.' Motion Objecting to Debtor's Claimed Homestead Exemption, Exhs. 13 and 14 [Dkt 95].

A.    Houser Bros.'s Motion Objecting to Debtor's Claimed Homestead Exemption

On May 12, 2022, Houser Bros. filed its "Motion Objecting to Debtor's Claimed Homestead Exemption" (Homestead Motion").  [Dkt.95].  Various other parties joined in the Homestead Motion.  [Dkts. 98, 100].  The pleadings filed in support of the Homestead Motion focused primarily on the argument that Debtor did not hold legal title to the

---

[1] The underlying bankruptcy case was transferred to the Honorable Scott Clarkson on September 1, 2022 due to the retirement of the undersigned, Judge Erithe Smith, on October 29, 2022. However, as Judge Smith presided over the hearing on Debtor's Motion for Reconsideration and issued the Reconsideration Order in her capacity as a recalled bankruptcy judge (effective until October 31, 2024), she has authority and jurisdiction to issue the within findings.

1 Property as of the date the bankruptcy petition was filed, i.e., July 9, 2021 (the "Petition

2 Date") and, therefore, she was not entitled to claim a homestead exemption.

3      Debtor opposed the Homestead Motion, asserting that Sandcastle had transferred

4 its interest in the Property to her on or about February 25, 2021, prior to the Petition Date.

5 Debtor also argued that she was entitled to an automatic homestead exemption under

6 Cal. Civ. Proc. Code §§ 704.710(c) and 704.720(a) as she had continuously resided on

7 the Property since November 2018 through the Petition Date and had intended the same

8 to be her principal residence during such time.

9      The final hearing on the Homestead Motion was held on July 21, 2022.  At that

10 hearing, oral argument focused on the issue of legal ownership as of the Petition Date.

11 On August 5, 2022, this Court entered its Order Granting Houser Bros. Co. dba Rancho

12 Del Rey Mobile Home Estate's Motion Objecting to Debtor's Claimed Exemption in 16222

13 Monterey Lane, Space 376, Huntington Beach, CA 92649" [Dkt. 177] ("Homestead

14 Order") on the ground that Debtor did not hold legal title to the Property as of the Petition

15 and, therefore, was not entitled to a homestead exemption under Cal Civ. Pro. Code

16 §704.30.  This Court ruled that

17      . . . Debtor failed to meet her burden that the Property is

18      subject to exemption.  First, the HC records show that J-Sandcastle LLC,

19      not Debtor, was the owner of record, on the Petition Date.  As of June 7, 2021 –

20      about a month before the Petition Date – the Property's registered owner

21      was J-Sandcastle LLC, and the legal owners were Ron Pierpoint and J-Pad LLC.

22      Hays Decl., Ex. 17 at 142.

23 Homestead Order, Exh. 1 at 10.

24      The Court did not, however, rule on Debtor's claim to an automatic homestead

25 exemption under Cal. Civ. Proc. Code §§ 704.710(c) and 704.720(a).

26      B.  Debtor's Motion for Reconsideration of the Homestead Order

27      On July 26, 2022, Debtor filed her "Motion for Reconsideration of 7.21.22 Order

28

Case 8:21-bk-11710-SC    Doc 407    Filed 07/19/24    Entered 07/22/24 09:30:05    Desc
Case 8:21-bk-11710-SC    Main Document    Filed 05/17/24    Page 19 of 109    Entered 05/17/24 21:22:13    Desc
Imaged Certificate of Notice    Page 6 of 9

1  [sic] Sustaining Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates Objection to

2  Debtor's Claimed Homestead Objection, etc." ("Reconsideration Motion") [Dkt.157]. [2]

3  Debtor reiterated her claimed status as legal owner, as well as entitlement to an

4  automatic homestead exemption. Opposition pleadings to the Reconsideration Motion

5  were filed by Houser Bros. and other interested parties.

6          On December 19, 2022, this Court entered its Reconsideration Order on the

7  ground that Debtor was entitled to an automatic homestead exemption.  [Dkt 274].  Also

8  on December 19, 2022, the Court entered its "Memorandum of Decision Regarding

9  Debtor's Motion for Reconsideration of the Court's August 5, 2022 Order Sustaining

10  Objection to Debtor's Homestead Exemption ("Memorandum of Decision"). [Dkt. 273].[3]

11      II.      Findings in Response to the District Court's Reversal Order

12          A.  Did Debtor Have an Equitable Interest in the Property as of the Petition Date?

13          Yes.  This Court finds that, notwithstanding the fact that Sandcastle was the

14  registered owner and Ron Pierpont and J-Pad LLC were the legal owners of the Property,

15  Debtor held an equitable interest in the Property as of the date of the Petition that

16  satisfied the requirements for an automatic homestead exemption under Cal. Civ. Proc.

17  Code §§ 704.10(c) and 704.720(a).[4]

18          In In re Gilman, 887 F.3d 956-965 (9th Cir. 2018), the Ninth Circuit provides a clear

19  analysis of California's automatic homestead laws, to wit:

20                California provides for an 'automatic' homestead
          exemption. Cal. Civ. Proc. Code § 704.720(a). The automatic
21        homestead exemption protects a debtor 'who resides (or who is
          related to one who resides) in the homestead property at the time of
22        a forced judicial sale of the dwelling.' In re Anderson, 824 F.2d 754,

23  _____

[2] Debtor filed the Reconsideration Motion prior to the entry of the Homestead Order on August 5, 2022.

24
[3] The Memorandum of Decision was intended to serve as the Court's findings of fact and conclusions of

25  law in support of the Reconsideration Order and was incorporated by reference in the Reconsideration

26  Order.

[4] A "manufactured home together with the outbuildings and land upon which they are
27  situated" is eligible for a homestead exemption. Cal. Code Civ. Proc. § 704.710(a)(2)

28  (defining "dwelling").

Case 8:21-bk-11710-SC    Doc 407    Filed 07/19/24    Entered 07/22/24 09:30:05    Desc
Case 8:21-bk-11710-SC    Main Document    Filed 05/17/24    Page 20 of 109    Entered 05/17/24 21:22:13    Desc
Imaged Certificate of Notice    Page 7 of 9

757 (9th Cir. 1987); *see also Diaz*, 547 B.R. at 334 ("The filing of a bankruptcy petition constitutes a forced sale for purposes of the automatic homestead exemption.").

Under Cal. Civ. Proc. Code § 704.710(c), a 'homestead' is 'the principal dwelling (1) in which the judgment debtor or the judgment debtor's spouse resided on the date the judgment creditor's lien attached to the dwelling, and (2) in which the judgment debtor or the judgment debtor's spouse resided continuously thereafter until the date of the court determination that the dwelling is a homestead.' This "requires only that the judgment debtor *reside* in the property as his or her principal dwelling at the time the judgment creditor's lien attaches and continuously thereafter until the court determines the dwelling is a homestead." *In re Elliott*, 523 B.R. 188, 196 (BAP 9th Cir. 2014) (quoting *Tarlesson*, 184 Cal. App. 4th at 937, 109 Cal.Rptr.3d 319). It does not require that the debtor continuously own the property. *Id.*

To determine whether a debtor resides in a property for homestead purposes, courts consider the debtor's physical occupancy of the property and the intent to reside there. *Diaz*, 547 B.R. at 335; *Ellsworth v. Marshall*, 196 Cal.App. 2d 471, 474, 16 Cal.Rptr. 588 (1961) ('The physical fact of the occupancy and the intention with which the premises are occupied 'are both elements to be considered in determining the actual residence.') (quoting *Lakas v. Archambault*, 38 Cal.App. 365, 372, 176 P. 180 (1918)).

**California law rejects [the] argument that title to the property is necessary to claim a homestead exemption. For instance, *Tarlesson* held that 'judgment debtors who continuously reside in their dwellings retain a sufficient equitable interest in the property to claim a homestead exemption even when they have conveyed title to another'** 184 Cal.App. 4th at 937, 109 Cal.Rptr.3d 319. The court further noted that "[s]uch a result is consistent with the purpose of California's homestead exemption to protect one's dwelling against creditors." *Id.* Likewise, *Elliott* held that **conveyance to a third party does not defeat a debtor's right to an automatic exemption, 'because continuous residency, rather than continuous ownership,' controls the analysis**. 523 B.R. at 196.

(emphasis added)

According to the record, which is undisputed, Debtor used her own personal funds to purchase the Property. More importantly, it is also undisputed that Debtor has continuously resided on the Property since November 2018 through and beyond the Petition Date. Finally, there was no persuasive evidence presented by those in

Case 8:21-bk-11710-SC    Doc 407    Filed 07/19/24    Entered 07/22/24 09:30:05    Desc
Case 8:21-bk-11710-SC    Main Document    Filed 05/17/24    Page 21 of 109 05/17/24 21:22:13    Desc
Imaged Certificate of Notice    Page 8 of 9

1  opposition to the Reconsideration Motion to refute Debtor's position that she intended to

2  reside on the Property as her principal residence during the same period.  Accordingly,

3  this Court finds that by her continuous possession and use of the Property as her

4  principal residence since November 2018, Debtor held a sufficient equitable interest in

5  the Property to claim an automatic homestead exemption under Cal. Civ. Proc. Code

6  § 704.720(a). *Gilman*, 887 F.3d at 964; *Tarlesson,* 184 Cal. App. 4th at 937.

7       B.  Was Title Transferred to Debtor Prior to the Petition Date?

8       No. The Reconsideration Motion was granted solely on the basis of Debtor's

9  *equitable* interest in the Property.  The Reconsideration Order did not in any way alter,

10  change or modify the Court's finding in the Homestead Order regarding Debtor's lack of

11  *legal* title as of the Petition Date.  None of the evidence presented by Debtor in the

12  Reconsideration Motion persuaded the Court to reverse its finding in that regard.

13  Specifically, Debtor presented no credible evidence that the certificate of title showing

14  Sandcastle as the registered owner of the Property was transferred to her prior to the

15  Petition Date.  On the contrary, Houser Bros. presented documentation establishing that

16  a certificate of title showing Debtor as the new registered owner of the Property was not

17  issued until August 3, 2021, nearly a month after the Petition Date.  See Homestead

18  Motion, Hays Decl., Exh. 22 at 195.  Based on the record presented, the Court finds that

19  title to the Property was not transferred to Debtor prior to the Petition Date.

20  //

21  //

22  //

23  //

24  //

25  //

26  //

27  //

28  //

III.    Conclusion

The Court finds that Debtor held a sufficient equitable interest in the Property to claim an automatic homestead exemption under Cal. Civ. Proc. Code § 704.720(a).

###

Date: May 15, 2024

Erithe Smith
United States Bankruptcy Judge

7

Case 8:21-bk-11710-SC    Doc 394    Filed 05/17/24    Entered 05/17/24 21:22:13    Desc
Imaged Certificate of Notice    Page 1 of 9

United States Bankruptcy Court
Central District of California

In re:                                                                                    Case No. 21-11710-SC

Jamie Lynn Gallian                                                                        Chapter 7
    Debtor

# CERTIFICATE OF NOTICE

District/off: 0973-8                          User: admin                              Page 1 of 2
Date Rcvd: May 15, 2024                       Form ID: pdf042                          Total Noticed: 1

The following symbols are used throughout this certificate:

| Symbol | Definition |
|---|---|
| + | Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP. |

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on May 17, 2024:**

NONE

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|
| db | + Email/PDF: jamiegallian@gmail.com | May 16 2024 00:12:00 | Jamie Lynn Gallian, 16222 Monterey Ln Unit 376, Huntington Beach, CA 92649-2258 |

TOTAL: 1

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: May 17, 2024                    Signature:      /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on May 15, 2024 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| Aaron E. DE Leest | on behalf of Plaintiff Jeffrey I. Golden adeleest@DanningGill.com  danninggill@gmail.com;adeleest@ecf.inforuptcy.com |
| Aaron E. DE Leest | on behalf of Trustee Jeffrey I Golden (TR) adeleest@DanningGill.com  danninggill@gmail.com;adeleest@ecf.inforuptcy.com |
| Bradford Barnhardt | on behalf of Plaintiff Houser Bros. Co. bbarnhardt@marshackhays.com bbarnhardt@ecf.courtdrive.com,alinares@ecf.courtdrive.com |
| Bradford Barnhardt | on behalf of Interested Party Courtesy NEF bbarnhardt@marshackhays.com bbarnhardt@ecf.courtdrive.com,alinares@ecf.courtdrive.com |
| Brandon J. Iskander | |

District/off: 0973-8       User: admin       Page 2 of 2

Date Rcvd: May 15, 2024       Form ID: pdf042       Total Noticed: 1

|  |  |
|---|---|
|  | on behalf of Plaintiff The Huntington Beach Gables Homeowners Association biskander@goeforlaw.com kmurphy@goeforlaw.com |
| Brandon J. Iskander | on behalf of Creditor The Huntington Beach Gables Homeowners Association biskander@goeforlaw.com kmurphy@goeforlaw.com |
| D Edward Hays | on behalf of Creditor Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates ehays@marshackhays.com ehays@ecf.courtdrive.com;alinares@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com |
| D Edward Hays | on behalf of Interested Party Courtesy NEF ehays@marshackhays.com ehays@ecf.courtdrive.com;alinares@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com |
| D Edward Hays | on behalf of Plaintiff Houser Bros. Co. ehays@marshackhays.com ehays@ecf.courtdrive.com;alinares@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com |
| Eric P Israel | on behalf of Trustee Jeffrey I Golden (TR) eisrael@danninggill.com  danninggill@gmail.com;eisrael@ecf.inforuptcy.com |
| Jeffrey I Golden (TR) | lwerner@go2.law  jig@trustesolutions.net;kadele@go2.law;C205@ecfcbis.com |
| Laila Masud | on behalf of Plaintiff Houser Bros. Co. lmasud@marshackhays.com lmasud@ecf.courtdrive.com;lbuchanan@marshackhays.com;alinares@ecf.courtdrive.com |
| Laila Masud | on behalf of Creditor Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates lmasud@marshackhays.com lmasud@ecf.courtdrive.com;lbuchanan@marshackhays.com;alinares@ecf.courtdrive.com |
| Laila Masud | on behalf of Interested Party Courtesy NEF lmasud@marshackhays.com lmasud@ecf.courtdrive.com;lbuchanan@marshackhays.com;alinares@ecf.courtdrive.com |
| Mark A Mellor | on behalf of Interested Party Courtesy NEF mail@mellorlawfirm.com  mellormr79158@notify.bestcase.com |
| Mark A Mellor | on behalf of Defendant Randall L Nickel mail@mellorlawfirm.com  mellormr79158@notify.bestcase.com |
| Robert P Goe | on behalf of Creditor The Huntington Beach Gables Homeowners Association kmurphy@goeforlaw.com rgoe@goeforlaw.com;goeforecf@gmail.com |
| Robert P Goe | on behalf of Interested Party The Huntington Beach Gables Homeowners Association kmurphy@goeforlaw.com rgoe@goeforlaw.com;goeforecf@gmail.com |
| Robert P Goe | on behalf of Plaintiff The Huntington Beach Gables Homeowners Association kmurphy@goeforlaw.com rgoe@goeforlaw.com;goeforecf@gmail.com |
| Shantal Malmed | on behalf of Trustee Jeffrey I Golden (TR) smalmed@danninggill.com |
| Shantal Malmed | on behalf of Plaintiff Jeffrey I. Golden smalmed@danninggill.com |
| United States Trustee (SA) | ustpregion16.sa.ecf@usdoj.gov |
| Valerie Smith | on behalf of Interested Party Courtesy NEF claims@recoverycorp.com |

TOTAL: 23

EXHIBIT B

FILED & ENTERED

DEC 19 2022

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY mccall      DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>JAMIE LYNN GALLIAN,<br><br><br>Debtor. | Chapter 7<br><br>Case No. 8:21-bk-11710-SC<br><br>**MEMORANDUM OF DECISION REGARDING DEBTOR'S MOTION FOR RECONSIDERATION OF THE COURT'S AUGUST 5, 2022 ORDER SUSTAINING OBJECTION TO DEBTOR'S HOMESTEAD EXEMPTION**<br><br>Date:    September 22, 2022<br>Time:    10:00 a.m.<br>Place:   Courtroom 5A – via zoom |

