ERIC P. ISRAEL (State Bar No. 132426)
eisrael@DanningGill.com
AARON E. DE LEEST (State Bar No. 216832)
adeleest@DanningGill.com
DANNING, GILL, ISRAEL & KRASNOFF, LLP
1901 Avenue of the Stars, Suite 450
Los Angeles, California 90067-6006
Telephone:  (310) 277-0077
Facsimile:  (310) 277-5735

Attorneys for Jeffrey I. Golden,
Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>JAMIE LYNN GALLIAN,<br><br>        Debtor. | Case No. 8:21-bk-11710-SC<br><br>Chapter 7<br><br>**CHAPTER 7 TRUSTEE'S REPLY IN SUPPORT OF APPLICATION TO EMPLOY REAL ESTATE BROKER AND TO ENTER INTO EXCLUSIVE LISTING AGREEMENT AND RESPONSE TO DEBTOR'S LATE FILED REQUEST FOR JUDICIAL NOTICE; AND DECLARATION OF AARON E. DE LEEST IN SUPPORT THEREOF**<br><br>Date:    July 30, 2024<br>Time:    11:00 a.m.<br>Place:   Courtroom "5C"<br>              411 W. 4th Street<br>              Santa Ana, California 92701 |

TO THE HONORABLE SCOTT C. CLARKSON, UNITED STATES BANKRUPTCY JUDGE, AND INTERESTED PARTIES:

Jeffrey I. Golden, as Chapter 7 Trustee for the bankruptcy estate (the "Estate") of Jamie Lynn Gallian (the "Debtor), hereby replies to the Debtor's oppositions (*docket nos. 401, 402, and*

*403*) (collectively, the "Opposition")[1] to the Trustee's Application to Employ Real Estate Broker Coldwell Banker Realty and Agents William Friedman and Greg Bingham Pursuant to 11 U.S.C. §§ 327 and 328 (*docket no. 395*) (the "Application") and the Debtor's *late filed* Request for Judicial Notice and Memorandum of Points and Authorities (*docket no. 407*) (the "Second Opposition"), as follows:[2]

1. The Debtor's Opposition to the Application appears to argue that the Trustee cannot sell the manufactured home located at 16222 Monterey Lane, Space #376, Huntington Beach, California 92649 ("Property") for the sole reason that the Debtor has an allowed exemption in the Property. However, as discussed in the Application, the Trustee is not contesting the Debtor's exemption in the Property. Rather, the Trustee is senior in priority to Debtor's allowed exemption because he has obtained judgment against the lienholders on the Property avoiding and preserving their liens pursuant to 11 U.S.C. § 551 and can sell the Property notwithstanding the Debtor's allowed exemption. *See In re Van de Kamp's Dutch Bakeries*, 908 F.2d 517, 519 (9th Cir. 1990) (language and legislative history of section 551 indicates that transfers avoided are automatically preserved for the benefit of the bankruptcy estate). As set forth in the Application, the Trustee has avoided and preserved the consensual lien on the property in favor of J-Pad and others and is entitled to payment of that consensual lien ahead of the debtor's allowed exemption. Application, p. 8. Exemptions may be claimed only against involuntary liens, such as judgments, attachments, and execution liens. *In re Bunn-Rodemann*, 491 B.R. 132, 136 (Bankr. E.D. Cal. 2013). Section 551 automatically preserves the consensual J-Pad lien, which is senior to the Debtor's homestead, and allows the Trustee to be paid ahead of any distribution to the Debtor with respect to her homestead exemption. Payment of the preserved J-Pad lien ahead of the Debtor's homestead is consistent with the purposes of the § 551; which is to "allow a trustee in bankruptcy, upon

---

[1] The Oppositions appear to be substantively the same and duplicative of each other.

[2] The Debtor also incorporates her prior opposition to the Trustee's first application to employ a real estate broker (*docket no. 208*). The Trustee does not believe that the Debtor's prior opposition is relevant to the within Application now that the homestead issue has been resolved. However, out of an abundance of caution, the Trustee incorporates his reply in response to the Debtor's prior opposition (*docket no. 218*).

avoidance of certain preferential or fraudulent transfers, to increase the assets of the bankruptcy estate.'" *In re Van de Kamp's Dutch Bakeries*, 908 F.2d at 519, *quoting In re Barry*, 31 B.R. 683, 686 (S.D. Ohio 1983). The Debtor cites no contrary authority and her other arguments are inapposite.

