1  ERIC P. ISRAEL (State Bar No. 132426)
   *eisrael@DanningGill.com*
2  AARON E. DE LEEST (State Bar No. 216832)
   *adeleest@DanningGill.com*
3  DANNING, GILL, ISRAEL & KRASNOFF, LLP
   1901 Avenue of the Stars, Suite 450
4  Los Angeles, California 90067-6006
   Telephone:  (310) 277-0077
5  Facsimile:   (310) 277-5735

6  Attorneys for Jeffrey I. Golden,
   Chapter 7 Trustee

7

8                    **UNITED STATES BANKRUPTCY COURT**

9                     **CENTRAL DISTRICT OF CALIFORNIA**

10                        **SANTA ANA DIVISION**

11

12 | In re | Case No. 8:21-bk-11710-SC |

13 | JAMIE LYNN GALLIAN, | Chapter 7 |

14 | | **TRUSTEE'S NOTICE OF OPPOSITION AND OPPOSITION TO DEBTOR'S** |

15 | Debtor. | **MOTION TO COMPEL AND ISSUE ORDER TO THE CH. 7 TRUSTEE TO** |

16 | | **WITHDRAW AND CANCEL THE MAY 13, 2024 HCD APPLICATION TO** |

17 | | **TRANSFER CERTIFICATE OF TITLE DECAL LBM 1081 FOR ZERO** |

18 | | **CONSIDERATION TO DANNING, GILL, ISRAEL & KRASNOFF LLP** |

19 | | **FORTHWITH; MEMORANDUM OF POINTS AND AUTHORITIES; REQUEST** |

20 | | **FOR JUDICIAL NOTICE AND DECLARATION OF AARON E. DE** |

21 | | **LEEST IN SUPPORT THEREOF** |

22  Date:  August 13, 2024
    Time:  1:30 p.m.
23  Place: Courtroom 5C
         411 W. Fourth Street,
24       Santa Ana, California 92701

25

26

27

28

1775009.1  27064                    1

# **TABLE OF CONTENTS**

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ...................................................................3

I.    INTRODUCTION .................................................................................................................3

II.   STATEMENT OF FACTS ...................................................................................................4

    A.    BANKRUPTCY BACKGROUND .........................................................................4

    B.    THE HOMESTEAD EXEMPTION ......................................................................4

    C.    TRUSTEE'S AVOIDANCE AND RECOVERY OF TRANSFERS OF
    TITLE AND LIENS ON THE PROPERTY ...........................................................5

    D.    TRUSTEE'S APPLICATIONS TO EMPLOY REAL ESTATE BROKER ..............7

    E.    TRUSTEE'S ABILITY TO SELL PROPERTY ......................................................7

III.  ARGUMENT .......................................................................................................................8

IV.   CONCLUSION ..................................................................................................................10

REQUEST FOR JUDICIAL NOTICE ........................................................................................11

DECLARATION OF AARON E. DE LEEST ..............................................................................15

1   PLEASE TAKE NOTICE that Jeffrey I. Golden, as the Chapter 7 Trustee for the

2   bankruptcy estate (the "Estate") of Jamie Lynn Gallian (the "Debtor), hereby submits this

3   Opposition to the *Debtor's Motion to Compel and Issue Order to the Ch. 7 Trustee and His*

4   *Attorneys to Withdraw and Cancel the May 13, 2024 HCD Application to Transfer Certificate of*

5   *Title DECAL LBM 1081 for - Zero - Consideration, to Danning, Gill, Israel, & Krasnoff, LLP,*

6   *Forthwith* (*docket no. 398*)(the "Motion").

7   PLEASE TAKE FURTHER NOTICE that any reply to this opposition must be in writing,

8   filed with the Clerk of the Bankruptcy Court and served upon counsel for the Trustee named in the

9   upper left-hand corner of this notice not less than seven calendar days before the hearing.

10

11  DATED:  July 30, 2024                    DANNING, GILL, ISRAEL & KRASNOFF, LLP

12

13                                          By: _____/s/ Aaron E. de Leest_____

14                                              AARON E. DE LEEST
                                                Attorneys for Jeffrey I. Golden, Chapter 7 Trustee
15

16

17

18

19

20

21

22

23

24

25

26

27

28

1775009.1  27064                                   2

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

## I.

3

## INTRODUCTION

4    The Debtor's *Motion to Compel and Issue Order to the Ch. 7 Trustee and His Attorneys to*

5  *Withdraw and Cancel the May 13, 2024 HCD Application to Transfer Certificate of Title DECAL*

6  *LBM 1081 for - Zero - Consideration, to Danning, Gill, Israel, & Krasnoff, LLP, Forthwith* (*docket*

7  *no. 398)*(the "Motion") must be denied because there is no valid basis for the Court to grant such

8    relief.  The acts complained of were all taken in fulfillment of the Trustee's duties in this case.

9    The Trustee, as trustee for the Debtor's bankruptcy estate, avoided and recovered title to the

10   Property "for the benefit of the bankruptcy estate in the name of Jeffrey I. Golden, Chapter 7

11   Trustee for the bankruptcy estate of Jamie Lynn Gallian."  *See* Exhibit "1" hereto.  It was

12   appropriate to place title to the Property in the name of Jeffrey I. Golden, Chapter 7 Trustee for the

13   bankruptcy estate of Jamie Lynn Gallian so it can be sold pursuant to 11 U.S.C. § 363.  The Trustee

14   did not submit an application to the California Housing and Community Development Department

15   ("HUD") as the Debtor alleges seeking to put title in the name of his counsel.  Rather, the Trustee

16   notified HUD, which is the agency in charge of titling and registering mobile and manufactured

17   homes in California, that the judgment was entered recovering title to the Property on behalf of the

18   Trustee and title should be reflected as set forth in the judgement in the name of Jeffrey I. Golden,

19   Chapter 7 Trustee for the bankruptcy estate of Jamie Lynn Gallian.  Accordingly, there is no

20   application to withdraw with HUD or otherwise as the Debtor requests in the Motion.

21   Updating title also protects the estate from wrongful transfers and, in particular, the Trustee

22   is advised that the Debtor, without knowledge or approval of the Trustee or the Court, has retained

23   a broker and put the property up for sale.

24   For these reasons, the Court should deny the Motion.

25

26

27

28

## II.

## STATEMENT OF FACTS

**A.    BANKRUPTCY BACKGROUND**

On July 9, 2021 ("Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code, including her bankruptcy schedules.

Jeffrey I. Golden was thereafter appointed the Chapter 7 trustee for the Debtor's estate and continues to serve in that capacity for the benefit of creditors.

On the Petition Date, the registered title owner of the manufactured home located at 16222 Monterey Lane, Space #376, Huntington Beach, California 92649 ("Property"), was vested in J-Sandcastle Co, LLC ("J-Sandcastle"). The Debtor was not on title to the Property on the Petition Date.

The Property was also subject to a consensual lien on the Property in favor of J-Pad, LLC ("J-Pad") in the amount of $225,000, plus interest, and other voluntary liens and transfers in favor of the Debtor's family members, ex-husband, and former roommate as discussed below.

**B.    THE HOMESTEAD EXEMPTION**

The Debtor claimed a homestead exemption in the Property in the amount of $600,000.

On or about May 12, 2022, Houser Bros. Co., dba Rancho Del Rey Mobile Home Estates ("Houser Bros."), filed its Motion Objecting to Debtor's Claimed Homestead Exemption (the "Exemption Motion") (*docket no. 95*). The hearing on the Exemption Motion was held on June 2, 2022 and continued to July 21, 2022. At the continued hearing, the Court granted the Exemption Motion and disallowed any claim of exemption by the Debtor in the Property.

