| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address<br><br>JAMIE LYNN GALLIAN<br>16222 MONTEREY LANE UNIT 376<br>HUNTINGTON BEACH, CA 92649<br>(714)321-3449<br>JAMIEGALLIAN@GMAIL.COM<br><br><br>☒ *Movant(s) appearing without an attorney*<br>☐ *Attorney for Movant(s)* | FOR COURT USE ONLY |
|---|---|

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION**

| In re:<br>JAMIE LYNN GALLIAN | CASE NO.: 8:21-BK-11710-SC<br>CHAPTER: 7 |
|---|---|
| | **DECLARATION THAT NO PARTY**<br>**REQUESTED A HEARING ON MOTION**<br>**LBR 9013-1(o)(3)** |
| Debtor(s). | [No Hearing Required] |

1.  I am the ☒ Movant(s) or ☐ attorney for Movant(s) or ☐ employed by attorney for Movant(s).

2.  On (*date*): 08/27/2024   Movant(s) filed a motion or application (Motion) entitled: MOTION TO AVOID LIEN UNDE
    11 U.S.C. §522(F) (REAL PROPERTY

3.  A copy of the Motion and notice of motion is attached to this declaration.

4.  On (*date*): 08/27/2024   Movant(s), served a copy of ☐ the notice of motion or ☒ the Motion and notice of motion
    on required parties using the method(s) identified on the Proof of Service of the notice of motion.

5.  Pursuant to LBR 9013-1(o), the notice of motion provides that the deadline to file and serve a written response and
    request for a hearing is 14 days after the date of service of the notice of motion, plus 3 additional days if served by
    mail, or pursuant to F.R.Civ.P. 5(b)(2)(D) or (F).

6.  More than 14   days have passed after Movant(s) served the notice of motion.

7.  I checked the docket for this bankruptcy case and/or adversary proceeding, and no response and request for hearing
    was timely filed.

8.  No response and request for hearing was timely served on Movant(s) via Notice of Electronic Filing, or at the street
    address, email address, or facsimile number specified in the notice of motion.

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*                    Page 1                    **F 9013-1.2.NO.REQUEST.HEARING.DEC**

9.  Based on the foregoing, and pursuant to LBR 9013-1(o), a hearing is not required.

Movant(s) requests that the court grant the motion and enter an order without a hearing.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.


Date: 09/10/2024


Signature


JAMIE LYNN GALLIAN
Printed name

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2016                          Page 2                    F 9013-1.2.NO.REQUEST.HEARING.DEC

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
16222 MONTEREY LANE UNIT 378 HUNTINGTON BEACH, CA 92649

A true and correct copy of the foregoing document entitled: **DECLARATION THAT NO PARTY REQUESTED A HEARING ON MOTION [LBR 9013-1(o)(3)]** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 09/10/2024____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 09/10/2024 | JOSEPH CLARK | *Joseph Clark* |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

**ADDITIONAL SERVICE INFORMATION (if needed):**

## 1. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")

Bradford Barnhardt on behalf of Interested Party Courtesy NEF
bbarnhardt@marshackhays.com, bbarnhardt@ecf.courtdrive.com,alinares@ecf.courtdrive.com

Bradford Barnhardt on behalf of Plaintiff Houser Bros. Co.
bbarnhardt@marshackhays.com, bbarnhardt@ecf.courtdrive.com,alinares@ecf.courtdrive.com

Aaron E. DE Leest on behalf of Plaintiff Jeffrey I. Golden
adeleest@DanningGill.com, danninggill@gmail.com;adeleest@ecf.inforuptcy.com

Aaron E. DE Leest on behalf of Trustee Jeffrey I Golden (TR)
adeleest@DanningGill.com, danninggill@gmail.com;adeleest@ecf.inforuptcy.com

Robert P Goe on behalf of Creditor The Huntington Beach Gables Homeowners Association
kmurphy@goeforlaw.com,
rgoe@goeforlaw.com;goeforecf@gmail.com;Goe.RobertP.R@notify.bestcase.com;ajohnston@goeforlaw.com

Robert P Goe on behalf of Interested Party The Huntington Beach Gables Homeowners Association
kmurphy@goeforlaw.com,
rgoe@goeforlaw.com;goeforecf@gmail.com;Goe.RobertP.R@notify.bestcase.com;ajohnston@goeforlaw.com

Robert P Goe on behalf of Plaintiff The Huntington Beach Gables Homeowners Association
kmurphy@goeforlaw.com,
rgoe@goeforlaw.com;goeforecf@gmail.com;Goe.RobertP.R@notify.bestcase.com;ajohnston@goeforlaw.com

Jeffrey I Golden (TR)
lwerner@go2.law, jig@trusteesolutions.net;kadele@go2.law;C205@ecfcbis.com

D Edward Hays on behalf of Creditor Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates
ehays@marshackhays.com,
ehays@ecf.courtdrive.com;alinares@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com

D Edward Hays on behalf of Interested Party Courtesy NEF
ehays@marshackhays.com,
ehays@ecf.courtdrive.com;alinares@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com

D Edward Hays on behalf of Plaintiff Houser Bros. Co.
ehays@marshackhays.com,
ehays@ecf.courtdrive.com;alinares@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com

Brandon J. Iskander on behalf of Creditor The Huntington Beach Gables Homeowners Association
biskander@goeforlaw.com, kmurphy@goeforlaw.com

Brandon J. Iskander on behalf of Plaintiff The Huntington Beach Gables Homeowners Association
biskander@goeforlaw.com, kmurphy@goeforlaw.com

Eric P Israel on behalf of Trustee Jeffrey I Golden (TR)
eisrael@danninggill.com, danninggill@gmail.com;eisrael@ecf.inforuptcy.com

Shantal Malmed on behalf of Plaintiff Jeffrey I. Golden
shantal.malmed@gmlaw.com, cheryl.caldwell@gmlaw.com

Shantal Malmed on behalf of Trustee Jeffrey I Golden (TR)
shantal.malmed@gmlaw.com, cheryl.caldwell@gmlaw.com

Laila Masud on behalf of Creditor Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates
lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;lbuchanan@marshackhays.com;alinares@ecf.courtdrive.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                 **F 9013-3.1.PROOF.SERVICE**

Laila Masud on behalf of Interested Party Courtesy NEF
lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;lbuchanan@marshackhays.com;alinares@ecf.courtdrive.com

Laila Masud on behalf of Plaintiff Houser Bros. Co.
lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;lbuchanan@marshackhays.com;alinares@ecf.courtdrive.com

Mark A Mellor on behalf of Defendant Randall L Nickel
mail@mellorlawfirm.com, mellormr79158@notify.bestcase.com

Mark A Mellor on behalf of Interested Party Courtesy NEF
mail@mellorlawfirm.com, mellormr79158@notify.bestcase.com

Valerie Smith on behalf of Interested Party Courtesy NEF
claims@recoverycorp.com

United States Trustee (SA)        ustpregion16.sa.ecf@usdoj.gov

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                      **F 9013-3.1.PROOF.SERVICE**

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| JAMIE LYNN GALLIAN<br>16222 MONTEREY LN. UNIT 376<br>HUNTINGTON BEACH. CA 92649<br>714-321-3449<br>JAMIEGALLIAN@GMAIL.COM | |

☒ *Debtor(s) appearing without an attorney*
☐ *Attorney for:*

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION**

| In re:<br>JAMIE LYNN GALLIAN | CASE NO.: 8:21-BK-11710-SC<br>CHAPTER: 7 |
|---|---|
| | **NOTICE OF OPPORTUNITY TO REQUEST A HEARING ON MOTION**<br><br>**[LBR 9013-1(o)]** |
| Debtor(s). | [No hearing unless requested in writing] |

**TO THE U.S. TRUSTEE AND ALL PARTIES ENTITLED TO NOTICE, PLEASE TAKE NOTICE THAT:**

1.  Movant(s) JAMIE LYNN GALLIAN ,
    filed a motion or application (Motion) entitled DEBTOR'S NOTICE OF MOTION AND MOTION TO AVOID LIEN
    UNDER 11 U.S.C. § 522(f) (REAL PROPERTY .

2.  Movant(s) is requesting that the court grant the Motion without a hearing as provided for in LBR 9013-1(o), unless a party in interest timely files and serves a written opposition to the Motion and requests a hearing.

3.  The Motion is based upon the legal and factual grounds set forth in the Motion.  (*Check appropriate box below*):
    ☒ The full Motion is attached to this notice; or
    ☐ The full Motion was filed with the court as docket entry # _____, and a detailed description of the relief sought is attached to this notice.

4.  **DEADLINE FOR FILING AND SERVING OPPOSITION PAPERS AND REQUEST FOR A HEARING:** Pursuant to LBR 9013-1(o), any party who opposes the Motion may request a hearing on the Motion.  The deadline to file and serve a written opposition and request for a hearing is 14 days after the date of service of this notice, plus 3 additional days if you were served by mail or pursuant to F.R.Civ.P. 5(b)(2)(D) or (F).

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

a.   If you timely file and serve a written opposition and request for a hearing, movant will file and serve a notice of hearing at least 14 days in advance of the hearing. [LBR 9013-1(o)(4)]

b.   If you fail to comply with this deadline:

   (1)  Movant will file a declaration to indicate: (1) the Motion was properly served, (2) the response period elapsed, and (3) no party filed and served a written opposition and request for a hearing within 14 days after the date of service of the notice [LBR 9013-1(o)(3)];

   (2)  Movant will lodge an order that the court may use to grant the Motion; and

   (3)  The court may treat your failure as a waiver of your right to oppose the Motion and may grant the Motion without further hearing and notice. [LBR 9013-1(h)]

Respectfully submitted,

Date:  08/26/2024

*Jamie Lynn Gallian*
Signature of Movant or attorney for Movant

JAMIE LYNN GALLIAN
Printed name of Movant or attorney for Movant

---

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2016                                    Page 2                    F 9013-1.2.OPPORTUNITY.HEARING.NOTICE
002

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
16222 MONTEREY LANE UNIT 378 HUNTINGTON BEACH. CA 92649

A true and correct copy of the foregoing document entitled: **NOTICE OF OPPORTUNITY TO REQUEST A HEARING ON MOTION [LBR 9013-1(o)]** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 08/26/2024___, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒  Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐  Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| 08/26/2024 | JOSEPH CLARK | *Joseph Clark* |
| Date | Printed Name | Signature |

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2016                              Page 3              **F 9013-1.2.OPPORTUNITY.HEARING.NOTICE**

003

<u>**ADDITIONAL SERVICE INFORMATION (if needed):**</u>

## 1.  <u>SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")</u>

Bradford Barnhardt on behalf of Interested Party Courtesy NEF
bbarnhardt@marshackhays.com, bbarnhardt@ecf.courtdrive.com,alinares@ecf.courtdrive.com

Bradford Barnhardt on behalf of Plaintiff Houser Bros. Co.
bbarnhardt@marshackhays.com, bbarnhardt@ecf.courtdrive.com,alinares@ecf.courtdrive.com

Aaron E. DE Leest on behalf of Plaintiff Jeffrey I. Golden
adeleest@DanningGill.com, danninggill@gmail.com;adeleest@ecf.inforuptcy.com

Aaron E. DE Leest on behalf of Trustee Jeffrey I Golden (TR)
adeleest@DanningGill.com, danninggill@gmail.com;adeleest@ecf.inforuptcy.com

Robert P Goe on behalf of Creditor The Huntington Beach Gables Homeowners Association
kmurphy@goeforlaw.com,
rgoe@goeforlaw.com;goeforecf@gmail.com;Goe.RobertP.R@notify.bestcase.com;ajohnston@goeforlaw.com

Robert P Goe on behalf of Interested Party The Huntington Beach Gables Homeowners Association
kmurphy@goeforlaw.com,
rgoe@goeforlaw.com;goeforecf@gmail.com;Goe.RobertP.R@notify.bestcase.com;ajohnston@goeforlaw.com

Robert P Goe on behalf of Plaintiff The Huntington Beach Gables Homeowners Association
kmurphy@goeforlaw.com,
rgoe@goeforlaw.com;goeforecf@gmail.com;Goe.RobertP.R@notify.bestcase.com;ajohnston@goeforlaw.com

Jeffrey I Golden (TR)
lwerner@go2.law, jig@trustesolutions.net;kadele@go2.law;C205@ecfcbis.com

D Edward Hays on behalf of Creditor Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates
ehays@marshackhays.com,
ehays@ecf.courtdrive.com;alinares@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com

D Edward Hays on behalf of Interested Party Courtesy NEF
ehays@marshackhays.com,
ehays@ecf.courtdrive.com;alinares@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com

D Edward Hays on behalf of Plaintiff Houser Bros. Co.
ehays@marshackhays.com,
ehays@ecf.courtdrive.com;alinares@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com

Brandon J. Iskander on behalf of Creditor The Huntington Beach Gables Homeowners Association
biskander@goeforlaw.com, kmurphy@goeforlaw.com

Brandon J. Iskander on behalf of Plaintiff The Huntington Beach Gables Homeowners Association
biskander@goeforlaw.com, kmurphy@goeforlaw.com

Eric P Israel on behalf of Trustee Jeffrey I Golden (TR)
eisrael@danninggill.com, danninggill@gmail.com;eisrael@ecf.inforuptcy.com

Shantal Malmed on behalf of Plaintiff Jeffrey I. Golden
shantal.malmed@gmlaw.com, cheryl.caldwell@gmlaw.com

Shantal Malmed on behalf of Trustee Jeffrey I Golden (TR)
shantal.malmed@gmlaw.com, cheryl.caldwell@gmlaw.com

Laila Masud on behalf of Creditor Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates
lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;lbuchanan@marshackhays.com;alinares@ecf.courtdrive.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                    **F 9013-3.1.PROOF.SERVICE**

Laila Masud on behalf of Interested Party Courtesy NEF
lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;lbuchanan@marshackhays.com;alinares@ecf.courtdrive.com

Laila Masud on behalf of Plaintiff Houser Bros. Co.
lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;lbuchanan@marshackhays.com;alinares@ecf.courtdrive.com

Mark A Mellor on behalf of Defendant Randall L Nickel
mail@mellorlawfirm.com, mellormr79158@notify.bestcase.com

Mark A Mellor on behalf of Interested Party Courtesy NEF
mail@mellorlawfirm.com, mellormr79158@notify.bestcase.com

Valerie Smith on behalf of Interested Party Courtesy NEF
claims@recoverycorp.com

United States Trustee (SA)        ustpregion16.sa.ecf@usdoj.gov

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                        **F 9013-3.1.PROOF.SERVICE**
005

| Attorney or Party Name, Address, Telephone & FAX Numbers, State Bar Number & Email Address | FOR COURT USE ONLY |
|---|---|
| JAMIE LYNN GALLIAN<br>16222 MONTEREY LANE UNIT 376<br>HUNTINGTON BEACH, CA 92649<br>714-321-3449<br>JAMIEGALLIAN@GMAIL.COM<br><br><br><br>☒ *Debtor appearing without attorney*<br>☐ *Attorney for Debtor* | |

<table>
<tr><td colspan="2" align="center"><strong>UNITED STATES BANKRUPTCY COURT<br>CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION</strong></td></tr>
<tr><td>In re:<br>JAMIE LYNN GALLIAN<br><br><br><br><br><br><br><br><br><br>Debtor(s).</td><td>CASE NUMBER: 8:21-BK-11710-SC<br>CHAPTER: 7<br><br><strong>DEBTOR'S NOTICE OF MOTION AND MOTION TO AVOID LIEN UNDER 11 U.S.C. § 522(f) (REAL PROPERTY)</strong><br><br><br>[No hearing required unless requested under LBR 9013-1(o)]</td></tr>
<tr><td colspan="2"><strong>Creditor Name:</strong><br>J-PAD, LLC; JEFFREY I. GOLDEN CHAPTER 7 TRUSTEE OF THE ESTATE OF JAMIE LYNN GALLIAN</td></tr>
</table>

**TO THE CREDITOR, ATTORNEY FOR CREDITOR AND OTHER INTERESTED PARTIES:**

1. **NOTICE IS HEREBY GIVEN** that Debtor moves this court for an order, pursuant to LBR 9013-1(o) upon notice of opportunity to request a hearing (*i.e.*, without a hearing unless requested), avoiding a lien on the grounds set forth below.

2. **Deadline for Opposition Papers:**
   Pursuant to LBR 9013-1(o), any party opposing the motion may file and serve a written opposition and request a hearing on this motion. If you fail to file a written response within 14 days of the date of service of this notice of motion and motion, plus an additional 3 days unless this notice of motion and motion was served by personal delivery or posting as described in Federal Rules of Civil Procedure 5(b)(2)(A)-(B), the court may treat such failure as a waiver of your right to oppose this motion and may grant the requested relief.

---

> *"Bankruptcy Code" and "11 U.S.C." refer to the United States Bankruptcy Code, Title 11 of the United States Code.*
> *"FRBP" refers to the Federal Rules of Bankruptcy Procedure. "LBR" and "LBRs" refer to the Local Bankruptcy Rule(s) of this court.*

---

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

3. **Type of Case:**

   a. ☒ A voluntary petition under Chapter    ☒ 7   ☐ 11   ☐ 12   ☐ 13 was filed on: <u>07/09/2021</u>

   b. ☐ An involuntary petition under Chapter    ☐ 7   ☐ 11 was filed on: _____

        ☐ An order of relief under Chapter    ☐ 7   ☐ 11 was entered on: _____

   c. ☐ An order of conversion to Chapter    ☐ 7   ☐ 11   ☐ 12   ☐ 13 was entered on: _____

   d. ☐ Other:

4. **Procedural Status:**

   a. ☒ Name of Trustee appointed *(if any)*: <u>JEFFREY I. GOLDEN</u>

   b. ☒ Name of Attorney for Trustee *(if any)*: <u>DANING, GILL, ISRAEL, & KRASNOFF, LLP</u>

5. Debtor claims an exemption in the subject real property under:

   a. ☒ California Code of Civil Procedure § <u>704.930(a)</u>    (Homestead):  Exemption amount claimed on schedules:  $ <u>600,000.00</u>

   b. ☒ California Code of Civil Procedure § <u>704.720(a)</u>    Exemption amount claimed on schedules:  $ <u>600,000.00</u>

   c. ☐ Other statute *(specify)*: _____

6. Debtor's entitlement to an exemption is impaired by a judicial lien, the details of the lien are as follows:

   a. Date of entry of judgment *(specify)*: _____
   b. Case name *(specify)*: _____
   c. Name of court: _____
   d. Docket number *(specify)*: _____
   e. Date *(specify)* <u>01/14/2019</u> and place *(specify)* <u>California Secretary of State, U.C.C. Filing, Sacramento, CA</u> of recordation of lien
   f. Recorder's instrument number *(specify)*: <u>19-7691905279</u>   amended <u>19--7691916827</u>

7. The property claimed to be exempt is as follows:

   a. Street address, city, county and state, where located, *(specify)*: 1 <u>6222 Monterey Lane,  Space 376</u> <u>HUNTINGTON BEACH, CA 92649</u>

   b. Legal description *(specify)*: <u>Parcel 1 and Parcel 2 of of PMB 108-48;  Tract Map Misc Maps Book 456, pg 49-50,</u> _____ ☒ See attached page

8. Debtor acquired the property claimed as exempt on the following date *(specify)*: <u>Nov. 1, 2018</u>

9. Debtor alleges that the fair market value of the property claimed exempt is: $ <u>385000.00</u>

10. The subject property is encumbered with the following liens *(list mortgages and other liens in order of priority and place an "X" as to the lien to be avoided by this motion)*:

| Name of Lienholder | "X" | Date Lien Recorded | Original Lien Amount | Current Lien Amount | Date of Current Lien |
|---|---|---|---|---|---|
| J-Pad, LLC; JEFFREY GOLDEN,Ch7 Trustee | ☒ | 01/14/2019 | $ 225,000.00 | $ 0.00 | 11/16/2018 |
| | ☐ | | $ | $ | |
| ~~Security Agreement EX. A Prom. Note~~ Jamie Lynn Gallian, Lender/Holder | ☐ | ~~Legal Owner(s)~~ R Pierpont [or] | $ 225,000.00 | $ 0.00 | 11/16/2018 |
| J-Sandcastle Co, LLC, Borrower | ☐ | J-Pad, LLC HCD | Lien Satisfied 7/9/2021 $ | | |

HCD Reg. Owner J-Sandcastle Co released to Jamie Gallian on 8/3/21 HCD COT

December 2017        Page 2        **F 4003-2.1.AVOID.LIEN.RP.MOTION**

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

007

11. Debtor attaches copies of the following documents in support of the motion (as appropriate):

    a. ☒ Schedule C to bankruptcy petition listing all exemptions claimed by Debtor

    b. ☒ Appraisal of the property

    c. ☒ Documents showing current balance due as to the liens specified in paragraph 11 above

    d. ☐ Recorded Abstract of Judgment

    e. ☒ Recorded Declaration of Homestead (Homestead Exemption)

    f. ☒ Declaration(s)

    g. ☐ Other (*specify*):


12. Total number of attached pages of supporting documentation:  __116__

13. Debtor declares under penalty of perjury under the laws of the United States of America that the foregoing is true and correct [28 U.S.C. § 1746(1) and (2)].

                                           Trustee's /J-PAD, LLC

WHEREFORE, Debtor requests that this court issue an order avoiding Creditor's lien in the form of the **Attachment** to this motion.


Executed on (date): __08/26/2024__                   *Jamie Lynn Gallian*
                                                Signature of Debtor

                                               JAMIE LYNN GALLIAN, IN PRO PER
                                               Printed name of Debtor


Date: _____                                           _____
                                               Signature of Attorney for Debtor

                                               _____
                                               Printed name of Attorney for Debtor

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2017*                                     Page 3                             **F 4003-2.1.AVOID.LIEN.RP.MOTION**
                                                                                          008

# ATTACHMENT TO MOTION/ORDER
## (11 U.S.C. § 522(f): AVOIDANCE OF REAL PROPERTY JUDICIAL LIENS)

This court makes the following findings of fact and conclusions of law:

1. **Creditor Lienholder/Servicer:** J-PAD, LLC; TRUSTEE JEFFREY I GOLDEN, CHAPTER 7 TRUSTEE .

2. **Subject Lien:** Date and place of recordation of lien (*specify*): 1/14/2019 U.C.C. Filing California Secretary of State

   Recorder's instrument number or document recording number: 19-7691905279 .

3. **Collateral:** Street address, city, county and state, where located, legal description and/or map/book/page number, including county of recording:
   Parcel 1 and Parcel 2 of of PMB 108-48;  Tract 10542 Misc Maps Book 456, pg 49-50, Unit 4, Lot 376, 891-569-62 .
   ☐ See attached page.

4. **Secured Claim Amount**
   a. Value of Collateral: Decal # LBM 1081 Serial No. AC7V710394GB/GA ..................... $    85,000.00
   b. Amounts of Senior Liens (reducing equity in the property to which the subject lien can attach):
      (1) First lien: Ch. 7 Trustee, Jeffrey I. Golden/J-Pad LLC ($    225,000.00 )
      (2) Second lien: ................................................ ($_____)
      (3) Third lien: ................................................... ($_____)
      (4) Additional senior liens (*attach list*): ..................... ($_____)
   c. Amount of Debtor's exemption(s): .................................... ($    600,000.00 )
   d. Subtotal: ............................................................................................ ($    825,000.00 )
   e. Secured Claim Amount (negative results should be listed as -$0-): ......... $    0.00
   Unless otherwise ordered, any allowed claim in excess of this Secured Claim Amount is to be treated as a nonpriority unsecured claim and is to be paid pro rata with all other nonpriority unsecured claims (in Chapter 13 cases, Class 5A of the Plan).

