ERIC P. ISRAEL (State Bar No. 132426)
*eisrael@DanningGill.com*
DANNING, GILL, ISRAEL & KRASNOFF, LLP
1901 Avenue of the Stars, Suite 450
Los Angeles, California 90067-6006
Telephone:   (310) 277-0077
Facsimile:    (310) 277-5735

Attorneys for Jeffrey I. Golden,
Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>JAMIE LYNN GALLIAN,<br><br>Debtor. | Case No. 8:21-bk-11710-SC<br><br>Chapter 7<br><br>**CHAPTER 7 TRUSTEE'S REPLY TO DEBTOR'S RESPONSE RE ORDER TO SHOW CAUSE; DECLARATIONS OF GREGORY BINGHAM AND JEFFREY I. GOLDEN IN SUPPORT THEREOF**<br><br>Date:    October 15, 2024<br>Time:   11:00 a.m.<br>Place:   Courtroom "5C"<br>            411 W. 4th Street<br>            Santa Ana, California 92701 |

Jeffrey I. Golden, the Chapter 7 Trustee for the bankruptcy estate of Jamie Lynn Gallian (the "Debtor), hereby replies to the Debtor's opposition (*docket no. 455*) (the "Response") to the Court's Order to Show Cause (*docket no. 440*) (the "OSC"):

1.  The OSC states as follows:

    Jamie Lynn Gallian ("Debtor") and Joseph Arroyo must appear and show cause as to why they should not be held in contempt of Court and sanctioned for willfully violating the Bankruptcy Code by exercising control over property of the estate, interfering with the Trustee's administration of property of the estate and violating the automatic stay in Debtor's case.

/ / /

1778353.2  27064                                           1

2.      The OSC arose in the context of two matters set for hearing on August 27, 2024, at 1:30 p.m.  The first was the Trustee's application to employ his real estate broker (*docket no. 395*) (the "Broker Application").  The second was the Debtor's Motion to compel the Trustee and counsel to withdraw an alleged transfer of title with respect to the manufactured home located at 16222 Monterey Lane, Space #376, Huntington Beach, California 92649 (the "Property") (*docket no. 398*) (the "Debtor's Motion").   The Court approved the Broker Application (*docket no. 431*) and denied as moot the Debtor's Motion (*docket no. 432*).

3.      The OSC required that the Debtor and Joseph Arroyo ("Arroyo"), the Debtor's real estate broker, respond to the OSC by September 24, 2024.  The order further required that the Trustee serve the OSC within 48 hours and file a proof of service within 3 days thereof.  The Trustee's reply herein is due by October 1, 2024.

4.      Unfortunately, counsel for the Trustee missed that the Court had entered the OSC requiring separate service on the Debtor and Arroyo within 48 hours of the entry of the OSC.  Nevertheless, the Debtor clearly received notice, as she on September 24, 2024 filed her Response.[1]

5.      The Trustee notes that the Debtor's Response is full of self-serving statements and erroneous statements of fact and law.  It also purports to be in the form of a declaration, although the pleading itself is not signed under penalty of perjury.  Thus, it has no evidentiary value and should be stricken and not admitted as evidence.

6.      On the merits with respect to the OSC, the Broker Application, the Trustee's reply in support thereof (*docket no. 408*) (the "Reply") and the Trustee's opposition to the Debtor's Motion (*docket no. 410*) made it abundantly clear that the Trustee has avoided and preserved various liens and transfers, including at least one avoided and preserved consensual lien that is now ahead in priority of the debtor's homestead exemption with respect to the Property.

/ / /

---

[1] Counsel apologizes for missing this and not complying with the OSC in that regard.  If the Court believes it is necessary, the Trustee believes that it would be appropriate to continue the hearing on the OSC to allow such service.  The Trustee submits that no continuance is required as to the Debtor, as she timely received and responded to the OSC.

