1  JAMIE LYNN GALLIAN
2  16222 MONTEREY LANE UNIT 376
   HUNTINGTON BEACH, CA 92649
3  714-321-3449
   JAMIEGALLIAN@GMAIL.COM
4

5              UNITED STATES BANKRUPTCY COURT

6        CENTRAL DISTRICT OF CALIFORNIA-SANTA ANA DIVISION

7
                                    Case No.: 8:21-BK-11710-SC
8
   IN RE:                                   **AMENDED**
9
   JAMIE LYNN GALLIAN           **OPPOSITION TO CHAPTER 7 TRUSTEE**
10
                               **AND HUNTINGTON BEACH GABLES**
11       DEBTOR                 **4TH STIPULATION AS UNNECESSARY**
12                              **AS STATE COURT CROSS-COMPLAINT**
13                             **CASE NO. 30-2020-01163055, FILED BY**
14                             **HUNTINGTON BEACH GABLES**
15                             **AGAINST DEBTOR WAS DISMISSED**
16                             **REGARDING  UNIFORM VOIDABLE**
17                             **TRANSACTIONS ACT (UVTA) ON**
18                             **AUGUST 7, 2024, DOC NO. 465;**
19                             **DECLARATION  OF JAMIE LYNN**
                               **GALLIAN**
20

21  TO THE HONONRABLE SCOTT C CLARKSON, UNITED STATES BANKRUPTCY
    JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, CHAPTER 7 TRUSTEE
22  JEFFREY GOLDEN, HUNTINGTON BEACH GABLES HOMEOWNERS ASSOCIATION
    AND COUNSEL ROBERT GOE;
23              **DECLARATION OF JAMIE LYNN GALLIAN**

24      On October 2, 2024, Debtor received a 4th Stipulation between the Chapter 7 Trustee

25  Jeffrey Golden and Huntington Beach Gables Attorney Robert Goe, continuing a Stipulated

26
    OPPOSITION TO CHAPTER 7 TRUSTEE AND HUNTINGTON BEACH GABLES 4TH STIPULATION AS
27  UNNECESSARY AS STATE COURT CROSS-COMPLAINT CASE NO. 30-2020-01163055, FILED BY
    HUNTINGTON BEACH GABLES AGASINT DEBTOR WAS DISMISSED REGARDING  UNIFORM
28  VOIDABLE TRANSACTIONS ACT (UVTA) ON AUGGUST 7, 2024, DOC NO. 465; DECLARATION  OF
    JAMIE LYNN GALLIAN - 1

1  Agreement until approximately April 2025.

2
3      Debtor sent an email to the attorney's and asked for an explanation why a 4th Stipulation

4  is necessary between two attorney's involving Debtor's Chapter 7 case.

5      Although Debtor is not an attorney, courtesy would dictate that one of the Officers of the

6  Court would answer Debtor's email with an explanation.  However this was not the case.

7      What the Debtor does know for sure, on October 31, 2018, Debtor sold her primary

8
9  residence located at 4476 Alderport Drive Unit 53, Huntington Beach, CA 92649, to a bona fide

10  purchaser Randall Nickel, for value, and used the exempt proceeds on November 1, 2018, to

11  purchase Debtors current residence, a personal property 2014 Skyline Custom Villa

12  Manufactured Home LBM 1081, occupied by Debtor for 6 years as Debtors personal residence

13  since the day she purchased it and still a defendant in a 6 year old UD case no. 30-2019-

14  01041423, now a second UD case no 30-2023-01316057, filed after this Court granted Houser

15
16  Bros. relief from stay on or about February 16, 2023.  This Court has to be asking itself, what in

17  the world is going on…..  Talk about wasting judicial resources.  When Ms. Gallian was told by

18  the Judicial Officer Honorable Scott C. Clarkson on  or about April 23, 2023, during Trial, Judge

19  Clarkson told the Debtor she could waive her discharge, "Get her Life back"  Debtor wants this

20  Court to know that before the District Court ruling regarding Debtors Discharge, Debtor

21
22  contacted asked for help from Trustee Golden and his attorney Aaron De Leest to assist Debtor

23  to prepare a waiver of Debtor's Discharge to get her life back.  Both attorney's said at the same

24  time, "The waiver is gone, you cannot do that now."

25      Since the day Debtor sold her home (over 6 years ago) to Mr. Nickel, the Huntington

26   Beach Gables Homeowners Association, Board Members, led by former Gables HOA Attorney

27

28  OPPOSITION TO CHAPTER 7 TRUSTEE AND HUNTINGTON BEACH GABLES 4TH STIPULATION AS
UNNECESSARY AS STATE COURT CROSS-COMPLAINT CASE NO. 30-2020-01163055, FILED BY
HUNTINGTON BEACH GABLES AGASINT DEBTOR WAS DISMISSED REGARDING  UNIFORM
VOIDABLE TRANSACTIONS ACT (UVTA) ON AUGGUST 7, 2024, DOC NO. 465; DECLARATION  OF
JAMIE LYNN GALLIAN - 2

Janine Jasso, continue to conspire with Houser Bros Co., the owner of the Real Property at the

GABLES APN 178-771-03, purchased by Houser Bros. in approximately March 1964, thereafter

Houser entered into an 80 year Ground Leasehold ("Leased-Land") with Robert P. Warmington,

an individual, thereafter subleased to The Robert P. Warmington Co.

The Robert P. Warmington Co. proposed to build multi-family apartment homes and

convert the apartment homes through a recorded Condominium Plan to air-space condominiums

pursuant to recorded CC&Rs, May 28, 1980, Official Records, Clerk Recorder, County of

Orange.  However, the City of Huntington Beach Planning Department and the City Attorney

reviewed the CC&Rs and said, "Not so fast."

The Warmington Plan to build air-space condominiums on leased land violated the City's

Ordinance Code.  Therefore, Houser Bros and Warmington Co. amended the CC&Rs to grant

and convey certain fee interests to the consumers.  The First Amendment to the CC&Rs were

recorded August 5, 1980 Instrument No. 8005.  However every consumer and owner pays an

unconscionable unlawful ground-lease and subcondominium sublease only to line the Houser

pockets and the pockets of BS Investors. The Warmington/Houser 1979 Groundleaase is not

recorded on the land were the Gables Condominiums are built.  It is recorded in the land

originally owned by Lomita Land and Water Company, sold to Huntington Harbour Corporation,

Grant Deed to the Ocean View School District and eventually City of Huntington Beach.

This is where Jamie Gallian comes in. Approximately 2016, she received two bills for the

same [real property], where she was living at the Gables; one from the Orange County Tax

Assessor, approximately $4000.00, and the second bill for over $8000.00, from an entity

OPPOSITION TO CHAPTER 7 TRUSTEE AND HUNTINGTON BEACH GABLES 4TH STIPULATION AS
UNNECESSARY AS STATE COURT CROSS-COMPLAINT CASE NO. 30-2020-01163055, FILED BY
HUNTINGTON BEACH GABLES AGASINT DEBTOR WAS DISMISSED REGARDING  UNIFORM
VOIDABLE TRANSACTIONS ACT (UVTA) ON AUGGUST 7, 2024, DOC NO. 465; DECLARATION  OF
JAMIE LYNN GALLIAN - 3

claiming to be the Ground Lessor and sometimes claimed to be the Ground Tenant, called BS

Investors, filed by Hugh Saddington, President and General Partner, BS Investors, and LPL and

their Attorney Gordon May, Esq. Irvine, CA. Official Records, Clerk Recorder, County of

Orange.

Debtor became alarmed because although working as a Flight Attendant is a wonderful

job, the pay is not such to afford the tax assessors bill and a ground rent both for the same dirt,

Debtor began to investigate.  The concept of paying "RENT" for the ground under her home was

unsettling, considering she was conveyed certain Fee Interests in the First Amendment to the

CC&Rs recorded 8/5/1980, instrument no 8005, and paid the Orange County Tax Assessor's

Assessments for the same ground.

I am going to digress here, because eventually Debtor sold her interests in the Gables and

moved out of the Gables.  However, for the past 6 years the purchaser of Debtor's interest,

Randall Nickel has been embroiled in a litigious lawsuit with the Huntington Beach Gables

Homeowners Association. The HOA claiming that Debtor still owns the Alderport home she sold

to Mr. Nickel six years ago.  Debtor believes this to be the reason why the Gables HOA and the

Trustee are continuing to enter into now a 4th Stipulation.  However the Nickel v Gables HOA, et

al case settled and debtor was dismissed from the Gables HOA Cross-Complaint.

The Gables HOA attempted to foreclose on the Alderport home by nonjudicial

foreclosure spear-headed by former Gables Attorney Janine Jasso, throughout the Covid-19,

using the fact Courts were closed and then backlogged for years when they did eventually open.

Mr. Nickel's title was clouded by the Gables HOA filing a Lis Pendens.  Eventually Mr. Nickel

OPPOSITION TO CHAPTER 7 TRUSTEE AND HUNTINGTON BEACH GABLES 4TH STIPULATION AS
UNNECESSARY AS STATE COURT CROSS-COMPLAINT CASE NO. 30-2020-01163055, FILED BY
HUNTINGTON BEACH GABLES AGASINT DEBTOR WAS DISMISSED REGARDING  UNIFORM
VOIDABLE TRANSACTIONS ACT (UVTA) ON AUGGUST 7, 2024, DOC NO. 465; DECLARATION  OF
JAMIE LYNN GALLIAN - 4

filed a multi-million dollar lawsuit against Gables HOA Attorney Janine Jasso, other Gables

Board Members, Elite Management Co. just about everyone, except one person, **DEBTOR.**

Over at the Mobilehome Park, Gallian was faced with her own problems beginning with

Houser Bros Co. refusing to enter into a Lease Agreement for the pad, the 2014 manufactured

home sits on. Refusing to consider any other Applications by Prospective Purchasers, so Gallian

could sell and get away; Houser Bros Co. attorney Vivienne Alston, also claiming judicial

officers at CJC, and very vocally in fact to Debtors attorney Steven A. Fink, Newport Beach,

claiming that Debtor still owned the Alderport home and that the Gables, BS Investors, Houser

Bros, would never recognize Purchaser Randal Nickel as a bona fide purchaser of Alderport or

Debtor, Jamie Gallian, a bona fide purchaser of the Ryan 2014 Skyline Custom Villa

manufactured home sold to Gallian pursuant to a Court Order issued by Judicial Officer Carmen

Luege.   For 6 years, both Randal Nickel and Jamie Gallian have been held hostage in their

homes, by several attorney's including, Janine Jasso, Esq.; Robert Goe, Esq,; Stanley Feldsott,

Esq.; Austin Nichter, Esq.; Vivienne Alston, Esq.; Donald Diebold, Esq,;

Rancho Del Rey Park Operator, Houser Bros Co.; Park Management, Five STAR;


There is no reason the Chapter 7 Trustee with his counsel and Robert Goe counsel for

Huntington Beach Gables need a Fourth Stipulation.  Enough already.  The Nickel v Huntington

Beach Gables civil suit settled August 7, 2024, and Debtor has been dismissed as a cross-

defendant August 7, 2024. Unless there is something that the Trustee and Mr, Goe know

something different and are willing to share it with the Court, the Stipulation should be denied.

