| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address<br><br>JAMIE LYNN GALLIAN<br>16222 MONTEREY LANE UNIT 376<br>HUNTINGTON BEACH, CA 92649<br>714-321-3449<br>JAMIEGALLIAN@GMAIL.COM<br><br><br><br>☒ *Individual appearing without attorney*<br>☐ *Attorney for:* | FOR COURT USE ONLY |
|---|---|

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION**

| In re:<br>JAMIE LYNN GALLIAN<br><br><br><br><br>Debtor(s). | CASE NO.: 8:21-BK-11710-SC<br><br>ADVERSARY NO.:<br>(*if applicable*)<br><br>CHAPTER: 7 **Select Chapter** |
|---|---|
| <br><br><br>Plaintiff(s) (*if applicable*).<br><br>vs.<br><br><br><br><br>Defendant(s) (*if applicable*). | **NOTICE OF APPEAL**<br>**AND STATEMENT OF ELECTION** |

**Part 1:  Identify the appellant(s)**

1.   Name(s) of appellant(s):  JAMIE LYNN GALLIAN

2.   Position of appellant(s) in the adversary proceeding or bankruptcy case that is the subject of this appeal:

For appeals in an adversary proceeding.
☐ Plaintiff
☐ Defendant
☒ Other (*describe*):

For appeals in a bankruptcy case and not in an adversary proceeding.
☒ Debtor
☐ Creditor
☐ Trustee
☐ Other (*describe*):

## Part 2: Identify the subject of this appeal

1. Describe the judgment—or the appealable order or decree—from which the appeal is taken:

I AM APPEALING THE BANKRUPTCY COURT TENTATIVE RULING 10/22/2024 RE 9/12/2024 DOC 440 ORDER OSC BY TRUSTEE RE: CONTEMPT.DEBTOR CONTACTED THE CLERK ON 10/21/24 ADVISED DEBTOR OPPOSES TR, AND INJUNCTION. WOULD LIKE TO BE HEARD RE: JUDGE ERITHE SMITH ORDER DOC 273, 274, & 394, PERS. PROP MH LBM 1081 [IS NOT] ESTATE PROPERTY

2. State the date on which the judgment—or the appealable order or decree—was entered: 10/22/2024

## Part 3: Identify the other parties to the appeal

List the names of all parties to the judgment—or the appealable order or decree—from which the appeal is taken and the names, addresses, and telephone numbers of their attorneys (attach additional pages if necessary):

1. Party:  CHATER 7 TUSTEE JEFFREY I. GOLDEN

   Attorney:
   ERIC P. ISRAEL
   EISRAEL@DANNINGGILL.COM
   AARON E. DE LEEST
   ADELEEST@DANNINGGILL.COM
   DANNING, GILL, ISRAEL & KRASNOFF
   1901 AVENUE OF THE STARS, SUITE 450
   LOS ANGELES, CA 90067-6006

2. Party:

   Attorney:

## Part 4: Optional election to have appeal heard by District Court (applicable only in certain districts)

If a Bankruptcy Appellate Panel is available in this judicial district, the Bankruptcy Appellate Panel will hear this appeal unless, pursuant to 28 U.S.C. § 158(c)(1), a party elects to have the appeal heard by the United States District Court. If an appellant filing this notice wishes to have the appeal heard by the United States District Court, check below. Do not check the box if the appellant wishes the Bankruptcy Appellate Panel to hear the appeal.

☒ Appellant(s) elect to have the appeal heard by the United States District Court rather than by the Bankruptcy Appellate Panel.

## Part 5: Sign below

_____    Date: 10/22/2024
Signature of attorney for appellant(s) (or appellant(s)
if not represented by an attorney)

Fee waiver notice: If appellant is a child support creditor or its representative and appellant has filed the form specified in § 304(g) of the Bankruptcy Reform Act of 1994, no fee is required.

[Note to inmate filers: If you are an inmate filer in an institution and you seek the timing benefit of Fed. R. Bankr. P. 8002(c)(1), complete Director's Form 4170 (Declaration of Inmate Filing) and file that declaration along with the Notice of Appeal.]

**1.** **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: CONTINUED:

- **ATTORNEY FOR CREDITOR AND PLAINTIFF HOUSER BROS. CO. and CREDITOR HOUSER BROS. CO. DBA RANCHO DEL REY MOBILE HOME ESTATES:** Bradford Barnhardt bbarnhardt@marshackhays.com, bbarnhardt@ecf.courtdrive.com, kfrederick@ecf.courtdrive.com
- **ATTORNEY FOR CREDITOR AND PLAINTIFF HOUSER BROS. CO. and CREDITOR HOUSER BROS. CO. DBA RANCHO DEL REY MOBILE HOME ESTATES:** Aaron E DE Leest adeleest@DanningGill.com, danninggill@gmail.com; adeleest@ecf.inforuptcy.com
- **ATTORNEY FOR CREDITOR AND PLAINTIFF THE HUNTINGTON BEACH GABLES HOMEOWNERS' ASSOCIATION:** Robert P Goe kmurphy@goeforlaw.com, rgoe@goeforlaw.com; goeforecf@gmail.com
- **CHAPTER 7 TRUSTEE JEFFREY I GOLDEN (TR):** Jeffrey I Golden (TR lwerner@wgllp.com, jig@trustesolutions.net; kadele@wgllp.com
- **ATTORNEY FOR CREDITOR AND PLAINTIFF HOUSER BROS. CO. and CREDITOR HOUSER BROS. CO. DBA RANCHO DEL REY MOBILE HOME ESTATES:** D Edward Hays ehays@marshackhays.com, ehays@ecf.courtdrive.com; kfrederick@ecf.courtdrive.com; cmendoza@marshackhays.com; cmendoza@ecf.courtdrive.com
- **ATTORNEY FOR CREDITOR AND PLAINTIFF THE HUNTINGTON BEACH GABLES HOMEOWNERS' ASSOCIATION:** Brandon J Iskander biskander@goeforlaw.com, kmurphy@goeforlaw.com
- **ATTORNEY FOR TRUSTEE JEFFREY I GOLDEN (TR):** Eric P Israel eisrael@DanningGill.com, danninggill@gmail.com; eisrael@ecf.inforuptcy.com
- **ATTORNEY FOR CREDITOR AND PLAINTIFF HOUSER BROS. CO. and CREDITOR HOUSER BROS. CO. DBA RANCHO DEL REY MOBILE HOME ESTATES:** Laila Masud lmasud@marshackhays.com, lmasud@ecf.courtdrive.com; kfrederick@ecf.courtdrive.com
- **ATTORNEY FOR DEFENDANT RANDALL L NICKEL:** Mark A Mellor mail@mellorlawfirm.com, mellormr79158@notify.bestcase.com
- **INTERESTED PARTY COURTESY NEF:** Valerie Smith claims@recoverycorp.com
- **U.S. TRUSTEE:** United States Trustee (SA) ustpregion16.sa.ecf@usdoj.gov

4864-9726-8711, v. 1

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

_June 2012_                                                                         **F 9013-3.1.PROOF.SERVICE**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

16222 MONTEREY LANE UNIT 375, HUNTINGTON BEACH, CA 92649

A true and correct copy of the foregoing document entitled: **NOTICE OF APPEAL AND STATEMENT OF ELECTION**
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)
  10/22/2024   , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| 10/22/2024 | JOSEPH CLARK | *Joseph Clark* |
| *Date* | *Printed Name* | *Signature* |

**United States Bankruptcy Court**
**Central District of California**
**Santa Ana**
**Scott Clarkson, Presiding**
**Courtroom 5C Calendar**

---

**Tuesday, October 22, 2024**                                      **Hearing Room     5C**

---

11:00 AM
**8:21-11710     Jamie Lynn Gallian**                                              **Chapter 7**

**#13.00**

CONT'D Hearing RE:  Jamie Lynn Gallian And Joseph Arroyo Must Appear And
Show Cause As To Why They Should Not Be Held In Contempt Of Court And
Sanctioned For Willfully Violating The Bankruptcy Code By Exercising Control
Over Property Of The Estate, Interfering With The Trustee's Administration Of
Property Of The Estate And Violating The Automatic Stay In Debtor's Case
(Set per OSC Entered 9-12-2024)

FR:  10-15-24

Docket          440

**Tentative Ruling:**

Tentative for 10/22/24 is to issue an order prohibiting Debtor from interfering
with Trustee's administration of property of the Estate.

This Order to Show Cause ("OSC") against Debtor and her realtor, Mr.
Arroyo, was issued as a result of statements made by Debtor at a hearing on
August 27, 2024, pertaining to her, and Mr. Arroyo's, efforts to sell her
property, which were interfering with Trustee's administration of property of
the Estate. Debtor filed an e-signed Declaration in response [Dk. 452, and
refiled at Dks. 453 and 455], and Trustee filed a Reply [Dk. 456], and a
request to strike the declaration as being unsigned and not presented under
penalty of perjury [Dk. 457].

For the reasons stated in Trustee's Reply [Dk. 456], the OSC is discharged as
to Mr. Arroyo. As for Debtor, as suggested in Trustee's Reply, the Court is
inclined to issue a permanent order prohibiting Debtor from interfering with
Trustee's future administration of property of the Estate; the failure to adhere
to such order will result in a contempt finding and sanctions.  The Court will
consider Debtor's Declaration as argument in response to the OSC.

