1 | ERIC P. ISRAEL (State Bar No. 132426)
  | eisrael@DanningGill.com
2 | DANNING, GILL, ISRAEL & KRASNOFF, LLP
  | 1901 Avenue of the Stars, Suite 450
3 | Los Angeles, California 90067-6006
  | Telephone:  (310) 277-0077
4 | Facsimile:  (310) 277-5735

5 | Attorneys for Jeffrey I. Golden,
  | Chapter 7 Trustee

**FILED & ENTERED**

**OCT 30 2024**

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY **bolte**     DEPUTY CLERK

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SANTA ANA DIVISION

| | |
|---|---|
| In re | Case No. 8:21-bk-11710-SC |
| JAMIE LYNN GALLIAN, | Chapter 7 |
| Debtor. | **ORDER ON ORDER TO SHOW CAUSE WHY DEBTOR JAMIE LYNN GALLIAN AND JOSEPH ARROYO SHOULD NOT BE FOUND IN CONTEMPT OF COURT** |
| | Date:   October 22, 2024<br>Time:   1:00 p.m.<br>Place:  Courtroom "5C"<br>          411 W. 4th Street<br>          Santa Ana, California 92701 |

On September 12, 2024, the Court issued its Order to Show Cause Why Debtor Jamie Lynn Gallian and Joseph Arroyo Should Not be Found in Contempt of Court (*docket no. 440*) (the "OSC") for violating the Court's order issued on the record during the hearing held on August 27, 2024, prohibiting her from interfering with the Trustee's efforts to market and sell her residence commonly known as 16222 Monterey Lane, Space 376, Huntington Beach, California (the "Property"). Specifically, during the hearing held on August 27, 2024, at 1:30 p.m., Debtor agreed on the record, and the Court ordered, that she comply with her duty under the Bankruptcy Code to cooperate with the Trustee's efforts to list, market, and sell the Property, and that she grant access to the Property to the Trustee or his real estate broker as needed on 24 hours' oral notice via her cell phone.

1779431.2  27064                               1

1    The OSC provided, among other things, that Jamie Lynn Gallian (the "Debtor") was to file any response to the OSC by September 24, 2024, and the Trustee's reply, if any, was due by October 1, 2024, with the hearing thereon scheduled for October 15, 2024, at 11:00 a.m.

On September 24, 2024, Jamie Lynn Gallian (the "Debtor") filed her e-signed Declaration in response (*docket no. 452*, and refiled at *docket nos. 453 and 455*) (collectively the "Declaration"), and Jeffrey I. Golden as Chapter 7 trustee for the Debtor's estate, filed his reply (*docket no. 456*) and the Trustee's request to strike the Declaration as being unsigned and not presented under penalty of perjury (*docket no. 457*).

On October 3, 2024, the Court entered its Order Continuing Hearing and Requiring Service (*docket no. 460*), continuing the hearing on the OSC to October 22, 2024, at 11:00 a.m. The Trustee duly filed and served notice thereof on October 4, 2024 (*docket no. 463*).

The Court having read and considered the pleadings above, and all of the other pleadings in the Debtor's case, having heard the oral arguments of counsel and the Debtor on the record during the hearing held on October 15, 2024, the Court finds that the Debtor has admitted to having listed and marketed the Property, both through Joseph Arroyo and on her own on Zillow.com[1], in violation of her duties under as a Debtor, including without limitation under 11 U.S.C. § 521(a)(3), in violation of her agreement and the Court's order on the record during the August 27, 2024, hearing, and in violation of the automatic stay, including without limitation under 11 U.S.C. § 362(a)(3).

During the hearing on October 22, 2024, the Debtor again agreed, and the Court again ordered that she specifically afford access to the Property to the Trustee's real estate broker on October 23, 2024, at 4:30 p.m., and to continue to cooperate with the Trustee and his brokers by permitting access on 24 hours' oral notice as previously agreed and ordered.

Throughout the hearing, the Debtor continually interrupted the Court and counsel. Although she was admonished to stop interrupting the proceedings, she failed and refused to comply with the

---

[1] Debtor stated on the record that she had listed the Property on Zillow, was working with a broker (Mr. Arroyo) and was getting "probably 50 calls a day." Transcript of August 27, 2024 hearing at 2:05:18 p.m.

1779431.2  27064                                2

Court's instructions. Immediately prior to the conclusion of the hearing, the Court had to have the Debtor's Zoom connection terminated to protect the integrity of the Court's orders and the decorum of the proceedings.

For the reasons set forth above and on the record during the hearing, the Court enters its order as follows: it is

ORDERED THAT:

1. Jamie Lynn Gallian is ordered to cease (a)exercising control over property of this estate including all efforts to market, sell, or otherwise transfer or encumber the Property, (b) interfering with the Trustee's administration of property of the estate or taking any action to damage property of the estate, (c) violating the automatic stay set forth in 11 U.S.C. § 362(a)in any manner, and (d) violating her duties under 11 U.S.C. § 521(a).

2. Jamie Lynn Gallian is ordered to appear at the Property on October 23, 2024, at 4:30 p.m., and to cooperate with the Trustee and his real estate broker in all respects including, without limitation, by providing access to the Property in order to inspect, take pictures, and conduct any other efforts needed for the Trustee and his real estate broker to list, market, and sell the Property.

3. Until otherwise ordered, Jamie Lynn Gallian is ordered to take all actions necessary to provide the Trustee and/or his real estate broker access to the Property on 24 hours' oral notice to her via her cell phone without regard to whether she will be physically present at the Property.

4. If Jamie Lynn Gallian fails to comply with this order, she will be in civil contempt of this order and may be subjected to further orders of the Court to coerce her to purge her contempt and to comply with the Court's orders including, but not limited to, being fined, incarcerated through an order of body detention, and/or removed from the Property by the U.S. Marshal Service or other authorized agent.

5. The OSC is vacated as to Joseph Arroyo.

6. The hearing on the OSC is continued to November 5, 2024, at 11:00 a.m., in Courtroom 5C located at 411 W. Fourth Street, Santa Ana, California 92701-4593. The purpose of the hearing will be to determine if the Debtor is in compliance or violation of any of the Court's orders. Although the Debtor was at the October 22, 2024, hearing and is aware of the continued

1 hearing date, the Trustee shall give notice of the continued hearing and entry of this order via
2 United States mail.
3   7. The Trustee shall file a status report before the hearing, reporting on whether the
4 Debtor has complied with this order and cooperated with the Trustee.

###

Date: October 30, 2024

Scott C. Clarkson
United States Bankruptcy Judge

1779431.2  27064

4