| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| JAMIE LYNN GALLIAN<br>16222 MONTEREY LANE UNIT 376<br>HUNTINGTON BEACH, CA 92649<br>714-321-3449<br>JAMIEGALLIAN@GMAIL.COM | |
| ☒ *Individual appearing without attorney*<br>☐ *Attorney for:* | |

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION

| In re:<br>JAMIE LYNN GALLIAN<br><br><br><br>Debtor(s). | CASE NO.: 8:21-BK-11710-SC<br>ADVERSARY NO.  8:23-ap-01064-SC<br>(*if applicable*)<br>CHAPTER **Select Chapter** |
|---|---|
| <br><br>Plaintiff(s) (*if applicable*).<br><br>vs.<br><br><br><br>Defendant(s) (*if applicable*). | **NOTICE OF APPEAL<br>AND STATEMENT OF ELECTION** |

**Part 1:  Identify the appellant(s)**

1.  Name(s) of appellant(s):  JAMIE LYNN GALLIAN

2.  Position of appellant(s) in the adversary proceeding or bankruptcy case that is the subject of this appeal:

For appeals in an adversary proceeding.

☐ Plaintiff
☐ Defendant
☒ Other (*describe*):

Trustee is attempting to allege Debtor is violating the Bankruptcy Code and "ORDERS" involving an adversary case filed by Trustee on 6/30/23, and served on Debtor.  Debtor answered, Trustee moved to strike Debtor's Answer filed in the adversary, however Trustee is now attempting to allege violations of "ORDERS" in case no 8:23-ap-01064-SC, and never served on Debtor.  Debtor was a **necessary party** because Trustee is claiming rights to a 11/16/2018 Security Agreement and Promissory Note of which Jamie Gallian was the Lender Only, not a Guarantor

For appeals in a bankruptcy case and not in an adversary proceeding.

☒ Debtor
☐ Creditor
☐ Trustee
☐ Other (*describe*):

**Part 2:  Identify the subject of this appeal**

1. Describe the judgment—or the appealable order or decree—from which the appeal is taken
   **Docket 495, Docket 492; Docket 487; Docket 474; Docket 460; Docket 440; Docket 431; Docket 429**

2. State the date on which the judgment—or the appealable order or decree—was entered
   **10/30/2024; 10/23/2024; 10/22/2024; 09/12/2024; 09/05/2024; 08/29/2024;**

**Part 3:  Identify the other parties to the appeal**

List the names of all parties to the judgment—or the appealable order or decree—from which the appeal is taken and the names, addresses, and telephone numbers of their attorneys (attach additional pages if necessary):

1. Party:  JEFFREY I. GOLDEN, CHAPTER 7 TRUSTEE IN RE JAMIE LYNN GALLIAN

   Attorney:
   DANNING, GILL, ISRAEL, & KRASNOFF, LLP
   1901 AVENUE OF THE STARS, SUITE 450
   LOS ANGELES, CA 90067-6006
   310-277-0077



   Attorney:
   CH. 7 TRUSTEE CLAIMING CONTEMPT OF COURT VIOLATION OF AUTOMATIC STAY AND
   INTERFERENCE TRUSTEE'S SALE.  CURRENT JUDICIAL OFFICER, SCOTT C. CLARKSON
   DETERMINED BY DOCKET 383, THE AUTOMATIC STAY WAS TERMINATED PURSUANT TO 11
   U.S.C. 362 c(2)(C) UPON MOT AFTER DEBTORS DISCHARGE WAS DENIED. TRUSTEE IS
   ATTEMPTING A FORCED SALE OF DEBTORS PERSONAL PROPERTY MANUFACTURED HOME
   LBM 1081, THAT DEBTOR ALLEGEDLY ACQUIRED ON AUGUST 3, 2021, POST PETITION,

**Part 4:  Optional election to have appeal heard by District Court (applicable only in certain districts)**

If a Bankruptcy Appellate Panel is available in this judicial district, the Bankruptcy Appellate Panel will hear this appeal unless, pursuant to 28 U.S.C. § 158(c)(1), a party elects to have the appeal heard by the United States District Court.  If an appellant filing this notice wishes to have the appeal heard by the United States District Court, check below.  Do not check the box if the appellant wishes the Bankruptcy Appellate Panel to hear the appeal.

☒  Appellant(s) elect to have the appeal heard by the United States District Court rather than by the Bankruptcy Appellate Panel.

**Part 5:  Sign below**

*Jamie Lynn Gallian*
_____     Date: 10/31/2024
Signature of attorney for appellant(s) (or appellant(s)
if not represented by an attorney)

Fee waiver notice: If appellant is a child support creditor or its representative and appellant has filed the form specified in § 304(g) of the Bankruptcy Reform Act of 1994, no fee is required.

**[Note to inmate filers:** If you are an inmate filer in an institution and you seek the timing benefit of Fed. R. Bankr. P. 8002(c)(1), complete Director's Form 4170 (Declaration of Inmate Filing) and file that declaration along with the Notice of Appeal.]

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

16222 MONTEREY LN. UNIT 375 HUNTINGTON BEACH, CA 92649

A true and correct copy of the foregoing document entitled: **NOTICE OF APPEAL AND STATEMENT OF ELECTION** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _10/31/2024_, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| 10/31/2024 | JOSEPH CLARK | *Joseph Clark* |
| *Date* | *Printed Name* | *Signature* |

ADDITIONAL SERVICE INFORMATION (if needed):


1. <u>**SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**</u>

- **Bradford Barnhardt**   bbarnhardt@marshackhays.com,
  bbarnhardt@ecf.courtdrive.com,alinares@ecf.courtdrive.com

- **Aaron E. De Leest**   adeleest@marshackhays.com,
  adeleest@marshackhays.com,alinares@ecf.courtdrive.com

- **Robert P Goe**   kmurphy@goeforlaw.com,
  rgoe@goeforlaw.com;goeforecf@gmail.com;Goe.RobertP.R@notify.bestcase.com;ajohnston@goeforlaw.com

- **Jeffrey I Golden (TR)**   lwerner@go2.law,
  jig@trustesolutions.net;kadele@go2.law;C205@ecfcbis.com

- **D Edward Hays**   ehays@marshackhays.com,
  ehays@ecf.courtdrive.com;alinares@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com

- **Brandon J. Iskander**   biskander@goeforlaw.com, kmurphy@goeforlaw.com

- **Eric P Israel**   eisrael@danninggill.com, danninggill@gmail.com;eisrael@ecf.inforuptcy.com

- **Shantal Malmed**   shantal.malmed@gmlaw.com, cheryl.caldwell@gmlaw.com

- **Laila Masud**   lmasud@marshackhays.com,
  lmasud@ecf.courtdrive.com;lbuchanan@marshackhays.com;alinares@ecf.courtdrive.com

- **Mark A Mellor**   mail@mellorlawfirm.com, mellormr79158@notify.bestcase.com

- **Valerie Smith**   claims@recoverycorp.com

- **United States Trustee (SA)**   ustpregion16.sa.ecf@usdoj.gov


2. <u>**SERVED BY U.S. MAIL**</u>

The Honorable Scott C. Clarkson
U.S. Bankruptcy Court
Ronald Reagan Federal Building
411 W. Fourth Street, Suite 5130
Santa Ana, CA 92701

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                    **F 9013-3.1.PROOF.SERVICE**

ERIC P. ISRAEL (State Bar No. 132426)
*eisrael@DanningGill.com*
DANNING, GILL, ISRAEL & KRASNOFF, LLP
1901 Avenue of the Stars, Suite 450
Los Angeles, California 90067-6006
Telephone:    (310) 277-0077
Facsimile:    (310) 277-5735

Attorneys for Jeffrey I. Golden,
Chapter 7 Trustee

**FILED & ENTERED**

**OCT 30 2024**

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bolte        DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SANTA ANA DIVISION

| | |
|---|---|
| In re | Case No. 8:21-bk-11710-SC |
| JAMIE LYNN GALLIAN, | Chapter 7 |
| | **ORDER ON ORDER TO SHOW CAUSE WHY DEBTOR JAMIE LYNN GALLIAN AND JOSEPH ARROYO SHOULD NOT BE FOUND IN CONTEMPT OF COURT** |
| Debtor. | |
| | Date:    October 22, 2024 |
| | Time:    1:00 p.m. |
| | Place:    Courtroom "5C" |
| | 411 W. 4th Street |
| | Santa Ana, California 92701 |

On September 12, 2024, the Court issued its Order to Show Cause Why Debtor Jamie Lynn

Gallian and Joseph Arroyo Should Not be Found in Contempt of Court (*docket no. 440*) (the

"OSC") for violating the Court's order issued on the record during the hearing held on August 27,

2024, prohibiting her from interfering with the Trustee's efforts to market and sell her residence

commonly known as 16222 Monterey Lane, Space 376, Huntington Beach, California (the

"Property"). Specifically, during the hearing held on August 27, 2024, at 1:30 p.m., Debtor agreed

on the record, and the Court ordered, that she comply with her duty under the Bankruptcy Code to

cooperate with the Trustee's efforts to list, market, and sell the Property, and that she grant access

to the Property to the Trustee or his real estate broker as needed on 24 hours' oral notice via her

cell phone.

1779431.2  27064                                    1

The OSC provided, among other things, that Jamie Lynn Gallian (the "Debtor") was to file any response to the OSC by September 24, 2024, and the Trustee's reply, if any, was due by October 1, 2024, with the hearing thereon scheduled for October 15, 2024, at 11:00 a.m.

On September 24, 2024, Jamie Lynn Gallian (the "Debtor") filed her e-signed Declaration in response (*docket no. 452*, and refiled at *docket nos. 453 and 455*) (collectively the "Declaration"), and Jeffrey I. Golden as Chapter 7 trustee for the Debtor's estate, filed his reply (*docket no. 456*) and the Trustee's request to strike the Declaration as being unsigned and not presented under penalty of perjury (*docket no. 457*).

On October 3, 2024, the Court entered its Order Continuing Hearing and Requiring Service (*docket no. 460*), continuing the hearing on the OSC to October 22, 2024, at 11:00 a.m.  The Trustee duly filed and served notice thereof on October 4, 2024 (*docket no. 463*).

The Court having read and considered the pleadings above, and all of the other pleadings in the Debtor's case, having heard the oral arguments of counsel and the Debtor on the record during the hearing held on October 15, 2024, the Court finds that the Debtor has admitted to having listed and marketed the Property, both through Joseph Arroyo and on her own on Zillow.com[1], in violation of her duties under as a Debtor, including without limitation under 11 U.S.C. § 521(a)(3), in violation of her agreement and the Court's order on the record during the August 27, 2024, hearing, and in violation of the automatic stay, including without limitation under 11 U.S.C. § 362(a)(3).

During the hearing on October 22, 2024, the Debtor again agreed, and the Court again ordered that she specifically afford access to the Property to the Trustee's real estate broker on October 23, 2024, at 4:30 p.m., and to continue to cooperate with the Trustee and his brokers by permitting access on 24 hours' oral notice as previously agreed and ordered.

Throughout the hearing, the Debtor continually interrupted the Court and counsel. Although she was admonished to stop interrupting the proceedings, she failed and refused to comply with the

---

[1] Debtor stated on the record that she had listed the Property on Zillow, was working with a broker (Mr. Arroyo) and was getting "probably 50 calls a day." Transcript of August 27, 2024 hearing at 2:05:18 p.m.

Court's instructions. Immediately prior to the conclusion of the hearing, the Court had to have the Debtor's Zoom connection terminated to protect the integrity of the Court's orders and the decorum of the proceedings.

For the reasons set forth above and on the record during the hearing, the Court enters its order as follows: it is

ORDERED THAT:

1.      Jamie Lynn Gallian is ordered to cease (a)exercising control over property of this estate including all efforts to market, sell, or otherwise transfer or encumber the Property, (b) interfering with the Trustee's administration of property of the estate or taking any action to damage property of the estate, (c) violating the automatic stay set forth in 11 U.S.C. § 362(a)in any manner, and (d) violating her duties under 11 U.S.C. § 521(a).

2.      Jamie Lynn Gallian is ordered to appear at the Property on October 23, 2024, at 4:30 p.m., and to cooperate with the Trustee and his real estate broker in all respects including, without limitation, by providing access to the Property in order to inspect, take pictures, and conduct any other efforts needed for the Trustee and his real estate broker to list, market, and sell the Property.

3.      Until otherwise ordered, Jamie Lynn Gallian is ordered to take all actions necessary to provide the Trustee and/or his real estate broker access to the Property on 24 hours' oral notice to her via her cell phone without regard to whether she will be physically present at the Property.

4.      If Jamie Lynn Gallian fails to comply with this order, she will be in civil contempt of this order and may be subjected to further orders of the Court to coerce her to purge her contempt and to comply with the Court's orders including, but not limited to, being fined, incarcerated through an order of body detention, and/or removed from the Property by the U.S. Marshal Service or other authorized agent.

5.      The OSC is vacated as to Joseph Arroyo.

6.      The hearing on the OSC is continued to November 5, 2024, at 11:00 a.m., in Courtroom 5C located at 411 W. Fourth Street, Santa Ana, California 92701-4593.  The purpose of the hearing will be to determine if the Debtor is in compliance or violation of any of the Court's orders. Although the Debtor was at the October 22, 2024, hearing and is aware of the continued

hearing date, the Trustee shall give notice of the continued hearing and entry of this order via United States mail.

7.    The Trustee shall file a status report before the hearing, reporting on whether the Debtor has complied with this order and cooperated with the Trustee.

### 

Date: October 30, 2024

Scott C. Clarkson
United States Bankruptcy Judge

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: JAMIE LYNN GALLIAN | **DISTRICT COURT CASE NUMBER:** |
| | 8:24−cv−02333−FLA |
| DEBTOR(S) | **BANKRUPTCY COURT CASE NUMBER:** |
| | 8:23−bk−11710−SC |
| JAMIE LYNN GALLIAN | **ADVERSARY CASE NUMBER:** |
| APPELLANT(S) | None |
| v. | |
| JEFFREY I. GOLDEN | |
| APPELLEE(S). | **NOTICE REGARDING APPEAL FROM BANKRUPTCY COURT** |

Because one of the parties has so requested, this appeal from the Bankruptcy Court will be heard in, and determined by, the United States District Court, Central District of California. The District Court has assigned to the appeal the case number shown above. Hereafter, *this District Court case number* **must** appear on all documents filed in this appeal, along with the Bankruptcy Court case number(s) and adversary case number(s) (if any) shown above.

The appeal has been assigned to _____ United States District Judge Fernando L. Aenlle−Rocha _____, whose initials appear at the end of this District Court case number. Be advised that pursuant to Local Rules 7.1-1 and 83-1.3.1 and Local Bankruptcy Rule 2.1, parties are **required** (1) to file a certification of interested parties and (2) to notify the Court of any cases previously filed with the District Court that appear to be related to this bankruptcy appeal.

Unless exempted by the Court's local rules, all documents must be e-filed using the District Court's CM/ECF System. Unless otherwise ordered by the Court, pro se litigants shall continue to present all documents to the Clerk for filing in paper format. Documents received by the Clerk from pro se litigants under this rule will be scanned by the Clerk into the CM/ECF System.

Each party must comply with all applicable rules of the Federal Rules of Bankruptcy Procedure. As provided in said rules, within fourteen days after filing the notice of appeal, Appellant **must** file the following with the Clerk of the Bankruptcy Court:

**A designation of record**
**A statement of issues on appeal**
**A notice regarding the ordering of transcripts**

If the Appellee desires to designate further portions of the record, Appellee must file in the Bankruptcy Court within fourteen days after service of Appellant's designation a supplemental designation of record, supplemental statement of issues, and/or a notice regarding additional transcripts. Each counsel will include the designated excerpts of the record and all transcripts previously ordered by said counsel as an appendix to his or her brief(s).

Please note that neither party may include or make reference to any excerpts of record other than those which have been properly and timely designated. The District Court, in the appeal, will review and consider only those documents in the case file that the parties have designated and thereafter reproduced.

Under Federal Rule of Bankruptcy Procedure 8010(a), the court reporter/recorder is required to file all transcripts ordered by either side within 30 days of the order (**with payment tendered in advance**) unless an extension has been granted.

**The failure of either party to comply with time requirements as stated in this notice and applicable rules may result in the dismissal of the appeal or the right to oppose the appeal.**

After the designated record is complete, the Clerk of the Bankruptcy Court will transmit to the Clerk of the District Court either the record for this appeal or notice that the record is available electronically. The Clerk of the District Court will then issue a Notice Re: Bankruptcy Record Complete, which will constitute notice, pursuant to Federal Rule of Bankruptcy Procedure 8010(b)(3), that the record has been received by the District Court. The date of filing of this Notice Re: Bankruptcy Record Complete will be the starting date for the calculation of all deadlines pursuant to Federal Rule of Bankruptcy Procedure 8018, and, if applicable, Federal Rule of Bankruptcy Procedure 8016. Only the District Court may grant a request for an extension of the time for filing briefs as set forth in those Rules. Any such request must be filed well in advance of the due date and must specify good cause for the requested extension.

Once briefing is complete, the Courtroom Deputy Clerk of the assigned District Judge will advise parties of the date for oral argument, unless the District Judge determines that oral argument is not needed.

Clerk, U.S. District Court

  October 29, 2024  
Date

By  _/s/ Estrella Liberato_  
Deputy Clerk

*CC:  Bankruptcy Court Judge*

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| JAMIE LYNN GALLIAN<br>16222 MONTEREY LANE UNIT 376<br>HUNTINGTON BEACH, CA 92649<br>714-321-3449<br>JAMIEGALLIAN@GMAIL.COM<br><br>☒ *Individual appearing without attorney*<br>☐ *Attorney for:* | |

### UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION

| In re:<br>JAMIE LYNN GALLIAN | |
|---|---|
| Debtor(s). | CASE NO.: 8:21-BK-11710-SC<br><br>ADVERSARY NO.:<br>(*if applicable*)<br><br>CHAPTER: 7 **Select Chapter** |
| Plaintiff(s) (*if applicable*).<br>vs.<br><br><br>Defendant(s) (*if applicable*). | **NOTICE OF APPEAL**<br>**AND STATEMENT OF ELECTION** |

**Part 1:  Identify the appellant(s)**

1.  Name(s) of appellant(s):  JAMIE LYNN GALLIAN

2.  Position of appellant(s) in the adversary proceeding or bankruptcy case that is the subject of this appeal:

For appeals in an adversary proceeding.
☐ Plaintiff
☐ Defendant
☒ Other (*describe*):
For appeals in a bankruptcy case and not in an  adversary proceeding.
☒ Debtor
☐ Creditor
☐ Trustee
☐ Other (*describe*):

**Part 2: Identify the subject of this appeal**

.1.    Describe the judgment—or the appealable order or decree—from which the appeal is taken:

I AM APPEALING THE BANKRUPTCY COURT TENTATIVE RULING 10/22/2024 RE 9/12/2024 DOC 440 ORDER OSC BY TRUSTEE
RE: CONTEMPT.DEBTOR CONTACTED THE CLERK ON 10/21/24 ADVISED DEBTOR OPPOSES TR, AND INJUNCTION. WOULD LIKE
TO BE HEARD RE: JUDGE ERITHE SMITH ORDER DOC 273, 274, & 394, PERS. PROP MH LBM 1081 [IS NOT] ESTATE PROPERTY.

2.    State the date on which the judgment—or the appealable order or decree—was entered: 10/22/2024

**Part 3: Identify the other parties to the appeal**

List the names of all parties to the judgment—or the appealable order or decree—from which the appeal is taken and the
names, addresses, and telephone numbers of their attorneys (attach additional pages if necessary):

1.    Party:  CHATER 7 TUSTEE JEFFREY I. GOLDEN

> Attorney:
> ERIC P. ISRAEL
> EISRAEL@DANNINGGILL.COM
> AARON E. DE LEEST
> ADELEEST@DANNINGGILL.COM
> DANNING, GILL, ISRAEL & KRASNOFF
> 1901 AVENUE OF THE STARS, SUITE 450
> LOS ANGELES, CA 90067-6006

2.    Party:

> Attorney:

**Part 4: Optional election to have appeal heard by District Court (applicable only in certain districts)**

If a Bankruptcy Appellate Panel is available in this judicial district, the Bankruptcy Appellate Panel will hear this appeal
unless, pursuant to 28 U.S.C. § 158(c)(1), a party elects to have the appeal heard by the United States District Court.  If
an appellant filing this notice wishes to have the appeal heard by the United States District Court, check below.  Do not
check the box if the appellant wishes the Bankruptcy Appellate Panel to hear the appeal.

[X]  Appellant(s) elect to have the appeal heard by the United States District Court rather than by the Bankruptcy
Appellate Panel.

**Part 5: Sign below**

_____     Date: _10/22/2024___
Signature of attorney for appellant(s) (or appellant(s)
if not represented by an attorney)

Fee waiver notice: If appellant is a child support creditor or its representative and appellant has filed the form specified in
§ 304(g) of the Bankruptcy Reform Act of 1994, no fee is required.

**[Note to inmate filers**: If you are an inmate filer in an institution and you seek the timing benefit of Fed. R. Bankr. P.
8002(c)(1), complete Director's Form 4170 (Declaration of Inmate Filing) and file that declaration along with the Notice of
Appeal.]

**1.** **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: CONTINUED:

- **ATTORNEY FOR CREDITOR AND PLAINTIFF HOUSER BROS. CO. and CREDITOR HOUSER BROS. CO. DBA RANCHO DEL REY MOBILE HOME ESTATES:** Bradford Barnhardt bbarnhardt@marshackhays.com, bbarnhardt@ecf.courtdrive.com, kfrederick@ecf.courtdrive.com
- **ATTORNEY FOR CREDITOR AND PLAINTIFF HOUSER BROS. CO. and CREDITOR HOUSER BROS. CO. DBA RANCHO DEL REY MOBILE HOME ESTATES:** Aaron E DE Leest adeleest@DanningGill.com, danninggill@gmail.com; adeleest@ecf.inforuptcy.com
- **ATTORNEY FOR CREDITOR AND PLAINTIFF THE HUNTINGTON BEACH GABLES HOMEOWNERS' ASSOCIATION:** Robert P Goe kmurphy@goeforlaw.com, rgoe@goeforlaw.com; goeforecf@gmail.com
- **CHAPTER 7 TRUSTEE JEFFREY I GOLDEN (TR):** Jeffrey I Golden (TR) lwerner@wgllp.com, jig@trustesolutions.net; kadele@wgllp.com
- **ATTORNEY FOR CREDITOR AND PLAINTIFF HOUSER BROS. CO. and CREDITOR HOUSER BROS. CO. DBA RANCHO DEL REY MOBILE HOME ESTATES:** D Edward Hays ehays@marshackhays.com, ehays@ecf.courtdrive.com; kfrederick@ecf.courtdrive.com; cmendoza@marshackhays.com; cmendoza@ecf.courtdrive.com
- **ATTORNEY FOR CREDITOR AND PLAINTIFF THE HUNTINGTON BEACH GABLES HOMEOWNERS' ASSOCIATION:** Brandon J Iskander biskander@goeforlaw.com, kmurphy@goeforlaw.com
- **ATTORNEY FOR TRUSTEE JEFFREY I GOLDEN (TR):** Eric P Israel eisrael@DanningGill.com, danninggill@gmail.com; eisrael@ecf.inforuptcy.com
- **ATTORNEY FOR CREDITOR AND PLAINTIFF HOUSER BROS. CO. and CREDITOR HOUSER BROS. CO. DBA RANCHO DEL REY MOBILE HOME ESTATES:** Laila Masud lmasud@marshackhays.com, lmasud@ecf.courtdrive.com; kfrederick@ecf.courtdrive.com
- **ATTORNEY FOR DEFENDANT RANDALL L NICKEL:** Mark A Mellor mail@mellorlawfirm.com, mellormr79158@notify.bestcase.com
- **INTERESTED PARTY COURTESY NEF:** Valerie Smith claims@recoverycorp.com
- **U.S. TRUSTEE:** United States Trustee (SA) ustpregion16.sa.ecf@usdoj.gov

4864-9726-8711, v. 1

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                      **F 9013-3.1.PROOF.SERVICE**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

16222 MONTEREY LANE UNIT 375, HUNTINGTON BEACH, CA 92649

A true and correct copy of the foregoing document entitled: **NOTICE OF APPEAL AND STATEMENT OF ELECTION**
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)
 10/22/2024   , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| 10/22/2024 | JOSEPH CLARK | *Joseph Clark* |
| *Date* | *Printed Name* | *Signature* |

# United States Bankruptcy Court
## Central District of California
### Santa Ana
### Scott Clarkson, Presiding
### Courtroom 5C Calendar

---

**Tuesday, October 22, 2024**                                        **Hearing Room**    **5C**

---

<u>11:00 AM</u>
**8:21-11710    Jamie Lynn Gallian**                                        **Chapter 7**

**#13.00**

CONT'D Hearing RE:  Jamie Lynn Gallian And Joseph Arroyo Must Appear And Show Cause As To Why They Should Not Be Held In Contempt Of Court And Sanctioned For Willfully Violating The Bankruptcy Code By Exercising Control Over Property Of The Estate, Interfering With The Trustee's Administration Of Property Of The Estate And Violating The Automatic Stay In Debtor's Case (Set per OSC Entered 9-12-2024)

FR:  10-15-24

Docket        440

**Tentative Ruling:**

Tentative for 10/22/24 is to issue an order prohibiting Debtor from interfering with Trustee's administration of property of the Estate.

This Order to Show Cause ("OSC") against Debtor and her realtor, Mr. Arroyo, was issued as a result of statements made by Debtor at a hearing on August 27, 2024, pertaining to her, and Mr. Arroyo's, efforts to sell her property, which were interfering with Trustee's administration of property of the Estate. Debtor filed an e-signed Declaration in response [Dk. 452, and refiled at Dks. 453 and 455], and Trustee filed a Reply [Dk. 456], and a request to strike the declaration as being unsigned and not presented under penalty of perjury [Dk. 457].

For the reasons stated in Trustee's Reply [Dk. 456], the OSC is discharged as to Mr. Arroyo. As for Debtor, as suggested in Trustee's Reply, the Court is inclined to issue a permanent order prohibiting Debtor from interfering with Trustee's future administration of property of the Estate; the failure to adhere to such order will result in a contempt finding and sanctions.  The Court will consider Debtor's Declaration as argument in response to the OSC.

Virtual appearances are required. The hearing will take place using Zoom for Government, a free service that provides audioconference and videoconference capabilities. Only the parties, including counsels, their

---

**United States Bankruptcy Court**
**Central District of California**
Santa Ana
**Scott Clarkson, Presiding**
**Courtroom 5C Calendar**

---

Tuesday, October 22, 2024                                                    **Hearing Room        5C**

---

<u>11:00 AM</u>
**CONT...        Jamie Lynn Gallian**                                                **Chapter 7**

clients, and pro se individuals, may virtually join the hearing. No testimony, however, will be permitted unless specifically authorized by the Court either prior to, or during, the hearing. Parties virtually appearing should consult the NOTICE OF VIDEO AND TELEPHONIC APPEARANCE PROCEDURES FOR JUDGE SCOTT CLARKSON'S CASES for specific procedures and further information.

The audio portion of each hearing will be recorded electronically by the Court and constitute its official record. **By Order of the Judicial Conference of the United States, members of the general public may only view the hearings from the Courtroom, which will remain open, or access the hearing by audioconference only, as set forth below. This is a nation-wide mandate and is not subject to this Court's discretion. The Court will have monitors on and viewable within the Courtroom for viewing.**

Hearing participants may connect to the videoconference through an Internet browser by entering the Videoconference URL shown below, as well as the meeting ID and password, when prompted.

Videoconference URL:        https://cacb.zoomgov.com/j/1602836250

Meeting ID:                160 283 6250

Password:                606388

If a participant is unable to send and receive audio through his/her computer, or join the videoconference through an Internet browser for any reason, the audio of the hearing may be accessed by telephone using the below audio conference information. PLEASE BE ADVISED THAT THE GENERAL PUBLIC AND ALL MEDIA MAY ONLY USE THE AUDIO CONFERENCE SYSTEM BELOW AND MAY NOT UTILIZE THE VIDEO CONFERENCE SYSTEM.

Audioconference Tel. No.: +1 (669) 254 5252 or +1 (646) 828 7666

Meeting ID:                160 283 6250

**United States Bankruptcy Court**
**Central District of California**
Santa Ana
Scott Clarkson, Presiding
Courtroom 5C Calendar

Tuesday, October 22, 2024                                    **Hearing Room        5C**

11:00 AM
**CONT...        Jamie Lynn Gallian**                                    **Chapter 7**

Password:              606388

For further details, please consult the instructions on the Court's website
https://www.cacb.uscourts.gov/judges/honorable-scott-c-clarkson.

Please note that default matters may be called prior to the videoconference,
so there may be a slight delay to the official start time of the videoconference
hearing.

As noted in the Court's Zoom Video Hearing Guide, located at
https://www.cacb.uscourts.gov/node/7890, all persons are strictly prohibited
from making any recording of court proceedings, whether by video, audio,
"screenshot," or otherwise. Violation of this prohibition may result in the
imposition of monetary and non-monetary sanctions.

| Party Information |
|---|

**Debtor(s):**

Jamie Lynn Gallian                          Pro Se

**Trustee(s):**

Jeffrey I Golden (TR)                       Represented By
                                            Aaron E. De Leest
                                            Eric P Israel
                                            Shantal  Malmed

JAMIE LYNN GALLIAN
16222 Monterey Lane Unit 376
Huntington Beach, CA 92649
714-321-3449
jamiegallian@gmail.com

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

IN RE JAMIE LYNN GALLIAN,

            DEBTOR

AMENDED

Case No.: 8:21-bk-11710-SC

OPPOSITION TO [PROPOSED] PERMANENT INJUNCTION PLACED ON DEBTORS POST-PETITION ACQUIRED PERSONAL PROPERTY MANUFACTURED HOME, HCD DECAL NO. LBM 1081, SERIAL #AC7V710294GB/GA;
THE PERSONAL PROPERTY MANUFACTURED HOME HAVING BEEN ISSUED CERTIFICATE OF TITLE IN THE NAME OF JMIE LYNN GALLIAN BY HCD AUGUST 3, 2021, POST-PETITION DETERMINATION BY ORDER ENTERED BY THE HONORABLE ERITHE A. SMITH ON MAY 15, 2024 (DOCKET 394) THE PROPERTY IS NOT PROPERTY OF DEBTOR'S ESTATE;
DECLARATION OF JAMIE LYNN GALLIAN IN SUPPORT OF DISMISSING OSC AS AN IMPROPER MOTION FILED WITHOUT JUST CAUSE THE AUTOMATIC STAY IS NO LONGER IN EFFECT PURSUANT TO 11 U.S.C. § 362(c)(2)(C); SEE COURT ORDER DOCKET 383 ENTERED OCTOBER 23, 2023

OPPOSITION TO [PROPOSED] PERMANENT INJUNCTION PLACED ON DEBTORS POST-PETITION ACQUIRED PERSONAL PROPERTY MANUFACTURED HOME, HCD DECAL NO. LBM 1081, SERIAL #AC7V710294GB/GA;THE PERSONAL PROPERTY MANUFACTURED HOME HAVING BEEN ISSUED CERTIFICATE OF TITLE IN THE NAME OF JMIE LYNN GALLIAN BY HCD AUGUST 3, 2021, POST-PETITION DETERMINATION BY ORDER ENTERED BY THE HONORABLE ERITHE A. SMITH ON MAY 15, 2024 (DOCKET 394) THE PROPERTY IS NOT PROPERTY OF DEBTOR'S ESTATE;DECLARATION OF JAMIE LYNN GALLIAN IN SUPPORT OF DISMISSING OSC AS AN IMPROPER MOTION FILED WITHOUT JUST CAUSE THE AUTOMATIC STAY IS NO LONGER IN EFFECT PURSUANT TO 11 U.S.C. § 362(C)(2)(C); SEE COURT ORDER DOCKET 383 ENTERED OCTOBER 23, 2023 - 1

1  **TO THE HONORABLE SCOTT C. CLARKSON, UNITED STATES BANKRUPTCY**

2  **JUDGE; CHAPTER 7 TRUSTEE, JEFFREY GOLDEN; UNITED STATES TRUSTEE,**

3  **AND ALL INTERESTED PARTIES:**

4

5  On September 12, 2024, the Chapter 7 Trustee filed an

6  ***"ORDER TO SHOW CAUSE WHY DEBTOR JAMIE LYNN GALLIAN AND***

7  ***JOSEPH ARROYO SHOULD NOT BE FOUND IN CONTEMOT OF COURT."***

8  **Docket 440.**

9

10  The OSC states the following:

11  Jamie Lynn Gallian ("Debtor") and Joseph Arroyo must appear and show

12  cause as to why they should not be held in contempt of Court and sanctioned

13  for *willfully violating the Bankruptcy Code by exercising control over property*

14  *of the estate,* interfering with the Trustee's administration of *property of the estate*
   and *violating the automatic stay in Debtor's case.*

15

16

17  **FINDINGS OF CONTEMPT OF COURT**

18

19  I.      To find a party in civil contempt, the movant here, Jeffrey Golden, Chapter 7

20  Trustee, must prove "by clear and convincing evidence that the contemnor[ ] **violated a [specific**

21  **and definite order] of the court."**  *In re Dyer*, 322 F.3d at 1190-91.

22

23

24

25  OPPOSITION TO [PROPOSED] PERMANENT INJUNCTION PLACED ON DEBTORS POST-PETITION
   ACQUIRED PERSONAL PROPERTY MANUFACTURED HOME, HCD DECAL NO. LBM 1081, SERIAL

26  #AC7V710294GB/GA;THE PERSONAL PROPERTY MANUFACTURED HOME HAVING BEEN ISSUED
   CERTIFICATE OF TITLE IN THE NAME OF JMIE LYNN GALLIAN BY HCD AUGUST 3, 2021, POST-

27  PETITION DETERMINATION BY ORDER ENTERED BY THE HONORABLE ERITHE A. SMITH ON MAY
   15, 2024 (DOCKET 394) THE PROPERTY IS NOT PROPERTY OF DEBTOR'S ESTATE;DECLARATION OF
   JAMIE LYNN GALLIAN IN SUPPORT OF DISMISSING OSC AS AN IMPROPER MOTION FILED

28  WITHOUT JUST CAUSE THE AUTOMATIC STAY IS NO LONGER IN EFFECT PURSUANT TO 11 U.S.C. §
   362(C)(2)(C); SEE COURT ORDER DOCKET 383 ENTERED OCTOBER 23, 2023 - 2

The bankruptcy court must also find that the contemnor **"had sufficient notice of [the**

**order's] terms and the fact that she would be sanctioned if she did not comply."**

*Hansbrough v. Birdsell (In re Hercules Enters., Inc.)*, 387 F.3d 1024, 1028 (9th Cir. 2004).

The Court must determine whether the contemnor violated [a court order] is not based on

subjective beliefs or intent in complying with the order, "but whether in fact [the] conduct

complied with the order at issue." *In re Dyer*, 322 F.3d at 1191 (internal citation omitted); *Yan*

*Sui v. Marshack (In re Sui)*, 2016 WL 4063716, at *3–4, 2016 Bankr. LEXIS 2219, at *8-9

(B.A.P. 9th Cir. 2016).

**<u>ORDER TO SHOW CAUSE FILED ON SEPTEMBER 12, 2024, DOCKET 440,</u>**

1.     The **<u>ORDER TO SHOW CAUSE</u>** filed on September 12, 2024, Docket 440, the

Trustee's OSC did not describe the who, what, where, when, why and how, to give the

defendants sufficient Notice in the order of the surrounding details to defendants being charged

with contempt:

The OSC simply stated

>    *"why they should not be held in contempt of Court and sanctioned*
>
>    *for willfully violating the Bankruptcy Code"*

The OSC did not provide any facts or state which part of the Bankruptcy Code defendants

Gallian and Arroyo violated.

OPPOSITION TO [PROPOSED] PERMANENT INJUNCTION PLACED ON DEBTORS POST-PETITION ACQUIRED PERSONAL PROPERTY MANUFACTURED HOME, HCD DECAL NO. LBM 1081, SERIAL #AC7V710294GB/GA;THE PERSONAL PROPERTY MANUFACTURED HOME HAVING BEEN ISSUED CERTIFICATE OF TITLE IN THE NAME OF JMIE LYNN GALLIAN BY HCD AUGUST 3, 2021, POST-PETITION DETERMINATION BY ORDER ENTERED BY THE HONORABLE ERITHE A. SMITH ON MAY 15, 2024 (DOCKET 394) THE PROPERTY IS NOT PROPERTY OF DEBTOR'S ESTATE;DECLARATION OF JAMIE LYNN GALLIAN IN SUPPORT OF DISMISSING OSC AS AN IMPROPER MOTION FILED WITHOUT JUST CAUSE THE AUTOMATIC STAY IS NO LONGER IN EFFECT PURSUANT TO 11 U.S.C. § 362(C)(2)(C); SEE COURT ORDER DOCKET 383 ENTERED OCTOBER 23, 2023 - 3

2.      The **<u>ORDER TO SHOW CAUSE</u>** filed on September 12, 2024, Docket 440, goes on to

say:

> "***by exercising control over <u>the property of the estate</u>,***"

The OSC [did not] provide specific facts, details, reference to the bankruptcy docket to a specific

**<u>ORDER</u>**, of this Court, properly served on the Debtor, giving Debtor Notice of an Order within

the bankruptcy court record, Case No. 8:21-bk-11710-SC.

        Further the Trustee did not describe with specific detail [**what estate property**],

        the Debtor is [**"exercising control over [property of the estate state"]**]

3.      The **<u>ORDER TO SHOW CAUSE</u>** filed on September 12, 2024, Docket 440, goes on to

further say:  "interfering with the Trustee's administration of [property of the estate]"

Again, the Trustee did not describe in further detail how or what [estate property] is the Debtor

"interfering with the Trustee Administration of [property of the estate.]

 [what property] does the Trustee believe is Estate Property]

In this case, the Bankruptcy Court on October 6, 2023, entered an ORDER the automatic stay was

confirmed pursuant to 11 U.S.C.  § 362 (c)(2)(C) by

OPPOSITION TO [PROPOSED] PERMANENT INJUNCTION PLACED ON DEBTORS POST-PETITION
ACQUIRED PERSONAL PROPERTY MANUFACTURED HOME, HCD DECAL NO. LBM 1081, SERIAL
#AC7V710294GB/GA;THE PERSONAL PROPERTY MANUFACTURED HOME HAVING BEEN ISSUED
CERTIFICATE OF TITLE IN THE NAME OF JMIE LYNN GALLIAN BY HCD AUGUST 3, 2021, POST-
PETITION DETERMINATION BY ORDER ENTERED BY THE HONORABLE ERITHE A. SMITH ON MAY
15, 2024 (DOCKET 394) THE PROPERTY IS NOT PROPERTY OF DEBTOR'S ESTATE;DECLARATION OF
JAMIE LYNN GALLIAN IN SUPPORT OF DISMISSING OSC AS AN IMPROPER MOTION FILED
WITHOUT JUST CAUSE THE AUTOMATIC STAY IS NO LONGER IN EFFECT PURSUANT TO 11 U.S.C. §
362(C)(2)(C); SEE COURT ORDER DOCKET 383 ENTERED OCTOBER 23, 2023 - 4

1   A prime function of bankruptcy law is to equitably administer estate assets. The

2 automatic stay, however, **also protects property in which the estate has no interest.** To wit:

3 paragraph (a)(5) of § 362 sets forth that the filing of a "petition . . . operates as a stay [against]

4

5 any act to create, perfect, or enforce ***against property of the debtor*** [any lien] to the extent that

6 such lien secures a claim that arose [before] the commencement of the case under this title[.]"

7 (emphasis added).

8

9 Over on year ago, on September 13, 2023, Trustee's Counsel filed **Docket No. 377**, entitled:

10

11 **TRUSTEE'S RESPONSE TO THE MOTION FOR RELIEF FROM THE AUTOMATIC**

12 **STAY FILED BY HOUSER BROS. CO. DBA RANCHO DEL REY MOBLE HOME**

13 **ESTATES. *Docket no. 375.***

14   The Trustee does not oppose granting the requested relief......

15

16   **ON OCTOBER 6, 2023, THE COURT ENTERED RELIEF OF STAY ORDER**

17 *DOCKET NO. 383*

18

19 **14. X Other (*specify*): (1) It is confirmed pursuant to 11 U.S.C. § 362(c)(2)(C) there is no**

20 **automatic stay in effect,** and the language of the "Order Granting Motion for Relief from the

21 Automatic Stay Under 11 U.S.C. § 362," Docket No. 334, does not bar Houser Bros. Co. dba

22 Rancho Del Rey Mobile Home Estates ("Houser Bros.") from seeking to obtain and enforce a

23 judgment for its prepetition claims; (2) Houser Bros. is authorized to proceed to judgment in

24 *Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates v. Jamie Gallian, et al.*, Orange

 County Superior Court Case No. 30-2023-01316057-CL-UD-CJC regarding any monetary claim

25 OPPOSITION TO [PROPOSED] PERMANENT INJUNCTION PLACED ON DEBTORS POST-PETITION

26 ACQUIRED PERSONAL PROPERTY MANUFACTURED HOME, HCD DECAL NO. LBM 1081, SERIAL
 #AC7V710294GB/GA;THE PERSONAL PROPERTY MANUFACTURED HOME HAVING BEEN ISSUED

27 CERTIFICATE OF TITLE IN THE NAME OF JMIE LYNN GALLIAN BY HCD AUGUST 3, 2021, POST-
 PETITION DETERMINATION BY ORDER ENTERED BY THE HONORABLE ERITHE A. SMITH ON MAY

28 15, 2024 (DOCKET 394) THE PROPERTY IS NOT PROPERTY OF DEBTOR'S ESTATE;DECLARATION OF
 JAMIE LYNN GALLIAN IN SUPPORT OF DISMISSING OSC AS AN IMPROPER MOTION FILED
 WITHOUT JUST CAUSE THE AUTOMATIC STAY IS NO LONGER IN EFFECT PURSUANT TO 11 U.S.C. §
 362(C)(2)(C); SEE COURT ORDER DOCKET 383 ENTERED OCTOBER 23, 2023 - 5

against Debtor for amounts attributable to the period before the Bankruptcy Case was filed; and (3) Houser Bros. may not enforce any judgment against property of Debtor's bankruptcy estate.

Debtor respectfully requests the Court find that based upon the above Order, docket 383, Debtor was informed and believed that no automatic stay existed after Debtor was denied a discharge by the bankruptcy court sustained by the United States District Court.

Additionally, Debtor believes and provided evidence in her Opposition to the Trustee's OSC, that the Honorable Erithe A. Smith determined on December 19, 2022, *docket 273* that the personal property manufactured home [was not] property of the estate. Houser Bros. Co appealed the bankruptcy courts finding.

On May 15, 2024, *docket 394,* the Bankruptcy Court issued its **Remand Order,** again finding that on the date of petition the personal property manufactured home LBM 1081 was not property of the estate because the HCD Registered Owner was J-Sandcastle Co. and the Legal Owners were Ronald J. Pierpont, (Debtor's ex-husband who resides in the manufactured home) [OR] J-Pad, LLC.  Houser Bros presented documentation establishing that a HCD Certificate of Title showing Debtor as the new registered owner of the Property was [not] issued until August 3, 2021, nearly a month after the Petition Date.  See Homestead Motion, Hays Decl. Exh.22 at 195.  Based on the record presented, by Houser Bros. Co in which the Chapter 7 Trustee joined

OPPOSITION TO [PROPOSED] PERMANENT INJUNCTION PLACED ON DEBTORS POST-PETITION ACQUIRED PERSONAL PROPERTY MANUFACTURED HOME, HCD DECAL NO. LBM 1081, SERIAL #AC7V710294GB/GA;THE PERSONAL PROPERTY MANUFACTURED HOME HAVING BEEN ISSUED CERTIFICATE OF TITLE IN THE NAME OF JMIE LYNN GALLIAN BY HCD AUGUST 3, 2021, POST-PETITION DETERMINATION BY ORDER ENTERED BY THE HONORABLE ERITHE A. SMITH ON MAY 15, 2024 (DOCKET 394) THE PROPERTY IS NOT PROPERTY OF DEBTOR'S ESTATE;DECLARATION OF JAMIE LYNN GALLIAN IN SUPPORT OF DISMISSING OSC AS AN IMPROPER MOTION FILED WITHOUT JUST CAUSE THE AUTOMATIC STAY IS NO LONGER IN EFFECT PURSUANT TO 11 U.S.C. § 362(C)(2)(C); SEE COURT ORDER DOCKET 383 ENTERED OCTOBER 23, 2023 - 6

in on two separate occasions, the Court finds that title to the Property was not transferred to

Debtor prior to the Petition Date.  Therefore the personal property manufactured home is not part

of Debtor's Bankruptcy Estate, even though Debtor argued against them.  No further appeals

were taken and the Bankruptcy Courts Ordered entered May 15, 2024 is final.


However, the Trustee's real estate broker(s) Coldwell Banker and co-agents Bingham and

Friedman, signed a Listing Agreement with the Trustee on or about May 17, 2024, after the

Bankruptcy Courts May 15, 2024, Order, finding the property [was not] property of the estate.

See Docket 394.

However, thereafter with the Trustee receiving timely and proper notice of the REMAND

ORDER. Docket 394, the Trustee waited until July 1, 2024, to file Trustee's Application to

employ a Real Estate Broker and co agents Bingham and Friedman to sell debtors post petition

property,  docket 395

      11 U.S.C. § 541(a)(6) and (7) (emphasis added). The Trustee seems to be pushing

a nonsensical argument confusing property acquired by the debtor and property acquired by the

*estate.*

      The bankruptcy court Judge Erithe A. Smith made a finding that the personal

property Skyline manufactured home LBM 1081 was "acquired" by the debtor during the

chapter 7 case. The facts put forth in the Courts MOD clearly establish that the manufactured

home, was property acquired by the debtor, and not "property of the estate." MOD docket 273.

OPPOSITION TO [PROPOSED] PERMANENT INJUNCTION PLACED ON DEBTORS POST-PETITION
ACQUIRED PERSONAL PROPERTY MANUFACTURED HOME, HCD DECAL NO. LBM 1081, SERIAL
#AC7V710294GB/GA;THE PERSONAL PROPERTY MANUFACTURED HOME HAVING BEEN ISSUED
CERTIFICATE OF TITLE IN THE NAME OF JMIE LYNN GALLIAN BY HCD AUGUST 3, 2021, POST-
PETITION DETERMINATION BY ORDER ENTERED BY THE HONORABLE ERITHE A. SMITH ON MAY
15, 2024 (DOCKET 394) THE PROPERTY IS NOT PROPERTY OF DEBTOR'S ESTATE;DECLARATION OF
JAMIE LYNN GALLIAN IN SUPPORT OF DISMISSING OSC AS AN IMPROPER MOTION FILED
WITHOUT JUST CAUSE THE AUTOMATIC STAY IS NO LONGER IN EFFECT PURSUANT TO 11 U.S.C. §
362(C)(2)(C); SEE COURT ORDER DOCKET 383 ENTERED OCTOBER 23, 2023 - 7

Therefore, Debtor believes that property acquired post-petition is [*generally*] within the bankruptcy estate and that there are **only** two exceptions to this rule, those provided by § 541(a)(6) concerning proceeds, product, rents and profits from property *of the estate.* Also the 180-day limitation in § 541(a)(5) which places in the estate an interest in particular types of property (inheritances, property settlements, etc.) that would have been property of the estate if such interest had been an interest of the debtor on the date of filing of the petition, and if the debtor acquires or becomes entitled to it within 180 days after such date. The Debtor argued these same points and citation to support, and provided a sworn Declaration Docket 208 and incorporated by reference this document into her Opposition to Trustee's second application.

Houser Bros, the Trustee, and joinders simply have the general rule backwards; under § 541(a)(1) the general rule is that the estate includes interests of the debtor in property as of the commencement of the case. Houser Bros and the Trustee argued that Debtor was not on title on the Petition date.  See Docket 95, Homestead Objection anf Trustees joinders.  Debtor relies on both provisions (§ 541(a)(5) and (6)) actually exceptions from the general rule; that post-petition acquisitions are property of the debtor-exceptions specially provided to include particular property within the bankruptcy estate.

Dated this 21st day of October 2024.    *Jamie Lynn Gallian*

JAMIE LYNN GALLIAN

### DECLARATION OF JAMIE LYNN GALLIAN

OPPOSITION TO [PROPOSED] PERMANENT INJUNCTION PLACED ON DEBTORS POST-PETITION ACQUIRED PERSONAL PROPERTY MANUFACTURED HOME, HCD DECAL NO. LBM 1081, SERIAL #AC7V710294GB/GA;THE PERSONAL PROPERTY MANUFACTURED HOME HAVING BEEN ISSUED CERTIFICATE OF TITLE IN THE NAME OF JMIE LYNN GALLIAN BY HCD AUGUST 3, 2021, POST-PETITION DETERMINATION BY ORDER ENTERED BY THE HONORABLE ERITHE A. SMITH ON MAY 15, 2024 (DOCKET 394) THE PROPERTY IS NOT PROPERTY OF DEBTOR'S ESTATE;DECLARATION OF JAMIE LYNN GALLIAN IN SUPPORT OF DISMISSING OSC AS AN IMPROPER MOTION FILED WITHOUT JUST CAUSE THE AUTOMATIC STAY IS NO LONGER IN EFFECT PURSUANT TO 11 U.S.C. § 362(C)(2)(C); SEE COURT ORDER DOCKET 383 ENTERED OCTOBER 23, 2023 - 8

DECLARATION OF JAMIE LYNN GALLIAN

I, JAMIE LYNN GALLIAN, declare under penalty of perjury the following to be true

and correct my own personal knowledge.  If called upon to testify, I would and could

competently testify to the facts stated within.

On October 6, 2023, over 12 months ago, I received Notice of an ORDER entered docket 383,

that the automatic stay was no longer in effect pursuant to 11 U.S. C. 362(c)(2)(C) which states:

**(c)** Except as provided in subsections (d), (e), (f), and (h) of this section--
**(1)** the stay of an act against property of the estate under subsection (a) of this section

continues until such property is no longer property of the estate;

**(2)** the stay of any other act under subsection (a) of this section continues until the earliest of--

**(A)** the time the case is closed;
**(B)** the time the case is dismissed; or

**(C)** if the case is a case under chapter 7 of this title concerning an individual or a case under
chapter 9, 11, 12, or 13 of this title, the time a discharge is granted or **denied;**

A true and correct copy of the Courts Ordered entered October 6, 2023, is attached to the
Declaration of Jamie Lynn Gallian. Docket No. 383.

The Debtor should not be subjected to a permanent injunction as a result of the Trustee's
ERROR.

SIGNED THIS 21ST DAY OF OCTOBER, 2024, AT HUNTINGTON BEACH, UNDER PENALTY
OF PERJURY OF THE LAWS OF THESE UNITED STATES.

*Jamie Lynn Gallian*

JAMIE LYNN GALLIAN

OPPOSITION TO [PROPOSED] PERMANENT INJUNCTION PLACED ON DEBTORS POST-PETITION
ACQUIRED PERSONAL PROPERTY MANUFACTURED HOME, HCD DECAL NO. LBM 1081, SERIAL
#AC7V710294GB/GA;THE PERSONAL PROPERTY MANUFACTURED HOME HAVING BEEN ISSUED
CERTIFICATE OF TITLE IN THE NAME OF JMIE LYNN GALLIAN BY HCD AUGUST 3, 2021, POST-
PETITION DETERMINATION BY ORDER ENTERED BY THE HONORABLE ERITHE A. SMITH ON MAY
15, 2024 (DOCKET 394) THE PROPERTY IS NOT PROPERTY OF DEBTOR'S ESTATE;DECLARATION OF
JAMIE LYNN GALLIAN IN SUPPORT OF DISMISSING OSC AS AN IMPROPER MOTION FILED
WITHOUT JUST CAUSE THE AUTOMATIC STAY IS NO LONGER IN EFFECT PURSUANT TO 11 U.S.C. §
362(C)(2)(C); SEE COURT ORDER DOCKET 383 ENTERED OCTOBER 23, 2023 - 9

**<u>REQUEST FOR JUDICIAL NOTICE</u>**

Jamie Lynn Gallian (the "Debtor") in  the bankruptcy estate of Jamie Lynn Gallian (the "Debtor),

requests that the Court take judicial notice of the following facts.

Jamie Lynn Gallian hereby respectfully requests that the Court take judicial notice of the

following facts pursuant to Fed. R. Evid. 201(d):

**<u>BACKGROUND</u>**

1.      On or about July 9, 2021 (the "Petition Date"), Jamie Lynn Gallian (the "Debtor")

commenced this case by filing a voluntary petition for relief under Chapter 7 of the Code.

2.      On the Petition Date, the registered title owner of the manufactured home located at

16222 Monterey Lane, Space #376, Huntington Beach, California 92649 ("Property"), was vested

in J-Sandcastle Co, LLC ("J-Sandcastle").  The Debtor was not on title to the Property on the

Petition Date.

3.      On the Petition Date, the Property was not subject to any liens on the Personal

Property LBM 1081 as the Legal Owners on the Certificate of Title Registered to J--Sandcastle Co

were Ronald J. Pierpont [OR] J-Pad, LLC. Legal owner Ronald J. Pierpont executed post petition

HCD Lien Satisfied Form 435.6, HCD removed Pierpont and J-Pad LLC as evident August 3, 2021

**<u>THE HOMESTEAD EXEMPTION</u>**

4.      The Debtor claimed an automatic homestead exemption in the Property in the amount

of $600,000 because of her continued residency and her intent to reside since November 1, 2018.

5.      On or about May 12, 2022, Houser Bros. Co., dba Rancho Del Rey Mobile Home

Estates ("Houser Bros."), filed its Motion Objecting to Debtor's Claimed Homestead Exemption (the

"Exemption Motion") (*docket no. 95*).  The hearing on the Exemption Motion was held on June 2,

2022 and continued to July 21, 2022.  At the continued hearing, the Court granted the

Exemption Motion and disallowed any claim of exemption by the Debtor in the Property.

6.      On or about July 26, 2022, the Debtor filed the Motion for Reconsideration from the

Court's July 21, 2022 ruling (the "Motion for Reconsideration") (*docket no. 157*).  The order

granting the Exemption Motion was thereafter entered on or about August 5, 2022 (*docket no. 177*).

1  The hearing on the Motion for Reconsideration was held on September 22, 2022, and the Court

2  took the matter under submission.

3       7.     Thereafter, on or about December 19, 2022, the Court entered its order granting the

4  Debtor's Motion for Reconsideration and determined that the Debtor was entitled to a homestead

5  exemption in the Property in the amount of $600,000 ("Order Granting the Motion for

6  Reconsideration") (*docket no. 274*).

7       8.     On or about December 29, 2022, Houser appealed from the Order Granting the

8  Motion for Reconsideration to the District Court (*docket no. 280*).

9       9.     On or about November 1, 2023, the District Court handling the appeal entered an

10  order that reversed and remanded the Order Granting the Motion for Reconsideration on the

11  grounds that the Court failed to issue findings regarding the Debtor's interest in the Property

12  "including whether "Gallian ever acquired (and retained) an equitable interest in the Property" (the

13  "Reconsideration Order") (*docket no. 387*).

14       10.    On or about May 15, 2024, the Court entered its order regarding the Reconsideration

15  Order (the "Remand Order ) (*docket no. 393*).  The Remand Order again found "that Debtor held a

16  sufficient equitable interest in the Property to claim an automatic homestead exemption under Cal.

17  Civ. Proc. Code § 704.720(a)."

18       11.    Houser Bros did not pursue any further appeal from the Remand Order and it is now
19  final.

20

   Signed this 21st day of October 2024 at Huntington Beach, CA

21

*Jamie Lynn Gallian*

22  Jamie Lynn Gallian

23

24

25

26

27

28

Case 8:21-bk-11710-SC    Doc 489    Filed 10/22/24    Entered 10/22/24 16:59:06    Desc
Case 8:21-bk-11710-SC    Main Document    Page 28 of 237    Entered 10/22/24 13:07:26    Desc
Case 8:21-bk-11710-SC    Main Document    Page 12 of 29    10/06/23 13:16:11    Desc
Main Document    Page 1 of 3

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| D. EDWARD HAYS, #162507<br>ehays@marshackhays.com<br>LAILA MASUD, #311731<br>lmasud@marshackhays.com<br>BRADFORD N. BARNHARDT, #328705<br>bbarnhardt@marshackhays.com<br>MARSHACK HAYS WOOD LLP<br>870 Roosevelt<br>Irvine, CA 92620<br>Telephone: (949) 333-7777<br>Facsimile: (949) 333-7778<br><br>☒ *Attorney for Movant*<br>☐ *Movant appearing without an attorney* | **FILED & ENTERED**<br><br>**OCT 06 2023**<br><br>**CLERK U.S. BANKRUPTCY COURT**<br>**Central District of California**<br>**BY** bolte        **DEPUTY CLERK**<br><br>**CHANGES MADE BY COURT** |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA – *SANTA ANA* DIVISION**

| In re:<br><br>JAMIE LYNN GALLIAN,<br><br><br><br><br><br><br><br><br><br>Debtor(s). | CASE NO.: 8:21-bk-11710-SC<br>CHAPTER: 7<br><br>**ORDER GRANTING MOTION FOR RELIEF FROM STAY UNDER 11 U.S.C. § 362 (UNLAWFUL DETAINER)**<br><br>DATE: September 27, 2023<br>TIME: 10:00 a.m.<br>COURTROOM: 5C<br>PLACE: 411 West Fourth Street<br>                Santa Ana, CA 92701-4593 |

**Movant:** HOUSER BROS. CO. dba RANCHO DEL REY MOBILE HOME ESTATES

1. The Motion was:  ☐ Opposed  ☒ Unopposed*  ☐ Settled by stipulation
   *Debtor appeared at the hearing.

2. This order applies to the following real property (Property):

   Type of property: ☒ Residential  ☐ Nonresidential

   *Street Address:* 16222 Monterey Lane
   *Unit/Suite number:* Space 376
   *City, State, Zip Code:* Huntington Beach, CA 92649

3. The Motion is granted under:

   a.  ☐  11 U.S.C. § 362(d)(1)

   b.  ☐  11 U.S.C. § 362(d)(2)

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

Case 8:21-bk-11710-SC   Doc 409   Filed 10/27/24   Entered 10/23/24 06:45:06   Desc
Case 8:21-bk-11710-SC   Main Document   Page 2 of 3
Case 8:21-bk-11710-SC   Main Document   Page 1 of 29   Entered 10/06/23 13:16:11   Desc
Main Document   Page 2 of 3

c. ☐ 11 U.S.C. § 362(d)(4). The filing of the bankruptcy petition was part of a scheme to hinder, delay, or defraud creditors that involved:

(1) ☐ The transfer of all or part ownership of, or other interest in, the Property without the consent of the secured creditor or court approval; and/or

(2) ☐ Multiple bankruptcy cases affecting the Property.

(3) ☐ The court ☐ makes ☐ does not make ☐ cannot make a finding that the Debtor was involved in this scheme.

(4) If recorded in compliance with applicable state laws governing notices of interests or liens in real property, this order is binding in any other case under this title commenced by or against any debtor who claims any interest in the Property purporting to affect such real property filed not later than 2 years after the date of the entry of this order by the court, except that a debtor in a subsequent case under this title may move for relief from this order based upon changed circumstances or for good cause shown, after notice and a hearing. Any federal, state or local government unit that accepts notices of interests or liens in real property shall accept any certified copy of this order for indexing and recording.

4. ☐ As to Movant, its successors, transferees and assigns, the stay of 11 U.S.C. § 362(a) is:

a. ☐ Terminated as to the Debtor and the Debtor's bankruptcy estate.

b. ☐ Modified or conditioned as set forth in Exhibit _____ to this order.

c. ☐ Annulled retroactive to the bankruptcy petition date. Any postpetition acts taken by or at the request of the Movant to enforce its remedies regarding the Property, including without limitation entry of any order, judgment or writ, do not constitute a violation of the stay.

5. ☐ Movant may enforce its remedies to obtain possession of the Property, including lockout, in accordance with applicable nonbankruptcy law, but may not pursue any monetary claim against the Debtor or property of the estate for amounts attributable to the period before the bankruptcy was filed except by filing a proof of claim pursuant to 11 U.S.C. § 501.

6. ☐ Movant shall not cause the Debtor to be locked out before (*date*) _____.

7. ☐ The co-debtor stay of 11 U.S.C. § 1201(a) or § 1301(a) is terminated, modified or annulled as to the co-debtor, on the same terms and conditions as to the Debtor.

8. ☒ The 14-day stay prescribed by FRBP 4001(a)(3) is waived.

9. This order is binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of the Bankruptcy Code.

10. ☐ This order is binding in any other bankruptcy case commenced by or against any debtor who claims any interest in the Property, or purporting to affect the Property filed not later than 2 years after the date of entry of this order, except that a debtor in a subsequent case may move for relief from this order based upon changed circumstances or for good cause shown, after notice and hearing.

11. ☐ This order is binding and effective in any bankruptcy commenced by or against the Debtor for a period of 180 days from the hearing of this Motion.

12. ☐ This order is binding and effective in *any* bankruptcy commenced by or against *any* debtor who claims any interest in the Property for a period of 180 days from the hearing of this Motion.

a. ☐ without further notice.

b. ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2014*                           Page 2                           **F 4001-1.RFS.UD.ORDER**

13. ☐ A designated law enforcement officer may evict the Debtor and any other occupant from the Property regardless of any future bankruptcy case concerning the Property for a period of 180 days from the hearing of this Motion.

    a. ☐ without further notice.

    b. ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

14. ☒ Other (*specify*): (1) It is confirmed pursuant to 11 U.S.C. § 362(c)(2)(C) there is no automatic stay in effect, and the language of the "Order Granting Motion for Relief from the Automatic Stay Under 11 U.S.C. § 362," Docket No. 334, does not bar Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates ("Houser Bros.") from seeking to obtain and enforce a judgment for its prepetition claims; (2) Houser Bros. is authorized to proceed to judgment in *Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates v. Jamie Gallian, et al.*, Orange County Superior Court Case No. 30-2023-01316057-CL-UD-CJC regarding any monetary claim against Debtor for amounts attributable to the period before the Bankruptcy Case was filed; and (3) Houser Bros. may not enforce any judgment against property of Debtor's bankruptcy estate.

<div align="center">###</div>

Date: October 6, 2023

*Scott C. Clarkson*
Scott C. Clarkson
United States Bankruptcy Judge

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2014*                    Page 3                    **F 4001-1.RFS.UD.ORDER**

# WESTLAW CLASSIC



United States Code Annotated
Title 11. Bankruptcy (Refs & Annos)

**§ 362. Automatic stay**

11 USCA § 362   |   United States Code Annotated   |   Title 11. Bankruptcy   |   Effective: October 30, 2020   *(Approx. 13 pages)*

---

**Unconstitutional or Preempted**   Prior Version's Limitation Recognized by   In re Medical Care
Management Co.   Bkrtcy.M.D.Tenn.   Jan. 02, 2003

**Proposed Legislation**

---

## Effective: October 30, 2020

### 11 U.S.C.A. § 362

## § 362. Automatic stay

### Currentness

**(a)** Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970, operates as a stay, applicable to all entities, of--

**(1)** the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;

**(2)** the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title;

**(3)** any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate;

**(4)** any act to create, perfect, or enforce any lien against property of the estate;

**(5)** any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case

other transfer obligation arising under or in connection with 1 or more such master netting agreements to the extent that such participant is eligible to exercise such rights under paragraph (6), (7), or (17) for each individual contract covered by the master netting agreement in issue;

**(28)** under subsection (a), of the exclusion by the Secretary of Health and Human Services of the debtor from participation in the medicare program or any other Federal health care program (as defined in section 1128B(f) of the Social Security Act pursuant to title XI or XVIII of such Act); and

**(29)** under subsection (a)(1) of this section, of any action by--

**(A)** an amateur sports organization, as defined in section 220501(b) of title 36, to replace a national governing body, as defined in that section, under section 220528 of that title; or

**(B)** the corporation, as defined in section 220501(b) of title 36, to revoke the certification of a national governing body, as defined in that section, under section 220521 of that title.

The provisions of paragraphs (12) and (13) of this subsection shall apply with respect to any such petition filed on or before December 31, 1989.

**(c)** Except as provided in subsections (d), (e), (f), and (h) of this section--

**(1)** the stay of an act against property of the estate under subsection (a) of this section continues until such property is no longer property of the estate;

**(2)** the stay of any other act under subsection (a) of this section continues until the earliest of--

**(A)** the time the case is closed;

**(B)** the time the case is dismissed; or

**(C)** if the case is a case under chapter 7 of this title concerning an individual or a case under chapter 9, 11, 12, or 13 of this title, the time a discharge is granted or denied;

**(3)** if a single or joint case is filed by or against a debtor who is an individual in a case under chapter 7, 11, or 13, and if a single or joint case of the debtor was pending within the preceding 1-year period but was dismissed, other than a case refiled under a chapter other than chapter 7 after dismissal under section 707(b)--

**(A)** the stay under subsection (a) with respect to any action taken with respect to a debt or property securing such debt or with respect to any lease shall terminate with respect to the debtor on the 30th day after the filing of the later case;

**(B)** on the motion of a party in interest for continuation of the automatic stay and upon notice and a hearing, the court may extend the stay in particular cases as to any or all creditors (subject to such conditions or limitations as the court may then impose) after

Case 8:21-bk-11710-SC    Doc 480    Filed 10/22/24    Entered 10/22/24 08:54:06    Desc
Case 8:21-ap-01097-SC    Notice of Appeal and Statement of El    Page 83 of 229
Case 8:21-ap-01097-SC    Main Document    Filed 05/25/23    Page 17 of 29    05/25/23 21:19:55    Desc
Imaged Certificate of Notice    Page 3 of 21



FILED & ENTERED

MAY 23 2023

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bolte      DEPUTY CLERK

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SANTA ANA DIVISION**

| | |
|---|---|
| In re: | Case No.: 8:21-bk-11710-SC |
| Jamie Lynn Gallian, | CHAPTER 7 |
| | Adv No: 8:21-ap-01097-SC |
| Debtor(s). | **(1) ORDER DENYING MOTION TO AMEND AND VACATING HEARING;** |
| | **(2) MEMORANDUM DECISION AFTER TRIAL REGARDING §727 CLAIMS; AND** |
| | **(3) SETTING STATUS CONFERENCE ON REMAINING § 523 CLAIMS** |
| Houser Bros. Co., dba Rancho Del Rey Mobile Home Estates, | §727 Trial: |
| | Date:      April 26, 2023 |
| Plaintiff(s), | Time:      9:30 a.m. |
| v. | Courtroom:  5C |
| Jamie Lynn Gallian, | |
| Defendant(s). | |

-1-

Case 8:21-bk-11710-SC    Doc 480-1    Filed 10/22/24    Entered 10/22/24 16:59:06    Desc
Case 8:21-bk-11710-SC    Doc 492    Filed 10/28/24    Entered 10/28/24 12:07:26    Desc
Case 8:21-ap-01097-SC    Main Document    Filed 05/25/23    Page 19 of 20 05/25/23 21:19:55    Desc
Imaged Certificate of Notice    Page 21 of 21

1  She has not met her burden. Therefore, Plaintiff is entitled to judgment against

2  Defendant on its § 727(a)(5) cause of action.

3  **IV.    Conclusion**

4  For the reasons more fully explained herein, the Court finds good cause to enter

5  the following order DENYING the Motion to Amend, VACATING the hearing on the

6  Motion to Amend, and finding in favor of Plaintiff and against Defendant pursuant to 11

7  U.S.C. §§727(a)(2)(A), (a)(4), and (a)(5). Judgment, however, cannot yet be issued as

8  there remain pending § 523 claims. Accordingly, the Court hereby sets a status

9  conference on June 27, 2023, at 1:30 p.m., with a status report due 14 days in advance.

10  The status report must advise the Court how the parties wish to proceed in light of the

11  issuance of this Memorandum Decision.

12  **IT IS SO ORDERED.**

13

14

15

16

17

18

19

20

21

22

23

24

25  Date: May 23, 2023

Scott C. Clarkson
United States Bankruptcy Judge

26

27

28

-19-

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Robert P. Goe – State Bar No. 137019<br>Brandon J. Iskander – State Bar No. 300916<br>**GOE FORSYTHE & HODGES LLP**<br>17701 Cowan Avenue, Suite 210<br>Irvine, CA 92614<br>RGoe@goeforlaw.com<br>Biskander@goeforlaw.com<br>Telephone: (949) 798-2460<br>Facsimile: (949) 955-9437<br><br>☐ *Movant appearing without an attorney*<br>☒ *Attorney for Movant* | **FILED & ENTERED**<br><br>**JUL 31 2023**<br><br>**CLERK U.S. BANKRUPTCY COURT**<br>Central District of California<br>BY mccall DEPUTY CLERK |

<div align="center">

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION**

</div>

| In re:<br><br> JAMIE LYNN GALLIAN,<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>Debtor(s). | CASE NO.: 8:21-bk-11710-SC<br><br>CHAPTER: 7<br><br><div align="center">**ORDER GRANTING MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362**<br>**(Action in Nonbankruptcy Forum)**</div><br><br>DATE: July 19, 2023<br>TIME: 10:00 a.m.<br>COURTROOM: 5C<br>PLACE: U.S. Bankruptcy Court<br>411 W. Fourth Street<br>Santa Ana, CA 92701 |

**MOVANT: The Huntington Beach Gables Homeowners Association**

1. The Motion was: ☒ Opposed ☐ Unopposed ☐ Settled by stipulation

2. The Motion affects the following Nonbankruptcy Action:

 Name of Nonbankruptcy Action: Randall L. Nickel v The Huntington Beach Gables HOA, et al.

 Docket number: 30-2020-01163055-CU-OR-CJC

 Nonbankruptcy court or agency where the Nonbankruptcy Action is pending: Superior Court of California - County of Orange - Central Justice Center

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2014* Page 1 **F 4001-1.RFS.NONBK.ORDER**

3. The Motion is granted under 11 U.S.C. § 362(d)(1).

4. As to Movant, its successors, transferees and assigns, the stay of 11 U.S.C. § 362(a) is:

   a. ☒ Terminated as to the Debtor and the Debtor's bankruptcy estate.

   b. ☐ Modified or conditioned as set forth in Exhibit _____ to the Motion.

   c. ☐ Annulled retroactively to the bankruptcy petition date. Any postpetition acts taken by Movant to enforce its remedies regarding the nonbankruptcy action do not constitute a violation of the stay.

5. **Limitations on Enforcement of Judgment:** Movant may proceed in the nonbankruptcy forum to final judgment (including any appeals) in accordance with applicable nonbankruptcy law. Movant is permitted to enforce its final judgment only by *(specify all that apply)*:

   a. ☐ Collecting upon any available insurance in accordance with applicable nonbankruptcy law.

   b. ☐ Proceeding against the Debtor as to property or earnings that are not property of this bankruptcy estate.

6. This order is binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of the Bankruptcy Code.

7. ☐ The co-debtor stay of 11 U.S.C. § 1201(a) or § 1301(a) is terminated, modified or annulled as to the co-debtor, on the same terms and conditions as to the Debtor.

8. ☒ The 14-day stay prescribed by FRBP 4001(a)(3) is waived.

9. ☐ This order is binding and effective in any bankruptcy case commenced by or against the Debtor for a period of 180 days, so that no further automatic stay shall arise in that case as to the nonbankruptcy action.

10. ☐ This order is binding and effective in any future bankruptcy case, no matter who the debtor may be, without further notice.

11. ☒ Other *(specify)*: The Court's tentative ruling on the Motion was adopted as the final ruling and is attached.

<div align="center">###</div>

Date: July 31, 2023

Scott C. Clarkson
United States Bankruptcy Judge

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2014*                    Page 2                    **F 4001-1.RFS.NONBK.ORDER**

1  ERIC P. ISRAEL (State Bar No. 132426)
   *eisrael@DanningGill.com*
2  AARON E. DE LEEST (State Bar No. 216832)
   *adeleest@DanningGill.com*
3  DANNING, GILL, ISRAEL & KRASNOFF, LLP
   1901 Avenue of the Stars, Suite 450
4  Los Angeles, California 90067-6006
   Telephone:   (310) 277-0077
5  Facsimile:   (310) 277-5735

6  Attorneys for Jeffrey I. Golden,
   Chapter 7 Trustee

7

**FILED & ENTERED**

**SEP 28 2022**

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bolte      DEPUTY CLERK

8              **UNITED STATES BANKRUPTCY COURT**

9              **CENTRAL DISTRICT OF CALIFORNIA**

10                  **SANTA ANA DIVISION**

11

12  In re                              Case No. 8:21-bk-11710-SC

13  JAMIE LYNN GALLIAN,                 Chapter 7

14                                      **ORDER DENYING APPLICATION OF**
                                        **THE CHAPTER 7 TRUSTEE TO**
15              Debtor.                 **EMPLOY REAL ESTATE BROKER**
                                        **COLDWELL BANKER REALTY AND**
16                                      **AGENTS WILLIAM FRIEDMAN AND**
                                        **GREG BINGHAM PURSUANT TO 11**
17                                      **U.S.C. §§ 327 AND 328 WITHOUT**
                                        **PREJUDICE**
18
                                        Date:      September 13, 2022
19                                      Time:      11:00 a.m.
                                        Place:     Courtroom "5C"
20                                                 411 W. 4th Street
                                                   Santa Ana, California 92701
21

22          On September 13, 2022 at 11:00 a.m., there came before the United States Bankruptcy

23  Court for the Central District of California, Santa Ana Division, the Honorable

24  Scott C. Clarkson, United States Bankruptcy Judge, presiding, a hearing on the *Trustee's*

25  *Application to Employ Real Estate Broker Coldwell Banker Realty and Agents William Friedman*

26  *and Greg Bingham Pursuant to 11 U.S.C. §§ 327 and 328* (docket no. 162) (the "Application")

27  filed by Jeffrey I. Golden, Chapter 7 Trustee (the "Trustee").  Aaron E. de Leest of Danning, Gill,

28  Israel & Krasnoff, LLP, appeared for the Trustee, who also appeared.  Robert P. Goe of Goe

1  Forsythe & Hodges LLP, appeared for Huntington Beach Gables Homeowners Association.  The

2  Debtor appeared in pro per.  There were no other appearances.

3       The Court having read and considered the Application, the Debtor's opposition to the

4  Application (*docket no. 208*), the Trustee's reply to the Debtor's opposition (*docket no. 219*), and

5  the HOA's joinder in the Trustee's reply (*docket no. 221*), having heard the oral statements of the

6  Debtor, the Trustee, and counsel at the hearing, and for the reasons set forth by the Court on the

7  record at the hearing, it is hereby

8       ORDERED THAT:

9      1.     The Application is denied, without prejudice.

10                 ###

24  Date: September 28, 2022

Scott C. Clarkson
United States Bankruptcy Judge

1693912.1  27064

2

## STATE OF CALIFORNIA - DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT
### CERTIFICATE OF TITLE

Manufactured Home                    **Decal:  LBM1081**

| Manufacturer ID/Name | Trade Name | Model | DOM | DFS | RY |
|---|---|---|---|---|---|
| 90002    SKYLINE HOMES INC | CUSTOM VILLA | | 05/29/2014 | 07/28/2014 | |

| Serial Number | Label/Insignia Number | Weight | Length | Width | Issued |
|---|---|---|---|---|---|
| AC7V710394GB | PFS1130281 | 22,383 | 56' | 15' 2" | Feb 24, 2021 |
| AC7V710394GA | PFS1130282 | 25,068 | 60' | 15' 2" | |

**Addressee**

RONALD J PIERPONT
16222 MONTEREY LN SPACE 376
HUNTINGTON BEACH, CA  92649

**Registered Owner(s)**

J-SANDCASTLE CO LLC
16222 MONTEREY LANE ROOM 376
HUNTINGTON BEACH, CA 92649

**Situs Address**

16222 MONTEREY LN SPACE 376
HUNTINGTON BEACH, CA 92649

**Legal Owner(s)**

RONALD J PIERPONT
JPAD LLC
Tenants in Common Or
16222 MONTEREY LN SPACE 376
HUNTINGTON BEACH, CA 92649

Lien Perfected On:        08/20/20 11:58:00

**IMPORTANT**

THE OWNER INFORMATION SHOWN ABOVE MAY NOT REFLECT ALL LIENS RECORDED WITH THE
DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT AGAINST THE DESCRIBED UNIT.  THE
CURRENT TITLE STATUS OF THE UNIT MAY BE CONFIRMED THROUGH THE DEPARTMENT.

DTN: 12153896                                                                02242021 - 2

STATE OF CALIFORNIA - BUSINESS, CONSUMER SERVICES AND HOUSING AGENCY                          GAVIN NEWSOM, Governor

**DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT**
DIVISION OF CODES AND STANDARDS

# Title Search

Date Printed:  Jul 27, 2021

| | | | |
|---|---|---|---|
| Decal #: | LBM1081 | Use Code: | SFD |
| Manufacturer: | SKYLINE HOMES INC | Original Price Code: | BVH |
| Tradename: | CUSTOM VILLA | Rating Year: | |
| Model: | | Tax Type: | LPT |
| Manufactured Date: | 05/29/2014 | Last ILT  Amount: | |
| Registration Exp: | | Date ILT Fees Paid: | |
| First Sold On: | 07/28/2014 | ILT Exemption: | NONE |

| Serial Number | HUD Label / Insignia | Length | Width |
|---|---|---|---|
| AC7V710394GA | PFS1130282 | 60' | 15' 2" |
| AC7V710394GB | PFS1130281 | 56' | 15' 2" |

**Record Conditions:**

- An application for title or registration change is pending with the department.  For information regarding this application, please call 1-800-952-8356 and request to speak with a customer representative.

**Registered Owner:**

JAMIE LYNN GALLIAN
16222 MONTEREY LN SPACE 376
HUNTINGTON BEACH, CA 92649

| **Last Title Date:** | 02/24/2021 |
|---|---|
| **Last Reg Card:** | Pending Reg Card |
| **Sale/Transfer Info:** | Price $.00 Transferred on 02/25/2021 |

Situs Address:

16222 MONTEREY LN SPACE 376
HUNTINGTON BEACH, CA  92649
Situs County:  ORANGE

Legal Owner:

JPAD LLC
RONALD J PIERPONT
Tenants in Common Or
16222 MONTEREY LN SPACE 376
HUNTINGTON BEACH, CA 92649

| **Lien Perfected On:** | 02/25/21 10:11:00 |
|---|---|

Title Searches:

JANINE JASSO
PO BOX 370161
EL PASO, TX 79937

| **Title File No:** | LBM1081 |
|---|---|

# STATE OF CALIFORNIA - DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT
## CERTIFICATE OF TITLE

Manufactured Home

Decal: **LBM1081**

| Manufacturer ID/Name | | Trade Name | Model | | DOM | DFS | RY |
|---|---|---|---|---|---|---|---|
| 90002   SKYLINE HOMES INC | | CUSTOM VILLA | | | 05/29/2014 | 07/28/2014 | |
| Serial Number | | Label/Insignia Number | Weight | Length | Width | Issued | |
| AC7V710394GB | | PFS1130281 | 22,383 | 56' | 15' 2" | Aug 03, 2021 | |
| AC7V710394GA | | PFS1130282 | 25,068 | 60' | 15' 2" | | |

**Addressee**

JAMIE LYNN GALLIAN
16222 MONTEREY LN SPACE 376
HUNTINGTON BEACH, CA 92649

**Registered Owner(s)**

JAMIE LYNN GALLIAN
16222 MONTEREY LN SPACE 376
HUNTINGTON BEACH, CA 92649

**Situs Address**

16222 MONTEREY LN SPACE 376
HUNTINGTON BEACH, CA 92649

I hereby certify that this copy is a true and correct copy of the original document on file with the Department of Housing & Community Development.

_____ Signature

## IMPORTANT

THE OWNER INFORMATION SHOWN ABOVE MAY NOT REFLECT ALL LIENS RECORDED WITH THE DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT AGAINST THE DESCRIBED UNIT. THE CURRENT TITLE STATUS OF THE UNIT MAY BE CONFIRMED THROUGH THE DEPARTMENT.

DTN: 12313525

08032021 - 2

# STATE OF CALIFORNIA - DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT
## REGISTRATION CARD
Manufactured Home

**Decal: LBM1081**

| Manufacturer ID/Name | | Trade Name | Model | | DOM | DFS | RY | Exp. Date |
|---|---|---|---|---|---|---|---|---|
| 90002    SKYLINE HOMES INC | | CUSTOM VILLA | | | 05/29/2014 | 07/28/2014 | | |
| Serial Number | | Label/Insignia Number | Weight | Length | Width | Issued | | |
| AC7V710394GB | | PFS1130281 | 22,383 | 56' | 15' 2" | Aug 03, 2021 | | |
| AC7V710394GA | | PFS1130282 | 25,068 | 60' | 15' 2" | | | |

**Addressee**

JAMIE LYNN GALLIAN
16222 MONTEREY LN SPACE 376
HUNTINGTON BEACH, CA 92649



**Registered Owner(s)**

JAMIE LYNN GALLIAN
16222 MONTEREY LN SPACE 376
HUNTINGTON BEACH, CA 92649

**Situs Address**

16222 MONTEREY LN SPACE 376
HUNTINGTON BEACH, CA 92649

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**ATTENTION OWNER:**

THIS IS THE REGISTRATION CARD FOR THE
UNIT DESCRIBED ABOVE.  PLEASE KEEP THIS
CARD IN A SAFE PLACE WITHIN THE UNIT.

**INSTRUCTIONS FOR RENEWAL:**

REGISTRATION FOR THIS UNIT EXPIRES ON THE
DATE INDICATED ABOVE IN THE BOX LABELED
"Exp. Date".  THERE ARE SUBSTANTIAL
PENALTIES FOR DELINQUENCY.  IF YOU DO NOT
RECEIVE A RENEWAL NOTICE WITHIN 10 DAYS
PRIOR TO THE EXPIRATION DATE, CONTACT
H.C.D. FOR RENEWAL INSTRUCTIONS.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**IMPORTANT**
THE OWNER INFORMATION SHOWN ABOVE MAY NOT REFLECT ALL LIENS RECORDED WITH THE
DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT AGAINST THE DESCRIBED UNIT.  THE
CURRENT TITLE STATUS OF THE UNIT MAY BE CONFIRMED THROUGH THE DEPARTMENT.

DTN: 12313525

08032021 - 1

**DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT**
DIVISION OF CODES AND STANDARDS



# Title Search

Date Printed:  Aug 8, 2024

| | | | |
|---|---|---|---|
| Decal #: | LBM1081 | Use Code: | SFD |
| Manufacturer: | SKYLINE HOMES INC - CLOSED | Original Price Code: | BVH |
| Tradename: | CUSTOM VILLA | Rating Year: | |
| Model: | | Tax Type: | LPT |
| Manufactured Date: | 05/29/2014 | Last ILT  Amount: | |
| Registration Exp: | | Date ILT Fees Paid: | |
| First Sold On: | 07/28/2014 | ILT Exemption: | NONE |

| Serial Number | HUD Label / Insignia | Length | Width |
|---|---|---|---|
| AC7V710394GA | PFS1130282 | 60' | 15' 2" |
| AC7V710394GB | PFS1130281 | 56' | 15' 2" |

Record Conditions:

- An application for title or registration change is pending with the department.  For information regarding this application, please call 1-800-952-8356 and request to speak with a customer representative.

Registered Owner:

JAMIE LYNN GALLIAN
16222 MONTEREY LN SPACE 376
HUNTINGTON BEACH, CA 92649

| | |
|---|---|
| **Last Title Date:** | 08/12/2021 |
| **Last Reg Card:** | 08/12/2021 |
| **Sale/Transfer Info:** | Price $.00 Transferred on 02/25/2021 |

Situs Address:

16222 MONTEREY LN SPACE 376
HUNTINGTON BEACH, CA  92649
Situs County:  ORANGE

Title Searches:

CHRIS HOUSER
16222 MONTEREY LN OFC
HUNTINGTON BEACH, CA 92649

**Title File No:**        None

## ***END OF TITLE SEARCH***

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
**16222 MONTEREY LANE UNIT 375 HUNTINGTON BEACH, CA 92649**

A true and correct copy of the foregoing document entitled**: DECL. OF JAMIE GALLIAN, RJN** will be served or was served
**(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General
Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On
**OCTOBER 22, 2024**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that
the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated
below:

<div align="right">Service information continued on attached page</div>

**2.  SERVED BY UNITED STATES MAIL**: On **September 23 2024**, I served the following persons and/or entities at the last
known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed
envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here
constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

<div align="right">Service information continued on attached page</div>

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL:** Pursuant to
F.R.Civ.P. 5 and/or controlling LBR, on , I served the following persons and/or entities by personal delivery, overnight mail
service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.
Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed
no later than 24 hours after the document is filed.

<div align="right">Service information continued on attached page</div>

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| October 22, 2024 | Joseph Clark | *Joseph Clark* |
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

1. **<u>TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)</u>**: CONTINUED:

- **ATTORNEY FOR PLAINTIFF HOUSER BROS. CO.:** Bradford Barnhardt bbarnhardt@marshackhays.com, bbarnhardt@ecf.courtdrive.com, kfrederick@ecf.courtdrive.com
- **CHAPTER 7 TRUSTEE:** Jeffrey I Golden (TR) lwerner@go2.law, jig@trustesolutions.net; kadele@go2.law; C205@ecfcbis.com
- **ATTORNEY FOR PLAINTIFF HOUSER BROS. CO.:** D Edward Hays ehays@marshackhays.com, ehays@ecf.courtdrive.com; kfrederick@ecf.courtdrive.com; cmendoza@marshackhays.com; cmendoza@ecf.courtdrive.com
- **ATTORNEY FOR PLAINTIFF HOUSER BROS. CO.:** Laila Masud lmasud@marshackhays.com, lmasud@ecf.courtdrive.com; kfrederick@ecf.courtdrive.com
- **US TRUSTEE:** United States Trustee (SA) ustpregion16.sa.ecf@usdoj.gov

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                    **F 9013-3.1.PROOF.SERVICE**



Jamie Gallian <jamiegallian@gmail.com>

---

# Pay.gov Payment Confirmation: CACB Online Payments

1 message

---

**notification@pay.gov** <notification@pay.gov>    Tue, Oct 22, 2024 at 1:59 PM
To: JAMIEGALLIAN@gmail.com

   An official email of the United States government



Your payment has been submitted to the designated government agency through Pay.gov and the details are below.
Please note that this is just a confirmation of transaction submission. To confirm that the payment processed as
expected, you may refer to your bank statement on the scheduled payment date. If you have any questions or wish
to cancel this payment, you will need to contact the agency you paid at your earliest convenience.

Application Name: CACB Online Payments
Pay.gov Tracking ID: 27IM5J5D
Agency Tracking ID: 76862928488

Account Holder Name: JAMIE GALLIAN
Transaction Type: ACH Debit
Transaction Amount: $286.00
Payment Date: 10/23/2024

Account Type: Personal Checking
Routing Number: 322271627
Account Number: ************7152

Transaction Date: 10/22/2024 04:59:47 PM EDT
Total Payments Scheduled: 1
Frequency: OneTime

Case Number: 8:21-BK-11710-SC
Debtor Name: JAMIE LYNN GALLIAN
Payer Name: JAMIE L GALLIAN
Phone: (714) 321-3449
Email: JAMIEGALLIAN@GMAIL.COM
Description: NOTICE OF APPEAL

THIS IS AN AUTOMATED MESSAGE. PLEASE DO NOT REPLY.



Pay.gov is a program of the U.S. Department of the Treasury, Bureau of the Fiscal Service

JAMIE LYNN GALLIAN
16222 Monterey Lane Unit 376
Huntington Beach, CA 92649
714-321-3449
jamiegallian@gmail.com

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

IN RE JAMIE LYNN GALLIAN,

              DEBTOR

AMENDED

Case No.: 8:21-bk-11710-SC

OPPOSITION TO [PROPOSED] PERMANENT INJUNCTION PLACED ON DEBTORS POST-PETITION ACQUIRED PERSONAL PROPERTY MANUFACTURED HOME, HCD DECAL NO. LBM 1081, SERIAL #AC7V710294GB/GA;
THE PERSONAL PROPERTY MANUFACTURED HOME HAVING BEEN ISSUED CERTIFICATE OF TITLE IN THE NAME OF JMIE LYNN GALLIAN BY HCD AUGUST 3, 2021, POST-PETITION DETERMINATION BY ORDER ENTERED BY THE HONORABLE ERITHE A. SMITH ON MAY 15, 2024 (DOCKET 394) THE PROPERTY IS NOT PROPERTY OF DEBTOR'S ESTATE;
DECLARATION OF JAMIE LYNN GALLIAN IN SUPPORT OF DISMISSING OSC AS AN IMPROPER MOTION FILED WITHOUT JUST CAUSE THE AUTOMATIC STAY IS NO LONGER IN EFFECT PURSUANT TO 11 U.S.C. § 362(c)(2)(C); SEE COURT ORDER DOCKET 383 ENTERED OCTOBER 23, 2023

OPPOSITION TO [PROPOSED] PERMANENT INJUNCTION PLACED ON DEBTORS POST-PETITION ACQUIRED PERSONAL PROPERTY MANUFACTURED HOME, HCD DECAL NO. LBM 1081, SERIAL #AC7V710294GB/GA;THE PERSONAL PROPERTY MANUFACTURED HOME HAVING BEEN ISSUED CERTIFICATE OF TITLE IN THE NAME OF JMIE LYNN GALLIAN BY HCD AUGUST 3, 2021, POST-PETITION DETERMINATION BY ORDER ENTERED BY THE HONORABLE ERITHE A. SMITH ON MAY 15, 2024 (DOCKET 394) THE PROPERTY IS NOT PROPERTY OF DEBTOR'S ESTATE;DECLARATION OF JAMIE LYNN GALLIAN IN SUPPORT OF DISMISSING OSC AS AN IMPROPER MOTION FILED WITHOUT JUST CAUSE THE AUTOMATIC STAY IS NO LONGER IN EFFECT PURSUANT TO 11 U.S.C. § 362(C)(2)(C); SEE COURT ORDER DOCKET 383 ENTERED OCTOBER 23, 2023 - 1

**TO THE HONORABLE SCOTT C. CLARKSON, UNITED STATES BANKRUPTCY
JUDGE; CHAPTER 7 TRUSTEE, JEFFREY GOLDEN; UNITED STATES TRUSTEE,
AND ALL INTERESTED PARTIES:**

On September 12, 2024, the Chapter 7 Trustee filed an

***"ORDER TO SHOW CAUSE WHY DEBTOR JAMIE LYNN GALLIAN AND
JOSEPH ARROYO SHOULD NOT BE FOUND IN CONTEMOT OF COURT."***

**Docket 440.**

The OSC states the following:

Jamie Lynn Gallian ("Debtor") and Joseph Arroyo must appear and show
cause as to why they should not be held in contempt of Court and sanctioned
for *willfully violating the Bankruptcy Code by exercising control over property
of the estate,* interfering with the Trustee's administration of *property of the estate*
and *violating the automatic stay in Debtor's case.*

**FINDINGS OF CONTEMPT OF COURT**

I.    To find a party in civil contempt, the movant here, Jeffrey Golden, Chapter 7

Trustee, must prove "by clear and convincing evidence that the contemnor[ ] **violated a [specific
and definite order] of the court.**"   *In re Dyer*, 322 F.3d at 1190-91.

OPPOSITION TO [PROPOSED] PERMANENT INJUNCTION PLACED ON DEBTORS POST-PETITION
ACQUIRED PERSONAL PROPERTY MANUFACTURED HOME, HCD DECAL NO. LBM 1081, SERIAL
#AC7V710294GB/GA;THE PERSONAL PROPERTY MANUFACTURED HOME HAVING BEEN ISSUED
CERTIFICATE OF TITLE IN THE NAME OF JMIE LYNN GALLIAN BY HCD AUGUST 3, 2021, POST-
PETITION DETERMINATION BY ORDER ENTERED BY THE HONORABLE ERITHE A. SMITH ON MAY
15, 2024 (DOCKET 394) THE PROPERTY IS NOT PROPERTY OF DEBTOR'S ESTATE;DECLARATION OF
JAMIE LYNN GALLIAN IN SUPPORT OF DISMISSING OSC AS AN IMPROPER MOTION FILED
WITHOUT JUST CAUSE THE AUTOMATIC STAY IS NO LONGER IN EFFECT PURSUANT TO 11 U.S.C. §
362(C)(2)(C); SEE COURT ORDER DOCKET 383 ENTERED OCTOBER 23, 2023 - 2

The bankruptcy court must also find that the contemnor **"had sufficient notice of [the order's] terms and the fact that she would be sanctioned if she did not comply."** *Hansbrough v. Birdsell (In re Hercules Enters., Inc.)*, 387 F.3d 1024, 1028 (9th Cir. 2004).

The Court must determine whether the contemnor violated [a court order] is not based on subjective beliefs or intent in complying with the order, "but whether in fact [the] conduct complied with the order at issue." *In re Dyer*, 322 F.3d at 1191 (internal citation omitted); *Yan Sui v. Marshack (In re Sui)*, 2016 WL 4063716, at *3–4, 2016 Bankr. LEXIS 2219, at *8-9 (B.A.P. 9th Cir. 2016).

**ORDER TO SHOW CAUSE FILED ON SEPTEMBER 12, 2024, DOCKET 440,**

1.      The **ORDER TO SHOW CAUSE** filed on September 12, 2024, Docket 440, the Trustee's OSC did not describe the who, what, where, when, why and how, to give the defendants sufficient Notice in the order of the surrounding details to defendants being charged with contempt:

The OSC simply stated

> **"*why they should not be held in contempt of Court and sanctioned for willfully violating the Bankruptcy Code*"**

The OSC did not provide any facts or state which part of the Bankruptcy Code defendants Gallian and Arroyo violated.

OPPOSITION TO [PROPOSED] PERMANENT INJUNCTION PLACED ON DEBTORS POST-PETITION ACQUIRED PERSONAL PROPERTY MANUFACTURED HOME, HCD DECAL NO. LBM 1081, SERIAL #AC7V710294GB/GA;THE PERSONAL PROPERTY MANUFACTURED HOME HAVING BEEN ISSUED CERTIFICATE OF TITLE IN THE NAME OF JMIE LYNN GALLIAN BY HCD AUGUST 3, 2021, POST-PETITION DETERMINATION BY ORDER ENTERED BY THE HONORABLE ERITHE A. SMITH ON MAY 15, 2024 (DOCKET 394) THE PROPERTY IS NOT PROPERTY OF DEBTOR'S ESTATE;DECLARATION OF JAMIE LYNN GALLIAN IN SUPPORT OF DISMISSING OSC AS AN IMPROPER MOTION FILED WITHOUT JUST CAUSE THE AUTOMATIC STAY IS NO LONGER IN EFFECT PURSUANT TO 11 U.S.C. § 362(C)(2)(C); SEE COURT ORDER DOCKET 383 ENTERED OCTOBER 23, 2023 - 3

1    2.    The **<u>ORDER TO SHOW CAUSE</u>** filed on September 12, 2024, Docket 440, goes on to

2    say:

3        "*by exercising control over <u>the property of the estate,</u>*"

4

5    The OSC [did not] provide specific facts, details, reference to the bankruptcy docket to a specific

6    **<u>ORDER</u>**, of this Court, properly served on the Debtor, giving Debtor Notice of an Order within

7    the bankruptcy court record, Case No. 8:21-bk-11710-SC.

8        Further the Trustee did not describe with specific detail [**what estate property**],

9

10       the Debtor is [**"exercising control over [property of the estate state"]**

11

12   3.    The **<u>ORDER TO SHOW CAUSE</u>** filed on September 12, 2024, Docket 440, goes on to

13   further say:  **"interfering with the Trustee's administration of [property of the estate]"**

14

15   Again, the Trustee did not describe in further detail how or what [estate property] is the Debtor

16   "interfering with the Trustee Administration of [property of the estate.]

17

18    [what property] does the Trustee believe is Estate Property]

19

20   In this case, the Bankruptcy Court on October 6, 2023, entered an ORDER the automatic stay was

21   confirmed pursuant to 11 U.S.C.  § 362 (c)(2)(C) by

22

23

24

25   OPPOSITION TO [PROPOSED] PERMANENT INJUNCTION PLACED ON DEBTORS POST-PETITION
     ACQUIRED PERSONAL PROPERTY MANUFACTURED HOME, HCD DECAL NO. LBM 1081, SERIAL

26   #AC7V710294GB/GA;THE PERSONAL PROPERTY MANUFACTURED HOME HAVING BEEN ISSUED
     CERTIFICATE OF TITLE IN THE NAME OF JMIE LYNN GALLIAN BY HCD AUGUST 3, 2021, POST-
     PETITION DETERMINATION BY ORDER ENTERED BY THE HONORABLE ERITHE A. SMITH ON MAY

27   15, 2024 (DOCKET 394) THE PROPERTY IS NOT PROPERTY OF DEBTOR'S ESTATE;DECLARATION OF
     JAMIE LYNN GALLIAN IN SUPPORT OF DISMISSING OSC AS AN IMPROPER MOTION FILED

28   WITHOUT JUST CAUSE THE AUTOMATIC STAY IS NO LONGER IN EFFECT PURSUANT TO 11 U.S.C. §
     362(C)(2)(C); SEE COURT ORDER DOCKET 383 ENTERED OCTOBER 23, 2023 - 4

1   A prime function of bankruptcy law is to equitably administer estate assets. The

2   automatic stay, however, **also protects property in which the estate has no interest.** To wit:

3   paragraph (a)(5) of § 362 sets forth that the filing of a "petition . . . operates as a stay [against]

4   any act to create, perfect, or enforce ***against property of the debtor*** [any lien] to the extent that

5   such lien secures a claim that arose [before] the commencement of the case under this title[.]"

6   (emphasis added).

7

8

9   Over on year ago, on September 13, 2023, Trustee's Counsel filed **Docket No. 377**, entitled:

10  **TRUSTEE'S RESPONSE TO THE MOTION FOR RELIEF FROM THE AUTOMATIC**

11  **STAY FILED BY HOUSER BROS. CO. DBA RANCHO DEL REY MOBLE HOME**

12  **ESTATES.** *Docket no. 375.*

13      The Trustee does not oppose granting the requested relief……

14

15

16      **ON OCTOBER 6, 2023, THE COURT ENTERED RELIEF OF STAY ORDER**

17  **DOCKET NO. 383**

18

19

20  **14.   X   Other (***specify***): (1) It is confirmed pursuant to** 11 U.S.C. § 362(c)(2)(C) **there is no**
**automatic stay in effect,** and the language of the "Order Granting Motion for Relief from the

21  Automatic Stay Under 11 U.S.C. § 362," Docket No. 334, does not bar Houser Bros. Co. dba
Rancho Del Rey Mobile Home Estates ("Houser Bros.") from seeking to obtain and enforce a

22  judgment for its prepetition claims; (2) Houser Bros. is authorized to proceed to judgment in
*Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates v. Jamie Gallian, et al.*, Orange

23  County Superior Court Case No. 30-2023-01316057-CL-UD-CJC regarding any monetary claim

24

25  OPPOSITION TO [PROPOSED] PERMANENT INJUNCTION PLACED ON DEBTORS POST-PETITION
ACQUIRED PERSONAL PROPERTY MANUFACTURED HOME, HCD DECAL NO. LBM 1081, SERIAL

26  #AC7V710294GB/GA;THE PERSONAL PROPERTY MANUFACTURED HOME HAVING BEEN ISSUED
CERTIFICATE OF TITLE IN THE NAME OF JMIE LYNN GALLIAN BY HCD AUGUST 3, 2021, POST-

27  PETITION DETERMINATION BY ORDER ENTERED BY THE HONORABLE ERITHE A. SMITH ON MAY
15, 2024 (DOCKET 394) THE PROPERTY IS NOT PROPERTY OF DEBTOR'S ESTATE;DECLARATION OF
JAMIE LYNN GALLIAN IN SUPPORT OF DISMISSING OSC AS AN IMPROPER MOTION FILED

28  WITHOUT JUST CAUSE THE AUTOMATIC STAY IS NO LONGER IN EFFECT PURSUANT TO 11 U.S.C. §
362(C)(2)(C); SEE COURT ORDER DOCKET 383 ENTERED OCTOBER 23, 2023 - 5

1    against Debtor for amounts attributable to the period before the Bankruptcy Case was filed; and
2    (3) Houser Bros. may not enforce any judgment against property of Debtor's bankruptcy estate.

3

4              Debtor respectfully requests the Court find that based upon the above Order,
5    docket 383, Debtor was informed and believed that no automatic stay existed after Debtor was
6    denied a discharge by the bankruptcy court sustained by the United States District Court.
7

8

9              Additionally, Debtor believes and provided evidence in her Opposition to the Trustee's
10   OSC, that the Honorable Erithe A. Smith determined on December 19, 2022, *docket 273* that the
11   personal property manufactured home [was not] property of the estate. Houser Bros. Co appealed
12   the bankruptcy courts finding.
13

14

15           On May 15, 2024, *docket 394,* the Bankruptcy Court issued its **Remand Order,** again
16   finding that on the date of petition the personal property manufactured home LBM 1081 was not
17   property of the estate because the HCD Registered Owner was J-Sandcastle Co. and the Legal
18   Owners were Ronald J. Pierpont, (Debtor's ex-husband who resides in the manufactured home)
19   [OR] J-Pad, LLC.  Houser Bros presented documentation establishing that a HCD Certificate of
20   Title showing Debtor as the new registered owner of the Property was [not] issued until August
21   3, 2021, nearly a month after the Petition Date.  See Homestead Motion, Hays Decl. Exh.22 at
22   195.  Based on the record presented, by Houser Bros. Co in which the Chapter 7 Trustee joined
23

24
25   OPPOSITION TO [PROPOSED] PERMANENT INJUNCTION PLACED ON DEBTORS POST-PETITION
     ACQUIRED PERSONAL PROPERTY MANUFACTURED HOME, HCD DECAL NO. LBM 1081, SERIAL
26   #AC7V710294GB/GA;THE PERSONAL PROPERTY MANUFACTURED HOME HAVING BEEN ISSUED
     CERTIFICATE OF TITLE IN THE NAME OF JMIE LYNN GALLIAN BY HCD AUGUST 3, 2021, POST-
27   PETITION DETERMINATION BY ORDER ENTERED BY THE HONORABLE ERITHE A. SMITH ON MAY
     15, 2024 (DOCKET 394) THE PROPERTY IS NOT PROPERTY OF DEBTOR'S ESTATE;DECLARATION OF
28   JAMIE LYNN GALLIAN IN SUPPORT OF DISMISSING OSC AS AN IMPROPER MOTION FILED
     WITHOUT JUST CAUSE THE AUTOMATIC STAY IS NO LONGER IN EFFECT PURSUANT TO 11 U.S.C. §
     362(C)(2)(C); SEE COURT ORDER DOCKET 383 ENTERED OCTOBER 23, 2023 - 6

in on two separate occasions, the Court finds that title to the Property was not transferred to Debtor prior to the Petition Date.  Therefore the personal property manufactured home is not part of Debtor's Bankruptcy Estate, even though Debtor argued against them.  No further appeals were taken and the Bankruptcy Courts Ordered entered May 15, 2024 is final.

However, the Trustee's real estate broker(s) Coldwell Banker and co-agents Bingham and Friedman, signed a Listing Agreement with the Trustee on or about May 17, 2024, after the Bankruptcy Courts May 15, 2024, Order, finding the property [was not] property of the estate. See Docket 394.

However, thereafter with the Trustee receiving timely and proper notice of the REMAND ORDER. Docket 394, the Trustee waited until July 1, 2024, to file Trustee's Application to employ a Real Estate Broker and co agents Bingham and Friedman to sell debtors post petition property,  docket 395

     11 U.S.C. § 541(a)(6) and (7) (emphasis added). The Trustee seems to be pushing a nonsensical argument confusing property acquired by the debtor and property acquired by the *estate*.

     The bankruptcy court Judge Erithe A. Smith made a finding that the personal property Skyline manufactured home LBM 1081 was "acquired" by the debtor during the chapter 7 case. The facts put forth in the Courts MOD clearly establish that the manufactured home, was property acquired by the debtor, and not "property of the estate." MOD docket 273.

OPPOSITION TO [PROPOSED] PERMANENT INJUNCTION PLACED ON DEBTORS POST-PETITION ACQUIRED PERSONAL PROPERTY MANUFACTURED HOME, HCD DECAL NO. LBM 1081, SERIAL #AC7V710294GB/GA;THE PERSONAL PROPERTY MANUFACTURED HOME HAVING BEEN ISSUED CERTIFICATE OF TITLE IN THE NAME OF JMIE LYNN GALLIAN BY HCD AUGUST 3, 2021, POST-PETITION DETERMINATION BY ORDER ENTERED BY THE HONORABLE ERITHE A. SMITH ON MAY 15, 2024 (DOCKET 394) THE PROPERTY IS NOT PROPERTY OF DEBTOR'S ESTATE;DECLARATION OF JAMIE LYNN GALLIAN IN SUPPORT OF DISMISSING OSC AS AN IMPROPER MOTION FILED WITHOUT JUST CAUSE THE AUTOMATIC STAY IS NO LONGER IN EFFECT PURSUANT TO 11 U.S.C. § 362(C)(2)(C); SEE COURT ORDER DOCKET 383 ENTERED OCTOBER 23, 2023 - 7

Therefore, Debtor believes that property acquired post-petition is [*generally*] within the bankruptcy estate and that there are **only** two exceptions to this rule, those provided by § 541(a)(6) concerning proceeds, product, rents and profits from property *of the estate.* Also  the 180-day limitation in § 541(a)(5) which places in the estate an interest in particular types of property (inheritances, property settlements, etc.) that would have been property of the estate if such interest had been an interest of the debtor on the date of filing of the petition, and if the debtor acquires or becomes entitled to it within 180 days after such date. The Debtor argued these same points and citation to support, and provided a sworn Declaration Docket 208 and incorporated by reference this document into her Opposition to Trustee's second application.

Houser Bros, the Trustee, and joinders simply have the general rule backwards; under § 541(a)(1) the general rule is that the estate includes interests of the debtor in property as of the commencement of the case. Houser Bros and the Trustee argued that Debtor was not on title on the Petition date.  See Docket 95, Homestead Objection anf Trustees joinders.  Debtor relies on both provisions (§ 541(a)(5) and (6)) actually exceptions from the general rule; that post-petition acquisitions are property of the debtor-exceptions specially provided to include particular property within the bankruptcy estate.

Dated this 21st day of October 2024.    *Jamie Lynn Gallian*
JAMIE LYNN GALLIAN

### DECLARATION OF JAMIE LYNN GALLIAN

OPPOSITION TO [PROPOSED] PERMANENT INJUNCTION PLACED ON DEBTORS POST-PETITION ACQUIRED PERSONAL PROPERTY MANUFACTURED HOME, HCD DECAL NO. LBM 1081, SERIAL #AC7V710294GB/GA;THE PERSONAL PROPERTY MANUFACTURED HOME HAVING BEEN ISSUED CERTIFICATE OF TITLE IN THE NAME OF JMIE LYNN GALLIAN BY HCD AUGUST 3, 2021, POST-PETITION DETERMINATION BY ORDER ENTERED BY THE HONORABLE ERITHE A. SMITH ON MAY 15, 2024 (DOCKET 394) THE PROPERTY IS NOT PROPERTY OF DEBTOR'S ESTATE;DECLARATION OF JAMIE LYNN GALLIAN IN SUPPORT OF DISMISSING OSC AS AN IMPROPER MOTION FILED WITHOUT JUST CAUSE THE AUTOMATIC STAY IS NO LONGER IN EFFECT PURSUANT TO 11 U.S.C. § 362(C)(2)(C); SEE COURT ORDER DOCKET 383 ENTERED OCTOBER 23, 2023 - 8

DECLARATION OF JAMIE LYNN GALLIAN

I, JAMIE LYNN GALLIAN, declare under penalty of perjury the following to be true

and correct my own personal knowledge.  If called upon to testify, I would and could

competently testify to the facts stated within.

On October 6, 2023, over 12 months ago, I received Notice of an ORDER entered docket 383,

that the automatic stay was no longer in effect pursuant to 11 U.S.C. 362(c)(2)(C) which states:

**(c)** Except as provided in subsections (d), (e), (f), and (h) of this section--
**(1)** the stay of an act against property of the estate under subsection (a) of this section

continues until such property is no longer property of the estate;

**(2)** the stay of any other act under subsection (a) of this section continues until the earliest of--

**(A)** the time the case is closed;
**(B)** the time the case is dismissed; or

**(C)** if the case is a case under chapter 7 of this title concerning an individual or a case under
chapter 9, 11, 12, or 13 of this title, the time a discharge is granted or **denied;**

A true and correct copy of the Courts Ordered entered October 6, 2023, is attached to the
Declaration of Jamie Lynn Gallian. Docket No. 383.

The Debtor should not be subjected to a permanent injunction as a result of the Trustee's
ERROR.

SIGNED THIS 21ST DAY OF OCTOBER, 2024, AT HUNTINGTON BEACH, UNDER PENALTY
OF PERJURY OF THE LAWS OF THESE UNITED STATES.

*Jamie Lynn Gallian*

JAMIE LYNN GALLIAN

OPPOSITION TO [PROPOSED] PERMANENT INJUNCTION PLACED ON DEBTORS POST-PETITION
ACQUIRED PERSONAL PROPERTY MANUFACTURED HOME, HCD DECAL NO. LBM 1081, SERIAL
#AC7V710294GB/GA;THE PERSONAL PROPERTY MANUFACTURED HOME HAVING BEEN ISSUED
CERTIFICATE OF TITLE IN THE NAME OF JMIE LYNN GALLIAN BY HCD AUGUST 3, 2021, POST-
PETITION DETERMINATION BY ORDER ENTERED BY THE HONORABLE ERITHE A. SMITH ON MAY
15, 2024 (DOCKET 394) THE PROPERTY IS NOT PROPERTY OF DEBTOR'S ESTATE;DECLARATION OF
JAMIE LYNN GALLIAN IN SUPPORT OF DISMISSING OSC AS AN IMPROPER MOTION FILED
WITHOUT JUST CAUSE THE AUTOMATIC STAY IS NO LONGER IN EFFECT PURSUANT TO 11 U.S.C. §
362(C)(2)(C); SEE COURT ORDER DOCKET 383 ENTERED OCTOBER 23, 2023 - 9

1                    **REQUEST FOR JUDICIAL NOTICE**

2    Jamie Lynn Gallian (the "Debtor") in  the bankruptcy estate of Jamie Lynn Gallian (the "Debtor,

3    requests that the Court take judicial notice of the following facts.

4    Jamie Lynn Gallian hereby respectfully requests that the Court take judicial notice of the

5    following facts pursuant to Fed. R. Evid. 201(d):

6        **BACKGROUND**

7        1.    On or about July 9, 2021 (the "Petition Date"), Jamie Lynn Gallian (the "Debtor")

8    commenced this case by filing a voluntary petition for relief under Chapter 7 of the Code.

9        2.    On the Petition Date, the registered title owner of the manufactured home located at

10   16222 Monterey Lane, Space #376, Huntington Beach, California 92649 ("Property"), was vested

11   in J-Sandcastle Co, LLC ("J-Sandcastle").  The Debtor was not on title to the Property on the

12   Petition Date.

13       3.    On the Petition Date, the Property was not subject to any liens on the Personal

14   Property LBM 1081 as the Legal Owners on the Certificate of Title Registered to J--Sandcastle Co

15   were Ronald J. Pierpont [OR] J-Pad, LLC. Legal owner Ronald J. Pierpont executed post petition

16   HCD Lien Satisfied Form 435.6, HCD removed Pierpont and J-Pad LLC as evident August 3, 2021

17       **THE HOMESTEAD EXEMPTION**

18       4.    The Debtor claimed an automatic homestead exemption in the Property in the amount

19   of $600,000 because of her continued residency and her intent to reside since November 1, 2018.

20       5.    On or about May 12, 2022, Houser Bros. Co., dba Rancho Del Rey Mobile Home

21   Estates ("Houser Bros."), filed its Motion Objecting to Debtor's Claimed Homestead Exemption (the

22   "Exemption Motion") (*docket no. 95*).  The hearing on the Exemption Motion was held on June 2,

23   2022 and continued to July 21, 2022.  At the continued hearing, the Court granted the

24   Exemption Motion and disallowed any claim of exemption by the Debtor in the Property.

25       6.    On or about July 26, 2022, the Debtor filed the Motion for Reconsideration from the

26   Court's July 21, 2022 ruling (the "Motion for Reconsideration") (*docket no. 157*).  The order

27   granting the Exemption Motion was thereafter entered on or about August 5, 2022 (*docket no. 177*).

28

1  The hearing on the Motion for Reconsideration was held on September 22, 2022, and the Court

2  took the matter under submission.

3      7.      Thereafter, on or about December 19, 2022, the Court entered its order granting the

4  Debtor's Motion for Reconsideration and determined that the Debtor was entitled to a homestead

5  exemption in the Property in the amount of $600,000 ("Order Granting the Motion for

6  Reconsideration") (*docket no. 274*).

7      8.      On or about December 29, 2022, Houser appealed from the Order Granting the

8  Motion for Reconsideration to the District Court (*docket no. 280*).

9      9.      On or about November 1, 2023, the District Court handling the appeal entered an

10  order that reversed and remanded the Order Granting the Motion for Reconsideration on the

11  grounds that the Court failed to issue findings regarding the Debtor's interest in the Property

12  "including whether "Gallian ever acquired (and retained) an equitable interest in the Property" (the

13  "Reconsideration Order") (*docket no. 387*).

14      10.      On or about May 15, 2024, the Court entered its order regarding the Reconsideration

15  Order (the "Remand Order ) (*docket no. 393*).  The Remand Order again found "that Debtor held a

16  sufficient equitable interest in the Property to claim an automatic homestead exemption under Cal.

17  Civ. Proc. Code § 704.720(a)."

18      11.      Houser Bros did not pursue any further appeal from the Remand Order and it is now
        final.

19

20  Signed this 21st day of October 2024 at Huntington Beach, CA

21  *Jamie Lynn Gallian*

22  Jamie Lynn Gallian

23

24

25

26

27

28

011

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| D. EDWARD HAYS, #162507<br>ehays@marshackhays.com<br>LAILA MASUD, #311731<br>lmasud@marshackhays.com<br>BRADFORD N. BARNHARDT, #328705<br>bbarnhardt@marshackhays.com<br>MARSHACK HAYS WOOD LLP<br>870 Roosevelt<br>Irvine, CA 92620<br>Telephone: (949) 333-7777<br>Facsimile: (949) 333-7778<br><br>☒ *Attorney for Movant*<br>☐ *Movant appearing without an attorney* | **FILED & ENTERED**<br><br>**OCT 06 2023**<br><br>**CLERK U.S. BANKRUPTCY COURT**<br>**Central District of California**<br>**BY bolte      DEPUTY CLERK**<br><br>**CHANGES MADE BY COURT** |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA – *SANTA ANA* DIVISION**

| In re:<br><br>JAMIE LYNN GALLIAN,<br><br><br><br><br><br><br><br><br>Debtor(s). | CASE NO.: 8:21-bk-11710-SC<br><br>CHAPTER: 7<br><br>**ORDER GRANTING MOTION FOR RELIEF FROM STAY UNDER 11 U.S.C. § 362 (UNLAWFUL DETAINER)**<br><br>DATE: September 27, 2023<br>TIME: 10:00 a.m.<br>COURTROOM: 5C<br>PLACE: 411 West Fourth Street<br>       Santa Ana, CA 92701-4593 |

**Movant:** HOUSER BROS. CO. dba RANCHO DEL REY MOBILE HOME ESTATES

1. The Motion was:    ☐ Opposed    ☒ Unopposed*    ☐ Settled by stipulation
                                 *Debtor appeared at the hearing.
2. This order applies to the following real property (Property):

   Type of property: ☒ Residential    ☐ Nonresidential

   *Street Address:* 16222 Monterey Lane
   *Unit/Suite number:* Space 376
   *City, State, Zip Code:* Huntington Beach, CA 92649

3. The Motion is granted under:

   a.  ☐  11 U.S.C. § 362(d)(1)

   b.  ☐  11 U.S.C. § 362(d)(2)

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2014*                    Page 1              **F 4001-1.RFS.UD.ORDER**

c. ☐ 11 U.S.C. § 362(d)(4). The filing of the bankruptcy petition was part of a scheme to hinder, delay, or defraud creditors that involved:

   (1) ☐ The transfer of all or part ownership of, or other interest in, the Property without the consent of the secured creditor or court approval; and/or

   (2) ☐ Multiple bankruptcy cases affecting the Property.

   (3) ☐ The court ☐ makes ☐ does not make ☐ cannot make a finding that the Debtor was involved in this scheme.

   (4) If recorded in compliance with applicable state laws governing notices of interests or liens in real property, this order is binding in any other case under this title commenced by or against any debtor who claims any interest in the Property purporting to affect such real property filed not later than 2 years after the date of the entry of this order by the court, except that a debtor in a subsequent case under this title may move for relief from this order based upon changed circumstances or for good cause shown, after notice and a hearing. Any federal, state or local government unit that accepts notices of interests or liens in real property shall accept any certified copy of this order for indexing and recording.

4. ☐ As to Movant, its successors, transferees and assigns, the stay of 11 U.S.C. § 362(a) is:

  a. ☐ Terminated as to the Debtor and the Debtor's bankruptcy estate.

  b. ☐ Modified or conditioned as set forth in Exhibit _____ to this order.

  c. ☐ Annulled retroactive to the bankruptcy petition date. Any postpetition acts taken by or at the request of the Movant to enforce its remedies regarding the Property, including without limitation entry of any order, judgment or writ, do not constitute a violation of the stay.

5. ☐ Movant may enforce its remedies to obtain possession of the Property, including lockout, in accordance with applicable nonbankruptcy law, but may not pursue any monetary claim against the Debtor or property of the estate for amounts attributable to the period before the bankruptcy was filed except by filing a proof of claim pursuant to 11 U.S.C. § 501.

6. ☐ Movant shall not cause the Debtor to be locked out before (*date*) _____.

7. ☐ The co-debtor stay of 11 U.S.C. § 1201(a) or § 1301(a) is terminated, modified or annulled as to the co-debtor, on the same terms and conditions as to the Debtor.

8. ☒ The 14-day stay prescribed by FRBP 4001(a)(3) is waived.

9. This order is binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of the Bankruptcy Code.

10. ☐ This order is binding in any other bankruptcy case commenced by or against any debtor who claims any interest in the Property, or purporting to affect the Property filed not later than 2 years after the date of entry of this order, except that a debtor in a subsequent case may move for relief from this order based upon changed circumstances or for good cause shown, after notice and hearing.

11. ☐ This order is binding and effective in any bankruptcy commenced by or against the Debtor for a period of 180 days from the hearing of this Motion.

12. ☐ This order is binding and effective in *any* bankruptcy commenced by or against *any* debtor who claims any interest in the Property for a period of 180 days from the hearing of this Motion.

  a. ☐ without further notice.

  b. ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014                                    Page 2                    **F 4001-1.RFS.UD.ORDER**

13. ☐  A designated law enforcement officer may evict the Debtor and any other occupant from the Property regardless of any future bankruptcy case concerning the Property for a period of 180 days from the hearing of this Motion.

a. ☐ without further notice.

b. ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

14. ☒  Other (*specify*): (1) It is confirmed pursuant to 11 U.S.C. § 362(c)(2)(C) there is no automatic stay in effect, and the language of the "Order Granting Motion for Relief from the Automatic Stay Under 11 U.S.C. § 362," Docket No. 334, does not bar Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates ("Houser Bros.") from seeking to obtain and enforce a judgment for its prepetition claims; (2) Houser Bros. is authorized to proceed to judgment in *Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates v. Jamie Gallian, et al.*, Orange County Superior Court Case No. 30-2023-01316057-CL-UD-CJC regarding any monetary claim against Debtor for amounts attributable to the period before the Bankruptcy Case was filed; and (3) Houser Bros. may not enforce any judgment against property of Debtor's bankruptcy estate.

### 

Date: October 6, 2023

Scott C. Clarkson
United States Bankruptcy Judge

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014                                    Page 3                          F 4001-1.RFS.UD.ORDER

# WESTLAW CLASSIC



United States Code Annotated
   Title 11. Bankruptcy (Refs & Annos)

**§ 362. Automatic stay**
11 USCA § 362   │   United States Code Annotated   │   Title 11. Bankruptcy   │   Effective: October 30, 2020   *(Approx. 13 pages)*

**Unconstitutional or Preempted**   Prior Version's Limitation Recognized by   In re Medical Care
Management Co.   Bkrtcy.M.D.Tenn.   Jan. 02, 2003

**Proposed Legislation**

---

## Effective: October 30, 2020

### 11 U.S.C.A. § 362

### § 362. Automatic stay

#### Currentness

**(a)** Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970, operates as a stay, applicable to all entities, of--

   **(1)** the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;

   **(2)** the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title;

   **(3)** any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate;

   **(4)** any act to create, perfect, or enforce any lien against property of the estate;

   **(5)** any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case

other transfer obligation arising under or in connection with 1 or more such master netting agreements to the extent that such participant is eligible to exercise such rights under paragraph (6), (7), or (17) for each individual contract covered by the master netting agreement in issue;

**(28)** under subsection (a), of the exclusion by the Secretary of Health and Human Services of the debtor from participation in the medicare program or any other Federal health care program (as defined in section 1128B(f) of the Social Security Act pursuant to title XI or XVIII of such Act); and

**(29)** under subsection (a)(1) of this section, of any action by--

**(A)** an amateur sports organization, as defined in section 220501(b) of title 36, to replace a national governing body, as defined in that section, under section 220528 of that title; or

**(B)** the corporation, as defined in section 220501(b) of title 36, to revoke the certification of a national governing body, as defined in that section, under section 220521 of that title.

The provisions of paragraphs (12) and (13) of this subsection shall apply with respect to any such petition filed on or before December 31, 1989.

**(c)** Except as provided in subsections (d), (e), (f), and (h) of this section--

**(1)** the stay of an act against property of the estate under subsection (a) of this section continues until such property is no longer property of the estate;

**(2)** the stay of any other act under subsection (a) of this section continues until the earliest of--

**(A)** the time the case is closed;

**(B)** the time the case is dismissed; or

**(C)** if the case is a case under chapter 7 of this title concerning an individual or a case under chapter 9, 11, 12, or 13 of this title, the time a discharge is granted or denied;

**(3)** if a single or joint case is filed by or against a debtor who is an individual in a case under chapter 7, 11, or 13, and if a single or joint case of the debtor was pending within the preceding 1-year period but was dismissed, other than a case refiled under a chapter other than chapter 7 after dismissal under section 707(b)--

**(A)** the stay under subsection (a) with respect to any action taken with respect to a debt or property securing such debt or with respect to any lease shall terminate with respect to the debtor on the 30th day after the filing of the later case;

**(B)** on the motion of a party in interest for continuation of the automatic stay and upon notice and a hearing, the court may extend the stay in particular cases as to any or all creditors (subject to such conditions or limitations as the court may then impose) after



FILED & ENTERED

MAY 23 2023

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bolte     DEPUTY CLERK

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SANTA ANA DIVISION**

| | |
|---|---|
| In re:<br><br>Jamie Lynn Gallian,<br><br>Debtor(s). | Case No.:  8:21-bk-11710-SC<br><br>CHAPTER 7<br><br>Adv No:   8:21-ap-01097-SC<br><br>**(1) ORDER DENYING MOTION TO AMEND AND VACATING HEARING;**<br>**(2) MEMORANDUM DECISION AFTER TRIAL REGARDING §727 CLAIMS; AND**<br>**(3) SETTING STATUS CONFERENCE ON REMAINING § 523 CLAIMS** |
| Houser Bros. Co., dba Rancho Del Rey Mobile Home Estates,<br><br>Plaintiff(s),<br><br>    v.<br><br>Jamie Lynn Gallian,<br><br>Defendant(s). | §727 Trial:<br>Date:        April 26, 2023<br>Time:        9:30 a.m.<br>Courtroom:  5C |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

-1-

Case 8:21-bk-11710-SC    Doc 503    Filed 10/02/24    Entered 10/02/24 09:09:36    Desc
Case 8:21-ap-01097-SC    Main Document    Filed 05/25/23    Page 66 of 237    05/25/23 21:19:55    Desc
Imaged Certificate of Notice    Page 21 of 21

1    She has not met her burden. Therefore, Plaintiff is entitled to judgment against

2    Defendant on its § 727(a)(5) cause of action.

3        **IV.    Conclusion**

4        For the reasons more fully explained herein, the Court finds good cause to enter

5    the following order DENYING the Motion to Amend, VACATING the hearing on the

6    Motion to Amend, and finding in favor of Plaintiff and against Defendant pursuant to 11

7    U.S.C. §§727(a)(2)(A), (a)(4), and (a)(5). Judgment, however, cannot yet be issued as

8    there remain pending § 523 claims. Accordingly, the Court hereby sets a status

9    conference on June 27, 2023, at 1:30 p.m., with a status report due 14 days in advance.

10    The status report must advise the Court how the parties wish to proceed in light of the

11    issuance of this Memorandum Decision.

12        **IT IS SO ORDERED.**

13

14

15

16

17

18

19

20

21

22

23

24

25    Date: May 23, 2023

Scott C. Clarkson
United States Bankruptcy Judge

26

27

28

-19-

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Robert P. Goe – State Bar No. 137019<br>Brandon J. Iskander – State Bar No. 300916<br>**GOE FORSYTHE & HODGES LLP**<br>17701 Cowan Avenue, Suite 210<br>Irvine, CA 92614<br>RGoe@goeforlaw.com<br>Biskander@goeforlaw.com<br>Telephone: (949) 798-2460<br>Facsimile:  (949) 955-9437<br><br><br><br>☐  *Movant appearing without an attorney*<br>☒  *Attorney for Movant* | **FILED & ENTERED**<br><br>**JUL 31 2023**<br><br>**CLERK U.S. BANKRUPTCY COURT**<br>**Central District of California**<br>**BY mccall     DEPUTY CLERK** |

<div align="center">

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION**

</div>

| In re:<br><br>    JAMIE LYNN GALLIAN,<br><br><br><br><br><br><br><br><br><br><br>Debtor(s). | CASE NO.: 8:21-bk-11710-SC<br><br>CHAPTER: 7<br><br><div align="center">**ORDER GRANTING MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362**<br><br>**(Action in Nonbankruptcy Forum)**</div><br>DATE:        July 19, 2023<br>TIME:        10:00 a.m.<br>COURTROOM: 5C<br>PLACE:      U.S. Bankruptcy Court<br>               411 W. Fourth Street<br>               Santa Ana, CA 92701 |

**MOVANT: The Huntington Beach Gables Homeowners Association**

1.  The Motion was:      ☒ Opposed    ☐ Unopposed    ☐ Settled by stipulation

2.  The Motion affects the following Nonbankruptcy Action:

Name of Nonbankruptcy Action: Randall L. Nickel v The Huntington Beach Gables HOA, et al.

Docket number: 30-2020-01163055-CU-OR-CJC

Nonbankruptcy court or agency where the Nonbankruptcy Action is pending:  Superior Court of California - County of Orange - Central Justice Center

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2014*                                          Page 1                                **F 4001-1.RFS.NONBK.ORDER**

3.  The Motion is granted under 11 U.S.C. § 362(d)(1).

4.  As to Movant, its successors, transferees and assigns, the stay of 11 U.S.C. § 362(a) is:

    a.  ☒  Terminated as to the Debtor and the Debtor's bankruptcy estate.

    b.  ☐  Modified or conditioned as set forth in Exhibit _____ to the Motion.

    c.  ☐  Annulled retroactively to the bankruptcy petition date.  Any postpetition acts taken by Movant to enforce its
            remedies regarding the nonbankruptcy action do not constitute a violation of the stay.

5.  **Limitations on Enforcement of Judgment:**  Movant may proceed in the nonbankruptcy forum to final judgment
    (including any appeals) in accordance with applicable nonbankruptcy law.  Movant is permitted to enforce its final
    judgment only by *(specify all that apply)*:

    a.  ☐  Collecting upon any available insurance in accordance with applicable nonbankruptcy law.

    b.  ☐  Proceeding against the Debtor as to property or earnings that are not property of this bankruptcy estate.

6.  This order is binding and effective despite any conversion of this bankruptcy case to a case under any other chapter
    of the Bankruptcy Code.

7.  ☐  The co-debtor stay of 11 U.S.C. § 1201(a) or § 1301(a) is terminated, modified or annulled as to the co-debtor, on
        the same terms and conditions as to the Debtor.

8.  ☒  The 14-day stay prescribed by FRBP 4001(a)(3) is waived.

9.  ☐  This order is binding and effective in any bankruptcy case commenced by or against the Debtor for a period of
        180 days, so that no further automatic stay shall arise in that case as to the nonbankruptcy action.

10. ☐  This order is binding and effective in any future bankruptcy case, no matter who the debtor may be, without
        further notice.

11. ☒  Other (*specify*): The Court's tentative ruling on the Motion was adopted as the final ruling and is attached.

<div align="center">###</div>

Date: July 31, 2023

Scott C. Clarkson
United States Bankruptcy Judge

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2014*                                Page 2                    **F 4001-1.RFS.NONBK.ORDER**

ERIC P. ISRAEL (State Bar No. 132426)
*eisrael@DanningGill.com*
AARON E. DE LEEST (State Bar No. 216832)
*adeleest@DanningGill.com*
DANNING, GILL, ISRAEL & KRASNOFF, LLP
1901 Avenue of the Stars, Suite 450
Los Angeles, California 90067-6006
Telephone:    (310) 277-0077
Facsimile:    (310) 277-5735

Attorneys for Jeffrey I. Golden,
Chapter 7 Trustee

FILED & ENTERED

SEP 28 2022

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bolte    DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SANTA ANA DIVISION

| | |
|---|---|
| In re | Case No. 8:21-bk-11710-SC |
| JAMIE LYNN GALLIAN, | Chapter 7 |
| Debtor. | **ORDER DENYING APPLICATION OF THE CHAPTER 7 TRUSTEE TO EMPLOY REAL ESTATE BROKER COLDWELL BANKER REALTY AND AGENTS WILLIAM FRIEDMAN AND GREG BINGHAM PURSUANT TO 11 U.S.C. §§ 327 AND 328 WITHOUT PREJUDICE** |
| | Date:    September 13, 2022<br>Time:    11:00 a.m.<br>Place:    Courtroom "5C"<br>411 W. 4th Street<br>Santa Ana, California 92701 |

On September 13, 2022 at 11:00 a.m., there came before the United States Bankruptcy

Court for the Central District of California, Santa Ana Division, the Honorable

Scott C. Clarkson, United States Bankruptcy Judge, presiding, a hearing on the *Trustee's*

*Application to Employ Real Estate Broker Coldwell Banker Realty and Agents William Friedman*

*and Greg Bingham Pursuant to 11 U.S.C. §§ 327 and 328 (docket no. 162)* (the "Application")

filed by Jeffrey I. Golden, Chapter 7 Trustee (the "Trustee"). Aaron E. de Leest of Danning, Gill,

Israel & Krasnoff, LLP, appeared for the Trustee, who also appeared. Robert P. Goe of Goe

1693912.1  27064                                                    1

1  Forsythe & Hodges LLP, appeared for Huntington Beach Gables Homeowners Association. The

2  Debtor appeared in pro per. There were no other appearances.

3      The Court having read and considered the Application, the Debtor's opposition to the

4  Application (*docket no. 208*), the Trustee's reply to the Debtor's opposition (*docket no. 219*), and

5  the HOA's joinder in the Trustee's reply (*docket no. 221*), having heard the oral statements of the

6  Debtor, the Trustee, and counsel at the hearing, and for the reasons set forth by the Court on the

7  record at the hearing, it is hereby

8      ORDERED THAT:

9      1.    The Application is denied, without prejudice.

10                                  ###

Date: September 28, 2022

Scott C. Clarkson
United States Bankruptcy Judge

1693912.1  27064                          2

## STATE OF CALIFORNIA - DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT
### CERTIFICATE OF TITLE

Manufactured Home

**Decal:  LBM1081**

| Manufacturer ID/Name | Trade Name | Model | | DOM | DFS | RY |
|---|---|---|---|---|---|---|
| 90002   SKYLINE HOMES INC | CUSTOM VILLA | | | 05/29/2014 | 07/28/2014 | |

| Serial Number | Label/Insignia Number | Weight | Length | Width | Issued |
|---|---|---|---|---|---|
| AC7V710394GB | PFS1130281 | 22,383 | 56' | 15' 2" | Feb 24, 2021 |
| AC7V710394GA | PFS1130282 | 25,068 | 60' | 15' 2" | |

**Addressee**

RONALD J PIERPONT
16222 MONTEREY LN SPACE 376
HUNTINGTON BEACH, CA  92649

**Registered Owner(s)**

J-SANDCASTLE CO LLC
16222 MONTEREY LANE ROOM 376
HUNTINGTON BEACH, CA 92649

**Situs Address**

16222 MONTEREY LN SPACE 376
HUNTINGTON BEACH, CA 92649

**Legal Owner(s)**

RONALD J PIERPONT
JPAD LLC
Tenants in Common Or
16222 MONTEREY LN SPACE 376
HUNTINGTON BEACH, CA 92649

Lien Perfected On:        08/20/20 11:58:00

**IMPORTANT**
THE OWNER INFORMATION SHOWN ABOVE MAY NOT REFLECT ALL LIENS RECORDED WITH THE
DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT AGAINST THE DESCRIBED UNIT.  THE
CURRENT TITLE STATUS OF THE UNIT MAY BE CONFIRMED THROUGH THE DEPARTMENT.

DTN: 12153896

02242021 - 2

STATE OF CALIFORNIA - BUSINESS, CONSUMER SERVICES AND HOUSING AGENCY          GAVIN NEWSOM, Governor

**DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT**
DIVISION OF CODES AND STANDARDS



# Title Search

Date Printed:  Jul 27, 2021

| | |
|---|---|
| Decal #: | LBM1081 |
| Manufacturer: | SKYLINE HOMES INC |
| Tradename: | CUSTOM VILLA |
| Model: | |

| | |
|---|---|
| Use Code: | SFD |
| Original Price Code: | BVH |
| Rating Year: | |
| Tax Type: | LPT |

Manufactured Date: 05/29/2014

Registration Exp:

First Sold On:          07/28/2014

Last ILT  Amount:

Date ILT Fees Paid:

ILT Exemption:          NONE

| Serial Number | HUD Label / Insignia | Length | Width |
|---|---|---|---|
| AC7V710394GA | PFS1130282 | 60' | 15' 2" |
| AC7V710394GB | PFS1130281 | 56' | 15' 2" |

Record Conditions:

- An application for title or registration change is pending with the department.  For information regarding this application, please call 1-800-952-8356 and request to speak with a customer representative.

Registered Owner:

JAMIE LYNN GALLIAN
16222 MONTEREY LN SPACE 376
HUNTINGTON BEACH, CA 92649

| | |
|---|---|
| **Last Title Date:** | 02/24/2021 |
| **Last Reg Card:** | Pending Reg Card |
| **Sale/Transfer Info:** | Price $.00 Transferred on 02/25/2021 |

Situs Address:

16222 MONTEREY LN SPACE 376
HUNTINGTON BEACH, CA  92649
Situs County:  ORANGE

Legal Owner:

JPAD LLC
RONALD J PIERPONT
Tenants in Common Or
16222 MONTEREY LN SPACE 376
HUNTINGTON BEACH, CA 92649

| | |
|---|---|
| **Lien Perfected On:** | 02/25/21 10:11:00 |

Title Searches:

JANINE JASSO
PO BOX 370161
EL PASO, TX 79937

| | |
|---|---|
| **Title File No:** | LBM1081 |

# STATE OF CALIFORNIA - DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT
## CERTIFICATE OF TITLE

Manufactured Home                                   Decal:  LBM1081

| Manufacturer ID/Name | Trade Name | Model | DOM | DFS | RY |
|---|---|---|---|---|---|
| 90002    SKYLINE HOMES INC | CUSTOM VILLA | | 05/29/2014 | 07/28/2014 | |

| Serial Number | Label/Insignia Number | Weight | Length | Width | Issued |
|---|---|---|---|---|---|
| AC7V710394GB | PFSI130281 | 22,383 | 56' | 15' 2" | Aug 03, 2021 |
| AC7V710394GA | PFSI130282 | 25,068 | 60' | 15' 2" | |

**Addressee**

JAMIE LYNN GALLIAN
16222 MONTEREY LN SPACE 376
HUNTINGTON BEACH, CA  92649

**Registered Owner(s)**

JAMIE LYNN GALLIAN
16222 MONTEREY LN SPACE 376
HUNTINGTON BEACH, CA 92649

**Situs Address**

16222 MONTEREY LN SPACE 376
HUNTINGTON BEACH, CA 92649

I hereby certify that this copy is a true and correct copy of
the original document on file with the Department of
Housing & Community Development.

_____  Signature

## IMPORTANT
THE OWNER INFORMATION SHOWN ABOVE MAY NOT REFLECT ALL LIENS RECORDED WITH THE
DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT AGAINST THE DESCRIBED UNIT.  THE
CURRENT TITLE STATUS OF THE UNIT MAY BE CONFIRMED THROUGH THE DEPARTMENT.

DTN: 12313525                                                    08032021 - 2

# STATE OF CALIFORNIA - DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT
## REGISTRATION CARD

Manufactured Home

**Decal: LBM1081**

| Manufacturer ID/Name | Trade Name | Model | DOM | DFS | RY | Exp. Date |
|---|---|---|---|---|---|---|
| 90002   SKYLINE HOMES INC | CUSTOM VILLA | | 05/29/2014 | 07/28/2014 | | |

| Serial Number | Label/Insignia Number | Weight | Length | Width | Issued | |
|---|---|---|---|---|---|---|
| AC7V710394GB | PFS1130281 | 22,383 | 56' | 15' 2" | Aug 03, 2021 | |
| AC7V710394GA | PFS1130282 | 25,068 | 60' | 15' 2" | | |

**Addressee**

JAMIE LYNN GALLIAN
16222 MONTEREY LN SPACE 376
HUNTINGTON BEACH, CA 92649



**Registered Owner(s)**

JAMIE LYNN GALLIAN
16222 MONTEREY LN SPACE 376
HUNTINGTON BEACH, CA 92649

**Situs Address**

16222 MONTEREY LN SPACE 376
HUNTINGTON BEACH, CA 92649

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**ATTENTION OWNER:**

THIS IS THE REGISTRATION CARD FOR THE
UNIT DESCRIBED ABOVE.  PLEASE KEEP THIS
CARD IN A SAFE PLACE WITHIN THE UNIT.

**INSTRUCTIONS FOR RENEWAL:**

REGISTRATION FOR THIS UNIT EXPIRES ON THE
DATE INDICATED ABOVE IN THE BOX LABELED
"Exp. Date".  THERE ARE SUBSTANTIAL
PENALTIES FOR DELINQUENCY.  IF YOU DO NOT
RECEIVE A RENEWAL NOTICE WITHIN 10 DAYS
PRIOR TO THE EXPIRATION DATE, CONTACT
H.C.D. FOR RENEWAL INSTRUCTIONS.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**IMPORTANT**
THE OWNER INFORMATION SHOWN ABOVE MAY NOT REFLECT ALL LIENS RECORDED WITH THE
DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT AGAINST THE DESCRIBED UNIT.  THE
CURRENT TITLE STATUS OF THE UNIT MAY BE CONFIRMED THROUGH THE DEPARTMENT.

DTN:  12313525

08032021 - 1

STATE OF CALIFORNIA - BUSINESS, CONSUMER SERVICES AND HOUSING AGENCY          GAVIN NEWSOM, Governor

**DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT**
DIVISION OF CODES AND STANDARDS



# Title Search

Date Printed:  Aug 8, 2024

| | | | |
|---|---|---|---|
| Decal #: | LBM1081 | Use Code: | SFD |
| Manufacturer: | SKYLINE HOMES INC - CLOSED | Original Price Code: | BVH |
| Tradename: | CUSTOM VILLA | Rating Year: | |
| Model: | | Tax Type: | LPT |

| | | | |
|---|---|---|---|
| Manufactured Date: | 05/29/2014 | Last ILT Amount: | |
| Registration Exp: | | Date ILT Fees Paid: | |
| First Sold On: | 07/28/2014 | ILT Exemption: | NONE |

| Serial Number | HUD Label / Insignia | Length | Width |
|---|---|---|---|
| AC7V710394GA | PFS1130282 | 60' | 15' 2" |
| AC7V710394GB | PFS1130281 | 56' | 15' 2" |

Record Conditions:

- An application for title or registration change is pending with the department.  For information regarding this application, please call 1-800-952-8356 and request to speak with a customer representative.

Registered Owner:

JAMIE LYNN GALLIAN
16222 MONTEREY LN SPACE 376
HUNTINGTON BEACH, CA 92649

| | |
|---|---|
| **Last Title Date:** | 08/12/2021 |
| **Last Reg Card:** | 08/12/2021 |
| **Sale/Transfer Info:** | Price $.00 Transferred on 02/25/2021 |

Situs Address:

16222 MONTEREY LN SPACE 376
HUNTINGTON BEACH, CA 92649
Situs County:  ORANGE

Title Searches:

CHRIS HOUSER
16222 MONTEREY LN OFC
HUNTINGTON BEACH, CA 92649

**Title File No:**          None

***END OF TITLE SEARCH***

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
**16222 MONTEREY LANE UNIT 375 HUNTINGTON BEACH, CA 92649**

A true and correct copy of the foregoing document entitled**: DECL. OF JAMIE GALLIAN, RJN** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1 . TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **OCTOBER 22, 2024**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

<div align="right">Service information continued on attached page</div>

**2. SERVED BY UNITED STATES MAIL**: On **September 23 2024**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

<div align="right">Service information continued on attached page</div>

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL:** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on , I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method) by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

<div align="right">Service information continued on attached page</div>

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| October 22, 2024 | Joseph Clark | *Joseph Clark* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

<div align="center">This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.</div>

**F 9013-3.1.PROOF.SERVICE**

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: CONTINUED:
   - **ATTORNEY FOR PLAINTIFF HOUSER BROS. CO.:** Bradford Barnhardt bbarnhardt@marshackhays.com, bbarnhardt@ecf.courtdrive.com, kfrederick@ecf.courtdrive.com
   - **CHAPTER 7 TRUSTEE:** Jeffrey I Golden (TR) lwerner@go2.law, jig@trustesolutions.net; kadele@go2.law; C205@ecfcbis.com
   - **ATTORNEY FOR PLAINTIFF HOUSER BROS. CO.:** D Edward Hays ehays@marshackhays.com, ehays@ecf.courtdrive.com; kfrederick@ecf.courtdrive.com; cmendoza@marshackhays.com; cmendoza@ecf.courtdrive.com
   - **ATTORNEY FOR PLAINTIFF HOUSER BROS. CO.:** Laila Masud lmasud@marshackhays.com, lmasud@ecf.courtdrive.com; kfrederick@ecf.courtdrive.com
   - **US TRUSTEE:** United States Trustee (SA) ustpregion16.sa.ecf@usdoj.gov

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                   **F 9013-3.1.PROOF.SERVICE**

1  ERIC P. ISRAEL (State Bar No. 132426)
   *eisrael@DanningGill.com*
2  DANNING, GILL, ISRAEL & KRASNOFF, LLP
   1901 Avenue of the Stars, Suite 450
3  Los Angeles, California 90067-6006
   Telephone:   (310) 277-0077
4  Facsimile:    (310) 277-5735

5  Attorneys for Jeffrey I. Golden,
   Chapter 7 Trustee

6

FILED & ENTERED

OCT 30 2024

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bolte        DEPUTY CLERK

7              **UNITED STATES BANKRUPTCY COURT**

8              **CENTRAL DISTRICT OF CALIFORNIA**

9                   **SANTA ANA DIVISION**

10

11  In re                              Case No. 8:21-bk-11710-SC

12  JAMIE LYNN GALLIAN,                 Chapter 7

13                                      **ORDER ON ORDER TO SHOW CAUSE**
                                        **WHY DEBTOR JAMIE LYNN GALLIAN**
14              Debtor.                 **AND JOSEPH ARROYO SHOULD NOT**
                                        **BE FOUND IN CONTEMPT OF COURT**
15
                                        Date:    October 22, 2024
16                                      Time:    1:00 p.m.
                                        Place:   Courtroom "5C"
17                                               411 W. 4th Street
                                                 Santa Ana, California 92701
18

19          On September 12, 2024, the Court issued its Order to Show Cause Why Debtor Jamie Lynn

20  Gallian and Joseph Arroyo Should Not be Found in Contempt of Court (*docket no. 440*) (the

21  "OSC") for violating the Court's order issued on the record during the hearing held on August 27,

22  2024, prohibiting her from interfering with the Trustee's efforts to market and sell her residence

23  commonly known as 16222 Monterey Lane, Space 376, Huntington Beach, California (the

24  "Property"). Specifically, during the hearing held on August 27, 2024, at 1:30 p.m., Debtor agreed

25  on the record, and the Court ordered, that she comply with her duty under the Bankruptcy Code to

26  cooperate with the Trustee's efforts to list, market, and sell the Property, and that she grant access

27  to the Property to the Trustee or his real estate broker as needed on 24 hours' oral notice via her

28  cell phone.

1779431.2  27064                            1

The OSC provided, among other things, that Jamie Lynn Gallian (the "Debtor") was to file any response to the OSC by September 24, 2024, and the Trustee's reply, if any, was due by October 1, 2024, with the hearing thereon scheduled for October 15, 2024, at 11:00 a.m.

On September 24, 2024, Jamie Lynn Gallian (the "Debtor") filed her e-signed Declaration in response (*docket no. 452*, and refiled at *docket nos. 453 and 455*) (collectively the "Declaration"), and Jeffrey I. Golden as Chapter 7 trustee for the Debtor's estate, filed his reply (*docket no. 456*) and the Trustee's request to strike the Declaration as being unsigned and not presented under penalty of perjury (*docket no. 457*).

On October 3, 2024, the Court entered its Order Continuing Hearing and Requiring Service (*docket no. 460*), continuing the hearing on the OSC to October 22, 2024, at 11:00 a.m.  The Trustee duly filed and served notice thereof on October 4, 2024 (*docket no. 463*).

The Court having read and considered the pleadings above, and all of the other pleadings in the Debtor's case, having heard the oral arguments of counsel and the Debtor on the record during the hearing held on October 15, 2024, the Court finds that the Debtor has admitted to having listed and marketed the Property, both through Joseph Arroyo and on her own on Zillow.com[1], in violation of her duties under as a Debtor, including without limitation under 11 U.S.C. § 521(a)(3), in violation of her agreement and the Court's order on the record during the August 27, 2024, hearing, and in violation of the automatic stay, including without limitation under 11 U.S.C. § 362(a)(3).

During the hearing on October 22, 2024, the Debtor again agreed, and the Court again ordered that she specifically afford access to the Property to the Trustee's real estate broker on October 23, 2024, at 4:30 p.m., and to continue to cooperate with the Trustee and his brokers by permitting access on 24 hours' oral notice as previously agreed and ordered.

Throughout the hearing, the Debtor continually interrupted the Court and counsel. Although she was admonished to stop interrupting the proceedings, she failed and refused to comply with the

---

[1] Debtor stated on the record that she had listed the Property on Zillow, was working with a broker (Mr. Arroyo) and was getting "probably 50 calls a day." Transcript of August 27, 2024 hearing at 2:05:18 p.m.

1  Court's instructions. Immediately prior to the conclusion of the hearing, the Court had to have the

2  Debtor's Zoom connection terminated to protect the integrity of the Court's orders and the decorum

3  of the proceedings.

4       For the reasons set forth above and on the record during the hearing, the Court enters its

5  order as follows: it is

6       ORDERED THAT:

7       1.    Jamie Lynn Gallian is ordered to cease (a)exercising control over property of this

8  estate including all efforts to market, sell, or otherwise transfer or encumber the Property,

9  (b) interfering with the Trustee's administration of property of the estate or taking any action to

10  damage property of the estate, (c) violating the automatic stay set forth in 11 U.S.C. § 362(a)in any

11  manner, and (d) violating her duties under 11 U.S.C. § 521(a).

12       2.    Jamie Lynn Gallian is ordered to appear at the Property on October 23, 2024, at 4:30

13  p.m., and to cooperate with the Trustee and his real estate broker in all respects including, without

14  limitation, by providing access to the Property in order to inspect, take pictures, and conduct any

15  other efforts needed for the Trustee and his real estate broker to list, market, and sell the Property.

16       3.    Until otherwise ordered, Jamie Lynn Gallian is ordered to take all actions necessary

17  to provide the Trustee and/or his real estate broker access to the Property on 24 hours' oral notice

18  to her via her cell phone without regard to whether she will be physically present at the Property.

19       4.    If Jamie Lynn Gallian fails to comply with this order, she will be in civil contempt

20  of this order and may be subjected to further orders of the Court to coerce her to purge her

21  contempt and to comply with the Court's orders including, but not limited to, being fined,

22  incarcerated through an order of body detention, and/or removed from the Property by the U.S.

23  Marshal Service or other authorized agent.

24       5.    The OSC is vacated as to Joseph Arroyo.

25       6.    The hearing on the OSC is continued to November 5, 2024, at 11:00 a.m., in

26  Courtroom 5C located at 411 W. Fourth Street, Santa Ana, California 92701-4593.  The purpose of

27  the hearing will be to determine if the Debtor is in compliance or violation of any of the Court's

28  orders. Although the Debtor was at the October 22, 2024, hearing and is aware of the continued

1   hearing date, the Trustee shall give notice of the continued hearing and entry of this order via

2   United States mail.

3          7.      The Trustee shall file a status report before the hearing, reporting on whether the

4   Debtor has complied with this order and cooperated with the Trustee.

5                                                  ###

Date: October 30, 2024

Scott C. Clarkson
United States Bankruptcy Judge

1 │ ERIC P. ISRAEL (State Bar No. 132426)
     *eisrael@DanningGill.com*
2 │ DANNING, GILL, ISRAEL & KRASNOFF, LLP
     1901 Avenue of the Stars, Suite 450
3 │ Los Angeles, California 90067-6006
     Telephone:   (310) 277-0077
4 │ Facsimile:    (310) 277-5735

5 │ Attorneys for Jeffrey I. Golden,
     Chapter 7 Trustee
6 │

FILED & ENTERED

SEP 12 2024

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bolte        DEPUTY CLERK

7 │ **UNITED STATES BANKRUPTCY COURT**

8 │ **CENTRAL DISTRICT OF CALIFORNIA**

9 │ **SANTA ANA DIVISION**

10 │

11 │ In re                                    Case No. 8:21-bk-11710-SC

12 │ JAMIE LYNN GALLIAN,                      Chapter 7

13 │                                          **ORDER TO SHOW CAUSE WHY**
                                              **DEBTOR JAMIE LYNN GALLIAN AND**
14 │          Debtor.                         **JOSEPH ARROYO SHOULD NOT BE**
                                              **FOUND IN CONTEMPT OF COURT**
15 │
                                              Date:     August 27, 2024
16 │                                          Time:     1:30 p.m.
                                              Place:    Courtroom "5C"
17 │                                                     411 W. 4th Street
                                                         Santa Ana, California 92701
18 │

19 │       On August 27, 2024, at 1:30 p.m., the Court conducted hearings in this case, at which the

20 │ parties were present as noted on the record. The Court, having reviewed and considered the

21 │ Trustee's Reply Memorandum of Points and Authorities in Support of Application to Employ Real

22 │ Estate Broker Coldwell Banker Realty and Agents William Friedman and Greg Bingham Pursuant

23 │ to 11 U.S.C. Sections 327 and 328 (*docket no. 408*), filed by Jeffrey I. Golden the Chapter 7 trustee

24 │ herein (the "Trustee") , and the Debtor's statements on the record at the hearings on August 27,

25 │ 2024, at 1:30 p.m., including that she and Joseph Arroyo had listed the manufactured home

26 │ commonly known as 16222 Monterey Lane, Space 376, Huntington Beach, CA 92649, finds good

27 │ cause to order as follows:

28 │

United States Bankruptcy Court

Central District of California

In re:                                                                      Case No. 21-11710-SC

Jamie Lynn Gallian                                                          Chapter 7

    Debtor

# CERTIFICATE OF NOTICE

District/off: 0973-8                          User: admin                                    Page 1 of 2

Date Rcvd: Oct 23, 2024                       Form ID: pdf042                          Total Noticed: 1

The following symbols are used throughout this certificate:

**Symbol**    **Definition**

+      Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Oct 25, 2024:**

NONE

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|
| db | + Email/PDF: jamiegallian@gmail.com | Oct 24 2024 00:25:00 | Jamie Lynn Gallian, 16222 Monterey Ln Unit 376, Huntington Beach, CA 92649-2258 |

TOTAL: 1

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Oct 25, 2024                   Signature:         /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on October 23, 2024 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| Aaron E. De Leest | on behalf of Plaintiff Jeffrey I. Golden adeleest@marshackhays.com  adeleest@marshackhays.com,alinares@ecf.courtdrive.com |
| Aaron E. De Leest | on behalf of Trustee Jeffrey I Golden (TR) adeleest@marshackhays.com  adeleest@marshackhays.com,alinares@ecf.courtdrive.com |
| Bradford Barnhardt | on behalf of Plaintiff Houser Bros. Co. bbarnhardt@marshackhays.com  bbarnhardt@ecf.courtdrive.com,alinares@ecf.courtdrive.com |
| Bradford Barnhardt | on behalf of Interested Party Courtesy NEF bbarnhardt@marshackhays.com  bbarnhardt@ecf.courtdrive.com,alinares@ecf.courtdrive.com |

Brandon J. Iskander
    on behalf of Plaintiff The Huntington Beach Gables Homeowners Association biskander@goeforlaw.com
kmurphy@goeforlaw.com

Brandon J. Iskander
    on behalf of Creditor The Huntington Beach Gables Homeowners Association biskander@goeforlaw.com
kmurphy@goeforlaw.com

D Edward Hays
    on behalf of Creditor Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates ehays@marshackhays.com
ehays@ecf.courtdrive.com;alinares@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com

D Edward Hays
    on behalf of Interested Party Courtesy NEF ehays@marshackhays.com
ehays@ecf.courtdrive.com;alinares@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com

D Edward Hays
    on behalf of Plaintiff Houser Bros. Co. ehays@marshackhays.com
ehays@ecf.courtdrive.com;alinares@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com

Eric P Israel
    on behalf of Trustee Jeffrey I Golden (TR) eisrael@danninggill.com  danninggill@gmail.com;eisrael@ecf.inforuptcy.com

Jeffrey I Golden (TR)
    lwerner@go2.law  jig@trustesolutions.net;kadele@go2.law;C205@ecfcbis.com

Laila Masud
    on behalf of Plaintiff Houser Bros. Co. lmasud@marshackhays.com
lmasud@ecf.courtdrive.com;lbuchanan@marshackhays.com;alinares@ecf.courtdrive.com

Laila Masud
    on behalf of Creditor Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates lmasud@marshackhays.com
lmasud@ecf.courtdrive.com;lbuchanan@marshackhays.com;alinares@ecf.courtdrive.com

Laila Masud
    on behalf of Interested Party Courtesy NEF lmasud@marshackhays.com
lmasud@ecf.courtdrive.com;lbuchanan@marshackhays.com;alinares@ecf.courtdrive.com

Mark A Mellor
    on behalf of Interested Party Courtesy NEF mail@mellorlawfirm.com  mellormr79158@notify.bestcase.com

Mark A Mellor
    on behalf of Defendant Randall L Nickel mail@mellorlawfirm.com  mellormr79158@notify.bestcase.com

Robert P Goe
    on behalf of Creditor The Huntington Beach Gables Homeowners Association kmurphy@goeforlaw.com
rgoe@goeforlaw.com;goeforecf@gmail.com;Goe.RobertP.R@notify.bestcase.com;ajohnston@goeforlaw.com

Robert P Goe
    on behalf of Interested Party The Huntington Beach Gables Homeowners Association kmurphy@goeforlaw.com
rgoe@goeforlaw.com;goeforecf@gmail.com;Goe.RobertP.R@notify.bestcase.com;ajohnston@goeforlaw.com

Robert P Goe
    on behalf of Plaintiff The Huntington Beach Gables Homeowners Association kmurphy@goeforlaw.com
rgoe@goeforlaw.com;goeforecf@gmail.com;Goe.RobertP.R@notify.bestcase.com;ajohnston@goeforlaw.com

Shantal Malmed
    on behalf of Trustee Jeffrey I Golden (TR) shantal.malmed@gmlaw.com  cheryl.caldwell@gmlaw.com

Shantal Malmed
    on behalf of Plaintiff Jeffrey I. Golden shantal.malmed@gmlaw.com  cheryl.caldwell@gmlaw.com

United States Trustee (SA)
    ustpregion16.sa.ecf@usdoj.gov

Valerie Smith
    on behalf of Interested Party Courtesy NEF claims@recoverycorp.com


TOTAL: 23

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA DIVISION**

| | |
|---|---|
| In re: | Case No.: 8:21-bk-11710-SC |
| Jamie Lynn Gallian, | CHAPTER 7 |
| | **STANDING ORDER REQUIRING PERSONAL APPEARANCES** |
| Debtor(s). | |

The Court, in consideration of the discussion on the record during the October 22, 2024 hearing, Jamie Lynn Gallian's continuous disruption on the record, and the docket as a whole, finds good cause to issue a standing order requiring Jamie Lynn Gallian's personal appearance for all matters. Absent further Court approval, virtual or telephonic appearances are not permitted by Jamie Lynn Gallian.

**IT IS SO ORDERED**.

Date: October 23, 2024

Scott C. Clarkson
United States Bankruptcy Judge

-1-

FILED & ENTERED

OCT 23 2024

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bolte      DEPUTY CLERK

1
2
3
4
5
6
7



FILED & ENTERED

OCT 03 2024

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bolte        DEPUTY CLERK

8

## UNITED STATES BANKRUPTCY COURT

9

## CENTRAL DISTRICT OF CALIFORNIA

10

## SANTA ANA DIVISION

11
12  In re:

13  Jamie Lynn Gallian,

14

15

16

17                                   Debtor(s).

18

Case No.: 8:21-bk-11710-SC

CHAPTER 7

**ORDER CONTINUING HEARING AND
REQUIRING SERVICE**

New Date/Time:
Date:        October 15, 2024
Time:        11:00 AM
Courtroom: 5C

19          The hearing on the Court's order requiring Jamie Lynn Gallian and Joseph

20  Arroyo to appear and show cause as to why they should not be held in contempt and

21  sanctioned for willfully violating the Bankruptcy Code entered September 12, 2024, and

22  set for hearing on October 15, 2024, is hereby CONTINUED to October 22, 2024, at

23  11:00 a.m.

24  ///

25
26
27
28

-1-

5

1       Trustee is to serve a copy of this order on Jamie Lynn Gallian and Joseph Arroyo

2 and file a proof of service within forty-eight hours of entry of this order.

3      **IT IS SO ORDERED.**

25     Date: October 3, 2024

Scott C. Clarkson
United States Bankruptcy Judge

6

1  ERIC P. ISRAEL (State Bar No. 132426)
   *eisrael@DanningGill.com*
2  DANNING, GILL, ISRAEL & KRASNOFF, LLP
   1901 Avenue of the Stars, Suite 450
3  Los Angeles, California 90067-6006
   Telephone:  (310) 277-0077
4  Facsimile:   (310) 277-5735

5  Attorneys for Jeffrey I. Golden,
   Chapter 7 Trustee
6

FILED & ENTERED

SEP 12 2024

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bolte       DEPUTY CLERK

7              **UNITED STATES BANKRUPTCY COURT**

8              **CENTRAL DISTRICT OF CALIFORNIA**

9                   **SANTA ANA DIVISION**

10

11 | In re                          | Case No. 8:21-bk-11710-SC

12 | JAMIE LYNN GALLIAN,            | Chapter 7

13 |                                | **ORDER TO SHOW CAUSE WHY**
                                      **DEBTOR JAMIE LYNN GALLIAN AND**
14 |            Debtor.             | **JOSEPH ARROYO SHOULD NOT BE**
                                      **FOUND IN CONTEMPT OF COURT**
15

16 |                                | Date:    August 27, 2024
                                      Time:    1:30 p.m.
17 |                                | Place:   Courtroom "5C"
                                               411 W. 4th Street
18 |                                               Santa Ana, California 92701

19         On August 27, 2024, at 1:30 p.m., the Court conducted hearings in this case, at which the

20  parties were present as noted on the record. The Court, having reviewed and considered the

21  Trustee's Reply Memorandum of Points and Authorities in Support of Application to Employ Real

22  Estate Broker Coldwell Banker Realty and Agents William Friedman and Greg Bingham Pursuant

23  to 11 U.S.C. Sections 327 and 328 (*docket no. 408*), filed by Jeffrey I. Golden the Chapter 7 trustee

24  herein (the "Trustee") , and the Debtor's statements on the record at the hearings on August 27,

25  2024, at 1:30 p.m., including that she and Joseph Arroyo had listed the manufactured home

26  commonly known as 16222 Monterey Lane, Space 376, Huntington Beach, CA 92649, finds good

27  cause to order as follows:

28

1.      Jamie Lynn Gallian ("Debtor") and Joseph Arroyo must appear and show cause as to why they should not be held in contempt of Court and sanctioned for willfully violating the Bankruptcy Code by exercising control over property of the estate, interfering with the Trustee's administration of property of the estate and violating the automatic stay in Debtor's case.

2.      The hearing on this Order to Show Cause will take place on October 15, 2024, at 11:00 a.m. in Courtroom 5C located at 411 W. Fourth Street, Santa Ana, California 92701-4593.

3.      Jamie Lynn Gallian and Joseph Arroyo must file with the Court and serve on the Trustee their written responses to this Order to Show Cause, if any, by no later than September 24, 2024.  Any response not timely filed may be deemed waived.

4.      The Trustee must file with the Court and serve on Jamie Lynn Gallian and Joseph Arroyo any reply to their response(s) by not later than October 1, 2024.

5.      The Trustee is to serve a copy of this order upon Jamie Lynn Gallian and Joseph Arroyo by no later than forty-eight hours after its entry and file an appropriate proof of service within seventy-two hours.

**IT IS SO ORDERED.**

###

Date: September 12, 2024

Scott C. Clarkson
United States Bankruptcy Judge

2

4

1 | ERIC P. ISRAEL (State Bar No. 132426)
   | eisrael@DanningGill.com
2 | DANNING, GILL, ISRAEL & KRASNOFF, LLP
   | 1901 Avenue of the Stars, Suite 450
3 | Los Angeles, California 90067-6006
   | Telephone:   (310) 277-0077
4 | Facsimile:    (310) 277-5735

5 | Attorneys for Jeffrey I. Golden,
   | Chapter 7 Trustee
6 |

**FILED & ENTERED**

**SEP 05 2024**

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bolte        DEPUTY CLERK

7 | **UNITED STATES BANKRUPTCY COURT**

8 | **CENTRAL DISTRICT OF CALIFORNIA**

9 | **SANTA ANA DIVISION**

10 |

11 | In re                                    | Case No. 8:21-bk-11710-SC

12 | JAMIE LYNN GALLIAN,                       | Chapter 7

13 |                                          | **ORDER GRANTING TRUSTEE'S**
                                              | **APPLICATION TO EMPLOY REAL**
14 |                    Debtor.               | **ESTATE BROKER COLDWELL**
                                              | **BANKER REALTY AND AGENTS**
15 |                                          | **WILLIAM FRIEDMAN AND GREG**
                                              | **BINGHAM PURSUANT TO 11 U.S.C.**
16 |                                          | **§§ 327 AND 328 (*DOCKET NO. 395*)**

17 |                                          | Date:    August 27, 2024
                                              | Time:    1:30 p.m.
18 |                                          | Place:   Courtroom "5C"
                                              |          411 W. 4th Street
19 |                                          |          Santa Ana, CA

20 |

21 |        On August 27, 2024, at 1:30 p.m., there came before the Court for hearing the *Trustee's*

22 | *Application to Employ Real Estate Broker Coldwell Banker Realty and Agents William Friedman*

23 | *and Greg Bingham Pursuant to 11 U.S.C. §§ 327 and 328* (*docket no. 395*) (the "Application")

24 | filed by Jeffrey I. Golden, the Chapter 7 trustee herein (the "Trustee"), the Honorable Scott C.

25 | Clarkson, United States Bankruptcy Judge, presiding.  Appearing for the Trustee was Eric P. Israel

26 | of Danning, Gill, Israel & Krasnoff, LLP; the Trustee appeared; the Debtor appeared in pro per;

27 | and Ed Hays of Marshack Hays LLP appeared for Houser Brothers Co. ("Houser").  No other

28 | appearances were made.

1775027.2  27064                            1

1      The Court having read and considered the Application, the Debtor's opposition to the

2  Application (*docket nos. 401, 402 and 403*), the Trustee's reply thereto (*docket no. 408*), the Notice

3  of Joinder filed by Houser in the Application (*docket no. 409*), having heard the oral statements at

4  the hearing including by the Debtor, the Trustee's counsel, and the Trustee's real estate broker,

5  Greg Bingham (the "Trustee's Broker"), and for the reasons set forth by the Court on the record at

6  the hearing, it is hereby

7      ORDERED THAT:

8      1.    The Application is granted in its entirety.

9      2.    The Trustee is authorized to employ Coldwell Banker Realty ("Broker") and its

10  agents William Friedman and Greg Bingham as the bankruptcy estate's real estate agents herein

11  pursuant to the terms and conditions set forth in the Application.

12      3.    The Trustee is authorized to enter into the exclusive listing agreement with the

13  Broker upon the terms and conditions set forth in the Application.

14      4.    The Trustee is authorized to extend, modify (except no increase as to commission),

15  or terminate the agreement, in his sole discretion, without further notice or approval of the Court.

16      5.    The Debtor shall afford the Trustee's Broker unimpeded access to the Property upon

17  24 hours' advance notice to her cell phone.

18              ###

19

20

21

22

23

24  Date: September 5, 2024                  Scott C. Clarkson
                                   United States Bankruptcy Judge

25

26

27

28

1775027.2  27064              2

EXHIBIT 5, PAGE 119

United States Bankruptcy Court

Central District of California

In re:                                                          Case No. 21-11710-SC

Jamie Lynn Gallian                                              Chapter 7

   Debtor

# CERTIFICATE OF NOTICE

District/off: 0973-8                    User: admin                                    Page 1 of 2

Date Rcvd: May 15, 2024                 Form ID: pdf042                          Total Noticed: 1

The following symbols are used throughout this certificate:

| Symbol | Definition |
|---|---|
| + | Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP. |

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on May 17, 2024:**

NONE

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|
| db | + Email/PDF: jamiegallian@gmail.com | May 16 2024 00:12:00 | Jamie Lynn Gallian, 16222 Monterey Ln Unit 376, Huntington Beach, CA 92649-2258 |

TOTAL: 1

# BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: May 17, 2024                      Signature:      /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on May 15, 2024 at the address(es) listed below:

| Name | Email Address |
|---|---|
| Aaron E. DE Leest | on behalf of Plaintiff Jeffrey I. Golden adeleest@DanningGill.com  danninggill@gmail.com;adeleest@ecf.inforuptcy.com |
| Aaron E. DE Leest | on behalf of Trustee Jeffrey I Golden (TR) adeleest@DanningGill.com  danninggill@gmail.com;adeleest@ecf.inforuptcy.com |
| Bradford Barnhardt | on behalf of Plaintiff Houser Bros. Co. bbarnhardt@marshackhays.com bbarnhardt@ecf.courtdrive.com,alinares@ecf.courtdrive.com |
| Bradford Barnhardt | on behalf of Interested Party Courtesy NEF bbarnhardt@marshackhays.com bbarnhardt@ecf.courtdrive.com,alinares@ecf.courtdrive.com |
| Brandon J. Iskander | |

|  |  |
|---|---|
|  | on behalf of Plaintiff The Huntington Beach Gables Homeowners Association biskander@goeforlaw.com kmurphy@goeforlaw.com |
| Brandon J. Iskander | |
|  | on behalf of Creditor The Huntington Beach Gables Homeowners Association biskander@goeforlaw.com kmurphy@goeforlaw.com |
| D Edward Hays | |
|  | on behalf of Creditor Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates ehays@marshackhays.com ehays@ecf.courtdrive.com;alinares@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com |
| D Edward Hays | |
|  | on behalf of Interested Party Courtesy NEF ehays@marshackhays.com ehays@ecf.courtdrive.com;alinares@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com |
| D Edward Hays | |
|  | on behalf of Plaintiff Houser Bros. Co. ehays@marshackhays.com ehays@ecf.courtdrive.com;alinares@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com |
| Eric P Israel | |
|  | on behalf of Trustee Jeffrey I Golden (TR) eisrael@danninggill.com  danninggill@gmail.com;eisrael@ecf.inforuptcy.com |
| Jeffrey I Golden (TR) | |
|  | lwerner@go2.law  jig@trustesolutions.net;kadele@go2.law;C205@ecfcbis.com |
| Laila Masud | |
|  | on behalf of Plaintiff Houser Bros. Co. lmasud@marshackhays.com lmasud@ecf.courtdrive.com;lbuchanan@marshackhays.com;alinares@ecf.courtdrive.com |
| Laila Masud | |
|  | on behalf of Creditor Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates lmasud@marshackhays.com lmasud@ecf.courtdrive.com;lbuchanan@marshackhays.com;alinares@ecf.courtdrive.com |
| Laila Masud | |
|  | on behalf of Interested Party Courtesy NEF lmasud@marshackhays.com lmasud@ecf.courtdrive.com;lbuchanan@marshackhays.com;alinares@ecf.courtdrive.com |
| Mark A Mellor | |
|  | on behalf of Interested Party Courtesy NEF mail@mellorlawfirm.com  mellormr79158@notify.bestcase.com |
| Mark A Mellor | |
|  | on behalf of Defendant Randall L Nickel mail@mellorlawfirm.com  mellormr79158@notify.bestcase.com |
| Robert P Goe | |
|  | on behalf of Creditor The Huntington Beach Gables Homeowners Association kmurphy@goeforlaw.com rgoe@goeforlaw.com;goeforecf@gmail.com |
| Robert P Goe | |
|  | on behalf of Interested Party The Huntington Beach Gables Homeowners Association kmurphy@goeforlaw.com rgoe@goeforlaw.com;goeforecf@gmail.com |
| Robert P Goe | |
|  | on behalf of Plaintiff The Huntington Beach Gables Homeowners Association kmurphy@goeforlaw.com rgoe@goeforlaw.com;goeforecf@gmail.com |
| Shantal Malmed | |
|  | on behalf of Trustee Jeffrey I Golden (TR) smalmed@danninggill.com |
| Shantal Malmed | |
|  | on behalf of Plaintiff Jeffrey I. Golden smalmed@danninggill.com |
| United States Trustee (SA) | |
|  | ustpregion16.sa.ecf@usdoj.gov |
| Valerie Smith | |
|  | on behalf of Interested Party Courtesy NEF claims@recoverycorp.com |

TOTAL: 23



FILED & ENTERED

MAY 15 2024

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY jle          DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SANTA ANA DIVISION

In re

**JAMIE LYNN GALLIAN**

Debtor,

8:23-CV-00001-DSF
Case No. 8:21-bk-11710-SC

Chapter: 7

**ORDER REGARDING "ORDER
REVERSING THE ORDER OF THE
BANKRUPTCY COURT AND
REMANDING FOR FURTHER
PROCEEDINGS" ENTERED BY THE
DISTRICT COURT ON NOVEMBER 1,
2023**

On December 29, 2022, Houser Bros. Co. dba Rancho Del Rey Mobile Estates ("Houser Bros.) appealed this Court's Order Granting Debtor's Motion for Reconsideration of the Court's August 5, 2022 Order Sustaining Objection to Debtor's Homestead Exemption entered on December 19, 2022 ("Reconsideration Order") in the above referenced bankruptcy case. Houser Bros. elected to have its appeal heard by the United States District Court ("District Court"). On November 1, 2023, the District Court entered its Order Reversing the Order of the Bankruptcy Court and Remanding for Further Proceedings ("Reversal Order").

The Reversal Order directs this Court to issue findings concerning 1) the nature of the Debtor Jamie Lynn Gallian's ("Debtor") interest in the 2014 Skyline Custom Villa manufactured home located at 16222 Monterey Lane, Unit 376, Huntington Beach, California (the "Property"), including whether Debtor ever acquired (and retained) an equitable interest in the Property, and 2) whether title was transferred to her prior to the date the bankruptcy petition was filed.  The within findings constitute the Court's response to the remand directive of the Reversal Order.[1]

I.    Background

This matter involves a dispute over Debtor's claimed homestead exemption in the Property.  On or about November 1, 2018, Debtor purchased the Property from registered owner, Lisa Ryan ("Ryan") with proceeds Debtor received from the sale of her previous home. Debtor's Motion for Reconsideration at 15.  [Dkt. 157].  However, on this same date, Debtor caused Ryan to transfer the Certificate of Title regarding the Property to her single-member limited liability company, J-Sandcastle Co LLC ("Sandcastle"), which Certificate of Title was recorded by Debtor at the Department of Housing and Community Development on November 16, 2018.  *Id.* at 26; Houser Bros.' Motion Objecting to Debtor's Claimed Homestead Exemption, Exhs. 13 and 14 [Dkt 95].

A.    Houser Bros.'s Motion Objecting to Debtor's Claimed Homestead Exemption

On May 12, 2022, Houser Bros. filed its "Motion Objecting to Debtor's Claimed Homestead Exemption" (Homestead Motion").  [Dkt.95].  Various other parties joined in the Homestead Motion.  [Dkts. 98, 100].  The pleadings filed in support of the Homestead Motion focused primarily on the argument that Debtor did not hold legal title to the

---

[1] The underlying bankruptcy case was transferred to the Honorable Scott Clarkson on September 1, 2022 due to the retirement of the undersigned, Judge Erithe Smith, on October 29, 2022. However, as Judge Smith presided over the hearing on Debtor's Motion for Reconsideration and issued the Reconsideration Order in her capacity as a recalled bankruptcy judge (effective until October 31, 2024), she has authority and jurisdiction to issue the within findings.

Property as of the date the bankruptcy petition was filed, i.e., July 9, 2021 (the "Petition

Date") and, therefore, she was not entitled to claim a homestead exemption.

Debtor opposed the Homestead Motion, asserting that Sandcastle had transferred

its interest in the Property to her on or about February 25, 2021, prior to the Petition Date.

Debtor also argued that she was entitled to an automatic homestead exemption under

Cal. Civ. Proc. Code §§ 704.710(c) and 704.720(a) as she had continuously resided on

the Property since November 2018 through the Petition Date and had intended the same

to be her principal residence during such time.

The final hearing on the Homestead Motion was held on July 21, 2022.  At that

hearing, oral argument focused on the issue of legal ownership as of the Petition Date.

On August 5, 2022, this Court entered its Order Granting Houser Bros. Co. dba Rancho

Del Rey Mobile Home Estate's Motion Objecting to Debtor's Claimed Exemption in 16222

Monterey Lane, Space 376, Huntington Beach, CA 92649" [Dkt. 177] ("Homestead

Order") on the ground that Debtor did not hold legal title to the Property as of the Petition

and, therefore, was not entitled to a homestead exemption under Cal Civ. Pro. Code

§704.30.  This Court ruled that

>. . . Debtor failed to meet her burden that the Property is
>
>subject to exemption.  First, the HC records show that J-Sandcastle LLC,
>
>not Debtor, was the owner of record, on the Petition Date.  As of June 7, 2021 –
>
>about a month before the Petition Date – the Property's registered owner
>
>was J-Sandcastle LLC, and the legal owners were Ron Pierpoint and J-Pad LLC.
>
>Hays Decl., Ex. 17 at 142.

Homestead Order, Exh. 1 at 10.

The Court did not, however, rule on Debtor's claim to an automatic homestead

exemption under Cal. Civ. Proc. Code §§ 704.710(c) and 704.720(a).

B.  Debtor's Motion for Reconsideration of the Homestead Order

On July 26, 2022, Debtor filed her "Motion for Reconsideration of 7.21.22 Order

3

[sic] Sustaining Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates Objection to

Debtor's Claimed Homestead Objection, etc." ("Reconsideration Motion") [Dkt.157]. [2]

Debtor reiterated her claimed status as legal owner, as well as entitlement to an

automatic homestead exemption. Opposition pleadings to the Reconsideration Motion

were filed by Houser Bros. and other interested parties.

On December 19, 2022, this Court entered its Reconsideration Order on the

ground that Debtor was entitled to an automatic homestead exemption.  [Dkt 274].  Also

on December 19, 2022, the Court entered its "Memorandum of Decision Regarding

Debtor's Motion for Reconsideration of the Court's August 5, 2022 Order Sustaining

Objection to Debtor's Homestead Exemption ("Memorandum of Decision"). [Dkt. 273].[3]

II.     Findings in Response to the District Court's Reversal Order

A.   Did Debtor Have an Equitable Interest in the Property as of the Petition Date?

Yes.  This Court finds that, notwithstanding the fact that Sandcastle was the

registered owner and Ron Pierpont and J-Pad LLC were the legal owners of the Property,

Debtor held an equitable interest in the Property as of the date of the Petition that

satisfied the requirements for an automatic homestead exemption under Cal. Civ. Proc.

Code §§ 704.10(c) and 704.720(a).[4]

In *In re Gilman*, 887 F.3d 956-965 (9th Cir. 2018), the Ninth Circuit provides a clear

analysis of California's automatic homestead laws, to wit:

California provides for an 'automatic' homestead
exemption. Cal. Civ. Proc. Code § 704.720(a). The automatic
homestead exemption protects a debtor 'who resides (or who is
related to one who resides) in the homestead property at the time of
a forced judicial sale of the dwelling.' *In re Anderson*, 824 F.2d 754,

---

[2] Debtor filed the Reconsideration Motion prior to the entry of the Homestead Order on August 5, 2022.

[3] The Memorandum of Decision was intended to serve as the Court's findings of fact and conclusions of
law in support of the Reconsideration Order and was incorporated by reference in the Reconsideration
Order.

[4] A "manufactured home together with the outbuildings and land upon which they are
situated" is eligible for a homestead exemption. Cal. Code Civ. Proc. § 704.710(a)(2)
(defining "dwelling").

757 (9th Cir. 1987); *see also Diaz*, 547 B.R. at 334 ("The filing of a bankruptcy petition constitutes a forced sale for purposes of the automatic homestead exemption.").

Under Cal. Civ. Proc. Code § 704.710(c), a 'homestead' is 'the principal dwelling (1) in which the judgment debtor or the judgment debtor's spouse resided on the date the judgment creditor's lien attached to the dwelling, and (2) in which the judgment debtor or the judgment debtor's spouse resided continuously thereafter until the date of the court determination that the dwelling is a homestead.' This "requires only that the judgment debtor *reside* in the property as his or her principal dwelling at the time the judgment creditor's lien attaches and continuously thereafter until the court determines the dwelling is a homestead." *In re Elliott*, 523 B.R. 188, 196 (BAP 9th Cir. 2014) (quoting *Tarlesson*, 184 Cal. App. 4th at 937, 109 Cal.Rptr.3d 319). It does not require that the debtor continuously own the property. *Id.*

To determine whether a debtor resides in a property for homestead purposes, courts consider the debtor's physical occupancy of the property and the intent to reside there. *Diaz*, 547 B.R. at 335; *Ellsworth v. Marshall*, 196 Cal.App. 2d 471, 474, 16 Cal.Rptr. 588 (1961) ('The physical fact of the occupancy and the intention with which the premises are occupied 'are both elements to be considered in determining the actual residence.') (quoting *Lakas v. Archambault*, 38 Cal.App. 365, 372, 176 P. 180 (1918)).

**California law rejects [the] argument that title to the property is necessary to claim a homestead exemption. For instance,** *Tarlesson* **held that 'judgment debtors who continuously reside in their dwellings retain a sufficient equitable interest in the property to claim a homestead exemption even when they have conveyed title to another'** 184 Cal.App. 4th at 937, 109 Cal.Rptr.3d 319. The court further noted that "[s]uch a result is consistent with the purpose of California's homestead exemption to protect one's dwelling against creditors." *Id.* Likewise, *Elliott* held that **conveyance to a third party does not defeat a debtor's right to an automatic exemption, 'because continuous residency, rather than continuous ownership,' controls the analysis**. 523 B.R. at 196.

(emphasis added)

According to the record, which is undisputed, Debtor used her own personal funds to purchase the Property. More importantly, it is also undisputed that Debtor has continuously resided on the Property since November 2018 through and beyond the Petition Date. Finally, there was no persuasive evidence presented by those in

opposition to the Reconsideration Motion to refute Debtor's position that she intended to

reside on the Property as her principal residence during the same period.  Accordingly,

this Court finds that by her continuous possession and use of the Property as her

principal residence since November 2018, Debtor held a sufficient equitable interest in

the Property to claim an automatic homestead exemption under Cal. Civ. Proc. Code

§ 704.720(a). *Gilman*, 887 F.3d at 964; *Tarlesson,* 184 Cal. App. 4th at 937.

      B. <u>Was Title Transferred to Debtor Prior to the Petition Date?</u>

      No. The Reconsideration Motion was granted <u>solely</u> on the basis of Debtor's

*equitable* interest in the Property.  The Reconsideration Order did not in any way alter,

change or modify the Court's finding in the Homestead Order regarding Debtor's lack of

*legal* title as of the Petition Date.  None of the evidence presented by Debtor in the

Reconsideration Motion persuaded the Court to reverse its finding in that regard.

Specifically, Debtor presented no credible evidence that the certificate of title showing

Sandcastle as the registered owner of the Property was transferred to her prior to the

Petition Date.  On the contrary, Houser Bros. presented documentation establishing that

a certificate of title showing Debtor as the new registered owner of the Property was not

issued until August 3, 2021, nearly a month after the Petition Date.  See Homestead

Motion, Hays Decl., Exh. 22 at 195.  Based on the record presented, the Court finds that

title to the Property was not transferred to Debtor prior to the Petition Date.

//
//
//
//
//
//
//
//
//

III.    Conclusion

The Court finds that Debtor held a sufficient equitable interest in the Property to claim an automatic homestead exemption under Cal. Civ. Proc. Code § 704.720(a).

### 

Date: May 15, 2024

Erithe Smith
United States Bankruptcy Judge



FILED & ENTERED

DEC 19 2022

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY mccall    DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SANTA ANA DIVISION

In re

JAMIE LYNN GALLIAN,

              Debtor.

Chapter 7

Case No. 8:21-bk-11710-SC

**ORDER GRANTING DEBTOR'S MOTION
FOR RECONSIDERATION OF THE
COURT'S AUGUST 5, 2022 ORDER
SUSTAINING OBJECTION TO
DEBTOR'S HOMESTEAD EXEMPTION**

Date:    September 22, 2022
Time:   10:00 a.m.
Place:  Courtroom 5A – via zoom

On July 26, 2022, Jamie Lynn Gallian ("Debtor") filed "Debtors [sic] Notice of and

Motion for Reconsideration of 7.21.22 Order Sustaining Houser Bros. Co. DBA Rancho

Del Rey Mobile Home Estates [sic] Objection to Debtor's Claimed Homestead Exemption

and Joinder Parties Huntington Beach Gables HOA; Janine Jasso" [dkt # 157] (the

"Motion"). Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates ("Houser Bros")

filed a "Response to Debtor's Notice of and Motion for Reconsideration of 7.21.22 Order

Sustaining Houser Bros. Co. DBA Rancho Del Rey Mobile Home Estate's [sic] Objection

to Debtor's Claimed Homestead Exemption" [dkt # 170] (the "Response") on August 4,

1    2022. Jeffrey Golden, the Chapter 7 Trustee ("Trustee"), filed "Trustee's Joinder in

2    Houser Bros. Co. DBA Rancho Del Rey Mobile Home Estates' Response to Debtor's

3    Notice of and Motion for Reconsideration of 7.21.22 Order Sustaining Houser Bros. Co.

4    DBA Rancho Del Rey Mobile Home Estate's [sic] Objection to Debtor's Claimed

5    Homestead Objection" [dkt 171] (the "Trustee's Joinder") on August 4, 2022. Also on

6
     August 4, 2022, the Huntington Beach Gables Homeowners Association (the "HOA") filed
7
     "The Huntington Beach Gables Homeowners Association's Joinder to Houser Bros. Co.
8
     dba Rancho Del Rey Mobile Home Estates' Response to Debtor's Motion for
9
     Reconsideration" [dkt #173] (the "HOA Joinder"). Debtor filed a "Reply to Houser Bros Co
10
     DBA Rancho Del Rey MobileHome [sic] Estates [sic] Opposition to Debtors [sic[ Motion
11
     for Consideration [sic] of 7/21/22 Order Sustaining Houser Bros Co DBA Rancho Del Rey
12
     Mobilehome [sic] Estates [sic] Objection to Debtor's Claimed Homestead Exemption" [dkt
13
     #185] (the "Reply").  The Motion initially came on for hearing before the Honorable Erithe
14
     A. Smith, United States Bankruptcy Judge, on August 18, 2022 at 10:30 a.m. The hearing
15
16   was subsequently continued to September 22, 2022 for further oral argument.

17   Appearances were made as noted on the Court's record. After the hearing, the matter

18   was taken under advisement.[1]

19
         For the reasons set forth in the Memorandum of Decision Regarding Debtor's
20
21   Motion for Reconsideration of the Court's August 5, 2022 Order Sustaining the Objection

22   to Debtor's Homestead Exemption entered on December 19, 2022 [Dkt. 273], it is hereby

23   ordered that:

24

25   _____

26   [1] This case was transferred to the Honorable Scott Clarkson on September 1, 2022 due to the retirement of
     the undersigned, Judge Erithe Smith on October 29, 2022. However, as Judge Smith issued the underlying
27   order sustaining Trustee's objection to Debtor's homestead exemption, presided over the hearing on
     Debtor's instant motion for reconsideration, and continues to serve as a recalled bankruptcy judge, she has
     authority and jurisdiction to rule on the motion for reconsideration.

28

1.    The Motion is granted under FRCP 59(e) on the basis of manifest error of law and under FRCP 60(b)(6);

2.    The Court's Homestead Order entered on August 5, 2022 [Dkt. 177] is vacated and, as such, Houser Bros' Homestead Motion is deemed denied; and

3.    Debtor is entitled to a homestead exemption in the amount of $600,000 pursuant to Cal. Civ. Proc. Code. §§ 704.720(a) and 704.730(a).

###

Date: December 19, 2022

Erithe Smith
United States Bankruptcy Judge

1

2

3

4

5

6

7



FILED & ENTERED

DEC 19 2022

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY mccall     DEPUTY CLERK

8

9

10

11

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SANTA ANA DIVISION

12  In re

13  JAMIE LYNN GALLIAN,

14

15              Debtor.

16

17

18

19

20

Chapter 7

Case No. 8:21-bk-11710-SC

**MEMORANDUM OF DECISION
REGARDING DEBTOR'S MOTION FOR
RECONSIDERATION OF THE COURT'S
AUGUST 5, 2022 ORDER SUSTAINING
OBJECTION TO DEBTOR'S
HOMESTEAD EXEMPTION**

Date:    September 22, 2022
Time:    10:00 a.m.
Place:   Courtroom 5A – via zoom

On July 26, 2022, Jamie Lynn Gallian ("Debtor") filed "Debtors [sic] Notice of and

21  Motion for Reconsideration of 7.21.22 Order Sustaining Houser Bros. Co. DBA Rancho

22

23  Del Rey Mobile Home Estates [sic] Objection to Debtor's Claimed Homestead Exemption

24  and Joinder Parties Huntington Beach Gables HOA; Janine Jasso" [dkt # 157] (the

25  "Motion"). Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates ("Houser Bros")

26  filed a "Response to Debtor's Notice of and Motion for Reconsideration of 7.21.22 Order

27
    Sustaining Houser Bros. Co. DBA Rancho Del Rey Mobile Home Estate's [sic] Objection
28

to Debtor's Claimed Homestead Exemption" [dkt # 170] (the "Response") on August 4, 2022. Jeffrey Golden, the Chapter 7 Trustee ("Trustee"), filed "Trustee's Joinder in Houser Bros. Co. DBA Rancho Del Rey Mobile Home Estates' Response to Debtor's Notice of and Motion for Reconsideration of 7.21.22 Order Sustaining Houser Bros. Co. DBA Rancho Del Rey Mobile Home Estate's [sic] Objection to Debtor's Claimed Homestead Objection" [dkt 171] (the "Trustee's Joinder") on August 4, 2022. Also on August 4, 2022, the Huntington Beach Gables Homeowners Association (the "HOA") filed "The Huntington Beach Gables Homeowners Association's Joinder to Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates' Response to Debtor's Motion for Reconsideration" [dkt #173] (the "HOA Joinder"). Debtor filed a "Reply to Houser Bros Co DBA Rancho Del Rey MobileHome [sic] Estates [sic] Opposition to Debtors [sic[ Motion for Consideration [sic] of 7/21/22 Order Sustaining Houser Bros Co DBA Rancho Del Rey Mobilehome [sic] Estates [sic] Objection to Debtor's Claimed Homestead Exemption" [dkt #185] (the "Reply").  The Motion initially came on for hearing before the Honorable Erithe A. Smith on August 18, 2022 at 10:30 a.m. The hearing was subsequently continued to September 22, 2022 for further oral argument.  Appearances were made as noted on the Court's record. After the hearing, the matter was taken under advisement.[1]

Procedural Background

On May 12, 2022, Houser Bros filed a "Motion Objecting to Debtor's Claimed Homestead Exemption" ("Homestead Motion"). Dkt. 95.  Joinders to the Homestead Motion were filed by the HOA, creditor Janine Jasso ("Jasso"), and chapter 7 trustee

---

[1] This case was transferred to the Honorable Scott Clarkson on September 1, 2022 due to the retirement of the undersigned, Judge Erithe Smith, on October 29, 2022. However, as Judge Smith issued the underlying order sustaining Trustee's objection to Debtor's homestead exemption, presided over the hearing on Debtor's instant motion for reconsideration, and continues to serve as a recalled bankruptcy judge, she has authority and jurisdiction to rule on this motion for reconsideration.

Jeffrey Golden ("Trustee")[2] (collectively, the "Joining Parties"). Dkts. 98, 100. The

Homestead Motion was set for hearing on June 2, 2022, at 10:30 a.m. Dkt. 99. Debtor

filed a late opposition to the Homestead Motion ("Homestead Opposition") on June 1,

2022, just one day prior to the hearing. Dkt. 105.

On June 2, 2022, the Court conducted a hearing on the Homestead Motion

and continued the hearing to July 21, 2022  in order to allow the Joining Parties to

respond to Debtor's late-filed Homestead Opposition.  On June 23, 2022, the Court

entered its "Order Continuing Hearing on Motion Objecting to Debtor's Claimed

Homestead Exemption" ("June 23, 2022 Order"), which attached a copy of the

Court's tentative ruling for the hearing on June 2, 2022. Dkt. 124. The June 23,

2022 Order provided that the hearing on the Homestead Motion was continued to

July 21, 2022, at 10:30 a.m. to allow Houser Bros and the Joining Parties to file

replies to Debtor's late opposition by July 7, 2022 and that no further pleadings

were to be filed regarding the Motion. Dkt. 124.

Timely reply briefs were filed by Houser Bros and the HOA. Dkts. 129, 130,

131, 132, 133. On July 8, 2022, Debtor filed an unauthorized "Reply to Greg

Buysman, CA Notary Public Commission Number 2341449; Owner & Operator the

UPS Store, Edinger/Springdale." Dkt. 134.

The Court held a continued hearing on the Homestead Motion on July 21,

2022, at which time it orally granted the same for the reasons stated in its posted

tentative ruling. That same day, on July 21, 2022, Debtor filed a "Notice of

Lodgment of Orange County Tax Assessors [sic] Proof of Debtors [sic] Homestead

Exemption Effective 2/25/2021 in Support of Opposition to Motion Objecting to

---

[2] Trustee's joinder was not filed until June 30, 2022. Dkt. 128.

Claimed Homestead Exemption" ("First NOL"). Dkt. 139. Later that same day, Debtor

also filed a "Notice of Lodgment of Orange County Tax Assessors [sic] Proof of Debtors

[sic] Homestead Exemption Effective 2/25/2021 in Support of Opposition to Motion

Objecting to Claimed Homestead Exemption" ("Second NOL"). Dkt. 140. Finally, on July

21, 2022,  Debtor filed a "Notice of Appeal and Statement of Election" ("Notice of

Appeal") regarding a "7/21/2022 Order Denying Debtors [sic] Declared Homestead and

Debtors [sic] Homeowners Exemption Effective February 25, 2021 with the Orange

County Tax Assessor Pursuant to California Department of Housing and Community

Development Certificate of Title Perfected February 25, 2021." Dkt. 143. Debtor's appeal

was referred to the Bankruptcy Appellate Panel based on Debtor's election. Dkt. 161.

However, the Court's "Order Granting Houser Bros. Co. dba Rancho Del Rey Mobile

Home Estates's Motion Objecting to Debtor's Claimed Homestead Exemption in 16222

Monterey Lane, Space 376, Huntington Beach, CA 92649" ("Homestead Order") was not

entered until August 5, 2022. Dkt. 177.

On July 26, 2022, Debtor filed the Motion. Dkt. 157.  Shortly thereafter, on August

1, 2022, Debtor filed a "Motion for Leave from the Bankruptcy Appeal [sic] Panel to

Permit the Bankruptcy Court to Consider Debtor's Motion for Re-Consideration [dkt. 157]

on August 18, 2022." Dkt. 167. The following day, on August 2, 2022, Houser Bros filed

an "Optional Appellee Statement of Election to Proceed in District Court." Dkt. 168. A

Notice of Transfer of Appeal to District Court was filed on the docket by the Debtor on

August 8, 2022. Dkt. 180. Debtor also filed a Notice Regarding Appeal From Bankruptcy

Court that was entered on August 11, 2022. Dkt. 184.  Ultimately, the District Court Case,

no. 8:22-cv-1462-RGK was dismissed by Debtor, thereby eliminating any issue regarding

this Court's jurisdiction over the Motion. *See* Dkt. 215.

Standards for Relief Under Federal Rules of Civil Procedure 59(e) and 60(b)

Federal Rules of Civil Procedure (FRCP) 59(e) and 60(b) are applicable to bankruptcy cases pursuant to Federal Rules of Bankruptcy Procedure 9023 and 9024 respectively.

A motion brought under FRCP 59 involves reconsideration on the merits and generally should not be granted unless it is based on at least one of the following grounds: (1) to correct manifest errors of law or fact upon which the judgment is based; (2) to allow the moving party the opportunity to present newly discovered or previously unavailable evidence; (3) to prevent manifest injustice; or (4) to reflect an intervening change in controlling law.  *In re Oak Park Calabasas Condominium Ass'n*, 302 B.R. 682, 683 (Bankr.C.D.Cal.2003), *citing McDowell v. Calderon,* 197 F.3d 1253, 1255 (9th Cir.1999), *cert. denied,* 529 U.S. 1082, 120 S.Ct. 1708, 146 L.Ed.2d 511 (2000) (cit. omitted).  The term "manifest error" is "an error that is plain and indisputable, and that amounts to a complete disregard of the controlling law or the credible evidence in the record." *Oak Park* at 783.  A "manifest injustice" is defined as "an error in the trial court that is direct, obvious, and observable, such as a defendant's guilty plea that is involuntary or that is based on a plea agreement that the prosecution rescinds."  *Id.*

A motion brought under FRCP 59 "may seek a reconsideration of the correctness and merits of the trial court's underlying judgment."  *In re Wylie*, 349 B.R. 204, 209 (9th Cir. BAP 2006).  A motion based on FRCP 59 may not be used "to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters., Inc. v. Estate of Bishop,* 229 F.3d 877, 890 (9th Cir.2000). Further, such a motion may not be used to present a new legal theory for the first time, to raise legal arguments which

could have been raised in connection with the original motion, or "to rehash the same arguments presented the first time or simply express the opinion that the court was wrong." *In re JSJF Corp.,* 344 B.R. 94, 103 (9th Cir. BAP 2006), *aff'd and remanded*, 277 Fed.Appx. 718 (9th Cir. 2008).

Under FRCP 60(b), a party may seek relief from a final judgment or order on the following enumerated grounds: 1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

<u>Factual Background</u>

This matter involves a dispute over Debtor's claimed homestead exemption in the manufactured home located at 16222 Monterey Lane, Unit 376, Huntington Beach, CA (the "Property"). The underlying facts are complex and are set forth in the pleadings filed in connection with the Homestead Motion and the instant Motion and are incorporated herein by reference. However, due to the narrow scope of this Memorandum, such facts will not be fully discussed except as relevant to the Court's findings and conclusions.

The pleadings filed in connection with the Homestead Motion focused primarily on whether Debtor had an ownership interest in the Property as of the petition date, i.e., July 9, 2021.  It is undisputed that shortly after the acquisition of the Property in November 2018, its registered owner was J-Sandcastle LLC ("Sandcastle"), an entity wholly owned by Debtor.  Thereafter, Ron Pierpont and J-Pad LLC were added as the Property's legal

owners.  According to Debtor, Sandcastle's interest in the Property was transferred to her

on February 21, 2021; according to Houser Bros the transfer did not occur and/or did not

become effective until *after* July 9, 2021.  In her opposition to the Homestead Motion,

Debtor argued, among other things, that she qualified for the automatic homestead

exemption permitted under California law because she had continuously resided on the

Property as her principal residence since 2018 to the present. Debtor's Opposition to

Homestead Motion at pp.15, 20. Dkt. 105. There was no evidence presented by the

Joining Parties that disputed Debtor's residency claim.

Oral argument at the hearing on the Homestead Motion also focused on the issue

of ownership as of the filing of the bankruptcy petition.  Indeed, the Court's ruling on the

Homestead Motion exclusively relied on matters relating to ownership, as reflected in the

following excerpts from the Homestead Order:

> In In re *Shaefers*[3]*,* the Ninth Circuit BAP found that a Chapter 7
> debtor cannot claim homestead exemption in limited liability company
> (LLC) that he owned, which owned real property at which debtor resided;
> debtor did not identify any beneficial or equitable interest in the property,
> and LLC members such as debtor had no interest in the company's
> assets, rather, debtor's interest in LLC was a personal property interest
> outside the statutory definition of a homestead. 623 B.R. 777 (B.A.P. 9th
> Cir. 2020).
>
> Here, Debtor has failed to meet her burden that the Property is
> subject to exemption. First, the HCD records show that J-Sandcastle LLC,
> not Debtor, was the Property's owner of record on the Petition Date. As of
> June 7, 2021— about a month before the Petition Date—the Property's
> registered owner was J-Sandcastle LLC, and the legal owners were
> Pierpont and J-Pad LLC. Hays Decl., Ex. 17 at 142. The HCD webpage
> indicates that "documents and fees" must be submitted to the HCD to

---

[3] *In re Shaefers* was subsequently vacated by the Ninth Circuit on August 31, 2022 due to the dismissal of
the bankruptcy case.  *In re Schaefers* ("*Schaefers II*"), 2022 WL 3973920, at *1 (9th Cir. Aug. 31,
2022) (vacating decision). The BAP decision therefore has "no precedential authority whatsoever." *See
O'Connor v. Donaldson*, 422 U.S. 563, 578 n. 2, 95 S.Ct. 2486, 2495 n. 2, 45 L.Ed.2d 396 (1975) . It's
availability for citation for any purpose is, therefore, uncertain.  In any event, the Court notes that 1) in
*Shaefers*, the debtor asserted an interest in the LLC itself and not in the real property owned by the LLC,
and 2) as discussed *supra* herein, an equitable interest in real property may be shown by occupancy.

transfer ownership of a manufactured home or manufactured home. The June 7, 2021, Title Search did not note any pending applications for title or registration change that might have added Debtor as the registered or legal owner of the Property before the Petition Date. And, Debtor paid no fees to the HCD between June 7, 2021, and the Petition Date that could have effectuated a title change. See Hays Decl., Ex. 26.

Moreover, the July 2021 HCD Transaction had a transaction date of July 14, 2021—five days after the Petition Date—and included a certificate of title showing J-Sandcastle LLC as the Property's registered owner and Pierpont and J-Pad LLC as the Property's legal owners. Hays Decl., Ex. 21 at 171. Included in this post-petition transaction was a document to add Debtor as the Property's "New Registered Owner." Id. at 172. Also attached was a County of Orange "Tax Clearance Certificate" issued and executed on the Petition Date, which gave the Property's "Current Registered Owner" as J1Sandcastle LLC. Id. at 191. The August 2021 HCD Transaction did include a certificate of title showing Debtor as the Property's registered owner, but according to the certificate, title was issued on August 3, 2021, nearly a month after the Petition Date. Hays Decl., Ex. 22 at 195.

Second, between February 1, 2021, and the Petition Date, all payments that Debtor submitted to Houser Bros. listed J-Sandcastle LLC as the payor/were on behalf of J-Sandcastle LLC. Only after the Petition Date did Debtor submit a payment on her own behalf. See Hays Decl. Ex. 23 at 203-222.

Third, Debtor provides no credible evidence that she acquired an interest from the LLC on February 25, 2021. In Debtor's Original Schedules, filed on the Petition Date (July 9, 2021), Debtor provided, under penalty of perjury, that "Registered Title with HCD Debtor's single member LLC, J1Sandcastle Co, LLC." Motion at 33 (Exhibit 2). In addition, Debtor, in the Opposition, asserts J-Sandcastle LLC's executed a notarized release of title document, claiming: "On the petition date July 9, 2021, the registered title owner of the manufactured home located at 16222 Monterey Lane, Unit #376, Huntington Beach, CA 92649 ('Property') was Jamie Lynn Gallian as of February 25, 2021, the date J-Sandcastle Co LLC signed and dated to release the Certificate of Title to Jamie Lynn Gallian, notarized the same date." Opp'n., 29. However, Mr. Buysman did not actually notarize these documents. Instead, Mr. Buysman's notary book shows that on February 25, 2021, he notarized for Debtor an "Affidavit of Death" and a "Transfer Grant Deed." Buysman Decl., ¶7-11. Mr. Buysman did not notarize the July 2021 HCD Submission either. Id. Debtor's improperly filed July 8 response, even if considered by the court, would be insufficient to counter the statements and documentary evidence set forth in the Buysman Declaration.

-------------------------------

1

2         In conclusion, Debtor failed to carry her burden because, on the
Petition Date, the Property's registered owner was J-Sandcastle LLC, and
3    the legal owners were Pierpont and J-Pad, LLC. As a result, the Property
was not part of the estate and not eligible for an exemption.
4
          Neither the Court's ruling at the hearing or the Homestead Order includes a full or
5
proper analysis of Debtor's claimed automatic homestead exemption under Cal. Civ Proc
6
Code § 704.720(a).  The Court believes such oversight was in error.
7
8          Relief Under Either FRCP 59(e) or FRCP 60(b) is Warranted Because Debtor has

9    Demonstrated Entitlement to an Automatic Homestead Exemption Under Cal.Civ.Proc.

10                              Code §704.720(a)

11         Though the Motion does not specifically cite FRCP 59(e) or FRCP 60(b),

12   the substance of the arguments therein is consistent with either Rule and Debtor clarifies
13
in her Reply brief that she is seeking relief under both Rules. Debtor's Reply brief at 5.
14
As previously noted, it is undisputed that Debtor has resided continuously on the Property
15
as her principal residence from November 2018 to through the petition date and beyond.
16
17   As a matter of law, Debtor meets the requirements for an automatic homestead

18   exemption under Cal. Civ. Proc. Code §§ 704.710(c) and 704.720(a).

19         In *In re Gilman*, 887 F.3d 956, 964-965 (9th Cir. 2018), the Ninth Circuit held
20
as follows:
21
22            California provides for an "automatic" homestead
exemption. Cal. Civ. Proc. Code § 704.720(a). The automatic
23       homestead exemption protects a debtor "who resides (or who is
related to one who resides) in the homestead property at the time
24       of a forced judicial sale of the dwelling." *In re Anderson*, 824 F.2d
754, 757 (9th Cir. 1987); *see also Diaz*, 547 B.R. at 334 ("The filing
25       of a bankruptcy petition constitutes a forced sale for purposes of
the automatic homestead exemption.").
26
27            Under Cal. Civ. Proc. Code § 704.710(c), a "homestead" is
"the principal dwelling (1) in which the judgment debtor or the
28       judgment debtor's spouse resided on the date the judgment

creditor's lien attached to the dwelling, and (2) in which the judgment
debtor or the judgment debtor's spouse resided continuously thereafter
until the date of the court determination that the dwelling is a homestead."
This "requires only that the judgment debtor *reside* in the property as his
or her principal dwelling at the time the judgment creditor's lien attaches
and continuously thereafter until the court determines the dwelling is a
homestead." *In re Elliott*, 523 B.R. 188, 196 (BAP 9th Cir.
2014) (quoting *Tarlesson*, 184 Cal. App. 4th at 937, 109 Cal.Rptr.3d 319).
It does not require that the debtor continuously own the property. *Id.*

To determine whether a debtor resides in a property for homestead
purposes, courts consider the debtor's physical occupancy of the property
and the intent to reside there. *Diaz*, 547 B.R. at 335; *Ellsworth v. Marshall*,
196 Cal.App. 2d 471, 474, 16 Cal.Rptr. 588 (1961) ("The physical fact of
the occupancy and the intention with which the premises are occupied 'are
both elements to be considered in determining the actual residence.' ")
(quoting *Lakas v. Archambault*, 38 Cal.App. 365, 372, 176 P. 180 (1918)).

California law rejects Phillips' argument that title to the property is
necessary to claim a homestead exemption. For instance, *Tarlesson* held
that "judgment debtors who continuously reside in their dwellings retain a
sufficient equitable interest in the property to claim a homestead
exemption even when they have conveyed title to another." 184 Cal.App.
4th at 937, 109 Cal.Rptr.3d 319. The court further noted that "[s]uch a
result is consistent with the purpose of California's homestead exemption
to protect one's dwelling against creditors." *Id.* Likewise, *Elliott* held that
conveyance to a third party does not defeat a debtor's right to an
automatic exemption, "because continuous residency, rather than
continuous ownership," controls the analysis. 523 B.R. at 196.

Importantly, *Gilman* cites with favor the case of *Tarlesson v. Broadway

Foreclosure Investments, LLC*, 184 Cal.App.4th 931 (2010).  In analyzing the interplay

between Cal. Civ. Proc. Code §§ 703.720 and 704.710(c), the Tarlesson Court explained:

Broadway bases its argument in substantial part on the language
of section 703.020 which provides that statutory exemptions "apply only
to property of a natural person." Broadway reads section 703.020 to imply
a requirement of ownership. But the authorities Broadway cites do not
support its argument. While section 703.020, subdivision (a) states
generally that "[t]he exemptions provided by this chapter apply only to
property of a natural person," the statutory definition of "homestead"
provided in section 704.710 requires only that the judgment debtor reside
in the property as his or her principal dwelling at the time the judgment
creditor's lien attaches and continuously thereafter until the court
determines the dwelling is a homestead. (§ 704.710, subd. (c).) There is
no requirement in section 704.710 that the judgment debtor continuously

own the property, and we do not read section 703.020 to impose
such a requirement. 184 Cal.App.4th at 937.

Further, the Court in *Tarlesson* recognized that "debtors who continuously

reside in their dwellings retain a sufficient equitable interest in the property to claim

a homestead exemption even when they have conveyed title to another." *Id.*

(citations omitted).  Accordingly, the Court finds and concludes that Debtor

satisfied her burden of establishing entitlement to an automatic homestead

exemption under California law and that the Court erred in not recognizing such

entitlement in its Homestead Order.

<u>Debtor's Homestead Exemption in the Amount of $600,000 Allowed by Cal.</u>

<u>Civ. Proc. Code § 704.730(a) is Not Limited by § 522(p)(1)</u>

In its Response to the Motion, Houser Bros requests that if the Court grants

the Motion to allow Debtor a homestead exemption, such exemption should be

limited to $170,350 pursuant to 11 U.S.C. § 522(p)(1) because, according to

Debtor, she acquired an ownership interest in the Property on February 21, 2022

(less than 180 days before the bankruptcy filing).  Section 522(p)(1) limits a

debtor's ability to take advantage of homestead exemptions under state law.

Specifically, § 522(p)(1) provides that a debtor "may not exempt any amount of

interest *that was acquired by the debtor* during the 1215-day period preceding the

date of the filing of the petition that exceeds . . . $170,350 in value in real or

personal property that the debtor . . . uses as a residence." (emphasis added)  A

majority of courts have held that § 522(p)(1) applies to "opt-out" states such as

California.  See, *In re Virissimo*, 332 B.R. 201, 207 (Bankr. D.Nev.2005); *Kane v.*

*Zions Bancorporation, N.A.*, 2022 WL 4591787 (September 29, 2022). This Court

1    agrees with the majority view regarding the application of § 522(p)(1) to exemptions

2    allowed under California law.

3        The Ninth Circuit has held that "it appears that Congress intended 'acquire' to

4    mean 'gaining possession or control' by purchasing or gaining an ownership interest,

5    either legal or equitable." *In re Greene*, 583 F.3d 614, 623 (9th Cir.2009).  California law

6    provides for an automatic homestead exemption, which protects a debtor "who resides . .

7    . in the homestead property at the time of a forced judicial sale of the dwelling." *Gilman*,

8    887 F.3d at 964.  The filing of a bankruptcy petition has been held to constitute a forced

9    sale that triggers the application of the automatic homestead exemption.  *In re Elliott,* 523

10   B.R. 188, 195 (9th Cir. BAP 2014).  As previously noted, in California, title to the property

11   is not necessary to claim an automatic homestead exemption. *Gilman* at 965 ("To

12   determine whether a debtor resides in a property for homestead purposes, courts

13   consider the debtor's physical occupancy of the property and the intent to reside there.")

14        Here, Debtor has sufficiently demonstrated both continuous occupancy of the

15   Property as well as her intent to reside there. Consequently, she qualifies for the

16   homestead exemption provided under Cal. Civ. Proc. Code § 704.720(a) without regard

17   to, and irrespective of, her subsequent acquisition of legal title. Accordingly, the amount

18   of her exemption permitted under Cal. Civ Proc. Code § 704.730(a) is not affected by the

19   restriction imposed by § 522(p)(1).

20                                Conclusion

21        Based upon the foregoing, the Court finds and concludes that 1) Debtor's

22   continuous possession and occupation of the Property as her principal residence

23   (irrespective of ownership) constitutes an equitable interest that is sufficient to establish

24   her entitlement to the automatic homestead exemption provided by Cal. Civ. Proc. Code

§§ 704.720(a) and 704.730(a), 2) the Motion should be granted under FRCP 59(e) on the

basis of manifest error of law and under FRCP 60(b)(6); 3) the Court's Homestead Order

entered on August 5, 2022 should be vacated and the underlying Homestead Motion

related thereto should be deemed denied; and 4) Debtor is entitled to a homestead

exemption in the amount of $600,000.


###


Date: December 19, 2022

Erithe Smith
United States Bankruptcy Judge

13

FOR COURT USE ONLY

FILED & ENTERED

JUL 15 2024

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY jle          DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### Santa Ana DIVISION

In re:

Jamie Lynn Gallian

Debtor(s).

CASE NO.: 8:21-bk-11710-SC

CHAPTER: 7

**ORDER:**

☐ **GRANTING APPLICATION AND SETTING HEARING ON SHORTENED NOTICE**

☒ **DENYING APPLICATION FOR ORDER SETTING HEARING ON SHORTENED NOTICE AND SETTING MOTION [DK. 398] FOR HEARING ON AUGUST 13, 2024, AT 1:30 P.M.**

**[LBR 9075-1(b)]**

1. Movant filed the following motion together with supporting declarations and (if any) supporting documents:

   a. *Title of motion*: <u>Motion to Compel and Issue Order to the Chapter 7 Trustee and His Attorneys to Withdraw and Cancel the May 13, 2024 HCD Application</u>

   b. *Date of filing of motion*: <u>7/11/24 Dk. 398</u>

2. Pursuant to LBR 9075-1(b), movant also filed an Application for Order Setting Hearing on Shortened Notice ("Application") together with supporting declaration(s):

---

This form is optional.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

February 2013                    Page 1                    **F 9075-1.2.ORDER**

a.   *Date of filing of Application:* 7/10/24   Dk. 397

3.   Based upon the court's review of the application, **IT IS ORDERED THAT**:

a. ☒ **The Application is denied**.  The motion may be brought on regular notice pursuant to LBRs. **The matter shall be heard on August 13, 2024, at 1:30 p.m.**

b. ☐ **The Application is granted, and IT IS FURTHER ORDERED THAT**:

(1) ☐ A hearing on the motion will take place as follows:

| | |
|---|---|
| **Hearing Date:** | **Place:** |
| **Time:** | ☐  **255 East Temple Street, Los Angeles, CA 90012** |
| **Courtroom:** | ☐  **21041 Burbank Boulevard, Woodland Hills, CA 91367** |
| | ☐  **3420 Twelfth Street, Riverside, CA 92501** |
| | ☐  **411 West Fourth Street, Santa Ana, CA 92701** |
| | ☐  **1415 State Street, Santa Barbara, CA 93101** |

(2) ☐ No later than the deadlines given, **telephonic notice** of the hearing must be provided to all persons/entities listed:

| | |
|---|---|
| a. *Deadlines:*<br>Date*:* | b. *Persons/entities to be provided with telephonic notice:* |
| Time: | |
| | ☐ See attached page |
| | c. *Telephonic notice is also required upon* the United States trustee |

(3) ☐ No later than the deadlines given, **written notice of the hearing** and a **copy of this order** must be served upon all persons/entities listed using: ☐ one of the methods checked ☐ all of the methods checked

a.   ☐ Personal Delivery      ☐ Overnight Mail      ☐ First Class Mail      ☐ Facsimile*      ☐ Email*

---

This form is optional.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*February 2013*                    Page 2                    **F 9075-1.2.ORDER**

| b. *Deadlines:* | c. *Persons/entities to be served with written notice and a copy of this order:* |
|---|---|
| Date:<br><br>Time:<br><br><br><br><br><br><br> | ☐ See attached page<br><br>d. *Service is also required upon:*<br>-- United States trustee *(electronic service is not permitted)*<br>-- Judge's Copy personally delivered to chambers *(see Court Manual for address)* |

(4) ☐ No later than the deadlines given, a copy of the motion, declarations, and supporting documents (if any), must be served on all persons/entities listed using: ☐ one of the methods checked ☐ all of the methods checked

    a.    ☐ Personal Delivery    ☐ Overnight Mail    ☐ First Class Mail    ☐ Facsimile*    ☐ Email*

| b. *Deadlines:* | c. *Persons/entities to be served with motion, declarations, supporting documents:* |
|---|---|
| Date:<br><br>Time:<br><br><br><br><br><br> | ☐ See attached page<br><br>d. *Service is also required upon:*<br>-- United States trustee *(no electronic service permitted)*<br>-- Judge's Copy personally delivered to chambers *(see Court Manual for address)* |

(5) ☐ Regarding **opposition to the motion**

     ☐ opposition to the motion may be made **orally** at the hearing

     ☐ no later than the deadlines given, **written opposition to the motion** must be filed with the court and served upon all persons/entities listed using: ☐ one of the methods checked ☐ all of the methods checked

    a.    ☐ Personal Delivery    ☐ Overnight Mail    ☐ First Class Mail    ☐ Facsimile*    ☐ Email*

| b. *Deadlines:* | c. *Persons/entities to be served with written opposition to the motion:* |
|---|---|
| Date:<br><br>Time:<br><br><br><br> | -- movant's attorney (or movant, if movant is not represented by an attorney)<br><br>d. *Service is also required upon:*<br>-- United States trustee *(electronic service is not permitted)*<br>-- Judge's Copy personally delivered to chambers *(see Court Manual for address)* |

(6) ☐ Regarding a **reply to an opposition:**

     ☐ a reply to opposition may be made **orally** at the hearing.

---

This form is optional.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

☐ no later than the deadlines given, a **written reply to an opposition** must be filed with the court and served on all persons/entities listed using: ☐ one of the methods checked  ☐ all of the methods checked

a. ☐ Personal Delivery   ☐ Overnight Mail   ☐ First Class Mail   ☐ Facsimile*   ☐ Email*

| | |
|---|---|
| b. _Deadlines:_ | c. _Persons/entities to be served with written reply to opposition:_ |
| Date_:_ | -- All persons/entities who filed a written opposition |
| Time: | |
| | d. _Service is also required upon_: |
| | -- United States trustee _(electronic service is not permitted)_ |
| | -- Judge's Copy personally delivered to chambers _(see Court Manual for address)_ |

(7) ☐  Other requirements:

(8) ☐  No later than the deadlines given, movant must file a **Declaration of Notice and Service** establishing that telephonic notice, written notice, and service of the motion and this order was completed as set forth above, and a **Judge's Copy** of the Declaration of Notice and Service must be personally delivered to the Judge's chambers:

| |
|---|
| ☐ at least 2 days before the Hearing. |
| ☐ no later than:   Date:                         Time: |

\* Service by electronic means (facsimile or email) requires compliance with FRCP 5(b)(2)(E).

<p style="text-align:center">###</p>

Date: July 15, 2024

_Scott C. Clarkson_
Scott C. Clarkson
United States Bankruptcy Judge

---

This form is optional.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

_February 2013_                                    Page 4                                    **F 9075-1.2.ORDER**

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| D. EDWARD HAYS, #162507<br>ehays@marshackhays.com<br>LAILA MASUD, #311731<br>lmasud@marshackhays.com<br>BRADFORD N. BARNHARDT, #328705<br>bbarnhardt@marshackhays.com<br>MARSHACK HAYS WOOD LLP<br>870 Roosevelt<br>Irvine, CA 92620<br>Telephone: (949) 333-7777<br>Facsimile: (949) 333-7778<br><br>☒ *Attorney for Movant*<br>☐ *Movant appearing without an attorney* | **FILED & ENTERED**<br><br>**OCT 06 2023**<br><br>CLERK U.S. BANKRUPTCY COURT<br>Central District of California<br>BY bolte        DEPUTY CLERK<br><br>**CHANGES MADE BY COURT** |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA – *SANTA ANA* DIVISION**

| In re:<br><br>JAMIE LYNN GALLIAN,<br><br><br><br><br><br><br><br><br><br><br>                                                        Debtor(s). | CASE NO.:  8:21-bk-11710-SC<br><br>CHAPTER:  7 |
|---|---|
| | **ORDER GRANTING MOTION FOR RELIEF FROM STAY UNDER 11 U.S.C. § 362 (UNLAWFUL DETAINER)** |
| | DATE:  September 27, 2023<br>TIME:  10:00 a.m.<br>COURTROOM:  5C<br>PLACE: 411 West Fourth Street<br>            Santa Ana, CA 92701-4593 |

**Movant:**  HOUSER BROS. CO. dba RANCHO DEL REY MOBILE HOME ESTATES

1. The Motion was:        ☐ Opposed    ☒ Unopposed*    ☐ Settled by stipulation
                            *Debtor appeared at the hearing.

2. This order applies to the following real property (Property):

   Type of property: ☒ Residential    ☐ Nonresidential

   *Street Address:* 16222 Monterey Lane
   *Unit/Suite number:* Space 376
   *City, State, Zip Code:* Huntington Beach, CA 92649

3. The Motion is granted under:

   a.  ☐  11 U.S.C. § 362(d)(1)

   b.  ☐  11 U.S.C. § 362(d)(2)

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2014*                    Page 1                    **F 4001-1.RFS.UD.ORDER**

c. ☐ 11 U.S.C. § 362(d)(4).  The filing of the bankruptcy petition was part of a scheme to hinder, delay, or defraud creditors that involved:

(1) ☐ The transfer of all or part ownership of, or other interest in, the Property without the consent of the secured creditor or court approval; and/or

(2) ☐ Multiple bankruptcy cases affecting the Property.

(3) ☐ The court ☐ makes ☐ does not make ☐ cannot make  a finding that the Debtor was involved in this scheme.

(4) If recorded in compliance with applicable state laws governing notices of interests or liens in real property, this order is binding in any other case under this title commenced by or against any debtor who claims any interest in the Property purporting to affect such real property filed not later than 2 years after the date of the entry of this order by the court, except that a debtor in a subsequent case under this title may move for relief from this order based upon changed circumstances or for good cause shown, after notice and a hearing.  Any federal, state or local government unit that accepts notices of interests or liens in real property shall accept any certified copy of this order for indexing and recording.

4. ☐ As to Movant, its successors, transferees and assigns, the stay of 11 U.S.C. § 362(a) is:

a. ☐ Terminated as to the Debtor and the Debtor's bankruptcy estate.

b. ☐ Modified or conditioned as set forth in Exhibit _____ to this order.

c. ☐ Annulled retroactive to the bankruptcy petition date.  Any postpetition acts taken by or at the request of the Movant to enforce its remedies regarding the Property, including without limitation entry of any order, judgment or writ, do not constitute a violation of the stay.

5. ☐ Movant may enforce its remedies to obtain possession of the Property, including lockout, in accordance with applicable nonbankruptcy law, but may not pursue any monetary claim against the Debtor or property of the estate for amounts attributable to the period before the bankruptcy was filed except by filing a proof of claim pursuant to 11 U.S.C. § 501.

6. ☐ Movant shall not cause the Debtor to be locked out before (*date*) _____.

7. ☐ The co-debtor stay of 11 U.S.C. § 1201(a) or § 1301(a) is terminated, modified or annulled as to the co-debtor, on the same terms and conditions as to the Debtor.

8. ☒ The 14-day stay prescribed by FRBP 4001(a)(3) is waived.

9. This order is binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of the Bankruptcy Code.

10. ☐ This order is binding in any other bankruptcy case commenced by or against any debtor who claims any interest in the Property, or purporting to affect the Property filed not later than 2 years after the date of entry of this order, except that a debtor in a subsequent case may move for relief from this order based upon changed circumstances or for good cause shown, after notice and hearing.

11. ☐ This order is binding and effective in any bankruptcy commenced by or against the Debtor for a period of 180 days from the hearing of this Motion.

12. ☐ This order is binding and effective in *any* bankruptcy commenced by or against *any* debtor who claims any interest in the Property for a period of 180 days from the hearing of this Motion.

a. ☐ without further notice.

b. ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2014*                                Page 2                                **F 4001-1.RFS.UD.ORDER**

13. ☐ A designated law enforcement officer may evict the Debtor and any other occupant from the Property regardless of any future bankruptcy case concerning the Property for a period of 180 days from the hearing of this Motion.

   a. ☐ without further notice.

   b. ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

14. ☒ Other (*specify*): (1) It is confirmed pursuant to 11 U.S.C. § 362(c)(2)(C) there is no automatic stay in effect, and the language of the "Order Granting Motion for Relief from the Automatic Stay Under 11 U.S.C. § 362," Docket No. 334, does not bar Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates ("Houser Bros.") from seeking to obtain and enforce a judgment for its prepetition claims; (2) Houser Bros. is authorized to proceed to judgment in *Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates v. Jamie Gallian, et al.*, Orange County Superior Court Case No. 30-2023-01316057-CL-UD-CJC regarding any monetary claim against Debtor for amounts attributable to the period before the Bankruptcy Case was filed; and (3) Houser Bros. may not enforce any judgment against property of Debtor's bankruptcy estate.

<div align="center">###</div>

Date: October 6, 2023

_Scott C Clarkson_
Scott C. Clarkson
United States Bankruptcy Judge

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2014*                              Page 3                              **F 4001-1.RFS.UD.ORDER**

DEFER

# U.S. Bankruptcy Court
## Central District of California (Santa Ana)
### Adversary Proceeding #: 8:23-ap-01064-SC

*Assigned to:* Scott C Clarkson                                    *Date Filed:* 06/30/23
*Lead BK Case:* 21-11710
*Lead BK Title:* Jamie Lynn Gallian
*Lead BK Chapter:* 7
*Demand:* $225000

*Nature[s] of Suit:* 13 Recovery of money/property - 548 fraudulent transfer
                     21 Validity, priority or extent of lien or other interest in property
                     91 Declaratory judgment
                     02 Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy)

**Debtor**
-----------------------
**Jamie Lynn Gallian**                      represented by **Jamie Lynn Gallian**
16222 Monterey Ln SP #376                                   PRO SE
Huntington Beach, CA 92649
714-321-3449
SSN / ITIN: xxx-xx-3936

**Plaintiff**
-----------------------
**Jeffrey I. Golden,** *Chapter 7 Trustee*        represented by **Aaron E. DE Leest**
                                                  Danning, Gill, Israel & Krasnoff, LLP
                                                  1901 Avenue of the Stars Ste 450
                                                  Los Angeles, CA 90067-6006
                                                  (310) 277-0077
                                                  Fax : (310) 277-5735
                                                  Email: adeleest@DanningGill.com
                                                  *LEAD ATTORNEY*

                                                  **Shantal Malmed**
                                                  Danning Gill Israel and Krasnoff, LLP
                                                  1901 Avenue of the Stars, Ste. 450
                                                  Los Angeles, CA 90067
                                                  310-277-0077
                                                  Fax : 310-277-5735
                                                  Email: shantal.malmed@gmlaw.com

V.

**Defendant**
-----------------------
**J-Sandcastle Co LLC**                    represented by **J-Sandcastle Co LLC**
                                                            PRO SE

**Defendant**
-----------------------
**J-Pad LLC**                              represented by **J-Pad LLC**
                                                            PRO SE

**Defendant**
-----------------------
**Steven D Gallian**                       represented by **Steven D Gallian**
                                                            PRO SE

**Defendant**
-----------------------
**Justin Barclay**                         represented by **Justin Barclay**
                                                            PRO SE

**Defendant**
-----------------------
**Ronald J. Pierpont**                     represented by **Ronald J. Pierpont**
                                                            PRO SE

**Defendant**
-----------------------
**E. J. Gallian**                          represented by **E. J. Gallian**
                                                            PRO SE

*Defendant*
-----------------------
**Brian J. Gallian**                                    represented by **Brian J. Gallian**
                                                                        PRO SE


*Defendant*
-----------------------
**Robert J. McLelland**                                 represented by **Robert J. McLelland**
16222 Monterey Ln Unit 376                                              PRO SE
Huntington Beach, CA 92649
(310) 729-1340


*Trustee*
-----------------------
**Jeffrey I Golden (TR)**                               represented by **Aaron E. DE Leest**
Golden Goodrich LLP                                                     Danning, Gill, Israel & Krasnoff, LLP
3070 Bristol Street, Suite 640                                          1901 Avenue of the Stars
Costa Mesa, CA 92626                                                    Suite 450
(714) 966-1000                                                          Los Angeles, CA 90067-6006
                                                                        310-277-0077
                                                                        Fax : 310-277-5735
                                                                        Email: adeleest@DanningGill.com

                                                                        **Eric P Israel**
                                                                        Danning Gill Israel & Krasnoff, LLP
                                                                        1901 Avenue of the Stars, Suite 450
                                                                        Los Angeles, CA 90067-6006
                                                                        310-277-0077
                                                                        Fax : 310-277-5735
                                                                        Email: eisrael@danninggill.com

                                                                        **Shantal Malmed**
                                                                        (See above for address)


*U.S. Trustee*
-----------------------
**United States Trustee (SA)**
411 W Fourth St., Suite 7160
Santa Ana, CA 92701-4593
(714) 338-3400

| Filing Date | # | Docket Text |
|---|---|---|
| 06/30/2023 | [1](#)<br>(17 pgs) | Adversary case 8:23-ap-01064. Complaint by Jeffrey I. Golden, Chapter 7 Trustee against J-SANDCASTLE CO., LLC, J-PAD LLC, STEVEN D. GALLIAN, BRIAN J. GALLIAN, JUSTIN BARCLAY, RONALD J. PIERPONT, ROBERT J. MCLELLAND, E. J. GALLIAN. ($350.00 Fee Charge To Estate). *Chapter 7 Trustee's Complaint: (1) To Avoid and Recover Fraudulent Transfers; (2) To Avoid and Recover PostPetition Transfers; (3) For Declaratory Relief; (4) For Breach of Contract; (5) For Money had and Received; and (6) Unjust Enrichment* Nature of Suit: (13 (Recovery of money/property - 548 fraudulent transfer)),(21 (Validity, priority or extent of lien or other interest in property)),(91 (Declaratory judgment)),(02 (Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy))) (DE Leest, Aaron) - See docket entry no.: 2 for corrections - Modified on 7/3/2023 (NB8). (Entered: 06/30/2023) |
| 07/03/2023 | 2 | Notice to Filer of Correction Made/No Action Required: **Incorrect plaintiff/defendant/attorney/party information was entered at the time of filing. Only use upper and lower case letters when entering names or documents in CM THE COURT HAS CORRECTED THIS INFORMATION. THIS ENTRY IS PROVIDED FOR FUTURE REFERENCE.** (RE: related document(s)[1](#) Complaint) (NB8) (Entered: 07/03/2023) |
| 07/03/2023 | [3](#)<br>(8 pgs; 2 docs) | Summons Issued on Justin Barclay Date Issued 7/3/2023, Answer Due 8/2/2023; Brian J. Gallian Date Issued 7/3/2023, Answer Due 8/2/2023; E. J. Gallian Date Issued 7/3/2023, Answer Due 8/2/2023; Steven D Gallian Date Issued 7/3/2023, Answer Due 8/2/2023; J-Pad LLC Date Issued 7/3/2023, Answer Due 8/2/2023; J-Sandcastle Co LLC Date Issued 7/3/2023, Answer Due 8/2/2023; Ronald J. McClelland Date Issued 7/3/2023, Answer Due 8/2/2023; Ronald J. Pierpont Date Issued 7/3/2023, Answer Due 8/2/2023 (RE: related document(s)[1](#) Complaint) Status Conference hearing to be held on 9/26/2023 at 01:30 PM at Crtrm 5C, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Scott C Clarkson (NB8) (Entered: 07/03/2023) |
| 07/05/2023 | [4](#)<br>(1 pg) | Request for courtesy Notice of Electronic Filing (NEF) Filed by Goe, Robert. (Goe, Robert) (Entered: 07/05/2023) |
| 07/06/2023 | [5](#)<br>(5 pgs) | Summons Service Executed on Justin Barclay 7/6/2023; Brian J. Gallian 7/6/2023; E. J. Gallian 7/6/2023; Steven D Gallian 7/6/2023; J-Pad LLC 7/6/2023; J-Sandcastle Co LLC 7/6/2023; Ronald J. McClelland 7/6/2023; Ronald J. Pierpont 7/6/2023 (DE Leest, Aaron) (Entered: 07/06/2023) |
| 07/06/2023 | [6](#)<br>(6 pgs) | Notice -*Notice of Required Compliance with FRBP 7026 and LBR 7026-1; proof of service* Filed by Plaintiff Jeffrey I. Golden. (DE Leest, Aaron) (Entered: 07/06/2023) |
| 07/18/2023 | [7](#)<br>(8 pgs; 2 docs) | Another Summons Issued on Robert J. McLelland Date Issued 7/18/2023, Answer Due 8/17/2023 (RE: related document(s)[1](#) Complaint) Status Conference hearing to be held on 9/26/2023 at 01:30 PM at Crtrm 5C, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Scott C Clarkson (NB8) (Entered: 07/18/2023) |
| 07/18/2023 | [8](#)<br>(5 pgs) | Summons Service Executed on Robert J. McLelland 7/18/2023 (DE Leest, Aaron) (Entered: 07/18/2023) |

| | | |
|---|---|---|
| 07/18/2023 | **9**<br>(5 pgs) | Stipulation By Jeffrey I. Golden and *defendants Steven D. Gallian, Brian J. Gallian, Justin Barclay, and E.J. Gallian, to Continue Deadline to Respond to the Complaint; proof of service* Filed by Plaintiff Jeffrey I. Golden (DE Leest, Aaron) (Entered: 07/18/2023) |
| 07/18/2023 | **10**<br>(6 pgs) | Notice of lodgment *of Order in Adversary Proceeding; proof of service* Filed by Plaintiff Jeffrey I. Golden (RE: related document(s)9 Stipulation By Jeffrey I. Golden and *defendants Steven D. Gallian, Brian J. Gallian, Justin Barclay, and E.J. Gallian, to Continue Deadline to Respond to the Complaint; proof of service* Filed by Plaintiff Jeffrey I. Golden (DE Leest, Aaron) filed by Plaintiff Jeffrey I. Golden). (DE Leest, Aaron) (Entered: 07/18/2023) |
| 07/25/2023 | **11**<br>(2 pgs) | ORDER Approving Stipulation To Continue Deadline For Defendants Steven D. Gallian, Brian J. Gallian; Justin Barclay, And E.J. Gallian To Respond To The Complaint. The Time Within Which Defendants Steven D. Gallian, Brian J. Gallian; Justin Barclay, And E.J. Gallian Must Answer The Trustee's Complaint In This Adversary Proceeding Is EXTENDED And CONTINUED TO SEPTEMBER 5, 2023. (BNC-PDF) (Related Doc # 9 ) Signed on 7/25/2023 (NB8) (Entered: 07/25/2023) |
| 07/27/2023 | **12**<br>(4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)11 Order on Motion to Extend Time (Generic) (BNC-PDF)) No. of Notices: 1. Notice Date 07/27/2023. (Admin.) (Entered: 07/27/2023) |
| 08/02/2023 | **13**<br>(9 pgs) | Answer To Complaint For: Chapter 7 Trustee's Complaint: (1) To Avoid And Recover Fraudulent Transfers; (2) To Avoid And Recover Postpetition Transfers; (3) For Declaratory Relief; (4) For Breach Of Contract; (5) For Money Had And Received; And (6) Unjust Enrichment Filed by Jamie Lynn Gallian . [EDB] (NB8) (Entered: 08/02/2023) |
| 08/07/2023 | **14**<br>(1 pg) | Request for courtesy Notice of Electronic Filing (NEF) Filed by Barnhardt, Bradford. (Barnhardt, Bradford) (Entered: 08/07/2023) |
| 08/07/2023 | **15**<br>(1 pg) | Request for courtesy Notice of Electronic Filing (NEF) Filed by Hays, D. (Hays, D) (Entered: 08/07/2023) |
| 08/18/2023 | **16**<br>(7 pgs) | Answer To Complaint For: Chapter 7 Trustee's Complaint: (1) To Avoid And Recover Fraudulent Transfers; (2) To Avoid And Recover Post-Petition Transfers; (3) For Declaratory Relief; (4) For Breach Of Contract; (5) For Money Had And Received; And (6) Unjust Enrichment Filed by Robert J. McLelland . [EDB](NB8) (Entered: 08/21/2023) |
| 08/21/2023 | **17**<br>(36 pgs) | Motion to strike *Plaintiff's Notice of Motion and Motion to Strike Debtor's Answer; Memorandum of Points and Authorities; and Request for Judicial Notice in Support Thereof, With Proof of Service* Filed by Trustee Jeffrey I Golden (TR), Plaintiff Jeffrey I. Golden (DE Leest, Aaron) (Entered: 08/21/2023) |
| 08/21/2023 | **18**<br>(8 pgs) | Request for Entry of Default Under Local Bankruptcy Rule 7055-1, as to Ronald J. Pierpont Filed by Trustee Jeffrey I Golden (TR), Plaintiff Jeffrey I. Golden. (DE Leest, Aaron) (Entered: 08/21/2023) |
| 08/21/2023 | **19**<br>(8 pgs) | Request for Entry of Default Under Local Bankruptcy Rule 7055-1, as to J-Pad LLC Filed by Trustee Jeffrey I Golden (TR), Plaintiff Jeffrey I. Golden. (DE Leest, Aaron) (Entered: 08/21/2023) |

| | | |
|---|---|---|
| 08/21/2023 | [20](#)<br>(8 pgs) | Request for Entry of Default Under Local Bankruptcy Rule 7055-1, as to J-Sandcastle, LLC Filed by Trustee Jeffrey I Golden (TR), Plaintiff Jeffrey I. Golden. (DE Leest, Aaron) (Entered: 08/21/2023) |
| 08/21/2023 | 21 | Hearing Set (RE: related document(s)[17](#) Plaintiff's Motion To Strike Debtor's Answer filed by Trustee Jeffrey I Golden (TR), Plaintiff Jeffrey I. Golden) The Hearing date is set for 9/12/2023 at 01:30 PM at Crtrm 5C, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Scott C Clarkson (NB8) (Entered: 08/21/2023) |
| 08/21/2023 | [22](#)<br>(2 pgs) | Notice That a Default Has Not Been Entered by the Clerk Against Defendant(s) Ronald J. Pierpont (RE: related document(s)[18](#) Request for Entry of Default (Local BK Rule 7055-1) filed by Trustee Jeffrey I Golden (TR), Plaintiff Jeffrey I. Golden) (NB8) (Entered: 08/21/2023) |
| 08/21/2023 | [23](#)<br>(2 pgs) | Notice That a Default Has Not Been Entered by the Clerk Against Defendant(s) J-PAD, LLC (RE: related document(s)[19](#) Request for Entry of Default (Local BK Rule 7055-1) filed by Trustee Jeffrey I Golden (TR), Plaintiff Jeffrey I. Golden) (NB8) (Entered: 08/21/2023) |
| 08/21/2023 | [24](#)<br>(2 pgs) | Notice That a Default Has Not Been Entered by the Clerk Against Defendant(s) J-Sandcastle Co., LLC (RE: related document(s)[20](#) Request for Entry of Default (Local BK Rule 7055-1) filed by Trustee Jeffrey I Golden (TR), Plaintiff Jeffrey I. Golden) (NB8) (Entered: 08/21/2023) |
| 08/21/2023 | [25](#)<br>(10 pgs) | Request for Entry of Default Under Local Bankruptcy Rule 7055-1, as to Ronald J. Pierpont Filed by Trustee Jeffrey I Golden (TR), Plaintiff Jeffrey I. Golden. (DE Leest, Aaron) (Entered: 08/21/2023) |
| 08/21/2023 | [26](#)<br>(10 pgs) | Request for Entry of Default Under Local Bankruptcy Rule 7055-1, as to J-Sandcastle Co., LLC Filed by Trustee Jeffrey I Golden (TR), Plaintiff Jeffrey I. Golden. (DE Leest, Aaron) (Entered: 08/21/2023) |
| 08/21/2023 | [27](#)<br>(10 pgs) | Request for Entry of Default Under Local Bankruptcy Rule 7055-1, as to J-Pad LLC Filed by Trustee Jeffrey I Golden (TR), Plaintiff Jeffrey I. Golden. (DE Leest, Aaron) (Entered: 08/21/2023) |
| 08/22/2023 | [28](#)<br>(1 pg) | Request for courtesy Notice of Electronic Filing (NEF) Filed by Masud, Laila. (Masud, Laila) (Entered: 08/22/2023) |
| 08/22/2023 | [29](#)<br>(2 pgs) | Notice That Clerk Has Entered Default Against Defendant(s) Ronald J. Pierpont (RE: related document(s)[25](#) Request for Entry of Default (Local BK Rule 7055-1) filed by Trustee Jeffrey I Golden (TR), Plaintiff Jeffrey I. Golden) (NB8) (Entered: 08/22/2023) |
| 08/22/2023 | [30](#)<br>(2 pgs) | Notice That Clerk Has Entered Default Against Defendant(s) J-Sandcastle Co., LLC (RE: related document(s)[26](#) Request for Entry of Default (Local BK Rule 7055-1) filed by Trustee Jeffrey I Golden (TR), Plaintiff Jeffrey I. Golden) (NB8) (Entered: 08/22/2023) |
| 08/22/2023 | [31](#)<br>(2 pgs) | Notice That Clerk Has Entered Default Against Defendant(s) J-Pad, LLC (RE: related document(s)[27](#) Request for Entry of Default (Local BK Rule 7055-1) filed by Trustee Jeffrey I Golden (TR), Plaintiff Jeffrey I. Golden) (NB8) (Entered: 08/22/2023) |

| | | |
|---|---|---|
| 08/23/2023 | [32](#)<br>(4 pgs) | BNC Certificate of Notice (RE: related document(s)[22](#) Notice that Clerk Has Not Entered Default (BNC)) No. of Notices: 1. Notice Date 08/23/2023. (Admin.) (Entered: 08/23/2023) |
| 08/23/2023 | [33](#)<br>(4 pgs) | BNC Certificate of Notice (RE: related document(s)[23](#) Notice that Clerk Has Not Entered Default (BNC)) No. of Notices: 1. Notice Date 08/23/2023. (Admin.) (Entered: 08/23/2023) |
| 08/23/2023 | [34](#)<br>(4 pgs) | BNC Certificate of Notice (RE: related document(s)[24](#) Notice that Clerk Has Not Entered Default (BNC)) No. of Notices: 1. Notice Date 08/23/2023. (Admin.) (Entered: 08/23/2023) |
| 08/24/2023 | [35](#)<br>(4 pgs) | BNC Certificate of Notice (RE: related document(s)[29](#) Notice that Clerk Has Entered Default (BNC)) No. of Notices: 1. Notice Date 08/24/2023. (Admin.) (Entered: 08/24/2023) |
| 08/24/2023 | [36](#)<br>(4 pgs) | BNC Certificate of Notice (RE: related document(s)[30](#) Notice that Clerk Has Entered Default (BNC)) No. of Notices: 1. Notice Date 08/24/2023. (Admin.) (Entered: 08/24/2023) |
| 08/24/2023 | [37](#)<br>(4 pgs) | BNC Certificate of Notice (RE: related document(s)[31](#) Notice that Clerk Has Entered Default (BNC)) No. of Notices: 1. Notice Date 08/24/2023. (Admin.) (Entered: 08/24/2023) |
| 09/08/2023 | [38](#)<br>(7 pgs) | Status report -*Joint Status Report; proof of service* Filed by Plaintiff Jeffrey I. Golden (RE: related document(s)[1](#) Complaint). (DE Leest, Aaron) (Entered: 09/08/2023) |
| 09/12/2023 | [39](#)<br>(6 pgs) | Notice of lodgment *With Proof of Service* Filed by Trustee Jeffrey I Golden (TR) (RE: related document(s)[17](#) Motion to strike *Plaintiff's Notice of Motion and Motion to Strike Debtor's Answer; Memorandum of Points and Authorities; and Request for Judicial Notice in Support Thereof, With Proof of Service* Filed by Trustee Jeffrey I Golden (TR), Plaintiff Jeffrey I. Golden (DE Leest, Aaron) filed by Trustee Jeffrey I Golden (TR), Plaintiff Jeffrey I. Golden). (Israel, Eric) (Entered: 09/12/2023) |
| 09/12/2023 | 40 | Hearing Held On Motion (RE: related document(s)[17](#) Plaintiff's Motion To Strike Debtor's Answer filed by Trustee Jeffrey I Golden (TR), Plaintiff Jeffrey I. Golden) - ORDER BY ATTORNEY - MOTION GRANTED (NB8) (Entered: 09/15/2023) |
| 09/20/2023 | [41](#)<br>(2 pgs) | Order Granting Trustee's Motion to Strike Debtor's Answer; Ordered That: 1. Motion is Granted as to the Trustee Only, and the reference to Hauser Brothers is disregarded. 2. The Debtor's answer [docket no. 13] is Stricken. (BNC-PDF) (Related Doc # [17](#) ) Signed on 9/20/2023 (AM) (Entered: 09/20/2023) |
| 09/22/2023 | [42](#)<br>(4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)[41](#) Order (Generic) (BNC-PDF)) No. of Notices: 2. Notice Date 09/22/2023. (Admin.) (Entered: 09/22/2023) |
| 09/26/2023 | [43](#)<br>(9 pgs) | Stipulation By Jeffrey I Golden (TR) and *Defendants Steven D. Gallian, Brian J. Gallian, Justin Barclay, and E.J. Gallian for Judgment to Avoid Liens; proof of service* Filed by Trustee Jeffrey I Golden (TR) (DE Leest, Aaron) (Entered: 09/26/2023) |

| | | |
|---|---|---|
| 09/26/2023 | 44<br>(7 pgs) | Notice of lodgment *in an Adversary Proceeding; proof of service* Filed by Trustee Jeffrey I Golden (TR) (RE: related document(s)43 Stipulation By Jeffrey I Golden (TR) and *Defendants Steven D. Gallian, Brian J. Gallian, Justin Barclay, and E.J. Gallian for Judgment to Avoid Liens; proof of service* Filed by Trustee Jeffrey I Golden (TR) (DE Leest, Aaron) filed by Trustee Jeffrey I Golden (TR)). (DE Leest, Aaron) (Entered: 09/26/2023) |
| 09/26/2023 | 45 | Hearing Continued On Status Conference (RE: related document(s)1 Chapter 7 Trustee's Complaint: (1) To Avoid And Recover Fraudulent Transfers; (2) To Avoid And Recover Postpetition Transfers; (3) For Declaratory Relief; (4) For Breach Of Contract; (5) For Money Had And Received; And (6) Unjust Enrichment) - ORDER BY ATTORNEY - PRE-TRIAL CONFERENCE HEARING SET FOR MAY 28, 2024 AT 1:30 P.M. IN COURTROOM 5C, LOCATED AT 411 WEST FOURTH STREET, SANTA ANA, CA 92701. DISCOVERY CUTOFF: FEBRUARY 29, 2024. LAST DAY TO FILE PRE-TRIAL MOTIONS: APRIL 5, 2024. The case judge is Scott C Clarkson (NB8) (Entered: 10/02/2023) |
| 10/03/2023 | 46<br>(2 pgs) | IT IS ORDERED: 1. The Discovery Cut-Off Date Shall Be February 29, 2024. This Date Includes The Date By Which All Discovery Motions, Shall Be Resolved. 2. The Last Date For Filing Pre-Trial Motions Is April 5, 2024. The Pre-Trial Conference Shall Be Held On MAY 28, 2024, AT 1:30 P.M. In Courtroom 5C, Located At 411 West Fourth Street, Santa Ana, CA 92701. (SEE ORDER FOR FURTHER RULING) (BNC-PDF) Signed on 10/3/2023. (NB8) (Entered: 10/03/2023) |
| 10/03/2023 | 47<br>(3 pgs) | STIPULATED JUDGMENT Against Defendants Steven D. Gallian, Brian J. Gallian, Justin Barclay, And E. J. Gallian To Avoid Liens. IT IS ORDERED: The Stipulation For Judgment Is APPROVED In Its Entirety. Judgment Is Entered In Favor Of The Trustee And Against The Stipulating Defendants That The Stipulating Defendants Are Not Parties To Any Security Agreement Or Agreements That Would Grant Them A Security Interest In Or Lien On The Manufactured Home Located At 16222 Monterey Lane, Space No. 376, Huntington Beach, CA 92649, Decal No. LBM1081, Serial Number: AC7V710394GA, AC7V710394GB (The "Property"). Judgment Is Entered In Favor Of The Trustee And Against The Stipulating Defendants That The Stipulating Defendants Have No Interest In The Property. Judgment Is Entered In Favor Of The Trustee And Against Steven D. Gallian And Brian J. Gallian That The "Statement To Encumber" (The "Statement To Encumber") That Was Executed And Submitted To The California Department Of Housing And Community Development (The "HCD") On Or About August 20, 2020, Adding Steven D. Gallian And Brian J. Gallian As Legal Owners (i.e., Lienholders) On The Certificate Of Title For The Property And Any Related Lien Is Avoided And Preserved For The Benefit Of The Debtor's Estate. Judgment Is Entered In Favor Of The Trustee And Against The Stipulating Defendants That The Following UCC Financing Statements (UCC-3) And Any Related Liens Are Avoided And Preserved For The Benefit Of The Debtor's Estate. The Trustee And The Stipulating Defendants Shall Bear Their Own Attorney's Fees And Costs. (SEE ORDER FOR FURTHER RULING) (BNC-PDF) (Related Doc # 43 ) Signed on 10/3/2023 (NB8) (Entered: 10/03/2023) |
| 10/05/2023 | 48<br>(4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)46 Order (Generic) (BNC-PDF)) No. of Notices: 2. Notice Date 10/05/2023. (Admin.) (Entered: 10/05/2023) |

| | | |
|---|---|---|
| 10/05/2023 | [49](#)<br>(5 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)[47](#) JUDGMENT (BNC-PDF)) No. of Notices: 2. Notice Date 10/05/2023. (Admin.) (Entered: 10/05/2023) |
| 10/09/2023 | [50](#)<br>(3 pgs) | Notice of Change of Address *Notice of Attorney Change of Law Firm*. (Barnhardt, Bradford) (Entered: 10/09/2023) |
| 10/09/2023 | [51](#)<br>(4 pgs) | Notice of Change of Address *Notice of Attorney Change of Law Firm*. (Masud, Laila) (Entered: 10/09/2023) |
| 01/25/2024 | [52](#)<br>(6 pgs) | Stipulation By Jeffrey I Golden (TR) and *Defendant Robert J. McLelland*. *Stipulation for Judgment Between the Trustee and Defendant Robert J. McLelland, With Proof of Service*. Filed by Trustee Jeffrey I Golden (TR) (Malmed, Shantal) (Entered: 01/25/2024) |
| 01/25/2024 | [53](#)<br>(1 pg) | Request for courtesy Notice of Electronic Filing (NEF) Filed by Malmed, Shantal. (Malmed, Shantal) (Entered: 01/25/2024) |
| 03/18/2024 | [54](#)<br>(6 pgs) | Notice of lodgment *With Proof of Service* Filed by Trustee Jeffrey I Golden (TR) (RE: related document(s)[52](#) Stipulation By Jeffrey I Golden (TR) and *Defendant Robert J. McLelland*. *Stipulation for Judgment Between the Trustee and Defendant Robert J. McLelland, With Proof of Service*. Filed by Trustee Jeffrey I Golden (TR) filed by Trustee Jeffrey I Golden (TR)). (Malmed, Shantal) (Entered: 03/18/2024) |
| 03/21/2024 | [55](#)<br>(7 pgs) | Notice of lodgment *Re Stipulated Judgment Against Defendant Robert J. McLelland to Avoid Liens, With Proof of Service* Filed by Trustee Jeffrey I Golden (TR) (RE: related document(s)[52](#) Stipulation By Jeffrey I Golden (TR) and *Defendant Robert J. McLelland*. *Stipulation for Judgment Between the Trustee and Defendant Robert J. McLelland, With Proof of Service*. Filed by Trustee Jeffrey I Golden (TR) filed by Trustee Jeffrey I Golden (TR)). (Malmed, Shantal) (Entered: 03/21/2024) |
| 03/21/2024 | [56](#)<br>(6 pgs) | Notice of lodgment *re Proposed Order Approving Stipulated Judgement Against Defendant Robert J. McLelland to Avoid Liens, With Proof of Service* Filed by Trustee Jeffrey I Golden (TR) (RE: related document(s)[52](#) Stipulation By Jeffrey I Golden (TR) and *Defendant Robert J. McLelland*. *Stipulation for Judgment Between the Trustee and Defendant Robert J. McLelland, With Proof of Service*. Filed by Trustee Jeffrey I Golden (TR) filed by Trustee Jeffrey I Golden (TR)). (Malmed, Shantal) (Entered: 03/21/2024) |
| 03/26/2024 | [57](#)<br>(1 pg) | Order Continuing Pre-Trial Conference. IT IS ORDERED: The Pre-Trial Conference Scheduled For May 28, 2024 Is Hereby CONTINUED To JUNE 18, 2024, AT 1:30 P.M. In Courtroom 5C, Located At 411 West Fourth Street, Santa Ana, CA 92701. (BNC-PDF) Signed on 3/26/2024. (NB8) (Entered: 03/26/2024) |
| 03/27/2024 | [58](#)<br>(218 pgs) | Motion for Default Judgment -*Plaintiff's Motion for Default Judgment under LBR 7055-1 (Ronald J. Pierpont); proof of service* Filed by Plaintiff Jeffrey I. Golden Default Judgment Motion due by 04/26/2024. (Malmed, Shantal) (Entered: 03/27/2024) |
| 03/27/2024 | [59](#)<br>(247 pgs) | Motion for Default Judgment -*Plaintiff's Motion for Default Judgment under LBR 7055-1 (J-Sandcastle Co., LLC); proof of service* Filed by Plaintiff Jeffrey I. Golden Default Judgment Motion due by 04/26/2024. (Malmed, Shantal) (Entered: 03/27/2024) |

| 03/27/2024 | [60](#)<br>(345 pgs) | Motion for Default Judgment -*Plaintiff's Motion for Default Judgment under LBR 7055-1 (J-Pad LLC); proof of service* Filed by Plaintiff Jeffrey I. Golden Default Judgment Motion due by 04/26/2024. (Malmed, Shantal) (Entered: 03/27/2024) |
| --- | --- | --- |
| 03/27/2024 | 61 | Hearing Set (RE: related document(s)[58](#) Plaintiff's Motion For Default Judgment Under LBR 7055-1 Against Ronald J. Pierpont filed by Plaintiff Jeffrey I. Golden) The Hearing date is set for 5/7/2024 at 01:30 PM at Crtrm 5C, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Scott C Clarkson (NB8) (Entered: 03/27/2024) |
| 03/27/2024 | 62 | Hearing Set (RE: related document(s)[59](#) Plaintiff's Motion For Default Judgment Under LBR 7055-1 Against J-Sandcastle Co., LLC filed by Plaintiff Jeffrey I. Golden) The Hearing date is set for 5/7/2024 at 01:30 PM at Crtrm 5C, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Scott C Clarkson (NB8) (Entered: 03/27/2024) |
| 03/27/2024 | 63 | Hearing Set (RE: related document(s)[60](#) Plaintiff's Motion For Default Judgment Under LBR 7055-1 Against J-Pad LLC filed by Plaintiff Jeffrey I. Golden) The Hearing date is set for 5/7/2024 at 01:30 PM at Crtrm 5C, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Scott C Clarkson (NB8) (Entered: 03/27/2024) |
| 03/28/2024 | [64](#)<br>(3 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)[57](#) Order (Generic) (BNC-PDF)) No. of Notices: 2. Notice Date 03/28/2024. (Admin.) (Entered: 03/28/2024) |
| 03/29/2024 | [65](#)<br>(2 pgs) | Order Approving Stipulated Judgment Against Defendant Robert J. McLelland To Avoid Liens. IT IS ORDERED: 1. The Stipulation For Judgment Is APPROVED In Its Entirety. (BNC-PDF) (Related Doc # [52](#) ) Signed on 3/29/2024 (NB8) (Entered: 03/29/2024) |
| 03/29/2024 | [66](#)<br>(3 pgs) | Stipulated Judgment Against Defendant Robert J. McLelland To Avoid Liens. IT IS ORDERED: 1. Judgment Is Entered In Favor Of The Trustee And Against The Stipulating Defendant That The Stipulating Defendant Is Not A Party To Any Security Agreement Or Agreements That Would Grant Him A Security Interest In Or Lien On The Manufactured Home Located At 16222 Monterey Lane, Space #376, Huntington Beach, CA 92649, Decal #LBM1081, Serial #AC7V710394GA, AC7V710394GB (The "Property"). 2. Judgment Is Entered In Favor Of The Trustee And Against The Stipulating Defendant That The Stipulating Defendant Has No Interest In The Property. 3. Judgment Is Entered In Favor Of The Trustee And Against Robert J. McLelland That The "Statement Of Facts" (The "Statement Of Facts") That Was Executed And Submitted To The California Department Of Housing And Community Development (The "HCD") On Or About August 2, 2021, Adding "J-Pad LLC Or Robert McLelland" As The Legal Owners (i.e., Lienholders) On The Certificate Of Title For Property And Any Related Lien Is Avoided And Preserved For The Benefit Of The Debtor's Estate. 4. Judgment Is Entered In Favor Of The Trustee And Against The Stipulating Defendant That The Following UCC Financing Statement Amendments (UCC-3) And Any Related Liens Are Avoided And Preserved For The Benefit Of The Debtor's Estate. 5. The Trustee And The Stipulating Defendant Shall Bear Their Own Attorney's Fees And Costs. 6. The Stipulating Defendant Shall Cooperate In A Timely Manner With The Trustee To Carry Out The Purpose And Effect Of The Stipulation For Judgment Including Executing Any Further Documents That May Be Required. 7. Pursuant Of Rule 54 Of The Federal Rules Of Civil Procedure There Is No Just Reason For Delay In Entry Of This Judgment Against The Stipulating Defendants. (SEE ORDER FOR FURTHER RULING) (BNC-PDF) (Related Doc # [52](#) ) Signed on 3/29/2024 (NB8) (Entered: |

| | | |
|---|---|---|
| | | 03/29/2024) |
| 03/31/2024 | **67**<br>(4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)65 JUDGMENT (BNC-PDF)) No. of Notices: 2. Notice Date 03/31/2024. (Admin.) (Entered: 03/31/2024) |
| 03/31/2024 | **68**<br>(5 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)66 JUDGMENT (BNC-PDF)) No. of Notices: 2. Notice Date 03/31/2024. (Admin.) (Entered: 03/31/2024) |
| 04/04/2024 | **69**<br>(8 pgs) | Errata *-Notice of Errata re Motion for Default Judgment under LBR 7055-1 (Ronald J. Pierpont); proof of service* Filed by Plaintiff Jeffrey I. Golden (RE: related document(s)58 Motion for Default Judgment *- Plaintiff's Motion for Default Judgment under LBR 7055-1 (Ronald J. Pierpont); proof of service*). (DE Leest, Aaron) (Entered: 04/04/2024) |
| 04/04/2024 | **70**<br>(7 pgs) | Errata *-Notice of Errata re Motion for Default Judgment unde LBR 7055-1 (J-Sandcastle Co., LLC); proof of service* Filed by Plaintiff Jeffrey I. Golden (RE: related document(s)59 Motion for Default Judgment *-Plaintiff's Motion for Default Judgment under LBR 7055-1 (J-Sandcastle Co., LLC); proof of service*). (DE Leest, Aaron) (Entered: 04/04/2024) |
| 04/04/2024 | **71**<br>(8 pgs) | Errata *-Notice of Errata re Motion for Default Judgment under LBR 7055-1 (J-Pad LLC); proof of service* Filed by Plaintiff Jeffrey I. Golden (RE: related document(s)60 Motion for Default Judgment *-Plaintiff's Motion for Default Judgment under LBR 7055-1 (J-Pad LLC); proof of service*). (DE Leest, Aaron) (Entered: 04/04/2024) |
| 04/04/2024 | **72**<br>(7 pgs) | Notice of lodgment *in an Adversary Proceeding; proof of service* Filed by Plaintiff Jeffrey I. Golden (RE: related document(s)58 Motion for Default Judgment *-Plaintiff's Motion for Default Judgment under LBR 7055-1 (Ronald J. Pierpont); proof of service* Filed by Plaintiff Jeffrey I. Golden Default Judgment Motion due by 04/26/2024. filed by Plaintiff Jeffrey I. Golden). (DE Leest, Aaron) (Entered: 04/04/2024) |
| 04/04/2024 | **73**<br>(6 pgs) | Notice of lodgment *of Judgment in an Adversary Proceeding; proof of service* Filed by Plaintiff Jeffrey I. Golden (RE: related document(s)59 Motion for Default Judgment *-Plaintiff's Motion for Default Judgment under LBR 7055-1 (J-Sandcastle Co., LLC); proof of service* Filed by Plaintiff Jeffrey I. Golden Default Judgment Motion due by 04/26/2024. filed by Plaintiff Jeffrey I. Golden). (DE Leest, Aaron) (Entered: 04/04/2024) |
| 04/04/2024 | **74**<br>(7 pgs) | Notice of lodgment *of Judgment in Adversary Proceeding; proof of service* Filed by Plaintiff Jeffrey I. Golden (RE: related document(s)60 Motion for Default Judgment *-Plaintiff's Motion for Default Judgment under LBR 7055-1 (J-Pad LLC); proof of service* Filed by Plaintiff Jeffrey I. Golden Default Judgment Motion due by 04/26/2024. filed by Plaintiff Jeffrey I. Golden). (DE Leest, Aaron) (Entered: 04/04/2024) |
| 04/05/2024 | **75**<br>(4 pgs) | Voluntary Dismissal of Motion *Notice of Withdrawal of Motion for Default Judgment Under LBR 7055-1 Against J-Pad LLC (Docket No. 60) and Notice of Errata (Docket No. 71), With Proof of Service* Filed by Trustee Jeffrey I Golden (TR) (RE: related document(s)60 Motion for Default Judgment *-Plaintiff's Motion for Default Judgment under LBR 7055-1 (J-Pad LLC); proof of service*). (DE Leest, Aaron) (Entered: 04/05/2024) |

| | | |
|---|---|---|
| 04/05/2024 | **76**<br>(316 pgs) | Motion for Default Judgment *Plaintiff's Motion for Default Judgment Under LBR 7055-1 (J-PAD LLC), With Proof of Service* Filed by Trustee Jeffrey I Golden (TR) Default Judgment Motion due by 05/6/2024. (Malmed, Shantal) (Entered: 04/05/2024) |
| 04/05/2024 | 77 | Hearing Set (RE: related document(s)76 Plaintiff's Motion For Default Judgment Under LBR 7055-1 Against J-PAD LLC filed by Trustee Jeffrey I Golden (TR)) The Hearing date is set for 5/7/2024 at 01:30 PM at Crtrm 5C, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Scott C Clarkson (NB8) (Entered: 04/08/2024) |
| 05/07/2024 | 90 | Hearing Held On Motion (RE: related document 58 Plaintiff's Motion For Default Judgment Under LBR 7055-1 Against Ronald J. Pierpont) - ORDER BY ATTORNEY - BY DEFAULT MOTION GRANTED (NB8) (Entered: 05/13/2024) |
| 05/07/2024 | 91 | Hearing Held On Motion (RE: related document 59 Plaintiff's Motion For Default Judgment Under LBR 7055-1 Against J-Sandcastle Co., LLC) - ORDER BY ATTORNEY - BY DEFAULT MOTION GRANTED (NB8) (Entered: 05/13/2024) |
| 05/07/2024 | 92 | Hearing Held On Motion (RE: related document 60 Plaintiff's Motion For Default Judgment Under LBR 7055-1 Against J-Pad LLC) HEARING ON MOTION OFF CALENDAR PER NOTICE OF WITHDRAWAL OF MOTION FOR DEFAULT JUDGMENT UNDER LBR7055-1 AGAINST J-PAD LLC (DOCKET nO. 60) AND NOTICE OF ERRATA (DOCKET NO. 7) FILED 4-5-2024 - (DOCKET NO. 75) (NB8) (Entered: 05/13/2024) |
| 05/07/2024 | 93 | Hearing Held On Motion (RE: related document 76 Plaintiff's Motion For Default Judgment Under LBR 7055-1 Against J-Pad LLC) - ORDER BY ATTORNEY - BY DEFAULT MOTION GRANTED (NB8) (Entered: 05/13/2024) |
| 05/10/2024 | **78**<br>(2 pgs) | Order Granting Motion For Default Judgment Against Defendant J-Pad LLC. IT IS ORDERED: 1. The Motion Is GRANTED In Its Entirety. 2. A Separate Judgment Against The Defendant Will Be Entered Contemporaneously Herewith. (BNC-PDF) (Related Doc # 76) Signed on 5/10/2024. (NB8) (Entered: 05/10/2024) |
| 05/10/2024 | **79**<br>(3 pgs) | DEFAULT JUDGMENT Against J-Pad LLC. IT IS ORDERED: Re: 1. Default Judgment Is Entered In Favor Of The Plaintiff And Against The Defendant On The Plaintiff's First And Fifth Claims For Relief In The Complaint. 2. The Transfer To The Defendant Of A Lien On And Security Interest In The Manufactured Home Located At 16222 Monterey Lane, Space #376, Huntington Beach, CA 92649, Decal # LBM1081, Serial # AC7V710394GA, AC7V710394GB (The Property) Reflected By The Secured Promissory Note And Security Agreement Between J-Sandcastle Co., LLC And The Defendant Dated November 16, 2018 And Lien On The Property In The Amount Of $225,000 In Favor Of The Defendant Are Avoided And Preserved For The Benefit Of The Debtor's Estate In The Name Of Jeffrey I. Golden, Chapter 7 Trustee For The Bankruptcy Estate Of Jamie Lynn Gallian. 3. The Transfers To The Defendant Relating To The Property, Including The following UCC Financing Statements (UCC-1) And UCC Financing Statement Amendments (UCC-3), And Any Liens On The Property In Favor Of The Defendant Are Avoided And Preserved For The Benefit Of The Debtor's Estate In The Name Of Jeffrey I. Golden, Chapter 7 Trustee For The Bankruptcy Estate Of Jamie Lynn Gallian. 4. The Debtor's Transfers To The Defendant Reflected By The Statement Of Facts Submitted To The California Department Of Housing And |

| | | |
|---|---|---|
| | | Community Development On Or About August 6, 2021, Stating That The Legal Owner Of The Property Was The Defendant And That The Defendant Perfected Its Lien On January 14, 2019, And The Statement To Encumber Executed On January 14, 2019, Reflecting That The Legal Owner Of The Property Was The Defendant And Any Liens On The Property In Favor Of The Defendant Are Avoided And Preserved For The Benefit Of The Debtor's Estate In The Name Of Jeffrey I. Golden, Chapter 7 Trustee For The Bankruptcy Estate Of Jamie Lynn Gallian. 5. Pursuant Of Rule 54 Of The Federal Rules Of Civil Procedure There Is No Just Reason For Delay In Entry Of This Judgment Against The Defendant. (SEE ORDER FOR FURTHER RULING) (BNC-PDF) Signed on 5/10/2024 (RE: related document(s)76 Motion for Default Judgment filed by Trustee Jeffrey I Golden (TR)). (NB8) (Entered: 05/10/2024) |
| 05/10/2024 | 80 (2 pgs) | Order Granting Motion For Default Judgment Against Defendant J-Sandcastle Co., LLC. IT IS ORDERED: 1. The Motion Is GRANTED In Its Entirety. 2. A Separate Judgment Against The Defendant Will Be Entered Contemporaneously Herewith. (BNC-PDF) (Related Doc # 59) Signed on 5/10/2024. (NB8) (Entered: 05/10/2024) |
| 05/10/2024 | 81 (2 pgs) | DEFAULT JUDGMENT Against J-Sandcastle Co., LLC. IT IS ORDERED: 1. Default Judgment Is Entered In Favor Of The Plaintiff And Against The Defendant On The Plaintiffs First Claim For Relief In The Complaint. 2. The Debtor's Transfers Of The Manufactured Home Located At And Commonly Known As 16222 Monterey Lane, Space #376, Huntington Beach, CA 92649, Decal # LBM1081, Serial # AC7V710394GA, AC7V710394GB (The Property) To The Defendant, Including Transferring Title To The Property On Or About November 15, 2018 And November 20, 2018, Are Hereby Avoided And Legal Title To The Property And The Beneficial Interest In The Property (Collectively The Subject Transfers) Is Recovered For The Benefit Of The Bankruptcy Estate In The Name Of Jeffrey I. Golden, Chapter 7 Trustee For The Bankruptcy Estate Of Jamie Lynn Gallian. 3. The Subject Transfers Are Preserved For The Benefit Of The Estate Pursuant To 11 U.S.C. § 551. 4. Pursuant Of Rule 54 Of The Federal Rules Of Civil Procedure There Is No Just Reason For Delay In Entry Of This Judgment Against The Defendant. (BNC-PDF) Signed on 5/10/2024 (RE: related document(s)59 Motion for Default Judgment filed by Plaintiff Jeffrey I. Golden). (NB8) (Entered: 05/10/2024) |
| 05/10/2024 | 82 (2 pgs) | Order Granting Motion For Default Judgment Against Defendant Ronald J. Pierpont. IT IS ORDERED: 1. The Motion Is GRANTED In Its Entirety. 2. A Separate Judgment Against The Defendant Will Be Entered Contemporaneously Herewith. (BNC-PDF) (Related Doc # 58) Signed on 5/10/2024. (NB8) (Entered: 05/10/2024) |
| 05/10/2024 | 83 (3 pgs) | DEFAULT JUDGMENT Against Ronald J. Pierpont. IT IS ORDERED: 1. Default Judgment Is Entered In Favor Of The Plaintiff And Against The Defendant On The Plaintiff's Fifth And Sixth Claims For Relief In The Complaint. 2. The Defendant Is Not A Party To Any Security Agreement Or Agreements That Would Grant Defendant A Security Interest In Or Lien On The Manufactured Home Located At 16222 Monterey Lane, Space #376, Huntington Beach, CA 92649, Decal # LBM1081, Serial # AC7V710394GA, AC7V710394GB (The Property). 3. The Defendant Has No Interest In The Property. 4. The Defendant Does Not Have Any Valid, Perfected, And/Or Unavoidable Liens On The Property. 5. The Transfers To The Defendant Relating To The Property, Including The following UCC Financing Statement Amendments (UCC-3), And Any Liens On The Property In Favor Of The Defendant Are Avoided And Preserved For The Benefit Of The Debtor's Estate In The Name Of Jeffrey I. Golden, Chapter 7 Trustee For The Bankruptcy Estate Of Jamie Lynn Gallian. 6. Pursuant Of Rule 54 |

| | | Of The Federal Rules Of Civil Procedure There Is No Just Reason For Delay In Entry Of This Judgment Against The Defendant. (SEE ORDER FOR FURTHER RULING) (BNC-PDF) Signed on 5/10/2024 (RE: related document(s)58 Motion for Default Judgment filed by Plaintiff Jeffrey I. Golden. (NB8) (Entered: 05/10/2024) |
|---|---|---|
| 05/12/2024 | 84 (5 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)79 DEFAULT JUDGMENT (BNC-PDF)) No. of Notices: 2. Notice Date 05/12/2024. (Admin.) (Entered: 05/12/2024) |
| 05/12/2024 | 85 (4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)81 DEFAULT JUDGMENT (BNC-PDF)) No. of Notices: 2. Notice Date 05/12/2024. (Admin.) (Entered: 05/12/2024) |
| 05/12/2024 | 86 (5 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)83 DEFAULT JUDGMENT (BNC-PDF)) No. of Notices: 2. Notice Date 05/12/2024. (Admin.) (Entered: 05/12/2024) |
| 05/12/2024 | 87 (4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)78 Order on Motion for Default Judgment (BNC-PDF)) No. of Notices: 2. Notice Date 05/12/2024. (Admin.) (Entered: 05/12/2024) |
| 05/12/2024 | 88 (4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)80 Order on Motion for Default Judgment (BNC-PDF)) No. of Notices: 2. Notice Date 05/12/2024. (Admin.) (Entered: 05/12/2024) |
| 05/12/2024 | 89 (4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)82 Order on Motion for Default Judgment (BNC-PDF)) No. of Notices: 2. Notice Date 05/12/2024. (Admin.) (Entered: 05/12/2024) |
| 05/28/2024 | 94 | Hearing Continued On Pre-Trial Conference (RE: related document(s)1 Chapter 7 Trustee's Complaint: (1) To Avoid And Recover Fraudulent Transfers; (2) To Avoid And Recover Postpetition Transfers; (3) For Declaratory Relief; (4) For Breach Of Contract; (5) For Money Had And Received; And (6) Unjust Enrichment - PRE-TRIAL CONFERENCE HEARING CONTINUED TO JUNE 18, 2024 AT 1:30 P.M. IN COURTROOM 5C, LOCATED AT 411 WEST FOURTH STREET, SANTA ANA, CA 92701 PER ORDER CONTINUING PRE-TRIAL CONFERENCE ENTERED 3-26-2024 - (DOCKET NO. 57) The case judge is Scott C Clarkson (NB8) (Entered: 05/28/2024) |
| 06/04/2024 | 95 (7 pgs) | Status report -Status Report for Pretrial Conference and Request to Dismiss Remaining Alternative and Additional Claims for Relief; proof of service Filed by Plaintiff Jeffrey I. Golden (RE: related document(s)1 Complaint). (DE Leest, Aaron) (Entered: 06/04/2024) |
| 06/18/2024 | 96 | Hearing Held On Pre-Trial Conference (RE: related document 1 Chapter 7 Trustee's Complaint: (1) To Avoid And Recover Fraudulent Transfers; (2) To Avoid And Recover Postpetition Transfers; (3) For Declaratory Relief; (4) For Breach Of Contract; (5) For Money Had And Received; And (6) Unjust Enrichment) - ORDER BY ATTORNEY - PRE-TRIAL CONFERENCE HEARING HELD - REQUEST TO DISMISS ALL REMAINING CLAIMS WITHOUT PREJUDICE GRANTED. (NB8) Modified on 6/28/2024 (NB8). (Entered: 06/28/2024) |
| 07/01/2024 | 97 (7 pgs) | Notice of lodgment of order in Adversary Proceeding; proof of service Filed by Trustee Jeffrey I Golden (TR) (RE: related document(s)1 Adversary case 8:23-ap-01064. Complaint by Jeffrey I. Golden, Chapter 7 Trustee against J-SANDCASTLE CO., LLC, J-PAD LLC, STEVEN D. GALLIAN, BRIAN J. GALLIAN, JUSTIN BARCLAY, RONALD J. |

| | | |
|---|---|---|
| | | PIERPONT, ROBERT J. MCLELLAND, E. J. GALLIAN. ($350.00 Fee Charge To Estate). *Chapter 7 Trustee's Complaint: (1) To Avoid and Recover Fraudulent Transfers; (2) To Avoid and Recover PostPetition Transfers; (3) For Declaratory Relief; (4) For Breach of Contract; (5) For Money had and Received; and (6) Unjust Enrichment* Nature of Suit: (13 (Recovery of money/property - 548 fraudulent transfer)),(21 (Validity, priority or extent of lien or other interest in property)),(91 (Declaratory judgment)),(02 (Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy))) (DE Leest, Aaron) - See docket entry no.: 2 for corrections - Modified on 7/3/2023 (NB8).). (DE Leest, Aaron) (Entered: 07/01/2024) |
| 07/09/2024 | [98](#) (2 pgs) | Order Dismissing Trustee's Alternative And Remaining Claims Against The Defendants Without Prejudice. IT IS ORDERED: 1. The Alternative And Remaining Claims For Relief In The Plaintiff's Complaint Are DISMISSED Without Prejudice, As Follows: a. The Seventh Claim For Relief Is DISMISSED Against Defendants Steven D. Gallian, Brian J. Gallian, Justin Barclay, E. J. Gallian, And Robert J. McLelland, Without Prejudice. b, The First, Second, Third, Fourth, And Seventh Claims For Relief Are DISMISSED Against Defendant Ronald J. Pierpont, Without Prejudice. c. The Second, Third, Fourth, Sixth, Seventh, Eighth, Ninth, And Tenth Claims For Relief Are DISMISSED Against Defendant J-Pad LLC Without Prejudice. d. The Second, Third, Fourth, Fifth, Sixth, And Seventh Claims For Relief Are DISMISSED Against Defendant J-Sandcastle Co., LLC, Without Prejudice. (BNC-PDF) Signed on 7/9/2024. (NB8) (Entered: 07/09/2024) |
| 07/11/2024 | [99](#) (4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)[98](#) Order (Generic) (BNC-PDF)) No. of Notices: 2. Notice Date 07/11/2024. (Admin.) (Entered: 07/11/2024) |

## PACER Service Center

### Transaction Receipt

#### 07/18/2024 09:01:45

| PACER Login: | Slurpyjam | Client Code: | |
|---|---|---|---|
| Description: | Docket Report | Search Criteria: | 8:23-ap-01064-SC Fil or Ent: filed From: 4/19/2022 To: 7/18/2024 Doc From: 0 Doc To: 99999999 Term: included Format: html Page counts for documents: included |
| Billable Pages: | 11 | Cost: | 1.10 |

JAMIE LYNN GALLIAN
16222 MONTEREY LANE UNIT 376
HUNTINGTON BEACH, CA 92649
714-321-3449
JAMIEGALLIAN@GMAIL.COM

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA-SANTA ANA DIVISION

IN RE:,

JAMIE LYNN GALLIAN

DEBTOR

Case No.: 8:21-BK-11710-SC

REQUEST TO ADDRESS THE COURT ON 8/27/2024 AT 1:30PM
NOTICE OF LODGEMENT OF RONALD J. PIERPONT NOTICE OF MOTION AND MOTION TO SET ASIDE DEFAULT JUDGMENT.

TO THE HONORABLE SCOTT C CLARKSON, UNITED STATES TRUSTEE, CHAPTER 7 TRUSTEE, AND

HIS ATTORNEY'S OF RECORD

**PURSUANT TO THE COURTS TENTATIVE RULING, DEBTOR SEEKS PERMISSION**

TO THE HONORABLE SCOTT C. CLARKSON, Ms. Jamie Lynn Gallian would like to request permission to

address this Honorable Court on Tuesday, August 27, 2024, at 1:30pm.

In the interest of justice, fairness and equity, Ms. Gallian respectfully asks this Court for an opportunity to address

the Court regarding the two matters now before this Court. Ms. Gallian has suffered for weeks from the Covid-19

illness and has still not fully recovered. For this reason Ms. Gallian believes that important matters be brought to the

for the Court's attention and consideration before the Court final decision is determined on the two Motions

EXECUTED THIS 26TH DAY OF AUGUST, 2024 AT HUNTINGTON BEACH, CA COUNTY OF ORANGE

*Jamie Lynn Gallian*

JAMIE LYNN GALLIAN

NOTICE OF LODGEMENT OF RONALD J. PIERPONT NOTICE OF MOTION AND MOTION TO SET ASIDE
DEFAULT JUDGMENT. - 1

1  RONALD J. PIERPONT
2  16222 Monterey Ln. Unit 376
   Huntington Beach, CA 92649
3  (203)715-6259

4  Ronpierpont7@gmail.com

5  Defendant In Pro Per

6

7                    **UNITED STATES BANKRUPTCY COURT**

8            **CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION**

9

10 | In re                                          | Adv. No. 8:23-ap-01064-SC

11 | JAMIE LYNN GALLIAN,                            | Case No. 8:21-bk-11710-SC
                                                      Chapter 7
12 |             Debtor.                            | **NOTICE OF MOTION AND**
                                                      **MOTION TO SET ASIDE ENTRY OF**
13 | _____           | **DEFAULT AND DEFAULT JUDGMENT,**
                                                      **FOR MISTAKE, INADVERTENCE, AND**
14 | JEFFREY I. GOLDEN, Chapter 7 Trustee          | **EXCUSABLE NEGLECT CCP 473.6;**
                                                      **POINTS AND AUTHORITIES;**
15 |             Plaintiffs,                        | **DECLARATION OF RONALD J.**
                                                      **PIERPONT**
16 | v.                                             | [FRBP 9024; FRCP 55(b); FRCP 60(b)(1);
                                                      FRBP 7012(b); FRCP 12(b)(5); FRBP
17 | **RONALD J. PIERPONT**;                        | 7004(b)(9)]
18 | J-SANDCASTLE CO., LLC; J-PAD LLC;
   | STEVEN D. GALLIAN; BRIAN J. GALLIAN;          | (Filed concurrently with Notice of Motion.)
19 | MINOR GALLIAN; JUSTIN BARCLAY;
   | ROBERT J. MCLELLAND;                          | <u>Hearing on Motion to Set Aside:</u>
20 |                                                | Date: 9/24/2024
   |             Defendants.                        | Time: 1:30P.M.
21 |                                                | Courtroom: 5C
22 |                                                |      411 E Fourth Street, Santa Ana, CA 92701
23

24 **TO ALL PARTIES AND TO THE THEIR RESPECTIVE ATTORNEYS OR RECORD:**

25    **PLEASE TAKE NOTICE that Defendant RONALD J. PIERPONT ("Defendant")**

26 **hereby gives notice that 9/24/2024, at 1:30P.M. in Courtroom 5C of the United States**

27 **Bankruptcy Court located at 411 E. 4th Street, Santa Ana, CA 92701, Defendant will move the**

28

-1-

**MOTION TO SET ASIDE ENTRY OF DEFAULT AND, IF NECESSARY, DEFAULT JUDGMENT, FOR**
**MISTAKE, INADVERTENCE, AND EXCUSABLE NEGLECT[ETC.]**

**Court to Vacate the Default Judgement entered against Ronald J. Pierpont on or about May 10, 2024**

**TO THE HONORABLE SCOTT C. CLARKSON, UNITED STATES BANKRUPTCY JUDGE, UNITED STATE TRUSTEE, AND ALL OTHER INTERESTED PARTIES:**

## I.    INTRODUCTION

By way of this motion, Ronald J. Pierpont, ("defendant") respectfully moves this honorable court to set aside the entry of default under FRCP 55(c) in that the complaint and summons were not served on the defendant as required by law; Defendant Pierpont inadvertently failed to respond due to his mistake, inadvertence, and/or excusable neglect and was not living in the State of California during the period of appearances in the United States Bankruptcy Court.

Crucially, "judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010).

Here, in the majority of the calendar year 2023, the defendant was suffering a psychotic break, increased state of paranoia and delusions, unable to know the difference between what was real or his psychosis, Defendant was not behaving like himself. Defendant sought intervention by medical professionals with short term stays at Hoag Hospital and St. Joseph Hospital.  Defendant was not responding to out-patient treatment. In or about August 2023, defendant hit rock bottom with a 5 day stay in the Orange County Men's Jail.  This was the turning point for Defendant Pierpont.  During this time, the Debtor was not in contact with Mr. Pierpont.

Mr. Pierpont, originally from Connecticut where he was born and where his mother, brother, sister-in-law, and his three adult children still reside, flew home to Connecticut to seek help from his family members.

Upon arrival in Connecticut, Mr. Pierpont sought the support of his mother.   Mr. Pierpont stayed with his mother for a few weeks.  He began working in an automotive shop and was offered a room at the Owner of the Automotive Shop temporarily.  Due to unstable events, continued delusions, periods of psychosis, problems with reality and continued psychotic mental breaks, and other negative

**MOTION TO SET ASIDE ENTRY OF DEFAULT AND, IF NECESSARY, DEFAULT JUDGMENT, FOR MISTAKE, INADVERTENCE, AND EXCUSABLE NEGLECT[ETC.]**

events in the defendants life, Mr. Pierpont's older brother, Richard Pierpont in consultation with family members made the difficult decision to intervene .

     Mr. Pierpont was involuntarily committed to a drug rehabilitation program for an extended period of time in the State of Connecticut.  Defendant was not aware of the Plaintiff's Adversary Complaint and Summons served by U.S. Mail on or about July 6, 2023, docket 3, to an address in Yorba Linda, CA.  Mr. Pierpont has never resided at this address.  When first moving to California for work in 2010, Mr. Pierpont was staying in Big Bear, CA during a training program he attended.

     Defendant did not appear in the United States Bankruptcy Court because defendant Pierpont was not aware of any U.S. Mail Service of a Complaint or Summons until July 2024.  No U.S. Mail was sent to Connecticut by the Plaintiff.  Plaintiff apparently used an incorrect address listed on the Debtors petition. Plaintiff's lack of due diligence may have contributed and caused this error.

     Accordingly, Defendant respectfully requests that the entry of default and default judgment be set aside for failure to serve the defendant in Connecticut by U.S. Mail, therefore defendants excusable surprise, excusable mistake and inadvertence for defendants non-appearance in the bankruptcy court be set aside and Defendant wishes to file an answer and defend himself in this action.

## II.    GOOD CAUSE EXISTS TO SET ASIDE THE ENTRY OF DEFAULT AND DEFAULT JUDGMENT

     Federal Rules of Bankruptcy Procedure, Rule 7055 provides that: "Rule 55 F.R.Civ.P. applies in adversary proceedings." In turn, Federal Rules of Civil Procedure, Rule 55(c) provides that" "The court may set aside an entry of default for good cause." The "factors derived from the 'good cause' standard that governs the lifting of entries of default under Fed.R.Civ.P. 55(c) govern the vacating of a default judgment under Rule 60(b) as well." *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir. 2001), *as amended on denial of reh'g and reh'g en banc* (May 9, 2001).

     Federal Rules of Bankruptcy Procedure, Rule 9024, provides that "Rule 60 F.R.Civ.P. applies in cases under the Code...." In turn, Federal Rules of Civil Procedure, Rule 60(b)(1) allows the court to set aside the default on the basis of "mistake, inadvertence, surprise, or excusable neglect."

**MOTION TO SET ASIDE ENTRY OF DEFAULT AND, IF NECESSARY, DEFAULT JUDGMENT, FOR
MISTAKE, INADVERTENCE, AND EXCUSABLE NEGLECT[ETC.]**

1    As *Rutter* explains: "'Surprise, inadvertence or excusable neglect': These terms all boil down

2    to excusable neglect: i.e., <u>has the moving party shown a reasonable excuse for the default</u>." *Setting*

3    *Aside a Default or Default Judgment*, Rutter Group Prac. Guide Fed. Civ. Pro. Before Trial Ch. 6-E

4    (*Meadows v. Dominican Republic*, 817 F.2d 517, 520 (9th Cir. 1987)).

5    On motion and just terms, the court may relieve a part or its legal representative from a final

6    judgement, order, or proceeding for mistake, inadvertence, surprise, or excusable neglect. Federal

7    Rules of Civil Procedure Rule 60(a)(1)." *Setting Aside a Default or Default Judgment*, Rutter Group

8    Prac. Guide Fed. Civ. Pro. Before Trial Ch. 6-E (citing *United States v. Aguilar*, 782 F.3d 1101, 1105

9    (9th Cir. 2015)).

10    "'Judgment by default is a drastic step appropriate only in <u>extreme circumstances</u>; a case

11    should, whenever possible, be decided on the merits.' *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984).

12    Our rules for determining when a default should be set aside are solicitous towards movants,

13    especially those whose actions leading to the default were taken without the benefit of legal

14    representation." *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1089

15    (9th Cir. 2010).

16    "Excusable neglect is an equitable concept that takes account of factors such as 'prejudice, the

17    length of the delay and impact on judicial proceedings, the reason for the delay, including whether it

18    was within the reasonable control of the movant, and whether the movant acted in good faith.'"

19    *Franchise Holding II, LLC. v. Huntington Restaurants Grp., Inc.*, 375 F.3d 922, 927 (9th Cir. 2004).

20    As explained below, the reasonable excuse is that the plaintiff did not serve the defendant in

21    Connecticut, in the manner required by FRBP 7004(b)(9), and the defendant did not receive any notice

22    of Plaintiff's complaint.

23    **A. There Was No Conscious Decision by Defendant To Avoid Defending This**

24    **Complaint.  Defendant was without Counsel and was involuntarily Detained  in**

25    **the State of Connecticut without the Ability To Hire Counsel.  Defendant Wishes**

26    **to Prepare a Response and Defend and prays this detainment in another state**

27    **Sufficient to Set Aside the Default**

28

-4-

1    "The mistake of fact must be reasonable under the circumstances. This usually turns on the

2    justifiability of defendant's failure to ascertain the correct facts. Relief will not be granted where the

3    failure to respond reflects the conscious desire to avoid defending the suit." *Setting Aside a Default or*

4    *Default Judgment*, Rutter Group Prac. Guide Fed. Civ. Pro. Before Trial Ch. 6-E, 6:158.

5        Here, the defendant did not respond because plaintiff did not serve the defendant in

6    Connecticut in the manner required by FRBP 7004(b)(9).  The defendant did not receive any notice in

7    the mail at his place of residence in Connecticut in 2023, at the time of the Summons and Complaint

8    were filed and served at a defective address in California.

9        This Court is empowered to set aside the default solely on the basis of mistake. Defendant's

10   prompt action by filing this motion for relief from the default can and should be set aside to allow this

11   matter to be decided on the merits.

12       **B.  Excusable Neglect Also Allows the Default to be Set Aside**

13       Under Rule 60(b)(1), a court may set aside a default judgment for "excusable neglect." "[T]he

14   three disjunctive factors used to determine if 'excusable neglect' could permit setting aside the [a

15   defendant's] default [are]: (1) whether the party seeking to set aside the default engaged in culpable

16   conduct that led to the default; (2) whether it had no meritorious defense; or (3) whether reopening the

17   default judgment would prejudice the other party." *United States v. Aguilar*, 782 F.3d 1101, 1105 (9th

18   Cir. 2015).

19       Here, first, the party seeking to set aside the default did not engage in culpable conduct that led

20   to the default. Rather, the declaration of the defendant sets forth that the defendant was residing in the

21   state of Connecticut near his mother and three children 2023. Family members thereafter involuntarily

22   committed defendant for medical treatment. Defendant was working at his regular place of

23   employment in Connecticut when this detainment occurred.

24       Second, the defendant has numerous meritorious defenses, as set forth in the heading below.

25       Third, there is no "default judgment" to be reopened that would prejudice the other party.

26   Default judgment has been entered.

27

28

**MOTION TO SET ASIDE ENTRY OF DEFAULT AND, IF NECESSARY, DEFAULT JUDGMENT, FOR
MISTAKE, INADVERTENCE, AND EXCUSABLE NEGLECT[ETC.]**

1    This Court is empowered to hear this adversary on the merits. Defendant respectfully requests

2  that this Court set aside the default judgment.

3    **C.  Defendant Will Present a Meritorious Defense to All Causes of Action in the**

4        **Complaint**

5  Explained below are the meritorious defenses as relevant to setting aside the default. Defendant is the

6  manager of J-Pad, LLC since October 2018. Defendant married Jamie Gallian-Pierpont on September

7  27, 2014, almost ten years ago. Defendant and Jamie Galian-Pierpont lived together at 4476 Alderport

8  Drive Huntington Beach, CA as their primary residence from the time they were married in September

9  2014 until September 11, 2018, in anticipation of the pending sale of the Alderport residence.

10    On or about September 11, 2018, Defendant and Debtor moved together to a 3 yr Lease/Rental

11  at 5782 Pinon Drive Huntington Beach, CA 92649 until Jamie Gallian-Pierpont previous homestead,

12  the Alderport home sold.The first buyers cancelled the sale on the same day  a  ie signed the 3-yr

13  Lease Agreement.  However as fate would have it, another buyer was found and on October 31, 2018,

14  Alderport was sold to Mr. Randy Nickel.  We looked in Rancho Del Rey most of the summer 2018.

15  On November 1, 2018, we purchased the Space 376 Skyline home from the seller Lisa Ryan at 16222

16  Monterey Lane as our primary residence.  Defendant and Jamie Gallian-Pierpont moved from Pinon

17  Dr. after cancellation of the 3-year lease to Rancho Del Rey Mobilehome Estates approximately

18  November 7, 2018 during the painting and clean-up.  Defendant lived with the  a  ie in Unit 376, has

19  completed a Residency Application with  a  ie Gallian-Pierpont, and submitted to Rancho Del Rey

20  Mobilehome Estates and is a Registered Tenant of Unit 376 with  a  ie. Gallian-Pierpont .  Defendant

21  and  a  ie Gallian-Pierpont and Mr. Robert McLelland, our Roommate since 2014 at Alderport, were

22  all issued electronic gate cards by Chris Houser, the Park Operations Manager at the same time as all

23  other tenants during the change over to the electronic gate system.

24    Defendant returned from Connecticut to California on or about January 16, 2024, defendant

25  returned to his previous residence with  a  ie Gallian-Pierpont in Rancho Del Rey Mobilehome

26  Estates, the address listed on the  California Driver's License.

27

28

-6-

**MOTION TO SET ASIDE ENTRY OF DEFAULT AND, IF NECESSARY, DEFAULT JUDGMENT, FOR
MISTAKE, INADVERTENCE, AND EXCUSABLE NEGLECT[ETC.]**

1    Since November 2018, Defendant continued to be Listed as a Tenant, Space 376, at Rancho

2  Del Rey Mobilehome Estates.  Mr. Pierpont was provided with an Electronic Entrance Card to access

3  the residence, Unit 376.  The Security Guard at the front entrance gate at Rancho Del Rey has a readily

4  available list of all Tenants and Residents and their Space or Unit No. where they reside within the

5  Park.

6    The Defendant resumed residing with the Debtor in Unit 376, and continues to access his

7  residence with the electronic gate card issued to him in approximately late 2019, by Chris Houser,

8  Park Operations Manager for Rancho Del Rey.

9  **Defendant was [not] served with a Copy of the Trustee's Adversary Complaint**

10    The Defendant was [not] served with a Copy of the Trustee's Adversary Complaint filed on

11  June 30, 2023, Case No. 8:23-ap-01064-SC, Summons or Complaint even though the Trustee knew

12  from the Debtor during their telephone call on or about February 16, 2024, Mr. Pierpont was doing

13  unexpectedly quite well in Connecticut and was again a resident going to soon be with Ms. Gallian-

14  Pierpont in the Rancho Del Rey Park and looking for work, helping with chores since Debtor's friend

15  and roommate, Mr. Robert McLelland moved out of the room he was renting and staying in while

16  working local, instead of his permanent residence in Torrance to avoid the long commute to work,

17  after being served with the Trustee's Adversary Complaint.  Mr. McLelland was trying to buy property

18  and did not want any problems with trying to obtain a loan or have anything attach to his real property.

19

20

21

22

23

24

25

26

27

28

-7-

**MOTION TO SET ASIDE ENTRY OF DEFAULT AND, IF NECESSARY, DEFAULT JUDGMENT, FOR
MISTAKE, INADVERTENCE, AND EXCUSABLE NEGLECT[ETC.]**

**TRUSTEE GENERAL ALLEGATIONS  IN THE ADVERSARY, RE: RONALD J. PIERPONT**

**A.**      Plaintiff Trustee's Adversary Complaint alleges at **Line 16, No. 33, page 6, Doc 1. Trustee's Complaint.**

> *Thereafter, on August 20, 2020, the [Debtor] signed a "Statement to Encumber" that was submitted to the Housing and Community Development ("HCD") to add the Debtor's ex-husband, Ronald J. Pierpont, and J-Pad as lienholders on the certificate of title for the Property (the "Fifth J-Pad Transfer")*

**Defendant Pierpont's response to A**.  Trustee's allegation **Line 16, No. 33, page 6, Doc 1. Trustee's Complaint.**

Supported by the Declaration of Ronald J. Pierpont and properly authenticated documents attached, filed CA Dept of HCD,

The Certificate of Title Registered Owner of LBM 1081 is J-SANDCASTLE CO LLC, issued 1/19/2019, by CA Department of Housing and Community Development ("HCD").   The REGISTERED OWNER, J-SANDCASTLE CO, released legal owner interest in the unit to encumber the title (record a lien) in favor of RONALD  J. PIERPONT, MEMBER J-PAD LLC. Executed on 08/20///2020 at Huntington Beach, CA

   CD **STATEMENT OF FACTS Decal LBM 1081** The O iginal  a e      t  add legal   ne   a l  t in the  ail Cu t   e  ent h t c ie   the a  licati n Re e entati e   Sandca tle C LLC, a  ie  allian  tate that Legal O ne i   int R nald  ie  nt ad   ad, LLC at the  a e add e   1 222 M  nte ey Ln     untingt n Beach, CA  2      Executed  n 2/22/2021 at Sac a  ent , CA by Rebecca O'Laughin   **Declaration of Ronald J. Pierpont, EXHIBIT 1.** A true and correct copy of the REGISTRATION CARD – LEGAL OWNER COPY  INFORMATION ONLY, issued by CA Department of Housing and Community Development was sent through U.S. Mail to Ronald J. Pierpont.  **Declaration of Ronald J. Pierpont, EXHIBIT 2**


**B.**      Plaintiff's Trustee's Adversary Complaint states at **Line 19, No. 34, page 6, Doc 1. Trustee's Complaint.**

> *Thereafter, as of February 24, 2021, the certificate of title to the Property reflected that Mr. Pierpont **and (**sic) J-Pad were the "legal owners" (i.e., the lienholders) on the property.*

*Pierpont and (sic) J-Pad were the "legal owners" (i.e., the lienholders) on the*

*property.*

**Defendant Pierpont's response to B.**  Trustee's allegation Line 19, No. 34, page 6, Doc 1.

Trustee's Complaint.

The    CD Certificate of Title and Registration Card issued 2/24/2021 by HCD, both reflect

the: Legal Owners as *Tenants in Common [or] not [and]*, as the Trustee's complaint incorrectly

alleges. A true and correct copy of the 2/24/2021 REGISTRATION CARD – LEGAL OWNER

COPY  INFORMATION ONLY, issued by CA Department of Housing and Community

Development was sent through U.S. Mail to Ronald J. Pierpont list the true facts as follows:

**Legal Owner(s}**
**RONALD J PIERPONT**
**JPAD, LLC**
**Tenants in Common Or**
16222 MONTEREY LANE SPACE 376
HUNTINGTON BEACJ, CA 02649

Lien Perfected On:  08/20/20 11:58:00    **Declaration of Ronald J. Pierpont,    EXHIBIT 3**

**C.**    Plaintiff's Trustee's Adversary Complaint states at **Line 21, No. 35, page 6, Doc 1. Trustee's**

**Complaint.**

*On or about July 9, 2021, however, Mr. Pierpont submitted a signed "Lien Satisfied"*

*form to the HCD removing Mr. Pierpont and J-Pad as the lienholders on the Property.*

**Defendant Pierpont's response to C.**  to Trustee's Adversary Complaint at **Line 21, No. 35, page**

**6, Doc 1. Trustee's Complaint.**

 A True and Correct copy of HCD Lien Satisfied Form executed July 9, 2021, by Ronald J. Pierpont

sent by U.S. Mail to Sacramento HCD is attached.

**Declaration of Ronald J. Pierpont,    EXHIBIT 4**

**MOTION TO SET ASIDE ENTRY OF DEFAULT AND, IF NECESSARY, DEFAULT JUDGMENT, FOR
MISTAKE, INADVERTENCE, AND EXCUSABLE NEGLECT[ETC.]**

D.      Plaintiff's Trustee's Adversary Complaint  states at **Line 23, No. 36, page 6, Doc 1. Trustee's**

**Complaint.**

        *Thereafter, as of August 3, 2021, the certificate of title to the Property did not reflect*

        *any "legal owners" (i.e., lienholders) on the property.*

A True and Correct copy of Department of Housing and Community Development ("HCD") **Title**

**Search** Date Printed: July 27, 2021,  Decal # LBM 1081 is attached.

**Declaration of Ronald J. Pierpont, EXHIBIT 5**

**Note:**

Not all information on the 7/27/21 Title Search is reflected here, just the relevant portions.

See Exhibit 5 for Full Title Search.

<div align="center">

**Title Search**

Date Printed: July 27, 2021

</div>

Decal # LBM 1081
Registered Owner:

        JAMIE LYNN GALLIAN
        16222 MONTEREY LN. SPACE 376
        HUNTINGTON BEACH, CA 92649

Last Title Date:          02/24/2021
Last Reg Card:          Pending Reg Card
Sale/Transfer Info:          Price $0.00 Transferred on 02/25/2021

Legal Owner:          JPAD LLC
        RONALD J. PIEPRONT
        Tenants in Common Or
        16222 MONTEREY LANE SPACE 376
        HUNTINGTON BEACJ, CA 02649
**Lien Perfected On:**          02/25/2021 10:11:00

**MOTION TO SET ASIDE ENTRY OF DEFAULT AND, IF NECESSARY, DEFAULT JUDGMENT, FOR
MISTAKE, INADVERTENCE, AND EXCUSABLE NEGLECT[ETC.]**

1

2

**State of California Department of Housing and Community Development**
**STATEMENT OF FACTS**

3

Decal LBM 1081

4

I/We, the undersigned, hereby state:  I spoke with Jamie Gallian and she states the unit should

5

be registered as Jamie Gallian as the sole registered owner.  The lien has been satisfied and there is no

legal owner at this time.  Jamie advised the County and was told there was no need to revise the Tax

6

Clearance Certificate.

7

Executed on July 28, 2021, at Sacramento, CA

8

Signed by Rebecca O'Laughlin, Program Tech II,

9

A True and Correct copy of HCD Certificate of Title and Registration Card issued August 3, 2021,

10

**Declaration of Ronald J. Pierpont, EXHIBIT 5 HCD Certificate of Title**

11

**Declaration of Ronald J. Pierpont, EXHIBIT 6 HCD Registration Card**

12

13

There appear to be numerous defenses, both factual and legal, in this case. Accordingly,

14

Defendant respectfully requests that the entry of default and default judgment be set aside.

15

**D.  The Plaintiff Failed to Serve Defendant as Required by Law]**

16

Under Federal Rules of Bankruptcy Procedure, Rule 7012(b): "Rule 12(b)–(i) F.R.Civ.P.

17

applies in adversary proceedings." In turn, under Federal Rules of Civil Procedure, Rule 12(b)(5), "a

18

party may assert the following defenses by motion…insufficient service of process." As it relates to

19

service of process, FRBP 7004(a)(1) provides that "Rule 4...(m) F.R.Civ.P. applies in adversary

20

proceedings."

21

In turn Federal Rules of Bankruptcy Procedure, Rule 7004(b)(9) provides that, where service is

22

to be made "Upon the debtor," service is made "by mailing a copy of the summons and complaint to

23

the debtor at the address shown in the petition or to such other address as the debtor may designate in a

24

filed writing."

25

26

As *Rutter* explains: "When service of process is properly challenged, the party on whose behalf

27

service was made (Jeffrey Golden, Chapter 7 Trustee as plaintiff in the adversary action has the burden

28

**MOTION TO SET ASIDE ENTRY OF DEFAULT AND, IF NECESSARY, DEFAULT JUDGMENT, FOR**
**MISTAKE, INADVERTENCE, AND EXCUSABLE NEGLECT[ETC.]**

1 to establish its validity. [See *Mann v. Castiel* (DC Cir. 2012) 681 F3d 368, 373]." *Challenging*

2 *Defective Service*, Rutter Group Prac. Guide Fed. Civ. Pro. Before Trial Ch. 5-I, 5:348. When "the

3 defect in service is established on the face of the return," no further evidence is required by the

4 defendant to establish the defect. *Id.* at 5:350 (citing *In re Med-Atlantic Petroleum Corp.*, 233 BR

5 644, 662 (BC SD NY 1999); *Vázquez-Robles v. CommoLoCo, Inc.*, 757 F3d 1, 8 (1st Cir. 2014) —

6 defendant's documentary evidence established "beyond hope of contradiction" that plaintiff's

7 attempted service "was insufficient to hale the defendant into court").

8

9 　　　Rule 7004 requires that notice be "reasonably calculated, under all the circumstances, to

10 apprise interested parties of the pendency of the action and afford them an opportunity to present their

11 objections." *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed.

12 865 (1950). And "[i]f the notice requirement of the due process clause is not satisfied, the order is

13 void." *In re Ex–Cel Concrete Co.,* 178 B.R. 198, 203 (9th Cir. BAP 1995); likewise, *In re Loloee,* 241

14 B.R. 655, 661 (9th Cir. BAP 1999) and *In re Villar,* 317 B.R. 88, 94 (9th Cir. BAP 2004).

15 　　　In this case, service was sent to an address shown on the Debtors petition,  However, the

16 Debtor was not aware that the Defendant was not living at the last known address and debtor was not

17 aware that Defendant Ronald Pierpont left the state and returned to Connecticut to deal with a drug

18 addiction with the help of his family members. Defendant was ashamed and did not tell anyone he left

19 for Connecticut in mid 2023.

20 　　　As a court in the Central District of California explained, "frankly, a bankruptcy attorney

21 should readily know how to serve in accordance with FRBP 7004. Since the information required to

22 satisfy FRBP 7004(b)(9) was readily available, compliance was a simple task...

23

24 　　　The unintentional failure to comply alone is not a good enough excuse for this court to ignore

25 plaintiffs' lack of compliance with FRBP 7004." *In re Bloomingdale*, 137 B.R. 351, 354–55 (Bankr.

26 C.D. Cal. 1991). The court found that, "[w]hen service is not made within the [90]–day period and no

27 good cause is demonstrated for the failure to comply, the complaint should be dismissed. Since

28

-12-

**MOTION TO SET ASIDE ENTRY OF DEFAULT AND, IF NECESSARY, DEFAULT JUDGMENT, FOR
MISTAKE, INADVERTENCE, AND EXCUSABLE NEGLECT[ETC.]**

1   plaintiffs failed to serve this defendant properly within the [90]–day period and no good cause was

2   shown, the complaint is dismissed."

3         Defendant respectfully requests that this Court set aside the Default Judgement entered May

4   10.2024.

**MOTION TO SET ASIDE ENTRY OF DEFAULT AND, IF NECESSARY, DEFAULT JUDGMENT, FOR
MISTAKE, INADVERTENCE, AND EXCUSABLE NEGLECT[ETC.]**

1                                    III.    CONCLUSION

2          For the reasons set forth above, Defendant Ronald J. Pierpont respectfully requests that this

3   Court set aside the entry of default and, if necessary, set aside any default judgment under FRCP 55(c)

4   and 60(b)(1).

5

6   DATED: August 13, 2024

7

8                                            _Ronald J. Pierpont_

9                                            RONALD J. PIERPONT

10                                           Defendant in Pro Per

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                              **14**

## IV.    DECLARATION OF RONALD J. PIERPONT

I, RONALD J. PIERPONT, declare:

1.    I am the defendant in the above-referenced adversary. The facts set forth herein are of my own personal knowledge and if sworn I could and would testify competently thereto.

2.    I have suffered from a serious drug addiction for most of my life.  For many years I was able to control it and hide it from the my wife, Jamie Gallian-Pierpont who I was lucky enough to marry on September 27, 2014, almost 10 years ago.

3.    Jamie Gallian-Pierpont was a happy, 22-year flight attendant with United Airlines when we met and married, until August 5, 2018, when I witnessed a Gables HOA Board Member in the previous community we lived in on Alderport, push my wife to the ground and strike her wrists.  As I saw this incident driving in my car, I saw my wife stand, I assumed she was okay.  I continued to drive out of the community to work.  What happened next changed our life forever.  The attacker wo was subsequently arrested by Huntington Beach Police for battery, pushed a heavy city trash can that landed on my wife's left foot, causing a severe crushing injury, severe nerve damage, and disfigurement.  My wife never returned to her career as a 22 year flight attendant and the financial burden now with only one income, caused me to spiral downward over the next few years.  We have lived together and apart at different times for the past 10 years.  Our new marriage suffered greatly.

4.    The addresses I have resided for long periods of time with the Debtor include 4476 Alderport Drive Unit 53 from 9/15/2014-9/11/2018;  5782 Pinon Drive, from 9/11/2018-11/7/2018;  and 16222 Monterey Lane Unit 376, 11/7/2018.  Periodically I would live on a boat in Seal Beach working for the owner.  There were other periods of time I was not living at the Huntington Beach residence with Jamie.

5.    Before leaving California in September 2023, I was living on the boat in Seal Beach, CA.  I was doing work on the boat in exchange for a place to sleep.  Jamie Lynn Gallian-Pierpont does not tolerate or understand drug addiction, and how easy it is to slip back into the addiction. I was not permitted to reside with Debtor at any-time when suffering paranoia and in delusional states.  She tried several times to get me into recovery programs.  I finally hit rock bottom and could not stand the

-15-

**MOTION TO SET ASIDE ENTRY OF DEFAULT AND, IF NECESSARY, DEFAULT JUDGMENT, FOR MISTAKE, INADVERTENCE, AND EXCUSABLE NEGLECT[ETC.]**

paranoia in my head, I reached out to my family in Connecticut and left California, leaving all my

personal items behind.  I didn't tell a sole, not even the person who would never turn their back on me,

my ex-spouse, Jamie Lynn Gallian-Pierpont.

6.      At no time during this adversary proceeding which I understand began on or about June

30, 2023, have I been contacted at the address printed on my California Driver's License, 16222

Monterey Lane Unit 376 Huntington Beach, CA 92649, before or after I returned to California from

Connecticut after I sought help for a severe drug addiction, subsequently resulting in an involuntary

detainment 5150 hold for over 30 days.  After I was released from the involuntary 5150, I stayed in

Connecticut, held a full-time job and mended a broken relationship with family members through the

Christmas holiday.

7.      In late December 2023, after Christmas, I contacted Jamie Lynn Gallian and asked if

she has a spare room I could stay in until I was able to sustain employment and purchase a car.  I

returned to California on or about mid January 2024, and have resided with the debtor ever since using

my same electronic gate card to enter Rancho Del Rey Mobilehome Estates where I am listed as a

Tenant.  I confirmed with the Security Gate Officer, I was still listed as a Tenant at Unit 376 since mid

2020.

8.       I became aware of this action in or about July 10, 2024, after Debtor came back from

HCD Riverside learning about a May 2024, the Trustee's attorney filed some Application with HCD.

9.      Jamie used her PACER account and printed the Register of Actions of this action 8:23-

ap-01064-SC.  Debtor notified me of the Default Judgment entered against me entered May 10, 2024.

10.      I have not received anything in the U.S. Mail from Jeffrey Golden, Chapter 7 Trustee,

or the Plaintiff's counsel at the address listed on my California Drivers License 16222 Monterey Lane

Unit 376, Huntington Beach, CA 92649.

11.      I asked Jamie Gallian-Pierpont if she received any inquiry from the Plaintiff, Chapter 7

Trustee, Jeffrey Golden, notwithstanding the Debtor's petition reported we lived together in a

Community Property state within the last 8 years.

**MOTION TO SET ASIDE ENTRY OF DEFAULT AND, IF NECESSARY, DEFAULT JUDGMENT, FOR
MISTAKE, INADVERTENCE, AND EXCUSABLE NEGLECT[ETC.]**

12.     I declare under penalty of perjury under the laws of the United States that the foregoing is a true and correct account of my absence from California.

13.     I am clean and thankful my Connecticut family members had the courage to intervene and place me on a involuntary 5150.  I am thankful Jamie Gallian-Pierpont still supports me on my road to permanent recovery.

# EXHIBITS FOLLOW ON NEXT PAGE.

**MOTION TO SET ASIDE ENTRY OF DEFAULT AND, IF NECESSARY, DEFAULT JUDGMENT, FOR MISTAKE, INADVERTENCE, AND EXCUSABLE NEGLECT[ETC.]**

14.     A True and Correct Copy of Certificate of Title Registered Owner of LBM 1081 is J-SANDCASTLE CO LLC, issued 1/19/2019, by CA Department of Housing and Community Development ("HCD").  **Declaration of Ronald J. Pierpont EXHIBIT 1**

15.     A True and Correct Copy of the REGISTRATION CARD – LEGAL OWNER COPY INFORMATION ONLY, issued by CA Department of Housing and Community Development sent through U.S. Mail to Ronald J. Pierpont.  **Declaration of Ronald J. Pierpont, EXHIBIT 2**

16.     A true and correct copy of the 2/24/2021 REGISTRATION CARD – LEGAL OWNER COPY INFORMATION ONLY, issued by CA Department of Housing and Community Development was sent through U.S. Mail to Ronald J. Pierpont list the true facts as follows:

**Legal Owner(s}**
  **RONALD J PIERPONT**
  **J-PAD, LLC**
  <u>**Tenants in Common Or**</u>
  16222 MONTEREY LANE SPACE 376
  HUNTINGTON BEACJ, CA 02649

  Lien Perfected On:  08/20/20 11:58:00

**Declaration of Ronald J. Pierpont, EXHIBIT 3**

**17.**     A True and Correct Copy of <u>HCD Lien Satisfied Form</u> executed July 9, 2021, by Ronald J. Pierpont sent through U.S. Mail to Sacramento CA Department of Housing and Community Development is attached.  **Declaration of Ronald J. Pierpont, EXHIBIT 4**

18.     A True and Correct copy of the Department of Housing and Community Development ("HCD") **Title Search** Date Printed: July 27, 2021,  Decal # LBM 1081 is attached.
**Declaration of Ronald J. Pierpont, EXHIBIT 5**

19.     A True and Correct copy of HCD Certificate of Title issued August 3, 2021, is attached.

**Declaration of Ronald J. Pierpont, EXHIBIT 5 HCD Certificate of Title.**

20.     A True and Correct copy of HCD Registration Card issued August 3, 2021, **Declaration of Ronald J. Pierpont, EXHIBIT 6 HCD Registration Card**

21.     2/22/2021 **STATEMENT OF FACTS** - REBECCA O'LAUGHLIN PROGRAM TECH

22.     7/27/2021 **HCD TITLE SEARCH** LBM 1081

23.     7/28/2021 **STATEMENT OF FACTS** - REBECCA O'LAUGHLIN PROGRAM TECH

-18-

1    I declare under penalty of perjury the foregoing to be true and correct.

2    Executed this 13th^t day of August, 2024 at Huntington Beach, California.

3

4

5    RONALD J. PIERPONT

6    Defendant, In pro per

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MOTION TO SET ASIDE ENTRY OF DEFAULT AND, IF NECESSARY, DEFAULT JUDGMENT, FOR
MISTAKE, INADVERTENCE, AND EXCUSABLE NEGLECT[ETC.]

RONALD JOSEPH PIERPONT
JAMIE LYNN GALLIAN

4476 ALDERPORT DRIVE
HUNTINGTON BEACH, California 92649

## CERTIFICATE OF MARRIAGE



### STATE OF HAWAI'I
### DEPARTMENT OF HEALTH

CERTIFICATE NUMBER
151  2014-018807

| NAME OF GROOM | DATE OF BIRTH | GROOM'S PLACE OF BIRTH |
|---|---|---|
| RONALD JOSEPH PIERPONT | JUNE 12, 1964 | NEW HAVEN, CONNECTICUT |

| GROOM'S DECLARED MIDDLE NAME(S) | FATHER'S FULL NAME | FATHER'S STATE OR COUNTRY OF BIRTH |
|---|---|---|
| JOSEPH | RICHARD JAMES PIERPONT | CONNECTICUT |

| GROOM'S DECLARED SURNAME | MOTHER'S MAIDEN NAME | MOTHER'S STATE OR COUNTRY OF BIRTH |
|---|---|---|
| PIERPONT | MARY LOUISE DeBIASE | CONNECTICUT |

| NAME OF BRIDE | DATE OF BIRTH | BRIDE'S PLACE OF BIRTH |
|---|---|---|
| JAMIE LYNN GALLIAN | NOVEMBER 16, 1962 | LYNWOOD, CALIFORNIA |

| BRIDE'S DECLARED MIDDLE NAME(S) | FATHER'S FULL NAME | FATHER'S STATE OR COUNTRY OF BIRTH |
|---|---|---|
| LYNN | THOMAS JEFFERSON TOMA | OKLAHOMA |

| BRIDE'S DECLARED SURNAME | MOTHER'S MAIDEN NAME | MOTHER'S STATE OR COUNTRY OF BIRTH |
|---|---|---|
| PIERPONT | PATRICIA MARY ROWE | ILLINOIS |

| DATE OF MARRIAGE | PLACE OF CEREMONY | COUNTY | ISLAND |
|---|---|---|---|
| SEPTEMBER 27, 2014 | CHARLEY YOUNG BEACH | MAUI | MAUI |

| DATE ACCEPTED BY STATE REGISTRAR | PERFORMER |
|---|---|
| 10/01/2014 | WHEELER, KOLLEEN |

OHSM 5.3 (Rev.2/13)   This copy serves as prima facie evidence of the fact of marriage in any court proceeding.   [HRS 572-13(c), 338-13(b)]

## ANY ALTERATIONS INVALIDATE THIS CERTIFICATE



I CERTIFY THIS IS A TRUE COPY OR
ABSTRACT OF THE RECORD ON FILE IN
THE HAWAII STATE DEPARTMENT OF HEALTH

OCT 10 2014

Alvin T. Onaka, Ph.D.
STATE REGISTRAR







<u>23</u>

## STATE OF CALIFORNIA - DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT
### REGISTRATION CARD
Manufactured Home

Decal:  LBM1081

| Manufacturer ID/Name | Trade Name | Model | | DOM | DFS | RY | Exp. Date |
|---|---|---|---|---|---|---|---|
| 90002   SKYLINE HOMES INC | CUSTOM VILLA | · | | 05/29/2014 | 07/28/2014 | | |

| Serial Number | Label/Insignia Number | Weight | Length | Width | Issued | | |
|---|---|---|---|---|---|---|---|
| AC7V710394GB | PFS1130281 | 22,383 | 56' | 15' 2" | Jan 19, 2019 | | |
| AC7V710394GA | PFS1130282 | 25,068 | 60' | 15' 2" | | | |

Addressee

J-SANDCASTLE CO LLC
16222 MONTEREY LANE ROOM 376
HUNTINGTON BEACH, CA  92649



Registered Owner(s)

J-SANDCASTLE CO LLC
16222 MONTEREY LANE ROOM 376
HUNTINGTON BEACH, CA 92649

Situs Address

16222 MONTEREY LN SPACE 376
HUNTINGTON BEACH, CA 92649

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
**ATTENTION OWNER:**

THIS IS THE REGISTRATION CARD FOR THE
UNIT DESCRIBED ABOVE.  PLEASE KEEP THIS
CARD IN A SAFE PLACE WITHIN THE UNIT.

INSTRUCTIONS FOR RENEWAL:

REGISTRATION FOR THIS UNIT EXPIRES ON THE
DATE INDICATED ABOVE IN THE BOX LABELED
"Exp. Date".  THERE ARE SUBSTANTIAL
PENALTIES FOR DELINQUENCY.  IF YOU DO NOT
RECEIVE A RENEWAL NOTICE WITHIN 10 DAYS
PRIOR TO THE EXPIRATION DATE, CONTACT
H.C.D. FOR RENEWAL INSTRUCTIONS.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**IMPORTANT**
THE OWNER INFORMATION SHOWN ABOVE MAY NOT REFLECT ALL LIENS RECORDED WITH THE
DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT AGAINST THE DESCRIBED UNIT.  THE
CURRENT TITLE STATUS OF THE UNIT MAY BE CONFIRMED THROUGH THE DEPARTMENT.

DTN: 10670236

01192019 - 1

## STATE OF CALIFORNIA - DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT
## CERTIFICATE OF TITLE

Manufactured Home                        **Decal:**  **LBM1081**

| Manufacturer ID/Name | Trade Name | Model | | DOM | DFS | RY |
|---|---|---|---|---|---|---|
| 90002   SKYLINE HOMES INC | CUSTOM VILLA | | .. | 05/29/2014 | 07/28/2014 | |
| **Serial Number** | **Label/Insignia Number** | **Weight** | **Length** | **Width** | **Issued** | |
| AC7V710394GB | PFS1130281 | 22,383 | 56' | 15' 2" | Jan 19, 2019 | |
| AC7V710394GA | PFS1130282 | 25,068 | 60' | 15' 2" | | |

**Addressee**

J-SANDCASTLE CO LLC
16222 MONTEREY LANE ROOM 376
HUNTINGTON BEACH, CA  92649

**Registered Owner(s)**

J-SANDCASTLE CO LLC
16222 MONTEREY LANE ROOM 376
HUNTINGTON BEACH, CA 92649

**Situs Address**

16222 MONTEREY LN SPACE 376
HUNTINGTON BEACH, CA 92649

**IMPORTANT**
THE OWNER INFORMATION SHOWN ABOVE MAY NOT REFLECT ALL LIENS RECORDED WITH THE
DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT AGAINST THE DESCRIBED UNIT.  THE
CURRENT TITLE STATUS OF THE UNIT MAY BE CONFIRMED THROUGH THE DEPARTMENT.

DTN: 10670236                                                                01192019 - 2

STATE OF CALIFORNIA
BUSINESS, CONSUMER SERVICES AND HOUSING AGENCY
DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT
DIVISION OF CODES AND STANDARDS
REGISTRATION AND TITLING PROGRAM



## STATEMENT TO ENCUMBER

---

**SECTION I.    DESCRIPTION OF UNIT**

This unit is a (check one):

[XX] Manufactured Home, Mobilehome, Multifamily Manufactured Home  [ ] Commercial Modular  [ ] Truck Camper  [ ] Floating Home

The Decal (License) Number(s) is: __LBM1081__

The Trade Name is: __SKYLINE HOMES CUSTOM VILLA__

The Serial Number(s) is: __AC7V710394GB/GA__

---

**SECTION II.    LEGAL OWNER INFORMATION**

I/We are releasing legal owner interest in the above-described unit to encumber the title (record a lien) in favor of:

Ronald J. Pierpont, Member JPad LLC
*(Name of New Legal Owner)*

*Address:*  __16222 MONTEREY LN. #376 HUNTINGTON BEACH, CA 92649__
    Street Address or P.O. Box                    City                    State        Zip

---

**SECTION III.    CERTIFICATION**

I/We certify under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on __8/20/2020__ at __HUNTINGTON BEACH, CALIFORNIA__
              Date            City            State

Signature of each registered owner:            Printed name of each registered owner:

_Jamie L. Gallian, Member_            J-SANDCASTLE CO LLC JAMIE L.GALLIAN, MEMBER

Address: __16222 MONTEREY LN #376 HUNTINGTON BEACH, CA 92649__
          Street Address or P. O. Box            City            State        Zip

HCD 484.7 (Rev. 11/14)

# ACKNOWLEDGMENT

A notary public or other officer completing this
certificate verifies only the identity of the individual
who signed the document to which this certificate is
attached, and not the truthfulness, accuracy, or
validity of that document.

State of California
County of _____ ORANGE _____ )

On __ AUG,28,2020 _____ before me, __ ALEX MAJDPOUR NOTARY PUBLIC _____
(insert name and title of the officer)

personally appeared __ JAMIE LYNN GALLIAN _____,
who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are
subscribed to the within instrument and acknowledged to me that he/she/they executed the same in
his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the
person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing
paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____        (Seal)

ALEX MAJDPOUR
Notary Public · California
Orange County
Commission # 2316003
My Comm. Expires Jul 26, 2024

STATE OF CALIFORNIA
BUSINESS, CONSUMER SERVICES AND HOUSING AGENCY
DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT
DIVISION OF CODES AND STANDARDS
REGISTRATION AND TITLING PROGRAM



## STATEMENT OF FACTS

This unit is a: ☑ Manufactured Home / Mobilehome  ☐ Commercial Modular  ☐ Floating Home  ☐ Truck Camper

| Decal (License) No.(s): | Trade Name: | Serial No.(s): |
|---|---|---|
| LBM 1081 | | |

I/We, the undersigned, hereby state:

The original paperwork to add legal owner was lost in the
mail. Customer sent photocopies of the application. Representative
for J-Sandcastle CO LLC, Jamie Gallian states the legal owner is
Joint Ronald J. Pierpont and JPad LLC at the same address: 16222 Monterey Ln # 376
Huntington Beach CA 92649

I/We further agree to indemnify and save harmless the Director of the Department of Housing and
Community Development, State of California, and subsequent purchasers of said unit, for any loss
they may suffer resulting from registration of the above-described unit in California, or from issuance
of a California Certificate of Title covering the same.

I/We certify under penalty of perjury that the foregoing is true and correct.

Executed on  02/22/2021  at  Sacramento ,  CA
             Date                City              State

Signature(s):                    Printed name(s):
Rebecca O'Laughlin               Rebecca O'Loughlin, Program Tech III

Address _____

City _____  State _____

HCD RT 476.6 (Rev. 07/16)

## STATE OF CALIFORNIA - DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT
### CERTIFICATE OF TITLE

Manufactured Home                                              Decal:    LBM1081

| Manufacturer ID/Name | Trade Name | Model | | DOM 05/29/2014 | DFS 07/28/2014 | RY |
|---|---|---|---|---|---|---|
| 90002    SKYLINE HOMES INC | CUSTOM VILLA | | | | | |

| Serial Number | Label/Insignia Number | Weight | Length | Width | Issued Feb 24, 2021 |
|---|---|---|---|---|---|
| AC7V710394GB | PFS1130281 | 22,383 | 56' | 15' 2" | |
| AC7V710394GA | PFS1130282 | 25,068 | 60' | 15' 2" | |

**Addressee**

RONALD J PIERPONT
16222 MONTEREY LN SPACE 376
HUNTINGTON BEACH, CA  92649

**Registered Owner(s)**

J-SANDCASTLE CO LLC
16222 MONTEREY LANE ROOM 376
HUNTINGTON BEACH, CA 92649

**Situs Address**

16222 MONTEREY LN SPACE 376
HUNTINGTON BEACH, CA 92649

**Legal Owner(s)**

RONALD J PIERPONT
JPAD LLC
Tenants in Common Or
16222 MONTEREY LN SPACE 376
HUNTINGTON BEACH, CA 92649
Lien Perfected On:        08/20/20 11:58:00

**IMPORTANT**
THE OWNER INFORMATION SHOWN ABOVE MAY NOT REFLECT ALL LIENS RECORDED WITH THE
DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT AGAINST THE DESCRIBED UNIT.  THE
CURRENT TITLE STATUS OF THE UNIT MAY BE CONFIRMED THROUGH THE DEPARTMENT.

DTN: 12153896                                                                                02242021 - 2

STATE OF CALIFORNIA - DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT

## REGISTRATION CARD

Manufactured Home

**Decal: LBM1081**

| Manufacturer ID/Name | Trade Name | Model | | DOM | DFS | RV | Exp. Date |
|---|---|---|---|---|---|---|---|
| 90002  SKYLINE HOMES INC | CUSTOM VILLA | | | 05/29/2014 | 07/28/2014 | | |

| Serial Number | Label/Insignia Number | Weight | Length | Width | Issued |
|---|---|---|---|---|---|
| AC7V710394GB | PFS1130281 | 22,383 | 56' | 15' 2" | Feb 24, 2021 |
| AC7V710394GA | PFS1130282 | 25,068 | 60' | 15' 2" | |



**Addressee**

RONALD J PIERPONT
16222 MONTEREY LN SPACE 376
HUNTINGTON BEACH, CA 92649

**Registered Owner(s)**

J-SANDCASTLE CO LLC
16222 MONTEREY LANE ROOM 376
HUNTINGTON BEACH, CA 92649

**Situs Address**

16222 MONTEREY LN SPACE 376
HUNTINGTON BEACH, CA 92649

**Legal Owner(s)**

RONALD J PIERPONT
JPAD LLC
Tenants in Common Or
16222 MONTEREY LN SPACE 376
HUNTINGTON BEACH, CA 92649

Lien Perfected On:    08/20/20 11:58:00

LEGAL OWNER COPY
INFORMATION ONLY

**IMPORTANT**
THE OWNER INFORMATION SHOWN ABOVE MAY NOT REFLECT ALL LIENS RECORDED WITH THE
DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT AGAINST THE DESCRIBED UNIT.  THE
CURRENT TITLE STATUS OF THE UNIT MAY BE CONFIRMED THROUGH THE DEPARTMENT.

DTN: 12153896

02242021 - 1

## STATE OF CALIFORNIA - DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT
### REGISTRATION CARD

Manufactured Home

**Decal: LBM1081**

| Manufacturer ID/Name | Trade Name | Model | DOM | DFS | RY | Exp. Date |
|---|---|---|---|---|---|---|
| 90002  SKYLINE HOMES INC | CUSTOM VILLA | | 05/29/2014 | 07/28/2014 | | |

| Serial Number | Label/Insignia Number | Weight | Length | Width | Issued |
|---|---|---|---|---|---|
| AC7V710394GB | PFS1130281 | 22,383 | 56' | 15' 2" | Aug 03, 2021 |
| AC7V710394GA | PFS1130282 | 25,068 | 60' | 15' 2" | |

**Addressee**

JAMIE LYNN GALLIAN
16222 MONTEREY LN SPACE 376
HUNTINGTON BEACH, CA 92649



**Registered Owner(s)**

JAMIE LYNN GALLIAN
16222 MONTEREY LN SPACE 376
HUNTINGTON BEACH, CA 92649

**Situs Address**

16222 MONTEREY LN SPACE 376
HUNTINGTON BEACH, CA 92649

***************************************************
**ATTENTION OWNER:**

THIS IS THE REGISTRATION CARD FOR THE
UNIT DESCRIBED ABOVE.  PLEASE KEEP THIS
CARD IN A SAFE PLACE WITHIN THE UNIT.

**INSTRUCTIONS FOR RENEWAL:**

REGISTRATION FOR THIS UNIT EXPIRES ON THE
DATE INDICATED ABOVE IN THE BOX LABELED
"Exp. Date".  THERE ARE SUBSTANTIAL
PENALTIES FOR DELINQUENCY.  IF YOU DO NOT
RECEIVE A RENEWAL NOTICE WITHIN 10 DAYS
PRIOR TO THE EXPIRATION DATE, CONTACT
H.C.D. FOR RENEWAL INSTRUCTIONS.
***************************************************

i hereby certify that this copy is a true and correct copy of
the original document on file with the Department of
Housing & Community Development.

_____
Signature

**IMPORTANT**
THE OWNER INFORMATION SHOWN ABOVE MAY NOT REFLECT ALL LIENS RECORDED WITH THE
DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT AGAINST THE DESCRIBED UNIT.  THE
CURRENT TITLE STATUS OF THE UNIT MAY BE CONFIRMED THROUGH THE DEPARTMENT.

DTN: 12313525

08032021 - 1

# STATE OF CALIFORNIA - DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT
## CERTIFICATE OF TITLE

Manufactured Home

**Decal:   LBM1081**

| Manufacturer ID/Name 90002   SKYLINE HOMES INC | Trade Name CUSTOM VILLA | Model | | DOM 05/29/2014 | DFS 07/28/2014 | RY |
|---|---|---|---|---|---|---|
| Serial Number AC7V710394GB AC7V710394GA | Label/Insignia Number PFSI130281 PFSI130282 | Weight 22,383 25,068 | Length 56' 60' | Width 15' 2" 15' 2" | Issued Aug 03, 2021 | |

**Addressee**

JAMIE LYNN GALLIAN
16222 MONTEREY LN SPACE 376
HUNTINGTON BEACH, CA 92649

**Registered Owner(s)**

JAMIE LYNN GALLIAN
16222 MONTEREY LN SPACE 376
HUNTINGTON BEACH, CA 92649

**Situs Address**

16222 MONTEREY LN SPACE 376
HUNTINGTON BEACH, CA 92649

I hereby certify that this copy is a true and correct copy of the original document on file with the Department of Housing & Community Development.

_____
Signature

**IMPORTANT**
THE OWNER INFORMATION SHOWN ABOVE MAY NOT REFLECT ALL LIENS RECORDED WITH THE
DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT AGAINST THE DESCRIBED UNIT. THE
CURRENT TITLE STATUS OF THE UNIT MAY BE CONFIRMED THROUGH THE DEPARTMENT.

DTN: 12313525

08032021 - 2

STATE OF CALIFORNIA
BUSINESS, CONSUMER SERVICES AND HOUSING AGENCY
DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT
DIVISION OF CODES AND STANDARDS
REGISTRATION AND TITLING PROGRAM



## LIEN SATISFIED

### SECTION I.    DESCRIPTION OF UNIT

This unit is a:

☑ Manufactured Home/Mobilehome ☐ Commercial Modular ☐ Floating Home ☐ Truck Camper

The Decal (License) No.(s) of the unit is: LBM1081

The Trade Name of the unit is: CUSTOM VILLA

The Serial No.(s) of the unit is: AC7V710394GB/AC7V710394GA

### SECTION II.    DEBTOR(S) NAME(S)

Name of Debtor(s): J-SANDCASTLE CO, LLC

### SECTION III.    LIENHOLDER'S CERTIFICATION

This is to certify that our/my lien in the name(s) of the debtor(s) shown above against the described unit has been fully satisfied and has not been assigned to any other party.

I/We certify under penalty of perjury that the foregoing is true and correct.

Print or Type Name of Legal Owner or Jr. Lienholder (Lender):

J-PAD LLC or RONALD J. PIERPONT

Signature of Legal Owner, Jr. Lienholder (Lender) or their Authorized Agent:

Date 7/9/2021

Address    16222 MONTEREY LN. #376      HUNTINGTON BEACH,    CA      92649
_____Street Address or P.O. Box_____City_____State___Zip___

HCD RT 475.3 (Rev. 07/16)

33

STATE OF CALIFORNIA - BUSINESS, CONSUMER SERVICES AND HOUSING AGENCY                    **GAVIN NEWSOM, Governor**

**DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT**
**DIVISION OF CODES AND STANDARDS**



# Title Search

Date Printed: Jul 27, 2021

| | | | |
|---|---|---|---|
| Decal #: | LBM1081 | Use Code: | SFD |
| Manufacturer: | SKYLINE HOMES INC | Original Price Code: | BVH |
| Tradename: | CUSTOM VILLA | Rating Year: | |
| Model: | | Tax Type: | LPT |

Manufactured Date: 05/29/2014          Last ILT Amount:

Registration Exp:                      Date ILT Fees Paid:

First Sold On:      07/28/2014          ILT Exemption:      NONE

| Serial Number | HUD Label / Insignia | Length | Width |
|---|---|---|---|
| AC7V710394GA | PFS1130282 | 60' | 15' 2" |
| AC7V710394GB | PFS1130281 | 56' | 15' 2" |

Record Conditions:

- An application for title or registration change is pending with the department. For information regarding this application, please call 1-800-952-8356 and request to speak with a customer representative.

Registered Owner:

JAMIE LYNN GALLIAN
16222 MONTEREY LN SPACE 376
HUNTINGTON BEACH, CA 92649

**Last Title Date:**       02/24/2021

**Last Reg Card:**        Pending Reg Card

**Sale/Transfer Info:**      Price $.00 Transferred on 02/25/2021

Situs Address:

16222 MONTEREY LN SPACE 376
HUNTINGTON BEACH, CA  92649
Situs County:  ORANGE

Legal Owner:

JPAD LLC
RONALD J PIERPONT
Tenants in Common Or
16222 MONTEREY LN SPACE 376
HUNTINGTON BEACH, CA 92649

**Lien Perfected On:**       02/25/21 10:11:00

Title Searches:

JANINE JASSO
PO BOX 370161
EL PASO, TX 79937

**Title File No:**            LBM1081

STATE OF CALIFORNIA
BUSINESS, CONSUMER SERVICES AND HOUSING AGENCY
DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT
DIVISION OF CODES AND STANDARDS
REGISTRATION AND TITLING PROGRAM



## STATEMENT OF FACTS

---

This unit is a: ☑ Manufactured Home / Mobilehome  ☐ Commercial Modular  ☐ Floating Home  ☐ Truck Camper

---

| Decal (License) No.(s): | Trade Name: | Serial No.(s): |
|---|---|---|
| LBM1081 | | |

I/We, the undersigned, hereby state:

I spoke with Jamie Gallian and she states the unit should be registered as Jamie Gallian as sole registered owner. The lien has been satisfied and there is no legal owner at this time. Jamie advised the county and was told there was no need to revise the Tax Clearance certificate.

I/We further agree to indemnify and save harmless the Director of the Department of Housing and Community Development, State of California, and subsequent purchasers of said unit, for any loss they may suffer resulting from registration of the above-described unit in California, or from issuance of a California Certificate of Title covering the same.

I/We certify under penalty of perjury that the foregoing is true and correct.

Executed on ___7/28/21___ at ___Sacramento___, ___CA___
              Date                            City                  State

Signature(s):                  Printed name(s):
                               Rebecca M O'Loughlin, Program Tech II

Address _____

City _____  State _____

HCD RT 476.6 (Rev, 07/16)

35

Case 8:21-bk-11710-SC    Doc 500    Filed 08/06/24    Entered 08/04/24 00:59:08    Desc
Case 8:21-bk-11710-SC    Main Document    Filed 06/01/22    Page 67 of 326    06/01/22 09:54:17    Desc
Exhibit Part 2 of 2    Page 67 of 326

ST...DE...MMUNITY DEVELOPMENT

LBM1081

| Manufacturer ID/Name | | | | | RY |
|---|---|---|---|---|---|
| 90002   SKYLINE HOMES INC | C | | | 014 | |
| Serial Number | La | | | | |
| AC7V710394GB | Pl | | | 2021 | |
| AC7V710394GA | Pl | | | | |

**Addressee**

J-PAD LLC
21742 ANZA AVE
TORRANCE, CA  90503

**Registered Owner(s)**

JAMIE LYNN GALLIAN
16222 MONTEREY LN SPA
HUNTINGTON BEACH, CA

**Situs Address**

16222 MONTEREY LN SPA
HUNTINGTON BEACH, CA

**Legal Owner(s)**

J-PAD LLC
21742 ANZA AVE
TORRANCE, CA 90503

Lien Perfected On:      01/1

FIRST-CLASS MAIL
PRSRT
$000.46°
US POSTAGE
neopost
08/12/2021
ZIP 95633
041M12251094

RETURN
SERVICE
REQUESTED

1C8   C_BFMP   9C5C3

DEPARTMENT OF HOUSING AND
COMMUNITY DEVELOPMENT
DIVISION OF CODES AND STANDARDS
REGISTRATION & TITLING PROGRAM
P O BOX 277820
SACRAMENTO  CA  95827-7820

THE OWNER INFORMATION SHOWN ABOVE MAY NOT REFLECT ALL LIENS RECORDED WITH THE
DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT AGAINST THE DESCRIBED UNIT.  THE
CURRENT TITLE STATUS OF THE UNIT MAY BE CONFIRMED THROUGH THE DEPARTMENT.

DTN: 12339739

08122021 - 2

# STATE OF CALIFORNIA - DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT

## CERTIFICATE OF TITLE

Manufactured Home                **Decal:**  **LBM1081**

| Manufacturer ID/Name | Trade Name | Model | | DOM 05/29/2014 | DFS 07/28/2014 | RY |
|---|---|---|---|---|---|---|
| 90002    SKYLINE HOMES INC | CUSTOM VILLA | | | | | |

| Serial Number | Label/Insignia Number | Weight | Length | Width | Issued | |
|---|---|---|---|---|---|---|
| AC7V710394GB | PFS1130281 | 22,383 | 56' | 15' 2" | Aug 12, 2021 | |
| AC7V710394GA | PFS1130282 | 25,068 | 60' | 15' 2" | | |

**Addressee**

J-PAD LLC
21742 ANZA AVE
TORRANCE, CA  90503

**Registered Owner(s)**

JAMIE LYNN GALLIAN
16222 MONTEREY LN SPACE 376
HUNTINGTON BEACH, CA 92649

**Situs Address**

16222 MONTEREY LN SPACE 376
HUNTINGTON BEACH, CA 92649

**Legal Owner(s)**

J-PAD LLC
21742 ANZA AVE
TORRANCE, CA 90503

Lien Perfected On:        01/14/19 15:22:00

**IMPORTANT**
THE OWNER INFORMATION SHOWN ABOVE MAY NOT REFLECT ALL LIENS RECORDED WITH THE
DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT AGAINST THE DESCRIBED UNIT.  THE
CURRENT TITLE STATUS OF THE UNIT MAY BE CONFIRMED THROUGH THE DEPARTMENT.

DTN:  12339739                                        08122021 - 2

STATE OF CALIFORNIA
BUSINESS, CONSUMER SERVICES AND HOUSING AGENCY
DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT
DIVISION OF CODES AND STANDARDS
REGISTRATION AND TITLING PROGRAM



## STATEMENT OF ERROR OR ERASURE

| SECTION I. | DESCRIPTION OF UNIT |
| --- | --- |

The Decal (License) Number(s) of the unit is: _LBM 7081_

The Trade Name of the unit is: _Skyline Custom Villa_

The Serial Number(s) of the unit is: _AC1V710394 GO/CA_

| SECTION II. | STATEMENT OF ERROR |
| --- | --- |

The name or information appearing on, erased from, crossed through or whited-out on line _Current COT ⁸/₆/21_
or other area of the _was inaccurate information submitted on 8/6/2021. to HCD._

<div style="text-align:center"><em>Enter name of document or form</em></div>

was entered in error and has no bearing on the ownership of the unit. The name or information should not be part of
the ownership record.

In the space provided below, enter the reason for the error or erasure:

_The Original COT issued 8/3/2021 reflected Liens Satisfied
executed on 7/9/2021, by Ronald Pierpont (Husband)
releasing any & all liens perfected 8/20/2020 on COT
on behalf of Ronald J Pierpont OR J-Pad, LLC.
Janice Dillion believed that the COT stated "AND"
instead of "OR" as reflected in HCD Program tech Statement of
Facts" executed 2/22/21 by Rebecca O'Laughlin._

| SECTION III. | CERTIFICATION |
| --- | --- |

I certify under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on _6th August 2024_ at _Riverside, Ca_

<div style="text-align:center"><small>Date             City             State</small></div>

Signature _Janice A Dillion_

Address _16222 Monterey Ln Sp 376 Huntington Beach, Ca 92649_

<div style="text-align:center"><small>Address or P.O. Box          City          State      Zip</small></div>

HCD RT 475.6 (Rev. 05/17)

STATE OF CALIFORNIA
BUSINESS, CONSUMER SERVICES AND HOUSING AGENCY
DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT
DIVISION OF CODES AND STANDARDS
REGISTRATION AND TITLING PROGRAM



## STATEMENT OF ERROR OR ERASURE

**SECTION I.      DESCRIPTION OF UNIT**

The Decal (License) Number(s) of the unit is: _LBM 7084_

The Trade Name of the unit is: _Skyline Custom Villa_

The Serial Number(s) of the unit is: _AC TV710394 GB / GA._

**SECTION II.      STATEMENT OF ERROR**

The name or information appearing on, erased from, crossed through or whited-out on line _____

or other area of the _____

*Enter name of document or form*

was entered in error and has no bearing on the ownership of the unit. The name or information should not be part of

the ownership record.

In the space provided below, enter the reason for the error or erasure.

_Jamie Sullivan errored by requesting HCD place_
_J-PadLLC as a legal owner as of 1/14/2019 based on_
_UCC filed at CA Secretary of State._
_There are no liens of this personal property_
_2014 manufactured Home owned solely by_
_Jamie Sullivan. All liens were satisfied on 7/9/21._
_J-Pad need to be completely removed as they have two_
_liens issued on 8/11/21_

**SECTION III.      CERTIFICATION**

I certify under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on _10th of August 2024_ at _Riverside, Ca_
            *Date*                              *City*                              *State*

Signature _Jamie K Sullivan_

Address _16222 Monterey Ln #376 Huntington Beach, Ca_
        *Address or P.O. Box*  _714-321-3449_  *City*        *State*  *Zip* _92649_

HCD RT 475.6 (Rev. 05/17)

STATE OF CALIFORNIA
BUSINESS, CONSUMER SERVICES AND HOUSING AGENCY
DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT
DIVISION OF CODES AND STANDARDS
REGISTRATION AND TITLING PROGRAM



## LIEN SATISFIED

---

**SECTION I.       DESCRIPTION OF UNIT**

This unit is a:

[✓] Manufactured Home/Mobilehome  [ ] Commercial Modular  [ ] Floating Home  [ ] Truck Camper

The Decal (License) No.(s) of the unit is: _LBM 1081_

The Trade Name of the unit is: _Custom Villa_

The Serial No.(s) of the unit is: _AC7V710394 GA/GB._

---

**SECTION II.       DEBTOR(S) NAME(S)**

Name of Debtor(s): _Jamie L. Gallian; J. Sandcastle Co. LLC_

---

**SECTION III.       LIENHOLDER'S CERTIFICATION**

This is to certify that our/my lien in the name(s) of the debtor(s) shown above against the described unit has been fully satisfied and has not been assigned to any other party.

I/We certify under penalty of perjury that the foregoing is true and correct.

Print or Type Name of Legal Owner or Jr. Lienholder (Lender):

_Perfected 8-20-2020_

_J-PAD, LLC OR Ronald J. Pierpont._

Signature of Legal Owner, Jr. Lienholder (Lender) or their Authorized Agent:

_Released_

_J-PAD, LLC  or Ronald J Pierpont._      Date _7/9/2021_

_ce CA 90503_      State      Zip

_8/6/2024_
_Jamie Sullin wishes to state Legalowner - J-Pad LLC was entered in error, and not to be added as the Legal owner after lien satisfied executed by Ronald Pierpont on 7/9/2021_
_Jamie Gallian, Ronald Pierpont_

38

STATE OF CALIFORNIA - BUSINESS, CONSUMER SERVICES AND HOUSING AGENCY          GAVIN NEWSOM, Governor

**DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT**
DIVISION OF CODES AND STANDARDS



## Title Search

Date Printed:  Aug 8, 2024

| | | | |
|---|---|---|---|
| Decal #: | LBM1081 | Use Code: | SFD |
| Manufacturer: | SKYLINE HOMES INC - CLOSED | Original Price Code: | BVH |
| Tradename: | CUSTOM VILLA | Rating Year: | |
| Model: | | Tax Type: | LPT |

| | | | |
|---|---|---|---|
| Manufactured Date: | 05/29/2014 | Last ILT Amount: | |
| Registration Exp: | | Date ILT Fees Paid: | |
| First Sold On: | 07/28/2014 | ILT Exemption: | NONE |

| Serial Number | HUD Label / Insignia | Length | Width |
|---|---|---|---|
| AC7V710394GA | PFS1130282 | 60' | 15' 2" |
| AC7V710394GB | PFS1130281 | 56' | 15' 2" |

Record Conditions:

- An application for title or registration change is pending with the department.  For information
regarding this application, please call 1-800-952-8356 and request to speak with a customer
representative.

Registered Owner:

JAMIE LYNN GALLIAN
16222 MONTEREY LN SPACE 376
HUNTINGTON BEACH, CA 92649

| | |
|---|---|
| **Last Title Date:** | 08/12/2021 |
| **Last Reg Card:** | 08/12/2021 |
| **Sale/Transfer Info:** | Price $.00 Transferred on 02/25/2021 |

Situs Address:

16222 MONTEREY LN SPACE 376
HUNTINGTON BEACH, CA  92649
Situs County:  ORANGE

Title Searches:

CHRIS HOUSER
16222 MONTEREY LN OFC
HUNTINGTON BEACH, CA 92649

**Title File No:**          None

\*\*\*END OF TITLE SEARCH\*\*\*

# STATE OF CALIFORNIA - DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT
## REGISTRATION CARD

Manufactured Home

**Decal: LBM1081**

| Manufacturer ID/Name | Trade Name | Model | | DOM | DFS | RY | Exp. Date |
|---|---|---|---|---|---|---|---|
| 90002   SKYLINE HOMES INC - CLOSED | CUSTOM VILLA | | | 05/29/2014 | 07/28/2014 | | |

| Serial Number | Label/Insignia Number | Weight | Length | Width | Issued |
|---|---|---|---|---|---|
| AC7V710394GB | PFS1130281 | 22,383 | 56' | 15' 2" | Aug 09, 2024 |
| AC7V710394GA | PFS1130282 | 25,068 | 60' | 15' 2" | |



**Addressee**

JAMIE LYNN GALLIAN
16222 MONTEREY LN SPACE 376
HUNTINGTON BEACH, CA  92649

**Registered Owner(s)**

JAMIE LYNN GALLIAN
16222 MONTEREY LN SPACE 376
HUNTINGTON BEACH, CA 92649

**Situs Address**

16222 MONTEREY LN SPACE 376
HUNTINGTON BEACH, CA 92649

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**ATTENTION OWNER:**

THIS IS THE REGISTRATION CARD FOR THE
UNIT DESCRIBED ABOVE.  PLEASE KEEP THIS
CARD IN A SAFE PLACE WITHIN THE UNIT.

**INSTRUCTIONS FOR RENEWAL:**

REGISTRATION FOR THIS UNIT EXPIRES ON THE
DATE INDICATED ABOVE IN THE BOX LABELED
"Exp. Date".  THERE ARE SUBSTANTIAL
PENALTIES FOR DELINQUENCY.  IF YOU DO NOT
RECEIVE A RENEWAL NOTICE WITHIN 10 DAYS
PRIOR TO THE EXPIRATION DATE, CONTACT
H.C.D. FOR RENEWAL INSTRUCTIONS.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**IMPORTANT**

THE OWNER INFORMATION SHOWN ABOVE MAY NOT REFLECT ALL LIENS RECORDED WITH THE
DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT AGAINST THE DESCRIBED UNIT.  THE
CURRENT TITLE STATUS OF THE UNIT MAY BE CONFIRMED THROUGH THE DEPARTMENT.

DTN: 13413446

08092024 - 1

# STATE OF CALIFORNIA - DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT
## CERTIFICATE OF TITLE

Manufactured Home

**Decal:** LBM1081

| Manufacturer ID/Name | Trade Name | Model | DOM | DFS | RY |
|---|---|---|---|---|---|
| 90002    SKYLINE HOMES INC - CLOSED | CUSTOM VILLA | | 05/29/2014 | 07/28/2014 | |

| Serial Number | Label/Insignia Number | Weight | Length | Width | Issued |
|---|---|---|---|---|---|
| AC7V710394GB | PFS1130281 | 22,383 | 56' | 15' 2" | Aug 09, 2024 |
| AC7V710394GA | PFS1130282 | 25,068 | 60' | 15' 2" | |

**Addressee**

JAMIE LYNN GALLIAN
16222 MONTEREY LN SPACE 376
HUNTINGTON BEACH, CA  92649

**Registered Owner(s)**

JAMIE LYNN GALLIAN
16222 MONTEREY LN SPACE 376
HUNTINGTON BEACH, CA 92649

**Situs Address**

16222 MONTEREY LN SPACE 376
HUNTINGTON BEACH, CA 92649

**IMPORTANT**
THE OWNER INFORMATION SHOWN ABOVE MAY NOT REFLECT ALL LIENS RECORDED WITH THE
DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT AGAINST THE DESCRIBED UNIT.  THE
CURRENT TITLE STATUS OF THE UNIT MAY BE CONFIRMED THROUGH THE DEPARTMENT.

DTN:  13413446

08092024 - 2

TRUSTEE'S ADVERSARY COMPLAINT
CASE NO. 8:23-AP-01064

1.     DOC 83 DEFAULT JUDGEMENT AGAINST RONALD PIERPONT

2.     TABLE OF UCC'S PAGE 41-60
       APPEAR UCC'S NOT RELEVANT TO `CAUSES AND
ALLEGATIONS AGAINST RONALD PIERPONT. PIERPONT'S
PERFECTED LIEN ON FACE OF CERTIFICATE OF TITLE IS LAWFUL
AND EXECUTION OF LIEN SATISFIED 7/9/2021, TWO YEARS
BEFORE TRUSTEE'S FILED THIS ADVERSARY SEEMS
NONSENSICAL CONSIDERING THE FACTS PRESENTED.

## 3.     DOC 98 Order Dismissing Trustee's Alternative And Remaining Claims Against The Defendants Without Prejudice. IT IS ORDERED: 1. The Alternative And Remaining Claims For Relief In The Plaintiff's Complaint Are DISMISSED Without Prejudice, As Follows:

a. The Seventh Claim For Relief Is DISMISSED Against
Defendants Steven D. Gallian, Brian J. Gallian, Justin Barclay, E. J.
Gallian, And Robert J. McLelland, Without Prejudice.

**b, The First, Second, Third, Fourth, And Seventh
Claims For Relief Are DISMISSED Against Defendant
Ronald J. Pierpont, Without Prejudice.**
**<u>SEE U.C.C. TABLE PAGE 48 OF THIS MOTION.</u>**

c. The Second, Third, Fourth, Sixth, Seventh, Eighth, Ninth, And
Tenth Claims For Relief Are DISMISSED Against Defendant J-Pad
LLC Without Prejudice.
d. The Second, Third, Fourth, Fifth, Sixth, And Seventh Claims For
Relief Are DISMISSED Against Defendant J- Sandcastle Co., LLC,
Without Prejudice.
(BNC-PDF) Signed on 7/9/2024. (NB8) (Entered: 07/09/2024

1 | ERIC P. ISRAEL (State Bar No. 132426)
*eisrael@DanningGill.com*
2 | AARON E. DE LEEST (State Bar No. 216832)
*adeleest@DanningGill.com*
3 | SHANTAL MALMED (State Bar No. 351496)
*smalmed@DanningGill.com*
4 | DANNING, GILL, ISRAEL & KRASNOFF, LLP
1901 Avenue of the Stars, Suite 450
5 | Los Angeles, California 90067-6006
Telephone: (310) 277-0077
6 | Facsimile: (310) 277-5735

**FILED & ENTERED**

**MAY 10 2024**

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bolte          DEPUTY CLERK

7 | Attorneys for Plaintiff Jeffrey I. Golden,
Chapter 7 Trustee

8

9 | **UNITED STATES BANKRUPTCY COURT**

10 | **CENTRAL DISTRICT OF CALIFORNIA**

11 | **SANTA ANA DIVISION**

12

13 | In re | Case No. 8:21-bk-11710-SC

14 | JAMIE LYNN GALLIAN, | Chapter 7

15 | Debtor.

16

17 | JEFFREY I. GOLDEN, Chapter 7 Trustee, | Adv. No. 8:23-ap-01064-SC

Plaintiff, | **DEFAULT JUDGMENT AGAINST RONALD J. PIERPONT**

18

19 | vs. | Date: May 7, 2024
Time: 1:30 p.m.
20 | J-SANDCASTLE CO., LLC; J-PAD LLC; | Place: Courtroom 5C
STEVEN D. GALLIAN; BRIAN J. | 411 W. Fourth Street
21 | GALLIAN; JUSTIN BARCLAY; RONALD | Santa Ana, California 92701
J. PIERPONT; ROBERT J. MCLELLAND;
22 | AND E.J. GALLIAN,

23 | Defendants.

24 |         On March 27, 2024, Plaintiff Jeffrey I. Golden, as the Chapter 7 Trustee (the "Trustee" or

25 | "Plaintiff") for the bankruptcy estate of Jamie Lynn Gallian (the "Debtor"), filed the Motion for

26 | Default Judgment under LBR 7055-1 against Defendant Ronald J. Pierpont (the "Motion") (*docket*

27 | *no. 58*), which was heard by the Court on May 7, 2024.  Default was previously entered against

28 | Defendant Ronald J. Pierpont (the "Defendant") on August 22, 2023.

1    The Court having granted the Motion pursuant to an order entered contemporaneously

2    herewith, and good cause appearing:

3        IT IS ORDERED, ADJUDGED AND DECREED THAT:

4        1.    Default judgment is entered in favor of the Plaintiff and against the Defendant on

5    the Plaintiff's fifth and sixth claims for relief in the Complaint.

6        2.    The Defendant is not a party to any security agreement or agreements that would

7    grant Defendant a security interest in or lien on the manufactured home located at 16222 Monterey

8    Lane, Space #376, Huntington Beach, CA 92649, Decal # LBM1081, Serial # AC7V710394GA,

9    AC7V710394GB (the "Property").

10        3.    The Defendant has no interest in the Property.

11        4.    The Defendant does not have any valid, perfected, and/or unavoidable liens on the

12    Property.

13        5.    The transfers to the Defendant relating to the Property, including the following

14    UCC Financing Statement Amendments (UCC-3), and any liens on the Property in favor of the

15    Defendant are avoided and preserved for the benefit of the Debtor's estate in the name of

16    Jeffrey I. Golden, Chapter 7 Trustee for the bankruptcy estate of Jamie Lynn Gallian.

| UCC Filing Date | UCC Type | Filing No. |
|---|---|---|
| 12/4/2020 | UCC-3 Amendment | U200034803831 |
| 9/8/2021 | UCC-3 Amendment | U210083394336 |
| 9/8/2021 | UCC-3 Amendment | U210083400018 |
| 9/12/2021 | UCC-3 Amendment | U210084251426 |
| 9/12/2021 | UCC-3 Amendment | U210084255728 |
| 9/12/2021 | UCC-3 Amendment | U210084256326 |
| 9/24/2021 | UCC-3 Amendment | U210088103629 |

1770828.1  27064

2

6.      Pursuant of Rule 54 of the Federal Rules of Civil Procedure there is no just reason

for delay in entry of this judgment against the Defendant.

<div align="center">###</div>

Date: May 10, 2024

Scott C. Clarkson
United States Bankruptcy Judge

Jamie Lynn Gallian.

| UCC Filing Date | UCC Type | Filing No. |
|---|---|---|
| 1/14/2019 | UCC-1 Financing Statement | 197691916827 |
| 1/14/2019 | UCC-1 Financing Statement | 197691915674 |
| 1/14/2019 | UCC-1 Financing Statement | 197691905279 |
| 12/4/2020 | UCC-3 Amendment | U200034803831 |
| 9/8/2021 | UCC-3 Amendment | U210083394336 |
| 9/8/2021 | UCC-3 Amendment | U210083400018 |
| 9/12/2021 | UCC-3 Amendment | U210084251426 |
| 9/12/2021 | UCC-3 Amendment | U210084255728 |
| 9/12/2021 | UCC-3 Amendment | U210084256326 |
| 9/24/2021 | UCC-3 Amendment | U210088103629 |

1770829.1 27064

2

## UCC FINANCING STATEMENT

FOLLOW INSTRUCTIONS

A. NAME & PHONE OF CONTACT AT FILER (optional)

Jamie Gallian

714-321-3449

B. E-MAIL CONTACT AT FILER (optional)

C. SEND ACKNOWLEDGMENT TO: (Name and Address)

Jamie Lynn Gallian
16222 Monterey Ln #376
Huntington Beach, CA 92649
USA

DOCUMENT NUMBER: 76027940003
FILING NUMBER: 19-7691916827
FILING DATE: 01/14/2019 09:10

IMAGE GENERATED ELECTRONICALLY FOR WEB FILING
THE ABOVE SPACE IS FOR CA FILING OFFICE USE ONLY

1. DEBTOR'S NAME: Provide only one Debtor name (1a or 1b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 1b, leave all of item 1 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 1a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| J-SANDCASTLE CO LLC | | | | |
| 1b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX |
| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| 16222 MONTEREY LN #376 | HUNTINGTON BEACH | CA | 92649 | USA |

2. DEBTOR'S NAME: Provide only one Debtor name (2a or 2b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 2b, leave all of item 2 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 2a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| 2b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX |
| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |

3. SECURED PARTY'S NAME (or NAME of ASSIGNEE of ASSIGNOR SECURED PARTY): Provide only one Secured Party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| J-Pad, LLC - CA SOS Entity No. 201804010750 | | | | |
| 3b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | | SUFFIX |
| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| 2702 N GAFF ST | ORANGE | CA | 92865 | USA |

4. COLLATERAL: This financing statement covers the following collateral:
LOCATED ON PROPERTY RECORDED IN ORANGE COUNTY CLERK RECORDERS OFFICE IN CALIFORNIA PARCEL MAP RECORDED IN BOOK 108, PG(S) 47-48.

ASSESSORS PARCEL NUMBER 891-569-62
SERIAL NUMBERS AC7V710394GB, AC7V710394GA; DECAL NUMBER LBM1081

5. Check only if applicable and check only one box: Collateral is ☐ held in a Trust (see UCC1Ad, item 17 and Instructions)    ☐ being administered by a Decedent's Personal Representative

6a. Check only if applicable and check only one box:
☐ Public-Finance Transaction   ☑ Manufactured-Home Transaction   ☐ A Debtor is a Transmitting Utility

6b. Check only if applicable and check only one box:
☐ Agricultural Lien   ☐ Non-UCC Filing

7. ALTERNATIVE DESIGNATION (if applicable):   ☐ Lessee/Lessor   ☐ Consignee/Consignor   ☐ Seller/Buyer   ☐ Bailee/Bailor   ☐ Licensee/Licensor

8. OPTIONAL FILER REFERENCE DATA:

FILING OFFICE COPY

Page 2

# UCC FINANCING STATEMENT ADDENDUM

FOLLOW INSTRUCTIONS

9. NAME OF FIRST DEBTOR: Same as line 1a or 1b on Financing Statement; if line 1b was left blank because individual Debtor name did not fit, check here ☐

| | |
|---|---|
| **9a. ORGANIZATION'S NAME** | |
| J-SANDCASTLE CO LLC | |

OR

| **9b. INDIVIDUAL'S SURNAME** | |
|---|---|
| **FIRST PERSONAL NAME** | |
| **ADDITIONAL NAME(S)/INITIAL(S)** | **SUFFIX** |

**DOCUMENT NUMBER: 76027940003**

IMAGE GENERATED ELECTRONICALLY FOR WEB FILING
THE ABOVE SPACE IS FOR CA FILING OFFICE USE ONLY

10. DEBTOR'S NAME: Provide (10a or 10b) only one additional Debtor name or Debtor name that did not fit in line 1b or 2b of the Financing Statement (Form UCC1) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name) and enter the mailing address in line 10c

| | | | | |
|---|---|---|---|---|
| **10a. ORGANIZATION'S NAME** | | | | |

OR

| **10b. INDIVIDUAL'S SURNAME** | | | | |
|---|---|---|---|---|
| **INDIVIDUAL'S FIRST PERSONAL NAME** | | | | |
| **INDIVIDUAL'S ADDITIONAL NAME(S)/INITIAL(S)** | | | | **SUFFIX** |

| **10c. MAILING ADDRESS** | **CITY** | **STATE** | **POSTAL CODE** | **COUNTRY** |
|---|---|---|---|---|

11. ☐ ADDITIONAL SECURED PARTY'S NAME or ☒ ASSIGNOR SECURED PARTY'S NAME: Provide only one name (11a or 11b)

| **11a. ORGANIZATION'S NAME** | | | |
|---|---|---|---|

OR

| **11b. INDIVIDUAL'S SURNAME** | **FIRST PERSONAL NAME** | **ADDITIONAL NAME(S)/INITIAL(S)** | **SUFFIX** |
|---|---|---|---|
| GALLIAN | JAMIE | LYNN | |

| **11c. MAILING ADDRESS** | **CITY** | **STATE** | **POSTAL CODE** | **COUNTRY** |
|---|---|---|---|---|
| 16222 MONTEREY LANE #376 | HUNTINGTON BEACH | CA | 92649 | USA |

12. ADDITIONAL SPACE FOR ITEM 4 (collateral):

13. ☐ This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS (if applicable)

14. This FINANCING STATEMENT:
☐ covers timber to be cut    ☐ covers as-extracted collateral    ☐ is filed as a fixture filing.

15. Name and address of RECORD OWNER of real estate described in item 16 (if Debtor does not have a record interest):

16. Description of real estate:

17. MISCELLANEOUS:

FILING OFFICE COPY

# UCC FINANCING STATEMENT

FOLLOW INSTRUCTIONS

**A. NAME & PHONE OF CONTACT AT FILER (optional)**
Jamie Gallian
714-321-3449

**B. E-MAIL CONTACT AT FILER (optional)**

**C. SEND ACKNOWLEDGMENT TO: (Name and Address)**
Jamie Lynn Gallian
16222 Monterey Ln #376
Huntington Beach, CA 92649
USA

DOCUMENT NUMBER: 76027940002
FILING NUMBER: 19-7691915674
FILING DATE: 01/14/2019 08:55

IMAGE GENERATED ELECTRONICALLY FOR WEB FILING
THE ABOVE SPACE IS FOR CA FILING OFFICE USE ONLY

1. **DEBTOR'S NAME:** Provide only one Debtor name (1a or 1b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 1b, leave all of item 1 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 1a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| J-SANDCASTLE CO LLC | | | | |

OR

| 1b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
|---|---|---|---|---|

| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 16222 MONTEREY LN #376 | HUNTINGTON BEACH | CA | 92649 | USA |

2. **DEBTOR'S NAME:** Provide only one Debtor name (2a or 2b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 2b, leave all of item 2 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 2a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|

OR

| 2b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
|---|---|---|---|---|
| GALLIAN | JAMIE | | LYNN | |

| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 16222 MONTEREY LANE #376 | HUNTINGTON BEACH | CA | 92649 | USA |

3. **SECURED PARTY'S NAME** (or NAME of ASSIGNEE of ASSIGNOR SECURED PARTY): Provide only one Secured Party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| J-Pad, LLC - CA SOS Entity No. 201804010750 | | | | |

OR

| 3b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
|---|---|---|---|---|

| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 2702 N GAFF STREET | ORANGE | CA | 92865 | USA |

4. **COLLATERAL:** This financing statement covers the following collateral:
LOCATED ON CLERK RECORDER OFFICE OF ORANGE COUNTY CALIFORNIA FILED DECEMBER 20, 1977, PARCEL MAP BOOK NO. 108 PG(S) 47, 48, T.P.M. 77-7, R.S.T.8531

SERIAL NUMBERAC7V710394GB, AC7V710394GA; DECAL NUMBER LBM1081
ASSESSORS PARCEL NUMBER 891-569-62

5. Check only if applicable and check only one box: Collateral is ☐ held in a Trust (see UCC1Ad, item 17 and instructions)   ☐ being administered by a Decedent's Personal Representative

6a. Check only if applicable and check only one box:   ☐ Public-Finance Transaction   ☐ Manufactured-Home Transaction   ☐ A Debtor is a Transmitting Utility
6b. Check only if applicable and check only one box:   ☐ Agricultural Lien   ☐ Non-UCC Filing

7. **ALTERNATIVE DESIGNATION (if applicable):**   ☐ Lessee/Lessor   ☐ Consignee/Consignor   ☐ Seller/Buyer   ☐ Bailee/Bailor   ☐ Licensee/Licensor

8. OPTIONAL FILER REFERENCE DATA:

**FILING OFFICE COPY**

# UCC FINANCING STATEMENT

FOLLOW INSTRUCTIONS

**A. NAME & PHONE OF CONTACT AT FILER (optional)**
Jamie Gallian
714-321-449

**B. E-MAIL CONTACT AT FILER (optional)**

**C. SEND ACKNOWLEDGMENT TO: (Name and Address)**
J-Pad, LLC
5782 Pinon Drive
Huntington Beach, CA 92649
USA

**DOCUMENT NUMBER:** 76027030002
**FILING NUMBER:** 19-7691805279
**FILING DATE:** 01/14/2019 08:16

IMAGE GENERATED ELECTRONICALLY FOR WEB FILING
THE ABOVE SPACE IS FOR CA FILING OFFICE USE ONLY

1. **DEBTOR'S NAME:** Provide only one Debtor name (1a or 1b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 1b, leave all of item 1 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| | 1a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|---|
| OR | J-Sandcastle Co LLC | | | | |
| | 1b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |

| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 16222 Monterey Lane #376 | Huntington Beach | CA | 92649 | USA |

2. **DEBTOR'S NAME:** Provide only one Debtor name (2a or 2b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 2b, leave all of item 2 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| | 2a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|---|
| OR | 2b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| | Gallian | Jamie | | Lynn | |

| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 16222 Monterey Ln #376 | Huntington Beach | CA | 92649 | USA |

3. **SECURED PARTY'S NAME** (or NAME of ASSIGNEE of ASSIGNOR SECURED PARTY): Provide only one Secured Party name (3a or 3b)

| | 3a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|---|
| OR | J-Pad, LLC - CA SOS Entity No. 201804010750 | | | | |
| | 3b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |

| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 2702 N GAFF STREET | ORANGE | CA | 92865 | USA |

4. **COLLATERAL:** This financing statement covers the following collateral:
ORANGE COUNTY CALIFORNIA ASSESSOR'S PARCEL NUMBER 891-569-62
SERIAL NUMBERS AC7V710394GB, AC7V710394GA
DECAL NUMBER LBM1081

5. Check only if applicable and check only one box: Collateral is ☐ held in a Trust (see UCC1Ad, item 17 and instructions)   ☐ being administered by a Decedent's Personal Representative

| 6a. Check only if applicable and check only one box: | 6b. Check only if applicable and check only one box: |
|---|---|
| ☐ Public-Finance Transaction  ☑ Manufactured-Home Transaction  ☐ A Debtor is a Transmitting Utility | ☐ Agricultural Lien  ☐ Non-UCC Filing |

7. **ALTERNATIVE DESIGNATION (if applicable):**  ☐ Lessee/Lessor  ☐ Consignee/Consignor  ☐ Seller/Buyer  ☐ Bailee/Bailor  ☐ Licensee/Licensor

8. **OPTIONAL FILER REFERENCE DATA:**

**FILING OFFICE COPY**



U200034803831

B0349-4529 12/04/2020 2:14 PM Received by California Secretary of State



**STATE OF CALIFORNIA**
*Office of the Secretary of State, Alex Padilla*
**UCC FINANCING STATEMENT AMENDMENT (UCC 3)**
California Secretary of State
1500 11th Street
Sacramento, California 95814
(916) 653-3516

For Office Use Only

**-FILED-**

File #: U200034803831
Date Filed: 12/4/2020

Submitter Information:
Contact Name
Organization Name
Phone Number
Email Address
Address                                         None

Amendment Action Information:
Initial Financing Statement File Number          197691905279
Date Filed                                       01/14/2019
Amendment Action                                 Secured Party Amendment
Secured Party Action                             Add Secured Party

Add Secured Party:

| Secured Party Name | Mailing Address |
|---|---|
| Steven D Gallian | 16222 MONTEREY LN #376 HUNTINGTON BEACH, CA 92649 |
| Brian J Gallian | 16222 MONTEREY LN #376 HUNTINGTON BEACH, CA 92649 |

Name of Secured Party of Record Authorizing This Amendment:

☐ If this Amendment is authorized by a Debtor, check this box and select the name of the Authorizing Debtor below.

Authorizing Secured Party Name          J-PAD, LLC    -    CA SOS ENTITY NO. 201804010750

Optional Filer Reference Information:

Miscellaneous Information:



U210083394336

B0428-3050 09/08/2021 3:22 PM Received by California Secretary of State



**STATE OF CALIFORNIA**
*Office of the Secretary of State*
**UCC FINANCING STATEMENT AMENDMENT (UCC 3)**

California Secretary of State
1500 11th Street
Sacramento, California 95814
(916) 653-3516

| For Office Use Only |
| :-: |
| **-FILED-** |
| File #: U210083394336 |
| Date Filed: 9/8/2021 |

Submitter Information:
  Contact Name
  Organization Name
  Phone Number
  Email Address
  Address                                    None

Amendment Action Information:
  Initial Financing Statement File Number          197691905279
  Date Filed                                       01/14/2019
  Amendment Action                                 Secured Party Amendment
  Secured Party Action                             Add Secured Party

Add Secured Party:

| Secured Party Name | Mailing Address |
| --- | --- |
| RONALD J. PIERPONT | 4519 PONDEROSA WAY<br>YORBA LINDA, CA 92886<br>HUTINGTON BEACH, CA 92649 |
| ROBERT MCLELLAND | 21742 ANZA AVENUE<br>TORRANCE, CA 90503 |
| JUSTIN D. BARCLAY | 16222 MONTEREY LN #376<br>HUNTINGTON BEACH, CA 92649 |
| E. J. GALLIAN | 16222 MONTEREY LN #376<br>HUNTINGTON BEACH, CA 92649 |

Name of Secured Party of Record Authorizing This Amendment:

☐   If this Amendment is authorized by a Debtor, check this box and select the name of the Authorizing Debtor below.

Authorizing Secured Party Name                    J-PAD, LLC   -   CA SOS ENTITY NO. 201804010750

Optional Filer Reference Information:

Miscellaneous Information:

B0428-3116  09/08/2021  3:41 PM  Received by California Secretary of State

U210083400018



**STATE OF CALIFORNIA**
*Office of the Secretary of State*
**UCC FINANCING STATEMENT AMENDMENT (UCC 3)**
California Secretary of State
1500 11th Street
Sacramento, California 95814
(916) 653-3516

For Office Use Only

**-FILED-**

File #: U210083400018

Date Filed: 9/8/2021

Submitter Information:

Contact Name

Organization Name

Phone Number

Email Address

Address                                                        None

Amendment Action Information:

| | |
|---|---|
| Initial Financing Statement File Number | 197691905279 |
| Date Filed | 01/14/2019 |
| Amendment Action | Secured Party Amendment |
| Secured Party Action | Edit Secured Party |

Edit Secured Party:

| Secured Party Name | Mailing Address |
|---|---|
| *Changed From:*<br>JUSTIN D. BARCLAY<br>*Changed To:*<br>JUSTIN D. BARCLAY | *Changed From:*<br>16222 MONTEREY LN #376<br>HUNTINGTON BEACH, CA 92649<br>*Changed To:*<br>3334 E. COAST HWY. #126<br>CORONA DEL MAR, CA 92625 |
| *Changed From:*<br>BRIAN J GALLIAN<br>*Changed To:*<br>BRIAN J GALLIAN | *Changed From:*<br>16222 MONTEREY LN #376<br>HUNTINGTON BEACH, CA 92649<br>*Changed To:*<br>3334 E. COAST HWY. #126<br>HUNTINGTON BEACH, CA 92649 |
| *Changed From:*<br>E. J. GALLIAN<br>*Changed To:*<br>E. J. GALLIAN | *Changed From:*<br>16222 MONTEREY LN #376<br>HUNTINGTON BEACH, CA 92649<br>*Changed To:*<br>3334 E. COAST HWY. #126<br>HUNTINGTON BEACH, CA 92649 |
| *Changed From:*<br>STEVEN D GALLIAN<br>*Changed To:*<br>STEVEN D GALLIAN | *Changed From:*<br>16222 MONTEREY LN #376<br>HUNTINGTON BEACH, CA 92649<br>*Changed To:*<br>3334 E. COAST HWY #126<br>CORONA DEL MAR, CA 92625 |
| *Changed From:*<br>J-PAD, LLC - CA SOS ENTITY NO. 201804010750<br>*Changed To:*<br>J-PAD, LLC - CA SOS ENTITY NO. 201804010750 | *Changed From:*<br>2702 N GAFF STREET<br>ORANGE, CA 92865<br>*Changed To:*<br>16222 MONTEREY LN #376<br>HUNTINGTON BEACH, CA 92649 |

Name of Secured Party of Record Authorizing This Amendment:

B0428-3117  09/08/2021  3:41 PM  Received by California Secretary of State

☐ If this Amendment is authorized by a Debtor, check this box and select the name of the Authorizing Debtor below.

Authorizing Secured Party Name                    J-PAD, LLC    -    CA SOS ENTITY NO. 201804010750

Optional Filer Reference Information:

Miscellaneous Information:



U210084251426

B0428-8874 09/12/2021 10:11 AM Received by California Secretary of State



**STATE OF CALIFORNIA**
*Office of the Secretary of State*
**UCC FINANCING STATEMENT AMENDMENT (UCC 3)**
California Secretary of State
1500 11th Street
Sacramento, California 95814
(916) 653-3516

For Office Use Only

**-FILED-**

File #: U210084251426
Date Filed: 9/12/2021

| Submitter Information: | |
|---|---|
| Contact Name | Ron Pierpont; Bob McLelland, its Managers |
| Organization Name | J-Pad, LLC |
| Phone Number | (909) 202-3145 |
| Email Address | ronpierpont@gmail.com |
| Address | 4519 Ponderosa Way |
| | Yorba Linda, CA 92886 |

| Amendment Action Information: | |
|---|---|
| Initial Financing Statement File Number | 197691916827 |
| Date Filed | 01/14/2019 |
| Amendment Action | Secured Party Amendment |
| Secured Party Action | Add Secured Party |

Add Secured Party:

| Secured Party Name | Mailing Address |
|---|---|
| Steven D. Gallian | 3334 E. COAST HWY.<br>#126<br>CORONA DEL MAR, CA 92625 |
| Brian J. Gallian | 3334 E. COAST HWY.<br>#126<br>CORONA DEL MAR, CA 92625 |
| Justin D. Barclay | 3334 E. COAST HWY.<br>#126<br>CORONA DEL MAR, CA 92625 |
| Ronald J. Pierpont | 4519 PONDEROSA WAY<br>YORBA LINDA, CA 92886 |
| Robert J. McLelland | 21742 ANZA AVENUE<br>TORRANCE, CA 90503 |
| Jamie L. Gallian | 16222 MONTEREY LN.<br>#376<br>HUNTINGTON BEACH, CA 92649 |
| EJ Gallian | BRIAN J. GALLIAN<br>3334 E. COAST HWY<br>#126<br>CORONA DEL MAR, CA 92625 |

Name of Secured Party of Record Authorizing This Amendment:

☐ If this Amendment is authorized by a Debtor, check this box and select the name of the Authorizing Debtor below.

Authorizing Secured Party Name          J-PAD, LLC  -  CA SOS ENTITY NO. 201804010750

Optional Filer Reference Information:
J-Pad, LLC   Ronald J. Pierpont and Robert J. McLelland, It's Managers

Miscellaneous Information:

B0428-8875  09/12/2021  10:11 AM Received by California Secretary of State

This is a Secured Party Amendment to U197691916827 filed 1/14/2019, adding all Secured Parties, as individuals who have a defined percentage interest in the collateral known as LBM1081, A.P.N. 891-569-62, 2014 Skyline Custom Villa, Serial No. 7V7103394GB/GA, located on APN 178-011-16, Lot 376, 16222 Monterey Lane Huntington Beach, CA 92649, to mirror the Secured Parties listed in U197691905279, filed 1/14/2019 and its Amendments therein. J-Pad, LLC will continue to be the Legal Owner listed on the COT and Note and entity who Manages the collateral for all Secured Parties.





U210084255728

B0428-8950 09/12/2021 9:27 PM Received by California Secretary of State



**STATE OF CALIFORNIA**
*Office of the Secretary of State*
**UCC FINANCING STATEMENT AMENDMENT (UCC 3)**
California Secretary of State
1500 11th Street
Sacramento, California 95814
(916) 653-3516

| For Office Use Only |
| :-: |
| **-FILED-** |
| File #: U210084255728 |
| Date Filed: 9/12/2021 |

**Submitter Information:**

| | |
| --- | --- |
| Contact Name | Ronald Pierpont or Robert Mclelland, its Managers |
| Organization Name | J--Pad, LLC |
| Phone Number | (714) 742-5999 |
| Email Address | bobwentflying@yahoo.com |
| Address | 4519 Ponderosa Way |
| | Yorba Linda, CA 92886 |

**Amendment Action Information:**

| | |
| --- | --- |
| Initial Financing Statement File Number | 197691905279 |
| Date Filed | 01/14/2019 |
| Amendment Action | Secured Party Amendment |
| Secured Party Action | Edit Secured Party |

**Edit Secured Party:**

| Secured Party Name | Mailing Address |
| --- | --- |
| Changed From:<br>JUSTIN D. BARCLAY<br>Changed To:<br>JUSTIN D. BARCLAY | Changed From:<br>3334 E. COAST HWY. #126<br>CORONA DEL MAR, CA 92625<br>Changed To:<br>3334 E. COAST HWY. #126<br>CORONA DEL MAR, CA 92625 |
| Changed From:<br>BRIAN J GALLIAN<br>Changed To:<br>BRIAN J. GALLIAN | Changed From:<br>3334 E. COAST HWY. #126<br>HUNTINGTON BEACH, CA 92649<br>Changed To:<br>3334 E. COAST HWY. #126<br>CORONA DEL MAR, CA 92625 |
| Changed From:<br>E. J. GALLIAN<br>Changed To:<br>E. J. GALLIAN | Changed From:<br>3334 E. COAST HWY. #126<br>HUNTINGTON BEACH, CA 92649<br>Changed To:<br>BRIAN J. GALLIAN<br>3334 E. COAST HWY. #126<br>CORONA DEL MAR, CA 92625 |
| Changed From:<br>STEVEN D GALLIAN<br>Changed To:<br>STEVEN D. GALLIAN | Changed From:<br>3334 E. COAST HWY #126<br>CORONA DEL MAR, CA 92625<br>Changed To:<br>3334 E. COAST HWY #126<br>CORONA DEL MAR, CA 92625 |
| Changed From:<br>J-PAD, LLC - CA SOS ENTITY NO. 201804010750<br>Changed To:<br>J-PAD, LLC - CA SOS ENTITY NO. 201804010750 | Changed From:<br>16222 MONTEREY LN #376<br>HUNTINGTON BEACH, CA 92649<br>Changed To:<br>21742 ANZA AVENUE<br>TORRANCE, CA 92503 |

Page 1 of 2

B0428-8951  09/12/2021  9:27 PM  Received by California Secretary of State

| Changed From:<br>ROBERT MCLELLAND<br>Changed To:<br>ROBERT MCLELLAND | Changed From:<br>21742 ANZA AVENUE<br>TORRANCE, CA 90503<br>Changed To:<br>21742 ANZA AVENUE<br>TORRANCE, CA 90503 |
| --- | --- |
| Changed From:<br>RONALD J. PIERPONT<br>Changed To:<br>RONALD J. PIERPONT | Changed From:<br>4519 PONDEROSA WAY<br>YORBA LINDA, CA 92886<br>HUTINGTON BEACH, CA 92649<br>Changed To:<br>4519 PONDEROSA WAY<br>YORBA LINDA, CA 92886 |

Name of Secured Party of Record Authorizing This Amendment:

☐ If this Amendment is authorized by a Debtor, check this box and select the name of the Authorizing Debtor below.

Authorizing Secured Party Name                    J-PAD, LLC    -    CA SOS ENTITY NO. 201804010750

Optional Filer Reference Information:

Miscellaneous Information:

This is a Secured Party Amendment to U197691916827 and U197691905279, Filed on 1/14/2019.  and Amendment filed 12/4/2020 U200034803831.  This filing secures the personal property collateral to the Secured Parties herein, known as LBM1081, LPT APN 891-569-62, 2014 Skyline Custom Villa the primary residence of Jamie Lynn Gallian.  Homestead Declaration filed 7/9/2021 @ 12:48 p.m. Clerk Recorder County of Orange.  HCD Registration transferred from J-Sandcastle Co LLC perfected on 2/25/2021.  J-Pad, LLC holder of Certificate of Title perfected with HCD 1/14/2019, a manager-managed LLC. entity no. 201804010750.





U210084256326



**STATE OF CALIFORNIA**
*Office of the Secretary of State*
**UCC FINANCING STATEMENT AMENDMENT (UCC 3)**
California Secretary of State
1500 11th Street
Sacramento, California 95814
(916) 653-3516

| For Office Use Only |
| --- |
| **-FILED-** |
| File #: U210084256326 |
| Date Filed: 9/12/2021 |

Submitter Information:

| Contact Name | Ronald J. Pierpont; Robert McLelland, its Managers |
| --- | --- |
| Organization Name | J-Pad, LLC   -   CA SOS Entity No. 201804010750 |
| Phone Number | (714) 742-5999 |
| Email Address | ronpierpont@gmail.com |
| Address | 21742 Anza Avenue<br>Torrance, CA 90503 |

Amendment Action Information:

| Initial Financing Statement File Number | 197691905279 |
| --- | --- |
| Date Filed | 01/14/2019 |
| Amendment Action | Secured Party Amendment |
| Secured Party Action | Edit Secured Party |

Edit Secured Party:

| Secured Party Name | Mailing Address |
| --- | --- |
| Changed From:<br>JUSTIN D. BARCLAY<br>Changed To:<br>JUSTIN D. BARCLAY | Changed From:<br>3334 E. COAST HWY. #126<br>CORONA DEL MAR, CA 92625<br>Changed To:<br>3334 E. COAST HWY. #126<br>CORONA DEL MAR, CA 92625 |
| Changed From:<br>BRIAN J GALLIAN<br>Changed To:<br>BRIAN J GALLIAN | Changed From:<br>3334 E. COAST HWY. #126<br>HUNTINGTON BEACH, CA 92649<br>Changed To:<br>3334 E. COAST HWY. #126<br>CORONA DEL MAR, CA 92625 |
| Changed From:<br>E. J. GALLIAN<br>Changed To:<br>E. J. GALLIAN | Changed From:<br>3334 E. COAST HWY. #126<br>HUNTINGTON BEACH, CA 92649<br>Changed To:<br>3334 E. COAST HWY. #126<br>CORONA DEL MAR, CA 92625 |
| Changed From:<br>STEVEN D GALLIAN<br>Changed To:<br>STEVEN D GALLIAN | Changed From:<br>3334 E. COAST HWY #126<br>CORONA DEL MAR, CA 92625<br>Changed To:<br>3334 E. COAST HWY #126<br>CORONA DEL MAR, CA 92625 |
| Changed From:<br>J-PAD, LLC - CA SOS ENTITY NO. 201804010750<br>Changed To:<br>J-PAD, LLC - CA SOS ENTITY NO. 201804010750 | Changed From:<br>16222 MONTEREY LN #376<br>HUNTINGTON BEACH, CA 92649<br>Changed To:<br>21742 ANZA AVENUE<br>TORRANCE, CA 90503 |

B0428-8959  09/13/2021 12:00 AM Received by California Secretary of State

B0428-8960 09/13/2021 12:00 AM Received by California Secretary of State

| Changed From: | Changed From: |
|---|---|
| ROBERT MCLELLAND | 21742 ANZA AVENUE |
| Changed To: | TORRANCE, CA 90503 |
| ROBERT MCLELLAND | Changed To: |
| | 21742 ANZA AVENUE |
| | TORRANCE, CA 90503 |
| Changed From: | Changed From: |
| RONALD J. PIERPONT | 4519 PONDEROSA WAY |
| Changed To: | YORBA LINDA, CA 92886 |
| RONALD J. PIERPONT | HUTINGTON BEACH, CA 92649 |
| | Changed To: |
| | 4519 PONDEROSA WAY |
| | YORBA LINDA, CA 92886 |

Name of Secured Party of Record Authorizing This Amendment:

☐ If this Amendment is authorized by a Debtor, check this box and select the name of the Authorizing Debtor below.

Authorizing Secured Party Name

J-PAD, LLC  -  CA SOS ENTITY NO. 201804010750

Optional Filer Reference Information:

Miscellaneous Information:

PERSONAL PROPERTY LBM 1081, APN 891-569-62, SERIAL NUMBER 7V710394GB/GA LOCATED ON APN 178-011-16
16222 MONTEREY LN SPC 376 HUNTINGTON BEACH, CA 92649

 

U210088103629



**STATE OF CALIFORNIA**
*Office of the Secretary of State*
**UCC FINANCING STATEMENT AMENDMENT (UCC 3)**
California Secretary of State
1500 11th Street
Sacramento, California 95814
(916) 653-3516

For Office Use Only

**-FILED-**

File #: U210088103629
Date Filed: 9/24/2021

| Submitter Information: | |
|---|---|
| Contact Name | Jamie Gallian |
| Organization Name | |
| Phone Number | (714) 321-3449 |
| Email Address | JAMIEGALLIAN@GMAIL.COM |
| Address | 16222 Monterey Ln. #376 Huntington Beach, CA 92649 |

| Amendment Action Information: | |
|---|---|
| Initial Financing Statement File Number | 197691905279 |
| Date Filed | 01/14/2019 |
| Amendment Action | Secured Party Amendment |
| Secured Party Action | Add Secured Party |

Add Secured Party:

| Secured Party Name | Mailing Address |
|---|---|
| J-PAD, LLC | 21742 ANZA AVENUE TORRANCE, CA 90503 |
| STEVEN D. GALLIAN | 3334 E. COAST HWY. #126 CORONA DEL MAR, CA 92625 |
| BRIAN J. GALLIAN | 3334 E. COAST HWY. #126 CORONA DEL MAR, CA 92625 |
| JUSTIN D. BARCLAY | 3334 E. COAST HWY. #126 CORONA DEL MAR, CA 92625 |
| RONALD J. PIERPONT | 4519 PONDEROSA WAY YORBA LINDA, CA 92886 |
| ROBERT J. MCLELLAND | 21742 ANZA AVENUE TORRANCE, CA 90503 |
| EJ GALLIAN | 3334 E. COAST HWY. #126 CORONA DEL MAR, CA 92625 |

Name of Secured Party of Record Authorizing This Amendment:

☒ If this Amendment is authorized by a Debtor, check this box and select the name of the Authorizing Debtor below.

Authorizing Debtor Name          JAMIE LYNN GALLIAN

Optional Filer Reference Information:

Miscellaneous Information:

This is a Debtor Amendment acknowledging reaffirming the Initial UCC Financing Statement 19-7691905279 filed 1/14/2019, and Amendment filed U20003480383 filed 12/4/2020. The individual secured parties listed have a defined percentage interest in the collateral known as LBM1081, APN 891-569-62, located on APN 178-011-01, Tract 10542 Unit 4, Lot 376. J-Pad, LLC a manager managed LLC will continue to be the Legal Owner listed on the COT and Holder. J-Pad. LLC will continue to manage the collateral for all Secured Parties.

B0432-8877   09/24/2021   9:04 PM   Received by California Secretary of State

<table>
<tr><td>

Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. &
Email Address

Aaron E. DE Leest
Danning, Gill, Israel & Krasnoff, LLP
1901 Avenue of the Stars Ste 450
Los Angeles, CA 90067-6006

(310) 277-0077


_Plaintiff or Attorney for Plaintiff_

</td><td>

FOR COURT USE ONLY

</td></tr>
</table>

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA

| | |
|---|---|
| In re:<br><br>Jamie Lynn Gallian<br><br><div align="right">Debtor(s).</div> | CASE NO.: 8:21-bk-11710-SC<br><br>CHAPTER: 7<br><br>ADVERSARY NUMBER: 8:23-ap-01064-SC |
| Jeffrey I. Golden<br><br><div align="right">Plaintiff(s)</div><br>Versus<br><br>J-Sandcastle Co LLC<br><br>**(See Attachment A for names of additional defendants)**<br><div align="right">Defendant(s)</div> | **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004–1]** |

TO THE DEFENDANT(S): A Complaint has been filed by the Plaintiff against you. If you wish to defend against the Complaint, you must file with the court a written pleading in response to the Complaint. You must also serve a copy of your written response on the party shown in the upper left-hand corner of this page. The deadline to file and serve a written response is **08/02/2023.** If you do not timely file and serve the response, the court may enter a judgment by default against you for the relief demanded in the Complaint.

A status conference in the adversary proceeding commenced by the Complaint has been set for:

| | |
|---|---|
| **Date:** | **September 26, 2023** |
| **Time:** | **01:30 PM** |
| **Hearing Judge:** | **Scott C Clarkson** |
| **Location:** | **411 W Fourth St., Crtrm 5C, Santa Ana, CA 92701** |

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

_December 2016_                    Page 1                    **F 7004–1.SUMMONS.ADV.PROC**

**You must comply with LBR 7016-1, which requires you to file a joint status report and to appear at a status
conference.** All parties must read and comply with the rule, even if you are representing yourself. You must cooperate with the
other parties in the case and file a joint status report with the court and serve it on the appropriate parties at least 14 days before
a status conference. A court-approved joint status report form is available on the court's website (LBR form F
7016-1.STATUS.REPORT) with an attachment for additional parties if necessary (LBR form F
7016-1.STATUS.REPORT.ATTACH). If the other parties do not cooperate in filing a joint status report, you still must file with
the court a unilateral status report and the accompanying required declaration instead of a joint status report 7 days before the
status conference. **The court may fine you or impose other sanctions if you do not file a status report. The court may
also fine you or impose other sanctions if you fail to appear at a status conference.**

KATHLEEN J. CAMPBELL
CLERK OF COURT

Date of Issuance of Summons and Notice of Status Conference in Adversary Proceeding: July 3, 2023

By: _____ "s/" Nickie Bolte _____

Deputy Clerk



---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

# ATTACHMENT A
## Names of plaintiffs and defendants

| Plaintiff(s): | Defendant(s): |
|---|---|
| Jeffrey I. Golden | J–Sandcastle Co LLC<br>J–Pad LLC<br>Justin Barclay<br>Steven D Gallian<br>Ronald J. Pierpont<br>Ronald J. McClelland<br>E. J. Gallian<br>Brian J. Gallian |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

# ATTACHMENT A

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

1901 Avenue of the Stars, Suite 450, Los Angeles, California 90067.

A true and correct copy of the foregoing document entitled: **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004–1]** and (2) the accompanying pleading(s) entitled: ORDER RE: RULE 26(f) MEETING, INITIAL DISCLOSURES, AND SCHEDULING CONFERENCE; and CHAPTER 7 TRUSTEE'S COMPLAINT: (1) TO AVOID AND RECOVER FRAUDULENT TRANSFERS; (2) TO AVOID AND RECOVER POSTPETITION TRANSFERS; (3) FOR DECLARATORY RELIEF; (4) FOR BREACH OF CONTRACT; (5) FOR MONEY HAD AND RECEIVED; **\*\*** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005–2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) __July 6, 2023__, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

ⓧ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**: On (*date*) __July 6, 2023__, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

ⓧ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**\*\*AND (6) UNJUST ENRICHMENT**

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| July 6, 2023 | Beverly Lew | /s/ Beverly Lew |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2016          **F 7004–1.SUMMONS.ADV.PROC**

**ADDITIONAL SERVICE INFORMATION (if needed):**

**1. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**

Aaron E. DE Leest on behalf of Plaintiff Jeffrey I. Golden
adeleest@DanningGill.com, danninggill@gmail.com;adeleest@ecf.inforuptcy.com

Robert P Goe on behalf of Interested Party The Huntington Beach Gables Homeowners
Association
kmurphy@goeforlaw.com, rgoe@goeforlaw.com;goeforecf@gmail.com

Jeffrey I Golden (TR)
lwerner@go2.law, jig@trustesolutions.net;kadele@go2.law;C205@ecfcbis.com

United States Trustee (SA)
ustpregion16.sa.ecf@usdoj.gov

**2. SERVED BY U.S. MAIL**

| | | |
|---|---|---|
| J-Sandcastle Co., LLC | J-Pad LLC | Steven Gallian |
| Jamie Lynn Gallian, Managing Member | Jamie Lynn Gallian, Managing Member | 2633 Luminous Lane |
| 16222 Monterey Ln Unit 376 | 16222 Monterey Ln Unit 376 | Costa Mesa, CA 92626 |
| Huntington Beach, CA 92649 | Huntington Beach, CA 92649 | |
| | | |
| Brian Gallian | Justin Barclay | Ronald J. Pierpont |
| 924 Junipero Drive | 2407 N Driftwood Avenue | 4519 Ponderosa Way |
| Costa Mesa, CA 92626 | Rialto, CA 92377 | Yorba Linda, CA 92886 |
| | | |
| Robert J. McLelland | E. J. Gallian and Brian Gallian | The Honorable Scott C. Clarkson |
| 16222 Monterey Ln Unit 376 | 924 Junipero Drive | U.S. Bankruptcy Court |
| Huntington Beach, CA 92649 | Costa Mesa, CA 92626 | 411 W. Fourth Street, Suite 5130 |
| | | Santa Ana, CA 92701 |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                     **F 9013-3.1.PROOF.SERVICE**

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Aaron E. DE Leest<br>Danning, Gill, Israel & Krasnoff, LLP<br>1901 Avenue of the Stars Ste 450<br>Los Angeles, CA 90067–6006<br><br>(310) 277–0077<br><br><br><br><br><br>*Plaintiff or Attorney for Plaintiff* | |

<div align="center">

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA

</div>

| In re:<br><br>Jamie Lynn Gallian<br><br><br><br>Debtor(s). | CASE NO.:  8:21–bk–11710–SC<br><br>CHAPTER:  7<br><br>ADVERSARY NUMBER: 8:23–ap–01064–SC |
|---|---|
| Jeffrey I. Golden<br><br><br>Plaintiff(s)<br><br>Versus<br><br>J–Sandcastle Co LLC<br><br>**(See Attachment A for names of additional defendants)**<br><br>Defendant(s) | **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004–1]** |

TO THE DEFENDANT(S): A Complaint has been filed by the Plaintiff against you. If you wish to defend against the Complaint, you must file with the court a written pleading in response to the Complaint. You must also serve a copy of your written response on the party shown in the upper left–hand corner of this page. The deadline to file and serve a written response is **08/02/2023.** If you do not timely file and serve the response, the court may enter a judgment by default against you for the relief demanded in the Complaint.

A status conference in the adversary proceeding commenced by the Complaint has been set for:

| | |
|---|---|
| Date: | **September 26, 2023** |
| Time: | **01:30 PM** |
| Hearing Judge: | **Scott C Clarkson** |
| Location: | **411 W Fourth St., Crtrm 5C, Santa Ana, CA 92701** |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*                         Page 1                         **F 7004–1.SUMMONS.ADV.PROC**

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| AARON E. DE LEEST (State Bar No. 132426) adeleest@DanningGill.com DANNING, GILL, ISRAEL & KRASNOFF, LLP 1901 Avenue of the Stars, Suite 450 Los Angeles, California 90067-6006 Telephone (310) 277-0077 Facsimile (310) 277-5735 | |
| ☐ *Plaintiff(s) appearing without attorney* ☒ *Attorney for Plaintiff(s)* | |

## UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION

| In re: JAMIE LYNN GALLIAN, Debtor(s). JEFFREY I. GOLDEN, Chapter 7 Trustee, Plaintiff(s), vs. J-SANDCASTLE CO., LLC; J-PAD LLC; STEVEN D. GALLIAN; BRIAN J. GALLIAN; JUSTIN BARCLAY; RONALD J. PIERPONT; ROBERT J. MCLELLAND; AND E. J. GALLIAN, Defendant(s). | CASE NO.: 8:21-bk-11710-SC CHAPTER: 7 ADVERSARY NO.: 8:23-ap-01064-SC |
|---|---|
| | **REQUEST FOR CLERK TO ENTER DEFAULT UNDER LBR 7055-1(a)** |
| | [No Hearing Required] |

TO THE DEFENDANT, DEFENDANT'S ATTORNEY AND OTHER INTERESTED PARTIES:

1. Name of Defendant against whom default is sought (*specify name*): _Ronald J. Pierpont_

2. Plaintiff filed the complaint in this adversary proceeding on (*specify date*): _06/30/2023_

3. The summons and complaint were served on Defendant by ☐ Personal Service ☒ Mail Service
   on the following date (*specify date*): _07/06/2023_

4. A conformed copy of the executed service of summons form is attached hereto.

5. The time for filing an answer or other responsive pleading expired on (*specify date*): _08/02/2023_

6. No answer or other responsive pleading has been filed or served by Defendant.

WHEREFORE, Plaintiff requests that the clerk of the court enter a default against this Defendant.

Date: _08/21/2023_

_/s/ Aaron E. de Leest_
Signature

_AARON E. DE LEEST_
*Printed name of Plaintiff or attorney for Plaintiff*

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

**You must comply with LBR 7016–1, which requires you to file a joint status report and to appear at a status conference.** All parties must read and comply with the rule, even if you are representing yourself. You must cooperate with the other parties in the case and file a joint status report with the court and serve it on the appropriate parties at least 14 days before a status conference. A court–approved joint status report form is available on the court's website (LBR form F 7016–1.STATUS.REPORT) with an attachment for additional parties if necessary (LBR form F 7016–1.STATUS.REPORT.ATTACH). If the other parties do not cooperate in filing a joint status report, you still must file with the court a unilateral status report and the accompanying required declaration instead of a joint status report 7 days before the status conference. **The court may fine you or impose other sanctions if you do not file a status report. The court may also fine you or impose other sanctions if you fail to appear at a status conference.**

**KATHLEEN J. CAMPBELL
CLERK OF COURT**

Date of Issuance of Summons and Notice of Status Conference in Adversary Proceeding: <u>July 3, 2023</u>

By: _____<u>"s/" Nickie Bolte</u>_____

Deputy Clerk



---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*                              Page 2                          **F 7004–1.SUMMONS.ADV.PROC**

## ATTACHMENT A
Names of plaintiffs and defendants

| Plaintiff(s): | Defendant(s): |
|---|---|
| Jeffrey I. Golden | J–Sandcastle Co LLC<br>J–Pad LLC<br>Justin Barclay<br>Steven D Gallian<br>Ronald J. Pierpont<br>Ronald J. McClelland<br>E. J. Gallian<br>Brian J. Gallian |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

## ATTACHMENT A

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

A true and correct copy of the foregoing document entitled: **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004–1]** and (2) the accompanying pleading(s) entitled:

_____

_____

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005–2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (date) _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

⬛ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**: On (date) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

⬛ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (<u>state method for each person or entity served</u>): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (date) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

⬛ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

_____   _____   _____
Date                                        Printed Name                                                 Signature

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*                                                                                 **F 7004–1.SUMMONS.ADV.PROC**

# United States Bankruptcy Court
## Central District of California

**411 West Fourth Street, Suite 2030, Santa Ana, CA 92701–4593**

| | |
|---|---|
| In re:<br>Jamie Lynn Gallian<br><br>                                   Debtor(s). | BANKRUPTCY CASE NO.:  8:21–bk–11710–SC<br><br>CHAPTER NO.:  7 |
| Jeffrey I. Golden<br><br><br>                                   Plaintiff(s)<br>                    Versus<br><br>J–Sandcastle Co LLC<br><br>**(See Attachment A for names of additional defendants)**<br>                                   Defendant(s) | ADVERSARY NO.:  8:23–ap–01064–SC |

## NOTICE THAT CLERK HAS ENTERED DEFAULT AGAINST DEFENDANT(S) UNDER LOCAL BANKRUPTCY RULE 7055–1(a)

On <u>August 21, 2023</u>, a request was filed for the clerk to enter default against defendant(s) **<u>Ronald J. Pierpont</u>**.

Having reviewed the request, the clerk hereby enters default as requested.

For the Court,

**KATHLEEN J. CAMPBELL, CLERK OF COURT**

Dated: August 22, 2023

**By: <u>Nickie Bolte</u>**
   **Deputy Clerk**

# ATTACHMENT A
## Names of plaintiffs and defendants

| Plaintiff(s): | Defendant(s): |
|---|---|
| Jeffrey I. Golden | J–Sandcastle Co LLC<br>J–Pad LLC<br>Justin Barclay<br>Steven D Gallian<br>Ronald J. Pierpont<br>Robert J. McLelland<br>E. J. Gallian<br>Brian J. Gallian |

(Form van192–nched VAN–192) Rev. 12/2014

# ATTACHMENT A

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
16222 MONTEREY LANE UNIT 378 HUNTINGTON BEACH, CA 92649

A true and correct copy of the foregoing document entitled (*specify*): NOTICE OF MOTION AND MOTION TO SET ASID
JUDGMENT AGAINST RONALD PIERPONT; DECLARATION OF RONALD PIERPONT IN SUPPORT THEREOF
EXHIBITS

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)
8/26/2024 , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☑ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) , I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 8/26/24 | JOSEPH CLARK | *Joseph Clark* |
|---------|--------------|----------------|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                          **F 9013-3.1.PROOF.SERVICE**

ADDITIONAL SERVICE INFORMATION (if needed):

## 1.  SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")

Aaron E. DE Leest on behalf of Plaintiff Jeffrey I. Golden
adeleest@DanningGill.com, danninggill@gmail.com;adeleest@ecf.inforuptcy.com

Jeffrey I Golden (TR)
lwerner@go2.law, jig@trustesolutions.net;kadele@go2.law;C205@ecfcbis.com

United States Trustee (SA)
ustpregion16.sa.ecf@usdoj.gov

## 2.  SERVED BY U.S. MAIL

J-Sandcastle Co., LLC
Jamie Lynn Gallian, Managing Member
16222 Monterey Ln Unit 376
Huntington Beach, CA 92649

J-Pad LLC
Jamie Lynn Gallian, Managing Member
16222 Monterey Ln Unit 376
Huntington Beach, CA 92649

The Honorable Scott C. Clarkson
U.S. Bankruptcy Court
411 W. Fourth Street, Suite 5130
Santa Ana, CA  92701

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                            **F 9013-3.1.PROOF.SERVICE**

CM/ECF - U.S. Bankruptcy Court (NG 1.7.1.1 - LIVE)      https://ecf.cacb.uscourts.gov/cgi-bin/DktRpt.pl?83913060320179-L...

**DEFER**

# U.S. Bankruptcy Court
## Central District of California (Santa Ana)
## Adversary Proceeding #: 8:23-ap-01064-SC

*Assigned to:* Scott C Clarkson                              *Date Filed:* 06/30/23
*Lead BK Case:* 21-11710
*Lead BK Title:* Jamie Lynn Gallian
*Lead BK Chapter:* 7
*Demand:* $225000

*Nature[s] of Suit:*  13 Recovery of money/property - 548 fraudulent transfer
                      21 Validity, priority or extent of lien or other interest in property
                      91 Declaratory judgment
                      02 Other (e.g. other actions that would have been brought in state court if unrelated to
                         bankruptcy)


*Debtor*
-----------------------
**Jamie Lynn Gallian**                          represented by **Jamie Lynn Gallian**
16222 Monterey Ln SP #376                        PRO SE
Huntington Beach, CA 92649
714-321-3449
SSN / ITIN: xxx-xx-3936


*Plaintiff*
-----------------------
**Jeffrey I. Golden,** *Chapter 7 Trustee*      represented by **Aaron E. DE Leest**
                                                 Danning, Gill, Israel & Krasnoff, LLP
                                                 1901 Avenue of the Stars Ste 450
                                                 Los Angeles, CA 90067-6006
                                                 (310) 277-0077
                                                 Fax : (310) 277-5735
                                                 Email: adeleest@DanningGill.com
                                                 *LEAD ATTORNEY*

                                                 **Shantal Malmed**
                                                 Danning Gill Israel and Krasnoff, LLP
                                                 1901 Avenue of the Stars, Ste. 450
                                                 Los Angeles, CA 90067
                                                 310-277-0077
                                                 Fax : 310-277-5735
                                                 Email: shantal.malmed@gmlaw.com

V.

**Defendant**
-----------------------
**J-Sandcastle Co LLC**                          represented by **J-Sandcastle Co LLC**
                                                                PRO SE

**Defendant**
-----------------------
**J-Pad LLC**                                    represented by **J-Pad LLC**
                                                                PRO SE

**Defendant**
-----------------------
**Steven D Gallian**                             represented by **Steven D Gallian**
                                                                PRO SE

**Defendant**
-----------------------
**Justin Barclay**                               represented by **Justin Barclay**
                                                                PRO SE

**Defendant**
-----------------------
**Ronald J. Pierpont**                           represented by **Ronald J. Pierpont**
                                                                PRO SE

**Defendant**
-----------------------
**E. J. Gallian**                                represented by **E. J. Gallian**
                                                                PRO SE

**Defendant**
----------------------
**Brian J. Gallian**                                        represented by  **Brian J. Gallian**
                                                                            PRO SE

**Defendant**
----------------------
**Robert J. McLelland**                                     represented by  **Robert J. McLelland**
16222 Monterey Ln Unit 376                                                  PRO SE
Huntington Beach, CA 92649
(310) 729-1340

**Trustee**
----------------------
**Jeffrey I Golden (TR)**                                   represented by  **Aaron E. DE Leest**
Golden Goodrich LLP                                                         Danning, Gill, Israel & Krasnoff, LLP
3070 Bristol Street, Suite 640                                              1901 Avenue of the Stars
Costa Mesa, CA 92626                                                        Suite 450
(714) 966-1000                                                              Los Angeles, CA 90067-6006
                                                                            310-277-0077
                                                                            Fax : 310-277-5735
                                                                            Email: adeleest@DanningGill.com

                                                                            **Eric P Israel**
                                                                            Danning Gill Israel & Krasnoff, LLP
                                                                            1901 Avenue of the Stars, Suite 450
                                                                            Los Angeles, CA 90067-6006
                                                                            310-277-0077
                                                                            Fax : 310-277-5735
                                                                            Email: eisrael@danninggill.com

                                                                            **Shantal Malmed**
                                                                            (See above for address)

**U.S. Trustee**
----------------------
**United States Trustee (SA)**
411 W Fourth St., Suite 7160
Santa Ana, CA 92701-4593
(714) 338-3400

| Filing Date | # | Docket Text |
|---|---|---|
| 06/30/2023 | 1<br>(17 pgs) | Adversary case 8:23-ap-01064. Complaint by Jeffrey I. Golden, Chapter 7 Trustee against J-SANDCASTLE CO., LLC, J-PAD LLC, STEVEN D. GALLIAN, BRIAN J. GALLIAN, JUSTIN BARCLAY, RONALD J. PIERPONT, ROBERT J. MCLELLAND, E. J. GALLIAN. ($350.00 Fee Charge To Estate). *Chapter 7 Trustee's Complaint: (1) To Avoid and Recover Fraudulent Transfers; (2) To Avoid and Recover PostPetition Transfers; (3) For Declaratory Relief; (4) For Breach of Contract; (5) For Money had and Received; and (6) Unjust Enrichment* Nature of Suit: (13 (Recovery of money/property - 548 fraudulent transfer)),(21 (Validity, priority or extent of lien or other interest in property)),(91 (Declaratory judgment)),(02 (Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy))) (DE Leest, Aaron) - See docket entry no.: 2 for corrections - Modified on 7/3/2023 (NB8). (Entered: 06/30/2023) |
| 07/03/2023 | 2 | Notice to Filer of Correction Made/No Action Required: **Incorrect plaintiff/defendant/attorney/party information was entered at the time of filing. Only use upper and lower case letters when entering names or documents in CM <span style="color:green">THE COURT HAS CORRECTED THIS INFORMATION. THIS ENTRY IS PROVIDED FOR FUTURE REFERENCE.</span>** (RE: related document(s)1 Complaint) (NB8) (Entered: 07/03/2023) |
| 07/03/2023 | 3<br>(8 pgs; 2 docs) | Summons Issued on Justin Barclay Date Issued 7/3/2023, Answer Due 8/2/2023; Brian J. Gallian Date Issued 7/3/2023, Answer Due 8/2/2023; E. J. Gallian Date Issued 7/3/2023, Answer Due 8/2/2023; Steven D Gallian Date Issued 7/3/2023, Answer Due 8/2/2023; J-Pad LLC Date Issued 7/3/2023, Answer Due 8/2/2023; J-Sandcastle Co LLC Date Issued 7/3/2023, Answer Due 8/2/2023; Ronald J. McClelland Date Issued 7/3/2023, Answer Due 8/2/2023; Ronald J. Pierpont Date Issued 7/3/2023, Answer Due 8/2/2023 (RE: related document(s)1 Complaint) Status Conference hearing to be held on 9/26/2023 at 01:30 PM at Crtrm 5C, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Scott C Clarkson (NB8) (Entered: 07/03/2023) |
| 07/05/2023 | 4<br>(1 pg) | Request for courtesy Notice of Electronic Filing (NEF) Filed by Goe, Robert. (Goe, Robert) (Entered: 07/05/2023) |
| 07/06/2023 | 5<br>(5 pgs) | Summons Service Executed on Justin Barclay 7/6/2023; Brian J. Gallian 7/6/2023; E. J. Gallian 7/6/2023; Steven D Gallian 7/6/2023; J-Pad LLC 7/6/2023; J-Sandcastle Co LLC 7/6/2023; Ronald J. McClelland 7/6/2023; Ronald J. Pierpont 7/6/2023 (DE Leest, Aaron) (Entered: 07/06/2023) |
| 07/06/2023 | 6<br>(6 pgs) | Notice -*Notice of Required Compliance with FRBP 7026 and LBR 7026-1; proof of service* Filed by Plaintiff Jeffrey I. Golden. (DE Leest, Aaron) (Entered: 07/06/2023) |
| 07/18/2023 | 7<br>(8 pgs; 2 docs) | Another Summons Issued on Robert J. McLelland Date Issued 7/18/2023, Answer Due 8/17/2023 (RE: related document(s)1 Complaint) Status Conference hearing to be held on 9/26/2023 at 01:30 PM at Crtrm 5C, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Scott C Clarkson (NB8) (Entered: 07/18/2023) |
| 07/18/2023 | 8<br>(5 pgs) | Summons Service Executed on Robert J. McLelland 7/18/2023 (DE Leest, Aaron) (Entered: 07/18/2023) |

CM/ECF - U.S. Bankruptcy Court (NG v.7.1.1 - LIVE)    https://ecf.cacb.uscourts.gov/cgi-bin/DktRpt.pl?838936060320179-L-...

| | | |
|---|---|---|
| 07/18/2023 | [9](#)<br>(5 pgs) | Stipulation By Jeffrey I. Golden and *defendants Steven D. Gallian, Brian J. Gallian, Justin Barclay, and E.J. Gallian, to Continue Deadline to Respond to the Complaint; proof of service* Filed by Plaintiff Jeffrey I. Golden (DE Leest, Aaron) (Entered: 07/18/2023) |
| 07/18/2023 | [10](#)<br>(6 pgs) | Notice of lodgment *of Order in Adversary Proceeding; proof of service* Filed by Plaintiff Jeffrey I. Golden (RE: related document(s)[9](#)<br>Stipulation By Jeffrey I. Golden and *defendants Steven D. Gallian, Brian J. Gallian, Justin Barclay, and E.J. Gallian, to Continue Deadline to Respond to the Complaint; proof of service* Filed by Plaintiff Jeffrey I. Golden (DE Leest, Aaron) filed by Plaintiff Jeffrey I. Golden). (DE Leest, Aaron) (Entered: 07/18/2023) |
| 07/25/2023 | [11](#)<br>(2 pgs) | ORDER Approving Stipulation To Continue Deadline For Defendants Steven D. Gallian, Brian J. Gallian; Justin Barclay, And E.J. Gallian To Respond To The Complaint. The Time Within Which Defendants Steven D. Gallian, Brian J. Gallian; Justin Barclay, And E.J. Gallian Must Answer The Trustee's Complaint In This Adversary Proceeding Is EXTENDED And CONTINUED TO SEPTEMBER 5, 2023. (BNC-PDF) (Related Doc # [9](#) ) Signed on 7/25/2023 (NB8) (Entered: 07/25/2023) |
| 07/27/2023 | [12](#)<br>(4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)[11](#) Order on Motion to Extend Time (Generic) (BNC-PDF)) No. of Notices: 1. Notice Date 07/27/2023. (Admin.) (Entered: 07/27/2023) |
| 08/02/2023 | [13](#)<br>(9 pgs) | Answer To Complaint For: Chapter 7 Trustee's Complaint: (1) To Avoid And Recover Fraudulent Transfers; (2) To Avoid And Recover Postpetition Transfers; (3) For Declaratory Relief; (4) For Breach Of Contract; (5) For Money Had And Received; And (6) Unjust Enrichment Filed by Jamie Lynn Gallian . [EDB] (NB8) (Entered: 08/02/2023) |
| 08/07/2023 | [14](#)<br>(1 pg) | Request for courtesy Notice of Electronic Filing (NEF) Filed by Barnhardt, Bradford. (Barnhardt, Bradford) (Entered: 08/07/2023) |
| 08/07/2023 | [15](#)<br>(1 pg) | Request for courtesy Notice of Electronic Filing (NEF) Filed by Hays, D. (Hays, D) (Entered: 08/07/2023) |
| 08/18/2023 | [16](#)<br>(7 pgs) | Answer To Complaint For: Chapter 7 Trustee's Complaint: (1) To Avoid And Recover Fraudulent Transfers; (2) To Avoid And Recover Post-Petition Transfers; (3) For Declaratory Relief; (4) For Breach Of Contract; (5) For Money Had And Received; And (6) Unjust Enrichment Filed by Robert J. McLelland . [EDB](NB8) (Entered: 08/21/2023) |
| 08/21/2023 | [17](#)<br>(36 pgs) | Motion to strike *Plaintiff's Notice of Motion and Motion to Strike Debtor's Answer; Memorandum of Points and Authorities; and Request for Judicial Notice in Support Thereof, With Proof of Service* Filed by Trustee Jeffrey I Golden (TR), Plaintiff Jeffrey I. Golden (DE Leest, Aaron) (Entered: 08/21/2023) |
| 08/21/2023 | [18](#)<br>(8 pgs) | Request for Entry of Default Under Local Bankruptcy Rule 7055-1, as to Ronald J. Pierpont Filed by Trustee Jeffrey I Golden (TR), Plaintiff Jeffrey I. Golden. (DE Leest, Aaron) (Entered: 08/21/2023) |
| 08/21/2023 | [19](#)<br>(8 pgs) | Request for Entry of Default Under Local Bankruptcy Rule 7055-1, as to J-Pad LLC Filed by Trustee Jeffrey I Golden (TR), Plaintiff Jeffrey I. Golden. (DE Leest, Aaron) (Entered: 08/21/2023) |

| 08/21/2023 | [20](#)<br>(8 pgs) | Request for Entry of Default Under Local Bankruptcy Rule 7055-1, as to J-Sandcastle Co., LLC Filed by Trustee Jeffrey I Golden (TR), Plaintiff Jeffrey I. Golden. (DE Leest, Aaron) (Entered: 08/21/2023) |
| --- | --- | --- |
| 08/21/2023 | 21 | Hearing Set (RE: related document(s)[17](#) Plaintiff's Motion To Strike Debtor's Answer filed by Trustee Jeffrey I Golden (TR), Plaintiff Jeffrey I. Golden) The Hearing date is set for 9/12/2023 at 01:30 PM at Crtrm 5C, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Scott C Clarkson (NB8) (Entered: 08/21/2023) |
| 08/21/2023 | [22](#)<br>(2 pgs) | Notice That a Default Has Not Been Entered by the Clerk Against Defendant(s) Ronald J. Pierpont (RE: related document(s)[18](#) Request for Entry of Default (Local BK Rule 7055-1) filed by Trustee Jeffrey I Golden (TR), Plaintiff Jeffrey I. Golden) (NB8) (Entered: 08/21/2023) |
| 08/21/2023 | [23](#)<br>(2 pgs) | Notice That a Default Has Not Been Entered by the Clerk Against Defendant(s) J-PAD, LLC (RE: related document(s)[19](#) Request for Entry of Default (Local BK Rule 7055-1) filed by Trustee Jeffrey I Golden (TR), Plaintiff Jeffrey I. Golden) (NB8) (Entered: 08/21/2023) |
| 08/21/2023 | [24](#)<br>(2 pgs) | Notice That a Default Has Not Been Entered by the Clerk Against Defendant(s) J-Sandcastle Co., LLC (RE: related document(s)[20](#) Request for Entry of Default (Local BK Rule 7055-1) filed by Trustee Jeffrey I Golden (TR), Plaintiff Jeffrey I. Golden) (NB8) (Entered: 08/21/2023) |
| 08/21/2023 | [25](#)<br>(10 pgs) | Request for Entry of Default Under Local Bankruptcy Rule 7055-1, as to Ronald J. Pierpont Filed by Trustee Jeffrey I Golden (TR), Plaintiff Jeffrey I. Golden. (DE Leest, Aaron) (Entered: 08/21/2023) |
| 08/21/2023 | [26](#)<br>(10 pgs) | Request for Entry of Default Under Local Bankruptcy Rule 7055-1, as to J-Sandcastle Co., LLC Filed by Trustee Jeffrey I Golden (TR), Plaintiff Jeffrey I. Golden. (DE Leest, Aaron) (Entered: 08/21/2023) |
| 08/21/2023 | [27](#)<br>(10 pgs) | Request for Entry of Default Under Local Bankruptcy Rule 7055-1, as to J-Pad LLC Filed by Trustee Jeffrey I Golden (TR), Plaintiff Jeffrey I. Golden. (DE Leest, Aaron) (Entered: 08/21/2023) |
| 08/22/2023 | [28](#)<br>(1 pg) | Request for courtesy Notice of Electronic Filing (NEF) Filed by Masud, Laila. (Masud, Laila) (Entered: 08/22/2023) |
| 08/22/2023 | [29](#)<br>(2 pgs) | Notice That Clerk Has Entered Default Against Defendant(s) Ronald J. Pierpont (RE: related document(s)[25](#) Request for Entry of Default (Local BK Rule 7055-1) filed by Trustee Jeffrey I Golden (TR), Plaintiff Jeffrey I. Golden) (NB8) (Entered: 08/22/2023) |
| 08/22/2023 | [30](#)<br>(2 pgs) | Notice That Clerk Has Entered Default Against Defendant(s) J-Sandcastle Co., LLC (RE: related document(s)[26](#) Request for Entry of Default (Local BK Rule 7055-1) filed by Trustee Jeffrey I Golden (TR), Plaintiff Jeffrey I. Golden) (NB8) (Entered: 08/22/2023) |
| 08/22/2023 | [31](#)<br>(2 pgs) | Notice That Clerk Has Entered Default Against Defendant(s) J-Pad, LLC (RE: related document(s)[27](#) Request for Entry of Default (Local BK Rule 7055-1) filed by Trustee Jeffrey I Golden (TR), Plaintiff Jeffrey I. Golden) (NB8) (Entered: 08/22/2023) |

| | | |
|---|---|---|
| 08/23/2023 | **32**<br>(4 pgs) | BNC Certificate of Notice (RE: related document(s)22 Notice that Clerk Has Not Entered Default (BNC)) No. of Notices: 1. Notice Date 08/23/2023. (Admin.) (Entered: 08/23/2023) |
| 08/23/2023 | **33**<br>(4 pgs) | BNC Certificate of Notice (RE: related document(s)23 Notice that Clerk Has Not Entered Default (BNC)) No. of Notices: 1. Notice Date 08/23/2023. (Admin.) (Entered: 08/23/2023) |
| 08/23/2023 | **34**<br>(4 pgs) | BNC Certificate of Notice (RE: related document(s)24 Notice that Clerk Has Not Entered Default (BNC)) No. of Notices: 1. Notice Date 08/23/2023. (Admin.) (Entered: 08/23/2023) |
| 08/24/2023 | **35**<br>(4 pgs) | BNC Certificate of Notice (RE: related document(s)29 Notice that Clerk Has Entered Default (BNC)) No. of Notices: 1. Notice Date 08/24/2023. (Admin.) (Entered: 08/24/2023) |
| 08/24/2023 | **36**<br>(4 pgs) | BNC Certificate of Notice (RE: related document(s)30 Notice that Clerk Has Entered Default (BNC)) No. of Notices: 1. Notice Date 08/24/2023. (Admin.) (Entered: 08/24/2023) |
| 08/24/2023 | **37**<br>(4 pgs) | BNC Certificate of Notice (RE: related document(s)31 Notice that Clerk Has Entered Default (BNC)) No. of Notices: 1. Notice Date 08/24/2023. (Admin.) (Entered: 08/24/2023) |
| 09/08/2023 | **38**<br>(7 pgs) | Status report -*Joint Status Report; proof of service* Filed by Plaintiff Jeffrey I. Golden (RE: related document(s)1 Complaint). (DE Leest, Aaron) (Entered: 09/08/2023) |
| 09/12/2023 | **39**<br>(6 pgs) | Notice of lodgment *With Proof of Service* Filed by Trustee Jeffrey I Golden (TR) (RE: related document(s)17 Motion to strike *Plaintiff's Notice of Motion and Motion to Strike Debtor's Answer; Memorandum of Points and Authorities; and Request for Judicial Notice in Support Thereof, With Proof of Service* Filed by Trustee Jeffrey I Golden (TR), Plaintiff Jeffrey I. Golden (DE Leest, Aaron) filed by Trustee Jeffrey I Golden (TR), Plaintiff Jeffrey I. Golden). (Israel, Eric) (Entered: 09/12/2023) |
| 09/12/2023 | 40 | Hearing Held On Motion (RE: related document(s)17 Plaintiff's Motion To Strike Debtor's Answer filed by Trustee Jeffrey I Golden (TR), Plaintiff Jeffrey I. Golden) - ORDER BY ATTORNEY - MOTION GRANTED (NB8) (Entered: 09/15/2023) |
| 09/20/2023 | **41**<br>(2 pgs) | Order Granting Trustee's Motion to Strike Debtor's Answer; Ordered That: 1. Motion is Granted as to the Trustee Only, and the reference to Hauser Brothers is disregarded. 2. The Debtor's answer [docket no. 13] is Stricken. (BNC-PDF) (Related Doc # 17 ) Signed on 9/20/2023 (AM) (Entered: 09/20/2023) |
| 09/22/2023 | **42**<br>(4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)41 Order (Generic) (BNC-PDF)) No. of Notices: 2. Notice Date 09/22/2023. (Admin.) (Entered: 09/22/2023) |
| 09/26/2023 | **43**<br>(9 pgs) | Stipulation By Jeffrey I Golden (TR) and *Defendants Steven D. Gallian, Brian J. Gallian, Justin Barclay, and E.J. Gallian for Judgment to Avoid Liens; proof of service* Filed by Trustee Jeffrey I Golden (TR) (DE Leest, Aaron) (Entered: 09/26/2023) |

| | | |
|---|---|---|
| 09/26/2023 | [44](#)<br>(7 pgs) | Notice of lodgment *in an Adversary Proceeding; proof of service* Filed by Trustee Jeffrey I Golden (TR) (RE: related document(s)[43](#) Stipulation By Jeffrey I Golden (TR) and *Defendants Steven D. Gallian, Brian J. Gallian, Justin Barclay, and E.J. Gallian for Judgment to Avoid Liens; proof of service* Filed by Trustee Jeffrey I Golden (TR) (DE Leest, Aaron) filed by Trustee Jeffrey I Golden (TR)). (DE Leest, Aaron) (Entered: 09/26/2023) |
| 09/26/2023 | 45 | Hearing Continued On Status Conference (RE: related document(s)[1](#) Chapter 7 Trustee's Complaint: (1) To Avoid And Recover Fraudulent Transfers; (2) To Avoid And Recover Postpetition Transfers; (3) For Declaratory Relief; (4) For Breach Of Contract; (5) For Money Had And Received; And (6) Unjust Enrichment) - ORDER BY ATTORNEY - PRE-TRIAL CONFERENCE HEARING SET FOR MAY 28, 2024 AT 1:30 P.M. IN COURTROOM 5C, LOCATED AT 411 WEST FOURTH STREET, SANTA ANA, CA 92701. DISCOVERY CUTOFF: FEBRUARY 29, 2024. LAST DAY TO FILE PRE-TRIAL MOTIONS: APRIL 5, 2024. The case judge is Scott C Clarkson (NB8) (Entered: 10/02/2023) |
| 10/03/2023 | [46](#)<br>(2 pgs) | IT IS ORDERED: 1. The Discovery Cut-Off Date Shall Be February 29, 2024. This Date Includes The Date By Which All Discovery Motions, Shall Be Resolved. 2. The Last Date For Filing Pre-Trial Motions Is April 5, 2024. The Pre-Trial Conference Shall Be Held On MAY 28, 2024, AT 1:30 P.M. In Courtroom 5C, Located At 411 West Fourth Street, Santa Ana, CA 92701. (SEE ORDER FOR FURTHER RULING) (BNC-PDF) Signed on 10/3/2023. (NB8) (Entered: 10/03/2023) |
| 10/03/2023 | [47](#)<br>(3 pgs) | STIPULATED JUDGMENT Against Defendants Steven D. Gallian, Brian J. Gallian, Justin Barclay, And E. J. Gallian To Avoid Liens. IT IS ORDERED: The Stipulation For Judgment Is APPROVED In Its Entirety. Judgment Is Entered In Favor Of The Trustee And Against The Stipulating Defendants That The Stipulating Defendants Are Not Parties To Any Security Agreement Or Agreements That Would Grant Them A Security Interest In Or Lien On The Manufactured Home Located AT 16222 Monterey Lane, Space No. 376, Huntington Beach, CA 92649, Decal No. LBM1081, Serial Number: AC7V710394GA, AC7V710394GB (The "Property"). Judgment Is Entered In Favor Of The Trustee And Against The Stipulating Defendants That The Stipulating Defendants Have No Interest In The Property. Judgment Is Entered In Favor Of The Trustee And Against Steven D. Gallian And Brian J. Gallian That The "Statement To Encumber" (The "Statement To Encumber") That Was Executed And Submitted To The California Department Of Housing And Community Development (The "HCD") On Or About August 20, 2020, Adding Steven D. Gallian And Brian J. Gallian As Legal Owners (i.e., Lienholders) On The Certificate Of Title For The Property And Any Related Lien Is Avoided And Preserved For The Benefit Of The Debtor's Estate. Judgment Is Entered In Favor Of The Trustee And Against The Stipulating Defendants That The Following UCC Financing Statements (UCC-3) And Any Related Liens Are Avoided And Preserved For The Benefit Of The Debtor's Estate. The Trustee And The Stipulating Defendants Shall Bear Their Own Attorney's Fees And Costs. (SEE ORDER FOR FURTHER RULING) (BNC-PDF) (Related Doc # [43](#) ) Signed on 10/3/2023 (NB8) (Entered: 10/03/2023) |
| 10/05/2023 | [48](#)<br>(4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)[46](#) Order (Generic) (BNC-PDF)) No. of Notices: 2. Notice Date 10/05/2023. (Admin.) (Entered: 10/05/2023) |

| | | |
|---|---|---|
| 10/05/2023 | [49](#)<br>(5 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)[47](#) JUDGMENT (BNC-PDF)) No. of Notices: 2. Notice Date 10/05/2023. (Admin.) (Entered: 10/05/2023) |
| 10/09/2023 | [50](#)<br>(3 pgs) | Notice of Change of Address *Notice of Attorney Change of Law Firm*. (Barnhardt, Bradford) (Entered: 10/09/2023) |
| 10/09/2023 | [51](#)<br>(4 pgs) | Notice of Change of Address *Notice of Attorney Change of Law Firm*. (Masud, Laila) (Entered: 10/09/2023) |
| 01/25/2024 | [52](#)<br>(6 pgs) | Stipulation By Jeffrey I Golden (TR) and *Defendant Robert J. McLelland. Stipulation for Judgment Between the Trustee and Defendant Robert J. McLelland, With Proof of Service.* Filed by Trustee Jeffrey I Golden (TR) (Malmed, Shantal) (Entered: 01/25/2024) |
| 01/25/2024 | [53](#)<br>(1 pg) | Request for courtesy Notice of Electronic Filing (NEF) Filed by Malmed, Shantal. (Malmed, Shantal) (Entered: 01/25/2024) |
| 03/18/2024 | [54](#)<br>(6 pgs) | Notice of lodgment *With Proof of Service* Filed by Trustee Jeffrey I Golden (TR) (RE: related document(s)[52](#) Stipulation By Jeffrey I Golden (TR) and *Defendant Robert J. McLelland. Stipulation for Judgment Between the Trustee and Defendant Robert J. McLelland, With Proof of Service.* Filed by Trustee Jeffrey I Golden (TR) filed by Trustee Jeffrey I Golden (TR)). (Malmed, Shantal) (Entered: 03/18/2024) |
| 03/21/2024 | [55](#)<br>(7 pgs) | Notice of lodgment *Re Stipulated Judgment Against Defendant Robert J. McLelland to Avoid Liens, With Proof of Service* Filed by Trustee Jeffrey I Golden (TR) (RE: related document(s)[52](#) Stipulation By Jeffrey I Golden (TR) and *Defendant Robert J. McLelland. Stipulation for Judgment Between the Trustee and Defendant Robert J. McLelland, With Proof of Service.* Filed by Trustee Jeffrey I Golden (TR) filed by Trustee Jeffrey I Golden (TR)). (Malmed, Shantal) (Entered: 03/21/2024) |
| 03/21/2024 | [56](#)<br>(6 pgs) | Notice of lodgment *re Proposed Order Approving Stipulated Judgement Against Defendant Robert J. McLelland to Avoid Liens, With Proof of Service* Filed by Trustee Jeffrey I Golden (TR) (RE: related document(s)[52](#) Stipulation By Jeffrey I Golden (TR) and *Defendant Robert J. McLelland. Stipulation for Judgment Between the Trustee and Defendant Robert J. McLelland, With Proof of Service.* Filed by Trustee Jeffrey I Golden (TR) filed by Trustee Jeffrey I Golden (TR)). (Malmed, Shantal) (Entered: 03/21/2024) |
| 03/26/2024 | [57](#)<br>(1 pg) | Order Continuing Pre-Trial Conference. IT IS ORDERED: The Pre-Trial Conference Scheduled For May 28, 2024 Is Hereby CONTINUED TO JUNE 18, 2024, AT 1:30 P.M. In Courtroom 5C, Located At 411 West Fourth Street, Santa Ana, CA 92701. (BNC-PDF) Signed on 3/26/2024. (NB8) (Entered: 03/26/2024) |
| 03/27/2024 | [58](#)<br>(218 pgs) | Motion for Default Judgment -*Plaintiff's Motion for Default Judgment under LBR 7055-1 (Ronald J. Pierpont); proof of service* Filed by Plaintiff Jeffrey I. Golden Default Judgment Motion due by 04/26/2024. (Malmed, Shantal) (Entered: 03/27/2024) |
| 03/27/2024 | [59](#)<br>(247 pgs) | Motion for Default Judgment -*Plaintiff's Motion for Default Judgment under LBR 7055-1 (J-Sandcastle Co., LLC); proof of service* Filed by Plaintiff Jeffrey I. Golden Default Judgment Motion due by 04/26/2024. (Malmed, Shantal) (Entered: 03/27/2024) |

| | | |
|---|---|---|
| 03/27/2024 | [60](#)<br>(345 pgs) | Motion for Default Judgment -*Plaintiff's Motion for Default Judgment under LBR 7055-1 (J-Pad LLC); proof of service* Filed by Plaintiff Jeffrey I. Golden Default Judgment Motion due by 04/26/2024. (Malmed, Shantal) (Entered: 03/27/2024) |
| 03/27/2024 | 61 | Hearing Set (RE: related document(s)[58](#) Plaintiff's Motion For Default Judgment Under LBR 7055-1 Against Ronald J. Pierpont filed by Plaintiff Jeffrey I. Golden) The Hearing date is set for 5/7/2024 at 01:30 PM at Crtrm 5C, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Scott C Clarkson (NB8) (Entered: 03/27/2024) |
| 03/27/2024 | 62 | Hearing Set (RE: related document(s)[59](#) Plaintiff's Motion For Default Judgment Under LBR 7055-1 Against J-Sandcastle Co., LLC filed by Plaintiff Jeffrey I. Golden) The Hearing date is set for 5/7/2024 at 01:30 PM at Crtrm 5C, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Scott C Clarkson (NB8) (Entered: 03/27/2024) |
| 03/27/2024 | 63 | Hearing Set (RE: related document(s)[60](#) Plaintiff's Motion For Default Judgment Under LBR 7055-1 Against J-Pad LLC filed by Plaintiff Jeffrey I. Golden) The Hearing date is set for 5/7/2024 at 01:30 PM at Crtrm 5C, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Scott C Clarkson (NB8) (Entered: 03/27/2024) |
| 03/28/2024 | [64](#)<br>(3 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)[57](#) Order (Generic) (BNC-PDF)) No. of Notices: 2. Notice Date 03/28/2024. (Admin.) (Entered: 03/28/2024) |
| 03/29/2024 | [65](#)<br>(2 pgs) | Order Approving Stipulated Judgment Against Defendant Robert J. McLelland To Avoid Liens. IT IS ORDERED: 1. The Stipulation For Judgment Is APPROVED In Its Entirety. (BNC-PDF) (Related Doc # [52](#) ) Signed on 3/29/2024 (NB8) (Entered: 03/29/2024) |
| 03/29/2024 | [66](#)<br>(3 pgs) | Stipulated Judgment Against Defendant Robert J. McLelland To Avoid Liens. IT IS ORDERED: 1. Judgment Is Entered In Favor Of The Trustee And Against The Stipulating Defendant That The Stipulating Defendant Is Not A Party To Any Security Agreement Or Agreements That Would Grant Him A Security Interest In Or Lien On The Manufactured Home Located At 16222 Monterey Lane, Space #376, Huntington Beach, CA 92649, Decal #LBM1081, Serial #AC7V710394GA, AC7V710394GB (The "Property"). 2. Judgment Is Entered In Favor Of The Trustee And Against The Stipulating Defendant That The Stipulating Defendant Has No Interest In The Property. 3. Judgment Is Entered In Favor Of The Trustee And Against Robert J. McLelland That The "Statement Of Facts" (The "Statement Of Facts") That Was Executed And Submitted To The California Department Of Housing And Community Development (The "HCD") On Or About August 2, 2021, Adding "J-Pad LLC Or Robert McLelland" As The Legal Owners (i.e., Lienholders) On The Certificate Of Title For Property And Any Related Lien Is Avoided And Preserved For The Benefit Of The Debtor's Estate. 4. Judgment Is Entered In Favor Of The Trustee And Against The Stipulating Defendant That The Following UCC Financing Statement Amendments (UCC-3) And Any Related Liens Are Avoided And Preserved For The Benefit Of The Debtor's Estate. 5. The Trustee And The Stipulating Defendant Shall Bear Their Own Attorney's Fees And Costs. 6. The Stipulating Defendant Shall Cooperate In A Timely Manner With The Trustee To Carry Out The Purpose And Effect Of The Stipulation For Judgment Including Executing Any Further Documents That May Be Required. 7. Pursuant Of Rule 54 Of The Federal Rules Of Civil Procedure There Is No Just Reason For Delay In Entry Of This Judgment Against The Stipulating Defendants. (SEE ORDER FOR FURTHER RULING) (BNC-PDF) (Related Doc # [52](#) ) Signed on 3/29/2024 (NB8) (Entered: |

| | | 03/29/2024) |
|---|---|---|
| 03/31/2024 | [67](#) (4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)[65](#) JUDGMENT (BNC-PDF)) No. of Notices: 2. Notice Date 03/31/2024. (Admin.) (Entered: 03/31/2024) |
| 03/31/2024 | [68](#) (5 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)[66](#) JUDGMENT (BNC-PDF)) No. of Notices: 2. Notice Date 03/31/2024. (Admin.) (Entered: 03/31/2024) |
| 04/04/2024 | [69](#) (8 pgs) | Errata *Notice of Errata re Motion for Default Judgment under LBR 7055-1 (Ronald J. Pierpont); proof of service* Filed by Plaintiff Jeffrey I. Golden (RE: related document(s)[58](#) Motion for Default Judgment - *Plaintiff's Motion for Default Judgment under LBR 7055-1 (Ronald J. Pierpont); proof of service*). (DE Leest, Aaron) (Entered: 04/04/2024) |
| 04/04/2024 | [70](#) (7 pgs) | Errata *Notice of Errata re Motion for Default Judgment unde LBR 7055-1 (J-Sandcastle Co., LLC); proof of service* Filed by Plaintiff Jeffrey I. Golden (RE: related document(s)[59](#) Motion for Default Judgment -*Plaintiff's Motion for Default Judgment under LBR 7055-1 (J-Sandcastle Co., LLC); proof of service*). (DE Leest, Aaron) (Entered: 04/04/2024) |
| 04/04/2024 | [71](#) (8 pgs) | Errata *Notice of Errata re Motion for Default Judgment under LBR 7055-1 (J-Pad LLC); proof of service* Filed by Plaintiff Jeffrey I. Golden (RE: related document(s)[60](#) Motion for Default Judgment -*Plaintiff's Motion for Default Judgment under LBR 7055-1 (J-Pad LLC); proof of service*). (DE Leest, Aaron) (Entered: 04/04/2024) |
| 04/04/2024 | [72](#) (7 pgs) | Notice of lodgment *in an Adversary Proceeding; proof of service* Filed by Plaintiff Jeffrey I. Golden (RE: related document(s)[58](#) Motion for Default Judgment -*Plaintiff's Motion for Default Judgment under LBR 7055-1 (Ronald J. Pierpont); proof of service* Filed by Plaintiff Jeffrey I. Golden Default Judgment Motion due by 04/26/2024. filed by Plaintiff Jeffrey I. Golden). (DE Leest, Aaron) (Entered: 04/04/2024) |
| 04/04/2024 | [73](#) (6 pgs) | Notice of lodgment *of Judgment in an Adversary Proceeding; proof of service* Filed by Plaintiff Jeffrey I. Golden (RE: related document(s)[59](#) Motion for Default Judgment -*Plaintiff's Motion for Default Judgment under LBR 7055-1 (J-Sandcastle Co., LLC); proof of service* Filed by Plaintiff Jeffrey I. Golden Default Judgment Motion due by 04/26/2024. filed by Plaintiff Jeffrey I. Golden). (DE Leest, Aaron) (Entered: 04/04/2024) |
| 04/04/2024 | [74](#) (7 pgs) | Notice of lodgment *of Judgment in Adversary Proceeding; proof of service* Filed by Plaintiff Jeffrey I. Golden (RE: related document(s)[60](#) Motion for Default Judgment -*Plaintiff's Motion for Default Judgment under LBR 7055-1 (J-Pad LLC); proof of service* Filed by Plaintiff Jeffrey I. Golden Default Judgment Motion due by 04/26/2024. filed by Plaintiff Jeffrey I. Golden). (DE Leest, Aaron) (Entered: 04/04/2024) |
| 04/05/2024 | [75](#) (4 pgs) | Voluntary Dismissal of Motion *Notice of Withdrawal of Motion for Default Judgment Under LBR 7055-1 Against J-Pad LLC (Docket No. 60) and Notice of Errata (Docket No. 71), With Proof of Service* Filed by Trustee Jeffrey I Golden (TR) (RE: related document(s)[60](#) Motion for Default Judgment -*Plaintiff's Motion for Default Judgment under LBR 7055-1 (J-Pad LLC); proof of service*). (DE Leest, Aaron) (Entered: 04/05/2024) |

| | | |
|---|---|---|
| 04/05/2024 | [76](#)<br>(316 pgs) | Motion for Default Judgment *Plaintiff's Motion for Default Judgment Under LBR 7055-1 (J-PAD LLC), With Proof of Service* Filed by Trustee Jeffrey I Golden (TR) Default Judgment Motion due by 05/6/2024. (Malmed, Shantal) (Entered: 04/05/2024) |
| 04/05/2024 | 77 | Hearing Set (RE: related document(s)[76](#) Plaintiff's Motion For Default Judgment Under LBR 7055-1 Against J-PAD LLC filed by Trustee Jeffrey I Golden (TR)) The Hearing date is set for 5/7/2024 at 01:30 PM at Crtrm 5C, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Scott C Clarkson (NB8) (Entered: 04/08/2024) |
| 05/07/2024 | 90 | Hearing Held On Motion (RE: related document [58](#) Plaintiff's Motion For Default Judgment Under LBR 7055-1 Against Ronald J. Pierpont) - ORDER BY ATTORNEY - BY DEFAULT MOTION GRANTED (NB8) (Entered: 05/13/2024) |
| 05/07/2024 | 91 | Hearing Held On Motion (RE: related document [59](#) Plaintiff's Motion For Default Judgment Under LBR 7055-1 Against J-Sandcastle Co., LLC) - ORDER BY ATTORNEY - BY DEFAULT MOTION GRANTED (NB8) (Entered: 05/13/2024) |
| 05/07/2024 | 92 | Hearing Held On Motion (RE: related document [60](#) Plaintiff's Motion For Default Judgment Under LBR 7055-1 Against J-Pad LLC) HEARING ON MOTION OFF CALENDAR PER NOTICE OF WITHDRAWAL OF MOTION FOR DEFAULT JUDGMENT UNDER LBR7055-1 AGAINST J-PAD LLC (DOCKET nO. [60](#)) AND NOTICE OF ERRATA (DOCKET NO. [7](#)) FILED 4-5-2024 - (DOCKET NO. [75](#)) (NB8) (Entered: 05/13/2024) |
| 05/07/2024 | 93 | Hearing Held On Motion (RE: related document [76](#) Plaintiff's Motion For Default Judgment Under LBR 7055-1 Against J-Pad LLC) - ORDER BY ATTORNEY - BY DEFAULT MOTION GRANTED (NB8) (Entered: 05/13/2024) |
| 05/10/2024 | [78](#)<br>(2 pgs) | Order Granting Motion For Default Judgment Against Defendant J-Pad LLC. IT IS ORDERED: 1. The Motion Is GRANTED In Its Entirety. 2. A Separate Judgment Against The Defendant Will Be Entered Contemporaneously Herewith. (BNC-PDF) (Related Doc # [76](#)) Signed on 5/10/2024. (NB8) (Entered: 05/10/2024) |
| 05/10/2024 | [79](#)<br>(3 pgs) | DEFAULT JUDGMENT Against J-Pad LLC. IT IS ORDERED: Re: 1. Default Judgment Is Entered In Favor Of The Plaintiff And Against The Defendant On The Plaintiff's First And Fifth Claims For Relief In The Complaint. 2. The Transfer To The Defendant Of A Lien On And Security Interest In The Manufactured Home Located At 16222 Monterey Lane, Space #376, Huntington Beach, CA 92649, Decal # LBM1081, Serial # AC7V710394GA, AC7V710394GB (The Property) Reflected By The Secured Promissory Note And Security Agreement Between J-Sandcastle Co., LLC And The Defendant Dated November 16, 2018 And Lien On The Property In The Amount Of $225,000 In Favor Of The Defendant Are Avoided And Preserved For The Benefit Of The Debtor's Estate In The Name Of Jeffrey I. Golden, Chapter 7 Trustee For The Bankruptcy Estate Of Jamie Lynn Gallian. 3. The Transfers To The Defendant Relating To The Property, Including The following UCC Financing Statements (UCC-1) And UCC Financing Statement Amendments (UCC-3), And Any Liens On The Property In Favor Of The Defendant Are Avoided And Preserved For The Benefit Of The Debtor's Estate In The Name Of Jeffrey I. Golden, Chapter 7 Trustee For The Bankruptcy Estate Of Jamie Lynn Gallian. 4. The Debtor's Transfers To The Defendant Reflected By The Statement Of Facts Submitted To The California Department Of Housing And |

| | | Community Development On Or About August 6, 2021, Stating That The Legal Owner Of The Property Was The Defendant And That The Defendant Perfected Its Lien On January 14, 2019, And The Statement To Encumber Executed On January 14, 2019, Reflecting That The Legal Owner Of The Property Was The Defendant And Any Liens On The Property In Favor Of The Defendant Are Avoided And Preserved For The Benefit Of The Debtor's Estate In The Name Of Jeffrey I. Golden, Chapter 7 Trustee For The Bankruptcy Estate Of Jamie Lynn Gallian. 5. Pursuant Of Rule 54 Of The Federal Rules Of Civil Procedure There Is No Just Reason For Delay In Entry Of This Judgment Against The Defendant. (SEE ORDER FOR FURTHER RULING) (BNC-PDF) Signed on 5/10/2024 (RE: related document(s)76 Motion for Default Judgment filed by Trustee Jeffrey I Golden (TR)). (NB8) (Entered: 05/10/2024) |
|---|---|---|
| 05/10/2024 | 80 (2 pgs) | Order Granting Motion For Default Judgment Against Defendant J-Sandcastle Co., LLC. IT IS ORDERED: 1. The Motion Is GRANTED In Its Entirety. 2. A Separate Judgment Against The Defendant Will Be Entered Contemporaneously Herewith. (BNC-PDF) (Related Doc # 59) Signed on 5/10/2024. (NB8) (Entered: 05/10/2024) |
| 05/10/2024 | 81 (2 pgs) | DEFAULT JUDGMENT Against J-Sandcastle Co., LLC. IT IS ORDERED: 1. Default Judgment Is Entered In Favor Of The Plaintiff And Against The Defendant On The Plaintiffs First Claim For Relief In The Complaint. 2. The Debtor's Transfers Of The Manufactured Home Located At And Commonly Known As 16222 Monterey Lane, Space #376, Huntington Beach, CA 92649, Decal # LBM1081, Serial # AC7V710394GA, AC7V710394GB (The Property) To The Defendant, Including Transferring Title To The Property On Or About November 15, 2018 And November 20, 2018, Are Hereby Avoided And Legal Title To The Property And The Beneficial Interest In The Property (Collectively The Subject Transfers) Is Recovered For The Benefit Of The Bankruptcy Estate In The Name Of Jeffrey I. Golden, Chapter 7 Trustee For The Bankruptcy Estate Of Jamie Lynn Gallian. 3. The Subject Transfers Are Preserved For The Benefit Of The Estate Pursuant To 11 U.S.C. § 551. 4. Pursuant Of Rule 54 Of The Federal Rules Of Civil Procedure There Is No Just Reason For Delay In Entry Of This Judgment Against The Defendant. (BNC-PDF) Signed on 5/10/2024 (RE: related document(s)59 Motion for Default Judgment filed by Plaintiff Jeffrey I. Golden). (NB8) (Entered: 05/10/2024) |
| 05/10/2024 | 82 (2 pgs) | Order Granting Motion For Default Judgment Against Defendant Ronald J. Pierpont. IT IS ORDERED: 1. The Motion Is GRANTED In Its Entirety. 2. A Separate Judgment Against The Defendant Will Be Entered Contemporaneously Herewith. (BNC-PDF) (Related Doc # 58) Signed on 5/10/2024. (NB8) (Entered: 05/10/2024) |
| 05/10/2024 | 83 (3 pgs) | DEFAULT JUDGMENT Against Ronald J. Pierpont. IT IS ORDERED: 1. Default Judgment Is Entered In Favor Of The Plaintiff And Against The Defendant On The Plaintiff's Fifth And Sixth Claims For Relief In The Complaint. 2. The Defendant Is Not A Party To Any Security Agreement Or Agreements That Would Grant Defendant A Security Interest In Or Lien On The Manufactured Home Located At 16222 Monterey Lane, Space #376, Huntington Beach, CA 92649, Decal # LBM1081, Serial # AC7V710394GA, AC7V710394GB (The Property). 3. The Defendant Has No Interest In The Property. 4. The Defendant Does Not Have Any Valid, Perfected, And/Or Unavoidable Liens On The Property. 5. The Transfers To The Defendant Relating To The Property, Including The following UCC Financing Statement Amendments (UCC-3), And Any Liens On The Property In Favor Of The Defendant Are Avoided And Preserved For The Benefit Of The Debtor's Estate In The Name Of Jeffrey I. Golden, Chapter 7 Trustee For The Bankruptcy Estate Of Jamie Lynn Gallian. 6. Pursuant Of Rule 54 |

| | | |
|---|---|---|
| | | Of The Federal Rules Of Civil Procedure There Is No Just Reason For Delay In Entry Of This Judgment Against The Defendant. (SEE ORDER FOR FURTHER RULING) (BNC-PDF) Signed on 5/10/2024 (RE: related document(s)58 Motion for Default Judgment filed by Plaintiff Jeffrey I. Golden). (NB8) (Entered: 05/10/2024) |
| 05/12/2024 | 84 (5 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)79 DEFAULT JUDGMENT (BNC-PDF)) No. of Notices: 2. Notice Date 05/12/2024. (Admin.) (Entered: 05/12/2024) |
| 05/12/2024 | 85 (4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)81 DEFAULT JUDGMENT (BNC-PDF)) No. of Notices: 2. Notice Date 05/12/2024. (Admin.) (Entered: 05/12/2024) |
| 05/12/2024 | 86 (5 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)83 DEFAULT JUDGMENT (BNC-PDF)) No. of Notices: 2. Notice Date 05/12/2024. (Admin.) (Entered: 05/12/2024) |
| 05/12/2024 | 87 (4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)78 Order on Motion for Default Judgment (BNC-PDF)) No. of Notices: 2. Notice Date 05/12/2024. (Admin.) (Entered: 05/12/2024) |
| 05/12/2024 | 88 (4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)80 Order on Motion for Default Judgment (BNC-PDF)) No. of Notices: 2. Notice Date 05/12/2024. (Admin.) (Entered: 05/12/2024) |
| 05/12/2024 | 89 (4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)82 Order on Motion for Default Judgment (BNC-PDF)) No. of Notices: 2. Notice Date 05/12/2024. (Admin.) (Entered: 05/12/2024) |
| 05/28/2024 | 94 | Hearing Continued On Pre-Trial Conference (RE: related document(s)1 Chapter 7 Trustee's Complaint: (1) To Avoid And Recover Fraudulent Transfers; (2) To Avoid And Recover Postpetition Transfers; (3) For Declaratory Relief; (4) For Breach Of Contract; (5) For Money Had And Received; And (6) Unjust Enrichment) - PRE-TRIAL CONFERENCE HEARING CONTINUED TO JUNE 18, 2024 AT 1:30 P.M. IN COURTROOM 5C, LOCATED AT 411 WEST FOURTH STREET, SANTA ANA, CA 92701 PER ORDER CONTINUING PRE-TRIAL CONFERENCE 3-26-2024 - (DOCKET NO. 57) The case judge is Scott C Clarkson (NB8) (Entered: 05/28/2024) |
| 06/04/2024 | 95 (7 pgs) | Status report -Status Report for Pretrial Conference and Request to Dismiss Remaining Alternative and Additional Claims for Relief; proof of service Filed by Plaintiff Jeffrey I. Golden (RE: related document(s)1 Complaint). (DE Leest, Aaron) (Entered: 06/04/2024) |
| 06/18/2024 | 96 | Hearing Held On Pre-Trial Conference (RE: related document 1 Chapter 7 Trustee's Complaint: (1) To Avoid And Recover Fraudulent Transfers; (2) To Avoid And Recover Postpetition Transfers; (3) For Declaratory Relief; (4) For Breach Of Contract; (5) For Money Had And Received; And (6) Unjust Enrichment) - ORDER BY ATTORNEY - PRE-TRIAL CONFERENCE HEARING HELD - REQUEST TO DISMISS ALL REMAINING CLAIMS WITHOUT PREJUDICE GRANTED. (NB8) Modified on 6/28/2024 (NB8). (Entered: 06/28/2024) |
| 07/01/2024 | 97 (7 pgs) | Notice of lodgment of order in Adversary Proceeding; proof of service Filed by Trustee Jeffrey I Golden (TR) (RE: related document(s)1 Adversary case 8:23-ap-01064. Complaint by Jeffrey I. Golden, Chapter 7 Trustee against J-SANDCASTLE CO., LLC, J-PAD LLC, STEVEN D. GALLIAN, BRIAN J. GALLIAN, JUSTIN BARCLAY, RONALD J. |

| | | |
|---|---|---|
| | | PIERPONT, ROBERT J. MCLELLAND, E. J. GALLIAN. ($350.00 Fee Charge To Estate). *Chapter 7 Trustee's Complaint: (1) To Avoid and Recover Fraudulent Transfers; (2) To Avoid and Recover PostPetition Transfers; (3) For Declaratory Relief; (4) For Breach of Contract; (5) For Money had and Received; and (6) Unjust Enrichment* Nature of Suit: (13 (Recovery of money/property - 548 fraudulent transfer)),(21 (Validity, priority or extent of lien or other interest in property)),(91 (Declaratory judgment)),(02 (Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy))) (DE Leest, Aaron) - See docket entry no.: 2 for corrections - Modified on 7/3/2023 (NB8).). (DE Leest, Aaron) (Entered: 07/01/2024) |
| 07/09/2024 | 98 (2 pgs) | Order Dismissing Trustee's Alternative And Remaining Claims Against The Defendants Without Prejudice. IT IS ORDERED: 1. The Alternative And Remaining Claims For Relief In The Plaintiff's Complaint Are DISMISSED Without Prejudice, As Follows: a. The Seventh Claim For Relief Is DISMISSED Against Defendants Steven D. Gallian, Brian J. Gallian, Justin Barclay, E. J. Gallian, And Robert J. McLelland, Without Prejudice. b, The First, Second, Third, Fourth, And Seventh Claims For Relief Are DISMISSED Against Defendant Ronald J. Pierpont, Without Prejudice. c. The Second, Third, Fourth, Sixth, Seventh, Eighth, Ninth, And Tenth Claims For Relief Are DISMISSED Against Defendant J-Pad LLC Without Prejudice. d. The Second, Third, Fourth, Fifth, Sixth, And Seventh Claims For Relief Are DISMISSED Against Defendant J-Sandcastle Co., LLC, Without Prejudice. (BNC-PDF) Signed on 7/9/2024. (NB8) (Entered: 07/09/2024) |
| 07/11/2024 | 99 (4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)98 Order (Generic) (BNC-PDF)) No. of Notices: 2. Notice Date 07/11/2024. (Admin.) (Entered: 07/11/2024) |

## PACER Service Center

### Transaction Receipt

| 07/18/2024 09:01:45 | | | |
|---|---|---|---|
| **PACER Login:** | Slurpyjam | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 8:23-ap-01064-SC Fil or Ent: filed From: 4/19/2022 To: 7/18/2024 Doc From: 0 Doc To: 99999999 Term: included Format: html Page counts for documents: included |
| **Billable Pages:** | 11 | **Cost:** | 1.10 |

United States Bankruptcy Court

Central District of California

Jeffrey I. Golden,

    Plaintiff

                                                      Adv. Proc. No. 23-01064-SC

J-Sandcastle Co LLC,

    Defendant

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0973-8 | User: admin | Page 1 of 2 |
| Date Rcvd: Jul 09, 2024 | Form ID: pdf031 | Total Noticed: 3 |

The following symbols are used throughout this certificate:

| Symbol | Definition |
|---|---|
| + | Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP. |

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jul 11, 2024:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| dft | + | Robert J. McLelland, 16222 Monterey Ln Unit 376, Huntington Beach, CA 92649-2258 |
| intp | + | The Huntington Beach Gables Homeowners Association, c/o Goe Forsythe & Hodges LLP, 17701 Cowan, Suite 210, Irvine, CA 92614-6840 |

TOTAL: 2

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | Notice Type: Email Address | | Date/Time | Recipient Name and Address |
|---|---|---|---|---|
| db | + | Email/PDF: jamiegallian@gmail.com | | |
| | | | Jul 10 2024 00:19:00 | Jamie Lynn Gallian, 16222 Monterey Ln SP #376, Huntington Beach, CA 92649-2258 |

TOTAL: 1

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, \*duplicate of an address listed above, \*P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

| Recip ID | Bypass Reason | Name and Address |
|---|---|---|
| dft | | Brian J. Gallian |
| intp | | Courtesy NEF |
| dft | | E. J. Gallian |
| dft | | J-Pad LLC |
| dft | | J-Sandcastle Co LLC |
| pla | | Jeffrey I. Golden |
| dft | | Justin Barclay |
| dft | | Ronald J. Pierpont |
| dft | | Steven D Gallian |

TOTAL: 9 Undeliverable, 0 Duplicate, 0 Out of date forwarding address

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jul 11, 2024                    Signature:     /s/Gustava Winters

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on July 9, 2024 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| Aaron E. DE Leest | on behalf of Trustee Jeffrey I Golden (TR) adeleest@DanningGill.com danninggill@gmail.com;adeleest@ecf.inforuptcy.com |
| Aaron E. DE Leest | on behalf of Plaintiff Jeffrey I. Golden adeleest@DanningGill.com danninggill@gmail.com;adeleest@ecf.inforuptcy.com |
| Bradford Barnhardt | on behalf of Interested Party Courtesy NEF bbarnhardt@marshackhays.com bbarnhardt@ecf.courtdrive.com,alinares@ecf.courtdrive.com |
| D Edward Hays | on behalf of Interested Party Courtesy NEF ehays@marshackhays.com ehays@ecf.courtdrive.com;alinares@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com |
| Eric P Israel | on behalf of Trustee Jeffrey I Golden (TR) eisrael@danninggill.com danninggill@gmail.com;eisrael@ecf.inforuptcy.com |
| Jeffrey I Golden (TR) | lwerner@go2.law jig@trustesolutions.net;kadele@go2.law;C205@ecfcbis.com |
| Laila Masud | on behalf of Interested Party Courtesy NEF lmasud@marshackhays.com lmasud@ecf.courtdrive.com;lbuchanan@marshackhays.com;alinares@ecf.courtdrive.com |
| Robert P Goe | on behalf of Interested Party The Huntington Beach Gables Homeowners Association kmurphy@goeforlaw.com rgoe@goeforlaw.com;goeforecf@gmail.com;Goe.RobertP.R@notify.bestcase.com |
| Shantal Malmed | on behalf of Plaintiff Jeffrey I. Golden shantal.malmed@gmlaw.com cheryl.caldwell@gmlaw.com |
| Shantal Malmed | on behalf of Trustee Jeffrey I Golden (TR) shantal.malmed@gmlaw.com cheryl.caldwell@gmlaw.com |
| United States Trustee (SA) | ustpregion16.sa.ecf@usdoj.gov |

TOTAL: 11

AARON E. DE LEEST (State Bar No. 216832)
*adeleest@DanningGill.com*
SHANTAL MALMED (State Bar No. 351496)
*smalmed@DanningGill.com*
DANNING, GILL, ISRAEL & KRASNOFF, LLP
1901 Avenue of the Stars, Suite 450
Los Angeles, California 90067-6006
Telephone: (310) 277-0077
Facsimile: (310) 277-5735

Attorneys for Plaintiff Jeffrey I. Golden,
Chapter 7 Trustee

FILE  & ENTERE

JUL 09 2024

CLERK U.S. B NKRUPTCY COURT
Central District of California
BY bolte      DEPUTY CLERK

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SANTA ANA DIVISION**

| | |
|---|---|
| In re | Case No. 8:21-bk-11710-SC |
| JAMIE LYNN GALLIAN, | Chapter 7 |
| Debtor. | |
| JEFFREY I. GOLDEN, Chapter 7 Trustee, | Adv. No. 8:23-ap-01064-SC |
| Plaintiff, | ORDER DISMISSING TRUSTEE'S ALTERNATIVE AND REMAINING CLAIMS AGAINST THE DEFENDANTS WITHOUT PREJUDICE |
| vs. | |
| J-SANDCASTLE CO., LLC; J-PAD LLC; STEVEN D. GALLIAN; BRIAN J. GALLIAN; JUSTIN BARCLAY; RONALD J. PIERPONT; ROBERT J. MCLELLAND; AND E. J. GALLIAN, | Date:  June 18, 2024<br>Time: 1:30 p.m.<br>Place: Courtroom 5C<br>        411 W. Fourth Street<br>        Santa Ana, California 92701 |
| Defendants. | |

On June 18, 2024, the Court, the Honorable Scott Clarkson, held a pre-trial conference in

the above-captioned adversary proceeding.  Appearances were excused pursuant to the Court's

tentative ruling.

1773597.1  27064                                    1

1       The Court having read and considered the status report (*docket no. 95*) filed by Plaintiff

2 Jeffrey I. Golden, as the Chapter 7 Trustee (the "Plaintiff"), having entered individual judgments

3 against the within defendants on certain claims for relief (*docket nos. 47, 66, 79, 81, and 83*), and

4 having considered Plaintiff's request to dismiss the alternative and remaining claims against the

5 defendants in the Plaintiff's complaint (*docket no. 1*) (the "Complaint"), without prejudice, and for

6 good cause, it is hereby:

7       ORDERED that:

8       1.      The alternative and remaining claims for relief in the Plaintiff's Complaint are

9 dismissed, without prejudice, as follows:

10          a.      The seventh claim for relief is dismissed against defendants Steven D.

11 Gallian, Brian J. Gallian, Justin Barclay, E. J. Gallian, and Robert J. McLelland, without prejudice.

12          b.      The first, second, third, fourth, and seventh claims for relief are dismissed

13 against defendant Ronald J. Pierpont, without prejudice.

14          c.      The second, third, fourth, sixth, seventh, eighth, ninth, and tenth claims for

15 relief are dismissed against defendant J-Pad LLC, without prejudice.

16          d.      The second, third, fourth, fifth, sixth, and seventh claims for relief are

17 dismissed against defendant J-Sandcastle Co., LLC, without prejudice.

18                                ###

19

20

21

22

23

24    ate: July 9, 2024

                                     Scott C. Clarkson
                                     United States Bankruptcy Judge

25

26

27

28

1773597.1  27064                             2

1 ERIC P. ISRAEL (State Bar No. 132426)
   *eisrael@DanningGill.com*
2 AARON E. DE LEEST (State Bar No. 216832)
   *adeleest@DanningGill.com*
3 DANNING, GILL, ISRAEL & KRASNOFF, LLP
   1901 Avenue of the Stars, Suite 450
4 Los Angeles, California 90067-6006
   Telephone: (310) 277-0077
5 Facsimile: (310) 277-5735

6 Attorneys for Plaintiff Jeffrey I. Golden,
   Chapter 7 Trustee

7

FILED & ENTERED

SEP 20 2023

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY mccall    DEPUTY CLERK

8                     **UNITED STATES BANKRUPTCY COURT**

9                     **CENTRAL DISTRICT OF CALIFORNIA**

10                          **SANTA ANA DIVISION**

11

12 In re                                    Case No. 8:21-bk-11710-SC

13 JAMIE LYNN GALLIAN,                       Chapter 7

14          Debtor.

15 ————————————————————
   JEFFREY I. GOLDEN, Chapter 7 Trustee,     Adv. No. 8:23-ap-01064-SC
16
            Plaintiff,                        **ORDER GRANTING TRUSTEE'S**
17                                            **MOTION TO STRIKE DEBTOR'S**
       vs.                                    **ANSWER**
18
   J-SANDCASTLE CO., LLC; J-PAD LLC;          **Hearing:**
19 STEVEN D. GALLIAN; BRIAN J.                **Date:  September 12, 2023**
   GALLIAN; JUSTIN BARCLAY; RONALD           **Time: 1:30 p.m.**
20 J. PIERPONT; ROBERT J. MCLELLAND;         **Place:  Courtroom "5C"**
   AND E. J. GALLIAN,                                **411 W. Fourth Street**
21                                                     **Santa Ana, California**
            Defendants.
22 ————————————————————

23          On September 12, 2023, at 1:30 p.m., there came before the Court for hearing the Motion to

24 Strike Debtor's Answer [docket no. 17] (the "Motion") filed by plaintiff Jeffrey I. Golden, the

25 Chapter 7 trustee (the "Trustee") for the estate of Jamie Lynn Gallian (the "debtor"), the Honorable

26 Scott Clarkson, United States Bankruptcy Judge, presiding.  Appearing for the Trustee was Eric P.

27 Israel of Danning, Gill, Israel & Krasnoff, LLP; no other appearances were made.

28 / / /

1729210.1  27173                                    1

1    The Court having read and considered the Motion and the debtor's answer (docket no. 13],

2    having noted the lack of any response, having found that notice of the Motion was adequate and

3    proper, good cause appearing, it is

4    ORDERED THAT:

5    1.    The Motion is granted as to the Trustee only, and the reference to Hauser Brothers is

6    disregarded.

7    2.    The debtor's answer [docket no. 13] is stricken.

8    # # # #

Date: September 20, 2023

Scott C. Clarkson
United States Bankruptcy Judge