**JAMIE LYNN GALLIAN**
**16222 MONTEREY LN. UNIT 376**
**HUNTINGTON BEACH, CA 92649**
**714-321-3449**
**JAMIEGALLIAN@GMAIL.COM**
**IN PRO PER**

**UNITED STATES BANKRUOPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION**

| IN RE JAMIE LYNN GALLIAN | Case No.: 8:21-bk-11710-SC |
|---|---|
| DEBTOR | |
| | **DEBTOR JAMIE LYNN GALLIAN,** **NOTICE OF LODGEMENT** |

**DECLARATION OF JAMIE LYNN GALLIAN**

**I, Jamie Lynn Gallian, Declare, under penalty of perjury by the Laws of these United**

**States the following to be true and correct.  If called upon to testify, I would and could**

**competently testify to the facts contained in this declaration.**

**1.     ORDER CONTINUING HEARING AND REQUIRING SERVICE**
On October 3, 2024, Docket 460:

"The hearing on the Court's order requiring Jamie Lynn Gallian and Joseph Arroyo to appear and show cause as to why they should not be held in contempt and sanctioned for willfully violating the Bankruptcy Code entered September 12, 2024, and set for  hearing on October 15, 2024, is hereby CONTINUED to October 22, 2024, at11:00 a.m" Trustee is to serve a copy of this order on Jamie Lynn Gallian and Joseph Arroyo
and file a proof of service within forty-eight hours of entry of this order.
          IT IS SO ORDERED.

2.     This Notice refers to Docket 440 entered September 12, 2024.

          Trustee's Status Report filed on October 29, 2024 at 6:30 pm is not accurate.

          There was no hearing on October 15, 2024, as claimed in the Courts Order Docket 495.

3.      On October 23, 2024, as Ordered met with the Trustee's Broker Coldwell Banker Co-Agent Greg Bingham at my home with my partner Ronald J. Pierpont in attendance.

4.      I have cooperated with the this Courts Orders placed on the Record and agreed to on October 22, 2024.  See Reporter's Transcript October 22, 2024.  A true and correct copy is attached to the Declaration of Jamie Lynn Gallian.

5.      I believe the Trustee's Status Report submitted on October 29, 2024, Docket 492, contains items that were not placed on the record on October 22, 2024. See Lodgment of Order 492.

6.      Based upon 19 emails between myself and the Trustee's Agent, Mr. Greg Bingham Debtor. believes she has been more than cooperative and has a good working relationship with Mr. Bingham.

7.      There has been no scheduled showings since October 23, 2024.  The one showing that was scheduled was cancelled, and is rescheduled for November 4, 2024.
Debtor believes the Trustee's attorney's are embellishing and misleading the Court. The status report was premature and was taken out of context.  Debtor sent the agent from First Team and Galaxy an email on the date scheduled for showing and copied the Trustee and the agent, verifying the appointment was indeed cancelled, and offering that I was available at my home at the date and time previously scheduled.  I received no reply from Agent Mr. Guarino.

8.      On November 4, 2024, at 4:00 p.m, Ms, Gallian will be showing her home with Trustee's Agent Mr. Bingham.  This will be the First showing.

9.      I provided the pictures nice pictures of my home October 22, 2024, to Mr, Bingham at his request, and they appear on the MLS website.

DEBTOR JAMIE LYNN GALLIAN, NOTICE OF LODGEMENT  - 2

10.     I provided 24 months of Comparable sales to the Trustee's Agent on October 22, 2022, within Rancho Del Rey.  Mr. Bingham acknowledged receipt.

11.     I would respectfully ask this honorable court not to be swayed by premature, untrue, statements.  The JS report is written in first person as if the Trustee was speaking however, the Trustee did not sign the JS, Mr. Israel signed it.

12.     I asked the Trustee to correct the record prior to this hearing, his attorney refused and told me to take it up with the Court.

13.     I respectfully ask thus court to reconsider its personal appearance Order.  I have never not attended a Court Ordered Hearing in this case or any other case now in its fourth year.

14.      I respectfully ask the Court on the Eve of our Democratic Election, to continue to protect the Debtor Jamie Lynn Gallian, and the integrity of the Bankruptcy Code as a whole, as I do feel bullied and intimidated by the Officers of the Court, and believe the Court knows when an officer of the Court has the duty to correct inaccurate statements, made on the record.

15.     The Debtor has no intention of losing her freedom over money and things, and swears to this Court of her promise.

I declare under penalty of perjury the forgoing facts are true and correct and my emails attached are the True and correct emails and text messages from my personal email account.

Signed this 4th day of November, 2024 at Huntington Beach, CA 92649


_Jamie Lynn Gallian_
JAMIE LYNN GALLIAN

DEBTOR JAMIE LYNN GALLIAN, NOTICE OF LODGEMENT  - 3

# EXHIBIT A

# United States Bankruptcy Court
## Central District of California
### Santa Ana
### Scott Clarkson, Presiding
### Courtroom 5C Calendar

---

**Tuesday, November 5, 2024**                                    **Hearing Room        5C**

---

<u>11:00 AM</u>
**8:21-11710    Jamie Lynn Gallian**                                              **Chapter 7**

#4.10

CONT'D Hearing RE:  Jamie Lynn Gallian Must Appear And Show Cause As To Why She Should Not Be Held In Contempt Of Court And Sanctioned For Willfully Violating The Bankruptcy Code By Exercising Control Over Property Of The Estate, Interfering With The Trustee's Administration Of Property Of The Estate And Violating The Automatic Stay In Debtor's Case
(Set per OSC Entered 9-12-2024)

FR:  10-15-24; 10-22-24

Docket        440

**Tentative Ruling:**

Tentative for 11/5/24:

In light of the allegations contained in Trustee's Status Report filed October 29, 2024 [Dk. 492], Debtor appears to be, yet again, interfering with Trustee's efforts to sell the Property by denying access to the Property. Debtor must appear and address these allegations.

If the Court finds that Debtor has not complied with this Court's order entered September 5, 2024 [Dk. 431], this Court's orders from the bench at the October 22, 2024 hearing, and/or the order entered October 30, 2024 [Dk. 495], the Court is inclined to adjudicate Debtor in contempt and impose coercive sanctions in the amount of $5,000 for each future instance of interference committed by Debtor.

Pursuant to the Standing Order Requiring Personal Appearances entered October 23, 2024 [Dk. 477], Debtor is required to personally appear in Courtroom 5C. Trustee may appear personally or virtually, at Trustee's election.

Appearances are required. The hearing will take place in person and using Zoom for Government, a free service that provides audioconference and videoconference capabilities. Only the parties, including counsels, their clients, and pro se individuals, may virtually join the hearing. No testimony, however, will

# United States Bankruptcy Court
## Central District of California
### Santa Ana
### Scott Clarkson, Presiding
### Courtroom 5C Calendar

**Tuesday, November 5, 2024**                                    **Hearing Room        5C**

11:00 AM
**CONT...      Jamie Lynn Gallian**                                                **Chapter 7**

be permitted unless specifically authorized by the Court either prior to, or during, the hearing. Parties virtually appearing should consult the NOTICE OF VIDEO AND TELEPHONIC APPEARANCE PROCEDURES FOR JUDGE SCOTT CLARKSON'S CASES for specific procedures and further information.

The audio portion of each hearing will be recorded electronically by the Court and constitute its official record. **By Order of the Judicial Conference of the United States, members of the general public may only view the hearings from the Courtroom, which will remain open, or access the hearing by audioconference only, as set forth below. This is a nation-wide mandate and is not subject to this Court's discretion. The Court will have monitors on and viewable within the Courtroom for viewing.**

Hearing participants may connect to the videoconference through an Internet browser by entering the Videoconference URL shown below, as well as the meeting ID and password, when prompted.

Videoconference URL:      https://cacb.zoomgov.com/j/1611410296

Meeting ID:          161 141 0296

Password:           867825

If a participant is unable to send and receive audio through his/her computer, or join the videoconference through an Internet browser for any reason, the audio of the hearing may be accessed by telephone using the below audio conference information. PLEASE BE ADVISED THAT THE GENERAL PUBLIC AND ALL MEDIA MAY ONLY USE THE AUDIO CONFERENCE SYSTEM BELOW AND MAY NOT UTILIZE THE VIDEO CONFERENCE SYSTEM.

Audioconference Tel. No.: +1 (669) 254 5252 or +1 (646) 828 7666

Meeting ID:          161 141 0296

Password:           867825

# United States Bankruptcy Court
## Central District of California
### Santa Ana
### Scott Clarkson, Presiding
### Courtroom 5C Calendar

---

**Tuesday, November 5, 2024**                                           **Hearing Room      5C**

---

<u>11:00 AM</u>
**CONT...      Jamie Lynn Gallian**                                                      **Chapter 7**

For further details, please consult the instructions on the Court's website
https://www.cacb.uscourts.gov/judges/honorable-scott-c-clarkson.

Please note that default matters may be called prior to the videoconference, so
there may be a slight delay to the official start time of the videoconference
hearing.

As noted in the Court's Zoom Video Hearing Guide, located at
https://www.cacb.uscourts.gov/node/7890, all persons are strictly prohibited from
making any recording of court proceedings, whether by video, audio,
"screenshot," or otherwise. Violation of this prohibition may result in the
imposition of monetary and non-monetary sanctions.
**************************************************************************
Tentative for 10/22/24 is to issue an order prohibiting Debtor from interfering with
Trustee's administration of property of the Estate.

This Order to Show Cause ("OSC") against Debtor and her realtor, Mr. Arroyo,
was issued as a result of statements made by Debtor at a hearing on August 27,
2024, pertaining to her, and Mr. Arroyo's, efforts to sell her property, which were
interfering with Trustee's administration of property of the Estate. Debtor filed an
e-signed Declaration in response [Dk. 452, and refiled at Dks. 453 and 455], and
Trustee filed a Reply [Dk. 456], and a request to strike the declaration as being
unsigned and not presented under penalty of perjury [Dk. 457].

For the reasons stated in Trustee's Reply [Dk. 456], the OSC is discharged as to
Mr. Arroyo. As for Debtor, as suggested in Trustee's Reply, the Court is inclined
to issue a permanent order prohibiting Debtor from interfering with Trustee's
future administration of property of the Estate; the failure to adhere to such order
will result in a contempt finding and sanctions.  The Court will consider Debtor's
Declaration as argument in response to the OSC.

Virtual appearances are required.

| Party Information |
|---|

**<u>Debtor(s):</u>**

   Jamie Lynn Gallian                          Pro Se

# United States Bankruptcy Court
## Central District of California
### Santa Ana
### Scott Clarkson, Presiding
### Courtroom 5C Calendar

**Tuesday, November 5, 2024**                                      **Hearing Room      5C**

<u>11:00 AM</u>
**CONT...      Jamie Lynn Gallian**                                                **Chapter 7**

    <u>**Trustee(s):**</u>

      Jeffrey I Golden (TR)                  Represented By
                                          Aaron E. De Leest
                                          Eric P Israel
                                          Shantal  Malmed

# United States Bankruptcy Court
## Central District of California
### Santa Ana
### Scott Clarkson, Presiding
### Courtroom 5C Calendar

**Tuesday, November 5, 2024**                                    **Hearing Room        5C**

<u>11:00 AM</u>
**8:21-11710    Jamie Lynn Gallian**                                                        **Chapter 7**

> **#4.20**
>
> Hearing RE:  Debtor's Motion To Avoid Lien Under 11 U.S.C. Section 522(f) (Real Property)
> (Motion filed 8/27/2024)
> (Set per Notice of Hearing filed 10/21/2024)
>
> **[RE:  16222 Monterey Lane, Space 376, Huntington Beach, CA 92649]**
>
> Docket        422
> **\*\*\* VACATED \*\*\*    REASON: OFF CALENDAR PER ORDER RE: MOTION TO AVOID LIEN UNDER 11 U.S.C. SECTION 522(f) [DK. 422] AND VACATING HEARING.**

**Tentative Ruling:**

- NONE LISTED -

| Party Information |
|:---:|

**Debtor(s):**

Jamie Lynn Gallian                    Pro Se

**Movant(s):**

Jamie Lynn Gallian                    Pro Se

**Trustee(s):**

Jeffrey I Golden (TR)                 Represented By
                                      Aaron E. De Leest
                                      Eric P Israel
                                      Shantal  Malmed

# United States Bankruptcy Court
## Central District of California
### Santa Ana
### Scott Clarkson, Presiding
### Courtroom 5C Calendar

---

**Tuesday, October 22, 2024**                                        **Hearing Room      5C**

---

<u>11:00 AM</u>
**8:21-11710    Jamie Lynn Gallian**                                                    **Chapter 7**

#### #13.00

CONT'D Hearing RE:  Jamie Lynn Gallian And Joseph Arroyo Must Appear And Show Cause As To Why They Should Not Be Held In Contempt Of Court And Sanctioned For Willfully Violating The Bankruptcy Code By Exercising Control Over Property Of The Estate, Interfering With The Trustee's Administration Of Property Of The Estate And Violating The Automatic Stay In Debtor's Case (Set per OSC Entered 9-12-2024)

FR:  10-15-24

Docket        440

**Tentative Ruling:**

Tentative for 10/22/24 is to issue an order prohibiting Debtor from interfering with Trustee's administration of property of the Estate.

This Order to Show Cause ("OSC") against Debtor and her realtor, Mr. Arroyo, was issued as a result of statements made by Debtor at a hearing on August 27, 2024, pertaining to her, and Mr. Arroyo's, efforts to sell her property, which were interfering with Trustee's administration of property of the Estate. Debtor filed an e-signed Declaration in response [Dk. 452, and refiled at Dks. 453 and 455], and Trustee filed a Reply [Dk. 456], and a request to strike the declaration as being unsigned and not presented under penalty of perjury [Dk. 457].

For the reasons stated in Trustee's Reply [Dk. 456], the OSC is discharged as to Mr. Arroyo. As for Debtor, as suggested in Trustee's Reply, the Court is inclined to issue a permanent order prohibiting Debtor from interfering with Trustee's future administration of property of the Estate; the failure to adhere to such order will result in a contempt finding and sanctions.  The Court will consider Debtor's Declaration as argument in response to the OSC.

Virtual appearances are required. The hearing will take place using Zoom for Government, a free service that provides audioconference and videoconference capabilities. Only the parties, including counsels, their

**United States Bankruptcy Court**
**Central District of California**
Santa Ana
**Scott Clarkson, Presiding**
**Courtroom 5C Calendar**

---

**Tuesday, October 22, 2024**                                    **Hearing Room        5C**

---

<u>11:00 AM</u>
**CONT...        Jamie Lynn Gallian**                                                    **Chapter 7**

clients, and pro se individuals, may virtually join the hearing. No testimony,
however, will be permitted unless specifically authorized by the Court either
prior to, or during, the hearing. Parties virtually appearing should consult the
NOTICE OF VIDEO AND TELEPHONIC APPEARANCE PROCEDURES
FOR JUDGE SCOTT CLARKSON'S CASES for specific procedures and
further information.

The audio portion of each hearing will be recorded electronically by the Court
and constitute its official record. **By Order of the Judicial Conference of the
United States, members of the general public may only view the
hearings from the Courtroom, which will remain open, or access the
hearing by audioconference only, as set forth below. This is a nation-
wide mandate and is not subject to this Court's discretion. The Court
will have monitors on and viewable within the Courtroom for viewing.**

Hearing participants may connect to the videoconference through an Internet
browser by entering the Videoconference URL shown below, as well as the
meeting ID and password, when prompted.

Videoconference URL:        https://cacb.zoomgov.com/j/1602836250

Meeting ID:            160 283 6250

Password:            606388

If a participant is unable to send and receive audio through his/her computer,
or join the videoconference through an Internet browser for any reason, the
audio of the hearing may be accessed by telephone using the below audio
conference information. PLEASE BE ADVISED THAT THE GENERAL
PUBLIC AND ALL MEDIA MAY ONLY USE THE AUDIO CONFERENCE
SYSTEM BELOW AND MAY NOT UTILIZE THE VIDEO CONFERENCE
SYSTEM.

Audioconference Tel. No.: +1 (669) 254 5252 or +1 (646) 828 7666

Meeting ID:            160 283 6250

# United States Bankruptcy Court
## Central District of California
### Santa Ana
### Scott Clarkson, Presiding
### Courtroom 5C Calendar

**Tuesday, October 22, 2024**                                   **Hearing Room        5C**

---

<u>11:00 AM</u>
**CONT...**      **Jamie Lynn Gallian**                                     **Chapter 7**

Password:          606388

For further details, please consult the instructions on the Court's website
https://www.cacb.uscourts.gov/judges/honorable-scott-c-clarkson.

Please note that default matters may be called prior to the videoconference,
so there may be a slight delay to the official start time of the videoconference
hearing.

As noted in the Court's Zoom Video Hearing Guide, located at
https://www.cacb.uscourts.gov/node/7890, all persons are strictly prohibited
from making any recording of court proceedings, whether by video, audio,
"screenshot," or otherwise. Violation of this prohibition may result in the
imposition of monetary and non-monetary sanctions.

| Party Information |
|---|

**<u>Debtor(s):</u>**

Jamie Lynn Gallian                          Pro Se

**<u>Trustee(s):</u>**

Jeffrey I Golden (TR)                       Represented By
                                            Aaron E. De Leest
                                            Eric P Israel
                                            Shantal  Malmed

# EXHIBIT B

1 | ERIC P. ISRAEL (State Bar No. 132426)
*eisrael@DanningGill.com*
2 | DANNING, GILL, ISRAEL & KRASNOFF, LLP
1901 Avenue of the Stars, Suite 450
3 | Los Angeles, California 90067-6006
Telephone:   (310) 277-0077
4 | Facsimile:   (310) 277-5735

5 | Attorneys for Jeffrey I. Golden,
Chapter 7 Trustee
6 |

7 | **UNITED STATES BANKRUPTCY COURT**

8 | **CENTRAL DISTRICT OF CALIFORNIA**

9 | **SANTA ANA DIVISION**

10 |

11 | In re | Case No. 8:21-bk-11710-SC

12 | JAMIE LYNN GALLIAN, | Chapter 7

13 | | **CHAPTER 7 TRUSTEE'S STATUS**
**REPORT ON DEBTOR'S COMPLIANCE**
14 | Debtor. | **WITH ORDER TO SHOW CAUSE;**
**DECLARATION OF ERIC P. ISRAEL**
15 |

16 | | Date:      November 5, 2024
Time:      11:00 a.m.
17 | | Place:     Courtroom "5C"
411 W. 4th Street
Santa Ana, California 92701
18 |

19 |     Jeffrey I. Golden, the Chapter 7 trustee (the "Trustee") for the bankruptcy estate of Jamie

20 | Lynn Gallian (the "Debtor), hereby submits the within status report on the Court's Order to Show

21 | Cause (*docket no. 440*) (the "OSC"):

22 |     1.    At a hearing on October 22, 2024, at 11:00 a.m., the Court ruled that an injunction

23 | would issue requiring the debtor here, Jamie Lynn Gallian (the "Debtor"), to stop interfering with

24 | the Trustee's administration of estate property, including any efforts to interfere with the Trustee's

25 | efforts list, market and sell the manufactured home located at 16222 Monterey Lane, Space #376,

26 | Huntington Beach, California 92649 (the "Property").

27 |     2.    My counsel uploaded a Notice of Entry of the proposed form of order on October

28 | 22, 2024 (*document no. 476*) (the "Enforcement Order").  The Enforcement Order has not yet been

1779807.2  27064 | 1

1   entered.  Also on October 22, 2024, however, the Debtor appealed that order and elected to proceed

2   before the District Court. *Docket no. 475.*

3       3.      On October 23, 2024, my broker visited the Property and took pictures.  The Debtor

4   did allow the broker in and did not interfere with his efforts to take pictures.

5       4.      My broker advises that the Property is now listed in the MLS.

6       5.      On October 29, 2024, however, my broker advised that he had scheduled an

7   inspection for that day, and had given the requisite 24 hour notice.  However, the Debtor refused to

8   provide access, allegedly because she suspected that the interested party was employed by Houser

9   Bros. Co. dba Rancho Del Rey Mobile Home Estates.  Houser disputes that contention.

10      6.      In any event, the email thread is attached to the Declaration of Eric P. Israel attached

11  hereto.

12      7.      The Trustee asks that the Court hold the Debtor in contempt for disobeying the

13  Order.

14      8.      The Trustee also requests that the Court schedule a confined status conference

15  hereon in 3 to 4 weeks.

16

17  DATED: October 29, 2024            DANNING, GILL, ISRAEL & KRASNOFF, LLP

18

19                                    By: _____

20                                          ERIC P. ISRAEL
                                            Attorneys for Jeffrey I. Golden, Chapter 7 Trustee
21

22

23

24

25

26

27

28

1779807.2  27064                          2

<u>DECLARATION OF ERIC P. ISRAEL</u>

I, Eric P. Israel, declare as follows:

1.     I am an attorney, duly licensed and entitled to practice in the State of California and before the bar of this Court.

2.     The facts stated herein are known to be true of my personal knowledge, except for those stated on information and belief, and I believe those to be true.

3.     On October 29, 2024, Greg Bingham, the Trustee's duly-employed real estate broker, sent me an email advising that he had scheduled an inspection for that day, and had given the Debtor the requisite 24 hour notice. However, the Debtor refused to provide access, allegedly because she suspected that the interested party was employed by Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates. Houser disputes that contention. I replied and warned the Debtor that she was violating both her agreement stated on the record and the Court's order.

4.     A true and correct copy of the email thread thereon I received and replied to is attached hereto, marked as Exhibit "1" and incorporated herein by this reference.


I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on October 29, 2024, at Los Angeles, California.

ERIC P. ISRAEL

3

# EXHIBIT 1

**Eric Israel**

| | |
|---|---|
| **From:** | Eric Israel |
| **Sent:** | Tuesday, October 29, 2024 10:56 AM |
| **To:** | jamiegallian@gmail.com |
| **Cc:** | jgolden@go2.law; 'Bingham, Gregory'; William (Bill) Friedman (billfried@earthlink.net); Eric Israel |
| **Subject:** | Gallian (FW: Potential Viewing ????) |
| **Importance:** | High |

Jamie: You have no right to screen who inspects or bids on the Property. You agreed on the record to provide access on 24 hours' notice, which the Trustee's broker has done here. and the Court has ordered you to fully cooperate, including complying with that agreement, and not to interfere. This is not cooperating, and is indeed interfering, and you are violating the Court's order. I strongly suggest that you change course immediately, or I will be forced to bring this to the Judge's attention.

