| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address<br><br>JAMIE LYNN GALLIAN<br>16222 MONTEREY LANE UNIT 376<br>HUNTINGTON BEACH, CA 92649<br>714-321-3449<br>JAMIEGALLIAN@GMAIL.COM<br><br><br><br>☒ *Movant(s) appearing without an attorney*<br>☐ *Attorney for Movant(s)* | FOR COURT USE ONLY |
|---|---|

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA -** SANTA ANA DIVISION

| In re:<br>JAMIE LYNN GALLIAN<br><br><br><br><br><br><br><br>                                                Debtor(s). | CASE NO.: 8:21-bk-11710-SC<br>CHAPTER: 7<br><br>**DECLARATION THAT NO PARTY**<br>**REQUESTED A HEARING ON MOTION**<br>**LBR 9013-1(o)(3)**<br><br>[No Hearing Required] |
|---|---|

1. I am the ☒ Movant(s) or ☐ attorney for Movant(s) or ☐ employed by attorney for Movant(s).

2. On (*date*): 11/14/2024   Movant(s) filed a motion or application (Motion) entitled: _____

   DEBTOR'S NOTICE OF MOTION AND MOTION TO AVOID LIEN UNDER 11 U.S.C. § 522(f) (REAL PROPERTY)

3. A copy of the Motion and notice of motion is attached to this declaration.

4. On (*date*): 11/14/2024   Movant(s), served a copy of ☐ the notice of motion or ☒ the Motion and notice of motion on required parties using the method(s) identified on the Proof of Service of the notice of motion.

5. Pursuant to LBR 9013-1(o), the notice of motion provides that the deadline to file and serve a written response and request for a hearing is 14 days after the date of service of the notice of motion, plus 3 additional days if served by mail, or pursuant to F.R.Civ.P. 5(b)(2)(D) or (F).

6. More than 15   days have passed after Movant(s) served the notice of motion.

7. I checked the docket for this bankruptcy case and/or adversary proceeding, and no response and request for hearing was timely filed.

8. No response and request for hearing was timely served on Movant(s) via Notice of Electronic Filing, or at the street address, email address, or facsimile number specified in the notice of motion.

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

9.   Based on the foregoing, and pursuant to LBR 9013-1(o), a hearing is not required.

Movant(s) requests that the court grant the motion and enter an order without a hearing.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Date: 11/29/2024

*Jamie Lynn Gallian*
Signature

JAMIE LYNN GALLIAN
Printed name

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*                    Page 2                    **F 9013-1.2.NO.REQUEST.HEARING.DEC**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
 16222 Monterey Lane Unit 375 Huntington Beach, CA 92649

A true and correct copy of the foregoing document entitled: **DECLARATION THAT NO PARTY REQUESTED A HEARING ON MOTION [LBR 9013-1(o)(3)]** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 11/29/2024 , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒  Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐  Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| 11/29/2024 | Joseph Clark | *Joseph Clark* |
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2016                                    Page 3                        **F 9013-1.2.NO.REQUEST.HEARING.DEC**

### ADDITIONAL SERVICE INFORMATION

## 1. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")

Bradford Barnhardt on behalf of Interested Party Courtesy NEF
bbarnhardt@marshackhays.com, bbarnhardt@ecf.courtdrive.com,kfrederick@ecf.courtdrive.com

Bradford Barnhardt on behalf of Plaintiff Houser Bros. Co.
bbarnhardt@marshackhays.com, bbarnhardt@ecf.courtdrive.com,kfrederick@ecf.courtdrive.com

Aaron E. DE Leest on behalf of Trustee Jeffrey I Golden (TR)
adeleest@DanningGill.com, danninggill@gmail.com;adeleest@ecf.inforuptcy.com

Robert P Goe on behalf of Creditor The Huntington Beach Gables Homeowners Association
kmurphy@goeforlaw.com, rgoe@goeforlaw.com;goeforecf@gmail.com

Robert P Goe on behalf of Plaintiff The Huntington Beach Gables Homeowners Association
kmurphy@goeforlaw.com, rgoe@goeforlaw.com;goeforecf@gmail.com

Jeffrey I Golden (TR)
lwerner@go2.law, jig@trustesolutions.net;kadele@go2.law

D Edward Hays on behalf of Creditor Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates
ehays@marshackhays.com,
ehays@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com

D Edward Hays on behalf of Interested Party Courtesy NEF
ehays@marshackhays.com,
ehays@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com

D Edward Hays on behalf of Plaintiff Houser Bros. Co.
ehays@marshackhays.com,
ehays@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com

Brandon J Iskander on behalf of Creditor The Huntington Beach Gables Homeowners Association
biskander@goeforlaw.com, kmurphy@goeforlaw.com

Brandon J Iskander on behalf of Plaintiff The Huntington Beach Gables Homeowners Association
biskander@goeforlaw.com, kmurphy@goeforlaw.com

Eric P Israel on behalf of Trustee Jeffrey I Golden (TR)
eisrael@DanningGill.com, danninggill@gmail.com;eisrael@ecf.inforuptcy.com

Laila Masud on behalf of Creditor Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates
lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com

Laila Masud on behalf of Interested Party Courtesy NEF
lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                              F 9013-3.1.PROOF.SERVICE

Laila Masud on behalf of Plaintiff Houser Bros. Co.
lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com

Mark A Mellor on behalf of Defendant Randall L Nickel
mail@mellorlawfirm.com, mellormr79158@notify.bestcase.com

Mark A Mellor on behalf of Interested Party Courtesy NEF
mail@mellorlawfirm.com, mellormr79158@notify.bestcase.com

Valerie Smith on behalf of Interested Party Courtesy NEF
claims@recoverycorp.com

United States Trustee (SA)
ustpregion16.sa.ecf@usdoj.gov

## 2. <u>SERVED BY U.S. MAIL</u>

The Honorable Scott C. Clarkson U.S. Bankruptcy Court
411 W. Fourth Street, Suite 5130 Santa Ana, CA  92701

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                    **F 9013-3.1.PROOF.SERVICE**
090

1    JAMIE LYNN GALLIAN
2    16222 Monterey Ln.
     Huntington Beach, CA 92649
3    714-321-3449
4    jamiegallian@gmail.com

5

6

7                    UNITED STATES BANKRUPTCY COURT

8          CENTRAL DISTRICT \OF CALIFORNIA – SATA ANA DIVISION

9    In RE JAMIE LYNN GALLIAN              Case No.: 8:21-BK-11710-SC

10           Debtor

11                                         **OPPOSITION TO GABLES HOA**
                                           **PRELIMINARY STATEMENT;**
12                                         **GABLES HOA CANNOT ARBITRAILY**
                                           **CHOSE A DATE TO OPPOSE THE**
13                                         **MOTIN; THEY MUST COMPLY WITH**
                                           **THE RULES LBR 9013-1(O) (14 DAYS**
14                                         **FROM THE DAY THE COURT NEF**
15                                         **SYSTEM SERVED THE MOTION**
                                           **DOC. 505; 506.**
16

17   **TO THE HONORABLE SCOTT CLARKSON, UNITED STATES BANKRUPTCY**

18   **JUDGE, THE DEBTOR IN PRO PER, THE OFFICE OF THE UNITED STATES**

19   **TRUSTEE, THE TRUSTEE AND HIS COUNSEL, AND ALL PARTIES IN INTEREST:**

20

21        On November 14, 2024, Jamie Lynn Gallian filed NOTICE OF MOTION AND

22   MOTION TO AVOID LIEN UNDER 11 U.S.C. § 522(f) (REAL PROPERTY)

23   F 4003 2.1.AVOID.LIEN.RP.MOTION Docket 505-506. The Notice and Motion were properly

24   served by the Court via Notice of Electronic Filing (NEF).

25
26   **LBR 9013-1(o)**

27

28   OPPOSITION TO GABLES HOA PRELIMINARY STATEMENT; GABLES HOA CANNOT ARBITRAILY
     CHOSE A DATE TO OPPOSE THE MOTIN; THEY MUST COMPLY WITH THE RULES LBR 9013-1(O) (14
     DAYS FROM THE DAY THE COURT NEF SYSTEM SERVED THE MOTION DOC. 505; 506. - 1

1  **Pursuant to LBR 9013-1(o), any party opposing the motion** *may file and serve*

2  *a written opposition* **and request a hearing on this motion. If you** <u>**fail to file a written response**</u>

3
4  <u>*within 14 days of the date of service of this notice of motion and motion*</u>**, plus an additional 3**

5  **days unless this notice of motion and motion was served by personal delivery or posting as**

6  **described in Federal Rules of Civil Procedure 5(b)(2)(A)-(B),** ***the court may treat such failure***

7  ***as a waiver of your right to oppose this motion and may grant the requested relief.*** *Notice Provided*

8  *Under LBR 9013-1(o): This Motion is filed by the Movant*

9

10  *pursuant to LBR 9013-1(o), which provides for granting of motions without a*

11  *hearing. The full Motion is*

12

13  *attached, including the legal and factual grounds upon which the Motion is made.*

14  *If you wish to oppose*

15

16  *this Motion, you must file a written response and request for hearing with the court*

17  *and serve it as stated*

18

19  *above no later than 14 days after the date stated on the Proof of Service of this*

20  *Motion plus 3*

21

22  *additional days if you were served by mail, electronically, or pursuant to F.R.Civ.P.*

23  *5(b)(2)(D), (E), or (F).*

24  *Your opposition must comply with LBR 9013-1(f) and (o).*

25

26

27

28  OPPOSITION TO GABLES HOA PRELIMINARY STATEMENT; GABLES HOA CANNOT ARBITRAILY
CHOSE A DATE TO OPPOSE THE MOTIN; THEY MUST COMPLY WITH THE RULES LBR 9013-1(O) (14
DAYS FROM THE DAY THE COURT NEF SYSTEM SERVED THE MOTION DOC. 505; 506. - 2

**Pursuant to [LBR 9013-1(o)(4)],**

a. If you *timely file and serve a written opposition* and request for a hearing, movant will file and serve a notice of hearing at least 14 days in advance of the hearing. [LBR 9013-1(o)(4)]

b. If you fail to comply with this deadline:

Movant will file a declaration to indicate:

(1) the Motion was properly served,

(2) the response period elapsed, and

**(3) no party filed and served a written opposition and request for a hearing within 14 days after the date of service of the notice [LBR 9013-1(o)(3)];**

(2) Movant will lodge an order that the court may use to grant the Motion; and

(3) The court may treat your failure as a waiver of your right to oppose the Motion and may grant the Motion without further hearing and notice. [LBR 9013-1(h)]

## <u>DEBTORS WRITTEN REQUEST TO SERVE BY ELECTRONIC MEANS AT</u>

## <u>JAMIEGALLIAN@GMAIL.COM</u>

Debtor sent an email request to serve all documents by electronic means only to Ms. Gallian or Debtor, to her email address (jamiegallian@gmail.com).  An email was sent to the Trustee Jeffrey Golden, his attorney's Danning, Gill, Israel, Krasnoff; Houser Bros. Co. and their attorney's, Marshack Hays; and Huntington Beach Gables and their attorney Robert Goe, stating the Debtor, Jamie Lynn Gallian requests all service of documents be by electronic service only to jamiegallian@gmail.com.

OPPOSITION TO GABLES HOA PRELIMINARY STATEMENT; GABLES HOA CANNOT ARBITRAILY CHOSE A DATE TO OPPOSE THE MOTIN; THEY MUST COMPLY WITH THE RULES LBR 9013-1(O) (14 DAYS FROM THE DAY THE COURT NEF SYSTEM SERVED THE MOTION DOC. 505; 506. - 3

1

2       The attorneys are having difficulty complying with this written request specifically

3    asking the attorneys to notify their staff of my request.  Eric Israel, Esq. of Danning, Gill, Israel,

4    Krasnoff,  D. Edward Hays, of Marshack Hays and Robert Goe, Esq..

5            When it is not advantageous, the attorney's Mr. Israel, Mr. Hays, and Mr. Goe

6    and their staff attorney's use the United States Postal Service, (snail mail). At all other times

7    they have no problem complying with my written request.

8

9       On November 29, 2024, Debtor filed a Declaration that no party filed a written

10   Opposition.

11

12      According to the Register of Actions (Docket) On November 26, 2024, The Huntington

13   Beach Gables Homeowners Association filed Docket 535 claiming they *would be* filing an

14   opposition [on] December 3, 2024, in violation of **LBR 9013-1(o) not filing a response with 14**

15   **days of service of the Notice.  Debtor has received no electronic service or UD mail service.**

16

17

18   Docket 535  - Huntington Beach Gables Homeowners Association in part states:

19           The Huntington Beach Gables Homeowners Association ("HOA") hereby

20   preliminarily opposes ("Opposition") [without including any facts in opposition] to Jamie Lynn

21   Gallian's ("Debtor") Motion to Avoid Lien under 11 U.S.C. § 522(f) [Docket Nos. 505-506]

22   (collectively, "Motion") and respectfully [represents] as follows:

23   Debtor set the Motion [Docket No. 507] for hearing on December 17, 2024, and the ***HOA will be***

24   ***timely filing an opposition by December 3, 2024.***

25

26

27

28   OPPOSITION TO GABLES HOA PRELIMINARY STATEMENT; GABLES HOA CANNOT ARBITRAILY
     CHOSE A DATE TO OPPOSE THE MOTIN; THEY MUST COMPLY WITH THE RULES LBR 9013-1(O) (14
     DAYS FROM THE DAY THE COURT NEF SYSTEM SERVED THE MOTION DOC. 505; 506. - 4

If the Gables HOA chooses to file an opposition after November 29, 2024, Debtor will

proceed with asking the Court to Grant the Debtor's 522(f) Motion in Full, at the hearing on

December 17, 2024, and to strike any untimely opposition the Gables HOA files.

I declare under penalty of perjury by the laws of the United States the foregoing

to be true and correct.


Dated the 29th date of November 2024 at Huntington Beach, CA 92649




*Jamie Lynn Gallian*
_____
JAMIE LYNN GALLIAN

OPPOSITION TO GABLES HOA PRELIMINARY STATEMENT; GABLES HOA CANNOT ARBITRAILY
CHOSE A DATE TO OPPOSE THE MOTIN; THEY MUST COMPLY WITH THE RULES LBR 9013-1(O) (14
DAYS FROM THE DAY THE COURT NEF SYSTEM SERVED THE MOTION DOC. 505; 506. - 5

EXHIBIT 1

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address<br><br>JAMIE LYNN GALLIAN<br>16222 MONTEREY LANE UNIT 376<br>HUNTINGTON BEACH, CA 92649<br>714-321-3449<br>JAMIEGALLIAN@GMAIL.COM | FOR COURT USE ONLY |
|---|---|
| ☒ *Debtor(s) appearing without an attorney*<br>☐ *Attorney for:* | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION**

| In re:<br>JAMIE LYNN GALLIAN | CASE NO.: 8:21-BK-11710-SC<br><br>CHAPTER: 7 |
|---|---|
| | **NOTICE OF OPPORTUNITY TO REQUEST A HEARING ON MOTION**<br><br>**[LBR 9013-1(o)]** |
| Debtor(s). | [No hearing unless requested in writing] |

**TO THE U.S. TRUSTEE AND ALL PARTIES ENTITLED TO NOTICE, PLEASE TAKE NOTICE THAT:**

1. Movant(s) JAMIE LYNN GALLIAN ,
   filed a motion or application (Motion) entitled DEBTOR'S NOTICE OF MOTION AND MOTION TO AVOID LIEN UND
   522(f) (REAL PROPERTY) .

2. Movant(s) is requesting that the court grant the Motion without a hearing as provided for in LBR 9013-1(o), unless a party in interest timely files and serves a written opposition to the Motion and requests a hearing.

3. The Motion is based upon the legal and factual grounds set forth in the Motion.  (*Check appropriate box below*):

   ☒ The full Motion is attached to this notice; or

   ☐ The full Motion was filed with the court as docket entry # _____, and a detailed description of the relief sought is attached to this notice.

4. **DEADLINE FOR FILING AND SERVING OPPOSITION PAPERS AND REQUEST FOR A HEARING:**  Pursuant to LBR 9013-1(o), any party who opposes the Motion may request a hearing on the Motion.  The deadline to file and serve a written opposition and request for a hearing is 14 days after the date of service of this notice, plus 3 additional days if you were served by mail or pursuant to F.R.Civ.P. 5(b)(2)(D) or (F).

---

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

a.   If you timely file and serve a written opposition and request for a hearing, movant will file and serve a notice of hearing at least 14 days in advance of the hearing. [LBR 9013-1(o)(4)]

b.   If you fail to comply with this deadline:

(1)   Movant will file a declaration to indicate: (1) the Motion was properly served, (2) the response period elapsed, and (3) no party filed and served a written opposition and request for a hearing within 14 days after the date of service of the notice [LBR 9013-1(o)(3)];

(2)   Movant will lodge an order that the court may use to grant the Motion; and

(3)   The court may treat your failure as a waiver of your right to oppose the Motion and may grant the Motion without further hearing and notice. [LBR 9013-1(h)]

Respectfully submitted,

Date:  11/14/2024

*Jamie Lynn Gallian*

Signature of Movant or attorney for Movant

JAMIE LYNN GALLIAN

Printed name of Movant or attorney for Movant

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2016                              Page 2                      F 9013-1.2.OPPORTUNITY.HEARING.NOTICE

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
16222 MONTEREY LANE UNIT 375 HUNTINGTON BEACH, CA 92649

A true and correct copy of the foregoing document entitled: **NOTICE OF OPPORTUNITY TO REQUEST A HEARING ON MOTION [LBR 9013-1(o)]** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)
__11/14/2024__, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| 11/14/2024 | JOSEPH CLARK | *Joseph Clark* |
| Date | Printed Name | Signature |

---

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

ADDITIONAL SERVICE INFORMATION (if needed):

1. **SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**

- **Bradford Barnhardt**   bbarnhardt@marshackhays.com,
  bbarnhardt@ecf.courtdrive.com,alinares@ecf.courtdrive.com

-

- **Robert P Goe**   kmurphy@goeforlaw.com,
  rgoe@goeforlaw.com;goeforecf@gmail.com;Goe.RobertP.R@notify.bestcase.com;ajohnston@goefo
  rlaw.com

- **Jeffrey I Golden (TR)**   lwerner@go2.law,
  jig@trustesolutions.net;kadele@go2.law;C205@ecfcbis.com

- **D Edward Hays**   ehays@marshackhays.com,
  ehays@ecf.courtdrive.com;alinares@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@
  ecf.courtdrive.com

- **Brandon J. Iskander**   biskander@goeforlaw.com, kmurphy@goeforlaw.com

- **Eric P Israel**   eisrael@danninggill.com, danninggill@gmail.com;eisrael@ecf.inforuptcy.com

-

- **Laila Masud**   lmasud@marshackhays.com,
  lmasud@ecf.courtdrive.com;lbuchanan@marshackhays.com;alinares@ecf.courtdrive.com

-

- **Valerie Smith**   claims@recoverycorp.com

- **United States Trustee (SA)**   ustpregion16.sa.ecf@usdoj.gov

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                **F 9013-3.1.PROOF.SERVICE**

EXHIBIT 2

| Attorney or Party Name, Address, Telephone & FAX Numbers, State Bar Number & Email Address | FOR COURT USE ONLY |
|---|---|
| ☒ *Debtor appearing without attorney*<br>☐ *Attorney for Debtor* | |

| UNITED STATES BANKRUPTCY COURT<br>CENTRAL DISTRICT OF CALIFORNIA - _____ DIVISION | |
|---|---|

| In re: | CASE NUMBER:<br><br>CHAPTER: |
|---|---|
| | **DEBTOR'S NOTICE OF MOTION AND MOTION TO AVOID LIEN UNDER 11 U.S.C. § 522(f) (REAL PROPERTY)** |
| Debtor(s). | [No hearing required unless requested under LBR 9013-1(o)] |
| **Creditor Name:** | |

**TO THE CREDITOR, ATTORNEY FOR CREDITOR AND OTHER INTERESTED PARTIES:**

1. **NOTICE IS HEREBY GIVEN** that Debtor moves this court for an order, pursuant to LBR 9013-1(o) upon notice of opportunity to request a hearing (*i.e.*, without a hearing unless requested), avoiding a lien on the grounds set forth below.

2. **Deadline for Opposition Papers: (FRIDAY, NOVEMBER 29, 2024)**
   Pursuant to LBR 9013-1(o), any party opposing the motion may file and serve a written opposition and request a hearing on this motion. If you fail to file a written response within 14 days of the date of service of this notice of motion and motion, plus an additional 3 days unless this notice of motion and motion was served by personal delivery or posting as described in Federal Rules of Civil Procedure 5(b)(2)(A)-(B), the court may treat such failure as a waiver of your right to oppose this motion and may grant the requested relief.

*"Bankruptcy Code" and "11 U.S.C." refer to the United States Bankruptcy Code, Title 11 of the United States Code.*
*"FRBP" refers to the Federal Rules of Bankruptcy Procedure. "LBR" and "LBRs" refer to the Local Bankruptcy Rule(s) of this court.*

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2017*                    Page 1                    **F 4003-2.1.AVOID.LIEN.RP.MOTION**

3. **Type of Case:**

a. ☒ A voluntary petition under Chapter    ☒ 7   ☐ 11   ☐ 12   ☐ 13 was filed on: _____

b. ☐ An involuntary petition under Chapter    ☐ 7   ☐ 11 was filed on: _____

     ☐ An order of relief under Chapter    ☐ 7   ☐ 11 was entered on: _____

c. ☐ An order of conversion to Chapter    ☐ 7   ☐ 11   ☐ 12   ☐ 13 was entered on: _____

d. ☐ Other:

4. **Procedural Status:**

a. ☒ Name of Trustee appointed *(if any)*: _____

b. ☒ Name of Attorney for Trustee *(if any)*: _____

5. Debtor claims an exemption in the subject real property under:

a. ☒ California Code of Civil Procedure § _____ (Homestead): Exemption amount claimed on
schedules: $ _____

b. ☒ California Code of Civil Procedure § _____ Exemption amount claimed on
schedules: $ _____

c. ☒ Other statute *(specify)*: _____ 7/09/21
                                                  PREPETITION SEE DOC 74

6. Debtor's entitlement to an exemption is impaired by a judicial lien, the details of the lien are as follows:

a. Date of entry of judgment *(specify)*: _____
b. Case name *(specify)*: _____
c. Name of court: _____
d. Docket number *(specify)*: _____
e. Date *(specify)*: _____ and place *(specify)* _____
    of recordation of lien
f. Recorder's instrument number *(specify)*: _____

7. The property claimed to be exempt is as follows:

a. Street address, city, county and state, where located, *(specify)*:

    _____

b. Legal description *(specify)*: _____

    _____ ☒ See attached page

8. Debtor acquired the property claimed as exempt on the following date *(specify)*: _____

9. Debtor alleges that the fair market value of the property claimed exempt is: $ _____

10. The subject property is encumbered with the following liens *(list mortgages and other liens in order of priority and place an "X" as to the lien to be avoided by this motion)*:

| Name of Lienholder | "X" | Date Lien Recorded | Original Lien Amount | Current Lien Amount | Date of Current Lien |
|---|---|---|---|---|---|
| | ☒ | | $ | $ | |
| | ☒ | | $ | $ | |
| | ☒ | | $ | $ | |
| | ☒ | | $ | $ | |

---

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2017*             Page 2             **F 4003-2.1.AVOID.LIEN.RP.MOTION**

11. Debtor attaches copies of the following documents in support of the motion (as appropriate):

a. ☒ Schedule C to bankruptcy petition listing all exemptions claimed by Debtor

b. ☒ Appraisal of the property

c. ☐ Documents showing current balance due as to the liens specified in paragraph 11 above

d. ☒ Recorded Abstract of Judgment

e. ☒ Recorded Declaration of Homestead (Homestead Exemption)

f. ☒ Declaration(s)

g. ☒ Other (*specify*): **See Attachment(s);   12/19/2022 Document 273 Memorandum of Decision;
12/19/2022 Document 274 - ORDER;   05/15/2024 Document 394 - ORDER**

12. Total number of attached pages of supporting documentation: 136

13. Debtor declares under penalty of perjury under the laws of the United States of America that the foregoing is true and correct [28 U.S.C. § 1746(1) and (2)].

WHEREFORE, Debtor requests that this court issue an order avoiding Creditor's lien in the form of the **Attachment** to this motion.

Executed on (date): _____

*Jamie Lynn Gallian*
Signature of Debtor

_____
Printed name of Debtor

Date: _____

_____
Signature of Attorney for Debtor

_____
Printed name of Attorney for Debtor

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2017                    Page 3                    F 4003-2.1.AVOID.LIEN.RP.MOTION
003

# ATTACHMENT TO MOTION/ORDER
## (11 U.S.C. § 522(f): AVOIDANCE OF REAL PROPERTY JUDICIAL LIENS)

This court makes the following findings of fact and conclusions of law:

1. **Creditor Lienholder/Servicer:** _____.

2. **Subject Lien:** Date and place of recordation of lien (*specify*): _____

_____

Recorder's instrument number or document recording number: _____.

3. **Collateral:** Street address, city, county and state, where located, legal description and/or map/book/page number, including county of recording:

_____

☐ See attached page.

4. **Secured Claim Amount**

    a. Value of Collateral: ………………………………………………………………… $_____

    b. Amounts of Senior Liens (reducing equity in the property to which the subject lien can attach):

        (1) First lien: …………………………………………… ($_____)

        (2) Second lien: ………………………………………… ($_____)

        (3) Third lien: …………………………………………… ($_____)

        (4) Additional senior liens (*attach list*): ………………… ($_____)

    c. Amount of Debtor's exemption(s): ………………………… ($_____)

    d. Subtotal: …………………………………………………………………………… ($_____)

    e. Secured Claim Amount (negative results should be listed as -$0-): $_____

    Unless otherwise ordered, any allowed claim in excess of this Secured Claim Amount is to be treated as a nonpriority unsecured claim and is to be paid pro rata with all other nonpriority unsecured claims (in Chapter 13 cases, Class 5A of the Plan).

5. **Lien avoidance:** Debtor's request to avoid the Subject Lien is granted as follows.  The fixing of the Subject Lien impairs an exemption to which Debtor would otherwise be entitled under 11 U.S.C. § 522(b).  The Subject Lien is not a judicial lien that secures a debt of a kind that is specified in 11 U.S.C. § 523(a)(5) (domestic support obligations). The Subject Lien is void and unenforceable except to the extent of the Secured Claim Amount, if any, listed in paragraph 4.e. above.

☐ See attached page(s) for more liens/provisions.

---

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2017*                              Page 4                              **F 4003-2.1.AVOID.LIEN.RP.MOTION**

004

# Attachment A

6.      Debtor's entitlement to an exemption is impaired by a judicial lien(s), the details of the lien(s) are as follows:

      a.      Date of Entry of judgment:    09/27/2018
      b.      Case name: Huntington Beach Gables vs. Sandra L. Bradley, et al
      c.      Name of Court: Superior Court of CA., County of Orange
      d.      Docket Number: 30-2017-00913985
      e.      Date and place of recordation of lien: 11/19/2018, in Orange County
      f.      Recorder's instrument number: 2018000435011
Exception #_F-1,2_

      a.      Date of Entry of judgment: 12/04/2018
      b.      Case name:  Huntington Beach Gables vs. Sandra L. Bradley, et al
      c.      Name of Court:  Superior Court of CA., County of Orange
      d.      Docket Number: 30-2017-00913985
      e.      Date and place of recordation of lien: 12/14/2018, in Orange County
      f.      Recorder's instrument number:  2018000467142
Exception #_G-1,2_

      a.      Date of Entry of judgment: 3/21/2019
      b.      Case name: Huntington Beach Gables vs. Jamie L. Gallian
      c.      Name of Court:  Superior Court of CA., County of Orange
      d.      Docket Number: 30-2017-00962999
      e.      Date and place of recordation of lien: 05/03/2019, in Orange County
      f.      Recorder's instrument number: 2019000148568
Exception #_H-1,2_

      a.      Date of Entry of judgment: 05/6/2019
      b.      Case name: Huntington Beach Gables vs. Sandra L. Bradley, et al
      c.      Name of Court:  Superior Court of CA., County of Orange
      d.      Docket Number: 30-2017-00913985
      e.      Date and place of recordation of lien: 05/16/2019 in Orange County
      f.      Recorder's instrument number: 2019000165259
Exception #_I-1,2_

      a.      Date of Entry of judgment: 05/6/2019
      b.      Case name: Huntington Beach Gables vs. Sandra L. Bradley, et al
      c.      Name of Court:  Superior Court of CA., County of Orange
      d.      Docket Number: 30-2017-00913985
      e.      Date and place of recordation of lien: 05/16/2019, in Orange County
      f.      Recorder's instrument number: 2019000166068        **P**
Exception #_J-1,2_  **2020000481922  RELEASED 09/10/2020**

Attachment A-Continued

6.     Debtor's entitlement to an exemption is impaired by a judicial lien, the details of the lien are as
follows:

    a.     Date of Entry of judgment:
    b.     Case name:  Huntington Beach Gables vs. Sandra L. Bradley, et al Name of Court:
    c.     Superior Court of CA., County of Orange
    d.     Docket Number: 30-2017-00913985
    e.     Date and place of recordation of **RELEASE OF JUDGMENT NO. 2019000166068:**
    filed by *Huntington Beach Gables Homeowners Association,*
    Official Records County of Orange.
    f.     Recorder's instrument number: 2020000481922 FILED 09/10/2020,

006

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

A true and correct copy of the foregoing document entitled: **DEBTOR'S NOTICE OF MOTION AND MOTION TO AVOID LIEN UNDER 11 U.S.C. § 522(f) (REAL PROPERTY)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):**  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

_____    _____    *Joseph Clark* _____
*Date*                         *Printed Name*                                   *Signature*

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2017*                    Page 5                    **F 4003-2.1.AVOID.LIEN.RP.MOTION**

**ADDITIONAL SERVICE INFORMATION (If needed):**

## 1. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")

Aaron E DE Leest on behalf of Trustee Jeffrey I Golden (TR)
adeleest@DanningGill.com, danninggill@gmail.com;adeleest@ecf.inforuptcy.com

Robert P Goe on behalf of Creditor The Huntington Beach Gables Homeowners Association
kmurphy@goeforlaw.com, rgoe@goeforlaw.com;goeforecf@gmail.com

Robert P Goe on behalf of Plaintiff The Huntington Beach Gables Homeowners Association
kmurphy@goeforlaw.com, rgoe@goeforlaw.com;goeforecf@gmail.com

Jeffrey I Golden (TR)      lwerner@wgllp.com, jig@trustesolutions.net;kadele@wgllp.com

D Edward Hays on behalf of Creditor Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates
ehays@marshackhays.com,
ehays@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com

D Edward Hays on behalf of Interested Party Courtesy NEF
ehays@marshackhays.com,
ehays@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com

D Edward Hays on behalf of Plaintiff Houser Bros. Co.
ehays@marshackhays.com,
ehays@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com

Brandon J Iskander on behalf of Creditor The Huntington Beach Gables Homeowners Association
biskander@goeforlaw.com, kmurphy@goeforlaw.com

Brandon J Iskander on behalf of Plaintiff The Huntington Beach Gables Homeowners Association
biskander@goeforlaw.com, kmurphy@goeforlaw.com

Eric P Israel on behalf of Trustee Jeffrey I Golden (TR)
eisrael@DanningGill.com, danninggill@gmail.com;eisrael@ecf.inforuptcy.com

Laila Masud on behalf of Interested Party Courtesy NEF
lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com

Laila Masud on behalf of Plaintiff Houser Bros. Co.
lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com

Mark A Mellor on behalf of Defendant Randall L Nickel
mail@mellorlawfirm.com, mellormr79158@notify.bestcase.com

Mark A Mellor on behalf of Interested Party Courtesy NEF    mail@mellorlawfirm.com, mellormr79158@notify.bestcase.com

Valerie Smith on behalf of Interested Party Courtesy NEF    claims@recoverycorp.com

United States Trustee (SA)      ustpregion16.sa.ecf@usdoj.gov

t of California.

