Robert P. Goe – State Bar No. 137019
Brandon J. Iskander – State Bar No. 300916
**GOE FORSYTHE & HODGES LLP**
17701 Cowan Avenue, Suite 210, Bldg. D
Irvine, CA 92614
rgoe@goeforlaw.com
biskander@goeforlaw.com

Telephone: (949) 798-2460
Facsimile:  (949) 955-9437

Attorneys for The Huntington Beach Gables Homeowners Association

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>JAMIE LYNN GALLIAN,<br><br><br>Debtor. | Case No. 8:21-bk-11710-SC<br><br>Chapter 7 Proceeding<br><br>**OPPOSITION TO DEBTOR'S NOTICE OF MOTION AND MOTION TO AVOID LIEN UNDER 11 U.S.C. § 522(f); REQUEST FOR JUDICIAL NOTICE IN SUPPORT THEREOF**<br><br>Hearing:<br>Date:  December 17, 2024<br>Time:  2:30 p.m.<br>Place:   Courtroom 5C<br>            U.S. Bankruptcy Court<br>            411 W. Fourth Street<br>            Santa Ana, CA 92701 |

**TO THE HONORABLE SCOTT CLARKSON, UNITED STATES BANKRUPTCY JUDGE, THE DEBTOR IN PRO PER, THE OFFICE OF THE UNITED STATES TRUSTEE, THE TRUSTEE AND HIS COUNSEL, AND ALL PARTIES IN INTEREST**:

The Huntington Beach Gables Homeowners Association ("HOA") hereby opposes ("Opposition") Jamie Lynn Gallian's ("Debtor's") Motion to Avoid Lien under 11 U.S.C. § 522(f) [Docket No. 505] ("Motion") and respectfully represents as follows:

1

I. **OPPOSITION**

    A.    **The Only Exemption of Relevance is to the Motion is the Automatic Homestead Exemption**

Debtor claims the right to avoid the HOA's judgment liens based on two California homestead statutes, Cal. Civ. Proc. Code § 704.930, for declared homesteads, and Cal. Civ. Proc. Code § 704.730 for automatic homesteads. As a factual matter, the declared homestead cannot be the basis to avoid the fixing of any lien because the HOA's liens predated the declared homestead. (*Compare* Motion, Docket No. 505, at 2 (Item 10) *with* Motion, Docket No. 505, at 46 (Homestead Declaration).) By operation of the declared homestead statute, a declared homestead is a protection only against subsequent judicial liens. *See Katz v. Pike (In re Pike)*, 243 B.R. 66, 70 (B.A.P. 9th Cir. 1999). Finally, applicable authority from the Ninth Circuit BAP makes it clear that when a Section 522(f) motion is filed, the only homestead exemption that is relevant is the automatic homestead exemption, not the declared homestead exemption. Thus, the automatic homestead exemption can be the only applicable basis for determining whether Debtor is entitled to avoid the fixing of a judicial lien on her homestead. *See id.*

    B.    **The Motion is Devoid of Any Evidence Upon Which to Grant Relief**

Section 522(f) of the Bankruptcy Code provides in pertinent part as follows:

> (f)
> (1) Notwithstanding any waiver of exemptions but subject to paragraph (3), the debtor may avoid the fixing of a lien on an interest of the debtor in property ***to the extent that such lien impairs an exemption*** to which the debtor would have been entitled under subsection (b) of this section, if such lien is—
>     (A) a judicial lien, other than a judicial lien that secures a debt of a kind that is specified in section 523(a)(5); . . . .

11 U.S.C. § 522(f) (emphasis added). That is, the Debtor must show *the extent* to which her homestead exemption is impaired before the Court may grant any relief.

///

///

2

In order to determine the extent to which a judicial lien impairs an exemption, the Court must engage in the following calculation:

> (2)
>> (A) For the purposes of this subsection, a lien shall be considered to impair an exemption to the extent that the sum of—
>>> (i) the lien;
>>> (ii) all other liens on the property; and
>>> (iii) the amount of the exemption that the debtor could claim if there were no liens on the property;
>>
>> exceeds the value that the debtor's interest in the property would have in the absence of any liens.

