JAMIE LYNN GALLIAN
16222 Monterey Lane Space 376
Huntington Beach, CA 92649
714-321-3449
jamiegallian@gmail.com

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

SANTA ANA DIVISION

| | |
|---|---|
| IN RE JAMIE LYNN GALLIAN<br><br>DEBTOR, | Case No.: 8:21-BK-11710-SC<br><br>REPLY<br>DATE DECEMBER 17, 2024<br>TIME: 2:30 PM<br>PLACE: 5C<br>411 WEST FOURTH STREET SANTA ANA, CA 92701 |

B. **Section 522(f).**

Section 522(f) provides in relevant part:

(f)(1) Notwithstanding any waiver of exemptions but subject to paragraph (3), the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is--

(A) a judicial lien, other than a judicial lien that secures a debt of a kind that is specified in section 523(a)(5); or

(B) a nonpossessory, nonpurchase-money security interest in any--

(i) household furnishings, household goods, wearing apparel, appliances, books, animals, crops, musical instruments, or jewelry that are held primarily for the personal, family, or household use of the debtor or a dependent of the debtor;

REPLYDATE DECEMBER 17, 2024TIME: 2:30 PMPLACE: 5C 411 WEST FOURTH STREET SANTA ANA, CA 92701 - 1

    (ii) implements, professional books, or tools, of the trade of the debtor or the trade of a dependent of the debtor; or

    (iii) professionally prescribed health aids for the debtor or a dependent of the debtor.

    (2)(A) For the purposes of this subsection, a lien shall be considered to impair an exemption to the extent that the sum of--

    (i) the lien;

    (ii) all other liens on the property; and

    (iii) the amount of the exemption that the debtor could claim if there were no liens on the property; exceeds the value that the debtor's interest in the property would have in the absence of any liens.

    (B) In the case of a property subject to more than 1 lien, a lien that has been avoided shall not be considered in making the calculation under subparagraph (A) with respect to other liens.

    (C) This paragraph shall not apply with respect to a judgment arising out of a mortgage foreclosure.

**Section 522(f).**

Section 522(f) permits a debtor to avoid a judicial lien if it impairs a homestead exemption, such as the exemption claimed by Debtors under N.M.S.A. § 42-10-9(B)(1). *See, e.g., In re Hamilton*, 461 B.R. 878, 883 (Bankr. D.N.M. 2011) (discussing the New Mexico homestead exemption and § 522(f)).

Under the Bankruptcy Code, the only requirements for lien avoidance are those found in § 522(f). To meet the statutory requirements, Debtors must prove the existence of a judicial lien; that the lien impairs their homestead exemption; and that they possessed the homestead property when the lien attached. *See Farrey v. Sanderfoot*, 500 U.S. 291, 295-96 (1991). Leaving the subject judicial liens in place, as the Vigils and the Moras advocate, effectively would deny Debtors their right to the homestead exemption.

REPLYDATE DECEMBER 17, 2024TIME: 2:30 PMPLACE: 5C 411 WEST FOURTH STREET SANTA ANA, CA 92701 - 2

## MEMORANDUM POINTS & AUTHORITIES

**United States Supreme Court *Law v. Siegel*, 571 U.S. 415 (2014)**

The United States Supreme Court addressed a similar argument in *Law v. Siegel,* 571 U.S. 415 (2014). It ruled that the Bankruptcy Code does not confer "a general, equitable power in bankruptcy courts to deny exemptions based on a debtor's bad-faith conduct." *Id.* at 425.

A bankruptcy court has statutory authority to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of" the Bankruptcy Code. 11 U.S.C. § 105(a).

And it may also possess "inherent power ... to sanction 'abusive litigation practices.' " *Marrama v. Citizens Bank of Mass.,* 549 U.S. 365, 375–376, 127 S. Ct. 1105, 166 L. Ed. 2d 956 (2007). But in exercising those statutory and inherent powers, a bankruptcy court may not contravene specific statutory provisions.

It is hornbook law that § 105(a) "does not allow the bankruptcy court to override explicit mandates of other sections of the Bankruptcy Code." 2 Collier on Bankruptcy ¶ 105.01[2], p. 105–6 (16th ed. 2013).

