D. EDWARD HAYS, #162507
ehays@marshackhays.com
BRADFORD N. BARNHARDT, #328705
bbarnhardt@marshackhays.com
MARSHACK HAYS WOOD LLP
870 Roosevelt
Irvine, CA 92620
Telephone: (949) 333-7777
Facsimile: (949) 333-7778

Attorneys for Creditor,
HOUSER BROS. CO. dba RANCHO DEL
REY MOBILE HOME ESTATES

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>JAMIE LYNN GALLIAN,<br><br>Debtor. | Case No. 8:21-bk-11710-SC<br><br>Chapter 7<br><br>NOTICE OF MOTION AND MOTION OBJECTING TO DEBTOR'S CLAIMED HOMESTEAD EXEMPTION IN "PAD" LOCATED AT 16222 MONTEREY LN., SPACE 376, HUNTINGTON BEACH, CA 92649; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF CHRIS HOUSER IN SUPPORT; AND REQUEST FOR JUDICIAL NOTICE<br><br>Date:   February 4, 2025<br>Time:   11:00 a.m.<br>Ctrm:  5C[1]<br>Location: 411 W. Fourth Street, Santa Ana, CA 92701 |

TO THE HONORABLE SCOTT C. CLARKSON, UNITED STATES BANKRUPTCY JUDGE,

THE DEBTOR, AND ALL INTERESTED PARTIES:

PLEASE TAKE NOTICE that on February 4, 2025, at 11:00 a.m., in Courtroom 5C of the

above-entitled Court located at 411 W. Fourth Street, Santa Ana, California, the Court will conduct

a hearing on the Objection to Debtor's Claimed Homestead Exemption in the "Pad" Located at

---

[1] Check Judge Clarkson's tentative rulings prior to the hearing for Zoom connection information and instructions. http://ecf-ciao.cacb.uscourts.gov/CiaoPosted/?jid=SC

i

1  16222 Monterey Ln., Space 376, Huntington Beach, California ("Objection") filed by Houser Bros.

2  Co., dba Rancho Del Rey Mobile Home Estates ("Houser Bros.").

3       This Objection is based upon the Notice and Objection to Debtor's Claimed Homestead

4  Exemption, the Declaration of Chris Houser, the Request for Judicial Notice, the pleadings and

5  documents filed in this case, and upon such further oral and documentary evidence as may be

6  presented prior to or at the time of the hearing.

7       PLEASE TAKE FURTHER NOTICE that any opposition or other responsive pleadings

8  must be in the form as required by Local Bankruptcy Rules 9013-1(f) and (o) and filed with the

9  Clerk of the above-entitled Court no later than fourteen days (14) prior to the hearing with a copy

10 served on D. Edward Hays and Bradford N. Barnhardt at the address indicated above. A copy must

11 also be served on the Office of the United States Trustee, 411 West Fourth Street, Suite 7160, Santa

12 Ana, California 92701. Failure to timely respond may be deemed as acceptance of the relief

13 requested. See Local Bankruptcy Rule 9013-1(h).

14

15   DATED: January 2, 2025              MARSHACK HAYS WOOD LLP

16                                         */s/ D. Edward Hays*
                                    By: _____
17                                       D. EDWARD HAYS
                                         BRADFORD N. BARNHARDT
18                                       Attorneys for Movant and Creditor,
                                         HOUSER BROS. CO. dba RANCHO DEL
19                                       REY MOBILE HOME ESTATES

20

21

22

23

24

25

26

27

28

MOTION OBJECTING TO DEBTOR'S CLAIMED HOMESTEAD EXEMPTION IN 16222 MONTEREY LN.,
SPACE 376, HUNTINGTON BEACH, CA 92649 "PAD"

4880-1284-8131,v.1

1    Houser Bros. Co., dba Rancho Del Rey Mobile Home Estates ("Houser Bros.") files this

2  Motion Objecting to Debtor's Claimed Exemption in 16222 Monterey Ln., Space 376, Huntington

3  Beach, CA 92649 "Pad" ("Pad"). In support of the Motion, Houser Bros. submits a Declaration of

4  Chris Houser ("Houser Declaration") and a request for judicial notice ("RJN") and represents as

5  follows.

6  **1.      Summary of Argument**

7    Debtor previously was allowed a homestead exemption in a manufactured home. That

8  exemption is final and not challenged in this objection.

9    Instead, Debtor has filed an Amended Schedule C asserting a homestead exemption in the

10  pad underlying the manufactured home. The Debtor, however, does not own the pad. The pad (i.e.

11  the real property upon which the mobilehome sits) is owned by Houser Bros which Debtor has

12  acknowledged by challenging Houser Bros.'s denial of her application to lease the Pad. The plain

13  language of Section 522 and a decision of the United States Supreme Court both make clear that a

14  debtor may only claim exemptions in property that constitutes property of her bankruptcy estate. 11

15  U.S.C. § 522(b) (providing that "an individual debtor may exempt from property of the estate…");

16  *Owen v. Owen*, 500 U.S. 305 (1991) ("Property that is properly exempted under § 522 is (with some

17  exceptions) immunized against liability for prebankruptcy debts. § 522(c). No property can be

18  exempted (and thereby immunized), however, unless it first falls within the bankruptcy estate.").

19    Moreover, Debtor claims a declared homestead exemption in the Pad. A declared homestead,

20  however, only applies to a voluntary sale. In this case, the Trustee's efforts to sell the manufactured

21  home constitutes an involuntary sale by the Trustee.

22    Houser Bros. is concerned that Debtor's amended claim of exemption to assert ownership of

23  the Pad (which is owned by Houser Bros.) at this stage of the case is part of an effort to somehow

24  thwart the Trustee's sale of her mobilehome. Debtor has further stated in writing to Houser Bros.'s

25  attorney that she intends to remove the mobilehome from the park. Such an action would violate the

26  automatic stay and cause damage to bankruptcy estate property. In conclusion, the Debtor's claim of

27

28

MOTION OBJECTING TO DEBTOR'S CLAIMED HOMESTEAD EXEMPTION IN 16222 MONTEREY LN.,
SPACE 376, HUNTINGTON BEACH, CA 92649 "PAD"

4880-1284-8131,v.1

1  exemption in the real property that she does not own is another bad faith litigation tactic intended to

2  cause delay in the Trustee's administration of the estate and unnecessarily multiply the proceedings.

3  **2.    Factual Background**

4  On July 9, 2021 ("Petition Date"), Debtor filed a voluntary petition under Chapter 7 of Title

5  11 of the United States Code, commencing this bankruptcy case.

6  On May 12, 2022, Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates ("Houser

7  Bros.") filed a "Motion Objecting to Debtor's Claimed Homestead Exemption" ("Homestead

8  Motion"). Docket No. 95. In the Homestead Motion, Houser Bros. objected to Debtor's claimed

9  exemption in a mobilehome at 16222 Monterey Lane, Space 376, Huntington Beach, CA 92649

10  ("Mobilehome").

11  After briefing by both Houser Bros. and Debtor, the Court, on August 5, 2022, entered an

12  order granting the Homestead Motion ("Order Granting Homestead Motion"). Docket No. 177.

