D. EDWARD HAYS, #162507
ehays@marshackhays.com
BRADFORD N. BARNHARDT, #328705
bbarnhardt@marshackhays.com
MARSHACK HAYS WOOD LLP
870 Roosevelt
Irvine, CA 92620
Telephone: (949) 333-7777
Facsimile: (949) 333-7778

Attorneys for Creditor,
HOUSER BROS. CO. dba RANCHO DEL
REY MOBILE HOME ESTATES

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>JAMIE LYNN GALLIAN,<br><br>Debtor. | Case No. 8:21-bk-11710-SC<br><br>Chapter 7<br><br>REPLY IN SUPPORT OF HOUSER BROS. CO.'S MOTION OBJECTING TO DEBTOR'S CLAIMED HOMESTEAD EXEMPTION IN "PAD" LOCATED AT 16222 MONTEREY LN., SPACE 376, HUNTINGTON BEACH, CA 92649; REQUEST FOR JUDICIAL NOTICE<br><br>Date: February 4, 2025<br>Time: 11:00 a.m.<br>Ctrm: 5C |

TO THE HONORABLE SCOTT C. CLARKSON, UNITED STATES BANKRUPTCY JUDGE, THE DEBTOR, AND ALL INTERESTED PARTIES:

Houser Bros. Co., dba Rancho Del Rey Mobile Home Estates ("Houser Bros.") files this Reply ("Reply") in support of its Motion Objecting to Debtor's Claimed Homestead Exemption in "Pad" Located at 16222 Monterey Ln., Space 376, Huntington Beach, CA 92649 ("Pad"), filed on January 2, 2025, as Docket No. 529 ("Motion").[1] In support of this Reply, Houser Bros. submits a Request for Judicial Notice ("RJN") and represents as follows:

---

[1] All capitalized terms not otherwise defined in this Reply shall have the meaning ascribed to them in the Motion.

1

HOUSER BROS.'S REPLY IN SUPPORT OF MOTION OBJECTING TO CLAIMED HOMESTEAD EXEMPTION IN "PAD"

4880-1284-8131,v.1

Case 8:21-bk-11710-SC    Doc 537    Filed 01/28/25    Entered 01/28/25 18:50:01    Desc
Main Document    Page 2 of 18

### 1. Summary of Argument

In the Motion, Houser Bros. objects to Debtor's claimed exemption in the Pad, *i.e.*, the real property underneath the Mobilehome. Under Supreme Court authority, a debtor may not claim an exemption in property she does not own. In her untimely response, which the Court need not consider, Debtor claims that the exemption should be allowed based on a "Covenant Running with the Land" to which she was not a party. This instrument, however, pertains to road access and does not give Debtor any interest in the Pad. Because the Debtor has not proven any interest in the Pad, the claimed exemption must be disallowed.

The remainder of Debtor's response amounts to little more than unavailing citations to legal authority, with no explanation why the Court should allow Debtor's claimed exemption in the Pad.

Debtor has not met her burden of establishing an exemptible interest in the Pad, and Houser Bros. requests that the Court grant the Motion in its entirety.

### 2. Factual Background

On January 2, 2025, Houser Bros. filed the Motion. Docket No. 529; *see also* Docket No. 532 ("Signature of Chris Houser to Declaration in Support of Notice of Motion and Motion Objecting to Debtor's Claimed Homestead Exemption in 'Pad' Located at 16222 Monterey Ln., Space 376, Huntington Beach, CA 92649"). Houser Bros. set the Motion for hearing on February 4, 2025, at 11:00 a.m. Docket No. 530.

On January 8, 2025, The Huntington Beach Gables Homeowners Association filed a joinder to the Motion. Docket No. 531.

On January 13, 2025, Jeffrey I. Golden, Chapter 7 Trustee for Debtor's bankruptcy estate, filed a joinder to the Motion. Docket No. 533.

On January 24, 2025, at 6:22 p.m., Debtor filed an untimely "Opposition to Houser Bros Co and Joinders Objection to Debtors Homestead Exemption [sic throughout]" ("Jan. 24 Opposition"). Docket No. 535.

2
HOUSER BROS.'S REPLY IN SUPPORT OF MOTION OBJECTING TO CLAIMED HOMESTEAD EXEMPTION IN "PAD"
4880-1284-8131,v.1

On January 27, 2025, Debtor filed an "**Amended and Bookmarked** Debtors Opposition to Houser Bros Co and Joinders Objection to Debtors Homestead Exemption [sic throughout]" ("Jan. 25 Opposition").[2] Docket No. 536.

## 3.  Legal Argument

### A. Debtor's untimely responses should not be considered.

As set forth in the Motion, Houser Bros. timely filed its homestead exemption objection on January 2, 2025. *See* Motion at 9. Houser Bros. set the Motion for hearing on February 4, 2025. Docket No. 530. This hearing date gave Debtor 19 days to file any opposition—12 days longer than the minimum required 7-day period set forth in the Local Bankruptcy Rules. *See* Loc. Bankr. R. 9013-1(d)(2), (f) (setting forth the deadlines for filing and serving motions and responses).

Despite having nearly two extra weeks to respond to the Opposition, Debtor failed to timely submit her pleading by the January 21, 2025, deadline. She instead submitted her initial response three days later, after close of business on Friday, January 24, 2025, leaving Houser Bros. just two business days to file this Reply. Then, she filed an amended opposition on January 25, 2025 (a Saturday) that was entered on the docket on January 27, 2025. The initial opposition and the amended opposition are collectively referred to as the "Late Oppositions."

