# EXHIBIT 1

**GALAXY HOMES**
2431 N Tustin Ave Unit L
Santa Ana, CA 92705
833.459.9467

# PURCHASE AGREEMENT - RESALE MANUFACTURED HOME
(Offer and Acceptance)

NOTICE: THIS FORM IS COPYRIGHTED BY M&M FORMS. REPRODUCTION OF ALL OR PART IS STRICTLY FORBIDDEN

Hunt. Beach _____, California, dated 11-19-24

Received from  RICHARD HERR _____, hereinafter called Buyer, the sum of
_____ dollars ($ 1000.00 ) evidenced by ☐ Cash ☑ ) Check, or
☐ One Thousand Dollars _____ payable to SELLERS CHOICE _____, as deposit on account of
purchase price of _____ ($ 275000 ) for the purchase of manufactured home
located at 16222 Monterey Lane 376 , City of Hunt. Beach _____, Zip Code 92649 , County of Orange _____,
California in Rancho Del Rey _____ Mobilehome Park, Space # 376 . APN. Said deposit to be
increased by $ _____ to a total of $ _____ no later than _____.

## DESCRIPTION OF MANUFACTURED HOME

Make SKYLINE , Model CUSTOM VILLA , Year 2014 , Net size 60 x 30 , Expando _____ x _____, Tag _____ x _____.
Screen Enclosure (not a habitable room) _____ x _____. Other _____. This unit was measured ☑ Yes ☐ No
Serial Numbers:      DOH/HUD Numbers:      Decal Number LBM1081  Year 2006
AC7V710394GB/GA      PFS1130282      or  LPT Decal Number _____
_____      PFS1130281
_____

1. Together with all built-in appliances, heating units, water heater, and the following: ☑ skirting, ☑ awnings, ☑ steps, ☑ decks,
☑ porches, ☐ air conditioner, ☐ air cooler, ☑ shed(s), ☐ existing tacked down or permanent carpeting, ☐ window coverings,
☑ refrigerator, ☑ free-standing stove, ☑ washer, ☑ dryer, ☑ fire & smoke alarms, ☑ light fixtures, ☑ in-ground shrubs and
trees, ☐ other _____
2. ☑ This is a cash sale, or ☐ this offer is contingent upon Buyer providing Seller with evidence of loan approval within_____
working days from date of Seller's acceptance of this offer.
3. This offer is contingent upon the Buyer and Manufactured Home qualifying for park tenancy within _____ working days from date of
acceptance of this offer.
4. Buyer acknowledges that Registered Owner is not assigning or subletting the space occupied by the manufactured home in its
present location.
5. Buyer must negotiate a tenancy agreement with the Mobilehome Park Management. Failure of approval of tenancy shall terminate
this agreement.

Buyers'/Sellers' Initials
6. _____/_____ Health & Safety inspection: ☑ Yes ☐ No. Inspection fee to be paid by ☑ Buyer ☐ Seller ☐ Split 50/50.
7. _____/_____ Health & Safety repairs to be paid by seller.
8. _____/_____ Structural pest control inspection: ☑ Yes ☐ No. Inspection fee to be paid by: ☐ Buyer ☑ Seller ☐ Split 50/50.
9. _____/_____ Structural pest control repairs, Section One only, to be paid by seller.
10. _____/_____ Home warranty: ☐ Yes ☑ No  Company _____, To be paid for by: ☐ Buyer ☐ Seller ☐ Split 50/50.
11. _____/_____ Park-required upgrades to be paid by: ☑ Buyer ☐ Seller.
12. _____/_____ Escrow and title fees to be paid by: ☑ Buyer ☐ Seller ☐ Split 50/50.
13. Estimated date of close of escrow is 30 DAYS _____.
14. Possession shall be given to Buyer: ☑ On close of escrow, ☐ not later than _____ calendar days after close of escrow,
or ☐ _____
15. Registered owner represents:  (a) the property and improvements thereon shall be in the same general condition on the date of
possession by Buyer as upon acceptance of this agreement and,  (b) that all appliances and mechanical apparatus are in working order,
(c) roof is free of leaks,  (d) all cracked or broken glass, including windows, mirrors and shower and tub enclosures will be replaced,
(e) Seller is responsible for the repair of any leaks of plumbing, showers and tub enclosures and for any permits and repairs for
alterations or modifications required by the Department of Housing and Community Development.
16. The wheels, wheelhubs, tires, towbars, and axles are NOT included in the sales price.
17. Title to be free of liens and encumbrances, recorded, filed, registered, or known to Seller.
18. Title vesting to be determined in escrow by Buyer.
19. Evidence of title shall be in the form of a duly endorsed, dated, and delivered Certificate of Ownership and delivery of current
Registration Certificate as required by the Department of Housing and Community Development.
20. A document fee, if charged, is not a government fee.
21. Buyer acknowledges that present or future movement of the manufactured home is subject to the then current regulations of the
Department of Transportation and the legal owner.
22. If the manufactured home is destroyed or materially damaged prior to close of escrow, on demand of Buyer any deposit made by
Buyer shall be returned to Buyer, except for _____, and this contract thereupon shall terminate.
23. If action is instituted to enforce this agreement, the prevailing party shall receive reasonable attorney's fees.

Buyers'/Sellers' Initials
_____/_____      Form 101, Rev. 7/2016 Page 1 of 2 pages

REORDER FROM: M&M Forms 866-805-FORM

33

Manufactured Home Address  16222 Monterey Lane HB 92649

24. Space rent, utilities, license fees, and property tax shall be prorated: ☑ as of close of escrow, or ☐ _____

25. The total price listed on page one includes accessories, structures, and/or services to be supplied by dealer. Prices and descriptions for each are: _____

26. The name, business address, and license number of the installation contractor, if any, are as follows:

27. The following agency relationships are hereby confirmed for this transaction:
Listing Office  COLDWELL BANKER   is the agent of:        Selling Office  Galaxy Homes        is the agent of:
☑ The Registered Owners exclusively, or              ☑ The Buyers exclusively, or
☐ Both Registered Owners and Buyers.               ☐ Both Registered Owners and Buyers.

28. Additional terms:  Seller to provide clear termite report-Buyer to obtain property inspection-Buyer to obtain park approval-seller to address all fire-health and safety-

## NOTICE TO BUYER:

**A. Do NOT sign the purchase agreement before you read it, or if it contains any blank spaces to be filled in.**
**B. You are entitled to a completely filled-in copy of this agreement and, if purchasing a manufactured home covered by a warranty, a copy of the warranty.**

Complaints concerning the purchase of the manufactured home shall be referred to the dealer and, if the complaint is not resolved, may be referred to the Department of Housing and Community Development, Division of Codes and Standards, Occupational Licensing, Post Office Box 278690, Sacramento, CA 95812, telephone (800) 952-5275.

Agent:  David Guarino                        Dealership  Galaxy Homes
Address  2431 N. Tustin Ave. L Santa Ana CA 92705
                                           Telephone  833-459-9467

**The undersigned Buyer offers and agrees to buy the above described manufactured home on the terms and conditions above stated and acknowledges receipt of a copy hereof.** Unless acceptance is signed by Registered Owner(s) and a signed copy delivered in person, by mail, or facsimile, and received by Buyer at the address below, or by David Guarino
who is authorized to receive it on behalf of Buyer, by _____ (date and time), this offer shall be deemed revoked and the deposit shall be returned. TIME IS OF THE ESSENCE IN THIS CONTRACT. This agreement and any supplement, addendum, or modification relating hereto, including any photocopy or facsimile thereof, may be executed in two or more counterparts, all of which shall constitute one and the same writing. ☐ YES ☑ NO   THE FOLLOWING ADDENDUMS ARE INCLUDED IN THIS AGREEMENT: _____

Buyer: _____  Address: _____

Buyer: _____  Telephone: _____  Email: _____

## REGISTERED OWNERS' ACCEPTANCE:

The undersigned Registered Owner accepts the foregoing offer and agrees to sell the manufactured home described thereon on the terms and conditions set forth, or if checked, ☐ SUBJECT TO ATTACHED COUNTER OFFER DATED _____
The undersigned has employed _____ (Listing Dealer) and _____ (Selling Dealer) and agrees to pay for services the sum of _____ dollars ($_____) as commission. Commission shall be split _____ to Listing Dealer and _____ to Selling Dealer, payable as follows: (a) upon close of escrow, or (b) if completion of sale is prevented by default of Registered Owner, upon Registered Owners' default. If action is instituted to enforce this agreement, the prevailing party shall receive reasonable attorney's fees.

Seller _____ Date _____    Seller _____ Date _____
Listing Agent _____          Selling Agent _____
Dealership _____             Dealership _____

ACKNOWLEDGEMENT OF RECEIPT: Buyer or authorized agent hereby acknowledges receipt of signed Acceptance on
(date) _____ at _____ AM/PM.  (Initials) _____ .



**GALAXY HOMES**
2431 N Tustin Ave Unit L
Santa Ana, CA 92705
833.459.9467

**376**

NOTICE: THIS FORM IS COPYRIGHTED AND REPRODUCTION OF ALL OR PART IS STRICTLY FORBIDDEN.

## MANUFACTURED HOME PURCHASE ORDER AND FEDERAL DISCLOSURE STATEMENT

PURCHASER: Richard Herr                                           DATE: 8/24/2024
ADDRESS: 2431 N. Tustin Ave L                                     PHONE: (714) 397-4910
CITY: Santa Ana          STATE: CA    ZIP: 92705   SALESPERSON: David Guarino

Subject to the terms and conditions stated on both sides of this agreement Seller agrees to sell and Purchaser agrees to purchase the following MFD./MBL. Home:

| MAKE | MODEL | B. ROOMS | APPROX. (NOT INCL. TOW BAR/EAVES) | ☐ NEW | SITUS |
|---|---|---|---|---|---|
| SKYLINE | CUSTOM VILLA | 2 | L. 60  W. 30 | ☑ USED | 16222 Monterey Lane Huntington Beach 92649 |
| SERIAL NUMBER | APPROX. DEL. DATE | HUD OR HCD NO. | | DT. OF MFG. | |
| AC7V710394GB/GA | | LBM1081 | | | SPACE-376 |

THE COST OF THE MFD./MBL. HOME EXCLUDES THE LISTED PRICES FOR THESE ITEMS:   SQ. FT. LIVING AREA
$ 0 TOW BAR. $ 0 WHEELS. $ 0 WHEEL HUBS. $ 0 TIRES. $ 0 AXLES    1,700    **MFD. HOME PRICE $ 270,000.00**
DATE MFD. ORD.      ESCROW OPEN      STK.# OTHER                  USED HOME SALES TAX, IF ANY. (1ST SOLD PRIOR TO 7/1/80) $

ITEMIZED ACCESSORIES AND THEIR COSTS: (SEE ADDENDUMS)

| | |
|---|---|
| TOTAL ACCESSORIES (OUTSIDE HOME) | $ |
| TOTAL MFG. HOME & ACCESSORIES | $ |
| SALES TAX (ITEMS NOT INTEGRAL TO HOME) | $ |
| FOUNDATION SYSTEM / TIE DOWNS | $ |
| DELIVERY | $ |
| SET UP | $ |
| HCD FEES | $ 186.00 |
| INSURANCE PREMIUM (ONLY IF SOLD BY DEALER) | $ |
| ESCROW FEES | $ 750.00 |
| LENDER FEES | $ |
| OTHER / PRE PAID TAXES | $ |
| DOC. FEE (NOT A GOVERNMENTAL CHARGE) | $ |
| **1. TOTAL CASH PRICE** | $ 270,936.00 |

**DESCRIPTION OF TRADE-IN**

| NAME | MODEL | | BEDROOMS |
|---|---|---|---|
| TITLE NO. | SERIAL NO. | | COLOR |
| AMOUNT OWING | | | ACCOUNT NO. |
| TO WHOM: | | | |
| ADDRESS/PHONE | | | |

THE MANUFACTURER STATES THAT INSULATION HAS BEEN INSTALLED IN THIS HOME AS FOLLOWS: (NEW ONLY)

| | TYPE | THICKNESS | 'R' FACTOR |
|---|---|---|---|
| ROOF | | | |
| EXTERIOR WALLS | | | |
| FLOOR | | | |

| | | |
|---|---|---|
| ALLOWANCE ON TRADE-IN | $ | |
| LESS BAL. DUE ABOVE | $ | |
| NET ALLOWANCE | $ | |
| PAID HEREWITH | $ | |
| CASH BEFORE DEL. | $ | |
| DESIGNATED DEPOSIT (INC. IN DN. PMT) | $ 1000.00 | |
| **2. LESS BUYERS DOWN PAYMENT** | | $ 1,000.00 |
| **3. UNPAID BAL. ON CASH SALES PRICE** | | $ 269,936.00 |
| **4. FINANCE CHARGE** | | $ |
| **5. ANNUAL PERCENTAGE RATE** | % | |
| **6. TOTAL PAYMENT AMOUNT (3+4)** | | $ |
| **7. UNPAID BALANCE DUE PRIOR TO DEL.** | | $ |
| **8. TOTAL DEFERRED PAYMENT PRICE (2+6)** | | $ |
| PAYABLE AS FOLLOWS: | | |

**WARNING** – Unless a charge is included in this Agreement for Public Liability or Property Damage Insurance, Payment for such Coverage is not provided by this agreement.

"If the dealer is also licensed as a real estate broker, the sale of a manufactured home or mobilehome being installed on a foundation system pursuant to Section 18551 may be included in the purchase document for the underlying real property, provided that the requirements of HSC SEC. 18035.3 are met."

THE DEALER CERTIFIES THAT THE
INSTALLATION CONTRACTOR IS:
NAME                          LIC. #
BUSINESS ADDRESS
CITY                       CA   ZIP
A Contractor is required by law to be licensed and regulated by the Contractors State License Board, P.O. Box 26000 Sacramento, CA 95827.

In the event the manufactured home cannot be delivered "and/or" inspection completed within the agreed delivery time due to nonperformance by the buyer, buyer agrees to one of the following at the option of the seller, either (1) to pay $ 0 _____ charges per day until a manufactured home installation acceptance or certificate of occupancy is obtained in additionto all other consideration owing or (2) pay the sum of $ 0 _____ in lieu of total consideration.

**NOTICE TO BUYER:** (A) DO NOT SIGN THE PURCHASE AGREEMENT BEFORE YOU READ IT OR IF IT CONTAINS ANY BLANK SPACES TO BE FILLED IN. (B) YOU ARE ENTITLED TO A COMPLETELY FILLED-IN COPY OF THAT AGREEMENT AND, IF PURCHASING A MANUFACTURED/MOBILE HOME COVERED BY A WARRANTY, A COPY OF THE WARRANTY. Complaints concerning the purchase shall be referred to the dealer and, if the complaint is not resolved, may be referred to the Department of Housing and Community Development, Division of Codes and Standards, Occupational Licensing, Post Office Box 278690, Sacramento, California 95827-8690 (telephone (800) 952-8356). A failure to disclose pursuant to this section shall not be the basis for recision of a conditional sale contract.

The Manufactured Home that I am purchasing will be used as a residence. I further certify that I understand that if subject Manufactured Home is used for any purpose other than a residence, I may be liable, to the State Board of Equalization, for the tax measured by the amount excluded pursuant to this certificate.
PURCHASER _____   DATE _____

**RECEIPT OF A FILLED-IN COPY OF THIS AGREEMENT IS HEREBY ACKNOWLEDGED BY PURCHASER**
The Purchase Order is subject to credit approval and is not binding unless signed by an authorized representative of lender. Purchaser certifies that he is of legal age, and agrees to sign a Security Agreement according to the terms herein. In the event payoff figures on a trade-in toward the purchase of a Manufactured or Mobile Home are more than quoted by the Purchaser, the Purchaser hereby agrees to pay this excess on demand.
   ALL TERMS AND CONDITIONS SET FORTH ON THE REVERSE OF THIS AGREEMENT ARE INCORPORATED HEREIN AND ARE FULLY APPLICABLE
► AS THOSE SET FORTH ON THE FRONT SIDE OF THIS AGREEMENT. ◄

SELLER: _____   PURCHASER: _____
SELLER: _____   PURCHASER: _____
AUTHORIZED REPRESENTATIVE OF DEALER            DATE: _____ 20 _____

## PURCHASE AND SALE AGREEMENT

This agreement is intended to set forth a contract for the purchase by Richard Herr (the "Buyer"), from Jeffrey I. Golden, solely in his capacity as the Chapter 7 Trustee for the bankruptcy estate of Jamie Lynn Gallian (the "Trustee" or "Seller"), of the 2014 Skyline Custom Villa manufactured home, decal no. LBM 1081 (the "Property") currently located at 16222 Monterey Lane Space 376 Huntington Beach CA 92649 (the "Space"). When executed below, the agreement (the "Agreement") will constitute conclusive evidence of the contract for the sale and purchase of the Property and replace in its entirety the offer dated November 19, 2024, and any oral or written negotiations prior to or since then.

1.      The purchase price for the Property shall be $275,000. The initial deposit shall be $8,250.00 An executed copy of this Agreement shall be delivered to the Trustee upon acceptance of this Agreement by the Buyer. Escrow instructions corresponding to the terms of this agreement shall be signed by the parties within five (5) business days after the date of execution of this agreement. The deposit shall be non-refundable after the Due Diligence Date. The Buyer's deposit shall be fully refundable until the Due Diligence Date (defined below) and thereafter deemed liquidated damages if the transaction fails to close as a result of the Buyer's default and otherwise will be applied to the purchase price upon closing. Escrow holder shall be Erika Baker at West Coast Escrow, 840 Newport Center Drive, Suite 150, Newport Beach, CA 92660, phone (949) 759-7072, fax (303) 323-6638, email Erika.Baker@westcoastwescrow.com and teamnewport@westcoastescrow.com.

2.      The Trustee does not have a ground lease at the Space, but the homeowners association (the "HOA") advises that it will execute a new ground lease with any qualified buyer. The Buyer is to make arrangements directly with the HOA for the Space if needed.

3.      The sale shall not include any personal property within the Property. Without limitation, the following are not included in the sale: washing machine, drier, refrigerator, stove.

4.      The Buyer shall have 21 days from the date of execution of this Agreement to perform and complete all contingencies, inspections, investigations, tests and reviews of reports and complete all due diligence which the Buyer believes to be required for the purchase of the Property, including but not limited to any feasibility studies, financing contingencies (the "Due Diligence Date"). The sale is not contingent upon the acquisition of any financing by the Buyer. The Buyer at the end of the Due Diligence Period may advise the Seller in writing of his election to withdraw from this agreement and receive a full refund on the deposit; otherwise, silence shall be deemed acceptance. After expiration of that time period, the Seller shall file a motion to confirm this sale with the Bankruptcy Court for the Central District of California (the "Bankruptcy Court").

5.      The sale shall be "as is" and "where is" with no warranty or recourse whatsoever. Transfer of the Property shall be by Trustee's Quitclaim Deed. The Trustee has neither seen nor inspected the Property or determined its fitness for any particular use. It is acknowledged that Mr. Golden is a party to this agreement solely in his capacity as the Trustee and not in his personal capacity. The Trustee at close will deliver the Property to the Buyer without any occupants.

1781090.1  27064

6.      The Seller shall convey the Property free and clear of all liens, subject only to the terms of the within contract of sale. The Buyer shall be free to assign this contract to another, but in that event the Buyer shall remain liable hereunder in the event that the assignee fails to perform.

7.      The Buyer acknowledges that sale of the Property is subject to notice to creditors, entry of an order approving the sale by the Bankruptcy Court, and higher and better bids through and including the hearing to approve the sale. Payment of any and all real estate broker's commissions is also subject to notice to creditors and approval by the Bankruptcy Court. Payment of any commission to the Trustee's real estate broker is also subject to approval of the Bankruptcy Court. Unless both Parties waive in writing this provision, the closing shall take place not more than thirty (30) but not less than fifteen (15) calendar days after the date of entry of the order approving the sale.

8.      If any law or local ordinance requires as a condition of sale or transfer that the Property be brought into compliance with minimum energy conservation standards, that smoke detectors be installed or that water heaters be strapped, the Buyer shall comply with and pay for these requirements at the Buyer's sole expense. The Seller will not deliver to the Buyer a written statement of compliance with any applicable state and local law or sign any disclosures. The Buyer is responsible for any required government retrofitting. It is the Buyer's responsibility to complete any and all retrofitting or city reports if they are required. The Trustee will not pay for any termite report or repairs.

9.      All allowable assessments and real property taxes shall be prorated through the closing date to the applicable accounts of the Seller and the Buyer. The sale shall be free and clear of all real property taxes enforceable against the Property through the date of closing of the sale. Escrow fees shall be split between the Buyer and the Seller, and the Seller shall pay any real property transfer tax. Except as otherwise set forth herein, the Buyer shall bear the expense of all other reports or inspections.

10.     The Seller is represented by Coldwell Banker Realty (the "Seller's Broker"). The Buyer is represented by Galaxy Homes (the "Buyer's Broker"). The Seller's Broker and the Buyer's Broker are collectively referred to as the "Brokers." Subject to Court approval, the Seller will pay a real estate broker's commission of 6% of the sale price of the Property to the Brokers as follows: 3.0% to Coldwell Banker Realty, as Seller's Broker in connection with the closing of this sale; and 3.0% to Galaxy Homes, , as the Buyer's Broker in connection with the closing of this sale. No commission shall be due or payable except from the cash proceeds of an actual sale of the Property to the Buyer.

11.     The Parties each represent that they have the power and authority to enter into this agreement, except that the Trustee's authority is subject to Court approval.

17781090.1  27064

12.     The Buyer's sole remedy in the event that escrow fails to close as a result of the Seller's inability to close escrow shall be a refund of the deposit in full. In the event the Buyer fails to perform by reason of the Buyer's default, the deposit of $8,550 may be retained by the Seller as liquidated damages without further legal action.

_____ [Buyer's initials]

13.     The Bankruptcy Court for the Central District of California shall have jurisdiction to interpret and enforce the terms of this agreement. This agreement shall be construed pursuant to the laws of the State of California and the United States Bankruptcy Code.

14.     This Agreement shall expire if not accepted on or before December 3, 2024, at 5:00 p.m. Pacific Time.

15.     This Agreement is binding upon and shall inure to the benefit of the parties hereto, and their respective attorneys, agents, heirs, administrators, predecessors, successors and assigns.

16.     This Agreement constitutes the entire agreement between the Parties hereto pertaining to the subject matter hereof and supersedes all prior and contemporaneous agreements and other writings between the parties. No supplement, modification, waiver or termination of this Agreement shall be binding unless executed in writing by the Parties to be bound thereby

DATED: November ___, 2024              "SELLER"

Jeffrey I. Golden, Chapter 7 Trustee for the
Bankruptcy Estate of Jamie Lynn Gallian

AGREED AND ACCEPTED:

DATED: November ___, 2024              "BUYER"

Richard Herr

17811090.1  27064

38

Docusign Envelope ID: 4BB72358-FF50-402C-A9AA-3850A01924C2
Docusign Envelope ID: 430A71BF-E941-4552-92D8-CD71D66B0CD3

**ASSIGNMENT OF AGREEMENT AMENDMENT**

ASSOCIATION
OF REALTORS®

(C.A.R. Form AOAA, Revised 6/24)

The following terms and conditions are hereby incorporated in and made a part of the Purchase Agreement, OR ☒ Other
**_Purchase and Sale Agreement_**, dated **_12/03/2024_** ("Agreement"),
on property known as **_16222 Monterey Ln.  #376, Huntington Beach, CA  92649_** ("Property"),
between **_Richard Herr_** ("Buyer")
and **_Jeffrey I. Golden, Chapter 7 Trustee_** ("Seller").
Buyer and Seller are referred to as the "Parties."

In consideration, of the covenants contained herein, Buyer hereby assigns to assignee and assignee accepts the assignment, subject to Seller's consent if required by the Agreement, of all or a partial interest of Buyer's right, title, and interest under the Agreement, including without limitation, the right, title, and interest in any deposit or down payment upon the following terms and conditions:

1. **PARTIAL OR TOTAL ASSIGNMENT:**
   A. ☐ **Partial Assignment (Adding a buyer):** Buyer is adding the Assignee(s) named below to the Agreement and granting to such Assignee(s) a partial interest in the Agreement.
   OR B. ☒ **Total Assignment (New buyer(s) replaces all original Buyers):** Buyer is assigning all of Buyer's interest in the Agreement to the Assignee(s) named below.
   OR C. ☐ **Other Assignment (Replacing a Buyer and at least one original Buyer remaining; or Deleting a Buyer):**
   _____ (buyer(s) being removed) is assigning all of that buyer(s) interest in the Agreement to the new or remaining buyer(s) (Assignee(s)) named below.
   D. **Assignee(s) Names:** _Galaxy Homes_ , _____ , _____ .
   E. ☐ Assignee is Buyer's own trust or a wholly-owned entity of Buyer.
2. **PRIOR DOCUMENTS:** Assignee shall initial the first page of each document and Deliver to Seller all of the transaction documents previously approved by Buyer including, but not limited to, all contract documents, inspection reports, pamphlets, advisories, and disclosures ("Prior Documents") within the time specified below. Unless Otherwise Agreed, Assignee acknowledges that all time frames in the Agreement remain the same and no additional time shall be provided for any matter including, but not limited to, investigation, review of documents, or Close Of Escrow.
   A. **DELIVERY OF PRIOR DOCUMENTS:**
      (1) **Prior Documents already delivered to Assignee:** Assignee acknowledges that Buyer has already provided Assignee all Prior Documents.
   OR (2) ☐ **Prior Documents not yet delivered to Assignee:** Seller shall Deliver to Buyer and Assignee a seller-signed copy of this Assignment of Agreement Addendum ("Assignment"). Upon receipt of the seller-signed Assignment, Buyer shall immediately Deliver to Assignee all Prior Documents.
      B. **PREQUALIFICATION OR PREAPPROVAL OF ASSIGNEES:** Assignee has been prequalified or preapproved by Buyer's lender as per the Agreement and a copy is attached. This requirement applies even if 1E is checked.
      C. **TIME TO RETURN ASSIGNEE-INITIALED PRIOR DOCUMENTS:**
         (1) Initialed copies of all Prior Documents are attached to this Assignment.
      OR (2) ☐ Assignee shall Deliver initialed copies of all Prior Documents to Seller within 3 (or ____) Days after Seller Delivers to Assignee a Signed Copy of this Assignment.
         (3) If 1E is checked, Delivery and Return of Prior Documents is not required because Assignee is Buyer's own trust or a wholly-owned entity of Buyer.
      D. **EFFECT OF FAILURE TO RETURN OR ATTACH DOCUMENTS:** Seller, after first Delivering a Notice to Buyer to Perform, may cancel this Assignment and the Assignment shall have no further force and effect:
         (1) **Prior Documents:** If Assignee does not Deliver to Seller all Prior Documents within the time specified in 2C.
         (2) **Prequalification or preapproval:** If Assignee does not attach same prequalification or preapproval from Buyer's lender as required by Buyer.
3. **CONSIDERATION FOR ASSIGNMENT:**
   A. Buyer has not received and will not receive any monetary consideration from Assignee for this Assignment.
   OR B. ☐ Buyer has received or will receive consideration from Assignee in the amount of $_____ (or ☐ _____ ).
4. Assignee represents for the benefit of Seller that Assignee ratifies and approves as Assignee's own acts all prior approvals and acts of Buyer pursuant to the Agreement up to and including the date of this Assignment.
5. Assignee assumes and agrees to perform and observe all of the obligations and covenants of Buyer in the Agreement to be performed after the date of this Assignment.
6. Buyer acknowledges and agrees that, notwithstanding Seller's agreement to this Assignment, Buyer is not released from any obligations or covenants under the Agreement.
7. Other terms: _____

© 2024, California Association of REALTORS®, Inc.

