JAMIE GALLIAN
16222 Monterey Lane Unit 376
Huntington Beach, CA 92649
714-321-3449
jamiegallian@gmail.com
IN PRO PER

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| IN RE:  JAMIE LYNN GALLIAN ) | Case No.  8:21-bk-11710-SC |
| ) | |
| DEBTOR, ) | Supplemental Opposition |
| ) | Request for Judicial Notice |
| ) | Docket 394 |
| ) | |
| ) | Date February 4, 2025 |
| ) | Time:  11:00 am |
| ) | Ctrm: 5C |
| ) | Location 411 W. Fourth Street |
| ) | Santa Ana, CA 92701 |

TO THE HONORABLE SCOTT C. CLARKSON, UNITED STATES BANKRUPTCY JUDGE, CHAPTER 7 TRUSTEE, AND HIS COUNSEL, US TRUSTEE AND ALL INTERESTED PARTIES:

I, JAMIE GALLIAN, declare as follows: I am a Debtor in the above entitled matter. The following facts are personally known to me and I have first-hand knowledge of the same, or are

-1-

matters of which the court may take judicial notice. If called as a witness, I could and would competently testify thereto under oath.

Debtor Jamie Lynn Gallian responded to the MOTION OBJECTING TO DEBTOR'S CLAIMED HOMESTEAD EXEMPTION IN "PAD" LOCATED AT 16222 MONTEREY LN., SPACE 376, HUNTINGTON BEACH, CA 92649 ("Motion") filed by Creditor, HOUSER BROS. CO. dba RANCHO DEL REY MOBILE HOME ESTATES ("Houser") [Docket 529] and the Joinders filed by The Huntington Beach Gables Homeowners Association ("Gables") [Docket 531] and Jeffrey I. Golden, Chapter 7 Trustee [Docket 533].

**MEMORANDUM OF POINTS AND AUTHORITIES**

**A. Argument**

Debtor Jamie Gallian ("Gallian") currently and has always resided since November 1, 2018, on the land necessary for the dwelling in a 2014 Skyline Custom Villa manufactured home located at 16222 Monterey Lane, Space 376, Huntington Beach, CA 92649 (the "Property"). The land on which the home is located is allegedly owned by Houser Bros Co. This Court, Hon. Erithe A. Smith has determined that Gallian's equitable interest in the Property is exempt under California's Automatic Homestead Exemption pursuant to CCP Sections 704.710(c) and 704.720(a). [Docket 394]. The order upholding Gallian's exemption is final and unappealable.

For the last few months, the Trustee has been marketing the home for sale. This Court approved the Trustee's motion to employ a real estate broker Coldwell Banker to assist with selling the home. However, Jamie Lynn Gallian intends to file a Motion to Compel Abandonment of the home on the grounds that the Trustee is not entitled to sell her home because there is no non-exempt equity in the home and no tangible benefit to the bankruptcy estate to be gained by selling the home. Those issues are not presently before the Court. They will be addressed in Gallian's Motion to Compel Abandonment, and possibly a Motion to Sell if the Trustee files one.

\ -2-

On December 4, 2024, Gallian filed an amended Schedule C asserting an exemption in "16222 Monterey Lane, Unit 376." [Docket 519].  Houser Bros. Co filed the Motion objecting to this claim, which has been joined by The Gables and the Chapter 7 Trustee.  Jamie Lynn Gallian wishes to clarify that she does not claim a fee interest in the land on which her home is located.  Rather, she claims that she has a right to keep her home in place on that land.  Whether she has such a right is presently being litigated in the State Court.  Jamie Lynn Gallian is not asking this Court to resolve that issue.  However, Jamie Lynn Gallian's right to keep her home in place is valuable, and the value of that right is part of her equitable interest in the Property as defined in Judge Smith's decision upholding her exemption.  See, Order Regarding "Order Reversing the Order of the Bankruptcy Court and Remanding for Further Proceedings" Entered by the United States District Court on November 1, 2023 [Docket 394] at 2, lines 2 – 4.  The distinction between the value of a mobile home displaced from its present location and the value in place has been recognized.  See, *21st Mortgage Corp. v. Hayes*, 661 B.R. 231 (N.D. Cal. 2024).  Jamie Lynn Gallian's equitable interest in the Property includes the value of the "box" as well as any value attributable to any right she may have to keep it in place, and all of that value is exempt.

