D. EDWARD HAYS, #162507
ehays@marshackhays.com
BRADFORD N. BARNHARDT, #328705
bbarnhardt@marshackhays.com
MARSHACK HAYS WOOD LLP
870 Roosevelt
Irvine, CA 92620
Telephone: (949) 333-7777
Facsimile: (949) 333-7778

Attorneys for Creditor,
HOUSER BROS. CO. dba RANCHO DEL REY MOBILE HOME ESTATES

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>JAMIE LYNN GALLIAN,<br><br>Debtor. | Case No. 8:21-bk-11710-SC<br><br>Chapter 7<br><br>JOINDER IN SUPPORT OF CHAPTER 7 TRUSTEE'S NOTICE OF MOTION AND MOTION FOR ORDER COMPELLING DEBTOR AND ANY OTHER OCCUPANTS TO VACATE AND TURN OVER MANUFACTURED HOME AND AUTHORIZING ISSUANCE OF WRIT OF ASSISTANCE<br><br>Date:   March 4, 2025<br>Time:   11:00 a.m.<br>Ctrm:   5C |

TO THE HONORABLE SCOTT C. CLARKSON, UNITED STATES BANKRUPTCY JUDGE, THE DEBTOR, AND ALL INTERESTED PARTIES:

    Houser Bros. Co., dba Rancho Del Rey Mobile Home Estates ("Houser Bros.") hereby joins the Chapter 7 Trustee, Jeffrey I. Golden's Motion for Order Compelling Debtor and Any Other Occupants to Vacate and Turn Over Manufactured Home and Authorizing Issuance of Writ of Assistance, filed on January 31, 2025, as Dk. No. 538 ("Motion"), and fully incorporates the Trustee's arguments as fully set forth therein.

    On October 29, 2024, the Court entered its Order re: Motion to Avoid Lien under 11 U.S.C. § 522(f) as Dk. No. 488. A true and correct copy of the Order is attached as Exhibit "1." In the

1
HOUSER BROS.'S JOINDER IN TRUSTEE TURNOVER MOTION

Order, the Court notes that the Trustee is authorized to sell the Debtor's mobilehome to realize the benefit of the avoided, recovered, and preserved liens she voluntarily placed against the property:

> Preliminarily, the Court notes that Debtor's actions suggest a lack of understanding regarding the impact of her actions prior to and throughout this case. Debtor engaged in a series of transfers regarding her homesteaded property prior to her bankruptcy filing, all of which, as detailed below, Trustee avoided, recovered, and preserved for the benefit of the Estate. Despite the foregoing, Debtor argues that the existence of her homestead prevents Trustee from selling her property. Debtor has repeatedly raised her homestead in various pleadings and in her arguments at various hearings, clearly not understanding that its existence is separate from whether the property can be sold, as was previously explained to Debtor. Debtor's homestead is not disputed or contested and cannot be, as it has been affirmed on appeal. As explained below, Debtor's homestead, however, does not prevent Trustee from administering the lien preserved for the benefit of the Estate.

Order, p. 1, l. 27 to p. 2, l. 10.

For the reasons already set forth in its Order, the Trustee can and should sell the Property to realize the benefit of the avoided, recovered, and preserved liens. Under Section 542, any party in possession of property that a trustee may use, sell, or lease must turn over such property to the Trustee. To consummate any sale, the Trustee will need to deliver possession to the successful

/ / /
/ / /
/ / /
/ / /
/ / /

buyer. Houser Bros. thus respectfully requests that the Court grant the Trustee's motion and order the Debtor to vacate and turn over possession.

