D. EDWARD HAYS, #162507
ehays@marshackhays.com
BRADFORD N. BARNHARDT, #328705
bbarnhardt@marshackhays.com
MARSHACK HAYS WOOD LLP
870 Roosevelt
Irvine, CA 92620
Telephone: (949) 333-7777
Facsimile: (949) 333-7778

Attorneys for Movant and Creditor,
HOUSER BROS. CO. dba RANCHO DEL REY MOBILE HOME ESTATES

**FILED & ENTERED**

**FEB 20 2025**

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bolte    DEPUTY CLERK

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>JAMIE LYNN GALLIAN,<br><br>Debtor. | Case No. 8:21-bk-11710-SC<br><br>Chapter 7<br><br>ORDER GRANTING HOUSER BROS. CO. DBA RANCHO DEL REY MOBILE HOME ESTATES'S MOTION OBJECTING TO DEBTOR'S CLAIMED HOMESTEAD EXEMPTION IN "PAD" LOCATED AT 16222 MONTEREY LN., SPACE 376, HUNTINGTON BEACH, CA 92649<br><br>Date: February 4, 2025<br>Time: 11:00 a.m.<br>Ctrm: 5C<br>Location: 411 W. Fourth Street<br>Santa Ana, CA 92701 |

The "Motion Objecting to Debtor's Claimed Homestead Exemption in 'Pad' Located at 16222 Monterey Ln., Space 376, Huntington Beach, CA 92649" ("Motion"), filed by Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates ("Houser Bros."), on January 2, 2025, as Dk. No. 529, came on for hearing on February 4, 2025, at 11:00 a.m., before the Honorable Scott C. Clarkson. All appearances were as noted on the record.

The Court has read and considered the Motion; the joinder to the Motion, filed by The Huntington Beach Gables Homeowners Association on January 8, 2025, as Dk. No. 531; the Declaration of Chris Houser filed by Houser Bros. on January 10, 2025, as Dk. No. 532; the joinder to the Motion, filed by Jeffrey I. Golden, Chapter 7 Trustee for the Bankruptcy Estate of

1

4907-6986-9593,v.1

1 | Jamie Lynn Gallian ("Debtor"), on January 13, 2025, as Dk. No. 533; the Opposition to the
2 | Motion, filed by Debtor on January 24, 2025, as Dk. No. 535; the amended Opposition to the
3 | Motion, filed by Debtor on January 25, 2025, as Dk. No. 536; the reply in support of the
4 | Motion, filed by Houser Bros. on January 28, 2025, as Dk. No. 537; the unauthorized Sur-Reply
5 | to the Motion, filed by Debtor on January 31, 2025, as Dk. No. 544; and all other pleadings and
6 | papers filed in this case. For the reasons set forth in the Court's tentative ruling, a copy of which
7 | is attached hereto as **Exhibit 1**, and as set forth on the record, the Court finds good cause to
8 | grant the Motion, and enters its order as follows:
9 |     IT IS ORDERED that:
10 |     1.    The Motion is granted in its entirety.
11 |     2.    Houser Bros.'s objections to Debtor's claimed exemptions in the Pad pursuant to
12 | California Code of Civil Procedure §§ 704.930, 704.930(a), and 704.720(a) in 16222 Monterey Ln.,
13 | Space 376, Huntington Beach, CA 92649 "Pad" ("Pad") are sustained, and all claims of exemption
14 | by Debtor in the Pad are disallowed.

### #

Date: February 20, 2025

Scott C. Clarkson
United States Bankruptcy Judge

2

4907-6986-9593,v.1

# United States Bankruptcy Court
## Central District of California
### Santa Ana
### Scott Clarkson, Presiding
### Courtroom 5C Calendar

---

**Tuesday, February 4, 2025**                                                         **Hearing Room    5C**

---

<u>11:00 AM</u>
**8:21-11710    Jamie Lynn Gallian**                                             **Chapter 7**

**#4.00**

Hearing RE: Motion Objecting To Debtor's Claimed Homestead Exemption In "PAD" Located At 16222 Monterey Lane, Space 376, Huntington Beach, CA 92649
(Motion filed 1/2/25)

                        Docket      529

**Tentative Ruling:**

Tentative for 2/4/25 is to GRANT.

Movant, Houser Bros, objects to the exemption asserted by Debtor in her Amended Schedule C [Dk. 519] in the "PAD," which is the property underneath Debtor's mobile home. The motion is joined by the Chapter 7 Trustee and the Huntington Beach Gables HOA.

Preliminarily, as noted by Movant, Debtor's Amended Schedule C [Dk. 519] identifies non-existent statutes as the basis for her exemption in the "PAD" as follows: "11 U.S.C. § 704.930, 11 U.S.C. § 704.930(a), and 11 U.S.C. § 704.720(a)." It is clear, however, that Movant is aware of which statutes Debtor is using and that no confusion resulted from Debtor's error. *See*, e.g., *In re White*, 377 B.R. 633 (Bankr. Ariz. 2007). Thus, any objection based upon the foregoing is not warranted.

Secondarily, Movant's argument regarding the untimeliness and formatting of Debtor's opposition is well-taken. Debtor has been previously warned that untimely pleadings will not be considered by the Court, as fully noted in Movant's Reply; however, the opposition is only 3 days late and Movant has not articulated any identifiable harm and in fact filed a fulsome reply. The opposition will be considered. The Court's prior cautions, however, are repeated for future reference.

