1  ERIC P. ISRAEL, #132426
   EPI@LNBYG.COM
2  LEVENE, NEALE, BENDER, YOO &
   GOLUBCHIK L.L.P.
3  2818 La Cienega Avenue
4  Los Angeles, CA 90034
   Phone: 310-229-1234
5
   Attorneys for JEFFREY I. GOLDEN, Trustee
6
7  D. EDWARD HAYS, #162507
   ehays@marshackhays.com
8  BRADFORD N. BARNHARDT, #328705
   bbarnhardt@marshackhays.com
9  MARSHACK HAYS WOOD LLP
   870 Roosevelt
10 Irvine, CA 92620
11 Telephone: (949) 333-7777
   Facsimile: (949) 333-7778
12
   Attorneys for Creditor,
13 HOUSER BROS. CO. dba RANCHO DEL
   REY MOBILE HOME ESTATES
14
15              UNITED STATES BANKRUPTCY COURT
16
         CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION
17
18

| In re | Case No. 8:21-bk-11710-SC |
|---|---|
| JAMIE LYNN GALLIAN, | Chapter 7 |
| Debtor. | JOINT OMNIBUS REPLY IN SUPPORT OF CHAPTER 7 TRUSTEE'S: |
| | (1) MOTION FOR ORDER COMPELLING DEBTOR AND ANY OTHER OCCUPANTS TO VACATE AND TURN OVER MANUFACTURED HOME AND AUTHORIZING ISSUANCE OF WRIT OF ASSISTANCE (DOCKET NO. 358); AND |
| | (2) MOTION TO AUTHORIZE SALE OF MANUFACTURED HOME CURRENTLY |

1

REPLY IN SUPPORT OF TURNOVER MOTION AND SALE MOTION

28  4880-1284-8131,v.1

1

LOCATED AT 16222 MONTEREY LANE,
SPACE 376, HUNTINGTON BEACH, CA

2

92649, DECAL NO. LBM1081, FREE AND
CLEAR OF LIENS AND HOMESTEAD

3

EXEMPTION (DOCKET NO. 539)

4

Date:   March 4, 2025

5

Time:   11:00 a.m.
Ctrm:   5C

6

7   / / /

8   / / /

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

2

REPLY IN SUPPORT OF TURNOVER MOTION AND SALE MOTION

28   4880-1284-8131,v.1

# TABLE OF CONTENTS

1.    Summary of Argument ..................................................................................3

2.    Factual Background ......................................................................................4

3.    Legal Argument ............................................................................................4

    A.    The Debtor's Homestead Exemption does not preclude the Trustee's sale of the Property. ..............................................................................4

    B.    The proposed sales price is adequate, fair, and reasonable...................12

    C.    The Trustee is entitled to turnover of the Property. ...............................14

4.    Conclusion ..................................................................................................14

Declaration of Janine Jasso ...................................................................................16

REQUEST FOR JUDICIAL NOTICE .................................................................17

# TABLE OF AUTHORITIES

**Cases**

*Data Mountain Solutions, Inc. v. Giordano,*
    680 F. Supp. 2d 110, 125 (D.D.C. 2010) ........................................... 10

*Elemary v. Holzmann A.G.,*
    533 F. Supp. 2d 116, 125 n.6 (D.D.C. 2008) ..................................... 10

*Heintz v. Carey (In re Heintz),*
    198 B.R. 581, 586 (B.A.P. 9th Cir. 1996).......................................... 12

*In re Bunn-Rodemann,*
    491 B.R. 132, 136 (Bankr. E.D. Cal. 2013) ........................................ 5

*In re Carvell,*
    222 B.R. 178, 180 (B.A.P. 1st Cir. 1998) .......................................... 12

*In re Van de Kamp's Dutch Bakeries,*
    908 F.2d 517, 518-20 (9th Cir. 1990) ................................................ 11

*Morris v. St. John Nat'l Bank (In re Haberman),*
    516 F.3d 1207, 1210 (10th Cir. 2008) ............................................... 12

*New Hampshire v. Maine,*
    532 U.S. 742, 749-50, 121 S. Ct. 1808, 149 L. Ed. 2d 968 (2001) ............... 10

*Roach v. Marshack (In re Roach)*,
    2019 Bankr. LEXIS 263 (B.A.P. 9th Cir. Jan. 29, 2019) ........................................ 5, 6, 7

*Swenson v. Bushman Inv. Props.*,
    2013 U.S. Dist. LEXIS 104002, at *61 (D. Idaho July 22, 2013) ................................. 10

*Wisdom v. Gugino*,
    649 Fed.Appx. 583, 584 (9th Cir. 2016)................................................................. 14

**Statutes**

11 U.S.C. § 363(b)(1) ................................................................................................. 7

11 U.S.C. § 363(f) ...................................................................................................... 7

11 U.S.C. § 510(c)(2) ................................................................................................. 6

11 U.S.C. § 522(f) ...................................................................................................... 9

11 U.S.C. § 522(g) ..................................................................................................... 6

11 U.S.C. § 541(a)(3) and (a)(4) ................................................................................. 7

11 U.S.C. § 548 ................................................................................................... 11, 12

11 U.S.C. § 551 ................................................................................................... 11, 12

Cal. Code Civ. P. § 704.850(a) ................................................................................... 5

**Other Authorities**

*See* 5 COLLIER ON BANKRUPTCY P 551.02[2] (2024)................................................ 6

REPLY IN SUPPORT OF TURNOVER MOTION AND SALE MOTION

4880-1284-8131,v.1

1  TO THE HONORABLE SCOTT C. CLARKSON, UNITED STATES BANKRUPTCY JUDGE,

2  THE DEBTOR AND HER COUNSEL OF RECORD, AND ALL INTERESTED PARTIES:

3          Houser Bros. Co., dba Rancho Del Rey Mobile Home Estates ("Houser Bros.") and Jeffrey I.

4  Golden solely in his capacity as Chapter 7 Trustee ("Trustee") submit this Joint Omnibus Reply

5  ("Reply") in support of the following motions filed by the Trustee on January 31, 2025: (1) Motion

6  for Order Compelling Debtor and Any Other Occupants to Vacate and Turn Over Manufactured

7  Home and Authorizing Issuance of Writ of Assistance, Docket No. 538 ("Turnover Motion"); and

8  (2) Motion to Authorize Sale of Manufactured Home Currently Located at 16222 Monterey Lane,

9  Space 376, Huntington Beach, CA 92649, Decal No. LBM1081, Free and Clear of Liens and

10  Homestead Exemption, Docket No. 539 ("Sale Motion").[1]

11  **1.      Summary of Argument**

12          Under Section 542, "an entity…in possession, custody, or control, during the case, of

13  property that the trustee may use, sell, or lease under section 363 of this title, or that the debtor may

14  exempt under section 522 of this title, shall deliver to the trustee, and account for, such property or

15  the value of such property, unless such property is of inconsequential value or benefit to the estate."

16  In this case, the Debtor is in possession of the subject manufactured home which became property of

17  the estate upon the filing of the bankruptcy petition (the "Property"). The Property may be sold by

18  the Trustee under Section 363 to realize the benefit of the transfers of title and liens which the

19  Debtor fraudulently placed against the Property and which the Trustee avoided, recovered, and

20  preserved.

21          The Debtor's opposition contends that the Trustee may not sell the Property because the

22  proposed sale price is insufficient to fully pay her allowed homestead. This is wrong because a

23  homestead exemption is junior in priority to voluntary liens and Section 522(g) prohibits a debtor

24

25  [1] All capitalized terms not otherwise defined in this Reply shall have the meaning ascribed to them
26  in the Sale Motion.

27                                                    3
28  4880-1284-8131,v.1

1    from claiming an exemption in the Property which she voluntarily transferred but which the Trustee

2    recovered. As such, the proceeds of sale subject to the recovered liens are not subject to the allowed

3    homestead. Instead, the homestead would only attach to the value, if any, in excess of the avoided,

4    recovered, and preserved liens. Because the fraudulent liens exhaust the value of the property

5    rendering the homestead out of the money, the Debtor has no one to blame but herself for voluntarily

6    encumbering her home with fraudulent liens.[2]

## 2.    Factual Background

On January 31, 2025, the Trustee filed the Turnover Motion and Sale Motion as Docket Nos. 538 and 539, respectively.

On February 13, 2025, Houser Bros. filed a joinder in support of the Turnover Motion, Docket No. 552, and a joinder in support of the Sale Motion, Docket No. 551.

On February 18, 2025, the Debtor substituted in counsel [Docket No. 553] and filed an "Omnibus Opposition to Trustee's Motions to Sell . . . and for Turnover of Property . . . and Houser Joinders" ("Opposition"), with a supporting "Declaration of Jamie Lynn Gallian" ("Gallian Declaration").[3] Docket No. 554.

## 3.    Legal Argument

### A.    The Debtor's Homestead Exemption does not preclude the Trustee's sale of the Property.

The Debtor, throughout her Opposition, highlights her "unassailable automatic homestead exemption in her equitable interest in the Property." Opposition at 2. The Debtor's homestead

---

[2] Similarly, the Debtor's discharge was denied based on her fraudulent concealment of her interest in the Property.

[3] Evidentiary objections have been separately filed to the Gallian Declaration. Even if the Court does not sustain the evidentiary objections, the Debtor's representations are unavailing for the reasons articulated herein.

REPLY IN SUPPORT OF TURNOVER MOTION AND SALE MOTION

4880-1284-8131,v.1

1    exemption in the Property (*i.e.*, the mobilehome) is final and not challenged by any party.[4]

2         However, Debtor claims that her homestead exemption precludes the Trustee's

3    administration of the Property unless she consents or the sale generates sufficient proceeds to pay the

4    entirety of her homestead exemption, Opposition at 3, 9. This contention is unfounded. Consensual

5    liens have priority over exemptions. *See* Cal. Code Civ. P. § 704.850(a) ("The levying officer shall

6    distribute the proceeds of sale of a homestead in the following order: (1) To the discharge of all liens

7    and encumbrances, if any, on the property. (2) To the judgment debtor in the amount of any

8    applicable exemption of proceeds pursuant to Section 704.720."); *see also In re Bunn-Rodemann*,

9    491 B.R. 132, 136 (Bankr. E.D. Cal. 2013) (noting that exemptions may be claimed "only against

10   involuntary liens").

