ERIC P. ISRAEL, #132426
EPI@LNBYG.COM
LEVENE, NEALE, BENDER, YOO &
GOLUBCHIK L.L.P.
2818 La Cienega Avenue
Los Angeles, CA 90034
Telephone: (310) 229-1234

Attorneys for Chapter 7 Trustee,
JEFFREY I. GOLDEN

D. EDWARD HAYS, #162507
ehays@marshackhays.com
BRADFORD N. BARNHARDT, #328705
bbarnhardt@marshackhays.com
MARSHACK HAYS WOOD LLP
870 Roosevelt
Irvine, California 92620
Telephone: (949) 333-7777
Facsimile: (949) 333-7778

Attorneys for Creditor,
HOUSER BROS. CO. dba RANCHO DEL
REY MOBILE HOME ESTATES

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>JAMIE LYNN GALLIAN,<br><br>Debtor. | Case No: 8:21-bk-11710-SC<br><br>Chapter 7<br><br>JOINT EVIDENTIARY OBECTIONS TO DECLARATION OF JAMIE LYNN GALLIAN IN SUPPORT OF DEBTOR'S OMNIBUS OPPOSITION TO TRUSTEE'S MOTIONS TO SELL AND FOR TURNOVER OF PROPERTY AND HOUSER JOINDERS<br><br>Date: March 4, 2025<br>Time: 11:00 a.m.<br>Ctrm: 5C<br>Location: 411 West Fourth Street<br>　　　　　　Santa Ana, CA 92701 |

TO THE HONORABLE SCOTT C. CLARKSON, UNITED STATES BANKRUPTCY JUDGE,

THE OFFICE OF THE UNITED STATES TRUSTEE, AND ALL INTERESTED PARTIES:

1

EVIDENTIARY OBJECTIONS TO DECLARATION OF JAMIE LYNN GALLIAN

4855-1819-7586

Jeffrey I. Golden, solely in his capacity as Chapter 7 Trustee of the Bankruptcy Estate ("Estate") of Jamie Lynn Gallian ("Debtor"), and Houser Bros. Co., dba Rancho Del Rey Mobile Home Estates ("Houser Bros.," and together with Trustee, the "Parties"), hereby submit these Joint Evidentiary Objections ("Evidentiary Objections") to the Declaration of Jamie Lynn Gallian ("Declaration") submitted in response to the Debtor's Omnibus Opposition to Trustee's Motions to Sell and for Turnover of Property and Houser Joinders ("Opposition"), filed on February 18, 2025, as Docket No. 554. Page number references are to the top-pages within the Opposition. All capitalized terms not otherwise defined in these Evidentiary Objections shall have the meaning ascribed to them in the Parties' reply ("Reply") to the Opposition submitted concurrently herewith.

**OBJECTIONS TO DECLARATION OF JAMIE LYNN GALLIAN**

| Page, ¶, and Line | TESTIMONY | OBJECTIONS |
|---|---|---|
| Pg. 19, ¶ 3, Lns. 8-10 | I have an unassailable automatic exemption in my equitable interest in the Property ("Gallian's Exempt Interest") established by a Final Non-Appealable Order of this Court entered May 17, 2024 [Docket 394]. | 1) Improper Legal Conclusion/Opinion Testimony – Fed. R. Evid.[1] 701-02<br>2) Argumentative<br><br>If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is: (a) rationally based on the witness's perception; (b) helpful to clearly understand the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702. Fed. R. Evid. 701 ("Opinion Testimony by Lay Witness"); *see also* Fed. R. Evid. 702 ("Testimony by Expert Witnesses"). Further, an evidentiary objection may be sustained based on argumentative testimony. *See Redwind v. W. Union, LLC*, 2016 U.S.Dist.LEXIS 57793, at *13-14 (D. Or. May 2, 2016) (sustaining an objection to a portion of |

---

[1] The Federal Rules of Evidence apply in cases under the Bankruptcy Code. Fed. R. Bankr. P. 9017.

