CHRISTOPHER L. BLANK (SBN 115450)
CHRISTOPHER L. BLANK, ATTORNEY AT LAW, PC
2973 Harbor Blvd. #506
Costa Mesa, CA 92626
Telephone:     (949) 250-4600
Email:           chris@chrisblanklaw.com

Attorney for Debtor Jamie Lynn Gallian

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re | ) BK Case No. 8:21-bk-11710-SC |
| | ) |
| | ) Chapter 7 |
| | ) |
| JAMIE LYNN GALLIAN | ) |
| | ) **MOTION FOR STAY PENDING APPEAL** |
| | ) **OF ORDER GRANTING SALE AND** |
| Debtor. | ) **TURNOVER OF HOMESTEAD PROPERTY** |
| | ) |
| | ) Date:  March 4, 2025 |
| | ) Time:  11:00 AM |
| | ) Ctrm: 5C Virtual |
| | ) |
| | ) |

TO THE COURT AND INTERESTED PARTIES: Debtor Jamie Lynn Gallian ("Gallian") hereby moves for a stay pending appeal of this Court's orders granting the Motions of Trustee Jeffrey Golden ("Golden") for Approval of Sale and Turnover of Homestead Property pursuant to Federal Rules of Bankruptcy Procedure, Rule 8007.  This Motion is based on the attached Memorandum of Points and Authorities, the Declaration of Jamie Lynn Gallian and such other matter as may properly come before the Court.

Dated:  March 3, 2025                     CHRISTOPHER L. BLANK, ATTORNEY
                                           AT LAW, PC

                                           By:   /S/*Christopher L. Blank*
                                                  Christopher L. Blank, Attorney for Debtor
                                                  Jamie Lynn Gallian

1

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

The Court's Tentative Ruling published on Saturday, March 1, 2025 says "The Court is inclined to grant the Motion[s for approval of the Trustee's sale of the Debtor's home and for turnover of the Property]." If the Court's final ruling is consistent with its tentative ruling, Debtor Jamie Gallian, the holder of an unassailable $600,000.00 exempt equitable interest in the home, will become homeless. Furthermore, the right to appeal the Court's decision to allow Golden to sell her home and kick her out of it will be destroyed. If a stay is denied, Gallian will be irreparably harmed. On the other hand, if a stay is granted, the Trustee will suffer minimal delay while the Court's decision is under review.

## II. ARUGMENT

### a. Law Applicable to Stays Pending Appeal.

"Unless the court orders otherwise, an order authorizing the use, sale, or lease of property (other than cash collateral) is stayed for 14 days after the order is entered." Fed. R. Bankr. P. Rule 6004(h). Golden has asked the Court to waive the 14-day stay without providing any compelling evidence to support that request. Based on the evidence and argument below, not only should the Court deny the waiver, the Court should grant and extend the stay in this case pending Gallian's appeal.

A motion for stay pending appeal may first be sought from the Bankruptcy Court, before or after the filing of a Notice of Appeal. Fed. R. Bankr. P. Rule 8007(a)(1)(A) and (2). In ruling on a motion for stay pending appeal:

> a court considers four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Hilton v. Braunskill,* 481 U.S. 770, 776, 107 S.Ct. 2113, 95 L.Ed.2d 724 (1987).

*Nken v. Holder*, 556 U.S. 418, 426, 129 S. Ct. 1749, 1756, 173 L. Ed. 2d 550 (2009).

> The fact that the issuance of a stay is left to the court's discretion "does not mean that no legal standard governs that discretion .... '[A] motion to [a court's] discretion is a motion, not to its inclination, but to its judgment; and its judgment is to be guided by sound legal principles.' " *Martin v. Franklin Capital Corp.,* 546 U.S. 132, 139, 126 S.Ct. 704, 163 L.Ed.2d 547 (2005) (quoting *United States v. Burr,* 25 F.Cas. 30, 35 (No. 14,692d) (CC Va. 1807) (Marshall, C.J.)).

*Id.* at 434.

> The first two factors of the traditional standard are the most critical. It is not enough that the chance of success on the merits be "better than negligible." *Sofinet v. INS,* 188 F.3d 703, 707 (C.A.7 1999) (internal quotation marks omitted). Even petitioner acknowledges that "[m]ore than a mere 'possibility' of relief is required." Reply Brief for Petitioner 21 (quoting Brief for Respondent 47). By the same token, simply showing some "possibility of irreparable injury," *Abbassi v. INS,* 143 F.3d 513, 514 (C.A.9 1998), fails to satisfy the second factor. As the Court pointed out earlier this Term, the "'possibility' standard is too lenient." *Winter, supra,* at 22, 129 S.Ct., at 375.
>
> \*\*\*
>
> Once an applicant satisfies the first two factors, the traditional stay inquiry calls for assessing the harm to the opposing party and weighing the public interest.

