CHRISTOPHER L. BLANK (SBN 115450)
CHRISTOPHER L. BLANK, ATTORNEY AT LAW, PC
2973 Harbor Blvd. #506
Costa Mesa, CA 92626
Telephone:    (949) 250-4600
Email:        chris@chrisblanklaw.com

Attorney for Debtor Jamie Lynn Gallian

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In Re | ) **BK Case No. 8:21-bk-11710-SC** |
| | ) |
| | ) **Chapter 7** |
| | ) |
| JAMIE LYNN GALLIAN | ) **DEBTOR'S NOTICE OF LODGMENT OF** |
| | ) **[PROPOSED] FINDINGS OF FACT AND** |
| | ) **CONCLUSIONS OF LAW RE TRUSTEE'S** |
| Debtor. | ) **MOTIONS FOR SALE AND TURNOVER** |
| | ) **OF HOMESTEAD PROPERTY** |
| | ) |
| | ) **Date:  March 4, 2025** |
| | ) **Time:  11:00 AM** |
| | ) **Ctrm: 5C Virtual** |
| | ) |

TO THE COURT AND INTERESTED PARTIES: Please take notice that Debtor Jamie

Lynn Gallian ("Gallian") hereby lodges and submits the attached proposed Findings of Fact and

Conclusions of Law in support of denial of the Motions of Trustee Jeffrey Golden ("Golden") for

Approval of Sale and Turnover of Homestead.

Gallian requests that the Court deny both motions based on the proposed findings and

conclusions.  However, Gallian also suggests that the Court consider entering an Order

conditionally denying Trustee Golden's Motion for Sale of the Property that provides that if

Golden negotiates and obtains a stipulation from Gallian consenting to a Sale within two weeks

of entry of the Order, the Court will then set a hearing and provide an opportunity for parties

/////

/////

in interest to consent or oppose the stipulation for entry of an Order approving a sale on the terms

in the stipulation.

Dated:  March 7, 2025                      CHRISTOPHER L. BLANK, ATTORNEY
                                          AT LAW, PC

                                          By:    /S/*Christopher L. Blank*
                                          Christopher L. Blank, Attorney for Debtor
                                          Jamie Lynn Gallian

## I.  FINDINGS OF FACT

1.      Debtor Jamie Gallian ("Gallian") filed a voluntary chapter 7 bankruptcy on July 9, 2021, Case No. 8:21-bk-11710 SC.

2.      Jeffrey Golden is the duly appointed and acting Trustee in Case No. 8:21-11710 SC.

3.      Gallian lives in a manufactured home located at 16222 Monterey Lane, Space 376, Huntington Beach, California Decal No. LBM1081 (the "Property") that was purchased in 2018.

4.      As of the filing date of her bankruptcy, Gallian was the equitable owner of the Property, J-Sandcastle LLC was the registered owner of the Property and Ron Pierpont and J-Pad LLC were shown on title as legal owners (lien holders) of the Property.

5.      As of August 3, 2021, based on papers filed with the California Department of Housing and Community Development ("HCD") on February 25, 2021, Gallian was shown as registered owner of the Property.

6.      As of August 3, 2021, based on papers filed with the HCD on July 9, 2021 showing satisfaction of their lien, Pierpont and J-Pad had been removed as legal owners (lien holders) of the Property.

7.      Gallian has an unassailable automatic exemption of $600,000.00 in her equitable interest in the Property ("Gallian's Exempt Interest") established by a Final Non-Appealable Order of this Court entered May 17, 2024 [Docket 394] (the "Exemption Order").

8.      At the hearing on March 4, 2025, Trustee Golden tentatively accepted an overbid of $276,000.00 from Gregory Alan Peplin.

9.      The Property is personal property, not real property.

10.     Prior to the filing of this bankruptcy case, no judgment creditor attempted to levy on the Property.

11.     There are no judgment liens on the Property.

12.     J-Pad never lent any money to J-Sandcastle or anyone else.

13.     Gallian has consistently and repeatedly testified that J-Pad never lent any money

to J-Sandcastle or anyone else.

