

**FILED & ENTERED**

**MAR 13 2025**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY** bolte      **DEPUTY CLERK**

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>Jamie Lynn Gallian,<br><br>Debtor(s). | Case No.: 8:21-bk-11710-SC<br><br>CHAPTER 7<br><br>**ORDER VACATING AUCTION RESULTS FROM MARCH 4, 2025, HEARING AND SETTING NEW AUCTION DATE OF MARCH 27, 2025**<br><br>Original Sale Hearing:<br>Date:       March 4, 2025<br>Time:       11:00 AM<br>Courtroom: 5C |

On March 4, 2024, the Court permitted the Chapter 7 Trustee to conduct an auction with respect to the Chapter 7 Trustee's Motion to Sell property of the Estate Free and Clear of Liens [Dk. 539]. Mr. Gregory A. Peplin was the successful bidder. At the hearing, the Court declined to make a good faith finding as Mr. Peplin was not the original buyer and permitted the Chapter 7 Trustee to submit a supplemental declaration in support of his request for a good faith finding under § 363(m) for the Court's review.

Accordingly, pursuant to the Court's instructions, the Declaration of Gregory A. Peplin was filed on March 7, 2025 [Dk. 566] attesting to his good faith status to support

-1-

a good faith finding under 11 U.S.C. § 363(m). On March 12, 2025 [Dk. 568], Debtor filed an Opposition to Mr. Peplin's declaration. The Opposition asserts that a single broker, Galaxy Homes LLC ("Galaxy") represented the two potential buyers appearing at the March 4, 2025, sale auction.[1]

The Court, having reviewed the Opposition and undertaking further research, has several concerns and risks to consider:

### 1. Conflict of Interest Between Buyers

Each buyer wants to acquire the property at the lowest possible price, creating a direct competition between them. The broker has a duty to act in each client's best interest, but representing both may result in an inability to fully advocate for either or advise either.

### 2. Duty of Loyalty and Confidentiality

A broker must keep one client's bidding strategy, valuation analysis, and negotiation tactics confidential from the other. There is a risk of improper disclosure (even inadvertently), which could undermine one buyer's competitive position.

### 3. Risk of Auction Manipulation

If both buyers are aware that they share a broker, it could lead to collusive behavior or bid rigging.

### 4. Reduced Leverage for Clients

A broker negotiating for multiple bidders may be limited in their ability to push aggressively for the best deal for either party.

### 5. Disclosure and Legal Risks

When the broker is a licensed professional, disclosure of the dual representation may be required. In this case, disclosure was made at the March 4, 2025 hearing, but not before to all parties-in-interest. The failure to disclose earlier has now raised the

---

[1] Further, Galaxy was not only the broker, but also the stalking horse buyer. Accordingly, whether Galaxy itself or the other bidder were successful, Galaxy would be getting a commission fee.

conflict issue (waivable or not between the potential buyers, but not waived by other parties-in- interest).

### 6. Creditor and Court Scrutiny

This Court insists on full transparent and a competitive bidding process in Section 363 sales. While full disclosure and consent may have been provided to both buyers, the Court and other parties-in-interest must have that information earlier than provided to evaluate the efficacy of the sales process, and the Court should have been provided an opportunity to consider and make necessary adjustments.

In this instance, the solution to ensure undivided loyalty, avoid conflicts and to provide full transparency, is to vacate the auction results of March 4, 2025, and order that a second auction shall be held on March 27, 2025, at 10 a.m. with prior full disclosures of broker representations of any buyers and supporting declarations regarding any conversations that have occurred between any buyer and/or broker.  Any further disclosures and supporting evidence must be filed by no later than March 20, 2025.

The Court recommends that potential buyers have separate representations by brokers, and if necessary, counsel.

**IT IS SO ORDERED.**

Date: March 13, 2025

Scott C. Clarkson
United States Bankruptcy Judge