United States Bankruptcy Court

Central District of California

| | |
|---|---|
| In re: | Case No. 21-11710-SC |
| Jamie Lynn Gallian | Chapter 7 |
| Debtor | |

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0973-8 | User: admin | Page 1 of 2 |
| Date Rcvd: Mar 13, 2025 | Form ID: pdf042 | Total Noticed: 1 |

The following symbols are used throughout this certificate:
**Symbol    Definition**

+    Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Mar 15, 2025:**
NONE

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|
| db | + Email/PDF: jamiegallian@gmail.com | Mar 14 2025 01:30:00 | Jamie Lynn Gallian, 16222 Monterey Ln Unit 376, Huntington Beach, CA 92649-2258 |

TOTAL: 1

# BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

NONE

# NOTICE CERTIFICATION

I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

| | | |
|---|---|---|
| Date: Mar 15, 2025 | Signature: | /s/Gustava Winters |

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on March 13, 2025 at the address(es) listed below:

| Name | Email Address |
|---|---|
| Aaron E. De Leest | on behalf of Plaintiff Jeffrey I. Golden adeleest@marshackhays.com  adeleest@marshackhays.com,alinares@ecf.courtdrive.com |
| Aaron E. De Leest | on behalf of Trustee Jeffrey I Golden (TR) adeleest@marshackhays.com adeleest@marshackhays.com,alinares@ecf.courtdrive.com |
| Bradford Barnhardt | on behalf of Plaintiff Houser Bros. Co. bbarnhardt@marshackhays.com bbarnhardt@ecf.courtdrive.com,alinares@ecf.courtdrive.com |
| Bradford Barnhardt | on behalf of Interested Party Courtesy NEF bbarnhardt@marshackhays.com bbarnhardt@ecf.courtdrive.com,alinares@ecf.courtdrive.com |

Case 8:21-bk-11710-SC    Doc 571    Filed 03/15/25    Entered 03/15/25 21:21:56    Desc
Imaged Certificate of Notice    Page 2 of 5

| District/off: 0973-8 | User: admin | Page 2 of 2 |
|---|---|---|
| Date Rcvd: Mar 13, 2025 | Form ID: pdf042 | Total Noticed: 1 |

| | |
|---|---|
| Bradford Barnhardt | on behalf of Creditor Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates bbarnhardt@marshackhays.com bbarnhardt@ecf.courtdrive.com,alinares@ecf.courtdrive.com |
| Brandon J. Iskander | on behalf of Plaintiff The Huntington Beach Gables Homeowners Association biskander@goeforlaw.com kmurphy@goeforlaw.com |
| Brandon J. Iskander | on behalf of Creditor The Huntington Beach Gables Homeowners Association biskander@goeforlaw.com kmurphy@goeforlaw.com |
| Christopher L Blank | on behalf of Debtor Jamie Lynn Gallian chris@chrisblanklaw.com |
| Christopher L Blank | on behalf of Attorney Christopher L. Blank  Attorney at Law, PC chris@chrisblanklaw.com |
| D Edward Hays | on behalf of Creditor Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates ehays@marshackhays.com ehays@ecf.courtdrive.com;alinares@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com |
| D Edward Hays | on behalf of Interested Party Courtesy NEF ehays@marshackhays.com ehays@ecf.courtdrive.com;alinares@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com |
| D Edward Hays | on behalf of Plaintiff Houser Bros. Co. ehays@marshackhays.com ehays@ecf.courtdrive.com;alinares@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com |
| Eric P Israel | on behalf of Trustee Jeffrey I Golden (TR) epi@lnbyg.com danninggill@gmail.com;eisrael@ecf.inforuptcy.com |
| Jeffrey I Golden (TR) | lwerner@go2.law  jig@trustesolutions.net;kadele@go2.law;C205@ecfcbis.com |
| Laila Rais | on behalf of Interested Party Courtesy NEF lmasud@marshackhays.com lmasud@ecf.courtdrive.com;lbuchanan@marshackhays.com;alinares@ecf.courtdrive.com |
| Laila Rais | on behalf of Plaintiff Houser Bros. Co. lmasud@marshackhays.com lmasud@ecf.courtdrive.com;lbuchanan@marshackhays.com;alinares@ecf.courtdrive.com |
| Laila Rais | on behalf of Creditor Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates lmasud@marshackhays.com lmasud@ecf.courtdrive.com;lbuchanan@marshackhays.com;alinares@ecf.courtdrive.com |
| Mark A Mellor | on behalf of Interested Party Courtesy NEF mail@mellorlawfirm.com  mellormr79158@notify.bestcase.com |
| Mark A Mellor | on behalf of Defendant Randall L Nickel mail@mellorlawfirm.com  mellormr79158@notify.bestcase.com |
| Robert P Goe | on behalf of Interested Party The Huntington Beach Gables Homeowners Association kmurphy@goeforlaw.com rgoe@goeforlaw.com;goeforecf@gmail.com;Goe.RobertP.R@notify.bestcase.com;ajohnston@goeforlaw.com |
| Robert P Goe | on behalf of Plaintiff The Huntington Beach Gables Homeowners Association kmurphy@goeforlaw.com rgoe@goeforlaw.com;goeforecf@gmail.com;Goe.RobertP.R@notify.bestcase.com;ajohnston@goeforlaw.com |
| Robert P Goe | on behalf of Creditor The Huntington Beach Gables Homeowners Association kmurphy@goeforlaw.com rgoe@goeforlaw.com;goeforecf@gmail.com;Goe.RobertP.R@notify.bestcase.com;ajohnston@goeforlaw.com |
| Shantal Malmed | on behalf of Interested Party Courtesy NEF   cheryl.caldwell@gmlaw.com |
| Shantal Malmed | on behalf of Trustee Jeffrey I Golden (TR) shantal.malmed@gmlaw.com  cheryl.caldwell@gmlaw.com |
| Shantal Malmed | on behalf of Plaintiff Jeffrey I. Golden shantal.malmed@gmlaw.com  cheryl.caldwell@gmlaw.com |
| United States Trustee (SA) | ustpregion16.sa.ecf@usdoj.gov |
| Valerie Smith | on behalf of Interested Party Courtesy NEF claims@recoverycorp.com |

