ERIC P. ISRAEL (State Bar No. #132426)
*EPI@LNBYG.COM*
LEVENE, NEALE, BENDER, YOO &
GOLUBCHIK L.L.P.
2818 La Cienega Avenue
Los Angeles, CA 90034
Phone:     310-229-1234
Facsimile: 310-229-1244

Attorneys for Jeffrey I. Golden, Trustee

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>JAMIE LYNN GALLIAN,<br><br>       Debtor. | Case No. 8:21-bk-11710-SC<br><br>Chapter 7<br><br>**SUPPLEMENTAL DECLARATION OF GREGORY A. PEPLIN RE COURT'S ORDER VACATING MARCH 4, 2025 AUCTION RESULTS AND RE-SETTING AUCTION FOR MARCH 27, 2025 (*DOCKET NO. 569*)**<br><br>Date:  March 27, 2025<br>Time:  10:00 a.m.<br>Ctrm:  5C<br>       411 West Fourth Street<br>       Santa Ana, California |

I, Gregory A. Peplin, declare as follows:

1.    I am an individual over 18 years of age.

2.    The facts set forth below are true of my personal knowledge.  If called upon to do so, I could and would competently testify as to the facts set forth in this Declaration.

3.    Jason Rund as trustee ("Rund") sold my home in La Verne, California.  From that sale, I received money on account of my homestead exemption.  I was told that I needed to reinvest

1

the proceeds of my homestead exemption in order to retain my right to those exempt homestead proceeds.

4.      I looked around and was interested in the park in Huntington Beach (the "Park") where the manufactured home described as a 2014 Skyline Custom Villa, decal no. LBM 1081 (the "Property") currently located at 16222 Monterey Lane, Space #376, Huntington Beach, California 92649 (the "Space") (the "Property") is located.  I looked at the Multiple Listing Service (the "MLS") online and noticed the Property and that the listing was with Greg Bingham and Bill Friedman of Coldwell Banker.  Greg Bingham and Bill Friedman of Coldwell Banker were the real estate brokers who sold my home for Rund, so I had some familiarity with them.  As a result, I called Greg Bingham.  Greg Bingham told me about the Property, including that the seller was Jeffrey I. Golden, the Chapter 7 trustee (the "Trustee") for the estate of Jamie Lynne Gallian (the "Debtor").  Obviously, I also had some recent familiarity with the bankruptcy process as a result of the sale of my home in La Verne.

5.      Also while looking online, I saw another manufactured home in the Park.  I noticed that David Guarino was the listing broker on that other property, and I contacted him.  He and I subsequently went out to see the other manufactured home.  Because I had previously noticed the Property in the MLS and had spoken with Greg Bingham about it, I asked David about it and told him I might be interested in it.  He said he would arrange a tour of the Property.  After several weeks of the Property being unavailable, we found a window of opportunity to tour the Property.  David Guarino was out of town that weekend, but Greg Bingham met me at the Property and arranged access for my wife and me.  The Debtor was also present.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

2

6.      David Guarino helped me put together the overbid package and arranged communication with Park management to get me approved for a ground lease at the Park.  Mr. Guarino told me that Galaxy Homes was the stalking horse buyer.  I mentioned the potential of a conflict to both Mr. Bingham and Mr. Guarino, and both felt the situation would be fine, but I didn't understand the dual representation ramifications at that time.  I never had a written document actually retaining Galaxy Homes.

7.      I attended by Zoom the hearing on the Sale Motion and the auction on March 4, 2025, at 11:00 a.m., and no one overbid my bid at $276,000.  The Court took the matter under submission, but later Mr. Guarino contacted me and provided me with a copy of the Court's order vacating the auction (the "Auction Vacating Order").  Mr. Bingham also reached out to me to confirm that I was aware that the first auction had been vacated and a new auction set.  This supplemental declaration is submitted to respond to the Court's directive in the Auction Vacating Order that declarations concerning any discussions between any buyers and brokers be filed.

8.      I have discussed the issues raised in the Auction Vacating Order with both Mr. Bingham and with David Guarino.  I asked Bingham if he could represent me, but he said he could not represent me since he represents the Trustee – the seller.  I have decided to terminate Galaxy Homes as my real estate broker.  I have contacted Lori Alvarez at Real Estate Resolved to represent me in this transaction, and we formalized that representation on March 19, 2025.   A true and correct copy of the documentation I signed with Ms. Alvarez is attached hereto, marked as Exhibit "B" and incorporated herein by this reference.

9.      Except as discussed above, I previously had no familiarity with Galaxy Homes, David Guarino, Greg Bingham or Bill Friedman.  Until this case, I had no familiarity at all with Jeff Golden, Eric Israel or Jamie Lynn Gallian.  I have never met or spoken with Richard Herr, who I understand tendered the original offer to the Trustee for the Property through David Gaurino on behalf of Galaxy Homes, although I believe Mr. Herr was also on Zoom for the sale hearing on March 4, 2025.

/ / /

3

1       10.     My overbid will remain open to the Trustee regarding the Property, and I intend to

2  participate in the re-set auction on March 27, 2025.

3

4       I declare under penalty of perjury under the laws of the United States of America that the

5  foregoing is true and correct.

6       Executed at La Verne, California, on March 20, 2025.

7

8

9                    GREGORY A. PEPLIN

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                         4

# EXHIBIT "A"

Docusign Envelope ID: B791A8E7-E096-41A4-A692-80FD952988F6



# DISCLOSURE REGARDING
# REAL ESTATE AGENCY RELATIONSHIP
### (As required by the Civil Code)
#### (C.A.R. Form AD, Revised 12/24)

☐ (If checked) This form is being provided in connection with a transaction for a leasehold interest exceeding one year as per Civil Code §§ 2079.13(j), (k), and (l).

When you enter into a discussion with a real estate agent regarding a real estate transaction, you should from the outset understand what type of agency relationship or representation you wish to have with the agent in the transaction.

**SELLER'S AGENT**

A Seller's agent under a listing agreement with the Seller acts as the agent for the Seller only. A Seller's agent or a subagent of that agent has the following affirmative obligations:
To the Seller: A Fiduciary duty of utmost care, integrity, honesty and loyalty in dealings with the Seller.
To the Buyer and the Seller:
    (a)  Diligent exercise of reasonable skill and care in performance of the agent's duties.
    (b)  A duty of honest and fair dealing and good faith.
    (c)  A duty to disclose all facts known to the agent materially affecting the value or desirability of the property that are not known to, or within the diligent attention and observation of, the parties. An agent is not obligated to reveal to either party any confidential information obtained from the other party that does not involve the affirmative duties set forth above.

**BUYER'S AGENT**

A Buyer's agent can, with a Buyer's consent, agree to act as agent for the Buyer only. This includes a Buyer's agent under a buyer-broker representation agreement with the Buyer. In these situations, the agent is not the Seller's agent, even if by agreement the agent may receive compensation for services rendered, either in full or in part from the Seller. An agent acting only for a Buyer has the following affirmative obligations:
To the Buyer: A fiduciary duty of utmost care, integrity, honesty and loyalty in dealings with the Buyer.
To the Buyer and the Seller:
    (a)  Diligent exercise of reasonable skill and care in performance of the agent's duties.
    (b)  A duty of honest and fair dealing and good faith.
    (c)  A duty to disclose all facts known to the agent materially affecting the value or desirability of the property that are not known to, or within the diligent attention and observation of, the parties. An agent is not obligated to reveal to either party any confidential information obtained from the other party that does not involve the affirmative duties set forth above.

**AGENT REPRESENTING BOTH SELLER AND BUYER**

A real estate agent, either acting directly or through one or more salespersons and broker associates, can legally be the agent of both the Seller and the Buyer in a transaction, but only with the knowledge and consent of both the Seller and the Buyer. In a dual agency situation, the agent has the following affirmative obligations to both the Seller and the Buyer:
    (a)  A fiduciary duty of utmost care, integrity, honesty and loyalty in the dealings with either the Seller or the Buyer.
    (b)  Other duties to the Seller and the Buyer as stated above in their respective sections.
In representing both Seller and Buyer, a dual agent may not, without the express permission of the respective party, disclose to the other party confidential information, including, but not limited to, facts relating to either the Buyer's or Seller's financial position, motivations, bargaining position, or other personal information that may impact price, including the Seller's willingness to accept a price less than the listing price or the Buyer's willingness to pay a price greater than the price offered.

**SELLER AND BUYER RESPONSIBILITIES**

Either the purchase agreement or a separate document will contain a confirmation of which agent is representing you and whether that agent is representing you exclusively in the transaction or acting as a dual agent. Please pay attention to that confirmation to make sure it accurately reflects your understanding of your agent's role.

The above duties of the agent in a real estate transaction do not relieve a Seller or Buyer from the responsibility to protect their own interests. You should carefully read all agreements to assure that they adequately express your understanding of the transaction. A real estate agent is a person qualified to advise about real estate. If legal or tax advice is desired, consult a competent professional.

If you are a Buyer, you have the duty to exercise reasonable care to protect yourself, including as to those facts about the property which are known to you or within your diligent attention and observation.

Both Sellers and Buyers should strongly consider obtaining tax advice from a competent professional because the federal and state tax consequences of a transaction can be complex and subject to change.

Throughout your real property transaction you may receive more than one disclosure form, depending upon the number of agents assisting in the transaction. The law requires each agent with whom you have more than a casual relationship to present you with this disclosure form. You should read its contents each time it is presented to you, considering the relationship between you and the real estate agent in your specific transaction. **This disclosure form includes the provisions of §§ 2079.13 to 2079.24, inclusive, of the Civil Code set forth on page 2. Read it carefully.**

**Note: Real estate broker commissions are not set by law and are fully negotiable.**

**I/WE ACKNOWLEDGE RECEIPT OF A COPY OF THIS DISCLOSURE AND THE PORTIONS OF THE CIVIL CODE PRINTED ON THE SECOND PAGE.**

Buyer/Seller/Landlord/Tenant _Gregory Peplin_____ Date 3/1/2025 | 3:45 PM PDT
    Gregory Peplin74C1...
Buyer/Seller/Landlord/Tenant _____ Date _____

Agent _Real Estate Resolved_____ DRE Lic. # 02014153
    Real Estate Broker (Firm)
By _Lori Alvarez_____ DRE Lic. # 01794115 _____ Date 3/1/2025 | 3:08 PM PDT
    5C423E88D63B4E...(Salesperson or Broker-Associate, if any)
    Lori Alvarez

**AD REVISED 12/24 (PAGE 1 OF 2)**



EQUAL HOUSING OPPORTUNITY

### DISCLOSURE REGARDING REAL ESTATE AGENCY RELATIONSHIP (AD PAGE 1 OF 2)

Real Estate Resolved, 2138 Bonita Ave, Ste B, La Verne, CA 91750-4915              Phone: (909) 227-4196        Fax:
Lori Alvarez

