CHRISTOPHER L. BLANK (SBN 115450)
CHRISTOPHER L. BLANK, ATTORNEY AT LAW, PC
2973 Harbor Blvd. #506
Costa Mesa, CA 92626
Telephone:    (949) 250-4600
Email:        chris@chrisblanklaw.com

Attorney for Debtor Jamie Lynn Gallian

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| In Re | ) BK Case No. 8:21-bk-11710-SC |
|  | ) |
|  | ) Chapter 7 |
|  | ) |
| JAMIE LYNN GALLIAN | ) DEBTOR'S COMPENDIUM OF OUT OF |
|  | ) CIRCUIT CASES RE TRUSTEE'S SALE |
|  | ) MOTION |
| Debtor. | ) |
|  | ) Date:  March 27, 2025 |
|  | ) Time:  11:00 AM |
|  | ) Ctrm: 5C Virtual |
|  | ) |
|  | ) |
|  | ) |

TO THE COURT AND INTERESTED PARTIES: Debtor Jamie Lynn Gallian hereby offers this Compendium of Out of Circuit Case Pertinent to the Trustee's Sale Motion.  The Cases are:

*In re Traverse*, 753 F.3d 19 (1st Cir. 2014) and

*In re Carmichael*, 439 B.R. 884 (Bankr. D. Kan. 2010).

These cases did not come to the undersigned counsel's attention until today; however, because of their close factual similarity to the case at bar and the significance of their holdings, counsel is providing them to the Court and counsel for whatever benefit they might provide.

/////

/////

1

Dated:  March 25, 2025

CHRISTOPHER L. BLANK, ATTORNEY
AT LAW, PC

By:  __/S/*Christopher L. Blank*_____
　　　 Christopher L. Blank, Attorney for Debtor
　　　 Jamie Lynn Gallian

KeyCite Yellow Flag - Negative Treatment

Declined to Extend by Rivera Mercado, 1st Cir.BAP (P.R.), April 17, 2019

753 F.3d 19
United States Court of Appeals, First Circuit.

In re Virginia A. TRAVERSE, Debtor.
Mark G. DeGiacomo, Chapter 7 Trustee for the
Estate of Virginia A. Traverse, Appellee,
v.
Virginia A. Traverse, Appellant.

No. 13–9002
|
May 23, 2014.

**Synopsis**

**Background:** Chapter 7 trustee filed adversary complaint, seeking to avoid assignee's unrecorded first mortgage on debtor's home and to preserve the mortgage lien for the benefit of the bankruptcy estate. Debtor filed counterclaim, seeking declaration that, even should trustee successfully avoid and preserve mortgage lien, he could not sell home without first foreclosing mortgage in accordance with state law. Trustee moved for summary judgment on his claims and on debtor's counterclaim. The United States Bankruptcy Court for the District of Massachusetts, William C. Hillman, J., granted the motion, and debtor appealed. The Bankruptcy Appellate Panel, Haines, J., 485 B.R. 815, affirmed. Debtor appealed.

**[Holding:]** The Court of Appeals, Howard, Circuit Judge, held that trustee's powers of sale did not justify selling debtor's home where no equity remained for estate beyond senior claims of secured creditors and debtor's own exempt interest.

Reversed and remanded.

**Procedural Posture(s):** On Appeal; Motion for Summary Judgment.

West Headnotes (26)

**[1]** **Bankruptcy** 🔑 Scope of review in general
**Bankruptcy** 🔑 Conclusions of law; de novo review
**Bankruptcy** 🔑 Clear error

On appeal from the Bankruptcy Appellate Panel, the Court of Appeals trains its analysis on the underlying bankruptcy court decision, reviewing factual findings for clear error and conclusions of law de novo.

2 Cases that cite this headnote

**[2]** **Bankruptcy** 🔑 Conclusions of law; de novo review
**Bankruptcy** 🔑 Review of Appellate Panel

Under the de novo standard, the Court of Appeals does not defer to the bankruptcy court's ruling, but considers the matter anew as though no decision were rendered below; neither does the Court of Appeals cede any deference to the conclusions of the Bankruptcy Appellate Panel.

1 Case that cites this headnote

**[3]** **Bankruptcy** 🔑 Legal or equitable interests in general

All of the debtor's legal and equitable interests in property at the time of her bankruptcy petition automatically become the property of the bankruptcy estate. 11 U.S.C.A. § 541(a)(1).

1 Case that cites this headnote

**[4]** **Homestead** 🔑 Acquisition and selection of property in general

**In re Traverse, 753 F.3d 19 (2014)**

Bankr. L. Rep. P 82,648

**Homestead** ⚷ **Value**

Under the Massachusetts Homestead Act, a debtor may claim an interest of up to $500,000 in a home being used by the debtor as her principal residence. M.G.L.A. c. 188, §§ 1, 3(b).

More cases on this issue

[5]   **Bankruptcy** ⚷ **Application of Proceeds**
**Bankruptcy** ⚷ **Mortgages**
**Homestead** ⚷ **Proceeds of Homestead**

Under the Massachusetts Homestead Act, when a debtor declares a property as her homestead, proceeds realized from the sale of that property must be used first to pay off any secured claims and subsequently to satisfy the debtor's claimed exemption before, at last, being turned over to her bankruptcy estate. 11 U.S.C.A. § 522; M.G.L.A. c. 188, §§ 1, 3(b).

More cases on this issue

[6]   **Bankruptcy** ⚷ **Operation and effect**
**Bankruptcy** ⚷ **Sale or Assignment of Property**

A bankruptcy trustee is not empowered to sell exempted interests because a debtor's exempted property interests are effectively removed from the estate. 11 U.S.C.A. §§ 363, 522.

2 Cases that cite this headnote

[7]   **Bankruptcy** ⚷ **Encumbered property; limited or joint interests**

A bankruptcy trustee ordinarily does not sell property solely for the benefit of secured

creditors. 11 U.S.C.A. § 363.

3 Cases that cite this headnote

[8]   **Bankruptcy** ⚷ **Property pledged or encumbered; redemption rights**
**Bankruptcy** ⚷ **Operation and effect**
**Bankruptcy** ⚷ **Encumbered property; limited or joint interests**

Where a debtor claims a homestead exemption in her home, a bankruptcy trustee will typically sell the home only where its value exceeds both the mortgage liens on the property and the debtor's homestead exemption; this excess benefit for the unsecured creditors, calculated as the value of the estate minus any secured claims and exemptions, represents the bankruptcy estate's remaining "equity" in the property. 11 U.S.C.A. § 363.

9 Cases that cite this headnote

[9]   **Bankruptcy** ⚷ **Encumbered property; limited or joint interests**

Where a property fails to yield any remaining equity for the bankruptcy estate beyond the value of its secured encumbrances and the debtor's homestead exemption, a trustee generally should not sell the home, but should leave the secured creditors to their own legal means of recovering their claims.

4 Cases that cite this headnote

[10]   **Bankruptcy** ⚷ **Property pledged or encumbered; redemption rights**
**Bankruptcy** ⚷ **Mortgages and pledges**
**Mortgages and Deeds of Trust** ⚷ **Power and**

In re Traverse, 753 F.3d 19 (2014)

Bankr. L. Rep. P 82,648

Right to Foreclose;  Grounds
**Mortgages and Deeds of Trust**←Default or
Breach of Condition

If a debtor continues to satisfy her contractual
obligations to the benefit of the creditor, the
mortgagee has no grounds to foreclose and the
debtor may retain her home through the
bankruptcy proceedings.

[11]  **Bankruptcy**←Preservation of lien for benefit of
estate
**Bankruptcy**←Operation and effect
**Bankruptcy**←Encumbered property;  limited or
joint interests

Trustee's powers of sale did not justify selling
debtor's home where no equity remained for
estate beyond senior claims of secured creditors
and debtor's own exempt interest; although
trustee avoided and preserved creditor's
mortgage for benefit of bankruptcy estate, and
inherited standing of secured creditor, preserved
mortgage could not double as unsecured equity
to trigger trustee's sale powers to capture
proceeds of sale for estate up to amount of
security interest where debtor was current on all
mortgage payments. 11 U.S.C.A. §§ 363, 522,
544, 551; M.G.L.A. c. 188, §§ 1, 3(b).

7 Cases that cite this headnote

[12]  **Bankruptcy**←Core or related proceedings

Trustee's complaint which arose out of his
avoidance and preservation strong-arm powers,
and debtor's counterclaim disputing bankruptcy
estate's rights to her real property, stemmed
directly from debtor's bankruptcy filing, as
required for bankruptcy court to exercise
jurisdiction in entering final order on all claims.
11 U.S.C.A. §§ 551, 554.

[13]  **Bankruptcy**←Liens and security interests in
general
**Bankruptcy**←Trustee as representative of
debtor or creditors
**Bankruptcy**←Preservation of lien for benefit of
estate

Where a creditor has an unperfected lien on a
debtor's property, the Bankruptcy Code
empowers a trustee to avoid and preserve the
lien for the benefit of the estate. 11 U.S.C.A. §§
544, 551.

12 Cases that cite this headnote

[14]  **Bankruptcy**←Security Interests in General
**Bankruptcy**←Bona fide purchasers and rights
thereof

A bankruptcy trustee's right of avoidance vests
the trustee with the powers of a bona fide
purchaser of real property for value, and allows
the trustee to invalidate unperfected security
interests. 11 U.S.C.A. § 544.

3 Cases that cite this headnote

[15]  **Bankruptcy**←Preservation of lien for benefit of
estate

A bankruptcy trustee's right of preservation
automatically preserves the benefit of the
avoided interest for the estate by putting the
estate in the shoes of the creditor whose lien is
avoided. 11 U.S.C.A. § 551.

