

FILED & ENTERED

MAR 28 2025

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bolte        DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SANTA ANA DIVISION

In re:

Jamie Lynn Gallian,

Debtor(s).

Case No.: 8:21-bk-11710-SC

CHAPTER 7

**ORDER RE: ESTABLISHING EVIDENTIARY HEARING FOR INTERESTED PARTIES TO PROVIDE FURTHER EVIDENCE IN SUPPORT AND OPPOSITION TO A DETERMINATION OF A SECTION 363(M) FINDING WITH RESPECT TO THE SUCCESSFUL BUYER OF MANUFACTURED HOME CURRENTLY LOCATED AT 16222 MONTEREY LANE, SPACE 376, HUNTINGTON BEACH, CA 92649, DECAL NO. LBM1081**

**IN PERSON APPEARANCES ONLY**
**NO REMOTE HEARING**

Date:  April 10, 2025
Time:  9:30 a.m.
Courtroom:  5C

On March 27, 2025, at 11:00 am, the Court held a continued hearing to permit

the Chapter 7 Trustee to conduct an auction with reference to the Trustee's Motion To

Authorize Sale of Manufactured Home Currently Located at 16222 Monterey Lane, Space 376, Huntington Beach, CA 92649, Decal No. LBM1081, Free And Clear Of Liens And Homestead Exemption filed January 31, 2025 [Dk. 539] ("Sale Motion"). The auction was conducted by the Chapter 7 Trustee on that date and time.

Upon the Trustee's request for the finding of good faith of the successful buyer under section 363(m),[1] Counsel for the Debtor objected to a finding of good faith and requested that Debtor be permitted to supplement the record and be provided with an opportunity to submit evidence that the buyer is not a good faith purchaser under that provision of the Bankruptcy Code.

While the Court was hesitant to delay the sales process further, the Court permitted Debtor to file and serve additional briefing and evidence in support of her contention that the successful buyer is not one in good faith. The Court now considers that it provided too little time for Debtor to prepare and present evidence in support of her position that the successful buyer is not a good faith purchaser.

The Court finds good cause, in the interest of the bankruptcy process, to permit any party, including Debtor, additional time to further address their positions and present evidence on this particular subject on the record.

The Ninth Circuit Bankruptcy Appellate Panel has held that "[w]hile a finding of 'good faith' is not an essential element for approval of a sale under section 363(b), such a determination becomes important with respect to potential mootness when an appeal is taken from the order authorizing the sale." *Fitzgerald v. Ninn Worx SR, Inc. (In re Fitzgerald), 428 B.R. 872, 880-81* (9th Cir. BAP 2010) (citing *Thomas v. Namba (In re Thomas)*, 287 B.R. 782, 785 (9th Cir. BAP 2002)).

The BAP in *Fitzgerald* continues, "[t]he boilerplate 'good faith' finding in the Sale Order does not suffice under section 363(m), and the bankruptcy court should not have

---

[1] A bankruptcy court does not abuse its discretion in approving the sale of the property pursuant to 11 U.S.C.S. § 363 because the bankruptcy court may find that the property had been adequately marketed and the sale was proposed and negotiated in good faith and at arm's length and was in the best interests of the estate and its creditors. *Baroni v. Seror (In re Baroni),* 2021 Bankr. LEXIS 1896, *1 (9th Cir. BAP 2021).

signed such an order without an evidentiary foundation. *Id*. at 881 (citing *T.C. Investors v. Joseph (In re M Capital Corp.),* 290 B.R. 743, 752 (9th Cir. BAP 2003)). "'Unless and until 'good faith' has been determined, the appeal is not moot under section 363(m).'" *Id*. (citing *In re Thomas*, 287 B.R. at 785).

In order to allow an appellate court to determine conclusively the mootness of any appeal, the record of the bankruptcy court must be very clear.

> Under § 363(m), when a "sale of assets is made to a good faith purchaser, it may not be modified or set aside unless the sale was stayed pending appeal." *Paulman v. Gateway Venture Partners III, LP (In re Filtercorp, Inc.),* 163 F.3d 570, 576 (9th Cir. 1998); 11 U.S.C. § 363(m). An "[a]bsence of good faith is 'typically shown by fraud, collusion between the purchaser and other bidders or the trustee, or an attempt to take grossly unfair advantage of other bidders.'" *Adeli v. Barclay (In re Berkeley Del. Court, LLC),* 834 F.3d 1036, 1041 (9th Cir. 2016) (quoting *Paulman v. Gateway Venture Partners III, L.P. (In re Filtercorp, Inc.),* 163 F.3d 570, 577 (9th Cir. 1998)). And the relevant focus of inquiry is good faith during the course of the sale proceedings. *Cmty. Thrift & Loan v. Suchy (In re Suchy),* 786 F.2d 900, 902 (9th Cir. 1985).

*Lind v. Spacone (In re Lind),* 2019 Bankr. LEXIS 2052, *7-8 (9th Cir. BAP 2019).

For this reason, the Court hereby sets an evidentiary hearing on the matter of the request for a section 363(m) finding on April 10, 2025, at 1:30 pm in Courtroom 5C. The hearing shall be in person only and no remote hearing opportunities will be afforded to the parties or witnesses. The briefing schedule shall be as follows:

1) The evidentiary hearing will be held on April 10, 2025, at 9:30 a.m. in Courtroom 5C.

2) An evidentiary hearing brief shall be filed and served by all parties opposing the Trustee's request for a section 363(m) good faith finding by April 4, 2025.[2] The evidentiary hearing brief shall contain all legal and factual arguments of the presenting party, a list of all witnesses to be presented at the hearing with a summary of each witnesses' proposed testimony, and copies of all

---

[2] The Court's prior ruling issued at the March 27, 2025, hearing that supplemental pleadings in opposition by Debtor are due April 1, 2025, is vacated and superseded by the provisions of this order.

proposed documents to be introduced into evidence affixed to supporting sworn declarations. The Court shall also consider the previous evidence submitted by the proponent of the section 363(m) good faith finding, which should be addressed by the opposing party.

3) Any brief(s) in reply to the opposition(s) may be filed and served by no later than April 8, 2025. Any reply brief(s) shall contain the same legal and factual arguments, witness identification (with summary of testimony), and documents, as set out in paragraph 2, above. The brief(s) in reply may reference or repeat any earlier evidence of arguments presented.

4) If any witness to be presented by any party is not physically present in Courtroom 5C on April 10, 2025, at 9:30 a.m., their declaration, and any evidence attached thereto, will be stricken.

5) No further briefing shall be filed without good cause shown and without separate written application for leave to file further pleadings. The failure to adhere to the foregoing will result in the pleading being stricken.

6) Any untimely filed pleading will be stricken.

7) The parties are cautioned that the evidentiary hearing is expressly limited to the issue of whether a section 363(m) good faith finding can be made as to the successful bidder of the Property, Mr. Peplin.

**IT IS SO ORDERED.**

Date: March 28, 2025

Scott C. Clarkson
United States Bankruptcy Judge