On July 26, 2022, Jamie Lynn Gallian ("Debtor") filed "Debtors [sic] Notice of and

Motion for Reconsideration of 7.21.22 Order Sustaining Houser Bros. Co. DBA Rancho

Del Rey Mobile Home Estates [sic] Objection to Debtor's Claimed Homestead Exemption

and Joinder Parties Huntington Beach Gables HOA; Janine Jasso" [dkt # 157] (the

"Motion"). Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates ("Houser Bros")

filed a "Response to Debtor's Notice of and Motion for Reconsideration of 7.21.22 Order

Sustaining Houser Bros. Co. DBA Rancho Del Rey Mobile Home Estate's [sic] Objection

to Debtor's Claimed Homestead Exemption" [dkt # 170] (the "Response") on August 4, 2022. Jeffrey Golden, the Chapter 7 Trustee ("Trustee"), filed "Trustee's Joinder in Houser Bros. Co. DBA Rancho Del Rey Mobile Home Estates' Response to Debtor's Notice of and Motion for Reconsideration of 7.21.22 Order Sustaining Houser Bros. Co. DBA Rancho Del Rey Mobile Home Estate's [sic] Objection to Debtor's Claimed Homestead Objection" [dkt 171] (the "Trustee's Joinder") on August 4, 2022. Also on August 4, 2022, the Huntington Beach Gables Homeowners Association (the "HOA") filed "The Huntington Beach Gables Homeowners Association's Joinder to Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates' Response to Debtor's Motion for Reconsideration" [dkt #173] (the "HOA Joinder"). Debtor filed a "Reply to Houser Bros Co DBA Rancho Del Rey MobileHome [sic] Estates [sic] Opposition to Debtors [sic[ Motion for Consideration [sic] of 7/21/22 Order Sustaining Houser Bros Co DBA Rancho Del Rey Mobilehome [sic] Estates [sic] Objection to Debtor's Claimed Homestead Exemption" [dkt #185] (the "Reply").  The Motion initially came on for hearing before the Honorable Erithe A. Smith on August 18, 2022 at 10:30 a.m. The hearing was subsequently continued to September 22, 2022 for further oral argument.  Appearances were made as noted on the Court's record. After the hearing, the matter was taken under advisement.[1]

<u>Procedural Background</u>

On May 12, 2022, Houser Bros filed a "Motion Objecting to Debtor's Claimed Homestead Exemption" ("Homestead Motion"). Dkt. 95.  Joinders to the Homestead Motion were filed by the HOA, creditor Janine Jasso ("Jasso"), and chapter 7 trustee

---

[1] This case was transferred to the Honorable Scott Clarkson on September 1, 2022 due to the retirement of the undersigned, Judge Erithe Smith, on October 29, 2022. However, as Judge Smith issued the underlying order sustaining Trustee's objection to Debtor's homestead exemption, presided over the hearing on Debtor's instant motion for reconsideration, and continues to serve as a recalled bankruptcy judge, she has authority and jurisdiction to rule on this motion for reconsideration.

Jeffrey Golden ("Trustee")[2] (collectively, the "Joining Parties"). Dkts. 98, 100. The

Homestead Motion was set for hearing on June 2, 2022, at 10:30 a.m. Dkt. 99. Debtor

filed a late opposition to the Homestead Motion ("Homestead Opposition") on June 1,

2022, just one day prior to the hearing. Dkt. 105.

On June 2, 2022, the Court conducted a hearing on the Homestead Motion

and continued the hearing to July 21, 2022  in order to allow the Joining Parties to

respond to Debtor's late-filed Homestead Opposition.  On June 23, 2022, the Court

entered its "Order Continuing Hearing on Motion Objecting to Debtor's Claimed

Homestead Exemption" ("June 23, 2022 Order"), which attached a copy of the

Court's tentative ruling for the hearing on June 2, 2022. Dkt. 124. The June 23,

2022 Order provided that the hearing on the Homestead Motion was continued to

July 21, 2022, at 10:30 a.m. to allow Houser Bros and the Joining Parties to file

replies to Debtor's late opposition by July 7, 2022 and that no further pleadings

were to be filed regarding the Motion. Dkt. 124.

Timely reply briefs were filed by Houser Bros and the HOA. Dkts. 129, 130,

131, 132, 133. On July 8, 2022, Debtor filed an unauthorized "Reply to Greg

Buysman, CA Notary Public Commission Number 2341449; Owner & Operator the

UPS Store, Edinger/Springdale." Dkt. 134.

The Court held a continued hearing on the Homestead Motion on July 21,

2022, at which time it orally granted the same for the reasons stated in its posted

tentative ruling. That same day, on July 21, 2022, Debtor filed a "Notice of

Lodgment of Orange County Tax Assessors [sic] Proof of Debtors [sic] Homestead

Exemption Effective 2/25/2021 in Support of Opposition to Motion Objecting to

---

[2] Trustee's joinder was not filed until June 30, 2022. Dkt. 128.

3

Claimed Homestead Exemption" ("First NOL"). Dkt. 139. Later that same day, Debtor

also filed a "Notice of Lodgment of Orange County Tax Assessors [sic] Proof of Debtors

[sic] Homestead Exemption Effective 2/25/2021 in Support of Opposition to Motion

Objecting to Claimed Homestead Exemption" ("Second NOL"). Dkt. 140. Finally, on July

21, 2022,  Debtor filed a "Notice of Appeal and Statement of Election" ("Notice of

Appeal") regarding a "7/21/2022 Order Denying Debtors [sic] Declared Homestead and

Debtors [sic] Homeowners Exemption Effective February 25, 2021 with the Orange

County Tax Assessor Pursuant to California Department of Housing and Community

Development Certificate of Title Perfected February 25, 2021." Dkt. 143. Debtor's appeal

was referred to the Bankruptcy Appellate Panel based on Debtor's election. Dkt. 161.

However, the Court's "Order Granting Houser Bros. Co. dba Rancho Del Rey Mobile

Home Estates's Motion Objecting to Debtor's Claimed Homestead Exemption in 16222

Monterey Lane, Space 376, Huntington Beach, CA 92649" ("Homestead Order") was not

entered until August 5, 2022. Dkt. 177.

On July 26, 2022, Debtor filed the Motion. Dkt. 157.  Shortly thereafter, on August

1, 2022, Debtor filed a "Motion for Leave from the Bankruptcy Appeal [sic] Panel to

Permit the Bankruptcy Court to Consider Debtor's Motion for Re-Consideration [dkt. 157]

on August 18, 2022." Dkt. 167. The following day, on August 2, 2022, Houser Bros filed

an "Optional Appellee Statement of Election to Proceed in District Court." Dkt. 168. A

Notice of Transfer of Appeal to District Court was filed on the docket by the Debtor on

August 8, 2022. Dkt. 180. Debtor also filed a Notice Regarding Appeal From Bankruptcy

Court that was entered on August 11, 2022. Dkt. 184.  Ultimately, the District Court Case,

no. 8:22-cv-1462-RGK was dismissed by Debtor, thereby eliminating any issue regarding

this Court's jurisdiction over the Motion. *See* Dkt. 215.

<u>Standards for Relief Under Federal Rules of Civil Procedure 59(e) and 60(b)</u>

Federal Rules of Civil Procedure (FRCP) 59(e) and 60(b) are applicable to

bankruptcy cases pursuant to Federal Rules of Bankruptcy Procedure 9023 and

9024 respectively.

A motion brought under FRCP 59 involves reconsideration on the merits and

generally should not be granted unless it is based on at least one of the following

grounds: (1) to correct manifest errors of law or fact upon which the judgment is based;

(2) to allow the moving party the opportunity to present newly discovered or previously

unavailable evidence; (3) to prevent manifest injustice; or (4) to reflect an intervening

change in controlling law.  *In re Oak Park Calabasas Condominium Ass'n*, 302 B.R. 682,

683 (Bankr.C.D.Cal.2003), *citing McDowell v. Calderon,* 197 F.3d 1253, 1255 (9th

Cir.1999), *cert. denied,* 529 U.S. 1082, 120 S.Ct. 1708, 146 L.Ed.2d 511 (2000) (cit.

omitted).  The term "manifest error" is "an error that is plain and indisputable, and that

amounts to a complete disregard of the controlling law or the credible evidence in the

record." *Oak Park* at 783.  A "manifest injustice" is defined as "an error in the trial court

that is direct, obvious, and observable, such as a defendant's guilty plea that is

involuntary or that is based on a plea agreement that the prosecution rescinds."  *Id.*

A motion brought under FRCP 59 "may seek a reconsideration of the

correctness and merits of the trial court's underlying judgment."  *In re Wylie*, 349

B.R. 204, 209 (9th Cir. BAP 2006).  A motion based on FRCP 59 may not be used

"to raise arguments or present evidence for the first time when they could

reasonably have been raised earlier in the litigation." *Kona Enters., Inc. v. Estate

of Bishop,* 229 F.3d 877, 890 (9th Cir.2000). Further, such a motion may not be

used to present a new legal theory for the first time, to raise legal arguments which

could have been raised in connection with the original motion, or "to rehash the same arguments presented the first time or simply express the opinion that the court was wrong." *In re JSJF Corp.,* 344 B.R. 94, 103 (9th Cir. BAP 2006), *aff'd and remanded*, 277 Fed.Appx. 718 (9th Cir. 2008).

Under FRCP 60(b), a party may seek relief from a final judgment or order on the following enumerated grounds: 1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

<u>Factual Background</u>

This matter involves a dispute over Debtor's claimed homestead exemption in the manufactured home located at 16222 Monterey Lane, Unit 376, Huntington Beach, CA (the "Property"). The underlying facts are complex and are set forth in the pleadings filed in connection with the Homestead Motion and the instant Motion and are incorporated herein by reference. However, due to the narrow scope of this Memorandum, such facts will not be fully discussed except as relevant to the Court's findings and conclusions.

The pleadings filed in connection with the Homestead Motion focused primarily on whether Debtor had an ownership interest in the Property as of the petition date, i.e., July 9, 2021.  It is undisputed that shortly after the acquisition of the Property in November 2018, its registered owner was J-Sandcastle LLC ("Sandcastle"), an entity wholly owned by Debtor.  Thereafter, Ron Pierpont and J-Pad LLC were added as the Property's legal

owners.  According to Debtor, Sandcastle's interest in the Property was transferred to her

on February 21, 2021; according to Houser Bros the transfer did not occur and/or did not

become effective until *after* July 9, 2021.  In her opposition to the Homestead Motion,

Debtor argued, among other things, that she qualified for the automatic homestead

exemption permitted under California law because she had continuously resided on the

Property as her principal residence since 2018 to the present. Debtor's Opposition to

Homestead Motion at pp.15, 20. Dkt. 105. There was no evidence presented by the

Joining Parties that disputed Debtor's residency claim.

Oral argument at the hearing on the Homestead Motion also focused on the issue

of ownership as of the filing of the bankruptcy petition.  Indeed, the Court's ruling on the

Homestead Motion exclusively relied on matters relating to ownership, as reflected in the

following excerpts from the Homestead Order:

> In In re *Shaefers*[3]*,* the Ninth Circuit BAP found that a Chapter 7
> debtor cannot claim homestead exemption in limited liability company
> (LLC) that he owned, which owned real property at which debtor resided;
> debtor did not identify any beneficial or equitable interest in the property,
> and LLC members such as debtor had no interest in the company's
> assets, rather, debtor's interest in LLC was a personal property interest
> outside the statutory definition of a homestead. 623 B.R. 777 (B.A.P. 9th
> Cir. 2020).
>
> Here, Debtor has failed to meet her burden that the Property is
> subject to exemption. First, the HCD records show that J-Sandcastle LLC,
> not Debtor, was the Property's owner of record on the Petition Date. As of
> June 7, 2021— about a month before the Petition Date—the Property's
> registered owner was J-Sandcastle LLC, and the legal owners were
> Pierpont and J-Pad LLC. Hays Decl., Ex. 17 at 142. The HCD webpage
> indicates that "documents and fees" must be submitted to the HCD to

---

[3] *In re Shaefers* was subsequently vacated by the Ninth Circuit on August 31, 2022 due to the dismissal of
the bankruptcy case.  *In re Schaefers* ("*Schaefers II*"), 2022 WL 3973920, at *1 (9th Cir. Aug. 31,
2022) (vacating decision). The BAP decision therefore has "no precedential authority whatsoever." *See
O'Connor v. Donaldson*, 422 U.S. 563, 578 n. 2, 95 S.Ct. 2486, 2495 n. 2, 45 L.Ed.2d 396 (1975) . It's
availability for citation for any purpose is, therefore, uncertain.  In any event, the Court notes that 1) in
*Shaefers*, the debtor asserted an interest in the LLC itself and not in the real property owned by the LLC,
and 2) as discussed *supra* herein, an equitable interest in real property may be shown by occupancy.

transfer ownership of a manufactured home or manufactured home. The June 7, 2021, Title Search did not note any pending applications for title or registration change that might have added Debtor as the registered or legal owner of the Property before the Petition Date. And, Debtor paid no fees to the HCD between June 7, 2021, and the Petition Date that could have effectuated a title change. See Hays Decl., Ex. 26.

Moreover, the July 2021 HCD Transaction had a transaction date of July 14, 2021—five days after the Petition Date—and included a certificate of title showing J-Sandcastle LLC as the Property's registered owner and Pierpont and J-Pad LLC as the Property's legal owners. Hays Decl., Ex. 21 at 171. Included in this post-petition transaction was a document to add Debtor as the Property's "New Registered Owner." Id. at 172. Also attached was a County of Orange "Tax Clearance Certificate" issued and executed on the Petition Date, which gave the Property's "Current Registered Owner" as J1Sandcastle LLC. Id. at 191. The August 2021 HCD Transaction did include a certificate of title showing Debtor as the Property's registered owner, but according to the certificate, title was issued on August 3, 2021, nearly a month after the Petition Date. Hays Decl., Ex. 22 at 195.

Second, between February 1, 2021, and the Petition Date, all payments that Debtor submitted to Houser Bros. listed J-Sandcastle LLC as the payor/were on behalf of J-Sandcastle LLC. Only after the Petition Date did Debtor submit a payment on her own behalf. See Hays Decl. Ex. 23 at 203-222.

Third, Debtor provides no credible evidence that she acquired an interest from the LLC on February 25, 2021. In Debtor's Original Schedules, filed on the Petition Date (July 9, 2021), Debtor provided, under penalty of perjury, that "Registered Title with HCD Debtor's single member LLC, J1Sandcastle Co, LLC." Motion at 33 (Exhibit 2). In addition, Debtor, in the Opposition, asserts J-Sandcastle LLC's executed a notarized release of title document, claiming: "On the petition date July 9, 2021, the registered title owner of the manufactured home located at 16222 Monterey Lane, Unit #376, Huntington Beach, CA 92649 ('Property') was Jamie Lynn Gallian as of February 25, 2021, the date J-Sandcastle Co LLC signed and dated to release the Certificate of Title to Jamie Lynn Gallian, notarized the same date." Opp'n., 29. However, Mr. Buysman did not actually notarize these documents. Instead, Mr. Buysman's notary book shows that on February 25, 2021, he notarized for Debtor an "Affidavit of Death" and a "Transfer Grant Deed." Buysman Decl., ¶7-11. Mr. Buysman did not notarize the July 2021 HCD Submission either. Id. Debtor's improperly filed July 8 response, even if considered by the court, would be insufficient to counter the statements and documentary evidence set forth in the Buysman Declaration.

--------------------------------

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

In conclusion, Debtor failed to carry her burden because, on the Petition Date, the Property's registered owner was J-Sandcastle LLC, and the legal owners were Pierpont and J-Pad, LLC. As a result, the Property was not part of the estate and not eligible for an exemption.

Neither the Court's ruling at the hearing or the Homestead Order includes a full or proper analysis of Debtor's claimed automatic homestead exemption under Cal. Civ Proc. Code § 704.720(a).  The Court believes such oversight was in error.