2. The Debtor's apparent assertion in the Opposition that the "law of the case" doctrine, in relation to her allowed exemption in the Property, somehow prohibits the employment of the Trustee's Broker and sale of the Property is not correct. The law of the case doctrine:

> requires that courts not revisit the determinations of an earlier court unless "(i) the evidence on a subsequent trial was substantially different, (ii) controlling authority has since made a contrary decision of the law applicable to such issues, or (iii) the decision was clearly erroneous and would work ... manifest injustice.

*In re Ford Motor Co.*, 591 F3d 406, 411-12 (5th Cir. 2009); *see also Askins v. U.S. Dep't of Homeland Sec.*, 899 F.3d 1035, 1042 (9th Cir. 2018).[3] However, the law of the case doctrine does not apply here in the Court's consideration of the Trustee's Application. The Trustee is not asking the Court in the Application to disregard the prior rulings from this Court allowing the Debtor's homestead exemption in the Property. He is seeking authority to employ a real estate broker to sell the Property because the Trustee believes he can sell the Property notwithstanding that the Debtor's exemption has been allowed. The Trustee is, again, not contesting the Debtor's allowed exemption or the Court's rulings in that regard.

3. The Debtor's assertion in the Opposition that she may personally have a prepetition lien on the Property in relation to a note and security agreement between the Debtor as lender and J-Sandcastle Co, LLC as borrower dated November 16, 2018 (*See* Opposition Ex. A) is irrelevant to whether the Property can be sold by the Trustee. Title to the Property does not reflect the Debtor as a lienholder (i.e. legal owner) on the Property. *See* Opposition Ex. B. The lienholder (i.e. legal owner) listed on the certificate of title to the Property was J-Pad LLC (and at one point in time the

---

[3] The Trustee cites these authorities as the appropriate standard for the Court to consider in relation to law of the case. It is unclear how the Debtor's citations to the various military service court and California state decisions are applicable here.

Debtor's ex-husband Ronald J. Pierpont). *See* Opposition Ex. B. The Trustee also avoided and preserved the J-Pad LLC lien, among others. Furthermore, to the extent a prepetition consensual lien did exist in favor of the Debtor personally, it would be property of the Debtor's bankruptcy estate pursuant to 11 U.S.C. § 541(a) and further entitle the Trustee to payment ahead of the Debtor's homestead.

4. The Second Opposition is late filed and should not be considered by the Court. Local Bankruptcy Rule 9013-1(f) requires that the Debtor file her opposition or response to the Motion no later than 14 days before the hearing and include "a complete written statement of all reasons in opposition thereto or in support, declarations and copies of all evidence on which the responding party intends to rely, and any responding memorandum of points and authorities.." See LBR 9013-1(f)(1) and (2). Here, the Debtor's Opposition was timely, but the Second Opposition, which contains additional purported evidence and an entirely new memorandum of points and authorities failed to comply with LBR 9013-1. The Second Opposition was "filed" on July 19, 2024, but did not post to the Court's electronic docket and was not served via NEF, and received by the Trustee's counsel until July 22, 2024, much less than the required 14 days before the hearing. In addition, the Second Opposition contains purported new evidence and argument not contained in the original Opposition. Accordingly, the Court should not consider the Debtor's late filed Second Opposition.

5. To the extent that the Court considers the merits of the Second Opposition, the Debtor's arguments that the Trustee's judgments against J-Pad LLC and J-Sandcastle Co, LLC are somehow improper because J-Pad LLC and J-Sandcastle Co, LLC were not able to be sued is incorrect. First, the Debtor is not entitled to request affirmative relief in relation to the Trustee's judgments by way of the Second Opposition. The judgments are valid, final judgments of this Court, and any relief in relation thereto, to the extent any is applicable and available (or the Debtor has standing to seek such relief), would need to be made in the Trustee's adversary proceeding where the judgments were entered, again, not collaterally challenged in connection with the Trustee's Application or the Debtor's Second Opposition.