On or about July 26, 2022, the Debtor filed the Motion for Reconsideration from the Court's July 21, 2022 ruling (the "Motion for Reconsideration") (*docket no. 157*). The order granting the Exemption Motion was thereafter entered on or about August 5, 2022 (*docket no. 177*). The hearing on the Motion for Reconsideration was held on or about September 22, 2022, and the Court took the matter under submission.

1    Thereafter, on or about December 19, 2022, the Court entered its order granting the

2    Debtor's Motion for Reconsideration and determined that the Debtor was entitled to a homestead

3    exemption in the Property in the amount of $600,000 ("Order Granting the Motion for

4    Reconsideration") (*docket no. 274*).

5    On or about December 29, 2022, Houser appealed from the Order Granting the Motion for

6    Reconsideration to the District Court (*docket no. 280*).

7    On or about November 1, 2023, the District Court handling the appeal entered an order that

8    reversed and remanded the Order Granting the Motion for Reconsideration on the grounds that the

9    Court failed to issue findings regarding the Debtor's interest in the Property "including whether

10    "Gallian ever acquired (and retained) an equitable interest in the Property" (the "Reconsideration

11    Order") (*docket no. 387*).

12    On or about May 15, 2024, the Court entered its order regarding the Reconsideration Order

13    (the "Remand Order ) (*docket no. 393*).  The Remand Order again found "that Debtor held a

14    sufficient equitable interest in the Property to claim an automatic homestead exemption under Cal.

15    Civ. Proc. Code § 704.720(a)."

16    Hauser did not pursue any further appeal from the Remand Order and it is now final.

17

18    **C.    TRUSTEE'S AVOIDANCE AND RECOVERY OF TRANSFERS OF TITLE AND**

19    **LIENS ON THE PROPERTY**

20    On or about June 30, 2023, the Trustee commenced an adversary proceeding, Adv. No.

21    8:23-ap-01064-SC, by filing a *Complaint: (1) to Avoid and Recover Fraudulent Transfers; (2) to*

22    *Avoid and Recover Postpetition Transfers; (3) for Declaratory Relief; (4) for Breach of Contract;*

23    *(5) for Money Had and Received; and (6) Unjust Enrichment* (the "Complaint") against Ronald J.

24    Pierpont, J-Pad LLC, J-Sandcastle Co., LLC, Steven D. Gallian, Brian J. Gallian, Justin Barclay,

25    Robert J. McLelland, and E. J. Gallian (collectively, the "Defendants").

26    Pursuant to stipulations with defendants Steven D. Gallian, Brian J. Gallian, Justin Barclay,

27    E. J. Gallian (the "Family Defendants") (*adv. docket nos. 43*), a judgment was entered against the

28    Family Defendants on or about October 3, 2023 (*adv. docket no. 47*).  The judgment against the

1   Family Defendants avoided the liens on the Property in favor of the Family Defendants.  The

2   judgment also preserved those liens for the benefit of the Debtor's estate pursuant to 11 U.S.C. §

3   551.

4        Pursuant to a stipulation with defendant Robert J. McLelland (*adv. docket nos. 52*), a

5   judgment was entered against Mr. McLelland on or about March 29, 2024 (*adv. docket no. 66*).

6   The judgment against Mr. McLelland also avoided his lien on the Property in favor of the Family

7   Defendants.  The judgment also preserved that lien for the benefit of the Debtor's estate pursuant to

8   11 U.S.C. § 551.

9        Pursuant to motions for default judgment filed by the Trustee with respect to defendants

10   J-Pad, J-Sandcastle, and Ronald J. Pierpont (collectively, the "Defaulting Defendants") (*adv.*

11   *docket nos. 58, 59, and 76*), default judgments were entered against the Defaulting Defendants on

12   or about May 10, 2024 (*adv. docket nos. 79, 81 and 83*).

13        The default judgment against J-Sandcastle avoided and preserved the Debtor's transfers of

14   title of the Property to J-Sandcastle, recovered legal title to the Property and the beneficial interest

15   in the Property was declared to be in the Debtor's bankruptcy estate in the name of the Trustee.  A

16   copy of the judgment against J-Sandcastle is attached as Exhibit "1" to the request for judicial

17   notice appended hereto.

18        The default judgment against defendant J-Pad avoided J-Pad's consensual lien on the

19   Property in the amount of $225,000 and other liens on the Property in favor of J-Pad.  The

20   judgment also preserved that lien for the benefit of the Debtor's bankruptcy estate pursuant to

21   11 U.S.C. § 551.

22        The default judgment against defendant Ronald J. Pierpont determined that Mr. Pierpont

23   does not have any interest in the Property and any valid, perfected, and/or unavoidable liens on the

24   Property.  It also avoided his liens on the Property and preserved those liens for the benefit of the

25   Debtor's estate pursuant to 11 U.S.C. § 551.

26        Following entry of the judgment against J-Sandcastle on or about May 10, 2024, the

27   Trustee's counsel sent HUD a copy of the judgment and notified HUD, again which is the

28   department tasked with maintaining title records for mobile and manufactured homes, of the

1   Court's judgment and that title to the Property had been recovered by the Trustee as set forth in the

2   Judgement – i.e., in the name of Jeffrey I. Golden, Chapter 7 Trustee for the bankruptcy estate of

3   Jamie Lynn Gallian.  In doing so, it was the intent of the Trustee to put HUD on notice of the

4   estate's interest in the Property and to prevent any subsequent unauthorized transfer thereof.  The

5   Trustee did not file an application seeking to put title in his counsel's firm's name (i.e., Danning

6   Gill) or otherwise, as the Debtor alleges.

7

8   **D.      TRUSTEE'S APPLICATIONS TO EMPLOY REAL ESTATE BROKER**

9          On or about July 28, 2022, after the Debtor's exemption was disallowed at the hearing on

10  July 21, 2022, the Trustee filed his Application to Employ Real Estate Broker Coldwell Banker

11  Realty and Agents William Friedman and Greg Bingham Pursuant To 11 U.S.C. 327 and 328 (the

12  "First Application") (*docket no. 162*) to assist the Trustee with marketing and selling the Property

13  for the benefit of the estate and its creditors.

14         On or about September 28, 2022, the Court entered an order denying the Trustee's First

15  Application, without prejudice, in light of the pending Motion for Reconsideration and need for the

16  Trustee to address the various transfers of title and liens on the Property that needed to be avoided

17  (*docket no. 241*).

18         The Trustee now believes that he has addressed the issues raised by the Court and that the

19  employment of a real estate broker is ripe for determination.  Accordingly, on July 1, 2024, the

20  Trustee filed his second application to employ a real estate broker (*docket no. 395*).  The hearing on

21  the Trustee's second application to employ a broker is set for July 30, 2024, at 11:00 a.m.

22

23  **E.      TRUSTEE'S ABILITY TO SELL PROPERTY**

24         As a result of the judgments in the Trustee's adversary proceeding, title to the Property has

25  been restored to the estate, and the Property is property of the estate.  In addition, the $225,000

26  consensual lien of J-Pad on the Property, and the other consensual liens and interests on the

27  Property in favor of the Family Defendants, Mr. Pierpont, and Mr. McLelland, have all been

28  avoided and preserved for the benefit of the Debtor's estate in the Trustee's name.