5. **Lien avoidance:** Debtor's request to avoid the Subject Lien is granted as follows. The fixing of the Subject Lien impairs an exemption to which Debtor would otherwise be entitled under 11 U.S.C. § 522(b). The Subject Lien is not a judicial lien that secures a debt of a kind that is specified in 11 U.S.C. § 523(a)(5) (domestic support obligations). The Subject Lien is void and unenforceable except to the extent of the Secured Claim Amount, if any, listed in paragraph 4.e. above.

☐ See attached page(s) for more liens/provisions.

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2017*                                     Page 4                          **F 4003-2.1.AVOID.LIEN.RP.MOTION**
                                                                                                                        009

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
 16222 Monterey Lane Unit 378 Huntington Beach, CA 92649

A true and correct copy of the foregoing document entitled: **DEBTOR'S NOTICE OF MOTION AND MOTION TO AVOID LIEN UNDER 11 U.S.C. § 522(f) (REAL PROPERTY)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  <u>TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)</u>**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2.  <u>SERVED BY UNITED STATES MAIL</u>**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3.  <u>SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL</u>** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| 08/26/2024 | Joseph Clark | *Joseph Clark* |
| *Date* | *Printed Name* | *Signature* |

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2017                         Page 5                         **F 4003-2.1.AVOID.LIEN.RP.MOTION**
010

**ADDITIONAL SERVICE INFORMATION (if needed):**

## 1. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")

Bradford Barnhardt on behalf of Interested Party Courtesy NEF
bbarnhardt@marshackhays.com, bbarnhardt@ecf.courtdrive.com,alinares@ecf.courtdrive.com

Bradford Barnhardt on behalf of Plaintiff Houser Bros. Co.
bbarnhardt@marshackhays.com, bbarnhardt@ecf.courtdrive.com,alinares@ecf.courtdrive.com

Aaron E. DE Leest on behalf of Plaintiff Jeffrey I. Golden
adeleest@DanningGill.com, danninggill@gmail.com;adeleest@ecf.inforuptcy.com

Aaron E. DE Leest on behalf of Trustee Jeffrey I Golden (TR)
adeleest@DanningGill.com, danninggill@gmail.com;adeleest@ecf.inforuptcy.com

Robert P Goe on behalf of Creditor The Huntington Beach Gables Homeowners Association
kmurphy@goeforlaw.com,
rgoe@goeforlaw.com;goeforecf@gmail.com;Goe.RobertP.R@notify.bestcase.com;ajohnston@goeforlaw.com

Robert P Goe on behalf of Interested Party The Huntington Beach Gables Homeowners Association
kmurphy@goeforlaw.com,
rgoe@goeforlaw.com;goeforecf@gmail.com;Goe.RobertP.R@notify.bestcase.com;ajohnston@goeforlaw.com

Robert P Goe on behalf of Plaintiff The Huntington Beach Gables Homeowners Association
kmurphy@goeforlaw.com,
rgoe@goeforlaw.com;goeforecf@gmail.com;Goe.RobertP.R@notify.bestcase.com;ajohnston@goeforlaw.com

Jeffrey I Golden (TR)
lwerner@go2.law, jig@trustesolutions.net;kadele@go2.law;C205@ecfcbis.com

D Edward Hays on behalf of Creditor Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates
ehays@marshackhays.com,
ehays@ecf.courtdrive.com;alinares@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com

D Edward Hays on behalf of Interested Party Courtesy NEF
ehays@marshackhays.com,
ehays@ecf.courtdrive.com;alinares@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com

D Edward Hays on behalf of Plaintiff Houser Bros. Co.
ehays@marshackhays.com,
ehays@ecf.courtdrive.com;alinares@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com

Brandon J. Iskander on behalf of Creditor The Huntington Beach Gables Homeowners Association
biskander@goeforlaw.com, kmurphy@goeforlaw.com

Brandon J. Iskander on behalf of Plaintiff The Huntington Beach Gables Homeowners Association
biskander@goeforlaw.com, kmurphy@goeforlaw.com

Eric P Israel on behalf of Trustee Jeffrey I Golden (TR)
eisrael@danninggill.com, danninggill@gmail.com;eisrael@ecf.inforuptcy.com

Shantal Malmed on behalf of Plaintiff Jeffrey I. Golden
shantal.malmed@gmlaw.com, cheryl.caldwell@gmlaw.com

Shantal Malmed on behalf of Trustee Jeffrey I Golden (TR)
shantal.malmed@gmlaw.com, cheryl.caldwell@gmlaw.com

Laila Masud on behalf of Creditor Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates
lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;lbuchanan@marshackhays.com;alinares@ecf.courtdrive.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                 **F 9013-3.1.PROOF.SERVICE**

Laila Masud on behalf of Interested Party Courtesy NEF
lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;lbuchanan@marshackhays.com;alinares@ecf.courtdrive.com

Laila Masud on behalf of Plaintiff Houser Bros. Co.
lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;lbuchanan@marshackhays.com;alinares@ecf.courtdrive.com

Mark A Mellor on behalf of Defendant Randall L Nickel
mail@mellorlawfirm.com, mellormr79158@notify.bestcase.com

Mark A Mellor on behalf of Interested Party Courtesy NEF
mail@mellorlawfirm.com, mellormr79158@notify.bestcase.com

Valerie Smith on behalf of Interested Party Courtesy NEF
claims@recoverycorp.com

United States Trustee (SA)       ustpregion16.sa.ecf@usdoj.gov

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                F 9013-3.1.PROOF.SERVICE

# EXHIBIT  1

# 7/9/2021- FILED CLERK RECORDER

# DEBTOR'S HOMESTEAD DECLARATION

013

18

Recording Requested by :

J-SANDCASTLE CO LLC

JAMIE LYNN GALLIAN
16222 MONTEREY LANE #376
HUNTINGTON BEACH, CA 92649

**Recorded in Official Records, Orange County**
**Hugh Nguyen, Clerk-Recorder**

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖ 88.00
* S R 0 0 1 2 9 8 0 9 5 6 5 *
**2021000443659 12:48 pm 07/09/21**
18 414A D04   2
0.00 0.00 0.00 0.00 3.00 0.00 0.000.0075.00 3.00

When recorded mail to:

JAMIE LYNN GALLIAN
16222 MONTEREY LANE #376
HUNTINGTON BEACH, CA 92649

IT
2P
SB
PP

SPACE ABOVE THIS LINE FOR RECORDER USE ONLY

# HOMESTEAD DECLARATION
CCP §704.930

APN#: | 891-569-62 |

**1. Name(s) of Declared Homestead owners:**

| JAMIE LYNN GALLIAN | , do hereby claim a Declared

Homestead in the following real property located in:

the City of | HUNTINGTON BEACH, CA | , County of | ORANGE | , State of California,

more commonly known as:

| 16222 MONTEREY LANE SPACE 376 HUNTINGTON BEACH, CA 92649 |
*(Insert Common Street Address Above)*

and more particularly described as follows:

| 2014 SKYLINE CUSTOM VILLA DECAL NO. LBM1081 SERIAL NO. AC7V710394GB; AC7V710394GA; LOCATED ON LOT 376
ON APN 178-011-16, TRACT 10542, UNIT 4, PARCEL MAP BOOK 108, PG(S) 47 & 48 |
*(Insert Property Legal Description Above)*

**2. The Declared Homestead is the principal dwelling of the Declared Homestead Owner(s) listed above or
such person(s) spouse.**

**3. The Declared Homestead Owner(s) listed above, or such person(s) spouse, resides in the Declared
Homestead on the date this Homestead Declaration is recorded.**

**4. The facts stated in this Homestead Declaration are known to be true as of the personal knowledge of the
person(s) below executing and acknowledging this Homestead Declaration.**

Dated: _07/08/2021_

_(Signature of Declared Homestead Owner or Spouse)_

| JAMIE LYNN GALLIAN |
(Printed Name of Declared Homestead Owner or Spouse)

_(Signature of Declared Homestead Owner or Spouse)_

*Jamie Lynn Gallian*
(Printed Name of Declared Homestead Owner or Spouse)

( See Attached Acknowledgment )

014

**ACKNOWLEDGMENT**

| A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document. |
|---|

State of California

County of __O-anse__ )

On __7/9/ 2 1__ before me, __Greg Buysman, Notary Public__

(insert name and title of the officer)

personally appeared __Jamie Lynn Gallion__

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____ (Seal)

GREG BUYSMAN
COMM # 2341449
ORANGE County
California Notary Public
Comm Exp Feb. 5, 2025

EXHIBIT  2

FINAL AMENDMENT DOC 72

SCHEDULE C

**Fill in this information to identify your case and this filing:**

Debtor 1   **Jamie Lynn Gallian**
First Name   Middle Name   Last Name

Debtor 2
(Spouse, if filing)   First Name   Middle Name   Last Name

United States Bankruptcy Court for the:   CENTRAL DISTRICT OF CALIFORNIA--SANTA ANA DIVISION

Case number   **8:21-bk-11710-ES**

■ Check if this is an amended filing

## Official Form 106A/B
# Schedule A/B: Property
12/15

In each category, separately list and describe items. List an asset only once. If an asset fits in more than one category, list the asset in the category where you think it fits best. Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

**Part 1:** **Describe Each Residence, Building, Land, or Other Real Estate You Own or Have an Interest in**

1. **Do you own or have any legal or equitable interest in any residence, building, land, or similar property?**

☐ No. Go to Part 2.
■ Yes.  Where is the property?

| | | |
|---|---|---|
| 1.1 | **What is the property?** Check all that apply | Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.* |

1.1

**16222 Monterey Ln. Unit 376**
Street address, if available, or other description

**What is the property?** Check all that apply

☐ Single-family home
☐ Duplex or multi-unit building
☐ Condominium or cooperative
■ Manufactured or mobile home
☐ Land
☐ Investment property
☐ Timeshare
☐ Other

**Huntington Beach   CA   92649-0000**
City   State   ZIP Code

**Who has an interest in the property?** Check one

■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

**Orange**
County

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

Current value of the entire property?   Current value of the portion you own?
**$ unknown**   **$235,000.00**

Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.

Existing 1979 80 year Ground Leasehold Parcel 1 & 2 Tract 10542, Unit(s) 1,2,3,4

☐ Check if this is community property (see instructions)

Other information you wish to add about this item, such as local property identification number:   LPT 891-569-62

2. **Add the dollar value of the portion you own for all of your entries from Part 1, including any entries for pages you have attached for Part 1. Write that number here** .................................=>   **$235,000.00**

**Part 2:** **Describe Your Vehicles**

**Do you own, lease, or have legal or equitable interest in any vehicles, whether they are registered or not?** Include any vehicles you own that someone else drives. If you lease a vehicle, also report it on *Schedule G: Executory Contracts and Unexpired Leases.*

Official Form 106A/B   Schedule A/B: Property   page 1

Software Copyright (c) 1996-2021 Best Case, LLC - www.bestcase.com   Best Case Bankruptcy

| Debtor 1 | **Jamie Lynn Gallian** | | Case number *(if known)* | **8:21-bk-11710-ES** |

**3. Cars, vans, trucks, tractors, sport utility vehicles, motorcycles**

■ No
☐ Yes

**4. Watercraft, aircraft, motor homes, ATVs and other recreational vehicles, other vehicles, and accessories**
*Examples:* Boats, trailers, motors, personal watercraft, fishing vessels, snowmobiles, motorcycle accessories

■ No
☐ Yes

**5** Add the dollar value of the portion you own for all of your entries from Part 2, including any entries for
pages you have attached for Part 2. Write that number here.................................................=>    **$0.00**

| Part 3: | Describe Your Personal and Household Items | |
| --- | --- | --- |

Do you own or have any legal or equitable interest in any of the following items?    Current value of the portion you own? Do not deduct secured claims or exemptions.

**6. Household goods and furnishings**
*Examples:* Major appliances, furniture, linens, china, kitchenware
☐ No
■ Yes. Describe.....

| | |
| --- | --- |
| **Misc. household goods and furnishings**<br>**Location: 16222 Monterey Lane, Space 376, Huntington Beach CA 92649** | **$3,500.00** |
| **waterford crystal set red and white wine glasses** | **$1,000.00** |

**7. Electronics**
*Examples:* Televisions and radios; audio, video, stereo, and digital equipment; computers, printers, scanners; music collections; electronic devices including cell phones, cameras, media players, games
☐ No
■ Yes. Describe.....

| | |
| --- | --- |
| **Wall television, computer, printer and peripherals**<br>**Location: 16222 Monterey Lane, Space 376, Huntington Beach CA 92649** | **$500.00** |

**8. Collectibles of value**
*Examples:* Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; stamp, coin, or baseball card collections; other collections, memorabilia, collectibles
☐ No
■ Yes. Describe.....

| | |
| --- | --- |
| **Lladro figurine collection (20)** | **$1,900.00** |

**9. Equipment for sports and hobbies**
*Examples:* Sports, photographic, exercise, and other hobby equipment; bicycles, pool tables, golf clubs, skis; canoes and kayaks; carpentry tools; musical instruments
■ No
☐ Yes. Describe.....

**10. Firearms**
*Examples:* Pistols, rifles, shotguns, ammunition, and related equipment
■ No
☐ Yes. Describe.....

Official Form 106A/B                    Schedule A/B: Property                    page 2

| Debtor 1 | **Jamie Lynn Gallian** | Case number *(if known)* | **8:21-bk-11710-ES** |
|---|---|---|---|

**11. Clothes**
*Examples:* Everyday clothes, furs, leather coats, designer wear, shoes, accessories
☐ No
■ Yes. Describe.....

| Misc. clothing Location: 16222 Monterey Lane, Space 376, Huntington Beach CA 92649 | $1,000.00 |
|---|---|

**12. Jewelry**
*Examples:* Everyday jewelry, costume jewelry, engagement rings, wedding rings, heirloom jewelry, watches, gems, gold, silver
☐ No
■ Yes. Describe.....

| Movado wrist watch (20 yrs. old); costume jewelry, misc. non-gold chains/bracelets, and earrings. Location: 16222 Monterey Lane, Space 376, Huntington Beach CA 92649 | $1,000.00 |
|---|---|

**13. Non-farm animals**
*Examples:* Dogs, cats, birds, horses
☐ No
■ Yes. Describe.....

| 5-year old Wired Terrier Dog | $25.00 |
|---|---|

**14. Any other personal and household items you did not already list, including any health aids you did not list**
■ No
☐ Yes. Give specific information.....

**15.** Add the dollar value of all of your entries from Part 3, including any entries for pages you have attached for Part 3. Write that number here ........................................................................ | $8,925.00 |

**Part 4:** Describe Your Financial Assets

Do you own or have any legal or equitable interest in any of the following?

Current value of the portion you own?
Do not deduct secured claims or exemptions.

**16. Cash**
*Examples:* Money you have in your wallet, in your home, in a safe deposit box, and on hand when you file your petition
■ No
☐ Yes..............................................................................................

**17. Deposits of money**
*Examples:* Checking, savings, or other financial accounts; certificates of deposit; shares in credit unions, brokerage houses, and other similar institutions. If you have multiple accounts with the same institution, list each.
☐ No
■ Yes.....................

Institution name:

| 17.1. | **EDD Debit account** | **Bank of America** | $3,793.00 |
|---|---|---|---|

| 17.2. | **Savings** | **Alliant Credit Union--Only funds are Covid-19 relief funds from the government.** | $1,407.00 |
|---|---|---|---|

Debtor 1    **Jamie Lynn Gallian**                                                    Case number *(if known)*    **8:21-bk-11710-ES**

| | | Alliant Credit Union--Only funds are Covid-19 | |
| 17.3. | **Savings** | relief funds from the government. | $2,600.00 |

**18. Bonds, mutual funds, or publicly traded stocks**
   *Examples:* Bond funds, investment accounts with brokerage firms, money market accounts
   ■ No
   ☐ Yes.................        Institution or issuer name:

**19. Non-publicly traded stock and interests in incorporated and unincorporated businesses, including an interest in an LLC, partnership, and joint venture**
   ☐ No
   ■ Yes. Give specific information about them....... Name of entity:                 % of ownership:

   **19.1  J-Sandcastle Co, LLC- Assets include a bank account of less than $1,000.**
**Debtor peacefully resided at 4476 Alderport since 11/23/2009.  On 8/5/2018, debtor was battered
at her home in HOA.  Criminal charges PC §242 were filed; trial is pending 19WM00951. Request
for victim restitution.  Debtor moved out of the HOA-Alderport home out of fear on 9/11/18.
On 9/11/2018, a three year residential property lease 5782 Pinon Dr signed. Debtors
Alderport home sold on 10/31/2018. Debtor purchased investment rental property on
11/1/2018 within TRACT 10542 APN 178-011-01 located in Huntington Harbour with
proceeds from unencumbered sale of her Alderport with the intent of living in the
property at the end of the signed lease commitment.  Debtors Retirement Funds were
completely depleted from 2016-2019 legal expenses incurred defending Gables HOA civil** 100 %        $1,000.00
**complaints filed against her  On 11/8/18, ST Court denied Gables HOA MOTION to freeze
debtors equity in the Alderport sale.  Debtor executed a Security Agreement and
Promissory Note with the LLC dated 11/16/2018, perfected HCD Certificate of Title and
UCC-1 on 1/14/2019 No. 19-7691916827.  Debtor continued on medical LOA and never
returned to her 20 year employment as a Flight Attendant due to the 8/5/18 battery with
severe nerve injury. On February 1, 2019, Debtor successfully terminated the 3 year
Pinon Drive lease agreement with Landlord Henry Newton.  Debtors primary residence is
16222 Monterey Ln. Unit 376, Located on Lot 2 Tract 10542 Unit 4 per 8/7/1979 City of HB.**   100 %      $   500.00
   **19.2  J-PAD, LLC. has a bank account of around $ 500.00**

**20. Government and corporate bonds and other negotiable and non-negotiable instruments**
   *Negotiable instruments* include personal checks, cashiers' checks, promissory notes, and money orders.
   *Non-negotiable instruments* are those you cannot transfer to someone by signing or delivering them.
   ■ No
   ☐ Yes. Give specific information about them
              Issuer name:

**21. Retirement or pension accounts**
   *Examples:* Interests in IRA, ERISA, Keogh, 401(k), 403(b), thrift savings accounts, or other pension or profit-sharing plans
   ☐ No
   ■ Yes. List each account separately.
              Type of account:       Institution name:

              **IRA**              **Fidelity**                                    $7,400.00

**22. Security deposits and prepayments**
   Your share of all unused deposits you have made so that you may continue service or use from a company
   *Examples:* Agreements with landlords, prepaid rent, public utilities (electric, gas, water), telecommunications companies, or others
   ■ No
   ☐ Yes. .....................        Institution name or individual:

**23. Annuities** (A contract for a periodic payment of money to you, either for life or for a number of years)
   ■ No
   ☐ Yes............        Issuer name and description.

**24. Interests in an education IRA, in an account in a qualified ABLE program, or under a qualified state tuition program.**
   26 U.S.C. §§ 530(b)(1), 529A(b), and 529(b)(1).

Official Form 106A/B                    Schedule A/B: Property                              page 4

| Debtor 1 | Jamie Lynn Gallian | | Case number *(if known)* | 8:21-bk-11710-ES |

- ☑ No
- ☐ Yes............. Institution name and description. Separately file the records of any interests. 11 U.S.C. § 521(c):

**25. Trusts, equitable or future interests in property (other than anything listed in line 1), and rights or powers exercisable for your benefit**
- ☑ No
- ☐ Yes. Give specific information about them...

**26. Patents, copyrights, trademarks, trade secrets, and other intellectual property**
  *Examples:* Internet domain names, websites, proceeds from royalties and licensing agreements
- ☑ No
- ☐ Yes. Give specific information about them...

**27. Licenses, franchises, and other general intangibles**
  *Examples:* Building permits, exclusive licenses, cooperative association holdings, liquor licenses, professional licenses
- ☑ No
- ☐ Yes. Give specific information about them...

**Money or property owed to you?**

**Current value of the portion you own?**
Do not deduct secured claims or exemptions.

**28. Tax refunds owed to you**
- ☑ No
- ☐ Yes. Give specific information about them, including whether you already filed the returns and the tax years.......

**29. Family support**
  *Examples:* Past due or lump sum alimony, spousal support, child support, maintenance, divorce settlement, property settlement
- ☑ No
- ☐ Yes. Give specific information......

**30. Other amounts someone owes you**
  *Examples:* Unpaid wages, disability insurance payments, disability benefits, sick pay, vacation pay,  workers' compensation, Social Security benefits; unpaid loans you made to someone else
- ☑ No
- ☐ Yes. Give specific information..

**31. Interests in insurance policies**
  *Examples:* Health, disability, or life insurance; health savings account (HSA); credit, homeowner's, or renter's insurance
- ☑ No
- ☐ Yes. Name the insurance company of each policy and list its value.

| Company name: | Beneficiary: | Surrender or refund value: |

**32. Any interest in property that is due you from someone who has died**
  If you are the beneficiary of a living trust, expect proceeds from a life insurance policy, or are currently entitled to receive property because someone has died.
- ☐ No
- ☑ Yes.  Give specific information..

| 32.1 | Probate estate of Charles J. Bradley, Jr.  Case No. 30-2017-00915711.  Uncertain what, if any, proceeds will pass to debtor. | Unknown |

| 32.2 | "Creditor's claim" in probate estate of Charles Bradley filed by debtor for $1 million.  Unknown whether any recovery will be awarded or available. | Unknown |

Software Copyright (c) 1996-2021 Best Case, LLC - www.bestcase.com    Best Case Bankruptcy

021

Debtor 1    **Jamie Lynn Gallian**                                    Case number *(if known)*    **8:21-bk-11710-ES**

33. **Claims against third parties, whether or not you have filed a lawsuit or made a demand for payment**
    *Examples: Accidents, employment disputes, insurance claims, or rights to sue*
    ☑ No
    ☐ Yes.  Describe each claim.........