7. The Debtor mischaracterizes the Court's statements on the record about the effect on the Application on the Debtor's homestead exemption. Response at 2, ll.11-12. The Court asked counsel if the Application did anything to change the Debtor's rights in the exemption. The answer was "no". The Court did not, in fact, find that there was equity to cover the homestead exemption after the Trustee's lien, as the Trustee has avoided consensual liens that were preserved for the estate, and are now senior in priority to the homestead exemption. Moreover, the Debtor filed a 522(f) motion seeking to avoid the Trustee's lien (*docket no. 422*) (the "522(f) Motion"), although section 522(f) does not apply to consensual liens. Why would she do that if she didn't understand what the Trustee has repeated in his pleadings – that the homestead is now junior to that avoided consensual lien? The Trustee has filed an opposition to the 522(f) Motion, although it has not been set for hearing. *Docket no. 437.*

8. In any event, the Trustee replies on the merits to the Response as follows.

**A.    The Debtor's Failures to Cooperate with the Trustee <u>Before</u> the August 27 Hearings**

9. The Trustee's counsel's declaration established that the Debtor some time before the hearing on the Broker Application had contacted and retained Arroyo as her broker, and listed the Property through him for sale. She had also separately listed the Property for sale "by owner" on Zillow. Reply at Declaration of Aaron deLeest (*docket no. 408 at* p.8, ¶¶ 3,4) and Ex. "1" thereto.

10. The Debtor in her Response admits the above, but contends that she is only in pro per and that after the hearing she immediately terminated the listings with Arroyo and on Zillow. The Debtor made statements on the record at the August 27 hearings as well admitting that she had listed the Property for sale with Arroyo and on Zillow.

**B.    The Debtor's Failures to Cooperate with the Trustee <u>After</u> the August 27 Hearings**

11. More importantly, although the Debtor makes the conclusory, self-serving statement that she intends to cooperate with the Trustee's real estate broker after the Court approved that application, she in fact has done just the opposition. As set forth in the attached Declaration of Gregory Bingham, after the entry of the order approving the Application, he called her to schedule

an inspection. Instead, the debtor told him that she had since filed a new Chapter 13 case, gave him the case number [8:24-bk-12267-SC] and stated that the Chapter 13 filing excused her from cooperating with showings of the Property. Bingham Declaration at ¶ 4.

12. Moreover, after she filed the New Chapter 13 Case, she filed a motion to convert this very case to a Chapter 13 (the "Motion to Convert"). *Docket no. 439*. An opposition has been filed to the Motion to Convert (*docket no. 442*), and no ruling has been made thereon yet. The Debtor makes no mention in her Response that she had filed the Motion to Convert.

13. With respect to the Chapter 13 Case, the Debtor scheduled the Property as an asset, although the Property remains in this estate. *Chapter 13 Case docket no. 19, at p.4*.

14. The Trustee submits that the Debtor's ongoing refusal to cooperate with the Trustee in marketing the Property, the filing of the Chapter 13 Case, and the filing of the Motion to Convert were all done willfully to interfere with the Trustee's efforts to administer and market the Property.

**C.  Arroyo's Involvement**

15. The Trustee understands that Arroyo's listing was terminated following the August 27 hearing. With that, he is no longer interfering with the Trustee's administration, and the goal of the OSC would seem to have been accomplished. The Trustee also notes that the harm to the estate is minimal – probably 2- 3 hours of attorney time. If the Court nevertheless decides to proceed with Arroyo, the Trustee suggests that the hearing be continued as to him only so that proper notice can be given to him.

**D.  Suggested Relief**

16. As to the Debtor, the Trustee suggests that the Court issue an injunction in conformity with the OSC. If she continues violating that injunction, the Debtor should be liable for be money damages.

17. With respect to Arroyo, the Trustee notes that he has terminated the listing. Thus, the goal of the OSC has been accomplished, and there were minimal damages. If the Court is inclined to proceed as to Arroyo, the Trustee requests that the Court continue the hearing so that proper notice may be provided.

/ / /

1778353.2  27064                                    4

18. WHEREFORE, the Trustee respectfully requests that the Court find the Debtor to be in contempt of Court and issue a corresponding injunction. The Trustee further prays for all other appropriate relief.

DATED: October 1, 2024					DANNING, GILL, ISRAEL & KRASNOFF, LLP

						By:	*/s/ Eric P. Israel*
							ERIC P. ISRAEL
							Attorneys for Jeffrey I. Golden, Chapter 7 Trustee

1778353.2  27064                                       5

## DECLARATION OF GREG BINGHAM

I, GREG BINGHAM, declare as follows:

1. I am a real estate agent licensed in the State of California. I have personal knowledge of the facts set forth herein, except as to those stated on information and belief and, as to those, I am informed and believe them to be true. If called as a witness, I could and would competently testify to the matters stated herein. I am the Trustee's duly employed real estate broker. I make this declaration in support of the Chapter 7 Trustee's Reply to Debtor's Response re Order to Show Cause.