OPPOSITION TO CHAPTER 7 TRUSTEE AND HUNTINGTON BEACH GABLES 4TH STIPULATION AS
UNNECESSARY AS STATE COURT CROSS-COMPLAINT CASE NO. 30-2020-01163055, FILED BY
HUNTINGTON BEACH GABLES AGASINT DEBTOR WAS DISMISSED REGARDING  UNIFORM
VOIDABLE TRANSACTIONS ACT (UVTA) ON AUGGUST 7, 2024, DOC NO. 465; DECLARATION  OF
JAMIE LYNN GALLIAN - 5

1     I declare under penalty of perjury the foregoing to be true and correct.

2     SIGNED THIS 3RD DAY OF OCTOBER 2024, AT HUNTINGTON

3

BEACH, CA, COUNTY OF ORANGE.

4                    *Jamie Lynn Gallian*

5                JAMIE LYNN GALLIAN

OPPOSITION TO CHAPTER 7 TRUSTEE AND HUNTINGTON BEACH GABLES 4TH STIPULATION AS UNNECESSARY AS STATE COURT CROSS-COMPLAINT CASE NO. 30-2020-01163055, FILED BY HUNTINGTON BEACH GABLES AGASINT DEBTOR WAS DISMISSED REGARDING  UNIFORM VOIDABLE TRANSACTIONS ACT (UVTA) ON AUGGUST 7, 2024, DOC NO. 465; DECLARATION  OF JAMIE LYNN GALLIAN - 6

EXHIBIT 1

Electronically Filed by Superior Court of California, County of Orange, 08/07/2024 04:51:00 PM.
30-2020-01163055-CU-OR-CJC - ROA # 405 - DAVID H. YAMASAKI, Clerk of the Court By L. Arnold, Deputy Clerk.

**CIV-110**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Austin Nichter (Bar # 289253)<br>Feldsott, Lee & Nichter<br>23161 Mill Creek Drive, Suite 300, Laguna Hills, CA 92653<br>TELEPHONE NO.: (949) 729-8002  FAX NO. *(Optional):* (949) 729-8012<br>E-MAIL ADDRESS *(Optional):* anichter@cahoalaw.com<br>ATTORNEY FOR *(Name):* The Huntington Beach Gables Homeowners Association, Cross-Complainant | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE
STREET ADDRESS: 700 Civic Center Drive West
MAILING ADDRESS: Same
CITY AND ZIP CODE: Santa Ana 92701
BRANCH NAME: Central Justice Center

PLAINTIFF/PETITIONER: Randall L. Nickel, et al.

DEFENDANT/RESPONDENT: The Huntington Beach Gables Homeowners Association, et al.

| REQUEST FOR DISMISSAL | CASE NUMBER: 30-2020-01163055 |
|---|---|

**A conformed copy will not be returned by the clerk unless a method of return is provided with the document.**

This form may not be used for dismissal of a derivative action or a class action or of any party or cause of action in a class action. (Cal. Rules of Court, rules 3.760 and 3.770.)

1. TO THE CLERK: Please **dismiss** this action as follows:
   a. (1) ☐ With prejudice  (2) ☒ Without prejudice
   b. (1) ☐ Complaint  (2) ☐ Petition
      (3) ☐ Cross-complaint filed by *(name):*  on *(date):*
      (4) ☐ Cross-complaint filed by *(name):*  on *(date):*
      (5) ☐ Entire action of all parties and all causes of action
      (6) ☒ Other *(specify):** Dismiss Cross-Complaint filed on November 9, 2020, as to Cross-Defendant Jamie L. Gallian, an individual, only

2. *(Complete in all cases except family law cases.)*
   The court ☐ did  ☒ did not waive court fees and costs for a party in this case. *(This information may be obtained from the clerk. If court fees and costs were waived, the declaration on the back of this form must be completed).*

Date: August 7, 2024

................................
Austin Nichter
(TYPE OR PRINT NAME OF ☒ ATTORNEY ☐ PARTY WITHOUT ATTORNEY)

► *(signature)* Austin Nichter
(SIGNATURE)

*If dismissal requested is of specified parties only of specified causes of action only, or of specified cross-complaints only, so state and identify the parties, causes of action, or cross-complaints to be dismissed.

Attorney or party without attorney for:
☐ Plaintiff/Petitioner  ☐ Defendant/Respondent
☒ Cross-Complainant

3. **TO THE CLERK:** Consent to the above dismissal is hereby given.**
   Date:

_____
(TYPE OR PRINT NAME OF ☐ ATTORNEY ☐ PARTY WITHOUT ATTORNEY)

► _____
(SIGNATURE)

** If a cross-complaint – or Response (Family Law) seeking affirmative relief – is on file, the attorney for cross-complainant (respondent) must sign this consent if required by Code of Civil Procedure section 581 (i) or (j).

Attorney or party without attorney for:
☐ Plaintiff/Petitioner  ☐ Defendant/Respondent
☐ Cross-Complainant

*(To be completed by clerk)*

4. ☒ Dismissal entered as requested on *(date):* 08/07/2024

5. ☐ Dismissal entered on *(date):*  as to only *(name):*

6. ☐ Dismissal **not entered** as requested for the following reasons *(specify):*

7. a. ☐ Attorney or party without attorney notified on *(date):*
   b. ☐ Attorney or party without attorney not notified. Filing party failed to provide
      ☐ a copy to be conformed  ☐ means to return conformed copy

Date: 08/07/2024  Clerk, by _____ L. Arnold _____, Deputy
DAVID H. YAMASAKI, Clerk of the Court  L. Arnold

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CIV-110 [Rev. Jan. 1, 2013] | **REQUEST FOR DISMISSAL** | Code of Civil Procedure, § 581 et seq.;<br>Gov. Code, § 68637(c); Cal. Rules of Court, rule 3.1390<br>www.courts.ca.gov |
|---|---|---|

*LexisNexis® Automated California Judicial Council Forms*

**CIV-110**

| | |
|---|---|
| PLAINTIFF/PETITIONER: Randall L. Nickel, et al. | CASE NUMBER: |
| DEFENDANT/RESPONDENT: The Huntington Beach Gables Homeowners Association, et al. | 30-2020-01163055 |

---

### COURT'S RECOVERY OF WAIVED COURT FEES AND COSTS

If a party whose court fees and costs were initially waived has recovered or will recover $10,000 or more in value by way of settlement, compromise, arbitration award, mediation settlement, or other means, the court has a statutory lien on that recovery. The court may refuse to dismiss the case until the lien is satisfied. (Gov. Code, § 68637.)

---

## Declaration Concerning Waived Court Fees

1.  The court waived court fees and costs in this action for *(name):*

2.  The person named in item 1 is *(check one below):*
    a. ☐  not recovering anything of value by this action.
    b. ☐  recovering less than $10,000 in value by this action.
    c. ☐  recovering $10,000 or more in value by this action. *(If item 2c is checked, item 3 must be completed.)*

3.  ☐  All court fees and court costs that were waived in this action have been paid to the court *(check one):* ☐ Yes ☐ No

I declare under penalty of perjury under the laws of the State of California that the information above is true and correct.

Date: _____

▶

_____        _____
(TYPE OR PRINT NAME OF ☐ ATTORNEY ☐ PARTY MAKING DECLARATION)                    (SIGNATURE)

Electronically Filed by Superior Court of California, County of Orange, 08/12/2024 04:43:00 PM.
30-2020-01163055-CU-OR-CJC - ROA # 173 - DAVID H. YAMASAKI, Clerk of the Court By E. efilinguser, Deputy Clerk.

**CIV-120**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*  : <br> Austin Nichter (Bar # 289253) <br> Feldsott, Lee & Nichter, 23161 Mill Creek Drive, Suite 300, Laguna Hills, CA 92653 <br> TELEPHONE NO.: (949) 729-8002   FAX NO.: (949) 729-8012 <br> E-MAIL ADDRESS: anichter@cahoalaw.com <br> ATTORNEY FOR *(Name):* The Huntington Beach Gables Homeowners Association, Cross-Complainant | FOR COURT USE ONLY |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** ORANGE
STREET ADDRESS: 700 Civic Center Drive West
MAILING ADDRESS: Same
CITY AND ZIP CODE: Santa Ana 92701
BRANCH NAME: Central Justice Center

PLAINTIFF/PETITIONER: Randall L. Nickel, et al.

DEFENDANT/RESPONDENT: The Huntington Beach Gables Homeowners Association, et al.

| **NOTICE OF ENTRY OF DISMISSAL AND PROOF OF SERVICE** <br> ☐ **Personal Injury, Property Damage, or Wrongful Death** <br>    ☐ **Motor Vehicle**   ☐ **Other** <br> ☐ **Family Law** <br> ☐ **Eminent Domain** <br> ☒ **Other** *(specify):* Unlimited Civil | CASE NUMBER: <br><br> 30-2020-01163055 |
|---|---|

**TO ATTORNEYS AND PARTIES WITHOUT ATTORNEYS:** A dismissal was entered in this action by the clerk as shown on the *Request for Dismissal. (Attach a copy completed by the clerk.)*

Date: August 12, 2024

Austin Nichter
_____            ▶ _____
(TYPE OR PRINT NAME OF  ☒ ATTORNEY  ☐ PARTY WITHOUT ATTORNEY)                  (SIGNATURE)

## PROOF OF SERVICE

1. I am over the age of 18 and not a party to this cause. My residence or business address is:
   23161 Mill Creek Drive, Suite 300, Laguna Hills, CA 92653

2. ☐ I am a resident of or employed in the county where the mailing occurred. I served a copy of the *Notice of Entry of Dismissal* and *Request for Dismissal* by mailing them, in a sealed envelope with postage fully prepaid, as follows:
   a. ☐ I deposited the envelope with the United States Postal Service.
   b. ☐ I placed the envelope for collection and processing for mailing following this business's ordinary practice with which I am readily familiar. On the same day correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service.
   c. Date of deposit:                         d. Place of deposit *(city and state):*
   e. Addressed as follows *(name and address):*

3. ☐ I served a copy of the *Notice of Entry of Dismissal and Request for Dismissal* by personally delivering copies as shown below:
   a. Name of person served:
   b. Address at which person served:
   c. On *(date):*                              d. At *(time):*

4. ☒ I served a copy of the *Notice of Entry of Dismissal* and *Request for Dismissal* by electronically serving copies as shown below *(complete if electronic service is used based on a court order or agreement of the parties):*
   a. Name of person served:
   b. Electronic service address of person served:
   c. On *(date):*                              d. At *(time):*
   e. Electronic service address from which I served the documents:
      ☒ Proof of electronic service is attached.