Virtual appearances are required. The hearing will take place using Zoom for
Government, a free service that provides audioconference and
videoconference capabilities. Only the parties, including counsels, their

---

**United States Bankruptcy Court**
**Central District of California**
**Santa Ana**
**Scott Clarkson, Presiding**
**Courtroom 5C Calendar**

---

**Tuesday, October 22, 2024**                                                      **Hearing Room**       **5C**

---

<u>11:00 AM</u>
**CONT...      Jamie Lynn Gallian**                                                                **Chapter 7**

clients, and pro se individuals, may virtually join the hearing. No testimony, however, will be permitted unless specifically authorized by the Court either prior to, or during, the hearing. Parties virtually appearing should consult the NOTICE OF VIDEO AND TELEPHONIC APPEARANCE PROCEDURES FOR JUDGE SCOTT CLARKSON'S CASES for specific procedures and further information.

The audio portion of each hearing will be recorded electronically by the Court and constitute its official record. **By Order of the Judicial Conference of the United States, members of the general public may only view the hearings from the Courtroom, which will remain open, or access the hearing by audioconference only, as set forth below. This is a nation-wide mandate and is not subject to this Court's discretion. The Court will have monitors on and viewable within the Courtroom for viewing.**

Hearing participants may connect to the videoconference through an Internet browser by entering the Videoconference URL shown below, as well as the meeting ID and password, when prompted.

Videoconference URL:       https://cacb.zoomgov.com/j/1602836250

Meeting ID:         160 283 6250

Password:         606388

If a participant is unable to send and receive audio through his/her computer, or join the videoconference through an Internet browser for any reason, the audio of the hearing may be accessed by telephone using the below audio conference information. PLEASE BE ADVISED THAT THE GENERAL PUBLIC AND ALL MEDIA MAY ONLY USE THE AUDIO CONFERENCE SYSTEM BELOW AND MAY NOT UTILIZE THE VIDEO CONFERENCE SYSTEM.

Audioconference Tel. No.: +1 (669) 254 5252 or +1 (646) 828 7666

Meeting ID:         160 283 6250

**United States Bankruptcy Court**
**Central District of California**
**Santa Ana**
**Scott Clarkson, Presiding**
**Courtroom 5C Calendar**

| Tuesday, October 22, 2024 | Hearing Room | 5C |
|---|---|---|

<u>11:00 AM</u>
**CONT...**    **Jamie Lynn Gallian**                                                        **Chapter 7**

      Password:       606388

      For further details, please consult the instructions on the Court's website
      https://www.cacb.uscourts.gov/judges/honorable-scott-c-clarkson.

      Please note that default matters may be called prior to the videoconference,
      so there may be a slight delay to the official start time of the videoconference
      hearing.

      As noted in the Court's Zoom Video Hearing Guide, located at
      https://www.cacb.uscourts.gov/node/7890, all persons are strictly prohibited
      from making any recording of court proceedings, whether by video, audio,
      "screenshot," or otherwise. Violation of this prohibition may result in the
      imposition of monetary and non-monetary sanctions.

| Party Information |
|---|

**<u>Debtor(s):</u>**

    Jamie Lynn Gallian              Pro Se

**<u>Trustee(s):</u>**

    Jeffrey I Golden (TR)         Represented By
                             Aaron E. De Leest
                             Eric P Israel
                             Shantal  Malmed

1   JAMIE LYNN GALLIAN
2   16222 Monterey Lane Unit 376
    Huntington Beach, CA 92649
3   714-321-3449
    jamiegallian@gmail.com
4

5

6

7                UNITED STATES BANKRUPTCY COURT

8       CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

9   IN RE JAMIE LYNN GALLIAN,              AMENDED

10                                         Case No.: 8:21-bk-11710-SC

11                                         OPPOSITION TO [PROPOSED]
12            DEBTOR                        PERMANENT INJUNCTION PLACED ON
                                           DEBTORS POST-PETITION ACQUIRED
13                                         PERSONAL PROPERTY MANUFACTURED
                                           HOME, HCD DECAL NO. LBM 1081, SERIAL
14                                         #AC7V710294GB/GA;
15                                         THE PERSONAL PROPERTY
                                           MANUFACTURED HOME HAVING BEEN
16                                         ISSUED CERTIFICATE OF TITLE IN THE
                                           NAME OF JMIE LYNN GALLIAN BY HCD
17                                         AUGUST 3, 2021, POST-PETITION
                                           DETERMINATION BY ORDER ENTERED BY
18                                         THE HONORABLE ERITHE A. SMITH ON
                                           MAY 15, 2024 (DOCKET 394) THE
19                                         PROPERTY IS NOT PROPERTY OF
                                           DEBTOR'S ESTATE;
20                                         DECLARATION OF JAMIE LYNN GALLIAN IN
21                                         SUPPORT OF DISMISSING OSC AS AN
                                           IMPROPER MOTION FILED WITHOUT JUST
22                                         CAUSE THE AUTOMATIC STAY IS NO
                                           LONGER IN EFFECT PURSUANT TO 11
23                                         U.S.C. § 362(c)(2)(C); SEE COURT ORDER
                                           DOCKET 383 ENTERED OCTOBER 23, 2023
24

25   OPPOSITION TO [PROPOSED] PERMANENT INJUNCTION PLACED ON DEBTORS POST-PETITION
     ACQUIRED PERSONAL PROPERTY MANUFACTURED HOME, HCD DECAL NO. LBM 1081, SERIAL
26   #AC7V710294GB/GA;THE PERSONAL PROPERTY MANUFACTURED HOME HAVING BEEN ISSUED
     CERTIFICATE OF TITLE IN THE NAME OF JMIE LYNN GALLIAN BY HCD AUGUST 3, 2021, POST-
27   PETITION DETERMINATION BY ORDER ENTERED BY THE HONORABLE ERITHE A. SMITH ON MAY
     15, 2024 (DOCKET 394) THE PROPERTY IS NOT PROPERTY OF DEBTOR'S ESTATE;DECLARATION OF
28   JAMIE LYNN GALLIAN IN SUPPORT OF DISMISSING OSC AS AN IMPROPER MOTION FILED
     WITHOUT JUST CAUSE THE AUTOMATIC STAY IS NO LONGER IN EFFECT PURSUANT TO 11 U.S.C. §
     362(C)(2)(C); SEE COURT ORDER DOCKET 383 ENTERED OCTOBER 23, 2023 - 1

**TO THE HONORABLE SCOTT C. CLARKSON, UNITED STATES BANKRUPTCY JUDGE; CHAPTER 7 TRUSTEE, JEFFREY GOLDEN; UNITED STATES TRUSTEE, AND ALL INTERESTED PARTIES:**

On September 12, 2024, the Chapter 7 Trustee filed an

*"ORDER TO SHOW CAUSE WHY DEBTOR JAMIE LYNN GALLIAN AND*

*JOSEPH ARROYO SHOULD NOT BE FOUND IN CONTEMOT OF COURT."*

**Docket 440.**

The OSC states the following:

Jamie Lynn Gallian ("Debtor") and Joseph Arroyo must appear and show
cause as to why they should not be held in contempt of Court and sanctioned
for *willfully violating the Bankruptcy Code by exercising control over property
of the estate,* interfering with the Trustee's administration of *property of the estate*
and *violating the automatic stay in Debtor's case.*

**FINDINGS OF CONTEMPT OF COURT**

I.    To find a party in civil contempt, the movant here, Jeffrey Golden, Chapter 7

Trustee, must prove "by clear and convincing evidence that the contemnor[ ] **violated a [specific**

**and definite order] of the court."** *In re Dyer*, 322 F.3d at 1190-91.

OPPOSITION TO [PROPOSED] PERMANENT INJUNCTION PLACED ON DEBTORS POST-PETITION
ACQUIRED PERSONAL PROPERTY MANUFACTURED HOME, HCD DECAL NO. LBM 1081, SERIAL
#AC7V710294GB/GA;THE PERSONAL PROPERTY MANUFACTURED HOME HAVING BEEN ISSUED
CERTIFICATE OF TITLE IN THE NAME OF JMIE LYNN GALLIAN BY HCD AUGUST 3, 2021, POST-
PETITION DETERMINATION BY ORDER ENTERED BY THE HONORABLE ERITHE A. SMITH ON MAY
15, 2024 (DOCKET 394) THE PROPERTY IS NOT PROPERTY OF DEBTOR'S ESTATE;DECLARATION OF
JAMIE LYNN GALLIAN IN SUPPORT OF DISMISSING OSC AS AN IMPROPER MOTION FILED
WITHOUT JUST CAUSE THE AUTOMATIC STAY IS NO LONGER IN EFFECT PURSUANT TO 11 U.S.C. §
362(C)(2)(C); SEE COURT ORDER DOCKET 383 ENTERED OCTOBER 23, 2023 - 2

The bankruptcy court must also find that the contemnor **"had sufficient notice of [the order's] terms and the fact that she would be sanctioned if she did not comply."** *Hansbrough v. Birdsell (In re Hercules Enters., Inc.)*, 387 F.3d 1024, 1028 (9th Cir. 2004).