---

**From:** Jamie Gallian <jamiegallian@gmail.com>
**Sent:** Tuesday, October 29, 2024 10:39 AM
**To:** David Guarino <dguarino7@gmail.com>; Jeff Golden <jgolden@go2.law>; Bingham, Gregory <greg.bingham@camoves.com>
**Cc:** Jeff Golden <jgolden@go2.law>
**Subject:** Re: Potential Viewing ????

If you are willing to disclose all of the sales within the past 24 months to the Trustee , Jeff Golden, sold within Rancho Del Rey under both names , First Team and Galaxy, and an explanation as to why your sales are not listed and disclosed.

Jamie Gallian
Sent from my iPhone

> On Oct 29, 2024, at 10:30 AM, Jamie Gallian <jamiegallian@gmail.com> wrote:
>
> Nice try David,
>
> The answer is still NO.
>
> You and your wife are as crocked as the come
>
>
> Jamie Gallian
> Sent from my iPhone

1

04

On Oct 29, 2024, at 10:14 AM, David Guarino <dguarino7@gmail.com>
wrote:


I do not work for the Houser family in any way shape or form, I am licensed
with both First Team Real Estate through the Department of Real Estate and
Galaxy Homes through Housing Community Development. I have NO
affiliation whatsoever with with Rancho Del Rey


David Guarino
First Team Real Estate
DRE# 01708899
Direct (714) 402-3283
Email: dguarino7@gmail.com


On Tue, Oct 29, 2024 at 10:09 AM Jamie Gallian <jamiegallian@gmail.com>
wrote:

Jeff,

There is a conflict with this agent and I have to decline entrance to my
home.

This agent is will not be allowed into the personal property home LBM 1081.

This agent works for Houser Bros.

Please respect my wishes.

Jamie Gallian
Sent from my iPhone

Begin forwarded message:

> **From:** Jamie Gallian <jamiegallian@gmail.com>
> **Date:** October 29, 2024 at 10:04:53 AM PDT
> **To:** "Bingham, Gregory" <greg.bingham@camoves.com>
> **Subject: Re: Potential Viewing  ????**
>
> Absolutely not
>
>
> Jamie Gallian
> Sent from my iPhone

2

05

On Oct 29, 2024, at 9:49 AM, Bingham, Gregory
<greg.bingham@camoves.com> wrote:

One scheduled for tomorrow, Wednesday at
4pm.

David Guarino, First Team Real Estate is the
agent bringing the buyers.

GREG BINGHAM  Sales Manager

The Tim Smith Real Estate Group | Coldwell Banker Realty

m: 562.335.0145

w: timsmithrealestategroup.com e: greg.bingham@camoves.com



<Outlook-njr1vbp3.png>

CalBRE# 01309137

---

**From:** Jamie Gallian <jamiegallian@gmail.com>
**Sent:** Tuesday, October 29, 2024 9:18 AM
**To:** Bingham, Gregory <greg.bingham@camoves.com>
**Subject:** Potential Viewing ????

Greg,

Are there any appointments scheduled.  I thought I
saw something in my email however I cannot find it.

Please indicate the date and time and confirm the
agent's first and last name and their customer's first
and last name and whether you are attending.

Sincerely,

3

06

Jamie Gallian
Sent from my iPhone

*Wire Fraud is Real*.  Before wiring any money,
call the intended recipient at a number you
know is valid to confirm the
instructions. Additionally, please note that the
sender does not have authority to bind a party
to a real estate contract via written or verbal
communication.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 1901 Avenue of the Stars, Suite 450, Los Angeles, CA 90067-6006.

A true and correct copy of the foregoing document entitled (*specify*): **CHAPTER 7 TRUSTEE'S STATUS REPORT ON DEBTOR'S COMPLIANCE WITH ORDER TO SHOW CAUSE; DECLARATION OF ERIC P. ISRAEL** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) October 29, 2024  I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page.

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*)  October 29, 2024 , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page.

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*)  Ocober 29, 2024, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| October 29, 2024 | Gloria Ramos | /s/ Gloria Ramos |
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                          **F 9013-3.1.PROOF.SERVICE**

ADDITIONAL SERVICE INFORMATION (if needed):

## 1. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")

- **Bradford Barnhardt**    bbarnhardt@marshackhays.com,
  bbarnhardt@ecf.courtdrive.com,alinares@ecf.courtdrive.com

- **Aaron E. De Leest**    adeleest@marshackhays.com,
  adeleest@marshackhays.com,alinares@ecf.courtdrive.com

- **Robert P Goe**    kmurphy@goeforlaw.com,
  rgoe@goeforlaw.com;goeforecf@gmail.com;Goe.RobertP.R@notify.bestcase.com;ajohnston@goeforlaw.com

- **Jeffrey I Golden (TR)**    lwerner@go2.law,
  jig@trustesolutions.net;kadele@go2.law;C205@ecfcbis.com

- **D Edward Hays**    ehays@marshackhays.com,
  ehays@ecf.courtdrive.com;alinares@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com

- **Brandon J. Iskander**    biskander@goeforlaw.com, kmurphy@goeforlaw.com

- **Eric P Israel**    eisrael@danninggill.com, danninggill@gmail.com;eisrael@ecf.inforuptcy.com

- **Shantal Malmed**    shantal.malmed@gmlaw.com, cheryl.caldwell@gmlaw.com

- **Laila Masud**    lmasud@marshackhays.com,
  lmasud@ecf.courtdrive.com;lbuchanan@marshackhays.com;alinares@ecf.courtdrive.com

- **Mark A Mellor**    mail@mellorlawfirm.com, mellormr79158@notify.bestcase.com

- **Valerie Smith**    claims@recoverycorp.com

- **United States Trustee (SA)**    ustpregion16.sa.ecf@usdoj.gov


## 2. SERVED BY U.S. MAIL

Debtor
Jamie Lynn Gallian
16222 Monterey Ln Unit 376
Huntington Beach, CA 92649

Joseph Arroyo
977 S. Santa Fe Avenue
Suite 1
Vista, CA  92083

The Honorable Scott C. Clarkson
U.S. Bankruptcy Court
Ronald Reagan Federal Building
411 W. Fourth Street, Suite 5130
Santa Ana, CA 92701

Greg Bingham, Broker
Coldwell Banker Residential
840 Newport Center Dr Ste 100
Newport Beach, CA 92660

William Friedman, Broker
Coldwell Banker Realty
840 Newport Center Dr Ste 100
Newport Beach, CA 92660


## 3. SERVED BY E-MAIL

Jamie Lynn Gallian
Email:  jamiegallian@gmail.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                 F 9013-3.1.PROOF.SERVICE

EXHIBIT B

1               UNITED STATES BANKRUPTCY COURT

2           CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA

3                     --oOo--

4  In Re:                    )  Case No. 8:21-bk-11710-SC
                          )
5  JAMIE LYNN GALLIAN,     )  Chapter 7
                          )
6  Debtor,               )  Santa Ana, California
                          )  Tuesday, 11:00 A.M.
7  -----------------------------)  October 22, 2024

8

9              TRANSCRIPT OF CONTINUED HEARING RE:
          JAMIE LYNN GALLIAN AND JOSEPH ARROYO MUST
    APPEAR AND SHOW CAUSE AS TO WHY THEY SHOULD NOT BE HELD
10   IN CONTEMPT OF COURT AND SANCTIONED FOR WILLFULLY
          VIOLATING THE BANKRUPTCY CODE BY EXERCISING
11   CONTROL OVER PROPERTY OF THE ESTATE, INTERFERING WITH
       THE TRUSTEE'S ADMINISTRATION OF PROPERTY OF THE
12  ESTATE AND VIOLATING THE AUTOMATIC STAY IN DEBTOR'S CASE
          BEFORE THE HONORABLE SCOTT CLARKSON
13           UNITED STATES BANKRUPTCY JUDGE

14

   APPEARANCES:
15

   The Debtor:              JAMIE LYNN GALLIAN, *Pro Se*
16                         16222 Monterey Lane
                         Unit #376
17                         Huntington Beach, California 92649

18  For the Trustee:        ERIC ISRAEL, ESQ.
                         Danning Gill Israel &
19                          Krasnoff, LLP
                         1901 Avenue of the Stars
20                         Suite #450
                         Los Angeles, California  90067
21

   The Trustee:             JEFFREY I. GOLDEN, ESQ.
22                         Golden Goodrich, LLP
                         3070 Bristol Street
23                         Suite #640
                         Costa Mesa, California  92626
24

25  Proceedings produced by electronic sound recording;
   transcript produced by transcription service.



```
 1   For Hauser Bros.:          D. EDWARD HAYS, ESQ.
                                Marshack Hays, LLP
 2                              870 Roosevel Avenue
                                Irvine, California  92620
 3
     Court Recorder:            Tamika Law
 4                              U.S. Bankruptcy Court
                                Central District of California
 5                              Ronald Reagan Federal Building and
                                United States Courthouse
 6                              411 West Fourth Street
                                Santa Ana, California  92701-4593
 7                              (855) 460-9641

 8   Court Transcriptionist:    Ruth Ann Hager, C.E.T.**D-641
                                Ben Hyatt Certified Deposition
 9                                Reporters
                                17835 Ventura Boulevard
10                              Suite #310
                                Encino, California  91316
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

Page                                                                          3

 1              SANTA ANA, CALIFORNIA, TUESDAY, OCTOBER 22, 2024

 2                                11:21 A.M.

 3                                  --oOo--

 4              THE COURT:  #13.00, Jamie Lynn Gallian.  This is

 5  a continued hearing on the OSC why she shouldn't be held in

 6  contempt.

 7              Let's have appearances, please.

 8              MS. GALLIAN:  Good morning, Your Honor.  Jamie

 9  Gallian.

10              MR. ISRAEL:  Good morning, Your Honor.  Eric

11  Israel, Danning, Gill, Israel & Krasnoff, LLP, attorneys

12  for the Trustee, and the Trustee is also appearing.

13              MR. GOLDEN:  Good morning.

14              THE COURT:  Good morning, Mr. Golden.

15              Any other appearances?

16              MR. HAYS:  Good morning, Your Honor, or --

17              THE COURT:  Mr. Hays.

18              MR. HAYS:  I'm sorry, Your Honor.  For creditor

19  Hauser Brothers, this is Ed Hays of Marshack, Hays, Wood,

20  LLP.

21              THE COURT:  Anyone else?

22              Mr. Israel, you represent the Trustee,

23  Mr. Golden.  Give us an oversight of what's happened so

24  far.

25              MR. ISRAEL:  Your Honor, at the last hearing

**P** 888.272.0022  **F** 818.343.7119                              www.benhyatt.com

BENHYATT
Certified Deposition Reporters

Page                                                                    4

1  which was on, among other things, there was an application

2  by the Trustee to employ a real estate broker, the Court

3  granted that application over the debtor's objection.

4  There was also a motion at the time by the debtor to compel

5  the Trustee and my firm to withdraw something with the

6  title records for the manufactured home, which we actually

7  never filed anything.  Your Honor denied that motion.

8          In the context of those two motions and on the

9  record at the hearing, Ms. Gallian admitted that she had

10 listed the property, the manufactured home, through a real

11 estate broker and on Zillow.  Your Honor asked or ordered

12 me to file an OSC to show cause why she shouldn't be held

13 in contempt for interfering with the Trustee's marketing

14 administration of the estate generally, including marketing

15 the property.

16         Your Honor, around that -- so Your Honor issued

17 that OSC a few days later in a written order.  Around that

18 same time, the debtor filed a Chapter 13 case, which

19 yesterday I understand was dismissed, filed a motion to

20 convert this case to a Chapter 13, filed a motion under

21 522(f) to avoid the Trustee's lien, which we have opposed

22 and yesterday filed two proofs of claim against our estate.

23         In any event, at the hearing -- at that last

24 hearing, Ms. Gallian stated on the record that she would

25 cooperate with the Trustee in marketing the property and

Page                                                                    5

1    there was an agreement that was reflected in Your Honor's

2    order about providing access to the real estate broker as

3    long as he provided 24 hours' advance notice on her cell

4    phone.

5              After the hearing, he did so and was advised that

6    she had just filed a Chapter 13.  He was given the case

7    number and told there's an automatic stay so the Trustee

8    can't market those properties.  Again, as of yesterday,

9    that Chapter 13 case has been dismissed.

10             Your Honor, we have seen Your Honor's tentative

11   ruling and the Trustee is fine with that, with an

12   injunction from the Court barring the debtor from

13   interfering going forward with the Trustee's marketing

14   efforts.  Your Honor, the -- I spoke to the broker -- the

15   Trustee's broker and he is prepared to come by the property

16   at 3:00 tomorrow, inspect the property and take pictures so

17   he can start marketing the property now.

18             And, Your Honor, the other thing that the Trustee

19   would request is that rather than discharge the OSC that

20   Your Honor, if it's not inconvenient to the Court, maintain

21   a status conference on that in three to four weeks while

22   the Trustee is marketing the property to ensure that there

23   is no further inference with the Trustee's marketing

24   efforts.

25             THE COURT:  Have you had an opportunity to

Page                                                                                      6

1    discuss the meeting that is going to be held at the

2    property with Ms. Gallian?

3              MR. ISRAEL:  No, Your Honor.  The agreement was

4    24 hours' notice.  3:00 tomorrow would be more than 24

5    hours' notice.  I would ask the debtor.

6              Ms. Gallian, is that a time that works for you at

7    3:00 tomorrow?

8              THE COURT:  Ms. Gallian?

9              MS. GALLIAN:  I think so.

10             MR. ISRAEL:   Okay.  Well --

11             MS. GALLIAN:  Wait, wait, wait.  Oh, there I am.

12   Okay.  Can you hear me, sir?

13             THE COURT:  Yes, we can hear you.  We're waiting

14   for your response.

15             MS. GALLIAN:  I apologize.  I saw a little red

16   line.

17             So before I answer that, sir, I would like to

18   address the Court just for a second so --

19             THE COURT:  No, no.  First of all, address the

20   question and then we'll go forward.

21             MS. GALLIAN:  What's the question, if I can meet

22   you at 3:00 tomorrow at the property?

23             THE COURT:  Yes, will you be there at the

24   property at 3:00 to assist the real estate broker of the

25   Trustee to examine the property and photograph it and do

Page                                                              7

1  whatever else they need?

2          MS. GALLIAN:  I can be here probably be 4:30.

3          THE COURT:  Why can't you be there at 3:00?  You

4  don't work anymore.

5          MS. GALLIAN:  Yes, I do work, sir.  That's why I

6  filed my amended Chapter A and B and put my current

7  employer on there.

8          THE COURT:  Well, where are you going to be at

9  3:00 tomorrow?

10         MS. GALLIAN:  I would be in Orange driving a

11 motor coach and I can probably get the coach back to the

12 yard and then depending on the traffic on the 22, I will be

13 home probably no later than 4:00 or 4:30.

14         THE COURT:  Mr. Israel, who else resides at that

15 property?

16         MR. ISRAEL:  Your Honor, as far as I know, no one

17 else is living there at this time, although the one that

18 would know best would be Ms. Gallian.

19         THE COURT:  Will we have to have the United

20 States Marshals remove her from that property, in your

21 opinion?

22         MR. ISRAEL:  There's a possibility, a good

23 possibility, Your Honor.  I would hope not.  I would hope

24 she would follow Your Honor's orders and her duty as a

25 debtor under the Bankruptcy Code.

Page                                                                      8

1          THE COURT:  Now, are you familiar with the

2    ability of the United States Marshal to remove her

3    physically from that property?

4          MR. ISRAEL:  Yes, there's special procedures with

5    the Marshal.  I have unfortunately had to do that in

6    several other cases and they're documented in the Local

7    Rules as well, I believe.

8          THE COURT:  Mr. Hays, are you familiar with the

9    situation of removing a person from a property when they're

10   obstructing the Trustee from --

11         MS. GALLIAN:  What -- excuse me --

12         THE COURT:  Excuse me, Ms. Gallian.

13         MS. GALLIAN:  Let's just speak --

14         THE COURT:  Mr. Gallian -- Ms. Gallian, would you

15   please stand by.

16         Mr. Hays, are you familiar with any situations

17   that you are directly familiar with, with respect to

18   removing a party from a home when they infringe on the

19   Trustee's rights to come in with a real estate broker?

20         MR. HAYS:  Yes, Your Honor.  I've personally been

21   involved in several cases where the trustee has had to seek

22   to compel the debtor to vacate and turn over possession for

23   interfering with the Trustee and the Trustee's broker's

24   efforts to market and sell property of a bankruptcy estate.

25   I've also been at a lockout one time with the United States

Page                                                                    9

1   Marshal, so I'm very familiar with the process.

2          THE COURT:  Can you give me an example of one

3   case that you know of recently?

4          MR. HAYS:  Yes, Your Honor.  There was a case

5   where the debtor had a home in Newport Beach, California.

6   She was ordered to turn over possession to the Trustee.

7   She failed and refused to do so.

8          The Trustee obtained a turnover order from the

9   Bankruptcy Court compelling her to vacate and turn over by

10  a date certain.  She failed to do so.  The Trustee obtained

11  what is called a writ of assistance, which is a court

12  document that asks the United States Marshal Service to

13  enforce the order for possession.  The Marshal Service then

14  goes out to the property with multiple agents and if the

15  debtor is still present, they will remove her.  If the

16  debtor has not -- is not present, they will stay at the

17  property while the Trustee changed -- well, the locks get

18  changed by the Trustee and possession is turned over to the

19  bankruptcy estate.

20         MS. GALLIAN:  Didn't your clients already do

21  that, Mr. Hays, six years ago and I went to court and had

22  the writ recalled because it was an unlawful order and the

23  court returned possession to me?  Is that not also true?

24         THE COURT:  It probably is, but he's not talking

25  about your case.

Page                                                                    10

1           MS. GALLIAN:  It was my case.

2           THE COURT:  No, he's talking about Alicia

3    Richards' case.

4           MS. GALLIAN:  Of course, I understand that.  I

5    was in *pro per* right after her, so I saw all the nonsense

6    that went on.  However --

7           THE COURT:  Ms. Gallian --

8           MS. GALLIAN:  -- you're --

9           THE COURT:  Ms. Gallian --

10          MS. GALLIAN:  I (indiscernible) --

11          THE COURT:  Ms. Gallian, you're going to be --

12          MS. GALLIAN:  And here (indiscernible) --

13          THE COURT:  You're going to be excused from this

14   hearing if you don't quit interrupting.

15          MS. GALLIAN:  I thought I was the only one that

16   notified the Court yesterday that I would like to be heard.

17   I filed the documents.

18          THE COURT:  Ms. Gallian --

19          MS. GALLIAN:  Where is --

20          THE COURT:  Ms. Gallian --

21          MS. GALLIAN:  Okay.

22          THE COURT:  Okay.  I'm going to give you one more

23   chance to cease and desist your interruption of this

24   hearing.  I will let you know when you can speak, okay?

25          MS. GALLIAN:  Yes, sir.

Page                                                                    11

1            THE COURT:  Thank you.

2            So Mr. Hays, where is Ms. Richards today?

3            MR. HAYS:  Ms. Richards is currently incarcerated

4    having been adjudicated to be in civil contempt of the

5    Bankruptcy Court's order.  She's been in the custody of the

6    United States Marshals in the Santa Ana City Jail for

7    approximately the last 18 months for failing and refusing

8    to purge her contempt of the Bankruptcy Court's order.

9            THE COURT:  Thank you.

10           All right.  Ms. Gallian, will you be at the

11   location at 4:30 tomorrow afternoon to meet with the

12   Trustee's broker?

13           MS. GALLIAN:  Yes, sir, after I -- you address

14   the points that I raised in my document today.  Yes.  I

15   absolutely --

16           THE COURT:  Okay.  So you will be there, is that

17   right?

18           MS. GALLIAN:  Well, of course, sir.

19           THE COURT:  Okay.

20           MS. GALLIAN:  I never said that I --

21           THE COURT:  Well --

22           MS. GALLIAN:  I --

23           THE COURT:  Now I'm letting you know that you

24   should be there and I'm ordering you to be there and to

25   fully cooperate with the Trustee's real estate agent.  The



Page                                                                    12

1   order to show cause --

2          MS. GALLIAN:  Well, I --

3          THE COURT:  -- has been vacated as to Mr. Arroyo,

4   I believe, and that's -- and we're doing that now, if we

5   haven't already done it.

6          But the order to show cause is going to be

7   continued and it will be continued until November 5 at

8   11:00.

9          MS. GALLIAN:  Yes, sir.  We have a hearing

10  already on that date for another matter.

11         THE COURT:  That's right.  That's right.  So this

12  hearing will be continued and then we will get a status

13  report from Mr. Israel and the Trustee with respect to the

14  cooperation that they received with respect to this matter

15  today.

16         All right.  Now, Ms. Gallian, you wanted to make

17  some other points.  Please feel free.

18         MS. GALLIAN:  Thank you, Your Honor.

19         Okay.  The only document that I filed, it is 28

20  pages and here's what it says, Your Honor, and I apologize

21  because I am extremely tired.  I drove all night.

22         Here's what it says.  It says:

23         "To find the party in civil contempt the Trustee

24      must provide clear and convincing evidence that the

25      contemnor violated a specific and definite order of

Page                                                              13

1          the court, *In Re: Dryer*, 322 F.3d at 1190-91.  The

2          Bankruptcy Court must also find the contemnor had

3          sufficient notice of the order's terms and the facts

4          that she would be sanctioned if she did not comply."

5              Okay.  I don't need to tell all of these

6    professional lawyers here.  Okay.  The problem is, is that

7    the Court on -- I believe it was October 6, 2023, docket

8    number 383, I believe it was -- yes, sir, 383, October 6,

9    2023, here's exactly what the court says under item 14,

10   other.

11          "It is confirmed pursuant to 11 U.S.C.

12          362(c)(2)(D).  There is no automatic stay in effect

13          and the language of the order granting motions for

14          relief from the automatic stay 11 362."

15             So the question -- the only question that I had

16   to the Court was when the September 12, 2024 order to show

17   cause came, it specifically said that I violated the stay.

18   That's all my question is, was there a stay, was there a

19   properly served order, and why isn't the Court not

20   addressing Judge Smith's May 15, 2024 order having the same

21   findings that she had on December -- I think -- I believe

22   it was 16th or 19th, 2022, doc 273, memorandum of findings

23   of fact.  Clearly there's a confusion, okay.

24             THE COURT:  Well, let's not have any more

25   confusion.  I am ordering you to be at your home at 4:30

Page                                                        14

1  tomorrow afternoon and provide every assistance that is

2  required by the Trustee's real estate broker or agent or

3  professional to begin the process of examining the property

4  and preparing it for marketing.  That is the order.  And we

5  are now going to -- and if that order is not obeyed, I'm

6  going to examine whether or not to fine you up to $10,000

7  or, if that doesn't make any sense because you have no

8  funds, to incarcerate you and that will -- or just actually

9  have the Marshal remove you from the property.

10          So now, there you have it.  You now know that

11  there is an order specifically requiring you to be at the

12  house that you've already agreed to be at, at 4:30

13  tomorrow.  And it tells you exactly what I will do or the

14  possibilities of what I will do if you do not obey my

15  order.  So thank you very much.

16          Mr. Israel, would you please prepare an order

17  with respect to my findings of facts and conclusions of law

18  today, as well as the continuance of this --

19          MS. GALLIAN:  This (indiscernible) --

20          THE COURT:  -- and -- Ms. Gallian, I now going to

21  excuse you from this hearing for interrupting me.

22          MS. GALLIAN:  But I don't --

23          THE COURT:  Ms. Gallian --

24          MS. GALLIAN:  You're going -- okay, well, I --

25          THE COURT:  Ms. Gallian --

Page                                                                    15

1              MS. GALLIAN:  Everything you say, I appreciate,

2    but I just want a question answered.  We've got two

3    conflicts there between two judges.

4              THE COURT:  Thank you, Ms. Gallian --

5              MS. GALLIAN:  All that's I'm trying to say --

6              THE COURT:  Ms. Gallian --

7              MS. GALLIAN:  Okay.

8              THE COURT:  You are now excused and you will be

9    moved from this hearing.  You continue to --

10             MS. GALLIAN:  (Indiscernible) --

11             THE COURT:  You continue -- you continue to

12   interrupt the Court.  We're still on the record --

13             MS. GALLIAN:  Well --

14             THE COURT:  I am asking --

15             MS. GALLIAN:  You interrupt me --

16             THE COURT:  So would you please now eliminate

17   Ms. Gallian from the Zoom call?  Ms. Gallian is

18   continuously interrupting this Court's process.

19             And so, Mr. Israel, do you understand the order

20   and can you get that to us as soon as possible?

21             MR. ISRAEL:  Yes, Your Honor.  So I will prepare

22   an order with -- including the injunction and the

23   statements, the rulings Your Honor just made and you want

24   findings of fact and conclusions of law in support of that?

25             THE COURT:  Well, they're very simple.

Page                                                                16

1          MR. ISRAEL:  Okay.

2          THE COURT:  The fact is that the transcript shows

3  that she has agreed to appear there at 4:30 at the home and

4  to cooperate, and that is basically all the facts that we

5  need.  And the Court so orders it after she's agreed to it.

6          MR. ISRAEL:  Yes.

7          THE COURT:  So it's a very simple finding of

8  facts and conclusions of law under 105.  I can issue orders

9  that are not -- I can issue orders that are not -- that are

10 not adverse to the Bankruptcy Code in this case.  The

11 Trustee is seeking to sell property under 363.  And to

12 facilitate that process I am ordering -- or continuing the

13 hearing on the contempt matter and altering and amending it

14 as I've given her notice and has she -- and that she has

15 agreed to present herself next day at 4:30 to allow the

16 Trustee's professionals to enter and examine the property

17 and process it for sale.

18         MR. ISRAEL:  Very good, Your Honor.  I will

19 prepare such an order.

20         THE COURT:  And thank everyone for coming today.

21         MR. HAYS:  Thank you, Your Honor.

22         MR. ISRAEL:  Thank you, Your Honor.

23         THE COURT:  Thank you.

24         MR. GOLDEN:  Thank you, Your Honor.

25 (End at 11:41 a.m.)

Page                                                                    17

1            I certify that the foregoing is a correct

2    transcript from the electronic sound recording of the

3    proceedings in the above-entitled matter.

4

5    *Ruth Ann Hager*

6    _____          Date:  10/29/2024

7    RUTH ANN HAGER, C.E.T.**D-641

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

**P** 888.272.0022  **F** 818.343.7119        www.benhyatt.com

# EXHIBIT B

1                    UNITED STATES BANKRUPTCY COURT

2              CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA

3                            --oOo--

4   In Re:                      ) Case No. 8:21-bk-11710-SC
                                )
5   JAMIE LYNN GALLIAN,         ) Chapter 7
                                )
6   Debtor,                     ) Santa Ana, California
                                ) Tuesday, 1:30 P.M.
7   ----------------------------) August 27, 2024

8                   TRANSCRIPT OF ZOOM PROCEEDINGS

9              BEFORE THE HONORABLE SCOTT CLARKSON
                  UNITED STATES BANKRUPTCY JUDGE

10

11  APPEARANCES:

12  The Debtor:                 JAMIE LYNN GALLIAN, *Pro Se*
                                16222 Monterey Lane
13                              Unit #376
                                Huntington Beach, California 92649
14
    For the Trustee:            ERIC ISRAEL, ESQ.
15                              Danning Gill Israel &
                                  Krasnoff, LLP
16                              1901 Avenue of the Stars
                                Suite #450
17                              Los Angeles, California  90067

18  The Trustee:                JEFFREY I. GOLDEN, ESQ.
                                Golden Goodrich, LLP
19                              3070 Bristol Street
                                Suite #640
20                              Costa Mesa, California  92626

21  For Hauser Bros.:           D. EDWARD HAYS, ESQ.
                                Marshack Hays, LLP
22                              870 Roosevel Avenue
                                Irvine, California  92620
23

24
    Proceedings produced by electronic sound recording;
25  transcript produced by transcription service.