**F 9013-3.1.PROOF.SERVICE**

# EXHIBIT C

# EXHIBIT C

Fill in this information to identify your case:

| | | | |
|---|---|---|---|
| Debtor 1 | **Jamie Lynn Gallian** | | |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse if, filing) | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for the: | CENTRAL DISTRICT OF CALIFORNIA--SANTA ANA DIVISION | | |
| Case number (if known) | **8:21-bk-11710-ES** | | |

■ Check if this is an amended filing

## Official Form 106C

# Schedule C: The Property You Claim as Exempt

4/19

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. Using the property you listed on *Schedule A/B: Property* (Official Form 106A/B) as your source, list the property that you claim as exempt. If more space is needed, fill out and attach to this page as many copies of *Part 2: Additional Page* as necessary. On the top of any additional pages, write your name and case number (if known).

For each item of property you claim as exempt, you must specify the amount of the exemption you claim. One way of doing so is to state a specific dollar amount as exempt. Alternatively, you may claim the full fair market value of the property being exempted up to the amount of any applicable statutory limit. Some exemptions—such as those for health aids, rights to receive certain benefits, and tax-exempt retirement funds—may be unlimited in dollar amount. However, if you claim an exemption of 100% of fair market value under a law that limits the exemption to a particular dollar amount and the value of the property is determined to exceed that amount, your exemption would be limited to the applicable statutory amount.

### Part 1:    Identify the Property You Claim as Exempt

1. **Which set of exemptions are you claiming?** *Check one only, even if your spouse is filing with you.*

   ■ You are claiming state and federal nonbankruptcy exemptions.  11 U.S.C. § 522(b)(3)

   ☐ You are claiming federal exemptions.  11 U.S.C. § 522(b)(2)

2. **For any property you list on *Schedule A/B* that you claim as exempt, fill in the information below.**

| Brief description of the property and line on *Schedule A/B* that lists this property | Current value of the portion you own | Amount of the exemption you claim | Specific laws that allow exemption |
|---|---|---|---|
| | Copy the value from *Schedule A/B* | *Check only one box for each exemption.* | |
| **16222 Monterey Ln. Spc 376 Huntington Beach, CA 92649** Orange County APN: 891-569-62; 2014 Skyline Custom Villa Manufactured Home. Decal No. LBM1081.  Serial Number AC7V710394GB 56'x15'2"; Serial Number AC7V710394GA 60'x15'2". Line from *Schedule A/B:* **1.1** | $235,000.00 | ■  $600,000.00<br>☐  100% of fair market value, up to any applicable statutory limit | **C.C.P. § 704.730** |
| **Misc. household goods and furnishings** Location: 16222 Monterey Lane, Space 376, Huntington Beach CA 92649 Line from *Schedule A/B:* **6.1** | $3,500.00 | ■  $3,500.00<br>☐  100% of fair market value, up to any applicable statutory limit | **C.C.P. § 704.020** |
| **waterford crystal set red and white wine glasses** Line from *Schedule A/B:* **6.2** | $1,000.00 | ■  $1,000.00<br>☐  100% of fair market value, up to any applicable statutory limit | **C.C.P. § 704.040** |

Debtor 1    Jamie Lynn Gallian        Case number (if known)    **8:21-bk-11710-ES**

| Brief description of the property and line on *Schedule A/B* that lists this property | Current value of the portion you own<br><br>Copy the value from *Schedule A/B* | Amount of the exemption you claim<br><br>Check only one box for each exemption. | Specific laws that allow exemption |
|---|---|---|---|
| **Wall television, computer, printer and peripherals**<br>Location: 16222 Monterey Lane, Space 376, Huntington Beach CA 92649<br>Line from *Schedule A/B*: **7.1** | $500.00 | ■    $500.00<br>☐   100% of fair market value, up to any applicable statutory limit | C.C.P. § 704.020 |
| **Lladro figurine collection (20)**<br>Line from *Schedule A/B*: **8.1** | $1,900.00 | ■    $1,900.00<br>☐   100% of fair market value, up to any applicable statutory limit | C.C.P. § 704.040 |
| **Misc. clothing**<br>Location: 16222 Monterey Lane, Space 376, Huntington Beach CA 92649<br>Line from *Schedule A/B*: **11.1** | $1,000.00 | ■    $1,000.00<br>☐   100% of fair market value, up to any applicable statutory limit | C.C.P. § 704.020 |
| **Movado wrist watch (20 yrs. old); costume jewelry, misc. non-gold chains/bracelets, and earrings.**<br>Location: 16222 Monterey Lane, Space 376, Huntington Beach CA 92649<br>Line from *Schedule A/B*: **12.1** | $1,000.00 | ■    $1,000.00<br>☐   100% of fair market value, up to any applicable statutory limit | C.C.P. § 704.040 |
| **5-year old Wired Terrier Dog**<br>Line from *Schedule A/B*: **13.1** | $25.00 | ■    $25.00<br>☐   100% of fair market value, up to any applicable statutory limit | C.C.P. § 704.020 |
| **EDD Debit account: Bank of America**<br>Line from *Schedule A/B*: **17.1** | $3,793.00 | ■    $3,793.00<br>☐   100% of fair market value, up to any applicable statutory limit | C.C.P. § 704.225 |
| **Savings: Alliant Credit Union--Only funds are Covid-19 relief funds from the government.**<br>Line from *Schedule A/B*: **17.2** | $1,407.00 | ■    $1,407.00<br>☐   100% of fair market value, up to any applicable statutory limit | C.C.P. § 704.220 |
| **Savings: Alliant Credit Union--Only funds are Covid-19 relief funds from the government.**<br>Line from *Schedule A/B*: **17.3** | $2,600.00 | ■    $381.00<br>☐   100% of fair market value, up to any applicable statutory limit | C.C.P. § 704.220 |
| **Savings: Alliant Credit Union--Only funds are Covid-19 relief funds from the government.**<br>Line from *Schedule A/B*: **17.3** | $2,600.00 | ■    $2,219.00<br>☐   100% of fair market value, up to any applicable statutory limit | C.C.P. § 704.225 |
| **IRA: Fidelity**<br>Line from *Schedule A/B*: **21.1** | $7,400.00 | ■    $7,400.00<br>☐   100% of fair market value, up to any applicable statutory limit | C.C.P. § 704.115(a)(1) & (2), (b) |

011

Debtor 1    **Jamie Lynn Gallian**    Case number (if known)    **8:21-bk-11710-ES**

| Brief description of the property and line on Schedule A/B that lists this property | Current value of the portion you own<br><br>Copy the value from Schedule A/B | Amount of the exemption you claim<br><br>Check only one box for each exemption. | | Specific laws that allow exemption |
|---|---|---|---|---|
| **IRA: Fidelity**<br>Line from Schedule A/B: **21.1** | **$7,400.00** | ■ | **$7,400.00** | **11 U.S.C. § 522(b)(3)(C)** |
| | | ☐ | 100% of fair market value, up to any applicable statutory limit | |
| **Personal Injury claim against Huntington Beach Gables HOA;** Jesus Jasso, Jr. Case No. 30-2020-01153679. Estimated damages **$195,000.** Line from Schedule A/B: **34.4** | **Unknown** | ■ | **$195,000.00** | **C.C.P. § 704.140** |
| | | ☐ | 100% of fair market value, up to any applicable statutory limit | |
| **Potential Victim Restitution Order Jesus Jasso, Jr, OCSC 19WM09951** Line from Schedule A/B: **34.2** | **Unknown** | XX | **$73,000.00** | **C.C.P. § 704.140** |
| | | | 100% of fair market value, up to any applicable statutory limit | |

3.  **Are you claiming a homestead exemption of more than $170,350?**
    (Subject to adjustment on 4/01/22 and every 3 years after that for cases filed on or after the date of adjustment.)

    ☐  No

    ■  Yes. Did you acquire the property covered by the exemption within 1,215 days before you filed this case?

    ☐  No
    ■  Yes

# Attachment B

## LEGAL DESCRIPTION

EXHIBIT A (LEGAL)

Parcel 1:

Units 1 through   inclusive as shown and defined on a Condominium Plan (the "Condominium
Plan") recorded in Book 13358, Pages 1193 and following of Official Records of Orange
County, California, excepting that portion consisting of buildings and other
improvements.

Parcel 2:

An undivided eighty/eightieths (80/80) interest in the Common Area of Lots 1 and 2 of
Tract No. 10542, in the City of Huntington Beach, County of Orange, State of California, as
shown on a map recorded in Book 456, Pages 49 and 50 of Miscellaneous Maps, records of
Orange County, California, as shown and defined on the Condominium Plan, excepting that
portion consisting of buildings and other improvements.

Parcel 3:

Those portions of Units 1 through   inclusive, as shown and defined on the Condominium
Plan, consisting of buildings and other improvements.

Parcel 4:

An undivided                          interest in and to those portions of the Common
Area as shown and defined on the Condominium Plan, consisting of buildings or other
improvements.

Parcel 5:

An easement for the exclusive use and occupancy of those portions of the restricted
Common Area, as defined on said Condominium Plan for entry and staircases and attic space
relating to said units.

Parcel 6:

A non-exclusive easement and right to use the Common Area as defined on said Condominium
Plan, except the restricted Common Area.

**EXHIBIT B (ESTATE)**

The Estate of Interest in the land is described as follows:

A Ground Leasehold Estate as to Parcels 1 and 2, said Estate being more particularly described as the Lessee's Interest under those certain Ground Leases set forth in Subparagraph (A) herein below.

A remainder interest in a determinable Fee Estate as to Parcels 3 and 4;

An easement as to Parcels 5 and 6;

(A)  Those certain Ground Leases, dated August 1, 1980, executed by Houser Bros. Co., a limited partnership organized under the laws of the State of California, in which Clifford C. Houser and Vernon F. Houser Constitute the sole General Partners, as Landlord, and by Robert P. Warmington, as Tenant, for the term ending December 31, 2059, upon the Terms, Covenants and Conditions therein contained, recorded as following in Official Records of said Orange County;

Note 1:

The Lessee's interest under said Leases has been assigned to G/HB Investors, a California limited partnership by Assignment which recorded September 30, 1986 as Instrument No. 86-456266 of Official Records; reference being hereby made to the record thereof for full particulars.

Note 2:

An undivided 78.34% of the Lessee's interest under said Leases has been assigned to Barry Brief Family Trust dated May 11, 1993, by Assignment which recorded September 24, 1998 as Instrument No. 19980644010 of Official Records; reference being made to the record thereof for full particulars.

10B 47

SHEET 1 OF 2 SHEETS
T.R.M. 77-7
2 PARCELS
58.362 ACRES

T.P.M. 77-7
R.S.T. 8931

# PARCEL MAP

## IN THE CITY OF HUNTINGTON BEACH, COUNTY OF ORANGE, STATE OF CALIFORNIA.

BEING A PORTION OF THE E 1/2 OF THE NW 1/4 OF SECTION 20, T.5 S, R.11 W,
IN THE RANCHO LA BOLSA CHICA, AS SHOWN ON A MAP RECORDED IN BOOK
51, PAGE 13 OF MISCELLANEOUS MAPS, RECORDS OF ORANGE COUNTY, CALIFORNIA.

27127

DEC 29 1977   108  47

VALLEY CONSULTANTS, INC.
SAM F. KNISS, R.C.E. NO. 17377
DATE OF SURVEY JAN. 3, 1977

### OWNERSHIP CERTIFICATE

WE, THE UNDERSIGNED, BEING ALL PARTIES HAVING ANY RECORD TITLE
INTEREST IN THE LAND COVERED BY THIS MAP, DO HEREBY CONSENT TO
THE PREPARATION AND RECORDATION OF SAID MAP, AS SHOWN WITHIN
THE COLORED BORDER LINE, AND WE HEREBY DEDICATE TO THE PUBLIC FOR
STREET PURPOSES; EDINGER AVENUE AND SAYBROOK LANE. WE ALSO
HEREBY DEDICATE TO THE CITY OF HUNTINGTON BEACH THE 10 FOOT WATER
LINE EASEMENT IN MONTEREY STREET AS SHOWN ON THIS MAP.

HOUSER BROS. CO.,
A LIMITED PARTNERSHIP.

VERNON F. HOUSER
GENERAL PARTNER

CLIFFORD C. HOUSER
GENERAL PARTNER

STATE OF CALIFORNIA }
COUNTY OF ORANGE } SS

ON THIS 5TH DAY OF DECEMBER, 1977, BEFORE ME, LISA STRAIT,
A NOTARY PUBLIC IN AND FOR SAID STATE, PERSONALLY APPEARED
VERNON F. HOUSER AND CLIFFORD C. HOUSER, KNOWN TO ME
TO BE THE PARTNERS OF HOUSER BROS. CO., A LIMITED PARTNER-
SHIP, THE PARTNERSHIP THAT EXECUTED THE WITHIN INSTRUMENT,
AND THEY ACKNOWLEDGED TO ME THAT SUCH PARTNERSHIP EXECUTED
THE SAME.

MY COMMISSION EXPIRES MAY 10, 1981

WITNESS MY HAND AND OFFICIAL SEAL.

NOTARY PUBLIC IN AND FOR SAID STATE

### ENGINEER'S CERTIFICATE

THIS MAP WAS PREPARED ... ... ...
BASED ON A FIELD SURVEY ... ... ...
MENTS OF THE SUBDIVISION ... ... HOUSER
BROS., IN JANUARY 3, 197 ... ... THE PARCEL
MAP PROCEDURES OF THE ... ... COMPLIED WITH
AND THAT THIS PARCEL MAP ... ... TENTATIVE
MAP AND THE CONDITIONS OF ... ... WHICH WERE RE-
QUIRED TO BE FULFILLED PRIOR TO THE FILING OF THE PARCEL MAP.

SIGNED: SAM F. KNISS   R.C.E. NO. 17377

### CITY ENGINEER'S CERTIFICATE

THIS MAP CONFORMS WITH THE REQUIREMENTS OF THE SUBDIVISION
MAP ACT AND LOCAL ORDINANCES, AND THE MAP IS TECHNICALLY
CORRECT IN ALL RESPECTS NOT CERTIFIED TO BY THE COUNTY
SURVEYOR.

DATED THIS 21ST DAY OF OCT

MICHAEL ZAMBORY
CITY ENGINEER OF HUNTINGTON BEACH

### CITY CLERK'S CERTIFICATE

STATE OF CALIFORNIA }
COUNTY OF ORANGE } SS
CITY OF HUNTINGTON BEACH

I, ALICIA M. WENTWORTH, CITY CLERK OF THE CITY OF HUNTINGTON
BEACH, ORANGE COUNTY, DO HEREBY CERTIFY THAT AT A
REGULAR MEETING THEREOF HELD ON THE ... DAY OF ...
1977, AND THAT THEREUPON SAID COUNCIL DID, BY AN ORDER
PASSED AND ENTERED, APPROVE SAID MAP AND DID ACCEPT ON
BEHALF OF THE PUBLIC THE DEDICATION OF EDINGER AVENUE AND
SAYBROOK LANE FOR STREET PURPOSES AND DID ALSO ACCEPT
ON BEHALF OF THE CITY OF HUNTINGTON BEACH THE WATER LINE
EASEMENT IN MONTEREY STREET AS DEDICATED.

ALICIA M. WENTWORTH
CITY CLERK

Dated: November 8, 1977

BY DEPUTY

IMPERIAL CORP. OF AMERICA, SUBSTITUTED TRUSTEE FOR
LIDO INSURANCE AGENCY, INC., A CALIFORNIA CORPORATION, AS
TRUSTEE UNDER A DEED OF TRUST RECORDED IN BOOK 7271, PAGE 981
AND IN BOOK 8583, PAGE 41, BOTH OF OFFICIAL RECORDS.

CLAUDIE MAE MILLER
VICE PRESIDENT

ASST SECRETARY

STATE OF CALIFORNIA }
COUNTY OF ORANGE } SS

ON THIS 11TH DAY OF OCTOBER 1977, BEFORE ME, JOY C. KNOWLES
A NOTARY PUBLIC IN AND FOR SAID STATE, PERSONALLY APPEARED
... KNOWN TO ME TO BE THE VICE PRESIDENT,
AND ... KNOWN TO ME TO BE THE ASST SECRETARY
OF IMPERIAL CORP OF AMERICA, INC., A CALIFORNIA CORPORATION, THE
CORPORATION THAT EXECUTED THE WITHIN INSTRUMENT, AND KNOWN
TO ME TO BE THE PERSONS WHO EXECUTED THE WITHIN INSTRUMENT ON
BEHALF OF SAID CORPORATION AND ACKNOWLEDGED TO ME THAT SAID
CORPORATION EXECUTED THE SAME.

WITNESS MY HAND AND OFFICIAL SEAL.

JOY C. KNOWLES
NOTARY PUBLIC IN AND FOR SAID STATE
MY COMMISSION EXPIRES SEPT 8, 1978

### COUNTY SURVEYOR'S CERTIFICATE

THIS MAP CONFORMS WITH THE MAPPING PROVISIONS OF THE SUBDIVISION
MAP ACT AND I AM SATISFIED SAID MAP IS TECHNICALLY CORRECT
RELATIVE TO THE PARCEL MAP BOUNDARY.

DATED THIS 16TH DAY OF DEC, 1977.

C.R. NELSON
COUNTY SURVEYOR

BY DEPUTY

CALIFORNIA-SANSOME CORPORATION, A CALIFORNIA CORPORA-
TION, AS TRUSTEE UNDER A DEED OF TRUST RECORDED IN BOOK 8350,
PAGE 172 OF OFFICIAL RECORDS.

DANIEL BOERE
VICE PRESIDENT

ASST SECRETARY
THOMAS R. AHERN

STATE OF CALIFORNIA }
COUNTY OF ORANGE } SS

ON THIS 6TH DAY OF OCTOBER 1977, BEFORE ME, SHARON M. KITTS
A NOTARY PUBLIC IN AND FOR SAID STATE, PERSONALLY APPEARED
DANIEL J. BOERE, KNOWN TO ME TO BE THE VICE PRESIDENT,
AND THOMAS R. AHERN KNOWN TO ME TO BE THE ASST SECRETARY
OF CALIFORNIA-SANSOME CORPORATION, A CALIFORNIA CORPORA-
TION, THE CORPORATION THAT EXECUTED THE WITHIN INSTRUMENT,
AND KNOWN TO ME TO BE THE PERSONS WHO EXECUTED THE WITHIN
INSTRUMENT ON BEHALF OF SAID CORPORATION AND ACKNOWLEDGED
TO ME THAT SUCH CORPORATION EXECUTED THE SAME.

WITNESS MY HAND AND OFFICIAL SEAL.

SHARON M. KITTS
NOTARY PUBLIC IN AND FOR SAID STATE
MY COMMISSION EXPIRES NOV 9, 1977

MASLUM CORPORATION, A CALIFORNIA CORPORATION, AS TRUSTEE
UNDER A DEED OF TRUST RECORDED IN BOOK 9251, PAGE 433, OF
OFFICIAL RECORDS.

VICE PRESIDENT

ASST SECRETARY

STATE OF CALIFORNIA }
COUNTY OF ORANGE } SS

### SIGNATURE OMISSIONS

IN ACCORDANCE WITH THE PROVISIONS OF SECTION 66436(c)
OF THE SUBDIVISION MAP ACT THE FOLLOWING SIGNATURES
HAVE BEEN OMITTED:

1. SOUTHERN CALIFORNIA EDISON CO., A CORPORATION, HOLDER
OF AN EASEMENT PER BOOK ... PAGE ... O.R. 5

2. GENERAL TELEPHONE CO. ... HOLDER OF AN EASE-
MENT PER BOOK 4751, PAGE ... PER BOOK 292,

3. COUNTY OF ORANGE, ... EASEMENT PER BOOK 992,
PAGE 259, O.R.

4. CITY OF HUNTINGTON BEACH, HOLDER OF EASEMENT PER BOOK
6217, PAGE 483, O.R.

5. STEARNS RANCHO COMPANY, HOLDER OF EASEMENT PER
BOOK 91, PAGE 50 & BOOK 91, PAGE 106, BOTH OF DEEDS.

6. SO. CAL. EDISON CO. ALSO HOLDS EASEMENTS PER BOOK 3366,
PAGE 20, O.R. & BOOK 9300, PAGE 354, O.R.

### IMPROVEMENT CERTIFICATE

PURSUANT TO THE PROVISIONS OF SECTION 66411 OF THE SUBDIVISION MAP
ACT, NOTICE IS HEREBY THAT EDINGER AVENUE AND SAYBROOK LANE SHALL BE
IMPROVED IN ACCORDANCE WITH THE CITY OF HUNTINGTON BEACH STANDARDS
AT THE TIME PARCEL NO 2 IS DEVELOPED.

016



PARCEL MAP

IN THE CITY OF HUNTINGTON BEACH, COUNTY OF ORANGE, STATE OF CALIFORNIA.



Units 1, 2, 3 and 4 of Lot 2 of the following:

All that certain land situated in the State of California, County
of Orange, City of Huntington Beach, described as follows:

Proposed Tract No. 10542, being a subdivision of the following:

A portion of the northeast one quarter (1/4) of the northwest
one quarter (1/4) of Section 20, Township 5 south, Range 11 west,
in the Rancho Las Bolsa Chica, as shown on a map recorded in book
51, page 13 of Miscellaneous Maps, records of said Orange County,
being described as follows:

Parcel 1 of a map filed in book 108, page 48 of Parcel Maps.

NOTICE OF COMPLIANCE WITH CONDITIONS ON TRACT

AUTHORIZATION FOR RELEASE FOR RECORDING

TO:        City Clerk                      Date _____

FROM:      PLANNING DEPARTMENT
           James W. Palin

TRACT NO. _____

RECREATION & PARKS FEES PAID _____

Other: _____

_____
                    (Signature)

018



**Shari L. Freidenrich, CPA**
Orange County Treasurer - Tax Collector
P.O. BOX 1438 • Santa Ana, CA 92702-1438
625 N. Ross Street, Building 11, Room 238, Santa Ana
Office Hours: 8:00 AM–5:00 PM Monday - Friday
Phone Hours: 9:00 AM–5:00 PM (714) 834-3411
ocgov.com/octaxbill

# 2018-19 SECURED PROPERTY TAX BILL

For Fiscal Year Beginning July 1, 2018 and Ending June 30, 2019

## DID YOU KNOW?

Sign up to receive a text/email due date reminder at ocgov.com/taxreminder

Pay online at ocgov.com/octaxbill to receive same day credit, no service fee by eCheck and an emailed receipt.

Mailed payments must have a USPS postmark on or before the last timely payment date. If you wait until the last day to mail your payment, get your envelope hand-stamped with a postmark to ensure it is timely.

Major construction has eliminated close parking to our office - please pay online!

0000-142-0000442 STMT----- 740701 OCT026
BWNLBHV ********AUTO**ALL FOR AADC 926
#9376 3053 0020 183#

HOUSER BROS CO
GALLIAN JAMIE L
4476 ALDERPORT DR UNIT 53
HUNTINGTON BEACH CA 92649-2288



**PROPERTY LOCATION**

4476 ALDERPORT 53 HUNTINGTON BEACH

**OWNER OF RECORD AS OF 12:01 A.M. JANUARY 1, 2018**

HOUSER BROS CO

| ASSESSED VALUES & EXEMPTIONS AS OF JANUARY 1, 2018 | | |
|---|---|---|
| DESCRIPTION | FULL VALUE | COMPUTED TAX |
| LAND | 197,735 | |
| IMPROVEMENTS - BUILDING | 121,658 | |
| TOTAL VALUES: | 319,393 | 3,853.78 |
| HOMEOWNER EXEMPTION | -7,000 | -76.78 |
| TOTAL NET TAXABLE VALUE: | 312,393 | 3,777 |

# CORRECTED SECURED TAX BILL

| PARCEL NO. (APN) | TAX RATE AREA | 1st Installment DUE 11/1/18 | | 2nd Installment DUE 2/1/19 | | TO PAY BOTH INSTALLMENTS BY 12/10/18 |
|---|---|---|---|---|---|---|
| 937-630-53 | 04-007 | $1,888.50 | ÷ | $1,888.50 | = | $3,777.00 |

## IMPORTANT INFORMATION

If you sold this property or no longer own it, you can disregard this bill. Property taxes are the responsibility of the **new owner**. Contact the Office of the Assessor at (714) 834-2727 regarding ownership changes.

Enrollment date 10/04/18.

ORDER # REVISION 01 DATE 08/30/18 2018 CORRECTION OF ASSESSOR ASMNT INFO

    Corrected Billing

| VOTER APPROVED TAXES AND SPECIAL ASSESSMENTS | | | |
|---|---|---|---|
| SERVICE AGENCY | RATE | VALUE | TAXES |
| BASIC LEVY RATE | 1.00000 | 312,393 | 3,123.93 |
| COAST COMM COLLEGE DIST | .03052 | 312,393 | 95.34 |
| OCEAN VIEW SD 2016, SR 2017A | .02404 | 312,393 | 75.10 |
| HUNTINGTON BCH UNION HS | .02388 | 312,393 | 74.60 |
| HUNTINGTON BEACH EMPLOYEE RETIREME | .01500 | 312,393 | 46.86 |
| METRO WATER D-MWDOC | .00350 | 312,393 | 10.93 |
| | | | |
| SPECIAL ASSESSMENT CHARGES | | PHONE NO. | |
| MOSQ,FIRE ANT ASSMT | | (800)273-5167 | 4.49 |
| VECTOR CONTROL CHG | | (800)273-5167 | 0.67 |
| MWD WATER STDBY CHG | | (866)807-6864 | 10.08 |
| OCSD SEWER USER FEE | | (714)593-7281 | 335.00 |
| | | | |
| TOTAL CHARGED | 1.09694 | | 3,777.00 |

FOR DETAILS OF TAX TYPES, VISIT OUR WEBSITE AT OCGOV.COM/OCTAXBILL

THERE WILL BE A $26.00 FEE FOR EACH PAYMENT RETURNED UNPAID BY YOUR BANK FOR ANY REASON
RETAIN TOP PORTION FOR YOUR RECORDS -- IF PAYING BY CHECK, YOUR CANCELLED CHECK IS YOUR RECEIPT OR PAY ONLINE AND RECEIVE AN EMAILED RECEIPT

58

**RECORDING REQUESTED BY:**

Mr. Randy Nickel
4476 Alderport Drive
Huntington Beach, CA 92649

**MAIL TAX STATEMENTS TO:**

Mr. Randy Nickel
4476 Alderport Drive.
Huntington Beach, CA 92649

Recorded in Official Records, Orange County
Hugh Nguyen, Clerk-Recorder
96.00
* S R 0 0 1 0 4 4 6 0 2 6 $ *
2018000395579 2:35 pm 10/31/18
227 415 A34   5
0.00 0.00 0.00 0.00 12.00 0.00 0.000.0075.00 3.00

Lease from Present to 2059

_____

**TITLE OF DOCUMENT:    ASSIGNMENT OF CONDOMINIUM SUBLEASE**

WHEN RECORDED MAIL TO:
(Assignee's Name & Address)
MR. RANDALL L. NICKEL
4476 ALDERPORT DRIVE
HUNTINGTON BEACH, CA 92649

Mail tax statements to:
MR. RANDALL L NICKEL
4476 ALDERPORT DRIVE
HUNTINGTON BEACH, CA 92649

_____

(Space Above this Line for Recorder's Use)

## ASSIGNMENT OF GROUND LEASE & CONDOMINIUM SUBLEASE
No Consideration. Term of Lease Less Than 99 years.

**WHEREAS**
HOUSER BROS. CO., a limited partnership, as Landlord and ROBERT P. WARMINGTON, as Tenant, entered into that certain **GROUND LEASE** also known as the **MASTER LEASE dated October 19, 1979**, a Short Form Memorandum recorded in the Office of the Orange County, California Clerk Recorder in Book 13424, Page 499 inclusive.

**WHEREAS**
HOUSER BROS. CO., a limited partnership, as Landlord and ROBERT P. WARMINGTON, as Tenant, entered into a **PARTIAL CANCELLATION OF MASTER LEASE dated November 7, 1980** for that certain **MASTER LEASE dated October 19, 1979**; recorded in the Office of the Orange County, California Clerk Recorder in Book 13424, Pg(s) 1253-1255, **Instrument No. 8691**.