11 U.S.C. § 522(f)(2). The Ninth Circuit recognizes that this calculation was adopted by Congress in 1994 after the Supreme Court noted with approbation the decision *In re Brantz*, 106 B.R. 62, 68 (Bankr. E.D. Pa. 1989) for determining impairment of a homestead exemption. *Wynns v. Wilson (In re Wilson)*, 90 F.3d 347, 350 n.1 (9th Cir. 1996). As recently as 2022, the Ninth Circuit has clarified the aim of the calculation as follows:

> [A] court applying Section 522(f) must "ask not whether [a] lien impairs an exemption to which the debtor is in fact entitled," but instead "whether it impairs an exemption to which he would have been entitled . . . but for the lien itself."

*Barclay v. Boskoski*, 52 F.4th 1172, 1177 (9th Cir. 2022). In other words, but for the HOA's lien sought to be avoided under Section 522(f), what would the value of the homestead exemption be?

Answering this question would in turn require Debtor to provide evidence of the fair market value of the property as well as the value of one or more liens consensually granted to J-PAD, LLC that have since been avoided and recovered by the Trustee. A true and correct UCC search for J-PAD as of December 3, 2024 show thirteen (13) active liens in favor of J-PAD, LLC is attached to the Request for Judicial Notice ("RJN") annexed hereto as **Exhibit "A,"** which are conspicuously absent from the Motion.

In this case, Debtor left the entire calculation blank (Motion, at 4), which therefore makes the Motion meritless and not a basis for any relief. (*Compare* Motion, Docket No. 505, at 3 ("WHEREFORE, Debtor requests that this court issue an order avoiding Creditor's lien in the form of the Attachment to this motion.") *with* Motion, Docket No. 505, at 4 (blank Attachment).) The

1  HOA has been given insufficient notice of the impairment of any exemption, and therefore the
2  Motion must be denied.

3          **C.    Debtor's Judicial Admissions Also Preclude Granting Lien Avoidance**

4          On the other hand, even in the absence of evidence, statements of fact contained in a brief
5  may be considered admissions of the party in the discretion of the district court. *Hornberger v.*
6  *Merrill Lynch, Pierce, Fenner & Smith, Inc.*, SA CV 14-1645, 2015 U.S. Dist. LEXIS 191674, 2015
7  WL 13310465, at *3 (C.D. Cal. Jan. 22, 2015) (quoting *Am. Title Ins. Co. v. Lacelaw Corp.*, 861
8  F.2d 224, 227 (9th Cir. 1988)). "Judicial admissions are 'conclusively binding on the party who
9  made them.'" *In re Barker*, 839 F.3d 1189, 1195 (9th Cir. 2016) (quoting *Am. Title Ins. Co.*, 861
10 F.2d at 226). The effect of a judicial admission is to withdraw a fact from issue and wholly dispense
11 with the need for proof of fact. *Id.*

12         Here, the HOA requests that the Court take judicial notice of Debtor's Notice of Motion and
13 Motion to Avoid Lien Under 11 U.S.C. § 522(f) (Docket No. 422) ("Consensual Lien Motion"). In
14 the Consensual Lien Motion, Debtor admitted as follows regarding the fair market value of the
15 Property and the value of the J-PAD lien:

16      a.  Value of Collateral: Decal # LBM 1081 Serial No. AC7V710394GB/GA . . .
17          $85,000.00
18      b.  Amounts of Senior Liens (reducing equity in the property to which the subject
19          lien can attach):
20              (1) First lien: Ch. 7 Trustee, Jeffrey I. Golden/J-Pad LLC ($ 225,000.00) . . . .