Section 105(a) confers authority to "carry out" the provisions of the Code, but it is quite impossible to do that by taking action that the Code prohibits. That is simply an application of the axiom that a statute's general permission to take actions of a certain type must yield to a specific prohibition found elsewhere. See *Morton v. Mancari,* 417 U.S. 535, 550–551, 94 S. Ct. 2474, 41 L. Ed. 2d 290 (1974); *D. Ginsberg & Sons, Inc. v. Popkin,* 285 U.S. 204, 206–208, 52 S. Ct. 322, 76 L. Ed. 704 (1932).

Courts' inherent sanctioning powers are likewise subordinate to valid statutory directives and prohibitions. *Degen v. United States,* 517 U.S. 820, 823, 116 S. Ct. 1777, 135 L. Ed. 2d 102 (1996); *Chambers v. NASCO, Inc.,* 501 U.S. 32, 47, 111 S. Ct. 2123, 115 L. Ed. 2d 27 (1991).

We have long held that "whatever equitable powers remain in the bankruptcy courts must and can only be exercised within the confines of" the Bankruptcy Code. *Norwest Bank Worthington v. Ahlers,* 85 U.S. 197, 206, 108 S. Ct. 963, 99 L. Ed. 2d 169 (1988); see, *e.g., Raleigh v. Illinois Dept. of Revenue,* 530 U.S. 15, 24–25, 120 S. Ct. 1951, 147 L. Ed. 2d 13 (2000); *United States v. Noland,* 517 U.S. 535, 543, 116 S. Ct. 1524, 134 L. Ed. 2d 748 (1996);

1 | *SEC v. United States Realty & Improvement Co.,* 310 U.S. 434, 455, 60 S. Ct. 1044, 84 L. Ed. 1293 (1940).571 U.S. at 420-421 (footnote omitted).

The 10th Circuit summarized *Siegel*'s effect on § 522(f) lien avoidance: *Siegel* recognized that a bankruptcy court has broad equitable powers under § 105 "to issue any order ... necessary or appropriate to carry out the provisions of the Bankruptcy Code" and has "inherent power to sanction abusive litigation practices." 134 S.Ct. at 1194 (ellipsis and internal quotation marks omitted). But it also said any equitable powers possessed by "the bankruptcy courts must and can only be exercised within the confines of the Bankruptcy Code," *id.* (internal quotation marks omitted), and "§ 522 does not give courts discretion to grant or withhold exemptions based on whatever considerations they deem appropriate," *id.* at 1196.

"[T]he court may not refuse to honor the [ § 522] exemption absent a valid statutory basis for doing so," nor may it add exceptions not found in the statute. *Id.* The Court noted that bankruptcy courts retain "authority to respond to debtor misconduct with meaningful sanctions[,]" including authority to deny a dishonest debtor discharge, *id.* at 1198, but made clear that "federal law provides no authority for bankruptcy courts to deny an exemption on a ground not specified in the Code," *id.* at 1197 (emphasis omitted).

*Clabaugh v. Grant (In re Grant),* 658 Fed. App'x. 411, 414 (10th Cir. 2016). For other decisions consistent with *Clabaugh*, see *Rockwell v. Rockwell (In re Rockwell)*, 968 F.3d 12, 19 (1st Cir. 2020) (citing *Siegel*, the court held it was prohibited from infringing on debtor's "fresh start" by denying exemptions); *Rucker v. Belew (In re Belew)*, 943 F.3d 395, 396 (8th Cir. 2019) ("Because bad faith is not listed among the 'carefully calibrated exceptions' in § 522, the [Supreme] Court concluded general powers could not be used to recognize a bad faith exception not listed in the specific, detailed provisions of that section."); *Ellman v. Baker (In re Baker),* 791 F.3d 677 (6th Cir. 2015) ("[I]t is clear that *Siegel* prohibits the bankruptcy court from disallowing the debtors' claimed exemptions because of their alleged bad faith and fraudulent conduct."); *Elliott v. Weil (In re Elliott),* 544 B.R. 421, 432 (9th Cir. BAP 2016) ("*Law v. Siegel* abrogated our authority to deny exemptions or amendments to exemptions based on a debtor's bad faith."); *Gray v. Warfield (In re Gray),* 523 B.R. 170, 174 (9th Cir. BAP 2014) ("[T]he Bankruptcy Code does not grant bankruptcy courts the 'authority to disallow an exemption ...' based on a debtor's misconduct."); *In re Bushey,* 559 B.R. 766, 775-776 (Bankr. D.N.M. 2016)