13  Before the Court's entry of the Order Granting Homestead Motion, Debtor filed a "Motion

14  for Reconsideration of 7.21.22 Order Sustaining Houser Bros. Co. DBA Rancho Del Rey Mobile

15  Home Estates Objection to Debtor's Claimed Homestead Exemption [sic throughout]"

16  ("Reconsideration Motion") on July 26, 2022, as Docket No. 157. Houser Bros. filed an opposition

17  to the Reconsideration Motion on August 4, 2022. Docket No. 170.

18  On December 19, 2022, as Docket No. 274, the Court entered an order granting the

19  Reconsideration Motion ("Reconsideration Order"). The Reconsideration Order provided, *inter alia*,

20  that Debtor was entitled to a homestead exemption in the Mobilehome in the amount of $600,000.00

21  pursuant to §§ 704.720(a) and 704.730(a) of the California Code of Civil Procedure ("CCP").

22  Docket No. 274 at 3.

23  On December 29, 2022, Houser Bros. appealed the Reconsideration Order to the U.S. District

24  Court for the Central District of California ("District Court"). *See* Docket No. 280. The appeal was

25  docketed as *Houser Bros. Co. v. Jamie Lynn Gallian (In re Jamie Lynn Gallian)*, Case No. 8:23-cv-

26  00001-DSF ("Appeal"). After briefing and oral argument by all parties, the District Court, on

27

28

MOTION OBJECTING TO DEBTOR'S CLAIMED HOMESTEAD EXEMPTION IN 16222 MONTEREY LN.,
SPACE 376, HUNTINGTON BEACH, CA 92649 "PAD"

4880-1284-8131,v.1

November 1, 2023, entered an "Order Reversing the Order of the Bankruptcy Court and Remanding for Further Proceedings." Appeal, Docket No. 32.

On May 15, 2024, this Court, the Hon. Erithe Smith presiding, entered an "Order Regarding 'Order Reversing the Order of the Bankruptcy Court and Remanding for Further Proceedings' Entered by the District Court on November 1, 2023" ("May 15 Homestead Order"). Docket No. 393. In the May 15 Homestead Order, the Court found that Debtor held a sufficient equitable interest in the Mobilehome to claim an automatic homestead exemption under CCP § 704.720(a). *Id.* at 7.

On December 3, 2024, as Docket No. 519, Debtor filed an Amended Schedule C ("Amended Schedule C"). In the Amended Schedule C, Debtor claims exemptions in:

(1) "16222 Monterey Ln. Unit 376" in the amount of $600,000.00 pursuant to §§ 704.930(a), 704,720(a), and 704.930 of the California Code of Civil Procedure;

(2) "16222 Monterey Ln. Unit 376" in the amount of $185,000.00 pursuant to 11 U.S.C. § 522(p)(2)(B); and

(3) The Pad, in the amount of 100% of the fair market value up to any applicable statutory limit, pursuant to 11 U.S.C. §§ 704.930, 704.930(a), and 704.720(a).[2]

## 3. Legal Argument

### A. Burden of Proof

California, by statute, regulates the burden of proof regarding exemptions. *In re Tallerico*, 532 B.R. 774, 780 (Bankr. E.D. Cal. 2015). CCP § 704.780(a)(1) provides:

The burden of proof at the hearing is determined in the following manner:

(1) If the records of the county tax assessor indicate that there is a current homeowner's exemption or disabled veteran's exemption for the dwelling claimed by the judgment

---

[2] Debtor's claims of exemption pursuant to 11 U.S.C. §§ 704.930, 704.930(a), and 704.720(a) appear to be in error because these sections do not exist. Houser Bros. believes that Debtor intended to claim the exemptions pursuant to CCP §§ 704.930, 704.930(a), and 704.720(a) and therefore brings this objection based on that presumption. To the extent Debtor does intend to claim exemptions pursuant to 11 U.S.C. §§ 704.930, 704.930(a), and 704.720(a), the exemptions must be disallowed as nonexistent. Further, to the extent Debtor's claims of exemption in "16222 Monterey Ln. Unit 376" include the Pad and not just the Mobilehome, this Motion objects to those claims of exemption.

debtor or the judgment debtor's spouse, the judgment creditor has the burden of proof that the dwelling is not a homestead. If the records of the county tax assessor indicate that there is not a current homeowner's exemption or disabled veteran's exemption for the dwelling claimed by the judgment debtor or the judgment debtor's spouse, the burden of proof that the dwelling is a homestead is on the person who claims that the dwelling is a homestead.

California law allocates the burden of proof on a homestead based on the records of the county tax assessor. CCP § 704.780(a). *See also In re Tallerico*, 532 B.R. 774, 780 (Bankr. E.D. Cal. 2015); *Diaz v. Kosmala (In re Diaz)*, 547 B.R. 329, 336-37 (B.A.P. 9th Cir. 2016) (holding that where a state law exemption statute specifically allocates the burden of proof to the debtor, Rule 4003(c) does not change that allocation) (citing *Raleigh v. Ill. Dep't of Revenue*, 530 U.S. 15 (2000)).

In this case, Debtor bears the burden of proof to show entitlement to the claimed homestead exemptions because the Orange County Treasurer-Tax Collector records did not indicate that there was a "current homeowner's exemption or disabled veteran's exemption" for the Property as of the Petition Date—the relevant date for determination of exemption entitlement. A true and correct copy of the 2021-22 Orange County Treasurer-Tax Collector tax bill for the Mobilehome is attached to the RJN as **Exhibit 1**. *See also In re Reade*, 2014 Bankr.LEXIS 1391, at *10 (Bankr. C.D. Cal. Mar. 28, 2014) (indicating that a debtor's right to claim an exemption is determined as of the petition date); *see also Harrington v. Ainsworth (In re Harrington)*, 2005 Bankr.LEXIS 3379, at *8 (B.A.P. 9th Cir. Aug. 22, 2005) (noting that the homestead exemptions set forth in CCP § 704.730(a) depend on whether the debtor is eligible for an exemption as of the petition date). In fact, the Court, the Hon. Erithe Smith presiding, previously found that the Debtor bore the burden of showing entitlement to her claimed homestead exemption in the Mobilehome. Docket No. 177 at 9 (tentative ruling on the Homestead Motion, finding that Debtor had the burden of proof to show entitlement to her claimed homestead exemption based on the Orange County Treasurer-Tax Collector records).

MOTION OBJECTING TO DEBTOR'S CLAIMED HOMESTEAD EXEMPTION IN 16222 MONTEREY LN., SPACE 376, HUNTINGTON BEACH, CA 92649 "PAD"

4880-1284-8131,v.1

1  Debtor cannot meet her burden of showing entitlement to the claimed exemptions for the Pad
2  for the reasons discussed as follows.

3  **B. Debtor's claim of a declared exemption in the Pad does not apply to a**
4  **sale by her bankruptcy trustee.**

5  California provides two alternative homestead exemptions: the declared homestead
6  exemption set forth in CCP §§ 704.910-704.995, and the automatic homestead exemption set forth in
7  CCP §§ 704.710-704.850. *In re Sain*, 584 B.R. 325, 328 (Bankr. S.D. Cal. 2018). Because declared
8  homesteads apply to voluntary sales, they generally do not arise in bankruptcy cases. *Id.* And,
9  declared homesteads are not applicable to sales by a bankruptcy trustee. *See Id.* at 329 (indicating
10 that only the automatic homestead was available to a debtor who held a recorded declaration of
11 homestead, because the debtor had not elected a declared homestead exemption in his schedules, and
12 declared homesteads are not applicable to sales by bankruptcy trustees); *see also Kelley v. Locke (In*
13 *re Kelley)*, 300 B.R. 11, 21 (B.A.P. 9th Cir. 2003) (noting that in the bankruptcy context, a debtor's
14 declaration of homestead "helps him not at all, as the additional benefits conferred in Article 5
15 [Sections 704.910-704.995] would benefit him only in the situation of a <u>voluntary</u> sale") (emphasis
16 in original).