The Court (the Hon. Erithe Smith presiding) has previously warned Debtor that it will not consider any untimely pleadings she files. *See* Docket No. 177 ("Order Granting Houser Bros. Co. DBA Rancho Del Rey Mobile Home Estates's Motion Objecting to Debtor's Claimed Homestead Exemption in 16222 Monterey Lane, Space #376, Huntington Beach, CA 92649," wherein the Court noted its previous tentative ruling warning Debtor that "in the future, the court will not consider any pleadings filed by Debtor after the day they are due"); *see also Houser Bros. Co. v. Gallian (In re Gallian)*, Case No. 8:21-ap-01097-SC, ECF No. 58 (Bankr. C.D. Cal. Feb. 15, 2023) ("Order Granting Motion in Limine to Exclude Debtor's Trial Exhibits," which prohibited Debtor from introducing her designated exhibits at trial due to her failure to timely provide her trial exhibits to

---

[2] The arguments in the Jan. 24 Opposition and the Jan. 25 Opposition appear to be extremely similar, if not the same, and all arguments in this Reply apply to both.

Houser Bros.).

The Court is entirely within its right to not consider untimely pleadings filed by Debtor. *See* Loc. Bankr. R. 9013-1(h) (providing that "if a party does not *timely* file and serve documents, the court may deem this to be consent to the granting or denial of the motion, as the case may be") (emphasis added); *see generally Johnson v. Mammoth Recreations*, 975 F.2d 604, 610 (9th Cir. 1992) (noting that disregard of a scheduling order would "undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier). Houser Bros.'s notice of the Motion advised Debtor of this consequence of an untimely filing. *See* Docket No. 529 at 2 ("Failure to timely respond may be deemed as acceptance of the relief requested.") (citing Loc. Bankr. R. 9013-1(h)). Yet, despite having more time than usual to file a response, and despite the prior warnings about and consequences from late filings, Debtor elected to file the first of her Late Oppositions after the close of business on a Friday, three days after it was due, and then the second on Saturday, leaving Houser Bros. just two business days to file this Reply. *See* Loc. Bankr. R. 9013-1(g) (requiring replies to be filed not later than seven days before the date designated for hearing).

Debtor acknowledges her untimely filings but blames Christopher Blank, Esq. ("Mr. Blank"), for "fail[ing] to provide a Work Product as agreed." Jan. 24 Opposition at 1. This excuse falls far short. On January 22, 2025, Mr. Blank filed a "Disclosure of Compensation of Attorney," which noted that Mr. Blank is "**not** the attorney of record for the above named debtor in this case" but advised that he had received compensation within one year before the filing of the petition through the present for legal consulting services. Docket No. 534 (emphasis in original). Debtor remains self-represented and is responsible for ensuring compliance with all procedural rules in this case.

Having to constantly reply to late-filed pleadings is highly prejudicial to Houser Bros. by leaving Houser Bros. (and its counsel) with little time to address arguments that are of extreme importance to its interests. If the Court considers the Late Oppositions, the problem will only proliferate. Debtor has been repeatedly warned about the consequences of non-compliance with filing deadlines. She has failed to heed those warnings. Houser Bros. accordingly requests that the

4

HOUSER BROS.'S REPLY IN SUPPORT OF MOTION OBJECTING TO CLAIMED HOMESTEAD EXEMPTION IN "PAD"

4880-1284-8131,v.1

Court decline to consider either of Debtor's Late Oppositions to the Motion and deem her failure to timely respond as consent to the granting of the Motion.

Even if the Court were to consider the Late Oppositions, however, Debtor's arguments lack merit as set forth below.

### B. Debtor is not entitled to an automatic homestead exemption in the Pad.

As set forth in the Motion, Debtor bears the burden of proof to show entitlement to the claimed homestead exemptions because the Orange County Treasurer-Tax Collector ("OCTTC") records did not indicate that there was a "current homeowner's exemption or disabled veteran's exemption" for the Property as of the Petition Date. Motion at 6. Debtor's response, that she recorded a prepetition declaration of homestead with the Orange County Recorder, Jan. 25 Opposition at 8, is unavailing because the publicly available OCTTC records as of the Petition Date did not reflect the necessary exemption to shift the burden.

Further, Debtor cites Docket No. 74 as the recorded document establishing the current homeowner's exemption to shift the burden for purposes of California Code of Civil Procedure § 704.780(a)(1). Jan. 25 Opposition at 8. Docket No. 74, however, reflects a "Homestead Declaration" ("Homestead Declaration") recorded with the Orange County Clerk-Recorder on July 9, 2021.[3] The Homestead Declaration is not the correct form to establish the current homeowner's exemption referenced in § 704.780(a)(1). That would be the form for a "Claim for Homeowners' Property Tax Exemption" submitted to the Orange County Assessor. A true and correct copy of the Orange County Assessor "Claim for Homeowners' Property Tax Exemption" form is attached to the RJN as **Exhibit 1**. Debtor does not argue that she submitted this form before the Petition Date, and, again, the publicly available records of the OCTTC as of the Petition Date did not reflect a current homeowner's exemption. As such, Debtor bears the burden of establishing her claimed homestead exemption.

---

[3] To the extent Debtor claims an exemption in the Pad based on the Homestead Declaration, the Homestead Declaration helps her not at all in a bankruptcy case involving an involuntary sale. *See* Motion at 7. Plus, she cannot exempt what she does not own.

     Even if Houser Bros. had the burden of proof (which it does not), it provided evidence to establish its status as legal owner of the Pad. *See* Motion at 9 (citing the Houser Declaration and the relief from stay motion and order premised on Houser Bros.'s status as legal owner of the Pad). Debtor does not address this evidence in her Late Oppositions. She instead discusses a "Covenant Running wth [sic] the Land" to which she was not a party, claiming that this "instrument clearly establishes that Unit 4, on Parcel 2, where the Space 376 with a Single Family Dwelling is located is included in the Condominium Project known as The Gables located on Parcel 1 where debtor holds a Ground Lease referenced in her Preliminary Title Report dated October 18, 2018 [sic throughout]." Jan. 25 Opposition at 2. The "Covenant Running with the Land" ("Covenant") attached to the Jan. 25 Opposition establishes nothing of the sort. The Covenant instead provides in Paragraph C that:

> Pursuant to the Ground Lease, Warmington may use Parcel 1 to develop thereon single-family residences or condominiums. The Ground Lease further provides that access to Parcel 1 from Edinger Avenue (the abutting public street) is to be had over a portion of Monterey Lane, a private street located on right-of-way easements on either side of the southerly boundary of Parcel 1 with Parcel 2. The maintenance of the portion of Monterey Lane as to which Warmington (and the residents of homes or condominiums to be built by Warmington on Parcel 1) has easement rights is the responsibility of Houser as Landlord under the Ground Lease as provided therein.