**AOAA REVISED 6/24 (PAGE 1 OF 2)**

**ASSIGNMENT OF AGREEMENT AMENDMENT (AOAA PAGE 1 OF 2)**

Coldwell Banker Residential, 840 Newport Center Dr., Suite 100    Newport Beach CA 92660    Phone: 5623350145    Fax: 5624152614    16222 Monterey
Greg Bingham    Produced with Lone Wolf Transactions (zipForm Edition) 717 N Harwood St, Suite 2200, Dallas, TX 75201  www.lwolf.com

Docusign Envelope ID: 430A71BF-E941-4552-92D8-CD71D66B0CD3

8.   Without releasing Buyer from any obligations or covenants under the Agreement and preserving all rights and remedies under the Agreement, in consideration of the covenants contained herein, Seller consents to the foregoing Assignment.

9.   The parties acknowledge and agree that they have been advised to review this Assignment with a qualified California real estate attorney and/or accountant prior to signing this Assignment. The Brokers and agents make no representation as to the propriety, adequacy, legality or tax consequences of this Assignment.

By signing below, Buyer assigns the Agreement to Assignee, and Assignee accepts the assignment from Buyer, and Buyer and Assignee, acknowledge that each has read, understands, received a copy of and agrees to the terms of this Assignment of Agreement Amendment.

12/13/2024

_Richard Herr_

Buyer *Richard Herr* 20B33990485..                              Date

_____                              _____
Buyer                                                         Date

☒ ENTITY ASSIGNEE: (Note: If this paragraph is completed, a Representative Capacity Signature Disclosure (C.A.R. Form RCSD) is not required for the Legally Authorized Signers designated below.)

(1)  One or more Assignees is a trust, corporation, LLC, probate estate, partnership, holding a power of attorney or ☐ Other: _____.

(2)  This Agreement is being Signed by a Legally Authorized Signer in a representative capacity and not for him/herself as an individual. The Legally Authorized Signer **(i)** represents that the entity for which that person is acting already exists and is in good standing to do business in California and **(ii)** shall Deliver to Seller and Escrow Holder, within **3 Days** of signing, evidence of authority to act in that capacity.

(3)  The name(s) of the Legally Authorized Signer(s) is: R i c h a r d   H e r r.

(4)  A.  If a trust, identify Assignee as trustee(s) of the trust or by simplified trust name (ex. John Doe, co-trustee, Jane Doe, co-trustee or Doe Revocable Family Trust).

B.  If Property is sold under the jurisdiction of a probate court, identify Assignee as executor or administrator, or by a simplified probate name (John Doe, executor, or Estate (or Conservatorship) of John Doe).

(5)  The following is the full name of the entity (if a trust, enter the complete trust name; if under probate, enter full name of the estate, including case #): _____.

ASSIGNEE SIGNATURE(S): Signed by:

(Signature) By, _Richard Herr_                              Date: 12/13/2024

Printed name of ASSIGNEE: G a l a x y   H o m e s

☒ Printed Name of Legally Authorized Signer: R i c h a r d   H e r r   Title, if applicable: P r e s i d e n t

(Signature) By, _____   Date: _____

Printed name of ASSIGNEE:

☐ Printed Name of Legally Authorized Signer: _____   Title, if applicable: _____

☐ IF MORE THAN TWO SIGNERS, USE Additional Signature Addendum (C.A.R. Form ASA)

By signing below, Seller consents to the assignment and acknowledges that Seller has read, understands, received a copy of and agrees to the terms of this Assignment of Agreement Amendment.

12/16/24

_____                              Date
Seller *Jeffrey I. Golden, Chapter 7 Trustee*

_____                              _____
Seller                                                       Date

ASSIGNMENT NOT ACCEPTED: _____/_____. This assignment was NOT accepted by Seller on _____ (date).
Seller Initials

Seller's right to disapprove an assignment, if applicable, is established in the Agreement.

© 2024, California Association of REALTORS®, Inc. United States copyright law (Title 17 U.S. Code) forbids the unauthorized distribution, display and reproduction of this form, or any portion thereof, by photocopy machine or any other means, including facsimile or computerized formats. THIS FORM HAS BEEN APPROVED BY THE CALIFORNIA ASSOCIATION OF REALTORS®. NO REPRESENTATION IS MADE AS TO THE LEGAL VALIDITY OR ACCURACY OF ANY PROVISION IN ANY SPECIFIC TRANSACTION. A REAL ESTATE BROKER IS THE PERSON QUALIFIED TO ADVISE ON REAL ESTATE TRANSACTIONS. IF YOU DESIRE LEGAL OR TAX ADVICE, CONSULT AN APPROPRIATE PROFESSIONAL. This form is made available to real estate professionals through an agreement with or purchase from the California Association of REALTORS®.
Published and Distributed by: REAL ESTATE BUSINESS SERVICES, LLC. *a subsidiary of the California Association of REALTORS®*
AOAA REVISED 6/24 (PAGE 2 OF 2)



**ASSIGNMENT OF AGREEMENT AMENDMENT (AOAA PAGE 2 OF 2)**

Produced with Lone Wolf Transactions (zipForm Edition) 717 N Harwood St, Suite 2200, Dallas, TX 75201   www.lwolf.com          16222 Monterey



# EXHIBIT 2

1   ERIC P. ISRAEL (State Bar No. 132426)
    *eisrael@DanningGill.com*
2   DANNING, GILL, ISRAEL & KRASNOFF, LLP
    1901 Avenue of the Stars, Suite 450
3   Los Angeles, California 90067-6006
    Telephone:   (310) 277-0077
4   Facsimile:   (310) 277-5735

5   Attorneys for Jeffrey I. Golden,
    Chapter 7 Trustee

6

7            **UNITED STATES BANKRUPTCY COURT**

8              **CENTRAL DISTRICT OF CALIFORNIA**

9                   **SANTA ANA DIVISION**

10

| 11 | In re | Case No. 8:21-bk-11710-SC |
|----|-------|---------------------------|
| 12 | JAMIE LYNN GALLIAN, | Chapter 7 |
| 13 | | **ORDER GRANTING TRUSTEE'S APPLICATION TO EMPLOY REAL ESTATE BROKER COLDWELL BANKER REALTY AND AGENTS WILLIAM FRIEDMAN AND GREG BINGHAM PURSUANT TO 11 U.S.C. §§ 327 AND 328 (*DOCKET NO. 395*)** |
| 14 | Debtor. | |
| 15 | | |
| 16 | | |
| 17 | | Date:   August 27, 2024 |
| 18 | | Time:   1:30 p.m.<br>Place:   Courtroom "5C"<br>       411 W. 4th Street |
| 19 | | Santa Ana, CA |

20

21          On August 27, 2024, at 1:30 p.m., there came before the Court for hearing the *Trustee's*

22   *Application to Employ Real Estate Broker Coldwell Banker Realty and Agents William Friedman*

23   *and Greg Bingham Pursuant to 11 U.S.C. §§ 327 and 328 (docket no. 395)* (the "Application")

24   filed by Jeffrey I. Golden, the Chapter 7 trustee herein (the "Trustee"), the Honorable Scott C.

25   Clarkson, United States Bankruptcy Judge, presiding.  Appearing for the Trustee was Eric P. Israel

26   of Danning, Gill, Israel & Krasnoff, LLP; the Trustee appeared; the Debtor appeared in pro per;

27   and Ed Hays of Marshack Hays LLP appeared for Houser Brothers Co. ("Houser").  No other

28   appearances were made.

1       The Court having read and considered the Application, the Debtor's opposition to the

2  Application (*docket nos. 401, 402 and 403*), the Trustee's reply thereto (*docket no. 408*), the Notice

3  of Joinder filed by Houser in the Application (*docket no. 409*), having heard the oral statements at

4  the hearing including by the Debtor, the Trustee's counsel, and the Trustee's real estate broker,

5  Greg Bingham (the "Trustee's Broker"), and for the reasons set forth by the Court on the record at

6  the hearing, it is hereby

7       ORDERED THAT:

8      1.    The Application is granted in its entirety.

9      2.    The Trustee is authorized to employ Coldwell Banker Realty ("Broker") and its

10  agents William Friedman and Greg Bingham as the bankruptcy estate's real estate agents herein

11  pursuant to the terms and conditions set forth in the Application.

12      3.    The Trustee is authorized to enter into the exclusive listing agreement with the

13  Broker upon the terms and conditions set forth in the Application.

14      4.    The Trustee is authorized to extend, modify (except no increase as to commission),

15  or terminate the agreement, in his sole discretion, without further notice or approval of the Court.

16      5.    The Debtor shall afford the Trustee's Broker unimpeded access to the Property upon

17  24 hours' advance notice to her cell phone.

18                                        ###

23

24  Date: September 5, 2024

                             Scott C. Clarkson
                             United States Bankruptcy Judge

# EXHIBIT 3

Fill in this information to identify your case and this filing:

| | | | |
|---|---|---|---|
| Debtor 1 | **Jamie Lynn Gallian** | | |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the: CENTRAL DISTRICT OF CALIFORNIA

Case number _____

☐ Check if this is an amended filing

## Official Form 106A/B
# Schedule A/B: Property                                                           12/15

In each category, separately list and describe items. List an asset only once. If an asset fits in more than one category, list the asset in the category where you think it fits best. Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

**Part 1:    Describe Each Residence, Building, Land, or Other Real Estate You Own or Have an Interest In**

1. Do you own or have any legal or equitable interest in any residence, building, land, or similar property?

☐ No. Go to Part 2.
☑ Yes. Where is the property?

### Located on APN 178-011-16, Space No. 376

1.1

**16222 Monterey Ln Space #376**
Street address, if available, or other description

**Huntington Beach   CA    92649-0000**
City                        State        ZIP Code

**Orange**
County

Personal Residence of Debtor since 11/1/2018
2014 Skyline Custom Villa Manufactured Home
Decal No. LBM1081
Serial Number AC7V710394GB 56'x15'2"
Serial Number AC7V710394GA 60'x15'2"

**What is the property?** Check all that apply

☐ Single-family home
☐ Duplex or multi-unit building
☐ Condominium or cooperative
☑ Manufactured or mobile home
☐ Land
☐ Investment property
☐ Timeshare
☐ Other _____

**Who has an interest in the property?** Check one

☑ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

Other information you wish to add about this item, such as local property identification number: LPT APN  891-569-62

**Registered Title with HCD Debtor's single member LLC, J-Sandcastle Co, LLC**

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property*.

| Current value of the entire property? | Current value of the portion you own? |
|---|---|
| $235,000.00 | $235,000.00 |

Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.

**Fee simple**

☐ Check if this is community property (see instructions)

2. Add the dollar value of the portion you own for all of your entries from Part 1, including any entries for pages you have attached for Part 1. Write that number here............................................=>

| |
|---|
| **$235,000.00** |

**Part 2:    Describe Your Vehicles**

Do you own, lease, or have legal or equitable interest in any vehicles, whether they are registered or not? Include any vehicles you own that someone else drives. If you lease a vehicle, also report it on *Schedule G: Executory Contracts and Unexpired Leases.*

| Fill in this information to identify your case: | | | |
|---|---|---|---|
| Debtor 1 | **Jamie Lynn Gallian** | | |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse if, filing) | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for the: | CENTRAL DISTRICT OF CALIFORNIA | | |
| Case number | | | ☐ Check if this is an |
| (if known) | | | amended filing |

## Official Form 106D
# Schedule D: Creditors Who Have Claims Secured by Property                12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the Additional Page, fill it out, number the entries, and attach it to this form. On the top of any additional pages, write your name and case number (if known).

1. Do any creditors have claims secured by your property?

☐ No. Check this box and submit this form to the court with your other schedules. You have nothing else to report on this form.

■ Yes. Fill in all of the information below.

### Part 1:    List All Secured Claims

2. List all secured claims. If a creditor has more than one secured claim, list the creditor separately for each claim. If more than one creditor has a particular claim, list the other creditors in Part 2. As much as possible, list the claims in alphabetical order according to the creditor's name.

| | | Column A | Column B | Column C |
|---|---|---|---|---|
| | | **Amount of claim** Do not deduct the value of collateral. | **Value of collateral that supports this claim** | **Unsecured portion** If any |
| | | $0.00 | $235,000.00 | $0.00 |

| 2.1 | **Houser Bros. Co.** | | | | |
|---|---|---|---|---|---|
| | Creditor's Name | **Describe the property that secures the claim:** | | | |
| | **DBA Rancho Del Rey Mobilehome Estates 16222 Monterey Ln Huntington Beach, CA 92649** | **16222 Monterey Ln #376 Huntington Beach, CA 92649  Orange County Registered HCD Title held by Debtor's single member LLC - J-Sandcastle Co, LLC** | | | |
| | Number, Street, City, State & Zip Code | As of the date you file, the claim is: Check all that apply. | | | |
| | | ☐ Contingent | | | |
| | | ☐ Unliquidated | | | |
| | | ☐ Disputed | | | |
| | **Who owes the debt?** Check one. | **Nature of lien.** Check all that apply. | | | |
| | ■ Debtor 1 and another (J-Sandcastle Co, LLC) | ☐ An agreement you made (such as mortgage or secured car loan) | | | |
| | ☐ Debtor 2 only | | | | |
| | ☐ Debtor 1 and Debtor 2 only ☐ At least one of the debtors and another | ☐ Statutory lien (such as tax lien, mechanic's lien) ☐ Judgment lien from a lawsuit | | | |
| | ☐ Check if this claim relates to a community debt | ■ Other (including a right to offset)  **Unexpired term of 80-yr. Ground Leasehold - Tract No. 10542, Unit 4, Space 376.** | | | |

Date debt was incurred  __11/1/2018 ongoing__   Last 4 digits of account number  __0376__

Official Form 106D          Schedule D: Creditors Who Have Claims Secured by Property          page 1 of 4

# EXHIBIT 4

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| JAMIE LYNN GALLIAN<br>16222 MONTEREY LANE UNIT 376<br>HUNTINGTON BEACH, CA 92649<br>714-321-3449<br>JAMIEGALLIAN@GMAIL.COM<br><br><br><br>☒ *Individual appearing without attorney*<br>☐ *Attorney for Debtor* | |

## UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION

| In re:<br>JAMIE LYNN GALLIAN | CASE NO.: 8:21-BK-11710-SC |
|---|---|
| | CHAPTER: 7 |
| | **SUMMARY OF AMENDED SCHEDULES, MASTER MAILING LIST, AND/OR STATEMENTS**<br>**[LBR 1007-1(c)]** |
| Debtor(s) | |

A filing fee is required to amend Schedules D or E/F (see Abbreviated Fee Schedule on the Court's website www.cacb.uscourts.gov). A supplemental master mailing list (do not repeat any creditors on the original) is required as an attachment if creditors are being added to the Schedule D or E/F.
Are one or more creditors being added? ☐ Yes ☒ No

The following schedules, master mailing list or statements (check all that apply) are being amended:

☐ Schedule A/B    ☒ Schedule C    ☐ Schedule D    ☐ Schedule E/F    ☐ Schedule G

☐ Schedule H    ☐ Schedule I    ☐ Schedule J    ☐ Schedule J-2    ☐ Statement of Financial Affairs

☐ Statement About Your Social Security Numbers    ☐ Statement of Intention    ☐ Master Mailing List

☐ Other *(specify)* _____

I/we declare under penalty of perjury under the laws of the United States that the amended schedules, master mailing list, and/or statements are true and correct.

Date: 11/27/2024

*Jamie Lynn Gallian*
Debtor 1 Signature

_____
Debtor 2 (Joint Debtor) Signature (if applicable)

*NOTE:* It is the responsibility of the Debtor, or the Debtor's attorney, to serve copies of all amendments on all creditors listed in this Summary of Amended Schedules, Master Mailing List, and/or Statements, and to complete and file the attached Proof of Service of Document.

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California

December 2015      Page 1      F 1007-1.1.AMENDED.SUMMARY

48

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
16222 MONTEREY LN UNIT 375 HUNTINGTON BEACH, CA 92649

A true and correct copy of the foregoing document entitled (*specify*): **SUMMARY OF AMENDED SCHEDULES, MASTER MAILING LIST, AND/OR STATEMENTS [LBR 1007-1(c)]** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)
_____11/27/2024_____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL:** On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| 11/27/24 | Joseph Clark | *Joseph Clark* |
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California

## ADDITIONAL SERVICE INFORMATION

## 1. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")

Bradford Barnhardt on behalf of Interested Party Courtesy NEF
bbarnhardt@marshackhays.com, bbarnhardt@ecf.courtdrive.com,kfrederick@ecf.courtdrive.com

Bradford Barnhardt on behalf of Plaintiff Houser Bros. Co.
bbarnhardt@marshackhays.com, bbarnhardt@ecf.courtdrive.com,kfrederick@ecf.courtdrive.com

Aaron E. DE Leest on behalf of Trustee Jeffrey I Golden (TR)
adeleest@DanningGill.com, danninggill@gmail.com;adeleest@ecf.inforuptcy.com

Robert P Goe on behalf of Creditor The Huntington Beach Gables Homeowners Association
kmurphy@goeforlaw.com, rgoe@goeforlaw.com;goeforecf@gmail.com

Robert P Goe on behalf of Plaintiff The Huntington Beach Gables Homeowners Association
kmurphy@goeforlaw.com, rgoe@goeforlaw.com;goeforecf@gmail.com

Jeffrey I Golden (TR)
lwerner@go2.law, jig@trustesolutions.net;kadele@go2.law

D Edward Hays on behalf of Creditor Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates
ehays@marshackhays.com,
ehays@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@marshackhays.com;cmend
oza@ecf.courtdrive.com

D Edward Hays on behalf of Interested Party Courtesy NEF
ehays@marshackhays.com,
ehays@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@marshackhays.com;cmend
oza@ecf.courtdrive.com

D Edward Hays on behalf of Plaintiff Houser Bros. Co.
ehays@marshackhays.com,
ehays@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com;cmendoza@marshackhays.com;cmend
oza@ecf.courtdrive.com

Brandon J Iskander on behalf of Creditor The Huntington Beach Gables Homeowners Association
biskander@goeforlaw.com, kmurphy@goeforlaw.com

Brandon J Iskander on behalf of Plaintiff The Huntington Beach Gables Homeowners Association
biskander@goeforlaw.com, kmurphy@goeforlaw.com

Eric P Israel on behalf of Trustee Jeffrey I Golden (TR)
eisrael@DanningGill.com, danninggill@gmail.com;eisrael@ecf.inforuptcy.com

Laila Masud on behalf of Creditor Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates
lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com

Laila Masud on behalf of Interested Party Courtesy NEF
lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                    F 9013-3.1.PROOF.SERVICE

50

Laila Masud on behalf of Plaintiff Houser Bros. Co.
lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;kfrederick@ecf.courtdrive.com

Mark A Mellor on behalf of Defendant Randall L Nickel
mail@mellorlawfirm.com, mellormr79158@notify.bestcase.com

Mark A Mellor on behalf of Interested Party Courtesy NEF
mail@mellorlawfirm.com, mellormr79158@notify.bestcase.com

Valerie Smith on behalf of Interested Party Courtesy NEF
claims@recoverycorp.com

United States Trustee (SA)
ustpregion16.sa.ecf@usdoj.gov

## 2. SERVED BY U.S. MAIL

The Honorable Scott C. Clarkson U.S. Bankruptcy Court
411 W. Fourth Street, Suite 5130 Santa Ana, CA  92701

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                    F 9013-3.1.PROOF.SERVICE

**Fill in this information to identify your case:**

Debtor 1    JAMIE LYNN GALLIAN
_____
First Name        Middle Name        Last Name

Debtor 2
(Spouse, if filing)    First Name        Middle Name        Last Name

United States Bankruptcy Court for the: Central District of California

Case number    8:21-BK-11710-SC
(if known)

☑ Check if this is an
amended filing

Official Form 106C

# Schedule C: The Property You Claim as Exempt

04/22

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. Using the property you listed on *Schedule A/B: Property* (Official Form 106A/B) as your source, list the property that you claim as exempt. If more space is needed, fill out and attach to this page as many copies of *Part 2: Additional Page* as necessary. On the top of any additional pages, write your name and case number (if known).

For each item of property you claim as exempt, you must specify the amount of the exemption you claim. One way of doing so is to state a specific dollar amount as exempt. Alternatively, you may claim the full fair market value of the property being exempted up to the amount of any applicable statutory limit. Some exemptions—such as those for health aids, rights to receive certain benefits, and tax-exempt retirement funds—may be unlimited in dollar amount. However, if you claim an exemption of 100% of fair market value under a law that limits the exemption to a particular dollar amount and the value of the property is determined to exceed that amount, your exemption would be limited to the applicable statutory amount.

### Part 1:    Identify the Property You Claim as Exempt

1. **Which set of exemptions are you claiming?** *Check one only, even if your spouse is filing with you.*

   ☑ You are claiming state and federal nonbankruptcy exemptions. 11 U.S.C. § 522(b)(3)

   ☐ You are claiming federal exemptions. 11 U.S.C. § 522(b)(2)

2. **For any property you list on** *Schedule A/B* **that you claim as exempt, fill in the information below.**

| Brief description of the property and line on *Schedule A/B* that lists this property | Current value of the portion you own<br>Copy the value from *Schedule A/B* | Amount of the exemption you claim<br>*Check only one box for each exemption.* | Specific laws that allow exemption |
|---|---|---|---|
| Brief description: 16222 Monterey Ln. UNIT 376<br>Line from *Schedule A/B*: 1.1 | $ 385,000.00 | ☑ $ 600,000.00<br>☐ 100% of fair market value, up to any applicable statutory limit | CCP § 704.930(a)<br>CCP § 704.720(a)<br>CCP § 704.930<br><br>11 U.S.C. 522(P)(2)(B) |
| Brief description: 16222 Monterey Ln. UNIT 376<br>Line from *Schedule A/B*: 1.2 | $ 185,000.00 | ☑ $ 185,000.00<br>☐ 100% of fair market value, up to any applicable statutory limit | Rollover Sale Proceeds 11/1/2018 to purchase current homestead 2014 manufactured home LBM 1081 |
| Brief description: 16222 Monterey Ln. SPACE 376 "PAD"<br>Line from *Schedule A/B*: 1.3 | $ 200,000.00 | ☐ $ _____<br>☒ 100% of fair market value, up to any applicable statutory limit | 11 U.S.C. § 704.930<br>11 U.S.C.§ 704.930(a)<br>11 U.S.C.§ 704.720(a) |

3. **Are you claiming a homestead exemption of more than $189,050?**
   (Subject to adjustment on 04/01/25 and every 3 years after that for cases filed on or after the date of adjustment.)

   ☐ No

   ☒ Yes. Did you acquire the property covered by the exemption within 1,215 days before you filed this case?