**B. Conclusion**

Jamie Lynn Gallian's exempt interest in the Property was established by the Court's Order after Remand [Docket 394].  Jamie Lynn Gallian's amended claim of exemption [Docket 519] has led to confusion and was arguably unnecessary.  Jamie Lynn Gallian does not object to the Court entering an order that clarifies and establishes that Gallian does not claim or have an interest in the fee title to the land, exempt or otherwise.  However, any such order should also establish that whatever right she may have to keep her mobile home in place, is part of her exempt equitable interest in her home – a 2014 Skyline Custom Villa manufactured home located at 16222 Monterey Lane, Space 376, Huntington Beach, CA 92649, i.e., the Property.

1  I declare under penalty of perjury under the laws of these United States that the

2  foregoing is true and correct.

5      Executed this 31st day of January 2025, at Huntington Beach, California.

7  *Jamie Lynn Gallian*
   JAMIE GALLIAN

United States Bankruptcy Court

Central District of California

| | |
|---|---|
| In re: | Case No. 21-11710-SC |
| Jamie Lynn Gallian | Chapter 7 |
| Debtor | |

## CERTIFICATE OF NOTICE

District/off: 0973-8         User: admin         Page 1 of 2
Date Rcvd: May 15, 2024      Form ID: pdf042    Total Noticed: 1

The following symbols are used throughout this certificate:
**Symbol    Definition**
+           Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on May 17, 2024:**
NONE

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|
| db | + Email/PDF: jamiegallian@gmail.com | May 16 2024 00:12:00 | Jamie Lynn Gallian, 16222 Monterey Ln Unit 376, Huntington Beach, CA 92649-2258 |

TOTAL: 1

## BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.
NONE

## NOTICE CERTIFICATION

I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: May 17, 2024         Signature:    /s/Gustava Winters

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on May 15, 2024 at the address(es) listed below:

| Name | Email Address |
|---|---|
| Aaron E. DE Leest | on behalf of Plaintiff Jeffrey I. Golden adeleest@DanningGill.com danninggill@gmail.com;adeleest@ecf.inforuptcy.com |
| Aaron E. DE Leest | on behalf of Trustee Jeffrey I Golden (TR) adeleest@DanningGill.com danninggill@gmail.com;adeleest@ecf.inforuptcy.com |
| Bradford Barnhardt | on behalf of Plaintiff Houser Bros. Co. bbarnhardt@marshackhays.com bbarnhardt@ecf.courtdrive.com,alinares@ecf.courtdrive.com |
| Bradford Barnhardt | on behalf of Interested Party Courtesy NEF bbarnhardt@marshackhays.com bbarnhardt@ecf.courtdrive.com,alinares@ecf.courtdrive.com |
| Brandon J. Iskander | |

District/off: 0973-8 | User: admin | Page 2 of 2
Date Rcvd: May 15, 2024 | Form ID: pdf042 | Total Noticed: 1