DATED: February 13, 2025                    MARSHACK HAYS WOOD LLP

                                            By: */s/ D. Edward Hays*
                                            D. EDWARD HAYS
                                            BRADFORD N. BARNHARDT
                                            Attorneys for Creditor,
                                            HOUSER BROS. CO. dba RANCHO DEL
                                            REY MOBILE HOME ESTATES

**EXHIBIT 1**



**FILED & ENTERED**

**OCT 29 2024**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY mccall    DEPUTY CLERK**

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
### SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>Jamie Lynn Gallian,<br><br>Debtor(s). | Case No.: 8:21-bk-11710-SC<br><br>CHAPTER 7<br><br>**ORDER RE: MOTION TO AVOID LIEN UNDER 11 U.S.C. § 522(f) [DK. 422] AND VACATING HEARING**<br><br><u>Vacated Hearing</u>:<br>Date:    November 5, 2024<br>Time:    11:00 AM<br>Courtroom:  5C |

Having reviewed the Motion to Avoid Lien Under U.S.C. § 522(f) filed August 29, 2024 [Dk. 422] ("Motion"), the docket as a whole, and finding that this matter is appropriate for disposition without a hearing, for the reasons stated below, the Court finds good cause to enter this order denying the Motion and vacating the November 5, 2024, hearing.

**I.    Prefatory Statement**

Preliminarily, the Court notes that Debtor's actions suggest a lack of understanding regarding the impact of her actions prior to and throughout this case.

-1-

Debtor engaged in a series of transfers regarding her homesteaded property prior to her bankruptcy filing, all of which, as detailed below, Trustee avoided, recovered, and preserved for the benefit of the Estate. Despite the foregoing, Debtor argues that the existence of her homestead prevents Trustee from selling her property. Debtor has repeatedly raised her homestead in various pleadings and in her arguments at various hearings, clearly not understanding that its existence is separate from whether the property can be sold, as was previously explained to Debtor. Debtor's homestead is not disputed or contested and cannot be, as it has been affirmed on appeal. As explained below, Debtor's homestead, however, does not prevent Trustee from administering the lien preserved for the benefit of the Estate.

The Court strongly encourages Debtor to take advantage of the Court's pro bono clinics or to seek advice from another pro bono or low-cost legal provider for guidance.

## II. Procedural Background Relevant to the Motion

On August 27, 2024, Jamie Lynn Gallian ("Debtor") filed a Motion to Avoid Lien Under 11 U.S.C. § 522(f) [Dk. 422] ("Motion") along with a Notice of Opportunity to Request a Hearing on Motion [Dk. 423]. The Motion seeks to avoid the lien of "J-Pad, LLC; Jeffrey Golden, Ch7 Trustee" and relates to Debtor's property located at 1622 Monterey Lane, Space 376, Huntington Beach, CA 92649 (the "Property") [Dk, 422, ¶¶7, 10].

On September 10, 2024, Jeffrey I. Golden, the Chapter 7 trustee ("Trustee") filed an Objection to and Request for Hearing on Motion [Dk. 437] ("Objection").[1] The Objection expressly requested a hearing on the Motion pursuant to LBR 9013-1(o)(1)(A)(ii). As Trustee filed a request for a hearing, Debtor was required to schedule and give notice of a hearing on the Motion on or before September 24, 2024, per LBR 9013-1(o)(4). However, Debtor failed to do so and on October 14, 2024, Trustee filed the Declaration of Eric P. Israel in support of an order denying the Motion [Dk. 465]. The

---

[1] On September 10, 2024, Debtor filed a Declaration That No Party Requested a Hearing on Motion [Dk. 436]; however, the declaration was premature as the deadline to file an objection and request for hearing was September 13, 2024, per Local Bankruptcy Rule 9013-1(o).

-2-

Court, on October 22, 2024, entered an Order Denying Debtor's Motion for failure to timely schedule or give notice of any hearing [Dk. 474] ("Order Denying Debtor's Motion").[2] The approval of this order, however, apparently crossed paths with Debtor's untimely filing of a notice setting the matter for hearing. The Court thereafter placed the matter on calendar.

The Court, considering the foregoing and the docket as a whole, finds good cause to supplement its prior order and deny the Motion, as set forth herein.