Turning to the merits, Debtor bears the burden of proof on her exemptions, which she has not met. *In re Tallerico*, 532 B.R. 774, 780 (Bankr. E.D. Cal. 2015); CCP § 704.780(a)(1).

---

# United States Bankruptcy Court
## Central District of California
### Santa Ana
### Scott Clarkson, Presiding
### Courtroom 5C Calendar

---

**Tuesday, February 4, 2025**             **Hearing Room    5C**

---

**11:00 AM**
**CONT...**     Jamie Lynn Gallian                                               **Chapter 7**

Here, Debtor somewhat incoherently argues in her opposition that she possesses both a declared homestead and an automatic homestead. As noted above, Debtor's Amended Schedule C [Dk. 519] references the statutes pertaining to both, as follows: "11 U.S.C. § 704.930, 11 U.S.C. § 704.930(a),and 11 U.S.C. § 704.720(a)." The assertion of both homesteads is permissible. *See* generally, *In re Salazar*, 2022 Bankr. LEXIS 1615 (Bankr. C.D. Cal. 2022).

Under either statute, however, Debtor has not identified any exemptible interest in the "PAD," which is the land underneath her mobile home, which is fatal to the assertion of both exemptions. She argues that her interest stems from a ground lease. This argument is insufficient to establish an exemptible interest. Debtor has already admitted, and the Court has previously found, that she is not a party to any ground lease. *See Houser Bros. Co. v. Gallian (In re Gallian)*, Case No. 8:21-ap-01097-SC, ECF No. 72 at 366-67 (Bankr. C.D. Cal. May 3, 2023). This finding is law of the case. Under the "law of the case" doctrine, "a court is generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case." *Thomas v. Bible*, 983 F.2d 152, 154 (9th Cir.), cert. denied 508 U.S. 951 (1993).

Debtor does not own the real property (i.e., the "PAD"), and has not otherwise demonstrated that she has any exemptible interest, which is her burden. Thus, the motion is appropriate to grant as to Debtor's exemptions on Amended Schedule C in the "PAD," which is the property upon which her mobile home sits. Her exemption to her home remains unchanged.

Virtual appearances are required. The hearing will take place using Zoom for Government, a free service that provides audioconference and videoconference capabilities. Only the parties, including counsels, their clients, and pro se individuals, may virtually join the hearing. No testimony, however, will be permitted unless specifically authorized by the Court either prior to, or during, the hearing. Parties virtually appearing should consult the NOTICE OF VIDEO AND TELEPHONIC APPEARANCE PROCEDURES FOR JUDGE SCOTT CLARKSON'S CASES for specific procedures and further information.

# United States Bankruptcy Court
## Central District of California
### Santa Ana
### Scott Clarkson, Presiding
### Courtroom 5C Calendar

---

**Tuesday, February 4, 2025**                                                                 Hearing Room    **5C**

---

<u>11:00 AM</u>
**CONT...**     **Jamie Lynn Gallian**                                                               **Chapter 7**

The audio portion of each hearing will be recorded electronically by the Court and constitute its official record. **By Order of the Judicial Conference of the United States, members of the general public may only view the hearings from the Courtroom, which will remain open, or access the hearing by audioconference only, as set forth below. This is a nation-wide mandate and is not subject to this Court's discretion. The Court will have monitors on and viewable within the Courtroom for viewing.**

Hearing participants may connect to the videoconference through an Internet browser by entering the Videoconference URL shown below, as well as the meeting ID and password, when prompted.

Videoconference URL:    https://cacb.zoomgov.com/j/1608592258

Meeting ID:             160 859 2258

Password:               843179

If a participant is unable to send and receive audio through his/her computer, or join the videoconference through an Internet browser for any reason, the audio of the hearing may be accessed by telephone using the below audio conference information. PLEASE BE ADVISED THAT THE GENERAL PUBLIC AND ALL MEDIA MAY ONLY USE THE AUDIO CONFERENCE SYSTEM BELOW AND MAY NOT UTILIZE THE VIDEO CONFERENCE SYSTEM.

Audioconference Tel. No.: +1 (669) 254 5252 or +1 (646) 828 7666

Meeting ID:             160 859 2258

Password:               843179

For further details, please consult the instructions on the Court's website https://www.cacb.uscourts.gov/judges/honorable-scott-c-clarkson.

---

# United States Bankruptcy Court
# Central District of California
Santa Ana
Scott Clarkson, Presiding
Courtroom 5C Calendar

---

**Tuesday, February 4, 2025**                                                                           **Hearing Room    5C**

---

**11:00 AM**
**CONT...**    **Jamie Lynn Gallian**                                                                                    **Chapter 7**

Please note that default matters may be called prior to the videoconference, so there may be a slight delay to the official start time of the videoconference hearing.

As noted in the Court's Zoom Video Hearing Guide, located at https://www.cacb.uscourts.gov/node/7890, all persons are strictly prohibited from making any recording of court proceedings, whether by video, audio, "screenshot," or otherwise. Violation of this prohibition may result in the imposition of monetary and non-monetary sanctions.

|                    **Party Information**                   |

**Debtor(s):**

   Jamie Lynn Gallian                                Pro Se

**Trustee(s):**

   Jeffrey I Golden (TR)                            Represented By
                                                        Aaron E. De Leest
                                                        Eric P Israel
                                                        Shantal  Malmed