11        In *Roach v. Marshack (In re Roach)*, 2019 Bankr. LEXIS 263 (B.A.P. 9th Cir. Jan. 29, 2019),

12   the Bankruptcy Appellate Panel affirmed an order entered by the Hon. Judge Theodor C. Albert, that

13   approved a trustee's sale of a debtor's home to realize the benefit of a consensual lien recovered by

14   the estate where the debtor received no proceeds on account of her allowed homestead exemption.

15   There, Elaine Marie Roach ("Ms. Roach") filed a Chapter 7 bankruptcy petition in May 2017, with

16   the property of the estate including real property encumbered by a third deed of trust in favor of

17   Mutual of Omaha Bank ("Omaha Bank"). *Id.* at *1-2. The Chapter 7 trustee obtained court approval

18   of a compromise with Omaha Bank that, *inter alia*, subordinated one-half of Omaha Bank's claim

19   that was secured by the deed of trust. Under Section 510(c)(2), a lien securing a subordinated claim

20   is transferred to the estate. As such, the court approved the trustee's sale to realize the benefit of 50%

21   of the funds otherwise subject to the deed of trust.

22

23

24

25   ───────────────
     [4] On February 20, 2025, the Court entered an "Order Granting Houser Bros. Co. DBA Rancho Del
26   Rey Mobilehome Estates's Motion Objecting to Debtor's Claimed Homestead Exemption in 'Pad'
     Located at 16222 Monterey Ln., Space 376, Huntington Beach, CA 92649." Docket No. 555.

27
     REPLY IN SUPPORT OF TURNOVER MOTION AND SALE MOTION
28   4880-1284-8131,v.1

1   No proceeds of sale were paid to the debtor because the voluntary liens exceeded the value of

2   the property.[5] *Id.* at *5-6. Ms. Roach objected to the trustee's motions on the grounds, among others,

3   that the trustee was improperly trying to sell the property without paying her on account of her

4   homestead exemption. *Id.* at *6. The bankruptcy court granted the trustee's motions, reasoning that

5   homesteads are junior in priority to voluntary liens, even where the lien is recovered by the estate.

6   *Id.* at *7. The bankruptcy court highlighted that there was no legal or equitable reason for Ms. Roach

7   to receive proceeds on account of her homestead exemption at the expense of her creditors when she

8   consented to a lien against the property for more than its value. *Id.* at *7-8.

9   Ms. Roach appealed the rulings on both motions to the 9th Circuit Bankruptcy Appellate

10  Panel ("BAP"). *Id.* at *8. After finding that the appeal of the sale order regarding the actual sale

11  transaction was moot following the sale to a good faith purchaser, the BAP affirmed the bankruptcy

12  court's decision that Ms. Roach was not entitled to claim a homestead exemption in the proceeds of

13  sale. *Id.* at *9-10.

14  In this case, just as in *Roach*, the Trustee may sell the Property with no distribution to Debtor

15  on account of her homestead exemption because Debtor granted J-Pad a consensual lien against the

16  Property. That consensual lien has been avoided, recovered, and preserved for the benefit of the

17  Estate by this Court. Under 11 U.S.C. § 522(g), the Debtor may not claim any exemption in the

18  amounts subject to avoided and recovered liens. *See* 5 COLLIER ON BANKRUPTCY P 551.02[2] (2024)

19  ("[Section 522(g)], however, does not allow a debtor to exempt property subject to the trustee's

20  preserved lien position, unless such preserved lien was otherwise avoidable under section 522. Thus,

21  generally, property that was voluntarily transferred by the debtor and recovered by the trustee under

22  section 550 and preserved under section 551 cannot be exempted."). Because Debtor has no claim of

23

---

24  [5] The trustee highlighted that Ms. Roach could not claim an exemption against the proceeds from the
    sale of the property pursuant to the subordination agreement because such a claim would be
25  prohibited by 11 U.S.C. § 522(g), which provides that exemptions in property recovered by a trustee
    under 11 U.S.C. § 510(c)(2) may only be claimed where the recovered property was not voluntarily
26  transferred by the debtor. *Id.* at *6.

27

REPLY IN SUPPORT OF TURNOVER MOTION AND SALE MOTION

28  4880-1284-8131,v.1

1  exemption in the proceeds from the sale of the Property subject to the avoided and recovered liens,

2  her arguments that California law prohibits the sale unless the proceeds will be sufficient to pay the

3  entirety of her exempt interest, Opposition at 9-10, or that 11 U.S.C. § 363(f) prohibits a sale free

4  and clear of her exempt interest, Opposition at 12-13, fail.

5      *In re Roach*, *supra*, also illustrates that a trustee may sell property to realize the benefit of a

6  recovered lien, in contravention of Debtor's argument, that Trustee "is not asking for permission to

7  sell [the J-Pad lien]" (or any of the other avoided, recovered, and preserved liens). Opposition at 10.

8  As discussed in more detail below, the avoided, recovered, and preserved liens became property of

9  the Estate upon recovery and preservation. 11 U.S.C. § 541(a)(3) and (a)(4). Plus, the Trustee may

10  sell the Property because it became property of the estate upon the Debtor's filing of the voluntary

11  petition. *See* 11 U.S.C. § 363(b)(1) ("The trustee, after notice and a hearing, may use, sell, or lease,

12  other than in the ordinary course of business, property of the estate . . . .").

13      Debtor next claims that Trustee cannot sell the Property because J-Pad's lien never attached

14  to it, and therefore no money will inure to the Estate from the sale of the Property. Opposition at 16.

15  In making this argument, Debtor overlooks that the Court has already found that J-Pad held a lien to

16  secure the principal balance of a loan in the amount of $225,000.00:

17      As noted previously, J-Pad was the holder of a $22[5],000 promissory note. Defendant

18      herself executed the promissory note on JPad's behalf, knowing full well of the asset.

19      It is this Court's view that $225,000 is a significant amount of money, and Defendant's

20      failure to properly schedule her interest in J-Pad, the note and lienholder of a significant

21      asset, is a material, false oath made knowingly and fraudulently. So too was

22      Defendant's failure to schedule a value for J-Pad, who held a significant asset in the

23      form of the aforementioned note and lien on the mobile home. The foregoing, coupled

24      with the evidence presented by Plaintiff of Defendant's other glaring omissions and

25      false oaths, are sufficient to demonstrate that Plaintiff is entitled to judgment against

26      Defendant on its § 727(a)(4) cause of action.

27

28  4880-1284-8131,v.1

1  *Houser Bros. Co. v. Gallian (In re Gallian)*, Case No. 8:21-ap-01097-SC, Docket No. 81 at 16

2  (footnote omitted); *accord In re Gallian*, District Court Appeal No. 8:23-cv-00961-WLH, Docket

3  No. 26 ("The secured promissory note stated that J-Sandcastle was a borrower promising to pay

4  $225,000 to J-Pad, LLC."). This finding is law of the case. *See United States v. Lummi Nation*, 763

5  F.3d 1180, 1185 (9th Cir. 2014) (indicating that under the doctrine of law of the case, a court is

6  generally precluded from reconsidering an issue previously decided by the same court, or a higher

7  court in the identical case).

8       The Court's finding stems from Debtor's own testimony. During the April 26, 2023, trial on

9  Houser Bros.'s claims under 11 U.S.C. § 727, Debtor gave the following responses to questioning by

10  Houser Bros.'s counsel:

11       BY MR. HAYS:

12       Q And is the $225,000 that you're transferring here separate and apart from the $185,000

13       transferred to Ms. Ryan?

14        A Yes, sir.

15       Q Okay. And the promissory note, however, reflects that J-Sandcastle is the borrower, and that

16       J-Pad is the holder that is owed the $225,000, correct?

17       A That's correct, sir.

18       Q And this promissory note is dated November 16 of 2018, as reflected on page 115?

19       A That's correct.

20       Q Okay. Did J-Pad, in fact, loan any money to J-Sandcastle?

21       A No, they did not.

22       Q But the promissory note requires J-Sandcastle to pay J-Pad the money, correct?

23       A They are the holder of the note, yes, with me.

24       . . .

25       Q The collateral that was the subject of the security agreement was the manufactured home in

26       Space 376, correct?

27                                              8
                  REPLY IN SUPPORT OF TURNOVER MOTION AND SALE MOTION

28  4880-1284-8131,v.1

1    A That's correct.

2    Q Okay. And so J-Sandcastle, who was on title, pledged a security interest in the mobile home

3    to secure repayment of this $225,000 we're talking about. That's what these documents were

4    accomplishing, correct?

5    A Yes.

6    Q Okay. Did J-Sandcastle ever pay $225,000 to J-Pad?

7    A No, sir.

8    Q Okay. Was the money ever paid to you individually?

9    A No, sir.

10    Q Was there ever any lawsuit filed to enforce payment under this note obligation?

11    A No, sir. It's not due yet.

12    *See* AP Docket No. 72 at 66-67, 69 (trial transcript).

13         A few months before the trial, on January 13, 2023, Debtor filed a "Motion to Avoid Lien

14    Under 11 U.S.C. § 522(f)" ("Lien Avoidance Motion"), in which she represented under penalty of

15    perjury that J-Pad held a lien against in the Property in the original amount of $225,000.00 and

16    current amount of $175,000.00.[6] Docket No. 297 at 2-3.

17         Debtor made multiple representations to the California Department of Housing and

18    Community Development that J-Pad was the legal owner (*i.e.*, lienholder) against the Property. True

19    and correct copies of Debtor's HCD submissions are attached to the Declaration of Janine Jasso as

20    **Exhibit 1** and were attached to the Trustee's DJ Motion (defined below) as Exhibit 4. *See Golden v.*

21    *J-Pad LLC, et al.*, Case No. 8:23-ap-01064-SC, Docket No. 76 at 110, 112, 114.