| Page, ¶, and Line | TESTIMONY | OBJECTIONS |
|---|---|---|
| | | a declaration as "argumentative and . . . more suitable for inclusion in a motion or memorandum in support"). |
| | | Here, the Debtor's homestead exemption in the Property (*i.e.*, the mobilehome) is final and not challenged by any party. That said, the Parties object to the Debtor's use of the word "unassailable" to the extent she seeks to establish that her homestead exemption defeats the Trustee's ability to administer the Property. Not only is such a representation improperly argumentative and conclusory, but for the reasons articulated in the Parties' Reply, the Debtor is also incorrect that her homestead exemption precludes the sale of the Property. |
| Pg. 19, ¶ 5, Lns. 14-15 | J-Pad has never lent any money to J-Sandcastle, LLC or anyone else. J-Pad has never provided any value to J-Sandcastle, LLC or anyone else. | 1) Relevance – Fed. R. Evid. 401-02<br><br>Irrelevant evidence is not admissible. Fed. R. Evid. 402. Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action.<br><br>Paragraph 5 relates to Debtor's argument that the J-Pad lien is invalid. As set forth in the Reply, the validity of J-Pad's lien is ultimately irrelevant to the issue of Trustee's authority to sell the Property, because it has no consequence in determining the action. Specifically, *any* transfer avoided under 11 U.S.C. § 548 is automatically preserved for the benefit of the Estate. *See* 11 U.S.C. § 551 ("Any transfer avoided under section 522, 544, 545, 547, 548, 549, or 724(a) of this title, or any lien void under section 506(d) of this title, is |

| Page, ¶, and Line | TESTIMONY | OBJECTIONS |
|---|---|---|
| | | preserved for the benefit of the estate but only with respect to property of the estate."); *see also In re Van de Kamp's Dutch Bakeries*, 908 F.2d 517, 518-20 (9th Cir. 1990) (rejecting the argument that a trustee can preserve a transfer of a lien under § 551 only to the extent that the interest is otherwise valid under state law); *accord Heintz v. Carey (In re Heintz)*, 198 B.R. 581, 586 (B.A.P. 9th Cir. 1996) ("§ 551 does not exclude exempt property from preservation. An avoided interest or lien encumbering exempt property is automatically preserved for the benefit of the estate under § 551."). Because Trustee's preservation of the J-Pad lien was automatic, 11 U.S.C. § 551, Debtor's attack on the validity of the J-Pad lien is irrelevant to this action. |
| Pg. 19, ¶ 6, Ln. 16 | J-Pad has never had a security interest that attached to the Property. | 1) Improper Legal Conclusion/Opinion Testimony – Fed. R. Evid. 701-02<br>2) Argumentative<br>3) Relevance – Fed. R. Evid. 401-02<br><br>If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is: (a) rationally based on the witness's perception; (b) helpful to clearly understand the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702. Fed. R. Evid. 701 ("Opinion Testimony by Lay Witness"); *see also* Fed. R. Evid. 702 ("Testimony by Expert Witnesses"). Further, an evidentiary objection may be sustained based on argumentative testimony. *See Redwind v. W. Union,* |

| Page, ¶, and Line | TESTIMONY | OBJECTIONS |
|---|---|---|
| | | *LLC*, 2016 U.S.Dist.LEXIS 57793, at *13-14 (D. Or. May 2, 2016) (sustaining an objection to a portion of a declaration as "argumentative and . . . more suitable for inclusion in a motion or memorandum in support"). |
| | | Here, the Declaration improperly contains argument and a legal conclusion attacking the validity of the J-Pad lien. |
| | | Further, irrelevant evidence is not admissible. Fed. R. Evid. 402. Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action. As set forth in the Reply, the validity of J-Pad's lien is ultimately irrelevant to the issue of Trustee's authority to sell the Property, because it has no consequence in determining the action. Specifically, *any* transfer avoided under 11 U.S.C. § 548 is automatically preserved for the benefit of the Estate. *See* 11 U.S.C. § 551 ("Any transfer avoided under section 522, 544, 545, 547, 548, 549, or 724(a) of this title, or any lien void under section 506(d) of this title, is preserved for the benefit of the estate but only with respect to property of the estate."); *see also In re Van de Kamp's Dutch Bakeries*, 908 F.2d 517, 518-20 (9th Cir. 1990) (rejecting the argument that a trustee can preserve a transfer of a lien under § 551 only to the extent that the interest is otherwise valid under state law); *accord Heintz v. Carey (In re Heintz)*, 198 B.R. 581, 586 (B.A.P. 9th Cir. 1996) ("§ 551 does not exclude exempt property from preservation. An avoided interest or lien |