*Id.* at 434, 435.

> While the power to maintain the status quo pending appeal "should always be exercised when any irremediable injury may result from the effect of the decree as rendered" (*Hovey v. McDonald*, supra, 109 U.S. 161, 3 S.Ct. 143), both federal and California Courts hold that ". . . this power should be sparingly employed and reserved for the exceptional situation." *People*

*v. Emeryville*, 69 Cal.2d 533, 72 Cal.Rptr. 790, 793, 446 P.2d 790, 793 (1961).

The accepted standards for discretionary stays are described in *Schwartz v. Covington*, 341 F.2d 537 (9th Cir. 1965):

> 1. Appellant is likely to succeed on the merits of the appeal.
>
> 2. Appellant will suffer irreparable injury.
>
> 3. No substantial harm will come to appellee.
>
> 4. The stay will do no harm to the public interest.

*In re Wymer*, 5 B.R. 802, 806 (B.A.P. 9th Cir. 1980).

In this case, absent a stay, if a sale is approved, particularly if the Court were to find the purchase to have been in good faith, appeal of the sale itself would be moot. Furthermore, if Gallian is forced out of her home, the appellate Court's ability to restore her to possession of her residence is doubtful. As set forth below, Gallian can make a strong showing on Element number one, she is likely to succeed on the merits of her appeal. Element number two is indisputable -- if no stay is granted Gallian will suffer irreparable injury. Gallian can make a strong showing on Element number three – no substantial harm will come to the Trustee if a stay is granted. As to Element number four, not only would a stay do no harm to the public interest, it would promote the strong public policy of the State of California to avoid having judgment debtors become homeless at the hands of overzealous judgment creditors or a bankruptcy trustee who stands in their shoes.

**b. Gallian has a High Likelihood of Prevailing on Appeal.**

Gallian has made four simple and straightforward arguments in opposition to Golden's Motions. She argues that a Trustee may only sell a homestead if there is non-exempt equity in the property. She argues that her exempt interest in the property includes her right to continued possession of the property, and that right is not property of the estate and may not be sold by the Trustee. She also argues that her exempt interest in the property. and the right to possess it. are not rights that a Trustee can sell free and clear of. She argues that the judgment avoiding and preserving the J-Pad lien does not give Golden the right to sell the property.

4

    The Court's tentative ruling indicates the Court does not intend to consider any of the arguments made in Gallian's Opposition because the Court views those arguments as a collateral attack on the Judgment (the "J-Pad Judgment") in Adversary Action 8:23-ap-01064-SC in which the J-Pad lien was avoided and preserved for the benefit of the estate (the "J-Pad Action"). This view is incorrect for several reasons. First, three of the arguments made by Gallian have nothing to do with the J-Pad lien or the J-Pad Judgment avoiding and preserving it. Gallian's first argument is based on California exemption law that recognizes the sanctity of an equitable interest in homestead property and the right to be free from threats of dispossession. Gallian's second and third arguments are based on bankruptcy law and the rule that a Trustee may not generally sell the exempt portion of property, or free and clear of that exempt portion and the rights appurtenant thereto.

    Finally, contrary to the Court's statement in its tentative ruling, Gallian is not *collaterally* attacking the J-Pad Judgment. Gallian is not *attacking* the J-Pad Judgment at all. Rather, Gallian is arguing that avoidance and preservation of an asset does not change the fundamental characteristics of the asset that has been recovered and preserved. It does not enhance those characteristics. That is, the Trustee obtains no more through avoidance and preservation than the defendant previously had in the preserved asset.

    Collateral attack is an attack that seeks to void a previous order, not by appeal or motion for reconsideration, but by a separate lawsuit. *Crosby v. Mills*, 413 F.2d 1273 (10th Cir. 1969). It is usually a challenge to the Court's jurisdiction to make the order the attacker seeks to overturn. Gallian does not seek to overturn the judgment in the J-Pad Adversary. Gallian does not assert that the Bankruptcy Court was without jurisdiction to enter the J-Pad Judgment. Rather, Gallian simply asserts that the J-Pad lien in the hands of Golden has the same characteristics as the J-Pad lien had before it was avoided and preserved.