14. In his adversary action to avoid and preserve the J-Pad lien. Adv. No. 8:23-ap-1064 SC (the "J-Pad Adversary"), Trustee Golden alleged and submitted proof that J-Pad never lent any money to J-Sandcastle.

15. Trustee Golden's avoidance and preservation of the J-Pad lien was based on Golden's allegations and proof that J-Pad did not lend any money to J-Sandcastle.

16. In Houser Bros. adversary action to avoid Gallian's discharge. Adv. No. 8:21-ap-01097-SC, (the "Discharge Adversary"), Houser Bros. alleged and submitted proof that J-Pad never lent any money to J-Sandcastle.

17. In the Discharge Adversary, this Court specifically found that J-Pad never lent any money to J-Sandcastle.  See, (1) ORDER DENYING MOTION TO AMEND AND VACATING HEARING; (2) MEMORANDUM DECISION AFTER TRIAL REGARDING §727 CLAIMS; AND (3) SETTING STATUS CONFERENCE ON REMAINING § 523 CLAIMS, Entered 5/23/23, Adv. Docket 81 at 11, line 19. "J-Pad did not loan any money to J-Sandcastle."

18. J-Pad is owed nothing.

19. J-Pad never had a validly lien on the Property.

20. J-Pad's purported lien never attached to the Property.

21. The J-Pad Lien that was avoided and preserved for the bankruptcy estate has no value and is entitled to no payment from the proceeds of any sale of the Property.

22. Trustee Golden has not proposed to sell or asked for permission to sell the J-Pad lien itself.

23. Golden is not proposing to foreclose on the J-Pad Lien, or sell the J-Pad Lien as an asset of the estate.

24. There are no valid consensual liens attached to the Property.

25. There are no judgment liens attached to the Property.

26. There is no non-exempt equity in the Property.

27. The proposed sale will not generate sufficient proceeds to pay off any liens plus

the entirety of Gallian's $600,000.00 Exempt Interest in the Property.

28.    Gallian has not consented to the proposed sale of the Property.

## II. CONCLUSIONS OF LAW

1.    As the moving party, the Trustee bears the burden of proving each and every element necessary to justify the relief he is seeking.

2.    Court authority to sell property free and clear of liens or other interests out of the ordinary course of business must be obtained by noticed motion. [11 USC § 363(b)(1); FRBP 6004(c), 9014; *see Ch. 19* re general motion practice].

3.    The trustee has the burden of proof on most issues in connection with a sale free and clear of liens. 11 USC § 363(p)(1).

4.    The creditor has the burden of proving the "validity, priority or extent" of its interest in the property being sold. 11 USC § 363(p)(2); *In re Meill* (8th Cir. BAP 2010) 441 BR 610, 613-615.

5.    All evidence supporting the motion must be submitted with the moving papers.

6.    Evidence submitted with reply papers cannot be considered by the Court without giving the opposing party an opportunity to respond to that evidence.

7.    The Court cannot grant a motion based on any evidence that was not submitted with the moving papers without giving the opposing party an opportunity to respond to that evidence.

8.    To satisfy his burden in this case, Golden must show a valid business purpose justifying the sale.  That is, Golden must prove that the sale will generate a substantial benefit to the bankruptcy estate.

9.    Trustee Golden has failed to submit evidence showing a valid business purpose justifying the sale of the Property.

10.    Trustee Golden has failed to submit evidence that the bankruptcy estate is entitled to receive any sale proceeds as a result of the avoided and preserved J-Pad lien.

11.    The proposed sale will generate no non-exempt proceeds.

12.    A Trustee may only sell a homestead if there is non-exempt equity in the property

1    or the Debtor consents.

2        13.    Gallian's exempt interest in the property includes her right to continued

3    possession of the Property.

4        14.    Gallian's right to continued possession of the Property is not property of the

5    estate.