TOTAL: 27

**FILED & ENTERED**

MAR 13 2025

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY** bolte    **DEPUTY CLERK**

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>Jamie Lynn Gallian,<br><br>Debtor(s). | Case No.: 8:21-bk-11710-SC<br><br>CHAPTER 7<br><br>**ORDER VACATING AUCTION RESULTS FROM MARCH 4, 2025, HEARING AND SETTING NEW AUCTION DATE OF MARCH 27, 2025**<br><br>Original Sale Hearing:<br>Date:         March 4, 2025<br>Time:        11:00 AM<br>Courtroom:  5C |

On March 4, 2024, the Court permitted the Chapter 7 Trustee to conduct an auction with respect to the Chapter 7 Trustee's Motion to Sell property of the Estate Free and Clear of Liens [Dk. 539]. Mr. Gregory A. Peplin was the successful bidder. At the hearing, the Court declined to make a good faith finding as Mr. Peplin was not the original buyer and permitted the Chapter 7 Trustee to submit a supplemental declaration in support of his request for a good faith finding under § 363(m) for the Court's review.

Accordingly, pursuant to the Court's instructions, the Declaration of Gregory A. Peplin was filed on March 7, 2025 [Dk. 566] attesting to his good faith status to support

-1-

a good faith finding under 11 U.S.C. § 363(m). On March 12, 2025 [Dk. 568], Debtor filed an Opposition to Mr. Peplin's declaration. The Opposition asserts that a single broker, Galaxy Homes LLC ("Galaxy") represented the two potential buyers appearing at the March 4, 2025, sale auction.[1]

The Court, having reviewed the Opposition and undertaking further research, has several concerns and risks to consider:

### 1. Conflict of Interest Between Buyers

Each buyer wants to acquire the property at the lowest possible price, creating a direct competition between them. The broker has a duty to act in each client's best interest, but representing both may result in an inability to fully advocate for either or advise either.

### 2. Duty of Loyalty and Confidentiality

A broker must keep one client's bidding strategy, valuation analysis, and negotiation tactics confidential from the other. There is a risk of improper disclosure (even inadvertently), which could undermine one buyer's competitive position.

### 3. Risk of Auction Manipulation

If both buyers are aware that they share a broker, it could lead to collusive behavior or bid rigging.

### 4. Reduced Leverage for Clients

A broker negotiating for multiple bidders may be limited in their ability to push aggressively for the best deal for either party.

### 5. Disclosure and Legal Risks

When the broker is a licensed professional, disclosure of the dual representation may be required. In this case, disclosure was made at the March 4, 2025 hearing, but not before to all parties-in-interest. The failure to disclose earlier has now raised the

---

[1] Further, Galaxy was not only the broker, but also the stalking horse buyer. Accordingly, whether Galaxy itself or the other bidder were successful, Galaxy would be getting a commission fee.

conflict issue (waivable or not between the potential buyers, but not waived by other parties-in- interest).

**6. Creditor and Court Scrutiny**

This Court insists on full transparent and a competitive bidding process in Section 363 sales. While full disclosure and consent may have been provided to both buyers, the Court and other parties-in-interest must have that information earlier than provided to evaluate the efficacy of the sales process, and the Court should have been provided an opportunity to consider and make necessary adjustments.

In this instance, the solution to ensure undivided loyalty, avoid conflicts and to provide full transparency, is to vacate the auction results of March 4, 2025, and order that a second auction shall be held on March 27, 2025, at 10 a.m. with prior full disclosures of broker representations of any buyers and supporting declarations regarding any conversations that have occurred between any buyer and/or broker. Any further disclosures and supporting evidence must be filed by no later than March 20, 2025.

The Court recommends that potential buyers have separate representations by brokers, and if necessary, counsel.

**IT IS SO ORDERED.**

Date: March 13, 2025

Scott C. Clarkson
United States Bankruptcy Judge