Docusign Envelope ID: B791A8E7-E096-41A4-A692-80FD952988F6

### CIVIL §§ 2079.13 - 2079.24 (2079.16 APPEARS ON THE FRONT)

**2079.13.** As used in this section and §§ 2079.7 and 2079.14 to 2079.24, inclusive, the following terms have the following meanings:
**(a)** "Agent" means a person acting under provisions of Title 9 (commencing with § 2295) in a real property transaction, and includes a person who is licensed as a real estate broker under Chapter 3 (commencing with § 10130) of Part 1 of Division 4 of the Business and Professions Code, and under whose license a listing is executed or an offer to purchase is obtained.  The agent in the real property transaction bears responsibility for that agent's salespersons or broker associates who perform as agents of the agent.  When a salesperson or broker associate owes a duty to any principal, or to any buyer or seller who is not a principal, in a real property transaction, that duty is equivalent to the duty owed to that party by the broker for whom the salesperson or broker associate functions. **(b)** "Buyer" means a transferee in a real property transaction, and includes a person who executes an offer to purchase real property from a seller through an agent, or who seeks the services of an agent in more than a casual, transitory, or preliminary manner, with the object of entering into a real property transaction.  "Buyer" includes a vendee or lessee of real property. **(c)** "Commercial real property" means all real property in the state, except (1) single-family residential real property, (2) dwelling units made subject to Chapter 2 (commencing with § 1940) of Title 5, (3) a mobilehome,  as defined in § 798.3, (4) vacant land, or (5) a recreational vehicle, as defined in § 799.29. **(d)** "Dual agent" means an agent acting, either directly or through a salesperson or broker associate, as agent for both the seller and the buyer in a real property transaction. **(e)** "Listing agreement" means a written contract between a seller of real property and an agent, by which the agent has been authorized to sell the real property or to find or obtain a buyer, including rendering other services for which a real estate license is required to the seller pursuant to the terms of the agreement. **(f)** "Seller's agent" means a person who has obtained a listing of real property to act as an agent for compensation. **(g)** "Listing price" is the amount expressed in dollars specified in the listing for which the seller is willing to sell the real property through the seller's agent. **(h)** "Offering price" is the amount expressed in dollars specified in an offer to purchase for which the buyer is willing to buy the real property. **(i)** "Offer to purchase" means a written contract executed by a buyer acting through a buyer's agent that becomes the contract for the sale of the real property upon acceptance by the seller. **(j)** "Real property" means any estate specified by subdivision (1) or (2) of § 761 in property, and includes (1) single-family residential property, (2) multiunit residential property with more than four dwelling units, (3) commercial real property, (4) vacant land, (5) a ground lease coupled with improvements, or (6) a manufactured home as defined in § 18007 of the Health and Safety Code, or a mobilehome as defined in § 18008 of the Health and Safety Code, when offered for sale or sold through an agent pursuant to the authority contained in § 10131.6 of the Business and Professions Code. **(k)** "Real property transaction" means a transaction for the sale of real property in which an agent is retained by a buyer, seller, or both a buyer and seller to act in that transaction, and includes a listing or an offer to purchase. **(l)** "Single-family residential property" or "single-family residential real property" means any of the following: (1) Real property improved with one to four dwelling units, including a leasehold exceeding one year's duration. (2) A unit in a residential stock cooperative, condominium, or planned unit development. (3) A mobilehome or manufactured home when offered for sale or sold through a real estate broker pursuant to § 10131.6 of the Business and Professions Code. **(m)** "Sell," "sale," or "sold" refers to a transaction for the transfer of real property from the seller to the buyer and includes exchanges of real property between the seller and buyer, transactions for the creation of a real property sales contract within the meaning of § 2985, and transactions for the creation of a leasehold exceeding one year's duration. **(n)** "Seller" means the transferor in a real property transaction and includes an owner who lists real property with an agent, whether or not a transfer results, or who receives an offer to purchase real property of which he or she is the owner from an agent on behalf of another.  "Seller" includes both a vendor and a lessor of real property. **(o)** "Buyer's agent" means an agent who represents a buyer in a real property transaction. **(p)** "Buyer-broker representation agreement" means a written contract between a buyer of real property and a buyer's agent by which the buyer's agent has been authorized by the buyer to provide services set forth in subdivision (a) of § 10131 of the Business and Professions Code for or on behalf of the buyer for which a real estate license is required pursuant to the terms of the contract.
**2079.14** (a) A copy of the disclosure form specified in § 2079.16 shall be provided in a real property transaction as follows: (1) The seller's agent, if any, shall provide the disclosure form to the seller before entering into a listing agreement. (2) The buyer's agent shall provide the disclosure to the buyer as soon as practicable before the execution of a buyer-broker representation agreement and execution of the buyer's offer to purchase. If the offer to purchase is not prepared by the buyer's agent, the buyer's agent shall present the disclosure form to the buyer not later than the next business day after receiving the offer to purchase from the buyer. **(b)** The agent providing the disclosure form specified in § 2079.16 shall obtain a signed acknowledgement of receipt from the buyer or seller except as provided in § 2079.15.
**2079.15.** In any circumstance in which the seller or buyer refuses to sign an acknowledgment of receipt pursuant to § 2079.14, the agent  shall set forth, sign, and date a written declaration of the facts of the refusal.
**2079.16** Reproduced on Page 1 of this AD form.
**2079.17** (a) As soon as practicable, the buyer's agent shall disclose to the buyer and seller whether the agent is acting in the real property transaction as the buyer's agent, or as a dual agent representing both the buyer and the seller.  This relationship shall be confirmed in the contract to purchase and sell real property or in a separate writing executed or acknowledged by the seller, the buyer, and the buyer's agent prior to or coincident with execution of that contract by the buyer and the seller, respectively. **(b)** As soon as practicable, the seller's agent shall disclose to the seller whether the seller's agent is acting in the real property transaction as the seller's agent, or as a dual agent representing both the buyer and the seller.  This relationship shall be confirmed in the contract to purchase and sell real property or in a separate writing executed or acknowledged by the seller and the seller's agent prior to or coincident with the execution of that contract by the seller. **(c)** The confirmation required by subdivision (a) and (b) shall be in the following form:

Seller's Brokerage Firm _____ DO NOT COMPLETE. SAMPLE ONLY _____ License Number _____
Is the broker (check one): ☐ the seller; or ☐ both the buyer and seller. (dual agent)
Seller's Agent _____ DO NOT COMPLETE. SAMPLE ONLY _____ License Number _____
Is (check one): ☐ the Seller's Agent. (salesperson or broker associate) ☐ both the Buyer's and Seller's Agent. (dual agent)
Buyer's Brokerage _____ DO NOT COMPLETE. SAMPLE ONLY _____ License Number _____
Is the broker (check one): ☐ the buyer; or ☐ both the buyer and seller. (dual agent)
Buyer's Agent _____ DO NOT COMPLETE. SAMPLE ONLY _____ License Number _____
Is (check one): ☐ the Buyer's Agent. (salesperson or broker associate) ☐ both the Buyer's and Seller's Agent. (dual agent)

**(d)** The disclosures and confirmation required by this section shall be in addition to the disclosure required by § 2079.14.  An agent's duty to provide disclosure and confirmation of representation in this section may be performed by a real estate salesperson or broker associate affiliated with that broker.
**2079.18** (Repealed pursuant to AB-1289)
**2079.19** The payment of compensation or the obligation to pay compensation to an agent by the seller or buyer is not necessarily determinative of a particular agency relationship between an agent and the seller or buyer.  A listing agent and a selling agent may agree to share any compensation or commission paid, or any right to any compensation or commission for which an obligation arises as the result of a real estate transaction, and the terms of any such agreement shall not necessarily be determinative of a particular relationship.
**2079.20** Nothing in this article prevents an agent from selecting, as a condition of the agent's employment, a specific form of agency relationship not specifically prohibited by this article if the requirements of § 2079.14 and § 2079.17 are complied with.
**2079.21** (a) A dual agent may not, without the express permission of the seller, disclose to the buyer any confidential information obtained from the seller. **(b)** A dual agent may not, without the express permission of the buyer, disclose to the seller any confidential information obtained from the buyer. **(c)** "Confidential information" means facts relating to the client's financial position, motivations, bargaining position, or other personal information that may impact price, such as the seller is willing to accept a price less than the listing price or the buyer is willing to pay a price greater than the price offered. **(d)** This section does not alter in any way the duty or responsibility of a dual agent to any principal with respect to confidential information other than price.
**2079.22** Nothing in this article precludes a seller's agent from also being a buyer's agent. If a seller or buyer in a transaction chooses to not be represented by an agent, that does not, of itself, make that agent a dual agent.
**2079.23** (a) A contract between the principal and agent may be modified or altered to change the agency relationship at any time before the performance of the act which is the object of the agency with the written consent of the parties to the agency relationship. **(b)** A lender or an auction company retained by a lender to control aspects of a transaction of real property subject to this part, including validating the sales price, shall not require, as a condition of receiving the lender's approval of the transaction, the homeowner or listing agent to defend or indemnify the lender or auction company from any liability alleged to result from the actions of the lender or auction company.  Any clause, provision, covenant, or agreement purporting to impose an obligation to defend or indemnify a lender or an auction company in violation of this subdivision is against public policy, void, and unenforceable.
**2079.24** Nothing in this article shall be construed to either diminish the duty of disclosure owed buyers and sellers by agents and their associate licensees, subagents, and employees or to relieve agents and their associate licensees, subagents, and employees from liability for their conduct in connection with acts governed by this article or for any breach of a fiduciary duty or a duty of disclosure.

Published and Distributed by: REAL ESTATE BUSINESS SERVICES, LLC. *a subsidiary of the California Association of REALTORS®*

**AD REVISED 12/24 (PAGE 2 OF 2)**



### DISCLOSURE REGARDING REAL ESTATE AGENCY RELATIONSHIP (AD PAGE 2 OF 2)

Docusign Envelope ID: B791A8E7-E096-41A4-A692-80FD952988F6



# FAIR HOUSING AND DISCRIMINATION ADVISORY
### (C.A.R. Form FHDA, Revised 12/24)

1. **EQUAL ACCESS TO HOUSING FOR ALL:** All housing in California is available to all persons. Discrimination as noted below is prohibited by law. Resources are available for those who have experienced unequal treatment under the law.
2. **FEDERAL AND STATE LAWS PROHIBIT DISCRIMINATION AGAINST IDENTIFIED PROTECTED CLASSES:**
   A. FEDERAL FAIR HOUSING ACT ("FHA") Title VIII of the Civil Rights Act; 42 U.S.C. §§ 3601-3619; Prohibits discrimination in sales, rental or financing of residential housing against persons in protected classes;
   B. CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT ("FEHA") California Government Code ("GC") §§ 12900-12996,12955; 2 California Code of Regulations ("CCR") §§ 12005-12271; Prohibits discrimination in sales, rental or financing of housing opportunity against persons in protected classes by providers of housing accommodation and financial assistance services as related to housing;
   C. CALIFORNIA UNRUH CIVIL RIGHTS ACT ("Unruh") California Civil Code ("CC") § 51; Prohibits business establishments from discriminating against, and requires full and equal accommodation, advantages, facilities, privileges, and services to persons in protected classes;
   D. AMERICANS WITH DISABILITIES ACT ("ADA") 42 U.S.C. §§ 12181-12189; Title III of the ADA prohibits discrimination based on disability in public accommodations; and
   E. OTHER FAIR HOUSING LAWS: § 504 of Rehabilitation Act of 1973 29 U.S.C. § 794; Ralph Civil Rights Act CC § 51.7; California Disabled Persons Act; CC §§ 54-55.32; any local city or county fair housing ordinances, as applicable.
3. **POTENTIAL LEGAL REMEDIES FOR UNLAWFUL DISCRIMINATION:** Violations of fair housing laws may result in monetary civil fines, injunctive relief, compensatory and/or punitive damages, and attorney fees and costs.
4. **PROTECTED CLASSES/CHARACTERISTICS:** Whether specified in Federal or State law or both, discrimination against persons based on that person's belonging to, association with, or perceived membership in, certain classes or categories, such as the following, is prohibited. Other classes, categories or restrictions may also apply.

| Race (and race traits) | Color | Ancestry | National Origin | Religion |
|---|---|---|---|---|
| Age | Sex, Sexual Orientation | Gender, Gender Identity, Gender expression | Marital Status | Familial Status (family with a child or children under 18) |
| Citizenship | Immigration Status | Primary Language | Military/Veteran Status | Source of Income (e.g., Section 8 Voucher) |
| Medical Condition | Disability (Mental & Physical) | Genetic Information | Criminal History (non-relevant convictions) | Any arbitrary characteristic |

5. **THE CALIFORNIA DEPARTMENT OF REAL ESTATE REQUIRES TRAINING AND SUPERVISION TO PREVENT HOUSING DISCRIMINATION BY REAL ESTATE LICENSEES:**
   A. California Business & Professions Code ("B&PC") § 10170.5(a)(4) requires 3 hours of training on fair housing for DRE license renewal; Real Estate Regulation § 2725(f) requires brokers who oversee salespersons to be familiar with the requirements of federal and state laws relating to the prohibition of discrimination.
   B. Violation of DRE regulations or real estate laws against housing discrimination by a real estate licensee may result in the loss or suspension of the licensee's real estate license. B&PC §10177(l)(1); 10 CCR § 2780
6. **REALTOR® ORGANIZATIONS PROHIBIT DISCRIMINATION:** NAR Code of Ethics Article 10 prohibits discrimination in employment practices or in rendering real estate license services against any person because of race, color, religion, sex, disability, familial status, national origin, sexual orientation, or gender identity by REALTORS®.
7. **WHO IS REQUIRED TO COMPLY WITH FAIR HOUSING LAWS?**
   Below is a non-exclusive list of providers of housing accommodations or financial assistance services as related to housing who are most likely to be encountered in a housing transaction and who must comply with fair housing laws.