9 Cases that cite this headnote

In re Traverse, 753 F.3d 19 (2014)

Bankr. L. Rep. P 82,648

---

[16]  **Bankruptcy**⟶Liens and security interests in general
**Bankruptcy**⟶Trustee as representative of debtor or creditors

A bankruptcy trustee may eliminate unperfected liens on a debtor's property and subsequently apply the value represented by those liens to the general estate, bypassing any junior lienholders, to benefit unsecured creditors. 11 U.S.C.A. §§ 544, 551.

3 Cases that cite this headnote

---

[17]  **Bankruptcy**⟶Reaffirmation

A debtor who remains current on her loan payments must also enter into a valid reaffirmation agreement in order to prevent a mortgagee from foreclosing on its security interest after she has filed for bankruptcy. 11 U.S.C.A. § 524(c).

---

[18]  **Bankruptcy**⟶Preservation of lien for benefit of estate

Preservation through a bankruptcy trustee's strong-arm powers may give the bankruptcy estate an exclusive interest in an avoided lien, but it does not give the estate any current ownership interest in the underlying asset. 11 U.S.C.A. §§ 544, 551.

3 Cases that cite this headnote

---

[19]  **Bankruptcy**⟶Trustee as representative of debtor or creditors

**Bankruptcy**⟶Preservation of lien for benefit of estate
**Bankruptcy**⟶Sale or Assignment of Property

Avoidance and preservation through a bankruptcy trustee's strong-arm powers empower a bankruptcy trustee to sell a newly avoided mortgage as property of the estate, but if the underlying property has been exempted and withdrawn from the "property of the estate," the preservation of a mortgage does not resurrect the trustee's powers over that property itself. 11 U.S.C.A. §§ 363, 544, 551.

8 Cases that cite this headnote

---

[20]  **Bankruptcy**⟶Operation and effect
**Bankruptcy**⟶Sale or Assignment of Property

A debtor's exemption cannot prevent a bankruptcy trustee from selling the underlying asset when that asset's value surpasses the exemption amount, and creates additional equity for the bankruptcy estate. 11 U.S.C.A. §§ 522, 363, 544, 551.

2 Cases that cite this headnote

---

[21]  **Homestead**⟶Construction of homestead laws in general

The established policy behind the Massachusetts homestead exemption favors preservation of the family home regardless of the householder's financial condition and inclines courts to construe the exemption liberally in favor of debtors. M.G.L.A. c. 188, §§ 1, 3(b).

---

[22]  **Bankruptcy**⟶Preservation of lien for benefit of

In re Traverse, 753 F.3d 19 (2014)

Bankr. L. Rep. P 82,648

estate
**Mortgages and Deeds of Trust**—Nature of
interest conveyed or created; title or lien

In itself, a mortgage carried neither a right of
immediate ownership of the property, nor a right
of immediate payment of the secured loan's
outstanding value, but only a right to foreclose
on the property in the event that debtor defaults
on her loan or to receive payment in full when
the home is sold through other means; that is the
extent of the rights gained by the estate through
the trustee's preservation through his strong-arm
powers. 11 U.S.C.A. § 551.

[23]    **Bankruptcy**—Preferences and fraudulent
conveyances; avoided transfers
**Bankruptcy**—Sale or Assignment of Property

To the extent that an avoided fraudulent or
post-petition transfer of a debtor's home allows
a bankruptcy trustee to sell the underlying
property, it does so precisely by permitting the
trustee to include the putatively transferred asset
in the estate: the home. 11 U.S.C.A. §§ 548,
549.

[24]    **Bankruptcy**—Trustee as representative of
debtor or creditors
**Bankruptcy**—Preservation of lien for benefit of
estate

The objective behind a bankruptcy trustee's
powers of avoidance and preservation is to
change the priority of creditors' claims to
property falling under a debtor's estate, boosting
the standing of unsecured creditors against both
illegitimate secured claims and junior secured
creditors. 11 U.S.C.A. §§ 544, 551.

2 Cases that cite this headnote

[25]    **Bankruptcy**—Trustee as representative of
debtor or creditors
**Bankruptcy**—Preservation of lien for benefit of
estate

Absent a separate agreement to the contrary,
avoidance and preservation of a security interest
do not entitle a bankruptcy trustee to payments
on the underlying debt.

[26]    **Bankruptcy**—Property pledged or encumbered;
redemption rights
**Bankruptcy**—Preservation of lien for benefit of
estate
**Bankruptcy**—Operation and effect
**Bankruptcy**—Sale or Assignment of Property

The preservation of a lien entitles a bankruptcy
estate to the full value of the preserved lien;
where this lien is an undefaulted mortgage on
otherwise exempted property, the trustee may
for the benefit of the estate enjoy the liquid
market value of that mortgage, claim the first
proceeds from a voluntary sale, or wait to
exercise the rights of a mortgagee in the event of
a default, but the trustee may not repurpose the
mortgage to transform otherwise exempted
assets, to which neither the estate nor the
original mortgagee boasted any ownership
rights, into the property of the bankruptcy estate.
11 U.S.C.A. §§ 363, 544, 551.

7 Cases that cite this headnote

**Attorneys and Law Firms**

**\*22** David G. Baker for appellant.

Tara Twomey, National Consumer Bankruptcy Rights
Center, and Ray DiGuiseppe on brief for the National

Association of Consumer Bankruptcy Attorneys, Amicus Curiae.

Mark G. DeGiacomo, with whom Keri L. Wintle and Murtha Cullina LLP were on brief, for appellee.

Before TORRUELLA, HOWARD, and KAYATTA, Circuit Judges.

**Opinion**

HOWARD, Circuit Judge.

This case requires us to explore the contours of a bankruptcy trustee's lien avoidance and preservation powers under 11 U.S.C. §§ 544 and 551 when a debtor's state-law homestead exemption has been invoked.

In 2005, six years before filing a petition for Chapter 7 bankruptcy, Virginia Traverse **\*23** secured a loan with a mortgage on her home. In the years before her bankruptcy and continuing since filing her petition, Traverse has remained current on all mortgage payments on the property. Because Traverse's home is subject to a homestead exemption under Massachusetts law, in these circumstances the Bankruptcy Code would ordinarily allow Traverse to pass through bankruptcy in possession of her home. Yet because Traverse's bank failed to record the mortgage with the appropriate registry, the bankruptcy trustee contends that his power to avoid and preserve the mortgage justifies him in selling Traverse's home as property of the bankruptcy estate. The bankruptcy judge and Bankruptcy Appellate Panel accepted the trustee's view. We reverse.

**I. Facts and Background**

Virginia A. Traverse resides in a home in Lynn, Massachusetts. She has been the title owner of the property since April 30, 1999, when she recorded her ownership with the Essex County South District Registry of Deeds. On July 11, 2005, Traverse executed a mortgage on the home in favor of Washington Mutual Bank to secure a loan of $200,000. On September 25, 2008, JP Morgan Chase acquired this mortgage as part of its blanket acquisition of Washington Mutual's assets. At no point did either mortgagee record the mortgage on Traverse's home with the Registry of Deeds. Meanwhile, in March of 2007, Traverse executed a second mortgage in favor of Citibank to secure a loan of $31,000, which Citibank recorded in due course. Traverse has kept

current on her mortgage payments to both JP Morgan and Citibank.

On August 14, 2011, Traverse filed a voluntary bankruptcy petition under Chapter 7 of the Bankruptcy Code. On her bankruptcy schedules, Traverse valued her home at $223,500.[1] She listed the remaining claim secured by JP Morgan's mortgage as $185,777.30 and the claim secured by Citibank's mortgage as $29,431.04. Finally, pursuant to the Massachusetts Homestead Act, Traverse claimed a homestead exemption in the property in the amount of $500,000. Traverse's homestead exemption, which Traverse had formally recorded in a Declaration of Homestead in January 2009, went unchallenged by any interested party.

On December 15, 2011, Mark D. DeGiacomo, acting as the Chapter 7 trustee of Traverse's bankruptcy estate, filed a complaint to avoid JP Morgan's unrecorded mortgage and to preserve it for the benefit of the estate. In response, Traverse filed a counterclaim seeking a declaratory judgment that, even if he preserved the mortgage, DeGiacomo could sell only the mortgage itself and not her underlying property. Traverse argued that because the trustee's preservation of JP Morgan's mortgage gave the estate only the rights of the original mortgagee, it created no right to sell her home until she defaulted on her payments and triggered the right of foreclosure. After DeGiacomo moved for summary judgment, the bankruptcy court granted summary judgment in his favor on all counts and the Bankruptcy Appellate Panel (BAP) affirmed. Both tribunals concluded that, having preserved JP Morgan's interest in Traverse's home for the bankruptcy estate, the trustee was entitled to sell the home in order to liquidate that interest. While not disputing **\*24** that Traverse's current mortgage payments prevented DeGiacomo from foreclosing on her home in his capacity as mortgagee, the bankruptcy court and the BAP concluded that DeGiacomo could nevertheless sell the home pursuant to his core powers as a trustee administering a debtor's property under the Bankruptcy Code.

Traverse now challenges that conclusion as a matter of law.

**II. Standard of Review**

[1] [2] On appeal from the BAP, we train our analysis on the underlying bankruptcy court decision, reviewing factual findings for clear error and conclusions of law de novo. In re Canning, 706 F.3d 64, 68–69 (1st Cir.2013).

In re Traverse, 753 F.3d 19 (2014)
Bankr. L. Rep. P 82,648

Under the *de novo* standard, we do not defer to the bankruptcy court's ruling, but consider the matter anew as though no decision were rendered below. *Id.* at 69. Neither do we cede any deference to the conclusions of the BAP. In re Hill, 562 F.3d 29, 32 (1st Cir.2009).