<u>Relief Under Either FRCP 59(e) or FRCP 60(b) is Warranted Because Debtor has Demonstrated Entitlement to an Automatic Homestead Exemption Under Cal.Civ.Proc. Code §704.720(a)</u>

Though the Motion does not specifically cite FRCP 59(e) or FRCP 60(b), the substance of the arguments therein is consistent with either Rule and Debtor clarifies in her Reply brief that she is seeking relief under both Rules. Debtor's Reply brief at 5. As previously noted, it is undisputed that Debtor has resided continuously on the Property as her principal residence from November 2018 to through the petition date and beyond. As a matter of law, Debtor meets the requirements for an automatic homestead exemption under Cal. Civ. Proc. Code §§ 704.710(c) and 704.720(a).

In *In re Gilman*, 887 F.3d 956, 964-965 (9th Cir. 2018), the Ninth Circuit held as follows:

California provides for an "automatic" homestead exemption. Cal. Civ. Proc. Code § 704.720(a). The automatic homestead exemption protects a debtor "who resides (or who is related to one who resides) in the homestead property at the time of a forced judicial sale of the dwelling." *In re Anderson*, 824 F.2d 754, 757 (9th Cir. 1987); *see also Diaz*, 547 B.R. at 334 ("The filing of a bankruptcy petition constitutes a forced sale for purposes of the automatic homestead exemption.").

Under Cal. Civ. Proc. Code § 704.710(c), a "homestead" is "the principal dwelling (1) in which the judgment debtor or the judgment debtor's spouse resided on the date the judgment

9

creditor's lien attached to the dwelling, and (2) in which the judgment debtor or the judgment debtor's spouse resided continuously thereafter until the date of the court determination that the dwelling is a homestead." This "requires only that the judgment debtor *reside* in the property as his or her principal dwelling at the time the judgment creditor's lien attaches and continuously thereafter until the court determines the dwelling is a homestead." *In re Elliott*, 523 B.R. 188, 196 (BAP 9th Cir. 2014) (quoting *Tarlesson*, 184 Cal. App. 4th at 937, 109 Cal.Rptr.3d 319). It does not require that the debtor continuously own the property. *Id.*

To determine whether a debtor resides in a property for homestead purposes, courts consider the debtor's physical occupancy of the property and the intent to reside there. *Diaz*, 547 B.R. at 335; *Ellsworth v. Marshall*, 196 Cal.App. 2d 471, 474, 16 Cal.Rptr. 588 (1961) ("The physical fact of the occupancy and the intention with which the premises are occupied 'are both elements to be considered in determining the actual residence.' ") (quoting *Lakas v. Archambault*, 38 Cal.App. 365, 372, 176 P. 180 (1918)).

California law rejects Phillips' argument that title to the property is necessary to claim a homestead exemption. For instance, *Tarlesson* held that "judgment debtors who continuously reside in their dwellings retain a sufficient equitable interest in the property to claim a homestead exemption even when they have conveyed title to another." 184 Cal.App. 4th at 937, 109 Cal.Rptr.3d 319. The court further noted that "[s]uch a result is consistent with the purpose of California's homestead exemption to protect one's dwelling against creditors." *Id*. Likewise, *Elliott* held that conveyance to a third party does not defeat a debtor's right to an automatic exemption, "because continuous residency, rather than continuous ownership," controls the analysis. 523 B.R. at 196.

Importantly, *Gilman* cites with favor the case of *Tarlesson v. Broadway Foreclosure Investments, LLC*, 184 Cal.App.4th 931 (2010).  In analyzing the interplay between Cal. Civ. Proc. Code §§ 703.720 and 704.710(c), the Tarlesson Court explained:

Broadway bases its argument in substantial part on the language of section 703.020 which provides that statutory exemptions "apply only to property of a natural person." Broadway reads section 703.020 to imply a requirement of ownership. But the authorities Broadway cites do not support its argument. While section 703.020, subdivision (a) states generally that "[t]he exemptions provided by this chapter apply only to property of a natural person," the statutory definition of "homestead" provided in section 704.710 requires only that the judgment debtor reside in the property as his or her principal dwelling at the time the judgment creditor's lien attaches and continuously thereafter until the court determines the dwelling is a homestead. (§ 704.710, subd. (c).) There is no requirement in section 704.710 that the judgment debtor continuously

own the property, and we do not read section 703.020 to impose such a requirement. 184 Cal.App.4th at 937.

Further, the Court in *Tarlesson* recognized that "debtors who continuously reside in their dwellings retain a sufficient equitable interest in the property to claim a homestead exemption even when they have conveyed title to another." *Id.* (citations omitted).  Accordingly, the Court finds and concludes that Debtor satisfied her burden of establishing entitlement to an automatic homestead exemption under California law and that the Court erred in not recognizing such entitlement in its Homestead Order.

<u>Debtor's Homestead Exemption in the Amount of $600,000 Allowed by Cal.</u>

<u>Civ. Proc. Code § 704.730(a) is Not Limited by § 522(p)(1)</u>

In its Response to the Motion, Houser Bros requests that if the Court grants the Motion to allow Debtor a homestead exemption, such exemption should be limited to $170,350 pursuant to 11 U.S.C. § 522(p)(1) because, according to Debtor, she acquired an ownership interest in the Property on February 21, 2022 (less than 180 days before the bankruptcy filing).  Section 522(p)(1) limits a debtor's ability to take advantage of homestead exemptions under state law. Specifically, § 522(p)(1) provides that a debtor "may not exempt any amount of interest *that was acquired by the debtor* during the 1215-day period preceding the date of the filing of the petition that exceeds . . . $170,350 in value in real or personal property that the debtor . . . uses as a residence." (emphasis added)  A majority of courts have held that § 522(p)(1) applies to "opt-out" states such as California.  See, *In re Virissimo*, 332 B.R. 201, 207 (Bankr. D.Nev.2005); *Kane v. Zions Bancorporation, N.A.*, 2022 WL 4591787 (September 29, 2022). This Court

agrees with the majority view regarding the application of § 522(p)(1) to exemptions

allowed under California law.

The Ninth Circuit has held that "it appears that Congress intended 'acquire' to

mean 'gaining possession or control' by purchasing or gaining an ownership interest,

either legal or equitable." *In re Greene*, 583 F.3d 614, 623 (9th Cir.2009).  California law

provides for an automatic homestead exemption, which protects a debtor "who resides . .

. in the homestead property at the time of a forced judicial sale of the dwelling." *Gilman*,

887 F.3d at 964.  The filing of a bankruptcy petition has been held to constitute a forced

sale that triggers the application of the automatic homestead exemption.  *In re Elliott,* 523

B.R. 188, 195 (9th Cir. BAP 2014).  As previously noted, in California, title to the property

is not necessary to claim an automatic homestead exemption. *Gilman* at 965 ("To

determine whether a debtor resides in a property for homestead purposes, courts

consider the debtor's physical occupancy of the property and the intent to reside there.")

Here, Debtor has sufficiently demonstrated both continuous occupancy of the

Property as well as her intent to reside there. Consequently, she qualifies for the

homestead exemption provided under Cal. Civ. Proc. Code § 704.720(a) without regard

to, and irrespective of, her subsequent acquisition of legal title. Accordingly, the amount

of her exemption permitted under Cal. Civ Proc. Code § 704.730(a) is not affected by the

restriction imposed by § 522(p)(1).

Conclusion

Based upon the foregoing, the Court finds and concludes that 1) Debtor's

continuous possession and occupation of the Property as her principal residence

(irrespective of ownership) constitutes an equitable interest that is sufficient to establish

her entitlement to the automatic homestead exemption provided by Cal. Civ. Proc. Code

§§ 704.720(a) and 704.730(a), 2) the Motion should be granted under FRCP 59(e) on the basis of manifest error of law and under FRCP 60(b)(6); 3) the Court's Homestead Order entered on August 5, 2022 should be vacated and the underlying Homestead Motion related thereto should be deemed denied; and 4) Debtor is entitled to a homestead exemption in the amount of $600,000.

###

Date: December 19, 2022

Erithe Smith
United States Bankruptcy Judge

EXHIBIT C

1
2
3
4
5
6
7

FILED & ENTERED

DEC 19 2022

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY mccall     DEPUTY CLERK

8          **UNITED STATES BANKRUPTCY COURT**

9          **CENTRAL DISTRICT OF CALIFORNIA**

10                 **SANTA ANA DIVISION**

11

| | |
|---|---|
| In re | Chapter 7 |
| JAMIE LYNN GALLIAN, | |
| | Case No. 8:21-bk-11710-SC |
| Debtor. | **ORDER GRANTING DEBTOR'S MOTION FOR RECONSIDERATION OF THE COURT'S AUGUST 5, 2022 ORDER SUSTAINING OBJECTION TO DEBTOR'S HOMESTEAD EXEMPTION** |
| | Date:    September 22, 2022 |
| | Time:    10:00 a.m. |
| | Place:   Courtroom 5A – via zoom |

On July 26, 2022, Jamie Lynn Gallian ("Debtor") filed "Debtors [sic] Notice of and

Motion for Reconsideration of 7.21.22 Order Sustaining Houser Bros. Co. DBA Rancho

Del Rey Mobile Home Estates [sic] Objection to Debtor's Claimed Homestead Exemption

and Joinder Parties Huntington Beach Gables HOA; Janine Jasso" [dkt # 157] (the

"Motion"). Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates ("Houser Bros")

filed a "Response to Debtor's Notice of and Motion for Reconsideration of 7.21.22 Order

Sustaining Houser Bros. Co. DBA Rancho Del Rey Mobile Home Estate's [sic] Objection

to Debtor's Claimed Homestead Exemption" [dkt # 170] (the "Response") on August 4,

2022. Jeffrey Golden, the Chapter 7 Trustee ("Trustee"), filed "Trustee's Joinder in

Houser Bros. Co. DBA Rancho Del Rey Mobile Home Estates' Response to Debtor's

Notice of and Motion for Reconsideration of 7.21.22 Order Sustaining Houser Bros. Co.

DBA Rancho Del Rey Mobile Home Estate's [sic] Objection to Debtor's Claimed

Homestead Objection" [dkt 171] (the "Trustee's Joinder") on August 4, 2022. Also on

August 4, 2022, the Huntington Beach Gables Homeowners Association (the "HOA") filed

"The Huntington Beach Gables Homeowners Association's Joinder to Houser Bros. Co.

dba Rancho Del Rey Mobile Home Estates' Response to Debtor's Motion for

Reconsideration" [dkt #173] (the "HOA Joinder"). Debtor filed a "Reply to Houser Bros Co

DBA Rancho Del Rey MobileHome [sic] Estates [sic] Opposition to Debtors [sic[ Motion

for Consideration [sic] of 7/21/22 Order Sustaining Houser Bros Co DBA Rancho Del Rey

Mobilehome [sic] Estates [sic] Objection to Debtor's Claimed Homestead Exemption" [dkt

#185] (the "Reply").  The Motion initially came on for hearing before the Honorable Erithe

A. Smith, United States Bankruptcy Judge, on August 18, 2022 at 10:30 a.m. The hearing

was subsequently continued to September 22, 2022 for further oral argument.

Appearances were made as noted on the Court's record. After the hearing, the matter

was taken under advisement.[1]

For the reasons set forth in the Memorandum of Decision Regarding Debtor's

Motion for Reconsideration of the Court's August 5, 2022 Order Sustaining the Objection

to Debtor's Homestead Exemption entered on December 19, 2022 [Dkt. 273], it is hereby

ordered that:

---

[1] This case was transferred to the Honorable Scott Clarkson on September 1, 2022 due to the retirement of the undersigned, Judge Erithe Smith on October 29, 2022. However, as Judge Smith issued the underlying order sustaining Trustee's objection to Debtor's homestead exemption, presided over the hearing on Debtor's instant motion for reconsideration, and continues to serve as a recalled bankruptcy judge, she has authority and jurisdiction to rule on the motion for reconsideration.

1.      The Motion is granted under FRCP 59(e) on the basis of manifest error of law and under FRCP 60(b)(6);

2.      The Court's Homestead Order entered on August 5, 2022 [Dkt. 177] is vacated and, as such, Houser Bros' Homestead Motion is deemed denied; and

3.      Debtor is entitled to a homestead exemption in the amount of $600,000 pursuant to Cal. Civ. Proc. Code.  §§ 704.720(a) and 704.730(a).

###

Date: December 19, 2022

Erithe Smith
United States Bankruptcy Judge

EXHIBIT D

1  ERIC P. ISRAEL (State Bar No. 132426)
   *eisrael@DanningGill.com*
2  AARON E. DE LEEST (State Bar No. 216832)
   *adeleest@DanningGill.com*
3  DANNING, GILL, ISRAEL & KRASNOFF, LLP
   1901 Avenue of the Stars, Suite 450
4  Los Angeles, California 90067-6006
   Telephone:   (310) 277-0077
5  Facsimile:    (310) 277-5735

6  Attorneys for Jeffrey I. Golden,
   Chapter 7 Trustee
7

8              **UNITED STATES BANKRUPTCY COURT**

9              **CENTRAL DISTRICT OF CALIFORNIA**

10                  **SANTA ANA DIVISION**

11

12  In re                                    Case No. 8:21-bk-11710-SC

13  JAMIE LYNN GALLIAN,                       Chapter 7

14                                            **TRUSTEE'S NOTICE OF OPPOSITION
                                              AND OPPOSITION TO DEBTOR'S**
15              Debtor.                       **NOTICE OF HEARING AND MOTION
                                              REQUESTING THE TRUSTEE
16                                            ABANDON ESTATE'S INTEREST IN
                                              DEBTOR'S PRIMARY RESIDENCE,
17                                            SPACE 376 2014 SKYLINE
                                              MANUFACTURED HOME LBM1981;
18                                            MEMORANDUM OF POINTS AND
                                              AUTHORITIES AND REQUEST FOR
19                                            JUDICIAL NOTICE IN SUPPORT
                                              THEREOF**
20
                                             Date:  February 15, 2023
21                                           Time:  11:00 a.m.
                                             Place: Courtroom 5C -Virtual
22                                                   411 W. Fourth Street,
                                                     Santa Ana, California 92701
23

24          PLEASE TAKE NOTICE that Jeffrey I. Golden, as the Chapter 7 Trustee for the

25  bankruptcy estate (the "Estate") of Jamie Lynn Gallian (the "Debtor), hereby submits this

26  opposition to the Debtor's Notice of Hearing and Motion Requesting the Trustee Abandon Estate's

27  Interest in Debtor's Primary Residence, Space 376 2014 Skyline Manufactured Home LBM1981

28  (*docket nos. 307, 308, 309 and 312*).

1    PLEASE TAKE FURTHER NOTICE that any reply to this opposition must be in writing,

2   filed with the Clerk of the Bankruptcy Court and served upon counsel for the Trustee named in the

3   upper left-hand corner of this notice not less than seven calendar days before the hearing.

4

5   DATED:  February 1, 2023                    DANNING, GILL, ISRAEL & KRASNOFF, LLP

6

7                                              By:  _____/s/ Aaron E. de Leest_____

8                                              AARON E. DE LEEST
                                               Attorneys for Jeffrey I. Golden, Chapter 7 Trustee
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1705999.1  27064                                        2

**MEMORANDUM OF POINTS AND AUTHORITIES**

The Debtor's Notice of Hearing and Motion Requesting the Trustee Abandon Estate's

Interest in Debtor's Primary Residence, Space 376 2014 Skyline Manufactured Home LBM1981

(*docket nos. 307, 308, 309 and 312*) (collectively, the "Motion"), requests that Jeffrey I. Golden, as

the Chapter 7 Trustee (the "Trustee") for the Debtor's bankruptcy estate (the "Estate")

> abandon the estates (*sic*) interest in Debtor's primary residency, space
> 376 2014 Skyline Manufactured home LBM1081 located at 16222
> Monterey Lane Dr. Unit 376, Huntington Beach, California 92649
> [(the "Property")]. Motion, p. 1.

However, the Motion does not cite any authority or offer any evidence in support of the requested

relief and must be denied.  In addition, on the merits, the Property is not burdensome or of

inconsequential value to the estate.  Abandonment is also not appropriate at this time because the

order granting the Debtor's claimed homestead exemption in the Property is on appeal and the

appeal has not yet been fully resolved.  Thus, it would be premature for the Court to rule on

abandonment, and outside the Court's jurisdiction to do so, while the appeal is pending.

Accordingly, as discussed further below, the Court should deny the Motion at this time.