Second, the Debtor is incorrect that a dissolved and/or cancelled corporate entity or LLC

cannot be sued in California. Under California law, a limited liability company that has filed a certificate of cancellation continues to exist indefinitely "for the purpose of winding up its affairs, prosecuting and defending actions by or against it in order to collect and discharge obligations, disposing of and conveying its property, and collecting and dividing its assets." Cal. Corp. Code § 17707.06(a). *Milks v. Affirmed Techs., LLC*, 2024 WL 1502713, at *4 (Cal. Ct. App. Apr. 5, 2024), *reh'g denied* (Apr. 30, 2024) (citing *Greb v. Diamond Internat. Corp.*, 56 Cal. 4th 243, 247 (2013) (construing analogous statute governing dissolved California corporations Cal. Corp. Code § 2010)). Cal. Corp. Code § 17707.06(a) explicitly states:

> A limited liability company that has filed a certificate of cancellation nevertheless continues to exist for the purpose of winding up its affairs, prosecuting and defending actions by or against it in order to collect and discharge obligations, disposing of and conveying its property, and collecting and dividing its assets. A limited liability company shall not continue business except so far as necessary for its winding up. Title to the Property needed to be recovered and the liens avoided and preserved so that the Property could be administered by the Trustee.

Cal. Corp. Code § 17707.06(a).

Here, the Trustee properly sued J-Pad LLC and J-Sandcastle Co, LLC, to avoid and recover fraudulent transfers by the Debtor to J-Pad LLC and J-Sandcastle Co, LLC, which transfers related to title to the Property and avoidable liens placed on the Property by the Debtor. The Trustee's claims against J-Pad LLC and J-Sandcastle Co, LLC are the types of claims that survive dissolution and cancellation and that the Trustee was required to pursue directly against those entities because they relate to their property and assets and winding up same. *See* Cal. Corp. Code § 17707.06(a). Even the authority that the Debtor cites (Second Opposition, p. 8-12), which the Debtor cuts and pastes entirely from the uncited opinion of *Force v. Advanced Structural Techs., Inc.*, No. CV 20-2219-DMG, 2020 WL 4539026, at *5 (C.D. Cal. Aug. 6, 2020), without attribution or citation, recognizes that an action against a dissolved and/or cancelled LLC is appropriate where it relates to a winding up of its affairs. *Id.*, at *5 The Trustee does not believe the court in *Force* got its analysis of § 17707.06(a) right and there are no California state court decisions following it. However, even under the narrow reading of § 17707.06(a), advanced in *Force*, the Trustee still could have sued J-Pad LLC and J-Sandcastle Co, LLC, as set forth in his adversary proceeding,

because, again, the Trustee's claims clearly involved the winding up of the assets and affairs of J-Pad LLC and J-Sandcastle Co, LLC and their property.[4]  Relief against J-Pad LLC and J-Sandcastle Co, LLC in the Trustee's adversary proceeding was required because J-Sandcastle's Co, LLC's interest in the Property and J-Pad LLC's lien on the Property were still of record at the time the Debtor's bankruptcy case had been filed.  Thus, the Trustee had no choice but to sue such entities, which could have responded to the Trustee's complaint, but chose not to do so.

5.  Finally, since the time the Trustee filed the Application, the Trustee is advised that the Debtor purported to enter into a listing agreement and hired her own real estate broker to sell the Property.  On July 18, 2024, after the Trustee became aware of the Debtor's listing agreement with her own broker, the Trustee's counsel sent a cease and desist letter to the Debtor's broker advising the Debtor's broker to cease and desist all efforts to sell the Property.  A true and correct copy of the letter is attached as Exhibit "1" to the de Leest Declaration.  However, on July 19, 2024, the Debtor and her broker responded to the cease and desist letter in a telephone call to the Trustee's counsel and refused to stop their efforts to list and sell the Property.  Provided that the Court approves the Trustee's Application at the hearing, the Trustee will have no choice but to seek turnover of the Property from the Debtor because it is clear that the Debtor is at odds with the Trustee and will not cooperate with the Trustee's efforts to sell the Property.

Based upon the foregoing, the Court should disregard the Debtor's Opposition, approve the Application and authorize the Trustee to employ the Broker, as the Trustee's real estate broker to

---

[4] Force is further distinguishable because it involved the plaintiff's tort claims against the dissolved entity (and others) for violating the Employee Retirement Incomes Security Act and Family and Medical Leave Act and various provisions of the California labor code not claims relating to the assets of the dissolved entity or winding up its affairs, which would have been allowed.  *Id.*, *2

1 list and aid the Trustee in marketing and selling the Property, on the terms and conditions set forth

2 in the Application. The Trustee further requests such other relief as is just and proper.