1    Although the Debtor has claimed a homestead exemption in the Property, the allowed

2 amount of the Debtor's homestead is determined when the Property is sold, rather than being fixed

3 as of the date the Debtor filed bankruptcy. *Robertson v. Alsberg (In re Alsberg)*, 161 B.R. 680, 684

4 (B.A.P. 9th Cir. 1993), aff'd, 68 F.3d 312 (9th Cir. 1995). Furthermore, the Debtor's exemption in

5 the Property only comes from any equity following consensual liens, which liens include the J-Pad

6 lien. *See* Cal. Code Civ. P. § 703.010. Exemptions claimed ahead of involuntary liens, such as

7 judgments, attachments, and execution liens, require filing a motion under section 522(f) which the

8 Debtor has not done. *Id*. Section 522(f) does not apply to consensual liens such as exist here.

9 Thus, the consensual liens on the Property come ahead of any allowed amount of the Debtor's

10 homestead exemption. *See In re Roach,* 2019 WL 408628, at *3-5 (B.A.P. 9th Cir. Jan, 29, 2019);

11 *see also In re Bunn-Rodemann*, 491 B.R. 132, 134-35 (Bankr. E.D. Cal. 2013). A copy of the

12 unpublished decision is attached as Exhibit "2" hereto.

13    The Trustee is now in a position, notwithstanding the Debtor's allowed homestead

14 exemption, to sell the Property for the benefit of the estate and creditors. This is because the

15 Trustee's interest in the Property, in light of the avoided and preserved consensual J-Pad lien in the

16 amount of $225,000, and any other consensual liens, are senior to the Debtor's homestead

17 exemption. Any distribution from the sales proceeds must be paid to the Trustee first in connection

18 with the consensual liens, and prior to any amount that the Debtor may be entitled to in connection

19 with her homestead exemption.

20

21                                     **III.**

22                                  **ARGUMENT**

23    The Debtor is not entitled to the relief requested in the Motion and the Motion must be

24 denied.

25    First, as set forth above, the Trustee, as trustee for the Debtor's bankruptcy estate, avoided

26 and recovered title to the Property "for the benefit of the bankruptcy estate in the name of Jeffrey I.

27 Golden, Chapter 7 Trustee for the bankruptcy estate of Jamie Lynn Gallian." *See* Exhibit "1"

28 hereto. Accordingly, title to the Property has been restored to the Debtor's estate. It was

1  appropriate to place title to the Property in the name of Jeffrey I. Golden, Chapter 7 Trustee for the

2  bankruptcy estate of Jamie Lynn Gallian so it can be sold pursuant to 11 U.S.C. § 363.

3        Second, as set forth above, the Trustee did not submit an application to HUD to change title

4  to the Property into his counsel's name as the Debtor alleges.  Following receipt of the judgment

5  against J-Sandcastle, the Trustee, through his counsel, simply notified HUD of the Court's

6  judgment against J-Sandcastle and advised that title to the Property had been recovered by the

7  Trustee as set forth in the Judgement – i.e., in the name of Jeffrey I. Golden, Chapter 7 Trustee for

8  the bankruptcy estate of Jamie Lynn Gallian.  The Trustee's intention was to put HUD on notice of

9  the estate's interest in the Property and prohibit any unauthorized sale of the Property by the Debtor

10  or other third-party.  This is no different than, if the Property had been real property, the Trustee

11  recording the judgment against J-Sandcastle recovering title to the Property with the county

12  recorder.  However, because the Property is a manufactured home, for which perfection requires a

13  certificate of title in a record maintained by HUD, the Trustee gave notice to HUD instead.  The

14  Trustee or his counsel did not do anything inappropriate and, again, the Trustee never submitted an

15  application seeking to put title in the Trustee's attorney's firm's name (i.e., Danning Gill) or

16  otherwise as the Debtor alleges.

17        There is simply no application for the Trustee to withdraw and, as set forth above, title

18  should be appropriately placed in the name of Jeffrey I. Golden, Chapter 7 Trustee for the

19  bankruptcy estate of Jamie Lynn Gallian so it can be sold.

20        Moreover, having returned title to the estate, the Trustee needed to protect the Property

21  from subsequent wrongful transfers.  Indeed, the Trustee is now advised that the Debtor, contrary

22  to her duties under the Bankruptcy Code and without prior knowledge or permission from the

23  Trustee or the Court, has retained a real estate broker and is actively seeking to sell the Property.

24        For all of these reasons, the Court should deny the Motion.

25

26

27

28

1

## IV.

## CONCLUSION

The Debtor offers not facts or authority supporting her requested relief.  As set forth above, the Debtor's alleged version of events simply did not happen.  Accordingly, the Trustee respectfully requests that the Court deny the Motion.  The Trustee requests such other and further relief that this Court may deem just and proper.


DATED:  July 30, 2024                DANNING, GILL, ISRAEL & KRASNOFF, LLP



By:    _/s/ Aaron E. de Leest_____
       AARON E. DE LEEST
       Attorneys for Jeffrey I. Golden, Chapter 7 Trustee

### REQUEST FOR JUDICIAL NOTICE

Jeffrey I. Golden, as Chapter 7 Trustee (the "Trustee") for the bankruptcy estate of Jamie Lynn Gallian (the "Debtor), requests that the Court take judicial notice of the following facts.

Jeffrey I. Golden, Chapter 7 Trustee (the "Trustee" or the "Plaintiff") hereby respectfully requests that the Court take judicial notice of the following facts pursuant to Fed. R. Evid. 201(d):

### BACKGROUND

1.     On or about July 9, 2021 (the "Petition Date"), Jamie Lynn Gallian (the "Debtor") commenced this case by filing a voluntary petition for relief under Chapter 7 of the Code.

2.     On the Petition Date, the registered title owner of the manufactured home located at 16222 Monterey Lane, Space #376, Huntington Beach, California 92649 ("Property"), was vested in J-Sandcastle Co, LLC ("J-Sandcastle").  The Debtor was not on title to the Property on the Petition Date.

3.     On the Petition Date, the Property was subject to a consensual lien on the Property in favor of J-Pad, LLC ("J-Pad") in the amount of $225,000, plus interest, and other voluntary liens and transfers in favor of the Debtor's family members, ex-husband, and former roommate.

### THE HOMESTEAD EXEMPTION

4.     The Debtor claimed a homestead exemption in the Property in the amount of $600,000.

5.     On or about May 12, 2022, Houser Bros. Co., dba Rancho Del Rey Mobile Home Estates ("Houser Bros."), filed its Motion Objecting to Debtor's Claimed Homestead Exemption (the "Exemption Motion") (*docket no. 95*).  The hearing on the Exemption Motion was held on June 2, 2022 and continued to July 21, 2022.  At the continued hearing, the Court granted the Exemption Motion and disallowed any claim of exemption by the Debtor in the Property.

6.     On or about July 26, 2022, the Debtor filed the Motion for Reconsideration from the Court's July 21, 2022 ruling (the "Motion for Reconsideration") (*docket no. 157*).  The order granting the Exemption Motion was thereafter entered on or about August 5, 2022 (*docket no. 177*).

1  The hearing on the Motion for Reconsideration was held on September 22, 2022, and the Court

2  took the matter under submission.

3        7.      Thereafter, on or about December 19, 2022, the Court entered its order granting the

4  Debtor's Motion for Reconsideration and determined that the Debtor was entitled to a homestead

5  exemption in the Property in the amount of $600,000 ("Order Granting the Motion for

6  Reconsideration") (*docket no. 274*).

7        8.      On or about December 29, 2022, Houser appealed from the Order Granting the

8  Motion for Reconsideration to the District Court (*docket no. 280*).

9        9.      On or about November 1, 2023, the District Court handling the appeal entered an

10  order that reversed and remanded the Order Granting the Motion for Reconsideration on the

11  grounds that the Court failed to issue findings regarding the Debtor's interest in the Property

12  "including whether "Gallian ever acquired (and retained) an equitable interest in the Property" (the

13  "Reconsideration Order") (*docket no. 387*).

14        10.      On or about May 15, 2024, the Court entered its order regarding the Reconsideration

15  Order (the "Remand Order ) (*docket no. 393*).  The Remand Order again found "that Debtor held a

16  sufficient equitable interest in the Property to claim an automatic homestead exemption under Cal.