34. **Other contingent and unliquidated claims of every nature, including counterclaims of the debtor and rights to set off claims**
    ☐ No
    ☑ Yes.  Describe each claim.........

| | | |
|---|---|---|
| 34.1 | Potential claim for bad faith denial of insurance against Mercury Insurance Company failure to defend/indemnify HOA Civil Action filed 4/11/2017, 18 days after title recorded. Debtor purchased homeowners insurance policy on 3/22/17 | Unknown |
| 34.2 | Potential Victim Restitution Award from Jesus Jesus Jr, for battery 8/5/2018.  Criminal Case pending 19WM09951.  Estimated economic damages exceed $73,000.00 | Unknown |
| 34.3 | Claim against Houser Bros Co. dba Rancho Del Rey Mobilehome Estates  for Violation(s) of Davis Stirling Act, MRL §798, et seq. multiple acts of retaliation, discrimination, trespassing/unlawful entry; forcible detainer, wrongful eviction, failure to timely pursue/prosecute frivolous UD claim pending since 1/2/19.  Failure to apply to CA Covid19 Relief after debtor delivered 9/7/20 Declaration of Covid afflictions and hardship.           No lawsuit yet filed. | Unknown |
| 34.4 | Personal Injury claim against Huntington Beach Gables HOA; Jesus Jasso, Jr.  Case No. 30-2020-01153679.  Estimated damages $195,000. | Unknown |

34.5  Potential Claim against Master Lessor, Houser Company, Lessor(s) BS Investors, LP, S4 I, GP  due to overpayment of Ground Leasehold fees charged to Consumers.  Master Lessor Houser Company recorded Annexation approx. 8/17/1979.  The Original Tenant Robert P. Warmington, an Ind., ro Sublessor RPW, Co. and Houser Bros Co dba Rancho Del Rey MHE misrepresent to consumers Fee Interest vs, Air-Space Condominium Project within Parcel 1 & Parcel 2; Ground Leases recorded in violation of known City of Huntington Beach Ordinance from City Attorney.  Master Lessor, Tenant, & RPW, Co recorded 1979 Ground Lease and Subcondominium Lease on APN 178-011-01, and not APN 178-771-03. Only easements were recorded.  Additionally, Lessors Amended CC&Rs 8/5/1980 after Final Subdivision Report was issued by DRE July 1980, without Notice to Consumers or providing NT of Copy of Rec,  First Amendment to CC&Rs Doc No. 1980-5002. Subsequently in 2005, Craig Houser, RDRMHE  recorded Amendment to all 80 Ground Leases without Notice to Park Consumers or Gables HOA Consumers.  Huntington Beach Gables HOA has a cross-complaint pending in the ST. Court Case Randall Nickels vs. Huntington Beach Gables HOA, et al. 30-2020-01163055-CU-OR-CJC which the HOA seeks a voiding of the sale and Assignment of unexpired term of Subcondominium Leasehold APN 937-63-053, on October 31, 2018, from Debtor to bona fide purchaser Randall Nickels.   Potential Cross-Petition not yet filed.          Unknown

35. **Any financial assets you did not already list**
    ☐ No
    ☑ Yes.  Give specific information..

| | | |
|---|---|---|
| | CA COVID-19 Rent Relief Award10/27/2021, post petition tendered to Houser Bros Co.  Ck No. 58066665    $ 24,301.55.  Not property of the estate. | $    0.00 |
| 35.1 ☑ Yes. | Bank of America Cashier's Check [uncashed] tendered rent chk Houser Bros Co.  Not property of the estate.                 $ 14,118.00 | $    0.00 |

36. **Add the dollar value of all of your entries from Part 4, including any entries for pages you have attached**
    **for Part 4. Write that number here**............................................................................................    **$ 16,700.00**

**Part 5:**  Describe Any Business-Related Property You Own or Have an Interest In. List any real estate in Part 1.

Debtor 1    **Jamie Lynn Gallian**                                    Case number *(if known)*    **8:21-bk-11710-ES**

---

**37. Do you own or have any legal or equitable interest in any business-related property?**

■ No. Go to Part 6.

☐ Yes.  Go to line 38.

---

| Part 6 | **Describe Any Farm- and Commercial Fishing-Related Property You Own or Have an Interest in.** |
|---|---|
| | If you own or have an interest in farmland, list it in Part 1. |

**46. Do you own or have any legal or equitable interest in any farm- or commercial fishing-related property?**

■ No. Go to Part 7.

☐ Yes.  Go to line 47.

---

| Part 7: | **Describe All Property You Own or Have an Interest in That You Did Not List Above** |
|---|---|

**53. Do you have other property of any kind you did not already list?**

*Examples:* Season tickets, country club membership

■ No

☐ Yes. Give specific information.........

**54.    Add the dollar value of all of your entries from Part 7. Write that number here** .....................................    $0.00

---

| Part 8: | **List the Totals of Each Part of this Form** |
|---|---|

55. **Part 1: Total real estate, line 2** .........................................................................................................    $235,000.00

56. **Part 2: Total vehicles, line 5**                                                        $0.00

57. **Part 3: Total personal and household items, line 15**                              $ 8,925.00

58. **Part 4: Total financial assets, line 36**                                          $ 16,700.00

59. **Part 5: Total business-related property, line 45**                                    $0.00

60. **Part 6: Total farm- and fishing-related property, line 52**                           $0.00

61. **Part 7: Total other property not listed, line 54**                          +          $0.00

62. **Total personal property.** Add lines 56 through 61...        $25,625.00    Copy personal property total        $25,625.00

63. **Total of all property on Schedule A/B.** Add line 55 + line 62                                        $260,625.00

---

Software Copyright (c) 1996-2021 Best Case, LLC - www.bestcase.com                                    Best Case Bankruptcy

**Fill in this information to identify your case:**

| | | | |
|---|---|---|---|
| Debtor 1 | **Jamie Lynn Gallian** | | |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse if, filing) | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for the: | CENTRAL DISTRICT OF CALIFORNIA--SANTA ANA DIVISION | | |
| Case number | 8:21-bk-11710-ES | | |
| (if known) | | | |

■ Check if this is an amended filing

## Official Form 106C

# Schedule C: The Property You Claim as Exempt                     4/19

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. Using the property you listed on *Schedule A/B: Property* (Official Form 106A/B) as your source, list the property that you claim as exempt. If more space is needed, fill out and attach to this page as many copies of *Part 2: Additional Page* as necessary. On the top of any additional pages, write your name and case number (if known).

For each item of property you claim as exempt, you must specify the amount of the exemption you claim. One way of doing so is to state a specific dollar amount as exempt. Alternatively, you may claim the full fair market value of the property being exempted up to the amount of any applicable statutory limit. Some exemptions—such as those for health aids, rights to receive certain benefits, and tax-exempt retirement funds—may be unlimited in dollar amount. However, if you claim an exemption of 100% of fair market value under a law that limits the exemption to a particular dollar amount and the value of the property is determined to exceed that amount, your exemption would be limited to the applicable statutory amount.

**Part 1:    Identify the Property You Claim as Exempt**

1. **Which set of exemptions are you claiming?** *Check one only, even if your spouse is filing with you.*

   ■ You are claiming state and federal nonbankruptcy exemptions.  11 U.S.C. § 522(b)(3)

   ☐ You are claiming federal exemptions.  11 U.S.C. § 522(b)(2)

2. **For any property you list on *Schedule A/B* that you claim as exempt, fill in the information below.**

| Brief description of the property and line on *Schedule A/B* that lists this property | Current value of the portion you own<br><br>Copy the value from *Schedule A/B* | Amount of the exemption you claim<br><br>*Check only one box for each exemption.* | Specific laws that allow exemption |
|---|---|---|---|
| **16222 Monterey Ln. Spc 376 Huntington Beach, CA 92649** Orange County<br>APN: 891-569-62; 2014 Skyline Custom Villa Manufactured Home. Decal No. LBM1081.  Serial Number AC7V710394GB 56'x15'2"; Serial Number AC7V710394GA 60'x15'2".<br>Line from *Schedule A/B*: 1.1 | $235,000.00 | ■            $600,000.00<br>☐ 100% of fair market value, up to any applicable statutory limit | C.C.P. § 704.730 |
| **Misc. household goods and furnishings Location: 16222 Monterey Lane, Space 376, Huntington Beach CA 92649**<br>Line from *Schedule A/B*: 6.1 | $3,500.00 | ■            $3,500.00<br>☐ 100% of fair market value, up to any applicable statutory limit | C.C.P. § 704.020 |
| **waterford crystal set red and white wine glasses**<br>Line from *Schedule A/B*: 6.2 | $1,000.00 | ■            $1,000.00<br>☐ 100% of fair market value, up to any applicable statutory limit | C.C.P. § 704.040 |

| Debtor 1 | **Jamie Lynn Gallian** | | Case number (if known) | **8:21-bk-11710-ES** |

| Brief description of the property and line on *Schedule A/B* that lists this property | Current value of the portion you own<br>*Copy the value from Schedule A/B* | Amount of the exemption you claim<br>*Check only one box for each exemption.* | Specific laws that allow exemption |
|---|---|---|---|
| **Wall television, computer, printer and peripherals**<br>Location: 16222 Monterey Lane, Space 376, Huntington Beach CA 92649<br>Line from *Schedule A/B*: **7.1** | $500.00 | ■ $500.00<br>☐ 100% of fair market value, up to any applicable statutory limit | C.C.P. § 704.020 |
| **Lladro figurine collection (20)**<br>Line from *Schedule A/B*: **8.1** | $1,900.00 | ■ $1,900.00<br>☐ 100% of fair market value, up to any applicable statutory limit | C.C.P. § 704.040 |
| **Misc. clothing**<br>Location: 16222 Monterey Lane, Space 376, Huntington Beach CA 92649<br>Line from *Schedule A/B*: **11.1** | $1,000.00 | ■ $1,000.00<br>☐ 100% of fair market value, up to any applicable statutory limit | C.C.P. § 704.020 |
| **Movado wrist watch (20 yrs. old); costume jewelry, misc. non-gold chains/bracelets, and earrings.**<br>Location: 16222 Monterey Lane, Space 376, Huntington Beach CA 92649<br>Line from *Schedule A/B*: **12.1** | $1,000.00 | ■ $1,000.00<br>☐ 100% of fair market value, up to any applicable statutory limit | C.C.P. § 704.040 |
| **5-year old Wired Terrier Dog**<br>Line from *Schedule A/B*: **13.1** | $25.00 | ■ $25.00<br>☐ 100% of fair market value, up to any applicable statutory limit | C.C.P. § 704.020 |
| **EDD Debit account: Bank of America**<br>Line from *Schedule A/B*: **17.1** | $3,793.00 | ■ $3,793.00<br>☐ 100% of fair market value, up to any applicable statutory limit | C.C.P. § 704.225 |
| **Savings: Alliant Credit Union--Only funds are Covid-19 relief funds from the government.**<br>Line from *Schedule A/B*: **17.2** | $1,407.00 | ■ $1,407.00<br>☐ 100% of fair market value, up to any applicable statutory limit | C.C.P. § 704.220 |
| **Savings: Alliant Credit Union--Only funds are Covid-19 relief funds from the government.**<br>Line from *Schedule A/B*: **17.3** | $2,600.00 | ■ $381.00<br>☐ 100% of fair market value, up to any applicable statutory limit | C.C.P. § 704.220 |
| **Savings: Alliant Credit Union--Only funds are Covid-19 relief funds from the government.**<br>Line from *Schedule A/B*: **17.3** | $2,600.00 | ■ $2,219.00<br>☐ 100% of fair market value, up to any applicable statutory limit | C.C.P. § 704.225 |
| **IRA: Fidelity**<br>Line from *Schedule A/B*: **21.1** | $7,400.00 | ■ $7,400.00<br>☐ 100% of fair market value, up to any applicable statutory limit | C.C.P. § 704.115(a)(1) & (2), (b) |

**Schedule C: The Property You Claim as Exempt**

Best Case Bankruptcy

025

| Debtor 1 | **Jamie Lynn Gallian** | | | Case number (if known) | **8:21-bk-11710-ES** |
|---|---|---|---|---|---|

| Brief description of the property and line on *Schedule A/B* that lists this property | Current value of the portion you own<br><br>Copy the value from *Schedule A/B* | Amount of the exemption you claim<br><br>*Check only one box for each exemption.* | | Specific laws that allow exemption |
|---|---|---|---|---|
| **IRA: Fidelity**<br>Line from *Schedule A/B*: **21.1** | **$7,400.00** | ■ | **$7,400.00** | **11 U.S.C. § 522(b)(3)(C)** |
| | | ☐ | 100% of fair market value, up to any applicable statutory limit | |
| **Personal Injury claim against Huntington Beach Gables HOA; Jesus Jasso, Jr.  Case No. 30-2020-01153679.  Estimated damages $195,000.**<br>Line from *Schedule A/B*: **34.4** | **Unknown** | ■ | **$195,000.00** | **C.C.P. § 704.140** |
| | | ☐ | 100% of fair market value, up to any applicable statutory limit | |
| **Potential Victim Restitution Order Jesus Jasso, Jr, OCSC 19WM09951**<br>Line from *Schedule A/B*: **34.2** | **Unknown** | XX | **$73,000.00** | **C.C.P. § 704.140** |
| | | | **100% of fair market value, up to any applicable statutory limit** | |

3. **Are you claiming a homestead exemption of more than $170,350?**
   (Subject to adjustment on 4/01/22 and every 3 years after that for cases filed on or after the date of adjustment.)
   ☐ No
   ■ Yes. Did you acquire the property covered by the exemption within 1,215 days before you filed this case?
       ☐ No
       ■ Yes

# EXHIBIT  3

CA DEPARTMENT OF HOUSING &
DEVELOPMENT  COMMUNITY
CERTIFICATE(S) OF TITLE



**myFirstAm®**  **Tax Map**                     **16222 Monterey Ln #376, Huntington Beach, CA 92649**



**Tax Map**                          **16222 Monterey Ln #376, Huntington Beach, CA 92649**

This report is only for the myFirstAm user who applied for it. No one else can rely on it. As a myFirstAm user, you already agreed to our disclaimer regarding third party property information accuracy. You can view it here: www.myfirstam.com/Security/ShowEULA. ©2005-2019 First American Financial Corporation and/or its affiliates. All rights reserved.

028

# STATE OF CALIFORNIA - DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT
## CERTIFICATE OF TITLE

Manufactured Home

**Decal:  LBM1081**

| Manufacturer ID/Name | Trade Name | Model | DOM 05/29/2014 | DFS 07/28/2014 | RY |
|---|---|---|---|---|---|
| 90002   SKYLINE HOMES INC - CLOSED | CUSTOM VILLA | | | | |

| Serial Number | Label/Insignia Number | Weight | Length | Width | Issued |
|---|---|---|---|---|---|
| AC7V710394GB | PFS1130281 | 22,383 | 56' | 15' 2" | Aug 09, 2024 |
| AC7V710394GA | PFS1130282 | 25,068 | 60' | 15' 2" | |

**Addressee**

JAMIE LYNN GALLIAN
16222 MONTEREY LN SPACE 376
HUNTINGTON BEACH, CA  92649

**Registered Owner(s)**

JAMIE LYNN GALLIAN
16222 MONTEREY LN SPACE 376
HUNTINGTON BEACH, CA 92649

**Situs Address**

16222 MONTEREY LN SPACE 376
HUNTINGTON BEACH, CA 92649

**IMPORTANT**
THE OWNER INFORMATION SHOWN ABOVE MAY NOT REFLECT ALL LIENS RECORDED WITH THE
DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT AGAINST THE DESCRIBED UNIT.  THE
CURRENT TITLE STATUS OF THE UNIT MAY BE CONFIRMED THROUGH THE DEPARTMENT.

DTN:  13413446

08092024 - 2

# STATE OF CALIFORNIA - DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT
## CERTIFICATE OF TITLE

Manufactured Home                    Decal:   **LBM1081**

| Manufacturer ID/Name | Trade Name | Model | | DOM 05/29/2014 | DFS 07/28/2014 | RY |
|---|---|---|---|---|---|---|
| 90002    SKYLINE HOMES INC | CUSTOM VILLA | | | | | |

| Serial Number | Label/Insignia Number | Weight | Length | Width | Issued Aug 12, 2021 |
|---|---|---|---|---|---|
| AC7V710394GB | PFS1130281 | 22,383 | 56' | 15' 2" | |
| AC7V710394GA | PFS1130282 | 25,068 | 60' | 15' 2" | |

**Addressee**

J-PAD LLC
21742 ANZA AVE
TORRANCE, CA  90503

**Registered Owner(s)**

JAMIE LYNN GALLIAN
16222 MONTEREY LN SPACE 376
HUNTINGTON BEACH, CA 92649

**Situs Address**

16222 MONTEREY LN SPACE 376
HUNTINGTON BEACH, CA 92649

**Legal Owner(s)**

J-PAD LLC
21742 ANZA AVE
TORRANCE, CA 90503

Lien Perfected On:        01/14/19 15:22:00

**IMPORTANT**
THE OWNER INFORMATION SHOWN ABOVE MAY NOT REFLECT ALL LIENS RECORDED WITH THE
DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT AGAINST THE DESCRIBED UNIT. THE
CURRENT TITLE STATUS OF THE UNIT MAY BE CONFIRMED THROUGH THE DEPARTMENT.

DTN: 12339739                                              08122021 - 2

030

## STATE OF CALIFORNIA - DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT
## CERTIFICATE OF TITLE

Manufactured Home

Decal:   **LBM1081**

| Manufacturer ID/Name | Trade Name | Model | | DOM 05/29/2014 | DFS 07/28/2014 | RY |
|---|---|---|---|---|---|---|
| 90002   SKYLINE HOMES INC | CUSTOM VILLA | | | | | |
| Serial Number | Label/Insignia Number | Weight | Length | Width | Issued | |
| AC7V710394GB | PFS1130281 | 22,383 | 56' | 15' 2" | Aug 03, 2021 | |
| AC7V710394GA | PFS1130282 | 25,068 | 60' | 15' 2" | | |

**Addressee**

JAMIE LYNN GALLIAN
16222 MONTEREY LN SPACE 376
HUNTINGTON BEACH, CA  92649

**Registered Owner(s)**

JAMIE LYNN GALLIAN
16222 MONTEREY LN SPACE 376
HUNTINGTON BEACH, CA 92649

**Situs Address**

16222 MONTEREY LN SPACE 376
HUNTINGTON BEACH, CA 92649

I hereby certify that this copy is a true and correct copy of
the original document on file with the Department of
Housing & Community Development.

_____
Signature

**IMPORTANT**
THE OWNER INFORMATION SHOWN ABOVE MAY NOT REFLECT ALL LIENS RECORDED WITH THE
DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT AGAINST THE DESCRIBED UNIT. THE
CURRENT TITLE STATUS OF THE UNIT MAY BE CONFIRMED THROUGH THE DEPARTMENT.

DTN: 12313525

08032021 - 2

031

STATE OF CALIFORNIA
BUSINESS, CONSUMER SERVICES AND HOUSING AGENCY
DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT
DIVISION OF CODES AND STANDARDS
REGISTRATION AND TITLING PROGRAM



## LIEN SATISFIED

---

**SECTION I.**      **DESCRIPTION OF UNIT**

This unit is a:

☑ Manufactured Home/Mobilehome ☐ Commercial Modular ☐ Floating Home ☐ Truck Camper

The Decal (License) No.(s) of the unit is: LBM1081

The Trade Name of the unit is: CUSTOM VILLA

The Serial No.(s) of the unit is: AC7V710394GB/AC7V710394GA

---

**SECTION II.**      **DEBTOR(S) NAME(S)**

Name of Debtor(s): J-SANDCASTLE CO, LLC

---

**SECTION III.**      **LIENHOLDER'S CERTIFICATION**

This is to certify that our/my lien in the name(s) of the debtor(s) shown above against the described
unit has been fully satisfied and has not been assigned to any other party.

I/We certify under penalty of perjury that the foregoing is true and correct.

Print or Type Name of Legal Owner or Jr. Lienholder (Lender):

J-PAD LLC or RONALD J. PIERPONT

Signature of Legal Owner, Jr. Lienholder (Lender) or their Authorized Agent:

_Ronald J Pierpont_ _____ Date 7/9/2021

Address ___16222 MONTEREY LN. #376___ ___HUNTINGTON BEACH,___ ___CA___ ___92649___
         Street Address or P.O. Box                    City                 State      Zip

HCD RT 475.3 (Rev. 07/16)

STATE OF CALIFORNIA - BUSINESS, CONSUMER SERVICES AND HOUSING AGENCY                    GAVIN NEWSOM, Governor

**DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT**
DIVISION OF CODES AND STANDARDS



# Title Search

Date Printed:  Jul 27, 2021

| | | | |
|---|---|---|---|
| Decal #: | LBM1081 | Use Code: | SFD |
| Manufacturer: | SKYLINE HOMES INC | Original Price Code: | BVH |
| Tradename: | CUSTOM VILLA | Rating Year: | |
| Model: | | Tax Type: | LPT |
| Manufactured Date: | 05/29/2014 | Last ILT  Amount: | |
| Registration Exp: | | Date ILT Fees Paid: | |
| First Sold On: | 07/28/2014 | ILT Exemption: | NONE |

| Serial Number | HUD Label / Insignia | Length | Width |
|---|---|---|---|
| AC7V710394GA | PFS1130282 | 60' | 15' 2" |
| AC7V710394GB | PFS1130281 | 56' | 15' 2" |

Record Conditions:

- An application for title or registration change is pending with the department. For information regarding this application, please call 1-800-952-8356 and request to speak with a customer representative.

Registered Owner:

JAMIE LYNN GALLIAN
16222 MONTEREY LN SPACE 376
HUNTINGTON BEACH, CA 92649

| | |
|---|---|
| **Last Title Date:** | 02/24/2021 |
| **Last Reg Card:** | Pending Reg Card |
| **Sale/Transfer Info:** | Price $.00 Transferred on 02/25/2021 |

Situs Address:

16222 MONTEREY LN SPACE 376
HUNTINGTON BEACH, CA  92649
Situs County:  ORANGE

Legal Owner:

JPAD LLC
RONALD J PIERPONT
Tenants in Common Or
16222 MONTEREY LN SPACE 376
HUNTINGTON BEACH, CA 92649

| | |
|---|---|
| **Lien Perfected On:** | 02/25/21 10:11:00 |

Title Searches:

JANINE JASSO
PO BOX 370161
EL PASO, TX 79937

| | |
|---|---|
| **Title File No:** | LBM1081 |

# STATE OF CALIFORNIA - DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT
## CERTIFICATE OF TITLE

Manufactured Home                          Decal:  LBM1081

| Manufacturer ID/Name | Trade Name | Model | DOM | DFS | RY |
|---|---|---|---|---|---|
| 90002   SKYLINE HOMES INC | CUSTOM VILLA | | 05/29/2014 | 07/28/2014 | |

| Serial Number | Label/Insignia Number | Weight | Length | Width | Issued |
|---|---|---|---|---|---|
| AC7V710394GB | PFS1130281 | 22,383 | 56' | 15' 2" | Feb 24, 2021 |
| AC7V710394GA | PFS1130282 | 25,068 | 60' | 15' 2" | |

**Addressee**

RONALD J PIERPONT
16222 MONTEREY LN SPACE 376
HUNTINGTON BEACH, CA  92649

**Registered Owner(s)**

J-SANDCASTLE CO LLC
16222 MONTEREY LANE ROOM 376
HUNTINGTON BEACH. CA 92649

**Situs Address**

16222 MONTEREY LN SPACE 376
HUNTINGTON BEACH, CA 92649

**Legal Owner(s)**

RONALD J PIERPONT
JPAD LLC
Tenants in Common Or
16222 MONTEREY LN SPACE 376
HUNTINGTON BEACH. CA 92649

Lien Perfected On:        08/20/20 11:58:00

**IMPORTANT**
THE OWNER INFORMATION SHOWN ABOVE MAY NOT REFLECT ALL LIENS RECORDED WITH THE
DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT AGAINST THE DESCRIBED UNIT.  THE
CURRENT TITLE STATUS OF THE UNIT MAY BE CONFIRMED THROUGH THE DEPARTMENT.