2. I attended by audio the hearing on August 27, 2024, at 1:30 p.m., which included the Trustee's application to employ my firm as his real estate broker (*docket no. 395*). I heard the Debtor state on the record that she would cooperate with our marketing on 24 hours advance notice to her when I call her by cell phone.

3. I was served with a copy of the Court's order entered on or about September 5, 2024, approving the Trustee's application to employ my firm as his real estate broker (*docket no. 431*). I note that at paragraph 5 thereof, the Court ordered her to cooperate with our marketing on 24 hours advance notice to her when I call her by cell phone.

4. Thereafter, I called the Debtor's cell phone number to arrange an inspection and, when she did not pick up, I left her a voicemail message. On September 9, 2024, the Debtor returned my call and told me that she had filed a Chapter 13 case, she gave me the case number, and she said that marketing was stayed by the new bankruptcy filing.

5. As a result, I have been unable to commence marketing the Property.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 29, 2024, at Los Angeles, California.

GREG BINGHAM

1778353.1  27064

6

**DECLARATION OF JEFFREY I. GOLDEN**

I, Jeffrey I. Golden, declare:

1. I am the Chapter 7 Trustee of the estate of Jamie Lynn Gallian (the "Debtor").

2. I have personal knowledge of the facts in this declaration and, if called as a witness, could testify competently to these facts.

3. I have spoken with the real estate broker, Joseph Arroyo, who has advised me that since the hearing he ceased all efforts and actions to sell the property and took down any websites or other information that he had control over. He further indicated that he is fine addressing the Court and has nothing at all to do currently with this Debtor, the property or the case.

4. I also spoke with the Debtor, who indicated that she is not interfering with the sale of the property and has ceased all efforts and actions to attempt to sell the property.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed at Costa Mesa, California on October __, 2024.

_____
JEFFREY I. GOLDEN

1778353.2  27064

7

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 1901 Avenue of the Stars, Suite 450, Los Angeles, CA 90067-6006.

A true and correct copy of the foregoing document entitled (*specify*): CHAPTER 7 TRUSTEE'S REPLY TO DEBTOR'S RESPONSE RE ORDER TO SHOW CAUSE; DECLARATIONS OF GREGORY BINGHAM AND JEFFREY I. GOLDEN IN SUPPORT THEREOF  will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) October 1, 2024  I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page.

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) October 1, 2024 , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page.

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) October 1, 2024 , I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| October 1, 2024 | Gloria Ramos | */s/ Gloria Ramos* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**

**ADDITIONAL SERVICE INFORMATION (if needed):**

## 1. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")

- **Bradford Barnhardt**   bbarnhardt@marshackhays.com, bbarnhardt@ecf.courtdrive.com,alinares@ecf.courtdrive.com

- **Aaron E. De Leest**   adeleest@marshackhays.com, adeleest@marshackhays.com,alinares@ecf.courtdrive.com

- **Robert P Goe**   kmurphy@goeforlaw.com, rgoe@goeforlaw.com;goeforecf@gmail.com;Goe.RobertP.R@notify.bestcase.com;ajohnston@goeforlaw.com

- **Jeffrey I Golden (TR)**   lwerner@go2.law, jig@trustesolutions.net;kadele@go2.law;C205@ecfcbis.com

- **D Edward Hays**   ehays@marshackhays.com, ehays@ecf.courtdrive.com;alinares@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com

- **Brandon J. Iskander**   biskander@goeforlaw.com, kmurphy@goeforlaw.com

- **Eric P Israel**   eisrael@danninggill.com, danninggill@gmail.com;eisrael@ecf.inforuptcy.com

- **Shantal Malmed**   shantal.malmed@gmlaw.com, cheryl.caldwell@gmlaw.com

- **Laila Masud**   lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;lbuchanan@marshackhays.com;alinares@ecf.courtdrive.com

- **Mark A Mellor**   mail@mellorlawfirm.com, mellormr79158@notify.bestcase.com

- **Valerie Smith**   claims@recoverycorp.com

- **United States Trustee (SA)**   ustpregion16.sa.ecf@usdoj.gov

## 2. SERVED BY U.S. MAIL

The Honorable Scott C. Clarkson
U.S. Bankruptcy Court
Ronald Reagan Federal Building
411 W. Fourth Street, Suite 5130
Santa Ana, CA 92701

## 3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR E-MAIL

**By Email:**
Jamie Gallian   jamiegallian@gmail.com

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                 **F 9013-3.1.PROOF.SERVICE**