5. ☐ Proof of service on additional parties is attached.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: August 12, 2024

Ivan K. Reyes
_____            ▶ _____
(TYPE OR PRINT NAME)                                        (SIGNATURE OF DECLARANT)

**Page 1 of 1**

| | | |
|---|---|---|
| Form Adopted for Mandatory Use <br> Judicial Council of California <br> CIV-120 [Rev. January 1, 2012] | **NOTICE OF ENTRY OF DISMISSAL** <br> **AND PROOF OF SERVICE** | Code of Civil Procedure, § 581 et seq.; <br> Cal. Rules of Court, rule 3.1390 <br> www.courts.ca.gov |

*LexisNexis® Automated California Judicial Council Forms*

POS-050/EFS-050

| ATTORNEY OR PARTY WITHOUT ATTORNEY:   STATE BAR NO: 289253 | FOR COURT USE ONLY |
|---|---|
| NAME: Austin Nichter | |

FIRM NAME: Feldsott, Lee & Nichter
STREET ADDRESS: 23161 Mill Creek Drive, Suite 300
CITY: Laguna Hills   STATE: CA   ZIP CODE: 92653
TELEPHONE NO.: (949) 729-8002   FAX NO.: (949) 729-8012
E-MAIL ADDRESS: anichter@cahoalaw.com
ATTORNEY FOR (name): The Huntington Beach Gables Homeowners Association, Cross-Complainant

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE
STREET ADDRESS: 700 Civic Center Drive West
MAILING ADDRESS: Same
CITY AND ZIP CODE: Santa Ana 92701
BRANCH NAME: Central Justice Center

PLAINTIFF/PETITIONER: Randall L. Nickel, et al.

DEFENDANT/RESPONDENT: The Huntington Beach Gables Homeowners Association, et al.

| PROOF OF ELECTRONIC SERVICE | CASE NUMBER: 30-2020-01163055 |
|---|---|
| | JUDICIAL OFFICER: Hon. Deborah Servino |
| | DEPARTMENT: C21 |

1. I am at least 18 years old.

   a. My residence or business address is *(specify):*

     23161 Mill Creek Drive, Suite 300
     Laguna Hills, CA 92653

   b. My electronic service address is *(specify):* ireyes@cahoalaw.com

2. I electronically served the following documents *(exact titles):*
   Request for Dismissal

    [ ] The documents served are listed in an attachment. *(Form POS-050(D)/EFS-050(D) may be used for this purpose.)*

3. I electronically served the documents listed in 2 as follows:
   a. Name of person served:

     On behalf of *(name or names of parties represented, if person served is an attorney):*

   b. Electronic service address of person served :

   c. On *(date):*

    [X] The documents listed in item 2 were served electronically on the persons and in the manner described in an attachment.
    *(Form POS-050(P)/EFS-050(P) may be used for this purpose.)*

Date:   August 12, 2024

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Ivan K. Reyes
(TYPE OR PRINT NAME OF DECLARANT)    (SIGNATURE OF DECLARANT)

Page 1 of 1

Form Approved for Optional Use
Judicial Council of California
POS-050/EFS-050 [Rev. February 1, 2017]

**PROOF OF ELECTRONIC SERVICE**
**(Proof of Service/Electronic Filing and Service)**

Cal. Rules of Court, rule 2.251
*www.courts.ca.gov*

*LexisNexis® Automated California Judicial Council Forms*

POS-050(P)/EFS-050(P)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Nickel vs. The Huntington Beach Gables HOA | 30-2020-01163055 |

## ATTACHMENT TO PROOF OF ELECTRONIC SERVICE (PERSONS SERVED)
*(This attachment is for use with form POS-050/EFS-050.)*
**NAMES, ADDRESSES, AND OTHER APPLICABLE INFORMATION ABOUT PERSONS SERVED:**

| Name of Person Served | Electronic Service Address | Date of Electronic Service |
|---|---|---|
| *(If the person served is an attorney, the party or parties represented should also be stated.)* | | |
| Mark A. Mellor, Esq. on behalf of Randall L. Nickel | officemanager@mellorlawfirm.com; mmellor@mellorlawfirm.com | Date: August 12, 2024 |
| Jamie L. Gallian | jamiegallian@gmail.com | Date: August 12, 2024 |
| | | Date: |
| | | Date: |
| | | Date: |
| | | Date: |
| | | Date: |
| | | Date: |
| | | Date: |
| | | Date: |
| | | Date: |
| | | Date: |

Form Approved for Optional Use
Judicial Council of California
POS-050(P)/EFS-050(P)
[Rev. February 1, 2017]

**ATTACHMENT TO PROOF OF ELECTRONIC SERVICE (PERSONS SERVED)**
(Proof of Service/Electronic Filing and Service)

Page 2 of 2

*LexisNexis® Automated California Judicial Council Forms*

EXHIBIT 2

From:  **Mark Mellor** mmellor@mellorlawfirm.com  📎
Subject:  RE: Gallian Deposition and Order to release Condominium from Bankruptcy stay
Date:  July 5, 2024 at 11:52 AM
To:  OC Services bobwentflying@yahoo.com
Cc:  Jamie Gallian jamiegallian@gmail.com, R.nickelproperties@yahoo.com R.NickelProperties@yahoo.com, Teresa Snyder
tsnyder@mellorlawfirm.com, Valerie Ramirez vramirez@mellorlawfirm.com

Ms. Gallian:

The trustee has abandoned any and all interest it may have in the condominium unit that is part of our action. The order states:

The trustee "seeks to abandon the Estate's claims against Randall L. Nickel ("Nickel") arising solely out of the October 25, 2018 transfer (the "Transfer") of the Debtor's interest in the property commonly known as 4476 Alderport Dr. #53, Huntington Beach, California 92649 (the "Property") to Nickel (collectively, the "Claims"), including any claims under the Uniform Voidable Transactions Act (California Civil Code§§ 3439 et seq.) and 11 U.S.C. § 544.

If you recall when you originally filed your bankruptcy petition you asserted that you still had an interest in the condominium you sold to Mr. Nickel, giving rise to the HOA's allegations that you fraudulently sold the condo to Mr. Nickel, under the unifor voidable transfers act.  You subsequently changed that language in your amended schedules filed in the Bankruptcy matter following our discussion about same and the Trustee subsequently abandoned any interest your estate had in the condo you sold to Mr. Nickel.  Our case moved forward as a result.

Now, if you are asserting some right you think you have to avoid appearing at your noticed depostion and/or going to trial on the Gables HOA's Cross-Complaint, then I would encourage you to seek Bankruptcy counsel to advise you on the assertion of the Bankruptcy Stay in that regard.  As to that assertion, I cannot advise you because I am not a Bankruptcy Law expert.

Anyway, that is the reason for the ex-parte notice and I would encourage you to plan on appearing at that hearing, as a result, in order to avoid the HOA succeding in continuing our trial on August 12, 2024.  It is my perception that HOA counsel are completely unprepared to go to trial in this matter.

Should you have any further questions, or concerns, please do not hesitate to call.

Very truly yours,

MARK A. MELLOR, ESQ.
THE MELLOR LAW FIRM
6800 Indiana Avenue
Suite 220
Riverside, CA  92506
951-222-2100 tel.
951-222-2122 fax

www.mellorlawfirm.com

IRS Circular 230 Disclosure:  Pursuant to Internal Revenue Service Circular 230, only formal opinions satisfying specific requirements may be relied on for the purpose of avoiding certain penalties under the Internal Revenue Code.  Any tax advice contained in this communication (including attachments) does not constitute a formal opinion satisfying such requirements.  Accordingly, we must advise you that any such tax advice was not intended or written to be used, and cannot be used, by you or any other person as such an opinion for the purpose of (i) avoiding penalties imposed under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any matters addressed herein.

This message and any attached documents contain information from THE MELLOR LAW FIRM, APLC that may be privileged and confidential and protected from disclosure.  If the reader of this message is not the intended recipient, or an employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.  If you have received this communication in error, please notify us immediately by replying to the message and deleting it from your computer.  Thank you.

 **Please consider the environment before printing this e-mail.**

---

**From:** OC Services <bobwentflying@yahoo.com>
**Sent:** Friday, July 5, 2024 11:16 AM
**To:** Mark Mellor <mmellor@mellorlawfirm.com>
**Cc:** Jamie Gallian <jamiegallian@gmail.com>
**Subject:** Fwd: TRUSTEE AND HB GABLES stip

132. 08-29-22
Truste...kel.pdf



1  ERIC P. ISRAEL (State Bar No. 132426)
   *eisrael@DanningGill.com*
2  AARON E. DE LEEST (State Bar No. 216832)
   *adeleest@DanningGill.com*
3  DANNING, GILL, ISRAEL & KRASNOFF, LLP
   1901 Avenue of the Stars, Suite 450
4  Los Angeles, California 90067-6006
   Telephone:    (310) 277-0077
5  Facsimile:    (310) 277-5735
6  Attorneys for Jeffrey I. Golden,
   Chapter 7 Trustee
7

RECEIVED

AUG 2 9 2022

THE MELLOR LAW FIRM

8

9                    UNITED STATES BANKRUPTCY COURT

10                   CENTRAL DISTRICT OF CALIFORNIA

11                          SANTA ANA DIVISION

12  In re                                    Case No. 8:21-bk-11710-ES

13  JAMIE LYNN GALLIAN,                      Chapter 7

14                    Debtor.                TRUSTEE'S NOTICE OF INTENT TO
                                             ABANDON ESTATE'S INTEREST IN
15                                           CLAIMS AGAINST RANDALL L.
                                             NICKEL RELATING TO THE
16                                           OCTOBER 2018 TRANSFER OF THE
                                             DEBTOR'S INTEREST IN THE
17                                           PROPERTY COMMONLY KNOWN AS
                                             4476 ALDERPORT DR., #53,
18                                           HUNTINGTON BEACH, CALIFORNIA
                                             92649
19
                                             [No Hearing Required]
20

21  TO ALL CREDITORS AND INTERESTED PARTIES:

22         PLEASE TAKE NOTICE THAT Jeffrey I. Golden, as the Chapter 7 trustee (the

23  "Trustee") for the bankruptcy estate (the "Estate") of Jamie Lynn Gallian (the "Debtor"), seeks to

24  abandon the Estate's claims against Randall L. Nickel ("Nickel") arising solely out of the October

25  2018 transfer (the "Transfer") of the Debtor's interest in the property commonly known as

26  4476 Alderport Dr., #53, Huntington Beach, California 92649 (the "Property") to Nickel

27  (collectively, the "Claims"), including any claims under the Uniform Voidable Transactions Act

28  (California Civil Code §§ 3459 et seq.) and 11 U.S.C. § 544.