The Court must determine whether the contemnor violated [a court order] is not based on subjective beliefs or intent in complying with the order, "but whether in fact [the] conduct complied with the order at issue." *In re Dyer*, 322 F.3d at 1191 (internal citation omitted); *Yan Sui v. Marshack (In re Sui)*, 2016 WL 4063716, at *3–4, 2016 Bankr. LEXIS 2219, at *8-9 (B.A.P. 9th Cir. 2016).

### <u>ORDER TO SHOW CAUSE FILED ON SEPTEMBER 12, 2024, DOCKET 440,</u>

1.    The **<u>ORDER TO SHOW CAUSE</u>** filed on September 12, 2024, Docket 440, the Trustee's OSC did not describe the who, what, where, when, why and how, to give the defendants sufficient Notice in the order of the surrounding details to defendants being charged with contempt:

The OSC simply stated

> **"*why they should not be held in contempt of Court and sanctioned*
> *for willfully violating the Bankruptcy Code*"**

The OSC did not provide any facts or state which part of the Bankruptcy Code defendants Gallian and Arroyo violated.

OPPOSITION TO [PROPOSED] PERMANENT INJUNCTION PLACED ON DEBTORS POST-PETITION ACQUIRED PERSONAL PROPERTY MANUFACTURED HOME, HCD DECAL NO. LBM 1081, SERIAL #AC7V710294GB/GA;THE PERSONAL PROPERTY MANUFACTURED HOME HAVING BEEN ISSUED CERTIFICATE OF TITLE IN THE NAME OF JMIE LYNN GALLIAN BY HCD AUGUST 3, 2021, POST-PETITION DETERMINATION BY ORDER ENTERED BY THE HONORABLE ERITHE A. SMITH ON MAY 15, 2024 (DOCKET 394) THE PROPERTY IS NOT PROPERTY OF DEBTOR'S ESTATE;DECLARATION OF JAMIE LYNN GALLIAN IN SUPPORT OF DISMISSING OSC AS AN IMPROPER MOTION FILED WITHOUT JUST CAUSE THE AUTOMATIC STAY IS NO LONGER IN EFFECT PURSUANT TO 11 U.S.C. § 362(C)(2)(C); SEE COURT ORDER DOCKET 383 ENTERED OCTOBER 23, 2023 - 3

2.      The **<u>ORDER TO SHOW CAUSE</u>** filed on September 12, 2024, Docket 440, goes on to

say:

>   *"by exercising control over <u>the property of the estate,"</u>*

The OSC [did not] provide specific facts, details, reference to the bankruptcy docket to a specific

**<u>ORDER</u>**, of this Court, properly served on the Debtor, giving Debtor Notice of an Order within

the bankruptcy court record, Case No. 8:21-bk-11710-SC.

>   Further the Trustee did not describe with specific detail [**what estate property**],

>   the Debtor is [**"exercising control over [property of the estate state"]**


3.      The **<u>ORDER TO SHOW CAUSE</u>** filed on September 12, 2024, Docket 440, goes on to

further say:   **"interfering with the Trustee's administration of [property of the estate]"**


Again, the Trustee did not describe in further detail how or what [estate property] is the Debtor

"interfering with the Trustee Administration of [property of the estate.]

 [what property] does the Trustee believe is Estate Property]


In this case, the Bankruptcy Court on October 6, 2023, entered an ORDER the automatic stay was

confirmed pursuant to 11 U.S.C.  § 362 (c)(2)(C) by


OPPOSITION TO [PROPOSED] PERMANENT INJUNCTION PLACED ON DEBTORS POST-PETITION
ACQUIRED PERSONAL PROPERTY MANUFACTURED HOME, HCD DECAL NO. LBM 1081, SERIAL
#AC7V710294GB/GA;THE PERSONAL PROPERTY MANUFACTURED HOME HAVING BEEN ISSUED
CERTIFICATE OF TITLE IN THE NAME OF JMIE LYNN GALLIAN BY HCD AUGUST 3, 2021, POST-
PETITION DETERMINATION BY ORDER ENTERED BY THE HONORABLE ERITHE A. SMITH ON MAY
15, 2024 (DOCKET 394) THE PROPERTY IS NOT PROPERTY OF DEBTOR'S ESTATE;DECLARATION OF
JAMIE LYNN GALLIAN IN SUPPORT OF DISMISSING OSC AS AN IMPROPER MOTION FILED
WITHOUT JUST CAUSE THE AUTOMATIC STAY IS NO LONGER IN EFFECT PURSUANT TO 11 U.S.C. §
362(C)(2)(C); SEE COURT ORDER DOCKET 383 ENTERED OCTOBER 23, 2023 - 4

1    A prime function of bankruptcy law is to equitably administer estate assets. The

2    automatic stay, however, **also protects property in which the estate has no interest.**  To wit:

3    paragraph (a)(5) of § 362 sets forth that the filing of a "petition . . . operates as a stay [against]

4    

5    any act to create, perfect, or enforce ***against property of the debtor***  [any lien] to the extent that

6    such lien secures a claim that arose [before] the commencement of the case under this title[.]"

7    (emphasis added).

8    

9    Over on year ago, on September 13, 2023, Trustee's Counsel filed **Docket No. 377**, entitled:

10    **TRUSTEE'S RESPONSE TO THE MOTION FOR RELIEF FROM THE AUTOMATIC**

11    **STAY FILED BY HOUSER BROS. CO. DBA RANCHO DEL REY MOBLE HOME**

12    **ESTATES.** ***Docket no. 375.***

13    

14    The Trustee does not oppose granting the requested relief……

15    

16    **ON OCTOBER 6, 2023, THE COURT ENTERED RELIEF OF STAY ORDER**

17    ***DOCKET NO. 383***

18    

19    **14.  X  Other (*specify*): (1) It is confirmed pursuant to 11 U.S.C. § 362(c)(2)(C) there is no**

20    **automatic stay in effect,** and the language of the "Order Granting Motion for Relief from the

21    Automatic Stay Under 11 U.S.C. § 362," Docket No. 334, does not bar Houser Bros. Co. dba

22    Rancho Del Rey Mobile Home Estates ("Houser Bros.") from seeking to obtain and enforce a

23    judgment for its prepetition claims; (2) Houser Bros. is authorized to proceed to judgment in

24    *Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates v. Jamie Gallian, et al.*, Orange

25    County Superior Court Case No. 30-2023-01316057-CL-UD-CJC regarding any monetary claim

26    OPPOSITION TO [PROPOSED] PERMANENT INJUNCTION PLACED ON DEBTORS POST-PETITION
    ACQUIRED PERSONAL PROPERTY MANUFACTURED HOME, HCD DECAL NO. LBM 1081, SERIAL
    #AC7V710294GB/GA;THE PERSONAL PROPERTY MANUFACTURED HOME HAVING BEEN ISSUED
    CERTIFICATE OF TITLE IN THE NAME OF JMIE LYNN GALLIAN BY HCD AUGUST 3, 2021, POST-
    PETITION DETERMINATION BY ORDER ENTERED BY THE HONORABLE ERITHE A. SMITH ON MAY

27    15, 2024 (DOCKET 394) THE PROPERTY IS NOT PROPERTY OF DEBTOR'S ESTATE;DECLARATION OF
    JAMIE LYNN GALLIAN IN SUPPORT OF DISMISSING OSC AS AN IMPROPER MOTION FILED

28    WITHOUT JUST CAUSE THE AUTOMATIC STAY IS NO LONGER IN EFFECT PURSUANT TO 11 U.S.C. §
    362(C)(2)(C); SEE COURT ORDER DOCKET 383 ENTERED OCTOBER 23, 2023 - 5

against Debtor for amounts attributable to the period before the Bankruptcy Case was filed; and (3) Houser Bros. may not enforce any judgment against property of Debtor's bankruptcy estate.

Debtor respectfully requests the Court find that based upon the above Order, docket 383, Debtor was informed and believed that no automatic stay existed after Debtor was denied a discharge by the bankruptcy court sustained by the United States District Court.

Additionally, Debtor believes and provided evidence in her Opposition to the Trustee's OSC, that the Honorable Erithe A. Smith determined on December 19, 2022, *docket 273* that the personal property manufactured home [was not] property of the estate. Houser Bros. Co appealed the bankruptcy courts finding.