```
 1   Court Recorder:              Tamika Law
                                  U.S. Bankruptcy Court
 2                                Central District of California
                                  Ronald Reagan Federal Building and
 3                                United States Courthouse
                                  411 West Fourth Street
 4                                Santa Ana, California  92701-4593
                                  (855) 460-9641
 5
     Court Transcriptionist:      Ruth Ann Hager, C.E.T.**D-641
 6                                Ben Hyatt Certified Deposition
                                    Reporters
 7                                17835 Ventura Boulevard
                                  Suite #310
 8                                Encino, California  91316

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

EXHIBIT B

Page                                                                    3

1            SANTA ANA, CALIFORNIA, TUESDAY, AUGUST 27, 2024

2                            1:42 P.M.

3                             --oOo—

4            THE COURT:  Let's call items #8.00 and #9.00 in

5    the Jamie Lynn Gallian matter.  I think Ms. Gallian is in

6    the courtroom.

7            Please come forward, Ms. Gallian and hello.

8            Let's give her time to come up to the podium.

9            MS. GALLIAN:  Good afternoon, Judge Clarkson.

10   Good to see you.

11           THE COURT:  Good afternoon, Ms. Gallian.

12           There are other appearances, first of all, on

13   #8.00?

14           MR. ISRAEL:  Yes, Your Honor.  This is Eric

15   Israel of Danning, Gill Israel & Krasnoff, LP, attorneys

16   for the Trustee.  The Trustee is also on the line and also

17   the Trustee's broker, Greg Bingham, is also on the -- is

18   also appearing.

19           THE COURT:  Very good.

20           Are there any other appearances?

21           MR. HAYS:  Yes, Your Honor.  Good afternoon.  For

22   creditor Hauser Bros., this is Ed Hays of Marshack Hays

23   Wood, LLP.

24           THE COURT:  Good afternoon, Mr. Hays.

25           Are there any other appearances?

Page                                                                    4

1            MR. GOLDEN:  Jeffrey Golden, Trustee, Your Honor.

2    Sorry.

3            THE COURT:  Hello, Mr. Golden.  Glad to see you.

4            Let's talk about item #8.00 first.  This is a

5    motion brought by the debtor to compel and issue an order

6    to the Chapter 7 Trustee and his attorneys to withdraw and

7    counsel the May 13, 2024 HCD application to transfer

8    certificate of title decal LBM1081 for zero consideration

9    to Danning Gill Israel and Krasnoff, LLP forthwith.

10           Ms. Gallian, please proceed.

11           MS. GALLIAN:  So, Your Honor, I starting meeting

12   with HCD back in January before I was aware of the

13   Trustee's orders in an adversary that I was not a part of.

14           So back in -- I believe it was May 1, 2024, I

15   hired the same broker because I knew that the Hause

16   unlawful detainer action was coming up and I believed that

17   the Court would -- could go two days on the UD, could

18   either say, Ms. Gallian, do you have X amount of dollars,

19   or, Ms. Gallian, we will give you 120 days to market and

20   sell the home because you own the home.

21           So that was the reason why the broker listed the

22   home for sale on the -- it was a -- some sort of a mobile

23   home website.  On May 15th Judge Smith again ruled in my

24   favor that I was entitled to my homestead.  I do have a

25   declared homestead that was filed pre-bankruptcy and then

Page                                                                                    5

1   also because of the registration on the actual date of

2   bankruptcy filing, it was registered in the name of Jay

3   Sandcastle and that was a reason I believe it's going to

4   be -- I don't know if they're here, if -- I subpoenaed the

5   HCD.  I don't know if they are here or they're waiting in

6   another -- in the other case.  I'm not really sure exactly

7   which one.

8           However, the Housing Community Development takes

9   the releasing signature off of the back of the original

10  certificate of title and that's the date they go by, which

11  was 2/25/21.  The HCD then notifies the Orange County Tax

12  Assessor of that date as well.

13          I had obtained two notarized copies or letters, I

14  guess, from the actual second in command at the Orange

15  County Tax Assessor that Jamie Lynn Gallian had, indeed, a

16  homestead in the County of Orange since 2/25/21.

17          However, with -- oh, a lot of papering and a lot

18  of documents that gone back and forth, I guess now the

19  Court -- and Judge Smith also ruled now that I have an

20  automatic homestead, so not really sure what the difference

21  is, but that's okay.

22          So moving on, like I said, I've been working with

23  HCD.  HCD, whatever paperwork or request or whatever that

24  the Trustee's attorneys gave, they said that they gave --

25  the Trustee gave that back -- paperwork back in May, didn't

Page                                                                          6

1  reply to the -- I think it was like -- like something about

2  that all paper wasn't complete.  There were no fees filed

3  or anything like that.

4          So then when I came, they thought that I was

5  there continuing on that application and I said, no.  I

6  said, I'm there because I listed my home with a broker and

7  the broker wants this legal owner removed because, indeed,

8  the legal owner was removed by a lien satisfied HCD form

9  that was actually sent to HCD.  And on the August 3, 2021

10  certificate of registration for the manufactured home, it

11  does reflect Jamie L. Gallian.

12          However, in my own ignorance, I believed that the

13  title had said "and," the legal owner said "and," but then

14  I went back in the records and I was right, that on

15  2/22/2021 the program technician had wrote in a statement

16  of facts that it was supposed to be "and," that it was

17  supposed to be Ronald Pierpont and JPAD.

18          However, when the certificate of title was issued

19  and printed and I received it, it said "or."  So therefore,

20  when Mr. Pierpont filed the lien satisfied and sent with my

21  documents also up to HCD, they removed JPAD.

22          However, again, in my own ignorance when I

23  received the August 6, 2021 certificate of title in the

24  mail, me believing that knowing that Mr. Pierpont is just a

25  manager, he's not a member of JPAD, I panicked because I

Page                                                                    7

1   had already filed bankruptcy and I called HCD and drove out

2   to Riverside and had JPAD put back on, just PJAD with a

3   January 14, 2019 date.  That January 14, 2019 date is a UCC

4   filing.  There were three of them done.  They're in the

5   record.  I believe everybody is familiar with them because

6   they were set aside or something was done with them in the

7   case that I wasn't a party to.

8         So the statement of errors that I wrote and I

9   took all the documents to HCD, the HCD has, again, removed

10  JPAD.  There is no lien.  And they have recorded the

11  certificate of title.  I believe the date and I believe

12  that I sent a copy of -- to everybody with the title

13  search.  I believe it was like 8 -- August 8th.  It was

14  like three weeks ago.

15        So I guess my -- now, my motion is kind of moot

16  because I'd asked the HCD to appear and they sent me 110

17  pages of the entire file, which was not my intent of the

18  subpoena.  The intent of the subpoena was to explain to

19  myself or anybody else familiar with this case what the

20  difference is between what a releasing signature and issue

21  date for HCD.  And an issue date is only the date that

22  Sacramento HCD prints three pieces of paper.  They print a

23  registration card that is to be kept in the mobile home at

24  all times, they print a certificate of registration that

25  goes to the registered title holder, and they also

Page                                                                        8

1  sometimes print a third document, which goes to the legal

2  owner.

3           So at this time I'm the holder of the certificate

4  of title -- or yes.  Certificate of registration for the

5  manufactured home.  So I guess that my motion (phonetic) is

6  moot.

7           THE COURT:  Thank you very much.

8           Who would like to reply?

9           MR. ISRAEL:  Your Honor, I will.  I heard the

10 debtor seemed to acknowledge that the motion is moot.  The

11 relief request is set forth in our pleadings.  It doesn't

12 leave a match what happened in this particular case.  No

13 application for transfer was made.  A letter was sent to

14 the registrar because, again, they maintain certificated

15 documents that doesn't maintain title advising of the entry

16 by Your Honor in that adversary proceeding of the transfer

17 of title into the Trustee's name and avoidance of certain

18 liens, just putting them on notice in order to protect

19 property of the estate, Your Honor.

20          It was nothing that was done improperly.

21 Actually, transferring title wouldn't have been improper

22 either because we had the final words from your court --

23 from Your Honor, but she filed this motion and we opposed

24 it and -- should deny it.

25          THE COURT:  Does anyone anything else to add?

Page                                                                        9

1          MR. HAYS:  Your Honor, this is Ed Hays.  I'd had

2    a couple of comments briefly.

3          The debtor admitted in her comments to the Court

4    that she made submissions to HCD attempting to affect the

5    title.  And in the papers filed in connection with these

6    matters, the debtor -- it's indicated in the evidence that

7    the debtor had -- retained a broker and had listed the

8    property for sale and that the -- when the Trustee's

9    counsel contacted the debtor and the broker, they both

10   refused to take down the listing.

11         I checked Zillow right now as we were waiting for

12   the matter to be called and the property is still listed

13   for sale.  It's listed for sale by owner and the debtor's

14   cell phone number is the number for contact.

15         The debtor is clearly acting in contempt of this

16   court's order, including the automatic stay, by taking

17   actions affecting property of the estate and the actions

18   taken by the Trustee to protect the estate as the estate's

19   sole representative are completely proper and appropriate.

20   And we would join in the request that the motion be denied.

21         THE COURT:  All right.  Thank you very much.

22         MS. GALLIAN:  May I respond, Your Honor?

23         THE COURT:  Well, let me respond.

24         MS. GALLIAN:  Yes, sir.

25         If you are in contempt of this Court's order by

Page                                                              10

1   continuing to interfere with this sale of this property or

2   the administration of this estate, I'm going to be in the

3   future looking into that very carefully and if necessary,

4   holding you in contempt.

5           MS. GALLIAN:  Yes, sir, I understand.

6           THE COURT:  Now that you're warned --

7           MS. GALLIAN:  Yes, sir.

8           THE COURT:  -- tell me what -- like, you've got

9   three minutes.

10          MS. GALLIAN:  Okay.  So I think part of the

11  problem is, is that there were -- everybody was included in

12  this adversary, except for me.  So the only information

13  that I had was, what Judge Smith's final May 15, 2024 order

14  said.  It said that I was entitled to my full homestead.

15  Now, regardless of that, somebody could have picked up the

16  phone and said, hey, this is what we want to do now.

17          This case is three-and-a-half years old, Your

18  Honor.  I have never disobeyed or disrespected this court

19  or any of the gentlemen here.  I have cooperated.  I have

20  been trying to find a solution since the day I moved there

21  and trying to get out of that community, since the day.

22  Every time I hire somebody they have to give a 60-days'

23  notice to the H -- or the Rancho Del Rey office.  The

24  Rancho Del Rey office then says, she can't sell it in

25  place; she has to move it.  So it's a lot of

Page                                                                    11

1  miscommunication.

2          I've meant no disrespect.  I did contact the

3  broker immediately after the Danning Gill sent them a

4  letter and I said, "I have listed it for sale by owner on

5  Zillow.  You need to cancel the contract."  I said -- and

6  then he said he was going to sue me for the contract that I

7  signed with them before I knew any of this.  So I haven't

8  heard from him.

9          He obviously took the listing down, so the issue

10 seems to be that I worked two years to get a homestead.  I

11 got the homestead and now the Trustee and his attorneys are

12 saying that, well, now we're going to hire a real estate

13 broker, but yet in the car today over they're telling me,

14 well, we're only going to sell the home.

15         Well, how is that possible?

16         THE COURT:  Let me stop you for a second.

17         MS. GALLIAN:  Yeah.

18         THE COURT:  Do you think your homestead exemption

19 is at risk?

20         MS. GALLIAN:  I do, sir.

21         THE COURT:  Well, okay, stop right there.

22         Mr. Hays -- I'm sorry, Mr. Israel, is her

23 homestead exemption at risk?

24         MR. ISRAEL:  Well, Your Honor, there's an avoided

25 lien that the Trustee avoided at the adversary proceeding

Page                                                                12

1    she's talking about and that lien is avoided and preserved.

2    It was a consensual lien, so it comes ahead of the

3    homestead exemption.  There -- it looks like, as we said in

4    the papers, there would be some, but not a lot of equity in

5    the --

6              THE COURT:  Okay.  You misunderstood my question.

7              MR. ISRAEL:  I'm sorry.

8              THE COURT:  Is it legally -- is it legally at

9    risk?  Whatever amount it is, is it at risk?

10             MR. ISRAEL:  No.

11             THE COURT:  That is the Court's position also.

12   Whatever her -- she's entitled to is not at risk.

13             So Ms. Gallian, do you understand that whatever

14   you're entitled to under a homestead, it's not at risk?

15             MS. GALLIAN:  Okay.  However, then I just

16   heard --

17             THE COURT:  Now, we're going to stop this.

18             MS. GALLIAN:  Okay.

19             THE COURT:  Your motion is denied --

20             MS. GALLIAN:  Right, it's moot.  Yeah.

21             THE COURT:  -- and -- excuse me for a second.

22   Your motion is denied.

23             Mr. Israel, would you please prepare an order

24   reflecting that the Court has reviewed the pleadings and

25   has adopted the views of the Trustee with respect to this

Page                                                                    13

1    motion and has also heard that the movant believes that her

2    own motion is moot and, frankly, I agree.  So would you

3    please lodge that?

4              Now, I'm going to call item #9.00 and this is the

5    issue with respect to the employment of the broker.  Same

6    appearances?

7              MR. ISRAEL:  Yes, Your Honor.

8              MS. GALLIAN:  Yes, Your Honor.

9              THE COURT:  All right.  Who would like to discuss

10   the motion of employing the broker?

11             MS. GALLIAN:  May I speak again, Your Honor?

12             MR. ISRAEL:  Yes.

13             THE COURT:  Oh, wait, wait.

14             MS. GALLIAN:  Oh.

15             THE COURT:  Mr. Israel, would you like to address

16   it?

17             MR. ISRAEL:  Yes, Your Honor.  The -- this is an

18   application to employ a real estate broker.  We filed a

19   motion maybe nine months ago, twelve months ago.  Your

20   Honor pointed out that there were some -- there was a

21   title issue and some lien issues, and the Trustee brought

22   an adversary proceeding to address those issues.  We

23   believe we now have all our ducks in a row.  We have re --

24   basically, refiled the employment application.  Hiring

25   professionals is allowed under the Code subject for

Page                                                          14

1   approval and this is a broker who's experienced who's

2   looked at the comps for a manufactured home.  The Trustee

3   will not be selling the leasehold, although we understand

4   that the homeowners association will sign a new lease with

5   any qualified bidder -- or seller and that will be a

6   condition to the Trustee through escrow to sell the

7   manufactured home.

8           THE COURT:  Now let me ask you this and I'm

9   asking you this for the benefit of Ms. Gallian.

10          By approving this motion today does it *de facto*

11  sell the house or sell the unit?

12          MR. ISRAEL:  No, Your Honor.  This is just to

13  employ a broker.

14          THE COURT:  That's right.  All we're doing is a

15  procedural ministerial act of allowing a broker to try to

16  (indiscernible), to sell the unit.  Is that correct?

17          MR. ISRAEL:  Yes, Your Honor, we will need her

18  cooperation.  She has a duty under the --

19          THE COURT:  Oh, absolutely.  But I'm just making

20  sure that she understands that we're not selling anything

21  today.

22          MR. ISRAEL:  Today no sale.  No (indiscernible).

23          THE COURT:  And now that you've mentioned it,

24  what kind of cooperation do you expect from Ms. Gallian?

25          MR. ISRAEL:  Your Honor, the broker is here, but

Page                                                                    15

1   typically what we would ask for is 24 hours' notice to be

2   able to do a showing and periodically he may want to do an

3   open house.

4           Mr. Bingham, are you able -- I know you're --

5   looks like you're muted right now.  Are you able to unmute

6   and ask -- and answer if that is adequate?

7           MR. BINGHAM:  That is adequate, yes.  We would

8   like very much to have a 24-hour notice.  We can do 48, but

9   our preference is to do 24.

10          THE COURT:  All right.  How do you intend on

11  contacting the debtor to give that notice?

12          MR. BINGHAM:  Ideally by phone, by text.  Email

13  seems not to work as well, but we can do that as well.

14  It's just that seems to get delayed.

15          THE COURT:  Now, do you have a telephone number

16  or a text number?

17          MR. BINGHAM:  I do not, yeah.

18          THE COURT:  Okay.  So you're unable to provide a

19  telephone call or a text to Ms. Gallian to give that 24-

20  hour notice, correct?

21          MR. BINGHAM:  Currently.

22          THE COURT:  Okay.  How do you intend on acquiring

23  that information?