**WHEREAS**
HOUSER BROS. CO., a limited partnership, as Landlord and ROBERT P. WARMINGTON, as Tenant, entered into that certain **SUBLEASE dated October 19, 1979**, a Short Form Memorandum recorded in the Office of the Orange County, California Clerk Recorder in Book 13424, Page 504, inclusive, with respect to those portions of Lots 1 and 2 of Tract No. 10542 in the City of Huntington Beach, California as shown on Miscellaneous Map(s) recorded in Book 456, Page(s) 49 and 50, in the Office of the Orange County, California Clerk Recorder.

**WHEREAS**
HOUSER BROS. CO., a limited partnership, as Landlord and ROBERT P. WARMINGTON, as Tenant, entered into a **PARTIAL CANCELLATION OF SUBLEASE dated October 19, 1979**; for that certain **SUBLEASE dated November 7, 1980**, a Short Form Memorandum recorded in the Office of the Orange County, California Clerk Recorder in Book 13824, Pg(s) 1256-1258, with respect to those portions of Lots 1 and 2 of Tract No. 10542 in the City of Huntington Beach, California recorded in Book 456, Page(s) 49 and 50 of Miscellaneous Maps, in the Office of the Orange County, California Clerk Recorder, **Instrument No. 8692;**

**WHEREAS**
For valuable consideration, receipt of which is hereby acknowledged, the undersigned **JAMIEL GALLIAN**, hereby transfers and assigns to **RANDALL L NICKEL, a married man, as his sole and separate property** all right, title and interest of the undersigned, as Tenant, in and under that certain **MASTER LEASE/ Ground Lease, dated November 7, 1980**, recorded in the Office of the Orange County, California Clerk Recorder in Book 13824, Pg(s) 1259-1273, **Instrument No. 8693;**

1

**JAMIE L GALLIAN**, hereby transfers and assigns to **RANDALL L NICKEL, a married man, as his sole and separate property,** all right, title and interest of the undersigned, as Tenant, in and under that certain **CONDOMINIUM SUBLEASE, dated August 1, 1980**, by and between ROBERT P. WARMINGTON, as Landlord, and JOHN F. TURNER AND VIRGINIA H. TURNER, HUSBAND AND WIFE AS JOINT TENANT, recorded on November 7, 1980, Office of the Orange County, California Clerk Recorder in Book 13824, Pg(s) 1274-1290, **Instrument No. 8694;

As amended by the **FIRST AMENDMENT TO CONDOMINIUM SUBLEASE** effective January 1, 2003, recorded in the Office of the Orange County, California Clerk Recorder as Document No. 2003-001044770 on August 28, 2003.

**JAMIE L GALLIAN**, hereby transfers and assigns to **RANDALL L NICKEL, a married man, as his sole and separate property** all right, title and interest of the undersigned, as Tenant, in and under that certain **CONVEYANCE OF REMAINDER INTEREST, dated November 7, 1980**, recorded in the Office of the Orange County, California Clerk Recorder in Book 13824, Pg(s) 1291-1293, **Instrument No. 8695;

**JAMIE L GALLIAN**, hereby transfers and assigns to **RANDALL L NICKEL, a married man, as his sole and separate property,** all right, title and interest of the undersigned, as Tenant, in and under that certain **CONDOMINIUM SUBLEASE (SHORT FORM – MEMORANDUM AND GRANT DEED, dated November 7, 1980**, recorded in the Office of the Orange County, California Clerk Recorder in Book 13824, Pg(s) 1294-1298, **Instrument No. 8696.

DATED: ___10/31/18___                              _____
                                                   ASSIGNOR JAMIE L GALLIAN

STATE OF CALIFORNIA          )
                             ) ss.
COUNTY OF ORANGE             )

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

On ___10/31/2018___, before me, ___Paul Dyer, Notary Public___
Personally appeared ___Jamie L Gallian___

Who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that she executed the same in her authorized capacity, and that by her signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

PAUL DYER
Notary Public - California
Riverside County
Commission # 2211938
My Comm. Expires Aug 28, 2021

_____
Signature of Notary Public

(This space for Notary Seal)

2

61

## ASSIGNMENT OF CONDOMINIUM SUBLEASE

### ACCEPTANCE AND AGREEMENT

The undersigned Assignee named in the foregoing Assignment hereby Accepts said Assignment and hereby agrees with for the benefit of the Master Lessor, Sublessor/Landlord, Tenant and under the Original Condominium Sublease commonly referred to throughout this document as "Condominium Sublease", described in said Assignment, to keep, perform and be bound by all the terms, covenants and conditions contained in said Condominium Sublease and as amended by the First Amendment to Condominium Sublease on the part of the Master Lessor, Sublessor/Landlord and Condominium Sublease Tenant therein to be kept and performed, to all intents and purposes as though the undersigned Assignee was the Original Condominium Sublease Tenant there under.

Assignee agrees to pay Sublessor/Landlord a late fee equal to 6% of any rent or other payment due under the Condominium Sublease, which is not received by Sublessor/Landlord within ten (10) days of its due date. Said late fee is in addition to the interest due on unpaid installment indebtedness of 10% as provided in Article 17(A) of the Condominium Sublease. The undersigned Assignee agrees to pay attorneys fees and costs incurred by Landlord to collect rent or other payment under the Condominium Sublease or to otherwise enforce Sublessor/Landlord rights under the Condominium Sublease.

DATED: _10·31·18_                     _____
                                      ASSIGNEE RANDALL L NICKEL

STATE OF CALIFORNIA          )
                             ) ss.
COUNTY OF ORANGE

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

On _10/31/2018_ before me, _Paul Dyer, Notary Public_,
Personally appeared _Randall L. Nickel_,

Who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his authorized capacity, and that by his signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

_____                    (This space for Notary Seal)
Signature of Notary Public

PAUL DYER
Notary Public - California
Riverside County
Commission # 2211938
My Comm. Expires Aug 28, 2021

3

62

# EXHIBIT A (LEGAL)

The estate or interest in the land described:

A Ground leasehold and Condominium Sublease hold estate as to Parcels 1 and 2, said estate being more particularly described as the Lessees' interest under that certain <u>Ground Lease</u> set forth in subparagraph (A) herein below:

    (A)    That certain <u>Ground Lease dated August 1, 1980</u>, executed by Houser Bros. Co, A Limited Partnership organized under the Laws of the State of California, in which Clifford C. Houser and Vernon F. Houser constitute the sole General Partners, as Landlord, and by Robert P. Warmington, as Tenant, for the term ending December 31, 2059. Upon the Terms, Covenants and Conditions therein contained, recorded as follows in Official Records of said Orange County:   **Book 13824 Page 1259-1273**
        **APN: 937-63-053, Unit 53.**

    (B)    That certain <u>Condominium Sublease dated August 1, 1980</u>, executed by Robert P. Warmington, as Sub-lessor and John F. Turner and Virginia H. Turner (Original Sublessee) for the term ending December 31, 2059. Upon the Terms, Covenants and Conditions therein contained, recorded as follows in Official Records of said Orange County: **Book 13824 Page 1274-1290**
        **APN: 937-63-053, Unit 53.**

All that certain land interest situated in the State of California, County of Orange and is described as follows:

Parcel   1:
Unit 53 as shown and defined on a Condominium Plan (the **"Condominium Plan"**) recorded in Book 13358 Page(s) 1193, et seq., Official Records of Orange County, California, excepting that portion consisting of buildings and other improvements;

Parcel   2:
An undivided one-eightieth (1/80th) interest as Tenants in Common in the Common Area of Lots 1 and 2 Tract No. 10542, in the City of Huntington Beach, County of Orange, State of California as shown on a map recorded in Book 456, Page(s) 49 and 50 of Miscellaneous Map, records of Orange County, California, as shown on the <u>Condominium Plan</u>, excepting that portion consisting of buildings and other improvements.

Except there from all minerals, oil, gas and other hydrocarbon substances lying below a depth of 500 feet below the surface of said Land without the right of surface entry above the depth of 500 feet from the surface, as reserved in deeds of record.

Parcel   3:
Those portions of Unit 53, building 14, inclusive, as shown and defined on the <u>Condominium Plan</u>, Consisting of buildings and other improvements.

Parcel   4:
An undivided one-eightieth (1/80th) interest as Tenants in Common, in and to those portions of the Common Area as shown and defined on the <u>Condominium Plan</u>, consisting of buildings or other improvements.

Parcel   5:
An easement for the exclusive use and occupancy of those portions of the restricted Common Area, as defined on said <u>Condominium Plan</u> for ground level entry, courtyard entry, staircases, garages, and attic space relating to said units.

Parcel   6:
A non-exclusive easement and right to use the Common Area as defined on said <u>Condominium Plan</u>, except the restricted Common Area(s).

4

Case 8:21-bk-11710-ES    Doc 1341    Filed 07/20/22    Entered 07/20/22 13:17:49    Desc
Main Document      Page 27 of 33

BOE-266 (P1) REV. 13 (05-20)

**CLAUDE PARRISH**
**ORANGE COUNTY ASSESSOR**
500 S. MAIN ST, FIRST FLOOR, SUITE 103
ORANGE, CA 92868-4512   or
P.O. BOX 628
SANTA ANA, CA 92702-0628
PHONE: (714) 834-3821
FAX: (714) 834-2565
www.ocgov.com/assessor

## CLAIM FOR HOMEOWNERS' PROPERTY TAX EXEMPTION

*If eligible, sign and file this form with the Assessor on or before February 15 or on or before the 30th day following the date of notice of supplemental assessment, whichever comes first.*

**SEE INSTRUCTIONS BEFORE COMPLETING**

NAME AND MAILING ADDRESS
*(Make necessary corrections to the printed name and mailing address)*

891-569-62
GALLIAN, JAMIE LYNN
16222 MONTEREY LN, SPC 376
HUNTINGTON BEACH, CA 92649

| FOR ASSESSOR'S USE ONLY | |
|---|---|
| Received | _____ |
| Approved | _____ |
| Denied | _____ |
| Reason for denial | |
| M-2085154 | NO |

**PROPERTY DESCRIPTION**

Parcel No. 891-569-62

Address of dwelling
16222 MONTEREY LN, UNIT 376
HUNTINGTON BEACH
TR  RANDRE   BLK 376
LOT       UN

Print your social security number and name here ➤ SSN: XXX-XX-3936
NAME: JAMIE L GALLIAN

Print co-owner's or spouse's social security number and name when this property is also his/her principal residence ➤ SSN: ___-__-____
NAME: _____

### STATEMENTS

This claim may be used to file for the Homeowners' Exemption for the Assessment Roll and the Supplemental Assessment Roll. A new owner must file a claim even if the property is already receiving the homeowners' exemption. Please carefully read the information and instructions before answering the questions listed below.

1. When did you acquire this property?   11-1-2018
   *(month/day/year)*

2. Date you occupied this property as your principal residence (see instructions):   11-1-2018
   *(month/day/year)*

3. Do you own another property that is, or was, your principal place of residence in California? ☑ YES ☐ NO
   If YES, please provide the address below, and the date you MOVED OUT, if no longer your principal place of residence:
   Address: 4476 Alderport Drive HB 92649   01/31/2018
   *Street address*   *City*   *Zip Code*   *(month/day/year)*

Only the owners or their spouses who occupy the above-described property (including a purchaser under contract of sale) or his or her legal representative may sign this claim. (If the property comprises more than one dwelling unit, other co-owner occupants may wish to file separate claims; however, only one exemption will be allowed per dwelling unit.)

**If you are buying this property under an unrecorded contract of sale and the Assessor does not have a copy of the contract, you must attach a copy to this claim.**

### CERTIFICATION

*I certify (or declare) under penalty of perjury under the laws of the State of California that the foregoing and all information hereon, including any accompanying statements or documents, is true, correct, and complete to the best of my knowledge and belief.*

SIGNATURE OF OWNER-OCCUPANT ➤ _____   DATE _____

SIGNATURE OF OCCUPANT'S SPOUSE OR CO-OWNER-OCCUPANT ➤ _____   DATE _____

EMAIL ADDRESS   Jamiegallian@gmail.com   DAYTIME TELEPHONE NUMBER (714) 321-3447

**IF YOU DO NOT OCCUPY THIS PARCEL AS YOUR PRINCIPAL RESIDENCE, PLEASE DISCARD THIS FORM.**
*If you occupy this parcel at a later date, contact the Assessor at that time.*

**THIS DOCUMENT IS NOT SUBJECT TO PUBLIC INSPECTION**

A002-985 (P1) (R 01/21)



0001120- 1

63

STATE OF CALIFORNIA - BUSINESS, CONSUMER SERVICES AND HOUSING AGENCY                                    **GAVIN NEWSOM, Governor**

**DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT**
**DIVISION OF CODES AND STANDARDS**



## Title Search

Date Printed:  Jul 27, 2021

| | | | |
|---|---|---|---|
| Decal #: | LBM1081 | Use Code: | SFD |
| Manufacturer: | SKYLINE HOMES INC | Original Price Code: | BVH |
| Tradename: | CUSTOM VILLA | Rating Year: | |
| Model: | | Tax Type: | LPT |

| | | | |
|---|---|---|---|
| Manufactured Date: | 05/29/2014 | Last ILT Amount: | |
| Registration Exp: | | Date ILT Fees Paid: | |
| First Sold On: | 07/28/2014 | ILT Exemption: | NONE |

| Serial Number | HUD Label / Insignia | Length | Width |
|---|---|---|---|
| AC7V710394GA | PFS1130282 | 60' | 15' 2" |
| AC7V710394GB | PFS1130281 | 56' | 15' 2" |

Record Conditions:

- An application for title or registration change is pending with the department. For information regarding this application, please call 1-800-952-8356 and request to speak with a customer representative.

Registered Owner:

JAMIE LYNN GALLIAN
16222 MONTEREY LN SPACE 376
HUNTINGTON BEACH, CA 92649

**Last Title Date:**          02/24/2021

**Last Reg Card:**           Pending Reg Card

**Sale/Transfer Info:**          Price $.00 Transferred on 02/25/2021

Situs Address:

16222 MONTEREY LN SPACE 376
HUNTINGTON BEACH, CA  92649
Situs County:  ORANGE

Legal Owner:

JPAD LLC
RONALD J PIERPONT
Tenants in Common Or
16222 MONTEREY LN SPACE 376
HUNTINGTON BEACH, CA 92649

**Lien Perfected On:**          02/25/21 10:11:00

Title Searches:

JANINE JASSO
PO BOX 370161
EL PASO, TX 79937

**Title File No:**          LBM1081

026

1  JAMIE LYNN GALLIAN
   16222 MONTEREY LANE UNIT 376
2  HUNTINGTON BEACH, CA 92649
   (714) 321-3449
3
   JAMIEGALLIAN@GMAIL.COM
4

5

6

7

8

9

10              UNITED STATES BANKRUPTCY COURT

11       CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

12  In re                          Case No. 8:21-bk-11710-ES

13  JAMIE LYNN GALLIAN,            Chapter 7  AMENDED

14          Debtor.               NOTICE OF LODGMENT OF ORANGE
                                  COUNTY TAX ASSESSORS PROOF OF
15                                DEBTORS HOMESTEAD EXEMPTION
                                  EFFECTIVE 2/25/2021 IN SUPPORT OF
16                                OPPOSITION TO MOTION OBJECTING TO
                                  CLAIMED HOMESTEAD EXEMPTION
17
                                  [Dk. No. 130]
18
                                  Date:  July 21, 2022
19                                Time:  10:30 a.m.
                                  Ctrm:  5A[1]
20                                Location: 411 W. Fourth Street, Santa Ana, CA
                                  92701
21  TO THE HONORABLE ERITHE A. SMITH, UNITED STATES BANKRUPTCY JUDGE, THE

22  DEBTOR, AND ALL INTERESTED PARTIES:

23          JAMIE LYNN GALLIAN  ("Debtor.") files this Notice

2   of Lodgment in support of her opposition ("Opposition") filed on July 1, 2022, as Dk. No. 135. At

25  the time the Opposition was filed, Debtor's Proof of Exemption had not been received from the

26  Assessors Office.  The information needed to prove date of exemption is not made public.

27  _____
    [1] To continue to aid in the mitigation of the spread of the COVID-19 virus and in light of the response of the Bar to
28  continue virtual appearances, Judge Smith will continue to hold the majority of her hearings remotely using ZoomGov
    audio and video. However, beginning September 1, 2021, Judge Smith will allow the option for in-person hearings
    and/or hybrid proceedings for trial and evidentiary hearings only.

                                  2

50

As such, the Opposition cited to and attached as Exhibit "1" . Attached is a true and correct

1  Real time Screen Capture from Orange County Tax Assessors Office in Real Time July 21,

2  2022. The responsible person providing this information to Jamie Gallian "JASON"

3  Assessors Office Employee in the Exemption Department provided this information. A hard

4  copy is currently being obtained by Jamie Gallian.

5  I declare under the penalty of perjury the foregoing statement is True and Correct.

6  Signed this 21st day of July, 2022, at Huntington Beach, CA County of Orange.

7
   DATED: July 21, 2022                      JAMIE LYNN GALLIAN
8
9                                       By:  _Jamie Lynn Gallian_____
10                                           JAMIE LYNN GALLIAN, DEBTOR
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

                                   3

500 S. Main Street, First Floor, Suite 103
Orange, CA  92868-4512
       or
P. O. Box 628
Santa Ana, CA  92702-0628



ESTABLISHED 1889

**CLAUDE PARRISH**
COUNTY ASSESSOR
Telephone: (714) 834-3821
FAX: (714) 834-2565
www.ocassessor.gov

July 21, 2022                              OFFICE OF THE ASSESSOR

891-569-62   HX

GALLIAN, JAMIE LYNN
16222 MONTEREY LN, SPC 376
HUNTINGTON BEACH, CA 92649

**SUBJECT: Assessor Parcel Number: 891-569-62**

       **Property Address: 16222 MONTEREY LN, UNIT 376, HUNTINGTON BEACH**

The Homeowners' Exemption on the above property has been active in Orange County as of **02-25-2021**

**Claimant Name:** GALLIAN, JAMIE LYNN

If you have any questions, please call our office at (714) 834-3821.

Sincerely,

CLAUDE PARRISH
County Assessor

By

     Exemptions Division

I HEREBY CERTIFY THAT THIS IS A TRUE
AND CORRECT COPY OF A PERMANENT
RECORD OF THE ASSESSOR'S OFFICE.
ORANGE COUNTY, CALIFORNIA

CLAUDE PARRISH
COUNTY ASSESSOR
BY *Neil Sal*

2022 JUL 21 PM 2: 22

CLAUDE PARRISH
ORANGE COUNTY ASSESSOR

A002-994 (R 09/19)

029

| 2022-23  Secured Assessment Roll | CLAUDE PARRISH,  ORANGE COUNTY ASSESSOR |
|---|---|

Full Parcel Report: Page 1 of 1                                          As of January 1st, 2022

| **Parcel No:** 891-569-62 | **Tax Rate Area:** 04-902 | **Property Type:** MOBILE HOME |
|---|---|---|

### Owner / Mailing Address

**Assessee:** GALLIAN, JAMIE LYNN

**Address:** 16222 MONTEREY LN, SPC, 376

**City, State:** HUNTINGTON BEACH, CA

**Zip:** 92649

### Description

| Assessed Value | | Exemptions | Dates | |
|---|---|---|---|---|
| **Land:** | 0 | Exe Type: HOMEOWNER | **Land BaseYear:** | 2021 |
| **Improvement:** | 0 | | **Improvement Base Year:** | 2021 |
| **Personal Property:** | 86,339 | | **Tax Lien Status:** | |
| **Other:** | 0 | | | |
| **Gross:** | 86,339 | | | |
| **Less Exemption:** | 7,000 | | | |
| **Net:** | 79,339 | | | |

### Sale History

**Reference Number:** M2085154

### Additional Information

**Legal Description:** T MHP RANDRE MSP 376

I HEREBY CERTIFY THAT THIS IS A TRUE
AND CORRECT COPY OF A PERMANENT
RECORD OF THE ASSESSOR'S OFFICE.
ORANGE COUNTY, CALIFORNIA

CLAUDE PARRISH
COUNTY ASSESSOR
BY

2022 JUL 21  PM 2: 18

ORANGE COUNTY ASSESSOR
CLAUDE PARRISH

STATE OF CALIFORNIA
BUSINESS, CONSUMER SERVICES AND HOUSING AGENCY
DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT
DIVISION OF CODES AND STANDARDS
REGISTRATION AND TITLING PROGRAM
PO Box 277820 Sacramento, CA 95827
1-800-952-8356
www.hcd.ca.gov



## NOTICE OF SALE OR TRANSFER

## ATTENTION: THIS FORM IS TO BE USED <u>ONLY</u> WHEN YOU SELL OR TRANSFER YOUR MANUFACTURED HOME/MOBILEHOME OR COMMERCIAL MODULAR. AT THAT TIME COMPLETE, SIGN, AND RETURN TO THE ADDRESS STATED ABOVE TO REPORT THE CHANGE OF OWNERSHIP. A COMPLETE TRANSFER APPLICATION PACKET MUST BE SENT IN TO COMPLETE THE TRANSFER OF TITLE.

**SECTION I:** Enter the following information that describes your unit: Decal/License plate number(s), Serial(s) number, and Trade name of unit.

**SECTION II:** Enter the sale price and the date of sale/transfer including the month, day, and year.

**SECTION III:** Enter the full name and mailing address of the new owner/buyer(s).

**SECTION IV:** Enter date, city, and state indicating where and when this form is being executed. SELLER(S) MUST SIGN and print their names(s).

| SECTION I. | DESCRIPTION OF UNIT | |
|---|---|---|
| Decal Number(s) | Serial Number(s) | Trade Name |
| LBM1081 | AC7V710394GA; AC7V710394GA | SKYLINE CUSTOM VILLA |
| | | |
| | | |

**SECTION II.    SALE OR TRANSFER INFORMATION**

For the sum of $ _____0_____ the receipt of which is hereby acknowledged, I/we did sell, transfer and deliver to the

purchaser/owner named below, on 02/25/2021 _____, my/our right title and interest in the unit described above.
_Date of Transfer_

**SECTION III.    NAME OF PURCHASER/NEW OWNER**

Name:
JAMIE LYNN GALLIAN AND J-SANDCASTLE, CO LLC

Address:
16222 MONTEREY LN #376

| City: | State: | Zip Code: |
|---|---|---|
| HUNTINGTON BEACH | CALIFORNIA | 92649-0000 |

**SECTION IV.    CERTIFICATION AND RELEASE OF SELLER(S)**

I/We certify under penalty of perjury under the laws of the State of California that: 1) I/we are the lawful owner(s) of the unit, and 2) I/we have the right to sell it, and 3) I/we guarantee and will defend the title to the unit against the claims and demands of any and all persons arising prior to this date, and 4) the unit is free of all liens and encumbrances.

I/We certify under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed On 02/25/2021 _____ at HUNTINGTON BEACH _____ CALIFORNIA
_Date_                                   _City_                                    _State_

Signature of Seller: _Jamie Lynn Gallian, It's member._

Signature of Seller: _____

Printed Name(s): J-SANDCASTLE CO LLC

HCD RT 476.8 (Rev. 03/21)

State of California
Department of Housing and Community Development
Division of Codes and Standards
Registration and Titling Program
P.O. Box 277820, Sacramento, CA 95827-7820
(800) 952-8356
www.hcd.ca.gov



## MULTI-PURPOSE TRANSFER FORM

## PLEASE COMPLETE ONLY THE SECTIONS THAT APPLY AND SIGN BOTTOM OF FORM

### UNIT DESCRIPTION

Decal (License) No.(s): LBM1081

Serial No.(s): AC7V710394GA, AV7V710394GA

### SMOKE DETECTOR AND CARBON MONOXIDE CERTIFICATION

I/We, the undersigned, hereby state that the manufactured home, mobilehome, or multifamily manufactured home described above is equipped with a properly working, operable smoke detector in accordance with California Health and Safety Code Section 18029.6 and a carbon monoxide detector in accordance to California Residential Code Section R315.

☑ YES  ☐ NO

### PARK PURCHASE FEE EXEMPTION

The registered owner of the above-described manufactured home/mobilehome that is located on private property owned by the registered owner is exempt from payment of the $5 Park Purchase Fund (PPF) fee (Health and Safety Code Section 18114.1). If you feel you qualify for the exemption, complete the following questions:

- Do you (the registered owner) own your manufactured home/mobilehome?  ☑ YES  ☐ NO
- Do you (the registered owner) own the land your manufactured home/mobilehome is located on?  ☐ YES  ☑ NO

### DESIGNATION OF CO-OWNER TERM

We request the Department of Housing and Community Development to register our ownership interest in the unit described above with the following co-owner term:  **(READ CAREFULLY AND CHECK ONE BOX.)**

☐ **JTRS (Joint Tenants with Right of Survivorship):** Upon the death of a joint tenant, the interest of the deceased party passes to the surviving joint tenant. The signature of each joint tenant is required to transfer or encumber the title.

☑ **TENCOM AND (Tenants in Common with the names joined by the word AND):** Each tenant in common may transfer his or her individual interest without the signature of the other tenant(s) in common. The signature of each tenant in common is required to transfer full interest in the unit to a new registered owner or to encumber the title.

☐ **TENCOM OR (Tenants in Common with the names joined by the word OR):** Any one of the tenants in common may transfer full ownership interest in the unit to a new registered owner without the signature of the other tenant(s) in common. The signature of each tenant in common is required to encumber the title.

☐ **COMPRO (Community Property):** A unit may be registered as community property in the names of a husband and wife. The signature of each spouse is required to transfer full interest in the unit or encumber the title.

☐ **COMPRORS (Community Property with Right of Survivorship):** A unit may be registered as community property in the names of a husband and wife. At the death of one spouse, the decedent's community property interest passes to the surviving spouse without administration. The signature of each spouse is required to transfer full interest in the unit or encumber the title.

I/We further agree to indemnify and save harmless the Director of the State of California, Department of Housing and Community Development, and subsequent purchasers of said unit, for any loss they may suffer resulting from registration of the above described unit in California, or from, issuance of a California Certificate of Title covering the same.

I/We certify under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on 02/25/2021 at HUNTINGTON BEACH, CALIFORNIA COUNTY OF ORANGE

| Date | City | State |

Signature

PHONE #: (714) 321-3449

J-SANDCASTLE CO LLC, JAMIE LYNN GALLIAN,
Signature                                        IT'S MEMBER

Signature

E-MAIL ADDRESS: jamiegallian@gmail.com

HCD RT 476.6G Side 1 (Rev. 08/20)

Decal (License) No.(s): LBM1081     Serial No.(s): AC7V710394GA; AC7V710394GA

## DECLARATION OF INSTALLATION OF WATER HEATER SEISMIC BRACING

I/We the undersigned hereby state that all fuel gas-burning water heater appliances in the manufactured home, mobilehome, or multifamily manufactured housing described above are seismically braced, anchored, or strapped in accordance with Health and Safety Code Section 18031.7 and Part 5 of Title 24 of the California Code of Regulations.

☑ YES    ☐ NO    ☐ Electric water heater is installed per manufacturer's instructions.

### SIGNATURE ON FRONT SIDE IS CERTIFICATION FOR THIS SECTION

## REASON FOR USE TAX AND/OR MOBILEHOME RECOVERY FUND FEE EXEMPTION

Check appropriate box(es):

☐ The above-described unit was a gift. All rights and interest of ownership were transferred without exchange or money or other valuable consideration.

☑ The above-described unit has been acquired from: J-SANDCASTLECO LLC, JAMIE LYNN GALLIAN, ITS MEMBER

     *parents, spouse, grandparent(s), grandchild, child, brother(s)*, sister(s)**

☑ The name of a  CO-OWNER     is being ☑ ADDED   ☐ DELETED to the record.
     *show relationship*

☐ The above-described unit was received as the result of an inheritance.

☐ Transfer of the above-described unit is being made pursuant to a court order.

☐ The transfer of the unit is being made to a revocable trust which (1) the seller has an unrestricted power to revoke the trust, (2) the transfer does not result in any change in the beneficial ownership of the property, (3) the trust provides that upon revocation of the trust the property will revert wholly to the seller, and (4) the only consideration for the transfer is the assumption by the trust of an existing loan for which the tangible personal property being transferred is the sole collateral for the assumed loan.

**\*NOTE: A sale between brother(s) or sister(s) is subject to use tax unless both are minors. If minors, check here:** ☐

### SIGNATURE ON FRONT SIDE IS CERTIFICATION FOR THIS SECTION

## DESIGNATION OF TRUST

I/We, the undersigned trustee(s), hereby state that the unit described above has been placed into a trust. This Declaration of Trust is dated _____.

In compliance with Section 18080.1(b) of the California Health and Safety Code, I/we as trustee(s) hereby request the unit described above be registered as shown below. I/we acknowledge that the Department's permanent title record and the titling documents for the unit will reflect the information as shown below.

_____
*Print Name of the Trust. This is how the name of the Trust will appear on title.*

I/We as trustee(s) agree(s) to notify and make application with the Department of Housing and Community Development to appropriately amend the permanent registration and titling record immediately upon any change to the original trust agreement described herein by submitting this form along with all appropriate documents, fees or any other needed items to the Department.

I/We as trustee(s) further agree(s) to indemnify and save harmless the Director of the Department of Housing and Community Development, and subsequent purchasers of said unit, for any loss they may suffer resulting from registration of the above described unit in California and from issuance of a California Certificate of Title covering the same.

I/We certify under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on _____ at _____
     *Date*        *City*        *State*

_____     _____
Trustee Signature(s):

_____     _____
Street Address or P.O. Box     City     State

HCD RT 476.6G Side 2 (Rev. 08/20)

7

JAMIE LYNN GALLIAN
16222 MONTEREY LANE UNIT 376
HUNTINGTON BEACH, CA 92649

United States Bankruptcy Court, Central

District (Santa Ana) of California.

IN RE:

Jamie Lynn GALLIAN, Debtor.

Case No. 8:21-bk-11710-ES/SC

Declaration of of Jamie Lynn
Gallian in support of Granted all Huntington
Beach Gables Liens be avoided

### Declaration of Jamie Lynn Gallian

Debtor's prays her Motion be granted and the Huntington Beach Gables liens be
avoided.

### Jurisdiction

The Court has jurisdiction of this case pursuant to 28 U.S.C. § 157(a). Disputes

regarding the avoidance of liens and impairment of claimed exemptions are core

proceedings pursuant to 28 U.S.C. § 157(b)(2)(B) and (K).