21 (A true and correct copy of the relevant portion of the Consensual Lien Motion is attached to the
22 RJN annexed hereto as **Exhibit "B."**) (See RJN, Ex. B, at 4.) In admitting that the value of 16222
23 Monterey Lane, Space 376, Huntington Beach, CA 92649 is less than the consensual lien(s) of J-
24 PAD, LLC, Debtor has also admitted that her exemption in the Property cannot be impaired by any
25 lien of the HOA. Therefore, the Motion must be denied.
26 / / /
27
28 / / /

4

**D.     The Motion is Procedurally and Substantively Defective And an Improper Reconsideration Motion, Which is Also Grounds for Denial**

Finally, this is the eighth time the Debtor has filed essentially the same Motion, which suffers from all of the same flaws, chief among them that a Motion to Avoid Lien, by definition, is a motion to avoid one single lien, which requires identifying with particularity what lien Debtor seeks to avoid. See 11 U.S.C. § 522(f) (emphasis added) ("the debtor may avoid the fixing of *a lien*"); Fed. R. Bankr. P. 4003(d) (emphasis added) ("A proceeding under § 522(f) to avoid *a lien* or other transfer of property exempt under Code shall be commenced by motion in the manner provided by Rule 9014 . . . ."); LBR 4003-2(a) (emphasis added) ("The requirements of LBR 9013-1 through LBR 9013-4 apply to a motion to avoid *a lien* . . . . (1) A motion to avoid *a lien* or other transfer of property under 11 U.S.C. § 522(f) may be brought under either LBR 9013-1(d) or (o).")[1]

Here, Debtor fails to specify which lien (singular) she seeks to avoid in the Motion and in fact admits that she improperly seeks to avoid multiple liens in contravention of statute, federal rules, and the Local Rules: "**2. Subject Lien:** Date and place of recordation of lien (*specify*): [blank])" (Motion, Docket No. 505, at 4.) The haphazard arrangement of the Motion does not shed any light on what lien Debtor seeks to avoid. If "Attachment A" identified in the Motion is to be believed (i.e., the blurry document contained at pages 5-6 and 50-95 of Docket No. 505), then Debtor seeks to avoid five (5) different liens in one motion, which is prohibited. Debtor's declaration in support of the Motion further sheds no light.

After filing the same flawed Motion time after time, each time being denied, the Debtor continues to violate Local Bankruptcy Rule 9013-1(*l*) which subjects a repeat filer to sanctions for failing to set forth all of the required information contained therein.

---

[1] Debtor continues to seek to deceive the Court by initially filing motions under LBR 9013-1(o), which give respondents 14-17 days to respond, only to then set a hearing under LBR 9013-1(d), giving respondents until 14 days before the hearing date set to respond under LBR 9013-1(f), only to then claim that she is entitled to relief because the prior, superseded 14-day notice period ran. (See Docket No. 516.) The HOA contends that this behavior is vexatious and sanctionable in addition to Debtor's repeated violations of LBR 9013-1(*l*) and the Court's specific and definite orders that Debtor "adhere to the requirements contained in all applicable rules and procedures." (See Docket No. 314, at 2:1-2; Docket No. 326, at 2:2-3.)

5

## II. CONCLUSION

WHEREFORE, based on the foregoing, the HOA respectfully requests that the Motion be denied.

Respectfully submitted,

DATED: December 3, 2024    **GOE FORSYTHE & HODGES LLP**

By: /s/ Robert P. Goe
   Robert P. Goe
   Brandon J. Iskander
   Attorneys for The Huntington Beach
   Gables Homeowners' Association

## REQUEST FOR JUDICIAL NOTICE

Federal courts may take judicial notice of facts which are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Federal Rule of Evidence 201(c)(2). This includes proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to the matters at issue. *U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992). The court may also take judicial notice of undisputed facts that are contained in extrinsic materials, such as public land records. *See Mir v. Little Co. of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988). Based on the foregoing, the HOA requests the Court take judicial notice of the following:

1.  A true and correct copy of a search dated December 3, 2024 of the California Secretary of State's official records of UCC liens of record with respect to J-PAD, LLC is attached hereto and incorporated herein as **Exhibit "A."**

2.  A true and correct copy of the Debtor's Notice of Motion and Motion to Avoid Lien Under 11 U.S.C. § 522(f) (Docket No. 422) filed on August 27, 2024 in *In re Jamie Lynn Gallian*, Case No. 8:21-bk-11710-SC, a case before the United States Bankruptcy Court for the Central District of California, Santa Ana Division is attached hereto and incorporated herein as **Exhibit B.**