REPLYDATE DECEMBER 17, 2024TIME: 2:30 PMPLACE: 5C 411 WEST FOURTH STREET SANTA ANA, CA 92701 - 4

("The Bankruptcy Code does not confer any general, equitable power in the bankruptcy court to deny a debtor's exemptions based on bad-faith conduct."); *In re Jacobs*, 662 B.R. 376, 385 n.37 (Bankr. N.D. Okla. 2024) (same); *In re Guzman*, 660 B.R. 149, 156 (Bankr. D. Colo. 2024) (to the same effect); *In re Bentley*, 622 B.R. 296, 302 (Bankr. W.D. Okla. 2020) (the court cannot use general equitable powers to deny exemption claims as a result of Debtor's alleged bad faith conduct); *In re Schepmann*, 2020 WL 714414 (Bankr. D. Kan. 2020) (citing *Siegel*, the court held that it may not condition debtor's right to amend a homestead exemption claim on debtor's good faith); *In re Stewart*, 2017 WL 3575698, at *6 (Bankr. W.D. Okla.) (Bankruptcy Code does not confer a "general equitable power in bankruptcy courts to deny exemptions based on debtor's bad faith conduct"); *In re Liao,* 553 B.R. 584, 603 (Bankr. S.D. Tex. 2016) ("[T]here is no equitable power under federal law to stop the Debtor, however unsavory his conduct has been, from exempting the [homestead]."); *see generally* 4 *Collier on Bankruptcy,* ¶522.12[7] (16th Ed.) ("Following the decision in *Law v. Siegel,* courts have concluded that they may not use their equitable powers to deny a debtor the right to amend exemptions based on bad faith or other misconduct.").

    To deny Debtors' § 522(f) motions because the subject judicial liens allegedly secure debts procured by fraud would run afoul of *Siegel* and *Clabaugh*, by which the Court is bound, as well as the other authority cited above.[4] To rule in the Lienholders' favor the Court would have to use its § 105 powers to create an equitable exception to § 522(f) not found in the Code. The case law discussed above prohibits the Court from doing so.

    Further, alleged defrauded creditors (secured and unsecured) have the right under § 523(a)(2) to have their debts declared nondischargeable which apparently the Houser Bros., Gables HOA, and Ms. Jasso has done by filing their adversary complaint(s) in October 2021. Debtor's discharge was denied.

    Between *Law v. Siegel* and § 523(a)(2), the DEBTOR respectfully requests her Motion be granted in full under § 522(f).

    **Debtor reviewed page 4 that Gables HOA states is BLANK**.  The way that Debtor reads page 4, it appears to be a Worksheet the "Court" completes, not the Movant.

REPLYDATE DECEMBER 17, 2024TIME: 2:30 PMPLACE: 5C 411 WEST FOURTH STREET SANTA ANA, CA 92701 - 5

Gables HOA is mistaken about the 522(f) previously filed. Since that Motion is not before the Court, Debtor will not comment on that Motion and the Court on its own Motion took the hearing Debtor scheduled off Calendar.

I declare under penalty of perjury of the laws of these United States, the foregoing to be true and correct.

Dated this 10th day of December, 2024 at Huntington Beach, CA 92649

*Jamie Lynn Gallian*
JAMIE LYNN GALLIAN

REPLYDATE DECEMBER 17, 2024TIME: 2:30 PMPLACE: 5C 411 WEST FOURTH STREET SANTA ANA, CA 92701 - 6

## REQUEST FOR JUDICIAL NOTICE

Federal courts may take judicial notice of facts which are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Federal Rule of Evidence 201(c)(2). This includes proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to the matters at issue. U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992). The court may also take judicial notice of undisputed facts that are contained in extrinsic materials, such as public land records. See Mir v. Little Co. of Mary Hosp., 844 F.2d 646, 649 (9th Cir. 1988). Based on the foregoing, the HOA requests the Court take judicial notice of the following:

1. A true and correct copy of a search California Secretary of State's official records of UCC liens of record with respect to Creditor **JAMIE LYNN GALLIAN** is attached hereto and incorporated herein as Exhibit "A."