17 Here, Debtor claims an exemption in both the Pad and Mobilehome pursuant to CCP
18 § 704.930 and 704.930(a). Docket No. 519. These claims of exemption, however, help her "not at
19 all" in the context of a sale by the Trustee.

20 **C. Debtor is not entitled to claim an automatic homestead exemption in the**
21 **Pad, because it is not Estate property.**

22 Debtor also claims an exemption in the Pad pursuant to CCP § 704.720(a). The automatic
23 homestead exemption protects a debtor from a forced sale. Cal. Code Civ. P. § 704.720(a) ("A
24 homestead is exempt from sale under this division" (Division 2 - Enforcement of Money
25 Judgments)); *see also id.* § 704.740(a) ("a dwelling may not be sold under this division to enforce a
26 money judgment except pursuant to a court order for sale obtained under this article" (Article 4 -
27 Homestead Exemption)); *id.* § 704.740(b) ("If the dwelling is personal property… an exemption

28

5

1  claim shall be made and determined as provided in Article 2 (Article 2 - Procedure for Claiming

2  Exemptions)). The filing of a bankruptcy petition constitutes a forced sale. *Diaz v. Kosmala (In re*

3  *Diaz)*, 547 B.R. 329, 334 (B.A.P. 9th Cir. 2016); *Kelley v. Locke (In re Kelley)*, 300 B.R. 11, 17, 20

4  (B.A.P. 9th Cir. 2003).

5       Section 704.730(a) of the CCP provides:

6       (a) The amount of the homestead exemption is the greater of the following:

7            (1) The countywide median sale price for a single-family home in the calendar

8            year prior to the calendar year in which the judgment debtor claims the

9            exemption, not to exceed six hundred thousand dollars ($600,000).

10           (2) Three hundred thousand dollars ($300,000).

11      A debtor's right to claim an exemption is determined as of the petition date. *In re Reade*,

12  2014 Bankr.LEXIS 1391, at *10 (Bankr. C.D. Cal. Mar. 28, 2014); *see also Harrington v. Ainsworth*

13  *(In re Harrington)*, 2005 Bankr.LEXIS 3379, at *8 (B.A.P. 9th Cir. Aug. 22, 2005) (noting that the

14  homestead exemptions set forth in CCP § 704.730(a) depend on whether the debtor is eligible for an

15  exemption as of the petition date).

16      California law defines a "homestead" as:

17      the principal dwelling (1) in which the judgment debtor or the judgment debtor's spouse

18      resided on the date the judgment creditor's lien attached to the dwelling, and (2) in

19      which the judgment debtor or the judgment debtor's spouse resided continuously

20      thereafter until the date of the court determination that the dwelling is a homestead.

21  Cal. Code Civ. P. § 704.710(c).

22      A "manufactured home together with the outbuildings and land upon which they are

23  situated" is eligible for a homestead exemption. Cal. Code Civ. Proc. § 704.710(a)(2) (defining

24  "dwelling"). But, a debtor may only exempt property that constitutes property of the estate. 11

25  U.S.C. § 522(b) (providing that "an individual debtor may exempt from property of the estate…");

26  *see also Owen v. Owen*, 500 U.S. 305 (1991) ("Property that is properly exempted under § 522 is

27  (with some exceptions) immunized against liability for prebankruptcy debts. § 522(c). No property

28

MOTION OBJECTING TO DEBTOR'S CLAIMED HOMESTEAD EXEMPTION IN 16222 MONTEREY LN.,
SPACE 376, HUNTINGTON BEACH, CA 92649 "PAD"

4880-1284-8131,v.1

can be exempted (and thereby immunized), however, unless it first falls within the bankruptcy estate.").

The Court, Hon. Erithe Smith presiding, has already found that Debtor is entitled to a homestead exemption in the Mobilehome. Docket No. 393 ("Order Regarding 'Order Reversing the Order of the Bankruptcy Court and Remanding for Further Proceedings' Entered by the District Court on November 1, 2023"). Houser Bros. does not challenge that ruling.

The Pad, however, is not property of the Estate and is therefore not eligible for a claimed homestead exemption. Houser Bros. is the legal owner of the Pad. A true and correct copy of the Property Detail report regarding the Pad, including the grant deed, is attached to the Houser Decl. as **Exhibit 2**. Houser Bros. previously established standing for stay relief based on its status as legal owner of the Pad. *See* Docket Nos. 278 (relief from stay motion), 334 (order granting relief from stay motion); *see generally Ly v. Che (In re Ly)*, 601 Fed.Appx. 494, 497 (9th Cir. 2015) (noting that the "current title owner" of a property involved in bankruptcy proceedings has standing to seek relief from the stay) (citations omitted).

Because the Pad is not property of the Estate, Debtor may not claim it as exempt.

### D. This Motion is timely.

Federal Rule of Bankruptcy Procedure 4003(b)(1) provides, with exceptions not applicable here, that a party in interest may file an objection to a claimed exemption within 30 days after the later of: (i) the conclusion of the 11 U.S.C. § 341 meeting of creditors; (ii) the filing of an amendment to the list; or (iii) the filing of a supplemental schedule.

Here, Houser Bros. files this Motion within 30 days after the filing of Debtor's Amended Schedule C on December 3, 2024. As such, this Motion is timely.

### 4.    Conclusion

For the reasons stated above, Houser Bros. requests that the Court enter an order:

(1) Granting this Motion,

---

7

4880-1284-8131,v.1

1      (2) Sustaining Houser Bros.'s objections to Debtor's claimed exemptions in the Pad pursuant

2  to CCP §§ 704.930, 704.930(a), and 704.720(a) because the Debtor had no ownership interest in the

3  Pad; and

4      (3) Awarding such other and further relief as the Court deems just and proper.

5

6  DATED: January 2, 2025                    MARSHACK HAYS WOOD LLP

7

8                                                                    */s/ D. Edward Hays*
                             By: _____

9                                                         D. EDWARD HAYS
                                    BRADFORD N. BARNHARDT

10                                                        Attorneys for Movant and Creditor,
                                    HOUSER BROS. CO. dba RANCHO DEL

11                                                        REY MOBILE HOME ESTATES

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MOTION OBJECTING TO DEBTOR'S CLAIMED HOMESTEAD EXEMPTION IN 16222 MONTEREY LN.,
SPACE 376, HUNTINGTON BEACH, CA 92649 "PAD"
4880-1284-8131,v.1

## Declaration of Chris Houser

I, CHRIS HOUSER, say and declare as follows:

1.      I am an individual over 18 years of age and competent to make this Declaration.

2.      If called upon to do so, I could and would competently testify as to the facts set forth in this Declaration.

3.      The facts set forth below are true of my personal knowledge.

4.      I am the Park Operations Manager for Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates ("Houser Bros.").

5.      I make this Declaration in support of Houser Bros.'s Motion ("Motion") Objecting to Debtor's Claimed Exemption in 16222 Monterey Ln., Space 376, Huntington Beach, CA 92649 "Pad" ("Pad"). All capitalized terms not otherwise defined in this Declaration shall have the meaning ascribed to them in the Motion.