Jan. 25 Opposition at 62. The Covenant does not, like Debtor seems to suggest, give her an 80-year ground lease (or any other interest) in the Pad. In other words, the Covenant provides Debtor with no interest in the Pad in which she can claim an exemption. *See* 11 U.S.C. § 522(b) (providing that "an individual debtor may exempt from property of the estate…"); *Owen v. Owen*, 500 U.S. 305 (1991) ("Property that is properly exempted under § 522 is (with some exceptions) immunized against liability for prebankruptcy debts. § 522(c). No property can be exempted (and thereby immunized), however, unless it first falls within the bankruptcy estate."); *accord* Jan. 25 Opposition at 10 ("An

exemption may be claimed 'from property of the estate….'") (quoting 11 U.S.C. § 522(b)).[4]

Debtor further touts a preliminary title report ("PTR") regarding her former residence at 4476 Alderport Unit 53, Huntington Beach, CA 92649 ("Alderport Property"), which is attached to her Jan. 25 Opposition starting at page 83. Not only is the Alderport Property a separate property from the Pad at issue here, but Debtor indicates in the Opposition that she sold the Alderport Property to Randy Nickel on October 31, 2018. Jan. 25 Opposition at 20.[5]

And, any effort by Debtor to use her **_14 sets of schedules_** to establish an interest in the Pad must fail. *See* Docket Nos. 1, 15, 16, 17, 22, 37, 38, 39, 42, 72, 75, 444, 468, 519. Not only do the schedules contradict one another regarding her alleged interest in the Mobilehome and Pad, but this Court has already denied Debtor's discharge under 11 U.S.C. § 727(a)(4) based on, *inter alia*, false oaths in her schedules. *See Houser Bros. Co. v. Gallian (In re Gallian)*, Case No. 8:21-ap-01097-SC, ECF No. 81 (Bankr. C.D. Cal. May 23, 2023) (memorandum decision after trial).

### C. Houser Bros. does not object to Debtor's claimed homestead exemption in the Mobilehome.

In the Jan. 25 Opposition, Debtor highlights that she "is properly permitted to claim the homestead exemption on the Huntington Beach Property," as her "permanent dwelling on the petition date." Jan. 25 Opposition at 5. She adds that on the Petition Date, she "had full vested legal Certificate of Title by Housing and Community Development, Official Records (HCD) perfected on 02/25/2021." Jan. 25 Opposition at 10. Houser Bros. does not dispute that Debtor has been allowed an exemption in the Mobilehome - such has already been established by final order of the Court. As

---

[4] As established at the trial in the non-dischargeability action, Debtor has no ground lease with Houser Bros. for the Pad. *See Houser Bros. Co. v. Gallian (In re Gallian)*, Case No. 8:21-ap-01097-SC, ECF No. 72 at 366-67 (Bankr. C.D. Cal. May 3, 2023) (trial transcript, containing the following exchange: "THE COURT: I didn't ask you that. Is there a ground lease in your name with the Houser Brothers? . . . THE WITNESS: The answer is no. . . . THE WITNESS: I have never had a ground lease.").

[5] Regarding the other documents attached to Debtor's 648-page filing, it is neither Houser Bros.'s nor the Court's job to comb through the record to identify and address facts that may support her argument. *See Gales v. Alle (In re Alle)*, Case No. 2:14-ap-01146-SK, ECF No. 340 (Bankr. C.D. Cal. Apr. 29, 2020) (noting that the court would not dig through the record to identify facts to support a party's argument where that party had not provided citations to the record).

such, these arguments by Debtor, which do not pertain to her claimed exemption in the Pad, are irrelevant to the Motion.

**4.    Conclusion**

For the reasons set forth above and in the Motion, Houser Bros. requests that the Court grant the Motion in its entirety and deny the claimed exemption.

DATED: January 28, 2025                MARSHACK HAYS WOOD LLP

                                              */s/ D. Edward Hays*
                                    By: _____
                                         D. EDWARD HAYS
                                         BRADFORD N. BARNHARDT
                                         Attorneys for Creditor,
                                         HOUSER BROS. CO. dba RANCHO DEL
                                         REY MOBILE HOME ESTATES

# Request for Judicial Notice

Houser Bros. Co., dba Rancho Del Rey Mobile Home Estates ("Houser Bros."), requests pursuant to Rule 201 of the Federal Rules of Evidence, that this Court take judicial notice of the following in support of its Reply ("Reply") in support of its Motion Objecting to Debtor's Claimed Homestead Exemption in "Pad" Located at 16222 Monterey Ln., Space 376, Huntington Beach, CA 92649 ("Pad"), filed on January 2, 2025, as Docket No. 529 ("Motion"). All capitalized terms not otherwise defined in this Request for Judicial Notice shall have the meaning ascribed to them in the Reply.

1. On January 2, 2025, Houser Bros. filed a "Motion Objecting to Debtor's Claimed Homestead Exemption in 'Pad' Located at 16222 Monterey Ln., Space 376, Huntington Beach, CA 92649" (defined above as the "Motion"). Docket No. 529.

2. Houser Bros. set the Motion for hearing on February 4, 2025, at 11:00 a.m. Docket No. 530.

3. On January 8, 2025, The Huntington Beach Gables Homeowners Association filed a joinder to the Motion. Docket No. 531.

4. On January 10, 2025, Houser Bros. filed a "Signature of Chris Houser to Declaration in Support of Notice of Motion and Motion Objecting to Debtor's Claimed Homestead Exemption in 'Pad' Located at 16222 Monterey Ln., Space 376, Huntington Beach, CA 92649." Docket No. 532.