       ☐ No

       ☒ Yes    Previous Homestead acquired 3/22/2027 (Outside 1215 days) 4476 Alderport Huntington Beach, sold primary residence exempt homestead 10/31/18, transferred/rolled-over sale proceeds to purchase current .primary residence 11/1/2018 LBM 1081 2014 Skyline Custom Villa Serial No. AC 7V710394GB/GA 16222 Monterey Ln, Unit 376, 891-569-62

Case 8:21-bk-11710-SC    Doc 539-1    Filed 12/03/25    Entered 12/03/25 14:59:05    Desc
Main Document    Page 2 of 120

| Debtor 1 | JAMIE LYNN GALLIAN | | Case number (if known) 8:21-BK-11710-SC |
| | First Name    Middle Name    Last Name | | |

## Part 2:  Additional Page

| Brief description of the property and line on *Schedule A/B* that lists this property | Current value of the portion you own | Amount of the exemption you claim | Specific laws that allow exemption |
|---|---|---|---|
| | Copy the value from *Schedule A/B* | Check only one box for each exemption | |
| Brief description: HOUSEHOLD GOOD<br>Line from *Schedule A/B*: 6.1 | $  3,500.00 | ☑ $  3,500.00<br>☐ 100% of fair market value, up to any applicable statutory limit | CCP §704.020 |
| Brief description: CRYSTAL GLASSES<br>Line from *Schedule A/B*: 6.2 | $  1,000.00 | ☑ $  1,000.00<br>☐ 100% of fair market value, up to any applicable statutory limit | CCP §704.040 |
| Brief description: ELECTRONICS, COM<br>Line from *Schedule A/B*: 7.1 | $  500.00 | ☑ $  500.00<br>☐ 100% of fair market value, up to any applicable statutory limit | CCP §704.020 |
| Brief description: FIGURINE COLLECT<br>Line from *Schedule A/B*: 8.1 | $  1,900.00 | ☑ $  1,900.00<br>☐ 100% of fair market value, up to any applicable statutory limit | CCP §704.225 |
| Brief description: MISC CLOTHING<br>Line from *Schedule A/B*: 11.1 | $  1,000.00 | ☑ $  1,000.00<br>☐ 100% of fair market value, up to any applicable statutory limit | CCP §704.220 |
| Brief description: EVERYDAY JEWELRY<br>Line from *Schedule A/B*: 12.1 | $  1,000.00 | ☑ $  1,000.00<br>☐ 100% of fair market value, up to any applicable statutory limit | CCP§ 704.220 |
| Brief description: DOGS<br>Line from *Schedule A/B*: 13.1 | $  50.00 | ☑ $  50.00<br>☐ 100% of fair market value, up to any applicable statutory limit | CCP §704.040 |
| Brief description: ALLIANT<br>Line from *Schedule A/B*: 17.1 | $  3,793.00 | ☑ $  3,793.00<br>☐ 100% of fair market value, up to any applicable statutory limit | CCP § 704.020 |
| Brief description: ALLIANT<br>Line from *Schedule A/B*: 17.2 | $  1,407.00 | ☑ $  1,407.00<br>☐ 100% of fair market value, up to any applicable statutory limit | CCP § 704.225 |
| Brief description: ALLIANT<br>Line from *Schedule A/B*: 17.3 | $  2,600.00 | ☑ $  2,600.00<br>☐ 100% of fair market value, up to any applicable statutory limit | CCP §704.220 |
| Brief description: ALLIANT<br>Line from *Schedule A/B*: 17.3 | $  2,600.00 | ☑ $  2,600.00<br>☐ 100% of fair market value, up to any applicable statutory limit | CCP §704.720 |
| Brief description: FIDELITY<br>Line from *Schedule A/B*: 21.1 | $  7,400.00 | ☑ $  7,400.00<br>☐ 100% of fair market value, up to any applicable statutory limit | CCP §704.115(A)& (2)(B) |

Official Form 106C                Schedule C: The Property You Claim as Exempt                page 2 of 2

# EXHIBIT 5

1  ERIC P. ISRAEL (State Bar No. 132426)
   *eisrael@DanningGill.com*
2  AARON E. DE LEEST (State Bar No. 216832)
   *adeleest@DanningGill.com*
3  DANNING, GILL, ISRAEL & KRASNOFF, LLP
   1901 Avenue of the Stars, Suite 450
4  Los Angeles, California 90067-6006
   Telephone: (310) 277-0077
5  Facsimile: (310) 277-5735

6  Attorneys for Plaintiff Jeffrey I. Golden,
   Chapter 7 Trustee

7

```
FILED & ENTERED

OCT 03 2023

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bolte     DEPUTY CLERK
```

8              **UNITED STATES BANKRUPTCY COURT**

9              **CENTRAL DISTRICT OF CALIFORNIA**

10                    **SANTA ANA DIVISION**

11

12  In re                                   Case No. 8:21-bk-11710-SC

13  JAMIE LYNN GALLIAN,                      Chapter 7

14         Debtor.

15  ─────────────────────────────

16  JEFFREY I. GOLDEN, Chapter 7 Trustee,    Adv. No. 8:23-ap-01064-SC

17         Plaintiff,                        **STIPULATED JUDGMENT AGAINST
                                             DEFENDANTS STEVEN D. GALLIAN,
18         vs.                               BRIAN J. GALLIAN, JUSTIN BARCLAY,
                                             AND E. J. GALLIAN TO AVOID LIENS**
19  J-SANDCASTLE CO., LLC; J-PAD LLC;
    STEVEN D. GALLIAN; BRIAN J.              STATUS CONFERENCE
20  GALLIAN; JUSTIN BARCLAY; RONALD          Date: September 26, 2023
    J. PIERPONT; ROBERT J. MCLELLAND;        Time: 1:30 p.m.
21  AND E. J. GALLIAN,                       Place: Courtroom 5C
                                                    411 W. Fourth Street
22         Defendants.                              Santa Ana, California 92701

23         Plaintiff Jeffrey I. Golden, Chapter 7 Trustee (the "Plaintiff"), for the estate of

24  Jamie Lynn Gallian (the "Debtor"), and defendants Steven D. Gallian, Brian J. Gallian; Justin

25  Barclay, and E. J. Gallian (the "Stipulating Defendants"), having lodged on or about September 26,

26  2023 the Stipulation for Judgment Between Trustee and Defendants Steven D. Gallian, Brian J.

27  Gallian, Justin Barclay, and E. J. Gallian to Avoid Liens (the "Stipulation for Judgment") *(adv.

28  doc. no. 43);* good cause appearing; it is hereby

1731086.1  27064                              1

55

ORDERED, ADJUDGED AND DECREED THAT:

1. The Stipulation for Judgment is approved in its entirety.

2. Judgment is entered in favor of the Trustee and against the Stipulating Defendants that the Stipulating Defendants are not parties to any security agreement or agreements that would grant them a security interest in or lien on the manufactured home located at 16222 Monterey Lane, Space #376, Huntington Beach, CA 92649, Decal # LBM1081, Serial # AC7V710394GA, AC7V710394GB (the "Property").

3. Judgment is entered in favor of the Trustee and against the Stipulating Defendants that the Stipulating Defendants have no interest in the Property.

3. Judgment is entered in favor of the Trustee and against Steven D. Gallian and Brian J. Gallian that the "Statement to Encumber" (the "Statement to Encumber") that was executed and submitted to the California Department of Housing and Community Development (the "HCD") on or about August 20, 2020, adding Steven D. Gallian and Brian J. Gallian as legal owners (i.e., lienholders) on the certificate of title for the Property and any related lien is avoided and preserved for the benefit of the Debtor's estate.

3. Judgment is entered in favor of the Trustee and against the Stipulating Defendants that the following UCC Financing Statement Amendments (UCC-3) and any related liens are avoided and preserved for the benefit of the Debtor's estate.

| UCC Filing Date | UCC Type | Filing No. |
|---|---|---|
| 12/4/2020 | UCC-3 Amendment | U200034803831 |
| 9/8/2021 | UCC-3 Amendment | U210083394336 |
| 9/8/2021 | UCC-3 Amendment | U210083400018 |
| 9/12/2021 | UCC-3 Amendment | U210084251426 |
| 9/12/2021 | UCC-3 Amendment | U210084255728 |
| 9/12/2021 | UCC-3 Amendment | U210084256326 |
| 9/24/2021 | UCC-3 Amendment | U210088103629 |

4. The Trustee and the Stipulating Defendants shall bear their own attorney's fees and costs.

5.    The Stipulating Defendants shall cooperate in a timely manner with the Trustee to carry out the purpose and effect of the Stipulation for Judgment including executing any further documents that may be required.

6.    Pursuant of Rule 54 of the Federal Rules of Civil Procedure there is no just reason for delay in entry of this judgment against the Stipulating Defendants.

###

Date: October 3, 2023

Scott C. Clarkson
United States Bankruptcy Judge

# EXHIBIT 6

| | |
|---|---|
| 1 | AARON E. DE LEEST (State Bar No. 216832)<br>*adeleest@DanningGill.com* |
| 2 | SHANTAL MALMED (State Bar No. 351496)<br>*smalmed@DanningGill.com* |
| 3 | DANNING, GILL, ISRAEL & KRASNOFF, LLP<br>1901 Avenue of the Stars, Suite 450 |
| 4 | Los Angeles, California 90067-6006<br>Telephone: (310) 277-0077 |
| 5 | Facsimile: (310) 277-5735 |

**FILED & ENTERED**

**MAR 29 2024**

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bolte      DEPUTY CLERK

6  Attorneys for Plaintiff Jeffrey I. Golden,
7  Chapter 7 Trustee

8            **UNITED STATES BANKRUPTCY COURT**

9             **CENTRAL DISTRICT OF CALIFORNIA**

10                    **SANTA ANA DIVISION**

11

| | | |
|---|---|---|
| 12 | In re | Case No. 8:21-bk-11710-SC |
| 13 | JAMIE LYNN GALLIAN, | Chapter 7 |
| 14 | Debtor. | |
| 15 | | |
| 16 | JEFFREY I. GOLDEN, Chapter 7 Trustee, | Adv. No. 8:23-ap-01064-SC |
| 17 | Plaintiff, | **STIPULATED JUDGMENT AGAINST**<br>**DEFENDANT ROBERT J. MCLELLAND**<br>**TO AVOID LIENS** |
| 18 | vs. | |
| 19 | J-SANDCASTLE CO., LLC; J-PAD LLC;<br>STEVEN D. GALLIAN; BRIAN J.<br>GALLIAN; JUSTIN BARCLAY; RONALD | **STATUS CONFERENCE**<br>Date: May 28, 2024<br>Time: 1:30 p.m. |
| 20 | J. PIERPONT; ROBERT J. MCLELLAND;<br>AND E. J. GALLIAN, | Place: Courtroom 5C<br>      411 W. Fourth Street |
| 21 | Defendants. |      Santa Ana, California 92701 |
| 22 | | |

23

24         Plaintiff Jeffrey I. Golden, Chapter 7 Trustee (the "Plaintiff"), for the estate of

25  Jamie Lynn Gallian (the "Debtor"), and defendant Robert J. McLelland (the "Stipulating

26  Defendant"), having lodged on or about January 25, 2024 the Stipulation for Judgment Between

27  Trustee and Defendant Robert J. McLelland (the "Stipulation for Judgment") *(adv. doc. no. 52)*:

28

1.     Judgment is entered in favor of the Trustee and against the Stipulating Defendant that the Stipulating Defendant is not a party to any security agreement or agreements that would grant him a security interest in or lien on the manufactured home located at 16222 Monterey Lane, Space #376, Huntington Beach, CA 92649, Decal # LBM1081, Serial # AC7V710394GA, AC7V710394GB (the "Property").

2.     Judgment is entered in favor of the Trustee and against the Stipulating Defendant that the Stipulating Defendant has no interest in the Property.

3.     Judgment is entered in favor of the Trustee and against Robert J. McLelland that the "Statement of Facts" (the "Statement of Facts") that was executed and submitted to the California Department of Housing and Community Development (the "HCD") on or about August 2, 2021, adding "J-Pad LLC or Robert McLelland" as the legal owners (i.e., lienholders) on the certificate of title for the Property and any related lien is avoided and preserved for the benefit of the Debtor's estate.

4.     Judgment is entered in favor of the Trustee and against the Stipulating Defendant that the following UCC Financing Statement Amendments (UCC-3) and any related liens are avoided and preserved for the benefit of the Debtor's estate.

| UCC Filing Date | UCC Type | Filing No. |
| --- | --- | --- |
| 9/8/2021 | UCC-3 Amendment | U210083394336 |
| 9/12/2021 | UCC-3 Amendment | U210084251426 |
| 9/12/2021 | UCC-3 Amendment | U210084255728 |
| 9/12/2021 | UCC-3 Amendment | U210084256326 |
| 9/12/2021 | UCC-3 Amendment | U210084251729 |
| 9/24/2021 | UCC-5 Amendment | U210088103427 |
| 9/24/2021 | UCC-3 Amendment | U210088103629 |

5.     The Trustee and the Stipulating Defendant shall bear their own attorney's fees and costs.

6.     The Stipulating Defendant shall cooperate in a timely manner with the Trustee to carry out the purpose and effect of the Stipulation for Judgment including executing any further documents that may be required.

1767746.2 27064

2

7.      Pursuant of Rule 54 of the Federal Rules of Civil Procedure there is no just reason for delay in entry of this judgment against the Stipulating Defendants.

###

Date: March 29, 2024

Scott C. Clarkson
United States Bankruptcy Judge

1767746.2  27064

# EXHIBIT 7

1   ERIC P. ISRAEL (State Bar No. 132426)
    eisrael@DanningGill.com
2   AARON E. DE LEEST (State Bar No. 216832)
    adeleest@DanningGill.com
3   SHANTAL MALMED (State Bar No. 351496)
    smalmed@DanningGill.com
4   DANNING, GILL, ISRAEL & KRASNOFF, LLP
    1901 Avenue of the Stars, Suite 450
5   Los Angeles, California 90067-6006
    Telephone: (310) 277-0077
6   Facsimile: (310) 277-5735

7   Attorneys for Plaintiff Jeffrey I. Golden,
    Chapter 7 Trustee

8

FILED & ENTERED

MAY 10 2024

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bolte        DEPUTY CLERK

9           UNITED STATES BANKRUPTCY COURT

10          CENTRAL DISTRICT OF CALIFORNIA

11                SANTA ANA DIVISION

12

13   In re                                Case No. 8:21-bk-11710-SC

14   JAMIE LYNN GALLIAN,                   Chapter 7

15          Debtor.

16
     JEFFREY I. GOLDEN, Chapter 7 Trustee,   Adv. No. 8:23-ap-01064-SC
17
            Plaintiff,                       **DEFAULT JUDGMENT AGAINST J-PAD**
18                                           **LLC**
            vs.
19                                           Date: May 7, 2024
     J-SANDCASTLE CO., LLC; J-PAD LLC;       Time: 1:30 p.m.
20   STEVEN D. GALLIAN; BRIAN J.             Place: Courtroom 5C
     GALLIAN; JUSTIN BARCLAY; RONALD              411 W. Fourth Street
21   J. PIERPONT; ROBERT J. MCLELLAND;            Santa Ana, California 92701
     AND E.J. GALLIAN,
22
            Defendants.
23

24          On April 5, 2024, Plaintiff Jeffrey I. Golden, as the Chapter 7 Trustee (the "Trustee" or

25   "Plaintiff") for the bankruptcy estate of Jamie Lynn Gallian (the "Debtor"), filed the Motion for

26   Default Judgment under LBR 7055-1 against Defendant J-Pad LLC (the "Motion") (*docket no. 76*),

27   which was heard by the Court on May 7, 2024.  Default was previously entered against Defendant

28

1770829.1  27064                            1                                            63

1    J-Pad LLC (the "Defendant") on August 22, 2023.  The Court having granted the Motion pursuant

2    to an order entered contemporaneously herewith, and good cause appearing:

3        IT IS ORDERED, ADJUDGED AND DECREED THAT:

4        1.    Default judgment is entered in favor of the Plaintiff and against the Defendant on

5    the Plaintiff's first and fifth claims for relief in the Complaint.

6        2.    The transfer to the Defendant of a lien on and security interest in the manufactured

7    home located at 16222 Monterey Lane, Space #376, Huntington Beach, CA 92649, Decal

8    # LBM1081, Serial # AC7V710394GA, AC7V710394GB (the "Property") reflected by the secured

9    promissory note and security agreement between J-Sandcastle Co., LLC and the Defendant dated

10   November 16, 2018 and lien on the Property in the amount of $225,000 in favor of the Defendant

11   are avoided and preserved for the benefit of the Debtor's estate in the name of Jeffrey I. Golden,

12   Chapter 7 Trustee for the bankruptcy estate of Jamie Lynn Gallian.

13       3.    The transfers to the Defendant relating to the Property, including the following UCC

14   Financing Statements (UCC-1) and UCC Financing Statement Amendments (UCC-3), and any

15   liens on the Property in favor of the Defendant are avoided and preserved for the benefit of the

16   Debtor's estate in the name of Jeffrey I. Golden, Chapter 7 Trustee for the bankruptcy estate of

17   Jamie Lynn Gallian.

| UCC Filing Date | UCC Type | Filing No. |
|---|---|---|
| 1/14/2019 | UCC-1 Financing Statement | 197691916827 |
| 1/14/2019 | UCC-1 Financing Statement | 197691915674 |
| 1/14/2019 | UCC-1 Financing Statement | 197691905279 |
| 12/4/2020 | UCC-3 Amendment | U200034803831 |
| 9/8/2021 | UCC-3 Amendment | U210083394336 |
| 9/8/2021 | UCC-3 Amendment | U210083400018 |
| 9/12/2021 | UCC-3 Amendment | U210084251426 |
| 9/12/2021 | UCC-3 Amendment | U210084255728 |
| 9/12/2021 | UCC-3 Amendment | U210084256326 |
| 9/24/2021 | UCC-3 Amendment | U210088103629 |

1770829.1  27064

2

Case 8:23-ap-01064-SC Doc 379-1 Filed 09/19/24 Entered 09/19/24 14:54:05 Desc
Main Document Page 3 of 3

4.    The Debtor's transfers to the Defendant reflected by the "Statement of Facts" submitted to the California Department of Housing and Community Development on or about August 6, 2021, stating that the legal owner of the Property was the Defendant and that the Defendant perfected its lien on January 14, 2019, and the "Statement to Encumber" executed on January 14, 2019, reflecting that the "legal owner" of the Property was the Defendant and any liens on the Property in favor of the Defendant are avoided and preserved for the benefit of the Debtor's estate in the name of Jeffrey I. Golden, Chapter 7 Trustee for the bankruptcy estate of Jamie Lynn Gallian.

5.    Pursuant of Rule 54 of the Federal Rules of Civil Procedure there is no just reason for delay in entry of this judgment against the Defendant.

### 

Date: May 10, 2024

Scott C. Clarkson
United States Bankruptcy Judge

1770829.1  27064

3

65

1  ERIC P. ISRAEL (State Bar No. 132426)
    *eisrael@DanningGill.com*

2  AARON E. DE LEEST (State Bar No. 216832)
    *adeleest@DanningGill.com*

3  SHANTAL MALMED (State Bar No. 351496)
    *smalmed@DanningGill.com*

4  DANNING, GILL, ISRAEL & KRASNOFF, LLP
    1901 Avenue of the Stars, Suite 450

5  Los Angeles, California 90067-6006
    Telephone: (310) 277-0077

6  Facsimile: (310) 277-5735

7  Attorneys for Plaintiff Jeffrey I. Golden,
    Chapter 7 Trustee

8

```
┌─────────────────────────────┐
│   FILED & ENTERED           │
│                             │
│      MAY 10 2024            │
│                             │
│   CLERK U.S. BANKRUPTCY COURT │
│   Central District of California │
│   BY bolte    DEPUTY CLERK  │
└─────────────────────────────┘
```

9           **UNITED STATES BANKRUPTCY COURT**

10          **CENTRAL DISTRICT OF CALIFORNIA**

11            **SANTA ANA DIVISION**

12

| | |
|---|---|
| 13  In re | Case No. 8:21-bk-11710-SC |
| 14  JAMIE LYNN GALLIAN, | Chapter 7 |
| 15          Debtor. | |
| 16 | |
| 17  JEFFREY I. GOLDEN, Chapter 7 Trustee, | Adv. No. 8:23-ap-01064-SC |
|           Plaintiff, | **DEFAULT JUDGMENT AGAINST** |
| 18 | **J-SANDCASTLE CO., LLC** |
| 19      vs. | Date: May 7, 2024 |
|   J-SANDCASTLE CO., LLC; J-PAD LLC; | Time: 1:30 p.m. |
| 20  STEVEN D. GALLIAN; BRIAN J. | Place: Courtroom 5C |
|   GALLIAN; JUSTIN BARCLAY; RONALD |       411 W. Fourth Street |
| 21  J. PIERPONT; ROBERT J. MCLELLAND; |       Santa Ana, California 92701 |
|   AND E.J. GALLIAN, | |
| 22 | |
| 23          Defendants. | |

24        On March 27, 2024, Plaintiff Jeffrey I. Golden, as the Chapter 7 Trustee (the "Trustee" or

25  "Plaintiff") for the bankruptcy estate of Jamie Lynn Gallian (the "Debtor"), filed the Motion for

26  Default Judgment under LBR 7055-1 against Defendant J-Sandcastle Co., LLC (the "Motion")

27  (*docket no. 59*), which was heard by the Court on May 7, 2024.  Default was previously entered

28  against Defendant J-Sandcastle Co., LLC (the "Defendant") on August 22, 2023.

          1

1    The Court having granted the Motion pursuant to an order entered contemporaneously

2 herewith, and good cause appearing:

3         IT IS ORDERED, ADJUDGED AND DECREED THAT:

4    1.    Default judgment is entered in favor of the Plaintiff and against the Defendant on

5 the Plaintiff's first claim for relief in the Complaint.

6    2.    The Debtor's transfers of the manufactured home located at and commonly known

7 as 16222 Monterey Lane, Space #376, Huntington Beach, CA 92649, Decal # LBM1081, Serial #

8 AC7V710394GA, AC7V710394GB (the "Property") to the Defendant, including transferring title

9 to the Property on or about November 15, 2018 and November 20, 2018, are hereby avoided and

10 legal title to the Property and the beneficial interest in the Property (collectively the "Subject

11 Transfers") is recovered for the benefit of the bankruptcy estate in the name of Jeffrey I. Golden,

12 Chapter 7 Trustee for the bankruptcy estate of Jamie Lynn Gallian.

13    3.    The Subject Transfers are preserved for the benefit of the estate pursuant to 11

14 U.S.C. § 551.

15    4.    Pursuant of Rule 54 of the Federal Rules of Civil Procedure there is no just reason

16 for delay in entry of this judgment against the Defendant.

17                                        ###

18

19

20

21

22

23

24    Date: May 10, 2024

_Scott C. Clarkson_
Scott C. Clarkson
United States Bankruptcy Judge

25

26

27

28

1770827.1  27064                                    2                                          67

<table>
<tbody>
<tr><td>1</td><td>ERIC P. ISRAEL (State Bar No. 132426)<br><em>eisrael@DanningGill.com</em></td></tr>
</tbody>
</table>

1  ERIC P. ISRAEL (State Bar No. 132426)
   *eisrael@DanningGill.com*
2  AARON E. DE LEEST (State Bar No. 216832)
   *adeleest@DanningGill.com*
3  SHANTAL MALMED (State Bar No. 351496)
   *smalmed@DanningGill.com*
4  DANNING, GILL, ISRAEL & KRASNOFF, LLP
   1901 Avenue of the Stars, Suite 450
5  Los Angeles, California 90067-6006
   Telephone: (310) 277-0077
6  Facsimile: (310) 277-5735

7  Attorneys for Plaintiff Jeffrey I. Golden,
   Chapter 7 Trustee

8

> **FILED & ENTERED**
>
> **MAY 10 2024**
>
> CLERK U.S. BANKRUPTCY COURT
> Central District of California
> BY bolte     DEPUTY CLERK

9              **UNITED STATES BANKRUPTCY COURT**

10             **CENTRAL DISTRICT OF CALIFORNIA**

11                  **SANTA ANA DIVISION**

12

13  In re                                Case No. 8:21-bk-11710-SC

14  JAMIE LYNN GALLIAN,                   Chapter 7

15        Debtor.

16  ─────────────────────────────
    JEFFREY I. GOLDEN, Chapter 7 Trustee,   Adv. No. 8:23-ap-01064-SC
17
          Plaintiff,                      **DEFAULT JUDGMENT AGAINST**
18                                         **RONALD J. PIERPONT**
          vs.
19                                         Date: May 7, 2024
    J-SANDCASTLE CO., LLC; J-PAD LLC;      Time: 1:30 p.m.
20  STEVEN D. GALLIAN; BRIAN J.            Place: Courtroom 5C
    GALLIAN; JUSTIN BARCLAY; RONALD             411 W. Fourth Street
21  J. PIERPONT; ROBERT J. MCLELLAND;            Santa Ana, California 92701
    AND E.J. GALLIAN,
22
          Defendants.
23

24        On March 27, 2024, Plaintiff Jeffrey I. Golden, as the Chapter 7 Trustee (the "Trustee" or

25  "Plaintiff") for the bankruptcy estate of Jamie Lynn Gallian (the "Debtor"), filed the Motion for

26  Default Judgment under LBR 7055-1 against Defendant Ronald J. Pierpont (the "Motion") (*docket*

27  *no. 58*), which was heard by the Court on May 7, 2024.  Default was previously entered against

28  Defendant Ronald J. Pierpont (the "Defendant") on August 22, 2023.

1   The Court having granted the Motion pursuant to an order entered contemporaneously

2 herewith, and good cause appearing:

3   IT IS ORDERED, ADJUDGED AND DECREED THAT:

4   1.  Default judgment is entered in favor of the Plaintiff and against the Defendant on

5 the Plaintiff's fifth and sixth claims for relief in the Complaint.

6   2.  The Defendant is not a party to any security agreement or agreements that would

7 grant Defendant a security interest in or lien on the manufactured home located at 16222 Monterey

8 Lane, Space #376, Huntington Beach, CA 92649, Decal # LBM1081, Serial # AC7V710394GA,

9 AC7V710394GB (the "Property").

10   3.  The Defendant has no interest in the Property.

11   4.  The Defendant does not have any valid, perfected, and/or unavoidable liens on the

12 Property.

13   5.  The transfers to the Defendant relating to the Property, including the following

14 UCC Financing Statement Amendments (UCC-3), and any liens on the Property in favor of the

15 Defendant are avoided and preserved for the benefit of the Debtor's estate in the name of

16 Jeffrey I. Golden, Chapter 7 Trustee for the bankruptcy estate of Jamie Lynn Gallian.

| UCC Filing Date | UCC Type | Filing No. |
|---|---|---|
| 12/4/2020 | UCC-3 Amendment | U200034803831 |
| 9/8/2021 | UCC-3 Amendment | U210083394336 |
| 9/8/2021 | UCC-3 Amendment | U210083400018 |
| 9/12/2021 | UCC-3 Amendment | U210084251426 |
| 9/12/2021 | UCC-3 Amendment | U210084255728 |
| 9/12/2021 | UCC-3 Amendment | U210084256326 |
| 9/24/2021 | UCC-3 Amendment | U210088103629 |

1770828.1  27064

1    6.    Pursuant of Rule 54 of the Federal Rules of Civil Procedure there is no just reason

2   for delay in entry of this judgment against the Defendant.