| | |
|---|---|
| | on behalf of Plaintiff The Huntington Beach Gables Homeowners Association biskander@goeforlaw.com kmurphy@goeforlaw.com |
| Brandon J. Iskander | on behalf of Creditor The Huntington Beach Gables Homeowners Association biskander@goeforlaw.com kmurphy@goeforlaw.com |
| D Edward Hays | on behalf of Creditor Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates ehays@marshackhays.com ehays@ecf.courtdrive.com;alinares@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com |
| D Edward Hays | on behalf of Interested Party Courtesy NEF ehays@marshackhays.com ehays@ecf.courtdrive.com;alinares@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com |
| D Edward Hays | on behalf of Plaintiff Houser Bros. Co. ehays@marshackhays.com ehays@ecf.courtdrive.com;alinares@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com |
| Eric P Israel | on behalf of Trustee Jeffrey I Golden (TR) eisrael@danninggill.com danninggill@gmail.com;eisrael@ecf.inforuptcy.com |
| Jeffrey I Golden (TR) | lwerner@go2.law  jig@trustesolutions.net;kadele@go2.law;C205@ecfcbis.com |
| Laila Masud | on behalf of Plaintiff Houser Bros. Co. lmasud@marshackhays.com lmasud@ecf.courtdrive.com;lbuchanan@marshackhays.com;alinares@ecf.courtdrive.com |
| Laila Masud | on behalf of Creditor Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates lmasud@marshackhays.com lmasud@ecf.courtdrive.com;lbuchanan@marshackhays.com;alinares@ecf.courtdrive.com |
| Laila Masud | on behalf of Interested Party Courtesy NEF lmasud@marshackhays.com lmasud@ecf.courtdrive.com;lbuchanan@marshackhays.com;alinares@ecf.courtdrive.com |
| Mark A Mellor | on behalf of Interested Party Courtesy NEF mail@mellorlawfirm.com  mellormr79158@notify.bestcase.com |
| Mark A Mellor | on behalf of Defendant Randall L Nickel mail@mellorlawfirm.com  mellormr79158@notify.bestcase.com |
| Robert P Goe | on behalf of Creditor The Huntington Beach Gables Homeowners Association kmurphy@goeforlaw.com rgoe@goeforlaw.com;goeforecf@gmail.com |
| Robert P Goe | on behalf of Interested Party The Huntington Beach Gables Homeowners Association kmurphy@goeforlaw.com rgoe@goeforlaw.com;goeforecf@gmail.com |
| Robert P Goe | on behalf of Plaintiff The Huntington Beach Gables Homeowners Association kmurphy@goeforlaw.com rgoe@goeforlaw.com;goeforecf@gmail.com |
| Shantal Malmed | on behalf of Trustee Jeffrey I Golden (TR) smalmed@danninggill.com |
| Shantal Malmed | on behalf of Plaintiff Jeffrey I. Golden smalmed@danninggill.com |
| United States Trustee (SA) | ustpregion16.sa.ecf@usdoj.gov |
| Valerie Smith | on behalf of Interested Party Courtesy NEF claims@recoverycorp.com |

TOTAL: 23

**FILED & ENTERED**

MAY 15 2024

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY jle            DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>**JAMIE LYNN GALLIAN**<br><br>Debtor, | 8:23-CV-00001-DSF<br>Case No. 8:21-bk-11710-SC<br><br>Chapter: 7<br><br>**ORDER REGARDING "ORDER REVERSING THE ORDER OF THE BANKRUPTCY COURT AND REMANDING FOR FURTHER PROCEEDINGS" ENTERED BY THE DISTRICT COURT ON NOVEMBER 1, 2023** |

On December 29, 2022, Houser Bros. Co. dba Rancho Del Rey Mobile Estates ("Houser Bros.) appealed this Court's Order Granting Debtor's Motion for Reconsideration of the Court's August 5, 2022 Order Sustaining Objection to Debtor's Homestead Exemption entered on December 19, 2022 ("Reconsideration Order") in the above referenced bankruptcy case. Houser Bros. elected to have its appeal heard by the United States District Court ("District Court"). On November 1, 2023, the District Court entered its Order Reversing the Order of the Bankruptcy Court and Remanding for Further Proceedings ("Reversal Order").