### III. Legal Standards

The Motion seeks to avoid a lien under 11 U.S.C. § 522(f). To avoid a lien under § 522(f), a debtor must show: (1) that they have an interest in the homestead property; (2) they are entitled to a homestead exemption; (3) the asserted lien impairs that exemption; and (4) the lien is a judicial lien. *See In re Morgan*, 149 B.R. 147, 151 (9th Cir. BAP 1993); *In re Coy*, 552 B.R. 199, 202 (Bankr. C.D. Cal. 2016). The burden is on Debtor, as movant. *Id*.

As noted, § 522(f)(1) allows a debtor to avoid "the fixing of a lien on an interest of the debtor in property . . . if such lien is . . . a Judicial lien . . . or a nonpossessory, nonpurchase-money security interest in any . . . " Section 101(36) of the Bankruptcy Code defines a judicial lien as a "lien obtained by judgment, levy, sequestration, or other legal or equitable process or proceeding." Section 522(f), however, cannot be used to avoid consensual liens. *Polk v. Cty. of Contra Costa*, 2014 U.S. Dist. LEXIS 111713, at *21 (E.D. Cal. Aug. 11, 2014); *Huff v. Huff (In re Huff)*, 2019 Bankr. LEXIS 233, at *5 (Bankr. E.D. Wash. 2019).

///

---

[2] Debtor's notice was filed on October 21, 2024, at approximately 6:54 p.m. [Dk. 469]. The Court entered its order denying the Motion on October 22, 2024. The denial of Debtor's Motion for the failure to comply with the local rules, over which the Court has broad discretion and authority to enforce, remains applicable. *Roskoski v. Brooks*, 1992 U.S. App. LEXIS 13544, at *2 (9th Cir. June 4, 1992); *Curtis v. BCI Coca-Cola Enters. Bottling Cos.*, 2014 U.S. Dist. LEXIS 124447, at *9 (E.D. Cal. Sep. 5, 2014). Notwithstanding the procedural defect, as set forth herein, the Motion still fails substantively.

### IV. Discussion

Debtor's Motion asserts that pursuant to § 522(f) she seeks to avoid the lien held by "J-PAD, LLC; JEFFREY GOLDEN, Ch7 Trustee" ("J-PAD Lien") [Dk. 422, pg. 2, ¶10]. The asserted lien is one that was obtained by Trustee after obtaining judgments avoiding, recovering, and preserving liens in his favor in *Golden v. J-Sandcastle Co., LLC, et al*., Adv. No. 8:23-ap-01064-SC.

Debtor has shown, as required, that she does have an interest in the homestead property and is entitled to a homestead exemption. *In re Morgan*, 149 B.R. 147, 151 (9th Cir. BAP 1993); *See* Dk. 393 (Order by the Honorable Erithe Smith finding that Debtor held a sufficient equitable interest in the Property to claim automatic homestead exemption under Cal. Civ. Proc. Code § 704.720(a)). Trustee does not dispute Debtor's entitlement to her homestead.

However, Debtor's exemption in the Property only comes from equity following *consensual* liens, which here includes the J-Pad Lien. *See* Cal. Code Civ. P. § 703.010, et seq. Exemptions may be claimed only against involuntary liens, such as judgments, attachments, and execution liens, and then only if the procedures of section 522(f) are followed. *Id.* Thus, the consensual liens on the Property come ahead of any allowed amount of Debtor's homestead exemption. *See In re Roach*, 2019 Bankr. LEXIS 263 (B.A.P. 9th Cir. 2019); *see* also *In re Bunn Rodemann*, 491 B.R. 132, 134-35 (Bankr. E.D. Cal. 2013). Here, while Debtor may perceive the lien in favor of Trustee as involuntary and/or judicial, the underlying lien (which has been avoided, recovered and preserved for the benefit of the Estate and is now being asserted by Trustee) is consensual and may not be avoided.