22         Debtor filed multiple versions of Schedule D identifying a secured claim held by J-Pad

23    against the Property. *See* Docket No. 1 (listing a $175,000 secured claim of J-Pad against the

24

25    _____

26    [6] The Lien Avoidance Motion contains an admission that the J-Pad lien trumps the homestead
exemption by listing the lien as senior in priority to the amount of Debtor's exemption. Docket No.
297 at 4.

27                                                      9

28    4880-1284-8131,v.1

1 Property); Docket No. 17 (including a $175,000 secured claim of J-Pad against the Property);

2 Docket No. 22 (including a $225,000 secured claim of J-Pad against the Property). Debtor's

3 admissions, that J-Pad held a $225,000.00 lien against the Property, now bind her. *See Am. Title Ins.*

4 *Co. v. Lacelaw Corp.*, 861 F.2d 224, 226 (9th Cir. 1988) (defining "judicial admissions" as factual

5 assertions in pleadings and pretrial orders that, unless amended, are conclusively binding on the

6 party who made them).

7      Debtor even filed a proof of claim in her own case representing under penalty of perjury that

8 the J-Pad lien was due and owing with no right of setoff.  Proof of claim no. 7-1 (Exhibit "11" to

9 Sale Motion).  Attached to that proof of claim is both the security agreement and promissory note.

10      Judicial estoppel further defeats the Debtor's claim that the lien is worthless. Judicial

11 estoppel is an equitable doctrine "that prevents parties from abusing the legal system by taking a

12 position in one legal proceeding that is inconsistent with a position taken in an earlier proceeding."

13 *Swenson v. Bushman Inv. Props.*, 2013 U.S. Dist. LEXIS 104002, at *61 (D. Idaho July 22, 2013)

14 (quoting *Data Mountain Solutions, Inc. v. Giordano*, 680 F. Supp. 2d 110, 125 (D.D.C. 2010) (citing

15 *New Hampshire v. Maine*, 532 U.S. 742, 749-50, 121 S. Ct. 1808, 149 L. Ed. 2d 968 (2001));

16 *Elemary v. Holzmann A.G.*, 533 F. Supp. 2d 116, 125 n.6 (D.D.C. 2008). The doctrine of judicial

17 estoppel "protect[s] the integrity of the judicial process by prohibiting parties from deliberately

18 changing positions according to the exigencies of the moment." *Elemary*, 533 F. Supp. 2d at 125 n.6

19 (quoting *New Hampshire v. Maine*, 532 U.S. at 749-50) (internal quotation marks omitted). Here, the

20 Debtor asserted that the title to and liens against the Property precluded the Trustee from employing

21 a broker to sell it. Dk. No. 208.  The Court adopted this position by denying the Trustee's application

22 to employ a broker unless or until the liens were avoided. Dk. No. 241.

23      While Debtor endeavors to the Trustee for providing insufficient evidence of the amount of

24 the J-Pad lien, the proof of claim she filed admits both liability and amount.  Proof of Claim no. 7-1

25 (claim filed for $225,000 plus interest).  She also overlooks the ample evidence supporting Trustee's

26 motion for default judgment against J-Pad ("DJ Motion"). *See Golden v. J-Pad LLC, et al.*, Case No.

27 10

28 4880-1284-8131,v.1

1   8:23-ap-01064-SC, Docket No. 76. The DJ Motion attached as Exhibit 2 a copy of a "Secured

2   Promissory Note (Fully Amortized)" ("Secured Note") containing the following language: "On or

3   before 12/16/2048, for value received, the undersigned J-SANDCASTLE CO LLC (the 'Borrower')

4   promises to pay to the order of J-PAD, LLC (the 'Holder'), in the manner and at the place provided

5   below, the principal sum of $225000." *See Golden v. J-Pad LLC, et al.*, Case No. 8:23-ap-01064-SC,

6   Docket No. 76 at 87. The Secured Note was "secured by certain assets of the Borrower in

7   accordance with a separate security agreement dated 11/16/2018 between the Holder and the

8   Borrower." *Id.* at 88. DJ Motion Exhibit 3 contains UCC Financing Statements identifying J-Pad as

9   the "Secured Party" with the Property as the collateral. *Id.* at 97-100. The Trustee has calculated

10  interest thereunder, and again, Debtor attaches the security agreement itself to proof of claim no. 7-1.

11       Based on the evidence Trustee submitted, the Court's default judgment against J-Pad

12  specifies that the "transfer to the Defendant [J-Pad] of a lien on and security interest in the [Property]

13  reflected by the secured promissory note and security agreement between J-Sandcastle Co., LLC and

14  the Defendant dated November 16, 2018 and lien on the Property in the amount of $225,000 in favor

15  of the Defendant are avoided and preserved for the benefit of the Debtor's estate in the name of

16  Jeffrey I. Golden, Chapter 7 Trustee . . . ." *See Golden v. J-Pad LLC, et al.*, Case No. 8:23-ap-01064-

17  SC, Docket No. 79 at 2.

18       To the extent Debtor claims that the fraudulent nature of the J-Pad lien she granted means

19  that it cannot serve as a basis for Trustee's sale of the Property, this argument also fails. Based on

20  the plain language of 11 U.S.C. § 551, *any* transfer avoided under 11 U.S.C. § 548 is automatically

21  preserved for the benefit of the Estate. *See* 11 U.S.C. § 551 ("Any transfer avoided under

22  section 522, 544, 545, 547, 548, 549, or 724(a) of this title, or any lien void under section 506(d) of

23  this title, is preserved for the benefit of the estate but only with respect to property of the estate.");

24  *see also In re Van de Kamp's Dutch Bakeries*, 908 F.2d 517, 518-20 (9th Cir. 1990) (rejecting the

25  argument that a trustee can preserve a transfer of a lien under § 551 only to the extent that the

26  interest is otherwise valid under state law); *accord Heintz v. Carey (In re Heintz)*, 198 B.R. 581, 586

27                                              **11**

28  4880-1284-8131,v.1

1  (B.A.P. 9th Cir. 1996) ("§ 551 does not exclude exempt property from preservation. An avoided

2  interest or lien encumbering exempt property is automatically preserved for the benefit of the estate

3  under § 551."). Given that 11 U.S.C. § 548 provides authority for a trustee to avoid "*Fraudulent*

4  transfers and obligations" (emphasis added), § 551 clearly envisions preservation of purely

5  fraudulent liens. Without this automatic preservation under Section 551, avoiding a lien would only

6  result in a windfall to junior lienholders or interest holders at the expense of the estate and unsecured

7  creditors. *Morris v. St. John Nat'l Bank (In re Haberman)*, 516 F.3d 1207, 1210 (10th Cir. 2008); *In*

8  *re Carvell*, 222 B.R. 178, 180 (B.A.P. 1st Cir. 1998).

9         Debtor also makes an erroneous argument, without any supporting authority, that the Trustee

10  is limited to state law procedures to foreclosure on the recovered lien.  Opposition at pp.8-10.

11  Debtor admits that not a single case has applied those provisions as against a bankruptcy trustee.

12  Moreover, the Trustee also obtained a judgment avoiding the transfer of title to the Property, so title

13  is now vested in the Trustee's name.  Exhibit "7" to Sale Motion.  Because title is vested in the

14  Trustee, under section 363 he may sell the Property, subject to Court approval.  This argument too is

15  without merit.

16      **B.**    **The proposed sales price is adequate, fair, and reasonable.**

17         In the Sale Motion, the Trustee notes that he retained a licensed real estate broker to list,

18  market, and aid him in selling the Property. Sale Motion at 21. The Trustee marketed the Property to

19  the world at large via the MLS for several months, and he obtained an offer subject to overbidding

20  and Court approval. *Id.* at 21-22. The Buyer's offer is the highest and best offer—and the only

21  offer—received to date. *Id.* at 22. The Trustee and Buyer agreed on the price following arm's-length

22  negotiations, and the Trustee believes that the price represents a fair and adequate price for the

23  Property. *Id.* at 22. Further, the proposed sale is subject to overbids. *Id.* at 18-20. For a complete

24  discussion of the marketing of the Property and the negotiations with the Buyer, *see* the Declarations

25  of Jeffrey I. Golden and Greg Bingham submitted in support of the Sale Motion. Docket No. 539 at

26  27-28, 30-31.

27  12

28  4880-1284-8131,v.1

1  Despite the Trustee having marketed the Property to the world at large for several months

2  and only receiving one offer, the Debtor—in her declaration rather than in the Opposition itself—

3  suggests that the sales price is too low. *See* Gallian Decl., ¶¶ 9-14. The Debtor seems to base her

4  argument primarily on her hearsay representation that she has previously received offers to purchase

5  the Property in excess of $335,000.00. *Id.* ¶ 13. The Debtor does not identify who these offerors are

6  nor any other terms of the offers.

7  The Debtor also seems to challenge the 6% real estate agent commission proposed in the Sale

8  Motion. According to her: "Homes in my neighborhood are not typically sold by real estate brokers

9  because the homes are not considered real property. Rather, homes are sold like cars and other types

10  of personal property, without paying commissions of 6%." Gallian Decl., ¶ 14. The Court has

11  already entered an "Order Granting Trustee's Application to Employ Real Estate Broker Coldwell

12  Banker Realty and Agents William Friedman and Greg Bingham Pursuant to 11 U.S.C. §§ 327 and

13  328" ("Employment Order"), which, *inter alia*, authorized the Trustee to employ Coldwell Banker

14  Realty and its agents, William Friedman and Greg Bingham as the Estate's real estate agents

15  pursuant to the terms and conditions set forth in the employment application. Docket No. 431. The

16  Employment Order is not subject to a stay pending appeal. The "Application to Employ Real Estate

17  Broker Coldwell Banker Realty and Agents William Friedman and Greg Bingham Pursuant to 11

18  U.S.C. §§ 327 and 328," Docket No. 395, attached as Exhibit 1 a "Residential Listing Agreement"

19  with a 6% commission payable to Coldwell Banker Residential. To the extent the Debtor challenges

20  the Sale Motion's proposal to pay the Estate's real estate professionals a 6% commission, her

21  challenge amounts to an improper attack on the Court's final Employment Order.