EVIDENTIARY OBJECTIONS TO DECLARATION OF JAMIE LYNN GALLIAN

4855-1819-7586

| Page, ¶, and Line | TESTIMONY | OBJECTIONS |
|---|---|---|
| | | encumbering exempt property is automatically preserved for the benefit of the estate under § 551."). Because Trustee's preservation of the J-Pad lien was automatic, 11 U.S.C. § 551, Debtor's attack on the validity of the J-Pad lien is irrelevant to this action.<br><br>The debtor is judicially estopped from making this statement, as she has argued successfully otherwise to the Court. Docket nos. 208 (debtor's objection to trustee's first application to employ real estate broker), 241 (order denying that application as premature pending avoidance of the lien). See also Debtor's proof of claim no. 7-1 acknowledging debt and lien based thereon. |
| Pg. 19, ¶ 8, Lns. 21-22 | On July 9, 2021, the date I filed bankruptcy, Ron Pierpont and J-Pad released any interest they may have had as legal owners (holders of a security interest) in the Property. | 1) Relevance – Fed. R. Evid. 401-02<br><br>Irrelevant evidence is not admissible. Fed. R. Evid. 402. Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action.<br><br>Paragraph 8 relates to Debtor's argument that the J-Pad lien is invalid. As set forth in the Reply, the validity of J-Pad's lien is ultimately irrelevant to the issue of Trustee's authority to sell the Property, because it has no consequence in determining the action. Specifically, *any* transfer avoided under 11 U.S.C. § 548 is automatically preserved for the benefit of the Estate. *See* 11 U.S.C. § 551 ("Any transfer avoided under section 522, 544, 545, 547, 548, 549, or 724(a) of this title, or any lien void under section 506(d) of this title, is preserved for the benefit of the estate |

| Page, ¶, and Line | TESTIMONY | OBJECTIONS |
|---|---|---|
| | | but only with respect to property of the estate."); *see also In re Van de Kamp's Dutch Bakeries*, 908 F.2d 517, 518-20 (9th Cir. 1990) (rejecting the argument that a trustee can preserve a transfer of a lien under § 551 only to the extent that the interest is otherwise valid under state law); *accord Heintz v. Carey (In re Heintz)*, 198 B.R. 581, 586 (B.A.P. 9th Cir. 1996) ("§ 551 does not exclude exempt property from preservation. An avoided interest or lien encumbering exempt property is automatically preserved for the benefit of the estate under § 551."). Because Trustee's preservation of the J-Pad lien was automatic, 11 U.S.C. § 551, Debtor's attack on the validity of the J-Pad lien is irrelevant to this action. |
| Pg. 20, ¶ 13, Lns. 7-8 | In the past, I have received offers to purchase the Property in excess of $335,000.00. | 1) Hearsay – Fed. R. Evid. 802<br>2) Relevance -- – Fed. R. Evid. 401-02<br><br>Herasay is not admissible unless a federal statute, the Federal Rules of Evidence, or other rules prescribed by the Supreme Court provide otherwise. Fed. R. Evid. 802; *see also* Fed. R. Evid. 801(c) (defining "hearsay").<br><br>The past offers – dates unspecified -- the Debtor references are not statements being made by the offerors in the context of the current proceeding, and the Debtor is offering this evidence to prove the truth of the matter asserted in her statement: that she has received the offers, and by implication the Property is worth in excess of $335,000.00.<br><br>Further, irrelevant evidence is not admissible. Fed. R. Evid. 402. Evidence is relevant if: (a) it has any |

7

EVIDENTIARY OBJECTIONS TO DECLARATION OF JAMIE LYNN GALLIAN

4855-1819-7586

| Page, ¶, and Line | TESTIMONY | OBJECTIONS |
|---|---|---|
| | | tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action. As set forth in the Reply, the validity of J-Pad's lien is ultimately irrelevant to the issue of Trustee's authority to sell the Property, because it has no consequence in determining the action. Specifically, an offer at an unspecified prior point in time does not establish value at this time |

DATED: February 25, 2025            MARSHACK HAYS WOOD LLP

By: /s/ Bradford N. Barnhardt
    D. EDWARD HAYS
    BRADFORD N. BARNHARDT
    Attorneys for Creditor,
    HOUSER BROS. CO. dba RANCHO DEL REY
    MOBILE HOME ESTATES

DATED: February 25, 2025            LEVENE, NEALE, BENDER, YOO & GOLUBCHIK L.L.P.

By: _____
    ERIC P. ISRAEL
    Attorneys for Chapter 7 Trustee,
    JEFFREY I. GOLDEN

EVIDENTIARY OBJECTIONS TO DECLARATION OF JAMIE LYNN GALLIAN
4855-1819-7586

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 870 Roosevelt, Irvine, CA 92620.