    In the J-Pad Adversary, the Court was not required to determine if the J-Pad lien was valuable. The value of a lien a trustee seeks to avoid is not an element of the trustee's cause of action under 11 U.S.C. Section 548 or 544. In the J-Pad Adversary, Golden asserted, without contradiction, that J-Pad made no loan and was owed no money. The J-Pad Judgment does not

5

hold otherwise.  Rather, it is based on that uncontradicted assertion.  The consequences of J-Pad not lending any money to anyone and not being owed anything is that the J-Pad lien never attached to anything and has no value.  Another way to put it is that the J-Pad lien can be fully satisfied and the lien extinguished by paying ZERO dollars, since that's all that is owed.

Consider a Home Equity Line of Credit ("HELOC") that is supported by a recorded deed of trust that indicates the amount of the line of credit is for $400,000.00.  The recording of the deed of trust does not create the debt.  The lending of money pursuant to the HELOC creates the debt.  If no money is lent or borrowed, no money is owed.  If a trustee were to avoid and preserve a deed of trust supporting an unfunded HELOC, the trustee would not magically be entitled to collect $400,000.00 upon the sale of the liened property.  The trustee would be entitled to collect no more than the HELOC lender could have collected upon such a sale.  That is ZERO.

The same is true in this case.  Golden successfully avoided and preserved the J-Pad lien.  Gallian does not dispute this.  But Golden is entitled to no proceeds from the sale of Gallian's home on account of the J-Pad lien because J-Pad lent no money and is owed no money.  This is not a collateral attack. It is simply the undeniable consequence of the true state of affairs as alleged by Golden without contradiction.

It is also somewhat ironic that the Court Is concerned about Gallian's purported collateral attack on the J-Pad Judgment when Gallian attempted to participate in that action by filing an answer.  An answer that the Court struck on the grounds that Gallian's rights would not be affected by the action since the Trustee was not seeking any relief against Gallian in the J-Pad Action.  Fundamental due process requires parties to be provided with an opportunity to be heard.  Having denied Gallian the opportunity to be heard in the J-Pad Action on the grounds that her rights would not be affected by that action, the Court cannot now decide that Gallian is precluded from making an argument that does NOT attack the judgment in that action, but merely points out that the judgment in the J-Pad action does not have the effect that Golden wishes it had.

/////

### c.  Gallian Will Suffer Irreparable Harm if a Stay is not Granted.

Gallian will suffer irreparable harm in two ways if a stay is not granted. First, if a stay is not granted and the sale of her homestead proceeds, she will be denied the ability to effectively appeal. Once the sale closes and possession changes hands, the ability to reverse the sale becomes moot and unavailable. 11 U.S.C. Section 363(m). Second, if the sale closes and she is forced to leave her home she will become homeless. Gallian's ability to obtain replacement rental housing is severely curtailed by the continued pendency of this bankruptcy case.

### d.  The Trustee will Suffer Minimal Harm if a Stay is Granted.

Although the Trustee has requested a waiver of Fed. Rules of Bankruptcy Procedure, Rule 6004(h), he has made no showing that a 14 day stay or longer will have any significant effect on the bankruptcy estate. This bankruptcy case has been pending since July of 2021. The Trustee did not even begin to market the Property until September of 2024, more than three years after the bankruptcy case began. Surely, a few more months delay does not compare to the catastrophe that will befall Ms. Gallian if no stay is granted.

### e.  The Public Interest Favors Imposition of a Stay.

The legislatively and explicitly expressed public policy of the State of California is to protect debtors from becoming homeless at the hands of aggressive judgment creditors. This is why real property homesteads cannot even be put up for sale without a Court first determining that a sale is likely to generate sufficient proceeds to pay all consensual liens, plus the debtor's homestead exemption, with something left over for the judgment creditor. Impositions of a stay fosters, rather than detracts from this public policy.

Federal public policy favors preservation of the right to appeal. Where an appeal may become moot in the absence of a stay, a stay should be imposed to preserve the right to an effective appeal.