6        15.    For bankruptcy purposes, California has opted out of federal exemptions, electing

7    to utilize exemptions enacted under state law. 11 U.S.C. § 522(b); Cal. Civ. Proc. Code

8    §703.130.

9        16.    The provisions of California's Enforcement of Judgments laws relating to

10    exemptions are not preempted by the Bankruptcy Code. *In re Applebaum*, 422 B.R. 684 (B.A.P.

11    9th Cir. 2009).

12        17.    Therefore, exemption questions in California bankruptcies require the application

13    of California law. *In re Tallerico*, 532 B.R. 774, 780 (Bankr. E.D. Cal. 2015).

14        18.    The California legislature enacted homestead exemption laws "to protect the

15    sanctity of the family home against a loss caused by a forced sale by creditors ... [ and] ensure

16    that insolvent debtors and their families are not rendered homeless by virtue of an involuntary

17    sale of the residential property they occupy .... " *Amin v. Khazindar*, 112 Cal. App.4th 582, 588

18    (Cal. Ct. App. 2003). As such, there is a strong public policy toward adopting "a liberal

19    construction of the law and facts to promote the beneficial purposes of the homestead legislation

20    to benefit the debtor." *Id.*

21        19.    In California, a debtor may obtain the benefits of a homestead exemption either

22    by recording a declaration of homestead (Cal. Civ. Proc. Code § 704.910 - § 704.995), or

23    through an automatic homestead exemption (Cal. Civ. Proc. Code§ 704.710 - §704.850).

24        20.    The automatic homestead exemption protects a debtor from forced judicial sales

25    of a debtor's dwelling. *In re Diaz*, 547 B.R. 329,334 (B.A.P. 9th Cir. 2016).

26            "However, the filing of the petition serves as both a hypothetical levy and

27            as the operative date of the exemption. *See Wolfe v. Jacobson (In re*

28            *Jacobson),* 676 F.3d 1193, 1199 (9th Cir.2012)('bankruptcy exemptions

6

are fixed at the time of the bankruptcy petition'); *Nadel v. Mayer (In re Mayer),* 167 B.R. 186, 189 (9th Cir. BAP 1994)('[t]he filing of the petition constitutes an attempt by the trustee to levy on the property. It is this hypothetical levy the court must focus on in analyzing [the debtor's entitlement to a homestead exemption.').)" *Id.* at 335.

21.    Gallian does not have a declared homestead interest in the Property because declared homesteads only apply to real property. Rather, Gallian has an automatic homestead interest in the Property.

22.    Substantive issues regarding the allowance or disallowance of the claimed exemption at issue are governed by California Law. *In re Diener,* 483 B.R. 196, 203 (9th Cir. B.A.P. 2012). Furthermore, "[u]nder the California Code of Civil Procedure, a debtor in bankruptcy's interest in her dwelling may not be sold to enforce a money judgment." *Id.* (citing Cal. Civ. Proc. Code§§ 704.720, 704.740(a)).

23.    Because Golden is proposing to sell the Property free and clear of Gallian's Exempt Interest in the Property, he must also prove that he is entitled to do so under 11 U.S.C. Section 363(f).

24.    Gallian's exempt interest in the property, and the right to possess it. are not rights that a Trustee can sell free and clear of pursuant to 11 U.S.C. Section 363(f).

25.    Applicable nonbankruptcy law does not allow a Debtor's exempt interest in a homestead dwelling to be sold free and clear of that interest unless the sale exceeds the total liens against the property plus the entire amount of the homestead exemption. Section 363(f)(1).

26.    Gallian has not consented to the sale of the Property. Section 363(f)(2).

27.    Gallian's exempt interest in the Property is not a lien. Section 363(f)(3).

28.    Gallian's exempt interest in the Property is not in bona fide dispute. Section 363(f)(4).

29.    Gallian could not be compelled, in a legal or equitable proceeding, to accept a monetary satisfaction of her exempt interest in the Property unless she were paid the entire amount of her homestead exemption. Section 363(f)(5).