   - Sellers
   - Real estate licensees
   - Mobilehome parks
   - Insurance companies
   - Landlords/Housing Providers
   - Real estate brokerage firms
   - Homeowners Associations ("HOAs");
   - Government housing services
   - Sublessors
   - Property managers
   - Banks and Mortgage lenders
   - Appraisers

8. **EXAMPLES OF CONDUCT THAT MAY NOT BE MOTIVATED BY DISCRIMINATORY INTENT BUT COULD HAVE A DISCRIMINATORY EFFECT:**
   A. Prior to acceptance of an offer, asking for or offering buyer personal information or letters from the buyer, especially with photos. Those types of documents may inadvertently reveal, or be perceived as revealing, protected status information thereby increasing the risk of **(i)** actual or unconscious bias, and **(ii)** potential legal claims against sellers and others by prospective buyers whose offers were rejected.
   B. Refusing to rent **(i)** an upper-level unit to an elderly tenant out of concern for the tenant's ability to navigate stairs or **(ii)** a house with a pool to a person with young children out of concern for the children's safety.
9. **EXAMPLES OF UNLAWFUL OR IMPROPER CONDUCT BASED ON A PROTECTED CLASS OR CHARACTERISTIC:**
   A. Refusing to negotiate for a sale, rental or financing or otherwise make a housing opportunity unavailable; failing to present offers due to a person's protected status;
   B. Refusing or failing to show, rent, sell or finance housing; "channeling" or "steering" a prospective buyer or tenant to or away from a particular area due to that person's protected status or because of the racial, religious or ethnic composition of the neighborhood;
   C. "Blockbusting" or causing "panic selling" by inducing a listing, sale or rental based on the grounds of loss of value of property, increase in crime, or decline in school quality due to the entry or prospective entry of people in protected categories into the neighborhood;
   D. Making any statement or advertisement that indicates any preference, limitation, or discrimination;
   E. Inquiring about protected characteristics (such as asking tenant applicants if they are married, or prospective purchasers if they have children or are planning to start a family);

© 2024, California Association of REALTORS®, Inc.

**FHDA REVISED 12/24 (PAGE 1 OF 2)**



**FAIR HOUSING AND DISCRIMINATION ADVISORY (FHDA PAGE 1 OF 2)**

Docusign Envelope ID: B791A8E7-E096-41A4-A692-80FD952988F6

**F.** Using criminal history information before otherwise affirming eligibility, and without a legally sufficient justification;
**G.** Failing to assess financial standards based on the portion of the income responsible by a tenant who receives government subsidies (such as basing an otherwise neutral rent to income ratio on the whole rent rather than just the part of rent that is the tenant's responsibility);
**H.** Denying a home loan or homeowner's insurance;
**I.** Offering inferior terms, conditions, privileges, facilities or services;
**J.** Using different qualification criteria or procedures for sale or rental of housing such as income standards, application requirements, application fees, credit analyses, sale or rental approval procedures or other requirements;
**K.** Harassing a person;
**L.** Taking an adverse action based on protected characteristics;
**M.** Refusing to permit a reasonable modification to the premises, as requested by a person with a disability (such as refusing to allow a tenant who uses a wheelchair to install, at their expense, a ramp over front or rear steps, or refusing to allow a tenant with a disability from installing, at their own expense, grab bars in a shower or bathtub);
**N.** Refusing to make reasonable accommodation in policies, rules, practices, or services for a person with a disability (such as the following, if an actual or prospective tenant with a disability has a service animal or support animal):
**(i)** Failing to allow that person to keep the service animal or emotional support animal in rental property,
**(ii)** Charging that person higher rent or increased security deposit, or
**(iii)** Failing to show rental or sale property to that person who is accompanied by the service animal or support animal, and;
**O.** Retaliating for asserting rights under fair housing laws.
**10. EXAMPLES OF POSITIVE PRACTICES:**
**A.** Real estate licensees working with buyers or tenants should apply the same objective property selection criteria, such as location/neighborhood, property features, and price range and other considerations, to all prospects.
**B.** Real estate licensees should provide complete and objective information to all clients based on the client's selection criteria.
**C.** Real estate licensees should provide the same professional courtesy in responding to inquiries, sharing of information and offers of assistance to all clients and prospects.
**D.** Housing providers should not make any statement or advertisement that directly or indirectly implies preference, limitation, or discrimination regarding any protected characteristic (such as "no children" or "English-speakers only").
**E.** Housing providers should use a selection process relying on objective information about a prospective buyer's offer or tenant's application and not seek any information that may disclose any protected characteristics (such as using a summary document, e.g. C.A.R. Form SUM-MO, to compare multiple offers on objective terms).
**11. FAIR HOUSING RESOURCES:** If you have questions about your obligations or rights under the Fair Housing laws, or you think you have been discriminated against, you may want to contact one or more of the sources listed below to discuss what you can do about it, and whether the resource is able to assist you.
**A.** Federal: **https://www.hud.gov/program_offices/fair_housing_equal_opp**
**B.** State: **https://calcivilrights.ca.gov/housing/**
**C.** Local: local Fair Housing Council office (non-profit, free service)
**D.** DRE: **https://www.dre.ca.gov/Consumers/FileComplaint.html**
**E.** Local Association of REALTORS®. List available at: **https://www.car.org/en/contactus/rosters/localassociationroster**
**F.** Any qualified California fair housing attorney, or if applicable, landlord-tenant attorney.
**12. LIMITED EXCEPTIONS TO FAIR HOUSING REQUIREMENTS: No person should rely on any exception below without first seeking legal advice about whether the exception applies to their situation. Real estate licensees are not qualified to provide advice on the application of these exceptions.**
**A.** Legally compliant senior housing is exempt from FHA, FEHA and Unruh as related to age or familial status only;
**B.** An owner of a single-family residence who resides at the property with one lodger may be exempt from FEHA for rental purposes, PROVIDED **no real estate licensee is involved** in the rental;
**C.** An owner of a single-family residence may be exempt from FHA for sale or rental purposes, PROVIDED **(i) no real estate licensee is involved** in the sale or rental and **(ii)** no discriminatory advertising is used, and **(iii)** the owner owns no more than three single-family residences. Other restrictions apply;
**D.** An owner of residential property with one to four units who resides at the property, may be exempt from FHA for rental purposes, PROVIDED **no real estate licensee is involved** in the rental; and
**E.** Both FHA and FEHA do not apply to roommate situations. See, *Fair Housing Council v Roommate.com LLC,* 666 F.3d 1216 (2019).
**F.** Since both the 14th Amendment of the U.S. Constitution and the Civil Rights Act of 1866 prohibit discrimination based on race; the FHA and FEHA exemptions do not extend to discrimination based on race.

**Buyer/Tenant and Seller/Housing Provider have read, understand and acknowledge receipt of a copy of this Fair Housing & Discrimination Advisory.**

Buyer/Tenant _Gregory Peplin_ _____ *Gregory Peplin* _____ Date 3/19/2025 | 3:45 PM PDT
—861099EB27D74C1...

Buyer/Tenant _____ Date _____

Seller/Housing provider _____ Date _____

Seller/Housing provider _____ Date _____

© 2024, California Association of REALTORS®, Inc. United States copyright law (Title 17 U.S. Code) forbids the unauthorized distribution, display and reproduction of this form, or any portion thereof, by photocopy machine or any other means, including facsimile or computerized formats. THIS FORM HAS BEEN APPROVED BY THE CALIFORNIA ASSOCIATION OF REALTORS®. NO REPRESENTATION IS MADE AS TO THE LEGAL VALIDITY OR ACCURACY OF ANY PROVISION IN ANY SPECIFIC TRANSACTION. A REAL ESTATE BROKER IS THE PERSON QUALIFIED TO ADVISE ON REAL ESTATE TRANSACTIONS. IF YOU DESIRE LEGAL OR TAX ADVICE, CONSULT AN APPROPRIATE PROFESSIONAL. This form is made available for use by real estate professionals through an agreement with or purchase from the California Association of REALTORS®.

Published and Distributed by: REAL ESTATE BUSINESS SERVICES, LLC. *a subsidiary of the California Association of REALTORS®*
**FHDA REVISED 12/24 (PAGE 2 OF 2)**



**FAIR HOUSING AND DISCRIMINATION ADVISORY (FHDA PAGE 2 OF 2)**

Docusign Envelope ID: B791A8E7-E096-41A4-A692-80FD952988F6



**CALIFORNIA ASSOCIATION OF REALTORS®**

# BUYER REPRESENTATION
# AND BROKER COMPENSATION AGREEMENT
**(Non-Exclusive unless Exclusive is checked and initialed)**
(C.A.R. Form BRBC, Revised 12/24)

**Date Prepared:** _03/19/2025_

1. **RIGHT TO REPRESENT:** _Gregory Peplin_ ("Buyer")
   grants _Real Estate Resolved_ ("Broker")
   the non-exclusive right (unless **Exclusive** is checked in **paragraph 2A(2)** and initialed in **paragraph 15**) to represent Buyer in acquiring real property or a manufactured home ("Property") for the Representation Period specified in **paragraph 2A(1).**

2. **TERMS OF REPRESENTATION:** The items in this paragraph are contractual terms of the Agreement. Referenced paragraphs provide further explanation.  This form is 5 pages.  Buyer is advised to read all 5 pages.

|  | Para. # | Paragraph Title or Contract Term | Terms and Conditions |
|---|---|---|---|
| **A** | | Representation | |
| **A(1)** | | Representation Period | Beginning: _03/19/2025_ (date) Ending at 11:59 P.M. on _06/19/2025_ (date) OR upon completion of a resulting transaction, whichever occurs first.<br><br>(Not to exceed 3 months.  If Representation Period exceeds 3 months, this Agreement is void unless Buyer is a corporation, LLC or partnership.) |
| **A(2)** | | Type of Representation | Non-exclusive, OR ☐ Exclusive (valid only if checked AND initialed in **paragraph 15**). |
| **B** | | Property to be Acquired ("Property") | Broker, including any associate licensee working through Broker on behalf of Buyer, provides services for the types of properties and in the locations specified below. |
| **B(1)** | | Property type: | Single family residential (OR, if checked, ☐ SFR is excluded from this Agreement), including condominiums and manufactured homes (SFR),<br><br>☐ Multi-family residential with two to four units, ☐ with 5 or more units,<br><br>☐ Industrial, ☐ Vacant Land, ☐ Commercial, ☐ Tenancy in common,<br><br>☒ The following specified property(ies) only: _Manufactured or Mobile Home_ |
| **B(2)** | | Location | ☐ County(ies): _____<br>☐ City(ies): _____ |
| **B(3)** | | Additional Description | _____ |
| **C** | | ☐ Additional Buyer Preferences and Priorities | See attached Buyer Identification of Preferences and Priorities (C.A.R. Form BIPP). |
| **D** | 7 | Properties Excluded from Representation | _____<br><br>OR ☐ The Properties identified on the attached list. |
| **E** | | Broker Compensation: NOTICE: The amount or rate of real estate commissions is not fixed by law. They are set by each Broker individually and may be negotiable between Buyer and Broker.  See attached Broker Compensation Advisory (C.A.R. Form BCA). | |
| **E(1)** | 4B | Amount of Compensation | _3_% of the acquisition price AND, if any, $ _____;   $<br>OR ☐ $ _____;<br>OR ☐ see attached Broker-created compensation schedule. |
| **E(2)** | 4G | Payments received by Broker from Seller or others | If Broker receives compensation from Seller or others, for Broker's representation of Buyer, the amount shall be credited against Buyer's obligation to pay Broker.<br><br>Broker shall not receive any amount in excess of **paragraph 2E(1)** . |
| **E(3)** | 4C | Continued Right to Payment for Broker Involved Properties | The Continuation Period shall be _180_ calendar days after the Representation Period or any extension ("Continuation Period"). |
| **F** | 5 | Cancellation Rights and Notice | **Non-exclusive:** Cancellation effective upon receipt OR ☐ _____ days after receipt;<br><br>**Exclusive:** Cancellation effective 30 OR ☐ _____ (not to exceed 30) days after receipt. |
| **G** | | Buyer Financial/Personal Information | |
| **G(1)** | 9B(1) | Time to deliver Buyer personal/ financial information | Within 5 (or _____) **calendar days** from the execution of this Agreement.<br><br>☐ C.A.R. Form BFPI attached. |
| **G(2)** | 9B(2) | ☐ Buyer does not have sufficient funds to pay Broker. | Buyer's Broker's obligation to represent Buyer in a transaction is contingent upon a seller's agreement to pay the amount of compensation in **paragraph 2E(1).** |
| **H** | | Other Terms | _this is subject to cancelation of previous BRBC with David Guarino_ |

© 2024, California Association of REALTORS®, Inc.