## III. Discussion

**[3] [4] [5]** Under § 541 of the Bankruptcy Code, all of the debtor's legal and equitable interests in property at the time of her bankruptcy petition automatically become the property of the bankruptcy estate. 11 U.S.C. § 541(a)(1); In re Barroso–Herrans, 524 F.3d 341, 344 (1st Cir.2008) ("When an individual files for bankruptcy, all of his property ... becomes property of the estate."). Nevertheless, § 522 of the Code allows a debtor to exempt certain property, based either on an enumerated list of federal exemptions or on any alternate exemptions provided by her state. *See* 11 U.S.C. § 522(b); In re Cunningham, 513 F.3d 318, 323 (1st Cir.2008); In re Hildebrandt, 320 B.R. 40, 43 (1st Cir. BAP 2005). Among the state exemptions incorporated by § 522 is the Massachusetts Homestead Act, which allows a debtor to claim an interest of up to $500,000 in a home being used by the debtor as her principal residence. In re Peirce, 483 B.R. 368, 376 (Bankr.D.Mass.2012); *see also* Mass. Gen. Laws ch. 188, § 1. The debtor's declared homestead exemption is insulated from conveyance, sale, or levy to help satisfy the debtor's debts in bankruptcy, with the exception of (as relevant here) a debt secured by a lien on the property, such as a mortgage. Mass. Gen. Laws ch. 188, § 3(b); In re Swift, 458 B.R. 8, 15 (Bankr.D.Mass.2011) ("[A] debtor's homestead exemption is not effective against a mortgagee where the mortgage in question was executed before the debtor recorded a declaration of homestead."). The final working of the scheme is that, when a debtor declares a property as her homestead, proceeds realized from the sale of that property must be used first to pay off any secured claims and subsequently to satisfy the debtor's claimed exemption before, at last, being turned over to her bankruptcy estate.

**[6] [7] [8]** A core power of a bankruptcy trustee under § 363(b) of the Code is the right to sell "property of the estate" for the benefit of a debtor's creditors. 11 U.S.C. § 363(b)(1) ("The trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate...."). Because a debtor's exempted property interests are effectively removed from the estate, however, *see* Owen v. Owen, 500 U.S. 305, 308, 111 S.Ct. 1833, 114 L.Ed.2d 521 (1991), § 363

not empower the trustee to sell exempted interests. *In re Carmichael,* 439 B.R. 884, 890 (Bankr.D.Kan.2010) ("[W]here the debtor's interest is exempted, the estate no longer has an interest that it may sell." (quoting Collier on Bankruptcy ¶ 363.08[3] (16th ed.2012))); *see also* **\*25** *In re Parker,* 142 B.R. 327, 330 (Bankr.W.D.Ark.1992) ("The trustee abandons property of the estate in a chapter 7 case usually because there is no equity in the property or the property is exempt."). Nor does a bankruptcy trustee ordinarily sell property solely for the benefit of secured creditors. *See* In re Scimeca Found., Inc., 497 B.R. 753, 781 (Bankr.E.D.Pa.2013) ("[A] bankruptcy trustee should not liquidate fully encumbered assets, for such action yields no benefit to unsecured creditors."); Collier on Bankruptcy ¶ 725.01 ("It is not the proper function of the trustee to liquidate property solely for the benefit of secured creditors.").[2] Consequently, where a debtor claims a homestead exemption in her home, a trustee will typically sell the home only where its value exceeds both the mortgage liens on the property and the debtor's homestead exemption. In re Ellerstein, 105 B.R. 214, 216 (Bankr.W.D.N.Y.1989) ("[Where] [t]he debtors' interest is subject to a mortgage ... and the debtors' equity is significantly more than the amount of the homestead exemption ... the trustee would sell the property...."); In re Early, Bankr. No. 05–01354, 2008 WL 2569408, at \*3 (Bankr.D.D.C. June 23, 2008) ("[I]f the amount of the debtor's exemption was less than the value of the property, ... a trustee is free to sell the property," so long as she "distribute[s] the proceeds first to the debtor in payment of the debtor's claimed exemption...."). This excess benefit for the unsecured creditors, calculated as the value of the estate minus any secured claims and exemptions, represents the bankruptcy estate's remaining "equity" in the property. In re Hyman, 123 B.R. 342, 344 (9th Cir. BAP 1991), *aff'd,* 967 F.2d 1316 (9th Cir.1992) ("[T]he equity available for the estate would be any amount exceeding ... encumbrances ... plus the homestead exemption...."); In re McKeever, 132 B.R. 996, 999 (Bankr.N.D.Ill.1991) (defining the estate's "equity" as that "which would be left for unsecured creditors after payment of secured claims and the debtors' homestead exemption").

**[9] [10]** Where, on the other hand, a property fails to yield any remaining equity for the estate beyond the value of its secured encumbrances and the debtor's homestead exemption, a trustee generally should not sell the home, but should leave the secured creditors to their own legal means of recovering their claims. *See* Scimeca Found., 497 B.R. at 781 ("[I]t is appropriate for a chapter 7 bankruptcy trustee to ... allow the secured creditors to exercise their right to recover possession of their collateral."). This is because, by definition, "[a] secured

creditor can protect its own interests in the collateral subject to the security interest." U.S. Department of Justice, Executive Office for United States Trustees, Handbook for Chapter 7 Trustees at 8–20 (2002). If a debtor defaults on her mortgage payments, the secured creditor's options include its contractual right to foreclose on the debtor's home. If, however, a debtor continues to satisfy her contractual obligations to the benefit of the creditor, the mortgagee has no grounds to foreclose and the debtor may retain her home through the bankruptcy proceedings. *See Ellerstein,* 105 B.R. at 216 ("[If] [t]he debtors' home is subject to a mortgage which is not in default and the debtors' equity is less than the properly claimed homestead exemption **\*26** ... the trustee would abandon the interest and the debtors would retain the home.").

[11] Traverse's homestead exemption leaves no residual equity for her unsecured creditors, and her lack of default on her monthly payments precludes both Citibank and JP Morgan from foreclosing on her property. There is consequently no dispute that, if Traverse's mortgages remained with their respective banks, the foregoing analysis would dispose of the case: the bankruptcy trustee would have no claim to sell Traverse's property and Traverse would retain possession of her home. Indeed, this appears to be the trustee's precise position with regard to Citibank's second mortgage. In the case of JP Morgan, however, the trustee notes a further wrinkle: neither Washington Mutual nor JP Morgan perfected the first mortgage on Traverse's home by recording the lien with the Registry of Deeds.

[12] [13] [14] [15] [16] Where a creditor has an unperfected lien on a debtor's property, the Bankruptcy Code empowers a trustee to avoid and preserve the lien for the benefit of the estate. The trustee exercises this power through two strong-arm provisions. First, the trustee's right of avoidance under 11 U.S.C. § 544 "vests the trustee with the powers of a bona fide purchaser of real property for value, and allows the trustee to invalidate unperfected security interests." *In re Sullivan,* 387 B.R. 353, 357 (1st Cir. BAP 2008). Second, his right of preservation under 11 U.S.C. § 551 automatically preserves the benefit of the avoided interest for the estate by "put[ting] the estate in the shoes of the creditor whose lien is avoided." *In re Carvell,* 222 B.R. 178, 180 (1st Cir. BAP 1998). Together, these provisions benefit the unsecured creditors by allowing the trustee to eliminate unperfected liens on a debtor's property and subsequently to apply the value represented by those liens to the general estate, bypassing any junior lienholders. *See In re French,* 440 F.3d 145, 154 (4th Cir.2006) ("[T]he Code's avoidance provisions protect creditors by preserving the bankruptcy estate

against illegitimate depletions."); *In re Nistad,* Bankr. No. 10–17453, 2012 WL 272750, at \*5 (Bankr.D.Mass. Jan. 30, 2012) ("The purpose of 11 U.S.C. § 551 is to allow a trustee to preserve the avoided interest for the estate so that junior interest holders do not benefit from the avoidance to the detriment of the estate and its creditors."). In this case, the trustee exercised his strong-arm powers to avoid and preserve JP Morgan's mortgage on Traverse's home.[3] He now argues that, by preserving the mortgage lien, he may sell the property that is subject to the lien in order to realize the value of the mortgage for the bankruptcy estate.

**\*27** [17] Before addressing the trustee's argument, it is important to clarify what the trustee does not argue. First, he does not suggest that his preservation of JP Morgan's mortgage empowers him to sell Traverse's home in his position as mortgagee. Nor could he, since Traverse correctly notes that her current payments on her mortgage insulate her property from foreclosure.[4] Rather, the trustee suggests that, even in the absence of default, his preservation of the mortgage has given the bankruptcy estate an equity interest in the home that triggers his core power of sale as bankruptcy trustee.

Second, the trustee does not argue that the preserved mortgage freed up equity in Traverse's home for the bankruptcy estate by eliminating a secured debt to be satisfied before the home's value can begin accruing to unsecured creditors. Nor, again, could he do so, because Traverse's unchallenged exemption of $500,000 swallows the full $223,500 value of her home regardless of whether the sale's proceeds are first used to satisfy the $185,777.30 mortgage claim. Rather, the trustee insists that the preserved mortgage itself, as a senior lien on the home, has created equity in the home for the estate. He suggests, in short, that the preserved mortgage has turned some corresponding share of the home's value into the "property of the estate" to be liquidated through sale.