1.     The Motion is Defective on its Face

Fed. R. Bankr. P. 9013 provides that a "motion shall state with particularity the grounds

therefore, and shall set forth the relief or order sought."  Fed. R. Bankr. P. 9013.  Local Bankruptcy

Rule 9013-1(c)(3) further requires that a motion must be served and filed with:

> (A) Duly authenticated copies of all photographs and documentary
> evidence that  the moving party intends to submit in support of the
> motion, in addition to the declarations required or permitted by FRBP
> 9006(d); and

> (B) A written statement of all reasons in support thereof, together
> with a memorandum of the points and authorities upon which the
> moving party will rely.

LBR 9013-1(c)(3).

Here, in violation of Fed. Bankr. R. 9013 and Local Bankruptcy Rule 9013-1(c)(3), the

Debtor filed the Motion without any evidence or memorandum of points and authorities.  All that is

provided is a plain notice and a copy of the Court's Order Granting the Debtor's Motion for

Reconsideration of the Court's August 5, 2022 Order Sustaining Objection to Debtor's Homestead

Exemption *(docket no. 274)* (the "Homestead Order"), attached to the notice.  There is simply no

evidence or any written statement setting forth with particularity why the Court should compel the

requested abandonment of the Property.  Without evidence or a memorandum of points and

authorities the Motion is defective on its face and the relief requested must be denied.

The Debtor also does not appear to have paid the required fee associated with filing a

motion to compel abandonment.  *See* https://www.cacb.uscourts.gov/filing-fees and 28 U.S.C. §

1930.  The Court should not condone the Debtor's failure to pay the required fee.

2.    <u>The Motion Should Also Be Denied on the Merits</u>

To the extent that the Court looks past the Debtor's procedural failures with the Motion, the

Court should deny the Motion on the merits.  As a preliminary matter, it is the Debtor's burden to

compel abandonment under 11 U.S.C. § 554(b).  *In re Gill*, 574 B.R. 709, 714 (B.A.P. 9th Cir.

2017) ("The moving party has the burden of establishing that the property at issue is burdensome or

of inconsequential value and benefit to the estate").   Section 554(b) only permits a court to order a

trustee to abandon property of the estate where the property is "burdensome to the estate or that is

of inconsequential value and benefit to the estate." 11 U.S.C. § 554(b).  An order to compel

abandonment is "the exception, not the rule" and it is the burden of the party seeking to compel

abandonment (i.e., the Debtor) to prove that the asset has no value.  *Id.*   The Debtor, without any

evidence, cannot meet her burden.  The Debtor has not offered any evidence relevant to whether

the Property is burdensome or of inconsequential value to the estate, including the value of the

Property or the lack of equity in the Property for the Trustee to administer.  All that she offers is the

Homestead Order, which the Debtor fails to mention is on appeal and not fully resolved.

Therefore, because the Debtor cannot meet her burden and has failed to do so, the relief requested

in the Motion must be denied.

Although the Debtor has not met her burden, the evidence available to the Trustee

demonstrates that there may indeed be value in the Property for the estate, and that abandonment is

1    not appropriate at this time.  In particular, the Trustee obtained an opinion that the Property is

2    valued at or near $300,000.  *See* Declaration of Greg Bingham,¶ 2, filed in support of the Trustee's

3    Application to Employ Coldwell Banker (*docket no. 162*) a copy of which declaration is attached as

4    Exhibit "1" hereto.  In addition, the Court entered the Homestead Order on December 19, 2022, but

5    on December 29, 2022, creditor Houser Bros. Co., filed a timely notice of appeal (*docket no. 280*),

6    which appeal is now pending before the District Court as Case No. 8:23-cv-00001-DSF (the

7    "Homestead Appeal").  As such, the Debtor's claim of exemption in the Property has not yet been

8    fully resolved and, if the Homestead Order were reversed on appeal, the Debtor's claimed

9    homestead exemption will be disallowed and the equity in the Property will be available for the

10   estate and its creditors.

11        Furthermore, the California Department of Housing and Community Development (where

12   liens on manufactured homes are to be recorded, *see* Cal. Health & Safety Code § 18100.5 *et seq*.)

13   only lists the lien of J-Pad LLC on the Property.[1]  Copies of the title transaction documents for the

14   Property are attached, collectively, as Exhibit "2" hereto.  The Debtor has previously admitted in

15   the bankruptcy case and a related adversary proceeding that the Debtor is (and has been) the sole

16   member of J-Pad LLC, since October 18, 2018,[2] and that J-Pad LLC's lien is for $175,000.[3]  The

17   Trustee disputes that J-Pad LLC's lien of $175,000 is valid and, if necessary, will challenge the

18   purported lien if the Homestead Order is reversed on appeal.  However, even if the lien were valid,

19   the estate owns the Debtor's sole membership interest in J-Pad LLC, and there still may be equity

20

21   _____

22   [1]  To the extent there are other lienholders that assert liens on the Property that are not of record
     with the California Department of Housing and Community Development, the Trustee does not
23   believe that such liens have attached to the Property.  *See* Cal. Code Civ. P. § 697.310 (providing
     that a judgement lien is created on real property by recording an abstract of a money judgment with
24   the county recorder) and Cal. Code Civ. P. § 697.530(d) (providing that a judgment lien on
     personal property does not attach to a mobilehome or commercial coach required to be registered
25   pursuant to the Cal. Health & Safety Code).

26   [2]  *See* Declaration of Jamie Lynn Gallian, filed on March 16, 2022, in adv. no. 8:21-ap-01096 -
     Jasso v. Gallian et al , adv. docket no. 29, attached as Exhibit "3" hereto.

27   [3]  *See* Motion to Avoid Lien Under 11 U.S.C. Section 522(f) and Declaration of Jamie Lynn
     Gallian, filed on January 13, 2022, docket no. 297, and attached Gallian Declaration at ¶ 10.

28

in the Property even if the homestead is valid, since the lien trumps a claim of exemption.[4]

In light of the above facts, there is no justification for the request to compel the Trustee to abandon the Property.

3.      The Court Lacks Jurisdiction to Rule on Abandonment at this Time

The Debtor's Motion and the requested relief to abandon the Property are directly related to the Homestead Appeal.  As a result, the Court lacks jurisdiction to grant the Debtor's requested relief to abandon the Property pending the disposition of the Homestead Appeal.  The filing of a notice of appeal is an event of jurisdictional significance -- it confers jurisdiction on the court of appeals and divests the trial court of its control over those aspects of the case involved in the appeal. *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58, 103 S. Ct. 400, 402 (1982) (abrogated on other grounds).  When an appeal is pending, the Court may only implement or enforce its order while on appeal, but it may not alter or expand upon the order. *Sherman v. SEC (In re Sherman)*, 491 F.3d 948, 967 (9th Cir. 2007) (citing *Neary v. Padilla (In re Padilla)*, 222 F.3d 1184, 1190 (9th Cir. 2000) (abrogated on other grounds)).  Thus, this Court only retains jurisdiction over matters unrelated to the appeal.  *See In re Ahmed*, 420 B.R. 518, 523 (Bankr. C.D. Cal. 2009) (emphasis added).  Here, however, the Debtor's requested abandonment is tied directly to the Court's ruling with respect to the Homestead Order.  In fact, the Homestead Order is attached to the Motion and it is the sole cited basis upon with the Debtor has requested abandonment of the Property.  Accordingly, because the requested abandonment is directly related to the Homestead Order, which is currently on appeal to the District Court, this Court lacks jurisdiction to adjudicate the Motion.

---

[4]  J-Pad LLC, was terminated with the California Secretary of State on November 22, 2021.  A copy of the termination is attached as Exhibit "4" hereto.

4.    <u>Conclusion</u>

The Debtor's Motion should be denied because the Debtor has not met her burden to establish that the Property is burdensome or of inconsequential value to the estate. Indeed, she offers no analysis of the equity in the Property and the Property may indeed have equity for the estate. Furthermore, abandonment is also not appropriate at this time because the Homestead Order, which is the sole basis for the requested relief, is on appeal and the appeal has not yet been fully resolved. Therefore, the Court should deny the relief requested in the Motion its entirety. The Trustee prays for all other appropriate relief under the circumstances.

DATED:  February 1, 2023                DANNING, GILL, ISRAEL & KRASNOFF, LLP

By:    _____*/s/ Aaron E. de Leest*_____
       AARON E. DE LEEST
       Attorneys for Jeffrey I. Golden, Chapter 7 Trustee

1705999.1  27064

7

**<u>REQUEST FOR JUDICIAL NOTICE</u>**

Jeffrey I. Golden, as Chapter 7 Trustee (the "Trustee") for the bankruptcy estate of Jamie Lynn Gallian (the "Debtor), requests that the Court take judicial notice of the following facts.

1.      On or about July 28, 2022, the Trustee filed his Application of the Chapter 7 Trustee to Employ Real Estate Broker Coldwell Banker Realty and Agents William Friedman and Greg Bingham Pursuant to 11 U.S.C. 327 and 328; Memorandum of Points and Authorities; and Declarations of William Friedman and Greg Bingham in Support (*docket no. 162*).  A true and correct copy Greg Bingham's declaration is attached as Exhibit "1" hereto and incorporated herein by this reference.

2.      On or about August 5, 2022, the Court entered its Order Granting Houser Bros. Co. dba Rancho Del Rey Mobile Home Estate's Motion Objecting to Debtor's Claimed Homestead Exemption in , docket No. 95 (*docket no. 177*), disallowing any claim of exemption by the Debtor in such property.

3.      On December 19, 2022, the Court entered its Order Granting the Debtor's Motion for Reconsideration of the Court's August 5, 2022 Order Sustaining Objection to Debtor's Homestead Exemption (*docket no. 274*).

4.      On December 29, 2022, creditor Houser Bros. Co., filed a timely notice of appeal (*docket no. 280*), which appeal is now pending before the District Court as Case No. 8:23-cv-00001-DSF.

5.      The California Department of Housing and Community Development only lists the lien of J-Pad LLC on the Property.  True and correct copies of the title transaction documents for the Property are attached as Exhibit "2" hereto.

6.      The Debtor admitted in the Declaration of Jamie Lynn Gallian, adv. no. 8:21-ap-01096 - Jasso v. Gallian et al., *adv. docket no. 29*, filed on March 16, 2022, that the Debtor has been the sole member of J-Pad LLC, since October 18, 2018.  A true and correct copy of the Debtor's Declaration is attached as Exhibit "3" hereto.

7.      The Debtor admitted in her Motion to Avoid Lien Under 11 U.S.C. Section 522(f) and Declaration of Jamie Lynn Gallian at ¶ 10, filed on January 13, 2022, *docket no. 297,* that J-

1    Pad LLC's lien is for $175,000.

2        8.      J-Pad LLC, was terminated with the California Secretary of State on November 22,

3    2021. A true and correct copy of the termination is attached as Exhibit "4" hereto.

4

5    DATED:  February 1, 2023              DANNING, GILL, ISRAEL & KRASNOFF, LLP

6

7                                        By:       */s/ Aaron E. de Leest*

8                                            AARON E. DE LEEST

9                                            Attorneys for Jeffrey I. Golden, Chapter 7 Trustee

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT 1

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel (714) 966-1000  Fax (714) 966-1002

1

## **DECLARATION OF GREG BINGHAM**

2

3    I, Greg Bingham, declare:

4    1.    I am a real estate agent licensed in the State of California.  I know each of

5    the following facts to be true of my own personal knowledge or information and belief and,

6    if called as a witness, I could and would competently testify with respect thereto.  I am an

7    agent of Coldwell Banker, located at 840 Newport Center Drive, Suite 100, Newport

8    Beach, California 92660.  I am submitting this Declaration in support of the *Application of*

9    *the Chapter 7 Trustee to Employ Real Estate Broker Coldwell Banker Realty and Agents*

10   *William Friedman and Greg Bingham Pursuant to 11 U.S.C. §§ 327 and 328*

11   ("Application").  Any capitalized terms not expressly defined herein shall have the

12   meanings provided in the Application.

13   2.    I have advised the Trustee that the current market value of the Property is at

14   or near $300,000.

15   3.    The Broker and I are qualified to represent the Trustee and the Estate in

16   connection with the marketing and sale of the Property.  A true and correct copy of the

17   Listing Agreement is attached as **Exhibit 1**.  A true and correct copy of my profile is

18   attached as **Exhibit 2**.

19   4.    On behalf of the Broker, I have agreed to accept employment on the terms

20   and conditions set forth in the Application.

21   5.    The Broker and I are employed by the Trustee in other unrelated matters. In

22   addition, Danning, Gill, Israel & Krasnoff, LLP, the Trustee's general counsel, and

23   attorney-trustees at that firm, have worked with the Broker and me in other cases not

24   involving the Debtor.

25   6.    To the best of my knowledge, except as provided above, the Broker and I:

26   a.    have no connection with the Debtor, the Debtor's principals, insiders,

27   creditors, the Trustee, any other party or parties in interest, their respective

28

1373973.1                                9                    EMPLOYMENT APPLICATION

EXHIBIT 1                              10

1   attorneys and accountants, or any person employed in the Office of the United

2   States Trustee;

3        b.    are not creditors, equity security holders or insiders of the Debtor;

4        c.    are not and were not, within two (2) years before the date of the filing

5   of the petition herein, directors, officers or employees of the Debtor;

6        d.    do not represent an individual or entity which holds an interest

7   adverse to the Estate;

8        e.    are not related to the United States Trustee or to the Bankruptcy

9   Judge assigned to this case;

10        f.    are disinterested within the meaning of 11 U.S.C. §§ 327(a) 101(14);

11        g.    have no fee sharing arrangement, understanding or compensation

12   sharing arrangement with any other entity, except for the customary division of the

13   commission from the sale of a property between the listing broker and the selling

14   broker, as provided for in the Listing Agreement; and

15        h.    will not receive a retainer in this case.

16   I declare under penalty of perjury that the foregoing is true and correct.

17   Executed on this __28__ day of July, 2022, at Newport Beach, California.

18

19                             *Greg Bingham*

20                                  Greg Bingham

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel (714) 966-1000   Fax (714) 966-1002

EXHIBIT 2



DTN:                          **12339739**

Decal:                        **LBM1081**

Unit ID:                      252606085

Trans Type:                   L/O Addition

Trans Date:                   08/10/2021

Trade Name:                   CUSTOM VILLA

Serial #:                     AC7V710394GA, AC7V710394GB

Insignia #                    PFS1130281, PFS1130282

Status Date:        08/11/2021        User Name:        CRUZ, SYLVIA

EXHIBIT 2          12

**STATE OF CALIFORNIA - DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT**
**CERTIFICATE OF TITLE**
Manufactured Home

**Decal:  LBM1081**

| Manufacturer ID/Name | Trade Name | Model | DOM 05/29/2014 | DFS 07/28/2014 | RY |
|---|---|---|---|---|---|
| 90002    SKYLINE HOMES INC | CUSTOM VILLA | | | | |

| Serial Number | Label/Insignia Number | Weight | Length | Width | Issued |
|---|---|---|---|---|---|
| AC7V710394GB | PFS1130281 | 22,383 | 56' | 15' 2" | Aug 03, 2021 |
| AC7V710394GA | PFS1130282 | 25,068 | 60' | 15' 2" | |

**Addressee**

JAMIE LYNN GALLIAN
16222 MONTEREY LN SPACE 376
HUNTINGTON BEACH, CA  92649

**Registered Owner(s)**

JAMIE LYNN GALLIAN
16222 MONTEREY LN SPACE 376
HUNTINGTON BEACH, CA 92649

**Situs Address**

16222 MONTEREY LN SPACE 376
HUNTINGTON BEACH, CA 92649

**IMPORTANT**
**THE OWNER INFORMATION SHOWN ABOVE MAY NOT REFLECT ALL LIENS RECORDED WITH THE
DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT AGAINST THE DESCRIBED UNIT.  THE
CURRENT TITLE STATUS OF THE UNIT MAY BE CONFIRMED THROUGH THE DEPARTMENT.**

DTN:  12313525                                                                                          08032021 - 2

AUG 1 0 2021                                                           14

## SECTION A - SMOKE DETECTOR AND WATER HEATER SEISMIC BRACING CERTIFICATION

California Health and Safety Code (HSC) Sections 18029.6 and 18031.7 require that on the date of transfer of title all used manufactured homes, used mobilehomes, and used multifamily manufactured homes: 1) be equipped with an operable smoke detector in each room designed for sleeping, and 2) all fuel-gas-burning water heater appliances be seismically braced, anchored, or strapped pursuant to existing codes. A declaration may be signed within 45 days prior to the date of transfer of title stating that these requirements have been met.