4 DATED: July 23, 2024          DANNING, GILL, ISRAEL & KRASNOFF, LLP

By:    */s/ Aaron E. de Leest*
       AARON E. DE LEEST
       Attorneys for Jeffrey I. Golden, Chapter 7 Trustee

1775036.1  27064

7

## DECLARATION OF AARON E. DE LEEST

I, Aaron E. de Leest, declare as follows:

1. I have personal knowledge of each of the facts herein, except those set forth on information and belief and, as to those matters, I believe them to be true. If called as a witness, I could and would testify competently with respect to such facts.

2. I am an attorney employed by the law firm of Danning, Gill, Israel & Krasnoff, LLP ("Danning Gill"), general bankruptcy counsel for Jeffrey I. Golden, the chapter 7 trustee for the bankruptcy estate of Jamie Lynn Gallian (the "Debtor).

3. On July 18, 2024, I sent a letter to Joseph Arroyo, the broker employed by the Debtor to list the manufactured home located at 16222 Monterey Lane, Space #376, Huntington Beach, CA 92649 ("Property") for sale, requesting that Mr. Arroyo cease and desist all efforts to sell the Property. A true and correct copy of my letter is attached hereto as Exhibit "1" hereto.

4. On July 19, 2024, I received a telephone call from Mr. Arroyo and the Debtor wherein Mr. Arroyo and the Debtor both refused to cease and desist their efforts to sell the Property.

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct.

Executed on July 23, 2024, at Fullerton, California.

_____
Aaron E. de Leest

17775036.1  27064

8

EXHIBIT 1



AARON E. DE LEEST
SENIOR COUNSEL

ADELEEST@DANNINGGILL.COM
WWW.DANNINGGILL.COM

1901 AVENUE OF THE STARS, SUITE 450
LOS ANGELES, CALIFORNIA 90067-6006

(310) 277-0077 – TEL
(310) 277-5735 – FAX

July 18, 2024

VIA EMAIL AND U.S. MAIL
*Josephamh@outlook.com*

Mr. Joseph Arroyo
977 S. Santa Fe Avenue
Suite 1
Vista, CA  92083

Re:    Jamie Lynn Gallian, Debtor

Dear Mr. Arroyo:

My firm represents Jeffrey I. Golden, as the Chapter 7 Trustee (the "Trustee"), for the bankruptcy estate of Jamie Lynn Gallian (the "Debtor"), Bankruptcy Case No. 8:21-bk-11710-SC (the "Bankruptcy Case").  A copy of the Notice of Bankruptcy Case Filing is enclosed.

The Trustee is informed that you have listed for sale at $539,000 the manufactured home located at 16222 Monterey Lane, Space #376, Huntington Beach, CA 92649 ("Property") for the Debtor.  A copy of the listing that we received today is enclosed.

Please be advised that, pursuant to 11 U.S.C. § 541(a), the Property is property of the Debtor's bankruptcy estate.  The Property cannot be sold without approval of the United States Bankruptcy Court in the Debtor's Bankruptcy Case and only the Trustee has authority to sell the Property, as the Trustee.  *See* 11 U.S.C. § 541(a) and 363(b).  Please be further advised that you have not been employed by the Trustee and/or authorized by the Bankruptcy Court to act as a broker or agent with respect to any sale of the Property.  *See* 11 U.S. Code § 327.

**Please immediately cease and desist all efforts to sell the Property and, no later than end of business today, July 18, 2024, remove and take down all listings, including on any website and multiple listing service, relating to the Property.**

**DANNING, GILL, ISRAEL & KRASNOFF,** LLP

Mr. Joseph Arroyo
July 18, 2024
Page 2

The Trustee reserves any and all of his rights and remedies against you in relation to any unauthorized transfer of the Property.

Sincerely,

*/s Aaron E. de Leest*

Aaron E. de Leest

cc:   Jeffrey I. Golden, Trustee (via email)
      Eric P. Israel, Esq. (via email)
      Jamie Lynn Gallian, Debtor

1774854.1  27064

10

United States Bankruptcy Court
Central District of California

# Notice of Bankruptcy Case Filing

A bankruptcy case concerning the debtor(s) listed below was filed under Chapter 7 of the United States Bankruptcy Code, entered on 07/09/2021 at 2:15 PM and filed on 07/09/2021.