17  Civ. Proc. Code § 704.720(a)."

18        11.      Hauser did not pursue any further appeal from the Remand Order and it is now final.

19

20  **TRUSTEE'S AVOIDANCE AND RECOVERY OF TRANSFERS OF TITLE AND**

21  **LIENS ON THE PROPERTY**

22        12.      On or about June 30, 2023, the Trustee commenced an adversary proceeding, Adv.

23  No. 8:23-ap-01064-SC, by filing a Complaint: (1) to Avoid and Recover Fraudulent Transfers; (2)

24  to Avoid and Recover Postpetition Transfers; (3) for Declaratory Relief; (4) for Breach of Contract;

25  (5) for Money Had and Received; and (6) Unjust Enrichment (the "Complaint") against Ronald J.

26  Pierpont, J-Pad LLC, J-Sandcastle Co., LLC, Steven D. Gallian, Brian J. Gallian, Justin Barclay,

27  Robert J. McLelland, and E. J. Gallian (collectively, the "Defendants").

28

13.     Pursuant to stipulations with defendants Steven D. Gallian, Brian J. Gallian, Justin Barclay, E. J. Gallian (the "Family Defendants") (*adv. docket nos. 43*), a stipulated judgment was entered against the Family Defendants on or about October 3, 2023 (*adv. docket no. 47*).  The judgment against the Family Defendants avoided and preserved liens on the Property in favor of the Family Defendants for the benefit of the Debtor's estate.

14.     Pursuant to a stipulation with defendant Robert J. McLelland (*adv. docket nos. 52*), a stipulated judgment was entered against Mr. McLelland on or about March 29, 2024 (*adv. docket no. 66*).  The judgment against Mr. McLelland also avoided and preserved his lien on the Property in favor of the Family Defendants for the benefit of the Debtor's estate.

15.     Pursuant to motions for default judgment filed by the Trustee with respect to defendants J-Pad, J-Sandcastle, and Ronald J. Pierpont (collectively, the "Defaulting Defendants") (*adv. docket nos. 58, 59, and 76*), default judgments were entered against the Defaulting Defendants on or about May 10, 2024 (*adv. docket nos. 79, 81 and 83*).

16.     The default judgment against J-Sandcastle avoided and preserved the Debtor's transfers of title of the Property to J-Sandcastle and recovered legal title to the Property and the beneficial interest in the Property for the Debtor's bankruptcy estate in the name of the Trustee.   A true and correct copy of the judgment against J-Sandcastle is attached as Exhibit "1" hereto.

17.     The default judgment against defendant J-Pad avoided and preserved J-Pad's lien on the Property in the amount of $225,000 for the benefit of the Debtor's bankruptcy estate and also avoided and preserved other liens on the Property in favor J-Pad for the benefit of the Debtor's estate.

18.     The default judgment against defendant Ronald J. Pierpont determined that Mr. Pierpont does not have any interest in the Property and any valid, perfected, and/or unavoidable liens on the Property.  It also avoided and preserved his liens on the Property for the benefit of the Debtor's estate.

**APPLICATIONS TO EMPLOY REAL ESTATE BROKER**

19.     On or about July 28, 2022, after the Debtor's exemption was disallowed at the hearing on July 21, 2022, the Trustee filed his Application to Employ Real Estate Broker Coldwell Banker Realty and Agents William Friedman and Greg Bingham Pursuant To 11 U.S.C. 327 and 328 (the "First Application") (*docket no. 162*) to assist the Trustee with marketing and selling the Property for the benefit of the estate and its creditors.

20.     On or about September 28, 2022, the Court entered an order denying the Trustee's First Application, without prejudice, in light of the pending Motion for Reconsideration and need for the Trustee to address the various transfers of title and liens on the Property that needed to be avoided (*docket no. 241*).  The Trustee now believes that he has addressed the issues raised by the Court and that the employment of a real estate broker is ripe for determination.

21.     On or about July 1, 2024, the Trustee filed his second application to employ a real estate broker (*docket no. 395*).  The hearing on the Trustee's second application to employ a broker is set for July 30, 2024, at 11:00 a.m.

DATED:  July 30, 2024                    DANNING, GILL, ISRAEL & KRASNOFF, LLP


                                        By:     _/s/ Aaron E. de Leest_
                                               AARON E. DE LEEST
                                               Attorneys for Jeffrey I. Golden, Chapter 7 Trustee

## DECLARATION OF AARON E. DE LEEST

I, Aaron E. de Leest, declare as follows:

1.     I have personal knowledge of each of the facts herein, except those set forth on information and belief and, as to those matters, I believe them to be true.  If called as a witness, I could and would testify competently with respect to such facts.

2.     I am an attorney employed by the law firm of Danning, Gill, Israel & Krasnoff, LLP ("Danning Gill"), general bankruptcy counsel for Jeffrey I. Golden, the chapter 7 trustee for the bankruptcy estate of Jamie Lynn Gallian (the "Debtor).

3.     Following the Court's entry of judgment against J-Sandcastle Co, LLC ("J-Sandcastle") on or about May 10, 2024, one of the professionals at Danning Gill sent the California Housing and Community Development Department ("HUD") a copy of the judgment entered against J-Sandcastle, notifying HUD of the Court's judgment and that title to the manufactured home located at 16222 Monterey Lane, Space #376, Huntington Beach, CA 92649 ("Property") had been recovered by the Trustee as set forth in the judgment – i.e., in the name of Jeffrey I. Golden, Chapter 7 Trustee for the bankruptcy estate of Jamie Lynn Gallian.

4.     The judgment against J-Sandcastle was provided to HUD in an effort to put it on notice of the estate's interest in the Property and attempt to prevent any unauthorized transfer thereof.  Having returned title to the estate, the Trustee needed to protect the Property from subsequent wrongful transfers.

5.     Danning Gill did not file an application with HUD seeking to put Danning Gill on title to the Property.

6.     On or about July 18, 2024, I was informed that the Debtor, contrary to her duties under the Bankruptcy Code and without prior knowledge or permission from the Trustee or the Court, retained a real estate broker and was actively seeking to sell the Property.

7.     In response, on July 18, 2024, I sent a letter to Joseph Arroyo, the broker employed by the Debtor to list the Property for sale, requesting that Mr. Arroyo cease and desist all efforts to sell the Property.  A true and correct copy of my letter is attached hereto as Exhibit "3" hereto.

8.      On July 19, 2024, I received a telephone call from Mr. Arroyo and the Debtor wherein Mr. Arroyo and the Debtor both refused to cease and desist their efforts to sell the Property.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on July 30, 2024, at Los Angeles, California.

Aaron E. de Leest

EXHIBIT 1

ERIC P. ISRAEL (State Bar No. 132426)
*eisrael@DanningGill.com*
AARON E. DE LEEST (State Bar No. 216832)
*adeleest@DanningGill.com*
SHANTAL MALMED (State Bar No. 351496)
*smalmed@DanningGill.com*
DANNING, GILL, ISRAEL & KRASNOFF, LLP
1901 Avenue of the Stars, Suite 450
Los Angeles, California 90067-6006
Telephone: (310) 277-0077
Facsimile: (310) 277-5735

Attorneys for Plaintiff Jeffrey I. Golden,
Chapter 7 Trustee

FILED & ENTERED

MAY 10 2024

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bolte        DEPUTY CLERK

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>JAMIE LYNN GALLIAN,<br><br>　　　　Debtor. | Case No. 8:21-bk-11710-SC<br><br>Chapter 7 |
| JEFFREY I. GOLDEN, Chapter 7 Trustee,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>J-SANDCASTLE CO., LLC; J-PAD LLC;<br>STEVEN D. GALLIAN; BRIAN J.<br>GALLIAN; JUSTIN BARCLAY; RONALD<br>J. PIERPONT; ROBERT J. MCLELLAND;<br>AND E.J. GALLIAN,<br><br>　　　　Defendants. | Adv. No. 8:23-ap-01064-SC<br><br>**DEFAULT JUDGMENT AGAINST<br>J-SANDCASTLE CO., LLC**<br><br>Date: May 7, 2024<br>Time: 1:30 p.m.<br>Place: Courtroom 5C<br>　　　411 W. Fourth Street<br>　　　Santa Ana, California 92701 |

On March 27, 2024, Plaintiff Jeffrey I. Golden, as the Chapter 7 Trustee (the "Trustee" or

"Plaintiff") for the bankruptcy estate of Jamie Lynn Gallian (the "Debtor"), filed the Motion for

Default Judgment under LBR 7055-1 against Defendant J-Sandcastle Co., LLC (the "Motion")

(*docket no. 59*), which was heard by the Court on May 7, 2024.  Default was previously entered

against Defendant J-Sandcastle Co., LLC (the "Defendant") on August 22, 2023.