DTN: 12153896                                                    02242021 - 2

## UCC FINANCING STATEMENT

FOLLOW INSTRUCTIONS

**A. NAME & PHONE OF CONTACT AT FILER (optional)**
Jamie Gallian
714-321-449

**B. E-MAIL CONTACT AT FILER (optional)**

**C. SEND ACKNOWLEDGMENT TO: (Name and Address)**
J-Pad, LLC
5782 Pinon Drive
Huntington Beach, CA 92649
USA

**DOCUMENT NUMBER:** 76027030002
**FILING NUMBER:** 19-7691905279
**FILING DATE:** 01/14/2019 08:16

IMAGE GENERATED ELECTRONICALLY FOR WEB FILING
THE ABOVE SPACE IS FOR CA FILING OFFICE USE ONLY

**1. DEBTOR'S NAME:** Provide only one Debtor name (1a or 1b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 1b, leave all of item 1 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 1a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| J-Sandcastle Co LLC | | | | |
| 1b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX |
| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| 16222 Monterey Lane #376 | Huntington Beach | CA | 92649 | USA |

**2. DEBTOR'S NAME:** Provide only one Debtor name (2a or 2b) (use exact, full name; do not omit, modify, or abbreviate any part of the Individual Debtor's name will not fit in line 2b, leave all of item 2 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 2a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| 2b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX |
| Gallian | Jamie | Lynn | | |
| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| 16222 Monterey Ln #376 | Huntington Beach | CA | 92649 | USA |

**3. SECURED PARTY'S NAME** (or NAME of ASSIGNEE of ASSIGNOR SECURED PARTY): Provide only one Secured Party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| J-Pad, LLC - CA SOS Entity No. 201804010750 | | | | |
| 3b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX |
| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| 2702 N GAFF STREET | ORANGE | CA | 92865 | USA |

**4. COLLATERAL:** This financing statement covers the following collateral:
ORANGE COUNTY CALIFORNIA ASSESSOR'S PARCEL NUMBER 891-569-62
SERIAL NUMBERS AC7V710394GB, AC7V710394GA
DECAL NUMBER LBM1081

**5.** Check only if applicable and check only one box: Collateral is ☐ held in a Trust (see UCC1Ad, item 17 and instructions) ☐ being administered by a Decedent's Personal Representative

**6a.** Check only if applicable and check only one box:
☐ Public-Finance Transaction ☑ Manufactured-Home Transaction ☐ A Debtor is a Transmitting Utility

**6b.** Check only if applicable and check only one box:
☐ Agricultural Lien ☐ Non-UCC Filing

**7. ALTERNATIVE DESIGNATION (if applicable):** ☐ Lessee/Lessor ☐ Consignee/Consignor ☐ Seller/Buyer ☐ Bailee/Bailor ☐ Licensee/Licensor

**8. OPTIONAL FILER REFERENCE DATA:**

**FILING OFFICE COPY**

035

## UCC FINANCING STATEMENT

FOLLOW INSTRUCTIONS

**A. NAME & PHONE OF CONTACT AT FILER (optional)**
Jamie Gallian
714-321-3449

**B. E-MAIL CONTACT AT FILER (optional)**

**C. SEND ACKNOWLEDGMENT TO: (Name and Address)**
Jamie Lynn Gallian
16222 Monterey Ln #376
Huntington Beach, CA 92649
USA

**DOCUMENT NUMBER: 76027940003**
**FILING NUMBER: 19-7691916827**
**FILING DATE: 01/14/2019 09:10**

IMAGE GENERATED ELECTRONICALLY FOR WEB FILING
THE ABOVE SPACE IS FOR CA FILING OFFICE USE ONLY

**1. DEBTOR'S NAME:** Provide only one Debtor name (1a or 1b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 1b, leave all of item 1 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 1a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| J-SANDCASTLE CO LLC | | | | |
| 1b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX |
| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| 16222 MONTEREY LN #376 | HUNTINGTON BEACH | CA | 92649 | USA |

**2. DEBTOR'S NAME:** Provide only one Debtor name (2a or 2b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 2b, leave all of item 2 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 2a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| 2b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX |
| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |

**3. SECURED PARTY'S NAME** (or NAME of ASSIGNEE of ASSIGNOR SECURED PARTY): Provide only one Secured Party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| J-Pad, LLC - CA SOS Entity No. 201804010750 | | | | |
| 3b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX |
| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| 2702 N GAFF ST | ORANGE | CA | 92865 | USA |

**4. COLLATERAL:** This financing statement covers the following collateral:
LOCATED ON PROPERTY RECORDED IN ORANGE COUNTY CLERK RECORDERS OFFICE IN CALIFORNIA PARCEL MAP
RECORDED IN BOOK 108, PG(S) 47-48.

ASSESSORS PARCEL NUMBER 891-569-62
SERIAL NUMBERS AC7V710394GB, AC7V710394GA; DECAL NUMBER LBM1081

**5.** Check only if applicable and check only one box: Collateral is ☐ held in a Trust (see UCC1Ad, item 17 and instructions) ☐ being administered by a Decedent's Personal Representative

**6a.** Check only if applicable and check only one box:
☐ Public-Finance Transaction ☑ Manufactured-Home Transaction ☐ A Debtor is a Transmitting Utility

**6b.** Check only if applicable and check only one box:
☐ Agricultural Lien ☐ Non-UCC Filing

**7. ALTERNATIVE DESIGNATION (if applicable):** ☐ Lessee/Lessor ☐ Consignee/Consignor ☐ Seller/Buyer ☐ Bailee/Bailor ☐ Licensee/Licensor

**8. OPTIONAL FILER REFERENCE DATA:**

**FILING OFFICE COPY**

Page 2

# UCC FINANCING STATEMENT ADDENDUM

**FOLLOW INSTRUCTIONS**

| 9. NAME OF FIRST DEBTOR: Same as line 1a or 1b on Financing Statement; if line 1b was left blank because individual Debtor name did not fit, check here ☐ |
|---|

| OR | 9a. ORGANIZATION'S NAME |
|---|---|
| | J-SANDCASTLE CO LLC |
| | 9b. INDIVIDUAL'S SURNAME |
| | FIRST PERSONAL NAME |
| | ADDITIONAL NAME(S)/INITIAL(S)    SUFFIX |

**DOCUMENT NUMBER:** 76027940003

IMAGE GENERATED ELECTRONICALLY FOR WEB FILING
THE ABOVE SPACE IS FOR CA FILING OFFICE USE ONLY

10. DEBTOR'S NAME: Provide (10a or 10b) only one additional Debtor name or Debtor name that did not fit in line 1b or 2b of the Financing Statement (Form UCC1) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name) and enter the mailing address in line 10c

| OR | 10a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|---|
| | 10b. INDIVIDUAL'S SURNAME | | | | |
| | INDIVIDUAL'S FIRST PERSONAL NAME | | | | |
| | INDIVIDUAL'S ADDITIONAL NAME(S)/INITIAL(S) | | | | SUFFIX |
| 10c. MAILING ADDRESS | | CITY | STATE | POSTAL CODE | COUNTRY |

11. ☐ ADDITIONAL SECURED PARTY'S NAME or ☑ ASSIGNOR SECURED PARTY'S NAME: Provide only one name (11a or 11b)

| OR | 11a. ORGANIZATION'S NAME | | | |
|---|---|---|---|---|
| | 11b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| | GALLIAN | JAMIE | LYNN | |
| 11c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| 16222 MONTEREY LANE #376 | HUNTINGTON BEACH | CA | 92649 | USA |

12. ADDITIONAL SPACE FOR ITEM 4 (collateral):

| 13. ☐ This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS (if applicable) | 14. This FINANCING STATEMENT: ☐ covers timber to be cut  ☐ covers as-extracted collateral  ☐ is filed as a fixture filing. |
|---|---|
| 15. Name and address of RECORD OWNER of real estate described in item 16 (if Debtor does not have a record interest): | 16. Description of real estate: |

17. MISCELLANEOUS:

**FILING OFFICE COPY**

# STATE OF CALIFORNIA - DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT
## CERTIFICATE OF TITLE

Manufactured Home                Decal:  **LBM1081**

| Manufacturer ID/Name          | Trade Name           | Model  |        | DOM 05/29/2014 | DFS 07/28/2014 | RY |
|-------------------------------|----------------------|--------|--------|----------------|----------------|----|
| 90002    SKYLINE HOMES INC    | CUSTOM VILLA         |        |  **    |                |                |    |
| Serial Number                 | Label/Insignia Number| Weight | Length | Width          | Issued         |    |
| AC7V710394GB                  | PFS1130281           | 22,383 |        |                | Jan 19, 2019   |    |
| AC7V710394GA                  | PFS1130282           | 25,06  |        |                |                |    |

**Addressee**

J-SANDCASTLE CO LLC
16222 MONTEREY LANE ROOM 376
HUNTINGTON BEACH, CA 92649


**Registered Owner(s)**

J-SANDCASTLE CO LLC
16222 MONTEREY LANE ROOM 376
HUNTINGTON BEACH, CA 92649

**Situs Address**

16222 MONTEREY LN SPACE 376
HUNTINGTON BEACH, CA 92649

RETURN SERVICE REQUESTED

**IMPORTAN**
THE OWNER INFORMATION SHOWN ABOVE MAY NOT
DEPARTMENT OF HOUSING AND COMMUNITY DEVELO
CURRENT TITLE STATUS OF THE UNIT MAY BE CO
DTN: 10670236

DEPARTMENT OF HOUSING AND
COMMUNITY DEVELOPMENT
DIVISION OF CODES AND STANDARDS
REGISTRATION & TITLING SECTION
P.O. BOX 1828
SACRAMENTO, CA 95812-1828

## STATE OF CALIFORNIA - DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT
## CERTIFICATE OF TITLE

Manufactured Home

**Decal:  LBM1081**

| Manufacturer ID/Name<br>90002    SKYLINE HOMES INC | Trade Name<br>CUSTOM VILLA | Model<br>-- | | DOM<br>05/29/2014 | DFS<br>07/28/2014 | RY |
|---|---|---|---|---|---|---|
| Serial Number<br>AC7V710394GB<br>AC7V710394GA | Label/Insignia Number<br>PFS1130281<br>PFS1130282 | Weight<br>22,383<br>25,068 | Length<br>56'<br>60' | Width<br>15' 2"<br>15' 2" | Issued<br>Jan 19, 2019 | |

**Addressee**

J-SANDCASTLE CO LLC
16222 MONTEREY LANE ROOM 376
HUNTINGTON BEACH, CA 92649

**Registered Owner(s)**

J-SANDCASTLE CO LLC
16222 MONTEREY LANE ROOM 376
HUNTINGTON BEACH, CA 92649

**Situs Address**

16222 MONTEREY LN SPACE 376
HUNTINGTON BEACH, CA 92649

**IMPORTANT**
THE OWNER INFORMATION SHOWN ABOVE MAY NOT REFLECT ALL LIENS RECORDED WITH THE
DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT AGAINST THE DESCRIBED UNIT.  THE
CURRENT TITLE STATUS OF THE UNIT MAY BE CONFIRMED THROUGH THE DEPARTMENT.

DTN: 10670236

01192019 - 2

039

Case 8:21-bk-11710-SC    Doc 436    Filed 09/10/24    Entered 09/10/24 14:13:24    Desc
Case 8:21-bk-11710-SC    Main Document    Filed 08/27/24    Page 45 of 124    Entered 08/27/24 13:10:14    Desc
Case 8:21-bk-11710-SC    Main Document    Filed 07/30/24    Page 40 of 46    Entered 07/30/24 14:30:01    Desc
Main Document      Page 28 of 35



AARON E. DE LEEST
SENIOR COUNSEL

adeleest@DanningGill.com
www.DanningGill.com

1901 AVENUE OF THE STARS, SUITE 450
LOS ANGELES, CALIFORNIA 90067-6006

(310) 277-0077 – TEL
(310) 277-5735 – FAX

July 18, 2024

VIA EMAIL AND U.S. MAIL
Josephamh@outlook.com

Mr. Joseph Arroyo
977 S. Santa Fe Avenue
Suite 1
Vista, CA  92083

Re:     Jamie Lynn Gallian, Debtor

Dear Mr. Arroyo:

My firm represents Jeffrey I. Golden, as the Chapter 7 Trustee (the "Trustee"), for the bankruptcy estate of Jamie Lynn Gallian (the "Debtor"), Bankruptcy Case No. 8:21-bk-11710-SC (the "Bankruptcy Case").  A copy of the Notice of Bankruptcy Case Filing is enclosed.

The Trustee is informed that you have listed for sale at $539,000 the manufactured home located at 16222 Monterey Lane, Space #376, Huntington Beach, CA 92649 ("Property") for the Debtor. A copy of the listing that we received today is enclosed.

Please be advised that, pursuant to 11 U.S.C. § 541(a), the Property is property of the Debtor's bankruptcy estate.  The Property cannot be sold without approval of the United States Bankruptcy Court in the Debtor's Bankruptcy Case and only the Trustee has authority to sell the Property, as the Trustee.  *See* 11 U.S.C. § 541(a) and 363(b).  Please be further advised that you have not been employed by the Trustee and/or authorized by the Bankruptcy Court to act as a broker or agent with respect to any sale of the Property.  *See* 11 U.S. Code § 327.

**Please immediately cease and desist all efforts to sell the Property and, no later than end of business today, July 18, 2024, remove and take down all listings, including on any website and multiple listing service, relating to the Property.**

1774854.1  27064

DANNING, GILL, ISRAEL & KRASNOFF, LLP

040

Case 8:21-bk-11710-SC    Doc 436    Filed 09/10/24    Entered 09/10/24 14:13:24    Desc
Case 8:21-bk-11710-SC    Main Document    Filed 08/27/24    Page 46 of 121    Entered 08/27/24 13:10:14    Desc
Case 8:21-bk-11710-SC    Main Document    Filed 07/30/24    Page 41 of 116    Entered 07/30/24 14:30:01    Desc
Main Document    Page 29 of 35

**DANNING, GILL, ISRAEL & KRASNOFF, LLP**

Mr. Joseph Arroyo
July 18, 2024
Page 2

The Trustee reserves any and all of his rights and remedies against you in relation to any unauthorized transfer of the Property.

Sincerely,

*/s Aaron E. de Leest*

Aaron E. de Leest

cc:   Jeffrey I. Golden, Trustee (via email)
       Eric P. Israel, Esq. (via email)
       Jamie Lynn Gallian, Debtor

# EXHIBIT  4

**JUDGE ERITHE A. SMITH,** *DOCKET 273, ENTERED DECEMBER 22, 2022*

**MEMORANDUM OF DECISION
REGARDING DEBTOR'S MOTION FOR RECONSIDERATION OF THE COURT'S AUGUST
5, 2022 ORDER SUSTAINING OBJECTION TO DEBTOR'S HOMESTEAD EXEMPTION**

FILED & ENTERED

DEC 19 2022

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY mccall    DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>JAMIE LYNN GALLIAN,<br><br><br>Debtor. | Chapter 7<br><br>Case No. 8:21-bk-11710-SC<br><br>**MEMORANDUM OF DECISION REGARDING DEBTOR'S MOTION FOR RECONSIDERATION OF THE COURT'S AUGUST 5, 2022 ORDER SUSTAINING OBJECTION TO DEBTOR'S HOMESTEAD EXEMPTION**<br><br>Date:    September 22, 2022<br>Time:    10:00 a.m.<br>Place:   Courtroom 5A – via zoom |

On July 26, 2022, Jamie Lynn Gallian ("Debtor") filed "Debtors [sic] Notice of and Motion for Reconsideration of 7.21.22 Order Sustaining Houser Bros. Co. DBA Rancho Del Rey Mobile Home Estates [sic] Objection to Debtor's Claimed Homestead Exemption and Joinder Parties Huntington Beach Gables HOA; Janine Jasso" [dkt # 157] (the "Motion"). Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates ("Houser Bros") filed a "Response to Debtor's Notice of and Motion for Reconsideration of 7.21.22 Order Sustaining Houser Bros. Co. DBA Rancho Del Rey Mobile Home Estate's [sic] Objection

to Debtor's Claimed Homestead Exemption" [dkt # 170] (the "Response") on August 4, 2022. Jeffrey Golden, the Chapter 7 Trustee ("Trustee"), filed "Trustee's Joinder in Houser Bros. Co. DBA Rancho Del Rey Mobile Home Estates' Response to Debtor's Notice of and Motion for Reconsideration of 7.21.22 Order Sustaining Houser Bros. Co. DBA Rancho Del Rey Mobile Home Estate's [sic] Objection to Debtor's Claimed Homestead Objection" [dkt 171] (the "Trustee's Joinder") on August 4, 2022. Also on August 4, 2022, the Huntington Beach Gables Homeowners Association (the "HOA") filed "The Huntington Beach Gables Homeowners Association's Joinder to Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates' Response to Debtor's Motion for Reconsideration" [dkt #173] (the "HOA Joinder"). Debtor filed a "Reply to Houser Bros Co DBA Rancho Del Rey MobileHome [sic] Estates [sic] Opposition to Debtors [sic[ Motion for Consideration [sic] of 7/21/22 Order Sustaining Houser Bros Co DBA Rancho Del Rey Mobilehome [sic] Estates [sic] Objection to Debtor's Claimed Homestead Exemption" [dkt #185] (the "Reply").  The Motion initially came on for hearing before the Honorable Erithe A. Smith on August 18, 2022 at 10:30 a.m. The hearing was subsequently continued to September 22, 2022 for further oral argument.  Appearances were made as noted on the Court's record. After the hearing, the matter was taken under advisement.[1]

<u>Procedural Background</u>

On May 12, 2022, Houser Bros filed a "Motion Objecting to Debtor's Claimed Homestead Exemption" ("Homestead Motion"). Dkt. 95.  Joinders to the Homestead Motion were filed by the HOA, creditor Janine Jasso ("Jasso"), and chapter 7 trustee

---

[1] This case was transferred to the Honorable Scott Clarkson on September 1, 2022 due to the retirement of the undersigned, Judge Erithe Smith, on October 29, 2022. However, as Judge Smith issued the underlying order sustaining Trustee's objection to Debtor's homestead exemption, presided over the hearing on Debtor's instant motion for reconsideration, and continues to serve as a recalled bankruptcy judge, she has authority and jurisdiction to rule on this motion for reconsideration.

2

Case 8:21-bk-11710-SC    Doc 436    Filed 09/10/24    Entered 09/10/24 14:13:24    Desc
Case 8:21-bk-11710-SC    Main Document    Filed 08/27/24    Page 45 of 116    Desc
Main Document    Page 45 of 116

Case 8:21-bk-11710-SC    Doc 273    Filed 12/19/22    Entered 12/19/22 14:43:11    Desc
Main Document    Page 3 of 13

1  Jeffrey Golden ("Trustee")[2] (collectively, the "Joining Parties"). Dkts. 98, 100. The

2  Homestead Motion was set for hearing on June 2, 2022, at 10:30 a.m. Dkt. 99. Debtor

3  filed a late opposition to the Homestead Motion ("Homestead Opposition") on June 1,

4  2022, just one day prior to the hearing. Dkt. 105.

5
6          On June 2, 2022, the Court conducted a hearing on the Homestead Motion

7  and continued the hearing to July 21, 2022  in order to allow the Joining Parties to

8  respond to Debtor's late-filed Homestead Opposition.  On June 23, 2022, the Court

9  entered its "Order Continuing Hearing on Motion Objecting to Debtor's Claimed

10 Homestead Exemption" ("June 23, 2022 Order"), which attached a copy of the

11 Court's tentative ruling for the hearing on June 2, 2022. Dkt. 124. The June 23,

12 2022 Order provided that the hearing on the Homestead Motion was continued to

13 July 21, 2022, at 10:30 a.m. to allow Houser Bros and the Joining Parties to file

14
15 replies to Debtor's late opposition by July 7, 2022 and that no further pleadings

16 were to be filed regarding the Motion. Dkt. 124.

17         Timely reply briefs were filed by Houser Bros and the HOA. Dkts. 129, 130,

18 131, 132, 133. On July 8, 2022, Debtor filed an unauthorized "Reply to Greg

19 Buysman, CA Notary Public Commission Number 2341449; Owner & Operator the

20 UPS Store, Edinger/Springdale." Dkt. 134.

21
22         The Court held a continued hearing on the Homestead Motion on July 21,

23 2022, at which time it orally granted the same for the reasons stated in its posted

24 tentative ruling. That same day, on July 21, 2022, Debtor filed a "Notice of

25 Lodgment of Orange County Tax Assessors [sic] Proof of Debtors [sic] Homestead

26 Exemption Effective 2/25/2021 in Support of Opposition to Motion Objecting to

27 _____
[2] Trustee's joinder was not filed until June 30, 2022. Dkt. 128.
28

3

1  Claimed Homestead Exemption" ("First NOL"). Dkt. 139. Later that same day, Debtor

2  also filed a "Notice of Lodgment of Orange County Tax Assessors [sic] Proof of Debtors

3  [sic] Homestead Exemption Effective 2/25/2021 in Support of Opposition to Motion

4  Objecting to Claimed Homestead Exemption" ("Second NOL"). Dkt. 140. Finally, on July

5  21, 2022,  Debtor filed a "Notice of Appeal and Statement of Election" ("Notice of

6  Appeal") regarding a "7/21/2022 Order Denying Debtors [sic] Declared Homestead and

7  Debtors [sic] Homeowners Exemption Effective February 25, 2021 with the Orange

8  County Tax Assessor Pursuant to California Department of Housing and Community

9  Development Certificate of Title Perfected February 25, 2021." Dkt. 143. Debtor's appeal

10  was referred to the Bankruptcy Appellate Panel based on Debtor's election. Dkt. 161.

11  However, the Court's "Order Granting Houser Bros. Co. dba Rancho Del Rey Mobile

12  Home Estates's Motion Objecting to Debtor's Claimed Homestead Exemption in 16222

13  Monterey Lane, Space 376, Huntington Beach, CA 92649" ("Homestead Order") was not

14  entered until August 5, 2022. Dkt. 177.

15  

16  

17      On July 26, 2022, Debtor filed the Motion. Dkt. 157.  Shortly thereafter, on August

18  1, 2022, Debtor filed a "Motion for Leave from the Bankruptcy Appeal [sic] Panel to

19  Permit the Bankruptcy Court to Consider Debtor's Motion for Re-Consideration [dkt. 157]

20  on August 18, 2022." Dkt. 167. The following day, on August 2, 2022, Houser Bros filed

21  an "Optional Appellee Statement of Election to Proceed in District Court." Dkt. 168. A

22  Notice of Transfer of Appeal to District Court was filed on the docket by the Debtor on

23  August 8, 2022. Dkt. 180. Debtor also filed a Notice Regarding Appeal From Bankruptcy

24  Court that was entered on August 11, 2022. Dkt. 184.  Ultimately, the District Court Case,

25  no. 8:22-cv-1462-RGK was dismissed by Debtor, thereby eliminating any issue regarding

26  this Court's jurisdiction over the Motion. See Dkt. 215.

27  

28  

4

<u>Standards for Relief Under Federal Rules of Civil Procedure 59(e) and 60(b)</u>

Federal Rules of Civil Procedure (FRCP) 59(e) and 60(b) are applicable to bankruptcy cases pursuant to Federal Rules of Bankruptcy Procedure 9023 and 9024 respectively.

A motion brought under FRCP 59 involves reconsideration on the merits and generally should not be granted unless it is based on at least one of the following grounds: (1) to correct manifest errors of law or fact upon which the judgment is based; (2) to allow the moving party the opportunity to present newly discovered or previously unavailable evidence; (3) to prevent manifest injustice; or (4) to reflect an intervening change in controlling law.  *In re Oak Park Calabasas Condominium Ass'n*, 302 B.R. 682, 683 (Bankr.C.D.Cal.2003), *citing McDowell v. Calderon,* 197 F.3d 1253, 1255 (9th Cir.1999), *cert. denied,* 529 U.S. 1082, 120 S.Ct. 1708, 146 L.Ed.2d 511 (2000) (cit. omitted).  The term "manifest error" is "an error that is plain and indisputable, and that amounts to a complete disregard of the controlling law or the credible evidence in the record." *Oak Park* at 783.  A "manifest injustice" is defined as "an error in the trial court that is direct, obvious, and observable, such as a defendant's guilty plea that is involuntary or that is based on a plea agreement that the prosecution rescinds."  *Id.*

A motion brought under FRCP 59 "may seek a reconsideration of the correctness and merits of the trial court's underlying judgment."  *In re Wylie*, 349 B.R. 204, 209 (9th Cir. BAP 2006).  A motion based on FRCP 59 may not be used "to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters., Inc. v. Estate of Bishop,* 229 F.3d 877, 890 (9th Cir.2000). Further, such a motion may not be used to present a new legal theory for the first time, to raise legal arguments which

could have been raised in connection with the original motion, or "to rehash the same arguments presented the first time or simply express the opinion that the court was wrong." *In re JSJF Corp.,* 344 B.R. 94, 103 (9th Cir. BAP 2006), *aff'd and remanded*, 277 Fed.Appx. 718 (9th Cir. 2008).