1091823  2766

                                             1

---

1         The Trustee has investigated the Claims relating to the Transfer of the Property and has

2  concluded that there is little to no value to the Estate in pursuing the Claims because the Trustee is

3  not likely to recover more than the fees and costs to be incurred by the Estate. Accordingly, the

4  Trustee believes that the Claims are burdensome to the Estate and of inconsequential value to the

5  Estate. Therefore, the Trustee hereby gives notice of his intention to abandon the Claims.

6         NOTICE IS ALSO GIVEN that, pursuant to Local Bankruptcy Rule 6007-1 and

7  9013-1(o)(3), any objection and request for a hearing must, not later than fourteen days from the

8  date of service of this notice, plus an additional three days if served by mail or pursuant to

9  Fed. R. Civ. P. 5(b)(2)(D) or (F), be filed with the Clerk of the Bankruptcy Court and served on:

10  (1) Jeffrey I. Golden, Trustee, 650 Town Center Drive, Suite 600, Costa Mesa, CA 92626; (2) the

11  Office of the United States Trustee at 411 West Fourth Street, Suite 7160, Santa Ana, CA 92701;

12  and (3) counsel for the Trustee whose addresses is listed on the top left hand corner of this notice.

13         Pursuant to Local Bankruptcy Rule 6007-1(d), if no timely objection and request for a

14  hearing are filed and served, the Trustee will take the intended action without further notice or

15  order of the Court. Any objections not timely filed and properly served will be deemed waived.

16         Pursuant to Local Bankruptcy Rule 6007-1(d)(2), the Trustee may lodge a proposed order

17  confirming the Trustee's abandonment of the Check but is not required to do so.

18         NOTICE IS ALSO GIVEN that, in the event that the Trustee receives an acceptable offer

19  to purchase the Claims before the expiration of the objection period set forth herein, the Trustee

20  reserves the right to withdraw this notice and seek Court approval of a sale of the Claims to the

21  highest bidder.

22  DATED:  August 25, 2022

23                                    DANNING, GILL, ISRAEL & KRASNOFF, LLP

24

25                                    By:  */s/ Aaron E. de Leest*
                                           AARON E. DE LEEST
26                                         Attorneys for Jeffrey I. Golden,
                                           Chapter 7 Trustee
27

28  DATE OF MAILING:  August 25, 2022

1091823  2766

                                             2

**PROOF OF SERVICE OF DOCUMENT**

18 and not a party to this bankruptcy case or adversary proceeding. My business address is 1901
Suite 450, Los Angeles, CA 90067-6005.

py of the foregoing document entitled (specify):  TRUSTEE'S NOTICE OF INTENT TO
S INTEREST IN  CLAIMS AGAINST RANDALL L. NICKEL RELATING TO THE OCTOBER 2018
 OEBTOR'S INTEREST IN THE PROPERTY COMMONLY KNOWN AS 4476 ALDERPORT DR.
BEACH, CALIFORNIA 92649 will be served or was served (a) on the judge in chambers in the
uired by LBR 5005-2(d); and (b) in the manner stated below:

BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF): Pursuant to controlling General
J LBR, the foregoing document will be served by the court via NEF and hyperlink to the document.
 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined
persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses
                                    stated below:☒ Service information continued on attached page.

TED STATES MAIL:  On  August 25, 2022 , I served the following persons and/or entities at the
 s in this bankruptcy case or adversary proceeding by causing to be placed a true and correct copy
nvelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing
tutes a declaration that mailing to the judge will be completed no later than 24 hours after the

                                    ☒ Service information continued on attached page.

3Y PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state
    method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on
 ____, I served the following persons and/or entities by personal delivery, overnight mail service,
to consented in writing to such service method), by facsimile transmission and/or email as follows.
Jdge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be
 later than 24 hours after the document is filed.☐ Service information continued on attached page.

ty of perjury under the laws of the United States that the foregoing is true and correct.

| Vivian Servin | /s/ Vivian Servin |
|---|---|
| Printed Name | Signature |

adatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**

ADDITIONAL SERVICE INFORMATION (if needed):

1. **SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**

Aaron E DE Leest on behalf of Trustee Jeffrey I Golden (TR)
adeleest@DanningGill.com, danninggill@gmail.com;adeleest@ecf.inforuptcy.com

Robert P Goe on behalf of Creditor The Huntington Beach Gables Homeowners Associatio
kmurphy@goeforlaw.com, rgoe@goeforlaw.com;goeforecf@gmail.com

Robert P Goe on behalf of Plaintiff The Huntington Beach Gables Homeowners Associatio
kmurphy@goeforlaw.com, rgoe@goeforlaw.com;goeforecf@gmail.com

Jeffrey I Golden (TR)
lwerner@wgllp.com, jig@trustesolutions.net;kadele@wgllp.com

D Edward Hays on behalf of Creditor Houser Bros. Co. dba Rancho Del Rey Mobile Home
ehays@marshackhays.com,
ehays@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@marshackhays.com
ourtdrive.com

D Edward Hays on behalf of Interested Party Courtesy NEF
ehays@marshackhays.com,
ehays@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@marshackhays.com
ourtdrive.com

D Edward Hays on behalf of Plaintiff Houser Bros. Co.
ehays@marshackhays.com,
ehays@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@marshackhays.com
ourtdrive.com

Brandon J Iskander on behalf of Creditor The Huntington Beach Gables Homeowners Asso
biskander@goeforlaw.com, kmurphy@goeforlaw.com

Brandon J Iskander on behalf of Plaintiff The Huntington Beach Gables Homeowners Asso
biskander@goeforlaw.com, kmurphy@goeforlaw.com

Eric P Israel on behalf of Trustee Jeffrey I Golden (TR)
eisrael@DanningGill.com, danninggill@gmail.com;eisrael@ecf.inforuptcy.com

Laila Masud on behalf of Creditor Houser Bros. Co. dba Rancho Del Rey Mobile Home Es
lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com

Laila Masud on behalf of Interested Party Courtesy NEF
lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com

Laila Masud on behalf of Plaintiff Houser Bros. Co.
lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com

Mark A Mellor on behalf of Defendant Randall L Nickel
mail@mellorlawfirm.com, mellormr79158@notify.bestcase.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central Distri

June 2012                                                **F 9013-3.1.PRO**

behalf of Interested Party Courtesy NEF
m.com, mellormr79158@notify.bestcase.com

ehalf of Interested Party Courtesy NEF   claims@recoverycorp.com

tee (SA)   ustpregion16.sa.ecf@usdoj.gov

U.S. MAIL

| | The Honorable Erithe Smith U.S. Bankruptcy Court 411 West Fourth Street, Suite 5040 Santa Ana, CA 92701-4593 | |
|---|---|---|
| SP #376 A 92649 | | |
| onent Dept. IIC 92E 80-0001 | Franchise Tax Board Bankruptcy Section MS: A-340 P.O. Box 2952 Sacramento, CA 95812-2952 | Houser Bros. Co. dba Rancho Del Rey Mobile H c/o Marshack Hays LLP 870 Roosevelt Irvine, CA 92620-3663 |
| et, Suite 2030, 1-4500 | Association of Flight Attendants 625 No. River Road Ste. 4020 Rosemont, IL. 60018 | BS Investors Robert P. Warmington C/o Gorden May Grant, Genovese & Baratta 2030 Hain St. Ste. 1600 Irvine, CA 92614 |
| llector -4515 | David R. Flyer 4120 Birch St. Ste. 101, Newport Beach, CA 92660-2228 | Feldsott & Lee 23161 Mill Creek Drive Ste 300 Laguna Hills, CA 92653-7907 |
| rita, CA 92688- | Gordon Rees Scully & Mansukhani 5 Park Plaza Ste. 1100 Irvine, CA 92614-8502 | Gordon Rees Scully & Mansukhani 633 W 5th Street, 52nd Floor Los Angeles, CA 90071-2005 |
| ry Estates A 92649-6214 | Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates 17610 Beach Blvd Ste. 32 Huntington Beach, CA 92647-6876 | Houser Brothers Co. dba Rancho Del Rey Mobilehome Est. 17610 Beach Blvd. Ste. 32 Huntington Beach, CA 92647-6876 |
| ables H0A . Ste. 300 Laguna 7 | Huntington Beach Gables Homeowners Associati Epstein, Grinnel & Howell, APC 10200 Willow Creek Rd Ste 100 San Diego CA 92131-1655 | Huntington Harbor Village 16400 Saybrook Huntington Beach, CA 92649-2277 |