On May 15, 2024, *docket 394,* the Bankruptcy Court issued its **Remand Order,** again finding that on the date of petition the personal property manufactured home LBM 1081 was not property of the estate because the HCD Registered Owner was J-Sandcastle Co. and the Legal Owners were Ronald J. Pierpont, (Debtor's ex-husband who resides in the manufactured home) [OR] J-Pad, LLC. Houser Bros presented documentation establishing that a HCD Certificate of Title showing Debtor as the new registered owner of the Property was [not] issued until August 3, 2021, nearly a month after the Petition Date. See Homestead Motion, Hays Decl. Exh.22 at 195. Based on the record presented, by Houser Bros. Co in which the Chapter 7 Trustee joined

OPPOSITION TO [PROPOSED] PERMANENT INJUNCTION PLACED ON DEBTORS POST-PETITION ACQUIRED PERSONAL PROPERTY MANUFACTURED HOME, HCD DECAL NO. LBM 1081, SERIAL #AC7V710294GB/GA;THE PERSONAL PROPERTY MANUFACTURED HOME HAVING BEEN ISSUED CERTIFICATE OF TITLE IN THE NAME OF JMIE LYNN GALLIAN BY HCD AUGUST 3, 2021, POST-PETITION DETERMINATION BY ORDER ENTERED BY THE HONORABLE ERITHE A. SMITH ON MAY 15, 2024 (DOCKET 394) THE PROPERTY IS NOT PROPERTY OF DEBTOR'S ESTATE;DECLARATION OF JAMIE LYNN GALLIAN IN SUPPORT OF DISMISSING OSC AS AN IMPROPER MOTION FILED WITHOUT JUST CAUSE THE AUTOMATIC STAY IS NO LONGER IN EFFECT PURSUANT TO 11 U.S.C. § 362(C)(2)(C); SEE COURT ORDER DOCKET 383 ENTERED OCTOBER 23, 2023 - 6

in on two separate occasions, the Court finds that title to the Property was not transferred to

Debtor prior to the Petition Date.  Therefore the personal property manufactured home is not part

of Debtor's Bankruptcy Estate, even though Debtor argued against them.  No further appeals

were taken and the Bankruptcy Courts Ordered entered May 15, 2024 is final.


However, the Trustee's real estate broker(s) Coldwell Banker and co-agents Bingham and

Friedman, signed a Listing Agreement with the Trustee on or about May 17, 2024, after the

Bankruptcy Courts May 15, 2024, Order, finding the property [was not] property of the estate.

See Docket 394.

However, thereafter with the Trustee receiving timely and proper notice of the REMAND

ORDER. Docket 394, the Trustee waited until July 1, 2024, to file Trustee's Application to

employ a Real Estate Broker and co agents Bingham and Friedman to sell debtors post petition

property,  docket 395

   11 U.S.C. § 541(a)(6) and (7) (emphasis added). The Trustee seems to be pushing

a nonsensical argument confusing property acquired by the debtor and property acquired by the

*estate.*

   The bankruptcy court Judge Erithe A. Smith made a finding that the personal

property Skyline manufactured home LBM 1081 was "acquired" by the debtor during the

chapter 7 case. The facts put forth in the Courts MOD clearly establish that the manufactured

home, was property acquired by the debtor, and not "property of the estate." MOD docket 273.

OPPOSITION TO [PROPOSED] PERMANENT INJUNCTION PLACED ON DEBTORS POST-PETITION
ACQUIRED PERSONAL PROPERTY MANUFACTURED HOME, HCD DECAL NO. LBM 1081, SERIAL
#AC7V710294GB/GA;THE PERSONAL PROPERTY MANUFACTURED HOME HAVING BEEN ISSUED
CERTIFICATE OF TITLE IN THE NAME OF JMIE LYNN GALLIAN BY HCD AUGUST 3, 2021, POST-
PETITION DETERMINATION BY ORDER ENTERED BY THE HONORABLE ERITHE A. SMITH ON MAY
15, 2024 (DOCKET 394) THE PROPERTY IS NOT PROPERTY OF DEBTOR'S ESTATE;DECLARATION OF
JAMIE LYNN GALLIAN IN SUPPORT OF DISMISSING OSC AS AN IMPROPER MOTION FILED
WITHOUT JUST CAUSE THE AUTOMATIC STAY IS NO LONGER IN EFFECT PURSUANT TO 11 U.S.C. §
362(C)(2)(C); SEE COURT ORDER DOCKET 383 ENTERED OCTOBER 23, 2023 - 7

1    Therefore, Debtor believes that property acquired post-petition is [*generally*] within the

2    bankruptcy estate and that there are **only** two exceptions to this rule, those provided by §

3    541(a)(6) concerning proceeds, product, rents and profits from property *of the estate.* Also  the

4    180-day limitation in § 541(a)(5) which places in the estate an interest in particular types of

5    property (inheritances, property settlements, etc.) that would have been property of the estate if

6    such interest had been an interest of the debtor on the date of filing of the petition, and if the

7    debtor acquires or becomes entitled to it within 180 days after such date. The Debtor argued

8    these same points and citation to support, and provided a sworn Declaration Docket 208 and

9    incorporated by reference this document into her Opposition to Trustee's second application.

10

11

12

13    Houser Bros, the Trustee, and joinders simply have the general rule backwards; under §

14    541(a)(1) the general rule is that the estate includes interests of the debtor in property as of the

15    commencement of the case. Houser Bros and the Trustee argued that Debtor was not on title on

16    the Petition date.  See Docket 95, Homestead Objection anf Trustees joinders.  Debtor relies on

17    both provisions (§ 541(a)(5) and (6)) actually exceptions from the general rule; that post-petition

18    acquisitions are property of the debtor-exceptions specially provided to include particular

19    property within the bankruptcy estate.

20

21

22    Dated this 21ˢᵗ day of October 2024.    *Jamie Lynn Gallian*

23                                              JAMIE LYNN GALLIAN

24    ### DECLARATION OF JAMIE LYNN GALLIAN

25    OPPOSITION TO [PROPOSED] PERMANENT INJUNCTION PLACED ON DEBTORS POST-PETITION
      ACQUIRED PERSONAL PROPERTY MANUFACTURED HOME, HCD DECAL NO. LBM 1081, SERIAL
26    #AC7V710294GB/GA;THE PERSONAL PROPERTY MANUFACTURED HOME HAVING BEEN ISSUED
      CERTIFICATE OF TITLE IN THE NAME OF JMIE LYNN GALLIAN BY HCD AUGUST 3, 2021, POST-
27    PETITION DETERMINATION BY ORDER ENTERED BY THE HONORABLE ERITHE A. SMITH ON MAY
      15, 2024 (DOCKET 394) THE PROPERTY IS NOT PROPERTY OF DEBTOR'S ESTATE;DECLARATION OF
      JAMIE LYNN GALLIAN IN SUPPORT OF DISMISSING OSC AS AN IMPROPER MOTION FILED
28    WITHOUT JUST CAUSE THE AUTOMATIC STAY IS NO LONGER IN EFFECT PURSUANT TO 11 U.S.C. §
      362(C)(2)(C); SEE COURT ORDER DOCKET 383 ENTERED OCTOBER 23, 2023 - 8

1     DECLARATION OF JAMIE LYNN GALLIAN

2          I, JAMIE LYNN GALLIAN, declare under penalty of perjury the following to be true

3
4     and correct my own personal knowledge.  If called upon to testify, I would and could

5     competently testify to the facts stated within.

6     On October 6, 2023, over 12 months ago, I received Notice of an ORDER entered docket 383,

7     that the automatic stay was no longer in effect pursuant to 11 U.S.C. 362(c)(2)(C) which states:

8

9          **(c)** Except as provided in subsections (d), (e), (f), and (h) of this section--
      **(1)** the stay of an act against property of the estate under subsection (a) of this section

10
11    continues until such property is no longer property of the estate;

12    **(2)** the stay of any other act under subsection (a) of this section continues until the earliest of--

13    **(A)** the time the case is closed;
      **(B)** the time the case is dismissed; or

14
15    **(C)** if the case is a case under chapter 7 of this title concerning an individual or a case under
      chapter 9, 11, 12, or 13 of this title, the time a discharge is granted or **denied;**

16
17    A true and correct copy of the Courts Ordered entered October 6, 2023, is attached to the
      Declaration of Jamie Lynn Gallian. Docket No. 383.

18    The Debtor should not be subjected to a permanent injunction as a result of the Trustee's
19    ERROR.

20    SIGNED THIS 21ST DAY OF OCTOBER, 2024, AT HUNTINGTON BEACH, UNDER PENALTY
      OF PERJURY OF THE LAWS OF THESE UNITED STATES.

21    *Jamie Lynn Gallian*

22
23    JAMIE LYNN GALLIAN

24

25    OPPOSITION TO [PROPOSED] PERMANENT INJUNCTION PLACED ON DEBTORS POST-PETITION
      ACQUIRED PERSONAL PROPERTY MANUFACTURED HOME, HCD DECAL NO. LBM 1081, SERIAL
26    #AC7V710294GB/GA;THE PERSONAL PROPERTY MANUFACTURED HOME HAVING BEEN ISSUED
      CERTIFICATE OF TITLE IN THE NAME OF JMIE LYNN GALLIAN BY HCD AUGUST 3, 2021, POST-
27    PETITION DETERMINATION BY ORDER ENTERED BY THE HONORABLE ERITHE A. SMITH ON MAY
      15, 2024 (DOCKET 394) THE PROPERTY IS NOT PROPERTY OF DEBTOR'S ESTATE;DECLARATION OF
      JAMIE LYNN GALLIAN IN SUPPORT OF DISMISSING OSC AS AN IMPROPER MOTION FILED
28    WITHOUT JUST CAUSE THE AUTOMATIC STAY IS NO LONGER IN EFFECT PURSUANT TO 11 U.S.C. §
      362(C)(2)(C); SEE COURT ORDER DOCKET 383 ENTERED OCTOBER 23, 2023 - 9

**<u>REQUEST FOR JUDICIAL NOTICE</u>**

Jamie Lynn Gallian (the "Debtor") in  the bankruptcy estate of Jamie Lynn Gallian (the "Debtor),

requests that the Court take judicial notice of the following facts.