24          MR. BINGHAM:  I'd ask the Trustee's attorney to

25  obtain it for me or I'd ask Ms. Gallian directly to provide

BENHYATT
Certified Deposition Reporters

```
Page                                                              16
```

1  it.

2          THE COURT:  Well, let's start with Mr. Golden.

3          Mr. Golden, do you have that information?

4          MR. GOLDEN:  Yes, Your Honor.

5          THE COURT:  Can you transmit it to Mr. Bingham?

6          MR. GOLDEN:  Yes, Your Honor.

7          THE COURT:  Okay.  Solved.  Problem solved.

8          Now, do you want to do an open house?

9          MS. GALLIAN:  They're not allowed in the park,

10 sir.

11         THE COURT:  Okay.  I didn't ask you to interrupt,

12 Ms. Gallian.

13         MR. BINGHAM:  I would not do open house if --

14         THE COURT:  Do you want to do -- it's a yes-or-no

15 question.

16         MR. BINGHAM:  It's a no.

17         THE COURT:  Do you want to do an open house?

18         MR. BINGHAM:  No, sir.

19         THE COURT:  No, you don't want to do an open

20 house.  You see how easy that was?  Okay.  Very good.

21         Now, Ms. Gallian, your turn.  Tell us why I

22 shouldn't -- shouldn't employ the broker?  I don't want you

23 to tell me why we shouldn't sell the house.

24         MS. GALLIAN:  Correct.  I understand.

25         THE COURT:  You don't need to tell me anything



Page                                                                    17

1  else.  Why shouldn't you employ the broker?

2          MS. GALLIAN:  I understand, sir.  The same

3  reasons that I gave in my doc number 208 are the exact same

4  reasons that I would use to argue this case.

5          THE COURT:  Fine.  And I know those arguments

6  and, therefore, you don't have to say anything else.

7          MS. GALLIAN:  Well, I -- may I say something

8  else, Your Honor?

9          THE COURT:  Yeah, you can add, but I don't want

10  you to repeat things --

11          MS. GALLIAN:  Right.  No, I don't want -- right,

12  exactly, is I -- what I'm saying is the exact same reasons

13  as -- my homestead is clearly covers --

14          THE COURT:  It has nothing to do with the

15  homestead --

16          MS. GALLIAN:  I understand.  I understand.  I --

17          THE COURT:  Now --

18          MS. GALLIAN:  Okay.

19          THE COURT:  I want you to very carefully listen

20  to me.

21          MS. GALLIAN:  Yes, sir.

22          THE COURT:  What I want you to do, is tell me why

23  I shouldn't approve the application for the employment of

24  the broker.  Not -- I don't want my -- I don't have an

25  issue with the homestead, I don't have an issue with

Page                                                                    18

1  selling the house.  That's not important to me right now.

2            MS. GALLIAN:  Okay.

3            THE COURT:  Just tell me why I shouldn't approve

4  the employment of the broker.

5            MS. GALLIAN:  Well, I believe, Your Honor, that I

6  am able and I have been attempting, okay, to show the

7  house.  I have 45 pictures listed on Zillow.  I get

8  probably 50 calls a day.  I have no problem with showing it

9  and I think that it would save the estate money.

10            THE COURT:  Okay.  Mr. Israel, is she interfering

11  with the administration of the bankruptcy estate by doing

12  any of this?

13            MR. ISRAEL:  Yes, Your Honor.  We sent a letter

14  to her and her broker, but also directly to her,

15  Ms. Gallian, saying cease and desist.  In fact, it's an

16  exhibit to a -- I believe it's a reply we filed.

17            THE COURT:  Okay.  Stop right there.

18            MR. ISRAEL:  Yes.

19            THE COURT:  I want you to do this.  I want you --

20  I am ordering you to file a motion for an order to show --

21  not a motion.  An order to show cause why the broker and

22  Ms. Gallian should not be held in contempt for interfering

23  with this bankruptcy estate and get a hearing date for

24  about 30 days from now.  And we're going to bring that

25  broker into court and we're going to bring Ms. Gallian back

Page                                                                    19

1    and we're going to find out if she's interfering.

2            And I will tell you that, Ms. Gallian, everything

3    you've just said about you listing and you hiring a broker,

4    you're interfering with this bankruptcy estate and I will

5    hold you in contempt at that next hearing if I actually

6    make the determination.

7            So you have a big choice here.  You call the

8    broker and you tell him he's going to come to court, too,

9    and he's going to have to pay a lot of money if he is held

10   in contempt.  If he wants the whole -- pay a lot of money

11   to do that, that's okay with me, but Mr. Israel is now

12   going to create an order to show cause why you and that

13   broker should not be held in contempt for interfering with

14   the estate.

15           MS. GALLIAN:  Your Honor, if I may, I have --

16           THE COURT:  No, no --

17           MS. GALLIAN:  -- communicated with the Trustee

18   and that -- that broker took everything down that -- he

19   did.  It was completely separate and it was under a

20   contract.  There is no contempt.

21           THE COURT:  Then he can come and explain why he's

22   not in contempt.  All right.  And you can come and explain

23   why you're not in contempt also.

24           Now, do you have any other reason why I should

25   not approve this application for employment under the real

BENHYATT
Certified Deposition Reporters

Page                                                            20

1  estate broker?

2           MS. GALLIAN:  Your Honor, I think that my

3  homestead covers it and I think that it is -- I live there.

4  It's my personal residence.  Okay.  My family lives there.

5           THE COURT:  The motion is granted.

6           MS. GALLIAN:  Okay.

7           THE COURT:  (Indiscernible) the statements of

8  Ms. Gallian are not helpful and, more importantly, they're

9  mostly non-sensical.

10          And so what I want you to do is, Mr. Israel, just

11 get that order to show cause because I don't want anymore

12 interference.  And, in fact, I will -- if I -- that

13 Mr. Bingham is being somehow interfered with by the debtor

14 or any outside person, I'm going to hold them in contempt

15 and I'm going to fine them a considerable amount of money.

16          Now, Ms. Gallian, you don't seem to care about

17 being held in contempt.

18          MS. GALLIAN:  Your Honor --

19          THE COURT:  But I assure you that a broker does.

20          MS. GALLIAN:  Your Honor, please --

21          THE COURT:  Now, next, this case --

22          MS. GALLIAN:  Your Honor, please, that is not the

23 case here, sir.

24          THE COURT:  -- thank you all for coming.  Yes,

25 but you can argue that next month.

Page                                                                    21

1          MS. GALLIAN:  Your Honor, why would we do that?

2    Why?

3          THE COURT:  Well, you --

4          MS. GALLIAN:  Wait.  There's something that's got

5    lost in the transmission here because I complied -- okay, I

6    spoke to Mister --

7          THE COURT:  We're going to now -- the Court is

8    now concluded.  Thank you very much.

9          Is -- Mr. Hays, do you have anything else to add?

10          MR. HAYS:  Nothing further, Your Honor.  Thank

11    you.

12          THE COURT:  Ms. Israel, do you have anything else

13    to add?

14          MR. ISRAEL:  No.

15          THE COURT:  Do you know what you're supposed to

16    do?

17          MR. ISRAEL:  Yes, Your Honor.

18          THE COURT:  Okay.  Take care.  Thank you.

19          ATTORNEYS:  Thank you, Your Honor.

20    (End at 2:08 p.m.)

21                    *  *  *  *  *  *  *  *

22

23

24

25

Page                                                                    22

1          I certify that the foregoing is a correct

2    transcript from the electronic sound recording of the

3    proceedings in the above-entitled matter.

4

5    *Ruth Ann Hager*

6    _____            Date:  9/20/24

7    RUTH ANN HAGER, C.E.T.**D-641

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

EXHIBIT B











**5:40**

< 2        CB        ▢

Coldwell Trustees Agent Greg ›

be there to meet him and the buyer to escort them thru the house.  Thanks.

Ron will be here  to meet you at the house in case I am delayed. I have a follow-up appointment for my back injury.  I should make it home in time by 4:00pm.



+    iMessage    🎤



| I | The | I'm |

Q W E R T Y U I O P

A S D F G H J K L

⬆ Z X C V B N M ⌫

123    space    return

😀    🎤

EXHIBIT B

                                       **Jamie Gallian <jamiegallian@gmail.com>**

---

## YOUR LISTING OF PERSONAL PROPERTY MANUFACTURED HOME LBM 1081

---

**Jamie Gallian** <jamiegallian@gmail.com>                        Sat, Nov 2, 2024 at 11:23 AM
To: "Bingham, Gregory" <GREG.BINGHAM@camoves.com>, BILL.FRIEDMAN@earthlink.net, Jeff Golden
<jgolden@wgllp.com>
Cc: Jamie Gallian <jamiegallian@gmail.com>

Good morning,

Happy weekend.
Just confirming I haven't received any texts or emails from co-agents, Mr. Bingham or Mr. Friedman requesting an
appointment to show the mobile home since Monday. October 28, 2024.  I reviewed my texts, and I don't see any
requests for showing today or Sunday, November 3, 2024.

I have a back injury suffered while riding in a vehicle yesterday, Friday, November 1, 2024.  So no lifting, pushing and
pulling for a while, but I am still planning to work
 M-F and home about 4:00pm next week.  If anything changes and I am during the week, I will let you know.

As always please make positive contact with me by cell at 714-321-3449.  Please call me, then follow with a text
message with name, date, and time and confirm the Trustee's agent in attendance for the reasons we discussed
previously regarding safety.

I get so many texts every day, I don't want to miss a text regarding a showing and inadvertently miss an opportunity to
grant access.

Sincerely,


Jamie Gallian
714-321-3449
jamiegallian@gmail.com

EXHIBIT B

Case 8:21-bk-11710-SC    Doc 501    Filed 11/04/24    Entered 11/04/24 16:56:50    Desc
Main Document        Page 75 of 150

 Gmail                                                    **Jamie Gallian <jamiegallian@gmail.com>**

---

## Rancho Del Rey Space 376
1 message

---

**Jamie Gallian** <jamiegallian@gmail.com>                    Wed, Oct 30, 2024 at 4:14 PM
To: dguarino7@gmail.com, Richard Herr <rherr@5starhomes.com>, rherr@galaxyhomes.com, Jeff Golden
<jgolden@go2.law>, Gregory Bingham <greg.bingham@camoves.com>
Cc: Jamie Gallian <jamiegallian@gmail.com>

Mr. Guarino, Mr. Herr,

I was notified by the listing agent Greg Bingham of Space 376 home in Rancho Del Rey  that your appointment was
cancelled for today at 4:00pm.

I am available at the home for assistance if this was not the case.

Sincerely,

Jamie Gallian
Sent from my iPhone

EXHIBIT B

On Oct 29, 2024, at 10:14 AM, David Guarino <dguarino7@gmail.com> wrote:


I do not work for the Houser family in any way shape or form, I am licensed with both First Team Real Estate through the Department of Real Estate and Galaxy Homes through Housing Community Development. I have NO affiliation whatsoever with with Rancho Del Rey


David Guarino
First Team Real Estate
DRE# 01708899
Direct (714) 402-3283
Email: dguarino7@gmail.com


On Tue, Oct 29, 2024 at 10:09 AM Jamie Gallian <jamiegallian@gmail.com> wrote:

Jeff,

There is a conflict with this agent and I have to decline entrance to my home.

This agent is will not be allowed into the personal property home LBM 1081.

This agent works for Houser Bros.

Please respect my wishes.

Jamie Gallian
Sent from my iPhone

Begin forwarded message:

> **From:** Jamie Gallian <jamiegallian@gmail.com>
> **Date:** October 29, 2024 at 10:04:53 AM PDT
> **To:** "Bingham, Gregory" <greg.bingham@camoves.com>
> **Subject: Re: Potential Viewing  ????**
>
> Absolutely not
>
>
> Jamie Gallian
> Sent from my iPhone

2

05

**From:** **OC Services** bobwentflying@yahoo.com 📎
**Subject:** First Team Listing by David Guarino, however the For Sale Sign in the YARD is an HCD Occupational License listed by Galaxy,
**Date:** November 2, 2024 at 11:47 AM
**To:** Jamie Gallian jamiegallian@gmail.com, Gregory Bingham greg.bingham@camoves.com, Jeff Golden jgolden@go2.law

16222 Monterey Ln SPC 179, Huntington Beach, CA 92649 | MLS ...        https://www.zillow.com/homedetails/16222-Monterey-Ln-SPC-179-H...





On Oct 29, 2024, at 9:49 AM, Bingham, Gregory
<greg.bingham@camoves.com> wrote:

One scheduled for tomorrow, Wednesday at
4pm.

David Guarino, First Team Real Estate is the
agent bringing the buyers.



GREG BINGHAM  Sales Manager

The Tim Smith Real Estate Group | Coldwell Banker Realty

m: 562.335.0145

w: timsmithrealestategroup.com e: greg.bingham@camoves.com



<Outlook-njr1vbp3.png>

CalBRE# 01309137

**From:** Jamie Gallian <jamiegallian@gmail.com>
**Sent:** Tuesday, October 29, 2024 9:18 AM
**To:** Bingham, Gregory <greg.bingham@camoves.com>
**Subject:** Potential Viewing ????

Greg,

Are there any appointments scheduled.  I thought I
saw something in my email however I cannot find it.

Please indicate the date and time and confirm the
agent's first and last name and their customer's first
and last name and whether you are attending.

Sincerely,

Jamie Gallian
Sent from my iPhone

*Wire Fraud is Real*.  Before wiring any money,
call the intended recipient at a number you
know is valid to confirm the
instructions. Additionally, please note that the
sender does not have authority to bind a party
to a real estate contract via written or verbal
communication.

07

EXHIBIT B

 Gmail

**Jamie Gallian <jamiegallian@gmail.com>**

---

## Fwd: text to Trustee

---

**Jamie Gallian** <jamiegallian@gmail.com>                 Wed, Oct 30, 2024 at 9:58 AM
To: Attorney Jim Casello <jhctlex@yahoo.com>

Jamie Gallian
Sent from my iPhone

Begin forwarded message:

> **From:** Jamie Gallian <jamiegallian@gmail.com>
> **Date:** October 29, 2024 at 9:05:04 PM PDT
> **To:** Jamie Gallian <jamiegallian@gmail.com>
>
> Jeff,
> The facts stated by your attorney are nonsensical. The papers are written in first person as you are
> speaking, however the document is signed by Mr. Israel.
>
> Additionally, many of the facts are untrue.
> Ron and I both met with Mr. Bingham at 4:00 pm on October 22, 2024. I believed the meeting went very
> well.
> Mr. Bingham took (no) pictures while he was here at our home. Before the agent left I asked him if he
> was going to take pictures, he replied "No."
> I supplied the pictures of my home that Mr. Bingham posted on the MLS site. I also forwarded the last
> two years of comparables from a Title company to Mr. Bingham. We talked at great length regarding a
> company named Five Star and a resident agent Thanya Hanson with an occupational license that was
> continuing to mislead older residents here in the park, into giving up their homes for just a few thousand
> dollars because they were told the home is being sold as a "pull out."Thereafter the home was
> remodeled and sold for $250,000 under a listing on the internet by David Guarino of First Team the
> husband of Thanya Hanson daughter, Tanya Hanson. She does not use her married name. I reported
> David Guarino to CALDRE because he was not disclosing to buyers and sellers the relationship to the
> Listing Agent at Five Star who went out of business after the president of Five Star Michael Cirrilo, was
> sued, lost and committed suicide several months ago. Thanya Hanson continued to take listings from
> elderly residents. Thanya represented me several years ago on my first purchase here in Rancho Del
> Rey Space 108.
> Because of the quickness of you listing the house, not communicating with me in a timely manner and
> not answering my questions as you encourage me to email my questions to you. With no response.
>
> The filing by Mr. Israel is unnecessary as I have no problem with making time to show the house with
> Mr. Bingham. I never anticipated and was not told that Mr. Bingham would just text me without providing
> detailed information so I may have a record of names of individuals who come in and out of my home.
> What if something happened, an accident, or items were stolen, what if I was harmed by a stranger I let
> into my home?
>
> I believe that my request to be provided detailed information by the Trustees agent is not unreasonable
> and that the Trustees Agent accompany the individuals viewing the property. Please contact me at your
> first opportunity so we can work out the details.
>
> Lastly, please ask your attorney not to address me so informally. It's very disrespectful.
>
> Sincerely,

Jamie Gallian

Ron and I both explained our concerns to Mr. Bingham regarding the two dogs in the home. We believed that Mr. Bingham would be the only agent bringing a client into our home.
When the agent text messaged me on Monday at 12:08pm the message said the following;

From Greg Bingham
"Request for showing on Weds., 4pm.  Thank you."

I replied "Received"
Jamie Gallian
Sent from my iPhone

EXHIBIT B

    **Jamie Gallian <jamiegallian@gmail.com>**

---

## Gallian home.
1 message

---

Jamie Gallian <jamiegallian@gmail.com>                                    Sat, Oct 26, 2024 at 12:47 PM
To: "Bingham, Gregory" <greg.bingham@camoves.com>
Cc: Jamie Gallian <jamiegallian@gmail.com>

Hi Greg,

Sorry I hit send before finishing email.

Has the home been placed on the MLS listing?
Are you planning on using the pictures I uploaded and sent to you in a subsequent email. As requested I would like to
review your MLS listing for errors just to avoid any issues going forward as the park has not provided any notice of
increased rent since 2018 for this Space 376 to the Registered Owner and occupants.  The last published space 376
rent amount provided by park  operator Houser Bros. was $1086.00.  According to the Mobilehone Residency Law
(MRL) that would be the "starting base amount" and the current CA law in regards to a rent increase for the Space
376,  transfer to a new tenant cannot be greater than 10% of the base amount.
I believe Rancho Del Rey and Houser Bros will attempt to change a new tenant for Space 376 somewhere around
$1900-2100 which is unlawful under the Governor Newsome Law signed into effect I believe effect January 1, 2020.
Haven't heard a peep from the Trustee, so I'm reaching out to you for an update.


Sincerely,

Jamie Gallian
Sent from my iPhone


> On Oct 26, 2024, at 12:28 PM, Jamie Gallian <jamiegallian@gmail.com> wrote:
>
>
> Hi Greg,
>
> About an hour ago, a couple
> Jamie Gallian
> Sent from my iPhone
>
>
>> On Oct 22, 2024, at 3:21 PM, Bingham, Gregory <greg.bingham@camoves.com> wrote:
>>
>>
>>
>> Confirming our appointment for Weds, at 4:30pm.
>>
>> Thank you very much.



**GREG BINGHAM**

The Tim Smith Real Estate Group | Coldwell Banker Realty

m: 562.335.0145

w: timsmithrealestategroup.com  e: greg.bingham@camoves.com

   

.

<Outlook-r3caoha0.png>

CalBRE# 01309137

---

**From:** Jeff Golden <jgolden@go2.law>
**Sent:** Tuesday, October 22, 2024 3:15 PM
**To:** Jamie Gallian <jamiegallian@gmail.com>
**Cc:** Bingham, Gregory <greg.bingham@camoves.com>; Bill Friedman
<billfried@earthlink.net>; Eric Israel <EPI@danninggill.com>; Lori Werner
<lwerner@go2.law>
**Subject:** RE: Please confirm appointment 10/23/24 at 4:30pm

Thank you. I am copying them on this email so they can respond directly. It is appreciated.

It is appreciated.

Jeffrey Golden
Attorney

T: (714) 966-1000
jgolden@go2.law - www.go2.law
3070 Bristol Street, Suite 640
Costa Mesa, CA 92626

-----Original Message-----
From: Jamie Gallian <jamiegallian@gmail.com>
Sent: Tuesday, October 22, 2024 3:09 PM
To: Jeff Golden <jgolden@go2.law>
Cc: Jamie Gallian <jamiegallian@gmail.com>
Subject: Please confirm appointment 10/23/24 at 4:30pm

Mr. Golden,
Please confirm your appointment with the Agent, Greg Bingham October 23, 2024 @
4:30pm so I may notify the security gate of the names (first and last) to be admitted
through the gate.

Sincerely,
Jamie Gallian
Sent from my iPhone

*Wire Fraud is Real*.  Before wiring any money, call the intended recipient at a number you know is valid to confirm the instructions. Additionally, please note that the sender does not have authority to bind a party to a real estate contract via written or verbal communication.

EXHIBIT B

 Gmail

**Jamie Gallian <jamiegallian@gmail.com>**

---

## Fwd: text to Trustee
---

**Jeff Golden** <jgolden@go2.law>                     Sat, Nov 2, 2024 at 11:53 AM
To: Jamie Gallian <jamiegallian@gmail.com>
Cc: Eric Israel <EPI@danninggill.com>

We did speak after. Also as we discussed please email me and copy my counsel on all communications.

We are still waiting for the settlement offer you indicated multiple times you would make but have not done so.

We discussed the other issues and I disagree with your characterizations. We have responded timely and the marketing has been appropriate . No other information is appropriate.

Please let us know.

Thank you.

Jeff


Sent from my iPhone


On Nov 2, 2024, at 11:37 AM, Jamie Gallian <jamiegallian@gmail.com> wrote:



Sincerely,


Jamie Gallian
714-321-3449
jamiegallian@gmail.com




Mr. Golden,

I sent this text message to you on October 30, 2024, and have not received a reply.

Please reply at your first opportunity.

Jamie Gallian


Jeff,
The facts stated by your  attorney are nonsensical. The papers are written in first person as you are speaking, however the document is signed by Mr. Israel.

Additionally, many of the facts are untrue.
Ron and I both met with Mr. Bingham at 4:00 pm on October 22, 2024.  I believed the

meeting went very well.

Mr. Bingham took (no) pictures while he was here at our home.  Before the agent left I asked him if he was going to take pictures, he replied "No."

I supplied the pictures of my home that Mr. Bingham posted on the MLS site. I also forwarded the last two years of comparables from a Title company to Mr. Bingham. We talked at great length regarding a company named Five Star and a resident agent Thanya Hanson with an occupational license that was continuing to mislead older residents here in the park, into giving up their homes for just a few thousand dollars because they were told the home is being sold as a "pull out."Thereafter the home was remodeled and sold for $250,000 under a listing on the internet by David Guarino of First Team the husband of Thanya Hanson daughter, Tanya Hanson. She does not use her married name. I reported David Guarino to CALDRE because he was not disclosing to buyers and sellers the relationship to the Listing Agent at Five Star who went out of business after the president of Five Star Michael Cirrilo, was sued, lost and committed suicide several months ago. Thanya Hanson continued to take listings from elderly residents. Thanya represented me several years ago on my first purchase here in Rancho Del Rey Space 108.