### I, Jamie Lynn Gallian declare the following,,

1.    The Huntington Beach Gables Homeowners Association filed an
"Abstract of Judgment" in the amount of $3070.00, on November 19, 2018, with the
Office of the Clerk Recorder, County for Orange County, State of California,
Doc      #      2018000435011      ("Abstract      of      Judgment-No.      F").
2.    The Huntington Beach Gables Homeowners Association filed an "Abstract of
Judgment" in the amount of $46,138.00, on December 14, 2018, with the Office of the
Clerk      Recorder,      County      for      Orange      County,      State      of      California,
Doc # 2018000467142 ("Abstract of Judgment-No. G").

3.    The Huntington Beach Gables Homeowners Association filed an "Abstract of
Judgment" in the amount of $9265.00, on May 03, 2019, with the Office of the Clerk
Recorder, County for Orange County, State of California,

Doc # 2019000148568 ("Abstract of Judgment-No. H").

4.    The Huntington Beach Gables Homeowners Association filed an "Abstract of
Judgment" in the amount of $319,653.59, on May 16, 2019, with the Office of the Clerk
Recorder, County for Orange County, State of California,

Doc # 2019000165259 ("Abstract of Judgment-No. I").

5.    The Huntington Beach Gables Homeowners Association filed an "Abstract of
Judgment" in the amount of $319,653.59, on May 16, 2019, with the Office of the Clerk
Recorder, County for Orange County, State of California,

Doc # 2019000166068 ("Abstract of Judgment-No. J").

7.    On September 10, 2020, The Huntington Beach Gables Homeowners Association
filed a **Release of Abstract of Judgment** Instrument No, 2019000166068 in the amount
of $319,653.59, on May 16, 2019.

Doc # 2020000481922 (Release Abstract of Judgment-No. K).

8.    The Debtor filed a Chapter 7 Voluntary Petition on July 09, 2021, in the United
States Bankruptcy Court for the Central District (Santa Ana) of California, Case No.
8:21-bk-11710-ES (the "Bankruptcy Case").

9.    At the time of the filing of the Debtor's Chapter 7 Voluntary Petition, the Debtor
resided in the home as her personal residence and held an interest in real property located
at 16222 Monterey Lane, Unit 376, Huntington Beach, CA 92649 (the "Residence").

10.    The   Debtor   listed   the   Residence   on   her   filed   Schedule   A/B,
noting   that   the property   was   subject   to   a   "$175,000 UCC   filing   1/14/2019,   Initial
Financing   Statement   File   Number   197691916827.      Jamie   Lynn   Gallian   is
the   Lender   under   a   Security Agreement   and   Promissory   Note   executed
November   16,   2018,   with   J-Sandcastle   Co LLC, Debtor's   sole   member,   non filing   entity.

11.    Jamie   Lynn   Gallian   is   the   Registered   owner   of   the   2014   Skyline   Custom
Villa Manufactured   Home,   Decal   No.   LBM   1081,   installed   on   Lot   376   of   Unit
4   of Tract 10542   in   July   2014, pursuant to Health & Safety Code §§18551,   under   an
unexpired   Ground   Lease,   [a   short   form   memorandum   recorded October 18, 1979,
Instrument No,   32442 and 32443.]

Debtor claimed the Residence as fully exempt on her filed Schedule C.

12.    The   Debtor   listed   Huntington   Beach   Gables   Homeowners
Association   as   an unsecured, non-priority debt in the approx. combined amount of
$413,000.00 on her filed Schedule E/F.

13.    The   appointed   Chapter   7   Panel   Trustee, Jeffrey Golden   filed   a   "Report   of Asset
Distribution"   in the Bankruptcy Case on May 3, 2022, DOC 90, without Notice to Debtor.

14.    The   deadline   to   object   to   the   exemptions   claimed   by   the   Debtor   has
not been set.

15.    On   May   12,   2022, DOC 92, in the Bankruptcy Case Houser Bros Co dba Rancho
Del Rey Mobilehome Estates, an interested party, filed an objection to Debtor's Declared
Homestead filed July 9, 2021, with the Office of the Clerk Recorder, County for Orange
County, State of California, DOC 95

16.    The Huntington Beach Gables Homeowners Association filed a joinder

to  the Houser Bros Co Motion on May 13, 2022.

10.    Janine Jasso, Esq. filed a joinder to the Houser Bros Co Motion on May 16,
2022.

Trustee Jeffrey Golden, filed a joinder to the Houser Bros Co Motion on
July 1, 2022.

11.    The Court heared the Motion on July 21, 2022.

12.    The Houser Bros Co Motion states that J-Sandcastle Co, LLC ("J-Sandcastle Co

LLC") was the registered title holder of the Residence on the date of the filing

of  the petition and therefore seeks judgment that the Homestead was effectively

owned  by J-Sandcastle Co, LLC, not the debtor.

20.    J-Sandcastle Co LLC and J-Pad LLC were administratively cancelled with

the  CA Secretary  of State after a unanimous vote of all the Members on November 22, 2021.

21.    The Debtor filed a *Motion to Avoid Lien (522(f)* in the Bankruptcy Case on November,

14, 2024, for the purposes of avoiding the judgment lien(s)/Abstracts\ filed by The

Huntington  Beach Gables Homeowners Association.

22.    On November 1, 2018, Debtor, a bona fide purchaser for value,

purchased  and  obtained  the Release of Unencumbered Interest, Certificate of Title, from the

Legal and Registered Owner, Ms. Lisa Ryan, 2014 Skyline Custom Villa Manufactured Home,

Decal  No. LBM 1081, Serial No. AC7V710394GB/GA, located in TRACT 10542, Unit 4,

Lot 376,  on APN 178-011-16, adjacent to the mutli-family residential community Debtor

sold her previous residence, Unit 53, 4476 Alderport Drive Huntington Beach, CA 92649,

937-63-053, on October 31, 2018 using the sale proceeds to purchase her new

homestead.

23.     Debtor sold her previous residence unencumbered home on October 31, 2018, to

a bona fide purchaser for value, recorded in the Official Records of the Clerk

Recorder, County of Orange, Instrument No. 2018000395579, legally described

as  Project  No.  937-30 TRACT 10542, Lot 1 & Lot 2. APN 178-771-03, a 1966

subdivision recorded in Parcel Map Book 108, page 47-48, approximately 58 acres was

subdivided into Parcel 1 & 2. Located on Parcel 2, 16222 Monterey Lane, Lot 376,

Huntington Beach, CA 92649. Debtor moved into the Residence in approximately

November 2018 after purchasing the manufactured home with the proceeds pursuant to

§§522(P)(2)(b), from the unencumbered sale of her previous home, Unit 53, on October

31, 2018, APN 937-63-053, recorded in the Official Records of the Clerk Recorder

Document No. 2018000395579.

24      Both homes are subject to various governing document whether of record

or not, under an eighty (80) year unexpired Ground Leasehold and Subcondominium

Lease, recorded on October 22, 1979, Instrument No. 32242 and Instrument No 32243,

and re-recorded on December 5, 1979, Document No. 8246 and Instrument No. 8247.

The total number of lots  459.

25.     The Huntington Beach Gables Homeowners Association received notice of

Debtor's bankruptcy when it was filed on July 9, 2021.

26.     ~~No~~ Two Proof of Claims have been filed.

27.    Houser Bros Co dba Rancho Del Rey Mobilehome Estates has no ownership interest in the Ground Lease and additionally lacks standing to bring this Motion There are no Judgments against debtor in favor of Houser Bros Co.manager of the Park.

28.    The    Certificate of Title to the 2014 Skyline Manufactured Home registered through the CA Department of Housing and Community Development. ("HCD") to Jamie Lynn Gallian. Jamie Lynn Gallian has continuously lived in the residence.

29.    Debtor    seeks    to    avoid    Huntington    Beach    Gables Homeowners Association judgment lien(s) pursuant to 11 U.S.C. § 522(f). The applicable portions of that statute provide that the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is

(A) a judicial lien, other than a judicial lien that secures a debt potentially of a kind that is specified in section 523(a)(5).

30.    Debtor has established that The Huntington Beach Gables Homeowners Associations' (5) judicial lien impairs an exemption she would be entitled to but for the lien(s).

31.    Lien avoidance is part of the overall scheme under federal bankruptcy law to provide debtors with a fresh start by allowing a debtot to emerge from bankruptcy free

from certain liens that encumbered their exempt property. *See In re Richardson*, 224 B.R. 804, 808-09 (Bankr. N.D. Okla. 1998).

32.    CA State law determines the type of property that is exempt; that is, the specific property it reserves to its residents "exempt from attachment or execution and ... forced sale for the payment of debts ..." including "[t]he home of such person, provided that such home is the principal residence of such person...."

Debtor held an interest in the Residence when she filed this Chapter 7 case. Debtor filed a Declared Homestead with the Orange County Clerk Recorder, the Official Records prior to filing her Chapter 7 petition. Debtor claimed the property exempt as her homestead on schedule C.    33.    The Huntington Beach Gables Homeowners Association registered its judgment liens against Debtor in Orange County, California and filed the judgments in the land records to operate as a judicial lien against any real property residence. The Huntington Beach Gables Homeowners Associations' 4-5 liens did not impair Debtor's claim of exemption.

Debtor listed the value of her exemption as $600,000.00, Debtor indicated that the sum of The Huntington Beach Gables Homeowners Association lien(s) of:
$ 3070.00; $ 46,138.99; $ 9265.00; and $ 319,653.59, recorded twice on the same day, exceed the value of debtors property.

34.    The HOAs liens would exceed Debtor's interest in the property and impair her exemption pursuant to the formula for calculating impairment in § 522(f)(2)(A).

Based on the fact that the existence of the HOAs (5) liens impair debtors right to the claimed exemption, Debtor has satisfied her burden to avoid The Huntington Beach Gables Homeowners Associations' lien(s).

Debtor moved into the Residence in November 2018, several years before she filed Chapter 7 bankruptcy on July 9, 2021.

The Huntington Beach Gables Homeowners Association had notice of Debtor's bankruptcy, that Debtor had listed xxx possible Lien interest in the Residence on Schedule A/B, and had claimed the Residence exempt as her homestead on Schedule C.

Debtor holds an interest in the Residence, noting that she did not believe that her claimed homestead exemption was an issue during the case, and that no challenge to Debtor's exemption pursuant to Fed. R. Bankr. P. 4003(b)(1) would arise.

The Huntington Beach Gables Homeowners Association believed that their lien that began in 2019, could not be discharged in bankruptcy.

There is no deadline identified in the Bankruptcy Code or Rules for filing a motion to avoid lien. See Fed. R. Bankr. P. 4003. As clearly stated in § 522(f)(1)(A) and in Fed. R. Bankr. P. 4003(b)(1), a judicial lien is avoidable if it impairs an exemption to which a debtor would be entitled, and a creditor may challenge a claim of exemption when debtor seeks to avoid its lien.

While Congress has allowed states to determine what property its residents may claim as exempt, "federal law exclusively governs the field of lien avoidance...." *Richardson*, 224 B.R. at 808. Courts considering motions to avoid liens or ownership interests are often called on to consider and apply state law within the framework of the Bankruptcy Code. The Court routinely encounters exemption claims under California law and is very familiar with the California exemptions for homestead and personal property.

Huntington Beach Gables Homeowners Association provided no evidence challenging the Debtor's homestead exemption. Debtor claimed the exemption on Schedule C. Debtor has lived in the Residence since November 2018. Debtor has not lived anywhere else or claimed any other property as her home from 2018 to the present. Debtor has always designated and occupied this property as her homestead. *See* 4 Collier on Bankruptcy P 522.10 (16th 2020).

The only requirement for claiming a homestead exemption under the California exemption statute is that the home claimed be "the principal residence of such person." Record title to the homestead is not required to claim a homestead exemption in the property.

Homestead is not an incidence of ownership. Nor does its presence or non-presence change ownership of the land. Nothing like it is known at common law. It is a special and peculiar interest in real property, the domicile of the family, which vests for the

benefit of the entire family although the title to the land may be entirely in a named leaseholder.

Debtors homestead interest is a creature of the Constitution and statutes. Homestead rights may attach to any possessionary interest in real estate which constitutes the dwelling place of the family regardless of the nature or character of the title or of the estate therein. Naked possession without any title or interest whatsoever may, under some circumstances, be sufficient as against all the world except the true owners and those claiming under them.

California law is instructive regarding property interests that debtors may possess at filing which are included in the bankruptcy estate as defined in § 541 of the Bankruptcy Code. To avoid a lien, it must impair an interest a debtor has in an exempt asset.

Debtor has always had an interest in the Residence she purchased with the funds she sold her previous residence the day before; when she filed bankruptcy; the cited California law and cases affirm that a homestead right is an interest in real property. *See* California Const., Art. 12, §§ 1 & 2. As the U.S. Supreme Court defines it, property of the estate consists of "all the interests in property, legal and equitable, possessed by the debtor at the time of filing ..." *Owen v. Owen,* 500 U.S. 305, 308 (1991). This definition is extremely broad.

Schedule A/B requires debtors to list any ownership interest or legal or equitable interest in any residence, building, land or similar property. Debtor answered "Yes" on Schedule A/B to indicate and disclose that she owned a legal or equitable interest in the

Residence, with what she believed a $235,000.00 value on the home with an unknown value in an unexpired 80 year leasehold in the ground describing it as a possible interest of unknown value.

Debtor has not changed her position in this case regarding an interest in the Residence. I disclosed all interests in Schedule A/B in addition to filing a ~~Homestead~~ Homestead Declaration prior to filing the Chapter 7 petition.  Document 72

Debtor listed Huntington Beach Gables Homeowners Association as a unsecured creditor and HOA acknowledges that it received notice of and monitored debtors case. HOA filed a Proof of Claim.

The purpose of bankruptcy is to give debtors a fresh start by shedding debts that they owed but cannot pay. Part of the fresh start includes lien avoidance on exempt assets. *See Richardson*, 224 B.R. at 808.[2]

Debtor respectfully requests this Honorable Court to find that debtor has met her burden of proof to prevail on her Motion to avoid Huntington Beach Gables Homeowners Associations' liens on her homestead.

I declare under the penalty of perjury by the Laws of the State of California, the following to be true and correct.                                    RESPECTFULLY,

*Jamie Lynn Gallian*

JAMIE LYNN GALLIAN

November 14, 2024

Signed this 8th day of ~~XXXXXX~~ at Huntington Beach CA County of Orange.

# HOMESTEAD DECLARATION

18

Recording Requested by :

J-SANDCASTLE CO LLC

JAMIE LYNN GALLIAN
16222 MONTEREY LANE #376
HUNTINGTON BEACH, CA 92649

When recorded mail to:

JAMIE LYNN GALLIAN
16222 MONTEREY LANE #376
HUNTINGTON BEACH, CA 92649

**Recorded in Official Records, Orange County**
**Hugh Nguyen, Clerk-Recorder**

88.00

*$R00129809565*

**2021000443659 12:48 pm 07/09/21**

18 414A D04   2
0.00 0.00 0.00 0.00 3.00 0.00 0.000.0075.00 3.00

IT
2P
SB
PF

SPACE ABOVE THIS LINE FOR RECORDER USE ONLY

# HOMESTEAD DECLARATION
## CCP §704.930

APN#: 891-569-62

**1. Name(s) of Declared Homestead owners:**

JAMIE LYNN GALLIAN
, do hereby claim a Declared
Homestead in the following real property located in:

the City of HUNTINGTON BEACH, CA , County of ORANGE , State of California,

more commonly known as:

16222 MONTEREY LANE SPACE 376 HUNTINGTON BEACH, CA 92649
*(Insert Common Street Address Above)*

and more particularly described as follows:

2014 SKYLINE CUSTOM VILLA DECAL NO. LBM1081 SERIAL NO. AC7V710394GB; AC7V710394GA; LOCATED ON LOT 376
ON APN 178-011-16, TRACT 10542, UNIT 4, PARCEL MAP BOOK 108, PG(S) 47 & 48
*(Insert Property Legal Description Above)*

**2. The Declared Homestead is the principal dwelling of the Declared Homestead Owner(s) listed above or such person(s) spouse.**

**3. The Declared Homestead Owner(s) listed above, or such person(s) spouse, resides in the Declared Homestead on the date this Homestead Declaration is recorded.**

**4. The facts stated in this Homestead Declaration are known to be true as of the personal knowledge of the person(s) below executing and acknowledging this Homestead Declaration.**

Dated: 07/08/2021

*(Signature of Declared Homestead Owner or Spouse)*

JAMIE LYNN GALLIAN
*(Printed Name of Declared Homestead Owner or Spouse)*

*(Signature of Declared Homestead Owner or Spouse)*

JAMIE LYNN GALLIAN
*(Printed Name of Declared Homestead Owner or Spouse)*

( See Attached Acknowledgment )

## ACKNOWLEDGMENT

> A notary public or other officer completing this
> certificate verifies only the identity of the individual
> who signed the document to which this certificate is
> attached, and not the truthfulness, accuracy, or
> validity of that document.

State of California

County of _O-ange_ )

On _7/ 9/ 2 1_ before me, _Greg Buysman, Notary Public_

(insert name and title of the officer)

personally appeared _Jamie Lynn Gallian_

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are
subscribed to the within instrument and acknowledged to me that he/she/they executed the same in
his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the
person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing
paragraph is true and correct.

WITNESS my hand and official seal.

Signature _Greg B_____ (Seal)

GREG BUYSMAN
COMM # 2341449
ORANGE County
California Notary Public
Comm Exp Feb. 5, 2025

# EXHIBIT F

# EXHIBIT F

# EXHIBIT F

# Exception No. 1

**SUPERIOR COURT OF CALIFORNIA,
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER**

**MINUTE ORDER**

DATE: 09/27/2018                TIME: 01:30:00 PM        DEPT: C33

JUDICIAL OFFICER PRESIDING: James Crandall
CLERK: P. Rief
REPORTER/ERM: (ACRPT) Cheri Violette CSR# 3584
BAILIFF/COURT ATTENDANT: Julie Carney

CASE NO: **30-2017-00913985-CU-CO-CJC** CASE INIT.DATE: 04/11/2017
CASE TITLE: **The Huntington Beach Gables Homeowners Association vs. Bradley**
CASE CATEGORY: Civil - Unlimited      CASE TYPE: Contract - Other

---

EVENT ID/DOCUMENT ID: 72875934

**EVENT TYPE**: Motion to Compel Response to Requests for Admissions
MOVING PARTY: The Huntington Beach Gables Homeowners Association
CAUSAL DOCUMENT/DATE FILED: Motion to Compel Answers to Request for Admissions, 08/23/2018

EVENT ID/DOCUMENT ID: 72875943

**EVENT TYPE**: Motion to Compel Answers to Special Interrogatories
MOVING PARTY: The Huntington Beach Gables Homeowners Association
CAUSAL DOCUMENT/DATE FILED: Motion to Compel Answers to Interrogatories Special, 08/23/2018

EVENT ID/DOCUMENT ID: 72875946

**EVENT TYPE**: Motion to Compel Answers to Form Interrogatories
MOVING PARTY: The Huntington Beach Gables Homeowners Association
CAUSAL DOCUMENT/DATE FILED: Motion to Compel Answers to Interrogatories Form, 08/23/2018

Additional events listed on last page.

---

**APPEARANCES**
Pejman D. Kharrazian, Esq., from Epsten Grinnell & Howell, APC, present for Cross -
Defendant,Plaintiff(s).
Jamie L. Gallian, self represented Cross - Defendant, present.
David R. Flyer, Esq., specially appearing.

Tentative Ruling posted on the Internet.

The court hears oral argument. The court, having fully considered the arguments of all parties, both
written and oral, as well as the evidence presented, now rules as follows: The Tentative Ruling, as
amended, will become the final ruling of the court. Plaintiff's requests for sanctions as to the motions to
compel further responses are denied.

The court rules as follows:

**1. Motion by Plaintiff The Huntington Beach Gables Homeowners Association for an Order to
Compel Responses to Form Interrogatories (Set One) from Defendant Jamie Gallian and Request**

---

DATE: 09/27/2018                    MINUTE ORDER                        Page 1
DEPT: C33                                                           Calendar No.

CASE TITLE: The Huntington Beach Gables            CASE NO: **30-2017-00913985-CU-CO-CJC**
Homeowners Association vs. Bradley

for **Sanctions:**

Plaintiff The Huntington Beach Gables Homeowners Association's unopposed Motion to Compel
Responses to Form Interrogatories and Imposition of Sanctions is GRANTED. (See Code Civ. Proc. §
2030.290, subd. (a)).

Defendant Jamie L. Gallian is ordered to serve verified responses without objections to Plaintiff's Form
Interrogatories, Set No. One, within ten days. The court imposes monetary sanctions against Defendant
Jamie L. Gallian in the amount of $1,535.00, payable to counsel for Plaintiff within thirty days.

**2. Motion by Plaintiff The Huntington Beach Gables Homeowners Association for an Order to
Compel Further Responses to Special Interrogatories (Set One) and Request for Sanctions:**

The court GRANTS Plaintiff's Request For Judicial Notice.

Plaintiff The Huntington Beach Gables Homeowners Association's Motion to Compel Further Responses
to Plaintiff's Special Interrogatories Set No. 1 is GRANTED. (See Code Civ. Proc. § 2030.300).

The court finds that Defendant is equitably estopped from asserting that the Plaintiff's motions are not
timely filed, because these motions were initially timely filed, and ordered off calendar by the court in
reliance upon a settlement between the parties placed on the record before the court. Once it became
clear that defendant was unwilling to live up to the terms reached before the court, Plaintiff timely
renewed the motions.

Defendant Jamie L. Gallian is ordered to serve further, non-evasive responses to Plaintiff's Special
Interrogatories Set No. 1 without objections within ten days.

The request for monetary sanctions against Defendant Jamie L. Gallian is denied.

**3. Motion by Plaintiff The Huntington Beach Gables Homeowners Association for an Order to
Compel Responses to Request for Production of Documents (Set One) and Request for
Sanctions:**

Plaintiff's Request For Judicial Notice is GRANTED.

Plaintiff The Huntington Beach Gables Homeowners Association's Motion to Compel Responses to
Inspection Demands and Imposition of Sanctions is GRANTED. (See Code Civ. Proc. § 2031.300, subd.
(a)).

Defendant Jamie L. Gallian is ordered to serve verified responses without objections to Plaintiff's
Inspection Demand, Set No. One, which fully complies with Code Civ. Proc. § 2031.210(a), and all
responsive documents (whatever their source), within ten days.

The court also imposes monetary sanctions against Defendant Jamie L. Gallian in the amount of
$1,535.00, payable to counsel for Plaintiff within thirty days. (See Code Civ. Proc. § 2031.300, subd.
(h)).

**4. Motion by Plaintiff The Huntington Beach Gables Homeowners Association for an Order to
Compel Further Responses to Request for Admissions (Set One) and Request for Sanctions:**

DATE: 09/27/2018                    MINUTE ORDER                    Page 2
DEPT: C33                                                           Calendar No.

CASE TITLE: The Huntington Beach Gables                CASE NO: **30-2017-00913985-CU-CO-CJC**
Homeowners Association vs. Bradley

Plaintiff The Huntington Beach Gables Homeowners Association's Motion to Compel to Further Responses to Plaintiff's Requests For Admissions, Set No. 1, is GRANTED. (See Code Civ. Proc. § 2033.290).

The court finds that Defendant is equitably estopped from asserting that the Plaintiff's motions are not timely filed, because these motions were initially timely filed and ordered off calendar by the court in reliance upon a settlement between the parties placed on the record before the court. Once it became clear that defendant was unwilling to live up to the terms reached before the court, Plaintiff timely renewed the motions.

Defendant Jamie L. Gallian is ordered to serve further, non-evasive responses to Plaintiff's Requests For Admissions Set No. 1 without objections within ten days.

The request for monetary sanctions against Defendant Jamie L. Gallian is denied.

Defendant's request for imposition of monetary sanctions is denied.

Defendant to give notice.


A Mandatory Settlement Conference is scheduled for 10/05/2018 at 09:00 AM in Department C33.

Defendant Jamie L. Gallian's oral Ex Parte Request to advance the hearing date on her Motion for Judgment on the Pleadings, set for 12/13/2018, is granted.

The Motion by Defendant Jamie L. Gallian for Judgment on the Pleadings, set for 12/13/2018, is ordered advanced to 12/06/2018 at 01:30 PM in this department.

Court orders defendant to give notice.

DATE: 09/27/2018
DEPT: C33                        MINUTE ORDER                        Page 3
                                                                     Calendar No.

CASE TITLE: The Huntington Beach Gables
Homeowners Association vs. Bradley

CASE NO: **30-2017-00913985-CU-CO-CJC**

ADDITIONAL EVENTS:

EVENT ID/DOCUMENT ID: 72875949
**EVENT TYPE:** Motion to Compel Production
MOVING PARTY: The Huntington Beach Gables Homeowners Association
CAUSAL DOCUMENT/DATE FILED: Motion to Compel Production/Inspection of Documents or Things,
08/23/2018

DATE: 09/27/2018
DEPT: C33

MINUTE ORDER

Page 4
Calendar No.

053

## Exception No. 1 (Part 2)

Y                          B

7

EJ-001

Recording Requested by and When Recorded Mail to
Joyce J. Kapsal                SBN: 091950
Epsten Grinnell & Howell, APC
10200 WILLOW CREEK ROAD, SUITE 100
SAN DIEGO, CA 92131
TEL NO: 858-527-0111    FAX NO: (optional) 858-527-1531
E-MAIL ADDRESS (Optional)
[X] ATTORNEY  [X] JUDGMENT     [ ] ASSIGNEE
    FOR           CREDITOR          OF RECORD

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE
STREET ADDRESS 700 Civic Center Drive West
MAILING ADDRESS 700 Civic Center Drive West
CITY AND ZIP CODE Santa Ana, CA 92701
BRANCH NAME Central Justice Center

Recorded in Official Records, Orange County
Hugh Nguyen, Clerk-Recorder

97.00

* $ R 0 0 1 0 4 8 0 4 9 1 $ *
2018000435011 2:30 pm 11/19/18
7 413 A03   2
0.00 0.00 0.00 0.00 3.00 10.00 0.000075.00 3.00

| PLAINTIFF: The Huntington Beach Gables Homeowners Association | CASE NUMBER: |
| DEFENDANT: Jamie L. Gallian | 30-2017-00913985-CU-CO-CJC |

**ABSTRACT OF JUDGMENT—CIVIL
AND SMALL CLAIMS**    [ ] Amended

FOR COURT USE ONLY

1. The [X] judgment creditor    [ ] assignee of record
   applies for an abstract of judgment and represents the following:
   a.  Judgment debtor's
       Name and last known address
       ┌─────────────────────────────────────┐
       │ Jamie L. Gallian                     │
       │ 4476 Alderport Drive #53             │
       │ Huntington Beach, CA 92649           │
       └─────────────────────────────────────┘

   b.  Driver's license no. [last 4 digits] and state: 0742 / CA    [ ] Unknown
   c.  Social security no. [last 4 digits]: xxx-xx-3936    [ ] Unknown
   d.  Summons or notice of entry of sister-state judgment was personally served or mailed to (name and address):
       Jamie L. Gallian, 4476 Alderport Drive #53, Huntington Beach, CA 92649

2. [ ]  Information on additional judgment debtors is    4. [ ]  Information on additional judgment creditors is
        shown on page 2.                                         shown on page 2.
3. Judgment creditor (name and address):                   5. [ ]  Original abstract recorded in this county:
   The Huntington Beach Gables Homeowners Association
   c/o Epsten Grinnell & Howell, 10200 Willow              a. Date:
   Creek Rd, Ste 100, San Diego, CA 92131                  b. Instrument No.:
   Date: November 9, 2018

   Joyce J. Kapsal
   (TYPE OR PRINT NAME)                                    (SIGNATURE OF APPLICANT OR ATTORNEY)

Pursuant to California Government
Code § 68150(f), the Clerk of the
Court hereby certifies this document
accurately reflects the official court
record. The electronic signature and
seal on this document have the
same validity and legal force and
effect as an original clerk's
signature and court seal. California
Government Code § 68150(g).

6.  Total amount of judgment as entered or last renewed:    10. [ ] An [ ] execution lien [ ] attachment lien
    $ 3,070.00                                                  is endorsed on the judgment as follows:
7.  All judgment creditors and debtors are listed on this abstract.    a.  Amount: $
8.  a.  Judgment entered on (date): 9/27/2018 [sanctions]    b.  In favor of (name and address):
    b.  Renewal entered on (date):
9.  [ ]  This judgment is an installment judgment.          11. A stay of enforcement has
                                                                a. [X]  not been ordered by the court.
                                                                b. [ ]  been ordered by the court effective until
                                                                        (date):
    David H. Yamasaki, Clerk of the Court                   12. a. [X]  I certify that this is a true and correct abstract of
                                                                        the judgment entered in this action.
    This abstract issued on (date):                            b. [ ]  A certified copy of the judgment is attached.
    11/16/2018                                               Clerk, by                                  S.Wilson
                                                                                                       , Deputy

Form Adopted for Mandatory Use
Judicial Council of California          **ABSTRACT OF JUDGMENT—CIVIL**          Page 1 of 2
EJ-001 [Rev July 1, 2014]                 **AND SMALL CLAIMS**              Code of Civil Procedure, §§ 488.480,
                                                                           674, 700.190
                                                                           Westlaw Doc & Form Builder-

| PLAINTIFF: The Huntington Beach Gables Homeowners Association<br>DEFENDANT: Jamie L. Gallian | COURT CASE NO.:<br>30-2017-00913985-CU-CO-CJC |
| --- | --- |

NAMES AND ADDRESSES OF ADDITIONAL JUDGMENT CREDITORS:

13. Judgment creditor (name and address):

14. Judgment creditor (name and address):

15. ☐ Continued on Attachment 15.

INFORMATION ON ADDITIONAL JUDGMENT DEBTORS:

16.  Name and last known address

17.  Name and last known address

Driver's license no. [last 4 digits] and state:  ☐ Unknown

Social security no. [last 4 digits]:  ☐ Unknown

Summons was personally served at or mailed to (address):

Driver's license no. [last 4 digits] and state:  ☐ Unknown

Social security no. [last 4 digits]:  ☐ Unknown

Summons was personally served at or mailed to (address):

18.  Name and last known address

19.  Name and last known address

Driver's license no. [last 4 digits] and state:  ☐ Unknown

Social security no. [last 4 digits]:  ☐ Unknown

Summons was personally served at or mailed to (address):

Driver's license no. [last 4 digits] and state:  ☐ Unknown

Social security no. [last 4 digits]:  ☐ Unknown

Summons was personally served at or mailed to (address):

20. ☐ Continued on Attachment 20.