Dated: December 3, 2024                    Respectfully submitted,

**GOE FORSYTHE & HODGES LLP**

By: /s/ Robert P. Goe
    Robert P. Goe
    Brandon J. Iskander
    Attorneys for The Huntington Beach
    Gables Homeowners' Association

# EXHIBIT A

![California Secretary of State]

| | Business | UCC | | Login |
|---|---|---|---|---|

- Home
- Search
- Forms
- Help

## UCC Search

🖨 Print

UCC Documents have been processed through: 11/21/2024

**Disclaimer:** This tool allows you to search the California Secretary of State's Uniform Commercial Code database for abstracts of information for lien notices that have been filed with this office. The UCC Search is updated as documents are filed. The data provided is not a complete or certified record.

j-pad 🔍

Advanced ⌄

1

Results: 16

| UCC Type | Debtor Information | File Number | Secured Party Info | Status | Filing Date | Lapse Date |
|---|---|---|---|---|---|---|
| UCC › | J-SANDCASTLE CO LLC - HUNTINGTON BEACH, CA | 197691916827 | J-PAD, LLC - CA SOS ENTITY NO. 201804010750 - ORANGE, CA | Active | 01/14/2019 | 01/14/2049 |
| UCC › | | U210083400018 | J-PAD, LLC - CA SOS ENTITY NO. 201804010750 - HUNTINGTON BEACH, CA | Active | 01/14/2019 | 01/14/2049 |
| UCC › | J-SANDCASTLE CO LLC - HUNTINGTON BEACH, CA | U210084251729 | J-PAD, LLC - CA SOS ENTITY NO. 201804010750 - ORANGE, CA | Active | 01/14/2019 | 01/14/2049 |
| UCC › | J-SANDCASTLE CO LLC - HUNTINGTON BEACH, CA | U210084251830 | J-PAD, LLC - CA SOS ENTITY NO. 201804010750 - ORANGE, CA | Active | 01/14/2019 | 01/14/2049 |
| UCC › | J-SANDCASTLE CO LLC - HUNTINGTON BEACH, CA | U210084251931 | J-PAD, LLC - CA SOS ENTITY NO. 201804010750 - ORANGE, CA | Active | 01/14/2019 | 01/14/2049 |
| UCC › | | U210084255728 | J-PAD, LLC - CA SOS ENTITY NO. 201804010750 - TORRANCE, CA | Active | 01/14/2019 | 01/14/2049 |
| UCC › | J-SANDCASTLE CO LLC - HUNTINGTON BEACH, CA | U210084255829 | J-PAD, LLC - CA SOS ENTITY NO. 201804010750 - ORANGE, CA | Active | 01/14/2019 | 01/14/2049 |

Skip to main content

EXHIBIT A



EXHIBIT A    Page 2 of 2

# EXHIBIT B

| Attorney or Party Name, Address, Telephone & FAX Numbers, State Bar Number & Email Address | FOR COURT USE ONLY |
|---|---|
| JAMIE LYNN GALLIAN<br>16222 MONTEREY LANE UNIT 376<br>HUNTINGTON BEACH, CA 92649<br>714-321-3449<br>JAMIEGALLIAN@GMAIL.COM<br><br>☒ *Debtor appearing without attorney*<br>☐ *Attorney for Debtor* | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION**

| In re:<br>JAMIE LYNN GALLIAN | CASE NUMBER: 8:21-BK-11710-SC<br><br>CHAPTER: 7 |
|---|---|
| | **DEBTOR'S NOTICE OF MOTION AND MOTION TO AVOID LIEN UNDER 11 U.S.C. § 522(f) (REAL PROPERTY)** |
| Debtor(s). | [No hearing required unless requested under LBR 9013-1(o)] |

**Creditor Name:**
J-PAD, LLC; JEFFREY I. GOLDEN CHAPTER 7 TRUSTEE OF THE ESTATE OF JAMIE LYNN GALLIAN

**TO THE CREDITOR, ATTORNEY FOR CREDITOR AND OTHER INTERESTED PARTIES:**

1. **NOTICE IS HEREBY GIVEN** that Debtor moves this court for an order, pursuant to LBR 9013-1(o) upon notice of opportunity to request a hearing (*i.e.*, without a hearing unless requested), avoiding a lien on the grounds set forth below.