2. A true and correct copy of a search California Secretary of State's official records of UCC liens of record 197691916827, with respect to Creditor **JAMIE LYNN GALLIAN** is attached hereto and incorporated herein as Exhibit "B."

REPLYDATE DECEMBER 17, 2024TIME: 2:30 PMPLACE: 5C 411 WEST FOURTH STREET SANTA ANA, CA 92701 - 7



### California
*Secretary of State*

Business    UCC    Login

- Home
- Search
- Forms
- Help

# UCC Search

Print

UCC Documents have been processed through: 12/05/2024

**Disclaimer:** This tool allows you to search the California Secretary of State's Uniform Commercial Code database for abstracts of information for lien notices that have been filed with this office. The UCC Search is updated as documents are filed. The data provided is not a complete or certified record.

JAMIE LYNN GALLIAN 

Advanced ∨

1

Results: 13

| UCC Type | Debtor Information | File Number | Secured Party Info | Status |
|---|---|---|---|---|
| UCC › | J-SANDCASTLE CO LLC - HUNTINGTON BEACH, CA | 197691916827 | JAMIE LYNN GALLIAN - HUNTINGTON BEACH, CA | Active |
| UCC › | J-SANDCASTLE CO LLC - HUNTINGTON BEACH, CA | U210084251729 | JAMIE LYNN GALLIAN - HUNTINGTON BEACH, CA | Active |
| UCC › | J-SANDCASTLE CO LLC - HUNTINGTON BEACH, CA | U210084251830 | JAMIE LYNN GALLIAN - HUNTINGTON BEACH, CA | Active |
| UCC › | J-SANDCASTLE CO LLC - HUNTINGTON BEACH, CA | U210084251931 | JAMIE LYNN GALLIAN - HUNTINGTON BEACH, CA | Active |
| UCC › | J-SANDCASTLE CO LLC - HUNTINGTON BEACH, CA | U210084255829 | JAMIE LYNN GALLIAN - HUNTINGTON BEACH, CA | Active |

© 2024 CA Secretary of State

Search | California Secretary of State                                                                                                    https://bizfileonline.sos.ca.gov/search/ucc

# California
### Secretary of State

- Home
- Search
- Forms
- Help

**Business** | **UCC** | | | Login

| | | | | |
|---|---|---|---|---|
| UCC > | J-SANDCASTLE CO LLC - HUNTINGTON BEACH, CA | U210088103427 | JAMIE LYNN GALLIAN - HUNTINGTON BEACH, CA | Active |
| UCC > | | U240065129627 | JAMIE LYNN GALLIAN - HUNTINGTON BEACH, CA | Active |
| UCC > | JAMIE LYNN GALLIAN - HUNTINGTON BEACH, CA | 197691905279 | J-PAD, LLC - CA SOS ENTITY NO. 201804010750 - ORANGE, CA | Active |
| UCC > | JAMIE LYNN GALLIAN - HUNTINGTON BEACH, CA | 197691915674 | J-PAD, LLC - CA SOS ENTITY NO. 201804010750 - ORANGE, CA | Lapsed |
| UCC > | JAMIE LYNN GALLIAN - HUNTINGTON BEACH, CA | U210084558226 | STEVEN D. GALLIAN - CORONA DEL MAR, CA | Active |
| UCC > | JAMIE LYNN GALLIAN - HUNTINGTON BEACH, CA | U220187699844 | | Active |
| UCC > | JAMIE LYNN GALLIAN - HUNTINGTON BEACH, CA | U220187704331 | | Lapsed |
| UCC > | JAMIE LYNN GALLIAN - HUNTINGTON BEACH, CA | U220187705223 | | Active |