6.      Houser Bros. owns the mobilehome park where the Pad is located. Houser Bros.'s business model is to lease space (pads) to residents of the mobilehome park, who generally own their respective mobilehomes.

7.      Houser Bros. has never approved the Debtor or any of her business entities (including J-Sandcastle Co. LLC and J-Pad LLC) for occupancy at the mobilehome park.

8.      Houser Bros. has never accepted rent from the Debtor nor any of her business entities (including J-Sandcastle Co. LLC and J-Pad LLC) for the Pad.

9.      The Debtor continues to occupy the Pad without Houser Bros.'s consent or approval.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

MOTION OBJECTING TO DEBTOR'S CLAIMED HOMESTEAD EXEMPTION IN 16222 MONTEREY LN., SPACE 376, HUNTINGTON BEACH, CA 92649 "PAD"

4880-1284-8131,v.1

10.     A true and correct copy of the Property Detail report regarding the Pad, including the grant deed, is attached as **Exhibit 2**.

11.     On December 12, 2024, the State Court granted Houser Bros. summary judgment in its forcible entry/detainer action against the Debtor based on her moving onto the premises without a lease agreement for the land upon which the manufactured home is located. In ruling for Houser Bros., the State Court found that Houser Bros. was the owner of the land. A true and correct copy of the State Court's ruling is attached as **Exhibit 3**.

12.     On December 13, 2024, the Debtor sent an e-mail to my attorney, Vivienne Alston, with copy to the Trustee and his counsel advising that she was going to remove the manufactured home from Houser Bros.'s property. A true and correct copy of this e-mail is attached as **Exhibit 4**.

I declare under penalty of perjury that the foregoing is true and correct. Executed on January 2, 2025.

[*Signature to Be Provided*]

_____
CHRIS HOUSER

MOTION OBJECTING TO DEBTOR'S CLAIMED HOMESTEAD EXEMPTION IN 16222 MONTEREY LN.,
SPACE 376, HUNTINGTON BEACH, CA 92649 "PAD"

4880-1284-8131,v.1

## **REQUEST FOR JUDICIAL NOTICE**

Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates ("Houser Bros.") requests pursuant to Rule 201 of the Federal Rules of Evidence, that this Court take judicial notice of the following in support of the Motion ("Motion") Objecting to Debtor's Claimed Exemption in 16222 Monterey Ln., Space 376, Huntington Beach, CA 92649 "Pad" ("Pad"). All capitalized terms not otherwise defined in this Request for Judicial Notice shall have the meaning ascribed to them in the Motion.

1.      On July 9, 2021 ("Petition Date"), Jamie Lynn Gallian filed a voluntary petition under Chapter 7 of Title 11 of the United States Code, commencing this bankruptcy case.

2.      On May 12, 2022, Houser Bros. filed a "Motion Objecting to Debtor's Claimed Homestead Exemption" ("Homestead Motion"). Docket No. 95.

3.      In the Homestead Motion, Houser Bros. objected to Debtor's claimed exemption in a mobilehome at 16222 Monterey Lane, Space 376, Huntington Beach, CA 92649 ("Mobilehome").

4.      After briefing by both Houser Bros. and the Debtor, the Court, on August 5, 2022, entered an order granting the Homestead Motion ("Order Granting Homestead Motion"). Docket No. 177.

5.      On July 26, 2022, Debtor filed a "Motion for Reconsideration of 7.21.22 Order Sustaining Houser Bros. Co. DBA Rancho Del Rey Mobile Home Estates Objection to Debtor's Claimed Homestead Exemption [sic throughout]" ("Reconsideration Motion"). Docket No. 157.

6.      Houser Bros. filed an opposition to the Reconsideration Motion on August 4, 2022. Docket No. 170.

7.      On December 19, 2022, as Docket No. 274, the Court entered an order granting the Reconsideration Motion ("Reconsideration Order").

8.      The Reconsideration Order provided, *inter alia*, that Debtor was entitled to a homestead exemption in the Mobilehome in the amount of $600,000.00 pursuant to §§ 704.720(a) and 704.730(a) of the California Code of Civil Procedure ("CCP"). Docket No. 274 at 3.

4880-1284-8131,v.1

9.      On December 29, 2022, Houser Bros. appealed the Reconsideration Order to the U.S.

District Court for the Central District of California ("District Court"). *See* Docket No. 280.

10.      The appeal was docketed as *Houser Bros. Co. v. Jamie Lynn Gallian (In re Jamie

Lynn Gallian)*, Case No. 8:23-cv-00001-DSF ("Appeal").

11.      After briefing and oral argument by all parties, the District Court, on November 1,

2023, entered an "Order Reversing the Order of the Bankruptcy Court and Remanding for Further

Proceedings." Appeal, Docket No. 32.

12.      On May 15, 2024, this Court, the Hon. Erithe Smith presiding, entered an "Order

Regarding 'Order Reversing the Order of the Bankruptcy Court and Remanding for Further

Proceedings' Entered by the District Court on November 1, 2023" ("May 15 Homestead Order").

Docket No. 393.

13.      In the May 15 Homestead Order, the Court found that Debtor held a sufficient

equitable interest in the Mobilehome to claim an automatic homestead exemption under CCP

§ 704.720(a). *Id.* at 7.

14.      On December 3, 2024, as Docket No. 519, Debtor filed an amended Schedule C

("Amended Schedule C"). In the Amended Schedule C, Debtor claims exemptions in:

(1) "16222 Monterey Ln. Unit 376" in the amount of $600,000.00 pursuant to §§

704.930(a), 704,720(a), and 704.930 of the California Code of Civil Procedure;

(2) "16222 Monterey Ln. Unit 376" in the amount of $185,000.00 pursuant to 11 U.S.C.

§ 522(p)(2)(B); and

(3) The Pad, in the amount of 100% of the fair market value up to any applicable statutory

limit, pursuant to 11 U.S.C. §§ 704.930, 704.930(a), and 704.720(a).

MOTION OBJECTING TO DEBTOR'S CLAIMED HOMESTEAD EXEMPTION IN 16222 MONTEREY LN.,
SPACE 376, HUNTINGTON BEACH, CA 92649 "PAD"

4880-1284-8131,v.1

15.     The Orange County Treasurer-Tax Collector records did not indicate that there was a "current homeowner's exemption or disabled veteran's exemption" for the Property as of the Petition Date.

16.     A true and correct copy of the 2021-22 Orange County Treasurer-Tax Collector tax bill for the Mobilehome is attached to this RJN as **Exhibit 1**.

17.     The Court, the Hon. Erithe Smith presiding, previously found that the Debtor bore the burden of showing entitlement to her claimed homestead exemption in the Mobilehome. Docket No. 177 at 9.

18.     On December 28, 2022, Houser Bros. filed a "Motion for Relief from the Automatic Stay or for Order Confirming that the Automatic Stay Does Not Apply Under 11 U.S.C. § 362(l)" ("RFS Motion"). Docket No. 278.

19.     Houser Bros.'s "Unlawful Detainer Declaration" submitted in support of the RFS Motion provided that Houser Bros. is the legal owner of the property at 16222 Monterey Lane, Space 376, Huntington Beach, CA 92649, and that there was no lease agreement. Docket No. 278 at 7.