5. On January 13, 2025, Jeffrey I. Golden, Chapter 7 Trustee for Debtor's bankruptcy estate, filed a joinder to the Motion. Docket No. 533.

6. On January 24, 2025, at 6:22 p.m., Debtor filed an "Opposition to Houser Bros Co and Joinders Objection to Debtors Homestead Exemption [sic throughout]" ("Jan. 24 Opposition"). Docket No. 535.

7. On January 27, 2025, Debtor filed an "**Amended and Bookmarked** Debtors Opposition to Houser Bros Co and Joinders Objection to Debtors Homestead Exemption [sic throughout]" ("Opposition"). Docket No. 536.

8. On August 5, 2022, the Court (Hon. Erithe Smith presiding) entered an "Order Granting Houser Bros. Co. DBA Rancho Del Rey Mobile Home Estates's Motion Objecting to

Debtor's Claimed Homestead Exemption in 16222 Monterey Lane, Space #376, Huntington Beach, CA 92649," wherein the Court noted its previous tentative ruling warning Debtor that "in the future, the court will not consider any pleadings filed by Debtor after the day they are due." Docket No. 177.

9. On February 15, 2023, the Court entered an "Order Granting Motion in Limine to Exclude Debtor's Trial Exhibits," which prohibited Debtor from introducing her designated exhibits at trial due to her failure to timely provide her trial exhibits to Houser Bros. *Houser Bros. Co. v. Gallian (In re Gallian)*, Case No. 8:21-ap-01097-SC, ECF No. 58 (Bankr. C.D. Cal. Feb. 15, 2023).

10. On January 22, 2025, Christopher L. Blank, Esq., filed a "Disclosure of Compensation of Attorney," which noted, *inter alia*, that Mr. Blank is "**not** the attorney of record for the above named debtor in this case" but advised that he had received compensation within one year before the filing of the petition through the present for "services rendered or to be rendered as a legal consultant to the debtor in connection with this bankruptcy case." Docket No. 534 (emphasis in original).

11. A true and correct copy of the Orange County Assessor "Claim for Homeowners' Property Tax Exemption" form is attached as **Exhibit 1**.

12. On April 26, 2023, the Court held a trial in *Houser Bros. Co. v. Gallian (In re Gallian)*, Case No. 8:21-ap-01097-SC ("AP"). During the trial, the Court had the following exchange with the Debtor: "THE COURT: I didn't ask you that. Is there a ground lease in your name with the Houser Brothers? . . . THE WITNESS: The answer is no. . . . THE WITNESS: I have never had a ground lease." *See Houser Bros. Co. v. Gallian (In re Gallian)*, Case No. 8:21-ap-01097-SC, ECF No. 72 at 366-67 (Bankr. C.D. Cal. May 3, 2023) (trial transcript).

13. Following the trial in the AP, the Court issued a memorandum decision to deny Debtor's discharge pursuant to 11 U.S.C. § 727(a)(2)(A), (a)(4) and (a)(5) on May 23, 2023. The Court denied Debtor's discharge under 11 U.S.C. § 727(a)(4) based on, *inter alia*, false oaths in her schedules. *See Houser Bros. Co. v. Gallian (In re Gallian)*, Case No. 8:21-ap-01097-SC, ECF No. 81 (Bankr. C.D. Cal. May 23, 2023) (memorandum decision after trial).

Debtor has submitted no fewer than 14 sets of schedules in this case, with contradictory disclosures regarding her interest in the Pad. *See* Docket Nos. 1, 15, 16, 17, 22, 37, 38, 39, 42, 72, 75, 444, 468, 519.

DATED: January 28, 2025  MARSHACK HAYS WOOD LLP

By  */s/ D. Edward Hays*
D. EDWARD HAYS
BRADFORD N. BARNHARDT
Attorneys for Creditor,
HOUSER BROS. CO. dba RANCHO DEL REY
MOBILE HOME ESTATES

4895-3188-3237, v. 1

11
REQUEST FOR JUDICIAL NOTICE

**EXHIBIT 1**

EF-266-R13-0520-30001181-1
BOE-266 (P1) REV. 13 (05-20)

# CLAIM FOR HOMEOWNERS' PROPERTY TAX EXEMPTION

*If eligible, sign and file this form with the Assessor on or before February 15 or on or before the 30th day following the date of notice of supplemental assessment, whichever comes first.*

**Claude Parrish**
**Orange County Assessor**
500 S. Main Street, First Floor, Suite 103
Orange, CA 92868-4512
or
P.O. Box 628
Santa Ana, CA 92702-0628
(714) 834-3821
www.ocassessor.gov

**SEE INSTRUCTIONS BEFORE COMPLETING**

NAME AND MAILING ADDRESS
*(Make necessary corrections to the printed name and mailing address)*

| FOR ASSESSOR'S USE ONLY |
|---|
| Received _____ |
| Approved _____ |
| Denied _____ |
| Reason for denial _____ |

**PROPERTY DESCRIPTION**
Parcel No. _____
Address of dwelling _____

Print your social security number and name here ➤ SSN: ___-___-___  NAME: _____

Print co-owner's or spouse's social security number and name when this property is also his/her principal residence ➤ SSN: ___-___-___  NAME: _____

## STATEMENTS

This claim may be used to file for the Homeowners' Exemption for the Assessment Roll and the Supplemental Assessment Roll. A new owner must file a claim even if the property is already receiving the homeowners' exemption. Please carefully read the information and instructions before answering the questions listed below.