3                                            ###

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24   Date: May 10, 2024

Scott C. Clarkson
United States Bankruptcy Judge

25

26

27

28

1770828.1   27064                                    3

# EXHIBIT 8

## OVERBID FOR PURCHASE OF MANUFACTURED HOME

The undersigned ("Offeror") hereby offers (the "Overbid") to purchase from Jeffrey I. Golden, the Chapter 7 trustee (the "Seller" or the "Trustee") for the estate of Jaime Lynne Gallian (the "Estate"), bankruptcy case no. 8:21-11710-SC, all of the Estate's right title and interest in and to the manufactured home described as follows (the "Subject Property"):

> Skyline, Custom Villa, 2014, net size 60x30. Serial Numbers AC7V710394GB/GA; DOH/HUD Numbers: PFS1130282 and PFS1130281; Decal Number LBM1081 Year 2006.

Offeror agrees to be bound by all of the terms and conditions of the sale set forth in the Purchase and Sale Agreement and its amendments (the "PSA") attached to the Trustee's Motion to Authorize Sale of Manufactured Home Currently Located at 16222 Monterey Lane, Space 376, Huntington Beach, CA 92649, Decal No. LBM1081, Free and Clear of Liens and Homestead Exemption (*docket no. __*) filed on January 30, 2025. Offeror acknowledges receipt of a copy of the Sale Motion and the PSA, and agrees to be bound by all of their sale terms, subject to the following additional terms:

Offeror recognizes that the Trustee holds the sole discretion in accepting and rejecting overbids, subject to Court approval. There are no contingencies to this Overbid whatsoever. The sale is subject to acceptance by the Trustee in a Bankruptcy Court auction sale (the "Auction"). Offeror understands that the Seller is a Trustee appointed to liquidate assets of a bankruptcy estate. The Seller has neither seen nor inspected the Subject Property and has not determined its fitness for any particular use or the condition of the Subject Property. Offeror acknowledges that Offeror has done all due diligence which Offeror needs to make this Overbid and to conclude the purchase of the Subject Property. Offeror further understands that the sale is "as is" and "where is" without warranty or recourse whatsoever.

Offeror offers $_____ [at least $276,000] for the Subject Property. Offeror is providing herewith (or has already provided) account statements evidencing proof of funds sufficient to consummate the purchase, with delivery of the $8,280 deposit to Danning, Gill, Israel & Krasnoff, LLP, Attn: Eric P. Israel, 1901 Avenue of the Stars, Suite 450, Los Angeles, CA 90067. If the Court confirms a sale of the Subject Property to the Offeror, the balance of the purchase price and any applicable sales or transfer tax shall be delivered to the Trustee in good funds within seven (7) calendar days after the date of entry of an order granting the Sale Motion.

1785053.1  27046

Offeror agrees to pay any applicable sales taxes due from the sale and shall indemnify the Estate for any claim submitted for sales taxes thereon.

The Auction will be held on March 4, 2025 at 11:00 a.m., in Courtroom "5C", United States Bankruptcy Court, 411 W. Fourth Street, Santa Ana, California.  All parties wishing to participate in the Auction must appear personally, through an attorney or other expressly authorized agent.  Telephonic appearances, if and to the extent permitted by the Court, are subject to the Court's procedures.

In the event that Offeror for any reason fails to close the sale timely for any reason due to the Buyer's fault, Offeror will forfeit the Deposit to the Trustee as liquidated damages.

Offeror agrees that the Bankruptcy Court handling the Debtor's case shall have jurisdiction over any dispute arising under this Overbid or the sale contemplated hereby.  Offeror consents to the Court's resolution of such disputes as a core matter, waives any right to a jury trial and consents to the entry of a final order or judgment thereon.

Dated: _____

_____
(Name of Offeror)

_____
(street address)

_____
(city, state, zip code)

_____
(telephone number and email address)

_____
(signature of Offeror or authorized agent of Offeror, if applicable)

_____
(name and title of agent of Offeror, if applicable)

# EXHIBIT 9

**Fill in this information to identify the case:**

Debtor 1    JAMIE LYNN GALLIAN

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court for the: Central District of California

Case number   8:21-bk-11710-SC

## Official Form 410

# Proof of Claim

04/22

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. **Do not use this form to make a request for payment of an administrative expense.** Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. Do not send original documents; they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.**

| **Part 1:** | **Identify the Claim** |
| --- | --- |

| 1. Who is the current creditor? | Janine Jasso, Jennifer Paulin, Lori Burrett, Lee Gragnano, Lindy Beck, and Ted Phillips |
| --- | --- |
| | Name of the current creditor (the person or entity to be paid for this claim) |
| | Other names the creditor used with the debtor _____ |

| 2. Has this claim been acquired from someone else? | ☑ No |
| --- | --- |
| | ☐ Yes. From whom? _____ |

| 3. Where should notices and payments to the creditor be sent? | **Where should notices to the creditor be sent?** | **Where should payments to the creditor be sent? (if different)** |
| --- | --- | --- |
| Federal Rule of Bankruptcy Procedure (FRBP) 2002(g) | Robert P. Goe / Goe Forsythe & Hodges LLP | Janine Jasso, Jennifer Paulin, et. al |
| | Name | Name |
| | 17701 Cowan Ave, Suite 210 | c/o Goe Forsythe & Hodges, 17701 Cowan Ave |
| | Number       Street | Number       Street |
| | Irvine          CA       92614 | Suite 210, Irvine     CA       92614 |
| | City             State       ZIP Code | City             State       ZIP Code |
| | Contact phone 949-798-2460 | Contact phone 949-798-2460 |
| | Contact email  rgoe@goeforlaw.com | Contact email  rgoe@goeforlaw.com |
| | Uniform claim identifier for electronic payments in chapter 13 (if you use one): | |
| | _ _ _ _ — _ _ _ _ — _ _ _ _ — _ _ _ _ | |

| 4. Does this claim amend one already filed? | ☑ No | |
| --- | --- | --- |
| | ☐ Yes. Claim number on court claims registry (if known) _____ | Filed on ___/___/_____<br>MM / DD / YYYY |

| 5. Do you know if anyone else has filed a proof of claim for this claim? | ☑ No |
| --- | --- |
| | ☐ Yes. Who made the earlier filing? _____ |

Official Form 410                        **Proof of Claim**                        page 1

| **Part 2:** | **Give Information About the Claim as of the Date the Case Was Filed** |

---

**6. Do you have any number you use to identify the debtor?**

☐ No

☑ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor:  __3__  __9__  __3__  __6__

---

**7. How much is the claim?**

At least $64,049.66 (not including additional interest, fees and other costs)

$ _____64,049.66 . **Does this amount include interest or other charges?**

☐ No

☑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

---

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

__Judgment_____

---

**9. Is all or part of the claim secured?**

☐ No

☑ Yes. The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*

☐ Motor vehicle

☑ Other. Describe:  __Abstract of judgment_____

**Basis for perfection:**  _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:**                        $ __Unknown_____

**Amount of the claim that is secured:**   $ __Unknown_____

**Amount of the claim that is unsecured:** $ _____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:**   $ _____

**Annual Interest Rate** (when case was filed) _____%

☐ Fixed

☐ Variable

---

**10. Is this claim based on a lease?**

☑ No

☐ Yes. **Amount necessary to cure any default as of the date of the petition.**   $ _____

---

**11. Is this claim subject to a right of setoff?**

☑ No

☐ Yes. Identify the property: _____

---

Case 8:21-bk-11710-SC    Doc 539-1    Filed 01/31/25    Entered 01/31/25 14:59:05    Desc of
Case 8:21-bk-11710-SC    Doc 1    Filed 10/25/22    Desc Main Document    Page 3 of
Exhibit Exhibits 1 to 12    Page 46 of 120

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☑ No
☐ Yes. *Check one:*

**Amount entitled to priority**

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).    $_____

☐ Up to $3,350* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).    $_____

☐ Wages, salaries, or commissions (up to $15,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).    $_____

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).    $_____

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).    $_____

☐ Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies.    $_____

\* Amounts are subject to adjustment on 4/01/25 and every 3 years after that for cases begun on or after the date of adjustment.

---

| Part 3: | Sign Below |
|---|---|

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

Check the appropriate box:

☐ I am the creditor.
☑ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date    10/25/2022
                    MM / DD / YYYY

/s/ Robert P. Goe
_____
Signature

Print the name of the person who is completing and signing this claim:

Name    Robert P. Goe
        First name          Middle name          Last name

Title    Attorney

Company    Goe Forsythe & Hodges LLP
        Identify the corporate servicer as the company if the authorized agent is a servicer.

Address    17701 Cowan Avenue, Suite 210
        Number        Street

        Irvine                          CA          92614
        City                            State        ZIP Code

Contact phone    (949) 798-2460          Email    rgoe@goeforlaw.com

Official Form 410                    **Proof of Claim**                    page 3

Case 8:21-bk-11710-SC    Claim 34-1    Filed 10/25/22    Desc Main Document    Page 4 of
12

Creditors: Janine Jasso, Jennifer Paulin, Lori Burrett, Lee Gragnano, Lindy Beck, and Ted Phillips
(Individual Board Members of the Huntington Beach Gables Homeowners Association)
Claim Itemization under FRBP 3001(c)(2)
October 25, 2022


Table of Judgments in favor of the Individual Board Members of The Huntington Beach Gables
Homeowners Association against Debtor, Jamie Lynn Gallian

| OCSC Case Number | Case Name | Date of Abstract | Dollar Amount | Number of Pages |
|---|---|---|---|---|
| 30-2017-00913985 | The Huntington Beach Gables HOA v. Bradley, Gallian, et al.; Cross-Complaint Debtor filed against Individual Board Members | 12/13/2018 | $46,138; plus 10% per annum from 12/4/18 (date of judgment) | 6 pages |
| Total Amount | | | $64,049.66 | |

**EJ-001**

| |
|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, address, State bar number, and telephone number)*.<br>Recording requested by and return to:<br>James E. Hawley (SBN: 299723)<br>GORDON REES SCULLY & MANSUKHANI<br>633 W. 5th Street, 52nd Floor<br>Los Angeles, CA 90071<br>TEL. NO.: (213) 576-5000    FAX NO. (Optional): (877) 306-0043 |

E-MAIL ADDRESS (Optional):

☒ ATTORNEY FOR  ☐ JUDGMENT CREDITOR  ☐ ASSIGNEE OF RECORD

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Orange
STREET ADDRESS: 700 W. Civic Center Dr.
MAILING ADDRESS:
CITY AND ZIP CODE: Santa Ana, 92701
BRANCH NAME: Central Justice Center

FOR RECORDER'S USE ONLY

PLAINTIFF: The Huntington Beach Gables Homeowners Association

DEFENDANT: Sandra L. Bradley; Jamie L. Gallian et al.

CASE NUMBER:
30-2017-00913985-CU-CO-CJC

| ABSTRACT OF JUDGMENT—CIVIL<br>AND SMALL CLAIMS    ☐ Amended | FOR COURT USE ONLY |
|---|---|

1. The  ☒ judgment creditor  ☐ assignee of record
   applies for an abstract of judgment and represents the following:
   a. Judgment debtor's
       Name and last known address

   > Jamie L. Gallian
   > 5782 Pinon Drive
   > Huntington Beach, CA 92649

   b. Driver's license no. [last 4 digits] and state:    ☒ Unknown
   c. Social security no. [last 4 digits]: 3936    ☐ Unknown
   d. Summons or notice of entry of sister-state judgment was personally served or mailed to (name and address):

   Jamie L. Gallian, 5782 Pinon Drive, Huntington Beach, CA 92649

Pursuant to California Government Code § 68150(f), the Clerk of the Court hereby certifies this document accurately reflects the official court record. The electronic signature and seal on this document have the same validity and legal force and effect as an original clerk's signature and court seal. California Government Code § 68150(g).

2. ☐ Information on additional judgment debtors is shown on page 2.

3. Judgment creditor *(name and address)*:
   Janine Jasso
   4469 Chase Dr.
   Huntington Beach, CA 92649

   Date: December 7, 2018
   James E. Hawley
       (TYPE OR PRINT NAME)

4. ☒ Information on additional judgment creditors is shown on page 2.

5. ☐ Original abstract recorded in this county:
   a. Date:
   b. Instrument No.:

   ▶ _(SIGNATURE OF APPLICANT OR ATTORNEY)_

6. Total amount of judgment as entered or last renewed:
   $46,138.00

7. All judgment creditors and debtors are listed on this abstract.

8. a. Judgment entered on *(date)*: December 4, 2018
   b. Renewal entered on *(date)*:

9. ☐ This judgment is an installment judgment.

[SEAL] David H. Yamasaki, Clerk of the Court

This abstract issued on *(date)*:
12/13/2018

10. ☐ An ☐ execution lien ☐ attachment lien is endorsed on the judgment as follows:
    a. Amount: $
    b. In favor of *(name and address)*:

11. A stay of enforcement has
    a. ☒ not been ordered by the court.
    b. ☐ been ordered by the court effective until *(date)*:

12. a. ☒ I certify that this is a true and correct abstract of the judgment entered in this action.
    b. ☐ A certified copy of the judgment is attached.

    Clerk, by _S. Wilson_ Deputy

Form Adopted for Mandatory Use
Judicial Council of California
EJ-001 [Rev. July 1, 2014]

**ABSTRACT OF JUDGMENT—CIVIL
AND SMALL CLAIMS**

Page 1 of 2
Code of Civil Procedure, §§ 488.400, 674, 700.190

79

| PLAINTIFF: The Huntington Beach Gables Homeowners Association | COURT CASE NO.: |
|---|---|
| DEFENDANT: Sandra L. Bradley; Jamie L. Gallian et al. | 30-2017-00913985-CU-CO-CJC |

### NAMES AND ADDRESSES OF ADDITIONAL JUDGMENT CREDITORS:

13. Judgment creditor *(name and address)*:

Jennifer Paulin
4446 Alderport Dr.
Huntington Beach, CA 92649

14. Judgment creditor *(name and address)*:

Lori Burrett
16107 Warmington Lane
Huntington Beach, CA 92649

15. ☒ Continued on Attachment 15.

### INFORMATION ON ADDITIONAL JUDGMENT DEBTORS:

16.　　　Name and last known address

Driver's license no. [last 4 digits] and state:
　　　　　　　　　　　　　　　☐ Unknown
Social security no. [last 4 digits]:　☐ Unknown
Summons was personally served at or mailed to *(address)*:

17.　　　Name and last known address

Driver's license no. [last 4 digits] and state:
　　　　　　　　　　　　　　　☐ Unknown
Social security no. [last 4 digits]:　☐ Unknown
Summons was personally served at or mailed to *(address)*:

18.　　　Name and last known address

Driver's license no. [last 4 digits] and state:
　　　　　　　　　　　　　　　☐ Unknown
Social security no. [last 4 digits]:　☐ Unknown
Summons was personally served at or mailed to *(address)*:

19.　　　Name and last known address

Driver's license no. [last 4 digits] and state:
　　　　　　　　　　　　　　　☐ Unknown
Social security no. [last 4 digits]:　☐ Unknown
Summons was personally served at or mailed to *(address)*:

20. ☐ Continued on Attachment 20.

EJ-001 [Rev January 1 2014]

**ABSTRACT OF JUDGMENT—CIVIL
AND SMALL CLAIMS**

Page 2 of 2


American LegalNet, Inc.
www.FormsWorkFlow.com

Case 8:21-bk-11710-SC   Doc 539-1   Filed 01/31/25   Entered 01/31/25 14:59:05   Desc of
Case 8:21-bk-11710-SC   Claim 4-1   Filed 09/23/22   Desc Main Document   Page 2 of
Exhibit Exhibits 1 to 32   Page 50 of 120

MC-025

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| The Huntington Beach Gables HOA v. Bradley; Gallian | 30-2017-00913985-CU-CO-CJC |

**ATTACHMENT** (*Number*): 15

*(This Attachment may be used with any Judicial Council form.)*

Additional Judgment Creditors

Lee Gragnano
16062 Warmington Ave.
Huntington Beach, CA 92649

Lindy Beck
4443 Chase Drive
Huntington Beach, CA 92649

Ted Phillips
4447 Chase Drive
Huntington Beach, CA 92649

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

Page __1__ of __1__

*(Add pages as required)*

Form Approved for Optional Use
Judicial Council of California
MC-025 [Rev. July 1, 2009]

**ATTACHMENT**
to Judicial Council Form

CEB
www.ceb.com

www.courtinfo.ca.gov

81

Case 8:21-bk-11710-SC    Claim 4-1    Filed 07/05/22    Desc Main Document    Page 26 of

ELECTRONICALLY RECEIVED
Superior Court of California,
County of Orange
11/09/2018 at 10:23:23 AM
Clerk of the Superior Court
By sClerk, Deputy Clerk

3728619

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

**DEC 04 2018**

DAVID H. YAMASAKI, Clerk of the Court

BY:_____,DEPUTY

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF ORANGE, CENTRAL JUSTICE CENTER

| | |
|---|---|
| THE HUNTINGTON BEACH GABLES HOMEOWNERS ASSOCIATION, a California Nonprofit Mutual Benefit Corporation, <br><br> Plaintiff, <br><br> v. <br><br> SANDRA L. BRADLEY, individually and as Trustee of the Sandra L. Bradley Trust; JAMIE L. GALLIAN, an individual; and DOES 1 through 25, inclusive, <br><br> Defendants. <br><br>_____ <br><br> AND RELATED CROSS-ACTIONS. <br>_____ | Case No. 30-2017-00913985-CU-CO-CJC <br><br> *Honorable James L. Crandall* <br><br> [~~PROPOSED~~] JUDGMENT FOR ATTORNEYS' FEES <br><br> FAC Filed: May 16, 2017 <br> Trial Date: December 10, 2018 |

-1-

[~~PROPOSED~~] JUDGMENT FOR ATTORNEYS' FEES

1      The above-captioned matter came on regularly for hearing on Cross-Defendants Lee

2  Gragnano, Ted Phillips, Lindy Beck, Jennifer Paulin, Janine Jasso, and Lori Burrett's Motion for

3  Attorneys' Fees and Costs on November 1, 2018 and November 8, 2018, in Department C33 of

4  the Superior Court in and for the State of California, County of Orange, the Honorable James L.

5  Crandall presiding.

6      Cross-Defendants Lee Gragnano, Ted Phillips, Lindy Beck, Jennifer Paulin, Janine Jasso,

7  and Lori Burrett appeared by and through its attorneys, Brenda Radmacher of Gordon & Rees,

8  LLP.  Cross-Complainant Jamie L. Gallian, in pro per, appeared on behalf of herself.  After

9  hearing evidence and arguments, and good cause appearing;

10     **NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED** that Cross-

11  Defendants Lee Gragnano, Ted Phillips, Lindy Beck, Jennifer Paulin, Janine Jasso, and Lori

12  Burrett are awarded their attorneys' fees in the amount of $46,138.00 against Cross-Complainant

13  Jamie L. Gallian. Post-judgment interest at a rate of ten (10) percent annum from the date hereof,

14  till paid, shall accrue on the amount above.

15     **IT IS SO ORDERED, ADJUDGED AND DECREED.**

16

17

18  Dated: / 2 - 4 - , 2018                             Honorable James L. Crandall

19                                           Judge of the Superior Court

20

21

22

23

24

25

26

27

28

-2-

[PROPOSED] JUDGMENT FOR ATTORNEYS' FEES

# EXHIBIT 10

---

**Fill in this information to identify the case:**

Debtor 1    JAMIE LYNN GALLIAN

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court for the:   Central District of California

Case number   8:21-bk-11710-SC

---

## Official Form 410

# Proof of Claim

04/22

**Read the instructions before filling out this form.** This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed.** That date is on the notice of bankruptcy (Form 309) that you received.

---

### Part 1:   Identify the Claim

**1. Who is the current creditor?**

The Huntington Beach Gables Homeowners Association
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor

**2. Has this claim been acquired from someone else?**

☑ No
☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

| Where should notices to the creditor be sent? | Where should payments to the creditor be sent? (if different) |
|---|---|
| Robert P. Goe / Goe Forsythe & Hodges LLP <br> Name | Huntington Beach Gables Homeowners Assn. <br> Name |
| 17701 Cowan Ave, Suite 210 <br> Number   Street | c/o Goe Forsythe & Hodges, 17701 Cowan Ave <br> Number   Street |
| Irvine    CA    92614 <br> City   State   ZIP Code | Suite 210, Irvine   CA    92610 <br> City   State   ZIP Code |
| Contact phone 949-798-2460 | Contact phone 949-798-2460 |
| Contact email rgoe@goeforlaw.com | Contact email rgoe@goeforlaw.com |

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___ ___

**4. Does this claim amend one already filed?**

☐ No
☑ Yes.   Claim number on court claims registry (if known) Claim 1    Filed on 07/05/2022
     MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☐ No
☐ Yes.   Who made the earlier filing? _____

---

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
| --- | --- |

**6. Do you have any number you use to identify the debtor?**

☐ No

☑ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor:  3 _ 9 _ 3 _ 6

**7. How much is the claim?**

At least $553,774.84 (not including additional interest, fees and other costs)

$ _____553,774.84 . **Does this amount include interest or other charges?**

☐ No

☑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

_Judgments, delinquent assessments, other charges_

**9. Is all or part of the claim secured?**

☐ No

☑ Yes.   The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a _Mortgage Proof of Claim Attachment_ (Official Form 410-A) with this _Proof of Claim._

☐ Motor vehicle

☑ Other. Describe:    _Abstracts of judgment, ORAP lien_

**Basis for perfection:** _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:**    $ _Unknown_

**Amount of the claim that is secured:**    $ _Unknown_

**Amount of the claim that is unsecured:**  $ _____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:**    $ _____

**Annual Interest Rate** (when case was filed) _____%

☐ Fixed

☐ Variable

**10. Is this claim based on a lease?**

☑ No

☐ Yes. **Amount necessary to cure any default as of the date of the petition.**    $ _____

**11. Is this claim subject to a right of setoff?**

☑ No

☐ Yes. Identify the property: _____

Official Form 410                          Proof of Claim                          page 2

| 12. **Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?** | ☑ No | |
|---|---|---|
| A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ Yes. *Check one:* | **Amount entitled to priority** |
| | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| | ☐ Up to $3,350* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| | ☐ Wages, salaries, or commissions (up to $15,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies. | $_____ |
| | * Amounts are subject to adjustment on 4/01/25 and every 3 years after that for cases begun on or after the date of adjustment. | |

| **Part 3:** | **Sign Below** |
|---|---|

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐ I am the creditor.

☑ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date   10/25/2022
                   MM / DD / YYYY

/s/ Robert P. Goe
_____
Signature

**Print the name of the person who is completing and signing this claim:**

| Name | Robert P. Goe | | |
|---|---|---|---|
| | First name | Middle name | Last name |
| Title | Attorney | | |
| Company | Goe Forsythe & Hodges LLP | | |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. | | |
| Address | 17701 Cowan Avenue, Suite 210 | | |
| | Number          Street | | |
| | Irvine | CA | 92614 |
| | City | State | ZIP Code |
| Contact phone | (949) 798-2460 | Email  rgoe@goeforlaw.com | |

Creditor: Huntington Beach Gables Homeowners Association
Claim Itemization under FRBP 3001(c)(2)
October 25, 2022

Claim 1 - Table of Judgment in favor of The Huntington Beach Gables Homeowners Association against Debtor Jamie Lynn Gallian

| OCSC Case Number | Case Name | Date of Abstract | Dollar Amount | Number of Pages |
|---|---|---|---|---|
| 30-2017-00962999 | The Huntington Beach Gables HOA v. Gallian | 4/30/2019 | $9265; plus 10% per annum from 03/21/19, which is the date of court ordered judgment | 4 pages |
| Total Amount | | | $12,590.25 | |

Claim 2 - Table of Judgment in favor of The Huntington Beach Gables Homeowners Association against Debtor Jamie Lynn Gallian

| OCSC Case Number | Case Name | Date of Abstract | Dollar Amount | Number of Pages |
|---|---|---|---|---|
| 30-2017-00913985 | The Huntington Beach Gables HOA v. Bradley, Gallian, et al. | 5/14/2019 | $319,653.59; plus 10% per annum. Note, Item 8a of this abstract includes two judgments in one: first, the OC court's judgment order issued against Debtor for court's sanctions on 09/27/18 and the related abstract issued on 11/16/18 in the amount of $3070.00; second, the court's judgment amount of $316,583.59 issued on 5/6/2019 and related abstract issued on 5/14/19 | 12 pages |
| Total Amount | | | $430,535.95 | |

Claim 3 - Table of Debtor's Unpaid Legal Fees, Assessments and Fines Owed to The Huntington Beach Gables Homeowners Association by Debtor, Jamie Lynn Gallian

| Dates of Unpaid Legal Fees, Delinquent Assessments, and Fines | Account number | Dollar Amount including Interest from date of assessment | |
|---|---|---|---|
| 02/20/18 | HOA account #21776 | $6,785.22; $5300.50 unpaid special assessment plus 6% interest per annum | |
| 2018 OC Recorder's Office Fees | HOA account #21776 | $680.00 | |
| Fines for Violations of the CC&Rs | HOA account #21776 | $23,140 | |
| Unpaid monthly HOA dues | HOA account #21776 | $1,586.90 ($1292.00 for 4 months of unpaid monthly assessments plus 6% interest per annum ) | |
| The Huntington Beach Gables HOA v. Nickel, Gallian, et al., OCSC Case No. 30-2020-01163055 | State court UVTA case re transfer of Debtor's condo to Nickel | $78,456.52, legal fees and costs (ongoing UVTA state court litigation so additional legal fees and costs in the future) | |
| Total Amount | | $110,648.64 | |

**Grand Total: $553,774.84**

Case 8:21-bk-11710-SC   Doc 539-1 Filed 04/21/25   Entered 04/21/25 14:59:05   Desc
Case 8:21-bk-11710-SC   Claim 2-1 Filed 09/23/25   Desc Main Document   Page 08 of
Exhibit Exhibits 1 to 12   Page 60 of 120

105

**RECORDING REQUESTED BY:**

THE HUNTINGTON BEACH GABLES
HOMEOWNERS ASSOCIATION

**WHEN RECORDED MAIL TO:**

THE HUNTINGTON BEACH GABLES
HOMEOWNERS ASSOCIATION
Epsten Grinnell & Howell, APC
10200 Willow Creek Road, Suite 100
San Diego, CA  92131-1138

Recorded in Official Records, Orange County
Hugh Nguyen, Clerk-Recorder

|||||||||||||||||||||||||||||||||||| 103.00
* $ R 0 0 1 0 8 1 1 4 2 8 $ *
2019000148568 4:19 pm 05/03/19
105 417 A03   4
0.00 0.00 0.00 0.00 9.00 10.00 0.000.0075.00 3.00

π
40
FF
101
Sb
OF

**Title:**

ABSTRACT OF JUDGMENT

THE HUNTINGTON BEACH GABLES HOMEOWNERS ASSOCIATION

v.