The Reversal Order directs this Court to issue findings concerning 1) the nature of the Debtor Jamie Lynn Gallian's ("Debtor") interest in the 2014 Skyline Custom Villa manufactured home located at 16222 Monterey Lane, Unit 376, Huntington Beach, California (the "Property"), including whether Debtor ever acquired (and retained) an equitable interest in the Property, and 2) whether title was transferred to her prior to the date the bankruptcy petition was filed. The within findings constitute the Court's response to the remand directive of the Reversal Order.[1]

I. Background

This matter involves a dispute over Debtor's claimed homestead exemption in the Property. On or about November 1, 2018, Debtor purchased the Property from registered owner, Lisa Ryan ("Ryan") with proceeds Debtor received from the sale of her previous home. Debtor's Motion for Reconsideration at 15. [Dkt. 157]. However, on this same date, Debtor caused Ryan to transfer the Certificate of Title regarding the Property to her single-member limited liability company, J-Sandcastle Co LLC ("Sandcastle"), which Certificate of Title was recorded by Debtor at the Department of Housing and Community Development on November 16, 2018. *Id.* at 26; Houser Bros.' Motion Objecting to Debtor's Claimed Homestead Exemption, Exhs. 13 and 14 [Dkt 95].

A. Houser Bros.'s Motion Objecting to Debtor's Claimed Homestead Exemption

On May 12, 2022, Houser Bros. filed its "Motion Objecting to Debtor's Claimed Homestead Exemption" (Homestead Motion"). [Dkt.95]. Various other parties joined in the Homestead Motion. [Dkts. 98, 100]. The pleadings filed in support of the Homestead Motion focused primarily on the argument that Debtor did not hold legal title to the

---

[1] The underlying bankruptcy case was transferred to the Honorable Scott Clarkson on September 1, 2022 due to the retirement of the undersigned, Judge Erithe Smith, on October 29, 2022. However, as Judge Smith presided over the hearing on Debtor's Motion for Reconsideration and issued the Reconsideration Order in her capacity as a recalled bankruptcy judge (effective until October 31, 2024), she has authority and jurisdiction to issue the within findings.

Property as of the date the bankruptcy petition was filed, i.e., July 9, 2021 (the "Petition Date") and, therefore, she was not entitled to claim a homestead exemption.

Debtor opposed the Homestead Motion, asserting that Sandcastle had transferred its interest in the Property to her on or about February 25, 2021, prior to the Petition Date. Debtor also argued that she was entitled to an automatic homestead exemption under Cal. Civ. Proc. Code §§ 704.710(c) and 704.720(a) as she had continuously resided on the Property since November 2018 through the Petition Date and had intended the same to be her principal residence during such time.

The final hearing on the Homestead Motion was held on July 21, 2022. At that hearing, oral argument focused on the issue of legal ownership as of the Petition Date. On August 5, 2022, this Court entered its Order Granting Houser Bros. Co. dba Rancho Del Rey Mobile Home Estate's Motion Objecting to Debtor's Claimed Exemption in 16222 Monterey Lane, Space 376, Huntington Beach, CA 92649" [Dkt. 177] ("Homestead Order") on the ground that Debtor did not hold legal title to the Property as of the Petition and, therefore, was not entitled to a homestead exemption under Cal Civ. Pro. Code §704.30. This Court ruled that

> . . . Debtor failed to meet her burden that the Property is subject to exemption. First, the HC records show that J-Sandcastle LLC, not Debtor, was the owner of record, on the Petition Date. As of June 7, 2021 – about a month before the Petition Date – the Property's registered owner was J-Sandcastle LLC, and the legal owners were Ron Pierpoint and J-Pad LLC. Hays Decl., Ex. 17 at 142.

Homestead Order, Exh. 1 at 10.

The Court did not, however, rule on Debtor's claim to an automatic homestead exemption under Cal. Civ. Proc. Code §§ 704.710(c) and 704.720(a).

B. <u>Debtor's Motion for Reconsideration of the Homestead Order</u>

On July 26, 2022, Debtor filed her "Motion for Reconsideration of 7.21.22 Order

3

[sic] Sustaining Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates Objection to Debtor's Claimed Homestead Objection, etc." ("Reconsideration Motion") [Dkt.157]. [2] Debtor reiterated her claimed status as legal owner, as well as entitlement to an automatic homestead exemption. Opposition pleadings to the Reconsideration Motion were filed by Houser Bros. and other interested parties.