On June 30, 2023, Trustee commenced an adversary proceeding (8:23-ap-01064-SC), by filing a Complaint: (1) to Avoid and Recover Fraudulent Transfers; (2) to Avoid and Recover Postpetition Transfers; (3) for Declaratory Relief; (4) for Breach of Contract; (5) for Money Had and Received; and (6) Unjust Enrichment against Ronald J.

Pierpont, J-Pad LLC, J-Sandcastle Co., LLC, Steven D. Gallian, Brian J. Gallian, Justin Barclay, Robert J. McLelland, and E. J. Gallian ("Avoidance Action").

Through the Avoidance Action, Trustee, *inter alia*, obtained a default judgment against defendant J-Pad, LLC ("J-Pad") which avoided J-Pad's lien on the Property in the amount of $225,000 as well as other liens on the Property in favor of J-Pad. [*See* Adv Dk. 79]. The judgment also preserved those liens for the benefit of Debtor's bankruptcy Estate pursuant to 11 U.S.C. § 551[3]. "Upon avoidance of a lien or fraudulent transfer, under § 551 the trustee 'steps into the shoes' of the former lienholder or transferor and enjoys the same rights in the property that the original lienholder or transferor enjoyed. *Giovanazzi v. Schuette (In re Lebbos)*, 2012 Bankr. LEXIS 5962, at *42 (B.A.P. 9th Cir. Dec. 31, 2012) (citing *Morris v. St. John Nat'l Bank (In re Haberman)*, 516 F.3d 1207, 1210 (10th Cir. 2008)).

As Trustee steps into the shoes of the former lienholder, Trustee enjoys the same rights in the property that the original lienholder held. *Id*. As the J-PAD Lien avoided by Trustee was a consensual lien, it cannot now be avoided under § 522(f) by Debtor. *Polk v. Cty. of Contra Costa*, at *21.

Additionally, Debtor cannot show that the lien she seeks to avoid impairs her homestead. California law provides that consensual liens must be paid ahead of homestead exemptions. *Babaee v. Marshack (In re Babaee)*, 2023 U.S. App. LEXIS 24253, at *3 (9th Cir. 2023); *See* Cal. Civ. Proc. Code § 704.850; *see also Amin v. Khazindar*, 112 Cal. App. 4th 582, 588 (Cal. 2003) (finding that homestead exemption has no effect on liens created voluntarily by property owners, nor does it have any effect on the claims of creditors secured by liens with priority). As noted *supra*, the lien Debtor seeks to avoid is consensual and therefore possesses priority over her asserted homestead exemption and cannot be said to impair her homestead exemption.

///

---

[3] No appeal was taken, and the judgment is final.

EXHIBIT 1, PAGE 8

### V.  Conclusion

Accordingly, Debtor's Motion is DENIED for failure to timely schedule and give notice of a hearing and for the foregoing reasons. Further, the hearing set for November 5, 2024, at 11:00 a.m. is hereby VACATED.

**IT IS SO ORDERED.**

Date: October 29, 2024

Scott C. Clarkson
United States Bankruptcy Judge

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
870 Roosevelt, Irvine, CA 92620.

A true and correct copy of the foregoing document entitled: **JOINDER IN SUPPORT OF CHAPTER 7 TRUSTEE'S NOTICE OF MOTION AND MOTION FOR ORDER COMPELLING DEBTOR AND ANY OTHER OCCUPANTS TO VACATE AND TURN OVER MANUFACTURED HOME AND AUTHORIZING ISSUANCE OF WRIT OF ASSISTANCE** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **February 13, 2025**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**: On **February 13, 2025**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**DEBTOR**
JAMIE LYNN GALLIAN
16222 MONTEREY LN UNIT 376
HUNTINGTON BEACH, CA 92649