22  Debtor's suggestion, that the Property should not be sold by a real estate broker, is especially

23  disingenuous given that she was recently subjected to contempt proceedings for her own retention of

24  a real estate agent, Joseph Arroyo, to market the Property. *See* Docket No. 440 (September 12, 2024,

25  "Order to Show Cause Why Debtor Jamie Lynn Gallian and Joseph Arroyo Should Not Be Found in

26  Contempt of Court"); *see also* Docket No. 495 (October 30, 2024, "Order on Order to Show Cause

27  **13**

28  REPLY IN SUPPORT OF TURNOVER MOTION AND SALE MOTION

4880-1284-8131,v.1

1 Why Debtor Jamie Lynn Gallian and Joseph Arroyo Should Not Be Found in Contempt of Court").

2 The fact that the Debtor now faults the Trustee for retaining a real estate agent to market and sell the

3 Property when she did the same just months ago is hypocritical and nothing more than a desperate

4 attempt to get the Sale Motion denied. And, the Debtor overlooks the fact that this Property is in

5 bankruptcy proceedings such that the Trustee has a duty to achieve the highest and best price for the

6 benefit of the Estate's creditors. *See Wisdom v. Gugino*, 649 Fed.Appx. 583, 584 (9th Cir. 2016) ("A

7 bankruptcy trustee is a representative and fiduciary of the estate, [citations], charged primarily with

8 conserving estate assets and maximizing distributions to creditors[.]"). Employment of a real estate

9 broker to market the Property to the world at large furthers the Trustee's duties.

10            **C.      The Trustee is entitled to turnover of the Property.**

11            Debtor's entire Opposition to the Turnover Motion derives from her contention that Trustee

12 cannot sell the Property. Opposition at 17. But, as set forth in this Reply and in the Sale Motion,

13 Trustee *can* sell the Property. Thus, Debtor's Opposition to the Turnover Motion must fail. It bears

14 repeating that the Trustee and Houser Bros. lack confidence that Debtor will timely vacate the

15 Property given her past efforts to obstruct Estate administration. To ensure that the sale of the

16 Property closes smoothly and timely, a turnover order as requested in the Turnover Motion is

17 necessary.

18 **4.      Conclusion**

19            Since 2018, the Debtor has unlawfully resided without a lease in the park owned by Houser

20 Bros. The bankruptcy was filed in 2021 to stop the unlawful detainer proceedings filed against her

21 by Houser Bros. Because the Debtor fraudulently subjected the property to liens and secreted title in

22 a third party, she further delayed payments to creditors because it took time for the Trustee to avoid,

23 recover, and preserve the liens and title transfer. The Opposition is another attempt by Debtor to

24 continue to hinder, delay and defraud her creditors by attempting to argue that the Trustee may not

25 sell property of the estate to realize the benefit of the fraudulent liens he recovered.

26

27                                              14

REPLY IN SUPPORT OF TURNOVER MOTION AND SALE MOTION

28 4880-1284-8131,v.1

1    For the reasons set forth above and in the Sale Motion and Turnover Motion, Houser Bros.

2    requests that the Court overrule the Opposition and grant the Sale Motion and Turnover Motion in

3    their entirety.

4

5    DATED: February 25, 2025          LEVENE, NEALE, BENDER, YOO & GOLUBCHIK
                                        L.L.P.
6

7                                       By: _____
8                                            ERIC P. ISRAEL
                                             Attorneys for JEFFREY I. GOLDEN,
9                                            Trustee

10   DATED: February 25, 2025          MARSHACK HAYS WOOD LLP

11                                             */s/ D. Edward Hays*
12                                      By: _____
13                                           D. EDWARD HAYS
                                             BRADFORD N. BARNHARDT
14                                           Attorneys for Creditor,
                                             HOUSER BROS. CO. dba RANCHO DEL
15                                           REY MOBILE HOME ESTATES

16

17

18

19

20

21

22

23

24

25

26

27                                            15
28   4880-1284-8131,v.1

1

### Declaration of Janine Jasso

2      I, JANINE JASSO, say and declare as follows:

3      1.      I am an individual over 18 years of age and competent to make this Declaration.

4      2.      If called upon to do so, I could and would competently testify as to the facts set forth

5  in this Declaration.

6      3.      The facts set forth below are true of my personal knowledge.

7      4.      I make this Declaration in support of Houser Bros. Co. dba Rancho Del Rey Mobile

8  Home Estates's Reply in Support of the Chapter 7 Trustee's Turnover Motion and Sale Motion

9  ("Reply"). All capitalized terms not otherwise defined in this Declaration shall have the meaning

10  ascribed to them in the Reply.

11      5.      Via FOIA request I have obtained certain documents from the California Department

12  of Housing and Community Development ("HCD") regarding J-Pad LLC's lien against the Property.

13  True and correct copies of these HCD documents are attached as **Exhibit 1**.

14      I declare under penalty of perjury that the foregoing is true and correct. Executed on

15  February 25, 2025.

16

17      _____
        JANINE JASSO

18

19

20

21

22

23

24

25

26

27

28

1

## REQUEST FOR JUDICIAL NOTICE

2

3       Houser Bros. Co., dba Rancho Del Rey Mobile Home Estates ("Houser Bros.") and Jeffrey I.

4   Golden solely in his capacity as Chapter 7 Trustee ("Trustee") request pursuant to Rule 201 of the

5   Federal Rules of Evidence, that this Court take judicial notice of the following in support of the Joint

6   Omnibus Reply ("Reply") in support of the Trustee's Turnover Motion and Sale Motion. All

7   capitalized terms not otherwise defined in this Request for Judicial Notice shall have the meaning

    ascribed to them in the Reply.

8       1.      On January 31, 2025, the Trustee filed the Turnover Motion and Sale Motion as

9   Docket Nos. 538 and 539, respectively.

10      2.      On February 13, 2025, Houser Bros. filed a joinder in support of the Turnover

11  Motion, Docket No. 552, and a joinder in support of the Sale Motion, Docket No. 551.

12      3.      On February 18, 2025, the Debtor substituted in counsel [Docket No. 553] and filed

13  an "Omnibus Opposition to Trustee's Motions to Sell . . . and for Turnover of Property . . . and

14  Houser Joinders" ("Opposition"), with a supporting "Declaration of Jamie Lynn Gallian" ("Gallian

15  Declaration"). Docket No. 554.

16      4.      On February 20, 2025, the Court entered an "Order Granting Houser Bros. Co. DBA

17  Rancho Del Rey Mobilehome Estates's Motion Objecting to Debtor's Claimed Homestead

18  Exemption in 'Pad' Located at 16222 Monterey Ln., Space 376, Huntington Beach, CA 92649."

19  Docket No. 555.

20      5.      On April 26, 2023, the Court held a trial on Houser Bros.'s 11 U.S.C. § 727 claims in

21  *Houser Bros. Co. v. Gallian (In re Gallian)*, Case No. 8:21-ap-01097-SC.

22      6.      During the trial, the Debtor gave the following responses to questioning by Houser

23  Bros.'s counsel:

24  BY MR. HAYS:

25  Q And is the $225,000 that you're transferring here separate and apart from the $185,000

26  transferred to Ms. Ryan?

27   A Yes, sir.

28

Q Okay. And the promissory note, however, reflects that J-Sandcastle is the borrower, and that J-Pad is the holder that is owed the $225,000, correct?

A That's correct, sir.

Q And this promissory note is dated November 16 of 2018, as reflected on page 115?

A That's correct.

Q Okay. Did J-Pad, in fact, loan any money to J-Sandcastle?

A No, they did not.

Q But the promissory note requires J-Sandcastle to pay J-Pad the money, correct?

A They are the holder of the note, yes, with me.

. . .

Q The collateral that was the subject of the security agreement was the manufactured home in Space 376, correct?

A That's correct.

Q Okay. And so J-Sandcastle, who was on title, pledged a security interest in the mobile home to secure repayment of this $225,000 we're talking about. That's what these documents were accomplishing, correct?

A Yes.

Q Okay. Did J-Sandcastle ever pay $225,000 to J-Pad?

A No, sir.

Q Okay. Was the money ever paid to you individually?

A No, sir.

Q Was there ever any lawsuit filed to enforce payment under this note obligation?

A No, sir. It's not due yet.

*See* AP Docket No. 72 at 66-67, 69 (trial transcript).

7.       On May 23, 2023, the Court entered "(1) Order Denying Motion to Amend and Vacating Hearing; (2) Memorandum Decision After Trial Regarding § 727 Claims; and (3) Setting Status Conference on Remaining §523 Claims" ("Memorandum Decision"). *Houser Bros. Co. v. Gallian (In re Gallian)*, Case No. 8:21-ap-01097-SC, Docket No. 81.

8.     The Memorandum Decision contains the following finding:

As noted previously, J-Pad was the holder of a $22[5],000 promissory note.
Defendant herself executed the promissory note on JPad's behalf, knowing
full well of the asset. It is this Court's view that $225,000 is a significant
amount of money, and Defendant's failure to properly schedule her interest in
J-Pad, the note and lienholder of a significant asset, is a material, false oath
made knowingly and fraudulently. So too was Defendant's failure to schedule
a value for J-Pad, who held a significant asset in the form of the
aforementioned note and lien on the mobile home. The foregoing, coupled
with the evidence presented by Plaintiff of Defendant's other glaring
omissions and false oaths, are sufficient to demonstrate that Plaintiff is
entitled to judgment against Defendant on its § 727(a)(4) cause of action.

*Houser Bros. Co. v. Gallian (In re Gallian)*, Case No. 8:21-ap-01097-SC,
Docket No. 81 at 16 (footnote omitted).

9.     On July 31, 2024, the U.S. District Court for the Central Court of California entered
an Order on Appeal containing the following finding: "The secured promissory note stated that J-
Sandcastle was a borrower promising to pay $225,000 to J-Pad, LLC." *In re Gallian*, District Court
Appeal No. 8:23-cv-00961-WLH, Docket No. 26.