A true and correct copy of the foregoing document entitled: **JOINT EVIDENTIARY OBECTIONS TO DECLARATION OF JAMIE LYNN GALLIAN IN SUPPORT OF DEBTOR'S OMNIBUS OPPOSITION TO TRUSTEE'S MOTIONS TO SELL AND FOR TURNOVER OF PROPERTY AND HOUSER JOINDERS** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **February 25, 2025**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**: On _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **February 25, 2025**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**VIA PERSONAL DELIVERY:**
**PRESIDING JUDGE'S COPY**
HONORABLE SCOTT C. CLARKSON
UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
411 WEST FOURTH STREET, SUITE 5130 /
COURTROOM 5C
SANTA ANA, CA 92701-4593

**VIA EMAIL and OVERNIGHT DELIVERY:**
**DEBTOR**
JAMIE LYNN GALLIAN
jamiegallian@gmail.com
16222 MONTEREY LN UNIT 376
HUNTINGTON BEACH, CA 92649

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| February 25, 2025 | Layla Buchanan | */s/ Layla Buchanan* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: CONTINUED:
   - **ATTORNEY FOR CREDITOR AND PLAINTIFF HOUSER BROS. CO. and CREDITOR HOUSER BROS. CO. DBA RANCHO DEL REY MOBILE HOME ESTATES:** Bradford Barnhardt bbarnhardt@marshackhays.com, bbarnhardt@ecf.courtdrive.com, kfrederick@ecf.courtdrive.com
   - **ATTORNEY FOR CREDITOR AND PLAINTIFF HOUSER BROS. CO. and CREDITOR HOUSER BROS. CO. DBA RANCHO DEL REY MOBILE HOME ESTATES:** Aaron E DE Leest adeleest@DanningGill.com, danninggill@gmail.com; adeleest@ecf.inforuptcy.com
   - **ATTORNEY FOR CREDITOR AND PLAINTIFF THE HUNTINGTON BEACH GABLES HOMEOWNERS' ASSOCIATION:** Robert P Goe kmurphy@goeforlaw.com, rgoe@goeforlaw.com; goeforecf@gmail.com
   - **CHAPTER 7 TRUSTEE JEFFREY I GOLDEN (TR):** Jeffrey I Golden (TR lwerner@wgllp.com, jig@trustesolutions.net; kadele@wgllp.com
   - **ATTORNEY FOR CREDITOR AND PLAINTIFF HOUSER BROS. CO. and CREDITOR HOUSER BROS. CO. DBA RANCHO DEL REY MOBILE HOME ESTATES:** D Edward Hays ehays@marshackhays.com, ehays@ecf.courtdrive.com; kfrederick@ecf.courtdrive.com; cmendoza@marshackhays.com; cmendoza@ecf.courtdrive.com
   - **ATTORNEY FOR CREDITOR AND PLAINTIFF THE HUNTINGTON BEACH GABLES HOMEOWNERS' ASSOCIATION:** Brandon J Iskander biskander@goeforlaw.com, kmurphy@goeforlaw.com
   - **ATTORNEY FOR TRUSTEE JEFFREY I GOLDEN (TR):** Eric P Israel eisrael@DanningGill.com, danninggill@gmail.com; eisrael@ecf.inforuptcy.com
   - **INTERSTED PARTY COURTESY NEF: Shantal Malmed**    shantal.malmed@gmlaw.com, cheryl.caldwell@gmlaw.com
   - **INTERESTED PARTY COURTESY NEF: Shantal Malmed**    , cheryl.caldwell@gmlaw.com
   - **ATTORNEY FOR CREDITOR AND PLAINTIFF HOUSER BROS. CO. and CREDITOR HOUSER BROS. CO. DBA RANCHO DEL REY MOBILE HOME ESTATES:** Laila Masud lmasud@marshackhays.com, lmasud@ecf.courtdrive.com; kfrederick@ecf.courtdrive.com
   - **ATTORNEY FOR DEFENDANT RANDALL L NICKEL:** Mark A Mellor mail@mellorlawfirm.com, mellormr79158@notify.bestcase.com
   - **INTERESTED PARTY COURTESY NEF:** Valerie Smith claims@recoverycorp.com
   - **U.S. TRUSTEE:** United States Trustee (SA) ustpregion16.sa.ecf@usdoj.gov

4903-7392-5900, v. 1

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**