### III. CONCLUSION

Once her exempt equitable interest in the property was vindicated by a final non-appealable order, that interest was no longer property of the estate. While a theoretical non-

7

exempt interest in the property remained property of the estate, given the likely value of the property and the amount of Gallian's exemption, the Truste should have immediately abandoned it and closed this case.  As has been explained above and in Gallian's Opposition to Golden's Motions, based on Golden's own undisputed allegations that J-Pad never lent anyone any money and was owed no money, it was a futile and wasteful act to sue to avoid and preserve the J-Pad lien.  It was also a futile and wasteful act to hire a broker to market and sell unsaleable property.  It was also a futile and wasteful act to harass Gallian by insisting on showing the property and threatening to kick her out of her home.  This bullying and abuse of the bankruptcy system by the Trustee has to stop.  The best way to stop it is to deny the Trustee's Motions, but if the Court remains "inclined" to grant them, at the very least, the Court should stay any order approving a sale.  The Court should allow Gallian to remain in place until she has been afforded an adequate opportunity to appeal.

Dated:  March 3, 2025

CHRISTOPHER L. BLANK, ATTORNEY AT LAW, PC

By: ___/S/*Christopher L. Blank*___
Christopher L. Blank, Attorney for Debtor Jamie Lynn Gallian

8

## DECLARATION OF JAMIE LYNN GALLIAN

I, Jamie Lynn Gallian, declare that the facts set forth below are true and correct of my own personal knowledge and if called upon to testify, I could and would testify competently to them.

1. I am the Debtor in this action. After my exempt equitable interest in my home was vindicated in a final non-appealable order of this Court, because of threats from the owner of the mobile home park where my home is located, I began to attempt to sell my home.

2. My attempts to sell my home were thwarted by threats from Trustee Jeffrey Golden and this Court to hold me in contempt. Because of those threats, I ceased trying to sell my home and cooperated with the Trustee's broker to show it, even though I believed and still believe the Trustee has no right to sell my home and kick me out of it.

3. Nevertheless, I have packed up much of my personal property belongings and I have been attempting to find replacement housing for the past several months. So far, despite my diligent attempts to find replacement housing, I have been completely unsuccessful in that endeavor.

4. I am presently employed as a bus driver and make sufficient income to qualify for a lease of a modest residence. However, each time I apply, I am told that I do not qualify because my bankruptcy is still pending.

5. I do not have friends or relatives who have offered me replacement housing, even on a temporary basis.

6. If I am forced out of my home, I believe I will become homeless. Homelessness will have a devastating effect on my life. I am unsure how I will be able to continue my employment if I have no place to live.

/////
/////
/////
/////
/////

9

7. The possibility of losing my home and becoming homeless has also had a devastating effect on my mental health.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Signed on March 3, 2025 at Huntington Beach California.

*Jamie Lynn Gallian* (signature)
Jamie Lynn Gallian

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

2973 Harbor Blvd. #506, Costa Mesa, CA 92626

A true and correct copy of the foregoing document entitled (*specify*):

**MOTION FOR STAY PENDING APPEAL**

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) March 3, 2025, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

See Attached

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| March 3, 2025 | Christopher L. Blank | /S/Christopher L. Blank |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                     **F 9013-3.1.PROOF.SERVICE**

SERVICE LIST

8:21-bk-11710-SC Notice will be electronically mailed to:

Bradford Barnhardt on behalf of Creditor Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates
bbarnhardt@marshackhays.com, bbarnhardt@ecf.courtdrive.com,alinares@ecf.courtdrive.com

Bradford Barnhardt on behalf of Interested Party Courtesy NEF
bbarnhardt@marshackhays.com, bbarnhardt@ecf.courtdrive.com,alinares@ecf.courtdrive.com

Bradford Barnhardt on behalf of Plaintiff Houser Bros. Co.
bbarnhardt@marshackhays.com, bbarnhardt@ecf.courtdrive.com,alinares@ecf.courtdrive.com

Christopher L Blank on behalf of Attorney Christopher L. Blank, Attorney at Law, PC
chris@chrisblanklaw.com

Christopher L Blank on behalf of Debtor Jamie Lynn Gallian
chris@chrisblanklaw.com

Aaron E. De Leest on behalf of Plaintiff Jeffrey I. Golden
adeleest@marshackhays.com, adeleest@marshackhays.com,alinares@ecf.courtdrive.com

Aaron E. De Leest on behalf of Trustee Jeffrey I Golden (TR)
adeleest@marshackhays.com, adeleest@marshackhays.com,alinares@ecf.courtdrive.com

Robert P Goe on behalf of Creditor The Huntington Beach Gables Homeowners Association
kmurphy@goeforlaw.com, rgoe@goeforlaw.com;goeforecf@gmail.com;Goe.RobertP.R@notify.bestcase.com;ajohnston@goeforlaw.com