Case 8:21-bk-11710-SC    Doc 567    Filed 03/07/25    Entered 03/07/25 16:57:04    Desc
Main Document      Page 8 of 14

30.     The Property may only be sold by the Trustee Golden (1) with Gallian's consent or (2) if the sale generates sufficient proceeds to pay all liens plus the entirety of Gallian's $600,000.00 exemption.

31.     Because the Property is personal property, not real property recordation of abstracts of judgment in the Orange County land records did not create a judgment liens on the Property.

32.     Judgment liens on personal property, such as the Property, are created by levy of execution on the personal property.

33.     There are no judgment liens on the Property.

34.     To the extent that the filing of a bankruptcy is the equivalent of the Trustee levying on the Property and creating a judgment lien on the Property in favor of the bankruptcy estate, that lien is junior to Gallian's Automatic Homestead Exemption and subject to the Exemption provisions of California's Enforcement of Judgments Law.

35.     The judgment avoiding and preserving the J-Pad lien does not give Trustee Golden the right to sell the Property pursuant to 11 U.S.C. Section 363.

36.     By avoiding and preserving the J-Pad lien, Trustee Golden obtained the same rights that J-Pad had with respect to that lien.

37.     When a Trustee avoids and preserves an interest in property, the Trustee "steps into the shoes" of the party whose interest was avoided and preserved.  The effect of preserving an interest, does not enhance the interest.

38.     The Trustee enjoys no better rights in the asset preserved than did the original holder of those rights.  See, *In re Appalachian Energy Indus., Inc.,* 25 B.R. 515 (Bankr. M.D. Tenn. 1982) (in avoiding the unperfected lien of the seller, the trustee preserved only such rights as the seller possessed in the collateral, and on the facts presented, the only right the seller acquired in the forklift, and thus the only right preserved for the benefit of the estate, was a security interest junior to the bank's properly perfected security interest), *In re Tri-Sonic, Inc.*, 1 B.R. 138 (Bankr. N.D. Tex. 1979) (preservation would not enhance status of trustee's lien so that if it would have been defeated by junior claimants while in hands of the original lienholder it was

also vulnerable in trustee's hands), *Matter of Woodworks Contemp. Furniture, Inc.*, 44 B.R. 971 (Bankr. W.D. Wis. 1984) (however substantial are powers of trustee to preserve avoided lien free of technical defects, when lien by its very nature is not securing purchase money, lien cannot be reinvented as one securing purchase money loan), *Connelly v. Marine Midland Bank, N.A.*, 61 B.R. 748 (W.D.N.Y. 1986) (trustee, upon avoiding creditor's first-in-time but unperfected security interest, stepped into creditor's shoes as to its unperfected security interest, and thus, bank's perfected security interest had priority over trustee's unperfected security interest under New York law).

39.     Creation and attachment of security interests in personal property, such as the Property, are governed by Article 9 of the California Commercial Code.

40.     Perfection and foreclosure of security interests in manufacture homes, such as the Property, are governed by the California Health & Safety Code.

41.     Section 9203 of the California Commercial Code provides that:

(a) A security interest attaches to collateral when it becomes enforceable against the debtor with respect to the collateral, unless an agreement expressly postpones the time of attachment.

(b) Except as otherwise provided in subdivisions (c) to (i), inclusive, a security interest is enforceable against the debtor and third parties with respect to the collateral only if each of the following conditions is satisfied:

(1) Value has been given.

(2) The debtor has rights in the collateral or the power to transfer rights in the collateral to a secured party.

(3) One of the following conditions is met:

(A) The debtor has signed a security agreement that provides a description of the collateral and, if the security interest covers timber to be cut, a description of the land concerned.

Cal. Com. Code § 9203 (West).