**BRBC REVISED 12/24 (PAGE 1 OF 5)**

Real Estate Resolved, 2138 Bonita Ave, Ste B, La Verne, CA 91750-4915    Phone: (909) 227-4196    Fax:
Lori Alvarez

Buyer's Initials  _GP_ / _____    Broker/Agent Initials _LA_ / _____



**BUYER REPRESENTATION AND BROKER COMPENSATION AGREEMENT (BRBC PAGE 1 OF 5)**

3. **ADVISORIES, ADDENDA AND DISCLOSURES:** The following advisories, addenda and disclosures are attached:
☑ Broker Compensation Advisory (C.A.R. Form BCA)    ☐ Other _____

4. **COMPENSATION TO BROKER:**

**Notice: The amount or rate of real estate commissions is not fixed by law. They are set by each Broker individually and may be negotiable between Buyer and Broker.**

A. **ADVISORY:** Real estate commissions include all compensation and fees to Broker and are fully negotiable.

B. **BROKER RIGHT TO COMPENSATION:** Broker shall be entitled to compensation specified in **paragraph 2E(1)** from Buyer if during the Representation Period, or any extension, Buyer enters into an agreement to purchase, lease, or otherwise acquire any Property described in **paragraph 2B**, and the seller thereafter completes the transaction or is prevented from doing so by default of Buyer as follows:

(1) **NON-EXCLUSIVE REPRESENTATION; BROKER INVOLVEMENT:** Compensation is payable only if there was Broker Involvement with the Property.

(2) **EXCLUSIVE REPRESENTATION; BUYER ACQUISITION:** If Exclusive is checked in **paragraph 2A(2)** and initialed in **paragraph 15**, Broker is entitled to compensation if Buyer acquires Property during the Representation Period or any extension with or without Broker Involvement, even if another broker is also entitled to be paid for representing Buyer.

(3) **BUYER INCLUDES** any person or entity, other than Buyer, related to Buyer or who in any manner acts on Buyer's behalf to acquire Property described in **paragraph 2B**.

(4) **BROKER INVOLVEMENT,** wherever used in this Agreements means any of the following:
 • Buyer physically entered and was shown the Property by Broker;
 • Broker showed the Property to Buyer virtually;
 • Broker submitted to seller a signed, written offer from Buyer to acquire, lease, exchange or obtain an option on the Property;
 • Broker performed a market analysis related to the Property or reviewed property specific documents or disclosures with Buyer; or
 • The Property was introduced to Buyer by Broker or one for which Broker acted on Buyer's behalf. However, merely sending Buyer a list of properties should not be deemed Broker Involvement without documented action on the part of Broker analyzing the Property for Buyer, specifically, or assisting Buyer in the potential acquisition of the Property, or communicating with seller or seller's agent regarding Buyer's potential acquisition of the Property.

C. **CONTINUATION OF RIGHT TO COMPENSATION FOR BROKER INVOLVED PROPERTIES:**

(1) Broker shall be entitled to the compensation provided for in **paragraph 2E(1)** if, during the Continuation Period specified in **paragraph 2E(3)**, Buyer enters into an agreement to acquire Property for which there was Broker Involvement. The timing of such payment is subject to the terms of **paragraph 4D**.

(2) Broker's right to compensation pursuant to this paragraph shall only apply if, prior to expiration of this Agreement or any extension, Broker delivers Buyer a written notice of those properties for which there was Broker Involvement (C.A.R. Form NBIP).

D. **TIMING OF COMPENSATION:** Compensation is payable:

(1) Upon completion of any resulting transaction, and through escrow. Broker shall be entitled to compensation whether any escrow resulting from this Agreement closes during or after the Representation Period.

(2) If acquisition is prevented by default of Buyer, upon Buyer's default.

(3) If acquisition is prevented by a party to the transaction other than Buyer, when Buyer collects damages, or obtains specific performance, by suit, settlement or otherwise. If damages are recovered, compensation shall equal one-half of the damages recovered, not to exceed the compensation provided for in **paragraph 2E(1)**, after first deducting the unreimbursed payments, credits and expenses of collection and suit, if any.

E. **PAYMENT THROUGH ESCROW:** Buyer hereby irrevocably assigns to Broker the compensation provided for in this Agreement from Buyer's funds in escrow. Buyer agrees to submit to escrow any funds needed to compensate Broker under this Agreement. Broker may submit this Agreement, as instructions to compensate Broker, to any escrow regarding Property involving Buyer and a seller or other transferor.

F. **ACCOUNTING FOR PAYMENTS TO BROKER IF BROKER ALSO REPRESENTS SELLER:** If Broker has a signed listing agreement with the seller of the Property to be purchased, Buyer shall not receive a credit for the compensation seller owes broker for representing Seller.

G. **PAYMENTS RECEIVED FROM OTHERS LESS THAN BUYER COMPENSATION OBLIGATION:**

(1) Broker and Buyer should discuss whether it would be beneficial to include a term in any offer Buyer makes obligating the seller to pay Broker, directly or through escrow, for some or all of the compensation that Buyer owes Broker.

(2) If seller does not pay as contractually required, Buyer assigns to Broker, as a third-party beneficiary, any rights Buyer has to pursue the seller for such compensation.

H. **DISCLOSURE OF PAYMENTS TO BROKER:** Broker, independently or through escrow, will disclose the final compensation Broker receives from anyone other than Buyer.

5. **CANCELLATION OF BUYER REPRESENTATION AGREEMENT:**

A. Either Buyer or Broker may cancel this Agreement by giving written notice, at any time, to the other within the time specified in **paragraph 2F.**

**BRBC REVISED 12/24 (PAGE 2 OF 5)**    Buyer's Initials _GP_ / _____    Broker/Agent Initials _W_ / _____

**BUYER REPRESENTATION AND BROKER COMPENSATION AGREEMENT (BRBC PAGE 2 OF 5)**

**B.** Broker shall still be entitled to compensation if, during the Representation Period or the Continuation Period specified in **paragraph 2E(3)**, Buyer enters into contract to acquire Property for which there was Broker Involvement provided Broker delivers to Buyer a written list of those properties for which there was Broker Involvement. The written list of Broker Involvement properties shall be delivered to Buyer within **5 calendar days** after the effective date of the cancellation. The timing of such payment is subject to the terms of **paragraph 4D**.

**C.** Buyer is advised to notify any other broker of Broker's rights under this paragraph.

6. **AGENCY RELATIONSHIPS:**

**A. DISCLOSURE:** Buyer acknowledges receipt of the ☑ "Disclosure Regarding Real Estate Agency Relationship" (C.A.R. Form AD).

**B. POSSIBLE DUAL AGENCY WITH SELLER:** Broker will represent Buyer in any resulting transaction. Broker may act as an agent for both Buyer and a seller. Broker, in writing, shall confirm the agency relationship with only Buyer, or both Buyer and seller, prior to or concurrent with Buyer's execution of a contract to acquire a Property. Buyer acknowledges receipt of a ☑ Possible Representation of More Than One Buyer or Seller – Disclosure and Consent (C.A.R. Form PRBS).

7. **PROPERTIES EXCLUDED FROM REPRESENTATION:**

**A. ADVISORY REGARDING BUYER SIGNING MULTIPLE BUYER REPRESENTATION AGREEMENTS:**

(1) Buyer shall inform Broker in writing if Buyer has signed any other buyer representation agreements, whether exclusive or non-exclusive, with any other Broker for any Property described in **paragraph 2B**.

(2) Buyer shall disclose to Broker if another broker showed Buyer such Property virtually or in-person, or wrote an offer on, or otherwise acted on Buyer's behalf for, such Property. Buyer may owe compensation to that broker if Buyer purchases such Property.

(3) If Buyer has signed an exclusive buyer representation agreement with another broker that has not expired or been terminated, Buyer may owe compensation to that broker if Buyer purchases such Property even if that other broker had no involvement with the Property.

(4) Buyer shall disclose in **paragraph 2D** any Property for which Buyer is obligated to pay another broker.

**B. CONFLICTS WITH OTHER BROKER:** Unless otherwise notified by Buyer, Buyer acknowledges that for the Property identified in **paragraph 2B**, excluding any Property specified in **paragraph 2D** Buyer: **(i)** has not entered into an exclusive representation agreement with another broker; and **(ii)** has no obligation, even under a non-exclusive representation agreement, to pay compensation to any other broker arising out of the acquisition of the Property.

**C. LIMITATION ON BROKER REPRESENTATION:** If a property is excluded in **paragraph 2D**, during the time Buyer is obligated to compensate another broker, Broker is not obligated to assist Buyer with respect to that property, and Buyer shall not owe Broker compensation under this Agreement for that property.

8. **BROKER AUTHORIZATIONS AND OBLIGATIONS:**

**A.** Broker agrees to exercise reasonable effort and due diligence to achieve the purposes of this Agreement.

**B.** Broker will assist Buyer by:

(1) Locating and presenting selected properties to Buyer, presenting offers authorized by Buyer, assisting Buyer in negotiating for acceptance of such offers and, as applicable, terms and conditions following such acceptance, and facilitating the escrow process for such accepted offers;

(2) As directed by or agreed with Buyer, ordering reports and Investigations, and scheduling and attending meetings and appointments with professionals chosen by Buyer;

(3) Upon request, providing Buyer with a list of professionals who perform the services described in the attached Buyer's Investigation Advisory, provided Broker has a referral list for such requested services; and

(4) Upon request, assisting Buyer with the financing process by making referrals to lenders known to Broker, and assisting Buyer in obtaining loan pre-qualification, to the extent Broker can do so without acting as a Mortgage Loan Broker.

**C.** If the Property contains residential property with one to four dwelling units, Broker will conduct a reasonably competent and diligent, visual inspection of the accessible areas of the one to four Property (excluding any common areas) and disclose to Buyer all facts materially affecting the value or desirability of such Property that are revealed by this inspection.

**D.** Broker shall deliver or communicate to Buyer any disclosures, materials or information received by, in the personal possession of or personally known to the individual signing for Broker during the Representation Period. Unless otherwise specified in writing, any information provided through Broker, while representing Buyer, has not been and will not be verified by Broker.

**E.** Broker's services are performed in compliance with federal, state and local anti-discrimination laws.

9. **BUYER OBLIGATIONS:**

**A. GOOD FAITH:** Buyer agrees: **(i)** to timely view and consider properties selected by Broker; **(ii)** negotiate in good faith to acquire a Property; and **(iii)** Buyer further agrees to act in good faith toward the completion of any contract entered into for a Property.

**B. FINANCIAL AND PERSONAL INFORMATION:**

(1) Within the time specified in **paragraph 2G(1)**, Buyer shall provide relevant personal and financial information, including, but not limited to, proof of funds needed to complete the purchase of Property and satisfy the obligation to pay Broker, and a preapproval/prequalification letter, to Broker to assure Buyer's ability to acquire Property. If Buyer fails to provide such information, or if Buyer does not qualify financially to acquire Property, then Broker may cancel this Agreement in writing.

**BRBC REVISED 12/24 (PAGE 3 OF 5)**

Buyer's Initials [Initial: GP] / _____    Broker/Agent Initials [DS: U] / _____

**BUYER REPRESENTATION AND BROKER COMPENSATION AGREEMENT (BRBC PAGE 3 OF 5)**

Docusign Envelope ID: B791A8E7-E096-41A4-A692-80FD952988F6

(2) If the box is checked in **paragraph 2G(2)**, for any Property for which Buyer writes an offer to purchase:
   (A) Buyer agrees to include a term in Buyer's offer requesting seller to compensate Buyer's Broker; and
   (B) For a transaction, this Agreement is contingent upon seller, or others, or both, agreeing to pay Broker the full amount that Buyer is contractually obligated to pay Broker. This contingency is in favor of the Broker, and Broker may elect to cancel this Agreement related to representation on that specific property, if the seller does not agree to pay the full amount that Buyer is contractually obligated to pay Broker. Broker shall inform Buyer, seller and listing agent that Buyer is proceeding without representation and that they shall complete a new Agency Confirmation removing Broker as representing Buyer.

**C. REASONABLE CARE AND OTHER PROFESSIONAL ASSISTANCE:**
   (1) Buyer is obligated, and agrees, to read all documents provided to Buyer.
   (2) Buyer agrees to seek desired assistance from appropriate professionals, selected by Buyer, such as those referenced in the attached Buyer's Investigation Advisory.
   (3) Buyer is advised to read the attached Buyer's Investigation Advisory for a list of items and other concerns that may warrant investigation by Buyer or other professionals.

**D. REPORTS/INVESTIGATIONS:** Buyer agrees to pay for reports, Investigations and meetings arranged by Broker for Buyer.

**E. BUYER MATERIAL ISSUES:** For any Property for which Buyer has made an offer or are considering making an offer, Buyer shall notify or update Broker in writing of any material issue to Buyer for that Property such as, but not limited to, Buyer requests for information on, or concerns regarding, any subject of interest or importance to Buyer (C.A.R. Form BMI-SP). If Buyer does not provide such information for a Property for which Buyer makes an offer, that Property shall be deemed to satisfy Buyer's material considerations notwithstanding any preferences and priorities identified in C.A.R. Form BIPP, if one has been completed.