[18] [19] The trouble with the trustee's argument is that his preservation of an undefaulted mortgage on Traverse's home for the benefit of the bankruptcy estate is not co-extensive with an ownership right over the underlying property. Under § 551, the trustee preserves any liens or transfers avoided under § 544 by claiming those liens for the benefit of the estate, but he preserves the benefit of only that which has been avoided—in this case, the mortgage. "When the Trustee avoided the lien granted by Debtor ..., the avoided lien and only the avoided lien became property of the estate under § 541(a)(4)." *Carmichael,* 439 B.R. at 890; *cf. In re Haberman,* 516 F.3d 1207, 1208 (2008) ("[A] bankruptcy trustee who successfully avoids a lien pursuant to 11 U.S.C. §§ 544

and 551 preserves for the bankruptcy estate the value of the avoided lien....". Preservation gives the bankruptcy estate an exclusive interest in the avoided lien, but it does not give the estate any current ownership interest in the underlying asset. *See Early,* 2008 WL 2569408, at *3 ("[T]he only interest recovered via avoidance is the avoided lien, not an ownership interest in the property."). As far as the trustee's § 363 powers are concerned, avoidance and preservation thus empower the trustee to sell the newly avoided *mortgage* as property of the estate. But if the underlying property has been exempted and withdrawn from the "property of the estate" for the purposes of § 363, the preservation of a mortgage does not resurrect the trustee's § 363 powers over that property itself. *See* <mark>Carmichael,</mark> 439 B.R. at 890 ("The only property interest which the Trustee may sell under § 363(b) is the estate's one-half interest in the unperfected lien...."); **\*28** *In re Early,* Bankr. No. 05–01354, 2008 WL 2073917, at *4 (Bankr.D.D.C. May 12, 2008), *order amended and supplemented,* 2008 WL 2569408, at *4 ("[T]he avoided lien here does not give the trustee a right to sell the debtor's interest in the Property itself.").[5]

The trustee makes much of the Supreme Court's holding in *Schwab v. Reilly,* in which the Court held that exemptions claimed under the Code remove only a monetary "interest" in a debtor's asset, rather than the asset itself, from the property of the bankruptcy estate. 560 U.S. 770, 782, 130 S.Ct. 2652, 177 L.Ed.2d 234 (2010). Various courts have applied this same principle to state-created homestead exemptions, including that in Massachusetts. *See Peirce,* 483 B.R. at 376 ("Mass. Gen. Laws ch. 188 only protects the owner's interest in the home to the extent of the monetary exemption."); *In re Gebhart,* 621 F.3d 1206, 1210 (9th Cir.2010) ("The homestead exemptions available to the debtors ... do not permit the exemption of entire properties, but rather specific dollar amounts."). The trustee reasons that, if Traverse's home remains part of the bankruptcy estate despite Traverse's homestead exemption, he may dispose of it like any other property so long as he repays Traverse the value of her exemption from the proceeds.

[20]  [21]  As a preliminary matter, we note that the rule articulated in *Schwab* does not apply directly to this case. In each of the cases above, the debtor's exemption could not prevent the trustee from selling the underlying asset because that asset's value surpassed the exemption amount, creating additional equity for the bankruptcy estate. *Schwab,* 560 U.S. at 776, 130 S.Ct. 2652; *Peirce,* 483 B.R. at 376; *Gebhart,* 621 F.3d at 1210. By contrast, where a debtor's homestead exemption equals or surpasses the total value of her property, the bankruptcy court has construed the Massachusetts homestead exemption to protect the debtor's physical ownership of as well as her financial rights in her home. *Peirce,* 483 B.R. at 376 ("[S]o long as the available monetary exemption is greater than or equal to the value of that property, the owner's possessory and pecuniary interests are both fully protected."). This reading accords with the established policy behind the Massachusetts homestead exemption, which "favors preservation of the family home regardless of the householder's financial condition" and inclines courts to construe the exemption "liberally in favor of debtors." *Shamban v. Masidlover,* 429 Mass. 50, 705 N.E.2d 1136, 1138 (1999); *see also Hildebrandt,* 320 B.R. at 44 ("Homestead laws are designed to benefit the homestead declarant and his or her family by protecting the family residence from the claims of creditors." (internal quotation marks omitted)). We decline to depart from that practice today.

More to the point, neither *Schwab* nor its progeny address the precise legal question before us. The issue raised by this case is not whether Traverse's homestead exemption withdrew her home or merely the right to its proceeds from the property of the estate. The issue is whether a trustee's powers of sale under § 363 justify selling a debtor's asset where no equity remains for the estate beyond the senior claims of secured creditors and the debtor's own exempt interest. The distinction may best be illustrated by the fact that the issue facing us today could arise even if there were no homestead exemption involved. **\*29** Imagine, for example, a case in which a debtor fails to claim any homestead exemption, but the full value of her home falls short of her undefaulted mortgages on the property. In this scenario, even absent any debates about whether the debtor had withdrawn her home or merely an "interest" in her home from the bankruptcy estate, the trustee's § 363 powers would not justify selling the asset, because there would be no residual equity in the property for unsecured creditors. The trustee himself admits as much, as he acknowledges that he would not sell Traverse's home if both her mortgages remained with their banks—even though, under his own reading of *Schwab,* the home is technically "property" of the estate.

[22] The trustee suggests that his preservation of Traverse's first mortgage for the bankruptcy estate makes this case different. He insists that the preserved mortgage empowers him to sell Traverse's home because, with the bankruptcy estate now standing in the shoes of the secured lienholder, the sale would directly benefit the unsecured creditors. Just because the preserved mortgage entitles the estate to benefit from the sale of Traverse's property, however, does not mean that the trustee is by that fact empowered to sell the property so as to

immediately realize that benefit. In itself, a mortgage carries neither a right of immediate ownership of Traverse's property, nor a right of immediate payment of the secured loan's outstanding value, but only a right to foreclose on Traverse's property in the event that she defaults on her loan or to receive payment in full when the home is sold through other means. And that is the extent of the rights gained by the estate through the trustee's preservation. *See Haberman,* 516 F.3d at 1210 ("[T]he trustee, on behalf of the entire bankruptcy estate, in some sense steps into the shoes of the former lienholder, with the same rights in the collateralized property that the original lienholder enjoyed."); *Carvell,* 222 B.R. at 180 ("Preservation is just that. It simply puts the estate in the shoes of the creditor whose lien is avoided."). We make this observation not to revive the red herring argument that the trustee would need to exercise a mortgagee's power of foreclosure in order to sell Traverse's home; of course he could accomplish such a sale, when appropriate, simply in the exercise of his powers under § 363. We make the observation simply to clarify that, as far as the trustee's § 363 powers are concerned, the trustee may only sell "property of the estate," and the preserved mortgage in this case carries no immediate ownership rights that might be seen to turn Traverse's home into the property of the estate.

To put it another way, contrary to the trustee's assertions, just because the preserved mortgage promises the bankruptcy estate a benefit from the sale of Traverse's home does not mean that the preserved mortgage creates "equity" for the estate. Bankruptcy courts have defined the equity that justifies a sale of property, consistently and explicitly, in one way: the value remaining for unsecured creditors above any secured claims and the debtor's exemption. *See, e.g., Hyman,* 123 B.R. at 344; *In re White,* 409 B.R. 491, 495 (2009); *McKeever,* 132 B.R. at 999. It is this equity for unsecured creditors that authorizes a trustee to liquidate the property in the first place, as the trustee should not exercise his § 363 powers for the benefit of secured creditors alone. *See Scimeca Found.,* 497 B.R. at 781; U.S. Department of Justice, Executive Office for United States Trustees, Handbook for Chapter 7 Trustees at 8–20 (2002); Collier on Bankruptcy ¶ 725.01. Here, having avoided and preserved JP Morgan's mortgage for the benefit of the bankruptcy estate, the trustee **30 has inherited the standing of the secured creditor. *Haberman,* 516 F.3d at 1210; *In re Kors, Inc.,* 819 F.2d 19, 23 (2d Cir.1987); *Carvell,* 222 B.R. at 180. But he has not changed the status of the lien as a secured lien, to be subtracted from the value of the asset before any remaining equity may be calculated. In this sense, for the very reason that the preserved mortgage entitles the bankruptcy estate to any proceeds from

Traverse's property, as a senior secured claim overriding Traverse's claimed homestead exemption, it cannot double as the unsecured equity triggering the trustee's sale powers under § 363.

The trustee, in essence, would have the preserved mortgage function as both the senior secured interest that entitles the bankruptcy estate to derive value from Traverse's property ahead of junior lienholders *and* the unsecured equity interest that excuses him from leaving the secured creditors to satisfy their claims contractually.[6] Yet precisely because of their contractual means of protecting their interests, the bankruptcy scheme typically entrusts secured creditors such as mortgagees to vindicate their claims based on their privately negotiated terms. That in some cases a mortgagee will have no immediate means for claiming the value of its collateral—for example, when the mortgagor remains current on her mortgage payments pursuant to the contractual agreement—is not a flaw in the system, but rather reflects Congress's intent not to augment the mortgagee's rights over a compliant mortgagor simply because the mortgagor enters the world of bankruptcy. *Cf. Dewsnup v. Timm,* 502 U.S. 410, 418, 112 S.Ct. 773, 116 L.Ed.2d 903 (1992) (noting the rule, valid since the Bankruptcy Act of 1898, that "a lien on real property passe[s] through bankruptcy unaffected").[7]

**[23]** **[24]** Our holding today comports not only with the most coherent reading we can make of the trustee's powers under the Bankruptcy Code, but also with any sense of fairness on these facts. As noted above, there is no dispute that if Traverse's first mortgage remained with JP Morgan she would retain her home in these exact same circumstances. We see no reason why the trustee's preservation of the mortgage under § 551 should alter that result. The objective behind the trustee's powers of avoidance and preservation is to change the priority of creditors' claims to property falling under a debtor's estate, boosting the standing of unsecured creditors against both illegitimate secured claims and junior secured creditors. *See French,* 440 F.3d at 154; *Connelly v. Marine Midland Bank, N.A.,* 61 B.R. 748, 750 (W.D.N.Y.1986). It remains a mystery to us why a provision clearly aimed at regulating the distribution of a debtor's estate among her creditors should exacerbate the debtor's substantive obligations and vulnerabilities in bankruptcy. That is especially the case here, where the trustee's ability to preserve JP Morgan's mortgage derives exclusively from the failure of two banking corporations to perform due diligence **31 and record their mortgage on Traverse's home. To sanction the sale of the debtor's home in this case would be to punish an individual consumer for the administrative oversights of the banks.[8]

[25] [26] We affirm today the principle that the preservation of a lien entitles a bankruptcy estate to the full value of the preserved lien—no more and no less. Where this lien is an undefaulted mortgage on otherwise exempted property, the trustee may for the benefit of the estate enjoy the liquid market value of that mortgage, claim the first proceeds from a voluntary sale, or wait to exercise the rights of a mortgagee in the event of a default.[9] But the trustee may not repurpose the mortgage to transform otherwise exempted assets, to which neither the estate nor the original mortgagee boasted any ownership rights, into the property of the bankruptcy estate.