I/We further agree to indemnify and save harmless the Director of the State of California, Department of Housing and Community Development, and subsequent purchasers of said unit, for any loss they may suffer resulting from registration of the unit in California or from issuance of a California Certificate of Title covering the same. I/We certify under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on _____ at _____ _____ _____
　　　　　　　　　Date　　　　　　　　City　　　　　　　　　State

_____　　　　　_____
Signature　　　　　　　　　　　　　　　　　Printed Name

## SECTION B - RELEASING SIGNATURES

1a. _____　　Date of Release _____
　　Releasing Signature of Registered Owner

1b. _____　　Date of Release _____
　　Releasing Signature of Registered Owner

2. _____　　❏  **Release**　　❏  **Retain**　　*  ❏  **Assign Interest**
　　Legal Owner of Record (if any) sign and check appropriate box　　(* If Assign Interest is checked - Complete New Legal Owner Below)

## SECTION C - NEW OWNER INFORMATION

### NEW REGISTERED OWNER - Please Print or Type Clearly

3a. _____　　3c. _____
　　New Registered Owners Name　　　　　　　New Registered Owners Name

3b. _____　　3d. _____
　　New Registered Owners Name　　　　　　　New Registered Owners Name
　　　　If more than one New Owner going onto title, please check the appropriate Co-owner term box.

❏  **Joint Tenants with Right of Survivorship**　　❏  **Tenants In Common OR**　　*❏  **Trust/Trustee(s)**
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　(* If this box is checked-Complete HCD 476.6B)

❏  **Tenants In Common AND**　　❏  **Community Property**　　❏  **Community Property with Right of Survivorship**

4. _____　　_____　　_____
　　Mailing Address of New Registered Owner　　City/State　　　　　　　　　Zip Code

5. _____　　_____　　_____
　　Actual Location Address of Unit　　　　City/State　　　　　　　　　Zip Code

6. _____　　_____
　　Purchase Price or check box if Gift-❏　　Purchase Date or Transfer Date

7a. _____　　7c. _____
　　**Signature** of New Registered Owners　　**Signature** of New Registered Owners

7b. _____　　7d. _____
　　**Signature** of New Registered Owners　　**Signature** of New Registered Owners

### NEW LEGAL OWNER - Please Print or Type Clearly

8a. _____　　8b. _____
　　New Legal Owners Name　　　　　　　　　New Legal Owners Name
　　　　If more than one New Lender going onto title, please check the appropriate Co-owner term box below.

❏  **Joint Tenants with Right of Survivorship**　　❏  **Tenants In Common OR**　　*❏  **Trust/Trustee(s)**
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　(* If this box is checked-Complete HCD 476.6B)

❏  **Tenants In Common AND**　　❏  **Community Property**　　❏  **Community Property with Right of Survivorship**

9. _____　　_____　　_____
　　Mailing Address of New Legal Owner　　City/State　　　　　　　　　Zip Code

### NEW JUNIOR LIENHOLDER - Please Print or Type Clearly

10a. _____　　10b. _____
　　New Junior Lienholder Name　　　　　　　New Junior Lienholder Name

11. _____　　_____　　_____
　　Mailing Address of New Junior Lienholder　　City/State　　　　　　　Zip Code

## SECTION D – RELEASE OF DEALERS

12. _____　　_____
　　Signature of Selling Dealer　　　　　　Print Dealers Name and Dealer Number

OSP 20 149325

15

STATE OF CALIFORNIA - DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT
REGISTRATION CARD

Manufactured Home

**Decal: LBM1081**

| Manufacturer ID/Name | Trade Name | Model | DOM | DFS | RY | Exp. Date |
|---|---|---|---|---|---|---|
| 90002   SKYLINE HOMES INC | CUSTOM VILLA | | 05/29/2014 | 07/28/2014 | | |

| Serial Number | Label/Insignia Number | Weight | Length | Width | Issued |
|---|---|---|---|---|---|
| AC7V710394GB | PFS1130281 | 22,383 | 56' | 15' 2" | Aug 03, 2021 |
| AC7V710394GA | PFS1130282 | 25,068 | 60' | 15' 2" | |



**Addressee**

JAMIE LYNN GALLIAN
16222 MONTEREY LN SPACE 376
HUNTINGTON BEACH, CA 92649

**Registered Owner(s)**

JAMIE LYNN GALLIAN
16222 MONTEREY LN SPACE 376
HUNTINGTON BEACH, CA 92649

**Situs Address**

16222 MONTEREY LN SPACE 376
HUNTINGTON BEACH, CA 92649

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**ATTENTION OWNER:**

THIS IS THE REGISTRATION CARD FOR THE
UNIT DESCRIBED ABOVE.  PLEASE KEEP THIS
CARD IN A SAFE PLACE WITHIN THE UNIT.

**INSTRUCTIONS FOR RENEWAL:**

REGISTRATION FOR THIS UNIT EXPIRES ON THE
DATE INDICATED ABOVE IN THE BOX LABELED
"Exp. Date".  THERE ARE SUBSTANTIAL
PENALTIES FOR DELINQUENCY.  IF YOU DO NOT
RECEIVE A RENEWAL NOTICE WITHIN 10 DAYS
PRIOR TO THE EXPIRATION DATE, CONTACT
H.C.D. FOR RENEWAL INSTRUCTIONS.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**IMPORTANT**

THE OWNER INFORMATION SHOWN ABOVE MAY NOT REFLECT ALL LIENS RECORDED WITH THE
DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT AGAINST THE DESCRIBED UNIT.  THE
CURRENT TITLE STATUS OF THE UNIT MAY BE CONFIRMED THROUGH THE DEPARTMENT.

DTN:  12313525

08032021 - 1

16

17

STATE OF CALIFORNIA
BUSINESS, CONSUMER SERVICES AND HOUSING AGENCY
DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT
DIVISION OF CODES AND STANDARDS
REGISTRATION AND TITLING PROGRAM



# STATEMENT OF FACTS

This unit is a: ☑ Manufactured Home / Mobilehome  ☐ Commercial Modular  ☐ Floating Home  ☐ Truck Camper

| Decal (License) No.(s): | Trade Name: | Serial No.(s): |
|---|---|---|
| LBM1081 | CUSTOM VILLA | AC7V710394GB/GA |

I/We, the undersigned, hereby state:

Jamie L. Gallian, say that J-Pad, LLC is the Legal Owner and perfected their lien 1/14/2019.

*The correct Address for the Legal Owner - J-Pad LLC 21742 Anza Ave, Torrance, CA 90503*

I/We further agree to indemnify and save harmless the Director of the Department of Housing and Community Development, State of California, and subsequent purchasers of said unit, for any loss they may suffer resulting from registration of the above-described unit in California, or from issuance of a California Certificate of Title covering the same.

I/We certify under penalty of perjury that the foregoing is true and correct.

Executed on __8/6/2021__  at __Huntington Beach__ , __CA__
     *Date*            *City*          *State*

Signature(s):

Printed name(s):

Jamie Lynn Gallian

Address __16222 Monterey Ln #376__

City __Huntington Beach__  State __CA 92649__

HCD RT 476.6 (Rev. 07/16)

18

STATE OF CALIFORNIA
BUSINESS, CONSUMER SERVICES AND HOUSING AGENCY
DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT
DIVISION OF CODES AND STANDARDS
REGISTRATION AND TITLING PROGRAM



## STATEMENT TO ENCUMBER

---

**SECTION I.        DESCRIPTION OF UNIT**

---

This unit is a (check one):

[X] Manufactured Home, Mobilehome, Multifamily Manufactured Home   [ ] Commercial Modular   [ ] Truck Camper   [ ] Floating Home

The Decal (License) Number(s) is: __LBM1081__

The Trade Name is: __SKYLINE HOMES-CUSTOM VILLA__

The Serial Number(s) is: __AC7V710394GB; AC7V710394GA__

---

**SECTION II.        LEGAL OWNER INFORMATION**

---

I/We are releasing legal owner interest in the above-described unit to encumber the title (record a lien) in favor of:

         J-PAD, LLC - SOS ENTITY NO. 201804010750

                        *(Name of New Legal Owner)*

*Address:* ___2702 N. GAFF STREET___     ___ORANGE,___     ___CA___     ___92865___
              Street Address or P.O. Box              City                State           Zip

---

**SECTION III.        CERTIFICATION**

---

I/We certify under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on ___1/14/2019___   at   ___HUNTINGTON BEACH,   CALIFORNIA, CO. OF ORANGE___
                  Date                                    City                       State

Signature of each registered owner:              Printed name of each registered owner:

_Jane L. Mullen, its Member_                     J-SANDCASTLE CO LLC

Address: ___16222 MONTEREY LN 376   HUNTINGTON BEACH,___     ___CA___     ___92649___
              Street Address or P. O. Box              City                    State           Zip

HCD 484.7 (Rev. 11/14)

EXHIBIT 3

JAMIE LYNN GALLIAN
16222 MONTEREY LN. #376
HUNTINGTON BEACH, CA 92649
(714) 321-3449
JAMIEGALLIAN@GMAIL.COM

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA

In re:   JAMIE LYNN GALLIAN                          CASE NO, 8:21-bk-11710-ES

                                                     ADV CASE NO. 8:21-ap-01096

---

JANINE JASSO, ESQ.                          DECLARATION JAMIE LYNN GALLIAN
        PLAINTIFF

VS

JAMIE LYNN GALLIAN
J-PAD, LLC
J-SANDCASTLE, CO. LLC

---

I, Jamie Lynn Gallian, declare under penalty of perjury under the Laws of the State of California the foregoing statement to be true and correct.

On October 18, 2018, Articles of Incorporation were amended to reflect I was the  sole member of J-Pad, LLC.  There are no other Members of J-Pad, LLC.  There were two managers with authority to act in my absence only, namely Robert McLelland and/or Ronald Pierpont.

On October 18, 2018, the Articles of Incorporation were filed reflecting I was the sole Member of J-Sandcastle Co. LLC.  There are no other Members of J-Sandcastle Co. LLC.  There were two managers with authority to act in my absence only, namely Robert McLelland and/or Ronald Pierpont.

1

EXHIBIT 3      22

In re:   JAMIE LYNN GALLIAN

CASE NO, 8:21-bk-11710-ES

ADV CASE NO. 8:21-ap-01096

On November 22, 2021, I filed with the California Secretary of State CERTIFICATE OF CANCELLATION for both entities, J-Pad, LLC and J-Sandcastle Co. LLC, respectively.

Due to the Members financial circumstances caused by a physical injury event to the Member, and the afflictions of the Global Pandemic, the single member entities could not conceptually operate as anticipated.  The original purpose of the entity's to acquire and manage company assets.  The company never got off the ground as planned.

The sole Member of J-Pad, LLC and J-Sandcastle Co. LLC  made the decision to file the Certificate of Cancellation on November 22, 2021, before the end of the year to remain in Good Standing with the California Secretary of State.

DATE:  March 15, 2022

JAMIE LYNN GALLIAN, MEMBER J-PAD LLC

JAMIE LYNN GALLIAN, MEMBER, J-SANDCASTLE CO., LLC

2

23

EXHIBIT 4



# California Secretary of State
## Electronic Filing



## LLC Termination – Certificate of Cancellation

Entity Name:    **J-PAD, LLC.**

Entity (File) Number:    201804010750

File Date:    11/22/2021

Detailed Filing Information

**Dissolution**
The Dissolution was made by a vote of ALL of the members of the California Limited Liability Company.

**Tax Liability Statement**
All final returns required pursuant to the California Revenue and Taxation Code have been or will be filed with the California Franchise Tax Board.

**Cancellation Statement**
Upon the effective date of this Certificate of Cancellation, the Limited Liability Company's registration is cancelled and its powers, rights and privileges will cease in California.

By signing this document, I certify that the information is true and correct and that I am authorized by California law to sign.

**Electronic Signature(s):**

Jamie Gallian

EXHIBIT 4

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 1901 Avenue of the Stars, Suite 450, Los Angeles, CA 90067-6006.

A true and correct copy of the foregoing document entitled (*specify*): TRUSTEE'S NOTICE OF OPPOSITION AND OPPOSITION TO DEBTOR'S NOTICE OF HEARING AND MOTION REQUESTING THE TRUSTEE ABANDON ESTATE'S INTEREST IN DEBTOR'S PRIMARY RESIDENCE, SPACE 376 2014 SKYLINE MANUFACTURED HOME LBM1981; MEMORANDUM OF POINTS AND AUTHORITIES AND REQUEST FOR JUDICIAL NOTICE IN SUPPORT THEREOF will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. <u>TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)</u>**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) <u>February 1, 2023</u> I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page.

**2.  <u>SERVED BY UNITED STATES MAIL</u>**:  On February 1, 2023, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by causing to be placed a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☒ Service information continued on attached page.

**3. <u>SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL</u>** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| February 1, 2023 | Beverly Lew | */s/ Beverly Lew* |
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

<u>ADDITIONAL SERVICE INFORMATION</u> (if needed):

1.  **<u>SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")</u>**

Bradford Barnhardt on behalf of Interested Party Courtesy NEF
bbarnhardt@marshackhays.com, bbarnhardt@ecf.courtdrive.com,kfrederick@ecf.courtdrive.com

Bradford Barnhardt on behalf of Plaintiff Houser Bros. Co.
bbarnhardt@marshackhays.com, bbarnhardt@ecf.courtdrive.com,kfrederick@ecf.courtdrive.com

Aaron E. DE Leest on behalf of Trustee Jeffrey I Golden (TR)
adeleest@DanningGill.com, danninggill@gmail.com;adeleest@ecf.inforuptcy.com

Robert P Goe on behalf of Creditor The Huntington Beach Gables Homeowners Association
kmurphy@goeforlaw.com, rgoe@goeforlaw.com;goeforecf@gmail.com

Robert P Goe on behalf of Plaintiff The Huntington Beach Gables Homeowners Association
kmurphy@goeforlaw.com, rgoe@goeforlaw.com;goeforecf@gmail.com

Jeffrey I Golden (TR)
lwerner@go2.law, jig@trustesolutions.net;kadele@go2.law

D Edward Hays on behalf of Creditor Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates
ehays@marshackhays.com,
ehays@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@marshackhays.com;cmend
oza@ecf.courtdrive.com

D Edward Hays on behalf of Interested Party Courtesy NEF
ehays@marshackhays.com,
ehays@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@marshackhays.com;cmend
oza@ecf.courtdrive.com

D Edward Hays on behalf of Plaintiff Houser Bros. Co.
ehays@marshackhays.com,
ehays@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@marshackhays.com;cmend
oza@ecf.courtdrive.com

Brandon J Iskander on behalf of Creditor The Huntington Beach Gables Homeowners Association
biskander@goeforlaw.com, kmurphy@goeforlaw.com

Brandon J Iskander on behalf of Plaintiff The Huntington Beach Gables Homeowners Association
biskander@goeforlaw.com, kmurphy@goeforlaw.com

Eric P Israel on behalf of Trustee Jeffrey I Golden (TR)
eisrael@DanningGill.com, danninggill@gmail.com;eisrael@ecf.inforuptcy.com

Laila Masud on behalf of Creditor Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates
lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com

Laila Masud on behalf of Interested Party Courtesy NEF
lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                     **F 9013-3.1.PROOF.SERVICE**

Laila Masud on behalf of Plaintiff Houser Bros. Co.
lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com

Mark A Mellor on behalf of Defendant Randall L Nickel
mail@mellorlawfirm.com, mellormr79158@notify.bestcase.com

Mark A Mellor on behalf of Interested Party Courtesy NEF
mail@mellorlawfirm.com, mellormr79158@notify.bestcase.com

Valerie Smith on behalf of Interested Party Courtesy NEF
claims@recoverycorp.com

United States Trustee (SA)
ustpregion16.sa.ecf@usdoj.gov

**2.  SERVED BY U.S. MAIL**

Debtor                                    The Honorable Scott C. Clarkson
Jamie Lynn Gallian                        U.S. Bankruptcy Court
16222 Monterey Ln Unit 376                411 W. Fourth Street, Suite 5130
Huntington Beach, CA 92649                Santa Ana, CA  92701

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                    **F 9013-3.1.PROOF.SERVICE**

EXHIBIT E

Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address

JAMIE LYNN GALLIAN
16222 MONTEREY LN #376
HUNTINGTON BEACH, CA 92649
(714)321-3449
jamiegallian@gmail.com

FOR COURT USE ONLY

☐ *Attorney for:* Debtor appearing without attorney

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA - <u>SANTA ANA DIVISION</u>DIVISION

In re:
JAMIE LYNN GALLIAN

Debtor(s).