**Jamie Lynn Gallian**
16222 Monterey Ln Unit 376
Huntington Beach, CA 92649
714-321-3449
SSN / ITIN: xxx-xx-3936
*aka* **Jamie L Gallian**
*dba* **J-Sandcastle Co, LLC**
*dba* **J-PAD, LLC**

The bankruptcy trustee is:

**Jeffrey I Golden (TR)**
Golden Goodrich LLP
3070 Bristol Street, Suite 640
Costa Mesa, CA 92626
(714) 966-1000

The case was assigned case number 8:21-bk-11710-SC to Judge Scott C Clarkson.

In most instances, the filing of the bankruptcy case automatically stays certain collection and other actions against the debtor and the debtor's property. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay. If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be penalized. Consult a lawyer to determine your rights in this case.

If you would like to view the bankruptcy petition and other documents filed by the debtor, they are available at our *Internet* home page www.cacb.uscourts.gov or at the Clerk's Office, 411 West Fourth Street, Suite 2030,, Santa Ana, CA 92701-4593.

You may be a creditor of the debtor. If so, you will receive an additional notice from the court setting forth important deadlines.

**Kathleen J. Campbell**
**Clerk, U.S. Bankruptcy Court**

FILED 07/09/2021

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 07/18/2024 13:04:10 | | | |
| **PACER Login:** | aeddgdk37 | **Client Code:** | gallian27064 |
| **Description:** | Notice of Filing | **Search Criteria:** | 8:21-bk-11710-SC |



## 1622 Monterrey Lane Sp # 376
### Huntington Beach, CA 92649

# $539,000

2 🛏   2 🛁

1,800 Sq. Ft.

**Seller is giving a 1 year base Warranty on this home Call right now Patti**

MHVillage Listing: #3149104
Year: 2014
Make/Model: Skyline Custom Villa
Serial Number: #PFS1130282AC747103

WOW !!! Look at this Custom Made home In Sr. Community Blocks from the Huntington Beach Harbor, Gated Community very private., This home set in perfect location in the Community no so much traffic goes by.. LOOK at this Beautiful Custom Made Home this home is so beautiful you will want to buy it right away. Look at the open floor plan huge living room with dinning combined, WOW LOOK at this Kitchen with lots of cabinet space suitable for your every need, all Kitchen appliances are included in the sale.. WOW look at this huge laundry room with washer and dryer are included. Now lets go in the guest bath room with full size shower and tub with on vanity and on e sink. Look at this huge guest bedroom with full size closet. NOW let's go into this SPACIOUS mater bedroom with full size closet and look at he this huge master bathroom with double sinks with vanity and full size shower and tub. This home is a must see shows' perfect and look at price very reasonable and affordable. Includes Clubhouse, Swimming Pool, Jacuzzi, Lots of Senior Activities very quiet Community. Call right now ask for Patti or just call our Office to see more home log onto my web site Se Habla Esponal LLame Ahora. !!!

## Home Information:

- Roof: Shingled
- Carport
- Patio
- Ceiling Fan
- Refrigerator
- Dishwasher
- Trim Color: White
- Lot Rent: $1,372/Month

- Siding: Hardboard
- Central Air
- Ceiling: Drywall
- Walk-In Closet
- Microwave
- Clothes Washer
- Color: Tan

- Skirting: Hardiboard
- Storage Shed
- Walls: Drywall
- Garbage Disposal
- Oven
- Clothes Dryer
- Heating: Gas

**Listed by:**

### Joseph Arroyo (Pro+)



License #:DL1140137
Joseph Arroyo
**(760) 758-7653**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 1901 Avenue of the Stars, Suite 450, Los Angeles, CA 90067-6006.

A true and correct copy of the foregoing document entitled (*specify*): CHAPTER 7 TRUSTEE'S REPLY IN SUPPORT OF APPLICATION TO EMPLOY REAL ESTATE BROKER AND TO ENTER INTO EXCLUSIVE LISTING AGREEMENT AND RESPONSE TO DEBTOR'S LATE FILED REQUEST FOR JUDICIAL NOTICE; AND DECLARATION OF AARON E. DE LEEST IN SUPPORT THEREOF will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On July 23, 2024 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page.