EXHIBIT 1        17

1      The Court having granted the Motion pursuant to an order entered contemporaneously

2 herewith, and good cause appearing:

3      IT IS ORDERED, ADJUDGED AND DECREED THAT:

4      1.    Default judgment is entered in favor of the Plaintiff and against the Defendant on

5 the Plaintiff's first claim for relief in the Complaint.

6      2.    The Debtor's transfers of the manufactured home located at and commonly known

7 as 16222 Monterey Lane, Space #376, Huntington Beach, CA 92649, Decal # LBM1081, Serial #

8 AC7V710394GA, AC7V710394GB (the "Property") to the Defendant, including transferring title

9 to the Property on or about November 15, 2018 and November 20, 2018, are hereby avoided and

10 legal title to the Property and the beneficial interest in the Property (collectively the "Subject

11 Transfers") is recovered for the benefit of the bankruptcy estate in the name of Jeffrey I. Golden,

12 Chapter 7 Trustee for the bankruptcy estate of Jamie Lynn Gallian.

13      3.    The Subject Transfers are preserved for the benefit of the estate pursuant to 11

14 U.S.C. § 551.

15      4.    Pursuant of Rule 54 of the Federal Rules of Civil Procedure there is no just reason

16 for delay in entry of this judgment against the Defendant.

17      ###

Date: May 10, 2024

Scott C. Clarkson
United States Bankruptcy Judge

EXHIBIT 2

In re Roach, Not Reported in B.R. Rptr. (2019)

Case 8:21-bk-11710-SC    Doc 410    Filed 07/30/24    Entered 07/30/24 14:30:01    Desc
Main Document    Page 22 of 35

2019 WL 408628

Only the Westlaw citation is currently available.

**NOT FOR PUBLICATION**

United States Bankruptcy Appellate
Panel of the Ninth Circuit.

IN RE: Elaine Marie ROACH, Debtor.

Elaine Marie Roach, Appellant,

v.

Richard A. Marshack, Chapter 7 Trustee, Appellee.

BAP No. CC-18-1144-KuTaF,

CC-18-1160-KuTaF (related)

|

Bk. No. 8:17-bk-12091-TA

|

Argued and Submitted on January 24, 2019

|

Filed – January 29, 2019

Appeal from the United States Bankruptcy Court for the Central District of California, Honorable Theodor C. Albert, Bankruptcy Judge, Presiding, Bk. No. 8:17-bk-12091-TA

**Attorneys and Law Firms**

William Miles Burd of Ringstad & Sanders LLP argued for appellant Elaine Marie Roach;

David Edward Hays of Marshack Hays LLP argued for appellee Richard A. Marshack, Chapter 7 Trustee.

Before: KURTZ, TAYLOR, and FARIS, Bankruptcy Judges.

**MEMORANDUM** [*]

**\*1** Chapter 7 [1] debtor, Elaine Marie Roach, appeals from the bankruptcy court's orders approving the motions filed by the chapter 7 trustee, Richard A. Marshack (Trustee) to: (1) sell Ms. Roach's property (Property) free and clear of liens (Sale Order) (BAP No. 18-1144) and (2) distribute the sale proceeds with payment in full to the first and second lien holders with the remaining proceeds split evenly between the estate and Mutual of Omaha Bank (Omaha Bank) pursuant to a court-approved compromise (Distribution Order) (BAP No. 18-1160). We AFFIRM both orders on appeal.

**FACTS**

**A. Prebankruptcy Events**

Ms. Roach was the president and owner of Sesa, Inc. (Sesa), a California corporation. In 2012, Sesa borrowed $ 937,000 from Omaha Bank. Ms. Roach signed a guaranty of Sesa's obligation which was secured by a third deed of trust against her Property. Sesa defaulted on the loan in November 2016 and soon after closed its doors.

**B. Bankruptcy Events**

In May 2017, Ms. Roach filed a chapter 7 petition. Mr. Marshack was appointed chapter 7 trustee.

In amended schedules, Ms. Roach valued her Property at $ 1.2 million and listed four secured creditors who held liens against the Property in the total amount of $ 1,550,095.89: (1) Citimortgage, Inc. - $ 426,645.17; (2) Bank of America - $ 468,619.61; (3) Omaha Bank - $ 634,831.11; and (4) Merhab Robinson, Jackson & Clarkson (Merhab) - $ 20,000. In amended Schedule C, Ms. Roach claimed a homestead exemption in the amount of $ 75,000. The deadline for objecting to her homestead exemption passed without objection.

Ms. Roach did not schedule any litigation claims against Omaha Bank in either her original schedules or her amended schedules but testified at the initial meeting of creditors that she may have such claims against Omaha Bank or its attorney for alleged improper conduct and threats (Litigation Claims).

**1. Trustee's Compromise With Omaha Bank**

Trustee filed a motion seeking an order approving a compromise of the Litigation Claims with Omaha Bank under Rule 9019. The compromise included the following provisions:

3.1 Subordination of one-half of [Omaha Bank's] Claim:

Pursuant to § 510(c)(1), [Omaha Bank] agrees to subordinate 50% of its [Omaha Bank] secured claim to be treated as a general unsecured claim. The other half of the secured [Omaha Bank] Claim shall retain the same validity, priority, and extent that would otherwise exist under California law. Upon a sale of the Property, and after all costs of sale have been paid, senior liens including the approximate $ 465,000 owed to Bank of America and the

EXHIBIT 2

19

approximate $ 412,000 claim owed to Citimortgage will be paid with the balance otherwise owed to [Omaha Bank] to be split evenly between Omaha Bank and the Estate;

3.2  The lien securing the subordinated portion of [OmahaBank's] Claim shall be transferred to the Estate. Pursuant to § 510(c)(2), the lien securing the subordinated half of the [Omaha] Bank's claim would be transferred to the Estate with the Estate receiving all associated rights held by [Omaha] Bank as to the subordinated half of [Omaha] Bank's claim.

*2  ...

3.4  Release of Estate Claim. In consideration of the subordination provisions of the Agreement, the Estate releases [Omaha Bank], its officers, directors, shareholders, representatives, employees, lawyers, including the law firm of Mirman, Bubman, & Nahmias, LLP and its attorneys, shareholders, officers, directors, and employees, of any liability arising out of or related to the alleged Litigation Claim.

In a footnote, Trustee explained that he did not believe the subordination provisions set forth in the agreement constituted a "carve-out" subject to the standards set forth in *In re KVN Corporation*, 514 B.R. 1, 8 (9th Cir. BAP 2014). He asserted, however, that even if considered a carve-out, those standards were met; i.e.: (1) Trustee fulfilled his basic duties; (2) there was a benefit to the estate because up to $ 317,500 would be distributed; and (3) the terms of the carve-out agreement were fully disclosed to the bankruptcy court.