Under FRCP 60(b), a party may seek relief from a final judgment or order on the following enumerated grounds: 1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

<u>Factual Background</u>

This matter involves a dispute over Debtor's claimed homestead exemption in the manufactured home located at 16222 Monterey Lane, Unit 376, Huntington Beach, CA (the "Property"). The underlying facts are complex and are set forth in the pleadings filed in connection with the Homestead Motion and the instant Motion and are incorporated herein by reference. However, due to the narrow scope of this Memorandum, such facts will not be fully discussed except as relevant to the Court's findings and conclusions.

The pleadings filed in connection with the Homestead Motion focused primarily on whether Debtor had an ownership interest in the Property as of the petition date, i.e., July 9, 2021.  It is undisputed that shortly after the acquisition of the Property in November 2018, its registered owner was J-Sandcastle LLC ("Sandcastle"), an entity wholly owned by Debtor.  Thereafter, Ron Pierpont and J-Pad LLC were added as the Property's legal

6

1  owners.  According to Debtor, Sandcastle's interest in the Property was transferred to her

2  on February 21, 2021; according to Houser Bros the transfer did not occur and/or did not

3  become effective until *after* July 9, 2021.  In her opposition to the Homestead Motion,

4  Debtor argued, among other things, that she qualified for the automatic homestead

5  exemption permitted under California law because she had continuously resided on the

6  Property as her principal residence since 2018 to the present. Debtor's Opposition to

7  Homestead Motion at pp.15, 20. Dkt. 105. There was no evidence presented by the

8  Joining Parties that disputed Debtor's residency claim.

9

10       Oral argument at the hearing on the Homestead Motion also focused on the issue

11  of ownership as of the filing of the bankruptcy petition.  Indeed, the Court's ruling on the

12  Homestead Motion exclusively relied on matters relating to ownership, as reflected in the

13  following excerpts from the Homestead Order:

14

15       In In re *Shaefers*[3]*,* the Ninth Circuit BAP found that a Chapter 7
     debtor cannot claim homestead exemption in limited liability company
16   (LLC) that he owned, which owned real property at which debtor resided;
     debtor did not identify any beneficial or equitable interest in the property,
17   and LLC members such as debtor had no interest in the company's
     assets, rather, debtor's interest in LLC was a personal property interest
18   outside the statutory definition of a homestead. 623 B.R. 777 (B.A.P. 9th
     Cir. 2020).
19

20       Here, Debtor has failed to meet her burden that the Property is
     subject to exemption. First, the HCD records show that J-Sandcastle LLC,
21   not Debtor, was the Property's owner of record on the Petition Date. As of
     June 7, 2021— about a month before the Petition Date—the Property's
22   registered owner was J-Sandcastle LLC, and the legal owners were
     Pierpont and J-Pad LLC. Hays Decl., Ex. 17 at 142. The HCD webpage
23   indicates that "documents and fees" must be submitted to the HCD to

24

---

[3] *In re Shaefers* was subsequently vacated by the Ninth Circuit on August 31, 2022 due to the dismissal of
25  the bankruptcy case.  *In re Schaefers* ("*Schaefers II*"), 2022 WL 3973920, at *1 (9th Cir. Aug. 31,
    2022) (vacating decision). The BAP decision therefore has "no precedential authority whatsoever." *See*
26  *O'Connor v. Donaldson*, 422 U.S. 563, 578 n. 2, 95 S.Ct. 2486, 2495 n. 2, 45 L.Ed.2d 396 (1975) . It's
    availability for citation for any purpose is, therefore, uncertain. In any event, the Court notes that 1) in
27  *Shaefers*, the debtor asserted an interest in the LLC itself and not in the real property owned by the LLC,
    and 2) as discussed *supra* herein, an equitable interest in real property may be shown by occupancy.

28

049

transfer ownership of a manufactured home or manufactured home. The June 7, 2021, Title Search did not note any pending applications for title or registration change that might have added Debtor as the registered or legal owner of the Property before the Petition Date. And, Debtor paid no fees to the HCD between June 7, 2021, and the Petition Date that could have effectuated a title change. See Hays Decl., Ex. 26.

Moreover, the July 2021 HCD Transaction had a transaction date of July 14, 2021—five days after the Petition Date—and included a certificate of title showing J-Sandcastle LLC as the Property's registered owner and Pierpont and J-Pad LLC as the Property's legal owners. Hays Decl., Ex. 21 at 171. Included in this post-petition transaction was a document to add Debtor as the Property's "New Registered Owner." Id. at 172. Also attached was a County of Orange "Tax Clearance Certificate" issued and executed on the Petition Date, which gave the Property's "Current Registered Owner" as J1Sandcastle LLC. Id. at 191. The August 2021 HCD Transaction did include a certificate of title showing Debtor as the Property's registered owner, but according to the certificate, title was issued on August 3, 2021, nearly a month after the Petition Date. Hays Decl., Ex. 22 at 195.

Second, between February 1, 2021, and the Petition Date, all payments that Debtor submitted to Houser Bros. listed J-Sandcastle LLC as the payor/were on behalf of J-Sandcastle LLC. Only after the Petition Date did Debtor submit a payment on her own behalf. See Hays Decl. Ex. 23 at 203-222.

Third, Debtor provides no credible evidence that she acquired an interest from the LLC on February 25, 2021. In Debtor's Original Schedules, filed on the Petition Date (July 9, 2021), Debtor provided, under penalty of perjury, that "Registered Title with HCD Debtor's single member LLC, J1Sandcastle Co, LLC." Motion at 33 (Exhibit 2). In addition, Debtor, in the Opposition, asserts J-Sandcastle LLC's executed a notarized release of title document, claiming: "On the petition date July 9, 2021, the registered title owner of the manufactured home located at 16222 Monterey Lane, Unit #376, Huntington Beach, CA 92649 ('Property') was Jamie Lynn Gallian as of February 25, 2021, the date J-Sandcastle Co LLC signed and dated to release the Certificate of Title to Jamie Lynn Gallian, notarized the same date." Opp'n., 29. However, Mr. Buysman did not actually notarize these documents. Instead, Mr. Buysman's notary book shows that on February 25, 2021, he notarized for Debtor an "Affidavit of Death" and a "Transfer Grant Deed." Buysman Decl., ¶¶7-11. Mr. Buysman did not notarize the July 2021 HCD Submission either. Id. Debtor's improperly filed July 8 response, even if considered by the court, would be insufficient to counter the statements and documentary evidence set forth in the Buysman Declaration.

-------------------------------

8

Case 8:21-bk-11710-SC    Doc 436    Filed 09/10/24    Entered 09/10/24 14:13:24    Desc
Case 8:21-bk-11710-SC    Main Document Filed 08/27/24    Page 51 of 116    Entered 08/27/24 13:10:14    Desc
Main Document    Page 51 of 116

Case 8:21-bk-11710-SC    Doc 273    Filed 12/19/22    Entered 12/19/22 14:43:11    Desc
Main Document    Page 9 of 13

In conclusion, Debtor failed to carry her burden because, on the Petition Date, the Property's registered owner was J-Sandcastle LLC, and the legal owners were Pierpont and J-Pad, LLC. As a result, the Property was not part of the estate and not eligible for an exemption.

Neither the Court's ruling at the hearing or the Homestead Order includes a full or proper analysis of Debtor's claimed automatic homestead exemption under Cal. Civ Proc. Code § 704.720(a).  The Court believes such oversight was in error.

Relief Under Either FRCP 59(e) or FRCP 60(b) is Warranted Because Debtor has Demonstrated Entitlement to an Automatic Homestead Exemption Under Cal.Civ.Proc. Code §704.720(a)

Though the Motion does not specifically cite FRCP 59(e) or FRCP 60(b), the substance of the arguments therein is consistent with either Rule and Debtor clarifies in her Reply brief that she is seeking relief under both Rules. Debtor's Reply brief at 5. As previously noted, it is undisputed that Debtor has resided continuously on the Property as her principal residence from November 2018 to through the petition date and beyond. As a matter of law, Debtor meets the requirements for an automatic homestead exemption under Cal. Civ. Proc. Code §§ 704.710(c) and 704.720(a).

In *In re Gilman*, 887 F.3d 956, 964-965 (9th Cir. 2018), the Ninth Circuit held as follows:

California provides for an "automatic" homestead exemption. Cal. Civ. Proc. Code § 704.720(a). The automatic homestead exemption protects a debtor "who resides (or who is related to one who resides) in the homestead property at the time of a forced judicial sale of the dwelling." *In re Anderson*, 824 F.2d 754, 757 (9th Cir. 1987); *see also Diaz*, 547 B.R. at 334 ("The filing of a bankruptcy petition constitutes a forced sale for purposes of the automatic homestead exemption.").

Under Cal. Civ. Proc. Code § 704.710(c), a "homestead" is "the principal dwelling (1) in which the judgment debtor or the judgment debtor's spouse resided on the date the judgment

9

1   creditor's lien attached to the dwelling, and (2) in which the judgment
2   debtor or the judgment debtor's spouse resided continuously thereafter
    until the date of the court determination that the dwelling is a homestead."
3   This "requires only that the judgment debtor *reside* in the property as his
    or her principal dwelling at the time the judgment creditor's lien attaches
4   and continuously thereafter until the court determines the dwelling is a
    homestead." *In re Elliott*, 523 B.R. 188, 196 (BAP 9th Cir.
5   2014) (quoting *Tarlesson*, 184 Cal. App. 4th at 937, 109 Cal.Rptr.3d 319).
    It does not require that the debtor continuously own the property. *Id.*
6
7       To determine whether a debtor resides in a property for homestead
    purposes, courts consider the debtor's physical occupancy of the property
8   and the intent to reside there. *Diaz*, 547 B.R. at 335; *Ellsworth v. Marshall*,
    196 Cal.App. 2d 471, 474, 16 Cal.Rptr. 588 (1961) ("The physical fact of
9   the occupancy and the intention with which the premises are occupied 'are
    both elements to be considered in determining the actual residence.' ")
10  (quoting *Lakas v. Archambault*, 38 Cal.App. 365, 372, 176 P. 180 (1918)).
11
12      California law rejects Phillips' argument that title to the property is
    necessary to claim a homestead exemption. For instance, *Tarlesson* held
13  that "judgment debtors who continuously reside in their dwellings retain a
    sufficient equitable interest in the property to claim a homestead
14  exemption even when they have conveyed title to another." 184 Cal.App.
    4th at 937, 109 Cal.Rptr.3d 319. The court further noted that "[s]uch a
15  result is consistent with the purpose of California's homestead exemption
    to protect one's dwelling against creditors." *Id.* Likewise, *Elliott* held
16  that conveyance to a third party does not defeat a debtor's right to an
    automatic exemption, "because continuous residency, rather than
17  continuous ownership," controls the analysis. 523 B.R. at 196.
18  Importantly, *Gilman* cites with favor the case of *Tarlesson v. Broadway*
19
    *Foreclosure Investments, LLC*, 184 Cal.App.4th 931 (2010).  In analyzing the interplay
20
    between Cal. Civ. Proc. Code §§ 703.720 and 704.710(c), the Tarlesson Court explained:
21
22      Broadway bases its argument in substantial part on the language
    of section 703.020 which provides that statutory exemptions "apply only
23  to property of a natural person." Broadway reads section 703.020 to imply
    a requirement of ownership. But the authorities Broadway cites do not
24  support its argument. While section 703.020, subdivision (a) states
    generally that "[t]he exemptions provided by this chapter apply only to
25  property of a natural person," the statutory definition of "homestead"
    provided in section 704.710 requires only that the judgment debtor reside
26  in the property as his or her principal dwelling at the time the judgment
    creditor's lien attaches and continuously thereafter until the court
27  determines the dwelling is a homestead. (§ 704.710, subd. (c).) There is
    no requirement in section 704.710 that the judgment debtor continuously
28

10

own the property, and we do not read section 703.020 to impose such a requirement. 184 Cal.App.4th at 937.

Further, the Court in *Tarlesson* recognized that "debtors who continuously reside in their dwellings retain a sufficient equitable interest in the property to claim a homestead exemption even when they have conveyed title to another." *Id.* (citations omitted).  Accordingly, the Court finds and concludes that Debtor satisfied her burden of establishing entitlement to an automatic homestead exemption under California law and that the Court erred in not recognizing such entitlement in its Homestead Order.

### Debtor's Homestead Exemption in the Amount of $600,000 Allowed by Cal. Civ. Proc. Code § 704.730(a) is Not Limited by § 522(p)(1)

In its Response to the Motion, Houser Bros requests that if the Court grants the Motion to allow Debtor a homestead exemption, such exemption should be limited to $170,350 pursuant to 11 U.S.C. § 522(p)(1) because, according to Debtor, she acquired an ownership interest in the Property on February 21, 2022 (less than 180 days before the bankruptcy filing).  Section 522(p)(1) limits a debtor's ability to take advantage of homestead exemptions under state law. Specifically, § 522(p)(1) provides that a debtor "may not exempt any amount of interest *that was acquired by the debtor* during the 1215-day period preceding the date of the filing of the petition that exceeds . . . $170,350 in value in real or personal property that the debtor . . . uses as a residence." (emphasis added)  A majority of courts have held that § 522(p)(1) applies to "opt-out" states such as California.  See, *In re Virissimo*, 332 B.R. 201, 207 (Bankr. D.Nev.2005); *Kane v. Zions Bancorporation, N.A.*, 2022 WL 4591787 (September 29, 2022). This Court

053

agrees with the majority view regarding the application of § 522(p)(1) to exemptions allowed under California law.

The Ninth Circuit has held that "it appears that Congress intended 'acquire' to mean 'gaining possession or control' by purchasing or gaining an ownership interest, either legal or equitable." *In re Greene*, 583 F.3d 614, 623 (9th Cir.2009).  California law provides for an automatic homestead exemption, which protects a debtor "who resides . . . in the homestead property at the time of a forced judicial sale of the dwelling." *Gilman*, 887 F.3d at 964.  The filing of a bankruptcy petition has been held to constitute a forced sale that triggers the application of the automatic homestead exemption.  *In re Elliott,* 523 B.R. 188, 195 (9th Cir. BAP 2014).  As previously noted, in California, title to the property is not necessary to claim an automatic homestead exemption. *Gilman* at 965 ("To determine whether a debtor resides in a property for homestead purposes, courts consider the debtor's physical occupancy of the property and the intent to reside there.")

Here, Debtor has sufficiently demonstrated both continuous occupancy of the Property as well as her intent to reside there. Consequently, she qualifies for the homestead exemption provided under Cal. Civ. Proc. Code § 704.720(a) without regard to, and irrespective of, her subsequent acquisition of legal title. Accordingly, the amount of her exemption permitted under Cal. Civ Proc. Code § 704.730(a) is not affected by the restriction imposed by § 522(p)(1).

<u>Conclusion</u>

Based upon the foregoing, the Court finds and concludes that 1) Debtor's continuous possession and occupation of the Property as her principal residence (irrespective of ownership) constitutes an equitable interest that is sufficient to establish her entitlement to the automatic homestead exemption provided by Cal. Civ. Proc. Code

12

054

1    §§ 704.720(a) and 704.730(a), 2) the Motion should be granted under FRCP 59(e) on the

2    basis of manifest error of law and under FRCP 60(b)(6); 3) the Court's Homestead Order

3    entered on August 5, 2022 should be vacated and the underlying Homestead Motion

4    related thereto should be deemed denied; and 4) Debtor is entitled to a homestead

5    exemption in the amount of $600,000.

6

7

8    ###

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23    Date: December 19, 2022

24    Erithe Smith
      United States Bankruptcy Judge

25

26

27

28

# EXHIBIT 5

**JUDGE ERITHE A. SMITH, *DOCKET 274, ENTERED DECEMBER 19, 2022***

**ORDER GRANTINGDEBTOR'S MOTION
FOR RECONSIDERATION OF THE COURT'S AUGUST 5, 2022 ORDER SUSTAINING
OBJECTION TO DEBTOR'S HOMESTEAD EXEMPTION**

**FILED & ENTERED**

**DEC 19 2022**

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY mccall    DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>JAMIE LYNN GALLIAN,<br><br>           Debtor. | Chapter 7<br><br>Case No. 8:21-bk-11710-SC<br><br>**ORDER GRANTING DEBTOR'S MOTION FOR RECONSIDERATION OF THE COURT'S AUGUST 5, 2022 ORDER SUSTAINING OBJECTION TO DEBTOR'S HOMESTEAD EXEMPTION**<br><br>Date:    September 22, 2022<br>Time:    10:00 a.m.<br>Place:   Courtroom 5A – via zoom |

On July 26, 2022, Jamie Lynn Gallian ("Debtor") filed "Debtors [sic] Notice of and Motion for Reconsideration of 7.21.22 Order Sustaining Houser Bros. Co. DBA Rancho Del Rey Mobile Home Estates [sic] Objection to Debtor's Claimed Homestead Exemption and Joinder Parties Huntington Beach Gables HOA; Janine Jasso" [dkt # 157] (the "Motion"). Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates ("Houser Bros") filed a "Response to Debtor's Notice of and Motion for Reconsideration of 7.21.22 Order Sustaining Houser Bros. Co. DBA Rancho Del Rey Mobile Home Estate's [sic] Objection to Debtor's Claimed Homestead Exemption" [dkt # 170] (the "Response") on August 4,

Case 8:21-bk-11710-SC    Doc 436    Filed 09/10/24    Entered 09/10/24 14:13:24    Desc
Case 8:21-bk-11710-SC    Main Document    Filed 08/27/24    Page 63 of 121    Entered 08/27/24 13:10:14    Desc
Main Document    Page 58 of 116

Case 8:21-bk-11710-SC    Doc 274    Filed 12/19/22    Entered 12/19/22 16:48:54    Desc
Main Document    Page 2 of 3

1   2022. Jeffrey Golden, the Chapter 7 Trustee ("Trustee"), filed "Trustee's Joinder in

2   Houser Bros. Co. DBA Rancho Del Rey Mobile Home Estates' Response to Debtor's

3   Notice of and Motion for Reconsideration of 7.21.22 Order Sustaining Houser Bros. Co.

4   DBA Rancho Del Rey Mobile Home Estate's [sic] Objection to Debtor's Claimed

5   Homestead Objection" [dkt 171] (the "Trustee's Joinder") on August 4, 2022. Also on

6   August 4, 2022, the Huntington Beach Gables Homeowners Association (the "HOA") filed

7   "The Huntington Beach Gables Homeowners Association's Joinder to Houser Bros. Co.

8   dba Rancho Del Rey Mobile Home Estates' Response to Debtor's Motion for

9   Reconsideration" [dkt #173] (the "HOA Joinder"). Debtor filed a "Reply to Houser Bros Co

10  DBA Rancho Del Rey MobileHome [sic] Estates [sic] Opposition to Debtors [sic[ Motion

11  for Consideration [sic] of 7/21/22 Order Sustaining Houser Bros Co DBA Rancho Del Rey

12  Mobilehome [sic] Estates [sic] Objection to Debtor's Claimed Homestead Exemption" [dkt

13  #185] (the "Reply").  The Motion initially came on for hearing before the Honorable Erithe

14  A. Smith, United States Bankruptcy Judge, on August 18, 2022 at 10:30 a.m. The hearing

15  was subsequently continued to September 22, 2022 for further oral argument.

16  Appearances were made as noted on the Court's record. After the hearing, the matter

17  was taken under advisement.[1]

18       For the reasons set forth in the Memorandum of Decision Regarding Debtor's

19  Motion for Reconsideration of the Court's August 5, 2022 Order Sustaining the Objection

20  to Debtor's Homestead Exemption entered on December 19, 2022 [Dkt. 273], it is hereby

21  ordered that:

---

[1] This case was transferred to the Honorable Scott Clarkson on September 1, 2022 due to the retirement of the undersigned, Judge Erithe Smith on October 29, 2022. However, as Judge Smith issued the underlying order sustaining Trustee's objection to Debtor's homestead exemption, presided over the hearing on Debtor's instant motion for reconsideration, and continues to serve as a recalled bankruptcy judge, she has authority and jurisdiction to rule on the motion for reconsideration.

1.    The Motion is granted under FRCP 59(e) on the basis of manifest error of law and under FRCP 60(b)(6);

2.    The Court's Homestead Order entered on August 5, 2022 [Dkt. 177] is vacated and, as such, Houser Bros' Homestead Motion is deemed denied; and

3.    Debtor is entitled to a homestead exemption in the amount of $600,000 pursuant to Cal. Civ. Proc. Code.  §§ 704.720(a) and 704.730(a).

###

Date: December 19, 2022

Erithe Smith
United States Bankruptcy Judge

059

Case 8:21-bk-11710-SC    Doc 433    Filed 08/27/24    Entered 08/27/24 13:10:14    Desc
Main Document      Page 65 of 121

# EXHIBIT  6

**JUDGE ERITHE A. SMITH,**

***DOCKET 394, ENTERED MAY 15, 2024***

ORDER ON REMAND

*[SUSTAINED PREVIOUS FINDINGS <u>DOCKET 273</u>]*

Case 8:21-bk-11710-SC    Doc 436    Filed 09/10/24    Entered 09/10/24 14:13:24    Desc
Case 8:21-bk-11710-SC    Main Document    Filed 08/27/24    Page 61 of 116    Entered 08/27/24 13:10:14    Desc
Main Document    Page 61 of 116
Case 8:21-bk-11710-SC    Doc 394    Filed 05/17/24    Entered 05/17/24 21:22:13    Desc
Imaged Certificate of Notice    Page 3 of 9

**FILED & ENTERED**

**MAY 15 2024**

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY jle          DEPUTY CLERK

### UNITED STATES BANKRUPTCY COURT

### CENTRAL DISTRICT OF CALIFORNIA

### SANTA ANA DIVISION

In re

**JAMIE LYNN GALLIAN**

        Debtor,

8:23-CV-00001-DSF
Case No. 8:21-bk-11710-SC

Chapter: 7

**ORDER REGARDING "ORDER
REVERSING THE ORDER OF THE
BANKRUPTCY COURT AND
REMANDING FOR FURTHER
PROCEEDINGS" ENTERED BY THE
DISTRICT COURT ON NOVEMBER 1,
2023**

On December 29, 2022, Houser Bros. Co. dba Rancho Del Rey Mobile Estates

("Houser Bros.) appealed this Court's Order Granting Debtor's Motion for

Reconsideration of the Court's August 5, 2022 Order Sustaining Objection to Debtor's

Homestead Exemption entered on December 19, 2022 ("Reconsideration Order") in the

above referenced bankruptcy case.  Houser Bros. elected to have its appeal heard by the

United States District Court ("District Court").  On November 1, 2023, the District Court

entered its Order Reversing the Order of the Bankruptcy Court and Remanding for

Further Proceedings ("Reversal Order").