| | | |
|---|---|---|
| Huntington Hobile Home Inv. LLC. 430 S. San Dimas Ave. San Dimasa CA 91773-4045 | Huntington Mobile Home Investments 16400 Saybrook Lane Huntington Beach, CA 92649-2277 | Huntington Mobil LLC 1100 Newport Be Newport Beach, C |
| Hyundai Capital America PO BOX 269011 Plano, TX 75026-9011 | Hyundai Capital America PO BOX 269011 Plano, TX 75026-9011 | Internal Revenue PO Box 7346 Philadelphia, 191( |
| Internal Revenue Service Insolvency PO BOX 7346 Philadelphia, PA 19101-7346 | J-Sandcastle Co, LLC 16222 Monterey Ln Unit 376 Huntington Beach CA 92649-2258 | J-pad, LLC 21742 Anza Aven Torrance, CA 905 |
| J-pad, LLC 2702 N Gaff Street Orange, CA 92865-2417 | James H Costello Castello & Lincoln, 525 N Cabrillo Park Dr. Ste 104 Santa Ana, CA 92701-5017 | Jamie Lynn Gallia 16222 Monterey L Huntington Beach |
| Janine Jasso 16025 Warmington Lane Huntington Beach, CA 92649-2278 | JANINE JASSO PO BOX 370161 EL PASO TX 79937-0161 | Janine Jasso c/o Gordon Rees S Mansukhani 633 W 5th Street, Los Angeles, CA |
| Jennifer Ann Paulin c/o Gordon Rees Scully & Mansukhani 633 W 5th Street, 52nd Floor Los Angeles, CA 90071-2005 | Jennifer Paulin 4446 Alderport Dr. Huntington Beach, CA 92649-2286 | Kia Motors Finan PO Box 20815 Fountain Valley, ( |
| Lee Gragnano 16062 Warmington Ave. Huntington Beacha CA 92649-2285 | Lee Gragnano 16062 Warmington Ave. Huntington Beach, CA 92649-2285 | Lee S. Gragnano c/o Gordon Rees S Mansukhani 633 W 5th Street, Los Angeles, CA |
| Linda Jean "Lindy" Bec c/o Gordon Rees Scully & Mansukhani 633 W 5th Street, 52nd Floor Los Angeles, CA 90071-2005 | Lindy Beck 4443 Chase Dr. Huntington Beach, CA 92649-2297 | Lisa T. Ryan 20949 Lassen St. Chatsworth, CA 9 |
| Lori Ann Burrett c/o Gordon Rees Scully & Mansukhani 633 W 5th Street, 52nd Floor Los Angeles, CA 90071-2005 | Lori Burrett 16107 Harmington Lane Huntington Beach, CA 92649-2281 | Lori Burrett 16107 Sherlock L Huntington Beach |

ndatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central Distri

June 2012                                                 **F 9013-3.1.PRO**

r Law Firm

Michael S. Devereux
Wex Law
9171 Wilshire Blvd. Ste. 500
Beverly Hills, CA 90210-5536

4267

Nationwide Reconveyance, LLC
c/o Feldsott & Lee
23161 Mill Creek Drive Ste 300
Laguna Hills, CA 92653-7908

ate Defender
te 600
4552

Orange County Public Defender
801 Civic Center Dr
West Santa Ana, CA 92702

Orange County Superior Court
c/o Feldsott & Lee
23161 Mill Creek Dr. Ste. 300
Laguna Hills, CA 92653-7907

208
1-4239

People of the St of CA
8141 13th St
Westminster CA 92683-4576

Randall Nickel
11619 Inwood Drive,
Riverside, CA 92503-5000

\ 92649-2288

Randell Nickel, Esq.
6800 Indiana Ave. Ste. 220
Riverside, CA 92506-4267

Randell Nickel
c/o Mark Mellor, Esq. Ste. 220 6800
Indiana Ave.
Riverside, CA 92506

l,
2660-2228

Robert P. Warmington Co.
c/o BS Investors
18201 Von Karmen Ste. 450
Irvine, CA 92612-1195

Robert P. Warmington Co.
c/o BS Investors LP
18201 Von Karmen Ste. 450
Irvine, CA 92612-1195

th Fl
)

S4 A California Limited Partnership
1001 Cove St Ste 230
Newport Beach CA 92660

Sandra L. Bradley
18 Meadowwood
Coto De Caza, CA 92679-4738

579-4738

Stanley Feldsott: Esq
Feldsott & Lee
23161 Mill Creek Drive
Laguna Hills, CA 92653-7907

Steven A. Fink
13 Corporate Plaza Ste. 150
Newport Beach, CA 92660-7919

Vest
3907

Superior Default Services Inc
c/o Feldsott & Lee
23161 Mill Creek Drive Ste 300
Laguna Hills, CA 92653-7908

Suzanne Tague
Ross Wolcott, Teinert, Prout
3151 Airway Ave. S-1
Costa Mesa, CA 92626-4627

\ 92649

Ted Phillips
17912 Sandra Lee
Huntington Beach, CA 92649

The Huntington Beach Gables
Homeowners Association
c/o Epsten Grinnell & Howell APC
10200 Willow Creek Road, Ste 100
San Diego, CA 92131-1669

---

The Huntington Beach Gables
Homeowners Association
c/o Epsten Grinnell & Howell,
APC 10200 Willow Creek Road,
Ste 100
San Diego, CA 92131

The Huntington Beach Gables
Homeowners Assoc
c/o Goe Forsythe & Hodges LLP
18101 Von Karman Ave,
Suite 1200
Irvine, CA 92612-7119

Theodore Phillips
17612 Sandea Lee
Huntington Beach

Theodore R "Ted" Phill
c/o Gordon Rees Scully &
Mansukhani
633 W 5th Street, 52nd Floor
Los Angeles, CA 90071-2005

US BANK
PO BOX 5229
CINCINNATI OH 45201-5229

United Airlines
233 S. Hacker Dr.
Chicago, IL 60606

United Airlines
P.O. Box 0675
Carol Stream, 60132-0675

United States Trustee (SA)
411 W Fourth St., Suite 7160
Santa Ana, CA 92701-4500

Vivienne J Alston
Alston, Alston & D
27201 Puerta Real
Mission Viejo, CA

qennifer Paulin
4446 Alderport Dr.
Huntington Beach, CA 92649-2286

zanine Jasso
16025 Harmington Lane
Huntington Beach CA 92649-2278

Jamie Lynn Gallia
16222 Monterey L
Huntington Beach,

Jeffrey I Golden (TR)
650 Town Center Drive, Suite 600
Costa Mesa, CA 92626-7121

---

idatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

F 9013-3.1.PROOF.SERVICE

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central Distri

F 9013-3.1.PRO

EXHIBIT 3



**Jamie Gallian <jamiegallian@gmail.com>**

## In re: Jamie Lynn Gallian
3 messages

| | |
|---|---|
| **Gloria Ramos** <GRamos@danninggill.com> | Wed, Oct 2, 2024 at 1:28 PM |

To: "jamiegallian@gmail.com" <jamiegallian@gmail.com>
Cc: Eric Israel <EPI@danninggill.com>

Dear Ms. Gallian – attached is a copy of the following:

1. Fourth Stipulation Between the Chapter 7 Trustee and The Huntington Beach Gabes Homeowners Association to Toll Statues of Limitations; and
2. Notice of Lodgement.

Thank you.

**Gloria Ramos**

**Secretary to Eric P. Israel**
**Danning, Gill, Israel & Krasnoff, LLP**
1901 Avenue of the Stars, Suite 450
Los Angeles CA 90067-6006
(310) 277-0077 **|** (310) 277-5735 fax

gramos@DanningGill.com | www.DanningGill.com



CONFIDENTIALITY
This e-mail message and any attachments thereto is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this e-mail message, you are hereby notified that any dissemination, distribution or copying of this e-mail message, and any attachments thereto is strictly prohibited. If you have received this e-mail message in error, please immediately notify me by telephone and permanently delete the original and any copies of this email and any prints thereof.

NOT INTENDED AS A SUBSTITUTE FOR A WRITING
Notwithstanding the Uniform Electronic Transactions Act or the applicability of any other law of similar substance and effect, absent an express statement to the contrary hereinabove, this e-mail message, its contents, and any attachments hereto are not intended to represent an offer or acceptance to enter into a contract and are not otherwise intended to bind the sender, Danning, Gill, Israel & Krasnoff, LLP, any of its clients, or any other person or entity.

**2 attachments**

 **F-Gallian - Fourth Stipulation between Tee and Huntington Beach Gables HOA.pdf**
641K

 **F-Gallian - NOL re Fourth Stipulation between Tee and Huntington Beach Gables HOA 1778510_1.pdf**
68K

---

**Jamie Gallian** <jamiegallian@gmail.com>                          Thu, Oct 3, 2024 at 9:27 AM
To: Eric Israel <EPI@danninggill.com>, Jeff Golden <jgolden@wgllp.com>
Cc: Jamie Gallian <jamiegallian@gmail.com>, Austin Nichter <anichter@cahoalaw.com>

Gentlemen,

Would you kindly explain the purpose of this 4th Stipulation.
As you know I was dismissed from this case as a Cross-Defendant by the Huntington Beach Gables which is identical
to their adversary complaint.

The Trustee also abandon any claims he had or interests against Randal Nickel in the Gables HOA Adversary Case
and In the OCSC Nickel v Huntington Beach Gables HOA, et al.

I am unclear why you need to file a 4th Stipulation in my Chapter 7.

How does this benefit my estate, if I was dismissed from this case approximately  August 7, 2024.

Sincerely,


Jamie Gallian
714-321-3449
jamiegallian@gmail.com




---------- Forwarded message ---------
From: **Gloria Ramos** <GRamos@danninggill.com>
Date: Wed, Oct 2, 2024 at 1:29 PM
Subject: In re: Jamie Lynn Gallian
To: jamiegallian@gmail.com <jamiegallian@gmail.com>
Cc: Eric Israel <EPI@danninggill.com>


Dear Ms. Gallian – attached is a copy of the following:


1. Fourth Stipulation Between the Chapter 7 Trustee and The Huntington Beach Gabes
   Homeowners Association to Toll Statues of Limitations; and
2. Notice of Lodgement.




Thank you.

**Gloria Ramos**

**Secretary to Eric P. Israel**
**Danning, Gill, Israel & Krasnoff, LLP**
1901 Avenue of the Stars, Suite 450
Los Angeles CA 90067-6006
(310) 277-0077 **|** (310) 277-5735 fax

gramos@DanningGill.com | www.DanningGill.com



CONFIDENTIALITY
This e-mail message and any attachments thereto is intended only for use by the addressee(s) named herein and may contain legally privileged and/or
confidential information. If you are not the intended recipient of this e-mail message, you are hereby notified that any dissemination, distribution or
copying of this e-mail message, and any attachments thereto is strictly prohibited. If you have received this e-mail message in error, please immediately
notify me by telephone and permanently delete the original and any copies of this email and any prints thereof.

NOT INTENDED AS A SUBSTITUTE FOR A WRITING
Notwithstanding the Uniform Electronic Transactions Act or the applicability of any other law of similar substance and effect, absent an express statement
to the contrary hereinabove, this e-mail message, its contents, and any attachments hereto are not intended to represent an offer or acceptance to enter
into a contract and are not otherwise intended to bind the sender, Danning, Gill, Israel & Krasnoff, LLP, any of its clients, or any other person or entity.

---

**2 attachments**

 **F-Gallian - Fourth Stipulation between Tee and Huntington Beach Gables HOA.pdf**
641K

 **F-Gallian - NOL re Fourth Stipulation between Tee and Huntington Beach Gables HOA 1778510_1.pdf**
68K

---

**Jamie Gallian** <jamiegallian@gmail.com>                          Thu, Oct 3, 2024 at 9:40 AM
To: Eric Israel <EPI@danninggill.com>, Jeff Golden <jgolden@wgllp.com>, Austin Nichter <anichter@cahoalaw.com>,
rgoe@goeforlaw.com
Cc: Jamie Gallian <jamiegallian@gmail.com>

Please see Conformed  Notice of Dismissal attached.