Jamie Lynn Gallian hereby respectfully requests that the Court take judicial notice of the

following facts pursuant to Fed. R. Evid. 201(d):

**<u>BACKGROUND</u>**

1.      On or about July 9, 2021 (the "Petition Date"), Jamie Lynn Gallian (the "Debtor")

commenced this case by filing a voluntary petition for relief under Chapter 7 of the Code.

2.      On the Petition Date, the registered title owner of the manufactured home located at

16222 Monterey Lane, Space #376, Huntington Beach, California 92649 ("Property"), was vested

in J-Sandcastle Co, LLC ("J-Sandcastle").  The Debtor was not on title to the Property on the

Petition Date.

3.      On the Petition Date, the Property was not subject to any liens on the Personal

Property LBM 1081 as the Legal Owners on the Certificate of Title Registered to J--Sandcastle Co

were Ronald J. Pierpont [OR] J-Pad, LLC. Legal owner Ronald J. Pierpont executed post petition

HCD Lien Satisfied Form 435.6, HCD removed Pierpont and J-Pad LLC as evident August 3, 2021

**<u>THE HOMESTEAD EXEMPTION</u>**

4.      The Debtor claimed an automatic homestead exemption in the Property in the amount

of $600,000 because of her continued residency and her intent to reside since November 1, 2018.

5.      On or about May 12, 2022, Houser Bros. Co., dba Rancho Del Rey Mobile Home

Estates ("Houser Bros."), filed its Motion Objecting to Debtor's Claimed Homestead Exemption (the

"Exemption Motion") (*docket no. 95*).  The hearing on the Exemption Motion was held on June 2,

2022 and continued to July 21, 2022.  At the continued hearing, the Court granted the

Exemption Motion and disallowed any claim of exemption by the Debtor in the Property.

6.      On or about July 26, 2022, the Debtor filed the Motion for Reconsideration from the

Court's July 21, 2022 ruling (the "Motion for Reconsideration") (*docket no. 157*).  The order

granting the Exemption Motion was thereafter entered on or about August 5, 2022 (*docket no. 177*).

The hearing on the Motion for Reconsideration was held on September 22, 2022, and the Court took the matter under submission.

7.      Thereafter, on or about December 19, 2022, the Court entered its order granting the Debtor's Motion for Reconsideration and determined that the Debtor was entitled to a homestead exemption in the Property in the amount of $600,000 ("Order Granting the Motion for Reconsideration") (*docket no. 274*).

8.      On or about December 29, 2022, Houser appealed from the Order Granting the Motion for Reconsideration to the District Court (*docket no. 280*).

9.      On or about November 1, 2023, the District Court handling the appeal entered an order that reversed and remanded the Order Granting the Motion for Reconsideration on the grounds that the Court failed to issue findings regarding the Debtor's interest in the Property "including whether "Gallian ever acquired (and retained) an equitable interest in the Property" (the "Reconsideration Order") (*docket no. 387*).

10.     On or about May 15, 2024, the Court entered its order regarding the Reconsideration Order (the "Remand Order ) (*docket no. 393*). The Remand Order again found "that Debtor held a sufficient equitable interest in the Property to claim an automatic homestead exemption under Cal. Civ. Proc. Code § 704.720(a)."

11.     Houser Bros did not pursue any further appeal from the Remand Order and it is now final.

Signed this 21st day of October 2024 at Huntington Beach, CA

*Jamie Lynn Gallian*

Jamie Lynn Gallian

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| D. EDWARD HAYS, #162507<br>ehays@marshackhays.com<br>LAILA MASUD, #311731<br>lmasud@marshackhays.com<br>BRADFORD N. BARNHARDT, #328705<br>bbarnhardt@marshackhays.com<br>MARSHACK HAYS WOOD LLP<br>870 Roosevelt<br>Irvine, CA 92620<br>Telephone: (949) 333-7777<br>Facsimile: (949) 333-7778<br><br>☒ *Attorney for Movant*<br>☐ *Movant appearing without an attorney* | **FILED & ENTERED**<br><br>**OCT 06 2023**<br><br>**CLERK U.S. BANKRUPTCY COURT**<br>**Central District of California**<br>**BY** bolte        **DEPUTY CLERK**<br><br>**CHANGES MADE BY COURT** |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA – *SANTA ANA* DIVISION**

| In re:<br><br>JAMIE LYNN GALLIAN,<br><br><br><br><br><br><br><br><br><br><br>Debtor(s). | CASE NO.:  8:21-bk-11710-SC<br>CHAPTER:  7<br><br>**ORDER GRANTING MOTION FOR RELIEF**<br>**FROM STAY UNDER 11 U.S.C. § 362**<br>**(UNLAWFUL DETAINER)**<br><br>DATE:  September 27, 2023<br>TIME:  10:00 a.m.<br>COURTROOM:  5C<br>PLACE: 411 West Fourth Street<br>          Santa Ana, CA 92701-4593 |

**Movant:**  HOUSER BROS. CO. dba RANCHO DEL REY MOBILE HOME ESTATES

1.  The Motion was:        ☐ Opposed    ☒ Unopposed*    ☐ Settled by stipulation
                                        *Debtor appeared at the hearing.
2.  This order applies to the following real property (Property):

    Type of property: ☒ Residential    ☐ Nonresidential

    *Street Address:* 16222 Monterey Lane
    *Unit/Suite number:* Space 376
    *City, State, Zip Code:* Huntington Beach, CA 92649

3.  The Motion is granted under:

    a.  ☐  11 U.S.C. § 362(d)(1)

    b.  ☐  11 U.S.C. § 362(d)(2)

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2014*                                Page 1                                **F 4001-1.RFS.UD.ORDER**

Case 8:21-bk-11710-SC    Doc 475    Filed 10/22/24    Entered 10/22/24 16:53:50    Desc
Case 8:21-bk-11710-SC    Main Document    Filed 10/22/24    Page 25 of 29    Entered 10/22/24 12:07:26    Desc
Case 8:21-bk-11710-SC    Main Document    Filed 10/06/23    Page 18 of 29    Entered 10/06/23 13:16:11    Desc
Main Document    Page 2 of 3

c. ☐ 11 U.S.C. § 362(d)(4).  The filing of the bankruptcy petition was part of a scheme to hinder, delay, or defraud creditors that involved:

  (1) ☐ The transfer of all or part ownership of, or other interest in, the Property without the consent of the secured creditor or court approval; and/or

  (2) ☐ Multiple bankruptcy cases affecting the Property.

  (3) ☐ The court  ☐ makes  ☐ does not make  ☐ cannot make  a finding that the Debtor was involved in this scheme.

  (4) If recorded in compliance with applicable state laws governing notices of interests or liens in real property, this order is binding in any other case under this title commenced by or against any debtor who claims any interest in the Property purporting to affect such real property filed not later than 2 years after the date of the entry of this order by the court, except that a debtor in a subsequent case under this title may move for relief from this order based upon changed circumstances or for good cause shown, after notice and a hearing.  Any federal, state or local government unit that accepts notices of interests or liens in real property shall accept any certified copy of this order for indexing and recording.

4. ☐ As to Movant, its successors, transferees and assigns, the stay of 11 U.S.C. § 362(a) is:

  a. ☐ Terminated as to the Debtor and the Debtor's bankruptcy estate.

  b. ☐ Modified or conditioned as set forth in Exhibit _____ to this order.

  c. ☐ Annulled retroactive to the bankruptcy petition date.  Any postpetition acts taken by or at the request of the Movant to enforce its remedies regarding the Property, including without limitation entry of any order, judgment or writ, do not constitute a violation of the stay.

5. ☐ Movant may enforce its remedies to obtain possession of the Property, including lockout, in accordance with applicable nonbankruptcy law, but may not pursue any monetary claim against the Debtor or property of the estate for amounts attributable to the period before the bankruptcy was filed except by filing a proof of claim pursuant to 11 U.S.C. § 501.

6. ☐ Movant shall not cause the Debtor to be locked out before (*date*) _____.

7. ☐ The co-debtor stay of 11 U.S.C. § 1201(a) or § 1301(a) is terminated, modified or annulled as to the co-debtor, on the same terms and conditions as to the Debtor.

8. ☒ The 14-day stay prescribed by FRBP 4001(a)(3) is waived.

9. This order is binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of the Bankruptcy Code.

10. ☐ This order is binding in any other bankruptcy case commenced by or against any debtor who claims any interest in the Property, or purporting to affect the Property filed not later than 2 years after the date of entry of this order, except that a debtor in a subsequent case may move for relief from this order based upon changed circumstances or for good cause shown, after notice and hearing.

11. ☐ This order is binding and effective in any bankruptcy commenced by or against the Debtor for a period of 180 days from the hearing of this Motion.