Because of the quickness of you listing the house, not communicating with me in a timely manner and not answering my questions as you encourage me to email my questions to you. With no response.

The filing by Mr. Israel is unnecessary as I have no problem with making time to show the house with Mr. Bingham. I never anticipated and was not told that Mr. Bingham would just text me without providing detailed information so I may have a record of names of individuals who come in and out of my home.

What if something happened, an accident, or items were stolen, what if I was harmed by a stranger I let into my home?

I believe that my request to be provided detailed information by the Trustees agent is not unreasonable and that the Trustees Agent accompany the individuals viewing the property.  Please contact me at your first opportunity so we can work out the details.

Lastly, please ask your attorney not to address me so informally.  It's very disrespectful.

Sincerely,

Jamie Gallian

Ron and I both explained our concerns to Mr. Bingham regarding the two dogs in the home. We believed that Mr. Bingham would be the only agent bringing a client into our home.

When the agent text messaged me on Monday at 12:08pm the message said the following;

From Greg Bingham
"Request for showing on Weds., 4pm.  Thank you."

I replied "Received"
Jamie Gallian
Sent from my iPhone

EXHIBIT B



**Jamie Gallian <jamiegallian@gmail.com>**

---

## Fw: Rancho Del Rey - Huntington Beach
4 messages

---

**Chief Arroyo** <josephamh@outlook.com>                    Mon, Jul 15, 2024 at 11:38 AM
To: "jamiegallian@gmail.com" <jamiegallian@gmail.com>, Morgan` Arroyo <morgan@amh-sales.com>, "NAPPER208
(NAPPER208@YAHOO.COM)" <napper208@yahoo.com>

Please take a look and let's talk, Thank you
Joseph

*Joseph Arroyo*
*Owner*



AMERICAN Manufactured & Mobile Home Sales
977 S. Santa Fe, Suite 1
Vista, CA 92083
Cell:       760.845.7368
Vista:      760.758.7653
Menifee:  951.672.7944
Fax:        760.758.7652
Josephamh@outlook.com
VISIT OUR WEBSITE AT – WWW.AMH-SALES.COM

*Celebrating 74 Years In Business*

*"See your home listed on MHVillage, Trulia, Zillow, Postel and 16 other listing sites!"*

---

**From:** Cheryl Sharpe <Cheryl@usfinancialnet.com>
**Sent:** Wednesday, July 10, 2024 8:38 PM
**To:** Joseph Arroyo <josephamh@outlook.com>
**Subject:** Rancho Del Rey - Huntington Beach

Thank you,

Cheryl Sharpe



**Cheryl Sharpe** / Senior Loan Processor

**U.S. Financial Network, Inc.**
Office: (800) 655-9044 / Fax: (800) 442-5233
http://www.usfinancialnet.com

---

 **copier_20240710_132034.pdf**
146K

---

**Jamie Gallian** <jamiegallian@gmail.com>                    Tue, Oct 22, 2024 at 4:16 PM
To: Jeff Golden <jgolden@go2.law>, GREG.BINGHAM@camoves.com

Comparables Rancho Del Rey

Sincerely,

Jamie Gallian
714-321-3449
jamiegallian@gmail.com

[Quoted text hidden]

 **copier_20240710_132034.pdf**
146K

---

**Bingham, Gregory** <greg.bingham@camoves.com>              Wed, Oct 23, 2024 at 10:13 AM
To: Jamie Gallian <jamiegallian@gmail.com>, Jeff Golden <jgolden@go2.law>

Received.

          GREG BINGHAM  Sales Manager
The Tim Smith Real Estate Group | Coldwell Banker Realty
m: 562.335.0145
w: timsmithrealestategroup.com  e: greg.bingham@camoves.com



.

     

CalBRE# 01309137

**From:** Jamie Gallian <jamiegallian@gmail.com>
**Sent:** Tuesday, October 22, 2024 4:16 PM
**To:** Jeff Golden <jgolden@go2.law>; Bingham, Gregory <GREG.BINGHAM@camoves.com>
**Subject:** Fwd: Fw: Rancho Del Rey - Huntington Beach

[Quoted text hidden]

*Wire Fraud is Real*.  Before wiring any money, call the intended recipient at a number you
know is valid to confirm the instructions. Additionally, please note that the sender does not have
authority to bind a party to a real estate contract via written or verbal communication.

---

**Jamie Gallian** <jamiegallian@gmail.com>
To: "Bingham, Gregory" <greg.bingham@camoves.com>
Cc: Jeff Golden <jgolden@go2.law>, Jamie Gallian <jamiegallian@gmail.com>

Before you post anything on line, may I review it
Jamie Gallian
Sent from my iPhone

On Oct 23, 2024, at 10:13 AM, Bingham, Gregory <greg.bingham@camoves.com> wrote:

Received.



GREG BINGHAM   Sales Manager
The Tim Smith Real Estate Group | Coldwell Banker Realty
m: 562.335.0145
w: timsmithrealestategroup.com e: greg.bingham@camoves.com



.



CalBRE# 01309137

| | Park Name : | **RANCHO DEL REY MOBILE ESTATES** |
|---|---|---|
| | Park Address : | 16222 MONTEREY L HUNTINGTON BEACH, CA 92649 |
| | Spaces : | 379 |
| | From : | 7/10/2022 to 7/10/2024 |
| | Report date : | 7/10/2024 |

| Address City | Mfd Date MFG Trade | Original Current Sales Date | Decal Legal Dealer | Wd Lt | Total sq Ft Per Sq Ft |
|---|---|---|---|---|---|
| 16222 MONTEREY LN #233 HUNTINGTON BEACH | 11/10/2022 CHAMPION HOME BUILDERS INC-SKY 2023 YEAR MODEL SKYLINE | $329,000.00 $329,000.00 05/16/2024 | LBP6114 J/R MOBILEHOME SALES | 13.5 56 13.5 56 | 1512 $217.59 |
| 16222 MONTEREY LN #170 HUNTINGTON BEACH | 06/18/1998 SKYLINE HOMES INC - CLOSED GLENHAVEN | $70,150.00 $250,000.00 03/29/2024 | LAY7711 | 13.3333 56 13.3333 56 | 1493.33 $167.41 |
| 16222 MONTEREY LN #50 HUNTINGTON BEACH | 07/11/1991 HALLMARK SOUTHWEST CORP WINCHESTER II | $55,000.00 $189,000.00 03/25/2024 | LAT2541 5 STAR HOMES | 12 56 12 56 | 1344 $140.62 |
| 16222 MONTEREY LN #149 HUNTINGTON BEACH | 01/09/2004 CHAMPION HOME BUILDERS COMPANY WELLINGTON MANOR | $180,000.00 $190,000.00 03/20/2024 | LBG1256 | 13.3333 58 13.3333 60 | 1573.33 $120.76 |
| 16222 MONTEREY LN #165 HUNTINGTON BEACH | 06/11/1998 FLEETWOOD HOMES CA INC SUNPOINTE VVS 1999 MODEL | $90,811.00 $58,000.00 03/19/2024 | LAZ1027 | 11.8333 58 11.8333 56 | 1349 $42.99 |
| 16222 MONTEREY LN #178 HUNTINGTON BEACH | 11/17/2023 CHAMPION HOME BUILDERS INC-SKY 2024 YEAR MODEL SKYLINE | $259,642.00 $259,642.00 12/22/2023 | LBP5402 J/R MOBILEHOME SALES | 13.3333 56 13.3333 60 | 1546.67 $167.87 |
| 16222 MONTEREY LN #305 HUNTINGTON BEACH | 06/21/2022 CHAMPION HOME BUILDERS INC-CHA CHAMPION | $325,000.00 $325,000.00 11/17/2023 | LBP6178 BLUE CARPET MANUFACTURED HOMES | 13.25 58 13.25 58 | 1537 $211.45 |
| 16222 MONTEREY LN #112 HUNTINGTON BEACH | 11/23/2004 CMH MANUFACTURING WEST INC GOLDENWEST | $214,900.00 $220,000.00 11/16/2023 | LBI3065 BLUE CARPET MANUFACTURED HOMES | 11.8333 57.25 11.8333 56 | 1340.12 $164.16 |
| 33920 EL CENTRO AVE HEMET | COMMODORE CORP CASA LOMA | $15,100.00 $2,500.00 10/25/2023 | LBK2109 | 12 60 12 60 | 1440 $1.74 |
| 16222 MONTEREY LN #348 HUNTINGTON BEACH | 03/30/2018 CMH MANUFACTURING WEST INC GOLDEN WEST | $238,133.00 $315,000.00 10/12/2023 | LBN5690 | 15 56 15 56 | 1680 $187.50 |
| 16222 MONTEREY LN #166 | 05/23/2019 CMH MANUFACTURING WEST INC | $250,000.00 $345,000.00 | LBO0993 | 13.4167 56 13.4167 56 | 1502.67 $229.59 |

| Address | Date / Manufacturer / Subdivision | Values / Date | Cert / Reg | | |
|---|---|---|---|---|---|
| HUNTINGTON BEACH | CLAYTON | | | | |
| 16222 MONTEREY LN #323 HUNTINGTON BEACH | 06/10/2016 SKYLINE HOMES INC - CLOSED SUNSET RIDGE | $263,089.00 $350,000.00 08/14/2023 | LBM8507 | 13.3333 56 13.3333 58.6667 | 1528.89 $228.92 |
| 16222 MONTEREY LN #272 HUNTINGTON BEACH | 06/21/2007 SKYLINE HOMES INC - CLOSED OAKMANOR | $215,315.00 $235,000.00 07/20/2023 | LBJ3498 | 13.3333 58 13.3333 58 | 1546.67 $151.94 |
| 16222 MONTEREY LN #118 HUNTINGTON BEACH | 11/07/1996 FLEETWOOD HM CALIF INC SUNPOINTE | $64,440.00 $185,000.00 07/07/2023 | LAV6919 | 11.75 56 11.75 56 | 1316 $140.58 |
| 16222 MONTEREY LN #13 HUNTINGTON BEACH | 08/12/2005 PALM HARBOR HOMES INC - OOB 20 PALM HARBOR | $166,542.00 $224,900.00 08/30/2023 | LBJ8019 | 11.6667 56 11.6667 49.3333 | 1228.89 $183.01 |
| 69-274 COSTA MESA DR NORTH SHORE | 01/01/1968 DUALWIDE DUALWIDE | $18,100.00 $5,000.00 05/28/2023 | AAP9285 | 12 58 12 58 | 1392 $3.59 |
| 16222 MONTEREY LN #59 HUNTINGTON BEACH | 04/05/1999 THE ANDREW KARSTEN CO INC - CA KARSTEN VILLA | $79,069.00 $185,000.00 05/24/2023 | LAZ6506 | 11.8333 53.3333 11.8333 52 | 1246.44 $148.42 |
| 16222 MONTEREY LN #88 HUNTINGTON BEACH | 03/13/2003 SKYLINE HOMES INC - CLOSED OAKMANOR | $124,500.00 $350,000.00 05/05/2023 | LBE7878  5 STAR HOMES | 11.8333 52 11.8333 48 11.8333 52 | 1798.67 $194.59 |
| 16222 MONTEREY LN #261 HUNTINGTON BEACH | 01/01/1968 VIKING EDGEWOOD | $16,100.00 $144,000.00 04/20/2023 | LAX7705  5 STAR HOMES | 12 56 12 56 | 1344 $107.14 |
| 16222 MONTEREY LANE #115 HUNTINGTON BEACH | 01/22/1999 SKYLINE HOMES INC - CLOSED GLENHAVEN | $75,500.00 $260,000.00 04/13/2023 | LAZ3931  5 STAR HOMES | 11.8333 56 11.8333 56 | 1325.33 $196.18 |
| 16222 MONTEREY LN #179 HUNTINGTON BEACH | 09/19/2016 CMH MANUFACTURING WEST INC GOLDEN WEST | $250,000.00 $350,000.00 04/11/2023 | LBN4469  5 STAR HOMES | 13.5 57.3333 13.5 56 | 1530 $228.76 |
| 16222 MONTEREY LN #373 HUNTINGTON BEACH | 01/01/1971 GOLDEN WEST GOLDEN WEST | $19,399.00 $120,000.00 03/20/2023 | LBD7332  5 STAR HOMES | 12 60 12 60 | 1440 $83.33 |
| 16222 MONTEREY LN #58 HUNTINGTON BEACH | 09/01/2022 CMH MANUFACTURING WEST INC CLAYTON | $289,900.00 $289,900.00 03/13/2023 | LBP3499 | 11.8333 56 11.8333 56 | 1325.33 $218.74 |
| 16222 MONTEREY LN #369 HUNTINGTON BEACH | 01/01/1970 OLYMPIA OLYMPIA | $12,900.00 $115,000.00 01/20/2023 | LBP2159 | 12 60 12 60 | 1440 $79.86 |

| Address | Detail | Prices / Date | Serial | Dealer | Cols | Rate |
|---|---|---|---|---|---|---|
| 16222 MONTEREY LN #289 HUNTINGTON BEACH | 04/18/2022 CHAMPION HOME BUILDERS INC-SKY SKYLINE | $349,900.00 **$349,900.00** 12/28/2022 | LBP2484 5 STAR HOMES | | 13.3333 58 13.3333 58 | 1546.67 $226.23 |
| 16222 MONTEREY LN #359 HUNTINGTON BEACH | 08/17/1989 WESTWAY HM WESTWAY | $49,000.00 **$170,000.00** 12/27/2022 | LAN7346 5 STAR HOMES | | 13.3333 60 13.3333 60 | 1600 $106.25 |
| 16222 MONTEREY LN #123 HUNTINGTON BEACH | 03/17/2015 CMH MANUFACTURING WEST INC GOLDENWEST | $177,208.00 **$350,000.00** 12/27/2022 | LBM3903 | | 15 56 15 53.9167 | 1648.75 $212.28 |
| 16222 MONTEREY LN #356 HUNTINGTON BEACH | SIERRA SIERRA | $14,900.00 **$127,000.00** 12/15/2022 | LAW7781 | | 12 56 12 56 | 1344 $94.49 |
| 16222 MONTEREY LANE #215 HUNTINGTON BEACH | VIKING EDGEWOOD | $14,900.00 **$155,000.00** 10/03/2022 | LAX2573 5 STAR HOMES | | 12 55 12 55 | 1320 $117.42 |
| 16222 MONTEREY LN #367 HUNTINGTON BEACH | 01/01/1971 PARAMOUNT | $16,500.00 **$150,000.00** 09/27/2022 | LBP1178 | | 12 60 12 60 | 1440 $104.17 |
| 16222 MONTEREY LN #259 HUNTINGTON BEACH | 01/21/2013 CMH MANUFACTURING WEST INC GOLDEN WEST | $127,533.00 **$330,000.00** 09/19/2022 | LBL5163 5 STAR HOMES | | 13.5 61 13.5 61 | 1647 $200.36 |
| 16222 MONTEREY LN #79 HUNTINGTON BEACH | 01/01/1981 COMMODORE HM SYSTEMS INC PARAMOUNT | $27,811.00 **$171,000.00** 09/16/2022 | LAA2830 5 STAR HOMES | | 10 54 10 54 | 1080 $158.33 |
| 16222 MONTEREY LN #171 HUNTINGTON BEACH | 12/23/2003 SKYLINE HOMES INC - CLOSED OAKMANOR | $223,443.00 **$300,000.00** 08/09/2022 | LBF6452 5 STAR HOMES | | 13.3333 59 13.3333 60.3333 | 1591.11 $188.55 |
| 16222 MONTEREY LN #294 HUNTINGTON BEACH | 01/01/1968 EDGEWOOD | $16,900.00 **$125,000.00** 09/05/2022 | ABF7219 | | 12 57 12 57 | 1368 $91.37 |
| 16222 MONTEREY LN #74 HUNTINGTON BEACH | 04/17/2012 CMH MANUFACTURING WEST INC GOLDENWEST | $187,500.00 **$345,000.00** 08/30/2022 | LBL2660 | | 13.5 58 13.5 58 | 1566 $220.31 |
| 16222 MONTEREY LN #163 HUNTINGTON BEACH | 03/14/2022 CHAMPION HOME BUILDERS INC-COR SILVERCREST | $349,900.00 **$349,900.00** 07/20/2022 | LBP1333 5 STAR HOMES | | 13.3333 56 13.3333 56 | 1493.33 $234.31 |
| 16222 MONTEREY LN #249 HUNTINGTON BEACH | 01/01/1969 LANCER ROYAL LANCER | $10,900.00 **$185,000.00** 07/12/2022 | AAW4913 | | 12 57 12 57 | 1368 $135.23 |

|  | Original | Resale |
|---|---|---|
| Total | $5,188,985.00 | $8,404,742.00 |
| Average | $140,242.84 | $227,155.19 |
| Max | $349,900.00 | $350,000.00 |
| Min | $10,900.00 | $2,500.00 |

EXHIBIT B

**R**   City...     Buy ▾    Rent ▾    Sell ▾    Redfin Premie

←   **Feed**     Overview     **Neighborhood**     Property d



Listed by Greg Bingham • Coldwell Banker Realty (562-335-0145).

Back to search    ♡ Save    ⬆ Share    ⊘ Hide    ••• More



For sale









⊞ **See all 9 photos**

Listing Provided by:

Greg Bingham DRE #01309137 562-335-0145, Coldwell Banker Realty

# $320,000         2         2         1,700

EXHIBIT B

1  ERIC P. ISRAEL (State Bar No. 132426)
   *eisrael@DanningGill.com*
2  DANNING, GILL, ISRAEL & KRASNOFF, LLP
   1901 Avenue of the Stars, Suite 450
3  Los Angeles, California 90067-6006
   Telephone:   (310) 277-0077
4  Facsimile:    (310) 277-5735

5  Attorneys for Jeffrey I. Golden,
   Chapter 7 Trustee
6

> **FILED & ENTERED**
>
> **SEP 05 2024**
>
> **CLERK U.S. BANKRUPTCY COURT**
> **Central District of California**
> **BY bolte          DEPUTY CLERK**

7              **UNITED STATES BANKRUPTCY COURT**

8              **CENTRAL DISTRICT OF CALIFORNIA**

9                   **SANTA ANA DIVISION**

10

11  In re                                    Case No. 8:21-bk-11710-SC

12  JAMIE LYNN GALLIAN,                      Chapter 7

13                                           **ORDER GRANTING TRUSTEE'S**
                                             **APPLICATION TO EMPLOY REAL**
14              Debtor.                      **ESTATE BROKER COLDWELL**
                                             **BANKER REALTY AND AGENTS**
15                                           **WILLIAM FRIEDMAN AND GREG**
                                             **BINGHAM PURSUANT TO 11 U.S.C.**
16                                           **§§ 327 AND 328 (*DOCKET NO. 395*)**

17                                           Date:    August 27, 2024
                                             Time:    1:30 p.m.
18                                           Place:   Courtroom "5C"
                                                      411 W. 4th Street
19                                                    Santa Ana, CA

20

21        On August 27, 2024, at 1:30 p.m., there came before the Court for hearing the *Trustee's*

22  *Application to Employ Real Estate Broker Coldwell Banker Realty and Agents William Friedman*

23  *and Greg Bingham Pursuant to 11 U.S.C. §§ 327 and 328 (docket no. 395)* (the "Application")

24  filed by Jeffrey I. Golden, the Chapter 7 trustee herein (the "Trustee"), the Honorable Scott C.

25  Clarkson, United States Bankruptcy Judge, presiding.  Appearing for the Trustee was Eric P. Israel

26  of Danning, Gill, Israel & Krasnoff, LLP; the Trustee appeared; the Debtor appeared in pro per;

27  and Ed Hays of Marshack Hays LLP appeared for Houser Brothers Co. ("Houser").  No other

28  appearances were made.

1775027.2   27064                          1

Case 8:21-bk-11710-SC    Doc 501    Filed 11/04/24    Entered 11/04/24 16:56:50    Desc
Case 8:21-bk-11710-SC    Main Document    Filed 09/23/24    Page 126 of 136  09/23/24 19:40:50    Desc
Main Document    Page 126 of 136

Case 8:21-bk-11710-SC    Doc 431    Filed 09/05/24    Entered 09/05/24 14:37:44    Desc
Main Document    Page 2 of 2

1    The Court having read and considered the Application, the Debtor's opposition to the

2 Application (*docket nos. 401, 402 and 403*), the Trustee's reply thereto (*docket no. 408*), the Notice

3 of Joinder filed by Houser in the Application (*docket no. 409*), having heard the oral statements at

4 the hearing including by the Debtor, the Trustee's counsel, and the Trustee's real estate broker,

5 Greg Bingham (the "Trustee's Broker"), and for the reasons set forth by the Court on the record at

6 the hearing, it is hereby

7    ORDERED THAT:

8    1.    The Application is granted in its entirety.

9    2.    The Trustee is authorized to employ Coldwell Banker Realty ("Broker") and its

10 agents William Friedman and Greg Bingham as the bankruptcy estate's real estate agents herein

11 pursuant to the terms and conditions set forth in the Application.

12    3.    The Trustee is authorized to enter into the exclusive listing agreement with the

13 Broker upon the terms and conditions set forth in the Application.

14    4.    The Trustee is authorized to extend, modify (except no increase as to commission),

15 or terminate the agreement, in his sole discretion, without further notice or approval of the Court.

16    5.    The Debtor shall afford the Trustee's Broker unimpeded access to the Property upon

17 24 hours' advance notice to her cell phone.