EJ 001 [Rev. July 1, 2014]

**ABSTRACT OF JUDGMENT—CIVIL
AND SMALL CLAIMS**

Page 2 of 2

# EXHIBIT G

# EXHIBIT G

# EXHIBIT G

Exception No. 2

3728619

ELECTRONICALLY RECEIVED
Superior Court of California,
County of Orange
11/09/2018 at 10:23:23 AM
Clerk of the Superior Court
By eClerk, Deputy Clerk

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

DEC 0 4 2018

DAVID H. YAMASAKI, Clerk of the Court

BY:_____DEPUTY

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF ORANGE, CENTRAL JUSTICE CENTER

| | |
|---|---|
| THE HUNTINGTON BEACH GABLES HOMEOWNERS ASSOCIATION, a California Nonprofit Mutual Benefit Corporation,<br><br>Plaintiff,<br><br>v.<br><br>SANDRA L. BRADLEY, individually and as Trustee of the Sandra L. Bradley Trust; JAMIE L. GALLIAN, an individual; and DOES 1 through 25, inclusive,<br><br>Defendants.<br><br>AND RELATED CROSS-ACTIONS. | Case No. 30-2017-00913985-CU-CO-CJC<br><br>*Honorable James L. Crandall*<br><br>[PROPOSED] JUDGMENT FOR ATTORNEYS' FEES<br><br>FAC Filed: May 16, 2017<br>Trial Date: December 10, 2018 |

-1-

[PROPOSED] JUDGMENT FOR ATTORNEYS' FEES

059

1    The above-captioned matter came on regularly for hearing on Cross-Defendants Lee

2  Gragnano, Ted Phillips, Lindy Beck, Jennifer Paulin, Janine Jasso, and Lori Burrett's Motion for

3  Attorneys' Fees and Costs on November 1, 2018 and November 8, 2018, in Department C33 of

4  the Superior Court in and for the State of California, County of Orange, the Honorable James L.

5  Crandall presiding.

6    Cross-Defendants Lee Gragnano, Ted Phillips, Lindy Beck, Jennifer Paulin, Janine Jasso,

7  and Lori Burrett appeared by and through its attorneys, Brenda Radmacher of Gordon & Rees,

8  LLP. Cross-Complainant Jamie L. Gallian, in pro per, appeared on behalf of herself. After

9  hearing evidence and arguments, and good cause appearing;

10    **NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED** that Cross-

11  Defendants Lee Gragnano, Ted Phillips, Lindy Beck, Jennifer Paulin, Janine Jasso, and Lori

12  Burrett are awarded their attorneys' fees in the amount of $46,138.00 against Cross-Complainant

13  Jamie L. Gallian. Post-judgment interest at a rate of ten (10) percent annum from the date hereof,

14  till paid, shall accrue on the amount above.

15    **IT IS SO ORDERED, ADJUDGED AND DECREED.**

16

17

18  Dated: /2 - 4 - , 2018

       Honorable James L. Crandall
19       Judge of the Superior Court

20

21

22

23

24

25

26

27

28

114120411128520v1

-2-

[PROPOSED] JUDGMENT FOR ATTORNEYS' FEES

## Exception No. 2 (Part 2)

Y                    B

1

Recording Requested By

Name: James E. Hawley (SBN: 299723)

Address: GORDON REES SCULLY & MANSUKHANI
633 W. 5th Street, 52nd Floor

City, State, Zip Code
Los Angeles, CA 90071

Recorded in Official Records, Orange County
Hugh Nguyen, Clerk-Recorder

103.00

* $ R 0 0 1 0 5 2 8 9 4 2 $ *
2018000467142 8:58 am 12/14/18
7 413 A03   4
0.00 0.00 0.00 0.00 9.00 10.00 0.000.0075.00 3.00

SPACE ABOVE THIS LINE FOR RECORDER'S USE

## Title of Document

## ABSTRACT OF JUDGEMENT

IT
4P
N
FF
573

EJ-001

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, address, State Bar number, and telephone number)*<br>*Recording requested by and return to:*<br>James E. Hawley (SBN: 299723)<br>GORDON REES SCULLY & MANSUKHANI<br>633 W. 5th Street, 52nd Floor<br>Los Angeles, CA 90071<br>TEL NO: (213) 576-5000    FAX NO. (Optional): (877) 306-0043<br>E-MAIL ADDRESS (Optional):<br>☒ ATTORNEY FOR  ☐ JUDGMENT CREDITOR  ☐ ASSIGNEE OF RECORD | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Orange
STREET ADDRESS: 700 W. Civic Center Dr.
MAILING ADDRESS:
CITY AND ZIP CODE: Santa Ana, 92701
BRANCH NAME: Central Justice Center

*FOR RECORDER'S USE ONLY*

PLAINTIFF: The Huntington Beach Gables Homeowners Association

DEFENDANT: Sandra L. Bradley; Jamie L. Gallian et al.

CASE NUMBER
30-2017-00913985-CU-CO-CJC

| **ABSTRACT OF JUDGMENT—CIVIL<br>AND SMALL CLAIMS**  ☐ Amended | *FOR COURT USE ONLY* |
|---|---|

1. The ☒ judgment creditor ☐ assignee of record
applies for an abstract of judgment and represents the following:
 a. Judgment debtor's
    Name and last known address

    Jamie L. Gallian
    5782 Pinon Drive
    Huntington Beach, CA 92649

 b. Driver's license no. [last 4 digits] and state:        ☒ Unknown
 c. Social security no. [last 4 digits]: 3936            ☐ Unknown
 d. Summons or notice of entry of sister-state judgment was personally served or mailed to (name and address):

    Jamie L. Gallian, 5782 Pinon Drive, Huntington Beach, CA 92649

> Pursuant to California Government Code § 68150(f), the Clerk of the Court hereby certifies this document accurately reflects the official court record. The electronic signature and seal on this document have the same validity and legal force and effect as an original clerk's signature and court seal. California Government Code § 68150(g).

2. ☐ Information on additional judgment debtors is shown on page 2.
3. Judgment creditor *(name and address)*:
   Janine Jasso
   4469 Chase Dr.
   Huntington Beach, CA 92649
   Date: December 7, 2018
   James E. Hawley
   (TYPE OR PRINT NAME)

4. ☒ Information on additional judgment creditors is shown on page 2.
5. ☐ Original abstract recorded in this county:
   a. Date:
   b. Instrument No.:
   ► _____ (SIGNATURE OF APPLICANT OR ATTORNEY)

6. Total amount of judgment as entered or last renewed:
   $46,138.00
7. All judgment creditors and debtors are listed on this abstract.
8. a. Judgment entered on *(date):* December 4, 2018
   b. Renewal entered on *(date):*
9. ☐ This judgment is an installment judgment.

[SEAL]
David H Yamasaki Clerk of the Court
This abstract issued on *(date):*
12/13/2018

10. ☐ An ☐ execution lien ☐ attachment lien is endorsed on the judgment as follows:
    a. Amount: $
    b. In favor of *(name and address):*

11. A stay of enforcement has
    a. ☒ not been ordered by the court.
    b. ☐ been ordered by the court effective until *(date):*
12. a. ☒ I certify that this is a true and correct abstract of the judgment entered in this action.
    b. ☐ A certified copy of the judgment is attached.
    Clerk, by _____ S.Wilson Deputy

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>EJ-001 [Rev. July 1, 2014] | **ABSTRACT OF JUDGMENT—CIVIL<br>AND SMALL CLAIMS** | Page 1 of 2<br>Code of Civil Procedure, §§ 488.480,<br>674, 700.190 |

| PLAINTIFF: The Huntington Beach Gables Homeowners Association | COURT CASE NO : 30-2017-00913985-CU-CO-CJC |
|---|---|
| DEFENDANT: Sandra L. Bradley; Jamie L. Gallian et al. | |

**NAMES AND ADDRESSES OF ADDITIONAL JUDGMENT CREDITORS:**

13. Judgment creditor *(name and address)*:

    Jennifer Paulin
    4446 Alderport Dr.
    Huntington Beach, CA 92649

14. Judgment creditor *(name and address)*:

    Lori Burrett
    16107 Warmington Lane
    Huntington Beach, CA 92649

15. ☒ Continued on Attachment 15.

**INFORMATION ON ADDITIONAL JUDGMENT DEBTORS:**

16.      Name and last known address

Driver's license no. [last 4 digits] and state:
    ☐ Unknown
Social security no. [last 4 digits]:
    ☐ Unknown
Summons was personally served at or mailed to *(address)*:

17.      Name and last known address

Driver's license no. [last 4 digits] and state:
    ☐ Unknown
Social security no. [last 4 digits]:
    ☐ Unknown
Summons was personally served at or mailed to *(address)*:

18.      Name and last known address

Driver's license no. [last 4 digits] and state:
    ☐ Unknown
Social security no. [last 4 digits]:
    ☐ Unknown
Summons was personally served at or mailed to *(address)*:

19.      Name and last known address

Driver's license no. [last 4 digits] and state:
    ☐ Unknown
Social security no. [last 4 digits]:
    ☐ Unknown
Summons was personally served at or mailed to *(address)*:

20. ☐ Continued on Attachment 20.

EJ-001 [Rev. January 1, 2014]

**ABSTRACT OF JUDGMENT—CIVIL
AND SMALL CLAIMS**

Page 2 of 2

American LegalNet, Inc.
www.FormsWorkFlow.com

MC-025

| SHORT TITLE: The Huntington Beach Gables HOA v. Bradley; Gallian | CASE NUMBER: 30-2017-00913985-CU-CO-CJC |
|---|---|

**ATTACHMENT (Number):** 15

*(This Attachment may be used with any Judicial Council form.)*

Additional Judgment Creditors

Lee Gragnano
16062 Warmington Ave.
Huntington Beach, CA 92649

Lindy Beck
4443 Chase Drive
Huntington Beach, CA 92649

Ted Phillips
4447 Chase Drive
Huntington Beach, CA 92649

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

Page 1 of 1

*(Add pages as required)*

Form Approved for Optional Use
Judicial Council of California
MC-025 (Rev. July 1, 2009)

**ATTACHMENT**
**to Judicial Council Form**

CEB
www.ceb.com

www.courtinfo.ca.gov

Non-Order Search
Doc: OR:2018 00467142

Page 4 of 4

Requested By: martinv, Printed: 8/11/2020 1:43 PM

065

Exception No. 2 (Part 3)



U200003862424

B0303-7141 07/23/2020 3:55 PM Received by California Secretary of State

## STATE OF CALIFORNIA
*Office of the Secretary of State, Alex Padilla*
**NOTICE OF JUDGMENT LIEN (JL 1)**
California Secretary of State
1500 11th Street
Sacramento, California 95814
(916) 653-3516

| For Office Use Only |
|---|
| **-FILED-** |
| File #: U200003862424 |
| Date Filed: 7/23/2020 |

**Submitter Information:**

Contact Name

Organization Name

Phone Number

Email Address

Address                                             None

**Judgment Debtor Information:**

| Judgment Debtor Name | Mailing Address |
|---|---|
| Jamie Gallian | 16222 Monterey Ln Spc 376<br>Huntington Beach, CA 92649 |

**Judgment Creditor Information:**

| Judgment Creditor Name | Mailing Address |
|---|---|
| Janine Jasso | 16025 Warmington Lane<br>Huntington Beach, CA 92649 |

**Judgment Information:**

A. Name of Court Where Judgment Was Entered        Orange County Superior Court

B. Title of the Action        The Huntington Beach Gables HOA v. Bradley, Gallian, et al.

C. Case Number        30-2017-00913985-CU-CO-CJC

D. Date Judgment Was Entered        12/04/2018

| E. Date(s) of Subsequent Renewal of Judgment (if any) |
|---|
| None Entered |

F. Date of This Notice        07/23/2020

G. Amount Required to Satisfy Judgment at This Date of Notice        $53,684.41

All property subject to enforcement of a Money Judgment against the Judgment Debtor to which a Judgment Lien on personal property may attach under Section 697.530 of the Code of Civil Procedure is subject to this Judgment Lien.

**Declaration and Signature:**

Declaration:        I am a Judgment Creditor listed on the Judgment Lien.

☒  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

*Janine Jasso*        07/23/2020

Sign Here        Date

# EXHIBIT H

## EXHIBIT H

## EXHIBIT H

# Exception No. 3

1   Joyce J. Kapsal (SBN: 091950)
    Pejman D. Kharrazian (SBN: 279260)
2   EPSTEN GRINNELL & HOWELL, APC
    10200 Willow Creek Road, Suite 100
3   San Diego, CA 92131
    Phone: (858) 527-0111 / Facsimile: (858) 527-1531
4   jkapsal@epsten.com / pkharrazian@epsten.com

5   Attorneys for Petitioner
    THE HUNTINGTON BEACH GABLES HOMEOWNERS ASSOCIATION
6

7

8                   SUPERIOR COURT OF THE STATE OF CALIFORNIA

9            FOR THE COUNTY OF ORANGE, CENTRAL JUSTICE CENTER

10  THE HUNTINGTON BEACH GABLES          ) Case No. 2017-00962999
    HOMEOWNERS ASSOCIATION,              )
11                                       )
                                         ) Judge: Hon. Sherri Honer
12              Petitioner,              ) Dept.: C66
                                         )
13      v.                               ) NOTICE OF RULING ON PETITIONER'S
                                         ) MOTION FOR AWARD OF ATTORNEYS'
14  JAMIE LYNN GALLIAN,                  ) FEES
                                         )
15              Respondent.             )
                                         ) Hearing Date:  March 21, 2019
16                                       ) Hearing Time:  1:30 p.m.
                                         ) Dept.:         C-66
17  _____ )

18

19  TO RESPONDENT JAMIE L. GALLIAN AND TO HER ATTORNEY OF RECORD:

20         PLEASE TAKE NOTICE that on March 21, 2019, in Department C-66 of the above

21  entitled court, Petitioner's Motion for an Award of Attorneys' Fees against Respondent

22  JAMIE LYNN GALLIAN ("Gallian") came on regularly for hearing before the Hon. Sherri

23  Honer, Judge presiding. Steven Fink, Esq. appeared for Respondent and Joyce J. Kapsal, Esq.

24  appeared for Petitioner.

25         After considering the arguments of counsel, the Court confirmed its tentative ruling

26  which became the Order of the Court. Petitioner, THE HUNTINGTON BEACH GABLES

27  HOMEOWNERS ASSOCIATION, was awarded $9,265.00 in attorneys' fees.

28  / / /

                                         1
    3809774v1       NOTICE OF RULING ON PETITIONER'S MOTION FOR ATTORNEYS' FEES

1    A true and correct copy of the Court's tentative ruling, which became the Order of the

2    Court, is attached hereto as Exhibit A and incorporated herein by reference.

3

4    Dated: March 22, 2019                    EPSTEN GRINNELL & HOWELL, APC

5

6                                            By: _____

7                                              Joyce J. Kapsal / Rejman D. Kharrazian
                                               Attorneys for Petitioner THE
8                                              HUNTINGTON BEACH GABLES
                                               HOMEOWNERS ASSOCIATION

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

Dept C66 Law and Motion
Tentative Rulings
3/21/19

Cal #1    **Huntington Beach Gables Homeowners Assoc. v. Gallian**    17-00962999

Petitioner's motion for attorney fees is GRANTED. Petitioner is awarded $9,265.00 in attorney fees.

"With respect to attorney fees, section 425.16 provides in relevant part at subdivision (c): 'If the court finds that a special motion to strike is frivolous or is solely intended to cause unnecessary delay, the court *shall* award costs and reasonable attorney's fees to a plaintiff prevailing on the motion, pursuant to Section 128.5.' (Italics added.) Thus, the imposition of sanctions for a frivolous anti-SLAPP motion is mandatory. [Citation.]" (*Moore v. Shaw* (2004) 116 Cal.App.4th 182, 198-199.)

"The reference to section 128.5 in section 425.16, subdivision (c) means a court must use the procedures and apply the substantive standards of section 128.5 in deciding whether to award attorney fees under the anti-SLAPP statute. [Citation.] ... A determination of frivolousness requires a finding the anti-SLAPP 'motion is totally and completely without merit [citation], that is, *any reasonable attorney would agree such motion is totally devoid of merit.*" (*Moore, supra,* 116 Cal.App.4th at 199, internal quotations omitted.)

Here, the court finds respondent's anti-SLAPP motion was frivolous and brought solely for delay. The untimely motion was filed 8 months after the request for restraining order had been filed and was filed on the day set for the hearing on the request for restraining order. Moreover, for the reasons stated in denying respondent's anti-SLAPP motion, any reasonable attorney would find the motion totally devoid of merit. Although the request for restraining order refers to pending litigation with respondent, the conduct sought to be retrained was alleged threatening and harassing behavior and destruction of board members' personal property. Neither vandalism nor harassment are constitutionally protected speech.

Based on a review of the breakdown of legal work provided in counsel's supplemental declaration, petitioner seeks $10,050 for legal work related to preparing for the hearing on the restraining order, which was unrelated to opposing the anti-SLAPP motion. Additionally, petitioner billed 5 hours for attending a hearing on the anti-SLAPP motion, which could have been conducted via court call in no more than 1 hour (as was the hearing on the motion for attorney fees). Accordingly, the court finds attorney fees of $325 to be reasonable for attending the hearing on the anti-SLAPP motion and reduces the total amount of attorney fees awarded accordingly.

**Cal. #2    Orange County Transportation Authority (OCTA) v. Carrera                18-01026567**

Petitioner OCTA's unopposed motion to set aside the dismissal entered on November 20, 2018 is GRANTED.

Petitioner has demonstrated the dismissal entered on November 20, 2018 was the result of its counsel's inadvertence or excusable mistake. (Code Civ. Proc., § 473(b); Su Decl., ¶ 2.) Petitioner acted diligently in promptly moving for relief, accordingly, relief is mandatory.

Moreover, based on Nancy Su's declaration filed in support of the motion, OCTA has corrected the deficiency resulting in the OSC re dismissal initially being set. Specifically, the court scheduled the OSC due to an unexplained discrepancy between the address to which the notice of violations and the notice of intent to enter judgment were sent. Per Ms. Su's declaration, OCTA mailed the Notice of Intent to Enter Judgment to 11780 Hazeldell Dr. because it believes it is the current mailing address for respondents. (Su Decl., ¶ 3.) OCTA received this address through a skip trace after mail sent to respondents' previous address was returned. (Id.) The 11780 Hazeldell Dr. address is different than the address to which the 2014 Notice of Toll Evasion Violation was sent because it has been updated. (Id.) OCTA also provided evidence that it has not received returned mail from 11780 Hazeldell Dr. (Id. at ¶ 4.)

Respondents have failed to file an opposition to contest OCTA's account of the facts.

Moving party to give notice.

**Cal #3        Huntington Beach Gables Homeowners Assoc. v. Gallian        17-00962999**

Petitioner's motion for attorney fees is continued to 3/21/19 at 1:30 p.m. to allow for proper service. According to the proof of service, the declarant "caused" the documents to be served on respondent via email. A proof of service must be signed by the person actually serving the documents, not be someone "causing" the documents to be served. Moreover, there is no indication in the court file that respondent has agreed to accept electronic service (CCP § 1010.6(2)(A)(i)), and no email address was provided to the court when respondent filed a substitution of attorney on 12/4/18 updating her service address. (The court further notes the physical service address listed on the proof of service differs from the physical address noted in the substitution of attorney, which is the latest document filed by respondent in the action.)

In addition to continuing the motion to allow for service, the court further continues the motion to allow for the filing of detailed billing records, as it appears petitioner is seeking recovery of fees unrelated to opposing the anti-SLAPP motion. Accordingly, pursuant to *Christian Research Inst. v. Alnor* (2008) 165 Cal. App. 4th 1315, 1320, the court orders the petitioner to submit detailed billing records by 2/19/19. Assuming respondent is timely served by mail no later than 2/22/19, respondent's opposition is due 3/8/19.

POS-050/EFS-050

| ATTORNEY OR PARTY WITHOUT ATTORNEY    STATE BAR NO: 91950/ 279260 | FOR COURT USE ONLY |
|---|---|
| NAME: Joyce J. Kapsal / Pejman D. Kharrazian, Esq.<br>FIRM NAME: EPSTEN GRINNELL & HOWELL, APC<br>STREET ADDRESS: 10200 WILLOW CREEK ROAD, SUITE 100<br>CITY: SAN DIEGO    STATE: CA    ZIP CODE: 92131<br>TELEPHONE NO: 858-527-0111    FAX NO: 858-527-1531<br>E-MAIL ADDRESS: jkapsal@epsten.com / pkharrazian@epsten.com<br>ATTORNEY FOR (name): Huntington Beach Gables Homeowners Association | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF    ORANGE | |
|---|---|
| STREET ADDRESS: 700 Civic Center Drive West<br>MAILING ADDRESS: 700 Civic Center Drive West<br>CITY AND ZIP CODE: Santa Ana, CA 92701<br>BRANCH NAME: Central Justice Center | |

| PLAINTIFF/PETITIONER: The Huntington Beach Gables Homeowners Association | CASE NUMBER:<br>2017-00962999-CU-HR-CJC |
|---|---|
| DEFENDANT/RESPONDENT: Jamie L. Gallian | JUDICIAL OFFICER:<br>Hon. Sherri Honer |
| **PROOF OF ELECTRONIC SERVICE** | DEPARTMENT:<br>C-66 |

1.  I am at least 18 years old.

    a.  My residence or business address is *(specify)*: 10200 Willow Creek Road, Suite 100, San Diego, CA 92131

    b.  My electronic service address is *(specify)*: shart@epsten.com

2.  I electronically served the following documents *(exact titles)*: Notice of Ruling on Petitioner's Motion for Award of
                                         Attorneys' Fee

       [x] The documents served are listed in an attachment. *(Form POS-050(D)/EFS-050(D) may be used for this purpose.)*

3.  I electronically served the documents listed in 2 as follows:

    a.  Name of person served: Steven A. Fink

       On behalf of *(name or names of parties represented, if person served is an attorney)*:
       Jamie L. Gallian

    b.  Electronic service address of person served : sfink@stevefinklaw.com

    c.  On *(date)*: March 22, 2019

       [ ] The documents listed in item 2 were served electronically on the persons and in the manner described in an attachment.
       *(Form POS-050(P)/EFS-050(P) may be used for this purpose.)*

Date:    March 22, 2019

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Stephanie Hart
    (TYPE OR PRINT NAME OF DECLARANT)             ▶     *SHart*                  
                                                (SIGNATURE OF DECLARANT)

Page 1 of 1

| Form Approved for Optional Use<br>Judicial Council of California<br>POS-050/EFS-050 [Rev. February 1, 2017] | **PROOF OF ELECTRONIC SERVICE**<br>**(Proof of Service/Electronic Filing and Service)** | Cal. Rules of Court, rule 2.251<br>www.courts.ca.gov<br>Westlaw Doc & Form Builder |
|---|---|---|

## Exception No. 3 (Part 2)

Y                         B

105

**RECORDING REQUESTED BY:**

THE HUNTINGTON BEACH GABLES
HOMEOWNERS ASSOCIATION

**WHEN RECORDED MAIL TO:**

THE HUNTINGTON BEACH GABLES
HOMEOWNERS ASSOCIATION
Epsten Grinnell & Howell, APC
10200 Willow Creek Road, Suite 100
San Diego, CA  92131-1138

Recorded in Official Records, Orange County
Hugh Nguyen, Clerk-Recorder

||||||||||||||||||||||||||||||||||||  103.00
* S R 0 0 1 0 8 1 1 4 2 8 $ *
2019000148568 4:19 pm 05/03/19
105 417 A03   4
0.00 0.00 0.00 0.00 9.00 10.00 0.000.0075.00 3.00

**Title:**

ABSTRACT OF JUDGMENT

THE HUNTINGTON BEACH GABLES HOMEOWNERS ASSOCIATION

v.

JAMIE LYNN GALLIAN

**30-2017-00962999-CU-HR-CJC**

π
40
FF
kd
Sb
OF

EJ-001

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, address, and State Bar number):
After recording, return to:
Joyce J. Kapsal/Pejman D.        SBN: 091950/279260
EPSTEN GRINNELL & HOWELL, APC
10200 WILLOW CREEK ROAD, SUITE 100.
SAN DIEGO, CA 92131
TEL NO: 858-527-0111    FAX NO. (optional): 858-527-1531
E-MAIL ADDRESS (Optional): jkapsal@epsten.com
[X] ATTORNEY  [X] JUDGMENT   [ ] ASSIGNEE
    FOR          CREDITOR       OF RECORD

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE
STREET ADDRESS: 700 Civic Center Drive W091950/est/
MAILING ADDRESS: 700 Civic Center Drive West
CITY AND ZIP CODE: Santa Ana, CA 92701-4045
BRANCH NAME: Central Justice Center

FOR RECORDER'S USE ONLY

PLAINTIFF: The Huntington Beach Gables Homeowners Association
DEFENDANT: Jamie Lynn Gallian

CASE NUMBER
30-2017-00962999-CU-HR-CJC

## ABSTRACT OF JUDGMENT—CIVIL
## AND SMALL CLAIMS        [ ] Amended

FOR COURT USE ONLY

Pursuant to California Government Code § 68150(f), the Clerk of the Court hereby certifies this document accurately reflects the official court record. The electronic signature and seal on this document have the same validity and legal force and effect as an original clerk's signature and court seal. California Government Code § 68150(g).

1. The [X] judgment creditor   [ ] assignee of record
   applies for an abstract of judgment and represents the following:
   a. Judgment debtor's
      Name and last known address

      Jamie L. Gallian
      16222 Monterey Lane, #376
      Huntington Beach, CA 92649

   b. Driver's license no. [last 4 digits] and state: 0742/CA   [ ] Unknown
   c. Social security no. [last 4 digits]: xx-xx-3936          [ ] Unknown
   d. Summons or notice of entry of sister-state judgment was personally served or mailed to (name and address).
      Jamie L. Gallian, 16222 Monterey Lane, #376
      Huntington Beach, CA 92649

2. [ ] Information on additional judgment debtors is
       shown on page 2.

4. [ ] Information on additional judgment creditors is
       shown on page 2.

3. Judgment creditor (name and address):
   The Huntington Beach Gables Homeowners Association
   C/o Epsten Grinnell & Howell, 10200 Willow Creek
   Road, San Diego, CA 92131

5. [ ] Original abstract recorded in this county:
   a. Date:
   b. Instrument No.:

Date: April 3, 2019

Joyce J. Kapsal
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF APPLICANT OR ATTORNEY)

6. Total amount of judgment as entered or last renewed:
   $ 9265.00

7. All judgment creditors and debtors are listed on this abstract.

8. a. Judgment entered on (date): March 21, 2019
   b. Renewal entered on (date):

9. [ ] This judgment is an installment judgment.

10. [ ] An [ ] execution lien [ ] attachment lien
    is endorsed on the judgment as follows:
    a. Amount: $
    b. In favor of (name and address):

11. A stay of enforcement has
    a. [X] not been ordered by the court.
    b. [ ] been ordered by the court effective until
          (date):

12. a. [X] I certify that this is a true and correct abstract of
           the judgment entered in this action.
    b. [ ] A certified copy of the judgment is attached.

[SEAL]

David H. Yamasaki, Clerk of the Court

This abstract issued on (date):
04/30/2019

Clerk, by _____ , Deputy
S.Wilson

Form Adopted for Mandatory Use
Judicial Council of California
EJ-001 [Rev. July 1, 2014]

ABSTRACT OF JUDGMENT—CIVIL
AND SMALL CLAIMS

Page 1 of 2
Code of Civil Procedure, §§ 488.480,
674, 700.190
Westlaw Doc & Form Builder

| PLAINTIFF: The Huntington Beach Gables Homeowners Association | COURT CASE NO: |
|---|---|
| DEFENDANT: Jamie Lynn Gallian | 30-2017-00962999-CU-HR-CJC |

**NAMES AND ADDRESSES OF ADDITIONAL JUDGMENT CREDITORS:**

13. Judgment creditor *(name and address):*      14. Judgment creditor *(name and address):*

15. ☐ Continued on Attachment 15.

**INFORMATION ON ADDITIONAL JUDGMENT DEBTORS:**

16. _____    Name and last known address

Driver's license no. [last 4 digits] and state: ☐ Unknown
Social security no. [last 4 digits]: ☐ Unknown
Summons was personally served at or mailed to *(address):*

17. _____    Name and last known address

Driver's license no. [last 4 digits] and state: ☐ Unknown
Social security no. [last 4 digits]: ☐ Unknown
Summons was personally served at or mailed to *(address):*

18. _____    Name and last known address

Driver's license no. [last 4 digits] and state: ☐ Unknown
Social security no. [last 4 digits]: ☐ Unknown
Summons was personally served at or mailed to *(address):*

19. _____    Name and last known address

Driver's license no. [last 4 digits] and state: ☐ Unknown
Social security no. [last 4 digits]: ☐ Unknown
Summons was personally served at or mailed to *(address):*

20. ☐ Continued on Attachment 20.