2. **Deadline for Opposition Papers:**
Pursuant to LBR 9013-1(o), any party opposing the motion may file and serve a written opposition and request a hearing on this motion. If you fail to file a written response within 14 days of the date of service of this notice of motion and motion, plus an additional 3 days unless this notice of motion and motion was served by personal delivery or posting as described in Federal Rules of Civil Procedure 5(b)(2)(A)-(B), the court may treat such failure as a waiver of your right to oppose this motion and may grant the requested relief.

---

*"Bankruptcy Code" and "11 U.S.C." refer to the United States Bankruptcy Code, Title 11 of the United States Code.*
*"FRBP" refers to the Federal Rules of Bankruptcy Procedure. "LBR" and "LBRs" refer to the Local Bankruptcy Rule(s) of this court.*

---

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2017*    Page 1    F 4003-2.1.AVOID.LIEN.RP.MOTION

006
EXHIBIT B    Page 1 of 7

3. **Type of Case:**
   a. ☒ A voluntary petition under Chapter    ☒ 7   ☐ 11   ☐ 12   ☐ 13 was filed on: 07/09/2021
   b. ☐ An involuntary petition under Chapter    ☐ 7   ☐ 11 was filed on: _____
      ☐ An order of relief under Chapter    ☐ 7   ☐ 11 was entered on: _____
   c. ☐ An order of conversion to Chapter    ☐ 7   ☐ 11   ☐ 12   ☐ 13 was entered on: _____
   d. ☐ Other: 

4. **Procedural Status:**
   a. ☒ Name of Trustee appointed (if any): JEFFREY I. GOLDEN
   b. ☒ Name of Attorney for Trustee (if any): DANING, GILL, ISRAEL, & KRASNOFF, LLP

5. Debtor claims an exemption in the subject real property under:
   a. ☒ California Code of Civil Procedure § 704.930(a) (Homestead): Exemption amount claimed on schedules: $ 600,000.00
   b. ☒ California Code of Civil Procedure § 704.720(a) Exemption amount claimed on schedules: $ 600,000.00
   c. ☐ Other statute (specify): _____

6. Debtor's entitlement to an exemption is impaired by a judicial lien, the details of the lien are as follows:
   a. Date of entry of judgment (specify): _____
   b. Case name (specify): _____
   c. Name of court: _____
   d. Docket number (specify): _____
   e. Date (specify): 01/14/2019 and place (specify) California Secretary of State, U.C.C. Filing, Sacramento, CA of recordation of lien
   f. Recorder's instrument number (specify): 19-7691905279   amended  19--7691916827

7. The property claimed to be exempt is as follows:
   a. Street address, city, county and state, where located, (specify): 16222 Monterey Lane, Space 376 HUNTINGTON BEACH, CA 92649
   b. Legal description (specify): Parcel 1 and Parcel 2 of of PMB 108-48; Tract Map Misc Maps Book 456, pg 49-50, ☒ See attached page

8. Debtor acquired the property claimed as exempt on the following date (specify): Nov. 1, 2018
9. Debtor alleges that the fair market value of the property claimed exempt is: $ 385000.00
10. The subject property is encumbered with the following liens (list mortgages and other liens in order of priority and place an "X" as to the lien to be avoided by this motion):

| Name of Lienholder | "X" | Date Lien Recorded | Original Lien Amount | Current Lien Amount | Date of Current Lien |
|---|---|---|---|---|---|
| J-Pad, LLC; JEFFREY GOLDEN,Ch7 Trustee | ☒ | 01/14/2019 | $ 225,000.00 | $ 0.00 | 11/16/2018 |
| | ☐ | | $ | $ | |
| ~~Security Agreement EX. A Prom. Note Jamie Lynn Gallian, Lender/Holder J-Sandcastle Co, LLC, Borrower~~ | ☐ | Legal Owner(s) R Pierpont [or] J-Pad, LLC HCD Lien Satisfied 7/9/2021 HCD Reg. Owner J-Sandcastle Co released to Jamie Gallian on 8/3/21 HCD COT | $ 225,000.00 $ | $ 0.00 $ | 11/16/2018 |