1

© 2024 CA Secretary of State

# UCC FINANCING STATEMENT
FOLLOW INSTRUCTIONS

**A. NAME & PHONE OF CONTACT AT FILER (optional)**
Jamie Gallian
714-321-3449

**B. E-MAIL CONTACT AT FILER (optional)**

**C. SEND ACKNOWLEDGMENT TO: (Name and Address)**
Jamie Lynn Gallian
16222 Monterey Ln #376
Huntington Beach, CA 92649
USA

DOCUMENT NUMBER: 76027940003
FILING NUMBER: 19-7691916827
FILING DATE: 01/14/2019 09:10

IMAGE GENERATED ELECTRONICALLY FOR WEB FILING
THE ABOVE SPACE IS FOR CA FILING OFFICE USE ONLY

**1. DEBTOR'S NAME:** Provide only one Debtor name (1a or 1b)

| 1a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| J-SANDCASTLE CO LLC | | | |
| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| 16222 MONTEREY LN #376 | HUNTINGTON BEACH | CA | 92649 | USA |

**2. DEBTOR'S NAME:** (blank)

**3. SECURED PARTY'S NAME**

| 3a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| J-Pad, LLC - CA SOS Entity No. 201804010750 | | | |
| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| 2702 N GAFF ST | ORANGE | CA | 92865 | USA |

**4. COLLATERAL:** This financing statement covers the following collateral:
LOCATED ON PROPERTY RECORDED IN ORANGE COUNTY CLERK RECORDERS OFFICE IN CALIFORNIA PARCEL MAP RECORDED IN BOOK 108, PG(S) 47-48.

ASSESSORS PARCEL NUMBER 891-569-62
SERIAL NUMBERS AC7V710394GB, AC7V710394GA; DECAL NUMBER LBM1081

5. (unchecked)
6a. ☒ Manufactured-Home Transaction
6b. (unchecked)
7. ALTERNATIVE DESIGNATION (if applicable): (unchecked)
8. OPTIONAL FILER REFERENCE DATA:

FILING OFFICE COPY

010

Page 2

# UCC FINANCING STATEMENT ADDENDUM
FOLLOW INSTRUCTIONS

9. NAME OF FIRST DEBTOR: Same as line 1a or 1b on Financing Statement; if line 1b was left blank because individual Debtor name did not fit, check here ☐

9a. ORGANIZATION'S NAME: J-SANDCASTLE CO LLC

OR

9b. INDIVIDUAL'S SURNAME
FIRST PERSONAL NAME
ADDITIONAL NAME(S)/INITIAL(S)    SUFFIX

DOCUMENT NUMBER: 76027940003

IMAGE GENERATED ELECTRONICALLY FOR WEB FILING
THE ABOVE SPACE IS FOR CA FILING OFFICE USE ONLY

10. DEBTOR'S NAME: Provide (10a or 10b) only one additional Debtor name or Debtor name that did not fit in line 1b or 2b of the Financing Statement (Form UCC1) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name) and enter the mailing address in line 10c

10a. ORGANIZATION'S NAME

10b. INDIVIDUAL'S SURNAME

OR

INDIVIDUAL'S FIRST PERSONAL NAME

INDIVIDUAL'S ADDITIONAL NAME(S)/INITIAL(S)    SUFFIX

10c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY

11. ☐ ADDITIONAL SECURED PARTY'S NAME or ☒ ASSIGNOR SECURED PARTY'S NAME: Provide only one name (11a or 11b)

11a. ORGANIZATION'S NAME

OR

11b. INDIVIDUAL'S SURNAME: GALLIAN | FIRST PERSONAL NAME: JAMIE | ADDITIONAL NAME(S)/INITIAL(S): LYNN | SUFFIX

11c. MAILING ADDRESS: 16222 MONTEREY LANE #376 | CITY: HUNTINGTON BEACH | STATE: CA | POSTAL CODE: 92649 | COUNTRY: USA

12. ADDITIONAL SPACE FOR ITEM 4 (collateral):

13. ☐ This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS (if applicable)

14. This FINANCING STATEMENT:
☐ covers timber to be cut    ☐ covers as-extracted collateral    ☐ is filed as a fixture filing