20.     In Debtor's response to the RFS Motion, she argued that "Houser Bros Co [sic] denied tenancy to Defendant Jamie Gallian, claiming that Jamie Gallian had 'no right of tenancy.'" Docket No. 299 at 6.

21.     On February 17, 2023, the Court entered an order granting the RFS Motion. Docket No. 334.


DATED:  January 2, 2025                    MARSHACK HAYS WOOD LLP

                                                    /s/ D. Edward Hays
                                          By:_____
                                              D. EDWARD HAYS
                                              BRADFORD N. BARNHARDT
                                              Attorneys for Houser Bros. Co. dba Rancho
                                              Del Rey Mobile Home Estates

**EXHIBIT 1**



**Shari L. Freidenrich, CPA**
Orange County Treasurer - Tax Collector
P.O. BOX 1438 • Santa Ana, CA 92702-1438
601 N. Ross Street, Building 16, Santa Ana
Office Hours: 8:00 AM-5:00 PM Monday - Friday
Phone Hours: 9:00 AM-5:00 PM (714) 834-3411
octreasurer.com/octaxbill

INTERNET COPY

### 2021-22 SECURED PROPERTY TAX BILL
For Fiscal Year Beginning July 1, 2021 and Ending June 30, 2022

000021-0000210 PDFE------   344631 OCT017

**ASSESSEE NAME AND ADDRESS ARE NOT AVAILABLE ONLINE PER CA GOV CODE §6254.21**

| DID YOU KNOW? |
|---|
| Sign up to receive a text/email due date reminder at octreasurer.com/securedreminders |
| Pay online at octreasurer.com/octaxbill  to receive same day credit, no service fee by eCheck and an emailed receipt. |
| Mailed payments must have a USPS postmark on or before the last timely payment date. If you wait until the last day to mail your payment, get your envelope hand-stamped with a postmark to ensure it is timely. See octreasurer.com/postmarks. |

| PROPERTY LOCATION |
|---|
| 16222 MONTEREY LN 376 HUNTINGTON BEACH |

**ASSESSED VALUES & EXEMPTIONS AS OF JANUARY 1, 2021**

| DESCRIPTION | FULL VALUE | COMPUTED TAX |
|---|---|---|
| PERSONAL PROPERTY - OTHER | 86,339 | 946.92 |
| | | |
| TOTAL VALUES: | 86,339 | 946.92 |
| TOTAL NET TAXABLE VALUE: | 86,339 | 946.92 |

**OWNER OF RECORD AS OF 12:01 AM, JANUARY 1, 2021**

ASSESSEE NAME AND ADDRESS ARE NOT AVAILABLE ONLINE PER CA GOV CODE §6254.21

### MOBILE HOME

| PARCEL NO. (APN) | TAX RATE AREA | 1st Installment DUE 11/1/21 | | 2nd Installment DUE 2/1/22 | | TO PAY BOTH INSTALLMENTS BY 12/10/21 |
|---|---|---|---|---|---|---|
| 891-569-62 | 04-902 | $473.46 | + | $473.46 | = | $946.92 |

| IMPORTANT INFORMATION |
|---|
| **INFORMATION COPY** |

Taxes were pre-paid at the time of purchase and will be credited towards this tax bill.

**VOTER APPROVED TAXES AND SPECIAL ASSESSMENTS**

| SERVICE AGENCY | RATE | VALUE | TAXES |
|---|---|---|---|
| BASIC LEVY RATE | 1.00000 | 86,339 | 863.39 |
| COAST COMM COLLEGE DIST | .03119 | 86,339 | 26.92 |
| OCEAN VIEW SCHOOL DIST | .02796 | 86,339 | 24.14 |
| HUNTINGTON BCH UNION HS | .02260 | 86,339 | 19.52 |
| HUNTINGTON BEACH EMPLOYEE RETIREME | .01500 | 86,339 | 12.95 |
| | | | |
| TOTAL CHARGED | 1.09675 | | 946.92 |

T5074-NS (2021)

FOR DETAILS OF TAX TYPES, VISIT OUR WEBPAGE AT OCTREASURER.COM/OCTAXBILL

THERE WILL BE A $26.00 FEE FOR EACH PAYMENT RETURNED UNPAID BY YOUR BANK FOR ANY REASON

| FIRST INSTALLMENT DUE 11/1/21 → | $.00 | SECOND INSTALLMENT DUE 2/1/22 → | $.00 | TOTAL DUE AND PAYABLE → | $.00 |
|---|---|---|---|---|---|

# THIS IS NOT A BILL

**EXHIBIT 2**

# Property Detail Report

**16222 Monterey Ln, Huntington Beach, CA 92649-6214**
APN: 178-011-16

Reference ID: 1588832515TSP141722
Orange County Data as of: 04/14/2020

## Owner Information

| | | | |
|---|---|---|---|
| Owner Name: | Houser Bros Co | | |
| Vesting: | Corporation | | |
| Mailing Address: | 17610 Beach Blvd #32, Huntington Beach, CA 92647-6876 | Occupancy: | Absentee Owner |

## Location Information

| | | | |
|---|---|---|---|
| Legal Description: | P Bk 108 Pg 47 Par 2 | | County: | Orange, CA |
| APN: | 178-011-16 | Alternate APN: | Census Tract / Block: | 099508 / 4002 |
| Munic / Twnshp: | | Twnshp-Rng-Sec: | Legal Lot / Block: | |
| Subdivision: | | Tract #: | Legal Book / Page: | |
| Neighborhood: | Huntington Beach | School District: | Huntington Beach Union High School District | |
| Elementary School: | Harbour View Eleme... | Middle School: | Marine View Middle... | High School: | Marina High School |
| Latitude: | 33.72674 | Longitude: | -118.05258 | |

## Last Transfer / Conveyance - Current Owner

| | | | | | |
|---|---|---|---|---|---|
| Transfer / Rec Date: | 06/08/1990 / 07/06/1990 | Price: | | Transfer Doc #: | 1990.357100 |
| Buyer Name: | Houser Bros Co | Seller Name: | Houser Bros Co | Deed Type: | Quitclaim |

## Last Market Sale

| | | | | | |
|---|---|---|---|---|---|
| Sale / Rec Date: | | Sale Price / Type: | | Deed Type: | |
| Multi / Split Sale: | | Price / Sq. Ft.: | | New Construction: | |
| 1st Mtg Amt / Type: | | 1st Mtg Rate / Type: | | 1st Mtg Doc #: | N/A |
| 2nd Mtg Amt / Type: | | 2nd Mtg Rate / Type: | | Sale Doc #: | N/A |
| Seller Name: | | | | | |
| Lender: | | | | Title Company: | |

## Prior Sale Information

| | | | | | |
|---|---|---|---|---|---|
| Sale / Rec Date: | | Sale Price / Type: | | Prior Deed Type: | |
| 1st Mtg Amt / Type: | | 1st Mtg Rate / Type: | | Prior Sale Doc #: | N/A |
| Prior Lender: | | | | | |

## Property Characteristics

| | | | | | |
|---|---|---|---|---|---|
| Gross Living Area: | 9,832 Sq. Ft. | Total Rooms: | 0 | Year Built / Eff: | 1965 |
| Living Area: | 9,832 Sq. Ft. | Bedrooms: | | Stories: | 1 |
| Total Adj. Area: | | Baths (F / H): | | Parking Type: | |
| Above Grade: | 9832 | Pool: | | Garage #: | |
| Basement Area: | | Fireplace: | | Garage Area: | |
| Style: | | Cooling: | | Porch Type: | |
| Foundation: | | Heating: | | Patio Type: | |
| Quality: | | Exterior Wall: | | Roof Type: | |
| Condition: | | Construction Type: | | Roof Material: | |