1. When did you acquire this property? _____ *(month/day/year)*
2. Date you occupied this property as your principal residence (see instructions): _____ *(month/day/year)*
3. Do you own another property that is, or was, your principal place of residence in California? ☐ YES ☐ NO
   If YES, please provide the address below, and the date you **MOVED OUT**, if no longer your principal place of residence:
   Address: _____ *Street address* _____ *City* _____ *Zip Code* _____ *month/day/year*

Only the owners or their spouses who occupy the above-described property (including a purchaser under contract of sale) or his or her legal representative may sign this claim. (If the property comprises more than one dwelling unit, other co-owner occupants may wish to file separate claims; however, only one exemption will be allowed per dwelling unit.)

**If you are buying this property under an unrecorded contract of sale and the Assessor does not have a copy of the contract, you must attach a copy to this claim.**

## CERTIFICATION

*I certify (or declare) under penalty of perjury under the laws of the State of California that the foregoing and all information hereon, including any accompanying statements or documents, is true, correct, and complete to the best of my knowledge and belief.*

SIGNATURE OF OWNER-OCCUPANT ▶    DATE
SIGNATURE OF OCCUPANT'S SPOUSE OR CO-OWNER-OCCUPANT ▶    DATE
EMAIL ADDRESS    DAYTIME TELEPHONE NUMBER ( )

**IF YOU DO NOT OCCUPY THIS PARCEL AS YOUR PRINCIPAL RESIDENCE, PLEASE DISCARD THIS FORM.**
**If you occupy this parcel at a later date, contact the Assessor at that time.**
**THIS DOCUMENT IS NOT SUBJECT TO PUBLIC INSPECTION**


EF-266-R13-0520-30001181

**EXHIBIT 1, PAGE 12**

EF-266-R13-0520-30001181-2

BOE-266 (P2) REV. 13 (05-20)

**RECLAMO PARA LA EXENCIÓN DE IMPUESTOS PREDIALES DE LOS PROPIETARIOS DE CASAS**

*Si reúne los requisitos, firme y presente esta forma al Tasador a más tardar el 15 de febrero, o **antes que hayan transcurrido 30 días a partir de la fecha de la notificación de la valuación suplementaria,** lo que ocurra primero.*

**Claude Parrish**
**Orange County Assessor**
500 S. Main Street, First Floor, Suite 103
Orange, CA 92868-4512
or
P.O. Box 628
Santa Ana, CA 92702-0628
(714) 834-3821
www.ocassessor.gov

**ANTES DE LLENARLA, LEA LAS INSTRUCCIONES**

NOMBRE Y SU DIRECCIÓN
*(Haga cambios necesarios al nombre escrito y dirección)*

**PARA USO DEL TASADOR**
Received _____
Approved _____
Denied _____
Reason for denial _____

**DESCRIPCIÓN DE LA PROPIEDAD**
Número de Parcela _____
Dirección de casa _____

Imprima su número de Seguro Social y nombre ➤ SSN: ___-___-___
NOMBRE: _____

Imprima el número de Seguro Social y nombre de su cónyuge o copropietario si esta propiedad también es su lugar de residencia principal ➤ SSN: ___-___-___
NOMBRE: _____

**DECLARACIONES**

Esta forma de reclamo se puede utilizar para solicitar Exención para Propietarios de Casas para las Listas de Exención de Tasación de Propietarios, así como para la Lista de Tasación Suplementaria. El nuevo propietario tiene que presentar un reclamo, aunque la propiedad ya esté recibiendo la exención de propietarios de casas. Lea cuidadosamente la información que se le entrega, así como las instrucciones antes de contestar las siguientes preguntas.

1. ¿Cuándo adquirió usted esta propiedad? _____ *(día/mes/año)*

2. Fecha en que se mudó a esta propiedad, la cual será su residencia principal (vea instrucciones): _____ *(día/mes/año)*

3. ¿Usted es dueño/a de otra propiedad que es o era su lugar de residencia principal en California? ☐ Si  ☐ No

   Si sí, porfavor proveer la dirección abajo y la fecha de su **MUDANZA** si ya no es su residencia principal:
   Dirección: _____
   *Dirección    Ciudad    Codigo Postal    Dia/Mes/Año*

Solamente los dueños o los cónyuges ocupantes de la propiedad descrita anteriormente (incluyendo a un comprador bajo contrato de venta) o su representante legal pueden firmar este reclamo. (Si la propiedad consta de más de una unidad de vivienda, tal vez los otros ocupantes copropietarios deseen presentar reclamos por separado; sin embargo, se concederá una sola exención por unidad de vivienda.)

**Si usted compra esta propiedad bajo un contrato de venta que no se ha registrado, y el Tasador no tiene una copia del mismo, deberá adjuntar a este reclamo una copia del contrato.**

**CERTIFICACIÓN**

*Certifico (o declaro), bajo pena de perjurio, en conformidad con las leyes del Estado de California, que toda la información anterior, así como la siguiente, incluyendo cualquier declaración o documento adjunto, es completa, correcta y verdadera según mi leal saber y entender.*

| FIRMA DEL PROPIETARIO-OCUPANTE ▶ | FECHA |
|---|---|
| FIRMA DEL CÓNYUGE DEL OCUPANTE O COPROPIETARIO-OCUPANTE ▶ | FECHA |
| CORREO ELECTRONICO | NUMERO TELEFONICO ( ) |

**SI NO HABITA ESTE INMUEBLE COMO SU RESIDENCIA PRINCIPAL, DESCARTE ESTA FORMA.**
*Si mas adelante ocupa esta inmueble, en ese momento comuníquese con el Tasador.*
**ESTE DOCUMENTO NO ES SUJETO A LA INSPECCIÓN PÚBLICA**


EF-266-R13-0520-30001181

EXHIBIT 1, PAGE 13

EF-266-R13-0520-30001181-3
BOE-266 (P3) REV. 13 (05-20)

## GENERAL INFORMATION

California property tax laws provide two alternatives by which the Homeowners' Exemption, up to a maximum of $7,000 of assessed value, may be granted.