JAMIE LYNN GALLIAN

**30-2017-00962999-CU-HR-CJC**

91

EJ-001

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, address, and State Bar number):*
After recording, return to:
Joyce J. Kapsal/Pejman D.    SBN: 091950/279260
EPSTEN GRINNELL & HOWELL, APC
10200 WILLOW CREEK ROAD, SUITE 100,
SAN DIEGO, CA 92131
TEL NO: 858-527-0111    FAX NO. *(optional)*: 858-527-1531
E-MAIL ADDRESS *(Optional)*: jkapsal@epsten.com
[X] ATTORNEY   [X] JUDGMENT    [ ] ASSIGNEE
FOR             CREDITOR         OF RECORD

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** ORANGE
STREET ADDRESS: 700 Civic Center Drive W091950/est/
MAILING ADDRESS: 700 Civic Center Drive West
CITY AND ZIP CODE: Santa Ana, CA 92701-4045
BRANCH NAME: Central Justice Center

FOR RECORDER'S USE ONLY

PLAINTIFF: The Huntington Beach Gables Homeowners Association
DEFENDANT: Jamie Lynn Gallian

CASE NUMBER
30-2017-00962999-CU-HR-CJC

**ABSTRACT OF JUDGMENT—CIVIL**
**AND SMALL CLAIMS**    [ ] Amended

FOR COURT USE ONLY

Pursuant to California Government Code § 68150(f), the Clerk of the Court hereby certifies this document accurately reflects the official court record. The electronic signature and seal on this document have the same validity and legal force and effect as an original clerk's signature and court seal. California Government Code § 68150(g).

1. The [X] judgment creditor    [ ] assignee of record applies for an abstract of judgment and represents the following:
   a. Judgment debtor's
      Name and last known address
      ┌─────────────────────────────────────┐
      Jamie L. Gallian
      16222 Monterey Lane, #376
      Huntington Beach, CA  92649
      └─────────────────────────────────────┘
   b. Driver's license no. [last 4 digits] and state: 0742/CA    [ ] Unknown
   c. Social security no. [last 4 digits]: xx-xx-3936             [ ] Unknown
   d. Summons or notice of entry of sister-state judgment was personally served or mailed to *(name and address)*:
      Jamie L. Gallian, 16222 Monterey Lane, #376
      Huntington Beach, CA  92649

2. [ ] Information on additional judgment debtors is shown on page 2.

3. Judgment creditor *(name and address)*:
   The Huntington Beach Gables Homeowners Association
   C/o Epsten Grinnell & Howell, 10200 Willow Creek
   Road, San Diego, CA 92131
   Date: April 3, 2019
   Joyce J. Kapsal
   *(TYPE OR PRINT NAME)*

4. [ ] Information on additional judgment creditors is shown on page 2.

5. [ ] Original abstract recorded in this county:
   a. Date:
   b. Instrument No.:

   ▶ *(SIGNATURE OF APPLICANT OR ATTORNEY)*

6. Total amount of judgment as entered or last renewed:
   $ 9265.00

7. All judgment creditors and debtors are listed on this abstract.

8. a. Judgment entered on *(date)*: March 21, 2019
   b. Renewal entered on *(date)*:

9. [ ] This judgment is an installment judgment.

10. [ ] An [ ] execution lien [ ] attachment lien is endorsed on the judgment as follows:
    a. Amount: $
    b. In favor of *(name and address)*:

11. A stay of enforcement has
    a. [X] not been ordered by the court.
    b. [ ] been ordered by the court effective until *(date)*:

12. a. [X] I certify that this is a true and correct abstract of the judgment entered in this action.
    b. [ ] A certified copy of the judgment is attached.

[SEAL] David H. Yamasaki, Clerk of the Court

This abstract issued on *(date)*:
04/30/2019

S. Wilson
Clerk, by _____, Deputy

Form Adopted for Mandatory Use
Judicial Council of California
EJ-001 [Rev. July 1, 2014]

**ABSTRACT OF JUDGMENT—CIVIL**
**AND SMALL CLAIMS**

Page 1 of 2
Code of Civil Procedure, §§ 488.480,
674, 700.190
Westlaw Doc & Form Builder™

92

Case 8:21-bk-11710-SC    Doc 539-1 Filed 01/31/25    Entered 01/31/25 14:59:05    Desc
Case 8:21-bk-11710-SC    Claim 3-1 Filed 05/23/25    Desc Main Document    Page 95 of
Exhibit Exhibits 1 to 12    Page 62 of 120

| PLAINTIFF: The Huntington Beach Gables Homeowners Association | COURT CASE NO.: |
|---|---|
| DEFENDANT: Jamie Lynn Gallian | 30-2017-00962999-CU-HR-CJC |

**NAMES AND ADDRESSES OF ADDITIONAL JUDGMENT CREDITORS:**

13.  Judgment creditor *(name and address):*

14.  Judgment creditor *(name and address):*

15.  ☐ Continued on Attachment 15.

**INFORMATION ON ADDITIONAL JUDGMENT DEBTORS:**

16.        Name and last known address

17.        Name and last known address

Driver's license no. [last 4 digits] and state:
☐ Unknown

Social security no. [last 4 digits]:
☐ Unknown

Summons was personally served at or mailed to *(address):*

Driver's license no. [last 4 digits] and state:
☐ Unknown

Social security no. [last 4 digits]:
☐ Unknown

Summons was personally served at or mailed to *(address):*

18.        Name and last known address

19.        Name and last known address

Driver's license no. [last 4 digits] and state:
☐ Unknown

Social security no. [last 4 digits]:
☐ Unknown

Summons was personally served at or mailed to *(address):*

Driver's license no. [last 4 digits] and state:
☐ Unknown

Social security no. [last 4 digits]:
☐ Unknown

Summons was personally served at or mailed to *(address):*

20.  ☐ Continued on Attachment 20.

Case 8:21-bk-11710-SC    Doc 539-1 Filed 01/31/25    Entered 01/31/25 14:59:05    Desc
Case 8:21-bk-11710-SC    Claim 9-1 Filed 05/23/22    Desc Main Document    Page 95 of
Exhibit Exhibits 1 to 12    Page 63 of 120

| | POS-050/EFS-050 |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY:    STATE BAR NO: 91950/ 279260<br>NAME: Joyce J. Kapsal / Pejman D. Kharrazian, Esq.<br>FIRM NAME: EPSTEN GRINNELL & HOWELL, APC<br>STREET ADDRESS: 10200 WILLOW CREEK ROAD, SUITE 100<br>CITY: SAN DIEGO    STATE: CA    ZIP CODE: 92131<br>TELEPHONE NO.: 858-527-0111    FAX NO.: 858-527-1531<br>E-MAIL ADDRESS: jkapsal@epsten.com / pkharrazian@epsten.com<br>ATTORNEY FOR (name): Huntington Beach Gables Homeowners Association | FOR COURT USE ONLY |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF   ORANGE | |
|---|---|
| STREET ADDRESS: 700 Civic Center Drive West<br>MAILING ADDRESS: 700 Civic Center Drive West<br>CITY AND ZIP CODE: Santa Ana, CA 92701<br>BRANCH NAME: Central Justice Center | |
| PLAINTIFF/PETITIONER: The Huntington Beach Gables Homeowners Association<br>DEFENDANT/RESPONDENT: Jamie L. Gallian | CASE NUMBER:<br>2017-00962999-CU-HR-CJC |
| | JUDICIAL OFFICER:<br>Hon. Sherri Honer |
| PROOF OF ELECTRONIC SERVICE | DEPARTMENT:<br>C-66 |

1.   I am at least 18 years old.

   a.   My residence or business address is *(specify):* 10200 Willow Creek Road, Suite 100, San Diego, CA  92131

   b.   My electronic service address is *(specify):* shart@epsten.com

2.   I electronically served the following documents *(exact titles):* Abstract of Judgment – Civil and Small Claims

    ☐   The documents served are listed in an attachment. *(Form POS-050(D)/EFS-050(D) may be used for this purpose.)*

3.   I electronically served the documents listed in 2 as follows:

   a.   Name of person served: Steven A. Fink

     On behalf of *(name or names of parties represented, if person served is an attorney):*

     Jamie L. Gallian

   b.   Electronic service address of person served : sfink@stevefinklaw.com

   c.   On *(date):* April 19, 2019

    ☐   The documents listed in item 2 were served electronically on the persons and in the manner described in an attachment.<br>     *(Form POS-050(P)/EFS-050(P) may be used for this purpose.)*

Date:     April 19, 2019

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Stephanie Hart
_____
   (TYPE OR PRINT NAME OF DECLARANT)

▶ _~S.Hart~_
_____
   (SIGNATURE OF DECLARANT)

Form Approved for Optional Use<br>Judicial Council of California<br>POS-050/EFS-050 [Rev. February 1, 2017]

**PROOF OF ELECTRONIC SERVICE**<br>**(Proof of Service/Electronic Filing and Service)**

Cal. Rules of Court, rule 2.251<br>www.courts.ca.gov<br>Westlaw Doc & Form Builder

Case 8:21-bk-11710-SC Doc 539-1 Filed 01/31/25 Entered 01/31/25 14:59:05 Desc
Case 8:21-bk-11710-SC Claim 1-1 Filed 07/25/25 Desc Main Document Page of 1
Exhibit Exhibits 1 to 22 Page 64 of 120

48

**EJ-001**

Recording Requested by and When Recorded Mail to
Joyce J. Kapsal / Pejman D.     SBN: 091950 / 279260
EPSTEN GRINNELL & HOWELL, APC
10200 Willow Creek Road, Suite 100
San Diego, CA 92131
TEL. NO.: 858-527-0111          FAX NO. (optional): 858-527-1531
E-MAIL ADDRESS (Optional): jkapsal@epsten.com /

| [X] ATTORNEY FOR | [X] JUDGMENT CREDITOR | [ ] ASSIGNEE OF RECORD |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE
STREET ADDRESS: 700 Civic Center Drive West
MAILING ADDRESS: 700 Civic Center Drive West
CITY AND ZIP CODE: Santa Ana, CA 92701
BRANCH NAME: Central Justice Center

**Recorded in Official Records, Orange County**
**Hugh Nguyen, Clerk-Recorder**

90.00

* $ R 0 0 1 0 8 3 8 3 3 9 $ *
2019000165259 12:56 pm 05/16/19
48 401 A03   3
0.00 0.00 0.00 0.00 6.00 0.00 0.000.0075.00 3.00

*FOR RECORDER'S USE ONLY*

PLAINTIFF: The Huntington Beach Gables Homeowners Association
DEFENDANT: Sandra Bradley, et al.

| CASE NUMBER: |
| 30-2017-00913985-CU-CO-CJC |

**ABSTRACT OF JUDGMENT—CIVIL**
**AND SMALL CLAIMS**          [X] Amended

*FOR COURT USE ONLY*

π
2P
3B
FF
CF

Pursuant to California Government Code § 68150(f), the Clerk of the Court hereby certifies this document accurately reflects the official court record. The electronic signature and seal on this document have the same validity and legal force and effect as an original clerk's signature and court seal. California Government Code § 68150(g).

1. The [X] judgment creditor [ ] assignee of record applies for an abstract of judgment and represents the following:
   a. Judgment debtor's
      Name and last known address

      Jamie L. Gallian
      4476 Alderport Drive #53
      Huntington Beach, CA 92649

   b. Driver's license no. [last 4 digits] and state: 0742 / CA    [ ] Unknown
   c. Social security no. [last 4 digits]: xxx-xx-3936               [ ] Unknown
   d. Summons or notice of entry of sister-state judgment was personally served or mailed to (name and address):
      4476 Alderport Drive #53, Huntington Beach, CA 92649

2. [ ] Information on additional judgment debtors is shown on page 2.
3. Judgment creditor (name and address):
   The Huntington Beach Gables Homeowners Association
   c/o Epsten Grinnell & Howell, 10200 Willow
   Creek Rd, Ste 100, San Diego, CA 92131
   Date: May 8, 2019
   Joyce J. Kapsal
   _____
   (TYPE OR PRINT NAME)

4. [ ] Information on additional judgment creditors is shown on page 2.
5. [ ] Original abstract recorded in this county:
   a. Date:
   b. Instrument No.:
   _____
   (SIGNATURE OF APPLICANT OR ATTORNEY)

6. Total amount of judgment as entered or last renewed:
   $ 319,653.59
7. All judgment creditors and debtors are listed on this abstract.
8. a. Judgment entered on (date): 5/6/2019 [9/27/2018 sanctions]
   b. Renewal entered on (date):

9. [ ] This judgment is an installment judgment.

10. [ ] An [ ] execution lien [ ] attachment lien is endorsed on the judgment as follows:
    a. Amount: $
    b. In favor of (name and address):

11. A stay of enforcement has
    a. [X] not been ordered by the court.
    b. [ ] been ordered by the court effective until (date):

12. a. [X] I certify that this is a true and correct abstract of the judgment entered in this action.
    b. [ ] A certified copy of the judgment is attached.

[SEAL]

David H. Yamasaki, Clerk of the Court

This abstract issued on (date):
May 14, 2019

Clerk, by _Mary Johnson_                    **Mary M Johnson**
                                                    , Deputy

Form Adopted for Mandatory Use
Judicial Council of California
EJ-001 [Rev. July 1, 2014]

**ABSTRACT OF JUDGMENT—CIVIL**
**AND SMALL CLAIMS**

Page 1 of 2
Code of Civil Procedure, §§ 488.480, 674, 700.190
Westlaw Doc & Form Builder™

95

Case 8:21-bk-11710-SC   Doc 539-1   Filed 01/31/25   Entered 01/31/25 14:59:05   Desc
Case 8:21-bk-11710-SC   Claim 1-2   Filed 10/22/22   Desc Main Document   Page 65 of 81
Exhibit Exhibits 1 to 11   Page 65 of 120
of 81

| PLAINTIFF: The Huntington Beach Gables Homeowners Association | COURT CASE NO.: |
|---|---|
| DEFENDANT: Sandra Bradley, et al. | 30-2017-00913985-CU-CO-CJC |

**NAMES AND ADDRESSES OF ADDITIONAL JUDGMENT CREDITORS:**

13. Judgment creditor (name and address):

14. Judgment creditor (name and address):

15. ☐ Continued on Attachment 15.

**INFORMATION ON ADDITIONAL JUDGMENT DEBTORS:**

16.             Name and last known address

17.             Name and last known address

Driver's license no. [last 4 digits] and state:              ☐ Unknown

Social security no. [last 4 digits]:              ☐ Unknown

Summons was personally served at or mailed to (address):

Driver's license no. [last 4 digits] and state:              ☐ Unknown

Social security no. [last 4 digits]:              ☐ Unknown

Summons was personally served at or mailed to (address):

18.             Name and last known address

19.             Name and last known address

Driver's license no. [last 4 digits] and state:              ☐ Unknown

Social security no. [last 4 digits]:              ☐ Unknown

Summons was personally served at or mailed to (address):

Driver's license no. [last 4 digits] and state:              ☐ Unknown

Social security no. [last 4 digits]:              ☐ Unknown

Summons was personally served at or mailed to (address):

20. ☐ Continued on Attachment 20.

EJ-001 [Rev. July 1, 2014]

**ABSTRACT OF JUDGMENT—CIVIL
AND SMALL CLAIMS**

Page 2 of 2

Case 8:21-bk-11710-SC   Doc 539-1   Filed 01/31/25   Entered 01/31/25 14:59:05   Desc
Case 8:21-bk-11710-SC   Claim 1-1   Filed 10/22/25   Desacon Main Document   Page 6 of 52
Exhibit Exhibits 1 to 21   Page 66 of 120

| ATTORNEY OR PARTY WITHOUT ATTORNEY:   STATE BAR NO:  118830/ 091950 | FOR COURT USE ONLY |
|---|---|
| NAME: Rian W. Jones, Esq. / Joyce J. Kapsal, Esq. | |
| FIRM NAME: EPSTEN GRINNELL & HOWELL, APC | |
| STREET ADDRESS: 10200 WILLOW CREEK ROAD, SUITE 100 | |
| CITY: SAN DIEGO   STATE: CA   ZIP CODE: 92131 | |
| TELEPHONE NO.: 858-527-0111   FAX NO.: 858-527-1531 | |
| E-MAIL ADDRESS: rjones@epsten.com / jkapsal@epsten.com | |
| ATTORNEY FOR (name): The Huntington Beach Gables Homeowners Association | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF  ORANGE**
STREET ADDRESS: 700 Civic Center Drive West
MAILING ADDRESS: 700 Civic Center Drive West
CITY AND ZIP CODE: Santa Ana, CA 92701
BRANCH NAME: Central Justice Center

PLAINTIFF/PETITIONER: The Huntington Beach Gables Homeowners Association

DEFENDANT/RESPONDENT: Sandra Bradley, et al.

| **PROOF OF ELECTRONIC SERVICE** | CASE NUMBER:
30-2017-00913985-CU-CO-CJC |
|---|---|
| | JUDICIAL OFFICER:
Hon. James L. Crandall |
| | DEPARTMENT:
C-33 |

1.  I am at least 18 years old.
    a.  My residence or business address is *(specify)*: 10200 Willow Creek Road, Suite 100, San Diego, CA  92131

    b.  My electronic service address is *(specify)*: dmorrow@epsten.com

2.  I electronically served the following documents *(exact titles)*:
    ABSTRACT OF JUDGMENT

    ☐ The documents served are listed in an attachment. *(Form POS-050(D)/EFS-050(D) may be used for this purpose.)*

3.  I electronically served the documents listed in 2 as follows:
    a.  Name of person served: Steven A. Fink
        On behalf of *(name or names of parties represented, if person served is an attorney)*:
        Jamie L. Gallian
    b.  Electronic service address of person served : sfink@stevefinklaw.com

    c.  On *(date)*: May 8, 2019

        ☐ The documents listed in item 2 were served electronically on the persons and in the manner described in an attachment. *(Form POS-050(P)/EFS-050(P) may be used for this purpose.)*

Date:   May 8, 2019

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dominique Morrow
_____                          _____
(TYPE OR PRINT NAME OF DECLARANT)                            (SIGNATURE OF DECLARANT)

Page 1 of 1

Form Approved for Optional Use
Judicial Council of California
POS-050/EFS-050 [Rev. February 1, 2017]   **PROOF OF ELECTRONIC SERVICE**
**(Proof of Service/Electronic Filing and Service)**   Cal. Rules of Court, rule 2.251
www.courts.ca.gov
Westlaw Doc & Form Builder

97

THIS IS A CERTIFIED COPY OF THE
RECORD IF IT BEARS THE SEAL, AND
SIGNATURE OF THE ORANGE
COUNTY CLERK-RECORDER.

DATE:_____05/20/2019_____

CERTIFICATION FEE:_____4.00_____

COUNTY CLERK-RECORDER

ORANGE COUNTY
STATE OF CALIFORNIA

98

Case 8:21-bk-11710-SC    Doc 539-1 Filed 01/31/25    Entered 01/31/25 14:59:05    Desc
Case 8:21-bk-11710-ES    Claim 1-1 Filed 10/22/21    Desc Main Document    Page 2 of
Exhibit Exhibits 1 to 21    Page 68 of 120

7

EJ-001

Recorded in Official Records, Orange County
Hugh Nguyen, Clerk-Recorder

**Recording Requested by and When Recorded Mail to**
Joyce J. Kapsal        SBN: 091950
Epsten Grinnell & Howell, APC
10200 WILLOW CREEK ROAD, SUITE 100
SAN DIEGO, CA 92131
TEL NO: 858-527-0111    FAX NO (optional): 858-527-1531
E-MAIL ADDRESS (optional):
[X] ATTORNEY  [X] JUDGMENT      [ ] ASSIGNEE
    FOR        CREDITOR          OF RECORD

```
*SR0010480491S*  97.00
2018000435011 2:30 pm 11/19/18
7 413 A03  2
0.00 0.00 0.00 0.00 3.00 10.00 0.000.0075.00 3.00
```

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE
STREET ADDRESS 700 Civic Center Drive West
MAILING ADDRESS: 700 Civic Center Drive West
CITY AND ZIP CODE: Santa Ana, CA 92701
BRANCH NAME: Central Justice Center

FOR RECORDER'S USE ONLY

PLAINTIFF: The Huntington Beach Gables Homeowners Association
DEFENDANT: Jamie L. Gallian

CASE NUMBER
30-2017-00913985-CU-CO-CJC

**ABSTRACT OF JUDGMENT—CIVIL**
**AND SMALL CLAIMS**        [ ] Amended

FOR COURT USE ONLY

Pursuant to California Government Code § 68150(f), the Clerk of the Court hereby certifies this document accurately reflects the official court record. The electronic signature and seal on this document have the same validity and legal force and effect as an original clerk's signature and court seal. California Government Code § 68150(g).

1. The [X] judgment creditor    [ ] assignee of record
   applies for an abstract of judgment and represents the following:
   a.   Judgment debtor's
        Name and last known address
        ┌─────────────────────────────────┐
        │ Jamie L. Gallian                │
        │ 4476 Alderport Drive #53        │
        │ Huntington Beach, CA 92649      │
        └─────────────────────────────────┘
   b.   Driver's license no. [last 4 digits] and state: 0742 / CA    [ ] Unknown
   c.   Social security no. [last 4 digits]: xxx-xx-3936            [ ] Unknown
   d.   Summons or notice of entry of sister-state judgment was personally served or mailed to (name and address):
        Jamie L. Gallian, 4476 Alderport Drive #53, Huntington Beach, CA 92649

2. [ ] Information on additional judgment debtors is shown on page 2.

3. Judgment creditor (name and address):
   The Huntington Beach Gables Homeowners Association
   c/o Epsten Grinnell & Howell, 10200 Willow
   Creek Rd, Ste 100, San Diego, CA 92131
   Date: November 9, 2018
   Joyce J. Kapsal
   (TYPE OR PRINT NAME)

4. [ ] Information on additional judgment creditors is shown on page 2.

5. [ ] Original abstract recorded in this county:
   a. Date:
   b. Instrument No.:

   ▶ _____
     (SIGNATURE OF APPLICANT OR ATTORNEY)

6. Total amount of judgment as entered or last renewed:
   $ 3,070.00

7. All judgment creditors and debtors are listed on this abstract.

8. a. Judgment entered on (date): 9/27/2018 [sanctions]
   b. Renewal entered on (date):

9. [ ] This judgment is an installment judgment.

10. [ ] An    [ ] execution lien    [ ] attachment lien
       is endorsed on the judgment as follows:
    a. Amount: $
    b. In favor of (name and address):

11. A stay of enforcement has
    a. [X] not been ordered by the court.
    b. [ ] been ordered by the court effective until (date):

12. a. [X] I certify that this is a true and correct abstract of the judgment entered in this action.
    b. [ ] A certified copy of the judgment is attached.

David H. Yamasaki, Clerk of the Court

This abstract issued on (date):
11/16/2018

Clerk, by _____ S.Wilson
                           , Deputy

Form Adopted for Mandatory Use
Judicial Council of California
EJ-001 [Rev. July 1, 2014]

**ABSTRACT OF JUDGMENT—CIVIL**
**AND SMALL CLAIMS**

Page 1 of 2
Code of Civil Procedure, §§ 488.480, 674, 700.190
Westlaw Doc & Form Builder

IT
20
10
FF
SO
PL

99

| PLAINTIFF: The Huntington Beach Gables Homeowners Association | COURT CASE NO.: |
|---|---|
| DEFENDANT: Jamie L. Gallian | 30-2017-00913985-CU-CO-CJC |

NAMES AND ADDRESSES OF ADDITIONAL JUDGMENT CREDITORS:

13. Judgment creditor *(name and address):*        14. Judgment creditor *(name and address):*

15. ☐ Continued on Attachment 15.

INFORMATION ON ADDITIONAL JUDGMENT DEBTORS:

16.        Name and last known address

Driver's license no. [last 4 digits] and state:        ☐ Unknown
Social security no. (last 4 digits):        ☐ Unknown
Summons was personally served at or mailed to *(address):*

17.        Name and last known address

Driver's license no. [last 4 digits] and state:        ☐ Unknown
Social security no. (last 4 digits):        ☐ Unknown
Summons was personally served at or mailed to *(address):*

18.        Name and last known address

Driver's license no. [last 4 digits] and state:        ☐ Unknown
Social security no. [last 4 digits]:        ☐ Unknown
Summons was personally served at or mailed to *(address):*

19.        Name and last known address

Driver's license no. [last 4 digits] and state:        ☐ Unknown
Social security no. [last 4 digits]:        ☐ Unknown
Summons was personally served at or mailed to *(address):*

20. ☐ Continued on Attachment 20.

EJ-001 [Rev. July 1, 2014]        **ABSTRACT OF JUDGMENT—CIVIL
AND SMALL CLAIMS**        Page 2 of 2

100

**EJ-001**

Recording Requested by and When Recorded Mail to
Joyce J. Kapsal / Pejman D.    SBN: 091950 / 279260
EPSTEN GRINNELL & HOWELL, APC
10200 Willow Creek Road, Suite 100
San Diego, CA 92131
TEL NO: 858-527-0111    FAX NO. (optional): 858-527-1531
E-MAIL ADDRESS (Optional): jkapsal@epsten.com /
| X | ATTORNEY FOR | X | JUDGMENT CREDITOR | | ASSIGNEE OF RECORD |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE
STREET ADDRESS: 700 Civic Center Drive West
MAILING ADDRESS: 700 Civic Center Drive West
CITY AND ZIP CODE: Santa Ana, CA 92701
BRANCH NAME: Central Justice Center

FOR RECORDER'S USE ONLY

| PLAINTIFF: The Huntington Beach Gables Homeowners Association | CASE NUMBER |
| DEFENDANT: Sandra Bradley, et al. | 30-2017-00913985-CU-CO-CJC |

| ABSTRACT OF JUDGMENT—CIVIL AND SMALL CLAIMS | X Amended | FOR COURT USE ONLY |

Pursuant to California Government Code § 68150(f), the Clerk of the Court hereby certifies this document accurately reflects the official court record. The electronic signature and seal on this document have the same validity and legal force and effect as an original clerk's signature and court seal. California Government Code § 68150(g).