On December 19, 2022, this Court entered its Reconsideration Order on the ground that Debtor was entitled to an automatic homestead exemption. [Dkt 274]. Also on December 19, 2022, the Court entered its "Memorandum of Decision Regarding Debtor's Motion for Reconsideration of the Court's August 5, 2022 Order Sustaining Objection to Debtor's Homestead Exemption ("Memorandum of Decision"). [Dkt. 273].[3]

II. Findings in Response to the District Court's Reversal Order

A. Did Debtor Have an Equitable Interest in the Property as of the Petition Date?

Yes. This Court finds that, notwithstanding the fact that Sandcastle was the registered owner and Ron Pierpont and J-Pad LLC were the legal owners of the Property, Debtor held an equitable interest in the Property as of the date of the Petition that satisfied the requirements for an automatic homestead exemption under Cal. Civ. Proc. Code §§ 704.10(c) and 704.720(a).[4]

In *In re Gilman*, 887 F.3d 956-965 (9th Cir. 2018), the Ninth Circuit provides a clear analysis of California's automatic homestead laws, to wit:

> California provides for an 'automatic' homestead exemption. Cal. Civ. Proc. Code § 704.720(a). The automatic homestead exemption protects a debtor 'who resides (or who is related to one who resides) in the homestead property at the time of a forced judicial sale of the dwelling.' *In re Anderson*, 824 F.2d 754,

---

[2] Debtor filed the Reconsideration Motion prior to the entry of the Homestead Order on August 5, 2022.

[3] The Memorandum of Decision was intended to serve as the Court's findings of fact and conclusions of law in support of the Reconsideration Order and was incorporated by reference in the Reconsideration Order.

[4] A "manufactured home together with the outbuildings and land upon which they are situated" is eligible for a homestead exemption. Cal. Code Civ. Proc. § 704.710(a)(2) (defining "dwelling").

757 (9th Cir. 1987); *see also Diaz*, 547 B.R. at 334 ("The filing of a bankruptcy petition constitutes a forced sale for purposes of the automatic homestead exemption.").

Under Cal. Civ. Proc. Code § 704.710(c), a 'homestead' is 'the principal dwelling (1) in which the judgment debtor or the judgment debtor's spouse resided on the date the judgment creditor's lien attached to the dwelling, and (2) in which the judgment debtor or the judgment debtor's spouse resided continuously thereafter until the date of the court determination that the dwelling is a homestead.' This "requires only that the judgment debtor *reside* in the property as his or her principal dwelling at the time the judgment creditor's lien attaches and continuously thereafter until the court determines the dwelling is a homestead." *In re Elliott*, 523 B.R. 188, 196 (BAP 9th Cir. 2014) (quoting *Tarlesson*, 184 Cal. App. 4th at 937, 109 Cal.Rptr.3d 319). It does not require that the debtor continuously own the property. *Id.*

To determine whether a debtor resides in a property for homestead purposes, courts consider the debtor's physical occupancy of the property and the intent to reside there. *Diaz*, 547 B.R. at 335; *Ellsworth v. Marshall*, 196 Cal.App. 2d 471, 474, 16 Cal.Rptr. 588 (1961) ('The physical fact of the occupancy and the intention with which the premises are occupied 'are both elements to be considered in determining the actual residence.') (quoting *Lakas v. Archambault*, 38 Cal.App. 365, 372, 176 P. 180 (1918)).

**California law rejects [the] argument that title to the property is necessary to claim a homestead exemption. For instance,** *Tarlesson* **held that 'judgment debtors who continuously reside in their dwellings retain a sufficient equitable interest in the property to claim a homestead exemption even when they have conveyed title to another'** 184 Cal.App. 4th at 937, 109 Cal.Rptr.3d 319. The court further noted that "[s]uch a result is consistent with the purpose of California's homestead exemption to protect one's dwelling against creditors." *Id.* Likewise, *Elliott* held that **conveyance to a third party does not defeat a debtor's right to an automatic exemption, 'because continuous residency, rather than continuous ownership,' controls the analysis**. 523 B.R. at 196.