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **February 13, 2025**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

| VIA PERSONAL DELIVERY: | VIA EMAIL: |
|---|---|
| **PRESIDING JUDGE'S COPY** | **DEBTOR** |
| HONORABLE SCOTT C. CLARKSON | JAMIE LYNN GALLIAN |
| UNITED STATES BANKRUPTCY COURT | jamiegallian@gmail.com |
| CENTRAL DISTRICT OF CALIFORNIA | |
| 411 WEST FOURTH STREET, SUITE 5130 / COURTROOM 5C | |
| SANTA ANA, CA 92701-4593 | |

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| February 13, 2025  Layla Buchanan | /s/ Layla Buchanan |
|---|---|
| Date            Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                      **F 9013-3.1.PROOF.SERVICE**

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: CONTINUED:
   - **ATTORNEY FOR CREDITOR AND PLAINTIFF HOUSER BROS. CO. and CREDITOR HOUSER BROS. CO. DBA RANCHO DEL REY MOBILE HOME ESTATES:** Bradford Barnhardt bbarnhardt@marshackhays.com, bbarnhardt@ecf.courtdrive.com, kfrederick@ecf.courtdrive.com
   - **ATTORNEY FOR CREDITOR AND PLAINTIFF HOUSER BROS. CO. and CREDITOR HOUSER BROS. CO. DBA RANCHO DEL REY MOBILE HOME ESTATES:** Aaron E DE Leest adeleest@DanningGill.com, danninggill@gmail.com; adeleest@ecf.inforuptcy.com
   - **ATTORNEY FOR CREDITOR AND PLAINTIFF THE HUNTINGTON BEACH GABLES HOMEOWNERS' ASSOCIATION:** Robert P Goe kmurphy@goeforlaw.com, rgoe@goeforlaw.com; goeforecf@gmail.com
   - **CHAPTER 7 TRUSTEE JEFFREY I GOLDEN (TR):** Jeffrey I Golden (TR lwerner@wgllp.com, jig@trustesolutions.net; kadele@wgllp.com
   - **ATTORNEY FOR CREDITOR AND PLAINTIFF HOUSER BROS. CO. and CREDITOR HOUSER BROS. CO. DBA RANCHO DEL REY MOBILE HOME ESTATES:** D Edward Hays ehays@marshackhays.com, ehays@ecf.courtdrive.com; kfrederick@ecf.courtdrive.com; cmendoza@marshackhays.com; cmendoza@ecf.courtdrive.com
   - **ATTORNEY FOR CREDITOR AND PLAINTIFF THE HUNTINGTON BEACH GABLES HOMEOWNERS' ASSOCIATION:** Brandon J Iskander biskander@goeforlaw.com, kmurphy@goeforlaw.com
   - **ATTORNEY FOR TRUSTEE JEFFREY I GOLDEN (TR):** Eric P Israel eisrael@DanningGill.com, danninggill@gmail.com; eisrael@ecf.inforuptcy.com
   - **INTERSTED PARTY COURTESY NEF: Shantal Malmed**   shantal.malmed@gmlaw.com, cheryl.caldwell@gmlaw.com
   - **INTERESTED PARTY COURTESY NEF: Shantal Malmed**  , cheryl.caldwell@gmlaw.com
   - **ATTORNEY FOR CREDITOR AND PLAINTIFF HOUSER BROS. CO. and CREDITOR HOUSER BROS. CO. DBA RANCHO DEL REY MOBILE HOME ESTATES:** Laila Masud lmasud@marshackhays.com, lmasud@ecf.courtdrive.com; kfrederick@ecf.courtdrive.com
   - **ATTORNEY FOR DEFENDANT RANDALL L NICKEL:** Mark A Mellor mail@mellorlawfirm.com, mellormr79158@notify.bestcase.com
   - **INTERESTED PARTY COURTESY NEF:** Valerie Smith claims@recoverycorp.com
   - **U.S. TRUSTEE:** United States Trustee (SA) ustpregion16.sa.ecf@usdoj.gov

4903-7392-5900, v. 1

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*    **F 9013-3.1.PROOF.SERVICE**