10.     On January 13, 2023, Debtor filed a "Motion to Avoid Lien Under 11 U.S.C. §
522(f)" ("Lien Avoidance Motion"), in which she represented under penalty of perjury that J-Pad
held a lien against in the Property in the original amount of $225,000.00 and current amount of
$175,000.00. Docket No. 297 at 2-3.

11.     The Lien Avoidance Motion lists the J-Pad lien as senior in priority to the amount of
Debtor's exemption. Docket No. 297 at 4.

12.     Debtor filed multiple versions of Schedule D identifying a secured claim held by J-
Pad against the Property. *See* Docket No. 1 (listing a $175,000 secured claim of J-Pad against the
Property); Docket No. 17 (including a $175,000 secured claim of J-Pad against the Property);
Docket No. 22 (including a $225,000 secured claim of J-Pad against the Property).

13.     On October 2, 2024, Debtor filed a proof of claim in her own case representing under penalty of perjury that the J-Pad lien was due and owing with no right of setoff. Proof of Claim No. 7-1. Attached to that proof of claim is both the security agreement and promissory note. *Id.*

14.     On August 30, 2022, the Debtor filed an "Opposition to Application of the Chapter 7 Trustee to Employ Real Estate Broker Coldwell Banker Realty and Agents William Friedman and Greg Bingham Pursuant to 11 U.S. [sic] §§ 327 and 328," in which she asserted that the title to and liens against the Property precluded the Trustee from employing a broker to sell it. Docket No. 208.

15.     The Court adopted this position by denying the Trustee's application to employ a broker unless or until the liens were avoided. Docket No. 241.

16.     On April 5, 2024, the Trustee filed a "Motion for Default Judgment Under LBR 7055-1" ("DJ Motion") as Docket No. 76 in *Golden v. J-Pad LLC, et al.*, Case No. 8:23-ap-01064-SC.

17.     The DJ Motion attached as Exhibit 2 a copy of a "Secured Promissory Note (Fully Amortized)" ("Secured Note") containing the following language: "On or before 12/16/2048, for value received, the undersigned J-SANDCASTLE CO LLC (the 'Borrower') promises to pay to the order of J-PAD, LLC (the 'Holder'), in the manner and at the place provided below, the principal sum of $225000." *See Golden v. J-Pad LLC, et al.*, Case No. 8:23-ap-01064-SC, Docket No. 76 at 87. The Secured Note was "secured by certain assets of the Borrower in accordance with a separate security agreement dated 11/16/2018 between the Holder and the Borrower." *Id.* at 88.

18.     DJ Motion Exhibit 3 contains UCC Financing Statements identifying J-Pad as the "Secured Party" with the Property as the collateral. *Id.* at 97-100.

19.     The Court's default judgment against J-Pad, entered on May 10, 2024, specifies that the "transfer to the Defendant [J-Pad] of a lien on and security interest in the [Property] reflected by the secured promissory note and security agreement between J-Sandcastle Co., LLC and the Defendant dated November 16, 2018 and lien on the Property in the amount of $225,000 in favor of the Defendant are avoided and preserved for the benefit of the Debtor's estate in the name of Jeffrey I. Golden, Chapter 7 Trustee . . . ." *See Golden v. J-Pad LLC, et al.*, Case No. 8:23-ap-01064-SC, Docket No. 79 at 2.

20

20.     On July 1, 2024, the Trustee filed an "Application to Employ Real Estate Broker Coldwell Banker Realty and Agents William Friedman and Greg Bingham Pursuant to 11 U.S.C. §§ 327 and 328," Docket No. 395, which attached as Exhibit 1 a "Residential Listing Agreement" with a 6% commission payable to Coldwell Banker Residential.

21.     On September 5, 2024, the Court entered an "Order Granting Trustee's Application to Employ Real Estate Broker Coldwell Banker Realty and Agents William Friedman and Greg Bingham Pursuant to 11 U.S.C. §§ 327 and 328" ("Employment Order"), which, *inter alia*, authorized the Trustee to employ Coldwell Banker Realty and its agents, William Friedman and Greg Bingham as the Estate's real estate agents pursuant to the terms and conditions set forth in the employment application. Docket No. 431.

22.     The Employment Order is not subject to a stay pending appeal.

23.     On September 12, 2024, the Court entered an "Order to Show Cause Why Debtor Jamie Lynn Gallian and Joseph Arroyo Should Not Be Found in Contempt of Court." Docket No. 440.

24.     On October 30, 2024, the Court entered an "Order on Order to Show Cause Why Debtor Jamie Lynn Gallian and Joseph Arroyo Should Not Be Found in Contempt of Court." Docket No. 495.

DATED: February 25, 2025           LEVENE, NEALE, BENDER, YOO & GOLUBCHIK L.L.P.

                                   By: _____
                                       ERIC P. ISRAEL
                                       Attorneys for JEFFREY I. GOLDEN,
                                       Trustee

DATED: February 25, 2025          MARSHACK HAYS WOOD LLP

*/s/ D. Edward Hays*

By: _____

D. EDWARD HAYS
BRADFORD N. BARNHARDT
Attorneys for Creditor,
HOUSER BROS. CO. dba RANCHO DEL
REY MOBILE HOME ESTATES

4926-5059-8173, v. 4

REQUEST FOR JUDICIAL NOTICE

**EXHIBIT 1**



DTN:                        12153896

Decal:                      LBM1081

Unit ID:                    252606085

Trans Type:                 L/O Assignment

Trans Date:                 02/01/2021

Trade Name:                 CUSTOM VILLA

Serial #:                   AC7V710394GA, AC7V710394GB

Insignia #                  PFS1130281, PFS1130282

Status Date:    02/23/2021        User Name:    SHAH, KIRAN

EXHIBIT 1, PAGE 24

# STATE OF CALIFORNIA - DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT
## CERTIFICATE OF TITLE

Manufactured Home                              Decal:    **LBM1081**

| Manufacturer ID/Name | Trade Name | Model | | DOM | DFS | RY |
|---|---|---|---|---|---|---|
| 90002      SKYLINE HOMES INC | CUSTOM VILLA | ** | | 05/29/2014 | 07/28/2014 | |
| **Serial Number** | **Label/Insignia Number** | **Weight** | **Length** | **Width** | **Issued** | |
| AC7V710394GB | PFS1130281 | 22,383 | 56' | 15' 2" | Jan 19, 2019 | |
| AC7V710394GA | PFS1130282 | 25,068 | 60' | 15' 2" | | |

**Addressee**

J-SANDCASTLE CO LLC
16222 MONTEREY LANE ROOM 376
HUNTINGTON BEACH, CA  92649

**Registered Owner(s)**

J-SANDCASTLE CO LLC
16222 MONTEREY LANE ROOM 376
HUNTINGTON BEACH, CA 92649

**Situs Address**

16222 MONTEREY LN SPACE 376
HUNTINGTON BEACH, CA 92649

**IMPORTANT**
THE OWNER INFORMATION SHOWN ABOVE MAY NOT REFLECT ALL LIENS RECORDED WITH THE
DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT AGAINST THE DESCRIBED UNIT.  THE
CURRENT TITLE STATUS OF THE UNIT MAY BE CONFIRMED THROUGH THE DEPARTMENT.

DTN:  10670236                                                         01192019 - 2

EXHIBIT 1, PAGE 25

*Copy*

## SECTION A - SMOKE DETECTOR AND WATER HEATER SEISMIC BRACING CERTIFICATION

California Health and Safety Code (HSC) Sections 18029.6 and 18031.7 require that on the date of transfer of title all used manufactured homes, used mobilehomes, and used multifamily manufactured homes: 1) be equipped with an operable smoke detector in each room designed for sleeping, and 2) all fuel-gas-burning water heater appliances be seismically braced, anchored, or strapped pursuant to existing codes. A declaration may be signed within 45 days prior to the date of transfer of title stating that these requirements have been met.

I/We further agree to indemnify and save harmless the Director of the State of California, Department of Housing and Community Development, and subsequent purchasers of said unit, for any loss they may suffer resulting from registration of the unit in California or from issuance of a California Certificate of Title covering the same. I/We certify under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on _____ , State _____

Signature _____

## SECTION B - RELEASING SIGNATURES

1a. _____
   Signature of Registered Owner

1b. _____                               Date of Release _____

2. _____                    □ Release    □ Retain    □ Assign Interest
   Legal Owner of Record (if any) sign and check appropriate box     * If Assign Interest is checked, Complete New Legal Owner Below)

## SECTION C - NEW OWNER INFORMATION

### NEW REGISTERED OWNER - Please Print or Type Clearly

3a. _____                  3c. _____
    New Registered Owners Name                New Registered Owners Name

3b. _____                  3d. _____
    New Registered Owners Name                New Registered Owners Name

If more than one New Owner going onto title, please check the appropriate Co-ownership term box.

□ Joint Tenants with Right of Survivorship    □ Tenants In Common OR    *□ Trust/Trustee(s)
                                                                        (* If this box is checked-Complete HCD 476.6B)

□ Tenants In Common AND    □ Community Property    □ Community Property with Right of Survivorship

4. _____                  _____            _____
   Mailing Address of New Registered Owner      City/State                  Zip Code

5. _____                  _____            _____
   Actual Location Address of Unit              City/State                  Zip Code

6. _____                  _____
   Purchase Price or check box if Gift □      Purchase Date or Transfer Date

7a. _____                  7c. _____
    Signature of New Registered Owners           Signature of New Registered Owners

7b. _____                  7d. _____
    Signature of New Registered Owners           Signature of New Registered Owners

### NEW LEGAL OWNER - Please Print or Type Clearly

8a. **BRIAN J. GALLIAN**              8b. **Steven D. Gallian**
    New Legal Owners Name                  New Legal Owners Name

If more than one New Lender going onto title, please check the appropriate Co-owner term box below.