Robert P Goe on behalf of Interested Party The Huntington Beach Gables Homeowners Association
kmurphy@goeforlaw.com, rgoe@goeforlaw.com;goeforecf@gmail.com;Goe.RobertP.R@notify.bestcase.com;ajohnston@goeforlaw.com

Robert P Goe on behalf of Plaintiff The Huntington Beach Gables Homeowners Association
kmurphy@goeforlaw.com, rgoe@goeforlaw.com;goeforecf@gmail.com;Goe.RobertP.R@notify.bestcase.com;ajohnston@goeforlaw.com

Jeffrey I Golden (TR)
lwerner@go2.law, jig@trustesolutions.net;kadele@go2.law;C205@ecfcbis.com

D Edward Hays on behalf of Creditor Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates
ehays@marshackhays.com, ehays@ecf.courtdrive.com;alinares@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com

D Edward Hays on behalf of Interested Party Courtesy NEF
ehays@marshackhays.com,
ehays@ecf.courtdrive.com;alinares@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com

D Edward Hays on behalf of Plaintiff Houser Bros. Co.
ehays@marshackhays.com,
ehays@ecf.courtdrive.com;alinares@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com

Brandon J. Iskander on behalf of Creditor The Huntington Beach Gables Homeowners Association
biskander@goeforlaw.com, kmurphy@goeforlaw.com

Brandon J. Iskander on behalf of Plaintiff The Huntington Beach Gables Homeowners Association
biskander@goeforlaw.com, kmurphy@goeforlaw.com

Eric P Israel on behalf of Trustee Jeffrey I Golden (TR)
epi@lnbyg.com, danninggill@gmail.com;eisrael@ecf.inforuptcy.com

Eric P Israel on behalf of Trustee Jeffrey I Golden (TR)
epi@lnbyg.com, danninggill@gmail.com;eisrael@ecf.inforuptcy.com

Shantal Malmed on behalf of Interested Party Courtesy NEF
, cheryl.caldwell@gmlaw.com

Shantal Malmed on behalf of Plaintiff Jeffrey I. Golden
shantal.malmed@gmlaw.com, cheryl.caldwell@gmlaw.com

Shantal Malmed on behalf of Trustee Jeffrey I Golden (TR)
shantal.malmed@gmlaw.com, cheryl.caldwell@gmlaw.com

Laila Masud on behalf of Creditor Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates
lmasud@marshackhays.com,
lmasud@ecf.courtdrive.com;lbuchanan@marshackhays.com;alinares@ecf.courtdrive.com

Laila Masud on behalf of Interested Party Courtesy NEF
lmasud@marshackhays.com,
lmasud@ecf.courtdrive.com;lbuchanan@marshackhays.com;alinares@ecf.courtdrive.com

Laila Masud on behalf of Plaintiff Houser Bros. Co.
lmasud@marshackhays.com,
lmasud@ecf.courtdrive.com;lbuchanan@marshackhays.com;alinares@ecf.courtdrive.com

Mark A Mellor on behalf of Defendant Randall L Nickel
mail@mellorlawfirm.com, mellormr79158@notify.bestcase.com

Mark A Mellor on behalf of Interested Party Courtesy NEF

mail@mellorlawfirm.com, mellormr79158@notify.bestcase.com

Valerie Smith on behalf of Interested Party Courtesy NEF
claims@recoverycorp.com

United States Trustee (SA)
ustpregion16.sa.ecf@usdoj.gov

8:21-bk-11710-SC Notice will not be electronically mailed to:

Greg Bingham
Coldwell Banker Residential
840 Newport Center Dr Ste 100
Newport Beach, CA 92660

Coldwell Banker Realty
840 Newport Center Dr Ste 100
Newport Beach, CA

William Friedman
Coldwell Banker Realty
840 Newport Center Dr Ste 100
Newport Beach, CA 92660

Janine Jasso
PO Box 370161
El Paso, CA 79937

Michael D Poole on behalf of Creditor The Huntington Beach Gables Homeowners Association
Feldsott & Lee, ALC
23161 Mill Creek Dr Ste 300
Laguna Hills, CA 92653

Michael D Poole on behalf of Plaintiff The Huntington Beach Gables Homeowners Association
Feldsott & Lee
23161 Mill Creek Dr Ste 300
Laguna Hills, CA 92653