42.     Because J-Pad provided no value in exchange for the J-Pad lien, the J-Pad lien did not attach to the Property.

43.     Because J-Pad provided no value in exchange for the J-Pad lien, no money is owed on the J-Pad lien.

44.     Because the J-Pad lien never attached to the Property, attempts to perfect the invalid lien, such as documents recorded with the California Secretary of State and HCD are null and void.

45.     The holder of a valid lien that has attached to a manufactured home, such as the Property, could only sell the Property in compliance with foreclosure procedures specified in California Health & Safety Code. § 18037.5.

46.     Trustee Golden has not proposed to foreclose on the J-Pad lien in compliance with foreclosure procedures specified in California Health & Safety Code. § 18037.5 or otherwise.

47.     Golden's Motion for Sale of the Property must be denied absent consent by Gallian.

48.     Golden's Motion for Turnover is entirely based on his assertion that he is entitled to sell the Property without Gallian's consent.  That assertion is incorrect.

49.     There is no non-exempt equity in the Property to sell.

50.     There is no benefit to be gained from selling the Property because Golden's preserved J-Pad Lien has no value and no right to be paid from the proceeds of any Sale.

51.     Gallian's right to continue to reside in the Property because she has an unassailable exemption in her equitable interest in the Property is indisputable.

52.     Therefore, Golden's Motion for Turnover must be denied.

Respectfully submitted:

Dated: March 7, 2025                    CHRISTOPHER L. BLANK, ATTORNEY
                                        AT LAW, PC

                                        By:    /S/Christopher L. Blank
                                        Christopher L. Blank, Attorney for Debtor Jamie
                                        Lynn Gallian

10

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

2973 Harbor Blvd. #506, Costa Mesa, CA 92626

A true and correct copy of the foregoing document entitled (*specify*):

## NOTICE OF LODGMENT OF PROPOSED FINDINGS AND CONCLUSIONS

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) March 7, 2025, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

See Attached

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| March 7, 2025 | Christopher L. Blank | /S/Christopher L. Blank |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**

<u>SERVICE LIST</u>

8:21-bk-11710-SC Notice will be electronically mailed to:

Bradford Barnhardt on behalf of Creditor Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates
bbarnhardt@marshackhays.com, bbarnhardt@ecf.courtdrive.com,alinares@ecf.courtdrive.com

Bradford Barnhardt on behalf of Interested Party Courtesy NEF
bbarnhardt@marshackhays.com, bbarnhardt@ecf.courtdrive.com,alinares@ecf.courtdrive.com

Bradford Barnhardt on behalf of Plaintiff Houser Bros. Co.
bbarnhardt@marshackhays.com, bbarnhardt@ecf.courtdrive.com,alinares@ecf.courtdrive.com

Christopher L Blank on behalf of Attorney Christopher L. Blank, Attorney at Law, PC
chris@chrisblanklaw.com

Christopher L Blank on behalf of Debtor Jamie Lynn Gallian
chris@chrisblanklaw.com

Aaron E. De Leest on behalf of Plaintiff Jeffrey I. Golden
adeleest@marshackhays.com, adeleest@marshackhays.com,alinares@ecf.courtdrive.com

Aaron E. De Leest on behalf of Trustee Jeffrey I Golden (TR)
adeleest@marshackhays.com, adeleest@marshackhays.com,alinares@ecf.courtdrive.com

Robert P Goe on behalf of Creditor The Huntington Beach Gables Homeowners Association
kmurphy@goeforlaw.com,
rgoe@goeforlaw.com;goeforecf@gmail.com;Goe.RobertP.R@notify.bestcase.com;ajohnston@goef orlaw.com

Robert P Goe on behalf of Interested Party The Huntington Beach Gables Homeowners Association
kmurphy@goeforlaw.com,
rgoe@goeforlaw.com;goeforecf@gmail.com;Goe.RobertP.R@notify.bestcase.com;ajohnston@goef orlaw.com

Robert P Goe on behalf of Plaintiff The Huntington Beach Gables Homeowners Association
kmurphy@goeforlaw.com,
rgoe@goeforlaw.com;goeforecf@gmail.com;Goe.RobertP.R@notify.bestcase.com;ajohnston@goef orlaw.com