**F. INCORRECT, INCOMPLETE OR INACCURATE INFORMATION:** Buyer agrees to indemnify, defend and hold Broker harmless from all claims, disputes, litigation, judgments, and costs arising from any incorrect information supplied by Buyer, or from any material issues that Buyer fails to disclose in writing to Broker.

**10. ATTORNEY FEES:** In any action, proceeding or arbitration between Buyer and Broker arising out of this Agreement, Buyer and Broker are each responsible for paying their own attorney fees and costs, except as otherwise specified in **paragraph 12A.**

**11. MANAGEMENT APPROVAL:** If an associate-licensee in Broker's office (salesperson or broker-associate) enters into this Agreement on Broker's behalf, Broker or Manager has the right to cancel this Agreement, in writing, within **5 days** after its execution.

**12. DISPUTE RESOLUTION:**

**A. MEDIATION:** Buyer and Broker agree to mediate any dispute or claim arising between them under this Agreement, before resorting to arbitration or court action. Mediation fees, if any, shall be divided equally among the parties involved. If, for any dispute or claim to which this paragraph applies, any party **(i)** commences an action without first attempting to resolve the matter through mediation, or **(ii)** before commencement of an action, refuses to mediate after a request has been made, then if that party is the losing party in any such action, the prevailing party shall be entitled to recover attorney's fees from the non-mediating party, notwithstanding the terms in **paragraph 10.** Exclusions from the mediation agreement are specified in **paragraph 12B.**

**B. ADDITIONAL MEDIATION TERMS:** The following matters are excluded from mediation: **(i)** a judicial or non-judicial foreclosure or other action or proceeding to enforce a deed of trust, mortgage or installment land sale contract as defined in Civil code § 2985; **(ii)** an unlawful detainer action; **(iii)** the filing or enforcement of a mechanic's lien; and **(iv)** any matter that is within the jurisdiction of a probate, small claims or bankruptcy court. The filing of a court action to enable the recording of a notice of pending action for order of attachment, receivership, injunction, or other provisional remedies, shall not constitute a waiver of the mediation provisions, provided the filing party, concurrent with or immediately after such filing, makes a request to the court for a stay of litigation pending any mediation proceeding.

**13. LEGALLY AUTHORIZED SIGNER:** Wherever the signature or initials of the Legally Authorized Signer, identified in the signature block below, appear on this Agreement or any related documents, it shall be deemed to be in a representative capacity for the entity described and not in an individual capacity, unless otherwise indicated. The Legally Authorized Signer **(i)** represents that the entity for which that person is acting already exists and is in good standing to do business in California and **(ii)** shall deliver to Broker, within **3 days** after execution of this Agreement, evidence of authority to act in that capacity (such as but not limited to: applicable portion of the trust or Certification Of Trust (Probate Code § 18100.5), letters testamentary, court order, power of attorney, corporate resolution, or formation documents of the business entity).

**14. ENTIRE AGREEMENT:** All understandings between the parties are incorporated in this Agreement. Its terms are intended by the parties as a final, complete and exclusive expression of their agreement with respect to its subject matter, and may not be contradicted by evidence of any prior agreement or contemporaneous oral agreement. This Agreement may not be extended, amended, modified, altered or changed, except in writing signed by Buyer and Broker. In the event that any provision of this Agreement is held to be ineffective or invalid, the remaining provisions will nevertheless be given full force and effect. This Agreement and any supplement, addendum or modification, including any photocopy, facsimile, or electronic, may be executed in counterparts.

Initial

DS

Buyer's Initials _GP_ / _____     Broker/Agent Initials _lu_ / _____

EQUAL HOUSING OPPORTUNITY

**BRBC REVISED 12/24 (PAGE 4 OF 5)**

**BUYER REPRESENTATION AND BROKER COMPENSATION AGREEMENT (BRBC PAGE 4 OF 5)**

**15. EXCLUSIVE REPRESENTATION: If "Exclusive" is checked in paragraph 2A(2) and initialed by Buyer here:**

    **A.** This Agreement shall be exclusive. Broker will devote time and resources to assist Buyer in finding and acquiring the Property in the expectation of being paid for Broker's services. **Buyer shall not enter into another representation agreement in conflict with this Agreement.**

    **B.** **COMPENSATION:** Broker is entitled to compensation if Buyer acquires Property during the Representation Period with or without Broker Involvement, even if another broker is also entitled to be paid for representing Buyer.

    **C.** **CANCELLATION:** Either Buyer or Broker may unilaterally cancel this Agreement by giving the other 30 days written notice (or as otherwise specified in **paragraph 2F**). If, within **5 days** after the effective date of the cancellation, Broker provides Buyer a list of properties for which there was Broker Involvement, Broker may still be entitled to compensation if Buyer purchases one of the properties on the list during the Representation Period or the Continuation Period specified in **paragraph 2E(3).**

Buyer's Initials <u>  GP  </u> / <u>        </u>

---

**Buyer acknowledges that Buyer has read, understands, received a copy of and agrees to the terms of this Agreement.**

☐ **ENTITY BUYERS: (Note: If this paragraph is completed, a Representative Capacity Signature Disclosure (C.A.R. Form RCSD) is not required for the Legally Authorized Signers designated below.)**
(1) **Non-Individual (entity) Buyers:** One or more Buyers is a trust, corporation, LLC, probate estate, partnership, holding a power of attorney or other entity.
(2) **Full entity name:** The following is the full name of the entity (if a trust, enter the complete trust name; if under probate, enter full name of the estate, including case #): _____
_____.
(3) **Contractual Identity of Buyer:** For purposes of this Agreement, when the name described below is used, it shall be deemed to be the full entity name.
    (A) If a trust: The trustee(s) of the trust or a simplified trust name (ex. John Doe, co-trustee, Jane Doe, co-trustee or Doe Revocable Family Trust);
    (B) If Property is sold under the jurisdiction of a probate court: The name of the executor or administrator, or a simplified probate name (John Doe, executor, or Estate (or Conservatorship) of John Doe).
(4) **Legally Authorized Signer:**
    (A) This Agreement is being Signed by a Legally Authorized Signer in a representative capacity and not in an individual capacity. See **paragraph 13** for additional terms.
    (B) The name(s) of the Legally Authorized Signer(s) is/are: _____, _____.

**BUYER SIGNATURE(S):**

(Signature) By <u>*Gregory Peplin*</u>               Date: _____    3/19/2025 | 3:45 PM PDT
    861059EB27D74C1...
    Printed name of Buyer: *Gregory Peplin*

    ☐ Printed Name of Legally Authorized Signer: _____ Title, if applicable, _____

(Signature) By, _____ Date: _____
    Printed name of Buyer: _____

    ☐ Printed Name of Legally Authorized Signer: _____ Title, if applicable, _____
☐ Additional Signature Addendum attached (C.A.R. Form ASA)

**BROKER SIGNATURE(S):**

Real Estate Broker (Firm) *Real Estate Resolved* _____ DRE Lic# *02014153* _____
Address *2138 Bonita Ave, Ste B* _____ City *La Verne* _____ State *CA* Zip *91750-4915*
By (Broker/Agent) <u>*Lori Alvarez*</u>     *Lori Alvarez*      Date *3/19/2025 | 3:08 PM PDT*
    5C423E88D63B4E0...
Tel. *(909) 227-4196* _____ E-mail *lori@myrealestateresolved.com* _____ DRE Lic# *01794115* ____
By (Broker/Agent) _____ Date _____
Tel. _____ E-mail _____ DRE Lic# _____
☐ More than one agent from the same firm represents Buyer. Additional Agent Acknowledgement (C.A.R. Form AAA) attached.
☐ Two Brokers with different companies are representing the Buyer. Co-Buyer Brokers information is on the attached Additional Broker Acknowledgement (C.A.R. Form ABA)

© 2024, California Association of REALTORS®, Inc. United States copyright law (Title 17 U.S. Code) forbids the unauthorized distribution, display and reproduction of this form, or any portion thereof, by photocopy machine or any other means, including facsimile or computerized formats. THIS FORM HAS BEEN APPROVED BY THE CALIFORNIA ASSOCIATION OF REALTORS®. NO REPRESENTATION IS MADE AS TO THE LEGAL VALIDITY OR ACCURACY OF ANY PROVISION IN ANY SPECIFIC TRANSACTION. A REAL ESTATE BROKER IS THE PERSON QUALIFIED TO ADVISE ON REAL ESTATE TRANSACTIONS. IF YOU DESIRE LEGAL OR TAX ADVICE, CONSULT AN APPROPRIATE PROFESSIONAL. This form is made available to real estate professionals through an agreement with or purchase from the California Association of REALTORS®.

Published and Distributed by: REAL ESTATE BUSINESS SERVICES, LLC. *a subsidiary of the California Association of REALTORS®*
**BRBC REVISED 12/24 (PAGE 5 OF 5)**


EQUAL HOUSING
OPPORTUNITY

**BUYER REPRESENTATION AND BROKER COMPENSATION AGREEMENT (BRBC PAGE 5 OF 5)**

Docusign Envelope ID: B791A8E7-E096-41A4-A692-80FD952988F6



CALIFORNIA
ASSOCIATION
OF REALTORS®

**BUYER TRANSACTIONAL ADVISORY**
(C.A.R. Form BTA, 12/22)

1. **GENERAL INFORMATION:** Buying real property is a process that has many different aspects to it.  The information below will help you evaluate your role and the roles of others in the buying process.
2. **BUYER OBLIGATIONS:**
   A. **REASONABLE CARE AND OTHER PROFESSIONAL ASSISTANCE:** Buyers have an affirmative duty to take steps to protect themselves, including discovery of the legal, practical and technical implications of discovered or disclosed facts, and investigation of information and facts which are known to them or are within their diligent attention and observation. Buyers are obligated to read all documents provided to them. Buyers should seek desired assistance from appropriate professionals, selected by them, such as those referenced in the attached Buyer's Investigation Advisory (C.A.R. Form BIA).  Buyers are advised to read the attached Buyer's Investigation Advisory for a list of items and other concerns that may warrant investigation by them or other professionals.
   B. **COMMUNICATING IMPORTANT ISSUES:** Buyers need to notify their Agent in writing of any important or material issue to them (C.A.R. Form BMI).  If buyer's circumstances or interests change during the property buying process, buyers should notify their Agent, in writing.
3. **AGENT DUTIES AND LIMITATIONS:** Agents perform many services for buyers during the course of the home buying process.  The sophistication of the buyers, the experience of others involved in a transaction, and the requirements of the specific transaction will all impact the Agent's duties.
   A. **AGENT AUTHORIZATIONS, OBLIGATIONS AND LIMITATIONS:** For property transactions of which Agent is aware and not precluded from participating in by buyers, during the representation period. Agents are authorized to **(i)** provide and review forms to create a property contract for the acquisition of a specific property; **(ii)** deliver or communicate to buyers any disclosures, materials or information received by, in the personal possession of, or personally known to, the individual Agent signing below; and **(iii)** if the property contains at least one but not more than four residential units, perform a reasonably competent and diligent, visual inspection of the accessible areas of the 1-4 units and disclose to buyers any material facts concerning the value or desirability of the property that was observable in the inspection.  Unless otherwise specified in writing, any information provided through Agent in the course of representing buyers has not been and will not be verified by Agent. Agent's services are performed in compliance with federal, state and local anti-discrimination laws.  Agent owes no duty to inspect for common environmental hazards, earthquake weaknesses, or geologic and seismic hazards.
   B. **SCOPE OF AGENT DUTIES:** Buyers acknowledges and agree that Agent: **(i)** does not decide what price buyers should pay or a seller will accept; **(ii)** does not guarantee the condition of the property; **(iii)** does not guarantee the performance, adequacy or completeness of inspections, services, products or repairs provided or made by seller or others; **(iv)** does not have an obligation to conduct an inspection of common areas or areas off the site of the property; **(v)** shall not be responsible for identifying defects on the property, in common areas or offsite unless such defects are visually observable by an inspection of reasonable accessible areas of the property or are known to Agent; **(vi)** shall not be responsible for inspecting public records or permits concerning the title or use of Property; **(vii)** shall not be responsible for identifying the location of boundary lines, easements, or other encroachments on title; **(viii)** shall not be responsible for verifying square footage, representations of others or information contained in Investigation reports, Multiple Listing Service, advertisements, flyers or other promotional material; **(ix)** shall not be responsible for providing legal or tax advice regarding any aspect of a transaction entered into by buyers or seller; and **(x)** shall not be responsible for providing other advice or information that exceeds the knowledge, education and experience required to perform real estate licensed activity. Buyers are advised to, and agree to, see legal, tax, insurance, title and other desired assistance from appropriate professionals.
   C. **BUYER REPRESENTATION AGREEMENT ALLOWS DUAL AGENCY:** The Buyer Representation and Broker Compensation Agreement (C.A.R. Form BRBC) permits Broker to act as a dual agent for both buyer and seller in a transaction.  Under California law, even though one individual real estate agent may be the only licensee in direct contact with a buyer on a property transaction and another individual agent may be the only licensee in direct contact with a seller for that same transaction, since both agents work for the same firm the brokerage firm, the brokerage firm and its agents are all dual agents in that transaction.  It is also legally permissible for one real estate agent to be in direct contact with both buyer and seller, in which case a dual agency will also be established for both the brokerage firm and the agent in that transaction.  If Buyer does not want to allow dual agency, then Buyer should discuss with Broker the implications of such a request and then come to an agreement with Broker.