## IV. Conclusion

In the end, we see the matter differently than did the lower courts. Accordingly, we reverse the decision of the BAP and remand to that tribunal with directions to vacate the bankruptcy court's judgment and to remand the matter to the bankruptcy court for further proceedings consistent with this opinion.

## All Citations

753 F.3d 19, Bankr. L. Rep. P 82,648

## Footnotes

[1]    As of March 2012, the City of Lynn assessed Traverse's home as having a fair market value of $236,200. Because the approximate $13,000 dollar difference between these estimates does not change the legal analysis, the remainder of this opinion relies on Traverse's schedules.

[2]    The U.S. Department of Justice instructs that, "[g]enerally, a trustee should not sell property subject to a security interest unless the sale generates funds for the benefit of unsecured creditors." U.S. Department of Justice, Executive Office for United States Trustees, Handbook for Chapter 7 Trustees at 8–20 (2002).

[3]    In addition to objecting to the sale, Traverse also challenges the bankruptcy court's jurisdiction to enter a final order approving the trustee's avoidance and preservation in light of the Supreme Court's decision in *Stern v. Marshall,* ––– U.S. ––––, 131 S.Ct. 2594, 180 L.Ed.2d 475 (2011). Traverse suggests that *Stern* strips the bankruptcy court of jurisdiction because the trustee's complaint seeks to augment the bankruptcy estate and depends on Massachusetts state law.

Under *Stern,* a bankruptcy court's jurisdiction to enter final judgments is limited by Article III to issues in bankruptcy that "stem[ ] from the bankruptcy itself or would necessarily be resolved in the claims allowance process." *Id.* at 2618. Both the trustee's complaint in this case, arising out of his § 554 and § 551 powers, and Traverse's counterclaim, disputing the bankruptcy estate's rights to her real property, stem directly from Traverse's bankruptcy filing. The bankruptcy court correctly exercised jurisdiction in entering a final order on all claims.

[4]    Under 11 U.S.C. § 524(c), a debtor who remains current on her loan payments must also enter into a valid reaffirmation agreement in order to prevent a mortgagee from foreclosing on its security interest after she has filed for bankruptcy. *Id.; see also In re Golladay,* 391 B.R. 417, 421 (Bankr.C.D.Ill.2008). Although the record does not reveal whether Traverse properly reaffirmed her mortgage, because the trustee makes no claims to Traverse's property based on his position as mortgagee we find no reason to challenge her reaffirmation in this case.

[5]    Although the bankruptcy court in *Early* ultimately concluded that the issue of the trustee's power of sale was not

ripe before it, withdrawing without repudiating its observations on the matter, *see* 2008 WL 2569408, at *3, we believe that the court's reasoning is precisely on point.

[6]    The secured creditors' contractual remedies would, of course, be subject to any lien enforcement procedures set by statute.

[7]    Our analysis here is limited to a trustee's attempts to benefit unsecured creditors by avoiding a security interest on fully exempt property, selling that property, and then capturing the proceeds of the sale for the estate up to the amount of the security interest. We do not decide whether a trustee may sell fully-secured property to benefit the estate in other scenarios, for example, when selling secured property as part of a package with unsecured property would increase the value of the unsecured property itself. *See* Handbook for Chapter 7 Trustees at 8–20.

[8]    We note that, in general, our interpretation enhances predictability and lower transaction costs. Under the trustee's view, without first paying to confirm the perfection of the mortgage, no homeowner contemplating bankruptcy could predict whether the family will lose its residence merely because of a quirk in the bank's practices that no one could view as adverse to the debtor.

We also note that, to be sure, a bankruptcy trustee's avoidance powers extend to far less blameless and sympathetic scenarios, such as avoidance of fraudulent transfers under 11 U.S.C. § 548 or post-petition transfers under 11 U.S.C. § 549. None of these other circumstances is implicated by our opinion, however, in that none of them overrides a debtor's homestead exemption under § 522. Furthermore, to the extent that an avoided fraudulent or post-petition transfer of a debtor's home allows a trustee to sell the underlying property, it does so precisely by permitting the trustee to include in the estate the putatively transferred asset: the home.

[9]    The parties in this case have presented to us no issue regarding who is entitled to Traverse's post-petition payments. Absent a separate agreement to the contrary, avoidance and preservation of a security interest do not entitle the trustee to payments on the underlying debt. *In re Rubia,* 257 B.R. 324, 327 (10th Cir. BAP 2001), *aff'd,* 23 Fed.Appx. 968 (10th Cir.2001); *In re Trible,* 290 B.R. 838, 845 (Bankr.D.Kan.2003).

---

**End of Document**    © 2025 Thomson Reuters. No claim to original U.S. Government Works.

In re Carmichael, 439 B.R. 884 (2010)

64 Collier Bankr.Cas.2d 820

---

439 B.R. 884
United States Bankruptcy Court, D. Kansas.

In re Melinda Sue CARMICHAEL, Debtor.
Edward J. Nazar, Trustee, Plaintiff,
v.
Melinda Sue Carmichael, Matthew Milligan, and
Equity One, Inc., by Popular Mortgage Servicing,
Inc., Defendants.

Bankruptcy No. 06–10952.
|
Adversary No. 09–5291.
|
Sept. 21, 2010.

**Synopsis**
**Background:** Chapter 7 trustee brought action for
turnover and for sale of co-tenant's interest, seeking to
sell debtor's homestead to recover value of unperfected
lien on debtor's manufactured home that was previously
avoided and preserved for benefit of estate. Debtor moved
for summary judgment.

**Holdings:** The Bankruptcy Court, Dale L. Somers, J.,
held that:

[1] statute addressing trustee's sale of property in which
co-owners also had interest did not empower trustee to
sell exempt homestead property to recover value of
avoided lien on manufactured home located on property,
and

[2] irregularities in debtor's motion for summary judgment
did not warrant denial of motion.

Motion granted.

**Procedural Posture(s):** Motion for Summary Judgment.

West Headnotes (11)

**[1]** **Bankruptcy**⚷Encumbered property;  limited or
joint interests

Bankruptcy statute addressing trustee's sales of
property where co-owners also have interest in
property to be sold allows sale of estate's
interest and co-owner's interest in property only
when estate has an interest in property, such as
when the estate succeeds to debtor's partial
interest. 11 U.S.C.A. § 363(h).

1 Case that cites this headnote

**[2]** **Bankruptcy**⚷Operation and effect

Once property has come into bankruptcy estate,
debtor is entitled to claim exemptions in such
property permitted by the Bankruptcy Code. 11
U.S.C.A. § 541(a).

**[3]** **Bankruptcy**⚷Exemptions
**Bankruptcy**⚷Operation and effect

An "exemption" is an interest withdrawn from
the bankruptcy estate for the benefit of the
debtor.

**[4]** **Bankruptcy**⚷Time

Property that Chapter 7 debtor had claimed as
her exempt homestead was not estate property,
given absence of objection to claimed
exemption. 11 U.S.C.A. § 522(l).

**In re Carmichael, 439 B.R. 884 (2010)**

64 Collier Bankr.Cas.2d 820

**[5]**    **Bankruptcy**⚖️**Operation and effect**

Where debtor's interest in property is exempted, the bankruptcy estate no longer has an interest that it may sell. 11 U.S.C.A. § 363.

1 Case that cites this headnote

**[6]**    **Bankruptcy**⚖️**Adequate protection; sale free of liens**

Chapter 13 debtor may not sell exempt homestead property, which is not estate property, under statute permitting sale of estate property free and clear of any interest in property of entity other than estate. 11 U.S.C.A. § 363(f).

**[7]**    **Bankruptcy**⚖️**Encumbered property; limited or joint interests**

Statute addressing trustee's sale of property in which co-owners also had interest did not empower Chapter 7 trustee to sell debtor's exempt homestead property to recover value of unperfected lien on manufactured home located on property, which had previously been avoided and preserved for benefit of estate. 11 U.S.C.A. § 363(h).

**[8]**    **Bankruptcy**⚖️**Preferences and fraudulent conveyances; avoided transfers**

When Chapter 7 trustee avoided lien granted by debtor in manufactured home, only the avoided lien became property of bankruptcy estate, and was the only property interest that trustee could

sell. 11 U.S.C.A. §§ 363(b), 541(a)(4).

1 Case that cites this headnote

**[9]**    **Bankruptcy**⚖️**Preservation of lien for benefit of estate**

Bankruptcy statute providing for automatic preservation of avoided transfer for the benefit of bankruptcy estate preserves only transfers and liens, and related ancillary rights held by the party whose lien has been avoided are not preserved for the benefit of the estate. 11 U.S.C.A. § 551.

**[10]**    **Bankruptcy**⚖️**Trustee as representative of debtor or creditors**

Upon lien avoidance, trustee receives only the bundle of rights given him by Congress in the Bankruptcy Code, the status of a holder of an unperfected lien. 11 U.S.C.A. § 551.