JANINE JASSO, ESQ.

Plaintiff(s),

JAMIE LYNN GALLIAN
J-SANDCASTLE CO LLC
J-PAD, LLC

Defendant(s).

CASE NO.: 8:21-bk-11710-ES

ADVERSARY NO.: 8:21-ap-01096

CHAPTER: 7

### CORPORATE OWNERSHIP STATEMENT PURSUANT TO  FRBP 1007(a)(1) and 7007.1, and LBR 1007-4

[No hearing]

*Pursuant to FRBP 1007(a)(1) and 7007.1, and LBR 1007-4, any corporation, other than a governmental unit, that is a debtor in a voluntary case or a party to an adversary proceeding or a contested matter shall file this Statement identifying all its parent corporations and listing any publicly held company, other than a governmental unit, that directly or indirectly own 10% or more of any class of the corporation's equity interest, or state that there are no entities to report.   This Corporate Ownership Statement must be filed with the initial pleading filed by a corporate entity in a case or adversary proceeding.    A supplemental statement must promptly be filed upon any change in circumstances that renders this Corporate Ownership Statement inaccurate.*

I, *(Printed name of attorney or declarant)*  <u>JAMIE LYNN GALLIAN</u>                             , the undersigned in the above-captioned case, hereby declare under penalty of perjury under the laws of the United States that the following is true and correct:

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

**[Check the appropriate boxes and, if applicable, provide the required information.]**

1.   I have personal knowledge of the matters set forth in this Statement because:

☐ I am the president or other officer or an authorized agent of the Debtor corporation

☒ I am a party to an adversary proceeding

☐ I am a party to a contested matter

☐ I am the attorney for the Debtor corporation

2.a.   ☐ The following entities, other than the Debtor or a governmental unit, directly or indirectly own 10% or more of any class of the corporation's(s') equity interests:

_____

_____

_____

[For additional names, attach an addendum to this form.]

b.   ☒ There are no entities that directly or indirectly own 10% or more of any class of the corporation's equity interest.

Date:   3/15/22

By:   _____
Signature of Debtor, or attorney for Debtor

Name:   JAMIE LYNN GALLIAN_____
Printed name of Debtor, or attorney for Debtor

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

JAMIE LYNN GALLIAN
16222 MONTEREY LN. #376
HUNTINGTON BEACH, CA 92649
(714) 321-3449
JAMIEGALLIAN@GMAIL.COM

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA

In re:   JAMIE LYNN GALLIAN                    CASE NO, 8:21-bk-11710-ES

                                               ADV CASE NO. 8:21-ap-01096

JANINE JASSO, ESQ.                    DECLARATION JAMIE LYNN GALLIAN
         PLAINTIFF

VS

JAMIE LYNN GALLIAN
J-PAD, LLC
J-SANDCASTLE, CO. LLC

        I, Jamie Lynn Gallian, declare under penalty of perjury under the Laws of the State of
California the foregoing statement to be true and correct.

        On October 18, 2018, Articles of Incorporation were amended to reflect I was the  sole
member of J-Pad, LLC.  There are no other Members of J-Pad, LLC.  There were two managers
with authority to act in my absence only, namely Robert McLelland and/or Ronald Pierpont.

        On October 18, 2018, the Articles of Incorporation were filed reflecting I was the sole
Member of J-Sandcastle Co. LLC.  There are no other Members of J-Sandcastle Co. LLC.  There
were two managers with authority to act in my absence only, namely Robert McLelland and/or
Ronald Pierpont.

1

In re:   JAMIE LYNN GALLIAN                    CASE NO, 8:21-bk-11710-ES


                                              ADV CASE NO. 8:21-ap-01096



     On November 22, 2021, I filed with the California Secretary of State CERTIFICATE OF CANCELLATION for both entities, J-Pad, LLC and J-Sandcastle Co. LLC, respectively.

     Due to the Members financial circumstances caused by a physical injury event to the Member, and the afflictions of the Global Pandemic, the single member entities could not conceptually operate as anticipated.  The original purpose of the entity's to acquire and manage company assets.  The company never got off the ground as planned.

     The sole Member of J-Pad, LLC and J-Sandcastle Co. LLC  made the decision to file the Certificate of Cancellation on November 22, 2021, before the end of the year to remain in Good Standing with the California Secretary of State.


DATE:  March 15, 2022

_____
JAMIE LYNN GALLIAN, MEMBER J-PAD LLC


_____
JAMIE LYNN GALLIAN, MEMBER, J-SANDCASTLE CO., LLC


2



## California Secretary of State
### Electronic Filing



# LLC Termination – Certificate of Cancellation

Entity Name:    J-PAD, LLC.

Entity (File) Number:    201804010750

File Date:    11/22/2021

Detailed Filing Information

**Dissolution**
The Dissolution was made by a vote of ALL of the members of the California
Limited Liability Company.

**Tax Liability Statement**
All final returns required pursuant to the California Revenue and Taxation Code
have been or will be filed with the California Franchise Tax Board.

**Cancellation Statement**
Upon the effective date of this Certificate of Cancellation, the Limited Liability
Company's registration is cancelled and its powers, rights and privileges will
cease in California.

By signing this document, I certify that the information is true and correct and that
I am authorized by California law to sign.

**Electronic Signature(s):**

Jamie Gallian



## California Secretary of State
Electronic Filing



## LLC Termination – Certificate of Cancellation

Entity Name:    J-SANDCASTLE CO, LLC

Entity (File) Number:    201829810053
File Date:    11/22/2021

Detailed Filing Information

**Dissolution**
The Dissolution was made by a vote of ALL of the members of the California Limited Liability Company.

**Tax Liability Statement**
All final returns required pursuant to the California Revenue and Taxation Code have been or will be filed with the California Franchise Tax Board.

**Cancellation Statement**
Upon the effective date of this Certificate of Cancellation, the Limited Liability Company's registration is cancelled and its powers, rights and privileges will cease in California.

By signing this document, I certify that the information is true and correct and that I am authorized by California law to sign.

**Electronic Signature(s):**

Jamie L. Gallian

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
5801 SKYLAB ROAD
HUNTINGTON BEACH, CA 92649

A true and correct copy of the foregoing document entitled (*specify*): CORPORATE OWNERSHIP STATEMENT
DECLARATION OF JAMIE LYNN GALLIAN, MEMBER J-PAD, LLC; MEMBER OF J-SANDCASTLE CO. LLC;
CERTIFICATE OF CANCELLATION FILED NOVEMBER 22, 2021, J-PAD, LLC
CERTIFICATE OF CANCELLATION FILED NOVEMBER 22, 2021, J-SANDCASTLE CO LLC
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in
the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General
Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)
3/11/2022_____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that
the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated
below:

☑ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*)  3/15/2022_____, I served the following persons and/or entities at the last known addresses in this bankruptcy
case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail,
first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the
judge will be completed no later than 24 hours after the document is filed.
JANINE JASSO, ESQ.
16025 WARMINGTON LANE
HUNTINGTON BEACH, CA 92649
P.O. BOX 37106
EL PASO, TX 79937-0161

☑ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method
for each person or entity served)**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served
the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to
such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration
that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is
filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| 3/15/22 | ROBERT MCLELLAND | *Robert McLelland* |
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

## 1. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")

Aaron E DE Leest on behalf of Trustee Jeffrey I Golden (TR)
adeleest@DanningGill.com, danninggill@gmail.com; adeleest@ecf.inforuptcy.com

Jeffrey I Golden (TR)    lwerner@wgllp.com, jig@trusteesolutions.net; kadele@wgllp.com

D Edward Hays on behalf of Interested Party Courtesy NEF
ehays@marshackhays.com,
ehays@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.
com

D Edward Hays on behalf of Plaintiff Houser Bros. Co.
ehays@marshackhays.com,
ehays@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.
com

Eric P Israel on behalf of Trustee Jeffrey I Golden (TR)
eisrael@DanningGill.com, danninggill@gmail.com;eisrael@ecf.inforuptcy.com

Laila Masud on behalf of Interested Party Courtesy NEF
lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com

Laila Masud on behalf of Plaintiff Houser Bros. Co.
lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com

Mark A Mellor on behalf of Defendant Randall L Nickel
mail@mellorlawfirm.com, mellormr79158@notify.bestcase.com

Mark A Mellor on behalf of Interested Party Courtesy NEF
mail@mellorlawfirm.com, mellormr79158@notify.bestcase.com

Valerie Smith on behalf of Interested Party Courtesy NEF    claims@recoverycorp.com

United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov

## 2. SERVED BY U.S. MAIL

Jamie Lynn Gallian
16222 Monterey Ln. Unit 376
Huntington Beach, CA 92649

The Honorable Erithe A. Smith
U.S. Bankruptcy Court
411 West Fourth Street, Suite 5040
Santa Ana, CA 92701-4593

United States Trustee (SA)
411 W Fourth St., Suite 7160
Santa Ana, CA 92701-4500

Santa Ana Division
411 West Fourth Street, Suite 2030,
Santa Ana, CA 92701-4500

Feldsott & Lee
23161 Mill Creek Drive, Ste.
300 Laguna Hills, CA
92653-7907

Janine Jasso
16025 Warmington Lane
Huntington Beach, CA 92649

Janine Jasso
P.O Box 37106
El Paso TX 79937-0161

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

F 9013-3.1.PROOF.SERVICE

EXHIBIT F

1   ERIC P. ISRAEL (State Bar No. 132426)
    *eisrael@DanningGill.com*
2   AARON E. DE LEEST (State Bar No. 216832)
    *adeleest@DanningGill.com*
3   DANNING, GILL, ISRAEL & KRASNOFF, LLP
    1901 Avenue of the Stars, Suite 450
4   Los Angeles, California 90067-6006
    Telephone: (310) 277-0077
5   Facsimile: (310) 277-5735

6   Attorneys for Plaintiff Jeffrey I. Golden,
    Chapter 7 Trustee

7

8

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SANTA ANA DIVISION

| | |
|---|---|
| In re | Case No. 8:21-bk-11710-SC |
| JAMIE LYNN GALLIAN, | Chapter 7 |
| Debtor. | Adv. No. |
| JEFFREY I. GOLDEN, Chapter 7 Trustee, | CHAPTER 7 TRUSTEE'S COMPLAINT: (1) TO AVOID AND RECOVER FRAUDULENT TRANSFERS; (2) TO AVOID AND RECOVER POSTPETITION TRANSFERS; (3) FOR DECLARATORY RELIEF; (4) FOR BREACH OF CONTRACT; (5) FOR MONEY HAD AND RECEIVED; AND (6) UNJUST ENRICHMENT |
| Plaintiff, | |
| vs. | |
| J-SANDCASTLE CO., LLC; J-PAD LLC; STEVEN D. GALLIAN; BRIAN J. GALLIAN; JUSTIN BARCLAY; RONALD J. PIERPONT; ROBERT J. MCLELLAND; AND E. J. GALLIAN, | |
| Defendants. | Date:   [SEE SUMMONS] Time:   [SEE SUMMONS] Place:   [SEE SUMMONS] |

Plaintiff alleges:

## JURISDICTION

1.     This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157(b) and 1334(b).  This action is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (E), (H), (K), and (O).  This adversary proceeding is brought pursuant to 11 U.S.C. §§ 542, 544, 548, 549, 550 and 551 and Rule 7001 of the Federal Rules of Bankruptcy Procedure.  This

1   adversary proceeding arises in and under and relates to the bankruptcy case under Chapter 7 of the

2   Bankruptcy Code (the "Code") entitled *In Jamie Lynn Gallian,* Case No. 8:21-bk-11710-SC (the

3   "Bankruptcy Case"), which is presently pending before the United States Bankruptcy Court for the

4   Central District of California, Santa Ana Division.  Plaintiff consents to and the Court can and

5   should enter a final judgment herein.  If and to the extent that the Court determines that it lacks

6   jurisdiction or authority to enter a final judgment, Plaintiff requests that the Court submit findings

7   of fact and conclusions of law for consideration by the District Court.

8

9                                              **PARTIES**

10      2.      Plaintiff in this adversary proceeding is Jeffrey I. Golden, the Chapter 7 trustee

11   ("Plaintiff" or the "Trustee") of the bankruptcy estate of Jamie Lynn Gallian, the debtor in the

12   Bankruptcy Case (the "Debtor").  Plaintiff brings this adversary proceeding solely in his capacity

13   as the Chapter 7 Trustee of the Debtor's bankruptcy estate.

14      3.      Plaintiff is informed and believes, and based thereon alleges, that J-Sandcastle Co.,

15   LLC ("J-Sandcastle") was a California limited liability company, with its principal place of

16   business located in in the County of Orange, State of California.  The Debtor is the sole member

17   and manager of J-Sandcastle.

18      4.      Plaintiff is informed and believes, and based thereon alleges, that J-Pad LLC ("J-

19   Pad") was a California limited liability company, with its principal place of business located in in

20   the County of Orange, State of California.  The Debtor is the sole member and manager of J-Pad.

21      5.      Plaintiff is informed and believes, and based thereon alleges, that Steven D. Gallian

22   is an individual residing in the County of Orange, State of California.  Plaintiff is further informed

23   and believes that Steven D. Gallian is the Debtor's son.

24      6.      Plaintiff is informed and believes, and based thereon alleges, that Brian J. Gallian is

25   an individual residing in the County of Orange, State of California.  Plaintiff is further informed

26   and believes that Brian J. Gallian is the Debtor's son.

27

28

1719769.2  27064                                    2

7.      Plaintiff is informed and believes, and based thereon alleges, that E. J. Gallian is an individual residing in the County of Orange, State of California.  Plaintiff is further informed and believes that E. J. Gallian is the Debtor's granddaughter.

8.      Plaintiff is informed and believes, and based thereon alleges, that Justin Barclay is an individual residing in the County of Orange, State of California.  Plaintiff is further informed and believes that Justin Barclay is the Debtor's son.

9.      Plaintiff is informed and believes, and based thereon alleges, that Ronald J. Pierpont is an individual residing in the County of Orange, State of California.  Plaintiff is further informed and believes that Ronald J. Pierpont is the Debtor's ex-husband.

10.     Plaintiff is informed and believes, and based thereon alleges, that Robert J. McLelland is an individual residing in the County of Orange, State of California.  Plaintiff is further informed and believes that Robert J. McLelland is the Debtor's roommate.

11.     Plaintiff is further informed and believes, and based thereon alleges, that J-Sandcastle, J-Pad, Steven Gallian, Brian Gallian, Justin Barclay, and Ronald Pierpont are all "insiders" of the Debtor pursuant to § 101(31) of the Code.

## **GENERAL ALLEGATIONS**

12.     On or about July 9, 2021 (the "Petition Date"), the Debtor commenced this case by filing a voluntary petition for relief under Chapter 7 of the Code.

13.     Jeffrey I. Golden thereafter accepted appointment as the Chapter 7 trustee for the Debtor's bankruptcy estate and continues to serve in that capacity for the benefit of creditors.

The J-Sandcastle Transfer

14.     Up to and until about October 31, 2018, the Debtor lived at 4476 Alderport Drive, Unit 53, Huntington Beach, CA 92649 ("Alderport Property"), which she received as a gift in 2017 from her stepmother, Sandra Bradley ("Ms. Bradley").  The Debtor always held title to the Alderport Property in her own name.

15.     On or about October 31, 2018, the Debtor sold the Alderport Property to Randall Nickell for $379,000, which he paid for in two cashier's checks payable to the Debtor, individually.

16.     The Debtor deposited the funds from Mr. Nickell for the Alderport Property into a Chase Bank account in her name.

17.     Thereafter, the Debtor used $185,000 of the proceeds from the sale of the Alderport Property to purchase a manufactured home located at 16222 Monterey Lane, Space #376, Huntington Beach, CA 92649 (the "Property") from Lisa Ryan.