**2. SERVED BY UNITED STATES MAIL**: On July 23, 2024, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page.

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on July 23, 2024, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

VIA EMAIL:

Debtor in pro per
Jamie Lynn Gallian   *jamiegallian@gmail.com*

☐ Service information continued on attached page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| July 23, 2024 | Beverly Lew | /s/ Beverly Lew |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

**ADDITIONAL SERVICE INFORMATION (if needed):**

# 1. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")

Bradford Barnhardt on behalf of Interested Party Courtesy NEF
bbarnhardt@marshackhays.com, bbarnhardt@ecf.courtdrive.com,alinares@ecf.courtdrive.com

Bradford Barnhardt on behalf of Plaintiff Houser Bros. Co.
bbarnhardt@marshackhays.com, bbarnhardt@ecf.courtdrive.com,alinares@ecf.courtdrive.com

Aaron E. DE Leest on behalf of Plaintiff Jeffrey I. Golden
adeleest@DanningGill.com, danninggill@gmail.com;adeleest@ecf.inforuptcy.com

Aaron E. DE Leest on behalf of Trustee Jeffrey I Golden (TR)
adeleest@DanningGill.com, danninggill@gmail.com;adeleest@ecf.inforuptcy.com

Robert P Goe on behalf of Creditor The Huntington Beach Gables Homeowners Association
kmurphy@goeforlaw.com,
rgoe@goeforlaw.com;goeforecf@gmail.com;Goe.RobertP.R@notify.bestcase.com;ajohnston@goeforlaw.com

Robert P Goe on behalf of Interested Party The Huntington Beach Gables Homeowners Association
kmurphy@goeforlaw.com,
rgoe@goeforlaw.com;goeforecf@gmail.com;Goe.RobertP.R@notify.bestcase.com;ajohnston@goeforlaw.com

Robert P Goe on behalf of Plaintiff The Huntington Beach Gables Homeowners Association
kmurphy@goeforlaw.com,
rgoe@goeforlaw.com;goeforecf@gmail.com;Goe.RobertP.R@notify.bestcase.com;ajohnston@goeforlaw.com

Jeffrey I Golden (TR)
lwerner@go2.law, jig@trustesolutions.net;kadele@go2.law;C205@ecfcbis.com

D Edward Hays on behalf of Creditor Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates
ehays@marshackhays.com,
ehays@ecf.courtdrive.com;alinares@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com

D Edward Hays on behalf of Interested Party Courtesy NEF
ehays@marshackhays.com,
ehays@ecf.courtdrive.com;alinares@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com

D Edward Hays on behalf of Plaintiff Houser Bros. Co.
ehays@marshackhays.com,
ehays@ecf.courtdrive.com;alinares@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com

Brandon J. Iskander on behalf of Creditor The Huntington Beach Gables Homeowners Association
biskander@goeforlaw.com, kmurphy@goeforlaw.com

Brandon J. Iskander on behalf of Plaintiff The Huntington Beach Gables Homeowners Association
biskander@goeforlaw.com, kmurphy@goeforlaw.com

Eric P Israel on behalf of Trustee Jeffrey I Golden (TR)
eisrael@danninggill.com, danninggill@gmail.com;eisrael@ecf.inforuptcy.com

Shantal Malmed on behalf of Plaintiff Jeffrey I. Golden
shantal.malmed@gmlaw.com, cheryl.caldwell@gmlaw.com

Shantal Malmed on behalf of Trustee Jeffrey I Golden (TR)
shantal.malmed@gmlaw.com, cheryl.caldwell@gmlaw.com

Laila Masud on behalf of Creditor Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates
lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;lbuchanan@marshackhays.com;alinares@ecf.courtdrive.com

Laila Masud on behalf of Interested Party Courtesy NEF
lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;lbuchanan@marshackhays.com;alinares@ecf.courtdrive.com

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                      F 9013-3.1.PROOF.SERVICE

Laila Masud on behalf of Plaintiff Houser Bros. Co.
lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;lbuchanan@marshackhays.com;alinares@ecf.courtdrive.com

Mark A Mellor on behalf of Defendant Randall L Nickel
mail@mellorlawfirm.com, mellormr79158@notify.bestcase.com

Mark A Mellor on behalf of Interested Party Courtesy NEF
mail@mellorlawfirm.com, mellormr79158@notify.bestcase.com

Valerie Smith on behalf of Interested Party Courtesy NEF
claims@recoverycorp.com

United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov

**3.  SERVED BY OVERNIGHT MAIL**

The Honorable Scott C. Clarkson
U.S. Bankruptcy Court
411 W. Fourth Street, Suite 5130
Santa Ana, CA 92701

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*  **F 9013-3.1.PROOF.SERVICE**