Although Ms. Roach did not file a written opposition to the compromise, her newly hired counsel appeared at the hearing. New counsel advised the bankruptcy court that Ms. Roach did not believe she had any claims against Omaha Bank or its counsel and, therefore, she did not object to the release of those claims. However, Ms. Roach argued that approval of a carve-out agreement with Omaha Bank was premature until there was an actual offer on the Property; only then could the court determine whether a meaningful distribution to unsecured creditors would be made.

In December 2017, the bankruptcy court approved the compromise. No appeal was taken, and the order became final.

**2. Trustee's Motion to Sell Real Property and Motion to Distribute the Proceeds of the Sale**

Trustee filed a motion to sell the Property for $ 1.3 million and a motion to distribute the proceeds of the sale. Trustee proposed to pay the senior first and second liens in full, current property taxes, a broker's commission, and title and escrow fees. He then proposed to split the remaining proceeds evenly between Omaha Bank and the bankruptcy estate based on the court-approved compromise. Trustee explained that the estate was projected to receive approximately $ 160,000 from the sale proceeds, which was sufficient to pay administrative claims capped at $ 100,000, priority claims of $ 31,700 in full, and to make pro rata distributions to general unsecured creditors. Trustee proposed to reduce his and his firm's administrative fees such that at least $ 18,520 or about 15% would be distributed to unsecured creditors.

Because the sale proceeds would be exhausted by the first three deeds of trust recorded against the Property, Trustee maintained that there would be no proceeds available to pay any portion of the fourth deed of trust held by Merhab or anything to Ms. Roach on account of her homestead exemption.

In addition, Trustee argued that Ms. Roach could not claim an exemption against the projected $ 160,000 recovered pursuant to the subordination agreement with Omaha Bank because such a claim would be prohibited by § 522(g). That statute provides that exemptions in property recovered by a trustee under § 510(c)(2) may only be claimed where the recovered property was not voluntarily transferred by the debtor. Here, Ms. Roach had voluntarily transferred an interest in her Property to Omaha Bank as security for its loan made to Sesa.

*3  Ms. Roach objected to Trustee's motions on the grounds, among others, that Trustee was improperly attempting to sell the Property without paying her on account of her homestead exemption and that the sale failed to meet the *KVN* standards for approval of a carve-out agreement. Ms. Roach further argued that the funds going to the estate as part of the carve-out were proceeds from the sale of her Property and subject to her homestead exemption under the holdings in *In re Wilson,* 492 B.R. 502, 506 (Bankr. C.D. Cal. 2013), and *In re Reade*, 2014 WL 1329808 (Bankr. C.D. Cal. 2014). Finally, Ms. Roach maintained that Trustee's § 522(g) argument was "nonsensical" since that section applies to property which was voluntarily transferred by the debtor and has been recovered by the trustee. Here, Trustee had recovered nothing.

In re Roach, Not Reported in B.R. Rptr. (2019).

Case 8:21-bk-11710-SC   Doc 410   Filed 07/30/24   Entered 07/30/24 14:30:01   Desc
Main Document   Page 24 of 35

The bankruptcy court issued a tentative ruling, granting Trustee's motions. The court found that *In re Wilson* and *In re Reade* were factually and legally distinguishable from the instant case because in this case there was an assignment of Omaha Bank's lien to the estate as part of the court-approved compromise. The court noted that homesteads cannot be used to trump voluntary liens and there was no reason that should change just because a lien is assigned to the estate. The court further found that the previously approved compromise met all the requirements of *KVN* and noted that the 15% distribution to unsecured creditors was not de minimus. Finally, the bankruptcy court agreed with Trustee that Ms. Roach voluntarily liened the Property for far more than its value. Accordingly, there was no legal or equitable reason for allowing Ms. Roach to receive proceeds, at the expense of her creditors, that Trustee was able to pry out of the Property.

At the hearing on the matter, the court considered whether the subordination provisions constituted a carve-out agreement or an assignment of the money portion of Omaha Bank's lien. The court acknowledged that the agreement between the parties was unclear as to what portion of Omaha Bank's lien was subordinated, but the court did not find the agreement fatally vague. When reading all the motions and orders together, the bankruptcy court found that it was clear there was an assignment to the bankruptcy estate consisting of one-half of the money portion of Omaha Bank's lien such that monies owed to Omaha Bank would be evenly split between Omaha Bank and the estate. In the end, the court found the assignment of the lien made this case different from the carve-out cases. The bankruptcy court granted Trustee's motions and entered orders accordingly. Ms. Roach filed a single notice of appeal from those orders.

**C. Post-appeal Events**

By order, the Panel required Ms. Roach to file a separate appeal and pay a separate filing fee for each order so that the appeals would proceed as separate matters. The appeal of the Distribution Order was assigned BAP No. 18-1160.

Trustee moved to dismiss the appeal of the Sale Order (BAP No. 18-1144), arguing that it was moot because escrow had closed, there was no stay pending appeal, and the buyers qualified as good faith purchasers under § 363(m). The Panel denied the motion, finding that effective relief could be granted because the Sale Order granted two types of relief: it approved a sale and it allocated the proceeds. The Panel found that the portion of the order concerning the actual sale transaction was moot since the sale of the Property was made to a good faith purchaser and was not stayed pending appeal. *Paulman v. Gateway Venture Partners III, L.P. (In re Filtercorp, Inc.)* 163 F.3d 570, 576 (9th Cir. 1998). However, the Panel found that the appeal as to the second relief was not moot because the proceeds had not been distributed (and even if they had, such proceeds could be recovered). Accordingly, the Panel denied the motion without prejudice to reconsideration by the merits panel assigned to this appeal. [2]

## JURISDICTION

**\*4** The bankruptcy court had jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(A) and (N). We have jurisdiction under 28 U.S.C. § 158.

## ISSUE

Whether the bankruptcy court erred in concluding that Ms. Roach was not entitled to claim a homestead exemption in the estate's share of proceeds received from the sale of her Property due to Omaha Bank's assignment to the estate one-half of the money portion of its lien.

## STANDARD OF REVIEW

We review a bankruptcy court's interpretation of its own order for an abuse of discretion. *Rosales v. Wallace (In re Wallace)*, 490 B.R. 898, 906 (9th Cir. BAP 2013) (citing *Arenson v. Chicago Mercantile Exch.*, 520 F.2d 722, 725 (7th Cir.1975) ); *see also Hallett v. Morgan*, 296 F.3d 732, 739–40 (9th Cir. 2002) (special consideration is given to the trial court's interpretation of its own orders); *Colonial Auto Ctr. v. Tomlin (In re Tomlin)*, 105 F.3d 933, 941 (4th Cir.1997) (the bankruptcy judge who has presided over a case from its inception is in the best position to clarify the court's rulings).

A bankruptcy court abuses its discretion if it applied the wrong legal standard or its findings were illogical, implausible or without support in the record.

Case 8:21-bk-11710-SC    Doc 410    Filed 07/30/24    Entered 07/30/24 14:30:01    Desc
Main Document    Page 25 of 35

In re Roach, Not Reported in B.R. Rptr. (2019)

📁⚠️ *TrafficSchool.com, Inc. v. Edriver Inc.*, 653 F.3d 820, 832 (9th Cir. 2011).