1    The Reversal Order directs this Court to issue findings concerning 1) the nature of

2    the Debtor Jamie Lynn Gallian's ("Debtor") interest in the 2014 Skyline Custom Villa

3    manufactured home located at 16222 Monterey Lane, Unit 376, Huntington Beach,

4    California (the "Property"), including whether Debtor ever acquired (and retained) an

5    equitable interest in the Property, and 2) whether title was transferred to her prior to the

6    date the bankruptcy petition was filed.  The within findings constitute the Court's

7    response to the remand directive of the Reversal Order.[1]

8    I.    Background

9        This matter involves a dispute over Debtor's claimed homestead exemption in the

10   Property.  On or about November 1, 2018, Debtor purchased the Property from

11   registered owner, Lisa Ryan ("Ryan") with proceeds Debtor received from the sale of her

12   previous home. Debtor's Motion for Reconsideration at 15.  [Dkt. 157].  However, on this

13   same date, Debtor caused Ryan to transfer the Certificate of Title regarding the Property

14   to her single-member limited liability company, J-Sandcastle Co LLC ("Sandcastle"),

15   which Certificate of Title was recorded by Debtor at the Department of Housing and

16   Community Development on November 16, 2018.  *Id.* at 26; Houser Bros.' Motion

17   Objecting to Debtor's Claimed Homestead Exemption, Exhs. 13 and 14 [Dkt 95].

18       A.  Houser Bros.'s Motion Objecting to Debtor's Claimed Homestead Exemption

19       On May 12, 2022, Houser Bros. filed its "Motion Objecting to Debtor's Claimed

20   Homestead Exemption" (Homestead Motion").  [Dkt.95].  Various other parties joined in

21   the Homestead Motion.  [Dkts. 98, 100].  The pleadings filed in support of the Homestead

22   Motion focused primarily on the argument that Debtor did not hold legal title to the

23

24   _____
[1] The underlying bankruptcy case was transferred to the Honorable Scott Clarkson on

25   September 1, 2022 due to the retirement of the undersigned, Judge Erithe Smith, on

October 29, 2022. However, as Judge Smith presided over the hearing on Debtor's

26   Motion for Reconsideration and issued the Reconsideration Order in her capacity as a

27   recalled bankruptcy judge (effective until October 31, 2024), she has authority and

28   jurisdiction to issue the within findings.

Case 8:21-bk-11710-SC    Doc 436    Filed 09/10/24    Entered 09/10/24 14:13:24    Desc
Case 8:21-bk-11710-SC    Main Document    Filed 08/27/24    Page 63 of 116    Entered 08/27/24 13:10:14    Desc
Main Document    Page 63 of 116
Case 8:21-bk-11710-SC    Doc 394    Filed 05/17/24    Entered 05/17/24 21:22:13    Desc
Imaged Certificate of Notice    Page 5 of 9

1  Property as of the date the bankruptcy petition was filed, i.e., July 9, 2021 (the "Petition

2  Date") and, therefore, she was not entitled to claim a homestead exemption.

3      Debtor opposed the Homestead Motion, asserting that Sandcastle had transferred

4  its interest in the Property to her on or about February 25, 2021, prior to the Petition Date.

5  Debtor also argued that she was entitled to an automatic homestead exemption under

6  Cal. Civ. Proc. Code §§ 704.710(c) and 704.720(a) as she had continuously resided on

7  the Property since November 2018 through the Petition Date and had intended the same

8  to be her principal residence during such time.

9      The final hearing on the Homestead Motion was held on July 21, 2022.  At that

10  hearing, oral argument focused on the issue of legal ownership as of the Petition Date.

11  On August 5, 2022, this Court entered its Order Granting Houser Bros. Co. dba Rancho

12  Del Rey Mobile Home Estate's Motion Objecting to Debtor's Claimed Exemption in 16222

13  Monterey Lane, Space 376, Huntington Beach, CA 92649" [Dkt. 177] ("Homestead

14  Order") on the ground that Debtor did not hold legal title to the Property as of the Petition

15  and, therefore, was not entitled to a homestead exemption under Cal Civ. Pro. Code

16  §704.30.  This Court ruled that

17          . . . Debtor failed to meet her burden that the Property is

18          subject to exemption.  First, the HC records show that J-Sandcastle LLC,

19          not Debtor, was the owner of record, on the Petition Date.  As of June 7, 2021 –

20          about a month before the Petition Date – the Property's registered owner

21          was J-Sandcastle LLC, and the legal owners were Ron Pierpoint and J-Pad LLC.

22          Hays Decl., Ex. 17 at 142.

23  Homestead Order, Exh. 1 at 10.

24      The Court did not, however, rule on Debtor's claim to an automatic homestead

25  exemption under Cal. Civ. Proc. Code §§ 704.710(c) and 704.720(a).

26      B.  Debtor's Motion for Reconsideration of the Homestead Order

27      On July 26, 2022, Debtor filed her "Motion for Reconsideration of 7.21.22 Order

28

3

1  [sic] Sustaining Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates Objection to

2  Debtor's Claimed Homestead Objection, etc." ("Reconsideration Motion") [Dkt.157]. [2]

3  Debtor reiterated her claimed status as legal owner, as well as entitlement to an

4  automatic homestead exemption. Opposition pleadings to the Reconsideration Motion

5  were filed by Houser Bros. and other interested parties.

6        On December 19, 2022, this Court entered its Reconsideration Order on the

7  ground that Debtor was entitled to an automatic homestead exemption.  [Dkt 274].  Also

8  on December 19, 2022, the Court entered its "Memorandum of Decision Regarding

9  Debtor's Motion for Reconsideration of the Court's August 5, 2022 Order Sustaining

10  Objection to Debtor's Homestead Exemption ("Memorandum of Decision"). [Dkt. 273].[3]

11      II.   <u>Findings in Response to the District Court's Reversal Order</u>

12        A. <u>Did Debtor Have an Equitable Interest in the Property as of the Petition Date?</u>

13        Yes.  This Court finds that, notwithstanding the fact that Sandcastle was the

14  registered owner and Ron Pierpont and J-Pad LLC were the legal owners of the Property,

15  Debtor held an equitable interest in the Property as of the date of the Petition that

16  satisfied the requirements for an automatic homestead exemption under Cal. Civ. Proc.

17  Code §§ 704.10(c) and 704.720(a).[4]

18        In *In re Gilman*, 887 F.3d 956-965 (9th Cir. 2018), the Ninth Circuit provides a clear

19  analysis of California's automatic homestead laws, to wit:

20          California provides for an 'automatic' homestead
        exemption. Cal. Civ. Proc. Code § 704.720(a). The automatic

21          homestead exemption protects a debtor 'who resides (or who is
        related to one who resides) in the homestead property at the time of

22          a forced judicial sale of the dwelling.' *In re Anderson*, 824 F.2d 754,

23  _____

  [2] Debtor filed the Reconsideration Motion prior to the entry of the Homestead Order on August 5, 2022.

24  [3] The Memorandum of Decision was intended to serve as the Court's findings of fact and conclusions of

25  law in support of the Reconsideration Order and was incorporated by reference in the Reconsideration
Order.

26  [4] A "manufactured home together with the outbuildings and land upon which they are

27   situated" is eligible for a homestead exemption. Cal. Code Civ. Proc. § 704.710(a)(2)

28  (defining "dwelling").

Case 8:21-bk-11710-SC    Doc 436    Filed 09/10/24    Entered 09/10/24 14:13:24    Desc
Case 8:21-bk-11710-SC    Main Document    Filed 08/27/24    Page 70 of 121    08/27/24 13:10:14    Desc
Case 8:21-bk-11710-SC    Doc 394    Filed 05/17/24    Entered 05/17/24 21:22:13    Desc
Imaged Certificate of Notice    Page 7 of 9

757 (9th Cir. 1987); *see also Diaz*, 547 B.R. at 334 ("The filing of a bankruptcy petition constitutes a forced sale for purposes of the automatic homestead exemption.").

Under Cal. Civ. Proc. Code § 704.710(c), a 'homestead' is 'the principal dwelling (1) in which the judgment debtor or the judgment debtor's spouse resided on the date the judgment creditor's lien attached to the dwelling, and (2) in which the judgment debtor or the judgment debtor's spouse resided continuously thereafter until the date of the court determination that the dwelling is a homestead.' This "requires only that the judgment debtor *reside* in the property as his or her principal dwelling at the time the judgment creditor's lien attaches and continuously thereafter until the court determines the dwelling is a homestead." *In re Elliott*, 523 B.R. 188, 196 (BAP 9th Cir. 2014) (quoting *Tarlesson*, 184 Cal. App. 4th at 937, 109 Cal.Rptr.3d 319). It does not require that the debtor continuously own the property. *Id.*

To determine whether a debtor resides in a property for homestead purposes, courts consider the debtor's physical occupancy of the property and the intent to reside there. *Diaz*, 547 B.R. at 335; *Ellsworth v. Marshall*, 196 Cal.App. 2d 471, 474, 16 Cal.Rptr. 588 (1961) ('The physical fact of the occupancy and the intention with which the premises are occupied 'are both elements to be considered in determining the actual residence.') (quoting *Lakas v. Archambault*, 38 Cal.App. 365, 372, 176 P. 180 (1918)).

**California law rejects [the] argument that title to the property is necessary to claim a homestead exemption. For instance, *Tarlesson* held that 'judgment debtors who continuously reside in their dwellings retain a sufficient equitable interest in the property to claim a homestead exemption even when they have conveyed title to another'** 184 Cal.App. 4th at 937, 109 Cal.Rptr.3d 319. The court further noted that "[s]uch a result is consistent with the purpose of California's homestead exemption to protect one's dwelling against creditors." *Id.* Likewise, *Elliott* held that **conveyance to a third party does not defeat a debtor's right to an automatic exemption, 'because continuous residency, rather than continuous ownership,' controls the analysis.** 523 B.R. at 196.

(emphasis added)

According to the record, which is undisputed, Debtor used her own personal funds to purchase the Property. More importantly, it is also undisputed that Debtor has continuously resided on the Property since November 2018 through and beyond the Petition Date. Finally, there was no persuasive evidence presented by those in

5

065

Case 8:21-bk-11710-SC    Doc 436    Filed 09/10/24    Entered 09/10/24 14:13:24    Desc
Case 8:21-bk-11710-SC    Main 433cument 08/27/24    Page 71 of 121    Entered 08/27/24 13:10:14    Desc
Main Document    Page 66 of 116
Case 8:21-bk-11710-SC    Doc 394    Filed 05/17/24    Entered 05/17/24 21:22:13    Desc
Imaged Certificate of Notice    Page 8 of 9

1  opposition to the Reconsideration Motion to refute Debtor's position that she intended to

2  reside on the Property as her principal residence during the same period.  Accordingly,

3  this Court finds that by her continuous possession and use of the Property as her

4  principal residence since November 2018, Debtor held a sufficient equitable interest in

5  the Property to claim an automatic homestead exemption under Cal. Civ. Proc. Code

6  § 704.720(a). *Gilman*, 887 F.3d at 964; *Tarlesson,* 184 Cal. App. 4th at 937.

7       B.  Was Title Transferred to Debtor Prior to the Petition Date?

8       No. The Reconsideration Motion was granted solely on the basis of Debtor's

9  *equitable* interest in the Property.  The Reconsideration Order did not in any way alter,

10  change or modify the Court's finding in the Homestead Order regarding Debtor's lack of

11  *legal* title as of the Petition Date.  None of the evidence presented by Debtor in the

12  Reconsideration Motion persuaded the Court to reverse its finding in that regard.

13  Specifically, Debtor presented no credible evidence that the certificate of title showing

14  Sandcastle as the registered owner of the Property was transferred to her prior to the

15  Petition Date.  On the contrary, Houser Bros. presented documentation establishing that

16  a certificate of title showing Debtor as the new registered owner of the Property was not

17  issued until August 3, 2021, nearly a month after the Petition Date.  See Homestead

18  Motion, Hays Decl., Exh. 22 at 195.  Based on the record presented, the Court finds that

19  title to the Property was not transferred to Debtor prior to the Petition Date.

20  //

21  //

22  //

23  //

24  //

25  //

26  //

27  //

28  //

6

III.    Conclusion

The Court finds that Debtor held a sufficient equitable interest in the Property to claim an automatic homestead exemption under Cal. Civ. Proc. Code § 704.720(a).

### 



Date: May 15, 2024

Erithe Smith
United States Bankruptcy Judge

7

067

# EXHIBIT  7

LEGAL DESCRIPTION:

PARCEL MAP BOOK 108 PG 47-48

MISC MAPS BOOK 456, PG. 49-50

COVENANTS RUNNING

WITH THE LAND

BOOK 13383 PG. 1868

Case 8:21-bk-11710-SC    Doc 436    Filed 09/10/24    Entered 09/10/24 14:13:24    Desc
Case 8:21-bk-11710-SC    Doc 423    Filed 08/27/24    Entered 08/27/24 13:10:14    Desc
Case 8:21-bk-11710-SC    Main Document    Page 269 of 326
Exhibit Part 2 of 2    Page 207 of 326



Case 8:21-bk-11710-SC    Doc 436    Filed 09/10/24    Entered 09/10/24 14:13:24    Desc
Case 8:21-bk-11710-SC    Main Document    Page 75 of 121    Entered 08/27/24 13:10:14    Desc
Case 8:21-bk-11710-SC    Main Document    Page 270 of 326    Entered 06/01/22 09:54:17    Desc
Exhibit Part 2 of 2    Page 209 of 326



Units 1, 2, 3 and 4 of Lot 2 of the following:

All that certain land situated in the State of California, County of Orange, City of Huntington Beach, described as follows:

Proposed Tract No. 10542, being a subdivision of the following:

A portion of the northeast one quarter (1/4) of the northwest one quarter (1/4) of Section 20, Township 5 south, Range 11 west, in the Rancho Las Bolsa Chica, as shown on a map recorded in book 51, page 13 of Miscellaneous Maps, records of said Orange County, being described as follows:

Parcel 1 of a map filed in book 108, page 48 of Parcel Maps.

## NOTICE OF COMPLIANCE WITH CONDITIONS ON TRACT

### AUTHORIZATION FOR RELEASE FOR RECORDING

TO:     City Clerk                    Date A___ 7, 1171

FROM:   PLANNING DEPARTMENT
        James W. Palin

TRACT NO. _____

RECREATION & PARKS FEES PAID ___ 512.00 ____

Other: _____

_____
(Signature)

SHEET 1 OF 2 SHEETS

# TRACT NO. 10542

**10542**

BEING A SUBDIVISION OF PARCEL 1 AS SHOWN ON A MAP RECORDED

IN THE CITY OF HUNTINGTON BEACH, COUNTY OF ORANGE, STATE OF CALIFORNIA.

MADOLE & ASSOCIATES, INC.
J.M. MADOLE R.C.E. 14914

NOVEMBER, 1976

**ENGINEER'S CERTIFICATE**

**CITY ENGINEER'S CERTIFICATE**

**CITY CLERK'S CERTIFICATE**

**PLANNING DIRECTOR CERTIFICATE**

**COUNTY TAX COLLECTOR'S CERTIFICATE**

**COUNTY SURVEYOR'S CERTIFICATE**

**COUNTY CLERK'S TAX CERTIFICATE**

Case 8:21-bk-11710-SC   Doc 436   Filed 09/10/24   Entered 09/10/24 14:13:24   Desc
Case 8:21-bk-11710-SC   Main Document   Filed 08/27/24   Page 77 of 121   Entered 08/27/24 13:10:14   Desc
Case 8:21-bk-11710-SC   Main Document   Page 272 of 326   Entered 06/01/22 09:54:17   Desc
Exhibit Part 2 of 2   Page 215 of 326



Case 8:21-bk-11710-SC   Doc 436   Filed 09/10/24   Entered 09/10/24 14:13:24   Desc
Case 8:21-bk-11710-SC   Main Document   Page 78 of 121   Entered 08/27/24 13:10:14   Desc
Case 8:21-bk-11710-SC   Main Document   Page 273 of 326   Entered 06/01/22 09:54:17   Desc
Exhibit Part 2 of 2   Page 223 of 326

Alta Plain
Language Commitment

**OR-9820299**
TITLE OFFICER - SWIERCZEWSKI

ALL THAT CERTAIN LAND SITUATED IN THE STATE OF CALIFORNIA, **COUNTY OF ORANGE, CITY OF HUNTINGTON BEACH,** DESCRIBED AS FOLLOWS:

PARCEL 1:

UNITS 1 THROUGH 80 INCLUSIVE, AS SHOWN AND DEFINED ON A CONDOMINIUM PLAN (THE "CONDOMINIUM PLAN") RECORDED IN BOOK 13358, PAGES 1193 AND FOLLOWING OF OFFICIAL RECORDS OF ORANGE COUNTY, CALIFORNIA, EXCEPTING THAT PORTION CONSISTING OF BUILDINGS AND OTHER IMPROVEMENTS.

PARCEL 2:

AN UNDIVIDED EIGHTY/EIGHTIETHS (80/80) INTEREST IN THE COMMON AREA OF LOTS 1 AND 2 OF TRACT NO. 10542, AS SHOWN ON A MAP RECORDED IN BOOK 456, PAGES 49 AND 50 OF MISCELLANEOUS MAPS, RECORDS OF ORANGE COUNTY, CALIFORNIA, AS SHOWN AND DEFINED ON THE CONDOMINIUM PLAN, EXCEPTING THAT PORTION CONSISTING OF BUILDINGS AND OTHER IMPROVEMENTS.

PARCEL 3:

THOSE PORTIONS OF UNITS 1 THROUGH 80 INCLUSIVE, AS SHOWN AND DEFINED ON THE CONDOMINIUM PLAN, CONSISTING OF BUILDINGS AND OTHER IMPROVEMENTS.

PARCEL 4:

AN UNDIVIDED EIGHTY/EIGHTIETHS (80/80) INTEREST IN AND TO THOSE PORTIONS OF THE COMMON AREA AS SHOWN AND DEFINED ON THE CONDOMINIUM PLAN, CONSISTING OF BUILDINGS AND OTHER IMPROVEMENTS.

PARCEL 5:

AN EASEMENT FOR THE EXCLUSIVE USE AND OCCUPANCY OF THOSE PORTIONS OF THE RESTRICTED COMMON AREA, AS DEFINED ON SAID CONDOMINIUM PLAN FOR ENTRY AND STAIRCASES AND ATTIC SPACE RELATING TO SAID UNITS.

PARCEL 6:

A NON-EXCLUSIVE EASEMENT AND RIGHT TO USE THE COMMON AREA AS DEFINED ON SAID CONDOMINIUM PLAN, EXCEPT THE RESTRICTED COMMON AREA.

PAGE 4

073

Alta Plain
Language Commitment

**OR-9820299**
TITLE OFFICER - SWIERCZEWSKI

THE ESTATE OR INTEREST IN THE LAND DESCRIBED IN THIS COMMITMENT IS:

GROUND LEASEHOLD AND SUBLEASEHOLD ESTATES AS TO PARCELS 1 AND 2, SAID
ESTATES BEING MORE PARTICULARLY DESCRIBED AS THE LESSEES' INTERESTS UNDER
THOSE CERTAIN GROUND LEASES SET FORTH IN SUBPARAGRAPH (A) HEREIN BELOW, AND
SUBLESSORS' INTERESTS UNDER THOSE CERTAIN SUBLEASES SET FORTH IN SUB-
PARAGRAPH (B) BELOW;

A REMAINDER INTEREST IN A DETERMINABLE FEE ESTATE AS TO PARCELS 3 AND 4;

AN EASEMENT AS TO PARCELS 5 AND 6;

(A)   THOSE CERTAIN GROUND LEASES, DATED AUGUST 1, 1980, EXECUTED BY HOUSER
      BROS. CO., A LIMITED PARTNERSHIP ORGANIZED UNDER THE LAWS OF THE STATE
      OF CALIFORNIA, IN WHICH CLIFFORD C. HOUSER AND VERNON F. HOUSER
      CONSTITUTE THE SOLE GENERAL PARTNERS, AS LANDLORD, AND BY ROBERT
      P. WARMINGTON, AS TENANT, FOR THE TERM ENDING DECEMBER 31, 2059,
      UPON THE TERMS, COVENANTS AND CONDITIONS THEREIN
      CONTAINED, RECORDED AS FOLLOWS IN OFFICIAL RECORDS OF SAID ORANGE
      COUNTY:

| UNIT | BOOK | PAGE | INSTRUMENT |
|------|------|------|------------|
| 1 | 13754 | 263 | |
| 2 | 14091 | 1031 | |
| 3 | 14045 | 118 | |
| 4 | 13733 | 198 | |
| 5 | 13760 | 942 | |
| 6 | 13982 | 417 | |
| 7 | 13754 | 297 | |
| 8 | 13726 | 1238 | |
| 9 | 13822 | 1546 | |
| 10 | 13773 | 10 | |
| 11 | | | 82-128057 |
| 12 | 13807 | 1569 | |
| 13 | 13780 | 354 | |
| 14 | 13797 | 1088 | |
| 15 | 13780 | 462 | |
| 16 | 13726 | 1310 | |
| 17 | 13763 | 259 | |
| 18 | 13915 | 190 | |
| 19 | 13997 | 346 | |
| 20 | 13807 | 1669 | |
| 21 | 13733 | 278 | |
| 22 | 13775 | 235 | |
| 23 | 13803 | 587 | |
| 24 | 14038 | 692 | |
| 25 | 13793 | 955 | |
| 26 | 13814 | 607 | |

PAGE 6

Alta Plain
Language Commitment

**OR-9820299**
TITLE OFFICER - SWIERCZEWSKI

| | | |
|---|---|---|
| 27 | 13789 | 1600 |
| 28 | 13787 | 1834 |
| 29 | 13778 | 173 |
| 30 | 13896 | 1090 |
| 31 | 14091 | 1139 |
| 32 | 13726 | 1346 |
| 33 | 14005 | 1903 |
| 34 | 14048 | 1460 |
| 35 | 13861 | 723 |
| 36 | 13814 | 666 |
| 37 | 13768 | 1032 |
| 38 | 13793 | 1179 |
| 39 | 13818 | 1665 |
| 40 | 13783 | 1875 |
| 41 | 13824 | 1312 |
| 42 | 13867 | 798 |
| 43 | 13726 | 1102 |
| 44 | 14072 | 1910 |
| 45 | 13789 | 1547 |
| 46 | 14066 | 756 |
| 47 | 14038 | 637 |
| 48 | 13933 | 1529 |
| 49 | 13825 | 1973 |
| 50 | 13783 | 1732 |
| 51 | 13916 | 1672 |
| 52 | 14094 | 1929 |
| 53 | 13824 | 1259 |
| 54 | 13780 | 407 |
| 55 | 13780 | 514 |
| 56 | 14094 | 1874 |
| 57 | 13726 | 1208 |
| 58 | 14091 | 1084 |
| 59 | 13787 | 1781 |
| 60 | 13795 | 966 |
| 61 | 13803 | 335 |
| 62 | 13831 | 117 |
| 63 | 14250 | 1197 |
| 64 | 14191 | 1652 |
| 65 | 13726 | 1136 |
| 66 | 13765 | 1665 |
| 67 | 13803 | 640 |
| 68 | 14031 | 1108 |
| 69 | 13797 | 1038 |
| 70 | 14091 | 977 |
| 71 | 14034 | 1806 |
| 72 | 14130 | 1508 |
| 73 | 13785 | 1959 |
| 74 | 13977 | 569 |
| 75 | 14091 | 923 |
| 76 | 14064 | 1068 |
| 77 | 13726 | 1274 |