Please kindly respond to my questions in a timely manner.

Sincerely,


Jamie Gallian
714-321-3449
jamiegallian@gmail.com




---------- Forwarded message ---------
From: **Jamie Gallian** <jamiegallian@gmail.com>

Date: Thu, Oct 3, 2024 at 9:27 AM
Subject: Fwd: In re: Jamie Lynn Gallian
To: Eric Israel <EPI@danninggill.com>, Jeff Golden <jgolden@wgllp.com>
Cc: Jamie Gallian <jamiegallian@gmail.com>, Austin Nichter <anichter@cahoalaw.com>

Gentlemen,

Would you kindly explain the purpose of this 4th Stipulation.
As you know I was dismissed from this case as a Cross-Defendant by the Huntington Beach Gables which is identical to their adversary complaint.

The Trustee also abandon any claims he had or interests against Randal Nickel in the Gables HOA Adversary Case and In the OCSC Nickel v Huntington Beach Gables HOA, et al.

I am unclear why you need to file a 4th Stipulation in my Chapter 7.

How does this benefit my estate, if I was dismissed from this case approximately  August 7, 2024.

Sincerely,


Jamie Gallian
714-321-3449
jamiegallian@gmail.com




---------- Forwarded message ---------
From: **Gloria Ramos** <GRamos@danninggill.com>
Date: Wed, Oct 2, 2024 at 1:29 PM
Subject: In re: Jamie Lynn Gallian
To: jamiegallian@gmail.com <jamiegallian@gmail.com>
Cc: Eric Israel <EPI@danninggill.com>


Dear Ms. Gallian – attached is a copy of the following:


1. Fourth Stipulation Between the Chapter 7 Trustee and The Huntington Beach Gabes Homeowners Association to Toll Statues of Limitations; and
2. Notice of Lodgement.




Thank you.


**Gloria Ramos**

**Secretary to Eric P. Israel**
**Danning, Gill, Israel & Krasnoff, LLP**

1901 Avenue of the Stars, Suite 450
Los Angeles CA 90067-6006
(310) 277-0077 | (310) 277-5735 fax

gramos@DanningGill.com | www.DanningGill.com



CONFIDENTIALITY
This e-mail message and any attachments thereto is intended only for use by the addressee(s) named herein and may contain legally privileged and/or
confidential information. If you are not the intended recipient of this e-mail message, you are hereby notified that any dissemination, distribution or
copying of this e-mail message, and any attachments thereto is strictly prohibited. If you have received this e-mail message in error, please immediately
notify me by telephone and permanently delete the original and any copies of this email and any prints thereof.

NOT INTENDED AS A SUBSTITUTE FOR A WRITING
Notwithstanding the Uniform Electronic Transactions Act or the applicability of any other law of similar substance and effect, absent an express statement
to the contrary hereinabove, this e-mail message, its contents, and any attachments hereto are not intended to represent an offer or acceptance to enter
into a contract and are not otherwise intended to bind the sender, Danning, Gill, Israel & Krasnoff, LLP, any of its clients, or any other person or entity.



**3 attachments**

**F-Gallian - Fourth Stipulation between Tee and Huntington Beach Gables HOA.pdf**
641K

**F-Gallian - NOL re Fourth Stipulation between Tee and Huntington Beach Gables HOA 1778510_1.pdf**
68K

**Notice of HOA Diss Gallian.pdf**
5344K

EXHIBIT 4

1 | ERIC P. ISRAEL (State Bar No. 132426)
  | *eisrael@DanningGill.com*
2 | DANNING, GILL, ISRAEL & KRASNOFF, LLP
  | 1901 Avenue of the Stars, Suite 450
3 | Los Angeles, California 90067-6006
  | Telephone:   (310) 277-0077
4 | Facsimile:   (310) 277-5735

5 | Attorneys for Jeffrey I. Golden,
  | Chapter 7 Trustee

6

7 | UNITED STATES BANKRUPTCY COURT

8 | CENTRAL DISTRICT OF CALIFORNIA

9 | SANTA ANA DIVISION

10

11 | In re                                   Case No. 8:21-bk-11710-SC

12 | JAMIE LYNN GALLIAN,                      Chapter 7

13 |                                          **FOURTH STIPULATION BETWEEN
   |                                          THE CHAPTER 7 TRUSTEE AND THE**
14 |           Debtor.                        **HUNTINGTON BEACH GABLES
   |                                          HOMEOWNERS ASSOCIATION TO**
15 |                                          **TOLL STATUTES OF LIMITATIONS**

16 |                                          [No Hearing Required]

17 |         This stipulation to toll statutes of limitations (the "Agreement"), dated as of October 1,

18 | 2024, is entered into by and between Jeffrey I. Golden, as the Chapter 7 Trustee (the "Trustee") for

19 | the bankruptcy estate of Jamie Lynn Gallian (the "Debtor), on the one hand, and The Huntington

20 | Beach Gables Homeowners Association (the "HOA"), on the other hand (collectively the "Parties"

21 | and each a "Party").

22 |         WHEREAS, on July 9, 2021 (the "Petition Date"), the Debtor filed a voluntary petition for

23 | relief under Chapter 7 of title 11 of the United States Code (the "Bankruptcy Code"), Bankruptcy

24 | Case No. 8:21-bk-11710-SC (the "Bankruptcy Case"), which case is currently pending in the Santa

25 | Ana Division of the United States Bankruptcy Court for the Central District of California, and

26 | Jeffrey I. Golden was appointed as the Chapter 7 trustee for the Debtor's bankruptcy estate.

27 |         WHEREAS, pursuant to Sections 108 and 546 of the Bankruptcy Code, the Trustee may

28 | have been required to bring certain claims and causes of action within two years of the Petition

1778485.1 27064                                  1

1 Date.

2      WHEREAS, the parties previously tolled the deadline three times, the latest via a

3 stipulation dated April 2, 2024 (*docket no. 389*), and order thereon entered on or about April 9,

4 2024 (*docket no. 391*), the date by which the Trustee may have been required to file certain claims

5 against the HOA was extended to October 9, 2024.

6      NOW, THEREFORE, the Parties agree and stipulate as follows:

7      1.     Capitalized terms in this Agreement not defined elsewhere shall have the following

8 meanings:

9      (a)     "Claim" and/or "Claims" means any and all debts, duties, obligations,

10 agreements, contracts, promises, covenants, representations, warranties, guaranties, breaches,

11 defaults, damages, injuries, losses, demands, allegations, causes of action, actions, claims for relief,

12 orders, judgments, liens, encumbrances, levies, charges, costs, expenses, attorneys' fees and other

13 claims or liabilities of any kind, whether at law or in equity, whether known or unknown, and

14 whether concealed or revealed that could be asserted by the Trustee or the Debtor's bankruptcy

15 estate against the HOA. Without limiting the foregoing definition, which is intended to be

16 construed as broadly as possible to include any and all claims of any kind or nature, the definition

17 of "Claim" and/or "Claims" includes any and all claims under Sections 542 through 550, inclusive,

18 of the Bankruptcy Code.

19      (b)     "Limitations Period" means any statute of limitations, statute of repose,

20 period of prescription, contractual period of limitation, laches, and any other rule or doctrine, at law

21 or in equity, relating to the timeliness of any Claim(s).

22      2.     The running of any Limitations Period that would otherwise apply to any Claims

23 that the Trustee or the Debtor's bankruptcy estate may have against the HOA is hereby tolled

24 through **April 9, 2025** (the "Expiration Date") and the HOA hereby waives the invocation of any

25 such Limitations Period as a defense only in the event, and provided that, the Claims are asserted or

26 alleged against the HOA by action or proceeding brought in any court of competent jurisdiction on

27 or before the Expiration Date, and the HOA hereby agrees that such action or proceeding will be

28 deemed to have been commenced and the Claims legally interposed as of the date hereof for all

1778485.1 27064

2

1  purposes, including, without limitation, for purposes of any Limitations Period.

2    3.    This Agreement will remain in effect during the period from the date hereof until the

3  Expiration Date (the "Tolling Period"), and any extensions thereof. The HOA agrees to waive and

4  shall not assert any defenses against the Trustee or the Debtor's bankruptcy estate based on the

5  passage of time during the Tolling Period as to Claims asserted or alleged by action or proceeding

6  in any court of competent jurisdiction against the HOA on or before the Expiration Date.

7    4.    If, after the Tolling Period, a Party brings an action against another, no Party may

8  put forward or rely upon the time that elapses during the Tolling Period in any way in defending

9  against any Claims.

10    5.    Nothing herein shall constitute or be deemed to constitute an admission,

11  acknowledgment, waiver or election on behalf of any Party as to any liability or wrongdoing, or the

12  applicability of any Limitations Period, nor shall the tolling of the Limitations Period, as provided

13  herein, serve to revive any Limitations Period that may have expired as of the date hereof. Nothing

14  herein shall constitute or be deemed to constitute an admission or acknowledgment on behalf of

15  any Party as to the existence or viability of any Claims. Moreover, nothing herein shall be deemed

16  a waiver of the automatic or any other stay otherwise in place in the Bankruptcy Case.

17    6.    Each of the undersigned represents that he or she has the authority to execute this

18  Agreement on behalf of the Party for whom it is executed.

19    7.    This Agreement cannot be offered or received in evidence in any legal action among

20  the Parties except to enforce the terms of the Agreement.

21    8.    This Agreement shall be binding upon and inure to the benefit of the Trustee, the

22  HOA, and each of their respective successors and assigns.

23    9.    A facsimile or emailed copy of the executed Agreement shall serve as an original.

24    10.    Except as expressly provided herein, this Agreement shall not constitute a waiver or

25  release of any rights, claims or defenses by any Party hereto.

26    11.    This Agreement constitutes the entire and integrated agreement of the Parties with

27  respect to the subject matters hereof, and may not be altered, modified or amended, except in a

28  writing signed by the Parties.

1778485.1 27064    3

12.    Each Party represents and warrants that it has taken all necessary corporate and legal action required to duly approve the making and performance of this Agreement and that no further action is necessary to make this stipulation binding and legally enforceable, except for the Bankruptcy Court approval contemplated herein, and the undersigned counsel represent and warrant that they have been and are duly authorized by the respective Parties to sign this Agreement on their behalf.