12. ☐ This order is binding and effective in *any* bankruptcy commenced by or against *any* debtor who claims any interest in the Property for a period of 180 days from the hearing of this Motion.

  a. ☐ without further notice.

  b. ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2014*                                   Page 2                                   **F 4001-1.RFS.UD.ORDER**

13. ☐  A designated law enforcement officer may evict the Debtor and any other occupant from the Property regardless of any future bankruptcy case concerning the Property for a period of 180 days from the hearing of this Motion.

a.  ☐  without further notice.

b.  ☐  upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

14. ☒  Other (*specify*): (1) It is confirmed pursuant to 11 U.S.C. § 362(c)(2)(C) there is no automatic stay in effect, and the language of the "Order Granting Motion for Relief from the Automatic Stay Under 11 U.S.C. § 362," Docket No. 334, does not bar Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates ("Houser Bros.") from seeking to obtain and enforce a judgment for its prepetition claims; (2) Houser Bros. is authorized to proceed to judgment in *Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates v. Jamie Gallian, et al.*, Orange County Superior Court Case No. 30-2023-01316057-CL-UD-CJC regarding any monetary claim against Debtor for amounts attributable to the period before the Bankruptcy Case was filed; and (3) Houser Bros. may not enforce any judgment against property of Debtor's bankruptcy estate.

###

Date: October 6, 2023

Scott C. Clarkson
United States Bankruptcy Judge

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2014*                                              Page 3                                    **F 4001-1.RFS.UD.ORDER**

## WESTLAW CLASSIC



United States Code Annotated
 Title 11. Bankruptcy (Refs & Annos)

### § 362. Automatic stay

11 USCA § 362 | United States Code Annotated | Title 11. Bankruptcy | Effective: October 30, 2020  *(Approx. 13 pages)*

**Unconstitutional or Preempted** Prior Version's Limitation Recognized by In re Medical Care Management Co. Bkrtcy.M.D.Tenn. Jan. 02, 2003

**Proposed Legislation**

---

## Effective: October 30, 2020

### 11 U.S.C.A. § 362

### § 362. Automatic stay

#### Currentness

**(a)** Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970, operates as a stay, applicable to all entities, of--

 **(1)** the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;

 **(2)** the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title;

 **(3)** any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate;

 **(4)** any act to create, perfect, or enforce any lien against property of the estate;

 **(5)** any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case

other transfer obligation arising under or in connection with 1 or more such master netting agreements to the extent that such participant is eligible to exercise such rights under paragraph (6), (7), or (17) for each individual contract covered by the master netting agreement in issue;

**(28)** under subsection (a), of the exclusion by the Secretary of Health and Human Services of the debtor from participation in the medicare program or any other Federal health care program (as defined in section 1128B(f) of the Social Security Act pursuant to title XI or XVIII of such Act); and

**(29)** under subsection (a)(1) of this section, of any action by--

**(A)** an amateur sports organization, as defined in section 220501(b) of title 36, to replace a national governing body, as defined in that section, under section 220528 of that title; or

**(B)** the corporation, as defined in section 220501(b) of title 36, to revoke the certification of a national governing body, as defined in that section, under section 220521 of that title.

The provisions of paragraphs (12) and (13) of this subsection shall apply with respect to any such petition filed on or before December 31, 1989.

**(c)** Except as provided in subsections (d), (e), (f), and (h) of this section--

**(1)** the stay of an act against property of the estate under subsection (a) of this section continues until such property is no longer property of the estate;

**(2)** the stay of any other act under subsection (a) of this section continues until the earliest of--

**(A)** the time the case is closed;

**(B)** the time the case is dismissed; or

**(C)** if the case is a case under chapter 7 of this title concerning an individual or a case under chapter 9, 11, 12, or 13 of this title, the time a discharge is granted or denied;

**(3)** if a single or joint case is filed by or against a debtor who is an individual in a case under chapter 7, 11, or 13, and if a single or joint case of the debtor was pending within the preceding 1-year period but was dismissed, other than a case refiled under a chapter other than chapter 7 after dismissal under section 707(b)--

**(A)** the stay under subsection (a) with respect to any action taken with respect to a debt or property securing such debt or with respect to any lease shall terminate with respect to the debtor on the 30th day after the filing of the later case;

**(B)** on the motion of a party in interest for continuation of the automatic stay and upon notice and a hearing, the court may extend the stay in particular cases as to any or all creditors (subject to such conditions or limitations as the court may then impose) after

Case 8:21-bk-11710-SC    Doc 475    Filed 10/22/24    Entered 10/22/24 16:53:50    Desc
Case 8:21-bk-11710-SC    Doc 473    Filed 10/22/24    Entered 10/22/24 12:07:26    Desc
Case 8:21-ap-01097-SC    Main Document    Filed 05/25/23    Page 17 of 29    05/25/23 21:19:55    Desc
Imaged Certificate of Notice    Page 3 of 21



FILED & ENTERED

MAY 23 2023

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bolte      DEPUTY CLERK

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SANTA ANA DIVISION**

| | |
|---|---|
| In re: | Case No.: 8:21-bk-11710-SC |
| Jamie Lynn Gallian, | CHAPTER 7 |
| | Adv No: 8:21-ap-01097-SC |
| Debtor(s). | **(1) ORDER DENYING MOTION TO AMEND AND VACATING HEARING;** |
| | **(2) MEMORANDUM DECISION AFTER TRIAL REGARDING §727 CLAIMS; AND** |
| | **(3) SETTING STATUS CONFERENCE ON REMAINING § 523 CLAIMS** |
| Houser Bros. Co., dba Rancho Del Rey Mobile Home Estates, | §727 Trial: |
| | Date:       April 26, 2023 |
| Plaintiff(s), | Time:       9:30 a.m. |
| v. | Courtroom:  5C |
| Jamie Lynn Gallian, | |
| Defendant(s). | |

-1-

Case 8:21-bk-11710-SC    Doc 475    Filed 10/22/24    Entered 10/22/24 16:53:50    Desc
Case 8:21-bk-11710-SC    Doc 473    Filed 10/22/24    Entered 10/22/24 12:07:26    Desc
Case 8:21-ap-01097-SC    Main Document    Filed 05/25/23    Page 19 of 20    Entered 05/25/23 21:19:55    Desc
Imaged Certificate of Notice    Page 21 of 21

1   She has not met her burden. Therefore, Plaintiff is entitled to judgment against

2   Defendant on its § 727(a)(5) cause of action.

3        **IV.    Conclusion**

4        For the reasons more fully explained herein, the Court finds good cause to enter

5   the following order DENYING the Motion to Amend, VACATING the hearing on the

6   Motion to Amend, and finding in favor of Plaintiff and against Defendant pursuant to 11

7   U.S.C. §§727(a)(2)(A), (a)(4), and (a)(5). Judgment, however, cannot yet be issued as

8   there remain pending § 523 claims. Accordingly, the Court hereby sets a status

9   conference on June 27, 2023, at 1:30 p.m., with a status report due 14 days in advance.

10  The status report must advise the Court how the parties wish to proceed in light of the

11  issuance of this Memorandum Decision.

12       **IT IS SO ORDERED.**

13

14

15

16

17

18

19

20

21

22

23

24

25      Date: May 23, 2023

            Scott C. Clarkson
            United States Bankruptcy Judge

26

27

28

-19-

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Robert P. Goe – State Bar No. 137019<br>Brandon J. Iskander – State Bar No. 300916<br>**GOE FORSYTHE & HODGES LLP**<br>17701 Cowan Avenue, Suite 210<br>Irvine, CA 92614<br>RGoe@goeforlaw.com<br>Biskander@goeforlaw.com<br>Telephone: (949) 798-2460<br>Facsimile: (949) 955-9437<br><br><br>☐ *Movant appearing without an attorney*<br>☒ *Attorney for Movant* | **FILED & ENTERED**<br><br>**JUL 31 2023**<br><br>**CLERK U.S. BANKRUPTCY COURT**<br>**Central District of California**<br>**BY mccall      DEPUTY CLERK** |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION**

| In re:<br><br> JAMIE LYNN GALLIAN,<br><br><br><br><br><br><br><br><br><br><br><br>Debtor(s). | CASE NO.: 8:21-bk-11710-SC<br><br>CHAPTER: 7<br><br> **ORDER GRANTING MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362**<br>**(Action in Nonbankruptcy Forum)** <br>DATE:       July 19, 2023<br>TIME:        10:00 a.m.<br>COURTROOM: 5C<br>PLACE:      U.S. Bankruptcy Court<br>               411 W. Fourth Street<br>               Santa Ana, CA 92701 |

| **MOVANT: The Huntington Beach Gables Homeowners Association** |
|---|

1. The Motion was:      ☒ Opposed   ☐ Unopposed   ☐ Settled by stipulation

2. The Motion affects the following Nonbankruptcy Action:

   Name of Nonbankruptcy Action: Randall L. Nickel v The Huntington Beach Gables HOA, et al.