18                                        ###

19

20

21

22

23

24    Date: September 5, 2024

Scott C. Clarkson
United States Bankruptcy Judge

25

26

27

28

1775027.2  27064                                        2

EXHIBIT 5, PAGE 119

**EXHIBIT 6**

Case 8:21-bk-11710-SC    Doc 501    Filed 11/04/24    Entered 11/04/24 16:56:50    Desc
Case 8:21-bk-11710-SC    Main Document    Page 128 of 136    Entered 09/23/24 19:40:50    Desc
Main Document    Page 128 of 136

Case 8:21-bk-11710-SC    Doc 440    Filed 09/12/24    Entered 09/12/24 13:32:14    Desc
Main Document    Page 1 of 2

1  ERIC P. ISRAEL (State Bar No. 132426)
   *eisrael@DanningGill.com*
2  DANNING, GILL, ISRAEL & KRASNOFF, LLP
   1901 Avenue of the Stars, Suite 450
3  Los Angeles, California 90067-6006
   Telephone:   (310) 277-0077
4  Facsimile:    (310) 277-5735

5  Attorneys for Jeffrey I. Golden,
   Chapter 7 Trustee

6

**FILED & ENTERED**

**SEP 12 2024**

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bolte        DEPUTY CLERK

7              **UNITED STATES BANKRUPTCY COURT**

8              **CENTRAL DISTRICT OF CALIFORNIA**

9                    **SANTA ANA DIVISION**

10

11  In re                                    Case No. 8:21-bk-11710-SC

12  JAMIE LYNN GALLIAN,                       Chapter 7

13                                            **ORDER TO SHOW CAUSE WHY**
                                             **DEBTOR JAMIE LYNN GALLIAN AND**
14            Debtor.                         **JOSEPH ARROYO SHOULD NOT BE**
                                             **FOUND IN CONTEMPT OF COURT**
15

16                                           Date:     August 27, 2024
                                             Time:     1:30 p.m.
17                                           Place:    Courtroom "5C"
                                                       411 W. 4th Street
18                                                     Santa Ana, California 92701

19        On August 27, 2024, at 1:30 p.m., the Court conducted hearings in this case, at which the

20  parties were present as noted on the record. The Court, having reviewed and considered the

21  Trustee's Reply Memorandum of Points and Authorities in Support of Application to Employ Real

22  Estate Broker Coldwell Banker Realty and Agents William Friedman and Greg Bingham Pursuant

23  to 11 U.S.C. Sections 327 and 328 (*docket no. 408*), filed by Jeffrey I. Golden the Chapter 7 trustee

24  herein (the "Trustee") , and the Debtor's statements on the record at the hearings on August 27,

25  2024, at 1:30 p.m., including that she and Joseph Arroyo had listed the manufactured home

26  commonly known as 16222 Monterey Lane, Space 376, Huntington Beach, CA 92649, finds good

27  cause to order as follows:

28

                                    1

1        1.     Jamie Lynn Gallian ("Debtor") and Joseph Arroyo must appear and show cause as

2    to why they should not be held in contempt of Court and sanctioned for willfully violating the

3    Bankruptcy Code by exercising control over property of the estate, interfering with the Trustee's

4    administration of property of the estate and violating the automatic stay in Debtor's case.

5        2.     The hearing on this Order to Show Cause will take place on October 15, 2024, at

6    11:00 a.m. in Courtroom 5C located at 411 W. Fourth Street, Santa Ana, California 92701-4593.

7        3.     Jamie Lynn Gallian and Joseph Arroyo must file with the Court and serve on the

8    Trustee their written responses to this Order to Show Cause, if any, by no later than September 24,

9    2024.  Any response not timely filed may be deemed waived.

10        4.     The Trustee must file with the Court and serve on Jamie Lynn Gallian and Joseph

11    Arroyo any reply to their response(s) by not later than October 1, 2024.

12        5.     The Trustee is to serve a copy of this order upon Jamie Lynn Gallian and Joseph

13    Arroyo by no later than forty-eight hours after its entry and file an appropriate proof of service

14    within seventy-two hours.

15        **IT IS SO ORDERED.**

16

17                     ###

18

19

20

21

22

23                         *Scott C. Clarkson*

24    Date: September 12, 2024           Scott C. Clarkson
                              United States Bankruptcy Judge

25

26

27

28

                2

1
2
3
4
5
6
7



FILED & ENTERED

OCT 03 2024

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bolte       DEPUTY CLERK

8

**UNITED STATES BANKRUPTCY COURT**

9

**CENTRAL DISTRICT OF CALIFORNIA**

10

**SANTA ANA DIVISION**

11

12    In re:

13    Jamie Lynn Gallian,

14

15

16

17                              Debtor(s).

Case No.: 8:21-bk-11710-SC

CHAPTER 7

**ORDER CONTINUING HEARING AND
REQUIRING SERVICE**

New Date/Time:
Date:       October 15, 2024
Time:       11:00 AM
Courtroom:  5C

18

19    　　The hearing on the Court's order requiring Jamie Lynn Gallian and Joseph

20    Arroyo to appear and show cause as to why they should not be held in contempt and

21    sanctioned for willfully violating the Bankruptcy Code entered September 12, 2024, and

22    set for hearing on October 15, 2024, is hereby CONTINUED to October 22, 2024, at

23    11:00 a.m.

24    ///

25

26

27

28

1    Trustee is to serve a copy of this order on Jamie Lynn Gallian and Joseph Arroyo

2    and file a proof of service within forty-eight hours of entry of this order.

3    **IT IS SO ORDERED.**

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25    Date: October 3, 2024

Scott C. Clarkson
United States Bankruptcy Judge

26

27

28

6

1 | ERIC P. ISRAEL (State Bar No. 132426)
*eisrael@DanningGill.com*
2 | DANNING, GILL, ISRAEL & KRASNOFF, LLP
1901 Avenue of the Stars, Suite 450
3 | Los Angeles, California 90067-6006
Telephone:   (310) 277-0077
4 | Facsimile:    (310) 277-5735

5 | Attorneys for Jeffrey I. Golden,
Chapter 7 Trustee

FILED & ENTERED

SEP 12 2024

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bolte        DEPUTY CLERK

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SANTA ANA DIVISION**

| | |
|---|---|
| In re | Case No. 8:21-bk-11710-SC |
| JAMIE LYNN GALLIAN, | Chapter 7 |
| | **ORDER TO SHOW CAUSE WHY DEBTOR JAMIE LYNN GALLIAN AND JOSEPH ARROYO SHOULD NOT BE FOUND IN CONTEMPT OF COURT** |
| Debtor. | |
| | Date:        August 27, 2024 |
| | Time:        1:30 p.m. |
| | Place:       Courtroom "5C" |
| | 411 W. 4th Street |
| | Santa Ana, California 92701 |

On August 27, 2024, at 1:30 p.m., the Court conducted hearings in this case, at which the

parties were present as noted on the record. The Court, having reviewed and considered the

Trustee's Reply Memorandum of Points and Authorities in Support of Application to Employ Real

Estate Broker Coldwell Banker Realty and Agents William Friedman and Greg Bingham Pursuant

to 11 U.S.C. Sections 327 and 328 (*docket no. 408*), filed by Jeffrey I. Golden the Chapter 7 trustee

herein (the "Trustee") , and the Debtor's statements on the record at the hearings on August 27,

2024, at 1:30 p.m., including that she and Joseph Arroyo had listed the manufactured home

commonly known as 16222 Monterey Lane, Space 376, Huntington Beach, CA 92649, finds good

cause to order as follows:

1

1      1.    Jamie Lynn Gallian ("Debtor") and Joseph Arroyo must appear and show cause as

2  to why they should not be held in contempt of Court and sanctioned for willfully violating the

3  Bankruptcy Code by exercising control over property of the estate, interfering with the Trustee's

4  administration of property of the estate and violating the automatic stay in Debtor's case.

5      2.    The hearing on this Order to Show Cause will take place on October 15, 2024, at

6  11:00 a.m. in Courtroom 5C located at 411 W. Fourth Street, Santa Ana, California 92701-4593.

7      3.    Jamie Lynn Gallian and Joseph Arroyo must file with the Court and serve on the

8  Trustee their written responses to this Order to Show Cause, if any, by no later than September 24,

9  2024.  Any response not timely filed may be deemed waived.

10      4.    The Trustee must file with the Court and serve on Jamie Lynn Gallian and Joseph

11  Arroyo any reply to their response(s) by not later than October 1, 2024.

12      5.    The Trustee is to serve a copy of this order upon Jamie Lynn Gallian and Joseph

13  Arroyo by no later than forty-eight hours after its entry and file an appropriate proof of service

14  within seventy-two hours.

15      **IT IS SO ORDERED.**

16

17                        ###

18

19

20

21

22

23      Date: September 12, 2024

24                           Scott C. Clarkson
                               United States Bankruptcy Judge

25

26

27

28

 Gmail

**Jamie Gallian <jamiegallian@gmail.com>**

---

## Fw: Jamie Lynn Gallian, Debtor

---

**Jamie Gallian** <jamiegallian@gmail.com>
To: Chief Arroyo <josephamh@outlook.com>
Cc: Jamie Gallian <jamiegallian@gmail.com>

Fri, Aug 2, 2024 at 11:38 PM

Joseph,

Please see attached.

Sincerely,

Jamie Gallian
714-321-3449
jamiegallian@gmail.com

[Quoted text hidden]



📄 **Cancellation Letter AMH.pdf**
102K

JAMIE LYNN GALLIAN
16222 MONTEREY LANE UNIT 376
HUNTINGTON BEACH, CA 92649
(714-321-3449
JAMIEGALLIAN@GMAIL.COM

August 2, 2024

AMERICAN Manufactured & Mobile Home Sales
977 S. Santa Fe, Suite 1
Vista, CA 92083
Cell:        760.845.7368
Vista:       760.758.7653
Menifee:  951.672.7944
Fax:         760.758.7652
Josephamh@outlook.com

Dear Mr. Arroyo,

       After careful consideration and due to the events within the ongoing bankruptcy,
it is necessary to ask you to remove and withdraw the listing your company posted on the
MH Village website #3149104.

       I reviewed your company, AMH website and I do not find any listing of my home,
2014 Skyline Village Custom Villa LBM 1081, on the website at the time of this email to you.

       I am sorry to have to Declare the Listing Agreement Addendum #635, Null and Void.

       I wish you only health and happiness.  Personally, you have been a good friend to me
always offering a wealth of invaluable counsel in my life for over 5 years. You have been the
father figure I counted on.  I will miss your laughter and stories.

Sincerely,

*Jamie Lynn Gallian*
Jamie Lynn Gallian

1 | ERIC P. ISRAEL (State Bar No. 132426)
   | *eisrael@DanningGill.com*
2 | DANNING, GILL, ISRAEL & KRASNOFF, LLP
   | 1901 Avenue of the Stars, Suite 450
3 | Los Angeles, California 90067-6006
   | Telephone:   (310) 277-0077
4 | Facsimile:    (310) 277-5735
5 | Attorneys for Jeffrey I. Golden,
   | Chapter 7 Trustee
6

7 |              **UNITED STATES BANKRUPTCY COURT**

8 |               **CENTRAL DISTRICT OF CALIFORNIA**

9 |                     **SANTA ANA DIVISION**

10

11 | In re                                          Case No. 8:21-bk-11710-SC

12 | JAMIE LYNN GALLIAN,                            Chapter 7

13 |                                                **TRUSTEE'S OBJECTION TO AND
                                                    REQUEST FOR HEARING ON**
14 |                Debtor.                         **DEBTOR'S MOTION UNDER 11 U.S.C. §
                                                    522(F) TO AVOID TRUSTEE'S LIEN**
15 |                                                **(Docket no. 422)**

16 |                                                [HEARING TO BE SET]

17

18 |        Jeffrey I. Golden, the Chapter 7 trustee (the "Trustee") for the estate of Jamie Lynn Gallian

19 | (the "Debtor), hereby objects to the Debtor's Motion to Avoid Lien Under 11 U.S.C. § 522(f) (Real

20 | Property") *(docket no. 422)* (the "Motion").  The Debtor is required to set a hearing hereon.

21 |        1.     On the same day that the Court approved the Trustee's application to employ a real

22 | estate broker to sell the manufactured home at issue *[docket no. 431]* and indeed authorized the

23 | issuance of an Order to Show Cause re why the Debtor and her real estate broker should not be

24 | found in contempt of Court for interfering with the Trustee's efforts to administer the Property

25 | *[docket no. 433]*, the Debtor proceeded to file the Motion at bar.  The Motion is completely

26 | unfounded, and the Trustee submits that it is yet another part of her ongoing scheme to stop the

27 | Trustee at all costs from performing his duties to administer property of the estate.  The Court

28 | should not countenance such ongoing wrongful acts.

1777510.2 27064                              1

1          2.      On the merits, "under § 522(f)(1), a debtor may avoid a lien if three conditions are

2     met: (1) there was a fixing of a lien on an interest of the debtor in property; (2) such lien impairs an

3     exemption to which the debtor would have been entitled; and (3) such lien is a judicial lien. In re

4     Stone, 119 B.R. 222, 226 (Bankr. E.D. Wash. 1990). The debtor has the burden of demonstrating

5     that he is entitled to avoid a judicial lien under § 522(f)(1). See In re Butler, 5 B.R. 360, 361

6     (Bankr. D. Md. 1980)." Estate of Catli v. Catli (In re Catli), 999 F.2d 1405, 1406 (9th Cir. 1993).

7     The Debtor fails the second and third prong.

8          3.      As a threshold matter, the Motion seeks to avoid a consensual lien which the Debtor

9     had placed on the manufactured home, which lien the Trustee has previously avoided and preserved

10    for the benefit of the estate via final and non-appealable judgments.  Request for Judicial Notice at

11    Exhibits "A" through "D".  However, section 522(f) does not apply to consensual liens.  The

12    Debtor in her Motion admits that the lien arises under a security agreement and UCC-1 financing

13    statement.  Motion at p.2, Exs. "8", "8A" and "8B" thereto.  Article 9 liens are by definition

14    consensual liens.  Cal. Comm. Code §§ 9101 to 9707.  "Except as otherwise provided in

15    subdivisions (c) and (d) [not applicable], this division applies to each of the following:  (1) A

16    transaction, regardless of its form, that creates a security interest in personal property or fixtures by

17    contract."  Cal. Comm. Code § 9109(a).  A contract is clearly a consensual lien.  By its express

18    terms, section 522(f)(1)(A) is only available to avoid judicial liens.[1]  11 U.S.C. § 522(f)(1)(A).  A

19    lien arising under a security agreement is not a judicial lien, and the Motion must be denied on that

20    basis.

21          4.      Although the Court need not go further in the analysis – as lack of a judicial lien is

22    fatal to the motion, the Trustee points out that the lien she challenges does not impair a homestead

23    exemption to which she is otherwise entitled.  The Debtor claims that the property is worth

24    $385,000, allegedly based on an "appraisal".  Motion at p.2.  However, no appraisal or admissible

25

26    _____

      [1] There is an exception in section 522(f)(1)(B) for non-possessory, non-purchase money liens in
27    household goods and furnishings, tools of the trade and health aids that are not limited to judicial
      liens, however the manufactured home at issue is not any of those things.

28

1    evidence in support thereof are offered.  Instead, the Debtor at Exhibit "9" only includes alleged

2    Zillow comps printed off the internet. Exhibit "9" to Motion.  In contrast, the Court just approved

3    the broker's employment application and listing agreement at a price of $320,000.  *Docket no. 431*.

4    That listing price was uncontested, and that is the only admissible evidence on value of the

5    property.  In contrast, the Trustee calculated the avoided lien at $293,791.44, as of June 6, 2024, at

6    the contract interest rate of 5.5% (daily interest continues to accrue at $33.90 per day).[2]  *Docket no.*

7    *395, p.8, ll.20-22*.  Another $3,051 has accrued thereunder, for a total of over $296,841.44 as of

8    September 6, 2024.  After costs of sale and the senior consensual lien, there is little or no equity in

9    the property for the Debtor's homestead to be impaired.

10

11           WHEREFORE, the Court should deny the Motion.  The Trustee prays for all other

12   appropriate relief.

13

14   DATED:  September 10, 2024          DANNING, GILL, ISRAEL & KRASNOFF, LLP

15

16                                      By: _____

17                                          ERIC P. ISRAEL

18                                          Attorneys for Jeffrey I. Golden, Chapter 7 Trustee

19

20

21

22

23

24

25

26   _____

27   [2]  The Debtor correctly states that the original amount owing under the avoided J-Pad lien was
     $225,000, but lists with no supporting evidence $0 the as current amount owing.

28

1                          **REQUEST FOR JUDICIAL NOTICE**

2          Jeffrey I. Golden, as Chapter 7 Trustee (the "Trustee") for the bankruptcy estate of Jamie

3  Lynn Gallian (the "Debtor), requests that the Court take judicial notice of the following facts.

4          1.     The Trustee avoided and preserved various liens and transfers against the

5  manufactured home via the following:

6                  a.     <u>Stipulated Judgment against Defendant Robert J. McLelland to Avoid Liens</u>.

7  adversary no. 8:23-ap-01064-SC, *docket no. 66*. A true and correct copy thereof is attached hereto,

8  marked as Exhibit "A" and incorporated herein by this reference.

9                  b.     <u>Default Judgment against J-Pad LLC</u>, adversary no. 8:23-ap-01064-SC,

10  *docket no. 79*. A true and correct copy thereof is attached hereto, marked as Exhibit "B" and

11  incorporated herein by this reference.

12                 c.     <u>Default Judgment against J-Sandcastle Co., LLC</u>, adversary no. 8:23-ap-

13  01064-SC, *docket no. 81*. A true and correct copy thereof is attached hereto, marked as Exhibit

14  "C" and incorporated herein by this reference.

15                 d.     <u>Default Judgment against Ronald J. Pierpont</u>, adversary no. 8:23-ap-01064-

16  SC, *docket no. 83*. A true and correct copy thereof is attached hereto, marked as Exhibit "D" and

17  incorporated herein by this reference.

18

19  DATED:  September 10, 2024              DANNING, GILL, ISRAEL & KRASNOFF, LLP

20

21

22                                          By: _____
                                                ERIC P. ISRAEL
23                                              Attorneys for Jeffrey I. Golden, Chapter 7 Trustee

24

25

26

27

28

# EXHIBIT A

1 | AARON E. DE LEEST (State Bar No. 216832)
   *adeleest@DanningGill.com*
2 | SHANTAL MALMED (State Bar No. 351496)
   *smalmed@DanningGill.com*
3 | DANNING, GILL, ISRAEL & KRASNOFF, LLP
   1901 Avenue of the Stars, Suite 450
4 | Los Angeles, California 90067-6006
   Telephone: (310) 277-0077
5 | Facsimile: (310) 277-5735

6 | Attorneys for Plaintiff Jeffrey I. Golden,
   Chapter 7 Trustee

7 |

```
┌─────────────────────────────────┐
│       FILED & ENTERED           │
│   ┌─────────────────────────┐   │
│   │     MAR 29 2024         │   │
│   └─────────────────────────┘   │
│  CLERK U.S. BANKRUPTCY COURT    │
│  Central District of California │
│  BY bolte      DEPUTY CLERK     │
└─────────────────────────────────┘
```

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SANTA ANA DIVISION

| | |
|---|---|
| In re | Case No. 8:21-bk-11710-SC |
| JAMIE LYNN GALLIAN, | Chapter 7 |
| Debtor. | |
| | |
| JEFFREY I. GOLDEN, Chapter 7 Trustee, | Adv. No. 8:23-ap-01064-SC |
| Plaintiff, | **STIPULATED JUDGMENT AGAINST DEFENDANT ROBERT J. MCLELLAND TO AVOID LIENS** |
| vs. | |
| J-SANDCASTLE CO., LLC; J-PAD LLC; STEVEN D. GALLIAN; BRIAN J. GALLIAN; JUSTIN BARCLAY; RONALD J. PIERPONT; ROBERT J. MCLELLAND; AND E. J. GALLIAN, | **STATUS CONFERENCE**
Date: May 28, 2024
Time: 1:30 p.m.
Place: Courtroom 5C
     411 W. Fourth Street
     Santa Ana, California 92701 |
| Defendants. | |

Plaintiff Jeffrey I. Golden, Chapter 7 Trustee (the "Plaintiff"), for the estate of

Jamie Lynn Gallian (the "Debtor"), and defendant Robert J. McLelland (the "Stipulating

Defendant"), having lodged on or about January 25, 2024 the Stipulation for Judgment Between

Trustee and Defendant Robert J. McLelland (the "Stipulation for Judgment") *(adv. doc. no. 52)*:

1767746.2  27064

1

**EXHIBIT  A**

1.     Judgment is entered in favor of the Trustee and against the Stipulating Defendant that the Stipulating Defendant is not a party to any security agreement or agreements that would grant him a security interest in or lien on the manufactured home located at 16222 Monterey Lane, Space #376, Huntington Beach, CA 92649, Decal # LBM1081, Serial # AC7V710394GA, AC7V710394GB (the "Property").

2.     Judgment is entered in favor of the Trustee and against the Stipulating Defendant that the Stipulating Defendant has no interest in the Property.

3.     Judgment is entered in favor of the Trustee and against Robert J. McLelland that the "Statement of Facts" (the "Statement of Facts") that was executed and submitted to the California Department of Housing and Community Development (the "HCD") on or about August 2, 2021, adding "J-Pad LLC or Robert McLelland" as the legal owners (i.e., lienholders) on the certificate of title for the Property and any related lien is avoided and preserved for the benefit of the Debtor's estate.

4.     Judgment is entered in favor of the Trustee and against the Stipulating Defendant that the following UCC Financing Statement Amendments (UCC-3) and any related liens are avoided and preserved for the benefit of the Debtor's estate.

| UCC Filing Date | UCC Type | Filing No. |
|---|---|---|
| 9/8/2021 | UCC-3 Amendment | U210083394336 |
| 9/12/2021 | UCC-3 Amendment | U210084251426 |
| 9/12/2021 | UCC-3 Amendment | U210084255728 |
| 9/12/2021 | UCC-3 Amendment | U210084256326 |
| 9/12/2021 | UCC-3 Amendment | U210084251729 |
| 9/24/2021 | UCC-5 Amendment | U210088103427 |
| 9/24/2021 | UCC-3 Amendment | U210088103629 |

5.     The Trustee and the Stipulating Defendant shall bear their own attorney's fees and costs.

6.     The Stipulating Defendant shall cooperate in a timely manner with the Trustee to carry out the purpose and effect of the Stipulation for Judgment including executing any further documents that may be required.

1   7.  Pursuant of Rule 54 of the Federal Rules of Civil Procedure there is no just reason

2 for delay in entry of this judgment against the Stipulating Defendants.