EJ-001 [Rev July 1, 2014]

**ABSTRACT OF JUDGMENT—CIVIL
AND SMALL CLAIMS**

Page 2 of 2

# EXHIBIT I

# EXHIBIT I

# EXHIBIT I

Exception No. 4

ELECTRONICALLY RECEIVED
Superior Court of California,
County of Orange
04/02/2019 at 09:43:37 AM
Clerk of the Superior Court
By Natasha Dorfman,Deputy Clerk

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

MAY 0 6 2019

DAVID H. YAMASAKI, Clerk of the Court

BY:_____,DEPUTY

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF ORANGE, CENTRAL JUSTICE CENTER

| | |
|---|---|
| THE HUNTINGTON BEACH GABLES HOMEOWNERS ASSOCIATION, a California Nonprofit Mutual Benefit Corporation,<br><br>      Plaintiff,<br><br>v.<br><br>SANDRA L. BRADLEY, individually and as Trustee of the Sandra L. Bradley Trust; JAMIE L. GALLIAN, an individual; and DOES 1 through 25, inclusive,<br><br>      Defendants. | CASE NO. 37-2017-00913985-CU-CO-CJC<br><br>Judge: James L. Crandall<br>Dept.: C33<br><br>[PROPOSED] JUDGMENT IN FAVOR OF PLAINTIFF THE HUNTINGTON BEACH GABLES HOMEOWNERS ASSOCIATION AND AGAINST DEFENDANT JAMIE L. GALLIAN<br><br>Complaint Filed: April 11, 2017<br>First Amended Complaint filed: May 16, 2017<br>Trial Date: September 9, 2019 |

In this action for Breach of Governing Documents (Architectural Violations) and Nuisance Defendant Jamie L. Gallian was personally served with the Summons and Complaint on May 24, 2017. Defendant Gallian filed an answer to the Complaint, and to the First Amended Complaint. Subsequently, due to her failure to timely respond to discovery, on February 13, 2019 the Court ordered that Defendant's Answer to the Plaintiff's First Amended Complaint be stricken, and on February 13, 2019 entered the default against Defendant. Pursuant to the Court's order of February 13, 2019, Plaintiff The Huntington Beach Gables Homeowners Association has presented evidence of its costs for abating the nuisance caused by Defendant Gallian, as alleged in the First Amended Complaint.

082

1        Upon the Application of Plaintiff, The Huntington Beach Gables Homeowners

2  Association for judgment against Defendant, and upon having reviewed the evidence and

3  declarations, and proof having been made to the satisfaction of this Court, the Court finds in

4  favor of Plaintiff, The Huntington Beach Gables Homeowners Association ("Association"), and

5  against Defendant, Jamie L. Gallian ("Defendant") on all causes of action in the First Amended

6  Complaint filed herein on May 16, 2017.

7      IT IS HEREBY ADJUDGED, ORDERED AND DECREED, as follows:

8      1.     As to the First Cause of Action for Breach of Contract, the Court finds that

9  Defendant breached the Association's Governing Documents, including the "Declaration of

10  Covenants, Conditions and Restrictions for Huntington Beach Gables" containing the covenants,

11  conditions and restrictions which governing the properties located within the Association,

12  which was recorded on May 28, 1980, as Document No. 1980-28926 ("CC&Rs");

13      2.     At all times mentioned herein, Defendant was the tenant of, resident of, and/or

14  claimed some interest in the condominium unit located within the Association commonly known

15  as 4476 Alderport Drive, Unit 53, Huntington Beach, CA 92649 ("Subject Property");

16      3.     As a result of Defendant's breach of contract, Plaintiff's damages include the cost

17  of repairing damage to the Common Area caused by Defendant's failing to adhere to the

18  architectural guidelines and specifications with respect to the construction of the patio cover and

19  by constructing a concrete pad and installing an air conditioning unit on the exterior of

20  Defendant's Subject Property which encroached upon the Association's common area and

21  destroying the Association's landscaping;

22      4.     As the Second Cause of Action for Nuisance, the Court finds that Defendant

23  created conditions on the Subject Property that are an annoyance and nuisance to the Association

24  and its residents, and as a result, the Association has incurred attorneys' fees and costs in

25  connection with abating the nuisance;

26      5.     Plaintiff is entitled to recover its reasonable attorneys' fees and costs from

27  Defendant pursuant to Civil Code section 5975(c) and Article XIV, Section 14. 7 of the

28  Association's CC&Rs;

2

6.    Plaintiff is further entitled to recover its costs to repair damage to the Common Area caused by unauthorized installation of the concrete pad and air conditioning unit, causing extensive damage to the landscaping pursuant to the CC&Rs, Article XIV, Section 14.8 as well as costs for removal of the concrete pad and landscaping repairs;

7.    Association as Plaintiff, as the prevailing party in the action and pursuant to Civil Code section 5975(c) and Article XIV, Section 14. 7 of the Association's CC&Rs, shall recover from Defendant its legal costs in the amount of $ *10,693.12* and attorneys' fees in the amount of $ *178,362*. Plaintiff shall also recover concrete removal and landscaping repair costs in the amount of $1,295.00;

8.    Association as Cross-Defendant, as the prevailing party in the action and pursuant to Civil Code section 5975(c) and Article XIV, Section 14. 7 of the Association's CC&Rs, shall recover from Cross-Complainant its legal costs in the amount of $ *6,050.47* and attorneys' fees in the amount of $ *20,183*

9.    Judgment is hereby entered in favor of Plaintiff The Huntington Beach Gables Homeowners Association for recovery of its attorney's fees and costs, and costs for concrete removal and landscaping repair costs, against Defendant Jamie L. Gallian, and Defendant is ordered to pay said sums to Plaintiff;

10.    Plaintiff The Huntington Beach Gables Homeowners Association is awarded judgment in the **total amount of $** *315,288.59*, which will accrue interest at the rate of ten (10%) per annum from the date judgment is entered herein, until paid in full; and

11.    Pursuant to Code of Civil Procedure §§ 685.040, 685.080, Defendant Jamie L. Gallian shall pay to Plaintiff any and all sums reasonably incurred by Plaintiff in enforcing the Judgment.

**IT IS SO ORDERED.**

Dated: _5 - 6 -_ , 2019

_____
The Honorable James L. Crandall
Judge of the Superior Court

3
JUDGMENT IN FAVOR OF PLAINTIFF AND AGAINST DEFENDANT JAMIE L. GALLIAN

3800892v1

084

# Exception No. 4 (Part 2)

Y                          B

48

**EJ-001**

Recording Requested by and When Recorded Mail to
Joyce J. Kapsal / Pejman D.    SBN: 091950 / 279260
EPSTEN GRINNELL & HOWELL, APC
10200 Willow Creek Road, Suite 100
San Diego, CA 92131
TEL NO: 858-527-0111    FAX NO. (optional): 858-527-1531
E-MAIL ADDRESS (Optional): jkapsal@epsten.com /
[X] ATTORNEY [X] JUDGMENT [  ] ASSIGNEE
    FOR      CREDITOR      OF RECORD

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE
STREET ADDRESS: 700 Civic Center Drive West
MAILING ADDRESS: 700 Civic Center Drive West
CITY AND ZIP CODE: Santa Ana, CA 92701
BRANCH NAME: Central Justice Center

**Recorded in Official Records, Orange County**
**Hugh Nguyen, Clerk-Recorder**

90.00

||||||||| *$ R O O 1 O 8 3 8 3 3 9 $ *

2019000165259 12:56 pm 05/16/19
48 401 A03   3
0.00 0.00 0.00 0.00 6.00 0.00 0.00 0.0075.00 3.00

*FOR RECORDER'S USE ONLY*

PLAINTIFF: The Huntington Beach Gables Homeowners Association
DEFENDANT: Sandra Bradley, et al.

CASE NUMBER
30-2017-00913985-CU-CO-CJC

**ABSTRACT OF JUDGMENT—CIVIL**
**AND SMALL CLAIMS**    [X] Amended

*FOR COURT USE ONLY*

Pursuant to California Government Code § 68150(f), the Clerk of the Court hereby certifies this document accurately reflects the official court record. The electronic signature and seal on this document have the same validity and legal force and effect as an original clerk's signature and court seal. California Government Code § 68150(g).

1. The [X] judgment creditor   [  ] assignee of record
   applies for an abstract of judgment and represents the following:
   a. Judgment debtor's
      Name and last known address

   Jamie L. Gallian
   4476 Alderport Drive #53
   Huntington Beach, CA 92649

   b. Driver's license no. [last 4 digits] and state: 0742 / CA   [  ] Unknown
   c. Social security no. [last 4 digits]: xxx-xx-3936          [  ] Unknown
   d. Summons or notice of entry of sister-state judgment was personally served or mailed to *(name and address)*:
      4476 Alderport Drive #53, Huntington Beach, CA 92649

2. [  ] Information on additional judgment debtors is shown on page 2.
3. Judgment creditor *(name and address)*:
   The Huntington Beach Gables Homeowners Association
   c/o Epsten Grinnell & Howell, 10200 Willow
   Creek Rd, Ste 100, San Diego, CA 92131
   Date: May 8, 2019
   Joyce J. Kapsal
   *(TYPE OR PRINT NAME)*

4. [  ] Information on additional judgment creditors is shown on page 2.
5. [  ] Original abstract recorded in this county:
   a. Date:
   b. Instrument No.:

   ► _____
   *(SIGNATURE OF APPLICANT OR ATTORNEY)*

6. Total amount of judgment as entered or last renewed:
   $ 319,653.59

7. All judgment creditors and debtors are listed on this abstract.

8. a. Judgment entered on *(date)*: 5/6/2019 [9/27/2018 sanctions]
   b. Renewal entered on *(date)*:

9. [  ] This judgment is an installment judgment.

[SEAL]

David H. Yamasaki, Clerk of the Court

This abstract issued on *(date)*:
May 14, 2019

10. [  ] An [  ] execution lien [  ] attachment lien
    is endorsed on the judgment as follows:
    a. Amount: $
    b. In favor of *(name and address)*:

11. A stay of enforcement has
    a. [X] not been ordered by the court.
    b. [  ] been ordered by the court effective until *(date)*:

12. a. [X] I certify that this is a true and correct abstract of the judgment entered in this action.
    b. [  ] A certified copy of the judgment is attached.

Clerk, by   Mary Johnson           Mary M Johnson
                                              , Deputy

Form Adopted for Mandatory Use
Judicial Council of California
EJ-001 [Rev. July 1, 2014]

**ABSTRACT OF JUDGMENT—CIVIL**
**AND SMALL CLAIMS**

Page 1 of 2
Code of Civil Procedure, §§ 488.480,
674, 700.190
Westlaw Doc & Form Builder

Non-Order Search
Doc: OR:2019 00165259

Page 1 of 3

* Requested By: martinv, Printed: 8/11/2020 1:43 PM

| PLAINTIFF: The Huntington Beach Gables Homeowners Association | COURT CASE NO.: |
|---|---|
| DEFENDANT: Sandra Bradley, et al. | 30-2017-00913985-CU-CO-CJC |

**NAMES AND ADDRESSES OF ADDITIONAL JUDGMENT CREDITORS:**

13. Judgment creditor *(name and address):*          14. Judgment creditor *(name and address):*

15. ☐ Continued on Attachment 15.

**INFORMATION ON ADDITIONAL JUDGMENT DEBTORS:**

16. ___    Name and last known address          17. ___    Name and last known address

Driver's license no. [last 4 digits] and state:          Driver's license no. [last 4 digits] and state:
☐ Unknown                                                ☐ Unknown
Social security no. [last 4 digits]:   ☐ Unknown          Social security no. [last 4 digits]:   ☐ Unknown
Summons was personally served at or mailed to *(address):*   Summons was personally served at or mailed to *(address):*

18. ___    Name and last known address          19. ___    Name and last known address

Driver's license no. [last 4 digits] and state:          Driver's license no. [last 4 digits] and state:
☐ Unknown                                                ☐ Unknown
Social security no. [last 4 digits]:   ☐ Unknown          Social security no. [last 4 digits]:   ☐ Unknown
Summons was personally served at or mailed to *(address):*   Summons was personally served at or mailed to *(address):*

20. ☐ Continued on Attachment 20.

EJ-001 [Rev. July 1, 2014]          **ABSTRACT OF JUDGMENT—CIVIL
AND SMALL CLAIMS**          Page 2 of 2

# EXHIBIT J

# EXHIBIT J

# EXHIBIT J

## Exception No. 5

COPY OF DUPLICATE RECORDED ABSTRACT

**EJ-001**

Recording Requested by and When Recorded Mail to
Joyce J. Kapsal / Pejman D.      SBN: 091950 / 279260
EPSTEN GRINNELL & HOWELL, APC
10200 Willow Creek Road, Suite 100
San Diego, CA 92131
TEL NO: 858-527-0111      FAX NO (optional): 858-527-1531
E-MAIL ADDRESS (Optional): jkapsal@epsten.com /

| [X] ATTORNEY FOR | [X] JUDGMENT CREDITOR | [ ] ASSIGNEE OF RECORD |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE
STREET ADDRESS: 700 Civic Center Drive West
MAILING ADDRESS: 700 Civic Center Drive West
CITY AND ZIP CODE: Santa Ana, CA 92701
BRANCH NAME: Central Justice Center

**Recorded in Official Records, Orange County
Hugh Nguyen, Clerk-Recorder**

97.00

* $ R 0 0 1 0 8 3 9 3 4 7 5 * *

2019000166068 3:10 pm 05/16/19

105 417 A03   2

0.00 0.00 0.00 0.00 3.00 10.00 0.00 0.0075.00 3.00

FOR RECORDER'S USE ONLY

| PLAINTIFF: The Huntington Beach Gables Homeowners Association | CASE NUMBER: |
| DEFENDANT: Sandra Bradley, et al. | 30-2017-00913985-CU-CO-CJC |

**ABSTRACT OF JUDGMENT—CIVIL
AND SMALL CLAIMS**    [X] Amended

FOR COURT USE ONLY

Pursuant to California Government Code § 68150(f), the Clerk of the Court hereby certifies this document accurately reflects the official court record. The electronic signature and seal on this document have the same validity and legal force and effect as an original clerk's signature and court seal. California Government Code § 68150(g).

1. The [X] judgment creditor [ ] assignee of record
   applies for an abstract of judgment and represents the following:
   a. Judgment debtor's
      Name and last known address

   ```
   Jamie L. Gallian
   4476 Alderport Drive #53
   Huntington Beach, CA 92649
   ```

   b. Driver's license no. [last 4 digits] and state: 0742 / CA      [ ] Unknown
   c. Social security no. [last 4 digits]: xxx-xx-3936      [ ] Unknown
   d. Summons or notice of entry of sister-state judgment was personally served or mailed to (name and address):
      4476 Alderport Drive #53, Huntington Beach, CA 92649

2. [ ] Information on additional judgment debtors is shown on page 2.
3. Judgment creditor (name and address):
   The Huntington Beach Gables Homeowners Association
   c/o Epsten Grinnell & Howell, 10200 Willow
   Creek Rd, Ste 100, San Diego, CA 92131
   Date: May 8, 2019

   Joyce J. Kapsal
   _____
   (TYPE OR PRINT NAME)

4. [ ] Information on additional judgment creditors is shown on page 2.
5. [ ] Original abstract recorded in this county:
   a. Date:
   b. Instrument No.:

   ▶ _____
   (SIGNATURE OF APPLICANT OR ATTORNEY)

6. Total amount of judgment as entered or last renewed:
   $ 319,653.59
7. All judgment creditors and debtors are listed on this abstract.
8. a. Judgment entered on (date): 5/6/2019 [9/27/2018 sanctions]
   b. Renewal entered on (date):

9. [ ] This judgment is an installment judgment.

[SEAL]

David H Yamasaki, Clerk of the Court

This abstract issued on (date):
May 14, 2019

10. [ ] An [ ] execution lien [ ] attachment lien
    is endorsed on the judgment as follows:
    a. Amount: $
    b. In favor of (name and address):

11. A stay of enforcement has
    a. [X] not been ordered by the court.
    b. [ ] been ordered by the court effective until (date):

12. a. [X] I certify that this is a true and correct abstract of the judgment entered in this action.
    b. [ ] A certified copy of the judgment is attached.

    Mary M Johnson

    Clerk, by    Mary Johnson    , Deputy

Form Adopted for Mandatory Use
Judicial Council of California
EJ-001 (Rev July 1, 2014)

**ABSTRACT OF JUDGMENT—CIVIL
AND SMALL CLAIMS**

Page 1 of 2
Code of Civil Procedure, §§ 488,480,
674 700.190
Westlaw Doc & Form Builder™

090

| PLAINTIFF: The Huntington Beach Gables Homeowners Association<br>DEFENDANT: Sandra Bradley, et al. | COURT CASE NO.<br>30-2017-00913985-CU-CO-CJC |
|---|---|

**NAMES AND ADDRESSES OF ADDITIONAL JUDGMENT CREDITORS:**

13. Judgment creditor *(name and address):*

14. Judgment creditor *(name and address):*

15. ☐ Continued on Attachment 15.

**INFORMATION ON ADDITIONAL JUDGMENT DEBTORS:**

16.     Name and last known address

Driver's license no. [last 4 digits] and state:
    ☐ Unknown

Social security no. [last 4 digits]:     ☐ Unknown

Summons was personally served at or mailed to *(address):*

17.     Name and last known address

Driver's license no. [last 4 digits] and state:
    ☐ Unknown

Social security no. [last 4 digits]:     ☐ Unknown

Summons was personally served at or mailed to *(address):*

18.     Name and last known address

Driver's license no. [last 4 digits] and state:
    ☐ Unknown

Social security no. [last 4 digits]:     ☐ Unknown

Summons was personally served at or mailed to *(address):*

19.     Name and last known address

Driver's license no. [last 4 digits] and state:
    ☐ Unknown

Social security no. [last 4 digits]:     ☐ Unknown

Summons was personally served at or mailed to *(address):*

20. ☐ Continued on Attachment 20.

EJ-001 [Rev. July 1, 2014]

**ABSTRACT OF JUDGMENT—CIVIL
AND SMALL CLAIMS**

Page 2 of 2

091

# EXHIBIT K

# EXHIBIT K

# EXHIBIT K

0

1  <u>Recording Requested by and</u>
   <u>When Recorded Return to:</u>

2

Recorded in Official Records, Orange County
Hugh Nguyen, Clerk-Recorder

║█║█║█║█║█║█║█║█║█║█║█║█║█║  91.00
* S R 0 0 1 2 0 2 0 7 0 1 S *
**2020000481922** 1:58 pm 09/10/20
94 401A R12   3
0.00 0.00 0.00 0.00 6.00 0.00 0.000.0075.00 3.00

3  Joyce J. Kapsal, Bar No. 091950
   jkapsal@epsten.com
   Pejman D. Kharrazian, Bar No. 279260
4  pkharrazian@epsten.com
   EPSTEN, APC
5  10200 Willow Creek Road, Suite 100
   San Diego, California 92131
6  (858) 527-0111/ Fax (858) 527-1531

7  Attorneys for Plaintiff, Cross-Defendant
   THE HUNTINGTON BEACH GABLES
8  HOMEOWNERS ASSOCIATION

9              SUPERIOR COURT OF THE STATE OF CALIFORNIA

10             COUNTY OF ORANGE, CENTRAL JUSTICE CENTER

11 THE HUNTINGTON BEACH GABLES          CASE NO. 30-2017-00913985-CU-CO-CJC
   HOMEOWNERS ASSOCIATION, a
12 California Nonprofit Mutual Benefit      **RELEASE OF ABSTRACT OF**
   Corporation,                          **JUDGMENT RECORDED IN ORANGE**
13                                        **COUNTY ON MAY 16, 2019 AS**
            Plaintiff,                    **DOCUMENT NO. 2019000166068**
14
15         v.
16 SANDRA L. BRADLEY, individually and
   as Trustee of the Sandra L. Bradley Trust;
17 JAMIE L. GALLIAN, an individual; and
   DOES 1 through 25, inclusive,
18         Defendants.
19

20        On May 6, 2019, a Judgment in the amount of $319,653.59 was entered in favor of

21 Plaintiff-Judgment Creditor THE HUNTINGTON BEACH GABLES HOMEOWNERS

22 ASSOCIATION and against Defendant-Judgment Debtor JAMIE L. GALLIAN in the records

23 of the above-captioned court. Judgment Creditor summarily created a judgment lien on real

24 property owned by Judgment Debtor by recording an Abstract of Judgment in the Office of the

25 County Recorder of Orange County on May 16, 2019, at 12:56 p.m. as Document No.

26 201900016259. Also, on May 16, 2019, at 3:10 p.m., another original of the same Abstract of

27 Judgment was recorded in the Office of the County Recorder of Orange County as Document

28 No. 201900016608.

1

093

1        **NOTICE IS HEREBY GIVEN** that Judgment Creditor hereby withdraws and rescinds

2    the second Abstract of Judgment (*only the second*) which was recorded on May 16, 2019, at

3    3:10 p.m., in the official records in the Office of the Recorder of Orange County, California, as

4    Document No. 201900016608. *The Abstract of Judgment recorded in the Office of the County*

5    *Recorder of Orange County on May 16, 2019, at 12:56 p.m. as Document No. 201900016259*

6    *is to remain in full force and effect.*

7        **NOTICE IS FURTHER GIVEN** that the Abstract of Judgment recorded in the Office

8    of the County Recorder of Orange County, on May 16, 2019, at 12:56 p.m. as Document No.

9    201900016259 is still valid, enforceable, and secures as a lien against any and all real property

10   owned by Defendant-Judgment Debtor JAMIE L. GALLIAN, which is located within the

11   County of Orange, which was levied upon as a result of the recording of the Abstract of

12   Judgment.

13   Dated: August 20, 2020                    EPSTEN, APC

14

15   By: _____
                        Joyce J. Kapsal
16                      Attorneys for Plaintiff Judgment Creditor
                        THE HUNTINGTON BEACH GABLES
17                      HOMEOWNERS ASSOCIATION

18

19

20

21

22

23

24

25

26

27

28

2

4283330v1                Release of Abstract of Judgment Recorded on MAY 16, 2019 as Document No. 2019000166068

1

2   | A Notary Public or other officer completing this certificate verifies only the identity of
3   | the individual who signed the document to which this certificate is attached, and not the
    | truthfulness, accuracy, or validity of that document.

4   STATE OF CALIFORNIA   )

5   COUNTY OF SAN DIEGO   )

6       On August 20, 2020, before me, _Olivia M. Castro_, Notary Public, personally

7   appeared Joyce J. Kapsal, who proved to me on the basis of satisfactory evidence to be the

8   person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me

9   that he/she/they executed the same in his/her/their authorized capacity(ies), and that by

    his/her/their signatures(s) on the instrument the person(s), or the entity upon behalf of which

10  the person(s) acted, executed the instrument.

11      I certify under PENALTY OF PERJURY under the laws of the State of California that

12  the foregoing paragraph is true and correct.

13

14  WITNESS my hand and official seal.

15

16  Notary Public

17

18

19

20

21

22

23

24

25

26

27

28

3

Release of Abstract of Judgment Recorded on May 16, 2019 as Document No. 2019000166068

4283330v1

1
2
3
4
5
6
7



FILED & ENTERED

DEC 19 2022

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY mccall    DEPUTY CLERK

8    **UNITED STATES BANKRUPTCY COURT**

9    **CENTRAL DISTRICT OF CALIFORNIA**

10    **SANTA ANA DIVISION**

11

12   In re                                          Chapter 7

13   JAMIE LYNN GALLIAN,

14                                                   Case No. 8:21-bk-11710-SC

15                Debtor.                            **MEMORANDUM OF DECISION
                                                     REGARDING DEBTOR'S MOTION FOR**
16                                                   **RECONSIDERATION OF THE COURT'S
                                                     AUGUST 5, 2022 ORDER SUSTAINING**
17                                                   **OBJECTION TO DEBTOR'S
                                                     HOMESTEAD EXEMPTION**

18                                                   Date:    September 22, 2022
                                                     Time:    10:00 a.m.
19                                                   Place:   Courtroom 5A – via zoom

20           On July 26, 2022, Jamie Lynn Gallian ("Debtor") filed "Debtors [sic] Notice of and

21   Motion for Reconsideration of 7.21.22 Order Sustaining Houser Bros. Co. DBA Rancho

22   Del Rey Mobile Home Estates [sic] Objection to Debtor's Claimed Homestead Exemption

23   and Joinder Parties Huntington Beach Gables HOA; Janine Jasso" [dkt # 157] (the

24   "Motion"). Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates ("Houser Bros")

25   filed a "Response to Debtor's Notice of and Motion for Reconsideration of 7.21.22 Order

26   Sustaining Houser Bros. Co. DBA Rancho Del Rey Mobile Home Estate's [sic] Objection

27

28
                                                                                       096

to Debtor's Claimed Homestead Exemption" [dkt # 170] (the "Response") on August 4, 2022. Jeffrey Golden, the Chapter 7 Trustee ("Trustee"), filed "Trustee's Joinder in Houser Bros. Co. DBA Rancho Del Rey Mobile Home Estates' Response to Debtor's Notice of and Motion for Reconsideration of 7.21.22 Order Sustaining Houser Bros. Co. DBA Rancho Del Rey Mobile Home Estate's [sic] Objection to Debtor's Claimed Homestead Objection" [dkt 171] (the "Trustee's Joinder") on August 4, 2022. Also on August 4, 2022, the Huntington Beach Gables Homeowners Association (the "HOA") filed "The Huntington Beach Gables Homeowners Association's Joinder to Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates' Response to Debtor's Motion for Reconsideration" [dkt #173] (the "HOA Joinder"). Debtor filed a "Reply to Houser Bros Co DBA Rancho Del Rey MobileHome [sic] Estates [sic] Opposition to Debtors [sic[ Motion for Consideration [sic] of 7/21/22 Order Sustaining Houser Bros Co DBA Rancho Del Rey Mobilehome [sic] Estates [sic] Objection to Debtor's Claimed Homestead Exemption" [dkt #185] (the "Reply").  The Motion initially came on for hearing before the Honorable Erithe A. Smith on August 18, 2022 at 10:30 a.m. The hearing was subsequently continued to September 22, 2022 for further oral argument.  Appearances were made as noted on the Court's record. After the hearing, the matter was taken under advisement.[1]

Procedural Background

On May 12, 2022, Houser Bros filed a "Motion Objecting to Debtor's Claimed Homestead Exemption" ("Homestead Motion"). Dkt. 95.  Joinders to the Homestead Motion were filed by the HOA, creditor Janine Jasso ("Jasso"), and chapter 7 trustee

---

[1] This case was transferred to the Honorable Scott Clarkson on September 1, 2022 due to the retirement of the undersigned, Judge Erithe Smith, on October 29, 2022. However, as Judge Smith issued the underlying order sustaining Trustee's objection to Debtor's homestead exemption, presided over the hearing on Debtor's instant motion for reconsideration, and continues to serve as a recalled bankruptcy judge, she has authority and jurisdiction to rule on this motion for reconsideration.

2

Jeffrey Golden ("Trustee")[2] (collectively, the "Joining Parties"). Dkts. 98, 100. The

Homestead Motion was set for hearing on June 2, 2022, at 10:30 a.m. Dkt. 99. Debtor

filed a late opposition to the Homestead Motion ("Homestead Opposition") on June 1,

2022, just one day prior to the hearing. Dkt. 105.

On June 2, 2022, the Court conducted a hearing on the Homestead Motion

and continued the hearing to July 21, 2022  in order to allow the Joining Parties to

respond to Debtor's late-filed Homestead Opposition.  On June 23, 2022, the Court

entered its "Order Continuing Hearing on Motion Objecting to Debtor's Claimed

Homestead Exemption" ("June 23, 2022 Order"), which attached a copy of the

Court's tentative ruling for the hearing on June 2, 2022. Dkt. 124. The June 23,

2022 Order provided that the hearing on the Homestead Motion was continued to

July 21, 2022, at 10:30 a.m. to allow Houser Bros and the Joining Parties to file

replies to Debtor's late opposition by July 7, 2022 and that no further pleadings

were to be filed regarding the Motion. Dkt. 124.

Timely reply briefs were filed by Houser Bros and the HOA. Dkts. 129, 130,

131, 132, 133. On July 8, 2022, Debtor filed an unauthorized "Reply to Greg

Buysman, CA Notary Public Commission Number 2341449; Owner & Operator the

UPS Store, Edinger/Springdale." Dkt. 134.

The Court held a continued hearing on the Homestead Motion on July 21,

2022, at which time it orally granted the same for the reasons stated in its posted

tentative ruling. That same day, on July 21, 2022, Debtor filed a "Notice of

Lodgment of Orange County Tax Assessors [sic] Proof of Debtors [sic] Homestead

Exemption Effective 2/25/2021 in Support of Opposition to Motion Objecting to

---

[2] Trustee's joinder was not filed until June 30, 2022. Dkt. 128.

Claimed Homestead Exemption" ("First NOL"). Dkt. 139. Later that same day, Debtor

also filed a "Notice of Lodgment of Orange County Tax Assessors [sic] Proof of Debtors

[sic] Homestead Exemption Effective 2/25/2021 in Support of Opposition to Motion

Objecting to Claimed Homestead Exemption" ("Second NOL"). Dkt. 140. Finally, on July

21, 2022,  Debtor filed a "Notice of Appeal and Statement of Election" ("Notice of

Appeal") regarding a "7/21/2022 Order Denying Debtors [sic] Declared Homestead and

Debtors [sic] Homeowners Exemption Effective February 25, 2021 with the Orange

County Tax Assessor Pursuant to California Department of Housing and Community

Development Certificate of Title Perfected February 25, 2021." Dkt. 143. Debtor's appeal

was referred to the Bankruptcy Appellate Panel based on Debtor's election. Dkt. 161.

However, the Court's "Order Granting Houser Bros. Co. dba Rancho Del Rey Mobile

Home Estates's Motion Objecting to Debtor's Claimed Homestead Exemption in 16222

Monterey Lane, Space 376, Huntington Beach, CA 92649" ("Homestead Order") was not

entered until August 5, 2022. Dkt. 177.

On July 26, 2022, Debtor filed the Motion. Dkt. 157.  Shortly thereafter, on August

1, 2022, Debtor filed a "Motion for Leave from the Bankruptcy Appeal [sic] Panel to

Permit the Bankruptcy Court to Consider Debtor's Motion for Re-Consideration [dkt. 157]

on August 18, 2022." Dkt. 167. The following day, on August 2, 2022, Houser Bros filed

an "Optional Appellee Statement of Election to Proceed in District Court." Dkt. 168. A

Notice of Transfer of Appeal to District Court was filed on the docket by the Debtor on

August 8, 2022. Dkt. 180. Debtor also filed a Notice Regarding Appeal From Bankruptcy

Court that was entered on August 11, 2022. Dkt. 184.  Ultimately, the District Court Case,

no. 8:22-cv-1462-RGK was dismissed by Debtor, thereby eliminating any issue regarding

this Court's jurisdiction over the Motion. *See* Dkt. 215.

099

1  <u>Standards for Relief Under Federal Rules of Civil Procedure 59(e) and 60(b)</u>

2  Federal Rules of Civil Procedure (FRCP) 59(e) and 60(b) are applicable to

3  bankruptcy cases pursuant to Federal Rules of Bankruptcy Procedure 9023 and

4  9024 respectively.