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2017    Page 2    F 4003-2.1.AVOID.LIEN.RP.MOTION
                                                                    007
                EXHIBIT B                           Page 2 of 7

11. Debtor attaches copies of the following documents in support of the motion (as appropriate):

    a. ☒ Schedule C to bankruptcy petition listing all exemptions claimed by Debtor
    b. ☒ Appraisal of the property
    c. ☒ Documents showing current balance due as to the liens specified in paragraph 11 above
    d. ☐ Recorded Abstract of Judgment
    e. ☒ Recorded Declaration of Homestead (Homestead Exemption)
    f. ☒ Declaration(s)
    g. ☐ Other (*specify*):

12. Total number of attached pages of supporting documentation: 116

13. Debtor declares under penalty of perjury under the laws of the United States of America that the foregoing is true and correct [28 U.S.C. § 1746(1) and (2)].

Trustee's /J-PAD, LLC

WHEREFORE, Debtor requests that this court issue an order avoiding Creditor's lien in the form of the **Attachment** to this motion.

Executed on (date): 08/26/2024

*Jamie Lynn Gallian*
Signature of Debtor

JAMIE LYNN GALLIAN, IN PRO PER
Printed name of Debtor

Date: _____

_____
Signature of Attorney for Debtor

_____
Printed name of Attorney for Debtor

---

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2017*    Page 3    F 4003-2.1.AVOID.LIEN.RP.MOTION
008
EXHIBIT B    Page 3 of 7

# ATTACHMENT TO MOTION/ORDER
# (11 U.S.C. § 522(f): AVOIDANCE OF REAL PROPERTY JUDICIAL LIENS)

This court makes the following findings of fact and conclusions of law:

1. **Creditor Lienholder/Servicer:** J-PAD, LLC; TRUSTEE JEFFREY I GOLDEN, CHAPTER 7 TRUSTEE.

2. **Subject Lien:** Date and place of recordation of lien (*specify*): 1/14/2019 U.C.C. Filing California Secretary of State

   Recorder's instrument number or document recording number: 19-7691905279.

3. **Collateral:** Street address, city, county and state, where located, legal description and/or map/book/page number, including county of recording:
   Parcel 1 and Parcel 2 of of PMB 108-48; Tract 10542 Misc Maps Book 456, pg 49-50, Unit 4, Lot 376, 891-569-62.
   ☐ See attached page.

4. **Secured Claim Amount**
   a. Value of Collateral: Decal # LBM 1081 Serial No. AC7V710394GB/GA ............ $ 85,000.00
   b. Amounts of Senior Liens (reducing equity in the property to which the subject lien can attach):
      (1) First lien: Ch. 7 Trustee, Jeffrey I. Golden/J-Pad LLC ($ 225,000.00)
      (2) Second lien: ……………………………………… ($                    )
      (3) Third lien: ………………………………………… ($                    )
      (4) Additional senior liens (*attach list*): ………………… ($                    )
   c. Amount of Debtor's exemption(s): ……………………………… ($ 600,000.00)
   d. Subtotal: ………………………………………………………………. ($ 825,000.00)
   e. Secured Claim Amount (negative results should be listed as -$0-): $ 0.00
   Unless otherwise ordered, any allowed claim in excess of this Secured Claim Amount is to be treated as a nonpriority unsecured claim and is to be paid pro rata with all other nonpriority unsecured claims (in Chapter 13 cases, Class 5A of the Plan).

5. **Lien avoidance:** Debtor's request to avoid the Subject Lien is granted as follows. The fixing of the Subject Lien impairs an exemption to which Debtor would otherwise be entitled under 11 U.S.C. § 522(b). The Subject Lien is not a judicial lien that secures a debt of a kind that is specified in 11 U.S.C. § 523(a)(5) (domestic support obligations). The Subject Lien is void and unenforceable except to the extent of the Secured Claim Amount, if any, listed in paragraph 4.e. above.