15. Name and address of RECORD OWNER of real estate described in item 16 (if Debtor does not have a record interest):

16. Description of real estate:

17. MISCELLANEOUS:

FILING OFFICE COPY

011

# STATE OF CALIFORNIA - DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT
## CERTIFICATE OF TITLE

Manufactured Home                                                           Decal: LBM1081

| Manufacturer ID/Name | Trade Name | Model | DOM | DFS | RY |
|---|---|---|---|---|---|
| 90002  SKYLINE HOMES INC | CUSTOM VILLA | | 05/29/2014 | 07/28/2014 | |

| Serial Number | Label/Insignia Number | Weight | Length | Width | Issued |
|---|---|---|---|---|---|
| AC7V710394GB | PFSI130281 | 22,383 | 56' | 15' 2" | Aug 03, 2021 |
| AC7V710394GA | PFSI130282 | 25,068 | 60' | 15' 2" | |

**Addressee**

JAMIE LYNN GALLIAN
16222 MONTEREY LN SPACE 376
HUNTINGTON BEACH, CA 92649

**Registered Owner(s)**

JAMIE LYNN GALLIAN
16222 MONTEREY LN SPACE 376
HUNTINGTON BEACH, CA 92649

**Situs Address**

16222 MONTEREY LN SPACE 376
HUNTINGTON BEACH, CA 92649

I hereby certify that this copy is a true and correct copy of the original document on file with the Department of Housing & Community Development.

_____
Signature

**IMPORTANT**
THE OWNER INFORMATION SHOWN ABOVE MAY NOT REFLECT ALL LIENS RECORDED WITH THE DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT AGAINST THE DESCRIBED UNIT. THE CURRENT TITLE STATUS OF THE UNIT MAY BE CONFIRMED THROUGH THE DEPARTMENT.

DTN: 12313525                                                        08032021 - 2

012

**STATE OF CALIFORNIA - DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT**
**REGISTRATION CARD**

Manufactured Home                                    Decal: **LBM1081**

| Manufacturer ID/Name | Trade Name | Model | DOM | DFS | RY | Exp. Date |
|---|---|---|---|---|---|---|
| 90002  SKYLINE HOMES INC | CUSTOM VILLA | | 05/29/2014 | 07/28/2014 | | |
| **Serial Number** | **Label/Insignia Number** | **Weight** | **Length** | **Width** | **Issued** | |
| AC7V710394GB | PFS1130281 | 22,383 | 56' | 15' 2" | Aug 03, 2021 | |
| AC7V710394GA | PFS1130282 | 25,068 | 60' | 15' 2" | | |

**Addressee**

JAMIE LYNN GALLIAN
16222 MONTEREY LN SPACE 376
HUNTINGTON BEACH, CA  92649



**Registered Owner(s)**

JAMIE LYNN GALLIAN
16222 MONTEREY LN SPACE 376
HUNTINGTON BEACH, CA 92649

**Situs Address**

16222 MONTEREY LN SPACE 376
HUNTINGTON BEACH, CA 92649

```
*********************************************
```
**ATTENTION OWNER:**

THIS IS THE REGISTRATION CARD FOR THE UNIT DESCRIBED ABOVE. PLEASE KEEP THIS CARD IN A SAFE PLACE WITHIN THE UNIT.

*Jamie Lynn Gallian*

INSTRUCTIONS FOR RENEWAL:
REGISTRATION FOR THIS UNIT EXPIRES ON THE DATE INDICATED ABOVE IN THE BOX LABELED "Exp. Date". THERE ARE SUBSTANTIAL PENALTIES FOR DELINQUENCY. IF YOU DO NOT RECEIVE A RENEWAL NOTICE WITHIN 10 DAYS PRIOR TO THE EXPIRATION DATE, CONTACT H.C.D. FOR RENEWAL INSTRUCTIONS.
```
*********************************************
```

**IMPORTANT**
THE OWNER INFORMATION SHOWN ABOVE MAY NOT REFLECT ALL LIENS RECORDED WITH THE DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT AGAINST THE DESCRIBED UNIT. THE CURRENT TITLE STATUS OF THE UNIT MAY BE CONFIRMED THROUGH THE DEPARTMENT.