## Site Information

| | | | | | |
|---|---|---|---|---|---|
| Land Use: | Commercial (NEC) | Lot Area: | 2,192,299 Sq. Ft. | Zoning: | |
| State Use: | | Lot Width / Depth: | | # of Buildings: | 1 |
| County Use: | 3 - Commercial | Usable Lot: | | Res / Comm Units: | 379 / 379 |
| Site Influence: | | Acres: | 50.328 | Water / Sewer Type: | |
| Flood Zone Code: | X | Flood Map #: | 06059C0231K | Flood Map Date: | 03/21/2019 |
| Community Name: | City Of Huntington Beach | Flood Panel #: | 0231K | Inside SFHA: | False |

## Tax Information

| | | | | | |
|---|---|---|---|---|---|
| Assessed Year: | 2019 | Assessed Value: | $5,555,950 | Market Total Value: | |
| Tax Year: | 2019 | Land Value: | $3,347,001 | Market Land Value: | |
| Tax Area: | 04-007 | Improvement Value: | $2,208,949 | Market Imprv Value: | |
| Property Tax: | $126,187.98 | Improved %: | 39.76% | Market Imprv %: | |
| Exemption: | | Delinquent Year: | | | |



© 2020 FIRST AMERICAN DATA TREE AND/OR ITS AFFILIATES. ALL RIGHTS RESERVED.    PAGE 1 OF 1

EXHIBIT A, PAGE 21
EXHIBIT 2, PAGE 15

**Disclaimer:** This report: (i) is not an insured product or service or an abstract, legal opinion or a representation of the condition of title to real property, and (ii) is issued exclusively for the benefit of First American Data Tree LLC (Data Tree) customers and may not be used or relied upon by any other person. Estimated property values are: (i) based on available data; (ii) are not guaranteed or warranted; (iii) do not constitute an appraisal; and (iv) should not be relied upon in lieu of an appraisal. Data Tree does not represent or warrant that the information is complete or free from error, and expressly disclaims any liability to any person or entity for loss or damage caused by errors or omissions in the report. If the "verified" logo (✅verified) is displayed, or a record is designated "verified," Data Tree's algorithm matched fields from two or more data sources to confirm source data.

Boundary and context data provided by Maponics® ©2019. Duplication is strictly prohibited.

RECORDING REQUESTED BY

Rutan & Tucker

AND WHEN RECORDED MAIL TO

Rutan & Tucker
611 Anton Boulevard
Suite 1400
Costa Mesa, CA  92626
Attn:  Linda L. Dalton

MAIL TAX STATEMENTS TO

Houser Bros. Co.
17610 Beach Blvd., Ste 32
Huntington Beach, CA 92647

90-357100

RECORDING REQUESTED BY
CHICAGO TITLE INS. CO.

$5.00
C12

RECORDED IN OFFICIAL RECORDS
OF ORANGE COUNTY, CALIFORNIA

SURVEY
MON FUND
FEE $20.00

-11 15 AM    JUL 6 '90

Lee A. Branch RECORDER

SPACE ABOVE THIS LINE FOR RECORDER'S USE

## Partnership Grant Deed

THIS FORM FURNISHED BY TICOR TITLE INSURERS

TO 1925 CA (12-78)  616333-7     A.P.H. 178-011-16

CORRECTION OF NAME ONLY

The undersigned grantor(s) declare(s):
Documentary transfer tax is $ -0-, NO CONSIDERATION .
(   ) computed on full value of property conveyed, or
(   ) computed on full value less value of liens and encumbrances remaining at time of sale.
(   ) Unincorporated area: ( X ) City of  Huntington Beach , and

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,

Houser Bros. Co., a Partnership

a                         partnership organized under the laws of the State of  California
hereby GRANTS to

Houser Bros. Co., a California Limited Partnership

the following described real property in the
County of  Orange                  , State of California:

Parcel 2 as per Parcel Map recorded in Book 108,
Pages 47 and 48, in the City of Huntington Beach,
County of Orange, State of California, inclusive,
Official Records of Orange County, California.

Dated: July 5, 1990

STATE OF CALIFORNIA            } SS.
COUNTY OF ORANGE
On July 5, 1990 before me, the under-
signed, a Notary Public in and for said State, personally appeared
Clifford C. Houser,

known to me to be the general of the partners of the
partnership that executed the within instrument, and acknowledged
to me that such partnership executed the same.
WITNESS my hand and official seal.

Signature Linda L. Dalton

Houser Bros. Co., a Partnership

By Clifford C. Houser
Clifford C. Houser, General Partner
By
                                    Partner

OFFICIAL SEAL
LINDA L. DALTON
NOTARY PUBLIC - CALIFORNIA
ORANGE COUNTY
My comm. expires NOV 22, 1993

OFFICIAL SEAL
LINDA L. DALTON
NOTARY PUBLIC - CALIFORNIA
ORANGE COUNTY
My comm. expires NOV 22, 1993     (area for official notarial seal)

Title Order No.                      Escrow or Loan No.

**State of California**
**DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT**
**DIVISION OF CODES AND STANDARDS**

ANNUAL

PERMIT TO OPERATE

December 6, 2021

Park ID No.

30-0198-MP

| Inc or Unc | Mobilehome Lots With Drains | Recreational Vehicle Lots With Drains | Lots Without Drains | Total Lots |
|---|---|---|---|---|
| I | 379 | 0 | 0 | 379 |

OPERATOR

HOUSER BROTHERS CO
17610 BEACH BLVD#32
HUNTINGTON BEACH, CA 92647

PARK NAME & ADDRESS

RANCHO DEL REY MOBILE ESTATES
16222 MONTEREY L
HUNTINGTON BEACH, CA 92649

CONDITIONAL USES

LOCAL FIRE PROTECTION AGENCY - September 30, 2002
CITY OF HUNTINGTON BEACH FIRE DEPARTMENT
2000 MAIN STREET
HUNTINGTON BEACH, CA 92648
(714) 536-5411

Emergency Preparedness Plan - September 27, 2010

Fire Hydrant System Status: Local Enforcement of Fire Code

**THIS PERMIT EXPIRES November 30, 2022**

**THIS PERMIT IS ISSUED IN ACCORDANCE WITH THE PROVISIONS OF THE CALIFORNIA HEALTH AND SAFETY CODE AND IS SUBJECT TO SUSPENSION OR REVOCATION AS PROVIDED THEREIN.  THIS PERMIT IS NOT TRANSFERABLE.  THE DEPARTMENT SHALL BE NOTIFIED WITHIN 30 DAYS OF ANY CHANGE OF NAME, OWNERSHIP OR OPERATOR.**

**P.O. Box 278180**
**Sacramento, CA 95827-8180**
**(916) 445-9471**
**From TDD Phones: 1-800-735-2929**
**From Voice Phones: 1-800-735-2922**

**POST IN A CONSPICUOUS PLACE**

HCD-MP 503 (Rev. 03/2000)

**EXHIBIT 3**

| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**<br>Central Justice Center<br>700 W. Civic Center Drive<br>Santa Ana, CA 92702 | |
| **SHORT TITLE:** Houser Bros. Co. vs. Gallian | |
| **CLERK'S CERTIFICATE OF MAILING/ELECTRONIC SERVICE** | CASE NUMBER:<br>**30-2023-01316057-CL-UD-CJC** |

I certify that I am not a party to this cause. I certify that a true copy of the above Minute Order dated 12/12/24 has been placed for collection and mailing so as to cause it to be mailed in a sealed envelope with postage fully prepaid pursuant to standard court practice and addressed as indicated below. This certification occurred at Santa Ana, California on 12/12/24. Following standard court practice the mailing will occur at Sacramento, California on 12/13/24.