**Alternative 1:** The exemption is available to an eligible owner of a dwelling which is occupied as the owner's principal place of residence as of 12:01 a.m., January 1 each year; or

**Alternative 2:** The exemption is available to an eligible owner of a dwelling subject to supplemental assessment(s) resulting from a change in ownership or completion of new construction on or after January 1, provided:

    (a)    The owner occupies the property as his or her principal place of residence within 90 days after the change in ownership or completion of construction; and

    (b)    The property is **not** already receiving the Homeowners' Exemption or another property tax exemption of greater value. If the property received an exemption of **lesser** value on the current roll, the difference in the amount between the two exemptions shall be applied to the Supplemental Assessment.

To help you determine your principal residence, consider (1) where you are registered to vote, (2) the home address on your automobile registration, and (3) where you normally return after work. If after considering these criteria you are still uncertain, choose the place at which you have spent the major portion of your time this year.

Filing for exemption under Alternative 2 will apply to the supplemental assessment(s), if any, and serve as filing for the exemption for the following fiscal year(s).

To obtain the exemption, the claimant must be an owner or co-owner or a purchaser named in a contract of sale. The dwelling may be any place of residence subject to property tax; a single-family residence, a structure containing more than one dwelling unit, a condominium or unit in a cooperative housing project, a houseboat, a manufactured home (mobilehome), land you own on which you live in a state-licensed trailer or manufactured home (mobilehome), and the cabana for such a trailer or manufactured home (mobilehome) are examples. A dwelling does not qualify for the exemption if it is, or is intended to be, rented, vacant and unoccupied, or the vacation or secondary home of the claimant. If you do not occupy this parcel as your principal residence, please discard this form.

If the Homeowners' Exemption is granted and the property later becomes ineligible for the exemption, you are responsible for notifying the Assessor of that fact immediately. Section 531.6 of the Revenue and Taxation Code provides for a **penalty of 25 percent of the escape assessment added for failure to notify the Assessor of the county where the property is located in a timely manner when property is no longer eligible for the exemption.** As a reminder, your tax bill, or copy, mailed by November 1 each year should be accompanied by a notice concerning ineligibility for the exemption.

**Once granted, the exemption remains in effect until terminated. Once terminated, a new claim form must be obtained from and filed with the Assessor to regain eligibility.**

**TIME FOR FILING**

**Alternative 1:** The full exemption is available if the filing is made by 5 p.m. on February 15. If a claim is filed between February 16 and 5 p.m. on December 10, 80 percent of the exemption is available.

**Alternative 2:** The full exemption (up to the amount of the supplemental assessment), if any, is available providing the full exemption has not already been applied to the property on the regular roll or on a prior supplemental assessment for the same year. To be applied, the filing must be made by 5 p.m. on the 30th day following the Notice of Supplemental Assessment issued as a result of a change in ownership or completed new construction. If a claim is filed after the 30th day following the date of the Notice of Supplemental Assessment, but on or before the date on which the first installment of taxes on the supplemental tax bill becomes delinquent, 80 percent of the exemption available may be allowed. Thereafter, no exemption is available on the supplemental assessment.

## INSTRUCTIONS

If your name is printed on the form and you have sold the property, please send the form **at once** to the new owner. If someone else's name is printed on the form and you are now an owner of the property, or a purchaser under contract of sale, strike out the printed name and insert your own name, or add your name if you and the one whose name is printed are co-owners. Change the printed address if it is incorrect. If there are no entries printed on the form when you receive it, enter your full name and mailing address, including your zip code.

ADDRESS OF THE DWELLING. If the parcel number or the legal description of the property and the address of the dwelling are printed on the form, check to see that they are printed correctly and correct them if they are not. These entries identify the dwelling on which you claim the exemption.

If the dwelling has no street address, so state. **Do not enter a post office box number for the address of the dwelling.**

TELEPHONE NUMBER. Enter the telephone number where you can be reached during the day.

SOCIAL SECURITY NUMBERS. Enter social security numbers as directed. If you or your spouse do not have a social security number write "none" in the space provided. If you or your spouse do not have a social security number but you have a Medicare or Medi-Cal number, enter that number.

The disclosure of social security numbers is mandatory as required by Revenue and Taxation Code section 218.5 and Title 18, California Code of Regulations, section 135. (See Title 42 United State Code, section 405(c)(2)(C)(i), which authorizes the use of social security numbers for identification purposes in the administration of any tax.) The numbers are used by the Assessor to verify the eligibility of persons claiming the exemption and by the state to prevent multiple claims in different counties and to verify the eligibility of persons claiming income tax renter's credits. The numbers are also used by the State Department of Child Support Services for locating absent parents and locating property which is owned by persons who are delinquent in their support payments; and by the State Department of Social Services to identify persons who own homes that have not been reported, if required, to the County Welfare Department. If you do not enter your social security number as directed, it may result in a delay in processing your claim or disallowance of the exemption. As noted on the claim form, social security numbers are not subject to public inspection.

STATEMENTS. Please answer the applicable questions. The Assessor will allow the proper exemption(s).

CERTIFICATION. A guardian, executor, or other legal representative may sign on behalf of an incompetent or deceased owner by inserting his or her name and capacity on the signature line and the date of death if the owner is deceased.



EF-266-R13-0520-30001181

EXHIBIT 1, PAGE 14

EF-266-R13-0520-30001181-4
BOE-266 (P4) REV. 13 (05-20)

## INFORMACIÓN GENERAL

Las leyes de California sobre los impuestos prediales establecen dos alternativas por medio de las cuales se pueden conceder exenciones de impuestos prediales a los propietarios, hasta por un valor tasado máximo de $7,000 dólares:

**Alternativa 1:** La exención podrá otorgarse al dueño de una vivienda que esté ocupada y sea el lugar principal de su residencia, a partir de las 12:01 a.m., del día 1 de enero de cada año, o

**Alternativa 2:** La exención podrá otorgarse al dueño de una vivienda que recibirá una Tasación Suplementaria debido a un cambio de propietario o por haber terminado alguna construcción adicional en la finca, a partir del 1 de enero, siempre y cuando,

    (a) El propietario ocupe la propiedad como su residencia principal antes de que transcurran 90 días de haber hecho el cambio de propietario, o de que se haya terminado la construcción adicional, y

    (b) A la propiedad actualmente **no** se le ha concedido la exención de propietario o alguna otra exención sobre la propiedad de mayor valor. Si la propiedad recibe una exención de **menor valor** al que aparece en las listas de registro actuales, se aplicará a la Tasación Suplementaria la diferencia entre estas dos exenciones.