1. The [X] judgment creditor [ ] assignee of record applies for an abstract of judgment and represents the following:
   a. Judgment debtor's
      Name and last known address

   ┌─────────────────────────────────┐
   │ Jamie L. Gallian                │
   │ 4476 Alderport Drive #53        │
   │ Huntington Beach, CA 92649      │
   └─────────────────────────────────┘

   b. Driver's license no. [last 4 digits] and state: 0742 / CA [ ] Unknown
   c. Social security no. [last 4 digits]: xxx-xx-3936 [ ] Unknown
   d. Summons or notice of entry of sister-state judgment was personally served or mailed to (name and address):
      4476 Alderport Drive #53, Huntington Beach, CA 92649

2. [ ] Information on additional judgment debtors is shown on page 2.
3. Judgment creditor (name and address):
   The Huntington Beach Gables Homeowners Association
   c/o Epsten Grinnell & Howell, 10200 Willow
   Creek Rd, Ste 100, San Diego, CA 92131
   Date: May 8, 2019
   Joyce J. Kapsal
   (TYPE OR PRINT NAME)

4. [ ] Information on additional judgment creditors is shown on page 2.
5. [ ] Original abstract recorded in this county:
   a. Date:
   b. Instrument No.:

   ► _____
   (SIGNATURE OF APPLICANT OR ATTORNEY)

6. Total amount of judgment as entered or last renewed:
   $ 319,653.59
7. All judgment creditors and debtors are listed on this abstract.
8. a. Judgment entered on (date): 5/6/2019 [9/27/2018 sanctions]
   b. Renewal entered on (date):

9. [ ] This judgment is an installment judgment.

[SEAL]

David H. Yamasaki, Clerk of the Court

This abstract issued on (date):
May 14, 2019

10. [ ] An [ ] execution lien [ ] attachment lien is endorsed on the judgment as follows:
    a. Amount: $
    b. In favor of (name and address):

11. A stay of enforcement has
    a. [X] not been ordered by the court.
    b. [ ] been ordered by the court effective until (date):
12. a. [X] I certify that this is a true and correct abstract of the judgment entered in this action.
    b. [ ] A certified copy of the judgment is attached.

Clerk, by    Mary Johnson    Mary M Johnson
                                              Deputy

Form Adopted for Mandatory Use
Judicial Council of California
EJ-001 [Rev. July 1, 2014]

ABSTRACT OF JUDGMENT—CIVIL
AND SMALL CLAIMS

Page 1 of 2
Code of Civil Procedure, §§ 488.480, 674, 700.190
Westlaw Doc & Form Builder®

101

| PLAINTIFF: The Huntington Beach Gables Homeowners Association<br>DEFENDANT: Sandra Bradley, et al. | COURT CASE NO.:<br>30-2017-00913985-CU-CO-CJC |

**NAMES AND ADDRESSES OF ADDITIONAL JUDGMENT CREDITORS:**

13. Judgment creditor (name and address):

14. Judgment creditor (name and address):

15. ☐ Continued on Attachment 15.

**INFORMATION ON ADDITIONAL JUDGMENT DEBTORS:**

16.          Name and last known address

17.          Name and last known address

Driver's license no. [last 4 digits] and state:   ☐ Unknown

Social security no. [last 4 digits]:   ☐ Unknown

Summons was personally served at or mailed to (address):

Driver's license no. [last 4 digits] and state:   ☐ Unknown

Social security no. [last 4 digits]:   ☐ Unknown

Summons was personally served at or mailed to (address):

18.          Name and last known address

19.          Name and last known address

Driver's license no. [last 4 digits] and state:   ☐ Unknown

Social security no. [last 4 digits]:   ☐ Unknown

Summons was personally served at or mailed to (address):

Driver's license no. [last 4 digits] and state:   ☐ Unknown

Social security no. [last 4 digits]:   ☐ Unknown

Summons was personally served at or mailed to (address):

20. ☐ Continued on Attachment 20.

EJ-001 [Rev. July 1, 2014]

**ABSTRACT OF JUDGMENT—CIVIL
AND SMALL CLAIMS**

Page 2 of 2

POS-050/EFS-050

| ATTORNEY OR PARTY WITHOUT ATTORNEY     STATE BAR NO: 118830/ 091950 | FOR COURT USE ONLY |
|---|---|
| NAME: Rian W. Jones, Esq. / Joyce J. Kapsal, Esq.<br>FIRM NAME: EPSTEN GRINNELL & HOWELL, APC<br>STREET ADDRESS: 10200 WILLOW CREEK ROAD, SUITE 100<br>CITY: SAN DIEGO     STATE: CA     ZIP CODE: 92131<br>TELEPHONE NO: 858-527-0111     FAX NO: 858-527-1531<br>E-MAIL ADDRESS: rjones@epsten.com / jkapsal@epsten.com<br>ATTORNEY FOR (name) The Huntington Beach Gables Homeowners Association | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF  ORANGE | |
|---|---|
| STREET ADDRESS: 700 Civic Center Drive West<br>MAILING ADDRESS: 700 Civic Center Drive West<br>CITY AND ZIP CODE: Santa Ana, CA 92701<br>BRANCH NAME: Central Justice Center | |

| PLAINTIFF/PETITIONER: The Huntington Beach Gables Homeowners Association | CASE NUMBER:<br>30-2017-00913985-CU-CO-CJC |
|---|---|
| DEFENDANT/RESPONDENT: Sandra Bradley, et al. | JUDICIAL OFFICER:<br>Hon. James L. Crandall |
| PROOF OF ELECTRONIC SERVICE | DEPARTMENT:<br>C-33 |

1.  I am at least 18 years old.

   a.  My residence or business address is *(specify):* 10200 Willow Creek Road, Suite 100, San Diego, CA  92131

   b.  My electronic service address is *(specify):* dmorrow@epsten.com

2.  I electronically served the following documents *(exact titles):*
   ABSTRACT OF JUDGMENT

   ☐ The documents served are listed in an attachment. *(Form POS-050(D)/EFS-050(D) may be used for this purpose.)*

3.  I electronically served the documents listed in 2 as follows:
   a.  Name of person served: Steven A. Fink
      On behalf of *(name or names of parties represented, if person served is an attorney):*
      Jamie L. Gallian
   b.  Electronic service address of person served : sfink@stevefinklaw.com

   c.  On *(date):* May 8, 2019

   ☐ The documents listed in item 2 were served electronically on the persons and in the manner described in an attachment.
   *(Form POS-050(P)/EFS-050(P) may be used for this purpose.)*

Date:   May 8, 2019

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dominique Morrow
_____                              _____
(TYPE OR PRINT NAME OF DECLARANT)                                        (SIGNATURE OF DECLARANT)

Page 1 of 1

| Form Approved for Optional Use<br>Judicial Council of California<br>POS-050/EFS-050 [Rev. February 1, 2017] | **PROOF OF ELECTRONIC SERVICE**<br>**(Proof of Service/Electronic Filing and Service)** | Cal. Rules of Court, rule 2.251<br>www.courts.ca.gov<br>Westlaw Doc & Form Builder |
|---|---|---|

ELECTRONICALLY RECEIVED
Superior Court of California,
County of Orange
04/02/2019 at 09:13:17 AM
Clerk of the Superior Court
By Natasha Doriente, Deputy Clerk

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

MAY 06 2019

DAVID H. YAMASAKI, Clerk of the Court

BY:_____,DEPUTY

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF ORANGE, CENTRAL JUSTICE CENTER

| | |
|---|---|
| THE HUNTINGTON BEACH GABLES HOMEOWNERS ASSOCIATION, a California Nonprofit Mutual Benefit Corporation,<br><br>Plaintiff,<br><br>v.<br><br>SANDRA L. BRADLEY, individually and as Trustee of the Sandra L. Bradley Trust; JAMIE L. GALLIAN, an individual; and DOES 1 through 25, inclusive,<br><br>Defendants. | CASE NO. 37-2017-00913985-CU-CO-CJC<br><br>Judge: James L. Crandall<br>Dept.: C33<br><br>[PROPOSED] JUDGMENT IN FAVOR OF PLAINTIFF THE HUNTINGTON BEACH GABLES HOMEOWNERS ASSOCIATION AND AGAINST DEFENDANT JAMIE L. GALLIAN<br><br>Complaint Filed: April 11, 2017<br>First Amended Complaint filed: May 16, 2017<br>Trial Date: September 9, 2019 |

In this action for Breach of Governing Documents (Architectural Violations) and Nuisance Defendant Jamie L. Gallian was personally served with the Summons and Complaint on May 24, 2017. Defendant Gallian filed an answer to the Complaint, and to the First Amended Complaint. Subsequently, due to her failure to timely respond to discovery, on February 13, 2019 the Court ordered that Defendant's Answer to the Plaintiff's First Amended Complaint be stricken, and on February 13, 2019 entered the default against Defendant. Pursuant to the Court's order of February 13, 2019, Plaintiff The Huntington Beach Gables Homeowners Association has presented evidence of its costs for abating the nuisance caused by Defendant Gallian, as alleged in the First Amended Complaint.

3000002v1

JUDGMENT IN FAVOR OF PLAINTIFF AND AGAINST DEFENDANT JAMIE L. GALLIAN

1    Upon the Application of Plaintiff, The Huntington Beach Gables Homeowners

2    Association for judgment against Defendant, and upon having reviewed the evidence and

3    declarations, and proof having been made to the satisfaction of this Court, the Court finds in

4    favor of Plaintiff, The Huntington Beach Gables Homeowners Association ("Association"), and

5    against Defendant, Jamie L. Gallian ("Defendant") on all causes of action in the First Amended

6    Complaint filed herein on May 16, 2017.

7         IT IS HEREBY ADJUDGED, ORDERED AND DECREED, as follows:

8         1.    As to the First Cause of Action for Breach of Contract, the Court finds that

9    Defendant breached the Association's Governing Documents, including the "Declaration of

10   Covenants, Conditions and Restrictions for Huntington Beach Gables" containing the covenants,

11   conditions and restrictions which governing the properties located within the Association,

12   which was recorded on May 28, 1980, as Document No. 1980-28926 ("CC&Rs");

13        2.    At all times mentioned herein, Defendant was the tenant of, resident of, and/or

14   claimed some interest in the condominium unit located within the Association commonly known

15   as 4476 Alderport Drive, Unit 53, Huntington Beach, CA 92649 ("Subject Property");

16        3.    As a result of Defendant's breach of contract, Plaintiff's damages include the cost

17   of repairing damage to the Common Area caused by Defendant's failing to adhere to the

18   architectural guidelines and specifications with respect to the construction of the patio cover and

19   by constructing a concrete pad and installing an air conditioning unit on the exterior of

20   Defendant's Subject Property which encroached upon the Association's common area and

21   destroying the Association's landscaping;

22        4.    As the Second Cause of Action for Nuisance, the Court finds that Defendant

23   created conditions on the Subject Property that are an annoyance and nuisance to the Association

24   and its residents, and as a result, the Association has incurred attorneys' fees and costs in

25   connection with abating the nuisance;

26        5.    Plaintiff is entitled to recover its reasonable attorneys' fees and costs from

27   Defendant pursuant to Civil Code section 5975(c) and Article XIV, Section 14, 7 of the

28   Association's CC&Rs;

2

300560241    JUDGMENT IN FAVOR OF PLAINTIFF AND AGAINST DEFENDANT JAMIE L. GALLIAN

1   6.   Plaintiff is further entitled to recover its costs to repair damage to the Common

2   Area caused by unauthorized installation of the concrete pad and air conditioning unit, causing

3   extensive damage to the landscaping pursuant to the CC&Rs, Article XIV, Section 14.8 as well

4   as costs for removal of the concrete pad and landscaping repairs;

5   7.   Association as Plaintiff, as the prevailing party in the action and pursuant to Civil

6   Code section 5975(c) and Article XIV, Section 14. 7 of the Association's CC&Rs, shall recover

7   from Defendant its legal costs in the amount of $ *10,693.12* and attorneys' fees in the amount of

8   $ *178,362*. Plaintiff shall also recover concrete removal and landscaping repair costs in the

9   amount of $1,295.00;

10   8.   Association as Cross-Defendant, as the prevailing party in the action and

11   pursuant to Civil Code section 5975(c) and Article XIV, Section 14. 7 of the Association's

12   CC&Rs, shall recover from Cross-Complainant its legal costs in the amount of $ *6,050.47*

13   and attorneys' fees in the amount of $ *120,183*

14   9.   Judgment is hereby entered in favor of Plaintiff The Huntington Beach Gables

15   Homeowners Association for recovery of its attorney's fees and costs, and costs for concrete

16   removal and landscaping repair costs, against Defendant Jamie L. Gallian, and Defendant is

17   ordered to pay said sums to Plaintiff;

18   10.   Plaintiff The Huntington Beach Gables Homeowners Association is awarded

19   judgment in the total amount of $ ~~315,586.83~~ *$316,583.59*, which will accrue interest at the rate of

20   ten (10%) per annum from the date judgment is entered herein, until paid in full; and

21   11.   Pursuant to Code of Civil Procedure §§ 685.040, 685.080, Defendant Jamie L.

22   Gallian shall pay to Plaintiff any and all sums reasonably incurred by Plaintiff in enforcing the

23   Judgment.

24   IT IS SO ORDERED.

25

26   Dated: *5-6-*      , 2019

27   The Honorable James L. Crandall
Judge of the Superior Court

28

3
JUDGMENT IN FAVOR OF PLAINTIFF AND AGAINST DEFENDANT JAMIE L. GALLIAN

# EXHIBIT 11

| Fill in this information to identify the case: |
|---|

| Debtor 1 | Jamie Gallian |
| Debtor 2 | |
| (Spouse, if filing) | |
| United States Bankruptcy Court | **Central District of California** |
| Case number: | **21–11710** |

**FILED**

U.S. Bankruptcy Court
Central District of California

10/2/2024

Kathleen J. Campbell, Clerk

## Official Form 410
# Proof of Claim

04/22

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. **Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

| Part 1: | Identify the Claim |
|---|---|

**1. Who is the current creditor?**

Jamie Lynn Gallian

Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**

☑ No
☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

Jamie Lynn Gallian

Name

16222 Monterey Ln #376
Huntington Beach, CA 92649

Contact phone   714–321–3449

Contact email
  JAMIEGALLIAN@GMAIL.COM

Uniform claim identifier for electronic payments in chapter 13 (if you use one):
_____

Where should payments to the creditor be sent? (if different)

Name

Contact phone _____

Contact email _____

**4. Does this claim amend one already filed?**

☑ No
☐ Yes. Claim number on court claims registry (if known) _____   Filed on _____
                                                                MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☑ No
☐ Yes. Who made the earlier filing? _____

Official Form 410                     Proof of Claim                     page 1

108

Case 8:21-bk-11710-SC   Doc 539-1   Filed 01/31/25   Entered 01/31/25 14:59:05   Desc
Case 8:21-bk-11710-SC   Claim 3-1   Filed 10/02/24   Desc Main Document   Page 2 of 3
Exhibit Exhibits 1 to 12   Page 78 of 120

**Part 2:** **Give Information About the Claim as of the Date the Case Was Filed**

| 6. Do you have any number you use to identify the debtor? | ☐ No ☑ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: | 1116 |
|---|---|---|

| 7. How much is the claim? | $ 225000.00 | **Does this amount include interest or other charges?** ☑ No ☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A). |
|---|---|---|

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as healthcare information.

LOAN TO CERTIFICATE OF LEGAL OWNER FOR REAL PROP
LEASEHOLD RESIDENCY APPLICANT SPACE 376 J–SANDCASTLE
11/18/2018

**9. Is all or part of the claim secured?**

☐ No
☑ Yes. The claim is secured by a lien on property.
**Nature of property:**
☐ Real estate.   If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410–A) with this *Proof of Claim.*
☐ Motor vehicle
☑ Other. Describe:   SPACE 376 2014 SKYLINE CUSSTOM VILLA HOM

**Basis for perfection:**   SEC.AGREE/PROM NOTE

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

| Value of property: | $ 385000.00 | |
|---|---|---|
| Amount of the claim that is secured: | $ 225000.00 | |
| Amount of the claim that is unsecured: | $ 0.00 | (The sum of the secured and unsecured amounts should match the amount in line 7.) |

Amount necessary to cure any default as of the date of the petition:   $ 225000.00

Annual Interest Rate (when case was filed)   5.5   %

☑ Fixed
☐ Variable

| 10. Is this claim based on a lease? | ☑ No ☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $ _____ |
|---|---|

| 11. Is this claim subject to a right of setoff? | ☑ No ☐ Yes. Identify the property: _____ |
|---|---|

Case 8:21-bk-11710-SC    Doc 539-1    Filed 01/31/25    Entered 01/31/25 14:59:05    Desc
Case 8:21-bk-11710-SC    Claim 7-1    Filed 10/02/24    Desc Main Document    Page 3 of 3
Exhibit Exhibits 1 to 12    Page 79 of 120

| 12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? | ☑ No | | |
|---|---|---|---|
| | ☐ Yes. *Check all that apply:* | | Amount entitled to priority |
| A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | | $ _____ |
| | ☐ Up to $3,350 * of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | | $ _____ |
| | ☐ Wages, salaries, or commissions (up to $15,150 *) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | | $ _____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | | $ _____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | | $ _____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies | | $ _____ |
| | * Amounts are subject to adjustment on 4/01/25 and every 3 years after that for cases begun on or after the date of adjustment. | | |

## Part 3:  Sign Below

| The person completing this proof of claim must sign and date it. FRBP 9011(b). | Check the appropriate box: |
|---|---|
| | ☑ I am the creditor. |
| If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is. | ☐ I am the creditor's attorney or authorized agent. |
| | ☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004. |
| | ☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005. |
| **A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.** 18 U.S.C. §§ 152, 157 and 3571. | I understand that an authorized signature on this Proof of Claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt. |
| | I have examined the information in this Proof of Claim and have a reasonable belief that the information is true and correct. |
| | I declare under penalty of perjury that the foregoing is true and correct. |

Executed on date     10/2/2024

       MM / DD / YYYY

/s/  JAMIE LYNN GALLIAN
_____

Signature

Print the name of the person who is completing and signing this claim:

| Name | JAMIE LYNN GALLIAN |
|---|---|
| | First name    Middle name    Last name |
| Title | LENDER/HOLDER |
| Company | |
| | Identify the corporate servicer as the company if the authorized agent is a servicer |
| Address | 16222 MONTEREY LN. UNIT 376 |
| | Number  Street |
| | HUNTINGTON BEACH, CA 92649 |
| | City  State  ZIP Code |
| Contact phone | 714–321–3449     Email    JAMIEGALLIAN@GMAIL.COM |

# Security Agreement

This security agreement is between J-SANDCASTLE CO. LLC, a(n) California limited liability company (the **"Borrower"**) and

JAMIE LYNN GALLIAN, an individual (the **"Lender"**).

The Borrower is indebted to the Lender in the amount of $225000 (the **"Loan"**). The Loan is evidenced by a promissory note

effective on the same date as this agreement (the **"Note"**), a copy of which is attached as **Exhibit A**. The Note and this agreement

are collectively referred to as the **"Loan Documents."**

To induce the Lender to provide Loan to the Borrower as evidenced by the Note, the Borrower has agreed to enter into this security

agreement for the benefit of the Lender and to grant the Lender a security interest in the Secured Property (as defined below) to

secure the prompt payment, performance, and discharge in full of the Borrower's obligations under the Note.

The parties therefore agree as follows:

## 1. GRANT OF SECURITY INTEREST.

The Borrower grants to the Lender a security interest in the Secured Property (as defined in section 2 below) to secure payment of

the Loan.

## 2. SECURED PROPERTY.

The secured property consists of all of the Borrower's interest as of the effective date of this agreement in the following properties

and rights, wherever located, whether now owned or existing or later acquired and arising (the **"Secured Property"**): SERIAL

NUMBER AC7V710394GB, AC7V710394GA; DECAL NUMBER LBM1081; ASSESSOR'S PARCEL NUMBER 891-569-62

## 3. INDEBTEDNESS.

This agreement is made to secure payment when due of the Loan. The Loan includes:

(a) all obligations of the Borrower to the Lender under the Note;

(b) all amendments, renewals, or extensions of the above;

(c) all costs incurred by the Lender in establishing, determining, continuing, or defending the validity or priority of its security interest, or in pursuing its rights under this agreement or any other Loan Document or in connection with any proceeding involving the Lender as a result of any financial accommodation to the Borrower; and

(d) all other costs of collecting the Loan, including attorneys' fees.

The Borrower shall reimburse the Lender for these expenses immediately on demand, and until paid all costs shall bear interest at the highest per year rate applicable to the Loan and permitted by law.

**4. REAFFIRMATION OF LOAN.**

The Borrower hereby reaffirms its obligation for the full and punctual payment and performance of the Note and all other obligations of the Borrower under the Note.

**5. BORROWER'S OBLIGATIONS.**

(a) The Borrower shall pay the Loan at the time and in the manner provided in the Note;

(b) The Borrower shall ensure that the Secured Property remains free of all security interests other than the rights of the Lender created by this agreement;

(c) The Borrower will defend the Lender's interest in the Secured Property against the claims of all other persons; and

(d) The Borrower may not transfer any Secured Property while this agreement is in effect without the prior written consent of the Lender, which consent may be withheld or given in the Lender's sole discretion.

**6. RECORDING OF AGREEMENT.**

On the effective date of this agreement, the Borrower will record this agreement and any security instrument creating a security interest on the Secured Property as required by law to protect the security interest of the Lender on the Secured Property. The Borrower shall pay all filing fees and associated expenses incident to this recordation.

## 7. EVENTS OF DEFAULT.

The Borrower will be in default under this agreement if any of the following occurs:

(a) A default in the payment of the Loan or any of the obligations contained in this agreement or in the Loan Documents;

(b) Any representation made to the Lender by the Borrower proving to have been false in any material respect when made;

(c) Loss, theft, substantial damage, or destruction, or any sale or encumbrance to which the Lender did not consent in writing, of the Secured Property, or the making of a levy, seizure, or attachment on that property; or

(d) An Event of Default, as defined in the Note.

## 8. REMEDIES FOR EVENTS OF DEFAULT.

If an Event of Default occurs, the Lender may declare the Loan immediately due. In addition, the Lender will have all of the remedies set forth below, and these remedies are cumulative, so that the Lender may exercise one or more of these remedies until the Loan is paid in full without right of reinstatement, disgorgement, or repayment by reason of a preference, other creditor action, or by operation of law:

(a) cause all or any portion of the Secured Property to be registered in its name or the name of its nominee, designee, or assignee;

(b) have the exclusive right to receive all distributions with respect to the Secured Property;

(c) dispose of the Secured Property, at private or public sale, without advertisement of the time or place of the sale (or any adjournment), free of any right of redemption by the Borrower (this right of redemption being expressly waived by the Borrower), at the price, in the manner, and to the purchaser (including the Lender) that the Lender determines in its sole discretion. The proceeds of this sale will be applied to the Loan and the sale expenses (and the Borrower will remain liable for any deficiencies); or

(d) all other rights and remedies arising under this agreement or applicable law.

## 9. RESPONSIBILITY FOR SECURED PROPERTY.

The Borrower assumes all responsibility for the Secured Property, and the Loan will not be affected by the loss, destruction,

damage, or theft of any of the Secured Property or its unavailability for any reason. The Lender

(a) has no duty (either before or after an Event of Default) to collect any amounts related to the Secured Property or to preserve

any rights relating to the Secured Property, and

(b) has no obligation to clean up or otherwise prepare the Secured Property for sale.

The Borrower remains obligated under each agreement included in the Secured Property. The exercise of the Lender of any rights

under this agreement does not release the Borrower from its obligations under the agreements included in the Secured Property.

The Lender has no liability under the agreements included in the Secured Property.

**10. TERMINATION.**

This agreement and all rights of the Lender under this agreement will terminate when the Lender is satisfied that the Loan and all

other obligations of the Borrower under the Loan Documents are paid and performed in full without reinstatement, disgorgement, or

repayment by reason of a preference, other credit or action, or operation of law.

**11. INCONSISTENCIES.**

If any provision of this agreement is inconsistent with any provision in the Note, the provisions of this agreement will control.

**12. GOVERNING LAW.**

(a) **Choice of Law.** The laws of the state of California govern this agreement (without giving effect to its conflicts of law principles).

(b) **Choice of Forum.** Both parties consent to the personal jurisdiction of the state and federal courts in ORANGE, California.

**13. AMENDMENTS.**

No amendment to this agreement will be effective unless it is in writing and signed by both parties.

**14. ASSIGNMENT AND DELEGATION.**

(a) **No Assignment.** The Borrower may not assign any of its rights under this note. All voluntary assignments of rights are limited

by this subsection.

(b) **No Delegation.** The Borrower may not delegate any performance under this note.

(c) **Enforceability of an Assignment or Delegation.** If a purported assignment or purported delegation is made, or if both are made, in violation of this section, it is void and they are void.

## 15. COUNTERPARTS; ELECTRONIC SIGNATURES.

(a) **Counterparts.** The parties may execute this agreement in any number of counterparts, each of which is an original but all of which constitute one and the same instrument.

(b) **Electronic Signatures.** This agreement, agreements ancillary to this agreement, and related documents entered into in connection with this agreement are signed when a party's signature is delivered by facsimile, email, or other electronic medium. These signatures must be treated in all respects as having the same force and effect as original signatures.