(emphasis added)

According to the record, which is undisputed, Debtor used her own personal funds to purchase the Property. More importantly, it is also undisputed that Debtor has continuously resided on the Property since November 2018 through and beyond the Petition Date. Finally, there was no persuasive evidence presented by those in

1  opposition to the Reconsideration Motion to refute Debtor's position that she intended to
2  reside on the Property as her principal residence during the same period.  Accordingly,
3  this Court finds that by her continuous possession and use of the Property as her
4  principal residence since November 2018, Debtor held a sufficient equitable interest in
5  the Property to claim an automatic homestead exemption under Cal. Civ. Proc. Code
6  § 704.720(a). *Gilman*, 887 F.3d at 964; *Tarlesson,* 184 Cal. App. 4th at 937.
7         B. <u>Was Title Transferred to Debtor Prior to the Petition Date?</u>
8         No. The Reconsideration Motion was granted <u>solely</u> on the basis of Debtor's
9  *equitable* interest in the Property.  The Reconsideration Order did not in any way alter,
10 change or modify the Court's finding in the Homestead Order regarding Debtor's lack of
11 *legal* title as of the Petition Date.  None of the evidence presented by Debtor in the
12 Reconsideration Motion persuaded the Court to reverse its finding in that regard.
13 Specifically, Debtor presented no credible evidence that the certificate of title showing
14 Sandcastle as the registered owner of the Property was transferred to her prior to the
15 Petition Date.  On the contrary, Houser Bros. presented documentation establishing that
16 a certificate of title showing Debtor as the new registered owner of the Property was not
17 issued until August 3, 2021, nearly a month after the Petition Date.  See Homestead
18 Motion, Hays Decl., Exh. 22 at 195.  Based on the record presented, the Court finds that
19 title to the Property was not transferred to Debtor prior to the Petition Date.
20 //
21 //
22 //
23 //
24 //
25 //
26 //
27 //
28 //

III. Conclusion

The Court finds that Debtor held a sufficient equitable interest in the Property to claim an automatic homestead exemption under Cal. Civ. Proc. Code § 704.720(a).

###

Date: May 15, 2024

Erithe Smith
United States Bankruptcy Judge

7

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 16222 Monterey Lane Unit 375  Huntinggton Beach, CA 92649

A true and correct copy of the foregoing document entitled (*specify*): __Supplemental Opposition RJN 394__

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) __1-31-25__, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 1-31-25 | Joseph Clark | *Joseph Clark* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                                    **F 9013-3.1.PROOF.SERVICE**

**ADDITIONAL SERVICE INFORMATION (if needed):**

1. **SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**

- **Bradford Barnhardt**  bbarnhardt@marshackhays.com, bbarnhardt@ecf.courtdrive.com,alinares@ecf.courtdrive.com
- 
- **Robert P Goe**  kmurphy@goeforlaw.com, rgoe@goeforlaw.com;goeforecf@gmail.com;Goe.RobertP.R@notify.bestcase.com;ajohnston@goeforlaw.com
- **Jeffrey I Golden (TR)**  lwerner@go2.law, jig@trustesolutions.net;kadele@go2.law;C205@ecfcbis.com
- **D Edward Hays**  ehays@marshackhays.com, ehays@ecf.courtdrive.com;alinares@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com
- **Brandon J. Iskander**  biskander@goeforlaw.com, kmurphy@goeforlaw.com
- **Eric P Israel**  eisrael@danninggill.com, danninggill@gmail.com;eisrael@ecf.inforuptcy.com
- 
- **Laila Masud**  lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;lbuchanan@marshackhays.com;alinares@ecf.courtdrive.com
- 
- **Valerie Smith**  claims@recoverycorp.com
- **United States Trustee (SA)**  ustpregion16.sa.ecf@usdoj.gov

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012    F 9013-3.1.PROOF.SERVICE