☒ Joint Tenants with Right of Survivorship    □ Tenants In Common OR    *□ Trust/Trustee(s)
                                                                        (* If this box is checked-Complete HCD 476.6B)

□ Tenants In Common AND    □ Community Property    □ Community Property with Right of Survivorship

9. **16222 Monterey Ln #376**         **Huntington Beach, CA**    **92649**
   Mailing Address of New Legal Owner           City/State                  Zip Code

### NEW JUNIOR LIENHOLDER - Please Print or Type Clearly

10a. _____                 10b. _____
     New Junior Lienholder Name                New Junior Lienholder Name

11. _____                  _____            _____
    Mailing Address of New Junior Lienholder     City/State                  Zip Code

## SECTION D - RELEASE OF DEALERS

12. _____                  _____
    Signature of Selling Dealer                 Print Dealers Name and Dealer Number

OSP 09 112819

EXHIBIT 1, PAGE 27

# STATE OF CALIFORNIA - DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT
## REGISTRATION CARD

Manufactured Home

**Decal: LBM1081**

| Manufacturer ID/Name | Trade Name | Model | DOM | DFS | RY | Exp. Date |
|---|---|---|---|---|---|---|
| 90002    SKYLINE HOMES INC | CUSTOM VILLA | | 05/29/2014 | 07/28/2014 | | |

| Serial Number | Label/Insignia Number | Weight | Length | Width | Issued |
|---|---|---|---|---|---|
| AC7V710394GB | PFS1130281 | 22,383 | 56' | 15' 2" | Jan 19, 2019 |
| AC7V710394GA | PFS1130282 | 25,068 | 60' | 15' 2" | |

**Addressee**

J-SANDCASTLE CO LLC
16222 MONTEREY LANE ROOM 376
HUNTINGTON BEACH, CA 92649



**Registered Owner(s)**

J-SANDCASTLE CO LLC
16222 MONTEREY LANE ROOM 376
HUNTINGTON BEACH, CA 92649

**Situs Address**

16222 MONTEREY LN SPACE 376
HUNTINGTON BEACH, CA 92649

***********************************************
### ATTENTION OWNER:

THIS IS THE REGISTRATION CARD FOR THE
UNIT DESCRIBED ABOVE.  PLEASE KEEP THIS
CARD IN A SAFE PLACE WITHIN THE UNIT.

### INSTRUCTIONS FOR RENEWAL:

REGISTRATION FOR THIS UNIT EXPIRES ON THE
DATE INDICATED ABOVE IN THE BOX LABELED
"Exp. Date".  THERE ARE SUBSTANTIAL
PENALTIES FOR DELINQUENCY.  IF YOU DO NOT
RECEIVE A RENEWAL NOTICE WITHIN 10 DAYS
PRIOR TO THE EXPIRATION DATE, CONTACT
H.C.D. FOR RENEWAL INSTRUCTIONS.
***********************************************

## IMPORTANT
**THE OWNER INFORMATION SHOWN ABOVE MAY NOT REFLECT ALL LIENS RECORDED WITH THE
DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT AGAINST THE DESCRIBED UNIT.  THE
CURRENT TITLE STATUS OF THE UNIT MAY BE CONFIRMED THROUGH THE DEPARTMENT.**

DTN: 10670236                                                                01192019 - 1

EXHIBIT 1, PAGE 29

STATE OF CALIFORNIA
BUSINESS, CONSUMER SERVICES AND HOUSING AGENCY
DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT
DIVISION OF CODES AND STANDARDS
REGISTRATION AND TITLING PROGRAM



## STATEMENT OF FACTS

This unit is a: ☑ Manufactured Home / Mobilehome  ☐ Commercial Modular  ☐ Floating Home  ☐ Truck Camper

| Decal (License) No.(s): | Trade Name: | Serial No.(s): |
|---|---|---|
| LBM 1081 | | |

I/We, the undersigned, hereby state:

*The original paperwork to add legal owner was lost in the mail. Customer sent photocopies of the application. Representative for J-Sandcastle CO LLC, Jamie Gallian states the legal owner is Joint Ronald J. Pierpont and JPad LLC at the same address: 16222 Monterey Ln # 376 Huntington Beach CA 92649*

I/We further agree to indemnify and save harmless the Director of the Department of Housing and Community Development, State of California, and subsequent purchasers of said unit, for any loss they may suffer resulting from registration of the above-described unit in California, or from issuance of a California Certificate of Title covering the same.

I/We certify under penalty of perjury that the foregoing is true and correct.

Executed on  02/22/2021  at  Sacramento ,  CA
            *Date*              *City*         *State*

Signature(s):                          Printed name(s):
*Rebecca O'Laughlin*                   *Rebecca O'Loughlin, Program Tech III*

Address _____

City _____    State _____

HCD RT 476.6 (Rev. 07/16)

EXHIBIT 1, PAGE 32

STATE OF CALIFORNIA
BUSINESS, CONSUMER SERVICES AND HOUSING AGENCY
DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT
DIVISION OF CODES AND STANDARDS
REGISTRATION AND TITLING PROGRAM



## STATEMENT TO ENCUMBER

---

**SECTION I.        DESCRIPTION OF UNIT**

This unit is a (check one):

[X] Manufactured Home, Mobilehome, Multifamily Manufactured Home   [ ] Commercial Modular   [ ] Truck Camper   [ ] Floating Home

The Decal (License) Number(s) is: __LBM1081__

The Trade Name is: __SKYLINE HOMES CUSTOM VILLA__

The Serial Number(s) is: __AC7V710394GB/GA__

---

**SECTION II.        LEGAL OWNER INFORMATION**

I/We are releasing legal owner interest in the above-described unit to encumber the title (record a lien) in favor of:

___Ronald J. Pierpont, Member  J Pad LLC___
(Name of New Legal Owner)

*Address:* __16222 MONTEREY LN, #376 HUNTINGTON BEACH, CA 92649__
          Street Address or P.O. Box                                    City                        State          Zip

---

**SECTION III.        CERTIFICATION**

I/We certify under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on __8/20/2020__        at    HUNTINGTON  BEACH, CALIFORNIA
            Date                                    City                            State

Signature of each registered owner:            Printed name of each registered owner:

_Jamie L. Gallian, Member_            J-SANDCASTLE CO LLC JAMIE L.GALLIAN, MEMBER

Address: __16222 MONTEREY LN #376 HUNTINGTON BEACH, CA 92649__
          Street Address or P. O. Box                                    City                        State          Zip

HCD 484.7 (Rev. 11/14)

STATE OF CALIFORNIA
BUSINESS, CONSUMER SERVICES AND HOUSING AGENCY
DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT
DIVISION OF CODES AND STANDARDS
REGISTRATION AND TITLING PROGRAM



## STATEMENT OF FACTS

This unit is a: ☒ Manufactured Home / Mobilehome   ☐ Commercial Modular   ☐ Floating Home   ☐ Truck Camper

| Decal (License) No.(s): | Trade Name: | Serial No.(s): |
|---|---|---|
| LBM1081 | Custom Villa | ACTV710394GB ACTV710394GA |

I/We, the undersigned, hereby state:

*J-Sandcastle wishes to disregard former Statement to Encumber/Lien Assignment. for favor of NEW legal owner J-Pad LLC Ronald J. Pierpont. The New legal owner is J-PAD LLC, Ronalds Pier point, Member.*

I/We further agree to indemnify and save harmless the Director of the Department of Housing and Community Development, State of California, and subsequent purchasers of said unit, for any loss they may suffer resulting from registration of the above-described unit in California, or from issuance of a California Certificate of Title covering the same.

I/We certify under penalty of perjury that the foregoing is true and correct.

Executed on _8/20/2020_ at _Huntington Beach_ , _CA_
          Date              City            State

| Signature(s): | Printed name(s): |
|---|---|
| *J-Sandcastle CoLLc By Jamie L Gillion JANIEL BAHAN* | J-Sandcastle COLLC |

Address _16222 Monterey Ln #376_
City _Huntington Beach_      State _CA_

HCD RT 476.6 (Rev. 07/16)

STATE OF CALIFORNIA
BUSINESS, CONSUMER SERVICES AND HOUSING AGENCY
DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT
DIVISION OF CODES AND STANDARDS
REGISTRATION AND TITLING PROGRAM



## STATEMENT OF FACTS

This unit is a: ☑ Manufactured Home / Mobilehome   ☐ Commercial Modular   ☐ Floating Home   ☐ Truck Camper

| Decal (License) No.(s): | Trade Name: | Serial No.(s): |
|---|---|---|
| LBM 1081 | SKYLINE HOMES | AC7V710394GB/GA |

I/We, the undersigned, hereby state: *J-Sandcastle Co LLC made errors on the Certificate of Title. The only change to the Certificate of Title is the addition of two names as Legal Owners as indicated on the Statement to Encumber dated 8/20/2020. The Legal Owner's to be added to the Certificate of Title be Steven D. Gallian Brian J. Gallian*

I/We further agree to indemnify and save harmless the Director of the Department of Housing and Community Development, State of California, and subsequent purchasers of said unit, for any loss they may suffer resulting from registration of the above-described unit in California, or from issuance of a California Certificate of Title covering the same.

I/We certify under penalty of perjury that the foregoing is true and correct.