Jeffrey I Golden (TR)
lwerner@go2.law, jig@trustesolutions.net;kadele@go2.law;C205@ecfcbis.com

D Edward Hays on behalf of Creditor Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates
ehays@marshackhays.com,
ehays@ecf.courtdrive.com;alinares@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendo za@ecf.courtdrive.com

D Edward Hays on behalf of Interested Party Courtesy NEF
ehays@marshackhays.com,
ehays@ecf.courtdrive.com;alinares@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendo
za@ecf.courtdrive.com

D Edward Hays on behalf of Plaintiff Houser Bros. Co.
ehays@marshackhays.com,
ehays@ecf.courtdrive.com;alinares@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendo
za@ecf.courtdrive.com

Brandon J. Iskander on behalf of Creditor The Huntington Beach Gables Homeowners Association
biskander@goeforlaw.com, kmurphy@goeforlaw.com

Brandon J. Iskander on behalf of Plaintiff The Huntington Beach Gables Homeowners Association
biskander@goeforlaw.com, kmurphy@goeforlaw.com

Eric P Israel on behalf of Trustee Jeffrey I Golden (TR)
epi@lnbyg.com, danninggill@gmail.com;eisrael@ecf.inforuptcy.com

Eric P Israel on behalf of Trustee Jeffrey I Golden (TR)
epi@lnbyg.com, danninggill@gmail.com;eisrael@ecf.inforuptcy.com

Shantal Malmed on behalf of Interested Party Courtesy NEF
, cheryl.caldwell@gmlaw.com

Shantal Malmed on behalf of Plaintiff Jeffrey I. Golden
shantal.malmed@gmlaw.com, cheryl.caldwell@gmlaw.com

Shantal Malmed on behalf of Trustee Jeffrey I Golden (TR)
shantal.malmed@gmlaw.com, cheryl.caldwell@gmlaw.com

Laila Masud on behalf of Creditor Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates
lmasud@marshackhays.com,
lmasud@ecf.courtdrive.com;lbuchanan@marshackhays.com;alinares@ecf.courtdrive.com

Laila Masud on behalf of Interested Party Courtesy NEF
lmasud@marshackhays.com,
lmasud@ecf.courtdrive.com;lbuchanan@marshackhays.com;alinares@ecf.courtdrive.com

Laila Masud on behalf of Plaintiff Houser Bros. Co.
lmasud@marshackhays.com,
lmasud@ecf.courtdrive.com;lbuchanan@marshackhays.com;alinares@ecf.courtdrive.com

Mark A Mellor on behalf of Defendant Randall L Nickel
mail@mellorlawfirm.com, mellormr79158@notify.bestcase.com

Mark A Mellor on behalf of Interested Party Courtesy NEF

mail@mellorlawfirm.com, mellormr79158@notify.bestcase.com

Valerie Smith on behalf of Interested Party Courtesy NEF
claims@recoverycorp.com

United States Trustee (SA)
ustpregion16.sa.ecf@usdoj.gov

8:21-bk-11710-SC Notice will not be electronically mailed to:

Greg Bingham
Coldwell Banker Residential
840 Newport Center Dr Ste 100
Newport Beach, CA 92660

Coldwell Banker Realty
840 Newport Center Dr Ste 100
Newport Beach, CA

William Friedman
Coldwell Banker Realty
840 Newport Center Dr Ste 100
Newport Beach, CA 92660

Janine Jasso
PO Box 370161
El Paso, CA 79937

Michael D Poole on behalf of Creditor The Huntington Beach Gables Homeowners Association
Feldsott & Lee, ALC
23161 Mill Creek Dr Ste 300
Laguna Hills, CA 92653

Michael D Poole on behalf of Plaintiff The Huntington Beach Gables Homeowners Association
Feldsott & Lee
23161 Mill Creek Dr Ste 300
Laguna Hills, CA 92653