**By signing below, Buyer acknowledges that they have read, understand, and have received a Copy of this Buyer Transactional Advisory.**
Signed by:

Buyer _Gregory Peplin_ _____ _Gregory Peplin_ _____ Date 3/19/2025 | 3:45 PM PDT
       861059EB27D74C1...

Buyer _____ Date _____

© 2022, California Association of REALTORS®, Inc. United States copyright law (Title 17 U.S. Code) forbids the unauthorized distribution, display and reproduction of this form, or any portion thereof, by photocopy machine or any other means, including facsimile or computerized formats. THIS FORM HAS BEEN APPROVED BY THE CALIFORNIA ASSOCIATION OF REALTORS®. NO REPRESENTATION IS MADE AS TO THE LEGAL VALIDITY OR ACCURACY OF ANY PROVISION IN ANY SPECIFIC TRANSACTION. A REAL ESTATE BROKER IS THE PERSON QUALIFIED TO ADVISE ON REAL ESTATE TRANSACTIONS. IF YOU DESIRE LEGAL OR TAX ADVICE, CONSULT AN APPROPRIATE PROFESSIONAL. This form is made available to real estate professionals through an agreement with or purchase from the California Association of REALTORS®. It is not intended to identify the user as a REALTOR®.  REALTOR® is a registered collective membership mark which may be used only by members of the NATIONAL ASSOCIATION OF REALTORS® who subscribe to its Code of Ethics.

Published and Distributed by:
REAL ESTATE BUSINESS SERVICES, LLC.
*a subsidiary of the CALIFORNIA ASSOCIATION OF REALTORS®*
525 South Virgil Avenue, Los Angeles, California 90020


EQUAL HOUSING
OPPORTUNITY

**BTA 12/22 (PAGE 1 OF 1)**

**BUYER TRANSACTIONAL ADVISORY (BTA PAGE 1 OF 1)**

Docusign Envelope ID: B791A8E7-E096-41A4-A692-80FD952988F6



CALIFORNIA
ASSOCIATION
OF REALTORS®

## POSSIBLE REPRESENTATION OF MORE THAN ONE BUYER
## OR SELLER - DISCLOSURE AND CONSENT
### (C.A.R. Form PRBS, Revised 12/21)

A real estate broker (Broker), whether a corporation, partnership or sole proprietorship, may represent more than one buyer or seller. This multiple representation can occur through an individual licensed as a broker or salesperson or through different individual broker's or salespersons (associate licensees) acting under the Broker's license. The associate licensees may be working out of the same or different office locations.

**Multiple Buyers:** Broker (individually or through its associate licensees) may be working with many prospective buyers at the same time. These prospective buyers may have an interest in, and make offers on, the same properties. Some of these properties may be listed with Broker and some may not. Broker will not limit or restrict any particular buyer from making an offer on any particular property whether or not Broker represents other buyers interested in the same property.

**Multiple Sellers:** Broker (individually or through its associate licensees) may have listings on many properties at the same time. As a result, Broker will attempt to find buyers for each of those listed properties. Some listed properties may appeal to the same prospective buyers. Some properties may attract more prospective buyers than others. Some of these prospective buyers may be represented by Broker and some may not. Broker will market all listed properties to all prospective buyers whether or not Broker has another or other listed properties that may appeal to the same prospective buyers.

**Dual Agency:** If Seller is represented by Broker, Seller acknowledges that broker may represent prospective buyers of Seller's property and consents to Broker acting as a dual agent for both seller and buyer in that transaction. If Buyer is represented by Broker, buyer acknowledges that Broker may represent sellers of property that Buyer is interested in acquiring and consents to Broker acting as a dual agent for both buyer and seller with regard to that property.

In the event of dual agency, seller and buyer agree that: a dual agent may not, without the express permission of the respective party, disclose to the other party confidential information, including, but not limited to, facts relating to either the buyer's or seller's financial position, motivations, bargaining position, or other personal information that may impact price, including the seller's willingness to accept a price less than the listing price or the buyer's willingness to pay a price greater than the price offered; and except as set forth above, a dual agent is obligated to disclose known facts materially affecting the value or desirability of the Property to both parties.

**Offers not necessarily confidential:** Buyer is advised that seller or listing agent may disclose the existence, terms, or conditions of buyer's offer unless all parties and their agent have signed a written confidentiality agreement. Whether any such information is actually disclosed depends on many factors, such as current market conditions, the prevailing practice in the real estate community, the listing agent's marketing strategy and the instructions of the seller.

Buyer and seller understand that Broker may represent more than one buyer or more than one seller and even both buyer and seller on the same transaction and consents to such relationships.

**Seller and/or Buyer acknowledges reading and understanding this Possible Representation of More Than One Buyer or Seller - Disclosure and Consent and agrees to the agency possibilities disclosed.**

Seller _____ Date _____

Seller _____ Date _____

Buyer *Gregory Peplin* _____ Date 3/19/2025 | 3:45 PM PDT
Signed by:
861059EB27D74C1...    *Gregory Peplin*

Buyer _____ Date _____

Buyer's Brokerage Firm *Real Estate Resolved* _____ DRE Lic # 02014153

By *Lori Alvarez* _____ DRE Lic # 01794115 _____ Date 3/19/2025 | 3:08 PM PDT
DocuSigned by:
61781A82D63B4E0...    *Lori Alvarez*

Seller's Brokerage Firm _____ DRE Lic # _____

By _____ DRE Lic # _____ Date _____

© 2021, California Association of REALTORS®, Inc. United States copyright law (Title 17 U.S. Code) forbids the unauthorized distribution, display and reproduction of this form, or any portion thereof, by photocopy machine or any other means, including facsimile or computerized formats. THIS FORM HAS BEEN APPROVED BY THE CALIFORNIA ASSOCIATION OF REALTORS®. NO REPRESENTATION IS MADE AS TO THE LEGAL VALIDITY OR ACCURACY OF ANY PROVISION IN ANY SPECIFIC TRANSACTION. A REAL ESTATE BROKER IS THE PERSON QUALIFIED TO ADVISE ON REAL ESTATE TRANSACTIONS. IF YOU DESIRE LEGAL OR TAX ADVICE, CONSULT AN APPROPRIATE PROFESSIONAL. This form is made available to real estate professionals through an agreement with or purchase from the California Association of REALTORS®. It is not intended to identify the user as a REALTOR®. REALTOR® is a registered collective membership mark which may be used only by members of the NATIONAL ASSOCIATION OF REALTORS® who subscribe to its Code of Ethics.

Published and Distributed by:
REAL ESTATE BUSINESS SERVICES, LLC.
a subsidiary of the CALIFORNIA ASSOCIATION OF REALTORS®
525 South Virgil Avenue, Los Angeles, California 90020


EQUAL HOUSING
OPPORTUNITY

**PRBS REVISED 12/21 (PAGE 1 OF 1)**

Real Estate Resolved, 2138 Bonita Ave, Ste B, La Verne, CA 91750-4915          Phone: (909) 227-4196          Fax:
Lori Alvarez

Docusign Envelope ID: B791A8E7-E096-41A4-A692-80FD952988F6



**BROKER COMPENSATION ADVISORY**
(C.A.R. Form BCA, 7/24)

1. **WHEN SELLERS LIST THEIR PROPERTY FOR SALE THROUGH A REAL ESTATE BROKER THEY AGREE TO PAY THE SELLER'S BROKER WHEN ESCROW CLOSES.**

   A. **LISTING AGREEMENT COMPENSATION IS FULLY NEGOTIABLE:** When a seller enters into a listing agreement with a broker, the seller authorizes the broker to find a buyer for the seller's property and agrees to pay the seller's broker if a buyer is found who purchases the property. Compensation amounts are not fixed by law and are fully negotiable between the seller and the seller's broker. When negotiating compensation, the parties may discuss factors such as the broker's expertise and experience, the type of broker services to be performed, and the broker's time and expenses, among other considerations.

   B. **OPTIONAL ADDITIONAL COMPENSATION IF BUYER IS UNREPRESENTED:** A listing agreement may include optional additional compensation amounts owed to the seller's broker for situations where the broker takes on additional responsibilities or workload. Sometimes a buyer may not be working with nor want to be represented by a real estate broker. When that happens, the seller's broker is not required to represent the buyer, and the seller and seller's broker may decide that they do not want to create such a relationship. In those situations, the seller's broker is advised to use a Buyer Non-Agency (C.A.R. Form BNA) to inform the buyer that the seller's broker will be acting on behalf of the seller only, and not act as the buyer's agent, throughout the transaction. However, because the buyer is unrepresented, the seller's agent will inevitably have to do more work to facilitate the transaction. A seller may agree to compensate their broker for the additional work in such cases.

   C. **BROKER MAY REPRESENT BOTH BUYER AND SELLER; DUAL AGENCY:** California law allows a brokerage company to represent both seller and buyer in a real estate transaction. At the time the agent, on behalf of a brokerage, obtains the signature of a seller on a listing agreement, the agent will not, in most cases, know who the eventual buyer will be for a seller's property. Similarly, at the time an agent, on behalf of a brokerage, obtains the signature of a buyer on a buyer representation agreement, the agent will not, in most cases, know who the eventual seller will be for a property the buyer wants to buy. Because many individual licensees may work through one brokerage company, and some individual licensees work with many buyers and sellers, there is a possibility that the same brokerage company will represent both buyer and seller in a transaction. If licensees working through broker represent both seller and buyer, broker is allowed to receive compensation from each, provided the seller and buyer are advised of the relationship and the total amount of compensation the broker will receive.

2. **BROKER AGREEMENTS WITH BUYERS:**

   A. **BUYER REPRESENTATION COMPENSATION IS FULLY NEGOTIABLE:** When a buyer enters into a representation agreement with a broker, the buyer authorizes the broker to locate properties for the buyer to buy and agrees to pay the buyer's broker if a transaction is completed. Compensation amounts are not fixed by law and are fully negotiable. When negotiating compensation, the parties may discuss factors such as the broker's expertise and experience, the type of broker services to be performed, and the broker's time and expenses, among other considerations.

   B. **REQUIREMENT FOR WRITTEN AGREEMENTS:** Pursuant to a nationwide class action settlement reached by the National Association of REALTORS® (NAR), participants in Multiple Listing Services are required to have a written agreement with a buyer prior to showing a buyer a residential property or giving a buyer a tour of such a property. The agreement must identify the amount of compensation to be paid to the broker for services provided and require that the broker cannot receive any compensation in excess of the amount specified in the agreement. Pursuant to legislation expected to become law in California on January 1, 2025, all licensees showing a buyer any type of property will be required to have a written agreement with that buyer prior to the showing.

---

**BCA 7/24 (PAGE 1 OF 2)**

Real Estate Resolved, 2138 Bonita Ave, Ste B, La Verne, CA 91750-4915
Lori Alvarez                                                    Phone: (909) 227-4196        Fax:

Seller's Initials _____/_____     Buyer's Initials _____/_____

Initial
*GP*


EQUAL HOUSING
OPPORTUNITY

**C. ADVANTAGES OF WRITTEN AGREEMENTS:** Buyers and their brokers benefit when the terms of their relationship and respective duties are in writing. A written agreement establishes clear, mutual expectations and helps avoid misunderstandings over the buyer and broker's duties and the amount of compensation the buyer's agent is to be paid.

**3. WHEN ENLISTING A REAL ESTATE BROKER TO REPRESENT THEM, BUYERS AGREE TO PAY THE BUYER'S BROKER WHEN ESCROW CLOSES, BUT THE PERSON RESPONSIBLE FOR PAYMENT MAY BE NEGOTIATED IN THE TRANSACTION:**

**A. BUYER PAYS THE COMPENSATION PURSUANT TO A BUYER REPRESENTATION AGREEMENT:**
A buyer's broker may negotiate the amount of compensation directly with the Buyer and then document that agreement in a buyer representation agreement (C.A.R. Form BRBC or PSRA).  The buyer then becomes contractually obligated to pay the broker by providing funds to escrow prior to the closing of a transaction.