**[11]**    **Bankruptcy**⚖️**Judgment or Order**

Irregularities in Chapter 7 debtor's motion for summary judgment in trustee's action for turnover and for sale of co-tenant's interest in property, which did not comply with requirements of local rule, did not warrant denial of motion; facts material to resolution of issue of law presented by motion were uncontroverted and revealed in the record of proceeding, debtor's bankruptcy case, and related lien avoidance adversary proceeding, parties presented their legal arguments in straightforward manner, and procedural irregularities did not create impediment to

trustee's response to motion or to court's consideration of merits of motion. U.S.Dist.Ct.Rules D.Kan., Rule 56.1(a).

1 Case that cites this headnote

**Attorneys and Law Firms**

**\*885** James P. Rupper, Powell, Brewer & Reddick L.L.P., Wichita, KS, for Debtor.

Jeffrey W. Rockett, Redmond & Nazar, LLP, Wichita, KS, for Plaintiff.

January M. Bailey, Eron Law Office, P.A., Wichita, KS, for Defendants.

Matthew Milligan, pro se.

**MEMORANDUM OPINION AND ORDER GRANTING MELINDA SUE CARMICHAEL'S MOTION FOR SUMMARY JUDGMENT**

DALE L. SOMERS, Bankruptcy Judge.

The matter before the Court is Defendant–Debtor Melinda Sue Carmichael's **\*886** Motion for Summary Judgment on the Plaintiff–Trustee's Complaint for Turnover and Complaint for Sale of Co–Tenant's Interest, by which the Trustee seeks to sell the Debtor's homestead in an effort to recover the value of an unperfected lien in Debtor's manufactured home which was previously avoided and preserved for the benefit of the estate. The Plaintiff, Chapter 7 Trustee Edward J. Nazar, appears by Jeffrey W. Rockett of Redmond & Nazar, L.L.P. The Defendant–Debtor, Melinda Sue Carmichael, appears by January M. Bailey of the Eron Law Office, P.A. Defendant 21 Asset Management Holding, LLC, successor and assign of Defendant Popular Mortgage Servicing, Inc., appears by Steven M. Leigh of Martin, Leigh, Laws & Fritzlen, P.C. There are no other appearances. The Court has jurisdiction.[1] There is no filed objection to venue or jurisdiction over the parties, but the

Court finds no basis in the record for the exercise of jurisdiction over Defendant Matthew Milligan.[2]

**Findings of Fact.**

The material facts are established by the record in this proceeding, the main case, and the lien avoidance adversary proceeding. On May 25, 2005, Matthew Milligan, but not Debtor, executed an adjustable-rate note for $70,000 with lender Popular Financial Services, LLC, which note was later assigned to Equity One, Inc. It appeared in Debtor's bankruptcy case by Popular Mortgage Servicing, Inc., whose interest has now been assigned to 21 Asset Management Holding, LLC (for convenience, these four companies are hereafter referred to as "Lender"). The note was secured by a mortgage on property located at 10311 Lori Drive, Mulvane, Kansas (hereafter "Mortgaged Property"), executed by Matthew Milligan, Debtor Melinda Sue Carmichael, and Danny Carmichael, whom the Court believes is the husband of Debtor. The mortgage was properly recorded. The improvements on the Mortgaged Property included a 1999 Duchess Limited manufactured home (hereafter "Manufactured Home"), which is personal property under Kansas law. The lien in the personal property described in the mortgage was not perfected.

Debtor Melinda Sue Carmichael filed for relief under Chapter 7 on June 16, 2006. Her Schedule A includes her interest as joint tenant of the Mortgaged Property, with a value of $120,000 and subject to a secured claim of $70,000. The property is claimed as her exempt homestead on Schedule C. Schedule D includes the claim of Lender secured by the mortgage, and Schedule H lists Matthew Milligan as a codebtor as to Lender's claim.

On March 13, 2007, Lender filed a motion for relief from stay to foreclose its mortgage, alleging that the promissory note was in default.[3] On May 18, 2007, the Chapter 7 Trustee filed a Complaint for Avoidance of Non–Perfected Security Interest in the Manufactured Home, asserting that under Kansas law Lender's interest in Debtor's interest in the Manufactured **\*887** Home was not perfected on the date of filing.[4] An agreed journal entry and order was filed in the lien avoidance action on June 28, 2008,[5] finding that one-half[6] of Lender's lien interest in the Manufactured Home was avoided and preserved for the benefit of the estate. On August 1, 2008, an order granting Lender's motion for relief from stay was filed.[7] That order recites that one-half of Lender's lien in the Manufactured Home had been avoided and preserved for the benefit of the estate and allows Lender

to commence foreclosure proceedings in state court as to the Mortgaged Property, with the Trustee having an *in rem* defendant with respect to the avoided lien interest in the Manufactured Home.

On December 3, 2009, the Trustee filed his Complaint in the instant proceeding. The Complaint alleges that the Manufactured Home is titled in the names of Debtor and Matthew Milligan, and that Mr. Milligan claims a one-half interest in the home.[8] After alleging that he has successfully avoided the unperfected lien granted by Debtor to Lender in the Manufactured Home, the Trustee asserts that "[u]nder the provisions of 11 U.S.C. § 363(h),[9] the trustee is empowered and allowed to sell the co-tenant's interest in real property." The relief requested by the Trustee is stated in paragraph 14, as follows:

> The trustee requests the Court for an order of turnover, requiring the avoided interest be turned over to the trustee, that the Court order the sale of real property, including the interest of both the debtor and the co-tenant, that such order provide for the allocation of proceeds that the sale of co-tenant's interest will encompass the sale of 100% of the real property, including the real property interest secured to Equity One, Inc. Popular Mortgage Servicing, Inc. Upon the sale, the trustee will allocate the respective proceeds to the respective parties, including Equity One, Inc., Popular Mortgage Servicing, Inc. to the extent of the value of its interest, to the value of the interest of the co-tenant and to the bankruptcy estate.[10]

The relief sought is in accord with a proposed settlement agreement filed in the Trustee's lien avoidance action to which the Debtor objected.[11] That proposed agreement, which was not approved by the Court, provides in part:

> The Trustee will subsequently prepare and file a Complaint to Sell Homestead Pursuant to Fed. R. Bankr.P. 7001(3) and 11 U.S.C. § 363(h) by Agreement of the Trustee and Popular Mortgage [Lender] with service upon Melinda Sue **\*888** Carmichael and Matthew Milligan, co-owners of the homestead.[12]

Debtor, pro se, answered the Complaint.[13] She requested the Court to "deny any order for turnover or sale of the property." Included in the answer is the allegation that "Matthew Milligan is not mentioned on the title of the manufactured home, has NEVER been on the manufactured home title, was briefly on the property title of the land, but released any rights to this property." The answer also alleges that the real property "is owned by Melinda Carmichael and Daniel Carmichael who have lived on the property since 1997."[14] The Court therefore finds that there are controversies of fact as to who held

ownership interests in both the real and personal property interests of the Mortgaged Property on the date of filing and at the present time. However, the dispute is not material because, for the reasons stated below, the Court finds as a matter of law that the relief requested by the Trustee is not authorized by § 363(h).

Lender also answered the Complaint, praying that the relief sought by the Trustee be denied.[15] Among other things, Lender's answer asserts that: The Trustee has avoided only the lien in a one-half interest in the Manufactured Home; Lender retains a lien in the real property and a one-half interest in the manufactured home; and having obtained relief from stay, Lender is entitled to sell the real property and the Manufactured Home pursuant to non-bankruptcy law in a state court proceeding.

On June 30, 2010, Debtor, through counsel, filed a motion for summary judgment, contending that the Trustee has no legal basis to sell the property under § 363(h).[16] She asserts that judgment should be entered in her favor because the Trustee has failed to recognize that the estate's interest is limited to the avoided interest and since there was no objection to her claim of exemption of the Mortgaged Property as her homestead, it is no longer property of the estate. The Trustee responds[17] that the motion should be denied because it does not conform to the requirements of Federal Rule of Civil Procedure 56. Further, the Trustee asserts that the exemption of the homestead is irrelevant and because, upon avoidance of the mortgage lien on Debtor's interest in the Manufactured **\*889** Home, he stands in the shoes of the avoided lien holder, he has "every legal right to seek relief from the defendant as the party in possession of the real estate and the manufactured home."[18] Lender's response to the motion for summary judgment takes no position on the merits, asserting that because the motion seeks no relief from Lender, no response to the motion is required.[19]

## ANALYSIS AND CONCLUSIONS OF LAW.

The basis for Debtor's motion for summary judgment is the legal position that the estate's interest is limited to a one-half interest in the lien on the Manufactured Home and this interest is not sufficient to force a sale of the entire Mortgaged Property under § 363(h). The Court agrees.

[1] A trustee's power to sell estate property is addressed by § 363. Subsection (b) provides that, upon notice and

In re Carmichael, 439 B.R. 884 (2010)

64 Collier Bankr.Cas.2d 820

hearing, the Trustee may sell property of the estate other than in the ordinary course of business. The sale is this case is clearly not in the ordinary course. Subsection (c) provides for the Trustee to sell estate property in the ordinary course of business of the debtor without notice or hearing. Subsection 363(h) addresses sales under (b) and (c) when co-owners also have an interest in the property to be sold. It provides:

> (h) Notwithstanding subsection (f) of this section, the trustee may sell both the estate's interest, under subsection (b) or (c) of this section, and the interest of any co-owner in property in which the debtor had, at the time of the commencement of the case, an undivided interest as a tenant in common, joint tenant, or tenant by the entirety, only if—
>
> (1) partition in kind of such property among the estate and such co-owners is impracticable;
>
> (2) sale of the estate's undivided interest in such property would realize significantly less for the estate than sale of such property free of the interests of such co-owners;
>
> (3) the benefit to the estate of a sale of such property free of the interests of co-owners outweighs the detriment, if any, to such co-owners; and
>
> (4) such property is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light, or power.