18.     The Debtor paid Ms. Ryan the first $10,000 on November 1, 2018, and the $175,000 balance of the purchase price for the Property on November 17, 2018.

19.     Even though the Debtor paid for the Property with proceeds of her Alderport Property deposited into a bank account in her own name, the Debtor transferred title to, and the beneficial interest in, the Property to J-Sandcastle.

20.     At the time Debtor transferred the Property to J-Sandcastle, she was being sued in multiple actions and judgments were later entered against her as follows:

        a.      On November 8, 2018, in Case No. 30-2017-00913985, the Orange County Superior Court ("OCSC") granted a motion by the Huntington Beach Gables Homeowners Association ("HOA") for attorney's fees against the Debtor, and on December 4, 2018, the OCSC entered an order on the motion, which reflected that the HOA had been awarded $46,138 of attorney's fees against the Debtor, plus interest.

        b.      On May 6, 2019, in Case No. 30-2017-00913985, the HOA obtained judgment against the Debtor in excess of $315,000.

        c.      On September 27, 2018, in Case No. 30-2017-00962999, the OCSC imposed $3,070 of sanctions against the Debtor.

        d.      On March 21, 2019, in Case No. 30-2017-00962999, the HOA obtained a money judgment against the Debtor for $9,265.

        e.      To date, the Debtor has paid approximately $1,295 on account of all these judgments and orders.

21.     On November 1, 2018, Ms. Ryan executed a "Notice of Sale or Transfer" for the Property with the Debtor, "Jamie Lynn Gallian," identified as the "Purchaser/New Owner."

22.     On November 15, 2018, however, Ms. Ryan whited-out the Debtor's name and

1  replaced it with "J-Sandcastle Co, LLC Its Manager Jamie L. Gallian," pursuant to a discussion the
2  Debtor and Ms. Ryan had on that day (the "First J-Sandcastle Transfer").

3      23.    The fully executed "Notice of Sale or Transfer" of the Property reflecting that J-
4  Sandcastle was the owner of the Property was transmitted to the California Department of Housing
5  and Community Development (the "HCD"), which handles the registering and titling of
6  manufactured and mobilehomes, on or about November 20, 2018 (the "Second J-Sandcastle
7  Transfer").  The First J-Sandcastle Transfer and Second J-Sandcastle Transfer are, collectively, the
8  "J-Sandcastle Transfers".

9      24.    J-Sandcastle paid no consideration to the Debtor for the J-Sandcastle Transfers or in
10  connection with receiving title to and the beneficial interest in the Property. J-Sandcastle did not
11  have any business other than its ownership of the Property.

12      25.    On the Petition Date, title to the Property remained with J-Sandcastle, and not the
13  Debtor.

14      26.    On or about July 28, 2021 (postpetition), however, the Debtor caused J-Sandcastle
15  to transfer title to herself personally.  Accordingly, as of August 10, 2021, the HCD records were
16  changed to reflect that the Property's registered owner was "Jamie Lynn Gallian".  By receiving
17  this transfer from J-Sandcastle, the Debtor is a subsequent transferee that did not take for value, in
18  good faith, and without knowledge of the voidability of the initial fraudulent transfer to J-
19  Sandcastle.

20      The J-Pad Transfers

21      27.    At about the time that the Debtor purchased the Property, she sought to conceal the
22  equity in the Property by granting a lien for $225,000 on the Property in favor of J-Pad.

23      28.    Accordingly, on November 16, 2018, the Debtor, as the sole member of J-
24  Sandcastle the "borrower", executed a secured promissory note in the amount of $225,000 in favor
25  of J-Pad.  The secured promissory note is secured by a separate security agreement dated
26  November 16, 2018, reflecting a security interest in the Property between J-Sandcastle and J-Pad
27  (the "First J-Pad Transfer").

28      29.    In addition, on November 16, 2018, the Debtor, individually as the "borrower", also

1719769.2  27064                                    5

executed a secured promissory note in the amount of $225,000 in favor of J-Pad.  The secured

promissory note with the Debtor also purports to be secured by a separate security agreement dated

November 16, 2018, between the Debtor and J-Pad (the "Second J-Pad Transfer").  It is unknown if

the separate security agreement exists.

30.     Notwithstanding that the secured promissory notes were for $225,000, J-Sandcastle

did not advance or loan any money to J-Pad at any point in time.  The Debtor, however, advanced

$175,000 to J-Pad at about the time of the First J-Pad Transfer, with the balance of $50,000 coming

from the Debtor later (collectively, the "Third J-Pad Transfer").

31.     Despite the two secured promissory notes, the $225,000 was not owed to J-Pad.

Rather, the $225,000 was owed by J-Pad to the Debtor (who had in fact advanced the funds from

her personal accounts).

32.     On January 14, 2019, the Debtor individually and through J-Pad filed not less than

three UCC-1 Financing Statements with the California Secretary of State listing J-Pad as the

secured party and the collateral as the Property (collectively, the "Fourth J-Pad Transfer"). A UCC

filing failed to perfect liens against the Property.

33.     Thereafter, on August 20, 2020, the Debtor signed a "Statement to Encumber" that

was submitted to the HCD to add the Debtor's ex-husband, Ronald J. Pierpont, and J-Pad as

lienholders on the certificate of title for the Property (the "Fifth J-Pad Transfer").

34.     Thereafter, as of February 24, 2021, the certificate of title to the Property reflected

that Mr. Pierpont and J-Pad were the "legal owners" (i.e., the lienholders) on the Property.

35.     On or about July 9, 2021, however, Mr. Pierpont submitted a signed "Lien

Satisfied" form to the HCD removing Mr. Pierpont and J-Pad as the lienholders on the Property.

36.     Thereafter, as of August 3, 2021, the certificate of title to the Property did not reflect

any "legal owners" (i.e., lienholders) on the Property.

37.     On or about August 6, 2021 (postpetition), the Debtor, individually, signed and

submitted a "Statement of Facts" to the HCD stating that the legal owner of the Property was J-Pad

and that J-Pad perfected its lien on January 14, 2019 (the "Sixth J-Pad Transfer").

38.     The Debtor also submitted with the August 6, 2021, Statement of Facts a "Statement

1  to Encumber" purportedly signed on January 14, 2019, reflecting that the "legal owner" of the

2  Property was only J-Pad (the "Seventh J-Pad Transfer").

3       39.    The First, Second, Third, Fourth, Fifth, Sixth, and Seventh J-Pad Transfers are

4  collectively referred to as the "J-Pad Transfers".

5       40.    J-Pad paid no consideration for the J-Pad Transfers.

6       <u>The Steven and Brian Gallian Transfers</u>

7       41.    On August 20, 2020, the Debtor, as the member of J-Sandcastle, signed a

8  "Statement to Encumber" that was submitted to the HCD to add her sons Steven Gallian and Brian

9  Gallian as legal owners (i.e., lienholders) on the certificate of title for the Property (the "First

10  Steven and Brian Transfer").

11       42.    In addition, on December 4, 2020, the Debtor, as the member of J-Pad, filed a UCC

12  Financing Statement Amendment (UCC3) with the California Secretary of State listing Steven and

13  Brian Gallian as additional secured parties with respect to the Property (the "Second Steven and

14  Brian Transfer").  The UCC filings failed to perfect liens against the Property. The First Steven and

15  Brian Transfer and the Second Steven and Brian Transfer are collectively, the "Steven and Brian

16  Transfers".

17       43.    Steven and Brian Gallian paid no consideration for the Steven and Brian Transfers.

18       <u>Additional Postpetition Liens</u>

19       44.    In addition to the UCC Financing Statement Amendment (UCC3) filed on

20  December 4, 2020, with respect to Steven and Brian Gallian, on September 8, 2021, September 12,

21  2021, and September 24, 2021, the Debtor, individually and/or through J-Pad or J-Sandcastle,

22  purported to perfect or create additional liens on the Property in favor of J-Pad, Steven Gallian,

23  Brian Gallian, Justin Barclay, Ronald J. Pierpont, Robert J. McLelland, and E. J. Gallian by filing

24  multiple UCC Financing Statement Amendments (UCC3) with the California Secretary of State

25  listing J-Pad, Steven Gallian, Brian Gallian, Justin Barclay, Mr. Pierpont, Robert J. Mclelland, and

26  E. J. Gallian as additional secured parties (collectively, the "Postpetition Transfers"). The UCC

27  filings failed to perfect liens against the Property.

28       45.    J-Pad, Steven Gallian, Brian Gallian, Justin Barclay, Mr. Pierpont, Robert J.

McLelland, and E. J. Gallian paid no consideration for Postpetition Transfers or to be added as additional secured parties with respect to the Property.

46.     The J-Sandcastle Transfers, J-Pad Transfers, Steven and Brian Transfers, and the Postpetition Transfers are collectively referred to as the "Transfers".

47.     The Trustee is informed and believes, and based thereon alleges, that on the Petition Date, there existed in this case one or more creditors holding unsecured claims allowable under § 502 of the Code or that are not allowable only under § 502(e), that could have avoided the Transfers under applicable law.

## FIRST CLAIM FOR RELIEF

**(To Avoid and Recover Fraudulent Transfers under 11 U.S.C. §§ 544(b) and/or 548 and 550, and California Civil Code §§ 3439.04, 3439.07 and 3439.08)**

**(Against All Defendants)**

48.     Plaintiff refers to and incorporates herein by reference each and every allegation contained in paragraphs 1 through 47, inclusive, of this Complaint as though fully set forth herein.

49.     Plaintiff is informed and believes, and based thereon alleges, that the Debtor made the Transfers with the actual intent to hinder, delay, or defraud one or more of her creditors.

50.     Pursuant to 11 U.S.C. §§ 544 and/or 548, California Civil Code § 3439.04(a), and other applicable law, Plaintiff is entitled to avoid the Transfers as not being perfected or as fraudulent.

51.     Pursuant to Section 550(a) of the Bankruptcy Code, Plaintiff may recover the Transfers from the initial transferees and any subsequent transferees.

52.     Specifically, Plaintiff may recover the Property from J-Sandcastle, or the value thereof, plus interest thereon at the maximum legal rate.

53.     Additionally, Plaintiff may recover the Third J-Pad Transfer (i.e., $225,000) from J-Pad, plus interest thereon at the maximum legal rate.

54.     Pursuant to the provisions of § 550 and § 551 of the Bankruptcy Code, all avoided Transfers, including title to and liens against the Property, are preserved for the benefit of the

Debtor's estate.

### SECOND CLAIM FOR RELIEF

**(To Avoid and Recover Fraudulent Transfers under 11 U.S.C. §§ 544(b) and/or 548 and 550, and California Civil Code §§ 3439.05, 3439.07 and 3439.08)**

**(Against All Defendants)**

55.     Plaintiff refers to and incorporates herein by reference each and every allegation contained in paragraphs 1 through 47, inclusive, of this Complaint as though fully set forth herein.

56.     Plaintiff is informed and believes, and based thereon alleges, that the Debtor received less than a reasonably equivalent value in exchange for the Transfers.

57.     Plaintiff is informed and believes, and based thereon alleges, that at the time the Transfers were made, the Debtor was either insolvent or became insolvent as a result of the Transfers.

58.     Pursuant to Sections 544(b) and/or 548 of the Bankruptcy Code, California Civil Code California Civil Code §§ 3439.05 and 3439.07, and other applicable law, Plaintiff is entitled to avoid the Transfers as not being properly perfected or as fraudulent.

59.     Pursuant to Section 550(a) of the Bankruptcy Code, Plaintiff may recover the Transfers from the initial transferees and any subsequent transferees.

60.     Specifically, Plaintiff may recover the Property from J-Sandcastle, or the value thereof, plus interest thereon at the maximum legal rate.

61.     Additionally, Plaintiff may recover the Third J-Pad Transfer (i.e., $225,000) from J-Pad, plus interest thereon at the maximum legal rate.

62.     Pursuant to the provisions of § 550 and § 551 of the Bankruptcy Code, all avoided Transfers, including title to and liens against the Property, are preserved for the benefit of the Debtor's estate.

**THIRD CLAIM FOR RELIEF**

**(To Avoid and Recover Fraudulent Transfers under 11 U.S.C. §§ 544(b) and/or 548 and 550,**

**and California Civil Code §§ 3439.04(a), 3439.07, and 3439.08)**

**(Against all Defendants)**

63.     Plaintiff refers to and incorporates herein by reference each and every allegation contained in paragraphs 1 through 47, inclusive, and paragraph 56, of this Complaint as though fully set forth herein.

64.     Plaintiff alleges that at the time of the Transfers, the Debtor was engaged, or was about to engage, in business or a transaction or transactions for which her remaining assets were unreasonably small in relation to the business or transaction.

65.     Pursuant to Sections 544(b) and/or 548 of the Bankruptcy Code, California Civil Code California Civil Code §§ 3439.05 and 3439.07, and other applicable law, Plaintiff is entitled to avoid the Transfers as either not being properly perfected or as fraudulent.

66.     Pursuant to Section 550(a) of the Bankruptcy Code, Plaintiff may recover the Transfers from the initial transferees and any subsequent transferees.

67.     Specifically, Plaintiff may recover the Property from J-Sandcastle, or the value thereof, plus interest thereon at the maximum legal rate.

68.     Additionally, Plaintiff may recover the Third J-Pad Transfer (i.e., $225,000) from J-Pad, plus interest thereon at the maximum legal rate.

69.     Pursuant to the provisions of § 550 and § 551 of the Bankruptcy Code, all avoided Transfers, including title to and liens against the Property, are preserved for the benefit of the Debtor's estate.


**FOURTH CLAIM FOR RELIEF**

**(To Avoid and Recover Fraudulent Transfers under 11 U.S.C. §§ 544(b) and/or 548 and 550,**

**and California Civil Code §§ 3439.04(a), 3439.07, and 3439.08)**

**(Against all Defendants)**

70.     Plaintiff refers to and incorporates herein by reference each and every allegation

1  contained in paragraphs 1 through 47, inclusive, and paragraph 56, of this Complaint as though

2  fully set forth herein.

3       71.    Plaintiff alleges that the Debtor intended to incur, or believed or reasonably should

4  have believed that she would incur, debts that would be beyond her ability to pay as such debts

5  became due.

6       72.    Pursuant to Sections 544(b) and/or 548 of the Bankruptcy Code, California Civil

7  Code California Civil Code §§ 3439.04(a) and 3439.07, and other applicable law, Plaintiff is

8  entitled to avoid the Transfers as either not being properly perfected or as fraudulent.

9       73.    Pursuant to Section 550(a) of the Bankruptcy Code, Plaintiff may recover the

10 Transfers from the initial transferees and any subsequent transferees.

11      74.    Specifically, Plaintiff may recover the Property from J-Sandcastle, or the value

12 thereof, plus interest thereon at the maximum legal rate.

13      75.    Additionally, Plaintiff may recover the Third J-Pad Transfer (i.e., $225,000) from J-

14 Pad, plus interest thereon at the maximum legal rate.

15      76.    Pursuant to the provisions of § 550 and § 551 of the Bankruptcy Code, all avoided

16 Transfers, including title to and liens against the Property, are preserved for the benefit of the

17 Debtor's estate.

18

19                    **FIFTH CLAIM FOR RELIEF**

20      **(To Avoid and Recover Postpetition Transfers under 11 U.S.C. § 549(a))**

21                    **(Against All Defendants)**

22      77.    Plaintiff hereby incorporates by this reference all of his allegations in Paragraphs

23 1 through 76, inclusive, of this Complaint as though fully set forth herein.

24      78.    The Sixth J-Pad Transfer, Seventh J-Pad Transfer, and the Postpetition Transfers

25 were not authorized under the Bankruptcy Code or by the Court.

26      79.    Pursuant to § 549 of the Code, the Trustee is entitled to avoid the Sixth J-Pad

27 Transfer, Seventh J-Pad Transfer, and the Postpetition Transfers.

28      80.    Pursuant to the provisions of § 550 and § 551 of the Bankruptcy Code, any liens

1719769.2  27064                    11

1    relating to Sixth J-Pad Transfer, Seventh J-Pad Transfer, and the Postpetition Transfers are

2    preserved for the benefit of the Debtor's estate.