## DISCUSSION

These appeals are about Ms. Roach's homestead exemption in proceeds received by the bankruptcy estate after the sale of her Property. In California, the homestead exemption may exceed home equity on the petition date. 📁 *Wilson v. Rigby (In re Wilson)*, 909 F.3d 306, 310 (9th Cir. 2018). The allowed amount of the debtor's homestead is determined when the subject property is sold rather than being fixed as of the date the debtor files bankruptcy. *Robertson v. Alsberg (In re Alsberg)*, 161 B.R. 680, 684 (9th Cir. BAP 1993), *aff'd* 📁 68 F.3d 312 (9th Cir. 1995). In this case, the disbursement of proceeds is a result of the bankruptcy court's order approving the compromise between Omaha Bank and Trustee. That order became a final order after the time for appeal passed. Accordingly, we cannot address whether the approval of the compromise or the distribution of proceeds was appropriate or not.

Further, in ruling on Trustee's motions, the bankruptcy court re-examined the meaning of the compromise agreement to determine whether the subordination provisions constituted a carve-out agreement or an assignment of the money portion of Omaha Bank's lien. The bankruptcy court found that although the agreement was unclear as to what portion of Omaha Bank's lien (i.e., the unsecured portion or the secured portion) was subordinated, the agreement was not fatally vague. The bankruptcy court concluded that reading all the motions and orders together, it was clear that there was an assignment to the bankruptcy estate consisting of one-half of the money portion of Omaha Bank's lien such that monies owed to Omaha Bank would be evenly split between Omaha Bank and the estate.

" 'We owe substantial deference to the bankruptcy court's interpretation of its own orders and will not overturn that interpretation unless we are convinced that it amounts to an abuse of discretion.' " *Marciano v. Fahs (In re Marciano)*, 459 B.R. 27, 35 (9th Cir. BAP 2011) (quoting 📁 *Ill. Inv. Trust No. 92 7163 v. Allied Waste Indus., Inc. (In re Resource Tech. Corp.)*, 624 F.3d 376, 386 (7th Cir. 2010) ). The bankruptcy court was in the best position to construe the subordination provisions in the compromise agreement. Considering the record and the plain text of the compromise, we are not convinced that the bankruptcy court's interpretation was an abuse of discretion. Because Omaha Bank assigned the money portion of its lien to the bankruptcy estate, the bankruptcy court properly determined that under the terms of the compromise, Ms. Roach was not entitled to claim a homestead exemption in the sale proceeds attributed to the transferred lien.

## CONCLUSION

**\*5**  For these reasons, we AFFIRM both orders on appeal.

### All Citations

Not Reported in B.R. Rptr., 2019 WL 408628

## Footnotes

\*  This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential value, *see* 9th Cir. BAP Rule 8024-1.

1  Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 📁 11 U.S.C. §§ 101-1532, and "Rule" references are to the Federal Rules of Bankruptcy Procedure.

2  Generally, a merits panel is not bound by the decisions of a motions panel. *Stagecoach Utils., Inc. v. Cty. of Lyon (In re Stagecoach Utils., Inc.)*, 86 B.R. 229, 230 (9th Cir. BAP 1988). We see no reason to reconsider

the decision made by the motions panel. The scope of our review in these related appeals is limited to the bankruptcy court's decision regarding the distribution of the sale proceeds.

---

**End of Document**                                      © 2024 Thomson Reuters. No claim to original U.S. Government Works.

EXHIBIT 3



AARON E. DE LEEST
SENIOR COUNSEL

ADELEEST@DANNINGGILL.COM
WWW.DANNINGGILL.COM

1901 AVENUE OF THE STARS, SUITE 450
LOS ANGELES, CALIFORNIA 90067-6006

(310) 277-0077 – TEL
(310) 277-5735 – FAX

July 18, 2024

VIA EMAIL AND U.S. MAIL
*Josephamh@outlook.com*

Mr. Joseph Arroyo
977 S. Santa Fe Avenue
Suite 1
Vista, CA  92083

Re:    <u>Jamie Lynn Gallian, Debtor</u>

Dear Mr. Arroyo:

My firm represents Jeffrey I. Golden, as the Chapter 7 Trustee (the "Trustee"), for the bankruptcy estate of Jamie Lynn Gallian (the "Debtor"), Bankruptcy Case No. 8:21-bk-11710-SC (the "Bankruptcy Case").  A copy of the Notice of Bankruptcy Case Filing is enclosed.

The Trustee is informed that you have listed for sale at $539,000 the manufactured home located at 16222 Monterey Lane, Space #376, Huntington Beach, CA 92649 ("Property") for the Debtor.  A copy of the listing that we received today is enclosed.

Please be advised that, pursuant to 11 U.S.C. § 541(a), the Property is property of the Debtor's bankruptcy estate.  The Property cannot be sold without approval of the United States Bankruptcy Court in the Debtor's Bankruptcy Case and only the Trustee has authority to sell the Property, as the Trustee.  *See* 11 U.S.C. § 541(a) and 363(b).  Please be further advised that you have not been employed by the Trustee and/or authorized by the Bankruptcy Court to act as a broker or agent with respect to any sale of the Property.  *See* 11 U.S. Code § 327.

**Please immediately cease and desist all efforts to sell the Property and, no later than end of business today, July 18, 2024, remove and take down all listings, including on any website and multiple listing service, relating to the Property.**

1774854.1  27064

DANNING, GILL, ISRAEL & KRASNOFF, LLP

EXHIBIT 3      24

**DANNING, GILL, ISRAEL & KRASNOFF, LLP**

Mr. Joseph Arroyo
July 18, 2024
Page 2

The Trustee reserves any and all of his rights and remedies against you in relation to any unauthorized transfer of the Property.

Sincerely,

*/s Aaron E. de Leest*

Aaron E. de Leest

cc:    Jeffrey I. Golden, Trustee (via email)
        Eric P. Israel, Esq. (via email)
        Jamie Lynn Gallian, Debtor

1774854.1  27064

25

United States Bankruptcy Court
Central District of California

## Notice of Bankruptcy Case Filing

A bankruptcy case concerning the debtor(s) listed below was filed under
Chapter 7 of the United States Bankruptcy Code, entered on 07/09/2021 at
2:15 PM and filed on 07/09/2021.

**FILED**
**07/09/2021**

**Jamie Lynn Gallian**
16222 Monterey Ln Unit 376
Huntington Beach, CA 92649
714-321-3449
SSN / ITIN: xxx-xx-3936
*aka* **Jamie L Gallian**
*dba* **J-Sandcastle Co, LLC**
*dba* **J-PAD, LLC**

The bankruptcy trustee is:

**Jeffrey I Golden (TR)**
Golden Goodrich LLP
3070 Bristol Street, Suite 640
Costa Mesa, CA 92626
(714) 966-1000

The case was assigned case number 8:21-bk-11710-SC to Judge Scott C Clarkson.

In most instances, the filing of the bankruptcy case automatically stays certain collection and other actions against
the debtor and the debtor's property. Under certain circumstances, the stay may be limited to 30 days or not exist at
all, although the debtor can request the court to extend or impose a stay. If you attempt to collect a debt or take
other action in violation of the Bankruptcy Code, you may be penalized. Consult a lawyer to determine your rights
in this case.

If you would like to view the bankruptcy petition and other documents filed by the debtor, they are available at our
*Internet* home page www.cacb.uscourts.gov or at the Clerk's Office, 411 West Fourth Street, Suite 2030,, Santa
Ana, CA 92701-4593.

You may be a creditor of the debtor. If so, you will receive an additional notice from the court setting forth
important deadlines.

**Kathleen J. Campbell**
**Clerk, U.S. Bankruptcy Court**

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 07/18/2024 13:04:10 | | | |
| PACER Login: | aeddgdk37 | Client Code: | gallian27064 |
| Description: | Notice of Filing | Search Criteria: | 8:21-bk-11710-SC |

26

| Billable Pages: | 1 | Cost: | 0.10 |

7/18/24, 8:27 AM                    2014 Skyline Mobile Home For Sale | 1622 Monterrey Lane Sp # 376 Huntington Beach, CA



## 1622 Monterrey Lane Sp # 376
## Huntington Beach, CA 92649

# $539,000

2 🛏         2 🛁

1,800 Sq. Ft.