PAGE 7

Case 8:21-bk-11710-SC    Doc 436    Filed 09/10/24    Entered 09/10/24 14:13:24    Desc
Case 8:21-bk-11710-SC    Main Document    Page 81    Entered 08/27/24 13:10:14    Desc
Case 8:21-bk-11710-SC    Main Document    Page 276 of 326    Entered 06/01/22 09:54:17    Desc
Exhibit Part 2 of 2    Page 226 of 326

Alta Plain
Language Commitment

**OR-9820299**
TITLE OFFICER - SWIERCZEWSKI

| | | |
|---|---|---|
| 78 | 13726 | 1172 |
| 79 | 14091 | 869 |
| 80 | 13780 | 599 |

(B)  THOSE CERTAIN SUBLEASES DATED AUGUST 1, 1980, EXECUTED BY ROBERT P. WARMINGTON, AS SUBLESSOR, AND BY VARIOUS PARTIES, AS SUBLESSEES, FOR THE TERM ENDING DECEMBER 31, 2059, UPON THE TERMS, COVENANTS AND CONDITIONS THEREIN CONTAINED, RECORDED AS FOLLOWS IN OFFICIAL RECORDS OF SAID ORANGE COUNTY:

| UNIT | BOOK | PAGE | INSTRUMENT ORIGINAL |
|---|---|---|---|
| SUBLESSEE | | | |
| 1 | 13754 | 243 | |
| 2 | 14091 | 1066 | |
| 3 | 14045 | 133 | |
| 4 | 13733 | 216 | AND |
| | 13754 | 52 | |
| 5 | 13760 | 917 | |
| 6 | 13982 | 432 | |
| 7 | 13754 | 312 | |
| 8 | 13726 | 1256 | AND |
| | 13754 | 69 | |
| 9 | 13822 | 1561 | |
| 10 | 13773 | 25 | |
| 11 | | | 82-128058 |
| 12 | 13807 | 1584 | |
| 13 | 13780 | 369 | |
| 14 | 13797 | 1103 | |
| 15 | 13780 | 477 | |
| 16 | 13726 | 1328 | AND |
| | 13754 | 86 | |
| 17 | 13763 | 234 | |
| 18 | 13915 | 205 | |
| 19 | 13997 | 361 | |
| 20 | 13807 | 1684 | |
| 21 | 13733 | 296 | |
| 22 | 13775 | 250 | |
| 23 | 13803 | 602 | |
| 24 | 14038 | 707 | |
| 25 | 13793 | 970 | |
| 26 | 13814 | 622 | |
| 27 | 13789 | 1615 | |
| 28 | 13787 | 1849 | |
| 29 | 13778 | 188 | |
| 30 | 13896 | 1125 | |
| 31 | 14091 | 1154 | |
| 32 | 13726 | 1364 | AND |
| | 13754 | 120 | |
| 33 | 14005 | 1919 | |

PAGE 8

Case 8:21-bk-11710-SC    Doc 436    Filed 09/10/24    Entered 09/10/24 14:13:24    Desc
Case 8:21-bk-11710-SC    Main Document    Page 82    Entered 08/27/24 13:10:14    Desc
Case 8:21-bk-11710-SC    Main Document    Page 277 of 326    Entered 06/01/22 09:54:17    Desc
Exhibit Part 2 of 2    Page 227 of 326

Alta Plain
Language Commitment

**OR-9820299**
TITLE OFFICER - SWIERCZEWSKI

| | | |
|---|---|---|
| 34 | 14048 | 1475 |
| 35 | 13861 | 738 |
| 36 | 13814 | 681 |
| 37 | 13768 | 1047 |
| 38 | 13793 | 1194 |
| 39 | 13818 | 1680 |
| 40 | 13783 | 1800 |
| 41 | 13824 | 1327 |
| 42 | 13867 | 813 |
| 43 | 13726 | 1120 |
| 44 | 14072 | 1925 |
| 45 | 13789 | 1562 |
| 46 | 14066 | 771 |
| 47 | 14038 | 652 |
| 48 | 13933 | 1544 |
| 49 | 13826 | 1 |
| 50 | 13783 | 1747 |
| 51 | 13916 | 1687 |
| 52 | 14094 | 1944 |
| 53 | 13824 | 1274 |
| 54 | 13780 | 422 |
| 55 | 13780 | 529 |
| 56 | 14094 | 1889 |
| 57 | 13726 | 1226 |
| 58 | 14091 | 1099 |
| 59 | 13787 | 1796 |
| 60 | 13795 | 981 |
| 61 | 13803 | 350 |
| 62 | 13831 | 132 |
| 63 | 14250 | 1212 |
| 64 | 14191 | 1667 |
| 65 | 13726 | 1154 |
| 66 | 13765 | 1660 |
| 67 | 13803 | 655 |
| 68 | 14031 | 1123 |
| 69 | 13797 | 1053 |
| 70 | 14091 | 992 |
| 71 | 14034 | 1821 |
| 72 | 14180 | 1523 |
| 73 | 13785 | 1974 |
| 74 | 13977 | 584 |
| 75 | 14091 | 938 |
| 76 | 14064 | 1083 |
| 77 | 13726 | 1292 |
| 78 | 13726 | 1190 |
| 79 | 14091 | 884 |
| 80 | 13780 | 614 |

PAGE 9

Case 8:21-bk-11710-SC    Doc 436    Filed 09/10/24    Entered 09/10/24 14:13:24    Desc
Case 8:21-bk-11710-SC    Main Document    Page 83 of 121    Entered 08/27/24 13:10:14    Desc
Case 8:21-bk-11710-SC    Main Document    Page 278 of 326    Entered 06/01/22 09:54:17    Desc
Exhibit Part 2 of 2    Page 228 of 326

Alta Plain
Language Commitment

**OR-9820299**
TITLE OFFICER - SWIERCZEWSKI

NOTE: THE LESSEE'S INTEREST UNDER SAID LEASES AND THE SUB-LESSOR'S INTEREST
UNDER SAID SUBLEASE HAS BEEN ASSIGNED TO G/HB INVESTORS, A CALIFORNIA LIMITED
PARTNERSHIP BY ASSIGNMENT WHICH RECORDED SEPTEMBER 30, 1986 AS INSTRUMENT
NO. 86-456266 OF OFFICIAL RECORDS, REFERENCE BEING HEREBY MADE TO THE RECORD
THEREOF FOR FULL PARTICULARS.

PAGE 10

Branch :AT4,User :2004                                                    Station Id :M3Y7

RECORDING REQUESTED BY
AND WHEN RECORDED MAIL TO:

ROBERT P. WARMINGTON
16592 Hale Avenue
Irvine, California 92714

$5.00

BK 13383 PG 1868

RECORDED AT REQUEST OF
FIRST AMER. TITLE INS. CO.
IN OFFICIAL RECORDS OF
ORANGE COUNTY, CALIFORNIA
8:01 A.M. NOV 6 1979
LEE A. BRANCH, County Recorder

---

(Space above line for Recorder's use only)

## COVENANT RUNNING WITH THE LAND

THIS INSTRUMENT is made this *19th* day of *October*, 1979, by HOUSER BROS. CO., a California limited partnership ("Houser") whose sole general partners are Clifford C. Houser and Vernon F. Houser.

### RECITALS

A.  Houser is the owner of certain real property in the City of Huntington Beach, County of Orange, State of California, described as Parcels 1 and 2 as shown on a Parcel Map recorded in Book 108, Pages 47 and 48, inclusive, of Parcel Maps in the Office of the County Recorder of said County (hereinafter "Parcel 1" and "Parcel 2" respectively).

B.  Concurrently herewith, Houser is leasing Parcel 1 to ROBERT P. WARMINGTON, a married man ("Warmington") by a Ground Lease of even date herewith (the "Ground Lease"), a memorandum of which is being recorded concurrently or substantially concurrently with this instrument.

C.  Pursuant to the Ground Lease, Warmington may use Parcel 1 to develop thereon single-family residences or condominiums.  The Ground Lease further provides that access to Parcel 1 from Edinger Avenue (the abutting public street) is to be had over a portion of Monterey Lane, a private street located on right-of-way easements on either side of the southerly boundary of Parcel 1 with Parcel 2.  The maintenance of the portion of Monterey Lane as to which Warmington (and the residents of homes or condominiums to be built by Warmington on Parcel 1) has easement rights is the responsibility of Houser as Landlord under the Ground Lease as provided therein.

D.  It is the intention of Houser and Warmington that Houser's obligations under the Ground Lease also run with and bind a portion of Parcel 2 and the successive owners thereof as described in this instrument.

NOW, THEREFORE, in consideration of the foregoing and other good and valuable consideration, the receipt of which is hereby acknowledged, including without limitation, Warmington's execution of the Ground Lease, Houser hereby covenants, declares and agrees that Houser's obligations as

-1-

BK 13383 PG 1869

Landlord concerning Monterey Lane as set forth in Section
7.9 of the unrecorded Option Agreement between Landlord and
Tenant, as optionor and optionee respectively, which pre-
ceded the execution of the Ground Lease, hereby incorporated
herein by reference, are also covenants running with the
portion of Parcel 2 described by extending the southerly
boundary of Parcel 1 parallel to Edinger Avenue to the
westerly boundary of Parcel 2, and every portion of the area
so described (the "Covenant Area"), and shall bind the
Covenant Area, Houser and Houser's heirs, assigns, repre-
sentatives and successors in interest for the benefit of
Warmington and the leasehold estate in Parcel 1 under the
Ground Lease and any portions into which it may be divided,
by Residential Leases (as defined in the Ground Lease) or
otherwise. In the event of a breach of the foregoing
covenants, or any of them, Warmington may seek any remedy
available at law or in equity, including without limitation
an action seeking damages, to seek specific enforcement
thereof, or to enjoin the breach or continued breach there-
of. It is specifically understood that any of the foregoing
remedies may be employed at the option of Warmington, and
the failure to do so upon any one or more of any such breach
shall not be a waiver of the right to employ any of such
remedies upon the continuance of such breach or any sub-
sequent breach. As used in the foregoing, "Warmington"
shall include any of Warmington's heirs, successors or
representatives as well as any assignee or sublessee of
Warmington's leasehold estate under the Ground Lease in
Parcel 1 or any portion into which it may be divided and any
leasee under a Residential Lease, Consumer Sublease or
Affiliate Sublease (as defined in the Ground Lease); pro-
vided, however, lessees under such Residential Leases and
sublessees under such Consumer Subleases shall not have the
right to enforce such covenant except on the majority vote
of the association of such lessees or sublessees formed by
Warmington to manage Parcel 1. If Warmington or such
lessees under such Residential Leases acquire the fee
interest in all or a portion of Parcel 1, the benefit of the
covenant described above shall run in favor of such fee
interests and their successors therein, but subject to the
same restriction concerning enforceability by residents of
Parcel 1 set forth above. Nothing herein shall relieve
Warmington or lessees under such Residential Leases or
sublessees under such Consumer Subleases from their obliga-
tions to pay for a share in the maintenance of the portion
of Monterey Lane used to gain access to Parcel 1.

IN WITNESS WHEREOF, Houser has executed this instru-
ment on the day and year first above written.

HOUSER BROS. CO., a California
limited partnership by its
general partners

By _Clifford C. Houser_
Clifford C. Houser

By _Vernon F. Houser_
Vernon F. Houser

Branch :AT4,User :2004                                                                Station Id :M3Y7

BK 13383 PG 1870

STATE OF CALIFORNIA    )
                       )  ss.
COUNTY OF ORANGE       )

    On this 19th day of October, 1979,
before me, a Notary Public, personally appeared Clifford C.
Houser and Vernon F. Houser, known to me to be the general
partners of the partnership that executed the within instru-
ment, and acknowledged to me that such partnership executed
the same.

    WITNESS my hand and official seal.

OFFICIAL SEAL
CHRISTINE A. BELMONTE
Notary Public-California
ORANGE COUNTY
My Commission Expires March 14, 1981

Christine A. Belmonte
Notary Public in and for said
County and State

- 3 -

# EXHIBIT 8

<u>**SECURITY AGREEMENT**</u>

EXECUTED BY AND BETWEEN:

JAMIE LYNN GALLIAN ("LENDER")

J-SANDCASTLE CO LLC ("BORR0WER")

Case 8:21-bk-11710-SC    Doc 436    Filed 09/10/24    Entered 09/10/24 14:13:24    Desc
Case 8:21-bk-11710-SC    Main 433cument 08/27/24    Page 88 tef 121    Entered 08/27/24 13:10:14    Desc
Case 8:21-bk-11710-SC    Doc 105-1    Filed 06/01/22    Entered 06/01/22 09:54:17    Desc
Main Document    Page 83 of 116
Exhibit Part 2 of 2    Page 68 of 326

## Security Agreement

This security agreement is between J-SANDCASTLE CO. LLC, a(n) California limited liability company (the "**Borrower**") and

JAMIE LYNN GALLIAN, an individual (the "**Lender**").

The Borrower is indebted to the Lender in the amount of $225000 (the "**Loan**"). The Loan is evidenced by a promissory note

effective on the same date as this agreement (the "**Note**"), a copy of which is attached as **Exhibit A**. The Note and this agreement

are collectively referred to as the "**Loan Documents.**"

To induce the Lender to provide Loan to the Borrower as evidenced by the Note, the Borrower has agreed to enter into this security

agreement for the benefit of the Lender and to grant the Lender a security interest in the Secured Property (as defined below) to

secure the prompt payment, performance, and discharge in full of the Borrower's obligations under the Note.

The parties therefore agree as follows:

**1. GRANT OF SECURITY INTEREST.**

The Borrower grants to the Lender a security interest in the Secured Property (as defined in section 2 below) to secure payment of

the Loan.

**2. SECURED PROPERTY.**

The secured property consists of all of the Borrower's interest as of the effective date of this agreement in the following properties

and rights, wherever located, whether now owned or existing or later acquired and arising (the "**Secured Property**"): SERIAL

NUMBER AC7V710394GB, AC7V710394GA; DECAL NUMBER LBM1081; ASSESSOR'S PARCEL NUMBER 891-569-62

**3. INDEBTEDNESS.**

This agreement is made to secure payment when due of the Loan. The Loan includes:

   (a) all obligations of the Borrower to the Lender under the Note;

(b) all amendments, renewals, or extensions of the above;

(c) all costs incurred by the Lender in establishing, determining, continuing, or defending the validity or priority of its security interest, or in pursuing its rights under this agreement or any other Loan Document or in connection with any proceeding involving the Lender as a result of any financial accommodation to the Borrower; and

(d) all other costs of collecting the Loan, including attorneys' fees.

The Borrower shall reimburse the Lender for these expenses immediately on demand, and until paid all costs shall bear interest at the highest per year rate applicable to the Loan and permitted by law.

## 4. REAFFIRMATION OF LOAN.

The Borrower hereby reaffirms its obligation for the full and punctual payment and performance of the Note and all other obligations of the Borrower under the Note.

## 5. BORROWER'S OBLIGATIONS.

(a) The Borrower shall pay the Loan at the time and in the manner provided in the Note;

(b) The Borrower shall ensure that the Secured Property remains free of all security interests other than the rights of the Lender created by this agreement;

(c) The Borrower will defend the Lender's interest in the Secured Property against the claims of all other persons; and

(d) The Borrower may not transfer any Secured Property while this agreement is in effect without the prior written consent of the Lender, which consent may be withheld or given in the Lender's sole discretion.

## 6. RECORDING OF AGREEMENT.

On the effective date of this agreement, the Borrower will record this agreement and any security instrument creating a security interest on the Secured Property as required by law to protect the security interest of the Lender on the Secured Property. The Borrower shall pay all filing fees and associated expenses incident to this recordation.

**7. EVENTS OF DEFAULT.**

The Borrower will be in default under this agreement if any of the following occurs:

(a) A default in the payment of the Loan or any of the obligations contained in this agreement or in the Loan Documents;

(b) Any representation made to the Lender by the Borrower proving to have been false in any material respect when made;

(c) Loss, theft, substantial damage, or destruction, or any sale or encumbrance to which the Lender did not consent in writing, of

the Secured Property, or the making of a levy, seizure, or attachment on that property; or

(d) An Event of Default, as defined in the Note.

**8. REMEDIES FOR EVENTS OF DEFAULT.**

If an Event of Default occurs, the Lender may declare the Loan immediately due. In addition, the Lender will have all of the

remedies set forth below, and these remedies are cumulative, so that the Lender may exercise one or more of these remedies until

the Loan is paid in full without right of reinstatement, disgorgement, or repayment by reason of a preference, other creditor action,

or by operation of law:

(a) cause all or any portion of the Secured Property to be registered in its name or the name of its nominee, designee, or assignee;

(b) have the exclusive right to receive all distributions with respect to the Secured Property;

(c) dispose of the Secured Property, at private or public sale, without advertisement of the time or place of the sale (or any

adjournment), free of any right of redemption by the Borrower (this right of redemption being expressly waived by the Borrower), at

the price, in the manner, and to the purchaser (including the Lender) that the Lender determines in its sole discretion. The proceeds

of this sale will be applied to the Loan and the sale expenses (and the Borrower will remain liable for any deficiencies); or

(d) all other rights and remedies arising under this agreement or applicable law.

**9. RESPONSIBILITY FOR SECURED PROPERTY.**

The Borrower assumes all responsibility for the Secured Property, and the Loan will not be affected by the loss, destruction,

Case 8:21-bk-11710-SC    Doc 436    Filed 09/10/24    Entered 09/10/24 14:13:24    Desc
Case 8:21-bk-11710-SC    Main Document    Filed 08/27/24    Page 91 of 121    Entered 08/27/24 13:10:14    Desc
Main Document    Page 86 of 116
Case 8:21-bk-11710-SC    Doc 105-1    Filed 06/01/22    Entered 06/01/22 09:54:17    Desc
Exhibit Part 2 of 2    Page 71 of 326

damage, or theft of any of the Secured Property or its unavailability for any reason. The Lender

(a) has no duty (either before or after an Event of Default) to collect any amounts related to the Secured Property or to preserve

any rights relating to the Secured Property, and

(b) has no obligation to clean up or otherwise prepare the Secured Property for sale.

The Borrower remains obligated under each agreement included in the Secured Property. The exercise of the Lender of any rights

under this agreement does not release the Borrower from its obligations under the agreements included in the Secured Property.

The Lender has no liability under the agreements included in the Secured Property.

**10. TERMINATION.**

This agreement and all rights of the Lender under this agreement will terminate when the Lender is satisfied that the Loan and all

other obligations of the Borrower under the Loan Documents are paid and performed in full without reinstatement, disgorgement, or

repayment by reason of a preference, other credit or action, or operation of law.

**11. INCONSISTENCIES.**

If any provision of this agreement is inconsistent with any provision in the Note, the provisions of this agreement will control.

**12. GOVERNING LAW.**

(a) **Choice of Law.** The laws of the state of California govern this agreement (without giving effect to its conflicts of law principles).

(b) **Choice of Forum.** Both parties consent to the personal jurisdiction of the state and federal courts in ORANGE, California.

**13. AMENDMENTS.**

No amendment to this agreement will be effective unless it is in writing and signed by both parties.

**14. ASSIGNMENT AND DELEGATION.**

(a) **No Assignment.** The Borrower may not assign any of its rights under this note. All voluntary assignments of rights are limited

by this subsection.

(b) **No Delegation.** The Borrower may not delegate any performance under this note.

(c) **Enforceability of an Assignment or Delegation.** If a purported assignment or purported delegation is made, or if both are made, in violation of this section, it is void and they are void.

## 15. COUNTERPARTS; ELECTRONIC SIGNATURES.

(a) **Counterparts.** The parties may execute this agreement in any number of counterparts, each of which is an original but all of which constitute one and the same instrument.

(b) **Electronic Signatures.** This agreement, agreements ancillary to this agreement, and related documents entered into in connection with this agreement are signed when a party's signature is delivered by facsimile, email, or other electronic medium. These signatures must be treated in all respects as having the same force and effect as original signatures.

## 16. SEVERABILITY.

If any one or more of the provisions contained in this agreement is, for any reason, held to be invalid, illegal, or unenforceable in any respect, that invalidity, illegality, or unenforceability will not affect any other provisions of this agreement, but this agreement will be construed as if those invalid, illegal, or unenforceable provisions had never been contained in this agreement, unless the deletion of those provisions would result in such a material change as to cause completion of the transactions contemplated by this agreement to be unreasonable.

## 17. NOTICES.

(a) **Writing; Permitted Delivery Methods.** Each party giving or making any notice, request, demand, or other communication required or permitted by this agreement shall give that notice in writing and use one of the following types of delivery, each of which is a writing for purposes of this agreement: personal delivery, mail (registered or certified mail, postage prepaid, return-receipt requested), nationally recognized overnight courier (fees prepaid), facsimile, or email.

(b) **Addresses.** A party shall address notices under this section to a party at the following addresses:

Case 8:21-bk-11710-SC   Doc 436   Filed 09/10/24   Entered 09/10/24 14:13:24   Desc
Case 8:21-bk-11710-SC   Main Document   Filed 08/27/24   Page 93 of 121   08/27/24 13:10:14   Desc
Main Document   Page 88 of 116
Case 8:21-bk-11710-SC   Doc 105-1   Filed 06/01/22   Entered 06/01/22 09:54:17   Desc
Exhibit Part 2 of 2   Page 73 of 326

If to the Borrower:

J-SANDCASTLE CO. LLC

5782 Pinon Drive

Huntington Beach, California 92649

jamiegallian@gmail.com

If to the Lender:

JAMIE LYNN GALLIAN

16222 Monterey Ln Sp. 376

Huntington Beach, California 92649

jamiegallian@gmail.com

(c) **Effectiveness.** A notice is effective only if the party giving notice complies with subsections (a) and (b) and if the recipient

receives the notice.

## 18. WAIVER.

No waiver of a breach, failure of any condition, or any right or remedy contained in or granted by the provisions of this agreement

will be effective unless it is in writing and signed by the party waiving the breach, failure, right, or remedy. No waiver of any breach,

failure, right, or remedy will be deemed a waiver of any other breach, failure, right, or remedy, whether or not similar, and no waiver

will constitute a continuing waiver, unless the writing so specifies.

## 19. ENTIRE AGREEMENT.

This agreement, together with the other Loan Documents, constitutes the final agreement of the parties. It is the complete and

exclusive expression of the parties' agreement with respect to the subject matter of this agreement. All prior and contemporaneous

Case 8:21-bk-11710-SC    Doc 436    Filed 09/10/24    Entered 09/10/24 14:13:24    Desc
Case 8:21-bk-11710-SC    Main Document    Filed 08/27/24 Page 94 of 121    Entered 08/27/24 13:10:14    Desc
Main Document    Page 89 of 116
Case 8:21-bk-11710-SC    Doc 105-1    Filed 06/01/22    Entered 06/01/22 09:54:17    Desc
Exhibit Part 2 of 2    Page 74 of 326

communications, negotiations, and agreements between the parties relating to the subject matter of this agreement are expressly

merged into and superseded by this agreement. The provisions of this agreement may not be explained, supplemented, or qualified

by evidence of trade usage or a prior course of dealings. Neither party was induced to enter this agreement by, and neither party is

relying on, any statement, representation, warranty, or agreement of the other party except those set forth expressly in this

agreement. Except as set forth expressly in this agreement, there are no conditions precedent to this agreement's effectiveness.