13.    The Trustee shall lodge an order approving and giving effect to this Agreement.

IN WITNESS OF THE FOREGOING, the Parties, by and through their counsel, have executed, or caused to be executed, this Agreement as of the date first written above.

DANNING, GILL, ISRAEL & KRASNOFF, LLP


By: _____
ERIC P. ISRAEL
Attorneys for Jeffrey I. Golden, Chapter 7 Trustee for the
bankruptcy estate of Jamie Lynn Gallian


GOE FORSYTHE & HODGES LLP


By: _____
ROBERT P. GOE
Attorneys for The Huntington Beach Gables Homeowners
Association

1778485.1  27064                                    4

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 1901 Avenue of the Stars, Suite 450, Los Angeles, CA 90067-6006.

A true and correct copy of the foregoing document entitled (*specify*):  FOURTH STIPULATION BETWEEN THE CHAPTER 7 TRUSTEE AND THE HUNTINGTON BEACH GABLES HOMEOWNERS ASSOCIATION TO TOLL STATUTES OF LIMITATIONS will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)  October 2, 2024  I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page.

**2. SERVED BY UNITED STATES MAIL**:
On (*date*)  October 2, 2024 , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page.

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*)  October 2, 2024 , I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| October 2, 2024 | Gloria Ramos | */s/ Gloria Ramos* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

ADDITIONAL SERVICE INFORMATION (if needed):

## 1. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")

- **Bradford Barnhardt**    bbarnhardt@marshackhays.com,
  bbarnhardt@ecf.courtdrive.com,alinares@ecf.courtdrive.com

- **Aaron E. De Leest**    adeleest@marshackhays.com,
  adeleest@marshackhays.com,alinares@ecf.courtdrive.com

- **Robert P Goe**    kmurphy@goeforlaw.com,
  rgoe@goeforlaw.com;goeforecf@gmail.com;Goe.RobertP.R@notify.bestcase.com;ajohnston@goeforlaw.com

- **Jeffrey I Golden (TR)**    lwerner@go2.law,
  jig@trustesolutions.net;kadele@go2.law;C205@ecfcbis.com

- **D Edward Hays**    ehays@marshackhays.com,
  ehays@ecf.courtdrive.com;alinares@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com

- **Brandon J. Iskander**    biskander@goeforlaw.com, kmurphy@goeforlaw.com

- **Eric P Israel**    eisrael@danninggill.com, danninggill@gmail.com;eisrael@ecf.inforuptcy.com

- **Shantal Malmed**    shantal.malmed@gmlaw.com, cheryl.caldwell@gmlaw.com

- **Laila Masud**    lmasud@marshackhays.com,
  lmasud@ecf.courtdrive.com;lbuchanan@marshackhays.com;alinares@ecf.courtdrive.com

- **Mark A Mellor**    mail@mellorlawfirm.com, mellormr79158@notify.bestcase.com

- **Valerie Smith**    claims@recoverycorp.com

- **United States Trustee (SA)**    ustpregion16.sa.ecf@usdoj.gov

## 2. SERVED BY U.S. MAIL

The Honorable Scott C. Clarkson
U.S. Bankruptcy Court
Ronald Reagan Federal Building
411 W. Fourth Street, Suite 5130
Santa Ana, CA 92701

## 3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR E-MAIL

**By Email:**
Jamie Lynn Gallian                jamiegallian@gmail.com

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                        **F 9013-3.1.PROOF.SERVICE**

1 | ERIC P. ISRAEL (State Bar No. 132426)
*eisrael@DanningGill.com*
2 | DANNING, GILL, ISRAEL & KRASNOFF, LLP
1901 Avenue of the Stars, Suite 450
3 | Los Angeles, California 90067-6006
Telephone:  (310) 277-0077
4 | Facsimile:  (310) 277-5735

5 | Attorneys for Jeffrey I. Golden,
Chapter 7 Trustee

6

7 | **UNITED STATES BANKRUPTCY COURT**

8 | **CENTRAL DISTRICT OF CALIFORNIA**

9 | **SANTA ANA DIVISION**

10

11 | In re | Case No. 8:21-bk-11710-SC

12 | JAMIE LYNN GALLIAN, | Chapter 7

13 | | **FOURTH STIPULATION BETWEEN THE CHAPTER 7 TRUSTEE AND THE**

14 | Debtor. | **HUNTINGTON BEACH GABLES HOMEOWNERS ASSOCIATION TO**

15 | | **TOLL STATUTES OF LIMITATIONS**

16 | | [No Hearing Required]

17 |       This stipulation to toll statutes of limitations (the "Agreement"), dated as of October 1,

18 | 2024, is entered into by and between Jeffrey I. Golden, as the Chapter 7 Trustee (the "Trustee") for

19 | the bankruptcy estate of Jamie Lynn Gallian (the "Debtor), on the one hand, and The Huntington

20 | Beach Gables Homeowners Association (the "HOA"), on the other hand (collectively the "Parties"

21 | and each a "Party").

22 |       WHEREAS, on July 9, 2021 (the "Petition Date"), the Debtor filed a voluntary petition for

23 | relief under Chapter 7 of title 11 of the United States Code (the "Bankruptcy Code"), Bankruptcy

24 | Case No. 8:21-bk-11710-SC (the "Bankruptcy Case"), which case is currently pending in the Santa

25 | Ana Division of the United States Bankruptcy Court for the Central District of California, and

26 | Jeffrey I. Golden was appointed as the Chapter 7 trustee for the Debtor's bankruptcy estate.

27 |       WHEREAS, pursuant to Sections 108 and 546 of the Bankruptcy Code, the Trustee may

28 | have been required to bring certain claims and causes of action within two years of the Petition

1778485.1  27064                              1

1  Date.

2      WHEREAS, the parties previously tolled the deadline three times, the latest via a

3  stipulation dated April 2, 2024 (*docket no. 389*), and order thereon entered on or about April 9,

4  2024 (*docket no. 391*), the date by which the Trustee may have been required to file certain claims

5  against the HOA was extended to October 9, 2024.

6      NOW, THEREFORE, the Parties agree and stipulate as follows:

7      1.    Capitalized terms in this Agreement not defined elsewhere shall have the following

8  meanings:

9          (a)    "Claim" and/or "Claims" means any and all debts, duties, obligations,

10  agreements, contracts, promises, covenants, representations, warranties, guaranties, breaches,

11  defaults, damages, injuries, losses, demands, allegations, causes of action, actions, claims for relief,

12  orders, judgments, liens, encumbrances, levies, charges, costs, expenses, attorneys' fees and other

13  claims or liabilities of any kind, whether at law or in equity, whether known or unknown, and

14  whether concealed or revealed that could be asserted by the Trustee or the Debtor's bankruptcy

15  estate against the HOA.  Without limiting the foregoing definition, which is intended to be

16  construed as broadly as possible to include any and all claims of any kind or nature, the definition

17  of "Claim" and/or "Claims" includes any and all claims under Sections 542 through 550, inclusive,

18  of the Bankruptcy Code.

19          (b)    "Limitations Period" means any statute of limitations, statute of repose,

20  period of prescription, contractual period of limitation, laches, and any other rule or doctrine, at law

21  or in equity, relating to the timeliness of any Claim(s).

22      2.    The running of any Limitations Period that would otherwise apply to any Claims

23  that the Trustee or the Debtor's bankruptcy estate may have against the HOA is hereby tolled

24  through **April 9, 2025** (the "Expiration Date") and the HOA hereby waives the invocation of any

25  such Limitations Period as a defense only in the event, and provided that, the Claims are asserted or

26  alleged against the HOA by action or proceeding brought in any court of competent jurisdiction on

27  or before the Expiration Date, and the HOA hereby agrees that such action or proceeding will be

28  deemed to have been commenced and the Claims legally interposed as of the date hereof for all

1778485.1 27064                                                2

1   purposes, including, without limitation, for purposes of any Limitations Period.

2          3.      This Agreement will remain in effect during the period from the date hereof until the

3   Expiration Date (the "Tolling Period"), and any extensions thereof. The HOA agrees to waive and

4   shall not assert any defenses against the Trustee or the Debtor's bankruptcy estate based on the

5   passage of time during the Tolling Period as to Claims asserted or alleged by action or proceeding

6   in any court of competent jurisdiction against the HOA on or before the Expiration Date.

7          4.      If, after the Tolling Period, a Party brings an action against another, no Party may

8   put forward or rely upon the time that elapses during the Tolling Period in any way in defending

9   against any Claims.

10         5.      Nothing herein shall constitute or be deemed to constitute an admission,

11  acknowledgment, waiver or election on behalf of any Party as to any liability or wrongdoing, or the

12  applicability of any Limitations Period, nor shall the tolling of the Limitations Period, as provided

13  herein, serve to revive any Limitations Period that may have expired as of the date hereof. Nothing

14  herein shall constitute or be deemed to constitute an admission or acknowledgment on behalf of

15  any Party as to the existence or viability of any Claims. Moreover, nothing herein shall be deemed

16  a waiver of the automatic or any other stay otherwise in place in the Bankruptcy Case.

17         6.      Each of the undersigned represents that he or she has the authority to execute this

18  Agreement on behalf of the Party for whom it is executed.

19         7.      This Agreement cannot be offered or received in evidence in any legal action among

20  the Parties except to enforce the terms of the Agreement.

21         8.      This Agreement shall be binding upon and inure to the benefit of the Trustee, the

22  HOA, and each of their respective successors and assigns.

23         9.      A facsimile or emailed copy of the executed Agreement shall serve as an original.

24         10.     Except as expressly provided herein, this Agreement shall not constitute a waiver or

25  release of any rights, claims or defenses by any Party hereto.

26         11.     This Agreement constitutes the entire and integrated agreement of the Parties with

27  respect to the subject matters hereof, and may not be altered, modified or amended, except in a

28  writing signed by the Parties.

1778485.1 27064                               3

1     12.   Each Party represents and warrants that it has taken all necessary corporate and legal

2  action required to duly approve the making and performance of this Agreement and that no further

3  action is necessary to make this stipulation binding and legally enforceable, except for the

4  Bankruptcy Court approval contemplated herein, and the undersigned counsel represent and

5  warrant that they have been and are duly authorized by the respective Parties to sign this

6  Agreement on their behalf.

7     13.   The Trustee shall lodge an order approving and giving effect to this Agreement.

8

9     IN WITNESS OF THE FOREGOING, the Parties, by and through their counsel, have

10  executed, or caused to be executed, this Agreement as of the date first written above.