   Docket number: 30-2020-01163055-CU-OR-CJC

   Nonbankruptcy court or agency where the Nonbankruptcy Action is pending:  Superior Court of California - County of Orange - Central Justice Center

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2014*                                Page 1                        **F 4001-1.RFS.NONBK.ORDER**

3.  The Motion is granted under 11 U.S.C. § 362(d)(1).

4.  As to Movant, its successors, transferees and assigns, the stay of 11 U.S.C. § 362(a) is:

    a.  ☒  Terminated as to the Debtor and the Debtor's bankruptcy estate.

    b.  ☐  Modified or conditioned as set forth in Exhibit _____ to the Motion.

    c.  ☐  Annulled retroactively to the bankruptcy petition date.  Any postpetition acts taken by Movant to enforce its remedies regarding the nonbankruptcy action do not constitute a violation of the stay.

5.  **Limitations on Enforcement of Judgment:**  Movant may proceed in the nonbankruptcy forum to final judgment (including any appeals) in accordance with applicable nonbankruptcy law.  Movant is permitted to enforce its final judgment only by *(specify all that apply)*:

    a.  ☐  Collecting upon any available insurance in accordance with applicable nonbankruptcy law.

    b.  ☐  Proceeding against the Debtor as to property or earnings that are not property of this bankruptcy estate.

6.  This order is binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of the Bankruptcy Code.

7.  ☐  The co-debtor stay of 11 U.S.C. § 1201(a) or § 1301(a) is terminated, modified or annulled as to the co-debtor, on the same terms and conditions as to the Debtor.

8.  ☒  The 14-day stay prescribed by FRBP 4001(a)(3) is waived.

9.  ☐  This order is binding and effective in any bankruptcy case commenced by or against the Debtor for a period of 180 days, so that no further automatic stay shall arise in that case as to the nonbankruptcy action.

10. ☐  This order is binding and effective in any future bankruptcy case, no matter who the debtor may be, without further notice.

11. ☒  Other (*specify*): The Court's tentative ruling on the Motion was adopted as the final ruling and is attached.


###


Date: July 31, 2023

*[signature]*

Scott C. Clarkson
United States Bankruptcy Judge

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2014*                                         Page 2                                         **F 4001-1.RFS.NONBK.ORDER**

1   ERIC P. ISRAEL (State Bar No. 132426)
    *eisrael@DanningGill.com*
2   AARON E. DE LEEST (State Bar No. 216832)
    *adeleest@DanningGill.com*
3   DANNING, GILL, ISRAEL & KRASNOFF, LLP
    1901 Avenue of the Stars, Suite 450
4   Los Angeles, California 90067-6006
    Telephone:   (310) 277-0077
5   Facsimile:   (310) 277-5735

6   Attorneys for Jeffrey I. Golden,
    Chapter 7 Trustee

7

8                   **UNITED STATES BANKRUPTCY COURT**

9                   **CENTRAL DISTRICT OF CALIFORNIA**

10                        **SANTA ANA DIVISION**

11

12   In re                              Case No. 8:21-bk-11710-SC

13   JAMIE LYNN GALLIAN,                 Chapter 7

14                                       **ORDER DENYING APPLICATION OF**
                                         **THE CHAPTER 7 TRUSTEE TO**
15               Debtor.                 **EMPLOY REAL ESTATE BROKER**
                                         **COLDWELL BANKER REALTY AND**
16                                       **AGENTS WILLIAM FRIEDMAN AND**
                                         **GREG BINGHAM PURSUANT TO 11**
17                                       **U.S.C. §§ 327 AND 328 WITHOUT**
                                         **PREJUDICE**
18
                                         Date:      September 13, 2022
19                                       Time:      11:00 a.m.
                                         Place:     Courtroom "5C"
20                                                   411 W. 4th Street
                                                     Santa Ana, California 92701
21

22         On September 13, 2022 at 11:00 a.m., there came before the United States Bankruptcy

23   Court for the Central District of California, Santa Ana Division, the Honorable

24   Scott C. Clarkson, United States Bankruptcy Judge, presiding, a hearing on the *Trustee's*

25   *Application to Employ Real Estate Broker Coldwell Banker Realty and Agents William Friedman*

26   *and Greg Bingham Pursuant to 11 U.S.C. §§ 327 and 328 (docket no. 162)* (the "Application")

27   filed by Jeffrey I. Golden, Chapter 7 Trustee (the "Trustee").  Aaron E. de Leest of Danning, Gill,

28   Israel & Krasnoff, LLP, appeared for the Trustee, who also appeared.  Robert P. Goe of Goe

1693912.1  27064                          1

1 Forsythe & Hodges LLP, appeared for Huntington Beach Gables Homeowners Association. The

2 Debtor appeared in pro per. There were no other appearances.

3   The Court having read and considered the Application, the Debtor's opposition to the

4 Application (*docket no. 208*), the Trustee's reply to the Debtor's opposition (*docket no. 219*), and

5 the HOA's joinder in the Trustee's reply (*docket no. 221*), having heard the oral statements of the

6 Debtor, the Trustee, and counsel at the hearing, and for the reasons set forth by the Court on the

7 record at the hearing, it is hereby

8   ORDERED THAT:

9   1.  The Application is denied, without prejudice.

10            ###

22

23

24 Date: September 28, 2022

            Scott C. Clarkson
            United States Bankruptcy Judge

1693912.1  27064

2

# STATE OF CALIFORNIA - DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT
## CERTIFICATE OF TITLE

Manufactured Home                                            Decal: **LBM1081**

| Manufacturer ID/Name | Trade Name | Model | | DOM | DFS | RY |
|---|---|---|---|---|---|---|
| 90002    SKYLINE HOMES INC | CUSTOM VILLA | | | 05/29/2014 | 07/28/2014 | |

| Serial Number | Label/Insignia Number | Weight | Length | Width | Issued |
|---|---|---|---|---|---|
| AC7V710394GB | PFS1130281 | 22,383 | 56' | 15' 2" | Feb 24, 2021 |
| AC7V710394GA | PFS1130282 | 25,068 | 60' | 15' 2" | |

**Addressee**

RONALD J PIERPONT
16222 MONTEREY LN SPACE 376
HUNTINGTON BEACH, CA  92649

**Registered Owner(s)**

J-SANDCASTLE CO LLC
16222 MONTEREY LANE ROOM 376
HUNTINGTON BEACH, CA 92649

**Situs Address**

16222 MONTEREY LN SPACE 376
HUNTINGTON BEACH, CA 92649

**Legal Owner(s)**

RONALD J PIERPONT
JPAD LLC
Tenants in Common Or
16222 MONTEREY LN SPACE 376
HUNTINGTON BEACH, CA 92649

Lien Perfected On:          08/20/20 11:58:00

**IMPORTANT**

THE OWNER INFORMATION SHOWN ABOVE MAY NOT REFLECT ALL LIENS RECORDED WITH THE
DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT AGAINST THE DESCRIBED UNIT.  THE
CURRENT TITLE STATUS OF THE UNIT MAY BE CONFIRMED THROUGH THE DEPARTMENT.

DTN: 12153896                                                    02242021 - 2

STATE OF CALIFORNIA - BUSINESS, CONSUMER SERVICES AND HOUSING AGENCY                    GAVIN NEWSOM, Governor

**DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT**
DIVISION OF CODES AND STANDARDS



# Title Search

Date Printed:   Jul 27, 2021

| | | | |
|---|---|---|---|
| **Decal #:** | LBM1081 | **Use Code:** | SFD |
| **Manufacturer:** | SKYLINE HOMES INC | **Original Price Code:** | BVH |
| **Tradename:** | CUSTOM VILLA | **Rating Year:** | |
| **Model:** | | **Tax Type:** | LPT |
| **Manufactured Date:** 05/29/2014 | | **Last ILT  Amount:** | |
| **Registration Exp:** | | **Date ILT Fees Paid:** | |
| **First Sold On:** | 07/28/2014 | **ILT Exemption:** | NONE |

| Serial Number | HUD Label / Insignia | Length | Width |
|---|---|---|---|
| AC7V710394GA | PFS1130282 | 60' | 15' 2" |
| AC7V710394GB | PFS1130281 | 56' | 15' 2" |

**Record Conditions:**

- An application for title or registration change is pending with the department. For information regarding this application, please call 1-800-952-8356 and request to speak with a customer representative.

**Registered Owner:**

JAMIE LYNN GALLIAN
16222 MONTEREY LN SPACE 376
HUNTINGTON BEACH, CA 92649

| **Last Title Date:** | 02/24/2021 |
|---|---|
| **Last Reg Card:** | Pending Reg Card |
| **Sale/Transfer Info:** | Price $.00 Transferred on 02/25/2021 |

**Situs Address:**

16222 MONTEREY LN SPACE 376
HUNTINGTON BEACH, CA  92649
Situs County:  ORANGE

**Legal Owner:**

JPAD LLC
RONALD J PIERPONT
Tenants in Common Or
16222 MONTEREY LN SPACE 376
HUNTINGTON BEACH, CA 92649

| **Lien Perfected On:** | 02/25/21 10:11:00 |
|---|---|

**Title Searches:**

JANINE JASSO
PO BOX 370161
EL PASO, TX 79937

| **Title File No:** | LBM1081 |
|---|---|

## STATE OF CALIFORNIA - DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT
### CERTIFICATE OF TITLE

Manufactured Home                                    Decal:  **LBM1081**

| Manufacturer ID/Name | Trade Name | Model | | DOM | DFS | RY |
|---|---|---|---|---|---|---|
| 90002   SKYLINE HOMES INC | CUSTOM VILLA | | | 05/29/2014 | 07/28/2014 | |
| Serial Number | Label/Insignia Number | Weight | Length | Width | Issued | |
| AC7V710394GB | PFS1130281 | 22,383 | 56' | 15' 2" | Aug 03, 2021 | |
| AC7V710394GA | PFS1130282 | 25,068 | 60' | 15' 2" | | |

**Addressee**

JAMIE LYNN GALLIAN
16222 MONTEREY LN SPACE 376
HUNTINGTON BEACH, CA  92649


**Registered Owner(s)**

JAMIE LYNN GALLIAN
16222 MONTEREY LN SPACE 376
HUNTINGTON BEACH, CA 92649

**Situs Address**

16222 MONTEREY LN SPACE 376
HUNTINGTON BEACH, CA 92649


I hereby certify that this copy is a true and correct copy of
the original document on file with the Department of
Housing & Community Development.