3               ###

Date: March 29, 2024

Scott C. Clarkson
United States Bankruptcy Judge

# EXHIBIT B

1 | ERIC P. ISRAEL (State Bar No. 132426)
*eisrael@DanningGill.com*
2 | AARON E. DE LEEST (State Bar No. 216832)
*adeleest@DanningGill.com*
3 | SHANTAL MALMED (State Bar No. 351496)
*smalmed@DanningGill.com*
4 | DANNING, GILL, ISRAEL & KRASNOFF, LLP
1901 Avenue of the Stars, Suite 450
5 | Los Angeles, California 90067-6006
Telephone: (310) 277-0077
6 | Facsimile: (310) 277-5735

7 | Attorneys for Plaintiff Jeffrey I. Golden,
Chapter 7 Trustee
8 |

```
FILED & ENTERED

      MAY 10 2024

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bolte        DEPUTY CLERK
```

9 |                **UNITED STATES BANKRUPTCY COURT**

10 |                **CENTRAL DISTRICT OF CALIFORNIA**

11 |                **SANTA ANA DIVISION**

12 |

13 | In re                                   Case No. 8:21-bk-11710-SC

14 | JAMIE LYNN GALLIAN,                     Chapter 7

15 |         Debtor.

16 |
    | JEFFREY I. GOLDEN, Chapter 7 Trustee,   Adv. No. 8:23-ap-01064-SC
17 |
    |         Plaintiff,                     **DEFAULT JUDGMENT AGAINST J-PAD**
18 |                                         **LLC**
    |         vs.
19 |                                         Date: May 7, 2024
    | J-SANDCASTLE CO., LLC; J-PAD LLC;       Time: 1:30 p.m.
20 | STEVEN D. GALLIAN; BRIAN J.             Place: Courtroom 5C
    | GALLIAN; JUSTIN BARCLAY; RONALD               411 W. Fourth Street
21 | J. PIERPONT; ROBERT J. MCLELLAND;             Santa Ana, California 92701
    | AND E.J. GALLIAN,
22 |
    |         Defendants.
23 |

24 |      On April 5, 2024, Plaintiff Jeffrey I. Golden, as the Chapter 7 Trustee (the "Trustee" or

25 | "Plaintiff") for the bankruptcy estate of Jamie Lynn Gallian (the "Debtor"), filed the Motion for

26 | Default Judgment under LBR 7055-1 against Defendant J-Pad LLC (the "Motion") (*docket no. 76*),

27 | which was heard by the Court on May 7, 2024.  Default was previously entered against Defendant

28 |

1770829.1  27064                              1

EXHIBIT *B*

1  J-Pad LLC (the "Defendant") on August 22, 2023.  The Court having granted the Motion pursuant

2  to an order entered contemporaneously herewith, and good cause appearing:

3      IT IS ORDERED, ADJUDGED AND DECREED THAT:

4      1.      Default judgment is entered in favor of the Plaintiff and against the Defendant on

5  the Plaintiff's first and fifth claims for relief in the Complaint.

6      2.      The transfer to the Defendant of a lien on and security interest in the manufactured

7  home located at 16222 Monterey Lane, Space #376, Huntington Beach, CA 92649, Decal

8  # LBM1081, Serial # AC7V710394GA, AC7V710394GB (the "Property") reflected by the secured

9  promissory note and security agreement between J-Sandcastle Co., LLC and the Defendant dated

10 November 16, 2018 and lien on the Property in the amount of $225,000 in favor of the Defendant

11 are avoided and preserved for the benefit of the Debtor's estate in the name of Jeffrey I. Golden,

12 Chapter 7 Trustee for the bankruptcy estate of Jamie Lynn Gallian.

13     3.      The transfers to the Defendant relating to the Property, including the following UCC

14 Financing Statements (UCC-1) and UCC Financing Statement Amendments (UCC-3), and any

15 liens on the Property in favor of the Defendant are avoided and preserved for the benefit of the

16 Debtor's estate in the name of Jeffrey I. Golden, Chapter 7 Trustee for the bankruptcy estate of

17 Jamie Lynn Gallian.

18

| UCC Filing Date | UCC Type | Filing No. |
|---|---|---|
| 1/14/2019 | UCC-1 Financing Statement | 197691916827 |
| 1/14/2019 | UCC-1 Financing Statement | 197691915674 |
| 1/14/2019 | UCC-1 Financing Statement | 197691905279 |
| 12/4/2020 | UCC-3 Amendment | U200034803831 |
| 9/8/2021 | UCC-3 Amendment | U210083394336 |
| 9/8/2021 | UCC-3 Amendment | U210083400018 |
| 9/12/2021 | UCC-3 Amendment | U210084251426 |
| 9/12/2021 | UCC-3 Amendment | U210084255728 |
| 9/12/2021 | UCC-3 Amendment | U210084256326 |
| 9/24/2021 | UCC-3 Amendment | U210088103629 |

1    4.    The Debtor's transfers to the Defendant reflected by the "Statement of Facts"

2    submitted to the California Department of Housing and Community Development on or about

3    August 6, 2021, stating that the legal owner of the Property was the Defendant and that the

4    Defendant perfected its lien on January 14, 2019, and the "Statement to Encumber" executed on

5    January 14, 2019, reflecting that the "legal owner" of the Property was the Defendant and any liens

6    on the Property in favor of the Defendant are avoided and preserved for the benefit of the Debtor's

7    estate in the name of Jeffrey I. Golden, Chapter 7 Trustee for the bankruptcy estate of Jamie Lynn

8    Gallian.

9    5.    Pursuant of Rule 54 of the Federal Rules of Civil Procedure there is no just reason

10   for delay in entry of this judgment against the Defendant.

11                                    ###

12

13

14

15

16

17

18

19

20

21

22

23

24   Date: May 10, 2024

Scott C. Clarkson
United States Bankruptcy Judge

25

26

27

28

1770829.1  27064                              3

12

# EXHIBIT C

<pre>
 1  ERIC P. ISRAEL (State Bar No. 132426)
    eisrael@DanningGill.com
 2  AARON E. DE LEEST (State Bar No. 216832)
    adeleest@DanningGill.com
 3  SHANTAL MALMED (State Bar No. 351496)
    smalmed@DanningGill.com
 4  DANNING, GILL, ISRAEL & KRASNOFF, LLP
    1901 Avenue of the Stars, Suite 450
 5  Los Angeles, California 90067-6006
    Telephone: (310) 277-0077
 6  Facsimile: (310) 277-5735
</pre>

FILED & ENTERED

MAY 10 2024

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bolte       DEPUTY CLERK

Attorneys for Plaintiff Jeffrey I. Golden,
Chapter 7 Trustee

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SANTA ANA DIVISION**

| | |
|---|---|
| In re<br><br>JAMIE LYNN GALLIAN,<br><br>　　　Debtor. | Case No. 8:21-bk-11710-SC<br><br>Chapter 7 |
| JEFFREY I. GOLDEN, Chapter 7 Trustee,<br><br>　　　Plaintiff,<br><br>　　vs.<br><br>J-SANDCASTLE CO., LLC; J-PAD LLC;<br>STEVEN D. GALLIAN; BRIAN J.<br>GALLIAN; JUSTIN BARCLAY; RONALD<br>J. PIERPONT; ROBERT J. MCLELLAND;<br>AND E.J. GALLIAN,<br><br>　　　Defendants. | Adv. No. 8:23-ap-01064-SC<br><br>**DEFAULT JUDGMENT AGAINST<br>J-SANDCASTLE CO., LLC**<br><br>Date: May 7, 2024<br>Time: 1:30 p.m.<br>Place: Courtroom 5C<br>　　411 W. Fourth Street<br>　　Santa Ana, California 92701 |

On March 27, 2024, Plaintiff Jeffrey I. Golden, as the Chapter 7 Trustee (the "Trustee" or "Plaintiff") for the bankruptcy estate of Jamie Lynn Gallian (the "Debtor"), filed the Motion for Default Judgment under LBR 7055-1 against Defendant J-Sandcastle Co., LLC (the "Motion") (*docket no. 59*), which was heard by the Court on May 7, 2024. Default was previously entered against Defendant J-Sandcastle Co., LLC (the "Defendant") on August 22, 2023.

1770827.1  27064

1

EXHIBIT _C_

14

1    The Court having granted the Motion pursuant to an order entered contemporaneously

2    herewith, and good cause appearing:

3        IT IS ORDERED, ADJUDGED AND DECREED THAT:

4        1.    Default judgment is entered in favor of the Plaintiff and against the Defendant on

5    the Plaintiff's first claim for relief in the Complaint.

6        2.    The Debtor's transfers of the manufactured home located at and commonly known

7    as 16222 Monterey Lane, Space #376, Huntington Beach, CA 92649, Decal # LBM1081, Serial #

8    AC7V710394GA, AC7V710394GB (the "Property") to the Defendant, including transferring title

9    to the Property on or about November 15, 2018 and November 20, 2018, are hereby avoided and

10   legal title to the Property and the beneficial interest in the Property (collectively the "Subject

11   Transfers") is recovered for the benefit of the bankruptcy estate in the name of Jeffrey I. Golden,

12   Chapter 7 Trustee for the bankruptcy estate of Jamie Lynn Gallian.

13       3.    The Subject Transfers are preserved for the benefit of the estate pursuant to 11

14   U.S.C. § 551.

15       4.    Pursuant of Rule 54 of the Federal Rules of Civil Procedure there is no just reason

16   for delay in entry of this judgment against the Defendant.

17                                        ###

18

19

20

21

22

23

24   Date: May 10, 2024                    _Scott C. Clarkson_
                                           Scott C. Clarkson
25                                         United States Bankruptcy Judge

26

27

28

15

# EXHIBIT D

1  ERIC P. ISRAEL (State Bar No. 132426)
   *eisrael@DanningGill.com*
2  AARON E. DE LEEST (State Bar No. 216832)
   *adeleest@DanningGill.com*
3  SHANTAL MALMED (State Bar No. 351496)
   *smalmed@DanningGill.com*
4  DANNING, GILL, ISRAEL & KRASNOFF, LLP
   1901 Avenue of the Stars, Suite 450
5  Los Angeles, California 90067-6006
   Telephone: (310) 277-0077
6  Facsimile: (310) 277-5735

7  Attorneys for Plaintiff Jeffrey I. Golden,
   Chapter 7 Trustee

8

```
┌─────────────────────────────┐
│  FILED & ENTERED            │
│  ┌───────────────────────┐  │
│  │                       │  │
│  │    MAY 10 2024        │  │
│  │                       │  │
│  └───────────────────────┘  │
│  CLERK U.S. BANKRUPTCY COURT│
│  Central District of California│
│  BY bolte    DEPUTY CLERK   │
└─────────────────────────────┘
```

9           **UNITED STATES BANKRUPTCY COURT**

10          **CENTRAL DISTRICT OF CALIFORNIA**

11          **SANTA ANA DIVISION**

12

13  In re                                    Case No. 8:21-bk-11710-SC

14  JAMIE LYNN GALLIAN,                       Chapter 7

15          Debtor.

16  _____

    JEFFREY I. GOLDEN, Chapter 7 Trustee,    Adv. No. 8:23-ap-01064-SC
17
            Plaintiff,                        **DEFAULT JUDGMENT AGAINST**
18                                            **RONALD J. PIERPONT**
            vs.
19                                            Date: May 7, 2024
    J-SANDCASTLE CO., LLC; J-PAD LLC;         Time: 1:30 p.m.
20  STEVEN D. GALLIAN; BRIAN J.               Place: Courtroom 5C
    GALLIAN; JUSTIN BARCLAY; RONALD                  411 W. Fourth Street
21  J. PIERPONT; ROBERT J. MCLELLAND;                 Santa Ana, California 92701
    AND E.J. GALLIAN,
22
            Defendants.
23  _____

24          On March 27, 2024, Plaintiff Jeffrey I. Golden, as the Chapter 7 Trustee (the "Trustee" or

25  "Plaintiff") for the bankruptcy estate of Jamie Lynn Gallian (the "Debtor"), filed the Motion for

26  Default Judgment under LBR 7055-1 against Defendant Ronald J. Pierpont (the "Motion") (*docket

27  no. 58*), which was heard by the Court on May 7, 2024.  Default was previously entered against

28  Defendant Ronald J. Pierpont (the "Defendant") on August 22, 2023.

1770828.1  27064                            1

                              EXHIBIT D

                                                                              17

1      The Court having granted the Motion pursuant to an order entered contemporaneously

2  herewith, and good cause appearing:

3      IT IS ORDERED, ADJUDGED AND DECREED THAT:

4      1.     Default judgment is entered in favor of the Plaintiff and against the Defendant on

5  the Plaintiff's fifth and sixth claims for relief in the Complaint.

6      2.     The Defendant is not a party to any security agreement or agreements that would

7  grant Defendant a security interest in or lien on the manufactured home located at 16222 Monterey

8  Lane, Space #376, Huntington Beach, CA 92649, Decal # LBM1081, Serial # AC7V710394GA,

9  AC7V710394GB (the "Property").

10     3.     The Defendant has no interest in the Property.

11     4.     The Defendant does not have any valid, perfected, and/or unavoidable liens on the

12  Property.

13     5.     The transfers to the Defendant relating to the Property, including the following

14  UCC Financing Statement Amendments (UCC-3), and any liens on the Property in favor of the

15  Defendant are avoided and preserved for the benefit of the Debtor's estate in the name of

16  Jeffrey I. Golden, Chapter 7 Trustee for the bankruptcy estate of Jamie Lynn Gallian.

17

| UCC Filing Date | UCC Type | Filing No. |
|---|---|---|
| 12/4/2020 | UCC-3 Amendment | U200034803831 |
| 9/8/2021 | UCC-3 Amendment | U210083394336 |
| 9/8/2021 | UCC-3 Amendment | U210083400018 |
| 9/12/2021 | UCC-3 Amendment | U210084251426 |
| 9/12/2021 | UCC-3 Amendment | U210084255728 |
| 9/12/2021 | UCC-3 Amendment | U210084256326 |
| 9/24/2021 | UCC-3 Amendment | U210088103629 |

18

19

20

21

22

23

24

25

26

27

28

1770828.1  27064                                 2

1        6.      Pursuant of Rule 54 of the Federal Rules of Civil Procedure there is no just reason

2  for delay in entry of this judgment against the Defendant.

3                  ###

Date: May 10, 2024

Scott C. Clarkson
United States Bankruptcy Judge

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 1901 Avenue of the Stars, Suite 450, Los Angeles, CA 90067-6006.

A true and correct copy of the foregoing document entitled (*specify*): TRUSTEE'S OBJECTION TO AND REQUEST FOR HEARING ON DEBTOR'S MOTION UNDER 11 U.S.C. § 522(F) TO AVOID TRUSTEE'S LIENS (Docket no. 422) will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)  September 10, 2024  I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page.

**2.  SERVED BY UNITED STATES MAIL**:  On September 10, 2024 , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page.

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) September 10, 2024, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Jamie Lynn Gallian
By Email:  jamiegallian@gmail.com

☐ Service information continued on attached page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| September 10, 2024 | Gloria Ramos | /s/ Gloria Ramos |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                              **F 9013-3.1.PROOF.SERVICE**

1 | ERIC P. ISRAEL (State Bar No. 132426)
*eisrael@DanningGill.com*
2 | AARON E. DE LEEST (State Bar No. 216832)
*adeleest@DanningGill.com*
3 | DANNING, GILL, ISRAEL & KRASNOFF, LLP
1901 Avenue of the Stars, Suite 450
4 | Los Angeles, California 90067-6006
Telephone:   (310) 277-0077
5 | Facsimile:    (310) 277-5735

6 | Attorneys for Jeffrey I. Golden,
Chapter 7 Trustee
7 |

8 | **UNITED STATES BANKRUPTCY COURT**

9 | **CENTRAL DISTRICT OF CALIFORNIA**

10 | **SANTA ANA DIVISION**

11 |

12 | In re | Case No. 8:21-bk-11710-SC

13 | JAMIE LYNN GALLIAN, | Chapter 7

14 | | **TRUSTEE'S NOTICE OF OPPOSITION**
15 | Debtor. | **AND OPPOSITION TO DEBTOR'S MOTION TO COMPEL AND ISSUE ORDER TO THE CH. 7 TRUSTEE TO**
16 | | **WITHDRAW AND CANCEL THE MAY 13, 2024 HCD APPLICATION TO**
17 | | **TRANSFER CERTIFICATE OF TITLE DECAL LBM 1081 FOR ZERO**
18 | | **CONSIDERATION TO DANNING, GILL, ISRAEL & KRASNOFF LLP**
19 | | **FORTHWITH; MEMORANDUM OF POINTS AND AUTHORITIES; REQUEST**
20 | | **FOR JUDICIAL NOTICE AND DECLARATION OF AARON E. DE**
21 | | **LEEST IN SUPPORT THEREOF**

22 | | Date:  August 13, 2024
Time: 1:30 p.m.
23 | | Place: Courtroom 5C
24 | | 411 W. Fourth Street,
Santa Ana, California 92701
25 |

26 |

27 |

28 |

1775009.1  27064

1

1

<u>**TABLE OF CONTENTS**</u>

2
<u>**Page**</u>

3
MEMORANDUM OF POINTS AND AUTHORITIES ...................................................................3

4
I.     INTRODUCTION .............................................................................................................3

5
II.    STATEMENT OF FACTS ...............................................................................................4

6
     A.    BANKRUPTCY BACKGROUND .......................................................................4

7
     B.    THE HOMESTEAD EXEMPTION ......................................................................4

8
     C.    TRUSTEE'S AVOIDANCE AND RECOVERY OF TRANSFERS OF
TITLE AND LIENS ON THE PROPERTY ..................................................................5

9

10
     D.    TRUSTEE'S APPLICATIONS TO EMPLOY REAL ESTATE BROKER ..............7

     E.    TRUSTEE'S ABILITY TO SELL PROPERTY ...................................................7

11
III.   ARGUMENT ....................................................................................................................8

12
IV.   CONCLUSION................................................................................................................10

13
REQUEST FOR JUDICIAL NOTICE ................................................................................11

14
DECLARATION OF AARON E. DE LEEST ...................................................................15

15

16

17

18

19

20

21

22

23

24

25

26

27

28

i

1    PLEASE TAKE NOTICE that Jeffrey I. Golden, as the Chapter 7 Trustee for the

2  bankruptcy estate (the "Estate") of Jamie Lynn Gallian (the "Debtor), hereby submits this

3  Opposition to the *Debtor's Motion to Compel and Issue Order to the Ch. 7 Trustee and His*

4  *Attorneys to Withdraw and Cancel the May 13, 2024 HCD Application to Transfer Certificate of*

5  *Title DECAL LBM 1081 for - Zero - Consideration, to Danning, Gill, Israel, & Krasnoff, LLP,*

6  *Forthwith* (*docket no. 398)*(the "Motion").

7    PLEASE TAKE FURTHER NOTICE that any reply to this opposition must be in writing,

8  filed with the Clerk of the Bankruptcy Court and served upon counsel for the Trustee named in the

9  upper left-hand corner of this notice not less than seven calendar days before the hearing.

10

11  DATED:  July 30, 2024                    DANNING, GILL, ISRAEL & KRASNOFF, LLP

12

13                                      By:    _____/s/ Aaron E. de Leest_____

14                                             AARON E. DE LEEST
                                               Attorneys for Jeffrey I. Golden, Chapter 7 Trustee
15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    <u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

2    **I.**

3    <u>**INTRODUCTION**</u>

4        The Debtor's *Motion to Compel and Issue Order to the Ch. 7 Trustee and His Attorneys to*

5    *Withdraw and Cancel the May 13, 2024 HCD Application to Transfer Certificate of Title DECAL*

6    *LBM 1081 for - Zero - Consideration, to Danning, Gill, Israel, & Krasnoff, LLP, Forthwith* (*docket*

7    *no. 398)*(the "Motion") must be denied because there is no valid basis for the Court to grant such

8    relief.  The acts complained of were all taken in fulfillment of the Trustee's duties in this case.

9        The Trustee, as trustee for the Debtor's bankruptcy estate, avoided and recovered title to the

10    Property "for the benefit of the bankruptcy estate in the name of Jeffrey I. Golden, Chapter 7

11    Trustee for the bankruptcy estate of Jamie Lynn Gallian."  *See* Exhibit "1" hereto.  It was

12    appropriate to place title to the Property in the name of Jeffrey I. Golden, Chapter 7 Trustee for the

13    bankruptcy estate of Jamie Lynn Gallian so it can be sold pursuant to 11 U.S.C. § 363.  The Trustee

14    did not submit an application to the California Housing and Community Development Department

15    ("HUD") as the Debtor alleges seeking to put title in the name of his counsel.  Rather, the Trustee

16    notified HUD, which is the agency in charge of titling and registering mobile and manufactured

17    homes in California, that the judgment was entered recovering title to the Property on behalf of the

18    Trustee and title should be reflected as set forth in the judgement in the name of Jeffrey I. Golden,

19    Chapter 7 Trustee for the bankruptcy estate of Jamie Lynn Gallian.  Accordingly, there is no

20    application to withdraw with HUD or otherwise as the Debtor requests in the Motion.

21        Updating title also protects the estate from wrongful transfers and, in particular, the Trustee

22    is advised that the Debtor, without knowledge or approval of the Trustee or the Court, has retained

23    a broker and put the property up for sale.

24        For these reasons, the Court should deny the Motion.

25

26

27

28

## II.

## STATEMENT OF FACTS

### A.   BANKRUPTCY BACKGROUND

On July 9, 2021 ("Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code, including her bankruptcy schedules.

Jeffrey I. Golden was thereafter appointed the Chapter 7 trustee for the Debtor's estate and continues to serve in that capacity for the benefit of creditors.

On the Petition Date, the registered title owner of the manufactured home located at 16222 Monterey Lane, Space #376, Huntington Beach, California 92649 ("Property"), was vested in J-Sandcastle Co, LLC ("J-Sandcastle"). The Debtor was not on title to the Property on the Petition Date.

The Property was also subject to a consensual lien on the Property in favor of J-Pad, LLC ("J-Pad") in the amount of $225,000, plus interest, and other voluntary liens and transfers in favor of the Debtor's family members, ex-husband, and former roommate as discussed below.

### B.   THE HOMESTEAD EXEMPTION

The Debtor claimed a homestead exemption in the Property in the amount of $600,000.