5  A motion brought under FRCP 59 involves reconsideration on the merits and

6  generally should not be granted unless it is based on at least one of the following

7  grounds: (1) to correct manifest errors of law or fact upon which the judgment is based;

8  (2) to allow the moving party the opportunity to present newly discovered or previously

9  unavailable evidence; (3) to prevent manifest injustice; or (4) to reflect an intervening

10  change in controlling law.  *In re Oak Park Calabasas Condominium Ass'n*, 302 B.R. 682,

11  683 (Bankr.C.D.Cal.2003), *citing McDowell v. Calderon,* 197 F.3d 1253, 1255 (9th

12  Cir.1999), *cert. denied,* 529 U.S. 1082, 120 S.Ct. 1708, 146 L.Ed.2d 511 (2000) (cit.

13  omitted).  The term "manifest error" is "an error that is plain and indisputable, and that

14  amounts to a complete disregard of the controlling law or the credible evidence in the

15  record." *Oak Park* at 783.  A "manifest injustice" is defined as "an error in the trial court

16  that is direct, obvious, and observable, such as a defendant's guilty plea that is

17  involuntary or that is based on a plea agreement that the prosecution rescinds."  *Id.*

18  A motion brought under FRCP 59 "may seek a reconsideration of the

19  correctness and merits of the trial court's underlying judgment."  *In re Wylie*, 349

20  B.R. 204, 209 (9th Cir. BAP 2006).  A motion based on FRCP 59 may not be used

21  "to raise arguments or present evidence for the first time when they could

22  reasonably have been raised earlier in the litigation." *Kona Enters., Inc. v. Estate

23  of Bishop,* 229 F.3d 877, 890 (9th Cir.2000). Further, such a motion may not be

24  used to present a new legal theory for the first time, to raise legal arguments which

5

100

could have been raised in connection with the original motion, or "to rehash the same arguments presented the first time or simply express the opinion that the court was wrong." *In re JSJF Corp.,* 344 B.R. 94, 103 (9th Cir. BAP 2006), *aff'd and remanded*, 277 Fed.Appx. 718 (9th Cir. 2008).

Under FRCP 60(b), a party may seek relief from a final judgment or order on the following enumerated grounds: 1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Factual Background

This matter involves a dispute over Debtor's claimed homestead exemption in the manufactured home located at 16222 Monterey Lane, Unit 376, Huntington Beach, CA (the "Property"). The underlying facts are complex and are set forth in the pleadings filed in connection with the Homestead Motion and the instant Motion and are incorporated herein by reference. However, due to the narrow scope of this Memorandum, such facts will not be fully discussed except as relevant to the Court's findings and conclusions.

The pleadings filed in connection with the Homestead Motion focused primarily on whether Debtor had an ownership interest in the Property as of the petition date, i.e., July 9, 2021.  It is undisputed that shortly after the acquisition of the Property in November 2018, its registered owner was J-Sandcastle LLC ("Sandcastle"), an entity wholly owned by Debtor.  Thereafter, Ron Pierpont and J-Pad LLC were added as the Property's legal

owners.  According to Debtor, Sandcastle's interest in the Property was transferred to her

on February 21, 2021; according to Houser Bros the transfer did not occur and/or did not

become effective until *after* July 9, 2021.  In her opposition to the Homestead Motion,

Debtor argued, among other things, that she qualified for the automatic homestead

exemption permitted under California law because she had continuously resided on the

Property as her principal residence since 2018 to the present. Debtor's Opposition to

Homestead Motion at pp.15, 20. Dkt. 105. There was no evidence presented by the

Joining Parties that disputed Debtor's residency claim.

Oral argument at the hearing on the Homestead Motion also focused on the issue

of ownership as of the filing of the bankruptcy petition.  Indeed, the Court's ruling on the

Homestead Motion exclusively relied on matters relating to ownership, as reflected in the

following excerpts from the Homestead Order:

> In In re *Shaefers*[3]*,* the Ninth Circuit BAP found that a Chapter 7
> debtor cannot claim homestead exemption in limited liability company
> (LLC) that he owned, which owned real property at which debtor resided;
> debtor did not identify any beneficial or equitable interest in the property,
> and LLC members such as debtor had no interest in the company's
> assets, rather, debtor's interest in LLC was a personal property interest
> outside the statutory definition of a homestead. 623 B.R. 777 (B.A.P. 9th
> Cir. 2020).
>
> Here, Debtor has failed to meet her burden that the Property is
> subject to exemption. First, the HCD records show that J-Sandcastle LLC,
> not Debtor, was the Property's owner of record on the Petition Date. As of
> June 7, 2021— about a month before the Petition Date—the Property's
> registered owner was J-Sandcastle LLC, and the legal owners were
> Pierpont and J-Pad LLC. Hays Decl., Ex. 17 at 142. The HCD webpage
> indicates that "documents and fees" must be submitted to the HCD to

---

[3] *In re Shaefers* was subsequently vacated by the Ninth Circuit on August 31, 2022 due to the dismissal of
the bankruptcy case.  *In re Schaefers* ("*Schaefers II*"), 2022 WL 3973920, at *1 (9th Cir. Aug. 31,
2022) (vacating decision). The BAP decision therefore has "no precedential authority whatsoever." *See
O'Connor v. Donaldson*, 422 U.S. 563, 578 n. 2, 95 S.Ct. 2486, 2495 n. 2, 45 L.Ed.2d 396 (1975) . It's
availability for citation for any purpose is, therefore, uncertain.  In any event, the Court notes that 1) in
*Shaefers*, the debtor asserted an interest in the LLC itself and not in the real property owned by the LLC,
and 2) as discussed *supra* herein, an equitable interest in real property may be shown by occupancy.

102

1   transfer ownership of a manufactured home or manufactured home. The
2   June 7, 2021, Title Search did not note any pending applications for title or
    registration change that might have added Debtor as the registered or
3   legal owner of the Property before the Petition Date. And, Debtor paid no
    fees to the HCD between June 7, 2021, and the Petition Date that could
4   have effectuated a title change. See Hays Decl., Ex. 26.

5       Moreover, the July 2021 HCD Transaction had a transaction date of
    July 14, 2021—five days after the Petition Date—and included a certificate
6   of title showing J-Sandcastle LLC as the Property's registered owner and
    Pierpont and J-Pad LLC as the Property's legal owners. Hays Decl., Ex.
7   21 at 171. Included in this post-petition transaction was a document to add
8   Debtor as the Property's "New Registered Owner." Id. at 172. Also
    attached was a County of Orange "Tax Clearance Certificate" issued and
9   executed on the Petition Date, which gave the Property's "Current
    Registered Owner" as J1Sandcastle LLC. Id. at 191. The August 2021
10  HCD Transaction did include a certificate of title showing Debtor as the
11  Property's registered owner, but according to the certificate, title was
    issued on August 3, 2021, nearly a month after the Petition Date. Hays
12  Decl., Ex. 22 at 195.

13      Second, between February 1, 2021, and the Petition Date, all
14  payments that Debtor submitted to Houser Bros. listed J-Sandcastle LLC
    as the payor/were on behalf of J-Sandcastle LLC. Only after the Petition
15  Date did Debtor submit a payment on her own behalf. See Hays Decl. Ex.
    23 at 203-222.
16
17      Third, Debtor provides no credible evidence that she acquired an
    interest from the LLC on February 25, 2021. In Debtor's Original
18  Schedules, filed on the Petition Date (July 9, 2021), Debtor provided,
    under penalty of perjury, that "Registered Title with HCD Debtor's single
19  member LLC, J1Sandcastle Co, LLC." Motion at 33 (Exhibit 2). In addition,
20  Debtor, in the Opposition, asserts J-Sandcastle LLC's executed a
    notarized release of title document, claiming: "On the petition date July 9,
21  2021, the registered title owner of the manufactured home located at
    16222 Monterey Lane, Unit #376, Huntington Beach, CA 92649
22  ('Property') was Jamie Lynn Gallian as of February 25, 2021, the date J-
    Sandcastle Co LLC signed and dated to release the Certificate of Title to
23  Jamie Lynn Gallian, notarized the same date." Opp'n., 29. However, Mr.
24  Buysman did not actually notarize these documents. Instead, Mr.
    Buysman's notary book shows that on February 25, 2021, he notarized for
25  Debtor an "Affidavit of Death" and a "Transfer Grant Deed." Buysman
    Decl., ¶7-11. Mr. Buysman did not notarize the July 2021 HCD
26  Submission either. Id. Debtor's improperly filed July 8 response, even if
    considered by the court, would be insufficient to counter the statements
27  and documentary evidence set forth in the Buysman Declaration.

28      ------------------------------

In conclusion, Debtor failed to carry her burden because, on the Petition Date, the Property's registered owner was J-Sandcastle LLC, and the legal owners were Pierpont and J-Pad, LLC. As a result, the Property was not part of the estate and not eligible for an exemption.

Neither the Court's ruling at the hearing or the Homestead Order includes a full or proper analysis of Debtor's claimed automatic homestead exemption under Cal. Civ Proc. Code § 704.720(a).  The Court believes such oversight was in error.

<u>Relief Under Either FRCP 59(e) or FRCP 60(b) is Warranted Because Debtor has Demonstrated Entitlement to an Automatic Homestead Exemption Under Cal.Civ.Proc. Code §704.720(a)</u>

Though the Motion does not specifically cite FRCP 59(e) or FRCP 60(b), the substance of the arguments therein is consistent with either Rule and Debtor clarifies in her Reply brief that she is seeking relief under both Rules. Debtor's Reply brief at 5. As previously noted, it is undisputed that Debtor has resided continuously on the Property as her principal residence from November 2018 to through the petition date and beyond. As a matter of law, Debtor meets the requirements for an automatic homestead exemption under Cal. Civ. Proc. Code §§ 704.710(c) and 704.720(a).

In *In re Gilman*, 887 F.3d 956, 964-965 (9th Cir. 2018), the Ninth Circuit held as follows:

California provides for an "automatic" homestead exemption. Cal. Civ. Proc. Code § 704.720(a). The automatic homestead exemption protects a debtor "who resides (or who is related to one who resides) in the homestead property at the time of a forced judicial sale of the dwelling." *In re Anderson*, 824 F.2d 754, 757 (9th Cir. 1987); *see also Diaz*, 547 B.R. at 334 ("The filing of a bankruptcy petition constitutes a forced sale for purposes of the automatic homestead exemption.").

Under Cal. Civ. Proc. Code § 704.710(c), a "homestead" is "the principal dwelling (1) in which the judgment debtor or the judgment debtor's spouse resided on the date the judgment

104

creditor's lien attached to the dwelling, and (2) in which the judgment
debtor or the judgment debtor's spouse resided continuously thereafter
until the date of the court determination that the dwelling is a homestead."
This "requires only that the judgment debtor *reside* in the property as his
or her principal dwelling at the time the judgment creditor's lien attaches
and continuously thereafter until the court determines the dwelling is a
homestead." *In re Elliott*, 523 B.R. 188, 196 (BAP 9th Cir.
2014) (quoting *Tarlesson*, 184 Cal. App. 4th at 937, 109 Cal.Rptr.3d 319).
It does not require that the debtor continuously own the property. *Id.*

To determine whether a debtor resides in a property for homestead
purposes, courts consider the debtor's physical occupancy of the property
and the intent to reside there. *Diaz*, 547 B.R. at 335; *Ellsworth v. Marshall*,
196 Cal.App. 2d 471, 474, 16 Cal.Rptr. 588 (1961) ("The physical fact of
the occupancy and the intention with which the premises are occupied 'are
both elements to be considered in determining the actual residence.' ")
(quoting *Lakas v. Archambault*, 38 Cal.App. 365, 372, 176 P. 180 (1918)).

California law rejects Phillips' argument that title to the property is
necessary to claim a homestead exemption. For instance, *Tarlesson* held
that "judgment debtors who continuously reside in their dwellings retain a
sufficient equitable interest in the property to claim a homestead
exemption even when they have conveyed title to another." 184 Cal.App.
4th at 937, 109 Cal.Rptr.3d 319. The court further noted that "[s]uch a
result is consistent with the purpose of California's homestead exemption
to protect one's dwelling against creditors." *Id.* Likewise, *Elliott* held that
conveyance to a third party does not defeat a debtor's right to an
automatic exemption, "because continuous residency, rather than
continuous ownership," controls the analysis. 523 B.R. at 196.

Importantly, *Gilman* cites with favor the case of *Tarlesson v. Broadway
Foreclosure Investments, LLC*, 184 Cal.App.4th 931 (2010).  In analyzing the interplay
between Cal. Civ. Proc. Code §§ 703.720 and 704.710(c), the Tarlesson Court explained:

Broadway bases its argument in substantial part on the language
of section 703.020 which provides that statutory exemptions "apply only
to property of a natural person." Broadway reads section 703.020 to imply
a requirement of ownership. But the authorities Broadway cites do not
support its argument. While section 703.020, subdivision (a) states
generally that "[t]he exemptions provided by this chapter apply only to
property of a natural person," the statutory definition of "homestead"
provided in section 704.710 requires only that the judgment debtor reside
in the property as his or her principal dwelling at the time the judgment
creditor's lien attaches and continuously thereafter until the court
determines the dwelling is a homestead. (§ 704.710, subd. (c).) There is
no requirement in section 704.710 that the judgment debtor continuously

own the property, and we do not read section 703.020 to impose
such a requirement. 184 Cal.App.4th at 937.

Further, the Court in *Tarlesson* recognized that "debtors who continuously
reside in their dwellings retain a sufficient equitable interest in the property to claim
a homestead exemption even when they have conveyed title to another." *Id.*
(citations omitted).  Accordingly, the Court finds and concludes that Debtor
satisfied her burden of establishing entitlement to an automatic homestead
exemption under California law and that the Court erred in not recognizing such
entitlement in its Homestead Order.

<u>Debtor's Homestead Exemption in the Amount of $600,000 Allowed by Cal.</u>

<u>Civ. Proc. Code § 704.730(a) is Not Limited by § 522(p)(1)</u>

In its Response to the Motion, Houser Bros requests that if the Court grants
the Motion to allow Debtor a homestead exemption, such exemption should be
limited to $170,350 pursuant to 11 U.S.C. § 522(p)(1) because, according to
Debtor, she acquired an ownership interest in the Property on February 21, 2022
(less than 180 days before the bankruptcy filing).  Section 522(p)(1) limits a
debtor's ability to take advantage of homestead exemptions under state law.
Specifically, § 522(p)(1) provides that a debtor "may not exempt any amount of
interest *that was acquired by the debtor* during the 1215-day period preceding the
date of the filing of the petition that exceeds . . . $170,350 in value in real or
personal property that the debtor . . . uses as a residence." (emphasis added)  A
majority of courts have held that § 522(p)(1) applies to "opt-out" states such as
California.  See, *In re Virissimo*, 332 B.R. 201, 207 (Bankr. D.Nev.2005); *Kane v.
Zions Bancorporation, N.A.*, 2022 WL 4591787 (September 29, 2022). This Court

agrees with the majority view regarding the application of § 522(p)(1) to exemptions allowed under California law.

The Ninth Circuit has held that "it appears that Congress intended 'acquire' to mean 'gaining possession or control' by purchasing or gaining an ownership interest, either legal or equitable." *In re Greene*, 583 F.3d 614, 623 (9th Cir.2009).  California law provides for an automatic homestead exemption, which protects a debtor "who resides . . . in the homestead property at the time of a forced judicial sale of the dwelling." *Gilman*, 887 F.3d at 964.  The filing of a bankruptcy petition has been held to constitute a forced sale that triggers the application of the automatic homestead exemption.  *In re Elliott,* 523 B.R. 188, 195 (9th Cir. BAP 2014).  As previously noted, in California, title to the property is not necessary to claim an automatic homestead exemption. *Gilman* at 965 ("To determine whether a debtor resides in a property for homestead purposes, courts consider the debtor's physical occupancy of the property and the intent to reside there.")

Here, Debtor has sufficiently demonstrated both continuous occupancy of the Property as well as her intent to reside there. Consequently, she qualifies for the homestead exemption provided under Cal. Civ. Proc. Code § 704.720(a) without regard to, and irrespective of, her subsequent acquisition of legal title. Accordingly, the amount of her exemption permitted under Cal. Civ Proc. Code § 704.730(a) is not affected by the restriction imposed by § 522(p)(1).

Conclusion

Based upon the foregoing, the Court finds and concludes that 1) Debtor's continuous possession and occupation of the Property as her principal residence (irrespective of ownership) constitutes an equitable interest that is sufficient to establish her entitlement to the automatic homestead exemption provided by Cal. Civ. Proc. Code

107

§§ 704.720(a) and 704.730(a), 2) the Motion should be granted under FRCP 59(e) on the basis of manifest error of law and under FRCP 60(b)(6); 3) the Court's Homestead Order entered on August 5, 2022 should be vacated and the underlying Homestead Motion related thereto should be deemed denied; and 4) Debtor is entitled to a homestead exemption in the amount of $600,000.

###

Date: December 19, 2022

Erithe Smith
United States Bankruptcy Judge

108

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



FILED & ENTERED

DEC 19 2022

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY mccall      DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SANTA ANA DIVISION

In re

JAMIE LYNN GALLIAN,

                    Debtor.

Chapter 7

Case No. 8:21-bk-11710-SC

**ORDER GRANTING DEBTOR'S MOTION FOR RECONSIDERATION OF THE COURT'S AUGUST 5, 2022 ORDER SUSTAINING OBJECTION TO DEBTOR'S HOMESTEAD EXEMPTION**

Date:    September 22, 2022
Time:    10:00 a.m.
Place:   Courtroom 5A – via zoom

On July 26, 2022, Jamie Lynn Gallian ("Debtor") filed "Debtors [sic] Notice of and Motion for Reconsideration of 7.21.22 Order Sustaining Houser Bros. Co. DBA Rancho Del Rey Mobile Home Estates [sic] Objection to Debtor's Claimed Homestead Exemption and Joinder Parties Huntington Beach Gables HOA; Janine Jasso" [dkt # 157] (the "Motion"). Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates ("Houser Bros") filed a "Response to Debtor's Notice of and Motion for Reconsideration of 7.21.22 Order Sustaining Houser Bros. Co. DBA Rancho Del Rey Mobile Home Estate's [sic] Objection to Debtor's Claimed Homestead Exemption" [dkt # 170] (the "Response") on August 4,

1  2022. Jeffrey Golden, the Chapter 7 Trustee ("Trustee"), filed "Trustee's Joinder in

2  Houser Bros. Co. DBA Rancho Del Rey Mobile Home Estates' Response to Debtor's

3  Notice of and Motion for Reconsideration of 7.21.22 Order Sustaining Houser Bros. Co.

4  DBA Rancho Del Rey Mobile Home Estate's [sic] Objection to Debtor's Claimed

5  Homestead Objection" [dkt 171] (the "Trustee's Joinder") on August 4, 2022. Also on

6
7  August 4, 2022, the Huntington Beach Gables Homeowners Association (the "HOA") filed

8  "The Huntington Beach Gables Homeowners Association's Joinder to Houser Bros. Co.

9  dba Rancho Del Rey Mobile Home Estates' Response to Debtor's Motion for

10  Reconsideration" [dkt #173] (the "HOA Joinder"). Debtor filed a "Reply to Houser Bros Co

11  DBA Rancho Del Rey MobileHome [sic] Estates [sic] Opposition to Debtors [sic[ Motion

12  for Consideration [sic] of 7/21/22 Order Sustaining Houser Bros Co DBA Rancho Del Rey

13
14  Mobilehome [sic] Estates [sic] Objection to Debtor's Claimed Homestead Exemption" [dkt

15  #185] (the "Reply").  The Motion initially came on for hearing before the Honorable Erithe

16  A. Smith, United States Bankruptcy Judge, on August 18, 2022 at 10:30 a.m. The hearing

17  was subsequently continued to September 22, 2022 for further oral argument.

18  Appearances were made as noted on the Court's record. After the hearing, the matter

19  was taken under advisement.[1]

20
21       For the reasons set forth in the Memorandum of Decision Regarding Debtor's

22  Motion for Reconsideration of the Court's August 5, 2022 Order Sustaining the Objection

23  to Debtor's Homestead Exemption entered on December 19, 2022 [Dkt. 273], it is hereby

24  ordered that:

25  _____

26  [1] This case was transferred to the Honorable Scott Clarkson on September 1, 2022 due to the retirement of
the undersigned, Judge Erithe Smith on October 29, 2022. However, as Judge Smith issued the underlying
order sustaining Trustee's objection to Debtor's homestead exemption, presided over the hearing on
27  Debtor's instant motion for reconsideration, and continues to serve as a recalled bankruptcy judge, she has
authority and jurisdiction to rule on the motion for reconsideration.

28

1      1.      The Motion is granted under FRCP 59(e) on the basis of manifest

error of law and under FRCP 60(b)(6);

2      2.      The Court's Homestead Order entered on August 5, 2022 [Dkt. 177] is

vacated and, as such, Houser Bros' Homestead Motion is deemed denied; and

3      3.      Debtor is entitled to a homestead exemption in the amount of

$600,000 pursuant to Cal. Civ. Proc. Code.  §§ 704.720(a) and 704.730(a).

###

Date: December 19, 2022

Erithe Smith
United States Bankruptcy Judge

111

United States Bankruptcy Court

Central District of California

In re:                                                                                    Case No. 21-11710-SC

Jamie Lynn Gallian                                                                        Chapter 7

    Debtor

# CERTIFICATE OF NOTICE

| District/off: 0973-8 | User: admin | Page 1 of 2 |
|---|---|---|
| Date Rcvd: May 15, 2024 | Form ID: pdf042 | Total Noticed: 1 |

The following symbols are used throughout this certificate:

**Symbol**   **Definition**

+        Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on May 17, 2024:**

NONE

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|
| db | + Email/PDF: jamiegallian@gmail.com | May 16 2024 00:12:00 | Jamie Lynn Gallian, 16222 Monterey Ln Unit 376, Huntington Beach, CA 92649-2258 |

TOTAL: 1

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: May 17, 2024          Signature:    /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on May 15, 2024 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| Aaron E. DE Leest | on behalf of Plaintiff Jeffrey I. Golden adeleest@DanningGill.com danninggill@gmail.com;adeleest@ecf.inforuptcy.com |
| Aaron E. DE Leest | on behalf of Trustee Jeffrey I Golden (TR) adeleest@DanningGill.com danninggill@gmail.com;adeleest@ecf.inforuptcy.com |
| Bradford Barnhardt | on behalf of Plaintiff Houser Bros. Co. bbarnhardt@marshackhays.com bbarnhardt@ecf.courtdrive.com,alinares@ecf.courtdrive.com |
| Bradford Barnhardt | on behalf of Interested Party Courtesy NEF bbarnhardt@marshackhays.com bbarnhardt@ecf.courtdrive.com,alinares@ecf.courtdrive.com |
| Brandon J. Iskander | |

112

|  | |
|---|---|
| | on behalf of Plaintiff The Huntington Beach Gables Homeowners Association biskander@goeforlaw.com kmurphy@goeforlaw.com |
| Brandon J. Iskander | |
| | on behalf of Creditor The Huntington Beach Gables Homeowners Association biskander@goeforlaw.com kmurphy@goeforlaw.com |
| D Edward Hays | |
| | on behalf of Creditor Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates ehays@marshackhays.com ehays@ecf.courtdrive.com;alinares@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com |
| D Edward Hays | |
| | on behalf of Interested Party Courtesy NEF ehays@marshackhays.com ehays@ecf.courtdrive.com;alinares@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com |
| D Edward Hays | |
| | on behalf of Plaintiff Houser Bros. Co. ehays@marshackhays.com ehays@ecf.courtdrive.com;alinares@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com |
| Eric P Israel | |
| | on behalf of Trustee Jeffrey I Golden (TR) eisrael@danninggill.com  danninggill@gmail.com;eisrael@ecf.inforuptcy.com |
| Jeffrey I Golden (TR) | |
| | lwerner@go2.law  jig@trustesolutions.net;kadele@go2.law;C205@ecfcbis.com |
| Laila Masud | |
| | on behalf of Plaintiff Houser Bros. Co. lmasud@marshackhays.com lmasud@ecf.courtdrive.com;lbuchanan@marshackhays.com;alinares@ecf.courtdrive.com |
| Laila Masud | |
| | on behalf of Creditor Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates lmasud@marshackhays.com lmasud@ecf.courtdrive.com;lbuchanan@marshackhays.com;alinares@ecf.courtdrive.com |
| Laila Masud | |
| | on behalf of Interested Party Courtesy NEF lmasud@marshackhays.com lmasud@ecf.courtdrive.com;lbuchanan@marshackhays.com;alinares@ecf.courtdrive.com |
| Mark A Mellor | |
| | on behalf of Interested Party Courtesy NEF mail@mellorlawfirm.com  mellormr79158@notify.bestcase.com |
| Mark A Mellor | |
| | on behalf of Defendant Randall L Nickel mail@mellorlawfirm.com  mellormr79158@notify.bestcase.com |
| Robert P Goe | |
| | on behalf of Creditor The Huntington Beach Gables Homeowners Association kmurphy@goeforlaw.com rgoe@goeforlaw.com;goeforecf@gmail.com |
| Robert P Goe | |
| | on behalf of Interested Party The Huntington Beach Gables Homeowners Association kmurphy@goeforlaw.com rgoe@goeforlaw.com;goeforecf@gmail.com |
| Robert P Goe | |
| | on behalf of Plaintiff The Huntington Beach Gables Homeowners Association kmurphy@goeforlaw.com rgoe@goeforlaw.com;goeforecf@gmail.com |
| Shantal Malmed | |
| | on behalf of Trustee Jeffrey I Golden (TR) smalmed@danninggill.com |
| Shantal Malmed | |
| | on behalf of Plaintiff Jeffrey I. Golden smalmed@danninggill.com |
| United States Trustee (SA) | |
| | ustpregion16.sa.ecf@usdoj.gov |
| Valerie Smith | |
| | on behalf of Interested Party Courtesy NEF claims@recoverycorp.com |

TOTAL: 23

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

SANTA ANA DIVISION

In re

**JAMIE LYNN GALLIAN**

Debtor,

8:23-CV-00001-DSF
Case No. 8:21-bk-11710-SC

Chapter: 7

**ORDER REGARDING "ORDER
REVERSING THE ORDER OF THE
BANKRUPTCY COURT AND
REMANDING FOR FURTHER
PROCEEDINGS" ENTERED BY THE
DISTRICT COURT ON NOVEMBER 1,
2023**

On December 29, 2022, Houser Bros. Co. dba Rancho Del Rey Mobile Estates ("Houser Bros.) appealed this Court's Order Granting Debtor's Motion for Reconsideration of the Court's August 5, 2022 Order Sustaining Objection to Debtor's Homestead Exemption entered on December 19, 2022 ("Reconsideration Order") in the above referenced bankruptcy case. Houser Bros. elected to have its appeal heard by the United States District Court ("District Court"). On November 1, 2023, the District Court entered its Order Reversing the Order of the Bankruptcy Court and Remanding for Further Proceedings ("Reversal Order").

114

The Reversal Order directs this Court to issue findings concerning 1) the nature of the Debtor Jamie Lynn Gallian's ("Debtor") interest in the 2014 Skyline Custom Villa manufactured home located at 16222 Monterey Lane, Unit 376, Huntington Beach, California (the "Property"), including whether Debtor ever acquired (and retained) an equitable interest in the Property, and 2) whether title was transferred to her prior to the date the bankruptcy petition was filed.  The within findings constitute the Court's response to the remand directive of the Reversal Order.[1]

I.   Background

This matter involves a dispute over Debtor's claimed homestead exemption in the Property.  On or about November 1, 2018, Debtor purchased the Property from registered owner, Lisa Ryan ("Ryan") with proceeds Debtor received from the sale of her previous home. Debtor's Motion for Reconsideration at 15.  [Dkt. 157].  However, on this same date, Debtor caused Ryan to transfer the Certificate of Title regarding the Property to her single-member limited liability company, J-Sandcastle Co LLC ("Sandcastle"), which Certificate of Title was recorded by Debtor at the Department of Housing and Community Development on November 16, 2018.  *Id.* at 26; Houser Bros.' Motion Objecting to Debtor's Claimed Homestead Exemption, Exhs. 13 and 14 [Dkt 95].

A.   Houser Bros.'s Motion Objecting to Debtor's Claimed Homestead Exemption

On May 12, 2022, Houser Bros. filed its "Motion Objecting to Debtor's Claimed Homestead Exemption" (Homestead Motion").  [Dkt.95].  Various other parties joined in the Homestead Motion.  [Dkts. 98, 100].  The pleadings filed in support of the Homestead Motion focused primarily on the argument that Debtor did not hold legal title to the

---

[1] The underlying bankruptcy case was transferred to the Honorable Scott Clarkson on September 1, 2022 due to the retirement of the undersigned, Judge Erithe Smith, on October 29, 2022. However, as Judge Smith presided over the hearing on Debtor's Motion for Reconsideration and issued the Reconsideration Order in her capacity as a recalled bankruptcy judge (effective until October 31, 2024), she has authority and jurisdiction to issue the within findings.

1   Property as of the date the bankruptcy petition was filed, i.e., July 9, 2021 (the "Petition

2   Date") and, therefore, she was not entitled to claim a homestead exemption.

3          Debtor opposed the Homestead Motion, asserting that Sandcastle had transferred

4   its interest in the Property to her on or about February 25, 2021, prior to the Petition Date.

5   Debtor also argued that she was entitled to an automatic homestead exemption under

6   Cal. Civ. Proc. Code §§ 704.710(c) and 704.720(a) as she had continuously resided on

7   the Property since November 2018 through the Petition Date and had intended the same

8   to be her principal residence during such time.

9          The final hearing on the Homestead Motion was held on July 21, 2022.  At that

10  hearing, oral argument focused on the issue of legal ownership as of the Petition Date.

11  On August 5, 2022, this Court entered its Order Granting Houser Bros. Co. dba Rancho

12  Del Rey Mobile Home Estate's Motion Objecting to Debtor's Claimed Exemption in 16222

13  Monterey Lane, Space 376, Huntington Beach, CA 92649" [Dkt. 177] ("Homestead

14  Order") on the ground that Debtor did not hold legal title to the Property as of the Petition

15  and, therefore, was not entitled to a homestead exemption under Cal Civ. Pro. Code

16  §704.30.  This Court ruled that

17          . . . Debtor failed to meet her burden that the Property is

18          subject to exemption.  First, the HC records show that J-Sandcastle LLC,

19          not Debtor, was the owner of record, on the Petition Date.  As of June 7, 2021 –

20          about a month before the Petition Date – the Property's registered owner

21          was J-Sandcastle LLC, and the legal owners were Ron Pierpoint and J-Pad LLC.