   ☐ See attached page(s) for more liens/provisions.

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2017*                    Page 4                    F 4003-2.1.AVOID.LIEN.RP.MOTION
                                                             009
                              EXHIBIT B                      Page 4 of 7

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
16222 Monterey Lane Unit 378 Huntington Beach, CA 92649

A true and correct copy of the foregoing document entitled: **DEBTOR'S NOTICE OF MOTION AND MOTION TO AVOID LIEN UNDER 11 U.S.C. § 522(f) (REAL PROPERTY)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

[x] Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

[ ] Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

[ ] Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 08/26/2024 | Joseph Clark | *Joseph Clark* |
|---|---|---|
| Date | Printed Name | Signature |

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2017*                           Page 5                           **F 4003-2.1.AVOID.LIEN.RP.MOTION**

EXHIBIT B                                                                          010
                                                                          Page 5 of 7

**ADDITIONAL SERVICE INFORMATION (if needed):**

## 1. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")

Bradford Barnhardt on behalf of Interested Party Courtesy NEF
bbarnhardt@marshackhays.com, bbarnhardt@ecf.courtdrive.com,alinares@ecf.courtdrive.com

Bradford Barnhardt on behalf of Plaintiff Houser Bros. Co.
bbarnhardt@marshackhays.com, bbarnhardt@ecf.courtdrive.com,alinares@ecf.courtdrive.com

Aaron E. DE Leest on behalf of Plaintiff Jeffrey I. Golden
adeleest@DanningGill.com, danninggill@gmail.com;adeleest@ecf.inforuptcy.com

Aaron E. DE Leest on behalf of Trustee Jeffrey I Golden (TR)
adeleest@DanningGill.com, danninggill@gmail.com;adeleest@ecf.inforuptcy.com

Robert P Goe on behalf of Creditor The Huntington Beach Gables Homeowners Association
kmurphy@goeforlaw.com,
rgoe@goeforlaw.com;goeforecf@gmail.com;Goe.RobertP.R@notify.bestcase.com;ajohnston@goeforlaw.com

Robert P Goe on behalf of Interested Party The Huntington Beach Gables Homeowners Association
kmurphy@goeforlaw.com,
rgoe@goeforlaw.com;goeforecf@gmail.com;Goe.RobertP.R@notify.bestcase.com;ajohnston@goeforlaw.com

Robert P Goe on behalf of Plaintiff The Huntington Beach Gables Homeowners Association
kmurphy@goeforlaw.com,
rgoe@goeforlaw.com;goeforecf@gmail.com;Goe.RobertP.R@notify.bestcase.com;ajohnston@goeforlaw.com

Jeffrey I Golden (TR)
lwerner@go2.law, jig@trustesolutions.net;kadele@go2.law;C205@ecfcbis.com

D Edward Hays on behalf of Creditor Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates
ehays@marshackhays.com,
ehays@ecf.courtdrive.com;alinares@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com

D Edward Hays on behalf of Interested Party Courtesy NEF
ehays@marshackhays.com,
ehays@ecf.courtdrive.com;alinares@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com

D Edward Hays on behalf of Plaintiff Houser Bros. Co.
ehays@marshackhays.com,
ehays@ecf.courtdrive.com;alinares@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com

Brandon J. Iskander on behalf of Creditor The Huntington Beach Gables Homeowners Association
biskander@goeforlaw.com, kmurphy@goeforlaw.com

Brandon J. Iskander on behalf of Plaintiff The Huntington Beach Gables Homeowners Association
biskander@goeforlaw.com, kmurphy@goeforlaw.com

Eric P Israel on behalf of Trustee Jeffrey I Golden (TR)
eisrael@danninggill.com, danninggill@gmail.com;eisrael@ecf.inforuptcy.com

Shantal Malmed on behalf of Plaintiff Jeffrey I. Golden
shantal.malmed@gmlaw.com, cheryl.caldwell@gmlaw.com