DTN: 12313525                                                                08032021 - 1

013

STATE OF CALIFORNIA - BUSINESS, CONSUMER SERVICES AND HOUSING AGENCY          GAVIN NEWSOM, Governor

**DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT**
DIVISION OF CODES AND STANDARDS

# Title Search

Date Printed: Aug 8, 2024

| | | | |
|---|---|---|---|
| Decal #: | LBM1081 | Use Code: | SFD |
| Manufacturer: | SKYLINE HOMES INC - CLOSED | Original Price Code: | BVH |
| Tradename: | CUSTOM VILLA | Rating Year: | |
| Model: | | Tax Type: | LPT |
| Manufactured Date: | 05/29/2014 | Last ILT Amount: | |
| Registration Exp: | | Date ILT Fees Paid: | |
| First Sold On: | 07/28/2014 | ILT Exemption: | NONE |

| Serial Number | HUD Label / Insignia | Length | Width |
|---|---|---|---|
| AC7V710394GA | PFS1130282 | 60' | 15' 2" |
| AC7V710394GB | PFS1130281 | 56' | 15' 2" |

**Record Conditions:**

- An application for title or registration change is pending with the department. For information regarding this application, please call 1-800-952-8356 and request to speak with a customer representative.

**Registered Owner:**

JAMIE LYNN GALLIAN
16222 MONTEREY LN SPACE 376
HUNTINGTON BEACH, CA 92649

| | |
|---|---|
| Last Title Date: | 08/12/2021 |
| Last Reg Card: | 08/12/2021 |
| Sale/Transfer Info: | Price $.00 Transferred on 02/25/2021 |

**Situs Address:**

16222 MONTEREY LN SPACE 376
HUNTINGTON BEACH, CA 92649
Situs County: ORANGE

**Title Searches:**

CHRIS HOUSER
16222 MONTEREY LN OFC
HUNTINGTON BEACH, CA 92649

Title File No:         None

***END OF TITLE SEARCH***

014

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 16222 MONTEREY LANE SPACE 375 HUNTINGTON BEACH, CA 92649

A true and correct copy of the foregoing document entitled (*specify*): DEBTORS REPLY TO HOA OPPOSITION TO 522(F) And Request For Judicial Notice In Support will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) DEC 10, 2024 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page.

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page.

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| DECEMBER 10, 2024 | Joseph Clark | *Joseph Clark* |
|---|---|---|
| Date | Printed Name | Signature |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                       F 9013-3.1.PROOF.SERVICE
1773306.2  27064

015

**ADDITIONAL SERVICE INFORMATION (if needed):**

1. **SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**

- **Bradford Barnhardt**  bbarnhardt@marshackhays.com, bbarnhardt@ecf.courtdrive.com,alinares@ecf.courtdrive.com
- **Aaron E. DE Leest**  adeleest@DanningGill.com, danninggill@gmail.com;adeleest@ecf.inforuptcy.com
- **Robert P Goe**  kmurphy@goeforlaw.com, rgoe@goeforlaw.com;goeforecf@gmail.com;Goe.RobertP.R@notify.bestcase.com
- **Jeffrey I Golden (TR)**  lwerner@go2.law, jig@trustesolutions.net;kadele@go2.law;C205@ecfcbis.com
- **D Edward Hays**  ehays@marshackhays.com, ehays@ecf.courtdrive.com;alinares@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com
- **Brandon J. Iskander**  biskander@goeforlaw.com, kmurphy@goeforlaw.com
- **Eric P Israel**  eisrael@danninggill.com, danninggill@gmail.com;eisrael@ecf.inforuptcy.com
- **Shantal Malmed**  shantal.malmed@gmlaw.com, cheryl.caldwell@gmlaw.com
- **Laila Masud**  lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;lbuchanan@marshackhays.com;alinares@ecf.courtdrive.com
- **Mark A Mellor**  mail@mellorlawfirm.com, mellormr79158@notify.bestcase.com
- **Valerie Smith**  claims@recoverycorp.com
- **United States Trustee (SA)**  ustpregion16.sa.ecf@usdoj.gov

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012    **F 9013-3.1.PROOF.SERVICE**

016