JAMIE GALLIAN
16222 MONTEREY LANE 376
HUNTINGTON BEACH, CA 92649

Clerk of the Court, by: _R. Juarez_____, Deputy

I certify that I am not a party to this cause. I certify that that the following document(s), Minute Order dated 12/12/24, was transmitted electronically by an Orange County Superior Court email server on December 12, 2024, at 4:32:13 PM PST. The business mailing address is Orange County Superior Court, 700 Civic Center Dr. W, Santa Ana, California 92701. Pursuant to Code of Civil Procedure section 1013b, I electronically served the document(s) on the persons identified at the email addresses listed below:

ALSTON, ALSTON & DIEBOLD ATTORNEYS AT LAW
VALSTON@AADLAWYERS.COM

JAMIE GALLIAN
JAMIEGALLIAN@GMAIL.COM

Clerk of the Court, by: _R. Juarez_____, Deputy

---

**CLERK'S CERTIFICATE OF MAILING/ELECTRONIC SERVICE**

EXHIBIT 3, PAGE 19

## SUPERIOR COURT OF CALIFORNIA,
## COUNTY OF ORANGE
## CENTRAL JUSTICE CENTER

## MINUTE ORDER

DATE: 12/12/2024                    TIME: 04:26:00 PM        DEPT:  C61

COMMISSIONER: Carmen D Snuggs-Spraggins
CLERK: R. Juarez
REPORTER/ERM:
BAILIFF/COURT ATTENDANT:

CASE NO: **30-2023-01316057-CL-UD-CJC**    CASE INIT.DATE: 03/28/2023
CASE TITLE: **Houser Bros. Co. vs. Gallian**
CASE CATEGORY: Civil - Limited        CASE TYPE: Unlawful Detainer - Residential

---

EVENT ID/DOCUMENT ID: 74447689
**EVENT TYPE:** Chambers Work

---

### APPEARANCES

---

There are no appearances by any party.

The Court, having taken the above-entitled matter under submission on November 14, 2024, and having fully considered the arguments of all parties, both written and oral, as well as the evidence presented, now rules as follows:

Plaintiff, Houser Bros. Co., a California limited partnership dba Rancho Del Rey Mobile Home Estates, moves for summary judgment against defendant Jamie Gallian, in this forcible entry/detainer action on the grounds that there is no defense to the action and there are no triable issues of material fact on any issues and as such, Plaintiff is entitled to judgment as a matter of law. This matter came on regularly for hearing on September 6, 2024, on November 14, 2024, in Department C-61 of the above-entitled court.

The Court has read and considered all moving papers and evidence submitted in support of and in opposition to the motion and the argument presented at the hearing hereon.

**Motions for Summary Judgment and Unlawful Detainer**
"Summary judgment is properly granted only when the evidence in support of the moving party establishes that there is no issue of fact to be tried." (*Ibid.*) In ruling on a motion for summary judgment, " [t]he affidavits of the moving party are strictly construed and those of his opponent liberally construed, and doubts as to the propriety of summary judgment should be resolved against granting the motion." *(Gomez v. Ticor* (1983) 145 Cal.App.3d 622, 626-627.) "If any triable issue of fact exists, it is error for the trial court to grant a party's motion for summary judgment." (*Robinson v. City and County of San Francisco* (1974) 41 Cal.App.3d 334, 337.)

For purposes of California Code of Civil Procedure § 437c, a plaintiff meets his or her burden of showing there is no defense to a cause of action if he or she has proved each element of the cause of action entitling him or her to judgment on that cause of action. Once plaintiff has met that burden, the burden shifts to defendant to show a triable issue of one or more material facts exists as to that cause of action. (Code. Civ. Proc. § 437c, subd. (p)(1); Friedman et. al., The Rutter Guide, Cal. Prac. Guide Landlord-Tenant, ¶ 8:485.5)

---

EXHIBIT 3, PAGE 20

CASE TITLE: Houser Bros. Co. vs. Gallian              CASE NO: **30-2023-01316057-CL-UD-CJC**

## Discussion

Through the declarations of Christopher Houser, Mary Yates, Vivenne Alston, plaintiff established the following: Plaintiff is the owner of the subject premises located at 16222 Monterey Lane, Space 376, Huntington Beach, California 92649 (Orange County) (Property), a mobile home park. (Houser, decl. ¶ 4.) In 2018, defendant purchased the mobile home previously owned by prior resident Lisa Ryan, took possession of the Property and submitted to plaintiff an application for residency, which was denied on November 20, 2018. (*Id*. at ¶¶ 7-10.) An amended denial letter was sent to defendant on January 9, 2019. (*Id*. at ¶ 12.) Defendant has submitted checks to plaintiff during her occupancy, but plaintiff has returned them to defendant and plaintiff has never accepted rent from her. (*Id*. at paragraphs 14-15.) Plaintiff initiated a forcible detainer action against defendant in case number 2019-1041423, which is still pending. On July 9, 2021, plaintiff filed for bankruptcy. (Alston Decl., Ex. 9.) The bankruptcy trustee did not assume any lease and any leasehold interest attributed to defendant was deemed rejected. Plaintiff was granted relief from the automatic bankruptcy stay on February 17, 2023. (Alston Decl. Ex. 10.)

A second Five-Day Demand for Surrender of Possession of Site (Notice) was served on defendant on March 17, 2023. (Yates Decl.) The instant forcible detainer action was filed. On July 7, 2023, the bankruptcy court denied defendant's discharge as to plaintiff's claims as a creditor, and on July 31, 2024, the bankruptcy court's judgment in favor of plaintiff was affirmed on appeal. (Alston Decl., Exs. 12 and 13.)

After the initial hearing on the motion for summary judgment on September 6, 2024, on September 9,2 024, defendant filed for Chapter 13 bankruptcy in the United States Bankruptcy Court, Central District of California (case number 8:24-bk-12267-MH) (ROA 147). The Chapter 13 case was dismissed on October 21, 2024. (ROA 156.)

At the expiration of the Notice, defendant did not surrender possession of the Property. The fair rental value of the Property from March 1, 2023, through December 1, 2023, is $1,648, and $1,730 from January 1, 2024, through August 1, 2024. (Houser Decl., ¶18.) Plaintiff seeks an award for utilities charged by the utility providers from March 1, 2023, through August 1, 2024. ( *Id.*)

In opposition to the motion for summary judgment, defendant submitted documents that include the November 19, 2018, application for residency to plaintiff, made in the name of J-Sandcastle Co, LLC, of which she is a member, various documents from the bankruptcy proceedings, copies of various checks, minute orders from the other forcible detainer action and the previous unlawful detainer action against Lisa Ryan, and a declaration from an attorney that opines that Code of Civil Procedure section 798.75, dealing with unlawful occupants of a mobilehome park, was not intended for use in unlawful detainer actions. Defendant argued at trial that the motion for summary judgment should be denied because she was provided with notice of a rent increase, that she believes she is qualified to be a tenant of the mobile home park, and that plaintiff participated in plaintiff obtaining the rent check from the CA COVID rent relief program. The Court finds that none of defendant's evidence demonstrated a triable issue of fact as to the forcible detainer cause of action.