Para ayudar en determinar su residencia principal, considere (1) donde esta registrado para votar, (2) su domicilio en la registración de su vehículo y (3) donde normalmente se regresa despues de trabajar. Si despues de considera este criterio todavia no esta seguro, escoja el lugar en donde se a pasado la mayor parte de este año.

La solicitud de la exención según la Alternativa 2 se aplicará a la Tasación Suplementaria, si la hubiera, y servirá como solicitud de exención para el (los) siguiente(s) año(s) fiscal(es).

Para obtener la exención, el reclamante debe ser el propietario o copropietario o el comprador cuyo nombre aparezca en el contrato de venta. La vivienda puede ser cualquier lugar de residencia sujeto al pago del impuesto predial; una casa para una sola familia, una estructura que contenga más de una vivienda, un condominio o unidad de un proyecto de vivienda en cooperativa, una casa flotante, una casa prefabricada (casa móvil), un lote de terreno de su propiedad en donde vive en un remolque o casa prefabricada (casa móvil) con licencia del estado, y la cabaña del remolque o de la casa prefabricada (casa móvil). La vivienda no recibirá la exención si está rentada o va a rentarse, si está vacante o nadie la ocupa, o si es una casa secundaria o para las vacaciones del reclamante. Si usted no vive en esta propiedad como su residencia principal, descarte esta forma.

Si se concede la exención al propietario y posteriormente la propiedad no cumple con los requisitos para la exención, será su responsabilidad informar de inmediato al Tasador. La sección 531.6 del Código sobre Ingresos e Impuestos estipula que se aplicará una **multa del 25% agregada al valor no recuperado, si usted no reporta este hecho al Tasador del condado donde se escuentra la propiedad, tan pronto como se entere que la propiedad ya no es eligible para la exención.** Como recordatorio, el cobro de impuestos o copia del mismo que se le envía a más tardar el primero de Noviembre de cada año, deberá ir acompañado de un aviso o notificación concerniente a la inelegibilidad para conceder la exención.

**Una vez que se otorgue la exención, permanecerá vigente hasta su vencimiento. Cuando venza, debe obtenerse una nueva forma de reclamo y presentarse en la oficina del tasador, para tener derecho nuevamente a la exención.**

**PLAZO PARA PRESENTAR SU RECLAMO**

**Alternativa 1:** Se otorgará la exención completa si se presenta el reclamo antes de las 5:00 p.m. del día 15 de febrero. Si lo presenta entre el 16 de febrero y antes de las 5:00 p.m. del 10 de diciembre, se otorgará el 80 por ciento de la exención.

**Alternativa 2:** Se otorgará la exención completa (hasta la cantidad de la tasación suplementaria), si la hubiera, siempre y cuando la exención completa no esté ya aplicada a la propiedad en la lista normal o en una tasación suplementaria anterior que se haya hecho el mismo año. Para que esto se lleve a cabo, deberá presentar el reclamo antes de las 5:00 p.m., dentro de los 30 días contados a partir de la fecha que aparece en la Notificación de Tasación Suplementaria que se haya expedido como resultado de un cambio de propietario, o que se haya terminado una construcción adicional. Si el reclamo se presenta después de 30 días contados a partir de la fecha de la Notificación de Tasación Suplementaria pero en la fecha (o antes de ella) en que vence el primer pago de impuestos del cobro complementario, se otorgará un 80 por ciento de la exención. Después de esta fecha no podrá hacerse ninguna exención sobre la tasación suplementaria.

## INSTRUCCIONES

Si su nombre aparece en la forma y ya ha vendido la propiedad, envíe **de inmediato** la forma al nuevo propietario. Si aparece otro nombre en la forma y usted es ahora el dueño de la propiedad, o comprador sujeto a un contrato de venta, tache el primer nombre y escriba el suyo, o agregue su nombre si usted y la persona cuyo nombre aparece en la forma son copropietarios. Cambie la dirección si es incorrecta. Si cuando recibe la forma está en blanco, escriba su nombre completo y su dirección, incluyendo su zona postal.

DIRECCIÓN DE LA VIVIENDA. Si el número de lote o la descripción legal de la propiedad y la dirección de la vivienda aparecen en la forma, revíselos para asegurarse que estén correctos y de no estarlo, corríjalos. Esta información identifica la vivienda para la cual reclama la exención.

Si la vivienda no tiene dirección, indíquelo. **No escriba un apartado postal como dirección de la vivienda.**

NÚMERO DE TELÉFONO. Anote el número de teléfono donde generalmente se le puede localizar durante el día.

NÚMEROS DEL SEGURO SOCIAL. Anote los números del Seguro Social como se indica. Si usted o su cónyuge no tienen número de Seguro Social, escriba NINGUNO en el espacio correspondiente. Si usted o su cónyuge no tienen número de Seguro Social pero tienen número de Medicare o Medi-Cal, anote ese número.