## 16. SEVERABILITY.

If any one or more of the provisions contained in this agreement is, for any reason, held to be invalid, illegal, or unenforceable in any respect, that invalidity, illegality, or unenforceability will not affect any other provisions of this agreement, but this agreement will be construed as if those invalid, illegal, or unenforceable provisions had never been contained in this agreement, unless the deletion of those provisions would result in such a material change as to cause completion of the transactions contemplated by this agreement to be unreasonable.

## 17. NOTICES.

(a) **Writing; Permitted Delivery Methods.** Each party giving or making any notice, request, demand, or other communication required or permitted by this agreement shall give that notice in writing and use one of the following types of delivery, each of which is a writing for purposes of this agreement: personal delivery, mail (registered or certified mail, postage prepaid, return-receipt requested), nationally recognized overnight courier (fees prepaid), facsimile, or email.

(b) **Addresses.** A party shall address notices under this section to a party at the following addresses:

If to the Borrower:

J-SANDCASTLE CO. LLC

5782 Pinon Drive

Huntington Beach, California 92649

jamiegallian@gmail.com

If to the Lender:

JAMIE LYNN GALLIAN

16222 Monterey Ln Sp. 376

Huntington Beach, California 92649

jamiegallian@gmail.com

(c) **Effectiveness.** A notice is effective only if the party giving notice complies with subsections (a) and (b) and if the recipient

receives the notice.

**18. WAIVER.**

No waiver of a breach, failure of any condition, or any right or remedy contained in or granted by the provisions of this agreement

will be effective unless it is in writing and signed by the party waiving the breach, failure, right, or remedy. No waiver of any breach,

failure, right, or remedy will be deemed a waiver of any other breach, failure, right, or remedy, whether or not similar, and no waiver

will constitute a continuing waiver, unless the writing so specifies.

**19. ENTIRE AGREEMENT.**

This agreement, together with the other Loan Documents, constitutes the final agreement of the parties. It is the complete and

exclusive expression of the parties' agreement with respect to the subject matter of this agreement. All prior and contemporaneous

communications, negotiations, and agreements between the parties relating to the subject matter of this agreement are expressly

merged into and superseded by this agreement. The provisions of this agreement may not be explained, supplemented, or qualified

by evidence of trade usage or a prior course of dealings. Neither party was induced to enter this agreement by, and neither party is

relying on, any statement, representation, warranty, or agreement of the other party except those set forth expressly in this

agreement. Except as set forth expressly in this agreement, there are no conditions precedent to this agreement's effectiveness.

## 20. HEADINGS.

The descriptive headings of the sections and subsections of this agreement are for convenience only, and do not affect this

agreement's construction or interpretation.

## 21. EFFECTIVENESS.

This agreement will become effective when all parties have signed it. The date this agreement is signed by the last party to sign it

(as indicated by the date associated with that party's signature) will be deemed the date of this agreement.

## 22. NECESSARY ACTS; FURTHER ASSURANCES.

Each party shall use all reasonable efforts to take, or cause to be taken, all actions necessary or desirable to consummate and

make effective the transactions this agreement contemplates or to evidence or carry out the intent and purposes of this agreement.

[SIGNATURE PAGE FOLLOWS]

Each party is signing this agreement on the date stated opposite that party's signature.

J-SANDCASTLE CO. LLC

Date:_____     By:_____

Name: JAMIE L GALLIAN
Title: MEMBER

## ATTACHEMENT

I, JAMIE L. GALLIAN, MEMBER of J-Sandcastle Co, LLC certify under

penalty of perjury that the contents of this Document are true.

I declare I am the person who executed this instrument in my capacity

as the sole Member of J-Sandcastle Co, LLC which execution is my act

and deed.

Signed this 16th day of November, 2018, at Huntington Beach, CA 92649

Jamie L. Gallian
MEMBER, J-Sandcastle Co LLC

118

Date:_____    By:_____

                         Name: JAMIE LYNN GALLIAN

## ATTACHEMENT

I, JAMIE L. GALLIAN, certify under penalty of perjury,

that the contents of this Document are true.

I declare I am the person who executed this instrument, which execution

is my act and deed.

Signed this 16th day of November, 2018, at Huntington Beach, CA 92649


Jamie L. Gallian

EXHIBIT A

Attach copy of promissory note

78

121

# Secured Promissory Note (Fully Amortized)

$225000                                                                        11/16/2018

                                                        Huntington Beach, California

On or before 12/31/2048, for value received, the undersigned J-SANDCASTLE CO. LLC (the **"Borrower"**) promises to pay to the

order of JAMIE LYNN GALLIAN (the **"Holder"**), in the manner and at the place provided below, the principal sum of $225000.

## 1. PAYMENT.

All payments of principal and interest under this note will be made in lawful money of the United States, without offset, deduction, or

counterclaim, by wire transfer of immediately available funds to an account designated by the Holder in writing at least 10 days

after the effective date of this note or, if this designation is not made, by check mailed to the Holder at 16222 Monterey Ln Sp. 376,

Huntington Beach, California, 92649, or at such other place as the Holder may designate in writing.

## 2. MONTHLY INSTALLMENT PAYMENTS.

Principal and interest will be payable in 360 consecutive monthly installments of $1278.00, beginning on or before 12/15/2018 and

continuing on the 15th day of each month, until the principal and interest have been paid in full. Each payment will be credited first

to interest and then to principal, and interest will cease to accrue on any principal paid. Acceptance by the Holder of any payment

differing from the designated installment payment listed above does not relieve the Borrower of the obligation to honor the

requirements of this note.

## 3. INTEREST.

Interest on the unpaid principal balance of this note is payable from the date of this note until this note is paid in full, at the rate of

5.5% per year, or the maximum amount allowed by applicable law, whichever is less. Accrued interest will be computed on the

basis of a 365-day or 366-day year, as the case may be, based on the actual number of days elapsed in the period in which it

accrues.

## 4. PREPAYMENT.

The Borrower may prepay this note, in whole or in part, at any time before maturity without penalty or premium. Any partial prepayment will be credited first to accrued interest, then to principal. No prepayment extends or postpones the maturity date of this note.

## 5. SECURITY FOR PAYMENT.

This note is secured by certain assets of the Borrower in accordance with a separate security agreement dated 11/16/2018 between the Holder and the Borrower (the **"Security Agreement"**). If an Event of Default (defined below) occurs, the Holder will have the rights set forth below and in the Security Agreement.

## 6. EVENTS OF DEFAULT.

Each of the following constitutes an **"Event of Default"** under this note:

   (a) the Borrower's failure to make any payment when due under the terms of this note, including the final payment due under this note when fully amortized;

   (b) the filing of any voluntary or involuntary petition in bankruptcy by or regarding the Borrower or the initiation of any proceeding under bankruptcy or insolvency laws against the Borrower;

   (c) an assignment made by the Borrower for the benefit of creditors; or

   (d) the appointment of a receiver, custodian, trustee, or similar party to take possession of the Borrower's assets or property.

## 7. ACCELERATION; REMEDIES ON DEFAULT.

If any Event of Default occurs, all principal and other amounts owed under this note will become immediately due without any action by the Holder, the Borrower, or any other person. The Holder, in addition to any rights and remedies available to the Holder under this note, may, in its sole discretion, pursue any legal or equitable remedies available to it under applicable law or in equity, including taking any of the following actions:

(a) personally, or by agents or attorneys (in compliance with applicable law), take immediate possession of the collateral. To that end, the Holder may pursue the collateral where it may be found, and enter the Borrower's remises, with or without notice, demand, process of law, or legal procedure if this can be done without breach of the peace. If the premises on which any part of the collateral is located are not under the Borrower's direct control, the Borrower will exercise its best efforts to ensure that the Holder is promptly provided right of access to those premises. To the extent that the Borrower's consent would otherwise be required before a right of access could be granted, the Borrower hereby irrevocably grants that consent;

(b) require the Borrower to assemble the collateral and make it available to the Holder at a place to be designated by the Holder that is reasonably convenient to both parties (it being acknowledged that the Borrower's premises are reasonably convenient to the Borrower);

(c) sell, lease, or dispose of the collateral or any part of it in any manner permitted by applicable law or by contract; and

(d) exercise all rights and remedies of a secured party under applicable law.

## 8. WAIVER OF PRESENTMENT; DEMAND.

The Borrower hereby waives presentment, demand, notice of dishonor, notice of default or delinquency, notice of protest and nonpayment, notice of costs, expenses or losses and interest on those, notice of interest on interest and late charges, and diligence in taking any action to collect any sums owing under this note, including (to the extent permitted by law) waiving the pleading of any statute of limitations as a defense to any demand against the undersigned. Acceptance by the Holder or any other holder of this note of any payment differing from the designated payments listed does not relieve the undersigned of the obligation to honor the requirements of this note.

## 9. GOVERNING LAW.

(a) **Choice of Law.** The laws of the state of California govern this note (without giving effect to its conflicts of law principles).

(b) **Choice of Forum.** Both parties consent to the personal jurisdiction of the state and federal courts in Orange, California.

## 10. COLLECTION COSTS AND ATTORNEYS' FEES.

The Borrower shall pay all expenses of the collection of indebtedness evidenced by this note, including reasonable attorneys' fees and court costs in addition to other amounts due.

## 11. ASSIGNMENT AND DELEGATION.

(a) **No Assignment.** The Borrower may not assign any of its rights under this note. All voluntary assignments of rights are limited by this subsection.

(b) **No Delegation.** The Borrower may not delegate any performance under this note.

(c) **Enforceability of an Assignment or Delegation.** If a purported assignment or purported delegation is made in violation of this section, it is void.

## 12. SEVERABILITY.

If any one or more of the provisions contained in this note is, for any reason, held to be invalid, illegal, or unenforceable in any respect, that invalidity, illegality, or unenforceability will not affect any other provisions of this note, but this note will be construed as if those invalid, illegal, or unenforceable provisions had never been contained in it, unless the deletion of those provisions would result in such a material change so as to cause completion of the transactions contemplated by this note to be unreasonable.

## 13. NOTICES.

(a) **Writing; Permitted Delivery Methods.** Each party giving or making any notice, request, demand, or other communication required or permitted by this note shall give that notice in writing and use one of the following types of delivery, each of which is a writing for purposes of this note: personal delivery, mail (registered or certified mail, postage prepaid, return-receipt requested), nationally recognized overnight courier (fees prepaid), facsimile, or email.

(b) **Addresses.** A party shall address notices under this section to a party at the following addresses:

If to the Borrower:

J-Sandcastle Co. LLC

82

125

5782 Pinon Drive

Huntington Beach, California 92649

jamiegallian@gmail.com

If to the Holder:

Jamie Lynn Gallian

16222 Monterey Ln Sp. 376

Huntington Beach, California 92649

jamiegallian@gmail.com

(c) **Effectiveness.** A notice is effective only if the party giving notice complies with subsections (a) and (b) and if the recipient receives the notice.

## 14. WAIVER.

No waiver of a breach, failure of any condition, or any right or remedy contained in or granted by the provisions of this note will be effective unless it is in writing and signed by the party waiving the breach, failure, right, or remedy. No waiver of any breach, failure, right, or remedy will be deemed a waiver of any other breach, failure, right, or remedy, whether or not similar, and no waiver will constitute a continuing waiver, unless the writing so specifies.

## 15. HEADINGS.

The descriptive headings of the sections and subsections of this note are for convenience only, and do not affect this note's construction or interpretation.

[SIGNATURE PAGE FOLLOWS]

Each party is signing this agreement on the date stated opposite that party's signature.

J-Sandcastle Co. LLC

Date:_____    By:_____

Name: Jamie L Gallian

Title: Member

Date:_____    By:_____

Name: Jamie Lynn Gallian

127

## ATTACHEMENT

I, JAMIE L. GALLIAN, MEMBER of J-Sandcastle Co, LLC certify under

penalty of perjury that the contents of this Document are true.

I declare I am the person who executed this instrument in my capacity

as the sole Member of J-Sandcastle Co, LLC which execution is my act

and deed.

Signed this 16th day of November, 2018, at Huntington Beach, CA 92649

Jamie L. Gallian

MEMBER, J-Sandcastle Co LLC

128

## ATTACHEMENT

I, JAMIE L. GALLIAN, certify under penalty of perjury,

that the contents of this Document are true.

I declare I am the person who executed this instrument, which execution

is my act and deed.

Signed this 16th day of November, 2018, at Huntington Beach, CA 92649

Jamie L. Gallian

STATE OF CALIFORNIA - BUSINESS, CONSUMER SERVICES, AND HOUSING                                    GAVIN NEWSOM, Governor

**DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT**
. DIVISION OF CODES AND STANDARDS



## Title Search
Date Printed: Jan 18, 2019

| | | | |
|---|---|---|---|
| Decal #: | LBM1081 | Use Code: | SFD |
| Manufacturer: | SKYLINE HOMES INC | Original Price Code: | BVH |
| Tradename: | CUSTOM VILLA | Rating Year: | |
| Model: | | Tax Type: | LPT |
| Manufactured Date: | 05/29/2014 | Last ILT Amount: | |
| Registration Exp: | | Date ILT Fees Paid: | |
| First Sold On: | 07/28/2014 | ILT Exemption: | NONE |

| Serial Number | HUD Label / Insignia | Length | Width |
|---|---|---|---|
| AC7V710394GA | PFS1130282 | 60' | 15' 2" |
| AC7V710394GB | PFS1130281 | 56' | 15' 2" |

Registered Owner:

J-SANDCASTLE CO LLC
16222 MONTEREY LANE ROOM 376
HUNTINGTON BEACH, CA 92649

| | |
|---|---|
| Last Title Date: | 09/10/2014 |
| Last Reg Card: | Pending Reg Card |
| Sale/Transfer Info: | Price $175,000.00 Transferred on 11/01/2018 |

Situs Address:

16222 MONTEREY LN SPACE 376
HUNTINGTON BEACH, CA  92649
Situs County: ORANGE

### ***END OF TITLE SEARCH***

## STATE OF CALIFORNIA - DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT
## REGISTRATION CARD

Manufactured Home

**Decal: LBM1081**

| Manufacturer ID/Name | Trade Name | Model | | DOM | DFS | RY | Exp. Date |
|---|---|---|---|---|---|---|---|
| 90002   SKYLINE HOMES INC | CUSTOM VILLA | | | 05/29/2014 | 07/28/2014 | | |

| Serial Number | Label/Insignia Number | Weight | Length | Width | Issued |
|---|---|---|---|---|---|
| AC7V710394GB | PFS1130281 | 22,383 | 56' | 15' 2" | Jan 19, 2019 |
| AC7V710394GA | PFS1130282 | 25,058 | 60' | 15' 2" | |

Addressee

J-SANDCASTLE CO LLC
16222 MONTEREY LANE ROOM 376
HUNTINGTON BEACH, CA 92649



Registered Owner(s)

J-SANDCASTLE CO LLC
16222 MONTEREY LANE ROOM 376
HUNTINGTON BEACH, CA 92649

Situs Address

16222 MONTEREY LN SPACE 376
HUNTINGTON BEACH, CA 92649

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**ATTENTION OWNER:**

THIS IS THE REGISTRATION CARD FOR THE
UNIT DESCRIBED ABOVE. PLEASE KEEP THIS
CARD IN A SAFE PLACE WITHIN THE UNIT.

**INSTRUCTIONS FOR RENEWAL:**

REGISTRATION FOR THIS UNIT EXPIRES ON THE
DATE INDICATED ABOVE IN THE BOX LABELED
"Exp. Date". THERE ARE SUBSTANTIAL
PENALTIES FOR DELINQUENCY. IF YOU DO NOT
RECEIVE A RENEWAL NOTICE WITHIN 10 DAYS
PRIOR TO THE EXPIRATION DATE, CONTACT
H.C.D. FOR RENEWAL INSTRUCTIONS.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**IMPORTANT**

THE OWNER INFORMATION SHOWN ABOVE MAY NOT REFLECT ALL LIENS RECORDED WITH THE
DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT AGAINST THE DESCRIBED UNIT. THE
CURRENT TITLE STATUS OF THE UNIT MAY BE CONFIRMED THROUGH THE DEPARTMENT.

DTN: 10670236

01192019 - 1

## STATE OF CALIFORNIA - DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT
### CERTIFICATE OF TITLE

Manufactured Home

Decal: **LBM1081**

| Manufacturer ID/Name | Trade Name | Model | | DOM | DFS | RV |
|---|---|---|---|---|---|---|
| 90002  SKYLINE HOMES INC | CUSTOM VILLA | | .. | 05/29/2014 | 07/28/2014 | |
| Serial Number | Label/Insignia Number | Weight | Length | Width | Issued | |
| AC7V710394GB | PFS1130281 | 22,383 | 56' | 15' 2" | Jan 19, 2019 | |
| AC7V710394GA | PFS1130282 | 25,068 | 60' | 15' 2" | | |

**Addressee**

J-SANDCASTLE CO LLC
16222 MONTEREY LANE ROOM 376
HUNTINGTON BEACH, CA  92649

**Registered Owner(s)**

J-SANDCASTLE CO LLC
16222 MONTEREY LANE ROOM 376
HUNTINGTON BEACH, CA 92649

**Situs Address**

16222 MONTEREY LN SPACE 376
HUNTINGTON BEACH, CA 92649

**IMPORTANT**
THE OWNER INFORMATION SHOWN ABOVE MAY NOT REFLECT ALL LIENS RECORDED WITH THE
DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT AGAINST THE DESCRIBED UNIT. THE
CURRENT TITLE STATUS OF THE UNIT MAY BE CONFIRMED THROUGH THE DEPARTMENT.

DTN: 10670236

01192019 - 2

STATE OF CALIFORNIA
BUSINESS, CONSUMER SERVICES AND HOUSING AGENCY
DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT
DIVISION OF CODES AND STANDARDS
REGISTRATION AND TITLING PROGRAM



## STATEMENT TO ENCUMBER

---

**SECTION I.**      **DESCRIPTION OF UNIT**

---

This unit is a (check one):

[X] Manufactured Home, Mobilehome, Multifamily Manufactured Home  [ ] Commercial Modular  [ ] Truck Camper  [ ] Floating Home

The Decal (License) Number(s) is: __LBM1081__

The Trade Name is: __SKYLINE HOMES CUSTOM VILLA__

The Serial Number(s) is: __AC7V710394GB/GA__

---

**SECTION II.**      **LEGAL OWNER INFORMATION**

---

I/We are releasing legal owner interest in the above-described unit to encumber the title (record a lien) in
favor of:

__Ronald J. Pierpont, Member JPad LLC__
(Name of New Legal Owner)

Address: __16222 MONTEREY LN. #376 HUNTINGTON BEACH, CA 92649__
Street Address or P.O. Box                     City                     State          Zip

---

**SECTION III.**      **CERTIFICATION**

---

I/We certify under penalty of perjury under the laws of the State of California that the foregoing is true and
correct.

Executed on __8/20/2020__  at  HUNTINGTON  BEACH, CALIFORNIA
                Date                          City                          State

Signature of each registered owner:                     Printed name of each registered owner:

_Jamie L. Gallian, member_                        J-SANDCASTLE CO LLC JAMIE L.GALLIAN, MEMBER

_____                        _____

_____                        _____

Address: __16222 MONTEREY LN #376 HUNTINGTON BEACH, CA 92649__
Street Address or P. O. Box                     City                     State          Zip

HCD 484.7 (Rev. 11/14)

133

## ACKNOWLEDGMENT

A notary public or other officer completing this
certificate verifies only the identity of the individual
who signed the document to which this certificate is
attached, and not the truthfulness, accuracy, or
validity of that document.

State of California
County of _____ ORANGE _____ )

On _AUG,28,2020_____ before me, _ALEX MAJDPOUR NOTARY PUBLIC_
                                        (insert name and title of the officer)

personally appeared _JAMIE LYNN GALLIAN_____

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are
subscribed to the within instrument and acknowledged to me that he/she/they executed the same in
his/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the
person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing
paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____        (Seal)

Case 8:21-bk-11710-SC   Claim 7-1 Part 2   Filed 10/02/24   Desc Attachment 1   Page
28 of 38



| | |
|---|---|
| DTN: | **12153896** |
| Decal: | **LBM1081** |
| Unit ID: | 252606085 |
| Trans Type: | L/O Assignment |
| Trans Date: | 02/01/2021 |
| Trade Name: | CUSTOM VILLA |
| Serial #: | AC7V710394GA, AC7V710394GB |
| Insignia # | PFS1130281, PFS1130282 |

Status Date:     02/23/2021     User Name:     SHAH, KIRAN

# STATE OF CALIFORNIA - DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT
## REGISTRATION CARD

Manufactured Home

Decal: **LBM1081**

| Manufacturer ID/Name | Trade Name | Model | DOM | DFS | RY | Exp. Date |
|---|---|---|---|---|---|---|
| 90002   SKYLINE HOMES INC | CUSTOM VILLA | | 05/29/2014 | 07/28/2014 | | |

| Serial Number | Label/Insignia Number | Weight | Length | Width | Issued | |
|---|---|---|---|---|---|---|
| AC7V710394GB | PFS1130281 | 22,383 | 56' | 15' 2" | Feb 24, 2021 | |
| AC7V710394GA | PFS1130282 | 25,068 | 60' | 15' 2" | | |

**Addressee**

J-SANDCASTLE CO LLC
16222 MONTEREY LANE ROOM 376
HUNTINGTON BEACH, CA 92649



**Registered Owner(s)**

J-SANDCASTLE CO LLC
16222 MONTEREY LANE ROOM 376
HUNTINGTON BEACH, CA 92649

**Situs Address**

16222 MONTEREY LN SPACE 376
HUNTINGTON BEACH, CA 92649

**Legal Owner(s)**

RONALD J PIERPONT
JPAD LLC
Tenants in Common Or
16222 MONTEREY LN SPACE 376
HUNTINGTON BEACH, CA 92649

Lien Perfected On:   08/20/20 11:58:00

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**ATTENTION OWNER:**

THIS IS THE REGISTRATION CARD FOR THE
UNIT DESCRIBED ABOVE.  PLEASE KEEP THIS
CARD IN A SAFE PLACE WITHIN THE UNIT.

**INSTRUCTIONS FOR RENEWAL:**

REGISTRATION FOR THIS UNIT EXPIRES ON THE
DATE INDICATED ABOVE IN THE BOX LABELED
"Exp. Date". THERE ARE SUBSTANTIAL
PENALTIES FOR DELINQUENCY.  IF YOU DO NOT
RECEIVE A RENEWAL NOTICE WITHIN 10 DAYS
PRIOR TO THE EXPIRATION DATE, CONTACT
H.C.D. FOR RENEWAL INSTRUCTIONS.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**IMPORTANT**

THE OWNER INFORMATION SHOWN ABOVE MAY NOT REFLECT ALL LIENS RECORDED WITH THE
DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT AGAINST THE DESCRIBED UNIT.  THE
CURRENT TITLE STATUS OF THE UNIT MAY BE CONFIRMED THROUGH THE DEPARTMENT.

DTN: 12153896

02242021 - 1

STATE OF CALIFORNIA - DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT

## CERTIFICATE OF TITLE

Manufactured Home                    Decal:  **LBM1081**

| Manufacturer ID/Name | Trade Name | Model | | DOM 05/29/2014 | DFS 07/28/2014 | RY |
|---|---|---|---|---|---|---|
| 90002   SKYLINE HOMES INC | CUSTOM VILLA | | | | | |
| Serial Number | Label/Insignia Number | Weight | Length | Width | Issued | |
| AC7V710394GB | PFS1130281 | 22,383 | 56' | 15' 2" | Feb 24, 2021 | |
| AC7V710394GA | PFS1130282 | 25,068 | 60' | 15' 2" | | |

**Addressee**

RONALD J PIERPONT
16222 MONTEREY LN SPACE 376
HUNTINGTON BEACH, CA  92649

**Registered Owner(s)**

J-SANDCASTLE CO LLC
16222 MONTEREY LANE ROOM 376
HUNTINGTON BEACH, CA 92649

**Situs Address**

16222 MONTEREY LN SPACE 376
HUNTINGTON BEACH, CA 92649

**Legal Owner(s)**

RONALD J PIERPONT
JPAD LLC
Tenants in Common Or
16222 MONTEREY LN SPACE 376
HUNTINGTON BEACH, CA 92649

Lien Perfected On:          08/20/20 11:58:00

**IMPORTANT**

THE OWNER INFORMATION SHOWN ABOVE MAY NOT REFLECT ALL LIENS RECORDED WITH THE
DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT AGAINST THE DESCRIBED UNIT. THE
CURRENT TITLE STATUS OF THE UNIT MAY BE CONFIRMED THROUGH THE DEPARTMENT.

DTN: 12153896                                                           02242021 - 2

Case 8:21-bk-11710-SC    Claim 7-1 Part 2    Filed 10/02/24    Desc Attachment 2    Page

STATE OF CALIFORNIA
BUSINESS, CONSUMER SERVICES AND HOUSING AGENCY
DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT
DIVISION OF CODES AND STANDARDS
REGISTRATION AND TITLING PROGRAM



## LIEN SATISFIED

---

**SECTION I.        DESCRIPTION OF UNIT**

---

This unit is a:

☑ Manufactured Home/Mobilehome  ☐ Commercial Modular  ☐ Floating Home  ☐ Truck Camper

The Decal (License) No.(s) of the unit is: LBM1081

The Trade Name of the unit is: CUSTOM VILLA

The Serial No.(s) of the unit is: AC7V710394GB/AC7V710394GA

---

**SECTION II.        DEBTOR(S) NAME(S)**

---

Name of Debtor(s): J-SANDCASTLE CO, LLC

---

**SECTION III.        LIENHOLDER'S CERTIFICATION**

---

This is to certify that our/my lien in the name(s) of the debtor(s) shown above against the described
unit has been fully satisfied and has not been assigned to any other party.

I/We certify under penalty of perjury that the foregoing is true and correct.