Executed on <u>08/20/2020</u> at <u>HUNTINGTON BEACH</u>, <u>CA</u>
           Date                City             State

| Signature(s): *(signature)* | Printed name(s): |
|---|---|
| | J-SANDCASTLE CO LLC JAMIE GALLIAN MEMBER |

Address <u>16222 MONTEREY LN. #376</u>

City <u>HUNTINGTON BEACH</u>   State <u>CA</u>

HCD.RT 476.6 (Rev. 07/16)

EXHIBIT 1, PAGE 37

*Copy*

STATE OF CALIFORNIA
BUSINESS, CONSUMER SERVICES AND HOUSING AGENCY
DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT
DIVISION OF CODES AND STANDARDS
REGISTRATION AND TITLING PROGRAM



## STATEMENT TO ENCUMBER

### SECTION I.    DESCRIPTION OF UNIT

This unit is a (check one):

[X] Manufactured Home, Mobilehome, Multifamily Manufactured Home  [ ] Commercial Modular  [ ] Truck Camper  [ ] Floating Home

The Decal (License) Number(s) is: __LBM1081__

The Trade Name is: __SKYLINE HOMES CUSTOM VILLA__

The Serial Number(s) is: __AC7V710394GB/GA__

### SECTION II.    LEGAL OWNER INFORMATION

I/We are releasing legal owner interest in the above-described unit to encumber the title (record a lien) in favor of:

STEVEN D GALLIAN   AND   BRIAN J. GALLIAN  JOINT TENANTS Right of Survivorship

*(Name of New Legal Owner)*

*Address:* __16222 MONTEREY LN. #376 HUNTINGTON BEACH, CA 92649__

Street Address or P.O. Box              City                          State        Zip

### SECTION III.    CERTIFICATION

I/We certify under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on __8/20/2020__        at    __HUNTINGTON  BEACH, CALIFORNIA__

                     Date                            City                          State

Signature of each registered owner:          Printed name of each registered owner:

*Jamie L Gallian, member*          __J-SANDCASTLE CO LLC JAMIE L.GALLIAN, MEMBER__

Address: __16222 MONTEREY LN #376 HUNTINGTON BEACH, CA 92649__

           Street Address or P. O. Box              City                          State        Zip

HCD 484.7 (Rev. 11/14)

EXHIBIT 1, PAGE 40



STATE OF CALIFORNIA
BUSINESS, CONSUMER SERVICES AND HOUSING AGENCY
DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT
DIVISION OF CODES AND STANDARDS
REGISTRATION AND TITLING PROGRAM

## LIEN ASSIGNMENT

| SECTION I. | DESCRIPTION OF UNIT |
| --- | --- |

This unit is a (check one):

☒ Manufactured Home, Mobilehome, Multifamily Manufactured Home    ☐ Commercial Modular    ☐ Truck Camper    ☐ Floating Home

The Decal (License) Number(s) is:    LBM 1081

The Trade Name is:   SKYLINE HOMES CUSTOM VILLA

The Serial Number(s) is:   AC7V710394GB/GA

| SECTION II. | NAME AND ADDRESS OF PARTY ASSIGNING LIEN (ASSIGNOR) |
| --- | --- |

Name of Assignor:   J-SANDCASTLE CO LLC, JAMIE L. GALLIAN, MEMBER

Mailing Address of Assignor:   16222 Monterey Ln. #376 Huntington Beach CA 92649
Street Address or P.O. Box                    City          State      Zip

| SECTION III. | DEBTOR(S) NAME AND ADDRESS |
| --- | --- |

Name of Debtor(s):   J-SANDCASTLE CO LLC , JAMIE L. GALLIAN, MEMBER

Mailing Address of Debtor(s):   16222 MONTEREY LN #376 HUNTINGTON BEACH, CA 92649
Street Address or P.O. Box                    City          State      Zip

Location Address:   16222 MONTEREY LN. #376 HUNTINGTON BEACH, CA 92649
Street Address                    City                County            State

| SECTION IV. | NAME AND ADDRESS OF PARTY TO WHICH LIEN HAS BEEN ASSIGNED (ASSIGNEE) |
| --- | --- |

Name of Assignee:   STEVEN D. GALLIAN AND BRIAN J. GALLIAN, JOINT TENANTS Right of Survivorship

Mailing Address of Assignee:   16222 MONTEREY LN. #376 HUNTINGTON BEACH, CA 92649
Street Address or P.O. Box                    City          State      Zip

| SECTION V. | ASSIGNOR'S CERTIFICATION |
| --- | --- |

I/We the assignor certify under penalty of perjury under the laws of the State of California that the
foregoing is true and correct that my/our lien in the name of the debtor(s), for the described unit, has
been transferred to the assignee on    8/20/2020                          .
Date of Lien Assignment

Executed on    8/20/2020                 at    HUNTINGTON BEACH, CA
Date                            City                        State

Signature of Authorized Agent:    Jamie L. Gallian

HCD 485.1 (Rev. 12/14)

# ACKNOWLEDGMENT

A notary public or other officer completing this
certificate verifies only the identity of the individual
who signed the document to which this certificate is
attached, and not the truthfulness, accuracy, or
validity of that document.

State of California
County of _____ ORANGE _____ )

On __AUG,28,2020_____ before me, ALEX MAJDPOUR NOTARY PUBLIC
                                         _____
                                         (insert name and title of the officer)

personally appeared __JAMIE LYNN GALLIAN_____
who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are
subscribed to the within instrument and acknowledged to me that he/she/they executed the same in
his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the
person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing
paragraph is true and correct.

WITNESS my hand and official seal.


Signature _____        (Seal)

ALEX MAJDPOUR
Notary Public • California
Orange County
Commission # 2216025
My Comm. Expires Jan 28, 2024



DTN:                                   **12339739**

Decal:                                 **LBM1081**

Unit ID:                               252606085

Trans Type:                            L/O Addition

Trans Date:                            08/10/2021

Trade Name:                            CUSTOM VILLA

Serial #:                              AC7V710394GA, AC7V710394GB

Insignia #                             PFS1130281, PFS1130282

Status Date:        08/11/2021      User Name:      CRUZ, SYLVIA

EXHIBIT 1, PAGE 46

# STATE OF CALIFORNIA - DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT
## CERTIFICATE OF TITLE

Manufactured Home                                         Decal:  **LBM1081**

| Manufacturer ID/Name | Trade Name | Model | DOM | DFS | RY |
|---|---|---|---|---|---|
| 90002    SKYLINE HOMES INC | CUSTOM VILLA | | 05/29/2014 | 07/28/2014 | |

| Serial Number | Label/Insignia Number | Weight | Length | Width | Issued |
|---|---|---|---|---|---|
| AC7V710394GB | PFS1130281 | 22,383 | 56' | 15' 2" | Aug 03, 2021 |
| AC7V710394GA | PFS1130282 | 25,068 | 60' | 15' 2" | |

**Addressee**

JAMIE LYNN GALLIAN
16222 MONTEREY LN SPACE 376
HUNTINGTON BEACH, CA  92649

**Registered Owner(s)**

JAMIE LYNN GALLIAN
16222 MONTEREY LN SPACE 376
HUNTINGTON BEACH, CA 92649

**Situs Address**

16222 MONTEREY LN SPACE 376
HUNTINGTON BEACH, CA 92649

**IMPORTANT**
**THE OWNER INFORMATION SHOWN ABOVE MAY NOT REFLECT ALL LIENS RECORDED WITH THE
DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT AGAINST THE DESCRIBED UNIT.  THE
CURRENT TITLE STATUS OF THE UNIT MAY BE CONFIRMED THROUGH THE DEPARTMENT.**

DTN: 12313525                                                                 08032021 - 2

AUG 1 0 2021

## SECTION A - SMOKE DETECTOR AND WATER HEATER SEISMIC BRACING CERTIFICATION

California Health and Safety Code (HSC) Sections 18029.6 and 18031.7 require that on the date of transfer of title all used manufactured homes, used mobilehomes, and used multifamily manufactured homes: 1) be equipped with an operable smoke detector in each room designed for sleeping, and 2) all fuel-gas-burning water heater appliances be seismically braced, anchored, or strapped pursuant to existing codes. A declaration may be signed within 45 days prior to the date of transfer of title stating that these requirements have been met.

I/We further agree to indemnify and save harmless the Director of the State of California, Department of Housing and Community Development, and subsequent purchasers of said unit, for any loss they may suffer resulting from registration of the unit in California or from issuance of a California Certificate of Title covering the same. I/We certify under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on _____ at _____                                        _____
      Date           City                  State

_____                                   _____
    Signature                                        Printed Name

## SECTION B - RELEASING SIGNATURES

1a. _____                    Date of Release _____
     Releasing Signature of Registered Owner

1b. _____                    Date of Release _____
     Releasing Signature of Registered Owner

2. _____    □ Release    □ Retain    * □ Assign Interest
   Legal Owner of Record (if any) sign and check appropriate box          (* If Assign Interest is checked - Complete New Legal Owner Below)

## SECTION C - NEW OWNER INFORMATION

### NEW REGISTERED OWNER - Please Print or Type Clearly

3a. _____    3c. _____
    New Registered Owners Name             New Registered Owners Name

3b. _____    3d. _____
    New Registered Owners Name             New Registered Owners Name
          If more than one New Owner going onto title, please check the appropriate Co-owner term box.

□ Joint Tenants with Right of Survivorship    □ Tenants In Common OR    * □ Trust/Trustee(s)
                                                (* If this box is checked-Complete HCD 476.6B)

□ Tenants In Common AND    □ Community Property    □ Community Property with Right of Survivorship

4. _____    _____    _____
   Mailing Address of New Registered Owner        City/State         Zip Code

5. _____    _____    _____
   Actual Location Address of Unit              City/State         Zip Code

6. _____    _____
   Purchase Price or check box if Gift-□      Purchase Date or Transfer Date

7a. _____    7c. _____
    Signature of New Registered Owners        Signature of New Registered Owners

7b. _____    7d. _____
    Signature of New Registered Owners        Signature of New Registered Owners

### NEW LEGAL OWNER - Please Print or Type Clearly

8a. _____    8b. _____
    New Legal Owners Name             New Legal Owners Name
          If more than one New Lender going onto title, please check the appropriate Co-owner term box below.