**B. SELLER PAYS THE COMPENSATION:**

(1) **Buyer negotiates for Seller to Compensate Buyer's Broker:** A buyer may make a conditional offer to the seller by including a term in the purchase offer asking the seller to pay the buyer's broker if the buyer has already agreed to pay their own broker pursuant to a buyer representation agreement.  If such a term is included in the purchase offer, the request will become one term among many that a seller may accept, reject, or negotiate by way of a counter offer.  The possibility of asking the seller to pay the buyer's contractual compensation obligation option should be discussed when creating a buyer representation agreement and prior to an offer being made.

(2) **Buyer's Agent negotiates an agreement directly with Seller:** If a seller is unrepresented or does not have an exclusive agency relationship with another broker, a buyer's broker may approach that seller asking the seller to sign an agreement (C.A.R. Form SP, Single Party Compensation Agreement) to pay the buyer's broker.  In this situation, the seller agrees to pay the buyer's broker compensation without necessarily creating an agency relationship with the broker.  When that happens, the buyer's broker is advised to use a Seller Non-Agency (C.A.R. Form SNA) to inform the seller that the buyer's broker will be acting on behalf of the buyer only, and not act as the seller's agent, throughout the transaction.  However, because the seller is unrepresented, the buyer's agent will inevitably have to do more work to facilitate the transaction, which may be factored into the negotiation of the single party compensation agreement.

**C. CHANGING PRACTICE RELATED TO A SELLER'S BROKER'S OFFER OF COMPENSATION:**

Historically, in California, many seller's brokers used a Multiple Listing Service (MLS) to make a unilateral offer to compensate a buyer's broker who procured a buyer for the seller's property. However, the nationwide NAR settlement prohibits the seller's broker from using an MLS to make such an offer of compensation. The California Association REALTORS®' (C.A.R.) listing agreement forms no longer provide for such offers of cooperating broker compensation nor does C.A.R. include other forms in its library of forms that might facilitate such offers.  Buyers and sellers must separately negotiate compensation with their respective brokers, as specified above.

**By signing below, Seller or Buyer acknowledges that they have read, understand, and have received a Copy of this Broker Compensation Advisory.  Seller or Buyer acknowledges they have been advised of their various options regarding compensation to be paid to real estate brokers and that any written agreement they have signed with a seller's or buyer's broker reflects a mutual understanding.**

Seller/Buyer ___*Gregory Peplin*___  *Gregory Peplin*  Date 3/19/2025 | 3:45 PM PDT
———Signed by:———
———861059EB27D74C1...———

Seller/Buyer _____  Date _____

© 2024, California Association of REALTORS®, Inc. United States copyright law (Title 17 U.S. Code) forbids the unauthorized distribution, display and reproduction of this form, or any portion thereof, by photocopy machine or any other means, including facsimile or computerized formats. THIS FORM HAS BEEN APPROVED BY THE CALIFORNIA ASSOCIATION OF REALTORS®. NO REPRESENTATION IS MADE AS TO THE LEGAL VALIDITY OR ACCURACY OF ANY PROVISION IN ANY SPECIFIC TRANSACTION. A REAL ESTATE BROKER IS THE PERSON QUALIFIED TO ADVISE ON REAL ESTATE TRANSACTIONS. IF YOU DESIRE LEGAL OR TAX ADVICE, CONSULT AN APPROPRIATE PROFESSIONAL. This form is made available to real estate professionals through an agreement with or purchase from the California Association of REALTORS®.

Published and Distributed by: REAL ESTATE BUSINESS SERVICES, LLC, *a subsidiary of the California Association of REALTORS®*


EQUAL HOUSING
OPPORTUNITY

**BCA 7/24 (PAGE 2 OF 2)**

Docusign Envelope ID: B791A8E7-E096-41A4-A692-80FD952988F6



CALIFORNIA
ASSOCIATION
OF REALTORS®

**BUYER'S INVESTIGATION ADVISORY**
(C.A.R. Form BIA, Revised 12/21)

**Property Address** _To be determined_

1. **IMPORTANCE OF PROPERTY INVESTIGATION:** The physical condition of the land and improvements being purchased is not guaranteed by either Seller or Brokers. You have an affirmative duty to exercise reasonable care to protect yourself, including discovery of the legal, practical and technical implications of disclosed facts, and the investigation and verification of information and facts that you know or that are within your diligent attention and observation.  A general physical inspection typically does not cover all aspects of the Property nor items affecting the Property that are not physically located on the Property.  If the professionals recommend further investigations, including a recommendation by a pest control operator to inspect inaccessible areas of the Property, you should contact qualified experts to conduct such additional investigations.

2. **BROKER OBLIGATIONS:** Brokers do not have expertise in all areas and therefore cannot advise you on many items, such as those listed below.  If Broker gives you referrals to professionals, Broker does not guarantee their performance.

3. **YOU ARE STRONGLY ADVISED TO INVESTIGATE THE CONDITION AND SUITABILITY OF ALL ASPECTS OF THE PROPERTY, INCLUDING BUT NOT LIMIITED TO THE FOLLOWING. IF YOU DO NOT DO SO, YOU ARE ACTING AGAINST THE ADVICE OF BROKERS.**

   A. **GENERAL CONDITION OF THE PROPERTY, ITS SYSTEMS AND COMPONENTS:** Foundation, roof (condition, age, leaks, useful life), plumbing, heating, air conditioning, electrical, mechanical, security, pool/spa (cracks, leaks, operation), other structural and non-structural systems and components, fixtures, built-in appliances, any personal property included in the sale, and energy efficiency of the Property.

   B. **SQUARE FOOTAGE, AGE, BOUNDARIES:** Square footage, room dimensions, lot size, age of improvements and boundaries. Any numerical statements regarding these items are APPROXIMATIONS ONLY and have not been verified by Seller and cannot be verified by Brokers.  Fences, hedges, walls, retaining walls and other barriers or markers do not necessarily identify true Property boundaries.

   C. **WOOD DESTROYING PESTS:** Presence of, or conditions likely to lead to the presence of wood destroying pests and organisms.

   D. **SOIL STABILITY:** Existence of fill or compacted soil, expansive or contracting soil, susceptibility to slippage, settling or movement, and the adequacy of drainage.

   E. **WATER AND UTILITIES; WELL SYSTEMS AND COMPONENTS; WASTE DISPOSAL:** Water and utility availability, use restrictions and costs.  Water quality, adequacy, condition, and performance of well systems and components.  The type, size, adequacy, capacity and condition of sewer and septic systems and components, connection to sewer, and applicable fees.

   F. **ENVIRONMENTAL HAZARDS:** Potential environmental hazards, including, but not limited to, asbestos, lead-based paint and other lead contamination, radon, methane, other gases, fuel oil or chemical storage tanks, contaminated soil or water, hazardous waste, waste disposal sites, electromagnetic fields, nuclear sources, and other substances, materials, products, or conditions (including mold (airborne, toxic or otherwise), fungus or similar contaminants).

   G. **EARTHQUAKES AND FLOODING:** Susceptibility of the Property to earthquake/seismic hazards and propensity of the Property to flood.

   H. **FIRE, HAZARD, AND OTHER INSURANCE:** The availability and cost of necessary or desired insurance may vary. The location of the Property in a seismic, flood or fire hazard zone, and other conditions, such as the age of the Property and the claims history of the Property and Buyer, may affect the availability and need for certain types of insurance. Buyer should explore insurance options early as this information may affect other decisions, including the removal of loan and inspection contingencies.

   I. **BUILDING PERMITS, ZONING, GOVERNMENTAL REQUIREMENTS, AND ADDRESS:** Permits, inspections, certificates, zoning, other governmental limitations, restrictions, and requirements affecting the current or future use of the Property, its development or size.  Postal/mailing address and zip code may not accurately reflect the city which has jurisdiction over the property.

   J. **RENTAL PROPERTY RESTRICTIONS:** The State, some counties, and some cities impose restrictions that limit the amount of rent that can be charged, the maximum number of occupants, and the right of a landlord to terminate a tenancy.  Deadbolt or other locks and security systems for doors and windows, including window bars, should be examined to determine whether they satisfy legal requirements.

   K. **SECURITY AND SAFETY:** State and local Law may require the installation of barriers, access alarms, self-latching mechanisms and/or other measures to decrease the risk to children and other persons of existing swimming pools and hot tubs, as well as various fire safety and other measures concerning other features of the Property.

© 2021, California Association of REALTORS®, Inc.

**BIA REVISED 12/21 (PAGE 1 OF 2)**



EQUAL HOUSING
OPPORTUNITY

Real Estate Resolved, 2138 Bonita Ave, Ste B, La Verne, CA 91750-4915          Phone:  (909) 227-4196          Fax:
Lori Alvarez

**BUYER'S INVESTIGATION ADVISORY (BIA PAGE 1 OF 2)**

Docusign Envelope ID: B791A8E7-E096-41A4-A692-80FD952988F6

**L. NEIGHBORHOOD, AREA, SUBDIVISION CONDITIONS; PERSONAL FACTORS:** Neighborhood or area conditions, including schools, law enforcement, crime statistics, registered felons or offenders, fire protection, other government services, availability, adequacy and cost of  internet connections or other technology services and installations,  commercial, industrial or agricultural activities, existing and proposed transportation, construction and development that may affect noise, view, or traffic, airport noise, noise or odor from any source, wild and domestic animals, other nuisances, hazards, or circumstances, protected species, wetland properties, botanical diseases, historic or other governmentally protected sites or improvements, cemeteries, facilities and condition of common areas of common interest subdivisions, and possible lack of compliance with any governing documents or Homeowners' Association requirements, conditions and influences of significance to certain cultures and/or religions, and personal needs, requirements and preferences of Buyer.

**By signing below, Buyers acknowledge that they have read, understand, accept and have received a Copy of this Advisory. Buyers are encouraged to read it carefully.**

Buyer _Gregory Peplin_____ Date 3/19/2025 | 3:45 PM PDT

Buyer _____ Date _____

© 2021, California Association of REALTORS®, Inc. United States copyright law (Title 17 U.S. Code) forbids the unauthorized distribution, display and reproduction of this form, or any portion thereof, by photocopy machine or any other means, including facsimile or computerized formats.  THIS FORM HAS BEEN APPROVED BY THE CALIFORNIA ASSOCIATION OF REALTORS®. NO REPRESENTATION IS MADE AS TO THE LEGAL VALIDITY OR ACCURACY OF ANY PROVISION IN ANY SPECIFIC TRANSACTION. A REAL ESTATE BROKER IS THE PERSON QUALIFIED TO ADVISE ON REAL ESTATE TRANSACTIONS. IF YOU DESIRE LEGAL OR TAX ADVICE, CONSULT AN APPROPRIATE PROFESSIONAL.  This form is made available to real estate professionals through an agreement with or purchase from the California Association of REALTORS®.  It is not intended to identify the user as a REALTOR®.  REALTOR® is a registered collective membership mark which may be used only by members of the NATIONAL ASSOCIATION OF REALTORS® who subscribe to its Code of Ethics.

R  L   Published and Distributed by:
E  L   REAL ESTATE BUSINESS SERVICES, LLC.
B      a subsidiary of the CALIFORNIA ASSOCIATION OF REALTORS®
S  C   525 South Virgil Avenue, Los Angeles, California 90020



**BIA REVISED 12/21 (PAGE 2 OF 2)**

**BUYER'S INVESTIGATION ADVISORY (BIA PAGE 2 OF 2)**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 2818 La Cienega Avenue, Los Angeles, CA 90034.

A true and correct copy of the foregoing document entitled **SUPPLEMENTAL DECLARATION OF GREGORY A. PEPLIN RE COURT'S ORDER VACATING MARCH 4, 2025 AUCTION RESULTS AND RE-SETTING AUCTION FOR MARCH 27, 2025 (DOCKET NO. 569)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.   TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **March 20, 2025**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Bradford Barnhardt    bbarnhardt@marshackhays.com, bbarnhardt@ecf.courtdrive.com,alinares@ecf.courtdrive.com
- Christopher L Blank    chris@chrisblanklaw.com
- Aaron E. De Leest    adeleest@marshackhays.com, adeleest@marshackhays.com,alinares@ecf.courtdrive.com
- Robert P Goe    kmurphy@goeforlaw.com, rgoe@goeforlaw.com;goeforecf@gmail.com;Goe.RobertP.R@notify.bestcase.com;ajohnston@goeforlaw.com
- Jeffrey I Golden (TR)    lwerner@go2.law, jig@trustesolutions.net;kadele@go2.law;C205@ecfcbis.com
- D Edward Hays    ehays@marshackhays.com, ehays@ecf.courtdrive.com;alinares@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendoza@ecf.courtdrive.com
- Brandon J. Iskander    biskander@goeforlaw.com, kmurphy@goeforlaw.com
- Eric P Israel    epi@lnbyg.com, danninggill@gmail.com;eisrael@ecf.inforuptcy.com
- Shantal Malmed    shantal.malmed@gmlaw.com, cheryl.caldwell@gmlaw.com
- Shantal Malmed    , cheryl.caldwell@gmlaw.com
- Mark A Mellor    mail@mellorlawfirm.com, mellormr79158@notify.bestcase.com
- Laila Rais    lmasud@marshackhays.com, lmasud@ecf.courtdrive.com;lbuchanan@marshackhays.com;alinares@ecf.courtdrive.com
- Valerie Smith    claims@recoverycorp.com
- United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov

**2.  SERVED BY UNITED STATES MAIL**: On **March 20, 2025**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☒  Service information continued on attached page

**3.   SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **March 20, 2025**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                            **F 9013-3.1.PROOF.SERVICE**

1  None.

2  I declare under penalty of perjury under the laws of the United States of America that the foregoing is
   true and correct.