The introductory phrase of § 363(h) defines the scope of the subsection by referring to the trustee's sale of property under § 363(b) and (c). As discussed above, both of these subsections provide for the sale of estate property. Therefore subsection (h) allows sale of the estate's interest and a co-owner's interest only when the estate has an interest in the property, such as when the estate succeeds to the debtor's partial interest.[20]

[2] [3] [4] [5] [6] When a case is commenced, the estate is comprised of all interests of the debtor in property.[21] However, once property has come into the estate, the debtor is entitled to claim those exemptions permitted by the Code. "An exemption is an interest withdrawn from the estate ... for the benefit of the debtor."[22] If an exemption **890 is claimed and there is not an objection, the exemption is allowed, and the property is no longer property of the estate.[23] In this case, Debtor claimed the Mortgaged Property as her exempt homestead. There was no objection. The Mortgaged Property is not property of

the estate. As stated by a leading commentator addressing sales under § 363(h), "where the debtor's interest is exempted, the estate no longer has an interest that it may sell."[24] Likewise, a Chapter 13 debtor may not sell her homestead under § 363(f).[25] "Since the [homestead] property is no longer property of the estate, § 363 in general and § 363(f) in particular are not applicable to the debtor's sale."[26]

[7] [8] Subsection 363(h) therefore does not empower the Trustee to sell the homestead property. The Trustee's argument in opposition to Debtor's motion for summary judgment that the exempt status of the homestead is irrelevant is misplaced. When the Trustee avoided the lien granted by Debtor in the Manufactured Home, the avoided lien and only the avoided lien became property of the estate under § 541(a)(4). The only property interest which the Trustee may sell under § 363(b) is the estate's one-half interest in the unperfected lien in the Manufactured Home. The Trustee has no authority under § 363(h) to sell the entire homestead as a method to realize the value of that avoided lien.[27]

[9] [10] The Trustee's problem, which he is attempting to solve by this adversary proceeding, is how to realize the value of the avoided lien for the benefit of creditors. The Court holds that the method chosen by the Trustee in this case is not authorized by the Code. It is the combined effect of the exemption of the homestead and the limited consequences of lien avoidance which create the difficulty. If the Mortgaged Property were not the exempt homestead, Debtor's interest on the Mortgaged Property, including the Manufactured Home, would be property of the estate and subject to sale by the Trustee under § 363(b). However, since Debtor's interest in the property the Trustee seeks to sell is Debtor's exempt homestead, § 363(b) does not authorize the sale and § 363(h) is unavailable. As to lien avoidance, under § 544, the Code provides the Trustee no specific remedies other than automatic lien preservation under § 551.[28] "Section 551 preserves only 'transfers' and 'liens.' Related ancillary rights held by the party whose lien has been avoided are not preserved for the benefit of the estate."[29] Hence, upon lien avoidance, the trustee "receives only the bundle of rights given him by Congress in the Bankruptcy **891 Code,"[30] the status of a holder of an unperfected lien.

The consequences of that status have been frequently litigated. In the Tenth Circuit, the leading case as to the trustee's rights following lien avoidance is *Haberman*.[31] The trustee in *Haberman* contended that upon avoidance pursuant to § 544 of an unperfected lien in a vehicle, he was entitled to all of the rights of the creditor whose lien had been avoided, including the right to enforce the

debtor's contractual promises to the creditor. The Tenth Circuit rejected this position. The court held the trustee is entitled to only the "same rights in the collateralized property that the original lender enjoyed,"[32] and these rights do not include contractual promises to future payments.[33] Before *Haberman* was decided, the Tenth Circuit BAP in *Rubia*[34] considered the consequences of the Chapter 7 trustee's avoidance of a preferential perfection of a lien in a motor vehicle. It held that the fact of avoidance does not entitle the trustee to collect postpetition loan payments from the debtor and that the value of the estate's lien interest is the value of the creditor's lien on the petition date. It is measured by the value of the collateral, but is limited by the amount of the debtor's debt to the creditor on the petition date. The *Rubia* court expressly did "not explain how the estate realizes its claim against" the collateral.[35] The bankruptcy courts in this district have held that the trustee is not permitted to enforce the estate's lien by foreclosure if the debtors have not defaulted on an agreement to pay the lien amount to the trustee.[36] Granting the Trustee the relief he seeks under § 363(h) would be similar to allowing foreclosure.

The result of these rulings applied to the facts of this case illustrates that avoidance under § 544 of a lien in exempt property based upon failure to perfect under applicable state law may operate, at least during the bankruptcy case, to benefit primarily the debtor. Since the transfer of the lien in the Manufactured Home by Debtor to Lender has been avoided, the value of Lender's secured claim is reduced by the value of the avoided lien, and Debtor may be entitled to discharge of the unsecured portion of Lender's claim.[37] The Trustee holds an unperfected lien in the Manufactured Home, but there is no readily available means to realize that value. Although this result may not have been intended by Congress, it is Congress that must provide a remedy.

In the circumstances of this case, the Trustee appears to have at least three alternatives, none of which include sale under § 363(h). First, the Trustee could sell the estate's lien interest to a third party, such as Lender or another entity. Second, the Trustee could enter into an **\*892** agreement with Debtor for release of the lien upon receipt of a lump sum or periodic payments. Third, the Trustee could await foreclosure by Lender, during which process the estate would receive the value of its interest.

For the foregoing reasons, the Court holds as a matter of

law that the Trustee may not sell the Mortgaged Property pursuant to § 363(h).

**[11]** The Trustee also opposes the Motion for Summary Judgment on the ground that the memorandum in support does not comply with District of Kansas Local Rule 56.1,[38] which provides in part:

> The memorandum or brief in support of a motion for summary judgment must begin with a section that contains a concise statement of material facts as to which the movant contends no genuine issue exists. The facts must be numbered and refer with particularity to those portions of the record upon which movant relies.

The Trustee argues that Debtor's memorandum does not include a separate statement of facts and argument is mingled with facts. The Court agrees that the memorandum does not conform to the rule, but rejects the irregularities as a basis to deny the motion. The only facts which are material to resolution of the issue of law presented by the motion are uncontroverted and revealed in the record in this proceeding, Debtor's bankruptcy case, and the related lien avoidance adversary proceeding. The parties have presented their legal arguments in a straightforward manner. The procedural irregularities did not create an impediment to the Trustee's response to the motion or the Court's consideration of the merits of the motion.

The Court therefore grants Debtor's Motion for Summary Judgment on the Plaintiff–Trustee's Complaint for Turnover and Complaint for Sale of Co–Tenant's Interest.

The foregoing constitute Findings of Fact and Conclusions of Law under Rule 7052 of the Federal Rules of Bankruptcy Procedure which makes Rule 52(a) of the Federal Rules of Civil Procedure applicable to this matter. A judgment based upon this ruling will be entered on a separate document as required by Federal Rule of Bankruptcy Procedure 7058 and Federal Rule of Civil Procedure 58.

**IT IS SO ORDERED.**

**All Citations**

439 B.R. 884, 64 Collier Bankr.Cas.2d 820

---

**Footnotes**

*In re Carmichael, 439 B.R. 884 (2010)*

64 Collier Bankr.Cas.2d 820

---

[1]    This Court has jurisdiction over the parties and the subject matter pursuant to 28 U.S.C. §§ 157(a) and 1334(a) and (b), and the Standing Order of the United States District Court for the District of Kansas that exercised authority conferred by § 157(a) to refer to the District's bankruptcy judges all matters under the Bankruptcy Code and all proceedings arising under the Code or arising in or related to a case under the Code, effective July 10, 1984. Furthermore, this Court may hear and finally adjudicate this matter because it is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(E) and (N).

[2]    A review of the docket sheet does not show service on Defendant Matthew Milligan, and he has not appeared in this action.

[3]    Doc. 23.

[4]    *Nazar v. Equity One, Inc.,* Case no. 06–10952, Adv. no. 07–5176, doc. 1 (Bankr.D.Kan. May 18, 2007) (hereafter cited as *Lien Avoidance Action,* Adv. no. 07–5176).

[5]    *Id.,* doc. 34.

[6]    The Trustee appears to have assumed that Debtor owned a one-half interest in the Mortgaged Property. The record does not include evidence supporting this position.

[7]    Doc. 70.

[8]    There is indication in the body of the Complaint, paragraph 10, that the Trustee intended to join Debtor's "former spouse, Danny Carmichael," as a defendant, but he is not named in the caption and the record does not indicate that a summons was issued to him.

[9]    Future references in the text to Title 11 of the United States Code shall be to the section number only.

[10]    Doc. 1.

[11]    *Lien Avoidance Action,* Adv. no. 07–5176, doc. 22 (Proposed settlement agreement between Lender and Trustee) and doc. 24 (Debtor's objection).

---

[12]  *Id.,* doc. 22. The proposed settlement agreement also provides:

(d) Popular assents to the Trustee selling the entire homestead constituting the Debtor's and non-Debtor's entire interests (real property and improvements) pursuant to 11 U.S.C. § 363(h);

(e) the Trustee will by a complaint pursuant to Fed. R. Bankr.P. 7001(3) and 11 U.S.C. § 363(h) sell the Debtor's and non-Debtor co-tenant's interests in the homestead;

(f) the parties will divide the proceeds of such sale by initially deducting from the gross proceeds the Trustee's fees and costs for selling the homestead, then allocating 16.2834% of the after costs proceeds to Popular for the value of the real property portion of the homestead, and then finally dividing the remaining proceeds between the Trustee and Popular for the value of the improvement portion of the homestead;

(g) any net proceeds remaining after satisfying the lien interests between the Trustee and Popular will be held pending further order of the Court.