3

4    **SIXTH CLAIM FOR RELIEF**

5    **(For Declaratory Relief)**

6    **(Against All Defendants)**

7            81.     Plaintiff hereby incorporates by this reference all of his allegations in Paragraphs

8    1 through 80, inclusive, of this Complaint as though fully set forth herein.

9            82.     An actual controversy exists in that Plaintiff contends that the Defendants do not

10    have valid, perfected, and unavoidable liens on the Property.

11            83.     Pursuant to 11 U.S.C. § 544(a)(2) and other applicable law, the Trustee is entitled to

12    a judgment determining that the Defendants do not have valid, perfected, and unavoidable liens on

13    the Property.

14

15    **SEVENTH CLAIM FOR RELIEF**

16    **(For Turnover – 11 U.S.C. § 542)**

17    **(Against all Defendants)**

18            84.     Plaintiff refers to and incorporates herein by reference each and every allegation

19    contained in paragraphs 1 through 83, inclusive, of this Complaint as though fully set forth herein.

20            85.     Upon avoidance, recovery, and preservation, the Property will be property of the

21    Debtor's bankruptcy estate.

22            86.     The Trustee may use, sell, or lease the Property under 11 U.S.C. § 363.

23            87.     Pursuant to 11 U.S.C. § 542, the Trustee is entitled to the turnover by the

24    Defendants of the Property.

25

26

27

28

**EIGHTH CLAIM FOR RELIEF**

**(For Breach of Contract)**

**(Against J-Pad)**

88.     Plaintiff refers to and incorporates herein by reference each and every allegation contained in paragraphs 1 through 87, inclusive, of this Complaint as though fully set forth herein.

89.     Plaintiff alleges that the Debtor loaned $225,000 to J-Pad.

90.     Plaintiff alleges that the Debtor performed all of the terms and obligations on her part to be performed with respect to the terms of such loan.

91.     Plaintiff alleges that J-Pad has defaulted under the terms of the loan including, without limitation, its failure to repay all amounts owed.

92.     As of the date hereof, the outstanding principal balance owed to the Debtor by J-Pad is $225,000, plus interest.


**NINTH CLAIM FOR RELIEF**

**(To Avoid Unjust Enrichment)**

**(Against J-Pad)**

93.     Plaintiff refers to and incorporates herein by reference each and every allegation contained in paragraphs 1 through 92, inclusive, of this Complaint as though fully set forth herein.

94.     Plaintiff alleges that as a result of the J-Pad Transfers, J-Pad has been unjustly enriched, so that Plaintiff is entitled to recover from J-Pad money, in a sum of not less than $225,000, plus interest.


**TENTH CLAIM FOR RELIEF**

**(To Avoid Unjust Enrichment)**

**(Against J-Pad)**

95.     Plaintiff refers to and incorporates herein by reference each and every allegation contained in paragraphs 1 through 94, inclusive, of this Complaint as though fully set forth herein

96.     J-Pad owes the Debtor the principal sum of $225,000 for money had and received

1    by J-Pad from the Debtor.

2    97.    The Trustee is entitled to recover damages from J-Pad in the sum of not less than

3    $225,000, plus interest.

4

5    WHEREFORE, the Plaintiff prays for judgment against the Defendants as follows:

6    ON THE FIRST THROUGH FOURTH CLAIMS FOR RELIEF:

7    1.    For judgment in favor of the Plaintiff and against the Defendants avoiding the

8    Transfers;

9    2.    For a judgment in favor of the Plaintiff and against all transferees for the Trustee to

10    recover the transferred property;

11    3.    For a judgment in favor of the Plaintiff and against J-Sandcastle for the Trustee to

12    recover the Property from J-Sandcastle;

13    4.    For a judgment in favor of the Plaintiff and against J-Pad for the Trustee to recover

14    the Third J-Pad Transfer (i.e., $225,000) from J-Pad;

15    5.    For a judgment in favor of the Plaintiff and against the Defendants preserving any

16    avoided Transfers, including title to and liens against the Property, for the benefit of the Debtor's

17    estate.

18    6.    For an award of interest at the legal rate on all sums awarded to Plaintiff from

19    and after the date of the Transfers.

20    ON THE FIFTH CLAIM FOR RELIEF:

21    7.    For judgment in favor of the Plaintiff and against the Defendants avoiding and

22    recovering the Sixth J-Pad Transfer, Seventh J-Pad Transfer, and the Postpetition Transfers;

23    8.    For a judgment in favor of the Plaintiff and against the Defendants preserving any

24    liens relating to the J-J-Pad Transfers, Steven and Brian Transfers, and the Postpetition Transfers

25    for the benefit of the Debtor's estate.

26    ON THE SIXTH CLAIM FOR RELIEF:

27    9.    For a judgment determining that the Defendants do not have valid liens on the

28    Property.

1719769.2  27064                                14

ON THE SEVENTH CLAIM FOR RELIEF:

     10.    For a judgment for turnover of the Property to the Trustee.

ON THE EIGHTH, NINTH, AND TENTH CLAIMS FOR RELIEF:

     11.    For the sum of $225,000, together with interest thereon as allowed by contract and law.

ON ALL CLAIMS FOR RELIEF:

     12.    For costs of suit incurred herein; and

     13.    For all other and further relief as the Court deems just and proper.

DATED:  June 30, 2023         DANNING, GILL, ISRAEL & KRASNOFF, LLP

By:      /s/ Aaron E. de Leest
        AARON E. DE LEEST
        Attorneys for Plaintiff Jeffrey I. Golden, Chapter 7
        Trustee

B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| PLAINTIFFS<br>JEFFREY I. GOLDEN, Chapter 7 Trustee | DEFENDANTS J-SANDCASTLE CO., LLC; J-PAD LLC; STEVEN D. GALLIAN; BRIAN J. GALLIAN; JUSTIN BARCLAY; RONALD J. PIERPONT; ROBERT J. MCLELLAND; AND E. J. GALLIAN |
|---|---|
| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>DANNING, GILL, ISRAEL & KRASNOFF, LLP<br>1901 AVENUE OF THE STARS, SUITE 450<br>LOS ANGELES, CA  90067-6006          310-277-0077 | ATTORNEYS (If Known) |
| PARTY (Check One Box Only)<br>☐ Debtor          ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor        ☐ Other<br>☒ Trustee | PARTY (Check One Box Only)<br>☐ Debtor          ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor        ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

(1)TO AVOID AND RECOVER FRAUDULENT TRANSFERS; (2) TO AVOID AND RECOVER POSTPETITION TRANSFERS; (3) FOR DECLARATORY RELIEF; (4) FOR BREACH OF CONTRACT; (5) FOR MONEY HAD AND RECEIVED; AND (6) UNJUST ENRICHMENT

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☒ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☒ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☒ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☒ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ 225,000 |
| Other Relief Sought | |

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>JAMIE LYNN GALLIAN | BANKRUPTCY CASE NO.<br>8:21-bk-11710-SC | |
| DISTRICT IN WHICH CASE IS PENDING<br>CENTRAL | DIVISION OFFICE<br>SANTA ANA | NAME OF JUDGE<br>SCOTT C. CLARKSON |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY<br>PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>/s/ Aaron E. de Leest | | |
| DATE<br><br>JUNE 30, 2023 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br><br>Aaron E. de Leest | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

EXHIBIT G

1   ERIC P. ISRAEL (State Bar No. 132426)
     *eisrael@DanningGill.com*
2   AARON E. DE LEEST (State Bar No. 216832)
     *adeleest@DanningGill.com*
3   SHANTAL MALMED (State Bar No. 351496)
     *smalmed@DanningGill.com*
4   DANNING, GILL, ISRAEL & KRASNOFF, LLP
     1901 Avenue of the Stars, Suite 450
5   Los Angeles, California 90067-6006
     Telephone: (310) 277-0077
6   Facsimile: (310) 277-5735

**FILED & ENTERED**

**MAY 10 2024**

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bolte     DEPUTY CLERK

7   Attorneys for Plaintiff Jeffrey I. Golden,
     Chapter 7 Trustee

8

9            **UNITED STATES BANKRUPTCY COURT**

10            **CENTRAL DISTRICT OF CALIFORNIA**

11              **SANTA ANA DIVISION**

12

13   In re

14   JAMIE LYNN GALLIAN,

15         Debtor.

16

17   JEFFREY I. GOLDEN, Chapter 7 Trustee,

        Plaintiff,

18

19      vs.

20   J-SANDCASTLE CO., LLC; J-PAD LLC;
     STEVEN D. GALLIAN; BRIAN J.
     GALLIAN; JUSTIN BARCLAY; RONALD
21   J. PIERPONT; ROBERT J. MCLELLAND;
     AND E.J. GALLIAN,

22         Defendants.

23

Case No. 8:21-bk-11710-SC

Chapter 7

Adv. No. 8:23-ap-01064-SC

**DEFAULT JUDGMENT AGAINST J-PAD LLC**

Date: May 7, 2024
Time: 1:30 p.m.
Place: Courtroom 5C
     411 W. Fourth Street
     Santa Ana, California 92701

24       On April 5, 2024, Plaintiff Jeffrey I. Golden, as the Chapter 7 Trustee (the "Trustee" or

25   "Plaintiff") for the bankruptcy estate of Jamie Lynn Gallian (the "Debtor"), filed the Motion for

26   Default Judgment under LBR 7055-1 against Defendant J-Pad LLC (the "Motion") (*docket no. 76*),

27   which was heard by the Court on May 7, 2024.  Default was previously entered against Defendant

28

J-Pad LLC (the "Defendant") on August 22, 2023.  The Court having granted the Motion pursuant to an order entered contemporaneously herewith, and good cause appearing:

IT IS ORDERED, ADJUDGED AND DECREED THAT:

1.    Default judgment is entered in favor of the Plaintiff and against the Defendant on the Plaintiff's first and fifth claims for relief in the Complaint.

2.    The transfer to the Defendant of a lien on and security interest in the manufactured home located at 16222 Monterey Lane, Space #376, Huntington Beach, CA 92649, Decal # LBM1081, Serial # AC7V710394GA, AC7V710394GB (the "Property") reflected by the secured promissory note and security agreement between J-Sandcastle Co., LLC and the Defendant dated November 16, 2018 and lien on the Property in the amount of $225,000 in favor of the Defendant are avoided and preserved for the benefit of the Debtor's estate in the name of Jeffrey I. Golden, Chapter 7 Trustee for the bankruptcy estate of Jamie Lynn Gallian.

3.    The transfers to the Defendant relating to the Property, including the following UCC Financing Statements (UCC-1) and UCC Financing Statement Amendments (UCC-3), and any liens on the Property in favor of the Defendant are avoided and preserved for the benefit of the Debtor's estate in the name of Jeffrey I. Golden, Chapter 7 Trustee for the bankruptcy estate of Jamie Lynn Gallian.

| UCC Filing Date | UCC Type | Filing No. |
|---|---|---|
| 1/14/2019 | UCC-1 Financing Statement | 197691916827 |
| 1/14/2019 | UCC-1 Financing Statement | 197691915674 |
| 1/14/2019 | UCC-1 Financing Statement | 197691905279 |
| 12/4/2020 | UCC-3 Amendment | U200034803831 |
| 9/8/2021 | UCC-3 Amendment | U210083394336 |
| 9/8/2021 | UCC-3 Amendment | U210083400018 |
| 9/12/2021 | UCC-3 Amendment | U210084251426 |
| 9/12/2021 | UCC-3 Amendment | U210084255728 |
| 9/12/2021 | UCC-3 Amendment | U210084256326 |
| 9/24/2021 | UCC-3 Amendment | U210088103629 |

1       4.      The Debtor's transfers to the Defendant reflected by the "Statement of Facts"

2  submitted to the California Department of Housing and Community Development on or about

3  August 6, 2021, stating that the legal owner of the Property was the Defendant and that the

4  Defendant perfected its lien on January 14, 2019, and the "Statement to Encumber" executed on

5  January 14, 2019, reflecting that the "legal owner" of the Property was the Defendant and any liens

6  on the Property in favor of the Defendant are avoided and preserved for the benefit of the Debtor's

7  estate in the name of Jeffrey I. Golden, Chapter 7 Trustee for the bankruptcy estate of Jamie Lynn

8  Gallian.

9       5.      Pursuant of Rule 54 of the Federal Rules of Civil Procedure there is no just reason

10  for delay in entry of this judgment against the Defendant.

11                                      ###

23

24  Date: May 10, 2024                    Scott C. Clarkson

                                      United States Bankruptcy Judge

1770829.1  27064                    3

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
16222 Monterey Ln. #378 Huntington Beach, CA 92649

A true and correct copy of the foregoing document entitled: **NOTICE OF MOTION FOR** (*specify name of motion*)
REQUEST JUDICIAL NOTICE ISO OF OPPOSITIOIN TO TRUSTEE'S APPLICATION .

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)
07/19/2024   , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:
Compel and Order Trustee and his Attorneys Danning, Gill, Israel & Krasnoff to Cancel Application 5/13/2024 to transfer
Considertation to Danning, Gill, Israel & Krasnoff

[X]  Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

[ ]  Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

[ ]  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 07/19/2024 | JOSEPH CLARK | *Joseph Clark* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

**ADDITIONAL SERVICE INFORMATION**

## 1. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")

Bradford Barnhardt on behalf of Interested Party Courtesy NEF
bbarnhardt@marshackhays.com, bbarnhardt@ecf.courtdrive.com,kfrederick@ecf.courtdrive.com

Bradford Barnhardt on behalf of Plaintiff Houser Bros. Co.
bbarnhardt@marshackhays.com, bbarnhardt@ecf.courtdrive.com,kfrederick@ecf.courtdrive.com

Aaron E. DE Leest on behalf of Trustee Jeffrey I Golden (TR)
adeleest@DanningGill.com, danninggill@gmail.com;adeleest@ecf.inforuptcy.com

Robert P Goe on behalf of Creditor The Huntington Beach Gables Homeowners Association
kmurphy@goeforlaw.com, rgoe@goeforlaw.com;goeforecf@gmail.com

Robert P Goe on behalf of Plaintiff The Huntington Beach Gables Homeowners Association
kmurphy@goeforlaw.com, rgoe@goeforlaw.com;goeforecf@gmail.com

Jeffrey I Golden (TR)
lwerner@go2.law, jig@trustesolutions.net;kadele@go2.law

D Edward Hays on behalf of Creditor Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates
ehays@marshackhays.com,
ehays@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@marshackhays.com;cmend
oza@ecf.courtdrive.com

D Edward Hays on behalf of Interested Party Courtesy NEF
ehays@marshackhays.com,
ehays@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@marshackhays.com;cmend
oza@ecf.courtdrive.com

D Edward Hays on behalf of Plaintiff Houser Bros. Co.
ehays@marshackhays.com,
ehays@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@marshackhays.com;cmend
oza@ecf.courtdrive.com

Brandon J Iskander on behalf of Creditor The Huntington Beach Gables Homeowners Association
biskander@goeforlaw.com, kmurphy@goeforlaw.com

Brandon J Iskander on behalf of Plaintiff The Huntington Beach Gables Homeowners Association
biskander@goeforlaw.com, kmurphy@goeforlaw.com

Eric P Israel on behalf of Trustee Jeffrey I Golden (TR)
eisrael@DanningGill.com, danninggill@gmail.com;eisrael@ecf.inforuptcy.com

Laila Masud on behalf of Creditor Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates
lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com

Laila Masud on behalf of Interested Party Courtesy NEF
lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                          **F 9013-3.1.PROOF.SERVICE**

Laila Masud on behalf of Plaintiff Houser Bros. Co.
lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com

Mark A Mellor on behalf of Defendant Randall L Nickel
mail@mellorlawfirm.com, mellormr79158@notify.bestcase.com

Mark A Mellor on behalf of Interested Party Courtesy NEF
mail@mellorlawfirm.com, mellormr79158@notify.bestcase.com

Valerie Smith on behalf of Interested Party Courtesy NEF
claims@recoverycorp.com

United States Trustee (SA)
ustpregion16.sa.ecf@usdoj.gov

**2. SERVED BY U.S. MAIL**

The Honorable Scott C. Clarkson U.S. Bankruptcy Court
411 W. Fourth Street, Suite 5130 Santa Ana, CA  92701

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                      **F 9013-3.1.PROOF.SERVICE**

000