**Seller is giving a 1 year base Warranty on this home Call right now Patti**

MHVillage Listing: #3149104
Year: 2014
Make/Model: Skyline Custom Villa
Serial Number: #PFS1130282AC747103

WOW !!! Look at this Custom Made home In Sr. Community Blocks from the Huntington Beach Harbor, Gated Community very private., This home set in perfect location in the Community no so much traffic goes by.. LOOK at this Beautiful Custom Made Home this home is so beautiful you will want to buy it right away. Look at the open floor plan huge living room with dinning combined, WOW LOOK at this Kitchen with lots of cabinet space suitable for your every need, all Kitchen appliances are included in the sale.. WOW look at this huge laundry room with washer and dryer are included. Now lets go in the guest bath room with full size shower and tub with on vanity and on e sink. Look at this huge guest bedroom with full size closet. NOW let's go into this SPACIOUS mater bedroom with full size closet and look at he this huge master bathroom with double sinks with vanity and full size shower and tub. This home is a must see shows' perfect and look at price very reasonable and affordable. Includes Clubhouse, Swimming Pool, Jacuzzi, Lots of Senior Activities very quiet Community. Call right now ask for Patti or just call our Office to see more home log onto my web site Se Habla Esponal LLame Ahora. !!!

## Home Information:

- Roof: Shingled
- Carport
- Patio
- Ceiling Fan
- Refrigerator
- Dishwasher
- Trim Color: White
- Lot Rent: $1,372/Month

- Siding: Hardboard
- Central Air
- Ceiling: Drywall
- Walk-In Closet
- Microwave
- Clothes Washer
- Color: Tan

- Skirting: Hardboard
- Storage Shed
- Walls: Drywall
- Garbage Disposal
- Oven
- Clothes Dryer
- Heating: Gas

**Listed by:**

**Joseph Arroyo (Pro+)**



License #:DL1140137
Joseph Arroyo
**(760) 758-7653**

28

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 1901 Avenue of the Stars, Suite 450, Los Angeles, CA 90067-6006.

A true and correct copy of the foregoing document entitled (*specify*): TRUSTEE'S NOTICE OF OPPOSITION AND OPPOSITION TO DEBTOR'S MOTION TO COMPEL AND ISSUE ORDER TO THE CH. 7 TRUSTEE TO WITHDRAW AND CANCEL THE MAY 13, 2024 HCD APPLICATION TO TRANSFER CERTIFICATE OF TITLE DECAL LBM 1081 FOR ZERO CONSIDERATION TO DANNING, GILL, ISRAEL & KRASNOFF LLP FORTHWITH; MEMORANDUM OF POINTS AND AUTHORITIES; REQUEST FOR JUDICIAL NOTICE AND DECLARATION OF AARON E. DE LEEST IN SUPPORT THEREOF will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) July 30, 2024 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

⊠ Service information continued on attached page.

**2.  SERVED BY UNITED STATES MAIL**:  On July 30, 2024, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by causing to be placed a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

⊠ Service information continued on attached page.

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on July 30, 2024, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

VIA EMAIL:

Debtor in pro per
Jamie Lynn Gallian   *jamiegallian@gmail.com*

☐ Service information continued on attached page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| July 30, 2024 | Beverly Lew | */s/ Beverly Lew* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

<u>**ADDITIONAL SERVICE INFORMATION**</u> (if needed):

## 1. <u>SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")</u>

Bradford Barnhardt on behalf of Interested Party Courtesy NEF
bbarnhardt@marshackhays.com, bbarnhardt@ecf.courtdrive.com,alinares@ecf.courtdrive.com

Bradford Barnhardt on behalf of Plaintiff Houser Bros. Co.
bbarnhardt@marshackhays.com, bbarnhardt@ecf.courtdrive.com,alinares@ecf.courtdrive.com

Aaron E. DE Leest on behalf of Plaintiff Jeffrey I. Golden
adeleest@DanningGill.com, danninggill@gmail.com;adeleest@ecf.inforuptcy.com

Aaron E. DE Leest on behalf of Trustee Jeffrey I Golden (TR)
adeleest@DanningGill.com, danninggill@gmail.com;adeleest@ecf.inforuptcy.com

Robert P Goe on behalf of Creditor The Huntington Beach Gables Homeowners Association
kmurphy@goeforlaw.com,
rgoe@goeforlaw.com;goeforecf@gmail.com;Goe.RobertP.R@notify.bestcase.com;ajohnston@goeforlaw.com

Robert P Goe on behalf of Interested Party The Huntington Beach Gables Homeowners Association
kmurphy@goeforlaw.com,
rgoe@goeforlaw.com;goeforecf@gmail.com;Goe.RobertP.R@notify.bestcase.com;ajohnston@goeforlaw.com

Robert P Goe on behalf of Plaintiff The Huntington Beach Gables Homeowners Association
kmurphy@goeforlaw.com,
rgoe@goeforlaw.com;goeforecf@gmail.com;Goe.RobertP.R@notify.bestcase.com;ajohnston@goeforlaw.com

Jeffrey I Golden (TR)
lwerner@go2.law, jig@trustesolutions.net;kadele@go2.law;C205@ecfcbis.com

D Edward Hays on behalf of Creditor Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates
ehays@marshackhays.com,
ehays@ecf.courtdrive.com;alinares@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com

D Edward Hays on behalf of Interested Party Courtesy NEF
ehays@marshackhays.com,
ehays@ecf.courtdrive.com;alinares@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com

D Edward Hays on behalf of Plaintiff Houser Bros. Co.
ehays@marshackhays.com,
ehays@ecf.courtdrive.com;alinares@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com

Brandon J. Iskander on behalf of Creditor The Huntington Beach Gables Homeowners Association
biskander@goeforlaw.com, kmurphy@goeforlaw.com

Brandon J. Iskander on behalf of Plaintiff The Huntington Beach Gables Homeowners Association
biskander@goeforlaw.com, kmurphy@goeforlaw.com

Eric P Israel on behalf of Trustee Jeffrey I Golden (TR)
eisrael@danninggill.com, danninggill@gmail.com;eisrael@ecf.inforuptcy.com

Shantal Malmed on behalf of Plaintiff Jeffrey I. Golden
shantal.malmed@gmlaw.com, cheryl.caldwell@gmlaw.com

Shantal Malmed on behalf of Trustee Jeffrey I Golden (TR)
shantal.malmed@gmlaw.com, cheryl.caldwell@gmlaw.com

Laila Masud on behalf of Creditor Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates
lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;lbuchanan@marshackhays.com;alinares@ecf.courtdrive.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                   **F 9013-3.1.PROOF.SERVICE**

Laila Masud on behalf of Interested Party Courtesy NEF
lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;lbuchanan@marshackhays;alinares@ecf.courtdrive.com

Laila Masud on behalf of Plaintiff Houser Bros. Co.
lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;lbuchanan@marshackhays;alinares@ecf.courtdrive.com

Mark A Mellor on behalf of Defendant Randall L Nickel
mail@mellorlawfirm.com, mellormr79158@notify.bestcase.com

Mark A Mellor on behalf of Interested Party Courtesy NEF
mail@mellorlawfirm.com, mellormr79158@notify.bestcase.com

Valerie Smith on behalf of Interested Party Courtesy NEF
claims@recoverycorp.com

United States Trustee (SA)        ustpregion16.sa.ecf@usdoj.gov


## 2.  <u>SERVED BY U.S. MAIL</u>

The Honorable Scott C. Clarkson
U.S. Bankruptcy Court
411 W. Fourth Street, Suite 5130
Santa Ana, CA 92701

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                    **F 9013-3.1.PROOF.SERVICE**