**20. HEADINGS.**

The descriptive headings of the sections and subsections of this agreement are for convenience only, and do not affect this

agreement's construction or interpretation.

**21. EFFECTIVENESS.**

This agreement will become effective when all parties have signed it. The date this agreement is signed by the last party to sign it

(as indicated by the date associated with that party's signature) will be deemed the date of this agreement.

**22. NECESSARY ACTS; FURTHER ASSURANCES.**

Each party shall use all reasonable efforts to take, or cause to be taken, all actions necessary or desirable to consummate and

make effective the transactions this agreement contemplates or to evidence or carry out the intent and purposes of this agreement.

[SIGNATURE PAGE FOLLOWS]

Each party is signing this agreement on the date stated opposite that party's signature.

J-SANDCASTLE CO. LLC

Date:_____          By:_____

                                        Name: JAMIE L GALLIAN
                                        Title: MEMBER

74

Case 8:21-bk-11710-SC    Doc 436    Filed 09/10/24    Entered 09/10/24 14:13:24    Desc
Case 8:21-bk-11710-SC    Main Document    Filed 08/27/24    Page 95 of 121    Entered 08/27/24 13:10:14    Desc
Main Document      Page 90 of 116
Case 8:21-bk-11710-SC    Doc 105-1    Filed 06/01/22    Entered 06/01/22 09:54:17    Desc
Exhibit Part 2 of 2    Page 75 of 326

## ATTACHEMENT

I, JAMIE L. GALLIAN, MEMBER of J-Sandcastle Co, LLC certify under

penalty of perjury that the contents of this Document are true.

I declare I am the person who executed this instrument in my capacity

as the sole Member of J-Sandcastle Co, LLC which execution is my act

and deed.

Signed this 16th day of November, 2018, at Huntington Beach, CA 92649

Jamie L. Gallian

MEMBER, J-Sandcastle Co LLC

75

Case 8:21-bk-11710-SC    Doc 436    Filed 09/10/24    Entered 09/10/24 14:13:24    Desc
Case 8:21-bk-11710-SC    Main Document    Filed 08/27/24    Page 96 of 121    Entered 08/27/24 13:10:14    Desc
Main Document    Page 91 of 116
Case 8:21-bk-11710-SC    Doc 105-1    Filed 06/01/22    Entered 06/01/22 09:54:17    Desc
Exhibit Part 2 of 2    Page 76 of 326

Date:_____    By:_____

Name: JAMIE LYNN GALLIAN

## ATTACHEMENT

I, JAMIE L. GALLIAN, certify under penalty of perjury,

that the contents of this Document are true.

I declare I am the person who executed this instrument, which execution

is my act and deed.

Signed this 16th day of November, 2018, at Huntington Beach, CA 92649

Jamie L. Gallian

# EXHIBIT  8A

## "EXHIBIT A"

### EXECUTED BY AND BETWEEN:

### JAMIE LYNN GALLIAN ("LENDER/HOLDER")

### J-SANDCASTLE CO LLC ("BORR0WER")

EXHIBIT A

Attach copy of promissory note

Case 8:21-bk-11710-SC   Doc 436   Filed 09/10/24   Entered 09/10/24 14:13:24   Desc
Case 8:21-bk-11710-SC   Main Document   Filed 08/27/24   Page 95 of 116   08/27/24 13:10:14   Desc
Main Document      Page 95 of 116
Case 8:21-bk-11710-SC   Doc 105-1   Filed 06/01/22   Entered 06/01/22 09:54:17   Desc
Exhibit Part 2 of 2   Page 79 of 326

## Secured Promissory Note (Fully Amortized)

$225000                                                              11/16/2018

                                                        Huntington Beach, California

On or before 12/31/2048, for value received, the undersigned J-SANDCASTLE CO. LLC (the **"Borrower"**) promises to pay to the

order of JAMIE LYNN GALLIAN (the **"Holder"**), in the manner and at the place provided below, the principal sum of $225000.

### 1. PAYMENT.

All payments of principal and interest under this note will be made in lawful money of the United States, without offset, deduction, or

counterclaim, by wire transfer of immediately available funds to an account designated by the Holder in writing at least 10 days

after the effective date of this note or, if this designation is not made, by check mailed to the Holder at 16222 Monterey Ln Sp. 376,

Huntington Beach, California, 92649, or at such other place as the Holder may designate in writing.

### 2. MONTHLY INSTALLMENT PAYMENTS.

Principal and interest will be payable in 360 consecutive monthly installments of $1278.00, beginning on or before 12/15/2018 and

continuing on the 15th day of each month, until the principal and interest have been paid in full. Each payment will be credited first

to interest and then to principal, and interest will cease to accrue on any principal paid. Acceptance by the Holder of any payment

differing from the designated installment payment listed above does not relieve the Borrower of the obligation to honor the

requirements of this note.

### 3. INTEREST.

Interest on the unpaid principal balance of this note is payable from the date of this note until this note is paid in full, at the rate of

5.5% per year, or the maximum amount allowed by applicable law, whichever is less. Accrued interest will be computed on the

basis of a 365-day or 366-day year, as the case may be, based on the actual number of days elapsed in the period in which it

accrues.

Case 8:21-bk-11710-SC    Doc 436    Filed 09/10/24    Entered 09/10/24 14:13:24    Desc
Case 8:21-bk-11710-SC    Main Document    Filed 08/27/24    Page 96 of 116    Entered 08/27/24 13:10:14    Desc
Case 8:21-bk-11710-SC    Doc 105-1    Filed 06/01/22    Entered 06/01/22 09:54:17    Desc
Exhibit Part 2 of 2    Page 80 of 326

**4. PREPAYMENT.**

The Borrower may prepay this note, in whole or in part, at any time before maturity without penalty or premium. Any partial

prepayment will be credited first to accrued interest, then to principal. No prepayment extends or postpones the maturity date of this

note.

**5. SECURITY FOR PAYMENT.**

This note is secured by certain assets of the Borrower in accordance with a separate security agreement dated 11/16/2018

between the Holder and the Borrower (the **"Security Agreement"**). If an Event of Default (defined below) occurs, the Holder will

have the rights set forth below and in the Security Agreement.

**6. EVENTS OF DEFAULT.**

Each of the following constitutes an **"Event of Default"** under this note:

    **(a)** the Borrower's failure to make any payment when due under the terms of this note, including the final payment due under this

    note when fully amortized;

    **(b)** the filing of any voluntary or involuntary petition in bankruptcy by or regarding the Borrower or the initiation of any proceeding

    under bankruptcy or insolvency laws against the Borrower;

    **(c)** an assignment made by the Borrower for the benefit of creditors; or

    **(d)** the appointment of a receiver, custodian, trustee, or similar party to take possession of the Borrower's assets or property.

**7. ACCELERATION; REMEDIES ON DEFAULT.**

If any Event of Default occurs, all principal and other amounts owed under this note will become immediately due without any

action by the Holder, the Borrower, or any other person. The Holder, in addition to any rights and remedies available to the Holder

under this note, may, in its sole discretion, pursue any legal or equitable remedies available to it under applicable law or in equity,

including taking any of the following actions:

Case 8:21-bk-11710-SC   Doc 436   Filed 09/10/24   Entered 09/10/24 14:13:24   Desc
Case 8:21-bk-11710-SC   Main Document   Filed 08/27/24   Page 102 of 121   Entered 08/27/24 13:10:14   Desc
Main Document   Page 97 of 116
Case 8:21-bk-11710-SC   Doc 105-1   Filed 06/01/22   Entered 06/01/22 09:54:17   Desc
Exhibit Part 2 of 2   Page 81 of 326

(a) personally, or by agents or attorneys (in compliance with applicable law), take immediate possession of the collateral. To that end, the Holder may pursue the collateral where it may be found, and enter the Borrower's remises, with or without notice, demand, process of law, or legal procedure if this can be done without breach of the peace. If the premises on which any part of the collateral is located are not under the Borrower's direct control, the Borrower will exercise its best efforts to ensure that the Holder is promptly provided right of access to those premises. To the extent that the Borrower's consent would otherwise be required before a right of access could be granted, the Borrower hereby irrevocably grants that consent;

(b) require the Borrower to assemble the collateral and make it available to the Holder at a place to be designated by the Holder that is reasonably convenient to both parties (it being acknowledged that the Borrower's premises are reasonably convenient to the Borrower);

(c) sell, lease, or dispose of the collateral or any part of it in any manner permitted by applicable law or by contract; and

(d) exercise all rights and remedies of a secured party under applicable law.

## 8. WAIVER OF PRESENTMENT; DEMAND.

The Borrower hereby waives presentment, demand, notice of dishonor, notice of default or delinquency, notice of protest and nonpayment, notice of costs, expenses or losses and interest on those, notice of interest on interest and late charges, and diligence in taking any action to collect any sums owing under this note, including (to the extent permitted by law) waiving the pleading of any statute of limitations as a defense to any demand against the undersigned. Acceptance by the Holder or any other holder of this note of any payment differing from the designated payments listed does not relieve the undersigned of the obligation to honor the requirements of this note.

## 9. GOVERNING LAW.

(a) **Choice of Law.** The laws of the state of California govern this note (without giving effect to its conflicts of law principles).

(b) **Choice of Forum.** Both parties consent to the personal jurisdiction of the state and federal courts in Orange, California.

## 10. COLLECTION COSTS AND ATTORNEYS' FEES.

81

Case 8:21-bk-11710-SC   Doc 436   Filed 09/10/24   Entered 09/10/24 14:13:24   Desc
Case 8:21-bk-11710-SC   Main Document   Page 98 of 116 Entered 08/27/24 13:10:14   Desc
Case 8:21-bk-11710-SC   Doc 105-1   Filed 06/01/22   Entered 06/01/22 09:54:17   Desc
Exhibit Part 2 of 2   Page 82 of 326

The Borrower shall pay all expenses of the collection of indebtedness evidenced by this note, including reasonable attorneys' fees and court costs in addition to other amounts due.

**11. ASSIGNMENT AND DELEGATION.**

(a) **No Assignment.** The Borrower may not assign any of its rights under this note. All voluntary assignments of rights are limited by this subsection.

(b) **No Delegation.** The Borrower may not delegate any performance under this note.

(c) **Enforceability of an Assignment or Delegation.** If a purported assignment or purported delegation is made in violation of this section, it is void.

**12. SEVERABILITY.**

If any one or more of the provisions contained in this note is, for any reason, held to be invalid, illegal, or unenforceable in any respect, that invalidity, illegality, or unenforceability will not affect any other provisions of this note, but this note will be construed as if those invalid, illegal, or unenforceable provisions had never been contained in it, unless the deletion of those provisions would result in such a material change so as to cause completion of the transactions contemplated by this note to be unreasonable.

**13. NOTICES.**

(a) **Writing; Permitted Delivery Methods.** Each party giving or making any notice, request, demand, or other communication required or permitted by this note shall give that notice in writing and use one of the following types of delivery, each of which is a writing for purposes of this note: personal delivery, mail (registered or certified mail, postage prepaid, return-receipt requested), nationally recognized overnight courier (fees prepaid), facsimile, or email.

(b) **Addresses.** A party shall address notices under this section to a party at the following addresses:

If to the Borrower:

J-Sandcastle Co. LLC

5782 Pinon Drive

Huntington Beach, California 92649

jamiegallian@gmail.com


If to the Holder:

Jamie Lynn Gallian

16222 Monterey Ln Sp. 376

Huntington Beach, California 92649

jamiegallian@gmail.com


(c) **Effectiveness.** A notice is effective only if the party giving notice complies with subsections (a) and (b) and if the recipient

receives the notice.

## 14. WAIVER.

No waiver of a breach, failure of any condition, or any right or remedy contained in or granted by the provisions of this note will be

effective unless it is in writing and signed by the party waiving the breach, failure, right, or remedy. No waiver of any breach, failure,

right, or remedy will be deemed a waiver of any other breach, failure, right, or remedy, whether or not similar, and no waiver will

constitute a continuing waiver, unless the writing so specifies.

## 15. HEADINGS.

The descriptive headings of the sections and subsections of this note are for convenience only, and do not affect this note's

construction or interpretation.


[SIGNATURE PAGE FOLLOWS]

Case 8:21-bk-11710-SC    Doc 436    Filed 09/10/24    Entered 09/10/24 14:13:24    Desc
Case 8:21-bk-11710-SC    Main Document    Filed 08/27/24    Page 100 of 116    Entered 08/27/24 13:10:14    Desc
Case 8:21-bk-11710-SC    Doc 105-1    Filed 06/01/22    Entered 06/01/22 09:54:17    Desc
Exhibit Part 2 of 2    Page 84 of 326

Each party is signing this agreement on the date stated opposite that party's signature.

J-Sandcastle Co. LLC

Date:_____          By:_____

                                    Name: Jamie L Gallian

                                    Title: Member

Date:_____          By:_____

                                    Name: Jamie Lynn Gallian

Case 8:21-bk-11710-SC    Doc 436    Filed 09/10/24    Entered 09/10/24 14:13:24    Desc
Case 8:21-bk-11710-SC    Main Document    Filed 08/27/24    Page 101 of 116    Entered 08/27/24 13:10:14    Desc
Case 8:21-bk-11710-SC    Doc 105-1    Filed 06/01/22    Entered 06/01/22 09:54:17    Desc
Exhibit Part 2 of 2    Page 85 of 326

## ATTACHEMENT

I, JAMIE L. GALLIAN, MEMBER of J-Sandcastle Co, LLC certify under

penalty of perjury that the contents of this Document are true.

I declare I am the person who executed this instrument in my capacity

as the sole Member of J-Sandcastle Co, LLC which execution is my act

and deed.

Signed this 16th day of November, 2018, at Huntington Beach, CA 92649

Jamie L. Gallian

MEMBER, J-Sandcastle Co LLC

## ATTACHEMENT

I, JAMIE L. GALLIAN, certify under penalty of perjury,

that the contents of this Document are true.

I declare I am the person who executed this instrument, which execution

is my act and deed.

Signed this 16th day of November, 2018, at Huntington Beach, CA 92649

Jamie L. Gallian

# EXHIBIT 8B

THERE IS NO SECURITY AGREEMENT JUST
THIS EXHIBIT A
J-PAD, LLC ("HOLDER")
J-SANDCASTLE CO LLC ("BORR0WER")

Case 8:21-bk-11710-SC   Doc 436   Filed 09/10/24   Entered 09/10/24 14:13:24   Desc
Case 8:21-bk-11710-SC   Main Document   Filed 08/27/24   Page 109 of 121   Entered 08/27/24 13:10:14   Desc
Case 8:21-bk-11710-SC   Main Document   Filed 06/01/22   Page 104 of 326   Entered 06/01/22 09:54:17   Desc
Exhibit Part 2 of 2   Page 87 of 326

# Secured Promissory Note (Fully Amortized)

$225000

11/16/2018

Huntington Beach, California

On or before 12/16/2048, for value received, the undersigned J-SANDCASTLE CO LLC (the **"Borrower"**) promises to pay to the order of J-PAD, LLC (the **"Holder"**), in the manner and at the place provided below, the principal sum of $225000.

## 1. PAYMENT.

All payments of principal and interest under this note will be made in lawful money of the United States, without offset, deduction, or counterclaim, by wire transfer of immediately available funds to an account designated by the Holder in writing at least 10 days after the effective date of this note or, if this designation is not made, by check mailed to the Holder at 5782 Pinon Drive, Huntington Beach, California, 92649, or at such other place as the Holder may designate in writing.

## 2. MONTHLY INSTALLMENT PAYMENTS.

Principal and interest will be payable in 360 consecutive monthly installments of $1278.00, beginning on or before 12/15/2018 and continuing on the 15th day of each month, until the principal and interest have been paid in full. Each payment will be credited first to interest and then to principal, and interest will cease to accrue on any principal paid. Acceptance by the Holder of any payment differing from the designated installment payment listed above does not relieve the Borrower of the obligation to honor the requirements of this note.

## 3. INTEREST.

Interest on the unpaid principal balance of this note is payable from the date of this note until this note is paid in full, at the rate of 5.5% per year, or the maximum amount allowed by applicable law, whichever is less. Accrued interest will be computed on the basis of a 365-day or 366-day year, as the case may be, based on the actual number of days elapsed in the period in which it accrues.

## 4. PREPAYMENT.

The Borrower may prepay this note, in whole or in part, at any time before maturity without penalty or premium. Any partial prepayment will be credited first to accrued interest, then to principal. No prepayment extends or postpones the maturity date of this note.

## 5. SECURITY FOR PAYMENT.

This note is secured by certain assets of the Borrower in accordance with a separate security agreement dated 11/16/2018 between the Holder and the Borrower (the **"Security Agreement"**). If an Event of Default (defined below) occurs, the Holder will have the rights set forth below and in the Security Agreement.

## 6. EVENTS OF DEFAULT.

Each of the following constitutes an **"Event of Default"** under this note:

(a) the Borrower's failure to make any payment when due under the terms of this note, including the final payment due under this note when fully amortized;

(b) the filing of any voluntary or involuntary petition in bankruptcy by or regarding the Borrower or the initiation of any proceeding under bankruptcy or insolvency laws against the Borrower;

(c) an assignment made by the Borrower for the benefit of creditors; or

(d) the appointment of a receiver, custodian, trustee, or similar party to take possession of the Borrower's assets or property.

## 7. ACCELERATION; REMEDIES ON DEFAULT.

If any Event of Default occurs, all principal and other amounts owed under this note will become immediately due without any action by the Holder, the Borrower, or any other person. The Holder, in addition to any rights and remedies available to the Holder under this note, may, in its sole discretion, pursue any legal or equitable remedies available to it under applicable law or in equity, including taking any of the following actions:

(a) personally, or by agents or attorneys (in compliance with applicable law), take immediate possession of the collateral. To that end, the Holder may pursue the collateral where it may be found, and enter the Borrower's remises, with or without notice, demand, process of law, or legal procedure if this can be done without breach of the peace. If the premises on which any part of the collateral is located are not under the Borrower's direct control, the Borrower will exercise its best efforts to ensure that the Holder is promptly provided right of access to those premises. To the extent that the Borrower's consent would otherwise be required before a right of access could be granted, the Borrower hereby irrevocably grants that consent;

(b) require the Borrower to assemble the collateral and make it available to the Holder at a place to be designated by the Holder that is reasonably convenient to both parties (it being acknowledged that the Borrower's premises are reasonably convenient to the Borrower);

(c) sell, lease, or dispose of the collateral or any part of it in any manner permitted by applicable law or by contract; and

(d) exercise all rights and remedies of a secured party under applicable law.

## 8. WAIVER OF PRESENTMENT; DEMAND.

The Borrower hereby waives presentment, demand, notice of dishonor, notice of default or delinquency, notice of protest and nonpayment, notice of costs, expenses or losses and interest on those, notice of interest on interest and late charges, and diligence in taking any action to collect any sums owing under this note, including (to the extent permitted by law) waiving the pleading of any statute of limitations as a defense to any demand against the undersigned. Acceptance by the Holder or any other holder of this note of any payment differing from the designated payments listed does not relieve the undersigned of the obligation to honor the requirements of this note.

## 9. GOVERNING LAW.

(a) **Choice of Law.** The laws of the state of California govern this note (without giving effect to its conflicts of law principles).

(b) **Choice of Forum.** Both parties consent to the personal jurisdiction of the state and federal courts in Orange, California.

## 10. COLLECTION COSTS AND ATTORNEYS' FEES.

The Borrower shall pay all expenses of the collection of indebtedness evidenced by this note, including reasonable attorneys' fees and court costs in addition to other amounts due.

## 11. ASSIGNMENT AND DELEGATION.

(a) **No Assignment.** The Borrower may not assign any of its rights under this note. All voluntary assignments of rights are limited by this subsection.

(b) **No Delegation.** The Borrower may not delegate any performance under this note.

(c) **Enforceability of an Assignment or Delegation.** If a purported assignment or purported delegation is made in violation of this section, it is void.

## 12. SEVERABILITY.

If any one or more of the provisions contained in this note is, for any reason, held to be invalid, illegal, or unenforceable in any respect, that invalidity, illegality, or unenforceability will not affect any other provisions of this note, but this note will be construed as if those invalid, illegal, or unenforceable provisions had never been contained in it, unless the deletion of those provisions would result in such a material change so as to cause completion of the transactions contemplated by this note to be unreasonable.

## 13. NOTICES.

(a) **Writing; Permitted Delivery Methods.** Each party giving or making any notice, request, demand, or other communication required or permitted by this note shall give that notice in writing and use one of the following types of delivery, each of which is a writing for purposes of this note: personal delivery, mail (registered or certified mail, postage prepaid, return-receipt requested), nationally recognized overnight courier (fees prepaid), facsimile, or email.

(b) **Addresses.** A party shall address notices under this section to a party at the following addresses:

If to the Borrower:

J-Sandcastle Co LLC

Case 8:21-bk-11710-SC    Doc 436    Filed 09/10/24    Entered 09/10/24 14:13:24    Desc
Case 8:21-bk-11710-SC    Main Document    Page 113 of 121    Entered 08/27/24 13:10:14    Desc
Case 8:21-bk-11710-SC    Main Document    Page 108 of 326    Entered 06/01/22 09:54:17    Desc
Exhibit Part 2 of 2    Page 91 of 326

5782 Pinon Drive

Huntington Beach, California 92649

jamiegallian@gmail.com

If to the Holder:

J-Pad, LLC

5782 Pinon Drive

Huntington Beach, California 92649

jamiegallian@gmail.com

(c) **Effectiveness.** A notice is effective only if the party giving notice complies with subsections (a) and (b) and if the recipient receives the notice.

## 14. WAIVER.

No waiver of a breach, failure of any condition, or any right or remedy contained in or granted by the provisions of this note will be effective unless it is in writing and signed by the party waiving the breach, failure, right, or remedy. No waiver of any breach, failure, right, or remedy will be deemed a waiver of any other breach, failure, right, or remedy, whether or not similar, and no waiver will constitute a continuing waiver, unless the writing so specifies.

## 15. HEADINGS.

The descriptive headings of the sections and subsections of this note are for convenience only, and do not affect this note's construction or interpretation.

[SIGNATURE PAGE FOLLOWS]

# ATTACHEMENT

I, JAMIE L. GALLIAN, MEMBER of J-Sandcastle Co, LLC certify under

penalty of perjury that the contents of this Document are true.

I declare I am the person who executed this instrument in my capacity

as the sole Member of J-Sandcaslte Co, LLC which execution is my act

and deed.

Signed this 16th day of November, 2018, at Huntington Beach, CA 92649

Jamie L. Gallian

MEMBER, J-Sandcastle Co LLC

# ATTACHEMENT

I, JAMIE L. GALLIAN, MEMBER OF J-Pad, LLC certify under penalty perjury,

that the contents contained in this Document are true.

I declare, I am AUTHORIZED Member of J-Pad, LLC to act and I

accept this instrument on behalf of J-Pad, LLC, which is my act and deed.

Signed this 16th day of November, 2018, at Huntington Beach, CA 92649

J-PAD, LLC

Jamie L. Gallian, MEMBER

EXHIBIT  9

AERIAL PHOTOS

HUNTINGTON HARBOUR

Case 8:21-bk-11710-SC    Doc 422    Filed 08/27/24    Entered 08/27/24 13:10:14    Desc
Main Document    Page 112 of 116



16222 Monterey Ln SPC 376
Huntington Beach, CA 92649

# EXHIBIT  10

RECENT SALES LISTINGS
HUNTINGTON HARBOUR/HUNTINGTON
BEACH



## Neighborhood: 92649