11

DANNING, GILL, ISRAEL & KRASNOFF, LLP

12

13

14  By: _____

ERIC P. ISRAEL

15  Attorneys for Jeffrey I. Golden, Chapter 7 Trustee for the
bankruptcy estate of Jamie Lynn Gallian

16

17  GOE FORSYTHE & HODGES LLP

18

19  By: _____

20  ROBERT P. GOE

Attorneys for The Huntington Beach Gables Homeowners

21  Association

22

23

24

25

26

27

28

1778485.1  27064            4

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 1901 Avenue of the Stars, Suite 450, Los Angeles, CA 90067-6006.

A true and correct copy of the foregoing document entitled (*specify*): FOURTH STIPULATION BETWEEN THE CHAPTER 7 TRUSTEE AND THE HUNTINGTON BEACH GABLES HOMEOWNERS ASSOCIATION TO TOLL STATUTES OF LIMITATIONS will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) October 2, 2024  I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page.

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) October 2, 2024 , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page.

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) October 2, 2024 , I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| October 2, 2024 | Gloria Ramos | /s/ Gloria Ramos |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

ADDITIONAL SERVICE INFORMATION (if needed):

## 1.  SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")

- **Bradford Barnhardt**   bbarnhardt@marshackhays.com,
  bbarnhardt@ecf.courtdrive.com,alinares@ecf.courtdrive.com

- **Aaron E. De Leest**   adeleest@marshackhays.com,
  adeleest@marshackhays.com,alinares@ecf.courtdrive.com

- **Robert P Goe**   kmurphy@goeforlaw.com,
  rgoe@goeforlaw.com;goeforecf@gmail.com;Goe.RobertP.R@notify.bestcase.com;ajohnston@goefo
  rlaw.com

- **Jeffrey I Golden (TR)**   lwerner@go2.law,
  jig@trustesolutions.net;kadele@go2.law;C205@ecfcbis.com

- **D Edward Hays**   ehays@marshackhays.com,
  ehays@ecf.courtdrive.com;alinares@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@
  ecf.courtdrive.com

- **Brandon J. Iskander**   biskander@goeforlaw.com, kmurphy@goeforlaw.com

- **Eric P Israel**   eisrael@danninggill.com, danninggill@gmail.com;eisrael@ecf.inforuptcy.com

- **Shantal Malmed**   shantal.malmed@gmlaw.com, cheryl.caldwell@gmlaw.com

- **Laila Masud**   lmasud@marshackhays.com,
  lmasud@ecf.courtdrive.com;lbuchanan@marshackhays.com;alinares@ecf.courtdrive.com

- **Mark A Mellor**   mail@mellorlawfirm.com, mellormr79158@notify.bestcase.com

- **Valerie Smith**   claims@recoverycorp.com

- **United States Trustee (SA)**   ustpregion16.sa.ecf@usdoj.gov

## 2.  SERVED BY U.S. MAIL

The Honorable Scott C. Clarkson
U.S. Bankruptcy Court
Ronald Reagan Federal Building
411 W. Fourth Street, Suite 5130
Santa Ana, CA 92701

## 3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR E-MAIL

**By Email:**
Jamie Lynn Gallian                    jamiegallian@gmail.com

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                    **F 9013-3.1.PROOF.SERVICE**

EXHIBIT 5

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Eric P. Israel (State Bar No. 132426)<br>eisrael@DanningGill.com<br>Danning, Gill, Israel & Krasnoff, LLP<br>1901 Avenue of the Stars, Suite 450<br>Los Angeles, California 90067-6006<br>Tel.: (310) 277-0077<br>Fax: (310) 277-5735 | |
| ☐  *Individual appearing without attorney*<br>☒  *Attorney for  Jeffrey I. Golden, Chapter 7 Trustee* | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION**

| In re:<br><br>JAMIE LYNN GALLIAN,<br><br><div align="right">Debtor(s)</div> | CASE NO.:  8:21-bk-11710-SC<br>CHAPTER:  7 |
|---|---|
| | **NOTICE OF LODGMENT OF ORDER IN BANKRUPTCY CASE RE:**  (title of motion[1]):<br>FOURTH STIPULATION BETWEEN THE CHAPTER 7 TRUSTEE AND THE HUNTINGTON BEACH GABLES HOMEOWNERS ASSOCIATION TO TOLL STATUTES OF LIMITATIONS (458) |

PLEASE TAKE NOTE that the order titled ORDER APPROVING FOURTH STIPULATION BETWEEN THE CHAPTER 7 TRUSTEE AND THE HUNTINGTON BEACH GABLES HOMEOWNERS ASSOCIATION TO TOLL STATUTES OF LIMITATIONS was lodged on *(date)* OCTOBER 2, 2024 and is attached.  This order relates to the motion which is docket number 458.

---

[1] Please abbreviate if title cannot fit into text field

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2012*                     *Page 1*            **F 9021-1.2.BK.NOTICE.LODGMENT**
1778510.1  27064

# EXHIBIT "A"

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2012*                                      *Page 2*                        **F 9021-1.2.BK.NOTICE.LODGMENT**
1778510.1  27064

1 | ERIC P. ISRAEL (State Bar No. 132426)
*eisrael@DanningGill.com*
2 | DANNING, GILL, ISRAEL & KRASNOFF, LLP
1901 Avenue of the Stars, Suite 450
3 | Los Angeles, California 90067-6006
Telephone:   (310) 277-0077
4 | Facsimile:   (310) 277-5735

5 | Attorneys for Jeffrey I. Golden,
Chapter 7 Trustee
6

7 | **UNITED STATES BANKRUPTCY COURT**

8 | **CENTRAL DISTRICT OF CALIFORNIA**

9 | **SANTA ANA DIVISION**

10

11 | In re | Case No. 8:21-bk-11710-SC

12 | JAMIE LYNN GALLIAN, | Chapter 7

13 | | **ORDER APPROVING FOURTH**
**STIPULATION BETWEEN THE**
14 | Debtor. | **CHAPTER 7 TRUSTEE AND THE**
**HUNTINGTON BEACH GABLES**
15 | | **HOMEOWNERS ASSOCIATION TO**
**TOLL STATUTES OF LIMITATIONS**
16 |

17 | | [No Hearing Required]

18 |        On or about October 2, 2024, Jeffrey I. Golden, as the Chapter 7 Trustee (the "Trustee") for

19 | the bankruptcy estate of Jamie Lynn Gallian (the "Debtor), filed his fourth stipulation to toll

20 | statutes of limitations (*docket no. 458*) (the "Stipulation"), with The Huntington Beach Gables

21 | Homeowners Association (the "HOA").

22 |        The Court having read and considered the Stipulation; good cause appearing therefor; it is

23 | hereby

24 |        ORDERED THAT:

25 |        1.        The Stipulation is approved.

26 |        2.        Without limiting the terms of the Stipulation, the running of any Limitations Period

27 | (as defined in the Stipulation) that would otherwise apply to any Claims (as defined in the

28 | Stipulation) that the Trustee or the Debtor's bankruptcy estate may have against the HOA is hereby

1778493.1  27064                                1

1  tolled through **April 9, 2025** (the "Expiration Date") and the HOA waives the invocation of any

2  such Limitations Period as a defense only in the event, and provided that, the Claims are asserted or

3  alleged against the HOA by action or proceeding brought in any court of competent jurisdiction on

4  or before the Expiration Date, and the HOA hereby agrees that such action or proceeding will be

5  deemed to have been commenced and the Claims legally interposed as of the date hereof for all

6  purposes, including, without limitation, for purposes of any Limitations Period.

7                                                                         ###

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 16222 Monterey Ln. Unit 378.

A true and correct copy of the foregoing document entitled:    will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below: **OPPOSITION TO CHAPTER 7 TRUSTEE AND HUNTINGTON BEACH GABLES 4TH STIPULATION AS UNNECESSARY AS STATE COURT CROSS-COMPLAINT CASE NO. 30-2020-0116055 FILED BY HUNTINGTON BEACH GABLES HOMEOWNERS ASSOCIATION AGAINST DEBTOR WAS DISMISSED AGAINST DEBTOR REGARDING UNIFORM VOIDABLE TRANSACTIONS ACT (UVTA) ON AUGUST 7, 2024 DOC 465; DECLARATION OF JAMIE LYNN GALLIAN**

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (date) <u>October 3, 2024</u> I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:☒ Service information continued on attached page.

**2. SERVED BY UNITED STATES MAIL**:
On (date)              , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☒ Service information continued on attached page.

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (date) <u>October 2, 2024</u>, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☒ Service information continued on attached page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| October 3,  2024 | JOSEPH CLARK | *Joseph Clark* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2012*    *Page 3*    **F 9021-1.2.BK.NOTICE.LODGMENT**

ADDITIONAL SERVICE INFORMATION (if needed):

1. **SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**

- **Bradford Barnhardt**    bbarnhardt@marshackhays.com,
  bbarnhardt@ecf.courtdrive.com,alinares@ecf.courtdrive.com
- **Aaron E. De Leest**    adeleest@marshackhays.com,
  adeleest@ecf.courtdrive.com,alinares@ecf.courtdrive.com
- **Robert P Goe**    kmurphy@goeforlaw.com,
  rgoe@goeforlaw.com;goeforecf@gmail.com;Goe.RobertP.R@notify.bestcase.com;ajohnston@g
  oeforlaw.com
- **Jeffrey I Golden (TR)**    lwerner@go2.law,
  jig@trustesolutions.net;kadele@go2.law;C205@ecfcbis.com
- **D Edward Hays**    ehays@marshackhays.com,
  ehays@ecf.courtdrive.com;alinares@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendo
  za@ecf.courtdrive.com
- **Brandon J. Iskander**    biskander@goeforlaw.com, kmurphy@goeforlaw.com
- **Eric P Israel**    eisrael@danninggill.com, danninggill@gmail.com;eisrael@ecf.inforuptcy.com
- **Shantal Malmed**    shantal.malmed@gmlaw.com, cheryl.caldwell@gmlaw.com
- **Laila Masud**    lmasud@marshackhays.com,
  lmasud@ecf.courtdrive.com;lbuchanan@marshackhays.com;alinares@ecf.courtdrive.com
- **Mark A Mellor**    mail@mellorlawfirm.com, mellormr79158@notify.bestcase.com
- **Valerie Smith**    claims@recoverycorp.com
- **United States Trustee (SA)**    ustpregion16.sa.ecf@usdoj.gov

2. **SERVED BY U.S. MAIL**

The Honorable Scott C. Clarkson
U.S. Bankruptcy Court
Ronald Reagan Federal Building
411 W. Fourth Street, Suite 5130
Santa Ana, CA 92701

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR E-MAIL**

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2012*                    *Page 4*                    **F 9021-1.2.BK.NOTICE.LODGMENT**