_____  Signature


**IMPORTANT**
THE OWNER INFORMATION SHOWN ABOVE MAY NOT REFLECT ALL LIENS RECORDED WITH THE
DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT AGAINST THE DESCRIBED UNIT. THE
CURRENT TITLE STATUS OF THE UNIT MAY BE CONFIRMED THROUGH THE DEPARTMENT.

DTN: 12313525                                                    08032021 - 2

# STATE OF CALIFORNIA - DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT
## REGISTRATION CARD

Manufactured Home

**Decal: LBM1081**

| Manufacturer ID/Name | Trade Name | Model | DOM | DFS | RY | Exp. Date |
|---|---|---|---|---|---|---|
| 90002    SKYLINE HOMES INC | CUSTOM VILLA | | 05/29/2014 | 07/28/2014 | | |

| Serial Number | Label/Insignia Number | Weight | Length | Width | Issued |
|---|---|---|---|---|---|
| AC7V710394GB | PFS1130281 | 22,383 | 56' | 15' 2" | Aug 03, 2021 |
| AC7V710394GA | PFS1130282 | 25,068 | 60' | 15' 2" | |

**Addressee**

JAMIE LYNN GALLIAN
16222 MONTEREY LN SPACE 376
HUNTINGTON BEACH, CA 92649



**Registered Owner(s)**

JAMIE LYNN GALLIAN
16222 MONTEREY LN SPACE 376
HUNTINGTON BEACH, CA 92649

**Situs Address**

16222 MONTEREY LN SPACE 376
HUNTINGTON BEACH, CA 92649

**************************************************
**ATTENTION OWNER:**

THIS IS THE REGISTRATION CARD FOR THE
UNIT DESCRIBED ABOVE.  PLEASE KEEP THIS
CARD IN A SAFE PLACE WITHIN THE UNIT.

**INSTRUCTIONS FOR RENEWAL:**

REGISTRATION FOR THIS UNIT EXPIRES ON THE
DATE INDICATED ABOVE IN THE BOX LABELED
"Exp. Date".  THERE ARE SUBSTANTIAL
PENALTIES FOR DELINQUENCY.  IF YOU DO NOT
RECEIVE A RENEWAL NOTICE WITHIN 10 DAYS
PRIOR TO THE EXPIRATION DATE, CONTACT
H.C.D. FOR RENEWAL INSTRUCTIONS.
**************************************************

**IMPORTANT**
THE OWNER INFORMATION SHOWN ABOVE MAY NOT REFLECT ALL LIENS RECORDED WITH THE
DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT AGAINST THE DESCRIBED UNIT.  THE
CURRENT TITLE STATUS OF THE UNIT MAY BE CONFIRMED THROUGH THE DEPARTMENT.

DTN: 12313525

08032021 - 1

STATE OF CALIFORNIA - BUSINESS, CONSUMER SERVICES AND HOUSING AGENCY        GAVIN NEWSOM, Governor

**DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT**
DIVISION OF CODES AND STANDARDS



# Title Search

Date Printed:  Aug 8, 2024

| | | | |
|---|---|---|---|
| Decal #: | LBM1081 | Use Code: | SFD |
| Manufacturer: | SKYLINE HOMES INC - CLOSED | Original Price Code: | BVH |
| Tradename: | CUSTOM VILLA | Rating Year: | |
| Model: | | Tax Type: | LPT |
| Manufactured Date: | 05/29/2014 | Last ILT  Amount: | |
| Registration Exp: | | Date ILT Fees Paid: | |
| First Sold On: | 07/28/2014 | ILT Exemption: | NONE |

| Serial Number | HUD Label / Insignia | Length | Width |
|---|---|---|---|
| AC7V710394GA | PFS1130282 | 60' | 15' 2" |
| AC7V710394GB | PFS1130281 | 56' | 15' 2" |

Record Conditions:

- An application for title or registration change is pending with the department.  For information regarding this application, please call 1-800-952-8356 and request to speak with a customer representative.

Registered Owner:

JAMIE LYNN GALLIAN
16222 MONTEREY LN SPACE 376
HUNTINGTON BEACH, CA 92649

Last Title Date: 08/12/2021

Last Reg Card: 08/12/2021

Sale/Transfer Info: Price $.00 Transferred on 02/25/2021

Situs Address:

16222 MONTEREY LN SPACE 376
HUNTINGTON BEACH, CA  92649
Situs County:  ORANGE

Title Searches:

CHRIS HOUSER
16222 MONTEREY LN OFC
HUNTINGTON BEACH, CA 92649

Title File No: None

### ***END OF TITLE SEARCH***

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
**16222 MONTEREY LANE UNIT 375 HUNTINGTON BEACH, CA 92649**

A true and correct copy of the foregoing document entitled**: DECL. OF JAMIE GALLIAN, RJN** will be served or was served
**(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1 .  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General
Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On
**OCTOBER 22, 2024**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that
the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated
below:

Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**: On **September 23 2024**, I served the following persons and/or entities at the last
known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed
envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here
constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL:** Pursuant to
F.R.Civ.P. 5 and/or controlling LBR, on , I served the following persons and/or entities by personal delivery, overnight mail
service, or (for those who consented in writing to such service method) by facsimile transmission and/or email as follows.
Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed
no later than 24 hours after the document is filed.

Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| October 22, 2024 | Joseph Clark | *Joseph Clark* |
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                     **F 9013-3.1.PROOF.SERVICE**

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: CONTINUED:
   - **ATTORNEY FOR PLAINTIFF HOUSER BROS. CO.:** Bradford Barnhardt bbarnhardt@marshackhays.com, bbarnhardt@ecf.courtdrive.com, kfrederick@ecf.courtdrive.com
   - **CHAPTER 7 TRUSTEE:** Jeffrey I Golden (TR) lwerner@go2.law, jig@trustesolutions.net; kadele@go2.law; C205@ecfcbis.com
   - **ATTORNEY FOR PLAINTIFF HOUSER BROS. CO.:** D Edward Hays ehays@marshackhays.com, ehays@ecf.courtdrive.com; kfrederick@ecf.courtdrive.com; cmendoza@marshackhays.com; cmendoza@ecf.courtdrive.com
   - **ATTORNEY FOR PLAINTIFF HOUSER BROS. CO.:** Laila Masud lmasud@marshackhays.com, lmasud@ecf.courtdrive.com; kfrederick@ecf.courtdrive.com
   - **US TRUSTEE:** United States Trustee (SA) ustpregion16.sa.ecf@usdoj.gov

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                    **F 9013-3.1.PROOF.SERVICE**



**Jamie Gallian <jamiegallian@gmail.com>**

---

## Pay.gov Payment Confirmation: CACB Online Payments
1 message

---

**notification@pay.gov** <notification@pay.gov>                                    Tue, Oct 22, 2024 at 1:59 PM
To: JAMIEGALLIAN@gmail.com

    An official email of the United States government



Your payment has been submitted to the designated government agency through Pay.gov and the details are below.
Please note that this is just a confirmation of transaction submission. To confirm that the payment processed as
expected, you may refer to your bank statement on the scheduled payment date. If you have any questions or wish
to cancel this payment, you will need to contact the agency you paid at your earliest convenience.

Application Name: CACB Online Payments
Pay.gov Tracking ID: 27IM5J5D
Agency Tracking ID: 76862928488

Account Holder Name: JAMIE GALLIAN
Transaction Type: ACH Debit
Transaction Amount: $286.00
Payment Date: 10/23/2024

Account Type: Personal Checking
Routing Number: 322271627
Account Number: ************7152

Transaction Date: 10/22/2024 04:59:47 PM EDT
Total Payments Scheduled: 1
Frequency: OneTime

Case Number: 8:21-BK-11710-SC
Debtor Name: JAMIE LYNN GALLIAN
Payer Name: JAMIE L GALLIAN
Phone: (714) 321-3449
Email: JAMIEGALLIAN@GMAIL.COM
Description: NOTICE OF APPEAL

THIS IS AN AUTOMATED MESSAGE. PLEASE DO NOT REPLY.

Gmail - Pay.gov Payment Confirmation: CACB Online Payments     https://mail.google.com/mail/u/0/?ik=ae1f322bfe&view=pt&search=...

 Pay.gov is a program of the U.S. Department of the Treasury, Bureau of the Fiscal Service