On or about May 12, 2022, Houser Bros. Co., dba Rancho Del Rey Mobile Home Estates ("Houser Bros."), filed its Motion Objecting to Debtor's Claimed Homestead Exemption (the "Exemption Motion") (*docket no. 95*). The hearing on the Exemption Motion was held on June 2, 2022 and continued to July 21, 2022. At the continued hearing, the Court granted the Exemption Motion and disallowed any claim of exemption by the Debtor in the Property.

On or about July 26, 2022, the Debtor filed the Motion for Reconsideration from the Court's July 21, 2022 ruling (the "Motion for Reconsideration") (*docket no. 157*). The order granting the Exemption Motion was thereafter entered on or about August 5, 2022 (*docket no. 177*). The hearing on the Motion for Reconsideration was held on or about September 22, 2022, and the Court took the matter under submission.

Thereafter, on or about December 19, 2022, the Court entered its order granting the Debtor's Motion for Reconsideration and determined that the Debtor was entitled to a homestead exemption in the Property in the amount of $600,000 ("Order Granting the Motion for Reconsideration") (*docket no. 274)*.

On or about December 29, 2022, Houser appealed from the Order Granting the Motion for Reconsideration to the District Court (*docket no. 280)*.

On or about November 1, 2023, the District Court handling the appeal entered an order that reversed and remanded the Order Granting the Motion for Reconsideration on the grounds that the Court failed to issue findings regarding the Debtor's interest in the Property "including whether "Gallian ever acquired (and retained) an equitable interest in the Property" (the "Reconsideration Order") (*docket no. 387)*.

On or about May 15, 2024, the Court entered its order regarding the Reconsideration Order (the "Remand Order ) (*docket no. 393)*.  The Remand Order again found "that Debtor held a sufficient equitable interest in the Property to claim an automatic homestead exemption under Cal. Civ. Proc. Code § 704.720(a)."

Hauser did not pursue any further appeal from the Remand Order and it is now final.

## C.   TRUSTEE'S AVOIDANCE AND RECOVERY OF TRANSFERS OF TITLE AND LIENS ON THE PROPERTY

On or about June 30, 2023, the Trustee commenced an adversary proceeding, Adv. No. 8:23-ap-01064-SC, by filing a *Complaint: (1) to Avoid and Recover Fraudulent Transfers; (2) to Avoid and Recover Postpetition Transfers; (3) for Declaratory Relief; (4) for Breach of Contract; (5) for Money Had and Received; and (6) Unjust Enrichment* (the "Complaint") against Ronald J. Pierpont, J-Pad LLC, J-Sandcastle Co., LLC, Steven D. Gallian, Brian J. Gallian, Justin Barclay, Robert J. McLelland, and E. J. Gallian (collectively, the "Defendants").

Pursuant to stipulations with defendants Steven D. Gallian, Brian J. Gallian, Justin Barclay, E. J. Gallian (the "Family Defendants") (*adv. docket nos. 43)*, a judgment was entered against the Family Defendants on or about October 3, 2023 (*adv. docket no. 47)*.  The judgment against the

Family Defendants avoided the liens on the Property in favor of the Family Defendants.  The judgment also preserved those liens for the benefit of the Debtor's estate pursuant to 11 U.S.C. § 551.

Pursuant to a stipulation with defendant Robert J. McLelland (*adv. docket nos. 52*), a judgment was entered against Mr. McLelland on or about March 29, 2024 (*adv. docket no. 66*).  The judgment against Mr. McLelland also avoided his lien on the Property in favor of the Family Defendants.  The judgment also preserved that lien for the benefit of the Debtor's estate pursuant to 11 U.S.C. § 551.

Pursuant to motions for default judgment filed by the Trustee with respect to defendants J-Pad, J-Sandcastle, and Ronald J. Pierpont (collectively, the "Defaulting Defendants") (*adv. docket nos. 58, 59, and 76*), default judgments were entered against the Defaulting Defendants on or about May 10, 2024 (*adv. docket nos. 79, 81 and 83*).

The default judgment against J-Sandcastle avoided and preserved the Debtor's transfers of title of the Property to J-Sandcastle, recovered legal title to the Property and the beneficial interest in the Property was declared to be in the Debtor's bankruptcy estate in the name of the Trustee.  A copy of the judgment against J-Sandcastle is attached as Exhibit "1" to the request for judicial notice appended hereto.

The default judgment against defendant J-Pad avoided J-Pad's consensual lien on the Property in the amount of $225,000 and other liens on the Property in favor of J-Pad.  The judgment also preserved that lien for the benefit of the Debtor's bankruptcy estate pursuant to 11 U.S.C. § 551.

The default judgment against defendant Ronald J. Pierpont determined that Mr. Pierpont does not have any interest in the Property and any valid, perfected, and/or unavoidable liens on the Property.  It also avoided his liens on the Property and preserved those liens for the benefit of the Debtor's estate pursuant to 11 U.S.C. § 551.

Following entry of the judgment against J-Sandcastle on or about May 10, 2024, the Trustee's counsel sent HUD a copy of the judgment and notified HUD, again which is the department tasked with maintaining title records for mobile and manufactured homes, of the

1    Court's judgment and that title to the Property had been recovered by the Trustee as set forth in the

2    Judgement – i.e., in the name of Jeffrey I. Golden, Chapter 7 Trustee for the bankruptcy estate of

3    Jamie Lynn Gallian.  In doing so, it was the intent of the Trustee to put HUD on notice of the

4    estate's interest in the Property and to prevent any subsequent unauthorized transfer thereof.  The

5    Trustee did not file an application seeking to put title in his counsel's firm's name (i.e., Danning

6    Gill) or otherwise, as the Debtor alleges.

7

8    **D.    TRUSTEE'S APPLICATIONS TO EMPLOY REAL ESTATE BROKER**

9            On or about July 28, 2022, after the Debtor's exemption was disallowed at the hearing on

10   July 21, 2022, the Trustee filed his Application to Employ Real Estate Broker Coldwell Banker

11   Realty and Agents William Friedman and Greg Bingham Pursuant To 11 U.S.C. 327 and 328 (the

12   "First Application") (*docket no. 162*) to assist the Trustee with marketing and selling the Property

13   for the benefit of the estate and its creditors.

14           On or about September 28, 2022, the Court entered an order denying the Trustee's First

15   Application, without prejudice, in light of the pending Motion for Reconsideration and need for the

16   Trustee to address the various transfers of title and liens on the Property that needed to be avoided

17   (*docket no. 241*).

18           The Trustee now believes that he has addressed the issues raised by the Court and that the

19   employment of a real estate broker is ripe for determination.  Accordingly, on July 1, 2024, the

20   Trustee filed his second application to employ a real estate broker (*docket no. 395*).  The hearing on

21   the Trustee's second application to employ a broker is set for July 30, 2024, at 11:00 a.m.

22

23   **E.    TRUSTEE'S ABILITY TO SELL PROPERTY**

24           As a result of the judgments in the Trustee's adversary proceeding, title to the Property has

25   been restored to the estate, and the Property is property of the estate.  In addition, the $225,000

26   consensual lien of J-Pad on the Property, and the other consensual liens and interests on the

27   Property in favor of the Family Defendants, Mr. Pierpont, and Mr. McLelland, have all been

28   avoided and preserved for the benefit of the Debtor's estate in the Trustee's name.

1       Although the Debtor has claimed a homestead exemption in the Property, the allowed

2  amount of the Debtor's homestead is determined when the Property is sold, rather than being fixed

3  as of the date the Debtor filed bankruptcy. *Robertson v. Alsberg (In re Alsberg)*, 161 B.R. 680, 684

4  (B.A.P. 9th Cir. 1993), aff'd, 68 F.3d 312 (9th Cir. 1995). Furthermore, the Debtor's exemption in

5  the Property only comes from any equity following consensual liens, which liens include the J-Pad

6  lien. *See* Cal. Code Civ. P. § 703.010. Exemptions claimed ahead of involuntary liens, such as

7  judgments, attachments, and execution liens, require filing a motion under section 522(f) which the

8  Debtor has not done. *Id*. Section 522(f) does not apply to consensual liens such as exist here.

9  Thus, the consensual liens on the Property come ahead of any allowed amount of the Debtor's

10  homestead exemption. *See In re Roach,* 2019 WL 408628, at *3-5 (B.A.P. 9th Cir. Jan, 29, 2019);

11  *see also In re Bunn-Rodemann*, 491 B.R. 132, 134-35 (Bankr. E.D. Cal. 2013). A copy of the

12  unpublished decision is attached as Exhibit "2" hereto.

13       The Trustee is now in a position, notwithstanding the Debtor's allowed homestead

14  exemption, to sell the Property for the benefit of the estate and creditors. This is because the

15  Trustee's interest in the Property, in light of the avoided and preserved consensual J-Pad lien in the

16  amount of $225,000, and any other consensual liens, are senior to the Debtor's homestead

17  exemption. Any distribution from the sales proceeds must be paid to the Trustee first in connection

18  with the consensual liens, and prior to any amount that the Debtor may be entitled to in connection

19  with her homestead exemption.

20

21                            **III.**

22                       <u>**ARGUMENT**</u>

23       The Debtor is not entitled to the relief requested in the Motion and the Motion must be

24  denied.

25       First, as set forth above, the Trustee, as trustee for the Debtor's bankruptcy estate, avoided

26  and recovered title to the Property "for the benefit of the bankruptcy estate in the name of Jeffrey I.

27  Golden, Chapter 7 Trustee for the bankruptcy estate of Jamie Lynn Gallian." *See* Exhibit "1"

28  hereto. Accordingly, title to the Property has been restored to the Debtor's estate. It was

1 | appropriate to place title to the Property in the name of Jeffrey I. Golden, Chapter 7 Trustee for the

2 | bankruptcy estate of Jamie Lynn Gallian so it can be sold pursuant to 11 U.S.C. § 363.

3 |       Second, as set forth above, the Trustee did not submit an application to HUD to change title

4 | to the Property into his counsel's name as the Debtor alleges.  Following receipt of the judgment

5 | against J-Sandcastle, the Trustee, through his counsel, simply notified HUD of the Court's

6 | judgment against J-Sandcastle and advised that title to the Property had been recovered by the

7 | Trustee as set forth in the Judgement – i.e., in the name of Jeffrey I. Golden, Chapter 7 Trustee for

8 | the bankruptcy estate of Jamie Lynn Gallian.  The Trustee's intention was to put HUD on notice of

9 | the estate's interest in the Property and prohibit any unauthorized sale of the Property by the Debtor

10 | or other third-party.  This is no different than, if the Property had been real property, the Trustee

11 | recording the judgment against J-Sandcastle recovering title to the Property with the county

12 | recorder.  However, because the Property is a manufactured home, for which perfection requires a

13 | certificate of title in a record maintained by HUD, the Trustee gave notice to HUD instead.  The

14 | Trustee or his counsel did not do anything inappropriate and, again, the Trustee never submitted an

15 | application seeking to put title in the Trustee's attorney's firm's name (i.e., Danning Gill) or

16 | otherwise as the Debtor alleges.

17 |       There is simply no application for the Trustee to withdraw and, as set forth above, title

18 | should be appropriately placed in the name of Jeffrey I. Golden, Chapter 7 Trustee for the

19 | bankruptcy estate of Jamie Lynn Gallian so it can be sold.

20 |       Moreover, having returned title to the estate, the Trustee needed to protect the Property

21 | from subsequent wrongful transfers.  Indeed, the Trustee is now advised that the Debtor, contrary

22 | to her duties under the Bankruptcy Code and without prior knowledge or permission from the

23 | Trustee or the Court, has retained a real estate broker and is actively seeking to sell the Property.

24 |       For all of these reasons, the Court should deny the Motion.

25 |

26 |

27 |

28 |

**IV.**

**CONCLUSION**

The Debtor offers not facts or authority supporting her requested relief.  As set forth above, the Debtor's alleged version of events simply did not happen.  Accordingly, the Trustee respectfully requests that the Court deny the Motion.  The Trustee requests such other and further relief that this Court may deem just and proper.

DATED:  July 30, 2024                    DANNING, GILL, ISRAEL & KRASNOFF, LLP


                                         By:    _/s/ Aaron E. de Leest_
                                                AARON E. DE LEEST
                                                Attorneys for Jeffrey I. Golden, Chapter 7 Trustee

1775009.1  27064                           10

**REQUEST FOR JUDICIAL NOTICE**

1

2          Jeffrey I. Golden, as Chapter 7 Trustee (the "Trustee") for the bankruptcy estate of Jamie

3   Lynn Gallian (the "Debtor), requests that the Court take judicial notice of the following facts.

4          Jeffrey I. Golden, Chapter 7 Trustee (the "Trustee" or the "Plaintiff") hereby respectfully

5   requests that the Court take judicial notice of the following facts pursuant to Fed. R. Evid. 201(d):

6   **BACKGROUND**

7          1.      On or about July 9, 2021 (the "Petition Date"), Jamie Lynn Gallian (the "Debtor")

8   commenced this case by filing a voluntary petition for relief under Chapter 7 of the Code.

9          2.      On the Petition Date, the registered title owner of the manufactured home located at

10  16222 Monterey Lane, Space #376, Huntington Beach, California 92649 ("Property"), was vested

11  in J-Sandcastle Co, LLC ("J-Sandcastle").  The Debtor was not on title to the Property on the

12  Petition Date.

13         3.      On the Petition Date, the Property was subject to a consensual lien on the Property

14  in favor of J-Pad, LLC ("J-Pad") in the amount of $225,000, plus interest, and other voluntary liens

15  and transfers in favor of the Debtor's family members, ex-husband, and former roommate.

16

17  **THE HOMESTEAD EXEMPTION**

18         4.      The Debtor claimed a homestead exemption in the Property in the amount of

19  $600,000.

20         5.      On or about May 12, 2022, Houser Bros. Co., dba Rancho Del Rey Mobile Home

21  Estates ("Houser Bros."), filed its Motion Objecting to Debtor's Claimed Homestead Exemption

22  (the "Exemption Motion") (*docket no. 95*).  The hearing on the Exemption Motion was held on

23  June 2, 2022 and continued to July 21, 2022.  At the continued hearing, the Court granted the

24  Exemption Motion and disallowed any claim of exemption by the Debtor in the Property.

25         6.      On or about July 26, 2022, the Debtor filed the Motion for Reconsideration from the

26  Court's July 21, 2022 ruling (the "Motion for Reconsideration") (*docket no. 157*).  The order

27  granting the Exemption Motion was thereafter entered on or about August 5, 2022 (*docket no. 177*).

28

1775009.1  27064                                    11

1  The hearing on the Motion for Reconsideration was held on September 22, 2022, and the Court

2  took the matter under submission.

3       7.       Thereafter, on or about December 19, 2022, the Court entered its order granting the

4  Debtor's Motion for Reconsideration and determined that the Debtor was entitled to a homestead

5  exemption in the Property in the amount of $600,000 ("Order Granting the Motion for

6  Reconsideration") (*docket no. 274*).

7       8.       On or about December 29, 2022, Houser appealed from the Order Granting the

8  Motion for Reconsideration to the District Court (*docket no. 280*).

9       9.       On or about November 1, 2023, the District Court handling the appeal entered an

10  order that reversed and remanded the Order Granting the Motion for Reconsideration on the

11  grounds that the Court failed to issue findings regarding the Debtor's interest in the Property

12  "including whether "Gallian ever acquired (and retained) an equitable interest in the Property" (the

13  "Reconsideration Order") (*docket no. 387*).

14       10.      On or about May 15, 2024, the Court entered its order regarding the Reconsideration

15  Order (the "Remand Order ) (*docket no. 393*).  The Remand Order again found "that Debtor held a

16  sufficient equitable interest in the Property to claim an automatic homestead exemption under Cal.

17  Civ. Proc. Code § 704.720(a)."

18       11.      Hauser did not pursue any further appeal from the Remand Order and it is now final.

19

20       **TRUSTEE'S AVOIDANCE AND RECOVERY OF TRANSFERS OF TITLE AND**

21       **LIENS ON THE PROPERTY**

22       12.      On or about June 30, 2023, the Trustee commenced an adversary proceeding, Adv.

23  No. 8:23-ap-01064-SC, by filing a Complaint: (1) to Avoid and Recover Fraudulent Transfers; (2)

24  to Avoid and Recover Postpetition Transfers; (3) for Declaratory Relief; (4) for Breach of Contract;

25  (5) for Money Had and Received; and (6) Unjust Enrichment (the "Complaint") against Ronald J.

26  Pierpont, J-Pad LLC, J-Sandcastle Co., LLC, Steven D. Gallian, Brian J. Gallian, Justin Barclay,

27  Robert J. McLelland, and E. J. Gallian (collectively, the "Defendants").

28

1775009.1  27064                                        12

13.     Pursuant to stipulations with defendants Steven D. Gallian, Brian J. Gallian, Justin Barclay, E. J. Gallian (the "Family Defendants") (*adv. docket nos. 43*), a stipulated judgment was entered against the Family Defendants on or about October 3, 2023 (*adv. docket no. 47*).  The judgment against the Family Defendants avoided and preserved liens on the Property in favor of the Family Defendants for the benefit of the Debtor's estate.

14.     Pursuant to a stipulation with defendant Robert J. McLelland (*adv. docket nos. 52*), a stipulated judgment was entered against Mr. McLelland on or about March 29, 2024 (*adv. docket no. 66*).  The judgment against Mr. McLelland also avoided and preserved his lien on the Property in favor of the Family Defendants for the benefit of the Debtor's estate.

15.     Pursuant to motions for default judgment filed by the Trustee with respect to defendants J-Pad, J-Sandcastle, and Ronald J. Pierpont (collectively, the "Defaulting Defendants") (*adv. docket nos. 58, 59, and 76*), default judgments were entered against the Defaulting Defendants on or about May 10, 2024 (*adv. docket nos. 79, 81 and 83*).

16.     The default judgment against J-Sandcastle avoided and preserved the Debtor's transfers of title of the Property to J-Sandcastle and recovered legal title to the Property and the beneficial interest in the Property for the Debtor's bankruptcy estate in the name of the Trustee.   A true and correct copy of the judgment against J-Sandcastle is attached as Exhibit "1" hereto.

17.     The default judgment against defendant J-Pad avoided and preserved J-Pad's lien on the Property in the amount of $225,000 for the benefit of the Debtor's bankruptcy estate and also avoided and preserved other liens on the Property in favor J-Pad for the benefit of the Debtor's estate.

18.     The default judgment against defendant Ronald J. Pierpont determined that Mr. Pierpont does not have any interest in the Property and any valid, perfected, and/or unavoidable liens on the Property.  It also avoided and preserved his liens on the Property for the benefit of the Debtor's estate.

**APPLICATIONS TO EMPLOY REAL ESTATE BROKER**

19.    On or about July 28, 2022, after the Debtor's exemption was disallowed at the hearing on July 21, 2022, the Trustee filed his Application to Employ Real Estate Broker Coldwell Banker Realty and Agents William Friedman and Greg Bingham Pursuant To 11 U.S.C. 327 and 328 (the "First Application") (*docket no. 162*) to assist the Trustee with marketing and selling the Property for the benefit of the estate and its creditors.

20.    On or about September 28, 2022, the Court entered an order denying the Trustee's First Application, without prejudice, in light of the pending Motion for Reconsideration and need for the Trustee to address the various transfers of title and liens on the Property that needed to be avoided (*docket no. 241*).  The Trustee now believes that he has addressed the issues raised by the Court and that the employment of a real estate broker is ripe for determination.

21.    On or about July 1, 2024, the Trustee filed his second application to employ a real estate broker (*docket no. 395*).  The hearing on the Trustee's second application to employ a broker is set for July 30, 2024, at 11:00 a.m.

DATED:  July 30, 2024                    DANNING, GILL, ISRAEL & KRASNOFF, LLP


                                        By:    _____/s/ Aaron E. de Leest_____
                                               AARON E. DE LEEST
                                               Attorneys for Jeffrey I. Golden, Chapter 7 Trustee

<u>**DECLARATION OF AARON E. DE LEEST**</u>

I, Aaron E. de Leest, declare as follows:

1.      I have personal knowledge of each of the facts herein, except those set forth on information and belief and, as to those matters, I believe them to be true.  If called as a witness, I could and would testify competently with respect to such facts.

2.      I am an attorney employed by the law firm of Danning, Gill, Israel & Krasnoff, LLP ("Danning Gill"), general bankruptcy counsel for Jeffrey I. Golden, the chapter 7 trustee for the bankruptcy estate of Jamie Lynn Gallian (the "Debtor).

3.      Following the Court's entry of judgment against J-Sandcastle Co, LLC ("J-Sandcastle") on or about May 10, 2024, one of the professionals at Danning Gill sent the California Housing and Community Development Department ("HUD") a copy of the judgment entered against J-Sandcastle, notifying HUD of the Court's judgment and that title to the manufactured home located at 16222 Monterey Lane, Space #376, Huntington Beach, CA 92649 ("Property") had been recovered by the Trustee as set forth in the judgment – i.e., in the name of Jeffrey I. Golden, Chapter 7 Trustee for the bankruptcy estate of Jamie Lynn Gallian.

4.      The judgment against J-Sandcastle was provided to HUD in an effort to put it on notice of the estate's interest in the Property and attempt to prevent any unauthorized transfer thereof.  Having returned title to the estate, the Trustee needed to protect the Property from subsequent wrongful transfers.

5.      Danning Gill did not file an application with HUD seeking to put Danning Gill on title to the Property.

6.      On or about July 18, 2024, I was informed that the Debtor, contrary to her duties under the Bankruptcy Code and without prior knowledge or permission from the Trustee or the Court, retained a real estate broker and was actively seeking to sell the Property.

7.      In response, on July 18, 2024, I sent a letter to Joseph Arroyo, the broker employed by the Debtor to list the Property for sale, requesting that Mr. Arroyo cease and desist all efforts to sell the Property.  A true and correct copy of my letter is attached hereto as Exhibit "3" hereto.

1      8.      On July 19, 2024, I received a telephone call from Mr. Arroyo and the Debtor

2 wherein Mr. Arroyo and the Debtor both refused to cease and desist their efforts to sell the

3 Property.

4

5      I declare under penalty of perjury under the laws of the United States of America that the

6 foregoing is true and correct.

7      Executed on July 30, 2024, at Los Angeles, California.

8

9

10                                      Aaron E. de Leest

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1775009.1  27064

16