22          Hays Decl., Ex. 17 at 142.

23  Homestead Order, Exh. 1 at 10.

24          The Court did not, however, rule on Debtor's claim to an automatic homestead

25  exemption under Cal. Civ. Proc. Code §§ 704.710(c) and 704.720(a).

26          B.  Debtor's Motion for Reconsideration of the Homestead Order

27          On July 26, 2022, Debtor filed her "Motion for Reconsideration of 7.21.22 Order

28

3

[sic] Sustaining Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates Objection to

Debtor's Claimed Homestead Objection, etc." ("Reconsideration Motion") [Dkt.157]. [2]

Debtor reiterated her claimed status as legal owner, as well as entitlement to an

automatic homestead exemption. Opposition pleadings to the Reconsideration Motion

were filed by Houser Bros. and other interested parties.

On December 19, 2022, this Court entered its Reconsideration Order on the

ground that Debtor was entitled to an automatic homestead exemption.  [Dkt 274].  Also

on December 19, 2022, the Court entered its "Memorandum of Decision Regarding

Debtor's Motion for Reconsideration of the Court's August 5, 2022 Order Sustaining

Objection to Debtor's Homestead Exemption ("Memorandum of Decision"). [Dkt. 273].[3]

II.      Findings in Response to the District Court's Reversal Order

A.  Did Debtor Have an Equitable Interest in the Property as of the Petition Date?

Yes.  This Court finds that, notwithstanding the fact that Sandcastle was the

registered owner and Ron Pierpont and J-Pad LLC were the legal owners of the Property,

Debtor held an equitable interest in the Property as of the date of the Petition that

satisfied the requirements for an automatic homestead exemption under Cal. Civ. Proc.

Code §§ 704.10(c) and 704.720(a).[4]

In *In re Gilman*, 887 F.3d 956-965 (9th Cir. 2018), the Ninth Circuit provides a clear

analysis of California's automatic homestead laws, to wit:

> California provides for an 'automatic' homestead
> exemption. Cal. Civ. Proc. Code § 704.720(a). The automatic
> homestead exemption protects a debtor 'who resides (or who is
> related to one who resides) in the homestead property at the time of
> a forced judicial sale of the dwelling.' *In re Anderson*, 824 F.2d 754,

---

[2] Debtor filed the Reconsideration Motion prior to the entry of the Homestead Order on August 5, 2022.

[3] The Memorandum of Decision was intended to serve as the Court's findings of fact and conclusions of
law in support of the Reconsideration Order and was incorporated by reference in the Reconsideration
Order.

[4] A "manufactured home together with the outbuildings and land upon which they are
situated" is eligible for a homestead exemption. Cal. Code Civ. Proc. § 704.710(a)(2)
(defining "dwelling").

4

757 (9th Cir. 1987); *see also Diaz*, 547 B.R. at 334 ("The filing of a bankruptcy petition constitutes a forced sale for purposes of the automatic homestead exemption.").

Under Cal. Civ. Proc. Code § 704.710(c), a 'homestead' is 'the principal dwelling (1) in which the judgment debtor or the judgment debtor's spouse resided on the date the judgment creditor's lien attached to the dwelling, and (2) in which the judgment debtor or the judgment debtor's spouse resided continuously thereafter until the date of the court determination that the dwelling is a homestead.' This "requires only that the judgment debtor *reside* in the property as his or her principal dwelling at the time the judgment creditor's lien attaches and continuously thereafter until the court determines the dwelling is a homestead." *In re Elliott*, 523 B.R. 188, 196 (BAP 9th Cir. 2014) (quoting *Tarlesson*, 184 Cal. App. 4th at 937, 109 Cal.Rptr.3d 319). It does not require that the debtor continuously own the property. *Id.*

To determine whether a debtor resides in a property for homestead purposes, courts consider the debtor's physical occupancy of the property and the intent to reside there. *Diaz*, 547 B.R. at 335; *Ellsworth v. Marshall*, 196 Cal.App. 2d 471, 474, 16 Cal.Rptr. 588 (1961) ('The physical fact of the occupancy and the intention with which the premises are occupied 'are both elements to be considered in determining the actual residence.') (quoting *Lakas v. Archambault*, 38 Cal.App. 365, 372, 176 P. 180 (1918)).

**California law rejects [the] argument that title to the property is necessary to claim a homestead exemption. For instance, *Tarlesson* held that 'judgment debtors who continuously reside in their dwellings retain a sufficient equitable interest in the property to claim a homestead exemption even when they have conveyed title to another'** 184 Cal.App. 4th at 937, 109 Cal.Rptr.3d 319. The court further noted that "[s]uch a result is consistent with the purpose of California's homestead exemption to protect one's dwelling against creditors." *Id.* Likewise, *Elliott* held that **conveyance to a third party does not defeat a debtor's right to an automatic exemption, 'because continuous residency, rather than continuous ownership,' controls the analysis**. 523 B.R. at 196.

(emphasis added)

According to the record, which is undisputed, Debtor used her own personal funds to purchase the Property. More importantly, it is also undisputed that Debtor has continuously resided on the Property since November 2018 through and beyond the Petition Date. Finally, there was no persuasive evidence presented by those in

1   opposition to the Reconsideration Motion to refute Debtor's position that she intended to

2   reside on the Property as her principal residence during the same period.  Accordingly,

3   this Court finds that by her continuous possession and use of the Property as her

4   principal residence since November 2018, Debtor held a sufficient equitable interest in

5   the Property to claim an automatic homestead exemption under Cal. Civ. Proc. Code

6   § 704.720(a). *Gilman*, 887 F.3d at 964; *Tarlesson,* 184 Cal. App. 4th at 937.

7           B.  Was Title Transferred to Debtor Prior to the Petition Date?

8           No. The Reconsideration Motion was granted solely on the basis of Debtor's

9   *equitable* interest in the Property.  The Reconsideration Order did not in any way alter,

10  change or modify the Court's finding in the Homestead Order regarding Debtor's lack of

11  *legal* title as of the Petition Date.  None of the evidence presented by Debtor in the

12  Reconsideration Motion persuaded the Court to reverse its finding in that regard.

13  Specifically, Debtor presented no credible evidence that the certificate of title showing

14  Sandcastle as the registered owner of the Property was transferred to her prior to the

15  Petition Date.  On the contrary, Houser Bros. presented documentation establishing that

16  a certificate of title showing Debtor as the new registered owner of the Property was not

17  issued until August 3, 2021, nearly a month after the Petition Date.  See Homestead

18  Motion, Hays Decl., Exh. 22 at 195.  Based on the record presented, the Court finds that

19  title to the Property was not transferred to Debtor prior to the Petition Date.

20  //

21  //

22  //

23  //

24  //

25  //

26  //

27  //

28  //

6

III.    Conclusion

The Court finds that Debtor held a sufficient equitable interest in the Property to claim an automatic homestead exemption under Cal. Civ. Proc. Code § 704.720(a).

###

Date: May 15, 2024

Erithe Smith
United States Bankruptcy Judge

7

Park Name : **RANCHO DEL REY MOBILE ESTATES**

Park Address : 16222 MONTEREY L
HUNTINGTON BEACH, CA 92649

Spaces : 379

From : 7/10/2022 to 7/10/2024

Report date : 7/10/2024

| Address City | Mfd Date MFG Trade | Original Current Sales Date | Decal Legal Dealer | Wd Lt | Total sq Ft Per Sq Ft |
|---|---|---|---|---|---|
| 16222 MONTEREY LN #233 HUNTINGTON BEACH | 11/10/2022 CHAMPION HOME BUILDERS INC-SKY 2023 YEAR MODEL SKYLINE | $329,000.00 $329,000.00 06/16/2024 | LBP6114 J/R MOBILEHOME SALES | 13.5 56 13.5 56 | 1512 $217.59 |
| 16222 MONTEREY LN #170 HUNTINGTON BEACH | 06/18/1998 SKYLINE HOMES INC - CLOSED GLENHAVEN | $70,150.00 $250,000.00 03/29/2024 | LAY7711 | 13.3333 56 13.3333 56 | 1493.33 $167.41 |
| 16222 MONTEREY LN #50 HUNTINGTON BEACH | 07/11/1991 HALLMARK SOUTHWEST CORP WINCHESTER II | $55,000.00 $189,000.00 03/25/2024 | LAT2541 5 STAR HOMES | 12 56 12 56 | 1344 $140.62 |
| 16222 MONTEREY LN #149 HUNTINGTON BEACH | 01/09/2004 CHAMPION HOME BUILDERS COMPANY WELLINGTON MANOR | $180,000.00 $190,000.00 03/20/2024 | LBG1256 | 13.3333 58 13.3333 60 | 1573.33 $120.76 |
| 16222 MONTEREY LN #165 HUNTINGTON BEACH | 06/11/1998 FLEETWOOD HOMES CA INC SUNPOINTE VVS 1999 MODEL | $90,811.00 $58,000.00 03/19/2024 | LAZ1027 | 11.8333 58 11.8333 56 | 1349 $42.99 |
| 16222 MONTEREY LN #178 HUNTINGTON BEACH | 11/17/2023 CHAMPION HOME BUILDERS INC-SKY 2024 YEAR MODEL SKYLINE | $259,642.00 $259,642.00 12/22/2023 | LBP5402 J/R MOBILEHOME SALES | 13.3333 56 13.3333 60 | 1546.67 $167.87 |
| 16222 MONTEREY LN #305 HUNTINGTON BEACH | 06/21/2022 CHAMPION HOME BUILDERS INC-CHA CHAMPION | $325,000.00 $325,000.00 11/17/2023 | LBP6178 BLUE CARPET MANUFACTURED HOMES | 13.25 58 13.25 58 | 1537 $211.45 |
| 16222 MONTEREY LN #112 HUNTINGTON BEACH | 11/23/2004 CMH MANUFACTURING WEST INC GOLDENWEST | $214,900.00 $220,000.00 11/16/2023 | LBI3065 BLUE CARPET MANUFACTURED HOMES | 11.8333 57.25 11.8333 56 | 1340.12 $164.16 |
| 33920 EL CENTRO AVE HEMET | COMMODORE CORP CASA LOMA | $15,100.00 $2,500.00 10/25/2023 | LBK2109 | 12 60 12 60 | 1440 $1.74 |
| 16222 MONTEREY LN #348 HUNTINGTON BEACH | 03/30/2018 CMH MANUFACTURING WEST INC GOLDEN WEST | $238,133.00 $315,000.00 10/12/2023 | LBN5690 | 15 56 15 56 | 1680 $187.50 |
| 16222 MONTEREYLN #166 | 05/23/2019 CMH MANUFACTURING WEST INC | $250,000.00 $345,000.00 | LBO0993 | 13.4167 56 13.4167 56 | 1502.67 $229.59 |

| Address | Date / Manufacturer / Model | Values | Reference | | |
|---|---|---|---|---|---|
| 16222 MONTEREY LN #323<br>HUNTINGTON BEACH | 06/10/2016<br>SKYLINE HOMES INC - CLOSED<br>SUNSET RIDGE | $263,089.00<br>**$350,000.00**<br>08/14/2023 | LBM8507 | 13.3333 56<br>13.3333 58.6667 | 1528.89<br>$228.92 |
| 16222 MONTEREY LN #272<br>HUNTINGTON BEACH | 06/21/2007<br>SKYLINE HOMES INC - CLOSED<br>OAKMANOR | $215,315.00<br>**$235,000.00**<br>07/20/2023 | LBJ3498 | 13.3333 58<br>13.3333 58 | 1546.67<br>$151.94 |
| 16222 MONTEREY LN #118<br>HUNTINGTON BEACH | 11/07/1996<br>FLEETWOOD HM CALIF INC<br>SUNPOINTE | $64,440.00<br>**$185,000.00**<br>07/07/2023 | LAV6919 | 11.75 56<br>11.75 56 | 1316<br>$140.58 |
| 16222 MONTEREY LN #13<br>HUNTINGTON BEACH | 08/12/2005<br>PALM HARBOR HOMES INC - OOB 20<br>PALM HARBOR | $166,542.00<br>**$224,000.00**<br>08/30/2023 | LBJ8019 | 11.6667 56<br>11.6667 49.3333 | 1228.89<br>$183.01 |
| 69-274 COSTA MESA DR<br>NORTH SHORE | 01/01/1968<br>DUALWIDE<br>DUALWIDE | $18,100.00<br>**$5,000.00**<br>05/28/2023 | AAP9285 | 12 58<br>12 58 | 1392<br>$3.59 |
| 16222 MONTEREY LN #59<br>HUNTINGTON BEACH | 04/05/1999<br>THE ANDREW KARSTEN CO INC - CA<br>KARSTEN VILLA | $79,069.00<br>**$185,000.00**<br>05/24/2023 | LAZ6506 | 11.8333 53.3333<br>11.8333 52 | 1246.44<br>$148.42 |
| 16222 MONTEREY LN #88<br>HUNTINGTON BEACH | 03/13/2003<br>SKYLINE HOMES INC - CLOSED<br>OAKMANOR | $124,500.00<br>**$350,000.00**<br>05/05/2023 | LBE7878<br><br>5 STAR HOMES | 11.8333 52<br>11.8333 48<br>11.8333 52 | 1798.67<br>$194.59 |
| 16222 MONTEREY LN #261<br>HUNTINGTON BEACH | 01/01/1968<br>VIKING<br>EDGEWOOD | $16,100.00<br>**$144,000.00**<br>04/20/2023 | LAX7705<br><br>5 STAR HOMES | 12 56<br>12 56 | 1344<br>$107.14 |
| 16222 MONTEREY LANE<br>#115<br>HUNTINGTON BEACH | 01/22/1999<br>SKYLINE HOMES INC - CLOSED<br>GLENHAVEN | $75,500.00<br>**$260,000.00**<br>04/13/2023 | LAZ3931<br><br>5 STAR HOMES | 11.8333 56<br>11.8333 56 | 1325.33<br>$196.18 |
| 16222 MONTEREY LN #179<br>HUNTINGTON BEACH | 09/19/2016<br>CMH MANUFACTURING WEST INC<br>GOLDEN WEST | $250,000.00<br>**$350,000.00**<br>04/11/2023 | LBN4469<br><br>5 STAR HOMES | 13.5 57.3333<br>13.5 56 | 1530<br>$228.76 |
| 16222 MONTEREY LN #373<br>HUNTINGTON BEACH | 01/01/1971<br>GOLDEN WEST<br>GOLDEN WEST | $19,399.00<br>**$120,000.00**<br>03/20/2023 | LBD7332<br><br>5 STAR HOMES | 12 60<br>12 60 | 1440<br>$83.33 |
| 16222 MONTEREY LN #58<br>HUNTINGTON BEACH | 09/01/2022<br>CMH MANUFACTURING WEST INC<br>CLAYTON | $289,900.00<br>**$289,900.00**<br>03/13/2023 | LBP3499 | 11.8333 56<br>11.8333 56 | 1325.33<br>$218.74 |
| 16222 MONTEREY LN #369<br>HUNTINGTON BEACH | 01/01/1970<br>OLYMPIA<br>OLYMPIA | $12,900.00<br>**$115,000.00**<br>01/20/2023 | LBP2159 | 12 60<br>12 60 | 1440<br>$79.86 |

| Address | Date / Manufacturer | Original / Resale | License | Dimensions | Sq Ft / Value |
|---|---|---|---|---|---|
| 16222 MONTEREY LN #289 HUNTINGTON BEACH | 04/18/2022 CHAMPION HOME BUILDERS INC-SKY SKYLINE | $349,900.00 $349,900.00 12/28/2022 | LBP2484 5 STAR HOMES | 13.3333 58 13.3333 58 | 1546.67 $226.23 |
| 16222 MONTEREY LN #359 HUNTINGTON BEACH | 08/17/1989 WESTWAY HM WESTWAY | $49,000.00 $170,000.00 12/27/2022 | LAN7346 5 STAR HOMES | 13.3333 60 13.3333 60 | 1600 $106.25 |
| 16222 MONTEREY LN #123 HUNTINGTON BEACH | 03/17/2015 CMH MANUFACTURING WEST INC GOLDENWEST | $177,208.00 $350,000.00 12/27/2022 | LBM3903 | 15 56 15 53.9167 | 1648.75 $212.28 |
| 16222 MONTEREY LN #356 HUNTINGTON BEACH | SIERRA SIERRA | $14,900.00 $127,000.00 12/15/2022 | LAW7781 | 12 56 12 56 | 1344 $94.49 |
| 16222 MONTEREY LANE #215 HUNTINGTON BEACH | VIKING EDGEWOOD | $14,900.00 $155,000.00 10/03/2022 | LAX2573 5 STAR HOMES | 12 55 12 55 | 1320 $117.42 |
| 16222 MONTEREY LN #367 HUNTINGTON BEACH | 01/01/1971 PARAMOUNT | $16,500.00 $150,000.00 09/27/2022 | LBP1178 | 12 60 12 60 | 1440 $104.17 |
| 16222 MONTEREY LN #259 HUNTINGTON BEACH | 01/21/2013 CMH MANUFACTURING WEST INC GOLDEN WEST | $127,533.00 $330,000.00 09/19/2022 | LBL5163 5 STAR HOMES | 13.5 61 13.5 61 | 1647 $200.36 |
| 16222 MONTEREY LN #79 HUNTINGTON BEACH | 01/01/1981 COMMODORE HM SYSTEMS INC PARAMOUNT | $27,811.00 $171,000.00 09/16/2022 | LAA2830 5 STAR HOMES | 10 54 10 54 | 1080 $158.33 |
| 16222 MONTEREY LN #171 HUNTINGTON BEACH | 12/23/2003 SKYLINE HOMES INC - CLOSED OAKMANOR | $223,443.00 $300,000.00 08/09/2022 | LBF6452 5 STAR HOMES | 13.3333 59 13.3333 60.3333 | 1591.11 $188.55 |
| 16222 MONTEREY LN #294 HUNTINGTON BEACH | 01/01/1968 EDGEWOOD | $16,900.00 $125,000.00 09/05/2022 | ABF7219 | 12 57 12 57 | 1368 $91.37 |
| 16222 MONTEREY LN #74 HUNTINGTON BEACH | 04/17/2012 CMH MANUFACTURING WEST INC GOLDENWEST | $187,500.00 $345,000.00 08/30/2022 | LBL2660 | 13.5 58 13.5 58 | 1566 $220.31 |
| 16222 MONTEREY LN #163 HUNTINGTON BEACH | 03/14/2022 CHAMPION HOME BUILDERS INC-COR SILVERCREST | $349,900.00 $349,900.00 07/20/2022 | LBP1333 | 13.3333 56 13.3333 56 | 1493.33 $234.31 |
| 16222 MONTEREY LN #249 HUNTINGTON BEACH | 01/01/1969 LANCER ROYAL LANCER | $10,900.00 $185,000.00 07/12/2022 | AAW4913 | 12 57 12 57 | 1368 $135.23 |

|  | Original | Resale |
|---|---|---|
| Total | $5,188,985.00 | $8,404,742.00 |
| Average | $140,242.84 | $227,155.19 |
| Max | $349,900.00 | $350,000.00 |
| Min | $10,900.00 | $2,500.00 |

123

**R**  City...  Buy ▾  Rent ▾  Sell ▾  Redfin Premier  Mortgage ▾  Find an Agent ▾

← Search    **Overview**    Neighborhood    Property details    Sale & tax history



Listed by Greg Bingham • Coldwell Banker Realty (562-335-0145).

FOR SALE - ACTIVE

**16222 Monterey Ln #376,** Huntington Beach, CA 92649

# $320,000

Est. $2,106/mo    **Get pre-qualified**

| **2** | **2** | **1,700** |
|---|---|---|
| Beds | Baths | Sq Ft |

---

## About this home

Beautifully upgraded and customized 2 bedroom, 2 bath home in the sought after Rancho Del Rey Mobile Home Estates 55+ community in the Huntington Harbour area of Huntington Beach. Spacious kitchen with designer touches, wood cabinets and stone counter tops with

**Show more** ⌄

🕐 21 days  on Redfin          📏 $188 per sq ft

🏚 Mobile/manufactured home          🏠 Other (OTHR)

🔧 Built in 2014

Listed by Greg Bingham • DRE #01309137 • Coldwell Banker Realty
Contact: 562-335-0145
Redfin checked: **3 minutes ago** (Nov 14, 2024 at 1:09pm) • Source: CRMLS #PW24187211

---



### Huntington Beach is a hot market

28% of homes accept an offer within 2 weeks. **Tour it before it's gone!**

---

## Your comments

| Add a comment... | **Save** |

🔒 Only you can see this. | **Add a search partner**

# Ask Redfin Partner agent Jesse a question



## Jesse Bejarano

Huntington Beach Redfin Partner Agent
Excellence RE Real Estate
Responds in about **16 minutes**

Write a message...

| I'd like more home details. | I'm interested in buying. | Is this home still available? |

**Ask a question**

# Around this home

🚶 26/100 Car-Dependent       🚋 29/100 Some transit       🚲 64/100 Bikeable





### Add a commute

| Schools | Places | Transit |

**7**/10    **Harbour View Elementary School**    ›
Public, K-5 • Assigned • 0.3mi

**6**/10    **Marine View Middle School**    ›
Public, 6-8 • Assigned • 1.8mi

**9**/10    **Marina High School**    ›
Public, 9-12 • Assigned • 1.5mi

Provided by GreatSchools

## Payment calculator

# $2,106 per month    Reset    Get pre-qualified

Principal and interest                                    $1,6

Property taxes                                            $3

Homeowners insurance                                     $

Down payment

Down payment

20% ($64,000) ✏️

Home price

$320,000 ✏️

Loan details

30-yr fixed, 6.91% ✏️

# Additional resources

⌄  **Down payment assistance**                                        ↗
    View down payment assistance programs for this home.

%  **Mortgage rates**                                                  ↗
    View current mortgage rates for this home

⚡  **Electricity and solar**                                          ↗
    Est. $174/month

•ıl  **Internet**                                                      ↗
    View Internet plans and providers available for this home

Provided by Down Payment Resource, RateUpdate.com, Wattbuy, and AllConnect

# Additional services

**Cable**

Explore Internet & TV plans nearby

**Check Your Credit Reports**

View All 3 Credit Scores For Free

Advertisement  **smartmove** ▶

Advertisement  **FreeScoreOnline**
                Powered by scoresense

128

# Open houses

📅  No upcoming open houses

**Tour on your schedule**

**See it with a Redfin Partner agent**

# Property details for 16222 Monterey Ln #376

🏠 **Parking**

Carport Attached Has Parking...

 **Interior**

Has Laundry Individual Room...

**Exterior**

Other Structures: Storage Building...

**Financial**

Assessments: Buyer to Verify...

**Utilities**

Sewer: Public Sewer Water Source: District/Public...

### Location

Park Name: Rancho Del Rey...

---

### Public facts

Beds: — Baths: —...

---

### Other

Exclusions: Chandelier, Televisions, Appliances...

---

Details provided by CRMLS and may not match the public record. Learn more.

## Sale and tax history for 16222 Monterey Ln #376

**Sale History**        Tax History

### Today

| Oct 24, 2024 | Listed (Active) | $320,000 |
| Date | CRMLS #PW24187211 | Price |

### Dec, 2018

| Dec 17, 2018 | Listing Removed | — |
| Date | CRMLS #OC18179029 | Price |
| Dec 16, 2018 | Relisted (Active) | — |

| Date | CRMLS #OC18179029 | Price |
|------|-------------------|-------|
| Dec 2, 2018 Date | Relisted (Active) CRMLS #OC18179029 | — Price |
| Dec 2, 2018 Date | Delisted (Hold Do Not Show) CRMLS #OC18179029 | — Price |
| Nov 21, 2018 Date | Delisted (Hold Do Not Show) CRMLS #OC18179029 | — Price |
| Nov 10, 2018 Date | Price Changed CRMLS #OC18179029 | * Price |
| Oct 19, 2018 Date | Price Changed CRMLS #OC18179029 | * Price |
| Oct 5, 2018 Date | Price Changed CRMLS #OC18179029 | * Price |
| Aug 8, 2018 Date | Price Changed CRMLS #OC18179029 | * Price |
| Jul 25, 2018 Date | Listed (Active) CRMLS #OC18179029 | * Price |

# Climate risks

Most homes have some risk of natural disasters, and may be impacted by climate change due to rising temperatures and sea levels.



**Flood Factor - Minimal**
Unlikely to flood in next 30 years



**Fire Factor - Major**
4% chance of being in a wildfire in next 30 years



**Heat Factor - Major**
7 days above 85° expected this year, 24 days in 30 years

**Wind Factor - Minimal**
Minimal risk of severe winds over next 30 years

**Air Factor - Moderate**
4 unhealthy days expected this year, 4 days in 30 years

**View full report**

Provided by First Street

## Redfin Estimate for 16222 Monterey Ln #376

# Recommended for you

Based on homes you've looked at.

**$364,900**

3 beds   2 baths   1,539 sq ft
16222 Monterey Ln #179,
Huntington Beach, CA 92649

**$499,000**

3 beds   2 baths   1,952 sq ft
16222 Monterey Ln #237,
Huntington Beach, CA 92649

**$175,000**

2 beds   1 bath   1,100 sq ft
6220 E Sea Breeze Dr #77, Long
Beach, CA 90803

**3D WALKTHROUGH**

**3D WALKTHROUGH**

**$299,900**

3 beds   2 baths   1,520 sq ft

302 Magpie Ln, Fountain Valley,
CA 92708

**$139,000**

1 bed   1 bath   550 sq ft

7652 Garfield Ave #100,
Huntington Beach, CA 92648

Premiere Choice R E Inc

**$309,000**

3 beds   2 baths   1,348 sq ft

215 Albatross, Fountain Valley, CA
92708

Premiere Choice R E Inc

---

**View 35 more homes in your Feed**

---

# Nearby similar homes

Homes similar to 16222 Monterey Ln #376 are listed between $67K to $370K at an average of $165 per square foot.

**3D WALKTHROUGH**

**$279,999**

3 beds   2 baths   1,850 sq ft

16444 Bolsa Chica St #72,
Huntington Beach, CA 92649

**$67,000**

2 beds   2 baths   1,000 sq ft

16444 Bolsa Chica St #26,
Huntington Beach, CA 92649

Premiere Choice R E Inc

**$99,000**

2 beds   2 baths   1,060 sq ft

15621 Beach Blvd #115,
Westminster, CA 92583

**OPEN SAT, 1PM TO 4PM**

**3D WALKTHROUGH**

**OPEN SAT, 1PM TO 4PM**

**3D WALKTHROUGH**

**$140,000**

2 beds   2 baths   720 sq ft

715 Catalpa Ln, Fountain Valley, CA 92708

Fiduciary Real Estate Services

**$199,500**

2 beds   2 baths   1,020 sq ft

5200 Heil Ave #35, Huntington Beach, CA 92649

Premiere Choice R E Inc

**$369,900**

3 beds   2 baths   1,593 sq ft

20701 Beach Blvd #229, Huntington Beach, CA 92648

---

**View more homes**

---

## Nearby recently sold homes

Nearby homes similar to 16222 Monterey Ln #376 have recently sold between $167K to $355K at an average of $175 per square foot.

**SOLD SEP 30, 2024**

**SOLD JUL 26, 2024**

**SOLD JUL 15, 2024**

**3D WALKTHROUGH**

**$192,000** Last Sold Price

2 beds   2 baths   1,324 sq ft

16222 Monterey Ln #55, Huntington Beach, CA 92649

**$249,900** Last Sold Price

3 beds   2 baths
  1,484 sq ft

19622 Monterey Ln #192, Huntington Beach, CA 92649

**$265,000** Last Sold Price

3 beds   2 baths   1,674 sq ft

16222 Monterey Ln #27, Huntington Beach, CA 92649

Silver Platter Realty, Inc.

---

**View more recently sold homes**

---

## More real estate resources

Redfin  >  California  >  Orange County  >  92649

| New Listings in 92649 | Cities | Zip Codes | Neighborhoods | Popular Searches |
| --- | --- | --- | --- | --- |

16419 Wimbledon Ln        5741 Renoir Cir              All 92649 New Listings

16539 Sell Cir #11         4072 Morning Star Dr

16444 Bolsa Chica St #14   4682 Oceanridge Dr

16635 Algonquin St         3308 Tempe Dr

17297 Apel Ln              5562 Edinger Ave

---

## Join us

**Become an Agent**

**Get referrals**

**Careers**

## Find homes faster

Download on the App Store

GET IT ON Google Play

## About us

**Why Redfin?**

**Community Impact**

**Diversity & Inclusion**

**Life at Redfin**

**Press**

**Investors**

**Blog**

**Real Estate News**

## Find us

**Contact Us**

**Help Center**

**Advertise**

**Become a Lender Partner**

Facebook  X  TikTok
Instagram

## Subsidiaries

**Rent.**

**ApartmentGuide**

**Bay Equity Home Loans**

**Title Forward**

## Countries

🇺🇸 United States

🇨🇦 **Canada**

Copyright: © 2024 Redfin. All rights reserved.

Updated January 2023: By searching, you agree to the **Terms of Use**, and **Privacy Policy**.

**Do not sell or share my personal information.**

REDFIN and all REDFIN variants, TITLE FORWARD, WALK SCORE, and the R logos, are trademarks of Redfin Corporation, registered or pending in the USPTO.

California DRE #01521930

Redfin is licensed to do business in New York as Redfin Real Estate. **NY Standard Operating Procedures**

New Mexico **Real Estate Licenses**

TREC: **Info About Brokerage Services**, **Consumer Protection Notice**

If you are using a screen reader, or having trouble reading this website, please call Redfin Customer Support for help at **1-844-759-7732**.



**REDFIN IS COMMITTED TO AND ABIDES BY THE FAIR HOUSING ACT AND EQUAL OPPORTUNITY ACT. READ REDFIN'S FAIR HOUSING POLICY AND THE NEW YORK STATE FAIR HOUSING NOTICE.**

135

GreatSchools Ratings provided by **GreatSchools.org**.