Shantal Malmed on behalf of Trustee Jeffrey I Golden (TR)
shantal.malmed@gmlaw.com, cheryl.caldwell@gmlaw.com

Laila Masud on behalf of Creditor Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates
lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;lbuchanan@marshackhays.com;alinares@ecf.courtdrive.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                   EXHIBIT B                    F 9013-3.1.PROOF.SERVICE
                                                                         Page 6 of 7
041

Laila Masud on behalf of Interested Party Courtesy NEF
lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;lbuchanan@marshackhays.com;alinares@ecf.courtdrive.com

Laila Masud on behalf of Plaintiff Houser Bros. Co.
lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;lbuchanan@marshackhays.com;alinares@ecf.courtdrive.com

Mark A Mellor on behalf of Defendant Randall L Nickel
mail@mellorlawfirm.com, mellormr79158@notify.bestcase.com

Mark A Mellor on behalf of Interested Party Courtesy NEF
mail@mellorlawfirm.com, mellormr79158@notify.bestcase.com

Valerie Smith on behalf of Interested Party Courtesy NEF
claims@recoverycorp.com

United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*    EXHIBIT B    F 9013-3.1.PROOF.SERVICE
043
Page 7 of 7

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 17701 Cowan Avenue Suite 210, Bldg. D, Irvine, CA 92614
\
A true and correct copy of the foregoing document entitled (*specify*): **OPPOSITION TO DEBTOR'S NOTICE OF MOTION AND MOTION TO AVOID LIEN UNDER 11 U.S.C. § 522(f); REQUEST FOR JUDICIAL NOTICE IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On December 3, 2024, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) December 3, 2024, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Jamie Lynn Gallian
16222 Monterey Ln Unit 376
Huntington Beach, CA 92649

Janine Jasso
PO Box 370161
El Paso, CA 79937

Michael D Poole
Feldsott & Lee
23161 Mill Creek Dr Ste 300
Laguna Hills, CA 92653

Greg Bingham / William Friedman
Coldwell Banker Realty
840 Newport Center Dr, Ste 100
Newport Beach, CA 92660

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) December 3, 2024, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

- The Honorable Scott C. Clarkson, USBC, 411 West Fourth Street, Santa Ana, CA 92701
- Jamie Gallian via email: jamiegallian@gmail.com

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| December 3, 2024 | Susan C. Stein | /s/Susan C. Stein |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

8

**Mailing Information for Case 8:21-bk-11710-SC**

**Electronic Mail Notice List**

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- **Bradford Barnhardt**    bbarnhardt@marshackhays.com, bbarnhardt@ecf.courtdrive.com,alinares@ecf.courtdrive.com
- **Aaron E. De Leest**    adeleest@marshackhays.com, adeleest@marshackhays.com,alinares@ecf.courtdrive.com
- **Robert P Goe**    kmurphy@goeforlaw.com, rgoe@goeforlaw.com;goeforecf@gmail.com;Goe.RobertP.R@notify.bestcase.com;ajohnston@goeforlaw.com
- **Jeffrey I Golden (TR)**    lwerner@go2.law, jig@trustesolutions.net;kadele@go2.law;C205@ecfcbis.com
- **D Edward Hays**    ehays@marshackhays.com, ehays@ecf.courtdrive.com;alinares@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com
- **Brandon J. Iskander**    biskander@goeforlaw.com, kmurphy@goeforlaw.com
- **Eric P Israel**    eisrael@danninggill.com, danninggill@gmail.com;eisrael@ecf.inforuptcy.com
- **Shantal Malmed**    shantal.malmed@gmlaw.com, cheryl.caldwell@gmlaw.com
- **Shantal Malmed**    , cheryl.caldwell@gmlaw.com
- **Laila Masud**    lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;lbuchanan@marshackhays.com;alinares@ecf.courtdrive.com
- **Mark A Mellor**    mail@mellorlawfirm.com, mellormr79158@notify.bestcase.com
- **Valerie Smith**    claims@recoverycorp.com
- **United States Trustee (SA)**    ustpregion16.sa.ecf@usdoj.gov