## Conclusion

The Court finds there is no triable issue of material fact and Plaintiff is entitled to summary judgment as a matter of law. (Code Civ. Proc., § 437c, subd. (c).) IT IS THEREFORE ORDERED that Plaintiff's Motion for Summary Judgment is HEREBY GRANTED and that judgment shall be entered forthwith in favor of Houser Bros. Co., a California limited partnership dba Rancho Del Rey Mobile Home Estates and against Defendant Jamie Gallian. Plaintiff is awarded $31,384 in monthly rent and utilities from March 1, 2023, through August 1, 2024. Plaintiff to pay the additional filing fee forthwith to raise the jurisdictional limit unless Plaintiff remits any damages award over $25,000. Plaintiff's Counsel is to submit an Order and

CASE TITLE: Houser Bros. Co. vs. Gallian                    CASE NO: **30-2023-01316057-CL-UD-CJC**

Proposed Judgment for the Court's review and signature. Plaintiff to file a timely memorandum of costs.

Motion for Summary Judgment is granted in favor of Plaintiff Houser Bros. Co., a California limited partnership dba Rancho Del Rey Mobile Home Estate.

Clerk to give notice.

EXHIBIT 3, PAGE 22

**EXHIBIT 4**

**Layla Buchanan**

**Subject:**        FW: Gallian : Minute Order December 12, 2024 30-2023-01316057

---

**From:** Vivienne Alston <valston@aadlawyers.com>
**Date:** Monday, December 23, 2024 at 5:34 PM
**To:** Ed Hays <EHays@MarshackHays.com>
**Subject:** FW: Minute Order December 12, 2024 30-2023-01316057

Sincerely,
Vivienne J. Alston
Alston, Alston & Diebold
27201 Puerta Real, Suite 300
Mission Viejo, CA 92691
Telephone: (714) 556-9400

---

**From:** Jamie Gallian <jamiegallian@gmail.com>
**Sent:** Friday, December 13, 2024 12:22 PM
**To:** Vivienne Alston <valston@aadlawyers.com>; Jeff Golden <jgolden@go2.law>; Eric Israel <EPI@danninggill.com>
**Cc:** Jamie Gallian <jamiegallian@gmail.com>
**Subject:** Minute Order December 12, 2024 30-2023-01316057

Ms Alston,

In light of the Court's 12.12.24 Minute Order, I will tender to your client, $31,384.00.

Please accept this as Notice the home will be removed from the park as quickly as possible to avoid accruing any further accrual of rent.

Sincerely,


Jamie Gallian
714-321-3449
jamiegallian@gmail.com

EXHIBIT 4, PAGE 23

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
870 Roosevelt, Irvine, CA 92620.

A true and correct copy of the foregoing document entitled: **MOTION OBJECTING TO DEBTOR'S CLAIMED HOMESTEAD EXEMPTION IN "PAD" LOCATED AT 16222 MONTEREY LN., SPACE 376, HUNTINGTON BEACH, CA 92649; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF CHRIS HOUSER IN SUPPORT; AND REQUEST FOR JUDICIAL NOTICE** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **January 2, 2025**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**: On **January 2, 2025**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**DEBTOR**
JAMIE LYNN GALLIAN
16222 MONTEREY LN UNIT 376
HUNTINGTON BEACH, CA 92649

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **September 23, 2023**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**VIA PERSONAL DELIVERY:**
**PRESIDING JUDGE'S COPY**
HONORABLE SCOTT C. CLARKSON
UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
411 WEST FOURTH STREET, SUITE 5130 /
COURTROOM 5C
SANTA ANA, CA 92701-4593

**VIA EMAIL:**
**DEBTOR**
JAMIE LYNN GALLIAN
jamiegallian@gmail.com

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| January 2, 2025 | Layla Buchanan | /s/ Layla Buchanan |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                 **F 9013-3.1.PROOF.SERVICE**

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: CONTINUED:

- **ATTORNEY FOR CREDITOR AND PLAINTIFF HOUSER BROS. CO. and CREDITOR HOUSER BROS. CO. DBA RANCHO DEL REY MOBILE HOME ESTATES:** Bradford Barnhardt bbarnhardt@marshackhays.com, bbarnhardt@ecf.courtdrive.com, kfrederick@ecf.courtdrive.com
- **ATTORNEY FOR CREDITOR AND PLAINTIFF HOUSER BROS. CO. and CREDITOR HOUSER BROS. CO. DBA RANCHO DEL REY MOBILE HOME ESTATES:** Aaron E DE Leest adeleest@DanningGill.com, danninggill@gmail.com; adeleest@ecf.inforuptcy.com
- **ATTORNEY FOR CREDITOR AND PLAINTIFF THE HUNTINGTON BEACH GABLES HOMEOWNERS' ASSOCIATION:** Robert P Goe kmurphy@goeforlaw.com, rgoe@goeforlaw.com; goeforecf@gmail.com
- **CHAPTER 7 TRUSTEE JEFFREY I GOLDEN (TR):** Jeffrey I Golden (TR lwerner@wgllp.com, jig@trustesolutions.net; kadele@wgllp.com
- **ATTORNEY FOR CREDITOR AND PLAINTIFF HOUSER BROS. CO. and CREDITOR HOUSER BROS. CO. DBA RANCHO DEL REY MOBILE HOME ESTATES:** D Edward Hays ehays@marshackhays.com, ehays@ecf.courtdrive.com; kfrederick@ecf.courtdrive.com; cmendoza@marshackhays.com; cmendoza@ecf.courtdrive.com
- **ATTORNEY FOR CREDITOR AND PLAINTIFF THE HUNTINGTON BEACH GABLES HOMEOWNERS' ASSOCIATION:** Brandon J Iskander biskander@goeforlaw.com, kmurphy@goeforlaw.com
- **ATTORNEY FOR TRUSTEE JEFFREY I GOLDEN (TR):** Eric P Israel eisrael@DanningGill.com, danninggill@gmail.com; eisrael@ecf.inforuptcy.com
- **INTERSTED PARTY COURTESY NEF: Shantal Malmed** shantal.malmed@gmlaw.com, cheryl.caldwell@gmlaw.com
- **INTERESTED PARTY COURTESY NEF: Shantal Malmed**, cheryl.caldwell@gmlaw.com
- **ATTORNEY FOR CREDITOR AND PLAINTIFF HOUSER BROS. CO. and CREDITOR HOUSER BROS. CO. DBA RANCHO DEL REY MOBILE HOME ESTATES:** Laila Masud lmasud@marshackhays.com, lmasud@ecf.courtdrive.com; kfrederick@ecf.courtdrive.com
- **ATTORNEY FOR DEFENDANT RANDALL L NICKEL:** Mark A Mellor mail@mellorlawfirm.com, mellormr79158@notify.bestcase.com
- **INTERESTED PARTY COURTESY NEF:** Valerie Smith claims@recoverycorp.com
- **U.S. TRUSTEE:** United States Trustee (SA) ustpregion16.sa.ecf@usdoj.gov

4903-7392-5900, v. 1

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                    **F 9013-3.1.PROOF.SERVICE**