La divulgación de los números de Seguro Social es obligatoria, conforme a los requisitos de la Sección 218.5 del Código de Ingresos e Impuestos y de la Sección 135 del Título 18 del Código de Reglamentaciones de California. (Vea la Sección 405(c)(2)(C)(i), del Título 42 del Código de los Estados Unidos, el cual autoriza el uso de los números de Seguro Social para fines de identificación en la administración de todos los impuestos.) El Tasador usa los números para verificar la elegibilidad de las personas que hacen el reclamo de exención, y también los usa el Estado para impedir o prevenir que se hagan reclamos múltiples en condados diferentes, así como para verificar la elegibilidad de las personas que reclaman crédito por vivir en casas o apartamentos alquilados. También los utiliza el Departamento de Servicios de Mantenimiento de Hijos a fin de localizar a aquellos padres/madres ausentes, y para localizar propiedades cuyos propietarios sean personas que no han cumplido con sus pagos de manutención de familiares, y por el Departamento de Servicios Sociales del Estado para identificar a propietarios de casas que no se han reportado, si es requerido, a el Departamento de Bienestar del Condado. Si usted no anota su número de Seguro Social como se indica, podría resultar en una demora en el trámite del reclamo o que se niegue la exención. Tal como se establece en la forma de reclamo, los números de Seguro Social que aparecen en la misma no son información que se ofrezca al público.

DECLARACIONES. Conteste las preguntas correspondientes. El Tasador le concederá la(s) exención(es) adecuada(s).

CERTIFICACIÓN. Un tutor, albacea u otro representante legal puede firmar a nombre de una persona incapacitada o que haya fallecido, escribiendo su nombre y la capacidad conferida en el renglón asignado a la firma y, de haber fallecido el propietario, la fecha de su muerte.



EF-266-R13-0520-30001181

EXHIBIT 1, PAGE 15

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
870 Roosevelt, Irvine, CA 92620.

A true and correct copy of the foregoing document entitled: REPLY IN SUPPORT OF HOUSER BROS. CO.'S MOTION OBJECTING TO DEBTOR'S CLAIMED HOMESTEAD EXEMPTION IN "PAD" LOCATED AT 16222 MONTEREY LN., SPACE 376, HUNTINGTON BEACH, CA 92649 will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **January 28, 2025**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**: On _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **January 28, 2025**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**VIA PERSONAL DELIVERY:**
**PRESIDING JUDGE'S COPY**
HONORABLE SCOTT C. CLARKSON
UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
411 WEST FOURTH STREET, SUITE 5130 /
COURTROOM 5C
SANTA ANA, CA 92701-4593

**VIA EMAIL – PER DEBTOR'S REQUEST:**
**DEBTOR**
JAMIE LYNN GALLIAN
jamiegallian@gmail.com

**DEBTOR – VIA OVERNIGHT DELIVERY**
JAMIE LYNN GALLIAN
16222 MONTEREY LN UNIT 376
HUNTINGTON BEACH, CA 92649

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| January 28, 2025 | Layla Buchanan | /s/ Layla Buchanan |
|---|---|---|
| Date | Printed Name | Signature |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012    **F 9013-3.1.PROOF.SERVICE**

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: CONTINUED:
   - **ATTORNEY FOR CREDITOR AND PLAINTIFF HOUSER BROS. CO. and CREDITOR HOUSER BROS. CO. DBA RANCHO DEL REY MOBILE HOME ESTATES:** Bradford Barnhardt bbarnhardt@marshackhays.com, bbarnhardt@ecf.courtdrive.com, kfrederick@ecf.courtdrive.com
   - **ATTORNEY FOR CREDITOR AND PLAINTIFF HOUSER BROS. CO. and CREDITOR HOUSER BROS. CO. DBA RANCHO DEL REY MOBILE HOME ESTATES:** Aaron E DE Leest adeleest@DanningGill.com, danninggill@gmail.com; adeleest@ecf.inforuptcy.com
   - **ATTORNEY FOR CREDITOR AND PLAINTIFF THE HUNTINGTON BEACH GABLES HOMEOWNERS' ASSOCIATION:** Robert P Goe kmurphy@goeforlaw.com, rgoe@goeforlaw.com; goeforecf@gmail.com
   - **CHAPTER 7 TRUSTEE JEFFREY I GOLDEN (TR):** Jeffrey I Golden (TR lwerner@wgllp.com, jig@trustesolutions.net; kadele@wgllp.com
   - **ATTORNEY FOR CREDITOR AND PLAINTIFF HOUSER BROS. CO. and CREDITOR HOUSER BROS. CO. DBA RANCHO DEL REY MOBILE HOME ESTATES:** D Edward Hays ehays@marshackhays.com, ehays@ecf.courtdrive.com; kfrederick@ecf.courtdrive.com; cmendoza@marshackhays.com; cmendoza@ecf.courtdrive.com
   - **ATTORNEY FOR CREDITOR AND PLAINTIFF THE HUNTINGTON BEACH GABLES HOMEOWNERS' ASSOCIATION:** Brandon J Iskander biskander@goeforlaw.com, kmurphy@goeforlaw.com
   - **ATTORNEY FOR TRUSTEE JEFFREY I GOLDEN (TR):** Eric P Israel eisrael@DanningGill.com, danninggill@gmail.com; eisrael@ecf.inforuptcy.com
   - **INTERSTED PARTY COURTESY NEF: Shantal Malmed**     shantal.malmed@gmlaw.com, cheryl.caldwell@gmlaw.com
   - **INTERESTED PARTY COURTESY NEF: Shantal Malmed**    , cheryl.caldwell@gmlaw.com
   - **ATTORNEY FOR CREDITOR AND PLAINTIFF HOUSER BROS. CO. and CREDITOR HOUSER BROS. CO. DBA RANCHO DEL REY MOBILE HOME ESTATES:** Laila Masud lmasud@marshackhays.com, lmasud@ecf.courtdrive.com; kfrederick@ecf.courtdrive.com
   - **ATTORNEY FOR DEFENDANT RANDALL L NICKEL:** Mark A Mellor mail@mellorlawfirm.com, mellormr79158@notify.bestcase.com
   - **INTERESTED PARTY COURTESY NEF:** Valerie Smith claims@recoverycorp.com
   - **U.S. TRUSTEE:** United States Trustee (SA) ustpregion16.sa.ecf@usdoj.gov

4903-7392-5900, v. 1

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*    **F 9013-3.1.PROOF.SERVICE**