Print or Type Name of Legal Owner or Jr. Lienholder (Lender):

J-PAD LLC OR RONALD J. PIERPONT

Signature of Legal Owner, Jr. Lienholder (Lender) or their Authorized Agent:

*Ronald J. Pierpont*                                        Date  7/9/2021

Address ___16222 MONTEREY LN. #376___    ___HUNTINGTON BEACH,___    ___CA___    ___92649___
         Street Address or P.O. Box                  City                      State        Zip

HCD RT 475.3 (Rev. 07/16)

**STATE OF CALIFORNIA - DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT**

## CERTIFICATE OF TITLE

Manufactured Home                    Decal:  **LBM1081**

| Manufacturer ID/Name | Trade Name | Model | | DOM | DFS | RY |
|---|---|---|---|---|---|---|
| 90002    SKYLINE HOMES INC | CUSTOM VILLA | | | 05/29/2014 | 07/28/2014 | |
| Serial Number | Label/Insignia Number | Weight | Length | Width | Issued | |
| AC7V710394GB | PFS1130281 | 22,383 | 56' | 15' 2" | Feb 24, 2021 | |
| AC7V710394GA | PFS1130282 | 25,068 | 60' | 15' 2" | | |

**Addressee**

RONALD J PIERPONT
16222 MONTEREY LN SPACE 376
HUNTINGTON BEACH, CA 92649

*JUL 14 2021*

**Registered Owner(s)**

J-SANDCASTLE CO LLC
16222 MONTEREY LANE ROOM 376
HUNTINGTON BEACH, CA 92649

**Situs Address**

16222 MONTEREY LN SPACE 376
HUNTINGTON BEACH, CA 92649

**Legal Owner(s)**

RONALD J PIERPONT
JPAD LLC
Tenants in Common Or
16222 MONTEREY LN SPACE 376
HUNTINGTON BEACH, CA 92649

Lien Perfected On:       08/20/20 11:58:00

12313525

**IMPORTANT**
THE OWNER INFORMATION SHOWN ABOVE MAY NOT REFLECT ALL LIENS RECORDED WITH THE
DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT AGAINST THE DESCRIBED UNIT.  THE
CURRENT TITLE STATUS OF THE UNIT MAY BE CONFIRMED THROUGH THE DEPARTMENT.

DTN: 12153896                                              02242021 - 2



DTN:                    **12313525**

Decal:                  **LBM1081**

Unit ID:                252606085

Trans Type:             R/O Transfer - No Sale

Trans Date:             07/14/2021

Trade Name:             CUSTOM VILLA

Serial #:               AC7V710394GA, AC7V710394GB

Insignia #              PFS1130281, PFS1130282

Status Date:    08/02/2021    User Name:    SHAH, KIRAN

## STATE OF CALIFORNIA - DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT
### CERTIFICATE OF TITLE
Manufactured Home

Decal: **LBM1081**

| Manufacturer ID/Name | Trade Name | Model | | DOM 05/29/2014 | DFS 07/28/2014 | RV |
|---|---|---|---|---|---|---|
| 90002   SKYLINE HOMES INC | CUSTOM VILLA | | | | | |
| Serial Number | Label/Insignia Number | Weight | Length | Width | Issued Aug 03, 2021 | |
| AC7V710394GB | PFS1130281 | 22,383 | 56' | 15' 2" | | |
| AC7V710394GA | PFS1130282 | 25,068 | 60' | 15' 2" | | |

**Addressee**
JAMIE LYNN GALLIAN
16222 MONTEREY LN SPACE 376
HUNTINGTON BEACH, CA 92649

**Registered Owner(s)**
JAMIE LYNN GALLIAN
16222 MONTEREY LN SPACE 376
HUNTINGTON BEACH, CA 92649

**Situs Address**
16222 MONTEREY LN SPACE 376
HUNTINGTON BEACH, CA 92649

I hereby certify that this copy is a true and correct copy of
the original document on file with the Department of
Housing & Community Development.

Signature

### IMPORTANT
THE OWNER INFORMATION SHOWN ABOVE MAY NOT REFLECT ALL LIENS RECORDED WITH THE
DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT AGAINST THE DESCRIBED UNIT. THE
CURRENT TITLE STATUS OF THE UNIT MAY BE CONFIRMED THROUGH THE DEPARTMENT.

DTN: 12313525

08032021 - 2

## STATE OF CALIFORNIA - DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT
### REGISTRATION CARD

Manufactured Home

Decal: LBM1081

| Manufacturer ID/Name<br>90002   SKYLINE HOMES INC | Trade Name<br>CUSTOM VILLA | Model | | DOM<br>05/29/2014 | DFS<br>07/28/2014 | RY | Exp. Date |
|---|---|---|---|---|---|---|---|
| Serial Number<br>AC7V710394GB<br>AC7V710394OA | Label/Insignia Number<br>PFS1130281<br>PFS1130282 | Weight<br>22,383<br>25,068 | Length<br>56'<br>60' | Width<br>15' 2"<br>15' 2" | Issued<br>Aug 03, 2021 | | |

**Addressee**

JAMIE LYNN GALLIAN
16222 MONTEREY LN SPACE 376
HUNTINGTON BEACH, CA 92649



**Registered Owner(s)**

JAMIE LYNN GALLIAN
16222 MONTEREY LN SPACE 376
HUNTINGTON BEACH, CA 92649

**Situs Address**

16222 MONTEREY LN SPACE 376
HUNTINGTON BEACH, CA 92649

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
**ATTENTION OWNER:**

THIS IS THE REGISTRATION CARD FOR THE
UNIT DESCRIBED ABOVE. PLEASE KEEP THIS
CARD IN A SAFE PLACE WITHIN THE UNIT.

**INSTRUCTIONS FOR RENEWAL:**

REGISTRATION FOR THIS UNIT EXPIRES ON THE
DATE INDICATED ABOVE IN THE BOX LABELED
"Exp. Date". THERE ARE SUBSTANTIAL
PENALTIES FOR DELINQUENCY. IF YOU DO NOT
RECEIVE A RENEWAL NOTICE WITHIN 10 DAYS
PRIOR TO THE EXPIRATION DATE, CONTACT
H.C.D. FOR RENEWAL INSTRUCTIONS.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

I hereby certify that this copy is a true and correct copy of
the original document on file with the Department of
Housing & Community Development.

_____
Signature

**IMPORTANT**
THE OWNER INFORMATION SHOWN ABOVE MAY NOT REFLECT ALL LIENS RECORDED WITH THE
DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT AGAINST THE DESCRIBED UNIT. THE
CURRENT TITLE STATUS OF THE UNIT MAY BE CONFIRMED THROUGH THE DEPARTMENT.

DTN: 12313525

08032021 - 1



| DTN: | 13413446 |
| --- | --- |
| Decal: | LBM1081 |
| Unit ID: | 252606085 |
| Trans Type: | L/O Remove |
| Trans Date: | 08/06/2024 |
| Trade Name: | CUSTOM VILLA |
| Serial #: | AC7V710394GA, AC7V710394GB |
| Insignia # | PFS1130281, PFS1130282 |

Status Date:   08/08/2024   User Name:   GEREN, MARSHELLE

Manufactured Home

**Decal: LBM1081**

| Manufacturer ID/Name | | Trade Name | Model | | DOM | DFS | RY | Exp. Date |
|---|---|---|---|---|---|---|---|---|
| 90002 | SKYLINE HOMES INC - CLOSED | CUSTOM VILLA | | | 05/29/2014 | 07/28/2014 | | |

| Serial Number | Label/Insignia Number | Weight | Length | Width | Issued |
|---|---|---|---|---|---|
| AC7V710394GB | PFS1130281 | 22,383 | 56' | 15' 2" | Aug 09, 2024 |
| AC7V710394GA | PFS1130282 | 25,068 | 60' | 15' 2" | |

**Addressee**

JAMIE LYNN GALLIAN
16222 MONTEREY LN SPACE 376
HUNTINGTON BEACH, CA 92649



**Registered Owner(s)**

JAMIE LYNN GALLIAN
16222 MONTEREY LN SPACE 376
HUNTINGTON BEACH, CA 92649

**Situs Address**

16222 MONTEREY LN SPACE 376
HUNTINGTON BEACH, CA 92649

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
**ATTENTION OWNER:**

THIS IS THE REGISTRATION CARD FOR THE
UNIT DESCRIBED ABOVE. PLEASE KEEP THIS
CARD IN A SAFE PLACE WITHIN THE UNIT.

INSTRUCTIONS FOR RENEWAL:

REGISTRATION FOR THIS UNIT EXPIRES ON THE
DATE INDICATED ABOVE IN THE BOX LABELED
"Exp. Date". THERE ARE SUBSTANTIAL
PENALTIES FOR DELINQUENCY. IF YOU DO NOT
RECEIVE A RENEWAL NOTICE WITHIN 10 DAYS
PRIOR TO THE EXPIRATION DATE, CONTACT
H.C.D. FOR RENEWAL INSTRUCTIONS.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**IMPORTANT**
THE OWNER INFORMATION SHOWN ABOVE MAY NOT REFLECT ALL LIENS RECORDED WITH THE
DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT AGAINST THE DESCRIBED UNIT. THE
CURRENT TITLE STATUS OF THE UNIT MAY BE CONFIRMED THROUGH THE DEPARTMENT.

DTN: 13413446

08092024 - 1

144

Manufactured Home    Decal:    **LBM1081**

| Manufacturer ID/Name | Trade Name | Model | | DOM | DFS | RY |
|---|---|---|---|---|---|---|
| 90002    SKYLINE HOMES INC -<br>CLOSED | CUSTOM VILLA | | | 05/29/2014 | 07/28/2014 | |
| **Serial Number** | **Label/Insignia Number** | **Weight** | **Length** | **Width** | **Issued** | |
| AC7V710394GB | PFS1130281 | 22,383 | 56' | 15' 2" | Aug 09, 2024 | |
| AC7V710394GA | PFS1130282 | 25,068 | 60' | 15' 2" | | |

**Addressee**

JAMIE LYNN GALLIAN
16222 MONTEREY LN SPACE 376
HUNTINGTON BEACH, CA  92649

**Registered Owner(s)**

JAMIE LYNN GALLIAN
16222 MONTEREY LN SPACE 376
HUNTINGTON BEACH, CA 92649

**Situs Address**

16222 MONTEREY LN SPACE 376
HUNTINGTON BEACH, CA 92649

**IMPORTANT**
THE OWNER INFORMATION SHOWN ABOVE MAY NOT REFLECT ALL LIENS RECORDED WITH THE
DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT AGAINST THE DESCRIBED UNIT.  THE
CURRENT TITLE STATUS OF THE UNIT MAY BE CONFIRMED THROUGH THE DEPARTMENT.

DTN: 13413446

08092024 - 2

145

# EXHIBIT 12

# *Roach v. Marshack (In re Roach)*

United States Bankruptcy Appellate Panel for the Ninth Circuit

January 24, 2019, Argued and Submitted at San Diego, California; January 29, 2019, Filed

BAP No. CC-18-1144-KuTaF, CC-18-1160-KuTaF (related)

**Reporter**

2019 Bankr. LEXIS 263 *

In re: ELAINE MARIE *ROACH*, Debtor.ELAINE MARIE *ROACH*, Appellant, v. RICHARD A. MARSHACK, Chapter 7 Trustee, Appellee.

**Notice:** THIS DISPOSITION IS NOT APPROPRIATE FOR PUBLICATION. ALTHOUGH IT MAY BE CITED FOR WHATEVER PERSUASIVE VALUE IT MAY HAVE (SEE *FED. R. APP. P. 32.1*), IT HAS NO PRECEDENTIAL VALUE. SEE 9TH CIR. BAP RULE 8013-1.

**Prior History:** [*1] Appeal from the United States Bankruptcy Court for the Central District of California. Bk. No. 8:17-bk-12091-TA. Honorable Theodor C. Albert, Bankruptcy Judge, Presiding.

**Counsel:** William Miles Burd of Ringstad & Sanders LLP argued for appellant.

Elaine Marie *Roach*; David Edward Hays of Marshack Hays LLP argued for appellee Richard A. Marshack, Chapter 7 Trustee.

**Judges:** Before: KURTZ, TAYLOR, and FARIS, Bankruptcy Judges.

**Opinion by:** KURTZ

# Opinion

**MEMORANDUM**[*]

Chapter 7[1] debtor, Elaine Marie *Roach*, appeals from the bankruptcy court's orders approving the motions filed by the chapter 7 trustee, Richard A. Marshack (Trustee) to: (1) sell Ms. *Roach*'s property (Property) free and clear of liens (Sale Order) (BAP No. 18-1144) and (2) distribute the sale proceeds with payment in full to the first and second lien holders with the remaining proceeds split evenly between the estate and Mutual of Omaha Bank (Omaha Bank) pursuant to a court-approved compromise (Distribution Order) (BAP No. 18-1160). We AFFIRM both orders on appeal.

**FACTS**

**A. Prebankruptcy Events**

---

[*] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, *see Fed. R. App. P. 32.1*, it has no precedential value, *see* 9th Cir. BAP Rule 8024-1.

[1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, *11 U.S.C. §§ 101-1532*, and "Rule" references are to the Federal Rules of Bankruptcy Procedure.

Ms. *Roach* was the president and owner of Sesa, Inc. (Sesa), a California corporation. In 2012, Sesa borrowed $937,000 from Omaha Bank. Ms. *Roach* signed a guaranty of Sesa's obligation [*2] which was secured by a third deed of trust against her Property. Sesa defaulted on the loan in November 2016 and soon after closed its doors.

## B. Bankruptcy Events

In May 2017, Ms. *Roach* filed a chapter 7 petition. Mr. Marshack was appointed chapter 7 trustee.

In amended schedules, Ms. *Roach* valued her Property at $1.2 million and listed four secured creditors who held liens against the Property in the total amount of $1,550,095.89: (1) Citimortgage, Inc. - $426,645.17; (2) Bank of America - $468,619.61; (3) Omaha Bank - $634,831.11; and (4) Merhab Robinson, Jackson & Clarkson (Merhab) - $20,000. In amended Schedule C, Ms. *Roach* claimed a homestead exemption in the amount of $75,000. The deadline for objecting to her homestead exemption passed without objection.

Ms. *Roach* did not schedule any litigation claims against Omaha Bank in either her original schedules or her amended schedules but testified at the initial meeting of creditors that she may have such claims against Omaha Bank or its attorney for alleged improper conduct and threats (Litigation Claims).

## 1. Trustee's Compromise With Omaha Bank

Trustee filed a motion seeking an order approving a compromise of the Litigation Claims with [*3] Omaha Bank under *Rule 9019*. The compromise included the following provisions:

3.1 Subordination of one-half of [Omaha Bank's] Claim: Pursuant to *§ 510(c)(1)*, [Omaha Bank] agrees to subordinate 50% of its [Omaha Bank] secured claim to be treated as a general unsecured claim. The other half of the secured [Omaha Bank] Claim shall retain the same validity, priority, and extent that would otherwise exist under California law. Upon a sale of the Property, and after all costs of sale have been paid, senior liens including the approximate $465,000 owed to Bank of America and the approximate $412,000 claim owed to Citimortgage will be paid with the balance otherwise owed to [Omaha Bank] to be split evenly between Omaha Bank and the Estate;

3.2 The lien securing the subordinated portion of [Omaha Bank's] Claim shall be transferred to the Estate. Pursuant to *§ 510(c)(2)*, the lien securing the subordinated half of the [Omaha] Bank's claim would be transferred to the Estate with the Estate receiving all associated rights held by [Omaha] Bank as to the subordinated half of [Omaha] Bank's claim.

. . .

3.4 Release of Estate Claim. In consideration of the subordination provisions of the Agreement, the Estate releases [Omaha Bank], [*4] its officers, directors, shareholders, representatives, employees, lawyers, including the law firm of Mirman, Bubman, & Nahmias, LLP and its attorneys, shareholders, officers, directors, and employees, of any liability arising out of or related to the alleged Litigation Claim.

In a footnote, Trustee explained that he did not believe the subordination provisions set forth in the agreement constituted a "carve-out" subject to the standards set forth in *In re KVN Corporation, 514 B.R. 1, 8 (9th Cir. BAP 2014)*. He asserted, however, that even if considered a carve-out, those standards were met; i.e.: (1) Trustee fulfilled his basic duties; (2) there was a benefit to the estate because up to $317,500 would be distributed; and (3) the terms of the carve-out agreement were fully disclosed to the bankruptcy court.

Although Ms. *Roach* did not file a written opposition to the compromise, her newly hired counsel appeared at the hearing. New counsel advised the bankruptcy court that Ms. *Roach* did not believe she had any claims against Omaha Bank or its counsel and, therefore, she did not object to the release of those claims. However, Ms. *Roach* argued that approval of a carve-out agreement with Omaha Bank was premature until there was an actual offer [*5]

Case 8:21-bk-11710-SC    Doc 539-1    Filed 01/31/25    Entered 01/31/25 14:59:05    Desc
Exhibit Exhibits 1 to 12    Page 118 of 120
Page 3 of 5

2019 Bankr. LEXIS 263, *5

on the Property; only then could the court determine whether a meaningful distribution to unsecured creditors would be made.

In December 2017, the bankruptcy court approved the compromise. No appeal was taken, and the order became final.

## 2. Trustee's Motion to Sell Real Property and Motion to Distribute the Proceeds of the Sale

Trustee filed a motion to sell the Property for $1.3 million and a motion to distribute the proceeds of the sale. Trustee proposed to pay the senior first and second liens in full, current property taxes, a broker's commission, and title and escrow fees. He then proposed to split the remaining proceeds evenly between Omaha Bank and the bankruptcy estate based on the court-approved compromise. Trustee explained that the estate was projected to receive approximately $160,000 from the sale proceeds, which was sufficient to pay administrative claims capped at $100,000, priority claims of $31,700 in full, and to make pro rata distributions to general unsecured creditors. Trustee proposed to reduce his and his firm's administrative fees such that at least $18,520 or about 15% would be distributed to unsecured creditors.

Because the sale proceeds would be exhausted by [*6] the first three deeds of trust recorded against the Property, Trustee maintained that there would be no proceeds available to pay any portion of the fourth deed of trust held by Merhab or anything to Ms. *Roach* on account of her homestead exemption.

In addition, Trustee argued that Ms. *Roach* could not claim an exemption against the projected $160,000 recovered pursuant to the subordination agreement with Omaha Bank because such a claim would be prohibited by *§ 522(g)*. That statute provides that exemptions in property recovered by a trustee under *§ 510(c)(2)* may only be claimed where the recovered property was not voluntarily transferred by the debtor. Here, Ms. *Roach* had voluntarily transferred an interest in her Property to Omaha Bank as security for its loan made to Sesa.

Ms. *Roach* objected to Trustee's motions on the grounds, among others, that Trustee was improperly attempting to sell the Property without paying her on account of her homestead exemption and that the sale failed to meet the *KVN* standards for approval of a carve-out agreement. Ms. *Roach* further argued that the funds going to the estate as part of the carve-out were proceeds from the sale of her Property and subject to her homestead exemption [*7] under the holdings in *In re Wilson, 494 B.R. 502, 506 (Bankr. C.D. Cal. 2013)*, and *In re Reade, 2014 Bankr. LEXIS 1391, 2014 WL 1329808 (Bankr. C.D. Cal. 2014)*. Finally, Ms. *Roach* maintained that Trustee's *§ 522(g)* argument was "nonsensical" since that section applies to property which was voluntarily transferred by the debtor and has been recovered by the trustee. Here, Trustee had recovered nothing.

The bankruptcy court issued a tentative ruling, granting Trustee's motions. The court found that *In re Wilson* and *In re Reade* were factually and legally distinguishable from the instant case because in this case there was an assignment of Omaha Bank's lien to the estate as part of the court-approved compromise. The court noted that homesteads cannot be used to trump voluntary liens and there was no reason that should change just because a lien is assigned to the estate. The court further found that the previously approved compromise met all the requirements of *KVN* and noted that the 15% distribution to unsecured creditors was not de minimus. Finally, the bankruptcy court agreed with Trustee that Ms. *Roach* voluntarily liened the Property for far more than its value. Accordingly, there was no legal or equitable reason for allowing Ms. *Roach* to receive proceeds, at the expense of her creditors, that Trustee was able to pry out [*8] of the Property.

At the hearing on the matter, the court considered whether the subordination provisions constituted a carve-out agreement or an assignment of the money portion of Omaha Bank's lien. The court acknowledged that the agreement between the parties was unclear as to what portion of Omaha Bank's lien was subordinated, but the court did not find the agreement fatally vague. When reading all the motions and orders together, the bankruptcy court found that it was clear there was an assignment to the bankruptcy estate consisting of one-half of the money portion of Omaha Bank's lien such that monies owed to Omaha Bank would be evenly split between Omaha Bank and the estate. In the end, the court found the assignment of the lien made this case different from the carve-out

cases. The bankruptcy court granted Trustee's motions and entered orders accordingly. Ms. *Roach* filed a single notice of appeal from those orders.

## C. Post-appeal Events

By order, the Panel required Ms. *Roach* to file a separate appeal and pay a separate filing fee for each order so that the appeals would proceed as separate matters. The appeal of the Distribution Order was assigned BAP No. 18-1160.

Trustee moved to **[*9]** dismiss the appeal of the Sale Order (BAP No. 18-1144), arguing that it was moot because escrow had closed, there was no stay pending appeal, and the buyers qualified as good faith purchasers under *§ 363(m)*. The Panel denied the motion, finding that effective relief could be granted because the Sale Order granted two types of relief: it approved a sale and it allocated the proceeds. The Panel found that the portion of the order concerning the actual sale transaction was moot since the sale of the Property was made to a good faith purchaser and was not stayed pending appeal. *Paulman v. Gateway Venture Partners III, L.P. (In re Filtercorp, Inc.) 163 F.3d 570, 576 (9th Cir. 1998)*. However, the Panel found that the appeal as to the second relief was not moot because the proceeds had not been distributed (and even if they had, such proceeds could be recovered). Accordingly, the Panel denied the motion without prejudice to reconsideration by the merits panel assigned to this appeal.[2]

## JURISDICTION

The bankruptcy court had jurisdiction pursuant to *28 U.S.C. §§ 1334* and *157(b)(2)(A)* and *(N)*. We have jurisdiction under *28 U.S.C. § 158*.

## ISSUE

Whether the bankruptcy court erred in concluding that Ms. *Roach* was not entitled to claim a homestead exemption in the estate's share of proceeds received from the sale of her Property due to Omaha Bank's assignment **[*10]** to the estate one-half of the money portion of its lien.

## STANDARD OF REVIEW

We review a bankruptcy court's interpretation of its own order for an abuse of discretion. *Rosales v. Wallace (In re Wallace), 490 B.R. 898, 906 (9th Cir. BAP 2013)* (citing *Arenson v. Chicago Mercantile Exch., 520 F.2d 722, 725 (7th Cir.1975))*; *see also Hallett v. Morgan, 296 F.3d 732, 739-40 (9th Cir. 2002)* (special consideration is given to the trial court's interpretation of its own orders); *Colonial Auto Ctr. v. Tomlin (In re Tomlin), 105 F.3d 933, 941 (4th Cir.1997)* (the bankruptcy judge who has presided over a case from its inception is in the best position to clarify the court's rulings).

A bankruptcy court abuses its discretion if it applied the wrong legal standard or its findings were illogical, implausible or without support in the record. *TrafficSchool.com, Inc. v. Edriver Inc., 653 F.3d 820, 832 (9th Cir. 2011)*.

---

[2] Generally, a merits panel is not bound by the decisions of a motions panel. *Stagecoach Utils., Inc. v. Cty. of Lyon (In re Stagecoach Utilities, Inc.), 86 B.R. 229, 230 (9th Cir. BAP 1988)*. We see no reason to reconsider the decision made by the motions panel. The scope of our review in these related appeals is limited to the bankruptcy court's decision regarding the distribution of the sale proceeds.

2019 Bankr. LEXIS 263, *10

## DISCUSSION

These appeals are about Ms. *Roach*'s homestead exemption in proceeds received by the bankruptcy estate after the sale of her Property. In California, the homestead exemption may exceed home equity on the petition date. *Wilson v. Rigby (In re Wilson), 909 F.3d 306, 310 (9th Cir. 2018)*. The allowed amount of the debtor's homestead is determined when the subject property is sold rather than being fixed as of the date the debtor files bankruptcy. *Robertson v. Alsberg (In re Alsberg), 161 B.R. 680, 684 (9th Cir. BAP 1993)*, aff'd *68 F.3d 312 (9th Cir. 1995)*. In this case, the disbursement of proceeds is a result of the bankruptcy court's order approving the compromise between Omaha Bank and Trustee. That order became a final order after the time for appeal passed. Accordingly, we cannot address **[*11]** whether the approval of the compromise or the distribution of proceeds was appropriate or not.

Further, in ruling on Trustee's motions, the bankruptcy court re-examined the meaning of the compromise agreement to determine whether the subordination provisions constituted a carve-out agreement or an assignment of the money portion of Omaha Bank's lien. The bankruptcy court found that although the agreement was unclear as to what portion of Omaha Bank's lien (i.e., the unsecured portion or the secured portion) was subordinated, the agreement was not fatally vague. The bankruptcy court concluded that reading all the motions and orders together, it was clear that there was an assignment to the bankruptcy estate consisting of one-half of the money portion of Omaha Bank's lien such that monies owed to Omaha Bank would be evenly split between Omaha Bank and the estate.

"'We owe substantial deference to the bankruptcy court's interpretation of its own orders and will not overturn that interpretation unless we are convinced that it amounts to an abuse of discretion.'" *Marciano v. Fahs (In re Marciano), 459 B.R. 27, 35 (9th Cir. BAP 2011)* (quoting *Ill. Inv. Trust No. 92-7163 v. Allied Waste Indus. (In re Res. Tech. Corp.), 624 F.3d 376, 386 (7th Cir. 2010))*. The bankruptcy court was in the best position to construe the subordination provisions **[*12]** in the compromise agreement. Considering the record and the plain text of the compromise, we are not convinced that the bankruptcy court's interpretation was an abuse of discretion. Because Omaha Bank assigned the money portion of its lien to the bankruptcy estate, the bankruptcy court properly determined that under the terms of the compromise, Ms. *Roach* was not entitled to claim a homestead exemption in the sale proceeds attributed to the transferred lien.

## CONCLUSION

For these reasons, we AFFIRM both orders on appeal.

---

**End of Document**