□ Joint Tenants with Right of Survivorship    □ Tenants In Common OR    * □ Trust/Trustee(s)
                                                (* If this box is checked-Complete HCD 476.6B)

□ Tenants In Common AND    □ Community Property    □ Community Property with Right of Survivorship

9. _____    _____    _____
   Mailing Address of New Legal Owner        City/State         Zip Code

### NEW JUNIOR LIENHOLDER - Please Print or Type Clearly

10a. _____    10b. _____
    New Junior Lienholder Name           New Junior Lienholder Name

11. _____    _____    _____
   Mailing Address of New Junior Lienholder     City/State         Zip Code

## SECTION D – RELEASE OF DEALERS

12. _____    _____
   Signature of Selling Dealer            Print Dealers Name and Dealer Number

OSP 20 149325

EXHIBIT 1, PAGE 48

## STATE OF CALIFORNIA - DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT
### REGISTRATION CARD

Manufactured Home

**Decal: LBM1081**

| Manufacturer ID/Name | Trade Name | Model | DOM | DFS | RY | Exp. Date |
|---|---|---|---|---|---|---|
| 90002    SKYLINE HOMES INC | CUSTOM VILLA | | 05/29/2014 | 07/28/2014 | | |

| Serial Number | Label/Insignia Number | Weight | Length | Width | Issued |
|---|---|---|---|---|---|
| AC7V710394GB | PFS1130281 | 22,383 | 56' | 15' 2" | Aug 03, 2021 |
| AC7V710394GA | PFS1130282 | 25,068 | 60' | 15' 2" | |



**Addressee**

JAMIE LYNN GALLIAN
16222 MONTEREY LN SPACE 376
HUNTINGTON BEACH, CA 92649

**Registered Owner(s)**

JAMIE LYNN GALLIAN
16222 MONTEREY LN SPACE 376
HUNTINGTON BEACH, CA 92649

**Situs Address**

16222 MONTEREY LN SPACE 376
HUNTINGTON BEACH, CA 92649

```
**************************************************
                ATTENTION OWNER:

THIS IS THE REGISTRATION CARD FOR THE
UNIT DESCRIBED ABOVE.  PLEASE KEEP THIS
CARD IN A SAFE PLACE WITHIN THE UNIT.

           INSTRUCTIONS FOR RENEWAL:

REGISTRATION FOR THIS UNIT EXPIRES ON THE
DATE INDICATED ABOVE IN THE BOX LABELED
"Exp. Date".  THERE ARE SUBSTANTIAL
PENALTIES FOR DELINQUENCY.  IF YOU DO NOT
RECEIVE A RENEWAL NOTICE WITHIN 10 DAYS
PRIOR TO THE EXPIRATION DATE, CONTACT
H.C.D. FOR RENEWAL INSTRUCTIONS.
**************************************************
```

**IMPORTANT**
**THE OWNER INFORMATION SHOWN ABOVE MAY NOT REFLECT ALL LIENS RECORDED WITH THE
DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT AGAINST THE DESCRIBED UNIT.  THE
CURRENT TITLE STATUS OF THE UNIT MAY BE CONFIRMED THROUGH THE DEPARTMENT.**

DTN: 12313525

08032021 - 1

**EXHIBIT 1, PAGE 49**

STATE OF CALIFORNIA
BUSINESS, CONSUMER SERVICES AND HOUSING AGENCY
DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT
DIVISION OF CODES AND STANDARDS
REGISTRATION AND TITLING PROGRAM



## STATEMENT OF FACTS

This unit is a: ☑ Manufactured Home / Mobilehome  ☐ Commercial Modular  ☐ Floating Home  ☐ Truck Camper

| Decal (License) No.(s): | Trade Name: | Serial No.(s): |
|---|---|---|
| LBM1081 | CUSTOM VILLA | AC7V710394GB/GA |

I/We, the undersigned, hereby state:

Jamie L. Gallian, say that J-Pad, LLC is the Legal Owner and perfected their lien 1/14/2019.  *JR*

The correct Address for the Legal Owner - J-Pad LLC
21742 Anza Ave, Torrance, CA 90503

I/We further agree to indemnify and save harmless the Director of the Department of Housing and Community Development, State of California, and subsequent purchasers of said unit, for any loss they may suffer resulting from registration of the above-described unit in California, or from issuance of a California Certificate of Title covering the same.

I/We certify under penalty of perjury that the foregoing is true and correct.

Executed on  8/6/2021  at  Huntington Beach  , CA
                    Date              City                        State

Signature(s):                              Printed name(s):
                                           Jamie Lynn Gallian

Address  16222 Monterey Ln #376

City Huntington Beach          State CA 92649

HCD RT 476.6 (Rev. 07/16)

STATE OF CALIFORNIA
BUSINESS, CONSUMER SERVICES AND HOUSING AGENCY
DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT
DIVISION OF CODES AND STANDARDS
REGISTRATION AND TITLING PROGRAM



## STATEMENT TO ENCUMBER

---

**SECTION I.      DESCRIPTION OF UNIT**

This unit is a (check one):

☑ Manufactured Home, Mobilehome, Multifamily Manufactured Home   ☐ Commercial Modular   ☐ Truck Camper   ☐ Floating Home

The Decal (License) Number(s) is: ___LBM1081___

The Trade Name is: ___SKYLINE HOMES-CUSTOM VILLA___

The Serial Number(s) is: ___AC7V710394GB; AC7V710394GA___

---

**SECTION II.      LEGAL OWNER INFORMATION**

I/We are releasing legal owner interest in the above-described unit to encumber the title (record a lien) in favor of:

J-PAD, LLC - SOS ENTITY NO. 201804010750

(Name of New Legal Owner)

*Address:*   ___2702 N. GAFF STREET___         ___ORANGE,___        ___CA___        ___92865___
          Street Address or P.O. Box                    City                          State              Zip

---

**SECTION III.      CERTIFICATION**

I/We certify under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on ___1/14/2019___        at    ___HUNTINGTON BEACH,   CALIFORNIA, CO. OF ORANGE___
             Date                                City                              State

Signature of each registered owner:              Printed name of each registered owner:

_Jnee L Gillen, its Member_                    J-SANDCASTLE CO LLC

_____              _____

_____              _____

Address: ___16222 MONTEREY LN  376   HUNTINGTON BEACH,___     ___CA___     ___92649___
            Street Address or P. O. Box                      City                          State            Zip

HCD 484.7 (Rev. 11/14)

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
870 Roosevelt, Irvine, CA 92620.

A true and correct copy of the foregoing document entitled: **JOINT OMNIBUS REPLY IN SUPPORT OF CHAPTER 7 TRUSTEE'S: (1) MOTION FOR ORDER COMPELLING DEBTOR AND ANY OTHER OCCUPANTS TO VACATE AND TURN OVER MANUFACTURED HOME AND AUTHORIZING ISSUANCE OF WRIT OF ASSISTANCE (DOCKET NO. 358); AND (2) MOTION TO AUTHORIZE SALE OF MANUFACTURED HOME CURRENTLY LOCATED AT 16222 MONTEREY LANE, SPACE 376, HUNTINGTON BEACH, CA 92649, DECAL NO. LBM1081, FREE AND CLEAR OF LIENS AND HOMESTEAD EXEMPTION (DOCKET NO. 539)**
 will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **February 25, 2025**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**: On _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **February 25, 2025**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**VIA PERSONAL DELIVERY:**
**PRESIDING JUDGE'S COPY**
HONORABLE SCOTT C. CLARKSON
UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
411 WEST FOURTH STREET, SUITE 5130 /
COURTROOM 5C
SANTA ANA, CA 92701-4593

**VIA EMAIL and OVERNIGHT DELIVERY:**
**DEBTOR**
JAMIE LYNN GALLIAN
jamiegallian@gmail.com
16222 MONTEREY LN UNIT 376
HUNTINGTON BEACH, CA 92649

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| February 25, 2025 | Layla Buchanan | /s/ Layla Buchanan |
| --- | --- | --- |
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: CONTINUED:

- **ATTORNEY FOR CREDITOR AND PLAINTIFF HOUSER BROS. CO. and CREDITOR HOUSER BROS. CO. DBA RANCHO DEL REY MOBILE HOME ESTATES:** Bradford Barnhardt bbarnhardt@marshackhays.com, bbarnhardt@ecf.courtdrive.com, kfrederick@ecf.courtdrive.com
- **ATTORNEY FOR CREDITOR AND PLAINTIFF HOUSER BROS. CO. and CREDITOR HOUSER BROS. CO. DBA RANCHO DEL REY MOBILE HOME ESTATES:** Aaron E DE Leest adeleest@DanningGill.com, danninggill@gmail.com; adeleest@ecf.inforuptcy.com
- **ATTORNEY FOR CREDITOR AND PLAINTIFF THE HUNTINGTON BEACH GABLES HOMEOWNERS' ASSOCIATION:** Robert P Goe kmurphy@goeforlaw.com, rgoe@goeforlaw.com; goeforecf@gmail.com
- **CHAPTER 7 TRUSTEE JEFFREY I GOLDEN (TR):** Jeffrey I Golden (TR lwerner@wgllp.com, jig@trustesolutions.net; kadele@wgllp.com
- **ATTORNEY FOR CREDITOR AND PLAINTIFF HOUSER BROS. CO. and CREDITOR HOUSER BROS. CO. DBA RANCHO DEL REY MOBILE HOME ESTATES:** D Edward Hays ehays@marshackhays.com, ehays@ecf.courtdrive.com; kfrederick@ecf.courtdrive.com; cmendoza@marshackhays.com; cmendoza@ecf.courtdrive.com
- **ATTORNEY FOR CREDITOR AND PLAINTIFF THE HUNTINGTON BEACH GABLES HOMEOWNERS' ASSOCIATION:** Brandon J Iskander biskander@goeforlaw.com, kmurphy@goeforlaw.com
- **ATTORNEY FOR TRUSTEE JEFFREY I GOLDEN (TR):** Eric P Israel eisrael@DanningGill.com, danninggill@gmail.com; eisrael@ecf.inforuptcy.com
- **INTERSTED PARTY COURTESY NEF: Shantal Malmed**    shantal.malmed@gmlaw.com, cheryl.caldwell@gmlaw.com
- **INTERESTED PARTY COURTESY NEF: Shantal Malmed**    , cheryl.caldwell@gmlaw.com
- **ATTORNEY FOR CREDITOR AND PLAINTIFF HOUSER BROS. CO. and CREDITOR HOUSER BROS. CO. DBA RANCHO DEL REY MOBILE HOME ESTATES:** Laila Masud lmasud@marshackhays.com, lmasud@ecf.courtdrive.com; kfrederick@ecf.courtdrive.com
- **ATTORNEY FOR DEFENDANT RANDALL L NICKEL:** Mark A Mellor mail@mellorlawfirm.com, mellormr79158@notify.bestcase.com
- **INTERESTED PARTY COURTESY NEF:** Valerie Smith claims@recoverycorp.com
- **U.S. TRUSTEE:** United States Trustee (SA) ustpregion16.sa.ecf@usdoj.gov

4903-7392-5900, v. 1

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                           **F 9013-3.1.PROOF.SERVICE**