3

   March 20, 2025              D. Woo                      /s/ D. Woo
4  _Date_                      _Type Name_                 _Signature_

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                            **F 9013-3.1.PROOF.SERVICE**

Label Matrix for local noticing
0973-8
Case 8:21-bk-11710-SC
Central District of California
Santa Ana
Thu Mar 20 14:12:38 PDT 2025

Christopher L. Blank, Attorney at Law, PC
2973 Harbor Blvd
Box 506
COSTA MESA, CA 92626-3912

Coldwell Banker Realty
840 Newport Center Dr Ste 100
Newport Beach, CA  92660-6377

Houser Bros. Co. dba Rancho Del Rey Mobile H
c/o Marshack Hays LLP
870 Roosevelt
Irvine, CA 92620-3663

Levene Neale Bender Yoo & Golubchik L.L.P.
2818 La Cienega Ave
Los Angeles, CA 90034-2618

Santa Ana Division
411 West Fourth Street, Suite 2030,
Santa Ana, CA 92701-4500

16222 MONTEREY LANE UNIT 376
HUNTINGTON BEACH, CA 92649-2258

Association of Flight Attendants
625 No. River Road Ste. 4020
Rosemont, IL. 60018

BS Investors
Robert P. Warmington C/o
Gorden May Grant, Genovese & Baratta
2030 Main St. Ste. 1600
Irvine, CA 92614

County of Orange
P.O. Box 4515
Santa Ana CA 92702-4515

County of Orange Treasurer-Tax Collector
P.O. Box 4515
Santa Ana CA 92702-4515

Danning, Gill, Israel & Krasnoff, LLP
1901 Ave of The Stars, Ste 450
Los Angeles CA 90067-6006

David R. Flyer
4120 Birch St. Ste. 101,
Newport Beach, CA 92660-2228

FRANCHISE TAX BOARD
BANKRUPTCY SECTION MS A340
PO BOX 2952
SACRAMENTO CA 95812-2952

Feldsott & Lee
23161 Mill Creek Drive Ste 300
Laguna Hills, CA 92653-7907

Frank Satalino
19 Velarde Ct.
Rancho Santa Margarita, CA 92688-8502

Gordon Rees Scully & Mansukhani
5 Park Plaza Ste. 1100
Irvine, CA 92614-8502

Gordon Rees Scully & Mansukhani
633 W 5th Street, 52nd Floor
Los Angeles, CA 90071-2005

Houser Bros. Co.
DBA Rancho Del Rey Estates
16222 Monterey Ln
Huntington Beachr CA 92649-6214

Houser Bros. Co.dba Rancho Del
Rey Mobile Home Estates
17610 Beach Blvd Ste. 32
Huntington Beach, CA 92647-6876

Houser Brothers Co.
dba Rancho Del Rey Mobilehome Est.
17610 Beach Blvd. Ste. 32
Huntington Beach, CA 92647-6876

Huntington Beach Gables HOA
c/o Feldsott & Lee
23161 Mill Creek Dr. Ste. 300 Laguna
Hllls, CA 92653-7907

Huntington Beach Gables Homeowners Associati
Epstein, Grinnel & Howell, APC
10200 Willow Creek Rd Ste 100
San Diego CA 92131-1655

Huntington Harbor Village
16400 Saybrook
Huntington Beach, CA 92649-2277

Huntington Hobile Home Inv. LLC.
430 S. San Dimas Ave.
San Dimasa CA 91773-4045

Huntington Mobile Home Investments
16400 Saybrook Lane
Huntington Beach, CA 92649-2277

Huntington Mobile Home Investments LLC
1100 Newport Beach Blvd. Ste 1150
Newport Beach, CA 92560

Hyundai Capital America
PO BOX 269011
Plano, TX 75026-9011

Hyundal Capital America
PO BOX 269011
Plano, TX 75026-9011

Internal Revenue Service
PO Box 7346
Philadelphia, 19101-7346

Internal Revenue Service Insolvency
PO BOX 7346
Philadelphia, PA 19101-7346

J-Sandcastle Co., LLC

J-pad, LLC
21742 Anza Avenue
Torrance, CA 90503-6428


J-pad, LLC
2702 N Gaff Street
Orange, CA 92865-2417

James H Cosello
Casello & Lincoln,
525 N Cabrillo Park Dr. Ste 104
Santa Ana, CA 92701-5017

Jamie Lynn Gallian
16222 Monterey Ln #376
Huntington Beach, CA 92649-2258


Janine Jasso
16025 Warmington Lane
Huntington Beach, CA 92649-2278

(p)JANINE JASSO
PO BOX 370161
EL PASO TX 79937-0161

Janine Jasso
c/o Gordon Rees Scully &
Mansukhani
633 W 5th Street, 52nd Floor
Los Angeles, CA 90071-2005


Janine Jasso, Jennifer Paulin, Lori Burrett
c/o Goe Forsythe & Hodges LLP
17701 Cowan, Suite 210
Irvine, CA 92614-6840

Jennifer Ann Paulin
c/o Gordon Rees Scully &
Mansukhani
633 W 5th Street, 52nd Floor
Los Angeles, CA 90071-2005

Jennifer Paulin
4446 Alderport Dr.
Huntington Beach, CA 92649-2286


Kia Motors Finance
PO Box 20815
Fountain Valley, CA 92728-0815

Lee Gragnano
16062 Warmington Ave.
Huntington Beacha CA 92649-2285

Lee Gragrano
16062 Warmington Ave.
Huntington Beach, CA 92649-2285


Lee S. Gragnano
c/o Gordon Rees Scully &
Mansukhani
633 W 5th Street, 52nd Floor
Los Angeles, CA 90071-2005

Linda Jean ''Lindy'' Bec
c/o Gordon Rees Scully &
Mansukhani
633 W 5th Street, 52nd Floor
Los Angeles, CA 90071-2005

Lindy Beck
4443 Chase Dr.
Huntington Beach, CA 92649-2297


Lisa T. Ryan
20949 Lassen St. Apt 208
Chattsworth, CA 91311-4239

Lori Ann Burrett
c/o Gordon Rees Scully &
Mansukhani
633 W 5th Street, 52nd Floor
Los Angeles, CA 90071-2005

Lori Burrett
16107 Harmington Lane
Huntington Beach, CA 92649-2281


Lori Burrett
16107 Sherlock Lane
Huntington Beach, CA 92649-2293

Mark A.Mellor Mellor Law Firm
c/o Randall Nickell
6800 Indiana Ave.
Riverside, CA 92506-4267

Michael S. Devereux
Wex Law
9171 Wilshire Blvd. Ste. 500
Beverly Hills, CA 90210-5530


Nationwide Reconveyance, LLC
c/o Feldsott & Lee
23161 Mill Creek Drive Ste 300
Laguna Hills, CA 92653-7908

Orange County Superior Court
c/o Feldsott & Lee
23161 Mill Creek Dr. Ste. 300
Laguna Hills, CA 92653-7907

Patricia Ryan
20949 Lassen St. Apt 208
Chattsworth, CA 91311-4239


People of the St of CA
8141 13th St
Westminster CA 92683-4576

Randall Nickel
11619 Inwood Drive,
Riverside, CA 92503-5000

Randall Nickell
4476 Alderport Dr.
Huntington Beach. CA 92649-2288

Randell Nickel
c/o Mark Mellor, Esq.
6800 Indiana Ave. Ste. 220
Riverside, CA 92506-4267

Randell Nickel
c/o Mark Mellor, Esq. Ste. 220 6800
Indiana Ave.
Riverside, CA 92506

Raquel Flyer-Dashner
4120 Birch St. Ste. 101,
Newport Beach, CA 92660-2228

Robert P. Warmington Co.
c/o BS Investors
18201 Von Karmen Ste. 450
Irvine, CA 92612-1195

Robert P. Warmington Co.
c/o BS Investors LP
18201 Von Karmen Ste. 450
Irvine, CA 92612-1195

Rutan & Tucker
18575 Jamboree Rd 9th Fl
Irvine CA 92612-2559

S4 A California Limited Partnership
1001 Cove St Ste 230
Newport Beach CA 92660

Sandra L. Bradley
18 Meadowwood
Coto De Caza, CA 92679-4738

Sardra Bradley
18 Meadow Hood
Coto De Caza, CA 92679-4738

Stanley Feldsott: Esq
Feldsott & Lee
23161 Mill Creek Drive
Laguna Hills, CA 92653-7907

Steven A. Fink
13 Corporate Plaza Ste. 150
Newport Beach, CA 92660-7919

Superior Court of CA
County of Orange
711 Civic Center Dr West
Santa Ana CA 92701-3907

Superior Default Services Inc
c/o Feldsott & Lee
23161 Mill Creek Drive Ste 300
Laguna Hills, CA 92653-7908

Suzanne Tague
Ross Wolcott, Teinert, Prout
3151 Airway Ave. S-1
Costa Mesa, CA 92626-4607

Ted Phillips
17162 Sandra Lee
Huntington Beach, CA 92649

Ted Phillips
17912 Sandra Lee
Huntington Beach, CA 92649

The Huntington Beach Gables
Homeowners Association
c/o Epsten Grinnell & Howell APC
10200 Willow Creek Road, Ste 100
San Diego, CA 92131-1669

The Huntington Beach Gables
Homeowners Association
c/o Epsten Grinnell & Howell,
APC 10200 Willow Creek Road,
Ste 100
San Diego, CA 92131

The Huntington Beach Gables Homeowners Assoc
c/o Goe Forsythe & Hodges LLP
18101 Von Karman Ave, Suite 1200
Irvine, CA 92612-7119

Theodore Phillips
17612 Sandea Lee
Huntington Beach CA 92649

Theodore R ''Ted'' Phill
c/o Gordon Rees Scully &
Mansukhani
633 W 5th Street, 52nd Floor
Los Angeles, CA 90071-2005

(p)US BANK
PO BOX 5229
CINCINNATI OH 45201-5229

United Airlines
233 S. Hacker Dr.
Chicago, IL 60606-6462

United Airlines
P.O. Box 0675
Carol Stream, 60132-0675

United States Trustee (SA)
411 W Fourth St., Suite 7160
Santa Ana, CA 92701-4500

Vivienne J Alston
Alston, Alston & Diebold
27201 Puerta Real Ste 300
Mission Viejo, CA 92691-7359

qennifer Paulin
4446 Alderport Dr.
Huntington Beach, CA 92649-2286

zanine Jasso
16025 Harmington Lane
Huntington Beacha CA 92649-2278

Christopher L Blank
Christopher L Blank, Esq
2973 Harbor Blvd #506
92626
Costa Mesa, CA 92626-3912

Greg Bingham
Coldwell Banker Residential
840 Newport Center Dr Ste 100
Newport Beach, CA 92660-6377

Jamie Lynn Gallian
16222 Monterey Ln Unit 376
Huntington Beach, CA 92649-2258

Jeffrey I Golden (TR)
Golden Goodrich LLP
3070 Bristol Street, Suite 640
Costa Mesa, CA 92626-3067

William Friedman
Coldwell Banker Realty
840 Newport Center Dr Ste 100
Newport Beach, CA 92660-6377

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Janine Jasso
P.O. Box 370161
El Paso, TX 79937

US Bank
P O Box 5229
Cincinnati OH 45201-5229

(d)US Bank NA
PO Box 64799
Saint Paul, MN 55164

(d)Janine Jasso
PO Box 370161
El Paso, CA 79937

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Courtesy NEF

(u)The Huntington Beach Gables Homeowners Ass

(u)Michael Chulak-tunknown)
Mchulak@MTcLaw.com

(d)People of the St of CA
8141 13th Street
Westminster, CA 92683-4576

End of Label Matrix
Mailable recipients    92
Bypassed recipients     4
Total                  96