[13]  Doc. 5.

[14]  *See also Lien Avoidance Action,* Adv. no. 07–5176, doc. 24 (Debtor's Objection to Proposed Settlement Agreement between Trustee and Popular Mortgage Services, Inc., stating, "Matt Milligan transferred by Quit Claim deed his interest to Mrs. Carmichael on March 31, 2008.").

[15]  Doc. 7.

[16]  Doc. 27.

[17]  Doc. 30.

[18]  *Id.,* p. 5.

[19]  Doc. 34.

[20]  3 *Collier on Bankruptcy* ¶ 363.08[3] (Alan N. Resnick & Henry J. Sommer, eds.-in-chief, 16th ed. 2010).

[21]  11 U.S.C. § 541(a).

In re Carmichael, 439 B.R. 884 (2010)

64 Collier Bankr.Cas.2d 820

22    *Owen v. Owen,* 500 U.S. 305, 308, 111 S.Ct. 1833, 114 L.Ed.2d 350 (1991).

23    11 U.S.C. § 522(*l* ).

24    3 *Collier on Bankruptcy* ¶ 363.08.

25    *In re Penniston,* 206 B.R. 948, 949 (Bankr.D.Minn.1997).

26    *Id.*

27    In so holding, the Court leaves for another day the question whether the Trustee under 11 U.S.C. § 363(h) could sell the entire lien interest in the Manufactured Home, including the Lender's remaining one-half interest. The Trustee is not seeking this relief.

28    As to some avoided transfers, § 551 permits the recovery of property or a judgment against the transferee of the avoided transfer, but the Tenth Circuit has held that the § 550 remedy is available in the court's discretion only when preservation of the lien is inadequate to restore the estate. *Rodriguez v. Drive Financial Services, L.P. (In re Trout),* 609 F.3d 1106 (10th Cir.2010).

29    5 *Collier on Bankruptcy* § 551.02.

30    *Morris v. St. John Nat. Bank (In re Haberman),* 516 F.3d 1207, 1212 (10th Cir.2008).

31    *Id.*

32    *Id.* at 1210.

33    *Id.* at 1211.

34    *Morris v. Vulcan Chemical Credit Union (In re Rubia),* 257 B.R. 324 (10th Cir. BAP 2001).

35    *Id.* at 328, n. 5.

36    *See Morris v. Citifinancial (In re Trible),* 290 B.R. 838, 846 (Bankr.D.Kan.2003) (stating that the calculation of the value of the estate's avoided lien in a mobile home "should in some manner reflect what the estate would recover if

**In re Carmichael, 439 B.R. 884 (2010)**

64 Collier Bankr.Cas.2d 820

it were legally permitted to enforce its lien by foreclosure"); *Morris v. Becker (In re Becker),* Case no. 99–14430, Adv. no. 04–5101, Memorandum and Order on Trustee's Complaint to Determine Rights Following Lien Avoidance, at note 10 (Bankr. D. Kan. June 2, 2005).

37  *See Rubia,* 257 B.R. at 327.

38  D. Kan. Rule 56.1(a) (2010).

---

**End of Document**                                        © 2025 Thomson Reuters. No claim to original U.S. Government Works.

---

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

2973 Harbor Blvd. #506, Costa Mesa, CA 92626

A true and correct copy of the foregoing document entitled (*specify*):

**DEBTOR'S COMPENDIUM OF OUT OF CIRCUIT CASES RE SALE MOTION**

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) March 25, 2025, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

See Attached

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| March 25, 2025 | Christopher L. Blank | /S/Christopher L. Blank |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

## <u>SERVICE LIST</u>

**8:21-bk-11710-SC Notice will be electronically mailed to:**

Bradford Barnhardt on behalf of Creditor Houser Bros. Co. dba Rancho Del Rey Mobile Home
Estates
bbarnhardt@marshackhays.com, bbarnhardt@ecf.courtdrive.com,alinares@ecf.courtdrive.com

Bradford Barnhardt on behalf of Interested Party Courtesy NEF
bbarnhardt@marshackhays.com, bbarnhardt@ecf.courtdrive.com,alinares@ecf.courtdrive.com

Bradford Barnhardt on behalf of Plaintiff Houser Bros. Co.
bbarnhardt@marshackhays.com, bbarnhardt@ecf.courtdrive.com,alinares@ecf.courtdrive.com

Christopher L Blank on behalf of Attorney Christopher L. Blank, Attorney at Law, PC
chris@chrisblanklaw.com

Christopher L Blank on behalf of Debtor Jamie Lynn Gallian
chris@chrisblanklaw.com

Aaron E. De Leest on behalf of Plaintiff Jeffrey I. Golden
adeleest@marshackhays.com, adeleest@marshackhays.com,alinares@ecf.courtdrive.com

Aaron E. De Leest on behalf of Trustee Jeffrey I Golden (TR)
adeleest@marshackhays.com, adeleest@marshackhays.com,alinares@ecf.courtdrive.com

Robert P Goe on behalf of Creditor The Huntington Beach Gables Homeowners Association
kmurphy@goeforlaw.com,
rgoe@goeforlaw.com;goeforecf@gmail.com;Goe.RobertP.R@notify.bestcase.com;ajohnston@goef
orlaw.com

Robert P Goe on behalf of Interested Party The Huntington Beach Gables Homeowners Association
kmurphy@goeforlaw.com,
rgoe@goeforlaw.com;goeforecf@gmail.com;Goe.RobertP.R@notify.bestcase.com;ajohnston@goef
orlaw.com

Robert P Goe on behalf of Plaintiff The Huntington Beach Gables Homeowners Association
kmurphy@goeforlaw.com,
rgoe@goeforlaw.com;goeforecf@gmail.com;Goe.RobertP.R@notify.bestcase.com;ajohnston@goef
orlaw.com

Jeffrey I Golden (TR)
lwerner@go2.law, jig@trustesolutions.net;kadele@go2.law;C205@ecfcbis.com

D Edward Hays on behalf of Creditor Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates
ehays@marshackhays.com,
ehays@ecf.courtdrive.com;alinares@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendo
za@ecf.courtdrive.com

D Edward Hays on behalf of Interested Party Courtesy NEF
ehays@marshackhays.com,
ehays@ecf.courtdrive.com;alinares@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendo
za@ecf.courtdrive.com

D Edward Hays on behalf of Plaintiff Houser Bros. Co.
ehays@marshackhays.com,
ehays@ecf.courtdrive.com;alinares@ecf.courtdrive.com;cmendoza@marshackhays.com;cmendo
za@ecf.courtdrive.com

Brandon J. Iskander on behalf of Creditor The Huntington Beach Gables Homeowners Association
biskander@goeforlaw.com, kmurphy@goeforlaw.com

Brandon J. Iskander on behalf of Plaintiff The Huntington Beach Gables Homeowners Association
biskander@goeforlaw.com, kmurphy@goeforlaw.com

Eric P Israel on behalf of Trustee Jeffrey I Golden (TR)
epi@lnbyg.com, danninggill@gmail.com;eisrael@ecf.inforuptcy.com

Eric P Israel on behalf of Trustee Jeffrey I Golden (TR)
epi@lnbyg.com, danninggill@gmail.com;eisrael@ecf.inforuptcy.com

Shantal Malmed on behalf of Interested Party Courtesy NEF
, cheryl.caldwell@gmlaw.com

Shantal Malmed on behalf of Plaintiff Jeffrey I. Golden
shantal.malmed@gmlaw.com, cheryl.caldwell@gmlaw.com

Shantal Malmed on behalf of Trustee Jeffrey I Golden (TR)
shantal.malmed@gmlaw.com, cheryl.caldwell@gmlaw.com

Laila Masud on behalf of Creditor Houser Bros. Co. dba Rancho Del Rey Mobile Home Estates
lmasud@marshackhays.com,
lmasud@ecf.courtdrive.com;lbuchanan@marshackhays.com;alinares@ecf.courtdrive.com

Laila Masud on behalf of Interested Party Courtesy NEF
lmasud@marshackhays.com,
lmasud@ecf.courtdrive.com;lbuchanan@marshackhays.com;alinares@ecf.courtdrive.com

Laila Masud on behalf of Plaintiff Houser Bros. Co.
lmasud@marshackhays.com,
lmasud@ecf.courtdrive.com;lbuchanan@marshackhays.com;alinares@ecf.courtdrive.com

Mark A Mellor on behalf of Defendant Randall L Nickel
mail@mellorlawfirm.com, mellormr79158@notify.bestcase.com

Mark A Mellor on behalf of Interested Party Courtesy NEF

mail@mellorlawfirm.com, mellormr79158@notify.bestcase.com

Valerie Smith on behalf of Interested Party Courtesy NEF
claims@recoverycorp.com

United States Trustee (SA)
ustpregion16.sa.ecf@usdoj.gov

**8:21-bk-11710-SC Notice will not be electronically mailed to:**

Greg Bingham
Coldwell Banker Residential
840 Newport Center Dr Ste 100
Newport Beach, CA 92660

Coldwell Banker Realty
840 Newport Center Dr Ste 100
Newport Beach, CA

William Friedman
Coldwell Banker Realty
840 Newport Center Dr Ste 100
Newport Beach, CA 92660

Janine Jasso
PO Box 370161
El Paso, CA 79937

Michael D Poole on behalf of Creditor The Huntington Beach Gables Homeowners Association
Feldsott & Lee, ALC
23161 Mill Creek Dr Ste 300
Laguna Hills, CA 92653

Michael D Poole on behalf of Plaintiff The Huntington Beach Gables Homeowners Association
Feldsott & Lee
23161 Mill Creek Dr Ste 300
Laguna Hills, CA 92653